# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Proposed Defendant- | § | |
| Intervenors. | § | |

**[PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, BY [PROPOSED] DEFENDANT-INTERVENORS KARLA PEREZ, MARIA ROCHA, JOSE, MAGAÑA-SALGADO, NANCI J. PALACIOS GODINEZ, ELLY MARISOL ESTRADA, KARINA RUIZ DE DIAZ, CARLOS AGUILAR GONZALEZ, KARLA LOPEZ, LUIS A. RAFAEL, DARWIN VELASQUEZ, JIN PARK, OSCAR ALVAREZ, NANCY ADOSSI, DENISE ROMERO, PRATISHTHA KHANNA, JUNG WOO KIM, ANGEL SILVA, MOSES KAMAU CHEGE, HYO-WON JEON, ELIZABETH DIAZ, MARIA DIAZ, AND BLANCA GONZALEZ**

1

Proposed Defendant-Intervenors Karla Perez, Maria Rocha, Jose, Magaña-Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-Intervenors"), for themselves alone and no other, answer the Complaint for Declaratory and Injunctive Relief of Plaintiffs the State of Texas; the State of Alabama; the State of Arkansas; the State of Louisiana; the State of Nebraska; the State of South Carolina; and the State of West Virginia (collectively, "Plaintiffs") as follows:

1.      The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 1, except as follows:  Defendant-Intervenors admit that, in 2012 and in 2014, the Obama Administration announced a series of Department of Homeland Security initiatives pertaining to federal immigration law.

2.      The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 2, except that the Fifth Circuit upheld this Court's preliminary injunction in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), which speaks for itself.

3.      The allegations contained in Paragraph 3 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is

necessary, Defendant-Intervenors deny each and every allegation in Paragraph 3, except that, in June 2017, after the Supreme Court's ruling, Elaine C. Duke, then Acting Secretary of the U.S. Department of Homeland Security, purported to rescind prospectively a series of Department of Homeland Security initiatives pertaining to federal immigration law.

4.      The allegations contained in Paragraph 4 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 4, except that, in June 2017, Plaintiffs wrote United States Attorney General Jeff Sessions the letter attached to the Complaint as Exhibit 6, which speaks for itself.

5.      The allegations contained in Paragraph 5 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 5, except as follows:  Defendant-Intervenors admit that, on September 5, 2017, Elaine C. Duke, then Acting Secretary of the U.S. Department of Homeland Security, issued a memorandum purporting to rescind prospectively a series of Department of Homeland Security initiatives pertaining to federal immigration law, and that Plaintiffs voluntarily dismissed their lawsuit *State of Texas, et al. v. United States, et al.*, No. 1:14-cv-254 in this Court.

6.      The allegations contained in Paragraph 6 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 6, except as follows:  Defendant-Intervenors admit that the guidance issued by the Department of Homeland Security for case-by-case grants of deferred action with respect to those who came to the United States as children, commonly referred to as "DACA," remains in force, and that, in January

3

2018, a California district court issued a preliminary injunction in *Regents of University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018), which speaks for itself.

7.      The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 7, except that, on April 24, 2018, a District of Columbia federal district court issued a preliminary injunction in *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), which speaks for itself.

8.      The allegations contained in Paragraph 8 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 8, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegation that Plaintiffs abided DACA while the controlling legal issues were decided in prior litigation and while the Executive reweighed DACA's legality.

9.      The allegations contained in Paragraph 9 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 9.

10.      The allegations contained in Paragraph 10 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 10.

11.      The allegations contained in Paragraph 11 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 11.

12.     The allegations contained in Paragraph 12 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 12, except that Plaintiffs seek declaratory and injunctive relief.

13.     The allegations contained in Paragraph 13 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 13, except as follows:  Defendant-Intervenors aver that memoranda issued by the Department of Homeland Security speak for themselves; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to whether the stated numbers are accurate.

14.     The allegations contained in Paragraph 14 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 14.

15.     The allegations contained in Paragraph 15 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 15 except that the referenced press release speaks for itself.

16.     The allegations contained in Paragraph 16 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 16 except as follows:  Defendant-Intervenors aver that they are without sufficient information or

knowledge to form a belief as to the allegation regarding what remedy Plaintiffs are amenable to.

## JURISDICTION AND VENUE

17.      The allegations contained in Paragraph 17 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 17, and specifically deny that this Court has subject matter jurisdiction over Plaintiffs' suit.

18.      The allegations contained in Paragraph 18 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 18, except as follows:  Defendant-Intervenors admit that the State of Texas is a resident of this judicial district.

19.       The allegations contained in Paragraph 19 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 19, and specifically deny that this Court has authorization to award declaratory and injunctive relief to Plaintiffs in this suit.

## THE PARTIES

20.      Defendant-Intervenors admit that the entities and persons listed in Paragraph 20 are the Plaintiffs.

21.      The allegations contained in Paragraph 21 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 21, except that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

22.     Defendant-Intervenors admit that Plaintiffs have purported to bring suit against Defendant United States of America under the Administrative Procedure Act ("APA").

23.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 23 of the Complaint and on that basis deny each and every such allegation, except as follows:  Defendant-Intervenors admit that Kirstjen M. Nielsen is the Secretary of the U.S. Department of Homeland Security ("DHS), and Defendant-Intervenors admit that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") are agencies within DHS.

24.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 24 of the Complaint, except as follows:  Defendant-Intervenors admit that Kevin K. McAleenan is the Commissioner of CBP.

25.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 25 of the Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required. However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 25.

26.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 26 of the Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required. However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 26 except as follows:  Defendant-Intervenors admit that L. Francis

Cissna is the Director of USCIS.

27.      The allegations contained in Paragraph 27 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

## FACTUAL BACKGROUND

## I.      Allegations Regarding Statutory Framework

28.      The allegations contained in Paragraph 28 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 28, except that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

29.      The allegations contained in Paragraph 29 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 29, except that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

30.      The allegations contained in Paragraph 30 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 30, except that Title 8 of the United States Code and *Arizona v. United States*, 567 U.S. 387 (2012), speak for themselves.

31.      The allegations contained in Paragraph 31 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 31,

except that the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.* and *Arizona v. United States*, 567 U.S. 387 (2012), speak for themselves.

32.      The allegations contained in Paragraph 32 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 32, except that statutory provisions and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

33.      The allegations contained in Paragraph 33 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 33, except that the Immigration Reform and Control Act of 1986 ("IRCA") and *Arizona v. United States*, 567 U.S. 387 (2012), speak for themselves.

34.      The allegations contained in Paragraph 34 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 34, except that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), and the Congressional Record, speak for themselves.

35.      The allegations contained in Paragraph 35 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 35.

36.      The allegations contained in Paragraph 36 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 36, except that statutory provisions speak for themselves.

37.     The allegations contained in Paragraph 37 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 37, except that statutory provisions speak for themselves.

38.     The allegations contained in Paragraph 38 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 38, except that 8 U.S.C. § 1611(b)(2) speaks for itself.

39.     The allegations contained in Paragraph 39 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 39, except that 8 U.S.C. § 1611(b)(3) speaks for itself.

40.     The allegations contained in Paragraph 40 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 40, except that PRWORA and 8 U.S.C. § 1611(b)(4) speak for themselves.

41.     The allegations contained in Paragraph 41 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 41, except that IIRIRA and 8 U.S.C. § 1182(a)(9)(B)(i) speak for themselves.

42.     The allegations contained in Paragraph 42 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 42, except that 26 U.S.C. § 32 speaks for itself.

## II.     Allegations Regarding the DREAM Act

43.     Defendant-Intervenors admit the allegations stated in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 44, except as follows:  Defendant-Intervenors admit that the listed bills were introduced in Congress.

45.     The allegations contained in Paragraph 45 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 45, except that the bills listed in Paragraph 44 speak for themselves.

46.     The allegations contained in Paragraph 46 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 46, except as follows:  Defendant-Intervenors admit that Congress did not enact any of the bills listed in Paragraph 44.

47.     The allegations contained in Paragraph 47 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 47.

48.     The allegations contained in Paragraph 48 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 48.

49.     The allegations contained in Paragraph 49 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 49, except as follows:  Defendant-Intervenors aver that President Obama's past statements speak for themselves.

50.     The allegations contained in Paragraph 50 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 50, except as follows:  Defendant-Intervenors aver that President Obama's past statements speak for themselves.

51.     The allegations contained in Paragraph 51 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 51, except as follows:  Defendant-Intervenors admit that Congress did not enact any of the bills listed in Paragraph 44.

**III.     Allegations Regarding the Obama Administration and DACA**

52.     The allegations contained in Paragraph 52 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 52, except as follows:  Defendant-Intervenors admit that, On June 15, 2012, former President Obama's Secretary of Homeland Security Napolitano issued the guidance in the document

attached to the Complaint as Exhibit 1, which speaks for itself.

53.     The allegations contained in Paragraph 53 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 53.

54.     The allegations contained in Paragraph 54 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 54, except that the document attached to the Complaint as Exhibit 1 speaks for itself.

55.     The allegations contained in Paragraph 55 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 55, except that the document attached to the Complaint as Exhibit 1 speaks for itself.

56.     The allegations contained in Paragraph 56 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 56, except that the document attached to the Complaint as Exhibit 1 speaks for itself.

57.     The allegations contained in Paragraph 57 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 57, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 1 speaks for itself; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegation that DACA's criteria would cover approximately 1.7 million individuals.

58.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 58 of the Complaint.

59.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 60, except that the referenced USCIS document speaks for itself.

61.     The allegations contained in Paragraph 61 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 61, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

62.     The allegations contained in Paragraph 62 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 62, except that the referenced USCIS document speaks for itself.

63.     The allegations contained in Paragraph 63 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 63, except that the referenced USCIS document speaks for itself.

64.     The allegations contained in Paragraph 64 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

14

pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 64, except as follows:  Defendant-Intervenors aver that DACA recipients are hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors admit that, in 2014, former DHS Secretary Johnson issued the guidance in the document attached to the Complaint as Exhibit 3, which speaks for itself.

65.    The allegations contained in Paragraph 65 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 65, except that the referenced brief speaks for itself.

66.    The allegations contained in Paragraph 66 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 66, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

67.    The allegations contained in Paragraph 67 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 67, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

68.    The allegations contained in Paragraph 68 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 68, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself.

69.     The allegations contained in Paragraph 69 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 69, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1229a(c)(2)(B) speaks for itself.

70.     The allegations contained in Paragraph 70 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 70, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself and that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

71.     The allegations contained in Paragraph 71 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 71, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1182(a)(6)(A)(i) speaks for itself and that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the Executive's position.

72.     The allegations contained in Paragraph 72 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 72, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

73.     The allegations contained in Paragraph 73 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 73, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

74.      The allegations contained in Paragraph 74 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 74, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

75.      The allegations contained in Paragraph 75 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 75, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1182(a)(9)(B) speaks for itself and that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

76.      The allegations contained in Paragraph 76 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 76, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

77.      The allegations contained in Paragraph 77 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 77,

except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

78.      The allegations contained in Paragraph 78 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 78, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the United States' prior statements.

79.      Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to allegations in Paragraph 79 of the Complaint.

80.      The allegations contained in Paragraph 80 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 78, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself and that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

81.      The allegations contained in Paragraph 81 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 81, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

82.      Defendant-Intervenors aver that they are without sufficient information or

18

knowledge to form a belief as to allegations in Paragraph 82 of the Complaint.

83.      The allegations contained in Paragraph 83 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 81, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to any estimates purportedly made by the Joint Committee on Taxation.

84.      The allegations contained in Paragraph 84 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 84, except that the document attached to the Complaint as Exhibit 1 speaks for itself.

85.      The allegations contained in Paragraph 85 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 85, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

86.      The allegations contained in Paragraph 86 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 86, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

87.      The allegations contained in Paragraph 87 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 87, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

88.     The allegations contained in Paragraph 88 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations stated in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 89, except that 8 U.S.C. § 1427(a) speaks for itself.

90.     The allegations contained in Paragraph 90 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 90, except as follows:  Defendants-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

91.     The allegations contained in Paragraph 91 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 91, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

92.     The allegations contained in Paragraph 92 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 92 of the Complaint.

93.     The allegations contained in Paragraph 93 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 93, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1255(a) speaks for itself and that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the Executive's position.

94.     The allegations contained in Paragraph 94 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 94, except that 8 U.S.C. § 1182 speaks for itself.

95.     The allegations contained in Paragraph 95 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 95, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 1 speaks for itself.

96.     The allegations contained in Paragraph 96 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 96.

97.     The allegations contained in Paragraph 97 of the Complaint state legal

21

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 97, except that 8 U.S.C. § 1182(a)(9)(B)(v) speaks for itself.

98.     The allegations contained in Paragraph 98 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 98, except that 8 U.S.C. § 1182(d)(5)(A) speaks for itself.

99.     The allegations contained in Paragraph 99 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 99.

100.     The allegations contained in Paragraph 100 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 100.

101.     The allegations contained in Paragraph 101 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 101.

102.     The allegations contained in Paragraph 102 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 102, except that 8 U.S.C. § 1182(a)(9)(B)(v) speaks for itself.

103.     The allegations contained in Paragraph 103 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 103.

104.     The allegations contained in Paragraph 104 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 104, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1182 speaks for itself; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the Executive's position.

105.     The allegations contained in Paragraph 105 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 105, except as follows:  Defendant-Intervenors aver that 8 U.S.C. § 1182 speaks for itself; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the Executive's position.

106.     The allegations contained in Paragraph 106 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 106, except that 8 U.S.C. § 1255(a) speaks for itself.

107.     The allegations contained in Paragraph 107 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 107,

except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

108.    The allegations contained in Paragraph 108 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 108, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

109.    The allegations contained in Paragraph 109 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

110.    The allegations contained in Paragraph 110 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

111.    The allegations contained in Paragraph 111 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 111, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as

Exhibit 1 speaks for itself; Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

112.     The allegations contained in Paragraph 112 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 112. Defendant-Intervenors further aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

113.     The allegations contained in Paragraph 113 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 113, except that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

114.     The allegations contained in Paragraph 114 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 114. Defendant-Intervenors further aver that they are without sufficient information or knowledge to form a belief as to individual immigration preferences.

115.     The allegations contained in Paragraph 115 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 115.

116.     The allegations contained in Paragraph 116 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

25

pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 116.

117.    Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 117 of the Complaint and on that basis deny each and every such allegation, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4, speaks for itself.

118.    The allegations contained in Paragraph 118 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 118, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4, speaks for itself.

119.    The allegations contained in Paragraph 119 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 119, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4 speaks for itself.

120.    The allegations contained in Paragraph 120 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 120, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4 speaks for itself.

121.    The allegations contained in Paragraph 121 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 121,

except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4 speaks for itself.

122.     The allegations contained in Paragraph 122 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 122, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4 speaks for itself.

**IV.     Allegations Regarding the Obama Administration and Immigration Laws**

123.     The allegations contained in Paragraph 123 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 123, except as follows:  Defendant-Intervenors admit that this Court issued an Order on December 13, 2013 in Case No. 1:13-cr-00441, *United States v. Nava-Martinez*, which speaks for itself.

124.     The allegations contained in Paragraph 124 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 124 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 127, except as follows:  Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

125.     The allegations in Paragraph 125 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in

Paragraph 125 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 125, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

126.     The allegations in Paragraph 126 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 126 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 126, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

127.     The allegations in Paragraph 127 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 127 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 127, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

128.     The allegations in Paragraph 128 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 128 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 128, except as follows:

Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

129.     The allegations in Paragraph 129 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 129 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 129, except as follows: Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

130.     The allegations in Paragraph 130 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 130 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 130, except as follows: Defendant-Intervenors aver that the quoted *Los Angeles Times* article speaks for itself.

131.     The allegations in Paragraph 131 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 131 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 131, except as follows: Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

132.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 132 of the Amended Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny

each and every allegation in Paragraph 132.

133.    The allegations in Paragraph 133 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 133 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 133, except as follows: Defendant-Intervenors aver that the quoted *Business Insider* and *Houston Chronicle* articles speak for themselves.

134.    The allegations in Paragraph 134 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 134 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 134, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

135.    The allegations in Paragraph 135 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 135 of the Complaint. However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 135, except as follows: Defendant-Intervenors aver that the cited *Houston Chronicle* and *Los Angeles Times* articles speak for themselves.

136.    Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 136 of the Complaint.

137.     The allegations in Paragraph 137 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 137 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 137, except as follows: Defendant-Intervenors aver that the quoted *Los Angeles Times* and *Washington Examiner* articles speak for themselves.

138.     The allegations in Paragraph 138 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 138 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 138, except as follows: Defendant-Intervenors aver that the quoted *Washington Examiner* article speaks for itself.

139.     The allegations in Paragraph 139 of the Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 139 of the Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 139, except as follows: Defendant-Intervenors aver that the quoted articles speak for themselves.

140.     The allegations contained in Paragraph 140 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 140.

141.     The allegations contained in Paragraph 141 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 141.

## V.     Allegations Regarding Former President Obama

142.     The allegations contained in Paragraph 142 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 142, except as follows:  Defendant-Intervenors aver that former President Obama's past statements speak for themselves.

143.     The allegations contained in Paragraph 143 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 143, except as follows:  Defendant-Intervenors admit that former President Obama has repeatedly called on Congress to pass an immigration reform bill and that Congress did not enact any of the bills listed in Paragraph 44 of the Complaint.

144.     The allegations contained in Paragraph 144 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 144, except as follows:  Defendant-Intervenors admit that, on November 20, 2014, the President of the United States announced a series of Department of Homeland Security initiatives pertaining to federal immigration law.

145.     The allegations contained in Paragraph 145 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 145,

except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

146.    The allegations contained in Paragraph 146 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 146, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

147.    The allegations contained in Paragraph 147 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 147, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

148.    The allegations contained in Paragraph 148 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 148, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

149.    The allegations contained in Paragraph 149 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 149.

150.    The allegations contained in Paragraph 150 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 150, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

151.     The allegations contained in Paragraph 151 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 151, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

152.     The allegations contained in Paragraph 152 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 152, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 3 speaks for itself.

153.     The allegations contained in Paragraph 153 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 153 except as follows:  Defendant-Intervenors aver that President Obama's past statements speak for themselves.

154.     The allegations contained in Paragraph 154 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 154, except as follows:  Defendant-Intervenors aver that President Obama's past statements speak for themselves.

155.     The allegations contained in Paragraph 155 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 155, except as follows:  Defendant-Intervenors aver that President Obama's past statements speak for themselves.

156.     The allegations contained in Paragraph 156 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 156.

## VI.    Allegations Regarding Court Rulings

157.     The allegations contained in Paragraph 157 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit that, on December 3, 2014, Plaintiffs and other states filed the lawsuit *Texas v. United States*, No. 1:14-cv-256, in this Court and that the complaint in that case speaks for itself.

158.     The allegations contained in Paragraph 158 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 158 except as follows:  Defendant-Intervenors admit that on February 16, 2015, this Court issued a preliminary injunction in *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015), which speaks for itself.

159.     The allegations contained in Paragraph 159 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 159 except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 159; Defendant-Intervenors aver that this Court's order in *Texas v. United States*, B-14-254, 2016 WL 3211803, at *1 (S.D. Tex. May 19, 2016), speaks for itself.

160.    The allegations contained in Paragraph 160 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations; Defendant-Intervenors aver that the court orders in *Texas v. United States*, No. 1:14-cv-254, 2015 WL 1540022 (S.D. Tex. Apr. 7, 2015), and *Texas v. United States*, 787 F.3d 733 (5th Cir. 2015), speak for themselves.

161.    The allegations contained in Paragraph 161 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 161 except as follows:  Defendant-Intervenors aver that the Fifth Circuit's decision in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

162.     The allegations contained in Paragraph 162 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 162 and aver that *United States v. Texas*, 136 S. Ct. 2271 (2016), speaks for itself.

**VII.    Allegations Regarding DHS Secretary Kelly**

163.    The allegations contained in Paragraph 163 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 163 and aver that this Court's order in *Texas v. United States*, No. 1:14-cv-254 (S.D. Tex. Aug. 31, 2016) (Text Order), speaks for itself.

164.     The allegations contained in Paragraph 164 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 164 and aver that the Supreme Court's order in *United States v. Texas*, 137 S. Ct. 285 (2016), speaks for itself.

165.     The allegations contained in Paragraph 165 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 165 and aver that the referenced motion speaks for itself.

166.     The allegations contained in Paragraph 166 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 166 and aver that this Court's order in *Texas v. United States*, No. 1:14-cv-254 (S.D. Tex. Jan. 19, 2017), ECF 435, speaks for itself.

167.     The allegations contained in Paragraph 167 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 167 and aver that the referenced motion speaks for itself.

168.     The allegations contained in Paragraph 168 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 168 and aver

that this Court's order in *Texas v. United States*, No. 1:14-cv-254 (S.D. Tex. Mar. 22, 2017), ECF 439, speaks for itself.

169.     The allegations contained in Paragraph 169 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit the allegations in Paragraph 169 and aver that the referenced motion speaks for itself.

170.     The allegations contained in Paragraph 170 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 170, except as follows:  Defendant-Intervenors admit that, on June 15, 2017, DHS Secretary Kelly issued the memorandum attached to the Complaint as Exhibits 5, which speaks for itself.

171.     The allegations contained in Paragraph 171 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 171, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 5 speaks for itself.

172.     The allegations contained in Paragraph 172 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 172, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 5 speaks for itself.

173.     The allegations contained in Paragraph 173 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 173, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 5 speaks for itself.

174.     The allegations contained in Paragraph 174 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 174, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 5 and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

## VIII.   Allegations Regarding September 5, 2017 DHS Memorandum

175.     The allegations contained in Paragraph 175 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 175, except as follows:  Defendant-Intervenors admit that, on June 29, 2017, the individuals stated in Paragraph 175 sent to U.S. Attorney General Jeff Sessions the letter attached to the Complaint as Exhibit 6, which speaks for itself.

176.     The allegations contained in Paragraph 176 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 176, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 6 speaks for itself.

177.     The allegations contained in Paragraph 177 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 177, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 6 and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

178.      The allegations contained in Paragraph 178 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 178, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 6 speaks for itself.

179.      The allegations contained in Paragraph 179 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 179.

180.      The allegations contained in Paragraph 180 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 180.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

181.      The allegations contained in Paragraph 181 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 181.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

182.      The allegations contained in Paragraph 182 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 182.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

183.      The allegations contained in Paragraph 183 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 183.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

184.      The allegations contained in Paragraph 184 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 184.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

185.      The allegations contained in Paragraph 185 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 185.  Further, Defendant-Intervenors aver that Attorney General Sessions' past statements speak for themselves.

186.      The allegations contained in Paragraph 186 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

186, except as follows:  Defendant-Intervenors admit that, on September 5, 2017, DHS issued the memorandum attached to the Complaint as Exhibit 7, which speaks for itself.

187.     The allegations contained in Paragraph 187 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 187, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 7 speaks for itself.

188.     The allegations contained in Paragraph 188 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 188, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibits 7 speaks for itself.

189.     The allegations contained in Paragraph 189 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 189, except as follows:  Defendant-Intervenors aver that the documents attached to the Complaint as Exhibits 6 and 7 speak for themselves.

190.     The allegations contained in Paragraph 190 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 190, except as follows:  Defendant-Intervenors admit that Plaintiffs did not file an amended complaint in *Texas v. United States*, No. 1:14-cv-254, in this Court in September 2017.

191.     The allegations contained in Paragraph 191 of the Complaint state legal

42

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 191, except as follows:  Defendant-Intervenors admit that the parties in *Texas v. United States*, No. 1:14-cv-254, in this Court filed the referenced stipulation of dismissal, which speaks for itself.

## IX.    Allegations Regarding Court Challenges

192.     The allegations contained in Paragraph 192 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 192, except as follows:  Defendant-Intervenors aver that the referenced pleadings speak for themselves.

193.     The allegations contained in Paragraph 193 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 193.

194.     The allegations contained in Paragraph 194 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 194, except as follows:  Defendant-Intervenors aver that the referenced pleading speaks for itself.

195.     The allegations contained in Paragraph 195 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 195, except as follows:  Defendant-Intervenors aver that the referenced pleading speaks for itself.

196.     The allegations contained in Paragraph 196 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 196, except as follows:  Defendant-Intervenors aver that the referenced pleading speaks for itself.

197.     The allegations contained in Paragraph 197 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 197, except as follows:  Defendant-Intervenors aver that the referenced pleading speaks for itself.

198.     The allegations contained in Paragraph 198 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 198, except as follows:  Defendant-Intervenors aver that the referenced pleading speaks for itself.

199.     The allegations contained in Paragraph 199 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 199.

## X.     Allegations Regarding the Northern District of California

200.     The allegations contained in Paragraph 200 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 200, except as follows:  Defendant-Intervenors admit that, on January 9, 2018, the U.S. District Court for the Northern District of California issued an injunction in *Regents of the University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal.

2018), which speaks for itself.

201.      The allegations contained in Paragraph 201 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 201, except as follows:  Defendant-Intervenors aver that *Regents of the University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018), speaks for itself.

202.      The allegations contained in Paragraph 202 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 202, except as follows:  Defendant-Intervenors aver that *Regents of the University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018), speaks for itself.

203.      The allegations contained in Paragraph 203 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 203, except as follows:  Defendant-Intervenors aver that *Regents of the University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018) speaks for itself.

204.      The allegations contained in Paragraph 204 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 204, except as follows:  Defendant-Intervenors aver that *Regents of the University of California*

45

*v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018) speaks for itself.

205.     The allegations contained in Paragraph 205 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 205, except as follows:  Defendant-Intervenors admit that, on April 24, 2018, the U.S. District Court for the District of Columbia issued an order in *NAACP v. Trump*, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), which speaks for itself.

206.     The allegations contained in Paragraph 206 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 206, except as follows:  Defendant-Intervenors aver that *NAACP v. Trump*, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

207.     The allegations contained in Paragraph 206 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 206, except as follows:  Defendant-Intervenors aver that *NAACP v. Trump*, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

208.     The allegations contained in Paragraph 208 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 208, except as follows:  Defendant-Intervenors admit that the guidance issued by the Department of Homeland Security for case-by-case consideration of deferred action with respect to

individuals who came to the United States as children, commonly referred to as "DACA," remains in force.  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding Plaintiffs' motives for bringing suit.

## THEORIES OF RELIEF

209.     The allegations contained in Paragraph 209 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 209, except as follows:  Defendant-Intervenors admit that the guidance issued by the Department of Homeland Security for case-by-case consideration of deferred action with respect to individuals who came to the United States as children, commonly referred to as "DACA," remains in force.  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding Plaintiffs' motives for bringing suit.

210.     The allegations contained in Paragraph 210 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 210, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

211.     The allegations contained in Paragraph 211 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 211.

212.     The allegations contained in Paragraph 212 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 212.

213.      The allegations contained in Paragraph 213 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 213.

214.      The allegations contained in Paragraph 214 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 214.

215.      The allegations contained in Paragraph 215 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 215, except as follows:  Defendant-Intervenors admit that Plaintiffs  purport to challenge the document attached to the Complaint as Exhibit 1 and its implementation, parts of the document attached to the Complaint as Exhibit 5, and alleged "DACA permits that remain in effect."

216.      Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 216.

217.      The allegations contained in Paragraph 217 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 217, except as follows:  Defendant-Intervenors admit that Plaintiffs purport to challenge conditionally the document attached to the Complaint as Exhibit 3, parts of the document

attached to the Complaint as Exhibit 5, and alleged "Expanded DACA permits that remain in effect."

218.     The allegations contained in Paragraph 218 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 218.

## I.     Allegations Regarding Standing

219.     The allegations contained in Paragraph 219 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 219, except as follows:  Defendant-Intervenors aver that *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014) speaks for itself.

220.     The allegations contained in Paragraph 220 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 220.

221.     The allegations contained in Paragraph 221 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 221, except as follows:  Defendant-Intervenors aver that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

222.     The allegations contained in Paragraph 222 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

222, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134

(5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

223.    The allegations contained in Paragraph 223 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

223, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497

(2007), speaks for itself.

224.    The allegations contained in Paragraph 224 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

224, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 86 F. Supp. 3d

591 (S.D. Tex. 2015), and *Texas v. United States*, 809 F.3d 134, 184 (5th Cir. 2015), *aff'd by an

equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

225.    The allegations contained in Paragraph 225 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

225, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for

rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that *Texas v.

United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271

(2016), speaks for itself.

226.    The allegations contained in Paragraph 226 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 226, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that *Arizona Dream Act Coalition v. Brewer*, 855 F.3d 957 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1279 (2018), speaks for itself.

227.    The allegations contained in Paragraph 227 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 227, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that 16 Tex. Admin. Code § 33.10 and Tex. Bd. of Law Exam'rs, Rules Governing Admission to the Bar of Tex., R. II(a)(5)(J), speak for themselves.

228.    The allegations contained in Paragraph 228 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 228.

229.    The allegations contained in Paragraph 229 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 229, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134, 184 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

230.    The allegations contained in Paragraph 230 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 230, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

231.      The allegations contained in Paragraph 231 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 231.

232.      The allegations contained in Paragraph 232 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 232, except as follows:  Defendant-Intervenors aver that *Plyler v. Doe*, 457 U.S. 202 (1982), 42 U.S.C. § 1395dd, and 42 C.F.R. § 440.255, speak for themselves.

233.      The allegations contained in Paragraph 233 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 233, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

234.      The allegations contained in Paragraph 234 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 234, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

235.      The allegations contained in Paragraph 235 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 235, except as follows:  Defendant-Intervenors aver that Tex. Health & Safety Code §§ 61.001 *et seq.*, Tex. Health & Safety Code § 311.043, and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

236.     The allegations contained in Paragraph 236 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 236.

237.     The allegations contained in Paragraph 237 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 235, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

238.     The allegations contained in Paragraph 238 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 238.

239.     The allegations contained in Paragraph 239 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 239, except as follows:  Defendant-Intervenors aver that *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex. rel. Barez*, 458 U.S. 592 (1982), speaks for itself.

240.     The allegations contained in Paragraph 240 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 240, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding Plaintiffs' motives for bringing suit; Defendant-Intervenors aver that *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex. rel. Barez*, 458 U.S. 592 (1982), speaks for itself.

241.     The allegations contained in Paragraph 241 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 241, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding Plaintiffs' motives for bringing suit; Defendant-Intervenors aver that *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex. rel. Barez*, 458 U.S. 592 (1982), speaks for itself.

242.     The allegations contained in Paragraph 242 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 242, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

243.     The allegations contained in Paragraph 243 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

54

243, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), speaks for itself.

244.     The allegations contained in Paragraph 244 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 244, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

245.     The allegations contained in Paragraph 245 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 245, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

246.     The allegations contained in Paragraph 246 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 246, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding Plaintiffs' motives for bringing suit.

247.     The allegations contained in Paragraph 247 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 247.

248.     The allegations contained in Paragraph 248 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 248, except as follows:  Defendant-Intervenors aver that *Arizona State Legislature v. Arizona Independent Redistricting Commission*, 135 S. Ct. 2652 (2015), speaks for itself.

249.     The allegations contained in Paragraph 249 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 249, except as follows:  Defendant-Intervenors aver that *Arizona State Legislature v. Arizona Independent Redistricting Commission*, 135 S. Ct. 2652 (2015), speaks for itself.

250.     The allegations contained in Paragraph 250 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 250, except as follows:  Defendant-Intervenors aver that *Arizona State Legislature v. Arizona Independent Redistricting Commission*, 135 S. Ct. 2652 (2015), speaks for itself.

251.     The allegations contained in Paragraph 251 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 251.

252.     The allegations contained in Paragraph 252 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 252, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497

(2007), speaks for itself.

253.     The allegations contained in Paragraph 253 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 253, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), speaks for itself.

254.     The allegations contained in Paragraph 254 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 254, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), speaks for itself.

255.     The allegations contained in Paragraph 255 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 255, except as follows:  Defendant-Intervenors aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), speaks for itself.

256.     The allegations contained in Paragraph 256 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 256, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

257.     The allegations contained in Paragraph 257 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 257.

## II.      Allegations Regarding Timeliness

258.     The allegations contained in Paragraph 258 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 258.

259.     The allegations contained in Paragraph 259 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 259, except as follows:  Defendant-Intervenors aver that *Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2014), speaks for itself.

260.     The allegations contained in Paragraph 260 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 260, except as follows:  Defendant-Intervenors aver that 28 U.S.C. § 2401(a) speaks for itself.

261.     The allegations contained in Paragraph 261 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 261.

262.     The allegations contained in Paragraph 262 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

262.

263.     The allegations contained in Paragraph 263 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 263.

264.     The allegations contained in Paragraph 264 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 264.

**III.     Allegations Regarding Plaintiffs' Interests**

265.     The allegations contained in Paragraph 265 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 265, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

266.     The allegations contained in Paragraph 266 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 266.

**IV.     Allegations Regarding DACA Review**

267.     The allegations contained in Paragraph 267 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

267, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134

(5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

268.     The allegations contained in Paragraph 268 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

268.

269.     The allegations contained in Paragraph 269 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

269, except as follows:  Defendant-Intervenors aver that *Reno v. American-Arab Anti-*

*Discrimination Committee*, 525 U.S. 471 (1999), speaks for itself.

270.     The allegations contained in Paragraph 270 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

270, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134

(5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

271.     The allegations contained in Paragraph 271 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

271, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134

(5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

272.     The allegations contained in Paragraph 272 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph
272, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for
rights, privileges, and benefits as provided by law.

273.     The allegations contained in Paragraph 273 of the Complaint state legal
conclusions, to which no responsive pleading is required; however, to the extent a responsive
pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph
273, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for
rights, privileges, and benefits as provided by law.

274.     The allegations contained in Paragraph 274 of the Complaint state legal
conclusions, to which no responsive pleading is required; however, to the extent a responsive
pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph
274, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for
rights, privileges, and benefits as provided by law.

275.     The allegations contained in Paragraph 275 of the Complaint state legal
conclusions, to which no responsive pleading is required; however, to the extent a responsive
pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph
275, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for
rights, privileges, and benefits as provided by law.

276.     The allegations contained in Paragraph 276 of the Complaint state legal
conclusions, to which no responsive pleading is required; however, to the extent a responsive
pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph
276, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for
rights, privileges, and benefits as provided by law.  Defendant-Intervenors further aver that they

are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

277.    The allegations contained in Paragraph 277 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 277, except that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

278.    The allegations contained in Paragraph 278 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 278, except that *Japan Whaling Association v. American Cetacean Society*, 478 U.S. 221 (1986), speaks for itself.

279.    The allegations contained in Paragraph 279 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 279, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the Executive's position.

280.    The allegations contained in Paragraph 280 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 280, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

## V.    Allegations Regarding DACA's Legality

### A.    Allegations Regarding APA Notice-and-Comment Procedure

281.     The allegations contained in Paragraph 281 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 281, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 553(b)(A) and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

282.     The allegations contained in Paragraph 282 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 282.

283.     The allegations contained in Paragraph 283 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 283.

284.     The allegations contained in Paragraph 284 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 284, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 706(2)(D) speaks for itself.

285.     The allegations contained in Paragraph 285 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 285, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 551(1) speaks for itself.

286.     The allegations contained in Paragraph 286 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 286, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 551(4) speaks for itself.

287.     The allegations contained in Paragraph 287 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 287.

288.     The allegations contained in Paragraph 288 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 288, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law; Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

289.     The allegations contained in Paragraph 289 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 289.

290.     The allegations contained in Paragraph 290 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 290, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

291.     The allegations contained in Paragraph 291 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 291, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

292.     The allegations contained in Paragraph 292 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 292, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

293.     The allegations contained in Paragraph 293 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 293, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

294.     The allegations contained in Paragraph 294 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 294, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

295.     The allegations contained in Paragraph 295 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

295, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

296.      The allegations contained in Paragraph 296 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 296, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

297.      The allegations contained in Paragraph 297 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 297, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

298.      The allegations contained in Paragraph 298 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 298, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

299.      The allegations contained in Paragraph 299 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 299, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

300.      The allegations contained in Paragraph 300 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 300, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

301.　　　The allegations contained in Paragraph 301 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 301, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 553(a)(2) and *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speak for themselves.

302.　　　The allegations contained in Paragraph 302 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 302, except as follows:  Defendant-Intervenors aver the document attached to the Complaint as Exhibit 4 speaks for itself.

303.　　　The allegations contained in Paragraph 303 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 303.

**B.　　Allegations Regarding Statutes**

304.　　　The allegations contained in Paragraph 304 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

304, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

305.      The allegations contained in Paragraph 305 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 305, except as follows:  Defendant-Intervenors aver that 5 U.S.C. § 706(2) speaks for itself.

306.      The allegations contained in Paragraph 306 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 306, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

307.      The allegations contained in Paragraph 307 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 307, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

308.      The allegations contained in Paragraph 308 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 308, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

309.      The allegations contained in Paragraph 310 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 310, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

310.     The allegations contained in Paragraph 310 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 310, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

311.     The allegations contained in Paragraph 311 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 311, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

312.     The allegations contained in Paragraph 312 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 312, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

313.     The allegations contained in Paragraph 313 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 313, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

314.     The allegations contained in Paragraph 314 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 314, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.  Defendant-Intervenors further aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

### C.     Allegations Regarding the Take Care Clause

315.     The allegations contained in Paragraph 315 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 315.

316.     The allegations contained in Paragraph 316 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 316, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.  Defendant-Intervenors further aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

317.     The allegations contained in Paragraph 317 of the Complaint state legal conclusions, to which no responsive pleading is required.  Further, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 317.  However, to the extent a responsive pleading is necessary, Defendant-

Intervenors deny each and every such allegation in Paragraph 317, except as follows: Defendant-Intervenors aver that Zachary Price, *Enforcement Discretion and Executive Duty*, 67 Vand. L. Rev. 671 (2014) and the English Bill of Rights of 1689, art. 1, speak for themselves.

318.     The allegations contained in Paragraph 318 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 318.

319.     The allegations contained in Paragraph 319 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 319, except as follows:  Defendant-Intervenors aver that *Kendall v. United States ex rel. Stokes*, 37 U.S. 524 (1838), speaks for itself.

320.     The allegations contained in Paragraph 320 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 320.

321.     The allegations contained in Paragraph 321 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 321, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the attempted actions of King James; Defendant-Intervenors aver that Zachary Price, *Enforcement Discretion and Executive Duty*, 67 Vand. L. Rev. 671 (2014), speaks for itself.

322.     The allegations contained in Paragraph 322 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 322.

323.     The allegations contained in Paragraph 323 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 323, except that *Arizona v. United States*, 567 U.S. 387 (2012), speaks for itself.

324.     The allegations contained in Paragraph 324 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 324, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

325.     The allegations contained in Paragraph 325 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 325, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

326.     The allegations contained in Paragraph 326 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 326, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

327.     The allegations contained in Paragraph 327 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph

327, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

328.     The allegations contained in Paragraph 328 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 328, except as follows:  Defendant-Intervenors aver that the document attached to the Complaint as Exhibit 4, speaks for itself, and Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.  Defendant-Intervenors further aver that they are without sufficient information or knowledge to form a belief as to individual or aggregate numbers and circumstances of immigration status adjustments.

329.     The allegations contained in Paragraph 329 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 329, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

330.     The allegations contained in Paragraph 330 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 330, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

331.     The allegations contained in Paragraph 331 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 331, except that *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952), speaks for itself.

332.     The allegations contained in Paragraph 332 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 332.

333.     The allegations contained in Paragraph 333 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 333, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

334.     The allegations contained in Paragraph 334 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 334, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

335.     The allegations contained in Paragraph 335 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 335, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

336.     The allegations contained in Paragraph 336 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 336, except that the document attached to the Complaint as Exhibit 4, speaks for itself.

337.     The allegations contained in Paragraph 337 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 337, except as follows:  Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 289–303 of the Complaint, as though fully set forth herein.

## VI.     Allegations Regarding Plaintiffs' Requested Relief

338.     The allegations contained in Paragraph 338 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 338, except as follows:  Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-337 of the Complaint, as though fully set forth herein.

339.     The allegations contained in Paragraph 339 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 339, except as follows:  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegation regarding what remedy Plaintiffs are amenable to.

340.     The allegations contained in Paragraph 340 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 340, except that the document attached to the Complaint as Exhibit 1 speaks for itself.

341.     The allegations contained in Paragraph 341 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 341.

342.    The allegations contained in Paragraph 342 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 342, except as follows:  Defendant-Intervenors aver that *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016), speaks for itself.

343.    The allegations contained in Paragraph 343 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 343.

## VII.    Allegations Regarding Work Authorization

344.    The allegations contained in Paragraph 344 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 344, except as follows:  Defendant-Intervenors aver that 8 C.F.R. § 274a.12(c)(14) speaks for itself.

345.    The allegations contained in Paragraph 345 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 345, except as follows:  Defendant-Intervenors aver that 8 C.F.R. § 274a.12(c)(14) and the referenced memorandum speak for themselves.

346.    The allegations contained in Paragraph 346 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 342, except as follows:  Defendant-Intervenors aver that 8 C.F.R. § 274a.12(c)(14) speaks for itself.

**VIII.   Allegations Regarding Federal Benefits**

347.     The allegations contained in Paragraph 347 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 347, except as follows:  Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 38–40 of the Complaint, as though fully set forth herein.

348.     The allegations contained in Paragraph 348 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 348, except as follows:  Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answer to Paragraphs 41 of the Complaint, as though fully set forth herein.

349.     The allegations contained in Paragraph 349 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 349, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

350.     The allegations contained in Paragraph 350 of the Complaint state legal

conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such allegation in Paragraph 350, except as follows:  Defendant-Intervenors aver that DACA recipients hold or are eligible for rights, privileges, and benefits as provided by law.

## FIRST CAUSE OF ACTION
### Alleged Violation of the Take Care Clause

351.     Answering Paragraph 351 of the Complaint, Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1–350 of the Complaint, as though fully set forth herein.

352.     The allegations contained in Paragraph 352 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 352, except as follows:  Defendant-Intervenors aver that that the quoted portion of the United States Constitution speaks for itself.

## SECOND CAUSE OF ACTION
### Alleged Violation of the APA's Procedural Requirements, 5 U.S.C. § 553

353.     Answering Paragraph 353 of the Complaint, Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1–352 of the Complaint, as though fully set forth herein.

354.     The allegations contained in Paragraph 354 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 354.

## THIRD CAUSE OF ACTION
### Alleged Violation of the APA's Substantive Requirement, 5 U.S.C. § 706

355.     Answering Paragraph 355 of the Complaint, Defendant-Intervenors repeat and

incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1–354 of the Complaint, as though fully set forth herein.

356.     The allegations contained in Paragraph 356 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 356.

Defendant-Intervenors further deny each and every, all and singular, allegation and/or averment contained in the Complaint, except to the extent specifically admitted herein.

## PRAYER FOR RELIEF

To the extent that any response is required to Plaintiffs' separate Prayer for Relief, Defendant-Intervenors deny each and every allegation contained in the Prayer for Relief, and further deny that Plaintiffs are entitled to declaratory relief, injunctive relief, costs, or any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to all causes of action purported to be set forth by Plaintiffs in the Complaint, Defendant-Intervenors allege as follows, subject to Defendant-Intervenors' right to amend and assert such other affirmative defenses as may become available during discovery in this action:

## FIRST AFFIRMATIVE DEFENSE:  LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot show the injury necessary to assert standing.

## SECOND AFFIRMATIVE DEFENSE:  NONJUSTICIABLE POLITICAL QUESTION

This suit must be dismissed because the Plaintiffs' claims in this action present this Court with a nonjusticiable political question.

### THIRD AFFIRMATIVE DEFENSE:  NO FINAL AGENCY ACTION

Some or all of Plaintiffs' claims are barred insofar as they are brought pursuant to the Administrative Procedure Act because there was no "final agency action" by DHS as is a prerequisite for judicial review under 5 U.S.C. § 704.

### FOURTH AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

Some or all of Plaintiffs' claims, as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

### FIFTH AFFIRMATIVE DEFENSE:  NO INJUNCTIVE RELIEF

Some or all of Plaintiffs' claims, as set forth in the Amended Complaint, fail to state facts sufficient to constitute a cause of action against defendants for injunctive relief because Plaintiffs have an adequate remedy at law and/or the other requirements for granting injunctive relief cannot be satisfied.

### SIXTH AFFIRMATIVE DEFENSE:  FAILURE TO EXHAUST

Some or all of Plaintiffs' claims are barred because Plaintiffs failed to exhaust administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE:  LAHCES

Some or all of Plaintiffs' claims are barred under the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE:  RES JUDICATA

Some or all of Plaintiffs' claims are barred under the doctrine of res judicata.

### NINTH AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS

Some or all of Plaintiffs' claims are barred by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE:  WAIVER

Some or all of Plaintiffs' claims are barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE:  ESTOPPEL

Some or all of Plaintiffs' claims are barred under the doctrine of estoppel.

**WHEREFORE**, Defendant-Intervenors Karla Perez, Maria Rocha, Jose, Magaña-Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez respectfully pray as follows:

1.      That Plaintiffs' Complaint and each cause of action therein be dismissed with prejudice;

2.      That Plaintiffs take nothing by way of the Complaint;

3.      That Defendant-Intervenors be awarded costs of the suit and attorneys' fees herein;

4.      That the Court order such other and further relief for Defendant-Intervenors as the Court may deem appropriate.

Dated: May 8, 2018                                    Respectfully submitted,

                                                                    **MEXICAN AMERICAN LEGAL**
                                                                    **DEFENSE AND EDUCATIONAL FUND**
                                                                    By: */s/ Nina Perales*
                                                                    Nina Perales (Tex. Bar No. 24005046);
                                                                    (SD of Tex. Bar No. 21127)
                                                                    Attorney-in-Charge
                                                                    Celina Moreno (Tex. Bar No. 24074754)
                                                                    (SD of Tex. Bar No. 2867694)
                                                                    Jack Salmon (Tex. Bar No. 24068914)
                                                                    (SD of Texas Bar No. 1130532)
                                                                    Alejandra Ávila (Tex. Bar No. 24089252)
                                                                    (SD of Tex. Bar No. 2677912)
                                                                    110 Broadway, Suite 300
                                                                    San Antonio, Texas 78205

Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Proposed Defendant-
Intervenors


<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that, on the eighth day of May, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

82