**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF STATES' REPLY IN FURTHER SUPPORT OF THEIR
MOTION FOR SCHEDULING ORDER ON
MOTION FOR PRELIMINARY INJUNCTION**

Intervenors asked the Court to allow them into this case based in part on the representation that they "d[id] not intend to request any modification to the current briefing schedule for the motion for a preliminary injunction." Mem. in Supp. of Mot. to Intervene 9. Now they claim that their efforts to confer with *nonparties* about scheduling unspecified legal research and factual development has made it impossible for them to meet Plaintiff States' proposed extended response date, let alone the deadline set by this Court's local rules. Intervenors still have not offered an alternative in response to the proposal put forth by Plaintiff States and not opposed by Defendants. And Intervenors continue to ignore the significance of DACA coming back into full force and effect as of July 23, 2018. Plaintiff States briefly write in further support of their motion for a scheduling order that would allow for orderly resolution by that date.

As an initial matter, Plaintiff States' proposed schedule is reasonable and justified considering the vacatur issued by the U.S. District Court for the District of Columbia. While courts in California and New York have issued preliminary injunctions regarding DACA renewal applications, the court in the District of Columbia vacated the rescission of DACA entirely as of July 23, 2018. *See* Pls.' Mot. for Sched. Order 1-2. The Department of Homeland Security will then begin processing new DACA applications as well as new applications for advance parole—a program that allows some DACA recipients an otherwise unavailable path to full U.S. citizenship. *See* Pls.' Mot. for Prelim. Inj. Ex. 3 (App. 12). Due to this quickly approaching date, Plaintiff States proposed a schedule that allows for an order from this Court by late June so that the non-prevailing parties would have adequate time to seek expedited yet orderly appellate review. Plaintiff States patterned this proposed schedule on the local rules of this Court with only slight modifications—allowing two extra days for the non-moving parties to respond and truncating Plaintiff States' reply deadline to one business day from the filing of the response.

While Defendants do not oppose this schedule, Intervenors now seek delay. They seek this delay despite previously assuring this Court and Plaintiff States that they could brief this matter within the parameters of the local rules. Specifically, in their motion for leave to intervene, they stated that they "d[id] not intend to request any modification to the current briefing schedule for the motion for a preliminary injunction." Mem. in Supp. of Mot. to Intervene 9. The "current briefing schedule" that Intervenors referenced was governed by the local rules of this Court and required

Intervenors to file a response by May 23, 2018. Notwithstanding this unequivocal statement, Intervenors now claim that "[b]ecause they have been working to prepare a proposed briefing and hearing schedule, [they] cannot prepare a response by May 30, 2018, let alone May 25, 2018." Resp. in Opp'n to Pls.' Mot. for Sched. Order 3. Intervenors, who were previously willing to respond by May 23, could not be so consumed by drafting a proposed schedule that they cannot file a response by May 30, let alone May 25.

Intervenors claim that they need time to research the issues presented in this case and for "the development of the factual record." *Id.* at 2-3. Intervenors do not say what they need to research or what facts they believe need additional development. That silence is significant given this Court's extensive analysis of DACA in its order enjoining DAPA and Expanded DACA and the binding precedent from the U.S. Court of Appeals for the Fifth Circuit affirming that injunction. As an active participant in that case, Intervenors' counsel is well aware of that controlling authority.

In fact, this Court's critical finding that the challenged deferred-action programs are not exercises of prosecutorial discretion has only grown stronger. In the 2017 memorandum rescinding DACA, Acting DHS Secretary Elaine Duke confirmed that "USCIS has not been able to identify specific denial cases where an applicant appeared to satisfy the programmatic categorical criteria as outlined in the June 15, 2012 memorandum, but still had his or her application denied based solely upon discretion." Pls.' Mot. for Prelim. Inj. Ex. 5 n.1 (App. 22-23). Simply put, the Executive has now admitted what this Court and the Fifth Circuit already found: DACA is

devoid of discretion. Hence, the law and facts in this matter are ready for adjudication without further delay.

Intervenors claim that their inability to respond as originally promised—and even their inability to provide Plaintiff States and Defendants with their proposed schedule—stems from their need to confer with "potential amici and potential, additional defendant-intervenors." Resp. in Opp'n to Pls.' Mot. for Sched. Order 3. While Intervenors are free to allow unnamed parties outside this litigation to participate in their litigation strategy, that does not justify a delay. Intervenors asked to get involved in this case because they alleged the existing parties were inadequate to represent their interests. Mem. in Supp. of Mot. to Intervene 14. They said nothing about their need to consult with other nonparties in order for them to represent those interests. Nor is there any need to delay briefing on the preliminary injunction to allow for the possibility of additional intervention requests—Plaintiff States will oppose any additional intervention requests based in part on Intervenors' representation that they adequately represent the interests of individual DACA recipients.

## <u>CONCLUSION</u>

In asking this Court to needlessly draw out the schedule, Intervenors ignore that on July 23, 2018, DACA will go back into full effect. That means DHS will begin accepting new DACA applications as well as new applications for advanced parole. Therefore, Plaintiff States respectfully request that the Court enter Plaintiff States' proposed schedule to allow for the orderly resolution of their motion for preliminary injunction by July 23, 2018.

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ALAN WILSON
Attorney General of South Carolina

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge

PATRICK MORRISEY
Attorney General of West Virginia

Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on May 22, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**