**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' ADVISORY REGARDING PROPOSED**
**SCHEDULING ORDER**

Defendant-Intervenors submit their proposed scheduling order as to Plaintiffs' Motion for

Preliminary Injunction, as ordered by the Court.  *See* May 15, 2018 Minute Entry.  Defendant-

Intervenors' proposed scheduling order, attached as Exhibit 1, provides for needed, limited

discovery on disputed issues of material fact related to Plaintiffs' standing and the preliminary

injunction factors.  Following a compressed discovery period, the proposed schedule concludes with short deadlines for the complex briefing the parties will file related to Plaintiffs' Motion for Preliminary Injunction and Defendant and Defendant-Intervenors' anticipated Rule 12 motions. The proposed deadline to file amicus curiae briefs does not extend the parties' briefing schedule.

Defendant-Intervenors' proposed scheduling order provides for limited fact discovery, which is necessary for the Court to make the fact determinations required to resolve standing, likelihood of success on the merits, and the preliminary injunction equitable factors.  "[T]he parties must have a fair opportunity and meaningful hearing to present their differing versions of . . . facts [that are in dispute] before a preliminary injunction may be granted."  *Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 858 (S.D. Tex. 2017) (quoting *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)) (internal quotations omitted).  Likewise, "no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case."  *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  In fact, a court has an "independent obligation to assure" itself of jurisdiction.  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

Contrary to their assertions, Plaintiffs are not harmed by the DACA guidance they challenge in this case and its U.S. citizen residents are not economically disadvantaged by the guidance.  Plaintiffs point to purported education, healthcare, and law-enforcement costs imposed by DACA recipients to establish their standing and entitlement to a preliminary injunction.  As to law-enforcement costs, Plaintiffs present no evidence.  As to education and healthcare costs, Plaintiffs present no evidence specifically related to DACA recipients, let alone DACA recipients in the plaintiff states.

Plaintiffs attach to their Motion for Preliminary Injunction purported expert opinion without any disclosed basis for the opinion or apparent methodology. *See e.g.*, Pls.' Mot. for Prelim. Inj. App. 878 ("There is no way to definitively report the number of undocumented immigrants served by CHIP Perinatal Coverage . . . . The total estimated cost[] to the State for CHIP Perinatal Coverage to undocumented immigrants residing in Texas was $33 million in SFY 2009 . . . ."); *see* Fed. R. Civ. P. 26(a)(2).

Apart from Plaintiffs' claimed injury, facts central to a determination of success on the merits must be developed through discovery before the Court can resolve Plaintiffs' Motion for Preliminary Injunction. These issues include how the DACA guidance is currently employed and whether Department of Homeland Security employees are free to exercise discretion in evaluating applications. *See Texas v. United States*, 809 F.3d 134, 172 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016) (reviewing for clear error factual determination as to whether the DAPA guidance genuinely left DHS employees free to exercise discretion). The Court's analysis of use of discretion in this case will differ markedly from the Court's related analysis of discretion in the DAPA litigation. The present record must be developed to include evidence on the increased number of denials of DACA applications under the Trump Administration, which is highly probative of genuine case-by-case adjudication of DACA applicants from 2017 to the present. Moreover, additional application-tracking information is now available that was not available during the DAPA litigation. *See Texas*, 809 F.3d at 211 (King, J., dissenting) (highlighting automatic tracking ability USCIS developed just prior to the 2014 DAPA litigation).

Defendant-Intervenors intend to propound limited written discovery requests on Plaintiffs and Defendants and conduct fewer than 10 depositions, including depositions of the five

individuals who submitted the declarations attached to Plaintiffs' Motion for Preliminary Injunction.  Unresolved fact questions essential to confirm or negate the Court's jurisdiction and to resolve Plaintiffs' Motion for Preliminary Injunction weigh heavily in favor of limited, expedited discovery within the timeframe provided by the proposed scheduling order.  *See* Fed. R. Civ. P. 26(d); *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (pendency of a preliminary injunction hearing supported order on expedited discovery); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction.") (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2046.1 (West 1994)).

Contrary to the Court's instructions on May 15, 2018, Plaintiffs urge the Court to truncate the process and accelerate its decision, proposing a schedule that precludes development of the record and consideration of the Court's jurisdiction.  In support of their ill-advised schedule, Plaintiffs offer only the prediction that "DACA [is] coming back into full force and effect as of July 23, 2018," and their insistence that this Court issue an injunction to countermand that of the U.S. District Court for the District of Columbia.  Pls.' Reply in Supp. of Mot. for Scheduling Order (Dkt. 46), at 1.  Even assuming the DACA guidance can cause Plaintiffs injury—which it cannot—July 23, 2018, is not a date on which Plaintiffs will suffer injury.  First, the U.S. District Court for the District of Columbia has stayed its order of vacatur specifically to allow DHS an opportunity to better explain its rescission decision.  *See Nat'l Ass'n for the Advancement of Colored People v. Trump*, Civ. A. Nos. 17-1907 & 17-2325, 2018 WL 1920079, at *25 (D.D.C. Apr. 24, 2018).  The United States explained to the Ninth Circuit Court of Appeals on May 15, 2018, that it is considering reissuing the memorandum rescinding DACA.  Arg. Recording

0:23:39–0:24:05, No. 18-15068, *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*

(9th          Cir.          May          15,          2018),

https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000013676 (last visited May 25,

2018).   Thus, it is more likely than not that the United States will use the period before July 23,

2018, to reissue the memorandum rescinding DACA and the D.C. District Court's vacatur would

become moot.

Second, the statement by the United States that it is further "actively considering what to

do in light of the D.D.C. opinion" (*id.*) necessarily includes considering whether to request a

further stay of the vacatur or whether to appeal.  These likely alternatives undermine Plaintiffs'

assertion that "DACA [is] coming back into full force and effect as of July 23, 2018."  Pls.'

Reply in Supp. of Mot. for Scheduling Order (Dkt. 46), at 1.

Third, even if the D.C. District Court required DHS to accept new DACA applications

starting July 23, 2018, no new individuals would receive a DACA grant that day or in the near

future.  According to DHS, the shortest estimated processing time for a DACA application is five

to eight months.  *See* "Processing time for Consideration of Deferred Action for Childhood

Arrivals (I-821D) at Nebraska Service Center," https://egov.uscis.gov/processing-times/ (last

visited May 25, 2018).  Thus, no Plaintiff will suffer injury flowing from an injunction by the

D.C. District Court on July 23, 2018.

Finally, Plaintiffs suggest that they are entitled to an abbreviated schedule for their

preliminary injunction motion because Defendant-Intervenors failed in their commitment to this

Court regarding scheduling.  *See* Pls.' Reply in Supp. of Mot. for Scheduling Order (Dkt. 46), at

1.  On the contrary, the Court has not yet ordered a schedule.  On May 15, 2018, the Court asked

the parties to confer and propose a schedule that would accommodate substantial briefing "over

the next two to three months" including briefs by *amicus curiae*.  *See* Tr. of Hr'g May 15, 2018, at 4:16–6:23.  The Court further ordered *sua sponte*, that the briefing schedule under the local rules did not govern the pending Motion.  *See id.* at 7:23–8:10.  Following the hearing, and as ordered by the Court, Defendant-Intervenors have conferred with the parties and prepared a briefing schedule for the Motion for Preliminary Injunction that is consistent with the Court's guidance.

## CONCLUSION

Defendant-Intervenors respectfully request that the Court adopt their proposed scheduling order to ensure the development and presentation of facts essential to resolution of Plaintiffs' Motion for Preliminary Injunction and anticipated Rule 12 motions and to ensure the timely adjudication of those motions.

Dated: May 25, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**

6

Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-
Intervenors

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that on May 24, 2018, I conferred with Plaintiffs and Defendants regarding Defendant-Intervenors' proposed scheduling order.  On May 24, Plaintiffs Texas, *et al.*, advised that they do not agree with Defendant-Intervenors' proposed schedule.  On May 25, Defendants United States, *et al.*, responded as follows without providing their position on Defendant-Intervenors' proposed scheduling order:  "Federal Defendants reiterate their interest in the resolution of all DACA-related litigation as quickly an [sic] orderly as possible. Federal Defendants remain prepared to file a response to Plaintiffs' motion for preliminary injunction at any time once the Court enters a scheduling Order. Further, Federal Defendants oppose discovery of Federal Defendants, and note that if Defendant-Intervenors or proposed intervenors wish to seek discovery, you should file a motion with the Court."

*/s/ Nina Perales*
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 25th day of May, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

# EXHIBIT 1

Case 1:18-cv-00068   Document 50-1   Filed in TXSD on 05/25/18   Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' PROPOSED SCHEDULING ORDER**

It is hereby ORDERED that the following dates be entered to control the discovery and

briefing of Plaintiffs' Motion for Preliminary Injunction and briefing on Defendants' and

Defendant-Intervenors' Rule 12 motions:

1

2

| Event | Deadline |
|-------|----------|
| Discovery commences | May 31, 2018 |
| Discovery concludes | August 13, 2018 |
| Deadline for Defendants and Defendant-Intervenors to file Rule 12 motions and responses to Plaintiffs' Motion for Preliminary Injunction | September 10, 2018 |
| Deadline for any amicus curiae to file a brief supporting or opposing any party's brief on Rule 12 motions or Plaintiffs' Motion for Preliminary Injunction | September 17, 2018 |
| Deadline for Plaintiffs to file a reply in support of their Motion for Preliminary Injunction and responses to Defendant and Defendant-Intervenors' Rule 12 motions | October 1, 2018 |
| Deadline for Defendants and Defendant-Intervenors to file replies in support of their Rule 12 motions | October 11, 2018 |

Signed this the _____ day of _____, 2018.

_____

Andrew S. Hanen
United States District Judge

2