# EXHIBIT 15

Case 1:18-cv-00068 Document 52-16 Filed on 05/29/18 in TXSD Page 2 of 4

Gateway Mortgage Group, L.L.C. v. Lehman Brothers..., 694 Fed.Appx. 225...

694 Fed.Appx. 225
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals,
Fifth Circuit.

GATEWAY MORTGAGE GROUP,
L.L.C., Plaintiff–Appellant,
v.
LEHMAN BROTHERS HOLDINGS,
INCORPORATED, Defendant–Appellee.

No. 16-20688
|
Summary Calendar
|
Filed May 30, 2017

**Synopsis**
**Background:** Mortgage lender brought action in state court against bank seeking declaration that bank's action in bankruptcy court seeking indemnification from lender was barred by statute of limitations and parties' settlement agreement from prior litigation. Bank removed action to federal court. The United States District Court for the Southern District of Texas dismissed action. Mortgage lender appealed.

**[Holding:]** The Court of Appeals held that district court did not err by dismissing mortgage lender's action under first-to-file rule.

Affirmed.

West Headnotes (1)

[1]    **Federal Courts**
       👉 Trade, business, and finance

       District court did not err by dismissing mortgage lender's action against bank for declaration that bank's action in bankruptcy court seeking indemnification from lender was barred by statute of limitations and parties' settlement agreement from prior litigation, pursuant to first-to-file rule, where underlying facts in both cases related to mortgages originated by lender and sold to bank, bank's adversary proceeding presented the affirmative case for indemnification, while lender's declaratory judgment action asserted defenses to bank's affirmative case, and lender could have enforced forum selection clause of settlement agreement by seeking transfer of venue before bankruptcy court.

       2 Cases that cite this headnote

Appeal from the United States District Court for the Southern District of Texas, USDC No. 4:16-CV-2123

**Attorneys and Law Firms**

William A. Worthington, III, Conner & Winters, L.L.P., Houston, TX, Daniel E. Gomez, Conner & Winters, L.L.P., Tulsa, OK, for Plaintiff-Appellant

Michael A. Rollin, Maritza Dominguez Braswell, Rollin Braswell Fisher, L.L.C., Greenwood Village, CO, Robert Thompson Mowrey, Locke Lord, L.L.P., Dallas, TX, Jason Levi Sanders, Esq., Sanders Collins, P.L.L.C., Dallas, TX, for Defendant-Appellee

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

**Opinion**

**\*226** PER CURIAM:[*]

Plaintiff–Appellant Gateway Mortgage Group, L.L.C. ("Gateway") brought this declaratory judgment action against Lehman Brothers Holdings, Inc. ("LBHI") after LBHI sued Gateway in the U.S. Bankruptcy Court for the Southern District of New York. Applying the first-to-file rule, the district court dismissed this action without prejudice. For the reasons stated below, we AFFIRM.

## I. BACKGROUND

Gateway is an Oklahoma-based mortgage lender. In 2006, pursuant to a loan purchase agreement, Gateway sold a number of mortgages to Lehman Brothers Bank, FSB, which assigned these mortgages to LBHI. LBHI then packaged these mortgages together with mortgages originated by other lenders and sold them to investors, including the Federal National Mortgage Association ("Fannie Mae"). Many of the mortgages sold in this way wound up in foreclosure, precipitating the 2008 financial crisis and subsequent recession. LBHI declared bankruptcy in 2008.

In 2009, LBHI sued Gateway in Texas state court for breach of contract and breach of warranty regarding certain mortgages sold in 2006. The parties settled these claims in 2012. Pursuant to the settlement agreement, LBHI released its claims against Gateway; however, this release did not cover "any potential claims against [Gateway] that may result from Proofs of Claim filed against LBHI by creditors in LBHI's bankruptcy with respect to loans originated by [Gateway]." The parties also agreed that Harris County, Texas would be the "exclusive venue" for any disputes "aris[ing] under" the settlement agreement.

In LBHI's bankruptcy, Fannie Mae filed a proof of claim against LBHI for approximately $19 billion in 2009. LBHI later settled this claim for approximately $2 billion. LBHI in turn sought indemnification from Gateway and other originators of allegedly defective mortgages. In 2016, LBHI initiated an adversary proceeding in the U.S. Bankruptcy Court for the Southern District of New York against Gateway and 150 other mortgage originators. This adversary proceeding has since been severed into over one hundred separate proceedings.

Later in 2016, Gateway filed the instant declaratory judgment action in Texas state court. This action is in response to LBHI's demand for indemnification. Gateway seeks a declaration that (1) LBHI's claims are barred by the statute of limitations, (2) the claims are barred by the 2012 settlement agreement, (3) LBHI is not entitled to indemnification under the original loan purchase agreement, and (4) LBHI's recovery on these loans is limited to actual losses. After removing this action to federal court, LBHI moved to dismiss or transfer venue.

The district court granted LBHI's motion to dismiss without prejudice based on the first-to-file rule. The district court also noted that discretionary factors weighed in favor of dismissing the declaratory judgment action, *see St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994), and that the forum selection clause in the 2012 settlement agreement did not control. This appeal followed.

## II. DISCUSSION

We limit our discussion to whether the district court erred by dismissing this action **\*227** pursuant to the first-to-file rule. We review a district court's application of the first-to-file rule for abuse of discretion. *Int'l Fid. Ins. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677 (5th Cir. 2011). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "In deciding if a substantial overlap exists, this court has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.' " *Int'l Fid.*, 665 F.3d at 678 (footnotes omitted) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of the ILA*, 751 F.2d 721, 730 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

Here, the core issue is the same: LBHI's right to indemnification from Gateway. LBHI's adversary proceeding presents the affirmative case for indemnification, while Gateway's declaratory judgment action asserts defenses. The underlying facts in both cases relate to the mortgages originated by Gateway and sold to LBHI in 2006. Thus, the two cases substantially overlap and the district court did not err in applying the first-to-file rule.

Gateway argues that a compelling circumstance—namely, the existence of a forum selection clause—displaces the first-to-file rule in this case. We have noted that "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg.*, 439 F.2d at 407. The existence of a forum selection clause is not a compelling circumstance in this case because Gateway

**Gateway Mortgage Group, L.L.C. v. Lehman Brothers...,** 694 Fed.Appx. 225...

Case 1:18-cv-00068 Document 52-16 Filed on 05/29/18 in TXSD Page 4 of 4

is free to move for a transfer of venue before the bankruptcy court. Cf. *Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 3:13-CV-0585-G, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013) (noting that "the issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action"). Gateway does not contend that this procedural path would be prejudicial (apart from generally disparaging "bulk litigation" related to LBHI's bankruptcy). Moreover, as the district court noted, Gateway may return to the Southern District of Texas if its claims are not fully resolved in the Southern District of New York. Accordingly, the district court did not abuse its discretion by dismissing Gateway's declaratory judgment action without prejudice. We express no opinion on whether the forum selection clause is triggered by this dispute.

### III. CONCLUSION

For the foregoing reasons, the district court's dismissal without prejudice is AFFIRMED.

**All Citations**

694 Fed.Appx. 225

Footnotes

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.