**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO**
**NEW JERSEY'S MOTION TO INTERVENE**

New Jersey does not qualify for intervention as a matter of right under Rule 24(a). It shares the same ultimate objective as Defendant-Intervenors, individual DACA recipients who are defending the challenged program. As such, it is presumed that Defendant-Intervenors will adequately represent New Jersey's interests. Unlike the potential DAPA recipients who intervened in 2015, New Jersey makes no attempt to rebut that presumption by pleading adversity of interest, collusion, or nonfeasance—and it could not make that showing even if alleged.

Nor should New Jersey be granted permissive intervention under Rule 24(b). At the outset, the existence of a party that adequately represents New Jersey's interests undercuts its permissive-intervention request. Beyond that, New Jersey brings no new issues to the case, and its entrance would force the Plaintiff States to expend time and resources responding to New Jersey's arguments and deposing its witnesses. New Jersey's interests can be appropriately served with an *amicus* brief.

1

## I.     New Jersey Is Not Entitled to Intervene as a Matter of Right.

Rule 24(a)(2) of the Federal Rules of Civil Procedure governs mandatory intervention. A party seeking to intervene as of right must satisfy four requirements. *See* Fed. R. Civ. P 24(a)(2). Dispositive here is the fourth requirement: "[T]he applicant's interest must be inadequately represented by the existing parties to the suit." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citation and quotations omitted). Given the Defendant-Intervenors' presence in this suit, New Jersey cannot satisfy this element. *See Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578–79 (5th Cir. 2007). New Jersey thus does not qualify for intervention under Rule 24(a).

### A.     New Jersey and the Defendant-Intervenors share the same ultimate objective, so adequacy of representation is presumed.

In its intervention request, New Jersey points to DACA's sweeping impact. It cites, for example, the effect on state institutions (such as colleges and universities), the state treasury, and New Jersey businesses. ECF No. 42 at 9–14. There is no dispute that DACA has dramatically affected all States, including by imposing on them considerable financial costs that they would not otherwise incur but for DACA. *See* ECF No. 1 at 52–56; ECF No. 5 at 40–42. Indeed, this impact supports the Plaintiff States' challenge to the 2012 memorandum that created DACA, ECF No. 1 at 70–72, and it justifies enjoining DACA in the interim, ECF No. 5 at 10–13, 40–42.

But New Jersey must do more than identify DACA's far-reaching effect to establish a right to intervene. It bears the burden to demonstrate "that the representation of [its] interest [by the existing parties] may be inadequate." *Texas v.*

2

*United States*, 805 F.3d 653, 661 (5th Cir. 2015) (citations and quotations omitted).[1] The proper inquiry focuses not on whether there is any variation in the parties' interests, but on whether the same outcome would serve those alleged interests. Adequate representation is presumed when "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Brumfield*, 749 F.3d at 345 (citation and quotations omitted). To overcome this presumption, the proposed intervenor must show "adversity of interest, collusion, or nonfeasance" by the existing party. *Texas*, 805 F.3d at 661–62 (citation and quotations omitted).

New Jersey does not allege it has a different "ultimate objective" than the Defendant-Intervenors. Nor could it plausibly do so, as New Jersey shares the same overarching goals as the Defendant-Intervenors: defend DACA and oppose any halt to the program.[2] At most, New Jersey indicates it will suffer a different *type* of harm than DACA recipients if the Plaintiff States prevail. But this misses the mark: it is the shared desire in the *outcome* of the litigation that creates a presumption of adequacy. *See, e.g.*, *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 168 (5th Cir. 1993) (affirming denial of motion to intervene by class of schoolchildren who sought

---

[1] To be sure, the Fifth Circuit has held that a proposed intervenor's burden to show inadequate representation is "minimal." *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc). But it also has emphasized that this burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Texas*, 805 F.3d at 661 (citations and quotations omitted); *accord Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014) (per curiam) (affirming denial of motion to intervene, reasoning that the inadequate-representation requirement "must have some teeth").

[2] *See, e.g.*, ECF No. 42 at 1 ("[T]he State's interests would be seriously harmed if this Court enjoined [DACA]."); *id.* ("DACA itself is lawful."); *id.* at 17 (arguing that Plaintiffs' requested nationwide injunction of DACA "may 'impair or impede' New Jersey's ability to protect" its interests); ECF No. 14 at 1 (alleging impact on Defendant-Intervenors "[i]f DACA is enjoined"); *id.* at 3–4 (same); *id.* at 18 ("Defendant-Intervenors seek to preserve their deferred action grants pursuant to DACA.")

"the same outcome" as defendant school district); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (noting that the relevant issue was the validity of school-prayer law and "the Attorney General, in defending that statute, can assert the rights of all Mississippians affected by the law," including the proposed intervenors). Because New Jersey and the Defendant-Intervenors share the same ultimate objective, it is presumed that the Defendant-Intervenors will adequately represent New Jersey's interests in this suit.

### B.   New Jersey cannot overcome the presumption that Defendant-Intervenors adequately represent its interests.

New Jersey has not rebutted the presumption of adequate representation. It has not claimed—let alone shown—any "adversity of interest, collusion, or nonfeasance on the part of" Defendant-Intervenors. *Texas*, 805 F.3d at 661–62. New Jersey simply maintains, without any elaboration, that it cannot be "fully represented by" the Defendant-Intervenors. ECF No. 42 at 19. But New Jersey's motion disproves any possible adversity of interest, and there is nothing to suggest collusion or nonfeasance on the part of Defendant-Intervenors.

New Jersey claims, for example, that it seeks to protect its "quasi-sovereign interest in protecting the health and well-being of its residents." *Id.* at 4. On this point, New Jersey submits declarations from four DACA recipients—and one from the spouse of a DACA recipient—residing in New Jersey. *See* ECF No. 40, App. A, Tabs 3, 5–8. These individuals describe how terminating DACA will affect them personally. *See, e.g., id.* App. A, Tab 3 ¶ 9; *id.* App. A, Tab 5 ¶ 11. The Defendant-Intervenors offered similar averments in their intervention motion and declarations.

*See, e.g.*, ECF No. 14 at 1–4; *id.* App. A, Tabs 2–23. There is no adversity of interest here. New Jersey offers nothing to the contrary in its request.

Nor is there adversity of interest based on New Jersey's desire to protect its "proprietary" and "sovereign" interests. ECF No. 42 at 18–19 (identifying interests in "securing qualified employees at state institutions," "protecting the State's public colleges and universities," and "preventing family separation"). New Jersey alleges these interests "are not, and could not, be fully represented by" the Defendant-Intervenors, *id.* at 19, but it makes no effort to explain why this is so. In any event, the Fifth Circuit has indicated that to establish adversity of interest, a putative intervenor must assert more than an abstract claim of a broader public interest. *See, e.g., Texas*, 805 F.3d at 663 (citing *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999), for the proposition that "[t]he general notion that the [government] represents 'broader' interests at some abstract level is not enough" under Rule 24(a)). The same holds true here, where New Jersey relies on sweeping claims of "proprietary" and "sovereign" interests but does not allege that those interests are in any way adverse to those of Defendant-Intervenors.

New Jersey's motion is distinguishable from the Jane Does' request in the DAPA litigation. There, prospective DAPA recipients sought to intervene in defense of the challenged deferred-action program. *Texas*, 805 F.3d at 655. The Fifth Circuit allowed the intervention, holding that the Jane Does rebutted any presumption that the federal government adequately represented their interests. *Id.* at 661–63. The Jane Does did so by showing adversity of interest—*i.e.*, that their "interests diverge[d]

from the putative representative's interests in a manner germane to the case." *Id.* at 662. The Fifth Circuit pointed to the federal government's position "that the States may refuse to issue driver's licenses to deferred action recipients." *Id.* at 663. This position was "directly adverse to the Jane Does, who are eligible for deferred action." *Id.* And the disagreement "ar[ose] directly from their divergent interests"—namely, the federal government "has an institutional interest in shielding its actions from state intervention through the courts, whereas the Jane Does' interest is in working and providing for their families, for which a driver's license is beneficial." *Id.*; *see also Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (private association seeking to intervene as defendant did not intend to defend all challenged statutory provisions, whereas the state agency did); *Entergy Gulf States La., L.L.C. v. EPA*, 817 F.3d 198, 204–05 (5th Cir. 2016) (parties' divergent approach on issues germane to the case—whether to stay or bifurcate the proceeding—warranted intervention); *Brumfield*, 749 F.3d at 346 ("[T]he parents are staking out a position significantly different from that of the state, which apparently has conceded the continuing jurisdiction of the district court.").

There is no such adversity between New Jersey and the Defendant-Intervenors. New Jersey has not suggested it would take any positions adverse to the Defendant-Intervenors, much less that their interests may diverge "in a manner germane to the case." *Texas*, 805 F.3d at 662–63; *Entergy Gulf States La.,* 817 F.3d at 204–05. Nor has New Jersey indicated that the Defendant-Intervenors will defend only certain portions of the challenged DACA program. *See Wal-Mart Stores,* 834 F.3d

at 569. And New Jersey has not otherwise shown that its defense of DACA would be "significantly different" than the Defendant-Intervenors in any meaningful way. *See Brumfield,* 749 F.3d at 346. Thus, New Jersey has not rebutted the presumption that the Defendant-Intervenors will adequately represent its interests in this suit. New Jersey is not entitled to intervene as a matter of right.

## II.   New Jersey Should Not Be Granted Permissive Intervention.

So too for New Jersey's request for permissive intervention. Permissive intervention is "wholly discretionary" and can be denied even if there is a common question of law or fact. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc) ("*NOPSI*"). Rule 24(b) provides that courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And, in exercising their discretion, district courts can take into account whether the proposed intervenor will "significantly contribute to full development of the underlying factual issues in the suit." *NOPSI,* 732 F.2d at 472 (citations and quotations omitted).

District court decisions on Rule 24(b) motions receive an "exceedingly deferential" standard of review. *Ingebretsen*, 88 F.3d at 281. Absent a "clear abuse of discretion," the district court's ruling will stand. *Cajun Elec. Power Coop., Inc. v. Gulf States Utils., Inc.*, 940 F.2d 117, 121 (5th Cir. 1991). Reflecting this deferential standard, the Fifth Circuit has "never reversed a denial of permissive intervention." *Ingebretsen*, 88 F.3d at 281 (citation and quotations omitted).[3] At the same time, it

---

[3] Plaintiffs are aware of no Fifth Circuit case after *Ingebretsen* reversing a district court's denial of a Rule 24(b) motion.

has repeatedly affirmed the denial of a permissive-intervention request. *See, e.g., Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam); *Pruett v. Harris Cnty. Bail Bond Bd.*, 104 F. App'x 995, 997 (5th Cir. 2004) (per curiam).

New Jersey is not entitled to permissive intervention. To begin, it cannot rebut the presumption of adequate representation. That alone justifies denying its request as unnecessary and needlessly complicating the litigation. *See, e.g., Staley*, 160 F. App'x at 414 (denial of permissive intervention was proper where another party "adequately represents [intervenor's] interests in this case"); *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 416 (5th Cir. 1991) (same).

What is more, New Jersey would add nothing to this case except undue burden on the other parties and potential delay. New Jersey explains that it would "participate fully in developing the underlying facts and issues contemplated in this case." ECF No. 42 at 5. To that end, New Jersey provides declarations from thirteen individuals—including an "expert on immigration politics and policy," three "tax policy experts," an economist, DACA recipients, and state officials—covering myriad topics at issue in this suit. *See* ECF No. 40, App. A, Tabs 1–10, 18. If New Jersey is permitted to intervene, the Plaintiff States will be forced to spend time and resources addressing New Jersey's contentions—along with its extensive list of witnesses— through briefing and discovery. For all that, New Jersey brings no new issues to the litigation. *See Ingebretsen*, 88 F.3d at 281 (finding that district court did not err in denying permissive intervention that brought no new issues and would have achieved no purpose aside from delay); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d

704, 711–12 (11th Cir. 1991) (affirming denial of permissive intervention that would have increased the number of witnesses and collateral issues).

In these circumstances, the Fifth Circuit recognized the proper role for such proposed intervenors:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.

*Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam) (citation and quotations omitted) (affirming denial of county association's motion for permissive intervention as defendant in statewide challenge to county-jail conditions). That is precisely the situation that New Jersey's request presents here. The Plaintiff States have no objection to New Jersey's participation as *amicus curiae*. *See id.*; *NOPSI*, 732 F.2d at 473. But intervention is unwarranted.

## CONCLUSION

New Jersey's objective is so aligned with Defendant-Intervenors that the two parties filed the exact same proposed briefing schedule, seeking to delay this proceeding by months. New Jersey has not shown the adversity of interest, collusion, or nonfeasance needed to overcome the presumption of adequate representation. Its presence at this point would only needlessly complicate the litigation, particularly given the impending July 23, 2018 reinstitution of the DACA program.

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ALAN WILSON
Attorney General of South Carolina

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge

PATRICK MORRISEY
Attorney General of West Virginia

Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on June 6, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Todd Lawrence Disher_
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**