# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, *et al.*, <br><br> Defendants. | Case No. 18-cv-00068 |

## FEDERAL DEFENDANTS' RESPONSE TO
## STATE OF NEW JERSEY'S MOTION TO INTEREVNE

On May 1, 2018, the State of Texas filed this action under the U.S. Constitution and Administrative Procedure Act, seeking to "rescind and cancel all DACA permits currently in existence because they are unlawful," and alternatively seeking "a remedy that enjoins Defendants from issuing or renewing DACA permits in the future, effectively phasing out the program within two years." Dkt. No. 1 at ¶ 16. On May 2, 2018, Texas moved for a preliminary injunction to "enjoin the 2012 memorandum creating DACA, for the same reasons that this Court enjoined the 2014 memorandum creating DAPA and Expanded DACA." Dkt. No. 5 at 2. On May 8, 2018, twenty-two alleged DACA recipients moved to intervene as Defendants, Dkt. Nos. 13, 14, which the Court granted on May 15, 2018. Dkt. No. 22. On May 21, 2018, the State of New Jersey also moved to intervene as a defendant. Dkt. Nos. 39, 40, 42.

## STATEMENT OF THE ISSUES

New Jersey seeks leave to intervene as a defendant because it alleges that "terminating DACA would seriously harm the State and DACA itself is lawful." Dkt. No. 42 at 1. The harms that New Jersey alleges are to: "proprietary interests by harming state institutions that employ DACA grantees and by harming New Jersey's public colleges and universities;" "the state treasury and state economy;" and "sovereign and quasi-sovereign interests, including its interests in protecting the health and wellbeing of its residents and enforcing its criminal laws." *Id*. at 1-2.

## SUMMARY OF THE ARGUMENT

The Court should deny New Jersey's motion to intervene under Federal Rules of Civil Procedure 24(a) and (b). First, New Jersey has not met its burden to overcome the presumption of adequacy based on the intervention of individual DACA recipients. Second, New Jersey has not established a protectable interest in the continuation of DACA.[1]

## ARGUMENT

The movant bears the burden of establishing its right to intervene; however, Rule 24 is liberally construed. *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (citations omitted). The Fifth Circuit accepts a movant's factual allegations as true in deciding a motion to intervene. *Id*.

In order to intervene as of right, a party seeking to intervene as of right must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of

---

[1] Federal Defendants do not concede that the other requirements for intervention are satisfied, but limit argument to these issues because the motion can and should be denied on those bases alone.

the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Fed. R. Civ. P. 24(a). With regard to adequacy, "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987), *citing Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984).

A court may also permit a party to permissively intervene if the intervenor: (1) timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) has an independent basis for jurisdiction, if jurisdiction in the original action was based on diversity of citizenship. Fed. R. Civ. P. 24(b) (1); *Harris v. Amoco Prod. Co*., 768 F.2d 669, 675 (5th Cir. 1985). Permissive intervention, however, "is wholly discretionary . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co*., 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc) (quoting 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1913, at 376–77 (2d ed. 1986)), *cert. denied*, 469 U.S. 1019 (1984). In considering a request for permissive intervention the district court may consider, among other factors, whether the intervenor's interests are adequately represented by other parties, *id*. at 472, and whether intervention will unduly delay the proceedings or prejudice existing parties, Fed. R. Civ. P. 24(b). *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289–90 (5th Cir. 1987). Additionally, an intervening party must have "'independent jurisdictional grounds' to intervene permissively under Rule 24(b)." *Amoco Prod. Co*., 768 F.2d at 675; *In re Enron Corp. Sec., Derivative & "ERISA" Litig*., 229 F.R.D. 126, 130 (S.D. Tex. 2005).

## I.      New Jersey Cannot Overcome the Presumption of Adequacy

Not only has New Jersey failed to meet its burden to overcome the presumption of adequacy based on the intervention of individual DACA recipients, but New Jersey does not even attempt to overcome this presumption. New Jersey only argues that its interests "are not, and could not, be fully represented by the Defendants or the MALDEF Defendant-Intervenors." Dkt. 42 at 18-19. However, this argument fails to address whether New Jersey has a different ultimate objective or the grounds to overcome the presumption of adequacy – "adversity of interest, collusion, or nonfeasance." *Kneeland*, 806 F.2d at 1288. Rather, a comparison of Defendant-Intervenors' answer and New Jersey's proposed answer reveal that both parties seek the same relief and have virtually the same affirmative defenses. *Compare* Dkt. No. 23 at 81 ("1. That Plaintiffs' Complaint and each cause of action therein be dismissed with prejudice; 2. That Plaintiffs take nothing by way of the Complaint; 3. That Defendant-Intervenors be awarded costs of the suit and attorneys' fees herein; 4. That the Court order such other and further relief for Defendant-Intervenors as the Court may deem appropriate."); *with* Dkt. No. 39 at 78 (same, but substituting New Jersey or Defendant-Intervenor State of New Jersey for Defendant Intervenors); *also* c*ompare* Dkt. No. 23 *with* Dkt. No. 39 (adding twelfth affirmative defense based on comity).

Although the purported interests of New Jersey may be different than those of individual DACA recipients, New Jersey has not shown that the existing Defendants-Intervenors would be inadequate representatives, especially where New Jersey's arguments are already being made by Defendants-Intervenors, and there is now showing that New Jersey "adds some necessary element to the process which would not be covered by the parties in the suit." *See United Nuclear Corp. v. Cannon*, 696 F.2d 141, 144 (1st Cir. 1982), *quoting Blake v. Pallan*, 554 F.2d

954-55 (9th Cir. 1977). Accordingly, because New Jersey failed to demonstrate that its interests would not be represented by Defendants-Intervenors, the Court should deny New Jersey's motion under both Rules 24(a) and (b). Notwithstanding such ruling, in these circumstances, the proper role for the putative intervenors is as amici, so as not to further complicate the litigation by the introduction of additional litigants and avoid unnecessary redundancy.

## II.    New Jersey Does Not Have A Significantly Protectable Interest In The Continuation Of DACA.

New Jersey contends that it has "concrete, personalized, and legally protectable" interests to intervene in this action to seek the continuation of DACA.  In particular, New Jersey claims that terminating DACA would harm the state's propriety, quasi-sovereign, and sovereign interests.  In the related DACA-rescission cases, the United States has argued that California and New York lack standing to challenge the rescission of DACA because these same claims do not amount to legally cognizable interests.  *See, e.g., Alfred L. Snapp & Son v. Puerto Rico*, 458 U.S. 592, 610 n.16 (1982) (explaining that "[a] State does not have standing as *parens patriae* to bring an action against the Federal Government" on behalf of its citizens); *Massachusetts v. Mellon*, 262 U.S. 447, 485–86 (1923) ("it is no part of [a state's] duty or power to enforce [its citizens'] rights in respect of their relations with the federal government").

These principles apply with particular force here. New Jersey's alleged interests are not sufficiently concrete or legally protectable because the State is seeking the continuation of DACA to prevent alleged harms to its residents, employees, tax base, health expenditures, and educational expenses or experiences. *See* Dkt. No. 42 at 9-16. In this way, New Jersey's alleged interests are unlike those of the individual DACA recipients recognized by the Fifth Circuit in *Texas*, 805 F.3d at 660-61, and far afield of the State of Texas' interests addressed by the Fifth

Circuit in *Sierra Club v. City of San Antonio*, 115 F.3d 311, 315 (1997), that included sovereign interests related to statutory, regulatory, and specific state-based policy schemes.

It would be extraordinary to find sufficient interest for intervention based on such assertions by a State, as virtually any enforcement of federal law by a federal agency could have such effects. The unavoidable reality that the enforcement of the immigration laws will inevitably have some derivative effects on a State or its residents does not give it carte blanche to join in litigation to challenge those enforcement decisions.

## CONCLUSION

For the foregoing reasons, the Court should deny New Jersey's motion to intervene.

Dated: June 6, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

Attorneys for Federal Defendants

6

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2018, this document was electronically filed with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS