IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, *et al.*, § <br> § <br> Defendants, § <br> § <br> and § <br> § <br> KARLA PEREZ, *et al.*, § <br> § <br> Defendant- § <br> Intervenors. § | Case No. 1:18-CV-68 |

**DEFENDANT-INTERVENORS' APPLICATION FOR LEAVE
TO CONDUCT DISCOVERY OF FEDERAL DEFENDANTS**

Defendant-Intervenors Karla Perez, *et al.*, (collectively, "Defendant-Intervenors"), file this application for leave to take discovery of Kirstjen M. Nielsen, Secretary of the United States Department of Homeland Security; Kevin K. McKeAleenan, Commissioner of U.S. Customs and Border Protection; Thomas D. Homan, Deputy Director and Acting Director of U.S. Immigration and Customs Enforcement; L. Francis Cissna, Director of U.S. Citizenship and Immigration Services; and Carla L. Provost, Acting Chief of U.S. Border Patrol (hereinafter, "Federal Defendants"). Defendant-Intervenors file this application pursuant to the Court's instruction regarding discovery of Federal Defendants. *See* Initial Pretrial Conference Tr. 41:22-42:4 ("[I]f they have a reason to do discovery, they can apply to me for it."). Defendant-Intervenors seek leave to conduct discovery focused on information that is relevant to the legal issues raised by

1

Plaintiffs' motion for preliminary injunction, including information related to current implementation of DACA.

Federal Defendants oppose discovery propounded on them by Defendant-Intervenors. *See* Dkt. 49 at 2 and Initial Pretrial Conference Tr. 41:22-42:4 (requesting an order "precluding any discovery of the federal Defendants."). The Court's May 31, 2018, Order states that any "party who wishes to seek discovery from Federal Defendants, except for discovery from an outside expert retained by Federal Defendants, must seek leave from the Court to do so." Dkt. 53.

Defendant-Intervenors sought discovery of Federal Defendants by agreement on June 5, 2018 and served 2 interrogatories and one request for production. *See* Emails between Defendant-Intervenors and Federal Defendants, attached as Ex. 1. Federal Defendants responded that "pursuant to Judge Hanen's rulings, Federal Defendants will not respond to your discovery request without a Court order." *See* attached Ex. 1, Emails. Defendant-Intervenors now seek that court order.

Defendant-Intervenors should be permitted to take discovery of Federal Defendants regarding facts that are relevant to claims made by Plaintiffs in their motion for preliminary injunction and that are unavailable to Defendant-Intervenors. As parties to this case, Defendant-Intervenors "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Generally, discovery rules apply to the federal government as they would to any private litigant. *See In re Vioxx Prod. Liab. Litig.*, 235 F.R.D. 334, 338 (E.D. La. 2006) (when the government is a party, it is subject to discovery rules) *citing United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958); *see also Amchem Prod., Inc. v. GAF Corp.*, 64 F.R.D. 550, 553 (N.D. Ga. 1974) ("[federal] discovery rules

[…] apply to the United States in litigation in the same fashion as to any other litigant") *citing* 8 Wright & Miller, Federal Practice and Procedure, Civil § 2019 at 153 (1970).

Defendant-Intervenors seek discovery of relevant information related to the implementation of the DACA initiative.  In addition to the fact that Federal Defendants have asserted no privilege regarding Defendant-Intervenors' proposed discovery, the information that Defendant-Intervenors seek in this case is not available to them by any other means, including in the record of the DAPA case, *State of Texas et al v. United States of America, et al.*, No. 1:14-cv-00254 (S.D.Tex. 2017). Defendant-Intervenors seek information on how DACA applications are received and adjudicated, including current agency guidelines, use of discretion in adjudicating applications, and any changes in adjudication practices since January 2017.   Federal Defendants have also changed how they track DACA applications since the DAPA litigation and Defendant-Intervenors seek this information as well.

Defendant-Intervenors respectfully request leave from the Court to conduct discovery of Federal Defendants and further request that the Court order Federal Defendants to respond on an expedited 10-day schedule to Interrogatories and Requests for Production of Documents.

Dated: June 7, 2018                                            Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)

110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on the 5th day of June, 2018, I contacted counsel for the Federal Defendants by electronic mail in order to ask if they would respond to discovery without an order from the Court. Counsel for Federal Defendants responded on the 6th day of June, 2018, by electronic mail that they would not respond to discovery without an order from the Court.

/s/ Nina Perales
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 7th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Nina Perales
Nina Perales

# Exhibit 1

| | |
|---|---|
| **From:** | Nina Perales |
| **To:** | Robins, Jeffrey (CIV); Hu, Daniel (USATXS); Shumate, Brett A. (CIV); Celina Moreno; Alejandra Avila; Ernest Herrera |
| **Cc:** | Rachel Wainer Apter; Kenneth Levine; Jeremy Hollander |
| **Subject:** | RE: TX v US (DACA) Discovery Requests for United States |
| **Date:** | Wednesday, June 06, 2018 5:18:12 PM |

Dear Jeff,

Thank you very much for your response.  We will note your opposition, as indicated below, in our planned motion to take discovery.

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Wednesday, June 06, 2018 5:07 PM
**To:** Nina Perales; Hu, Daniel (USATXS); Shumate, Brett A. (CIV); Celina Moreno; Alejandra Avila
**Cc:** Rachel Wainer Apter; Kenneth Levine; Jeremy Hollander
**Subject:** RE: TX v US (DACA) Discovery Requests for United States

Nina,

Thank you for your email. Given the early discovery that you seek here, and pursuant to Judge Hanen's rulings, Federal Defendants will not respond to your discovery request without a Court order. Additionally, the transcript from the status conference reflects Federal Defendants' position that no discovery is appropriate of Federal Defendants here, referring to the record of the prior proceeding as sufficient for the Court to make the legal determinations at issue.

Sincerely,

Jeff Robins

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Nina Perales [mailto:nperales@MALDEF.org]
**Sent:** Tuesday, June 05, 2018 11:33 PM

**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Hu, Daniel (USATXS) <Daniel.Hu@usdoj.gov>; Shumate, Brett A. (CIV) <bshumate@CIV.USDOJ.GOV>; Celina Moreno <cmoreno@MALDEF.org>; Alejandra Avila <Aavila@MALDEF.org>
**Cc:** Rachel Wainer Apter <Rachel.Apter@njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>
**Subject:** TX v US (DACA) Discovery Requests for United States

Dear Mr. Robins,

Please find attached Defendant Intervenors' first set of discovery requests for the United States.  We would appreciate your response indicating whether the U.S. intends to respond to these discovery requests or whether you require us to secure an order from the court permitting Defendant Intervenors to take discovery of the U.S.

Thank you,

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 1:18-CV-68 |
| § | |
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| KARLA PEREZ, *et al.*, § | |
| § | |
| Defendant- § | |
| Intervenors. § | |

## ORDER

Pending before the Court is Defendant-Intervenors' Application for Leave to Conduct Discovery of Federal Defendants. After careful consideration, the Court is of the opinion that the application has merit and should be GRANTED.

Accordingly, it is hereby ORDERED that:

_____	Defendant-Intervenors have leave to take discovery of Federal Defendants.

_____	Federal Defendants must respond to Interrogatories and Requests for Production of Documents on a 10-day expedited schedule.

Signed this _____ day of _____, 2018.

_____
Andrew S. Hanen
United States District Judge