**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' SUPPLEMENTAL APPLICATION FOR LEAVE TO
CONDUCT DISCOVERY OF FEDERAL DEFENDANTS**

As ordered by the Court on this date, Defendant-Intervenors Karla Perez, *et al.,* file this Supplemental Application for Leave to Conduct Discovery of Federal Defendants. *See* Order at Dkt. No. 79.  Defendant-Intervenors seek leave from the Court to conduct discovery in order to obtain information relevant to their claims and defenses and to the claims and defenses of the Federal Defendants.  Defendant-Intervenors incorporate the arguments that they made in their Application for Leave to Conduct Discovery filed on June 7, 2018.  *See* Dkt. No. 65.

It is appropriate to grant leave to Defendant-Intervenors to conduct discovery of Federal Defendants for three reasons.  First, Federal Defendants are the sole custodians of the information sought by Defendant Intervenors.  Second, the information sought lies at the heart of the first prong of the preliminary injunction analysis – whether Plaintiffs are likely to prevail on the merits

of their claims.  Third, Federal Defendants have aligned themselves with Plaintiffs on the merits. *See* Dkt. 71 ("The United States agrees with the State of Texas and other Plaintiffs that the policy known as Deferred Action for Childhood Arrivals (DACA) is unlawful.").  Without discovery by Defendant Intervenors, critical information about the implementation of DACA which tends to support the position of Defendant Intervenors will be inaccessible and may never enter the record. Federal Defendants cannot claim that Defendant-Intervenors are conducting inappropriate early discovery.  *See* Fed. R. Civ. P. 30(a)(2)(A)(iii).  As demonstrated by Exhibits 1 and 2, Defendant-Intervenors seek very basic information typically disclosed under Fed. R. Civ. P. 26.  Because the case is in the preliminary injunction stage, this information will necessarily be limited to Federal Defendants' planned documents and witnesses for their response to Plaintiffs' motion for preliminary injunction.  *See e.g.* Exh. 2 at 3 (limiting requests for production to any expert witnesses who will offer testimony in support of Federal Defendants for the preliminary injunction briefing).

Exhibit 3 contains discovery requests narrowly tailored to secure information regarding the processing of DACA applications over the course of DACA's implementation.  *See* Exh. 3. These requests are aimed at discovering information relevant to Plaintiffs' claim that they are likely to prevail on the merits because DACA adjudications are not discretionary and do not involve prosecutorial discretion.  *See* Motion for Preliminary Injunction, Dkt. No. 5 at 1 (claiming DACA is not an "exercise of prosecutorial discretion" but instead involves "rubber-stamping applications" and thus is "a paradigmatic example of prohibited executive lawmaking."). Discovery of such information is not only appropriate for the reasons listed above, but also because such information is central to Plaintiffs' injunctive relief request and is unavailable to Defendant-Intervenors via other means, including discovery conducted of Plaintiffs.

For the foregoing reasons and for the reasons stated in their Application for Leave to Conduct Discovery filed on June 7, 2018 (Dkt. No. 65), Defendant-Intervenors respectfully provide their proposed document discovery requests and renew their request for leave to conduct discovery of Federal Defendants.

Dated: June 13, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA  95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)

P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 13th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' FIRST SET OF DISCOVERY REQUESTS TO**
**DEFENDANTS**

TO:   Defendants United States of America, *et al.*, by and through Jeffrey S. Robins, Attorney
in Charge, U.S. Department of Justice, Civil Division, Office of Immigration Litigation,
District Court Section, P.O. Box 868, Washington, D.C. 20044,
(Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued

on May 30, 2018 (Dkt. 53), Defendant-Intervenors Karla Perez, Maria Rocha, Jose Magaña-

Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar

Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy

Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege,

Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-

Intervenors") request that Defendants respond to Defendant-Intervenors' First Set of Discovery

1

Requests to Defendants, which follows, within ten (10) days from the date on which they receive email service of these discovery requests.

Dated: June 5, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

2

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2018, I sent a true and correct copy of Defendant-Intervenors' First Set of Discovery Requests to Defendants by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Office of the General Counsel,
U.S. Department of Homeland,
Security 245 Murray Lane, SW Mail Stop 0485
Washington, DC 20528-0485
ogc@hq.dhs.gov

*/s/ Nina Perales*
Nina Perales

**<u>DEFINITIONS</u>**

The following terms are defined and used in these discovery requests as follows:

A. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C. "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on its behalf.

D. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E. To "identify" an individual means to state that individual's:
   a. full name;
   b. current or last known telephone numbers at business and home; and
   c. current or last known business and home addresses.

F. To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G. To "identify" an act, event, occurrence or communication means:
   a. to state its date;
   b. to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
   c. to describe where and how it took place; and
   d. to identify any document that constitutes or refers to such act, event, occurrence, or communication.

H. To "identify" a file means:

4

      a.  to state the title contained therein; and
      b.  to identify the person for whom the file is maintained.

I.  To "identify" a statement means:
      a.  to identify who made it;
      b.  to identify who took or recorded it;
      c.  to identify all persons, if any, present during the making thereof;
      d.  to state when, where and how it was taken or recorded; and
      e.  to identify who has current or last know possession, custody or control thereof.

J.  To "identify: a document means:
      a.  to identify all files in which it and all copies of it are found;
      b.  to identify its author;
      c.  to identify its addresses, if any;
      d.  to identify those who received a copy thereof;
      e.  to identify its current custodian or the person that had last known    possession, custody or control thereof;
      f.  to state the date of its preparation; and
      g.  to state its general subject matter giving a reasonably detailed description thereof.

K.  To "identify any other tangible thing means:
      a.  to identify what it is, giving a reasonably detailed description thereof;
      b.  to state when, where and how it was made, if applicable;
      c.  to identify who made it, if applicable; and
      d.  to identify its current custodian or the person that had last known    possession, custody or control thereof.

L.  The plural of any word used herein includes the singular, and the singular includes the plural.

M.  The masculine gender of any word used herein includes the feminine and the neutral genders.

N.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

O.  As used herein, the term "DACA initiative" or "DACA program" or "DACA" refers to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

P.  As used herein, the term "DACA recipients" means a person who has been granted deferred action pursuant to the DACA initiative.

## INTERROGATORIES

## INTERROGATORY NO. 1

Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## RESPONSE

## INTERROGATORY NO. 2

Please provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Defendants and that Defendants may use to support their claims or defenses, unless solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

## RESPONSE

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' interrogatories.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' SECOND SET OF REQUESTS FOR PRODUCTION
TO DEFENDANTS**

TO:    Defendants United States of America, *et al*., by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these requests for production on Defendants. You are requested to serve your responses to these discovery requests upon the undersigned counsel for Defendant-Intervenors within 10 days of service of these requests.

Dated: June 8, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)

1

Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 2: To the extent that the testimony of any expert will be offered in the preliminary injunction briefing, produce any reports, or, in the alternative, any document that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the last 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to paid for the study and testimony in the case.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3: Produce all communications between you (including your counsel) and your testifying expert witnesses relating to compensation for the expert's study or testimony, identifying facts or data that the expert considered in forming the opinions to be expressed, or identifying assumptions that the expert relied on in forming the opinions expressed.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4: Produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for your testifying expert witnesses in forming the opinions expressed.

RESPONSE:

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

## DEFENDANT-INTERVENORS' THIRD SET OF DISCOVERY REQUESTS TO DEFENDANTS

TO:   Defendants United States of America, *et al.*, by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these discovery requests on Defendants. You are requested to serve your responses to these discovery requests upon the undersigned counsel for Defendant-Intervenors within 10 days of service of these requests.

Dated: June 10, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)

1

(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 10, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

## I.   <u>DEFINITIONS</u>

The following terms are defined and used in these discovery requests as follows:

A.   The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B.   "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C.   "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D.   "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E.   The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F.   The term "DACA recipients" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G.   The term "USCIS" shall mean United States Citizenship and Immigration Services.

H.   The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I.   "Plaintiff State" shall refer to each of the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf.

J.   To "identify" an individual means to state that individual's:
   a.   full name;

      b.   current or last known telephone numbers at business and home; and

      c.   current or last known business and home addresses.

K.  To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.  To "identify" an act, event, occurrence or communication means:

      a.   to state its date;

      b.   to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;

      c.   to describe where and how it took place; and

      d.   to identify any document that constitutes or refers to such act, event, occurrence, or communication.

M.  To "identify" a file means:

      a.   to state the title contained therein; and

      b.   to identify the person for whom the file is maintained.

N.  To "identify" a statement means:

      a.   to identify who made it;

      b.   to identify who took or recorded it;

      c.   to identify all persons, if any, present during the making thereof;

      d.   to state when, where and how it was taken or recorded; and

      e.   to identify who has current or last know possession, custody or control thereof.

O.  To "identify" a document means:

      a.   to identify all files in which it and all copies of it are found;

      b.   to identify its author;

      c.   to identify its addresses, if any;

      d.   to identify those who received a copy thereof;

      e.   to identify its current custodian or the person that had last known    possession, custody or control thereof;

      f.   to state the date of its preparation; and

      g.   to state its general subject matter giving a reasonably detailed description thereof.

P.  To "identify" other tangible thing means:

      a.   to identify what it is, giving a reasonably detailed description thereof;

      b.   to state when, where and how it was made, if applicable;

      c.   to identify who made it, if applicable; and

      d.   to identify its current custodian or the person that had last known    possession, custody or control thereof.

Q.  The plural of any word used herein includes the singular, and the singular includes the

plural.

R. The masculine gender of any word used herein includes the feminine and the neutral genders.

S. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

T. The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

U. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

V. "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

W. "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

X. "You" and "your" shall mean the United States, as well as all other persons acting or purporting to act on behalf of the United States, including any attorney or other representative.

## II.     INSTRUCTIONS

A.     Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:
1. the type of document (e.g., letter, memorandum, report, etc.,);
2. the date;
3. the title;
4. the number of pages;
5. the author or addressor;
6. the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
7.  the subject matter of the document;
8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
9. any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the

application of the privilege asserted.

B.     If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C.     Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D.     For all documents in electronic, magnetic, or format other than paper, please produce in the following formats:  printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E.     If the documents are provided on an FTP site, a) all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

## III.   WARNINGS

A.     A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.     An evasive or incomplete production will be treated as a failure to produce the requested documents.

## **INTERROGATORIES**

## **INTERROGATORY NO. 3**

Please identify the number of initial DACA applications <u>received</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, of that number:

   a.   the number of initial DACA applications <u>approved</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

   b.   the number of initial DACA applications <u>denied</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

   c.   the number of initial DACA applications <u>rejected</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

## **RESPONSE**


## **INTERROGATORY NO. 4**

Please identify the number of renewal DACA applications <u>received</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, of that number:

   a.   the number of renewal DACA applications <u>approved</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

   b.   the number of renewal DACA applications <u>denied</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

   c.   the number of renewal DACA applications <u>rejected</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

## **RESPONSE**


## **INTERROGATORY NO. 5**

Please identify the average number of months it took USCIS to adjudicate an accepted

7

DACA initial application:

    a. For the period of June 2012 to January 2017
    b. For the period of February 2017 to June 2018

**RESPONSE**

**INTERROGATORY NO. 6**

Please identify the average number of months it took USCIS to adjudicate an accepted DACA renewal application:

    a. For the period of June 2014 to January 2017
    b. For the period of February 2017 to June 2018

**RESPONSE**

**INTERROGATORY NO. 7**

Please identify the offices within USCIS that evaluate and adjudicate DACA applications.

**RESPONSE**

**INTERROGATORY NO. 8**

Please identify the number of DACA applications adjudicated at each of the five service centers within the USCIS Service Center Operations Directorate (SCOPS) each year for the period of June 2012 to June 2018.

**RESPONSE**

**INTERROGATORY NO. 9**

Please identify the number of DACA <u>initial</u> applications USCIS has accepted and denied from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

    a. the number of DACA applications denied at least in part because the applicant was a suspected gang member, from each Plaintiff State for each month during the period of June 2012 to June 2018.

 b. the number of DACA applications denied at least in part because the applicant posed a threat to national security or public safety, from each Plaintiff State for each month during the period of June 2012 to June 2018.

 c. the number of DACA applications denied after the adjudicator determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

## RESPONSE

## INTERROGATORY NO. 10

Please identify the number of DACA <u>renewal</u> applications USCIS has accepted and denied from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

 a. the number of DACA applications denied at least in part because the applicant was a suspected gang member, from each Plaintiff State for each month during the period of June 2012 to June 2018.

 b. the number of DACA applications denied at least in part because the applicant posed a threat to national security or public safety, from each Plaintiff State for each month during the period of June 2012 to June 2018.

 c. the number of DACA applications denied after the adjudicator determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

## RESPONSE

## INTERROGATORY NO. 11

Please identify the number of <u>initial</u> DACA applications USCIS has accepted and subsequently issued Requests for Evidence ("RFEs") from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

 a. the number of RFEs related to whether the applicant was under the age of 31 as of June 15, 2012;

 b. the number of RFEs related to whether the applicant came to the United States before reaching his or her 16th birthday;

 c. the number of RFEs related to whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application;

 d. the number of RFEs related to whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action;

    e.  the number of RFEs related to whether the applicant had no lawful status on June 15, 2012;

    f.  the number of RFEs related to whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

    g.  the number of RFEs related to whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

**RESPONSE**


**INTERROGATORY NO. 12**

    Please identify the number of <u>renewal</u> DACA applications USCIS has accepted and subsequently issued Requests for Evidence ("RFEs") from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

    a.  the number of RFEs related to whether the applicant was under the age of 31 as of June 15, 2012;

    b.  the number of RFEs related to whether the applicant came to the United States before reaching his or her 16th birthday;

    c.  the number of RFEs related to whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application;

    d.  the number of RFEs related to whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action;

    e.  the number of RFEs related to whether the applicant had no lawful status on June 15, 2012;

    f.  the number of RFEs related to whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

    g.  the number of RFEs related to whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

**RESPONSE**

**INTERROGATORY NO. 13**

Please identify the number of approved, initial DACA applications submitted by individuals who indicated on their I-821D, in response to Part 3. Question 4., that their immigration status on June 15, 2012 was "Status Expired" or "Parole Expired," and who answered in the affirmative in response to Part 3. Question 5.a. ("Were you EVER issued an Arrival-Departure Record"), for each Plaintiff State for each month during the period of June 2012 to June 2018.

**RESPONSE**


**INTERROGATORY NO. 14**

Please identify the number of DACA recipients who adjusted their status to lawful permanent resident, for each Plaintiff State for each month during the period of June 2012 to June 2018, and identify among that number:

    a.  the number of DACA recipients who adjusted under 8 U.S.C. 1255(i)
    b.  the number of DACA recipients who adjusted under 8 U.S.C. 1255(a)

**RESPONSE**


**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 5**:

Produce all documents relating to guidelines followed by DHS, and any of its subsidiary agencies, departments, agents, and employees, to evaluate, process, and adjudicate Deferred Action for Childhood Arrivals ("DACA") applications, including, but not limited to: (1) internal agency documents, memoranda, and communications that set forth any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications;   (2) training materials provided to agents or employees related to DACA evaluations and adjudications; and (3) changes following January 20, 2017 in any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 6**:

Produce all documents relating to the process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates, processes, and adjudicates DACA applications, including but not limited to: (1) under what circumstances a DACA application is rejected, denied, or approved; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of DACA applications; (3) the procedure(s) employed by agents and employees who work in the evaluation and adjudication of DACA applications; and (4) changes in the process for evaluating, processing, and adjudicating DACA applications following January 20, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**

Produce documents showing the number of DACA applications received, rejected, denied, and approved, including but not limited to: (1) the number of initial DACA applications received, rejected, denied, and approved by each Plaintiff state, for each month during the period of June 2012 to June 2018; (2) the number of renewal DACA applications received, rejected, denied, and approved by each Plaintiff state, for each month during the period of June 2012 to June 2018; and (3) the number of DACA applications accepted but denied, during the period of June 2012 to June 2018, after the adjudicator determined the applicant met the five criteria in the June 15, 2012 DACA memorandum but was otherwise not a qualifying applicant, including because the applicant posed a threat to national security or public safety, by each Plaintiff state, for each month.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates and adjudicates applications or requests for deferred action other than DACA, including but not limited to: (1) under what circumstances an application or request is rejected, denied, or accepted; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of deferred action applications or requests; (3) and the procedure(s) employed by agents and employees who work in the evaluation and adjudication of deferred action applications or requests; and (4) any changes in the process by which DHS evaluates and adjudicates applications or requests for deferred action other than DACA since January 20, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents relating to the number of DACA applications received, rejected, denied, and approved at each of the five USCIS Service Centers, including but not limited to: (1) the number of initial DACA applications received, rejected, denied, and approved from each Plaintiff state, every month, during the period of June 2012 to June 2018; and (2) the number of renewal DACA applications received, rejected, denied, and approved from each Plaintiff state, every month, during the period of June 2012 to June 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents relating to the USCIS processing time of accepted and approved DACA applications, including but not limited to: (1) the amount of time that elapses between the date USCIS accepts an application and the time the application is approved; (2) the amount of time that elapses between the date USCIS approves an application and an applicant receives an employment authorization document; and (3) any changes in the processing time described above since January 20, 2017.

**RESPONSE:**