UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, *et al.*,<br><br>   Defendants,<br><br>*and*<br><br>KARLA PEREZ, *et al.*,<br><br>   Defendant-Intervenors. | Case No. 18-cv-00068 |

**FEDERAL DEFENDANTS' RESPONSE TO
DEFENDANT-INTERVENORS' APPLICATION FOR LEAVE
TO CONDUCT DISCOVERY OF FEDERAL DEFENDANTS**

**STATEMENT OF THE ISSUE**

Whether Defendant-Intervenors have established good cause to justify discovery of Federal Defendants regarding a legal issue for which there is also publicly available evidence.

**SUMMARY OF THE ARGUMENT**

The Court should deny the motion because Defendant-Intervenors fail to establish good cause to take early discovery from the Federal Defendants. The Court correctly decided at the initial status conference that the parties should not be permitted to obtain discovery from the Federal Defendants absent permission from this Court. No discovery is needed of Federal Defendants to resolve the legal questions presented in Plaintiffs' preliminary injunction motion.

1

To the extent any factual development is necessary, there exists an ample public record for the parties to reference without placing an unnecessary discovery burden on Federal Defendants.

## ARGUMENT

On May 30, 2018, the Court entered an order stating that "[a]ny party who wishes to seek discovery from Federal Defendants, except for discovery from an outside expert retained by Federal Defendants, must seek leave from the Court to do so." Dkt. No.53. The Court's order is consistent with the Federal Rules of Civil Procedure, which generally bar a party from seeking discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, a court may order early discovery for good cause shown. *Id.*; *Turner Indus. Grp., LLC v. Int'l Union of Operating Engineers, Local 450*, No. CIV.A. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013), *citing* 6A Charles Alan Wright, et al., Federal Rules of Civil Procedure § 2046.1 (3d ed. database updated Apr. 2013). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Turner Indus. Grp., LLC*, 2013 WL 2147515, at *3 (citations omitted).

A party seeking expedited discovery has the burden of showing good cause to justify such order. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011), *citing Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Factors include, *inter alia*: (1) the harm alleged by the moving party; (2) the specificity of the discovery request;[1] (3) the absence of alternative means to obtain the requested information; (4) the purpose of the expedited discovery request; and (5) the burden on the party

---

[1] *See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (discovery requests held to be narrowly tailored where Defendants' representative is not subjected to a free-ranging deposition); *Dimension Data North America, Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (considering that the discovery request was not narrowly tailored in denying plaintiffs' motion for expedited discovery).

asked to comply with the requests. *See*, *e.g.*, *Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-CV-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012); St. Louis Grp., Inc., 275 F.R.D. at 240 (citations omitted).

Defendant-Intervenors do not address this standard in their motion. Notably, Defendant-Intervenors' proposed order asks the Court to grant, without limitation, "leave to take discovery of Federal Defendants."[2] They argue that discovery is appropriate when the Government is a party and that they seek "relevant information to the implementation of the DACA initiative." Dkt. No. 65 at 3. Defendant-Intervenors also claim that "the information that Defendant-Intervenors seek in this case is not available to them by any other means, including the record of the DAPA case. . . ." Dkt. No. 65 at 3. Defendant-Intervenors offer no analysis why the information they seek through early discovery is necessary to respond to Plaintiffs' motion for preliminary injunction. *Id*. ("Defendant-Intervenors seek information on how DACA applications are received and adjudicated, including current agency guidelines, use of discretion in adjudication applications, and any changes in adjudication practices since 2017. Federal Defendants have also changed how they track DACA applications since the DAPA litigation and Defendant-Intervenors seek this information as well.").

While Defendant-Intervenors' supplemental motion for discovery in response to the Court's June 13 Order offers additional arguments, Dkt. No. 80, it nonetheless fails to explain why there is good cause to justify early discovery of Federal Defendants. Defendants-

---

[2] The implications of such order are particularly troubling given the increasing scope of Defendant-Intervenors' discovery demands, *see* Dkt. Nos. 80-1, 80-2, and 80-3, and also because both Defendant-Intervenors and Plaintiffs have noticed depositions of current and former government officials, apparently seeking information about their official duties. Notably, neither party has sought leave of Court to conduct these depositions. Federal Defendants are conferring with the other parties and may move forward with a motion to quash these depositions as early as tomorrow if no resolution is forthcoming.

Intervenors' assert that the discovery is necessary because the information sought "lies at the heart of the first prong of the preliminary injunction analysis," *id.* at 1, and assert the discovery requested in their third set are "narrowly tailored" and "are aimed at discovering information relevant to Plaintiffs' claim that they are likely to prevail on the merits because DACA adjudications are not discretionary and do not involve prosecutorial discretion." *Id.* at 2.

The Court should deny the motion for early discovery. First, the Court may disregard Defendant-Intervenors' second set of discovery requests as moot. Those requests relate solely to expert testimony, but the Federal Defendants will not be designating an expert witness.

Second, Defendant-Intervenors have not demonstrated why discovery is necessary to answer the purely legal question as to the legality of the Deferred Action for Childhood Arrivals ("DACA") policy. The Fifth Circuit ruled that DAPA and expanded DACA are substantively unlawful, *Texas v. United States*, 809 F.3d 134, 178-86 (5th Cir. 2015), and DACA suffers from the same legal defects, *see* Federal Defendants' Response to Plaintiffs' preliminary injunction motion, Dkt. No. 71 at 1. That purely legal question requires no factual discovery to answer in this case.

Third, Defendant-Intervenors have failed to show that the information they seek is not available through other means. Notably, the factual record on which this Court relied regarding the implementation of DACA in its prior ruling can readily be referred to in this case, and is available to Defendant-Intervenors.[3] *See Texas v. United States*, 86 F. Supp. 3d 591, 669-70, *aff'd*, *Texas*, 809 F.3d at 172-76. Further, the publicly available administrative record of Federal

---

[3] For ease of reference, Federal Defendants attach here the Declaration of Donald W. Neufeld, who spoke to the implementation of DACA. *See* Exhibit A, *Texas, et al. v. United States, et al.*, 14-cv-00254 (S.D. Tex.), Dkt, No. 130-11.

4

Defendants' decision to rescind the DACA policy addresses Federal Defendants' position regarding the lawfulness of DACA at its inception.[4] Moreover, discovery taken in the DACA rescission cases includes further discussion that appears to address the impetus of Defendant-Intervenors' requests.[5] And, USCIS offers publicly available statistics regarding DACA. *See* https://www.uscis.gov/tools/reports-studies/immigration-forms-data.

Finally, in light of the publicly available information, Defendant-Intervenors also fail to provide a valid purpose or sufficient specificity in support of their early discovery requests. Most notably, even if the Court assumed Defendant-Intervenors' allegations regarding the present processing of DACA requests to be true, Defendant-Intervenors' have not demonstrated the relevance of the current implementation of DACA to the question of its legality at inception, or why evidence from the DACA rescission cases does not adequately address their inquiries. Nor do Defendant-Intervenors explain why a six year period of data at such granular levels, such as data by State or USCIS service center, is necessary here. Absent this showing, there is no justification to burden Federal Defendants to collect data that is not collected in the ordinary course of business, and for which Federal Defendants may not have the ability to respond.

//
//
//

---

[4] Again, for ease of reference, Federal Defendants attach here one instance of the public filing of that administrative record. *See* Exhibit B, *Casa de Maryland v. Department of Homeland Security*, No. 17-cv-2942-RWT (D. Md.), Dkt. No. 26-1.

[5] Much of this discovery has been publicly filed in several of the DACA rescission cases. See, e.g., *Batalla Vidal v. Nielsen*, No. 16-cv-4756 (E.D.N.Y.), Dkt. No. 123-3 at 41-53 (excerpt of Donald Neufeld deposition). It appears that a full transcript of Mr. Neufeld's deposition testimony has not been publicly filed. As a courtesy, Federal Defendants submit Mr. Neufeld's deposition testimony here. *See* Exhibit C, Neufeld Deposition Transcript, *Battalla Vidal*, 16-cv-4756 (E.D.N.Y.).

## CONCLUSION

The Court should deny Defendant-Intervenors' motion for early discovery.

Dated: June 14, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I certify that on June 14, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS