**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

## DEFENDANT-INTERVENORS' APPLICATION FOR LEAVE TO CONDUCT DEPOSITIONS OF FEDERAL DEFENDANTS

Defendant-Intervenors Karla Perez, *et al.,* file this Application for Leave to Conduct Depositions of Federal Defendants.  Defendant Intervenors seek leave from the Court to conduct depositions of two current federal employees—a 30(b)(6) witness and Plaintiffs' declarant Kenneth Palinkas—in order to obtain information relevant to the parties' claims and defenses.  In support of this application to take depositions, Defendant Intervenors incorporate the arguments that they made in their applications for leave to conduct discovery filed on June 7 and 13, 2018. *See* Dkt. Nos. 65 and 80.

An order permitting depositions of Federal Defendants is appropriate because Federal Defendants are the sole custodians of the information Defendant Intervenors seek and because the

information that these witnesses possess goes directly to Plaintiffs' claimed likelihood of success on the merits of their claims (a necessary showing for their preliminary injunction request).

More specifically, the 30(b)(6) witness or witnesses whom Defendant Intervenors seek to depose would testify regarding Department of Homeland Security (DHS) practices directly related to the current implementation of DACA, including the use of discretion in granting DACA applications. *See* Exh. 1, Defendant Intervenors 30(b)(6) Notice to Federal Defendants, at 4-6. The testimony of a 30(b)(6) witness for DHS is necessary for Defendant Intervenors to respond to Plaintiffs' claim in their motion for preliminary injunction that DACA does not involve the exercise of prosecutorial discretion and is thus unlawful. *See* Motion for Preliminary Injunction, Dkt. No. 5 at 1 (claiming DACA is not an "exercise of prosecutorial discretion" but instead involves "rubber-stamping applications" and thus is "a paradigmatic example of prohibited executive lawmaking.").

Defendant Intervenors also seek to depose a specific witness—Kenneth Palinkas—whose testimony Plaintiffs States have already entered into the record in support of their motion for preliminary injunction. *See* Dkt. 5 at 1 (Motion for Preliminary Injunction repeating assertion by Mr. Palinkas that DACA applications are "rubber-stamp[ed]"). Plaintiffs filed the declaration of Kenneth Palinkas, a USCIS employee, as an exhibit to their motion for preliminary injunction, disclosed Mr. Palinkas as a witness and made Mr. Palinkas available for deposition on June 19, 2018. *See e.g.* Exh. 6, Plaintiff States' Witness List.[1]

Mr. Palinkas testified in his declaration that: DACA "has further compromised and eroded the goals that USCIS Officers pursue every day;" DACA applicants "are not properly screened;" DACA applicants are "rubber stamped;" DACA applications "are not properly vetted;" and

---

[1] Defendant Intervenors also attach as an exhibit their notice of deposition of Kenneth Palinkas. *See* Exh. 2.

"USCIS has continually bypassed Congress and existing immigration law . . . with the enactment of the DACA program."  *See* Dkt 7 at 152-154 (Palinkas Declaration).  Plaintiffs offer the testimony of Mr. Palinkas in support of their request for a preliminary injunction on the grounds that DACA is unlawful.  Defendant Intervenors seek to depose Mr. Palinkas to learn the factual basis of his statements as well as other information relevant to Plaintiffs' claims in their motion for preliminary injunction.

Plaintiffs and Defendant Intervenors agree that Mr. Palinkas can and should be deposed. Federal Defendants have objected on the grounds that Mr. Palinkas is a "USCIS Immigration Services Officer" and cannot testify absent an order from this Court.  Exhibit 3, Email from Robins.

Defendant Intervenors conferred by letter with counsel for Federal Defendants on June 13, 2018, regarding both Mr. Palinkas and the proposed Rule 30 (b)(6) deposition.  Exh. 4, Letter from Nina Perales to Jeffrey S. Robins.  Defendant Intervenors further shared with Federal Defendants a proposed set of topics for the Rule 30 (b)(6) deposition on June 14, 2018.  Exhibit 1, Proposed Rule 30 (b)(6) Notice.  Federal Defendants have not agreed to depositions of federal employees.  Defendant Intervenors have made plans to travel to New York City to depose Mr. Palinkas on June 19, 2018, and Plaintiffs do not oppose his deposition.  *See* Exh. 5, E-mail from Counsel for Plaintiffs agreeing to deposition.

For the foregoing reasons and for the reasons stated in their Application and Supplemental Application for Leave to Conduct Discovery filed on June 7, 2018 (Dkt. No. 65), and June 13, 2018 (Dkt. No. 80), Defendant-Intervenors request leave to conduct depositions of employees or agents of Federal Defendants.

Dated: June 15, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA  95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that Defendant Intervenors conferred by letter with counsel for Federal Defendants on June 13, 2018, regarding both Mr. Palinkas and the proposed Rule 30 (b)(6) deposition.  Defendant Intervenors further shared with Federal Defendants a proposed set of topics for the Rule 30 (b)(6) deposition on June 14, 2018. Federal Defendants have not agreed to depositions of federal employees.  Plaintiffs do not oppose the deposition of Mr. Palinkas and have expressed no position on the proposed Rule 30 (b)(6) deposition.

*/s/ Nina Perales*
Nina Perales


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 15th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' NOTICE OF DEPOSITION UPON ORAL
EXAMINATION OF RULE 30(B)(6) WITNESS**

TO:   Defendant United States of America, by and through Jeffrey S. Robins, Attorney in Charge, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044, (Jeffrey.Robins@usdoj.gov).

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter, of Defendant United States of America, specifically the Department of Homeland Security ("DHS") which is an agency of Defendant United States of America.

Defendant United States of America has a duty under Rule 30(b)(6) to designate one or more employees, or other persons who consent to testify on its behalf, and such person(s) shall

testify as to the matters known or reasonably available to DHS, on the topics specified in the attached Schedule A.

The deposition shall take place on June _, 2018 at __ AM/PM, at the offices of the Mexican American Legal Defense and Educational Fund, which are located at 110 Broadway, Ste. 300, San Antonio, Texas 78208, until complete.

Said deposition, answers, and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: June _, 2018                                        Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

By: */s/ Celina Moreno*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899

Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was

sent on June _, 2018, via Certified Mail, Return Receipt Requested and electronic mail to:

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Todd L. Disher
Texas Attorney General's Office
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Office of the General Counsel,
U.S. Department of Homeland Security
245 Murray Lane, SW Mail Stop 0485
Washington, DC 20528-0485
ogc@hq.dhs.gov

*/s/ Celina Moreno*
Celina Moreno

**SCHEDULE A**

Pursuant to Rule 30(b)(6), Defendant-Intervenors Karla Perez, *et al*. set forth below the

following subject matter areas for the deposition of Defendant United States of America:

1. Any and all information related to guidelines followed by DHS, and any of its subsidiary agencies, departments, agents, and employees, to evaluate, process, and adjudicate Deferred Action for Childhood Arrivals ("DACA") applications, including, but not limited to: (1) internal agency documents, memoranda, and communications that set forth any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications; (2) training materials provided to agents or employees related to DACA evaluations and adjudications; and (3) changes following January 20, 2017 in any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications.

2. Any and all information related to the process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates, processes, and adjudicates DACA applications, including but not limited to: (1) under what circumstances a DACA application is rejected, denied, or approved; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of DACA applications; (3) the procedure(s) employed by agents and employees who work in the evaluation and adjudication of DACA applications; and (4) changes in the process for evaluating, processing, and adjudicating DACA applications following January 20, 2017.

3. Any and all information related to which offices within USCIS evaluates and adjudicates DACA applications.

4. Any and all information regarding the number of DACA applications adjudicated at each of the five service centers within the USCIS Service Center Operations Directorate (SCOPS) each year for the period of June 2012 to June 2018.

5. Any and all information related to the number of initial and renewal DACA applications received by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018 and, from among those numbers: (1) the number of applications rejected by the Department from each Plaintiff state for each month during the period of June 2012 to June 2018; (2) the number of applications accepted by the Department from each Plaintiff state for each month during the period of June 2012 to June 2018; (3) the number of applications approved by the Department from each Plaintiff state for each month during the period of June 2012 to June 2018; (4) the number of applications denied by the Department from each Plaintiff state for each month during the period of June 2012 to June 2018; and (5) documents or other evidentiary material created by or for, or in the possession of, DHS or any of its subsidiary agencies or departments regarding the above.

6. Any and all information related to the process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates and adjudicates applications or

4

requests for deferred action, other than DACA, including but not limited to: (1) under what circumstances an application or request is rejected, denied, accepted or granted; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of deferred action applications or requests; (3) and the procedure(s) employed by agents and employees to adjudicate deferred action applications or requests; and (4) any changes in the process or criteria used by DHS agents and employees to adjudicate applications or requests for deferred action other than DACA since January 20, 2017.

7. Any and all information relating to how DHS or any of its subsidiary agencies or departments tracks information about DACA applications.

8. Any and all information related to the USCIS processing time of accepted and approved DACA applications, including but not limited to: (1) the amount of time that elapses between the date USCIS accepts an application and the time the application is approved; (2) the amount of time that elapses between the date USCIS approves an application and the date an applicant receives an employment authorization document, if granted; and (3) any changes in the processing time described above since January 20, 2017.

9. Any and all information related to the number of initial and renewal DACA applications USCIS has accepted and denied from each Plaintiff State for each month during the period of June 2012 to June 2018, and from among those numbers: (1) the number of DACA applications denied at least in part because the applicant was a suspected gang member; (2) the number of DACA applications denied at least in part because the applicant posed a threat to national security or public safety; and (3) the number of DACA applications denied after the adjudicator determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

10. Any and all information related to the number of initial and renewal DACA applications USCIS has accepted and subsequently issued Requests for Evidence ("RFEs") from each Plaintiff State for each month during the period of June 2012 to June 2018, and from among those numbers: (1) the number of RFEs related to whether the applicant was under the age of 31 as of June 15, 2012; (2) the number of RFEs related to whether the applicant came to the United States before reaching his or her 16th birthday; (3) the number of RFEs related to whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application; (4) the number of RFEs related to whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action; (5) the number of RFEs related to whether the applicant had no lawful status on June 15, 2012; (6) the number of RFEs related to whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; (7) the number of RFEs related to whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

11. Any and all information regarding the number of approved, initial DACA applications submitted by individuals who indicated on their I-821D, in response to Part 3. Question 4., that their immigration status on June 15, 2012 was "Status Expired" or "Parole Expired," and who answered in the affirmative in response to Part 3. Question 5.a. ("Were you EVER issued an Arrival-Departure Record"), for each Plaintiff State for each month during the period of June 2012 to June 2018.

12. Any and all information regarding the number of DACA recipients who adjusted their status to lawful permanent resident, for each Plaintiff State for each month during the period of June 2012 to June 2018, and among that number: (1) the number of DACA recipients who adjusted under 8 U.S.C. 1255(i); and (2) the number of DACA recipients who adjusted under 8 U.S.C. 1255(a).

# EXHIBIT 2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas ▾

| | |
|---|---|
| State of Texas, et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:18-cv-00068 |
| United States of America, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Kenneth Palinkas, c/o Todd Disher, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas
78711-2548,   todd.disher@oag.texas.gov.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 26 Federal Plaza, Room 403, New York, NY  10278 | Date and Time: |
|---|---|
| | 06/19/2018 1:00 pm |

The deposition will be recorded by this method:     audio and stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/13/2018

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00068

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                         *Server's signature*

                                                 _____
                                                         *Printed name and title*

                                                 _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF KENNETH PALINKAS

TO:  Plaintiff State of Texas, et al., through their attorney of record: Todd Disher, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov.

YOU ARE HEREBY NOTIFIED THAT, PURSUANT TO FEDERAL RULE OF CIVIL

PROCEDURE 30, the deposition of KENNETH PALINKAS will be taken at 26 Federal Plaza,

New York, NY  10278 commencing on Tuesday, June 19, 2018, at 1:00 p.m.  The deposition

will be taken by stenographic means and also may be videotaped. The deposition will continue from day to day until completed.

Dated: June 12, 2018                          Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA  95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Proposed Defendant-
Intervenors

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that she has emailed a true and correct copy of the above and foregoing on the 12th day of June, 2018

/s/ *Nina Perales*
Nina Perales

# Exhibit 3

| | |
|---|---|
| **From:** | Robins, Jeffrey (CIV) |
| **To:** | Disher, Todd; Nina Perales; Rachel Wainer Apter; Celina Moreno |
| **Cc:** | Kenneth Levine; Jeremy Hollander; Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett; Peroyea, Trent; Moreno, Cristina |
| **Subject:** | RE: Texas, et al. v. United States, et al. - Defendant-Intervenors" Lay Witness Availability |
| **Date:** | Wednesday, June 13, 2018 11:42:11 AM |

Thank you Todd.

Counsel,

I appreciate the logistics involved in scheduling the depositions folks intend to take before the close of early discovery in this matter. However, in addition to the concerns that Federal Defendants raised regarding the possible deposition of Donald Neufeld, who is not being noticed or subpoenaed for deposition, Defendants object to the noticed deposition of USCIS Information Services Officer Kenneth Palinkas and Former ICE Director Sara Saldana. Federal Defendants ask that the requesting parties withdraw the current notices and/or subpoenas by noon on Friday pending further order from the Court permitting the depositions to proceed, or Defendants are prepared to move to quash the notices.

On May 30, 2018, the Court ordered that any "party who wishes to seek discovery from Federal Defendants, except for discovery from on an outside expert retained by Federal Defendants, must seek leave from the Court to do so." Dkt. No. 53. By noticing the depositions of current and former federal government employees regarding their official duties, both Plaintiffs and Defendants-Intervenors are acting in a way that side-steps this order and Fed. R. Civ. P. 30(a)(2)(A)(iii) that states "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ."

In addition, the Department of Homeland Security's *Touhy* regulations apply to both employees and former employees and is silent as to its inapplicability if DHS is a party to the litigation. *See* 6 C.F.R. 5.44(a) ("No employee, or former employee, of the Department shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel, or as authorized in § 5.44(b)."). Those regulations require the seeking party to "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought," and generally permit such disclosures only upon DHS approval. 6 C.F.R. 5.45(a). Here, not only have Plaintiffs and Defendant-Intervenors not sought a court order with regard to these depositions, but they have also failed to seek permission under DHS's *Touhy* regulations.

Whether in the form contemplated by the *Touhy* regulation or in a limiting order issued by the Court here, this process allows Federal Defendants to determine, among other things, whether any privilege governs all or part of the disclosure; whether the disclosure would violate a federal statute, rule or regulation; whether the disclosure would reveal classified information or records complied for law enforcement purposes; and whether the disclosure would compromise an ongoing law enforcement investigation. These concerns are particularly relevant where Defendant-Intervenors report that Ms. Saldana will "testify regarding her experience as former Director of ICE, including the effect of DACA on allocation of resources and law enforcement practices," and Plaintiffs have already filed – without authorization -- the declaration of USCIS Immigration Services Officer, and union president, Mr. Palinkas, which fails to differentiate between his role as a government employee and union president, and suggests disclosure of potentially privileged operational procedures that could have law enforcement implications. Dkt. No. 7 at 153 ("And USCIS management has ensured that these applications are not properly screened as it has over assigned the workload for the completion of these applications to be favorably rubber stamped as long as they meet minimal requirements. They are not properly vetted as no DACA applicant is

ever interviewed.")

Accordingly, Federal Defendants request that the parties withdraw the notices and/or subpoenas for the depositions of Mr. Palinkas and Ms. Saldana, and if they seek to pursue these depositions: infom Federal Defendants of the scope of the intended depositons, and seek leave of Court to conduct the early depositions that demonstrates the appropriate good cause and sufficiently curtails the scope of any such deposition request so as to not seek privileged testimony. Notably, the statement in Plaintiff's motion for preliminary injunction that relies on Mr. Palinkas' declaration is also supported by citation to USCIS's statistical data and USCIS DACA Standard Operating Procedures, and it is not clear how Defendant-Intervenors' reliance on Ms. Saldana relates to the preliminary injunction factors.

Sincerely,

Jeff Robins

Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: "Disher, Todd" <Todd.Disher@oag.texas.gov>
Date: 6/12/2018 6:56 PM (GMT-05:00)
To: "Robins, Jeffrey (CIV)" <jerobins@CIV.USDOJ.GOV>, Nina Perales <nperales@MALDEF.org>, Rachel Wainer Apter <Rachel.Apter@njoag.gov>, Celina Moreno <cmoreno@MALDEF.org>
Cc: Kenneth Levine <Kenneth.Levine@law.njoag.gov>, Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>, "Biggs, Adam" <Adam.Biggs@oag.texas.gov>, "Starr, Brantley" <Brantley.Starr@oag.texas.gov>, "Bitter, Adam" <Adam.Bitter@oag.texas.gov>, Alejandra Avila <Aavila@MALDEF.org>, Ernest Herrera <eherrera@MALDEF.org>, "Denise M. Hulett" <Dhulett@MALDEF.org>, "Peroyea, Trent" <Trent.Peroyea@oag.texas.gov>, "Moreno, Cristina" <Cristina.Moreno@oag.texas.gov>
Subject: RE: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

Jeff,

Mr. Palinkas is a current USCIS employee in addition to serving as the president of the local union. Our office does not represent him in any capacity in this litigation.

Nina – While we were willing to facilitate scheduling a time and date for the deposition, please serve Mr. Palinkas with a subpoena. He can be served at the address listed in your prior notice: 26 Federal Plaza, New York, NY 10278, Room 403. If you would like me to ask him if he would accept service by alternative means, please let me know and I will do so.

Todd

**Todd Lawrence Disher**
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

# Exhibit 4



**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
34 Peachtree Street, NW
Suite 2500
Atlanta, GA 30303
*Tel:* 678.559.1071
*Fax:* 678.559.1079

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 4th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

Sent *via* email

June 13, 2018

Jeffrey S. Robins
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044

RE:  *Texas, et al. v. United States, et al.*, 18-cv-68 (SDTX)

Dear Mr. Robins,

Thank you for your email today notifying counsel in the case that Federal Defendants object to the deposition of Kenneth Palinkas.

As you are aware, Mr. Palinkas provided written testimony in this case on May 2, 2018.  After Plaintiffs disclosed Mr. Palinkas on June 8, 2018 as a witness supporting their motion for preliminary injunction, and following successful negotiations with Plaintiffs regarding time and location, Defendant Intervenors noticed the deposition of Mr. Palinkas on June 12, 2018.

I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose Mr. Palinkas, along with the nature and relevance of the official information sought.  *See* 6 CFR 5.45.

Defendant Intervenors seek to depose Mr. Palinkas because he has provided testimony in this case in support of Plaintiffs' argument that they are likely to succeed on the merits of their claim that Deferred Action for Childhood Arrivals (DACA) violates federal law and the U.S. Constitution.  For example, Mr. Palinkas testified in his declaration that: DACA "has further compromised and eroded the goals that USCIS Officers pursue every day;" DACA applications "are not properly

screened;" DACA applications are "rubber stamped;" DACA applications "are not properly vetted;" and "USCIS has continually bypassed Congress and existing immigration law as contained in the Immigration and Nationality Act, with the enactment of the DACA program." *See* Dkt. 7 at 152-154.

The nature of the information sought by Defendant Intervenors is the information presented by Mr. Palinkas in his declaration, including the facts and assumptions underlying his statements regarding DACA. This information is relevant to the case because Mr. Palinkas's declaration was entered into the record by Plaintiffs with their preliminary injunction motion to support Plaintiffs' contention that they are likely to succeed on the merits of their legal claims. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (repeating assertion by Mr. Palinkas that DACA applications are "rubber-stamp[ed]").

The deposition of Mr. Palinkas is noticed for June 19, 2018 with the agreement of Plaintiffs. Counsel have already made arrangements to travel to New York City from Texas for the deposition. Please inform me at your earliest convenience whether Defendants will withdraw their objections to the deposition of Mr. Palinkas.

I write further to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose a representative of DHS, along with the nature and relevance of the official information sought. *See* 6 CFR 5.45.

Defendant Intervenors seek to depose a representative of DHS, pursuant to Fed. R. Civ. P. 30 (b)(6), in order to acquire information relevant to Plaintiffs' assertions, in their preliminary injunction motion, that DACA is reviewable under the APA and not an exercise of prosecutorial discretion. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (DACA applications are "rubber-stamp[ed]"), at 18 ("DACA is not unreviewable prosecutorial discretion"), at 20 ("DACA is executive action creating a massive bureaucracy to confer lawful-presence status and attendant benefits"), and at 40 ("DACA does not truly represent case-by-case discretion."). Defendant Intervenors also seek information regarding whether there have been any changes in the way in which DACA applications are adjudicated since January 20, 2017. This information is relevant to the litigation because Plaintiffs have asserted facts about the adjudication of DACA applications to support their argument that they are likely to prevail on the merits of their claim that DACA is illegal and unconstitutional. Defendant Intervenors must explore the facts related to Plaintiffs' assertions in order to respond to the motion for preliminary injunction and those facts can only be testified to by DHS employees familiar with the DACA adjudication process.

Finally, I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to present the testimony of Sarah Saldana in support of their response to Plaintiffs' motion for preliminary injunction. *See* 6 CFR 5.45. Defendant Intervenors seek to present the testimony of Sarah Saldana to support their response to Plaintiffs' assertion that "DACA is not unreviewable prosecutorial discretion." Motion for Preliminary Injunction, Dkt. 5 at 18. Facts provided by Ms. Saldana, who is a former

Director of ICE, will support Defendant Intervenor's response in opposition to Plaintiffs' arguments regarding prosecutorial discretion.

Thank you.


Sincerely,

Nina Perales
Vice President of Litigation

# Exhibit 5

| | |
|---|---|
| **From:** | Disher, Todd |
| **To:** | Rachel Wainer Apter; Nina Perales; Celina Moreno |
| **Cc:** | Kenneth Levine; Jeremy Hollander; Robins, Jeffrey (CIV); Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett; Peroyea, Trent; Moreno, Cristina |
| **Subject:** | RE: Texas, et al. v. United States, et al. - Defendant-Intervenors" Lay Witness Availability |
| **Date:** | Monday, June 11, 2018 4:08:32 PM |

All,

Here is a summary of our deposition schedule to date. Kenneth Palinkas is available on June 19 starting at 3:30 p.m. Eastern at 26 Federal Plaza, New York, NY 10278, Room 403.

We are waiting for a date for Chief Acevedo. We are also waiting for confirmation of the New Jersey schedule and the lawyer representing the non-party witnesses. New Jersey expects to get us that information tonight.

6/14:
- Leo Lopez: Austin, TxOAG Office, 9:00 a.m.

6/15:
- Esther Jeon: Chicago, MALDEF office, 9:00 a.m.
- Jose Magana-Salgado: Washington DC, MALDEF office, 9:00 a.m.

6/16
- Karla Perez: Houston, TxOAG Office, 11:00 a.m.

6/18
- New Jersey witnesses (TBD): NJ OAG Office

6/19
- New Jersey witnesses (TBD): NJ OAG Office
- Monica Smoot: Austin, TxOAG Office, 9:00 a.m.
- Kenneth Palinkas: New York City, 3:30 p.m.

6/20
- Brian Manly: Austin, TxOAG Office, 1:00 p.m.

6/21
- Nancy Adossi: Houston, TxOAG Office, 9:00 a.m.

6/29
- Sarah Saldana: Dallas, TxOAG office, 9:00 a.m.

Todd

**Todd Lawrence Disher**
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266

Todd.Disher@oag.texas.gov

---

**From:** Rachel Wainer Apter [mailto:Rachel.Apter@njoag.gov]
**Sent:** Sunday, June 10, 2018 5:43 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>; Nina Perales <nperales@MALDEF.org>; Celina Moreno <cmoreno@MALDEF.org>
**Cc:** Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Starr, Brantley <Brantley.Starr@oag.texas.gov>; Bitter, Adam <Adam.Bitter@oag.texas.gov>; Alejandra Avila <Aavila@MALDEF.org>; Ernest Herrera <eherrera@MALDEF.org>; Denise M. Hulett <Dhulett@MALDEF.org>
**Subject:** RE: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

All,
We are trying to find a two day period in which all of our lay witnesses can be made available for deposition in Newark, New Jersey, and are hopeful that we will be able to have that set by 2pm Central Time tomorrow.

Also, like Defendant Intervenors, we listed Mr. Neufeld in an abundance of caution because we plan to rely on his prior sworn statements.

Finally, we will not be relying on any statement from President Dr. Harvey Kesselman, so he can be removed from the list.

Thank you,
Rachel

---

**From:** Disher, Todd [mailto:Todd.Disher@oag.texas.gov]
**Sent:** Sunday, June 10, 2018 5:25 PM
**To:** Nina Perales; Celina Moreno
**Cc:** Kenneth Levine; Rachel Wainer Apter; Jeremy Hollander; Robins, Jeffrey (CIV); Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett
**Subject:** Re: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

Thank you. Please have dates for the rest of your witnesses for our conference call tomorrow at 2:00. Same for New Jersey.

Todd

Todd Lawrence Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Sunday, June 10, 2018 2:35:51 PM
**To:** Celina Moreno
**Cc:** Disher, Todd; Kenneth Levine (Kenneth.Levine@law.njoag.gov); Rachel Wainer Apter
(Rachel.Apter@njoag.gov); Jeremy Hollander (Jeremy.Hollander@law.njoag.gov); Robins, Jeffrey
(CIV); Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett
**Subject:** Re: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

Counsel,

Defendant Intervenors' lay witness Jose Magana-Salgado is available for deposition in
Washington DC on June 15-20, 22-27 and 29.

Thank you,

Sent from my iPhone

On Jun 10, 2018, at 1:54 PM, Celina Moreno <cmoreno@MALDEF.org> wrote:

> Counsel,
>
> Please see Defendant-Intervenors' amended list of lay witnesses adding Brian Manley,
> chief of the Austin Police Department. Our apologies for the late addition.
>
> Thanks,
> Celina
>
>
> Celina Moreno
> Interim Southwest Regional Counsel
> MALDEF
> 110 Broadway, Suite 300
> San Antonio, TX 78205
> ph (210) 224-5476, ext. 212
> fax (210) 224-5382
> **www.maldef.org**
> **facebook.com/maldef**
> **twitter.com/maldef**
> <image002.jpg>
> **The Latino Legal Voice for Civil Rights in America**
>
>
> <2018 06 10 Def-Interv. Amended List of Lay Witnesses.pdf>

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the
New Jersey Attorney General is privileged and confidential and is intended for the sole use of the
persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the
dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you
have received this communication in error, please immediately contact the Office of the Attorney
General at (609) 292-4925 to arrange for the return of this information.

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |

**PLAINTIFF STATES' WITNESS LIST**

TO:   Defendant-Intervenors, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205, nperales@maldef.org.

Plaintiff States serve this witness list in accordance with the parties' letter agreement.

1.   Leonardo R. Lopez
     Associate Commissioner for School Finance/Chief School Finance Officer
     Texas Education Agency
     c/o Todd Lawrence Disher
     Tel.: (512) 463-2100
     P.O. Box 12548
     Austin, Texas 78711-2548

     The substance of Mr. Lopez's testimony is found in his declaration already filed with the Court. *See* ECF No. 7 at App. 0876–0879.

2.      Monica Smoot
        Chief Data and Analytics Officer
        Center for Analytics and Decision Support
        Texas Health and Human Services Commission
        c/o Todd Lawrence Disher
        Tel.: (512) 463-2100
        P.O. Box 12548
        Austin, Texas 78711-2548

        The substance of Ms. Smoot's testimony is found in her declaration already
        filed with the Court. *See* ECF No. 7 at App. 0881–0885.


3.      Kenneth Palinkas
        President of Local 0235
        American Federation of Government Employees, AFL-CIO
        c/o Todd Lawrence Disher
        Tel.: (512) 463-2100
        P.O. Box 12548
        Austin, Texas 78711-2548

        The substance of Mr. Palinkas's testimony is found in his declaration already
        filed with the Court. *See* ECF No. 7 at App. 1007–1009.

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

/s/ Todd Lawrence Disher
TODD LAWRENCE DISHER
Attorney-in-Charge
Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Rachel Wainer Apter
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Rachel.Apter@njoag.gov

/s/ *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**