UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STATE OF TEXAS, *et al.*,

    Plaintiffs,

v.

KIRSTJEN M. NIELSEN, *et al.*,

    Defendants,

*and*

KARLA PEREZ, *et al.*,

    Defendant-Intervenors.

Case No. 18-cv-00068

**FEDERAL DEFENDANTS' EMERGENCY MOTION TO
QUASH DEPOSITION NOTICES AND SUBPOENAS**

**STATEMENT OF THE ISSUE**

    Whether the depositions of current U.S. Citizenship and Immigration Services, Immigrant Service Officer and union president Kenneth Palinkas and former U.S. Immigration and Customs Enforcement Director Sarah Saldaña improperly bypass this Court's May 30, 2018, Order stating that "[a]ny party who wishes to seek discovery from Federal Defendants, except for discovery from an outside expert retained by Federal Defendants, must seek leave from the

Court to do so." Dkt. No. 53. The issues addressed in this motion are urgent given that the deposition of Mr. Palinkas is noticed for Tuesday, June 19, 2018.

## SUMMARY OF THE ARGUMENT

The Court should grant Federal Defendants' motion to quash because the Court has not entered an order permitting the depositions of Mr. Palinkas or Ms. Saldaña. *See* Notices of Deposition, Exhibit A & B. The Court should grant Federal Defendants' motion as to Ms. Saldaña because Plaintiffs have not sought leave of Court to conduct the deposition of Ms. Saldaña, who intends to offer testimony solely from her time as the Director of ICE. The Court should quash the subpoena to Mr. Palinkas to the extent it has not ruled on Defendant-Intervenors' motion to proceed with his deposition and where Defendant-Intervenors have not demonstrated good cause to depose Mr. Palinkas.

## ARGUMENT

By seeking to depose current and former federal government officials regarding the scope of their official duties, both Plaintiffs and Defendants-Intervenors have effectively sought to bypass this Court's Order prohibiting discovery of Federal Defendants without leave of Court. Dkt. No. 53. This requirement comports with Fed. R. Civ. P. 30(a)(2)(A)(iii), which states that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ." The Court may grant Federal Defendants motion simply for these reasons.

In addition, the requirement that the requesting parties demonstrate good cause[1] to pursue the depositions in question is critical because the lack of any limitations on the scope of these

---

[1] A party seeking expedited discovery has the burden of showing good cause to justify such order. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011),

depositions presents the potential for testimony where: privilege governs all or part of the testimony; the testimony would reveal classified information or records compiled for law enforcement purposes; and the testimony would compromise an ongoing law enforcement investigation. These concerns are particularly relevant where Defendant-Intervenors report that Ms. Saldaña will "testify regarding her experience as former Director of ICE, including the effect of DACA on allocation of resources and law enforcement practices," *see* Exhibit C, and the disclosure and declaration of Mr. Palinkas fail to disclose his role as a government employee and suggest the disclosure of potentially privileged operational procedures that could have law enforcement implications. Dkt. No. 7 at 153 ("And USCIS management has ensured that these applications are not properly screened as it has over assigned the workload for the completion of these applications to be favorably rubber stamped as long as they meet minimal requirements. They are not properly vetted as no DACA applicant is ever interviewed.")

Moreover, the possibility of Federal Defendants objecting to testimony that would call for the disclosure of privileged information is itself insufficient to meet the good cause standard where neither party has sufficiently demonstrated that: the deposition testimony they seek is not available from other sources, or that that the scope of the testimony sought is specific or limited in any way. Notably, the statement in Plaintiffs' motion for preliminary injunction that relies on Mr. Palinkas' declaration is also supported by citation to USCIS's statistical data and USCIS DACA Standard Operating Procedures – which Defendant-Intervenors have the opportunity to

---

*citing Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003). Factors include, *inter alia*: (1) the harm alleged by the moving party; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the requested information; (4) the purpose of the expedited discovery request; and (5) the burden on the party asked to comply with the requests. *See*, *e.g*., *Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-CV-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012); *St. Louis Grp., Inc*., 275 F.R.D. at 240 (citations omitted).

analyze and challenge, and it is not clear how Defendant-Intervenors' reliance on Ms. Saldaña relates to the preliminary injunction factors.

Federal Defendants have conferred with both Plaintiffs and Defendant-Intervenors to resolve this issue without the Court's intervention, including requesting that the parties withdraw their deposition requests, or alternatively that Mr. Palinkas' deposition be rescheduled to allow the Court time to rule on Defendant-Intervenor's third discovery motion and to require that Plaintiffs move for leave to conduct the deposition of Ms. Saldaña. At the time of this filing, neither action that might avoid the need for this motion has taken place.

## CONCLUSION

The Court should deny Defendant-Intervenors' third motion for discovery, and grant Federal Defendants' motion to quash to notices and subpoenas for the depositions of Mr. Palinkas and Ms. Saldaña.

Dated: June 15, 2018                         Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General
                                             Civil Division
                                             BRETT A. SHUMATE
                                             Deputy Assistant Attorney General
                                             WILLIAM C. PEACHEY
                                             Director, Office of Immigration Litigation
                                             District Court Section

                                             /s/ *Jeffrey S. Robins*
                                             JEFFREY S. ROBINS
                                             Attorney-in-Charge
                                             Assistant Director
                                             U.S. Department of Justice, Civil Division
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 868, Washington, DC 20044
                                             Telephone: (202) 616-1246
                                             Facsimile: (202) 305-7000
Attorneys for Federal Defendants             jeffrey.robins@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I certify that on June 15, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS