**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

## DEFENDANT-INTERVENORS' MOTION FOR LEAVE TO SUBMIT TESTIMONY OF CURRENT OR FORMER FEDERAL EMPLOYEES

Defendant-Intervenors Karla Perez, *et al.*, file this Motion for Leave to Submit Testimony of Current or Former Federal Employees. Defendant Intervenors seek leave of Court to enable them to file testimony of their witnesses who are current or former employees of the federal government:

a. Sarah Saldana, former Director of U.S. Immigration and Customs Enforcement (ICE);

b. Stephen H. Legomsky, former Chief Counsel of U.S. Citizenship and Immigration Services (USCIS);

c. Gil Kerlikowske, former Commissioner of U.S. Customs and Border Protection (CBP);

d. A designated representative of the National Citizenship and Immigration Services Council ("NCISC"), testifying under Fed. R. Civ. P. 30 (b)(6);

e.  Donald Neufeld, current associate director for Service Center Operations USCIS, by deposition excerpts.

f.  Defendant Intervenors additionally intend to offer the declarations or deposition transcripts from other litigation of Michael Hoefer, James McCamen, and James D. Nealon as exhibits.

## I.   INTRODUCTION

The testimony of current and former federal employees that Defendants Intervenors intend to offer is permissible in this case.  Despite objection to testimony by federal employees raised by Federal Defendants, federal agency housekeeping regulations do not restrict such testimony, this Court's order permits discovery of , and statute does not bar former employees' testimony.

## BACKGROUND

After Defendant Intervenors disclosed their list of lay witnesses and parties scheduled lay witness depositions, Federal Defendants stated that they would oppose testimony by Sarah Saldaña and Kenneth Palinkas, who are former and current USCIS employees, respectively.  One reasons stated was opposition to testimony as impermissible early discovery.  However, Federal Defendants also raised the Department of Homeland Security (DHS) regulations regarding disclosure of information and testimony by DHS employees.  Exh. 1, Email from Federal Defendants *citing* 6 C.F.R. 5.44(a) ("No employee, or former employee, of the Department shall, in response to a demand or request [testify regarding information acquired during that person's employment] unless authorized to do so by the Office of the General Counsel, or as authorized in § 5.44(b).").

2

Defendant Intervenors informed Federal Defendants of the information that their planned witnesses will offer in their testimony – both lay and expert witnesses.  *See* Exh. 2, Letter from Nina Perales to Robins; Exh. 3, Defendant Intervenors' Expert and Lay Witness Disclosures; Exh. 4, Emails to Robins re Witnesses.  However, Federal Defendants moved to quash the subpoenas for scheduled depositions and responded in opposition to Defendant Intervenors' application to this Court to take depositions.

Because Federal Defendants have opposed the planned testimony of current and former federal employees, and the parties have only 12 days remaining in the discovery period, Defendant Intervenors seek leave of Court to submit the testimony of witnesses who are current and former federal employees.

## DEFENDANT INTERVENORS' PLANNED WITNESSES

Ms. Sarah Saldaña is the former Director of U.S. Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security ("DHS"), and held that position from December 23, 2014, to January 20, 2017.  Defendant Intervenors will offer Ms. Saldana's non-privileged testimony, based on her experience as ICE Director, regarding the mission of ICE and how it carries out its mission to promote homeland security and public safety through the criminal and civil enforcement of federal laws governing border control, customs, trade and immigration.  In particular, Ms. Saldaña will testify how, in order to fulfill its mission with limited resources, DHS prioritizes the investigation and removal of, among others, non-citizens who pose a danger to national security or a risk to public safety; recent illegal entrants; and non-citizens who are fugitives or otherwise obstruct immigration controls, the role of DACA within this prioritization, and the impact of DACA on ICE activities.

Stephen H. Legomsky is a former Chief Counsel of U.S. Citizenship and Immigration Services (USCIS) whom Defendant Intervenors seek to present as an expert witness.  Mr. Legomsky served as USCIS Chief  Counsel from October 2011 to October 2013, will provide his expert opinion based on his background, training, and experience in the area of immigration law and policy and will testify to non-privileged matters.  Mr. Legomsky will testify regarding the mission of USCIS to adjudicate applications for visas, deferred action, employment authorization documents, adjustment of status and citizenship as well as the circumstances under which USCIS register, vets and grants employment authorization to individuals present in the U.S. without authorization.  Mr. Legomsky will further testify how, in order to fulfill its mission with limited resources, DHS prioritizes the investigation and removal of non-citizens, the role of DACA within this prioritization, and how USCIS implemented DACA in furtherance of DHS's mission and priorities.   In forming his proposed testimony, Mr. Legomsky will rely on his personal professional experiences and published information from USCIS about the DACA initiative as well as USCIS adjudication of other applications.  With respect to the expert testimony of Mr. Legomsky, Defendant Intervenors can obtain no other similar expert testimony because Mr. Legomsky was USCIS Chief Counsel during the development and implementation of DACA.  Finally, Mr. Legomsky's testimony as a former federal employee will not have an   undue influence on current proceedings.

R. Gil Kerlikowske is the former U.S. Customs and Border Patrol (CBP) Commissioner, having served as CBP Commissioner from 2014-2017.  Mr.  Kerlikowske has approximately four decades of experience in law enforcement and drug policy and will testify to non-privileged matters.  Mr. Kerlikowske will provide his expert opinion based on his background, training, and experience in the area of law enforcement.  Mr. Kerlikowske will provide his expert opinion that

DACA allows CBP to more efficiently identify non-citizens who are not a priority for removal and allows individual CBP agents to better concentrate their limited enforcement efforts on those individuals who do pose a threat to national security, border security and public safety.  Mr. Kerlikowske will further testify that DACA improves national security, border security and public safety by providing front line law enforcement personnel with documentation from vetted individuals who do not pose a threat to public safety or border security and allowing agents to return more quickly to duties that have a higher priority.  In forming his proposed testimony, Mr. Kerlikowske relied upon his personal professional experiences, published information from USCIS about the DACA initiative and data published by CBP documenting total numbers of apprehensions along the southern border.   With respect to the expert testimony of Mr. Kerlikowske, Defendant Intervenors can obtain no other similar expert testimony because Mr. Kerlikowske was CBP Commissioner during implementation of DACA from 2014 to 2017. Finally, Mr. Kerlikowske's testimony as a former federal employee will not have an undue influence on current proceedings.

Defendant Intervenors intend to present the lay witness testimony of Donald Neufeld by deposition excerpt.   Mr. Neufeld, who is the current associate director for Service Center Operations USCIS, testified on behalf of the United States in *Texas v. U.S.*, No. 1:14-cv-254 (SDTX) (DAPA litigation).  Mr. Neufeld's declaration in the DAPA case was filed by Plaintiffs Texas, *et al.* in this case.  Defendant Intervenors seek leave to file, in support of their response to Plaintiffs' preliminary injunction motion, testimony by Mr. Neufeld in his deposition in *Batalla Vidal, et al. v. United States, et al.*, No. 1:16-CV-04756(NGG)(JO) (E.D.N.Y. 2017).   In his deposition, Mr. Neufeld testified that he oversees the processing of DACA applications and testified regarding the exercise of discretion by USCIS in processing DACA applications.  With

respect to the expert testimony of Mr. Neufeld, Defendant Intervenors can obtain no other similar expert testimony because Mr. Neufeld is currently the Associate Director for USCIS Service Center Operations.  Finally, Mr. Neufeld's testimony will not have an undue influence on current proceedings because he has already testified in the DAPA case with no adverse results.

Defendant Intervenors also intend to depose a designated 30(b)(6) representative(s) of the National Citizenship and Immigration Services Council ("NCISC").  The NCISC representative(s) will provide non-privileged information regarding the implementation of DACA, including processes and guidelines for adjudicating DACA applications.  The NCISC representative(s) will further testify regarding the process and criteria for adjudicating non-DACA applications at USCIS service centers.  The NCISC representative(s) will further testify regarding whether USCIS management practices prevent case-by-case adjudication of applications at USCIS Service Centers.  With respect to the testimony of the NCISC representative, Defendant Intervenors can obtain no other similar testimony because the representative has hands-on experience with the adjudication of DACA and other applications.  Finally, the representative's testimony will not have an undue influence on current proceedings because information about the adjudication of DACA applications  will be weighed by the Court with any other evidence to determine whether Plaintiffs are likely to prevail on the merits of their claim that DACA is illegal or unconstitutional.

## II.     LEGAL STANDARD

Parties to litigation may seek discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

> information, the parties' resources, the importance of the discovery
> in resolving the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26.

Regulations that federal government agencies use to control how and when their employees disclose documents and testify in response to discovery requests—known as *Touhy* regulations—generally do not apply to requests for discovery when a federal government agency is party to the underlying litigation.  *See State of La. v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992) (*Touhy* regulations apply "when the United States is not a party to a legal action") *citing U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951); *see also Menocal v. GEO Grp., Inc.*, No. 14-CV-02887-JLK, 2017 WL 4334000, at *3 (D. Colo. June 6, 2017) (*Touhy* regulations apply when United States is not a party to the litigation and not meant "to create obstacles or shields from the normal rules of discovery when that agency or its 'employees' are parties").  Rather, when it is a litigant, the federal government is "subject to the rules of discovery."  *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958); *see also U.S. v. Reynolds*, 345 U.S. 1, 9–10 (1953) ("[judicial] control over the evidence in a case cannot be abdicated to the caprice of executive officers."); *Gulf Grp. Gen. Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 647 (2011) ("Mindful of the separation of powers, the judiciary, not the executive branch controls the admission of evidence at trial.").

However, it is a federal offense for any current or former employee of the executive branch of the United States to testify in court or make other communications with the intent to influence a matter: in which the United States "has a substantial interest;" in which that "person participated personally and substantially as such officer or employee;" and "which involved a specific party […] at the time of such participation."  18 U.S.C.A. § 207.  This restriction does not

apply to a non-expert witness testifying under oath or "making a statement required to be made under penalty of perjury." *See* 5 C.F.R. § 2641.301(f). An expert witness may also make such testimony under oath by court order. *See id.* (noting example of order allowing expert testimony where party can obtain no other similar expert testimony and involvement of witness in matter during employment would not have undue influence on current proceedings).

## ARGUMENT

### III.   Agency regulations do not apply to witness testimony where the United States is a party

DHS's *Touhy* regulations do not apply to any of the proposed witnesses in this case because the United States is a party to this litigation. The former and current employees that Defendant Intervenors seek to present as witnesses all have information relevant to the preliminary injunction issues before this Court, which entered an order allowing early discovery regarding those issues. *See* Dkt. No. 53. Even though the DHS regulation is, as Federal Defendants have pointed out in an email, silent as to testimony by employees when DHS is a party to litigation, courts have not applied the DHS regulation when the United States is a party. *See State of La. v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992); *see also Gulf Grp. Gen. Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 646 (2011) (denying motion in limine to exclude agency employee's testimony, and noting that the "policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources when the United States is not a party to a suit") *citing Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989); *United States v. Fuentes-Correa*, No. CRIM. 13-71 CCC/SCC, 2013 WL 588892, at *7 (D.P.R. Feb. 13, 2013) ( where "the United States is already a party, the correct forum for judicial control is not the

APA; it is, rather, the underlying case, where the issue will be governed by the law of evidence that would normally control").

Defendant Intervenors have coordinated closely with Plaintiffs on discovery and met the agreed-upon deadlines.  See Ex. 6 Letter regarding agreement on discovery deadlines.  Defendant Intervenors have apprised Federal Defendants of the discovery they seek, but, as noted above, Federal Defendants have invoked *Touhy* regulations and moved to quash the current subpoenas. *See N. L. R. B. v. Capitol Fish Co.*, 294 F.2d 868, 876 (5th Cir. 1961) ("It is against all concepts of impartial justice for the trial examiner to assume that the [agency], through its regulations, or the General Counsel, by virtue of his office, is the final arbiter to decide whether a[n agency] attorney should testify.").

Defendant Intervenors need not seek approval from DHS to present testimony or depose witnesses.  Rather, as the Court has ordered, Defendant Intervenors need only apply for discovery of Federal Defendants to this Court.

### IV.     Under this Court's order and discovery rules, the testimony is appropriate

Testimony by Defendant Intervenors' witnesses who are federal employees and discovery of witnesses who are current and former employees of Federal Employees is appropriate here, as described by Defendant Intervenors in their previous applications.  *See* Dkt. Nos. 65, 80, and 86. Defendant Intervenors need not meet the good cause standard under Rule 26 where the Court has ordered that parties apply to it for scheduled early discovery of Federal Defendants.

Federal Defendants argue that testimony by Ms. Saldaña *could* include information that is classified for law enforcement purposes; Federal Defendants have also alluded to "privilege," without describing what that privilege is.  *See* Dkt. 87; Exh. 1, Email by Robins.  However, these vague assertions are not enough to claim privilege under discovery rules.  *See* Fed. R. Civ. P.

26(b)(5) (to assert privilege, party must "expressly make the claim; and **[…]** describe the nature of the documents, communications, or tangible things not produced or disclosed."); *see also* Fed. R. Civ. P. 45(e)(2)(A) ("A person withholding subpoenaed information under a claim that it is privileged[…] must […] expressly make the claim."). Defendant Intervenors seek to present the witnesses described above in addition to applications already made, and such testimony and discovery is appropriate.

### V.       Section 207 does not bar testimony by current and former federal employees

The federal employees whose testimony Defendant Intervenors seek to present as lay witnesses are not subject to the federal ban on testimony by employees. *Compare* 18 U.S.C.A. § 207 (barring testimony, including by former employees) *with* 5 C.F.R. § 2641.301(f). This exception applies to lay witnesses, but not to expert witnesses except with a court order. *See* 5 C.F.R. § 2641.301(f). Defendant Intervenors believe such an order would be appropriate in the cases of Mr. Legomsky, Mr. Kerlikowske, Mr. Neufeld and the NCISC representative because they would present expert testimony based on their personal knowledge of the application of DACA, testimony that is not available from a witness who is not a current or former employee of DHS. *See E.E.O.C. v. Exxon Corp.*, 202 F.3d 755, 758 (5th Cir. 2000) (allowing former employees involved in same matter to testify as experts "to the extent that the former employee may testify from personal knowledge as to occurrences which are relevant to the issues in the proceeding […] utilizing his or her expertise"). Defendant Intervenors request that this Court permit these individuals to testify as expert witnesses in this matter based on their personal knowledge about the application and implementation of DACA. Such expert testimony would be unavailable from any other witness, since only former CBP and USCIS employees would have detailed and specialized knowledge of how DACA is implemented by DHS agencies.

**CONCLUSION**

For the foregoing reasons, Defendant Intervenors request that the Court permit testimony

of federal employees, as described in this motion and the attached proposed order.

Dated: June 17, 2018                                    Respectfully submitted,

                                                        **MEXICAN AMERICAN LEGAL
                                                        DEFENSE AND EDUCATIONAL FUND**
                                                        By:  */s/ Nina Perales*
                                                        Nina Perales (Tex. Bar No. 24005046);
                                                        (SD of Tex. Bar No. 21127)
                                                        Attorney-in-Charge
                                                        Celina Moreno (Tex. Bar No. 24074754)
                                                        (SD of Tex. Bar No. 2867694)
                                                        Jack Salmon (Tex. Bar No. 24068914)
                                                        (SD of Texas Bar No. 1130532)
                                                        Alejandra Ávila (Tex. Bar No. 24089252)
                                                        (SD of Tex. Bar No. 2677912)
                                                        Ernest I. Herrera (Tex. Bar No. 24094718);
                                                        (SD of Tex. Bar No. 2462211)
                                                        110 Broadway, Suite 300
                                                        San Antonio, Texas 78205
                                                        Phone:  (210) 224-5476
                                                        Facsimile:  (210) 224-5382
                                                        Email: nperales@maldef.org

                                                        Denise Hulett
                                                        Mexican American Legal Defense and
                                                        Educational Fund
                                                        1512 14th Street
                                                        Sacramento, CA  95814
                                                        Phone: (916) 444-3031
                                                        Email: dhulett@maldef.org
                                                        (Admitted pro hac vice)

                                                        **GARCÍA & GARCÍA,
                                                        ATTORNEYS AT LAW P.L.L.C.**
                                                        Carlos Moctezuma García
                                                        (Tex. Bar No. 24065265)
                                                         (SD of Tex. Bar No. 1081768)

P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that she served on Plaintiffs and Federal Defendants lay and expert witness disclosures providing information on the testimony sought from current and former federal employees.  Plaintiffs have expressed no position regarding whether or not current and former federal employees can testify in this case.  Federal Defendants have moved to quash the current subpoenas and opposed Defendant Intervenors planned discovery.

*/s/ Nina Perales*
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 17th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

# Exhibit 1

| From: | Robins, Jeffrey (CIV) |
|---|---|
| To: | Disher, Todd; Nina Perales; Rachel Wainer Apter; Celina Moreno |
| Cc: | Kenneth Levine; Jeremy Hollander; Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett; Peroyea, Trent; Moreno, Cristina |
| Subject: | RE: Texas, et al. v. United States, et al. - Defendant-Intervenors" Lay Witness Availability |
| Date: | Wednesday, June 13, 2018 11:42:11 AM |

Thank you Todd.

Counsel,

I appreciate the logistics involved in scheduling the depositions folks intend to take before the close of early discovery in this matter. However, in addition to the concerns that Federal Defendants raised regarding the possible deposition of Donald Neufeld, who is not being noticed or subpoenaed for deposition, Defendants object to the noticed deposition of USCIS Information Services Officer Kenneth Palinkas and Former ICE Director Sara Saldana. Federal Defendants ask that the requesting parties withdraw the current notices and/or subpoenas by noon on Friday pending further order from the Court permitting the depositions to proceed, or Defendants are prepared to move to quash the notices.

On May 30, 2018, the Court ordered that any "party who wishes to seek discovery from Federal Defendants, except for discovery from on an outside expert retained by Federal Defendants, must seek leave from the Court to do so." Dkt. No. 53. By noticing the depositions of current and former federal government employees regarding their official duties, both Plaintiffs and Defendants-Intervenors are acting in a way that side-steps this order and Fed. R. Civ. P. 30(a)(2)(A)(iii) that states "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ."

In addition, the Department of Homeland Security's *Touhy* regulations apply to both employees and former employees and is silent as to its inapplicability if DHS is a party to the litigation. *See* 6 C.F.R. 5.44(a) ("No employee, or former employee, of the Department shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel, or as authorized in § 5.44(b)."). Those regulations require the seeking party to "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought," and generally permit such disclosures only upon DHS approval. 6 C.F.R. 5.45(a). Here, not only have Plaintiffs and Defendant-Intervenors not sought a court order with regard to these depositions, but they have also failed to seek permission under DHS's *Touhy* regulations.

Whether in the form contemplated by the *Touhy* regulation or in a limiting order issued by the Court here, this process allows Federal Defendants to determine, among other things, whether any privilege governs all or part of the disclosure; whether the disclosure would violate a federal statute, rule or regulation; whether the disclosure would reveal classified information or records complied for law enforcement purposes; and whether the disclosure would compromise an ongoing law enforcement investigation. These concerns are particularly relevant where Defendant-Intervenors report that Ms. Saldana will "testify regarding her experience as former Director of ICE, including the effect of DACA on allocation of resources and law enforcement practices," and Plaintiffs have already filed – without authorization -- the declaration of USCIS Immigration Services Officer, and union president, Mr. Palinkas, which fails to differentiate between his role as a government employee and union president, and suggests disclosure of potentially privileged operational procedures that could have law enforcement implications. Dkt. No. 7 at 153 ("And USCIS management has ensured that these applications are not properly screened as it has over assigned the workload for the completion of these applications to be favorably rubber stamped as long as they meet minimal requirements. They are not properly vetted as no DACA applicant is

ever interviewed.")

Accordingly, Federal Defendants request that the parties withdraw the notices and/or subpoenas for the depositions of Mr. Palinkas and Ms. Saldana, and if they seek to pursue these depositions: infom Federal Defendants of the scope of the intended depositons, and seek leave of Court to conduct the early depositions that demonstrates the appropriate good cause and sufficiently curtails the scope of any such deposition request so as to not seek privileged testimony. Notably, the statement in Plaintiff's motion for preliminary injunction that relies on Mr. Palinkas' declaration is also supported by citation to USCIS's statistical data and USCIS DACA Standard Operating Procedures, and it is not clear how Defendant-Intervenors' reliance on Ms. Saldana relates to the preliminary injunction factors.

Sincerely,

Jeff Robins

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: "Disher, Todd" <Todd.Disher@oag.texas.gov>
Date: 6/12/2018 6:56 PM (GMT-05:00)
To: "Robins, Jeffrey (CIV)" <jerobins@CIV.USDOJ.GOV>, Nina Perales <nperales@MALDEF.org>, Rachel Wainer Apter <Rachel.Apter@njoag.gov>, Celina Moreno <cmoreno@MALDEF.org>
Cc: Kenneth Levine <Kenneth.Levine@law.njoag.gov>, Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>, "Biggs, Adam" <Adam.Biggs@oag.texas.gov>, "Starr, Brantley" <Brantley.Starr@oag.texas.gov>, "Bitter, Adam" <Adam.Bitter@oag.texas.gov>, Alejandra Avila <Aavila@MALDEF.org>, Ernest Herrera <eherrera@MALDEF.org>, "Denise M. Hulett" <Dhulett@MALDEF.org>, "Peroyea, Trent" <Trent.Peroyea@oag.texas.gov>, "Moreno, Cristina" <Cristina.Moreno@oag.texas.gov>
Subject: RE: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

Jeff,

Mr. Palinkas is a current USCIS employee in addition to serving as the president of the local union. Our office does not represent him in any capacity in this litigation.

Nina – While we were willing to facilitate scheduling a time and date for the deposition, please serve Mr. Palinkas with a subpoena. He can be served at the address listed in your prior notice: 26 Federal Plaza, New York, NY 10278, Room 403. If you would like me to ask him if he would accept service by alternative means, please let me know and I will do so.

Todd

**Todd Lawrence Disher**
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

# Exhibit 2



**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
34 Peachtree Street, NW
Suite 2500
Atlanta, GA 30303
*Tel:* 678.559.1071
*Fax:* 678.559.1079

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 4th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

Sent *via* email

June 13, 2018

Jeffrey S. Robins
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044

RE:  *Texas, et al. v. United States, et al.*, 18-cv-68 (SDTX)

Dear Mr. Robins,

Thank you for your email today notifying counsel in the case that Federal Defendants object to the deposition of Kenneth Palinkas.

As you are aware, Mr. Palinkas provided written testimony in this case on May 2, 2018.  After Plaintiffs disclosed Mr. Palinkas on June 8, 2018 as a witness supporting their motion for preliminary injunction, and following successful negotiations with Plaintiffs regarding time and location, Defendant Intervenors noticed the deposition of Mr. Palinkas on June 12, 2018.

I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose Mr. Palinkas, along with the nature and relevance of the official information sought.  *See* 6 CFR 5.45.

Defendant Intervenors seek to depose Mr. Palinkas because he has provided testimony in this case in support of Plaintiffs' argument that they are likely to succeed on the merits of their claim that Deferred Action for Childhood Arrivals (DACA) violates federal law and the U.S. Constitution.  For example, Mr. Palinkas testified in his declaration that: DACA "has further compromised and eroded the goals that USCIS Officers pursue every day;" DACA applications "are not properly

screened;" DACA applications are "rubber stamped;" DACA applications "are not properly vetted;" and "USCIS has continually bypassed Congress and existing immigration law as contained in the Immigration and Nationality Act, with the enactment of the DACA program." *See* Dkt. 7 at 152-154.

The nature of the information sought by Defendant Intervenors is the information presented by Mr. Palinkas in his declaration, including the facts and assumptions underlying his statements regarding DACA. This information is relevant to the case because Mr. Palinkas's declaration was entered into the record by Plaintiffs with their preliminary injunction motion to support Plaintiffs' contention that they are likely to succeed on the merits of their legal claims. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (repeating assertion by Mr. Palinkas that DACA applications are "rubber-stamp[ed]").

The deposition of Mr. Palinkas is noticed for June 19, 2018 with the agreement of Plaintiffs. Counsel have already made arrangements to travel to New York City from Texas for the deposition. Please inform me at your earliest convenience whether Defendants will withdraw their objections to the deposition of Mr. Palinkas.

I write further to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose a representative of DHS, along with the nature and relevance of the official information sought. *See* 6 CFR 5.45.

Defendant Intervenors seek to depose a representative of DHS, pursuant to Fed. R. Civ. P. 30 (b)(6), in order to acquire information relevant to Plaintiffs' assertions, in their preliminary injunction motion, that DACA is reviewable under the APA and not an exercise of prosecutorial discretion. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (DACA applications are "rubber-stamp[ed]"), at 18 ("DACA is not unreviewable prosecutorial discretion"), at 20 ("DACA is executive action creating a massive bureaucracy to confer lawful-presence status and attendant benefits"), and at 40 ("DACA does not truly represent case-by-case discretion."). Defendant Intervenors also seek information regarding whether there have been any changes in the way in which DACA applications are adjudicated since January 20, 2017. This information is relevant to the litigation because Plaintiffs have asserted facts about the adjudication of DACA applications to support their argument that they are likely to prevail on the merits of their claim that DACA is illegal and unconstitutional. Defendant Intervenors must explore the facts related to Plaintiffs' assertions in order to respond to the motion for preliminary injunction and those facts can only be testified to by DHS employees familiar with the DACA adjudication process.

Finally, I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to present the testimony of Sarah Saldana in support of their response to Plaintiffs' motion for preliminary injunction. *See* 6 CFR 5.45. Defendant Intervenors seek to present the testimony of Sarah Saldana to support their response to Plaintiffs' assertion that "DACA is not unreviewable prosecutorial discretion." Motion for Preliminary Injunction, Dkt. 5 at 18. Facts provided by Ms. Saldana, who is a former

Director of ICE, will support Defendant Intervenor's response in opposition to Plaintiffs' arguments regarding prosecutorial discretion.

Thank you.

Sincerely,

*Nina Perales*

Nina Perales
Vice President of Litigation

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' EXPERT DISCLOSURES**

TO:     Plaintiff State of Texas, *et al.*, through their attorney of record: Todd Disher, Special
Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, Tel.: (512)
463-2100; Fax: (512) 936-0545, todd.disher@oag.texas.gov.

Defendant-Intervenors Karla Perez, *et al.,* disclose the following in accordance with the

Court's scheduling order.

1.      Amanda Brownson

Amanda Brownson is the Associate Executive Director of Governmental Relations for the

Texas Association of School Business Officials.  From 2013 to 2016, Ms. Brownson served as

Director of State Funding at the Texas Education Agency (TEA).  Ms. Brownson will testify that

TEA does not track the number of undocumented children, unaccompanied immigrant children or

DACA recipients enrolled in Texas public schools. Ms. Brownson will testify that because TEA

1

does not track these numbers, it is unclear what percentage of those students would be eligible for compensatory education weighted funding.  Ms. Brownson will also testify to the unlikelihood that DACA recipients receive services that would generate funding under the bilingual or English as a Second Language weight.  In addition, Ms. Brownson will testify to the role local property taxes play in providing for the cost of education in the State of Texas.

2.    Barbara Hines

Barbara Hines is the former founder and director of the immigration clinic at the University of Texas School of Law.  Ms. Hines has over four decades of experience representing clients in immigration matters including DACA.   Based on her training, decades of experience practicing and teaching immigration law, and direct contact with undocumented youth and other attorneys who represent undocumented youth, Ms. Hines will offer the opinion that DACA is similar to other types of deferred action as well as discretionary applications such as TPS and VAWA, including with respect to accrual of unlawful presence and access to work authorization and advance parole.   Ms. Hines will also offer the opinion that typically only qualified undocumented youth apply for DACA because of its demanding criteria and steep fees and that DACA recipients will not return to their country of origin if they lose DACA.

3.    Stephen Legowsky

Dr. Stephen Legowsky is the former Chief Counsel of United States Citizenship and Immigration Services.  Dr. Legomsky will provide his expert opinion based on his background, training, and experience in the area of deferred action and the exercise of prosecutorial discretion.  Dr. Legomsky will provide his expert opinion that the Department of Homeland

Security (DHS) exercises prosecutorial discretion when it grants deferred action, including DACA, and will speak to the department's long history of doing so.  Dr. Legomsky will further testify that deferred action:  does not grant a non-citizen a legal immigration status; is revocable; and is not a barrier to the government commencing removal proceedings when it wishes to do so. In addition, Dr. Legomsky will testify to the relationship between deferred action, employment authorization and advance parole.  Dr. Legomsky will also testify to DHS' departmental directive to exercise discretion while adjudicating DACA applications and to DACA application approval/denial rates.

4.      Douglas Massey

Douglas S. Massey is a professor of Sociology and Public Affairs at Princeton University.  Dr. Massey directs the New Immigrant Survey, the Latin American Migration Project and the Mexican Migration Project, which together collects and disseminates data on documented and undocumented migration.  Dr. Massey will provide his expert opinion on the history of migration from Mexico and Central America to the United States.  In addition, Dr. Massey will provide his expert opinion that DACA recipients, who all display strong ties to the United States and have lived in the United States for longer than five years,  are statistically very unlikely to voluntarily return to their country of origin.  Dr. Massey will further testify to the demographics of DACA recipients as compared to the overall undocumented population in the United States.

5.      Gil Kerlikowske

R. Gil Kerlikowske is a former U.S. Customs and Border Patrol (CBP) Commissioner

who served as CBP Commissioner from 2014-2017.  Mr. Kerlikowske has approximately four decades of experience in law enforcement and drug policy.  Mr. Kerlikowske will provide his expert opinion that DACA allows CBP to more efficiently identify non-citizens who are not a priority for removal and allows individual CBP agents to better concentrate their limited enforcement efforts on those individuals who do pose a threat to national security, border security and public safety.  Mr. Kerlikowske will further testify that DACA improves national security, border security and public safety by providing front line law enforcement personnel with documentation from vetted individuals who do not pose a threat to public safety or border security and allowing agents to return more quickly to duties that have a higher priority.

      6.     Roberto Gonzales

Dr. Roberto Gonzalez is a Professor of Education with tenure at Harvard University whose scholarship focuses on immigrant incorporation.  Dr. Gonzales will offer testimony regarding his long-term studies of undocumented youth and more recent research regaring DACA recipients.  Dr. Gonzales will testify that DACA has provided its recipients opportunities to access broader forms of adult life and to benefit from their investments in education, allowing them important opportunities to contribute to their families, communities, and the United States economy.  Dr. Gonzales will further testify that a repeal of DACA would have disastrous consequences for DACA's recipients and force a cruel transition back to a life of blocked access, daily struggles, and stigma.

      7.     Leighton Ku

Dr. Leighton Ku is a Professor of Health Policy and Management and Director of the Center for Health Policy Research at the Milken Institute School of Public Health at George Washington University.  Dr. Ku has over 25 years of experience in health policy research.  Dr. Ku will offer testimony on DACA recipients' eligibility for medical insurance under the Affordable Care Act (ACA).  He will testify that DACA and the ACA do not have a negative effect on employment rates of U.S. citizens, the economy, and the health care industry.  Dr. Ku will also testify that DACA improves the mental health of DACA recipients and their families, and rescinding DACA will lead to increased health care and social welfare costs.  Dr. Ku will further testify that the loss of DACA will harm states because of significant losses of private health insurance coverage.

8.      Tom Wong

Dr. Wong is a Professor of Political Science at the University of California, San Diego and an expert on immigration politics and policy.  He will offer testimony regarding the relationship between DACA and increases in the arrivals of unaccompanied children at the Southwest border.  Dr. Wong's conclusions are that the number of unaccompanied children arriving to the U.S. has been increasing since before DACA was instituted, and that there is no evidence that DACA is causally related to those increases.  Instead, these increases are potentially caused by people fleeing violence in Central America.

9.      Ray Perryman

Dr. Perryman is an economist and will offer testimony regarding the economic impact of DACA recipients on Texas's labor force and economy, as well as responding to the testimony of

Plaintiffs' witnesses Donald Deere and Monica Smoot regarding DACA recipients and their effects on the labor market and use of public benefits.  Dr. Perryman's conclusions are that immigrants are important to the Texas economy and fiscal wellbeing of government entities, that Ms. Smoot's analysis of DACA recipients' use of Texas public benefits is not accurate or dynamic, and that Dr. Deere presents a limited hypothetical that would have little or no actual effect on employment.


Dated: June 15, 2018                                                            Respectfully submitted,

                                                                                **MEXICAN AMERICAN LEGAL**
                                                                                **DEFENSE AND EDUCATIONAL FUND**
                                                                                By: */s/ Nina Perales*
                                                                                Nina Perales (Tex. Bar No. 24005046);
                                                                                (SD of Tex. Bar No. 21127)
                                                                                Attorney-in-Charge
                                                                                Celina Moreno (Tex. Bar No. 24074754)
                                                                                (SD of Tex. Bar No. 2867694)
                                                                                Jack Salmon (Tex. Bar No. 24068914)
                                                                                (SD of Texas Bar No. 1130532)
                                                                                Alejandra Ávila (Tex. Bar No. 24089252)
                                                                                (SD of Tex. Bar No. 2677912)
                                                                                Ernest I. Herrera (Tex. Bar No. 24094718);
                                                                                (SD of Tex. Bar No. 2462211)
                                                                                110 Broadway, Suite 300
                                                                                San Antonio, Texas 78205
                                                                                Phone:  (210) 224-5476
                                                                                Facsimile:  (210) 224-5382
                                                                                Email: nperales@maldef.org

                                                                                Denise Hulett
                                                                                Mexican American Legal Defense and
                                                                                Educational Fund
                                                                                1512 14th Street
                                                                                Sacramento, CA  95814
                                                                                Phone: (916) 444-3031
                                                                                Email: dhulett@maldef.org
                                                                                (Admitted pro hac vice)

                                                                                Priscilla Orta

Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL  60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 15th day of June, 2018, I served a copy of this document by electronic mail to all counsel of record.

*/s/ Nina Perales*
Nina Perales

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' LIST OF LAY WITNESSES**

TO:   Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, TX 78711-2548, Todd.Disher@oag.texas.gov.

Defendant-Intervenors Karla Perez, Maria Rocha, Jose Magaña-Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-Intervenors") serve this list of lay witnesses in accordance with the parties' June 6, 2018 letter agreement.

1. Karla Perez, c/o Nina Perales, MALDEF, 110 Broadway, Suite 300, San Antonio, TX, (210) 224-5476.  Ms. Perez will testify regarding her experience as a DACA recipient, including her background, education and current employment.

1

2. Esther Jeon, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Ms. Jeon will testify regarding her experience as a DACA recipient, including her background, education and current employment.

3. Jose Magana-Salgado, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Mr. Magana-Salgado will testify regarding his experience as a DACA recipient, including his background, education and current employment.

4. Nancy Adossi, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Ms. Adossi will testify regarding her experience as a DACA recipient, including her background, education and current employment.

5. Donald Neufeld, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Mr. Neufeld will testify regarding his experience as Associate Director for Service Center Operations for USCIS, including the evaluation, processing, and adjudication of DACA applications.

6. Sarah R. Saldaña, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Ms. Saldaña will testify regarding her experience as former Director of ICE, including the effect of DACA on allocation of resources and law enforcement practices.

7. Art Acevedo, c/o Nina Perales, MALDEF, 110 Broadway Suite 300, San Antonio, TX, (210) 224-5476. Mr. Acevedo will testify regarding his experience as Chief of the City of Houston Police Department as former Chief of the City of Austin Police Department, including the effect of DACA on police practices.

Dated: June 8, 2018                                     Respectfully submitted,

                                                        **MEXICAN AMERICAN LEGAL**
                                                        **DEFENSE AND EDUCATIONAL FUND**

                                                        By: */s/ Nina Perales*
                                                        Nina Perales (Tex. Bar No. 24005046);
                                                        (SD of Tex. Bar No. 21127)
                                                        Attorney-in-Charge
                                                        Celina Moreno (Tex. Bar No. 24074754)
                                                        (SD of Tex. Bar No. 2867694)
                                                        Jack Salmon (Tex. Bar No. 24068914)
                                                        (SD of Texas Bar No. 1130532)
                                                        Alejandra Ávila (Tex. Bar No. 24089252)
                                                        (SD of Tex. Bar No. 2677912)
                                                        110 Broadway, Suite 300
                                                        San Antonio, Texas 78205

Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Celina Moreno*
Celina Moreno

# Exhibit 4

| From: | Nina Perales |
|---|---|
| To: | Robins, Jeffrey (CIV); Disher, Todd |
| Cc: | Celina Moreno; Alejandra Avila; Ernest Herrera; Rachel.Apter@njoag.gov; Biggs, Adam |
| Subject: | RE: Texas et al v. United States, No. 1:18-cv-0068-ASH (S.D. Tex.) |
| Date: | Saturday, June 09, 2018 7:58:08 PM |

Dear Mr. Robins,

Yes, I can definitely agree that Defendant Intervenors do not represent Mr. Neufeld.  I can also clarify that Mr. Neufeld falls into the category of witnesses upon whose previous sworn statements we plan to rely.

In our discovery negotiations, Mr. Disher specifically asked us to identify all lay witnesses on whom we plan to rely --  witnesses who will prepare new declarations for our PI response brief and witnesses who have previous sworn testimony that we plan to attach to our PI response brief.

In an excess of caution, and in the interests of full disclosure and maintaining a positive relationship with opposing counsel, we disclosed Mr. Neufeld.

If Texas plans to depose Mr. Neufeld, we would of course expect Texas to work that out with you, and inform us of the arrangements for a deposition.

I hope this clarifies our intent. Please let me know if you have any additional questions,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Saturday, June 09, 2018 7:49 PM
**To:** Nina Perales; Disher, Todd
**Cc:** Celina Moreno; Alejandra Avila; Ernest Herrera; Rachel.Apter@njoag.gov; Biggs, Adam
**Subject:** RE: Texas et al v. United States, No. 1:18-cv-0068-ASH (S.D. Tex.)

Ms. Perales,

I plan to follow up with a further email regarding the propriety of identifying a federal government employee as a witness here, but just to be clear for the moment , do you agree that you do not represent Mr. Neufeld and should not be accepting service on his behalf?

Thanks,

Jeff


Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Nina Perales <nperales@MALDEF.org>
Date: 6/9/2018 7:59 AM (GMT-05:00)
To: "Disher, Todd" <Todd.Disher@oag.texas.gov>
Cc: Celina Moreno <cmoreno@MALDEF.org>, Alejandra Avila <Aavila@MALDEF.org>,
Ernest Herrera <eherrera@MALDEF.org>, "Robins, Jeffrey (CIV)"
<jerobins@CIV.USDOJ.GOV>, Rachel.Apter@njoag.gov, "Biggs, Adam"
<Adam.Biggs@oag.texas.gov>
Subject: Re: Texas et al v. United States, No. 1:18-cv-0068-ASH (S.D. Tex.)

Good morning Todd,

Yes, MALDEF will accept service of deposition subpoenas on our witnesses' behalf.  We will
have dates for at least two more witnesses today.

Sent from my iPhone

> On Jun 8, 2018, at 7:41 PM, Disher, Todd <Todd.Disher@oag.texas.gov> wrote:
>
> Understood. Thank you for checking.
>
> Do you have dates and locations for the other five witnesses? For those witnesses who are not
your clients, it appears that MALDEF will accept service of deposition subpoenas on their behalf
due to the c/o designation. Please confirm.
>
> Thanks,
>
> Todd
>
> Todd Lawrence Disher
> Special Counsel for Civil Litigation
> Office of the Attorney General of Texas
> P.O. Box 12548 (MC 001)
> Austin, TX 78711-2548
> (512) 936-2266
> Todd.Disher@oag.texas.gov
>
> -----Original Message-----
> From: Celina Moreno [mailto:cmoreno@MALDEF.org]
> Sent: Friday, June 08, 2018 7:32 PM
> To: Disher, Todd <Todd.Disher@oag.texas.gov>
> Cc: Nina Perales <nperales@MALDEF.org>; Alejandra Avila <Aavila@MALDEF.org>; Ernest
Herrera <eherrera@MALDEF.org>; Jeffrey.Robins@usdoj.gov; Rachel.Apter@njoag.gov; Biggs,
Adam <Adam.Biggs@oag.texas.gov>
> Subject: Re: Texas et al v. United States, No. 1:18-cv-0068-ASH (S.D. Tex.)

>
> Unfortunately, no.
>
> Sent from my iPhone
>
>> On Jun 8, 2018, at 7:14 PM, Disher, Todd <Todd.Disher@oag.texas.gov> wrote:
>>
>> Thank you, Celina. Is Ms. Adossi available on June 16 as well?
>>
>> Todd Lawrence Disher
>> Special Counsel for Civil Litigation
>> Office of the Attorney General of Texas P.O. Box 12548 (MC 001)
>> Austin, TX 78711-2548
>> (512) 936-2266
>> Todd.Disher@oag.texas.gov
>>
>> -----Original Message-----
>> From: Celina Moreno [mailto:cmoreno@MALDEF.org]
>> Sent: Friday, June 08, 2018 6:26 PM
>> To: Disher, Todd <Todd.Disher@oag.texas.gov>
>> Cc: Nina Perales <nperales@MALDEF.org>; Alejandra Avila
>> <Aavila@MALDEF.org>; Celina Moreno <cmoreno@MALDEF.org>; Ernest
>> Herrera <eherrera@MALDEF.org>; Jeffrey.Robins@usdoj.gov;
>> Rachel.Apter@njoag.gov
>> Subject: RE: Texas et al v. United States, No. 1:18-cv-0068-ASH (S.D.
>> Tex.)
>>
>> Dear Todd,
>> Attached, please find Defendant-Intervenors' list of lay witnesses. Also, our clients Karla Perez and Nancy Adossi are available to be deposed in Houston, Texas, on June 16 and June 21, respectively. Please confirm whether those dates work for you.
>> Thanks,
>> Celina
>>
>> Celina Moreno
>> Interim Southwest Regional Counsel
>> MALDEF
>> 110 Broadway, Suite 300
>> San Antonio, TX 78205
>> ph (210) 224-5476, ext. 212
>> fax (210) 224-5382
>> www.maldef.org<https://urldefense.proofpoint.com/v2/url?u=http-3A__www
>> .maldef.org_&d=DwIFAg&c=Z_mC1sqOcfBCM1ZptXokOj7_ss37GsaAMzCZyvOxKN4&r=
>>
>> sJXj47LoI4xQ4zRIYXYPjtSABNiF6feJS5WOFi3VXKU&m=sQYTAc5XJU_0SLDwIwFlCzBX
>> _c_dgTVsLb7CuBMuqbk&s=Y0eBu8Ked1Xu6SY-tC4smLv6U7BSbaNzCcdhT7fKENA&e=>
>> facebook.com/maldef
>> twitter.com/maldef
>> The Latino Legal Voice for Civil Rights in America
>>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**<u>ORDER</u>**

Pending before the Court is Defendant-Intervenors' Motion to For Leave to Submit Testimony of Current or Former Employees.  After careful consideration, the Court is of the opinion that the motion has merit and should be GRANTED.

1. Defendants must respond to the interrogatories and requests for production served on them by Defendant Intervenors within ten days of the date of this order.  (Dkts. 80-1, 80-2, 80-3)

2. Defendants must provide a witness or witnesses to testify in response to Defendant Intervenors' Notice of Deposition Upon Oral Examination of Rule 30(b)(6) Witness (Dkt. 86-1)

3. Defendants' Emergency Motion to quash the subpoena of Mr. Kenneth Palinkas is DENIED. (Dkt. 87)  Defendant Intervenors may take the deposition of Mr. Palinkas on

1

June 19, 2018 as provided in the subpoena filed with this Court (Dkt. 86-2).

4.  Leave is hereby granted for the following current and former federal employees to testify in this case:

   a.  Sarah Saldana, former Director of U.S. Immigration and Customs Enforcement (ICE);

   b.  Stephen H. Legomsky, former Chief Counsel of U.S. Citizenship and Immigration Services (USCIS);

   c.  Gil Kerlikowske, former Commissioner of U.S. Customs and Border Protection (CBP);

   d.  A designated representative of the National Citizenship and Immigration Services Council ("NCISC"), testifying under Fed. R. Civ. P. 30 (b)(6);

   e.  Donald Neufeld, current associate director for Service Center Operations USCIS, by deposition excerpts.

   f.  Declarations or deposition transcripts from other litigation of Michael Hoefer, James McCamen, and James D. Nealon as exhibits.


Signed this _____ day of _____, 2018.


                                          _____
                                          Andrew S. Hanen
                                          United States District Judge