# Exhibit 1

| **From:** | Robins, Jeffrey (CIV) |
|---|---|
| **To:** | Disher, Todd; Nina Perales; Rachel Wainer Apter; Celina Moreno |
| **Cc:** | Kenneth Levine; Jeremy Hollander; Biggs, Adam; Starr, Brantley; Bitter, Adam; Alejandra Avila; Ernest Herrera; Denise M. Hulett; Peroyea, Trent; Moreno, Cristina |
| **Subject:** | RE: Texas, et al. v. United States, et al. - Defendant-Intervenors" Lay Witness Availability |
| **Date:** | Wednesday, June 13, 2018 11:42:11 AM |

Thank you Todd.

Counsel,

I appreciate the logistics involved in scheduling the depositions folks intend to take before the close of early discovery in this matter. However, in addition to the concerns that Federal Defendants raised regarding the possible deposition of Donald Neufeld, who is not being noticed or subpoenaed for deposition, Defendants object to the noticed deposition of USCIS Information Services Officer Kenneth Palinkas and Former ICE Director Sara Saldana. Federal Defendants ask that the requesting parties withdraw the current notices and/or subpoenas by noon on Friday pending further order from the Court permitting the depositions to proceed, or Defendants are prepared to move to quash the notices.

On May 30, 2018, the Court ordered that any "party who wishes to seek discovery from Federal Defendants, except for discovery from on an outside expert retained by Federal Defendants, must seek leave from the Court to do so." Dkt. No. 53. By noticing the depositions of current and former federal government employees regarding their official duties, both Plaintiffs and Defendants-Intervenors are acting in a way that side-steps this order and Fed. R. Civ. P. 30(a)(2)(A)(iii) that states "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ."

In addition, the Department of Homeland Security's *Touhy* regulations apply to both employees and former employees and is silent as to its inapplicability if DHS is a party to the litigation. *See* 6 C.F.R. 5.44(a) ("No employee, or former employee, of the Department shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel, or as authorized in § 5.44(b)."). Those regulations require the seeking party to "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought," and generally permit such disclosures only upon DHS approval. 6 C.F.R. 5.45(a). Here, not only have Plaintiffs and Defendant-Intervenors not sought a court order with regard to these depositions, but they have also failed to seek permission under DHS's *Touhy* regulations.

Whether in the form contemplated by the *Touhy* regulation or in a limiting order issued by the Court here, this process allows Federal Defendants to determine, among other things, whether any privilege governs all or part of the disclosure; whether the disclosure would violate a federal statute, rule or regulation; whether the disclosure would reveal classified information or records complied for law enforcement purposes; and whether the disclosure would compromise an ongoing law enforcement investigation. These concerns are particularly relevant where Defendant-Intervenors report that Ms. Saldana will "testify regarding her experience as former Director of ICE, including the effect of DACA on allocation of resources and law enforcement practices," and Plaintiffs have already filed – without authorization -- the declaration of USCIS Immigration Services Officer, and union president, Mr. Palinkas, which fails to differentiate between his role as a government employee and union president, and suggests disclosure of potentially privileged operational procedures that could have law enforcement implications. Dkt. No. 7 at 153 ("And USCIS management has ensured that these applications are not properly screened as it has over assigned the workload for the completion of these applications to be favorably rubber stamped as long as they meet minimal requirements. They are not properly vetted as no DACA applicant is

ever interviewed.")

Accordingly, Federal Defendants request that the parties withdraw the notices and/or subpoenas for the depositions of Mr. Palinkas and Ms. Saldana, and if they seek to pursue these depositions: infom Federal Defendants of the scope of the intended depositons, and seek leave of Court to conduct the early depositions that demonstrates the appropriate good cause and sufficiently curtails the scope of any such deposition request so as to not seek privileged testimony. Notably, the statement in Plaintiff's motion for preliminary injunction that relies on Mr. Palinkas' declaration is also supported by citation to USCIS's statistical data and USCIS DACA Standard Operating Procedures, and it is not clear how Defendant-Intervenors' reliance on Ms. Saldana relates to the preliminary injunction factors.

Sincerely,

Jeff Robins

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: "Disher, Todd" <Todd.Disher@oag.texas.gov>
Date: 6/12/2018 6:56 PM (GMT-05:00)
To: "Robins, Jeffrey (CIV)" <jerobins@CIV.USDOJ.GOV>, Nina Perales <nperales@MALDEF.org>, Rachel Wainer Apter <Rachel.Apter@njoag.gov>, Celina Moreno <cmoreno@MALDEF.org>
Cc: Kenneth Levine <Kenneth.Levine@law.njoag.gov>, Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>, "Biggs, Adam" <Adam.Biggs@oag.texas.gov>, "Starr, Brantley" <Brantley.Starr@oag.texas.gov>, "Bitter, Adam" <Adam.Bitter@oag.texas.gov>, Alejandra Avila <Aavila@MALDEF.org>, Ernest Herrera <eherrera@MALDEF.org>, "Denise M. Hulett" <Dhulett@MALDEF.org>, "Peroyea, Trent" <Trent.Peroyea@oag.texas.gov>, "Moreno, Cristina" <Cristina.Moreno@oag.texas.gov>
Subject: RE: Texas, et al. v. United States, et al. - Defendant-Intervenors' Lay Witness Availability

Jeff,

Mr. Palinkas is a current USCIS employee in addition to serving as the president of the local union. Our office does not represent him in any capacity in this litigation.

Nina – While we were willing to facilitate scheduling a time and date for the deposition, please serve Mr. Palinkas with a subpoena. He can be served at the address listed in your prior notice: 26 Federal Plaza, New York, NY 10278, Room 403. If you would like me to ask him if he would accept service by alternative means, please let me know and I will do so.

Todd

**Todd Lawrence Disher**
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov