# Exhibit 2



**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
34 Peachtree Street, NW
Suite 2500
Atlanta, GA 30303
*Tel:* 678.559.1071
*Fax:* 678.559.1079

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 4th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

Sent *via* email

June 13, 2018

Jeffrey S. Robins
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044

RE: *Texas, et al. v. United States, et al.*, 18-cv-68 (SDTX)

Dear Mr. Robins,

Thank you for your email today notifying counsel in the case that Federal Defendants object to the deposition of Kenneth Palinkas.

As you are aware, Mr. Palinkas provided written testimony in this case on May 2, 2018. After Plaintiffs disclosed Mr. Palinkas on June 8, 2018 as a witness supporting their motion for preliminary injunction, and following successful negotiations with Plaintiffs regarding time and location, Defendant Intervenors noticed the deposition of Mr. Palinkas on June 12, 2018.

I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose Mr. Palinkas, along with the nature and relevance of the official information sought. *See* 6 CFR 5.45.

Defendant Intervenors seek to depose Mr. Palinkas because he has provided testimony in this case in support of Plaintiffs' argument that they are likely to succeed on the merits of their claim that Deferred Action for Childhood Arrivals (DACA) violates federal law and the U.S. Constitution. For example, Mr. Palinkas testified in his declaration that: DACA "has further compromised and eroded the goals that USCIS Officers pursue every day;" DACA applications "are not properly

*Advancing Latino Civil Rights for over 40 Years*
www.maldef.org

screened;" DACA applications are "rubber stamped;" DACA applications "are not properly vetted;" and "USCIS has continually bypassed Congress and existing immigration law as contained in the Immigration and Nationality Act, with the enactment of the DACA program." *See* Dkt. 7 at 152-154.

The nature of the information sought by Defendant Intervenors is the information presented by Mr. Palinkas in his declaration, including the facts and assumptions underlying his statements regarding DACA. This information is relevant to the case because Mr. Palinkas's declaration was entered into the record by Plaintiffs with their preliminary injunction motion to support Plaintiffs' contention that they are likely to succeed on the merits of their legal claims. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (repeating assertion by Mr. Palinkas that DACA applications are "rubber-stamp[ed]").

The deposition of Mr. Palinkas is noticed for June 19, 2018 with the agreement of Plaintiffs. Counsel have already made arrangements to travel to New York City from Texas for the deposition. Please inform me at your earliest convenience whether Defendants will withdraw their objections to the deposition of Mr. Palinkas.

I write further to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to depose a representative of DHS, along with the nature and relevance of the official information sought. *See* 6 CFR 5.45.

Defendant Intervenors seek to depose a representative of DHS, pursuant to Fed. R. Civ. P. 30 (b)(6), in order to acquire information relevant to Plaintiffs' assertions, in their preliminary injunction motion, that DACA is reviewable under the APA and not an exercise of prosecutorial discretion. *See, e.g.* Motion for Preliminary Injunction, Dkt. 5 at 1 (DACA applications are "rubber-stamp[ed]"), at 18 ("DACA is not unreviewable prosecutorial discretion"), at 20 ("DACA is executive action creating a massive bureaucracy to confer lawful-presence status and attendant benefits"), and at 40 ("DACA does not truly represent case-by-case discretion."). Defendant Intervenors also seek information regarding whether there have been any changes in the way in which DACA applications are adjudicated since January 20, 2017. This information is relevant to the litigation because Plaintiffs have asserted facts about the adjudication of DACA applications to support their argument that they are likely to prevail on the merits of their claim that DACA is illegal and unconstitutional. Defendant Intervenors must explore the facts related to Plaintiffs' assertions in order to respond to the motion for preliminary injunction and those facts can only be testified to by DHS employees familiar with the DACA adjudication process.

Finally, I write to provide you the reasons, with as much specificity as possible, why Defendant Intervenors seek to present the testimony of Sarah Saldana in support of their response to Plaintiffs' motion for preliminary injunction. *See* 6 CFR 5.45. Defendant Intervenors seek to present the testimony of Sarah Saldana to support their response to Plaintiffs' assertion that "DACA is not unreviewable prosecutorial discretion." Motion for Preliminary Injunction, Dkt. 5 at 18. Facts provided by Ms. Saldana, who is a former

Director of ICE, will support Defendant Intervenor's response in opposition to Plaintiffs' arguments regarding prosecutorial discretion.

Thank you.

Sincerely,

*Nina Perales*

Nina Perales
Vice President of Litigation