IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants, | ) |
| KARLA PEREZ, *et al.*, | ) |
| Defendant-Intervenors, and | ) |
| STATE OF NEW JERSEY, | ) |
| Proposed Defendant-Intervenor. | ) |

**PROPOSED DEFENDANT-INTERVENOR STATE OF NEW JERSEY'S RESPONSE TO DEFENDANT-INTERVENORS' REQUEST FOR DISCOVERY FROM FEDERAL DEFENDANTS**

Proposed Defendant-Intervenor State of New Jersey ("New Jersey") submits this response to Defendant-Intervenors' Request for Discovery from Federal Defendants. New Jersey agrees with Defendant-Intervenors that limited discovery from the Federal Defendants is required. *See* Dkt. 91. It submits this response to make two additional points.

In their motion for a preliminary injunction, Plaintiff States assert that DACA "required notice-and-comment" rulemaking because "[i]t does not genuinely leave the agency and its decisionmaker free to exercise discretion" in adjudicating DACA applications. Dkt. 5 at 33-34. Evidence regarding whether the "agency and its decisionmaker" are genuinely free to exercise discretion in adjudicating DACA applications is uniquely in the possession of the agency and its current and former decisionmakers. Yet the Federal Defendants attempt to block all discovery

1

from either the Federal Government or any person currently or formerly employed by the Federal Government. *See* Dkt. 85; Dkt. 91-1. And the Plaintiff States simultaneously attempt to rely on the statement of one current Federal Government employee (Kenneth Palinkas) while opposing discovery of all other Federal Government employees. *See* Dkt. 7, Ex. 14; Dkt. 94. This Court should reject those efforts and grant limited discovery from the Federal Defendants. *See* Dkt. 91 (requesting, inter alia, a 30(b)(6) witness from Federal Defendants to testify to how DACA applications are currently adjudicated).

Plaintiff States assert that such discovery is not necessary because the "lack of discretion exercised by Defendants in granting DACA applications" has "already been decided by the U.S. Court of Appeals for the Fifth Circuit" in the DAPA litigation. Dkt. 94 at 1. As to the post 2015 period, that is not true. The record in the DAPA litigation closed in February 2015, when this Court issued its preliminary injunction, and thus never contained any evidence as to how DACA applications were adjudicated between February 2015 and 2017. It also never contained any evidence regarding how DACA applications have been adjudicated since the new Administration came in in January 2017 and drastically changed its position regarding DACA.

Moreover, even on the pre-February 2015 record, Plaintiff States neglect to mention that the Fifth Circuit held it was not clear error for this Court to fail to resolve "the conflicting statements by [Donald] Neufeld and [Kenneth] Palinkas" as to the discretion exercised in adjudicating DACA applications because the Federal Government submitted the declaration of Mr. Neufeld only *after* the hearing on the preliminary injunction, as part of a sur-reply, and the Federal Government never requested an evidentiary hearing to address the conflicting statements in the record. *Texas v. United States*, 809 F.3d 134, 175-76 & n. 142 (5th Cir. 2015). Here, New Jersey will formally request an evidentiary hearing to resolve any conflicting statements before

any factual finding is made regarding the discretion that Federal Defendants currently exercise or formerly exercised in adjudicating DACA applications.

Even the Federal Defendants acknowledge that any consideration of whether DACA is "procedurally unlawful for failure to undergo notice and comment under the APA … would require a factual determination." Dkt 71 at 15, n.5 (citing *Texas*, 809 F.3d at 172-75). Because the evidence necessary to make this factual determination is uniquely in the possession of the Federal Government and its former and current employees, this Court should allow limited discovery from the Federal Defendants.

Dated: June 18, 2018

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: */s/Rachel Wainer Apter*
Assistant Attorney General
Attorney-in-Charge
Admission by Pro Hac Vice
Kenneth S. Levine
Deputy Attorney General
Admission by Pro Hac Vice
Paul H. Juzdan
Deputy Attorney General
Admission by Pro Hac Vice
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: (609) 376-2702
Fax: (609) 777-4015
Rachel.Apter@njoag.gov

*Attorneys for Proposed Defendant-Intervenor State of New Jersey*

## **CERTIFICATE OF SERVICE**

I certify that on June 18, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>	*/s/Rachel Wainer Apter*
>	Rachel Wainer Apter