IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants, | § |
| and | § |
| KARLA PEREZ, *et al.*, | § |
| Defendant-Intervenors. | § |

**DEFENDANT INTERVENORS' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO QUASH SUBPOENAS AND REPLY IN SUPPORT OF DEFENDANT INTERVENORS' APPLICATIONS FOR DISCOVERY OF FEDERAL DEFENDANTS**

Defendant Intervenors Karla Perez, *et al.*, file this Response in Opposition to Federal Defendants' Motion to Quash Subpoenas and Reply in Support of Defendant Intervenors' Motion for Leave to Submit Testimony of Current or Former Federal Employees. Defendant Intervenors respectfully request that Federal Defendants' motion to quash subpoenas [Dkt. No. 87] be denied and that their applications for discovery of Federal Defendants [Dkt. No. 65, 80, 86] be granted.

Plaintiffs and Defendant Intervenors have followed the mutually agreed-upon schedule below and Defendant Intervenors have made timely applications to the Court to ensure they can take the discovery and present the testimony necessary to their preliminary injunction response by the June 29 end of discovery:

1

- **June 7** - Defendant Intervenors filed application to propound paper discovery of Federal Defendants
- **June 8** - Plaintiffs and Defendant Intervenors exchanged disclosures of their lay witnesses
- **June 11** - Plaintiffs and Defendant Intervenors set the deposition of Kenneth Palinkas for June 19
- **June 12** - Plaintiffs requested that Mr. Palinkas be subpoenaed for his deposition
- **June 12** - Plaintiffs noticed Sarah Saldaña deposition for June 29
- **June 13** - Fed Defendants wrote an email objecting to the noticed depos of Mr. Palinkas and Saldaña
- **June 13** – Defendant Intervenors filed their supplemental application to take paper discovery of Fed Defendants, attaching discovery request documents
- **June 15** - Mr. Palinkas was served with a subpoena for his deposition by Defendant Intervenors
- **June 15** - Plaintiffs and Defendant Intervenors exchanged disclosures of their expert witnesses
- **June 15** - Federal Defendants moved to quash subpoena of Mr. Palinkas and Ms. Saldaña
- **June 15** - Defendant Intervenors filed application to take depositions of federal employees
- **June 17** - Defendant Intervenors filed motion for leave to present testimony of current and former federal employees

As demonstrated by the timeline above, Plaintiffs and Defendant Intervenors have established a swift and cooperative discovery that will allow the parties to supplement their position statements on the motion for preliminary injunction by July 7, 2018.

Quashing the subpoenas for the depositions of Plaintiffs' witness Mr. Palinkas and Defendant Intervenors' witness Ms. Saldana is unwarranted and will disturb the discovery process established by the Court. Federal Defendants have not moved sufficiently for the quashing of subpoenas. Federal Defendants have not described which privilege they assert, as required by the Federal Rules of Civil Procedure. *See* Dkt. No. 91. Defendants' vague assertions are not enough to claim privilege under discovery rules. *See* Fed. R. Civ. P. 26(b)(5) (to assert privilege, party must "expressly make the claim; and **[…]** describe the nature of the documents, communications, or tangible things not produced or disclosed."); *see also* Fed. R. Civ. P. 45(e)(2)(A) ("A person withholding subpoenaed information under a claim that it is privileged[…] must […] expressly make the claim."). Federal Defendants did not make such an

assertion, but instead focused incorrectly on the "good cause" standard for early discovery under Fed. R. Civ. P. 26.  *See* Dkt. No. 87.  Defendant Intervenors seek to depose Mr. Palinkas and present testimony of Ms. Saldaña, and the corresponding subpoenas are appropriate.

Plaintiffs incorrectly argue that Defendant Intervenors' applications for discovery should be denied because the issue of discretion was decided in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015).  The decision in that case dealt with DAPA and expanded DACA, not DACA, which is the subject of this litigation.  Additionally, nearly three years have passed since that decision, during which months of DACA implementation under the former administration and a year and a half of DACA implementation under the current administration have passed.  Discovery of facts relevant to DACA and its implementation since the proceedings in the DAPA litigation is critical to the ability of Defendant Intervenors to respond to Plaintiffs' argument in their preliminary injunction brief that they are likely to prevail on the merits of their legal claims because DACA adjudication is a 'rubber stamp' that does not involve use of discretion.

Dated: June 18, 2018                            Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205

        Phone: (210) 224-5476
        Facsimile: (210) 224-5382
        Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that, on the 18th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

        */s/ Nina Perales*
        Nina Perales