**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant | § | |
| Intervenors. | § | |

**DEFENDANT INTERVENORS' RESPONSE TO PLAINTIFF STATES' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to the Court's order (Dkt. No. 89), Defendant Intervenors Karla Perez, *et al*. ("Defendant Intervenors") respectfully submit their response to Plaintiff States' Motion for Leave to File an Amended Complaint.  Defendant Intervenors request that the Court deny the motion because the joinder of three additional plaintiffs (the State of Kansas, Mississippi Governor Phil Bryant, and Maine Governor Paul R. LePage) will introduce new parties and new issues into the proceedings at the preliminary injunction stage without providing Defendant Intervenors an adequate opportunity to respond, and Plaintiff States have failed to explain the delayed attempt to join three new plaintiffs.

The new plaintiffs seek to join this case six years after the adoption and implementation of Deferred Action for Childhood Arrivals (DACA).  The facts underlying the original complaint were known to these proposed new parties well before the original complaint was filed, and they

do not offer any reasonable explanation for their delay in seeking to join this case following the original complaint. *See Matter of Southmark Corp.*, 88 F.3d 311, 315–16 (5th Cir. 1996).

In addition, joinder of three additional plaintiffs is prejudicial to Defendant Intervenors because the amendment is relevant to the state-by-state and fact-specific issue of standing in this case. The amendment raises new issues not currently present in the original complaint and affects the scope of discovery for the preliminary injunction and the Court's subject matter jurisdiction. Defendant Intervenors would be particularly prejudiced by the amendment at this stage in the litigation. The Court has entered a discovery schedule related to Plaintiff States' pending motion for a preliminary injunction. In connection with this discovery, the parties have already exchanged expert reports and exhibit and witness lists, and propounded interrogatories and requests for production. Discovery is scheduled to close in less than two weeks. If the amendment were granted, Defendant Intervenors would not be able to depose any witnesses or rebut any evidence offered by the new plaintiffs in connection with the pending motion for preliminary injunction.

For the foregoing reasons, Defendant Intervenors respectfully request that the motion be denied. In the alternative, Defendant Intervenors request that (1) the Court carry the motion to amend pending resolution of the current Plaintiff States' motion for a preliminary injunction, or (2) if leave to amend is granted, the Court order that the proposed plaintiffs are not allowed to participate in the preliminary injunction phase of the proceedings.

## I.     Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, outside the period for amending a pleading as a matter of course, a party may amend its pleading only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings "shall be freely

given when justice so requires." *Id.* However, leave "is not automatic" and lies "within the discretion of the trial court." *Matter of Southmark Corp.*, 88 F.3d at 314 (internal quotation marks and citation omitted). In deciding whether to grant or deny such leave, the court considers a number of factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id*. at 314-15. "[I]n exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Id*. at 316.

Moreover, under Rule 20(a)(1), proposed new parties may join if they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1). However, "even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017) (internal quotation marks and citation omitted).

## II.   Argument

Here, leave to amend should be denied because the amendment will introduce new parties and new issues into the proceedings at the preliminary injunction stage without providing Defendant Intervenors an adequate opportunity to respond, and Plaintiff States have failed to explain the delayed attempt to join three new plaintiffs who were aware of the facts in the original complaint well before this case was filed.

The June 15, 2012 DACA memorandum at issue in this litigation was issued by the Department of Homeland Security over six years ago.  This undisputed fact was well known by the State of Kansas, Mississippi Governor Phil Bryant, and Maine Governor Paul R. LePage years before Plaintiff States filed their original complaint.  Indeed, Governor Bryant challenged DACA in 2012 on behalf of the State of Mississippi in a different proceeding, but his claims were dismissed for lack of subject matter jurisdiction.  *Crane v. Johnson*, 783 F.3d 244, 252 (5th Cir. 2015).  Even though the facts underlying the amended complaint were known to the three proposed new plaintiffs six years ago, Plaintiff States do not explain the unduly delayed attempt to join the case.  The unexplained delay and the states' knowledge strongly weigh against the proposed amendment.  *See Matter of Southmark Corp.*, 88 F.3d at 315–16 ("Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time.  Accordingly, we have indicated that, in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed.") (citations omitted).

Moreover, the amendment is potentially highly prejudicial to Defendant Intervenors.  Although Plaintiff States represent that their amended complaint "is based on the same facts and circumstances as the Original Complaint" (Dkt. No. 84 at 2), the amendment introduces new issues with respect to standing.   To establish standing, Plaintiff States point to purported education, healthcare, and law-enforcement costs imposed by DACA.  *See* Dkt. No. 1, ¶ 228 ("Plaintiff States have incurred considerable financial injuries on education, healthcare, and law-enforcement costs caused by DACA.").[1]  These claims of harm require state-by-state and fact-

---

[1] Indeed, in its response to the Plaintiff States' motion for preliminary injunction, the United States has asserted that it is Defendants' position that the Plaintiff States would have standing if they assert a financial injury that appears to

specific inquiries to resolve the question of the Court's jurisdiction.  The amendment prejudices Defendant Intervenors because it raises new issues related to subject matter jurisdiction and expands the scope of discovery at the preliminary injunction stage of the case.[2]

The risk of prejudice is particularly acute at this stage in the litigation.  Less than two weeks remain in the Court's discovery schedule.  *See* Dkt. No. 53.  Without the ability to develop a response to the proposed new plaintiffs' claims of injury, Defendant Intervenors will be substantially prejudiced.

### III.    Conclusion

For the foregoing reasons, Defendant Intervenors respectfully request that Plaintiff States' Motion for Leave to File an Amended Complaint be denied.  In the alternative, Defendant Intervenors request that (1) the Court carry the motion pending resolution of current Plaintiff States' motion for a preliminary injunction, or (2) if leave to amend is granted at this time, the Court order that the proposed new plaintiffs not participate in in the preliminary injunction stage of the case.

Dated:  June 21, 2018                                        Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)

---

be currently lacking in the Plaintiff States' motion.  *See* Dkt. No. 71 at 15-16.

[2] To the extent Plaintiff States concede that the proposed new plaintiffs are not relying on the existing injury allegations in the original complaint, the amendment would be futile because the new parties do not offer a basis for standing and therefore leave is similarly not warranted.

(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant Intervenors

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that, on the 21st day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales