IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| *v.* ) | Case No. 1:18-cv-00068 |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| *Defendants,* ) | |
| ) | |
| *and* ) | |
| ) | |
| KARLA PEREZ, *et al.*, ) | |
| ) | |
| *Defendant-Intervenors.* ) | |

**PLAINTIFF STATES' RESPONSE TO DEFENDANT-INTERVENORS'
REQUEST FOR DECLARATIONS FROM FEDERAL DEFENDANTS**

Recognizing the time constraints on Plaintiff States' motion for a preliminary injunction, the parties agreed to deadlines that would facilitate the expedited discovery requested by Defendant-Intervenors. Defendant-Intervenors now seek to prejudice Plaintiff States by relying on declarations that still have not been produced to the other parties and sworn testimony from federal witnesses that are not needed at this stage of the proceeding. Plaintiff States oppose the request for declarations from the federal witnesses, which purportedly relate to issues that are largely not in dispute.

As explained in Plaintiff States' response to Defendant-Intervenors' requested discovery from Defendants, the U.S. Court of Appeals for the Fifth Circuit has already held that DACA is not an act of discretion. *See* ECF 94. Evidence of the lack of

1

discretion has only grown since the affirmance of this Court's preliminary injunction blocking DAPA and Extended DACA. *See, e.g.*, Pls.' Mot. for Prelim. Inj. Ex. 5 n.1 (App. 22-23) (ECF No. 6). And the Court has ordered Defendants to respond to Defendant-Intervenors' detailed written discovery requests seeking any additional information regarding the rate of DACA application approvals. ECF 97.

As such, the declarations from federal employees are not needed for the Court to rule on the motion for preliminary injunction. To the extent that Defendant-Intervenors claim the implementation of DACA has changed under the new federal executive administration, the proposed federal witnesses cannot testify to that. Sarah Saldaña, Stephen Legomsky, and Gil Kerlikowske are former federal employees who worked under the prior administration. *See* ECF No. 91. They cannot have knowledge of current practices and, at most, can testify regarding only what happened prior to September 5, 2017, the date that the U.S. Citizenship and Immigration Service acknowledged it could not identify any truly discretionary denials. *See, e.g.,* Pls.' Mot. for Prelim. Inj. Ex. 5 n.1 (App. 22-23) (ECF No. 6). The proposed declarations from Donald Neufeld and Michael Hoefer are dated January 30, 2015, well before the September 2017 acknowledgment from USCIS regarding the lack of discretionary denials. And the excerpts from the depositions of James McCament and James D. Nealon relate to the decision to rescind DACA in 2017, which is not the subject of this case. Those witnesses do not dispute the September 2017 acknowledgement or any of the other evidence proving that DACA is not an act of discretion.

Additionally, Defendant-Intervenors' attempts to use sworn statements from the federal witnesses violate the parties' agreement and the Court's order regarding timing of disclosures. Defendant-Intervenors have designated Mr. Legomsky and Mr. Kerlikowske as testifying experts, but they have failed to comply with the Court's order regarding the disclosure of their expert opinions. *See* ECF No. 53. While disclosing their names and short summaries of their opinions, Defendant-Intervenors have not provided reports, declarations, or the supporting material for Mr. Legomsky and Mr. Kerlikowske. Likewise, Defendant-Intervenors still have not provided the proposed testimony of Ms. Saldaña even though the parties agreed to exchange exhibits on June 15, 2018. *See* Ex. A. And Defendant-Intervenors failed to include Mr. Hoefer, Mr. McCament, or Mr. Nealon on their list of fact witnesses due by agreement of the parties on June 8, 2018. *Id*; ECF No. 87-3. With only seven days left in the discovery period, allowing these experts to testify at this point would severely prejudice Plaintiff States.

Plaintiff States oppose the inclusion of the unnecessary and still-undisclosed declarations from Ms. Saldaña, Mr. Legomsky and Mr. Kerlikowske and the unnecessary and untimely testimony from Mr. Neufeld, Mr. Hoefer, Mr. McCament, and Mr. Nealon.

June 22, 2018

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFF LANDRY
Attorney General of Louisiana

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully Submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

 */s/Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation
Tx. State Bar No. 24077727

ADAM N. BITTER
Assistant Attorney General
Tx. State Bar No. 24085070

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

# Exhibit A



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 6, 2018

Nina Perales
MALDEF
110 Broadway, Suite 300
San Antonio, TX 78205
nperales@maldef.org
*via email*

Re:   Agreement Regarding Discovery on Plaintiff States' Motion for Preliminary Injunction Discovery; *Texas v. United States*, No. 1:18-cv-00068

Ms. Perales:

This letter memorializes the agreement between Plaintiff States and Defendant Intervenors regarding discovery related to Plaintiff States' motion for preliminary injunction. New Jersey agrees to abide by these terms as well in advance of the Court's ruling on its motion to intervene. Nothing in this agreement limits any parties' right to supplement or modify any information provided once this case moves into the regular discovery period leading up to a final ruling on the merits.

a.   There will be a ten-day period for responses to interrogatories, requests for admission, and requests for production. The parties will strive to produce documents as soon as practically possible. If a party cannot produce all responsive documents in the ten-day timeframe, that party will advise the others of the estimated production date, and any disagreements can be addressed on a case-by-case basis. All parties agree to propound discovery that is as specific as possible in order to allow the responding parties to quickly identify the documents that are truly responsive.

b.   On June 8, 2018, the parties will exchange their lists of lay witnesses/declarants, with a short description of their testimony. The parties agree to depositions beginning the week of June 11 on mutually agreeable dates with the understanding that lay witnesses will be made available in Austin, San Antonio, or the city where they currently reside, at the producing party's discretion. Expert witness depositions will start the week of June 18.

c.  On June 15, 2018, the parties agree that they will exchange lists of the exhibits they plan to submit with their initial post-discovery briefs due on July 7, 2018. The requirement to disclose would not include documents received during the discovery period for the preliminary injunction or the documents already attached to either Plaintiff States' motion for preliminary injunction or their complaint.

Please let me know if you have any comments or questions about the terms above. If not, please sign the agreement and send it back to me at your earliest convenience.

Sincerely,

*/s/ Todd Lawrence Disher*

Todd Lawrence Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas

Attorney-in-Charge for Plaintiff States

**AGREED:**

*/s/ Nina Perales*

Nina Perales
Attorney-in-Charge for Defendant Intervenors

_____

Rachel Wainer-Apter
Attorney-in-Charge for New Jersey