**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors. | § |

## REPLY IN SUPPORT OF DEFENDANT INTERVENORS' MOTION FOR LEAVE TO SUBMIT TESTIMONY OF CURRENT AND FORMER FEDERAL EMPLOYEES

Pursuant to Court's Order, Defendant Intervenors Karla Perez, *et al.*, respectfully submit their Reply in support of their Motion for Leave to Submit Testimony of Current or Former Federal Employees.

Defendant Intervenors seek an order from the Court allowing testimony of witnesses who are current or former employees of the federal government: Sarah Saldaña; Stephen Legomsky; Donald Neufeld; R. Gil Kerlikowske; a designated representative of the National Citizenship and Immigration Services Council ("NCISC") testifying under Fed. R. Civ. P. 30 (b)(6); a designated representative of USCIS testifying under Fed. R. Civ. P. 30 (b)(6); and the declarations of Michael Hoefer, James McCamen, and James D. Nealon, offered as exhibits.

The implementation of DACA, and the degree of discretion exercised by DHS officers when adjudicating DACA applications, are important fact issues that must be resolved in order for the Court to consider the likelihood of success of each of Plaintiffs' legal claims. Subsidiary fact issues include: the reliability of the assertions in the affidavit of Plaintiffs' witness Mr. Palinkas, the former union president for USCIS officers; the credibility of Mr. Palinkas; the reliability and credibility of Defendant Intervenors' witnesses whose testimony contradicts Mr. Palinkas regarding DHS's use of prosecutorial discretion, including Ms. Saldana, Mr. Kerlikowske, Mr. Neufeld, Mr. Legomsky, Michael Hoefer, James McCamen, and James D. Nealon; the degree to which USCIS officers exercise discretion in adjudicating DACA applications, as described in the testimony of the DHS employees that Defendant Intervenors seek to depose under Rule 30(b)(6).

In their response, Plaintiff states Texas, *et al*., acknowledge that discretion is a key issue with respect to DACA but argue that the above-described federal witnesses should not be allowed to testify because "[e]vidence of the lack of discretion has only grown since the affirmance of this Court's preliminary injunction blocking DAPA and Extended DACA." Pls. Response, Dkt. 99 at 1-2 (citing Pls.' Mot. for Prelim. Inj. Ex. 5 n.1 (App. 22-23) (ECF No. 6)). Plaintiffs cite their own preliminary judgment evidence and at the same time argue that Defendant Intervenors should not be allowed to offer contradictory evidence.

Plaintiffs similarly err in suggesting that former federal employees have no relevant evidence about DACA while offering their own witness whose testimony is based on his role as USCIS union president which ended in 2015. Again, Plaintiffs cannot file testimony about DACA based on past DHS experience and yet bar Defendant Intervenors' testimony of past employees.

As much as Plaintiffs may wish it, the DAPA litigation did not resolve fact questions around the discretionary, case-by-case adjudication of DACA. Those fact questions must be considered carefully by this Court as it determines Plaintiffs' likelihood of success on the merits.

The proposed testimony of current and former DHS officials covers a range of important fact issues related to the motion for preliminary injunction, including the guidelines for adjudicating DACA applications, the DACA-related and other activities of USCIS Service Centers, and rebutting Plaintiffs' witnesses' testimony that DACA increases unauthorized immigration and opens the floodgates to adjustment of status of DACA recipients.

The Rule 30(b)(6) depositions sought by Defendant Intervenors of current USCIS employees go directly to the fact questions related to current implementation of DACA, the case-by-case adjudication process and individualized exercise of discretion.

Sarah Saldana and Gil Kerlikowske will testify about the vital role DACA plays in DHS's exercise of prosecutorial discretion, how DACA is an exercise of prosecutorial discretion, and the harms to DHS if DACA is enjoined (necessary information for the balancing the equities).

Defendant Intervenors timely moved for leave from this Court to permit their witnesses to testify and have not violated the agreed-upon deadlines negotiated with Plaintiffs. Defendant Intervenors timely exchanged their exhibits with Plaintiffs, including declarations and deposition excerpts of some federal witnesses.[1] With the Court's leave, Defendant Intervenors will provide the declarations of Ms. Saldaña, Mr. Legomsky and Mr. Kerlikowske. Depositions of these federal witnesses are scheduled for late in the week of June 25, 2018 and the parties will not be prejudiced by having these declarations before the witnesses' depositions.

---

[1] Defendant Intervenors' inclusion of declarations among their exhibits is consistent with the practice of Plaintiffs who included eleven declarations in their preliminary injunction exhibits without disclosing those same declarants as witnesses.

With respect to the objection of the United States that deposition of federal witnesses will "risk disclosure of privileged information from high-level law enforcement and attorney officials," (Dkt. 101 at 2), Defendant Intervenors note that a number of federal witnesses have already been deposed in this case and the other DACA-related cases and the parties have managed to avoid disclosure of confidential or privileged information. Defendant Intervenors are confident that the parties can continue to preserve any confidential or privileged information.

The United States objects only to the already-noticed depositions of Defendant Intervenors' federal witnesses, not their declarations. Defendant Intervenors have followed the Court's discovery order by seeking leave to take discovery. As explained above and in earlier motions, the discovery is relevant and necessary to Defendant Intervenor's response to the motion for preliminary injunction, particularly in light of the United States' support of Plaintiffs' legal position on DACA.

Dated: June 25, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA  95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscilla Orta
Mexican American Legal Defense and Educational Fund
11 East Adams, Suite 700
Chicago, IL  60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 25th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales