United States District Court
Southern District of Texas

**ENTERED**

June 25, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| State of Texas, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 1:18-CV-00068 |
| v. | § | |
| | § | |
| The United States of America, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are the State of New Jersey's Amended Motion for Leave to Intervene, [Doc. No. 42], and the Plaintiff States' Motion for Leave to File an Amended Complaint [Doc. No. 84]. For the following reasons, both motions are granted.

The Court hereby grants the State of New Jersey's Motion to Intervene. Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) [*NOPSI*] (en banc) (internal quotation marks omitted).

In *Texas v. United States*, (a predecessor case to this one) three Jane Does moved to intervene as defendants when Texas challenged the Federal Government's Deferred Action for Parents of Americans and Lawful Permanent Residents program (DAPA). 805 F.3d 653, 655–56 (5th Cir. 2015). The Fifth Circuit held that the Jane Does had shown their interests were inadequately represented by demonstrating an adversity of interest between themselves and the Government. *Id.* at 662. The Fifth Circuit said the Jane Does "specif[ied] the particular ways in which their interests diverge[d] from the Government's":

> Although both the Government and the Jane Does seek to uphold DAPA, the Government's 'interests are in securing an expansive interpretation of executive authority, efficiently enforcing the immigration laws, and maintaining its working relationship with the States, who often assist it in detaining immigrants like the Jane Does.' In contrast, the Jane Does' concerns are 'to remain in their longtime home state of Texas, to retain custody of their U.S. citizen children, and to obtain work authorization, driver's licenses, and lawful employment so that they can provide for their families.'

*Id.* at 663.

In this case, the State of New Jersey has made a similar showing that its interests are inadequately represented by the existing parties. Like the Jane Does in the initial case, New Jersey has pleaded the particular ways in which its interests diverge from those of the other Defendants in this case. For example, while New Jersey and the Defendant Intervenors currently in the case seek to maintain the Deferred Action for Childhood Arrivals program (DACA), "New Jersey seeks intervention to protect its unique proprietary, sovereign, and quasi-sovereign interests," including "securing qualified employees at state institutions, protecting the state pubic colleges and universities, [] protecting the state treasury from harm," "preventing family separation, maintaining public health, and enforcing the State's criminal laws." In contrast, the

Defendant Intervenors' concerns are to remain in the United States, to obtain work authorization, and to pursue their education and/or maintain lawful employment. Their interests are not identical and the Defendant Intervenors do not necessarily have an interest that adequately represents those of New Jersey. Consequently, the Motion to Intervene filed by the State of New Jersey is granted.

Further, the Court grants the Plaintiff States' motion to amend.


Signed this 25th day of June, 2018.


_____
Andrew S. Hanen
United States District Judge