IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

**PLAINTIFF STATES' MOTION TO EXCLUDE TESTIMONY
FROM UNTIMELY DESIGNATED WITNESSES**

In addition to the untimely testimony that they seek to offer from federal witnesses, *see* ECF No. 99, Defendant-Intervenors have included on their exhibit list declarations and deposition testimony from 30 previously undisclosed witnesses. Plaintiff States move to exclude any sworn testimony—or any reference or citation to sworn testimony—from witnesses not timely disclosed. Defendant-Intervenors requested this expedited discovery period. They should abide by the deadlines agreed to by the parties and ordered by the Court in order to facilitate their request.

The parties agreed to exchange lists of all fact witnesses by June 8, 2018. *See* Ex. A. The Court ordered that the parties disclose testifying expert witnesses by June 15, 2018. ECF No. 53. The purpose of these deadlines was to allow all parties, at

1

Defendant-Intervenors' request, the opportunity to depose the witnesses whose testimony would be used in briefing on the motion for preliminary injunction.

Instead, Defendant-Intervenors included declarations and deposition excerpts from 30 additional and previously undisclosed witnesses on their exhibit list. *See* ECF No. 90. The testimony is from 29 witnesses in the cases pending in the U.S. District Courts for the Northern District of California and the Eastern District of New York challenging the 2017 executive memorandum rescinding DACA and one additional federal employee. These individuals testify about the purported impact of that 2017 rescission on individuals and organizations who are not parties to this case. And much of the testimony offers expert opinion testimony from individuals who are not retained by Defendant-Intervenors.

Despite repeated requests from Plaintiff States, Defendant-Intervenors have not explained why they must rely on testimony from witnesses in other cases pending in other jurisdictions. And they have not explained why these witnesses were not included on their June 8, 2018 witness list or June 15, 2018 expert disclosures. Instead, Defendant-Intervenors have done nothing to ameliorate the prejudice caused to Plaintiff States by the untimely designation of 30 additional fact and expert witnesses—in addition to the eight fact witnesses and nine experts properly disclosed by Defendant-Intervenors.

Defendant-Intervenors' only response is to draw an inapt comparison to portions of one exhibit attached to Plaintiff States motion for preliminary injunction. Plaintiff States attached the Joint Appendix filed with the U.S. Supreme Court in

their challenge to DAPA and Extended DACA. Pls.' Mot. for Prelim. Inj. Ex. 7 (ECF No. 6). In it are additional declarations related to the potential costs that would have been incurred by the states had DAPA not been enjoined by this Court. Plaintiff States have explained to Defendant-Intervenors that they are not relying on those specific calculations (many of which come from states who are not parties to this lawsuit) to support their motion for a preliminary injunction against DACA. All of the sworn testimony that Plaintiff States will rely on comes from witnesses included on their timely exchanged witness list and expert designations. Should that change, Plaintiff States will make any additional witnesses available to be deposed.

Not satisfied, Defendant-Intervenors have demanded that Plaintiff States withdraw those portions of that one exhibit in order for them to agree to not file the 30 untimely disclosed witness statements included on their exhibit list. But that willingness to forego filing the late testimony should Plaintiff States withdraw the unused portions of one exhibit only highlights how unimportant the late testimony is to the issues in front of the Court.

Defendant-Intervenors have seen Plaintiff States' motion for preliminary injunction and know which witnesses' testimony supports the motion. Plaintiff States have not seen Defendant-Intervenors' fully briefed position in response. Despite repeated requests, Defendant-Intervenors have not explained why they must rely on sworn testimony from witnesses in other cases pending in other jurisdictions. And Defendant-Intervenors have not explained why they failed to include 30 witnesses on their witness list and expert disclosures. Defendant-Intervenors asked for this

expedited discovery period, so they must abide by the terms agreed to by the parties and set by the Court. Plaintiff States ask that the Court exclude any sworn testimony, or references or citations to sworn testimony, of any witness not timely disclosed by Defendant-Intervenors, in particular, Exhibits 12, 15, 26–51, 59, and 60.

| | |
|---|---|
| June 25, 2018 | Respectfully Submitted. |
| | |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| | |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| | |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| | |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| | |
| ALAN WILSON<br>Attorney General of South Carolina | */s/Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation<br>Tx. State Bar No. 24077727 |
| | |
| | ADAM N. BITTER<br>Assistant Attorney General<br>Tx. State Bar No. 24085070 |
| | |
| | **COUNSEL FOR PLAINTIFF STATES** |

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>  */s/ Todd Lawrence Disher*
> TODD LAWRENCE DISHER
> Special Counsel for Civil Litigation
>
> **COUNSEL FOR PLAINTIFF STATES**

**CERTIFICATE OF CONFERENCE**

Defendant-Intervenors "oppose the motion <u>unless</u> Plaintiffs withdraw similar sworn testimony by non-disclosed witnesses that Plaintiffs filed with the court with their Motion for Preliminary Injunction."

>  */s/ Todd Lawrence Disher*
> TODD LAWRENCE DISHER
> Special Counsel for Civil Litigation
>
> **COUNSEL FOR PLAINTIFF STATES**



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 6, 2018

Nina Perales
MALDEF
110 Broadway, Suite 300
San Antonio, TX 78205
nperales@maldef.org
*via email*

Re: Agreement Regarding Discovery on Plaintiff States' Motion for Preliminary Injunction Discovery; *Texas v. United States*, No. 1:18-cv-00068

Ms. Perales:

This letter memorializes the agreement between Plaintiff States and Defendant Intervenors regarding discovery related to Plaintiff States' motion for preliminary injunction. New Jersey agrees to abide by these terms as well in advance of the Court's ruling on its motion to intervene. Nothing in this agreement limits any parties' right to supplement or modify any information provided once this case moves into the regular discovery period leading up to a final ruling on the merits.

   a. There will be a ten-day period for responses to interrogatories, requests for admission, and requests for production. The parties will strive to produce documents as soon as practically possible. If a party cannot produce all responsive documents in the ten-day timeframe, that party will advise the others of the estimated production date, and any disagreements can be addressed on a case-by-case basis. All parties agree to propound discovery that is as specific as possible in order to allow the responding parties to quickly identify the documents that are truly responsive.

   b. On June 8, 2018, the parties will exchange their lists of lay witnesses/declarants, with a short description of their testimony. The parties agree to depositions beginning the week of June 11 on mutually agreeable dates with the understanding that lay witnesses will be made available in Austin, San Antonio, or the city where they currently reside, at the producing party's discretion. Expert witness depositions will start the week of June 18.

c. On June 15, 2018, the parties agree that they will exchange lists of the exhibits they plan to submit with their initial post-discovery briefs due on July 7, 2018. The requirement to disclose would not include documents received during the discovery period for the preliminary injunction or the documents already attached to either Plaintiff States' motion for preliminary injunction or their complaint.

Please let me know if you have any comments or questions about the terms above. If not, please sign the agreement and send it back to me at your earliest convenience.

Sincerely,

*/s/ Todd Disher*

Todd Lawrence Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas

Attorney-in-Charge for Plaintiff States

**AGREED:**

*/s/ Nina Perales*

Nina Perales
Attorney-in-Charge for Defendant Intervenors


_____

Rachel Wainer-Apter
Attorney-in-Charge for New Jersey

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

**ORDER GRANTING PLAINTIFF STATES' MOTION TO EXCLUDE
TESTIMONY FROM UNTIMELY DESIGNATED WITNESSES**

On this date, the Court considered Plaintiff States' Motion to Exclude Testimony from Untimely Designated Witnesses. After considering the Motion, the Court believes the Motion is meritorious and should be granted.

IT IS THEREFORE ORDERED that exhibits 12, 15, 26–51, 59, and 60 on Defendant-Intervenors exhibit list (*see* ECF No. 90) are EXCLUDED.

SIGNED on this the _____ day of June, 2018.

_____
Hon. Andrew S. Hanen,
U.S. District Court Judge