IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants, | ) ) |
| KARLA PEREZ, *et al.*, | ) ) |
| Defendant-Intervenors, and | ) ) ) |
| STATE OF NEW JERSEY, | ) ) ) |
| Defendant-Intervenor. | ) ) |

## DEFENDANT INTERVENOR STATE OF NEW JERSEY'S OPPOSED MOTION FOR A TWO WEEK EXTENSION OF THE BRIEFING SCHEDULE

Defendant-Intervenor State of New Jersey respectfully requests that the Court grant a two week extension of the post-discovery briefing schedule in this case. Plaintiff States and the Federal Defendants both oppose this motion. Defendant-Intervenors Karla Perez, et al., consent to the motion.

The basis of Plaintiff States' request for an expedited briefing schedule on their motion for a Preliminary Injunction was their assertion that the decision of the U.S. District Court for the District of Columbia vacating entirely DHS's rescission of the 2012 DACA memorandum was stayed only until July 23, 2018 and that "[a]s of that date, DHS will not only continue to accept DACA renewal applications … but it will begin processing new DACA applications as well as new applications for advance parole." Dkt. 36. Plaintiff States thus "requested a resolution of

their motion for preliminary injunction by" the date until which the D.C. district court order was stayed: July 23, 2018. *Id.*

On June 22, 2018, Federal Defendants filed a notice informing the D.C. district court that Secretary of Homeland Security Kirjsten M. Nielsen had issued a memorandum further explaining the decision to rescind DACA. Dkt. 100; *see also NAACP v. Trump*, No. 17-cv-1907-JDB (D.D.C.); *Trustees of Princeton University v. United States*, No. 17-cv-2325- JDB (D.D.C.), at Dkt. No. 71. In light of the memorandum from Secretary Nielsen, earlier today the D.C. district court indefinitely stayed its order vacating DHS's rescission of the DACA Memo. *See NAACP v. Trump*, No. 17-cv-1907-JDB (D.D.C.); *Trustees of Princeton University v. United States*, No. 17-cv-2325- JDB (D.D.C.), at Dkt. No. 72 (attached as Exhibit 1). The court also ordered the parties to submit additional briefing by Friday, July 27, 2018. *Id.*

Given that the D.C. district court has indefinitely stayed its order, and DHS will not begin processing new DACA applications or new applications for advance parole on July 23, 2018, a brief extension of the briefing schedule in this case is warranted.

Moreover, a brief extension of the briefing schedule is necessary to allow the Court to rule on the still-outstanding motion for discovery from the Federal Defendants, *see* Dkt. 91, Dkt. 95, and to allow the parties to conduct the necessary discovery and incorporate it into their post-discovery briefs. As Defendant-Intervenor New Jersey explained, limited discovery from the Federal Defendants is required in order to adjudicate Plaintiff States' assertion that DACA "required notice-and-comment" rulemaking because "[i]t does not genuinely leave the agency and its decisionmaker free to exercise discretion." *See* Dkt. 5 at 33-34; Dkt. 91 (requesting, inter alia, a 30(b)(6) witness from Federal Defendants to testify to how DACA applications are currently adjudicated). Evidence regarding whether the "agency and its decisionmaker" are

genuinely free to exercise discretion in adjudicating DACA applications is uniquely in the possession of the agency and its current and former decisionmakers: the Federal Defendants. And Plaintiff States are simply incorrect that this issue has "already been decided by the U.S. Court of Appeals for the Fifth Circuit" in the DAPA litigation. Dkt. 94 at 1. The record in the DAPA litigation never contained any evidence regarding how DACA applications have been adjudicated since the change in Administration in January 2017. Plaintiff States argue that post-January 2017 evidence is not necessary in light of the September 2017 statement of Acting Secretary Elaine Duke that "USCIS has not been able to identify specific denial cases where an applicant appeared to satisfy the programmatic categorical criteria as outlined in the June 15, 2012 memorandum, but still had his or her application denied based solely upon discretion." Dkt. 99 at 2. But Defendant-Intervenors specifically requested discovery as to the factual basis for that statement.

Even the Federal Defendants acknowledge that any consideration of whether DACA is "procedurally unlawful for failure to undergo notice and comment under the APA… would require a factual determination." Dkt 71 at 15, n.5. Because the evidence necessary to make this factual determination is uniquely in the possession of the Federal Government and its former and current employees, this Court should allow, at the very least, a 30(b)(6) witness to testify to how DACA applications are currently adjudicated. A two week extension of the briefing schedule will allow the necessary discovery to be completed and to inform the parties' post-discovery submissions.

Dated:  June 27, 2018 Respectfully submitted,

                                                GURBIR S. GREWAL
                                                ATTORNEY GENERAL OF NEW JERSEY

By: */s/Rachel Wainer Apter*
Assistant Attorney General
Attorney-in-Charge
Admission by Pro Hac Vice
Kenneth S. Levine
Deputy Attorney General
Admission by Pro Hac Vice
Paul H. Juzdan
Deputy Attorney General
Admission by Pro Hac Vice
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: (609) 376-2702
Fax: (609) 777-4015
Rachel.Apter@njoag.gov

*Attorneys for Proposed Defendant-Intervenor State of New Jersey*

## **CERTIFICATE OF SERVICE**

I certify that on June 27, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/Rachel Wainer Apter*
Rachel Wainer Apter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> **Defendants.** | **Civil Action No. 17-1907 (JDB)** |
| TRUSTEES OF PRINCETON UNIVERSITY, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> **Defendants.** | **Civil Action No. 17-2325 (JDB)** |

## SCHEDULING ORDER

Upon consideration of [71] defendants' notice and [71-1] the attached memorandum issued by Secretary Kirstjen M. Nielsen (the "Nielsen Memo"), and the entire record herein, it is hereby

**ORDERED** that the following schedule will govern further proceedings in these cases:

1. Defendants' motion to revise [69] the Court's April 24, 2018 Order, if any, shall be filed by not later than Wednesday, July 11, 2018. Defendants' motion shall be limited to twenty pages in length.

2. Plaintiffs' joint opposition to defendants' motion, if any, shall be filed by not later than Monday, July 23, 2018 and shall be limited to twenty pages in length.

3. Defendants' reply in support of their motion, if any, shall be filed by not later than Friday, July 27, 2018 and shall be limited to seven pages in length.

4. The parties' briefs should address the effect, if any, of the Nielsen Memo on the positions taken in prior briefing on the dispositive motions in these cases. The parties are encouraged to incorporate by reference material from that prior briefing.

It is further **ORDERED** that the stay of [69] the Court's Order vacating the September 5, 2017 memorandum rescinding the Deferred Action for Childhood Arrivals ("DACA") program is **CONTINUED** until such time as any motion filed in accordance with the above schedule is resolved.[1]

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: June 27, 2018

---

[1] The Court also entered an Order vacating DACA's rescission in the NAACP case. See Order, NAACP v. Trump, Civ. Action No. 17-1907 (JDB) (D.D.C. Apr. 24, 2018), ECF No. 22. The stay of vacatur pursuant to that Order is likewise **CONTINUED** until any motion filed in accordance with the above schedule is resolved.

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> KARLA PEREZ, *et al.*, ) <br> ) <br> Defendant-Intervenors, ) <br> and ) <br> ) <br> STATE OF NEW JERSEY, ) <br> ) <br> Defendant-Intervenor. ) | Case No. 1:18-CV-68 |

**[PROPOSED] ORDER**

The motion for a two week extension of the briefing schedule of Defendant-Intervenor State of New Jersey (Docket Entry No. _____) having come before this Court, and the Court having considered the papers submitted in connection with said motion, IT IS HEREBY ORDERED that:

(1) Discovery from the Federal Defendants must be completed by July 13, 2018;

(2) Post-discovery briefing is due July 21, 2018; and

(3) Responses to post-discovery briefings are due July 27, 2018.

IT IS SO ORDERED on this _____ day of _____, 2018.

_____
Hon. Andrew S. Hanen
United States District Court Judge