**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 1:18-CV-68 |
| § | |
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| KARLA PEREZ, *et al.*, § | |
| § | |
| Defendant- § | |
| Intervenors. § | |

**DEFENDANT INTERVENORS' CROSS MOTION TO EXCLUDE
PLAINTIFFS' EVIDENCE OF NON-DISCLOSED WITNESSES**

Defendant Intervenors Karla Perez, *et al.*, file this Cross Motion to exclude evidence and respond to Plaintiffs' Motion to Exclude Testimony, Dkt. 105. Defendant Intervenors respectfully request that the Court exclude Plaintiffs' exhibits containing declarations of non-disclosed witnesses which was filed with the Court at Dkt. No. 6.

With their motion for preliminary injunction, Plaintiffs Texas, *et al.* filed twelve witness declarations that were submitted in previous litigation. *See* Dkt. No. 6 at 332–36, 355–403, 414–21, 474–91. On the parties' agreed-upon deadline for disclosing witnesses, Plaintiffs disclosed only one of these witnesses (Kenneth Palinkas) whom Defendant Intervenors subsequently deposed. *See* Exh. A. Despite extensive and good-faith negotiations by both sides, Plaintiffs

1

declined to withdraw the remaining 11 declarations from their preliminary injunction submission, and also declined to list the declarants as witnesses.

The declarations of non-disclosed witnesses filed by Texas, *et al*. are:

1. Richard Allgeyer, Director of the Texas Health and Human Services Commission's Center for Strategic Decision Support, testified that there are harms to Texas associated with providing health services and benefits to undocumented immigrants. Dkt. No. 6 at 332.

2. Lisa Dawn-Fisher, Associate Commissioner for School Finance/Chief School Finance Officer at TEA, testified that there are harms to Texas associated with providing education to undocumented immigrants. Dkt. No. 6 at 362.

3. David G. Baker, as Deputy Director of Law Enforcement Operations at the Texas Department of Public Safety, testified that there are harms to Texas law enforcement associated with increased immigration to Texas purportedly caused by increasing the number of deferred action recipients. Dkt. No. 6 at 358.

4. Joe Peters, Assistant Director of Texas DPS Driver License Division, testified that there are harms to Texas associated with issuing more driver's licenses to an increased population of noncitizens who are authorized to receive a driver's license. Dkt. No. 6 at 414.

5. Karl Eschbach, Professor and Director of Population Research at the University of Texas Medical Branch in Galveston, Texas, testified that policies like DACA and DAPA would increase the unauthorized immigrant population in Texas and that there are harms to Texas associated with low rates of private market health insurance coverage for unauthorized immigrants. Dkt. No. 6 at 369.

6. Finis Welch, Professor Emeritus of Economics at Texas A&M University and University

of California, Los Angeles, and the President of Welch Consulting, a economics and statistics consulting firm, testified that there are harms to Texas associated with a purported financial incentive to hire undocumented individuals over U.S. citizens, and those harms will increase if DAPA and Expanded DACA are implemented, and the pool of undocumented individuals authorized to work grows. Dkt. No. 6 at 482.

7. Sheri Pollock, Deputy Chief Legal Counsel of the Wisconsin Department of Workforce Development, testified that there are harms to Wisconsin associated with an increased number of deferred action recipients receiving unemployment benefits from the Wisconsin Department of Workforce Development. Dkt. No. 6 at 420.

8. Donald M. Snemis, Indiana Bureau of Motor Vehicles Commissioner, testified that increasing the number of deferred action recipients could cost Indiana approximately $4.4 million for driver's license and state ID processing and fraud investigation. Dkt. No. 6 at 474.

9. Kevin D. Bailey, an attorney for the Wisconsin Department of Health Services, testified that Wisconsin would be harmed by deferred action recipients' anticipated use of state funds for emergency medical conditions. Dkt. No. 6 at 355.

10. Patrick A. Fernan, an agent of the Wisconsin Department of Transportation, testified that Wisconsin would be harmed by costs associated with providing driver's licenses, state IDs, and conducting investigations related to increasing the number of recipients of deferred action. Dkt. No. 6 at 391.

11. Jeffrey M. Gill, General Counsel and Deputy Commissioner for the Indiana Department of Workforce Development, testified that there are harms to Indiana associated with providing unemployment benefits to individuals with deferred action. Dkt. No. 6 at 402.

When Plaintiffs declined to identify these declarants as witnesses, and further declined to withdraw the non-disclosed witness declarations, Defendant Intervenors identified responsive declarations and listed them as preliminary injunction exhibits. Thus, just as Plaintiffs filed declarations from the DAPA case as exhibits to their current preliminary injunction motion, Defendant Intervenors listed as exhibits the declarations of witnesses that were part of the record in the DAPA case and related DACA cases.

If Defendant Intervenors' exhibits are inadmissible as declarations of non-disclosed witnesses, then Plaintiffs' similar exhibits are also inadmissible for the same reason.

Plaintiffs' attempts to distinguish their exhibits from the similar exhibits of Defendant Intervenors are unavailing. Plaintiffs characterize the inclusion of their own declarations as simply the introduction of "portions of one exhibit." *See* Motion, Dkt. No. 105 at 2. However, that "one exhibit" totaled more than 800 pages in length and constituted the entire Joint Appendix of the DAPA case – declarations included. *See* Dkt. 6.

Plaintiffs further claim that they "are not relying on those specific calculations" in the declarations of non-witnesses that they filed with the Court in support of their preliminary injunction motion. Dkt. 105 at 6. However, when a party files evidence with the Court in support of a preliminary injunction motion, the party necessarily relies on that evidence. Despite Plaintiffs' assertions, the fact remains that Plaintiffs' declarations are filed with the Court, they are part of the evidentiary record, and any party can rely on them. Defendant Intervenors should be afforded the opportunity to respond to Plaintiffs' exhibits with their own exhibits or all the declarations of non-disclosed witnesses by Plaintiffs and Defendant Intervenors should be excluded.

Allowing Plaintiffs to file declarations from the DAPA litigation, while excluding Defendant Intervenors' responsive declarations, would severely prejudice Defendant Intervenors. The DAPA Joint Appendix, which Texas, *et al.* filed with the Court in this case at Dkt. 6, did not contain any evidence submitted by the DAPA Defendant Intervenors because they did not enter the case until after the Court's order granting a preliminary injunction was on appeal. Therefore, permitting Plaintiffs in this case to "roll in" the evidence from the DAPA Joint Appendix provides the Court with: *all* the evidence chosen by Plaintiffs in that case; evidence chosen by the United States; and no evidence provided by or chosen by Defendant Intervenors.

Plaintiffs provide neither legal authority nor equities to support their Motion to Exclude. Although the parties have worked well through this 30-day discovery period, exchanged evidence and taken over 25 depositions, they have been unable to resolve the issue of declarations filed by Plaintiffs as exhibits (without disclosing the declarants as witnesses) and Defendant Intervenors' similar identification of exhibits in response.

Therefore, Defendant-Intervenors respectfully request that the Court exclude Plaintiffs' declarations of undisclosed witnesses at Dkt. 6 at 332–36, 355–403, 414–21, 474–91. In the alternative, if the Court denies this Motion, Defendant Intervenors respectfully request that the Court deny Plaintiffs' Motion to Exclude.

Dated: June 28, 2018                                Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)

5

Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscilla Orta
Mexican American Legal Defense and Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889, Fax:(956) 630-3899
Email: cgarcia@garciagarcialaw.com
Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 28th day of June, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00068 |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| *Defendants*, ) | |
| ) | |
| and ) | |
| ) | |
| KARLA PEREZ, *et al.*, ) | |
| ) | |
| *Defendant-Intervenors.* ) | |

**PLAINTIFF STATES' WITNESS LIST**

TO: Defendant-Intervenors, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205, nperales@maldef.org.

Plaintiff States serve this witness list in accordance with the parties' letter agreement.

1. Leonardo R. Lopez
   Associate Commissioner for School Finance/Chief School Finance Officer
   Texas Education Agency
   c/o Todd Lawrence Disher
   Tel.: (512) 463-2100
   P.O. Box 12548
   Austin, Texas 78711-2548

   The substance of Mr. Lopez's testimony is found in his declaration already filed with the Court. *See* ECF No. 7 at App. 0876–0879.

2.   Monica Smoot
     Chief Data and Analytics Officer
     Center for Analytics and Decision Support
     Texas Health and Human Services Commission
     c/o Todd Lawrence Disher
     Tel.: (512) 463-2100
     P.O. Box 12548
     Austin, Texas 78711-2548

     The substance of Ms. Smoot's testimony is found in her declaration already filed with the Court. *See* ECF No. 7 at App. 0881–0885.

3.   Kenneth Palinkas
     President of Local 0235
     American Federation of Government Employees, AFL-CIO
     c/o Todd Lawrence Disher
     Tel.: (512) 463-2100
     P.O. Box 12548
     Austin, Texas 78711-2548

     The substance of Mr. Palinkas's testimony is found in his declaration already filed with the Court. *See* ECF No. 7 at App. 1007–1009.

Respectfully submitted.

| | |
|---|---|
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | /s/ *Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Rachel Wainer Apter
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Rachel.Apter@njoag.gov

/s/ *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § § § |
| Plaintiffs, | § § |
| v. | §  Case No. 1:18-CV-68 § |
| UNITED STATES OF AMERICA, *et al.*, | § § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § § |
| Defendant-Intervenors. | § § § |

**ORDER GRANTING DEFENDANT-INTERVENORS' CROSS MOTION TO EXCLUDE PLAINTIFFS' EVIDENCE OF NON-DISCLOSED WITNESSES**

Pending before the Court is Defendant-Intervenors' Cross Motion to Exclude Plaintiffs' Evidence of Non-Disclosed Witnesses. After careful consideration, the Court is of the opinion that the motion has merit and should be GRANTED.

It is ORDERED that Plaintiffs' declarations of undisclosed witnesses, found at Dkt. 6 at 332–36, 355–403, 414–21, 474–91, are excluded from the evidence in this case.

Signed on this the ___ day of _____, 2018.

_____
Hon. Andrew S. Hanen
United States District Court Judge

1