**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document | Main document | 6 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |
| Document 135 attachment | Attachment | 4 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |
| Document 135 attachment | Attachment | 1 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

# Exhibit A

| | |
|---|---|
| **From:** | Nina Perales |
| **To:** | Disher, Todd; Bitter, Adam; Peroyea, Trent |
| **Cc:** | Aaron.Goldsmith@usdoj.gov; Rachel Wainer Apter; Kenneth Levine; Celina Moreno; Ernest Herrera; Alejandra Avila; Hallward-Driemeier, Douglas H.; Jeremy Hollander (Jeremy.Hollander@law.njoag.gov); Denise M. Hulett |
| **Subject:** | USCIS deposition |
| **Date:** | Tuesday, July 10, 2018 6:03:42 PM |
| **Attachments:** | Proof of Service_Subpoena to Testify at a Deposition_Michael Knowles.pdf<br>Michael Knowles Subpoena.pdf |

Dear Counsel,

Please find attached a subpoena the Perez Defendant Intervenors served today on Michael Knowles, President of the National Citizenship and Immigration Council of the AFGE, AFL-CIO. The deposition of Mr. Knowles is scheduled for Friday, July 13, 2018 at 11:30am in Washington DC.

Thank you,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| State of Texas, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-00068 |
| United States of America, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Michael Knowles, The Tommy Douglas Conference Center,
10000 New Hampshire Ave., Silver Spring, MD 20903

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 80 F Street, NW<br>Washington DC 20001 | Date and Time:<br>07/13/2018 11:30 am |
|---|---|

The deposition will be recorded by this method: Audio and stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/10/2018

*CLERK OF COURT*

OR  /s/ Nina Perales

_____            _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## AFFIDAVIT OF PROCESS SERVER

### United States District Court for the Southern District of Texas

State of Texas, et al

        Plaintiff(s),

vs.

United States of America, et al

        Defendant(s).

Attorney: ****

Mexican American Legal Defense and Educational Fund (MALDEF)
110 Broadway, #300
San Antonio TX 78205



*231157*

**Case Number: 1:18-cv-00068**

Legal documents received by Same Day Process Service, Inc. on **07/10/2018** at **1:41 PM** to be served upon **Michael Knowles at The Tommy Douglas Conference Center, 10000 New Hampshire Ave., Silver Spring, MD 20903**

I, **Zachary Michael Cortese**, swear and affirm that on **July 10, 2018** at **3:31 PM**, I did the following:

**Personally** Served **Michael Knowles** the person listed as the intended recipient of the legal document with this **Subpoena to Testify at a Deposition in a Civil Action; Witness Check for $51.14** at **The Tommy Douglas Conference Center, 10000 New Hampshire Ave., Silver Spring, MD 20903**.

**Description of Person Accepting Service:**
Sex: Male Age: 57 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Caucasian Hair Color: Black & Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

_____
Zachary Michael Cortese
Process Server

**Same Day Process Service, Inc.**
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID:231157

District of Columbia: SS
Subscribed and Sworn to before me this 10 day of July, 2018

_____
Michael Molash, Notary Public, D.C.
My commission expires July 14, 2022

# Exhibit B

| From: | Disher, Todd |
|---|---|
| To: | "Nina Perales"; Bitter, Adam; Peroyea, Trent |
| Cc: | Aaron.Goldsmith@usdoj.gov; Rachel Wainer Apter; Kenneth Levine; Celina Moreno; Ernest Herrera; Alejandra Avila; Hallward-Driemeier, Douglas H.; Jeremy Hollander (Jeremy.Hollander@law.njoag.gov); Denise M. Hulett; Starr, Brantley; Biggs, Adam |
| Subject: | RE: USCIS deposition |
| Date: | Wednesday, July 11, 2018 9:55:00 AM |

Nina,

Are you going to seek leave from the Court to take this deposition as required by paragraph 3 of the July 2 Order? Please do so immediately so that all parties have a chance to arrange travel if needed. Also, in addition to the Court's instruction of indicating with specificity why this desired testimony is helpful and not covered by Defendants' interrogatory answers, please explain why Defendant-Intervenors should be allowed to elicit sworn testimony from someone who was not included on their witness list that the parties agreed to exchange on June 8.

Todd

**Todd Lawrence Disher**
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales [mailto:nperales@MALDEF.org]
**Sent:** Tuesday, July 10, 2018 6:03 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>; Bitter, Adam <Adam.Bitter@oag.texas.gov>; Peroyea, Trent <Trent.Peroyea@oag.texas.gov>
**Cc:** Aaron.Goldsmith@usdoj.gov; Rachel Wainer Apter <Rachel.Apter@njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Celina Moreno <cmoreno@MALDEF.org>; Ernest Herrera <eherrera@MALDEF.org>; Alejandra Avila <Aavila@MALDEF.org>; Hallward-Driemeier, Douglas H. <Douglas.Hallward-Driemeier@ropesgray.com>; Jeremy Hollander (Jeremy.Hollander@law.njoag.gov) <Jeremy.Hollander@law.njoag.gov>; Denise M. Hulett <Dhulett@MALDEF.org>
**Subject:** USCIS deposition

Dear Counsel,

Please find attached a subpoena the Perez Defendant Intervenors served today on Michael Knowles, President of the National Citizenship and Immigration Council of the AFGE, AFL-CIO. The deposition of Mr. Knowles is scheduled for Friday, July 13, 2018 at 11:30am in Washington DC.

Thank you,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
  and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382