**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 139 attachment | Attachment | 40 | **DOCUMENT COULD NOT BE RETRIEVED!** **However, it may still be viewable individually.** |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STATE OF TEXAS, *et al.*,

    Plaintiffs,

v.

KIRSTJEN M. NIELSEN, *et al.*,

    Defendants,

*and*

KARLA PEREZ, *et al.*,

    Defendant-Intervenors.

Case No. 18-cv-00068

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO DEFENDANT-INTERVENORS' RENEWED MOTION FOR DISCOVERY
AND LATE-FILED OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**

**STATEMENT OF THE ISSUES**

Whether Defendant-Intervenors can depose the union president of the National Citizenship and Immigration Service Council without having sought leave as required by this Court's July 2, 2018 Order; and whether Defendant-Intervenors' late-filed opposition to Plaintiffs' July 11, 2018 Motion to Enforce regarding the deposition of Michael Knowles and renewed motion for the deposition of proffered expert witnesses Stephen H. Legomsky, satisfy good cause and indicate with specificity why the desired testimony is helpful to their case and not adequately covered by the Federal Defendants' discovery responses.

1

## SUMMARY OF THE ARGUMENT

The Court should deny Defendant-Intervenors' requests for additional discovery in the form of the depositions of Mr. Knowles and Mr. Legomsky. Defendant-Intervenors have not moved for the deposition of Mr. Knowles in compliance with this Court's July 2, 2018 Order. Nor have Defendant-Intervenors demonstrated how the testimony of Mr. Knowles or Mr. Legomsky is helpful to their case and not adequately covered by Federal Defendants' discovery responses.

## ARGUMENT

First, with regard to Mr. Knowles, the Court has already quashed his deposition subpoena and determined that Defendant-Intervenors did not follow the Court's orders. *See* Dkt. No. 136.

Apparently in acknowledgement of the Court's Order, Defendant-Intervenors' request that the Court consider their response "as a re-urged motion in the alternative." *See* Dkt. No. 137. In support of this argument, Defendant-Intervenors argue that:

> "[b]ecause Federal Defendants did not provide any information on how their document production is responsive to Defendant Intervenors' discovery requests, and because Federal Defendants produced incomplete responses to Defendant Intervenors' discovery requests, Defendant Intervenors require the testimony of Michael Knowles, current USCIS union president, in order to be able to respond to Plaintiffs' motion for preliminary injunction."

Dkt. No. 137 at 5. Defendant-Intervenors offer the same argument in support of their motion for leave to depose Mr. Legomsky. *See* Dkt. No. 138 at 4.

The discovery issues raised by Defendant-Intervenors lack merit, and Defendant-Intervenors have made no effort to meet and confer regarding their concerns, and Defendant-Intervenors' allegations reflect a concerning lack of due diligence.

To date, and on an expedited schedule, Defendants have produced over 7,000 pages of documents in response to Defendant-Intervenors' requests for production of documents and

2

created 86 pages of charts providing data in response to Defendant-Intervenors' interrogatory requests. In response to Defendant-Intervenors' allegations:

- Attached as Exhibit A is a chart identifying which documents correspond with the three requests for production for which Federal Defendants provided responsive documents, including those documents responsive to request 8 for "Standard Operating Procedures or any other written manual related to the processing of non-DACA applications for deferred action. . . ."

- Among other forms of guidance, several versions of the DACA Standard Operating Procedures can be found in Federal Defendants' production, including at DEF006406 and DEF006850.

- Documents responsive to Requests for Production 5 and 6, sub question 4, are included in Federal Defendants' production. *See*, *e.g*., DEF000902, DEF001105-06, DEF001883-85, DEF002232-35, DEF002236, DEF002358-61, DEF002575, DEF002576-77. There were no changes to the DACA Standard Operating Procedures from January 20, 2017 to present, the time period referenced in Requests for Production 5 and 6.

- Federal Defendants' production includes thousands of pages of communications, including internal emails providing guidance as to DACA.

- Federal Defendants' objections address Defendant-Intervenors' request for documents regarding: "the number of DACA applications accepted but denied . . . after the adjudicator determined the applicant met the five criteria in the June 15, 2012 DACA memorandum but was otherwise not a qualifying applicant, including because the

3

applicant posed a threat to national security or public safety[.]". *See* Dkt. Nos. 37-1 and 38-1.

- Federal Defendants' objections also address Defendant-Intervenors' interrogatories regarding DACA recipient visa overstays, denial reasons, and requests for evidence. *See*, *e.g.*, Dkt. No. 37-1 at 10-18.

- Federal Defendants cover letter identified that a privilege log would be forthcoming. *See* Exhibit B. Federal Defendants anticipate that it will be served on the parties no later than July 13, 2018.

Given Defendant-Intervenors' disregard of Federal Defendants' discovery responses, it is not surprising that Defendant-Intervenors offer no specific analysis of why the depositions of Mr. Knowles or Mr. Legomsky are now required. Rather, Defendant-Intervenors argue that both depositions are needed to allegedly respond to "fact issued raised by Plaintiffs Texas, *et al*. in the declaration of Mr. Palinkas." *See* Dkt. Nos. 137 at 5; 138 at 4. Notably, Defendant-Intervenors already had the opportunity to depose Mr. Palinkas. And, Federal Defendants have produced thousands of pages of agency guidance and communications that Defendant-Intervenors may assess to address this Court's prior reliance on the testimony of Mr. Palinkas to find several facts, including, for example, that "the DHS management has taken multiple steps to ensure that DACA applications are simply rubberstamped if the applicants meet the necessary criteria." Dkt. No. 138 at 5, citing *Texas v. U.S.*, No. 14-cv-254 (S.D. Tex.) (Memorandum Opinion and Order, Dkt. 153-3 at 11 and 109). Moreover, the relevance of this line of argument remains unclear where the Fifth Circuit held that DAPA and expanded DACA were contrary to the INA not on those factual findings, but as a matter of law – because (1) "[i]n specific and detailed provisions," the INA already "confers eligibility for 'discretionary relief,'" including

4

"narrow classes of aliens eligible for deferred action," *Texas v. United States*, 809 F.3d 134, 179 (5th Cir. 2015); (2) the INA's otherwise "broad grants of authority" could not reasonably be construed to assign to the Secretary the authority to create additional categories of aliens of "vast 'economic and political significance,'" *id*. at 182-83; (3) DAPA and expanded DACA were inconsistent with historical deferred-action policies because they neither were undertaken on a "country-specific basis . . . in response to war, civil unrest, or natural disasters," nor served as a "bridge[] from one legal status to another," *id*. at 184; and (4) "Congress ha[d] repeatedly declined to enact the Development, Relief, and Education for Alien Minors Act ('DREAM Act'), features of which closely resemble DACA and DAPA." *Id*. at 185 (footnote omitted).

Finally, as previously argued, where Mr. Legomsky previously served as the Chief Counsel of U.S. Citizenship and Immigration Services, Defendant-Intervenors have explained why the entirety of his testimony would be privileged pursuant to the attorney-client privilege and, in addition, why under Fifth Circuit case law it is inappropriate to seek the opinion testimony of counsel even if the attorney-client privilege did not apply.

## CONCLUSION

The Court should deny Defendant-Intervenors' requests to depose Mr. Knowles and Mr. Legomsky.

//
//
//

Dated: July 12, 2018                        Respectfully submitted,

                                                   CHAD A. READLER
Acting Assistant Attorney General
Civil Division
BRETT A. SHUMATE
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
Attorneys for Federal Defendants              jeffrey.robins@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS

**EXHIBIT B**



**U.S. Department of Justice**
*Civil Division*
*Office of Immigration Litigation*
*District Court Section*

---

Direct Dial: (202) 532-4107
Facsimile: (202) 305-7000

P.O. Box 868
Ben Franklin Station
Washington, DC 20044-0868

July 6, 2018

**VIA FEDERAL EXPRESS**

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway Suite 300
San Antonio, TX 78205

Carlos Moctezuma Garcia
Garcia & Garcia Attorneys at Law P.L.L.C.
P.O. Box 4545
McAllen, TX 78502

    Re:  *Texas, et al., v. United States et al., and Perez, et al.*, No. 1:18-cv-00068 (S.D. Tex.)
          Document Production (Production Volume 001, 002)

Dear Counsel:

    Please see enclosed document production for Production Volume 001, Bates number DEF-00000001 through DEF-00004595 and Production Volume 002, Bates number DEF-00004596 through DEF-00007079. A password will be sent to you via e-mail message. The privilege log associated with these production volumes will be sent via separate correspondence.

    In the production, Defendants have withheld the contact information for government employees: e-mail addresses and office and mobile phone numbers, agency intranet website addresses, and the personally identifying information for Deferred Action for Childhood Arrivals recipients and requestors. In addition, Defendants have withheld from production draft documents and non-responsive family members.

    Although the parties have not entered into a protective order, Defendants expect that the parties will only use the produced documents in furtherance of this litigation. In addition, Defendants reserve the right to designate the documents contained in these production volumes as Confidential if the parties later enter into a protective order. As such, Defendants have marked documents as Confidential. Defendants ask that Defendant-Intervenors acknowledge receipt of this letter via e-mail message to lead counsel for Defendants.

*Texas, et al., v. United States et al., and Perez, et al., No. 1:18-cv-00068 (S.D. Tex.)*

       Please let me know if you have any questions.

                                        Sincerely,

                                        */s/ Aaron Goldsmith*

                                        AARON S. GOLDSMITH
                                        Senior Litigation Counsel
                                        United State Department of Justice

Cc:

Todd L. Disher
Office of the Attorney General of Texas
209 W 14th St.
8th Floor
Austin, TX 78701

Katherine Anne Gregory
New Jersey Attorney General Office
124 Halsey St
Newark, NJ 07101