IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | | |
| Defendants, | | |
| and | | |
| KARLA PEREZ, *et al.*, | | |
| Defendant-Intervenors. | | |

**PEREZ DEFENDANT INTERVENORS' CONSOLIDATED REPLY IN SUPPORT OF RENEWED MOTION TO PRESENT THEIR WITNESS STEPHEN LEGOMSKY AND REPLY IN SUPPORT OF ALTERNATIVE MOTION FOR LEAVE TAKE THE DEPOSITION OF CURRENT USCIS UNION PRESIDENT MICHAEL KNOWLES**

Defendant Intervenors Karla Perez, *et al.* (Defendant Intervenors) file these consolidated replies in support of their Renewed Motion to Present Their Witness Stephen Legomsky (Dkt. 138) and in support of their Alternative Motion for Leave to Depose Mr. Michael Knowles (Dkt. 137 and Dkt. 91).

**STATEMENT OF THE ISSUES**

1. Whether Plaintiffs may present the declaration testimony of their witness Mr. Legomsky, who is a former federal employee and thus requires an order from this Court to permit his testimony. Mr. Legomsky's testimony will rebut assertions made

1

     by Plaintiffs' witness Kenneth Palinkas in the declaration filed by Plaintiffs in support of their preliminary injunction motion.

2. Whether Plaintiffs may take a third-party deposition of Mr. Michael Knowles, current President of the USCIS union. Mr. Knowles will testify in response to assertions made by Plaintiffs' witness Kenneth Palinkas in the declaration filed by Plaintiffs in support of their preliminary injunction motion.

## Introduction

Defendant Intervenors <u>do not</u> seek discovery of the Federal Defendants in these two remaining discovery motions. The Court's gatekeeping function, discussed in its Order of May 30, 2018, is not implicated here. *See* Dkt. 53 ("Any party who wishes to seek discovery from Federal Defendants . . . must seek leave from the Court to do so.").

On the contrary, Defendant Intervenors seek to present their own witness, Mr. Stephen Legomsky, and seek to take a deposition of a third party, the current USCIS union president.

Plaintiffs Texas, *et al.* and Federal Defendants have alternated in filing briefs in opposition to the testimony of these witnesses, as well as a motion to quash. For the reasons explained below, their arguments are unavailing. Defendant Intervenors have satisfied all requirements of this Court and should be allowed to present witness testimony necessary to their response to Plaintiffs' preliminary injunction motion.

## Defendant Intervenors Have Satisfied the Court's Requirements

On June 11, 2018, Defendant Intervenors filed their Renewed Motion to Present Their Witness Stephen Legomsky (Dkt. 138) and their Response and Re-urged Motion for Leave to depose Mr. Michael Knowles (Dkt. 137). *See also* Dkt. 91 (original Motion for Leave). These motions explained why Defendant Intervenors require the testimony of Mr. Legomsky and Mr.

Knowles and satisfied the Court's requirement that Defendant Intervenors "indicate with specificity why the desired testimony is helpful to their case and not adequately covered by the Federal Defendants' interrogatory answers." Dkt. 116 at 1-2 (Order of July 2, 2018).

### **Federal Defendants' Discovery Responses Did Not Provide the Information Sought by Defendant Intervenors**

As described below, Federal Defendants' interrogatory responses were limited and did not provide Defendant Intervenors with specific information they requested in two key areas: advance parole and the discretion exercised by USCIS in adjudicating DACA applications.

With respect to Federal Defendants' production of documents, Federal Defendants are correct in noting in their response (Dkt. 139) that they produced a number of procedures manuals, communications and memoranda related to DACA. At the time they filed their discovery motion (Dkt. 138), Defendant Intervenors lacked the computer software necessary to detect and open all of the digital load files sent by Federal Defendants. Defendant Intervenors have since opened and reviewed the remaining document production by Defendants.

Although Federal Defendants have been able to produce information in response to some of Defendant Intervenors' discovery requests, Federal Defendants were unable to respond to other of Defendant Intervenors' discovery requests, as follows:

- Federal Defendants' interrogatory responses provided incomplete statistics related to DACA recipient visa overstays (related to subsequent adjustment of status), explaining "USCIS databases do not electronically capture, in a reliable, readily retrievable, systematic and complete manner, the responses[.]" *See* Dkt. 138-1 at 18-20.

- Federal Defendants' interrogatory responses provided incomplete statistics related to the reasons why USCIS denied initial and renewal DACA applications, explaining that "USCIS databases do not electronically capture, in a readily retrievable, systematic manner, information regarding subparts[.]" *See* Dkt. 138-1 at 10-13.

- Federal Defendants' interrogatory responses provided incomplete statistics related to the number of Requests for Evidence (RFE) that USCIS sent to DACA initial and renewal applicants and that contained specific inquiries, explaining that "USCIS databases do not reliably electronically capture, in a readily retrievable, systematic manner, information regarding subparts[.]" *See* Dkt. 138-1 at 14-17.

- Federal Defendants did not produce documents responsive to Defendant Intervenors' RFPs 7, 9, and 10 but instead referred Defendant Intervenors to the DHS website for publicly available documents. *See* Dkt. 139-1.

- Federal Defendants did not produce requested information showing "the number of DACA applications accepted but denied . . . after the adjudicator determined the applicant met the five criteria in the June 15, 2012 DACA memorandum but was otherwise not a qualifying applicant, including because the applicant posed a threat to national security or public safety[.]" *See* Dkt. 138-1 (Federal Defendants' Objections and Responses).

**<u>Defendant Intervenors Require the Testimony of Mr. Legomsky and Mr. Knowles</u>**

As described above, Federal Defendants were unable to provide responses to a number of discovery requests propounded by Defendant Intervenors and related to allegations by Plaintiffs in their motion for preliminary injunction. As a result, Federal Defendants' discovery responses

did not provide certain specific information that Defendant Intervenors need in order to respond to the following allegations by Plaintiffs through the declaration of Mr. Kenneth Palinkas. *See* Dkt. 7 at 151 (Decl. of Kenneth Palinkas, filed as Ex. 14 to Plaintiffs' Motion for Preliminary Injunction).

Defendant Intervenors require the testimony of Mr. Legomsky and Mr. Knowles to address and rebut the following testimony by Plaintiffs' witness Mr. Palinkas:

1. DACA applications are not properly screened and instead are rubber stamped. Dkt. 7 at 153.
2. DACA applications are not properly vetted because no DACA applicant is ever interviewed. *Id*.
3. DACA has led to granting new benefits to "illegal immigrants." *Id*.
4. Many DACA applicants over the last few years applied for and received Advanced Parole which allowed them to adjust status. *Id*.
5. DACA has compromised and eroded the goals that USCIS Officers pursue every day. *Id*.
6. DACA recipients displace current applicants waiting in line for permanent residency. *Id*.
7. The approval rate for DACA applications is inappropriately high and indicates a lack of discretion. *Id*.
8. DACA is outside the normal USCIS process because the present system does not permit a grant of deferred action to undocumented individuals who lack a determination that they can remain in the U.S. *Id*.

9. DACA constitutes a broader immigration benefit than benefits historically granted by DHS when exercising prosecutorial discretion. *Id*.

In this case, Plaintiffs present testimony of Mr. Palinkas that is similar to the testimony of Mr. Palinkas in *Texas v. U.S. (DAPA)*, No. 14-cv-254 (S.D. Tex.). In *DAPA*, the Court relied upon the testimony of Mr. Palinkas to find several facts, including, for example, that "the DHS management has taken multiple steps to ensure that DACA applications are simply rubberstamped if the applicants meet the necessary criteria." *See Texas v. U.S. (DAPA)*, No. 14-cv-254 (S.D. Tex.) (Memorandum Opinion and Order, Dkt. 153-3 at 11 and 109). Defendant Intervenors require the testimony of Mr. Legomsky and Mr. Knowles to respond to Mr. Palinkas.

### **Defendant Intervenors Require Leave of Court in Order for Mr. Legomsky to Provide Testimony to Support Defendant Intervenors' Preliminary Injunction Response**

Because he is a former federal employee, Mr. Legomsky cannot provide expert testimony in this case unless permitted by this Court's order. The relevant statute, 18 U.S.C. § 207 effectively operates to quash Mr. Legomsky's testimony unless it is affirmatively allowed by Court order. *See* Dkt. 91 at 6-10. Defendant Intervenors seek leave of Court because Mr. Legomsky's testimony is necessary for Defendant Intervenors' response to Plaintiffs' preliminary injunction motion.

Mr. Legomsky is Defendant Intervenors' witness. His testimony is relevant, based on personal knowledge, does not reveal information protected by the attorney-client privilege, and cannot be obtained through an alternative source, *i.e.* Federal Defendants' discovery responses. Therefore, his testimony is appropriate and should be permitted. *See E.E.O.C. v. Exxon Corp.*, 202 F.3d 755, 758 (5th Cir. 2000) (allowing former federal employees involved in same matter to testify as experts "to the extent that the former employee may testify from personal knowledge as to occurrences which are relevant to the issues in the proceeding […] utilizing his or her

expertise"). *See also Gulf Grp. Gen. Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 645-647 (2011) (rejecting attempt by federal agency "to control the flow of testimony in the federal and state courts" and allowing former federal employee to testify as an expert) and *Adams v. United States*, No. CV-03-49-E-BLW, 2008 WL 5429801, at *3 (D. Idaho Dec. 31, 2008) (over agency objection, former federal employee expert allowed to testify as an exception to Section 207 because exclusion would cause major problems in tight case schedule and expert was a crucial witness who would be difficult for presenting party to replace).

For the reasons stated in their motions (Dkt. 137, Dkt. 138 and Dkt. 91) as well as the reasons stated herein, Defendant Intervenors respectfully request that the Court grant leave for Mr. Legomsky to testify and permit Defendant Intervenors to subpoena Mr. Knowles for a deposition.

Dated: July 17, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046); (SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718); (SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and

7

Educational Fund
1512 14th Street
Sacramento, CA  95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscilla Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL  60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)


**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors


**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that, on the 17th day of July, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

8

*/s/ Nina Perales*
Nina Perales