# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| STATE OF TEXAS; | ) | |
| | ) | |
| STATE OF ALABAMA; | ) | |
| | ) | |
| STATE OF ARKANSAS; | ) | |
| | ) | |
| STATE OF KANSAS; | ) | |
| | ) | |
| STATE OF LOUISIANA; | ) | |
| | ) | |
| STATE OF NEBRASKA; | ) | |
| | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| | ) | |
| STATE OF WEST VIRGINIA, | ) | |
| | ) | |
| GOVERNOR PHIL BRYANT, STATE OF MISSISSIPPI; AND | ) | |
| | ) | |
| GOVERNOR PAUL R. LEPAGE, STATE OF MAINE, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *vs.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, ET AL.; | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *And* | ) | |
| | ) | |
| KARLA PEREZ, ET AL.; | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| *Defendants-Intervenors.* | ) | |

## PLAINTIFF STATES' RESPONSE TO
## DEFENDANT-INTERVENORS' RENEWED REQUEST FOR DISCOVERY

Plaintiffs take no position regarding Defendant-Intervenors' renewed request to present Stephen Legomsky as an expert witness and to depose the president of the USCIS union, Michael Knowles. *See* ECF Nos. 137, 138, 165. But the testimony of these two individuals is not necessary for the Court to decide the issues in front of it, so Defendant-Intervenors' request should not cause a delay in the briefing schedule on Plaintiff States' motion for a preliminary injunction.

The proposed testimony from these two witnesses purportedly relates to whether Federal Defendants exercise discretion in the granting of DACA applications. However, in questioning from this Court in the predecessor lawsuit challenging DAPA and Expanded DACA, Federal Defendants could not identify a single act of true discretion. Jan. 15, 2015 Hrg. Tr. at 102:13-103:18, *Texas v. United States*, No. 1:14-cv-254 (S.D. Tex.), ECF No. 106; *see Texas v. United States*, 86 F. Supp. 3d 591, 669 n.101 (S.D. Tex. 2015). And, as of September 2017, the Department of Homeland Security admitted that it could not identify a single act of discretionary denial. Pls.' Mot. for Prelim. Inj. Exh. 5 n.1 (App. 22-23), ECF No. 6. Defendant-Intervenors have not alleged how Mr. Legomsky or Mr. Knowles could rebut that admission or how they would have the necessary foundation to do so.

Additionally, the information Defendant-Intervenors seek through the requested testimony is not needed for the Court to decide the legal arguments before it. Plaintiff States offer three separate grounds for why DACA is unlawful. The question of discretionary denials plays no part in deciding the merits of whether DACA violates the Take Care Clause of the Constitution or the substantive

1

requirements of the Administrative Procedure Act ("APA"). Thus, this Court can resolve this case based on either of these two violations without even considering the issue of discretionary denials.

Further, the number of discretionary denials does not change the Court's analysis of whether DACA violated the procedural requirements of the APA because it was issued without notice and comment. Fifth Circuit precedent dictates that DACA should have conformed with the APA's notice-and-comment requirement because it altered recipients' lawful presence and eligibility for attendant benefits. *Texas v. United States*, 809 F.3d 134, 176-78 (5th Cir. 2015). Neither Mr. Legomsky nor Mr. Knowles can provide any information to contradict those undisputed facts. Indeed, Defendant-Intervenors admit that DACA confers lawful presence and certain benefits upon DACA recipients. Proposed Def.-Intervenors' Memo. of Law in Support of Mot. for Leave to Intervene 1-3, ECF No. 14. Thus, in deciding even the procedural APA claim, the issue before the Court is a legal one and remains entirely unaffected by any testimony from either Mr. Legomsky or Mr. Knowles. Accordingly, the testimony sought by Defendant-Intervenors is of no relevance to the issues in front of the Court.

Defendant-Intervenors have already caused delay twice—first in their request for discovery before the hearing on the motion for the preliminary injunction and second in their consent to New Jersey's request for an additional extension, which allowed Defendant-Intervenors to complete additional discovery on the Federal Defendants. As noted in their response, Federal Defendants have timely produced

over 7,000 pages of documents responsive to Defendant-Intervenors' request for discovery. ECF No. 139 at 2-3. Defendant-Intervenors should have sufficient time to incorporate any of this discovery into the briefs due on the deadlines set by the Court, and any new testimony from these two witnesses could be timely incorporated into Defendant-Intervenors' response. So if the Court is inclined to grant the Defendant-Intervenors' request, Plaintiff States respectfully request that this Court maintain the current briefing schedule on their motion for a preliminary injunction.

July 20, 2018

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFF LANDRY
Attorney General of Louisiana

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

4

## CERTIFICATE OF SERVICE

I certify that on July 20, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Todd Lawrence Disher
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

5