Appendix:

Copy of *Kirkland v. New York State Dep't of Correctional Servs.*, No. 82 Civ. 0295 (TPG), 1988 WL 108485 (S.D.N.Y. Oct. 12, 1988)

**Kirkland v. New York State Dept. of Correctional Services, Not Reported in F.Supp. (1988)**
48 Empl. Prac. Dec. P 38,631

1988 WL 108485
United States District Court, S.D. New York.

Edward L. KIRKLAND, et al., Plaintiffs,
v.
The NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, et al., Defendants.

No. 82 CIV. 0295 (TPG).
|
Oct. 12, 1988.

*OPINION*

GRIESA, District Judge.

***1** Plaintiffs Edward Kirkland et. al., a class of black corrections employees, originally brought this action in 1982 against the New York State Civil Service Commission and the Department of Correctional Services. Plaintiffs claimed that the 1981 Correction Lieutenant examination administered by Civil Service was racially discriminatory. The parties reached a settlement involving a consent decree, which was approved by this court on November 9, 1982.

In January 1988 a joint motion was made by plaintiffs and defendants for an order approving a particular method of "zone" or "bandwidth" scoring. If approved, defendants propose to apply zone scoring to the results of the 1987 Correction Lieutenant examination. Both plaintiffs and defendants agree that zone scoring would be permissible under the terms of the settlement and is the most desirable method of scoring. However, a group of correction employees who took the 1987 exam have intervened. They move to dismiss the joint motion for lack of subject matter jurisdiction on the ground that it presents no case or controversy to this court. They propose to challenge the scoring method under state law in a state court. However, the interveners assert that, if the federal court exercises jurisdiction over the joint motion, they wish to contest approval of the scoring system on the merits.

The interveners' motion to dismiss the joint motion for lack of subject matter jurisdiction is granted.

*Facts*

The 1982 settlement provided, among other things, for a particular method of scoring for the *1981* examination. The settlement did not specify a scoring method for future examinations. Future selection procedures were simply to avoid "adverse impact" on minority candidates.

The next Correction Lieutenant examination was held in 1987. After the examination was administered, the Civil Service, in conjunction with plaintiffs' expert psychologist, decided to use the zone method of scoring. Essentially, this method considers all scores within a given range to be equivalent, *e.g.,* if scores 90–100 are designated as the top "band," a 99 and a 91 would be ranked equally.

In July 1987 the Appellate Division of the New York Supreme Court decided an unrelated case dealing with zone scoring. *McGowan v. Burstein,* 130 A.D.2d 123, 518 N.Y.S.2d 247 (3d Dept.1987). The court held that this method *presumptively* violates New York's constitutional requirement that promotional exams be based on merit and fitness. The Appellate Division upheld an injunction prohibiting the State from using zone scoring unless authorized to do so by prior court order. This injunction was so broad as to cover the proposed use of zone scoring by the State in the present case.

On January 5, 1988, while review of the *McGowan* decision was pending in the New York Court of Appeals, plaintiffs and defendants in the present case filed the motion now before this court, seeking an order approving application of the zone scoring method to the 1987 Correction Lieutenant examination. The parties claimed that such a motion was appropriate because of the injunction in *McGowan.*

***2** On February 22, 1988 a group of white employees who took the 1987 Correction Lieutenant examination filed a motion in the present case seeking to intervene as of right for the purpose of moving to dismiss the joint motion for lack of subject matter jurisdiction or, in the alternative, contesting the approval of the scoring method on the merits. All parties consented to the application to

**Kirkland v. New York State Dept. of Correctional Services, Not Reported in F.Supp. (1988)**
48 Empl. Prac. Dec. P 38,631

intervene, which was subsequently granted on April 12, 1988.

In a decision filed June 2, 1988 the New York Court of Appeals reversed the Appellate Division in *McGowan* and held that zone scoring is not presumptively unconstitutional. The court ruled that the validity of the particular application of the zone method must be ruled upon where challenged, but that there is no presumption of invalidity. *McGowan v. Burstein,* 71 N.Y.2d 729, 530 N.Y.S.2d 64. The injunction entered below was vacated.

Despite the vacating of the injunction in *McGowan,* plaintiffs and defendants in the *Kirkland* case persist in their joint motion.

*The Present Motion*

The interveners claim this court has no subject matter jurisdiction because the joint motion of plaintiffs and defendants presents no case or controversy. This claim is based on the fact that plaintiffs and defendants are in full agreement about the validity of their scoring method and are jointly seeking the *same ruling* from the court. Additionally they claim that plaintiffs have no standing and their claims are now moot since these plaintiffs have all been offered positions as Correction Lieutenants.

If the joint motion is dismissed for lack of jurisdiction, interveners state that they will challenge the zone scoring in a New York State court, under New York State constitutional law, in the event defendants actually apply the zone scoring method.

Plaintiffs and defendants claim that there is in fact a justiciable controversy. Plaintiffs argue that the court's jurisdiction over the original case covers the joint motion since they are seeking to enforce the prior consent decree. Moreover, plaintiffs claim to have standing to enforce provisions of the settlement which they bargained for and received.

Plaintiffs and defendants claim that a controversy arises from defendants' reluctance to proceed with zone scoring without court approval. Originally they claimed that the *McGowan* injunction forced defendants to take a position adverse to plaintiffs and to decline to apply zone scoring. Although the injunction has been vacated, defendants state that they are still reluctant to use zone scoring due to the uncertainty over New York law. Allegedly, a future action in State court might produce a ruling in conflict with the 1982 settlement in this case. They further claim that the interveners' opposition creates a justiciable controversy if one did not otherwise exist.

*Discussion*

The federal judicial power is limited to actual cases or controversies. U.S. Const. art III, § 2. This requires a conflict between at least two genuinely adverse parties.

\*3 When both parties affirmatively desire the same result, no justiciable case is presented. *Moore v. Charlotte–Mecklenburg Board of Education,* 402 U.S. 47 (1971); Wright, Miller & Cooper, 13 *Federal Practice and Procedure* § 3530 at 317 (1984). The court must dismiss a case where the cooperation of the plaintiff and the defendant might adversely affect the rights of outsiders if the question of law is decided in the manner that both of the parties desire. *Lord v. Veazie,* 49 U.S. 251 (1850).

Parties may be sufficiently adverse while taking the same position on the proper outcome, if they are legally required to adopt contrary positions absent a judicial determination. *INS v. Chadha.,* 462 U.S. 919 (1983). In *Chadha,* the INS agreed with Chadha that it was unconstitutional for the House of Representatives to veto its suspension of his deportation. However, INS was "adverse" to Chadha because in the absence of a ruling by the Supreme Court, the INS would be forced to comply with the veto and deport him.

In the present case, plaintiffs and defendants desire precisely the same result: an order by this court approving the application of zone scoring to the 1987 Correction Lieutenant examination.

There is no external constraint here forcing the parties to adopt adverse positions, as there was in *Chadha.* Defendants' claim that the lower court injunction in

**Kirkland v. New York State Dept. of Correctional Services, Not Reported in F.Supp. (1988)**
48 Empl. Prac. Dec. P 38,631

*McGowan* required them to adopt a contrary position to plaintiffs is now moot, since that injunction has been vacated. While the validity of zone scoring may still be an open question, defendants are legally free to apply any scoring method which they believe complies both with New York law and with the consent decree in this case. If a lawsuit is brought to challenge the scoring method, then that would present a justiciable controversy. Indeed, interveners have indicated that they will bring such an action. However, since the issues to be raised are primarily, if not exclusively, under state law, interveners have quite properly indicated that they will sue in a state court.

There is no inherent necessity for this court to approve zone scoring as part of the administration or enforcement of the 1982 consent decree. That decree does not require the use of zone scoring. Any scoring method which avoids adverse racial impact complies with the decree.

The issue which provoked plaintiffs' and defendants' application to the court is whether or not zoning scoring comports with New York's constitutional requirement that examinations be based on merit and fitness. But plaintiffs and defendants are not adverse in any way on this issue. This issue will only be ripe for decision if and when zone scoring is actually instituted by the State and a genuinely adverse party with standing challenges it in an appropriate forum.

In sum, jurisdiction over the 1982 action does not provide jurisdiction over the present motion.

The presence of the *interveners* in this action does not create sufficient adversity to provide jurisdiction. They have properly called the court's attention to the lack of subject matter jurisdiction in respect to the motion as brought by plaintiffs and defendants. If defendants do in fact apply the zone scoring method, interveners properly propose to challenge the zone scoring in New York state court, if that method is in fact applied by defendants. Then there will be questions arising under New York law that will be ripe for adjudication.

*4 Brief mention should be made of the interveners' claim that plaintiffs lack standing to raise any issue regarding application of zone scoring to the 1987 examination because plaintiffs and the members of plaintiff class have succeeded in achieving the purpose of their litigation—*i.e.,* obtaining offers of the position of Correction Lieutenant as a result of the 1981 examination. Plaintiffs respond that the consent decree which they obtained contained provisions not only about the procedures regarding the 1981 test but certain general provisions about future selection procedures, and plaintiffs have standing to raise questions about such procedures.

This standing issue, as the parties present it, has not been adequately briefed and the court does not decide it. There is no necessity to do so in view of the court's ruling on the lack of a justiciable controversy.

There is no case or controversy before the court. The motion of the interveners to dismiss the joint motion for lack of subject matter jurisdiction is granted.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1988 WL 108485, 48 Empl. Prac. Dec. P 38,631

End of Document                                   © 2018 Thomson Reuters. No claim to original U.S. Government Works.