UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>KIRSTJEN M. NIELSEN, *et al.*,<br><br>   Defendants,<br><br>*and*<br><br>KARLA PEREZ, *et al.*,<br><br>   Defendant-Intervenors. | Case No. 18-cv-00068 |

**FEDERAL DEFENDANTS' RESPONSE TO
DEFENDANT-INTERVENORS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to the Court's order of July 6, 2018, Federal Defendants respond to Defendant-Intervenors' motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 120.

**STATEMENT OF THE ISSUE**

Whether Plaintiffs' amended complaint should be dismissed because Plaintiffs and Federal Defendants agree on the merits of Plaintiffs' claims and Defendant-Intervenors allege that the Court "cannot afford Plaintiffs relief on their claims." Dkt. No. 118-1 at 1.

**SUMMARY OF THE ARGUMENT**

The Court should deny Defendant-Intervenors' motion to dismiss. The injury that Plaintiffs have alleged is caused by Federal Defendants' maintenance of the DACA policy. The

1

fact that Federal Defendants agree with Plaintiffs on the merits that the DACA policy is illegal does not eliminate the Article III case or controversy between the parties, because Federal Defendants nevertheless continue to maintain the allegedly injurious DACA policy (albeit only because of preliminary injunctions issued by other courts requiring that result). *See, e.g.*, *INS v. Chadha*, 462 U.S. 919, 939 (1983). And thus an injunction against Federal Defendants' maintenance of the DACA policy would likely redress Plaintiffs' alleged injury. It is simply irrelevant to Article III standing whether, in light of the other preliminary injunctions, this Court should enter such an injunction on the merits or whether Federal Defendants will be able to comply with that preliminary injunction. *See, e.g.*, *Chafin v. Chafin*, 568 U.S. 165, 174-76 (2013).

## ARGUMENT

To establish Article III standing, Plaintiffs must demonstrate (1) an injury in fact (2) that is fairly traceable to the challenged conduct and (3) likely to be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Federal Defendants' previous filing addressed Plaintiffs' injury-in-fact, and we do not do so further here, because Defendant-Intervenors acknowledge that they are not challenging Plaintiffs' alleged injury for purposes of this motion. *See* Dkt. No. 118-1 at 7, n.2. Instead, the basis of Defendant-Intervenors' motion are their claims that (1) there is not a sufficient case or controversy for this matter to proceed and (2) Plaintiffs' alleged injury is not redressable. Both claims are without merit.

*First,* it is black-letter law that, where the defendant's challenged conduct injures the plaintiff, it does not defeat an Article III case or controversy that the defendant agrees with the plaintiff on the merits that the challenged conduct is unlawful. For example, in *Chadha*, "the INS's agreement with Chadha's position [that a line-item veto is unconstitutional] d[id] not alter

the fact that the INS would have deported Chadha [in light of Congress' line-item veto] absent the Court of Appeals' judgment," and thus "a concrete controversy" existed. 462 U.S. at 940. As the Court explained, "it would be a curious result if, in the administration of justice, a person could be denied access to the courts because the Attorney General of the United States agreed with the legal arguments asserted by the [person]." *Id.* at 939.[1] Similarly here, as a result of the preliminary injunctions in *Regents of Univ. of Cal. v. DHS*, 279 F. Supp. 3d 1011, 1048 (N.D. Cal. 2018), and *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 437 (E.D.N.Y. 2018), the Government is not currently providing Plaintiffs the relief they seek despite the fact that the Government agrees with Plaintiffs' legal position.[2]

      The general principle is not altered here because Defendant-Intervenors allege that "one of the parties has dominated the conduct of the suit." Dkt. No. 118-1 at 9, citing *United States v. Johnson*, 319 U.S. 302, 305 (1943). In *Johnson*, the Court found that the statutory challenge "has been adjudicated in a proceeding in which the plaintiff has had no active participation, over which he has exercised no control, and the expertise of which he has not borne. He has been only nominally represented by counsel who was selected by appellee's counsel and whom he has never seen." *Johnson*, 319 U.S. at 305. In *Chadha*, the plaintiff and the INS agreed on the merits, but the Court nevertheless held that the case was not "a friendly, non-adversary, proceeding" in light of INS's withholding of relief, especially given that "Congress' formal intervention" left

---

[1] Defendant-Intervenors' citations to *Golden v. Zwickler*, 394 U.S. 103, 109 (1969), and *Poe v. Ullman*, 367 U.S. 497, 505 (1961), stand only for the unremarkable position that actual injury is a requirement for Article III standing – which Defendant-Intervenors do not challenge here. Defendant-Intervenors' reliance on *Moore v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 47, 47-48 (1971) (per curiam) is also of limited utility where that decision does not address the nature of the alleged injury or its resolution absent judicial intervention.

[2] The vacatur order in *NAACP v. Trump*, 298 F. Supp. 3d 209, ___, 2018 WL 1920079 at *25 (D.D.C. 2018), remains stayed pending supplemental briefing.

3

"concrete adverseness . . . beyond doubt." *Id.* at 939. Here likewise, as demonstrated by their motion, Defendant-Intervenors are actively and vigorously defending this suit. The Federal Defendants did not oppose the motion to intervene and have conducted this litigation exactly as one would expect, given that the Federal Defendants have rescinded the policy at issue on the grounds that it is legally suspect.

*Second*, it is also black-letter law that Article III redressability focuses on whether compliance with the requested relief would likely remedy the plaintiff's alleged injury, *not* whether the plaintiff is entitled to that relief or whether the defendant would refuse to comply with that relief. For example, in *Chafin*, one parent in a child custody case argued the case was moot, both because the district court allegedly "lack[ed] the authority to issue" the relief requested in light of intervening events, and because the other parent might "choos[e] to defy" the order in any event. 568 U.S. at 174-75. The Court rejected both arguments. As to the first, the argument—which goes to "the legal availability of a certain kind of relief"—"confuses mootness with the merits." *Id.* at 174. As to the second, "[c]ourts often adjudicate disputes where the practical impact of any decision is not assured" due to the risk of non-compliance, and "potential difficulties in enforcement" do not eliminate the plaintiff's "concrete interest" in compliance with the relief requested. *Id.* at 175-76; *see also id.* (discussing default judgments against defendants who fail to appear and judgments awarding damages against insolvent parties). Here likewise, a preliminary injunction against the Federal Defendants' maintenance of the DACA policy would redress Plaintiffs' alleged injury, regardless of whether such relief is legally appropriate or could be followed in light of the conflicting injunctions issued by other courts.

## CONCLUSION

The Court should deny Defendant-Intervenors' motion to dismiss.

Dated: July 20, 2018                    Respectfully submitted,

                                                              CHAD A. READLER
Acting Assistant Attorney General
Civil Division
BRETT A. SHUMATE
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000

Attorneys for Federal Defendants          jeffrey.robins@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS