IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 1:18-CV- 68 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants | ) |
| and | ) |
| KARLA PEREZ, *et al.*, | ) |
| Defendant-Intervenor | ) |

**MEMORANDUM OF THE MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES AND THE TEXAS SENATE HISPANIC CAUCUS AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT-INTERVENORS' KARLA PEREZ ET AL.,  MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

### INTRODUCTION

Amici are official legislative caucuses of the Texas Legislature.

The Mexican American Legislative Caucus (MALC) was founded in 1973 in the Texas House of Representatives by a small group of lawmakers of Mexican American heritage for the purpose of strengthening their numbers and better representing a united Latino constituency across the state. MALC is the oldest and largest Latino legislative caucus in the United States. MALC and its members have sponsored and supported so called "Dreamer" legislation, so that

young people, brought to the United States as children can have an opportunity to contribute and succeed in the only country they know.

The Texas Senate Hispanic Caucus (SHC) was established in 1987. It was constituted of all duly elected Texas State Senators who were of Hispanic descent. The Texas Senate Hispanic Caucus was established to promote and monitor legislative initiatives that reflect the common goals and objectives for the betterment of the Texas Hispanic community and to promote and support economic development, health, education, civic engagement, and civil rights issues as they pertain to Hispanics in Texas. SHC and its members have sponsored and supported so called "Dreamer" legislation, so that young people, brought to the United States as children can have an opportunity to contribute and succeed in the only country they know.

### Purpose and Relevance of Amici Curiae Brief

The proposed amicus brief focuses on the substantial evidence of the benefits to the State of Texas and to the nation that the DACA recipients contribute. Weighing these benefits is relevant in the evaluation of the preliminary injunction standards, and weighs against granting the injunction sought by Texas et al.

But for the United States, all of the parties, including Defendant states, have consented via email to the filing of this amicus brief in support of the Perez Defendant-Intervenors.

THEREFORE, the Mexican American Legislative Caucus and the Texas Senate Hispanic Caucus pray that this Court allow and consider this amicus curiae brief in support of the Perez Defendant-Intervenors.

## **STANDARD OF REVIEW**

To support a preliminary injunction, a party seeking a preliminary injunction must establish that: he is likely to succeed on the merits; that he is likely to suffer irreparable harm in

the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

This brief will focus on the three final factors: irreparable harm; balancing of the equities; and the public interest at stake.

### A.   **In balancing the equities, the States are not likely to suffer irreparable harm without preliminary relief.**

The second *Winter* criterion asks whether the Plaintiff States would suffer irreparable harm absent preliminary relief. To support their claim of irreparable injury the Plaintiffs claim that there will be unrecoverable economic injuries. Pls.' Memo. at 40-42 (ECF #005), This claim is simply false. The opposite is actually true, DACA recipients actually provide an economic benefit to the States' economies.

Before DACA, Individual Defendant-Intervenors, brought to America as children, faced a tough set of life and career choices turning on the comparative probabilities of being deported versus remaining here. DACA gave them a more tolerable set of choices, including joining the mainstream workforce. Now, granting the pending injunction, they will slide back to the pre-DACA era and associated hardship.

By contrast, the nation stands to lose valuable students and employees in whom the States have invested, leading to, as a CATO Institute study shows, economic harm to the United States. Therefore, the loss of DACA recipients from the workforce will have detrimental impact on economic output, public health and public safety. *See:* Ike Brannon and Logan Albright Share, *The Economic and Fiscal Impact of Repealing DACA*, CATO INSTITUTE PUBLICATION, January 18, 2017. ("… a repeal or roll-back of DACA would harm the economy and cost the U.S. government a significant amount of lost tax revenue. We

estimate that the fiscal cost of immediately deporting the approximately 750,000 DACA recipients would be over $60 billion to the federal government along with a $280 billion reduction in economic growth over the next decade.").

In light of those realities the Plaintiffs cannot show irreparable harm.

**B.     The balance of equities tips in favor of the Perez Defendant-Intervenors.**

The third *Winter* criterion balances the equities of granting or denying a preliminary injunction for the parties before the Court. In this litigation, this Court thus must balance the States' equities against the equities of the individual defendants-intervenors. With regard to the individual defendant-intervenors the weight of the burdens of granting the injunction at issue here far outweighs any potential harm to the states.

### As against the defendants-intervenors, the equities favor the defendant-intervenors.

As discussed previously, without DACA, the harm that will befall the individual defendant intervenors will be severe. In contrast, DACA recipients contribute to the economic wellbeing of the States, and an overall benefit. Dr. M. Ray Perryman, presented to this Court by the individual Defendant-Intervenors, has presented a credible analysis in this case. Dr. Perryman concludes that "Immigrant workers are important to the Texas economy and the fiscal wellbeing of governmental entities given current and likely future labor market conditions." Together with the CATO Institute's national analysis discussed above, there can be no question but that in this case the balancing of the equities between the parties, weighs against granting the pending motion.

**C.     The Public Interest would not be served by granting the pending preliminary injunction motion.**

Preliminary Injunction motions require district judges to consider whether (or not)

such relief would be in the public interest. As discussed previously, the economic benefits on Texas and the Nation provided by DACA individuals is a positive one.

Finally, the State of Texas has recognized and promoted the public interest benefits of DACA with the passage of legislation that facilitates the education of individual DACA recipients by authorizing in-state tuition to the State of Texas' colleges and universities. *See:*

https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=77R&Bill=HB1403

HB 1403 was authored and sponsored by Houston State Representative and MALC member Rick Noriega and co-authored by almost all of the members of MALC serving at that time. *Id.* HB 1403 is still the law in Texas.

The public interest would not be served by granting the preliminary injunction requested here by the Plaintiffs.

## CONCLUSION

Based on the foregoing, and in support of the filings of the Perez Defendant-Intervenors, Amici MALC and SHC respectfully ask this Court deny Plaintiff States' Motion for Preliminary Injunction.

DATED: July 21, 2018                              Respectfully submitted,

                                                                                                    /s/ *Jose Garza*  
                                                                                                    JOSE GARZA  
                                                                                                    SBN 07731950

                                                                                                    MARTIN GOLANDO  
                                                                                                    MICHAEL MORAN  
                                                                                                    GARZA GOLANDO MORAN  
                                                                                                    405 N. St. Mary's, Suite 700  
                                                                                                    San Antonio, Texas 78209  
                                                                               210-892-8543

                                                                               COUNSEL FOR MALC AND SHC

## **CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that on July19, 2018, I conferred with counsel for Plaintiffs States and counsel for Defendants and Defendant-Intervenors regarding this brief via electronic mail.  Counsel for Plaintiffs States and counsel for Defendant-Intervenors advised that Plaintiffs States and Defendant-Intervenors do not oppose this filing.  Counsel for Defendants the United States did not respond.

*/s/ Jose Garza*
Jose Garza

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 21st day of July, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Jose Garza*
Jose Garza