**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT-INTERVENORS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# Volume 8

# Exhibits 161 - 180

# DEF-INTERV.

# EX. 161



# I-765 Application for Employment Authorization
# VAWA-T-U

**Prepared by: Center Training Unit**

**Vermont Service Center**

**April 3, 2018**

# Table of Contents

General .................................................................................................................................... 3
General Information ............................................................................................................. 5
Safe Address ...................................................................................................................... 11
Section 384 .......................................................................................................................... 13
Eligibility Under (a)(16) ................................................................................................... 16
Eligibility Under (a)(19) ................................................................................................... 17
Under (a)(20) ....................................................................................................................... 23
Eligibility Under (c)(11) ................................................................................................... 30
Eligibility Under (c)(14) Based on I-360 ......................................................................... 31
Deferred Action .................................................................................................................. 37
Routing and Updating ........................................................................................................ 38
(c)(14) – Interim Relief Related ...................................................................................... 41
(c)(14) – A3 or G5 Nonimmigrant Related ..................................................................... 44
(c)(14) – Wait List Process Related ................................................................................ 47
(a)(19), (a)(20) and (c)(14) Conversions ........................................................................ 50
Eligibility Under (c)(25) ................................................................................................... 51
Eligibility Under (c)(31) ................................................................................................... 52
Withdrawals ........................................................................................................................ 54
Approval Annotations and Updating ................................................................................ 55
RFE Updating ..................................................................................................................... 56
Denial Annotations and Updating .................................................................................... 57
Relocate Updating .............................................................................................................. 58
Record of Proceeding (ROP) ............................................................................................. 59
Revisions ............................................................................................................................. 62

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004281

# General

| | |
|---|---|
| **Purpose** | This publication: |

**Purpose**

This publication:
- incorporates standardized operational policies and procedures,
- includes processing information for Applications for Employment Authorization (Form I-765) related to VAWA I-360, I-918 and I-914 filings, and
- should be used as a guide for consistent processing.

It is your duty to be familiar with all the SOPs and guides that are required to adjudicate Applications for Employment Authorization (Form I-765) related to VAWA I-360, I-918 and I-914 filings.

**IMPORTANT**:  The information contained in this guide is a combination of handouts and local policy for adjudicating Form I-765, Applications for Employment Authorization related to VAWA I-360, I-918 and I-914 filings. Use it as a resource/instruction guide.

**Disclaimer**

This SOP is not intended to be, and should not be taken as, an authoritative statement of the rules of decision for Form I-765, Application for Employment Authorization related to VAWA I-360, I-918 and I-914 filings. U.S. Citizenship and Immigration Services (USCIS) bases the actual decision in a particular case on the record for that case, the Immigration and Nationality Act, regulations, precedent administrative and judicial decisions, and general statements of USCIS policy.  Thus, nothing in this SOP creates any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

**Conflict Resolution**

Any provision of the Immigration and Nationality Act (INA) or Title 8, Code of Federal Regulations (8 CFR) that conflicts with this SOP will take precedence over the SOP.  If you identify such a conflict, report the matter immediately to your Supervisory Immigration Services Officer (SISO) or to any SISO.

If any conflict is noted between this SOP and policy or guidance documents issued by HQSCOPS, report the matter through the supervisory chain for resolution.

This SOP supersedes all prior VSC SOPS for VAWA related I-765 applications.

*Continued on next page*

3

Confidential                                                                 DEF - 00004282

# General, Continued

**Revisions**    The Center Training Unit (CTU) will issue numbered revisions to this SOP. No other document will be considered a valid modification.

*Electronic and Printed Copies*
All personnel who maintain a copy of the SOP will post the revisions upon receipt.  Public electronic copies of the SOP will be modified to reflect changes as they are issued. A listing of revisions will be included in the electronic SOP to serve as a summary of all revisions.

*Proposed Changes*
Submit proposed changes with appropriate supporting documents through your first-line SISO to the Center Training Unit.

*Previous and Current Revisions*
A complete listing of all revisions can be found at the end of the document in the Previous Revisions section.

I-765 VAWA SOP; Revised:  April 3, 2018

4

DEF - 00004283

# General Information

**Categories**

The VAWA unit is responsible for adjudicating Applications for Employment Authorization (Form I-765) filed under the following categories:

| Category of 8 CFR 274a.12 | Details |
|---|---|
| (a)(16) | Approved T-1 |
| (a)(19) | Approved U-1 |
| (a)(20) | Approved U-2, U-3, U-4, or U-5 |
| (c)(11) | Alien paroled into the US temporarily for emergency reasons or reasons deemed strictly in the public interest |
| (c)(14) | Alien granted deferred action |
| (c)(25) | Approved T-2, T-3, T-4, or T-5 |
| (c)(31) | Alien with approved I-360 as a battered spouse or child of a USC or LPR |

**NOTE**:  An applicant for a Form I-765 can have multiple EADs of different categories, but cannot have more than one EAD of the same category.

**Initial Processing Instructions**

The applicant should indicate one of the following reasons for filing:

1.  Permission to accept employment: The initial request for employment authorization under an eligibility category.
2.  Replacement (of lost or stolen employment authorization document):  A request to replace a lost, stolen, mutilated, or incorrect EAD.
3.  Renewal of my permission to accept employment:  Extension of permission to accept employment issued under the same category.

If the reason is not marked and you cannot determine the reason, you may send a Request for Evidence (RFE) if needed to adjudicate the case.

In most cases, a RFE must be issued to give the applicant an opportunity to overcome the grounds cited before the I-765 may be denied.  There may be exceptions to this rule.  Check with your SISO to determine whether a statutory denial is appropriate.  For EADs with I-918 cases, follow the specific guidance provided in this SOP.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential                                                    DEF - 00004284

# General Information, Continued

**Required Documentation for All Categories**

The following are required documents regardless of category/classification:

1. Two passport-style photographs.  Although the requirement is for two passport-style photographs, the EAD may be produced with just one **(see block titled "*Passport Photo Requirements*" below for further information)**.

2. A copy of the applicant's last EAD (front and back).

If no prior EAD has been issued, the applicant must submit a copy of a government-issued identity document such as a:
- passport showing their picture, name, and date of birth;
- birth certificate with photo ID;
- visa issued by a foreign consulate; or
- national ID document with photo and/or fingerprint.

The identity document photocopy must clearly show the facial features of the applicant and the biographical information.

If there is sufficient valid evidence of fraud, you may request photocopies of the previous EAD(s).  This should be the exception, not normal practice.

**NOTE:**  If the applicant fails to provide a copy of the last EAD issued, you may use USCIS systems to view identity information from the prior EAD application(s) instead of sending a RFE.  If the applicant was not previously issued an EAD, you must send a RFE for the government-issued identity document as stated above.

*Continued on next page*

6

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004285

## General Information, Continued

**Required
System Checks**

| System | Action |
|---|---|
| 9106 screen in CIS Nationals | • Ensure that all A files related to your applicant have been consolidated.<br>• Select the A number that relates to the I-765 filing.<br>• If more than one A-number relates to the applicant and the A files have NOT been consolidated, order the A files. Confirm they are the same individual and follow proper consolidation procedures. |
| CLAIMS 3 | • Ensure that the underlying visa petition has been approved or waitlisted as required by regulation. |
| CPMS | • Verify photo and signature for the biometric requirement for I-765s. USCIS will be scheduling appointments for I-765s in need of biometrics. Most of these will not be actual appointments as the information can be cloned from previous photos and signatures obtained through CPMS.<br>• Check for aliases. |
| TECS | • Query legal name and all aliases associated with the I-765 filing.<br>• Resolve any TECS hits associated with the applicant by referring to the TECS SOP for Adjudications for processing guidance. |

*Continued on next page*

I-765 VAWA SOP; Revised: April 3, 2018

7

DEF - 00004286

# General Information, continued

**Passport Photo Requirement for All Categories**

Do not approve an I-765 with an ADIT style photo, a black and white photograph or a photo with a colored background.  (Exception – if the I-765 was received prior to September 2004, ADIT photos are acceptable).

For more information on photo requirements, please see the Department of State website at: <u>Passport Photo Requirements</u>.

**When to Request Passport Photos:**
A request for additional evidence for passport photos is necessary under the following condition(s):

1.  Applicant did not submit passport photos

2.  Applicant submitted one of the following type photographs:
    *   ADIT style photo,
    *   Black and white photograph,
    *   Photo with a colored background,
    *   Subject is wearing dark glasses or glasses with tinted lenses,
    *   Subject is in uniform (except religious clothing that is worn daily),
    *   Subject is wearing a hat or head covering that obscures the hair or hairline (unless worn daily for a religious purpose),
    *   Headphones, wireless hands-free devices, or similar item; or,
    *   Photo is damaged (I.E.: Ink bled through, staple through photo features, photo is torn/tattered, etc.).

If the photo is not scanned by the Contractor upon receipt of the RFE response, send the file with new photo to MRD for photo scanning.

**IMPORTANT**:  Form I-765 applications should never be *denied based on an officer's opinion that the photo is unacceptable.  You must seek SISO guidance in determining if a second RFE should be completed or scheduling of biometrics with an Application Support Center (ASC).

**\*EXCEPTIONS**:
*   The Form I-765 can be denied when photos were not included in the initial filing and the applicant did not respond to the PP photo request for additional evidence; or,
*   When documentary evidence as well as photos is required but the response does not include all necessary evidence.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential                                   DEF - 00004287

# General Information, Continued

**Electronic Updating**

Form I-765 is updated in CLAIMS 3.  You must verify that photos and signatures are properly scanned (or waived where appropriate) prior to issuing an approval.

You are responsible for insuring that the applicant's name, A-number, date of birth, address and work authorization category are correct in CLAIMS 3 prior to updating.

Always use the legal name and date of birth when creating an EAD.  This information must appear on the Form I-765 and be supported by a copy of the applicant's last EAD (front and back) or a copy of a government-issued identity document.  See page 6 for documentary requirements.

If the name on the Form I-765 does not appear in CIS, you must confirm that the name on the I-765 is the legal name.  Once the legal name is confirmed and, if necessary, the application is corrected using red pen, update CIS to reflect the legal name and date of birth.  CLAIMS 3 and CIS should match and indicate the legal name and date of birth.

**EAD Renewals and Replacement Cards**

If the applicant files the Form I-765 for the  replacement of a lost, stolen or mutilated EAD, you must complete all required systems checks.

If the case is approvable, grant the validity dates from the original date of approval until the end of the originally assigned validity period.   This is for replacement cards only and is the only time it is acceptable to back-date an EAD.

**NOTE:**  If a Form I-765 is filed for a renewal EAD more than 180 days prior to the expiration of the current card, USCIS does not require an explanation from the applicant detailing why the Form I-765 was filed early.

*Continued on next page*

9

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential   DEF - 00004288

# General Information, Continued

**Validity Dates**
All initial approvals are issued from the date of approval until the end of the assigned validity period which is one year minus one day, with the exception of an I-765 Wait List (c)(14). These cases are issued validity dates from the date of approval until the end of the assigned validity period, which is two years minus one day.

- All extensions (renewals) are issued from the date the extension is approved until the end of the assigned validity period of the underlying petition, or one year minus one day.
- Back dating and postdating of validity dates is not permitted.

**EXCEPTION:** Replacement EADs for lost, stolen, or destroyed EADs are issued with the original validity dates. This is the only time you are authorized to backdate an EAD.

**Returned Mail**
Refer to the Return Mail SOP.

**Card Produced in Error (CLAIMS 3 Stop Card Production)**
If you erroneously placed a card into production or approved the case in error, reference the CLAIMS 3 Adjudications Updating Guide for procedures to stop card production.

# Safe Address

**General**    Every effort must be made to ensure that notices or other correspondence are sent in a confidential manner to an address where an abuser will not have access to them.

Incoming I-765 applications are screened for safe addresses by trained officers prior to data entry.  Once identified, the safe address will be indicated on the prescreening worksheet.  However, additional information may have been received by VSC following data entry.  You must verify that the address used throughout the adjudication of the case is a current safe address, and must make appropriate changes on the safe address worksheet, the application itself, and in CLAIMS 3.

**Safe Address Determination**    The address of an attorney or representative listed on the G-28 will always be used as the applicant's safe address.

Follow the steps below to determine a safe address when no G-28 has been filed:

| Step | Action |
|------|--------|
| 1 | Review the Preparer's Section. |

| If the Preparer's address is… | Then… |
|-------------------------------|-------|
| Provided, | Use the Preparer's address. |
| Not provided, | Go to Step 2. |

| Step | Action |
|------|--------|
| 2 | Review the file for correspondence such as a letterhead from an organization that may have assisted in the filing of the application. |

| If the file contains… | Then use the address listed… |
|-----------------------|-------------------------------|
| Correspondence listing a preparer's address, | As a safe address. |
| No identifiable organization that assisted in the filing of the application, | On line 3 of the application. |

*Continued on next page*

11

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004290

# Safe Address, Continued

**Changing the Address**

If you change an address, you must annotate the new address in red ink in the Safe Address Sheet on top of the record with your officer NFTS# and the date that the address was changed.

You are responsible for updating the address in CLAIMS 3 as well.

**NOTE:** If the change consists of correcting a typo in CLAIMS 3, the Safe Address Sheet does not need to be annotated.

# Section 384

| | |
|---|---|
| **General** | Section 384 of the Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA) prohibits the use of information provided by the alleged abuser in making an adverse determination.  This prohibition also extends to use of information provided by certain other members of the alleged abuser's family.

Additionally, disclosure of information regarding the self-petitioner to anyone other than a sworn officer or employee of the Department of Homeland Security is prohibited.

All files subject to these provisions will have a Section 384 warning sheet placed on the top of the record side. |
| **Disclosure of Information** | Information about the I-765 or applicant should not be disclosed to anyone other than an accredited representative with a G-28 on file for that particular filing.  Exceptions to this restriction on information disclosure are:
• to law enforcement for legitimate law enforcement purposes at the discretion of USCIS;
• for judicial review in a manner that protects the confidentiality of the information; and in such a manner as census information may be disclosed by the Secretary of Commerce under 13 USC 8. |
| **Penalty** | Violation of this provision of section 384 shall be subject to appropriate disciplinary action and subject to a civil money penalty of not more than $5,000 for each violation, pursuant to 8 USC 1367(a)(2). |
| **Prohibited Information Sources** | Use of any information provided by the following parties is prohibited in making an adverse determination on an I-765 filing:

• A spouse or parent who has battered the applicant or subjected the applicant to extreme cruelty
• A member of the spouse/parent's family residing in the same household as the applicant or who subjected the applicant to extreme cruelty when the spouse/parent of the applicant acquiesced in such battery/extreme cruelty
• A spouse or parent who subjected the applicant's child to battery or extreme cruelty; a member of the spouse/parent's family residing in the same household who has battered the applicant's child or subjected that child to extreme cruelty when the spouse/parent consented or acquiesced. |

*Continued on next page*

13

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004292

# Section 384, Continued

| | |
|---|---|
| **Source Determination** | You must determine how USCIS came into possession of the evidence in the file. |
| | If there is indication that the evidence was sent to USCIS by the alleged abuser but is not in the form of a squeal letter, you must first determine if the evidence is from a credible and relevant source.  Next, you must determine whether the evidence would lead to an adverse decision for the applicant.  If you determine that the information appears relevant to the adjudication and would result in an adverse decision for the self-petitioner, consult your SISO. |
| | USCIS can either attempt to verify the information through available systems and file review or receive its own independent copy of the adverse information using USCIS resources.  This must be done to ensure that the information was not altered while in the possession of the alleged abuser. |
| **Information from Public Sources** | If the file contains information from a public source, such as a court or other law enforcement entity, the information can be used in the adjudication.  Such evidence includes but is not limited to the following: |
| | • protection orders against the applicant;<br>• police reports made involving the applicant; and<br>• court transcripts and findings regarding the applicant or applicant's claims. |
| | If it is determined that the evidence is complete and unaltered, you may use the evidence. You must be certain that the source behind the creation of the documentation is not the alleged abuser. |
| **Information Generated from Non-Public Sources** | If the file contains evidence issued by a non-public source (e.g. medical records), you must first determine who provided the information for the file. |
| | If it was sent by the alleged abuser or member of the alleged abuser's family (as cited above) you are prohibited from using the information to make an adverse determination on the I-765. |
| | If adverse information is received that is neither from a public source nor from the alleged abuser (or alleged abuser's family), you must determine if the evidence is credible and relevant.  If the evidence could have a negative impact on the adjudication, you must discuss the evidence with your SISO prior to issuing any notices to the applicant based on that evidence. |

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

14

DEF - 00004293

# Section 384, Continued

**Acknowledging Information in the File**

If the file contains information that, if used, would result in an adverse determination and the use of that information is prohibited by section 384, you must place an acknowledgement of the information in the file.

Generate the Adverse Information Memo and detail what specific information was reviewed and why usage of the information is prohibited by section 384 (e.g., information provided by the alleged abuser).  Place the Adverse Information Memo on the non-record side of the file.

**Discovery of an Apparent Violation**

If you discover an apparent violation of Section 384 (either disclosure of information or use of prohibited information), you must bring the violation to the attention of your SISO and the Section Chief who oversees the Division. Notify VSC management via an email detailing all relevant information about the violation.

Place a copy of the notification email on the non-record side of the file and hold the file pending instructions from the ACD or SISO.

# Eligibility Under (a)(16)

| | |
|---|---|
| **General** | Work authorization pursuant to 8 CFR 274a.12(a)(16) is for those with an approved Application for T Nonimmigrant Status (Form I-914).  Normally, there will be no Application for Employment Authorization (Form I-765) filed to obtain the EAD. |
| | An EAD will be automatically generated upon approval of the Form I-914. An I-765 appearing in CLAIMS 3 records for this category will generally be a "dummy" record to signify that a Form I-914 was filed. |
| **Replacement EADs** | Instances in which an EAD has been lost or destroyed require that an I-765 be filed by the alien.  All replacement EAD will be issued with the same validity dates as the previous EAD. DO NOT approve if the validity dates have expired. |
| | TECS checks are required pursuant to the TECS SOP. |
| | **IMPORTANT**:  You must request the incorrect EAD be returned prior to issuing a new EAD if asking for a replacement for a damaged EAD. |
| **Process** | The principal T-1 applicant will be automatically issued an EAD with an eligibility code of A16 upon approval of the Form I-914. |
| | The validity period for the initial EAD will be for the duration of the T-1 status. |
| **Responsibility** | Only officers certified in the adjudication of the Form I-914 may adjudicate an I-765 seeking work authorization under this category. |
| | See the I-914 SOP for further information. |

16

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004295

# Eligibility Under (a)(19)

**General**

Work authorization pursuant to 8 CFR 274a.12(a)(19) is for applicants with an approved Petition for U Nonimmigrant Status (Form I-918). Normally, there will be no Application for Employment Authorization (Form I-765) filed to obtain the EAD. It will be automatically generated upon approval of the Form I-918.

TECS checks are required pursuant to the TECS SOP.

- If USCIS receives an unnecessary Form I-765(a)(19), and the Form I-918 is still pending, send the additional I-765(a)(19) receipt file to be matched up to the A or T file containing the I-918.
- The additional I-765 can be converted to a (c)(14), if the Form I-918 is wait listed and the applicant has not already filed for a (c)(14).
- If the applicant has already filed Form I-765(c)(14), the additional (a)(19) is not needed and can be denied at the time of approving the Form I-918.

**Replacement EADs**

If an applicant's EAD has been lost, stolen or destroyed, an I-765 (a)(19) for replacement must be filed by the alien, accompanied by the proper fee or a fee waiver request. Ensure that the proper filing type is checked on Form I-765, indicating that it is a replacement and that CLAIMS 3 also reflects the type of filing.

The CLAIMS 3 Level 1 / Level 2 process may not be performed on the I-918 which originally produced the (a)(19) EAD. This I-918 filing is attached to the U-Visa CAP counter and performing the CLAIMS 3 Level 1 / Level 2 process will deduct another number from the U-Visa CAP counter. The applicant MUST file a replacement I-765 (a)(19), returning the original EAD, with fee or fee waiver request to get a replacement (a)(19) EAD. There are no exceptions.

All replacement EADs on a newly filed I-765 (a)(19) will be issued with the exact validity dates as the previous EAD. DO NOT approve if the validity dates have expired.

TECS checks are required pursuant to the TECS SOP.

**IMPORTANT:** If the applicant is filing for a replacement due to an error on his or her EAD, or for a damaged EAD, USCIS must request the incorrect EAD be returned prior to issuing a new EAD. Reference the Process section of Eligibility Under (a)(19) for processing information.

*Continued on next page*

I-765 VAWA SOP; Revised: April 3, 2018

Confidential                                                    DEF - 00004296

# Eligibility Under (a)(19), Continued

**Aliens Outside the United States**

Aliens who were processed for their U-1 status outside of the United States are required to notify VSC by mail that they entered the United States in U status.

Acceptable evidence may include a:
- copy of the Arrival/Departure Record (Form I-94);
- copy of a stamp in the passport showing entry into the U nonimmigrant status; or
- US-Visit Entry.

**Process**

CLAIMS 3 is updated when the Form I-918 is approved.  The EAD is automatically generated upon approval of the Form I-918 under category (a)(19).

Validity dates for an approved U-1 will vary depending on the fiscal year due to the U-Visa Cap and the fact that USCIS is using a wait list.

**Updating After Consular Processing**

If the U nonimmigrant is consular processed, he or she must establish entry into the U.S. as a U nonimmigrant.

- A copy of the Arrival/Departure Record (Form I-94) or a copy of a stamp in the passport showing entry into U nonimmigrant status is needed. You may also verify the entry in US-Visit.
- Update the COA, POE and DOE fields in Nationals CIS with the new information.

Approvals for initial EADs for the (a)(19) category are normally automatically generated upon approval of the Form I-918.  However, if the U-1 nonimmigrant was consular processed; an EAD will need to be generated after lawful entry.

Follow the steps below if an EAD request is made after consular processing:

| Step | Action |
|---|---|
| 1 | Order the appropriate A-file. |
| 2 | Hold the I-765 file until receipt of the A file. |
| 3 | Upon receipt of the A-file, adjudicate the appropriate (a)(19) as instructed above. |

*Continued on next page*

18

I-765 VAWA SOP; Revised:  April 3, 2018

# Eligibility Under (a)(19), Continued

**Review Systems and I-765 Application to Verify Applicant Information**

Verify the following information is correct in CIS (9101) CLAIMS 3 and on the Form I-765:

- Safe address
- Name
- DOB
- Gender
- A number

*Continued on next page*

# Eligibility Under (a)(19), Continued

**Extension of Status for U-1/(A)(19) Eligibility**

If the applicant has filed the I-765 in order to extend his or her employment authorization, check CLAIMS 3 to determine if the applicant is still in valid U status.  If the applicant's U status has expired, check to determine if the applicant filed an I-539, Application to Extend/Change Status and if so, forward the I-765 (a)(19) to the I-539 filing to be worked together by the I-539 officer.

If an extension of status has not been filed or approved, complete an RFE, using call up 5046.  This asks the applicant to establish that he or she has previously been granted an extension of his or her U nonimmigrant status, or has a pending Application to Extend/Change Nonimmigrant Status (Form I-539) to extend status.

If the U nonimmigrant status has not expired, grant the EAD until the end of his or her U status.  Do NOT approve the I-765 if the U status has expired.

Follow the steps below if you receive a request to extend an I-765 (a)(19):

| Step | Action | |
|---|---|---|
| 1 | Determine if an I-485 is pending. | |
| 2 | **If the…** | **Then…** |
| | I-485 was filed concurrently with the I765, or prior | Stop adjudication and send the unworked I-765 to the appropriate I-765 POC to have it worked as a possible (c)(9). <br><br> **REMEMBER:**  If the I-485 was filed after the I-765, USCIS cannot change the category from an (a)(19) to work the case as a (c)(9). Regulation allows for a one year extension of an I765 (a)(19). If an I-485 was received while the applicant is still in U status and is pending. The applicant does not need to file an I-539 in order to file for the I-765 EAD extension. |
| | Applicant was not in valid U status at the time the I-485 was received, | An I-539 needs to be filed. <br><br> **REMEMBER:**  If an I-765 (a)(19) extension was filed, and an I-485 is pending, (receipted after the I-765), USCIS will work the I-765 (a)(19) as an extension and approve for one year minus a day. |

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004299

# Eligibility Under (a)(19), Continued

| | |
|---|---|
| **Requests for Evidence** | Requests for evidence (RFE) such as birth certificates, replacement photos, evidence of a name change, etc., are updated as requests for ADDITIONAL evidence.  Applicants are granted 87 days to respond.<br><br>Requests for missing photos or a signature are updated as a request for INITIAL evidence.  Applicants are granted 87 days to respond.<br><br>**IMPORTANT**:  The (a)(19) RFEs are completed in ECHO. |
| **Reasons for Denial** | An application for an initial EAD or a replacement EAD will be denied in the following circumstances:<br><br>• The I-918 was previously approved and an EAD was already issued with no evidence of the EAD being returned as undeliverable in CLAIMS 3 history<br>• The I-918 was denied<br>• No I-918 was filed (RFE for evidence of approved I-918 prior to denial)<br>• The approved I-918 was revoked or expired<br>• Proper photos or signature were not submitted (issue an RFE prior to denial)<br>• The applicant is now an LPR |

*Continued on next page*

21

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004300

# Eligibility Under (a)(19), Continued

**Extension:
Form I-485
Pending**

Applicants who have a Receipt Notice for a Form I-485 U are eligible to apply for work authorization by filing a Form I-765(c)(9). Officers can change an EAD eligibility category in order to approve the I-765; however, they cannot change an eligibility category and deny based on the changed category.

Follow the steps below if you receive a Form I-765(a)(19), seeking an extension of EAD and there is a pending Form I-485 at the Vermont Service Center based on the T or U status.

| Step | Action |
|------|--------|
| 1 | Make a screen print of the pending Form I-485 U and leave it loosely on the non-record side of the file. |
| 2 | Attach a buck slip to the I-765 file and indicate the I-765 may be approvable under the (c)(9) category.<br><br>**RESULT**: The Customer Service or Congressional Officer will adjudicate the file based on that recommendation. If the case cannot be approved as a (c)(9), the file will be returned to VAWA for adjudication based on the category initially requested by the applicant. |
| 3 | Forward the Form I-765 to Customer Service depending on your site location. |

**IMPORTANT:** The Form I-765(c)(9)s are not worked by VAWA officers and must be forwarded to Customer Service.

**Denial Order**

Complete the denial order using the proper letter. (See the I-765 VAWA Standard Letters Index). Denials are completed in ECHO.

I-765 VAWA SOP; Revised: April 3, 2018

Confidential                                    DEF - 00004301

# Under (a)(20)

**General**

Work authorization pursuant to 8 CFR 274a.12(a)(20) is for those applicants with an approved Petition for Qualifying Family Member of U-1 Recipient (Form I-918, Supplement A).

In order to obtain work authorization, the beneficiary of the I-918A must file his/her own Application for Employment Authorization (Form I-765) and be present in the United States.

TECS checks are required pursuant to the TECS SOP.

If the Form I-918A remains pending, send the I-765(a)(20) receipt file to be matched up to the A- or T-file of the I-918A.

**Validity Dates**

The EAD is valid from the approval date of the I-765(a)(20) until the ending validity date of the Form I-918A.

After admission to the United States as a U nonimmigrant, the alien should submit an Application for Employment Authorization (Form I-765(a)(20)) to the VSC.

Evidence required in support of the I-765(a)(20) is:

1. A copy of the approval for U nonimmigrant classification;
2. A copy of his/her Arrival-Departure Record (Form I-94); and
3. Proper photos and signature.

Replacement EADs are given the same validity dates as the original I-765(a)(20) approval. DO NOT approve if the validity dates have expired.

**REMINDER**:  Verify the name, DOB, and sex of the applicant.

**IMPORTANT**:  If the applicant is filing for a replacement due to an error on his or her EAD or for a damaged EAD, USCIS must request that the incorrect EAD is returned prior to issuing a new EAD.

*Continued on next page*

23

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004302

# Under (a)(20), Continued

**Updating After Consular Processing**

If the U nonimmigrant consular processed, he or she must establish entry into the U.S. as a U nonimmigrant.

- A copy of the Form I-94, Arrival-Departure Record or a copy of a stamp in the passport showing entry into U nonimmigrant status is needed. You may also verify the entry in US-Visit.
- Update the COA, POE, and DOE fields in Nationals CIS with the new information.

Follow the steps below to update the card approval in CLAIMS 3:

| Step | Action |
|---|---|
| 1 | Enter the A number into CLAIMS 3 then select the appropriate I-765. |
| 2 | Verify information in CLAIMS 3 is correct. |
| 3 | Verify the Image date is "Y" or "W."  If there is a "D" in CLAIMS 3, send the file to have the missing image(s) scanned. |
| 4 | Click on the Image button to verify images are present. |
| 3 | Enter "Adjudicate a Case" or Select [F10]. |
| 4 | Choose:<br>• "Approve Case"<br>• "Approve – Order Notice"<br>• "Card Sent to Applicant" from drop down menu |
| 5 | Enter validity dates (date of approval to the original ending validity date of the I-918A in the Access database.) |
| 6 | Select:<br>• "Save"<br>• "Okay" |
| 7 | Exit from screens. |

**Replacement EADs**

If an applicant's EAD is been lost, stolen, or destroyed, an I-765 for replacement must be filed by the alien, accompanied by the proper fee or a fee waiver request.  Ensure that the proper type is checked on Form I-765 indicating that it is a replacement and that CLAIMS 3 also reflects the type of filing.

All replacement EADs will be issued with the exact validity dates as the previous EAD.  **DO NOT** approve if the validity dates have expired.

TECS checks are required pursuant to the TECS SOP.

**IMPORTANT**:  If the applicant is filing for a replacement due to an error on his or her EAD or for a damaged EAD, USCIS must request the incorrect EAD be returned prior to issuing a new card.

Confidential

DEF - 00004303

*Continued on next page*

# Under (a)(20), Continued

| | |
|---|---|
| **Replacement** | Verify that all information in CLAIMS 3 is correct.  Any request to change the name or DOB must be supported by evidence of a legal name or DOB change in the file at the time of final action. |

The applicant must have previously been granted U-2, U-3, U-4, or U-5 status via an approved Form I-918A. Evidence to establish that the applicant was previously granted U2, U-3, U-4 or U-5 status may include:

- I-918A Approval Notice
- Photocopy of lost/destroyed EAD
- History screen in the U Database showing U2, U-3, U-4, or U-5 status was approved
- COA of U2, U-3, U-4, or U-5 status in Central Index System (9101)

All replacement EADs will be granted the same validity dates as the initial EAD being replaced. DO NOT approve if the validity dates have expired.

**IMPORTANT**:  DO NOT approve if the validity dates have expired. DO request that the incorrect EAD be returned prior to issuing a replacement EAD for a damaged EAD.

| | |
|---|---|
| **Extension of Status for U-2, U-3, U-4, or U-5/A20 Eligibility** | If the applicant has filed the I-765 in order to extend his or her employment authorization, check CLAIMS 3 to determine if the applicant is still in valid U status.  If the applicant's U status has expired. Check to determine if the applicant filed an I-539 Application to Extend/Change Status. |

If an extension of status has not been filed or approved, complete an RFE, using call up 5046.  This asks the applicant to establish that he or she has previously been granted an extension of his or her U nonimmigrant status, or has a pending Application to Extend/Change Nonimmigrant Status (Form I-539) to extend status.

**NOTE:**  A principal can file an extension for the derivatives on their I-539. You may have to look at the I-918A for the principal's A number to search for an I-539.  If the I-539 is approved for the principal and the derivatives it should say "split decision" at the top of CLAIMS 3 if it is approved.  If the I-539 is pending go to Part 2, number 2.  If B is checked then there are multiple family members included in the application.

In both situations, if the application includes family members you can find out who is included by clicking the "View/Edit" button.  If the U nonimmigrant status has not expired, grant the EAD until the end of his or her U status.  Do NOT approve the I-765 if the U status has expired.

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004304

*Continued on next page*

# Under (a)(20), Continued

| | |
|---|---|
| **Requests for Evidence** | Requests for evidence (RFE) for documents such as birth certificates, <u>replacement</u> photos, evidence of a name change, etc., are updated as requests for ADDITIONAL evidence. Applicants are granted 87 days to respond.<br><br>Requests for missing photos or a signature are updated as a request for INITIAL evidence.  Applicants are granted 87 days to respond.<br><br>Complete all RFEs in ECHO. |
| **Extension of Status** | If the applicant has filed the I765 in order to extend his or her status, complete an RFE, modifying call up 5046.  This asks the applicant to establish that he or she has previously been granted an extension of his or her U nonimmigrant status, or has a pending Form I-539, Application to Extend/Change Nonimmigrant Status to extend status.<br><br>If the U nonimmigrant status has not expired, grant the EAD until the end of his or her U status.<br><br>Do NOT approve the I-765 if the U status has expired.<br><br>Follow the steps below if you receive a request to extend an I-765(a)(20). |

| Step | Action | |
|---|---|---|
| 1 | Determine if an I-485 is pending. | |
| 2 | **If the…** | **Then…** |
| | I-485 was filed prior to or concurrently with the I-765, | Stop adjudication and send the unworked I-765 to the appropriate I-765 POC to have it worked as a possible (c)(9).<br><br>**REMEMBER:** If the I-485 was filed after the I-765, USCIS cannot change the category from (a)(19) and adjudicate the case as a (c)(9). Regulation allows for a one year extension of an I-765 (a)(20). If an I-485 was received while the applicant is still in U status and is pending. The applicant does not need to file an I-539 in order to file for the I-765 EAD extension. |
| | Applicant was not in valid U status at the time the I-485 was received, | An I-539 needs to be filed.<br><br>**REMEMBER:** If an I-765 (a)(20) extension was filed, and an I-485 is pending, (receipted after the I-765), USCIS will adjudicate the I-765 (a)(20) as an extension and approve for one year minus a day. |

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential                    DEF - 00004305

# Under (a)(20), Continued

**Extension Form I-485 Pending**

Applicants who have a Receipt Notice for a Form I-485 U are eligible to apply for work authorization by filing a Form I-765(c)(9). Officers can change an EAD eligibility category in order to approve the I-765; however, they cannot change an eligibility category and deny based on the changed category.

Follow the steps below if you receive a Form I-765(a)(20), seeking an extension of EAD and there is a pending Form I-485 at the Vermont Service Center based on the T or U status.

| Step | Action |
|---|---|
| 1 | Make a screen print of the pending Form I-485 U and leave it loosely on the non-record side of the file. |
| 2 | Attach a buck slip to the I-765 file and indicate the I-765 may be approvable under the (c)(9) category.<br><br>**RESULT**:  The Customer Service or Congressional Officer will adjudicate the file based on that recommendation. If the case cannot be approved as a c9, the file will be returned to VAWA for adjudication based on the category initially requested by the applicant. |
| 3 | Forward the Form I-765 to Customer Service depending upon your site location. |

**IMPORTANT**:  The Form I-765(c)(9)s are not worked by VAWA officers and must be forwarded to Customer Service.

**Requests for Evidence**

RFEs are generated in ECHO.  Refer to VSC ECHO User Guide for specific information.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004306

# Under (a)(20), Continued

**Form Annotations – Denial**

Enter the following on the I-765, if the application is being denied:

| Step | Action |
|------|--------|
| 1 | Enter the A-number in upper left hand field. |
| 2 | Check "Application Denied." |
| 3 | Check "Failed to establish eligibility under 8 CFR 274a.12(a) or (c)." |
| 4 | Place your Denial Stamp and Signature in Action Block. |
| 5 | Print the TECS manifest. |
| 6 | Enter [Optional] any relevant information in remarks block (i.e. Principal's A-number if the application is for a derivative. |
| 7 | Enter the Denial Classification. |

**Reasons for Denial**

Deny the I-765 in the following circumstances:

- The I-918A is denied.
- No I-918A was filed (RFE for evidence of approved I-918A prior to denial)
- The approved I-918A was revoked or has expired
- Photos or signature have not been properly submitted (issue an RFE prior to denial)
- The applicant is now an LPR

**Worksheet Annotations – Denial**

You must properly route the Form I-765 to Records after the denial copy is placed in the file.

**NOTE**: Form I-765 denials are generated through.  Officers should refer to the VSC ECHO User Guide for specifics.

*Continued on next page*

28

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004307

# Under (a)(20), Continued

**Reminders**

You must:
- Annotate the A-number of the applicant on the application
- Annotate:
    – the classification on the application and the validity dates for approvals, or
    – the reason for denial ("Failed to Establish Eligibility…") for denials
- Stamp and sign the approval or denial
- Send all denials to your SISO for review prior to sending out denial letter

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004308

# Eligibility Under (c)(11)

| | |
|---|---|
| **General** | This category is for those applicants who are authorized work under the Continued Presence (CP) provisions.  Applications for work authorization filed under this category are worked by the T-visa team. |

| | |
|---|---|
| **Requirements** | To be eligible for work authorization pursuant to 8 CFR 274a.12(c)(11), the filing must be accompanied by a cover sheet from Law Enforcement Public Benefit (LEPB).<br><br>Extensions of EADs require evidence that the sponsoring agency has issued an extension of CP.  If the I-765 is filed seeking an extension of a (c)(11) EAD and no cover sheet from LEPB has been submitted, RFE for the required cover sheet, indicating that CP has been granted by the sponsoring agency. |

| | |
|---|---|
| **Replacement EAD** | If Form I-765 seeking a replacement is approved, grant the same validity given on the lost, damaged, or incorrect EAD.<br><br>**IMPORTANT**:  DO NOT approve if the validity dates have expired. DO request that the incorrect EAD be returned prior to issuing a replacement EAD for a damaged EAD. |

30

Confidential

DEF - 00004309

# Eligibility Under (c)(14) Based on I-360

**General**

Any alien granted deferred action is eligible for work authorization pursuant to 8 CFR 274a.12(c)(14).

Aliens with an approved I-360 as the battered spouse or child of a United States citizen or LPR may be eligible for deferred action if the self-petitioner is not in immigration proceedings.  Additionally, certain derivatives of such aliens may also be eligible for deferred action if the derivative is not in immigration proceedings. Refer to the *Eligibility Requirements* and *Processing I-765(c)(14) filings* portions of this section for more guidance.

**IMPORTANT**:  Officers at the Vermont Service Center (VSC) should adjudicate only those I-765s seeking work authorization under 8 CFR 274a.12(c)(14) if the deferred action was issued by the VSC.

Refer to the *Deferred Action Issued by Office Other than VSC* portion of this section for more guidance.

TECS checks are required pursuant to the TECS SOP for Adjudications.

*Continued on next page*

31

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004310

# Eligibility Under (c)(14) Based on I-360, Continued

| | |
|---|---|
| **Eligibility Requirements** | To be eligible for work authorization under 8 CFR 274a.12(c)(14), VAWA, the alien must be residing in the United States and have been granted deferred action from VSC.  In order to receive VAWA-based deferred action, the alien must meet the following criteria:<br><br>• has an approved Form I-360 or is the derivative of an approved Form I-360;<br>• is residing in the United States;<br>• is not an LPR; and<br>• is not in open immigration proceedings.<br><br>Derivative children must demonstrate that they have a qualifying relationship with the self-petitioner. The evidence of the qualifying relationship must be in the file at the time of the final decision. The evidence may include:<br><br>• Civilly registered birth certificate showing:<br>   — child's name;<br>   — date of birth;<br>   — names of both parents; and<br>   — date of birth registration.<br>• Evidence of legal name changes<br>• Other evidence to establish the qualifying relationship as required<br><br>**NOTE**:  If the derivative child has a previously approved Form I-765 under the (c)(14) classification, evidence of a qualifying relationship with the self-petitioner is not required for the second or any subsequent I-765(c)(14)s that are filed. |
| **System Checks** | All I-765s approved in the (c)(14) classification must have an A-number. You are responsible for verifying that the A-number is correct in both CLAIMS 3 and in the Central Index System in national systems.<br><br>If CLAIMS 3 checks reveal the alien currently has an EAD that will be valid for at least 120 days, refer to the section in this SOP entitled EAD Renewals. |

*Continued on next page*

32

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004311

# Eligibility Under (c)(14) Based on I-360, Continued

**Verification**

You must verify the following in CLAIMS 3 and resolve any conflicts prior to making a final decision:
- Safe address of the applicant
- Spelling of the applicant's name
- Applicant's date of birth *
- Applicant's A-number *

Most of the verifications require you to review the alien's record in the Central Index System (CIS) in national systems (9101). The full name (first, middle, and last) on the I-765 must match what is in CIS and should be the legal name. If there is any question about the legal name, review the file for identity documents (birth certificate, passport, etc.) and make any necessary changes.

*These items must be verified in CIS.

**Validity Dates**

I-360 based (c)(14) EADs are valid for a one-year period minus one day. Refer to the *(c)(14) – Wait List Process Related* section of this SOP for specific instructions regarding U-Visa Wait Listed cases.

EADs may not be back-dated or post-dated.

Replacement EADs are given the same dates as the lost, stolen or incorrect EAD.  All other I-360 based (c)(14) EADs (initial or extensions) are valid from the date of approval for a period of one year minus a day.

**IMPORTANT**:  DO NOT approve a replacement EAD if the validity dates have expired.

**Biometrics**

If a response to a request for evidence arrives or if there are photos (or a signature in the record) that have not been scanned in CLAIMS 3, you must route the file to be scanned.  Place a routing worksheet with your NFTS# on the file and check the bottom routing section to indicate the following:

1.  Data Entry for EAD Scan.  Place a #1 here.
2.  Return to ISO# (Indicate your NFTS# on the line provided).  Place a #2 here.

**NOTE**:  You must verify the information in CLAIMS 3 Adjudications by clicking the "Images" block.  You will see if the images, signature, and print are there. If no data is present, send for scanning. Check the lower right hand block labeled "Image Data" for "Ys."  If "Ds" are present, send file for scanning.

*Continued on next page*

33

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004312

# Eligibility Under (c)(14) Based on I-360, Continued

**Deferred Action Issued by Office Other than VSC**

Any request for work authorization based on deferred action issued by an office other than VSC will not be worked by VSC.

Once you determine that an office other than VSC issued the deferred action, relocate the file to the NBC using the relocate memo on the LAN. (ADJ Worksheets folder/Relocate Memo).

Follow the steps below to complete the relocate memo:

| Step | Action |
|------|--------|
| 1 | Enter the following on the relocate memo: <br>• Today's date <br>• Office file is being sent to <br>• From VSC and your NFTS # <br>• EAC # of the file being relocated |
| 2 | Check the box that states "The case is within your jurisdiction." |
| 3 | Staple the memo to the front of the file. |
| 4 | Refer to the Block entitled "CLAIMS 3 Adjudications Updating-Relocates." |

**NOTE:** The T-visa team may work those I-765s that are T-related and that come to the VSC when ICE has issued deferred action in connection with the trafficking claim. Such cases are directed to the T-visa team and usually arrive with an accompanying I-102.

*Continued on next page*

34

I-765 VAWA SOP; Revised: April 3, 2018

# Eligibility Under (c)(14) Based on I-360, Continued

**Processing I-765(c)(14) filings**

If the derivative child does not have an alien registration number (A-number), one must be created before adjudicating the Form I-765.

Occasionally adjudications will forward a VAWA I-765 file to FMU for A-file Create. The chart below outlines the relating process.

Based on the search results:

| If... | Then the contractor will... |
|---|---|
| it is determined that a viable A-number exists for the I-765 applicant (regardless of the location of the A-file), | • not create a T-file;<br>• not order the A-file;<br>• generate a screen print of 9101 and attach it to the non-record side of the receipt file;<br>• annotate the I-765 with the A-number;<br>• update CLAIMS 3 with the A-number; and<br>• route the receipt file to the WDC to be distributed to the originating officer. |
| it is determined that no viable A-number is located in CIS for the I-765 applicant, | • not physically or electronically consolidate the I-765 into the A-file;<br>• copy the I-765 and supporting documents and place the copies into the newly created A-file;<br>• keep the I-765 in the receipt file; and<br>• route the newly created A-file, together with the receipt file, to the WDC to be distributed to the originating officer. |

Follow the steps below to route the file to FMU for A-file Create:

| Step | Action |
|---|---|
| 1 | Using the blue I-765 Worksheet, check the box "Create A-file." Place a "1" next to this box. |
| 2 | Check the box "Return to ISO#" and write your NFTS code. |
| 3 | Write your cube # on the line that states "At Cube #." Place a #2 near this box. |

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

35

DEF - 00004314

# Eligibility Under (c)(14) Based on I-360, Continued

| | |
|---|---|
| **Processing I-765(c)(14) filings**, continued | If the alien has removal proceedings in his/her history, and it cannot be determined if the proceedings are open, issue an RFE requesting evidence that the proceedings have been terminated.  If the applicant is unable to provide such evidence, work authorization may still be granted under classification (c)(31) at such time his or her I-360 is approved.<br><br>If the alien has deferred action issued by an office other than VSC, and the case is not related to the T-visa program, follow the instructions provided in the *Deferred Action Issued by Office Other Than VSC* portion of this section above.  See instructions for deferred action issued in conjunction with the U Wait List and U Nonimmigrant interim relief. |
| **DAS Issuance Process** | You will determine if the alien is eligible for deferred action.  Initial grants of deferred action are valid for 15 months.  Extensions of deferred action are valid for one year minus one day, and will expire when the EAD expires.<br><br>When you have determined that an alien is eligible for deferred action and determined the validity dates of that deferred action, you must complete the DAS section of the blue I-765 worksheet.  Then, send the blue I-765 worksheet to VAWA AST to complete a DAS notice after the system updates. |

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004315

# Deferred Action

**DAS Determination**

EOIR data must be reviewed to determine if a self-petitioner is eligible for deferred action under the I-360 based (c)(14) filing requirements.

If a self-petitioner has information in EOIR, use the following chart to determine if a self-petitioner is in removal proceedings for the sake of consideration of deferred action:

| EOIR DATA | Status | Eligible for DAS? |
|---|---|---|
| No data in EOIR | Not in proceedings | Yes |
| Hearing date has not passed | In proceedings | No |
| FINAL DISP indicates TERMINATED or RELIEF GRANTED | Not in proceedings | Yes |
| EOIR data does not show a final decision yet | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |
| FINAL DISP indicates FIN VDO | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |
| FINAL DISP indicates FRO | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |
| FINAL DISP indicates NOT R/O | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |
| FINAL DISP indicates ADM FRO | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |
| Any other data in EOIR | In proceedings | Maybe – Issue RFE for evidence proceedings have been terminated |

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004316

# Routing and Updating

**Routing Worksheets Annotations – Approval**

You must complete and attach an I-765(c)(14) routing worksheet to the case file to grant or extend DAS. The worksheet directs AST to generate the proper deferred action notice.

An I-765 (c)(14) worksheet is also required to grant or extend action separate from the approval of an I-360.  **EXAMPLES:**

- A derivative child is seeking his/her first EAD following the principal's approval of deferred action
- An I-360 petitioner did not receive deferred action at the time the I-360 was approved but several months later files an I-765 because he/she has become eligible for deferred action.
- The I-360 self-petitioner or derivative child is seeking an extension of deferred action and/or an extension of work authorization.

**Completing the Routing Worksheet – Principal Applicant**

Enter the following on the I-765 (c)(14) worksheet so that AST can generate a deferred action notice for a **principal applicant**:

| Enter on the Worksheet: |
|---|
| Self-petitioner's approved I-360 EAC number. |
| Date the I-765 was filed in CLAIMS 3.<br><br>**NOTE**:  This date can be found in the Received Date box in the upper left corner in CLAIMS 3, and is also the date stamped in red on the Form I-765. |
| Enter the I-360 approval date (block marked J1A on worksheet)(date ordered approved). |
| Check "initial" or "extension" as appropriate. |
| End date of deferred action (when granting one year or less) or choose 15 months for initial grants of deferred action. |
| Check "Update CIS: COA as DAS" if it is an initial grant of DAS or if CIS does not reflect COA as DAS, check off and route the file to D6 FCU.<br><br>**NOTE**:  If the PF8 history screen in the CIS  9101 command does not reflect 384, check box under "D6 FCU," " Update CIS: COA as 384."  Place a '1' on the line next to "Update CIS:  COA as 384."  Place a '2' on the line next to "Update CIS:  COA as DAS." |

Route the file to FCU RECORDS:
- St. Albans:  SC3000
- 30RR Essex:  SM3000
- 38 RR Essex:  SK4000

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

   DEF - 00004317

# Routing and Updating, Continued

**Completing the Routing Worksheet – Derivative Applicant**

Enter the following on the I-765 (c)(14) worksheet so that AST can generate a deferred action notice for a **derivative applicant**:

| Enter on the Worksheet: |
| --- |
| Self-petitioner's approved I-360 EAC number. |
| Date the I-765 was filed in CLAIMS 3.<br><br>**NOTE**:  This date can be found in the Received Date box in the upper left corner in CLAIMS 3, and is also the date stamped in red on the Form I-765. |
| Complete the section marked J1b on Worksheet:<br>• Self-Petitioner's name<br>• Self-Petitioner's A-Number<br>• Self-Petitioner's DOB<br>• The I-360 Approval Date (date ordered approved) |
| Check "initial" or "extension" as appropriate. |
| Enter the end date of deferred action (when granting one year or less) or choose 15 months for initial grant of deferred action. |
| If needed:<br>• Check "Update CIS: COA as DAS" if it is an initial grant of DAS or if CIS does not reflect COA as DAS, then<br>• Check route to D6 FCU and forward the file as appropriate.<br><br>**NOTE**:  If the PF8 history screen in the 9101 command in CIS does not reflect 384, check box under "D6 FCU," " Update CIS:  COA as 384." Place a '1' on the line next to "Update CIS:  COA as 384."  Place a '2' on the line next to "Update CIS:  COA as DAS." |

Route the file to FCU RECORDS:
• St. Albans:  SC3000
• 30 RR Essex:  SM3000
• 38 RR Essex:  SK4000

**RFE Routing / Worksheet Annotations**

Enter your RAILS# at the top of the I-765 (c)(14) worksheet along with the EAC# or barcode.  Route the file to FCU to be shelved for the RFE response period.  Place the file on the T/O drop-off shelf in FCU.  There is no AST involvement in this ECHO RFE process.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

39

DEF - 00004318

# Routing and Updating, Continued

| | |
|---|---|
| **VAWA Workbook** | You must use the VAWA workbook for derivatives that have not applied for DAS previously and did not submit a copy of his or her parent's approval notice.<br><br>The VAWA Workbook may be found under:<br>L:\ADJ\AST\VAWA\VAWAWorkbook.xls<br><br>If a derivative files for an I-765(c)(14) and does not provide a copy of his or her approval notice, you must check the VAWA Workbook prior to issuing an RFE.  Search the workbook by the principal's A-number or receipt number of the Form I-360.<br><br>**REMEMBER:**  If the derivative is filing for deferred action for the first time, he or she may not yet have an A-number. |
| **Reasons for Denial** | I-765s related to deferred action are denied for the following reasons:<br><br>• I-360 has been denied or revoked;<br>• Applicant is an LPR; and/or<br>• Applicant is residing outside the United States.<br><br>**NOTE**:  An applicant who is in open removal proceedings and whose I-360 has been approved may still be granted an EAD under classification (c)(31).<br><br>Denials are issued using ECHO.  Refer to the VSC ECHO User Guide for specific information.<br><br>**NOTE:**  If the applicant's I-360 is pending, do not deny the I-765.  Route the file to the appropriate pending shelf to await a decision on the I-360.  See your SISO with questions. |
| **Worksheet Annotations – Denial** | All Denials have to receive SISO review and sign-off. You must properly route the Form I-765 to Records after the denial copy is placed in the file.<br><br>**NOTE**:  Form I-765 denials are generated through ECHO. Officers should refer to the VSC ECHO User Guide for specifics. |

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

# (c)(14) – Interim Relief Related

| | |
|---|---|
| **General** | Aliens who received an approval in the U Nonimmigrant Interim Relief program were granted deferred action and are eligible for work authorization under this category. |
| | The Interim Relief program was closed to new applicants on October 17, 2007.  An applicant previously granted DAS based upon Interim Relief may be granted an extension if he or she has filed a Petition for U Nonimmigrant Status (Form I-918) and the case is still pending. |
| | TECS checks are required pursuant to the TECS SOP. |
| **Eligibility Requirements** | To be eligible for work authorization under 8 CFR 274a.12(c)(14) based on Interim Relief, the alien must have been granted deferred action under INA 101(a)(15)(U). |
| | **NOTE**:  If the corresponding I-918/I-918A remains pending, send the I-765 to be matched up with the pending I-918/I-918A.  Use a Routing and Transmittal Slip and indicate that the I-765 is to be matched up with the A or T file with the pending I-918/I-918A. |
| **Verification** | You must verify the accuracy of the following information regarding the applicant and resolve any conflicts prior making a final decision: |

- Safe address
- Name
- Date of Birth
- A-number
- Gender

You must verify the above by reviewing the alien's record in the Central Index System (CIS) in national systems.   The full name (first, middle, and last) on the I-765 must match what is in CIS and should be the legal name. If there is any question about the legal name, review the file for identity documents (birth certificate, passport, etc.) and make any necessary changes.

*Continued on next page*

41

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004320

# (c)(14) – Interim Relief Related, Continued

**DAS Issuance Process**

Follow the steps below to determine if an applicant is eligible for an extension of Deferred Action based on Interim Relief (IR).

| Step | Action |
|------|--------|
| 1 | Review the case file, USICS electronic records and EARM. |
| | <table><tr><td>**If the applicant….**</td><td>**Then….**</td></tr><tr><td>Has had DAS terminated,</td><td>Deny the I-765.</td></tr><tr><td>Has been placed in removal proceedings since the last issuance of DAS,</td><td>Route the file to the Final Removal Order (FRO) Hold Shelf.</td></tr><tr><td>Has filed a Petition for Nonimmigrant Status (Form I-918),</td><td>Go to Step 2.</td></tr></table> |
| 2 | Review the file and electronic records to determine the status of the Form I-918. |
| | <table><tr><td>**If the Form I-918…**</td><td>**Then….**</td></tr><tr><td>Is pending, and the applicant was granted IR,</td><td>Approve the I-765.</td></tr><tr><td>Is pending, and you cannot establish that the applicant was granted IR,</td><td>RFE for proof of DAS.</td></tr><tr><td>Was denied,</td><td>Go to Step 3.</td></tr></table> |
| 3 | Review the file and electronic records to determine if a motion or appeal has been filed regarding the denied Form I-918. |
| | <table><tr><td>**If a Motion or Appeal…**</td><td>**Then….**</td></tr><tr><td>Has not been filed,</td><td>Deny the I-765.</td></tr><tr><td>Is pending, and the applicant was previously granted IR,</td><td>Approve the I-765.</td></tr><tr><td>Was denied,</td><td>Deny the I-765.</td></tr></table> |

**Routing Worksheet Annotations**

There is no worksheet for AST when extending deferred action for interim relief purposes. You must update both the ORACLE database and CLAIMS 3, to generate the Deferred Action Notice and produce the EAD.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

42

DEF - 00004321

# (c)(14) – Interim Relief Related, Continued

**Reasons for Denial**

An I-765 (c)(14) is denied for the following reasons:

- I-918 has been approved, denied, or revoked.
- Applicant is not eligible for deferred action.
- The I-765 was not properly filed (photos, signature, etc.). You must RFE prior to denial.
- Applicant is now an LPR.

Denials are issued using ECHO.  See the VSC ECHO User Guide for specifics.

43

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004322

# (c)(14) – A3 or G5 Nonimmigrant Related

| | |
|---|---|
| **General** | This eligibility category is for those applicants who are authorized to work under the provisions of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008.

Applicants who entered as an A-3 or G-5 nonimmigrant may be granted deferred action on a case-by-case basis in order to resolve pending litigation regarding a violation of the terms of their employment contract, conditions related to human trafficking, and similar violations.

Applications for work authorization filed under this category are worked by the T-visa team.

TECS checks are required pursuant to the TECS SOP. |
| **Eligibility Requirements** | To be eligible for work authorization under 8 CFR 274a.12(c)(14), an A-3 or G-5 nonimmigrant must submit:

- A cover letter requesting deferred action and outlining the violation of the terms of their employment contract or conditions and the ongoing civil action;
- An Application for Employment Authorization, Form I-765;
- Proof of legal entry into the U.S. in A-3 or G-5 nonimmigrant status (this requirement can also be met through confirmation in SQ94); and
- A copy of the civil complaint filed in court

**IMPORTANT**: If the applicant is seeking an extension of status, he or she must establish that the civil complaint was still active at the time of filing. |
| **Systems Checks** | All I-765s approved in the (c)(14) classification must have an A-number assigned. You are responsible for verifying that the A-number is correct in both CLAIMS 3 and in the Central Index System (CIS) in National Systems. If CLAIMS 3 checks reveal the alien currently has an EAD that will be valid for at least 120 days, refer to Section in this SOP entitled EAD Renewals. |

*Continued on next page*

Confidential          DEF - 00004323

# (c)(14) – A3 or G5 Nonimmigrant Related, Continued

**Verification**

You must verify the following in CLAIMS 3 and CIS. Any conflicts must be resolved prior to making a final decision:

- Safe address of the applicant
- Spelling of the applicant's name
- Applicant's date of birth *
- Applicant's A-number *

Most of the verifications require you to review the alien's record in CIS in National Systems (9101). The full name (first, middle, and last) on the I-765 must match what is in CIS and should be the legal name. If there is any question about the legal name, review the file for identity documents (birth certificate, passport, etc.) and make any necessary changes.

*These items must be verified in CIS.

**Validity Dates**

EADs are valid for a period of one year minus one day.  EADs may not be back-dated or post-dated.

If an applicant's EAD was lost, stolen, or destroyed, a replacement EAD must be filed by the alien, accompanied by the proper fee or a fee waiver request. Ensure that the proper filing type is checked on the Form I-765 indicating that it is a replacement and that CLAIMS 3 also reflects the type of filing.

Replacement cards are given the same dates as the returned, lost, stolen or destroyed EAD.  Initials or extensions are valid from the date of approval for a period of one year minus a day.

**Photos or Signature but Not Scanned**

If a response to a request for evidence arrives or if there are photos (or a signature in the record) that have not been scanned in CLAIMS 3, you must route the file to be scanned.  Place a routing worksheet with your NFTS# on the file and check the bottom routing section to indicate the following:

1. Data Entry for EAD Scan
2. Return to ISO# (Indicate your NFTS# on the line provided)

**NOTE**:  You can verify the information in CLAIMS 3 by going into CLAIMS 3 and clicking the "Images" block.  You will see if the images, signature, photo and fingerprint are there. If no data is present, send for scanning. You can also check the lower right hand block labeled "Image Data" for "Ys."  If "Ds" are present, send file for scanning.

*Continued on next page*

45

Confidential

# (c)(14) – A3 or G5 Nonimmigrant Related, Continued

**Routing Worksheet Annotations – Approval**

You must complete and attach an I-914 T Worksheet to the file to grant or extend DAS. The worksheet directs AST to generate the proper deferred action notice.

**RFE Routing / Worksheet Annotations**

Enter your RAILS# at the top of the I-914 T Worksheet along with the EAC# or barcode. Route the file to FCU to be shelved for the RFE response period. Place the file on the RFE drop-off shelf in FCU. There is no AST involvement in this ECHO RFE process.

**NOTE**: Send the file to FCU. NFTS per location:
- St. Albans: SC3000
- 30 RR Essex: SM3000
- 38 RR Essex: SK4000

**Reasons for Denial**

I-765s related to A-3 and G-3 are denied for the following reasons:

- Cover letter requesting deferred action and outlining the violation of the terms of their employment contract or conditions and the ongoing civil action was not submitted
- Applicant does not submit proof of legal entry into the U.S. in A-3 or G-5 nonimmigrant status
- Applicant does not submit copy of the civil complaint filed in court

Denials are normally issued using ECHO.

**Worksheet Annotations – Denial**

You must properly route the Form I-765 to Records after the denial copy is placed in the file.

**NOTE**: Form I-765 denials are generated through ECHO.

46

I-765 VAWA SOP; Revised: April 3, 2018

DEF - 00004325

# (c)(14) – Wait List Process Related

**General**

If more than 10,000 approvable Petition for U Nonimmigrant Status (Form I-918) are filed in a fiscal year, all cases determined to be approvable after reaching the cap will be placed on a waiting list until the beginning of the next fiscal year. These aliens are eligible for work authorization pursuant to 8 CFR 274a.12(c)(14).

All petitioners placed on the U Wait List, who are residing in the United States, are granted deferred action – **even those who are in immigration proceedings.** The applicant must be in the United States to receive deferred action.

If a petitioner was removed from the Wait List, but the Form I-918 petition has not been denied, he or she remains in deferred action and remains eligible to file an I-765 (c)(14). The action of removing the petitioner from the waitlist and issuing an RFE/NOID does not remove the subject from deferred action.

**REMINDER**: TECS checks are required pursuant to the TECS SOP

**Aliens Inside the United States**

Applicants must be in the United States to be eligible for an EAD.

If an alien was outside the United States when his or her I-918 was placed on the Wait List, evidence of their entry into the United States must be submitted.

**Eligibility**

Verify that all information in CLAIMS 3 is correct. Any change in the name or DOB must be documented in the case file.

Evidence to establish that the applicant is on the Wait List may include:

- Copy of the Wait List Notice submitted with Form I-765
- History Update in CLAIMS 3 of:
    - Wait List Notice Ordered With DAS
    - Wait List Notice Sent

All cards are issued validity dates for a period of two years minus one day.

All replacement EADs will be given the same dates as the initial EAD being replaced. DO NOT approve if the validity dates have expired.

**IMPORTANT**: You must request the incorrect EAD prior to issuing a new EAD.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004326

48

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004327

# (c)(14) – Wait List Process Related, Continued

| | |
|---|---|
| **Requests for Evidence** | Requests for evidence (RFE) such as birth certificates, replacement photos, evidence of a name change, etc., are updated as requests for additional evidence.  Applicants are granted 87 days to respond.<br><br>Requests for missing photos or a signature are updated as a request for INITIAL evidence.  Applicants are granted 87 days to respond.<br><br>**IMPORTANT**:  The (c)(14) RFEs are completed and sent in ECHO. |
| **Reasons for Denial** | An application for an initial EAD or a replacement EAD will be denied in the following circumstances:<br><br>• The I-918 was previously approved and a EAD was issued under (a)(19)<br>• The I-918 was denied or revoked<br>• No I-918 was filed<br>• The applicant is now an LPR |
| **Deferred Action for T-Visas** | Some alien victims of human trafficking are granted deferred action.  Cases involving grants of deferred action based upon human trafficking must be forwarded to the VSC T-visa team for adjudication. |

49

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004328

# (a)(19), (a)(20) and (c)(14) Conversions

| | |
|---|---|
| **Principal Files (a)(19)** | If the principal files an (a)(19), change the classification to (c)(14) if:<br>• the case is being or has been Wait Listed,<br>• if it is an approvable filing, and<br>• another (c)(14) has NOT been filed.<br><br>**NOTE**: If the (c)(14) has already been approved and they are still in a valid status, send the file to be matched with the I-918. |
| **Derivative Files (a)(20)** | If the derivative files an (a)(20), change the classification to (c)(14) if:<br>• the case is being or has been Wait Listed,<br>• if it is an approvable filing, and<br>• another (c)(14) has NOT been filed.<br><br>**NOTE**: If the (c)(14) has already been approved and they are still in a valid status, send the file to be matched with the I-918. |
| **Applicant Files (c)(14)** | If the applicant files a (c)(14), change the classification to (a)(20) if:<br>• the underlying I-918A has been approved;<br>• it is an approvable filing, and<br>• another (a)(20) has not been filed. |
| **Subsequent (c)(14) Filed** | Send the file to be matched up with the A-file if a subsequent (c)(14) has been filed after the Wait List and the conversion of (a)(19)/(a)(20) to (c)(14). |
| **Only Change Classification to Approve** | **IMPORTANT**: Never change a classification unless you can approve it as such.<br><br>If you are going to RFE or deny the case, it can only be done under the original classification that is listed on the application by the applicant. |

50

I-765 VAWA SOP; Revised: April 3, 2018

   DEF - 00004329

# Eligibility Under (c)(25)

| | |
|---|---|
| **General** | This work authorization category is reserved for the derivative family members of T-1 visa recipients.  Those individuals with an approved Application for Immediate Family Member of T-1 Recipient (Form I-914 Supplement A) may receive work authorization under this category by filing the Application for Employment Authorization (Form I-765).

TECS checks are required pursuant to the TECS SOP. |
| **Validity Dates** | The EAD is generally given the validity dates assigned to the approved I-914A.  If the alien consular processed, the EAD validity dates will match those of the visa. Replacement EADs are given the same validity dates as the I-765 being replaced.

DO NOT approve a replacement EAD if the validity dates have expired. |
| **Responsibility** | Only officers certified in the adjudication of the I-914 may adjudicate an I-765 seeking work authorization under this classification.  See the I-914 SOP for further information. |

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004330

# Eligibility Under (c)(31)

| | |
|---|---|
| **General** | Any alien with an approved Form I-360, Petition for Amerasian, Widow(er) or Special Immigrant as the battered spouse or child or the derivative child of the approved self-petitioner of a United States citizen or lawful permanent resident is eligible for work authorization pursuant to 8 CFR 274a.12(c)(31). |

**Requirements**

The alien must demonstrate that he or she has an approved Form I-360 as the battered spouse or child or a derivative child of the approved self-petitioner of a United States citizen or lawful permanent resident.

Derivative children must demonstrate that they have a qualifying relationship with the self-petitioner. The evidence must include:

1.    Civilly registered birth certificate showing
       (a) child's name;
       (b) date of birth;
       (c) names of both parents;
       (d) date of birth registration.
2.    Evidence of legal name changes
3.    Other evidence to establish the qualifying relationship as required

**NOTES**:
1.    If the derivative child has a previously approved Form I-765 under (c)(31), evidence of a qualifying relationship with the self-petitioner is not required for the second or any subsequent I-765(c)(31)s that are filed.
2.    If the derivative child does not have an alien registration number then one must be created before adjudicating the Form I-765.

If the corresponding I-360 remains pending, do not deny the I-765. Route the file to the appropriate pending shelf to await a decision on the I-360. See your SISO with questions.

**Routing Worksheet Annotations**

There is no separate notice generated by AST with the approval of the (c)(31) category. All final decisions are routed to records.

**Validity Period**

Approvals are valid from the date the I-765 is approved, for a period of one year minus a day.

*Continued on next page*

52

Confidential                              DEF - 00004331

# Eligibility Under (c)(31), Continued

| | |
|---|---|
| **RFEs** | RFEs are generated in ECHO.  Refer to the VSC ECHO User Guide for specific information.<br><br>RFE if the photos or signature are missing. |
| **RFE Routing / Worksheet Annotations** | Enter your NFTS# at the top of the worksheet along with the EAC# or barcode.  Route the file to FCU to be shelved for the RFE response period.  Place the file on the T/O drop-off shelf in FCU.  There is no AST involvement in this process.<br><br>**NOTE**:  Send the file to FCU:<br>• St. Albans:  SC3000<br>• 30RR Essex:  SM3000<br>• 38 RR Essex:  SK4000 |
| **Reasons for Denial** | The I-765 is denied for the following reasons:<br><br>• Alien is not eligible for (c)(31),<br>• I-765 was not properly filed, i.e. no photos or signature (RFE prior to denial), or<br>• Applicant is now an LPR.<br><br>**NOTE:**  If the applicant's I-360 is pending, do not deny the I-765.  Route the file to the appropriate pending shelf to await a decision on the I-360.  See your SISO with questions.<br><br>Denials are normally issued using ECHO.  See the ECHO User Guide for specific information. |

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

# Withdrawals

**Who May Request a Withdrawal?**

A withdrawal may only be granted based upon a request by the applicant or his or her authorized representative.

**USCIS Acknowledgement of the Withdrawal**

USCIS acknowledges the receipt of a request for withdrawal using the G-1 Withdrawal Letter. The G-1 letter informs the applicant that the withdrawal of the case is a final action for which there are no appeal or motion rights.

If an applicant has requested a withdrawal, USCIS may not issue a denial for cause. Applicants cannot appeal or file a motion regarding a USCIS withdrawal acknowledgement

**REFERENCE:** *Motions & Appeals SOP, 8 CFR 103.2(b)(15), and 8 CFR 103.2(b)(6).*

**CLAIMS 3 Update – Withdrawal**

Follow the steps below to process a withdrawal:

| Step | Action |
|------|--------|
| 1 | Access CLAIMS 3 Adjudication. |
| 2 | Select:<br>• "Adjudicate" (from the top menu)<br>• "Data Entry" |
| 3 | Type or Wand the receipt number. |
| 4 | Press F10 and Select:<br>• "Deny the Case"<br>• "Order Withdrawal Acknowledgement Notice"<br>**NOTE:** There is no Supervisory Hold on withdrawals. |
| 5 | Prepare the G1 Withdrawal letter in CG. |
| 6 | Place a withdrawal label in the Action Block of the I-765.<br><br>**NOTE:** The template for withdrawal labels is located in MSWord, Additional Resources, and ADJ Worksheets. To print the labels, double-click on the "Withdrawal labels" document, and print on clear mailing label #5660. |
| 7 | Enter the following in the Action Block and on the I-765:<br>• Your NFTS#<br>• Date of Adjudication |
| 8 | Place the M-175 Cover Sheet for Record of Proceeding on top of the withdrawal acknowledgement letter. |
| 9 | Route file to FCU, Records. |

54

I-765 VAWA SOP; Revised: April 3, 2018

DEF - 00004333

# Approval Annotations and Updating

**Form Annotations – Approval**

Enter the following information on the Form I-765 if the application is being approved:

| Step | Action |
|------|--------|
| 1 | Enter the A-number in upper left hand field. |
| 2 | Check "Application Approved." |
| 3 | Circle appropriate card type: <br>• Initial card in that classification  = "Employment Authorized" <br>• Extended = "Extension of Work Authorization" <br>• Replacement = Replace a lost, stolen or damaged card |
| 4 | Enter the Validity Dates. |
| 5 | Stamp your Approval Stamp and Signature in Action Block. |
| 6 | Print out the TECS manifest. |
| 7 | Enter [Optional] any relevant information in remarks block (i.e. Principal's A-Number if application is for a derivative. |
| 8 | Enter the Approval Classification. |

**CLAIMS 3 Updating Approvals**

Follow the steps below to update an approval in CLAIMS 3:

| Step | Action |
|------|--------|
| 1 | Enter the A number into CLAIMS 3 then select the appropriate I-765. |
| 2 | Verify information in CLAIMS 3 is correct. |
| 3 | Verify the Image data is "Y" or "W."  If there is a "D" route the file to have the missing image(s) scanned. |
| 4 | Click on the Image button to ensure images are present and accurate. |
| 3 | Enter "Adjudicate a Case" or Select [F10]. |
| 5 | Choose: <br>• "Approve Case" <br>• "Approve – Order Notice" <br>• "Card Sent to Applicant" from drop down menu |
| 6 | Enter validity dates |
| 7 | Select: <br>• "Save" <br>• "Okay" |
| 8 | Exit from screens |
| 9 | Stamp and sign the approval. |

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

DEF - 00004334

# RFE Updating

**Requests for Evidence**

RFEs are generated in ECHO.  Refer to the VSC ECHO User Guide for specific information.

**RFE Updating in CLAIMS 3**

Follow the steps below to order an RFE in CLAIMS 3:

| Step | Action |
|------|--------|
| 1 | Enter the A# into CLAIMS 3 then select the appropriate I-765 |
| 2 | Verify information in CLAIMS 3 is correct |
| 3 | Enter "Adjudicate a Case" or Select [F10] |
| 4 | Choose:<br>• "Case Review"<br>• "Place in Suspense"<br>• "Initial" or Additional Evidence Ordered" |
| 5 | Exit from screens |

56

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004335

# Denial Annotations and Updating

**Form Annotations – Denials**

Do not make any annotations until your SISO has concurred with your decision to deny.

Enter the following information on the I-765 if the application is being denied:

| Step | Action |
|------|--------|
| 1 | Enter the A-number in upper left hand field. |
| 2 | Check "Application Denied." |
| 3 | Check "Failed to establish eligibility under 8 CFR 274a.12(a) or (c)." |
| 4 | Stamp your Denial Stamp and Signature in Action Block. |
| 5 | Enter [Optional] any relevant information in the remarks block (i.e. Principal's A-number if application is for a derivative). |

**CLAIMS 3 Updating – Denials**

Once your SISO concurs with your denial and signs off, follow the steps below to deny an EAD in CLAIMS 3:

| Step | Action |
|------|--------|
| 1 | Send the file to your SISO for sign-off. |
| 2 | Enter the A number into CLAIMS 3 then select the appropriate I-765. |
| 3 | Verify information in CLAIMS 3 is correct. |
| 4 | Enter "Adjudicate a Case" or press [F10]. |
| 5 | Choose:<br>• "Deny the Case"<br>• "Order Denial Notice" or "Order Abandonment Denial" |
| 6 | Select "Okay." |
| 7 | Remove Supervisory Hold. |
| 8 | Exit from screens. |

57

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004336

# Relocate Updating

**CLAIMS 3 Adjudication Updating – Relocates**

Follow the steps below to update a relocated I-765 in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter the A number into CLAIMS 3 then select the appropriate I-765. |
| 2 | Verify information in CLAIMS 3 is correct. |
| 3 | Enter "Options" or press [F7]. |
| 4 | Select "Case Management – Relocate Out." |
| 5 | Enter correct location code. |
| 6 | Select:<br>• "Save"<br>• "Okay" |
| 7 | Exit from screens. |
| 8 | Send file to FCU. |

58

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004337

# Record of Proceeding (ROP)

**ROP for TECS and Non-TECS Resolutions**

Place the TECS and Non-TECS resolution documents on the non-record side of the file as follows:

1.   Resolution Memo
2.   ROIT
3.   TECS Manifest
4.   Non-TECS Referral Sheet

**ROP for Approvals**

When an application has been approved, evidence will remain in chronological order. Evidence received in response to a request for evidence must never be incorporated into the original submission of evidence.  Each petition must be able to stand on its own ROP.

The ROP order for approvals is:

- 384 IIRIRA Warning Sheet
- Pre-Screening/Safe Address Sheet
- G-28
- Application
- Anything else*
- I-797 RFE notice(s), in chronological order, with accompanying evidence**

\***NOTE**:  All envelopes must be kept at the back of each petition/correspondence packet with which they were received.

\*\***NOTE**:  A complete copy of the I-797 RFE notice must remain in the file. If the applicant has not returned the complete notice, replace those remaining pages with the file copy of the RFE. Notices must show the date the notice was returned to the VSC. Do not discard these date stamped pages.

*Continued on next page*

# Record of Proceeding (ROP), Continued

**ROP for Denials**

Denials must be supported by the sequence of events. Once an application has been denied, documents must remain in chronological order. Each application must be able to stand on its own record of proceeding.

The ROP order for Denials is:

- M-175 Pink Cover Sheet
- 384 IIRIRA Warning Sheet
- Pre-Screening/Safe Address Sheet
- G-28
- Denial letter
- "No Response" I-797 RFE Notice, regardless of whether or not it is an initial RFE or a subsequent RFE
- Application
- Anything else*
- I-797 RFE notice(s), in chronological order, with accompanying evidence**

*NOTE:  All envelopes must be kept at the back of each petition/correspondence packet with which they were received.

**NOTE:  A complete copy of the I-797 RFE notice must remain in the file. If the applicant has not returned the complete notice, replace those remaining pages with the file copy of the RFE. Notices must show the date the notice was received back into the VSC. Do not discard these date stamped pages.

*Continued on next page*

I-765 VAWA SOP; Revised:  April 3, 2018

Confidential

# Record of Proceeding (ROP), Continued

**ROP for Withdrawals**

The ROP order for Withdrawals is:

- M-175 Pink Cover Sheet
- 384 IIRIRA Warning Sheet
- Pre-Screening/Safe Address Sheet
- G1 Withdrawal letter
- Withdrawal request of the petitioner or authorized representative
- G-28
- Application
- Anything else*
- I-797 RFE notice(s), in chronological order, with accompanying evidence**

*NOTE:  All envelopes must be kept at the back of each petition/correspondence packet with which they were received.

**NOTE:  A complete copy of the I-797 RFE notice must remain in the file. If the applicant has not returned the complete notice, replace those remaining pages with the file copy of the RFE. Notices must show the date the notice was received back into the VSC.  Do not discard these date stamped pages.

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004340

# Revisions

**Summary of Revisions**

The list below summarizes revisions made to this document. The KM# column identifies the Knowledge Management change request number associated with the revision. Revisions made prior to the earliest date shown are stored in VSC CTU archives.

| Revision # | Date | Description | KM# |
|---|---|---|---|
| 17 | 3/23/15 | Corrected NFTS Routing codes for Essex | 2575 |
| -- | -- | Changed validity period for Wait List I-765(c)(14)s to 2 years. | 2605 |
| -- | -- | Indicated the I-765(c)(14) Wait List correspondence is done in CG not Word or ECHO | 2605 |
| 18 | 11/17/15 | Removed guidance to hold I-765s where prior EAD is valid for the next 120-180 days. | 3173 |
| -- | -- | Edited Validity Date section under (a)(20) classification | 3174 |
| 19 | 1/29/16 | Correspondence is completed in CG, not MSWord | 3240 |
| -- | 1/29/16 | Replaced HAVEN with GUI reference. | 3240 |
| 20 | 3/4/16 | Updated instructions for (a)(19)/(a)(20) conversions to (c)(14). | 3390 |
| 21 | 3/28/16 | Added instruction for extension of status for U1/(a)(19) eligibility | 3455 |
| -- | -- | Added instruction for extension of status for U1, U2, U3, U4 or U5/A20 eligibility | -- |
| 22 | 7/1/16 | Updated routing instructions | 3707 |
| 23 | 8/8/16 | Added steps for handling requests to extend I-765(a)(19)s. | 3793 |
| 24 | 9/7/16 | Added note about removing petitioners from Wait List but not from deferred action. | 3857 |
| 25 | 9/23/16 | Updated EAD renewal instruction to include validity period. | 3885 |
| -- | -- | Updated validity dates with (c)(14) specific guidance. | -- |
| -- | -- | For (a)(19) filings, updated general information, replacement card instructions and guidance for aliens outside the U.S. | -- |
| -- | -- | For (a)(19) 765 filings, updated the validity dates information for process instructions and updating instructions after consular processing. | -- |
| -- | -- | Updated reasons for denial for Eligibility under (a)(19). | -- |

*Continued on next page*

62

I-765 VAWA SOP; Revised: April 3, 2018

# Revisions, Continued

**Summary of
Revisions,**
continued

| Revision # | Date | Description | KM# |
|---|---|---|---|
| 25 | 9/23/16 | Removed names, NFTS codes and drop locations for I-765(c)(9) conversions. | 3885 |
| -- | -- | For (a)(20) filings, updated general information and validity date instructions. | -- |
| -- | -- | Updated SQ94 to US-Visit and replacement EAD section under (a)(20) filings. | -- |
| -- | -- | Updated general information and renamed section to Eligibility Under (c)(14) Based on I-360. | -- |
| -- | -- | Updated I-360 based (c)(14) Validity date section | -- |
| -- | -- | Clarified that EOIR data must be reviewed for I-360(c)(14) deferred action. | -- |
| -- | -- | Added instructions for checking the VAWA Workbook for (c)(14) derivative applicants. | -- |
| -- | -- | Updated validity date instructions for A3 and G5 related (c)(14)s. | -- |
| -- | -- | Clarified (a)(19) and (a)(20) conversion requirement for I-918 applicants that are to be Wait Listed or are approvable. | -- |
| -- | -- | Provided instructions to deny the I-765 for (c)(31) cases where the corresponding I-360 remains pending. | -- |
| -- | -- | Added instructions for checking the VAWA Workbook for I-360 based (c)(14) filings. | -- |
| -- | -- | Revised steps for updating relocated I-765s in GUI. | -- |
| 26 | 10/6/16 | Revised requirement to update CIS when the name on the Form I-765 does not appear in CIS. | 3890 |
| 27 | 2/8/17 | Created a note related to EAD renewals that early filed I-765s no longer require an RFE regarding explanation for early filing. | 221 |
| 28 | 2/23/17 | Added information to clarify *Electronic Updating* regarding the legal name and DOB | 251 |

*Continued on next page*

I-765 VAWA SOP; Revised: April 3, 2018

Confidential          DEF - 00004342

# Revisions, Continued

**Summary of Revisions**, continued

| Revision # | Date | Description | KM# |
|---|---|---|---|
| 28 | 2/23/17 | Edited Required Documentation section for filing an I-765 related to previous EADs or other government-issued identity document. | 257 |
| -- | -- | Clarified instructions for EAD renewals and Replacement Card applications related to validity dates. | -- |
| -- | -- | Removed U related (c)(14) information from section on Eligibility Under (c)(14) Based on I-360 | 261 |
| -- | -- | Added note regarding deferred action for applicants waitlisted in the section on Wait List Process Related (c)(14) filings. | -- |
| -- | -- | Added note related to deferred action for T Visa Applicants. | -- |
| 29 | 4/10/17 | Updated Denial annotation and updating instructions. | 316 |
| 30 | 4/17/17 | Updated replacement EAD instructions related to (a)(19) EADS. | 319 |
| 31 | 5/23/17 | Added instruction for stopping card production and reference to the GUI Adjudication Updating Guide. | 350 |
| 32 | 6/7/17 | Added processing steps for (a)(20) extension requests. | 364 |
| -- | -- | Added guidance for (c)(14) conversions. | 363 |
| 33 | 7/14/17 | Revised ROP order | 377 |
| 34 | 7/19/17 | Updated denial guidance for when I-360 is pending. | 422 |
| 35 | 9/6/17 | Added list of required systems checks. | 456 |
| -- | -- | Clarified when RFE must be sent for government-issued identity documents. | 462 |
| -- | -- | Clarified that RFEs must be issued before denial in most cases. | 465 |
| -- | -- | Replaced GUI references with CLAIMS 3 due to C3 LAN modernization in August 2017. | -- |
| 36 | 1/25/18 | Revised instructions regarding (c)(31) filed when an I-360 is still pending. | 703 |
| -- | -- | Changed references from CG to ECHO. | -- |
| 37 | 1/25/18 | Revised information regarding the removal of an I-918 from the Wait List not affecting DAS. | 704 |

*Continued on next page*

64

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004343

# Revisions, Continued

**Summary of**
**Revisions,**
continued

| Revision # | Date | Description | KM# |
|---|---|---|---|
| 38 | 1/30/18 | Revised information within the *Processing I-765(c)(14) filings* section. | 719 |
| 39 | 4/3/18 | Updated instructions for sending RFEs and Denials | 939 |

65

I-765 VAWA SOP; Revised:  April 3, 2018

DEF - 00004344

# DEF-INTERV.
# EX. 162



U.S. Citizenship and Immigration Services

# Overview
# *Form I-918 Training*



**Vermont Service Center**
**Humanitarian Division**

# Welcome and Introduction



- Introductions
- Training Outline and Coaching
- Ground Rules
  - You must work on-site until you are certified.
  - Use your computers to access training materials.  Save emailing for the breaks.
  - Turn off your cell phones.
  - Follow operating agreements.

# NOVA







# VSC Training Materials



- This presentation:

    - Is solely to be used as a training aide; and

    - Does not supersede laws, regulations, standard operating procedures (SOP), policies, or local guidance.

- Use electronic resources.

- Refer to the appropriate SOP.

- Consult with  your coach, ISO3, and SISO.

# U Nonimmigrant Status Training



Form I-918 Training

# Objectives & Course Outline


U.S. Citizenship and Immigration Services

History and Background of Form I-918

Section 384 & Safe Address

Definitions

I-918, Supplement B

Eligibility Requirements

Qualifying Family Members

Documentary Requirements

Validity Dates

Inadmissibility and Waivers (Form I-192)

Referrals

RFE/Order Basics

CLAIMS 3 updating

# History and Background of the U Nonimmigrant



# Background



- Immigrants can be particularly vulnerable to crimes like human trafficking, domestic violence, and child abuse.

- They often face language barriers, separation from family and friends, lack of understanding of U.S. laws, fear of deportation, fear of law enforcement, and cultural differences.

- Congress created several forms of immigration relief that are available to aliens who are victims.

- One of these forms of relief is the U nonimmigrant category.

# Legislation and Purpose



| October 28, 2000: | Nonimmigrant classification created to: | Provides: |
|---|---|---|
| • Section 1513 of Title V of the Battered Immigrant Women Protection Act (BIWPA) of the Victims of Trafficking and Violence Protection of 2000 (VTVPA), Pub L. 106-386. | • Strengthen ability of law enforcement to detect, investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes; and<br>• Facilitate reporting of crimes by trafficked, exploited, victimized and abused aliens who are not in lawful immigration status. | • Temporary status to aliens severely victimized by criminal activity. |

# Interim Relief



- October 2003:  Centralized at VSC.

- Deferred action (and work authorization) for those who presented prima facie case.

- Applied via cover letter or an I-765.

- Needed some ID documents, documentation to serve as a law enforcement certification, and evidence of claims.

# Timeline



| August 2001 | October 2003 | October 2007 | June 2008 | July 2010 | January 2011 | September 2015 |
|---|---|---|---|---|---|---|
| Interim Relief (IR) available – no formal process | VSC given sole jurisdiction over IR<br><br>October 17, 2003 – October 17, 2007 | U regulation published | First U approvals issued at VSC<br><br>Processed in Access database | First cap met | HAVEN deployed – replaced Access database | GUI (CLAIMS 3) processing replaced HAVEN |

# U Visa Overview



- Self-petitioning

- Alien can file from outside U.S.

- May be approved for up to 4 years

- Principals can file for qualifying family members at same time as self-petition, while I-918 is pending or after I-918 is approved

- Provides employment authorization for duration of status

- May apply for adjustment after 3 years in U nonimmigrant status

- Annual cap of 10,000 U nonimmigrant visas - principals only

# SOP Reading Assignment



Read the following sections
of the I-918 SOP:

- Overview of U Visa
- General Adjudication
  Information
- Filing Requirements



# Definitions
# 8 CFR § 214.14(a)



# Definitions



- <u>Physical or Mental Abuse</u>:  Injury or harm to the victim's physical person, or harm to or impairment of  the emotional or psychological soundness of the victim.

- <u>Investigation or Prosecution</u>:  The detection or investigation of a qualifying crime or criminal activity.  Also refers to the  prosecution, conviction or sentencing of the perpetrator of the qualifying criminal activity.

- <u>Qualifying Crime or Qualifying Criminal Activity</u>:  One or more of the acts cited at 8 CFR § 214.14(a)(9) [INA § 101(a)(15)(U)(iii)].  Includes the attempt, conspiracy, or solicitation to commit such activity.

- <u>Interim Relief</u>:  Benefits provided by USCIS (in the form of deferred action for a prima facie showing of eligibility) to petitioners for U nonimmigrant status who requested such benefits prior to the publication of the implementing regulations.

# Definitions, *continued*



- U Nonimmigrant Status Certification:  Generally, Form I-918, Supplement B. Exceptions for interim relief cases.

- Certifying Agency:  Federal, State or local law enforcement agency, prosecutor, judge or other authority that has responsibility for the investigation or prosecution of a qualifying crime or qualifying criminal activity.

  - Includes:  Equal Opportunity Commission, Child Protective Services, and Department of Labor.

- Certifying Official:  Head of the certifying agency, or any person in supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency.

# SOP Reading Assignment



Read the following sections
of the I-918 SOP:

- Glossary of Terms



# Questions





# Summary



- Background & Legislative Intent

- Timeline and Interim Relief

- U Overview

- Definitions

# DEF-INTERV.

# EX. 163



# Waitlist Process
## *Form I-918 Training*



**Vermont Service Center**
**Humanitarian Division**

# Agenda



This presentation will outline:

- Background to the Waitlist Process

- Processing Approvable Cases after the Cap is Met

- Routing and Annotations

- Necessary Actions and Updates

# Background



- If more than 10,000 approvable I-918s are filed in a fiscal year, all cases determined to be approvable after reaching the cap will be placed under the Wait List Process.

- After 10,000 U-1 approvals have been issued in a fiscal year, do not update any Form I-918, I-918A, or I-192 approvals in CLAIMS 3 until the new fiscal year begins.

# 10,000 Visas



- How can you determine whether visas are available?
- Before we reach cap, there will be e-mail notifications that the numbers are running low.

# Is the Case Approvable?



### U-1 Waitlist Checklist

[Only for petitions previously approved for interim relief: Data Interim Relief initially passed]

Name:
DOB:
AN:

☐ Date Filed
☐ Signature on I-918
☐ Biometric date & bek Address in CLAIMS 3       ☐ CPMS ☐ MFTS ☐ BARM guilty ☐ FOQS
☐ FBI fingerprint response received date: _____   (☐ NON IDENT  / ☐ IDENT)
☐ I-918 Supplement B present with original signature of qualified certifying official
☐ I-918 Supplement B signed within 6 months immediately preceding filing date of I-918
☐ Certified criminal activity qualifies
Date of criminal activity: _____
☐ Certified criminal activity violates the laws of the United States or occurred in the United States
☐ U.S. has the jurisdiction to investigate/prosecute
☐ Possesses information about certified criminal activity
☐ Signed personal statement of victim
☐ Victim of substantial physical or mental abuse of the qualifying criminal activity
☐ If indirect victim, evidence of relationship to deceased
☐ Petitioner has been/is being/is likely to be helpful in investigation/prosecution
☐ Victim has no culpability associated with the qualifying criminal activity
☐ Evidence of valid passport/ROC provided (PP-ROC valid until _____)
☐ Current immigration status: _____   Valid until _____
☐ I-192 filed (if necessary)   APPROVED ☐ YES   ☐ NO
☐ (If I-192 filed) FBI Name Check results date: _____   (☐ RECORD • ☐ NO RECORD)
☐ (If filing from overseas) Photos of petitioner
☐ TECS valid until _____
☐ Inadmissibility:

| ☐ 212(a)(2)(A)(i)(I) | ☐ 212(a)(7)(B)(i)(I) | ☐ 212(a)(6)(E)(i) |
| ☐ 212(a)(2)(A)(i)(II) | ☐ 212(a)(7)(B)(i)(II) | ☐ 212(a)(9)(B)(i) |
| ☐ 212(a)(2)(C)(i) | ☐ 212(a)(6)(A)(i) | ☐ 212_____ |
| ☐ 212(a)(2)(B)(i) | ☐ 212(a)(6)(C)(i) | ☐ 212_____ |
| ☐ 212(a)(2)(C)(i) | ☐ 212(a)(6)(C)(ii) | ☐ 212_____ |
| ☐ 212(a)(2)(C)(ii) | ☐ 212(a)(6)(C)(iii) | Additional Info. |

Revision: 2/7/13

Use the "U-1 Waitlist Checklist" to confirm eligibility.

# Remember the Eligibility Requirements



- Victim of qualifying criminal activity.

- Must have suffered substantial physical or mental abuse as a result of having been a victim of the qualifying criminal activity.

- Possesses information concerning the crime.

- Has been/is being/is likely to be helpful to authorities in the investigation or prosecution of the crime (certification from qualifying official required).

- Crime occurred in the U.S. or violated U.S. law.

- Submit a signed victim's personal statement.

- Must be admissible to the U.S.

# Processing Approvable Cases After Cap is Reached



After the cap is reached, you must follow these steps to process approvable I-918s, I-918As and accompanying I-192s:

1.    Complete TECS* checks and US-VISIT.

   •    *Ensure any hits are resolved before placing on the U Visa petition on the wait list.

2.    Verify that fingerprints are valid and current at the time you add the file to the wait list.

3.    I-192 in file?

   •    If so, check for a valid FBI name and DOB check.

   •    Must have a letterhead memo if "POSITIVE RESPONSE."

# Complete All Security Checks



TECS manifest, including all aliases:

- US-VISIT

- Fingerprint results, with RAP if "IDENT"

- FBI name and date of birth check (if I-192 in file)

# Reminders for Processing Approvable Cases



- You must ensure that name,

  - DOB,

  - Safe address, etc.

  - Are correct and match in all systems, including CLAIMS 3.

- CLAIMS 3 should contain photos and all information necessary to create an EAD.

- Please correct informational errors in CLAIMS 3.

# Reminders, *continued*



- You must not update approvals in CLAIMS 3 until the new fiscal year begins.

- You must ensure that all steps on prior slide are complete and valid at the time the I-918, I-918A, and I-192 are placed on the Wait List.

  - If you would not approve the case, then do not wait list the case.

## Reminders, *continued*



- Check for possible family members.

  - Can search the names of family members from Part 4 of the I-918 petition in Nationals/CIS using 9106 along with CLAIMS 3.

  - Request files of families with I-918s and I-918As—Work them as a group.

## Reminders, *continued*



- Check CPMS & US-VISIT for related A-numbers:  Check RAP sheets and 9102 or 9106 search in CIS using PCQS.

- Use the applicant's legal name:  Check passports or birth certificates.

  - For married females, check marriage license.

- Watch out for aliases:  They must be run in TECS.



## Reminders, *continued*



- DO NOT stamp approval dates on the I-918/I-918A or I-192 petitions until the new fiscal year.

- Make sure the applicants are entirely eligible for the benefit:

  - But do not stamp any form; and

  - Do not approve the forms in any system.



# Does Not Meet Eligibility



If the I-918 or I-918A does not meet the eligibility requirements:

- Issue an RFE or NOID.
  - Follow standard procedures for RFEs and NOIDS.
- If you would not approve the case, then don't wait list the case.
- Use the PINK I-918 Routing Worksheet when issuing the RFE, NOIDs or denials.
- Remember to keep all family members together.

# I-918A is Eligible and Principal Already Approved



If the I-918A meets eligibility requirements and the principal was approved prior to the cap (prior to wait list):

- Approve using normal I-918A procedure.

- Any associated I-765 (A20) may also be approved for such cases using the normal I-765 (A20) adjudicative procedure.

REMEMBER:  I-918As do not need their own visas - only the I-918 principal).

# I-918/I-918A and I-192 Deniable



If the I-918, I-918As and I-192s do not meet the eligibility requirements after the issuance of an RFE:

- Issue a denial using the normal I-918 or I-918A procedure as well as the normal I-192 procedure.

- Use the PINK I-918 Routing Worksheet when issuing the denial.

# Updates:  Wait List to be Approved



CLAIMS 3 Updating:

- Update CLAIMS 3 as waitlist notice ordered
  - NOTE:  Do not update as pre-adjudicated under review -- this update is for the I-192 only.
- Open Batch Status Update (located on the main CLAIMS 3 screen)
  - Select "Batch off-system Notice Sent Update" by double clicking
  - Select "Waiting List Notice Sent"; enter receipt number of I-918/I-918A and click save (or wand in receipt number).
- Your receipt number will drop into the area below and show status as completed.  This indicates that CLAIMS 3 is now updated as Waitlist Notice Sent.

# Wait List to be Approved



- Refer to the table below to determine the correct letter and corresponding CLAIMS 3 update.  The letters are located in VSC VAWA ECHO Paragraphs.

| Scenario | Letter | CLAIMS 3 Update |
|---|---|---|
| I-918 in the U.S. | SCO-1608-0874 | Waitlist Notice Ordered with DAS |
| I-918A in the U.S. | SCO-1608-0876 | Waitlist Notice Ordered with DAS |
| I-918 outside the U.S. | SCO-1608-0873 | Waitlist Notice Ordered |
| I-918A outside the U.S. | SCO-1608-0875 | Waitlist Notice Ordered |
| I-192 | N/A | Pre-Adjudicate Under Review |

# Wait List to be Approved, *continued*



Update CLAIMS 3 as follows for I-918/I-918A being put on the waitlist:




# Updates:  Wait List to be Approved



Center Training Unit: May 1, 2018

# Wait List to be Approved, *continued*



- Complete WHITE I-918 Routing Worksheet (Revision date 11-25-2013) Annotate the I-918/I-918A received date in the Wait List section.

- Forward I-918/I-918A to FCU and place on U Visa Wait List Shelf. FCU shelving has been identified and labeled as "U visa Wait List Process" (Keep family members together).

- IMPORTANT:  DO NOT stamp or annotate the I-918/I-918A or the I-192 with validity dates.  Do not adjudicate or annotate I-765 (A19/A20) files riding with an I-918/I-918A until the new fiscal year begins.

# Updates:  Wait List and Approvable I-192





When you have an accompanying I-192 to be approved:

- Update CLAIMS 3 with "Pre-adjudicated – Under Review":

# Updates:  Unnecessary I-192



When you have an unnecessary I-192:

- Update CLAIMS 3 with "Pre-adjudicated – Under Review."

# Updates:  Important Reminders



- Do not stamp the I-918/I-918A petitions or the I-192 application on waitlist (potential) approvals.

- Do not annotate the I-918/I-918A waitlist petitions with validity dates or other make any  other annotations.

- Do not draft a denial in ECHO for an I-192 that appears to be unnecessary for an I-918/I-918A (potential) approval.

- Annotate the grounds of inadmissibility on your worksheet.

# SOP Reading Assignment



Read the following sections
of the I-918 SOP:

- Wait List Process



# Routing



Send all files placed under the Wait List process to the designated drop point. They will be stored in FMU in order of receipt until the new fiscal year begins.



# Questions





# Summary



This presentation presented the Wait List process for I-918s, I-918As and I-192s after the annual Cap is reached to include:

- Background to the Waitlist Process

- Processing Approvable Cases after the Cap is Met

- Routing and Annotations

- Necessary Actions and Updates

# DEF-INTERV.

# EX. 164

# U Nonimmigrant Status Training

## VAWA/T/U Division

## Vermont Service Center



**U.S. Citizenship
and Immigration
Services**



Please turn cellphones to mute and exit out of email during this training.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# NOVA

Back out all time in the classroom during training, in **NOVA**, under-

### "Group Activities"

### "Production Trainee."





U.S. Citizenship
and Immigration
Services

¤CTU   Revised: 12/22/15

# VSC Training Materials

- This presentation:

    - was created in order to facilitate the training process, only; and
    - does not supersede relevant laws, regulations, standard operating procedures, policies, and local guidance.

- All reference and resource training materials must be accessed electronically to ensure timely updates.

- Refer to the appropriate SOP and consult with your mentor, ISO3, and/or SISO with any questions.



U.S. Citizenship
and Immigration
Services

ßCTU   Revised: 12/22/15

# Safe Address

 U.S. Citizenship and Immigration Services

# Disclosure: Safe Address

- All VAWA related filings, including the I-918 filings are screened prior to data entry for a safe address.

- Adjudicators are responsible for ensuring that the address in GUI is the safe address.

- Only officers assigned to victim-based adjudication are permitted to change addresses.

- Discovery of an address change by someone other than those assigned to victim-based adjudication should be forwarded to a supervisor.



U.S. Citizenship
and Immigration
Services

πCTU    Revised: 12/22/15

# Disclosure: Safe Address

Safe Address determination:

- If the filing has a G-28, always use that address
- If there is no G-28, use the preparer's address (Part 7 on the I-918; Part 6 on the I-918A)
- If there is no G-28 or preparer listed, use the "safe mailing address" listed in Part 1 of the I-918 (or Part 3 of the I-918A)



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# U Nonimmigrant Status Certification, Form I-918 Supplement B



U.S. Citizenship
and Immigration
Services

# U Nonimmigrant Status Certification

- Must be:
  - I-918B (unless the filing was approved under Interim Relief),
  - Completed and signed by the head of the certifying agency or **any person in a supervisory role** or specifically designated by the head of the agency to sign such certifications, or a Federal, State, or local judge, and
  - Signed within 6 months immediately preceding the submission of the petition package

- Holds significant weight (but is not conclusive evidence the petitioner has met the eligibility requirements)

- Questions:
  - May lead to contact with the agency or official who signed certification.
  - Contact supervisor/senior with specific issues.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# U Nonimmigrant Status Certification

■ Requires:
- Name of victim
- Name of certifying official, agency and address
- Declaration of criminal activity (crime category and codified section(s) of law)
- Attestation that criminal activity violated the laws of the United States or occurred in the United States
- Statement that victim is being, has been, or is likely to be helpful to law enforcement in investigating/prosecuting the qualifying criminal activity
- Specific details regarding the crime, victimization, helpfulness and possession of information



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Eligibility Requirements



U.S. Citizenship
and Immigration
Services

# Eligibility Requirements

- Victim of qualifying criminal activity

- Must have suffered substantial physical or mental abuse as a result of having been a victim of the qualifying criminal activity

- Possesses information concerning the crime

- Has been/is being/is likely to be helpful to authorities in the investigation or prosecution of the crime (certification from qualifying official required)

- Crime occurred in the U.S. or violated U.S. law

- Submit a Victim's Statement

- Must be admissible to the U.S.

 U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Qualifying Crime



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

Case 1:18-cv-00068   Document 226-1   Filed on 07/22/18 in TXSD   Page 132 of 427

# Witness tampering, obstruction, Perjury:

- May be considered the victim/principal if:
  - Have been directly and proximately harmed by the perpetrator of one of the three crimes; **and**
  - There are reasonable grounds to conclude that the perpetrator committed one of the three, at least in principal part, as a means:

    1. To avoid or further efforts to investigate, arrest, prosecute, or otherwise bring to justice the perpetrator for other criminal activity; or

    2. To further the perpetrator's abuse or exploitation of or undue control over the petitioner through manipulation of the criminal system

    3. <u>MUST</u> be more than financial losses.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Evidence

- Properly executed  I-918B or interim relief certification
- Police reports or court documents
- Medical reports
- News reports
- Affidavits



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15

# Eligibility Requirement:

# Substantial physical or mental abuse as a result of qualifying criminal activity



U.S. Citizenship
and Immigration
Services

# Substantial Physical or Mental Abuse/Qualifying Criminal Activity

Multiple parts to the requirement.

- Must be a victim of substantial physical or mental abuse;
- Substantial physical or mental abuse results from being a victim of criminal activity; and
- Criminal activity that resulted in the substantial physical or mental abuse must be qualifying criminal activity.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Substantial Physical or Mental Abuse

- Encompasses a wide range of injury, harm, or damage to the victim's physical person, or harm to or impairment of the emotional or psychological soundness of the victim

- Qualified with the use of "substantial"

- Consider both the severity of injury and the severity of abuse the perpetrator inflicted

- Case-by-case determination based on individual victim's experience and totality of the circumstances



U.S. Citizenship
and Immigration
Services

¤CTU   Revised: 12/22/15

# Substantial Physical or Mental Abuse

Per regulation, factors to consider when determining if abuse is substantial are:

- ❑ Nature of the damage suffered
- ❑ Severity of perpetrator's conduct
- ❑ Severity of the harm suffered
- ❑ Duration of the harm
- ❑ Duration of the infliction of the harm
- ❑ Extent to which there is permanent or serious harm to the appearance, health, or mental soundness of the victim

No single factor is a prerequisite; existence of one or more doesn't mean the requirement is established

- ▪ Can consider series of acts perpetrated over time; series may be sufficient even where 1 act alone is not sufficient
- ▪ Can consider aggravation of a pre-existing injury



U.S. Citizenship
and Immigration
Services

▪CTU   Revised: 12/22/15

# Substantial Physical or Mental Abuse

Evidence may include (in addition to properly executed certification):

- Reports and affidavits from police, judges and other court officials;
- Reports and affidavits from medical personnel, school officials, clergy, social workers or other social agency personnel;
- Counseling/psychological evaluations, diagnosis and treatment related to the victimization as a result of the qualifying criminal activity;
- Evidence of occupational therapy referrals or other measures taken to assist following medical or psychological treatment needed as a result of qualifying criminal activity;
- Affidavits from friends and family detailing the impact of the crime on the victim



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Substantial Physical or Mental Abuse

Certain criminal acts, by definition, are sufficiently violent or damaging to logically infer that the crime is sufficient to demonstrate the substantial abuse requirement.

The essential elements of certified crime would reasonably result in substantial harm or injury to the victim of the activity - (ex. rape, murder, manslaughter, female genital mutilation, felonious assault, etc.),

- do not seek additional evidence of substantial abuse.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Substantial Physical or Mental Abuse

- To make determination, start with the 3-prong test:
  - Is the certified criminal activity qualifying criminal activity?
  - Do the essential elements of the qualifying criminal activity require violent, aggressive or damaging acts by the perpetrator?
  - Has the petitioner provided a personal statement describing the facts of the victimization and any other supporting documents?

- If answer is Yes to all three, then substantial physical or mental abuse criteria is satisfied.

- If answer is No to any of the three questions, may require the issuance of an RFE.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Questions?



U.S. Citizenship
and Immigration
Services

# A Victim's Statement



U.S. Citizenship
and Immigration
Services

# Victim's Statement

- Submit a signed statement by the petitioner describing the facts of their victimization. (does not need to be an original signature)

- When the petitioner is under the age of 16, incompetent or incapacitated, a parent or guardian, or next friend may submit the statement on behalf of the petitioner.



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15

# Must be Admissible to the United States



U.S. Citizenship
and Immigration
Services

# Miscellaneous



U.S. Citizenship
and Immigration
Services

# KCC Copies

Your files should contain photocopies of the I-918 and I-192.

| If the I-918/I-918A (and accompanying I-192 or I-193 is… | Then … |
| --- | --- |
| Approved and there is a 2nd copy of the petition/application in the file, | • Stamp, sign and annotate the 2nd copy in the same manner as the original petition.<br>• Place the 2nd copy of the approved petition on the non record side of the file after all updating is complete. |
| Denied and there is a 2nd copy of the petition/application in the file, | • Write "Support Only" in the action block.<br>• Do not stamp or annotate the petition further.<br><br>The clerical unit is responsible for sending the approved copy to the KCC.<br>**NOTE:** If there is not a second copy of the petition/application in the file, the clerical unit will make copies of the approved petition/application to send to the KCC. |



U.S. Citizenship
and Immigration
Services

nCTU   Revised: 12/22/15

# Common Places for Aliases

- Part 1, I-918A (principal)
- FD 258
- Removal (I-213, NTA)P
- Part 3, I-918A (family member)
- FBI Name Check
- Court documents
- Part 3, Other Names Used

- Rap Sheet
- Police reports
- I-192
- ID documents
- Other applications/petitions
- CIS 9101/9202
- B/C, M/C and translation



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Questions?



U.S. Citizenship
and Immigration
Services

# Inadmissibility and Waivers (Form I-192)



U.S. Citizenship
and Immigration
Services

# Inadmissibility

An inadmissible principal or derivative is not eligible for U status unless a waiver is granted

- Two waivers available:
  - INA 212(d)(3)-
    - General waiver authority
    - At the discretion of the Secretary of Homeland Security
    - Most inadmissibility grounds except those that relate to terrorism and national security.
  - INA 212(d)(14)-
    - Waiver of all grounds (except 212(a)(3)(E) – participants in Nazi persecutions, genocide, acts of torture, or extrajudicial killing)
    - If it is in the public or national interest



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Inadmissibility—Waiver Limitations

| **INA 212(d)(3) cannot waive…** | **INA 212(d)(14) cannot waive…** |
| --- | --- |
| 212(a)(3)(A)(i)(I) | 212(a)(3)(E) |
| 212(a)(3)(A)(ii) | |
| 212(a)(3)(A)(iii) | |
| 212(a)(3)(C) | |
| 212(a)(3)(E)(i) | |
| 212(a)(3)(E)(ii) | |



U.S. Citizenship
and Immigration
Services

mCTU   Revised: 12/22/15

# Waiver Process

- Inadmissible aliens are required to file for waivers on their own behalf

- Form used –
  - Application for Advance Permission to Enter as a Nonimmigrant (Form I-192)



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Exercise of Discretion

▫ Balance adverse factors evidencing inadmissibility with social and humane considerations presented to determine if waiver in best interests of the U.S.

▫ Criminal grounds - consider number and severity of convicted crimes

▫ Dangerous or violent crimes or inadmissibility based on security related grounds - exercise favorable discretion only in *extraordinary circumstances*

▫ No appeal of denial

▫ May be revoked

 U.S. Citizenship
and Immigration
Services

▫CTU   Revised: 12/22/15

# Waiver Considerations

- No precedent decisions for 212(d)(14) waiver

- Reasonable to apply at least the standards for 212(d)(3)

- In *Matter of Hranka*, 16 I&N Dec. 491(BIA 1978), the Board of Immigration Appeal listed three criteria for determining whether to approve or deny a Section 212(d)(3) waiver:

  - The risk of harm to society if the applicant is admitted;

  - The seriousness of the applicant's prior immigration law, or criminal law, violations, if any; and

  - The reasons for wishing to enter the US.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Waiver Considerations

- Evidence of rehabilitation

- Reasons for wishing to remain in the US

- Mitigating factors in the alien's favor
  - family ties, financial impact of departure on others, contributions or ties to the community in the US)

- Explanation, in the alien's own words –
  - specific circumstances surrounding the act or conviction that prompted the need for this waiver request.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Waiver Considerations, Continued

- Loss of access to US criminal justice system –
    - as it relates to the claim to victimization, or
    - if a derivative the impact of departure on the principal's access to the criminal justice system
- Physical, medical, mental health or social services required
    - that are not readily available in the home country.
- Additional evidence or case law alien believes should be considered



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15

# Waiver Process

- May approve waivers for EWI, passport issues, simple immigration violations (ie. unlawful presence, basic fraud/misrepresentation), and simple/low level criminal issues without supervisory sign off

- Any controversial approval such as CIMTs, multiple convictions, drug convictions or gang membership requires a I-192 Summary Memo sign off



U.S. Citizenship
and Immigration
Services

◻CTU   Revised: 12/22/15

# Waiver Considerations

- Fingerprint results that are IDENTs may require RFE for conviction records (helps determine what grounds under consideration for waiver)

- Reviewed RAP sheet required for all IDENTS

- Follow duplicate/updated RAP sheet process in SOP if none found in file

- If file has expired IDENT, do not reschedule prints, request fingerprint refresh through process identified on BCU's ECN page

- If the alien is outside the US and they have inadmissibility issues, we must waive them prior to the alien being able to consular process.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Medical Waiver Considerations

- Medical Waivers: Health-Related Grounds

    - Require an I-693 with Class A prior to making a positive finding
    - Generally more than one DUI in five years
    - Class A condition can be waived
    - If seeking I-693, must get SISO approval first
        - Need to clearly articulate, based on evidence in the record, why it is being requested
        - See Civil Surgeon Guidelines (ECN)



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# I-192 Processing

- Update in CLAIMS 3
- Safe Address considerations apply
- FBI Name Check response placed on non-record side of file
    - If positive response, must have copy of FBI Letter Head Memo (LHM) with the Name Check results.

- See SOP chart for various scenarios with responses



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Waivers: I-192 Summary

- Required for controversial approvals only
- Complete the form detailing the specifics of the case and recommend approval
- SISO must concur.  SISO may request ISO(3) and ACD concurrence.
- Not required for denials as order will cover reasoning for the decision
- Place on non-record side of file (Remains in file after adjudication)
- Bullet point summary of case.  Usually does not require long narrative
- Summary located in MSWORD in Div 6 Worksheets folder



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Questions?



U.S. Citizenship
and Immigration
Services

# NTA or CFDO Referrals

- All referrals for NTA require SISO sign off on the routing worksheet
  - Denials only
  - Serious criminal history
  - Not already in proceedings
- Complete CFDO referral worksheet
  - Discuss with SISO or ISO(3) prior to sending file



U.S. Citizenship
and Immigration
Services

mCTU    Revised: 12/22/15

# Questions?



U.S. Citizenship
and Immigration
Services

# Requests for Evidence and Orders



U.S. Citizenship
and Immigration
Services

# General Information

- Good grammar and spelling matter!

- Address all deficiencies clearly

- Do not simply use call up text

- One size does not fit all:

  - Do not use orders/RFE templates made by others without tailoring them

  - Specific details about one case often do not apply in an unrelated case

  - Be sure to explain why what was submitted is not sufficient.



U.S. Citizenship
and Immigration
Services

□CTU    Revised: 12/22/15

# General Information

- Do not quote regulation in RFE's/NOIDs unless absolutely necessary
  - Regulation, statute, precedent decisions may be quoted in denials
- Stick to plain language rules
- Do not quote the entire RFE in a denial
- Do not list only call ups in a denial



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Remain Sensitive to Victimization

- "Although California law treats perjury as a felony, many people get wrongfully charged with it."

- "The man who attacked you was acquitted so the evidence you provided doesn't demonstrate that you're a victim of a crime."

- "Your affidavit was not very long.  Write a little more."



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

- Your actions of utilizing a false name during your immigration processing raises concerns over your good moral character.  It appears you willfully established a deceptive identity to a Department of Homeland Security Law Enforcement Official (Border Patrol Agent) during an official immigration process.  This ability to disregard official regulation, in which you were requested to provide your true and correct name, demonstrates a negative aspect of your character.  Not only did you choose to willfully enter the United States in an illegal manner, but you continued to disregard other official regulations during the establishment of your identity.  Your willful ability to make deceitful statements to a Department of Homeland Security official creates possible credibility issues of the current evidence you submitted in support of your petition.



U.S. Citizenship
and Immigration
Services

uCTU    Revised: 12/22/15

# Questions?



U.S. Citizenship
and Immigration
Services

# Wait List Process



U.S. Citizenship
and Immigration
Services

# Processing Approvable Cases After Cap is Reached

After the cap is reached, you must follow the steps to process approvable I-918s, I-918As and accompanying I-192s.

1. Complete TECS checks and ensure any hits are resolved before placing on the U Visa petition on the wait list.

2. Verify that the FBI NDOB check is valid at the time the U Petition is placed on the Wait List (if the file contains an I-192).

3. Verify that fingerprints are valid at the time the U petition is placed on the Wait List.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Reminders for Processing Approvable Cases

- You must ensure that name, DOB, images, safe address, etc. are correct in all systems, including GUI. You must correct errors; however, you must not update approvals in GUI until the new fiscal year begins.

- You must ensure that all steps above are complete and valid at the time the I-918, I-918A, and I-192 are placed on the Wait List.

- Annotate all inadmissibility issues that are recommended for waiving on the approval page of the I192.

- Do NOT stamp or annotate approval dates on the I918/I918A or I-192 petitions until the new fiscal year.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Updating

| Scenario | Letter | GUI Update |
|---|---|---|
| I-918 **in** the US | WL918DAS | Waitlist Noticed Ordered with DAS |
| I-918A **in** the US | WL918ADAS | Waitlist Notice Ordered with DAS |
| I-918 **outside** the US | WL918NO | Waitlist Notice Ordered |
| I-918A **outside** the US | WL918ANO | Waitlist Notice Ordered |
| I-192 | N/A | Pre Adjudicated Under Review |



U.S. Citizenship
and Immigration
Services

∎CTU   Revised: 12/22/15

# Routing

- Send all files placed under the Wait List process to FCU. They will be stored in FMU by received date order until the new fiscal year begins.

- If the alien is receiving DAS, please update the white worksheet requesting the contractor to update the COA as DAS. (D6 VAWA SORT block)



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Does Not Meet Eligibility

If the I-918/I-918A does not meet the eligibility requirements:

- Issue an RFE or NOID.
- Adjudicate up to the point of approval using the normal I-918/I-918A procedure.
- Use the **PINK** I-918 Routing Worksheet when issuing the RFE, NOIDs or denials.
- Remember to keep all family members together.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Meets Eligibility and Principal Approved

If the I-918/I-918A meets eligibility requirements and the principal was approved prior to the cap (Prior to Wait List):

- Approve using normal I-918A procedure.
- Any associated I-765 (A20) may also be approved for such cases using the normal I-765 (A20) adjudicative procedure.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# I-918/I-918A and I-192 Deniable

If the I-918/I-918As and/or I-192s do not meet the eligibility requirements after the issuance of an RFE:

- Issue a denial using the normal I-918 or I-918A procedure as well as the normal I-192 procedure.
- Use the **PINK** I-918 Routing Worksheet when issuing the denial.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# I-918 Waitlist, Possible I-192 Denial

If the I-918/I-918A is placed under the Wait List Process and is accompanied by an I-192 that will be denied as unnecessary:

- Follow the Wait List Process. Update GUI with "Pre-Adjudicated – Under Review" for I-192.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Updates: Wait List to be Approved

When you are placing the I-918/I-918A under the Wait List process you will:

- Prepare and send Wait List Notice in CG. The notice is located in the "Informational Section."

- Place the file copy notice on the top of the I-918/I-918A (Record Side). (**Do not** place the file copy on top of the 384 cover sheet.)



U.S. Citizenship
and Immigration
Services

▣CTU    Revised: 12/22/15

# Updates: Wait List to be Approved

- Update GUI with "Waitlist Ordered" for all I918s.

- Complete **WHITE** I-918 Routing Worksheet* (Revision date 11-25-2013) Annotate the I-918/I-918A received date in the Wait List section.

- Forward I918 to FCU and place on U Visa Wait List Shelf. FCU shelving has been identified and labeled as "U visa Wait List Process" (Keep family members together)

**IMPORTANT**: DO NOT stamp or annotate the I918/I918A or the I192 with validity dates. Do not adjudicate or annotate I-765 (A19/A20) files riding with an I-918/I-918A until the new fiscal year.



U.S. Citizenship
and Immigration
Services

▪CTU   Revised: 12/22/15

# Updates: Wait List and Approvable I-192

When you have an accompanying I-192 to be approved:

- Annotate all inadmissibility grounds being waived.
- Update GUI with "Pre-adjudicated – Under Review."



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Updates: Unnecessary I-192

When you have an unnecessary I-192:

- Update GUI with "Pre-adjudicated – Under Review."



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15

# Questions?

 U.S. Citizenship
and Immigration
Services

# Final Reminders

- T-file rules apply

- TECS rules apply
    - TECS on principal's name as it appears on the I-918A must be in the file with the derivative's TECS results



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15

# I-918A Annotations

- NIV Classification

- Validity dates

- Write the EAC# of the I-918 (principal's filing) in the Remarks block of the I-918A



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Miscellaneous



U.S. Citizenship
and Immigration
Services

# Travel

- After approval, travel permitted without advance parole (no I-131 needed)

- Need U visa issued by consulate for re-entry, unless visa exempt

- Leaving could trigger unlawful presence bars (may seek waiver by filing I-192)



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Revocation of U Nonimmigrant Status

Two kinds: Automatic and Upon Notice

- Automatic: Where principal U recipient notifies USCIS he or she will not use approved petition to enter U.S.

- On Notice (and at discretion of USCIS):
    - Where certifying official withdraws U certification or disavows its contents in writing
    - Where approval of petition was in error
    - Where there was fraud in the petition
    - Where a derivative's relationship to the principal has terminated
    - Where the principal's approved petition is revoked



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# Revocation of U Nonimmigrant Status, Continued

- Notice must be in writing and contain statement of grounds
  - alien may rebut within 30 days of notice
  - appeal permitted to AAO; must be submitted within 30 days
- Revocation has no effect on cap



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15

# GUI Updating

- Principals: Must update GUI with all actions
- GUI only updated first for I-918 address changes
    - Address changes will only reflect on principals if the GUI portion is completed first



U.S. Citizenship
and Immigration
Services

CTU    Revised: 12/22/15





# Dissemination

- This presentation may not be reproduced or further disseminated without the express written consent of <u>Vermont Service Center / Center Training Unit</u>.

- Please contact the <u>Vermont Service Center / Center Training Unit</u> for additional information.



U.S. Citizenship
and Immigration
Services

CTU   Revised: 12/22/15                                          75

# DEF-INTERV.

# EX. 165



# I-918 SOP

**Prepared by: Center Training Unit**
**Vermont Service Center**

**May 24, 2018**

DEF - 00004348

# Table of Contents

Introduction ............................................................................................................. 3
General Adjudication Information ......................................................................... 5
Overview of U Visa ................................................................................................. 6
General Adjudication Information ....................................................................... 10
Filing Requirements ............................................................................................. 12
Law Enforcement Certification .......................................................................... 14
Eligibility Requirement: Qualifying Criminal Activity ........................................ 19
Eligibility Requirement: Victim ........................................................................... 21
Eligibility Requirement: Possesses Information ................................................ 26
Eligibility Requirement: Helpfulness .................................................................. 28
Eligibility Requirement: Criminal Activity Violated U.S. Law ............................ 32
Qualifying Family Members .................................................................................. 34
Eligibility for Qualifying Family Members .......................................................... 35
Evidence of a Qualifying Relationship ................................................................ 38
Filing from Outside the United States ................................................................. 40
Interim Relief Considerations ............................................................................. 41
Classifications and Duration of Status ................................................................ 42
Biometrics ............................................................................................................. 43
Scheduling Biometrics .......................................................................................... 45
Fingerprint Results ............................................................................................... 50
Validity Dates for Principal .................................................................................. 56
Validity Dates for Derivative ............................................................................... 59
Decisions ............................................................................................................... 63
Approvals .............................................................................................................. 64
Denials ................................................................................................................... 66
Section 384 ........................................................................................................... 67
Employment Authorization .................................................................................. 71
Wait List Process .................................................................................................. 73
Wait Listed in Error .............................................................................................. 80
Revocation ............................................................................................................ 83
Effects of Revocation ........................................................................................... 85
Intent to Revoke (ITR) .......................................................................................... 86
Motions and Appeals ............................................................................................ 91
Immigration Proceedings ..................................................................................... 92
Trafficking Referrals ............................................................................................ 93
Processing ............................................................................................................. 94
Adjudication Updating .......................................................................................... 98
Processing an Approval ...................................................................................... 100
CLAIMS 3 Updating ............................................................................................. 101
Processing: Withdrawals .................................................................................... 105
Glossary of Terms ............................................................................................... 106
Appendix 1: Routing Worksheet for Withdrawals ............................................ 109
Appendix 2: Routing Worksheet for Intents to Deny ....................................... 110
Appendix 3: Routing Worksheet for Intents to Revoke .................................... 111
Appendix 4: Routing Worksheet for Revocations & Denials ............................ 112
Appendix 5: Routing Worksheet for Wait List Cases ....................................... 113
Revisions ............................................................................................................. 114

I-918 SOP: Revised: May 24, 2018

DEF - 00004349

# Introduction

**Purpose**

This publication:
- incorporates standardized operational policies and procedures,
- includes processing information for Form I-918, and
- Should be used as a guide for consistent processing.

It is your duty to be familiar with all the SOPs and guides that are required to adjudicate this form.

**IMPORTANT**: The information contained in this guide is a combination of handouts and local policy for adjudication of Form I-918. Use it as a resource/instruction guide.

**Disclaimer**

This SOP is not intended to be, and should not be taken as, an authoritative statement of the rules of decision for Form I-918, Petition for U Nonimmigrant Status. This SOP is only a guide for the consistent processing of Form I-918. USCIS bases the actual decision in a particular case on the record for that case, the Immigration and Nationality Act (INA), regulations, precedent administrative and judicial decisions, and general statements of USCIS policy. Thus, nothing in this SOP creates any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

**Applicability and Scope**

This SOP is applicable to all VSC Supervisory Immigration Officers (SISOs), Immigration Services Officers (ISOs) and AST personnel performing adjudicative or AST functions or review of those functions. Personnel performing other duties pertaining to Form I-918 will be similarly bound by those provisions of this SOP that apply to their specific task or duties.

**Conflict Resolution**

Any provision of the INA or 8 CFR that conflicts with this SOP/User guide will take precedence over the SOP/User guide. If you identify a conflict, report the matter immediately to your SISO.

If any conflict is noted between this SOP/User Guide and policy or guidance documents issued by USCIS, report the matter through the supervisory chain for resolution.

This SOP/User guide supersedes all prior VSC guidance documents, policy memoranda, training packets, or other material pertaining to Form I-918 adjudication; such documents should be discarded.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004350

# Introduction, Continued

**Revisions**

Numbered revisions to this document will be issued as required; no other document will be considered a valid modification.

*Electronic and Printed Copies*
All personnel who maintain a printed copy of this document will post the revisions upon receipt.  Electronic copies of this document will be modified to reflect changes as they are issued.  A summary of all applicable revisions will be included in the electronic SOP/User guide.

*Proposed Changes*
Submit proposed changes with appropriate supporting documents through first-line SISOs.

*Previous Revisions*
A historical listing of all revisions is located at the end of this document.

4

I-918 SOP: Revised: May 24, 2018

DEF - 00004351

# General Adjudication Information

| | |
|---|---|
| **De Novo Review** | USCIS will conduct a *de novo* review of the petition and supporting evidence during all stages of the adjudication process. |
| | USCIS is permitted to investigate any aspect of the petition. |
| **Burden of Proof** | The burden of proof is on the petitioner at all times during the initial adjudication of a Petition for U nonimmigrant Status (Form I-918 and Form I-918, Supplement A). |
| | The petitioner is required to fully establish all elements of eligibility for the desired benefit. |
| **Credible Evidence Standard** | The petitioner may submit any credible evidence relating to his or her Form I-918 for consideration by USCIS.  USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence. |
| | USCIS may use any previously submitted evidence for this or any other immigration benefit or relief in evaluating eligibility. |
| | USCIS is not bound by previous factual determinations. |
| **Routing Worksheets** | You are required to use the most current worksheet each time you take an adjudicative or routing action on an I-918 or I-918A filing. |

I-918 SOP: Revised: May 24, 2018

DEF - 00004352

# Overview of U Visa

**Statutory and Regulatory Authorities**

Refer to the chart below for the appropriate statutory and regulatory authority for the U Nonimmigrant Status Program.

| If you are referencing the ... | Then the appropriate statutory and regulatory authority is ... |
|---|---|
| U Nonimmigrant Status Program | INA Section 101(a)(15)(U) |
| Implementing regulation | 8 CFR 214.14 |
| Filing fees for U nonimmigrant petitions | 8 CFR 103.7 |
| Waiver of inadmissibility | 8 CFR 212.17 |
| Regulation requiring certain U nonimmigrants to file an application when seeking employment authorization | 8 CFR 274a.13(a) |
| Regulation allowing U nonimmigrant status recipients to accept employment | 8 CFR 274a.12(a) |
| Interim Rule | 72 FR 53014 |

**U-1 Eligibility Requirements**

Eligibility Requirements for U-1 (Principal):

1. Petitioner must be a victim of one of the enumerated crimes found in section 101(a)(15)(U)(iii) of the Immigration and Nationality Act (INA).
2. Petitioner must have suffered substantial physical or mental abuse as a result of being a victim of one of those enumerated crimes.
3. Crime(s) must have violated the laws of the United States or occurred in the United States.
4. Petitioner has been/is being/likely to be helpful to the investigation and/or prosecution of the crime for which he/she was a victim, and
5. Petitioner is admissible to the United States.  Refer to the I-192 SOP for information related to inadmissibility grounds and Requests for Evidence.

**NOTE**:  Must be a non-immigrant.  LPRs are not eligible to be granted U status.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

6

# Overview of U Visa, Continued

| | |
|---|---|
| **Determination Regarding 204(c)** | The Office of Chief Counsel (OCC) determined that U visa petitions are not barred under INA 204(c) when there is a finding of marriage fraud; however, the inadmissibility ground at INA 212(a)(6)(C) for fraud/willful misrepresentation is applicable. |
| | A finding of marriage fraud should be considered a serious adverse factor to be weighed in the general balancing test normally employed when adjudicating discretionary waivers under INA 212(d)(3), (d)(13), or (d)(14) as applicable.  Committing fraud to gain an immigration benefit is an egregious violation, but it is one that may be overcome with a preponderance of evidence demonstrating that USCIS should exercise its discretion in the alien's favor.  To do this, officers will conduct an analysis taking into account the entirety of the record.  A finding of marriage fraud will not be considered to be as serious as a dangerous or violent crime or as serious as conduct giving rise to a security-related ground of inadmissibility.  Accordingly, a finding of marriage fraud will not require a showing of extraordinary circumstances in order to approve such a waiver. |
| **204(c) Process** | All approvals and wait listing involving INA 212(a)(6)(C) triggered by marriage fraud or any denial for that ground must be reviewed by an Immigration Services Officer 3 (ISO 3), a SISO, and a Section Chief prior to the adjudicative action being taken.  Final actions including approvals and wait listing require an I-192 Summary.  Denials will be reviewed through the denial review sign-off process. |
| | Do not quote call-ups referencing 204(c) in RFE's, ITD's, ITR's, or Denials for I-918s. |
| **U-2, U-3, U-4, U-5 Eligibility Requirements** | Basic Eligibility Requirements for U-2, U-3, U-4, U-5 (Derivative): |
| | 1.  Alien must be a qualifying family member of a U-1 (Principal) with an approved Petition for U Nonimmigrant Status (Form I-918);  and |
| | 2.  Alien must be admissible to the United States.  Refer to the I-192 SOP for information related to inadmissibility grounds and Requests for Evidence. |
| | **NOTE**:  Must be a non-immigrant.  LPR's are not eligible to be granted U status. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004354

## Overview of U Visa, Continued

| | |
|---|---|
| **Visa Cap and Wait List** | • A limit of 10,000 U-1s (principals) can be approved in any fiscal year.<br>• All those who apply but whose petition cannot be approved solely because there are no visa numbers remaining will be placed on a Wait List.<br>• Those on the Wait List may be eligible for deferred action, parole, and stays of removal for the U-1 petitioners and eligible family members. |
| **Duration of Status** | • Generally, U nonimmigrant status may be approved for a period not to exceed four years in the aggregate.<br>• Exceptions are made for cases with more than three years in interim relief.  These cases will be granted one year of validity in addition to the time already accrued in interim relief.  This will allow the alien time to file for adjustment while still in valid U nonimmigrant status.<br>• A qualifying family member granted U-2, U-4 and U-5 status will be approved for an initial period that does not exceed the expiration date of the initial period approved for the principal alien.  Extensions are possible in limited circumstances.<br>• A qualifying family member granted U-3 status will be approved for an initial period of four years even if this validity exceeds the expiration date of the initial period approved for the principal alien. Extensions are possible in limited circumstances. |
| **Extension of U-1 Status** | Extensions of U-1 nonimmigrant status beyond the four-year period are available upon attestation by the certifying official that the alien's presence in the United States continues to be necessary to assist in the investigation or prosecution of qualifying criminal activity or if the U-1 can demonstrate he/she qualifies for an extraordinary exception circumstance. |

*Continued on next page*

8

I-918 SOP: Revised: May 24, 2018

DEF - 00004355

# Overview of U Visa, Continued

**Extension of Status (U-2 through U-5)**

When a U nonimmigrant's initial approved period of stay on Form I-94 is less than four years, he or she may file the Application to Extend/Change Nonimmigrant Status (Form I-539) to request an extension of U nonimmigrant status for an aggregate period not to exceed four years.

This most commonly occurs when a principal (U-1) has time in interim relief that counts toward time in U status but the approved derivatives (U-2 through U-5) do not have time in interim relief, or when the derivative's filing is not approved at the same time as the principal's.

As required by 8 CFR 214.14(g)(1), the initial validity period given to U-2, U-4, and U-5 derivatives cannot exceed the expiration date given to the principal; the initial validity period given to U-3 derivatives may exceed the expiration date given to the principal. In some instances, the derivative may need to file Form I-539 to seek an extension of status to ensure that the qualifying family member is able to attain at least three years in U nonimmigrant status for the purposes of adjusting under 245(m) of the Act.

Additionally, qualifying family members may be approved beyond the date of the U-1 nonimmigrant's status when the qualifying family member is unable to enter the United States timely due to delays in consular processing. Form I-539 needs to be filed in this instance as well.

The U-visa team is responsible for the adjudicating I-539s filed for the purpose of extending U nonimmigrant status.

**Aliens outside the United States**

Petitioners for U nonimmigrant status do not need to be physically present in the United States to file Form I-918, Petition for U Nonimmigrant Status. Qualifying family members do not need to be physically present in the United States to have the I-918A approved.

**Jurisdiction**

- Petitions for U nonimmigrant status will be filed with the Vermont Service Center (VSC).
- VSC has sole jurisdiction for the adjudication of this form type.

9

Confidential

DEF - 00004356

# General Adjudication Information

**TECS**

You must conduct a TECS check on the name of the principal and all aliases discovered in the course of the adjudication of the I-918.

You must conduct a TECS check on the name of the qualifying family member and all aliases discovered in the course of the adjudication of the I-918, Supplement A. When adjudicating an I-918, Supplement A, you must also conduct a TECS check on the principal. A copy of the TECS check used in the final decision of the principal's I-918 may be used if it is still within time limits.

Refrain from including all TECS materials with KCC copies.

Age restrictions cited in the *TECS SOP* apply. Refer to that document for more specifics on the TECS check process.

**A-file Requirement**

Form I-918 and I-918, Supplement A, are adjudicated in A-files. If the petition(s) are in T-files, follow the *ISO File Maintenance Procedures SOP* instructions before issuing a final decision.

**Legal Name**

When adjudicating Form I-918 and Form I-918A, you must apply the applicant's full legal name. If the applicant's name on the Form I-918 or I-918A does not match documentation of legal name found in the file, such as a birth certificate, passport, or record of marriage, you should correct the name on the application, using red ink.

Name corrections must match on Form I-918, any accompanying Form I-192, GUI, and CIS. Refer to the *Adjudicator's Field Manual*, section 51.4, Use of Full Legal Name on All USCIS Issued Documents, for additional information.

*Continued on next page*

# General Adjudication Information, Continued

**Required Systems Checks**

Refer to the table below to determine which systems checks are required when adjudicating Form I-918 and Form I-918A:

| System | Action |
|---|---|
| TECS | Conduct security checks and resolve any hits through BCU. |
| CLAIMS 3 | Check for other pending applications. |
| CIS | Determine if additional A or T files or records exist for the applicant. Search using 9102 or 9106. |
| RAILS | Determine if any T-files exist for the applicant. |
| EARM | Review the EOIR screen through EARM to determine whether the applicant has been previously placed in removal/deportation hearings or has been previously deported. |
| CPMS | The fingerprint response must be current and the name check response must be completed. |
| CPMS-IVT | Check for arrivals and departures from the United States, for related A-numbers and aliases based on fingerprints or biometrics and entry of FBI-DOJ records subsequent to most recent biometric check. |

I-918 SOP: Revised: May 24, 2018

11

DEF - 00004358

# Filing Requirements

**U-1 Initial Evidence**

Failure to provide this initial evidence may result in a request for additional evidence, a notice of intent to deny or a denial being issued on the petition.

**Initial Evidence Required for U-1 Nonimmigrant Status (Form I-918):**

1. Form I-918 Supplement B, "U Nonimmigrant Status Certification" signed by a certifying official within six months (to the day) immediately preceding the filing of Form I-918.
2. Any additional evidence to establish that:
   - The petitioner is a victim of qualifying criminal activity;
   - The petitioner has suffered substantial physical or mental abuse as a result of being a victim of qualifying criminal activity;
   - The petitioner possesses information about the qualifying criminal activity;
   - The petitioner has been, is being or is likely to be helpful to law enforcement concerning the qualifying criminal activity;
   - The criminal activity is qualifying and occurred in the United States, including Indian country and military installations, or the territories and possessions of the United States, or violated a U.S. federal law that provides for extraterritorial jurisdiction to prosecute the offense in a U.S. Federal Court.
3. A statement signed by the petitioner describing the facts of the victimization. If the petitioner is incapacitated or under 16 years of age, the parent or next friend can write this statement.
4. Application for Advance Permission to Enter as a Nonimmigrant (Form I-192) with fee or fee waiver request (*if the petitioner is inadmissible*).
5. Passport/BCC valid at the time the Form I-918 was filed.

**NOTES:**
- Petitioners filing from outside the United States do not need to provide evidence of a valid passport/BCC.
- If the petitioner is under age 14 or mentally incompetent when the Form I-918 is receipted, the petitioner's parent or legal guardian may sign instead. Do not request the petitioner sign the Form I-918 if he or she reaches age 14 while the form is pending. See 8 CFR 103.2(a)(2).

*Continued on next page*

12

## Filing Requirements, Continued

**U-2, U-3, U-4, U-5 Initial Evidence**

Failure to provide this initial evidence may result in a request for additional evidence, a notice of intent to deny or a denial being issued on the petition.

**Initial Evidence Required for U-1 Nonimmigrant Status (Form I-918 Supplement A):**

Evidence demonstrating the relationship of a qualifying family member, Passport or border crossing card valid at the time the I-918A is filed; and Application for Advance Permission to Enter as a Nonimmigrant (Form I-192) with fee or fee waiver request, *if inadmissible.*

**NOTES:**
- Derivatives outside of the United States do not need to provide evidence of a valid passport.
- If the derivative is under age 14 or mentally incompetent when Form I-918A is receipted, the parent or legal guardian may sign instead. Do not request the derivative to sign the Form I-918A if he or she reaches age 14 while the form is pending. See 8 CFR 103.2(a)(2).

**Interim Relief**

A petitioner who previously received interim relief is not required to submit initial evidence with the Form I-918 if he or she wishes to rely on the law enforcement certification and the other evidence that was submitted with the request for interim relief.

Interim relief is considered terminated if:
- The alien did not file his or her Form I-918 or have an I-918, Supplement A, filed on his or her behalf prior to February 1, 2010.
- His or her Form I-918 or Form I-918, Supplement A, is denied.

**Passport or Border Crossing Card**

U nonimmigrant status seekers are required to present a passport or border crossing card valid at the time of filing or a passport or border crossing card that was valid for some period of time while the petition for U nonimmigrant status was pending.

Those without a passport or border crossing card valid at the time of filing for U nonimmigrant status may seek a waiver by filing the Application for Advance Permission to Enter as a Nonimmigrant Pursuant to Section 212(d)(3) of the Immigration and Nationality Act (Form I-192).

- The authority to waive the documentary requirement resides with the USCIS office having jurisdiction over the adjudication of Form I-918.
- The waiver may be revoked at any time after approval.
- There is no appeal from the revocation or denial of such a waiver.

I-918 SOP: Revised: May 24, 2018

DEF - 00004360

# Law Enforcement Certification

**I-918 Supplement B Overview**

A certification from a qualified certifying official must accompany all Petitions for U Nonimmigrant Status (Form I-918) at the time of filing.  In most cases, this certification takes the form of Supplement B of Form I-918.  Exceptions exist for cases that were approved for Interim Relief purposes.

Deny any Form I-918 filed on or after November 1, 2009 that did not previously receive an approval under the Interim Relief program or is not accompanied by a properly filed Form I-918 Supplement B, Law Enforcement Certification.  Refer to the section on Failure to Submit U Nonimmigrant Status Certification (Form I-918 Supplement B) for more information.

**Properly Executed I-918 Supplement B**

A properly executed certification on Form I-918, Supplement B, is required for an alien seeking U nonimmigrant status.  The burden is on the petitioner to provide the law enforcement certification.

The certifying agency conducting an investigation or prosecution of the qualifying criminal activity must prepare the Form I-918, Supplement B. It must be signed by the certifying official with an **original** signature **within the six months (to the day) immediately preceding** the submission of Form I-918.

Special consideration will be given to those petitioners who received an Interim Relief approval.

**Evidentiary Weight of the Law Enforcement Certification**

The law enforcement certification will be given significant weight but will not be considered conclusive evidence that the petitioner has met the eligibility requirements.

Petitioners may be requested to submit additional supporting evidence to establish their claims.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

## Law Enforcement Certification, Continued

**Certification Requirements**

All law enforcement certifications must contain the following details:

1. Name of the qualifying law enforcement agency.
2. Signature of a qualifying law enforcement official (specifically the head of the agency or someone in a supervisory role specifically designated by the head of the agency to issue U nonimmigrant certifications. (See exceptions for Interim Relief on page 33).
3. Statement that the subject of the certification is the victim of a qualifying crime.
4. Statement that the subject of the certification possesses information necessary to the investigation/prosecution.
5. Statement that the subject of the certification has been, is being, or is likely to be helpful to the investigation/prosecution of the criminal activity.

**Qualifying Law Enforcement Official Overview**

All Form I-918, Supplement B, law enforcement certifications must contain the signature of a qualifying law enforcement official. The signature must be original. A signature stamp or photocopied signature is not acceptable. Officers must check the name of the certifying official against the CFDU Casebook database for each case. If a certifying official is not listed in Casebook, it does not indicate that the certifying agency or certifying official is unacceptable. An officer in a position of authority or a supervisory role may be acceptable. See your SISO or an ISO 3 for clarification.

*Continued on next page*

# Law Enforcement Certification, Continued

**Casebook Verification**

Follow the steps below to verify the Qualifying Law Enforcement Official.

| Step | Action |
|------|--------|
| 1 | Access Casebook through the Center Applications links. Open Local Databases to find the link to Casebook. |
| 2 | Press the "Humanitarian" button and enter a search term to look for the agency employing the certifying official. |
| 3 | Review the right-hand column in Casebook for fraud indicators and other information. |
| 4 | Refer to the table below: <br><br> <table><tr><td>**If ...**</td><td>**Then ...**</td></tr><tr><td>A file contains an agency letter identifying a certifying official who is not identified in Casebook,</td><td>Photocopy the letter and forward it to the CFDU POC.</td></tr><tr><td>You do not find the name of a certifying official in Casebook,</td><td>Continue with the I-918 adjudication unless you have reason to question the certifier's validity.</td></tr><tr><td>If you determine that the certifying official is not the head of the agency and the certifier does not appear to be in a supervisory role,</td><td>• You may RFE asking to confirm the validity of a Form I-918, Supplement B certifying official.<br>• You must identify reasons that the certifying official does not appear to be a proper agency-designated official or why the signature appears to be fraudulent, invalid, or unacceptable.<br>• You must obtain supervisory concurrence to RFE for the validity of a certifying official.</td></tr></table> <br> **NOTE:** The file does not need to contain an agency letter identifying the certifying official. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004363

## Law Enforcement Certification, Continued

**Failure to Submit U Nonimmigrant Status Certification (Form I-918 Supplement B)**

Deny any Form I-918 filed on or after November 1, 2009 without issuing an RFE or NOID if it:

- Was not accompanied by a properly executed U Nonimmigrant Status Certification (Form I-918, Supplement B) at the time of filing; **and**
- Did not previously receive an approval under the Interim Relief program.

Refer to the table below if the file contains a blank or incomplete Form I-918B.

| If a Form I-918 is filed with ... | Then ... |
|---|---|
| A blank I-918B (none of the fields of the form are filled out), | You may immediately deny the Form I-918 as though there was no certification submitted. Note any other deficiencies in the record in the denial. |
| An I-918B that has no signature, | You may immediately deny the Form I-918 as though there was no certification submitted. Note any other deficiencies in the record in the denial.  You are not required to obtain a valid fingerprint response before denying the Form I-918. |

**NOTES**:
- This does not pertain to photocopied signatures.  If an I-918B has a photocopied signature of a certifying official, you must issue an RFE or NOID requesting the original signature.
- If a Form I-918, Supplement B is found in the file prior to adjudication, do not deny because the Supplement B was not part of the initial submission.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004364

# Law Enforcement Certification, Continued

**Withdrawal of U Nonimmigrant Status Certification (Form I-918 Supplement B)**

The law enforcement agency that issued the Form I-918, Supplement B may withdraw it at any time.

Follow the steps below when you receive a request to withdraw Form I-918, Supplement B.

| Step | Action |
|------|--------|
| 1 | Verify that the request to withdraw is from the agency that issued the Form I-918, Supplement B. |
| 2 | Determine the current status of the Form I-918. <table><tr><td>**If the Form I-918…**</td><td>**Then issue an...**</td></tr><tr><td>is pending,</td><td>Intent to Deny.</td></tr><tr><td>has been approved,</td><td>Intent to Revoke.</td></tr></table> |
| 3 | Place the Withdrawal letter on the record side of the file, on top of the Form I-918, Supplement B. |
| 4 | Annotate "Withdrawn" in the remarks block on the Form I-918, Supplement B. |
| 5 | Indicate the date of withdrawal in the remarks block on the Form I-918, Supplement B. |

I-918 SOP: Revised: May 24, 2018

18

DEF - 00004365

# Eligibility Requirement: Qualifying Criminal Activity

**Qualifying Criminal Activity Overview**

There are 26 crime categories listed in 101(a)(15)(U)(iii) of the INA that constitute qualifying criminal activity.  Petitioners must demonstrate that they are a victim of one of these crimes.

To meet the requirements for qualifying criminal activity, the certified crime must be:

1.  One of the statutorily enumerated crimes;
2.  The attempt, conspiracy, or solicitation to commit one of those crimes; or
3.  Criminal activity *substantially similar* to those statutorily enumerated crimes.

**Statutorily Enumerated Criminal Activity**

Qualifying criminal activity consists of one or more of the following, or any similar activity, in violation of federal, state, or local criminal law:

| | | |
|---|---|---|
| Abduction | Incest (victim is a minor) | Rape |
| Abusive Sexual Contact | Involuntary Servitude | Sexual Assault |
| Blackmail | Kidnapping | Sexual Exploitation |
| Domestic Violence | Manslaughter | Slave Trade |
| Extortion | Murder | Torture |
| False Imprisonment | Obstruction of Justice | Trafficking * |
| Felonious Assault | Peonage | Unlawful Criminal Restraint |
| Female Genital Mutilation | Perjury | Witness Tampering |
| Fraud in Foreign Labor Contracting | Prostitution | Stalking |
| Hostage | | |

**NOTE**:  The attempt, conspiracy or solicitation to commit any of these listed crimes also constitutes qualifying criminal activity.

Make a referral to the Bureau of Immigration and Customs Enforcement (ICE) for cases involving trafficking.  (See *Trafficking Referrals*).

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004366

# Eligibility Requirement: Qualifying Criminal Activity,
Continued

**Similar Activity**

For the purposes of adjudication, "*similar activity*" refers to criminal offenses in which the nature and the elements of the offense(s) are substantially similar to the statutorily enumerated list of criminal activities.

The wide variety of criminal statutes in federal, state, and local law often result in criminal activity being named differently despite the nature and the elements of the crime being comparable. Qualifying criminal activity may also occur during the commission of a non-qualifying criminal act. Though a perpetrator may not be charged with or prosecuted for the qualifying criminal activity but instead for the non-qualifying criminal activity. However, a qualifying crime must be certified.

**EXAMPLE**: In the course of investigating the crime of embezzlement, federal law enforcement discovers that the subject of the investigation also batters his alien wife. The battery could be a qualifying crime if the law enforcement official certifies the battery, whether or not the law enforcement agency chooses to forward those findings for additional investigation.

**Evidence of Similar Activity**

When the criminal activity is not directly on point with the statutorily listed activity, the petitioner is encouraged to submit evidence demonstrating how the activity is substantially similar to one of the enumerated crimes.

**EXAMPLE**: Police certify they are investigating a robbery. In the course of the robbery, the alien victim was beaten with a baseball bat. The only crime on the certification is robbery. However, the attack during the robbery may be considered substantially similar to felonious assault due to the nature and ferocity of the beating. Refer to the essential elements of the specific codified section of law for the crime that was certified to assist in this determination.

**Evidence of 'similar activity' may include, but is not limited to:**

1. A copy of the criminal statute showing the essential elements of the crime.
2. Factual information about the crime (from police reports, investigations, court transcripts, affidavits, etc.) demonstrating the similarity to the crimes enumerated in 101(a)(15)(U)(iii) of the INA.

20

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004367

# Eligibility Requirement: Victim

**Victim Overview**

The petitioner must demonstrate he/she has suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity.

There are provisions for both direct and indirect victims of qualifying criminal activity.  These provisions provide specific guidance for instances involving:
- murder and manslaughter;
- victims of violent crimes who are incapacitated or incompetent; and
- victims of witness tampering, obstruction of justice, and perjury.

**Direct Victim**

Direct victim means an alien who is directly and proximately harmed by qualifying criminal activity.

Any I-918 may be considered under the definition of direct victim.

**Bystanders Who Suffer Unusually Direct Injuries**

In rare instances, a bystander during the commission of qualifying criminal activity may be eligible for consideration as a victim.  Though the individual was not the one acted upon, the commission of the criminal activity may have harmed the individual in a substantial physical or mental way.  See 72 FR 53014.

**EXAMPLE:**  A pregnant bystander witnesses a violent crime and the resulting stress triggers her to have a miscarriage.  This individual may be considered a victim for the purposes of this classification.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004368

## Eligibility Requirement: Victim, Continued

| | |
|---|---|
| **Indirect Victim** | The definition of victim extends beyond those directly acted upon to include those indirectly harmed by the criminal activity, such as cases involving murder and manslaughter.<br>• This allows for the identification of someone as a victim when the direct victim is not available or not sufficiently able to participate in an investigation or prosecution.<br>• Broadening the definition of victim also allows for consideration of the crimes not against a person, such as witness tampering, obstruction of justice and perjury.<br><br>If a petitioner does not meet the definition of indirect victim, the petition must be considered in direct victim context (i.e. demonstrating direct and proximate harm based on the qualifying criminal activity).<br><br>**EXAMPLE:**  A 36-year-old woman is murdered.  Her mother files the I-918 as the victim.  The petitioner does not meet the restrictions for the "indirect victim" category as the deceased is over the age of 21; however, the petition may be considered in the direct victim context.<br><br>**IMPORTANT:**  To determine eligibility, look to the age of the victim at the time the crime occurred. |
| **Victim of Murder / Manslaughter** | A petitioner may be considered an indirect victim of ***murder*** or ***manslaughter***, if he/she is one of the following in relation to the deceased:<br><br>1.  Spouse of the deceased;<br>2.  Child under age 21 of the deceased; or<br>3.  (*If the deceased was under the age of 21 years*) the parents of the deceased and unmarried siblings under the age of 18 of the deceased. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential          DEF - 00004369

## Eligibility Requirement: Victim, Continued

**Victim of Witness Tampering, Obstruction of Justice or Perjury**

A petitioner may be considered a victim of ***witness tampering***, ***obstruction of justice*** or ***perjury***, if:

1. The petitioner has been directly or proximately harmed by the perpetrator of the witness tampering, obstruction of justice or perjury;

   **<u>AND</u>**

2. There are reasonable grounds to conclude that the perpetrator committed the witness tampering, obstruction of justice or perjury offense, at least in principal part, as a means:

   1) To avoid or frustrate efforts to investigate, arrest, prosecute, or otherwise bring to justice the perpetrator for other criminal activity; **<u>or</u>**

   2) To further the perpetrator's abuse or exploitation of or undue control over the petitioner through manipulation of the legal system.

**Victim is incapacitated / incompetent**

The broader definition of victim allows for consideration of certain family members of individuals who are incapacitated or incompetent. This allows those certain family members to fully participate in an investigation and/or prosecution of crimes committed against the incapacitated or incompetent victim.

An alien may be considered a "victim," if he/she is one of the following in relation to the incapacitated or incompetent victim of a crime:

1. Spouse;
2. Child under age 21; or
3. (*If the incompetent/incapacitated victim is under the age of 21 years*) the parent and unmarried siblings under the age of 18.

**NOTE:** When the direct victim of any qualifying criminal activity is a child under age 21, the parent may qualify as an indirect victim. USCIS will consider a child (under age 21 and unmarried) as incapacitated due to age.

*Continued on next page*

## Eligibility Requirement: Victim, Continued

**Culpability**

An alien being investigated or prosecuted for the qualifying criminal activity is excluded from being recognized as a victim of that criminal activity. Additionally, an alien being investigated or prosecuted for the qualifying criminal activity is excluded as a derivative of an alien who received or is seeking U nonimmigrant status based on that criminal activity.

This exclusion does not apply to an alien who committed a crime other than the one under investigation or prosecution, even if the crimes are related. USCIS draws a distinction between being culpable for the qualifying crime versus being culpable for other crimes.

**EXAMPLE 1**: An alien pays to be smuggled into the United States and illegally enters the country. In the process of the smuggling activity, the alien becomes a victim of involuntary servitude. Such an alien is not excluded as a victim.

**EXAMPLE 2:** An alien attempts to rob a bank and is shot by a police officer during the attempted robbery. The alien is excluded from classification as a victim of aggravated assault in relation to the shooting.

**Substantial Physical or Mental Abuse**

The "substantial" standard in this eligibility requirement addresses both the severity of the injury suffered by the victim and the severity of the abuse inflicted by the perpetrator.

The following should be taken into consideration when determining whether physical or mental abuse at issue qualifies as *substantial*:

1. The nature of the injury inflicted;
2. The severity of the perpetrator's conduct;
3. The severity of the harm suffered;
4. The duration of the infliction of harm; and
5. The extent to which there is permanent or serious harm to the appearance, health, or physical or mental soundness of the victim.

No single factor is a prerequisite to establish whether the abuse was substantial. The existence of one or more of the factors does not automatically create a presumption that the abuse suffered was substantial.

**Pre-existing Conditions**

Some victims may have a pre-existing physical or mental injury or conditions at the time of the abuse. Consider the extent to which any such conditions were aggravated by the qualifying criminal activity.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004371

# Eligibility Requirement: Victim, Continued

| | |
|---|---|
| **Series of Acts** | Some abuse may involve a series of acts or occur repeatedly over a period of time.  Consider the abuse in its totality to determine whether it is substantial.  A series of acts taken together may be considered to have caused substantial physical or mental abuse even where no single act alone meets that burden. |
| **Required Evidence** | Required evidence to establish that an alien has been the victim of substantial physical or mental abuse based on qualifying criminal activity consists of the following:<br>• A properly executed Form I-918, Supplement B, "U Nonimmigrant Status Certification" will be given significant weight.<br>• A signed statement by the petitioner describing the facts of the victimization; if the victim is under the age of 16, incapacitated or incompetent, a parent, guardian or next friend may submit the statement on behalf of the petitioner.<br><br>**NOTE:**  The certification is not considered conclusive evidence that the petitioner is a victim of substantial physical or mental abuse.  Petitioners are required to submit sufficient evidence to demonstrate that they meet this eligibility criterion. |
| **Additional Evidence of Abuse** | Additional evidence to demonstrate the abuse suffered may include, but is not limited to:<br>• Reports and affidavits from police, judges and other court officials<br>• Reports from medical personnel<br>• Affidavits from clergy or school officials<br>• Reports from social workers or other social agencies<br>• Protection orders<br>• Photos of the injuries supported by affidavits from individuals who have personal knowledge of the facts regarding the criminal activity |

25

Confidential

DEF - 00004372

# Eligibility Requirement: Possesses Information

---

**Possesses Information Overview**

The petitioner must possess information about the qualifying criminal activity of which he or she is a victim.

A petitioner will be considered to possess information about qualifying criminal activity of which he or she is a victim if he or she has knowledge of details concerning that criminal activity that would assist in the investigation or prosecution of that criminal activity.

Possessing information about a crime of which the petitioner is not the direct or indirect victim does not satisfy this requirement.

---

**Evidence**

Evidence to establish that an alien possesses information about qualifying criminal activity consists of the following:

1. Form I-918 Supplement B, "U Nonimmigrant Status Certification;"
2. Police reports;
3. Affidavits from police or judges; or
4. Documents from other court officials or law enforcement officials.

The certification alone is not considered conclusive to demonstrate that the petitioner meets this eligibility requirement.

Special considerations exist regarding the possessing of information for petitioners under age 16 at the time of the crime, petitioners who are incapacitated or petitioners who are incompetent.

---

**Victim Under 17 Years of Age**

When the victim is under 16 years of age, the requirement to possess information about the criminal activity can be satisfied by the following individuals providing the necessary evidence to law enforcement on behalf of the petitioner:

1. Parent
2. Guardian
3. Next friend

For visa adjudication purposes, the parent, guardian or next friend must provide evidence of his or her qualifying relationship to the petitioner as well as demonstrate that he/she possesses the required information.

---

*Continued on next page*

26

I-918 SOP: Revised: May 24, 2018

DEF - 00004373

# Eligibility Requirement: Possesses Information, Continued

**Age Exception**

For instances where the age exception is being utilized, the age of the victim on the day on which an act constituting an element of the qualifying criminal activity first occurred is the applicable age to consider for triggering the exception.

**Incapacitated or Incompetent Victim**

If the petitioner is incompetent or incapacitated, and therefore unable to demonstrate that he/she possesses information about the qualifying criminal activity, the following individuals may provide the required assistance to law enforcement:

1. Parent
2. Guardian
3. Next friend

For visa adjudication purposes, the parent, guardian, or next friend must provide:
- Evidence that he/she possesses information;
- Evidence of his or her qualifying relationship to the petitioner; and
- Evidence of the petitioner's incapacity or incompetence of the petitioner.

**Evidence of Incapacitation or Incompetence**

Evidence of the incapacitation or incompetence may include:
- Medical reports regarding the incapacitation
- Reports of licensed medical professionals demonstrating the incapacity or incompetence of the petitioner
- Court declaration of incompetence

**Evidence Parent / Guardian / Next Friend Possesses Information**

Evidence the parent/guardian/next friend possesses information may include:
- Properly executed Form I-918 Supplement B, "U Nonimmigrant Status Certification"
- Police reports
- Court documents

**Evidence of Relationship to Petitioner**

Evidence of the relationship to the petitioner may include:
- Birth certificate of the petitioner
- Court documents demonstrating recognition of the individual as "next friend"
- Court documents demonstrating recognition of the individual as the guardian

27

I-918 SOP: Revised: May 24, 2018

DEF - 00004374

# Eligibility Requirement: Helpfulness

| | |
|---|---|
| **Helpfulness to Law Enforcement Authorities Overview** | The petitioner must demonstrate that he or she has been, is being or is likely to be helpful to a certifying official or authority in the investigation or prosecution of the qualifying criminal activity. |

| | |
|---|---|
| **Helpfulness** | Helpful means assisting law enforcement authorities in the investigation or prosecution of the crime of which he or she is a victim.

In order for the petitioner to remain eligible for U nonimmigrant status, he or she cannot refuse or fail to provide reasonably requested information and assistance.  USCIS interprets the statue to impose an *ongoing responsibility* to provide assistance when there is an ongoing need.

If the petitioner only reports the crime and is unwilling to provide information concerning the criminal activity to allow an investigation to move forward, or refuses to continue to provide assistance to an investigation or prosecution, this does not constitute helpfulness.

In order to qualify for permanent residence based on U nonimmigrant status, the alien must not have unreasonably refused to provide assistance in the criminal investigation or prosecution. |

| | |
|---|---|
| **Evidence of Helpfulness** | Evidence to establish that an alien meets the helpfulness eligibility criteria includes but is not limited to following:

1. Form I-918 Supplement B, "U Nonimmigrant Status Certification"
2. Police reports
3. Affidavits from police or judges
4. Documents from other court officials or law enforcement officials.
5. News Articles
6. Copies of reimbersement forms to and from court
7. Affidavits of other witnesses

Special considerations exist regarding helpfulness for petitioners:
- under age 16 at the time of the crime;
- who are incapacitated; or
- who are incompetent.

Special considerations also exist for the certification for those individuals previously accorded interim relief. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004375

# Eligibility Requirement: Helpfulness, Continued

**Helpfulness in Question**

USCIS believes it is in the best position to determine whether the petitioner is fulfilling the helpfulness requirement for this visa. Claims of helpfulness made on a certification may be considered primary but not presumptive evidence of helpfulness. You may question these claims when a review of the record warrants it. Such a determination will be made on a case-by-case basis and be driven primarily by evidence contained in the record.

**Certifying Official Responsible for Veracity of Certifications**

The alien may choose which law enforcement agency to ask for his/her certification. USCIS is not in a position to contact every prosecution district after receiving certifications from investigating authorities to verify that the prosecutor agrees with the original investigator's certification. Certifying officials are responsible for the veracity of the certifications they provide. If a certifying agency's stance changes on any given certification, the certifying agency is responsible for contacting USCIS.

**Ongoing Helpfulness**

The statute governing the helpfulness requirement (8 USC 1101(a)(15)(U)(i)(III)) is written in several verb tenses. This allows for aliens to file for U nonimmigrant status at various times in the investigation or prosecution.

This creates an on-going requirement that the alien remain cooperative with the certifying agency (as it pertains to the alien's qualifying criminal activity) while applying for and throughout the alien's time in U nonimmigrant status.

If USCIS is made aware that the alien ceased cooperating with law enforcement in regard to the qualifying criminal activity, then USCIS will contact the certifying agency to obtain information to determine whether the alien is satisfying the on-going helpfulness requirement.

The helpfulness requirement is written in several verb tenses which allows for helpfulness at the start of an investigation but also requires the on-going cooperation through the sentencing phase, if it should reach that stage, as the investigation and prosecution is interpreted to include the sentencing phase of the justice system.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004376

## **Eligibility Requirement: Helpfulness**, Continued

The range of certifying agencies covers federal, state, and local law enforcement as well as certain other agencies who have criminal investigative jurisdiction in their respective areas of expertise. This array has the potential to create contradicting opinions within law enforcement over which entity has the dominate power to determine helpfulness at various stages of criminal cases.

The question of hierarchy within the federal, state or local law enforcement systems is not relevant in the context of USCIS adjudication. The merits and weight of the evidence the various agencies can provide is the determinative factor.

**EXAMPLE**: You receive a certification from a judge citing an alien was helpful during the sentencing phase of a qualifying crime of which that alien is a victim. You also receive opposing information from the attorney who prosecuted the qualifying crime. Review the contradictory assessments from the law enforcement authorities in light of the totality of the evidence provided for the I-918. If additional evidence is needed to clarify the contradicting law enforcement authorities, follow the steps described in ***Procedure for Contacting Law Enforcement*** to obtain such information. Review the evidence received on a case-by-case basis to determine whether the alien meets the helpfulness requirement.

Weigh the offerings of the contradicting agencies/officials in light of the requirements of the visa.

---

**Other Instances**

Incidents beyond the alien's control may affect the course of an investigation or prosecution. The alien's eligibility shall not be adversely affected for circumstances of that nature.

**EXAMPLE**: The alien submits a certification from a police officer for the crime of battery. The perpetrator is killed in a car accident prior to the charge going to trial. USCIS receives a letter from the prosecutor stating the case is no longer open due to the death of the defendant so that the alien can no longer be considered helpful. The alien victim is not at fault in the failure to prosecute in this case. The alien may still rely on the initial certification to demonstrate he/she met the helpfulness criteria.

*Continued on next page*

# Eligibility Requirement: Helpfulness, Continued

**Procedure for Contacting Law Enforcement**

If you have reason to believe the petitioner's helpfulness to, or continuing cooperation with the investigation or prosecution should be questioned, you may contact the certifying official for further information.

| Stage | Description |
|---|---|
| 1 | The ISO forwards all requests to contact the certifying agency to the ISO 3 assigned to the U program. |
| 2 | The ISO 3 reviews the filing and determines whether the law enforcement agency should be contacted. |
| 3 | If contact is warranted, the ISO 3 forwards the file and relevant questions to the Center Fraud Detection Operations Unit (CFDO). |
| 4 | CFDO will initiate and conduct all contact with the certifying agency or other related law enforcement officials and provide results of the contact. |

The results of the contact and any documentation it generates will also be placed in the record.

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004378

# Eligibility Requirement: Criminal Activity Violated U.S. Law

| | |
|---|---|
| **Criminal Activity Overview** | In order to qualify for U nonimmigrant status, the criminal activity that resulted in the victimization of the petitioner must either violate the laws of the United States or occurred in the United States including Indian country and military installations) or the territories and possessions of the United States. |
| **Criminal Activity Occurred in the United States** | In order to qualify for U nonimmigrant status, the criminal activity that resulted in the victimization of the petitioner must either violate the laws of the United States or occur in the United States. |
| **Criminal Activity Violated the Laws of the United States** | USCIS interprets the phrase "violated the laws of the United States" to mean criminal activity that occurred outside the United States that is in violation of U.S. law. |

This entails criminal activity that occurred outside the United States but that fits within a type of criminal activity listed in section 101(a)(15)(U)(iii) of the Act. Such activity will be considered to violate U.S. law if it violates a <u>federal statute</u> that specifically provides for extraterritorial jurisdiction.

**EXAMPLE**: Per 18 U.S.C. 2423(c), the United States has the jurisdiction to investigate and prosecute cases involving U.S. citizens or nationals who engage in illicit sexual conduct outside the United States, such as sexually abusing a minor.

Prosecution of the certified crime does not need to actually occur as the statute only requires the petitioner to be helpful in the investigation or prosecution of the criminal activity. Prosecution may not be possible in some cases due to factors such as an inability to extradite the defendant.

*Continued on next page*

32

I-918 SOP: Revised: May 24, 2018

DEF - 00004379

# Eligibility Requirement: Criminal Activity Violated U.S. Law, Continued

**Evidence**

Evidence to establish that the criminal activity violated U.S. law or occurred in the United States includes but is not limited to the following:

1. Properly executed Form I-918 Supplement B, "U Nonimmigrant Status Certification" stating where the criminal activity occurred
2. Police reports
3. Affidavits from police or judges
4. Documents from other court officials or law enforcement officials

If the criminal activity on Form I-918, Supplement B, occurred outside the United States, there must also be evidence demonstrating the statutory authority providing extraterritorial jurisdiction to prosecute the offense in a U.S. federal court.

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004380

# Qualifying Family Members

**Qualifying Family Member Overview**

Certain qualifying family members of the petitioner/principal (U-1) may accompany or follow to join the alien victim and obtain U nonimmigrant status, regardless of whether the family member(s) is in the United States or overseas.

A separate "Petitioner for Qualifying Family Member of U-1 Recipient" (Form I-918, Supplement A) must be submitted for each family member.

Evidence to prove the relationship is needed.  Documentary requirements for civil registration and timeliness of registration for relationship documents apply.  See the *I-130 Adjudicator's Field Guide* for specifics.

**Qualifying Family Member Petition Received After I-918**

When processing an I-918, Supplement A that was received after the principal I-918 filing, Determine the location of the principal's A-file. Order the principal's A-file if necessary to continue the processing of the I-918, Supplement A.

| If the principal is… | Then… |
|---|---|
| A-File is at the VSC and is waitlisted, | Route the derivative's A-file to join the principal's A-file once the derivative petition is adjudicated, using the I-918 Routing Sheet. |
| I-918 is pending at the VSC, | Route the derivative's A-file to join the principal's A-file, using the I-918 Routing Sheet. |
| I-918 has a final action (approval or denial), | Adjudicate the I-918, Supplement A to final action. |

I-918 SOP: Revised: May 24, 2018

Confidential

# Eligibility for Qualifying Family Members

| Determining Qualifying Family Members | Qualifying family members are determined by the age of the principal on the date the principal filed Form I-918. |
|---|---|

| If the principal is… | Then the qualifying family members can be… |
|---|---|
| UNDER the age of 21 at the time of filing, | U-2 – principal's spouse<br>U-3 – principal's children (unmarried and under age 21*)<br>U-4 – principal's parents<br>U-5 – principal's unmarried siblings (under age 18*) |
| Age 21 or OLDER at the time of filing, | U-2 – principal's spouse<br>U-3 - principal's children (unmarried and under age 21*) |

**\*NOTE**:  Age of the qualifying family member is calculated based on the age of the qualifying family member at the time the principal filed the I-918.

| Existence of the Relationship | The relationship between the principal and the family member must exist at the time the principal's Form I-918 was filed. |
|---|---|

The relationship must also continue to exist at the time the derivative's Form I-918, Supplement A, is adjudicated <u>and</u> at the time the qualifying family member is admitted to the United States in U nonimmigrant status.

If the principal proves he or she became the parent of a child <u>after</u> Form I-918 was filed, the child will be eligible to accompany or follow to join.

| Initial Evidence | Each Form I-918 Supplement A must be accompanied by the following: |
|---|---|

1.  Evidence of principal's filing:
    1)  If the principal's Form I-918 is pending, a copy of the Principal's Form I-918 filing must accompany the derivative petition; or
    2)  If the principal has already been granted U-1 nonimmigrant status, he or she may submit a copy of the I-94 showing his/her admission in U-1 status.
2.  Evidence of the qualifying family member's relationship with the principal. See the I-130 Adjudicator's Field Guide for details.
3.  (*If the beneficiary is inadmissible*) Application for Advance Permission to Enter as a Nonimmigrant (Form I-192) with fee or fee waiver request.

*Continued on next page*

Confidential

DEF - 00004382

# Eligibility for Qualifying Family Members, Continued

**Prohibition for Certain Family Members**

Do NOT grant U-2, U-3, U-4 or U-5 nonimmigrant status to a qualifying family member who committed the qualifying criminal activity in a family violence or trafficking context which established the principal alien's eligibility for U nonimmigrant status.

**EXAMPLE**:  A woman applies for U nonimmigrant status as victim of domestic violence.  Her spouse, who perpetrated the certified crime of domestic violence, is excluded from consideration as a U-2 as he is culpable for the qualifying criminal activity.

**IMPORTANT:**  In cases where the perpetrator of the certified crime is a family member that could derive from the principal, carefully review the I-918B.

**Principal Adjusted to LPR Status**

If the principal (U-1) has adjusted to that of an LPR while the I-918A remained pending, the I-918A must be denied.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004383

# Eligibility for Qualifying Family Members, Continued

**Age-out Restrictions**

Regulation and policy accords protections from aging-out of eligibility for certain qualifying family members (QFM).  Refer to the table below to determine if the QFM is eligible.

| If… | Then… | Pursuant to… |
|---|---|---|
| Interim relief was granted to the QFM as a child of the principal and that QFM was under 21 at the time of interim relief filing, | QFM remains eligible for consideration as a U-3 even if the QFM will be over 21 at the time the I-918A is approved. | AFM Chapter 39 Section (f)(4)(iv) |
| A sibling was under the age of 18 at the time the I-918A was filed and the principal was under the age of 21 at the time the I-918 was filed but the principal is no longer 21 at the time of final adjudication, | QFM remains eligible for U-5 consideration as long as the QFM remains unmarried. | 8 CFR 214.14(f)(4(ii) |
| The principal becomes the parent to a child after the I-918 is filed, | The child can be considered as a QFM (U-3) despite the relationship not existing at the time the I-918 was filed. | 8 CFR 214.14(f)(4)(i) |
| The principal was under 21 at the time the I-918 was filed and filed for a parent or a sibling (who was unmarried and under 18) and the principal is no longer under 21 at the time the I-918 is approved or adjudicated, | The parent or unmarried sibling remains eligible for U-4 (parent) or U-5 (sibling) consideration despite the principal no longer being under 21 and the sibling no longer being under 18 (but still must be unmarried). | AFM Chapter 39 Section (f)(4)(iii) |
| The principal was over 21 and filed for a U-3 (derivative child) who was under 21 at the time of filing the I-918 but who is over 21 at the time of adjudication or final decision, | The QFM U-3 was under 21 at the time the petition was filed. The QFM remains eligible. | Violence Against Women Act of 2013 |

37

Confidential

# Evidence of a Qualifying Relationship

| | |
|---|---|
| **Spouse of U-1** | The following evidence is needed to establish a qualifying relationship of a **spouse** of a U-1 petitioner (principal): <br><br> • Marriage Certificate <br> • Termination of all previous marriages of the U-1 (principal) <br> • Termination of all previous marriages of the U-2 (derivative) |
| **Biological or Adopted Child of U-1** | The following evidence is needed to establish a qualifying relationship of a **biological or adopted child** of a U-1 petitioner (principal): <br><br> • Birth certificate of the child showing the parents' names <br> • Legal adoption decree of the child. |
| **Step Child of U-1** | The following evidence is needed to establish a qualifying relationship of a **step child** of a U-1 petitioner (principal): <br><br> • Birth certificate of the child showing the parents' names <br> • Marriage certificate for the U-1 principal and child's biological parent (prior to the child turning age 18) <br> • Termination of the U-1's previous marriage(s) <br> • Termination of the biological parent's previous marriage(s) |
| **Parent of U-1** | The following evidence is needed to establish a qualifying relationship of a **parent** of a U-1 petitioner (principal): <br><br> • Documentation cited above for appropriate category of "child" relationship whether it is biological, step or adopted. <br><br> **NOTE**:  To qualify as a parent of the U-1, the principal must be under 21 at the time the U-1 filed his or her form I-918. |

*Continued on next page*

Confidential

# Evidence of a Qualifying Relationship, Continued

**Sibling of U-1**

The following evidence is needed to establish a qualifying relationship of a **sibling** of a U-1 (principal):

1. Birth certificate of U-1 showing parents' names
2. Birth certificate of sibling showing parents' names
3. Marriage documentation and marriage termination documentation needed for a step relationship (if applicable)
4. Adoption documentation (if applicable)

**NOTE**: To qualify as a sibling of a U-1, the principal must be under 21 at the time the U-1 filed Form I-918 and the sibling must be under the age of 18.

Confidential                                                    DEF - 00004386

# Filing from Outside the United States

**Outside the U.S. Overview**

Aliens outside the United States are allowed to file for U Nonimmigrant Status.

Eligibility requirements for U Nonimmigrant Status for those filing from outside the United States are the same as for those filing from within the United States.

The required forms and evidence are sent to the Vermont Service Center for adjudication.

**Evidence**

Petitioners filing from outside the United States must meet the same eligibility requirements for principals and qualifying family members as those filing from within the United States.

Evidentiary requirements and standards are the same.

**Photo Requirement**

Photos are not required for:
- Approvals that will be processed at the Kentucky Consular Center (KCC).
- A Form I-918 or Form I-918, Supplement A with no deficiencies or discrepancies in the record that would require an RFE or NOID at the time of initial adjudication.

Photos should be requested for a Form I-918 or Form I-918, Supplement A with deficiencies or discrepancies in the record that would require an RFE or NOID.  Include the request for photos in the RFE or NOID seeking other additional evidence.

**NOTE**:  Do not deny any petitions solely because photos were not submitted.

**Worksheet Annotations**

Do not route the file to FCU for updating.  There is no update to the COA for overseas filings.  Aliens who are processing overseas for their visas are not placed in U nonimmigrant status until they are inspected at a port of entry and permitted to enter as a U nonimmigrant.

40

Confidential

DEF - 00004387

# Interim Relief Considerations

| | |
|---|---|
| **Interim Relief Overview** | There is no deadline for submission of U nonimmigrant status petitions for those who previously filed for interim relief. |
| | Petitioners and accompanying or following to join family members who were granted interim relief were initially encouraged to file Form I-918 by April 14, 2008 (within 180 days of the effective date of the rule). Guidance issued in 2009 delayed that date until February 1, 2010. Interim relief was terminated for all recipients that did not file the Form I-918 or have a Form I-918, Supplement A, filed on their behalf prior to February 1, 2010. |
| **Interim Relief Continuation** | The U rule became effective on October 17, 2007. |
| | Aliens who received deferred action issued by the Interim Relief program who have filed Form I-918 but whose form has not yet been adjudicated, may have that deferred action extended until USCIS completes the adjudication of the I-918. Extensions are granted upon written request of the alien or by the filing of an I-765 seeking work authorization under 8 CFR 274a.12(c)(14). |
| **Initial Evidence Requirements** | Individuals who received an interim relief approval are not required to submit initial evidence when filing Form I-918. |
| **Law Enforcement Certifications** | Generally, USCIS will consider the certification submitted for interim relief to meet requirements for interim relief purposes in lieu of Form I-918, Supplement B. However, aliens who received interim relief are not precluded from submitting Form I-918, Supplement B if they choose. |
| | USCIS will be lenient regarding the signing official (whether or not it is the head of the agency or someone in a supervisory role specifically designated by the head of the agency) if the document meets all other requirements for a certification. |
| **Approvals** | Petitioners whose I-918 is approved and who were granted interim relief will be accorded U nonimmigrant status as of the date that the U interim relief was initially approved. |

I-918 SOP: Revised: May 24, 2018

Confidential

# Classifications and Duration of Status

**Classification and Validity Dates**

The U-visa accords aliens nonimmigrant status.  As such, upon approval of Form I-918 (and Form I-192, as necessary) they will be provided an Arrival-Departure Record (Form I-94) showing their classification and the validity period of their nonimmigrant status.

After three years in U nonimmigrant status, the alien may apply for adjustment to that of a lawful permanent resident by filing the Application to Register Permanent Residence or Adjust Status (Form I-485).

**Nonimmigrant Classifications**

Refer to the chart below for the appropriate classification:

| If the alien is the… | Then the classification is… |
| --- | --- |
| Principal, | U-1 |
| Spouse of the principal, | U-2 |
| Child (*unmarried and under 21*) of the principal | U-3 |
| Parent of the principal | U-4 |
| Siblings (under 18 and unmarried) of the principal | U-5 |

**Validity Dates**

The initial approval of U-1 nonimmigrant status shall be for a period of four years minus one day from the date of approval of Form I-918.

Extensions of this nonimmigrant status are possible in certain circumstances when the initial validity period was less than four years.  U nonimmigrant status may be approved for a period not to exceed four years in the aggregate.

Generally, a derivative family member granted U-2 through U-5 nonimmigrant status will be approved for an initial period that does not exceed the expiration date of the initial period granted to the principal.

**NOTE**:  U-3 Derivatives will be granted the full four year validity period even if it is longer than the principal petitioner's validity period.  See memo dated Dec 2012.

**Interim Relief**

Petitioners granted U interim relief will be accorded U nonimmigrant status as of the date that a request for U interim relief was initially approved.

42

# Biometrics

| | |
|---|---|
| **Requirement** | All aliens between the ages of 14 and 79 seeking U nonimmigrant status must submit to biometrics capture.  The biometrics are fee exempt. |

| | |
|---|---|
| **Process** | USCIS will notify the applicant of the time and location to appear for fingerprinting after the petitioner files Form I-918. |
| | Do not approve an I-918 or I-918, Supplement A, until the FBI fingerprint response is received. |
| | If an I-918 or I-918, Supplement A, is otherwise deniable, you may deny the case without first obtaining a valid fingerprint response.  If you determine that criminality issues exist, you may request biometrics capture (or a refresh of an expired fingerprint response) if that information will assist in properly adjudicating the petition or application. |

| | |
|---|---|
| **Form FD-258** | Form FD-258, Applicant Card, will only be accepted if prepared by a: |

- USCIS office,
- Registered state or local law enforcement agency designated by a cooperative agreement with USCIS to provide fingerprinting services (designative law enforcement agency),
- U.S. consular office at U.S. embassies and consulates, or
- U.S. military installation.

| | |
|---|---|
| **Needing Biometrics (in the United States)** | Fingerprints are needed for all U nonimmigrant status seekers age 14 and older.  If an alien in the United States was under 14 at the time he/she filed the I-918 or had the I-918A filed on his or her behalf, but is 14 or older at the time the form is adjudicated, you must obtain fingerprint results prior to final adjudication. |
| | You must request fingerprints via NASS in Centerserve. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004390

# Biometrics, Continued

**Needing Biometrics (outside the United States)**

Aliens outside the United States must provide fingerprints using the overseas process. If an alien outside the United States was under 14 at the time he or she filed the I-918 or had the I-918A filed on his/her behalf, but is 14 or older at the time the form is adjudicated, an overseas fingerprint notice must be issued. No fee solicitation is needed as USCIS does not take fees for prints obtained overseas.

Route the file to Data Entry using the *Div 6 MRD Fingerprint Scheduling* worksheet. Indicate "Overseas fingerprint scheduling" on the worksheet.

**Needing Biometrics (Extenuating Circumstances)**

In cases where extenuating circumstances exist, you may issue an RFE for the fingerprints and provide the alien with FD-258 cards and the instruction sheet for an alternative way to obtain fingerprints. In these instances, please discuss with SISO or I-918 POC prior to requesting fingerprints through an RFE.

44

I-918 SOP: Revised: May 24, 2018

DEF - 00004391

# Scheduling Biometrics

**NASS Request for I-918**

The fingerprint request program has been added in Centerserve.  You must use the Short Form NASS Request in Centerserve for all principal filings and the Detailed NASS Request in Centerserve for all derivatives.  The information must be populated by the ISO.  Guidance for requesting appointments and populating the information is provided below.

Before scheduling any prints you must first verify that the information has not downloaded into CPMS.  You must also verify that an appointment has not already been scheduled.  If an appointment is pending a request is unnecessary.

If you only need the fingerprint refreshed, follow the directions found in the *CPMS Resubmit Button Guide* in the help section of CPMS to refresh the fingerprint results.

For any other request, choose the button that says: "Proceed to NASS Request."  You must choose the "Yes" button for all VAWA related cases.

| Principal I-918 | Receipt Number 1 (Req.) | Receipt Number 2 | Appointment Type (Req.) | Priority Code (Req.) | Scheduling Zip Code (Req.) Do not use the Safe Address |
|---|---|---|---|---|---|
| **Age In** | I-918 | N/A | 3-Fingerprints and Biometrics | 1 | Petitioner's The ASC |
| **No prints on file** | I-918 | N/A | 3-Fingerprint and Biometrics | 1 | Petitioner's The ASC |
| **Expired fingerprint or need updated RAP Sheet** | I-918 | N/A | 1-Fingerprint only | 0 | Petitioner's The ASC |
| **Identity Issue** | I-918 | N/A | 3-Fingerprint and Biometric | 1 | Petitioner's The ASC |
| **Two applicants assigned to one A-number** | I-918 | N/A | 3-Fingerprint and Biometric | 1 | Petitioner's The ASC |
| **One unclassifiable print and auto re-schedule did not happen** | I-918 | N/A | 1 or 3 as needed | Report to Analyst | |

*For any filings outside of the United States you must use the HD MRD FP Scheduling Worksheet.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004393

## **Scheduling Biometrics,** Continued

| NASS Request for Derivative Filings | For Derivative Filings, use the Detailed NASS Request.  Guidance for requesting appointments and populating the information is provided below. |
|---|---|

**EXCEPTION:** All derivatives with expired prints may be refreshed by following the directions found in the *CPMS Resubmit Button Guide* in the help section of CPMS, even if they are residing overseas, as long as we have fingerprints prints on file.

| I918A | Age In | No Prints on File | Expired Prints | Identity Issues | Two applicants assigned to One A# | One unclassifiable print and auto re-schedule did not happen |
|---|---|---|---|---|---|---|
| **A Number** | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A |
| **Receipt #** | VTU # | VTU # | VTU # | VTU # | VTU # | VTU # |
| **Form Type** | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A |
| **DOB** | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A |
| **First and last name** | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I918A |
| **Complete Safe Address include C/O** | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A | Of the I-918A |
| **Appointment Type** | 1-Fingerprint Only | | | | | |
| **Priority Code** | 1 | 1 | 0 | 1 | 1 | Report to Analyst |

**NOTES:**

For any filings outside of the United States where there are no print results, you must use the HD MRD FP Scheduling Worksheet.

All fingerprints can be refreshed using the short form in NASS, even if overseas as long as we have a FP result on file.

*Continued on next page*

47

I-918 SOP: Revised: May 24, 2018

## Scheduling Biometrics, Continued

| | |
|---|---|
| **Annotating Worksheet** | You must fill out the HD MRD Fingerprint Scheduling worksheet completely.<br>• Check "Return to Officer."<br>• Enter your RAILS code and cube number.<br><br>**IMPORTANT**: You must ensure the worksheet is completed for aliens needing biometrics, whether they are inside or outside of the United States. |
| **Failure to Appear for Biometrics (in the United States)** | Generally, aliens in the United States must appear for the capturing of biometrics at an Application Support Center (ASC).<br><br>The regulations state that the initial failure to appear shall be excused if the notice for the biometric capture appointment was not mailed to the alien's current address and such address had been provided to USCIS unless USCIS determines that the alien received reasonable notice of the appointment.<br><br>In accordance with VSC policy, send the filing for rescheduling if the first appointment does not result in biometrics being captured for any reason.<br><br>Failure to appear for biometric capture after the second scheduling at an ASC in the United States will result in an abandonment denial of the petition. Refer to the table below when processing a case following a scheduled ASC appointment: |

| If the alien… | Then… |
|---|---|
| appears for the second scheduled ASC appointment, | Continue adjudicating the file. |
| fails to appear for the second scheduled ASC appointment, | • Wait 90 days after that appointment;<br>• Check the NASS website and CPMS.<br>• Deny the case for abandonment if the system checks do not establish that the biometrics have been captured. |

**NOTE**: The burden of proof is on the alien to establish that he or she failed to receive reasonable notice of an appointment. The alien must notify USCIS of any change of address (per 8 CFR 265.1) prior to the date on which the notice for biometric capture was mailed to the alien.

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004395

## Scheduling Biometrics, Continued

**Failure to Provide Fingerprints (outside the United States)**

Failure to return FD-258 cards after making a second request for the fingerprints will result in an abandonment denial of the petition.

**Excusing Failure to Appear**

Failure to appear for biometric capture may be excused at the discretion of USCIS if:

1.  The alien promptly contacts USCIS; and
2.  The alien demonstrates that the failure to appear was the result of exceptional circumstances.

You must receive permission from the SISO to grant more extensions to submit fingerprints after a second ASC appointment is scheduled or after a second overseas request is made.

49

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004396

# Fingerprint Results

**Unclassifiable Fingerprints**

Refer to the chart below when a file contains unclassifiable fingerprints.

| If the… | Then… | |
|---|---|---|
| First FD-258 card Scanned and Print Response is unclassifiable (Overseas prints), | Send second FD-258 for dead scanning. | |
| Second FD-258 card Scanned and Print Response is still unclassifiable (Overseas prints), | Send RFE for local clearances. | |
| First fingerprint response is "R" (ASC prints), | Check the NASS website for a new appointment. | |
| | **If there is...** | **Then...** |
| | A new appointment date, | Stop the adjudication until the fingerprint date. |
| | No new appointment date, | Request and appointment via NASS in CenterServe. |
| Second fingerprint response is "R" (ASC prints), | Send RFE for local clearances. | |
| Exceptional circumstances impede attending ASC appointment or getting overseas prints taken, | See your SISO or an ISO 3. | |

*Continued on next page*

50

I-918 SOP: Revised: May 24, 2018

DEF - 00004397

## Fingerprint Results, Continued

**Check CPMS for Fingerprint Response**

A fingerprint response is valid if it is within 15 months of the "Date Processed by the FBI."

Follow the steps below to check for a fingerprint response:

| Step | Action |
|------|--------|
| 1 | Access CPMS. |
| 2 | Select [CPMS QUERY]. |
| 3 | Enter the A-number and select [Search]. |

| If the alien has been fingerprinted... | Then... |
|---|---|
| Once and only in relation to the I-918, | The next screen will display the FBI response record for the I-918 (may appear as Form X-999.) |
| More than once, | • The next screen will display a listing of each record by form type (i.e. I-485, I-751). <br> • Expand the record for the I-918 or any valid FBI response generated by the I-918/I-918A by selecting the plus "+" symbol to the left of the record. <br> • Select [FBI Response Text] to display the FBI response record. |

| Step | Action |
|------|--------|
| 4 | Verify that the FBI response record relates to the alien named on the I-918/I-918A. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004398

## Fingerprint Results, Continued

**Fingerprint Response**

Print a copy of the FBI response record and place it on the non-record side of the file.  Refer to the table below after checking CPMS for a fingerprint response.

| If a valid FBI response record is... | And the "Date Processed by the FBI" is... | Then ... |
|---|---|---|
| "N" Non-Ident, | Less than 15 months old, | Proceed with adjudication. |
| | More than 15 months old, | Check the "NASS link" in CenterServe for a new appointment; if none, go to the section titled *"Fingerprint Refresh Procedure."* |
| "I" Ident (does not contain RAP sheet), | Less than 15 months old, | Print the RAP sheet from CPMS. Refer to "Reviewing IDENT Response" section later in this SOP. |
| "I" Ident (file contains RAP sheet), | Less than 15 months old, | Refer to "Reviewing IDENT Response" section later in this SOP. |
| "I" Ident, | More than 15 months, | Go to the section titled *"Fingerprint Refresh Procedure"*.  An updated RAP sheet can usually be viewed in CPMS within 72 hours of the refresh request. When RAP sheet has been obtained, refer to "Reviewing IDENT Response. |
| Only 1 "R" (Unclassifiable), | More than 6 months old, | Check the "NASS link" in CenterServe for new appointment; if none, schedule a fingerprint appointment using the "NASS Request" in CenterServe. |
| | Less than 6 months old, | Return the file to the FP shelf.  The ASC should automatically reschedule. If still no new response after 6 months, proceed as above. |
| Only 1 "Unclassifiable" and an "N" or "I" valid response within 15 months generated by any form type, | N/A | See applicable process for "N" or "I" above. |
| More than 1 "R" (Unclassifiable), | N/A | Prepare an RFE seeking police clearances. When a response is received, review evidence for criminal convictions.  If no convictions, proceed with adjudication. |

*Continued on next page*

52

I-918 SOP: Revised: May 24, 2018

## Fingerprint Results, Continued

**FD-258 in File but No Results in System**

If the file contains an FD-258 for the alien that was generated based on the I-918/I-918A filing, but there are no results in CPMS, verify whether the prints have been dead scanned.  If there is no barcode on the FD-258, the card has not been scanned.  Determine if there is sufficient data on the card for scanning.

The following fields must be completed on behalf of the alien being printed in order to have the card scanned (see below):
1. Alien's name
2. Signature of the alien
3. Residence of the alien
4. Signature of official taking the prints and date
5. Embassy/consulate or military installation where prints were taken
6. Reason for fingerprints (may write in I-918 if space left blank)
7. Country of Citizenship of the alien
8. Alien's A#
9. Date of birth of the alien
10. Place of birth of the alien

If the fields are all completed, send the file to the dead scan shelf in FCU.

**No Record Found**

Refer to the table below when there is no record found:

| If ... | Then ... |
|---|---|
| A message appears at the bottom of the screen stating that no records were found relating to the A-number, | Search for a record using the Name and DOB function.<br><br>**NOTE:**  *This step is important as the CPMS response is posted to CIS by A-number.  If the response is posted with an incorrect A-number, the response will not appear when using the A-number search.* |
| Still unable to locate a record, | Check the NASS website to verify the alien was scheduled for processing.  See NASS UAT USER GUIDE for instructions. |
| Child was under the age of 14 at the time of the biometric appointment, but has since attained the age of 14 at time of adjudication, | Schedule fingerprints via NASS in Centerserve. |

*Continued on next page*

53

Confidential

DEF - 00004400

## Fingerprint Results, Continued

**Reviewing IDENT Response**

An individual will have an IDENT response after being fingerprinted if they have an FBI rap sheet.  The rap sheet contains immigration violations as well as criminal arrests, charges, and convictions.

An IDENT response may impact the eligibility requirements.  Review the information carefully and determine if there is any impact on the eligibility requirements (including inadmissibility issues).

| Step | Action |
|------|--------|
| 1 | Review the RAP sheet which is usually located on the non-record side of the file to identify criminal convictions that make the individual inadmissible under section 212(a) of the Immigration and Nationality Act (INA) or otherwise might impact the eligibility requirements. |

| If the rap sheet shows... | Then determine if the... |
|---------------------------|--------------------------|
| Immigration violations, | Violations make the alien inadmissible and require a waiver. |
| Criminal convictions, | Convictions make the alien inadmissible. |

| Step | Action |
|------|--------|
| 2 | Review the evidence of record as it relates to the convictions identified on the rap sheet. |

| If you... | Then ... |
|-----------|----------|
| Cannot determine the disposition of the arrests or charges, | Prepare an RFE using the appropriate call-up, requesting information regarding the charges. |
| Can determine that the:<br>1. Criminal convictions do not make the individual inadmissible; or<br>2. Charges were dismissed; or<br>3. Arrests and/or charges did not result in convictions; | Write "Rap Sheet Reviewed" and your RAILS code in the Remarks section of the front of the petition and proceed with adjudication. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004401

# Fingerprint Results, Continued

**Fingerprint Refresh Procedure- When to Use**

- See the *NASS Requests for I-918* chart to request an updated RAP sheet (Ident fingerprint response in CPMS), or
- a refresh or resubmission of an expired Non-Ident fingerprint response in CPMS.

**NOTES**:
- A refreshed fingerprint result may be requested to support the same benefit for which the fingerprints were initially submitted.
- A resubmission may be requested when the fingerprints are at least 12 months old <u>and</u> are likely to expire prior to a decision being entered on the case.

55

I-918 SOP: Revised: May 24, 2018

DEF - 00004402

# Validity Dates for Principal

| | |
|---|---|
| **Validity Date Overview** | Validity dates for U Nonimmigrant status periods depend on:<br>• Whether the alien received Interim Relief.<br>• Whether the alien was previously granted U derivative status<br>• See the scenarios below for specifics. |
| **U-1 with Interim Relief** | Time spent in U Nonimmigrant Interim Relief counts as time spent in U nonimmigrant status.  An approved I-918 for an alien who was previously approved under the interim relief provisions shall be accorded U nonimmigrant status starting on the date that interim relief was first approved.<br><br>Instances where the alien has more than three years in interim relief at the time the I-918 is approved will have his/her U nonimmigrant status begin on the date that interim relief was initially approved until one year following the date the I-918 is approved.<br><br>**NOTE:**  The I-94 dates will not match the EAD dates.  EADs cannot be back dated to reflect the initial Interim Relief approval date.  EADs are dated from day of I-918 approval forward to the end of the U nonimmigrant status period. |

*Continued on next page*

## Validity Dates for Principal, Continued

**U-1 Scenarios**     Below are some examples of U-1 scenarios.

| Scenario | Validity Period/Example |
|---|---|
| *More than 3 years since Interim Relief at the time I-918 is approved:*<br><br>Interim Relief initially approved 10/17/2003; I-918 approved on 5/4/2009, | Beginning date for the U Nonimmigrant status is the date on which U Interim Relief was first granted.  Ending date for U Nonimmigrant status will be one year (minus one day) from the date of approval.<br><br>**I-918 validity dates:**<br>10/17/2003 to 5/3/2010<br>**EAD dates:**<br>5/4/2009 to 5/3/2010 |
| *Less than 3 years since Interim Relief at the time I-918 is approved:*<br><br>Interim Relief initially approved 6/8/2007; I-918 approved on 4/12/2009, | Beginning date for U Nonimmigrant status is the date on which U Interim Relief was first granted.  Ending date for U Nonimmigrant status is 4 years after that date (minus one day) to give the alien at least 4 years in U Nonimmigrant status.<br><br>**I-918 validity dates:**<br>6/8/2007 to 6/7/2011<br>**EAD dates:**<br>4/12/2009 to 6/7/2011 |

**U-1 without Interim Relief**     Principals who never received Interim Relief are granted U Nonimmigrant status for four years starting on the date that the I-918 is approved.

**EXAMPLE**:  I-918 approved 8/17/08:

**I-918 validity dates:**  8/17/2008 to 8/16/2012
**GUI/ EAD validity dates:**  8/17/2008 to 08/16/2012

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004404

## Validity Dates for Principal, Continued

**U-1 with Previous Derivative Status**

Principals who were previously granted U derivative status until their 21st birthday, but did not benefit from the full four years of U nonimmigrant status required to file for an adjustment of status may later file their own I-918 seeking principal U1 status.

The validity period granted depends on whether the subsequent I-918 is based on the same crime for which they were granted U derivative status, or whether the subsequent I-918 is based on a different crime than that for which they were granted U derivative status.

Refer to the chart below to determine the correct validity period for a U principal applicant who was previously afforded U derivative status.

| If the crime is ... | Then grant U1 nonimmigrant status from the date of ... |
|---|---|
| The same crime as the one for which he or she was granted U derivative status, | **Original approval** of the U derivative status to the end of the four year period.<br><br>**EXAMPLE:** If the principal was previously granted U3 status from 10/1/10 to 3/1/11, the new U1 status will be 10/1/10 to 9/30/14. |
| A different crime than that for which he or she was granted U derivative status, | **Adjudication** of the I-918 to the end of the four year period.<br><br>**EXAMPLE:** We are approving the petition on 10/17/12. The new U1 status will be 10/17/12 to 10/16/16. |

I-918 SOP: Revised: May 24, 2018

Confidential

# Validity Dates for Derivative

**U-2 through U-5, Principal and Derivative had IR**

Generally, a derivative family member granted U-2 through U-5 nonimmigrant status will be approved for an initial period that does not exceed the expiration date of the initial period granted to the principal. However, U-3s may be extended past the principal's ending validity.  See memo dated Dec 2012.  If the qualifying family member and the principal were both granted Interim Relief, the time previously accorded to the qualifying family member in Interim Relief may be counted toward time in U nonimmigrant status.

In some instances, the derivative will receive less time in U Nonimmigrant status as the principal.  In order to obtain sufficient time to file for adjustment, derivatives in this scenario would need to file the I-539 and follow the extension of status procedures.

**NOTE**:  The qualifying family member's starting date cannot pre-date the date on which the principal's U Nonimmigrant status began.

**U-2, U-4 and U-5 Scenarios with IR**

**EXAMPLE 1:  *(Principal's and derivative interim relief dates are the same.  I-918 and I-918A approved on same day)***
Principal's and derivative's Interim Relief approved 9/7/05.  The I-918 and I-918A are approved 10/31/07:
- Principal's I-918 validity dates: 9/7/05 to 9/6/09
- Principal's EAD/GUI validity dates: 10/31/07 to 9/6/09
- Derivative's I-918A validity dates: 9/7/05 to 9/6/09

Derivative has no EAD/GUI update unless he/she has separately filed an I-765 as (a)(20).  If one is filed, the validity dates would be 10/31/07 to 9/6/09.

**EXAMPLE 2:  *(Principal's and derivative's interim relief dates are different.  I-918 and I-918A approved on different dates):***
Principal's Interim Relief approved 4/22/04.  Principal's I-918 approved 2/12/09:
- Principal's I-918 validity dates: 4/22/04 to 2/11/2010
- Principal's EAD/GUI validity dates: 2/12/2009 to 2/11/2010

Derivative approved for Interim Relief 4/22/04.  Derivative's I-918A approved 3/22/09: Derivative's I-918A validity dates: 4/22/04 to 2/11/2010

Derivative has no EAD/GUI update unless he/she has separately filed an I-765 as (a)(20).  If one is filed, the validity dates are date of I-765 approval to 2/11/2010.

*Continued on next page*

59

## **Validity Dates for Derivative,** Continued

| | |
|---|---|
| **U-3 Neither Principal nor Derivative had IR** | The U-3 must be under 21 at the time his or her petition is accepted.  U-3 derivatives will be granted the full four year validity period even if the end date goes beyond the principal petitioner's validity period. |
| **U-2, U-4 and U-5 Neither Principal nor Derivative had IR** | If neither the principal nor the derivative ever had interim relief, the validity dates for both will begin from the date of the form's approval. The derivative's ending date will always be the same as the principal's—even if the principal was approved prior to the derivative.  This will result in some derivative's not receiving an initial validity period of four years. Those who will require an extension of time to acquire sufficient time in U status to meet the adjustment of status requirements will need to follow the procedures for requesting an extension of status. |
| **U-2 through U-5 Scenarios without IR** | **EXAMPLE 1:  *(Principal and derivative approved for U status on the same date)*** Principal's I-918 approved 8/17/08.  Derivative's I-918A approved 8/17/08: <br>• Principal's I-918 validity dates:  8/17/2008 to 8/16/2012 <br>• Principal's GUI/ EAD validity dates: 8/17/2008 to 08/16/2012 <br>• Derivative's I-918A validity dates: 8/17/2008 to 8/16/2012 <br>• Derivative has no EAD/GUI update unless he or she has separately filed an I-765 as (a)(20).  If one is filed, the validity dates would be: date of I-765 approval to 8/16/2012 <br><br>**EXAMPLE 2:  *(Principal approved for U status before the derivative)*** Principal's I-918 approved 2/12/09: <br>• Principal's I-918 validity dates: 2/12/2009 to 2/11/2013 <br>• Principal's EAD/GUI validity dates: 2/12/2009 to 2/11/2013 <br><br>Derivative's I-918A approved 3/22/09: <br>• Derivative's I-918A validity dates: 3/22/09 to 2/11/2013. <br><br>Derivative has no EAD/GUI update unless he/she has separately filed an I-765 as (a)(20).  If one is filed, the validity dates would be: date of I-765 approval to 2/11/20/13 <br><br>U3 Derivatives ONLY will be granted the full four year validity period even if it is longer than the principal's validity period. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential     DEF - 00004407

## **Validity Dates for Derivative,** Continued

| | |
|---|---|
| **Principal's time Expired but has I-485 pending** | The U-1's pending I-485 automatically extends his or her U nonimmigrant status until there is a final decision on the I-485. For this reason, the U-2, U-4, and U-5 will be granted one year of validity from the date the I-918A is approved. U-3s will be granted four years of validity from the date the I-918A is approved. |
| **U-2 through U-5 Principal's time Expired, Has not Filed I-485** | The I-918A will be denied as the principal no longer holds U-1 status. |
| **U-2 through U-5 IR for Principal Only** | If a derivative was not granted interim relief but the principal was granted interim relief, he or she cannot benefit from the principal's time in interim relief. The principal's time in U status will begin on the date that interim relief was first approved. The derivative's U status will begin on the date his or her I-918A is approved. In some instances, the derivative may receive as little as one day of validity if his/her I-918A is approved a significant time after the principal's I-918. **EXAMPLE:** Principal's Interim Relief approved 4/22/04. Principal's I-918 approved 2/12/09: <br> • Principal's I-918 validity dates: 4/22/04 to 2/11/2010 <br> • Principal's EAD/GUI validity dates: 2/12/2009 to 2/11/2010 <br><br> Derivative had no time in interim relief. Derivative's I-918A approved 3/22/09: <br> • Derivative's I-918A validity dates: 3/22/09 to 2/11/2010 <br><br> **NOTE:** If a derivative's I-918A is not approvable until a date after the expiration date of the principal's validity period, discuss the I-918A with the ISO 3 point of contact for the U program. |
| **U-2 through U-5 IR for Derivative Only or Derivative's IR Predates Principal's** | This scenario is currently under policy discussion. Bring cases falling into this scenario to the ISO 3 point of contact for the U program. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

## Validity Dates for Derivative, Continued

**U-1 through U-5 IR terminated for failure to file timely**

Interim relief recipients were required to file (or have a petition filed on his/her behalf) for U nonimmigrant status no later than February 1, 2010. All interim relief recipients who did not have a petition for U status filed (or filed on his/her behalf) had their interim relief terminated.

The validity dates will be treated as if there was no termination of interim relief if:
- the alien's interim relief was terminated due to failure to file timely,
- the alien subsequently filed the I-918 (or had an I-918A filed on his or her behalf), and
- the petition is ultimately approved.

Refer to the appropriate scenario for an alien with interim relief when making the determination for the assignment of validity dates.

I-918 SOP: Revised: May 24, 2018

DEF - 00004409

# Decisions

**Decision Overview**

Written decisions will be issued after a de novo review of the petition and evidence.

**A-File Requests**

In general, you cannot adjudicate an I-918 to completion (i.e., approve or deny) if it has not been consolidated into the relating A-file.  If you are in possession of a T file containing an I-918, you must request the relating A file.

Follow the steps below to request the A file for T files in your possession.

| Step | Action |
|------|--------|
| 1 | Check the 9504 screen in CIS to determine the location of the A file. |
| 2 | Email the assigned St. Albans ISA, with a CC to your SISO. Include:<br>• A number<br>• Name of petitioner/applicant<br>• Form type<br>• Location of the A file. |
| 3 | Determine appropriate action below:<br><br>

| If the A-file is... | Then... |
|---------------------|---------|
| Received within 30 days, | Proceed with final adjudication. |
| Not received within 30 days, | • The ISA will email you and your SISO, advising that we were unable to obtain the A-file.<br>• Your SISO will send you and the ISA and email indicating whether you may work the case in a T-file, or if the ISA should make a 2nd request for the A-file. |

|
| 4 | Refer to your SISO's instruction to proceed with your final adjudication, |

63

Confidential

DEF - 00004410

# Approvals

| | |
|---|---|
| **General Information for all Approvals** | You must stamp the I-918 Action Block with your approval stamp and sign with your signature.  GUI must be updated to reflect the approval. Refer to the Updating sections of this SOP for additional information. |
| **Approval for U-1 (in the United States)** | U-1 nonimmigrant status will be concurrently granted with the approval of the petition, subject to the annual limitations for visa allocation.<br><br>The following documents will be issued to the petitioner upon approval:<br>3.  Notice of approval (Form I-797).<br>Arrival-Departure Record (Form I-94) valid until the end of the U Nonimmigrant status. Annotate the A-number on the I-94 card.<br>List of nongovernmental organizations to which the petitioner can refer regarding his or her options while in the United States and available resources. |
| **Approval for U-1 (Outside the United States)** | A notice of approval (Form I-797) will be issued to the petitioner.<br><br>A notice of approval will be forwarded to the U.S. Embassy or Consulate having jurisdiction over the area where the alien is located or (for a visa exempt alien) to the appropriate port of entry. |
| **Approval of U-2 through U-5 (QFM in the United States)** | When Form I-918, Supplement A, is approved, the qualifying family member will be concurrently granted U-2, U-3, U-4 or U-5 nonimmigrant status.<br><br>The following documents will be issued to the principal (U-1) regarding the approval of the U-2, U-3, U-4 or U-5:<br>1.  Notice of approval of the qualifying family member's U nonimmigrant status (Form I-797)<br>2.  Arrival-Departure Record (Form I-94) |
| **Approval of U-2 through U-5 (QFM outside the United States)** | A notice of approval (Form I-797) will be issued to the petitioner.<br><br>The approved Form I-918, Supplement A, will be forwarded to the U.S. Embassy or Consulate having jurisdiction over the area where the qualifying family member is located or (for a visa exempt alien) to the appropriate port of entry. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004411

## **Approvals,** Continued

| | |
|---|---|
| **Multiple Filings** | Aliens seeking U nonimmigrant status may also seek any other immigration benefit or status for which they are eligible.  Therefore, nothing limits a qualified petitioner from applying for U nonimmigrant status as well as other immigration benefits.  Nothing limits qualifying family members from applying for other benefits or having other petitions or applications filed on their behalf.  However, USCIS will only grant one nonimmigrant or immigrant status at a time.

Once the I-918 or the I-918A is approved, any subsequent I-918 or I-918A for that alien that is pending with the VSC will be denied. If the initial approval is revoked, the alien is again eligible to seek U nonimmigrant status.

If you are placing the I-918 or I-918A on the Wait List, refer to the *Wait List Process with Subsequent I-918 or I-918A* section of this SOP. |

# Denials

**General Information for all Denials**

Use ECHO to issue I-918 denial letters.  Correspondence Generator will remain available for archival purposes to review letters prepared in that system.

Refer to the Decision Writing SOP for instructions on preparing the denial letter.  A SISO must review and concur with your denial before issuance.

Do not lift the Supervisory Hold in CLAIMS 3 and do not send the letter in ECHO or Correspondence Generator until the SISO has reviewed and signed off the denial.  Refer to the Updating section of this SOP for additional information for denials.

**Denials (Principal)**

Written notification of the reasons for denial will be issued to the petitioner.

The decision will cite the specific reasons for denial and notify the petitioner of his/her appeal rights.

**Denials (QFM)**

Written notification of the reasons for denial will be issued to the principal.

The decision will cite the specific reasons for denial and notify the principal of his/her appeal rights.

Form I-918 will only receive a statutory denial when the submission does not include a properly executed Form I-918, Supplement B, U Nonimmigrant Status Certification.  Refer to the Law Enforcement Certification section of this SOP.

**NTA Issuance**

If USCIS revokes or denies the Form I-918 for an alien who was in proceedings that were terminated pursuant to 8 CFR 214.14(c)(1)(i), a new Notice To Appear (NTA) may be filed by DHS (see INA section 239).

SISO sign off is required prior to forwarding any file for issuance of an NTA based on the denial of the Form I-918 or the Form I-918, Supplement A.

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004413

# Section 384

| | |
|---|---|
| **Disclosure of Information** | The use or disclosure (other than to a sworn officer or employee of the Department, or a bureau or agency of the Department, for legitimate department, bureau, or agency purposes) of any information relating to the beneficiary of a pending or approved petition for U nonimmigrant status is prohibited unless the disclosure falls within specified exceptions. |

| | |
|---|---|
| **Exceptions for Disclosure of Information** | Exceptions for disclosure of information are as follows: |

1. By the Secretary of Homeland Security, at his discretion, in the same manner and circumstances as census information may be disclosed by the Secretary of Commerce under 13 U.S.C. 8;
2. By the Secretary of Homeland Security, at his discretion, to law enforcement officials to be used solely for a legitimate law enforcement purpose;
3. In conjunction with a judicial review of a determination in a manner that protects the confidentiality of such information;
4. After adult petitioners for U nonimmigrant status or U nonimmigrant status holders have provided written consent to waive the restrictions prohibiting the release of information;
5. To Federal, State, and local public and private agencies providing benefits, to be used solely to make determinations of eligibility for benefits pursuant to 8 U.S.C. 1641(c);
6. After a petition for U nonimmigrant status denied in a final decision;
7. To the chairmen and ranking members of the Committee on Judiciary of the Senate, or the Committee on Judiciary of the House of Representatives, for the exercise of congressional oversight authority, provided the disclosure relates to information about a closed case and is made in a manner that protects the confidentiality of the information and omits personally identifying information (including locational information about individuals);
8. With prior consent from the principal petitioner or derivative family members, to nonprofit, nongovernmental victims' service providers for the sole purpose of assisting the victim in obtaining services from programs with expertise working with immigrant victims; or
9. To federal prosecutors to comply with constitutional obligations to provide statements by witnesses and certain other documents to defendants in pending federal criminal proceedings.

| | |
|---|---|
| **Confidentiality Provisions** | Agencies receiving information under this section, whether governmental or nongovernmental, are bound by the confidentiality provisions and other restrictions set out in 8 U.S.C. 1367. |

*Continued on next page*

67

I-918 SOP: Revised: May 24, 2018

DEF - 00004414

## Section 384, Continued

| | |
|---|---|
| **Disciplinary Action for Violation** | Appropriate disciplinary action must be taken and a monetary penalty of up to $5,000 may be imposed on anyone who willfully uses, publishes, or permits information to be disclosed in violation of nondisclosure provisions. |
| **Use of Evidence in the File** | You are not permitted to use information provided by the alleged perpetrator of the certified criminal activity in making an adverse determination on the petition for U nonimmigrant status. All U related filings are protected by the provisions of section 384 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). See 8 USC 1367(a)(1). |
| **Prohibition for Using Certain Adverse Information** | Officials of the Department of Homeland Security are prohibited from making adverse determinations of admissibility or deportability based on information obtained solely from the perpetrator of substantial physical or mental abuse and the criminal activity.

This prohibition includes all letters, statements or any other documentation provided by the alleged perpetrator (or his/her representative).

You may consider any independent, third-party evidence provided regarding the U petitioner or qualifying family members. |
| **Source Determination** | You must determine how USCIS came into possession of the evidence in the file.

If there is indication that the evidence was sent to USCIS by the alleged perpetrator but is not in the form of a squeal letter, you must determine:
• if the evidence was generated by a credible and reliable source.
• whether the evidence would lead to an adverse decision for the petitioner or qualifying family member.

You will refer the case to your SISO for consultation regarding usage of the evidence if you determine that the information:
• is from a credible, reliable source;
• is relevant to the adjudication; and
• would result in an adverse decision for the self-petitioner.

In order to use the information in making an adverse determination, you must either verify the information through available systems and file review or receive your own independent copy of the adverse information using USCIS resources. This should be done to ensure that the information was not altered while in the possession of the alleged abuser. |

*Continued on next page*

68

I-918 SOP: Revised: May 24, 2018

DEF - 00004415

# Section 384, Continued

| | |
|---|---|
| **Information for Public Sources** | If the file contains information from a public source, such as a court or other law enforcement entity, the information may be used in the adjudication.  Such evidence includes but is not limited to the following: |

- Protection orders against the petitioner
- Police reports made involving the petitioner
- Court transcripts and findings regarding the petitioner or petitioner's claims

If you determine that the evidence is complete and unaltered, the evidence may be used.  Be certain that the source behind the creation of the documentation is not the alleged perpetrator of the certified criminal activity.

**EXAMPLE #1:**  A protection order obtained by the alleged abuser against the self-petitioner.  This evidence is prohibited from usage in making an adverse determination as it is based on the claims of the alleged perpetrator of the certified criminal activity.

**EXAMPLE #2:**  Documentation in the record includes transcripts of the criminal proceedings upon which the I-918 is based.  In the transcript, the petitioner recants his testimony and states the crime never occurred.

You must determine whether the transcript is accurate and whether the recanting contradicts other assertions in the record submitted in support of the I-918.

**EXAMPLE #3:**  Results of a criminal trial for the certified criminal activity show the alleged perpetrator was acquitted of the charge(s).

This, by itself, does not constitute adverse information.  A conviction is not an eligibility requirement for U nonimmigrant status.

*Continued on next page*

69

I-918 SOP: Revised: May 24, 2018

DEF - 00004416

## Section 384, Continued

| | |
|---|---|
| **Information Generated from Non-Public Sources** | If the file contains evidence issued by a non-public source (example: medical records), you must first determine who provided the information for the file.

If it was sent by the alleged abuser or member of the alleged abuser's family (as cited above), you are prohibited from using the information to make an adverse determination on the I-918 or I-918, Supplement A.

If adverse information is received that is neither from a public source nor from the alleged perpetrator, then you must determine the credibility and relevance of the evidence.  If you find that the evidence would have a negative impact on the adjudication, you must discuss the evidence with supervision prior to issuing any notices to the petitioner based on that evidence.

**EXAMPLE:**  Insurance billing statement for the petitioner (on the alleged abusive spouse's policy) indicating the petitioner was treated for injuries in a car accident on the date the petitioner reported to police she was assaulted by her spouse. |
| **Acknowledging Information in the File** | If the file contains information that, if used, would result in an adverse determination but the use of that information is prohibited by section 384, you must place an acknowledgement of the information in the file.

Generate the *Adverse Information Memo* (Found in MSWord) and briefly state what specific information was reviewed and why usage of the information was prohibited by section 384 (ex: information provided by the alleged perpetrator).  Place the memo on the non-record side of the file. |
| **Discovery of an Apparent Violation** | If you discover an apparent violation of section 384 (either disclosure of information or use of prohibited information), you must bring the violation to the attention of your SISO and the Section Chief who oversees the unit.

1. Notify VSC management via email detailing the specific filing and all relevant information about the violation.
2. Place a copy of the notification email on the non-record side of the file.
3. Hold the file pending instructions from the Section Chief or a SISO. |

I-918 SOP: Revised: May 24, 2018

Confidential

# Employment Authorization

| | |
|---|---|
| **Overview** | All U Nonimmigrants are eligible for an employment authorization document (EAD). Validity dates for EADs begin the date that the I-918 is approved for principals or (in the case of derivatives, who separately file the I-765) on the date that the I-765 is approved. Validity for work authorization ends on the last date of U nonimmigrant status. |
| **U-1 Employment (Alien in the U.S.)** | Aliens granted status as a U-1 are eligible for employment pursuant to 8 CFR 247a.12(a)(19). Employment authorization is incident to the approval of the U-1 nonimmigrant status. The alien is **not** required to file an Application for Employment Authorization (Form I-765) for the initial card. |
| | Filing procedures for Form I-918, Petition for U Nonimmigrant Status, direct the alien to submit three current photos as described in 8 CFR 333.1 |
| | Employment authorization will expire upon the expiration of the underlying U-1 nonimmigrant status. Alien must be in the United States to obtain the employment authorization document. |
| **U-1 Employment (Alien outside the U.S.)** | An EAD will be automatically produced for a U-1 nonimmigrant when the case is approved and the alien is outside the United States. Update the address to the VSC's prior to approving in CLAIMS 3. Once the card has been returned, have it destroyed and change the address on the case back to the attorney's address on the G-28. An EAD can be produced once the alien is admitted to the United States in U nonimmigrant status. |
| | To receive the EAD, the U-1 need only submit a request for the EAD to the VSC. No forms or fees are required to produce this EAD. |
| | **Required evidence:**<br>• A request for the EAD; and<br>• A copy of the I-94 showing admission as U-1. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004418

# Employment Authorization, Continued

| | |
|---|---|
| **U-2 through U-2 Employment (Alien in the U.S.)** | Aliens granted status as a qualifying family member of a U nonimmigrant may apply for employment authorization by filing, with appropriate fee or with application for fee waiver, on Application for Employment Authorization (Form I-765), pursuant to 8 CFR 247a.12(a)(20).<br><br>Form I-765 may be filed concurrently with the alien's application for U-2, U-3, U-4, or U-5 nonimmigrant status or it may be filed later.<br><br>Employment authorization will be valid from the date of the I-765 approval until the expiration of the alien's U nonimmigrant status. |
| **U-2 through U-5 Employment (Alien outside the U.S.)** | After admission to the United States as a U nonimmigrant, the alien should submit an Application for Employment Authorization (Form I-765) to the VSC.<br><br>Employment authorization will be valid from the date of the I-765 approval until the expiration of the alien's U nonimmigrant status.<br><br>**Evidence required in support of the I-765 is:**<br><br>• A copy of the approval for U nonimmigrant classification;<br>• A copy of his/her Arrival-Departure Record (Form I-94); and<br>• Proper photos and signature. |
| **I-765 Denial** | A denial of U Nonimmigrant status will result in the denial of any accompanying I-765 predicated on the approval of the I-918, Supplement A. |
| **CLAIMS 3 Updating Errors** | If an I-918 or derivative's I-765 is updated incorrectly in CLAIMS 3, refer to the "Case Updated in Error" section of the *CLAIMS 3 Updating Guide* on the published library.<br><br>For all other errors, follow the instructions in the *CLAIMS 3 Updating Guide*. |

I-918 SOP: Revised: May 24, 2018

DEF - 00004419

# Wait List Process

**Wait List Overview**

If more than 10,000 approvable I-918s are filed in a fiscal year, all cases determined to be approvable after reaching the cap will be placed under the Wait List Process.

**I-918 Supplement B and CLAIMS 3**

Information from the Form I-918, Supplement B, should be recorded with the I-918 entry in CLAIMS 3. The information is located on the bottom of CLAIMS 3 – "View/Edit" tab.

If CLAIMS 3 does not contain Supplement B information, or if the ISO receives a new, properly executed Form I-918, Supplement B, then the ISO must enter the information from the new Supplement B into CLAIMS 3.



*Continued on next page*

I-918 SOP: Revised: May 24, 2018

73

## Wait List Process, Continued

**Properly Executed I-918 Supplement B**

A properly executed certification on Form I-918, Supplement B, is required for an alien seeking U nonimmigrant status. The burden is on the petitioner to provide the law enforcement certification.

The certifying agency conducting an investigation or prosecution of the qualifying criminal activity must prepare the Form I-918, Supplement B. It must be signed by the certifying official with an **original** signature **within the six months (to the day) immediately preceding** the submission of Form I-918.

Special consideration will be given to those petitioners who received an Interim Relief approval.

**Process for Approvable I-918s and I-918As after cap is reached**

After 10,000 U-1 approvals have been issued in a fiscal year, do not update any Form I-918, I-918A, or I-192 approvals in CLAIMS 3 until the new fiscal year begins (October 1).

Follow the steps below to process approvable I-918s, I-918As and accompanying I-192s after the cap is reached.

| Step | Action |
|------|--------|
| 1 | Complete TECS checks and ensure any hits are resolved before placing the U Visa petition on the wait list. |
| 2 | If the file contains an I-192, verify that FBI NDOB check is valid at the time the U Visa petition is placed on the Wait List. |
| 3 | Verify that fingerprints are valid at the time the U Visa petition is placed on the Wait List. |
| 4 | Update I-192 in CLAIMS 3 as "pre-adjudicated, under review." |
| 5 | Annotate all inadmissibility grounds to be waived on the Form I-192 Instructions page in blue or black ink. |

**NOTE**: You must ensure that name, DOB, images, safe address, etc. are correct in all systems, including CLAIMS 3. Ensure that the name and date of birth matches in CIS, CLAIMS 3, and for I-918As. You must correct errors. Submit CIS correction requests for name discrepancies. However, do not update approvals in CLAIMS 3 until the new fiscal year begins.

You must ensure that all steps above are complete and valid at the time the I-918, I-918A, and I-192 are placed on the Wait List.

*Continued on next page*

74

I-918 SOP: Revised: May 24, 2018

DEF - 00004421

## **Wait List Process,** Continued

**Wait List Process with Second or Subsequent I-918 or I-918A**

At the time of placing an I-918 or I-918A on the Wait List, if there is a second or subsequent I-918 or I-918A in the filing, follow the steps below.

| Step | Action |
|------|--------|
| 1 | Place the initial (oldest filing) I-918 or I-918A on waitlist and update the case appropriately in CLAIMS 3. |
| 2 | Complete appropriate waitlist letter in ECHO and send out letter. |
| 3 | Do not update the second or subsequently filed I-918 or I-918A in CLAIMS 3.  Do not complete a Wait List letter in ECHO for the subsequently filed I-918 or I-918A. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004422

# Wait List Process, Continued

**I-918, I-918A and I-192 Wait List Decision**

Refer to the table below to determine the appropriate I-918, I-918A, and I-192 Wait List action.

| If the ... | Then ... |
|---|---|
| I-918 does not meet the eligibility requirements, | • Issue an RFE or NOID.<br>• Adjudicate up to the point of approval using the normal I-918/I-918A procedure.<br>• Use the **PINK** I-918 Routing Worksheet when issuing the RFE.<br>• Keep all family members together. |
| I-918A meets all eligibility requirements and principal was approved prior to the cap (Prior to Wait List), | • Approve using normal I-918A procedure.<br>• Approve any related I-765 (A20) using the normal I-765 (A20) procedure. |
| I-918/I-918As and/or I-192s do not meet the eligibility requirements after the issuance of an RFE or NOID, | • Issue a denial using the normal I-918, I-918A, and I-192 procedures.<br>• Use the **PINK** I-918 Routing Worksheet when issuing the denial. |
| I-918/I-918A is placed under the Wait List Process and is accompanied by an I-192 that will be denied as unnecessary, | • Follow the Wait List Process.  Update CLAIMS 3 with "Pre-Adjudicated – Under Review" for I-192. |
| I-918 meets all eligibility requirements but the family group contains I-918A(s) requiring  RFE or ITD, | • Adjudicate the I-918 up to the point of approval using the normal I-918 procedure.<br>• If the principal and any derivatives are ready to be placed on the waitlist and are in the United States, update CIS to change their COAs to indicate DAS.  Refer to the CIS Change Request User Guide for specific instructions.<br>• If the applicant has more than one A-file, band them together, but do not consolidate until after final approval.<br>• Update the I-918 with proper WAITLIST NOTICE in CLAIMS 3.<br>• Place the **WHITE** I-918 Routing Worksheet inside the waitlisted I-918 file.<br>• Issue an RFE or NOID on the I-918A.<br>• Use the **PINK** I-918 Routing Worksheet when issuing the RFE.<br>• Send the group to the RFE shelf, keeping all the family members together. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004423

## Wait List Process, Continued

| | |
|---|---|
| **Updating Petition / Application** | Refer to the chart below for the Wait List Process for I-918/I-918As and I-192 cases. |

| When you have… | Then… |
|---|---|
| I-918/I-918As placed under the Wait List Process to be approved, | • Prepare and send the appropriate Wait List Notice in ECHO. The notice is created using the "VSC VAWA Shell" letter type.<br>• Place the file copy notice on the top of the I-918/I-918A (Record Side). (**Do not** place the file copy on top of the 384 cover sheet.)<br>• Update CLAIMS 3. *Refer to table below for appropriate update depending on scenario.*<br>• If the applicant has more than one A-file, band them together, but do not consolidate until after final approval.<br>• Complete **WHITE** I-918 Routing Worksheet (Revision Date 11-24-2013). Refer to *Routing and Annotations* section of this SOP. |
| File with more than one I-918, all meeting eligibility requirements for the Wait List, | • Prepare and send the appropriate Wait List Notice in ECHO for only the earliest filed I-918. The notice is created using the "VSC VAWA Shell" letter type. Do not issue a notice for subsequently filed I-918s.<br>• Place the file copy notice on the top of the relevant I-918 (Record Side). (**Do not** place the file copy on top of the 384 cover sheet.)<br>• Update CLAIMS 3 for only the earliest filed I-918. Leave subsequently filed I-918s in pending status in CLAIMS 3. *Refer to table below for appropriate update depending on scenario.*<br>• Complete **WHITE** I-918 Routing Worksheet (Revision Date 11-24-2013). Refer to *Routing and Annotations* section of this SOP. |
| File with I-918 and I-918A | • Prepare and send the appropriate Wait List Notice in ECHO for each family member's I-918 and I-918A.<br>• Place the file copy notice on the top of the relevant I-918 and I-918A (Record Side). (**Do not** place the file copy on top of the 384 cover sheet.)<br>• Update CLAIMS 3 for the I-918 and I-918A for each family member's file. *Refer to table below for appropriate update depending on scenario.*<br>• Complete **WHITE** I-918 Routing Worksheet (Revision Date 11-24-2013). Refer to *Routing and Annotations* section of this SOP.<br>• Keep all family members together. Place the earliest receipted I-918 on top. |
| Accompanying I-192 to be approved, | • Annotate all inadmissibility grounds being waived.<br>• Update CLAIMS 3. Refer to table below for appropriate updates. |
| I-192 to be denied as unnecessary, | • Update CLAIMS 3. Refer to table below for appropriate updates. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004424

## **Wait List Process,** Continued

**Updates for Petition / Application**

Refer to the chart below for a summary of appropriate Wait List letter and CLAIMS 3 Updates.

| Scenario | Letter | CLAIMS 3 Update |
|---|---|---|
| I-918 **in** the U.S. | SCO-1608-0874 | Waitlist Noticed Ordered with DAS |
| I-918A **in** the U.S. | SCO-1608-0876 | Waitlist Notice Ordered with DAS |
| I-918 **outside** the U.S. | SCO-1608-0873 | Waitlist Notice Ordered |
| I-918A **outside** the U.S. | SCO-1608-0875 | Waitlist Notice Ordered |
| I-192 | N/A | Pre Adjudicated Under Review |

**Routing Worksheet**

Follow the steps below to complete the **WHITE** I-918-Routing Worksheet.
You must use the I-918 Routing Worksheet dated 6/14/16.

**NOTE:** Do not adjudicate or annotate I-765 (A19/A20) files riding with an I-918/I-918A until October 1.

| Step | Action |
|---|---|
| 1 | Write the I-918 and I-192 receipt numbers on the upper left of the Routing Worksheet or use stickers identifying the receipt numbers. |
| 2 | Record your RAILS code on the line designated ISO #. |
| 3 | Record the date on the designated line. |
| 4 | Complete all sections of the Wait List section: <table><tr><td>**Part**</td><td>**Description**</td></tr><tr><td>Date Received</td><td>Indicate the receipt stamp date on the I-918 or I-918A.</td></tr><tr><td>FD258 Date</td><td>Indicate the date the FBI fingerprint check was last run.</td></tr><tr><td>FD258 Results: IDENT/NON IDENT</td><td>Indicate the results of the last FBI fingerprint check.</td></tr><tr><td>FBI NAME DOB</td><td>Indicate the processing date of the last FBI name check.</td></tr></table> |
| 5 | If the applicant has been granted deferred action status and CIS indicates "384," not "DAS," route the file to **D6 VAWA Sort**, and mark the box "Update CIS COA as: ___" with "DAS." |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

# **Wait List Process,** Continued

| **Routing Files Placed on the Wait List** | Follow the steps below to route files that were placed under the Wait List. FCU shelving has been identified and labeled as "U Visa Wait List Process." |

| **Site Location** | **Action** |
|---|---|
| St. Albans, with DAS | Refer to Step 5, above, and complete the I-918 Wait List Routing Sheet.  Charge out files in RAILS and place those files in the AST sort boxes marked "COA Update, No AST Action" at the VAWA/humanitarian file staging area. |
| St. Albans, no DAS | Charge out files in RAILS and place those files in the waitlist boxes marked at the VAWA/humanitarian file staging area. |
| Essex, with DAS | Refer to Step 5, above, and complete the I-918 Wait List Routing Sheet.  Charge out files in RAILS and place in the identified AST sort boxes in the file staging area. |
| Essex, no DAS | Charge out files in RAILS and place those files in the assigned boxes in the FCU room. |

**REMINDER:**  Keep family members together.

**Unlawful Presence Accrual**

Time on the Wait List while granted deferred action or parole will not result in the accrual of unlawful presence under INA 212(a)(9)(B).

A petitioner may be removed from the Post U Visa CAP Process and deferred action or parole terminated at the discretion of USCIS.

I-918 SOP: Revised: May 24, 2018

Confidential                    DEF - 00004426

# Wait Listed in Error

| | |
|---|---|
| **Case Updated on Wait List in Error** | This section provides detailed steps for removing petitions from Wait List as evidence in the record may indicate the petitioner or derivative may be ineligible for U nonimmigrant status. |

| | |
|---|---|
| **ISA Process** | Once a case is identified as being Wait Listed in Error, the ISAs will complete the following steps in the correction process. |

| Steps | Action |
|---|---|
| Retrieve Files | Pull identified file(s) from the Wait List hold area and deliver to the appropriate SISO. |
| Return Files to Wait List Shelving | After ISOs complete action on a wait-listed case, The ISA(s) will update the excel spreadsheet prior to returning the files to the I-918 Wait List shelves. |

| | |
|---|---|
| **SISO Responsibilities** | When a SISO receives a file identified as waitlisted in error, he or she will review the file to determine if corrective action is needed.  If corrective action is needed, he or she will deliver the file to the appropriate ISO. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004427

# Wait Listed in Error, Continued

**ISO Responsibilities**   If you receive a case identified as wait-listed in error, follow the steps below to correct the error:

| Step | Action |
|---|---|
| 1 | Determine if an RFE or ITD is needed on the I-918, I-918A and/or I-192. |
| 2 | If an RFE or ITD is needed, update CLAIMS 3 with "Previous Action Canceled" followed by "Removed From Waitlist". This will alert others reviewing the electronic case history that the case was removed from the Wait List. |
| 3 | Update CLAIMS 3 with RFE or ITD notice ordered, etc. |
| 4 | Issue RFE or ITD with one of the introductory paragraphs below: |

| If the case was wait listed… | Then use the introductory paragraph… |
|---|---|
| With DAS, | On **DATE**, you were notified that your Petition for U Nonimmigrant Status (Form I-918) or Petition for Qualifying Family Member of U-1Recipient (I-918 Supplement A) was placed on Wait List. You were also notified that you have been placed in deferred action. This notice is to advise you that the petition has been removed from the Wait List as evidence in the record indicates you or your family member may be ineligible for U nonimmigrant status. A discussion follows. |
| With no DAS, | On **DATE**, you were notified that your Petition for U Nonimmigrant Status (Form I-918) or Petition for Qualifying Family Member of U-1Recipient (I-918 Supplement A) was placed on a Wait List. This notice is to advise you that the petition has been removed from the Wait List as evidence in the record indicates you or your family member may be ineligible for U nonimmigrant status. A discussion follows. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

81

# **Wait Listed in Error,** Continued

**ISO**
**Responsibilities,**
**continued**

| Step | Action |
|------|--------|
| 6 | Follow the steps below once you receive the response to the RFE or ITD: |

<table>
<thead>
<tr><th>If the outcome of the RFE/ITD results in...</th><th>Then…</th></tr>
</thead>
<tbody>
<tr>
<td>A denial,</td>
<td>
<ul>
<li>Issue denial and include a statement in the denial that DAS is terminated as of the date of the denial e.g., "Any deferred action previously granted to you / your family member in connection with this petition is hereby terminated as of the date of this notice. Any employment authorization that may have been granted to you in connection with the deferred action grant is also terminated as of the date of this notice."</li>
<li>After appeal time has passed, advise contractor to update COA field in CIS appropriately, e.g., UU.</li>
<li>Email the I-918waitlistrequest email account letting the ISA(s) know that the case was denied and ask that the Excel spreadsheet used to track these cases be updated.</li>
</ul>
</td>
</tr>
<tr>
<td>Wait listing the case again,</td>
<td>
<ul>
<li>Issue appropriate Wait List letter in ECHO,</li>
<li>Update CLAIMS 3, and</li>
<li>Send case to I-918 Wait List. RAILS to AC0019 and drop off in the crates outside EX280.</li>
</ul>
</td>
</tr>
</tbody>
</table>

I-918 SOP: Revised: May 24, 2018

DEF - 00004429

# Revocation

| | |
|---|---|
| **Revocation Overview** | Approvals of U nonimmigrant status can be revoked.  The alien shall immediately inform USCIS of any changes in the terms and conditions of the alien's circumstances that may affect eligibility 8 CFR 214.14(o).

All Intents to Revoke and Revocations must be drafted in ECHO.

Revocation may occur at any time after the approval of the U nonimmigrant status—even after the status of validity has expired.  There are two types of revocation:  Automatic and by notice.  Revocation of an individual's U-1 status will have no effect on the numerical limit. |
| **Automatic Revocation** | **Automatic Revocation 8 CFR 214.14(h)(1)**

Principal with an approved U nonimmigrant petition who applied from outside the United States notifies USCIS that he or she will not use the approved petition to enter the United States

**NOTE**:  Automatic revocations **cannot** be appealed. |
| **Revocation on Notice** | A petition for U nonimmigrant status also may be revoked following a **notice of intent to revoke** based on one or more of the following reasons:

**Revocation on notice 8 CFR 214.14(h)(2)**

(A) The certifying official withdraws the U nonimmigrant status certification referred to in 8 CFR 214.14(c)(2)(i) or disavows the contents in writing;
(B) The approval of the petition was in error;
(C) There was fraud in the petition;
(D) (*In the case of U-2 through U-5*), the relationship to the principal has terminated; or
(E) (*In the case of U-2 through U-5*), the principal's U-1 nonimmigrant status is revoked.

**NOTE:**  Revocations on notice may be appealed. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

## Revocation, Continued

| | |
|---|---|
| **Notice of Intent** | The notice of intent to revoke must be in writing and contain a detailed statement of the grounds for revocation.  The U nonimmigrant will be granted 30 days to present rebuttal evidence.<br><br>Consider all relevant evidence presented in deciding whether to revoke the petition.  Determination of what is relevant evidence and the weight to be given that evidence is within the sole discretion of USCIS. |
| **Notification of Revocation** | USCIS will provide the alien with a written notice of revocation explaining the specific reasons for revocation. |

84

I-918 SOP: Revised: May 24, 2018

DEF - 00004431

# Effects of Revocation

| | |
|---|---|
| **Effect of Revocation on Principal** | • Revocation of a principal's I-918 approval will result in the termination of the principal's U-1 status and any derivative's status.<br>• Revocation of an approved I-918 also revokes any waiver of inadmissibility granted in conjunction with the petition. |
| **Effect of Revocation on Derivative** | • The revocation of the principal's Form I-918 approval will result in the denial of any pending Forms I-918, Supplement A, for qualifying family member of that principal.<br>• Revocation of the qualifying family member's Form I-918, Supplement A, will result in the termination of status for that qualifying family member.<br>• Revocation of an approved I-918 also revokes any waiver of inadmissibility granted in conjunction with the petition. |
| **Appeal Rights** | A **revocation on notice** may be appealed to the Administrative Appeals Office in accordance with 8 CFR 103.3(a)(1)(iii).<br><br>**Automatic revocations** cannot be appealed. |
| **Notice to Appear (NTA)** | If USCIS revokes or denies Form I-918 for an alien who was in proceedings that were terminated pursuant to 8 CFR 214.14(c)(1)(i), a new Notice To Appear (NTA) may be filed by DHS (see INA section 239).<br><br>Contact the local NTA unit for processing and policies regarding the issuance of NTAs for this and other scenarios involving revocations of Form I-918. |

I-918 SOP: Revised: May 24, 2018

DEF - 00004432

# Intent to Revoke (ITR)

**Withdrawal of Certifying Official**

A Notice of Intent to Revoke (ITR) will be issued when the Certifying Official withdraws or disavows the certification in writing, the approval of the petition was in error, or there is fraud in the petition.

An ITR will also be issued to derivatives when the principal has been revoked.  An ITR is also issued to derivatives when the principal's status has been revoked or the relationship to the principal is terminated.

**Issuing an ITR**

Issue an ITR on the Form I-192 when you issue an ITR on the Form I-918/I-918A.  When issuing an ITR, do not update CLAIMS 3 with "reopen on service motion" prior to issuing the ITR notice.

Follow the steps below to process a Notice of Intent to Revoke.

| Step | Action |
|---|---|
| 1 | Prepare the Intent to Revoke letter (I918E3 principal/I918E6 derivative): <br>• Describe each relevant ground for possible revocation, <br>• Offer suggestions as to the categories of evidence to submit to overcome each ground, and <br>• If appropriate, prepare sanitized copies of documents that form the basis of the possible revocation, to be sent to the petitioner along with the ITR letter. <br><br>**IMPORTANT:**  Never sanitize original copies. |
| 2 | Update the I-918 in CLAIMS 3: <br>• Select "CASE REVIEW" <br>• Select "PLACE IN SUSPENSE" <br>• Select "INTENT TO REVOKE NOTICE ORDERED" |
| 3 | On the petition, cover up the approval stamp using white removable correction tape.  (AST will add "Intent to Revoke Sent" and the date). |
| 4 | Indicate "Intent" and "33 days" on the worksheet, and add the standard letter number.  Add instructions for appropriate routing of the file after AST processing. |
| 5 | Send the file to AST for processing. |

*Refer to the **Decision Writing SOP** for specific information regarding sanitizing

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential   DEF - 00004433

# Intent to Revoke (ITR), Continued

**Response to ITR- Grounds Overcome by Consular Return**

If the petitioner overcomes the grounds for revocation, based on a consular return, then follow the steps below to process a reaffirmation.

| Step | Action |
|------|--------|
| 1 | Perform TECS checks in accordance with standard procedures. |
| 2 | Prepare two letters: the I-918/I-918A reaffirmation letter (I918D1 in the US or I918D2 outside the US and I918D3). |
| 3 | Update CLAIMS 3:<br>• Select "APPROVE THE CASE."<br>• Select "REAFFIRM APPROVAL AFTER DOS RETURN – ORDER NOTICE" (if request was from consular memo).<br>• Update CLAIMS 3 as an approval using the original approval phrase and validity dates.  Select "Y" to AST. |
| 4 | On the petition, uncover the original approval stamp.  Do not change the approval date.  If you are unable to uncover the original stamp, re-stamp the petition using the original approval date. |
| 5 | Indicate the order number on the worksheet.  Add instructions for appropriate routing of the file after AST processing. |
| 6 | Send the file to AST for processing the letter and issuance of a duplicate approval notice. |

*Continued on next page*

# Intent to Revoke (ITR), Continued

**Response to ITR- Grounds Overcome by Other Information**

If the petitioner overcomes the grounds for revocation, based on information other than a consular return memo, then follow the steps below to process a reaffirmation.

| Step | Action |
|------|--------|
| 1 | Perform TECS checks in accordance with standard procedures. |
| 2 | Prepare two (2) letters:<br>• The I-918/I-918A reaffirmation letter:<br>  – (I918D3/SCO-1605-0786) - in the United States or<br>  – (I918D2/SCO-1605-0782) - outside the United States<br>• The I-918/I-918A Reaffirmation Memo to File:<br>  – (I918D1/SCO-1605-0781) |
| 3 | Update CLAIMS 3 with:<br>• CASE REVIEW<br>• LIFT SUSPENSE<br>• TERMINATE ACTION TO REVOKE |
| 4 | Update CLAIMS 3.<br><br>

| If a card has… | Then Select… |
|----------------|--------------|
| Not been sent back, | • Approve the Case<br>• Re-affirm Approval After NOIR |
| Been sent back, | • Approve the Case<br>• Approve Order Notice<br><br>Use the original approval phrase and validity dates. |

|
| 5 | Uncover the original approval stamp on the petition.  Do not change the approval date.  If you are unable to uncover the original stamp, re-stamp the petition using the original approval date. |
| 6 | Prepare adjudications worksheet by ordering the letter and approval info indicating "DUPLICATE." |
| 7 | Send the file to AST for processing the letter and the release of the duplicate approval notice. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004435

# Intent to Revoke (ITR), Continued

**Response to ITR- Does not overcome grounds**

If the petitioner is unable to overcome the grounds of revocation, follow the steps below to revoke the petition.

**IMPORTANT**:  You cannot revoke an approved petition due to abandonment, you must revoke for cause.  You must use AGAAOV or the appropriate denial after the ITR when the ITR is stamped with "No Response."

| Step | Action |
|------|--------|
| 1 | Perform TECS checks in accordance with standard procedures. |
| 2 | Prepare the I-918 revocation letter (SCO-1605-0783 Revocation after Intent – Response does not Overcome Grounds (I918C1) or SCO-1605-0785 Revocation – No Response to Intent (I918C4)).  If the revocation is based on a Consular Return, include an I-918 Revocation Memo to KCC. |
| 3 | Update the I-918 in CLAIMS 3:<br>• Select "DENY THE CASE."<br>• Select "ORDER REVOCATION NOTICE" or "ORDER REVOCATION NOTICE WITH FINDING OF FRAUD" (When revoking after fraud investigation results in affirmative finding of fraud). |
| 4 | • Uncover the original approval stamp on the petition.<br>• Write "Revoked on" and the date above the approval stamp in the Action Block. |
| 5 | Indicate the order number on the worksheet.  Add instructions for appropriate routing of the file after AST processing. |
| 6 | Send for signoff, remove supervisory hold, and release revocation letter in ECHO. |
| 7 | Make KCC copies of the I-918 and I-192 (with the same annotations as the file copy. |
| 8 | Place the KCC copies in the VAWA sort area so that AST can upload the copies to PIMS and notify the KCC. |
| 9 | Send the file to the denial hold shelf in the FCU Sort area. |

*Continued on next page*

89

I-918 SOP: Revised: May 24, 2018

DEF - 00004436

# Intent to Revoke (ITR), Continued

**Automatic Revocation**

USCIS will automatically revoke the prior approval of a petition when the petitioner notifies USCIS that he or she will not be using the U visa.

Follow the steps below to process an automatic revocation.

| Step | Action |
|---|---|
| 1 | Perform TECS checks as required. Prepare the I918C3 letter. |
| 2 | Prepare the I918C3 letter. |
| 3 | Access CLAIMS 3.  Wand or enter the receipt number of the file. |
| 4 | Click on the "ADJUDICATE" button. |
| 5 | Select DENY THE CASE. |
| 6 | Select ORDER REVOCATION NOTICE. |
| 7 | Remove the supervisory hold. |
| 8 | Send to the AST for processing who will make a copy for the KCC. |

90

## Motions and Appeals

| | |
|---|---|
| **Appeal Rights** | • Denied Petitions for U Nonimmigrant Status can be appealed to the Administrative Appeals Office (AAO).<br>• Appeals can be made pursuant to the provisions of 8 CFR 103.3.<br>• The denial upon which an appeal is filed will not become final until the appeal is adjudicated.<br>• Revocation on notice, those grounds cited in 8 CFR 214.14(h)(2), may be appealed pursuant to 8 CFR 103.3.<br>• Automatic revocations (8 CFR 214.112(h)(1)) cannot be appealed.<br>• Denials and revocations of waivers of inadmissibility cannot be appealed. |
| **Motion Rights** | Denied applications for U Nonimmigrant Status are subject to the provisions for:<br>• A motion to reopen under the provisions of 8 CFR 103.3.<br>• A motion to reconsider 8 CFR 103.5. |
| **I-918 Denials based on No Form I-918, Supplement B** | Refer to the table below to determine the appropriate action when adjudicating motions to reopen a denial based on no form I-918, Supplement B. The following are the three scenarios with recommended actions: |

| Scenario | Motion details | Action |
|---|---|---|
| Form I-918 denied for No Supplement B – all deficiencies addressed. | Motion filed with only Supplement B. No additional evidence to address other deficiencies as noted in the denial. | Grant motion to reopen and re-deny the Form I-918 for all remaining deficiencies as case is still not approvable. |
| Form I-918 denied for No Supplement B – all deficiencies NOT addressed. | Motion filed with Supplement B. | Grant motion and reopen to correct service error of not citing all deficiencies. RFE to address all remaining deficiencies. |
| Form I-918 denied for No Supplement B – no remaining deficiencies in the file. | Motion filed with only Supplement B. | Dismiss since the Supplement B is considered initial evidence and should not be accepted after the denial. |

I-918 SOP: Revised: May 24, 2018

# Immigration Proceedings

| | |
|---|---|
| **Effect of Immigration Proceedings** | USCIS may institute removal proceedings for petitioners and derivatives for U Nonimmigrant Status.<br><br>Aliens in removal proceedings may petition for U nonimmigrant status. |
| **Open Proceedings at the time of Filing** | Aliens in removal proceedings under section 240 of the Act, 8 U.S.C. 1229a, or in exclusion or deportation proceedings initiated under the former sections 236 or 242 of the Act (as in effect prior to April 1, 1997) and who would like to petition for U nonimmigrant status must file Form I-918 directly with USCIS.<br><br>ICE counsel may agree to file, as a matter of discretion, at the request of the alien petitioner, a joint motion to terminate proceedings without prejudice with the immigration judge or the Board of Immigration Appeals (whichever is appropriate) while the I-918 is being adjudicated. |
| **Final orders of Removal, Deportation or Exclusion** | • Aliens with a final order of removal, deportation or exclusion are not precluded from filing for U nonimmigrant status directly with USCIS.<br>• Filing for U nonimmigrant status has **no effect** on ICE's authority to execute the final order.  Aliens may file Form I-246, "Stay of Removal" with ICE for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a).<br>• If the alien is in detention pending the execution of the final order, the time during which the stay is in effect will extend the period of detention necessary to bring about the alien's removal. |
| **Effects of Approvals on Proceedings** | Upon approval of Form I-918, orders of exclusion, deportation or removal issued by the Secretary for that alien will be deemed canceled as an operation of law as of the date of USCIS's approval of Form I-918.<br><br>Those subject to an order of exclusion, deportation, or removal issued by an immigration judge or the Board may seek cancellation of such order by filing, with the immigration judge or the Board, a motion to reopen and terminate proceedings.  ICE counsel may agree, as a matter of discretion, to join in such a motion to overcome any applicable time and numerical limitations of 8 CFR 1003.2 and 1003.23. |

I-918 SOP: Revised: May 24, 2018

Confidential

# Trafficking Referrals

| | |
|---|---|
| **Overview** | USCIS will make referrals to ICE/Office of Investigations for all cases that involve, appear to involve or claim to involve human trafficking. |

| | |
|---|---|
| **Qualifying Cases** | Refer all cases where:<br>• the certified crime involves the crime of human trafficking; or<br>• human trafficking indicators are identified in the record. |

**Process**   Follow the steps below as soon as the claims to human trafficking are identified.

| Step | Action |
|---|---|
| 1 | Send a referral email to ICE at the following address: **Trafficking.Icehuman@dhs.gov** |
| 2 | Use call-up 0688 for the ICE Trafficking Referral Letter to make the referral. |
| 3 | Place a copy of the referral email to ICE on the non-record side of the file. |
| 4 | Continue adjudication on the I-918 after the referral is made. |

**NOTE**:  The alien will not be notified that the referral has been made.

# Processing

**General Processing Information**

Perform TECS checks on all aliens seeking a benefit under the U nonimmigrant visa program.

Place files in the proper order and annotate worksheets appropriately prior to sending the file to the AST or outside the unit.

If an RFE response arrives with supporting evidence that may relate to either the I-918 or an I-192 in the file, the ISO must choose whether to file the evidence as supporting either the I-918 or the I-192.

*Continued on next page*

94

I-918 SOP: Revised: May 24, 2018

DEF - 00004441

# Processing, Continued

**I-918 Record of Proceeding (ROP)**

The general order that will be used for basic file setup purposes is as follows:

| Record Side | Non-Record Side |
|---|---|
| Cover Sheet Record of Proceeding (M-175) *once final action and appeals period is over.* | Resolution Memo from BCU (if applicable) |
| 384 Warning Sheet | ROIT from BCU, if applicable |
| I-918 Safe Address Sheet | TECS Manifest Results ROIT |
| G-28 (if applicable) | I-918 processing worksheet (checklist) |
| RFE notice, Denial Notice, Revocation Notice or Withdrawal Acknowledgement | Printout of FBI Fingerprint response |
| Request for withdrawal from applicant or legal representative (if applicable) | RAP Sheet (if applicable) |
| Wait list or deferred action notice | FBI NDOB check |
| I-918 | CIS and other screen prints,, miscellaneous correspondence, and materials for inclusion |
| I-918 addendums or attachments | |
| I-918 Supplement B | |
| Supporting evidence (e.g. police reports, affidavits, medical records) | |
| RFE/NOID (if applicable) *after response is received* | |
| Evidence submitted in response to RFE/NOID *including additional I-918 Supplement B submission* | |
| I-192 Safe Address Sheet (if applicable) | |
| G-28 *for I-192* (if applicable) | |
| I-192 (if applicable) | |
| Supporting evidence (e.g. personal statements, court dispositions) | |
| RFE/NOID (if applicable) | |
| Evidence submitted in response to RFE/NOID *after response is received* | |
| G-28 for I-193 | |
| I-193 (if applicable) | |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

DEF - 00004442

# Processing, Continued

**I-918A ROP**   The general order that will be used for basic file setup purposes is as follows:

| Record Side | Non-Record Side |
|---|---|
| Cover Sheet Record of Proceeding (M-175) *once final action and appeals period is over.* | Petitioner's Resolution Memo from BCU |
| 384 Warning Sheet | Beneficiary's Resolution Memo from BCU |
| Safe Address Sheet | Petitioner's ROIT from BCU |
| G-28 (if applicable) | Beneficiary's ROIT from BCU |
| RFE notice, Denial notice, Revocation Notice or Withdrawal Acknowledgement | Petitioner's TECS Manifest Results ROIT |
| Request for withdrawal from applicant or legal representative (if applicable) | Beneficiary's TECS Manifest Results ROIT |
| Wait list or deferred action notice | I918A processing worksheet (checklist) |
| I-918, Supplement A | Printout of FBI Fingerprint response |
| Evidence of relationship to I-918 petitioner (e.g. marriage certificate, birth certificate, adoption records) | RAP Sheet (if applicable) |
| RFE/NOID (if applicable) *after response is received* | FBI NDOB check |
| Evidence submitted in response to RFE/NOID | CIS and other screen prints,, miscellaneous correspondence, and materials for inclusion |
| I-192 Safe Address Sheet (if applicable) | |
| G-28 *for I-192* (if applicable) | |
| I-192 (if applicable) | |
| Supporting evidence (e.g. personal statements, court dispositions) | |
| RFE/NOID (if applicable) | |
| Evidence submitted in response to RFE/NOID *after response is received* | |
| G-28 for I-193 | |
| I-193 (if applicable) | |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

# Processing, Continued

**Second Copy of Petition / Application in File**

Refer to the table below to determine how to process the second copy of the petition that is in the file.

| If the I-918/I-918A (and accompanying I-192 or I-193 is… | Then … |
|---|---|
| Approved and there is a 2nd copy of the petition/application in the file, | • Sign and annotate the 2nd copy in the same manner as the original petition.<br>• Place the 2nd copy of the approved petition on the non-record side of the file after all updating is complete. |
| Denied and there is a 2nd copy of the petition/application in the file, | • Write "Support Only" in the action block.<br>• Do not stamp or annotate the petition further. |

The AST is responsible for sending the approved copy to the KCC.

**NOTE:** If there is not a second copy of the petition/application in the file, the AST will make copies of the approved petition/application to send to the KCC.

**Systems**

Refer to the table below to determine which system to use to adjudicate the various forms.

| Form | System |
|---|---|
| I-918 and I-918A | CLAIMS 3 |
| Any I-765 filed on behalf of a qualifying family member | CLAIMS 3 |
| Accompanying form I-192 | CLAIMS 3 |
| Accompanying form I-193 | Adjudicate a Case |

97

I-918 SOP: Revised: May 24, 2018

# Adjudication Updating

**Updating in CLAIMS 3**

Follow the steps below to update a file in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Open the case in CLAIMS 3. |
| 2 | Verify that all information is correct in CLAIMS 3. |
| 3 | Make all needed corrections in CLAIMS 3. |
| 4 | Update the case in CLAIMS 3. |

**Verifying Approval Info for the I-918 Principal**

You will generate the approval notice at the time of final adjudication. You must ensure that information in the notice is correct.

Refer to the tables below to determine the information that you must verify is correct prior to updating an approval for an I-918 principal petitioner.

| If the update is an approval for an I-918 principal petitioner who is… | Then ensure the following information is correct in CLAIMS 3 prior to updating… |
|---|---|
| In the United States, | • Name<br>• DOB<br>• Country of Citizenship<br>• Classification<br>• Validity Dates<br>• A-number<br>• Safe Address<br>• I-94 Number |
| Outside of the United States, | • Name<br>• DOB<br>• Classification<br>• Validity Dates<br>• A-number<br>• Safe Address |

*Continued on next page*

Confidential

DEF - 00004445

# Adjudication Updating, Continued

**Verifying Approval Info for I-918 QFM**

You will generate the approval notice at the time of final adjudication. You are responsible to ensure that information in the notice is correct.

You must verify that the information in the table below is correct prior to updating an approval for an I-918A Qualifying Family Member in CLAIMS 3.

| If the update is an approval for an applicant who is an I-918A Qualifying Family Member (QFM) who is… | Then ensure the following information is correct in CLAIMS 3... |
|---|---|
| In the United States, | • Principal's Name*<br>• Principal's A-number*<br>• QFM's Name<br>• QFM's A-number<br>• QFM's Country of Citizenship<br>• QFM's Classification<br>• QFM's Validity Dates<br>• QFM's I-94 Number<br>• Principal's Safe Address (as it appears in the QFM's filing)<br><br>*Updates/changes to this information must be made in CLAIMS 3. |
| Outside of the United States, | • Principal's Name*<br>• Principal's A-number*<br>• QFM's Name<br>• QFM's A-number<br>• QFM's Classification<br>• QFM's Validity Dates<br>• Principal's Safe Address (as it appears in the QFM's filing)<br><br>*Updates/changes to this information must be made in CLAIMS 3 |

I-918 SOP: Revised: May 24, 2018

99

# Processing an Approval

**How to Process an Approval**

Follow the steps below to process an approval.

| Step | Action |
|------|--------|
| 1 | Verify that all information is correct and CLAIMS 3 has been properly updated, including I-94 number.  Verify that applicant's name and date of birth in CLAIMS 3 and CIS match.  Submit CIS correction requests if necessary.  (See the instructions below for CLAIMS 3 updating). |
| 2 | Separate duplicate KCC copy from the record, stamp and make appropriate notations. |
| 3 | Place the KCC copy in the appropriate location (crate in Tabor in the VAWA area, KCC shelf in the FCU in Essex.)<br><br>**NOTE**:  If a KCC copy has not been made by the contractor, please mark the routing worksheet and send the file to AST. |
| 4 | Attach the I-94 Card(s) to the non-record side of the file.  Annotate the applicant's A-number in blue or black in on the front of the I-94 card. |
| 5 | Route the file to the AST for completion of the I-94 and subsequent routing of I-94 to KCC. |

100

I-918 SOP: Revised: May 24, 2018

Confidential

# CLAIMS 3 Updating

**Overseas Safe Address**  CLAIMS 3 allows for overseas addresses.  Data Entry will no longer key in the VSC's address for overseas addresses.  The approval notice will go to the overseas address but a card will not be produced.

**Approval (U-1 in the U.S.)**  Follow the steps below to update the card approval in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter the EAC# into the CLAIMS 3 search field. |
| 2 | Verify the information on the screen is correct. |
| 3 | Input I-94. |
| 4 | Click on Adjudication tab. |
| 5 | • Choose "Approve the Case."<br>• Choose "Approve—order notice."<br>• Choose "in U.S."<br>• Enter classification.<br>• Uncheck the "send to clerical" box. |
| 6 | Enter validity dates assigned to the I-918. |
| 7 | Select "Save." |
| 8 | Select "OK." |
| 9 | Exit from screens. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004448

# CLAIMS 3 Updating, Continued

**Approval (U-1 Outside the U.S.)**

Follow the steps below to update the card approval in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter EAC# into CLAIMS 3 search field. |
| 2 | Click on Adjudication tab. |
| 3 | • Choose "Approve the Case." <br> • Choose "Approve—order notice." <br> • Choose "Outside the U.S." <br> • Enter classification. <br> • Uncheck the "send to clerical" box. |
| 4 | Enter validity dates assigned to the I-918. |
| 5 | Select "Save." |
| 6 | Select "OK." |
| 7 | Exit from screens. |

*Continued on next page*

102

I-918 SOP: Revised: May 24, 2018

DEF - 00004449

# CLAIMS 3 Updating, Continued

**Wait List**  Follow the steps below to update as Wait List in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter EAC# into CLAIMS 3 search field. |
| 2 | Verify information on screen is correct. |
| 3 | Click on Adjudication tab. |
| 4 | • Choose Case Management.<br>• Choose Waiting List Notice Ordered (With DAS if Petitioner is in the U.S.) |
| 5 | Select "OK." |
| 6 | Exit from screens. |
| 7 | • Choose Batch Status Update in the CLAIMS 3 toolbar.<br>• Double click on Batch off-system notice sent update.<br>• Double click on Waiting List Notice Sent and make sure that it shows under the "Selected Menu Item" section located on the right side.<br>• Enter the receipt number.<br>• Make sure the receipt number and updated status show in the grey box as being updated. |
| 8 | Exit from screens. |

**RFE**  Follow the steps below to update the RFE in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter EAC# into CLAIMS 3 search field. |
| 2 | Verify information on screen is correct. |
| 3 | Click on Adjudication tab. |
| 4 | • Choose Case Review.<br>• Choose Place in Suspense.<br>• Choose Order Request for Evidence (either initial and additional or just additional). |
| 5 | Select "Save." |
| 6 | Select "Ok." |
| 7 | Exit from screens. |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004450

# CLAIMS 3 Updating, Continued

**Denial**        Follow the steps below to update the denial in CLAIMS 3.

| Step | Action |
|------|--------|
| 1 | Enter EAC# into CLAIMS 3 search field. |
| 2 | Verify information on screen is correct. |
| 3 | Click on Adjudication tab. |
| 4 | ● Choose "Deny the Case."<br>● Choose "Order Denial Notice." |
| 5 | Select "Ok." |
| 6 | Obtain supervisory sign-off |
| 7 | Remove Supervisory Hold. |
| 8 | Exit record. |

**CLAIMS 3 Updating Errors**

If an I-918 is erroneously updated as an approval, or the data entered for the update is incorrect, refer to the "Case Approved in Error – Stop Card Production" sections of the *CLAIMS 3 Updating Guide*.

For all other errors, follow the instructions in the *CLAIMS 3 Updating Guide*.

I-918 SOP: Revised: May 24, 2018

Confidential                                    DEF - 00004451

# Processing: Withdrawals

**Caution**   Review every request for withdrawal carefully to determine its validity, and to ensure that the acknowledgement notice will go to a safe address. Perform TECS checks in accordance with current standard procedures.

**ROP**   Place the request for withdrawal immediately under the G-28, and above any notices.  If there is an outstanding request for evidence or notice of intent, place it directly beneath the withdrawal request.

**Update CLAIMS 3**   Follow the steps below to update CLAIMS 3 for withdrawals.

| Step | Action |
|---|---|
| 1 | Review all previously entered data.  Ensure that correct information appears in both the petitioner's and the beneficiary's sections, as well as the G-28 section, if applicable. |
| 2 | Enter the EAC barcode and click on the Adjudication tab. |
| 3 | Choose "Deny the Case." Choose "Order Withdrawal Acknowledgement Notice." |
| 4 | Answer "Yes" to confirm Change Case Status. Select "Save." |
| 5 | Press the [Escape] key to back out. |

**Send Letter in ECHO**   Access ECHO and follow the steps below:

| Step | Action |
|---|---|
| 1 | Enter the EAC barcode. |
| 2 | Select "New Letter." |
| 3 | Select Correspondence Type Group "VSC" and Correspondence Type "VSC VAWA Withdrawal." |
| 4 | Choose paragraph "VSC G1." |
| 5 | Follow instructions for sending the letter in the *ECHO User Guide*. |

**Worksheet**   Complete routing section as appropriate (see Appendix 1:  Routing Worksheet Examples).

**Annotations on the Petition**   Affix withdrawal sticker or write withdrawn, your RAILS code and the date in the action block.  Place the file in the FMU sort area on the shelf labeled "918 Denials".

I-918 SOP: Revised: May 24, 2018

# Glossary of Terms

| | |
|---|---|
| **BIWPA** | Acronym for Battered Immigrant Women Protection Act of 2000 of the Victims of Trafficking and Violence Protection Act of 2000, div. B, Violence Against Women Act of 2000, tit. V, Pub. L. No. 106-386, 114 Stat. 1464, (2000), amended by Violence Against Women and Department of Justice Reauthorization Act of 2005, tit. VIII, Pub. L. 109-162, 119 Stat. 2960 (2006), amended by Violence Against Women and Department of Justice Reauthorization Act—Technical Corrections, Pub. L. 109-271, 120 Stat. 750 (2006). |
| **Certifying Agency** | A federal, state or local law enforcement agency, prosecutor, judge, or other authority, that has responsibility for the investigation or prosecution of a qualifying crime or criminal activity. This includes agencies that have criminal investigative jurisdiction in their respective areas of expertise, including, but not limited to, child protective services, the Equal Employment Opportunity Commission, and the Department of Labor. |
| **Certifying Official** | The head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of the agency; or a federal, state, or local judge. |
| **Indian Country** | Indian Country includes: <br>• All land within the limits of any Indian reservation under the jurisdiction of the U.S. Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation;<br>• All dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof; and whether within or without the limits of a state; and<br>• All Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through such allotments. |
| **Investigation or Prosecution** | The detection or investigation of a qualifying crime or criminal activity, as well as to the prosecution, conviction, or sentencing of the perpetrator of the qualifying crime or criminal activity. |
| **Military Installation** | Any facility, base, camp, post, encampment, station, yard, center, port, aircraft, vehicle, or vessel under the jurisdiction of the Department of Defense, including any leased facility, or any other location under military control. |

*Continued on next page*

106

I-918 SOP: Revised: May 24, 2018

DEF - 00004453

# Glossary of Terms, Continued

| | |
|---|---|
| **Next Friend** | A person who appears in a lawsuit to act for the benefit of the alien under the age of 16 or incapacitated or incompetent, who has suffered substantial physical or mental abuse as the result of being a victim of qualifying criminal activity. The next friend is not a party to the legal proceeding and is not appointed as a guardian. |
| **Physical or mental abuse** | Injury or harm to the victim's physical person, or harm to or impairment of the emotional or psychological soundness of the victim. |
| **Qualifying Crime or Qualifying Criminal Activity** | Includes one or more of the following or any similar activities in violation of Federal, State or local criminal law of the United States: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes. |
| **Qualifying Family Member** | In the case of an alien victim 21 years of age or older who is eligible for U nonimmigrant status as described in section 101(a)(15)(U) of the Act, the spouse or child(ren). In the case of an alien victim under the age of 21 who is eligible for U nonimmigrant status as described in section 101(a)(15)(U) of the Act, qualifying family member means the spouse, child(ren), parents, or unmarried siblings under the age of 18 of such alien. |
| **Similar Activity** | Refers to criminal offenses in which the nature and the elements of the offenses are substantially similar to the statutorily enumerated list of criminal activities in INA 101(a)(15)(U)(iii). |
| **Territories and Possessions of the United States** | American Samoa, Bajo Nuevo (the Petrel Islands), Baker Island, Howland Island, Jarvis Island, Johnston Atoll, Kingman Reef, Midway Atoll, Navassa Island, Northern Mariana Islands, Palmyra Atoll, Serranilla Bank, and Wake Atoll. |
| **United States** | Except as otherwise specifically noted within the INA or regulations, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam and the Virgin Islands of the United States. (*See INA 101(a)(38)*). |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

Confidential

## Glossary of Terms, Continued

| | |
|---|---|
| **U nonimmigrant Status Certification** | Form I-918, Supplement B, "U Nonimmigrant Status Certification," which confirms that the petitioner has been helpful, is being helpful, or is likely to be helpful in the investigation or prosecution of the qualifying criminal activity of which he or she is a victim. |
| **U Interim Relief** | Interim benefits that were provided by USCIS to petitioners for U nonimmigrant status, who requested such benefits and who were deemed prima facie eligible for U nonimmigrant status prior to the publication of the implementing regulations. |
| **Victim of Qualifying Criminal Activity** | An alien who has suffered direct and proximate harm as a result of the commission of qualifying criminal activity. |

I-918 SOP: Revised: May 24, 2018

DEF - 00004455

# Appendix 1: Routing Worksheet for Withdrawals

## I-918 ROUTING WORKSHEET

| BARCODE/FILE NUMBER | | ISO #: _____ |
|---|---|---|
| BARCODE/FILE NUMBER 2 | | DATE: _____ |

### AST ACTION

#### RFE

- ☐ Additional Evidence (87 Days)
- ☐ See Attached Document
- ☐ Saved on MSWord/CG under:          EAC#_____ A#_____
- ☐ Initial/Additional Evidence (87 Days)
- ☐ No Action Needed by AST

### APPROVAL

In U.S.
- ☐ U-1 NGO List
- ☐ Derivative NGO List
  U-2   U-3   U-4   U-5

Outside U.S.
- ☐ U-1
- ☐ Derivative
  U-2   U-3   U-4   U-5

### MOTION/REVOCATION/ORDER

| ⬤ I-918 Order #: | Saved in MSWord and CG under: | EAC# ____ A# ____ |
|---|---|---|
| ⬤ I-192 Order #: _____ | Saved in MSWord and CG under: | EAC# ____ A# ____ |
| I-290B Order #: _____ | Saved in MSWord and CG under: | EAC# ____ A# ____ |

### WAIT LIST

Date Received: _____          FBI Name DOB: _____

FD258 Date: _____          FD258 Results: IDENT / NOMIDENT

### FILE ROUTING

- ☐ Data Entry Scanning
  Photos _____ Signature _____ Fingerprint: _____
- ☒ Tabor HD PCU Sort
  - ☐ Update CIS COA and NFTS Sync
  (If denied, COA update after the appeal period.)
- ☐ PCU / FMU
  - ☐ VAWA - Expedites T/O - Shelving
  - ☐ I-918 RFE Hold Shelf ___ 38 days ___ 87 days
  - ☐ Consolidate:
    _____ with _____
  - ☐ Denial/Appeal hold shelf 60 days

- ☐ AAO: _____
  (Supervisor/Counsel Sign-off)
- ☒ SISO_Sign-off _____
- ☐ Return to ISO # _____
  At Cube #: _____
- ☐ NTA Referral: _____
  (Supervisor Sign-off)
- ☐ Other: _____
  _____

- ☒ RECORDS

Revision: 6/14/16          Print on pink paper for annual processing or white paper for wait list cases

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004456

# Appendix 2: Routing Worksheet for Intents to Deny

## I-918 ROUTING WORKSHEET

| | | |
|---|---|---|
| **BARCODE/FILE NUMBER** | | ISO #: _____ |
| **BARCODE/FILE NUMBER 2** | | DATE: _____ |

### AST ACTION

#### RFE

☐ Additional Evidence (87 Days)       ☐ Initial/Additional Evidence (87 Days)
☐ See Attached Document
☐ Saved on MSWord/CG under: _____ EAC# ___ a#       ☐ No Action Needed by AST

### APPROVAL

In U.S.                                        Outside U.S.
☐ U-1 NGO List                               ☐ U-1
☐ Derivative NGO List                        ☐ Derivative
        U-2    U-3    U-4    U-5                        U-2    U-3    U-4    U-5

### MOTION/REVOCATION/ORDER

I-918 Order #: _____   Saved in MSWord and CG under: _____   EAC# ___ a#

I-192 Order #: _____   Saved in MSWord and CG under: _____   EAC# ___ a#

I-290B Order #: _____   Saved in MSWord and CG under: _____   EAC# ___ a#

### WAIT LIST

Date Received: _____       FBI Name DOB: _____

FD258 Date: _____      FD258 Result: IDENT /NONIDENT

### FILE ROUTING

☐ Data Entry Scanning                        ☐ AAO: _____
Photos _____ Signature _____ Fingerprint _____       (Supervisor/Counsel Sign-off)

☐ Tabor HD FCU Sort
        ☐ Update CIS COA as: _____          ☒ SISO Sign-off: _____
        (If denied, COA update after the appeal period.)

☒ FCU/ FMU                                   ☒ Return to ISO# _____
        ☒ VAWA - Expedites T/O – Shelving              At Cube #: _____
        ☒ I-918 RFE Hold Shelf  _X_33 days ____ 87 days
        ☐ Consolidate:                       ☐ NTA Referral: _____
        _____ into _____                    (Supervisor Sign-off)

        ☐ Denial/Appeal hold shelf 60 days   ☐ Other: _____
                                                      _____

                                             ☐ RECORDS

Revised: 5/24/18        Print on pink paper for normal processing or white paper for wait list cases.

Confidential

# Appendix 3: Routing Worksheet for Intents to Revoke

## I-918 ROUTING WORKSHEET

| BARCODE/FILE NUMBER | | ISO #: _____ |
|---|---|---|
| BARCODE/FILE NUMBER 2 | | DATE: _____ |

### AST ACTION

#### RFE

☐ Additional Evidence (87 Days)
☐ See Attached Document
☐ Saved on MSWord/CG under: _____ EAC# ___ A# ___

☐ Initial/Additional Evidence (87 Days)

☐ No Action Needed by AST

### APPROVAL

**In U.S.**
☐ U-1 NGO List
☐ Derivative NGO List
     U-2   U-3   U-4   U-5

**Outside U.S.**
☐ U-1
☐ Derivative
     U-2   U-3   U-4   U-5

### MOTION/REVOCATION/ORDER

| I-918 Order # | | Saved in MSWord and CG under: | | EAC# A# |
| I-192 Order # | | Saved in MSWord and CG under: | | EAC# A# |
| I-290B Order #: _____ | | Saved in MSWord and CG under: | | EAC# A# |

### WAIT LIST

Date Received: _____      FBI Name DOB: _____

FD258 Date: _____      FD258 Results: IDENT /NONIDENT

### FILE ROUTING

☐ Data Entry Scanning
Photos _____ Signature _____ Fingerprint _____

☐ Tabor HD FCU Sort
     ☐ Update CIS COA as: _____
     (If denied, COA update after the appeal period.)

☐ FCU/ FMU
     ☐ VAWA - Expedite: T/O – Shelving
     ☐ I-918 RFE Hold Shelf __X_33 days ____ 87 days
     ☐ Consolidate:
     _____ into _____

     ☐ Denial/Appeal hold shelf 60 days

☐ AAO: _____
     (Supervisor/Counsel Sign-off)

☐ SISO Sign-off _____

☐ Return to ISO# _____
     At Cube #_____

☐ NTA Referral: _____
     (Supervisor Sign-off)

☐ Other: _____

☐ RECORDS

Revised: 6/16/16      Print on pink paper for normal processing or white paper for wait list cases

I-918 SOP: Revised: May 24, 2018

# Appendix 4: Routing Worksheet for Revocations & Denials

## I-918 ROUTING WORKSHEET

**BARCODE/FILE NUMBER**    [Place I-918 A-File Barcode Here]    ISO #: _____
**BARCODE/FILE NUMBER 2**                                        DATE: _____

### AST ACTION

#### RFE

☒ Additional Evidence (87 Days)                    ☐ Initial/Additional Evidence (87 Days)
☐ See Attached Document
☒ Saved on MSWord/CG under:    BAC#    A#        ☒ No Action Needed by AST

#### APPROVAL

In U.S.                                             Outside U.S.
☐ U-1 NGO List                                      ☐ U-1
☒ Derivative NGO List                               ☐ Derivative
            U-2    U-3    U-4    U-5                         U-2    U-3    U-4    U-5

#### MOTION/REVOCATION/ORDER

I-918 Order #:    [Initiate Order Number]     Saved in MSWord and CG under: [Case with Date Type]  BAC#   A#
I-192 Order #:    [Initiate Order Number]     Saved in MSWord and CG under:                         BAC#   A#
I-192B Order #: _____                     Saved in MSWord and CG under:                         BAC#   A#

#### WAIT LIST

Date Received: _____                      PBI Name DOB: _____
FD258 Date: _____                         FD258 Results: IDENT / NONIDENT

#### FILE ROUTING

☒ Data Entry Scanning                          ☐ AAO: _____
  Photos ___ Signature ___ Fingerprint ___                (Supervisor/Counsel Sign-off)
☒ Tabor HD FCU Sort           [Print Dispositions/AAO to field box]
    ☒ Update CIS COA 21:                       ☐ ISSO Sign-off: _____
        (If denied, COA update after the appeal period)
☐ FCU / FMU                                    ☐ Return to ISO#: _____
    ☐ VAWA - Expedites T/O - Shelving                  At Cube #: _____
    ☐ I-918 RFE Hold Shelf ___ 33 days ___ 87 days
    ☐ Consolidate: _____                  ☐ NTA Referral: _____
            into _____                            (Supervisor Sign-off)
    ☒ Denial/Appeal hold shelf 60 days         ☐ Other: _____

                                               ☒ RECORDS

Revised: 6/16/16         Print on pink paper for normal processing or white paper for wait list cases

Confidential                                    DEF - 00004459

# Appendix 5: Routing Worksheet for Wait List Cases

## I-918 ROUTING WORKSHEET

| BARCODE/FILE NUMBER | | ISO #: _____ |
|---|---|---|
| BARCODE/FILE NUMBER 2 | | DATE: _____ |

### AST ACTION

#### RFE

☐ Additional Evidence (87 Days)
☐ See Attached Document
☐ Saved on MSWord/CG under: _____ BAC# _____ A#      ☐ Initial/Additional Evidence (87 Days)

☐ No Action Needed by AST

#### APPROVAL

In U.S.
☐ U-1 NGO List
☐ Derivative NGO List
     U-2    U-3    U-4    U-5

Outside U.S.
☐ U-1
☐ Derivative
     U-2    U-3    U-4    U-5

#### MOTION/REVOCATION/ORDER

I-918 Order #: _____      Saved in MSWord and CG under:      BAC# _____ A#

I-192 Order #: _____      Saved in MSWord and CG under:      BAC# _____ A#

I-290B Order #: _____      Saved in MSWord and CG under:      BAC# _____ A#

#### WAIT LIST

Date Received: _____      FBI Name DOB: _____

FD258 Date: _____      FD258 Results: IDENT /NONIDENT

#### FILE ROUTING

☐ Data Entry Scanning
Photos _____ Signature _____ Fingerprint _____

☐ Tabor HD FCU Sort
     ☐ Update CIS COA as: _DAS_
     (If denied, COA under _____ the appeal period)

☐ FCU/ FMU
     ☐ VAWA - Expedite T/O _____
     ☐ I-918 RFE Hold Shelf _____
     ☐ Consolidate: _____ into _____
     _____

     ☐ Denial/Appeal hold shelf 60 days

☐ AAO: _____
(Supervisor/Counsel Sign-off)

☐ SISO_ Sign-off: _____

Return to ISO# _____
At Cube # _____

TA Referral: _____
(Supervisor Sign-off)

☐ Other: _____
_____

☐ RECORDS

Revised 5/24/18        Print on pink paper for normal processing or white paper for wait list cases

113

# Revisions

**Summary of Revisions**

The revisions below represent changes that were made to this document prior to the current revision date.

| Revision # | Date | Subject | Pages | KM# |
|:---:|:---:|:---|:---:|:---:|
| 45 | 6/6/14 | <u>Updated routing worksheet for I918/I918A ITDs to include an extra step.</u> | 129 | 1687 |
| 46 | 7/11/14 | Added statement about who can collect fingerprints overseas. | 58 | 1853 |
| -- | -- | Added notes related to placing applicants on the Wait List when there are subsequent filings. | 77, 91 | 1788 |
| -- | -- | Added reminder and instructions to correct Name/DOB discrepancies for Wait List cases. | 90, 124 | 1852 |
| -- | -- | Added steps for I918/I918As that need RFE/NOID issuance to the Wait List processing table. | 92 | 1799 |
| -- | -- | Added instructions to band more than one A-file together for Wait List cases. | 93 | 1852 |
| -- | -- | Added processing instructions for Wait List cases. | 93 | 1852 |
| -- | -- | Updated all routing sheets. | 132-135 | 1852 |
| 47 | 7/29/14 | Added note to Form I-918 ROP. | 108 | 1938 |
| -- | -- | Removed PII from HAVEN Screen Shots. | All | -- |
| 48 | 8/4/14 | Added clarification to Supplement B requirement for certifying official signature within six months minus one day. | 19, 22 | 1949 |
| 49 | 8/27/14 | Added note that family members who are the perpetrator of the crime should have their name added in HAVEN. | 47 | 2007 |
| 50 | 10/21/14 | Removed SNAP instructions and updated with NASS instructions. | All | 2196 |
| -- | -- | Removed instructions for applicants who age in under the SNAP process.  Replaced with NASS Process. | 58 | 2196 |
| -- | -- | Added NASS Requests for I-918 chart. | 59 | 2076 |

*Continued on next page*

114

I-918 SOP: Revised: May 24, 2018

# Revisions, Continued

**Summary of Revisions,** continued

| Revision # | Date | Subject | Pages | KM# |
|---|---|---|---|---|
| 50, cont'd | 10/21/14 | Removed instructions for Processing Fingerprint Refreshes as the NASS process chart covers this. | 68 | 2196 |
| 51 | 11/25/14 | Added notes for *NASS Requests for I-918s* and I-918As. | 59-60 | 2310 |
| 52 | 12/30/14 | Added requirements for verifying Qualifying Law Enforcement Official and created section titled *Casebook Verification.* | 24 | 2373 |
| -- | -- | Updated SNAP instructions to NASS. | 66-67 | 2395 |
| -- | -- | Replaced employee's names with position titles. | 78 | 2372 |
| 53 | 1/12/15 | Added *Legal Name* section with guidance for which name to use on the application and applicable systems. | 19 | 2426 |
|  |  | Edited Casebook Qualifying Law Enforcement information. | 26 | 2373 |
| -- | -- | Updated approval and denial stamp and system update instructions. | 81-83 | 2425 |
| -- | -- | Added I-918 Sup. B HAVEN information and guidance for properly executed I-918Bs. | 93-94 | 2427 |
| 54 | 3/16/15 | Added that prior to scheduling prints you must verify the information has not already been downloaded to FD258 and BBSS. | 51 | 2557 |
| -- | -- | Created *Intent to Revoke* section. | 92-95 | 2562 |
| -- | -- | Updated ROP for I-918 and I-918A. | 99-101 | 2564 |
| -- | -- | Added I-94 annotation note for processing approvals. | 69, 114 | 2565 |
| -- | -- | Added routing worksheet for Wait List cases. | 125 | 2583 |
| 55 | 4/1/15 | Fixed broken hyperlinks. | All | 2644 |
| 56 | 6/1/15 | Added note to Incapacitated/Incompetent section for parents as indirect victims. | 28 | 2741 |
| -- | -- | Updated Wait List processing instructions to include updating COA to DAS. | 81 | 2741 |
| -- | -- | Revised Intent to Revoke instructions. | 91-95 | 2737 |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

115

# Revisions, Continued

**Summary of Revisions,** continued

| Revision # | Date | Subject | Pages | KM# |
|---|---|---|---|---|
| 56, cont'd | 6/1/15 | Changed Clerical to AST | All | -- |
| 57 | 8/12/15 | Added note related to failure to submit a Sup. B and denial based on initial submission. | 22 | 2904 |
| -- | -- | Added information about statutory denials and missing Sup. B. | 71 | 2904 |
| 58 | 9/18/15 | Due to conversion of HAVEN to GUI, removed all reference and instruction related to HAVEN; replaced with GUI instruction. | All | 3019 |
| 59 | 11/17/15 | Clarified descriptors on the Existence of the Relationship section. | 34 | 3177 |
| 60 | 12/29/15 | Revised TECS instructions to not include with KCC copies. | 9 | 3258 |
| 61 | 3/31/16 | Added instruction for required systems checks. | 10 | 3468 |
| 62 | 5/19/16 | Added notes about petitioner and derivative signatures if under age 14 or mentally incompetent. | 11-12 | 3589 |

| Revision # | Date | Subject | KM# |
|---|---|---|---|
| 63 | 7/13/16 | Deleted duplicated I-918 updating instructions. | 3712 |
| -- | -- | Updated new Routing Worksheet Examples. | 3712 |
| 64 | 7/26/16 | Corrected 'government official' to 'certifying official' | 3753 |
| -- | -- | Added examples of evidence of helpfulness | 3753 |
| -- | -- | Removed information related to 'other instances' related to concerns of a petitioner's helpfulness to law enforcement | 3753 |
| -- | -- | Added description to Criminal Activity Overview that crime in United States includes military installations, and U.S. territories. | 3753 |
| -- | -- | Updated I-918 Routing Worksheet Date | 3753 |
| -- | -- | Removed Step in Officer Responsibilities for wait-listed in error cases. | 3753 |

*Continued on next page*

116

I-918 SOP: Revised: May 24, 2018

DEF - 00004463

# Revisions, Continued

**Summary of
Revisions,**
continued

| Revision # | Date | Subject | KM# |
|:---:|:---:|:---|:---:|
| 64, cont'd | 7/26/16 | Added note that revocation of U-1 status does not have any effect on the numerical limit. | 3753 |
| -- | -- | Added instructions for pending I-918As, received after the I-918. | 3753 |
| -- | -- | Added block for Needing Biometrics (Extenuating Circumstances). | 3753 |
| -- | -- | Replaced references to BBSS with CPMS. | 3753 |
| -- | -- | Added 204(c) guidance. | 3753 |
| -- | -- | Added Note related to certifying officials not being listed in Casebook. | 3753 |
| -- | -- | Added note regarding cases without an I-918 Supplement B in the Overview. | 3753 |
| 65 | 8/25/16 | Added GUI update required for cases identified as wait-listed in error. | 3835 |
| 66 | 10/19/16 | Added caution not to update GUI with "reopen on service motion" prior to issuing an ITR. | 3941 |
| -- | -- | Added note about revoking for cause and instructions for appropriate denial letter to use. | 3941 |
| 67 | 10/31/16 | Updated instructions for overseas addresses in GUI to be used for safe address purposes. | 3964 |
| 68 | 12/21/16 | Added instruction for where to place KCC copy. | 114 |
| 69 | 1/10/17 | Added process for updating Wait List cases. | 173 |
| -- | -- | Replaced CG with ECHO, throughout document. | 173 |
| -- | -- | Replaced BBSS with CPMS, throughout document. | 178 |
| 70 | 2/17/17 | Formatting Correction to Tables. | 226 |
| 71 | 3/9/17 | Removed guidance referring to 8 CFR 103.2(e) from the *Process* section. | 272 |
| -- | -- | Updated guidance in the *Check CLAIMS for Fingerprint Response* section. | 272 |
| -- | -- | Updated guidance in the *NASS Request for Derivative Filings* section | 273 |
| 72 | 3/23/17 | Updated guidance in the *Approval (U-1 Outside the U.S.)* section. | 281 |

*Continued on next page*

I-918 SOP: Revised: May 24, 2018

117

DEF - 00004464

# Revisions, Continued

**Summary of
Revisions,**
continued

| Revision # | Date | Subject | KM# |
|:---:|:---:|:---|:---:|
| 72, cont'd | 3/23/17 | Added a new section, *Processing: Withdrawals.* | 281 |
| 73 | 4/10/17 | Updated ROP. | 318 |
| 74 | 5/17/17 | Renumbered order of GUI Updating steps for U-1 approvals, outside the U.S. | 333 |
| 75 | 5/24/17 | Updated ROP for I-918 and I-918A. | 354 |
| 76 | 6/27/17 | Revised sections to replace references to CG with ECHO | 386 |
| 77 | 7/14/17 | Updated Processing steps for Withdrawals | 400 |
| 78 | 9/26/17 | Revised chart to reflect waitlist letters in ECHO. | 431 |
| -- | -- | Revised chart to reflect steps for reaffirmation after ITR in ECHO. | 435 |
| -- | -- | Deleted specific processing steps from general denial information section. | 446 |
| -- | -- | Replaced GUI references with CLAIMS 3 due to C3 LAN modernization in August 2017. | -- |
| 79 | 9/29/17 | Revised steps for petition revocation. | 518 |
| 80 | 10/13/17 | Corrected reference from I-918 to I-918A in Waitlist Process section. | 537 |
| 81 | 1/2/18 | Updated ITR steps to include ECHO Paragraph Codes and Descriptions. | 665 |
| 82 | 1/17/18 | Changed requirement for timely filed Supplement B to "6 months to the day" per division announcement | 701 |
| 83 | 2/1/18 | Removed reference to PCQS and replaced US-VISIT with CPMS-IVT in table of Required Systems Check. | 737 |
| 84 | 3/13/18 | Updated CLAIMS 3 updating section for petitioners outside of US. | 854 |
| 85 | 3/13/18 | Revised denial updating sections.  Corrected references for cards CLAIMS 3 updated in error.  Revised processing a withdrawal section to include instructions for creating letter in ECHO. | 862 |
| 86 | 4/16/18 | Updated mainframe FD-258 to CPMS. | 977 |
| 87 | 4/20/18 | Added I-918 to clarify U-3 eligibility based on time of filing.  Removed redundant language regarding ineligible U-3 derivatives. | 983 |
| 88 | 5/24/18 | Updated process for creating waitlist notices. | 1083 |

I-918 SOP: Revised: May 24, 2018

I-918 SOP: Revised: May 24, 2018

Confidential

DEF - 00004466

# DEF-INTERV.

# EX. 166

| | |
|---|---|
| **From:** | Baranowski, Katherine L <​█████████@uscis.dhs.gov> |
| **Sent:** | Thursday, July 13, 2017 2:01 PM |
| **To:** | Meeker, Leslie A <█████████@uscis.dhs.gov>; Robertson, Lisa J <█████████@uscis.dhs.gov>; Ferguson, Tyrone <█████████@uscis.dhs.gov>; Bradley, Lisa D <█████████@uscis.dhs.gov>; Wilcox, Wendy M <█████████@uscis.dhs.gov>; Randall, Shelly D <█████████@uscis.dhs.gov>; Rosario, Dina <█████████@uscis.dhs.gov> |
| **Cc:** | Dean, Kimberly D <█████████@uscis.dhs.gov>; Pecinovsky, Steven J (Steve) <█████████@uscis.dhs.gov> |
| **Subject:** | FW: MAVNI-Based Deferred Action Requests |
| **Attach:** | PM-602-0114 November 23, 2016.pdf; CHAP Vol. 3 Part F - Deferred Action.pdf; AFM 21.1.pdf |

**From:** Swacina, Linda M
**Sent:** Thursday, July 13, 2017 1:55 PM
**To:** Koch, Steven P; Frazier, Denise M; Gomez, Cindy N; Baranowski, Katherine L; Tierney, Therese A
**Subject:** FW: MAVNI-Based Deferred Action Requests

**From:** Renaud, Daniel M
**Sent:** Thursday, July 13, 2017 1:53:28 PM
**To:** Bryson, Tony R; Colucci, Nicholas V; Cowan, Robert M; Jones, Keith A; Muzyka, Carolyn L; Pietropaoli, Lori A; Valverde, Michael; Swacina, Linda M
**Cc:** Rinehart, Brett R; Kendrick, Rose M; Kvortek, Lisette E; Farnam, Julie E
**Subject:** FW: MAVNI-Based Deferred Action Requests

On Friday July 7, 2017, I provided direction to proceed with the adjudication of MAVNI-based Deferred Action Requests. The direction to adjudicate these requests remains effective; however, upon further consideration FOD will not proceed to treat all MAVNI related Deferred Action requests as we would other requests for Deferred Action. Rather, FOD will continue to follow current policy guidance which indicates that being in the Deferred Enlistment Program (DEP) is to be considered a strong positive factor when considering a request for Deferred Action. While a MAVNI recruit in the DEP is a strong positive factor, it is not the only factor. All relevant factors must be considered before a decision is made to grant or deny deferred action.

For your ready reference please find attached the following:

- Policy Memorandum (PM-602-0114), November 23, 2016. Discretionary Options for Designated Spouses, Parents, and Sons and Daughters of Certain Military Personnel, Veterans, and Enlistees
- CHAP, Volume 3 – Protection & Parole, Part F – Deferred Action
- Adjudicators Field Manual (AFM) 21.1 ( c ) (2) (A) Deferred Action for DoD Delayed Entry Program Enlistees (Including MAVNI Recruits) and Certain Family Members

Please forward as appropriate.

Daniel M. Renaud
Associate Director, Field Operations Directorate
Department of Homeland Security | U.S. Citizenship and Immigration Services

DEF - 00004560

# DEF-INTERV.

# EX. 167

Case 1:18-cv-00068 Document 226-1 Filed on 07/22/18 in TXSD Page 317 of 427

\ afm \ Adjudicator's Field Manual \ Chapter 21. Family-based Petitions and Applications. \ 21.1 General Information About Relative Visa Petitions.

Previous Document  Next Document

## 21.1 General Information About Relative Visa Petitions.

(a) Historical Information Regarding Visa Petitions.

In the aftermath of World War I, Congress passed a number of laws restricting immigration to the U.S. by both numbers and qualifications.
[Previously, there were restrictions barring certain types of individuals based on individual shortcomings (e.g., the Act of March 3, 1875 which
barred convicts and prostitutes, and the Act of August 3, 1882, which barred criminals, paupers, and "mental and physical defectives"), and on race
(i.e., the Chinese Exclusion Act of May 6, 1882).] In order to qualify for an immigrant visa (itself a new post-WWI innovation), the alien had to
fall within one of the quota categories, or be exempt there from. The visa petition was then created as the vehicle for establishing that an alien
fell into one of the higher quota categories, or was quota-exempt.

Over the years, the definitions of the various immigrant visa categories have changed with the passage of new legislation, and the requirements
have been interpreted and reinterpreted through volumes of case law. However, the need for an approved immigrant visa petition to qualify for most
visa classifications has remained a basic requirement of the system of legal immigration to the United States. It is no exaggeration to say that
professional adjudication of immigrant visa petitions is one of the keystone s to ensuring that the system works as intended.

(b) Organization of this Chapter.

Many of the basic visa petition adjudication procedures and issues are similar regardless of the form being filed or the classification being sought.
Those basic procedures are discussed in subchapter 21.2 . Subchapters 21.3 through 21.10 are organized according to the relationship of the petitioner
to the beneficiary and discuss those aspects of the adjudication procedures and issues which are unique to those particular relationships. Accordingly,
it is intended that the users of this field manual review both subchapter 21.2 and the relevant individual relationship subchapter when seeking information.

(c) Special Parole and Deferred Action Considerations.

On November 15, 2013, USCIS, pursuant to the authority conferred upon the Secretary of Homeland Security by INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A), issued a Policy Memorandum guiding the exercise of discretion with respect to applications for parole by designated family members of U.S. military personnel and veterans. On November 20, 2014, the Secretary directed USCIS to issue new policies on the use of both parole in place and deferred action for certain family members of certain military personnel, veterans, and individuals who are seeking to enlist in the U.S. military. See Secretary of Homeland Security Memorandum,

Confidential                                                                                                          DEF - 00004577

"Families of U.S. Armed Forces Members and Enlistees" (Nov. 20, 2014),
http://www.dhs.gov/sites/default/files/publications/14_1120_memo_parole_in_place.pdf

These new policies support the Department of Defense (DoD) in several ways, including by:

- Elaborating on general USCIS deferred action policies by identifying factors that are of particular relevance to discretionary determinations involving military personnel, veterans, and their families;
- Building on existing USCIS and DoD initiatives and policies designed to assist military members, veterans, and their families in navigating our complex immigration system;
- Facilitating military morale and readiness and supporting DoD recruitment policies by considering temporarily deferring the removal of certain military family members;
- Furthering the goal of the Military Accessions Vital to the National Interest (MAVNI) program to recruit certain foreign nationals whose skills are considered vital to the national interest and critical to military services; and
- Ensuring consistent support for our military personnel and veterans, who have served and sacrificed for our nation, and their families.

For guidance on parole in place for certain family members of military personnel and veterans, see AFM Chapter 21.1(c)(1). For guidance on deferred action for certain enlistees and certain family members of military personnel and veterans, see AFM Chapter 21.1(c)(2).

(1) Special Parole Consideration for Spouses, Parents, Sons, and Daughters of Active Duty Members of the U.S. Armed Forces, Individuals in the Selected Reserve of the Ready Reserve, or Individuals Who (Whether Still Living or Deceased) Previously Served on Active Duty in the U.S. Armed Forces or the Selected Reserve of the Ready Reserve and Were Not Dishonorably Discharged.

The decision whether to grant parole under INA § 212(d)(5)(A) is discretionary. Generally, USCIS grants parole in place only sparingly. The fact that the individual is a spouse, parent, son, or daughter of an Active Duty member of the U.S. Armed Forces, an individual in the Selected Reserve of the Ready Reserve, or an individual who previously served on active duty in the U.S. Armed Forces or the Selected Reserve of the Ready Reserve (if the former service member was not dishonorably discharged and either is living or died while the family member was residing in the United States), however, ordinarily weighs heavily in favor of parole in place. Absent a criminal conviction or other serious adverse factors, parole in place would generally be an appropriate exercise of discretion for such an individual. If USCIS decides to grant parole in that situation, the parole should be authorized in one-year increments, with extensions of parole as appropriate. To request parole, the alien must submit to the director of the USCIS office with jurisdiction over the alien's place of residence:

- Completed Form I-131, Application for Travel Document (The USCIS Director has determined that in this situation the Form I-131 may be filed without fee, per 8 CFR 103.7 (d));
- Evidence of the family relationship (this may include proof of filing a petition in certain cases – see AFM 21.1(c)(3) below);
- Evidence that the alien's family member is an Active Duty member of the U.S. Armed Forces, individual in the Selected Reserve of the Ready Reserve, or an individual who (whether still living or deceased) previously served on active duty in the U.S. Armed Forces or the Selected Reserve or the Ready Reserve such as a photocopy of both the front

Confidential          DEF - 00004578

Case 1:18-cv-00068   Document 326-1   Filed on 07/22/18 in TXSD   Page 319 of 427

and back of the service member's military identification card (DD Form 1173) (in the case of family members of veterans (whether still living or deceased), the service member must not have received a dishonorable discharge upon separation from the military)
- In the case of surviving family members, proof of residence in the United States at the time of the service member's death;
- Two identical, color, passport style photographs; and
- Evidence of any additional favorable discretionary factors that the requestor wishes considered.

Individuals who have obtained parole in place are eligible to apply for work authorization for the period of parole if they can demonstrate economic necessity. See 8 CFR 274a.12(c)(11), (14). See Form I-765, Application for Employment Authorization.

Parole in place may be granted only to individuals who are present without admission and are therefore applicants for admission. Individuals who were admitted to the United States but are currently present in the United States beyond their periods of authorized stay are not eligible for parole in place, as they are no longer applicants for admission.

(2) Deferred Action Consideration for Spouses, Parents, and Sons and Daughters of Active Duty Military Personnel, Individuals in the Selected Reserve of the Ready Reserve, and Individuals Who (Whether Still Living or Deceased) Previously Served on Active Duty in the U.S. Military or the Selected Reserve of the Ready Reserve and Were Not Dishonorably Discharged; and for MAVNI and other Enlistees in the Delayed Entry Program and their Spouses, Parents, and Sons and Daughters.

(A) Deferred Action for DoD Delayed Entry Program Enlistees (Including MAVNI Recruits) and Certain Family Members.

Individuals who have no previous military experience and are seeking to enlist in the U.S. Armed Forces must sign a contract by which they enter into the Delayed Entry Program (DEP) for a maximum of 365 days while awaiting Basic Training. While in the DEP, there can be delays in starting active duty for the Active Components or initial active duty for training for the Reserve Components.

Individuals who enlist in the military through the Military Accessions Vital to the National Interest (MAVNI) program may also enter the DEP. The MAVNI program allows certain foreign nationals to enlist in the military to fill positions where there are critical shortages in health care and foreign language skills. See the DoD MAVNI program fact sheet for further details: http://www.defense.gov/news/mavni-fact-sheet.pdf.

Most MAVNI recruits are in a lawful nonimmigrant status at the time that they enlist. For example, it is common for a J-1 foreign exchange visitor or F-1 foreign student to enlist in the U.S. military through MAVNI. Through no fault of their own, MAVNI recruits in the DEP may fall out of their lawful status while waiting to enter Basic Training. This may occur, for example, in cases where an F-1 foreign student completes his or her program of study while waiting to enter Basic Training in the DEP. In the same way, the family members of such recruits often lose their lawful statuses because their statuses depend on those of the recruits. In addition, family members might lack status either because they are present without being admitted or paroled, or because they were admitted or paroled but overstayed their authorized periods of stay even

Confidential    DEF - 00004579

before their MAVNI or other DEP family member entered the DEP.

As in all deferred action determinations, USCIS will make case-by-case, discretionary judgments based on the totality of the evidence. In doing so, USCIS will weigh and balance all relevant considerations, both positive and negative. Certain factors, however, are of particular relevance to the exercise of that discretion when deferred action requests are submitted by individuals in DEP and their family members. Particularly strong positive factors specific to such requests include, but are not limited to:

- Being a DEP enlistee, including through the MAVNI program (even if the enlistee's authorized period of stay expires while in the DEP); and
- Being the spouse, parent, son, or daughter of a MAVNI recruit or other individual in the DEP (even if present in the United States without an authorized status).

The presence of one or more of the preceding factors does not guarantee a grant of deferred action but may be considered a strong positive factor weighing in favor of granting deferred action. The ultimate decision rests on whether, based on the totality of the facts of the individual case, USCIS finds that the positive factors outweigh any negative factors that may be present.

If an individual described in either of the two bullets above is granted deferred action in the exercise of discretion, the period of deferred action should be authorized in two-year increments; USCIS may consider requests for renewal of deferred action as appropriate. If the individual withdraws from the DEP or becomes disqualified from joining the military, any period of deferred action for the family member may be terminated. See AFM Chapter 21.1(c)(2)(C) for guidance on filing requests for deferred action. See AFM Chapter 21.1(c)(1) for guidance on parole in place.

(B) Deferred Action for Certain Family Members of Active Duty Members of the U.S. Military, Individuals in the Selected Reserve of the Ready Reserve, or Individuals Who (Whether Still Living or Deceased) Previously Served on Active Duty in the U.S. Military or in the Selected Reserve of the Ready Reserve and Were Not Dishonorably Discharged.

As in all deferred action determinations, USCIS will make case-by-case, discretionary judgments based on the totality of the evidence. In doing so, USCIS will weigh and balance all relevant considerations, both positive and negative. Certain factors, however, are of particular relevance to the exercise of that discretion when deferred action requests are submitted by the family members of military personnel and veterans. One particularly strong positive factor specific to such requests is that the person has been admitted and is the spouse, parent, son, or daughter of an individual who is serving, or has previously served on active duty in the U.S. military or in the Selected Reserve of the Ready Reserve (if the former service member was not dishonorably discharged and either is living or died while the family member was residing in the United States). Such an individual ordinarily fits the guidelines for parole under section 21.1(c)(1) above, except for being statutorily ineligible solely because of his or her prior admission. See INA §§ 212(d)(5)(A), 235(a)(1), 8 U.S.C. §§ 1182(d)(5)(A), 1225(a)(1). The presence of the preceding factor does not guarantee a grant of deferred action but may be considered a strong positive factor weighing in favor of granting deferred action. The ultimate decision rests on whether, based on the totality of the facts of the individual case, USCIS finds that the positive factors outweigh any negative factors that may be present. If USCIS grants deferred action in the exercise of discretion, the period of deferred action should be authorized in two-year increments; USCIS may consider requests for renewal of deferred action as appropriate.

Confidential

(C) Filing Request for Deferred Action.

To request deferred action, one must submit the following to the director of the USCIS office with jurisdiction over the requestor's place of residence:

- Letter stating basis for the deferred action request [See AFM 21.1(c)(2)(A) and (c)(2)(B)];
- Evidence supporting a favorable exercise of discretion in the form of deferred action as elaborated in AFM 21.1(c)(2)(A) and (c)(2)(B) – (e.g., evidence of family member's current or previous military service, or alien's or family member's enlistment in the DEP; note that in the case of family members of veterans, whether still living or deceased, the service member must not have received a dishonorable discharge upon separation from the military);
- Proof of family relationship, if applying based on family relationship to military member, veteran, or enlistee (this may include proof of filing a petition in certain cases - see section below);
- In the case of surviving family members, proof of residence in the United States at the time of the service member's death;
- Proof of identity and nationality (including a birth certificate, a passport and/or identification card, driver's license, notarized affidavit(s), etc.);
- If applicable, any document the alien used to lawfully enter the United States (including, but not limited to, Form I-94, Arrival/Departure Record, passport with visa and/or admission stamp, and any other documents issued by other components of DHS or legacy INS);
- Form G-325A, Biographic Information;
- Two identical, color, passport style photographs; and
- Evidence of any additional discretionary factors that the requestor would like USCIS to consider.

Individuals who have obtained deferred action are eligible to apply for work authorization for the period of deferred action if they can demonstrate economic necessity. See 8 CFR 274a.12(c)(11), (14). See Form I-765, Application for Employment Authorization.

A requestor who has legal representation must submit a properly completed Form G-28, Notice of Entry as Attorney or Accredited Representative.

(3) Petition Filing Requirement for Certain Parole or Deferred Action Requests.

USCIS encourages applicants to continue on a path toward lawful permanent resident status whenever applicable. In cases where it is applicable, USCIS encourages the filing of a Form I-130, Petition for Alien Relative (or Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant) to allow USCIS to use an established process in evaluating the bona fides of the pertinent family relationship. In some cases where subsequent parole in place or renewal of deferred action is requested, such filing may be required (see AFM 21.1(c)(3)(A) below). USCIS checks the bona fides of the qualifying family relationship in all parole in place and deferred action requests regardless of whether the Form I-130 (or Form I-360) has been filed.

In all cases where a Form I-130 or Form I-360 has been filed, USCIS may grant either parole in place, as provided in AFM 21.1(c)(1), or deferred action, as provided in AFM 21.1.(c)(2), as

Confidential    DEF - 00004581

long as the applicant's Form I-130 (or Form I-360) is pending or approved (and still valid). Even in cases where the Form I-130 or Form I-360 is required, it does not need to be approved prior to a grant of either parole in place or deferred action. Upon receiving the receipt notice for the Form I-130 or Form I-360, the alien may file the request for either parole in place or deferred action with the USCIS office with jurisdiction over the alien's place of residence. The request for either parole in place or deferred action must include documentation to establish an eligible family relationship. Such evidence may include a previously approved petition.

Note: Proof of filing the Form I-130 or Form I-360 is not required, even in applicable cases, for initial requests for parole in place or deferred action as provided under AFM 21.1(c)(1) and AFM 21.1(c)(2). See AFM 21.1(c)(3)(B).

(A) Petition Required for Request for Subsequent Parole in Place or Renewal of Deferred Action.

Active Duty military members, individuals in the Selected Reserve of the Ready Reserve, individuals who have previously served on active duty in the U.S. military or in the Selected Reserve of the Ready Reserve, and DEP enlistees, if eligible to file a Form I-130 on behalf of a family member requesting subsequent parole in place or renewal of deferred action as provided under AFM 21.1(c)(1) or (c)(2), must submit a completed Form I-130 for the family member, with fee and according to the instructions on the form, prior to filing the request for subsequent parole in place or renewal of deferred action, as applicable. (See Form I-130 instructions for more information on who may file.)

Surviving spouses, parents, sons, and daughters of deceased service members and veterans (described above) who were residing in the United States at the time of the service member's death and who are eligible to file Form I-360 on their own behalf must submit a completed Form I-360, with fee and according to the instructions on the form, prior to filing the request for subsequent parole in place or renewal of deferred action, as applicable. (See Form I-360 instructions for more information on who may file. See also the USCIS web site at: http://www.uscis.gov/military/family-based-survivor-benefits/survivor-benefits-relatives-us-citizen-military-members.)

The Form I-130 (or Form I-360) filing requirement for requests for subsequent parole in place or renewal of deferred action as provided under AFM 21.1(c)(1) and AFM 21.1(c)(2) applies only to requests that are submitted on or after November 23, 2017 (one year after publication of memorandum updating AFM 21.1).

(B) Cases where Petition is Not Required at Any Time.

Individuals who are ineligible to file a Form I-130 or a Form I-360 are not required to do so; they may still request parole in place or deferred action, as applicable. In particular, MAVNI recruits in the DEP are not eligible to file Form I-130 and therefore not required to do so. MAVNI recruits may, however, become eligible for naturalization under INA § 329(a) upon entering active duty. Recruits typically must wait until they naturalize before filing a Form I-130 for any eligible family members.

Proof of filing the Form I-130 (or Form I-360) also is not required, even in applicable cases, for initial requests for parole in place or deferred action as provided under AFM 21.1(c)(1) and AFM

Confidential                                    DEF - 00004582

Case 1:18-cv-00068  Document 326-1  Filed on 07/22/18 in TXSD  Page 323 of 427

21.1(c)(2).

\ afm \ Adjudicator's Field Manual \ Chapter 21. Family-based Petitions and Applications. \ 21.1 General Information About Relative Visa Petitions.
Previous Document   Next Document

Confidential                                                  DEF - 00004583

# DEF-INTERV.

# EX. 168

**From:**    Bausman, Kathleen A <████████████@uscis.dhs.gov>
**Sent:**    Monday, April 10, 2017 3:50 PM
**To:**    Cycyk, Nicholas M <████████████@uscis.dhs.gov>; McDaniel, Jennifer N
    <████████████@uscis.dhs.gov>; Copestick, Michael
    <████████████@uscis.dhs.gov>; Surmacz, Joshua
    <████████████@uscis.dhs.gov>; Beale, John P <████████████@uscis.dhs.gov>;
    Browndeis, Philip <████████████@uscis.dhs.gov>; Catalano, Michael A
    <████████████@uscis.dhs.gov>; Dawson, Tara <████████████@uscis.dhs.gov>;
    Emhof, Richard J <████████████@uscis.dhs.gov>; Johnson, Faith
    <████████████@uscis.dhs.gov>; McKeever, Lynda T
    <████████████@uscis.dhs.gov>; Parker, Bryan M
    <████████████@uscis.dhs.gov>; Roby, Melvin <████████████@uscis.dhs.gov>
**Subject:**    FW: Deferred Action Requests - Dept of Defense Delayed Entry Pool (DEP)

---

FYI...

---

**From:** Goodwin, Shelley M
**Sent:** Monday, April 10, 2017 8:00 AM
**To:** #NER-DD-FOD-COS
**Cc:** Kern, Suzanne C; Kolinich, Cynthia M; Pietropaoli, Lori A
**Subject:** Deferred Action Requests - Dept of Defense Delayed Entry Pool (DEP)

Field Leadership:

Please ensure that any staff members involved in the review of deferred action cases, in addition to DDs and FODs, receive the following information.

**Background:**
As reflected in the CHAP under Volume 3, Chapter 2, deferred action may now be considered for certain individuals without prior military experience seeking to enlist in the U.S Armed Forces through the Department of Defense (DoD) Delayed Entry Pool (DEP).  Individuals who enlist in the military through the Military Accessions to the National Interest (MAVNI) program may also enter under the DEP.   The CHAP furthers states that USCIS will make case by case discretionary determinations based on the totality of circumstances by weighing and balancing all relevant factors.  A strong positive factor would include a DEP enlistee, including through the MAVNI program.  As further outlined, the presence of this factor does not guarantee a grant of deferred action but would be considered a strong positive factor weighing in favor of granting.

We have begun to see deferred action requests submitted to local offices for individuals in the DEP.   There has been some confusion and inconsistency in approach across USCIS Field Offices with respect to these deferred action requests in that the CHAP assumes totality of circumstances, which some viewed as implying there must also be other compelling factors to support a grant when, in fact, a request by an individual in the DEP and supported by an enlistment contract (along with other standard documentary requirements for deferred action requests) is sufficient to support a grant absent other negative factors.  If an individual is in DEP, it is acknowledged that they need the deferred action to remain here and move forward with their enlistment in to the military.  As such, evidence of that  enlistment via the contract should be sufficient to support a grant.   Please be advised that HQ is moving to update the CHAP with clarifying information to include FAQs.

**Action:**
Effective immediately and as a point of clarification:

- Offices may review and submit deferred action requests to the Regional Director for concurrence where the individual is in the DEP and has satisfied enlistment through submission of their enlistment program.   If the

request is submitted without an enlistment contract, the field office should issue an RFE.
- That enlistment contract, as reflected in the CHAP, must show a date that is within two years of the filing of the deferred action requests.  Otherwise, if over two years, the deferred action request will not be granted.   See screen shot below.
- If the individual is currently maintaining some other valid immigration status, the deferred action request will not be granted.
- For requests where the date of enlistment is beyond two years of filing the deferred action requests and/or the individual is currently maintaining a valid immigration status, the field office may deny the request at the local level and not forward to the Regional Office.  ***However, it will be critical that an email is sent to the NER Deferred Action email account which outlines the case information and reason for denial so that the national report can be updated accordingly.***

It is important to note that, in addition to the appropriate filings we may see as outlined in the CHAP, there was also some misinformation shared with recruiters by the Army which stated that individuals in the MAVNI program with an approved immigration status may also apply for deferred action in order to obtain a work permit to support themselves while waiting to ship to training.  This particular scenario does not represent an appropriate basis for seeking deferred action and HQ is working with the Assist deputy for recruiting to have corrected information shared with recruiters.  Thus if you receive a request for an individual who is in a valid immigration status, as noted above, the request would generally not be granted.

Relevant CHAP info is as follows:

[http://███████████████████████████████████████aspx#S-C](http://)

*Shelley M. Goodwin*
Northeast Region I Associate Regional Director, Operations I USCIS I 802-660-████ (office) I 802-578-████ (cell)

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally priviledged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.  Thank You.

DEF - 00000091

# DEF-INTERV.

# EX. 169

# Deferred Action Consolidated Guidance

| Resources |
|---|
| • CHAP: <u>Volume 3: Protection & Parole, Part F: Deferred Action</u> |

| **MAVNI Deferred Action** |
|---|
| Date: March 22, 2018 AOS Teleconference |

Please be sure that you are handling all MAVNI deferred action cases in a timely manner. There was a lawsuit in September against USCIS (the *Sudario* lawsuit) alleging unreasonable delays in adjudicating military deferred action requests. Since the lawsuit was dismissed, the parties have again alleged that their deferred action requests are not being processed timely and that they are experiencing difficulty receiving an additional year of deferred action in cases where applicants' enlistment contracts have been amended to allow them to remain in the Delayed Entry Program for an additional year.

**AWP, ACP**

| **AWP, ACP** | Offices can refer to the <u>CHAP Volume 3, Part F</u> for information related to Deferred Action for MAVNI Enlistees. |
|---|---|

| **MAVNI Deferred Action Fillable Worksheet Now Available** |
|---|
| Date: March 22, 2018 AOS Teleconference |

NER modified the <u>Military/Mil Family Deferred Action Request Worksheet</u>, so that it is now a fillable PDF document. The fillable worksheet is now available in the <u>CHAP</u>. This change was made based on a recommendation by the field to make this a more efficient process.

| **CHAP Update: Deferred Action Guidance** |
|---|
| Date: November 30, 2017 AOS Teleconference |

The CHAP is now updated at the link below to include the actual process governing the handling of a deferred action request as well as links to the new national deferred action log to track action taken on these cases.

<u>http://connect.uscis.dhs.gov/workingresources/CHAP/Pages/HTML/CHAP-Volume3-PartF.aspx</u>

For this reason, we are rescinding any NER guides that were issued over the last couple of years because they now contain dated information. The official source for deferred action cases would be in the CHAP and so you may discard any previously issued supplemental guidance by the NER. The only two documents that we have created for expected use by the field includes the two worksheets attached below that were shared with the field on November 7th. The first being the new routing sheet for the front of files and the second being the worksheet to be included in the cases.


Fillable-Routing Slip-Deferred Action.


Fillable-Deferred Action Worksheet.pd

| **New Deferred Action Reporting Tool and Processing Sheets** |
|---|
| Date: October 26, 2017 AOS Teleconference |

Confidential

DEF - 00002232

## Deferred Action Consolidated Guidance

Headquarters and NER have implemented a number of changes recently to the reporting and routing of the Deferred Action cases. If you process deferred action requests, then please be sure that you are familiar with the new requirements. The NER Deferred Action Guide will be updated shortly with the new information.

- **ECN Reporting Site:** Deferred action cases are now being tracked via a national database, or log, on the ECN. Here is the link to the new reporting site:  National Deferred Action Reporting site.  Offices were required to begin using the site for every new request submitted as of October 11th.  For any requests pending in your office (at the FOD, DD or RD level) please first check to see if the case has already been entered and, if so, you can proceed with follow up updates within that case rather than making a new entry.  If the case is not already listed as pending, you must make a new entry. For information on how to make an entry, please see the National Deferred Action Log Instructions attached below.
- **New File Routing Sheet:**  Offices should also use the new NER DA Routing Sheet for all DA cases and place it on the outside of the file.  See the attachment below.  We hope the new ECN and worksheets will support proper completion of security checks and other action items.  Going forward, if security checks are not completed, the case will be returned to the field as the volume continues to grow for these issues and we are not able to resolve all of the security check issues here at the region. Also effective with this new ECN, files will be routed to the field office after completion by the RD.  We will no longer route back through the District.  The District Director will be able to see any and all cases and actions on the ECN.
- **New Military Worksheet:**  There is also a new HQ FOD military deferred action process worksheet for any DA case that is military based.  You must submit a military worksheet and the NER Routing Sheet with any military DA requests. See the attachment below.

      

National_Deferred_A        NER Routing           HQ FOD DA
ction_Log_Instruction Slip-Deferred Action.c Processing Sheet.pdf

---

**Important Updates on DACA**

Date: September 28, 2017 AOS Teleconference

---

As you are aware, on September 5th, DHS initiated the phase out of Deferred Action for Childhood Arrivals (DACA). DHS will provide a limited, six-month window during which it will consider certain requests for DACA and applications for work authorization. Advance parole for DACA recipients is no longer available. Effective as of September 5, 2017, field office staff must not accept any new, or approve any currently pending, DACA-based advance parole requests.  All currently pending DACA-based advance parole requests should be administratively closed and the fee refunded to the applicant.

All DACA benefits are provided on a two-year basis, so individuals who currently have DACA will be allowed to retain both DACA and their work authorization (EADs) until they expire. USCIS will adjudicate, on an individual, case by case basis:

- Properly filed pending DACA initial requests and associated applications for EADs that were accepted as of September 5, 2017.
- Properly filed pending DACA renewal requests and associated applications for EADs from current beneficiaries that were accepted as of September 5, 2017, and from current beneficiaries whose benefits will expire between September 5, 2017, and March 5, 2018 that are received as of October 5, 2017.

DACA applicants whose still-valid EAD is lost, stolen, or destroyed may continue to submit Form I-765 to request a replacement EAD.

As a reminder, any requests for DACA terminations should continue to be routed to ████████████████████████████████ and the NSC will review accordingly.

**MAVNI DA UPDATE**

2

## Deferred Action Consolidated Guidance

| |
|---|
| Date: July 27, 2017 AOS Teleconference |

On Thursday, July 13th, Associate Director, Dan Renaud, lifted the hold on the adjudication of MAVNI-based Deferred Action requests. We were directed to continue to follow the current policy guidance, which states that being in the Deferred Enlistment Program (DEP) is to be considered a strong positive factor. While a MAVNI recruit in the DEP is a strong positive factor, it is not the only factor. All relevant factors must be considered before a decision is made to grant or deny deferred action Per the <u>CHAP</u>, please continue to route all deferred action requests to NER.

### DA Request and G-325A Question

| |
|---|
| Date: July 27, 2017 AOS Teleconference |

<u>Question</u>: Is the G-325A required for Humanitarian Deferred Action cases? We noticed that the CHAP states that the requestor may provide the Form G-325A Biographic information.

<u>Response</u>: The G-325A is required operationally, as it provides the office with the necessary information to conduct the security checks. We confirmed with HQ that we do not have a standard policy for non-military DA requests, which is why the language is "may provide" in the CHAP guidance. Since there is no designated DA form, we use the G-325A to obtain the biographic information needed to conduct the required security checks. If the applicant doesn't want to complete the G-325A, then we likely will not have enough information to process the DA request.

### Updated Guidance on Deferred Action for Delayed Entry Pool (MAVNI)

| |
|---|
| Date: April 27, 2017 AOS Teleconference |

As reflected in the CHAP under Volume 3, Chapter 2, deferred action may now be considered for certain individuals without prior military experience seeking to enlist in the U.S Armed Forces through the Department of Defense (DoD) Delayed Entry Pool (DEP).  Individuals who enlist in the military through the Military Accessions to the National Interest (MAVNI) program may also enter under the DEP.  The CHAP furthers states that USCIS will make case by case discretionary determinations based on the totality of circumstances by weighing and balancing all relevant factors.  A strong positive factor would include a DEP enlistee, including through the MAVNI program.  As further outlined, the presence of this factor does not guarantee a grant of deferred action but would be considered a strong positive factor weighing in favor of granting.

We are now seeing deferred action requests submitted to local offices for individuals in the DEP. There has been some confusion and inconsistency in approach across USCIS Field Offices with respect to these deferred action requests in that the CHAP assumes totality of circumstances, which some viewed as implying there must also be other compelling factors to support a grant when, in fact, a request by an individual in the DEP and supported by an enlistment contract (along with other standard documentary requirements for deferred action requests) is sufficient to support a grant absent other negative factors.  If an individual is in DEP, it is acknowledged that they need the deferred action to remain here and move forward with their enlistment in to the military.  As such, evidence of that enlistment via the contract should be sufficient to support a grant.    Please be advised that HQ is moving to update the CHAP with clarifying information to include FAQs.

Effective immediately and as a point of clarification:

- Offices may review and submit deferred action requests to the Regional Director for concurrence where the individual is in the DEP and has satisfied enlistment through submission of their enlistment program.    If the request is submitted without an enlistment contract, the field office should issue an RFE.
- That enlistment contract, as reflected in the CHAP, must show a date that is within two years of the filing of the deferred action requests.  Otherwise, if over two years, the deferred action request will not be granted.   See screen shot below.
- If the individual is currently maintaining some other valid immigration status, the deferred action request will not be granted.
- For requests where the date of enlistment is beyond two years of filing the deferred action requests and/or the

3

individual is currently maintaining a valid immigration status, the field office may deny the request at the local level and not forward to the Regional Office.  **However, it will be critical that an email is sent to the NER Deferred Action email account which outlines the case information and reason for denial so that the national report can be updated accordingly.**

It is important to note that, in addition to the appropriate filings we may see as outlined in the CHAP, there was also some misinformation shared with recruiters by the Army which stated that individuals in the MAVNI program with an approved immigration status may also apply for deferred action in order to obtain a work permit to support themselves while waiting to ship to training.  This particular scenario does not represent an appropriate basis for seeking deferred action and HQ is working with the Assist deputy for recruiting to have corrected information shared with recruiters.  Thus if you receive a request for an individual who is in a valid immigration status, as noted above, the request would generally not be granted.

Relevant CHAP info is as follows:
http://connect.uscis.dhs.gov/workingresources/CHAP/Pages/HTML/CHAP-Volume3-PartF-Chapter2.aspx#S-C

## Deferred Action for Certain MAVNI and Other DEP Enlistees and Family Members

Date: January 26, 2017 AOS Teleconference

On November 23rd, USCIS issued a new policy memorandum expanding discretionary options, to include deferred action, for enlistees in the DOD's Delayed Entry Program (DEP) and their family members.  The DEP, includes those enlisted through the MAVNI program.  As in all deferred action determinations, USCIS will still make a case-by-case discretionary judgment based on the totality of the evidence, but the fact that an applicant is a DEP enlistee or the family member of one is a significant factor to consider.  Applicants requesting deferred action under this new policy should continue to be processed and routed per the current deferred action guidance, as only the Regional Director has the authority to review request and make a determination.  The CHAP (Volume 3) has been updated to include the new guidance - http://connect.uscis.dhs.gov/workingresources/CHAP/Pages/HTML/CHAP-Volume3-PartF-Chapter2.aspx.

It's our understanding that inaccurate information was recently provided to MAVNI F-1s that may have led them to apply for Deferred Action (DA).  Specifically, the Army sent the following message out to their recruiters, "MAVNI FSs currently in an approved immigration status may also apply [for DA] if they wish to as it would allow them to apply for a work permit to support themselves while waiting to ship to training."  However, work authorization is only granted to those with DA if the requestor can demonstrate an economic necessity for employment.  We know that this message resulted in an increase in DA requests at some field offices.  The Army has since corrected the error.

HQ has consistently confirmed that DA should only be used as a last resort.  So, if the requestor remains in a valid nonimmigrant status, then that would be something to consider in the discretionary analysis.

4

DEF - 00002235

# DEF-INTERV.

# EX. 170

| **From:** | Reffel, Frank C <​ ▮▮▮▮▮▮ @uscis.dhs.gov> |
| **Sent:** | Tuesday, August 1, 2017 1:37 PM |
| **To:** | Carter, Linda J <​ ▮▮▮▮▮▮ @uscis.dhs.gov>; Nowinski, Anne E <​ ▮▮▮▮▮▮ @uscis.dhs.gov>; Pierre, Najwa T ▮▮▮▮▮ @uscis.dhs.gov> |
| **Cc:** | McLean, Carolyn M ▮▮▮▮▮▮ @uscis.dhs.gov>; Causey, Odette B ▮▮▮▮▮ @uscis.dhs.gov> |
| **Subject:** | FW: Military Deferred Action Requests |
| **Attach:** | Updated MAVNI N-400 Guidance.msg |

FYI...re: MAVNI DefAct

**From:** Goodwin, Shelley M
**Sent:** Thursday, July 27, 2017 12:03 PM
**To:** #NER-DD-FOD-COS
**Cc:** Kern, Suzanne C; Pietropaoli, Lori A
**Subject:** Military Deferred Action Requests

Field Leadership

On July 7, 2017, HQ FOD Associate Director, Dan Renaud, provided an update on the adjudication of N400 MAVNI cases. USCIS has been actively engaged in ongoing dialogue with the DOD regarding MAVNI applicants in general, to include those who have requested deferred action.  While admittedly some of the communication may have been confusing given the changes in approach, I believe we now have what will be our stance on these issues going forward.  I wanted to take a moment to loop specifically back to the topic of MAVNI deferred action requests.

The latest guidance is that offices <u>do not</u> need to hold any deferred action cases and may process per CHAP procedures. HQ has recently added content to further clarify who is eligible, how to differentiate between DEP and DTP, etc.: http://▮▮▮▮▮▮spx#S-E-2).  To clarify, only **DEP** are covered by the military deferred action policy. Offices may accept DA requests from non-DEP/DTP, but must evaluate those against the "typical" DA criteria, i.e. the fact that they are enlisted may be considered a positive factor, but that in and of itself is not sufficient to grant. This is because the DTP do not require DA in order to complete their enlistment process (whereas the DEP do need DA to complete their enlistment process).

We have held a handful here at NER and will proceed with RD review and transfer back to the field.
Thank you

*Shelley M. Goodwin*
**Northeast Region | Associate Regional Director, Operations | USCIS | 802-660-▮▮▮ (office) | 802-578-▮▮▮ cell)**

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally priviledged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.  Thank You.

# DEF-INTERV.

# EX. 171

| **From:** | Reffel, Frank C ███████████ @uscis.dhs.gov> |
| **Sent:** | Monday, January 9, 2017 3:57 PM |
| **To:** | Causey, Odette B ███████████ @uscis.dhs.gov>; McLean, Carolyn M ███████████ @uscis.dhs.gov> |
| **Subject:** | FW: Updated Guidance: Deferred Action for DoD entry Program Enlistees (including MAVNI Recruits) |

FYSA for DefAct on DEP MIL

---

**From:** Reid, Kimberly K **On Behalf Of** NER Adjustment of Status
**Sent:** Monday, January 09, 2017 3:46 PM
**To:** #NER-DD-FOD-COS; #NER SISOs and Section Managers
**Cc:** Goodwin, Shelley M; Kern, Suzanne C; McCauslin, Mark R; Reid, Kimberly K; May, Joshua J; Palmer, Justin J (Justin)
**Subject:** Updated Guidance: Deferred Action for DoD entry Program Enlistees (including MAVNI Recruits)

Good Afternoon.

We want to inform of you an update to the deferred action for DOD delayed Entry Program Enlistees (including MAVNI recruits) for those applicants whose date of enlistment was over two years ago.

**Background**
On November 23rd, USCIS issued a new policy memorandum expanding discretionary options, to include deferred action, for enlistees in the DOD's Delayed Entry Program (DEP) and their family members.  The DEP, includes those enlisted through the MAVNI program.  As in all deferred action determinations, USCIS will still make a case-by-case discretionary judgment based on the totality of the evidence, but the fact that an applicant is a DEP enlistee or the family member of one is a significant factor to consider.  Applicants requesting deferred action under this new policy should continue to be processed and routed per the current deferred action guidance, as only the Regional Director has the authority to review request and make a determination.  The CHAP (Volume 3) has been updated to include the new guidance - http:████████████████████████████████████████.aspx.
_
**Updated Guidance**
DoD has informed us that the maximum period of time an enlistee can be in the Delayed Entry Program (DEP) is two years. Consequently, field offices will need to request additional evidence from deferred action applicants whose date of enlistment was over two years ago in an effort to ensure these enlistees are still active in DEP.  The CHAP will be updated shortly with the new guidance.

Please send any questions to the NER Adjustment of Status mailbox.

Thank you.

*Kimberly K. Reid*
*Regional Immigration Services Officer*
*Northeast Region*
*U.S. Citizenship & Immigration Services*
*802-660-████*

# DEF-INTERV.

# EX. 172



To request parole, the alien must submit to the Field Office Director of the USCIS field office with jurisdiction over the alien's place of residence:

o Completed Form I-131, Application for Travel Document (The USCIS Director has determined that in this situation the Form I-131 may be filed without fee, per 8 CFR 103.7(d));

o Evidence of the family relationship;

o Evidence that the alien's family member is an Active Duty member of the U.S. Armed Forces, individual in the Selected Reserve of the Ready Reserve or an individual who previously served in the U.S. Armed Forces or the Selected Reserve or the Ready Reserve such as a photocopy of both the front and back of the service member's military identification card (DD Form 1173);

o Two identical, color, passport style photographs; and

o Evidence of any additional favorable discretionary factors that the requestor wishes considered.

**USCIS will make case-by-case, discretionary judgments based on the totality of the evidence.**

**Field offices will make every effort to ensure that deferred action requests are completed with 90 days.**

DEF - 00003675



To File a Request for Deferred Action, submit the following to the Field Office Director of the USCIS field office with jurisdiction over the requestor's place of residence:

• Letter stating basis for the deferred action request [See AFM 21.1(c)(2)(A) and (c)(2)(B)];

• Evidence supporting a favorable exercise of discretion in the form of deferred action (e.g., evidence of family member's current or previous military service, or alien's or family member's enlistment in the DEP; note that in the case of family members of veterans, whether still living or deceased, the service member must not have received a dishonorable discharge upon separation from the military);

• Proof of family relationship, if applying based on family relationship to military member, veteran, or enlistee (this may include proof of filing a petition in certain cases - see section below);

• In the case of surviving family members, proof of residence in the United States at the time of the service member's death;

• Proof of identity and nationality (including a birth certificate, a passport and/or identification card, driver's license, notarized affidavit(s), etc.);

• If applicable, any document the alien used to lawfully enter the United States (including, but not limited to, Form I-94, Arrival/Departure Record, passport with visa and/or admission stamp, and any other documents issued by other components of DHS or legacy INS);

• Form G-325A, Biographic Information;

• Two identical, color, passport style photographs; and

• Evidence of any additional discretionary factors that the requestor would like USCIS to consider.

**USCIS will make case-by-case, discretionary judgments based on the totality of the evidence.**

**Field offices will make every effort to ensure that deferred action requests are completed with 90 days.**

DEF - 00003676

# DEF-INTERV.

# EX. 173

| | |
|---|---|
| **From:** | Tierney, Therese A <█████████@uscis.dhs.gov> |
| **Sent:** | Tuesday, August 1, 2017 3:39 PM |
| **To:** | Woo, Ellen Y <█████████@uscis.dhs.gov>; Almond, Tina M <█████████uscis.dhs.gov>; Gallagher, Kevin E <█████████@uscis.dhs.gov>; Watermann, Melissa K <█████████@uscis.dhs.gov>; Parker, Vanessa <█████████@uscis.dhs.gov>; Short, Gina L <█████████@uscis.dhs.gov>; Wilkinson, Lorra M <█████████@uscis.dhs.gov>; Reynolds, Patti J <█████████@uscis.dhs.gov>; Goodwin, Shelley M <█████████@uscis.dhs.gov>; Bace, Philip R <█████████@uscis.dhs.gov>; Slaven, Dawn C <█████████@uscis.dhs.gov>; Goodwin, Shelley M <█████████@uscis.dhs.gov>; FOD Special Adjudications <█████████@uscis.dhs.gov> |
| **Subject:** | FW: MAVNI-Based Deferred Action Requests |
| **Attach:** | Checklist for MAVNI Deferred Action Requests.docx |

Team,

Thanks again for jumping on the call;

Below email in red are the suggested edits for the CHAP;

Here is our feedback on the attached checklist: which looks great!

T²

Terry Tierney
Associate Regional Director, Operations, SER
390 N. Orange Ave, Rm 1943
Orlando, FL 32801-1640
Ph: 407-237-████
BB: 407-406-████

SER ADJ ECN: ELIS Library in the START folder

Get Updates for ELIS!!

N-400 ELIS Q&A

*"Quality is never an accident. It is always the result of intelligent effort—John Ruskin"*

**From:** Tierney, Therese A
**Sent:** Monday, July 31, 2017 4:13 PM
**To:** FOD Special Adjudications
**Cc:** Rosenstock, Peter L; Slaven, Dawn C; Yeager-Bowser, Keri K; Bace, Philip R; Woo, Ellen Y; Almond, Tina M; Goodwin, Shelley M; Gallagher, Kevin E; Watermann, Melissa K; Parker, Vanessa
**Subject:** FW: MAVNI-Based Deferred Action Requests
**Importance:** High

From the current CHAP website: http://█████████aspx#S-E-2

### 1. DEP vs. DTP

The Army places MAVNI enlistees within one of two "delayed" groups while they are awaiting basic training dates: Delayed Entry Pool (DEP) or Delayed Training Pool (DTP). Only DEP enlistees are covered by the military deferred action policy. Please see DD Form 4 Enlistment Contract examples and the Frequently Asked Questions section to help determine whether a requestor is in DEP or DTP.

After the sentence "Only DEP enlistees are covered by the military deferred action policy", include a sentence that advises the field offices what to do if they encounter an individual in DTP.  Suggested language:  However, if field offices encounter an individual who falls within DTP they may consider the request for deferred action as they would any other request for deferred action based on the totality of the evidence presented, taking into consideration their military service as a positive factor in their decision.

*NOTE*:  If a MAVNI DTP deferred action requestor

   a.  Is participating in drills with the Army Reserve
   b.  Is in a valid immigration status
   c.  Has a pending N-400 application

Then they are not eligible for deferred action and the request should be denied.

### c. Who is covered by the military deferred action policy?

The military DA policy applies to MAVNIs in the Delayed Entry Pool (DEP) Program, and is for the purposes of facilitating their enlistment into the military if they fall out of status while waiting for background checks to be completed. Conversely, MAVNIs in the Delayed Training Program (DTP) are NOT covered by the military DA policy. These individuals have already completed enlistment into the Army Reserve (i.e. Selected Reserve of the Ready Reserve). DTP MAVNIs may submit requests for DA and offices may evaluate these requests and make discretionary judgments based on the totality of the evidence, with their military service considered a positive factor in the decision. See Table 1 for more information.

| Table 1 | | |
|---|---|---|
| | Covered by military DA policy | Not covered by military DA policy |
| The MAVNI is: | • In the DEP and falls out of status while waiting to enlist/attend basic training. | • In the DTP and participating in drills with the Army Reserve. **Note:** MAVNIs who are in a valid immigration status (e.g. F-1, etc.) are not eligible for DA. |
| Look for on the DD Form 4 Enlistment Contract: | Item 8 within Section B. AGREEMENTS will list a certain number of years and months of Active Duty Obligation (most likely 4+ years). (Example 2) | Item 8 within Section B. AGREEMENTS will show a service commitment of 8 years 0 weeks, of which 0 years and 0 weeks is considered an Active Duty Obligation. (Example 1) |

Suggested language for the highlighted section above: DTP MAVNIs may submit requests for DA and offices may evaluate these requests and make discretionary judgments based on the totality of the circumstances just as they would with any other deferred action request received where military service is not a factor.  While military service for a DTP member should be considered a positive factor, field offices must consider all positive and negative equities in the case when making their decisions.

T²

Terry Tierney
Associate Regional Director, Operations, SER
390 N. Orange Ave, Rm 1943
Orlando, FL 32801-1640
Ph: 407-237█
BB: 407-406█

SER ADJ ECN: ELIS Library in the **START** folder

Get Updates for ELIS!!

N-400 ELIS Q&A

*"Quality is never an accident. It is always the result of intelligent effort—John Ruskin"*

**From:** Renaud, Daniel M
**Sent:** Thursday, July 13, 2017 1:53:28 PM
**To:** Bryson, Tony R; Colucci, Nicholas V; Cowan, Robert M; Jones, Keith A; Muzyka, Carolyn L; Pietropaoli, Lori A; Valverde, Michael; Swacina, Linda M
**Cc:** Rinehart, Brett R; Kendrick, Rose M; Kvortek, Lisette E; Farnam, Julie E
**Subject:** FW: MAVNI-Based Deferred Action Requests

On Friday July 7, 2017, I provided direction to proceed with the adjudication of MAVNI-based Deferred Action Requests. The direction to adjudicate these requests remains effective; however, upon further consideration FOD will not proceed to treat all MAVNI related Deferred Action requests as we would other requests for Deferred Action. Rather, FOD will continue to follow current policy guidance which indicates that being in the Deferred Enlistment Program (DEP) is to be considered a strong positive factor when considering a request for Deferred Action. While a MAVNI recruit in the DEP is a strong positive factor, it is not the only factor. All relevant factors must be considered before a decision is made to grant or deny deferred action.

For your ready reference please find attached the following:

- Policy Memorandum (PM-602-0114), November 23, 2016. Discretionary Options for Designated Spouses, Parents, and Sons and Daughters of Certain Military Personnel, Veterans, and Enlistees
- CHAP, Volume 3 – Protection & Parole, Part F – Deferred Action
- Adjudicators Field Manual (AFM) 21.1 ( c ) (2) (A) Deferred Action for DoD Delayed Entry Program Enlistees (Including MAVNI Recruits) and Certain Family Members

Please forward as appropriate.

Daniel M. Renaud
Associate Director, Field Operations Directorate
Department of Homeland Security | U.S. Citizenship and Immigration Services

DEF - 00003700

DEF-INTERV.

EX. 174

# Western Region
# Standard Operating Procedures for Processing Deferred Action Cases, Military Parole-in-Place, and Humanitarian Parole-in-Place



# Western Region
# Adjudications Program

# June 27, 2017

**Table of Contents**

Background ........................................................................................................3

Purpose..............................................................................................................3

Process ..............................................................................................................3

A-files Received at the Regional Office .........................................................4

ISO Action ........................................................................................................5

DA A-file ROP Order ......................................................................................6

PIP A-File ROP Order .....................................................................................6

Tabbing and Labeling Documents in the A-file..............................................7

DA and PIP A-File Routing .............................................................................8

Completing DA and PIP Requests....................................................................8

How To Post Deferred Action Reports: ..........................................................8

Updating Parole in Place Log:..........................................................................9

2

## Western Region Deferred Action Case Processing

**Background**

A request for Deferred Action (DA) is a request that we exercise prosecutorial discretion; it is not an application for a benefit.  If a request for deferred action is granted, it does not confer any immigration status upon the alien, but only stops the accrual of unlawful presence as defined in section 212(a)(9) of the Immigration and Nationality Act (INA) for the duration of the grant.  Any unlawful presence generated prior to a grant of DA is not eliminated after the DA request is approved.  DA does not alter the status of an alien who entered the United States without being inspected or admitted or the status of an alien who is not statutorily eligible to adjust.  The link to guidance in the CHAP is Deferred Action.

A request for Military Parole-in-Place (M PIP) is an exercise of prosecutorial discretion insofar as it is granted in lieu of removing the applicant.  However, it is also an application for a benefit; it is an application for an individual who is present in the United States without having been inspected and admitted, or paroled, to be admitted/paroled into the U.S.  The link to guidance in the CHAP is Military Parole in Place Requests.

Humanitarian Parole-in-Place (H PIP) is an exercise in prosecutorial discretion insofar as it is granted in lieu of removing the applicant.  However, it is also an application for a benefit; it is an application for an individual who is present in the United States without having been inspected and admitted, or paroled to be admitted/paroled into the U.S.  The link to guidance in the CHAP is Humanitarian (Non-Military) Parole in Place Requests.

**Purpose**

This SOP provides specific instructions on how DA, M PIP, and H PIP requests are processed in a timely manner and tracked at the Regional level, as required by the USCIS Headquarters SOP/CHAP.

**Process**

**DA:**  DA requests are submitted in writing either by mail or at an Infopass appointment.  DA requests are tracked from receipt at the field office to completion at the regional level.

The Field Office Director (FOD) will make a recommendation for disposition to the District Director (DD) either to approve or deny the grant.  The DD will either concur or not with the recommendation for disposition and send it to

3

the Regional Director (RD) on the Deferred Action Case Summary, Form G-312. The relating A-File must accompany the signed DA request. The RD will either concur or not concur with the DD's recommendation and, in the latter case, write in "not concur" above her signature on the Form G-312.

Each district and field office reports on the WRO DA Log all deferred action activity to the region for the prior month, on the first workday of the following month. It includes the total pending and completed DA cases for that month. The WRO DA Log is located on the WRO ECN PII Site.

The four Regional Offices are required to provide information on the total pending and completed DA requests each month to the National Benefits Center (NBC) POC, Rhonda Crider, by uploading their DA master log spreadsheet to the NBC ECN Site no later than the 5th business day of each month.

**M PIP:** Military Parole-in-Place requests are submitted on Form I-131, Application for Travel Document, to a field office. The FOD will review the request and send the request, with his or her recommendation to deny, on the attached Parole-in-Place Memorandum to the DD. The memorandum is also located on the WRO Adjudications ECN. The DD will review the request and send his or her recommendation to deny to the RD. Approvals are decided in the field. The A-file must accompany the signed memorandum.

**H PIP:** Humanitarian Parole-in-Place requests are submitted either in letter format or on Form I-131, Application for Travel Document, to a field office. The FOD will review the request and send the request, with his or her recommendation to approve or deny, on the attached Parole-in-Place Memorandum to the DD. The memorandum is also located on the WRO Adjudications ECN. The DD will review the request and send his or her recommendation to the RD. The A-file must accompany the signed memorandum.

---

**A-files Received at the Regional Office**

A-Files **must** accompany DA, M PIP and H PIP requests when they are submitted to the Regional Office for review and decision. All incoming files should be given to or received by Analyst Gerry Dubois and processed as follows:

| Step | Action |
|------|--------|
|      | ISA, Gerry Dubois, is responsible for logging and tracking all of the incoming and outgoing DA, M PIP and H PIP files on the ECN DA Log, which can be found at the following link:  WRO ECN DA/PIP Log |

4

> A-files received from field offices should be charged in NFTS to either DA POC, Shirley Peeples (RPC Code WR0019) or her back-up Carla White (RPC Code WR0005). M PIP A-files received from the field offices should be charged in NFTS to Carla White (RPC Code WR0005).  H PIP A-files should be charged to Michael Tang (RPC Code WR0006).

The RD processing timeframe goal is two weeks for DA, M PIP and H PIP requests to be completed at the Regional Office.

**ISO Action**

### Logging
For Military Parole-in-Place requests, log the case on the tracking spreadsheet, located at <u>Military PIP Case Log</u> in the shared drive.

For Humanitarian Parole-in-Place requests, log the case on the tracking spreadsheet, located <u>Humanitarian PIP Case Log</u> in the shared drive.

> The Regional ISO DA, M PIP and H PIP POCs are responsible for reviewing the requests to ensure that the A-file has all the required documentation to process the request, prior to routing the A-file through Gerry Dubois to the Assistant Regional Director, Adjudications.  The TECS Query and Fingerprints must be current and valid with ROIT and a printout of the Fingerprint results in the A-File.

### TECS Queries
The ROIT should contain results of the TECS query for every name listed in the A-file.  The TECS query is valid for 180 days.

### Fingerprints
There should be a printout of the CLAIMS 3 FD258 page, containing the results of the latest FBI fingerprint check of the applicant, in the file. Fingerprints are valid for 15 months.

If there is no FD258 printout in the file, a system check should be done to see if valid prints are on record.

| If ... | Then ... |
|---|---|
| The applicant has a set of valid prints | Place a printout of the FD258 page in the file. |
| The applicant's prints have expired | Request the sending office do a refresh of the prints. |
| There is no record of the applicant in FD258 | Notify the sending office and ask to get the applicant printed. |

5

DEF - 00004127

**DA A-file
ROP Order**

Upon complete review of the DA A-file, the Regional ISO must ensure that the A-file DA documentation is in ROP order according to the chart below.

| Left Side | Right Side |
|---|---|
| Memo from requestor or attorney* | G-312 * |
| G-325A Biographic Information * | Memo with decision signed by RD * |
| G-28 Attorney Representation | WR memo is only required if the ISO disagrees with DD's recommendation or wants to bring to the RD's attention information not included in the DD's memo. |
| Medical Documentation | District Recommendation Memo * |
| Financial documentation | ROIT* |
| Other applicable documentation | TECS Resolution Memo |
|  | TECS hit printout |
|  | Fingerprint results * |
|  | Rap Sheet |

**PIP A-File
ROP Order**

Upon complete review of the PIP A-file, the Regional ISO must ensure that the A-file PIP documentation is in ROP order according to the chart below.

| Left Side | Right Side |
|---|---|
| I-131 * | Memo with decision signed by RD * |
| Memo from requestor or attorney* | WR memo is only required if the ISO disagrees with DD's recommendation or wants to bring to the RD's attention information not included in the DD's memo. |
| G-28 Attorney Representation | District Recommendation Memo * |
| Medical Documentation | ROIT* |
| Financial documentation | TECS Resolution Memo |
| Other applicable documentation | TECS hit printout |
|  | Fingerprint results * |

6

DEF - 00004128

| | Rap Sheet |
|---|---|

**Items listed on the charts above, which have an asterisk, are required for the RD's review. The other items on the list may be required, if they are applicable.**

---

**Tabbing and Labeling Documents in the A-file**

Regional ISOs must tab and label pertinent documents in the A-file in order that they can be easily identified during the RD's review of the A-file. The following documents listed below must be tabbed and labeled:

**Deferred Action**
Left Side
    a.  Applicant's request
    b.  G-28, if applicable
    c.  G-325A
    d.  Medical documentation
    e.  Financial documentation
    f.  Other evidence, if applicable

Right Side
    a.  G-312
    b.  Regional Director's decision memo
    c.  District Director's recommendation memo
    d.  ROIT
    e.  TECS resolution memo, if applicable
    f.  Fingerprint results
    g.  IDHS (RAP) sheet, if applicable

**Parole in Place**
Left Side
    a.  I-131
    b.  G-28, if applicable
    c.  Medical documentation, if applicable
    d.  Financial documentation, if applicable
    e.  Other documentation, if applicable

Right Side
    f.  Regional Director's decision memo
    g.  District Director's recommendation memo
    h.  ROIT
    i.  TECS resolution memo, if applicable
    j.  Fingerprint results
    k.  IDHS (RAP) sheet, if applicable

7

DEF - 00004129

**DA and PIP A-File Routing**

Upon completion of the A-File review, the Regional ISO POC will:

a) Affix the WRO Staff Routing Sheet to the front of the A-file.
b) Deliver the A-file to Gerry Dubois to log and give to the Assistant Regional Director, Adjudications.
c) Update the Regional ISO's personal log, as appropriate.
d) When the DA or PIP decision is made by the RD and the regional actions are completed, give the A-file to Gerry Dubois to update the ECN Tracker and NFTS and to ship the file back to the district or field office.

**Completing DA and PIP Requests**

After the Regional ISO routes the file through Gerry Dubois to the Assistant Regional Director, Adjudications, the following occurs.

| Stage | Description |
|-------|-------------|
| 1 | The Assistant Regional Director, Adjudications, reviews the request, completes the fields on the WRO routing sheet and gives the A-file to the Associate Regional Director for review. |
| 2 | The Associate Regional Director reviews the request, completes the fields on the WRO routing sheet and gives the A-file to the Regional Director for review and decision. |
| 3 | The Regional Director makes a decision on the request and returns the file to the Associate Regional Director, who returns the file to the Assistant Regional Director. **NOTE**: the Associate Regional Director, when acting as the RD, will complete the decisional review in the RD's absence. |
| 4 | The Assistant Regional Director, Adjudications, returns the A-file to the appropriate Regional ISO POC, who notifies the District with an emailed scanned copy of the decision and give the file to Gerry Dubois to be shipped back to the field. |

**How To Post Deferred Action Reports:**

1. After the 1st day of the month, open http://ecn.uscis.dhs.gov/team/fod/region/westernreg/wrospii/Shared%20Documents/Forms/Military%20Pending%20Reports.aspx to the deferred action pending log dated the 1st of that month.

8

DEF - 00004130

2. Save the monthly *YYYY MM 01 Pending Deferred Action Log* to
   S:\CIS_WRO_ADN\Deferred Action\Monthly DA Reports - WR Submissions to
   NBC\2017
3. Review the report to ensure that all lines are complete and updated.  When it is complete,
   save it on the S drive titled *YYYY MM 01 Completed Deferred Action Log*.
4. Delete the lines for all completed cases from the Pending DA Log and save it.
5. Delete the lines for all the pending cases from the Completed DA Log and save it.
6. Open the *2017 xx 01 Pending Deferred Action Log* you just saved, which will contain all
   cases that were pending at the end of the prior month, and save a copy at
   S:\CIS_WRO_ADN\Deferred Action\Post DA Logs to ECN for update\2017.
7. Go back to the WR ECN
   http://ecn.uscis.dhs.gov/team/fod/region/westernreg/wrospii/Shared%20Documents/For
   ms/Military%20Pending%20Reports.aspx and "add file" to the site.  You should add the
   file in the bullet #6. This is the log that the field offices will update during the current
   month and that you will submit to NBC at the beginning of the next month.
8. Open the NBC ECN site at:
   http://ecn.uscis.dhs.gov/team/fod/nbc/NBC_PII/NBC_PII_Deferred_Action/Forms/AllIt
   ems.aspx.  There are 4 files at that location.  Completed and pending files from last
   month and completed and pending files for the current month.
   o Open the current month pending file.  Open the WRO tab.  Paste the data from
     our pending log Excel spreadsheet in bullet #4 into the NBC completed cases
     file.
   o Save the data and check in/close the file on the ECN NBC Deferred Action site.
   o Open the completed case file for current month on the same ECN NBC Deferred
     Action site.
   o Paste the data from our completed log Excel spreadsheet in bullet #5 into the
     NBC completed case file.
   o Save the data and check in/close the file on the ECN NBC Deferred Action site.
   o Close the pending and completed deferred action files on the S drive.

**Updating Parole in Place Log:**

For Military Parole-in-Place requests, update the decision on the tracking spreadsheet, located at
Military PIP Case Log in the shared drive.

For Humanitarian Parole-in-Place requests, update the decision on the tracking spreadsheet,
located Humanitarian PIP Case Log in the shared drive.

9

DEF - 00004131

# DEF-INTERV.

# EX. 175

| | |
|---|---|
| **From:** | Joseph, Annette <██████████@ice.dhs.gov> |
| **Sent:** | Tuesday, February 28, 2017 11:29 AM |
| **To:** | Bretz, John C <██████████@ice.dhs.gov> |
| **Cc:** | HQ CMU Deferred Action <██████████████@ice.dhs.gov> |
| **Subject:** | Deferred Action Guidance |
| **Attach:** | Example Req Agency DA Letter 2-2017.docx; Example Req Agency Thrt Assess 6-2015.docx |

Good morning AFOD Bretz,

Per your request, please see below guidance for submitting requests for deferred action.

Law enforcement agencies wishing to submit a DA request on behalf of a detained or incarcerated alien should route their requests to their respective Headquarters for approval. Once approved internally by the agency, requests should be submitted to ICE ERO HQ, via the <mailto:HQCMUDeferredAction@ice.dhs.gov> HQCMUDeferredAction@ice.dhs.gov mailbox. For Agents/Officers who are submitting a DA request in their capacity as a Task Force Officer, the request should be routed through the respective host agency, who will in turn, submit the request to ERO.

ERO requires three elements to be included in a DA request: 1) a request cover letter, 2) a threat assessment, and 3) a copy of a recent criminal history "rap sheet" (to include state and federal criminal history). I've attached samples of the cover letter and threat assessment. Please note that each of the elements in the samples must be addressed.

The cover letter must be on official agency letterhead and be signed by a 2nd line (or higher) supervisor/manager. We also request confirmation, in writing, that the respective HQ has approved of the DA request. The threat assessment does not need to be on letterhead and does not require a signature.

If you're requesting DA based upon an individual's cooperation in an investigation or testimony at trial, you'll need to reference the specific, current, and ongoing investigation/case in the request. If the individual is needed in order to provide testimony, please include any known hearing or trial dates. If your agency is pursuing an S-Visa for the alien, please indicate at which stage you are in the application process. If a pending S-Visa is the sole basis for seeking DA, we'll need you to provide confirmation (with specific dates) that the application has been successfully submitted DOJ/OEO. The threat assessment sample should give you an idea what we're looking for.

After we receive the completed DA request package, we will confirm with the controlling ERO Field Office that the alien has an outstanding final order of removal. Once it has been established that a removal order is in place, we will adjudicate the request and provide you with notification of approval/denial. If approved, we will

provide guidance regarding how custody will be transferred to your agency. Please note that your agency will be responsible for providing two credentialed law enforcement officers/agents to pick up the individual directly from the ICE detention facility and sign for constructive custody.

We are able to briefly delay removal to provide an opportunity for submission of a DA request - however, we can only do so for a short time without a formal, signed request in hand. Thus, we strongly recommend that you complete and submit any requests as quickly as possible.

If you have any questions or concerns, please feel free to contact us at
<mailto: ██████████ @ice.dhs.gov> ██████████ @ice.dhs.gov.

Annette D. Joseph

Staff Officer

ICE/HQ - Removal International Operations Unit (RIO)

U.S. Immigration and Customs Enforcement (ICE)

Desk: 202-732-███

Cell : 202-696-███

Direct Email: <mailto: ██████████ @ice.dhs.gov> ██████████ @ice.dhs.gov

# DEF-INTERV.

# EX. 176

*Agency Letterhead*

*Date*

Honorable Matthew T. Albence
Executive Associate Director
Office of Enforcement and Removal Operations
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536

Dear Director Albence:

*Agency Name* formally requests U.S. Immigration and Customs Enforcement (ICE), Office of
Enforcement and Removal Operations (ERO) to postpone the removal of *Alien's Name, DOB, POB, A###
### ###,* to release him from ICE custody to the constructive custody of the *LEA,* and grant him deferred
action status. *Alien's Name* is currently detained at the XXXX Detention Center, in XXXX.

If a confidential informant or witness: The *LEA* believes *Alien's Name* is a suitable human source (or
witness) and does not consider him a threat to the community or national security. *Alien's Name* is willing
to operationally assist the *LEA* (or provide testimony in [case name]). If no "S" visa in process or
planned: The *LEA* has not submitted an S visa application for *Alien's Name.*

If "S" visa in process: An S visa application for *Alien's Name* was approved by the U.S. Attorney's Office
for *district name* on *date,* forwarded to the Department of Justice, Office of Enforcement Operations on
*date,* and is pending (or sent to the USAO for review on *date* and pending review). If an S visa is granted
but the subject does not adjust to a permanent resident upon its expiration or if the application is denied,
*LEA* will return *Alien's Name* to ICE/ERO custody. (if S visa not submitted, but planned, please outline
what steps have been taken and status of application).

Two LEO's are required to take constructive custody (to whom, within the LEA, the alien will be
regularly reporting). If a prosecuting attorney's office (without LEO powers) is submitting this request,
the office must partner with an LEA to handle the alien while in your constructive custody.
*LEA Agent John Doe,* credential number #*XXX,* contact number office (*215*) *555-5555* and cell phone
(*215*) *555-5554,* and *LEA Agent Jane Doe, credential number #XXX, contact number office (215) 555-
5553 and cell phone (215) 555-5552* will be the *Agents* who will sign for constructive custody and will
serve as his handler while in constructive custody.

Prior to or upon the expiration of the Deferred Action and whereas *Alien's Name* cooperation is no longer
warranted, *LEA* will return *Alien's Name* to ICE/ERO custody. Should an extension of the Deferred
Action be needed, a request will be submitted at least 30 days prior to its expiration.

The *LEA's* point of contact for this matter is *Agent Jane Doe, Confidential Source Coordinator,* contact
number (*703*) *555-5551.* Thank you for your assistance with this matter.

Sincerely,

*Jack Doe*
*Chief Special Operations Division*
*Law Enforcement Agency*

*(this must be a superior to the handlers/investigator/attorney, preferably upper or HQ management)*

DEF - 00007077

DEF-INTERV.

EX. 177

<u>Deferred Action Threat Assessment for SUBJECT *(last name)*, A200 346 759</u>
*(this document is a fictitious sample to be used for guidance only)*

<u>Assessment Date</u>
December 20, 2010

<u>Background of Investigation</u>

In March 2010, the Metropolitan Police Department (MPD) received information from a Bolivia based Source of Information (SOI) regarding a Bolivian Drug Trafficking Organization (DTO) based in the Metropolitan area. Information obtained from the SOI indicated that the organization distributed multi-hundred kilogram quantities of cocaine in the Metropolitan area. Further, the SOI indicated that the organization's main distributor in the Metropolitan area, SUBJECT [full name 1st time], 3/16/1974 [DOB], A200 346 759 [alien #], (& any other identifiers), was currently in possession of 140 kilograms of cocaine. On March 31, 2010, SUBJECT was arrested in the Metropolitan area by MPD after delivering 19 kilograms of cocaine to the SOI. SUBJECT cooperated and lead agents to his stash location in South Park, where agents seized approximately 146 kilograms of cocaine.

SUBJECT identified the owner of the drugs as BRAVO, a major trafficker based in Bolivia. SUBJECT identified PEREZ as a co-conspirator and the person who is responsible for transporting the cocaine from Bolivia to the United States. SUBJECT identified SANCHEZ as a co-conspirator and the person who is responsible for picking up the cocaine for PEREZ and transporting it to the Metropolitan area. This organization is responsible for transporting and distributing multi-hundred kilograms of cocaine. BRAVO informed the SUBJECT he could supply more cocaine. BRAVO and PEREZ are still currently under investigation. SANCHEZ was subsequently arrested and is currently awaiting trial scheduled for August, 2011.

SUBJECT has been a significant asset as a cooperating witness for the government and assisted in the arrest of a total of 15 additional co-conspirators. On June 12, 2010, SUBJECT plead guilty and was sentenced to 120 months incarceration. Due to his cooperation, SUBJECT is scheduled to be released from custody on January 15, 2011, with his remaining sentence to be suspended. SUBJECT is scheduled to fall to an ICE detainer.

<u>Criminal History</u>

June 25, 2000, Convicted of Petit Larceny, sentenced to 6 months, 5 months suspended.
November 25, 2002, Convicted of Possession of Marijuana, sentenced to 90 days, 90 days suspended.
February 2, 2005, Convicted of Drunk in Public, Fine.
May 8, 2006, Arrested for Simple Assault, dismissed.
No known membership to a Criminal Street Gang. Association to South Side Locos (SSL) in High School while living in the District.

<u>Ties to the Community</u>

SUBJECT will be required to remain in the Metropolitan area and will live with his wife and children at 814 Hickory St, Metropolitan Area.

Wife: Maria GOMEZ, 11/12/1975, employed at McDonalds on Elm St, Permanent Resident Alien, lives with subject at 814 Hickory St, Metropolitan Area.

Children: Marco GOMEZ, 04/01/1995, attends Metro High School, and Sara GOMEZ, 07/16/1999, attends Metro Middle School. Both are US Citizens and live with SUBJECT and GOMEZ.

Siblings: none.

Parents: Father is deceased. Mother is Juana GUILLEN and is living Nicaragua.

Employment: Manager at Auto Parts on Maple St.

SUBJECT is a member of the Metro Church and an assistant coach to Marco's soccer team.

Risks to the Community

While SUBJECT did have associations to SSL as a Youth, he has since moved out of that area and no longer maintains relationships with those individuals. SUBJECT has agreed as part of his cooperation that he will comply with all MPD instructions and follow the law. SUBJECT's assault arrest involved a bar fight resulting from the other individual believing he was hitting on his girlfriend. SUBJECT no longer drinks alcohol or uses illegal drugs. SUBJECT is concerned for the well-being of his family. MPD does not believe SUBJECT poses a threat to public safety or national security.

Expected Results of Cooperation

SUBJECT will continue to provide information to MPD while further infiltrating the BRAVO DTO. Over the next year, SUBJECT will continue to assist MPD in making controlled buys of cocaine from and monitoring communication with the BRAVO DTO. SUBJECT is expected to testify during the trial of SANCHEZ in August, 2011. MPD's ultimate goal in this investigation is to arrest BRAVO, PEREZ, and other co-conspirators and dismantle the DTO.

Requested Time Period and Handlers

Deferred Action is requested for a period of 1 year. Should the Deferred Action request be granted and upon release from ICE custody, MPD Agent Johnson and Agent Barrett have agreed to take constructive custody of SUBJECT. SUBJECT will report to his handler on a weekly basis. Prior to or upon the expiration of the Deferred Action and whereas SUBJECT's cooperation is no longer warranted, MPD will return SUBJECT to ICE/ERO custody. Should an extension of the Deferred Action be needed, a request will be submitted at least 30 days prior to its expiration.

Contacts

Any questions may be directed to MPD Group Supervisor Benson at 888-696-1245, Agent Johnson at 888-696-1246, or Agent Barrett at 888-696-1247.

DEF - 00007079

# DEF-INTERV.

# EX. 178

NORTHEAST REGION

# Northeast Region Standard Operating Procedures for Processing Deferred Action Cases

## DEFERRED ACTION CASES



**Prepared by: Kolinich, Cynthia M**
**10/11/2017**

Deferred action is a discretionary determination to defer removal action of an individual as an act of prosecutorial discretion.  A USCIS Field Office Director (FOD) may, in his or her discretion, recommend deferral of removal, but the recommendation must also be reviewed and recommended by the USCIS District Director (DD). Deferred action requests received and recommended by a DD directly do not require review and recommendation by the FOD. The final determination to defer action rests solely with the USCIS Regional Director (RD).

# General Information

# Deferred Action Cases at Northeast Region

**Background**

Deferred action:

- is an exercise of prosecutorial discretion, not an application for a benefit

- does not confer any immigration status upon the individual

- if granted, stops accrual of unlawful presence, as defined in INA 212(a)(9)

- does not eliminate any periods of unlawful presence accrued prior to approval of or after the effective date that deferred action is terminated

- does not alter the status of any alien who is present in the United States without being inspected and admitted or the status of any other alien statutorily ineligible to adjust

Field offices will notify complete preprocessing and recommended decision of the DA request for submission to the Regional Office. Upon completion of the review and final decision on the DA request, the Regional Office will record the case information and return the file to the local office.

**Purpose**

To ensure that all DA requests are processed and tracked at the Regional level as required by USCIS Headquarters SOP and to provide specific instructions on how to do so.

**Process**

DA requests are tracked from receipt at the field office to completion at the Regional level. A recommendation for disposition is sent to the Regional Director on Form G-312, DA Case Summary. The relating A-File **must** accompany the request. The RD determines if the request is granted or denied, signs the summary and the file is returned to the originating office.

Regional Offices are required to provide monthly information associated with total pending requests as well as monthly completed requests. For this purpose the ECN tracking tool was developed to track from start to finish of each deferred action case.

*Continued on next page*

DEF - 00006385

Confidential

## Deferred Action Cases at Northeast Region

**Field Office Procedures**

These procedures apply to all deferred action requests handled at USCIS field offices and do not supersede any existing policy or guidance related to deferred action handled at USCIS service centers (e.g. Violence Against Women Act (VAWA); A-3, G-5, T and U nonimmigrant visa related deferred action).

**Field Office Intake**

Upon receiving the deferred action request and supporting document(s), the USCIS field office will:
• Verify that the requestor resides in the jurisdiction of the field office.
• Search for and request any A/T-files associated with the requestor and any family member(s) included in the request.
• Create a new A-file if no existing A-file was located after a thorough search of the applicable systems (e.g. Computer Linked Application Information Management System version 3 (CLAIMS 3), Central Index System (CIS), and the National File Tracking System (NFTS)).
• Create a T-file for temporary storage of the deferred action request and supporting documents if an A-file exists but has not yet been received, is lost, or is digitized.
• Initiate TECS checks for requestor and any family member(s) included in the request who are 14 years of age or older.
• Schedule the requestor and any included family member(s) who are 14 years of age or older for fingerprints as appropriate (see Note).
• Notify the USCIS regional office of the receipt of the deferred action request (see the Data Collection section of these procedures).
• Record into the Statistical Automated Tracking Activity (STAT) (replaced the Enterprise Performance Analysis System (ePAS)) refer to the STAT User's Manual for more information.
**Note:** If fingerprints are expired or were not previously captured, schedule an appointment at the Application Support Center (ASC) for a 10-print biometrics capture (Code 1). No fee will be charged for the capture of such biometrics. As appropriate, ASC may waive the capture of biometrics per ASC procedures

**Special A-File Situations**

**1. A-File not Received or Lost**
If the requested A-file(s) is not received after two weeks from the initial request, the field office should notify the local records supervisor to request express shipment of the A-file(s) from the other File Control Office (FCO). If a related A-file exists, the office cannot take action on the request until it obtains and reviews all of the A-file(s). If an A-file is not found or has officially recorded as lost, the FOD will make a notation in the recommendation that the A-file is lost and then proceed with the recommendation. In such situations, create a substitute file per the Records Policy Manual (RPM).
**2. Digitized A-File**
If the A-file is digitized, the file must be reviewed in Enterprise Document Management System (EDMS). The office will make the recommendation and action on the request as if the office had the physical file. The deferred action request and any documents relating to the request will remain in the T-file. Upon completion of the request, the office will send the T-file to the Records Digitization Facility (RDF) per the Digitization Customer Guide.

*Continued on next page*

Confidential

# Deferred Action Cases at Northeast Region, Continued

**Field Office Review**

Upon receipt of all A-files and T-files associated with the requestor and any included family member(s), the field office will ensure that NFTS and CIS are updated to show receipt of the file(s) and will consolidate all files per the RPM. Field office review of the deferred action request will include (but is not limited to):

• Review of the request, supporting documents, and contents of all file(s) to check for other forms of available relief
• Search CIS, NFTS, CLAIMS3 to ensure that all other files have been located and to see if the requestor has submitted any applications
• Review any additional A-files or applications located in the above search
• Complete security checks and resolution of any issues as provided in the Security Checks section of these procedures
• Determine whether the requestor was ever in deportation, removal, or exclusion proceedings, to determine how such proceedings will impact the request
• Conducting an interview, if deemed necessary by the field office
If the field office determines that the requestor or his or her family members are in removal proceedings, follow the instructions in the Deferred Action Not Granted section of these procedures.

**Security Checks**

Before completing a recommendation for deferred action:

• Initiate TECS and fingerprint checks for requestor and any included family member(s) age 14 or older as soon as possible if not previously initiated or the checks have expired.
• Review the FBI fingerprint check and TECS query results and resolve any fingerprint IDENTs or positive TECS hits per the National Background Identity and Security Checks Operating Procedure (NaBISCOP).
• Document that the above checks were done and any necessary resolutions have been completed in accordance with the NaBISCOP.
• Any hits related to national security concerns must be processed per Controlled Application Review and Resolution Program (CARRP) procedures.
• Follow existing procedures for addressing any warrant of arrest, outstanding orders of removal, or deportation issues the requestor may have.
• Include any criminal and/or national security related issues in the recommendation memo to the FOD.

*Continued on next page*

DEF - 00006389

# Deferred Action Cases at Northeast Region, Continued

| | |
|---|---|
| **Recommendation and Routing** | The Field Office Director (FOD) and District Director (DD)will review and make a recommendation on all deferred action requests; however the Regional Director (RD) will make the final decision. The field offices will make every effort to ensure that deferred action requests are completed within 90 days of receipt.<br>Route deferred action requests as follows: |
| **1.**<br>**Field Office Director** | The FOD will prepare a memo with a case summary and recommendation.  If the FOD recommends deferred action, the FOD will sign and date the appropriate section at the bottom of Form G-312, Deferred Action Case Summary and include a memorandom with the recommended duration of deferred action not to exceed two years.<br><br>If the FOD does not recommenddeferred action, the FOD will strike out "Recommended," write "Not Recommended and then sign and date Form G-312.<br><br>The FOD will then route the case to the DD for review.<br><br>The deferred action case and FOD decision must be entered in the ECN tracking tool discussed later in this document. |
| **2.**<br>**District Director** | The DD will review the FOD's recommendation, the deferred action request, and the A-file and T-file to make his or her recommendation. If the DD recommends deferred action, the DD will sign and date the appropriate section at the bottom of Form G-312.<br>If the DD does not recommend deferred action, he or she will strike out "Recommended" and write "Not Recommended" then sign and date. The DD may attach a separate sheet of paper or memorandum to Form G-312 with any additional comments.  The entry of "concur with FOD" or "Not Concur with FOD" must be updated in the ECN tracking tool discussed later within this document.<br>The DD will then route the request to the RD for final review. The materials forwarded to the RD should include:<br>• A File<br>• Form G-312<br>• Deferred action request; and any supporting evidence.<br>The DD decision must be entered in the ECN tracking tool discussed later in this document. |
| **3.**<br>**Regional Director** | The RD will review and make the final decision.<br>If the RD decides to grant deferred action, he or she will sign and date the appropriate section at the bottom of Form G-312 and notate the duration of the deferred action not to exceed two years.  If the RD decides not to grant deferred action, he or she will strike out "Granted" and write "Not Granted," then sign and date.  The RD will notify the DD and the FOD of the final decision, update the ECN tracking tool, and return the A-file (if it was forwarded with the deferred action request) to the appropriate field office.<br>Interfile Form G-312 with the final decisionand any attachments in the A-file or T-file per the RPM.  Scan final signed Form G-312 and attach to the ECN tracking tool, discussed later in this |

DEF - 00006390

document.   Email will be sent to DD to inform the final decision differed from theirs.

*Continued on next page*

DEF - 00006391

# Deferred Action Cases at Northeast Region, Continued

**System Updates**

**A. Deferred Action Granted**
- Update Statistical Automated Tracking Activity (STAT) (formerly ePAS) for statistical count (see the Data Collection section of these procedures).
- Provide the requestor and any included family member(s) with a grant notice (see Grant Notice Template)
- Deferred action is not an admission; however for tracking purposes update the CIS Class of Admission (COA) code to reflect Deferred Action Status (DAS)

**B. Deferred Action Not Granted**
- Update STAT for statistical count (see the Data Collection section of these procedures.
- Provide the requestor and any included family member(s) with a non-grant notice (if the requestor or included family member(s) is/are currently in removal proceedings, use the Non-Grant Notice (Requestor in Removal Proceedings) Template. Use the Non-Grant Notice Template for all others
- The field office will review and determine whether issuance of a Notice to Appear (NTA) is appropriate. See PM-602-0050, Revised Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) Involving Inadmissible and Removable Aliens for more information.

Note: There is no appeal to a request that is not granted, but the requestor can submit additional evidence to request reconsideration of the determination or a new request for deferred action can be submitted.

**Employment Authorization**

Individuals who have obtained deferred action are eligible to apply for work authorization for the period of deferred action if they can demonstrate economic necessity. See 8 CFR 274a.12(c)(14). To apply, they must file Form I-765, Application for Work Authorization, per the form's instructions. Form I-765 cannot be filed at the local office.

**Termination of Deferred Action**

If the RD determines that deferred action is no longer warranted, he or she will notify the DD and FOD of his or her request to terminate the deferred action. There is no appeal of the RD's decision to terminate deferred action.

Upon termination the field office will:

• Retrieve the A-file

• Notify the individual, in writing, of the termination of the deferred action. This notice will also include information regarding the termination of any advance parole document obtained under the condition of deferred action

• Notify the individual, in writing, of the revocation of any Employment Authorization Document (EAD) obtained under the condition of deferred action per 8 CFR 274a.14(b)

• Place a copy of the above notifications in the A-file

• Update the COA code in CIS to reflect Deferred Action Terminated (DAT).

Note: Deferred action is not an admission or status; however CIS is updated for tracking purposes.

• Notify the NBC once the final EAD revocation is completed, via the NBCFIELD mailbox. Attach copies of the termination and revocation notices to the email.

• Review current NTA Policy to determine whether issuance of a NTA is appropriate.

Once the NBC receives notification from a field office of an EAD revocation, they will update CLAIMS 3 to reflect that the revoked EAD.

*Continued on next page*

**Deferred Action Cases at Northeast Region**, Continued

| | |
|---|---|
| **Data Collection and Reporting** | Deferred action requests and final determination information will be reported in the Statistical Automated Tracking application(STAT), and on the ECN tracking log.   (If required; please consult with your regional POC for more information). |

## A. Statistical Automated Tracking Activity (STAT) Reporting

Refer to the STAT User's Manual for instructions on reporting in STAT.

## B. National Deferred Action Log

Previously, the National Benefits Center (NBC) collected deferred action request data submitted by the regions and created a report. In October 2017, HQFOD launched the National Deferred Action reporting site and the National Deferred Action Log for field offices to enter deferred action request information, which negates the need for NBC to compile these data. Field/district offices must enter all pending deferred action requests received at the field office as of October 11 2017.

---

## ECN tracking Log
*Instructions for using the National Deferred Action Log*

---

| | |
|---|---|
| **Field Intake of Deferred Action Case.**<br><br>**FOD makes a decision** | **Field Office** |

| Step | Description |
|---|---|
| 1 | Go to http://ecn.uscis.dhs.gov/team/fod/PQDI/PQDI_PII/ndat/SitePages/Home.aspx |
| 2 | Click on Open New DA Log Entry<br><br>Open New DA Log Entry<br><br>USCIS ECN > FOD HQ > Performance, Quality & Data Integrity > PQDI_PII > National Deferred Action Tracking Tool<br><br>National Deferred Action Log<br>Section A Field Log: For Field Use |
| 3 | In the Log, fill in each field using the drop-down menu or type your responses in Section A.     There will be a red * on all required fields |
| 4 | Enter Field Office Recommendation in Section A and submit<br><br>Field Office Recommendation<br><br>Open or Update Log |
| 5 | The deferred action case will now move to Section B so the DD can concur or not concur with the FOD |

DEF - 00006394

*Continued on next page*

DEF - 00006395

**ECN tracking Log-** Continued

## Section A Field Log: For Field Use

1   Select Region: NER              * Required
2   Select District:                * Required
3   Select office: - Only the column that corresponds to the region selected above will be selected
    * Required
4   Date Received at Field Office:  * Required
5   Request Type:                   * Required
    Select...
        -   Initial Request
        -   Subsequent Request
6   Basic Category- If selection = MAVNI please check the "Enlistment Terminated List" before
    proceeding
    Select...
        -   Medical
        -   Family Support
        -   Service Error
        -   MAVNI- please check the "Enlistment Terminated List" before proceeding
        -   Military Family Member
        -   Other

7   A-Number or T-Number- Please ensure the A# is in the proper format.
    Example: A123456789  * 10 Digits, no dashes  *A/T preceding the numbers
8   Last Name:                      * Required
9   First Name:                     * Required
10  Middle Name:  *Enter **None** if no middle name (Cannot be blank)
11  Nationality:                    * Required
12  TECS Check Validated?
    Select...
        -   YES
        -   NO
13  FBI Fingerprint Checks Validated?
    Select...
        -   YES
        -   NO
14  COA
15  Date DA was Previously Granted (If applicable)
16  Date A-File shipped to District (If applicable)
17  Attachments
18  Field Office Recommendation
    Select...
        -   Granted
        -   Not Granted
        -   Admin Closed
        -   Withdrawn
        -   Not Granted- Requestor in Proceedings
17  **Open or Update Log**

*Continued on next page*

DEF - 00006396

DEF - 00006397

# ECN Tracking Log, Continued

## ECN Log-continued

### District Director

| Step | Action |
|------|--------|
| 6 | DD logs Decision and submits log to Regional Office for final decision from Regional Director (RD)<br><br>Click on the below link<br>**Links:**<br><br>**NER Leadership DA Portal** |
| 7 | Under Cases in Progress, you will find cases awaiting DD Review.<br><br>Find your district and click on the plus sign.<br><br>**Cases in Progress**<br><br>Awaiting DD Review<br><br>☐ Edit   A-NUMBER   Created   ☐ Created By<br><br>⊞ **NER_District : D1 (2)**<br><br>⊞ **NER_District : D2 (4)**<br><br>⊞ **NER_District : D5 (3)**<br><br>⊞ **NER_District : D7 (5)**<br><br>Find your office and click on the plus sign.<br><br>⊟ **NER_District : D1 (2)**<br><br>⊞ NER_Office : BOS (1)<br><br>⊞ NER_Office : LAW (1)<br><br>Find the Deferred Action Case and click on the pencil |
| 8 | **Section B: For District Director**<br><br>Enter DD recommendation and submit to Regional Office<br>Concurrence with Field Office ▢ ▼<br>Drop Down Menu to choose response<br>   -   Concur with Field Office Recommendation<br>   -   Do Not concur with Field office Recommendation<br>Enter reason in summary box if not in concurrence with the FOD<br>Summary: * Required For Non-Concurrence |

DEF - 00006398

| | Submit to Regional Office | |
|---|---|---|
| 9 | The deferred action case will now move to Section C so the RD make Decision | |

*Continued on next page*

Confidential

## ECN Tracking Log, Continued

## ECN Log - continued

### Regional Director

| Step | Action |
|------|--------|
| 10 | Regional Director (RD) logs Decision and submits to field office to close the case.<br><br>Click on the below link<br>**Links:**<br><br>**NER Leadership DA Portal** |
| 11 | Under Cases in Progress, you will find cases awaiting Regional Decision.<br><br>Find the district and click on the plus sign.<br><br>Awaiting Regional Decision<br><br>☐  Edit   A-NUMBER    Created   ☐ Created By<br><br>⊞ **NER_District : D3** (2)<br><br>⊞ **NER_District : D4** (29)<br><br>⊞ **NER_District : D5** (1)<br><br>Find the office and click on the plus sign.<br><br>⊟ **NER_District : D3** (2)<br><br>⊞ NER_Office : NYC (2)<br><br>Find the Deferred Action Case and click on the pencil<br><br>📝 |
| 12 | **Section C: For Regional Leadership**<br><br>Fill in the blanks in Section C and Submit Regional Decision<br>   - Date Received in Regional Office<br>   - Decision<br>     Granted<br>     Not Granted<br>   - Enter reason in summary box if not in concurrence with the DD<br>   - Summary: For Non-Concurrence- Email sent to DD to inform decision not in concurrence<br>   - Decision Date<br>   - Expiration Date<br>   - Date file was sent to Field<br>   - Attachments: Attach the signed Form G-312<br>Submit Regional Decision<br><br>Submit Regional Decision |
| 13 | The deferred action case will now move to Section D for closing of the case |

DEF - 00006400

*Continued on next page*

DEF - 00006401

# ECN Tracking Log, Continued

## ECN Log - continued

### Field Closeout

| Step | Action |
|------|--------|
| 14 | Field closes Deferred Action Cases<br><br>Click on the below link<br>**Links:**<br><br>**NER Leadership DA Portal** |
| 15 | Under Cases in Progress, you will find cases awaiting Field Closeout.<br><br>Find the district and click on the plus sign.<br>Awaiting Field Closeout<br><br>☐  Edit   A-NUMBER   Decision Date<br><br>⊞ **NER_District : D2** (1)<br><br>⊞ **NER_District : D3** (5)<br><br>⊞ **NER_District : D6** (4)<br><br>Find the office and click on the plus sign.<br>⊟ **NER_District : D2** (1)<br><br>  ⊞ NER_Office : HAR (1)<br><br>Find the Deferred Action Case and click on the pencil |
| 16 | **Section D: For Field Office Closeout**<br><br>Fill in the blanks in Section D and Submit Applicant Notification Date to Close the Log<br><br>Date Applicant Notified:<br><br>Submit Applicant Notification Date to Close the Log<br><br>Submit Applicant Notification Date to Close the Log |
| 17 | The deferred action case will now move to NER Closed Cases |

DEF - 00006402

# DEF-INTERV.

# EX. 179



# I-765 (c)(31) and (c)(14)
## *Form I-765 Training*



**Vermont Service Center**
**Humanitarian Division**

DEF - 00004239

# **General Reminders**



- Agenda, breaks

- Ground rules

- Access training material

  - ECN>Center Training Unit>Training Console>VAWA>I-765 Tab>Category: Presentations

- Record time under Group Activities/Production Training/Production Trainee

- Ask questions

# Objectives



- Immigration Services Officers (ISOs) will successfully adjudicate and process Form I-765 filed under work authorization codes:

  - (c)(14)

  - (c)(31)

DEF - 00004241

# Agenda



- Safe Address

- Overview of  I-765 (c)(14) and (c)(31)

- I-765 eligibility requirements

- Deferred Action Eligibility

- Updating

- Miscellaneous issues

# Safe Address



- All filings are screened by the VAWA unit prior to data entry.

- Data entry is required to use the address indicated by the VAWA unit.

- All correspondence must be sent to that address unless an address change comes from:

  - The attorney of record;

  - The accredited representative; or

  - The applicant.

- VAWA safe address provisions not restricted by normal G-28 rules.

DEF - 00004243

# Safe Address



- Always use G-28 address, if an acceptable G-28 has been filed.
  - G-28 not properly filed?  Treat representative as the preparer.
- No G-28?
  - Use preparer's address, if one is provided.
- No G-28 or preparer?
  - Use the self-petitioner's mailing or home address.
- Ensure that CLAIMS 3 indicates the appropriate safe address.
- Address changes must be annotated on the safe address sheet (date and ISO ID#) and properly updated in CLAIMS 3

DEF - 00004244

# What is an EAD?





- The document represents evidence the alien is permitted to legally work in the United States
- Obtained by filing Form I-765
- Generated through CLAIMS 3

DEF - 00004245

# Introduction



- All approved I-360 VAWA self-petitioners are eligible for work authorization under 8 CFR § 274a.12(c)(31).

- Those eligible for deferred action are eligible under 8 CFR § 274a.12(c)(14) - derivatives may qualify:

  - Approved I-360, NOT in removal proceedings; or

  - Wait-listed I-918/I-918A (regardless of proceedings).

- Must file Form I-765 to obtain work authorization under categories (c)(14) and (c)(31).

DEF - 00004246

# Process Map



If the I-360 is approved (depending on the visa classification) the self-petitioner may be eligible to apply immediately for adjustment of status, or the may need to wait for a visa to become available.



**Visa Available**

I-360

I-485

**No Visa Available**

I-360

I-765(c)(14)

I-485



Confidential

# Deferred Action



- Sometimes referred to as DAS (not an actual immigration status).

- Administrative act giving the alien a lower priority for removal.

- Provides a regulatory mechanism for lawful work authorization.

- A grant of DAS is at USCIS discretion.

- DAS may be based on a variety of form types (I-360, I-918,    I-918A).

DEF - 00004248

# Reading SOP



Access the I-765 VAWA-T-U SOP in the CTU ECN Published Knowledge Management Library and read:



- *General Information;*

- *Safe Address; and*

- *Section 384.*

DEF - 00004249

# (c)(31):   EAD for I-360 Cases Not Receiving DAS



DEF - 00004250

# (c)(31):  Adjudication



- Must be a self-petitioner or derivative of an approved VAWA I-360.

- May change (c)(14) to (c)(31) if alien is in removal proceedings and is not eligible for DAS.

- Applicant does not receive DAS through the grant of (c)(31).

- I-360 derivatives must show:

  - I-360 Approval notice listing their name and DOB as derivative; and

  - Qualifying relationship to the self-petitioner (B/C, etc.).

- Route to Records after all final decisions (no clerical

DEF - 00004251

# 8 CFR § 274a.12(c)(14) vs. (c)(31)





**NOTES:**
- May change (c)(14) to (c)(31).
- Applicant may apply for a (c)(31) and ask for DAS notice.
- Do not change category to deny.

DEF - 00004252

# Reading SOP



Access the
I-765 VAWA-T-U SOP
In the CTU ECN
Published Knowledge Library
and read:

- *Eligibility Under (c)(31)*



DEF - 00004253

# I-765(c)(14):  EAD for Approved VAWA I-360



- I-360 Based Adjudication Overview

- Must be in deferred action status (DAS)

- DAS issuance and EAD approval are separate adjudications

- DAS dates and EAD validity dates may not always match

DEF - 00004254

# General Guidelines



## Initial

- First request for I-765 (c)(14) is an "Initial" grant.
- Never back-date validity dates for an initial EAD – date of approval through one year less one day.
- EXAMPLE:  (01/01/01 – 12/31/02)

## Replacement

- A replacement card is issued with original validity dates - the only time a card would be back dated.  An incorrect card must be returned prior to issuing an amended card.

## Renewals

- Date of approval through one year less one day.  See example above.

DEF - 00004255

# Systems Needed



- CIS (9106)

- CLAIMS 3

- CPMS

- TECS



DEF - 00004256

# EAD Requirements - Principal



Is there an approved VAWA I-360?

CLAIMS 3 and CIS check:

| A Number | Name | Date of Birth | Photo | Fingerprints | Signature |

Safe Address

Entered correctly in CLAIMS 3?          Verify Safe Address Sheet is in file.

Has the applicant previously been issued Deferred Action Status (DAS)?

Is the applicant in removal proceedings?

DEF - 00004257

# (c)(14) EAD for I-360 Principal Approval



**If all criteria are met.**

Update CLAIMS 3.          Approve EAD for one year minus one day.



**Complete routing worksheet**

If initial DAS, complete DAS issuance section for initial grant of 15 months.          If DAS renewal, grant one year less one day.



**NOTE:  Do not confuse DAS issuance with I-765(c)(14) EAD issuance.**



**Route file to Records or FCU for CIS update (if necessary)**

# (c)(14) EAD for I-360 Derivative



Identify principal of I-360 filing.



Verify:

Principal's I-360 is approved (not revoked)    Qualifying relationship between I-360 principal and I-765 applicant



IMPORTANT: The derivative must be listed on the approval notice. Being listed on the VAWA I-360 petition is not sufficient.

DEF - 00004259

# (c)(14) EAD for I-360 Derivative



U.S. Citizenship
and Immigration
Services

Is applicant a derivative on an approved VAWA I-360?

CLAIMS 3 and CIS check:

| A Number | Name | Date of Birth | Photo | Fingerprints | Signature |

Safe Address

Entered correctly in CLAIMS 3?             Verify Safe Address Sheet is in file.

Has the applicant previously been issued Deferred Action Status (DAS)?

Is the applicant in removal proceedings?

Seeking initial DAS or extension? See VAWA Excel Workbook for derivatives:
L:\MSWORD\VAWA\VAWAWorkbook

DEF - 00004260

# (c)(14) Adjudication



**If all criteria are met.**

| Update CLAIMS 3. | Approve EAD for one year minus one day. |

**Complete routing worksheet**

If initial DAS, complete DAS issuance section for initial grant of 15 months.

IMPORTANT: DAS letter must be issued when DAS for initial or extended period is granted.

Complete worksheet and route to AST after updated approval in CLAIMS 3.

# Removal Proceedings



- If the applicant is in removal proceedings, but there is no final decision, the applicant is not eligible for DAS.

- If the applicant is eligible for a (c)(31) classification, adjudicate the I-765 as a (c)(31).

- Do not change a classification on an I-765 application and then issue a denial.  You may only change the classification to approve.

DEF - 00004262

# Removal Proceedings, *continued*



| EOIR Data | Meaning | Result |
|---|---|---|
| FINAL DISP is TERMINATE | Released from proceedings. | Eligible for DAS. Route to Clerical (AST). |
| Hearing date has not yet occurred. | In proceedings. | Not eligible for DAS. Check to see if (c)(31) could apply. |
| FINAL DISP indicates FIN VDO | Granted voluntary departure. | Not eligible for DAS. Check to see if (c)(31) could apply. |
| FINAL DISP indicates FRO | Final removal order issued. | Not eligible for DAS. Check to see if (c)(31) could apply. |
| FINAL DISP is NO R/O OTHER COMPL indicates ADMIN | Proceedings administratively closed. | Not eligible for DAS. Check to see if (c)(31) could apply. |
| FINAL DISP is ADM FRO | Administrative final removal order issued. | Not eligible for DAS. Check to see if (c)(31) could apply. |

DEF - 00004263

# Reading SOP



Access the I-765 VAWA-T-U SOP in the CTU ECN Published Knowledge Management Library and read:

- *Eligibility Under (c)(14)*



DEF - 00004264

# Other I-765s:  (c)(9), non-VAWA (c)(14), (a)(16), etc.



DEF - 00004265

# Changing Classifications



- An I-765(c)(14) may be changed to (c)(9) if the case is not approvable as (c)(14) and could be approved as (c)(9) due to the applicant having a pending Form I-485.  Send the case to Customer Service as a possible (c)(9) if there is no approved I-360 but a pending I-485.  Do not change the classification in the system or on the face of the application.

- Deliver these files to Customer Service I-765 POC in each site.

- Never change a classification and then deny the filing.

DEF - 00004266

# T/U Based I-765s



- T-visas are seen in the system as I-765s and filed under (a)(16), (c)(11) and (c)(25).  May get a rare (c)(14) - bring to your SISO - do not work.

- U-visas are filed under (c)(14), (a)(19) and (a)(20).

- Forward T and U related I-765s to the I-765 POC at your site.

DEF - 00004267

# I-765 Processing and Reminders



DEF - 00004268

# TECS



- Must be completed prior to final decision in accordance with the current TECS guidelines and SOP.

- Ensure that the name as it appears on the application is included.

- Must include all aliases.

Confidential

# Common Places for Aliases



| | |
|---|---|
| All names listed on the application | CIS 9101/9202 |
| Birth and marriage certificates, divorce decrees with translations | Identity documents such as passports, BCC, driver's license, memberships |
| RAP sheet | All government documents |
| Other applications/petitions | All names in CLAIMS 3 |
| Previous EADs | EOIR |

DEF - 00004270

# Important Reminders



- RFE Rule

- Replacement Cards

- Evidence of Relationship for Derivatives

- Naming Conventions

- CLAIMS 3 updating instructions in the I-765 VAWA-T-U SOP

DEF - 00004271

# Scanning



- Verify that photos are scanned and show in the images section of CLAIMS 3.  Scanned signatures are not required to produce an approved EAD.

- For files requiring photos to be scanned:  Send to MRD Data Entry/VAWA if photos present in file but not scanned.

DEF - 00004272

# Routing



| Action... | Where It Goes... | Where To Place the File In FCU... |
|---|---|---|
| Scanning Issues | Data Entry | MRD Scanning Shelf |
| (c)(14) Approvals | VAWA Clerical (AST) | I-360 Approval Shelf |
| (c)(31 Approvals | Records | Records Shelf |
| RFE | Records | RFE Shelf |
| Denials | Records | VAWA Denial Shelf |
| A-file Creates | St. Albans | St. Albans FCU Shelf |

DEF - 00004273

# RFEs and Denials



- Generated in ECHO.

- Verify safe addresses in CLAIMS 3 prior to issuing any correspondence.

DEF - 00004274

# I-765 VAWA-T-U Letter Index





DEF - 00004275

# Reading SOP



Access the I-765 VAWA-T-U SOP
in the CTU ECN Published
Knowledge Management Library
and read:



- *Routing and Updating*
- *Withdrawals*
- *Approval Annotations and Updating*
- *RFE Updating*
- *Denial Annotations and Updating*
- *Relocate Updating*

DEF - 00004276

# Summary



- Overview of I-765 (c)(14) and (c)(31)

- I-765 eligibility requirements

- Deferred Action Eligibility

- Updating

- Miscellaneous issues

DEF - 00004277

# Questions?





DEF - 00004278

# DEF-INTERV.

# EX. 180

| **From:** | Marks, Jaylan A <█████████@uscis.dhs.gov> |
|---|---|
| **Sent:** | Tuesday, March 22, 2016 7:58 AM |
| **To:** | Kane, Donna K <████████@uscis.dhs.gov> |
| **Cc:** | Marks, Jaylan A <████████@uscis.dhs.gov> |
| **Subject:** | RE: Today's CBO webinar |

Good morning Donna, I have included my responses below.  I added some detail for you that you may want to remove after reading; such as the work order.  I just thought it would be beneficial for you to know.
Thanks

**From:** Kane, Donna K
**Sent:** Monday, March 21, 2016 12:29 PM
**To:** Marks, Jaylan A
**Subject:** FW: Today's CBO webinar

See the question below about DACA and U visas.  Can you please draft answers to them?

Thanks, Donna

**From:** Ezeldin, Amany S
**Sent:** Monday, March 21, 2016 11:22 AM
**To:** Pastore, Gina M; Keiss, Cynthia A; Owens, Jessica D; Ooi, Maura M; Allred, Esther R; Ahmedani, Mariam; Crompton, Wendy C; Laroe, Lisa A; Ryan, Carrie A; Stubbs, Dustin J; Evans, Janna M; Counts, Timothy J (Tim); Moore, Anita R; Echevarria, Alexandra N; Salsbury, Jessica M; Tijerina, Eric J; Dallam, Helen E (Elizabeth); Dunn, Maureen A; Scott, Danielle N; Hurteau, Mallory J; Zeppi, Tracy L; Hutchings, Pamela G; Houle, Danielle J; Kane, Donna K; Gwathmey, Carolyn S (CeCe); Berry, Courtni E; Honer, Angela G
**Subject:** RE: Today's CBO webinar

Hi all,

As I mentioned last week, we received several follow up questions in the T_U_VAWATraining email box after last week's CBO webinar. I imagine there may have been several more sent to the VSC. If there is anything notable to report about those questions (even if the notable issue is that there is a spike in the emails from individual applicants rather than attorneys/BIA reps), please let us know. I have answered all of the questions except the first two below about U Visas and DACA. OP&S and VSC, are there answers to these questions?

Here is a list of the questions for your records. **OP&S and VSC, can you please respond to the first two bolded questions below**?

Questions about U visas and DACA:

1) **Has the Vermont Service Center has changed its position regarding an individual's inability to have two forms of deferred action?  Specifically, this comes into play when someone applies for a U visa, which as was covered on the call can take approximately 22 months before an individual is placed on the U visa wait-list and able to get employment authorization under the (c)(14) deferred action category.  Given the long period of time before someone is able to get work permission through the U visa, many people may choose to apply for DACA, as well, as a faster route to an EAD.  However, practitioners have reported that if an individual applies for DACA, after already having a pending U visa application, 1) their DACA adjudication is transferred to Vermont and noticeably slows down, and 2) should an applicant get DACA, and then deferred action under the U visa, or vice versa, their first deferred action is terminated on the basis that they cannot have two forms of deferred action.  Thank you for any advice regarding this that you may have.**

VSC has not changed its position regarding an individual's inability to have to forms of deferred action.

When a requestor files for DACA after having a U visa pending the case must be transferred to the VSC.  VSC in conjunction with the other service centers has identified a delay in the file movement/transfer as some files were not leaving the original facility for months.  All centers are working with VSC to identify U/T/DACA combo filings and minimize the transfer/delay of the cases.  In addition, VSC has recently added an additional 7 officers to the DACA team.  As part of these changes VSC has already seen a decrease in the processing times.

In addition to the items noted, all new DACA filings are now being ingested into ELIS2.  Once in ELIS2, the cases process through "queues".  One of the queues is a VAWA verification queue.  This queue helps to identify T/U/DACA combo filings.  Currently this verification is done later in the ELIS2 review process; and resulting in a delay of identifying the DACA/U/T combo filings.  VSC has requested a work order (#821895) asking that the verification be performed earlier in the process.  This would eliminate lag time as the cases are being processed partially before being transferred to VSC.

2) **If an applicant for U status is placed on the U visa waitlist and granted deferred action, what happens to her previously-approved/ currently-valid deferred action under DACA? Is the DACA terminated or merely not renewable?**

If an individual is waitlisted under the U program they are under deferred action and are eligible for an EAD.  Once waitlisted they are no longer eligible to file for initial DACA or renewal.  The approved DACA filing is not reopened to terminate.

Questions about USCIS/ICE contact information or resources:
3) Is there a USCIS contact on S visas?
4) Is there an ICE contact to submit a request for I-918B for a crime that occurred at  the Adelanto Detention Facility, an ICE facility in Adelanto, CA?
5) I was hoping that you would provide me with the ICE contact for Continuous Presence that was mentioned in today's webinar.
6) How are individuals seeking T and U Visas made aware of community assets/resources that may be able to provide valuable person-centered services to enhance their ability to assimilate and live independently?  I would imagine this is very important for all but especially those placed on the waiting list and individuals living with disabilities. If a community asset/resource referral list exist, what is the process for a community asset/resource to follow to be listed?
7) I know trafficking victims are eligible to receive federal benefits. Is this true for trafficking victims who have U visas as well? Or are only those trafficking victims who have received a T visa eligible for federal benefits?
8) After listening to the question regarding benefits and the T Visa, I would also like to have the contact information or resources on how to find that answer. We would like to know how an individual over 18 years old who has applied for the T Visa can obtain state benefits, similar to a refugee.

Questions about eligibility requirements and policies:

9) I know about a case of an abusing husband. It happened like six (6) years ago. Can my friend still start a process? They are divorced now. She has not remarried.
10) A young man I am helping was the victim of a U qualifying crime and was incapacitated as a result.  He is still receiving physical therapy and other medical attention.  Unfortunately, he will not be able to continue to receive treatment unless he is able to legalize his status and obtain a US issued ID.  We have already waited several months for the certifying agency to sign a certification, and with the current backlogs on I918s I am very concerned.  I understand we can request his I918 to be expedited, however all he needs is an EAD.  Is it possible to obtain an EAD while his I918 is pending?
11) As it pertains to VAWA petitions, what course of action should a petitioner take if they do not want to submit a petition for fear of denial, by not having enough evidence to prove good faith marriage, or the marriage was

DEF - 00004554

ended sooner than expected (less than 6 months for example). Would it be wise to even go ahead with a case of this nature? Regarding U visas, can someone qualify if they were present during a physical altercation, in which they had to try and break up, where one party was arrested for domestic violence and the applicant gave statements to law enforcement?

12) When you were covering eligibility for indirect victims, did you indicate that parents of direct child victims under 21 would qualify as indirect victims? I know that you discussed how parents could help supplement the "possesses information" and "helpfulness" requirements when the children are under 16, but that was separate from the issue of indirect victims. Please clarify the upper age limit for when a child is considered incapacitated and the parent could therefore qualify as the indirect victim.

13) I wanted to notify you of an error I heard in the Q&A. An attorney called in because she received the deferred action letter a year ago, but still has not received the work permit pursuant to the I-765 she filed concurrently with the I-918. You advised her that this is abnormal and she should contact the VSC. This is not actually correct. Instead, she needs to file a new I-765 under code c(14) [deferred action]. The I-765 under code a(20) [U nonimmigrant status] will not be adjudicated until her client is granted U nonimmigrant status, which could be a couple years from now. Until then, her client will need a work permit under c(14) deferred actions status. There is no filing fee, and she just has to include the letter from the VSC stating that her client is in deferred action status. The attorney has been waiting this long because she has not actually filed the required application yet!

14) May you mention the Federal Definition of Human Trafficking (sex trafficking).

15) My name is Karen Feldman and I've been waiting for months for my u-visa and have not received any updates from USCIS regarding my application I have sent over 12 packages via FedEx and express mail and asking for it to be expedited as my situation has gotten increasingly worse and my health has gotten even more detrimental I need to get back to LA for treatment and cannot get any answers because I have a 9918 u Visa I cannot get back to LA through Customs and Border Protection without my Visa or a letter from USCIS and thought that by now due to the severity and nature of my crime and the doctor's letter submitted and the fact that I no longer have a conviction as it was overturned I would have received something I have even made an appointment with the USCIS office in Los Angeles but cannot get there I am desperate I am afraid I am going to die in Toronto before I get my Visa and need to know how I can go about getting it expedited or getting a letter stating I can travel to go to USCIS in Los Angeles so that I can find out more about my case and find out when I will be receiving my Visa I need treatment very very bad and have lost an increasingly amount of weight as well as my PTSD is now considered very crucial chronic and severe my a number is 820-879-3552 I am desperate I cannot reach anybody for help please contact me as soon as possible my number is 310-906-6347 310 906-6347 thank you

Thank you,
Amany

---

**From:** Ezeldin, Amany S
**Sent:** Wednesday, March 16, 2016 4:20 PM
**To:** Pastore, Gina M; Keiss, Cynthia A; Owens, Jessica D; Ooi, Maura M; Allred, Esther R; Ahmedani, Mariam; Crompton, Wendy C; Laroe, Lisa A; Ryan, Carrie A; Stubbs, Dustin J; Evans, Janna M; Counts, Timothy J (Tim); Moore, Anita R; Echevarria, Alexandra N; Salsbury, Jessica M; Tijerina, Eric J; Dallam, Helen E (Elizabeth); Dunn, Maureen A; Scott, Danielle N; Hurteau, Mallory J; Zeppi, Tracy L; Hutchings, Pamela G; Houle, Danielle J; Kane, Donna K; Gwathmey, Carolyn S (CeCe); Berry, Courtni E; Honer, Angela G
**Subject:** Today's CBO webinar

Hi all,

Today's VAWA/U/T webinar went well. Thank you to Dustin, Jessica, and Elizabeth for presenting and for colleagues at OCC, OP&S, and the VSC who were on the line ready to help out with questions.

We had 625 participants on the webinar and 705 participants call in. There's overlap there, so I think we can count it as 705 participants.

I attached above the list of questions asked during the Q/A period, the results of our poll questions, and the list of

attendees that signed in through the webinar. Please let me know if I missed anything.

We're doing it all again next month for LEAs … until then!

Thanks!
Amany

Amany S. Ezeldin
Community Relations Officer
Public Engagement Division - Intergovernmental Affairs Branch
DHS|USCIS|Customer Service & Public Engagement Division
Office: (312) 239-5665
Cell: (312) 204-9681
Email: amany.s.ezeldin2@uscis.dhs.gov