**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT-INTERVENORS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# Volume 9

# Exhibits 181 - 200

# DEF-INTERV.

# EX. 181

From:      Lewis, Theodore R <Theodore.R.Lewis@uscis.dhs.gov>
Sent:      Thursday, October 15, 2015 1:02 PM
To:        Bagsic, Edgardo L <█████████@uscis.dhs.gov>; Bronola, Christine █████████@uscis.dhs.gov>; Carlson, Deborah M
           █████████@uscis.dhs.gov>; Chavez, Jackie L █████████@uscis.dhs.gov>; Chhouy, Saobora <█████████@uscis.dhs.gov>; Choi,
           James W █████████@uscis.dhs.gov>; Crowe, Torrey A <█████████@uscis.dhs.gov>; Curtis, Rana █████████@uscis.dhs.gov>; Doan, Julie
           N █████████@uscis.dhs.gov>; Fletcher, Gregory L <█████████@uscis.dhs.gov>; Gapuz, Brian Y █████████@uscis.dhs.gov>; Gomez
           Sanchez, Diana C <█████████@uscis.dhs.gov>; Han, Myung Ii █████████@uscis.dhs.gov>; Hansen, Timothy K
           <█████████@uscis.dhs.gov>; Hoang, Amanda █████████@uscis.dhs.gov>; Huynh, Helen <█████████@uscis.dhs.gov>; Ifemembi,
           Ogechi O █████████@uscis.dhs.gov>; Jachin, Katherine P █████████@uscis.dhs.gov>; Kim, Kyong Y
           M █████████@uscis.dhs.gov>; Kim, Soomin M █████████@uscis.dhs.gov>; Lesher, Grace B <█████████@uscis.dhs.gov>; McClellan, James
           M █████████@uscis.dhs.gov>; McMahon, Gerald K <█████████@uscis.dhs.gov>; Mikalson, John B
           █████████@uscis.dhs.gov>; Moselina, Nolasco M (Noli) █████████@uscis.dhs.gov>; Murphy, Damiana Q
           <█████████@uscis.dhs.gov>; Nelson, Steven K █████████@uscis.dhs.gov>; Nguyen, Hao A █████████@uscis.dhs.gov>; Nguyen,
           Khanh K (Connie) █████████uscis.dhs.gov>; Nguyen, Thuc H <█████████@uscis.dhs.gov>; Nguyen, Trinnie C
           <█████████@uscis.dhs.gov>; Nguyen, Van T <█████████@uscis.dhs.gov>; Pascual, Marjorie L <█████████@uscis.dhs.gov>; Pham,
           Cindy P <█████████@uscis.dhs.gov>; Pham, Vincent <█████████@uscis.dhs.gov>; Phan, Cat Tuong T █████████@uscis.dhs.gov>; Ruiz,
           Jorge A █████████@uscis.dhs.gov>; Salmons, Nelsy A █████████@uscis.dhs.gov>; Villalobos, Vanessa
           <Vanessa.Villalobos@uscis.dhs.gov>; Vu, Toan K <█████████@uscis.dhs.gov>; Wong, Suong T █████████@uscis.dhs.gov>
Subject:   FW: Revised internal DACA FAQ on pending VAWA, T & U

FYI. Be on the alert during DACA adjudication for the below.

**From:** Roman-Riefkohl, Guillermo
**Sent:** Thursday, October 15, 2015 9:40 AM
**To:** Holmes-Okeawolam, Malethea S; Eduful, Emmanuel; Gydesen, Justyn J; Dewitty-Davis, Janine L; Tran, Linhdieu A; Sherman, Lori A
**Cc:** DeLosSantos, Marisol C; Umoru, Victoria E; Massey, Scott A
**Subject:** Revised internal DACA FAQ on pending VAWA, T & U

Good afternoon DACA POCs,

SCOPS has uploaded a *revised* internal DACA FAQ on onto DACA ECN. Below you'll see this FAQ (the revised language is shown in blue font for your convenience) and also an image of its location within the ECN. Let me know if you have any questions or need additional information.

Thank you.

guillermo

| Title | **DACA Requestors with Pending VAWA, T and U Applications** |
|---|---|
| Question | How should a Center process Form I-821D (initial or renewal) when the requestor has a pending VAWA, T and U Application? |
| Answer | The CSC, NSC, and TSC must transfer all DACA packages (Form I-821D/Form I-765/Form I-765WS) with pending VAWA, T & U applications to the VSC for adjudication.<br>1. CSC, NSC, TSC Contractor receives a T-File with Form I-821D enclosed.<br>2. CSC, NSC, TSC Contractor searches CIS and reviews individual's CIS 9101 Screen and/or EAD screen.<br>3. If codes 384, DAS, U1-U5, or T1-T6 are reflected within the COA field of the 9101 Screen, or if a classification of A19, A20, C16, or C25 for the Form I-765 are reflected within the EAD Screen, CSC, NSC, TSC Contractor will send an e-mail with subject line "DACA" to the VSC's VAWA customer service duty desk email account DutyDesk.VAWA@uscis.dhs.gov with a list of cases to verify whether or not there is a pending VAWA, T, U application/petition.<br>4. If there is pending VAWA T, U application/petition, the T-File will be relocated to the VSC for processing.<br>5. The VSC will request biometric transfer for relocated DACA package.<br>Note: A-File should already be located at the VSC for purposes of T-File/A-File consolidation. Also, there is no legal requirement for USCIS to utilize the safe address process for DACA filings. |



Guillermo Roman-Riefkohl
Adjudications Officer
Service Center Operations
U.S. Citizenship and Immigration Services
Office: (202) 272-8169
Cell: (202) 579-0790
guillermo.roman-riefkohl@uscis.dhs.gov

Confidential

DEF - 00005064

# DEF-INTERV.

# EX. 182

| From: | Tran, Linhdieu A <l           @uscis.dhs.gov> |
|---|---|
| Sent: | Wednesday, April 22, 2015 11:56 AM |
| To: | Dershem, Stephen W (Steve) <        @uscis.dhs.gov> |
| Cc: | Van-Wagenen, Lowell F <      @uscis.dhs.gov>; Dunning, Pacentia M <      @uscis.dhs.gov> |
| Subject: | RE: A ? on a daca case with EAD category C14 |

Good morning Stephen,

Thanks for bringing this up to my attention. We may be denying the DACA request if we have evidence in the file that the requestor already has an unexpired deferred action through other programs. Please provide me with the A-number of this case.

| Title | Acquired Deferred Action Pursuant to Other Programs |
|---|---|
| Question | |
| | How should centers process Form I-821D when the DACA requestor has acquired deferred action pursuant to other programs? |
| Answer | |
| | Deferred action does not confer lawful status; however, for future inadmissibility based upon unlawful presence, an individual whose case has been deferred is not considered to be unlawfully present during the period in which deferred action is in effect. Deferred action for childhood arrivals is one form of deferred action. The relief an individual receives pursuant to the deferred action for DACA is identical for immigration purposes to the relief obtained by any person who receives deferred action as an act of prosecutorial discretion. |
| | Individuals who receive deferred action through other programs may be eligible for DACA. However, if at the time of the adjudication of the DACA request, the requestor already has an unexpired deferred action, USCIS will deny their DACA request. USCIS also wants to prevent issuing two employment authorization documents to the same individual. |
| | Centers shall use the Form I-821D Denial - USCIS Already Deferred Action Pursuant to Other Programs template the for the purpose of denying these cases. |
| Associated Form | |
| DACA Category | Other |
| Sub-Category | Another USCIS Form Pending/Approved |

Created at 10/16/2013 12:50 PM by Roman-Riefkohl, Guillermo
Last modified at 10/16/2013 12:50 PM by Roman-Riefkohl, Guillermo

            [ Close ]

**From:** Dershem, Stephen W (Steve)
**Sent:** Wednesday, April 22, 2015 8:41 AM
**To:** Tran, Linhdieu A
**Cc:** Van-Wagenen, Lowell F; Dunning, Pacentia M
**Subject:** A ? on a daca case with EAD category C14
**Importance:** High

Hi Linhdieu,

Lowell and I are wondering if a Daca requestor with a current EAD with category c-14 is a person in status or not? C-14 purpose is: deferred action granted through a hearing notice, I-515 and economic necessity. My research shows a I-515 A is for SEVIS students. The requestor is/was not a student, but he is/was granted deferred action as a witness for the US Government in a case in 2005.

Any help is appreciated ☺

Regards,

Stephen W Dershem, ISO1
California Service Center
Laguna Niguel, CA
W/S AD 24519

Confidential

# DEF-INTERV.

# EX. 183



SCOPS-HQ, August 2012

U.S. Citizenship and Immigration Services

**Deferred Action for Childhood Arrivals -SRMT Guidance-**

Confidential

DEF - 00006545

# Objectives

At the end of this workshop, officers will learn how to respond to DACA-related requests through the Service Request Management Tool (SRMT) process. Officers will:

- Understand what DACA is;

- Understand the basic authority for deferred action in general;

- Understand the Secretary's specific guidelines for DACA;

- Learn how to respond to a DACA-related SRMT while a DACA request is still pending;

- Learn how to respond to a request to review a denied DACA request; and

- Learn how to resolve potential inconsistencies.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

2

# Key Resources

Officers will have a number of key resources at their disposal.  These include:

- The Secretary's memorandum and related FAQs;
- The national DACA SOP;
- The AFM; and
- USCIS systems.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

3

# I. DACA Overview



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006548

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The authority for exercising prosecutorial discretion;
- The authority and intent behind DACA;
- DACA terms; and
- DACA challenges.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

5

DEF - 00006549

# Authority for Deferred Action

Under INA 103, the Secretary has the authority to administer the immigration laws.

- Includes the authority for the Secretary to exercise her discretion in deciding when and how to remove individuals from the United States.

There are no specific deferred action provisions in the statute or the regulations.

- Deferred action is not a benefit and does not _confer_ any status.
- Deferred action does not _lead_ to any status.
- Deferred action simply means that action to remove someone is deferred until a certain date and that the decision to pursue removal may be revisited at some point in the future.



U.S. Citizenship and Immigration Services

6

FOUO – Law Enforcement Sensitive

DEF - 00006550

# Authority and Intent for DACA

DACA is Deferred Action for Childhood Arrivals

On June 15, 2012, the Secretary issued a memo to CBP, USCIS, and ICE, describing the guidelines for exercising prosecutorial discretion in cases involving certain young people who arrived in the United States as children.

The intent behind the Secretary's memorandum is to prioritize resources on high priority removal cases.

There is a basic recognition that individuals brought to the United States as young children lacked the intent to violate the law.


U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

7

# DACA Terms

Since deferred action is not a benefit, different terms are used for DACA.

Instead of:

- *Application,* use <u>**request.**</u>

- *Applicant,* use <u>**requestor (or DACA requestor).**</u>

- *Approve or grant,* use <u>**defer removal, defer action under DACA, etc.**</u>

- *Must, should, or shall*, use <u>**is to be.**</u>



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

8

# DACA Implementation

Deferred action requests under standard protocols (i.e., non-DACA) do not require a form or fee.

For DACA, USCIS:

- Is conducting extensive stakeholder outreach;

- Has created a DACA video, a DACA website, and has published a series of FAQs; and

- Created a new Form I-821D, *Consideration of Deferred Action for Childhood Arrivals*.



U.S. Citizenship
and Immigration
Services

9

FOUO – Law Enforcement Sensitive

DEF - 00006553

# DACA Implementation (Continued)

Form I-821D allows USCIS to:

- Collect the information and documents needed to determine whether the Secretary's DACA guidelines have been met;
- Track the intake and workflow of DACA requests;
- Perform background and security checks on DACA requests;
- Request additional information when needed;
- Enter the adjudicative actions in the system;
- Track the status of the DACA request and respond to customer inquiries;
- Track statistics; and
- Position the Agency for potential renewal in 2 years.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

10

DEF - 00006554

# DACA Implementation (Continued)

The Secretary's memorandum allows DACA requestors to obtain work authorization based on economic necessity.

- Existing regulations are at 8 CFR 274a.12(c)(14) – based on a grant of deferred action.
- The (c)(33) code will be used to distinguish DACA-related EADs.

DACA requestors are required to concurrently file Form I-765, Application for Employment Authorization, with the new I-765WS, together with their Form I-821D.  This allows USCIS to:

- Streamline the process by adjudicating the EAD request concurrently with the DACA request; and
- Collect biometrics at Application Support Centers (ASCs).

The Lockbox will reject Form I-821D if it is not filed concurrently with Form I-765.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

11

DEF - 00006555

# DACA Challenges

- Since deferred action is not a benefit, it does not fit squarely within the regulations.
  - This makes DACA requests different from benefit applications that officers are accustomed to adjudicating.

- Although the regulations are useful resources, the guiding principles derive from the overarching discretionary authority to defer someone's removal and the Secretary's DACA guidelines.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

12

# DACA Challenges (Continued)

DACA requestors arrived in the United States as children.

- Depending on their age, they may or may not have documentation of their own.
- Officers may see documents from the DACA requestor's parents, for example, rent receipts or utility bills.
- One piece of evidence might satisfy more than one guideline. For example, school transcripts can also show residence, age, and arrival before age 16.
- Because some DACA requestors may have been working under assumed names, name discrepancies, standing alone, will not necessarily be a fraud indicator.
- Officers will be looking at the documents in their totality to see how they add up, and, if necessary, will issue an RFE to resolve discrepancies.
- Cases could be referred to the CFDO for further research if the discrepancies have not been resolved.



U.S. Citizenship
and Immigration
Services

13

FOUO – Law Enforcement Sensitive

DEF - 00006557

# II. Required Forms and Fees



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006558

# Module Objective

The objective of this section is to provide a basic understanding of:

• The Forms required to file a DACA request.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

15

Confidential                                             DEF - 00006559

# The DACA Request

**Each DACA request must include**:

- Form I-821D, *Consideration of Deferred Action for Childhood Arrivals*;
  - There is no fee for Form I-821D.
- Form I-765, *Application for Employment Authorization* with I-765 WS;
- Basic I-765 filing fee and the biometrics services fee; and
  - Total fee of $465 (or proof of fee exemption approval).
  - Fee exemption will appear as fee waived in C3.
- Documentary evidence to meet the DACA guidelines.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

16

# The DACA Request (Continued)

There is no derivative DACA.

- Requestors must file requests individually.
- Requestors must meet the DACA guidelines in their own right.

Form I-821D is a discrete form for DACA designed to address each guideline and should not be confused with Form I-821 used for TPS.

Some data elements that are not germane to DACA are not on the I-821D. For example:

- Inadmissibility; and
- Information about relatives.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

17

DEF - 00006561

# The DACA Request (Continued)

- A new worksheet, Form I-765WS, has been created to capture the information needed to determine economic necessity for the EAD.

- Form I-765WS asks the requestor to provide basic information about his/her current income, annual expenses, and total value of assets.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

18

# III. Pertinent CLAIMS 3 Fields



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006563

# Module Objective

The objective of this section is to show:
- Form I-821D category displayed in CLAIMS 3



U.S. Citizenship
and Immigration
Services

20

FOUO – Law Enforcement Sensitive

Confidential

# How Form I-821D Will be Displayed in C3

For DACA requests, all pertinent fields will be populated in CLAIMS 3 (C3) into the Form I-821 screen, **but with a new category "3"** to show it is actually a DACA request, not TPS.

While Forms I-821 for TPS, and I-821D for DACA are very similar, when Form I-821 appears in CLAIMS with category "3" (to denote that it is actually an I-821D for DACA), only those fields pertaining to the DACA request will be active.



U.S. Citizenship
and Immigration
Services

21

FOUO – Law Enforcement Sensitive

DEF - 00006565

# A View of Form I-821D in C3





U.S. Citizenship
and Immigration
Services

22

FOUO – Law Enforcement Sensitive

DEF - 00006566

# IV. DACA Guidelines



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006567

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The basic DACA guidelines.
- The discretionary nature of deferred action;
- Examples of evidence that a requestor may submit to show he/she meets the DACA guidelines



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

24

# Basic DACA Guidelines

The requestor is to show, by a preponderance of the evidence, that he/she meets the guidelines for deferral of removal under DACA.

An individual meeting the following guidelines may be favorably considered for DACA if, under the totality of the circumstances, he/she:

- Was in unlawful status as of June 15, 2012;

- Is at least 15 years of age on the date of filing;
    - If in removal proceedings, can be under 15.

- Arrived in the United States prior to reaching his/her 16th birthday;

- Has continuously resided in the United States since June 15, 2007, up to the time the request for consideration of deferred action for childhood arrivals is submitted;



U.S. Citizenship and Immigration Services

25

FOUO – Law Enforcement Sensitive

# Basic DACA Guidelines (Continued)

- Was present in the United States on June 15, 2012;

- Is currently in school, graduated from high school, obtained a general educational certificate (GED), is currently enrolled in an accredited GED program, or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces;

- Was born <u>after</u> June 15, 1981 (<u>i.e.</u>, was not age 31 or older on June 15, 2012);

- Has not been convicted of a felony offense, a significant misdemeanor offense, or three or more non-significant misdemeanor offenses; and

- Does not otherwise pose a threat to national security or public safety.



U.S. Citizenship
and Immigration
Services

26

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines  -- Identity

Each DACA requestor is to establish his/her identity

Examples of acceptable evidence include:

- Passport;
- Birth certificate, accompanied by some form of photo identification;
- National ID document from the requestor's country of origin bearing the requestor's photo and/or fingerprint;
  - Includes a Matricular consular document issued by the consulate or embassy in the United States.
- U.S. Government immigration or other document bearing the requestor's name and photo;
- School-issued ID with photo;
- Military ID with photo; or
- Any other relevant document.



U.S. Citizenship
and Immigration
Services

27

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines  -- Age at Time of Filing

To establish age at the time of filing, the requestor can submit his/her birth certificate or other acceptable secondary evidence establishing date of birth.

- The requestor's date of birth will be on several documents, and possibly in our systems.

- Age is a fundamental guideline.  Officers will work closely with their supervisor to reconcile discrepancies.

    **Note**: SRMT requests for data changes, such as date of birth and name, should be routed to the file for review during adjudication.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

28

# Applying the DACA Guidelines  -- Age at Time of Filing (Continued)

## Requestors NOT in Removal Proceedings

- The DACA requestor is to be age 15 or older at the time of filing.

## Requestors IN Removal Proceedings

- A DACA requestor in removal proceedings may be under age 15 at the time of filing the DACA request.

- In removal proceedings includes:
  - Administratively closed cases;
  - Having an order of voluntary departure after proceedings were initiated (which can be an alternate order of VD/removal); or
  - A final removal order.

- The requestor should be noting this on the Form I-821D.

- The requestor should already have an A-file, with documents relating to the removal proceedings.

- Systems checks should also indicate that the requestor is in removal proceedings.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

29

Confidential

# Applying the DACA Guidelines  -- Age on June 15, 2012

To meet this guideline, the requestor must have been born on or after June 15, 1981.

The requestor can submit his/her birth certificate or other acceptable secondary evidence establishing his/her date of birth.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

30

# Applying the DACA Guidelines  -- Unlawful Status as of June 15, 2012

Unlawful status means:

- Lawful immigration status expired as of June 15, 2012;
- The requestor EWI'd before June 15, 2012 and the requestor did not obtain any lawful status by that date ; or
- If paroled into the United States, the requestor's parole expired as of June 15, 2012 and the requestor did not obtain an extension or any other lawful status by that date.

Part 1 of  Form I-821D asks for date of initial entry and status at entry.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

31

DEF - 00006575

# Applying the DACA Guidelines  -- Unlawful Status as of June 15, 2012 (Continued)

Examples of documents that may show the requestor's immigration status on June 15, 2012 include, but are not limited to the following:

- I-94/I-95/I-94W Arrival/Departure Record showing the date the requestor's authorized stay expired;

- If the requestor has a final order of exclusion, deportation, or removal issued on or before June 15, 2012, a copy of that order and related charging documents, if available;

- An INS or DHS charging document placing the requestor into deportation, exclusion, or removal proceedings;

- Any other document that is relevant to show that the requestor lacked lawful immigration status on June 15, 2012; or

- Any document relating to parole.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

32

Confidential

DEF - 00006576

# Applying the DACA Guidelines  -- Arrived Before Age 16

The DACA requestor is to establish that he/she arrived in the United States before his/her 16th birthday.

- The response to Part 1, questions 13 through 17 of Form I-821D will provide the date of initial entry into the United States.

- The response to question 6 in Part 1 and the requestor's birth certificate or other acceptable evidence will establish the requestor's date of birth.

- The answers to these 2 questions on Form I-821D, combined with evidence of the requestor's date of birth, will establish this guideline.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

33

## Applying the DACA Guidelines -- Continuous Residence (CR)

The DACA requestor is to submit evidence that he/she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time.

- Present time means the date of filing the DACA request.

A DACA requestor can establish continuous residence even if he/she had a brief absence from the United States.

- The absence must be brief, casual, and innocent and have occurred before August 15, 2012.

- Travel occurring after August 15, 2012, will not be considered brief, casual, and innocent, unless removal has been deferred under DACA and advance parole has been granted.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

34

# Applying the DACA Guidelines  -- CR (Continued)

Examples of evidence establishing that an absence was brief, casual, and innocent and therefore did not interrupt the requestor's continuous residence include, but are not limited to:

- Plane or other transportation tickets or itinerary showing the travel dates;

- Passport entries;

- Hotel receipts showing the dates the requestor was abroad;

- Evidence of the purpose of the travel (e.g., the requestor attended a wedding or funeral);

- Copy of any advance parole documents; or

- Any other relevant/probative evidence that could support a brief, casual, and innocent absence.

Note that a departure made while under an order of voluntary departure or deportation, exclusion, or removal is not brief, casual, and innocent.



U.S. Citizenship
and Immigration
Services

35

FOUO – Law Enforcement Sensitive

# Effect of Travel Outside the U.S. After  8/15/12

**Travel outside the United States after August 15, 2012 and before the DACA request is filed:**

- The departure interrupts CR; CR not met.

**Travel outside the United States while the DACA request is pending:**

- The requestor abandons the DACA request; deny for abandonment.

**Travel outside the United States after removal has been deferred, but without advance parole:**

- Deferred action under DACA is terminated automatically.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

36

## Applying the DACA Guidelines  -- Present in the U.S. on 6/15/12

The DACA requestor is to establish that he/she was present in the United States on June 15, 2012.

- The responses to Part 1 regarding the date of entry, status at entry, and date the authorized stay expired, and the responses to the questions in Part 2 regarding all absences from the United States since June 15, 2007, together with the evidence submitted, will show whether this guideline is met.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

37

# Examples of Acceptable Evidence for CR and Presence in U.S. on 6/15/12

| Evidence | Acceptable Documentation |
|---|---|
| Employment Records | <ul><li>Pay stubs;</li><li>W-2 Forms;</li><li>Federal, State, or local income tax returns; or</li><li>Letters from employer(s) or, if the DACA requestor has been self-employed, letters from banks, and other firms with whom he/she has done business.</li></ul> |
| Receipts, Bills, Letters | <ul><li>Rent receipts;</li><li>Utility bills bearing the requestor's name and address; or</li><li>Receipts or letters from companies showing the dates during which the requestor received service.</li></ul> |
| School Records | Transcripts, letters, report cards, etc., from the school(s) requestor attended in the United States showing the name of school(s) and the  period(s) of school attendance. |
| Medical Records | Hospital or medical records showing medical treatment or hospitalization of the requestor. Such records should show the name of the medical facility or physician, as well as the date(s) of the treatment or hospitalization. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

38

DEF - 00006582

# Evidence of CR and Presence on 6/15/12 (Continued)

| Evidence | Acceptable Documentation |
|---|---|
| Memberships | • Official records from a religious entity in the United States confirming the requestor's participation in or attendance at a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding, etc.).<br>• Documentation showing membership in community org. (e.g. Scouts). |
| Military Records | Military records (e.g., certificate of discharge, military personnel records; or military health records). |
| Additional Documents | Additional documents to support the requestor's claim may include:<br>• Money order receipts for money sent in or out of the country;<br>• Passport entries;<br>• Birth certificates of children born in the United States;<br>• Bank books with dated transactions;<br>• Correspondence between the requestor and other persons/org.;<br>• Social Security card;<br>• Selective Service card;<br>• Automobile license receipts, title, vehicle registration, etc;<br>• Deeds, mortgages, contracts to which requestor has been a party;<br>• Tax receipts;<br>• Insurance policies, receipts, or postmarked letters; and/or<br>• Any other relevant document. |



U.S. Citizenship
and Immigration
Services

39

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines - Education

## *Basic Educational Guidelines*

The educational guideline for DACA can be met in a number of different ways.  The requestor can show that he/she:

- Is currently in school;

- Has graduated from high school; or

- Has obtained a certificate of completion from high school or a General Educational Development (GED) certificate.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

40

# Applying the DACA Guidelines – Education (Continued)

### *Currently in School*

The DACA requestor can be enrolled in:

- A public or private elementary school, junior high or middle school, high school, or secondary school;

- An education, literacy, or career training program (including vocational training or an English as a Second Language (ESL) course);

- An education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under State law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other equivalent State-authorized exam; or

- A public or private college or university or a community college.



U.S. Citizenship
and Immigration
Services

41

FOUO – Law Enforcement Sensitive

DEF - 00006585

# Applying the DACA Guidelines – Education (Continued)

## *School Breaks and Medical Leave*

**School Breaks:**  When the DACA requestor files the DACA request, it is possible that school may not be in session due to a holiday or a semester (or quarter or trimester) break.

- A break may occur during a course, for example spring break, or it may occur between semesters, for example summer break.

- If a DACA request is filed between semesters, the requestor is considered to be currently in school if he/she is enrolled for the next semester and submits evidence of such enrollment.

**Medical Leave:**  Note that a DACA requestor on temporary medical leave from school is considered to be currently in school. Evidence of the medical leave and the expected return date to school are to be provided.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

42

# Applying the DACA Guidelines – Education (Continued)

### *Enrollment in Personal Enrichment or Recreational Classes*

A DACA requestor who is enrolled in a personal enrichment class (such as arts and crafts) or who is enrolled in a recreational class (such as canoeing) is not in an alternative educational program and thus is not considered to be "currently in school" for DACA purposes.



U.S. Citizenship
and Immigration
Services

43

FOUO – Law Enforcement Sensitive

Confidential

DEF - 00006587

# Applying the DACA Guidelines – Education (Continued)

## *Enrollment in On-Line Classes*

- Evidence of enrollment in on-line courses is acceptable.

-  It is not uncommon for students to be enrolled in online courses.

- Officers will focus on the completeness, credibility, relevance, and sufficiency of the evidence rather than the electronic medium over which the education was received.



U.S. Citizenship
and Immigration
Services

44

FOUO – Law Enforcement Sensitive

DEF - 00006588

# Applying the DACA Guidelines – Education (Continued)

## *Primary/Middle/Secondary School – Accepted for Enrollment*

Evidence of acceptance for enrollment may include, but is not limited to:

- An acceptance letter on school letterhead from the school's authorized representative, if the requestor was accepted for enrollment, but the classes have not yet commenced.  Evidence of registration or other evidence that the student accepted the offer is also to be included;

- A current individualized education program (IEP), as required under the Individuals with Disabilities Education Act, for a student with a disability, would also be acceptable evidence of enrollment;

- A current class schedule containing the student's name, the list of courses, and the day and time of each class; or

- Any other relevant evidence.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

45

# Applying the DACA Guidelines – Education (Continued)

## _Primary/Middle/Secondary School – Attending Classes_

DACA requestors already enrolled and attending classes may submit:

- Current school registration cards,

- Current transcripts;

- Report cards;

- Progress reports; or

- A current IEP showing the student's progress to date.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

46

# Applying the DACA Guidelines – Education (Continued)

## *GED*

To show "currently in school" based on enrollment in a class for a GED or other equivalent State-authorized exam, officers will look for a letter or other document from an authorized representative of the program, that includes information such as:

- The requestor's name and date of enrollment;

- The duration of the program and expected completion date;

- Whether the course of study is for or a GED exam or other equivalent State-authorized exam;

- The program's source of public funding (Federal, State, county, or municipal), if any; and

- The program's authorized representative's contact information.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

47

# Applying the DACA Guidelines – Education (Continued)

## *GED (Continued)*

If the GED/Equivalency program is <u>not</u> publicly funded in whole or in part, documentation from the program is also to provide information about its demonstrated effectiveness. Such information could include, but is not limited to:

- The duration of the program's existence;

- The program's track record in assisting students in obtaining a GED, or a recognized equivalent certificate;

- Receipt of awards or special achievement or recognition that indicate the program's overall quality; and/or

- Any other information indicating the program's overall quality.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

48

DEF - 00006592

# Applying the DACA Guidelines – Education (Continued)

### *Public or Private College or University, or Community College – Accepted for Enrollment*

Evidence of enrollment in a public or private college or university or a community college may include, but is not limited to:

- An acceptance package and related materials on school letterhead from the school's authorized representative, if the requestor was accepted for enrollment, but the classes have not yet commenced. Evidence of registration or other evidence that the student accepted the offer is also to be included.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

49

Confidential

DEF - 00006593

# Applying the DACA Guidelines – Education (Continued)

***Public or Private College or University, or Community College – Accepted for Enrollment (Continued)***

Evidence of acceptance for enrollment can also include:

- A current individualized education program (IEP), as required under the Individuals with Disabilities Education Act, for a student with a disability;

- A copy of the student's current tuition bill;

- The student's current class schedule containing the list of courses, and the day and time of each class; or

- Any other relevant evidence.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

50

DEF - 00006594

# Applying the DACA Guidelines – Education (Continued)

### *Public or Private College or University, or Community College – Attending Classes:*

For DACA requestors already enrolled and attending classes, evidence may include, but is not limited to:

- Current school registration cards;

- Current transcripts;

- Report cards;

- Progress reports; or

- A current IEP showing the student's progress to date.

The document(s) presented are to show the name of the student, the name of the school, the time period or semester covered by the document, and the current grade level or class year.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

51

DEF - 00006595

# Applying the DACA Guidelines – Education (Continued)

## *Alternative Educational Programs (Continued)*

| Alternative Educational Programs – Funding/Effectiveness | | | |
|---|---|---|---|
| **Type of Program** | **Non-Profit Status** | **Public Funding (in whole or in part)** | **Demonstrated Effectiveness – Required for each program that is not publicly funded. (Does not apply to non-profit literacy programs).** |
| **ESL** | N/A | Letter from the ESL program administrator or authorized representative providing basic details about the source(s) of funding. | The program administrator or authorized representative is to provide information about the program's demonstrated effectiveness.  Such information could include, but is not limited to: <br>• The duration of the program's existence; <br>• The program's track record in placing students in post-secondary education, job training, or employment; <br>• Receipt of awards or special achievement or recognition that indicate the program's overall quality; and/or <br>• Any other information indicating the program's overall quality. |
| **\*\*Literacy** | A copy of the IRS letter confirming tax exempt status under 501(c)(3) | If, not tax exempt, but publicly funded, a letter from the program administrator providing basic details about the source(s) of funding. | |
| **Career Training and Vo-Tech** | N/A | Letter from the school registrar or authorized school representative providing basic details about the source(s) of public funding. | **\*\*** Refer the case to CFDO if enrolled in a literacy program run by a **for-profit** entity. |



U.S. Citizenship and Immigration Services

52

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines – Education (Continued)

**Alternative Educational Programs – Evidence of Acceptance for Enrollment or Attending Classes**

**Enrolled in/Attending Literacy or ESL Program**

| | |
|---|---|
| **ESL** | A letter from the program administrator or authorized representative providing information such as:<br>• The requestor's name;<br>• Date of enrollment;<br>• Duration of the ESL program and expected end date;<br>• The program admin/auth. Rep's contact info. |

| **Career Training and Vo-Tech** | **Accepted for Enrollment** | **Attending Classes** |
|---|---|---|
| | An acceptance letter on school letterhead from the school registrar/authorized school representative. Letter is to include: name and address of the program, a brief description of the program, the duration of the program, the date classes will begin, with evidence of registration.<br><br>Evidence of acceptance for enrollment may also include a copy of the current year registration (intake form/enrollment form), or any other relevant documentation. | • Current attendance records<br>• Transcripts<br>• Report cards<br>• Test reports<br>• Progress reports<br><br>Documents are to show the name of the school, the name of the requestor, the time period or semester covered by the document, and, if relevant, the current educational or grade level. |



U.S. Citizenship
and Immigration
Services

53

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines – Education (Continued)

## *Graduated from School*

Evidence of "graduated from school" may include copies of:

- A diploma;

- Transcripts showing the date of graduation; or

- A GED Certificate, certificate of completion, certificate of attendance, or alternate award from a public or private high school/secondary school.

Evidence of GED or equivalent certificate includes, but is not limited to:

- Passed a GED exam; or
- Other comparable State-authorized exam resulting in the issuance of a recognized equivalent of a regular high school diploma under State law.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

54

# Applying the DACA Guidelines – Honorable Military Discharge

As an alternative to showing that he/she is currently in school or has graduated from school, a DACA requestor can meet the Secretary's guidelines by showing that he/she is an honorably discharged veteran of the U.S. armed forces or U.S. Coast Guard.

Examples of acceptable evidence of honorable military/Coast Guard discharge include:

- Form DD-214, Certificate of Release or Discharge from Active Duty;

- NGB Form 22, National Guard Report of Separation and Record of Service;

- Military personnel records;

- Military health records; or
  - A military health record will indicate branch of service, but not the character of the service member's discharge;

- Any other relevant document.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

55

DEF - 00006599

# Applying the DACA Guidelines – Honorable Military Discharge (Continued)

The Form DD-214 and NGB Form 22 both contain a section, "Character of Service" listing the type of discharge a service member obtained.  The main types of discharge include the following:

- Honorable:

- General (under Honorable Conditions);

- Under Other Than Honorable Conditions;

- Bad Conduct;

- Dishonorable; or

- Uncharacterized.

To meet the military guideline, the "Character of Service" must be Honorable or General (under Honorable Conditions).



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

56

DEF - 00006600

# Applying the DACA Guidelines – Issues of Criminality, Public Safety and National Security

Under the Secretary's guidelines, except where DHS determines that exceptional circumstances exist, removal will not be deferred under DACA when the requestor:

- Has been convicted of a felony offense, a significant misdemeanor offense, or three or more other misdemeanor offenses not occurring on the same date and not arising out of the same act, omission, or scheme of misconduct; or

- Otherwise poses a threat to national security or public safety.



U.S. Citizenship
and Immigration
Services

57

FOUO – Law Enforcement Sensitive

DEF - 00006601

# Special History Action Codes (HAC) for DACA Cases

For reporting purposes, special HACs have been developed for DACA cases:

- Cases being transferred to the BCU DACA Team – C3 shall be updated with **LE** Sent to the Background Check Unit (BCU) for resolution.

- Cases being returned to Adjudications from the BCU DACA Team or just prior to final adjudications by the BCU DACA Team shall be updated with **LE** Received from Background Check Unit (BCU) with Resolution

- Cases being transferred to the CFDO with a fraud referral shall be updated with **LE** Sent to the Fraud Detection Unit (FDU) for Analysis

- Cases being returned to Adjudications from the CFDO shall be updated with **LE** Returned from Fraud Detection Unit (FDU) with Results.



U.S. Citizenship
and Immigration
Services

58

FOUO – Law Enforcement Sensitive

DEF - 00006602

# Post Decision Handling

- After approval of Forms I-821D and I-765, the A-file shall be routed to the NRC.

- After denial,  the A-file remains at the center for 45 days and is then forwarded to the NRC if a request to review is not received through SRMT.

- Cases requiring an NTA  go to the NTA Unit. NTA issuance follows current guidance and the November 7, 2011, memorandum entitled, <u>Revised Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Removable Aliens.</u> None of the denial grounds that can be reviewed via the SRMT process will be sent to the NTA Unit.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# V. Employment Authorization Request



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The legal authority for employment authorization based on deferral of removal under DACA;
- The forms required for an employment authorization request under DACA; and
- How an individual might show economic necessity.



U.S. Citizenship
and Immigration
Services

61

FOUO – Law Enforcement Sensitive

# Employment Authorization under DACA

- The Secretary's memorandum provides that individuals whose removal has been deferred under DACA may receive employment authorization.

- The eligibility category for employment authorization based on a grant of deferred action is 8 CFR 274.12(c)(14) and requires a showing of economic necessity.

- To identify DACA-related EADs, the (c)(33) code will be used.

  - DACA requestors have been instructed to note the (c)(33) code on their Form I-765.

- The EAD is predicated on deferred action under DACA.  Therefore, the 90-day EAD clock on the Form I-765 begins after Form I-821D is approved.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**62**

# Employment Authorization Under DACA (Continued)

Forms I-821D and I-765, with Form I-765WS must be concurrently filed.

The new Form I-765WS is a worksheet designed to captures the information about the requestor's income, expenses, and assets needed for the economic necessity determination.

- To streamline the adjudication of the employment authorization application, the I-765WS should have been reviewed while adjudicating the Form I-821D.
- To assist officers, at intake, the Lockbox will place the I-765WS in ROP order behind the Form I-821D.

Form I-765 cannot be approved unless Form I-821D has been approved.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**63**

DEF - 00006607

# Showing Economic Necessity

- An EAD based on deferred removal under DACA requires a showing of economic necessity.

- If Form I-765WS has been completed, officers will review the information provided regarding current income, assets, and expenses to determine whether economic necessity has been established.  The requestor may, but need not, include supporting documents with Form I-765WS.

- There is a general presumption that DACA requestors will need to work given their undocumented circumstances and the fact that they are not generally anticipated to have independent means. Absent evidence of sufficient independent financial resources, the Form I-765WS is sufficient to establish economic need, without any further economic analysis.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**64**

DEF - 00006608

# The (c)(33) EAD

If removal is deferred under DACA, action can be taken on the Form I-765. If the Form I-765 is approved, a (c)(33) EAD will be issued with a 2 year validity from the date of the approval, or to the end of the deferred removal under DACA, whichever is earlier.


U.S. Citizenship and Immigration Services

**65**

FOUO – Law Enforcement Sensitive

DEF - 00006609

# VI. Processing Form I-131, Application for Travel Document



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006610

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The advance parole requirements for individuals whose removal has been deferred under DACA:

- How to apply these requirements; and

- The advance parole processing and validity periods.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**67**

# Advance Parole

Parole is the authorization to allow an otherwise inadmissible person to physically proceed into the United States under certain safeguards and controls.  Parole is not an admission.

Parole is granted on a case-by-case basis for urgent humanitarian reasons or significant public benefit.

Advance parole is generally granted prior to the individual's departure from the United States to authorize that person's temporary parole upon his/her return to the United States following a brief absence.

The legal authority for parole is found in INA 212(d)(5)(A).



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

68

# Advance Parole (Continued)

In accordance with the discretionary authority provided in INA 212(d)(5)(A), grants of advance parole to DACA recipients may be made based on the need to travel abroad for educational, employment, or humanitarian purposes.

- Advance Parole requests must be supported with evidence demonstrating the need to travel for one these three purposes.



U.S. Citizenship
and Immigration
Services

**69**

FOUO – Law Enforcement Sensitive

DEF - 00006613

# Advance Parole - DACA Recipients

- A DACA requestor may <u>not</u> concurrently file Form I-131 for advance parole with his/her DACA request.

- A DACA <u>recipient</u> may file an advance parole request with a copy of the I-797 notice deferring removal under DACA.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

70

# Advance Parole Requested for Educational Purposes

If the DACA recipient is requesting advance parole to travel for educational purposes, the individual must show that the travel will be undertaken for educational pursuits.

Examples include:

- Semester abroad programs; or

- Travel necessary to conduct academic research.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**71**

DEF - 00006615

# Advance Parole Requested for Employment Purposes

If the DACA recipient is requesting advance parole to travel for employment purposes, the individual must show that the travel relates to fulfilling job requirements.

These purposes also include the pursuit of a position in the United States with a foreign employer.

Examples include:

- Overseas assignments, interview, conference, or training; or

- A meeting with overseas clients.



U.S. Citizenship
and Immigration
Services

Confidential

DEF - 00006616

# Advanced Parole Requested for Humanitarian Purposes

If the DACA recipient is requesting advance parole to travel for humanitarian purposes, the individual must show the travel is for emergent, compelling, or sympathetic circumstances.

Examples include:

- Travel for medical reasons, to visit an ailing family member, to attend funeral services for a family member or for any other urgent familial purpose.



U.S. Citizenship
and Immigration
Services

73

DEF - 00006617

# Adjudication

- Advance parole valid for the duration of the event, as documented in the advance parole application, not to exceed the duration of the deferral under DACA.

- For multiple events, the advance parole is valid for the duration of all the documented events, not to exceed the duration of the deferral under DACA.



U.S. Citizenship
and Immigration
Services

Confidential

DEF - 00006618

# Advance Parole – Expedite Requests

As a general matter, expedite requests will not be granted.

However, in a dire emergency, and if properly documented and verified, if an individual were to appear at a local office, the local office has the option of processing the advance parole or working through established POCs at the Service Center under normal protocols.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**75**

DEF - 00006619

# Impact of Travel Without Advance Parole

Deferred Action is terminated automatically if an individual travels outside the United States without advance parole after removal has been deferred under DACA.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**76**

DEF - 00006620

# Advance Parole for DACA Recipients in Removal Proceedings

- Individuals in removal proceedings, including those with final removal orders, may seek advance parole if the request meets the guidelines for advance parole consideration under DACA.

- A departure made while under a final order of removal triggers inadmissibility issues.  Outreach will include warnings about these consequences.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

77

# VII. Responding to Requests to Review Certain Denials



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

DEF - 00006622

# Module Objectives

The objective of this section is to provide a basic understanding of:

- SRMT handling procedures while a DACA request is pending;
- How to respond to a request to review a denial through the SRMT process; and
- The denial grounds that may be reviewed through the SRMT process.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**79**

DEF - 00006623

# SRMT for Pending DACA Request

## Change of Address:

- Change address on Form I-821D;

- Change address on Form I-765;

- Check SNAP. If an appointment has been scheduled, change the address and reprint the notice. Before mailing the notice, make a photo copy and forward to the file with a date stamp indicating the date the address change was made; and

- Complete SRMT and send response to requestor that address change has been made.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**80**

DEF - 00006624

# SRMT for Pending DACA Request (Continued)

Corrections - requests to change or correct any type of biographical information, such as name or date of birth:

- Every SRMT needs to be reviewed, as in some cases the correction is actually a Request for an address change based upon a typographical error on the original receipt notice. If this is the case, follow the directions for handling a change of address.

- If the correction is related to a biographical information capture:

  - Review SRMT – do not make any biographical changes in the system.

  - Complete SRMT using language below as a response:

    This information has been forwarded to your file. The officer reviewing your request for deferred action will make any appropriate changes to your filing at that time. Thank you for your inquiry.

  - Print the completed SRMT and forward to the file using the special cover sheet . Attach a reference screen print of the I-821D and the I-765 .



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

81

DEF - 00006625

# Decisions

Form I-821D approvals will be issued on a Form I-797C, Notice of Action. See sample to the left.

The Form I-765 approval will be issued via the standard process which includes the EAD and the Form I-797D insert.

---

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER SRC-12-923-50002 | | CASE TYPE I821 /I-821D | |
|---|---|---|---|
| RECEIPT DATE August 20, 2012 | PRIORITY DATE | APPLICANT   A256 666 666 LASTNAME, FIRSTNAME M. | |
| NOTICE DATE August 20, 2012 | PAGE 1 of 1 | | |

FIRSTNAME M LASTNAME
C/O SELF
123 MAIN STREET
WASHINGTON DC 10001

Notice Type: Approval Notice
Valid from 08/20/2012 to 02/02/2013

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the authorized representative. Any related documentation included in the notice was also mailed as part of the official notice.

Notice of Deferred Action:

This notice is to inform you regarding U.S. Citizenship and Immigration Services's (USCIS) decision on your Form I-821D, Consideration of Deferred Action for Childhood Arrivals.

USCIS, in the exercise of its prosecutorial discretion, has decided to defer action in your case. Deferred action is an exercise of prosecutorial discretion by USCIS not to pursue the removal of an individual from the United States for a specific period. Deferred action does not confer or alter any immigration status.

Unless terminated, this decision to defer removal action will remain in effect for 2 years from the date of this notice.

This form does not constitute employment authorization, nor may it be used in place of an Employment Authorization Document. If granted, you will receive your Employment Authorization Document separately by mail. Subsequent criminal activity after your case has been deferred is likely to result in resumption of your deferred action. This notice does not provide permission to travel outside of the United States.

You are required to notify USCIS if you change your address. You may use the Alien's Change of Address Card, Form AR-11, to report a new address. That form may be found at www.uscis.gov. There is no fee for this change of address form.

Notice: USCIS and the U.S. Department of Homeland Security (DHS) reserve the right to verify the information submitted in this request and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of the verification will be used to determine whether termination of deferred action and/or removal proceedings are appropriate if, for example, the requestor committed fraud or misrepresentation to his or her request for consideration of deferred action for childhood arrivals, or engaged in subsequent criminal activity following the submission of his or her request. Individuals for whom removal action is deferred under Deferred Action for Childhood Arrivals may, in the sole discretion of USCIS and DHS, be provided an opportunity to address derogatory information before deferred action is terminated and/or removal proceedings are initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
ADMINISTRATIVE APPEALS OFFICE
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN   NE   68501-2521
Customer Service Telephone: 800-375-5283

Please see the back of this notice for important information.

Form I-797C 01/02/12 Y


U.S. Citizenship
and Immigration
Services

**82**

FOUO – Law Enforcement Sensitive

DEF - 00006626

# Decisions (Continued)

- A denial template has been created for DACA and is included in the DACA SOP. This DACA denial template will be loaded to all centers' common drive/correspondence generator. Use of this denial template is mandatory. Individualized, locally created denials shall not be used. When an officer encounters an issue for which there is no check box on the denial template, the officer must work through his/her supervisor to identify the issue for SCOPS so that the template can be amended.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**83**

# Decisions (Continued)

## Form I-821D  denial template

**Appendix F**

### NOTICE OF DENIAL OF CONSIDERATION OF DEFERRED ACTION FOR CHILDHOOD ARRIVALS, FORM I-821D

USCIS has evaluated your Form I-821D, Consideration of Deferred Action for Childhood Arrivals. For the reason(s) indicated below, USCIS has, in its unreviewable discretion, determined that that it will not defer action in your matter. Accordingly, your Form I-765, Application for Employment Authorization, has also been denied. Deferred action is a discretionary determination to defer removal action of an individual as an act of prosecutorial discretion. You may not file an appeal or motion to reopen/reconsider this decision.

☐ You are under the age of fifteen (15) and are not in removal proceedings, do not have a final removal order, or do not have a voluntary departure order.

☐ You have failed to establish that you came to the United States under the age of sixteen (16).

☐ You have failed to establish that you were under age 31 on June 15, 2012.

☐ You have failed to establish that you have continuously resided in the United States since June 15, 2007, until the date of filing your request.

☐ During your period of residence in the United States, you had one or more absences that did not qualify as "brief, casual, and innocent."

☐ You have failed to establish that you were present in the United States on June 15, 2012 and that you were unlawfully present in the United States on that date.

☐ You have failed to establish that you are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a general education development (GED) certificate, or that you are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States.

☐ You have been convicted of a felony or a significant misdemeanor, or you have been convicted of three or more misdemeanors, or you do not warrant a favorable exercise of prosecutorial discretion because of public safety concerns.

☐ You do not warrant a favorable exercise of prosecutorial discretion because of other concerns.

☐ You have failed to pay the fee for your concurrently filed Application for Employment Authorization, Form I-765, and/or your biometrics fee, because your payment has been rejected for insufficient funds and you have failed to correct the fee deficiency within the allotted time.

☐ You failed to appear for the collection of biometrics at an Application Support Center.

☐ You failed to respond to a Request for Evidence or Notice of Intent to Deny within the time prescribed.

☐ You have abandoned your Form I-821D, Consideration of Deferred Action for Childhood Arrivals because you departed the United States while the form was pending.



**U.S. Citizenship
and Immigration
Services**

FOUO – Law Enforcement Sensitive

**84**

DEF - 00006628

# Requests for Review

DACA requestors cannot file a Motion to Reopen or Reconsider and cannot appeal denial of their Form I-821D. However, DACA requestors may request review of certain denials using the Service Request Management Tool (SRMT) process.  Categories that may be reviewed fall under administrative error.  There is no review through the SRMT process of substantive/discretionary denials.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**85**

DEF - 00006629

# Requests to Review (Continued)

## Administrative Errors Related to Material Facts:

- The denial of the DACA request on the grounds that the requestor did not come to the United States prior to reaching his/her 16th birthday, but the evidence submitted <u>at the time of filing</u> shows that the requestor did, in fact, arrive before the required age; or

- The denial of the DACA request on the grounds that the requestor was under age 15 <u>at the time of filing</u>, but not in removal proceedings, but the evidence submitted at the time of filing and/or systems checks show that the requestor was, in fact, in removal proceedings when the DACA request was filed; or

- The denial of the DACA request on the grounds that the requestor was not under the age of 31 on June 15, 2012, but the evidence submitted <u>at the time of filing</u> shows that the requestor did not exceed the upper age limit on June 15, 2012; or

- The denial of the DACA request on the grounds that the requestor was not in an unlawful immigration status as of June 15, 2012, but the evidence submitted <u>at the time of filing</u> shows that the requestor was, in fact, in an <u>unlawful</u> status on June 15, 2012; or

- The denial of the DACA request on the grounds that the requestor was not physically present in the United States on June 15, 2012, up through the date of filing, but the evidence submitted <u>at the time of filing</u> establishes that the requestor was, in fact, present.



U.S. Citizenship
and Immigration
Services

**86**

Confidential                                         DEF - 00006630

# History Action Codes

The following special HACs will be used to track the requests for review through the SRMT process and must be used when responding to requests:

- **SRMT DACA**: When providing an Interim Response to a Request Via SRMT to Review a Denied DACA request.

- **SRMT DACA Reopened on Service Motion**: When reopening a Denied DACA Request on Service Motion.

- **SRMT DACA Approved on Service Motion**: When Approving a Denied DACA Request that has been Reopened on Service Motion.

- **SRMT DACA Denial Affirmed**: When Affirming the Denial of a DACA Request that has been Reopened on Service Motion.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

87

DEF - 00006631

# Standard Responses and Templates

Standard responses, to include some interim responses, have been developed to inform the requestor that his/her denial has been reopened on a service motion and that the denial is correct or incorrect.



U.S. Citizenship
and Immigration
Services

**88**

FOUO – Law Enforcement Sensitive

# Responding to Requests to Review

Requestors will be provided 30 days from the date of denial to request review of the denial.

When a request is received at the call center, TIER 1 personnel will review the date of denial in CRIS.

If the request is 30 days beyond the date of the denial, the call center will not process such request and instead will issue the following notification:

- You did not request a review of the denial of your Form I-821D, Consideration of Deferred Action for Childhood Arrivals within the required 30 days. Therefore, we will not be able to process your request. However, you may file a new Form I-821D concurrently with a new Form I-765, Application for Employment Authorization, with a new fee.



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

**89**

DEF - 00006633

# Responding to Requests to Review (Continued)

## Administrative Errors Related to Material Facts:

- The denial of the DACA request on the grounds that the requestor did not come to the United States prior to reaching his/her 16th birthday, but the evidence submitted <u>at the time of filing</u> shows that the requestor did, in fact, arrive before the required age; or

- The denial of the DACA request on the grounds that the requestor was under age 15 <u>at the time of filing</u>, but not in removal proceedings, but the evidence submitted at the time of filing and/or systems checks show that the requestor was, in fact, in removal proceedings when the DACA request was filed; or

| Step | Action |
|------|--------|
| 1 | Request the file. |
| 2 | Respond to the SRMT with an interim response. |
| 3 | Update C3 (with HAC code), indicating SRMT DACA. |
| 4 | Reopen the I-821D and I-765 on Service Motion and update C3 with the HAC Codes SRMT DACA Reopened on Service Motion for each form. |
| 5 | Route the file to the reviewing ISO. |



U.S. Citizenship
and Immigration
Services

**90**

FOUO – Law Enforcement Sensitive

DEF - 00006634

# Responding to Requests to Review (Continued)

## Administrative Errors Related to Material Facts (cont.):

| Step 6 | Action |
|---|---|
| If the denial… | Then… |
| Was correct, | • The ISO will route the filing to the SISO for concurrence.<br>• The SISO will concur or not concur and route back to the ISO for appropriate systems updating.<br>• If SISO concurs, the ISO updates C3 with HAC code SRMT DACA Denial Affirmed and respond to the DACA requestor using the appropriate DACA SRMT call-up in Appendix G of the DACA SOP.<br>• If SISO does not concur, follow the instructions below (was not Correct) |
| Was not correct, | • The SISO routes the filing to the ISO for review.<br>• The ISO approves Forms I-821D and I-765.<br>• The ISO updates C3 with HAC code SRMT Approved on Service Motion for each to show that the case was approved on Service Motion. |
| Was not correct, but other reasons for denial still exist, | • The ISO will route the filing to the SISO for concurrence.<br>• If the SISO concurs, the ISO will re-deny the case.<br>• The ISO updates C3 with the HAC code SRMT DACA Denial Affirmed for each form.<br>• The ISO produces a new denial using the SRMT denial template found in Appendix H of the DACA SOP. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**91**

# Responding to Requests to Review (Continued)

## Requestor did Appear to Have Biometrics Collected at a USCIS ASC:

- Follow the steps below when an SRMT is filed due to a claimed administrative error related to the requestor's biometrics collection.

| Step | Action |
|------|--------|
| 1 | Review the electronic systems to see whether the requestor had his/her biometrics taken. Request the A-file (if needed). |
| 2 | Reopen Forms I-821D and I-765 on Service Motion. |
| 3 | Update C3 with HAC codes SRMT DACA Reopened on Service Motion, for both forms. |
| 4 | Send an interim SRMT response using SRMT DACA 1 call-up. |



U.S. Citizenship
and Immigration
Services

**92**

FOUO – Law Enforcement Sensitive

# Responding to Requests to Review (Continued)

Requestor did Appear to Have Biometrics Collected at a USCIS ASC  (cont.):

| If the requestor… | Then… |
|---|---|
| Did not have his/her biometrics taken, | The reviewing officer should check:<br>• Returned Mail<br>• Address Changes<br>• Rescheduling Requests<br>• The BPU ASC Reschedule Spreadsheet |

| If you… | Then… |
|---|---|
| Locate returned mail, an address change, or a rescheduling request, | • Initiate ASC appointment  rescheduling.<br>• After the biometrics results are received, adjudicate the case.<br>• If Form I-821D is approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |
| Do not locate any returned mail, address, or rescheduling request, | Respond to the SRMT that the denial stands, using the SRMT denial template. |



U.S. Citizenship
and Immigration
Services

**93**

FOUO – Law Enforcement Sensitive

# Responding to Requests to Review (Continued)

Requestor did Appear to Have Biometrics Collected at a USCIS ASC (cont.):

| If the requestor | Then… |
|---|---|
| Did have his/her biometrics taken, | • The ISO will adjudicate Forms I-821D and I-765.<br>• If Form I-821D is approved, ISO approves Form I-765.<br>• ISO updates C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, ISO issues a denial using the SRMT denial template.<br>• ISO updates C3 with HAC SRMT DACA Denial Affirmed for each form. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**94**

DEF - 00006638

# Responding to Requests to Review (Continued)

Requestor requested that His/Her Biometrics Appointment at a USCIS be Rescheduled Prior to the Scheduled Date:

Follow the steps below when an SRMT is filed due to a claimed administrative error related to the request to reschedule the ASC appointment.

| Step | Action |
|------|--------|
| 1 | Request A file |
| 2 | Reopen Forms I-821D and I-765 on Service Motion. |
| 3 | Update C3 with HAC code SRMT DACA Reopened on Service Motion for both forms. |
| 4 | Send an interim SRMT response using SRMT DACA 2 call-up. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

95

DEF - 00006639

# Responding to Requests to Review (Continued)

Requestor requested that His/Her Biometrics Appointment at a USCIS be Rescheduled Prior to the Scheduled Date (cont.):

| Step | Action |
|---|---|
| 5 | Review the filing and SRMT to determine if a request was received to reschedule the ASC appointment. |
| **If the requestor…** | **Then…** |
| Requested to have his/her biometrics appointment rescheduled prior to the scheduled date, | • The ISO will schedule a new ASC appointment and route the A-file to the appropriate holding shelf to await the biometrics results.<br>• Adjudicate the case after the biometrics results are received.<br>• If Form I-821D is approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |
| Did not request to have his/her biometric appointment rescheduled prior to the scheduled date, | Respond to the SRMT that the denial stands, using the SRMT denial template. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

96

DEF - 00006640

# Responding to Requests to Review (Continued)

Requestor Paid the Filing and Biometric fees for the I-765:

Follow the steps below when an SRMT is filed due to a claimed administrative error related to Non-Sufficient Funds.

Review the electronic systems to see whether the requestor paid the associated fees with the filing.

| Step | Action |
|------|--------|
| 1 | Records Division reviews electronic systems to determine if the fee was paid timely and properly (if necessary, request the A-file) |
| 2 | Reopen Forms I-821D and I-765 on Service Motion. |
| 3 | Update C3 with HAC code SRMT DACA Reopened on Service Motion for both forms. |
| 4 | Send an interim SRMT response using SRMT DACA 3 call-up. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

97

DEF - 00006641

# Responding to Requests to Review (Continued)

Requestor Paid the Filing and Biometric fees for the I-765 (cont.):

| If the Records Division determines… | Then… |
|---|---|
| The appropriate fees were not paid, | Respond to the SRMT that the denial stands, using the SRMT denial template. |
| The appropriate fees were paid, | • The ISO will schedule a new ASC appointment and route the A-file to the appropriate holding shelf to await the biometrics results.<br>• Adjudicate the case after the biometrics results are received.<br>• If Form I-821D is approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**98**

DEF - 00006642

# Responding to Requests to Review (Continued)

USCIS Denied the Request for DACA based on Abandonment and the Requestor Claims He/She did Respond to a RFE Within the Prescribed Time:

Follow the steps below when an SRMT is filed due to a claimed administrative error related to the requestor's response to a RFE.

| Step | Action |
|------|--------|
| 1 | Request A file |
| 2 | Reopen Forms I-821D and I-765 on Service Motion. |
| 3 | Update C3 with HAC code SRMT DACA Reopened on Service Motion for both forms. |
| 4 | Send an interim SRMT response using SRMT DACA 4 call-up. |



U.S. Citizenship
and Immigration
Services

Confidential

# Responding to Requests to Review (Continued)

USCIS Denied the Request for DACA based on Abandonment and the Requestor Claims He/She did Respond to a RFE Within the Prescribed Time (cont.):

| Step | Action |
|---|---|
| 5 | Review the filing and SRMT to determine if a request was received to reschedule the ASC appointment. |
| **If the requestor…** | **Then…** |
| Responded to the RFE within the prescribed time, | • Route the filing to the reviewing officer.<br>• Adjudicate the case based on the evidence submitted initially and the RFE response.<br>• If Form I-821D approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Route to SISO for denial concurrence.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |
| Did not respond within the required time, or no response was received, | Respond to the SRMT that the denial stands, using the SRMT denial template. |



U.S. Citizenship
and Immigration
Services

**100**

FOUO – Law Enforcement Sensitive

DEF - 00006644

# Responding to Requests to Review (Continued)

USCIS Mailed the RFE to the Wrong Address and the Requestor Submitted a COA Prior to the RFE Issuance:

Follow the steps below when an SRMT is filed due to a claimed administrative error related to the requestor's change of address.

| Step | Action |
|------|--------|
| 1 | Request A file |
| 2 | Reopen Forms I-821D and I-765 on Service Motion. |
| 3 | Update C3 with HAC code SRMT DACA Reopened on Service Motion for both forms. |
| 4 | Send an interim SRMT response using SRMT DACA 5 call-up. |
| 5 | Verify the requestor's address |



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

**101**

# Responding to Requests to Review (Continued)

USCIS Mailed the RFE to the Wrong Address and the Requestor Submitted a COA Prior to the RFE Issuance (cont.):

| If the requestor… | Then… |
|---|---|
| Filed a change of address, prior to the issuance of an RFE | • Re-issue the RFE with a new 87-day response time to the correct address and route the A-file to the RFE hold shelf.<br>• After the RFE response is received, adjudicate Forms I-821D and I-765 based on the evidence submitted initially and the RFE response.<br>• If Form I-821D is approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Route to SISO for denial concurrence.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |



U.S. Citizenship
and Immigration
Services

**102**

FOUO – Law Enforcement Sensitive

DEF - 00006646

# Responding to Requests to Review (Continued)

## USCIS Mailed the RFE to the Wrong Address and the Requestor Submitted a COA Prior to the RFE Issuance (cont.):

| If the requestor… | Then… |
|---|---|
| Did not file a COA prior to the issuance of an RFE, | Review that the RFE was sent to the correct address. |

| If the RFE was sent to… | Then… |
|---|---|
| The correct address, | Respond to the SRMT that the denial stands, using the SRMT denial template. |
| An incorrect address, | • Route the filing to the SISO.<br>• The ISO shall re-issue the RFE with a new 87-day response time to the correct address and route the A-File to the RFE hold shelf.<br>• After the RFE response is received, adjudicate the case based on the evidence submitted initially and the RFE response.<br>• If Form I-821D approved, approve Form I-765.<br>• Update C3 with HAC SRMT DACA Approved on Service Motion for each form.<br>• If denied, issue a denial using the SRMT denial template.<br>• Update C3 with HAC SRMT DACA Denial Affirmed for each form. |



U.S. Citizenship
and Immigration
Services

**103**

FOUO – Law Enforcement Sensitive

DEF - 00006647

DEF-INTERV. EX. 184

WITHDRAWN

# DEF-INTERV.

# EX. 185

| | |
|---|---|
| **From:** | Rigdon, Jerry L ▪ |
| **Sent:** | Tuesday, July 29, 2014 11:09 AM |
| **To:** | Benton, Shelia G ▪ @uscis.dhs.gov> |
| **Cc:** | Massey, Scott A < ▪ @uscis.dhs.gov>; Roman-Riefkohl, Guillermo < ▪ @uscis.dhs.gov>; Flores, Mary F < ▪ @uscis.dhs.gov> |
| **Subject:** | DACA Interview Referals |

Hi Shelia,

I understand there was some conversation last week regarding the need to streamline the process for referring DACA cases to the field for an interview. To provide proper context, we have outlined the current process and our recommended changes below for your review. These changes will hopefully ease the burden on all parties involved (HQ SCOPS, HQ FOD, service centers and local field offices). At your convenience, please let us know if you agree with our recommendations or if you have any questions or concerns. Additionally, we will be happy to set up a call if you would like to discuss the process further.

**Current Process:**

1) The service center sends a request for guidance to HQ SCOPS providing the case details of the DACA request and the reason for the interview referral
2) SCOPS compiles a batch list of cases in the form of an excel spreadsheet for HQ FOD in order to obtain the appropriate POCs at the local field offices
3) FOD returns the spreadsheet with the correct POCs at the local field offices
4) SCOPS relays this information to the service center in order to facilitate the interview process
5) The service center reaches out to the designated POC and ships the case and required documents (i.e., interview notice, Atty Waiver form, notice of interview results) to the appropriate field office for an interview
6) The field office interviews the requestor and adds the interview results to the case file. The case is then shipped back to the center.
7) The service center reviews the interview results and makes a final determination on the DACA request.

**Recommended Changes:**

As listed above, the current process is very lengthy and time consuming for all parties involved. We recommend the following changes:

# DP

Confidential



Please let me know if you have any questions or concerns.

Thanks,
Jerry

*Jerry Rigdon*
Chief, Family and Status Branch
Service Center Operations Directorate
USCIS Headquarters
202-272-████

DEF - 00003606

# DEF-INTERV.

# EX. 186

May 29, 2015

CSC Background Check Unit Local Standard Operating Procedures for

Deferred Action for Childhood Arrivals (DACA)

(Form I-821D and Form I-765)

File Transfer Requests (FTRs)

1

# Table of Contents

1. File Transfer Requests
2. FTR Tracking Sheet
3. Evaluate the Pending DACA Request and Respond to the FCO that is Requesting File
4. Guidance from SCOPs on Transfer of Pending LPR Granting Petitions/ Application from USCIS Field/Asylum Offices
5. Link to SCOPs DACA ECN Site
6. CATs Documentation
7. Flowchart of FTR Process.

Confidential

DEF - 00001135

1. File Transfer Requests (FTRs)

***DO NOT RELEASE THE FILE FOR TRANSFER UNTIL EVALUATED BY A MEMBER OF THE BCU FTR TEAM***

    a.   When CSC SCOSS Customer Service Desk (CSD) receives a File Transfer Request (FTR) from an outside entity for a file located on the DACA Ident Shelf, an email will be forwarded to the DACA Ident FTR Team (FTR team members and primary DACA Ident Team supervisors will be addressees) with the FTR requester's information.  An email will be sent back to SCOSS CSD instructing them to send the file to BCU DACA FTRs (SZ-970).  SCOSS CSD will include all email traffic from the FTR request in the right hand side of the file when sending the file to the BCU FTR Team.

    b.   If a BCU DACA Officer receives a FTR for a DACA file that is in their possession, he/she will forward the pending DACA file, in an <u>unadjudicated</u> condition, to BCU DACA FTRs (SZ-970).   The BCU DACA officer will include all email traffic from the FTR request in the right hand side of the file when sending the file to the BCU FTR Team.

2. FTR Tracking Sheet

Once the DACA IDENT FTR Team receives the file, the FTR request must be entered in the FTR Tracking Sheet in O'Common at: O:\Brch_NSnF\SFB1\Deferred Action for Childhood Arrivals\ DACA Ident File Transfer Requests \ DACA Relocate Tracking Sheet.  The FTR will be tracked on the FTR Tracking Sheet from the time of receipt until the time that the case is sent to the requesting FCO.

Be sure to use the "DACA Memo to File" in any case where a DACA case is relocated.  The memo is at: O'Common/Brch NSnF/ SFB-1, Deferred Action for Childhood Arrivals/ DACA Ident File Transfer Requests / DACA Relocate Memo – File Requested by Other Office.

** If 9101 info needs to be corrected (for example, DOB, Name variation and etc.), print 9101 screen and red pen in the correct info.  Take it up to the records for required updates prior to file transfer.

3. Evaluate the Pending DACA request and Respond to the FCO that is Requesting File Transfer

**a. A pending, unadjudicated DACA case may <u>NOT</u> be released for an ICE or EOIR request.   <u>ONLY</u> an approved or Denied DACA case may be transferred out of the CSC.**

    1.   Evaluate the pending DACA request going to ICE or EOIR.  Determine if it is approvable, deniable, or will need a RFE or NOID.

3

2.  Respond back to the ICE/EOIR FCO requesting the file transfer if they cannot have the file due to the DACA case being RFE'd or NOID'd.

> i)  RFE / NOID - If the DACA is not immediately approvable / deniable and needs an RFE, send an email to the requester letting them know the file will be delayed getting to them.  For example: "Axxxxxxx currently has a pending DACA request.  The A-File cannot be released at this time because the DACA request must be adjudicated before we can relocate the file for Fill in situation file is being transferred for EOIR Hearing, interview, ICE request etc. We have prioritized this file for adjudication".

> Note:  In some critical situations a requesting FCO will respond back that they need an A/T File as soon as possible and cannot wait on us to adjudicate the DACA case.  In a situation like that, contact a primary DACA Team supervisor and determine if the requesting FCO can be given any other documentation *other than the pending DACA case* that will satisfy their needs.  Also, remember for any agency outside of DHS, that information must be sent PKI, or if they don't have PKI, WinZip'd with a follow up email with the WinZip passwords enclosed.

> ii)  When you reply via email, try to contact an individual at the requesting FCO, not just the general FCO itself.  Sometimes, there is no specific individual on the File Transfer Request listed as a point of contact so you'll have to reply to a general FCO, but contacting an individual is always the best option.  Also, sometimes SCOSS CSD can locate a point of contact at a general FCO that you can use as a point of contact. Always include all your information in the email i.e. your name, email address, phone number if you have one etc.

> iii)  If you do a RFE / NOID on a DACA FTR case, track the date that the RFE or NOID will be coming due in your Outlook Calendar and pull the file from the RFE/NOID Shelf the day after the last day the DACA applicant was given to answer the RFE / NOID.

3.  **If the file is quickly adjudicable** (within 5 working days, approval or denial), there is no need to respond back to the Requesting FCO.  The approval or denial of the case, along with the DACA Relocate Memo and transfer of the case to the Requesting FCO is sufficient.

Note: There are some COA codes you'll see in CIS that indicate that Deferred Action has already been granted which will result in a denial of the DACA request. Upon file and electronic research most often you will see the indicators of how, when and why the DACA Requestor was granted deferred action. One prima facie indicator of deferred action having been granted is:

> ➢  There is a COA of "DAS" or "DA" in CIS

> i)  If the requested adjudicated file has an EOIR hearing coming up within 2 weeks, send the file out via UPS next day service to the FCO requesting the file.

4

ii)  If the requested adjudicated file has a hearing coming up in more than 2 weeks, charge the file out to RC421 and write FCO:XXX under "Remarks" on the CSC Routing Sheet.

iii)  If the exact POC at the requesting FCO can't be determine, fill out the UPS form but leave the receiver's info blank.  Hand carry it to the SCOSS CSD and let them know that the file needs to go to FCO XXX and they will send it out to the requested FCO.  CSD has the address of all the FCO locations.

Notes:  * Be sure to use the "DACA Memo to File" in any case where a DACA case is relocated.  The memo is at: O'Common/Brch NSnF/ SFB-1 / Deferred Action for Childhood Arrivals/ DACA Ident File Transfer Requests / DACA Relocate Memo – File Requested by Other Office.

** If 9101 info needs to be corrected (for example, DOB, Name variation and etc.), print 9101 screen and "red pen" in the correct info.  Take it up to the records for required updates prior to file transfer.  Ensure a new copy of the 9101 sheet goes into the file prior to file transfer.

**b. A pending, unadjudicated DACA A-file <u>MAY</u> be released under the following conditions.**

1. If the DACA applicant is going to an interview that may result in them gaining a LPR status, pending DACA A-files may be released if the file has been requested by a Field Office, District Office, or Asylum Office for LPR status granting adjudication e.g. I-360 (non-VAWA), I-485, I-589, I-601, I-601A, I-821(TPS), N-600, or Military Parole in Place.  Using the evidence in the file, and applicable electronic systems, determine if this is the case.  Cases in this situation must be signed off by a BCU Criminality supervisor.  See below, Guidance from SCOPs on Transfer of Pending Files to A-file Requests from USCIS Field/Asylum Offices.

2. Pending DACA A-files may be released if the file has been requested by the Vermont Service Center for VAWA adjudication or file research or electronic systems indicate that the A-File contains a pending VAWA case.   There are several indications of a pending VAWA case.

a)  A COA of 384 in CIS

b) A pending T or U Visa application

c) A pending Form I-192, I-918, I-918A, I-914 or I-914A

d)  A pending I-765 with any of the following EAD designations:

i. (a)(16)

ii.(c)(25)

iii.(a)(19)

iv.(a)(20)

e) There may also be a pending I-360 with some of these other indicators of a VAWA filing.

5

DEF - 00001138

f) The FD-258 Tracking System will show "I-918 or I-914" under "Form" on the Tracker.

3.   Pending DACA A-files may be released if the file has been requested by another Service Center.

## 4.  Guidance from SCOPs on Transfer of Pending Files to A-file Requests from USCIS Field/Asylum Offices.

A-file Requests from USCIS Field/Asylum Offices (Pending I-360 (non-VAWA)/I-485/I-589/I-601, I-601A, I-821 (TPS), N-600 and Military Parole in Place)

Question:  Can we transfer an A-file containing a pending DACA request to another USCIS office for adjudication of a pending I-360 (non-VAWA), I-485, I-589, I-601, I-601A, I-821 (TPS), N-600 and Military Parole in Place?

Answer: Effective 8/28/2014, Centers may release an A-file to a USCIS Field or Asylum Office without SCOPS approval whenever the A-file request is based upon adjudication of a pending Form I-360 (non-VAWA), Form I-485 (or motion to reopen/reconsider I-485), Form I-589, Form I-601, I-601A, Form I-821 (TPS), Form N-600 or Military Parole in Place located within the requesting office unless the requestor's case contains novel, complex, or sensitive information (i.e. national security concern, currently in detention, etc.). In these instances, Centers are instructed to notify SCOPS of the novel, complex, or sensitive information within the case and wait for approval to release the A-file. The Center will hold adjudication of the Forms I-821D and I-765 and send the A-file with the DACA forms pending. Prior to release, the Center should coordinate with its Records Division to identify a POC within the requesting office so the POC can be informed that the A-file must be returned as soon as final adjudication is rendered so appropriate action can be taken on the DACA forms.

Once the A-file is returned to the Center, the Center should take the following action: (1) if the USCIS Field/Asylum Office approves the pending status-granting application/petition, the Center should deny the I-821D/I-765; otherwise, (2) if the USCIS Field/Asylum Office denies the pending application/petition, the Center should adjudicate the DACA forms based upon current procedures and practices.

## 5.  Link to SCOPs DACA ECN Site

http://ecn.uscis.dhs.gov/team/scops/HQSCOPS/FAST/DACA/SitePages/Home.aspx

Confidential

DEF - 00001139

## 6.      CATs Documentation

Because of the complexity of the file transfer request process and the corollary adjudication of the DACA case itself, a DACA File Transfer Request may be documented under successive categories for the same receipt number.

In the CATs system, here are the categories that a DACA case that is subject to the file transfer request process may be annotated under:

<u>Select an Action</u>

Approvals

Denials/Withdrawals/Revocations

Relocated-Outs

RFE / Intent Notices

Case Review

CFDO Referral

So, <u>*as an* **e**xample</u>, the same DACA case could be properly processed / documented in CATs as such:

Case Review – 60 minutes (Initial case review)

RFE – 30 minutes

Case Review – 30 minutes (Review of the returned RFE)

Denial – 45 minutes

Relocated – Out  -  60 minutes ( i.e. Relocated out would be the process where the Relocate Memo was created and the associated paper work was done to walk the file up to SCOSS for UPS shipment to the requesting FCO's address).

If you have any questions ask a primary DACA Team supervisor for guidance.

7

## 7. Flowchart of FTR process



File Transfer Request (FTR) by email or NFTS. Have the file sent to BCU DACA FTRs (SZ 970) for review. Do not release the file without first reviewing.

Pull the file and receive it in the FTR Tracking Sheet found in O' common.

Verify if the FTR is for a pending I-360(non-VAWA), I-485, I-589, I-601, I-821(TPS), N-600 or Military Parole.

If **yes**, send the A/T-File containing pending DACA to another USCIS office per HQ guidance in DACA ECN.

If **no**, adjudicate the pending DACA.

Determine if a final action can be taken (approve or deny).

If **yes**, adjudicate and send the file to the requester.

If **no**, reply back to the requester that the file contains a pending DACA and will be released after a final decision. Issue RFE / NOID.

Remember to use the "DACA Memo to File" in any case where a DACA case is relocated; found in O'Common/Brch NSnF/ SFB-1, Deferred Action for Childhood Arrivals/ DACA Ident File Transfer Requests / DACA Relocate Memo – File Requested by Other Office

Close out the FTR Tracking Sheet in O' Common.

Note:  Remember when entering information into the FTR Tracking Sheet that while you have the sheet open another officer cannot access the tracker to enter their information.  Only keep the tracker open as long as you need to.

8

DEF - 00001141

# DEF-INTERV.

# EX. 187

**From:** Roman-Riefkohl, Guillermo
**Sent:** Thursday, November 20, 2014 1:22 PM
**To:** Soucie, Alisha D; Holmes-Okeawolam, Malethea S; Sherman, Lori A; Nguyen, Carolyn Q; Dunning, Pacentia M
**Cc:** Massey, Scott A; Roman-Riefkohl, Guillermo
**Subject:** Regional DACA POC Spreadsheet Update

Good afternoon.

FOD informed us that Dexter Hernandez is no longer at CRO. His replacement is Gebre E Habtu. Patti J. Reynolds will also remain as a DACA POC for CRO. We have updated the Regional DACA POC Spreadsheet within the DACA ECN Regional and Field Office DACA POCs announcement. For your convenience, I copied the announcement below.

Thank you.

guillermo

http://ecn.uscis.dhs.gov/team/scops/HQSCOPS/FAST/DACA/SitePages/Home.aspx

| Title | Regional and Field Office DACA POCs |
|---|---|
| Body | The Regional DACA POC Spreadsheet and Field Offices DACA POC Spreadsheet contain a master list of contact information provided by FOD to help improve the DACA interview referral process. The first spreadsheet contains a list of POCs for the Central (CRO), Northeast (NER), Southeast (SER) and Western (WRO) regional offices. The second spreadsheet contains a list of designated POCs at all of the local field offices. Centers may begin using these contacts for DACA filings which require a referral to the field for an interview per current guidance as appropriate (e.g. suspected gang membership, etc.). Please follow the agreed upon procedures outlined below:<br><br>1) Centers will contact the appropriate POC at the local field office as they encounter a DACA request that requires a referral to the field for an interview, providing the reason for the referral and any other relevant details of the case. **Please ensure that you copy the designated regional POCs and HQ FOD DACA POCs for visibility, listed below**:<br>  a) Mary Flores: ████████@uscis.dhs.gov<br>  b) OFO AOS & Legalization: ████████@uscis.dhs.gov<br>2) Centers will ship the case and required documents to the attention of the designated POC at the appropriate field office.<br>3) The field office will interview the requestor and add the interview results to the case file. The case will then be shipped back to the center.<br>4) Centers will review the interview results and, based on the totality of the evidence, make a final determination on the DACA request.<br>5) Centers will provide a monthly report to SCOPS through the designated HQSCOPSDACA mailbox. In this report, please include:<br>    1) The total number of cases referred for an interview for the current month<br>    2) A number<br>    3) Receipt number<br>    4) Reason for the interview referral (e.g. gang concerns, fraud, failure to establish identity, etc.)<br>6) SCOPS will share this monthly report with the designated POCs at HQ FOD for |

Confidential

visibility.

Guillermo Roman-Riefkohl
Adjudications Officer
SCOPS
202.272.█████

DEF - 00001344

DEF-INTERV. EX. 188

WITHDRAWN

# DEF-INTERV.

# EX. 189

| From: | King, Alexander R </O=DHS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=███████████████DHS.GOV> |
| --- | --- |
| Sent: | Monday, March 26, 2018 1:17 PM |
| To: | Stoddard, Kaitlin V <███████████@uscis.dhs.gov>; Law, Robert T <███████@uscis.dhs.gov> |
| Subject: | RE: DACA EADs |

Hi Kaitlin,

I checked with the SCOPS DACA team and confirmed that we do not have any specific policy guidance on this issue.  As I mentioned previously,  **DP**

**DP**

**DP**

Thanks,
Alex

---

The USCIS DACA FAQs provide the following information regarding continued employment authorization for DACA renewal requestors.

**Q52 Do I accrue unlawful presence if I am seeking renewal and my previous period of DACA expires before I receive a renewal of deferred action under DACA? Similarly, what would happen to my work authorization?**

A52: Yes, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, you will accrue unlawful presence for any time between the periods of deferred action unless you are under 18 years of age at the time you submit your renewal request.

Similarly, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, *you will not be authorized to work in the United States regardless of your age at time of filing until and unless you receive a new employment authorization document from USCIS.*

While the DACA guidelines outlined in the June 15, 2012, memorandum do not specifically address the consequences of unauthorized employment in the United States, the DACA guidelines are merely threshold guidelines.  The decision whether to defer action under DACA is an individualized decision taking into account the totality of the circumstances.

**From:** Stoddard, Kaitlin V
**Sent:** Monday, March 26, 2018 12:36 PM
**To:** King, Alexander R

DEF - 00002696

**Subject:** DACA EADs

Hey Alex, did you have any luck on tracking down info on the question that came up in the Durbin meeting: "if someone has a pending DACA renewal and while the renewal is pending, his/her DACA/EAD expires and yet they keep working because they expect the renewal to come through, would that expiration period affect the adjudication of the renewal application?"

Looking for a couple sentences I could send to OLA so they can respond to Durbin. Thank you.

**Kaitlin (Vogt) Stoddard**
Advisor to the Director
U.S. Citizenship and Immigration Services
Department of Homeland Security

DEF - 00002697

# DEF-INTERV.

# EX. 190



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Name of Office*
Street Address
City, State Zip Code

**U.S. Citizenship
and Immigration
Services**

# Deferred Action for Childhood Arrivals
Request for Adjudicative Guidance

Date: [Insert date]
Service Center: [CSC, NSC, TSC, VSC]
Receipt Number / A-number: [Insert complete number(s) without hyphens or spaces]

**Related DACA Guideline(s)**
[Insert the DACA guideline(s) the question/concern relates to]

**Question/Concern**
[Insert a brief description of the question/concern in no more than 2 or 3 sentences]

**Detailed Synopsis**
- Background: [Provide background information about the case(s) and describe how this issue came to your attention.]

- Vetting: [Describe the action you have taken so far. If you have received feedback from your local counsel, CFDO, etc., provide the response.]

- Analysis: [In addition to vetting the case, describe any additional research/analysis completed prior to reaching out to SCOPS.]

**Recommendation**
[Insert a brief recommendation for resolving the issue.]

DEF - 00001794

# DEF-INTERV.

# EX. 191

*Creating a "memo to file" for discretionary denials in ELIS*

1. Create a memo in Word; Add'l Resources>Forms>Memo Shell.
   a. Save your memo as a PDF file to your I:drive (file>save as>save as type dropdown>PDF)
2. Open your case in ELIS; under *Upload Sensitive Documents* in the *Risk and Fraud Section*, click on "upload."
3. Click on the drop down in the *Type of Document* field and choose "restricted content."



4. Click on browse and find your saved PDF memo.
5. Once selected, the memo will be added to the *Selected Documents for Upload* field.
6. Click on *Start Upload* to upload memo to ELIS.
7. Once memo is successfully uploaded, close the *Upload Sensitive Documents* screen and verify the memo is displayed in the *Upload Sensitive Documents* portion of ELIS.

DEF - 00004525

# DEF-INTERV.

# EX. 192

| | |
|---|---|
| **From:** | Sun, Catherina C <█████████@uscis.dhs.gov> |
| **Sent:** | Monday, July 17, 2017 1:03 PM |
| **To:** | Johnstone, Belinda <█████████@uscis.dhs.gov>; Dunning, Pacentia M <█████████@uscis.dhs.gov>; Van-Wagenen, Lowell F <█████████@uscis.dhs.gov>; Wang, Jerry <█████████@uscis.dhs.gov>; Gapuz, Brian Y <█████████@uscis.dhs.gov>; Felix, Raquel J <█████████@uscis.dhs.gov>; Garcia, Raul <█████████@uscis.dhs.gov>; Rafiee-Tari, Solmaz <█████████@uscis.dhs.gov>; Simon, Karl J <█████████@uscis.dhs.gov> |
| **Subject:** | DACA RFE Paragraph on Submission of a Dated/Invalid I-821D |

Team:  For your visibility.  Thanks.

Jerry:  Do you mind copying and pasting this entire email string into a document and uploading it to AIS please? **NO need to do a AIS blast**.  We just need to upload this into AIS for future reference.  Many thanks!

V/r,

Catherina

**From:** Robinson, Brandon M
**Sent:** Monday, July 17, 2017 8:28 AM
**To:** Felix, Raquel J
**Cc:** Sun, Catherina C; King, Alexander R; Garon, Michielle S; Umoru, Victoria E
**Subject:** RE: I-821D

Good morning Raquel,

I hope had a nice weekend.

Thank you for developing the language below and taking it through the review/clearance process.  As this appears to be a unique case, we don't believe the paragraph needs to be added into ECHO at this time; however, if there are additional cases that have been identified or if CSC continues to encounter this same issue, please let us know.

Thanks again,
Brandon

**Brandon Robinson**
Adjudications Officer
Service Center Operations
U.S. Citizenship and Immigration Services
Department of Homeland Security
402.304.███ (cell)
█████████@uscis.dhs.gov

**From:** Felix, Raquel J
**Sent:** Thursday, July 13, 2017 8:43 PM
**To:** Robinson, Brandon M
**Cc:** Sun, Catherina C; King, Alexander R; Garon, Michielle S; Umoru, Victoria E
**Subject:** FW: I-821D

Hi Brandon,

                    DEF - 00004619

CSC Counsel approved and cleared the proposed RFE to be sent to the requestor (see attached).

Please advise if we should place the New DACA Version RFE, in ECHO as a standard paragraph.

**NEW DACA VERSION -** Form I-821D new 6/4/2014 version
You did not submit the current 6/4/2014 version of your Form I-821D, Consideration of Deferred Action for Childhood Arrivals. In addition to completing and submitting the new version, you must sign and date page five (5) of the Form I-821D. The completed form must contain a new original signature. Attach your completed Form I-821D to this Request for Evidence and send to the address as listed on this notice.
To obtain Form I-821D, please visit the USCIS website at http://www.uscis.gov/USCIS/files/form/i-821D.pdf or call toll-free (800) 870-3676 to request this form by mail.


Thank you,

*Raquel Felix*
Supervisory Immigration Services Officer
WS 13005
CSC/RSB-2
(949) 448-█

---

**From:** Robinson, Brandon M
**Sent:** Wednesday, June 28, 2017 10:39 AM
**To:** Felix, Raquel J
**Cc:** Sun, Catherina C; King, Alexander R; Garon, Michielle S; Umoru, Victoria E
**Subject:** RE: I-821D

Hi Raquel,

After further review, SCOPS recommends CSC RFE the requestor for a new completed Form I-821D using the most current version of the form . As we do not have a standard RFE template for this scenario, please draft the appropriate ad hoc language needed and clear it through local CSC counsel. Please include any other deficiencies within the RFE (evidence of CR, physical presence, etc.).

Upon receiving the new Form I-821D, we request CSC scan/upload it into ELIS within the Evidence section of the Evidence and RFE tab and mark the category as "I-821D". Please also edit the category for the Form I-821D currently in ELIS from "I-821D" to "Other".

Prior to issuing the RFE, would CSC please confirm the ability to edit the DACA Criminality responses in ELIS? We would like to have the answers updated to reflect what is marked by the requestor on the new Form I-821D.

Thank you for your help and please let us know if you have any questions or concerns.

Best,
Brandon

**Brandon Robinson**
Adjudications Officer
Service Center Operations
U.S. Citizenship and Immigration Services
Department of Homeland Security
402.304.█ (cell)
█@uscis.dhs.gov

DEF - 00004620

**From:** Robinson, Brandon M
**Sent:** Thursday, June 22, 2017 4:49 PM
**To:** Felix, Raquel J
**Cc:** Sun, Catherina C; King, Alexander R; Garon, Michielle S; Umoru, Victoria E
**Subject:** RE: I-821D

Hi Raquel,

Thank you for bringing this to our attention.  We'll review the case and get back to you and the CSC as soon as possible.

Thanks again,
Brandon

**Brandon Robinson**
Adjudications Officer
Service Center Operations
U.S. Citizenship and Immigration Services
Department of Homeland Security
402.304 ▮ (cell)
▮▮▮▮@uscis.dhs.gov

---

**From:** Felix, Raquel J
**Sent:** Thursday, June 22, 2017 12:25 PM
**To:** King, Alexander R; Garon, Michielle S; Umoru, Victoria E; Robinson, Brandon M
**Cc:** Sun, Catherina C
**Subject:** FW: I-821D

Good Morning,

We are seeking clarification on a DACA filing. The ▮▮▮▮ was filed on 11/21/2016,  this case was received with an old version of the Form I-821D ( 08/15/2012 edition).

At this time we do not have an RFE in place to request the updated version of the Form I-821D. It is our understanding that lockbox rejects submissions of the older versions.

One of the main differences between the 2012 and the 2014 version is the Part 4 criminality questions.  In the newer version we have two additional questions that were not previously included on the 2012 version.

Please advise on how to best proceed with this filing.

*Raquel Felix*
Supervisory Immigration Services Officer
WS 13005
CSC/RSB-2
(949) 448- ▮

DEF - 00004621

# DEF-INTERV.

# EX. 193

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Office of the Director* (MS 2000)
Washington, DC 20529-2000



**U.S. Citizenship and Immigration Services**

**June 3, 2013**                                                **PM-602-0085**

# Policy Memorandum

SUBJECT:  Requests for Evidence and Notices of Intent to Deny

## Purpose

The purpose of this policy memorandum (PM) is to clarify the role of Requests for Evidence (RFEs) and Notices of Intent to Deny (NOIDs) in the adjudication of petitions, applications, and other requests.  It revises Chapter 10.5(a) of the Adjudicator's Field Manual (AFM) – AFM Update AD12-04.

## Scope

This PM supersedes all previous guidance and applies to all U.S. Citizenship and Immigration Services (USCIS) employees, unless specifically exempted in this PM.[1]

## Authority

8 CFR 103.2(b)(8).

## Background

A report issued by the Office of Inspector General (OIG) entitled "The Effects of USCIS Adjudication Procedures and Policies on Fraud Detection by Immigration Services Officers," raised issues concerning the proper use of RFEs in adjudications.  The OIG report referenced a USCIS memorandum dated June 1, 2007 entitled "Removal of the Standardized Request for Evidence Processing Timeframe Final Rule, 8 CFR § 103.2(b)."  That USCIS memorandum had revised Chapter 10.5(a)(2) of the AFM to read:  "RFEs should, if possible, be avoided."  OIG advised that this sentence has been taken out of context by some officers.  In response to the OIG report, and to ensure consistency, this PM clarifies USCIS policy regarding the issuance of both RFEs and NOIDs.

---

[1] Asylum applications filed on Form I-589, Application for Asylum and for Withholding of Removal and applications filed on Form I-590, Requests for Classification as Refugee, are governed by different regulations and procedures regarding RFEs, NOIDs, denials, and failures to appear.

**www.uscis.gov**

Confidential                                                DEF - 00000784

PM-602-0085:  Requests for Evidence and Notices of Intent to Deny
Page 2

**Policy**

Under 8 CFR 103.2(b)(8), USCIS has the discretion to issue RFEs and NOIDs in appropriate circumstances.  USCIS also has the discretion in some instances to issue a denial without first issuing an RFE or a NOID.  This PM offers guidance as to the exercise of that discretion.  The guidance in this PM applies not only to applications and petitions, but also to requests for consideration of deferred action and to other adjudications not classified as benefit requests.  This PM emphasizes that an RFE is not to be avoided; it is to be used when the facts and the law warrant.  At the same time, an RFE is not to be issued when the evidence already submitted establishes eligibility or ineligibility in all respects for the particular benefit or service.  An unnecessary RFE can delay case completion and result in additional unnecessary costs to both the government and the individual (a term used throughout this PM to refer to the person or entity filing the particular application, petition, or other request).

**A. General Principles:  RFEs and NOIDs**

The guidance articulated under this heading is generally applicable.  However, there may be special circumstances where the general principles do not apply.  In such instances, there will be accompanying special instructions that will provide alternate guidance.  In the absence of special instructions, officers must follow these general principles.

In each case, officers must:

- Understand the specific elements required to demonstrate eligibility for the particular application, petition, or request.
- Understand the standard of proof that applies to the particular application, petition, or request.  In most instances, the individual has the standard of proving eligibility by a preponderance of the evidence.  Under that standard, the individual must prove it is more likely than not that each of the required elements has been met.
- Review all the evidence to determine whether each of the essential elements has been satisfied by the applicable standard of proof.  Fraud and national security concerns should be vetted pursuant to FDNS and CARRP protocols.

If all the essential elements have been satisfied by the applicable standard of proof, including any additional requirement to establish that the individual warrants a favorable exercise of discretion, the officer shall approve the application, petition, or request without issuance of an RFE.  8 CFR 103.2(b)(8)(i).

If the totality of the evidence submitted does not meet the applicable standard of proof, and the adjudicator determines that there is no possibility that additional information or explanation will cure the deficiency, then the adjudicator shall issue a denial.

RFEs.  If not all of the required initial evidence has been submitted or the officer determines that the totality of the evidence submitted does not meet the applicable standard of proof, the officer should issue an RFE unless he or she determines there is no possibility that additional evidence available to the individual might cure the deficiency.

DEF - 00000785

PM-602-0085:  Requests for Evidence and Notices of Intent to Deny
Page 3

NOIDs.  The issuance of a NOID is required as described under AFM Chapter 10.5(a)(3).  A NOID is required before denying any immigration benefit requests submitted on the following forms:

- Form I-800A (relating to adoptions) based on a mandatory denial ground in 8 CFR 204.309(a);
- Form I-800 based on a mandatory denial ground in 8 CFR 204.309(b); or
- Form I-485 filed by a physician under 8 CFR 245.18(i) because the physician failed to comply with the conditions attached to his or her National Interest Waiver.

A NOID is also required when derogatory information is uncovered during the course of the adjudication that is not known to the individual, according to 8 CFR 103.2(b)(16).

The issuance of a NOID is also appropriate in the following circumstances:

- There is little or no evidence submitted (e.g., a "skeletal filing"); or
- The individual has met the threshold eligibility requirements for the requested benefit or action, but has not established that he or she warrants a favorable exercise of discretion (where there is also a discretionary component to the adjudication).

## B. Additional Considerations

In some cases, particularly where the response to an RFE opens up new lines of inquiry, a follow-up RFE might prove necessary.  However, officers must include in a single RFE all the additional evidence they anticipate having to request.  The officer's careful consideration of all the apparent gaps in the evidence will minimize the need for multiple RFEs.

In response to an RFE or a NOID, individuals must submit all of the requested materials together at one time, along with the original RFE or NOID.  If only some of the requested evidence is submitted, USCIS will treat such submission as a request for a decision on the record.  8 CFR 103.2(b)(11).

Apart from RFEs, officers have the discretion to validate assertions or corroborate evidence and information by consulting USCIS or other governmental files, systems, and databases, or by obtaining publicly available information that is readily accessible.  8 USC 1357(b); 8 CFR 103.2(b)(16)(i).  For example, an officer may, in the exercise of discretion, verify information relating to a petitioner's corporate structure by consulting a publicly available state business website.  As another example, an officer may, in the exercise of discretion, corroborate evidence relating to an individual's history of nonimmigrant stays in the United States by searching a non-public, U.S. government database.  Any such additional evidence must be placed in the Record of Proceeding, unless specifically exempted from inclusion, as is the case for classified materials. Further, certain types of evidence, including commercial data reports and "For Official Use Only" (FOUO) materials, must be filed and maintained separately from the Record of Proceeding.  For details, please refer to AFM Chapter 10.2, *Record of Proceeding.*

Under 8 CFR 103.2(b)(16)(i), if a decision adverse to the individual is based on derogatory information, and the individual is unaware that the information is being considered, the officer

DEF - 00000786

PM-602-0085:  Requests for Evidence and Notices of Intent to Deny
Page 4

must advise the individual of this information and offer him or her an opportunity to rebut it
before the decision is rendered.  Any explanation, rebuttal, or information presented by or on
behalf of the individual must be included in the record of proceeding.  **There is an exception for
certain classified materials.**[2]

## Use

This PM is intended solely for the guidance of USCIS personnel in the performance of their
official duties.  It is not intended to, does not, and may not be relied upon to create any right or
benefit, substantive or procedural, enforceable at law or by any individual or other party in
removal proceedings, in litigation with the United States, or in any other form or manner.

## Contact Information

Questions or suggestions regarding this PM should be addressed through appropriate channels to
the Office of Policy and Strategy.

---

[2] Under 8 CFR 103.2(b)(16)(ii) and (iv), a determination of statutory eligibility shall be based only on information
that is contained in the record of proceeding and disclosed to the individual, except when the information is
classified under Executive Order No. 12356 as requiring protection from unauthorized disclosure in the interest of
national security and the classifying authority has not agreed in writing to such disclosure.  Whenever the Director
of USCIS believes he or she can do so consistently with safeguarding both the information and its source, the
Director or his or her designee should direct that the individual be given notice of the general nature of the
information and an opportunity to offer opposing evidence.  The Director's or his or her designee's authorization to
use such classified information shall be made a part of the record.  A decision based in whole or in part on such
classified information shall state that the information is material to the decision.

Under 8 CFR 103.2(b)(16)(iii), where an application may be granted or denied in the exercise of discretion, the
decision to exercise discretion favorably or unfavorably may be based in whole or in part on classified information
not contained in the record and not made available to the applicant, provided the USCIS Director or his or her
designee has determined that such information is relevant and is classified under Executive Order No. 12356 as
requiring protection from unauthorized disclosure in the interest of national security.

DEF - 00000787

# DEF-INTERV.

# EX. 194

# DACA Team
# Meeting Minutes

| AGENDA | MONDAY, JUNE 1, 2015 | Time: 9:00 AM – 10:00 AM |
|---|---|---|

| | |
|---|---|
| **TYPE OF MEETING** | DACA Team Meeting |
| **LOCATION** | Morro Rock |
| **FACILITATOR** | Ted Lewis, SISO |
| **NOTE TAKER** | Deborah Carlson |
| **ATTENDEES (IN PERSON)** | Van Nguyen, SISO<br>Jackie Chavez, SISO<br>Emily Araujo, SISO<br>Deborah Carlson<br>Trinnie Nguyen<br>Vanessa Villalobos<br>Steven Nelson<br>Myung Han<br>Toan Vu<br>James Choi<br>Brian Gapuz<br>Helen Huynh<br>Thuc Nguyen<br>Damiana Murphy<br>Julie Doan<br>Greg Fletcher<br>Christine Bronola<br>Rana Curtis<br>Cat Phan<br>Hao Nguyen<br>Joe Kim<br>Edgardo Bagsic<br>Suong Wong<br>Grace Lesher<br>Diana Sanchez-Lopez<br>Saobora Chhouy<br>Anh Ngo<br>Katherine Jachin |

**Agenda Items**

| | **DISCUSSION ITEMS** |
|---|---|
| **DISCUSSION** | **I.**   As H1B season is now ending, DACA processing will be picking up and everyone that is part of DACA IDENT will now be processing cases. Currently we have |

Confidential

DEF - 00000227

approximately 3,000 cases pending.

## II.  Top 4/EPS

- Our TOP 4 officers will be processing Non-DACA TOP 4/EPS cases
- If DACA case has Top 4/EPS issue, route to box at **SZ971**- specialized team will handle all TOP 4/EPS/De-conflict/RAG/Gang/Drug Cartel cases.
- Protection Order target cases-(these are non TOP 4) will be put in DACA criminality incoming bucket at **SZ915.**
  **\*\*If you receive one of these cases make sure you obtain all available criminal history/court orders to check for possible domestic violence classes as part of probation- this information can qualify for Domestic Violence Significant Misdemeanor DACA denial.
- If a case has been misrouted, the hit will be resolved by the officer and a coversheet will be placed on the file indicating that the file has been reviewed.

## III.  New DACA IDENT Officers

- DACA Training- Sign up for June 9 & 10 training if you have not previously attended training
- Mentors will be assigned for new officers

## IV.  System Checks

- You are required to check USVisit <u>and</u> FBI Name Check for DACA adjudications

## V.  File Transfer Requests

- Do not adjudicate-drop file to SZ970 with copy of email placed in file on right hand side.
- FTR team will begin processing cases tomorrow.
- FTR SOP now in O:common

## VI.  Reminders

- Take the time and adjudicate **correctly** –If any questions, ask supervisors for guidance
- Juvenile convictions must be looked at on case by case basis and may need RAG for decision at HQ level depending on severity of crimes.

DEF - 00000228

# DEF-INTERV.

# EX. 195

# DACA Team
# Meeting Minutes

| AGENDA | TUESDAY, JUNE 30, 2015 | Time: 10:00 AM – 11:00 AM |
|---|---|---|

| | |
|---|---|
| **TYPE OF MEETING** | DACA Team Meeting |
| **LOCATION** | Morro Rock |
| **FACILITATOR** | Ted Lewis, SISO |
| **NOTE TAKER** | Cat Phan |
| **ATTENDEES** | Laura Wright, SISO    Brian Gapuz ( On phone)<br>Jackie Chavez, SISO    Christine Bronola ( On phone)<br>Emily Araujo, SISO    Thuc Nguyen (On phone)<br>Vanessa Villalobos<br>Toan Vu<br>Damiana Murphy<br>Cat Phan<br>Joe Kim<br>Saobora Chhouy<br>Vincent Phan |

### Agenda Items

| | **DISCUSSION ITEMS** |
|---|---|
| **DISCUSSION** | **I.**  New DACA officers to work DACA cases<br><br>**II.**  **General Guidelines for DACA**<br>    • 100% review for new DACA officers (5 at a time to supervisor)<br>    • Cases issued from BCU criminality shelves by supervisor until further notice<br>    • Subject matter expert available Monday thru Friday<br>      Mon/Tues: Vincent<br>      Wed/Fri: Vanessa<br>      Mon/Thurs: Brian<br>    • Two shelves<br>      1.  SCOSS DACA Ident<br>      2.  BCU DACA Ident (SZ 915)<br>    • Two buckets<br>      1.  SZ 970 File Transfer Request (ICE/EOIR/Ident)<br>      2.  SZ 971 Request for adjudicative guidance, EPS issues, de-confliction<br><br>**III.**  Tour of shelves and buckets<br>    • Gang cases that need to go to field office for interview should be routed to |

DEF - 00000475

FTR (SZ 970)

**IV.  Reminder**
- Take the time and adjudicate **correctly** –quality over quantity
- FD258 has a 15 month validity period
- Request needed systems access for DACA to your supervisor

**V.  Pending Questions**
- Are officers who currently WAH require to come into the office during training period of DACA?

DEF-INTERV. EX. 196

WITHDRAWN

DEF-INTERV. EX. 197

WITHDRAWN

# DEF-INTERV.

# EX. 198

| **From:** | Lewis, Theodore R < ███████████ )uscis.dhs.gov> |
| **Sent:** | Wednesday, August 19, 2015 7:05 PM |
| **To:** | Van-Wagenen, Lowell F <l██████████████ ████ @uscis.dhs.gov> |
| **Subject:** | FW: 204(c) and DACA |

Here you go.

---

**From:** Wright, Laura F
**Sent:** Monday, August 10, 2015 3:55 PM
**To:** Lewis, Theodore R; Nguyen, Van T
**Subject:** 204(c) and DACA

I believe this question came up in the RoundTable.

The 204 (c) permanent bar **only** applies to immigrant petitions: I-130 and I-140.   Since DACA is not an immigrant petition 204(c) does not apply.  However, when considering the totality of evidence of the DACA Request an officer should take into consideration that the requestor committed marriage fraud in the past.  I don't think you could deny based on this alone, but it could definitely add to the big picture.  Please let me know if you have further questions.

Laura Wright | Immigration Services Officer
Security and Fraud Branch | BCU
E-mail: ██████ @uscis.dhs.gov Phone: 949-389-███

WARNING: This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to SENSITIVE BUT UNCLASSIFIED information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the originator. Further transmission of LAW ENFORCEMENT SENSITIVE information is limited by The Privacy Act (5 U.S.C. 552(a)) and Trade Secrets Act (18 U.S.C. 1905), in accordance with the Third Agency Rule. If you are not the intended recipient or agent responsible for delivering the information to the intended recipient, unauthorized disclosure, copying, distribution or use of the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify the sender and delete all copies from your system.

DEF - 00000474

# DEF-INTERV.

# EX. 199

*DACA MATTERS – ISSUE 5*

Fraudulent Documents

 : How should an ISO handle a case where the requestor submitted fraudulent documentation in attempt to satisfy certain DACA guidelines?

A: If an ISO suspects that a requestor has submitted questionable or fraudulent documentation in an attempt to satisfy one or more of the DACA guidelines listed below:

> (1) Under the age of 31 as of June 15, 2012;

> (2) Came to the United States before reaching your 16th birthday;

> (3) Have been residing continuously in the United States since June 15, 2007, up to the present time; and

> (4) Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

the ISO will complete a referral sheet citing the articulable elements of fraud found within the filing and refer the case to the CFDO prior to taking any adjudicative action, even if the are other issues present that may negate the exercise of prosecutorial discretion. If the CFDO returns the case with a Statement of Findings (SOF) indicating a confirmed finding of fraud (e.g. USCIS suspects, and in many cases has confirmed through further investigation, that the requestor knowingly submitted fraudulent or suspicious documents as evidence in an attempt to obtain DACA), the ISO should issue the DACA 414 NOID from the Appendix E (NOIDs). **Please note that NOID must be reviewed by OCC.**  If the requestor is unable to overcome the basis for the intended denial, the case should be denied using the appropriate checkbox from Appendix F: "You have not established that you warrant a favorable exercise of prosecutorial discretion." Denials based on confirmed fraud will be supported by a properly documented SOF generated by the CFDO. FDNS-DS must be updated to show that the DACA request was actually denied for confirmed fraud. The Officer will provide information on the final outcome of a DACA request to the CFDO so they may update FDNS-DS accordingly.

Per the DACA SOP, DACA cases denied due to a confirmed finding of fraud shall be updated in C3 as "Denial Notice with a Finding of Fraud Ordered"[EC] for tracking purposes. FDNS-DS must be updated to show that the DACA request was actually denied for confirmed fraud.  Officers should include a note to the AST on the Decision Processing Worksheet to forward the file to TSIO Henry Eager, CFDO, once the denial has been processed.  In addition, DACA cases denied due to a confirmed finding of fraud shall be referred for NTA issuance in accordance with the NTA memorandum dated November 7, 2011.  Accordingly, CFDO will forward the file to BCU for possible NTA issuance.

Centers are no longer required to elevate fraud cases related to any of the four DACA guidelines listed above to SCOPS attention unless they encounter a novel, complex or sensitive case.

*Source: DACA Internal FA 's Updated November 17, 2014*

Form Annotation (Reminder)

Please remember to annotate (c)(33) in the box "Applicant is filing under  274a.12" (located on the top left of the Form I-765) for DACA I-765 filings.

*Source: DACA Internal FA s Updated October 23, 2014*

Fee Exemption (I-765WS not required) (Reminder)

The Form I-765WS is a worksheet designed to capture information about the requestor's income, expenses, and assets needed for the economic necessity determination.

DEF - 00000144

If the requestor was approved for a fee exemption, you do not need to RFE if the I-765WS is incomplete or missing.  The requestor has already shown that they have economic necessity.  An I-765 WS is not needed.

The indication that a fee exemption was granted will be displayed in CLAIMS 3.

*Source: DACA Internal FA   s Updated October 23, 2014*

Signatures of Preparers and Interpreters

   51:     Is it necessary to issue an RFE if the requestor does not answer a question on the form which is not material to the decision. (Including Part 4,   1.b, info about person who read the form to the requestor)
A51:  We would only RFE for the missing info if the requestor does not establish a guideline and an RFE would be issued anyway.

*Source: DACA Internal FA   s Updated October 23, 2014*

   76: When must an individual sign a Form I-821D as a preparer?
A77: Anytime someone other than the requestor prepares or helps fill out the Form I-821D, that individual must complete Part 5 of the form.

*Source:  DACA Public FA   s updated Oct. 23, 2014*

DEF - 00000145

# DEF-INTERV.

# EX. 200

**From:** Tran, Linhdieu A <span style="background:black">    </span> @uscis.dhs.gov>
**Sent:** Wednesday, April 13, 2016 4:49 PM
**To:** Van-Wagenen, Lowell F <<span style="background:black">    </span>@uscis.dhs.gov>; McGuire, Regina A <<span style="background:black">    </span>uscis.dhs.gov>
**Cc:** Dunning, Pacentia M <<span style="background:black">    </span>@uscis.dhs.gov>
**Subject:** FW: **LE**
    **LE**    for DACA to establish eligibility

---

FYI – Please bring this up at our next Roundtable.

---

**From:** DeLosSantos, Marisol C
**Sent:** Tuesday, April 12, 2016 1:53 PM
**To:** Dunning, Pacentia M; Tran, Linhdieu A; Dewitty-Davis, Janine L; Elias, Erik Z; Hahn, Jerome; Tailor, Anisa M
**Subject:** FW: **LE** filings for DACA to establish eligibility

Hi there. This may be worth sharing with your teams or at a roundtable.

V/R,

*Marisol de los Santos*

Supervisory Immigration Officer
USCIS | California Service Center | CFDO
☎: 949.389<span style="background:black">  </span>

---

**From:** Michael, Jeremy J
**Sent:** Tuesday, April 12, 2016 8:10 AM
**To:** DeLosSantos, Marisol C; Brandom, Patricia A; Choi, Jesook; Defluri, William Jr; Deleon, Rodolfo D (Rudy); Eager, Henry G; Michael, Jeremy J; Sam, Yen N; Ta, Anita; Victorio, Richard M
**Subject:** **LE** filings for DACA to establish eligibility

Hi Marisol and DACA Team,

I'm completing an SOF for a fraud referral involving a medical receipt for establishing residency requirements for DACA. When reviewing the record I remember seeing it with another file that I worked this week. I'm finding that the receipt is located in filings from students at **LE** but it may be submitted with other schools and DACA requests as well. This may be worthy of a fraud alert to Adjudications in case the officers on the floor are encountering this same exact document.

I am sending this to our Team for visibility and for SOF assistance including any possible action if the scheme is larger than these files.

DACA Receipt Number: <span style="background:black">    </span>3848

Confidential

# Receipt

███████ *Medical Center*

6██████ ▪ Lakewood NJ 08701

☐ Outpatient Registration

☑ Emergency Department      Date 8-18-2008

☐ Outpatient Physical Therapy

Patient: ████████████████

_12008/9047540_

| ☑ Cash | Cash Received | 100.00 |
|--------|---------------|--------|
| ☐ Check | Receipt | |
| ☐ Other | Change Given | |

Received By: ████████████

Received From:

_____ Dollars $ 100.00

**THANK YOU**

█████ Medical Center

THE REMAINING BALANCE _____

12-399          AEL 8/2007

Second Document found in DACA Receipt Number: ████████ 8670:

# Receipt

_____ Medical Center

☐ Outpatient Registration

☑ Emergency Department                    Date 8-18-97

☐ Outpatient Physical Therapy

Patient: _____

_____ 200490-1754 _____

_____

_____

_____

☑ Cash            | Cash Received  100. 00
☐ Check           | Receipt
☐ Other_____     | Change Given

Received By: C. RODRIGUEZ

Received From: _____

_____  Dollars $ 100. 00

THANK YOU
_____ Medical Center

THE REMAINING BALANCE_____
12-399                                    AEL 9/2007

As noted above, the document is clearly altered for establishing eligibility for the individual DACA requestor. In my analysis, I provided the following:

The record included a [                    LE                    ] The document was created for immigration purposes.  CFDO reviewed another DACA filing under receipt number _____3848 showing the same receipt document submitted with altered information. A review of the two attached receipt documents found the following:

- The patient name was changed to identify the DACA requestor.
- The patient number underneath the name was altered with an added "1" at the beginning and a "0" at the end with a few other changes but clearly the same number being altered when reviewing font, size, penmanship, writing and similarities.
- The date of the receipt showed the same month and day but changed the year based on the requestor's residency claims. In _____3848, the document read 08/18/2008. In the instant _____3670, the document reads 08/18/1997.  The date was clearly altered and changed for establishing eligibility.

- The received by signatory on both documents is [**LE**] nd the placement and writing is exact same indicating that the document was altered rather than two different receipt issuances.
- The dollar amount on both is $100 and written identically indicating that the document was altered.
- The slash on the remaining balance is identically placed indicating that the document was altered.
- The check mark for the cash payment and emergency department was identical.
- The dates were conflicting when reviewing the date at the top with the bottom AEL date. For the instant case, the date on the receipt is 08/18/1997 but the date on the bottom is 08/2007.

The document in question is not able to be definitively verified by the medical facility due to privacy concerns and medical facility's inability to verify and release information about individual's personal medical records including receipts.  As a result, CFDO is unable to verify through the company the authenticity of the medical documents.

However, given all of the indications noted above, the document was altered and submitted to USCIS for establishing eligibility for DACA.  CFDO notes that for both filings there are no preparers or G-28 attorneys so the extent of the fraud is unknown at this time. CFDO is notifying the DACA Officers for alerting purposes.

Hope this information helps if you encounter this document.

Jeremy Michael | Immigration Officer
Department of Homeland Security
Fraud Detection and National Security Directorate
USCIS Center Fraud Detection Operations Unit-California Service Center
24000 Avila Road, WS12022
Laguna Niguel, CA 92677

Phone:   949-389-1█████
Fax:      949-389-8552
Mobile:  949-202-9█

Non-Classified Email: █████████l@uscis.dhs.gov
Classified Email: █████████@dhs.sgov.gov



**WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release   under the Freedom of Information Act (5 U.S.C 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.**

                                    DEF - 00000495