**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT-INTERVENORS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# Volume 10

# Exhibits 201 - 230

# DEF-INTERV.
# EX. 201

| **From:** | Garcia, Raul < ████████ @uscis.dhs.gov> |
| **Sent:** | Wednesday, January 24, 2018 1:39 PM |
| **To:** | Dunning, Pacentia M < ████████ @uscis.dhs.gov>; Wang, Jerry < ████ @uscis.dhs.gov>; Gapuz, Brian Y < ████████ @uscis.dhs.gov>; Van-Wagenen, Lowell F < ████████ @uscis.dhs.gov> |
| **Cc:** | Sun, Catherina C < ████████ @uscis.dhs.gov> |
| **Subject:** | FW: DACA fraud cases |
| **Attach:** | Re-invite ltr with comments added.docx |

Sorry forgot to loop you in!

**Raul García**
Office **949-389-** ████
Mobile **949-280** ████


**From:** Garcia, Raul
**Sent:** Wednesday, January 24, 2018 10:38 AM
**To:** Lee, Jinu
**Cc:** Felix, Raquel J; Garcia, Raul; Johnstone, Belinda; Rafiee-Tari, Solmaz; Simon, Karl J; Smith, Andrea G; Sun, Catherina C
**Subject:** RE: DACA fraud cases

Hi Jinu,

First, thanks for sharing the info with us.
We have not seen the re-invite letter at all.
I believe because it is specific to renewals and CSC only processes initials requests at this time.

We will be on the lookout in case any come our way.

Thanks

Cc'ing RSB2 supes for visibility

**Raul García**
Office **949-389-** ████
Mobile **949-280** ████


**From:** Lee, Jinu
**Sent:** Wednesday, January 24, 2018 7:54 AM
**To:** Garcia, Raul
**Cc:** Sun, Catherina C
**Subject:** FW: DACA fraud cases
**Importance:** High

Hi,

Please take a look at the email regarding a DACA fraud trend involving re-invite letters (see sample altered re-invite letter attached). To your knowledge, have you or your officers or anyone in the section working DACA cases encountered this

Confidential                                          DEF - 00000646

type of fraud? Please let me know if you have. Thank you!

jinu

**From:** Khoudaghoulian, Minas
**Sent:** Tuesday, January 23, 2018 11:35 AM
**To:** Woerz, Bret A
**Cc:** Padilla, April Y; Freeman, Mark C; Lee, Jinu
**Subject:** RE: DACA fraud cases

Hi Bret,

I have copied my CFDO supervisor over DACA for his response and awareness.

Thank you,

Minas

Minas Khoudaghoulian
Section Chief, Center Fraud Detection Operations/CFDO
USCIS/California Service Center
Office: 949-448-█
Cell: 202-309-█

**From:** Woerz, Bret A
**Sent:** Monday, January 22, 2018 9:56 AM
**To:** Khoudaghoulian, Minas
**Cc:** Padilla, April Y; Freeman, Mark C
**Subject:** FW: DACA fraud cases

Hello Minas,

Per April, NSC is working up a case for fraud involving altered re-invite letters. Not sure if your shop has encountered any of these but passing the information for visibility and to see if you have encountered them. Please let us know.

V/r,
Bret

**From:** Padilla, April Y
**Sent:** Monday, January 22, 2018 12:35 PM
**To:** Freeman, Mark C; Woerz, Bret A
**Subject:** FW: DACA fraud cases

For your visibility.

*April Padilla*
Unit Chief, Fraud Detection
Security and Fraud Office
Service Center Operations
USCIS Headquarters
202-272-█

**From:** Grauer, Jared K

DEF - 00000647

**Sent:** Monday, January 22, 2018 10:33 AM
**To:** Welling, Peter B (Pete); Padilla, April Y
**Cc:** Posvar, Sarah C; O'Brien, Amy L; Thomas, Ronnie D
**Subject:** RE: DACA fraud cases

FDNS-DS lead #     9611 documents all actions and documents related to this. CFDO-NE is presently drafting a RTI on the preparer who is suspected of submitted altered re-invite letters for requestors. Attached is an example of the altered documents with explanation added. We can keep you updated as the case progresses.

Thanks,

Jared Grauer
Supervisory Immigration Officer
Center Fraud Detection Operations - Nebraska
DHS/USCIS/FDNS/NSC
    @uscis.dhs.gov
Desk: (402)-437-    Room191K Denney Federal bldg.

WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval from the originator. If you are not the intended recipient please contact the originator for disposition instructions.

**From:** Welling, Peter B (Pete)
**Sent:** Monday, January 22, 2018 8:59 AM
**To:** Padilla, April Y
**Cc:** Posvar, Sarah C; O'Brien, Amy L; Thomas, Ronnie D; Grauer, Jared K
**Subject:** RE: DACA fraud cases

The information is pretty much as outlined by Sheri below. No other CFDO has worked this type of fraud before as far as we know. This is in the initial stages of development. I am copying Jared in on this in case he wants to add something. Initially, they did not enter some of these into ELIS. . .

**From:** Padilla, April Y
**Sent:** Monday, January 22, 2018 7:06 AM
**To:** Welling, Peter B (Pete)
**Cc:** Posvar, Sarah C; O'Brien, Amy L; Thomas, Ronnie D
**Subject:** FW: DACA fraud cases

Pete,

Can you provide information about the scheme below? I was caught off guard this morning because everyone but SFO seemed to be in the loop on this. FDNS is now asking me for additional information.

Please provide all available information ASAP.

Thanks!

*April Padilla*
Unit Chief, Fraud Detection
Security and Fraud Office
Service Center Operations
USCIS Headquarters
202-272-

**From:** Temple, Mark C

**Sent:** Monday, January 22, 2018 7:43 AM
**To:** Padilla, April Y
**Subject:** FW: DACA fraud cases

Hi April,

Aside from the NSC CFDO (mentioned below), have any of the other CFDOs worked with OIDP before on this type of DACA fraud scheme (also mentioned below)? Has SCOPS encountered this scheme before?

Informational: I'll be reaching out to WRO to get a case started on this one per FDNS FO instruction.

Thanks,
Mark

**From:** Davidson, Andrew J
**Sent:** Monday, January 22, 2018 7:21 AM
**To:** Temple, Mark C
**Subject:** FW: DACA fraud cases

FYI

Andrew Davidson
Deputy Associate Director
Fraud Detection and National Security Directorate
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
███████████@uscis.dhs.gov
202.272.███ (o) 202.256.███ (c)

**From:** Robinson, Brandon M
**Sent:** Monday, January 22, 2018 7:17 AM
**To:** Ooi, Maura M; Schau Nelson, Jessica R; Sheehan, Sheri F; DeStefano, Ernest; Zengotitabengoa, Colleen R; Smith, Alice J; Hinds, Ian G; King, Alexander R; Grauer, Jared K; Davidson, Andrew J; O'Connell, Catherine M; Watt, David B (Dave)
**Subject:** RE: DACA fraud cases

Good morning,

Also adding Dave Watt, DACA POC at FDNS HQ.

Thanks,
Brandon

Brandon Robinson
Adjudications Officer
Service Center Operations
U.S. Citizenship and Immigration Services
Department of Homeland Security
402.304.███ (cell)
███████████████@uscis.dhs.gov

**From:** Ooi, Maura M
**Sent:** Sunday, January 21, 2018 9:33 PM

DEF - 00000649

**To:** Schau Nelson, Jessica R; Sheehan, Sheri F; DeStefano, Ernest; Zengotitabengoa, Colleen R; Smith, Alice J; Hinds, Ian G; Robinson, Brandon M; King, Alexander R; Grauer, Jared K; Davidson, Andrew J; O'Connell, Catherine M
**Subject:** RE: DACA fraud cases

Adding Catherine O'Connell for visibility in light of the potential attorney discipline element.

-Maura

Maura Ooi
Associate Counsel
RALD/OCC/USCIS
(desk) 202.272.
(mobile) 202.255.

**I telework on Mondays and Fridays and can be reached at 202.255.0871

*Attorney Client Privileged Communication – Attorney Work Product – Deliberative*

**From:** Schau Nelson, Jessica R
**Sent:** Sunday, January 21, 2018 6:18 PM
**To:** Sheehan, Sheri F; DeStefano, Ernest; Zengotitabengoa, Colleen R; Smith, Alice J; Hinds, Ian G; Ooi, Maura M; Robinson, Brandon M; King, Alexander R; Grauer, Jared K; Davidson, Andrew J
**Subject:** RE: DACA fraud cases

Sheri, thank you for providing this information.

Jared, in the email that Sheri cites below, you mentioned an ICE referral. Is this for the preparer, the DACA requestors or both?

Many thanks,
Jessica

Jessica Schau Nelson
(202) 272-       o) | (202) 527       (m)
                 @uscis.dhs.gov

*This email (including any attachments) is intended solely for the use of the addressee(s) and may contain information that is sensitive or otherwise protected by applicable law. If you are not the intended recipient, please notify USCIS immediately by replying to this message and destroy all copies of this message and any attachments. Thank you.*

**From:** Sheehan, Sheri F
**Sent:** Friday, January 19, 2018 4:23 PM
**To:** Schau Nelson, Jessica R; DeStefano, Ernest; Zengotitabengoa, Colleen R; Smith, Alice J; Hinds, Ian G; Ooi, Maura M; Robinson, Brandon M; King, Alexander R; Grauer, Jared K; Davidson, Andrew J
**Subject:** DACA fraud cases

During a DACA review our team had identified 26 potential fraud cases. These cases were received from one preparer that submitted all 26 of the cases using the same DACA invite letter that was sent. Our team has been working with Jared Grauer, SISO, FDNS, Nebraska. Jared had indicated he was very much interested in the suspected fraudulent DACA filings. He asked our team to provide him with a scan of a couple of the filings for review. In the interim we had been holding the cases while FDNS was reviewing. Our normal process for potential fraud is to work the case and accept or reject and forward the potential fraud to FDNS and alert the center with the receipt number.

OIDP received the following e-mail from Jared (FDNS):

*We reviewed the information that you sent and agree that the re-invite letters appear intentionally altered in an attempt to re-file DACA at a point in time when the requestor was not eligible to.  I am working on gaining access to the Onbase system and was informed it takes around 2 weeks for access to be granted.  I plan on printing off all the filings once I am granted access to Onbase.   I understand about the sensitivities you reference with DACA filings.  I am having one of my Officers draft a referral to ICE on the altered letters and the preparer, Guillermo Espino.  The submission of the altered documents was enough to get the ball rolling for us.  Thank you again for all of your assistance in alerting us to these.  Please let me know what additional actions you take with these filings.*

Unfortunately we identified that when we started processing DACA cases with the injunction, these cases were released and have been accepted.  The following is a list of cases that we are hoping SCOPS can put a hold on until final resolution is made by FDNS.  OnBase access is not necessary to view these cases as the images and information can be located in ELIS.



5369
5662
5652
5656
5678
5664
5666
5668
5670
5672
5674
5676
5654
5658
5660
5373
5365
5367
5371
5588
5590
5600
5592
5594
5598

Please let us know if you need anything additional.

Thank you,
Sheri F Sheehan
Chief, Intake Operations Division
Office of Intake and Document Production
Office: (802)652-█
Cell: (202) 631-█

# DEF-INTERV.

# EX. 202

| **From:** | Lewis, Theodore R < ████████ @uscis.dhs.gov> |
| **Sent:** | Tuesday, May 5, 2015 5:55 PM |
| **To:** | Chavez, Jackie L < ████████ @uscis.dhs.gov>; Araujo, Emily S < ████ @uscis.dhs.gov>; Rili, Ana L < ████████ @uscis.dhs.gov>; Wright, Laura F < ████████ @uscis.dhs.gov>; Bagsic, Edgardo L < ████████ @uscis.dhs.gov>; Carlson, Deborah M < ████████ @uscis.dhs.gov>; Chhouy, Saobora < ████████ @uscis.dhs.gov>; Curtis, Rana < ████ @uscis.dhs.gov>; Doan, Julie N < ████████ @uscis.dhs.gov>; Fletcher, Gregory L < ████████ @uscis.dhs.gov>; Gapuz, Brian Y < ████████ @uscis.dhs.gov>; Han, Myung H < ████████ @uscis.dhs.gov>; Hansen, Timothy K < ████████ @uscis.dhs.gov>; Huynh, Helen < ████████ @uscis.dhs.gov>; Kim, Kyong Y < ████████ @uscis.dhs.gov>; Lesher, Grace B < ████████ @uscis.dhs.gov>; McClellan, James M < ████████ @uscis.dhs.gov>; Moselina, Nolasco M (Noli) < ████████ @uscis.dhs.gov>; Murphy, Damiana Q < ████████ @uscis.dhs.gov>; Nelson, Steven K < ████████ @uscis.dhs.gov>; Nguyen, Khanh K (Connie) < ████████ @uscis.dhs.gov>; Nguyen, Thuc H < ████████ @uscis.dhs.gov>; Nguyen, Trinnie C < ████████ @uscis.dhs.gov>; Nguyen, Van T < ████████ @uscis.dhs.gov>; Pascual, Marjorie L < ████████ @uscis.dhs.gov>; Pham, Vincent < ████████ @uscis.dhs.gov>; Phan, Cat Tuong T < ████████ @uscis.dhs.gov>; Ruiz, Jorge A < ████████ @uscis.dhs.gov>; Sanchez, Diana C < ████████ @uscis.dhs.gov>; Villalobos, Vanessa < ████████ @uscis.dhs.gov>; Vu, Toan K < ████████ @uscis.dhs.gov>; Wong, Suong T < ████████ @uscis.dhs.gov> |
| **Cc:** | Rogers, Kathryne J < ████████ @uscis.dhs.gov> |
| **Subject:** | FW: DACA with suspicious tax returns |

DACA Team,

Please keep a lookout for taxes prepared by this preparer in DACA cases.

Thanks,

Ted

**From:** Tran, Linhdieu A
**Sent:** Tuesday, May 05, 2015 1:23 PM
**To:** Lewis, Theodore R; Nguyen, Van T
**Cc:** Rogers, Kathryne J
**Subject:** FW: DACA with suspicious tax returns

FYI

**From:** Choi, Jesook
**Sent:** Thursday, April 02, 2015 12:53 PM
**To:** Tran, Linhdieu A
**Subject:** DACA with suspicious tax returns
**Importance:** High

DEF - 00005002



Thank you,
Jesook Choi,
CFDO-CA
WS12044
X3167

DEF - 00005003

# DEF-INTERV.

# EX. 203

Executive Summary

On January 7, 2013, the SPB launched a 6-week plan to review a sample of DACA RFEs pooled from each center that were issued for evidence to satisfy physical presence (PP) and continuous residence (CR).  The SPB would like to use the below cases as an opportunity for training based upon guidance within the current DACA SOP.

Guidelines

- Present in the United States on June 15, 2012
- Continuous Residence in the United States since June 15, 2007, up to the present time

Case Facts & Analysis

1. Guideline:  Continuous Residence
   - The center issued an RFE requesting evidence of CR for 2011.
   - The requestor's initial filing included the following documents:
     - 2011 Tax Returns
     - Bank of America statement 2/28/2012 through 3/28/2012 showing US Treasury IRS refund posted 2/28/2012
   - A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP. Examples of acceptable evidence to establish continuous residence is found on page 49 of the DACA SOP.
   - A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guideline as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
   - Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012. (DACA SOP p. 10)
   - <u>Analysis</u>**:**  Based on the totality of the evidence, including the 2011 Tax Returns and a bank statement showing the US Treasury IRS refund, it can be inferred that the requestor has satisfied the guideline.

2. Guidelines: Present in the U.S. on June 15, 2012 and Continuous Residence
   - The center issued an RFE requesting evidence of CR for 6/15/2007 through 7/2007; 11/2007 through 1/2008; 5/2008; 10/2008; 1/2009; 4/2009; 8/ 2009; 10/2009 through 11/2009; 2/2010 through 8/2010; 11/2010 through 12/2010; 2/2011; 5/2011; 8/2011 through 10/2011; 1/2012; 4/2012 through 7/2012, and PP for 6/15/2012.
   - The requestor's initial filing included the following documents:
     - Mexican passport issued in San Francisco on 4/23/2012
     - Mexico Consular Card issued in San Francisco on 4/23/2012
     - Pay stub 9/2012
     - Mariposa Banking Com. Pay period 8/26/2012-9/8/2012
     - Wells Fargo Bank statement 8/25/2012 through 9/27/2012
     - Wells Fargo Bank statement 2/28/2012 through 3/26/2012
     - Pay stub 1/27/2012

Confidential                                                                                                   DEF - 00005176

- 2011 W-2
- 2011 Tax Returns
- Pay stub 12/22/2011
- Wells Fargo Bank statement 6/21/2011 through 7/21/2011
- 2011 Wells Fargo Bank tax statement
- 2010 Wells Fargo Bank statements 9/22/2010 through 10/21/2010
- ABC Bartending School enrollment agreement 9/3/2009
- Alameda County Medical Center receipt and medical records 5/13/2009
- 2009 Wells Fargo Bank statements 5/21/2009 through 6/18/2009
- Alameda County Medical Center medical records 3/17/2009
- 2008 Wells Fargo Bank statements 11/22/2008 through 12/18/2008
- Alameda County Medical Center medical records 9/3/2008
- 2008 Wells Fargo Bank statements 7/22/2008 through 8/20/2008
- 2008 Wells Fargo Bank statements 6/20/2008 through 7/21/2008
- 2007 W-2
- 2007 Tax Returns
- 2006 Tax Returns
- A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time, and that he or she was present in the United States on June 15, 2012 as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP.  Examples of acceptable evidence to establish presence in the United States on June 15, 2012 and continuous residence can be found on pages 46 and 49, respectively, of the DACA SOP.
- A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guidelines as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
- Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012, and if he or she satisfies the continuous residence requirement, (as long as he or she presented clear documentation of continuous residence in the United States for a portion of the required five-year period and any other evidence submitted supports a finding that the requestor was actually residing in the U.S. during the period for which he has not provided clear documentary evidence of such residence) (DACA SOP p. 10)
- <u>Analysis</u>:  Based on the totality of the evidence, including the Mexican passport issued in San Francisco on 4/23/2012, Mexico Consular Card issued in San Francisco on 4/23/2012, Pay stub for 9/2012, the Mariposa Banking Com. Pay period 8/26/2012-9/8/2012, the Wells Fargo Bank statement 8/25/2012 through 9/27/2012, and the Wells Fargo Bank statement 2/28/2012 through 3/26/2012, it can be inferred that the requestor has satisfied the PP guideline.  Documentation to establish CR appears to be sufficient.

3.  Guidelines: Present in the U.S. on June 15, 2012 and Continuous Residence
- The center issued an RFE requesting evidence of **CR** for 6/15/2007 through 9/2007; 12/2007 through 1/2008; 10/2009 through 2/2010; 4/2010 through 5/2010; 4/2011 up to the time of filing, and **PP** on 6/15/2012.
- The requestor's initial filing included the following documents:
  - Mexican passport issued in Sacramento on 8/16/2012
  - Community Medical Center medical records 5/13/2011; 3/1/2011; 7/26/2010; 9/18/2009; 9/4/2009; 5/8/2009

Confidential                                                                                                    DEF - 00005177

- Delta Health Care California Women, Infants and Children (WIC) Information System Browse Nutrition Education History: 8/31/2011; 9/20/2011; 5/16/2011; 2/28/2011; 10/20/2010; 9/22/2010; 8/13/2009; 6/18/2009; 5/26/2009; 3/31/2009; 2/27/2009; 1/9/2009; 1/6/2009; 12/22/2008; 12/3/2008; 11/25/2008; 10/23/2008; 10/17/2008; 9/18/2008; 7/20/2008
- Lodi Memorial Hospital Laboratory Services 8/5/2010
- Lodi High School academic recognition fall semester 06-07 school year
- Lodi High School diploma 5/2007
- Birth certificate of requestor's son – 3/27/2011
- A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time, and that he or she was present in the United States on June 15, 2012 as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP.  Examples of acceptable evidence to establish presence in the United States on June 15, 2012 and continuous residence can be found on pages 46 and 49, respectively, of the DACA SOP.
- A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guidelines as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
- Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012, and if he or she satisfies the continuous residence requirement, (as long as he or she presented clear documentation of continuous residence in the United States for a portion of the required five-year period and any other evidence submitted supports a finding that the requestor was actually residing in the U.S. during the period for which he has not provided clear documentary evidence of such residence) (DACA SOP p. 10)
- <u>Analysis</u>**:**  Based on the totality of the evidence, including a Mexican passport issued in Sacramento on 8/16/2012, medical records, and high school diploma, it can be inferred that the requestor has satisfied the guidelines.

4. Guideline:  Continuous Residence
   - The center issued an RFE requesting evidence of **CR** for 6/15/2007 and for 6/15/2012 up to time of filing.
   - The requestor's initial filing included evidence for the years 2008 through 2011, but did not include any evidence that the requestor was present in the United States on June 15, 2012.
   - <u>Analysis</u>**:**  The center should have also issued **DACA 105 – PROOF OF PRESENCE IN THE UNITED STATES ON JUNE 15, 2012** call up and only requested evidence of CR for years 2007 and 2012 instead of "for 6/15/2007 and for 6/15/2012 up to time of filing" Additionally, an RFE for CR should reflect the following language: "since June 15, 2007."

Confidential                                                                                          DEF - 00005178

# DEF-INTERV.

# EX. 204

| | |
|---|---|
| **From:** | Henson, John C < ███████ @uscis.dhs.gov> |
| **Sent:** | Thursday, March 21, 2013 10:08 AM |
| **To:** | Van-Wagenen, Lowell F < ███████████ @uscis.dhs.gov>; Pullman, Sara J <█ @uscis.dhs.gov> |
| **Cc:** | Walter, Matthew R < ██████ @uscis.dhs.gov> |
| **Subject:** | RE: DACA BCI - Study Abroad |
| **Attach:** | 20120810-D Haiti, CR, BCI good discussion, 609.pdf |

Lowell

# DP

John

Contrary to the affiants' statements, the applicant has not continuously resided in the United States since her initial entry of December 25, 2010, as she departed the United States on January 16, 2011, and did not return until 116 days later. There is no credible evidence to indicate that an emergent reason delayed the applicant's return to the United States. Moreover, this absence was not due to any "emergent reason" – *i.e.*, one that was unforeseen at the time of her departure – because visiting her daughter was the specific reason for the applicant's departure from the United States. Except for her own statement, the applicant does not provide any independent, corroborative, contemporaneous evidence to support an emergent event had occurred while in Haiti. Simply going on record without supporting documentary evidence is not sufficient for purposes of meeting the burden of proof in these proceedings. *Matter of Soffici*, 22 I&N Dec. 158, 165 (Comm. 1998) (citing *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg.

Comm. 1972)). The applicant's absence would appear to have been a matter of personal choic not a situation that was forced upon her by unexpected events. However commendable th applicant's decision may have been to stay with her daughter, the applicant's extended absen from the United States was not "due to emergent reasons" outside of her control that prevent her from returning far sooner.

### 8 CFR 244.1

Brief, casual, and innocent absence means a departure from the United States that satisfies the following criteria:

(1) Each such **absence was of short duration** and reasonably calculated to accomplish the purpose(s) for the absence;

(2) The absence was not the result of an order of deportation, an order of voluntary departure, or an administrative grant of voluntary departure without the institution of deportation proceedings; and

(3) The purposes for the absence from the United States or actions while outside of the United States were not contrary to law.

**From:** Van-Wagenen, Lowell F
**Sent:** Wednesday, March 20, 2013 4:53 PM
**To:** Pullman, Sara J

 DEF - 00005220

**Cc:** Henson, John C; Walter, Matthew R
**Subject:** DACA BCI - Study Abroad

Hi Sara,

I am reviewing a DACA case where the requestor, a college student, studied abroad from September 1 2007 through April 30, 2008.  She did come home for the holidays in December 2007.

I have plenty of evidence that she was attending school, York University in Toronto, but six months still seems too long for BCI.  I have reviewed what the SOP says about BCI, but did not find anything on point.

Carolyn says that she remembers you discussing education/BCI during the DACA training.  Have we received SCOPS guidance on this issue?  When is a BCI departure no longer brief?

Thank you

DEF - 00005221

# DEF-INTERV.

# EX. 205

### *DACA MATTERS – ISSUE 2*

<u>Continuous Residence</u>

*uestion:* To prove my continuous residence in the United States since June 15, 2007, must I provide evidence documenting my presence for every day, or every month, of that period?

*Answer:* To meet the continuous residence guideline, you must submit documentation that shows you have been living in the United States from June 15, 2007, up until the time of your request.  You should provide documentation to account for as much of the period as reasonably possible, but there is no requirement that every day or month of that period be specifically accounted for through direct evidence.

It is helpful to USCIS if you can submit evidence of your residence during at least each year of the period.  USCIS will review the documentation in its totality to determine whether it is more likely than not that you were continuously residing in the United States for the period since June 15, 2007.  Gaps in the documentation as to certain periods may raise doubts as to your continued residence if, for example, the gaps are lengthy or the record otherwise indicates that you may have been outside the United States for a period of time that was not brief, casual or innocent.

If gaps in your documentation raise questions, USCIS may issue a Request for Evidence to allow you to submit additional documentation that supports your claimed continuous residence.

Affidavits may be submitted to explain a gap in the documentation demonstrating that you meet the five-year continuous residence requirement.  If you submit affidavits related to the continuous residence requirement, you must submit two or more affidavits, sworn to or affirmed by people other than yourself who have direct personal knowledge of the events and circumstances during the period as to which there is a gap in the documentation.  Affidavits may only be used to explain gaps in your continuous residence; they cannot be used as evidence that you meet the entire five-year continuous residence requirement.

*Source:* Public FA   s Document – question 31

<u>Departure After 08/15/2012</u>
*Effect of Travel Outside of the United States After August 15, 2012 –*
- ➢ Travel outside the United States after August 15, 2012 and before the DACA request is filed:
  - ○ The departure interrupts a requestor's continuous residence in the United States.  The requestor cannot meet the continuous residence guideline for DACA and removal action should not be deferred.
- ➢ Travel outside the United States while the DACA request is pending:
  - ○ The departure shall be deemed an abandonment of the DACA request; therefore, the requestor will be denied for abandonment.
- ➢ Travel outside the United States after removal action has been deferred under DACA, but without advance parole:
  - ○ Deferred action under DACA is terminated automatically

*Source:* DACA SOP, Page 59

CAUTION: If you travel outside the United States on or after August 15, 2012, without first receiving advance parole, your departure automatically terminates your deferred action under DACA.
*Source:* Public FA   s Document – question 54 and Travel Guidelines (Chart 2)

<u>Identity</u>

DEF - 00000139

Acceptable evidence may consist of, but is not limited to:
- A passport,
- A birth certificate accompanied by some type of photo identification,
- Any national identity document from the requestor's country of origin bearing the requestor's photo and/or fingerprint;
- Any U.S.-government immigration or other document bearing the requestor's name and photograph (e.g., Employment Authorization Documents (EADs), expired visas, driver's licenses, non-driver cards);
- Any school-issued form of identification with photo;
- Military identification document with photo
- State-issued Photo ID showing date of birth; or
- Any document that the requestor believes is relevant.

NOTES:
- The Matricular Consular or other form of consular identification issued by a consulate or embassy in the United States will be accepted as proof of identity.
- Expired documents are acceptable.
- If identity is not established, then issue RFE DACA100.

*Source:* DACA SOP, Page 50

# DEF-INTERV.

# EX. 206

*DACA MATTERS – ISSUE 23*

**Updated Guidance -Properly Completed I-765WS**

Current guidance on I-765WS (copied below) allows for issuing an RFE if the requestor failed to submit the Form I-765WS or a 2nd RFE only if the requestor did not provide any responses to Part 2 or if applicable Part 3 of the Form. **If the requestor provided information for part 2 and part 3 with which an adjudicator could reasonably determine the requestor's eligibility for work authorization, a RFE is not required.**

***DACA requestors are required to submit Form I-765WS with Form I-765 to establish economic necessity. SCOPS is aware of instances where requestors submit Form I-765WS, but only complete Part 1 and do not provide any responses to Part 2 and/or Part 3. We know in these instances, Centers will issue an RFE using DACA 180 -Failure to Submit or Complete Form I-765WS to acquire this information.  It has come to our attention that often, requestors still do not complete Part 2 (Financial Information) and, if applicable, Part 3 (Additional Information); therefore, Centers are unable to determine their eligibility for work authorization.

Form I-765WS: Issuance of a 2nd RFE to obtain outstanding information

SCOPS has decided that, as an exception, if the requestor's incomplete Form I-765WS is the only reason that the Center is unable to approve Form I-765, Centers should issue a second RFE using DACA 180 to attempt to acquire this outstanding information. Please notify SCOPS at HQSCOPSDACA if after this second RFE attempt, the requestor still does not properly complete Form I-765WS.

***Sources: SCOPS email guidance dated February 19, 2016; Internal FAQ; SCOPS email guidance April 17, 2013***

**Requestor Not in Lawful Status**

If my case is deferred, am I in lawful status for the period of deferral?

No. Although action on your case has been deferred and you do not accrue unlawful  presence (for admissibility purposes) during the period of deferred action, deferred action does not confer any lawful status.

The fact that you are not accruing unlawful presence does not change whether you are in lawful status while you remain in the United States.  However, **although deferred action does not confer a lawful immigration status, your period of stay is authorized by the Department of Homeland Security while your deferred action is in effect and, for admissibility purposes, you are considered to be lawfully present in the United States during that time**. Individuals granted deferred action are not precluded by federal law from establishing domicile in the U.S.

***Source: DACA FAQ's February 11, 2015***

DEF - 00000180

**Continuous Residence**

**To prove my continuous residence in the United States since June 15, 2007, must I provide evidence documenting my presence for every day, or every month, of that period?** A32: To meet the continuous residence guideline, you must submit documentation that shows you have been living in the United States from June 15, 2007, up until the time of your request. You should provide documentation to account for as much of the period as reasonably possible, but there is no requirement that every day or month of that period be specifically accounted for through direct evidence.

It is helpful to USCIS if you can submit evidence of your residence during at least each year of the period. USCIS will review the documentation in its totality to determine whether you were continuously residing in the United States for the period since June 15, 2007. Gaps in the documentation as to certain periods may raise doubts as to your continued residence if, for example, the gaps are lengthy or the record otherwise indicates that you may have been outside the United States for a period of time that was not brief, casual or innocent.

If gaps in your documentation raise questions, USCIS may issue a Request for Evidence to allow you to submit additional documentation that supports your claimed continuous residence.

*Source:  DACA External FAQ's June 05, 2014*

**DACA Requestor No Longer in Nonimmigrant Status**

**I was admitted for "duration of status" or for a period of time that extended past June 14, 2012 but "aged out" of my dependent nonimmigrant status as of June 15, 2012. May I be considered for deferred action under this process?**

Yes. For purposes of satisfying the "had no lawful status on June 15, 2012" guideline alone, if you were admitted for "duration of status" or for a period of time that extended past June 14, 2012 but "aged out" of your dependent nonimmigrant status, on or before June 15, 2012, (meaning you turned 21 years old on or before June 15, 2012), you may be considered for deferred action under this process.

**I was admitted for "duration of status" but my status in SEVIS is listed as terminated on or before June 15, 2012. May I be considered for deferred action under this process?**

Yes. For the purposes of satisfying the ""had no lawful status on June 15, 2012" guideline alone, if your status as of June 15, 2012, is listed as "terminated" in SEVIS, you may be considered for deferred action under this process.

*Sources:  DACA External FAQ's June 05, 2014*

DEF - 00000181

Confidential

# DEF-INTERV.

# EX. 207

Executive Summary

On January 7, 2013, the SPB launched a 6-week plan to review a sample of DACA RFEs pooled from each center that were issued for evidence to satisfy physical presence (PP) and continuous residence (CR).  The SPB would like to use the below cases as an opportunity for training based upon guidance within the current DACA SOP.

Guidelines

- Present in the United States on June 15, 2012
- Continuous Residence in the United States since June 15, 2007, up to the present time

Case Facts & Analysis

1. Guideline:  Continuous Residence
   - The center issued an RFE requesting evidence of CR for 2011.
   - The requestor's initial filing included the following documents:
     - 2011 Tax Returns
     - Bank of America statement 2/28/2012 through 3/28/2012 showing US Treasury IRS refund posted 2/28/2012
   - A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP. Examples of acceptable evidence to establish continuous residence is found on page 49 of the DACA SOP.
   - A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guideline as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
   - Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012. (DACA SOP p. 10)
   - <u>Analysis</u>**:**  Based on the totality of the evidence, including the 2011 Tax Returns and a bank statement showing the US Treasury IRS refund, it can be inferred that the requestor has satisfied the guideline.

2. Guidelines: Present in the U.S. on June 15, 2012 and Continuous Residence
   - The center issued an RFE requesting evidence of CR for 6/15/2007 through 7/2007; 11/2007 through 1/2008; 5/2008; 10/2008; 1/2009; 4/2009; 8/ 2009; 10/2009 through 11/2009; 2/2010 through 8/2010; 11/2010 through 12/2010; 2/2011; 5/2011; 8/2011 through 10/2011; 1/2012; 4/2012 through 7/2012, and PP for 6/15/2012.
   - The requestor's initial filing included the following documents:
     - Mexican passport issued in San Francisco on 4/23/2012
     - Mexico Consular Card issued in San Francisco on 4/23/2012
     - Pay stub 9/2012
     - Mariposa Banking Com. Pay period 8/26/2012-9/8/2012
     - Wells Fargo Bank statement 8/25/2012 through 9/27/2012
     - Wells Fargo Bank statement 2/28/2012 through 3/26/2012
     - Pay stub 1/27/2012

100% Review of RFEs for Physical Presence and Continuous Residence                                                   1 of 3

- 2011 W-2
- 2011 Tax Returns
- Pay stub 12/22/2011
- Wells Fargo Bank statement 6/21/2011 through 7/21/2011
- 2011 Wells Fargo Bank tax statement
- 2010 Wells Fargo Bank statements 9/22/2010 through 10/21/2010
- ABC Bartending School enrollment agreement 9/3/2009
- Alameda County Medical Center receipt and medical records 5/13/2009
- 2009 Wells Fargo Bank statements 5/21/2009 through 6/18/2009
- Alameda County Medical Center medical records 3/17/2009
- 2008 Wells Fargo Bank statements 11/22/2008 through 12/18/2008
- Alameda County Medical Center medical records 9/3/2008
- 2008 Wells Fargo Bank statements 7/22/2008 through 8/20/2008
- 2008 Wells Fargo Bank statements 6/20/2008 through 7/21/2008
- 2007 W-2
- 2007 Tax Returns
- 2006 Tax Returns

- A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time, and that he or she was present in the United States on June 15, 2012 as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP.  Examples of acceptable evidence to establish presence in the United States on June 15, 2012 and continuous residence can be found on pages 46 and 49, respectively, of the DACA SOP.
- A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guidelines as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
- Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012, and if he or she satisfies the continuous residence requirement, (as long as he or she presented clear documentation of continuous residence in the United States for a portion of the required five-year period and any other evidence submitted supports a finding that the requestor was actually residing in the U.S. during the period for which he has not provided clear documentary evidence of such residence) (DACA SOP p. 10)
- <u>Analysis</u>:  Based on the totality of the evidence, including the Mexican passport issued in San Francisco on 4/23/2012, Mexico Consular Card issued in San Francisco on 4/23/2012, Pay stub for 9/2012, the Mariposa Banking Com. Pay period 8/26/2012-9/8/2012, the Wells Fargo Bank statement 8/25/2012 through 9/27/2012, and the Wells Fargo Bank statement 2/28/2012 through 3/26/2012, it can be inferred that the requestor has satisfied the PP guideline.  Documentation to establish CR appears to be sufficient.

3. Guidelines: Present in the U.S. on June 15, 2012 and Continuous Residence
- The center issued an RFE requesting evidence of **CR** for 6/15/2007 through 9/2007; 12/2007 through 1/2008; 10/2009 through 2/2010; 4/2010 through 5/2010; 4/2011 up to the time of filing, and **PP** on 6/15/2012.
- The requestor's initial filing included the following documents:
  - Mexican passport issued in Sacramento on 8/16/2012
  - Community Medical Center medical records 5/13/2011; 3/1/2011; 7/26/2010; 9/18/2009; 9/4/2009; 5/8/2009

Confidential

DEF - 00000292

- Delta Health Care California Women, Infants and Children (WIC) Information System Browse Nutrition Education History: 8/31/2011; 9/20/2011; 5/16/2011; 2/28/2011; 10/20/2010; 9/22/2010; 8/13/2009; 6/18/2009; 5/26/2009; 3/31/2009; 2/27/2009; 1/9/2009; 1/6/2009; 12/22/2008; 12/3/2008; 11/25/2008; 10/23/2008; 10/17/2008; 9/18/2008; 7/20/2008
- Lodi Memorial Hospital Laboratory Services 8/5/2010
- Lodi High School academic recognition fall semester 06-07 school year
- Lodi High School diploma 5/2007
- Birth certificate of requestor's son – 3/27/2011
  - A DACA requestor is to submit evidence that he or she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time, and that he or she was present in the United States on June 15, 2012 as stated in the Secretary's memorandum and in Chapter 8, **C. Determining if Guidelines are Met**, of the DACA SOP.  Examples of acceptable evidence to establish presence in the United States on June 15, 2012 and continuous residence can be found on pages 46 and 49, respectively, of the DACA SOP.
  - A DACA requestor is to establish by a preponderance of the evidence that he or she meets the guidelines as stated in Chapter 1, **Evidence**, **Preponderance of the Evidence**, of the DACA SOP. (DACA SOP p. 9)
  - Adjudicators should look at the totality of the evidence (meaning that facts can be <u>inferred</u> from one or more sources) to determine if the requestor was physically present in the United States on June 15, 2012, and if he or she satisfies the continuous residence requirement, (as long as he or she presented clear documentation of continuous residence in the United States for a portion of the required five-year period and any other evidence submitted supports a finding that the requestor was actually residing in the U.S. during the period for which he has not provided clear documentary evidence of such residence) (DACA SOP p. 10)
  - <u>Analysis</u>:  Based on the totality of the evidence, including a Mexican passport issued in Sacramento on 8/16/2012, medical records, and high school diploma, it can be inferred that the requestor has satisfied the guidelines.

4. Guideline:  Continuous Residence
   - The center issued an RFE requesting evidence of **CR** for 6/15/2007 and for 6/15/2012 up to time of filing.
   - The requestor's initial filing included evidence for the years 2008 through 2011, but did not include any evidence that the requestor was present in the United States on June 15, 2012.
   - <u>Analysis</u>:  The center should have also issued **DACA 105 – PROOF OF PRESENCE IN THE UNITED STATES ON JUNE 15, 2012** call up and only requested evidence of CR for years 2007 and 2012 instead of "for 6/15/2007 and for 6/15/2012 up to time of filing" Additionally, an RFE for CR should reflect the following language: "since June 15, 2007."

Confidential                                    DEF - 00000293

# DEF-INTERV.

# EX. 208

## DACA Roundtable Notes

Date: Sept. 09, 2015

Mini-Training Topic:

    System Tutorial – CPMS-After the OPM data breach, DHS ordered all systems to be PIV compliant. The Customer Profile Management System (CPMS) was activated and available for officers on September 01, 2015.  US VISIT and BBSS are being decommissioned and the information will be available in CPMS.   Results from FBI & DOD 10-print background checks will be added at a later date.

The Card Query function allows the officer to search and view captured biometric data that was collected at the Application support Center (ASC) or Service Center (SC).  The system stores images collected in the Integrated Card Production System (ICPS)/National Producation System (NPS) and the Application for Travel Document (I-131)/Travel Document Production System (TDPS). Travel documents include: Re-entry Permits, Refugee Travel Documents, and Advance Parole Documents.

The IDENTity Verification Tool function allows the officer to search for Watchlist and Non-Watchlist encounters. Watchlist encounters include but are not limited to:  Known/Suspected Terrorists; Wanted Persons; Deported Felons; Gang Members; Wanted by INTERPOL; Absconders; US-VISIT Lookouts; and Overstays.  Non-Watchlist encounters include but are not limited to: Entry/Exit encounters; Visa Applications; and USCIS Applications.  Officers can look up encounters by the Fingerprint Identification Number (FIN), an Encounter Identification (EID) number, an Alien Registration Number (A-Number), or a Receipt Number.  The search results include a color coded Identity details bar (Red-Watchlist encounters; Yellow-Recidivist encounters; Orange-Derogatory encounters; and Green-Non-derogatory encounters).

User guides for the Card Query and IDENTity Verification Tool functions within CPMS were made available to employees.  Below is the link to access CPMS and to download the access form G-1160BIO:

        https:/████████dhs.gov/

Talking Points:

1)  Requestor <u>Absent from the U.S. on 16th Birthday</u>-SCOPS provided guidance regarding this guideline on Feb.13, 2013.  The information can be located in ECN/Internal FAQ's.

 This guidance addresses the following fact situation: The DACA requestor entered the United States before turning age 16 but was not present in the United States on his or her 16th birthday. If all the other DACA guidelines are met (including continuous residence since June 15, 2007), the question is whether the person "established residence" in the United States before turning age 16. If the requestor demonstrated by a preponderance of the evidence that, before turning 16, he or she (a) attended an educational institution in the United States <u>for any length of time</u>; or (b) was employed in the United States <u>for any length of time</u>; or (c) was physically present in the United States for a consecutive period of at least <u>24 months</u>, then residence before age 16 has been established.

DEF - 00005549

If the requestor does not satisfy (a), (b) or (c) with evidence provided with the initial filing, then take the following action:

1. Issue a RFE using DACA 103B Call Up (located on the DACA ECN site under *SOP and Templates*) to request evidence that the requestor established residence before turning age 16.

2. Once a response is received, determine whether the requestor has satisfied (a), (b) or (c).

3. If the requestor satisfies (a), (b) or (c), then the requestor has demonstrated that he or she meets the guideline.

4. If the requestor does not satisfy (a), (b) or (c), consider the totality of the circumstances to evaluate whether he or she nonetheless established residence in the United States before age 16, including any evidence of the requestor's pre-age-16 ties to the community such as participating in neighborhood, religious, or other community activities. In novel, complex, or sensitive cases, supervisors will refer the case to HQSCOPS, through the normal chain of command.

2) Requestor residing in CNMI or U.S. Virgin Islands-The Commonwealth of the Northern Mariana Islands (CNMI) is part of the U.S. and is not excluded from the DACA process, but requestors will not meet the guidelines for continuous residence.  CNMI became part of the U.S. for purposes of immigration law (under the Consolidated Natural Resources Act of 2008) on November 28, 2009.  Therefore, entry into, or residence in, the CNMI before that date is not entry into, or residence in, the U.S. for purposes of DACA.  U.S. took possession of the U.S. Virgin Islands in 1917, so requestors who reside in the U.S. Virgin Island and meet all the guidelines would be eligible for DACA.  Requestors residing in Guam would also be eligible for DACA (U.S. territory on December 23, 1898, U.S. lost possession from Dec. 08, 1941 to Aug. 10, 1944, U.S. territory restored on Aug. 10, 1944).

3) Requestors with pending VAWA, T and U applications-A-Files for requestors with pending VAWA (COA: 384), T & U applications are to be sent to the Vermont Service Center (VSC) for adjudication.  The relocate memo can be found in (O:Common/Adjudications/I-821D DACA/Relocate).  IBIS checks must be completed before the file is relocated out.

4) Minor traffic violations-Cases that include minor traffic violations do not need to be sent to BCU. Minor traffic violations include: speeding; driving without a license; failure to yield; no turn signal; illegal lane change; parking tickets/citations; no proof of insurance; any other minor traffic violation (e.g. seatbelt violation, fix-it ticket, etc.).  The files can be adjudicated with supervisory concurrence (signature).  DUI and any major traffic violation that may fall under egregious public safety concerns may be sent to BCU for vetting.

5) Signed but no date on the I-821D and/or I-765-Although the instructions for the Form I-821D indicate that the form should be signed and dated by the requestor, we do not need to RFE solely for the form to be dated.  The I-821D and I-765 should be signed by the requestor and not a parent/guardian/preparer unless the requestor is under the age of 15 or is mentally or physically disabled.  Officers should not RFE solely for missing telephone #'s of the requestor, attorney, or preparer.

6) Fraud Referral Sheet (FRS) required for P22 fraud cases-I-130 P2-2 cases should include a Fraud Referral Sheet (FRS) when routing them to CFDO. Articulate the reason for the referral.

# DEF-INTERV.

# EX. 209

## Establishing Residence for the DACA Under 16 at Entry Guideline

- Establishing the requestor has met the under 16 at entry guideline becomes a two-part process IF the requestor is absent from the U.S. on his/her 16th birthday and must establish residence prior to age 16.
- The chart below gives a quick overview of the steps to determine if the requestor has established residence prior to age 16.
- **See the FAQ on the NSC DACA ECN page for complete, detailed guidance.**

| | | | |
|---|---|---|---|
| If it can be established, through file review and/or Service databases, that the DACA requestor entered the U.S. prior to the age of 16…<u>AND</u> | There is no indication that the requestor was absent from the U.S. on his/her 16th birthday…<u>THEN</u> → | The DACA requestor has established he/she has met the guideline. | |
| | The requestor was absent from the U.S. on his/her 16th birthday…<u>THEN</u> → | The requestor must establish that he/she: <br><br>(a)  attended an educational institution in the U.S. for any length of time prior to the age of 16; <br><br>OR <br><br>(b)  was employed in the U.S. for any length of time prior to the age of 16; <br><br>OR <br><br>(c) was physically present in the U.S. for a consecutive period of at least 24 months prior to the age of 16. <br><br>If the requestor has not established (a), (b) or (c)…<u>THEN</u> → | Issue RFE DACA 103B "Established Residence in the United States Prior to Age 16" <br><br>If the RFE response satisfies (a), (b) or (c) at left, the DACA requestor has established he/she has met the guideline; <br><br>OR <br><br>If the RFE response does not satisfy (a), (b) or (c) at left, consider the totality of the circumstances to determine if the DACA requestor has met the guideline.  If not, the case may be denied using the checkbox denial template. <br><br><u>NOTE:</u>  As of 04/03/2014, Requests for Adjudicative Guidance need only be submitted to SCOPS for cases that present a novel, complex or sensitive matter. |

DEF - 00005871

Confidential

DEF - 00005872

# DEF-INTERV.

# EX. 210

<u>Diploma Mills or Suspect School</u>

<u>*Scenario 1*</u> – on Bona Fide Schools List on SCOPS ECN – if the school or program is on the list, it has been determined that graduation from the school or program is sufficient to meet the "graduated from school" educational guideline.  Please refer to SCOPS' guidance titled "Guidance on Evaluating Graduated from High School Diploma Mill Issues (Adjudications and CFDO)" in the Diploma Mill folder (page 1) for more information.

<u>*Scenario 2*</u> – on SCOPS' Suspect Schools List
- Issue the **DACA106-G** RFE (if submitted evidence shows graduated from a diploma mill school) or the **DACA106-H** RFE (if submitted evidence shows current enrollment at a diploma mill school)
- If a school is on the Suspect Schools list, then it has been determined that graduation/enrollment from the school/program is <u>not</u> sufficient to meet the DACA Educational Guideline.  Please adjudicate the case accordingly.  A Statement of Findings (SOF) from CFDO is not required.
- Insert a copy of the Memo to File –    uestionable Educational Institution on the right side of the file
- If the RFE response appears to meet the educational guideline, please give the case to your supervisor.  These cases must be elevated to SCOPS for evaluation
- Refer the case to CFDO <u>post</u> adjudication for tracking purposes

<u>*Scenario 3*</u> - Suspected Fake or Altered Diploma but school is **not** on SCOPS' Suspect School List
- Issue the **DACA106-G** RFE
- Once a response is received, please refer the case to the CFDO for review.  As always, the ISO should state the reason that they believe the diploma is not valid, such as:
  - The diploma has no identifying traits, such as, no state, city, signatures, etc   ;
  -    uestionable copy marks;
  - Diploma is not consistent with other evidence in the file (i.e. individual provided evidence from another state when they indicated that they were attending the school from which they received the diploma); and/or
  - Suspected diploma mill
- Proceed with adjudication based on SOF

<u>*Scenario 4*</u> – Homeschool Program
- Refer the case to CFDO; then
- Issue the **DACA106-G** RFE
- Once response received, please give the case to your supervisor.  These cases are currently being held per SCOPS.

*NOTES:*
- ➢ GUI must be updated as "SENT TO FRAUD DETECTION UNIT (FDU) FOR ANALYSIS."  As a reminder, all CFDO referrals must be signed off by your/a supervisor.
- ➢ SCOPS' guidance titled "Guidance on Evaluating Graduated from High School Diploma Mill Issues (Adjudications and CFDO)" can be found in O:  Common in the Diploma Mill folder.  Please refer to pages 1 and 4 for Adjudications Instructions.  Pages 2, 3, 5,   6 relate to CFDO instructions.
- ➢ The Memo to File –    uestionable Educational Institution document can be found in O:  Common in the Diploma Mill folder.
- ➢ Every DACA case that is denied because the school/institution does not meet the requirements noted on the DACA106-G or DACA106-J RFE must include either a SOF or a Memo to File –    uestionable Educational Institution

<u>Useful Links</u>
SCOPS DACA Home –
http://███████████████████████████████████████████████spx
SCOPS' Internal FA   s –
http://████████████████████████████████████████████████████
SCOPS' Bona Fide and Suspect School Lists –

HYPERLIN   "http:/███████████████████████████████.aspx"
http://ecn.uscis.dhs.gov/team/scops/H   SCOPS/FAST/DACA/Training   20Materials/Forms/AllItems.aspx


<u>At Time of Filing (Education Guideline)</u>
   : Should USCIS deny cases where requestors were enrolled in school at the time of filing but are not in school at the time of adjudication?
A: No, in accordance with the DACA internal FA   s and the Form I-821D Instructions, enrollment at the time of filing is sufficient to meet the educational guideline

DEF - 00000138

# DEF-INTERV.

# EX. 211

*DACA MATTERS – ISSUE 20*

**CIS 9101 Updating Requirement**

Records and Data (RAD) /RRU receives a report tracking mismatches when the name in CIS 9101 does not match the name on the C33 EAD card that was issued.  To alleviate the extensive work required to request A-files and correct errors, officers are reminded to make name/or any other CIS 9101 corrections by forwarding the file to Records (RRU/RS554) for the updating of the 9101 screen.

The I-821D, I-765, CLAIMS GUI  (I-821D and I-765), and the CIS 9101 should reflect the requestor's full legal name.  Officers are to forward the A-file post-adjudication to RRU if CIS needs to be updated to reflect the name on the I-765.

   Updating the Requestor's Legal Name

   Update Claims GUI I-821D and Claims GUI I-765 with the name change and continue with adjudication. After the decision is rendered we will send the file to RRU Incoming/RS554 to have them correct CIS. Annotate the remarks block in the routing sheet to forward the file to RC417 NRC Approved/Denied after the change.

   CIS CHANGE:  When making changes in CIS (9316 and 9411) RRU must ensure that proof is in the file that an officer has requested the change.  It is now required that a 9101 screen print or applicable print is in the file with the requested changes in red and the officer must sign the 9101 print or applicable print, date and include their workstation.  This screen print must be placed in the file.

   When routing the file, the officer should mark RRU incoming found under the RAD box of the routing slip.  In addition, it would be helpful to write in the comments section CIS change is being requested.  The file should be charged out using the NFTS code for RRU incoming.

If the name or A-number is incorrect on the FD-258 screen, use Form G-1273 (Data Change and Delete for BBSS, CPMS and FD-258) to request the necessary changes.

*Source:  CSC email guidance August 29, 2013/DACA Name Change Guidance November 20, 1012*


**Suspect Counterfeit or Altered Evidence**


If you suspect that a diploma is fake or altered, please refer the case to the CFDO for investigation.  As always, you should state the reason you believe the diploma is not valid, such as:

- The diploma has no identifying traits such as, no state, city, signatures, etc.;
- Copy marks;
- Diploma is not consistent with other evidence in the file (i.e. individual provided evidence from another state when they indicated that they were attending the school from which they received the diploma); and/or
- Recognized diploma mill.

A Fraud Referral Sheet (FRS) should be completed and signed by your supervisor.


*Source:  Internal FAQ's February 22, 2013*

**I-821D Duplicate Filings**

If the first request was approved before the second request was filed, deny the other request using call up **DACA 533 - USCIS ALREADY DEFERRED ACTION UNDER DACA** from the Appendix F.

If the first request was denied before the second request was filed, consider the second request on its merits.

If the first request was still pending when the second request was filed, the ISO should review both requests and supporting documentation. If it is the same requestor and there are no articulable elements of fraud, then the ISO should take the following action:

    a) If after reviewing both requests, only one request is approvable and there is no derogatory information in the other request that would otherwise disqualify the requestor:
       1. Approve the request that is approvable.
       2. Deny the other request using call up **DACA 533 -USCIS ALREADY DEFERRED ACTION UNDER DACA** from the Appendix F.
    b) If after reviewing both requests, both requests are approvable:
       1. Approve the request that was received first.
       2. Deny the other request using call up **DACA 533 -USCIS ALREADY DEFERRED ACTION UNDER DACA** from the Appendix F.
    c) If after reviewing both requests, neither request is approvable:
       1. Take action on each case as separate requests based on the merits of each case (i.e., RFE if insufficient evidence, NOID if clearly does not meet guidelines, etc.).
       2. If one or both requests become approvable after the RFE/NOID response is received, follow the guidance listed in a) or b) above for those scenarios.
       3. If neither request becomes approvable, deny both requests using the appropriate call up from the Appendix F.

*Sources:  Internal FAQ's December 03, 2014*


**Stand-alone I-765 Filing Subsequent to I-821D Approval/I-765 Denial**

If a requestor files a new I-765 with a complete worksheet subsequent to Approval of an I-821D and I-765 Denial, the I-765 can be approved from the date of adjudication of the current I-765 to the end validity date of the I-821D Approval.

If the case is missing biometrics data, the biometrics data can be cloned from the previous filings.  We can request it through Randall A. Young (Randy) OIT Specialist/CSC.

You may use the fingerprints result from a previous DACA filing provided the fingerprints result is still valid.  If the fingerprints result from the previous DACA filing has expired, we should schedule a new ASC appointment for identity verification purposes and also because USCIS will use the new photos for the EAD.  You may refresh the FD-258 Fingerprints results to verify that there are no current IDENT hits.  If the fingerprint refresh results in an IDENT hit, the case will be sent to the BCU DACA team.

*Sources:  SCOPS email guidance August 03-04, 2015*

# DEF-INTERV.

# EX. 212

This is a reminder that if any DACA requestor submitted evidence claiming to be enrolled in a home school or claiming to have graduated from a home school, the case must be referred to CFDO for investigation. A referral to CFDO is required regardless whether the home school is listed in the "Bona Fide School List".

Please see the DACA SOP below regarding to home schools.

A claim of homeschooling is not necessarily an indicator of fraud; however, because homeschool programs and their requirements vary widely from state to state, refer the case to CFDO for further research and evaluation. Even if the file contains documents including transcripts, a diploma or a certificate of completion as a result of homeschooling, the case must be referred to CFDO for further research and evaluation prior to final adjudication. CFDO referrals on "homeschooling" are only mandatory prior to adjudication if the homeschooling is the basis for meeting the education guideline; if not, then the case can be processed normally and is then referred to the CFDO after final adjudication for tracking purposes.

# DEF-INTERV.

# EX. 213

# Homeschools – Refer to CFDO

If you encounter a DACA request claiming that the requestor is enrolled in a homeschool or claiming to have graduated from a homeschool, the case must be referred to CFDO for further vetting. A referral to CFDO is required even if the homeschool(s) is found on the bona fide school list.

For additional information on homeschools, see guidance in the DACA SOP (page 62) below.

A claim of homeschooling is not necessarily an indicator of fraud; however, because homeschool programs and their requirements vary widely from state to state, refer the case to CFDO for further research and evaluation. Even if the file contains documents including transcripts, a diploma or a certificate of completion as a result of homeschooling, the case must be referred to CFDO for further research and evaluation prior to final adjudication. CFDO referrals on "homeschooling" are only mandatory prior to adjudication if the homeschooling is the basis for meeting the education guideline; if not, then the case can be processed normally and is then referred to the CFDO after final adjudication for tracking purposes.

)) - LAW ENFORCEMENT SENSITIVE (LES)                                   **Version August 28, 2013**   62

http://ecn.uscis.dhs.gov/team/scops/HQSCOPS/AD/DACA/SOP/Forms/GroupByType.aspx

Confidential                                                       DEF - 00000199

# DEF-INTERV.

# EX. 214

CASES ON HOLD

Adjudications - Guidance on evaluating responses received from the DACA
Diploma Mill RFE (106H) – Currently enrolled

*NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.*

The following guidance assumes that RFE 106H has been issued either by DACA adjudications or DACA BCU.  We also assume that prior to holding the cases and issuing the RFE, DACA Adjudications or DACA BCU will have evaluated whether or not the school or program in question could meet the second or third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2) an education, literacy, or career training program that is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled guidelines, please take the following steps in order to evaluate the RFE responses received concerning whether or not enrollment in a school/program meets the first prong of the currently enrolled guidelines for DACA:

1) Consult the most recent list of *Bona Fide Schools* and *Suspect Schools* to see if the school has been previously vetted and classified. If the school or program is on the *Bona Fide Schools* list, it has been determined that enrollment in the school or program is sufficient to meet DACA educational guidelines.  Please note that for some schools, only certain programs are considered sufficient to meet the educational guidelines.  If the school is on the *Suspect School* list, then it has been determined that enrollment in the school/program is not sufficient to meet the DACA educational guideline for being currently enrolled in a public, private, or charter elementary school, junior high or middle school, high school, secondary school; alternative program, or homeschool program meeting state requirements. These cases should be adjudicated on the merits and referred to the CFDO post-adjudication for tracking purposes.

   Note: If the RFE response for a school on the *Suspect School* list appears to overcome the finding that graduation from the school is not sufficient for the purpose of meeting the DACA educational guidelines, then please elevate the case to HQ for evaluation. E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

2) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

3)  If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, please refer the case to the CFDO for further vetting.  The CFDO will evaluate the claims and determine whether or not enrollment in the school or program is sufficient for the purposes of meeting the DACA educational guideline for current enrollment in a public, private, or charter elementary school, junior high or middle school, high school, secondary school.  The CFDO will return the file with an updated institutional SOF and will add all vetted schools to either the *Bona Fide Schools* list or the *Suspect Schools* list.

4)  If the requestor claims to be currently enrolled in a homeschool program[1] please refer the case to the CFDO for further vetting.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[1] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00000406

NEW WORK

## <u>Adjudications - Guidance on evaluating NEW initial DACA requests where requestor claims enrollment in a suspect school/diploma Mill</u>

***NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.***

The following guidance assumes that DACA Adjudications or DACA BCU will have evaluated whether or not the school or program in question could meet the second or third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2) an education, literacy, or career training program that is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled guidelines, and it appears that the requestor is attempting to meet the guideline with documents from a suspect school to meet the first prong of the currently enrolled guideline, officers can proceed in one of five ways:

1) If adjudications can identify that the requestor is attempting to qualify for DACA using educational credentials from a school or program that is on the *bona fide schools* list, then no further referral to the CFDO is necessary.  Please process the case according to normal procedures.

2) If the school or program is on the *suspect schools* list, then adjudications will issue the DACA 106H RFE (in conjunction with any other RFE templates that may be necessary to complete the record) and refer the case to the CFDO post adjudication for tracking purposes.

   As always, if the adjudicator feels that an RFE response from a requestor has sufficient information to overcome the findings in an SOF that a school or program is suspect, then the adjudicator should reach out to HQ for guidance.  E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

3) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

4) If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, adjudications will issue the DACA 106H RFE (in conjunction with any other RFE templates that may be necessary to complete the record).  Once the RFE response is received, adjudications will refer the case to the CFDO prior to making a final determination. The CFDO will vet the school/program according to the diploma mill guidance and will return the file to adjudications with an institutional SOF stating whether or not the school or program is *bona fide* for the purposes of DACA.  The CFDO will then request to add the school to either the *Bona Fide Schools* list or the *Suspect Schools* list.

5) If the requestor is attempting to qualify for DACA based on a homeschool program, [2] adjudications will refer the case to the CFDO for vetting prior to issuing the DACA 106H RFE. Currently, these cases will remain on hold.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[2] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

# DEF-INTERV.

# EX. 215

**From:**       Magtoto, Myto H
**Sent:**       Wednesday, February 20, 2013 11:36:53 AM
**To:**         #CSC Division X
**CC:**         Chavez, Jackie L; Herring, Monte R; Lee, Danielle L; Nguyen, Van T; Oliver, Jamie D; Wright, Laura
              F; Yaeger, Ilona; Escobar, Hugo
**Subject:**    DACA- Suspect School Fraud

**Attachments:**     DOC.PDF

All,

Be on the lookout for requestors presenting a diploma from [ LE ]A. In this scenario, the requestor presents a high school transcript from [ **LE** ] but never graduates. The transcript seems genuine. Along with the transcript, he submits a diploma from Interamerican (see attached). The general appearance of the diploma with its generic intaglio border and different font types used seem suspicious. Especially interesting is the inset photo of the requestor on the diploma itself. This is the first time I've seen a diploma with this feature. The accreditation organizations listed on the diploma were checked and deemed unrecognized or fictitious. This case will be referred to CFDO for further investigation.

If you find any other files with diplomas from [ **LE** ] please bring it to my attention. Good catch Brian!

Confidential

# DEF-INTERV.

# EX. 216

| | |
|---|---|
| **From:** | Sun, Catherina C <████████@uscis.dhs.gov> |
| **Sent:** | Thursday, August 17, 2017 8:05 PM |
| **To:** | DeLosSantos, Marisol C <████████@uscis.dhs.gov>; Khoudaghoulian, Minas <████████@uscis.dhs.gov>; King, Alexander R <████████@uscis.dhs.gov> |
| **Cc:** | Johnstone, Belinda <████████@uscis.dhs.gov>; Smith, Andrea G <████████@uscis.dhs.gov>; Dunning, Pacentia M <████████@uscis.dhs.gov>; Wang, Jerry <████████@uscis.dhs.gov>; Gapuz, Brian Y <████████@uscis.dhs.gov>; Van-Wagenen, Lowell F <████████@uscis.dhs.gov>; Gooselaw, Kurt G <████████@uscis.dhs.gov>; Garon, Michielle S <████████@uscis.dhs.gov>; Umoru, Victoria E <████████@uscis.dhs.gov>; Robinson, Brandon M <████████@uscis.dhs.gov>; Woerz, Bret A <████████@uscis.dhs.gov>; Felix, Raquel J <████████@uscis.dhs.gov>; Garcia, Raul <████████@uscis.dhs.gov>; Rafiee-Tari, Solmaz <████████@uscis.dhs.gov>; Simon, Karl J <████████@uscis.dhs.gov> |
| **Subject:** | FW: DACA Homeschooling Cases |

Alex: Please see CSC's responses in red below. I am including our CFDO colleagues in this email as they are better able to provide you with information on how homeschool cases are evaluated/analyzed. If you need anything else, please let me know. Thank you!

Minas and Marisol: Please see Alex's message below. Are you able to share with Alex on how CFDO evaluates/analyzes homeschool cases? Thanks in advance!

Thank you,

Catherina

---

**From:** King, Alexander R
**Sent:** Thursday, August 17, 2017 12:55 PM
**To:** Sun, Catherina C; Jacobson, Neil M; Smith, Kevin T; DeBoer, Allan S
**Cc:** Garon, Michielle S; Umoru, Victoria E; Robinson, Brandon M; Woerz, Bret A
**Subject:** DACA Homeschooling Cases

Hello CSC and NSC,

At a recent stakeholder engagement with CIS leadership a question was asked whether homeschooling can satisfy the DACA educational guidelines. The SOP and public FAQs seem to indicate that homeschooling and/or a diploma from homeschooling can satisfy the DACA educational guidelines as long as it meets the state's requirements. Can CSC and NSC confirm that this is the case?

I realize that analysis of this guideline happens during the DACA initial adjudication which CSC handles now, but I'm including NSC as well for any feedback from a historical perspective

In an effort to better understand on our past and current practices could the CSC and NSC provide feedback on the below questions.

1. Are all homeschooling cases currently being referred to CFDO for research and evaluation?

Officers are supposed to refer all homeschool cases to CFDO. I believe that for the most part, officers have been following this procedure. However, I just learned that there are officers who do not automatically refer homeschool cases to CFDO. Instead, they consult the bonafide school list for verification first. If the homeschool appears on the bonafide list, they do not refer the cases to CFDO.

2. In general, how are homeschooling cases being evaluated by adjudications?

CFDO returns homeschool cases back to the officers with SOFs. Officers proceed with adjudications accordingly.

Thanks,
Alex

# C. Determining if Guidelines are Met, Continued

**Education**

To meet the educational guideline for DACA consideration, a DACA requestor may show that he/she is currently in school, has graduated or obtained a certificate of completion from a U.S. high school or has a recognized equivalent of a high school diploma under State law, public or private college, or university or community college, or has obtained a General Educational Development (GED) certificate or equivalent State-authorized exam in the United States. Note that evidence of enrollment in on-line courses is acceptable. When reviewing such evidence, the completeness, credibility, relevance, and sufficiency are germane and take precedence over the electronic medium over which the education was received.

A claim of homeschooling is not necessarily an indicator of fraud; however, because homeschool programs and their requirements vary widely from state to state, refer the case to CFDO for further research and evaluation. Even if the file contains documents including transcripts, a diploma or a certificate of completion as a result of homeschooling, the case must be referred to CFDO for further research and evaluation prior to final adjudication. CFDO referrals on "homeschooling" are only mandatory prior to adjudication if the homeschooling is the basis for meeting the education guideline; if not, then the case can be processed normally and is then referred to the CFDO after final adjudication for tracking purposes.

**Q32: Does "currently in school" refer to the date on which the request for consideration of deferred action is filed?**
A32: To be considered "currently in school" under the guidelines, you must be enrolled in school on the date you submit a request for consideration of deferred action under this process.

**Q33: Who is considered to be "currently in school" under the guidelines?**
A33: To be considered "currently in school" under the guidelines, you must be enrolled in:

a public, private, or charter elementary school, junior high or middle school, high school, secondary school, alternative program, or homeschool program that meets state requirements;

an education, literacy, or career training program (including vocational training) that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; or

an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other state-authorized exam (e.g., HiSet or TASC) in the United States.

Such education, literacy, or career training programs (including vocational training), or education programs assisting students in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam in the United States, include, but are not limited to, programs funded, in whole or in part, by federal, state, county or municipal grants or administered by non-profit organizations. Programs funded by other sources may qualify if they are programs of demonstrated effectiveness.

In assessing whether such programs not funded in whole or in part by federal, state, county or municipal grants or administered by non-profit organizations are of demonstrated effectiveness, USCIS will consider the duration of the program's existence; the program's track record in assisting students in obtaining a regular high school diploma or its recognized equivalent, in passing a GED or other state-authorized exam (e.g., HiSet or TASC), or in placing students in postsecondary education, job training, or employment; and other indicators of the program's overall quality. For individuals seeking to demonstrate that they are "currently

in school" through enrollment in such a program, the burden is on the requestor to show the program's demonstrated effectiveness.

Alex King
Branch Chief, WATS
Service Center Operations Directorate
U.S. Citizenship & Immigration Services
Desk: (202)-272-█████
Cell: (202)-480-█████

DEF - 00000658

# DEF-INTERV.

# EX. 217

| From: | Dewitty-Davis, Janine L < ██████████ @uscis.dhs.gov> |
|---|---|
| Sent: | Wednesday, September 30, 2015 10:23 AM |
| To: | Van-Wagenen, Lowell F < ██████████ @uscis.dhs.gov>; McGuire, Regina A < ██████████ @uscis.dhs.gov> |
| Subject: | FW: Suspect DACA Preparer - ⸻ LE ⸻ |

Hi,

Maybe as a reminder for roundtable

Janine

**From:** Mello, Amy E
**Sent:** Wednesday, September 30, 2015 7:13 AM
**To:** Dewitty-Davis, Janine L
**Subject:** RE: Suspect DACA Preparer - ⸻ LE ⸻

Thank you Janine! We actually have two IOs working these cases, Rudy DeLeon and Jesook Choi. Please route as instructed below (DU000) with "Melva Washington" annotated on the routing sheet.

Thank you,
Amy Mello
Temporary Supervisory Immigration Officer
Center Fraud Detection Operations (CFDO)
Desk: 949-389-██████
Gov't Cell: 949-294-██████

Ask me about my Strengths:
Belief | Responsibility | Harmony | Developer | Empathy

**From:** Dewitty-Davis, Janine L
**Sent:** Wednesday, September 30, 2015 5:55 AM
**To:** Mello, Amy E
**Subject:** FW: Suspect DACA Preparer - ⸻ LE ⸻

Hi,

Per your request

Janine

**From:** Bowman, Timothy D
**Sent:** Wednesday, February 25, 2015 11:19 AM
**To:** Deleon, Rodolfo D; Dewitty-Davis, Janine L
**Cc:** Clark, Michael J; Faulkner, Elliott C; Nguyen, Carolyn Q; Lopez, Deborah A (Debbie)
**Subject:** RE: Suspect DACA Preparer - ⸻ LE ⸻

IO Rudy DeLeon is the primary officer assigned to this issue, but you can send future referrals as noted below.

Regards,
Tim

**From:** Clark, Michael J
**Sent:** Wednesday, February 25, 2015 9:56 AM
**To:** Bowman, Timothy D
**Subject:** FW: Suspect DACA Preparer - ⸻ LE ⸻

DEF - 00001117

FYI

---

**From:** Faulkner, Elliott C
**Sent:** Wednesday, February 25, 2015 9:39 AM
**To:** Nguyen, Carolyn Q
**Cc:** Lee, Danielle L; Bui, Van Khanh H; Clark, Michael J; Lopez, Deborah A (Debbie); Dewitty-Davis, Janine L; Dunning, Pacentia M; Elias, Erik Z; Onuk, Semra K; Smith, Andrea G; Tailor, Anisa M; Tran, Linhdieu A
**Subject:** RE: Suspect DACA Preparer - | LE |

Carolyn,

Yes and yes. Thanks everyone.

Elliott

---

**From:** Nguyen, Carolyn Q
**Sent:** Wednesday, February 25, 2015 8:47 AM
**To:** Faulkner, Elliott C
**Cc:** Lee, Danielle L; Bui, Van Khanh H; Clark, Michael J; Lopez, Deborah A (Debbie); Dewitty-Davis, Janine L; Dunning, Pacentia M; Elias, Erik Z; Onuk, Semra K; Smith, Andrea G; Tailor, Anisa M; Tran, Linhdieu A
**Subject:** RE: Suspect DACA Preparer | LE |

Hi,

How should officers route future cases? To DU000? And, is a FRS needed for those? Thanks.

---

**From:** Faulkner, Elliott C
**Sent:** Thursday, February 19, 2015 6:34 AM
**To:** Nguyen, Carolyn Q
**Cc:** Lee, Danielle L; Dewitty-Davis, Janine L; Bui, Van Khanh H; Smith, Andrea G; Clark, Michael J; Lopez, Deborah A (Debbie)
**Subject:** RE: Suspect DACA Preparer - | LE |

Carolyn,

Please paste into a FRS and route these files to CFDO Incoming-DU000. We will have someone take a look at them ASAP.

Thanks,

Elliott

---

**From:** Nguyen, Carolyn Q
**Sent:** Tuesday, February 17, 2015 2:07 PM
**To:** Faulkner, Elliott C
**Cc:** Lee, Danielle L; Dewitty-Davis, Janine L; Bui, Van Khanh H; Smith, Andrea G
**Subject:** FW: Suspect DACA Preparer - | LE |

Hi, Elliott,

Please refer to the attached email synopsis of our findings (2nd attachment) relating to preparer | LE | and the four schools on the diploma mill list. We can paste this info to a fraud referral sheet, if needed.

ISO Bui has the 25 files. May she forward the files to one of your supervisors/officers?

Please let us know if you need additional information. Thanks.

---

**From:** Nguyen, Carolyn Q
**Sent:** Wednesday, February 04, 2015 3:56 PM
**To:** CSC Family Branch 2, Section 1 (I-130); Rogers, Kathryne J; Lewis, Theodore R; Nguyen, Van T; McMahon, Gerald K
**Subject:** Suspect DACA Preparer - | LE |

Hello,

I wanted to provide an update on this phenomenal discovery by Janine while reviewing her files. Great job, Janine!

# DP, LE

**Please be on the lookout for this preparer –** **LE** . If you encounter such a case, please
forward to ISO-2 Van Khanh Bui, 24413 (AD0413.)

Please let me know if you have questions. Thank you.



**From:** Dewitty-Davis, Janine L
**Sent:** Thursday, January 29, 2015 3:09 PM
**To:** CSC Family Branch 2, Section 1 (I-130)
**Subject:** Suspect DACA Preparer

Hi,

Attached you will find evidence submitted in a DACA filing. I have come across another filing that has the exact same documents

DEF - 00001119

submitted. The Preparer's name in both filings is [ **LE** ] The Preparer's address is [ **LE** ] [ **LE** ] The requestors in both cases live in Georgia.

If you see any DACA filings with the above documents submitted and/or the DACA request was prepared by [ **LE** ] please bring the files to me. My NFTS code is 504

Thanks
Janine

DEF - 00001120

# DEF-INTERV.

# EX. 218

**From:** Dunning, Pacentia M <​      @uscis.dhs.gov>
**Sent:** Tuesday, May 3, 2016 12:25 PM
**To:** Derman, Josee-Lynn S <​     @uscis.dhs.gov>; Dubois, Kent S
<​    @uscis.dhs.gov>; Gapuz, Brian Y <​    @uscis.dhs.gov>; McGuire,
Regina A <​    @uscis.dhs.gov>; Slumpff, John W
<​   @uscis.gov>; Smith, Renee E <​    @uscis.dhs.gov>; Van-
Wagenen, Lowell F <​    )uscis.dhs.gov>
**Subject:** FW: Suspect DACA Preparer -      **LE**

FYI

Thank you,

*Pacentia M. Dunning*

**From:** Dewitty-Davis, Janine L
**Sent:** Monday, May 02, 2016 11:15 AM
**To:** Hahn, Jerome; Elias, Erik Z; Dunning, Pacentia M; Tran, Linhdieu A; Van-Wagenen, Lowell F; McGuire, Regina A; Gapuz, Brian Y
**Subject:** FW: Suspect DACA Preparer -      **LE**

FYI

**From:** DeLosSantos, Marisol C
**Sent:** Monday, May 02, 2016 10:26 AM
**To:** Dewitty-Davis, Janine L; Deleon, Rodolfo D (Rudy)
**Subject:** RE: Suspect DACA Preparer -      **LE**

Yes adjudicate based on the results of the SOF.  HSI stands for Homeland Security Investigations which is the new acronym for ICE.

Thanks,
*Marisol de los Santos*

Supervisory Immigration Officer
USCIS|California Service Center|CFDO
✆: 949.389.

**From:** Dewitty-Davis, Janine L
**Sent:** Monday, May 02, 2016 10:23 AM
**To:** Deleon, Rodolfo D (Rudy)
**Cc:** DeLosSantos, Marisol C
**Subject:** RE: Suspect DACA Preparer -      **LE**

Hi,

**DP**      Also what does HSI stand for?

Thanks

**From:** Deleon, Rodolfo D (Rudy)
**Sent:** Monday, May 02, 2016 10:20 AM
**To:** Dewitty-Davis, Janine L
**Cc:** DeLosSantos, Marisol C
**Subject:** RE: Suspect DACA Preparer -      **LE**

Good Morning Janine,

**LE**

Confidential

Thanks,



**Rudy D. De Leon Jr.**
Immigration Officer
**Department of Homeland Security**
USCIS | California Service Center
Fraud Detection & National Security
Tel: 949-389-████    Cell 949-278-████
Fax: 949-389-████
E-Mail: ████████@uscis.dhs.gov

---

**From:** Dewitty-Davis, Janine L
**Sent:** Monday, May 02, 2016 9:51 AM
**To:** Deleon, Rodolfo D (Rudy)
**Subject:** FW: Suspect DACA Preparer - LE

Hi,

One of our officer received a Melva Washington case back with an SOF of fraud found LE

LE

Thanks
Janine

---

**From:** Choi, Jesook
**Sent:** Thursday, December 10, 2015 7:52 AM
**To:** Dewitty-Davis, Janine L; Deleon, Rodolfo D (Rudy)
**Subject:** RE: Suspect DACA Preparer LE

Hi Janine,

# LE

Thank you,
Jesook

---

**From:** Dewitty-Davis, Janine L
**Sent:** Thursday, December 10, 2015 7:22 AM
**To:** Deleon, Rodolfo D (Rudy); Choi, Jesook
**Subject:** FW: Suspect DACA Preparer - LE

Hi,

One of my officer's denied a case for educational guideline. I don't remember if the case was prepared by LE but the requestor attended A LE and LE is associate with the school . Do you still want the file prior to the denial? The file should be sent to you after the denial since the school is on the Suspect list.

Janine

---

**From:** Mello, Amy E
**Sent:** Wednesday, September 30, 2015 7:13 AM
**To:** Dewitty-Davis, Janine L

DEF - 00001122

**Subject:** RE: Suspect DACA Preparer                    **LE**

Thank you Janine! We actually have two IOs working these cases, Rudy DeLeon and Jesook Choi. Please route as instructed below (DU000) with          **LE**          annotated on the routing sheet.

Thank you,
Amy Mello
Temporary Supervisory Immigration Officer
Center Fraud Detection Operations (CFDO)
Desk: 949-389-███
Gov't Cell: 949-294-███

Ask me about my Strengths:
Belief | Responsibility | Harmony | Developer |Empathy

---

**From:** Dewitty-Davis, Janine L
**Sent:** Wednesday, September 30, 2015 5:55 AM
**To:** Mello, Amy E
**Subject:** FW: Suspect DACA Preparer -              **LE**

Hi,

Per your request

Janine

---

**From:** Bowman, Timothy D
**Sent:** Wednesday, February 25, 2015 11:19 AM
**To:** Deleon, Rodolfo D; Dewitty-Davis, Janine L
**Cc:** Clark, Michael J; Faulkner, Elliott C; Nguyen, Carolyn Q; Lopez, Deborah A (Debbie)
**Subject:** RE: Suspect DACA Preparer -              **LE**

IO Rudy DeLeon is the primary officer assigned to this issue, but you can send future referrals as noted below.

Regards,
Tim

---

**From:** Clark, Michael J
**Sent:** Wednesday, February 25, 2015 9:56 AM
**To:** Bowman, Timothy D
**Subject:** FW: Suspect DACA Preparer -              **LE**

FYI

---

**From:** Faulkner, Elliott C
**Sent:** Wednesday, February 25, 2015 9:39 AM
**To:** Nguyen, Carolyn Q
**Cc:** Lee, Danielle L; Bui, Van Khanh H; Clark, Michael J; Lopez, Deborah A (Debbie); Dewitty-Davis, Janine L; Dunning, Pacentia M; Elias, Erik Z; Onuk, Semra K; Smith, Andrea G; Tailor, Anisa M; Tran, Linhdieu A
**Subject:** RE: Suspect DACA Preparer -              **LE**

Carolyn,

Yes and yes. Thanks everyone.

Elliott

---

**From:** Nguyen, Carolyn Q
**Sent:** Wednesday, February 25, 2015 8:47 AM

**To:** Faulkner, Elliott C
**Cc:** Lee, Danielle L; Bui, Van Khanh H; Clark, Michael J; Lopez, Deborah A (Debbie); Dewitty-Davis, Janine L; Dunning, Pacentia M; Elias, Erik Z; Onuk, Semra K; Smith, Andrea G; Tailor, Anisa M; Tran, Linhdieu A
**Subject:** RE: Suspect DACA Preparer - [ LE ]

Hi,

How should officers route future cases? To DU000? And, is a FRS needed for those? Thanks.

**From:** Faulkner, Elliott C
**Sent:** Thursday, February 19, 2015 6:34 AM
**To:** Nguyen, Carolyn Q
**Cc:** Lee, Danielle L; Dewitty-Davis, Janine L; Bui, Van Khanh H; Smith, Andrea G; Clark, Michael J; Lopez, Deborah A (Debbie)
**Subject:** RE: Suspect DACA Preparer - [ LE ]

Carolyn,

Please paste into a FRS and route these files to CFDO Incoming-DU000. We will have someone take a look at them ASAP.

Thanks,

Elliott

**From:** Nguyen, Carolyn Q
**Sent:** Tuesday, February 17, 2015 2:07 PM
**To:** Faulkner, Elliott C
**Cc:** Lee, Danielle L; Dewitty-Davis, Janine L; Bui, Van Khanh H; Smith, Andrea G
**Subject:** FW: Suspect DACA Preparer - [ LE ]

Hi, Elliott,

Please refer to the attached email synopsis of our findings (2nd attachment) relating to preparer [ LE ] and the four schools on the diploma mill list. We can paste this info to a fraud referral sheet, if needed.

ISO Bui has the 25 files. May she forward the files to one of your supervisors/officers?

Please let us know if you need additional information. Thanks.

**From:** Nguyen, Carolyn Q
**Sent:** Wednesday, February 04, 2015 3:56 PM
**To:** CSC Family Branch 2, Section 1 (I-130); Rogers, Kathryne J; Lewis, Theodore R; Nguyen, Van T; McMahon, Gerald K
**Subject:** Suspect DACA Preparer - [ LE ]

Hello,

I wanted to provide an update on this phenomenal discovery by Janine while reviewing her files. Great job, Janine!

# DP

Please be on the lookout for this preparer – **Melva Washington from Anointed Vision**. If you encounter such a case, please forward to ISO-2 Van Khanh Bui, 24413 (AD0413.)

Please let me know if you have questions. Thank you.

DEF - 00001124



**CERTIFICATE OF ACHIEVEMENT**

This certificate is presented to

In recognition of

**AVC Continuing Education Center: Money Management Class for Teens**

120 hrs. August 9, 2011 to June 14, 2012
Wednesdays 6pm to 8:30pm & Saturdays 10am to 2pm    98% attendance

6755 Peachtree Industrial Blvd · Norcross, GA 30360

Awarded This  15th  Day of  June – 2012

Kelly Price

---

**From:** Dewitty-Davis, Janine L
**Sent:** Thursday, January 29, 2015 3:09 PM
**To:** CSC Family Branch 2, Section 1 (I-130)
**Subject:** Suspect DACA Preparer

Hi,

Attached you will find evidence submitted in a DACA filing.  I have come across another filing that has the exact same documents submitted. The Preparer's name in both filings is ⌐ **LE** ¬. The Preparer's address is ⌐ **LE** ¬ **LE** ¬ The requestors in both cases live in Georgia.

If you see any DACA filings with the above documents submitted and/or the DACA request was prepared by Melva Washington please bring the files to me. My NFTS code is 504

Thanks
Janine

Confidential

# DEF-INTERV.

# EX. 219

For Official Use Only



## Statement of Findings (SOF)

**FDNS-DS Number:** _____   **SUBJECT:** _____

**A-/Receipt Number:** _____   **FDNS Officer:** _____

**Date Lead/Case Opened:** _____   **SOF Creation Date:** _____

☐ Fraud Referral Sheet attached   ☐ Overseas Verification attached

**I. Synopsis:**

**II. Fraud Determination *(Required)*:**
☐ A: Fraud Found   ☐ B: Fraud Not Found   ☐ C: Inconclusive (explain below)

*Provide an explanation for item C if it was checked.*

**III. Public Safety Determination:**
☐ A: Public Safety-Egregious   ☐ B: Public Safety-Non-Egregious

*Comments*

**IV. Referrals**
   **A. Referral to ICE:**
Date Submitted:          Date of Action by ICE:          BFU Number:
ICE action: ☐ Accepted          ☐ Declined
☐ Did not meet USCIS/ICE MOA criteria

For Official Use Only

Confidential

DEF - 00001184

For Official Use Only

 **U.S. Citizenship and Immigration Services**

# Statement of Findings (SOF)

*Comments*

**B. Other Referrals OGA/LEA:**
*Comments (FOUO/Unclassified Only)*

## V. Record of Actions Taken:
### A. Systems Checks:

☐ CIS                                ☐ RAPS                              ☐ EARM
☐ CCD                               ☐ SEVIS                            ☐ US VISIT
☐ TECS/IBIS                      ☐ SC_CLAIMS/CISCOR          ☐ CLAIMS/C-4
☐ CLEAR (Choice Point)     ☐ ACCURINT (Lexis Nexis)    ☐ ISRS
☐ Intel Fusion System/Avalanche    ☐ State Wage & Earning Records
☐ State Motor Vehicle Records     ☐ Other:

*Comments (FOUO/Unclassified Only)*

### B. Public Record Information
*Note records obtained and provide commentary as necessary, or indicate not applicable.*

### C. Interviews:
*Indicate type of interview-telephone, email, in-person or not applicable.*

For Official Use Only

Confidential

DEF - 00001185

**For Official Use Only**



U.S. Citizenship
and Immigration
Services

# Statement of Findings (SOF)

**D. Site Visits:**
*Indicate whether site visits were performed, or not applicable.*

☐ Site Visit worksheet attached.

**E.  Types of Action Other Than Interviews or Site Visits:**

**VI. Detailed Findings:**

**VI. Attachment List:**
*List all attachments or indicate not applicable.*

**For Official Use Only**

Confidential

DEF - 00001186

# DEF-INTERV.

# EX. 220

# Rap Session Notes
## February 27th & 28th 2013

**Alisha Soucie, Karen Hattery & Mary Pietramale**

- VAWA: Pending I-360 for VAWA, then DACA still goes to VSC when we're unable to get the A-file.  If there is an approved or denied VAWA application in the file, we can work the DACA case.
- California cases will be routed to NSC by the Lockbox beginning March 1. NSC will now be handling approximately 90% of DACA filings.
- No longer need to update DACATrack.
- Memorandum dated 01/18/2013 about trying to reduce multiple copies of the same documents in the A-files. Don't toss the dividers, flags, or duplicates of documents in the files. Do remove duplicates sent in response to RFEs and unrelated screen prints.
- Supervisor's signature required on 2nd RFEs.
- ECHO – new RFE/NOID templates added recently.
    - Upcoming improvements to ECHO on April 30 – grammar and spell check.
    - If RFE is needed for I765 WS, don't sent to clerical to enclose a copy. The RFE tells them where they can get a copy.
    - A RFE for an I765WS is created using the I765 receipt number,  NOT the I821D
    - Questions regarding ECHO can be emailed to NSC ECHO, Karen Hattery or Mary Pietramale.
- GED information on slides 57, 58, 66 and 67 in the training manual and FAQs.
- Remember that with ed. requirement, there is an "or" between the acceptable scenarios:
    - Currently in school, OR
    - Graduated from H.S., OR
    - Obtained a GED, OR
    - Currently in a GED program, OR
    - An honorably discharged veteran.
- Diplomas from a <u>vocational high school</u> are okay to meet education requirement.
- When response to RFE for 765WS is received, there is no need to remove the 765WS from the response packet to place in ROP order as if they originally

1

DEF - 00001947

submitted it. Just place the whole RFE response below the I765 (because you've sent the RFE with the 765 receipt number).

- The only time you would take something out of the RFE response package to place elsewhere in the ROP is when a new G28 is submitted.  So even when a new signature page for the 821D is returned in response to an RFE, just leave it all together with the RFE response material.
- When there is a valid G-28 in the file, then all RFEs should go to only the G28 representative. If no response is received from the representative, don't send a second RFE directly to the requestor. The case is just abandoned if there is no response from G28 representative.

**Mary Hoatson & Josephine Kennedy**

- Sweeps for I821Ds updated with the wrong approval phrase – approx. 900 wrong. Working with ITD to get these approved with the correct phrase.
- Sweeps for 765 approvals where no card was produced.
- Soon will sweep for old cases.
- Any cases found in an officer's work order that appear to be an ASC No Show should be routed to Mary Hoatson at this time.
- Approvals in Adjudicate a Case – ensure they are on default "N" for clerical hold, and do NOT update using the TPS approval phrases
- CCS is reporting that when some officers are RFEing the 821D, the officers are updating the 765 with "initial evidence sent" or  "request for initial evidence sent" – no update is required on the 765 when RFEing just the 82D or similar scenarios. This is creating confusion for the requestor b/c after checking case status online, they want to know why they haven't received a 765 RFE.
- The only time you would place the 765 on hold is when you've approved the 821D and you need to send an RFE on the 765. SCOPS' rational was that if CCS see that the 821D is approved, they may send out the EAD.
- Name/DOB corrections now required to be written on both forms 821D and 765 in red ink.
- Card correction process:  Use the requestor's most complete legal name. Be sure to mark the changes on both the 821D and the 765.
- 821D approval notices – don't send amended approval without getting the original back. ECN has instructions for amended approval notices.
- The 765 should not say unknown for COB.
- Officers are responsible for resolving inconsistencies in the record.
- When changing information in Adjudicate a Case and GUI, be careful that you've typed in correctly. Check for spelling errors.
- Lifting suspense requires only a Level 1 password.

2

DEF - 00001948

- The approval process in GUI is not easily changed because the system is used nationally. Stop card instructions are on the ECN.

**Sarah Posvar & Dawn Keith**

- Records will sweep for criminality question and route those marked "Yes" directly to BCU.
- Reminder - only minor traffic citations can be 'signed off' by supervisor.
- Although "truancy" seems minor, the file still must be routed to BCU.
- Batch memos – general DACA can work these if no new info.  If there is an updated date since the batch memo, take it to a DACA BCU supervisor or Dawn Keith to check if it's okay.
- When the batch memos are created the BCU officers don't have the physical file in their possession.  The memo is created using the information found in electronic databases.  It is the responsibility of the adjudicator to review the A-file in its entirety for additional aliases.
- If you find more names, print a new ROIQ, place it on top of the batch memo and annotate the box.
- Reminder that non-DACA BCU officers must complete an IBIS routing sheet AND must update both the 765 and 821 as referred to BCU in CLAIMS.
- Please use the proper update phrase in CLAIMS when sending the files to BCU. "Sent to Background Check Unit (BCU) for Resolution" – See FAQ, Sec. A, #2.
- Only 2 two possible terrorists from all of DACA filings.
- DACA BCU ONLY: "Do officers need to RFE when answer 'yes' to a criminality question but do not provide an explanation; but do provide court documents?" – answer: No
- If the requestor does not check any boxes in Part 3, then send an RFE.
- ICE Deferrals – what to do with the I-821D – there is a denial for the 821D and the 765 can be approved. See FAQs, Sec. G, #8.
- What validity dates would you use on the I765 if ICE deferred? Use the deferral dates from the ICE letter.
- Where do you get the ICE letter? Usually submitted with the 821D or may be in the A file as part of the record. Sometimes EARM has information to support the ICE letter.
- Potential Homebound biometrics or two unclassified FP responses should be routed to Amy O'Brien in DACA BCU.

**Ginger Belzer, Jennifer Jacobsen & Jennifer Jenkins**

- Our OT will likely continue with the acquisition of the DACA filings from other Service Centers.

3

DEF - 00001949

- Don't send a CFF for CLAIMS printouts in the file relating to other individuals that the contractor leaves in the file to show they have checked for A#.
- Don't make phone calls to attorneys or requestors.
- Denials/NOIDS/Abandonments withdrawals – instructions on ECN and Chart.
- You can search the FAQs by using "Ctrl" + "f".
- There is a separate search button on the right side of the ECN page to search only the DACA ECN.
- Help Desk hours - March 8th will be the last Help Desk on Fridays. Only Mon. & Wed. helpdesk after March 8. Help desk hours on the ECN.
- CFDO Summary of Findings (SOF) process:
  - 80% error rate when referring to CFDO. Need to use the referral memo and must be signed by supervisor. Link to CFDO routing sheet will be added to ECN.
  - Why we can't have a good school list? It's complicated because education requirements vary among the states, but such a list is possible for brick and mortar schools.  CFDO working on something, but no set timeline.
  - Updating CLAIMS correctly for referrals/proper referral process. "Sent to Fraud Detection Unit (FDU) for analysis" - See FAQ, Sec. A, #2.
  - Research schools – use Google & Google Maps. A school's web address ending in ".edu" is good, but ".com" may raise suspicion. Get to a point where you can articulate fraud and then refer to CFDO to do more thorough research.
- Continuous Residence
  - The I821D/765 filing itself does NOT (generally) cover CR and PP for 2012 – evidence of CR should be separate from the form and process for filing (i.e., forms are *not* evidence).
  - One piece of evidence per year vs. one piece per calendar year. The public website says that the requestor should have evidence for each year. If they submit something from Jan. 2008 and Dec. 2009, then there's almost a two year gap between those dates. May need to RFE. Look to the totality of evidence.
  - Affidavits used for coverage on middle years of CR – these are OK.  Need 2 affidavits. Also ok to explain brief, casual, innocent.
  - Residence through 2013 - just G28 and ASC appt. enough? Possibly. How far into 2013 will this be ok? Look to the totality of evidence.

## Misc. Questions and Topics

- Don't send a NOID after sending an RFE, unless there is something that comes back in response to the RFE that requires a NOID.

4

DEF - 00001950

- See chart for decisions where you can go straight to a denial.
- Seniors will send the executive summaries to HQ once a week (Fridays).
- Feel free to save the chart to your L drive to make the font bigger or change the colors. (Be mindful of updates posted to the ECN).
- 9202 printout is not required if there are 2 or less aliases.  Look for an asterisk on 9101 printout to indicate more names.
- Three attempts to get an A-file: The contractor usually makes these and there is a sheet showing their attempts. Officer then needs to make one more attempt. See FAQs.
- If you have a known diploma mill degree in the file, just flag it. Then it would be sufficient to write on the referral memo "known diploma mill" rather than a full explanation
- If you see a diploma mill, but they can meet the educational requirement with other evidence (e.g. enrollment at Harvard), then route to CFDO post-adjudication.
- A 100% online HIGH SCHOOL needs to go to CFDO.
- If a passport was issued in the U.S., it can be used as evidence of CR.
- Sometimes it's hard to trust the information you find in ADIS and SQ94.  Make a good faith effort to search these systems.
- The requestor may have a previously issued EAD card with a category other than (C)(33).
- Some requestors are sending the 765WS printed on the back of the 765.  This is ok. You don't need to make a copy of the 765WS and place it in ROP order.
- QA's checklist for DACA is on the QA ECN.
- The RFE response goes below the form for which the RFE was issued.

5

DEF - 00001951

# DEF-INTERV.

# EX. 221

CASES ON HOLD

### Adjudications - Guidance on evaluating responses received from the DACA Diploma Mill RFE (106H) – Currently enrolled

***NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.***

The following guidance assumes that RFE 106H has been issued either by DACA adjudications or DACA BCU.  We also assume that prior to holding the cases and issuing the RFE, DACA Adjudications or DACA BCU will have evaluated whether or not the school or program in question could meet the second or third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2) an education, literacy, or career training program that is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled guidelines, please take the following steps in order to evaluate the RFE responses received concerning whether or not enrollment in a school/program meets the first prong of the currently enrolled guidelines for DACA:

1) Consult the most recent list of *Bona Fide Schools* and *Suspect Schools* to see if the school has been previously vetted and classified. If the school or program is on the *Bona Fide Schools* list, it has been determined that enrollment in the school or program is sufficient to meet DACA educational guidelines.  Please note that for some schools, only certain programs are considered sufficient to meet the educational guidelines.  If the school is on the *Suspect School* list, then it has been determined that enrollment in the school/program is not sufficient to meet the DACA educational guideline for being currently enrolled in a public, private, or charter elementary school, junior high or middle school, high school, secondary school; alternative program, or homeschool program meeting state requirements. These cases should be adjudicated on the merits and referred to the CFDO post-adjudication for tracking purposes.

   Note: If the RFE response for a school on the *Suspect School* list appears to overcome the finding that graduation from the school is not sufficient for the purpose of meeting the DACA educational guidelines, then please elevate the case to HQ for evaluation. E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

2) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

3)  If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, please refer the case to the CFDO for further vetting.  The CFDO will evaluate the claims and determine whether or not enrollment in the school or program is sufficient for the purposes of meeting the DACA educational guideline for current enrollment in a public, private, or charter elementary school, junior high or middle school, high school, secondary school.  The CFDO will return the file with an updated institutional SOF and will add all vetted schools to either the *Bona Fide Schools* list or the *Suspect Schools* list.

4)  If the requestor claims to be currently enrolled in a homeschool program[1] please refer the case to the CFDO for further vetting.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[1] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00002537

CASES ON HOLD

## CFDO - Guidance on evaluating responses received from the DACA Diploma Mill RFE (106H) – Currently enrolled

Adjudications will review the RFE responses received for DACA 106H.  If a requestor responds claiming that the school or program he/she is enrolled in is  accredited by a regional organization or state, or is a legitimate homeschool program, the adjudicator will refer the case back to the CFDO for further vetting. Prior to referral, adjudicator will check the *Bona Fide Schools* list and *Suspect Schools* list to ensure that the school or program has not already been vetted by the CFDO.

CFDO will review the evidence submitted to determine whether or not graduation from the school or program would be sufficient for meeting the DACA educational guidelines.  CFDO will evaluate the school/programs according to the following:

1) Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
   - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
   - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
   - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
   - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
   - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting. For the purposes of meeting DACA currently enrolled guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 2).

2) Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the specific state recognizes other agencies as legitimate for accrediting private schools.  If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

3) Examine the record to identify if the program is a legitimate homeschool program according to state law.  A specific definition for homeschool programs is still being reviewed by the front office.  For the time being, these files need to continue to be held.

Confidential

After vetting, CFDO will prepare an SOF on the school/institution and include it in the file and return to adjudications.  CFDO will also email bret.a.woerz@Uscis.dhs.gov to request that the school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

DEF - 00002539

NEW WORK

## Adjudications - Guidance on evaluating NEW initial DACA requests where requestor claims enrollment in a suspect school/diploma Mill

*NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.*

The following guidance assumes that DACA Adjudications or DACA BCU will have evaluated whether or not the school or program in question could meet the second or third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2) an education, literacy, or career training program that is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled guidelines, and it appears that the requestor is attempting to meet the guideline with documents from a suspect school to meet the first prong of the currently enrolled guideline, officers can proceed in one of five ways:

1) If adjudications can identify that the requestor is attempting to qualify for DACA using educational credentials from a school or program that is on the *bona fide schools* list, then no further referral to the CFDO is necessary.  Please process the case according to normal procedures.

2) If the school or program is on the *suspect schools* list, then adjudications will issue the DACA 106H RFE (in conjunction with any other RFE templates that may be necessary to complete the record) and refer the case to the CFDO post adjudication for tracking purposes.

   As always, if the adjudicator feels that an RFE response from a requestor has sufficient information to overcome the findings in an SOF that a school or program is suspect, then the adjudicator should reach out to HQ for guidance.  E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

3) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

DEF - 00002540

4)  If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, adjudications will issue the DACA 106H RFE (in conjunction with any other RFE templates that may be necessary to complete the record).  Once the RFE response is received, adjudications will refer the case to the CFDO prior to making a final determination. The CFDO will vet the school/program according to the diploma mill guidance and will return the file to adjudications with an institutional SOF stating whether or not the school or program is *bona fide* for the purposes of DACA.  The CFDO will then request to add the school to either the *Bona Fide Schools* list or the *Suspect Schools* list.

5)  If the requestor is attempting to qualify for DACA based on a homeschool program,[2] adjudications will refer the case to the CFDO for vetting prior to issuing the DACA 106H RFE. Currently, these cases will remain on hold.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[2] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00002541

NEW WORK

## CFDOs - Guidance on evaluating NEW initial DACA requests where requestor claims enrollment in a suspect school/diploma Mill

Adjudications will review the RFE responses received for DACA 106H.  If a requestor responds claiming that the school or program he/she is enrolled in is accredited by a regional organization or state, or is a legitimate homeschool program, the adjudicator will refer the case to the CFDO prior to adjudicating the case.  Prior to referral, adjudicator will check the *Bona Fide Schools* list and *Suspect Schools* list to ensure that the school or program has not already been vetted by the CFDO.

CFDO will review the evidence submitted to determine whether or not enrollment the school or program would be sufficient for meeting the first prong of the currently enrolled DACA educational guideline.  CFDO will evaluate the school/programs according to the following:

1) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

2) Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
   - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
   - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
   - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
   - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
   - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting. For the purposes of meeting the educational guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 3).

3) Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the

DEF - 00002542

specific state recognizes other agencies as legitimate for accrediting private secondary schools. If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

4)  Examine the record to identify if the program is a legitimate homeschool program according to state law.  A specific definition for homeschool programs is still being reviewed by the front office.  For the time being, these files need to continue to be held.

After vetting, CFDO will return file to adjudications with an institutional SOF stating whether or not the school or program is bona fide for the purposes of DACA.  CFDO will also email Amanda.L.Hardy@Uscis.dhs.gov to request that the school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

DEF - 00002543

# DEF-INTERV.

# EX. 222

CASES ON HOLD

<u>Adjudications - Guidance on evaluating responses received from the DACA
Diploma Mill RFE (106J) – Currently enrolled</u>

***NOTE: The guidance below deals only with evaluating the school or educational institution for the
purposes of DACA. If you think there are other indicators of fraud or questionable credentials being
submitted by a requestor, please continue to refer files to the CFDO.***

The following guidance assumes that RFE 106J has been issued either by DACA adjudications or DACA
BCU.  We also assume that prior to holding the cases and issuing the RFE, DACA Adjudications or DACA
BCU will have evaluated whether or not the school or program in question could meet the second or
third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2)
an education, literacy, or career training program that is publically funded in whole or in part, is
administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education
program assisting students either in obtaining a regular high school diploma or its recognized equivalent
under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in
whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled
guidelines, please take the following steps in order to evaluate the RFE responses received concerning
whether or not enrollment in a school/program meets the first prong of the currently enrolled
guidelines for DACA:

1) Consult the most recent list of *Bona Fide Schools* and *Suspect Schools* to see if the school has
been previously vetted and classified. If the school or program is on the *Bona Fide Schools* list, it
has been determined that enrollment in the school or program is sufficient to meet DACA
educational guidelines.  Please note that for some schools, only certain programs are considered
sufficient to meet the educational guidelines.  If the school is on the *Suspect School* list, then it
has been determined that enrollment in the school/program is not sufficient to meet the DACA
educational guideline for being currently enrolled in a public, private, or charter elementary
school, junior high or middle school, high school, secondary school; alternative program, or
homeschool program meeting state requirements. These cases should be adjudicated on the
merits and referred to the CFDO post-adjudication for tracking purposes.

Note: If the RFE response for a school on the *Suspect School* list appears to overcome the finding
that graduation from the school is not sufficient for the purpose of meeting the DACA
educational guidelines, then please elevate the case to HQ for evaluation. E-mail the
hqscopsdaca mailbox using the subject line "DACA Education Guidance."

2) If the school or program has not already been classified, look to see if the school is a public
school, public charter school, public online school or alternative program affiliated with a public
school.  If the school is funded and recognized by the state or a local school district, the school is
fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation
and will not charge admissions fees because they are considered public schools. If you are
unable to verify claims that a school or program is a public school/charter school/alternative
program, you may refer these to the CFDO if necessary.

3) If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, please refer the case to the CFDO for further vetting.  The CFDO will evaluate the claims and determine whether or not enrollment in the school or program is sufficient for the purposes of meeting the DACA educational guideline for current enrollment in a public, private, or charter elementary school, junior high or middle school, high school, secondary school.  The CFDO will return the file with an updated institutional SOF and will add all vetted schools to either the *Bona Fide Schools* list or the *Suspect Schools* list.

4) If the requestor claims to be currently enrolled in a homeschool program[1] please refer the case to the CFDO for further vetting.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[1] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00004471

CASES ON HOLD

## CFDO - Guidance on evaluating responses received from the DACA Diploma Mill RFE (106J) – Currently enrolled

Adjudications will review the RFE responses received for DACA 106J.  If a requestor responds claiming that the school or program he/she is enrolled in is  accredited by a regional organization or state, or is a legitimate homeschool program, the adjudicator will refer the case back to the CFDO for further vetting.  Prior to referral, adjudicator will check the *Bona Fide Schools* list and *Suspect Schools* list to ensure that the school or program has not already been vetted by the CFDO.

CFDO will review the evidence submitted to determine whether or not graduation from the school or program would be sufficient for meeting the DACA educational guidelines.  CFDO will evaluate the school/programs according to the following:

1) Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
   - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
   - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
   - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
   - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
   - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting.  For the purposes of meeting DACA currently enrolled guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 2).

2) Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the specific state recognizes other agencies as legitimate for accrediting private schools.  If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

3) Examine the record to identify if the program is a legitimate homeschool program according to state law.  A specific definition for homeschool programs is still being reviewed by the front office.  For the time being, these files need to continue to be held.

After vetting, CFDO will prepare an SOF on the school/institution and include it in the file and return to adjudications.   CFDO will also email ████████████@Uscis.dhs.gov to request that the school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

NEW WORK

## Adjudications - Guidance on evaluating NEW initial DACA requests where requestor claims enrollment in a suspect school/diploma Mill

***NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.***

The following guidance assumes that DACA Adjudications or DACA BCU will have evaluated whether or not the school or program in question could meet the second or third prong of the currently enrolled guidelines [determining whether or not it meets the criteria of  2) an education, literacy, or career training program that is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness OR 3) an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam, which is publically funded in whole or in part, is administered by a non-profit organization or is of demonstrated effectiveness].

For those cases that do not appear to meet the second or third prong of the currently enrolled guidelines, and it appears that the requestor is attempting to meet the guideline with documents from a suspect school to meet the first prong of the currently enrolled guideline, officers can proceed in one of five ways:

1) If adjudications can identify that the requestor is attempting to qualify for DACA using educational credentials from a school or program that is on the *bona fide schools* list, then no further referral to the CFDO is necessary.  Please process the case according to normal procedures.

2) If the school or program is on the *suspect schools* list, then adjudications will issue the DACA 106J RFE (in conjunction with any other RFE templates that may be necessary to complete the record) and refer the case to the CFDO post adjudication for tracking purposes.

    As always, if the adjudicator feels that an RFE response from a requestor has sufficient information to overcome the findings in an SOF that a school or program is suspect, then the adjudicator should reach out to HQ for guidance.  E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

3) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

DEF - 00004474

4) If the school or program has not already been classified, and the requestor claims that the school he/she attends is a private elementary, middle, high school that is accredited by a regional organization or by a state/local board of education, adjudications will issue the DACA 106J RFE (in conjunction with any other RFE templates that may be necessary to complete the record).  Once the RFE response is received, adjudications will refer the case to the CFDO prior to making a final determination. The CFDO will vet the school/program according to the diploma mill guidance and will return the file to adjudications with an institutional SOF stating whether or not the school or program is *bona fide* for the purposes of DACA.  The CFDO will then request to add the school to either the *Bona Fide Schools* list or the *Suspect Schools* list.

5) If the requestor is attempting to qualify for DACA based on a homeschool program,[2] adjudications will refer the case to the CFDO for vetting prior to issuing the DACA 106J RFE. Currently, these cases will remain on hold.

**NOTE:**  In processing the currently enrolled cases, the CFDO will not evaluate claims of demonstrated effectiveness.  This is an adjudicative determination.  However, if needed, the CFDO may conduct further research to confirm or refute claims made about a program in order to establish demonstrated effectiveness, and the CFDO may also help if the adjudicator needs assistance verifying claims of public funding.

---

[2] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00004475

NEW WORK

## CFDOs - Guidance on evaluating NEW initial DACA requests where requestor claims enrollment in a suspect school/diploma Mill

Adjudications will review the RFE responses received for DACA 106J.  If a requestor responds claiming that the school or program he/she is enrolled in is accredited by a regional organization or state, or is a legitimate homeschool program, the adjudicator will refer the case to the CFDO prior to adjudicating the case.  Prior to referral, adjudicator will check the *Bona Fide Schools* list and *Suspect Schools* list to ensure that the school or program has not already been vetted by the CFDO.

CFDO will review the evidence submitted to determine whether or not enrollment the school or program would be sufficient for meeting the first prong of the currently enrolled DACA educational guideline.  CFDO will evaluate the school/programs according to the following:

1) If the school or program has not already been classified, look to see if the school is a public school, public charter school, public online school or alternative program affiliated with a public school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines.  These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools. If you are unable to verify claims that a school or program is a public school/charter school/alternative program, you may refer these to the CFDO if necessary.

2) Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
   - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
   - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
   - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
   - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
   - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting. For the purposes of meeting the educational guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 3).

3) Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the

specific state recognizes other agencies as legitimate for accrediting private secondary schools. If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

4) Examine the record to identify if the program is a legitimate homeschool program according to state law.  A specific definition for homeschool programs is still being reviewed by the front office.  For the time being, these files need to continue to be held.

After vetting, CFDO will return file to adjudications with an institutional SOF stating whether or not the school or program is bona fide for the purposes of DACA.  CFDO will also email ███████████████@Uscis.dhs.gov to request that the school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

# DEF-INTERV.

# EX. 223

<u>CASES ON HOLD</u>
<u>Adjudications - Guidance on evaluating responses received from the DACA</u>
<u>Diploma Mill RFE (106I) – Graduated from High School</u>

***NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.***

In order to evaluate the RFE responses received concerning whether or not graduation from a school meets the guidelines for DACA, please take the following steps:

1) Consult the most recent list of *Bona Fide Schools* and *Suspect Schools* to see if the school has been previously vetted and classified. If the school or program is on the *Bona Fide Schools* list, it has been determined that graduation from the school or program is sufficient to meet the "graduated from school" educational guideline.  Please note that for some schools, only certain programs are considered sufficient to meet the educational guidelines.  If the school is on the *Suspect School* list, then it has been determined that graduation from the school/program is not sufficient to meet the DACA educational guidelines.  Please adjudicate the cases accordingly.

   Note: If the RFE response for a school on the *Suspect School* list appears to overcome the finding that graduation from the school is not sufficient for the purpose of meeting the DACA educational guidelines, then please elevate the case to HQ for evaluation. E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

2) If the school or program has not already been classified, look to see if the school is a public school, public charter school or public online school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines. These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools.

3) If the school or program has not already been classified, and the requestor claims that the school he/she attended is accredited by a regional organization or by a state/local board of education or is a legitimate homeschool program,[1] please refer the case to the CFDO for further vetting.  The CFDO will evaluate the claims and determine whether or not graduation from the school or program is sufficient for the purposes of meeting the DACA educational guidelines. The CFDO will return the file with an updated institutional SOF and will add all vetted schools to either the *Bona Fide Schools* list or the *Suspect Schools* list.

---

[1] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

<u>CASES ON HOLD</u>
<u>CFDO - Guidance on evaluating responses received from the DACA Diploma</u>
<u>Mill RFE (106I) – Graduated from High School</u>

Adjudications will review the RFE responses received for DACA 106I.  If a requestor responds claiming that the school or program he/she graduated from is accredited by a regional organization or state, or is a legitimate homeschool program, the adjudicator will refer the case back to the CFDO for further vetting.  Prior to referral, adjudicator will check the *Bona Fide Schools* list and *Suspect Schools* list to ensure that the school or program has not already been vetted by the CFDO.

CFDO will review the evidence submitted to determine whether or not graduation from the school or program would be sufficient for meeting the DACA educational guidelines.  CFDO will evaluate the school/programs according to the following:

1) Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
   - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
   - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
   - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
   - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
   - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting. For the purposes of meeting the graduated from high school educational guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 2).  Furthermore, the schools or programs must be accredited as secondary/ high school diploma granting schools or programs.  Accreditation as a continuing education program or a non-degree granting postsecondary program is not sufficient to meet the "graduated from high school" guideline.

2) Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the specific state recognizes other agencies as legitimate for accrediting private secondary schools. If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

                                                   DEF - 00004479

3) Examine the record to identify if the program is a legitimate homeschool program according to state law.  A specific definition for homeschool programs is still being reviewed by the front office.  For the time being, these files need to continue to be held.

After vetting, CFDO will prepare an SOF on the school/institution and include it in the file and return to adjudications.    CFDO  will  also  email  ██████████@Uscis.dhs.gov  to  request  that  the  school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

DEF - 00004480

<u>NEW WORK</u>
## <u>Adjudications - Guidance on evaluating NEW initial DACA requests where requestor claims graduation from a suspect school/diploma mill/homeschool</u>

*NOTE: The guidance below deals only with evaluating the school or educational institution for the purposes of DACA. If you think there are other indicators of fraud or questionable credentials being submitted by a requestor, please continue to refer files to the CFDO.*

For new work cases with indications that requestor graduated from a diploma mill, adjudications can proceed in one of four ways:

1) If adjudications can identify that the requestor is attempting to qualify for DACA using educational credentials from a school or program that is on the *bona fide schools* list, then no further referral to the CFDO is necessary.  Please process the case according to normal procedures.

2) If the school or program is on the *suspect schools* list, then adjudications will issue the DACA 106I RFE and refer the case to the CFDO post adjudication for tracking purposes.

3) If the requestor is attempting to meet the DACA educational guidelines from a questionable school or program that the adjudicator thinks may be a diploma mill, and the school or program has not previously been vetted, adjudications will issue the DACA 106I RFE (in conjunction with any other RFE templates that may be necessary to complete the record).  Once the RFE response is received, adjudications will refer the case to the CFDO prior to making a final determination. The CFDO will vet the school/program according to the diploma mill guidance and will return the file to adjudications with an institutional SOF stating whether or not the school or program is *bona fide* for the purposes of DACA.

4) If the requestor is attempting to qualify for DACA based on a homeschool program, [2] adjudications will refer the case to the CFDO for vetting prior to issuing the DACA 106I RFE. Currently, these cases will remain on hold.

As always, if the adjudicator feels that an RFE response from a requestor has sufficient information to overcome the findings in an SOF that a school or program is suspect, then the adjudicator should reach out to HQ for guidance.  E-mail the hqscopsdaca mailbox using the subject line "DACA Education Guidance."

---

[2] Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00004481

<u>NEW WORK</u>
## <u>CFDOs - Guidance on evaluating NEW initial DACA requests where requestor claims graduation from a suspect school/diploma mill/homeschool</u>

The CFDO will receive referrals in one of three ways for new initial DACA requests with claimed graduation from a diploma mill or homeschool.

1. Post adjudication referrals for cases where DAC 106I RFEs were issued for schools or programs that were already on the suspect schools list. CFDO will track these referral numbers by school.

2. Referrals for cases where the DACA 106I RFEs were issued to questionable schools or programs that were NOT previously on the suspect schools list. These cases will be referred after the RFE response is received but before final adjudication.

   CFDO will review the evidence submitted to determine whether or not graduation from the school or program would be sufficient for meeting the DACA educational guidelines.  CFDO will evaluate the school/programs according to the following:

   - If the school or program has not already been classified, look to see if the school is a public school, public charter school or public online school.  If the school is funded and recognized by the state or a local school district, the school is fine for meeting DACA educational guidelines. These schools will clearly state their affiliation and will not charge admissions fees because they are considered public schools.

   - Check to see if the school/program is accredited by a subset body of an accrediting organization recognized by the U.S. Department of Education, such subset bodies are listed below:
     - Middle States Commission of Colleges and Schools, Commission on Elementary and Secondary School (MSA-CES)
     - New England Association of Schools and Colleges, Commission on Independent Schools (NEASC-CIS)
     - Western Association of Schools and Colleges, Accrediting Commissions for Schools (WASC-ACS)
     - AdvancED which includes The North Central Association Commission on Accreditation and School Improvement (NCA CASI), Northwest Accreditation Commission (NWAC), and the Southern Association of Colleges and Schools Council on Accreditation and School Improvement (SACS CASI)
     - Distance Education Training Council (DETC)

   **NOTE**: Not all accreditation is the same.  It matters which organization is doing the accrediting. For the purposes of meeting the educational guideline for DACA, a school should be accredited by one of the regional organizations listed above, or accredited by an organization that is recognized by the specific state board of education (See guidance in number 3).  Furthermore, the schools or programs must be accredited as secondary/ high school diploma granting schools or programs.  Accreditation as a continuing education program or a non-degree granting postsecondary program is not sufficient to meet the "graduated from high school" guideline.

DEF - 00004482

- Check to see if the school is located in a state that regulates or recognizes private schools (if the school has no physical address in the United States, then you can skip this step).  If you can identify a physical address of the school, consult the *State Accreditation List* to determine if the specific state recognizes other agencies as legitimate for accrediting private secondary schools. If the state accepts accreditation from an organization for approval or recognition, then that accreditation is considered sufficient for DACA, because the school meets applicable state standards.  Please note, this only concerns the state where the school is located and is not about where the student lives.

After vetting, CFDO will return file to adjudications with an institutional SOF stating whether or not the school or program is *bona fide* for the purposes of DACA.  CFDO will also email ▆▆▆▆▆▆▆▆▆▆▆@Uscis.dhs.gov to request that the school/ program be added to either the *Bona Fide Schools* list or the *Suspect Schools* list.

3. Pre adjudication referrals for cases where the requestor is claiming to meet the educational guidelines through a homeschool program.  Homeschool cases will be held by the CFDO pending an approved definition from the Front Office.

# DEF-INTERV.

# EX. 224

| **From:** | Dunning, Pacentia M < ████████████ g@uscis.dhs.gov> |
| **Sent:** | Thursday, September 3, 2015 6:59 PM |
| **To:** | Derman, Josee-Lynn S < ████████████ @uscis.dhs.gov>; Dubois, Kent S < ████████ @uscis.dhs.gov>; McGuire, Regina A < ████████ @uscis.dhs.gov>; Slumpff, John W < ████████ @uscis.dhs.gov>; Smith, Renee E < ████████ @uscis.dhs.gov>; Van-Wagenen, Lowell F < ████████ @uscis.dhs.gov> |
| **Subject:** | FW: verified diplomas |
| **Attach:** | verified diplomas.docx |

FYI

Thank you,

*Pacentia M. Dunning*

**From:** Tran, Linhdieu A
**Sent:** Thursday, September 03, 2015 2:29 PM
**To:** Hahn, Jerome; Dunning, Pacentia M; Elias, Erik Z; Smith, Andrea G; Dewitty-Davis, Janine L
**Cc:** Choi, Jesook
**Subject:** FW: verified diplomas

FYI - The attached documents have been vetted and are deemed legit. Please see additional information below regarding websites to verify High School Equivalency/Diploma Certificates. Please note that these links are useful if we have the test results/transcripts also.

**From:** Choi, Jesook
**Sent:** Thursday, September 03, 2015 8:55 AM
**To:** Tran, Linhdieu A
**Subject:** verified diplomas

Linhdieu,

I put together the samples of verified diplomas although they look suspicious with different fonts and white box for the name field that makes it look altered. The very first one is what Rudy sent to us and I noticed the date field on the bottom is left blank.
And here are the websites to check the HSE diploma/certificates, but it is useful only if we have the test result also.

https://bass.tea.state.tx.us/Tea.GEDi.Web/Forms/CertificateSearch.aspx

https://eservices.nysed.gov/ged/

thanks,
jesook

DEF - 00004807

# DEF-INTERV.

# EX. 225





University of the State of New York
E STATE EDUCATION DEPARTMENT
High School Equivalency Office
P.O.Box 7348
Albany, New York 12224-0348

### NEW YORK STATE HIGH SCHOOL EQUIVALENCY TRANSCRIPT

You have earned satisfactory scores * on the TASC™ and/or GED® Tests and have been awarded a New York State High School Equivalency diploma.

| | Current TASC™ Test Scores | Lang** | Highest TASC™ Test Scores | Lang** | Highest GED® Test Scores | Lang** | Passed Subject |
|---|---|---|---|---|---|---|---|
| Writing | 520 | E | 520 | E | N/A | | Y |
| Social Studies | 536 | E | 536 | E | N/A | | Y |
| Science | 513 | E | 513 | E | N/A | | Y |
| Reading | 555 | E | 555 | E | N/A | | Y |
| Mathematics | 565 | E | 565 | E | N/A | | Y |
| ESL | ----- | ----- | ----- | ----- | | | |
| **Total Scores** | **2689** | | **2689** | | | | |

| | |
|---|---|
| Test Center Number | 050 |
| Test Date | 04/14/2014 |
| GED® ID Number | 550529 |
| TASC™ ID Number | 000007064 |
| Date of Birth | |
| Diploma Number | G04175779 |
| Date Issued | 07/03/2014 |
| Current Status | Passed |



* Minimum passing test score for each subtest on the TASC™ Test is 500.
* Minimum passing test score for each subtest on the GED® Test was 410.
**E=English Language, S=Spanish Language, F=French Language

Elmsford NY 10523

This transcript is produced for:   Jessica Torres

HSE 661 (3/03)



The
University of the State of New York
Education Department

Be it known that

*having satisfactorily completed the requirements prescribed by
the Commissioner of Education is thereby entitled to this*

High School Equivalency Diploma

In Witness Whereof the Regents issue this diploma
under seal of the University at Albany in

President of the University
and Commissioner of Education

G04175779          July 2014



**· DALLAS ·**

W. W. SAMUELL

**High School**

TEXAS

**This Certifies**

*that*

*has honorably completed the Course of Study prescribed for the High School,*
*and by intellectual attainment and correct deportment is entitled to receive this*



**DIPLOMA**

*In Witness Whereof we have hereunto affixed our names at Dallas, Texas,*

*this 31st day of May, A. D. 2013*

PRESIDENT

SECRETARY

GENERAL SUPERINTENDENT

PRINCIPAL

Confidential

DEF - 00004810

# DEF-INTERV.

# EX. 226

| From: | Gapuz, Brian Y < @uscis.dhs.gov> |
|---|---|
| Sent: | Thursday, August 17, 2017 5:59 PM |
| To: | Sun, Catherina C < @uscis.dhs.gov>; Dunning, Pacentia M < @uscis.dhs.gov>; Van-Wagenen, Lowell F < @uscis.dhs.gov>; Wang, Jerry < @uscis.dhs.gov> |
| Cc: | Garcia, Raul <R @uscis.dhs.gov>; Felix, Raquel J < @uscis.dhs.gov>; Smith, Andrea G < @uscis.dhs.gov> |
| Subject: | RE: DACA Homeschooling Cases |
| Attach: | Guidance on evaluating currently enrolled diploma mill issues (CFDO and Adjudications).docx; Guidance on evaluating graduated from high school diploma mill issues (CFDO and Adjudications).docx |

Hi Catherina,

Anytime we encounter a DACA case showing that the requestor is currently enrolled or has graduated from a homeschool we refer the case to CFDO for further vetting. Please see the attached guidance.

If the school or program has not already been classified, and the requestor claims that the school he/she attended is accredited by a [1]
regional organization or by a state/local board of education or is a legitimate homeschool program, please refer the case to the CFDO for further vetting. The CFDO will evaluate the claims and determine whether or not graduation from the school or program is sufficient for the purposes of meeting the DACA educational guidelines. The CFDO will return the file with an updated institutional SOF and will add all vetted schools to either the *Bona Fide Schools* list or the *Suspect Schools* list.

[1]
Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

Thanks,
Brian

**From:** Sun, Catherina C
**Sent:** Thursday, August 17, 2017 2:29 PM
**To:** Dunning, Pacentia M; Van-Wagenen, Lowell F; Wang, Jerry; Gapuz, Brian Y
**Cc:** Garcia, Raul; Felix, Raquel J; Smith, Andrea G
**Subject:** FW: DACA Homeschooling Cases

Good afternoon, ISO 3 Team.

Please see below. What's our process/procedure?

Thank you,

Catherina

**From:** King, Alexander R
**Sent:** Thursday, August 17, 2017 12:55 PM
**To:** Sun, Catherina C; Jacobson, Neil M; Smith, Kevin T; DeBoer, Allan S
**Cc:** Garon, Michelle S; Umoru, Victoria E; Robinson, Brandon M; Woerz, Bret A
**Subject:** DACA Homeschooling Cases

Hello CSC and NSC,

DEF - 00005237

At a recent stakeholder engagement with CIS leadership a question was asked whether homeschooling can satisfy the DACA educational guidelines. The SOP and public FAQs seem to indicate that homeschooling and/or a diploma from homeschooling can satisfy the DACA educational guidelines as long as it meets the state's requirements. Can CSC and NSC confirm that this is the case?

I realize that analysis of this guideline happens during the DACA initial adjudication which CSC handles now, but I'm including NSC as well for any feedback from a historical perspective

In an effort to better understand on our past and current practices could the CSC and NSC provide feedback on the below questions.

1. Are all homeschooling cases currently being referred to CFDO for research and evaluation?

2. In general, how are homeschooling cases being evaluated by adjudications?

Thanks,
Alex

# C. Determining if Guidelines are Met, Continued

**Education**

To meet the educational guideline for DACA consideration, a DACA requestor may show that he/she is currently in school, has graduated or obtained a certificate of completion from a U.S. high school or has a recognized equivalent of a high school diploma under State law, public or private college, or university or community college, or has obtained a General Educational Development (GED) certificate or equivalent State-authorized exam in the United States. Note that evidence of enrollment in on-line courses is acceptable. When reviewing such evidence, the completeness, credibility, relevance, and sufficiency are germane and take precedence over the electronic medium over which the education was received.

A claim of homeschooling is not necessarily an indicator of fraud; however, because homeschool programs and their requirements vary widely from state to state, refer the case to CFDO for further research and evaluation. Even if the file contains documents including transcripts, a diploma or a certificate of completion as a result of homeschooling, the case must be referred to CFDO for further research and evaluation prior to final adjudication. CFDO referrals on "homeschooling" are only mandatory prior to adjudication if the homeschooling is the basis for meeting the education guideline; if not, then the case can be processed normally and is then referred to the CFDO after final adjudication for tracking purposes.

**Q32: Does "currently in school" refer to the date on which the request for consideration of deferred action is filed?**
A32: To be considered "currently in school" under the guidelines, you must be enrolled in school on the date you submit a request for consideration of deferred action under this process.

**Q33: Who is considered to be "currently in school" under the guidelines?**
A33: To be considered "currently in school" under the guidelines, you must be enrolled in:

a public, private, or charter elementary school, junior high or middle school, high school, secondary school, alternative program,

omeschool program that meets state requirements;

an education, literacy, or career training program (including vocational training) that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; or

an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other state-authorized exam (e.g., HiSet or TASC) in the United States.

Such education, literacy, career training programs (including vocational training), or education programs assisting students in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam in the United States, include, but are not limited to, programs funded, in whole or in part, by federal, state, county or municipal grants or administered by non-profit organizations. Programs funded by other sources may qualify if they are programs of demonstrated effectiveness.

In assessing whether such programs not funded in whole or in part by federal, state, county or municipal grants or administered by non-profit organizations are of demonstrated effectiveness, USCIS will consider the duration of the program's existence; the program's track record in assisting students in obtaining a regular high school diploma or its recognized equivalent, in passing a GED or other state-authorized exam (e.g., HiSet or TASC), or in placing students in postsecondary education, job training, or employment; and other indicators of the program's overall quality. For individuals seeking to demonstrate that they are "currently in school" through enrollment in such a program, the burden is on the requestor to show the program's demonstrated effectiveness.

Alex King
Branch Chief, WATS
Service Center Operations Directorate
U.S. Citizenship & Immigration Services
Desk: (202)-272-███
Cell: (202)-480-███

---

[1]
Please only refer homeschool cases that appear to meet at least one of the following criteria:
- Evidence of a parent/guardian being involved in providing instruction to a student
- Evidence of a parent/guardian or requestor attempting to comply with a State's homeschool requirements
- Evidence of a parent/guardian signing the requestor's diploma
- Evidence of a requestor actively asserting a claim that they were in fact homeschooled

Submission of materials from unaccredited online programs claiming to be homeschool programs is not sufficient, absent one of the above indicators, to indicate that the requestor participated in a legitimate homeschool program.

DEF - 00005239

# DEF-INTERV.

# EX. 227

| | |
|---|---|
| **From:** | DeLosSantos, Marisol C < ███████████ @uscis.dhs.gov> |
| **Sent:** | Tuesday, November 3, 2015 7:14 PM |
| **To:** | Van-Wagenen, Lowell F < ███████████ @uscis.dhs.gov>; Comer, Marnetta E (Marti) < ███████████ @uscis.dhs.gov> |
| **Cc:** | Dewitty-Davis, Janine L < ███████████ @uscis.dhs.gov>; Dunning, Pacentia M < ███████████ @uscis.dhs.gov>; Elias, Erik Z < ███████████ @uscis.dhs.gov>; Hahn, Jerome < ███████████ @uscis.dhs.gov>; Smith, Andrea G < ███████████ @uscis.dhs.gov>; Tran, Linhdieu A < ███████████ @uscis.dhs.gov> |
| **Subject:** | RE: DACA questions |

I'm responding in writing. To let you know that I agree with your recommendation, Lowell. I already spoke to Marnetta briefly about this last week. I just wanted to memorialize the conversation.

Respectfully,

*Marisol*

Marisol de los Santos
Section Chief, CSO-3 DACA
USCIS California Service Center
949-389-████ Desk / 949-456-████ BB
█████████████ @uscis.dhs.gov

**From:** Van-Wagenen, Lowell F
**Sent:** Tuesday, October 27, 2015 10:01 AM
**To:** Comer, Marnetta E
**Cc:** DeLosSantos, Marisol C
**Subject:** RE: DACA questions

Marnetta: 'None' or 'n/a' are fine. I think a '/' should be fine as well.

I am copying this to Marisol because she was just asking about cases like your #2, yesterday.

Marisol: Would you like to be involved in this? I think we should send it down to CFDO for another SOF, and then deny.

**From:** Comer, Marnetta E
**Sent:** Monday, October 26, 2015 3:38 PM
**To:** Van-Wagenen, Lowell F
**Subject:** DACA questions

Lowell,

1) I am sorry to ask, but how detailed are we about the I-765WS? I know they have to fill in all 3 boxes. My person put a forward slash in all 3 boxes. The only thing written in the bottom section is her change of address.

Is this acceptable?

Just curious, if they put N/A are we accepting that in the 3 boxes?

2) Also, I have a case where a previously filed DACA petition at the NSC was denied due to the school guidelines. The respondent is attending an ESL class at International Media Academy in Maryland. According to the SOP,

the respondent did not meet the educational guidelines because the only thing the letter said is that he was attending and that the school had been in business for 20 years. Did not show the "demonstrated effectiveness". The SOP also indicated that the school was listed in a forfeited status in 2005 and appears to have stopped operation. IMA is not publicly funded. I tried to go to its website http://www.academiaima.com and their page did not come up. The only thing that comes up on the internet is a school with the same name with Arabic?? Writing/for newscasters, movie makers, etc. Does not indicate they have ESL classes.

In his response to the RFE, the respondent submitted a new copy of a letter from IMA dated September 30, 2015 stating he is still attending their classes.
Should I send this down to CFDO again – it already has an SOP opened in May and memo dated 7/7/15. I think Nebraska did the SOP on the previously filed petition. (My petition was filed 12 days after the SOP was opened.) Or do I just deny?

Thanks for any help you can give me.

Best regards,

*Marnetta Comer*

*Immigration Service Officer II*
*USCIS, CSC, CSO3, Team 6*
*949 389*

# DEF-INTERV.

# EX. 228

*DACA MATTERS – ISSUE 7*

<u>Request for "Retired" A-Files</u>

When you query an A-File in NFTS and the location indicates that the file is "Retired", the A-File is in a box awaiting to be digitized.  You can still request the A-file, using CIS or asking customer service to request the case for you.

<u>Homeschool Program</u>

*uestion 1* – The guidance on evaluating "graduated from a diploma mill" instructs the use of DACA 106G RFE for homeschool programs.  DACA106G refers to cases where the requestor submitted a document/HS diploma as evidence of completing a homeschool program.  What DACA RFE should we use for cases where the requestor:

- o   is still participating in a homeschool program; or
- o   claimed that he/she completed a homeschool program but did not submit a copy of the diploma?

*Answer 1*

If the requestor is still participating in a homeschool program, we recommend issuing call up DACA106 or call up DACA106H from the Appendix  D, as applicable (for example, if the school is questionable, then call up DACA 106H is appropriate).

If the requestor claimed that he/she completed a homeschool program but did not submit a copy of the diploma, we recommend issuing call up DACA 106F from the Appendix D.

*uestion 2* – The same referenced guidance indicates that all homeschool cases should be held after CFDO referral and RFE issuance.  Do we need to send these cases up as a Request for Guidance or should we simply hold them?

*Answer 2*

There is no need to send a Request for Guidance.  Please hold if questionable.  If it is legitimate, please process based on its merits.

*uestion 3* – We have a homeschool case where the diploma submitted is from a school on SCOPS' Diploma Mill list.  Should we adjudicate based on the current diploma mill guidance or hold per the homeschool instruction?

*Answer 3*

We recommend that the case be processed in accordance with the diploma mill guidance. The process is as follows:

- o   If the requestor indicates that they are or were home schooled the officer is to refer the case to CFDO
- o   Once the case is returned from CFDO with an SOF, please issue DACA 106G RFE.  [Please refer to the below for scenarios where DACA 106H or DACA 106F is more appropriate.]
- o   Once a RFE response is received, if:
    - ➢   the SOF does <u>not</u> reflect findings of fraud or the homeschool program is <u>not</u> questionable, please proceed with adjudication.
    - ➢   the SOF reflects findings of fraud or the homeschool program is questionable, case should be placed on hold for further guidance from SCOPS.  These cases must be reviewed by the respective supervisor.  The supervisor may NFTS the file to AD0984 (*DACA Hold – Homeschool*) and place on the appropriate shelf of the cabinet in workstation 24524.

*Source: DACA – SCOPS' homeschool program email December 5, 2014.*

<u>Bona fide and Suspect School Documents</u>

DEF - 00005462

: How should an ISO handle a case where the requestor initially submitted bona fide documentation and evidence from a suspect school (together) at the time of filing?

A: If the requestor initially submitted sufficient evidence to satisfy the educational guideline, then process the case on its merits. For more information, please refer to the Guidance on evaluating graduated from high school diploma mill issues (Adjudications and CFDO). DACA requestors must satisfy the educational guideline at the time of filing. If a DACA request contains sufficient evidence to meet the educational guideline, then the case should be adjudicated on its merits. (e.g. approved if there are no additional disqualifying factors).

To clarify, this is different from the scenario where a requestor initially submits documentation from a diploma mill school, and in response to an RFE provides information showing they have subsequently enrolled in a legitimate educational institution. In these cases, we will issue a denial for failure to satisfy the educational guideline <u>at the time of filing.</u>

*Source: DACA − SCOPS' suspected fraud email January 6, 2015.*

# DEF-INTERV.

# EX. 229

## DACA News Updates Outline
Humanitarian Affairs Team
2014

**Adjudication worksheet:**

- ✓ Please notate on the adjudication worksheet what evidence you are looking at for CR/PP in each required year.

**RFE letters and discrepancies:**

- ✓ Address all evidence that has been submitted by the requestor and why it does not satisfy required time frame.

**Since June 15, 2007 for CR:**

- ✓ When writing an RFE for CR 06/15/2007, use the phrase, *since June 15, 2007*.
  - • Do not use the phrase *on or about*.
  - • Do not use *rolling dates* when requesting further evidence.

**Discretionary window on CR and PP:**

- ✓ Evidence submitted with dates showing April/May 2007 would cover the CR requirement for June 15, 2007.
- ✓ Evidence submitted with any date in the month of June 2012 would cover the PP requirement for June 15, 2012.
- ✓ Please do not accept affidavits for the beginning or the end of the eligibility window.

**Birth certificates:**

- ✓ We are not taking children's birth certificates as evidence of CR or PP for male requestors.

**I-821D/I-765 with no Worksheet:**

- ✓ If the I-821D is approvable,
  - • approve I-821D
  - • send an RFE for the worksheet.

## I-765 WS- 2nd   RFE issuance guidance:

- ✓ Send out a second RFE before denying because of    I-765 WS not being filled out. If you do not receive a response on the second RFE, then deny for no WS. **Note:** 2nd   RFE must always be signed off on.

## In School at the time of filing, but not at the time of adjudication:

- ✓ In accordance with the <u>DACA FAQs</u> and the <u>Form I-821D Instructions</u>, enrollment at the time of filing is sufficient to meet the educational guideline. USCIS **will not** deny cases where requestors were enrolled in school at the time of filing but are not in school at the time of adjudication.

## DACA I06I RFE:

SCOPS has revised the <u>DACA 106I</u> RFE to reflect "at the time of filing".

## DACA 106I - U.S. HIGH SCHOOL DIPLOMA OR RECOGNIZED EQUIVALENT:

The evidence you submitted with your Form I-821D, Consideration of Deferred Action for Childhood Arrivals, is insufficient to show that, **at the time of filing,** you graduated from a U.S. high school or earned a State recognized high school equivalency diploma or certificate by completing state requirements or passing a general educational development (GED) exam or equivalent State-authorized exam in the United States.  The [*Insert Name of Document; e.g., High School Proficiency Diploma*] awarded by [*Insert name of school or institution] on [Insert date the document was issued*], does not appear to be a U.S. high school diploma or the recognized equivalent of a high school diploma according to *[Insert State]* standards, nor does it appear to demonstrate that you passed a GED exam or other comparable State-authorized exam.  Therefore, the documents you submitted are insufficient.  However, if you would like to provide alternate documentation to substantiate your request, you may submit additional evidence, which may include, but is not limited to, copies of: …

## ROIT before RFE:

- ✓ Please perform TECS before doing an RFE, then route the file to BCU. **Note:** Your initials and the date must always be legible on the ROIT.

## New ROIT and second DOB:

- ✓ Always perform TECS on a second date of birth, even if you feel it's not correct.

DEF - 00005918

**New Form I-765 Denial based on the Record:**

- ✓ SCOPS uploaded a new Form I-765 Denial Based on the Record template onto SCOPS DACA ECN. <u>DACA I765 Denial Based on the Record</u> Centers should use this template in instances where a requestor does not submit all of the evidence previously requested in an RFE (e.g., Form I-765WS, signature on I-765, completed I-765WS). **NOTE:** ISOs should only process motions on a Form I-765 that was denied for abandonment, if there is an approved I-821D.

**DACA Denials:**

- ✓ The Centers may deny a DACA request without first issuing an RFE or NOID when the record contains irrefutable evidence:

  - Requestor is deceased
  - Was in immigration detention at the time of filing, remains in immigration detention as of the date the I-821D is adjudicated, and
    - ICE indicates that it does not intend to physically release the requestor within 30 days; or
    - ICE confirms the individual is an enforcement priority.

**DACA Denials cont.:**

  - At the time of filing, was under age 15 and was not in removal proceedings, did not have a final removal order, or did not have a voluntary departure order.
  - Did not arrive in the United States before reaching his/her 16th birthday.
  - Was age 31 or older on 6/15/2012.
  - Was convicted of a felony that poses a threat to public safety, as described on pages 3 & 4 of the 11/7/2011 <u>NTA Memorandum</u>

**DACA Denials cont.:**

  - Already received deferred action as a childhood arrival from USCIS or ICE.
  - Acquired lawful immigration status after 6/15/2012 and is in a lawful immigration status as of the date the I-821D is adjudicated.
  - Was a lawful permanent resident on 6/15/2012.
  - Was under an order of voluntary departure or deportation, exclusion, or removal **and** was physically removed by ICE **or** voluntarily departed the U.S. while their Form I-821D was pending with USCIS **and such departure was witnessed by a DHS official**.

DEF - 00005919

**DACA Denials cont.:**

- ✓ When the Centers deny a DACA request without issuing an RFE or NOID, they will include a brief executive summary of the decision in the A-file.
- ✓ Please see the DACA SOP and Internal FAQs for additional information about handling procedures for these scenarios.
- ✓ If you believe a straight denial is appropriate for a particular case that does not fall within one of the categories identified above, please send a Request for Adjudicative Guidance to the HQSCOPSDACA mailbox.

**DACA Requestors who obtain deferred action pursuant to other programs:**

- ✓ Individuals who receive deferred action through other programs may be eligible for DACA. However,
  - if at the time of the adjudication of the DACA request, the requestor already has an unexpired deferred action; USCIS will deny their DACA request.
- ✓ ISOs should use the Denial - USCIS Already Deferred Action Pursuant to Other Programs template the for the purpose of denying these cases.

**Acquired Lawful Immigration Status After 6/15/2012:**

- ✓ If a DACA requestor acquired lawful immigration status after June 15, 2012 and remains in lawful immigration status at the time of adjudication of the DACA request, we will not defer action under DACA as a matter of discretion. **NOTE:** The denial template is located on SCOPS DACA ECN site for this purpose under SOP and Templates.

**Executive Summary:**

- ✓ Answer all questions on the summary
- ✓ Give background on what actions have been taken on the file, i.e.: RFE, NOID, Vetting
- ✓ Give a detailed analysis of why file is being denied

**DACA Suspect School List:**

- ✓ SCOPS has uploaded the DACA suspect school list onto the DACA ECN. You'll find the list within the Training Materials section. For your convenience, see the image below.



DEF - 00005920

**Suspicious Diplomas:**

✓ Always articulate on your fraud referral why you feel the diploma is suspicious. **Note:** Diploma Mill cases will be held at HA0204 when the file returns from CFDO.

✓ When writing your NOID, always use as much of the information as possible in the SOF.


**SEVIS status update-completed and Terminated:**

✓ For those requestors who have claimed to enter as F1 students you must check SEVIS to make certain that their lawful status has been terminated.


**Sham Marriage/NTA:**

✓ In cases where a DACA requestor or recipient has entered into a sham marriage the field offices are *not* required to refer the case to the service center for denial or termination of the I-821D *prior* to issuing an NTA.
✓ Once a field office has issued the NTA, the office should notify the service centers for processing of the DACA case (i.e., denial or termination).  The service center will notify the field office that has issued the NTA if other documents, including the A-file are necessary.


**Deferred by ICE:**

✓ If a requestor has already been deferred by ICE, the   I-821D should be denied and the I-765 will be granted at the TSC. **Note:** ICE can grant the requestor a (C)(14) or (C)(33).


**SRMT Card Corrections:**

✓ Please make sure the requestor's name is spelled correctly in CLAIMS prior to updating the system.
✓ Please make sure the D.O.B. on I-821D/I-765 matches CLAIMS prior to updating.


**Refund requests for an I-290B Motion filed on a denied I-821D/I-765:**

✓ Requestors do not have Motion rights on denied  I-821D/I-765s.
✓ Per HQSCOPS guidance, all I-290B Motions filed on denied I-821D/I-765s must be refunded to the requestor. **Note:** If the I-821D was approved, but the I-765 was denied for abandonment, then a motion can be filed on the denied I-765.

DEF - 00005921

**How to submit an I-290B refund request:**

- ✓ A  Refund Request Form must be completed and submitted using the following instructions:

  - • Annotate on the Refund Request Form:  Please issue refund per HQSCOPS guidance.
  - • Supervisory Signature required
  - • Send the Refund Request to 4141: CPAU, Attn: Roger Hill
  - • NFTS file(s) to RC0113

- ✓ The Refund Request Form is located on TSC ECN

**A-File Requests from USCIS Field or Asylum Offices with pending I-589/I-485/N-600):**

- ✓ AS of 3/12/2013, Centers are able to release an A-file to a USCIS Field or Asylum Office without SCOPS approval whenever the A-file request is based upon adjudication of a pending Form I-589, Form I-485, motion to reopen/reconsider Form I-485, or Form N-600. In these cases:

  - • The Center will hold adjudication of the I-821D and I-765 and send the A-file with the DACA forms pending.

**A-File Requests cont.:**

- ✓ However, if the requestor's case contains novel, complex, or sensitive information (i.e. national security concern, currently in detention, etc.). Centers are instructed to notify SCOPS of the information within the case and wait for approval to release the A-file.

**A-File Requests cont.:**

- ✓ Once the A-file is returned to the TSC, the ISO should take the following action:

  - • if the USCIS Field/Asylum Office approves the pending application/petition, the ISO should deny the I-821D/I-765 using the template entitled "Acquired Lawful Status After 6 15 2012." Appendix K
  - • if the USCIS Field/Asylum Office denies the pending application/petition, the Center should adjudicate the DACA forms based upon current procedures and practices.

DEF - 00005922

**DACA Requestors with pending VAWA, T and U applications:**

- ✓ The TSC, NSC, & CSC must transfer all DACA packages (Form I- 821D/Form I-765/Form I-765WS) with pending VAWA, T & U applications to the VSC for adjudication.

  1. The contractor receives a T-File with Form I-821D enclosed. The contractor searches CIS and reviews individual's CIS 9101 Screen.

  2. Whenever code 384 is reflected within the COA field of the 9101Screen, the T-File will be relocated to the VSC for processing.

  3. The VSC will request biometric transfer for relocated DACA package.

**NOTE**: A-File should already be located at the VSC for purposes of T-File/A-File consolidation. Also, there is no legal requirement for USCIS to utilize the safe address process for DACA filings.

**Pending I-821D with Related "CITRIX/EOIR I-485:**

- ✓ Eligible individuals in removal proceedings can apply for various immigration benefits. In order to file their applications with the Immigration Court, these individuals must file a copy of the Form I-485 with the corresponding fee with the Texas Service Center. These forms look like regular filings; however
- ✓
  - the **EOIR I-485** appears in **CLAIMS with** an "**X**" in the current status field as shown in the **Image A** below.

Image A.



DEF - 00005923

**Pending I-821D with Related "CITRIX/EOIR I-485 cont.:**

- ✓ The Texas Service Center issues a receipt notice to the applicant and retains the copy of the form for a period of six months. ***ISOs should not attempt to request this copy.*** Once an EOIR I-485 has been identified, ISOs should check the Central Index System (CIS) to verify if the Immigration Judge rendered a decision

    - If Lawful Permanent Status *was not* granted, a pending Form I-821D should be adjudicated on its merits even if the case remains open in CITRIX.


**Updates on SOP Appendices D, E, K and I:**

**D:** If the requestor leaves part 3 blank, you must make a copy and do an RFE. The requestor must fill out part 3 and sign. Appendix D

**E:** Holding cases that specify F1 status in order to make certain the status has been terminated. Cases are being held at HA0203 Appendix E

**K:** Follow the specified instructions on how to deny a case for a requestor who is now deceased. Appendix K

**I:** SCOPS has uploaded a revised version of the Appendix I onto the DACA ECN


**New RFE standard for those "currently enrolled in a Diploma mill school"**

- ✓ SCOPS has provided a new standard for "currently enrolled in a Diploma mill school". The new template has been uploaded to the DACA ECN for review.



- ✓ For now, please refer to the attached RFE template to use for the DACA cases that are on hold for requestors claiming to be currently enrolled in suspect schools.

    - In lieu of this new guidance, all of the diploma mill cases on hold will be return to the adjudicating officer to issue the new RFE standard by COB tomorrow, August 14, 2014.
    - Route all files to TSC Records, using the attached routing sheet, to place on call-up.

DEF - 00005924

 

DACA 106J Enrolled    DACA 106J RFE –
in School (Questional:   Routing Sheet.doc

**NOTE:** More specific guidance will be issued for how to process RFE responses (similar to the guidance provided with the graduated from school RFE).

### Vocational School Graduates

- ✓ For the cases that are currently on hold due to graduation from VoTec, please proceed with issuing **RFE call-up DACA106I –U.S. HIGH SCHOOL DIPLOMA OR RECOGNIZED EQUIVALENT** available on the DACA ECN. If the requestor is unable to provide evidence to show that they have met the DACA educational guideline at the time of filing, please proceed with a denial using the checkbox below from Appendix F:

  - ☐ You have not established that, at the time of filing your request, you were currently in school, had graduated or obtained a certificate of completion from a U.S. high school, or had obtained a general educational development (GED) certificate or other equivalent State-authorized exam in the United States, or that you are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States.



DACA 106I - U.S.
HIGH SCHOOL DIPLO

### How should the Center process a DACA request when ICE takes action against a requestor while a DACA request is pending?

- ✓ If DHS electronic systems or information received from ICE indicates that ICE has taken action against a requestor while a DACA request is pending, for example, by issuing a detainer against the requestor, placing him/her under an order of supervision, or placing him/her in an ankle bracelet monitoring system, after the requestor has filed Form I-821D, the Center should follow the below procedures.

- ✓ The BCU will contact local ICE operations having jurisdiction over the requestor to determine if the requestor is an ICE enforcement priority or if ICE intends on administratively closing the proceedings and/or physically releasing the requestor within 30 days.

  1. If ICE indicates that the requestor is an ICE enforcement priority, regardless of whether ICE issues a detainer against him or her, places him or her under an order of supervision, or places him/her in an ankle bracelet monitoring system USCIS will deny the DACA request using the checkbox within Appendix F (Denial

Template) that states "You have not established that you warrant a favorable exercise of prosecutorial discretion." USCIS will notify ICE once the denial notice is issued.

2. If ICE indicates that the case is not an ICE enforcement priority, the case will be adjudicated on its merits.

✓ If a BCU supervisor disagrees with ICE's determination of whether or not the requestor is an enforcement priority, the BCU should ask local counsel for assistance in contacting local ICE counsel to discuss the reasons why USCIS believes this individual is or is not an enforcement priority. The Service Center's local counsel can seek assistance from USCIS Headquarters' Office of the Chief Counsel to contact ICE, if necessary.

**The revised DACA FAQs and form I-821D have been published:**

- http://www.uscis.gov/i-821d
- http://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-daca
- http://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-process/frequently-asked-questions

DEF - 00005926

# DEF-INTERV.

# EX. 230

| | |
|---|---|
| **From:** | Hoatson, Mary A <​█████████@uscis.dhs.gov> |
| **Sent:** | Monday, August 11, 2014 8:57 AM |
| **To:** | Holmes-Okeawolam, Malethea S <​█████████████@uscis.dhs.gov> |
| **Subject:** | RE: Diploma mill question |

Good Morning Malethea:  Yes, DACA is spread over four lines.  As we are a year into the product, it appears the lines each have their "specialty".

- Sarah Posvar – DACA BCU
- Alisha Soucie – Initial DACA & Data Integrity (sweeps, etc.)
- Karen Petersen – Initial DACA, Diploma Mill cases, Customer Service (CCS, Congressional, etc.)
- Me – DACA Renewals, ICE Deferred Renewals, Training, ECHO

I am currently detailed to participate in an Executive Development Program.  Karen Petersen is covering my team.

Please let me know if you need any further information.

Thank you,

Mary

---

**From:** Holmes-Okeawolam, Malethea S
**Sent:** Friday, August 08, 2014 2:19 PM
**To:** Hoatson, Mary A
**Subject:** RE: Diploma mill question

Thank you Mary.  I appreciate the information.  If you need anything from TX, just let me know.  If you don't mind that I'm asking, you all have a pretty large organization.

Here at TSC, It's just me and Kimberly Vogt over DACA.

She's the Section chief for the Background check unit.

In your office, the DACA mgmt. team consists of Neil, you, Sarah, Alisha and Karen, right?

Sarah is responsible for BCU DACA.

Your responsibility:

Alisha:

Karen:

I want to share this information with my mgmt. team.

Once again, thanks for your help.

Confidential



Malethea Holmes-Okeawolam
Section Chief
Texas Service Center
US Citizenship and Immigration Services
US Department of Homeland Security
P.O. Box 565088
Irving, Texas 75356-5088
Locator: 8-1N-1214
Phone: (214) 962-█████
Email: ████████████████████████ @uscis.dhs.gov
Web: http://██████████████████████████

---

**From:** Hoatson, Mary A
**Sent:** Friday, August 08, 2014 7:00 AM
**To:** Holmes-Okeawolam, Malethea S
**Subject:** RE: Diploma mill question

Good Morning Malethea:  Good to hear from you …. Hope all is well in TX!  Yes, NSC has denied some of the diploma mill cases.  Actually, Section Chief Karen Petersen's group was the lead on these cases.  In you need specifics, Karen would be a great contact.
Take Care,
Mary

---

**From:** Holmes-Okeawolam, Malethea S
**Sent:** Thursday, August 07, 2014 5:16 PM
**To:** Hoatson, Mary A
**Cc:** Soucie, Alisha D
**Subject:** Diploma mill question

Mary,

Have you denied any diploma mill cases yet?  Since the new language (at the time of filing) has been added, most of them will be denied, right?

Just curious……



Malethea Holmes-Okeawolam
Section Chief
Texas Service Center
US Citizenship and Immigration Services
US Department of Homeland Security
P.O. Box 565088
Irving, Texas 75356-5088
Locator: 8-1N-1214
Phone: (214) 962-███
Email ████████████████████ @uscis.dhs.gov
Web: http://████████████████████