**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT-INTERVENORS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# Volume 11

# Exhibits 231 - 243

# DEF-INTERV.

# EX. 231

| | |
|---|---|
| **From:** | Dunning, Pacentia M <█████████████@uscis.dhs.gov> |
| **Sent:** | Wednesday, October 1, 2014 12:16 PM |
| **To:** | Dershem, Stephen W (Steve) <█████████████@uscis.dhs.gov>; Dinh, Kristi K <█████ @uscis.dhs.gov>; Dubois, Kent S <█████████@uscis.dhs.gov>; Frazier, Terresa L <█████████@uscis.dhs.gov>; Nguyen, Lily T <█████@uscis.dhs.gov>; Patel, Jyoti A <█████████@uscis.dhs.gov>; Van-Wagenen, Lowell F <█████████ @uscis.dhs.gov>; Villegas, Pilar (Pily) <█████@uscis.dhs.gov> |
| **Subject:** | FW: DACA ECN Update: New internal DACA FAQ |

FYI

**From:** Nguyen, Carolyn Q
**Sent:** Wednesday, October 01, 2014 8:30 AM
**To:** Rogers, Kathryne J; McMahon, Gerald K; Aquino, Leo A; Dewitty-Davis, Janine L; Dunning, Pacentia M; Onuk, Semra K; Tailor, Anisa M; Tran, Linhdieu A; Wang, Jerry
**Subject:** FW: DACA ECN Update: New internal DACA FAQ

**From:** HQSCOPSDACA
**Sent:** Tuesday, September 30, 2014 9:23 AM
**To:** Soucie, Alisha D; Holmes-Okeawolam, Malethea S; Nguyen, Carolyn Q; Sherman, Lori A
**Cc:** Parsons, Tracey E; Massey, Scott A; Roman-Riefkohl, Guillermo; HQSCOPSDACA
**Subject:** DACA ECN Update: New internal DACA FAQ

Good afternoon,

I uploaded a *new* internal DACA FAQ on Pending Criminal Proceedings – Deferred Prosecution, Pre-Trial Diversion or Rehabilitative onto DACA ECN. For your convenience, below you'll see an image showing its location within DACA ECN. I also copied the new FAQ.

Thank you.

guillermo



| Title | Pending Criminal Proceedings – Deferred Prosecution, Pre-Trial Diversion or Rehabilitative Programs |
|---|---|
| Question | How should Centers process a case where the requestor has entered into a deferred prosecution, pretrial diversion or rehabilitative program, and completion of such program will remain pending for more than 6 months from the time a Center receives the related court documents? |
| Answer | Deferred prosecution, pretrial diversion or rehabilitative programs that do not require the defendant to plead guilty or nolo contendere or require the court to make any finding of guilt do not constitute a conviction for immigration purposes. However, for DACA purposes, certain pending criminal charges may raise public safety concerns which should be factored into whether or not a requestor merits a favorable exercise of prosecutorial discretion. |

1) If a requestor's court case indicates criminal charges will remain pending for <u>more than 6 months</u> from the date a Center receives the related court documents (e.g., in the initial filing or in response to an RFE), please follow the guidance outlined below:

      a) Each request should be evaluated on a case-by-case basis, taking into account the totality of the evidence to determine whether the requestor warrants a favorable exercise of prosecutorial discretion.

      b) The criminal charges specific to each case should be thoroughly reviewed to determine whether they raise a public safety concern. Additionally, ISO's should determine whether a potential conviction of the charge(s) within the file would constitute a felony, significant misdemeanor, or three or more other misdemeanors as this may also impact whether prosecutorial discretion is warranted.

      c) A recommended decision on the DACA request should be forwarded for supervisory approval and clearance from local counsel before a final determination is made.

      d) All denials of Form I-821D for cases that fall under the scenario described above should be processed using the checkbox in Appendix F which states: "you have not established that you warrant a favorable exercise of prosecutorial discretion."

2) Alternately, if a requestor's court case indicates the pending criminal charges will be resolved <u>within 6 months</u> from the date a Center receives the related court documents (e.g., in the initial filing or in response to an RFE), Centers should

DEF - 00000629

withhold adjudication of the DACA request to await the outcome of the court proceedings and follow the guidance outlined below:

    a) If the requestor successfully complies with the court order and the charges are subsequently dropped, the case should be adjudicated on its merits taking into account the totality of the evidence.

    b) If the requestor fails to comply with the court order, resulting in a disqualifying conviction for DACA purposes, the case should be processed accordingly.

**Please note: The guidance above also applies to cases in which court proceedings have been repeatedly continued to a future date or have been continued indefinitely.**

**Centers are no longer required to elevate these cases to SCOPS attention unless they encounter a novel, complex or sensitive case.**

Guillermo Roman-Riefkohl
Adjudications Officer
SCOPS
202.272.█████

DEF - 00000630

# DEF-INTERV.

# EX. 232

| | |
|---|---|
| **From:** | King, Alexander R </O=DHS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=███████████DHS.GOV> |
| **Sent:** | Friday, June 8, 2018 9:35 AM |
| **To:** | Beveridge, Jennifer L (Jenna) <██████████@uscis.dhs.gov>; Nettleton, Spencer C (CTR) <s██████████@uscis.dhs.gov>; Mayhew, Michael X ██████████v@uscis.dhs.gov>; OCC-Clearance <OCC-Clearance@uscis.dhs.gov> |
| **Cc:** | Stiefel, Nathaniel I <██████████@uscis.dhs.gov>; Ritualo, Amy R <██████████@uscis.dhs.gov>; Hoefer, Michael D <██████████@uscis.dhs.gov>; Woerz, Bret A <██████████@uscis.dhs.gov>; Catania, Kathryn A <Kathryn.A.Catania@uscis.dhs.gov>; Rather-Jones, Kimberli <██████████@uscis.dhs.gov>; Neufeld, Donald W <██████████@uscis.dhs.gov>; Colucci, Nicholas V <██████████@uscis.dhs.gov>; Hutchings, Pamela G <██████████@uscis.dhs.gov>; Freeman, Mark C <██████████@uscis.dhs.gov>; SCOPS-Clearance <██████████@uscis.dhs.gov> |
| **Subject:** | RE: DACA Tables for Clearance |

Hi Jenna,

SCOPS clears the DACA IDENT data with the following understanding. **DP**

# DP

SCOPS general response to the posted data is as follows:

The DACA IDENT data posted publicly on the USCIS website represents information obtained strictly from a DACA requestor's Record of Arrests and Prosecutions, commonly referred to as a RAP sheet. The data does not capture the final court disposition for any of the arrest records listed on an individual's RAP sheet. Therefore, it is possible that a charge or charges listed on a RAP sheet were dismissed, not prosecuted, lowered to a lesser charge or that the individual was found not guilty of the listed charge. Additionally, the data does not indicate whether an individual continues to have valid DACA.

All individuals requesting DACA undergo mandatory security checks which include an FBI fingerprint check. When an arrest record is revealed through security checks, or the DACA requestor indicates a prior arrest on the Form I-821D, USCIS officers are instructed to obtain certified court dispositions for each arrest, with the exception of minor traffic offenses not involving drugs or alcohol. Officers review the court dispositions along with the results of security checks before making a decision on a DACA request. **DP**

**DP**

**DP** However, USCIS cannot systematically pull final court dispositions from DACA recipients' cases records as this data is not electronically captured. USCIS will not comment on individual cases.

Under the DACA guidelines, an individual may not be considered for DACA if he or she has been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and does not otherwise pose a threat to national security or public safety.

Decisions on DACA requests are made on a case by case basis under the totality of the circumstances. USCIS is examining the data to validate internal procedures and quality assurance.

DEF - 00001693

I've added SCOPS Senior leadership for visibility.

Thank you,
Alex

**From:** Beveridge, Jennifer L (Jenna)
**Sent:** Thursday, June 07, 2018 1:55 PM
**To:** Nettleton, Spencer C (CTR); King, Alexander R; Mayhew, Michael X; OCC-Clearance
**Cc:** Stiefel, Nathaniel I; Ritualo, Amy R; Hoefer, Michael D; Woerz, Bret A; Catania, Kathryn A; Rather-Jones, Kimberli
**Subject:** RE: DACA Tables for Clearance

Good afternoon, All,

Thanks to everyone that has submitted their clearance to me already – much appreciated. FYI, we are putting this through the official clearance processes today (G-1056) so other offices have visibility.

With thanks,
Jenna

**From:** Beveridge, Jennifer L (Jenna)
**Sent:** Wednesday, June 06, 2018 5:46 PM
**To:** Nettleton, Spencer C (CTR); King, Alexander R; Mayhew, Michael X; OCC-Clearance
**Cc:** Stiefel, Nathaniel I; Ritualo, Amy R; Hoefer, Michael D; Woerz, Bret A
**Subject:** DACA Tables for Clearance

Dear SCOPS, OPQ, IRIS, and OCC,

As you may be aware, OP&S analyzed data on DACA requestors with an IDENT response and drafted tables showing these analyses. **DP**
**DP** I am writing to request your review and clearance of these tables (attached) by 12:00pm noon Friday, if possible. Please let us know if you have any questions or if you don't think you'll be able to meet the requested timeframe.

With thanks,
Jenna

**Jenna Beveridge**
Acting Deputy Chief
Research and Evaluation Division
USCIS | Office of Policy and Strategy
p: 202.272 | @uscis.dhs.gov

This email, along with any attachments, is intended solely for the use of the addressee(s) and may contain information that is sensitive or protected by applicable law. Unauthorized use or dissemination of this email and any attachments is strictly prohibited. If you are not the intended recipient, please notify the sender and delete or destroy all copies. Thank you.

 DEF - 00001694

# DEF-INTERV.

# EX. 233

| **From:** | McGee, Daniel J <████████@uscis.dhs.gov> |
|---|---|
| **Sent:** | Tuesday, June 26, 2018 11:40 AM |
| **To:** | Esteb, Jessica M <████████@uscis.dhs.gov> |
| **Subject:** | FW: DACA denials and public safety - RP 5 |

## Daniel McGee

Immigration Services Officer | Texas Service Center | Security and Fraud Team
United States Citizenship and Immigration Services
Office: **214 962-████** Office locator: **7-5N-WAH**

CONFIDENTIALITY NOTICE: The information contained in (or attached to) this e-mail is For Official Use Only / Law Enforcement Sensitive (FOUO/LES) and should be considered Sensitive but Unclassified. This communication (including attachments) is covered by the Electronic Communication Privacy Act, U.S.C. Sections 2510-2521. It is intended only for the party to whom it is addressed and may contain privileged and confidential information. Any unauthorized use, dissemination or copying of this communication is prohibited. If you have received this communication in error, please notify me immediately by replying to this e-mail and delete any copies from your computer.

**From:** Vogt, Kimberley H
**Sent:** Tuesday, June 02, 2015 3:06 PM
**To:** Kennard, Michael E; Reyes, Juan C; Ortiz, Joseph X; McGee, Daniel J; Johnson, Leslie K; Roberts, Christie E; Lincoln, Quanshateshia A; Denison, Ana M
**Cc:** Lee, Tyronda E; Liu, Jerry; Lopez, Jose M; Nourie, Jeramie T; Brasel, Patricia
**Subject:** FW: DACA denials and public safety
**Importance:** High

Since each of you have been working DACA in some capacity recently I wanted to be sure to reiterate what I previously stated which is that TSC now denies significantly more DACA cases based on our view of discretionary denials shifting to be more in line with HQ ┊ **DP** ┊ Every case is different so we have to review the totality of the circumstances of each case. However, I want to be clear that this can and will include denying renewals even if the crimes involved were all known before the initial grant. It can even include looking into DACA grants by other Service Centers when all we have is a 765 for a replacement card or a 131. It can include cases where there was no conviction and just a series of arrests. That's not to say that we are re-adjudicating the original DACA grant for every renewal case. But we also aren't looking the other way just because of a previous approval. If we wouldn't approve it now as an initial, we shouldn't approve it now just because it's a renewal.

Of particular concern are crimes that are violent or sexual in nature, crimes against children, and anything related to gangs or drug cartels. Below is the list of examples I previously provided. In addition, for whatever it's worth, the supervisors and I also like to jokingly say our standard is whether or not you would want to live next door to the person. If you are ever in doubt, please feel free to see me or any of the other BCU supervisors. We're always happy to help.

Kim

Some examples of things that could be denied based on the totality of the circumstances:
1. Significantly high number of juvenile crimes
2. All juvenile crimes but there's a pattern to the juvenile crimes where the severity of the crime is escalating
3. All juvenile crimes but they are violent or sexual in nature (rape, assault, etc)
4. Two misdemeanors and neither is considered significant but one is for assault and battery. The assault wasn't domestic violence related but it's still violent in nature so the person could be viewed as a threat to the public.

DEF - 00001731

5. One juvenile misdemeanor, one adult misdemeanor and both were before DACA was granted. Then a 2nd adult misdemeanor after DACA was granted. Because one is juvenile, it's not 3 technically misdemeanors and none are considered significant. But because the new charge came after he was granted DACA along with the pattern of behavior he could be viewed as not meriting a favorable exercise of discretion.

**From:** Vogt, Kimberley H
**Sent:** Tuesday, April 07, 2015 3:58 PM
**To:** Andrieu, Robert C; Chan, Victoria S; Cobb, Melissa M; Dacloush, Nabil S; Davis, James S; Denison, Ana M; Edwards, Brenda C; Fry, Alex Z; Haba, Calvin W; Hight, Linda M; Hoe, Christopher J; Hutton, Carolyn K; Johnson, Leslie K; Justus, Russell L; Kennard, Michael E; Lashman, Louis L; Lincoln, Quanshateshia A; Martin, Mary S; McGee, Daniel J; Morin, Amanda A; Ortiz, Joseph X; Parker, John E; Reyes, Juan C; Roberts, Christie E; Six, Marina S (Silvia); Smitherman, Samuel M; Smithey, Christopher M; Tarbet, Jason A; Ursery, Joseph R; Wade, Lynn C; Weisenbach, Gregory X; Whalen, Stephanie R; Williams Stubbs, Velma L
**Cc:** Brasel, Patricia; Liu, Jerry; Lee, Tyronda E; Nourie, Jeramie T
**Subject:** DACA denials and public safety
**Importance:** High

BCU Team,

As we prepare to attend DACA refresher training on Thursday, I just want to be sure everyone is clear on a couple things.

First, DACA can be denied if we determine that the person doesn't merit a favorable exercise of discretion. One of the reasons we would determine that they don't merit a favorable exercise of discretion is based on possible public safety concerns or the totality of the circumstances.

Second, the definition of a public safety concern for a DACA discretionary denial is not the same definition as the definition of public safety as it relates to referring someone to ICE. For DACA, first a PS officer determines if we need to do an RTI based on the RTI definition of public safety. Then once that's done, a BCU DACA officer needs to decide if we need to deny the case and that includes deciding if we need to do a discretionary denial based on the DACA discretionary denial definition of public safety. Therefore, someone could not meet the definition of EPS for a referral to ICE but still be considered a public safety concern for DACA.



I've listed below some examples of things that could be denied based on the totality of the circumstances:
1. Significantly high number of juvenile crimes
2. All juvenile crimes but there's a pattern to the juvenile crimes where the severity of the crime is escalating
3. All juvenile crimes but they are violent or sexual in nature (rape, assault, etc)
4. Two misdemeanors and neither is considered significant but one is for assault and battery. The assault wasn't domestic violence related but it's still violent in nature so the person could be viewed as a threat to the public.
5. One juvenile misdemeanor, one adult misdemeanor and both were before DACA was granted. Then a 2nd adult misdemeanor after DACA was granted. Because one is juvenile, it's not 3 technically misdemeanors and none are considered significant. But because the new charge came after he was granted DACA along with the pattern of behavior he could be viewed as not meriting a favorable exercise of discretion.

Please bear these issues in mind as we head into DACA refresher training. I'd hate for anyone to slow the class down trying to debate the definition of Public Safety with the class. It's different as it relates to the discretionary denial. No debate is needed on that topic. Having said that, you are welcome to ask as many questions as you like in the training to attempt to get a better understanding of the appropriate use of the discretion since we will be using it much more in the future. If you have any questions, comments or concerns, please feel free to let me know.

Kim

DEF - 00001733

# DEF-INTERV.

# EX. 234

| | |
|---|---|
| **From:** | McGee, Daniel J <​        @uscis.dhs.gov> |
| **Sent:** | Tuesday, June 26, 2018 11:42 AM |
| **To:** | Esteb, Jessica M <​        @uscis.dhs.gov> |
| **Subject:** | FW: DACA - Juvenile Delinquency - RP 5 |

**Daniel McGee**
Immigration Services Officer | Texas Service Center | Security and Fraud Team
United States Citizenship and Immigration Services
Office: **214 962-** | Office locator: **7-5N-WAH**

CONFIDENTIALITY NOTICE: The information contained in (or attached to) this e-mail is For Official Use Only / Law Enforcement Sensitive (FOUO/LES) and should be considered Sensitive but Unclassified. This communication (including attachments) is covered by the Electronic Communication Privacy Act, U.S.C. Sections 2510-2521. It is intended only for the party to whom it is addressed and may contain privileged and confidential information. Any unauthorized use, dissemination or copying of this communication is prohibited. If you have received this communication in error, please notify me immediately by replying to this e-mail and delete any copies from your computer.

**From:** Vogt, Kimberley H
**Sent:** Friday, June 28, 2013 10:59 AM
**To:** Andrieu, Robert C; Brasel, Patricia; Cecil, Elizabeth D; Chan, Victoria S; Davis, James S; DiAndrea, Ryan M; Dyer, L V; Fry, Alex Z; Gale, Kathy J; Grega, Barbara A; Haba, Calvin W; Hight, Linda M; Hoe, Christopher J; Hutton, Carolyn K; Johnson, Leslie K; Kennard, Michael E; Lashman, Louis L; Martin, Mary S; McGee, Daniel J; Morin, Amanda A; Nourie, Jeramie T; Ortiz, Joseph X; Parker, John E; Pitts, Quanshateshia A; Reyes, Juan C; Roberts, Christie E; Six, Marina S (Silvia); Smitherman, Samuel M; Smithey, Christopher M; Ursery, Joseph R; Weisenbach, Gregory X; Whalen, Stephanie R
**Cc:** Lopez, Jose M; Dashner, Richard E; Lee, Tyronda E; Walters, Frances L
**Subject:** DACA - Juvenile Delinquency

BCU team,

| |
|---|
| **DP** |
| DP |

been happening in the last month.

I chatted with my counterpart at the NSC who indicated that they had run into a similar issue and that for those cases they fell back on "You have not established that you warrant a favorable exercise of prosecutorial discretion" and went through HQ to deny the cases based on that rather than pursuing them as a threat to public safety. NSC was successful in denying those cases. Just because someone was charged as a juvenile does not automatically mean we should overlook what they did. We've seen plenty of crimes charged as juvenile offenses that were very serious up to and including crimes in which someone was killed as well as sexual offenses.

Please note that this would not be warranted in situations that are the more minor juvenile offenses. The determination of how to proceed on these cases would have to made on a case by case basis. But it's also worth noting that NSC was successful in pursuing denials like this even in cases where the requestor completed their sentence, got their diploma and then had a clean record as a gainfully employed person for the next 12 years. Every case has a different set of facts involved and all of the facts must be considered.

| |
|---|
| **DP** |

Please be aware of this when you receive recommended denials back from Counsel review. If you have cases that you think rise to not warranting a favorable exercise of prosecutorial discretion, please bring them to the attention of Jose as well as myself so that we can both support you in being sure they get denied.

On Behalf of the BCU Supervisors,
Kim

# DEF-INTERV.

# EX. 235

It is impossible to list all minor traffic offenses valid for all States; however, some supervisors asked for additional examples.  The following is a list of offenses considered to be **minor traffic violations**.  Again, this is not an all-inclusive list of violations.

- Blocking or retarding traffic
- Careless driving
- Crossing yellow line; driving left of centerline
- Disobeying traffic lights, signs or signals
- Driving on shoulder
- Driving under restraint (unless it involves injury, drugs or alcohol)
- Driving uninsured vehicle
- Driving while license suspended/revoked/invalidated (unless it involves injury, drugs or alcohol)
- Driving with blocked vision
- Driving with expired plates or without plates
- Driving without a license in possession
- Driving without registration or with improper registration
- Driving wrong way on one-way street
- Failure to comply with officer's directives
- Failure to have vehicle under control
- Failure to keep to right of in line
- Failure to signal
- Failure to submit report following accident
- Failure to yield right-of-way
- Failure of equipment (such as, detective exhaust, horn, lights, mirror, muffler, signal device, steering device, tailpipe, or windshield wipers)
- Following too closely
- Improper backing, backing into intersection or highway; backing over crosswalk
- Improper blowing of horn
- Improper parking (such as, restricted area, fire hydrant, double parking, overtime parking)
- Improper passing (such as, passing on right, in no-passing zone, passing parked school bus, pedestrian in crosswalk)
- Improper turn
- Leaving key in ignition
- License plate improperly displayed or not displayed
- Operating overloaded vehicle
- Reckless driving (unless it involves injury, drugs or alcohol)
- Speeding
- Spinning wheels; improper start, zigzagging; or weaving in traffic

Updated: 02/04/2014

DEF - 00001901

# DEF-INTERV.

# EX. 236

# DACA BCU Picnic Rap Session Agenda and Notes – May 16, 2018



Sean

- Opening remarks and State of DACA BCU
    - We aren't sure what the future holds for DACA.
- Introduction of new people – Adrian and Dan
- Denial Language
    - Don't add/change the language of DACA denials unless the standard specifically calls for it.

Adrian

- When to run all rules
    - Make sure to run all rules if the requestor has an IDENT and marked "yes" to criminality.
    - It's a good rule of thumb to just run all rules on every case.
- Initial vs. renewal guidance
    - Last DACA validity period expired 09/05/2016 and after – renewal
    - Last DACA validity period expired 09/04/2016 and before - initial

Jenell

- Significant Misdemeanor overview
    - Crimes
        - DUI
        - Burglary
        - Domestic Violence (DV)

Confidential

DEF - 00001983

- Firearms
- Drug trafficking / distribution
- 91+ days of jail (sentenced to)
  - o Must first be a misdemeanor
  - o Requires a conviction
- DV guidance – Clarification on March 2014 guidance change, RFE and NOID language/issuance
  - o DACA changed DV rules in March 2014 to allow cases stemming from DV to be considered a significant misdemeanor. Prior to that date the conviction statute had to specifically involve elements of DV. After that date any misdemeanor conviction related to DV is considered a significant misdemeanor. Cases adjudicated under previous guidance will continued to be treated under the previous guidance.
- RFE vs. NOID
  - o Clearly ineligible (have court documentation) – NOID
  - o Not clearly ineligible – RFE
  - o When in doubt – RFE
- Advice on checking for prior criminality resolutions
  - o When reviewing previous criminality, check pending and prior cases section of ELIS to see if the criminality was previously resolved. This can be done by checking ECHO (even if they are old WAC/EAC/SRC receipts) for resolution memos and/or RFEs for the criminality. You can also check case history for indication that the case was previously resolved.
  - o Review the totality of the evidence
    - i.e. if an RFE was sent for prior criminality and the case was subsequently approved, it was probably cleared.

Sara

- Time in custody guidance
  - **Q: Does time served pre-trial count as time in custody for a significant misdemeanor?**

    A. Yes. Credit for time served pre-trial counts as time in custody.

Confidential

DEF - 00001984

Please keep in mind that the the second half of the significant misdemeanor definition requires that the individual have been "*sentenced* to time in custody of more than 90 days." This would mean the first step in the process is to look at the actual sentence, then to look at how much time was served on that sentence. Credit for time served only counts up to the amount of the sentence imposed. For example, if a sentence is for 180 days imprisonment with 100 days suspended, it is not a significant misdemeanor based on the sentence. However, if a sentence is for 180 days imprisonment with 100 days suspended, but the person also received credit for 15 days served pre-trial, then it is a significant misdemeanor because they were *sentenced* to more than 90 days and *actually served* more than 90 days.

- o Previously we counted all time in custody pre-trial towards the 91+ days required for a misdemeanor to be considered an significant misdemeanor. Now we will only count that time if the requestor is actually sentenced to more than 90 days. While suspended sentence time doesn't typically count toward the 91+ day count, if the requestor is sentenced to more than 90 days and with pre-trial custody ends up spending 91+ days in custody (not looking at good time, early release, etc.), then they will have a significant misdemeanor conviction on the basis of time served.
- ICE Encounters / NTAs / Inland Empire information
  - o ICE custody – if the requestor is in ICE custody at the time of filing and the time of adjudication, USCIS does not have jurisdiction over the DACA request. The jurisdiction falls to ICE and USCIS will deny for lack of jurisdiction.
  - o If a requestor is in ICE custody at the time you are looking at the case, please see Sara or Jenni prior to taking any action.
  - o If you are contacted by ICE and they indicate the requestor is an enforcement priority, please see Sara or Jenni prior to taking any action.
  - o If a NTA was issued to a DACA requestor after 01/17/2017 and no Notice of Action (termination) was issued by USCIS, please see Sara or Jenni prior to taking any action. If you can see the requestor had DACA terminated and subsequently reapproved, the NTA and termination will have no impact on the DACA request. Please adjudicate on the merits of the case without consideration of the NTA or termination.
  - o Litigation/Injunctions
    - The DACA program is currently in the middle of many Federal court cases and is subject to many preliminary injunctions. We are currently processing DACA renewals as a result of the Regents case. There have been two other

Confidential      DEF - 00001985

judges that have ruled DACA renewals must continue for the time being, with one judge issuing a decision that we have to begin accepting DACA initial filings with a 90 day delay. The Inland Empire class action led to a preliminary injunction requiring USCIS to reinstate the DACA for several hundred requestors who were terminated without being given due process in violation of the APA. The NSC processed a majority of cases. Sara's team was absolutely incredible in handling this work load and impressed even the highest of agency officials.

- ○ EPS Referrals
  - ▪ Drug trafficking is not officially EPS under the November 2011 NTA memo. However, for DACA we treat members and associates of drug trafficking organizations similarly to EPS. If you have indicators that suggest an individual could be part of drug trafficking organization, to include trafficking large quantities of drugs, please refer those cases to EPS. Do not refer cases involving drug possession to the EPS team.
  - ▪ When you have a possible EPS crime on the RAP sheet that is a recent arrest (within 6 months), refer to the EPS team without further action. If the arrest was more than 6 months prior you looking at the case, please RFE/NOID before you send the referral. If the charge is dismissed or reduced to a non-EPS crime, it does not need to be referred.
  - ▪ We have been seeing some inappropriate referrals to the EPS queue. Please review the EPS definition prior to referring cases to the EPS team.
    - • National Security and Egregious Public Safety Referrals

Jenni

- • Felony traffic guidance

  **Q:  What do I need to know about minor traffic offenses?**

  A.  In DACA BCU, we don't have a "list", so to speak, of violations that qualify as minor traffic only.  We use our discretion and common sense:

  - • As a general rule, if the crime is not related to driving under the influence (drugs or alcohol) or death, the crime will be treated as a minor traffic violation.

Confidential

- A minor traffic violation will not be considered a misdemeanor to constitute one of the "three single misdemeanors" for a denial, per the DACA SOP, page 83.
- Additionally, since a minor traffic violation is not considered to be a misdemeanor, it therefore cannot be a *significant* misdemeanor, regardless of how much time they were sentenced to serve.
- Beginning 05/10/2018 – when a traffic offense is classified as a felony, it is not a "minor" traffic offense. Based on the instructions in the DACA FAQ and Form 821D regarding traffic violations, such charges may not always be readily available to an officer unless the requestor submits the court dispositions or the RAP sheet reflects the felony charge/conviction. However if such information is available for review because the RAP sheet reveals the charge is for a felony or the requestor submitted court dispositions when they filed the request showing the charge is a felony, the charge should be treated as a potential felony conviction.

The NSC will not be required to go back and reopen previously approved cases; however, going forward, if a case has any elements of a traffic felony conviction it should be raised to local counsel or elevated to SCOPS for adjudicative guidance as needed.

As this is a change in the way the NSC has viewed the policy regarding minor traffic violations, please see your SISO or Senior with any cases you believe may fall under this guidance.



DACA Motor Vehicle
Felony.msg

- o You are not required to research every traffic violation that you come across. If the charge is not clearly indicated as a felony on the RAP sheet or in the documentation the requestor provided with their DACA request, you do not need to do further research to determine if the charge is a felony. If there is indication that the charge is a felony, review the statute to ensure it meets the federal definition of felony, and send an RFE/NOID as appropriate.
- o If you see a charge that was previously resolved as minor traffic and it is clearly indicated on the RAP sheet or court documents submitted that the charge is a felony, you will need to review it as a felony as outlined above.
- TECS guidance what names to run vs. what is exempted by NaBISCOP
  - o The general rule of thumb for what to query in TECS is to "key what you see"; however, NaBISCOP does provide several exemptions as to what aliases need to be queried. Those exemptions include:
    - ▪ Names found in affidavits
    - ▪ Envelopes
    - ▪ Signatures

Confidential

DEF - 00001987

- Name variants section of NaBISCOP
- AKA section of NCIS
- Aliases in TECS

http://ecn.uscis.dhs.gov/team/fdns/FDNSDocuments/NaBISCOP-Handbook-Section-V.pdf#page=15

Confidential

DEF - 00001988

# DEF-INTERV.

# EX. 237



Confidential



Confidential

## How has ICE's mission changed under the new administration?

- **Executive Orders on Protecting the Homeland: What DHS is Doing**
  - "In January 2017, the president announced a series of Executive Orders that provide the Department with additional resources, tools and personnel to carry out the critical work of securing our borders, enforcing our immigration laws, and ensuring that individuals who pose a threat to national security or public safety cannot enter or remain in our country."

    -Whitehouse.gov

3

DEF - 00002076

## How has ICE's mission changed under the new administration?

- Following the Executive Orders, on February 20, 2017, DHS Secretary John Kelly issued 2 implementation memos which constitute guidance for all Department personnel regarding the enforcement of the immigration laws of the United States, and are applicable to the activities ICE, CBP, and USCIS.

4

DEF - 00002077

# How has ICE's mission changed under the new administration?

- *Enforcement of the Immigration Law to Serve the National Interest*

- PEP: Priority Enforcement Program created by the 2014 ICE enforcement priorities memorandum no longer exists. ICE previously categorized their enforcement priorities in to different tiers based upon the nature of the criminal offense (Priority 1, Priority 2, etc.). The purpose of this was to try use the resources they had to go after the "big fish". Under the new E.O., ICE will no longer exempt classes or categories of aliens from potential enforcement.

5

DEF - 00002078

# How has ICE's mission changed under the new administration?

- What are ICE's new "enforcement priorities"? Removable aliens who...
- have been convicted of any criminal offense;
- have been charged with any criminal offense that has not been resolved;
- have committed acts which constitute a chargeable criminal offense;
- have engaged in fraud or willful misrepresentation in connection with any official matter before a governmental agency;
- have abused any program related to receipt of public benefits;
- are subject to a final order of removal but have not complied with their legal obligation to depart the United States; or
- in the judgment of an immigration officer, otherwise pose a risk to public safety or national security.

# How has ICE's mission changed under the new administration?

- Exemption for DACA program (Page 2 of the Kelly implementation memo):

   With the exception of the June 15, 2012, memorandum entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children," and the November 20, 2014 memorandum entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents,"[1] all existing conflicting directives, memoranda, or field guidance regarding the enforcement of our immigration laws and priorities for removal are hereby immediately rescinded—to the extent of the conflict—including, but not limited to, the November 20, 2014, memoranda entitled "Policies for the Apprehension, Detention and Removal of Undocumented Immigrants," and "Secure Communities."

7

DEF - 00002080

## How has ICE's mission changed under the new administration?

- Secure Communities Program has been reinstated.
- May also see references to the Criminal Alien Program (CAP) in EARM as the memo directs its expansion.
- 287(g) program "highly successful force multiplier that allows a qualified state or local law enforcement officer to be designated as an "immigration officer" for purposed of enforcing federal immigration law."

Confidential

# What do I do if ICE contacts me?

- There are several reasons ICE may contact you:
  - TECS record
  - Terminations request
  - Requestor in ICE custody
  - Question about DACA
  - Request for information in A-file

Confidential

## What do I do if ICE contacts me?

- TECS record – ICE may notice that you have reviewed one of their TECS records in the process of adjudicating the DACA request. If ICE reaches out to you, simply explain that you are a USCIS Immigration Officer who accessed the record during a routine background check for a pending DACA request. You may also want to ask if there is any additional information ICE wishes to share with us that may impact consideration of the DACA request.

10

DEF - 00002083

# What do I do if ICE contacts me?

- Termination request – Please forward all requests for termination to the NSC DACA BCU Terminations mailbox. Our terminations officers, Carol Wagener, Charlotte Koranda, and Mark Filip will handle all such requests. If you have any questions, please reach out to a supervisor or senior.
- If ICE serves an NTA upon a DACA requestor during the DACA validity period, it will automatically terminate DACA. The terminators will issue a Notice of Action informing the DACA recipient of the effect of the NTA on their DACA.



11

DEF - 00002084

# What do I do if ICE contacts me?

- DACA can also be terminated for other reasons:
  - Travel without advanced parole
  - Pending EPS charges or a conviction of an EPS offense
  - Conviction for a Felony, Significant Misdemeanor, or 3 or more Misdemeanors
  - Fraud finding post-adjudication

12

DEF - 00002085

# What do I do if ICE contacts me?

- Requestor in ICE custody
  - **In ICE custody at time of filing and adjudication**
    - USCIS does not have jurisdiction. Deny for lack of jurisdiction
      - Check custody status from the link on the reference page and/or EARM

Confidential

# What do I do if ICE contacts me?

- Requestor in ICE custody
  - **For Requestors in ICE custody <u>after filing DACA,</u> and still in detention at the time of adjudication:**
    - Per the SCOPS internal FAQs, the DACA BCU will contact local ICE operations having jurisdiction over the requestor to determine:
      - Does ICE object to the approval of the DACA request? If so, on what basis?
      - Does ICE intend to administratively close the proceedings or physically release the requestor within 30 days?

Confidential



Confidential

# What do I do if ICE contacts me?

- Question about DACA – General DACA questions may be forwarded to the NSC DACA BCU mailbox. Officer Karen Kucera handles this mailbox, and also currently adjudicates our congressional inquiry cases. If you feel you have enough information to adequately answer the question, you may. Again, your supervisor or senior is also a resource.

16

DEF - 00002089

## What do I do if ICE contacts me?

- Request for information in A-file – There are strict parameters in place regarding the release of DACA information to outside agencies. If the request is related to a pending DACA filing, please forward it to the NSC DACA BCU mailbox. Other information in the A-file may be released to ICE.
  - Can provide information if requested as part of TECS resolution.

Confidential

# Referrals to ICE

- USCIS and ICE have an MOU that directs USCIS to send EPS cases to ICE pre-adjudication for many form types, including DACA.
- Cases are required to be held in suspense for a minimum of 60 days.
- RTIs are reviewed by ICE's National Criminal Analysis and Targeting Center (NCATC).
- ICE will inform USCIS if they accept or decline the referral, and adjudication can resume.

Confidential

# EPS Information

- Evidence – court documents, police reports, in the criminality questions in Part 4 of the I-821D, photos.
- RAP sheet
- EARM – Look out for GANG INFO!
- TECS/NCIC

Confidential

# EPS Referrals in ELIS

- Cases in the IDENT queue:
  - You should see the Case Referral Button at the top of the screen for MOST cases. If you do NOT have the Case Referral Button, you can use the Add New Referral drop down under the Referrals area of the Risk & Fraud Section:



Confidential    DEF - 00002093

# EPS Referrals in ELIS

- Cases in the TECS queue:
  - Due to the new bypass memo function, you will need to use the Proceed to Adjudication button to move the case to manual adjudication. From there you should see a Case Referral button at the top of the screen which will allow you to create an EPS referral.
  - If you are unable to refer to EPS after attempting these methods, please contact Sara Shafii-Stier for assistance.

21

DEF - 00002094



Confidential

## DTOs

- According to a 2015 Congressional Research Report, Mexico's drug wars claimed more than 80,000 lives between 2006 and 2015.
- Estimates say that the cartels take in between $19-$29 billion dollars annually from U.S. drug sales.
  - http://www.cnn.com/2016/08/18/americas/mexican-drug-cartels/index.html

23

DEF - 00002096

## DTOs

- Most commonly discovered in TECS records. **LE**



- Not defined as EPS under the 11/7/2011 NTA memo which currently guides our RTI referrals, but in April of 2015 SCOPS published an Internal FAQ which gave us permission to treat these cases similar to our DACA gang cases due to the public safety concerns they present.
- Gangs may work for or with DTOs.

24

## DTOs

- Should be referred to the EPS team for review.
- Do not need to refer cases where the requestor was simply in possession of drugs (personal use) or where there is no apparent link to a larger criminal syndicate. If you are unsure, please consult with a senior or supervisor.
- Reminder: A conviction for drug trafficking may also be a Significant Misdemeanor for DACA purposes! In fact, 4 of the DACA Significant Misdemeanors may overlap with EPS concerns. Can you name all 4?

Confidential

## DTOs

- Sinaloa Cartel
- Los Zetas
- Gulf Cartel
- Juarez Cartel
- Los Cabellaros Templarios
- Jalisco New Generation
- Beltran-Leyva Organization
- La Familia Michoacana

Confidential



Confidential                    DEF - 00002100

"The FBI estimates that some 33,000 violent street gangs, motorcycle gangs, and prison gangs with about 1.4 million members are criminally active in the U.S. today. Many are sophisticated and well organized; all use violence to control neighborhoods and boost their illegal money-making activities, which include robbery, drug and gun trafficking, fraud, extortion, and prostitution rings. According to the 2011 National Gang Threat Assessment report, gangs are responsible for an average of 48 percent of violent crime in most jurisdictions, and up to 90 percent in others."

-2011 *FBI National Gang Intelligence Center Threat Assessment Report*

28

Confidential

DEF - 00002101

## Commonly Seen Gangs

- Surenos and associated subsets/cliques.
- MS-13 (Mara Salvatrucha) and associated subsets/cliques.
- 18th Street Gang
- Mexican Mafia (and associated cliques)
- Nortenos
- Latin Kings
- Bloods & Crips
- Houston Tango Blast

29

DEF - 00002102



Confidential

# Known & Suspected Gang Members

## Known Gang Members

- RTI Team validates gang membership by vetting derogatory information in the DACA filing.
- Reach out to record owners, communicate extensively with ICE and local law enforcement agencies.
- Access to gang databases.
- Send a Referral to ICE (unless it meets an exception to referral criteria (e.g. ICE is source of derogatory information, requestor in removal proceedings, etc.)
- Cases are denied in an exercise of prosecutorial discretion.

## Suspected Gang Members

- RTI Team deconflicts information in DACA filing to the best of their ability.
- Send a Referral to ICE unless exception met.
- If unable to determine whether or not requestor is a street gang member and ICE does not accept the referral, then case is referred to the field for an interview.
- When case returns from the field, RTI officer weighs all evidence and uses discretion to determine course of adjudicative action. Use a 50/50 threshold when considering totality of the evidence. If requestor does not establish that they are more likely than not NOT a gang member, case is denied in an exercise of prosecutorial discretion. Burden to establish favorable equities is on requestor.
- Cases are discussed as a team to ensure appropriate and consistent use of discretion. HQSCOPS is consulted as necessary.

Confidential

## Other EPS Crimes

Background checks indicate that an individual is under investigation for, has been arrested for, or has been convicted of...

- Murder
- Rape
- Sexual Abuse of a Minor
- Trafficking in firearms or explosives
- Child pornography
- Peonage, slavery, involuntary servitude
- Offenses related to the demand for or receipt of ransom as defined in 101(a)(43)(H) of the INA.

- Crimes of Violence (Aggravated assault, Robbery, Arson, etc.)
- Alien smuggling
- Human Trafficking
- Human Rights Violators
- Interpol hits
- Re-entry after an order of exclusion, deportation, or removal subsequent to a conviction for a felony where a Form I-212 has not been approved.

32

Confidential

DEF - 00002105



Confidential

DEF - 00002106

# DEF-INTERV.

# EX. 238

**From:** Keith, Dawn R
**Sent:** Wednesday, August 27, 2014 2:39 PM
**To:** Posvar, Sarah C; Hardin, Helen L; Kohout, Shelley J; Belzer, Megan E; Maddox, Kara B; Shafii-Stier, Sara A; Jenkins, Jennifer L
**Subject:** FW: TX minor ARI is Class C but carries jail time with priors

Below is the Texas Class C misdemeanor that I mentioned in this morning's meeting.  The statute allows for jail time under specific circumstances.  This is a good example of why we have to look to the statutes for the maximum possible sentences.

- If the defendant is a minor who is not a child (18, 19 or 20 years old), AND
- Has at least two prior convictions of an alcohol-related offense under section 106.02, 106.025, 106.04, 106.05 or 106.06, THEN
- This Class C misdemeanor is punishable by up to 180 day in jail.

**Dawn Keith**
Senior Immigration Services Officer
DACA/Background Check Unit
DHS/USCIS/Nebraska Service Center
(402)-219-6006 ext█
NE2218 | TR0823 / EX0464

**From:**
**Sent:** Friday, August 22, 2014 4:55 PM
**To:**
**Subject:** TX minor ARI is Class C but carries jail time with priors


**Sent:** Thursday, August 21, 2014 3:59 PM
**Subject:**

ALCOHOLIC BEVERAGE CODE

TITLE 4. REGULATORY AND PENAL PROVISIONS

CHAPTER 106. PROVISIONS RELATING TO AGE

Sec. 106.071.  PUNISHMENT FOR ALCOHOL-RELATED OFFENSE BY MINOR.  (a)  This section applies to an offense under Section 106.02, 106.025, 106.04, 106.05, or 106.07.

(b)  Except as provided by Subsection (c), an offense to which this section applies is a Class C misdemeanor.

(c)  If it is shown at the trial of the defendant that the defendant is a minor who is not a child and who has been previously

convicted at least twice of an offense to which this section applies,
the offense is punishable by:

   (1) a fine of not less than $250 or more than $2,000;

   (2) confinement in jail for a term not to exceed 180
days;  or

   (3) both the fine and confinement.

 (d) In addition to any fine and any order issued under Section
106.115:

   (1) the court shall order a minor placed on deferred
disposition for or convicted of an offense to which this section
applies to perform community service for:

    (A) not less than eight or more than 12 hours, if
the minor has not been previously convicted of an offense to which
this section applies;  or

    (B) not less than 20 or more than 40 hours, if the
minor has been previously convicted once of an offense to which this
section applies;  and

   (2) the court shall order the Department of Public Safety
to suspend the driver's license or permit of a minor convicted of an
offense to which this section applies or, if the minor does not have a
driver's license or permit, to deny the issuance of a driver's license
or permit for:

    (A) 30 days, if the minor has not been previously
convicted of an offense to which this section applies;

    (B) 60 days, if the minor has been previously
convicted once of an offense to which this section applies;  or

    (C) 180 days, if the minor has been previously
convicted twice or more of an offense to which this section applies.

 (e) Community service ordered under this section must be
related to education about or prevention of misuse of alcohol if
programs or services providing that education are available in the
community in which the court is located.  If programs or services
providing that education are not available, the court may order
community service that it considers appropriate for rehabilitative
purposes.

DEF - 00002169

# DEF-INTERV.
# EX. 239



# DACA BCU
# Criminality Training
# February 2017



U.S. Citizenship
and Immigration
Services

# EXPECTATIONS


U.S. Citizenship
and Immigration
Services

# Agenda

DACA Policy - Criminality and Public Safety

Background Checks – Fingerprints

- CPMS
- Analyzing RAP Sheets
- Researching Statutes/Dispositions

DACA Procedures / ELIS Processing




U.S. Citizenship
and Immigration
Services

# Criminality and Public Safety Issues



 U.S. Citizenship
and Immigration
Services

7

# Objectives

- After completing this section, DACA BCU ISOs will be able to:
  - Explain the criminality/public safety guideline
  - Describe the specific criminality issues that affect DACA consideration
  - Outline when a case requires referral to EPS team
  - Define what constitutes a conviction in the DACA context




U.S. Citizenship
and Immigration
Services

# Criminality Issues

An individual may not be considered for DACA if he or she has been <u>convicted</u> of:

- A felony offense;
- A significant misdemeanor offense;
- Three or more other misdemeanors; or
- Poses a threat to national security or public safety;

    **<u>UNLESS</u>**, Headquarters determines there are exceptional circumstances.



U.S. Citizenship
and Immigration
Services

9

# Criminality Issues

- ▣ Felony
  - ▣ A felony is a federal, state or local criminal offense for which the maximum term of imprisonment authorized is for a period of more than one year.
  - ▣ A requestor convicted of <u>one felony</u> does not to meet the guidelines for DACA consideration, unless USCIS determines there are exceptional circumstances.

## 366+ days

 U.S. Citizenship and Immigration Services

10

# Criminality Issues

- Misdemeanor
  - Any federal, state, or local criminal offense, if:
    - Maximum term of imprisonment authorized is for a **period of more than 5 days but not more than one year**, regardless of how the jurisdiction classifies the offense.

# 6-365 days



U.S. Citizenship
and Immigration
Services

11

# Criminality Issues

## Misdemeanor, cont.

- Certain offenses will **<u>not</u>** be treated as misdemeanors for DACA purposes:
  - Minor traffic offenses
    - This includes traffic offenses that do not involve driving under the influence of drugs or alcohol, or death
  - State law immigration related offenses
    - Not treated as felonies or misdemeanors



U.S. Citizenship
and Immigration
Services

12

# Criminality Issues

- Misdemeanor, cont.
  - Misdemeanor convictions will affect DACA consideration if:
    - Meet the definition of a significant misdemeanor
    - 3 or more misdemeanor convictions



U.S. Citizenship
and Immigration
Services

13

# Criminality Issues

## ▪ Significant Misdemeanor

A significant misdemeanor is a misdemeanor that involves:

- Domestic Violence
- Sexual abuse or exploitation;
- Burglary;
- Unlawful possession or use of a firearm;
- Drug distribution or trafficking;
- Driving under the influence of alcohol or drugs



U.S. Citizenship
and Immigration
Services

14

# Criminality Issues

▨ Significant Misdemeanor, cont.

OR

▨  Any crime for which the individual was sentenced to time in custody of more than 90 days.

# 91+ days


U.S. Citizenship
and Immigration
Services

15

# Criminality Issues



- ▣ **Significant Misdemeanor, cont.**
  - ▣ When assessing time in custody
    - ▣ Sentence must involve time to be served in custody, and does not include suspended sentence.
    - ▣ Time in custody includes credit for time actually served pre-trial
    - ▣ Time in custody does not include period in ICE custody that may follow completion of criminal sentence.
  - ▣ A requestor convicted of <u>one significant misdemeanor</u> does not meet the guidelines for DACA consideration, unless USCIS determines there are exceptional circumstances.


U.S. Citizenship
and Immigration
Services

16

# Criminality Issues

- Significant Misdemeanor – Domestic Violence

  - Treat any misdemeanor offense where the underlying facts involve domestic violence as a significant misdemeanor for DACA purposes.

  - Offense must first meet definition of a misdemeanor (punishable by 6-365 days incarceration)

  - A familial/domestic relationship must be involved

    - Should be evident in documentation. Do not dig for information on the victim on every assault/battery type charge



U.S. Citizenship
and Immigration
Services

17

# Criminality Issues

- Significant Misdemeanor – DUI
  - Must meet the definition of a misdemeanor and statute requires, for a finding of guilt, that either:
    - The person was intoxicated, impaired, or under the influence; or
    - The person has a certain level of blood alcohol concentration (BAC), other than a negligible amount that can be measured (such as .01%)


U.S. Citizenship
and Immigration
Services

18

# Criminality Issues

- ▣ Significant Misdemeanor – DUI
  - ▣ Examples of alcohol-related driving offenses that are **NOT** significant misdemeanors
    - ▣ Wisconsin – Operating While Under the Influence (§346.63(1)(a))
      - ▣ Carries no prison sentence and therefore does not meet the definition of a misdemeanor
    - ▣ California – Reckless Driving Involving Alcohol (§ 23103.5)
      - ▣ Requires neither a particular BAC level nor intoxication/impairment



U.S. Citizenship
and Immigration
Services

19

# Criminality Issues

## Multiple Misdemeanors

- The requestor does not meet the guidelines for DACA consideration if convicted of <u>three or more non-significant misdemeanors</u>, unless USCIS determines there are exceptional circumstances.

- Misdemeanors occurring on the same day <u>or</u> arising out of the same act, omission, or scheme of misconduct, will only be <u>counted as one</u> misdemeanor for these purposes.



U.S. Citizenship
and Immigration
Services

# Criminality Issues

▣ **Felony/Misdemeanor Definition**

  ▣ If a court disposition specifically indicates that a conviction is for a "misdemeanor" or "felony" offense

    ▣ look at the statute to determine maximum possible sentence to determine whether the offense is a misdemeanor or felony conviction for DACA purposes.

  ▣ "Misdemeanor" conviction under State law can still be a felony conviction for DACA purposes

    ▣ Example: California Penal Code 273.5 – conviction provides for 2, 3, or 4 years in prison or up to 1 year in county jail).



U.S. Citizenship
and Immigration
Services

21

# Criminality Issues

- "Wobbler Offenses"

    - Allows the charge to be filed as either a "felony" or "misdemeanor"

    - These provisions allow the same elements to be charged as a more or less serious crime before any adjudication of guilt is made.

        - Charge selected determines possible range of sentences

        - Wobblers do not simply have a range of possible punishment; they effectively create two crimes, one of which is a felony and the other is a misdemeanor under state law.



U.S. Citizenship
and Immigration
Services

22

# Criminality Issues

- "Wobbler Offenses" cont.
  - When a requestor has been convicted of a Wobbler
    - determine whether the crime was treated as a felony or as a misdemeanor.
    - then look at the maximum possible sentence that could have been given under the charging provision selected by the prosecutor or the court.




U.S. Citizenship
and Immigration
Services

23

# Criminality Issues

- ## "Wobbler Offenses" cont.

  - If the possible sentence was incarceration for more than 5 days but no more than one year, then it is a misdemeanor, regardless of the time actually served.

  - If the possible sentence was more than one year of incarceration, then it is a felony, regardless of the time actually served.




U.S. Citizenship
and Immigration
Services

24

# Knowledge Check




U.S. Citizenship
and Immigration
Services

25

# Battery is one of the 6 enumerated significant misdemeanor crimes

A. True

 B. False



 U.S. Citizenship and Immigration Services

26

In different years, a requestor was convicted of 1 count driving without a license, 1 count shoplifting, and 1 count possession of marijuana. All crimes are defined by the state as misdemeanors punishable by up to 90 days in jail. The requestor is:

A. Disqualified – 3 misdemeanor convictions

B. Not disqualified – Crimes were not punishable by more than 90 days

C. Disqualified – Shoplifting is a significant misdemeanor

D. Not disqualified – Only 2 misdemeanor convictions




U.S. Citizenship and Immigration Services

27

For a conviction to be considered a felony, the maximum possible sentence must be more than 1 year.

➜A. True

B. False




U.S. Citizenship
and Immigration
Services

28

# Questions




U.S. Citizenship
and Immigration
Services

29

# Public Safety Issues

- Public Safety Concerns
  - DACA is a discretionary program and does not necessarily require a conviction for the adjudicator to consider the underlying factors of the criminal activity when determining whether or not favorable discretion is warranted.




U.S. Citizenship
and Immigration
Services

30

# Public Safety Concerns

- The nature and severity of the underlying crime or in the case of multiple crimes, the totality of the crimes, are weighed heavily and are significant unfavorable factors in evaluating public safety concerns, regardless of the disposition of the crime(s).



U.S. Citizenship
and Immigration
Services

31

# Public Safety Concerns

- Certain public safety concerns qualify as Egregious Public Safety (EPS) concerns
  - EPS concerns require special handling and are worked by certain specially trained officers within the DACA BCU.
  - 11/07/2011 Policy Memo 602-0050, *Revised Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Removable Aliens*
    - Policy guidance outlining the handling of EPS cases.
  - 07/28/2014 ICE Memo – transferred EPS referrals from HSI to ERO



U.S. Citizenship
and Immigration
Services

32

# Public Safety Concerns

- EPS
  - Not defined in the INA.
  - USCIS-ICE MOA outlines EPS cases
  - Includes cases where an alien is under investigation for, has been arrested for (without disposition), or has been convicted of, any of the following:
    - Murder, rape, sexual abuse of a minor
    - Trafficking in firearms or destructive devices



U.S. Citizenship
and Immigration
Services

33

# Public Safety Concerns

- EPS
    - Offenses relating to explosives or firearms
    - Crimes of violence that can carry a sentence of at least one year
    - Demand or receipt of ransom
    - Child Pornography



U.S. Citizenship
and Immigration
Services

34

# Public Safety Concerns

- EPS
  - Peonage, slavery, involuntary servitude, human trafficking
  - Alien smuggling
  - Human rights violators or Interpol Hits (underlying crime is EPS)
  - Known or suspected gang members or associates
  - Known or suspected Drug Cartel Organization (DTO) or cartel members (DACA only)



U.S. Citizenship
and Immigration
Services

35

# Public Safety Concerns

- EPS
  - Deconfliction and vetting must still occur regardless of the RTI process required.
  - EPS cases MUST be referred to ICE via an RTI before USCIS completes a final adjudication (unless there is an exception).
  - EPS cases referred to ICE are placed on hold for a minimum of 60 days.  These cases should be reviewed no later than 60 days after referral.  USCIS retains discretion to place the case on hold for more than 60 days if ICE requests additional time to conduct an investigation.



U.S. Citizenship
and Immigration
Services

36

# Public Safety Concerns

- EPS
  - If ICE accepts the RTI, the DACA request must be denied in discretion as a deferral of removal is not consistent with DHS' enforcement priorities.
  - If ICE does not accept the RTI, the DACA BCU EPS will review the EPS concerns and adjudicate accordingly.

 U.S. Citizenship
and Immigration
Services

37

# Public Safety Concerns

- Cases with EPS concerns should be sent to the DACA BCU EPS team
- Referral for EPS concerns
  - In ELIS **Case Details View**
    1. Select "Refer Case"
    2. Select "BCU" from "Refer Case To" drop-down
    3. Select "PUBLIC SAFETY OR EPS/NON EPS" from the "Referral Reason" drop-down
    4. Select "OK"



U.S. Citizenship
and Immigration
Services

38

# Public Safety Concerns

- Cases do not have to meet EPS criteria to be considered a public safety concern
  - For Example:
    - An individual with multiple arrests with no convictions could pose significant public safety concerns.
    - An individual arrested for multiple assaults or other violent crimes could be deemed a public safety risk.

    - If you believe a case warrants denial in discretion, confer with your SISO and/or ISO3



U.S. Citizenship
and Immigration
Services

# Knowledge Check




U.S. Citizenship
and Immigration
Services

40

A requestor was charged with participating in a criminal street gang in CA, but the charge was dismissed. How would you handle the case?

A. The charge was dismissed. Complete an IDENT resolution and move the case on.

B. Complete an EPS referral. There could still be gang membership/association issues.

C. Deny the case in discretion due to public safety issues.

D. None of the above.





U.S. Citizenship and Immigration Services

41

# ICE has 30 days to respond to an RTI.

A. True

 B. False



 U.S. Citizenship
and Immigration
Services

42

# Questions



 U.S. Citizenship
and Immigration
Services

# Convictions



Defined in INA § 101(a)(48)(A) as:

- A formal judgment of guilt entered by a court, _**or**_

- If adjudication of guilt has been withheld, where:
    - a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt; _**and**_
    - the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

U.S. Citizenship
and Immigration
Services

44

# Convictions

- Formal Judgment of Guilt by Court
  - The entry of guilt can be found on the record of conviction itself
  - If the alien pled guilty, then there will be an indication of the plea and the court's finding of guilt




U.S. Citizenship
and Immigration
Services

45

# Convictions

- Formal Judgment of Guilt by Court

  - If the alien went to trial, then the conviction record should indicate that the defendant was found guilty by judge or jury

  - Court records vary from jurisdiction to jurisdiction, but ISOs should look for plea, finding, entry or similar words relating to guilt or a no contest (*nolo contendere*) plea




U.S. Citizenship and Immigration Services

46

# Convictions

- Indication that entry of judgment of guilt was *not* made include words such as "withheld" or "deferred"

- Sometimes called Continued without a Finding (CWOF); adjudication withheld; deferred adjudication, etc.  Different jurisdictions use different terminology.

 U.S. Citizenship
and Immigration
Services

47

# Convictions

- **No Entry of Judgment of Guilt**
  - If adjudication has been withheld, then to constitute a conviction, there must be 2 prongs satisfied:
    - (1) Verdict, Plea or finding of guilt **_and_**
    - (2) Punishment or restraint on liberty



U.S. Citizenship
and Immigration
Services

48

# Convictions

◧ **No Entry of Judgment of Guilt**

◧ **Pleas**

◧ If there is no formal judgment of guilt, then for the court's action to constitute a conviction:

◧ The defendant must plead guilty or the court must make a finding of guilt.

◧ A "*nolo contendere*" or "no contest" plea is still a guilty plea for immigration purposes.

◧ An Alford plea, no contest plea and nolo contendere plea all satisfy the "finding of guilt" requirement for a conviction. *See Abimbola v. Ashcroft,* 378 F.3d 173 (2d Cir. 2004)(Alford plea is a guilty plea and therefore may form the basis of a conviction).



U.S. Citizenship
and Immigration
Services

# Convictions

- No Entry of Judgment of Guilt
  - Pleas
    - A deferred prosecution or pre-trial diversion program that does **not** require the defendant to plead guilty or require the court to make any finding of guilt **cannot** constitute a conviction




U.S. Citizenship
and Immigration
Services

50

# Convictions

- No Entry of Judgment of Guilt
  - Punishment/Penalty/Restraint on Liberty
    - Imposition of costs in a criminal case constitutes a form of punishment for INA § 101(a)(48)(A) definition of conviction. *Matter of Cabrera*, 24 I&N Dec. 459 (BIA 2008).
    - Punishment might be fines, court costs, etc.
    - Probation, community supervision, etc., is a restraint on liberty.



U.S. Citizenship
and Immigration
Services

51

# Convictions

- No Entry of Judgment of Guilt
  - Punishment/Penalty/Restraint on Liberty
    - Where the only consequence of a criminal judgment is a suspended non-incarceratory sanction, however, it may not constitute a conviction for immigration purposes. *Retuta v. Holder,* 591 F.3d 1181 (9th Cir. 2010) (a suspended fine was not a punishment or penalty sufficient to be a conviction).



U.S. Citizenship
and Immigration
Services

52

# Convictions

▣ Examples of Possible Valid Convictions under the INA

▣ <u>Deferred Adjudication</u>.  Both the Board and the federal courts have held that a deferred adjudication is a conviction for immigration purposes where it involves an admission of guilt and limitations on the defendant's liberty.  *See Matter of Punu,* 22 I&N Dec. 224 (BIA 1998)  (Texas deferred adjudication is a conviction).



U.S. Citizenship
and Immigration
Services

# Convictions

▪ Examples of Possible Valid Convictions under the INA

   ▪ One court has held that a Massachusetts conviction, in which the defendant admitted to facts sufficient for a finding of guilt, with a continuation without a finding (CWOF), and with the imposition of a restitution order, is a conviction under the INA. *De Vega v. Gonzales*, 503 F.3d 45 (1st Cir. 2007).



U.S. Citizenship
and Immigration
Services

54

# Convictions

▣ Examples of Possible Valid Convictions under the INA

  ▣ A "guilty filed" disposition under Massachusetts law satisfies the finding of guilt requirement and may constitute a conviction under the INA. *Griffiths v. INS*, 243 F.3d 45 (1st Cir. 2001).

 U.S. Citizenship
and Immigration
Services

55

# Convictions

- Examples of Possible Valid Convictions under the INA

  - <u>Court Martial</u>.  A judgment of guilt that has been entered by a general court-martial of the United States Armed Forces qualifies as a conviction. *Matter of Rivera Valencia*, 24 I&N Dec. 484 (BIA 2008).

  - <u>Probation Before Judgment</u>.  A court's grant of probation before judgment generally constitutes a conviction under the INA.  *See generally, Yanez-Popp v. INS,* 998 F.2d 231 (4th Cir. 1993).



U.S. Citizenship
and Immigration
Services

56

# Convictions

▪ Examples of Possible Valid Convictions under the INA

   ▪ <u>Guilty Pleas Held in Abeyance</u>.  A guilty plea held in abeyance may satisfy the statutory definition of conviction. *U.S. v. Zamudio,* 314 F.3d 517 (10th Cir. 2002).



U.S. Citizenship
and Immigration
Services

57

# Convictions



- Examples of programs that **do not** result in conviction

  - Pre-Trial Diversion in a [...] a conviction for immigration purp[...]  "Cluck" if you are learning!

  - New York's Pretrial Div[...] (PDA) – does not require any finding of guilt prior to entry

  - Arizona's Deferred Prosecution program – does not require any finding of guilt prior to entry

  - Florida's Pre-trial Intervention – does not require any finding of guilt prior to entry

U.S. Citizenship
and Immigration
Services

# Convictions

- Common Disposition Terms that Indicate Conviction
  - Guilty
  - Nolo Contendere
  - No Contest
  - Alford Plea
  - Admit to Sufficient Finding of Guilt



 U.S. Citizenship
and Immigration
Services

59

# Convictions

- Common Disposition Terms that are **<u>NOT</u>** a Conviction

  - Dismissed*

  - Quashed

  - Nolle Prosequi

  - Nolle Pros

  - Nolle Prossed

  - Not Prosecuted

  - No Billed

  - Judgment of Acquittal

  - Not Guilty

  - Conviction overturned or reversed on appeal




U.S. Citizenship
and Immigration
Services

60

# Convictions

- ## No Entry of Judgment of Guilt

  - Check <u>State Criminal Info ECN</u>– Conviction Info for state to determine if a deferred adjudication type program constitutes a conviction.

  - If not on State Criminal Info ECN – consult with local counsel after speaking to SISO or ISO3.

  - Let's take a look!





U.S. Citizenship
and Immigration
Services



**RESOURCES**

61

# Knowledge Check




U.S. Citizenship
and Immigration
Services

When a case is dismissed, it will never constitute a conviction for DACA purposes.

 A. True



★B. False

 U.S. Citizenship
and Immigration
Services

63

When adjudication of guilt is withheld, there must be a ___ and a ___ to constitute a conviction.

A. Jury trial and Jail Sentence

 B. Finding of guilt and Punishment or restraint on liberty

C. Not guilty plea and Guilty Verdict

D. None of the above



U.S. Citizenship and Immigration Services

64

A requestor who pled "no contest" to a misdemeanor charge of shoplifting punishable by up to 5 days in jail has one misdemeanor conviction.

A. True

B. False



U.S. Citizenship
and Immigration
Services

65

# Questions





U.S. Citizenship
and Immigration
Services

66

# Convictions

- Appeals

  - A conviction is effective for immigration purposes, including DACA, while it is on direct appeal.

    - *See Plane v. Holder,* 652 F.3d 991 (9th Cir. 2011), rehearing en banc denied, 2012 WL 1994862 (2012).

    - If the conviction is ultimately reversed on appeal, the DACA requestor is free to file a new request for DACA, with fee, if otherwise meets the guidelines and merits a favorable exercise of discretion



U.S. Citizenship
and Immigration
Services

67

# Convictions

- Vacated / Expunged Convictions
  - Convictions can be vacated for one of two reasons
    - Procedural or substantive defect in the conviction



    - To provide post-conviction relief, such as a rehabilitative provision that removes the stigma of a conviction




U.S. Citizenship
and Immigration
Services

68

# Convictions

- Effect of Vacated or Expunged Convictions, generally:

  - Technicality (legal/substantive): Not a conviction

  - Rehabilitative: Conviction

  - To avoid immigration consequences: Conviction  Matter of Pickering, 23 I&N Dec. 621 (BIA 2003)

  - Failure to advise immigration consequences: Not a conviction (*vacatur*).  *Matter of Adamiak*, 23 I&N Dec. 878 (BIA 2006)



U.S. Citizenship
and Immigration
Services

69

# Convictions

   Effect of Vacated or Expunged Convictions, DACA:

FOR DACA ONLY - Expunged or vacated convictions will **<u>NOT</u>** be treated as disqualifying felonies or misdemeanors regardless of the reason.

U.S. Citizenship
and Immigration
Services

70

# Convictions

- ▣ Pardons
    - ▣ A full and final unconditional U.S. pardon by the President or by the Governor of a state can erase a conviction for immigration purposes.  *See Matter of Nolan,* 19 I&N Dec. 539 (BIA 1988).
    - ▣ Underlying offense may impact public safety issues when considering a request under DACA
    - ▣ May be considered in determining whether the exercise of prosecutorial discretion is warranted.
    - ▣ A limited pardon will not erase conviction for immigration purposes.

 U.S. Citizenship and Immigration Services

71

# Convictions



## Juveniles

- Juvenile delinquency adjudication is **not** a conviction. *Matter of Devison*, 22 I&N Dec. 1362 (BIA 2001).

- A conviction for immigration purposes includes conviction of an alien under age 18 who was charged as an adult.

- Juvenile delinquency may impact public safety issues when considering a request under DACA

- May also be considered in determining whether the exercise of prosecutorial discretion is warranted



U.S. Citizenship
and Immigration
Services

72

# Convictions

- Juveniles
    - Juvenile is not the same as minor
        - A 14 or 15 year old arrested/cited for a minor in possession charge would be both a minor and a juvenile.
        - A 19 or 20 year old arrested/cited for a minor in possession charge would be a minor in terms of the legal drinking age, but would not be a juvenile.




U.S. Citizenship and Immigration Services

73

# Convictions

- Juveniles
  - When does a juvenile delinquency matter?
    - Findings of guilt/delinquency of public safety, sexual, or EPS crimes – requires referral for EPS
    - Escalating charges (first time charged with petty theft, second time charged with grand theft, third time burglary, etc., etc.)
    - Repeat offenders (vs. one time conviction where it appears they "learned their lesson").



U.S. Citizenship
and Immigration
Services

74

# Convictions

- Juveniles
  - If the requestor has not demonstrated that favorable discretion is warranted, then the ISO should prepare a NOID using the template titled **Juvenile Delinquency.** The ISO should obtain supervisory review AND clearance from local counsel before issuing a NOID using this call up.
  - If local counsel cites factors that support *not* issuing the NOID, the case must be referred to HQSCOPS through the RAG process for resolution.
    - See DACA BCU FAQs for detailed information on processing juvenile NOIDs.


U.S. Citizenship
and Immigration
Services

75

# Convictions

- Pending Criminal Proceedings
  - EPS Cases – Refer to EPS team
  - Non-EPS
    - Analyze crime to see if conviction could be disqualifying
      - No – proceed as normal
      - Yes – Issue an RFE



U.S. Citizenship
and Immigration
Services

76

# Convictions

- Pending Criminal Proceedings (continued)
  - After RFE
    - Withhold adjudication until disposition is submitted, or
    - SCOPS authorizes denial
  - May issue 2nd RFE if requestor fails to provide court dispositions because criminal proceedings have not concluded.



U.S. Citizenship
and Immigration
Services

# Convictions

- Pending Criminal Proceedings – Deferred Prosecution, Pre-Trial Diversion or Rehabilitative Programs

  - If the program **does not** require the defendant to plead guilty, nolo contendere or require a court finding of guilt, it **will not** constitute a conviction.

    - No need to wait to see if program is completed.



U.S. Citizenship
and Immigration
Services

# Convictions

- Pending Criminal Proceedings – Deferred Prosecution, Pre-Trial Diversion or Rehabilitative Programs
  - If the program *does* require the defendant to plead guilty, nolo contendere or require a court finding of guilt, it *could* constitute a conviction.



U.S. Citizenship
and Immigration
Services

79

# Convictions

- Pending Court Proceedings and Pending Deferred Prosecution, Pre-Trial Diversion, or Rehabilitative Programs
  - Handling depends on how long case will be pending
    - Less than 6 months
      - Withhold adjudication until outcome is known (SISO or ISO3 sign-off required)
        - **Does not** result in conviction – adjudicate on merit
        - Results in conviction – ensure denial is appropriate and issue corresponding denial



U.S. Citizenship
and Immigration
Services

80

# Convictions

- Pending Court Proceedings and Pending Deferred Prosecution, Pre-Trial Diversion, or Rehabilitative Programs
  - More than 6 months
    - Review on case-by-case basis, taking the totality of the evidence into account, to determine if prosecutorial discretion is warranted.
    - If not warranted, issue discretionary denial (SISO sign-off required)



U.S. Citizenship
and Immigration
Services

81

# Convictions

- Pending Court Proceedings and Pending Deferred Prosecution, Pre-Trial Diversion, or Rehabilitative Programs
  - Next court date / date of completion unknown
    - Attempt to find court case on-line.
      - If case can't be located on-line, hold for 6 months and then send 2nd RFE.


U.S. Citizenship
and Immigration
Services

82

# Knowledge Check





U.S. Citizenship
and Immigration
Services

83

# Assuming all were treated as juveniles, which juvenile warrants favorable consideration for DACA?

A. Found "not responsible" participate in a criminal street gang 5 years ago

B. Found "responsible" for a series of trespassing charges within the last 5 years

C. Found "responsible" for shoplifting 2 years ago, burglary 1 year ago, breaking and entering 6 months ago

D. None of the above

E. A and B




U.S. Citizenship
and Immigration
Services

84

A person under the age of 18 is a juvenile and cannot be convicted of a crime

A. True

B. False



 U.S. Citizenship
and Immigration
Services

85

# Questions



 U.S. Citizenship
and Immigration
Services

# Required Background Checks – Fingerprints



 U.S. Citizenship and Immigration Services

87

# Objectives

- After completing this section, DACA BCU ISOs will be able to:
    - Understand the requirements for the fingerprint background check for DACA
    - Successfully navigate CPMS
    - Accurately interpret the information on the IdHS (RAP sheet)
    - Successfully research criminal statutes





U.S. Citizenship
and Immigration
Services

88

# Required Background Checks – Fingerprints

- Per the DACA SOP
  - Individuals filing a DACA request are scheduled for an ASC appointment each time they file
  - Full ten-print check required for all requestors 14 years and older
  - Fingerprints are valid for 15 months
  - Fingerprints must have been taken for the DACA Request




U.S. Citizenship
and Immigration
Services

89

# Required Background Checks – Fingerprints

## Four Possible Results

- **Non-IDENT** – FBI possesses no administrative or criminal history
- **IDENT** – FBI has administrative or criminal record listed in the FBI files
    - All IDENT results must be referred to DACA BCU for adjudication
- **Unclassifiable** – fingerprints were unacceptable for fingerprint analysis
    - If two unclassifiable results are received, issue DACA RFE 150 for police clearances
- **No Record** – No response from FBI
    - Must reschedule ASC appointment



U.S. Citizenship
and Immigration
Services

90

# Required Background Checks -- Fingerprints

- Non-IDENT Result

**Fingerprint Results**                                                                          Refresh from CPMS

Show 10 ▼ entries

| First Name ↕ | Last Name ↕ | A-Number ↕ | Date of Birth ↕ | USCIS Receipt Number ↕ | FBI Number ↕ | Fingerprint Date ↕ | FBI Results ↕ | Date Processed ▼ | Reason Fingerprinted ↕ | Identity History Summary ↕ |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  | 43... | 02/01/2017 | N - (Non-Ident) | 02/02/2017 |  |  |
|  |  |  |  |  | 43... | 02/01/2017 | N - (Non-Ident) | 02/01/2017 | I821D |  |
|  |  |  |  |  | 43... | 07/12/2013 | N - (Non-Ident) | 12/05/2014 |  |  |
|  |  |  |  |  |  | 07/12/2013 | N - (Non-Ident) | 07/12/2013 |  |  |

Showing 1 to 4 of 4 entries                                       ⋈ First ◑ Previous 1 Next ◐ Last ⋈



U.S. Citizenship
and Immigration
Services

91

# Required Background Checks – Fingerprints

- **IDENT Response in ELIS**



- To pull in current fingerprints, click the "Refresh from CPMS"


U.S. Citizenship
and Immigration
Services

92

# Questions





 U.S. Citizenship
and Immigration
Services

93

# CPMS

- Replaced BBSS

- Repository of information:

  - Identity information collected at the Application Support Centers (ASC)

  - Biometric background check data from the Federal Bureau of Investigations (FBI) Next Generation Identification (NGI), Department of Defense (DOD) Automated Biometric Identification System (ABIS)

  - Provides real-time link to the Department of Homeland Security (DHS) Office of Biometric Identity Management (OBIM) IDENT

  - Benefit card, extension sticker, and travel document information from various systems



U.S. Citizenship
and Immigration
Services

94

# CPMS

- Navigation

  - In ELIS an IDENT result will have a link to the individual's CPMS records

    

  - CPMS can also be accessed through Center Applications

    



U.S. Citizenship
and Immigration
Services

95

# CPMS

You are using IE 9, make sure you turn off Compatibility View.

**SYSTEM AUTHORIZATION WARNING**

YOU HAVE CONNECTED TO A U.S. GOVERNMENT COMPUTER.
IF YOU ARE NOT AUTHORIZED TO ACCESS THIS SYSTEM, DISCONNECT NOW.

You are about to access a Department of Homeland Security (DHS) computer system. This DHS computer system and the data therein are property of the U.S. Government and provided or official U.S. Government information and use. Access to this system is restricted to authorized users only. Unauthorized access, use or modification of this computer system or of the data contained herein, or in transit to/from this system, may constitute a violation of section 1030 of title 18 of the U.S. Code and other federal or state criminal laws. Anyone who accesses a Federal computer system without authorization or exceeds his or her access authority or obtains, alters, damages, destroys, or discloses information, or prevents authorized use of information on the computer system, may be subject to administrative penalties, fines or imprisonment. This DHS computer system and any related equipment is subject to monitoring for administrative oversight, law enforcement, criminal investigative purposes, inquiries into alleged wrongdoing or misuse, and to ensure proper performance of applicable security features and procedures. As part of this monitoring, DHS may acquire, access, retain, intercept, capture, retrieve, record, read, inspect, analyze, audit, copy and disclose any information processed, transmitted, received, communicated, and stored within the computer system. If monitoring reveals possible misuse or criminal activity, notice of such may be provided to appropriate supervisory personnel and law enforcement officials. DHS may conduct these activities in any manner without further notice. Accordingly, there can be no expectation of privacy in the course of your use of this computer system. The use of a password or any other security measure does not establish an expectation of privacy. There is no expectation of privacy in any media, peripherals or other devices placed in or connected to the computer system. By clicking "I agree" below or by using this system, you consent to the terms set forth in this notice. You may not process classified national security information on this computer system.

You are currently logged in as:
CI91

Exit   I Agree

Welcome to the Customer Profile Management ... Version: USCIS CPMS 5.3
To request a User ID or if you have any difficulty accessing your account, please contact t... Service Desk at 888-220-5228 or submit your request/issue with myIT



U.S. Citizenship
and Immigration
Services

96

# CPMS

| Customer Profile Management System |  U.S. Citizenship and Immigration Services |
|---|---|
| HOME    CARD QUER    CPMS QUERY    IDENTITY VERIFICATION TOOL    HELP    LOGOUT | |

U.S. Citizenship
and Immigration
Services

97

# CPMS Query

 Allows users to search for encounter information for a specific individual and to search and review background check information from both the Federal Bureau of Investigation (FBI) and Department of Defense (DOD).

U.S. Citizenship
and Immigration
Services

98

# CPMS Query

 

U.S. Citizenship
and Immigration
Services

HOME CARD QUERY CPMS QUERY EXTENSION STICKER ISSUANCE IDENTITY VERIFICATION TOOL HELP LOGOUT        Version: USCIS CPMS 6.

## Customer Profile Management System

Search by Identifier    Search by Name

Identifier Type        A#

Identifier Value

Search    Reset

Welcome to
To request a User ID or if you have any difficulty acc

Search by Identifier    Search by Name

Identifier Type                    A#
                                   A#
                                   SSN
Identifier Value                   Z#
                                   Receipt Number

Search    Reset



U.S. Citizenship
and Immigration
Services

99

# CPMS Query

 

Customer Profile Management System

U.S. Citizenship and Immigration Services

HOME   CARD QUERY   CPMS QUERY   EXTENSION STICKER ISSUANCE   IDENTITY VERIFICATION TOOL   HELP   LOGOUT   VERSION: USCIS CPMS 5.3

## Customer Profile Management System

Search by Identifier   Search by Name

Identifier Type      All

Identifier Value

Search



Search by Identifier   Search by Name

| Identifier Type | Receipt Number |
| Identifier Value | EAC0101055555 |

Search   Reset



U.S. Citizenship and Immigration Services

100

# CPMS Query





U.S. Citizenship
and Immigration
Services

101

# CPMS Query

## Customer Profile Management System

| Search by Identifier | Search by Name |
|---|---|

**Search for Encounters \***

| Last Name (Required) | Smith |
|---|---|
| | ⦿ Exact Match ◯ Starts With |

| First Name (Required) | John |
|---|---|
| | ⦿ Exact Match ◯ Starts With |

| Date of Birth (Optional) | 01/01/2020 | Date Range | − | 6 | + |
|---|---|---|---|---|---|

Date Range will search the provided number of years before AND after the date provided.

**Search**   **Reset**



U.S. Citizenship
and Immigration
Services

102

# CPMS Query



CPMS QUERY SUMMARY VIEW

**IDENTITY SUMMARY**

| Name | DOB | Person Ids |
|------|-----|-----------|
| ING, ENC | 12/11/1971 | 2323334445 |
| | | 123436789 |

| Gender | Race | Country of Birth | Citizenship |
|--------|------|------------------|-------------|
| M | B | UG | UG |

IDENT Watchlist Status   >>   Status Date: **01/28/2016**   |   Status Type: **NONE**



U.S. Citizenship
and Immigration
Services

103

# CPMS Query





U.S. Citizenship
and Immigration
Services

104

# CPMS Query



| TRANSACTION DATA | | | | | | |
|---|---|---|---|---|---|---|
| TCN | Receipt Number | Form Number | Transaction Type | Photo Waived | Press Print Waived | Signature Waived |
| A6233344452015072611133 | EAC0101055555 | I129 | FAUF | FALSE | FALSE | FALSE |

FBI RESPONSE 8  >>  RESPONSE DATE: 02/06/2015  |  NAME: **PUBLIC, JOHN**  |  DOB: 01/26/1958  |  TYPE: **NON-IDENT**

+ FBI RESPONSE 7  >>  RESPONSE DATE: 10/24/2014  |  NAME: **PUBLIC, JOHN**  |  DOB: 01/26/1958  |  TYPE: **IDENT**

FBI RESPONSE 6  >>  RESPONSE DATE: 10/24/2014  |  NAME: **PUBLIC, JOHN**  |  DOB: 01/26/1958  |  TYPE: **UNCLASSIFIABLE**



U.S. Citizenship
and Immigration
Services

105

# CPMS Query




U.S. Citizenship
and Immigration
Services

106

# CPMS Query





U.S. Citizenship
and Immigration
Services

107

# CPMS Query




U.S. Citizenship
and Immigration
Services

108

# CPMS Query



---

```
WVD0D0000
TCN A000000001201401010001
ECN 1000000001

NAME                    ABIS #      DATE RECEIVED
LAST,FIRST              1013117847   2014/03/03

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE   CITIZENSHIP
M          20010120

ARRESTED OR RECEIVED
```



U.S. Citizenship
and Immigration
Services

# CPMS Live Search

▣ Note: Data in the live system contains PII and the Privacy Act applies.




U.S. Citizenship
and Immigration
Services

110

# Questions



 U.S. Citizenship
and Immigration
Services

# IdHS – The Basics

- Identity History Summary (IdHS), formerly called FBI RAP sheet
  - Remains in the same basic format and contains the same information.
- Describes arrests and subsequent dispositions attributable to an individual through fingerprint identification.




U.S. Citizenship
and Immigration
Services

112

# IdHS – The Basics

- History
  - **Early 1900s** – America's population was growing and criminals were moving from state to state to escape a criminal history record
  - **1924** – FBI given authority to collect and disseminate criminal history information
    - Birth of the Identification Division of the FBI
    - Evolved into the Criminal Justice Information Services (CJIS)



U.S. Citizenship
and Immigration
Services

113

# IdHS – The Basics

- FBI Fingerprint Background Check involves the submission of fingerprints and a search of the FBI's Criminal History Master File

  - There are over 44 million individual in the Master File – the largest biometric database in the world





U.S. Citizenship
and Immigration
Services

114

# IdHS – The Basics

- Three Responses
  - Ident – the fingerprint submission was found to be identical with a Criminal History Record
  - Non-Ident – a search of the fingerprints failed to disclose prior arrest data
  - Error (reject) – rejected for data




U.S. Citizenship
and Immigration
Services

115

# IdHS – The Basics

- If the result of fingerprint submission is an IDENT, an IdHS will be produced.

- Two basic sections
    - 1. The cover page –
        - IAFIS Control Number (ICN) – unique control number
        - Use and dissemination restrictions
        - Descriptive information for the subject of record



U.S. Citizenship
and Immigration
Services

116

# IdHS – The Basics

2. The Arrest and Court DATA – Consists of information submitted by local, state, federal, or international criminal justice agencies

- Arrest Information

- Court Information – Dispositions

- Supervision or Custody

- Wanted Information

- Sex Offender Registry Information



U.S. Citizenship
and Immigration
Services

117

# IdHS – The Basics

**FBI RAP SHEET – COVER PAGE**

An example of a cover page is on the right. The highlighted information is explained below:

1 - Originating Agency Identifier (ORI) – The ORI is the identifying number assigned to each agency that submits and receives information from the FBI's systems.

2 - IAFIS Control Number (ICN) – The unique control number assigned to every IAFIS submission.

3 - Use and Dissemination Restrictions – Outlines use and dissemination restrictions for information contained in the Rap Sheet.

4 – Master Name – The name associated with the first set of fingerprints submitted to the FBI establishes the master name and FBI number. In most cases, this name and FBI number will always be associated with this record. However, the name on the submission may not always match the master name.

5 – FBI Number (FNU) – The unique identifying number assigned by the FBI to a subject of a record.

6 – Date Requested – Date the response was generated.

7 – Sex

8 – Fingerprint/Pattern Classification – The National Crime Information Center (NCIC) Fingerprint Class and/or the Automated Fingerprint Identification System (AFIS) Pattern Classification or APAT. This information is primarily used for law enforcement purposes.





U.S. Citizenship
and Immigration
Services

118

# IdHS – The Basics

**FBI RAP SHEET - ARREST INFORMATION**

On the right is an example of arrest information as it would appear on the Rap Sheet. Arrests will appear from oldest to newest. The following information has been highlighted:

1 – Arrested or Received, also referred to as, "date of arrest" (DOA) – This is the month, day, and year on which a subject was arrested or received at a correctional institution.

2 – State Identification Number (SID) – The identifying number assigned to the subject of record by the state in which the arrest occurred.

3 – Originating Agency Identifier (ORI) - The identifying number assigned to the agency that submitted the information to the FBI. To the left of the ORI is the agency name.

4 – Charge(s) – The charge at the time of arrest.

5 – Record Updated – The date the FBI last received information and updated this record.

Please note: Questions regarding arrest or court information should be directed to the agency which furnished this information to the FBI.





U.S. Citizenship
and Immigration
Services

119

# IdHS – The Basics





U.S. Citizenship
and Immigration
Services

# Researching Statutes/Dispositions





U.S. Citizenship
and Immigration
Services

# Researching Statutes/Dispositions

▦ Your Friends:

    ▦ DACA BCU Reference Page

    ▦ SFD ECN – <u>State Criminal Info</u> site

    ▦ Internet (Google, Bing, etc.) – take care to find reputable sites!

    ▦ Senior and/or SISO

    ▦ Mentor

    ▦ Local Counsel

    ▦ HQ via the RAG process





U.S. Citizenship
and Immigration
Services

126

# Researching Statutes/Dispositions

## DACA BCU Reference Page





U.S. Citizenship
and Immigration
Services

127

# Researching Statutes/Dispositions

## SFD ECN – <u>State Criminal Info</u> site





128

# In Class Demo – On-line Disposition




U.S. Citizenship
and Immigration
Services

129

# Class Activity – On-line Dispositions

- Using CPMS pull up RAP sheet for DACA requestor

- Locate May 7, 2016 Arrest

- Use the DACA BCU Reference Page to locate the court dispositions

- Answer the following questions:

  - What is the Case Number for the arrest you are researching?

  - On what date was the case disposed?

  - What was the outcome of the case?


U.S. Citizenship
and Immigration
Services

132

# Questions



 U.S. Citizenship
and Immigration
Services

133

# DACA Procedures




U.S. Citizenship
and Immigration
Services

134

# Objectives

- After completing this section, DACA BCU ISOs will be able to successfully complete the following actions:
  - Clear referral
  - Refer to EPS or NS
  - Consult Duty Attorney
  - RAG
  - Criminality Resolution (non-checkbox)
  - RFE/NOID
  - Render decision




U.S. Citizenship
and Immigration
Services

135

# IDENT Referral Work Queue

- ## Getting Work:
  - ### In the top right corner
    - #### First drop down = DACA-Renewal
    - #### Second drop down = IDENT Referral
    - #### Third drop down = # of case to pull
      - ##### Please only pull 5 cases at a time from the IDENT work queue



 U.S. Citizenship
and Immigration
Services

136

# Required Actions for All IDENT/Criminality Referrals

- Review entire case for aliases including all evidence and the RAP sheet.
  - When reviewing evidence also check for:
    - Criminality – Verify if they submitted any additional criminality documents
    - Signatures – Verify both I-821D and I-765 are signed
    - Identity – Verify that ELIS matches the name on the initial DACA or that name change document was submitted

- Review EARM for any potentially disqualifying information (i.e. gang membership, NTA after initial DACA grant, criminality not included on the RAP sheet, etc.)

- Resolve any unresolved TECS/NCIC issues

- Check case for VAWA - see VAWA handout




U.S. Citizenship
and Immigration
Services

137

# DACA Procedure – Clear Referral




U.S. Citizenship
and Immigration
Services

138

# DACA Procedure – Clear Referral

- Clearing the criminality/IDENT referral without sending an RFE/NOID
  - Can use RAP sheet to resolve criminality if favorable to the DACA requestor
    - RAP sheet reveals only minor traffic/immigration
    - RAP sheet reveals final disposition(s) was not a conviction – be wary of dismissals!
    - Crime listed on RAP sheet is not disqualifying for DACA even if convicted
      - i.e. – does not meet definition of a misdemeanor, not 3 misdemeanors, not a significant misdemeanor, not a felony
    - All criminality resolved prior to last approval



U.S. Citizenship
and Immigration
Services

139

# DACA Procedure – Clear Referral

- Clearing the criminality/IDENT referral after sending an RFE/NOID
  - Response shows the DACA requestor was not convicted
  - Response shows the conviction(s) was not disqualifying

Let's look at the relevant DACA BCU FAQ





U.S. Citizenship
and Immigration
Services

140

# DACA Procedure – Clear Referral

- Complete NSC Checkbox Criminality Memo if arrest(s)/conviction(s):
  - Dismissed or not prosecuted
  - Juvenile offenses
  - Do not meet definition of a misdemeanor
  - Do not affect DACA even if convicted
  - Resulted in fewer than three non-significant misdemeanors
  - All criminality occurred/resolved prior to last approval

- And do not raise any public safety or national security concerns



Let's take a look!



U.S. Citizenship
and Immigration
Services

141

# DACA Procedure – Clear Referral

- Always use the ECHO-ELIS interface in the Risk and Fraud section to create resolution memos





U.S. Citizenship
and Immigration
Services

142

# DACA Procedure – Clear Referral

- Make sure your resolution memo has loaded prior to completing the referral.
  - Use the Link button to immediately connect your resolution memo



U.S. Citizenship
and Immigration
Services

143

# DACA Procedure – Clear Referral

- ## Clear referral

Referrals

|  |  |  |  |  | Complete Current Referral(s) ▾ | Complete Referrals | Put Case on Hold |
|---|---|---|---|---|---|---|---|
| Referred To ‡ | Referral Reason ‡ | Date/Time/ID of Referral ‡ | Referral Notice ‡ | Referral Comments | Date/Time/ID of Review ▾ | Review Completed ‡ |
| BCU | TECS/NCIC | 01/25/2017 22:39:24 UTC ELIS INTERNAL | TBD | View | 02/16/2017 22:33:07 UTC JENKINS, JENNIFER | ☑ (Bypassed) |
| BCU | Ident - EPS and Non-EPS | 02/17/2017 14:28:57 UTC ELIS INTERNAL | TBD | Add | | |

Showing 1 to 2 of 2 entries



U.S. Citizenship
and Immigration
Services

144

# Questions




U.S. Citizenship
and Immigration
Services

# DACA Procedure – Refer for EPS or NS




U.S. Citizenship
and Immigration
Services

146

# DACA Procedure – Refer for EPS or NS

- Cases with EPS concerns should be sent to the DACA BCU EPS team
  - Referral for EPS concerns
    - In **Case Details View**
      1. Select "Refer Case"
      2. Select "BCU" from "Refer Case To" drop-down
      3. Select "PUBLIC SAFETY OR EPS/NON EPS" from the "Referral Reason" drop-down
      4. Select "OK"



U.S. Citizenship
and Immigration
Services

147

# DACA Procedure – Refer for EPS or NS





U.S. Citizenship
and Immigration
Services

148

# DACA Procedure – Refer for EPS or NS

▣ Occasionally National Security concerns may present themselves on a RAP sheet (charges related to espionage, bombs/explosive, etc.).

▣ Refer to National Security Adjudications Unit (NSAU)

  ▣ In **Case Details View**

  1. Select "Refer Case"
  2. Select "BCU" from "Refer Case To" drop-down
  3. Select "National Security/Intelligence" from the "Referral Reason" drop-down
  4. Select "OK"

Send e-mail with IOE to David Baggerly and Trudi Thornburg  and CC Mary Pietramale

 U.S. Citizenship
and Immigration
Services

149

# DACA Procedure – Refer for EPS or NS





U.S. Citizenship
and Immigration
Services

150

# Questions



 U.S. Citizenship
and Immigration
Services

# DACA Procedure – Consult Duty Attorney




U.S. Citizenship
and Immigration
Services

152

# DACA Procedure – Consult Duty Attorney

- When questions of a legal nature arise, the Duty Attorney may be consulted
  - Common types of questions:
    - Does a state's deferred prosecution constitute a conviction?
    - Does a certain statute meet the definition of a DUI for DACA?
    - What was the maximum penalty for a conviction of a statute in a certain year?
    - NOTE: The Duty Attorney cannot answer DACA policy questions

 U.S. Citizenship
and Immigration
Services

153

# DACA Procedure – Consult Duty Attorney

- Contacting Duty Attorney
  - Must first consult SISO and/or Senior
  - Because DACA is electronic best method is to send e-mail
    - <u>NSC, DutyAttorney</u>
      - Cc SISO and/or Senior to indicate they were consulted first.
      - Include any and all A-numbers and receipt numbers
      - Indicate where in ELIS the relevant documents can be found or attach documents to e-mail (be mindful of PII)
      - Clearly articulate your specific legal question



U.S. Citizenship
and Immigration
Services

154

# Questions





U.S. Citizenship
and Immigration
Services

# DACA Procedure - RAGs



 U.S. Citizenship
and Immigration
Services

156

# DACA Procedure – RAGs



- ▓ RAG = Request for Adjudicative Guidance
    - ▓ RAG process is the approved method for centers to obtain advice from SCOPS HQ on the handling of certain cases.

- ▓ RAGs are issued for
    - ▓ Novel, complex, or sensitive cases
    - ▓ Cases where the center believes a requestor's claim of exceptional circumstances may have merit
    - ▓ Upon the advice of local counsel or SISO/Senior



U.S. Citizenship
and Immigration
Services

157

# DACA Procedure – RAGs

▧ Submitted through the ECN

   ▫ http://ecn.uscis.dhs.gov/team/scops/HQSCOPS/AD/DACA/HQSCO_DAC
   A_Internal/Lists/DACA%20RAG%20List/Created%20By%20Me.aspx

▧ Select "Add New Item" icon





U.S. Citizenship
and Immigration
Services

158

# DACA Procedure – RAGs

## Fill out all sections

**Deferred Action for Childhood Arrivals**
*Request for Adjudicative Guidance*

Select Your Office:

Receipt Number/ A Number:

DACA Request Type:
Initial

Related DACA Guideline(s)

Question/Concern

Detailed Synopsis
- Background:

- Vetting:


U.S. Citizenship
and Immigration
Services

159

# DACA Procedure - RAGs

- RAG Fields
  - Select Your Office — BCU.NSC
  - Receipt Number / A-number — Use I-821D Receipt Number
  - DACA Request Type — Usually "Renewal"
  - Related DACA Guideline(s) — Usually "Criminal, Public Safety & NS"
  - Question/Concern — Include concise statement outlining your question/concern



U.S. Citizenship
and Immigration
Services

160

# DACA Procedure - RAGs

▣ RAG Fields, cont.

  ▣ Detailed Synopsis

    ▣ Background – Detailed outline of the case history and issue(s)

    ▣ Vetting – Outline of actions already taken (consulting local counsel, ICE contact, background check results, etc.)

    ▣ Analysis – Outline your analysis of the case (i.e. While not ineligible based on criminal history, it appears DACA requestor presents public safety issues)



U.S. Citizenship
and Immigration
Services

161

# DACA Procedure - RAGs

- RAG Fields, cont.
  - Recommendation – Enter your recommendation for the case (i.e. denial in discretion, issue NOID, send for interview, etc.)
  - Upload Attachment (Optional) – Attach any relevant court documents, arrests or investigative reports, or law enforcement documents, etc.



Upload Attachment (Optional)
☒ Click here to attach a file

U.S. Citizenship
and Immigration
Services

162

# DACA Procedure - RAGs

- RAGs concerning **ongoing/active investigations** should always include answers to the following:
  - Does ICE consider the requestor to be an enforcement priority and/or a public safety concern?
  - Does ICE have any objection to the approval of the DACA request?



U.S. Citizenship
and Immigration
Services

163

# DACA Procedure - RAGs

- Submit RAG for review



- An e-mail notice will be sent via Outlook notifying the supervisor group that a RAG is ready for review





U.S. Citizenship
and Immigration
Services

164

# DACA Procedure - RAGs

■ HQ will issue their decision in the same way. You will receive an e-mail that looks similar to the below image

| Delete | Respond | Quick Steps | ⌐ | Move |
|---|---|---|---|---|

From: ⬜HQSCO DACA Internal <DHSteamsitesadministrator@esd.dhs.gov>
To: ⬜
Cc: ⬜DeBoer, Allan S; ⬜Jenkins, Jennifer L; ⬜Maddox, Kara B; ⬜Polinow, Catherine A (Cathy); ⬜Rudd, Megen E; ⬜Shafii-Stier, Sara A
Subject: DACA Request for Adjudication Guidance

Nguyen,

You Submitted the following request: How should NSC decline the DACA renewal request for the frauds found in its expired initial?

Response: .

Receipt: LIN⬜ / A20⬜
RAG#: BCU.NSC-2383-8/9/2016

My Closed DACA Requests for Adjudication Guidance

PLEASE DO NOT RESPOND TO THIS MESSAGE, IT IS GENERATED FROM AN UNMONITORED EMAIL BOX.



U.S. Citizenship
and Immigration
Services

165

# Questions



 U.S. Citizenship
and Immigration
Services

166

# DACA Procedure – RFE/NOID




U.S. Citizenship
and Immigration
Services

167

# DACA Procedure – RFE/NOID

- When additional evidence is required to resolve criminality, issue RFE or NOID

- RFE vs. NOID
  - RFE (almost always)
    - Provides time to get required court document
    - Is more customer service oriented
    - 87 day call-up
  - NOIDs (rare)
    - Requestor is clearly ineligible and has already submitted documentation
    - Juvenile delinquency is a public safety concern
    - 33 day call-up



U.S. Citizenship
and Immigration
Services

168

# DACA Procedure – RFE/NOID

▨ RFE – Always create using ECHO interface in ELIS

| RFE | Select Letter Type (Applicant Response Period) ▲ | Create |
|---|---|---|
| No data available in table | | |

| | |
|---|---|
| | ▲ |
| | I-821D DACA NOID Renewal (33 Days) |
| ▶ Notice of Intent to Deny (NOID) | I-821D DACA Notice of Intent to Terminate (30 Days) |
| ▶ Pending and Prior Cases Filed | |
| ▶ VAWA Verification | I-821D DACA Notice of Intent to Terminate-DUI (33 Days) |
| ▶ Render Decision | NSC DACA Renewal RFE (87 Days) |
| ▶ Related Cases | NSC DACA RFE (87 Days) ▼ |
| ▶ Supervisor Review Worksheet | |



U.S. Citizenship
and Immigration
Services

169

# DACA Procedure – RFE/NOID

## NOID - Always create using ECHO interface in ELIS

| ✔ Notice of Intent to Deny (NOID) | |
|---|---|
| NOID | Select Letter Type (Applicant Response Period) ▲   Create |
| No data available in table | |
| | CSC DACA Notice of Intent to Terminate-DUI (33 Days) ▲ |
| ❯ Pending and Prior Cases Filed | |
| ❯ VAWA Verification | CSC DACA RFE (87 Days) |
| ❯ Render Decision | I-821D DACA NOID Initial (33 Days) |
| ❯ Related Cases | I-821D DACA NOID Renewal (33 Days) |
| ❯ Supervisor Review Worksheet | I-821D DACA Notice of Intent to Terminate (30 Days) |
| ❯ Case Comments | |



U.S. Citizenship
and Immigration
Services

170

# DACA Procedure – RFE/NOID

- See Creating ECHO Letters within the ELIS Environment handout

- Live Demo



 U.S. Citizenship and Immigration Services

171

# Questions





U.S. Citizenship
and Immigration
Services

# DACA Procedure – Criminality Resolution Memo



 U.S. Citizenship
and Immigration
Services

# DACA Procedure – Criminality Resolution Memo

- Cases with criminality that requires extensive research or that will adversely impact the DACA consideration require a Criminality Resolution Memo




U.S. Citizenship
and Immigration
Services

174

# DACA Procedure – Criminality Resolution Memo

▨ Select all relevant standard paragraphs



| Select | Code | Description |
|---|---|---|
| ☐ | **IDENT RES 003\*** | IDENT Juvenile |
| ☐ | **IDENT RES 007** | IDENT expunged/vacated |
| ☑ | **IDENT RES 008** | IDENT Felony |
| ☐ | **IDENT RES 009** | IDENT Significant Misdemeanor |
| ☑ | **IDENT RES 010** | IDENT Three Misdemeanors |
| ☐ | **IDENT RES 011** | IDENT Traffic offense cannot equal a third Misdemeanor for DACA |

▨ Note: You can combine a TECS and Criminality memo within the TECS memo but <u>not</u> within the IDENT/Criminality memo


U.S. Citizenship
and Immigration
Services

175

# DACA Procedure – Criminality Resolution Memo

- **Memos should be completed directly prior to clearing a referral or rendering a decision**

- Handouts
  - DACA BCU IDENT/Criminality Standards
  - Creating ECHO Letters within the ELIS Environment

- Live demo



U.S. Citizenship
and Immigration
Services

# Questions



 U.S. Citizenship
and Immigration
Services

# DACA Procedure – Render Decision



 U.S. Citizenship
and Immigration
Services

# DACA Procedure – Render Decision

- Manual Approval
  - Typically you will simply clear the referral and let the case go through SP approval process.
  - However, if manual approval is required, complete following steps:
    - Make sure everything in Risk and Fraud has been reviewed and cleared.
    - Check the Benefit Card Details to make sure the previous card is expired or within 150 days of expiration.
    - Check ADIS for travel.

 U.S. Citizenship
and Immigration
Services

179

# DACA Procedure – Render Decision

▣ Manual approval steps, cont.

❖  Check the Biometric tab for current bios

❖  Review all documents in the Evidence and RFE tab.  You must click the 'View Packet Evidence' button to retrieve all the submitted evidence.  Please remember to check for additional names and DOBs.

❖  Check the VAWA Verification tab for VAWA.  If VAWA is indicated, check history to see if it was previously reviewed by VSC.

❖  Check the Flags tab. Resolve all flags.



U.S. Citizenship
and Immigration
Services

180

# DACA Procedure – Render Decision

▦ Manual approval steps, cont.

  ❖ If you are ready for approval, click on the 'Proceed to Adjudication' button.  Once clicked, you will need to reassign the case back to yourself to render a decision.

  ❖ Click on the Render Decision tab.

  ❖ Click 'Mark all for Approval'.  If the button is not present, this means the 765 separated from the 821.  Reassign the 765 back to yourself.  The Mark for Approval button should now be available to you.



U.S. Citizenship
and Immigration
Services

181

# DACA Procedure – Render Decision

- Manual approval steps, cont.

  - Select 'Approval' in the 821D section.  The 765 section should self-populate.  Verify the validity period is for two years.

  - Click on 'Save' in the Verify EAD for 765 section.

  - Click on 'Finalize Decision'.





U.S. Citizenship
and Immigration
Services

182

# DACA Procedure – Render Decision

## Denial

- SISO review required (until you are told otherwise)
- Denials issued under Render Decision section




U.S. Citizenship
and Immigration
Services

183

# DACA Procedure – Render Decision

- Select "Denied" as Case Decision and select appropriate denial reason.





U.S. Citizenship
and Immigration
Services

184

# DACA Procedure – Render Decision

▣ Check the Use Single Decision Notice for Packet box.



▣ Note: Consult with supervisor on whether they prefer to complete review in ELIS or in ECHO.



U.S. Citizenship
and Immigration
Services

185

# DACA Procedure – Render Decision

▣ Select Save

**∨ Render Decision**

☑ Mark all for Approval

| Decision for I-821D | | Decision for I-765 | |
|---|---|---|---|
| Case Decision | Denied ▾ | Case Decision | Denied ▾ |
| Decision Reason Code | For Cause ▾ | Decision Reason Code | For Cause ▾ |
| From | 02/18/2017 | From | 02/18/2017 |
| To | 02/17/2019 | To | 02/17/2019 |

Use Single Decision Notice for Packet ☑

Save   Cancel



U.S. Citizenship
and Immigration
Services

186

# DACA Procedure – Render Decision

- A new ECHO interface will appear. Select your denial letter, then click create.



U.S. Citizenship
and Immigration
Services

187

# DACA Procedure – Render Decision

- The ECHO window will pop up for the letter you are trying to create



- Create your letter as you normally would and then click the "X" at the top to exit the ECHO pop up window.



U.S. Citizenship
and Immigration
Services

188

# DACA Procedure – Render Decision

🖾 A hyperlink to the letter will appear and the status will be Awaiting Decision Notice.



🖾 Click the "Attach to Case Decision" and then "Finalize Decision





U.S. Citizenship
and Immigration
Services

189

# DACA Procedure – Render Decision

▨ Denial – Live Demo




U.S. Citizenship
and Immigration
Services

190

# Questions




U.S. Citizenship
and Immigration
Services

191

DEF-INTERV. EX. 240

WITHDRAWN

# DEF-INTERV.

# EX. 241

| | |
|---|---|
| Title | |
| Question | What is a "Wobbler" criminal statute and should they be treated as felonies or misdemeanors for DACA purposes? |
| Answer | Some states may have a "Wobbler" provision, which allows a criminal charge to be filed as either a "felony" or "misdemeanor" under state law. These provisions allow the same elements to be charged as a more or less serious crime before any adjudication of guilt is made. Which charge is selected then determines the possible range of sentences available. In some cases the decision of how to charge is made by the prosecutor, in others it is made by the court. Wobblers do not simply have a range of possible punishment; they effectively create two crimes, one of which is a felony and the other is a misdemeanor under state law.

When a requestor has been convicted of a Wobbler, the adjudicator must first determine whether the crime was treated as a felony or as a misdemeanor. After the nature of the charge has been determined, the adjudicator must then look at the maximum possible sentence that could have been given *under the charging provision selected* by the prosecutor or the court. If the possible sentence could have been incarceration for more than 5 days but no more than one year, then it is a misdemeanor for DACA purposes, regardless of the time actually served. If the possible sentence could have been more than one year of incarceration, then it is a felony, regardless of the time actually served. This is the same analysis used for generally determining whether a state crime is a federal misdemeanor or felony, but Wobblers require a preliminary step of determining which "level" of crime was actually charged. |

| | |
|---|---|
| Associated Form | |
| DACA Category | **Guidelines** |
| Sub-Category | **Criminality Issues** |

Confidential     DEF - 00002378

| | |
|---|---|
| Title | Abbreviated Handling of CARRP |
| Question | How should the Center handle DACA cases with national security (NS) concerns under an abbreviated version of the Controlled Application Review and Resolution Program (CARRP)? |
| Answer | The Secretary's memorandum provides as one of the guidelines that should be met before an individual is considered for DACA that the individual not be convicted of a felony offense, a significant misdemeanor offense, three or more other misdemeanor offenses, or otherwise pose a threat to national security or public safety. DACA cases with NS concerns are adjudicated by designated officers within the service centers. It is a general CARRP requirement that cases not be denied at the eligibility assessment phase solely based on matters of discretion. However, given the nature of deferred action, requests may be denied *without* completing all four steps of CARRP. Designated officers will handle DACA cases with NS concerns in accordance with the December 9, 2014 Abbreviated CARRP Handling for DACA Cases with National Security Concerns memorandum. |

This abbreviation entails the completion of Step 1 of the CARRP process, "Identifying NS Concern,' and deconfliction. Additionally, designated officers must follow existing CARRP policy for documenting cases in the Fraud Detection and National Security-Data System (FDNS-DS) NS Concerns Tab for articulation and confirmation of the NS concern. Designated officers are authorized to deny the DACA request without completing Step 2: Internal Vetting, Step 3: External Vetting, or Step 4: CARRP Adjudication, and without requesting HQ-External Vetting Assistance or HQ-CARRP Adjudication Assistance. However, designated officers must deconflict with the record owner to ensure that the denial does not compromise or impede an ongoing investigation or other record owner interest. Upon completion of deconfliction, if the confirmed KST or NON-KST NS concerns remain unresolved and the DACA requestor has not satisfied one or more DACA guidelines the request may be denied based on the requestor's inability to satisfy the DACA guidelines. If the confirmed KST or Non-KST NS concerns remain unresolved and the DACA requestor otherwise meets the DACA guidelines, the request may be discretionarily denied with the concurrence of HQSCOPS. DACA requests with unresolved Non-KST NS concerns may be approved following consultation with Immigration and Customs Enforcement (ICE) and concurrence from HQSCOPS. Officers are not authorized to approve DACA requests with unresolved KST NS concerns.

The designated CARRP officer will send DACA requests for supervisory review before the decision is issued. When a DACA request in denied, the denial shall be issued using the appropriate paragraph denial from the Appendix F (denial template). When the DACA requestor otherwise meets the DACA guidelines, the DACA request will be denied using the Appendix F call up that states You have not established that you warrant a favorable exercise of prosecutorial discretion." Supervisor must refer the case to HQSCOPS through the normal chain of command.

| | |
|---|---|
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Criminality Issues |

Confidential

DEF - 00002379

| Title | Known or Suspected Drug Cartel Membership |
|---|---|
| Question | How should we handle DACA requests when there is a record that the requestor is a known or suspected drug cartel member? |
| Answer | The BCU DACA Team should handle any DACA requests when the record indicates that the requestor was, is or may be a member of a drug cartel. Supervisors must refer the following cases to HQSCOPS through the normal chain of command: |

- All DACA requests filed by a known or suspected drug cartel member the Center seeks to approve; and
- Any novel, complex, or sensitive DACA requests filed by a known or suspected drug cartel member the Center seeks to deny.

Therefore, if there is reason to believe the DACA requestor is a known or suspected drug cartel member because the record (e.g., a TECS record, as shown in this **image**) indicates that the DACA requestor is under investigation for, or has been arrested for (without disposition), or has been convicted of a crime involving activities that suggest the alien is a drug cartel member or a suspected drug cartel member, the DACA BCU Team should de-conflict further with the record owner. If it is determined that the alien is a drug cartel member or a suspected drug cartel member, then the BCU will deny the request as a matter of discretion using call up **DACA 511 – DISCRETIONARY** from the Appendix F and refer the case to ICE.

| Associated Form | |
|---|---|
| DACA Category | Guidelines |
| Sub-Category | Criminality Issues |

Confidential                                                                 DEF - 00002380

| Title | |
|---|---|
| Question | Does a potential inadmissibility ground affect the decision on a DACA request? |
| Answer | DACA requestors do not need to establish admissibility in order for USCIS to defer action under DACA. Therefore, if the record contains any derogatory information, the officer does not need to determine whether a ground of inadmissibility applies before making a decision on the DACA request. Rather, the officer should only consider the derogatory information as it relates to the DACA guidelines and to determine whether favorable discretion is warranted.

Please raise case-specific questions to SCOPS through your appropriate chain of command if it is not clear whether certain derogatory information is disqualifying for DACA purposes. |
| Associated Form | |
| DACA Category | **Guidelines** |
| Sub-Category | **Discretion** |

Confidential                                    DEF - 00002381

| Title | Graduation from University/College |
|---|---|
| Question | What should we do when the requestor submits a university diploma, but did not submit evidence that the requestor graduated from high school? |
| Answer | Graduation from a public or private college, university or community college is sufficient to meet the educational guideline. |
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Education |

Confidential

DEF - 00002382

| Title | In School vs. Graduated From School |
|---|---|
| Question | Is there is a difference between USCIS' interpretation of the term "school" in the phrases "currently in school" and "graduated from school" for the purpose of meeting the educational guideline? |
| Answer | Yes, USCIS interprets the term "school" more broadly in the phrase "currently in school" than in the phrase "graduated from school." See Slide 67 of the **DACA Workshop Presentation**, posted on the DACA ECN site under *Training Materials*.

SCOPS previously clarified during a Roundtable discussion and through an Internal FAQ that a requestor may demonstrate that he/she "graduated from school" by submitting evidence of graduation from a college, university or community college. This language has been included in the current version of the DACA SOP.   For the purpose of considering an initial DACA request, the phrase "graduated from school" does <u>not</u> include graduation from an education, literacy or career training program (including vocational training or an ESL course).

Initial DACA requestors may be considered "currently in school" if they are currently enrolled in an education, literacy or career training program designed to lead to placement in post-secondary education, job training, or employment, but the requestor is not considered to have "graduated from school" based solely on having completed an education, literacy or career training program. |

| Associated Form | |
|---|---|
| DACA Category | **Guidelines** |
| Sub-Category | **Education** |

Confidential

DEF - 00002383

| | |
|---|---|
| Title | In school at the time of Filing but not at time of Adjudication |
| Question | Should USCIS deny cases where requestors were enrolled in school at the time of filing but are not in school at the time of adjudication? |
| Answer | No. In accordance with the DACA FAQs and the Form I-821D Instructions, enrollment at the time of filing is sufficient to meet the educational guideline. |
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Education |

Confidential     DEF - 00002384

| | |
|---|---|
| Title | |
| Question | Can a DACA requestor meet the "Under 16 at Entry" guideline if the requestor entered the U.S. before turning age 16 but was not present in the U.S. on his/her 16th birthday? |
| Answer | **Interim Operational Guidance:** |

This guidance addresses the following fact situation: The DACA requestor entered the United States before turning age 16 but was not present in the United States on his or her 16th birthday. If all the other DACA guidelines are met (including continuous residence since June 15, 2007), the question is whether the person "established residence" in the United States before turning age 16. If the requestor demonstrated by a preponderance of the evidence that, before turning 16, he or she (a) attended an educational institution in the United States for any length of time; or (b) was employed in the United States for any length of time; or (c) was physically present in the United States for a consecutive period of at least 24 months, then residence before age 16 has been established.

If the requestor does not satisfy (a), (b) or (c) with evidence provided with the initial filing, then take the following action:

1. Issue a RFE using DACA 103B Call Up (located on the DACA ECN site under *SOP and Templates*) to request evidence that the requestor established residence before turning age 16.

2. Once a response is received, determine whether the requestor has satisfied (a), (b) or (c).

3. If the requestor satisfies (a), (b) or (c), then the requestor has demonstrated that he or she meets the guideline.

4. If the requestor does not satisfy (a), (b) or (c), consider the totality of the circumstances to evaluate whether he or she nonetheless established residence in the United States before age 16, including any evidence of the requestor's pre-age-16 ties to the community such as participating in neighborhood, religious, or other community activities. In novel, complex, or sensitive cases, supervisors will refer the case to HQSCOPS, through the normal chain of command.

| | |
|---|---|
| Associated Form | |
| DACA Category | **Guidelines** |
| Sub-Category | **Under 16 at Entry** |

Confidential                    DEF - 00002385

| Title | Deferred Enforced Departure (DED) |
| --- | --- |
| Question | Is a DACA requestor disqualified from satisfying the "unlawful immigration status as of 6/15/2012" guideline if he/she is a beneficiary of Deferred Enforced Departure (DED)? |
| Answer | No; DED is not considered lawful immigration status for DACA purposes. |
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Unlawful Immigration Status |

Confidential                                    DEF - 00002386

| Title | Age outs within the DACA Context |
|---|---|
| Question | Can a DACA requestor satisfy the "Unlawful Immigration Status on June 15, 2012" guideline if he or she was admitted for "duration of status" or for a period of time that extended past June 14, 2012 but technically "aged out" of their dependent nonimmigrant status on June 15, 2012? |
| Answer | For the purposes of satisfying the DACA "Unlawful Immigration Status on June 15, 2012" guideline (meaning the person needed to be out of status on June 15, 2012), persons who were admitted for "duration of status" or for a period of time that extended past June 14, 2012 but technically "aged out" of their dependent nonimmigrant status, before June 15, 2012, will be considered persons whose lawful immigration status had expired as of June 15, 2012. |
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Unlawful Immigration Status |

Confidential    DEF - 00002387

1/2/2017

| Title | Status Terminated in SEVIS within the DACA Context |
|---|---|
| Question | Can a DACA requestor satisfy the "Unlawful Immigration Status on June 15, 2012" guideline if his or her status is listed as "terminated" in SEVIS? |
| Answer | Yes, assuming the requestor satisfies all other DACA guidelines, if his or her status on or before June 15, 2012 is listed as "terminated" in SEVIS and he or she did not otherwise have legal status, DHS will consider his or her lawful immigration status to have expired as of June 15, 2012 for DACA purposes. |

| Associated Form | |
|---|---|
| DACA Category | **Guidelines** |
| Sub-Category | **Unlawful Immigration Status** |

Confidential                    DEF - 00002388

| | |
|---|---|
| Title | Canadians who entered as "non-controlled" aliens within the DACA Context |
| Question | Can a DACA requestor satisfy the "Unlawful Immigration Status on June 15, 2012" guideline if he or she entered as a "non-controlled" alien at the border? |
| Answer | For DACA purposes only, a Canadian citizen who was admitted as a visitor for business or pleasure and not issued an I-94, Arrival/Departure Record, (also known as a "non-controlled" Canadian nonimmigrant) will be deemed to have been lawfully admitted for a period of six months unless the individual can demonstrate, through verifiable evidence, that he or she was specifically advised that his or her admission would be for a different length of time. Accordingly, if DHS is able to verify from its records that his or her last non-controlled entry occurred on or before December 14, 2011, DHS will consider his or her nonimmigrant visitor status to have expired as of June 15, 2012 and he or she may be considered for deferred action under this process. |
| Associated Form | |
| DACA Category | Guidelines |
| Sub-Category | Unlawful Immigration Status |

Confidential

DEF - 00002389

# DEF-INTERV.

# EX. 242

| From: | Jenkins, Jennifer L </O=DHS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=███████████DHS.GOV> |
|---|---|
| Sent: | Thursday, May 4, 2017 10:56 AM |
| To: | DeBoer, Allan S <███████@uscis.dhs.gov> |
| Subject: | FW: Guidance on legal terminology |
| Attach: | 19-2604_Discharge_of_defendant--Amendment_of_judgment.pdf; AA2171.docx |

Jenni

**From:** Jenkins, Jennifer L
**Sent:** Wednesday, January 06, 2016 10:26 AM
**To:** Padilla, April Y; Woerz, Bret A
**Subject:** Guidance on legal terminology

Hi April,

**DP**

Good Morning:

**DP**

The DACA SOP provided the following information on expunged or vacated convictions, but does not provide a definition.

**Expunged or Vacated Convictions**

For DACA purposes only, expunged convictions will not be treated as disqualifying felonies or misdemeanors. Expunged convictions, however, will be assessed on a case-by-case basis to determine whether the person poses a threat to public safety and whether, under the particular circumstances, the exercise of prosecutorial discretion is warranted. Cases involving expunged convictions should be elevated for supervisory review.
Sealed and expunged records will be evaluated according to the nature and severity of the criminal offense.

# DP

**Dismissals, Dropped, Set Aside**

In many cases, the charges may be dropped or set aside in exchange for the DACA requestor agreeing to attend various self-help courses and programs, or if the person who filed the complaint against him/her fails to appear or chooses to drop the case.
These are not considered convictions for immigration purposes

# DP

**Jennifer Jenkins | Immigration Services Officer (ISO-3)**
**Detailed to USCIS Headquarters – Service Center Operations**
USCIS Nebraska Service Center | Center Support - Training | NE1145 | EX0996
☎ (402) 219          ✉          @uscis.dhs.gov

# DEF-INTERV.

# EX. 243

*DACA MATTERS – ISSUE 13*

**Known or Suspected Drug Cartel Membership**

**How should we handle DACA requests when there is a record that the requestor is a known or suspected drug cartel member?**

The BCU DACA Team should handle any DACA requests when the record indicates that the requestor was, is or may be a member of a drug cartel.  Supervisors must refer the following cases to HQSCOPS through the normal chain of command:

- All DACA requests filed by a known or suspected drug cartel member the Center seeks to approve; and
- Any novel, complex, or sensitive DACA requests filed by a known or suspected drug cartel member the Center seeks to deny.

Therefore, if there is reason to believe the DACA requestor is a known or suspected drug cartel member because the record (e.g., a TECS record, as shown in the image below) indicates that the DACA requestor is under investigation for, or has been arrested for (without disposition), or has been convicted of a crime involving activities that suggest the requestor is a drug cartel member or a suspected drug cartel member, the DACA BCU Team should de-conflict further with the record owner.  If it is determined that the requestor is a drug cartel member or a suspected drug cartel member, then the BCU will deny the request as a matter of discretion using the discretionary denial template (**DACA 511**), "*You have not established that you warrant a favorable exercise of prosecutorial discretion*",: and refer the case to ICE.



*Source:  Internal FAQ's December 05, 2014*

**"Wobbler" criminal offenses**

**What is a "Wobbler" criminal statute and should they be treated as felonies or misdemeanors for DACA purposes?**

Some states may have a "Wobbler" provision, which allows a criminal charge to be filed as either a "felony" or "misdemeanor" under state law.  These provisions allow the same elements to be charged as a more or less serious crime before any adjudication of guilt is made.  Which charge is selected then determines the possible range of sentences available.  In some cases the decision of how to charge is made by the prosecutor, in others it is made by the court.  Wobblers do not simply have a range of possible punishment; they effectively create two crimes, one of which is a felony and the other is a misdemeanor under state law.

When a requestor has been convicted of a Wobbler, the adjudicator must first determine whether the crime was treated as a felony or as a misdemeanor.   After the nature of the charge has been determined, the adjudicator must then look at the maximum possible sentence that could have been given *under the charging provisions selected* by the prosecutor or the court.  If the possible sentence could have been incarceration for more than 5 days but no more than one year, then it is a misdemeanor for DACA purposes, regardless of the time actually served.  If the possible sentence could have been more than one year of incarceration, then it is a felony, regardless of the time actually served.  This is the same analysis used for generally determining whether a state crime is a federal misdemeanor or felony, but Wobblers require a preliminary step of determining which "level" of crime was actually charged.

*Source: Internal FAQ's dated January 05, 2015*

**I-765 Approval EAD "Combo" Cards (C33P)**

USCIS is not providing combo cards for DACA recipients at this time.  A number of DACA-based EAD's were issued with category C33P, Combo Card, instead of C33.  Please use only category C33 for DACA related EAD cards. The combo card allows for travel outside the U.S – we do not approve travel outside the U.S.

*Source:  Internal SCOPS email guidance February 18, 2015*

DEF - 00004597