# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants, | § |
| and | § |
| KARLA PEREZ, *et al.*, | § |
| Defendant-Intervenors, | § |
| and | § |
| STATE OF NEW JERSEY, | § |
| Defendant-Intervenor. | § |

## DEFENDANT-INTERVENORS' MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") submit this Motion for Entry of Protective Order. Pursuant to Federal Rule of Civil Procedure 5.2(e), Defendant-Intervenors respectfully request that this Court require any party seeking to file the specific excerpts of deposition testimony attached to this Motion as Exhibits 1-4 do so under seal. Defendant-Intervenors have conferenced with the other parties and shared the testimony in Exhibits 1-4 as part of that conference. Plaintiffs oppose this motion, Defendant-Intervenors take no position and Defendant-Intervenor State of New Jersey do not oppose the motion.

**ISSUE PRESENTED**

Whether the Court should enter a Protective Order to require filing under seal of limited and specific deposition testimony by Defendant-Intervenors that is highly sensitive. During discovery, the parties agreed that Defendant-Intervenors would provide certain highly sensitive deposition testimony, subject to a later motion for protective order. Defendant-Intervenors' testimony included highly sensitive immigration-related information about family members who are not involved in this case and whose immigration-related information is not known to the government, as well as highly sensitive information about manner of entry into the U.S. and the current status of Defendant-Intervenors' immigration cases. To the extent the parties believe this information is relevant in these proceedings, Defendant-Intervenors seek an order requiring that the testimony be filed under seal.

**A Correct Balancing of the Privacy Interests of Defendant-Intervenors and Their Family Members With the Presumption of Open Judicial Proceedings is Achieved With the Proposed Order of Protection**

   a. Legal Standard

When a party in litigation seeks to protect certain information from public disclosure, the Fifth Circuit weighs "a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981). Although the Fifth Circuit does not apply a "hard and fast formula," it considers a number of factors, including "possible threatened harm and serious social ostracization." *Id.* at 186.

Courts weigh a number of factors when deciding if a party has a privacy interest that would outweigh the presumption of open judicial proceedings. These factors include: 1) whether the plaintiff is challenging governmental activity; 2) whether the party defending the suit would

be prejudiced; 3) whether the plaintiff is required to disclose information of the utmost intimacy; 4) whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; 5) whether the plaintiff would risk suffering injury if identified; 6) whether the interests of children are at stake; and 7) whether there are less drastic means of protecting the legitimate interest of either party. *See Coe v. U.S. Dist. Court for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir. 1982); *Roe v. Catholic Health Initiatives Colorado*, No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *2-*5 (D. Colo. Jan. 4, 2012); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Doe,* 653 F.2d at 185; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d. Cir. 2008); *Doe v. Goldman*, 169 F.R.D 138, 139 (D.N. 1996); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D. N.Y. 1996).

The information sought to be protected here is similar to that protected by court orders in other cases. Indeed, this Court has protected immigration-related information from public disclosure in litigation when that information was particularly sensitive. *See e.g.,* Order, *Texas v. United States*, No. 1:14-cv-00254, Dkt. 169 (S.D. Tex. Mar. 2, 2015) (granting leave for undocumented proposed intervenors to proceed under pseudonym).

Here, Defendant-Intervenors do not ask the Court to protect their identities or the fact that they are recipients of DACA. In good faith and in order to cooperate fully with discovery and not delay the proceedings, Defendant-Intervenors did not seek an order limiting the scope of their depositions, agreeing instead to provide the information sought by Plaintiffs subject to a later motion for protection if any of the testimony proved to be highly sensitive. In further good faith, Defendant Intervenors seek only to protect narrow categories of highly personal and sensitive information. First, immigration-related information about Defendant-Intervenors' family members who are not involved in this case and not known by immigration authorities is

deeply personal and sensitive. Second, private details about Defendant-Intervenors' current immigration cases, as well as their manner of entry into the U.S. (*i.e.* whether they entered the U.S. with a visa, were otherwise inspected and admitted, or entered without inspection), are also deeply sensitive because they implicate civil and criminal provisions of the Immigration and Nationality Act and carry the risk of public harassment. Requiring that this limited information be filed under seal does not infringe on First Amendment protections of the public and still ensures "the integrity and quality of what takes place" in the courtroom. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 578 (1980). At the same time, the Court's order will protect individuals who are vulnerable to the public release of this sensitive information.

> b. Public Disclosure of the Information That Defendant-Intervenors Seek to Protect Would Leave Them Vulnerable to Harassment by Members of the Public and Expose Their Family Members to Immigration Enforcement Proceedings

Public disclosure of the sensitive information Defendant Intervenors seek to protect would expose them and their family members to harassment, possible violent reprisals or hostile public reaction. Immigration policy generally and the federal government's executive actions on immigration, in particular, have been the subject of intense and heated debate in Texas and across the country. Defendant-Intervenors know many individuals in the United States who disagree with DACA and worry that members of the public may try to threaten or retaliate against them if they learn of Defendant Intervenors' sensitive immigration-related information. Defendant-Intervenors are aware that, in the United States and particularly in Texas, there are individuals who strongly consider lack of citizenship or undocumented status "an opprobrium analogous to infamy associated with criminal behavior." *Doe,* 653 F.2d at 186 (granting anonymity to plaintiffs who "expect[ed] extensive harassment and perhaps even violent reprisals" for their personal beliefs and practices). Currently, the level of anti-immigrant

sentiment is such that verbal and physical violence against immigrants is often a consequence.[1] Defendant-Intervenors' fears are well-founded and weigh in favor of requiring narrow categories of sensitive immigration-related information about Defendant-Intervenors to be filed under seal.

Public disclosure of immigration-related information about Defendant-Intervenors' family members would expose those family members not only to public harassment and intimidation but also to immigration enforcement proceedings by DHS. Defendant-Intervenors' testimony includes highly sensitive immigration-related information about family members whose immigration-related information is not known to the government. The Supreme Court has "long recognized that deportation is a particularly severe penalty [though] it is not, in a strict sense, a criminal sanction. Although removal proceedings are civil in nature, deportation is intimately related to the criminal process." *Padilla v. Kentucky*, 559 U.S. 356, 365-66 (2010) (citations and quotations omitted). The risk of quasi-criminal consequences such as deportation weighs heavily in favor of requiring immigration-related information about Defendant-Intervenors' family members to be filed under seal.

c. Granting This Motion Does Not Prejudice the Parties But It Does Help Advance the Public Interest

Public disclosure of the information this motion seeks to protect would increase the risk of harassment to Defendant-Intervenors and their family members and at the same time provides no benefit to the parties or the public. Granting this motion does not prejudice the parties because they retain the ability to file what they consider to be relevant information with the Court under seal.

---

[1] *See, e.g.*, Sam Hoisington, *Student Says She Was Harassed by Classmate Over Immigration Status*, Chron. Higher Ed. (Sept. 13, 2017), available at: https://www.chronicle.com/blogs/ticker/daca-student-says-she-was-harassed-by-classmate-over-immigration-status/120041.

At the same time, granting this motion promotes the public interest by allowing Defendant-Intervenors to participate in the case without the threat of harassment, thus allowing the Court to hear this case fully and consider all relevant evidence. *See* Dkt. 14. It is in the public interest that those with a direct legal stake be allowed to participate in a lawsuit without forcing them to reveal highly sensitive information.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that this Court require any party seeking to file the deposition testimony attached to this Motion as Exhibits 1-4 do so under seal.

Dated: July 25, 2018                                            Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street

Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that she communicated via email with Todd Disher, counsel for Plaintiff States, who indicated that Plaintiff States oppose this motion. The undersigned counsel also certifies that Jeffrey Robbins, counsel for Federal Defendants, stated that Federal Defendants take no position on this motion. The undersigned counsel certifies that Rachel Wainer Apter, counsel for Defendant-Intervenor New Jersey, stated Defendant-Intervenor New Jersey does not oppose this motion.

　　　　　　　　　　　　　　　　　　　　　*/s/ Nina Perales*
　　　　　　　　　　　　　　　　　　　　　Nina Perales

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on the 25th day of July, 2018, she electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　*/s/ Nina Perales*
　　　　　　　　　　　　　　　　　　　　　Nina Perales

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors, | § |
| and | § |
| | § |
| STATE OF NEW JERSEY | § |
| | § |
| Defendant-Intervenor. | |

## **PROTECTIVE ORDER**

THIS MATTER comes before the Court on the Motion for Entry of a Protective Order filed by Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors"). The Court, after reviewing the motion and exhibits and considering arguments presented by the parties, hereby GRANTS the motion and ORDERS AS FOLLOWS: any party seeking to file the deposition testimony attached to Defendant Intervenors' motion as Exhibits 1-4 must do so under seal.

SO ORDERED this _____ day of _____ 2018

_____
Hon. Andrew S. Hanen,
U.S. District Court Judge