IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| *vs.* | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| and | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO
DACA INTERVENORS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Of the testimony that DACA Intervenors seek to have filed under seal, Plaintiff States intend to use only the following page and line designations from the deposition of Karla Perez in their post-discovery response brief: 12:20-14:2 and 86:15-87:6. Plaintiff States informed DACA Intervenors of this in their attempts to confer before DACA Intervenors filed their motion for protective order, and this response will focus exclusively on why that testimony need not be filed under seal.

All of that testimony relates to information that Ms. Perez *herself* has made public through interviews with news outlets and social media posts. *See, e.g.*, Exhs. A, B. Not only has Ms. Perez voluntarily waived any right to request that the

testimony be filed under seal, her willingness to publicize the information proves that her testimony is not so "highly sensitive" as to rebut the strong presumption of openness applicable to judicial records. Again, Plaintiff States informed DACA Intervenors of some of Ms. Perez's public statements before DACA Intervenors filed their motion for protective order.

DACA Intervenors bear the heavy burden to rebut the "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)); *see also United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (finding that a party can overcome the "strong presumption of openness" only by showing that "countervailing interests heavily outweigh the public interests in access to the judicial records") (internal quotation marks omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("a strong presumption in favor of access is the starting point," and the party seeking to seal judicial records "must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process") (citations and internal quotation marks omitted). The subject matter of this case is without a doubt of serious public interest.

DACA Intervenors cannot rebut that presumption. They claim that the highly sensitive information they seek to protect relates to Ms. Perez's manner of entry into the U.S. and the current status of her immigration case. Def.-Intervenors' Mot. for

Entry of Protective Order 2, ECF No. 255. But they do not offer any legally competent evidence to support why this information should be kept confidential. And, more importantly, Ms. Perez has already made public her manner of entry, *see* Exh. A, and the current status of her immigration case, *see* Exh. B. That type of information does not justify a sealed filing and is directly relevant to the legal implications of Ms. Perez's use of advance parole. *See* Exh. C, June 16, 2018 Depo. of K. Perez 84:9-85:11.

DACA Intervenors asked to participate in this case and did not seek to do so under a pseudonym. Ms. Perez's deposition took place 40 days ago and the burden was on DACA Intervenors to seek relief from this Court to require that her testimony be filed under seal. They did not do so before the parties' post-discovery briefs were filed on July 21, 2018. Now, with just over 48 hours left before the parties' responsive post-discovery briefs are due, DACA Intervenors ask the Court to require Plaintiff States to file under seal testimony related to information that has already been made public. Plaintiff States request that the Court deny DACA Intervenors' motion for a protective order as to the specific testimony referenced above.

| | |
|---|---|
| July 26, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

I certify that on July 26, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

       /s/ *Todd Lawrence Disher*
       TODD LAWRENCE DISHER
       Special Counsel for Civil Litigation

       **COUNSEL FOR PLAINTIFF STATES**