IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS; | ) <br> ) <br> ) |
| *Plaintiffs,* | ) <br> ) |
| *vs.* | ) Case No. 1:18-cv-00068 <br> ) |
| UNITED STATES OF AMERICA, ET AL.; | ) <br> ) |
| *Defendants,* | ) <br> ) |
| *And* | ) <br> ) |
| KARLA PEREZ, ET AL.; | ) <br> ) |
| STATE OF NEW JERSEY, | ) <br> ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO INTERVENORS'
MOTION FOR EXTENDING THE POST-DISCOVERY RESPONSE BRIEF
FILING DEADLINE**

Plaintiff States have explained why the testimony that Intervenors seek is not necessary for the Court to reach the merits of this case. *See* Plf. States' Resp. to Def.-Intervenors' Renewed Request for Discovery, ECF No. 189. Whether any discretionary denials occurred plays no part in deciding the merits of whether DACA violates the Take Care Clause of the Constitution or the substantive requirements of the Administrative Procedure Act ("APA"). And Fifth Circuit precedent dictates that DACA should have conformed with the APA's notice-and-comment requirement because it altered recipients' lawful presence and eligibility for attendant benefits. *Texas v.*

1

*United States*, 809 F.3d 134, 176-78 (5th Cir. 2015). Mr. Knowles cannot provide any testimony to contradict those undisputed facts.

There is no need to delay the entire briefing schedule for Intervenors to take the deposition of one person who may testify about one issue that is not essential for the Court's consideration. This is Intervenors' third attempt to delay these proceedings, despite their assurances when they asked to come into this case that they did not "intend to request any modification to the current briefing schedule" and that their "intervention will not create delay." *See* Proposed Def.-Intervenors' Mem. of Law in Support of Mot. for Leave to Intervene 9, 18, ECF No. 14. Plaintiff States respectfully request that this Court maintain the current briefing schedule on their motion for a preliminary injunction.

| | |
|---|---|
| July 26, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

 I certify that on July 26, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

           */s/ Todd Lawrence Disher*
           TODD LAWRENCE DISHER
           Special Counsel for Civil Litigation

           **COUNSEL FOR PLAINTIFF STATES**