IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 1:18-CV-68 |
| § | |
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| KARLA PEREZ, *et al.*, § | |
| § | |
| Defendant-Intervenors, § | |
| § | |
| and § | |
| § | |
| STATE OF NEW JERSEY, § | |
| § | |
| Defendant-Intervenor. § | |

## REPLY IN SUPPORT OF DEFENDANT-INTERVENORS' MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully submit this Reply in support of their Motion for Entry of Protective Order.

Defendant-Intervenors seek a protective order from the court requiring any party filing the specific excerpts of deposition testimony attached to Defendant-Intervenors' Motion for Entry of Protective Order as Exhibits 1-4 do so under seal. Contrary to Plaintiffs' claims, the portions of Defendant-Intervenor Karla Perez's deposition that Defendant-Intervenors designated to be filed under seal contain information that has not been revealed to the public. Additionally, all of the excerpts that Defendant-Intervenors have designated to be filed under seal include

highly sensitive information about Defendant-Intervenors' manner of entry and the current statuses of their immigration cases. For that reason, Defendant-Intervenors assert that Defendant-Intervenors' privacy interests outweigh the public's interest in accessing this testimony and thus seek an order requiring that such testimony be filed under seal.

**1. Ms. Perez's Public Statements Do Not Reveal Her Manner of Entry or Immigration Status Upon Entry Into the United States**

The exhibits that Plaintiffs filed in support of their Response do not contain the private information that Defendant-Intervenors seek to protect. Plaintiffs rely on Exhibit A, a news article containing excerpts from an interview with Ms. Perez, to argue that Ms. Perez already made public her manner of entry. Dkt. 258-1 at 5. Although Ms. Perez stated in the article that her family crossed the border, she did not describe her manner of entry.

Importantly, Defendant-Intervenors also seek to protect their immigration status at the time of their entry. Plaintiffs do not claim Ms. Perez revealed publicly her immigration status upon entry into the United States. Exhibit A to Plaintiffs' Response to Defendant-Intervenors' Motion for Entry of Protective Order does not contain any information on Ms. Perez's immigration status at time of entry. Ms. Perez's status at time of entry is highly sensitive information and is the focus of one of the deposition excerpts Plaintiffs have stated they intend to cite in their post-discovery response brief. *See* Dkt. 258 at 1. Without an order to file under seal, Plaintiff States would, for the first time, disclose publicly Ms. Perez's private information regarding her immigration status. As discussed in Defendant-Intervenors' Motion, revealing publicly such information would harm Defendant-Intervenors' privacy interests with no apparent benefit to the public or Plaintiffs. Plaintiffs state that this information is "without a doubt of serious public interest" but provide no support for that claim.

## 2. Ms. Perez's Public Statements Do Not Reveal the Current Status of Her Immigration Case

Contrary to Plaintiffs' contention, Exhibit B to their response to Defendant-Intervenors' Motion for Entry of Protective Order – a tweet by Ms. Perez on February 14, 2018 – does not reveal publicly the current status of her immigration case. Dkt. 258-2. The tweet notes that Ms. Perez is waiting for a work permit based on a "pending fam petition/adjustment." However, there are many types of family petitions, all of which have different processing timelines and outcomes. Ms. Perez's public statements also do not reveal when she applied, which family member petitioned for her, or the current status of that family petition. The testimony by Ms. Perez that Defendant-Intervenors seek to protect, however, contains those highly sensitive details.

## 3. Defendant-Intervenors May Cite the Deposition Excerpts Subject to their Motion Later In This Litigation To Rebut Incorrect Statements of Facts About Defendant Intervenors

Plaintiffs only address the two specific portions of testimony they intend to cite in their post-discovery brief. Defendant-Intervenors seek a protective order that would require all of the specified excerpts in Exhibits 1-4 to be filed under seal for the remainder of this litigation. Defendant-Intervenors anticipate relying on excerpts in Exhibits 1-4 to rebut incorrect statements of fact made by Plaintiffs about Defendant-Intervenors, including their opportunities for adjustment of status.

## CONCLUSION

For the foregoing reasons and those presented in Defendant-Intervenors' Motion for Entry of a Protective Order, Defendant-Intervenors respectfully request that this Court require any party seeking to file the deposition testimony attached to Defendant-Intervenors' Motion as Exhibits 1-4 do so under seal.

Dated: July 27, 2018            Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**

Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807

(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on the 27th day of July, 2018, she electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                  */s/ Nina Perales*
                                                  Nina Perales