# Exhibit 53

# Transcript of the Testimony of

# Amanda Brownson

**Date:**

June 28, 2018

**Case:**

STATE OF TEXAS vs UNITED STATES

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
 2                          BROWNSVILLE DIVISION

 3    STATE OF TEXAS, et al     )
                                )
 4                              )
      VS.                       )    C.A. NO. 1:18-CV-00068
 5                              )
                                )
 6    UNITED STATES OF AMERICA, )
      et al                     )
 7                              )
                                )
 8    VS.                       )
                                )
 9                              )
      KARLA PEREZ, et al        )
10

11       ***************************************************
                    ORAL DEPOSITION OF AMANDA BROWNSON
12                           JUNE 28, 2018
         ***************************************************
13

14   ANSWERS AND DEPOSITION OF AMANDA BROWNSON, a witness

15   called by Plaintiff, taken before Janalyn Elkins,

16   Certified Shorthand Reporter for the State of Texas, on

17   the 28th day of June, 2018, between the hours of 10:00

18   a.m. and 12:47 p.m., in the offices of Attorney General

19   for the State of Texas, 209 W. 14th Street, Suite 700,

20   Austin, Texas, pursuant to the agreement of counsel for

21   the respective parties as hereinafter set forth.

22

23

24

25
```

Amanda Brownson
June 28, 2018
Page 2

```
 1                    A P P E A R A N C E S

 2

 3    FOR THE PLAINTIFF:
          ASSISTANT ATTORNEY GENERAL
 4        By:  MR. TRENT PEROYEA
          Law Enforcement Defense Division
 5        209 W. 14th Street
          Suite 700
 6        Austin, Texas   78701
          PH:  (512) 936-1288
 7        Trent.Peroyea@oag.texas.gov

 8    FOR THE DEFENDANT, UNITED STATES:
          U.S. DEPARTMENT OF JUSTICE
 9        By:  MR. E. PAXTON WARNER
          1701 West Highway 83
10        Suite 600
          McAllen, Texas   78501
11        PH:  (956) 618-8010
          Jeffrey.robins@usdoj.gov
12
      FOR THE INTEVENORS:
13        MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
          By:  MS. CELINA MORENO
14               - and -
              MS. CHELSEA RANGEL
15        110 Broadway
          Suite 300
16        San Antonio, Texas   78205
          Cmoreno@maldef.org
17
      FOR THE STATE OF NEW JERSEY:
18        OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY:
          By:  MR. KENNETH LEVINE
19        25 Market Street
          8th Floor
20        Trenton, New Jersey   08625
          PH:  (609) 292-4925
21        Kenneth.levine@law.njoag.gov

22

      ALSO PRESENT:
23    Mr. Jade Sobh

24

25
```

Kim Tindall and Associates, LLC  16414 San Pedro, Suite 900    San Antonio, Texas 78232
210-697-3400                                                             210-697-3408

**App. 1668**

Amanda Brownson
June 28, 2018
Page 8

```
 1   Q.    And you never did that with your time with TEA?
 2   A.    I don't recall whether I ever did that or not.
 3   Q.    Would you agree that the State of Texas incurs
 4   the cost to educate students no matter their immigration
 5   status?
 6   A.    I would.
 7   Q.    So let's lay a few ground rules out for the
 8   deposition today.  Okay?
 9         Have you ever been deposed before?
10   A.    No.
11   Q.    And do you realize that your testimony is under
12   oath?
13   A.    I do.
14   Q.    And that this carries the same penalties of
15   perjury as if you were testifying at trial?
16   A.    I do.
17   Q.    And I'm going to ask you today to only give
18   verbal answers, no head nod, uh-huhs, or huh-uhs.  Make
19   sure you make a clear statement for the record.  Okay?
20   A.    Okay.
21   Q.    And I'm going to let you finish your answer,
22   just make sure you let me finish my question, even if
23   you think you know what my question is asking.  Just
24   make sure you let me finish before you answer.  Okay?
25   A.    Okay.
```

```
 1    A.         Okay.
 2    Q.         Do you see Paragraph 2?
 3    A.         I do.
 4    Q.         It says, (Reading:)  From 2013 to 2016, I served
 5    as director of state funding at the TEA.
 6               Did I read that correctly?
 7    A.         You did.
 8    Q.         And then you go on to say, (Reading:)  During my
 9    time at TEA, I directed the division of state funding
10    which was responsible for calculating and distributing
11    state aid payments under the Foundation School Program
12    and collecting recapture payments under the chapter
13    14 -- or Chapter 41 of the Texas Education Code.
14               Did I read that correctly?
15    A.         You did.
16    Q.         Can you explain one more time what the
17    Foundation School Program actually is?
18    A.         The Foundation School Program is a set of
19    calculations set forth in Chapter 42 of the Texas
20    Education Code and Chapter 41 of the Texas Education
21    Code that directs the agency to make and calculate --
22    calculate and make state aid payments to school
23    districts and collect recapture payments from certain
24    school districts are what we call the property law.
25    Q.         So based upon your time in this role and your
```

```
 1   understanding of the Foundation School Program, would
 2   you agree that the state bears a portion of the cost for
 3   educating students in public schools?
 4   A.      I would.
 5   Q.      So let's go to Paragraph 3 of your declaration
 6   where it says, (Reading:)  Prior to my time at TEA, I
 7   served as a consultant at Moak, Casey & Associates where
 8   a significant portion of my time was spent with
 9   assisting school districts with state aid calculations
10   under the Foundation School Program.
11           Did I read that correctly?
12   A.      You did.
13   Q.      So based upon your time in this role, would you
14   agree that the state bears a portion of the cost for
15   educating students in public schools?
16   A.      I would agree that the state -- there is a state
17   share of the cost of the Foundation School Program.
18   Q.      So do you agree -- when I ask you a question, I
19   think -- if you don't understand what I'm trying to ask,
20   you can ask me to rephrase.  But here I'm asking you,
21   would you agree, based upon your time in that role, if
22   the state -- that the state bears a portion of the cost
23   for educating students in public schools?
24   A.      I think I did answer your question.  I said
25   there is a state share portion of the cost of the
```

1   A.	Okay.
2   		(Exhibit No. 8 was marked.)
3   BY MR. PEROYEA:
4   Q.	Do you see the words "Carver High School"?
5   A.	I do.
6   Q.	Do you see where it says it is a school in
7   Houston, Texas?
8   A.	I do.
9   Q.	Do you see where it says that it's in the school
10  district of Aldine Independent School District?
11  A.	I do.
12  Q.	So let's go back to Ms. Adossi's declaration,
13  and let's flip to Page 2.  And Paragraph 9 says,
14  (Reading:)  I am a recipient of deferred action through
15  the initiative known as Deferred Action For Childhood
16  Arrivals.
17  		Did I read that correctly?
18  A.	You did.
19  Q.	And we mentioned earlier that Dr. Adossi
20  graduated from George W. Carver High School in the top
21  10 percent of her class, correct?
22  A.	Correct.
23  Q.	So based upon your experience, would you agree
24  that the State of Texas incurred a portion of the cost
25  in educating Dr. Adossi as she made her way through the

```
 1   Texas public school system?
 2   A.      Again, I would say I would, which would be true
 3   whether or not she had DACA.
 4   Q.      So I'm going to -- I didn't ask about DACA, so
 5   I'm going to ask just the question itself one more time.
 6           So based upon your experience, would you agree
 7   that the State of Texas incurred a portion of the cost
 8   of educating Dr. Adossi as she made her way through the
 9   Texas public school system?
10   A.      Again, I would say that that is true whether or
11   not she had DACA.  And I don't know, based on this,
12   whether she had DACA at the time she was educated in the
13   public school system.
14   Q.      So if a student like Dr. Adossi was eligible for
15   the compensatory education program, the State of Texas
16   would incur an additional cost in a student that did not
17   participate in the compensatory education program,
18   correct?
19   A.      If any student participates in the compensatory
20   education program, they draw more funding than a student
21   who does not.
22   Q.      You can put that away.
23           You read through Mr. Lopez's entire declaration,
24   correct?
25   A.      Correct.
```

1  disagreeing with whether we should hold that constant
2  here.
3  Q.    All these numbers are making me think, so that's
4  why it takes me a while.
5  A.    It's totally fine.
6  Q.    So let's go back to your declaration where -- in
7  Paragraph 14, the very last sentence where -- do you see
8  where it says "according to the TEA website"?
9  A.    Yes.
10 Q.    (Reading:)  According to the TEA website, the
11 State of Texas's share of education spending for public
12 schools has dropped from 49 percent in 2008 to
13 40 percent in 2018.
14       Did I read that correctly?
15 A.    You did.
16 Q.    In that statement, you're still acknowledging
17 that the State of Texas shares a portion of the
18 education cost for public schools, correct?
19 A.    Correct.
20 Q.    And, in your declaration, you site to what you
21 labeled as Table 1, correct?
22 A.    Correct.
23 Q.    Can you point out to me in your table where that
24 40 percent that you're talking about for 2018 to 2019?
25 What number would that be in your chart?

```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
 2                      BROWNSVILLE DIVISION

 3    STATE OF TEXAS, et al    )
                               )
 4                             )
      VS.                      )    C.A. NO. 1:18-CV-00068
 5                             )
                               )
 6    UNITED STATES OF AMERICA,)
      et al                    )
 7                             )
                               )
 8    VS.                      )
                               )
 9                             )
      KARLA PEREZ, et al       )
10

11         ******************************************
                CERTIFICATE FROM THE ORAL DEPOSITION OF
12                         AMANDA BROWNSON
                           JUNE 28, 2018
13         ******************************************

14              I, Janalyn Elkins, a Certified Shorthand

15   Reporter in and for the State of Texas, do hereby

16   certify that the foregoing deposition is a full, true

17   and correct transcript;

18   That the foregoing deposition of AMANDA BROWNSON, the

19   Witness, hereinbefore named was at the time named, taken

20   by me in stenograph on June 28, 2018, the said Witness

21   having been by me first duly cautioned and sworn to tell

22   the truth, the whole truth, and nothing but the truth,

23   and the same were thereafter reduced to typewriting by

24   me or under my direction.  The charge for the completed

25   deposition is $_____ due from Plaintiff
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                        210-697-3408

**App. 1675**

```
 1    () That pursuant to the Federal Rules of Civil
 2    Procedure, the Witness shall have 30 days after being
 3    notified by certified mail, return receipt requested, by
 4    the deposition officer that the original deposition
 5    transcript is available in her office for review and
 6    signature by the Witness and if any corrections made are
 7    attached hereto;
 8    () That by agreement of counsel, a reading condensed
 9    copy of the deposition transcript along with the
10    full-size original changes and Signature Sheet has been
11    sent to_____ on_____ for review and
12    signature within 30 days and if any corrections returned
13    are attached hereto;
14    () That by agreement of counsel, the deposition officer
15    is instructed to release the original deposition
16    transcript to_____ on_____, for review and
17    signature, and the deposition officer is thereafter
18    released of any further responsibility with regard to
19    the original.
20    () That the Witness shall have thirty (30) days for
21    review and signature of the original transcript and if
22    any corrections returned are attached hereto.
23    () That the signed transcript () was () was not received
24    from the Witness within 30 days.
25    () That the examination and signature of the Witness is
```

```
 1   waived by the Witness and the parties;
 2   That the amount of time used by each party at the
 3   deposition is as follows:
 4           MR. TRENT PEROYEA (2:14)
 5   I further certify that I am neither counsel for, related
 6   to, nor employed by any of the parties in the action in
 7   which this proceeding was taken, and further that I am
 8   not financially or otherwise interested in the outcome
 9   of the action.
10           WITNESS MY HAND, this the_____ day
11   of_____, A.D., 2018.
12
13
14   _____
     JANALYN ELKINS
15   Cert. No. 3631
     Expires Dec. 31, 2018
16   16414 San Pedro, Suite 900
     San Antonio, Texas  78232
17   Firm Registration 631
```