# Exhibit 64

App. 1775

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION

STATE OF TEXAS, et al.,      *
                             *
          Plaintiffs,        *
                             *
     v.                      *       CASE NO. 1:18-CV-68
                             *
UNITED STATES OF AMERICA,    *
et al.,                      *
                             *
          Defendants,        *
                             *
and                          *
                             *
KARLA PEREZ, MARIA ROCHA,    *
JOSE MAGANA-SALGADO, NANCI   *
J. PALACIOS GODINEZ, ELLY    *
MARISOL ESTRADA, KARINA      *
RUIZ DE DIAZ, CARLOS         *
AGUILAR GONZALEZ, KARLA      *
LOPEZ, LUIS A. RAFAEL,       *
DARWIN VELASQUEZ, JIN        *
PARK, OSCAR ALVAREZ, NANCY   *
ADOSSI, DENISE ROMERO,       *
PRATISHTHA KHANNA, JUNG      *
WOO KIM, ANGEL SILVA,        *
MOSES KAMAU CHEGE, HYO-WON   *
JEON, ELIZABETH DIAZ,        *
MARIA DIAZ, and BLANCA       *
GONZALEZ,                    *
                             *
          Defendant-         *
          Intervenors.       *
```

ORAL DEPOSITION OF

ART ACEVEDO

Wednesday, June 20, 2018

Reported by Debbie D. Cunningham, CSR

2

1          ORAL DEPOSITION OF ART ACEVEDO, produced as a

2     witness at the instance of the Plaintiffs, and duly

3     sworn, was taken in the above-styled and numbered cause

4     on Wednesday, June 20, 2018, from 1:13 p.m. to

5     3:51 p.m., before Debbie D. Cunningham, CSR, in and for

6     the State of Texas, reported via Machine Shorthand at

7     the Houston Police Department, 1200 Travis Street,

8     Houston, Texas 77002, pursuant to the Federal Rules of

9     Civil Procedure.

10                        --ooOoo--

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
1                          APPEARANCES

2

3    FOR THE STATE OF TEXAS:

4        OFFICE OF THE ATTORNEY GENERAL OF TEXAS
         Special Counsel Unit
5        300 W. 15th Street
         Austin, Texas  78701
6        (T) 512.936.0750

7            By:  Adam Arthur Biggs, Esq.
                  adam.biggs@oag.texas.gov
8

9    FOR THE UNITED STATES OF AMERICA:

10       UNITED STATES ATTORNEY'S OFFICE
         U.S. Department of Justice
11       1000 Louisiana St., Suite 2300
         Houston, Texas  77002
12       (T) 713.567.9518

13           By:  Daniel David Hu, Esq.
                  daniel.hu@usdoj.gov
14

15   FOR THE STATE OF NEW JERSEY:     (VIA SPEAKERPHONE)

16       NEW JERSEY DEPARTMENT OF LAW & PUBLIC SAFETY
         124 Halsey Street, 5th Floor
17       Newark, New Jersey  07101
         (T) 973.877.1405
18
             By:  Brian De Vito, Esq.
19                brian.devito@law.njoag.gov

20
     FOR DEFENDANT-INTERVENORS, KARLA PEREZ:
21
         MEXICAN AMERICAN LEGAL DEFENSE
22             AND EDUCATIONAL FUND (MALDEF)
         110 Broadway, Suite 300
23       San Antonio, Texas  78205
         (T) 210.224.5476
24
             By:  Ernest Herrera, Esq.
25                eherrera@maldef.org
```

**App. 1778**

Art Acevedo - 6/20/2018

4

```
 1   FOR THE HOUSTON POLICE DEPARTMENT:

 2        HOUSTON POLICE DEPARTMENT
          Legal Services Unit
 3        1200 Travis Street
          Houston, Texas  77002
 4        (T) 713.308.1660

 5        By:  Ann Spiegel, Esq.
               Ann.Spiegel@houstonpolice.org
 6


 7
     ALSO PRESENT:
 8
          Mr. Charles Hoff
 9        Ms. Alejandra Avila        (VIA SPEAKERPHONE)
          Ms. Chelsea Rangel         (VIA SPEAKERPHONE)
10

11                        --ooOoo--

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

App. 1779

51

1      A.    No.

2      Q.    Is there any policy at HPD that requires

3  witnesses to have their immigration statuses reported to

4  Federal officials outside of the context of applying for

5  specialized visas?

6      A.    No, I believe that would be a violation of

7  state law.

8      Q.    In these relational policing events and

9  community policing events, these community engagement

10 events, does HPD tell the community that witnesses will

11 not have their immigration status reported to the

12 Federal Government?

13     A.    Yes.

14     Q.    And how is that message conveyed?

15     A.    Well, I mean, I've talked about SB 4 itself,

16 that actually prohibits asking the question.  You know,

17 if we don't ask the question, there's nothing to report,

18 right, of witnesses or victims.  We actually help

19 educate the community on the laws that relate to SB 4.

20     Q.    And why do you educate them on that portion of

21 SB 4?

22     A.    To try to overcome the perception that not

23 just SB 4 but this litigation that we're here about or

24 the political -- the mean spiritedness of the political

25 debate in this country has just created a lot of fear in

Art Acevedo - 6/20/2018

53

1  status.   HPD officers do not investigate immigration

2  statuses of individuals that are witnesses to crimes,

3  does it?

4       A.    Generally speaking, no.

5       Q.    Do HPD officers, when encountering a victim,

6  ask about the immigration statuses of family members of

7  the witness?

8       A.    Generally speaking, no.

9       Q.    So would an undocumented immigrant's fear that

10  an interaction would lead to that type of investigation

11  be unfounded based on HPD practices?

12            MR. HERRERA:   Objection, vague.

13       A.    I would say generally speaking, yes; but,

14  again, perception is like the elephant that, you know,

15  you can hit over the head a hundred times; and it's

16  really hard to overcome.

17       Q.    (BY MR. BIGGS)   And overcoming that

18  perception, that's the goal of all the efforts you've

19  taken to get into the community and build trust,

20  correct?

21       A.    Yes.

22       Q.    Let's go down to 13 -- let's do 13 and 14

23  together.   If you could, read those and let me know.

24       A.    Okay.

25       Q.    Paragraph 13 talk about an April 2017

Art Acevedo - 6/20/2018

99

1       A.    I mean, what is this?

2       Q.    Sure.  I'll represent to you this is an amicus

3  brief submitted to the Ninth Circuit Court of Appeals in

4  a previous DACA case where you were an individual

5  signing onto the brief.  You'll find it at page 29 of

6  34, List of Amici.  At the very top is the...

7       A.    What page?

8       Q.    Page 29.

9       A.    Okay.

10      Q.    Do you see your name?

11      A.    Yes.

12      Q.    Did you review this brief before it was filed?

13      A.    Yes.

14      Q.    Did you agree with the statements made in this

15 brief?

16      A.    Yes.

17            MR. HERRERA:  Objection, vague.

18      Q    (BY MR. BIGGS)  All right.  Will you please

19 turn to page 10, the second paragraph?  And this

20 discusses U visa applications.  The last sentence,

21 "Indeed, more than 99 percent stated that they were

22 willing to cooperate with police, and 70 percent were in

23 fact asked to and did provide assistance related to

24 crimes committed against them."  Did I generally read

25 that correctly?

Art Acevedo - 6/20/2018

100

1      A.    Yes.  Was this from the U visa?

2      Q.    **Yes, sir.**

3      A.    Yes.

4      Q.    **And that statement references people who had**

5  **applied for and received U visas, correct?**

6      A.    Right.

7            MR. HERRERA:  Take your time and look at

8  it if you need to.

9            THE WITNESS:  Yeah.

10           MR. BIGGS:  Sure, go ahead.

11           THE WITNESS:  Are you waiting for me?

12           MR. BIGGS:  Yes, I was waiting for you.

13           THE WITNESS:  Oh, no.  Go ahead.

14     Q.    **(BY MR. BIGGS)  Okay.  Would you agree with me**

15  **that U visas, especially when there's 99 percent of**

16  **people willing to cooperate with police, are a tool that**

17  **helps with the lack-of-trust issues you have stated**

18  **today?**

19           MR. HERRERA:  Objection, vague.

20           You can answer it.

21     A.    Yes.

22     Q.    **(BY MR. BIGGS)  Okay.  And U visas are still**

23  **going to be available for victims of crime even if DACA**

24  **is rescinded, correct?**

25           MR. HERRERA:  Objection, vague.

Art Acevedo - 6/20/2018

111

1   STATE OF TEXAS)

2                    REPORTER'S CERTIFICATION

3          I, DEBBIE D. CUNNINGHAM, CSR, hereby

4   certify that the witness was duly sworn and that this

5   transcript is a true record of the testimony given by

6   the witness.

7          I further certify that I am neither

8   counsel for, related to, nor employed by any of the

9   parties or attorneys in the action in which this

10  proceeding was taken.  Further, I am not a relative or

11  employee of any attorney of record in this cause, nor am

12  I financially or otherwise interested in the outcome of

13  the action.

14         Subscribed and sworn to by me this day,

15  June 22, 2018.

16

17

18

19  _____
    Debbie D. Cunningham, CSR
20  CSR 2065
    Expiration:  12/31/18
21  INTEGRITY LEGAL SUPPORT SOLUTIONS
    3100 West Slaughter Lane, Suite A-10
22  Austin, Texas 78748
    www.integrity-texas.com
23  512-320-8690; FIRM # 528

24

25

App. 1784