# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY | § | |
| | § | |
| Defendant-Intervenor. | § | |

## DECLARATION OF NINA PERALES

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund. I submit this declaration in support of the Rule 56(d) Motion to Deny or Defer Consideration of Summary Judgment filed by Defendant-Intervenors Karla Perez *et al.* (the "Defendant-Intervenors") in the above-referenced case. I am thoroughly familiar with the facts and arguments in this proceeding. I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

2.     Defendant-Intervenors understand that the limited, 30-day discovery period granted by this Court on May 30, 2018 was intended to address only Plaintiffs' motion for a

preliminary injunction and not the ultimate merits. Significantly, Plaintiffs expressly stated the same understanding during discovery. For example, Plaintiffs objected to a discovery request by Defendant-Intervenors in part on the ground that it was "outside the scope of limited expedited discovery," asserting that Plaintiffs might "supplement this response . . . once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction." *See* Def-Int. Ex. 291 at 17.[1]

3.      Defendant-Intervenors diligently engaged in discovery during the limited, 30-day discovery period granted by this Court on May 30, 2018. Defendant-Intervenors cooperated with Plaintiffs and Federal Defendants in responding to discovery requests, scheduling depositions, and resolving discovery disputes as expeditiously as possible. Defendant-Intervenors also made good-faith efforts to limit and narrow their discovery requests as much as possible to respond directly to Plaintiffs' motion for a preliminary injunction.

4.      Defendant-Intervenors served four narrow sets of discovery requests to Plaintiffs. Defendant-Intervenors requested from Plaintiffs the following materials specifically focused on Plaintiffs' motion for a preliminary injunction: (1) initial disclosures pursuant to Federal Rule of Civil Procedure 26, (2) information and documents related to the expenditures forming the basis of Plaintiffs' alleged injuries caused by the 2012 Deferred Action for Childhood Arrivals memorandum ("DACA") in their motion for a preliminary injunction, (3) expert disclosures, and (4) documents related to Plaintiffs' claims regarding the size of the student population in Texas public schools. A true and correct copy of these requests is attached to this declaration as **Exhibits 1-4**.

5.      Defendant-Intervenors served three narrow sets of requests to Federal Defendants.

---

[1] "Def-Int. Ex." citations in this declaration indicate exhibits filed by *Perez* Defendant-Intervenors in support of their response in opposition to Plaintiffs' motion for preliminary injunction.

Defendant-Intervenors requested from Federal Defendants the following materials: (1) initial disclosures pursuant to Federal Rule of Civil Procedure 26, (2) expert disclosures,[2] and (3) information regarding adjudication of DACA applications by the Department of Homeland Security ("DHS"). In total, Defendant-Intervenors served on Federal Defendants 14 interrogatories and 10 requests of production. A true and correct copy of these requests is attached to this declaration as **Exhibits 5-7**.

6.     Defendant-Intervenors only took the depositions of 6 witnesses, who were selected with specific reference to responding to Plaintiffs' motion for a preliminary injunction. The witnesses Defendant-Intervenors deposed are the five declarants upon whose testimony Plaintiffs relied in their opening brief in support of their motion for a preliminary injunction, filed on May 2, 2018, as well as Mr. Michael Knowles, a federal employee. Defendant-Intervenors also presented testimony from their own fact and expert witnesses, but this testimony was limited to nine experts and eight fact witnesses, including only four of the twenty-two Defendant-Intervenors, selected to rebut Plaintiffs' allegations in their motion for a preliminary injunction brief.

7.     Defendant-Intervenors made a good-faith effort to limit their discovery requests pursuant to the Court's orders and narrowed the scope of discovery to respond to the issues raised by Plaintiffs in their opening brief in support of their motion for a preliminary injunction, filed on May 2, 2018. To respond to a motion for summary judgment by Plaintiffs, however, it would be necessary for Defendant-Intervenors to conduct additional discovery. Examples of the additional discovery that would be necessary to respond to a motion for summary judgment and that will likely result in the discovery of material fact issues that would preclude summary

---

[2] Federal Defendants did not present any expert witnesses in opposition to Plaintiffs' motion for a preliminary injunction, so this set of requests to the Federal Defendants did not lead to any discovery.

judgment are:

    a. **Discovery related to Plaintiffs' newly-asserted costs.** Defendant-Intervenors need additional written discovery and deposition testimony related to injuries asserted by Plaintiffs for the first time in their supplemental brief, filed on July 21, 2018, including, but not limited to, costs to the State of Texas related to work-study programs and border security expenditures. *See* Dkt. No. 218 at 39, 45. Plaintiffs did not allege these costs in their complaint or opening brief and, therefore, discovery is necessary because Defendant-Intervenors have not had an opportunity to challenge the accuracy of these newly asserted costs and the reliability of Plaintiffs' computations.

    b. **Third-party discovery.** Defendant-Intervenors need written discovery and deposition testimony from Texas employers to rebut Plaintiffs' labor-market distortion claim, *i.e.*, Plaintiffs' claim that DACA and the Affordable Care Act ("ACA") incentivize employers to hire DACA recipients instead of citizens. *See* Dkt. No. 218 at 48-49. Defendant-Intervenors did not have an opportunity to request any third-party discovery from Texas employers to rebut this claim, which is relevant to the threshold issue of whether Plaintiffs have standing to challenge DACA. As noted *supra*, Defendant-Intervenors asked Plaintiffs to identify employers who hired a DACA recipient instead of a U.S. citizen because of the ACA employer penalty, but Plaintiffs objected to this request in part on the ground that it was "outside the scope of limited expedited discovery" and noted that they "may supplement this response . . . once the case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary

4

injunction." *See* Def-Int. Ex. 291 at 17.

c. **Discovery on Texas' health care programs.** Defendant-Intervenors need written discovery and deposition testimony from Texas witnesses with knowledge of the Texas health care programs which form the basis of Texas' claimed injury as a result of DACA. Texas' health care expert repeatedly testified during her deposition that she lacks this knowledge. *See, e.g.,* Def-Int. Ex. 135 at Tr. 18:16-19:7, 42:14-43:5, 51:25-52:2, 61:22-62:15. Therefore, additional deposition testimony is necessary.

d. **Depositions from federal employees.** Defendant-Intervenors need deposition testimony of a U.S. Citizenship and Immigration Services ("USCIS") adjudicator and Rule 30(b)(6) witness who can testify about the procedures followed by USCIS when evaluating and adjudicating DACA requests. Texas' witness Kenneth Palinkas testified that he does not adjudicate DACA requests. *See* Def-Int. Ex. 136 at Tr. 106:23-107:20, 114:7-16. The testimony of a USCIS adjudicator is necessary to rebut Plaintiffs' claims that USCIS has a practice of rubber-stamping DACA requests. In addition, Defendant-Intervenors need deposition testimony from Mr. Donald Neufeld. Defendant-Intervenors did not have an opportunity to depose Mr. Neufeld even though Plaintiffs submitted his declaration in conjunction with their motion for a preliminary injunction and Mr. Neufeld testified about DACA adjudications. *See* Dkt. No. 6 at 579-96.

e. **Written discovery from Federal Defendants**. Defendant-Intervenors need additional discovery of documents in the custody and control of Federal Defendants to address factual allegations Plaintiffs make to argue DACA is

illegal. For example, Defendant-Intervenors need written discovery relating to the number of DACA recipients who adjusted their status and who adjusted based on having travelled with an advance parole document. Defendant-Intervenors requested related information from Federal Defendants but Federal Defendants did not provide this information on the basis that the request was burdensome. *See* Def-Int. Ex. 289 at 17-19. Defendant-Intervenors also need additional written discovery relating to grants of deferred action under DACA by U.S. Immigration and Customs Enforcement ("ICE"), including but not limited to guidelines, training manuals, and documents that outline the procedures used by ICE to evaluate and grant deferred action under DACA, documents related to the relationship between grants of deferred action by ICE and adjudications of DACA requests by USCIS, and the number of individuals detained by ICE who have been granted deferred action by ICE under DACA. Defendant-Intervenors also need additional written discovery relating to other favorable grants of discretion by USCIS, including Temporary Protected Status and T-visas. Defendant-Intervenors need data on Requests for Evidence and the number of DACA requests denied because the applicant was a suspected gang member or national security or public safety threat, which Defendant-Intervenors requested from Federal Defendants but Federal Defendants did not produce on the basis that the request was burdensome. *See* Def-Int. Ex. 289 at 9-17. This information bears on the discretionary nature of DACA and is necessary to rebut Plaintiffs' claims.

8.    Despite best efforts, Defendant-Intervenors were unable to obtain this information given the short discovery period and Federal Defendants' and Plaintiffs' discovery responses.

However, this discovery is necessary in order to allow Defendant-Intervenors an opportunity to fully respond to the factual allegations raised in Plaintiffs' motion for a preliminary injunction and supplemental brief.   Defendant-Intervenors intend to obtain this information during the course of the regular discovery period, through additional discovery requests and motions to compel the production of Defendant-Intervenors' already-served discovery requests.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 3rd day of August, 2018.

Nina Perales

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' FIRST SET OF DISCOVERY REQUESTS TO**
**PLAINTIFFS**

TO:   Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, TX 78711-2548, Todd.Disher@oag.texas.gov.

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on May 30, 2018 (Dkt. 53), Defendant-Intervenors Karla Perez, Maria Rocha, Jose Magaña-Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-Intervenors") request that Plaintiffs respond to Defendant-Intervenors' First Set of Discovery Requests to Plaintiffs, which follows, within ten (10) days from the date on which they receive email service of these discovery requests.

1

Dated: June 1, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on July 1, 2018, I sent a true and correct copy of Defendant-Intervenors' First Set of Discovery Requests to Plaintiffs by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548

Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Celina Moreno*
Celina Moreno

## **DEFINITIONS**

The following terms are defined and used in these discovery requests as follows:

A. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C. "Plaintiffs" or "Plaintiff states" shall refer to the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf.

D. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Plaintiff states or in the possession, custody or control of counsel for Plaintiff states.  A draft of a non-identical copy is a separate document within the meaning of this term.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E. To "identify" an individual means to state that individual's:
    a. full name;
    b. current or last known telephone numbers at business and home; and
    c. current or last known business and home addresses.

F. To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G. To "identify" an act, event, occurrence or communication means:
    a. to state its date;
    b. to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
    c. to describe where and how it took place; and
    d. to identify any document that constitutes or refers to such act, event, occurrence, or communication.

H. To "identify" a file means:

4

      a.  to state the title contained therein; and
      b.  to identify the person for whom the file is maintained.

I.   To "identify" a statement means:
      a.  to identify who made it;
      b.  to identify who took or recorded it;
      c.  to identify all persons, if any, present during the making thereof;
      d.  to state when, where and how it was taken or recorded; and
      e.  to identify who has current or last know possession, custody or control thereof.

J.   To "identify: a document means:
      a.  to identify all files in which it and all copies of it are found;
      b.  to identify its author;
      c.  to identify its addresses, if any;
      d.  to identify those who received a copy thereof;
      e.  to identify its current custodian or the person that had last known    possession, custody or control thereof;
      f.  to state the date of its preparation; and
      g.  to state its general subject matter giving a reasonably detailed description thereof.

K.   To "identify any other tangible thing means:
      a.  to identify what it is, giving a reasonably detailed description thereof;
      b.  to state when, where and how it was made, if applicable;
      c.  to identify who made it, if applicable; and
      d.  to identify its current custodian or the person that had last known    possession, custody or control thereof.

L.   The plural of any word used herein includes the singular, and the singular includes the plural.

M.  The masculine gender of any word used herein includes the feminine and the neutral genders.

N.   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

O.   As used herein, the term "DACA initiative" or "DACA program" or "DACA" refers to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

P.   As used herein, the term "DACA recipients" means a person who has been granted deferred action pursuant to the DACA initiative.

## INTERROGATORIES

## INTERROGATORY NO. 1

Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## RESPONSE

## INTERROGATORY NO. 2

Please provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiffs and that Plaintiffs may use to support their claims or defenses, unless solely for impeachment.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

## RESPONSE

## INTERROGATORY NO. 3

Please provide a computation of any financial harm that Plaintiffs claim to result from the implementation of DACA, and identify the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of financial harm suffered.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

## RESPONSE

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' interrogatories.

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' SECOND SET OF DISCOVERY REQUESTS TO
PLAINTIFFS**

TO:    Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge, Special Counsel for Civil Litigation, Office of Attorney General, State of Texas, P.O. Box 12548, Austin, TX 78711-2548, Todd.Disher@oag.texas.gov.

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on May 30, 2018 (Dkt. 53), Defendant-Intervenors Karla Perez, Maria Rocha, Jose Magaña-Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-Intervenors") request that Plaintiffs respond to Defendant-Intervenors' Second Set of Discovery Requests to Plaintiffs, which follows, within ten (10) days from the date on which they receive email service of these discovery requests.

1

Dated: June 4, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2018, I sent a true and correct copy of Defendant-Intervenors' Second Set of Discovery Requests to Plaintiffs by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548

Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

_/s/ Celina Moreno_
Celina Moreno

## **DEFINITIONS**

The following terms are defined and used in these discovery requests as follows:

A.  As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B.  "Plaintiffs" or "Plaintiff states" shall refer to the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf.

C.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Plaintiff states or in the possession, custody or control of counsel for Plaintiff states.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D.  To "identify" a person means to give, to the extent known, the person's full name, present or last known address, current or last known telephone numbers, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E.  To "identify" an act, event, occurrence or communication means:
    a.  to state its date;
    b.  to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
    c.  to describe where and how it took place; and
    d.  to identify any document that constitutes or refers to such act, event, occurrence, or communication.

F.  To "identify" a file means:
    a.  to state the title contained therein; and
    b.  to identify the person for whom the file is maintained.

G.  To "identify" a statement means:
    a.  to identify who made it;
    b.  to identify who took or recorded it;
    c.  to identify all persons, if any, present during the making thereof;
    d.  to state when, where and how it was taken or recorded; and
    e.  to identify who has current or last know possession, custody or control thereof.

H.  To "identify: a document means:
  a.  to identify all files in which it and all copies of it are found;
  b.  to identify its author;
  c.  to identify its addresses, if any;
  d.  to identify those who received a copy thereof;
  e.  to identify its current custodian or the person that had last known    possession, custody or control thereof;
  f.  to state the date of its preparation; and
  g.  to state its general subject matter giving a reasonably detailed description thereof.

I.  To "identify any other tangible thing means:
  a.  to identify what it is, giving a reasonably detailed description thereof;
  b.  to state when, where and how it was made, if applicable;
  c.  to identify who made it, if applicable; and
  d.  to identify its current custodian or the person that had last known possession, custody or control thereof.

J.  The plural of any word used herein includes the singular, and the singular includes the plural.

K.  The masculine gender of any word used herein includes the feminine and the neutral genders.

L.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

M.  As used herein, the term "DACA initiative" or "DACA program" or "DACA" refers to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former U.S. Secretary of Homeland Security Janet Napolitano.

N.  As used herein, the term "DACA recipients" means a person who has been granted deferred action pursuant to the DACA initiative.

O.  As used herein, the term "unaccompanied child" means a child who has no lawful immigration status in the United States; has not attained 18 years of age; and with respect to whom: 1) there is no parent or legal guardian in the United States; or 2) no parent or legal guardian in the United States is available to provide care and physical custody.

## INTERROGATORIES

## INTERROGATORY NO. 4

Identify all costs that Plaintiffs, by state and year, have incurred since June 2012 or expect to incur in the future, with respect to providing goods, support and/or services to DACA recipients living in Plaintiff states. With respect to each cost identify:

a.  the category of the cost;

b.  the amount of the cost;

c.  whether Plaintiff states have paid the cost;

d.  the anticipated amount of future costs;

e.  the complete factual basis for asserting and computing the above costs; and

f.  all information, documents or other evidentiary material on which such assertions and computations are based.

## RESPONSE

## INTERROGATORY NO. 5

Identify the number of DACA recipients living in Plaintiff states, by state and year, since June 2012.  For each Plaintiff state, please identify:

a.  the manner in which you determined the number of DACA recipients;

b.  the manner in which you determined the individuals are DACA recipients;

c.  the documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;

d.  the number of DACA recipients who attend public colleges or universities;

e.  the number of DACA recipients who attend public K-12 schools;

f.  the number of DACA recipients who are unaccompanied children (UAC);

6

g.  the number of DACA recipients who have received health care not compensated by the patient or an insurer.

**RESPONSE**

**INTERROGATORY NO. 6**

Identify the number of unaccompanied children (UAC) living in Plaintiff states, by state and year, since June 2012.  For each Plaintiff state, please identify:

a.  the total number of UAC;

b.  the total number of UAC who attend public K-12 schools;

c.  the total number of UAC who attend public colleges or universities;

d.  the amount of K-12 education costs each state incurs on UAC;

e.  the amount of higher education costs each state incurs on UAC;

f.  whether Plaintiff states have paid the cost;

g.  the anticipated amount of future costs;

h.  complete factual basis for asserting and computing the above costs; and

i.  all information, documents or other evidentiary material on which such assertions and computations are based.

**RESPONSE**

**INTERROGATORY NO. 7**

Identify Plaintiff states' expenditures, by state and year, to provide Emergency Medicaid Services to DACA recipients since June 2012.  For each Plaintiff state, please identify:

    a.  the manner in which you determined the number of DACA recipients who receive Emergency Medicaid services;

    b.  the manner in which you determined the individuals are or were DACA recipients; and

    c.  all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE**

**INTERROGATORY NO. 8**

Identify Plaintiff states' expenditures, by year, to provide benefits under the Texas Children's Health Insurance Program (CHIP) Perinatal Coverage program to DACA recipients since 2012 and identify:

    a.  the manner in which you determined the number of DACA recipients who receive benefits under the CHIP Perinatal Coverage program;

    b.  the manner in which you determined the individuals are or were DACA recipients; and

    c.  all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE**

**INTERROGATORY NO. 9**

Identify Plaintiff states' expenditures, by year, to provide benefits under Texas's Family Violence Program to DACA recipients since 2012 and identify:

    a.  the manner in which you determined the number of DACA recipients who receive benefits under Texas's Family Violence Program;

b. the manner in which you determined the individuals are or were DACA recipients; and

c. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE**

**INTERROGATORY NO. 10**

Identify each and every incident in Plaintiff states, by state and year, in which you contend that a DACA recipient was involved in the commission of a crime since 2012.  For each such incident, please identify:

a. the name of the DACA recipient;

b. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;

c. the crime which the DACA recipient was charged;

d. the court in which the DACA recipient was prosecuted;

e. whether the DACA recipient was convicted, and if so, of what crime or crimes; and

f. any information, documents or other evidentiary material related to the alleged crime, the identity of the victim or victims, and the conviction, if any.

**RESPONSE**

**INTERROGATORY NO. 11**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and crime in any of the Plaintiff states, by state, or in any other part of the United States since June 2012.  For any such study or report, please identify:

9

    a.  the date you requested it;

    b.  the date you obtained it;

    c.  the author(s);

    d.  the person or entity who commissioned it;

    e.  the person or entity who paid for or is responsible for paying for it; and

**RESPONSE**

**INTERROGATORY NO. 12**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of education to residents in Plaintiff states, by state, since June 2012.  For any such study or report, please identify:

    a.  the date you requested it;

    b.  the date you obtained it;

    c.  the author(s);

    d.  the person or entity who commissioned it; and

    e.  the person or entity that paid for or is responsible for paying for it.

**RESPONSE**

**INTERROGATORY NO. 12**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of healthcare services to residents in Plaintiff states, by state since June 2012.  For any such study or report, please identify:

    a.  the date you requested it;

10

    b.  the date you obtained it;

    c.  the author(s);

    d.  the person or entity who commissioned it; and

    e.  the person or entity that paid for or is responsible for paying for it.

**RESPONSE**


**INTERROGATORY NO. 13**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of law enforcement services to residents in Plaintiff states, by state, since June 2012.  If so, for each study or report, please identify:

    a.  the date you requested it;

    b.  the date you obtained it;

    c.  the author(s);

    d.  the person or entity who commissioned it; and

    e.  the person or entity that paid for or is responsible for paying for it.

**RESPONSE**


**INTERROGATORY NO. 14**

For each interrogatory, identify each person answering the interrogatory, supplying any information relied upon in answering the interrogatory, or assisting in any manner with the preparation of answering the interrogatory.

**RESPONSE**

**INTERROGATORY NO. 15**

Identify each employer who hired a DACA recipient instead of a U.S. citizen because of the employer penalty pursuant to The Patient Protection and Affordable Care Act.

**RESPONSE**

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 2**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 4-15.

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**<u>DEFENDANT-INTERVENORS' THIRD SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFFS</u>**

TO:    Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge,
Special Counsel for Civil Litigation, P.O. Box 12548, Austin, TX 78711-2548,
Todd.Disher@oag.texas.gov.

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued

on May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these requests for

production on Plaintiffs.  You are requested to serve your responses to these discovery requests

upon the undersigned counsel for Defendant-Intervenors within 10 days of service of these

requests.

Dated: June 8, 2018                                    Respectfully submitted,

                                                       **MEXICAN AMERICAN LEGAL
                                                       DEFENSE AND EDUCATIONAL FUND**
                                                       By: */s/ Nina Perales*
                                                       Nina Perales (Tex. Bar No. 24005046);
                                                       (SD of Tex. Bar No. 21127)

1

Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

2

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 3: To the extent that the testimony of any expert will be offered in the preliminary injunction briefing, produce any reports, or, in the alternative, any document that contains:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the last 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to paid for the study and testimony in the case.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4: Produce all communications between you (including your counsel) and your testifying expert witnesses relating to compensation for the expert's study or testimony, identifying facts or data that the expert considered in forming the opinions to be expressed, or identifying assumptions that the expert relied on in forming the opinions expressed.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5: Produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for your testifying expert witnesses in forming the opinions expressed.

RESPONSE:

3

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS TO**
**PLAINTIFFS**

TO:    Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge,
Special Counsel for Civil Litigation, P.O. Box 12548, Austin, TX 78711-2548,
Todd.Disher@oag.texas.gov.

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on

May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these requests for production on

Plaintiffs.  You are requested to serve your responses to these discovery requests upon the undersigned

counsel for Defendant-Intervenors within 10 days of service of these requests.

Dated: June 19, 2018                              Respectfully submitted,

                                                  **MEXICAN AMERICAN LEGAL**
                                                  **DEFENSE AND EDUCATIONAL FUND**
                                                  By:  */s/ Nina Perales*
                                                  Nina Perales (Tex. Bar No. 24005046);
                                                  (SD of Tex. Bar No. 21127)
                                                  Attorney-in-Charge

1

Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
   (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on June 19, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Celina Moreno*
Celina Moreno

2

# I.   DEFINITIONS

The following terms are defined and used in these discovery requests as follows:

A. The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B. "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C. "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E. The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F. The term "DACA recipients" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G. The term "USCIS" shall mean United States Citizenship and Immigration Services.

H. The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I. "Plaintiff State" shall refer to each of the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf.

J. To "identify" an individual means to state that individual's:
   a.   full name;

3

    b.  current or last known telephone numbers at business and home; and

    c.  current or last known business and home addresses.

K.  To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.  To "identify" an act, event, occurrence or communication means:

    a.  to state its date;

    b.  to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;

    c.  to describe where and how it took place; and

    d.  to identify any document that constitutes or refers to such act, event, occurrence, or communication.

M.  To "identify" a file means:

    a.  to state the title contained therein; and

    b.  to identify the person for whom the file is maintained.

N.  To "identify" a statement means:

    a.  to identify who made it;

    b.  to identify who took or recorded it;

    c.  to identify all persons, if any, present during the making thereof;

    d.  to state when, where and how it was taken or recorded; and

    e.  to identify who has current or last know possession, custody or control thereof.

O.  To "identify" a document means:

    a.  to identify all files in which it and all copies of it are found;

    b.  to identify its author;

    c.  to identify its addresses, if any;

    d.  to identify those who received a copy thereof;

    e.  to identify its current custodian or the person that had last known   possession,  custody or control thereof;

    f.  to state the date of its preparation; and

    g.  to state its general subject matter giving a reasonably detailed description thereof.

P.  To "identify" other tangible thing means:

    a.  to identify what it is, giving a reasonably detailed description thereof;

    b.  to state when, where and how it was made, if applicable;

    c.  to identify who made it, if applicable; and

    d.  to identify its current custodian or the person that had last known   possession,  custody or control thereof.

Q.  The plural of any word used herein includes the singular, and the singular includes the plural.

R.  The masculine gender of any word used herein includes the feminine and the neutral genders.

S.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

T.  The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

U.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

V.  "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

W.  "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

X.  "You" and "your" shall mean the United States, as well as all other persons acting or purporting to act on behalf of the United States, including any attorney or other representative.

## I.   INSTRUCTIONS

A.   Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:
1.  the type of document (e.g., letter, memorandum, report, etc.,);
2.  the date;
3.  the title;
4.  the number of pages;
5.  the author or addressor;
6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
7.  the subject matter of the document;
8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted.

B.   If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons

5

for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D.      For all documents in electronic, magnetic, or format other than paper, please produce in the following formats:  printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E.      If the documents are provided on an FTP site, a) all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.


## II.    WARNINGS

A.      A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.      An evasive or incomplete production will be treated as a failure to produce the requested documents.

**INTERROGATORIES**

**INTERROGATORY NO. 16**

Identify each document, study or report that you or any of your expert witnesses prepared, obtained, requested, or relied on relating to the projection of student growth in Texas public schools for the upcoming school year.  For any such study or report, please identify:

    a.  the date you requested it;

    b.  the date you obtained it;

    c.  the author(s);

    d.  the person or entity who commissioned it; and

    e.  the person or entity that paid for or is responsible for paying for it.

**RESPONSE**


**INTERROGATORY NO. 17**

Identify the number of Texas public school students, elementary through high school, by grade or program, who are currently enrolled in bilingual education or english as a second language (ESL) programs and identify:

    a.  the manner in which you determined the number of bilingual education or ESL students; and

    b.  all information, documents or other evidentiary material upon which you rely to support your conclusion that each such individual is a receiving bilingual education or ESL programming.

**RESPONSE**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 6:**

Please produce the Texas Education Agency Foundation School Program Monthly Activity/Projection Strategies A.1.1 and A.1.2 chart for March to May 2018.  The February 2018 chart was produced by Plaintiffs at bates number STATES000052.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 16-17.

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' FIRST SET OF DISCOVERY REQUESTS TO**
**DEFENDANTS**

TO:   Defendants United States of America, *et al.*, by and through Jeffrey S. Robins, Attorney
in Charge, U.S. Department of Justice, Civil Division, Office of Immigration Litigation,
District Court Section, P.O. Box 868, Washington, D.C. 20044,
(Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued

on May 30, 2018 (Dkt. 53), Defendant-Intervenors Karla Perez, Maria Rocha, Jose Magaña-

Salgado, Nanci J. Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar

Gonzalez, Karla Lopez, Luis A. Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy

Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege,

Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, and Blanca Gonzalez (collectively, "Defendant-

Intervenors") request that Defendants respond to Defendant-Intervenors' First Set of Discovery

Requests to Defendants, which follows, within ten (10) days from the date on which they receive email service of these discovery requests.

Dated: June 5, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2018, I sent a true and correct copy of Defendant-Intervenors' First Set of Discovery Requests to Defendants by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Office of the General Counsel,
U.S. Department of Homeland,
Security 245 Murray Lane, SW Mail Stop 0485
Washington, DC 20528-0485
ogc@hq.dhs.gov

*/s/ Nina Perales*
Nina Perales

## DEFINITIONS

The following terms are defined and used in these discovery requests as follows:

A. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C. "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on its behalf.

D. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E. To "identify" an individual means to state that individual's:
   a. full name;
   b. current or last known telephone numbers at business and home; and
   c. current or last known business and home addresses.

F. To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G. To "identify" an act, event, occurrence or communication means:
   a. to state its date;
   b. to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
   c. to describe where and how it took place; and
   d. to identify any document that constitutes or refers to such act, event, occurrence, or communication.

H. To "identify" a file means:

4

    a.  to state the title contained therein; and
    b.  to identify the person for whom the file is maintained.

I.  To "identify" a statement means:
    a.  to identify who made it;
    b.  to identify who took or recorded it;
    c.  to identify all persons, if any, present during the making thereof;
    d.  to state when, where and how it was taken or recorded; and
    e.  to identify who has current or last know possession, custody or control thereof.

J.  To "identify: a document means:
    a.  to identify all files in which it and all copies of it are found;
    b.  to identify its author;
    c.  to identify its addresses, if any;
    d.  to identify those who received a copy thereof;
    e.  to identify its current custodian or the person that had last known    possession, custody or control thereof;
    f.  to state the date of its preparation; and
    g.  to state its general subject matter giving a reasonably detailed description thereof.

K.  To "identify any other tangible thing means:
    a.  to identify what it is, giving a reasonably detailed description thereof;
    b.  to state when, where and how it was made, if applicable;
    c.  to identify who made it, if applicable; and
    d.  to identify its current custodian or the person that had last known    possession, custody or control thereof.

L.  The plural of any word used herein includes the singular, and the singular includes the plural.

M.  The masculine gender of any word used herein includes the feminine and the neutral genders.

N.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

O.  As used herein, the term "DACA initiative" or "DACA program" or "DACA" refers to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

P.  As used herein, the term "DACA recipients" means a person who has been granted deferred action pursuant to the DACA initiative.

## INTERROGATORIES

## INTERROGATORY NO. 1

Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## RESPONSE

## INTERROGATORY NO. 2

Please provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Defendants and that Defendants may use to support their claims or defenses, unless solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

## RESPONSE

## REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' interrogatories.

Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' SECOND SET OF REQUESTS FOR PRODUCTION
TO DEFENDANTS**

TO:    Defendants United States of America, *et al*., by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these requests for production on Defendants. You are requested to serve your responses to these discovery requests upon the undersigned counsel for Defendant-Intervenors within 10 days of service of these requests.

Dated: June 8, 2018

Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)

1

Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 8, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

2

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 2: To the extent that the testimony of any expert will be offered in the preliminary injunction briefing, produce any reports, or, in the alternative, any document that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the last 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to paid for the study and testimony in the case.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3: Produce all communications between you (including your counsel) and your testifying expert witnesses relating to compensation for the expert's study or testimony, identifying facts or data that the expert considered in forming the opinions to be expressed, or identifying assumptions that the expert relied on in forming the opinions expressed.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4: Produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for your testifying expert witnesses in forming the opinions expressed.

RESPONSE:

3

Exhibit 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

## DEFENDANT-INTERVENORS' THIRD SET OF DISCOVERY REQUESTS TO DEFENDANTS

TO:     Defendants United States of America, *et al*., by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued

on May 30, 2018 (ECF No. 53), Defendant-Intervenors hereby serve these discovery requests on

Defendants. You are requested to serve your responses to these discovery requests upon the

undersigned counsel for Defendant-Intervenors within 10 days of service of these requests.

Dated: June 10, 2018                    Respectfully submitted,

                                        **MEXICAN AMERICAN LEGAL
                                        DEFENSE AND EDUCATIONAL FUND**
                                        By: */s/ Nina Perales*
                                        Nina Perales (Tex. Bar No. 24005046);
                                        (SD of Tex. Bar No. 21127)
                                        Attorney-in-Charge
                                        Celina Moreno (Tex. Bar No. 24074754)

(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

# I.    <u>DEFINITIONS</u>

The following terms are defined and used in these discovery requests as follows:

A.  The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B.  "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C.  "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E.  The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F.  The term "DACA recipients" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G.  The term "USCIS" shall mean United States Citizenship and Immigration Services.

H.  The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I.  "Plaintiff State" shall refer to each of the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf.

J.  To "identify" an individual means to state that individual's:
    a.  full name;

    b.  current or last known telephone numbers at business and home; and

    c.  current or last known business and home addresses.

K.  To "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.  To "identify" an act, event, occurrence or communication means:

    a.  to state its date;

    b.  to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;

    c.  to describe where and how it took place; and

    d.  to identify any document that constitutes or refers to such act, event, occurrence, or communication.

M.  To "identify" a file means:

    a.  to state the title contained therein; and

    b.  to identify the person for whom the file is maintained.

N.  To "identify" a statement means:

    a.  to identify who made it;

    b.  to identify who took or recorded it;

    c.  to identify all persons, if any, present during the making thereof;

    d.  to state when, where and how it was taken or recorded; and

    e.  to identify who has current or last know possession, custody or control thereof.

O.  To "identify" a document means:

    a.  to identify all files in which it and all copies of it are found;

    b.  to identify its author;

    c.  to identify its addresses, if any;

    d.  to identify those who received a copy thereof;

    e.  to identify its current custodian or the person that had last known    possession, custody or control thereof;

    f.  to state the date of its preparation; and

    g.  to state its general subject matter giving a reasonably detailed description thereof.

P.  To "identify" other tangible thing means:

    a.  to identify what it is, giving a reasonably detailed description thereof;

    b.  to state when, where and how it was made, if applicable;

    c.  to identify who made it, if applicable; and

    d.  to identify its current custodian or the person that had last known    possession, custody or control thereof.

Q.  The plural of any word used herein includes the singular, and the singular includes the

plural.

R. The masculine gender of any word used herein includes the feminine and the neutral genders.

S. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

T. The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

U. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

V. "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

W. "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

X. "You" and "your" shall mean the United States, as well as all other persons acting or purporting to act on behalf of the United States, including any attorney or other representative.

## II.    INSTRUCTIONS

A. Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:

1. the type of document (e.g., letter, memorandum, report, etc.,);
2. the date;
3. the title;
4. the number of pages;
5. the author or addressor;
6. the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
7. the subject matter of the document;
8. the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
9. any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the

5

application of the privilege asserted.

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D.      For all documents in electronic, magnetic, or format other than paper, please produce in the following formats:  printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E.      If the documents are provided on an FTP site, a) all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.


### III.    WARNINGS

A.      A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.      An evasive or incomplete production will be treated as a failure to produce the requested documents.

## INTERROGATORIES

### INTERROGATORY NO. 3

Please identify the number of initial DACA applications <u>received</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, of that number:

    a.  the number of initial DACA applications <u>approved</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

    b.  the number of initial DACA applications <u>denied</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

    c.  the number of initial DACA applications <u>rejected</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

### RESPONSE

### INTERROGATORY NO. 4

Please identify the number of renewal DACA applications <u>received</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, of that number:

    a.  the number of renewal DACA applications <u>approved</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

    b.  the number of renewal DACA applications <u>denied</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

    c.  the number of renewal DACA applications <u>rejected</u> by the Department of Homeland Security from each Plaintiff State for each month during the period of June 2012 to June 2018.

### RESPONSE

### INTERROGATORY NO. 5

Please identify the average number of months it took USCIS to adjudicate an accepted

DACA initial application:

    a. For the period of June 2012 to January 2017
    b. For the period of February 2017 to June 2018

**RESPONSE**

**INTERROGATORY NO. 6**

Please identify the average number of months it took USCIS to adjudicate an accepted DACA renewal application:

    a. For the period of June 2014 to January 2017
    b. For the period of February 2017 to June 2018

**RESPONSE**

**INTERROGATORY NO. 7**

Please identify the offices within USCIS that evaluate and adjudicate DACA applications.

**RESPONSE**

**INTERROGATORY NO. 8**

Please identify the number of DACA applications adjudicated at each of the five service centers within the USCIS Service Center Operations Directorate (SCOPS) each year for the period of June 2012 to June 2018.

**RESPONSE**

**INTERROGATORY NO. 9**

Please identify the number of DACA initial applications USCIS has accepted and denied from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

    a. the number of DACA applications denied at least in part because the applicant was a suspected gang member, from each Plaintiff State for each month during the period of June 2012 to June 2018.

8

    b.  the number of DACA applications denied at least in part because the applicant posed a threat to national security or public safety, from each Plaintiff State for each month during the period of June 2012 to June 2018.

    c.  the number of DACA applications denied after the adjudicator determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

**RESPONSE**

**INTERROGATORY NO. 10**

Please identify the number of DACA <u>renewal</u> applications USCIS has accepted and denied from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

    a.  the number of DACA applications denied at least in part because the applicant was a suspected gang member, from each Plaintiff State for each month during the period of June 2012 to June 2018.

    b.  the number of DACA applications denied at least in part because the applicant posed a threat to national security or public safety, from each Plaintiff State for each month during the period of June 2012 to June 2018.

    c.  the number of DACA applications denied after the adjudicator determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

**RESPONSE**

**INTERROGATORY NO. 11**

Please identify the number of <u>initial</u> DACA applications USCIS has accepted and subsequently issued Requests for Evidence ("RFEs") from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

    a.  the number of RFEs related to whether the applicant was under the age of 31 as of June 15, 2012;

    b.  the number of RFEs related to whether the applicant came to the United States before reaching his or her 16th birthday;

    c.  the number of RFEs related to whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application;

    d.  the number of RFEs related to whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action;

9

   e.  the number of RFEs related to whether the applicant had no lawful status on June 15, 2012;

   f.  the number of RFEs related to whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

   g.  the number of RFEs related to whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

**RESPONSE**


**INTERROGATORY NO. 12**

Please identify the number of <u>renewal</u> DACA applications USCIS has accepted and subsequently issued Requests for Evidence ("RFEs") from each Plaintiff State for each month during the period of June 2012 to June 2018, and identify, from among that number:

   a.  the number of RFEs related to whether the applicant was under the age of 31 as of June 15, 2012;

   b.  the number of RFEs related to whether the applicant came to the United States before reaching his or her 16th birthday;

   c.  the number of RFEs related to whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application;

   d.  the number of RFEs related to whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action;

   e.  the number of RFEs related to whether the applicant had no lawful status on June 15, 2012;

   f.  the number of RFEs related to whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

   g.  the number of RFEs related to whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

**RESPONSE**

10

**INTERROGATORY NO. 13**

Please identify the number of approved, initial DACA applications submitted by individuals who indicated on their I-821D, in response to Part 3. Question 4., that their immigration status on June 15, 2012 was "Status Expired" or "Parole Expired," and who answered in the affirmative in response to Part 3. Question 5.a. ("Were you EVER issued an Arrival-Departure Record"), for each Plaintiff State for each month during the period of June 2012 to June 2018.

**RESPONSE**

**INTERROGATORY NO. 14**

Please identify the number of DACA recipients who adjusted their status to lawful permanent resident, for each Plaintiff State for each month during the period of June 2012 to June 2018, and identify among that number:

    a.  the number of DACA recipients who adjusted under 8 U.S.C. 1255(i)
    b.  the number of DACA recipients who adjusted under 8 U.S.C. 1255(a)

**RESPONSE**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5**:

Produce all documents relating to guidelines followed by DHS, and any of its subsidiary agencies, departments, agents, and employees, to evaluate, process, and adjudicate Deferred Action for Childhood Arrivals ("DACA") applications, including, but not limited to: (1) internal agency documents, memoranda, and communications that set forth any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications;   (2) training materials provided to agents or employees related to DACA evaluations and adjudications; and (3) changes following January 20, 2017 in any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**:

Produce all documents relating to the process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates, processes, and adjudicates DACA applications, including but not limited to: (1) under what circumstances a DACA application is rejected, denied, or approved; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of DACA applications; (3) the procedure(s) employed by agents and employees who work in the evaluation and adjudication of DACA applications; and (4) changes in the process for evaluating, processing, and adjudicating DACA applications following January 20, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce documents showing the number of DACA applications received, rejected, denied, and approved, including but not limited to: (1) the number of initial DACA applications received, rejected, denied, and approved by each Plaintiff state, for each month during the period of June 2012 to June 2018; (2) the number of renewal DACA applications received, rejected, denied, and approved by each Plaintiff state, for each month during the period of June 2012 to June 2018; and (3) the number of DACA applications accepted but denied, during the period of June 2012 to June 2018, after the adjudicator determined the applicant met the five criteria in the June 15, 2012 DACA memorandum but was otherwise not a qualifying applicant, including because the applicant posed a threat to national security or public safety, by each Plaintiff state, for each month.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to process by which DHS, and any of its subsidiary agencies, departments, agents, and employees, evaluates and adjudicates applications or requests for deferred action other than DACA, including but not limited to: (1) under what circumstances an application or request is rejected, denied, or accepted; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of deferred action applications or requests; (3) and the procedure(s) employed by agents and employees who work in the evaluation and adjudication of deferred action applications or requests; and (4) any changes in the process by which DHS evaluates and adjudicates applications or requests for deferred action other than DACA since January 20, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents relating to the number of DACA applications received, rejected, denied, and approved at each of the five USCIS Service Centers, including but not limited to: (1) the number of initial DACA applications received, rejected, denied, and approved from each Plaintiff state, every month, during the period of June 2012 to June 2018; and (2) the number of renewal DACA applications received, rejected, denied, and approved from each Plaintiff state, every month, during the period of June 2012 to June 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents relating to the USCIS processing time of accepted and approved DACA applications, including but not limited to: (1) the amount of time that elapses between the date USCIS accepts an application and the time the application is approved; (2) the amount of time that elapses between the date USCIS approves an application and an applicant receives an employment authorization document; and (3) any changes in the processing time described above since January 20, 2017.

**RESPONSE:**