# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| *vs.* | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| And | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

## PLAINTIFF STATES' RESPONSE IN OPPOSITION TO DEFENDANT-INTERVENORS' RULE 56(d) MOTION

Over the past two months, the parties have taken 29 depositions, produced more than 12,000 pages of documents, written over 300 pages of briefing, and filed over 7,000 pages of exhibits to answer what are largely legal issues in front of the Court. None of the additional discovery requested in Defendant-Intervenors' Rule 56(d) motion is needed before the Court can grant Plaintiff States' claims as a matter of law. The Fifth Circuit has already decided the legal questions, and there is no genuine dispute as to any material fact. As such, the Court does not need to entertain another round of briefing on the same topics or hold another hearing to listen to the same arguments. The Court can grant a final judgment on the record before it.

Rule 56(d) provides that a district court may defer consideration on, or deny, summary judgment if the nonmovant shows that, "for *specified reasons*, it cannot present facts *essential* to justify its opposition." Fed. R. Civ. P. 56(d)(1) (emphases added); *see Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 194 (5th Cir. 2017) (applying abuse of discretion standard to district court's ruling on Rule 56(d) request for discovery). To prevail on a Rule 56(d) motion, the nonmovant "must demonstrate 'how additional discovery will create a genuine issue of material fact.'" *Fed. Ins. Co.*, 850 F.3d at 200 n.8 (quoting *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001)). The nonmovant must rely on more than "vague assertions" to support its request—it "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam)). Defendant-Intervenors have not satisfied this standard.

First, the Court does not need additional discovery to determine whether individual Immigration Service Officers have ever denied a DACA application for discretionary reasons. USCIS has already acknowledged that it cannot identify any such denials. *See* Pl. States' Mot. for Prelim. Inj. Exh. 5 at 5-6 n.1 (App. 22-23), ECF No. 6. The USCIS union official who Defendant-Intervenors were granted leave to depose—after claiming for weeks they could "obtain no other similar testimony"

regarding the adjudication of DACA applications, Def.-Intervenors' Mot. for Leave to Submit Test. of Current or Former Fed. Emps. 6, ECF No. 91—offers nothing to the contrary. That witness has never adjudicated a DACA application, talked to just six USCIS officers about the processing of DACA applications, and was not aware of a single DACA application that was denied after satisfying DACA's categorical criteria. *See* Pl. States' Post-Disc. Resp. Br. Exh. 68 at 74:18-20, 77:6-9 (App. 1842, 1843), ECF No. 290.1. And as Plaintiff States have previously explained, any discretionary denials do not change that DACA is a substantive violation of the APA and a violation of the Take Care Clause. Pl. States' Resp. to Def.-Intervenors' Renewed Req. for Disc. 1-2, ECF No. 189. Moreover, the Court can rule on the procedural APA claim even without considering the acceptance rate because DACA altered recipients' lawful presence and eligibility for attendant benefits. Fifth Circuit precedent requires that result. *Texas v. United States*, 809 F.3d 134, 176-77 (5th Cir. 2015).

The Federal Defendants have produced over 8,000 pages of documents in response to Defendant-Intervenors' document requests. In their responses, the Federal Defendants make clear that they provided all information that is available related to the rate of DACA approvals without doing an individual, case-by-case file review. *See* Def.-Intervenors' Resp. in Opp'n to Pls.' Supplemental Post-Disc. Br. Exh. 289 at 10-18, ECF No. 289.3. Based on the declaration of the Federal Defendants' records custodian, doing so would take tens of thousands of hours. *See* Def.-Intervenor State of N.J.'s Reply in Opp'n to Pls.' Mot. for Prelim. Inj. Exh. 64, ECF No. 286.1 (NJAPP0739-49).

Likewise, there is no factual dispute about the availability of advance parole to DACA recipients or the legal consequences of its grant of lawful reentry into the United States. One of the individual intervenors himself wrote a practice advisory explaining how DACA recipients can use advance parole to remove a hurdle to adjusting their status. Pl. States' Post-Disc. Br. Exh. 23 (App. 1253-62), ECF No. 219.3. The number of DACA recipients who have adjusted their status after receiving advance parole does not change its unlawfulness. And there is no need to do the individual, case-by-case review to try to determine that number.

As for the additional discovery requested regarding standing, there is no dispute that every court has recognized States' standing to challenge the decision to rescind DACA. Likewise, Defendant-Intervenors do not offer a single witness who disputes that Plaintiff States incur a cost to provide healthcare, education, and law-enforcement services to DACA recipients. In fact, their witnesses admit the opposite. *See* Pl. States' Post-Disc. Resp. Br. 33-37, ECF No. 282 (*e.g.*, "Q. So, again, just to reiterate, you say 'There are costs associated with the undocumented population which accrue to governmental entities such as education, social services and health care.' You still agree with that statement? A. Yes, sir. Q. And when you say undocumented population, that includes DACA recipients? A. I believe it would, yes."); *see also* Pl. States' Post-Disc. Br. Exh. 21 (App. 1246), ECF No. 219.1 (estimating the total cost to provide those services to DACA recipients is over $250,000,000 annually). And Defendant-Intervenors do not offer a single witness who disputes that some number of DACA recipients will leave the country should DACA

4

end. Again, their experts admit the opposite. Pl. States' Post-Disc. Br. Exh. 22 at 13 (App. 1251), ECF No. 219.2 (reporting that 22.3% of DACA survey respondents were likely or very likely to leave the country if DACA ended). In the end, Defendant-Intervenors had every opportunity to rebut the Plaintiff States' asserted bases for standing by retaining expert witnesses—they designated nine experts altogether—and deposing the Plaintiff States' experts. Nothing more is needed to conclude that Plaintiff States have standing to challenge the implementation of DACA.

As for the third-party discovery that Defendant-Intervenors claim they need, they do not explain why they did not seek such discovery during the period set by the Court. Plaintiff States included the interplay of DACA and the penalty provision of the Affordable Care Act as one of their bases for standing in their preliminary injunction motion filed on May 2, 2018. *See* Pl. States' Mot. for Prelim. Inj. 14-15, ECF No. 5. Indeed, it was included as a basis for standing in the challenge to DAPA and Expanded DACA filed in 2014. *See* Pls.' Reply in Supp. of Mot. for Prelim. Inj. 60 & Exh. 33, *Texas v. United States*, No. 1:14-cv-00254 (S.D. Tex. Jan. 7, 2015), ECF No. 64.

Additionally, Plaintiff States have standing to protect their citizens and other lawfully present workers from DACA's competitive injury even without the penalty provision of the Affordable Care Act. Defendant-Intervenors do not dispute that employers have hired DACA recipients over citizens or lawfully present workers. And Defendant-Intervenors made no effort to propound third-party discovery requests on businesses to rebut this point—nor can they establish now that any such discovery

5

would "influence the outcome" of Plaintiff States' request for summary judgment. *See Prospect Capital Corp.*, 819 F.3d at 757. Instead, the record evidence put forth by Defendant-Intervenors (as well as various amici) once again proves the opposite: companies will attempt to hire citizens or other lawfully present workers should DACA end. *See* Def.-Intervenors' Opp'n to Pls.' Mot. for Prelim. Inj. Exh. 45 at 4-5 ¶¶ 3-7, ECF No. 225.2 (confirming that Apple will hire replacements for its 250 DACA employees); *id.* Exh. 48 at 2-3 ¶¶ 7-10, ECF No. 225.2 (confirming that Univision will hire replacements for its approximately 60 DACA employees); Br. of Amici Curiae Hous. Hispanic Chamber of Commerce, Tex. Ass'n of Bus., *et al.* 16, ECF No. 221.1.

Because there are no disputed issues of material fact related to the merits of Plaintiff States' claims or Plaintiff States' standing, Plaintiff States request that the Court deny Defendant-Intervenors' Rule 56(d) motion and grant summary judgment on all three of Plaintiff States' claims.

| | |
|---|---|
| August 7, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

7

## CERTIFICATE OF SERVICE

      I certify that on August 7, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        */s/ Todd Lawrence Disher*
                                        TODD LAWRENCE DISHER
                                        Special Counsel for Civil Litigation

                                        **COUNSEL FOR PLAINTIFF STATES**