IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors, | § |
| | § |
| and | § |
| | § |
| STATE OF NEW JERSEY, | § |
| | § |
| Defendant-Intervenor. | § |

**DEFENDANT-INTERVENORS' NOTICE OF FILING**

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") make this filing to inform the Court that the plaintiffs in *NAACP v. Trump*, No. 17-cv-1907-JDB (D.D.C.), and *Trustees of Princeton University v. United States*, No. 17-cv-2325-JDB (D.D.C.) (the "D.D.C. Litigation"), filed a response yesterday to the defendants' stay motion acquiescing to the defendants' request for a stay "with respect to new applications for DACA or advance parole." *See* Ex. 1. As set forth in the Federal Defendants' filing to this Court yesterday, Dkt. 310, the United States had moved in the D.D.C. Litigation for a full or partial stay pending appeal of that court's order vacating DACA's rescission. Specifically, in order to avoid the possibility of conflicting orders, the United States sought a stay "at least insofar as the court's Orders go

beyond the preliminary injunctions in parallel litigation by requiring DHS to begin accepting both initial DACA requests from individuals who have never before been granted deferred action under DACA and also applications for DACA-based advance parole." Dkt. 310, at 1. The plaintiffs in that action have now acquiesced in that more limited stay request.

If Judge Bates adopts a limited stay, in accordance with the parties' common position, that would eliminate the sole ground on which Plaintiffs in this case have predicated their request for preliminary injunctive relief. In the August 8, 2018 hearing before this Court, faced with questions from the Court regarding Plaintiffs' six-year delay in bringing suit, and the fact that, whatever injury Plaintiffs may have sustained from DACA recipients who already applied for and received deferred action under DACA has already occurred, Texas identified only one basis for its purported continuing, urgent need for a preliminary injunction: that Judge Bates' order regarding new and advance parole applications was scheduled to come into effect on August 23, 2018. *See* Dkt. 302 at 134-35 ("[T]here is no [other] injunction that requires DHS to grant new DACA applications and new applications of advance parole; however, we know in 15 days, that's going to change . . . ; therefore, Your Honor, we're asking for preliminary injunction before August 23rd in order to prevent those harms."); *id*. at 12 (same); *id*. at 79-80 ("[A]t our initial scheduling conference, we asked for relief by July 23rd because that was initially the date that the D.C. court judgment was going to take effect. Now, we are here today with a new shot clock . . . August 23rd."); *id.* at 133-34 (same). Plaintiffs' unexplained six-year delay in challenging the DACA Memorandum makes absolutely clear that present DACA recipients do not cause Plaintiffs irreparable harm. Because the only purported prospective harm Plaintiffs complain of stems from grants of new DACA and advance parole applications, a stay of that

portion of Judge Bates' order would eliminate the only basis Plaintiffs identify for preliminary injunctive relief.

Dated: August 16, 2018                                    Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**

        Douglas H. Hallward-Driemeier
        2099 Pennsylvania Ave NW
        Washington, DC 20006-6807
        (202) 508-4600
        (202) 508-4776 (direct dial)
        Douglas.Hallward-Driemeier@ropesgray.com
        (Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that, on the 16th day of August, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

        */s/ Nina Perales*
        Nina Perales