Case 1:18-cv-00068   Document 320   Filed in TXSD on 08/31/18   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| State of Texas, *et al.*, <br>   *Plaintiffs*, | § § § | |
| v. | § § | |
| The United States of America, *et al.*, <br>   *Defendants*, | § § § § | Civil Action No. 1:18-CV-00068 |
| Karla Perez, *et al.*, <br>   *Defendant-Intervenors*, | § § § | |
| and | § § | |
| State of New Jersey, <br>   *Defendant-Intervenor*. | § § | |

**INTERLOCUTORY APPEAL ORDER**

  This Court by separate order has found that the Plaintiff States have shown a likelihood of success on the merits of their claim that the Deferred Action for Childhood Arrivals ("DACA") program is contrary to the Administrative Procedure Act ("APA"). The Court also found that the Plaintiff States had made a clear showing of irreparable injury. The Court did not grant the requested preliminary injunction as it found that the States had delayed seeking this relief for years, that the balance of private interests fell in favor of the denial of the requested relief, and that implementing that relief at this point in time was contrary to the best interests of the public. The Court addressed almost all of the issues in contention and went into more detail than was required to reach its conclusion due to the critical nature of the subject matter in dispute. The denial of interlocutory relief is not usually appealable, and in the few circumstances where it is appealable, courts tend to postpone deciding significant issues on an interlocutory basis. Nevertheless, this Court is entering this order certifying this matter for interlocutory appeal as the issues covered herein are of major import to a large segment of this country, and all parties

are in need of and desire a definitive answer as soon as they can get one.

**I**

Therefore, pursuant to 28 U.S.C. §1292(b), this Court hereby finds and certifies: that its order on the Plaintiff States' request for a preliminary injunction involves controlling questions of law for which there are substantial grounds for a difference of opinion. Indeed, in an earlier case involving both an attempt to expand DACA ("Expanded DACA") and institute a similar program called the Deferred Action for Parents of Americans and Legal Permanent Residents ("DAPA"), *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015) ("*Texas I*"), the Fifth Circuit Court of Appeals affirmed this Court's order by a 2–1 panel vote and the Supreme Court of the United States affirmed that ruling by a 4–4 vote, *United States v. Texas*, 136 S. Ct. 2271 (2016), which, in and of itself, should demonstrate that there exist substantial grounds for a difference of opinion. The legal issues here are virtually the same. This Court further certifies that an immediate appeal will materially advance the ultimate termination of this case and hopefully many others as well.

**II**

This Court has held that the States have clearly shown that DACA likely violates the substantive aspects of the APA. Reasonable minds could differ on that issue. A definitive appellate ruling one way or the other on this purely legal question could lead to the immediate conclusion of this case. This Court's ruling is based on its reading of the Fifth Circuit's majority opinion in *Texas I*, and while that opinion's result actually affirmed this Court's 2015 injunction stopping the Expanded DACA, most of its analysis was directed toward the question of the legality of the DAPA program, as that was the primary issue briefed and argued by the parties both in this Court and in the Fifth Circuit. Therefore, there are substantial grounds for differences

of opinion, and reasonable minds might decide that the differences, if any, in the DACA program justify a different result.

### III

In the instant case this Court also found that the States have clearly shown that DACA likely violates the APA by failing to undergo the notice-and-comment procedures required by the APA. It held that DACA was not a procedural rule and was not a general statement of policy and therefore notice-and-comment procedures were required. There are substantial grounds for a difference of opinion on the latter proposition for two reasons. First, this Court found that DACA had immediate and substantial impact, and that DACA conferred rights and imposed obligations. It did not find that the States had made a clear showing that individual discretion was not being exercised. Instead, it reached its ruling based upon the totality of the evidence weighing both the discretion and rights-and-obligations criteria. If this Court's interpretation of prior Fifth Circuit case law is accurate, this issue could turn on a pure question of law. That being the case, if the Fifth Circuit held that a movant must prove both factors in order to escape the APA's general policy exemption, a different conclusion would result.

Second, the Fifth Circuit could find that the exercise of program-wide discretion, as opposed to individual case-by-case discretion, is sufficient to satisfy the "discretion" prong. While this Court and the Fifth Circuit in *Texas I*, and even the 2014 Office of Legal Counsel memorandum, found programmatic discretion to be insufficient, both the courts in *Regents of California v. U.S. Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018) and in *Batalla Vidal v. Trump*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018) indicated it was enough. Consequently, reasonable minds could differ. If that conclusion was reached, and the Fifth Circuit held that the movants had the burden to prove both criteria as outlined by it, the result could in all likelihood lead to the resolution of all procedural APA issues.

IV

There are substantial grounds for a difference of opinion as to whether the DACA program is, as a matter of law, contrary to the duties imposed upon the Executive Branch by the Take Care Clause of the Constitution. U.S. Const. art II, §3. It seems obvious to most court observers that the Supreme Court, prior to Justice Antonin Scalia's death, was poised to address this issue as the Supreme Court specifically ordered briefing on the issue in addition to the APA issues it already faced in the appeal of the order of the Fifth Circuit's opinion in *Texas I*. A decision in favor of the Plaintiff States on this issue would end this litigation completely.

V

Finally, reasonable minds might find substantial grounds for a difference of opinion over whether this Court should have entered the injunctive relief that the States sought, especially with respect to future DACA applicants and renewals. This Court found that the Plaintiff States satisfied the requirement that they clearly show a likelihood of success on the merits and irreparable injury, but denied the requested relief based upon what this Court described as an unreasonable delay in seeking relief. This Court, however, found that the Plaintiff States did act promptly once it became apparent that DACA was not being phased out as was earlier represented by the Department of Homeland Security. Consequently, reasonable minds could differ as to whether the period of delay was sufficient to override this Court's finding of irreparable injury.

Additionally, in balancing the question of whether the threatened injury to the Plaintiff States outweighed the injury to the remaining parties, this Court found that injuries would occur to the Plaintiff States if the injunction was denied, but denied the injunction because it found that the injuries that would occur to the Government and the Defendant-Intervenors if the injunction were granted would be more profound and significant. Ultimately, it ruled that the equities

4

favored the Defendant-Intervenors and further that a preliminary injunction was not in the best interest of the public. There are substantial grounds for one to disagree with these conclusions, as the memorandum that created DACA indicated that did not confer substantive rights, and consequently, reasonable individuals could conclude that no person or entity could have justifiably relied upon any aspect of the DACA program.

Moreover, a reasonable argument could be made that, at the very least, a prospective injunction should have been issued. This Court concluded that the above-described delay and the determination of the balance of the various interests applied not only to the issuance of DACA renewals, but also to new applications. Reasonable minds could easily agree with this Court's findings regarding the facts, yet conclude that they did not preclude injunctive relief as to new applications. Arguably, no future applicant has relied upon DACA or even has a right to rely upon the future operations of a revocable program that at least nominally conferred no substantive rights.

## VI

The trial of this matter will be expensive for all parties and difficult to present. It may take weeks to try. Moreover, the ultimate issues are of vital importance and a delay in a final decision will not only affect all parties herein, but may also jeopardize many individuals, entities, and states who are not parties. A final appellate ruling at this stage would in all likelihood ultimately lead to the termination of this case, as it did in *Texas I*. A ruling different from this Court's on the primary legal issues delineated above could result in a summary victory for the Defendant-Intervenors and terminate a costly legal battle that has yet to be fought. Conversely, a ruling different from this Court on the merits could result in a summary victory for the Plaintiff States. Either way, a definitive ruling could save substantial time and resources for the parties and will result in judicial efficiency. It could also save the parties and the entire country the

anxiety that will necessarily result from a protracted delay.

## VII

The Court has considered various rulings from district courts in three different circuits that block the rescission of the DACA program and one, from a fourth circuit, that refused to block it. While this case concerns DACA's creation and implementation, there are many overlapping issues. Recently, both judges and commentators have opined that circuit splits are actually healthy for the development of this country's jurisprudence. If that premise is actually accurate and if the appellate courts in those circuits affirm the judgments from the other district courts, and if this Court is affirmed on appeal, the primary issues in question would be poised for resolution by the Supreme Court.

## VIII

Having so ruled, this Court hereby stays this case for 21 days. If any party elects to pursue an interlocutory appeal of the Court's order on the request for a preliminary injunction pursuant to 28 U.S.C. § 1292(b), in addition to any other requirements by rule or statute, the appealing party shall provide notice to this Court and the Court will subsequently entertain a request to extend the stay. If no party elects to appeal, the Court will schedule a hearing to implement a new scheduling order that will control the resolution of the remaining issues in this case.

Signed this 31st day of August, 2018.

Andrew S. Hanen
United States District Judge