IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| *vs.* | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| And | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendant-Intervenors.* | ) |

**PLAINTIFF STATES' MOTION TO LIFT STAY
AND SET STATUS CONFERENCE**

In ECF No. 320, the Court stayed this case for 21 days to allow for the possibility of an interlocutory appeal of the Court's denial of Plaintiff States' motion for a preliminary injunction. Plaintiff States do not presently intend to appeal that denial, so they respectfully request that the Court lift its stay and set a status conference to discuss the resolution of this case.

As for what issues remain, there are no genuine disputes as to any issue of material fact and Plaintiff States are entitled to judgment as a matter of law on their three claims for relief. *See* Fed. R. Civ. P. 56(a). First, the Court has found that whether DACA violated the substance of the APA is a "purely legal question." *See*

ECF No. 320 at 2. Second, Plaintiff States agree with the Court's analysis of the controlling legal standard used to analyze whether DACA required notice-and-comment rulemaking and thus that the procedural APA claim "turn[s] on a pure question of law." *Id.* at 3. And third, although the Court did not decide whether DACA violated the Take Care Clause of the Constitution, Plaintiff States agree that question is also a pure "matter of law" and that an affirmative finding on that point would end this litigation. *Id.* at 4.

Those legal issues are dispositive of whether Plaintiff States are entitled to a declaratory judgment that DACA is unlawful and must be set aside pursuant to 5 U.S.C. § 706. Although the Court declined to enter a preliminary injunction, DACA must eventually be set aside because it is unlawful. *See* ECF No. 319 at 67-104. Therefore, Plaintiff States request that the Court enter a scheduling order that sets deadlines for cross-motions for summary judgment so that the Court can enter a final judgment on the dispositive issues and set aside DACA.

Moreover, that approach is fully consistent with the equitable concerns the Court noted in its order denying the preliminary injunction. *See* ECF. No. 319 at 108-15. The Court could partially stay its judgment to minimize any disruption to current DACA recipients during appellate review and to allow for the orderly winddown of DACA. For example, the judgment could be partially stayed so that it would not prevent the Federal Defendants from issuing DACA renewals (the only type of DACA applications that the Federal Defendants are currently adjudicating) during the pendency of an appeal. The judgment could also be partially stayed so that it would

not require the Federal Defendants to revoke any existing grants of DACA status. In short, there are multiple avenues to wind down DACA over a two-year period if the Court enters an order setting DACA aside.

Insofar as any party contends that there is a genuine dispute as to any issue of material fact, Plaintiff States request that the Court resolve that dispute and enter factual findings based on the record already before it. *See* Fed. R. Civ. P. 65(a)(2). The record at present conclusively demonstrates that DACA is unlawful as this Court has effectively already concluded, *see* ECF No. 319 at 67-104, and as such it must be set aside. 5 U.S.C. § 706.

Should any party argue that it needs to introduce additional evidence into the record before the Court can resolve any dispositive issue, Plaintiff States request that the party state with specificity what additional evidence it believes is necessary. *See* Fed. R. Civ. P. 56(d). All parties can then confer about the request and, if they agree that such evidence should be introduced, propose the best method for supplementing the record with that evidence.

Plaintiff States respectfully request that the Court set a status conference to discuss the schedule for the resolution of this case at its earliest convenience.

| | |
|---|---|
| September 12, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| ALAN WILSON<br>Attorney General of South Carolina | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

I certify that on September 12, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> */s/ Todd Lawrence Disher*
> TODD LAWRENCE DISHER
> Special Counsel for Civil Litigation
>
> **COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF CONFERENCE

I certify that starting on September 11, 2018, I conferred with the other parties regarding their position on Plaintiff States' motion to lift the stay and set a status conference. The Federal Defendants do not oppose the motion. The individual DACA recipients who intervened as Defendant-Intervenors oppose the motion. The State of New Jersey takes no position on the motion.

> */s/ Todd Lawrence Disher*
> TODD LAWRENCE DISHER
> Special Counsel for Civil Litigation
>
> **COUNSEL FOR PLAINTIFF STATES**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) <br> ) <br> ) |
| *Plaintiffs,* | ) <br> ) |
| *vs.* | ) Case No. 1:18-cv-00068 <br> ) |
| UNITED STATES OF AMERICA, ET AL.; | ) <br> ) |
| *Defendants,* | ) <br> ) |
| *And* | ) <br> ) |
| KARLA PEREZ, ET AL.; | ) <br> ) |
| STATE OF NEW JERSEY, | ) <br> ) |
| *Defendant-Intervenors.* | ) <br> ) |

**ORDER GRANTING PLAINTIFF STATES' MOTION TO LIFT STAY
AND SETTING STATUS CONFERENCE**

On this date, the Court considered Plaintiff States' Motion to Lift Stay and Set Status Conference. After considering the Motion, the Court believes the Motion is meritorious and should be granted.

IT IS THEREFORE ORDERED that the stay is lifted, and the Court will hold a status conference in Courtroom 9C in Houston, Texas, on September ___, 2018.

SIGNED on this the _____ day of September, 2018.

_____
Hon. Andrew S. Hanen,
U.S. District Court Judge