IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | §  Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants, | § |
| and | § |
| KARLA PEREZ, *et al.*, | § |
| Defendant-Intervenors, | § |
| and | § |
| STATE OF NEW JERSEY, | § |
| Defendant-Intervenor. | § |

**DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO PLAINTIFF STATES' MOTION TO LIFT STAY AND SET STATUS CONFERENCE**

Defendant-Intervenors Karla Perez, *et al*. ("Defendant-Intervenors") respectfully submit this response in opposition to Plaintiffs' motion to lift stay, in which Plaintiffs also request that the Court not permit discovery and proceed immediately to summary judgment briefing on an incomplete record.  Dkt. 324.  For reasons more fully set forth below, Defendant-Intervenors oppose Plaintiffs' motion because it seeks to expedite this case to final judgment on a preliminary injunction record—an invitation this Court already declined.  *See* 8-8-18 Tr. at 6:3-9 (denying Plaintiffs' request for summary judgment).  Because there is no emergency requiring

the Court to short-circuit the litigation process, Defendant-Intervenors recommend that the Court proceed with discovery in this case. *See* Fed. R. Civ. P. 16(b); L.R. 16.

**I.    ARGUMENT**

First, Plaintiffs' motion to lift stay is inefficient and drains judicial resources. The 21-day stay entered by the Court expires automatically on September 21, 2018—less than a week from today and less than two weeks before briefing on the motion closes. *See* Dkt. 320 at 6; J. Hanen L.R. 6.B. Plaintiffs will receive their desired relief, resumption of district court proceedings, on September 21, 2018 without adjudication by this Court of the motion to lift stay.

Second, Plaintiffs' request to eliminate merits discovery flies in the face of this Court's denial of summary judgment at the preliminary injunction hearing. *Compare* Dkt. 282 at 49 (requesting summary judgment on the basis that "no genuine disputes of material fact" exist based on the preliminary injunction record) *with* 8-8-18 Tr. at 6:3-9 (denying Plaintiffs' request for summary judgment). In addition, in its order denying Plaintiffs' request for a preliminary injunction, this Court expressly limited its opinion to "issues involving the DACA program *in the context of a request for a preliminary injunction*," Dkt. 319 at 4 (emphasis added), expressly noted the limited record before it, and found that it would be inappropriate to set aside DACA only on a preliminary injunction record. *See, e.g., id.* at 115 ("Here, the egg has been scrambled. To try to put it back in the shell with *only a preliminary injunction record*, and perhaps at great risk to many, does not makes sense nor serve the best interests of this country") (emphasis added); *id.* at 106 ("The Defendant-Intervenors maintain that Texas, the only state that attempted to prove damages, did not suffer any real loss on a net basis, and that these costs are more than offset by the economic advantages that Texas derives from the DACA recipients, a position on which they may ultimately be proven correct *when this case is tried on the merits*.") (emphasis

added); *id.* at 102 ("*Based on the evidence in the preliminary injunction record*, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.") (emphasis added).

Third, Plaintiffs identify no emergency or other reason to eliminate merits discovery, claiming only "Plaintiff States are entitled to judgment as a matter of law . . . on the record already before [the Court]." Dkt. 324 at 1-3. This Court's conclusion that Plaintiffs have failed to establish the need for preliminary injunctive relief undermines Plaintiffs' argument that the Court should expeditiously "enter a final judgment on the dispositive issues and set aside DACA" without the benefit of a full record. *Id*. at 2. Plaintiffs provide no legal support for their request that court impose on Defendant-Intervenors the obligation to "state with specificity what additional evidence it believes is necessary" to obtain through discovery. *Id.* at 3. Plaintiffs turn ordinary discovery principles on their head, seeking to require Defendant-Intervenors to justify their right to conduct merits discovery rather than requiring Plaintiffs to justify depriving Defendant-Intervenors of that right. Here, the Court carefully limited, with respect to both time and subject matter, preliminary injunction discovery. *See also* Dkt. 387, 387-1 (explaining Defendant-Intervenors only served narrow sets of discovery requests in an effort to respond directly to Plaintiffs' motion for a preliminary injunction). Plaintiffs' attempt to preemptively cut off merits discovery is therefore particularly inappropriate.

The Court has already provided Plaintiffs an opportunity to seek prompt appellate review of the denial of their motion for preliminary injunction; however, Plaintiffs declined to pursue that appeal precisely because there is no threat of imminent harm to the states. In their motion to lift stay, Plaintiffs again make clear that they are amenable to a slow phase-out of DACA,

reinforcing the lack of urgency in the case. Dkt. 324 at 3 ("[T]here are multiple avenues to wind down DACA over a two-year period if the Court enters an order setting DACA aside.").

## II.  CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that Plaintiffs' motion be denied.

Dated: September 17, 2018                                          Respectfully Submitted

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and Educational Fund
11 East Adams, Suite 700

Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on September 17, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales