## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF STATES' RESPONSE IN OPPOSITION TO
## STEPHEN P. WALLACE'S MOTIONS TO INTERVENE

Stephen P. Wallace seeks to intervene in this lawsuit to "settle" the Court's "underlying order" and compel the Court to have his "DACA Solution Underwriting" submitted to the President of the United States. ECF Nos. 323, 325. In support, Wallace states that he possesses an alleged plan that would apply to this case. ECF No. 323 at 1. With his motions, Wallace submits a variety of news articles, emails, and statutes that he believes supports intervention. ECF Nos. 323, 325. Yet Wallace neither qualifies for intervention as a matter of right under Rule 24(a), nor should Wallace be granted permissive intervention under Rule 24(b), as his intervention would only delay adjudication and confuse the issues in front of the Court.

## I.    Wallace Is Not Entitled to Intervene as a Matter of Right.

Rule 24(a)(2) of the Federal Rules of Civil Procedure governs mandatory intervention. A party seeking to intervene as of right must show, among other things, that he has "an interest relating to the property or transaction that is the subject of

the action" and that it is "so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *Brumfield v. Dodd,* 749 F.3d 339, 341 (5th Cir. 2014) (citation omitted); *see* Fed. R. Civ. P. 24(a)(2). Wallace cannot satisfy either requirement.

Wallace's interest in this case is not covered by the subject of this action. In short, the subject matter of this litigation deals with the constitutionality of the unilateral executive action by the Obama Administration in 2012, known as Deferred Action for Childhood Arrivals. Wallace's desire to have his "DACA solution" sent to President Trump has nothing to do with the subject matter of this litigation, and Wallace has not shown anything to the contrary.

Nor will the disposition of this litigation in any way impair or impede Wallace's ability to protect his interest. The Court determining the constitutionality of DACA will not impede or impact Wallace's ability to petition a court or the President regarding his "DACA solution." Rule 24(a) does not authorize the requested intervention.

## II.   Wallace Should Not Be Granted Permissive Intervention.

So too for Wallace's request for permissive intervention. This request is governed by Rule 24(b), which permits the intervention of anyone who "has a claim or defense that shares with the main action on common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary" and can be denied even if there is a common question of law or fact. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc) ("*NOPSI*").

2

Rule 24(b) provides that courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And, in exercising their discretion, district courts can take into account whether the proposed intervenor will "significantly contribute to full development of the underlying factual issues in the suit." *NOPSI,* 732 F.2d at 472 (citations and quotations omitted).

District court decisions on Rule 24(b) motions receive an "exceedingly deferential" standard of review. *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (per curiam). Absent a "clear abuse of discretion," the district court's ruling will stand. *Cajun Elec. Power Coop., Inc. v. Gulf States Utils.*, 940 F.2d 117, 121 (5th Cir. 1991). Reflecting this deferential standard, the Fifth Circuit has "never reversed a denial of permissive intervention." *Ingebretsen*, 88 F.3d at 281 (citation and quotations omitted). At the same time, it has repeatedly affirmed the denial of a permissive-intervention request. *See, e.g., Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam); *Pruett v. Harris Bail Bond Bd.*, 104 F. App'x 995, 997 (5th Cir. 2004) (per curiam).

Here, Wallace is not entitled to permissive intervention. His own pleadings show that his insertion into this case would only confuse the issues, burden the parties and the Court, and create undue delay in the adjudication of this case.

## <u>CONCLUSION</u>

As a result, Plaintiff States respectfully request that the Court deny Stephen Wallace's Motions to Intervene.

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ALAN WILSON
Attorney General of South Carolina

_/s/ Todd Lawrence Disher_
TODD LAWRENCE DISHER
Attorney-in-Charge

PATRICK MORRISEY
Attorney General of West Virginia

Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and via certified mail, return receipt requested, to the following:

Stephen P. Wallace
1116 Sheffer Road, Apt. F
Aurora, IL 60505

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**[PROPOSED] ORDER DENYING MOTIONS TO INTERVENE**

Before the Court are Stephen P. Wallace's Emergency Motions to Intervene to Settle the Courts Underlying Order and for Order to Compel that Intervenor's "DACA Solution Underwriting" be Submitted to President Trump for Urgent Review/Execution, with Brief in Support (ECF No. 323) and 2nd Emergency Motions to Intervene to Settle the Courts Underlying Order and for Order to Compel that Intervenor's "DACA Solution Underwriting" be Submitted to President Trump for Urgent Review/Execution, with Additional Brief-in-Support (ECF No. 325). Having reviewed the Motions, the responses, and the replies, if any, as well as the applicable law, the Court finds that the Motions should be, and are hereby, **DENIED.**

     **SIGNED** on this____ day of_____, 2018.

 

 

                                         _____
                                         THE HON. ANDREW S. HANEN
                                         UNITED STATES DISTRICT JUDGE