**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

STATE OF TEXAS, et. al.,

             Plaintiffs,

    v.

KIRSTJEN M. NIELSEN, *et al.*,

             Defendants.

Case No. 18-cv-00068

**FEDERAL DEFENDANT'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, by and through undersigned counsel, hereby answer the First Amended Complaint of Plaintiff State of Texas, *et. al*. ("Plaintiffs"). Dkt. No. 104.

1.     Defendants deny that DACA is a program and deny that the 2014 DAPA memo was implemented.[1] Defendants object to the legal characterization that DACA confers lawful presence and aver that the DACA and DAPA implementation memos speak for themselves.[2] Defendants deny the remained of paragraph 1.

2.     Defendants admit paragraph 2 and aver that the Fifth Circuit opinion in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015) speaks for itself.

3.     Defendants admit paragraph 3.

---

[1] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint that characterizes DACA as a program rather than as a policy.

[2] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint that characterizes DACA as conferring lawful presence.

4.     Defendants admit paragraph 4.

5.     This paragraph consists of Plaintiff's characterization of the September 5, 2017 memorandum, "Recission of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals who came to the United States as Children,'" which speaks for itself.

6.     Defendants admit to the first sentence of paragraph 6, but aver that the DACA policy remains in force in a limited capacity, pursuant to court order in *Regents of Univ. of California v. United States Dep't of Homeland Sec.* ("*Regents*"), 2018 WL 339144 (N.D. Cal. Jan. 9, 2018). Defendants admit to the second sentence and aver that the *Regents* order speaks for itself.

7.     Defendants admit to paragraph 7, and aver that the court order in *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018) speaks for itself. Defendants aver that subsequent events in that case have resulted in an indefinite stay of the court's order. As a result, at the time of filing, the government does not need to consider DACA requests from first-time requestors. *See NAACP v. Trump*, No. CV 17-1907, 2018 WL 3962926 (D.D.C. Aug. 17, 2018).

8.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9.     Paragraph 9 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

10.    Paragraph 10 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

11.     The first sentence of paragraph 11 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. The remainder of this paragraph consists of Plaintiffs' broad legal conclusions regarding the duties of Congress and of the Executive Branch to which no response is required.

12.     Paragraph 12 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required, and aver that the holding in *Texas,* 809 F.3d 134, speaks for itself.

13.     The first two sentences of Paragraph 13 consist of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. As to the second sentence, Defendants aver that the June 15, 2012 DACA memo and November 20, 2014 DAPA memo speak for themselves. As to the third sentence, Defendants aver that the press release speaks for itself.

14.     Paragraph 14 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that Justice Scalia's opinion in *Arizona v. United States*, 567 U.S. 387 (2012) (Scalia, J., concurring in part and dissenting in part) speaks for itself.

15.     Defendants admit paragraph 15.

16.     Paragraph 16 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

### Jurisdiction and Venue

17.     Paragraph 17 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

18.    Paragraph 18 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

19.    Paragraph 19 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

### The Parties

20.    Defendants admit paragraph 20.

21.    Paragraph 21 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself.

22.    Paragraph 22 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

23.    Defendants admit the first two sentences of paragraph 23, and admit that Defendants Nielsen and USCIS are responsible for the continued administration of DACA. Defendants deny that Secretary Nielsen and USCIS are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015) (No. 1:14-cv-254) ("*Texas I*"), ECF No. 144.

24.    Defendants admit the first sentence of paragraph 24, and admit that Defendants McAleenan and U.S. Customs and Border Protection ("CBP") are responsible for the continued administration of DACA, though Defendants object to the term "administration of DACA" as

vague. Defendants deny that Defendants McAleenan and CBP are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas I*, No. 1:14-cv-254, ECF No. 144.

26.     Defendants aver that Ronald D. Vitiello is the Deputy Director and Senior Official Performing the Duties of Director for U.S. Immigration and Customs Enforcement ("ICE"). Defendants deny the second sentence.

26.     Defendants admit the first two sentences of paragraph 26, but object to the term "administer" as vague. Defendants admit that USCIS accepts and adjudicates DACA requests and terminates DACA when appropriate. Defendants deny that Director Cissna and USCIS are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas I*, No. 1:14-cv-254, ECF No. 144.

27.     Defendants admit paragraph 27, but aver that as of August 9, 2018, Defendant Provost is the Chief of the U.S. Border Patrol.

## FACTUAL BACKGROUND

I.     This separately numbered paragraph heading on page 8 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

28.     Paragraph 28 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself.

29.     Paragraph 29 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself.

30.     Paragraph 30 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself.

31.     Paragraph 31 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Arizona,* 567 U.S. 387, and the Immigration and Nationality Act ("INA"), speak for themselves.

32.     Paragraph 32 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Texas,* 809 F.3d 134, speaks for itself.

33.     Paragraph 33 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that *Arizona,* 567 U.S. 387, and the Immigration Reform and Control Act of 1986 ("IRCA"), speak for themselves.

34.     Paragraph 34 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), and 142 Cong. Rec. 26,680 (1996) (statement of Sen. Kyl), speak for themselves.

35.     Paragraph 35 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

36.     Defendants deny the allegations in this paragraph as characterized by Plaintiffs, and aver that the immigration laws specify when an individual is considered to be unlawfully present for purposes of future inadmissibility pursuant to 8 U.S.C. §1182 (a)(9)(B) and (a)(9)(C).

37.     Defendants deny the allegations in this paragraph as characterized by Plaintiffs, and aver that the immigration laws specify when an individual is considered to be unlawfully present for purposes of future inadmissibility pursuant to 8 U.S.C. §1182 (a)(9)(B) and (a)(9)(C).

38.     Paragraph 38 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that lawful presence is a classification. Defendants admit for purposes of 8 U.S.C. §1611(b)(2) only that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States." Defendants aver that 8 U.S.C. § 1611(b)(2) speaks for itself.

39.     Paragraph 39 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that lawful presence is a classification. Defendants aver only that 8 U.S.C. § 1611(b)(3) speaks for itself.

40.     Paragraph 40 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny lawful presence is a classification. Defendants aver only that 8 § U.S.C. 1611(b)(4) speaks for itself.

41.     Defendants deny that unlawful presence is a classification or status. Defendants admit that time during which a person is considered unlawfully present pursuant to 8 U.S.C. §1182 (a)(9)(B)(ii) and that does not fall within one of the exceptions set forth in 8 U.S.C. §1182 (a)(9)(B)(iii) counts toward future inadmissibility under 8 U.S.C. §1182 (a)(9)(B)(i).

42.    Paragraph 42 contains Plaintiffs' legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that lawful presence is a classification and aver that 26 U.S.C. § 32 speaks for itself.

II. Defendants admit this separately numbered paragraph heading on page 10.

43.    Defendants admit paragraph 43.

44.    Defendants admit that the referenced bills either were titled the DREAM Act, or included provisions commonly referred to as the DREAM Act.

45.    Paragraph 45 contains Plaintiffs' characterization of provisions of the DREAM Act to which no response is required. Defendants admit that S. 1291 in the 107th Congress included provisions providing for conditional permanent resident status for certain aliens who, among other things, had not attained the age of 21 and who had been continuously physically present in the United States for at least five years immediately preceding the date of enactment, and that various other bills introduced in Congress have contained similar provisions

46.    Defendants admit that the DREAM Act has not been enacted into law.

47.    Paragraph 47 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

48.    Paragraph 48 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

49.    Defendants admit that the Obama Administration supported passage of the DREAM Act.

50.    Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 50, but aver that the cited documents speak for themselves when read in their full context and without Plaintiffs' selective editing.

51.     Defendants admit paragraph 51.

III.    This separately numbered paragraph heading on page 14 consists of Plaintiffs'

characterization of the lawsuit and related legal conclusions, to which no response is required.

52.     Defendants admit paragraph 52, but object to the characterization of DACA as a

program. Defendants aver that the June 15, 2012 DACA memo speaks for itself.

53.     Defendants admit paragraph 53.

54.     Defendants admit only that the June 15, 2012 DACA memo speaks for itself.

Defendants deny that aliens who meet the DACA guidelines become "eligible" for DACA, or are

otherwise entitled to DACA.[3]

55.     Defendants admit paragraph 55, and aver that Plaintiffs' Exhibit 1 speaks for itself.

56.     Defendants admit paragraph 56 to the extent that a DACA requestor seeking

renewal of DACA merits such renewal, and aver that Plaintiffs' Exhibit 1 speaks for itself.

57.     Defendants lack knowledge or information sufficient to form a belief as to the

allegations of paragraph 57.

58.     Defendants deny paragraph 58 to the extent DACA is referred to as "relief," and

aver that Plaintiffs' Exhibit 2, USCIS, Form I-821D, Consideration of Deferred Action for

Childhood Arrivals, Fiscal Year 2012-2017 report speaks for itself.

59.     Defendants deny paragraph 59 to the extent DACA is referred to as "relief."

However, Defendants confirm the numbers in paragraph 59 via DACA Quarterly Report for

Q4FY17 produced by USCIS.

---

[3] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint
that refers to DACA "eligibility."

60.    Defendants admit paragraph 60, and aver that the referenced filing in *Texas I*, No. 1:14-cv-254, speaks for itself. Defendants aver further that the issuance of a preliminary injunction in *Inland Empire – Immigrant Youth Collective, et al., v. Kirstjen Nielsen, et al.*, No. 5:17- v-02048, 2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) (modified Mar. 28, 2018), presently curtails the government's discretion to terminate DACA at any time, with or without a Notice of Intent to Terminate.

61.    Paragraph 61 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

62.    Paragraph 62 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself.

63.    Paragraph 63 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself.

64.    Defendants deny the assertion in paragraph 64 that DACA confers lawful presence. Defendants aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland Security within the scope of 8 U.S.C. §1182 (a)(9)(B)(ii). No response is required with regard to the remainder of this paragraph because it consists of Plaintiff's characterization of DACA and because the language of the referenced DAPA memo speaks for itself.

65.     Paragraph 65 consists of Plaintiffs' characterization of the United States' Brief as Amicus Curiae in Opposition to rehearing En Banc filed in *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053 (9th Cir. 2014), to which no response is required. To the extent a response is required, Defendants assert that the referenced filing speaks for itself when read in context and without Plaintiffs' selective editing.

66.     Paragraph 66 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

67.     Paragraph 67 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

68.     Paragraph 68 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself.

69.     Paragraph 69 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1229a(c)(2)(B) speaks for itself.

70.     Paragraph 70 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself.

71.     Paragraph 71 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1182(a)(6)(A)(i), and Petitioner's Brief, *Texas*, 136 S. Ct. 2271 (No. 15-674), 2016 WL 836758, speak for themselves.

72.     Paragraph 72 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1611(b)(2) speaks for itself.

73.     Paragraph 73 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1611(b)(3) speaks for itself.

74.     Paragraph 74 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1611(b)(4) speaks for itself.

75.     Paragraph 75 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that 8 U.S.C. § 1182(a)(9)(B)(i) speaks for itself.

76.     Paragraph 76 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that deferred action is included in the statutory definition of "lawful status" for purposes of drivers' license eligibility under the REAL ID Act of 2005, 49 U.S.C. 30301 note.

77.     Defendants deny paragraph 77, and aver Plaintiffs' Exhibit 1 speaks for itself.

78.     Paragraph 78 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required. Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself.

79.     Defendants admit paragraph 79.

80.     Defendants only admit that the decision cited is quoted accurately, and aver that *Texas,* 809 F.3d 134, speaks for itself.

81.     Paragraph 81 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

82.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 82.

83.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph regarding the nonpartisan congressional Joint Committee, because the cited document is no longer available.

84.     Defendants admit paragraph 84, and aver that Plaintiffs' Exhibit 1 speaks for itself.

85.     Paragraph 85 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

86.     Defendants admit that until September 5, 2017, DACA recipients were eligible to apply for and be granted an advance parole document.

87.     Paragraph 87 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

88.     Defendants admit paragraph 88 and aver that the U.S. Dep't of State Foreign Affairs Manual speaks for itself.

89.     Paragraph 89 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1427(a) speaks for itself.

90.     Paragraph 90 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

91.     Paragraph 91 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

92.     Defendants deny the first sentence of paragraph 92 and aver that advanced parole permits a DACA recipient to leave the United States without interrupting her period of continuous residence within the United States for purposes of the DACA renewal guidelines, and to avoid automatic termination of DACA for leaving the United States except with a grant of advance parole. Defendants further aver that a grant of advance parole also permits an individual to appear at a port of entry and seek parole to reenter the United States, but that a separate decision on a request for parole is made at the port of entry. Defendants aver that the cited documents speak for themselves.

93.     Paragraph 93 consists of plaintiffs' characterizations and legal conclusions to which no response required, and Defendants aver that 8 U.S.C. § 1255(a) speaks for itself.

94.     Paragraph 94 consists of plaintiffs' characterizations and legal conclusions to which no response required, and Defendants aver that 8 U.S.C. § 1182 speaks for itself.

95.     Paragraph 95 contains Plaintiffs' characterization of DACA guidelines to which no response is necessary.

96.     Defendants deny paragraph 96.

97.     Paragraph 97 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(a)(9)(B)(v) speaks for itself.

98.     Paragraph 98 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(d)(5)(A) speaks for itself.

99.   Defendants deny the allegations contained in paragraph 99 and aver that "advance parole" is an exercise of DHS' parole authority under 8 U.S.C. § 1182(d)(5). Defendants aver that the DHS DACA National Standard Operating Procedures speak for themselves.

100.   Paragraph 100 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(d)(5)(A) and the USCIS Instructions for Application for Travel Documents speak for themselves.

101.   Paragraph 101 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the USCIS *Frequently Asked Questions* speaks for itself.

102.   Paragraph 102 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(a)(9)(B)(v) speaks for itself.

103.   Paragraph 103 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the USCIS Policy Manual speaks for itself.

104.   Paragraph 104 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(a)(9)(B) speaks for itself.

105.   Paragraph 105 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 U.S.C. § 1182(d)(5)(A) speaks for itself.

106.   Defendants admit that an alien must generally be inspected and admitted or paroled into the United States to be eligible for adjustment of status pursuant to 8 U.S.C. § 1255(a), and aver that 8 U.S.C. § 1255(a) speaks for itself.

107.   Paragraph 107 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the Immigrant Legal Res. Ctr.'s Practice Advisory speaks for itself.

108.   Paragraph 108 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the Immigrant Legal Res. Ctr.'s Practice Advisory speaks for itself.

109.   Defendants admit paragraph 109 and aver that the referenced letter from León Rodríguez, Dir., USCIS, speaks for itself.

110.   Defendants admit paragraph 110 and aver that the referenced Press Release from the Office of Sen. Chuck Grassley speaks for itself.

111.   Paragraph 111 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

112.   Defendants admit paragraph 112 and aver that the referenced Press Release from the Office of Sen. Chuck Grassley speaks for itself.

113.   Paragraph 113 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the holding in *Texas,* 86 F. Supp. 3d 591, speaks for itself.

114.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 114.

115.   Paragraph 115 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

116.   Paragraph 116 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

117.   Defendants aver that the referenced OLC Memo speaks for itself.

118.   Defendants deny paragraph 118 to the extent that the referenced OLC Memo discusses suspension of unlawful presence. Defendants aver that the memo speaks for itself.

119.   Defendants admit paragraph 119 and aver that the referenced OLC Memo speaks for itself.

120.   Defendants admit paragraph 120 and aver that the referenced OLC Memo speaks for itself.

121.   Defendants admit paragraph 121 and aver that the referenced OLC Memo speaks for itself.

122.   Defendants admit paragraph 122 and aver that the referenced OLC Memo speaks for itself.

IV.   This separately numbered paragraph heading on page 26 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

123.   The first sentence of paragraph 123 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants deny the allegations of the second sentence. Defendants aver that the holding of *United States v. Nava-Martinez*, No. 1:13-cr-00441 (S.D. Tex. Dec. 13, 2013) (hereafter, "*Nava-Martinez*") speaks for itself.

124.   Defendants admit that paragraph 124 accurately reflects the facts of *Nava-Martinez*, and aver that *Nava-Martinez* speaks for itself.

125.   Paragraph 125 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

126.   Paragraph 126 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

127.   Paragraph 127 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

128.   Paragraph 128 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the Washington Post article referenced in this paragraph speaks for itself.

129.   Paragraph 129 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the Washington Post article referenced in this paragraph speaks for itself.

130.   Paragraph 130 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the L.A. Times article referenced in this paragraph speaks for itself.

131.   Paragraph 131 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

132.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 132.

133.   Paragraph 133 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the documents referenced in this paragraph speak for themselves.

134.   Paragraph 134 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that President Barack Obama's 2010 Remarks on Comprehensive Immigration Reform speak for themselves.

135.   The first sentence of paragraph 135 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants lack knowledge or information sufficient to form a belief as to the remainder of this paragraph, and aver that the L.A. Times article referenced in this paragraph speaks for itself.

136.   Defendants admit paragraph 136 and aver that the report cited therein speaks for itself.

137.   Paragraph 137 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

138.   Paragraph 138 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

139.   Paragraph 139 contains Plaintiffs' characterization of the contents of newspaper articles, to which no response is necessary. Defendants aver that the newspaper articles referenced in this paragraph speaks for themselves.

140.   Paragraph 140 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the Vitiello Memorandum speaks for itself.

141.   Paragraph 141 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

V.      This separately numbered paragraph on page 32 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

142.   Paragraph 142 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that President Barack Obama's statements referenced therein speak for themselves when read in their full context.

143.   Defendants admit paragraph 143.

144.   Defendants deny paragraph 144.

145.   Defendants admit paragraph 145, and aver that the Johnson Memo referenced therein speaks for itself.

146.   Paragraph 146 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

147.   Defendants admit to paragraph 147 and aver that Plaintiffs' Exhibit 3 speaks for itself.

148.   Defendants admit to paragraph 148 and aver that Plaintiffs' Exhibit 3 speaks for itself.

149.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 149.

150.   Paragraph 150 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

151.   Defendants admit to paragraph 151 and aver that Plaintiffs' Exhibit 3 speaks for itself.

152.   Defendants admit to paragraph 152 and aver that Plaintiffs' Exhibit 3 speaks for itself.

153.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 153, and aver that the Roll Call article referenced therein speaks for itself.

154.   Defendants admit paragraph 154 and aver that the speech by President Barack Obama referenced therein speaks for itself.

155.   Defendants admit paragraph 155 and aver that the speech by President Barack Obama referenced therein speaks for itself.

156.   Paragraph 156 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

VI.    This separately numbered paragraph on page 39 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

157.   Defendants admit paragraph 157.

158.   Paragraph 158 contains Plaintiffs' characterization of their claim to which no response is necessary. Defendants aver that *Texas v. United States*, No. 1:14-cv-254, 2016 WL 3211803 (S.D. Tex. May 19, 2016), speaks for itself.

159.   Defendants admit paragraph 159 and aver that Defendants issued Expanded DACA under the terms of the memo prior to the filing of the prior lawsuit and remedied the erroneously

issued permits issued after the injunction in full compliance with the orders of *Texas v. United States*, No. 1:14-cv-254, 2016 WL 3211803 (S.D. Tex. May 19, 2016), which speaks for itself.

160.   Defendants admit paragraph 160 and aver that the decision cited therein speak for themselves.

161.   Defendants admit paragraph 161 and aver that *Texas*, 809 F.3d 134 speaks for itself.

162.   Defendants admit paragraph 162 and aver that *Texas*, 136 S. Ct. 2271 speaks for itself.

VII.   Defendants admit this separately numbered paragraph on page 40.

163.   Defendants admit paragraph 163 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254, speaks for itself.

164.   Defendants admit paragraph 164 and aver that *Texas*, 137 S. Ct. 285, speaks for itself.

165.   Defendants admit paragraph 165 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254 (S.D. Tex. Nov. 18, 2016), speaks for itself.

166.   Defendants admit paragraph 166 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254 (S.D. Tex. Jan. 19, 2017), speaks for itself.

167.   Defendants admit paragraph 167 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254 (S.D. Tex. Mar. 17, 2017), speaks for itself.

168.   Defendants admit paragraph 168 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254 (S.D. Tex. Mar. 22, 2017), speaks for itself.

169.   Defendants admit paragraph 169 and aver that the referenced filing from *Texas I*, No. 1:14-cv-254 (S.D. Tex. June 16, 2017), speaks for itself.

170.  Defendants admit paragraph 170 and aver that Plaintiffs' Exhibit 5 speaks for itself.

171.  Defendants admit paragraph 171 and aver that Plaintiffs' Exhibit 5 speaks for itself.

172.  Defendants admit paragraph 172 and aver that Plaintiffs' Exhibit 5 speaks for itself.

173.  Defendants admit paragraph 173 and aver that Plaintiffs' Exhibit 5 speaks for itself.

174.  Paragraph 174 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

VIII.   This separately numbered paragraph on page 42 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

175.  Defendants admit paragraph 175 and aver that Plaintiffs' Exhibit 6 speaks for itself.

176.  Defendants admit paragraph 176 and aver that Plaintiffs' Exhibit 6 speaks for itself.

177.  Defendants admit paragraph 177 and aver that Plaintiffs' Exhibit 6 speaks for itself.

178.  Defendants admit paragraph 178 and aver that Plaintiffs' Exhibit 6 speaks for itself.

179.  Defendants admit paragraph 179 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

180.  Defendants admit paragraph 180 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

181.  Defendants admit paragraph 181 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

182.  Defendants admit paragraph 182 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

183.  Defendants admit paragraph 183 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

184.   Defendants admit paragraph 184 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

185.   Defendants admit paragraph 185 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

186.   Defendants admit paragraph 186 and aver that Plaintiffs' Exhibit 7 speaks for itself.

187.   Defendants admit paragraph 187 and aver that Plaintiffs' Exhibit 7 speaks for itself

188.   Defendants admit paragraph 188 and aver that Plaintiffs' Exhibit 7 speaks for itself.

189.   Paragraph 189 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

190.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 190.

191.   Defendants admit paragraph 191 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254, speaks for itself.

IX.     This separately numbered paragraph on page 45 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

192.   Defendants admit paragraph 192 and aver that the cited cases speak for themselves.

193.   Paragraph 193 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

194.   Paragraph 194 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the referenced filing from *Regents of Univ. of Cal. v. Dep't of Homeland Sec. ("Regents")*, No. 3:17-cv-5211 (N.D. Cal. Sept. 8, 2017), speaks for itself.

195.   Paragraph 195 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the referenced filing from *Regents,* No. 3:17-cv-5211, speaks for itself.

196.   Paragraph 196 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the referenced filing from *Regents,* No. 3:17-cv-5211, speaks for itself.

197.   Paragraph 197 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the referenced filing from *New York v. Trump*, No. 1:17-cv-5228 (E.D.N.Y. Sept. 6, 2017) speaks for itself.

198.   Paragraph 198 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the referenced filing from *New York*, No. 1:17-cv-5228, speaks for itself.

199.   Paragraph 199 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

X. Defendants admit this separately numbered paragraph on page 48.

200.   Defendants admit paragraph 200 and aver that *Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018), speaks for itself.

201.   Defendants admit paragraph 201 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

202.   Defendants admit paragraph 202 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

203.   Defendants admit paragraph 203 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

204.   Defendants admit paragraph 204 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

205.   Defendants admit paragraph 205 and aver that *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

206.   Defendants admit paragraph 206 and aver that *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

207.   Defendants admit paragraph 207 but aver that subsequent events in that case have resulted in an indefinite stay of the court's order. As a result, at the time of filing, the government does not need to consider DACA requests from first-time requestors. *See NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), which speaks for itself.

208.   Paragraph 208 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

## THEORIES OF RELIEF

209.   Paragraph 209 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

210.   Paragraph 210 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

211.   Paragraph 211 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

212.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 212.

213.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 213.

214.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 214.

215.   Paragraph 215 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

216.   Defendants admit paragraph 216, but aver that USCIS recently issued some EADs for more than 2 year validity periods in order to comply with certain provisions of the preliminary injunction in Inland Empire. Defendants further aver that due to electronic updating errors at the time of adjudication, USCIS issued four DACA EADs for a validity period that exceeded the underlying period of DACA granted to the recipient that remain facially valid. Since the underlying period of DACA associated with these EADs has expired, there is no longer an eligibility basis supporting their continued validity.  Accordingly, USCIS has taken steps to recover these EADs and, unless the recipients are able to demonstrate that they remain eligible for DACA-related work authorization for the period listed on the erroneously issued EADs, USCIS records will be updated shortly to reflect the correct work authorization expiration date. These four EADs were issued prior to the February 16, 2015 preliminary injunction issued in *Texas et al. v. United States of America, et al*.

217.   Paragraph 217 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

218.   Paragraph 218 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

I.      This separately numbered paragraph on page 52 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

219.    Paragraph 219 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014) speaks for itself.

220.    Paragraph 220 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

221.    Paragraph 221 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Arizona*, 567 U.S. 387, speaks for itself.

222.    Paragraph 222 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

223.    Paragraph 223 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007) speaks for itself.

224.    Paragraph 224 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

225.   Paragraph 225 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497, speaks for itself.

226.   Paragraph 226 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1279 (2018), speaks for itself.

227.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 227. Defendants aver that the Texas Administrative Code and Rules Governing Admission to the Bar of Texas speak for themselves.

228.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 228.

229.   Paragraph 229 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

230.   Paragraph 230 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

231.   Paragraph 231 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

232.   Paragraph 232 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Plyler v. Doe,* 457 U.S. 202 (1982), 42 U.S.C. § 1395dd, and 42 C.F.R. § 440.255 speak for themselves.

233.   Paragraph 233 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

234.   Paragraph 234 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

235.   Paragraph 235 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the Texas Health & Safety Code and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

236.   Paragraph 236 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

237.   Paragraph 237 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

238.   Paragraph 238 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

239.   Paragraph 239 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez* (*"Snapp & Son"*), 458 U.S. 592, 607 (1982) speaks for itself.

240.   Paragraph 240 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Snapp & Son,* 458 U.S. 592 speaks for itself.

241.  Paragraph 241 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Snapp & Son,* 458 U.S. 592 speaks for itself.

242.  Paragraph 242 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497, and *Texas*, 809 F.3d 134 speak for themselves.

243.  Paragraph 242 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

244.  Paragraph 244 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

245.  Paragraph 245 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497, and *Texas*, 809 F.3d 134 speak for themselves.

246.  Paragraph 246 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

247.  Paragraph 247 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

248.   Paragraph 248 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2664 (2015) speaks for itself.

249.   Paragraph 249 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Ariz. State Leg.,* 135 S. Ct. 2652 speaks for itself.

250.   Paragraph 250 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Ariz. State Leg.,* 135 S. Ct. 2652 speaks for itself.

251.   Paragraph 251 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

252.   Paragraph 252 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

253.   Paragraph 253 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

254.   Paragraph 254 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

255.   Paragraph 255 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

256.   Paragraph 256 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

257.   Paragraph 257 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

II.   This separately numbered paragraph on page 58 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

258.   Paragraph 258 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

259.   Paragraph 259 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2014) speaks for itself.

260.   Paragraph 260 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that 28 U.S.C. § 2401(a) speaks for itself.

261.   Paragraph 261 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

262.   Paragraph 262 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

263.   Paragraph 263 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

264.   Paragraph 264 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

III.   This separately numbered paragraph on page 59 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

265.   Paragraph 265 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

266.   Paragraph 266 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

IV.     This separately numbered paragraph on page 59 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

267.   Paragraph 267 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

268.   Paragraph 268 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that the February 20, 2017 Memorandum from John Kelly speaks for itself.

269.   Paragraph 269 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471 (1999) speaks for itself.

270.   Paragraph 270 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

271.   Paragraph 271 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

272.    Paragraph 272 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

273.   Defendants deny paragraph 273 and aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland Security within in the scope of 8 U.S.C. §1182(a)(9)(B)(ii).

274.   Paragraph 274 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

275.   Paragraph 275 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

276.   Paragraph 276 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

277.   Paragraph 277 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Arizona*, 567 U.S. 387 speaks for itself.

278.   Paragraph 278 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221 (1986), speaks for itself.

279.   Paragraph 279 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Petitioner's Brief, *Texas*, 136 S. Ct. 2271 (No. 15-674), 2016 WL 836758, speaks for itself.

280.   Paragraph 280 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

V.      This separately numbered paragraph on page 61 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

A.      This separately numbered paragraph on page 61 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

281.   Paragraph 281 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 5 U.S.C. § 553 and *Texas*, 809 F.3d 134 speak for themselves.

282.   Paragraph 282 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

283.   Paragraph 283 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

284.   Paragraph 284 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that 5 U.S.C. § 706 speaks for itself.

285.   Paragraph 285 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that 5 U.S.C. § 551 speaks for itself.

286.   Paragraph 286 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that 5 U.S.C. § 551 speaks for itself.

287.   Paragraph 287 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

288.   Paragraph 288 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. However, Defendants aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland Security within in the scope of 8 U.S.C. §1182(a)(9)(B)(ii). Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

289.   Paragraph 289 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

290.   Paragraph 290 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

291.   Paragraph 291 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

292.   Paragraph 292 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

293.   Paragraph 293 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

294.   Paragraph 294 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

295.   Paragraph 295 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

296.   Paragraph 296 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

297.   Paragraph 297 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

298.   Paragraph 298 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

299.   Paragraph 299 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134, *Texas*, 86 F. Supp. 3d 591, and the Declaration of Kenneth Palinkas speak for themselves.

300.   Paragraph 300 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

301.   Paragraph 301 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 5 U.S.C. § 553 and *Texas*, 809 F.3d 134 speak for themselves.

302.   Paragraph 302 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

303.   Paragraph 303 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

B.      This separately numbered paragraph on page 65 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

304.   Paragraph 304 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

305.   Paragraph 305 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that 5 U.S.C. § 706 speaks for itself.

306.   Paragraph 306 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

307.   Paragraph 307 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

308.   Paragraph 308 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

309.   Paragraph 309 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

310.   Paragraph 310 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

311.   Paragraph 311 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 and *Medellin v. Texas*, 552 U.S. 491 (2008) speak for themselves.

312.   Paragraph 312 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

313.   Paragraph 313 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

314.   Paragraph 310 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

C.   This separately numbered paragraph on page 65 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

315.  Paragraph 315 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

316.  Paragraph 316 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

317.  Paragraph 317 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the documents cited therein speak for themselves.

318.  Paragraph 318 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

319.  Paragraph 319 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Kendall v. United States ex rel. Stokes*, 37 U.S. 524 (1838) speaks for itself.

320.  Paragraph 320 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

321.  Paragraph 321 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the document cited therein speaks for itself.

322.  Paragraph 322 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

323.  Paragraph 323 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Arizona*, 567 U.S. 387 speaks for itself.

324.   Paragraph 324 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

325.   Paragraph 325 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

326.   Paragraph 326 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

327.   Paragraph 327 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

328.   Paragraph 324 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

329.   Paragraph 329 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that DACA is a policy permitting prosecutorial discretion, not a program conferring benefits.

330.   Paragraph 330 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

331.   Paragraph 331 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952) speaks for itself.

332.   Paragraph 332 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

333.   Paragraph 333 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

334.   Paragraph 334 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

335.   Paragraph 335 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

336.   Paragraph 336 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that Plaintiffs' Exhibit 4 speaks for itself.

337.   Paragraph 337 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

VI.   This separately numbered paragraph on page 70 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

338.   Paragraph 338 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver the Court should not enter a declaratory judgment at this time.

339.   Paragraph 339 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver the Court should not enjoin Defendants at this time.

340.   Paragraph 340 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver the Court should not enjoin Defendants at this time. Defendants aver that Plaintiffs' Exhibit 1 speaks for itself.

341.   Paragraph 341 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver the Court should not enjoin Defendants at this time.

342.   Paragraph 342 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

343.   Paragraph 343 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver the Court should not grant Plaintiffs' requested relief at this time.

VII.   This separately numbered paragraph on page 71 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

344.   Paragraph 344 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that 8 C.F.R. § 274a.12(c)(14) speaks for itself.

345.   Paragraph 345 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that the filing from *Texas*, 86 F. Supp. 3d 591, referenced therein speaks for itself.

346.   Paragraph 346 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

VIII.   This separately numbered paragraph on page 71 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

347.   Paragraph 347 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants incorporate by reference their responses to paragraphs 38-40, *supra*, and aver that 8 U.S.C. § 1611 speaks for itself.

348.   Paragraph 348 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants incorporate by reference their response to paragraph 41, *supra*, and aver that 8 U.S.C. §1182(a)(9)(B)(i) speaks for itself.

349.   Paragraph 349 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary. Defendants aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by Secretary of Homeland Security within in the scope of 8 U.S.C. §1182 (a)(9)(B)(ii).

350.   Paragraph 350 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

## FIRST CAUSE OF ACTION

351.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

352.   Paragraph 352 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

## SECOND CAUSE OF ACTION

353.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

354.   Paragraph 354 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

## THIRD CAUSE OF ACTION

355.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

356.   Paragraph 356 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

## PRAYER FOR RELIEF

Defendants admit Plaintiffs are entitled to some of the relief they seek in this case, but aver that, in light of conflicting nationwide injunctions issued by California and New York district courts, the Court should not grant any such relief at the present time.

Defendants deny each and every allegation contained in the complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants reserve the right to amend this Answer to state affirmative or other defenses as they

may become known.

Dated: October 1, 2018                              Respectfully submitted,

JOSEPH H. HUNT                                     */s/ Jeffrey S. Robins*
Assistant Attorney General                         _____
Civil Division                                     JEFFREY S. ROBINS
                                                   Attorney-in-Charge
                                                   Assistant Director
BRETT A. SHUMATE                                   U.S. Department of Justice, Civil Division
Deputy Assistant Attorney General                  Office of Immigration Litigation
                                                   District Court Section
WILLIAM C. PEACHEY                                 P.O. Box 868, Washington, DC 20044
Director, Office of Immigration Litigation         Telephone: (202) 616-1246
District Court Section                             Facsimile: (202) 305-7000
                                                   jeffrey.robins@usdoj.gov
Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2018, I electronically filed the foregoing with the

Clerk of the Court by using the Court's CM/ECF system. I also certify that the foregoing

document is being served this day on all counsel of record either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director

Attorneys for Federal Defendants