**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

STATE OF TEXAS, *et al.*,     )
                              )
            Plaintiffs,       )
                              )
      v.                      )   Case No. 1:18-CV-68
                              )
UNITED STATES OF AMERICA, *et al.*,  )
                              )
            Defendants,       )
                              )
KARLA PEREZ, *et al.*,        )
                              )
            Defendant-Intervenors,  )
and                           )
                              )
STATE OF NEW JERSEY,          )
                              )
            Defendant-Intervenor.  )
                              )

**DEFENDANT-INTERVENOR STATE OF NEW JERSEY'S
MOTION TO STRIKE OR, IN THE ALTERNATIVE, COMPEL FEDERAL
DEFENDANTS TO REPLEAD THEIR ANSWER TO THE AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(f) and 8(b), Defendant-Intervenor State of New Jersey ("New Jersey") moves for an order from this Court to strike 214 paragraphs of the Federal Defendants Answer to the Amended Complaint (Dkt. 332), or, in the alternative, to compel Federal Defendants to replead their Answer.

**STATEMENT OF ISSUES TO BE RULED ON**

Federal Rule of Civil Procedure 8(b) allows only three responses in an answer: (i) admit an allegation, (ii) deny an allegation, or (iii) aver a lack of sufficient knowledge to admit or deny. "[T]he theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail."

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (3d ed.,
Sept. 2018 update). But instead of admitting, denying, or averring a lack of knowledge, Federal
Defendants respond to 214 of the 356 paragraphs in the Amended Complaint by stating only that
the allegations contain "legal conclusions," "questions of law to be determined solely by the
Court," or similar formulations "to which no response is necessary." These are not proper
responses.[1] This Court should therefore strike the Federal Defendants responses to those
paragraphs, or, in the alternative, compel Federal Defendants to replead their Answer in
accordance with the requirements of Rule 8(b).

## SUMMARY OF THE ARGUMENT

Because the Federal Defendants did not comply with Rule 8(b) when responding to 214
of the 356 paragraphs in the Amended Complaint, this Court, pursuant to Rule 12(f), should
either strike the responses to those paragraphs or compel the Federal Defendants to replead them.

## FACTUAL BACKGROUND

The Plaintiff States filed their original complaint (Dkt. 1), on May 1, 2018, making
Federal Defendants' answer due July 2, 2018, pursuant to Rule 12(a)(3).[2]

On July 2, 2018, Federal Defendants sought an extension of their time to answer, citing
lack of time to "compose an answer after concluding depositions across several states and
working diligently to meet the July 6, 2018, discovery deadline." Dkt 115 at 1.  That same day,

---

[1] *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)
("Another regular offender is the lawyer who takes it on himself or herself to decline to respond
to an allegation because it 'states a legal conclusion.' That of course violates the express Rule
8(b) requirement that all allegations must be responded to.").

[2] On June 25, 2018, the Court granted the Plaintiff States' motion to amend the complaint, Dkt.
103, which made no substantive changes to the original complaint. The Amended Complaint is at
Dkt. 104.

the Court granted the extension until July 23, 2018. Dkt. 117.

On July 18, 2018, Federal Defendants moved for a second "unopposed" extension, again claiming the need for "additional time to compose an answer after concluding depositions across several states and working diligently to respond to written discovery by the July 6, 2018 deadline." Dkt. 168 at 1.

On July 18, 2018, the Perez Defendant-Intervenors filed an opposition noting in part that "[w]ithout Federal Defendants' Answer, the Court will not be in a position to adequately and fairly consider Defendant-Intervenors' motion to dismiss the complaint for lack of subject matter jurisdiction," and that Federal Defendants' Answer "will provide information that is crucial to resolving this question." Dkt. 171 at 1-2 (citations omitted). On July 23, 2018, the Court denied Federal Defendants' motion without prejudice, directing the parties to "actually consult with each other as contemplated by the rules before refiling." Dkt. 240.

On July 27, 2018, Federal Defendants filed a third "Motion for Extension of Time to Respond to Plaintiffs' Amended Complaint," to either "30 days after this Court rules on the pending Application for Preliminary Injunction (ECF No. 5)," or, in the alternative, August 7, 2018. Dkt. 272 at 2. The Perez Defendant-Intervenors again opposed, again explaining that Federal Defendants' Answer is "relevant to the issues presently being briefed before the Court, including the absence of a genuine controversy between Plaintiffs and the Federal Defendants." Dkt. 273 at 1.

On July 30, 2018, the Court granted the motion, extending the time for Federal Defendants to respond to the Amended Complaint to "30 days after the Court rules on the pending Application for Preliminary Injunction." Dkt. 274 at 1. On August 31, 2018, the Court denied the motion for preliminary injunction, Dkt. 319, making Federal Defendants' Answer due

on October 1, 2018.

On October 1, 2018, Federal Defendants filed their Answer. Dkt. 332. In their Answer, Federal Defendants responded to 171 of the paragraphs of the Amended Complaint by claiming that the allegations in the cited paragraph "consist[] of Plaintiffs' characterizations of the lawsuit and related legal conclusions, to which no response is required" or "contain[] Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary."[3] With respect to an additional 43 paragraphs, Federal Defendants responded that the paragraphs contain "jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary."[4]

## ARGUMENT

### THIS COURT SHOULD STRIKE THE FEDERAL DEFENDANTS' IMPROPER RESPONSES OR, IN THE ALTERNATIVE, COMPEL THEM TO REPLEAD THEIR ANSWERS TO COMPLY WITH RULE 8(b)

Rule 12(f) permits any party to move to strike an insufficient pleading.  Under Rule 8(b), parties are not permitted to answer an allegation in a complaint by stating merely that it calls for a "legal conclusion" to which no response is required. *See Bruce v. Anthem Ins. Companies, Inc.*,

---

[3] Dkt. 332, at ¶¶  9, 10, 11, 12, 13, 14, 16, 28, 29, 30, 31, 32, 33, 34, 35, 47, 48, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 81, 85, 87, 89, 90, 91, 97, 98, 100, 101, 102, 103, 104, 105, 107, 108, 111, 113, 115, 116, 123, 128, 133, 134, 135, 140, 141, 142, 146, 150, 156, 158, 174, 189, 193, 194, 195, 196, 197, 198, 199, 208, 209, 210, 211, 215, 217, 218, 221, 225, 226, 229, 230, 231, 232, 233, 234, 235, 236, 240, 241, 244, 246, 270, 271, 272, 274, 275, 276, 277, 279, 281, 282, 283, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 352, 354, and 356.

[4] Dkt. 332, at ¶¶ 17, 18, 19, 21, 22, 219, 220, 222, 223, 224, 237, 238, 239, 242, 245, 247, 248, 249, 250, 251, 252, 253, 254, 255, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 278, 280, 284, 285, 286, and 305.

No. 3:15-CV-0353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (citing *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011) and holding that it is "insufficient" under Rule 8(b) to respond to allegations "on the basis that it is a 'legal conclusion.'"). Decisions from district courts across the country confirm this conclusion.[5]

Here, hundreds of responses in the Federal Defendants' Answer violate Rule 8(b). In response to 171 of the paragraphs of the Amended Complaint, Federal Defendants respond that

---

[5] *See, e.g., Kegerise v. Susquehanna Township School Dist.*, No. 1:CV-14-0747, 2016 WL 407348, at *3 (M.D. Pa. Feb. 3, 2016) ("Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law.") (ordering defendants to replead answer); *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-CV-193, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013) ("[Defendant's] answer that it need not respond to 'legal conclusions' finds no support in the language of Rule 8(b), which requires a response to all allegations.") (striking answers that violated Rule 8(b), with leave to replead); *Clarendon Am. Ins. Co. v. All Brothers Painting, Inc.*, No. 6:12-cv-934-Orl-22DAB, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013) ("Rule 8 does not permit a defendant to answer . . . that plaintiff has alleged a 'legal conclusion.'") (striking answers that violated Rule 8(b), with leave to amend); *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013) ("[D]istrict courts within the Seventh Circuit Court of Appeals have consistently found that responses that an allegation is a 'legal conclusion' . . . are insufficient and contrary to the Federal Rules of Civil Procedure.") (striking answers that violated Rule 8(b), with leave to amend); *Am. Family Mut. Ins. Co. v. Beasley*, No. 2:10-CV-2090-GMN-RJJ, 2012 WL 395707, at *3 (D. Nev. Feb. 6, 2012) (holding that a party cannot "an allegation because it calls for a legal conclusion") (striking answers that violated Rule 8(b), with leave to amend); *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, Nos. 07–CV–1047, 08–CV–0245, 2008 WL 5377712, at *1 (E.D.Wis. Dec. 22, 2008) ("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations constitute conclusions of law. . . . Indeed, legal conclusions are an integral part of the federal notice pleading regime. Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.") (internal citations and quotations omitted) (striking the deficient responses and "granting the defendant leave to file an amendment to its answer"); *N. Ind. Metals v. Iowa Express, Inc.*, 2:07–cv–414–PRC, 2008 WL 2756330, at *3-4 (N.D.Ind. July 10, 2008) (responses that an allegation "is a legal conclusion" is "insufficient and contrary to the Federal Rules of Civil Procedure") (ordering the defendant to "amend its response" to comply with Rule 8(b)); *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *2 (N.D. Ill. Sept. 29, 2005) (refusing to answer an allegation because it calls for legal conclusions "flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response.") (internal citation omitted) (ordering defendant to "amend its answers to these paragraphs and clearly state whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment").

the allegations "consist[] of" or "contain[]" the "Plaintiffs' characterizations of the lawsuit and related legal conclusions, to which no response is required."  And in response to another 43 of the paragraphs of the Amended Complaint, Federal Defendants state that the allegations contain "jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary." These responses to 214 of the allegations, comprising 60% of the Amended Complaint, do not constitute admissions, denials or a lack of knowledge averment as required under Rule 8(b).

When an answer does not comply with Rule 8(b), a party may move to strike under Rule 12(f). In the alternative, a party may "move to require the defendant to replead," a request for relief which "enables defendants to cure their pleading defects without suffering the consequences of having the averments of [a] complaint deemed admitted, or their defenses stricken." *Ball v. Life Ins. Co. of N. Am.*, 2017 WL 6621539, at *4 (N.D. Tex. Dec. 28, 2017) (internal citations and quotations omitted); *see also Michael D. Wieck v. Synrg. Royce LLC,* No. A-17-CV-599 LY, 2018 WL 3611880, at *2 (W.D. Tex. Jan. 30, 2018) ("McKinney should be permitted to file an Amended Answer or a Motion to Dismiss under Rule 12(b)(6)."); *Rodriguez v. Prof'l Servs. Assistance, Inc.*, 2007 WL 667166, at *1 (W.D. Tex. Feb.16, 2007) (granting alternative motion to require defendants to replead their answer in accordance with the Rules).

## CONCLUSION

For the reasons stated above, this Court should strike the 214 identified paragraphs of the Federal Defendants' Answer to the Amended Complaint, or, in the alternative, compel Federal Defendants to replead their Answer to comply with Rule 8(b).

6

Dated: October 22, 2018

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:     */s/ Glenn Moramarco*
        Glenn Moramarco, Assistant Attorney General
        (admitted pro hac vice)
        Division of Law
        Richard J. Hughes Justice Complex
        25 Market Street, 8th Floor
        Trenton, New Jersey 08625-0116
        Phone: Trenton, NJ 08625
        Phone: 609-376-3235

        Rachel Wainer Apter, Assistant Attorney General
        (admitted pro hac vice)
        Jeremy Hollander, Assistant Attorney General
        (admitted pro hac vice)
        Kenneth S. Levine, Deputy Attorney General
        (admitted pro hac vice)
        Katherine Gregory, Deputy Attorney General
        (admitted pro hac vice)
        Paul H. Juzdan, Deputy Attorney General
        (admitted pro hac vice)
        Nicholas Dolinksy, Deputy Attorney General
        (admitted pro hac vice)
        Brian DeVito, Deputy Attorney General
        (admitted pro hac vice)
        Division of Law
        124 Halsey Street, 5th Floor
        Newark, NJ 07101

        *Attorneys for Defendant-Intervenor State of New Jersey*

## **CERTIFICATE OF CONFERENCE**

I certify that between October 17 and October 22, 2018, counsel for the parties conferred regarding the basis for this motion. Counsel for the Federal Defendants oppose the motion.  The Perez Defendant Intervenors do not oppose this motion.  The Plaintiff States "take no position on [the] motion because the issues controlling this case have already been extensively briefed by all the parties and decided by the Court."

*/s/ Glenn Moramarco*
Glenn Moramarco

## **CERTIFICATE OF SERVICE**

I certify that on October 22, 2018, I caused this document, including exhibits, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Glenn Moramarco*
Glenn Moramarco

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-68 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| Defendant-Intervenors, | ) | |
| and | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## APPENDIX

Pursuant to this Court's Civil Procedures, Rule 7, Defendant-Intervenor, State of New Jersey, hereby provides the Court with the following table of contents and copies of the authorities cited in its Memorandum of Law in Support of its Motion to Strike:

| Ex. | Description | Page |
|---|---|---|
| 1. | 5 Charles Alan Wright et al., Federal Practice and Procedure § 1261 (3d ed. Sept. 2018 update) | NJAPP000001 |
| 2. | *Bruce v. Anthem Ins. Companies, Inc.*, No. 3:15-CV-0353-D, 2015 WL 1860002 (N.D. Tex. Apr. 23, 2015) | NJAPP000012 |
| 3. | *Kegerise v. Susquehanna Township School Dist.*, No. 1:CV-14-0747, 2016 WL 407348 (M.D. Pa. Feb. 3, 2016) | NJAPP000016 |
| 4. | *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-CV-193, 2013 WL 6801832 (E.D. Mo. Dec. 23, 2013) | NJAPP000020 |
| 5. | *Clarendon Am. Ins. Co. v. All Brothers Painting, Inc.*, No. 6:12-cv-934-Orl-22DAB, 2013 WL 5921538 (M.D. Fla. Nov. 4, 2013) | NJAPP000031 |

| Ex. | Description | Page |
|-----|-------------|------|
| 6. | *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924 (N.D. Ind. July 8, 2013) | NJAPP000037 |
| 7. | *Am. Family Mut. Ins. Co. v. Beasley*, No. 2:10-CV-2090-GMN-RJJ, 2012 WL 395707 (D. Nev. Feb. 6, 2012) | NJAPP000042 |
| 8. | *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, Nos. 07–CV–1047, 08–CV–0245, 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008) | NJAPP000048 |
| 9. | *N. Ind. Metals v. Iowa Express, Inc.*, 2:07–cv–414–PRC, 2008 WL 2756330 (N.D. Ind. July 10, 2008) | NJAPP000052 |
| 10. | *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902 (N.D. Ill. Sept. 29, 2005) | NJAPP000057 |
| 11. | *Ball v. Life Ins. Co. of N. Am.*, 2017 WL 6621539 (N.D. Tex. Dec. 28, 2017) | NJAPP000060 |
| 12. | *Michael D. Wieck v. Synrg. Royce LLC,* No. A-17-CV-599 LY, 2018 WL 3611880 (W.D. Tex. Jan. 30, 2018) | NJAPP000067 |
| 13. | *Rodriguez v. Prof'l Servs. Assistance, Inc.*, 2007 WL 667166 (W.D. Tex. Feb.16, 2007) | NJAPP000069 |

Dated: October 22, 2018

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:      */s/ Glenn Moramarco*
         Glenn Moramarco, Assistant Attorney General
         (admitted pro hac vice)
         Division of Law
         Richard J. Hughes Justice Complex
         25 Market Street, 8th Floor
         Trenton, New Jersey 08625-0116
         Phone: Trenton, NJ 08625
         Phone: 609-376-3235

         Rachel Wainer Apter, Assistant Attorney General
         (admitted pro hac vice)
         Jeremy Hollander, Assistant Attorney General
         (admitted pro hac vice)
         Kenneth S. Levine, Deputy Attorney General
         (admitted pro hac vice)
         Katherine Gregory, Deputy Attorney General

(admitted pro hac vice)
Paul H. Juzdan, Deputy Attorney General
(admitted pro hac vice)
Nicholas Dolinksy, Deputy Attorney General
(admitted pro hac vice)
Brian DeVito, Deputy Attorney General
(admitted pro hac vice)
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

*Attorneys for Defendant-Intervenor State of New Jersey*

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 4 of 72

**5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)**

Federal Practice & Procedure  |  September 2018 Update
Federal Rules Of Civil Procedure
The Late Charles Alan Wright [a48], Arthur R. Miller [a49], Mary Kay Kane [a50], Richard L. Marcus [a51], A. Benjamin Spencer [a52], Adam N. Steinman [a53]

Federal Rules of Civil Procedure
Chapter 4. Pleadings and Motions
Arthur R. Miller [a542]

Mary Kay Kane [a543] and

A. Benjamin Spencer [a544]

Rule 8. General Rules Of Pleading
E. Denials

§ 1261 Denials—In General

---

**Primary Authority**

- Fed. R. Civ. P. 8

---

**Forms**

- West's Federal Forms §§ 2020 to 2034

---

Federal Rule 8(b) has been amended, along with all of the Federal Rules of Civil Procedure, to update and unify the style of the rules. Several subdivisions of Rule 8 were reordered, merged, or divided and care must be exercised to avoid confusion or mistakes in referencing. The full text of the re-stylized rule appears in the Pocket Part immediately before § 1201. The new language in Rule 8(b) has been changed to omit the phrase "and material," where before it required that pleadings that denied part of an averment must "specify so much of it as true and material and … deny only the remainder." The Advisory Committee notes state this change is "to avoid the implication that it is proper to deny something that the pleader believes to be true and not material." Subdivision (b) of the rule has been separated into six parts, and was merged with the old Rule 8(d). It now reads:

**(b) Defenses; Admissions and Denials.**

   **(1) In General.** In responding to a pleading, a party must:

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 5 of 72

**(A)** state in short and plain terms its defenses to each claim asserted against it; and

**(B)** admit or deny the allegations asserted against it by an opposing party.

**(2) Denials—Responding to the Substance.** A denial must fairly respond to the substance of the allegation.

**(3) General and Specific Denials.** A party that intends in good faith to deny all the allegations of a pleading —including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

**(4) Denying Part of an Allegation.** A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

**(5) Lacking Knowledge or Information.** A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

**(6) Effect of Failing to Deny.** An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Federal Rule 8(b) is intended to inform a pleader how to challenge and place in issue some or all of the allegations in the preceding pleading. [1] The provision directs the author of a responsive pleading, whether it be an answer or a reply, to state in short and plain terms his defenses to each claim asserted against him and to admit or deny the averments upon which the adverse party relies. Of course, the rule does not apply when the privilege against self-incrimination is properly invoked. [2] A failure to deny an allegation when a responsive pleading is required results in it being treated as admitted according to Rule 8(b)(6). [3] As has been noted in many judicial opinions, the theory of Rule 8(b) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail. [4] The pleading of affirmative defenses, as opposed to denials, is governed by Rule 8(c). [5]

As is true of pleadings asserting a claim for relief, "plain notice" of the issues being raised by the defendant is all that is required at the pleading stage by the federal rules; [6] the parties are provided with adequate discovery and pretrial procedures to develop in detail the facts pertinent to their various claims and defenses and the pleadings are not intended to carry that burden. [7] Thus, responsive pleadings are subject to the Rule 8(d) standard of terseness [8] and the Rule 8(e) directive that "[p]leadings must be construed so as to do justice." [9]

If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted. [10] For example, in Sinclair Refining Company v. Howell, [11] a wrongful death action, the plaintiff alleged that the decedent was not subject to the Workmen's

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068  Document 334-1  Filed in TXSD on 10/22/18  Page 6 of 72

Compensation Law of Alabama. The defendant did not deny the averment expressly and the Fifth Circuit noted that "the only way … [plaintiff's allegation] was even impliedly denied was by the concluding sentence of the answer: 'Defendant denies that the plaintiff is entitled to recover any damages in this cause.' " [12] The court held that the plaintiff's allegation concerning the applicability of the Alabama statute stood admitted:

> The effect of the defendant's answer was to admit the averment that the deceased was not subject to the Workmen's Compensation Law of Alabama. If the issue of applicability of the Workmen's Compensation Act had been clearly drawn, as required by the rule [8(b)], the appellee would have had the opportunity of developing that the deceased's "working for" his brother was at most a "casual" employment excluded from the terms of the Act, or that the Act did not apply because his brother regularly employed less than eight employees. Such possibilities illustrate the wisdom of the rule in requiring issues to be clearly drawn. [13]

The quoted passage from the Sinclair case should not be viewed as suggesting a federal judicial policy to construe Rule 8(b) strictly or to require highly precise denials in the answer. As indicated above, the basic liberal pleading philosophy of Rule 8(e) is still the paramount consideration in applying Rule 8(b), as it is in applying Rule 8(a). In addition, the liberal amendment policy of Rule 15 provides a safety valve that permits the district court to allow deviations from poorly framed denials when it seems appropriate to do so.

Although notice of defenses must be given with sufficient particularity to inform a party of the issues he or she must be prepared to deal with during the pretrial discovery and trial stages of the litigation, Rule 8(b) in conjunction with Rule 8(d) require that the answer be framed in short and plain terms; as is true of an affirmative pleading, a defensive pleading should be simple, concise, and direct. [14] The defendant's answer should not contain verbose, argumentative, or redundant material or include evidentiary matters. [15] Although it usually is not productive to try and police the pleadings by motion, a gross violation of this standard would justify a motion under Rule 12(f), which could result in an order to strike the pleading or part of it. [16]

On the other hand, a party need not unduly restrict or compress his allegations out of fear that they will be stricken because they contain language that is not strictly necessary to his denials. For example, in an action alleging a patent infringement, [17] the defendants included averments in the answer that were not essential for an effective denial of the plaintiff's allegation that the infringement was "willful and wanton." The court refused to grant the plaintiff's motion to strike.

> In its discretion, however, the Court will not strike … [a subparagraph] of defendant's answer simply because defendants have chosen to amplify their pleading somewhat and give the Court and the plaintiff more information than perhaps would have been necessary. It is difficult to perceive how the plaintiff could be prejudiced by allowing the allegations … to remain. [18]

As indicated in the quoted passage, motions to strike under Rule 12(f) are not favored and a federal court will not exercise its discretion under the rule to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. [19]

Rule 8(b) also must be read in conjunction with Rule 8(d), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. [20] As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial. [20.1] As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial. Of course, all pleadings are

subject to the requirements of Rule 10 regarding certain aspects of form, such as separately numbered paragraphs and titled captions. [21] Rule 8(d) also permits a party to state as many defenses as are available to it, and this may be done alternatively or hypothetically. [22] Denials may be interposed regardless of their consistency. [23] However, a denial contradicted by the records of the court, information in a public record, or by other matters of which the district judge can take judicial notice is insufficient to raise an issue. [24]

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| a48 | Charles Alan Wright Chair in Federal Courts, The University of Texas. |
| a49 | University Professor, New York University. Formerly Bruce Bromley Professor of Law, Harvard University. |
| a50 | John F. Digardi Distinguished Professor of Law, Chancellor and Dean Emeritus, University of California, Hastings College of the Law. |
| a51 | Horace O. Coil ('57) Chair in Litigation, University of California, Hastings College of the Law. |
| a52 | Earle K. Shawe Professor of Law, University of Virginia School of Law. |
| a53 | University Research Professor of Law, University of Alabama. |
| a542 | University Professor, New York University. Formerly Bruce Bromley Professor of Law, Harvard University. Professor Miller revised §§ 1181 to 1400 for the publication of Chapter 4 in its Third Edition. |
| a543 | John F. Digardi Distinguished Professor of Law, Chancellor and Dean Emeritus, University of California, Hastings College of the Law. Professor Kane revised §§ 1401 to 1540 for the publication of Chapter 4 in its Third Edition. |
| a544 | Earle K. Shawe Professor of Law, University of Virginia School of Law. Professor Spencer has supplemented the Third Edition of Chapter 4. |
| 1 | **Form of denials**<br>Ferraraccio v. Guardian Home and Community Services, Inc., 2015 A.D. Cas. (BNA) 176235, 2015 WL 518578, *4 (W.D. Pa. 2015), **citing Wright & Miller**.<br>The denial of a fact in a motion or in a brief is contrary to the provision in Rule 8(b) pertaining to the form of denials and does not set up an issue upon which trial can proceed, and, under such circumstances, an answer was required when allowable affidavits in support of a motion to dismiss are not relied upon. Sterling Box Co. v. Morningstar-Paisley, Inc., D.C.Pa.1964, 36 F.R.D. 96.<br>Admissions by counsel in a brief are not a substitute for pleadings and are not part of the judgment roll, which is the final test as to whether admissions by counsel are binding. Canuso v. City of Niagara Falls, D.C.N.Y.1944, 3 F.R.D. 374.<br>**See also**<br>Filing answers to an amended complaint that were identical to the answers filed to the original complaint was permissible. Mann v. Smith, C.A.5th, 1986, 796 F.2d 79.<br>Rule 8(b) only permits three possible responses: an admission, a denial, or a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial. McSweeney v. Janes, 2014 WL 3707788 (D. Colo. 2014).<br>Sebunya v. Holder, 2012 WL 5993160, *3 (D. Me. 2012) (motion to strike denied because defendant is not required to admit or deny plaintiff's averment of suing in his official capacity or his demand for jury trial).<br>Donastorg v. Willis, 2015 WL 375839, *4 n.28 (V.I. Super. Ct. St. Thomas Division 2015).<br>**Prior statutes and state rules**<br>Federal Rule 8(b) supersedes prior inconsistent legislation. The Advisory Committee's Note cited Section 508 of Title 19 and Sections 40(d) and 69 of Title 35 as examples of statutes that have been superseded. The Advisory Committee's Note is reprinted in vol. 12A, App. C. |

§ 1261 DENIALS—IN GENERAL, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 8 of 72

Rule 8(b) is controlling in federal actions even though state law may prescribe a different practice for interposing a denial. Granite Trust Bldg. Corp. v. Great Atl. & Pac. Tea Co., D.C.Mass.1940, 36 F.Supp. 77.

**Patent litigation**

An answer in patent litigation must adhere to the specific form of defenses listed in 35 U.S.C.A. § 282 of the United States Code. This section was enacted into law in 1952 and because it was adopted subsequent to the promulgation of the federal rules, the procedural requirements of Section 282 control over any inconsistent provision in the rules. See § 1251.

See the discussion of the applicability of the federal rules to patent litigation in vol. 4, § 1023.

**See also**

Clark, Two Decades of the Federal Civil Rules, 1958, 58 Colum.L.Rev. 435, 443.

2   **Privilege against self-incrimination**

A party may not be required to file a responsive pleading pursuant to Rule 8(b) if the consequence of such an obligation would be to violate his right against self-incrimination as guaranteed by the Fifth Amendment. de Antonio v. Solomon, D.C.Mass.1967, 42 F.R.D. 320, modifying D.C.Mass.1966, 41 F.R.D. 447.

For a discussion of this problem see § 1280.

3   **Rule 8(b)(6)**

Rule 8(b)(6) was formerly numbered Rule 8(d) prior to the 2007 restyling of the Federal Rules. See § 1279.

Tarver v. U.S., 344 Fed. Appx. 581 (11th Cir. 2009).

Choice Hotels Intern., Inc. v. Vishal, Inc., 2014 WL 6391092, *2 (D. Md. 2014).

U.S. Bancorp Equipment Finance, Inc. v. Ideal Mfg. Solutions, Inc., 911 F. Supp. 2d 786 (E.D. Wis. 2012).

DirecTV, Inc. v. Sheffield, 2005 WL 563108, *2 (D. Minn. 2005), **citing Wright & Miller.**

4   **Apprise plaintiff**

Bell v. Taylor, 827 F.3d 699, 705 (7th Cir. 2016) (court stated that defendant need only give plaintiff adequate notice of what he admits and what he intends to contest).

The defendant's answer to an inmate's complaint adequately notified him of a defense to his First Amendment challenge to a hair length regulation, that valid penal interests outweighed any right he had to grow his hair long, by asserting that cutting the inmate's hair did not violate his constitutional rights. Pollock v. Marshall, C.A.6th, 1988, 845 F.2d 656, certiorari denied 109 S.Ct. 239, 488 U.S. 897, 102 L.Ed.2d 228.

A pleading should inform the court and parties of the facts in issue so that the court may declare the law and the parties may know what to meet with their proof. Mitchell v. Wright, C.A.5th, 1946, 154 F.2d 924, certiorari denied 67 S.Ct. 96, 329 U.S. 733, 91 L.Ed. 633.

Wausau Ins. Co. v. Woods Equip. Co., D.C.Ill.2002, 2002 WL 398542 (answer contained "form" denials that were repeated in several paragraphs; form denials did not clearly set forth what was admitted and denied and were insufficient).

If the answer does not adequately address each claim asserted as required by Rule 8(b), it may be deemed to be a deficient answer, but it is still an answer nonetheless for purposes of Rule 15(a). Vanguard Military Equip. Corp. v. David B. Finestone Co., D.C.Va.1997, 6 F.Supp.2d 488 (denying leave to amend after defendant filed "responsive" pleading).

In re Owens, D.C.Colo.1992, 140 B.R. 280, quoting Wright & Miller, affirmed without published opinion C.A.10th, 1992, 978 F.2d 1267 (not for citation within the Tenth Circuit per Rule 36.3).

When an employee filed a complaint alleging that the union and the employer breached the collective bargaining agreement by paying the employee a lower wage while the employee was the pilot of a small boat than when the employee was the pilot of a large boat and when both the employer and the union answered the complaint with explicit averments that the written contract did not include a wage differential because of mutual mistake, averments in the pleadings of the union and the employer constituted a properly pleaded defense under the federal rule relating to the forms of denials and affirmative defenses. Dishman v. Crain Bros., Inc., D.C.Pa.1976, 415 F.Supp. 277.

Yarnell v. Roberts, D.C.Pa.1975, 66 F.R.D. 417, 423, **citing Wright & Miller.**

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.

§ 1261Denials—In General, 3 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068  Document 334-1  Filed in TXSD on 10/22/18  Page 9 of 72

The federal rule relating to denials requires the defendant to give the plaintiff notice of the defenses that the plaintiff will be called upon to meet. Budd Co. v. U.S., D.C.Pa.1956, 19 F.R.D. 346.

Pleadings in federal courts serve the purpose of mere notice giving and, in a libel action, notice of defenses must be given with sufficient particularity to inform the plaintiff of what he must be prepared to meet. Moriarty v. Curran, D.C.N.Y.1956, 18 F.R.D. 461.

The purpose of Rule 8(b) regarding answers is to prevent surprise. Lopez v. U.S. Fidelity & Guar. Co., D.C.Alaska 1955, 18 F.R.D. 59, 15 Alaska 633.

The federal rules contemplate concise, unequivocal statements by the plaintiff and the defendant that will apprise each as to the exact nature of the claim to be asserted and the defense to be interposed. Automatic Washer Co. v. Easy Washing Mach. Corp., D.C.N.Y.1949, 9 F.R.D. 335.

Although the defendant need not set forth any evidence or expose its defenses in detail, an answer does require a statement containing enough definite material that the plaintiffs will be informed of the defense they must be prepared to meet. Winslow v. National Elec. Prods. Corp., D.C.Pa.1946, 5 F.R.D. 126.

Although an answer need not set forth evidence or disclose the names of the defendants' witnesses, an answer must contain a statement of sufficiently definite nature that the plaintiff will be informed of the defense he must be prepared to meet. Sweeney v. Buffalo Courier Express, Inc., D.C.N.Y.1940, 35 F.Supp. 446.

**See also**

Weade v. Trailways of New England, Inc., C.A.1963, 325 F.2d 1000, 117 U.S.App.D.C. 73.

Sinclair Ref. Co. v. Howell, C.A.5th, 1955, 222 F.2d 637.

FDIC v. Siraco, C.A.2d, 1949, 174 F.2d 360.

Honeyman v. Hughes, C.A.9th, 1946, 156 F.2d 27, certiorari denied 67 S.Ct. 99, 329 U.S. 739, 91 L.Ed. 638.

Roth v. Swanson, C.A.8th, 1944, 145 F.2d 262.

Zielinski v. Philadelphia Piers, Inc., D.C.Pa.1956, 139 F.Supp. 408.

**Compare**

In re Wagner, 2012 WL 1605945, *3 (Bankr. N.D. Ohio 2012) (motion for judgment on pleadings denied because court construed complaint liberally to find "material issue of fact").

Federal Election Comm'n v. Florida for Kennedy Committee, D.C.Fla.1980, 492 F.Supp. 587, 598, **citing Wright & Miller.**

**Multiple plaintiffs**

When several plaintiffs joined in one action seeking overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), each of whom might or might not be entitled to a right of recovery, the defendant was required to admit or deny the allegations of fact that pertained to each plaintiff in order that the issues for trial could be made definite. Winslow v. National Elec. Prods. Corp., D.C.Pa.1946, 5 F.R.D. 126.

5 **Affirmative defenses**

See §§ 1270 to 1278.

6 **Notice of issues**

Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1, 5 n.1 (1st Cir. 2010) (defendant claiming plaintiff did not perform contract as warranted met burden of Rule 8(b) by denying allegation of breach).

LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, C.A.2d, 1999, 185 F.3d 61 (when denial of allegation is made in part of complaint, that allegation is not admitted if not specifically denied elsewhere).

Boultinghouse v. Herrington, 2016 WL 324527, *2 (W.D. Ky. 2016) (court denied motion to strike answer because, in response to motion, defendants clarified what they admitted and denied, giving plaintiff fair notice).

Minns v. Advanced Clinical Employment Staffing LLC, 2014 WL 5826984, *2 (N.D. Cal. 2014).

Winder v. Erste, 2014 WL 3615494 (D.D.C. 2014) (court denied motion to strike defense because plaintiff had adequate notice of defense).

Zinzow v. World Ins. Co., D.C.N.C.2002, 2002 WL 737775.

§ 1261Denial—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068  Document 334-1  Filed in TXSD on 10/22/18  Page 10 of 72

Pleadings in the district courts are considered nothing more than notice of a claim or defense. Burke v. Fire Underwriters Ass'n, D.C.Mo.1958, 21 F.R.D. 583.

Shepherd v. Popular Publications, Inc., D.C.N.Y.1950, 10 F.R.D. 389.

The deficiencies of referring to "notice" pleadings are discussed in § 1202.

**See also**

Figueroa v. Islands Restaurants L.P., 2012 WL 2373249, *3 (C.D. Cal. 2012) ("Rule 8(b) does not require that a defense be commonplace to be a validly pled defense … .").

Specs GmbH v. Specs Scientific Instruments, Inc., 2012 WL 1970019, *1 (M.D. Fla. 2012) (motion to strike denied because, although defendant had not complied with pleading "niceties," his answer gave "fair and adequate notice of his defense").

"That Defendants have not answered the way that Plaintiff wants them to or the way in which would best help Plaintiff's case is not reason enough to compel a further response or Amended Answer." Thomas v. Fuentes, 2011 WL 2694165, *1 (S.D. Ill. 2011).

7 **Discovery and pretrial**

"Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." Hickman v. Taylor, 1947, 67 S.Ct. 385, 388, 329 U.S. 495, 500–501, 91 L.Ed. 451 (Murphy, J.).

United States v. Burke, 2017 WL 4099798, *2 (W.D. Pa. 2017) ("As is true of pleadings asserting a claim for relief, 'plain notice' of the issues being raised by the defendant is all that is required at the pleading stage by the federal rules; the parties are provided with adequate discovery and pretrial procedures to develop in detail the facts pertinent to their various claims and defenses and the pleadings are not intended to carry that burden." (internal quotation marks omitted), **quoting Wright & Miller**. "Unlike Rule 8(a)(2), Rule 8(b)(1)(A) does not include a requirement that the pleading 'sho[w] that the pleader is entitled to relief.' However, the defenses must be stated so as to give notice to a claimant,' who can then use the discovery process to investigate more fully the factual basis supporting the defense.'"

United States Welding, Inc. v. Tecsys, Inc., 2015 WL 3542702, *2 (D. Colo. 2015), quoting Michaud v. Greenberg & Sada, P.C., 2011 WL 2885952, *4 (D. Colo. 2011).

Dobbins v. Scriptfleet, Inc., 2012 WL 601145, *3-4 (M.D. Fla. 2012) (motion to dismiss denied because defendant had enough information at least to respond that it lacked sufficient knowledge or information, and then discovery would be appropriate method for seeking additional information to prepare defense).

A precise defense set out in a concise pleading, as required by the federal rules need not be elaborated, but elaboration of such defense or clarification of the issue may be accomplished by the discovery process, interrogatories, and pretrial proceedings. Liquidometer Corp. v. Capital Airlines, Inc., D.C.Del.1959, 24 F.R.D. 319.

It is proper practice to leave to pretrial procedure the particularization of notice-giving pleadings. Moriarty v. Curran, D.C.N.Y.1956, 18 F.R.D. 461.

Shepherd v. Popular Publications, Inc., D.C.N.Y.1950, 10 F.R.D. 389.

**See also**

Fitzgibbons v. City of Oswego, 2011 WL 6218208, *8 (N.D. N.Y. 2011) (motion to dismiss on basis of sovereign municipality defense dismissed because discovery was needed to see if defendant was entitled to such defense).

8 **Rule 8(d)**

See §§ 1281 to 1285.

9 **Rule 8(e)**

See § 1286.

Bond v. Ecolab, Inc., 2007 WL 390871, *1 (E.D. Mich. 2007), **citing Wright & Miller**.

Abrazinski v. DuBois, 876 F. Supp. 313, 231 (D. Mass. 1995), **quoting Wright & Miller**.

10 **Denial insufficient**

§ 1261Denial—in General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 11 of 72

A corporate defendant's denial of "each and every allegation" did not give "plain notice" that the plaintiff had sued the wrong corporation. Weade v. Trailways of New England, Inc., C.A.1963, 325 F.2d 1000, 117 U.S.App.D.C. 73.

In actions by a bank receiver against a depositor to recover amounts owed by the depositor to the bank, the depositor counterclaimed with respect to alleged deposits for which the depositor had received no credit, the receiver's general denial in the reply to a counterclaim did not put in issue the allegation of the counterclaim that deposits never had been repaid to the depositor, and the receiver was not entitled to introduce evidence that the depositor had received payment for part of the first deposit and for full payment of the second deposit. FDIC v. Siraco, C.A.2d, 1949, 174 F.2d 360.

In a summary proceeding by the trustee of the bankrupt to require the defendants to turn over a deed to a building, title to which was in the bankrupt's name, an answer that the defendants were appearing specially and not waiving any of their rights with respect to the insufficiency of the petition, and that the proposed order if carried into execution would take property without due process of law and that the court was without jurisdiction, but not containing any denial of the allegation of the court's possession, was too vague and general to challenge the bankruptcy court's exercise of summary jurisdiction. Honeyman v. Hughes, C.A.9th, 1946, 156 F.2d 27, certiorari denied 67 S.Ct. 99, 329 U.S. 739, 91 L.Ed. 638.

A railroad's general denial and plea of contributory negligence did not present the issues of whether the driver of the automobile involved in a crossing collision was the agent of the deceased occupant's parents, so as to make the driver's negligence imputable to the parents and entirely defeat the administrator's action for the parents' benefit or reduce the verdict by the amount of the father's share. Roth v. Swanson, C.A.8th, 1944, 145 F.2d 262.

Stucchi USA, Inc. v. Hyquip, Inc., 2010 WL 2990966 (E.D. Wis. 2010) (answer denied vague "innuendo" in allegations rather than substance of allegations).

Unigene Laboratories, Inc. v. Apotex, Inc., 2010 WL 2730471, *2 (S.D. N.Y. 2010) (in patent infringement case, defendants' "broad claims of non-infringement due to invalidity do not preserve a claim of actual non-infringement").

U.S. for Use & Benefit of B & R, Inc. v. Donald Lane Constr., D.C.Del.1998, 19 F.Supp.2d 217, **citing Wright & Miller.**

The defendants responded to thirty of thirty-five allegations in the complaint by stating that they "[n]either admit nor deny the allegations of said Paragraph—, but demand strict proof thereof." The court held that these pleadings were in no way responsive, as required by Rule 8(b), and thus would be treated as admissions. The court noted its repeated efforts to stop this vexatious practice and lamented that the lawyers who violate Rule 8(b) the most are often the lawyers who attend legal seminars and read the federal rules the least, apparently because they are too busy making mistakes. King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc., D.C.Ill.1998, 180 F.R.D. 332.

A complaint alleged that a certain vehicle owned, operated, and controlled by the defendant, its agents, servants, and employees was managed so negligently and carelessly that it came into contact with the plaintiff causing him injuries. The answer stated that the defendant "denies the averments" of that paragraph of the complaint. It was held that this was insufficient to raise an issue as to agency, since the defendant had not made clear what he was admitting and what he was denying. Zielinski v. Philadelphia Piers, Inc., D.C.Pa.1956, 139 F.Supp. 408. The case is complicated by elements of equitable estoppel.

**See also**

Admissions in an answer are binding on the party who made them. National Ass'n of Life Underwriters, Inc. v. CIR, C.A.1994, 30 F.3d 1526, 308 U.S.App.D.C. 159.

Clary v. Alexander County Bd. of Educ., 1975, 212 S.E.2d 160, 164, 286 N.C. 525, **citing Wright & Miller.**

**Cannot call allegations "legal conclusions"**

Kegerise v. Susquehanna Township School District, 2016 WL 407348, *3 (M.D. Pa. 2016) ("Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law.").

McSweeney v. Janes, 2014 WL 3707788 (D. Colo. 2014) (response that allegations are legal conclusions does not comply with Rule 8(b)'s requirements).

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 12 of 72

McBurney v. Lowe's Home Centers, LLC, 2014 WL 2993087 (D. Idaho 2014) (defendant satisfied Rule 8(b) by averring that plaintiff's allegations state legal conclusion and denying allegations to extent necessary).

The court held that the defendant may not deny an allegation on the basis that it states a legal conclusion, and must admit or deny the allegation based on its substance. Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC, 2013 WL 6801832, *4 (E.D. Mo. 2013).

American Family Mut. Ins. Co. v. Beasley, 2012 WL 395707, *3 (D. Nev. 2012) ("Responses that an allegation is a legal conclusion [are] insufficient and contrary to the Federal Rules of Civil Procedure.") (internal quotation marks omitted).

**But see**

Khepera-Bey v. Santander Consumer USA, Inc., 2012 WL 1965444, *5 (D. Md. 2012) (Quarles, Jr., J.) (defendant's answer "satisfied" Rule 8(b) in stating that "no response is required" to legal conclusions in complaint).

**11**   **Sinclair case**
C.A.5th, 1955, 222 F.2d 637.

**12**   **Quotation**
Id. at 639 (Rives, J.).

**13**   **Quotation**
Id. at 639–640.

**14**   **Simplicity and conciseness**
Montgomery v. Wyeth, 580 F.3d 455 (6th Cir. 2009).

Winder v. Erste, 2014 WL 3615494 (D.D.C. 2014) (defendant satisfied Rule 8(b) obligations by including defenses to each claim asserted against it in short and plain terms).

Under Rule 8(b), an elaborate reply to every allegation of the complaint is not required and a defendant is not bound to his, her, or its responses for all time. White v. Smith, D.C.N.Y.1981, 91 F.R.D. 607. Fulton Co. v. Beaird-Poulan, Inc., D.C.Miss.1972, 54 F.R.D. 604.

The rules require that defenses to a claim shall be stated in short and plain terms, and each averment shall be simple, concise, and direct, although no technical forms are required. Lopez v. U.S. Fidelity & Guar. Co., D.C.Alaska 1955, 18 F.R.D. 59, 15 Alaska 633.

Chicago Pneumatic Tool Co. v. Ziegler, D.C.Pa.1941, 40 F.Supp. 416.

The letter and spirit of the rules of civil procedure require simple, concise, and direct denials, admissions, and averments in pleading. Strahle-Johnson Supply Co. v. John Douglas Co., D.C.Tenn.1940, 1 F.R.D. 279.

Booth Fisheries Corp. v. General Foods Corp., D.C.Del.1939, 27 F.Supp. 268.

For a further discussion of the requirement that pleadings be simple, concise, and direct, see § 1281. See also §§ 1215 to 1226.

**Voluminous answers stricken**
A portion of the defendants' answer would be stricken on motion, on the ground that the paragraphs stricken and the voluminous exhibits accompanying the answer violated the rules relating to the form of denials, requiring defenses to be stated in short and plain terms, and requiring pleadings to be simple, concise, and direct. Hindleman v. Specialty Salesman Magazine, Inc., D.C.Ill.1940, 1 F.R.D. 278.

**15**   **Evidentiary matters**
Pleadings in federal courts merely serve the purpose of notice giving, and it is not only unnecessary but improper to plead evidentiary matter. Moriarty v. Curran, D.C.N.Y.1956, 18 F.R.D. 461.

A defense should be alleged simply and without evidentiary facts. Shepherd v. Popular Publications, Inc., D.C.N.Y.1950, 10 F.R.D. 389.

**16**   **Order to strike**
The court granted the plaintiff's motion to strike the defendant's answer when the defendant had submitted a general denial of all of the allegations in the plaintiff's complaint, but the complaint contained allegations about which the defendant could not in good faith claim to lack knowledge or information. For example, the complaint alleged that the defendant owned and controlled a cafe, and the court held that the "[d]efendant [could not] fairly claim to lack knowledge regarding his own

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 13 of 72

relationship to the [cafe]." Joe Hand Promotions, Inc. v. Nguyen, 2011 WL 2893079, *1 (N.D. Cal. 2011).

U.S. Liability Ins. Co. v. Bryant, 2011 WL 221662 (S.D. Ill. 2011) (plaintiff's motion to strike defendant's answer granted in part when portion of answer was irrelevant, prejudicial, and not proper under Rule 8(b)).

Farrell v. Pike, D.C.N.C.2004, 342 F.Supp.2d 433, **citing Wright & Miller.**

When the answer contained verbose, argumentative, and redundant statements and was in gross violation of the federal pleading rules in that it alleged matters answered by the court in denying a motion to dismiss the complaint, denied performance of conditions in a general manner instead of specifically and with particularity, and denied that any consideration was given for the contract instead of affirmatively pleading failure of consideration, the entire answer should be stricken in the interest of justice with leave to file an amended answer in conformity with the rules. Temperato v. Rainbolt, D.C.Ill.1958, 22 F.R.D. 57.

Verbose matter was ordered stricken from a pleading pursuant to Rule 12(f). Shepherd v. Popular Publications, Inc., D.C.N.Y.1950, 10 F.R.D. 389.

Argumentative and immaterial sections of the defendant's answer were stricken by the court. Strahle-Johnson Supply Co. v. John Douglas Co., D.C.Tenn.1940, 1 F.R.D. 279.

The paragraphs of the defendant's amended answer that are highly verbose and argumentative should be stricken on the plaintiff's motion. Hindleman v. Specialty Salesman Magazine, Inc., D.C.Ill.1940, 1 F.R.D. 272.

When the defendants' answer in a patent infringement suit covered twenty-two printed pages with one hundred pages of exhibits and was at variance with the provision in Rule 8 requiring the statement of defenses to be in short and plain terms, the plaintiff was entitled to have a portion of the answer stricken for pleading evidence. Booth Fisheries Corp. v. General Foods Corp., D.C.Del.1939, 27 F.Supp. 268. See also vol. 5C, §§ 1380, 1382.

| | |
|---|---|
| 17 | **Patent infringement case** |
| | Warner & Swasey Co. v. Held, D.C.Wis.1966, 256 F.Supp. 303. |
| 18 | **Quotation** |
| | Id. at 313 (Reynolds, J.). |
| 19 | **Motion to strike disfavored** |

Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) ("Motions to strike are viewed with disfavor and are not frequently granted.").

Yeti Coolers, LLC v. Rtic Coolers, LLC, 2016 WL 5956081, *8 (W.D. Tex. 2016) (motions to strike viewed with disfavor because they are often used as dilatory tactics).

Metropolitan Life Insurance Company v. McGhee, 2016 WL 2742429, *5 (W.D. Tenn. 2016), quoting Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015).

Mojica v. Securus Technologies, Inc., 2015 WL 429997, *5 (W.D. Ark. 2015).

ConocoPhillips Pipe Line Co. v. Rogers Cartage Co., 2012 WL 1231998, *4 (S.D. Ill. 2012) (motion to strike defendant's "statement that it reserves the right to raise additional affirmative defenses" denied although court acknowledged that decisions about waiver are in court's discretion, rendering statement unnecessary).

Cottle v. Falcon Holdings Management, LLC, 2012 WL 266968, *3 (N.D. Ind. 2012).

American Trails Co. v. Sims, 2012 WL 113813, *2 (D. Utah 2012) (although defendants admitted that their answer could have been "more specific," their "simple denial" of certain allegations did not warrant "extreme sanction" of order to strike).

Lancaster v. Cox, 2010 WL 2721849, *1 (C.D. Ill. 2010).

Sun Ins. Co. of New York v. Diversified Engineers, Inc., D.C.Mont.1965, 240 F.Supp. 606.

Chicago Pneumatic Tool Co. v. Ziegler, D.C.Pa.1941, 40 F.Supp. 416.

A discussion of the appropriateness of an order to strike a pleading is found under Rule 12(f) in vol. 5C, §§ 1380 to 1383.

**But see**

The defendant pled eighteen affirmative defenses, which suffered from a number of defects. The court struck the affirmative defenses in their entirety "so that [the defendant's] counsel [could] devote his

NJAPP000010   10

§ 1261Denials—In General, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.)

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 14 of 72

thoughtful attention to reasserting only those that pass muster under Rule 8(c)." Robinson v. Hyundai of Matteson, LLC, 2016 WL 4366601, *2 (N.D. Ill. 2016).

Sharifi v. Stellar Recovery, Inc., 2016 WL 246134, *1 (N.D. Ill. 2016) (court struck answer in part because it repeatedly pled insufficient knowledge to admit or deny allegations but "therefore denie[d] the same").

**20**  **No technical forms**

Rule 8(d) was formerly numbered Rule 8(e) prior to the 2007 restyling of the Federal Rules.

Under the provision in Rule 8 relating to defenses and the form of denials, a corporate defendant's answer denying the existence of any contract binding upon it for reason that the lease sued upon by the lessor who sought to recover rent was not executed by any representative of the defendant having authority to act, was sufficient to raise the issue of lack of authority. Granite Trust Bldg. Corp. v. Great Atl. & Pac. Tea Co., D.C.Mass.1940, 36 F.Supp. 77.

See also § 1281.

**20.1**  **Reasonable notice**

Rische v. United States, 2016 WL 9331289, *1 (W.D. Wash. 2016) ("As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." (internal quotation marks omitted)), **quoting Wright & Miller.**

Bond v. Ecolab, Inc., D.C.Mich.2007, 2007 WL 390871, **quoting Wright & Miller.**

**21**  **Rule 10**

See vol. 5A, §§ 1321 to 1328.

**22**  **Alternative and hypothetical pleading**

See § 1282.

**23**  **Consistency not essential**

See § 1283.

**24**  **Record of court**

The denials in an answer to a petition for removal, which asserted that an officer of the court was acting in his official capacity, without alleging any facts to support the denial are insufficient particularly when they are contrary to the records of the court. Potts v. Elliott, D.C.Ky.1945, 61 F.Supp. 378.

---

End of Document                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 1860002
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas,
Dallas Division.

Heidi BRUCE, Plaintiff,
v.

ANTHEM INSURANCE COMPANIES,
INC., d/b/a Anthem Blue Cross
and Blue Shield, et al., Defendants.

Civil Action No. 3:15–CV–0353–D.
|
Signed April 23, 2015.

**Attorneys and Law Firms**

James L. Johnson, The Johnson Law Firm, Dallas, TX, for Plaintiff.

Blaire Bruns Johnson, Thomas F. A. Hetherington, Edison McDowell & Hetherington LLP, Houston, TX, Amy B. Boyea, Edison McDowell & Hetherington LLP, Arlington, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER*

SIDNEY A. FITZWATER, District Judge.

**\*1** Plaintiff Heidi Bruce ("Bruce") moves to compel defendants to file an amended answer. For the reasons that follow, the court grants the motion in part and denies it in part, and orders defendants to file an amended answer within 21 days of the date this memorandum opinion and order is filed. [1]

I

Bruce sues defendants Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield, and Verizon Employee Benefits Committee to recover medical benefits under an ERISA [2] plan for surgery performed on her herniated cervical disc. After defendants filed their answer, Bruce filed the instant motion to compel, complaining that the answer does not comply with

Fed.R.Civ.P. 8(b)(1), (b)(2), (b)(4), and (c). Defendants oppose the motion.

II

As a threshold matter, the court turns to defendants' response, in which they contend that Bruce's motion to compel should be denied on the ground that it is procedurally improper. Defendants maintain that, in the absence of a proper procedural vehicle for challenging their answer, Bruce has "instead crafted one from whole cloth." Ds. Resp. 1. The court disagrees.

When an answer does not comply with Rule 8(b), a plaintiff may move to require the defendant to replead. *See, e.g., Rodriguez v. Prof'l Servs. Assistance, Inc.,* 2007 WL 667166, at \*1 (W.D.Tex. Feb.16, 2007) (granting alternative motion to require defendants to replead their answer in accordance with the Rules). Moreover, defendants may wish to reconsider their procedural objection given the alternative remedies available under the rules. One remedy is to treat the averments of Bruce's complaint *as admitted. See, e.g .,* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261, at 528 (2004) ("If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted."). Another remedy is to strike a defense that is inadequately pleaded. *See, e.g., Klein v. Fed. Ins. Co.,* 2014 WL 4476556, at \*4– 5 (N.D.Tex. Sept.11, 2014) (Fitzwater, C.J.) (addressing motion to strike under Rule 12(f) standard). The relief that Bruce seeks actually enables defendants to cure their pleading defects without suffering the consequences of having the averments of Bruce's complaint deemed admitted, or their defenses stricken. *See* Wright & Miller, *supra* § 1261, at 530 ("[T]he liberal amendment policy of Rule 15 provides a safety valve that permits the district court to allow deviations from poorly framed denials when it seems appropriate to do so.").

III

Rule 8(b)(1) provides that, "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."

Bruce v. Anthem Ins. Companies, Inc., Not Reported in F.Supp.3d (2015)
2015 WL 1860002

Under Rule 8(b)(2), "[a] denial must fairly respond to the substance of the allegation." And Rule 8(b)(4) requires that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."

> **\*2** As has been noted in many judicial opinions, the theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail.

Wright & Miller, *supra* § 1261 at 526.

Although defendants' answer is adequate in some respects, it is deficient under Rule 8(b) in others.[3] For example, in several paragraphs, defendants answer that a document "speaks for itself." *E.g.,* Answer ¶ 4 ("Defendants admit only that the referenced plan is a document that speaks for itself. Otherwise, denied."). This approach to pleading has been rejected. *See Azza Int'l Corp. v. Gas Research Inst.,* 204 F.R.D. 109, 110 (N.D.Ill.2001) (referring to "impermissible statement that a document 'speaks for itself' "); *see also Lane v. Page,* 272 F.R.D. 581, 602–03 (D.N.M.2011) (stating that "[r]esponses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements." (collecting cases)).

And in several paragraphs, defendants plead that a particular part of Bruce's complaint "consists of legal conclusions to which no response is required." *E.g.,* Answer ¶ 1. Some of defendants' assertions, quite frankly, border on the frivolous. For example, in ¶ 1 of Bruce's complaint, she alleges that "Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield [hereinafter 'Anthem'], may be served with citation by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201." Compl. ¶ 1 (bracketed material in original). Defendants respond in their answer that "Paragraph 1 of Plaintiff's Complaint consists of legal conclusions to which no response is required." Answer ¶ 1. This assertion is baseless. And even if ¶ 1 of the complaint *did* contain legal conclusions, it is "insufficient" under Rule 8(b) to deny an

allegation on the basis that it is a "legal conclusion." *See Lane,* 272 F.R.D. at 602.[4]

Finally, in some instances, the answer does not fairly respond to the substance of the allegations in the complaint. For example, in ¶ 3, Bruce alleges: "Bruce suffered from a herniated cervical disc at level C6–7. Surgery was performed on November 5, 2013, involving a total disc replacement at C6–7 with a Mobi–C prosthetic device. Bruce incurred charges of $64,919.98 for such surgery. Bruce is entitled to receive medical benefits for such surgery." Compl. ¶ 3. Defendants answer: "Defendants admit only that the administrative record in this case speaks for itself. Otherwise, denied." Answer ¶ 3. This type of pleading is insufficient.

To be clear, in amending their answer, defendants are only obligated to give reasonable notice of the allegations that they seek to put in issue:

> **\*3** Rule 8(b) also must be read in conjunction with Rule 8(e), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial.

Wright & Miller, *supra* § 1261, at 532 (footnotes omitted). But as the *Azza International* court stated: "this Court expects that defendants' Amended Answer will be far more meticulous in specifying exactly which allegations of the [complaint] are and which are not being put into issue, thus avoiding needless time and effort on Azza's part in having to prove undisputed matters." *Azza Int'l,* 204 F.R.D. at 110.

## IV

Bruce challenges defendants' affirmative defenses 7, 8, 12, 13, and 14, contending that they are prime examples of "boilerplate" and "formula-like" pleading and do not give her fair notice of the defenses. P. Mot. 4. The challenged affirmative defenses are:

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff's previous disk replacement was

completed with a non-FDA approved device and was investigational.

8. Plaintiff's claims are barred, in whole or in part, because the efficacy of the device could not be established within the medical literature.

12. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own fault.

13. Plaintiff's claims are barred, in whole or in part, by a disclaimer provided.

14. Plaintiff's claims are barred, in whole or in part, due to waiver and/or estoppel.

Answer (Affirmative Defenses) ¶¶ 7, 8, 12, 13, and 14.

Rule 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including [18 listed affirmative defenses]." This court has explained that it

> applies the "fair notice" pleading standard for affirmative defenses set forth in *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999). Accordingly, to adequately plead an affirmative defense, there must be enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and prevent unfair surprise. Although in some instances merely pleading the

name of the affirmative defense may be sufficient, a fact-specific inquiry is required to determine whether the pleadings set forth the minimum particulars needed to ensure the plaintiff is not the victim of unfair surprise.

*Klein,* 2014 WL 4476556, at *5 (some citations, ellipsis, and some internal quotation marks omitted).

The court concludes that affirmative defense 7 gives Bruce fair notice, but that affirmative defenses 8, 12, 13, and 14 do not. *See id.* at *6–8 (addressing affirmative defenses that did and did not give fair notice, and explaining reasoning). The court therefore grants in part and denies in part Bruce's motion to the extent addressed to these affirmative defenses.

* * *

**\*4** Accordingly, Bruce's March 18, 2015 motion to compel defendants to file amended answer is granted in part and denied in part, and defendants are ordered to file an amended answer within 21 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 1860002

Footnotes

1   Under § 205(a)(5) of the E–Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

2   Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461.

3   This lawsuit was filed on February 4, 2015. It has not yet been on file 90 days. The court's taking the time to write a detailed opinion identifying each defect in defendants' answer would neither be a wise use of the court's resources nor a valid reason for delaying the progress of this litigation. The court will therefore highlight certain examples of how the answer is defective, with the expectation that defendants will carefully review their amended answer for compliance with all the provisions of Rule 8(b) before filing it.

4   Defendants are not alone, however, in deserving the court's criticism for their pleadings. Bruce's complaint contains argumentative allegations that serve no apparent function. *See, e .g.,* Compl. ¶ 55 (alleging that "[t]he report thus follows Alice into Wonderland.").

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 1860002

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

---

321 F.R.D. 121
United States District Court, M.D. Pennsylvania.

Dr. Susan M. KEGERISE, Plaintiff
v.
SUSQUEHANNA TOWNSHIP
SCHOOL DISTRICT, et al., Defendants.

CIVIL NO. 1:CV–14–0747
|
Signed 02/03/2016

**Synopsis**

**Background:** Former superintendent brought action against school district and school board members alleging that she was constructively discharged as result of racial, gender, and age discrimination. Superintendent moved for judgment on pleadings.

**Holdings:** The District Court, William W. Caldwell, J., held that:

defendants improperly responded to complaint by denying part of allegation and admitting part of it, but failing to indicate that remainder of allegation was denied;

defendants could not refuse to respond to allegations in complaint by asserting that they were conclusions of law; and

district was required to make reasonable effort to obtain knowledge from its records regarding allegations.

Ordered accordingly.

**Attorneys and Law Firms**

**\*122** Jason P. Kutulakis, Abom & Kutulakis, Amy L. Owen, Craig E. Kauzlarich, Abom & Kutulakis, LLP, Carlisle, PA, for Plaintiff.

Andrew P. Dollman, Carlesha Green Halkias, Latsha Davis & McKenna, PC, Glenn R. Davis, Latsha Davis & Yohe & McKenna, P.C., Mechanicsburg, PA, for Defendants.

*MEMORANDUM*

William W. Caldwell, United States District Judge

I. *Introduction*

 **\*1** Plaintiff is Dr. Susan M. Kegerise, the former superintendent of the Susquehanna Township School District. The defendants are the School District and three members of the District's School Board, Carol L. Karl, Jesse Rawls, Sr., and Mark Y. Sussman. Plaintiff filed this lawsuit mainly seeking redress for her alleged discharge as superintendent, which she asserts violated both federal and state law.

We are considering Plaintiff's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) on some of the claims set forth in Plaintiff's third amended complaint. As part of that motion, Plaintiff argues that Defendants' responses to some of the allegations in her pleading were insufficient under Fed. R. Civ. P. 8(b). Based on the claimed inadequacy of the responses, Plaintiff contends that the corresponding allegations should be deemed admitted. And once those allegations are deemed admitted, Plaintiff argues she is entitled to judgment on the pleadings on Counts II, III, IV, VIII, IX and X of her third amended complaint.

We agree with Plaintiff that, except for a few responses, the responses are insufficient. Instead of deeming Plaintiff's allegations admitted, however, we will grant Defendants an opportunity to file an amended answer curing the defects in their responses. *See Sinclair Cattle Co., Inc. v. Ward*, No. 14-CV-1144, 2015 WL 6125260, at \*3 (M.D. Pa. Oct. 16, 2015)(citing Fed. R. Civ. P. 15(a)(2)); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 447 (E.D. Pa. 1973).

II. *Discussion*

Fed. R. Civ. P. 8(b) governs how a party is to respond to a pleading. In pertinent part, the party must "admit or deny the allegations asserted against it...." Rule 8(b)(1)(B). "A party that intends in good faith to deny all the allegations of a pleading...may do so by a general denial." Rule 8(b)(3). Otherwise, the party "must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* "A party that intends in good faith to deny only part of an allegation must admit

the part that is true and deny the rest." Rule 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Rule 8(b)(5). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Rule 8(b)(6).

A. *Rule 8(b)(4): Denying Only Part of an Allegation Without Also Either Admitting or Denying the Rest of the Allegation*

Plaintiff contends that Defendants violated Rule 8(b)(4) in their responses to the following allegations of the third amended complaint: paragraphs 48, 55, 63, 67, 81, 84, 86, 93, 99, 150, and 199. [1] After review of the allegations, we agree with Plaintiff that Defendants' responses violated Rule 8(b)(4) by **\*123** denying part of the allegation, admitting part of it, but without saying that the rest of the allegation was denied.

**\*\*2** We will rely on one of the examples Plaintiff uses in her brief to explain what we mean. Paragraph 48 of the third amended complaint alleges as follows:

> 48. In 2013, a consensual decision was made to transfer a long time high school gym teacher and coach to a district elementary school. Believing this transfer was against the will of the teacher and discriminatory, Defendant Rawls attempted to intervene by usurping the role and judgment of the Administration. Defendant Rawls went so far as to approach the president of the teachers' union, stating the transfer should be "grieved" by the district.

(Doc. 39, Third Am. Compl. ¶ 48). Defendants' response to this allegation was as follows: "It is admitted that there was a decision to transfer a high school gym teacher to district [sic] elementary school. It is denied that Defendant Rawls attempted to intervene." (Doc. 46, Answer ¶ 48). When a party intends to deny only part of an allegation, Rule 8(b)(4) requires the party to "admit the part that is true and deny the rest." Here, Defendants intended to

deny, and did deny, only part of the allegation. While they admitted the part that was true, they did not "deny the rest" of the allegation. As Plaintiff points out, they did not deny that defendant Rawls approached the president of the teachers' union, stating the transfer should be "grieved" by the district. The responses therefore violate Rule 8(b)(4).

The responses to the other allegations mentioned above suffer from similar defects. [2] We will therefore require Defendants to file an amended answer complying with Rule 8(b)(4). Defendants need not deny any part of the allegations that were left without a response in the original answer if in fact that part should be admitted. For example, Defendants need not deny that Rawls approached the president of the teachers' union, stating the transfer should be grieved by the district, simply because it was not admitted in the original answer. Defendants must simply admit the part that is true and deny the rest so that all parts of the allegation have been either admitted or denied.

B. *Rule 8(b) Does Not Permit a Response that an Allegation Is a "Conclusion of Law" to Which No Response Is Required*

Plaintiff argues that Defendants' responses to the following allegations of the third amended complaint violated Rule 8(b): paragraphs 3, 10, 11, 20, 23, 26, 102, 119–131, 133–134, 136–138, 140, 142–143, 146–147, 149, 156–159, 167, 169–172, 174–175, 177, 196, and 199. Defendants' responses to these allegations was as follows: "This paragraph states a conclusion of law to which no response is required." Plaintiff asserts the responses were improper because they neither admitted nor denied the allegations. [3]

In opposing Plaintiff's motion, Defendants argue that under Rule 8(b)(6) they are not obligated to respond to allegations that are conclusions of law. They also point out that some of the allegations are "sweeping conclusions of law" that contain no factual averments about Plaintiff's case.

**\*\*3** Defendants' reliance on Rule 8(b)(6) is misplaced. In pertinent part, that Rule provides that when "a responsive pleading is required" an allegation is admitted if it is not denied. It is only when "a responsive pleading is not required, [that] an allegation is considered denied or

avoided." Rule 8(b)(6). Here, Defendants were required to file a responsive pleading—their answer—to Plaintiff's third amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). Hence, if anything, Rule 8(b)(6) would require us to deem Plaintiff's allegations admitted for failure of Defendants to deny them. *See* *I.H. v. Cumberland Valley Sch. Dist.*, No. 11-CV-0574, 2012 WL 2979038, at *13 (M.D. Pa. July 20, 2012); *Estate of Kean v. United States*, No. 98-CV-0176, 2008 WL 3166681, at *5 (D.V.I. Aug. 5, 2008).

 **\*124** Defendants are simply incorrect in contending that they could respond to conclusions of law by asserting no response is necessary. [4] Rule 8(b) permits a party only three ways to respond to an allegation: (1) admit it (2) deny it or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation. *See* *United States v. Famous Artists Corp.*, 1996 WL 114932, at * 2 n.7 (E.D. Pa.); *Clarendon Am. Ins. Co. v. All Brothers Painting, Inc.*, No. 13-CV-0934, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013); *Lane v. Page*, 272 F.R.D. 581, 603 (D.N.M. 2011). Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law. *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 13-CV-0193, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013); *Clarendon Am. Ins. Co.*, 2013 WL 5921538, at *3; *Lane*, 272 F.R.D. at 602; *Gomez v. United States*, No. 09-CV-22148, 2010 WL 3834211, at *1 (S.D. Fla. Sept. 28, 2010).

This rule applies even when a party has made "a sweeping conclusion of law," as Defendants put it, meaning an allegation purely of law. [5] *See* *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05-CV-3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005)(a party must respond to allegations quoting statutory text and case law and cannot refuse to respond on the basis that the sources "speak for themselves"); *Lebster v. Nu–Way Transit, Inc.*, 2000 WL 1848989 (N.D. Ill. Dec. 18, 2000)("No reason appears why [Defendant's] counsel should not respond by admitting any allegation that accurately describes the content of whatever part of a statute is referred to in the Complaint.").

We will therefore require amended responses to these allegations, with the exception of paragraph 102; the response to that paragraph had an adequate additional reason for a denial.

*C. A Party Cannot Claim Lack of Knowledge or Information When He Does Have Knowledge or It Is Reasonably Available to Him*

 **\*\*4** Defendants have denied paragraphs 30, 46 and 51 of the third amended complaint by asserting that they lack knowledge or information sufficient to form a belief about the truth of the allegations. Plaintiff argues these responses were improper as Defendants either had information that they could have used to respond to the allegations or the information was readily accessible to them. The pertinent allegations are as follows:

> 30. Defendant Rawls also approached a Union official to suggest the Union file a grievance against [the School District] regarding a personnel issue.
>
> ....
>
> 46. On February 5, 2013, Defendant Rawls visited the District Middle School and High School without giving prior notice to the administration.
>
> ....
>
> 50. On January 28, 2013, Defendant Rawls, at a public meeting of the Board, falsely accused Plaintiff of nepotism as grounds to not renew her contract.
>
> 51. This accusation resulted in a special investigation which cleared Dr. Kegerise of any wrongdoing. The investigation cost [the School District] in excess of $15,000.00.

 **\*125** (Doc. 39, Third Am. Compl. ¶¶ 30, 46, 50 and 51). [6]

"A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). However, a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973). "An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information." *Id.* *See also* *O'Brien v. Cannon*, No. 03-CV-0262, 2003 WL 21949162, at *1 (E.D. Pa. Aug. 13, 2003)(quoting *David*); *Certain Underwriters at Lloyd's, supra*, 2013 WL 6801832, at *3. A party may also "be held to the duty to exert reasonable effort to

obtain knowledge of a fact." *Greenbaum v. United States*, 360 F.Supp. 784, 787 (E.D. Pa. 1973).

Here, Defendants should be able to answer paragraphs 30 and 46 from the personal knowledge of Defendant Rawls. If they find paragraph 30 too vague, they may so respond. The response to paragraph 51 can come from a reasonable effort to obtain knowledge from School District records. *Greenbaum*, 360 F.Supp. at 787–88 (the

defendant's response was inadequate when it failed to investigate its files).

Based on the foregoing, we will issue an order requiring Defendants to file an amended answer with responses that conform to the pleading requirements of Rule 8(b). [7]

**All Citations**

321 F.R.D. 121, 2016 WL 407348, 348 Ed. Law Rep. 876

Footnotes

1    Plaintiff also argues that the response to paragraph 184 was inadequate, but we do not address paragraph 184 as it was part of a count we dismissed earlier.

2    We except paragraph 93, which we think was responded to adequately.

3    Defendants provide additional reasons for denying the allegation in their response to paragraphs 102 and 199.

4    Defendants are correct in characterizing the majority of the allegations as conclusions of law as most of them apply law to the facts of Plaintiff's case. *See James v. City of Wilkes–Barre*, 700 F.3d 675, 681 (3d Cir. 2012). We give one example. Paragraph 128 of the third amended complaint alleges: "Defendants violated Plaintiff's right of Due Process by terminating Plaintiff without written notice of alleged misconduct and failing to provide a fair and impartial adjudication hearing."

5    For example, among many other abstract allegations of law, Plaintiff alleges:

     121. In order to demonstrate a procedural due process violation, "a plaintiff must show that (1) she was deprived of an individual interest encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and that (2) the procedures available to her did not provide due process of the law." *Mayo v. Bangor Area School Dist.*, 2013 WL 3716533 (E.D. Pa. 2013) (internal citations omitted).

     (Doc. 39, Third Am. Compl. ¶ 121).

6    Plaintiff does not challenge the response to paragraph 50; we add it to provide context for paragraph 51.

7    Plaintiff has also complained that the answer contains responses that the document "speaks for itself." *See Lane, supra*, 272 F.R.D. at 602–03. However, Plaintiff does not challenge on this ground any particular response, and we do not see the need to adjudicate whether such responses were adequate. We note that Defendants contend that they not only asserted that the documents speak for themselves but that they also denied Plaintiff's characterization of the documents. *See Dilmore v. Alion Science & Tech. Corp.*, No. 11-CV-0072, 2011 WL 2690367, at *4 (W.D. Pa. July 11, 2011).

End of Document        © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.     NJAPP000019   4

2013 WL 6801832
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri,
Eastern Division.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON SUBSCRIBING TO
CERTIFICATE NO. IPSI 12559, Plaintiffs,
v.
SSDD, LLC, Defendant.

No. 4:13–CV–193 CAS.
|
Dec. 23, 2013.

**Attorneys and Law Firms**

Elizabeth V. Grana, Behr and McCarter, P.C., St. Louis,
MO.

Robyn G. Fox, Seth G. Gausnell, Pitzer Snodgrass, P.C.,
St. Louis, MO, Neal R. Novak, Patricia M.B. Caracci,
Novack Law Offices, Chicago, IL, for Plaintiffs.

Anthony R. Behr, Jason W. Kinser, Behr and McCarter,
St. Louis, MO, for Defendant.

*MEMORANDUM AND ORDER*

CHARLES A. SHAW, District Judge.

**\*1** In this diversity matter, plaintiffs Certain
Underwriters at Lloyd's, London Subscribing to
Certificate No. IPSI 12559 (collectively, "Underwriters")
seek a declaration that a commercial property insurance
policy they issued to defendant SSDD, LLC ("SSDD"),
is rescinded, void and unenforceable based on material
misrepresentations and/or omissions in the policy
application (Count I); in the alternative, plaintiffs
seek a declaration that the policy is void based on
concealment or misrepresentation of material facts
concerning the property under the policy's Commercial
Property Condition A (Count II); and a declaration that
all loss occurring after May 22, 2012 is barred by the
Exclusion 2(m) of the policy's Causes of Loss—Special
Form, that precludes coverage for loss or damage caused
by or resulting from the insured's neglect to use all

reasonable means to preserve the property from further
damage at and after the time of loss.

Defendant SSDD filed an Answer, Affirmative Defenses
and Counterclaim. The two-count Counterclaim asserts
state law claims for breach of the insurance contract and
statutory vexatious refusal to pay the amounts due under
the insurance policy, pursuant to §§ 375.420 and 375.296,
Missouri Revised Statutes (2000).

The case is before the Court on Underwriters' motion
to strike certain allegations of SSDD's answer and
affirmative defenses and to dismiss SSDD's counterclaims.
SSDD opposes all aspects of the motion and it is fully
briefed. For the following reasons, the motion to strike
will be granted in part and denied in part as to SSDD's
answer and affirmative defenses. The motion to dismiss
SSDD's counterclaims will be denied.

**I. Background**
The Amended Complaint ("Complaint") alleges that
Underwriters issued a Commercial Property Policy of
insurance (the "Policy") to SSDD with a limit of $800,000
per occurrence, effective April 8, 2012 through April 8,
2013, for a building described in the Policy's declarations
page as a "concrete brick church (LRO) at 4518 Blair, St.
Louis, MO 63107" (the "Property"). On May 24, 2012,
SSDD reported a vandalism claim to Underwriters with a
date of loss of May 18, 2012. On or around June 17, 2012,
a fire occurred at the Property and SSDD reported the fire
to Underwriters on June 18, 2012. On July 24, 2012, SSDD
provided notice of a claim for hail damage to the Property
as a result of an April 28, 2012 hail storm.

The Complaint asserts that SSDD retained a public
adjusting firm, Continental Adjusters, Inc., to provide
it with an estimate of the value of each of the three
claims. Underwriters retained its own consultants and
experts to assist in determining the Actual Cash Value of
each loss. SSDD's adjuster estimated the fire loss to the
Property to be approximately $2.4 million, the vandalism
loss to be approximately $2.5 million, and the hail damage
loss to be approximately $452,000. Using calculations
provided by its experts and applying policy deductibles,
Underwriters estimated net loss potentially covered for
the vandalism claim to be approximately $159,000, for the
fire claim to be approximately $201,000, and for the hail
claim to be approximately $11,000, and determined that

Certain Underwriters at Lloyd's, London Subscribing to..., Not Reported in...

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 24 of 72

2013 WL 6801832

the appropriate measure of loss sustained by SSDD was $372,840.98.

**\*2** The Complaint asserts that on December 28, 2012, Underwriters sent a letter to SSDD offering a conditional payment of $372,840.98 in "full and final satisfaction of the three claims subject to a complete reservation of rights, since it is Underwriters' position that coverage is questionable and the Policy is subject to rescission." Complaint, Ex. F at 1. Underwriters asked SSDD to execute a W–9 so that the $372,840.98 payment could issue, but SSDD refused to do so and Underwriters continue to hold the conditional payment in trust.

## II. Motion to Strike

A. *Legal Standard*
Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed.R.Civ.P. Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy. *Stanbury Law Firm, P.A. v. Internal Revenue Service,* 221 F.3d 1059, 1063 (8th Cir.2000). Nonetheless, resolution of such a motion lies within the broad discretion of the court. *Id.*

In determining a motion to strike, this Court has applied several principles. The Court "must view the pleadings in the light most favorable to the pleader." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.,* 2008 WL 2817106, at \*2 (E.D.Mo. July 21, 2008) (quoted case omitted). It should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion. *Id.* (citation omitted). Finally, a motion to strike should be denied unless the moving party shows it is "prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.* (citations omitted). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id.* (citations omitted).

B. *Motion to Strike Certain Allegations of SSDD's Answer*

Underwriters move to strike various paragraphs of SSDD's Answer that assert "insufficient knowledge" in response to allegations made by Underwriters relating to the insurance claims SSDD submitted. Underwriters seek to strike paragraphs 18–24, 27–36, 38–39, 42–49, 52, 55 and 63 of SSDD's Answer on the basis that these answers violate Rule 8(b)(5), Fed.R.Civ.P., which states, "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Underwriters contend that SSDD's answers are evasive because "SSDD cannot fairly claim ignorance of allegations which lie at the core of its claims. The facts alleged in the Complaint were either provided to Underwriters by SSDD in the first instance or are a matter of public record and SSDD must admit or deny them." Underwriters' Mem. Supp. Mot. Strike at 5.

**\*3** SSDD responds that nearly all of the paragraphs to which it responded that it lacked knowledge or information sufficient to form a belief "contain a litany of mixed allegations of law and fact and incorporate ambiguous terms," Response at 11, and "intermix facts outside of SSDD's knowledge with facts that may arguably be within SSDD's knowledge." *Id.* at 12. SSDD asserts that if Underwriters had "properly pleaded the facts regarding the claims which are actually at issue, SSDD may have been able to respond differently. Until SSDD knows exactly what is being alleged, it cannot unequivocally admit or deny anything." *Id.* at 13.

Rule 8 offers a party three ways to respond to the allegations of a pleading: The responding party must admit an allegation, deny the allegation, or explain that it is without sufficient knowledge or information to form a belief about the truth of the allegation. *See* Rule 8(b). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Rule 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Rule 8(b)(5). The Rule also provides, "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Rule 8(b)(6).

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 25 of 72

Certain Underwriters at Lloyds, London subscribing to..., Not Reported in...

2013 WL 6801832

In responding to a complaint, "a party 'may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information.' " *Djourabchi v. Self,* 240 F.R.D. 5, 12 (D.D.C.2006) (quoting *David v. Crompton & Knowles Corp.,* 58 F.R.D. 444, 446 (E.D.Pa.1973)). A leading federal practice treatise cautions that although "availability of the denial of knowledge or information sufficient to form a belief meets the dilemma of a pleader who lacks sufficient data to justify interposing either an honest admission or a denial of an opponent's averment.... [R]esort to this form of allegation should not be capricious." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1262 (3d ed.2010).

> A denial of knowledge or information requires that the party not only lack first-hand knowledge of the necessary facts involved but also that the pleader lack information upon which she reasonably could form a personal belief concerning the truth of the adversary's allegations. *Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record.* A denial of knowledge or information in this context casts doubt on the good faith of the pleader. Furthermore, a federal court will often impute knowledge of certain matters to a party, such as charging a corporation with the knowledge of the acts of its agents, or will impose a reasonable burden of investigation upon the pleader.

**\*4** *Id.* (emphasis added). "However, if knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate; the pleader is not compelled to make an exhaustive or

burdensome search in order to determine the truth or falsity of his opponent's allegations." *Id.*

Although Underwriters move to strike thirty paragraphs of SSDD's Answer, they discuss and offer specific argument only with respect to paragraphs 3, 18, 20, 24 and 28. The Court will only address the sufficiency of these particular paragraphs, as it will not undertake to make Underwriters' arguments on their behalf.

Paragraph 3 of the Complaint (Doc. 5) states:

> 3. SSDD is the Named Insured under the Policy. SSDD is a limited liability company organized under the laws of Delaware with its principal place of business in Dallas, Texas and SSDD is authorized and/ or licensed to do business in Missouri. Paul Weismann is the sole owner, member, manager and shareholder of SSDD and is a citizen of Connecticut.

SSDD's Answer to paragraph 3 states:

> 3. SSDD admits that it is the named insured on the Policy, but further states that there are legal conclusions contained in Paragraph 3 and, therefore, Paragraph 3 does not require a response. To the extent a response is required, SSDD denies the remainder of Paragraph 3.

As a threshold matter, many paragraphs of Underwriters' Complaint lend themselves to convoluted answers because they contain multiple factual assertions. It would be better practice to plead separate factual allegations in separate paragraphs. That being said, SSDD's answer to Paragraph 3 is inadequate and evasive. SSDD, as the entity at issue, has "knowledge or information sufficient to form a belief about the truth of the allegation," Rule 8(b) (5), concerning its states of incorporation and principal place of business, and therefore must either admit or deny those allegations. Similarly, SSDD has knowledge sufficient to form a belief about the truth of the allegation

that it is authorized or licensed to do business in the State of Missouri. Indeed, SSDD's Counterclaim demonstrates this knowledge, because SSDD alleges in its Counterclaim that it is a "Delaware limited liability company and a registered Missouri foreign limited liability company operating and doing business in St. Louis City, State of Missouri." Counterclaim ¶ 1 (Doc. 26). Finally, SSDD has knowledge sufficient to form a belief about the truth of the allegations that Paul Weismann is its "sole owner, member, manager and shareholder of SSDD," and is a citizen of Connecticut. If these allegations are partially correct, SSDD must "admit the part that is true and deny the rest." Rule 8(b)(4), Fed.R.Civ.P.

SSDD's answer that it need not respond to "legal conclusions" finds no support in the language of Rule 8(b), which requires a response to all allegations. *See, e.g., Clarendon America Ins. Co. v. All Brothers Painting, Inc.,* 2013 WL 5921538, at *3 (M.D.Fla. Nov. 4, 2013) (citing cases); State *Farm Mut. Auto Ins. Co. v. Riley,* 199 F.R.D. 276, 278–79 (N.D.Ill.2001). [1] In the context of this diversity case, it is important to recognize that the Complaint's allegations concerning the citizenship of SSDD's members are critical to the existence of subject matter jurisdiction. Indeed, the Court on its own motion ordered Underwriters to amend its complaint to allege, among other things, "the state of citizenship of each member of defendant SSDD, LLC, including the state of principal place of business for corporate members, and the state of citizenship of all members of any LLC or partnership members." Second Order to Show Cause at 2 (Doc. 4). To determine whether complete diversity of citizenship exists where limited liability companies such as defendant SSDD are parties to a case, the Court must examine the citizenship of each member of the limited liability company. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004). *See* Order to Show Cause at 5 (Doc. 2). [2]

**\*5** The fact that SSDD's answer to paragraph 3 concludes with a general denial does not make the otherwise improper response proper. The failure to respond to the jurisdictional allegations is improper, and the concluding denial leaves plaintiffs and the Court to guess whether SSDD is denying the entire paragraph because it disputes all the averments, or because it disagrees with some part of the paragraph. Paragraph 3 of the Answer will be stricken and leave to replead granted.

Paragraph 18 of the Complaint alleges:

> 18. On March 17, 2011 title to the building was assigned to SSDD and on January 4, 2012, SSDD filed eviction proceedings against EOM. On February 9, 2012 a "judgment for possession" was rendered in favor of SSDD and orders of eviction were entered on all three of the Property's addresses. However, the eviction was not enforced until May 15, 2012.

SSDD's Answer to Paragraph 18 states:

> 18.  SSDD has insufficient knowledge at this time to admit or deny Paragraph 18 and portions of Paragraph 18 call for legal conclusions and, therefore, SSDD denies same and demands strict proof thereof. SSDD further states that the judgment speaks for itself.

SSDD's answer to Paragraph 18 is evasive. SSDD is the owner of the building in question, for which it purchased insurance from Underwriters. SSDD should therefore have knowledge or information, or be able to obtain it with a modest expenditure of effort, sufficient to form a belief about the truth of the factual allegations in all three sentences of Paragraph 18:(1) whether title to the building was assigned to it on March 17, 2011; (2) whether SSDD filed eviction proceedings against EOM on January 4, 2012; (3) whether SSDD obtained a "judgment for possession" on February 9, 2012; (4) whether orders of eviction were entered on all three of the Property's addresses on February 9, 2012; and (5) whether the orders of eviction were enforced on May 15, 2012. In responding, SSDD must be mindful that Rule 8(b)(2) states a denial "must fairly respond to the substance of the allegation."

SSDD's objection to the alleging of "legal conclusions" is improper for the reasons discussed above. SSDD may not deny an allegation on the basis that it states a legal conclusion, and must admit or deny the allegation based on its substance. Further, SSDD's demand for "strict

NJAPP000023

proof" and its response that the judgment referred to "speaks for itself" add nothing to its Answer, and do not conform to Rule 8(b)'s requirement that a responding party admit or deny the relevant allegations. *See State Farm*, 199 F.R.D. at 278–79. Paragraph 18 of the Answer will be stricken and leave to replead granted.

Paragraph 20 of the Complaint alleges:

> 20. On May 24, 2012, SSDD reported a vandalism claim to IPSI ("the Vandalism Claim"). An Acord Property Loss Notice submitted on June 15, 2012 identified a "Date of Loss" of "5/18/12." It stated: "Unknown person vandalized building." A true and accurate copy of the June 15, 2012 Loss Notice is attached hereto as Exhibit B.

**\*6** SSDD's Answer to Paragraph 20 states:

> 20. SSDD admits that it reported a claim for theft/vandalism, but has insufficient knowledge at this time to admit or deny the remainder of Paragraph 20 and, therefore, SSDD denies same and demands strict proof hereof. SSDD further states that Exhibit B speaks for itself and to the extent that a response is required, SSDD denies the remainder of allegations in Paragraph 20.

SSDD's Answer to Paragraph 20 is evasive because it is the party that reported the theft/vandalism claim at issue, and therefore has knowledge or information, or can readily obtain knowledge or information, sufficient to form a belief about the truth of the allegations in Paragraph 20. SSDD's use of the document "speaks for itself" objection and its vague concluding denial are also improper. Paragraph 20 of the Answer will be stricken with leave to replead granted.

Paragraph 24 of the Complaint alleges:

> 24. SSDD reported the Fire to IPSI on June 18, 2012.

SSDD's Answer to Paragraph 24 states:

> 24. SSDD admits that it reported the fire claim, but has insufficient knowledge at this time to admit or deny the remainder of Paragraph 24 and, therefore, SSDD denies same and demands strict proof thereof.

SSDD's Answer to paragraph 24 is evasive. As the party that reported the fire claim, SSDD has, or can easily obtain, knowledge or information sufficient to form a belief about the truth of Underwriters' allegation that the claim was reported to IPSI on June 18, 2012. SSDD's demand for "strict proof" is improper. Paragraph 24 of the Answer will be stricken with leave to replead.

Similarly, Paragraph 28 of the Complaint alleges:

> 28. On July 24, 2012, SSDD provided notice of a claim for purported "hail damage" to the Property as a result of an April 28, 2012 hail storm.

SSDD's Answer to Paragraph 28 states:

> 28. SSDD admits that it provided notice of the claim for hail damage, but has insufficient knowledge at this time to admit the remainder of Paragraph 28 and, therefore, SSDD denies same and demands strict proof thereof.

SSDD's answer to Paragraph 28 is evasive. As the party that admits it submitted notice of the hail damage claim, SSDD has or can easily obtain knowledge or information sufficient to form a belief about the truth of the allegations concerning the date it provided that notice, and the date of the hail storm. SSDD's demand for "strict proof" is improper. Paragraph 28 of the Answer will be stricken with leave to replead.

Although the Court will not review the other paragraphs of SSDD's Answer that are targeted by Underwriters' Motion to Strike but were not supported by pertinent argument, SSDD's counsel shall, prior to filing an

NJAPP000024

Certain Underwriters at Lloyd's, London subscribing to..., Not Reported in... Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 28 of 72

2013 WL 6801832

amended answer, consider whether any other paragraphs of the Answer as pleaded fail to comply with the requirements of Rule 8(b), Fed.R.Civ.P. As to each allegation of the Complaint, SSDD must either admit, deny, or state in good faith that it lacks sufficient knowledge or information to form a belief as to the truth of the allegation. SSDD shall avoid the use of colloquialisms and surplusage such as that a "document speaks for itself" and demanding "strict proof," and shall not refuse to answer any allegations on the basis that they contain legal conclusions, as Rule 8(b) provides no basis for such responses.

C. *Motion to Strike SSDD's Affirmative Defenses*

**\*7** Underwriters also move to strike all of SSDD's affirmative defenses, which are as follows:

1. Underwriters' Complaint for Declaratory Judgment should be dismissed for failing to state a claim for which relief may be granted.

2. Underwriters' actions and/or omissions in violation of the common law duty of good faith and fair dealing constitutes [*sic* ] waiver.

3. SSDD asserts that the causes of damage are perils covered under the terms of the Policy and SSDD is entitled to full payment for its covered losses.

4. Public policy and judicial economy demonstrate that Underwriters' position is untenable.

5. Underwriters has [*sic* ] failed to comply with the Policy's appraisal provision.

6. Underwriters has [*sic* ] failed to comply with the conditions under the Policy by failing to produce its reports and estimate to SSDD.

7. Underwriters position is not supported by language in the Policy. Ambiguities in the terms of the Policy, if any, should be construed against Underwriters and in favor of coverage of the insured.

8. Underwriters has [*sic* ] failed to substantially perform and/or substantially comply with the terms of the Policy.

9. Any Policy provision in contravention of Missouri Statutes or Missouri law are [*sic* ] deemed voided and inapplicable.

10. Underwriters' claims are barred by the doctrine of unclean hands.

11. The exclusionary provisions in the Policy are vague and ambiguous and should be resolved in favor of the insured.

12. Underwriters' claims are barred by the doctrine of estoppel.

13. Underwriters' claims are barred because each count only requests a remedy from this Court, instead of stating a cause of action.

14. To the extent that there were any misrepresentations contained within the application for the Policy (which SSDD denies), none of the misrepresentations were fraudulent.

15. To the extent that there were any misrepresentations contained within the application for the Policy (which SSDD denies), none of the misrepresentations were material.

16. SSDD reserves any and all defenses and affirmative defenses that may come to light upon conducting discovery in this matter.

SSDD Answer, Affirmative Defenses and Counterclaim at 8–10 (Doc. 26).

Underwriters argue that each defense is inadequately pleaded and should be stricken for various reasons, including that they are conclusory, legally insufficient, nonsensical, redundant of SSDD's counterclaim, fail to include a factual basis, and are too general to give fair notice of the basis of the defense. Underwriters contend that striking these defenses would "prevent [them] from engaging in burdensome discovery and expending time and resources litigating irrelevant events that will not affect the case's outcome ." Mem. Supp. Mot. Strike at 10. Except as to affirmative defenses No. 1 and No. 16, however, Underwriters fail to cite any legal authority in support of their assertion that each affirmative defense is insufficient or otherwise improper.

**\*8** The Eighth Circuit has not addressed whether affirmative defenses must meet the same pleading requirements as claims. A leading federal practice treatise takes the position that a more lenient standard applies

Certain Underwriters at Lloyd's, London Subscribing to..., Not Reported in...

2013 WL 6801832

to affirmative defenses: "Rule 8 requires only that a party 'affirmatively state' any avoidance or affirmative defense." 2 James Wm. Moore, et al., *Moore's Federal Practice* § 8.08[1] (3d ed.2013) (quoting Rule 8(c), Fed.R.Civ.P.). As a result, "Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike." *Id.* This Court has adopted that approach. *See Fleishour v. Stewart Title Guar. Co.,* 640 F. Supp .2d 1088, 1090 (E.D.Mo.2009) (Under Rule 8(c), a defendant "is required to plead only affirmative defenses, not evidence or facts."); *Fluid Control Prods., Inc. v. Aeromotive, Inc.,* 2010 WL 427765, at *3 (E.D.Mo. Feb. 1, 2010).[3]

"As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only when it is insufficient on the face of the pleadings." 2 *Moore's Federal Practice* § 12.37[4]. This Court has stated that motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.' " *Champion Bank v. Regional Dev., LLC,* 2009 WL 1351122, at *4 (E.D.Mo. May 13, 2009) (quoting *FDIC v. Coble,* 720 F.Supp. 748, 750 (E.D.Mo.1989)).

Applying this standard, the Court finds that Underwriters' motion to strike SSDD's affirmative defenses should be denied, except as to affirmative defenses No. 1 (failure to state a claim), No. 5 (failure to comply with Policy's appraisal provision) and No. 16 (reservation of "any and all defenses and affirmative defenses that may come to light"). Affirmative defenses No. 1 and No. 5 are insufficient on the face of the pleading because the Court has denied SSDD's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, and held that Underwriters was not required to comply with the Policy's appraisal provision prior to filing this action. *See* Mem. and Order of May 31, 2013 at 11–13 (Doc. 22). Affirmative defense No. 16 is insufficient because this Court has held that statements in pleadings purporting to reserve any and all rights to assert additional affirmative defenses are insufficient as a matter of law. *See, e.g., Handi–Craft Co. v. Travelers Cas. and Sur. Co. of America,* 2012 WL 1432566, at *5 (E.D.Mo. Apr. 25, 2012). If SSDD discovers an additional affirmative defense, it must seek leave of Court to amend its Answer pursuant to Rule 15(a)(2), Fed.R.Civ.P.

As for the remainder of the defenses, Underwriters have failed to meet their burden to show that the defenses cannot succeed under any circumstances, because they cite no supporting authority in support of their arguments. Underwriters have not established prejudice as a result of the inclusion of these defenses, as it does not appear burdensome discovery would be required for them to inquire about the factual and legal basis of each asserted defense. *See Cynergy Ergonomics,* 2008 WL 2817106, at *2. The mere investigation of affirmative defenses through standard discovery does not constitute prejudice to Underwriters. *See Fluid Control,* 2010 WL 427765, at *3.

**\*9** For these reasons, Underwriters' motion to strike SSDD's affirmative defenses should be granted as to affirmative defenses No. 1, No. 5 and No. 16, and denied in all other respects.

### III. Motion to Dismiss

Underwriters also move to dismiss SSDD's counterclaims for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. The parties agree that Missouri substantive law applies to this case.

#### A. *Legal Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A counterclaim plaintiff need not provide specific facts in support of its allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008) (citing *Twombly,* 550 U .S. at 555 & n. 3). This obligation requires a counterclaim plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary

to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the counterclaim even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the counterclaim to determine whether its allegations show that the pleader is entitled to relief. *Twombly,* 550 U.S. at 555–56; Fed.R.Civ.P. 8(a) (2). The principle that a court must accept as true all of the allegations contained in a counterclaim is inapplicable to legal conclusions, however. *Iqbal,* 129 S.Ct. at 1949–50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a counterclaim, they must be supported by factual allegations. *Id.* at 1950. Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the" counterclaim. *Whitney v. Guys, Inc.,* 700 F.3d 1118, 1128 (8th Cir.2012) (quoted case omitted). The plausibility of the counterclaim plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.,* 592 F.3d 893, 896 n. 4 (8th Cir.2010).

### B. *Discussion*

**\*10** Underwriters move to dismiss SSDD's counterclaims for breach of contract (Count I) and statutory vexatious refusal to pay (Count II). The Court will discuss each claim separately.

### 1. *Breach of Contract—Count I*

With respect to SSDD's breach of contract claim, Underwriters state that under Missouri law, "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Academy,* 304 S.W.3d 98, 104 (Mo.2010) (en banc). Underwriters contend that Count I "does not state a coherent claim for relief, fails to allege facts supporting the claim, and reaches an implausible conclusion. SSDD has failed to allege with specificity [its] performance

under the alleged policy and whether [it] fulfilled [its] obligations." Underwriters' Mem. Supp. Mot. Dismiss at 12. The Court finds that SSDD has adequately alleged a breach of contract claim. SSDD alleges that: (1) it owns real property that was insured by Underwriters under a commercial property policy with specified effective dates; (2) the policy provided coverage against physical loss or damage up to $800,000 per occurrence; (3) SSDD had paid all premiums and the policy was in full force and effect; (4) during the effective period of the policy, the property suffered damage as a result of theft/vandalism, fire and hail; (5) SSDD timely notified Underwriters of damage to the property as a result of these occurrences and made three separate claims for damages under the policy; (6) SSDD retained a public adjuster to provide it with an estimate of the occurrences; (7) the policy provides coverage for damages caused by theft/vandalism, fire and hail; (8) Underwriters are refusing to pay SSDD for all of the damage to the property caused by the three occurrences; and (9) as a result of this refusal to pay, Underwriters have breached the terms of the policy and SSDD has suffered damages. *See* Counterclaim ¶¶ 5–22.

SSDD's breach of contract claim includes "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf,* 517 F.3d at 549 (citing *Twombly,* 550 U.S. at 555 & n. 3). It is not necessary for SSDD to provide specific facts in support of its allegations. *See Erickson,* 551 U.S. at 93. Underwriters' motion to dismiss Count I of SSDD's Counterclaim should therefore be denied.

### B. *Vexatious Refusal to Pay—Count II*

Underwriters move to dismiss SSDD's Counterclaim for statutory vexatious refusal to pay pursuant to §§ 375.420 and 375.296 of the Missouri Revised Statutes, asserting that SSDD "fails to allege relevant facts or the breach of a specific term of the insurance policy as required to state such a claim." Underwriters also state that under § 375.296, an insured must make a "due demand" for payment after which the insurer has a thirty-day period to pay under the contract, and that SSDD never demanded a specific amount from Underwriters so the thirty-day statutory period did not begin to run. In addition, Underwriters assert it is "simply wrong" for SSDD to allege they refused to pay its claims, because Underwriters issued a reservation of rights letter to SSDD that made a good faith conditional offer to resolve its claims. Underwriters also assert that SSDD does not

Certain Underwriters at Lloyd's, London subscribing to..., Not Reported in...

Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 31 of 72

2013 WL 6801832

have standing to raise a claim under § 375.296 because the statute requires the policy to have been delivered, as relevant here, to "a corporation incorporated in or authorized to do business in this state," and SSDD denied in its Answer that it was authorized and/or licensed to do business in Missouri.

**\*11** The Court notes that Underwriters' motion does not discuss the elements of a cause of action for vexatious refusal to pay, and does not cite a single case authority in support of their argument for dismissal of this count. [4]

Under Missouri law, "A claim of vexatious refusal to pay requires proof (1) of an insurance policy, (2) of the insurer's refusal to pay and (3) that the insurer's refusal was without reasonable cause or excuse." *D.R. Sherry Constr., Ltd. v. American Family Mut. Ins. Co.,* 316 S.W.3d 899, 907 (Mo.2010) (en banc) (cited case omitted). Missouri has two different statutes that permit an insured to seek additional damages from an insurer based on a vexatious refusal by the insurer to pay proceeds due to the insured. *See Overcast v. Billings Mut. Ins. Co.,* 11 S.W.3d 62, 66 n. 3 (Mo.2000) (en banc). One of the statutes, § 375.420, provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

§ 375.420, Mo.Rev.Stat.

The second vexatious refusal statute, § 375.296, provides:

> In any action, suit or other proceeding instituted against any insurance company, association or other insurer upon any contract of insurance issued or delivered in this state to a resident of this state, or to a corporation incorporated in or authorized to do business in this state, if the insurer has failed or refused for a period of thirty days after due demand therefor prior to the institution of the action, suit or proceeding, to make payment under and in accordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420. Failure of an insurer to appear and defend any action, suit or other proceeding shall be deemed prima facie evidence that its failure to make payment was vexatious without reasonable cause.

§ 375.296, Mo.Rev.Stat.

Underwriters' assertion that SSDD has failed to allege relevant facts relating to breach of a specific term of the insurance contract is without merit. SSDD has pleaded the elements of a cause of action for vexatious refusal to pay under Missouri law. *See D.R. Sherry Construction,* 316 S.W.3d at 907. Further, the Court previously found that SSDD adequately alleged a breach of contract claim. Underwriters' assertion that SSDD has never demanded payment of a specific amount does not challenge SSDD's pleading of an element of the cause of action for vexatious refusal to pay. In addition, this assertion ignores SSDD's allegation in the Counterclaim that it made a demand for payment. As such, Underwriters' argument raises a fact

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 32 of 72

Certain Underwriters at Lloyd's, London Subscribing to..., Not Reported in...

2013 WL 6801832

issue, as opposed to a pleading issue that can properly be addressed on a motion to dismiss.

 *12  Underwriters' assertion, raised for the first time in their Reply, that SSDD should have pleaded the "critical fact" of the date of its purported demand for payment, seeks to impose a detailed fact pleading requirement on SSDD that does not exist. Underwriters' argument that they cannot have vexatiously refused to pay SSDD because they made it a conditional settlement offer is not supported by citation to any legal authority, and as such raises a fact issue that cannot be resolved on a motion to dismiss. [5]

Underwriters also assert that SSDD lacks standing to assert a claim under § 375.296 because it is not a corporation licensed or authorized to do business in Missouri. SSDD responds that it alleges in the Counterclaim it is a "registered Missouri foreign limited liability company operating and doing business in St. Louis City, State of Missouri." Counterclaim ¶ 1. Assuming for purposes of argument that SSDD is required to allege in its Counterclaim that it is authorized to do business in Missouri in order to avoid dismissal, it has done so.

In response to Underwriter's argument that SSDD's jurisdictional allegations in its Counterclaim are inconsistent with its answer to the Complaint's jurisdictional allegations, SSDD argues that it can plead in the alternative and inconsistently under Rule 8(d)(3), so the fact that its Answer denied Underwriters' assertions concerning its citizenship information as legal conclusions is not improper. While SSDD's assertion concerning inconsistent pleading is true as a general proposition, see Rule 8(d)(3), 5 Wright & Miller, *Federal Practice & Procedure* § 1283, SSDD must respond to jurisdictional allegations and has been ordered to replead its answer in this respect, so this point is moot. [6]

Finally, Underwriters assert for the first time in their Reply memorandum that SSDD "is not a corporation; it is an LLC with one member who resides in Connecticut," Reply at 6, and therefore lacks standing to sue under § 375.296 because it is neither a "resident" of Missouri nor a "corporation." The Court will not consider this argument because SSDD has not had an opportunity to respond to it. Further, even if the argument were addressed in the future and determined to have merit, SSDD would

still be able to assert a claim under the other Missouri vexatious refusal statute, § 375.420. For these reasons, Underwriters' motion to dismiss SSDD's Counterclaim for statutory vexatious refusal to pay should be denied.

**IV. Conclusion**
For the foregoing reasons, the Court finds that Underwriters' motion to strike defendant SSDD's Answer should be granted in part and denied in part as discussed above, and SSDD will be granted leave to replead its answer in accordance with Rule 8(b), Fed.R.Civ.P.; Underwriters' motion to strike SSDD's affirmative defenses should be granted in part and denied in part as discussed above; and Underwriters' motion to dismiss SSDD's Counterclaims for failure to state a claim upon which relief may be granted should be denied.

 *13  Accordingly,

**IT IS HEREBY ORDERED** that Underwriters' Motion to Strike Certain Allegations of SSDD's Answer is **GRANTED in part** and **DENIED in part;** the motion is **GRANTED** as to paragraphs 3, 18, 20, 24 and 28 of SSDD's Answer and those paragraphs are hereby **stricken,** and the motion is **DENIED** in all other respects. [Doc. 31]

**IT IS FURTHER ORDERED** that defendant SSDD shall replead paragraphs 3, 18, 20, 24 and 28 of its Answer, and any other paragraphs of its Answer as currently pleaded that fail to comply with the requirements of Rule 8(b), Fed.R.Civ.P. As to each allegation of the Amended Complaint, SSDD must either admit, deny, or state in good faith that it lacks sufficient information and knowledge to form a belief as to the truth of the allegation. SSDD shall avoid the use of colloquialisms and surplusage such as that a document "speaks for itself" and demanding "strict proof," and SSDD shall not refuse to answer any allegations on the basis that they contain legal conclusions, as Rule 8(b) provides no basis for such responses.

**IT IS FURTHER ORDERED** that defendant SSDD's Amended Answer shall be filed within fourteen (14) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Underwriters' Motion to Strike SSDD's Affirmative Defenses is **GRANTED in part** and **DENIED in part;** the motion is **GRANTED** as to

Certain Underwriters at Lloyd's, London Subscribing to..., Not Reported in...
Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 33 of 72
2013 WL 6801832

Affirmative Defenses Nos. 1, 5 and 16, and **DENIED** in all other respects. [Doc. 31]

**IT IS FURTHER ORDERED** that Underwriters' Motion to Dismiss SSDD's Counterclaims is **DENIED.** [Doc. 31]

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 6801832

Footnotes

1   Even under the Supreme Court's recent pronouncements concerning pleading standards, legal conclusions remain an integral part of a complaint: "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Most notably, a plaintiff's allegation of subject matter jurisdiction is certainly a legal conclusion, but it must be answered.

2   The Court notes that SSDD's Counterclaim fails to adequately allege its own citizenship for purposes of diversity jurisdiction, as SSDD merely alleges the state of its incorporation, which is not relevant to its citizenship. *See GMAC,* 357 F.3d at 829. The jurisdictional allegations of SSDD's Counterclaim concerning Underwriters' citizenship are also deficient. *See generally* Order to Show Cause at 5 (Doc. 2).

3   The Court recognizes that some other judges in this district have held that the pleading standards articulated in *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), apply to affirmative defenses.

4   In their Reply memorandum, Underwriters add a new argument in support of their motion to dismiss: that under a recent decision cited by SSDD in its opposition memorandum, *Irish v. Allied Property & Casualty Insurance Co.,* 2013 WL 3773982, at *2 (W.D.Mo. July 18, 2013), the vexatious refusal statute § 375.296, Mo.Rev.Stat., applies only to insurance companies not authorized to transact business in Missouri. Underwriters state that many Lloyd's insurance syndicates, including Syndicate 4444 which Underwriters allege in the Complaint subscribed to 100% of the risk under Certificate No. IPSI 12559, have been "white listed" by the Missouri Department of Insurance and licensed as eligible surplus lines insurers in Missouri. Thus, Underwriters argue that § 375.296 cannot apply to it. In support, Underwriters attach to their Reply a photocopy of a portion of the Missouri Department of Insurance website's "White List" of eligible surplus lines insurers.

    The Court will not address this argument for two reasons. First, it is a new argument improperly raised in a reply, and therefore SSDD has not had an opportunity to respond to it. Second, Underwriters seek to introduce matters outside the pleadings in support of this argument. Whenever matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. *See* Rule 12(d), Fed.R.Civ.P.; *McAuley v. Federal Ins. Co.,* 500 F.3d 784, 787 (8th Cir.2007). Parties are entitled to notice when such a conversion is occurring and must be provided the opportunity to present all material pertinent to the motion. *See* Rule 12(d); *Country Club Estates, L.L.C. v. Town of Loma Linda,* 213 F.3d 1001, 1005 (8th Cir.2000). The Court declines to treat Underwriters' motion to dismiss as a motion for summary judgment, and will exclude from consideration all matters outside the pleadings.

5   Underwriters assert in their Reply memorandum that SSDD's Counterclaim consists of "nothing but baseless factual conclusions with occasional references to legal conclusions." Reply at 7. A "factual conclusion" is a legal concept with which the Court is unfamiliar. It is unclear how a "factual conclusion" differs from an allegation of fact, and Underwriters offer no explanation or authority to support their contention that it is improper for a party to plead a "factual conclusion."

6   The Complaint alleges complete diversity of citizenship among the parties, and that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Assuming without deciding that SSDD's counterclaims are compulsory, the Court would have supplemental jurisdiction over the counterclaims. *See* Rule 13(a) (defining compulsory counterclaim); *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7,* 747 F.2d 1195, 1197 (8th Cir.1984) ("[A] separate statement alleging jurisdiction is not necessary to support a compulsory counterclaim[.]"). As previously noted *supra* at n. 2, however, SSDD's Counterclaim does not contain adequate factual allegations concerning the parties' citizenship to independently invoke the Court's diversity jurisdiction.

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 34 of 72

Clarendon America Insurance Co. v. All Brothers Painting, Inc., Not Reported in F.Supp.2d...

2013 WL 5921538

2013 WL 5921538
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

CLARENDON AMERICA
INSURANCE COMPANY, Plaintiff,
v.
ALL BROTHERS PAINTING, INC., Lion Gables
Realty Limited Partnership f/k/a Gables Realty
Limited Partnership, Rick Patterson, Inc. d/
b/a Statewide Construction, Inc., Defendants.

No. 6:13–cv–934–Orl–22DAB.
|
Nov. 4, 2013.

**Attorneys and Law Firms**

James H. Wyman, Joseph R. Miele, Julie Schwartz–
Karron, Hinshaw & Culbertson, LLP, Ft. Lauderdale,
FL, for Plaintiff.

Jeremy T. Springhart, Broad and Cassel, Orlando, FL, for
Defendants.

*ORDER*

THOMAS B. SMITH, United States Magistrate Judge.

**\*1** This case comes before the Court without oral
argument on Plaintiff's Motion to Strike Portions of
Answer, and Affirmative Defenses of Lion Gables Realty
Limited Partnership (Doc. 35). In support of the motion,
Plaintiff has filed its request that the Court take judicial
notice of its status as a surplus lines insurer (Doc. 40).

I. Background
Plaintiff issued a policy of insurance to Defendant All
Brothers Painting, Inc. (Doc. 1, ¶ 18). Defendant Lion
Gables Realty Limited Partnership is suing All Brothers
in state court, alleging defective work which resulted in
damage to property. (*Id.,* ¶ 12). Plaintiff filed this lawsuit
for a declaratory judgment that the insurance policy does
not impose a duty on Plaintiff to defend or indemnify
All Brothers in the Lion Gables case. (Doc. 1). Plaintiff
asserts that the Court has diversity jurisdiction over this

controversy. (Doc. 8, ¶ 6). The pending motion asks the
Court to strike Lion Gables' answers to 21 paragraphs of
Plaintiff's amended complaint and all 10 of Lion Gables'
affirmative defenses. (Doc. 35).

II. Motions to Strike
A court has the authority to "strike from a pleading
an insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter." FED.R.CIV.P.
12(f). Parties employ motions to strike "to clean up the
pleadings, streamline litigation, and avoid unnecessary
forays into immaterial matters." *McInerney v. Moyer
Lumber & Hardware, Inc.,* 244 F.Supp.2d 393, 402
(E.D.Pa.2002).

A motion to strike is a drastic remedy generally disfavored
by the courts, and will ordinarily be denied unless the
material sought to be stricken is insufficient as a matter
of law. *Guarantee Ins. Co., v. Brand Mgmt. Service, Inc.,*
No. 12–61670–CIV, 2013 WL 4496510, at \* 2 (S.D.Fla.
Aug.22, 2013); *Guididas v. Community National Bank
Corp.,* No. 8:11–cv–2545–T–30TBM, 2013 WL 230243,
at \* 1 (M.D.Fla. Jan.22, 2013); *Gesell v. K–Mart Corp.,*
No. 2:11–cv–130–FtM–36SPC, 2011 WL 3628878 \* 1
(M.D.Fla. Aug.3, 2011); *Williams v. Asplundh Tree Expert
Co.,* No. 3:05–cv–479–J–20MCR, 2006 WL 2474042, at
\* 2 (M.D.Fla. Aug.25, 2006). In *Reyher v. Trans World
Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D.Fla.1995), the
court explained that it would "not exercise its discretion
under the rule to strike a pleading unless the matter
sought to be omitted has no possible relationship to
the controversy, may confuse the issues, or otherwise
prejudice a party." Because this is a difficult standard
to satisfy, "[m]otions to strike are generally disfavored
by the Court and are often considered time wasters."
*Somerset Pharm., Inc., v. Kimball,* 168 F.R.D. 69, 71
(M.D.Fla.1996). When it evaluates a motion to strike, the
court "must treat all well pleaded facts as admitted and
cannot consider matters beyond the pleadings." *Florida
Software Systems v. Columbia/HCA Healthcare Corp.,*
No. 97–2866–cv–T–17B, 1999 WL 781812 \*1 (M.D.Fla.
Sept.16, 1999).

III. The Answer
**\*2** In its answer to a complaint, a party must "admit
or deny the allegations asserted against it by an opposing
party" and "state in short and plain terms its defenses
to each claim asserted against it." FED.R.CIV.P. 8(b)(1).

**Clarendon America Ins. Co. v. Lion Brothers Painting, Inc.,** Not Reported in F.Supp.2d... (2013)
2013 WL 5921538

"A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." FED.R.CIV.P. 8(b)(3). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." FED.R.CIV.P. 8(b)(5).

The answers to Plaintiff's amended complaint which it is moving to strike each contain one of the following averments (or something substantially similar):

Paragraph 10 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Furthermore, the allegations contained in Paragraph 10 are vague and ambiguous. In an abundance of caution, denied.

Paragraph 11 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Admitted that Waterstreet at Celebration Condominium Association, Inc. filed suit against Lion Gables, Case No. 09–CA–1486, Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. In all other respects, Lion Gables is unable to frame a response, in an abundance of caution, denied.

Paragraph 14 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Admitted that Lion Gables and Waterstreet at Celebration Condominium Association, Inc. executed a settlement agreement in exchange for payment by Lion Gables. In all other respects, denied.

Admitted to the extent that the terms and conditions contained in Exhibit [x] speak for themselves. Lion Gables denies any allegation or quotation that is inconsistent with the express language set forth in Exhibit [x]. In all other respects, the allegations contained in Paragraph [y] are vague and ambiguous, and Lion Gables is unable to frame a response. However, in an abundance of caution, denied. (Doc. 17, ¶¶ 9, 15).

Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which a response if required by Lion Gables. Paragraph [x] merely quotes selected portions of the policy issued by [Plaintiff]. Lion Gables further states that the terms and conditions of Exhibit 4 speak for themselves. In

all other respects, Lion Gables denies and allegation or quotation inconsistent with the express language set forth in Exhibit 4. (Doc. 17, ¶¶ 22, 44).

Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which a response is required by Lion Gables. Paragraph [x] merely quotes or attempts to interpret selected portions of the policy issued by [Plaintiff]. Lion Gables further states that the terms and conditions of Exhibit 4 speak for themselves. In all other respects, denied. (Doc. 17, ¶¶ 24, 26, 28, 29, 32–37).

**\*3** Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which Lion Gables may either admit or deny. However, in an abundance of caution, denied. (Doc. 17, ¶¶ 25, 27, 50, 55).

Paragraph [x] of the Amended Complaint is a statement of law, and thus, no response is required by Lion Gables. (Doc. 17, ¶¶ 30, 38, 47, 52 and 57).

Plaintiff argues that these answers should be stricken because it is impossible to tell whether Lion Gables is denying all of the averments in the paragraphs or if it is reading each paragraph as a whole and making a denial because some, but not all, of the allegations in the paragraph are denied. (Doc. 35, p. 2). Plaintiff also takes issue with Lion Gables' assertion that exhibits "speak for themselves." (*Id.,* p. 2, 10–12).

Lion Gables maintains that it has provided a response to every averment and that if Plaintiff wants greater specificity, it should replead its complaint to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). (Doc. 37, p. 4–5). Lion Gables also argues that answers which include a general denial are proper and should not be stricken. (*Id.,* p. 4).

Rule 8(b) permits a defendant to answer the averments of a complaint in one of three ways. The party can admit the allegation; deny the allegation; or explain that it is without sufficient knowledge to admit or deny the allegation. Rule 8 does not permit a defendant to answer that an exhibit "speaks for itself," or that plaintiff has alleged a "legal conclusion." [1] *State Farm Mutual Automobile Ins. Co. v. Riley,* 199 F.R.D. 276, 278–79 (N.D.Ill.2001); *Rudzinski v. Metropolitan Life Ins. Co.,* No. 05 C 0474,

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 36 of 72

Clarendon America Ins. Co. v. All Brothers Painting, Inc., Not Reported in F.Supp.2d...

2013 WL 5921538

2007 WL 2973830, at *4 (N.D.Ill. Oct.4, 2007); *Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.,* Nos. 07–CV–1047, 08–CV–0245, 2008 WL 5377712 * 1–2 (E.D.Wis. Dec.22, 2008); *Gomez v. United States,* No. 09–22148–Civ., 2010 WL 3834211, at * 1 (S.D.Fla. Sept.28, 2010); *Do It Best Corp. v. Heinen Hardware, LLC,* No. 1:13–cv–69, 2013 WL 3421924, at * 5 (N.D.Ind., July 8, 2013). Lion Gables' other answers that do not comply with Rule 8(b) are equally improper. *Riley,* 199 F.R.D. at 279.

The fact that Lion Gables' answers conclude with a general denial does not make its otherwise improper responses proper. The surplusage is improper and, with the possible exception of paragraphs 11 and 14, the manner in which the concluding denial is made leaves the reader to guess whether Lion Gables is denying the entire paragraph because it disputes all the averments, or because it disagrees with some part of the paragraph. Lion Gables' objectionable answers have prejudiced Plaintiff because proper answers would give Plaintiff notice of Lion Gables' position on the facts alleged in the amended complaint and potentially allow the parties to narrow the issues and the scope of discovery.

**\*4** For these reasons, the Court GRANTS Plaintiff's motion and STRIKES Lion Gables' answers to paragraphs 9, 10, 15, 22, 24–30, 32–38, 44, 47, 50, 52, 55 and 57. The Court also STRIKES the first sentence in Lion Gables' answers to paragraphs 11 and 14. Some courts hold that upon striking a defendant's answer, the corresponding averments are deemed admitted, while other courts find that it is appropriate to grant leave to file an amended answer. *Gomez,* 2010 WL 3834211, at 1; *Thompson,* 2008 WL 5377712, at *4. Plaintiff does not ask the Court to deem the allegations in the relevant paragraphs admitted, but only to require Lion Gables to properly answer them. Now, Lion Gables has 14 days from the rendition of this Order within to amend its answers to paragraphs 9, 10, 15, 22, 24–30, 32–38, 44, 47, 50, 52, 55 and 57 of Plaintiff's amended complaint.

### IV. Request for Judicial Notice

Federal Rule of Evidence 201 provides that the court can take judicial notice of adjudicative facts at any stage of the case. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b). The court shall take judicial notice of adjudicative facts if asked by a party and if the court is provided with the necessary information. FED.R.EVID. 201(d). The opponent is entitled to be heard concerning the propriety of the Court taking judicial notice. This may occur before or after the court takes judicial notice of a fact. FED.R.EVID. 201(e).

Plaintiff has filed a copy of a page from the Florida Department of Financial Services website which shows that it was first licensed in Florida on February 13, 1998. (Doc. 40–1). Next to "Company Type," the page describes Plaintiff as "SURPLUS LINES." (*Id.*). Plaintiff has also filed a copy of the Florida Surplus Lines Service Office 2002 Annual Report, which can be found on the Florida Department of Financial Services' website. (Doc. 40–2). The report identifies Plaintiff as the top 25th surplus lines insurer in 2002. (*Id.*). Based upon these documents, Plaintiff asks the Court to take judicial notice that it was an authorized surplus lines insurer from February 13, 1998 through, including, and after March 8, 2002. The Court takes judicial notice, based upon this uncontradicted information, that Plaintiff was a surplus lines insurer in the state of Florida during calendar year 2002 and as of October 21, 2013. The information supplied by Plaintiff is insufficient for the Court to take judicial notice of its status at any other point in time.

### V. The Affirmative Defenses

Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new allegations showing excuse, justification or some other negating matter. *Bluewater Trading LLC v. Willmar USA, Inc.,* No. 07–61284–CIV, 2008 WL 4179861, at * 1 (S.D.Fla. Sept.9, 2008). A party who alleges an affirmative defense must comply with the general pleading requirements in Rule 8(b)(1)(A). *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D.Fla.2005).

**\*5** In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court enunciated a new, heightened pleading standard, abrogating the notice pleading standard stated in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Eleventh Circuit has yet to decide whether this heightened standard applies to affirmative defenses

and courts within this District are divided on the question. *Compare Fine's Gallery, LLC v. From Europe To You, Inc.,* No. 2:11–cv220–FtM–29SPC, 2011 WL 5583334 (M.D.Fla. Nov.16, 2011) (holding that the heightened standard does apply), *with Adams v. JP Morgan Chase Bank, N.A.,* No. 3:11–cv–337–J–37–MCR, 2011 WL 2938467 (M.D.Fla. July 21, 2011), *Ioselev v. Schilling,* No. 3:10–cv–1091–J–34MCR, 2011 WL 5855342 (M.D.Fla. Nov.22, 2011), and *Great Am. Assurance Co. v. Sanchuck, LLC,* No. 8:10–cv–2568–T–33AEP, 2012 WL 1656751 (M.D.Fla. May 10, 2012) (holding that the heightened standard does not apply). *See also Graphic Packaging International, Inc. v. C.W. Zumbiel Co.,* No. 3:10–cv–891–J–37JBT, 2011 WL 4862498 (M.D.Fla. Sept.12, 2011) (ruling without deciding the question); *Smith v. City of New Smyrna Beach,* No. 6:11–cv–1110–Orl–31 KRS, 2011 WL 6099547 (M.D.Fla. Dec.7, 2011) (same).

Affirmative defenses that are insufficient as a matter of law can be stricken if they fail to meet even *Conley* 's lenient notice pleading requirement. *United Fixtures Co., Inc. v. Base Mfg.,* 6:08–cv–506–Orl–28GJK, 2008 WL 4550212, at * 4 (M.D.Fla. Oct.8, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D.Fla.2002)). To comply with Rule 8, a party must provide "fair notice" of the defense and "the grounds upon which it rests." *Drzik v. Haskell Co.,* 3:11–cv379–J–32MCR, 2011 WL 2981565, at * 1 (M.D.Fla. July 22, 2011). If a defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot successfully assert the defense under any set of facts which it could prove, the defense will be deemed insufficient and may be stricken. *Florida Software Systems v. Columbia/HCA Healthcare Corp.,* No. 97–2866–cv–T–17B, 1999 WL 781812, at *1 (M.D.Fla. Sept.16, 1999); *Microsoft Corp.,* 211 F.R.D. at 683.

Lion Gables' First Affirmative Defense avers:

> As its first affirmative defense, Lion Gables alleges that [Plaintiff] failed to comply with Section 627.410, Florida Statutes, relative to Policy No. HML0001119, effective from March 8, 2002 through March 8, 2003, and attached to the Amended Complaint as Exhibit 4 (the "Policy"), because the Policy and/or its endorsements were not approved by the Office of Insurance

Regulation of the Financial Services Commission.

Section 626.913(4) Florida Statutes provides that: "Except as may be specifically stated to apply to surplus lines insurers, the provisions of Chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913–626.937, the Surplus Lines Law." There is no provision in § 627.410 which makes the statute applicable to surplus lines insurers. The Court has not found that Plaintiff was a surplus lines insurer during the entire period alleged in Lion Gables' first affirmative defense. Accordingly, Plaintiff's motion to strike Lion Gables' first affirmative defense is DENIED.

**\*6** Lion Gables' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Affirmative Defenses aver:

> As its second affirmative defense, Lion Gables alleges that multiple occurrence coverage has been triggered sub judice, in accordance with *Mid–Continent v. Basdeo,* 2010 U.S. Dis. LEXIS 106069 (S.D.Fla. Sept. 8, 2010).

> As its third affirmative defense, Lion Gables alleges that the Policy provides coverage for Contractual Liability, namely, liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, and the Policy must be construed liberally in favor of coverage by Clarendon.

> As its fourth affirmative defense, Lion Gables alleges that, to the extent that the definition of "property damage" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by Clarendon in accordance with *Westmoreland v. Lumbermens Mut. Cas.Co.,* 704 So.2d 176, 179 (Fla. 4th DCA 1997), *Hudson v. Prudential Prop. & Cas. Inc. Co.,* 450 So.2d 565,568 (Fla. 2d DCA 1984) and *State Farm Fire & Cas. Co. v. CTC Dev. Corp.,* 720 So.2d 1072, 1076 (Fla.1998).

> As its fifth affirmative defense, Lion Gables alleges that, to the extent that the definition of "insured contract" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by [Plaintiff] in accordance with *Westmoreland v. Lumbermens Mut. Cas.Co.,* 704 So.2d 176, 179 (Fla. 4th DCA 1997), *Hudson v. Prudential Prop. & Cas. Inc. Co.,* 450 So.2d 565, 568 (Fla. 2d DCA 1984) and *State Farm*

Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 38 of 72

Clarendon America Ins. Co. v. All Brothers Painting, Inc., Not Reported in F.Supp.2d...

2013 WL 5921538

*Fire & Cas. Co. v. CTC Dev. Corp.,* 720 So.2d 1072, 1076 (Fla.1998).

As its sixth affirmative defense, Lion Gables alleges that, to the extent that the definition of "occurrence" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by [Plaintiff] in accordance with *Westmoreland v. Lumbermens Mut. Cas.Co.,* 704 So.2d 176, 179 (Fla. 4th DCA 1997), *Hudson v. Prudential Prop. & Cas. Inc. Co.,* 450 So.2d 565, 568 (Fla. 2d DCA 1984) and *State Farm Fire & Cas. Co. v. CTC Dev. Corp.,* 720 So.2d 1072, 1076 (Fla.1998).

As its seventh affirmative defense, Lion Gables alleges that, to the extent that the definition of "manifest" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by Clarendon in accordance with *Westmoreland v. Lumbermens Mut. Cas.Co.,* 704 So.2d 176, 179 (Fla. 4th DCA 1997), *Hudson v. Prudential Prop. & Cas. Inc. Co.,* 450 So.2d 565, 568 (Fla. 2d DCA 1984) and *State Farm Fire & Cas. Co. v. CTC Dev. Corp.,* 720 So.2d 1072, 1076 (Fla.1998).

As its eighth affirmative defense, Lion Gables alleges that, to the extent that Plaintiff seeks to apply the definition of "manifest" as requiring this Honorable Court to interpret the coverages afforded by the Policy under Florida's manifestation theory, Lion Gables contends "manifest" should not be interpreted as the date when the damage was discovered or should be discovered, but instead, should be interpreted as the date when the damage was actually occurring, whether discovered or not, whether seen or unseen, in accordance with *Axis Surplus Ins. Co. v. Contravest Const. Co.,* 921 F.Supp.2d 1338, 1346 (M.D.Fla.2012).

**\*7** As its ninth affirmative defense, Lion Gables alleges that [Plaintiff] has an affirmative duty to defend and indemnify Defendant, ALL BROTHERS PAINTING, INC., against legal action, as the allegations of the Complaint filed by Lion Gables implicate the coverages afforded by the Policy.

Plaintiff asserts that these are not true affirmative defenses. Instead, it says they argue how the insurance policy should be construed; they are Lion Gables' interpretation of Florida law; they are simply denials of Plaintiff's claim that there is no insurance coverage;

and they are bare legal conclusions. (Doc. 35, p. 7–9). Plaintiff is correct that Lion Gables' affirmative defenses two through nine are not true affirmative defenses. They are more accurately described as statements of law or similar statements of Lion Gables' position that there is insurance coverage for its state court claims against All Brothers. [2] Nevertheless, all of these "affirmative defenses" relate squarely to this controversy, they give Plaintiff fair notice of Lion Gables' position, they do not confuse the issues in the case, and Plaintiff has not been prejudiced by the defenses. Therefore, while these defenses "are merely statements of law or legal conclusions as argued by Plaintiff, they still 'serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues [Lion Gables] intended to assert against Plaintiff's claims.' " *Dunning v. Thuyen,* 8:11–cv2340–T–33TGW, 2012 WL 882549, at \* 2 (M.D.Fla. Mar.15, 2012) (quoting *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 6:08–cv–346–Orl–19DAB, 2008 WL 3200691, at \* 1 (M.D.Fla. Aug.6, 2008). Accordingly, the Court does not believe it is necessary at this time to strike Lion Gables' "affirmative defenses" two through nine and Plaintiff's motion directed to these defenses is DENIED.

Lion Gables' Tenth Affirmative Defense avers:

> As its tenth affirmative defense, Lion Gables alleges that Clarendon has not suffered prejudice, and as such, should not be relieved of its contractual obligation to defend pursuant to the terms and conditions of the Policy.

Where a policy of insurance requires the insured to give notice as a condition precedent to maintaining a claim, the violation of that provision will not defeat coverage unless the insurer suffers substantial prejudice. *Mid–Continent Cas. Co. v. Basdeo,* 742 F.Supp.2d 1293, 1337 (S.D.Fla.2010). Paragraph 46 of the amended complaint alleges that All Brothers failed to give Plaintiff timely notice of the Lion Gables' claim and consequently, there is no coverage. Lion Gables' Tenth Affirmative Defense denies this averment. While this "defense" is technically not a true affirmative defense, it goes to directly to the issue of whether there is coverage for Lion Gable's claim against All Brothers. And, like defenses two through nine, it gives fair notice of Lion Gables' position, does not confuse the issues, and does not prejudice Plaintiff.

Clarendon America Ins. Co. v. All Brothers Painting, Inc., Not Reported in F.Supp.2d...

2013 WL 5921538

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 39 of 72

Therefore, Plaintiff's motion to strike Lion Gables' Tenth Affirmative Defense is DENIED.

**\*8** ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 5921538

Footnotes

1    As the court in *State Farm Mutual Automobile Ins. Co. v. Riley,* 199 F.R.D. 276, 278 (N.D.Ill.2001) observed, "could anything be more of a legal conclusion than a plaintiff's allegation of subject matter jurisdiction, which of course, must be answered?"

2    Under Florida law, the interpretation of an insurance policy, including the determination and resolution of ambiguity, is a question of law for the court. *Storfer v. Guarantee Trust Life Ins. Co.,* 666 F.3d 1277, 1279 (11th Cir.2012); *American Empire Surplus Lines Ins. Co. v. Chabad House of N. Dade, Inc.,* 771 F.Supp.2d 1336, 1340 (S.D.Fla.2011). While the Court determines the extent of coverage under an insurance policy, the trier of fact decides whether the insured's loss falls within the terms of the policy. *Drisdom v. Guarantee Trust Life Ins. Co.,* 371 So.2d 690 (Fla.App.3d Dist.1979). *See also Adelberg v. Berkshire Life Ins. Co.,* 97 F.3d 470, 472 (11th Cir.1996) ("Once the court has defined the relevant policy terms, any questions involving the insured's ability to fulfill those terms is a question of fact for the jury.")

    In Florida, an insurance company must provide a defense if the complaint against its insured avers facts that bring the claimed injury within the policy's coverage. *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.,* 657 F.3d 1135, 1141 (11th Cir.2011). "The merits of the underlying suit have no bearing on the whether the duty is owed. Furthermore, any doubt about the duty to defend must be resolved in favor of the insured. Coverage is determined from examining the most recent amended pleading, not the original pleading." *Id.* at 1143 (internal quotations and citations omitted).

**End of Document**        © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 3421924
Only the Westlaw citation is currently available.
United States District Court,
N.D. Indiana,
Fort Wayne Division.

DO IT BEST CORP., Plaintiff,
v.
HEINEN HARDWARE, LLC d/b/a Heinen
Do It Best Hardware, Joseph M. Heinen,
and Rachelle S. Heinen, Defendants.

Cause No. 1:13–CV–69.
|
July 8, 2013.

**Attorneys and Law Firms**

Michael H. Michmerhuizen, Patrick G. Murphy, Michael
P. O'Hara, Barrett & McNagny LLP, Fort Wayne, IN, for
Plaintiff.

P. Adam Davis, Davis & Sarbinoff LLP, Indianapolis, IN,
for Defendants.

*OPINION AND ORDER*

ROGER B. COSBEY, United States Magistrate Judge.

**I. INTRODUCTION**

**\*1** This matter is before the Court on Plaintiff's Motion
to Strike Defendants' Affirmative Defenses and to Order
Defendants to Respond to Allegations in Plaintiff's
Complaint. (Docket # 19.) Defendants opposed the
motion (Docket # 21), and Plaintiff replied (Docket # 22).
As such, the motion is ripe for ruling. For the following
reasons, the motion will be GRANTED.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2013, Plaintiff Do it Best Corp. sued the
Defendants, Heinen Hardware, LLC, Joseph M. Heinen,
and Rachelle S. Heinen, alleging that they defaulted
on their agreement with Do it Best. (*See* Docket #
1.) After their first Answer was stricken for violating
Local Rule 10–1 (Docket # 14), Defendants filed their

Amended Answer on April 23, 2013, asserting fifteen
affirmative defenses. (Docket # 15.) Defendants also
answered several of the Complaint's allegations with
essentially the following response: "Defendants deny
the material allegations contained in the corresponding
paragraph of Plaintiff's Complaint; the same calls for a
legal conclusion and documents or other items therein
speak for themselves." (Am. Answer ¶¶ 3–7, 9–11, 13–14,
16–18 (paragraph 4 differs slightly, but is substantively the
same).)

On May 15, 2013, Plaintiff filed the instant motion, asking
the Court to strike Defendants' affirmative defenses
and order them to properly respond to the Complaint's
allegations. (Docket # 19.) Specifically, Plaintiff argues
that affirmative defenses 1 through 14 are insufficiently
pled under Federal Rule of Civil Procedure 8 because
they are merely bare conclusory allegations and that
the fifteenth affirmative defense, which reserves all
other available defenses under federal and Indiana law
discovered during the litigation (Am. Answer 7), is
an improper affirmative defense. (*See* Pl.'s Mot. to
Strike Defs.' Affirmative Defenses and to Order Defs. to
Respond to Allegations in Pl.'s Compl. ("Pl.'s Mot. to
Strike") 2–4.) Plaintiff further contends that Defendants'
repeated response in their Answer that the allegations
"call for a legal conclusion" and the documents "speak
for themselves" are insufficient responses that should be
stricken. [1] (Pl.'s Mot. to Strike 4–7.)

In response, Defendants maintain that a motion to strike
an affirmative defense should only be granted if the
defense is patently defective and unable to succeed under
any set of circumstances, a standard Plaintiff has failed
to meet. (Defs.' Resp. 2–3 (citing *Scott v. Durham,* 772
F.Supp.2d 978, 980 (N.D.Ind.2011).) And, as to the latter
part of Plaintiff's motion, Defendants argue that they
did not state merely that the allegation calls for a legal
conclusion or the document speaks for itself, but rather
asserted an actual denial and informed Plaintiff as to
whether the denial was based on the facts or otherwise.
(Defs.' Resp. 3–4.)

Plaintiff counters that *Scott,* 772 F.Supp.2d, which
Defendants rely on, did not establish a novel standard of
review for striking affirmative defenses and that a failure
to comply with Rule 8, which Plaintiff alleges has occurred
here, renders an affirmative defense patently defective.
(Pl.'s Reply to Defs.' Resp. in Opp'n to Pl.'s Mot. to

NJAPP000037

Strike and to Order Defs. to Respond to Allegations in Pl.'s Compl. ("Pl.'s Reply") 1–2.) Furthermore, Plaintiff further disagrees with Defendants' characterization of the challenged responses, contending that they are based on objections that are improper; that is, the allegations call for a legal conclusion or the documents speak for themselves. (Pl.'s Reply 3.)

### III. STANDARD

**\*2** Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC,* No. 06–C–611–C, 2007 WL 5312633, at \*1 (W.D.Wis. Mar.12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 727 (7th Cir.2006); *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989)). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant,* No. 3:10–cv–129, 2011 WL 221662, at \*1 (S.D.Ill. Jan.21, 2011). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992).

### IV. DISCUSSION

In its motion, Plaintiff seeks to strike all of Defendants' affirmative defenses and several of Defendants' responses to Plaintiff's allegations—which, besides some slight variations, are essentially identical—from their Amended Answer. Each of these will be addressed in turn.

#### A. The Affirmative Defenses Will Be Stricken

Defendants assert the following fifteen affirmative defenses in their Amended Answer: breach of contract; failure of consideration; accord and satisfaction; failure to perform; waiver, estoppel, and acquiescence; fraud; statute of limitations; statute of frauds; offset and/or setoff; failure of perfection and/or priority; failure to state

a claim upon which relief may be granted; illegal contract and/or contract against public policy; violations of state and federal securities law; violation of Indiana Franchise Act and Deceptive Practices Act; and all other available defenses under federal and Indiana law that are discovered during prosecution of the case. Plaintiff seeks to strike all of these defenses as either insufficiently pled or improper.

#### 1. Standard of Review

The parties first dispute the applicable standard governing the striking of an affirmative defense. Defendants maintain that an affirmative defense should only be stricken when it is patently defective and unable to succeed under any circumstances; Plaintiff contends that a failure to comply with Rule 8 renders an affirmative defense patently defective and unable to succeed. As explained below, Plaintiff's reading is correct.

An affirmative defense is a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense. *Cottle v. Falcon Holdings Mgmt., LLC,* No. 2:11–CV–95–PRC, 2012 WL 266968, at \*1 (N.D.Ind. Jan.30, 2012) (citing *Heller,* 883 F.2d at 1294). When faced with a motion to strike affirmative defenses under Rule 12(f), courts apply a three-part test: "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* No. 05 C 6656, 2007 WL 1238917, at \*1 (N.D.Ill. Apr.25, 2007) (citing *Surface Shields, Inc. v. Poly–Tak Prot. Servs., Inc.,* 213 F.R.D. 307, 308 (N.D.Ill.2003)). An affirmative defense that fails to meet any of these standards must be stricken. *Id.* (citations omitted). Ultimately, however, affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Cottle,* 2012 WL 266968, at \*1 (quoting *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) (citing *Heller,* 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."))).

**\*3** In *Heller,* several defenses were deemed meritless because they were "nothing but bare bones conclusory allegations," with the defendant failing, as Rule 8 requires, to provide a "short and plain statement of facts" or to allege "the necessary elements of the alleged claims." *Heller,* 883 F.2d at 1295. As such, failure to comply with

Rule 8 renders an affirmative defense "insufficient on the face of the pleadings," or "patently defective," justifying its striking-the exact standard that Plaintiff endorses. *See Stafford v. Conn. Life. Ins. Co.,* No. 95 C 7152, 1996 WL 197677, at *2 (N.D.Ill. Apr.22, 1996) (striking conclusory affirmative defenses as deficient on their face).

*2. Analysis*

Applying the three-part test to the instant case, all of Defendants' fifteen affirmative defenses should be stricken. First, the fifteenth affirmative defense, in which Defendants reserve the right to assert additional affirmative defenses discovered during the litigation, fails the first part of the test because reserving the right to add additional affirmative defenses is not a proper affirmative defense. *United States v. Global Mortg. Funding, Inc.,* No. SACV 07–1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D.Cal. May 15, 2008); *Reis Robotics USA, Inc. v. Concept Indus., Inc. .,* 462 F.Supp.2d 897, 907 (N.D.Ill.2006). Rather, if Defendants later believe that adding another affirmative defense is warranted, they may seek leave to amend their pleadings under Federal Rule of Civil Procedure 15(a). *Global Mortg. Funding,* 2008 WL 5264986, at *5; *Reis Robotics,* 462 F.Supp.2d at 907.

The remaining fourteen affirmative defenses are merely one word or a phrase identifying the defenses, but wholly failing to set forth a short and plain statement of their nature, *see Heller,* 883 F.2d at 1294, thus failing the second part of the test. And although an affirmative defense need only be a brief statement, "it must provide plaintiff with adequate notice of the relevant elements ." *Cohn v. Taco Bell Corp.,* No. 92 C 5852, 1995 WL 247996, at *4 (N.D.Ill. Apr.24, 1995); *see also Ortho–Tain,* 2007 WL 1238917, at *2 ("Bare bones conclusory statements are not sufficient; a party must allege each element of the defense.").

But Defendants pled only bare legal conclusions-that the claims set forth in the Complaint are barred in whole or part by the fifteen asserted defenses such as breach of contract, waiver, estoppel, and acquiescence, and fraud-without providing any facts in support. "Simply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient." *ADM Investor Servs., Inc. v. Collins,* No. 05 C 1823, 2006 WL 224095, at *8 (N.D.Ill. Jan.26, 2006). By not providing any factual support, Defendants also fail to give Plaintiff notice as to how the

defenses apply. *See Pringle v. Garcia,* No. 2:09–CV–22–RLMPRC, 2009 WL 1543460, at *1–2 (N.D.Ind. June 2, 2009). Indeed, because of the lack of explanation, Plaintiff represents that at least two of the defenses—alleged violations of state and federal securities laws and of the Indiana Franchise and Deceptive Practices Acts—are not even applicable to this case. (Pl.'s Mot. to Strike 4.) And, in *Pringle,* 2009 WL 1543460, at *1–2, the Court struck the affirmative defenses of lack of consideration, failure to state a claim, and lack of a perfected security interest, all of which Defendants assert here and in a similar conclusory fashion, for failing to provide any factual support or explanation of how they applied.

**\*4** Moreover, Defendants' "breach of contract defense fails to make reference to any of the elements of a breach of contract claim," warranting its striking as well. *Reis Robotics,* 462 F.Supp.2d at 906. Similarly, although Defendants also assert fraud as an affirmative defense, they "fail[ ] to plead with heightened particularity the alleged circumstances constituting fraud as required by Rule 9(b)." *Id.* (citations omitted). And Defendants' waiver and estoppel defense is an equitable defense that must be pled with the specific elements required to establish the defense, *id.* at 907 (citations omitted), which Defendants wholly fail to do. *See also Stafford,* 1996 WL 197677, at *2 (dismissing affirmative defenses, including waiver, estoppel, failure to state a claim, and statute of limitations, where defendant asserted legal conclusions with no factual support). Their statute of limitation defense likewise fails to set out the specific applicable statute of limitations, the statute's time limits, or the manner in which the statute bars Plaintiff's case. *Puryear v. Ind. Pallet Co.,* No. 2:11–CV–12–PRC, 2011 WL 5553697, at *2 (N.D.Ind. Nov.15, 2011). Along those same lines, the failure to state a claim defense provides no explanation as to how and in what portion of the Complaint Plaintiff has failed to state a claim, amounting to a mere bare statement and warranting its striking. *Reis Robotics,* 462 F.Supp.2d at 905; *see McGrath v. Godshalk,* No. 2:07 CV 34, 2007 WL 2746865, at *12 (N.D.Ind. Sept.18, 2007).

Ultimately, "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)." *Reis Robotics,* 462 F.Supp.2d at 907. And "[i]t is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations,' or what have you) for that does not do the job of apprising opposing counsel and this Court of the

predicate for the claimed defense-which is after all the goal of notice pleading." *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D.Ill.2001). This is exactly what Defendants have done here, and, as such, all fifteen of their affirmative defenses will be stricken without prejudice.

### B. Defendants' Formulaic Responses Will Be Stricken

In their Amended Answer, Defendants respond to thirteen of Plaintiff's allegations in essentially the same way; they "deny material allegations contained in the corresponding paragraph of Plaintiff's Complaint" and state that "the same calls for a legal conclusion and documents or other items therein speak for themselves ." (Am. Answer ¶¶ 3–7, 9–11, 13–14, 16–18.) Federal Rule of Civil Procedure 8(b) provides that when responding to a pleading, "a party must admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1)(B). The rule further requires a party lacking knowledge or information sufficient to form a belief about the truth of an allegation to state as such. FED. R. CIV. P. 8(b)(5).

**\*5** As both parties recognize, district courts within the Seventh Circuit Court of Appeals have consistently found that responses that an allegation is a "legal conclusion" or that a document "speaks for itself" are insufficient and contrary to the Federal Rules of Civil Procedure. *N. Ind. Metals v. Iowa Express, Inc.,* No. 2:07–CV–414–PRC, 2008 WL 2756330, at *3–4 (N.D.Ind. July 10, 2008); *see, e.g., Ind. Reg'l Council,* 2006 WL 3302642, at *2 (collecting cases holding that a response indicating that a document "speaks for itself" is insufficient under the Federal Rules); *Donnelly v. Frank Shirey Cadillac, Inc.,* No. 05 C 3520, 2005 WL 2445902, at *1 (N.D.Ill. Sept.29, 2005) ("Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document on the grounds that the document 'speaks for itself[ ]' ... and declining to respond to an allegation because it 'states a legal conclusion.' "); *State Farm,* 199 F.R.D. at 278 (noting that declining to respond to an allegation because it states a legal conclusion violates Rule 8(b)'s express requirement that all allegations must be responded to).

Defendants contend, however, that they did not refuse to answer the allegations or assert only that the allegations call for a legal conclusion or the document speak for themselves; rather, they claim that each of the challenged responses contains an actual denial and informs Plaintiff as to whether the denial is based on the facts or otherwise. (Defs.' Resp. 4.)

While it is true that the responses at issue assert denials, all of them "deny the material allegations contained in the corresponding paragraph of Plaintiff's Complaint," before claiming that the allegations call for a legal conclusion and that the documents or other items speak for themselves (Am. Answer ¶ 3–7, 9–11, 13–14, 16–18.) As such, there is a real question about whether Defendants' denials were impermissibly based on the belief that the allegations called for a legal conclusion or that the documents speak for themselves. Irrespective of these inadequacies, Defendants' purported denials themselves are also insufficient because they deny only the "material allegations" contained in the corresponding paragraph. But by responding to only the material allegations contained in a specific paragraph, Defendants "fail to provide adequate substantive guidance to the Plaintiff as to the Defendant[s'] position on the allegations in that respective paragraph." *Ind. Reg'l Council,* 2006 WL 3302642, at *3.

For example, paragraph 11 of the Complaint alleges that "[u]pon information and belief, [Heinen Hardware] continues to use and display the Marks without right, even though Do it Best has made demand that [Heinen Hardware] immediately cease and desist from using or displaying the Marks." (Compl.¶ 11.) Defendants respond that they "deny the material allegations contained in the corresponding paragraph of Plaintiff's Complaint; the same calls for a legal conclusion and documents or other items therein speak for themselves." (Am. Answer ¶ 11.) Not only are there no documents or other items referenced in this paragraph, but "[t]his cryptic answer begs the question: according to the Defendant[s], what allegations are material in ¶ [11]?" *Ind. Reg'l Council,* 2006 WL 3302642, at *3.

**\*6** Yet Rule 8(b) requires that *all* allegations be responded to, *State Farm,* 199 F.R.D. at 278, not merely those that Defendants deem material. Contrary to what Defendants claim, such cryptic responses do not inform Plaintiff of whether their denials were based on the facts or otherwise. Accordingly, Defendants' answers to paragraphs 3–7, 9–11, 13–14, and 16–18 of the Complaint will be stricken and Defendants will be ordered to amend

NJAPP000040

their Answer to properly and specifically plead as to *all* of the allegations contained in those paragraphs, *Ind. Reg'l Council,* 2006 WL 3302642, at *3, without basing that response on the belief that an allegation calls for a legal conclusion or that a document speaks for itself.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Affirmative Defenses and to Order Defendants to Respond to Allegations in Plaintiff's Complaint (Docket # 19) is GRANTED. Defendants' fifteen affirmative defenses and responses to paragraphs 3–7, 9–11, 13–14, and 16–18 of the Complaint are

STRICKEN without prejudice from the Amended Answer. Defendants are ORDERED to further amend their Amended Answer to properly and specifically respond to these paragraphs and, as Defendants agreed they would do, to admit whether the exhibits attached to the Complaint are true and accurate copies of what they purport to be. The Second Amended Answer is to be filed by July 22, 2013.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 3421924

Footnotes

1     Plaintiff also point out that Defendants failed to admit whether the exhibits attached to the Complaint were true and accurate copies of what they purport to be. (Pl.'s Mot. to Strike 7–8 (citing *Ind. Reg'l Council of Carpenters Pension Trust Fund v. Fid. & Deposit Co. of Md.,* No. 2:06–cv–32–PPS–PRC, 2006 WL 3302642, at *2 (N.D.Ind. Nov.9, 2006).) In their response, Defendants admit to not realizing that the exhibits were also a focus of the allegations and represent that they will revise their response accordingly. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Strike Defs.' Affirmative Defenses and to Order Defs. to Respond to Allegations in Pl.'s Compl. ("Defs.' Resp.") 4.)

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 395707
Only the Westlaw citation is currently available.
United States District Court, D. Nevada.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, American Family Life Insurance
Company, and American Standard Insurance
Company of Wisconsin, Wisconsin
mutual insurance companies, Plaintiffs,
v.
Janet BEASLEY, an individual, and Insurance
Outlet, a Nevada sole-proprietorship, Defendants.
Janet Beasley, an individual, and Insurance Outlet,
a Nevada sole-proprietorship, Counter–Claimants,
v.
American Family Life Insurance Company,
American Family Mutual Insurance
Company, and American Standard Insurance
Company of Wisconsin, Wisconsin mutual
insurance companies, Counter–Defendants.

No. 2:10–cv–2090–GMN–RJJ.
|
Feb. 6, 2012.

**Attorneys and Law Firms**

Darren T. Brenner, Thomas G. Ryan, Lindsay C. Demaree, Lewis And Roca LLP, Las Vegas, NV, for Plaintiffs.

Chantel Marie Schimming, The Law Office of Chantel M. Schimming LLC, Henderson, NV, Michael D. Rawlins, Durham Jones & Pinegar, P.C., Las Vegas, NV, for Defendants.

## ORDER

GLORIA M. NAVARRO, District Judge.

## INTRODUCTION

**\*1** Before the Court is Plaintiffs/Counter–Defendants American Family Mutual Insurance Company, American Family Life Insurance Company, and American Standard Insurance Company of Wisconsin's (hereinafter collectively "American Family") Motion to Strike (ECF

No. 13). Defendant/Counter–Claimants Janet Beasley and Insurance Outlet (hereinafter collectively "Beasley") filed a Response (ECF No. 21). American Family filed a Reply (ECF No. 24).

Also before the Court is American Family's Motion to Dismiss Counterclaims (ECF No. 14). Beasley filed a Response to the Motion (ECF No. 22), as well as a Counter–Motion for Summary Judgment (ECF No. 23). American Family filed a Reply to its Motion to Dismiss (ECF No. 25) and a Response to the Motion for Summary Judgment (ECF No. 30). Beasley filed a Reply to the Motion for Summary Judgment (ECF No. 31).

## FACTS AND BACKGROUND

American Family Mutual Insurance Company, American Family Life Insurance Company, and American Standard Insurance Company of Wisconsin are affiliated insurance companies that sell commercial and personal likes of insurance and securities. (Compl. ¶ 6, ECF No. 1.) On July 1, 2007, American Family entered into an American Family Entity Agent Agreement with Herni Thompson Agency, Inc. (the "Agreement"). (*Id.* at ¶ 7; Agreement, Ex. A attached to Compl., ECF No. 1). Prior to the Agreement, Herni S Tjong–Thompson ("Thompson") was an agent of American Family. (Compl. at ¶ 8.) Thompson is the major equity holder and principal and manager of Henri Thompson Agency, Inc. ("Thompson Agency"). (*Id.*).

Beasley was an employee of Thompson Agency until at least December 2008. (*Id.* at ¶ 9.) American Family alleges that Beasley, and others employed by or associated with the Thompson Agency, conspired to defraud and did defraud American Family by manipulating the timing of policy transactions to artificially inflate retention numbers with the aim of increasing quarterly commission bonuses paid by American Family. (*Id.* at ¶ 10.) American Family alleges that as a result of the inflation and attempts to defraud, the Thompson Agency received commission bonuses that were much higher than what they should have actually received. (*Id.* at ¶¶ 11–16.) It is alleged that Beasley benefited financially from the inflated bonuses. (*Id.*)

The Agreement provides that for one year following the termination of the agreement, the Agent nor any Equity

Holder, officer, member or licensed sales representative of the Agent will induce or attempt to induce any policyholder to lapse, cancel, replace or surrender any insurance policy in force with American Family. (*Id.* at ¶ 19; Agreement at p. 10.) The Agreement also provides that all policy records remain the property of American Family and shall be returned upon the termination of the agreement (Compl. at ¶ 20; Agreement at p. 5.) The Agreement states that American Family's Customer Information is confidential, should only be used to perform services under the Agreement and should not be disclosed or made available except as necessary to provide services under the Agreement. (Compl. at ¶ 20; Agreement at pg. 7.)

**\*2** In December 2008, American Family discovered that the employees were artificially inflating their numbers and terminated the Agreement. (Compl. at ¶ 22–23.) American Family alleges that Beasley, and others, retained copies of customer information from American Family's database and customer files following the termination of their agency with American Family. (*Id.* at ¶ 25.) American Family further alleges that Beasley began contacting American Family policyholders in an attempt to induce them to lapse, cancel, replace or surrender their American Family insurance policies. (*Id.* at ¶ 27.) On February 17, 2009, Beasley obtained a business license for Insurance Outlet with the City of Henderson, Nevada, and listed herself as owner. (*Id.* at ¶ 29.) American Family alleges that Beasley induced at least a dozen American Family policyholders to transfer their insurance business from American Family to Insurance Outlet from February through March 2009. (*Id.* at ¶ 32.)

American Family alleges that Beasley has misappropriated trade secrets, tortuously interfered with its contractual relations and business expectations, engaged in unfair competition under Nevada law, been unjustly enriched, engaged in a civil conspiracy and concert of action to commit the unlawful acts, as well as aided and abetted the Thompson Agency in breaching its duties with American Family. (Compl. at ¶¶ 47–83.)

Beasley filed nine counterclaims in conjunction with their Answer. (Errata to Answer ¶¶ 14–65, ECF No. 9.) Beasley alleges that it is American Family who is improperly interfering with its business relationships and has breached its contractual duties. In July 2009 [1], American Family and Beasley entered in to a contractual

agreement wherein American Family would provide insurance coverage for personal injury, advertising injury, and other business-related losses sustained by Beasley ("Insurance Agreement"). (*Id.* at ¶ 15; Insurance Agreement, Ex. A attached to Errata to Answer, ECF No. 9–1.) The terms of the Insurance Agreement provided that American Family would defend and indemnify Beasley for losses such as the ones set forth in American Family's Complaint. (Answer at ¶ 15.) Beasley argues that American Family must defend and indemnify her and Insurance Outlet in this suit because of the Insurance Agreement.

## *DISCUSSION*

### A. Motion to Strike

#### 1. Legal Standard

Federal Rule of Civil Procedure 8(b)(1)(B) states that "[i]n responding to a pleading, a party must: admit or deny the allegations asserted against it by an opposing party." "A denial must fairly respond to the substance of the allegation." Fed.R.Civ.P. 8(b)(2). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed.R.Civ.P. 8(b)(4). An averment in a pleading that this not properly denied is deemed to be admitted. Fed.R.Civ.P. 8(b)(6). Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

#### 2. Analysis

**\*3** American Family motions the Court to strike from Beasley's Answer a total of 38 paragraphs where Beasley responded "deny the allegations contained [in 38 paragraphs] as they call for legal conclusions." (*See* Errata to Answer.) American Family argues that many other courts have found that refusing to answer an allegation because it calls for legal conclusions is improper. *See Donnelly v. Frank Shirey Cadillac, Inc.,* No. 05 C 3520, 2005 WL 2445902, at \* 2 (N. D.Ill. Sept. 29, 2005) (Refusing to answer an allegation because it calls for legal conclusions "flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response." (citing *Gracedale Sports and Entm't., Inc. v. Ticket Inlet, LLC,* No. 99 C 2781, 1999 WL 618991, at \* 1

(N.D.Ill. Aug. 9, 1999))). *See also Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995); *Northern Ind. Metals v. Iowa Express, Inc.,* 2:07–cv–414–PRC, 2008 WL 2756330, at *4 (N.D.Ind. July 10, 2008)(Responses that an allegation "is a legal conclusion" is "insufficient and contrary to the Federal Rules of Civil Procedure.").

Beasley responds that the answers are legitimate responses to American Family's "legal conclusions." However, Beasley does not cite to any authority that allows a party to deny an allegation because it calls for a legal conclusion. Instead, Beasley only calls into question one of the cases cited by American Family because the plaintiff in that case was a pro per plaintiff. *See Jackson,* 66 F.3d 151 (7th Cir.1998). Beasley also argues that the other two cases cited by American Family do not have any real bearing on this case but does not specifically state why.

The Court is persuaded by the cases cited by American Family and finds that it is proper to Strike the responses by Beasley. Beasley will be given fourteen (14) days to file an Amended Answer; otherwise the Court will deem admitted all 38 paragraphs that Beasley failed to deny properly.

**B. Motion to Dismiss**
American Family also moves to dismiss Beasley's counterclaims of breach of contract (count 1), breach of the covenant of good faith and fair dealing (count 2), breach of fiduciary duty (count 3), tortious breach of the covenant of good faith and fair dealing (count 4), and declaratory relief (count 8). These counts relate to whether or not American Family has a duty to defend Beasley under the Insurance Agreement.

**1. Legal Standard**
Nevada courts will give the language of an insurance policy "its plain and ordinary meaning 'from the viewpoint of one not trained in law.' " *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.,* 99 P .3d 1153, 1157–58(Nev.2004) (quoting *Farmers Ins. Group v. Stonik,* 867 P.2d 389, 391(Nev.1994)). The court "will not rewrite contract provisions that are otherwise unambiguous or increase an obligation to the insured where such was intentionally and unambiguously limited by the parties." *Id.*

*4 The duty to defend is a broad duty of the insurer to defend an insured that arises when there are facts alleged that give rise to the potential of liability under the policy. *See United Nat'l,* 99 P.3d at 1158. "If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured." *Id.* However, "the duty to defend is not absolute" and "a potential for coverage only exists when there is arguable or possible coverage." *Id.* (citations omitted). The court must compare the allegations of the complaint with the terms of the policy to determine if there is a duty to defend. *Id.* The duty to indemnify, in contrast, only arises in the event of final placement of covered, non-excluded liability upon the insured through judgment or settlement. *Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.,* 106 F.Supp.2d 1051 (D.Nev.2000).

**2. Analysis**
Beasley claims entitlement to coverage under the "personal and advertising" provisions of the Insurance Agreement. The coverage is provided as follows:

A. Coverages

1. Business Liability.

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages....

  b. This insurance applies:

  ...

  (2) To "personal and advertising injury" caused by an offense arising out of your business, **but only if the offense was committed** in the "coverage territory" **during the policy period .**

(Insurance Agreement, at p. 22 of 35 of agreement.) The wrongs alleged in the Complaint happened before the Insurance Agreement took effect on July 7, 2009. Specifically, the Complaint alleges that "Ms. Beasley induced at least a dozen American Family policyholders to transfer their insurance business from American Family

to Insurance Outlet from February through March 2009. (Comp. at ¶ 32.) Thus, it is clear under the terms of the Insurance Agreement that American Family does not have a duty to defend against the policy manipulation claims because they occurred before the effective date of the Insurance Agreement.

Beasley argues that since the suit was not filed until November 30, 2010 it creates an issue of fact as to when the alleged acts actually occurred. Beasley also asserts that American Family must explain how the alleged activities ceased by July 8, 2009 when the Insurance Policy became effective and the claims that the Complaint contemplates ongoing injury.

The Court must look to the terms of the contract and the complaint to determine if there is a duty to defend. *United Nat'l,* 99 P.3d at 1158. Although the Complaint does contemplate ongoing injury, the alleged incidents that caused the injury are the stealing of the business records and soliciting American Family customers that happened before the date of the Insurance Agreement. Therefore, the Insurance Agreement does not cover the time period in question and American Family has no duty to defend.

 **\*5** In the alternative, the Court also finds Beasley's alleged activities do not fall under the definition of "advertising injury." The Insurance Agreement defines "personal and advertising injury" as follows:

> [an] injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> ...
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, trade dress or slogan in your advertisement.

(Insurance Agreement, at p. 32 of 35 of agreement.) The phrase "advertisement," as used in subsections (f) and (g), means:

> a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

> a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>
> b. Regarding web-sites only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

(Insurance Agreement, at p. 31 of 35 of agreement.)

Beasley argues that the alleged claims against her and Insurance Outlet directly implicate her advertising ideas and styles of business as the improper means that resulted in the "stealing" of American Family clients. Beasley claims that since it used Thompson's telephone and fax number to do business with potential clients this amounts to an advertising injury.

Courts construing similar provisions of commercial general liability (CGL) insurance policies have distilled a three part test to determine if there is an advertising injury: (1) the suit must have alleged a cognizable advertising injury; (2) the infringing party must have engaged in advertising activity; and (3) there must have been some causal connection between the advertising injury and the advertising activity. *See State Farm Fire & Cas. Co. v. Steinberg,* 393 F.3d 1226, 1231 (11th Cir.2004)(setting forth the three-part test); *Travelers Indem. Co. v. Walker & Zanger, Inc.,* 221 F.Supp.2d 1224, 1232 (S.D.Cal.2002)(citing *Peerless Lighting Corp. v. American Motorists Ins. Co.,* 98 Cal.Rptr.2d 753, 760–61 (Cal.App. 1st Dist.2000)); *see also Associated Aviation Underwriters,* 106 F.Supp.2d at 1055.

Beasley's arguments fail under the first prong of the test. American Family's allegations do not give rise to an "advertising injury." The phrase "advertising idea" refers to an "advertising concept or plan for an advertising campaign." *EKCO Group, Inc. v. Travelers Indem. Co.,* 273 F.3d 409, 413 (1st Cir.N.H.2001). It is an "idea for calling public attention to a product or business, especially by proclaiming desirable qualities so as to increase sales or patronage." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co .,* 193 F.3d 742, 748 (3d Cir.1999)(quoting *Atlantic Mut. Ins. Co. v. Badger Med Supply Co.,* 528 N. W.2d 486, 490 (Wis.Ct.App.1995)). While a symbol, slogan, or method of advertising can be an advertising idea, courts have found that a confidential customer list is a trade

secret not an advertising idea. *See Steinberg,* 393 F.3d at 1234.

**\*6** The Ninth Circuit addressed the applicability of the "misappropriation of advertising ideas or style of doing business" clause in a CGL policy's advertising injury coverage in *Sentex Systems, Inc. v. Hartford Accident & Indemnity Co.,* 93 F.3d 578 (9th Cir.1996) (applying California law). In *Sentex,* the court affirmed a district court's holding that the insurer had a duty to defend its insured under the "misappropriation of advertising ideas or style of doing business" clause where the underlying complaint alleged that the insured had induced a third party to breach a non-competition agreement with the underlying plaintiff company, to misappropriate its "trade secrets, including customer lists, marketing techniques, and other inside and confidential information" and, together with the insured, to solicit the underlying plaintiff's customers. *Id.* at 579–80. However the court stated that the misappropriation of a customer list alone would not trigger coverage under the language of the policy. *Id.* at 581.

The Eleventh Circuit found no duty to defend on facts similar to this case in *Steinberg.* The underlying plaintiff sued the insured for stealing a confidential customer list and database, and using it to unfairly compete with the plaintiff. *Steinberg,* 393 F.3d at 1232–34. The insured sought coverage under a provision that applied to "misappropriation of advertising ideas or style of doing business." *Id.* at 1228. The court ruled that the provision was inapplicable because use of a customer list is not an "advertising idea":

> [T]he alleged misappropriation of a confidential customer list cannot, under accepted principles of insurance contract construction, be held to fall within the policy language regarding misappropriation of ... "advertising ideas" .... **A confidential customer list is a trade secret, not an idea about advertising** .... Without relevant, attendant allegations pertaining to advertising, no coverage under a "misappropriation of advertising ideas ..." theory is available.

*Id.* at 1234 (emphasis added).

While no published Nevada decision has addressed whether or not the misappropriation of a customer list qualifies as an "advertising ideas" this Court believes that Nevada would agree with the 11th Circuit.[2] Therefore, this court finds that the alleged act of misappropriation of customer lists and related causes of actions do not allege an "advertising injury." The first prong of the test is not satisfied and there is no duty to defend. "Likewise, these factors in turn negate any future duty to indemnify." *Associated Aviation Underwriters,* 106 F.Supp.2d at 1056.

Without a duty to defend, there can be no breach of contract as alleged by Beasley. Counts two, three, and four all relate to the contract at issue and contain allegations that American Family has a duty to defend or have not lived up to their contractual obligations. As the Court has found that there is no duty to defend, these causes of action must fail. Beasley's request for declaratory relief, however, is related to all of the counterclaims and therefore, it will not be dismissed.

**C. Motion for Summary Judgment**
**\*7** Beasley moves for summary judgment on the basis that American Family has breached the contract because it refuses to defend and indemnify Beasley in this suit. For the reasons stated above, the Court has determined that American Family does not have a duty to defend and indemnify. Accordingly, Beasley's motion is DENIED.

### *CONCLUSION*

**IT IS HEREBY ORDERED** that American Family's Motion to Strike (ECF No. 13) is **GRANTED.** Beasley shall file an Amended Answer by ***February 21, 2012.* Failure to do so will result in the allegations being construed as ADMISSIONS.**

**IT IS FURTHER ORDERED** that American Family's Motion to Dismiss (ECF No. 14) is **GRANTED** in part and **DENIED** in part. Beasley's First, Second, Third, and Fourth Causes of Action are **DISMISSED.**

**IT IS FURTHER ORDERED** that Beasley's Motion for Summary Judgment (ECF No. 23) is **DENIED.**

Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 50 of 72
American Family Mut. Ins. Co. v. Beasley, Not Reported in F.Supp.2d (2012)
2012 WL 395707

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 395707

Footnotes

1   The Counterclaim says January 2009 but the Insurance Agreement attached to Beasley's Errata to Answer and Counterclaims has an effective date of July 7, 2009. (*See* Insurance Agreement, Ex. A attached to Errata to Answer, ECF No. 9–1.)

2   In the absence of state law on point, "th[e] court must predict how the Nevada Supreme Court would decide this issue 'using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.' " *Great Am. Ins. Co. v. N. Am. Specialty Ins. Co.,* 542 F.Supp.2d 1203, 1211 (D.Nev.2008) (quoting *Arizona Elec. Power Coop v. Berkeley,* 59 F.3d 988, 991 (9th Cir.1995)).

---

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 5377712
Only the Westlaw citation is currently available.
United States District Court,
E.D. Wisconsin.

Michael J. THOMPSON, et al., Plaintiffs,
v.
RETIREMENT PLAN FOR EMPLOYEES OF S.C.
JOHNSON & SONS, INC., and Retirement Plan for
Employees of Johnsondiversey, Inc., Defendants.
Anthony J. Decubellis, Plaintiff,
v.
Retirement Plan for Employees of
Johnsondiversey, Inc., Defendant.

Nos. 07-CV-1047, 08-CV-0245.
|
Dec. 22, 2008.

**Attorneys and Law Firms**

Eli Gottesdiener, Gottesdiener Law Firm PLLC,
Brooklyn, NY, for Plaintiffs.

Evan Miller, Sara R. Pikofsky, Jones Day, Washington,
DC, Lawrence Dinardo, Jones Day, Chicago, IL, Carmen
N. Couden, Susan R Maisa, Foley & Lardner LLP,
Milwaukee, WI, for Defendants.

**ORDER**

J.P. STADTMUELLER, District Judge.

**I. INTRODUCTION**

**\*1** On March 17, 2008, Plaintiff Anthony Decubellis
("Decubellis") filed a class action complaint against the
Retirement Plan for Employees of JohnsonDiversey,
Inc. ("the JDI Plan"), alleging claims pursuant to the
Employee Retirement Income Security Act of 1974
(ERISA). On April 10, 2008, Decubellis filed a motion
to deem certain allegations of the complaint admitted
or to compel the defendant to replead. In response, the
JDI Plan filed an amended answer. On May 9, 2008,
the court consolidated Decubellis' case with a second
class action filed against the JDI Plan and an additional
defendant, the Retirement Plan for Employees of S.C.
Johnson & Son, Inc. In its order, the court specified that
the pending motions in each case, including Decubellis'

motion to deem allegations of the complaint as admitted,
would be addressed after consolidation. [1] Following
consolidation, Decubellis filed a second motion to deem
certain allegations of the JDI Plan's amended answer
admitted. This motion is now before the court.

For the reasons stated below, the court will deny
Decubellis' motion to deem certain allegations admitted.
However, the court will strike the JDI Plan's responses
to paragraphs 11, 12, 14, and 15 of the complaint and
will allow the defendant to file an amendment to cure the
defects identified by the court.

**II. ANALYSIS**

Federal Rule of Civil Procedure 8 requires a defendant
responding to a complaint to "admit or deny the
allegations asserted against it by an opposing party."
Fed.R.Civ.P. 8(b)(1)(B). An allegation of the complaint
is admitted if "a responsive pleading is required and the
allegation is not denied." Fed.R.Civ.P. 8(b)(6). However,
in addition to denial or admission, the rule permits a
third type of response. A party may respond that it
"lacks knowledge or information sufficient to form a
belief about the truth of an allegation," which has the
effect of a denial. Fed.R.Civ.P. 8(b)(5). Therefore, the rule
permits only three possible responses to a complaint: 1)
outright admission; 2) outright denial; or 3) a disclaimer
statement in compliance with Rule 8(b)'s provision for
lack of knowledge or information as the basis for a deemed
denial. See *Hotel Emples. & Restaurant Emples. Int'l Union
Welfare Fund v. Aramark Servs., Inc.,* No. 99 C 5726,
1999 U.S. Dist. LEXIS 17375, 1999 WL 1016260 (N.D.Ill.,
Nov.4, 1999), at \*2; *Duff v. Reiser,* No. 94 C 4693, 1995
U.S. Dist. LEXIS 3946, at \*2, 1995 WL 144519 (N.D.Ill.
Mar.27, 1995); *Mid-Continent Resource Recovery v. Shred
Pax Corp.,* No. 94 C 6689, 1995 U.S. Dist. LEXIS 179,
at \*1, 1995 WL 12229 (N.D.Ill., Jan. 4, 1995); *Cagan v.
Intervest Midwest Real Estate Corp.,* No. 90 C 4941, 1990
U.S. Dist. LEXIS 14994, at \*1, 1990 WL 179710 (N.D.Ill.
Oct. 12, 1990).

Rule 8 does not permit a defendant to respond only
by stating that the plaintiff's allegations "constitute
conclusions of law." *State Farm Mut. Auto. Ins. Co.
v. Riley,* 199 F.R.D. 276, 278 (N.D.Ill.2001) ("Another
regular offender is the lawyer who takes it on himself
or herself to decline to respond to an allegation because
it 'states a legal conclusion.' That of course violates the

NJAPP000048
1

express Rule 8(b) requirement that *all* allegations must be responded to."); *See also Hotel Emples. & Restaurant Emples., 1999 U.S. Dist. LEXIS 17375, at *2, 1999 WL 1016260.* Indeed, legal conclusions are an "integral part of the federal notice pleading regime." *Id; See also Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995) ("... a plaintiff in a suit in federal court need not plead facts, he can plead conclusions."). Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.

**\*2** Similarly, Rule 8 does not permit a defendant to respond that the document "speaks for itself." *State Farm Mut. Auto. Ins. Co.,* 199 F.R.D. at 279. This prohibition applies even if the "document speaks for itself" response is suggested instead of stated explicitly. *Rudzinski v. Metropolitan Life Ins. Co.,* Case No. 05 C 0474, 2007 U.S. Dist. LEXIS 75668, at *10-11, 2007 WL 2973830 (N.D.Ill., Oct. 4, 2007) (stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves."). Such a response is inadequate.

Decubellis urges the court to deem specific allegations in his complaint admitted because the JDI Plan's responses are legally inadequate under Rule 8 of the Federal Rules of Civil Procedure. Specifically, Decubellis asserts that allegations contained in paragraphs 10 through 15 of his complaint should be admitted because the defendant failed to deny them in accordance with Rule 8. [2] Decubellis first argues that the JDI Plan's responses which state that his allegations "contain a legal conclusion to which no response is required" do not constitute responses recognized by Rule 8. He next alleges that the JDI Plan's responses denying the complaint's "characterization" of ERISA, case law, or other regulatory authority are not recognized responses either. Finally, Decubellis argues that the JDI Plan's responses claiming insufficient information to form a belief as to the allegations should be admitted because the matters alleged were clearly within the defendant's knowledge or were easily accessible.

In response, the JDI Plan first argues that Decubellis' motion is moot because the court consolidated his case with a second case, effectively subsuming Decubellis' case within the second, governing action. Second, the JDI Plan argues that Decubellis' motion is untimely under Rule 12(f), which is the proper procedural vehicle for

challenging the sufficiency of its answer. Finally, the JDI Plan asserts that Decubellis' specific objections lack merit.

The court finds that the responses the JDI Plan provided to paragraphs 10, 11, 14 and 15 of the complaint are not permitted under Rule 8. They fail to either admit, deny, or claim insufficient knowledge or information to form a belief about the truth of an allegation. Fed.R.Civ.P. 8. However, the court deems the responses to paragraphs 12 and 13 sufficient to meet the requirements of Rule 8. The court will address each contested response in turn.

### a. Response to Paragraph 10

The JDI Plan's response to Paragraph 10 fails to either admit or deny the plaintiff's allegations in the first sentence. Instead, the defendant alters Decubellis' sentence to omit the phrase "at the same time as the corresponding pay credits to which the Earnings Credits relate" and then admits the "edited" version of the allegation. In response to the plaintiff's second sentence, the JDI Plan impermissibly claims that the allegation is a legal conclusion "to which no response is required." The defendant's pleading does not constitute one of the three permissible responses contemplated by Rule 8 because it does not fully admit or deny the plaintiff's allegation and it claims that no response is required for a legal conclusion. *State Farm Mut. Auto. Ins. Co.,* 199 F.R.D. at 278; *See Hotel Emples. & Restaurant Emples.,* 1999 U.S. Dist. LEXIS 17375, at *2, 1999 WL 1016260. Therefore, the response is insufficient and the court will strike this portion of the pleading.

### b. Response to Paragraph 11

**\*3** The JDI Plan's response to Paragraph 11 is similarly insufficient. The defendant fails to deny the complaint's allegations, but rather, criticizes the "characterization" of the legal requirements as one to which "no response is required." (Am.Answer, p. 5). As stated above, this response is not permitted under Rule 8. Decubellis alleges that this phrasing is an indirect manner of claiming the document "speaks for itself," which the JDI Plan used in its initial Answer. The plaintiff correctly asserts that such a response is not permitted, either explicitly or implicitly. *See State Farm Mut. Auto. Ins. Co.,* 199 F.R.D. at 279; *Rudzinski,* 2007 U.S. Dist. LEXIS 75668, at *10-11.

In addition, the defendant fails to either admit or deny any of the following: a) whether the Plan failed to

Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 53 of 72
Thompson v. Retirement Plan for Employees of S.B..., Not Reported in...

2008 WL 5377712

perform a "whipsaw calculation"; b) whether a "whipsaw" calculation is required; c) whether a cash balance plan must project the balance of the participant's cash balance account forward at a rate that includes an estimate of credits the participant would have earned if he had left his benefit in the plan until normal retirement age; and d) whether the Plan uses a variable, above-market, equity-based crediting rate. Therefore, the court will strike the JDI Plan's response.

**c. Response to Paragraph 12**
The court finds that the JDI Plan's response to paragraph 12 meets the requirements of Rule 8. The defendant responds to the allegations by admitting one assertion, denying a second assertion, and claiming a lack of "knowledge or information sufficient to form a belief" on the final assertion. Decubellis argues that the JDI Plan has the information or knowledge necessary to form a belief because it is a "$160 million plan with some of the most sophisticated actuaries in the country." (Pl.'s Br., p. 17). However, the response meets Rule 8's requirements and the court cannot determine on the basis of the pleadings that the defendant can definitely "form a belief." Therefore, the court finds the response to be sufficient.

**d. Response to Paragraph 13**
The court similarly finds that the JDI Plan's response to paragraph 13 meets Rule 8's requirements. The defendant employs permitted responses, including admission, denial, and assertions that it lacks knowledge or information sufficient to form a belief. Decubellis challenges the response's validity simply by claiming that the Plan "obviously" has the required knowledge or information. The court finds this basis unconvincing. Given the nature of the JDI Plan's response, the court finds it to be adequate.

**e. Response to Paragraph 14**
The JDI Plan's response to the allegations included in paragraph 14 does not constitute a permissible response under Rule 8. The defendant responds by claiming that the plaintiff's characterization of IRS Notice 96-8 "states a legal conclusion to which no response is required." (Am.Answer, p. 7). As noted above, legal conclusions are properly part of the federal notice pleading regime. *Hotel Emples. & Restaurant Emples.,* 1999 U.S. Dist. LEXIS 17375, at *2. All allegations

require a response permitted by Rule 8, including legal conclusions. Accordingly, the court will strike the defendant's response to paragraph 14.

**f. Response to Paragraph 15**
**\*4** Finally, the court finds that the JDI Plan's response to paragraph 15 fails to meet the requirements of Rule 8. The defendant contends that Decubellis' "characterization and paraphrase" of particular ERISA sections, Internal Revenue Code sections, and Treasury Regulations are "legal conclusions to which no response is required." (Am.Answer, p. 8). This response is not permitted by Rule 8 and the court will strike it.

The court will briefly address the JDI Plan's procedural arguments regarding the sufficiency of its responses. The JDI Plan asserts that the court need not address Decubellis' motion to deem certain allegations as admitted because the case was consolidated with a second, governing action. However, the court notes that its May 9, 2008 order consolidating the cases specifically stated that the court would address the motion following consolidation of the proceedings. Having made this statement, the court will not now deny the motion as moot or decline to decide the motion to conserve judicial resources.

The JDI Plan also asserts that Decubellis' motion is properly viewed as a motion to strike under Federal Rule of Civil Procedure 12(f); rendering the plaintiff's motion untimely. However, Decubellis seeks to have the responses deemed admitted under Rule 8; he does not seek to have the responses stricken. Further, Rule 12 permits the court to strike portions of a party's pleading on its own initiative. *See* Fed.R.Civ.P. 12(f)(1).

**III. CONCLUSION**
The court finds that the JDI Plan's responses to paragraphs 10, 11, 14, and 15 of the complaint are impermissible pleadings under Rule 8 because they do not constitute any of the following: a denial; an admission; or a claim that the defendant lacks knowledge or information sufficient to form a belief. The plaintiff urges the court to deem the allegations in these paragraphs admitted. However, the court determines that striking the aforementioned responses and granting the defendant leave to file an amendment to its answer is the appropriate result. A similar approach has been used by other district

courts in the 7th Circuit. *Hotel Emples. & Restaurant Emples.,* 1999 U.S. Dist. LEXIS 17375, at *1-2 (court strikes portions of answer that do not comply with Rule 8(b), but does so "with leave to replead, of course."); *Duff,* 1995 U.S. Dist. LEXIS 3946, at *7, 1995 WL 144519 (court strikes entire answer due to the number of paragraphs needing revision but grants leave to file a self-contained Amended Answer); *Mid-Continent Resource Recovery,* 1995 U.S. Dist. LEXIS 179, at *4 (court strikes answer that includes responses in violation of Rule 8(b) and allows the defendant to file a self-contained Amended Answer); *Cagan,* 1990 U.S. Dist. LEXIS 14994, at *4 (court strikes portions of answer that do not comply with Rule 8(b) and orders defendant to file an "appropriate amendment to cure the defects identified in this opinion ..."). Further, granting the JDI Plan leave to replead will allow a proper determination on the merits of the case. Accordingly,

**\*5**  IT IS ORDERED that the plaintiff's Renewed Motion to Deem Certain Allegations of the March 17, 2008 Complaint Admitted (Docket # 43) be and the same is hereby **DENIED;**

IT IS FURTHER ORDERED that the defendant's responses to paragraphs 11, 12, 14, and 15 of its Amended Answer be and the same are hereby **STRICKEN;** and

IT IS FURTHER ORDERED that the defendant shall file an amendment to its Amended Answer that addresses the defects identified in the Court's order on or before **January 12, 2009.**

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 5377712

Footnotes

1    "... plaintiffs assert that consolidating for all purposes would cause disruption because a motion to dismiss is pending in Case No. 07-CV-1047 and a motion to deem certain allegations in the complaint is pending in Case No. 08-CV-245. The court concludes that the cases should be consolidated even though they have separate and different motions pending. Those motions can be addressed after the cases are consolidated without disruption to the proceedings. *Decubellis v. Retirement Plan for Employees of JohnsonDiversey Inc.,* Case No. 08-C-0245, Order dated May 9, 2008 (Docket # 37).

2    Decubellis asserts in the introduction section of his motion that the JDI Plan violated Rule 8 in "16 of 30 instances." (Pl.'s Br., p. 3). He also identifies improper denials to Paragraphs 18, 21, 25 and 26. (Pl.'s Br., p. 5 n. 2). However, Decubellis later states that "The allegations which are the subject of this motion that the JDI Plan failed to deny or properly deny in accordance with Rule 8 are set forth below ..." (Pl.'s Br., p. 8). He then makes specific arguments about the defendant's responses to Paragraphs 10 through 15. (Pl.'s Br., pp. 8-22). Therefore, the court addresses only responses to those paragraphs in its decision.

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 2756330
Only the Westlaw citation is currently available.
United States District Court,
N.D. Indiana,
Hammond Division.

NORTHERN INDIANA METALS, Plaintiff,
v.
IOWA EXPRESS, INC., and Gateway
Freightways, Inc., Defendants.

No. 2:07–CV–414–PRC.
|
July 10, 2008.

**Attorneys and Law Firms**

Kevin C. Smith, Rubino Ruman Crosmer Cerven Smith
& Sersic, Dyer, IN, for Plaintiff.

Daniel J. Zlatic, Edward W. Hearn, Johnson &
Bell Ltd. Merrillville, IN, Paul A. Gajewski, PHV,
Axelrod Goodman Steiner & Bazelon, Chicago, IL, for
Defendants.

**OPINION AND ORDER**

PAUL R. CHERRY, United States Magistrate Judge.

**\*1** This matter is before the Court on a Motion for
Sanctions Deeming Paragraph 10 and 13 of Plaintiff's
Complaint Admitted by Defendant Iowa Express, and
Striking Four "Affirmative Defenses" [DE 27], filed by
Plaintiff Northern Indiana Metals ("Northern Indiana")
on April 29, 2008. On May 13, 2008, Defendant Iowa
Express, Inc. ("Iowa Express") filed a response, and on
May 20, 2008, Northern Indiana filed a reply. For the
following reasons, the Court grants the Motion in part and
denies it in part.

**BACKGROUND**

On November 26, 2007, Northern Indiana filed its
Complaint against Defendants, alleging that they are
liable for a missing shipment of brass. Northern Indiana
asserts diversity jurisdiction under 28 U.S.C. § 1332 and/
or federal question jurisdiction under 28 U.S.C. § 1331

pursuant to 49 U.S.C. § 14706 (the Carmack Amendment).
According to the Complaint, Northern Indiana sold
39,996 pounds of brass, [1] worth $130,181.38, to Olin Brass
Corp., located in East Alton, Illinois. Northern Indiana
hired Gateway Freightways, Inc. ("Gateway") to arrange
for the transportation of the brass. Gateway selected Iowa
Express as the common carrier to transport the load. On
April 23, 2007, a driver arrived at Northern Indiana in a
vehicle marked "Iowa Express." After the brass had been
loaded on the vehicle, the vehicle departed. The shipment
never arrived at Olin Brass Corp.'s facility in East Alton,
Illinois, and has not been located or recovered.

On January 28, 2008, Iowa Express filed an Answer
and Affirmative Defenses to Plaintiff's Complaint. Iowa
Express denies any involvement in the April 23, 2007 pick-
up.

**ANALYSIS**

In the instant Motion, Northern Indiana requests that
the Court enter an Order deeming the allegations in
Paragraphs 10 and 13 of the Complaint admitted.
Northern Indiana contends that Iowa Express' responses
to the Paragraphs are inadequate. In response to
Paragraph 10, Iowa Express avers that a bill of lading
shipping document "speaks for itself," and in response to
Paragraph 13, Iowa Express contends that the paragraph
calls for a "legal conclusion to which no response is
required." Answer ¶¶ 10, 13. Additionally, Northern
Indiana requests that the Court strike Iowa Express's
affirmative defenses, which Iowa Express refers to as
"Legal Paragraphs," because they are "neither proper
affirmative defenses nor listed by the Federal Rules of
Civil Procedure as permissible Affirmative Defenses." Pl.'s
Br. at 5.

In response, Iowa Express first argues that the Motion
fails to comply with Local Rule 7.1 because it requests
multiple forms of relief in a single motion. In response
to Northern Indiana's request to deem the allegations
in Paragraphs 10 and 13 of the Complaint admitted,
Iowa Express asks that the Court grant it leave to
replead its answers to those Paragraphs. In response to
Northern Indiana's request that the Court strike the Legal
Paragraphs, Iowa Express argues that Northern Indiana's
request is untimely because it was made after the 20–day
time limit to object to pleadings. However, Iowa Express

concedes that Legal Paragraphs # 1, # 3, and # 4 are improper.

## A. Local Rules

**\*2** In its response, Iowa Express contends that Northern Indiana combined two separate motions under cover of a single motion and, pursuant to the Local Rules, the Motion should be disregarded in its entirety. Local Rule 7.1 of the Local Rules of the United States District Court for the Northern District of Indiana provides, "[e]ach motion shall be separate; alternative motions filed together shall each be named in the caption on the face." N.D. Ind. L.R. 7.1(b). Here, the instant Motion is captioned: "Motion for Sanctions Deeming Paragraph 10 and 13 of Plaintiff's Complaint Admitted by Defendant Iowa Express, and Striking Four 'Affirmative Defenses.' " The caption expressly requests two separate forms of relief. Those are the only forms of relief requested in the body of the instant Motion. Thus, Northern Indiana's Motion complies with Local Rule 7.1(b) and Iowa Express' argument is without merit.

## B. Responsive pleading requirements

Turning to the substance of the Motion, Northern Indiana contends that two paragraphs of Iowa Express' Answer fail to meet the pleading requirements of Rule 8(b) and requests that the Court deem the allegations in the corresponding paragraphs of the Complaint admitted. Iowa Express contends that deeming the corresponding paragraphs of the Complaint admitted is too harsh a penalty.

Rule 8(b) of the Federal Rules of Civil Procedure controls a response to a complaint and provides:

> A party must ... state in short and plain terms its defenses to each claim asserted against it ... and admit or deny the allegations asserted against it by an opposing party.... A denial must fairly respond to the substance of the allegation. A party that intends in good faith to deny all the allegations of a pleading—... may do so by a general

denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.... A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.... A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.... An allegation —other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed.R.Civ.P. 8(b). Rule 8(b) thus requires a defendant to plead one of three alternatives in response to the allegations in a complaint: (1) an admission, (2) a denial, or (3) an averment that the party lacks knowledge or information sufficient to form a belief as to the truth of the averment. *See id.*

### 1. *"The document speaks for itself"*

Northern Indiana requests that the Court deem Paragraph 10 of the Complaint admitted because Iowa Express' response to that Paragraph neither admits, denies, or avers a lack of sufficient knowledge, nor could it be reasonably construed to do so. Paragraph 10 of the Complaint sets forth an alleged description of a bill of lading for the missing brass shipment. Iowa Express responded to Paragraph 10 by representing that "the documents referenced in Paragraph 10 speak for themselves." Answer at ¶ 10.

**\*3** District courts within the Seventh Circuit have consistently found that a responsive pleading indicating that a document "speaks for itself" is insufficient and contrary to the Federal Rules of Civil Procedure. *See Donnelly v. Frank Shirey Cadillac, Inc.,* No. 05–C–3520, 2005 WL 2445902, at \*1 (N.D.Ill. Sept. 29, 2005) (a party may not respond to allegations in a complaint by asserting that a document "speaks for itself"); *Bankske v. Tarka,*

Northern Indiana Metals v. Iowa Exp, Inc., Not Reported in F.Supp.2d (2008)
Case 1:18-cv-00068   Document 334-1   Filed in TXSD on 10/22/18   Page 57 of 72
2008 WL 2756330

No. 02–C–7359, 2003 WL 23149, at *1 (N.D.Ill. Jan. 2, 2003) ("several assertions ... that a document 'speaks for itself' are ... not permissible responses"); *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D.Ill.2001) (finding that a party may not respond to allegations about the contents of a document by representing that the "document speaks for itself"). However, imprecisely answering that a document "speaks for itself" may be made clear if contained within the context of an enlarged, clear, coherent response. *See McGrath v. Godshalk,* No. 07 CV 34, 2007 WL 2746865, at *12 (N.D.Ind. Sept. 18, 2007) (holding that a response that a document "speaks for itself" is sufficient when used as part of a larger explanation).

Here, Iowa Express defends its response by arguing that it "intended to deny the Plaintiff's characterization of the document in the Complaint ... evidenced by the fact that [it] ... denied that the load at issue was delivered to an Iowa Express vehicle ..." Def.'s Resp. Br. at 3. The piece of evidence that Iowa Express contends speaks for itself, the bill of lading signed by both the shipper and the carrier, is an important piece of evidence in this case. Iowa Express' response that the document speaks for itself could either be interpreted as an admission or denial and does not directly respond to the allegations in the Complaint. Further, Iowa Express' responses in the surrounding paragraphs of its Answer do not resolve this confusion. In the surrounding paragraphs, Iowa Express denies certain allegations and contends that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. These responses do not aid the Court's interpretation of the response to Paragraph 10. As a result, Defendant's answer to Paragraph 10 is insufficient.

While the response is insufficient, the Court does not grant Northern Indiana's request that the Paragraph be deemed admitted. Rather, in the interest of resolving this case based on the merits, Iowa Express must amend its Answer so as to comply with Rule 8(b).

*2. "Legal conclusion"*
Northern Indiana requests that the Court deem Paragraph 13 of the Complaint admitted because Iowa Express' response to the Paragraph neither admits, denies, or avers a lack of sufficient knowledge, nor could it be reasonably construed to do so. Paragraph 13 alleges that the Carmack Amendment was in effect at all relevant

times. Iowa Express' Answer to Paragraph 13 provides that the Paragraph "calls for legal conclusion to which no response is required." Answer at ¶ 13.

**\*4** District courts within the Seventh Circuit considering whether a response that an allegation "is a legal conclusion" is sufficient have found that the response is insufficient and contrary to the Federal Rules of Civil Procedure. *See Donnelly,* 2005 WL 2445902, at *1 (quotation and citations omitted) ("Refusing to answer an allegation because it calls for legal conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response' ").

Iowa Express' averment that Paragraph 13 calls for a legal conclusion to which no response is required does not meet Rule 8(b)'s requirements. Iowa Express must amend its response to Paragraph 13 in compliance with Rule 8(b).

### C. Affirmative defenses

Northern Indiana next argues that Iowa Express submitted four improperly pleaded affirmative defenses and requests that the Court strike those defenses. The Court notes that Iowa Express titles its affirmative defenses: "Legal Paragraphs # 1–# 4." In response to Northern Indiana's argument, Iowa Express contends that the Motion to Strike is not timely under Rule 12(f). Responding to the substance of Northern Indiana's argument, Iowa Express concedes that Legal Paragraphs # 1, # 3, and # 4 are improper and that the Court should strike those arguments. As to Legal Paragraph # 2, Iowa Express contends that it is proper.

Federal Rule of Civil Procedure 12(f) governs a motion to strike and provides, in relevant part:

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: ... on its own; or ... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed.R.Civ.P. 12(f). Because a motion to strike can be used as a vehicle for delay, "it is generally not favored, is viewed as a 'drastic' remedy, and is infrequently granted." *Midland Nat'l Life Ins. Co. v. Ash Fin. Holdings Group, Inc.,* No. 1:06–CV–00066, 2006 WL 2290912, at * 1 (N.D.Ind. Aug. 8, 2006) (citations omitted). Affirmative defenses should not be stricken " 'if they are sufficient as a matter of law or if they present questions of law or fact.' " *Spearman v. Tom Wood Pontiac–GMC, Inc.,* No. IP–00– 1340, 2000 WL 33125463, at * 1 (S.D.Ind. Dec. 22, 2000) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989)). "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Midland Nat'l Life Ins. Co.,* 2006 WL 2290912, at *1 (citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992)).

Here, Iowa Express filed a responsive pleading on January 28, 2008. Northern Indiana received immediate notification of the filing through the Court's electronic filing system. Northern Indiana did not file the instant Motion until April 29, 2008, approximately 90 days after Iowa Express filed its Answer. Thus, pursuant to Rule 12(f), Northern Indiana's Motion to Strike Iowa Express' affirmative defenses is not timely. However, Rule 12(f) also allows for a court to act on its own outside the twenty day time limit and strike a pleading if a defense is insufficient or if any material contained therein is redundant, immaterial, impertinent, or scandalous. *See* Fed.R.Civ.P. 12(f)(1). Acting on its own behest, and pursuant to Rule 12(f)(1), the Court will now conduct an analysis of the substance of Iowa Express' Answer.

**\*5** Because Iowa Express concedes that Legal Paragraphs # 1, # 3, and # 4 are improper and should be stricken, the Court strikes those defenses. With regard to Legal Paragraph # 2, Northern Indiana asks that the Court strike the defense because it is not a statutorily recognized defense. In Legal Paragraph # 2, Iowa Express alleges that Northern Indiana was contributorily negligent and is at least partially responsible for any damages it suffered as a result of the missing brass shipment.

The analysis of liability under the Carmack Amendment is a burden shifting consideration. First, the plaintiff must show (1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages. *Allied Tube & Conduit Corp. v. Southern Pacific Transp. Co.,* 211 F.3d 367, 369 (7th Cir.2000). If the plaintiff makes its showing,

the burden of production then shifts to the carrier (party contracted to perform transportation services) to show that it was not negligent and that the damage to the goods was caused by an act of God, a public enemy, an act of the shipper himself, a public authority, or the inherent vice or nature of the goods. *See id.* at 369–70; *Mach Mold Inc. v. Clover Assoc., Inc.,* 383 F.Supp.2d 1015, 1030 (N.D.Ill.2005).

Here, Iowa Express argues that the loss alleged by Northern Indiana was caused by Northern Indiana's own negligence, or at least that Northern Indiana's negligence contributed to the loss. Northern Indiana argues that Iowa Express' contributory negligence defense is a state common law defense not recognized by the Carmack Amendment. However, pleading that acts of the shipper brought about the loss is a recognized statutory defense. *See* 383 F.Supp.2d at 1030. Here, Iowa Express alleges that Northern Indiana, the shipper, contributed to the loss, and thus has pleaded a recognized defense. Accordingly, this Court denies Northern Indiana's Motion to Strike Legal Paragraph # 2. Iowa Express, in its response, requests leave to replead and rephrase Legal Paragraph # 2. The Court grants the request.

## CONCLUSION

Having considered the Motion and applying the relevant standards, the Court hereby **DENIES IN PART AND GRANTS IN PART** the Motion for Sanctions Deeming Paragraph 10 and 13 of Plaintiff's Complaint Admitted by Defendant Iowa Express, and Striking Four "Affirmative Defenses" [DE 27]. The Court **DENIES** Northern Indiana's request that Paragraphs 10 and 13 of its Complaint be deemed admitted. The Court **ORDERS** that Iowa Express file an Amended Answer as to Paragraphs 10 and 13 of Northern Indiana's Complaint on or before *July 24, 2008.* The Court **GRANTS** Northern Indiana's request to strike Legal Paragraphs # 1, # 3, and # 4 and hereby **STRIKES** those affirmative defenses. The Court **DENIES** Northern Indiana's request to strike Legal Paragraph # 2. The Court **ORDERS** that Iowa Express file an Amended Answer as to Legal Paragraph # 2 on or before *July 24, 2008.*

**\*6** SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2756330

Footnotes

1      Northern Indiana alleges that the brass sold consisted of 16,618 pounds of 260 brass and 23,378 pounds of 110 brass.

---

**End of Document**         © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2445902
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

Jacqueline DONNELLY, Plaintiff,

v.

FRANK SHIREY CADILLAC, INC., Defendant.

No. 05 C 3520.
|
Sept. 29, 2005.

**Attorneys and Law Firms**

Timothy J. Coffey, The Coffey Law Office, P.C., Glen
Ellyn, IL, for Plaintiff.

Lori A. Vanderlaan, Best, Vanderlaan & Harrington,
Chciago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

ASHMAN, Magistrate J.

**\*1** Plaintiff, Jacqueline Donnelly, moves this Court to
strike Defendant, Frank Shirey Cadillac, Inc.'s answers
to certain paragraphs of her Complaint as violative of
Rule 8(b) of the Federal Rules of Civil Procedure. Plaintiff
further requests that this Court deem each improper
answer to be an admission or, in the alternative, order
Defendant to amend each improper answer so that it
complies with Rule 8(b). Plaintiff also asks to be given
leave instanter, pursuant to Rule 15(a) of the Federal
Rules of Civil Procedure, to amend paragraph 23 of Count
I on its face to correct an error. For the reasons that
follow, Plaintiff's motion to strike is granted and Plaintiff
is given leave to amend paragraph 23 of Count I.

I. *Discussion*

Plaintiff claims that Defendant's answers to paragraphs
2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22 and
23 of Count II of her Complaint are violative of Rule
8(b) in whole or in part. According to Rule 8(b), when
answering a complaint, a party "shall admit or deny
the averments upon which the adverse party relies. If

a party is without knowledge or information sufficient
to form a belief as to the truth of an averment, the
party shall so state and this has the effect of a denial."
Fed.R.Civ.P. 8(b). Despite the seemingly straightforward
and unambiguous options available to parties under Rule
8(b), some defense counsel persist in using unacceptable
devices in their answers and, in so doing, violate Rule
8(b). Unacceptable devices now familiar in this district
include: refusing to admit something that is alleged about
a document on the grounds that the document "speaks for
itself;" [1] demanding "strict proof" of an allegation; and
declining to respond to an allegation because it "states
a legal conclusion." *State Farm Mut. Auto. Ins. v. Riley,*
199 F.R.D. 276, 278–79 (N.D.Ill.2001); *King Vision Pay
Per View, Ltd. v. J.C. Dimitri's Rest., Inc.,* 180 F.R.D.
332, 333–34 (N.D.Ill.1998). Where defense counsel fails to
comply with Rule 8(b), it is within the Court's discretion
to find that the defendant has not denied the plaintiff's
allegation and deem that allegation admitted, per Rule
8(d) of the Federal Rules of Civil Procedure. Fed.R.Civ.P.
8(d).

Defendant's answers to paragraph 2 and paragraphs
21, 22, and 23 of Count II improperly claim that the
documents referenced therein speak for themselves.
Paragraph 2 states that this Court has jurisdiction over
Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1331, 1337,
1343. Paragraphs 21 and 22 of Count II contain the
text of the Americans with Disabilities Act, 42 U.S.C.
§ 12112(a). Paragraph 23 of Count II contains the text
of *Gile v. United Airlines, Inc.,* 213 F.3d 365, 373 (7th
Cir.2000), a case interpreting and applying the Americans
with Disabilities Act. Defendant refuses to admit or deny
these four paragraphs, claiming that the statutes and case
law speak for themselves. (Def.'s Answer ¶¶ 2, 21–23
(Count II).) As noted above, Defendant's answers are
improper and violate Rule 8(b) and therefore must be
amended.

**\*2** Defendant's answer to paragraph 14 is similarly
improper. Paragraph 14 alleges that a doctor filed
a Family Medical Leave Act (FMLA) certification
describing, among other things, Plaintiff's medical
condition and her need for time off work. Defendant's
answer to paragraph 14 denies that the doctor's report
constituted a FMLA certification and then states that the
substance of the report speaks for itself. (Def.'s Answer ¶
14.) As discussed above, the report does not speak for itself

2005 WL 2445902

and Defendant must amend its answer so as to comply with Rule 8(b).

Defendant's answers to paragraphs 5 and 10 include improper demands for strict proof. Paragraph 5 alleges that Plaintiff resides in Cook County, Illinois. Paragraph 10 alleges that Plaintiff was hospitalized in September 2002, discharged in October 2002, and returned to work in November 2002. Defendant claims that it lacks sufficient information to either admit or deny these allegations and then "demands strict proof thereof." (Def.'s Answer ¶¶ 5, 10.) The demand for strict proof is improper and its meaningless inclusion should be eliminated in the Amended Answer required by this opinion. See *Gracedale Sports and Entm't., Inc. v. Ticket Inlet, LLC,* No. 99 C 2781, 1999 WL 618991, at *1 (N.D.Ill. Aug. 9, 1999). In its Amended Answer Defendant must simply state whether it admits, denies, or lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 5 and 10.

Next, Defendant refuses to answer paragraph 4 and paragraph 23 of Count I on the grounds that they call for legal conclusions. (Def.'s Answer ¶¶ 4, 23 (Count I).) Refusing to answer an allegation because it calls for legal conclusions "flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response." *Id* . at *2 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995)). It follows that Defendant must amend its answers to these paragraphs and clearly state whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

Finally, Defendant improperly states "objections" to Plaintiff's allegations in paragraphs 7, 9, and 11, and paragraph 23 of Count I. Paragraph 7 alleges that Plaintiff was employed for a certain number of hours and months preceding "her requests for intermittent and/or reduced schedule leave under the FMLA." Defendant objects to this quoted phrase on the grounds that it is vague and ambiguous, and then denies the allegations contained in paragraph 7. (Def.'s Answer ¶ 7.) Paragraph 9 alleges that Defendant met the FMLA's definition of "employer" in "the year or years of the illegal conduct asserted [in Plaintiff's Complaint], or in the preceding years." Defendant objects to paragraph 9, claiming that the terms "year or years of the illegal conduct" and "preceding

years" are vague and ambiguous, and then, subject to and without waiving the objection, denies paragraph 9. (Def.'s Answer ¶ 9.) Paragraph 11 alleges that Plaintiff kept Defendant apprised as to her medical condition and expected return date "[d]uring her hospitalization and time off work." Defendant objects to the quoted language as vague and ambiguous, acknowledges only that Plaintiff did not work in the Fall of 2002, and denies the remaining allegations. (Def.'s Answer ¶ 11.) Finally, paragraph 23 of Count I alleges that, based on paragraphs 1 through 22 of Count I, "at the time [Plaintiff] first requested intermittent leave in early 2002 and continuing through to her termination, [Plaintiff] was entitled to a total of 12 weeks leave under ... the FMLA." Defendant first objects to paragraph 23 of Count I, claiming that the terms "at the time [Plaintiff] first requested intermittent leave" and "early 2002" are vague and ambiguous, and then denies the allegations contained in the paragraph. (Def.'s Answer ¶ 23 (Count I).) In her reply brief, Plaintiff admits that paragraph 23 of Count I should read "early 2004" and not "early 2002" and asks to be given leave instanter to make that correction. (Pl.'s Reply at 7.)

**\*3** "Objection" is an improper response that does not appear in Rule 8(b). While an objection to a "vague and ambiguous" allegation might suggest lack of knowledge or information sufficient to form a belief as to the truth of an averment, it is Defendant's obligation to answer the complaint with one of the three permissible responses set out in Rule 8(b). Accordingly, the Court strikes Defendant's objections and requires Defendant to amend its answers to paragraphs 7, 9, and 11, and paragraph 23 of Count I (which will be amended to correct other flaws discussed above, as well).

For the reasons set out above, the Court strikes Defendant's answers to paragraphs 2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22, and 23 of Count II of Plaintiff's Complaint. As Defendant's answer to paragraph 23 of Count I is stricken, the Court grants Plaintiff leave instanter to amend "early 2002" to read "early 2004" in that paragraph.

Though we grant Defendant leave to amend its Answer, this Court is disheartened by Defendant's failure to follow Rule 8(b) and by Defendant's attempt to defend its use of answers explicitly deemed improper by the courts of this district. Rule 8(b) is straightforward and easy to follow and the Court trusts that Defendant will quickly correct

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2445902

and amend its improper answers to paragraphs 2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22, and 23 of Count II of Plaintiff's Complaint. Defendant is given fourteen days to do so. Defendant is admonished to follow the rules in the future and to refrain from frivolously defending obvious procedural rule violations.

## II. *Conclusion*

For the reasons stated above, Plaintiff is given leave instanter to amend her Complaint on its face so that paragraph 23 of Count I reads "early 2004" instead of "early 2002," Plaintiffs motion to strike is granted, and Defendant is given fourteen days to amend its Answer.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2445902

## Footnotes

1    As Judge Shadur wrote in *State Farm Mut. Auto. Ins. v. Riley,* "[t]his Court has been attempting to listen to [documents that speak for themselves] for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations)." 199 F.R.D. 276, 279 (N.D.Ill.2001).

    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2017 WL 6621539
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Dallas Division.

Shelly BALL, Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA, Defendant.

No. 3:17-cv-2366-L
|
Signed 12/28/2017

**Attorneys and Law Firms**

James L. Johnson, The Johnson Law Firm, Dallas, TX, for Plaintiff.

Cole B. Ramey, Craig A. McDougal, S. Wesley Butler, Kilpatrick Townsend & Stockton LLP, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAVID L. HORAN, UNITED STATES MAGISTRATE JUDGE

**\*1** Plaintiff Shelly Ball has filed a Motion to Compel Defendant to File an Amended Answer. *See* Dkt. No. 14 (the "Motion to Compel"). United States District Judge Sam A. Lindsay has referred the Motion to Compel to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636. *See* Dkt. No. 17.

Defendant Life Insurance Company of North America ("LINA") filed a response, *see* Dkt. No. 18, and Ball filed a reply, *see* Dkt. No. 20.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Plaintiff Shelly Ball's Motion to Compel Defendant to File an Amended Answer [Dkt. No. 14].

## Background

The Motion to Compel explains that Ball's "Original Complaint ('Complaint') [ECF Doc. 1] details Ball's claims against Life Insurance Company of North America [hereinafter 'LINA'] arising from LINA's denial of Ball's claim for long-term disability ('LTD') benefits" and asserts that,

[i]n Defendant's Amended Answer ('Answer') [ECF Doc. 12], LINA fails to satisfy well-know pleading standards in two areas. Both areas were recently addressed by [United States District] Judge [Sidney A.] Fitzwater. As summarized by Ball:

LINA repeatedly pleaded that a document "speaks for itself" after Ball warned LINA not to do so and provided LINA with case authority that: "This type of pleading is insufficient." *Bruce v. Anthem Ins. Cos.,* [No. 3:15-cv-353-D,] 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (compelling more specific answer).

LINA pleaded affirmative defenses in section B.1 and B.2 without any facts, despite the requirement that it provide "enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and avoid unfair surprise." *Bruce,* 2015 WL 1860002, at *3 (compelling more specific answer as to four affirmative defenses).

(Joint Status Report [ECF Doc. 13] at 2-3, § 3.a.)

Dkt. No. 14 at 1.

Ball asks the Court to "order LINA to file an amended answer to address, in compliance with [Federal Rule of Civil Procedure] 8(b)(1)(B), the allegations in paragraphs 297-298 and 302-304 of the Complaint, without basing its responses on any assertion that a document 'speaks for itself,' and that the Court order that the clause 'among other things' is stricken from paragraphs B.1 and B.2 on page 36 of Defendant's Amended Answer, with an opportunity to re-plead, in compliance with [Federal Rule of Civil Procedure] 8(b)(1)(A) and [Federal Rule of Civil Procedure] 8(c), any such affirmative defense with enough specificity or factual particularity to give the Ball fair notice of the defense." *Id.* at 4-5.

LINA responds that Ball's "Original Complaint, filed on September 7, 2017, is 60 pages long and contains 358 separate allegations to which LINA responded" and that "[m]any of the allegations were argumentative and/or

Ball v. LINA Insurance Company of North America, Slip Copy (2017)
Case 1:18-cv-00068 Document 334-1 Filed in TXSD on 10/22/18 Page 64 of 72
2017 WL 6621539

accusatory allegations that serve no apparent function, and many simply quoted documents or quoted language from cases." Dkt. No. 18 at 1 (footnote omitted). LINA explains that, "[n]onetheless, [it] responded to each and every allegation in its Original Answer filed on October 16, 2017" but that, "[t]hereafter, [Ball's] counsel complained that LINA's answer was insufficient and requested that LINA amend its answer." *Id.*

 **\*2** According to LINA, although it "believes its Original Answer was sufficient, in an attempt to avoid a needless dispute over the pleadings, LINA filed its Amended Answer on November 6, 2017, revising paragraphs 10, 16, 42, 100-103, 105, 136, 137, 188, 215, and 216 and adding additional factual allegations to Affirmative Defenses B.1 and B.2," but, "[d]espite this, Plaintiff continues to demand that LINA amend its pleadings and has now filed her Motion [to Compel] simply to harass LINA." *Id.* at 1-2.

In reply, Ball contends that LINA's response "continues LINA's history of procedural violations that have the effect of 'sandbagging' Ball"—"[w]here LINA's actions previously contravened the ERISA standards, they now contravene the Federal Rules of Civil Procedure and the case law construing them." Dkt. No. 20 at 2. Ball asserts that she "provided the applicable legal authorities to LINA before filing her" Motion to Compel and that "LINA failed to heed them" and "has created disputes where, because of settled law, there should be none" as to "(1) the five simple sentences in the Complaint to which LINA has evasively answered that Caringi's report 'speaks for itself ' " and "(2) the two affirmative defenses pleaded by LINA with a catch-all 'among other things' clause." *Id.*

**Legal Standards**

Federal Rule of Civil Procedure 8(b) governs a defendant's admissions and denials of allegations in a complaint filed under Federal Rule of Civil Procedure 8(a) and provides:

(1) In General. In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.

(3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading —including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

FED. R. CIV. P. 8(b). "Each allegation must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1). And "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e).

"As has been noted in many judicial opinions, the theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *Bruce v. Anthem Ins. Cos., Inc.*, No. 3:15-cv-353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (internal quotation marks omitted).

But "defendants are only obligated to give reasonable notice of the allegations that they seek to put in issue: Rule 8(b) also must be read in conjunction with Rule 8(e), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." *Id.* at *2-*3 (internal quotation marks omitted).

**\*3** Federal Rule of Civil Procedure 8(c) governs affirmative defenses and requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). Rule 8(c) "requires a defendant to state affirmative defenses in its responsive pleading," and the United States Court of Appeals for the Fifth Circuit has explained that "Rule 8(c)'s purpose is to give the plaintiff fair notice." *Motion Medical Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017).

Although district courts within the Fifth Circuit have divided as to whether a fair notice standard continues to apply to pleading affirmative defenses or whether the plausibility standard, expressed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies, and the "Fifth Circuit has not addressed this issue" explicitly, *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012), "[t]he Fifth Circuit has, however, applied the fair notice pleading standard in its decisions post-*Twombly*/*Iqbal*," *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.*, Civ. A. No. H-16-3573, 2017 WL 1956739, at \*1 n.1 (S.D. Tex. May 11, 2017) (citing *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 546 Fed.Appx. 458 (5th Cir. 2013)).

For the reasons that other judges have persuasively explained, *see Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-cv-282-RP, 2015 WL 4935527 at \*2-\*3 (W.D. Tex. Aug. 18, 2015); *United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418-19 (S.D. Tex. 2014); *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-cv-1911-D, 2011 WL 208408, at \*2 (N.D. Tex. Jan. 21, 2011), this Court will do likewise here, as Judge Lindsay has in prior decisions and as the parties have in briefing this issue, *see* Dkt. No. 14 at 1, 4-5; Dkt. No. 18 at 3-4; Dkt. No. 20 at 8-9; *Galera v. Relief Net Road Servs., Inc.*, No. 3:13-cv-4723-L, 2015 WL 1931364, at \*4 (N.D. Tex. Apr. 28, 2015) ("A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." (internal quotation marks omitted)); *GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-cv-572-L, 2011 WL 5025153, at \*2 (N.D. Tex. Oct. 20, 2011) ("It is unclear whether the plausibility standard for pleading, expressed in [*Twombly*] and [*Iqbal*], extends to the pleading of affirmative defenses. The Fifth Circuit

has not addressed this issue. In the absence of guidance from the Fifth Circuit and Supreme Court, the court will apply the standard from [*Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999) ]." (citing *E.E.O.C. v. Courtesy Bldg. Servs.*, 2011 WL 208408)).

The fair notice standard requires a defendant to " 'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.' " *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). "The concern is that '[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.' " *Id.* (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)).

" '[F]air notice' is satisfied if the defense is 'sufficiently articulated ... so that the plaintiff [is] not a victim of unfair surprise.' " *MetroPCS*, 2017 WL 1956739, at \*1 (quoting *Woodfield*, 193 F.3d at 362). " 'Although ... in some instances merely pleading the name of the affirmative defense may be sufficient, a 'fact-specific inquiry' is required to determine whether the pleadings set forth the 'minimum particulars' needed to ensure the plaintiff is not the victim of unfair surprise.' " *J&J Sports Productions, Inc. v. Willie Ray's Private Room, Inc.*, No. 3:16-cv-1206-D, 2017 WL 514422, at \*2 (N.D. Tex. Feb. 8, 2017) (quoting *Mary Kay, Inc. v. Dunlap*, No. 3:12-cv-29-D, 2012 WL 2358082, at \*8 (N.D. Tex. June 21, 2012) (quoting *Woodfield*, 193 F.3d at 362)).

**\*4** Federal Rule of Civil Procedure 9's special pleading requirements may also come into play as to certain affirmative defenses. Rule 9(c) provides that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed" but that, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c).

"When an answer does not comply with Rule 8(b) [or Rule 8(c) ], a plaintiff may move to require the defendant to replead." *Bruce*, 2015 WL 1860002, at \*1. This request for relief "enables defendants to cure their pleading defects without suffering the consequences of having the averments of [a] complaint deemed admitted, or their defenses stricken." *Id.*

## Analysis

I. LINA's Response to Paragraphs 297-298 and 302-304 of Ball's Complaint

Plaintiff's Original Complaint alleges in pertinent part:

> 297. In answer to the first sub-question under Question 1 of said Vendor Referral Form, Dr. Caringi fully embraced the artificial "physically functionally impaired" phraseology, so, despite the fact that "Dr. Cohen has reported that restrictions and limitations," Dr. Caringi dismissed them as "based on clinical impression rather than specific testing."

> 298. As artificially so defined, Dr. Caringi concluded that "functional impairment is not supported."

> ....

> 302. Dr. Caringi's report did not explain or suggest how any patient's reports of pain could ever be "conclusively" supported.

> 303. Dr. Caringi's report did not explain or suggest why any patient's reports of pain, or any restrictions and limitations based on such pain, could be dismissed merely because they were "based on clinical impression" of the pain management specialist who was examining and treating the patient in a clinical setting.

> 304. In answer to Question 3 of said Vendor Referral Form, Dr. Caringi answered: "No the results from the FCE completed in 08/05/2015 revealed self-limited findings," and that "the documentation does not provide clear evidence of impairment."

Dkt. No. 1 at 41, 43-44.

In response, LINA's Amended Answer states:

> 297. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 297 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 297 of the Complaint.

> 298. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 298 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit

or characterize same. Defendant denies the allegations in paragraph 298 of the Complaint.

> ....

> 302. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 302 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 302 of the Complaint.

> 303. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 303 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 303 of the Complaint.

> 304. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 304 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant admits the remaining allegations in paragraph 304 of the Complaint.

**\*5** Dkt. No. 12 at 29, 30.

Ball complains that her "Complaint quotes from documents in the record in an effort to force LINA to confront the many facts that it would prefer to ignore" and "quotes from the report of LINA's consultant, Daryl Caringi, M.D. ('Caringi)'" but that LINA's Amended Answer "evades many of the quotations from Caringi's report, and instead states that the report 'speaks for itself' " at paragraphs 297-298 and 302-304. Dkt. No. 14 at 2. Ball contends that, "[u]nder Rule 8(b)(1)(B), LINA 'must' file an answer to 'admit or deny the allegations' in the Complaint," under Rule 8(b)(2), " 'must fairly respond to the substance of the allegation,' " and, "[u]nder Rule 8(b)(4), if LINA intends 'in good faith to deny only a part of an allegation,' it 'must admit the part that is true and deny the rest.' " *Id.* According to Ball, "LINA's 'speaks for itself' assertions fail to satisfy these well-known pleading standards" and do "not fairly respond to the substance of Ball's allegations," and " '[t]his type of pleading is insufficient.' " *Id.* (quoting *Bruce*, 2015 WL 1860002, at \*2).

Ball argues that "LINA should amend its answer to address paragraphs 297-298 and 302-304 of the

Complaint, without basing that response on the belief ... that a document speaks for itself" and that "[t]he amended answer should be 'far more meticulous in specifying exactly which parts of the [Complaint] are and which are not being put into issue.' " *Id.* at 3 (quoting *Bruce*, 2015 WL 1860002, at *3*; internal quotation marks omitted).

LINA responds that Ball "fails to inform the Court that while the relevant paragraphs in LINA's Amended Answer do contain the words 'speaks for itself,' LINA's responses to the factual allegations in the Complaint contain specific admissions or denials of the allegations." Dkt. No. 18 at 2. According to LINA, "[t]hroughout her Complaint, Plaintiff attempted to mischaracterize various documents in the administrative record by selectively quoting portions of documents or by distorting the context of the documents," and, "[a]ccordingly, in response to paragraphs 297-298, 302-304, LINA specifically denied or admitted the allegations in the Complaint, but also responded that 'the October 24, 2016 Peer Review by Daryl Caringi, MD referenced in paragraph [#] of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same.' " *Id.* (quoting Dkt. No. 12 at ¶¶ 297-298, 302-304).

LINA contends that, unlike in *Bruce*, in which "instead of substantively responding to certain allegations in the complaint, the defendant answered: 'Defendants admit only that the referenced plan is a document that speaks for itself. Otherwise, denied,' and "[t]he Court found the pleading insufficient because it did not give reasonable notice of the allegations defendant sought to put at issue," "[h]ere, while LINA challenged Plaintiff's attempts to mischaracterize a document, LINA either specifically denied or specifically admitted the allegations in paragraphs 297-298 and 302-304." *Id.* at 2, 3 (quoting *Bruce*, 2015 WL 1860002, at *2*). LINA asserts that "it is disingenuous for Plaintiff to claim that she is not apprised of which allegations are admitted or contested." *Id.* at 3.

**\*6** In reply, Ball asserts, among other things, that her quotations from Dr. Caringi's report are accurate and notes that, whereas LINA alleges that Dr. Caringi's report "speaks for itself," as to the Complaint's allegations regarding Dr. Christopher Wilson's report, "LINA 'admits' that Ball 'accurately quoted' from Dr. Wilson's report, but 'denies any attempts by Plaintiff to expand,

modify, qualify, limit or characterize' his opinions." *Id.* at 5-7 (quoting Dkt. No. 12 at ¶¶ 222-224).

Ball also asserts that "LINA's argument that it both 'specifically denied or admitted the allegations' and responded that Caringi's report 'speaks for itself' (Response at 2) would render the 'speaks for itself' allegations meaningless." *Id.* at 7. Ball explains, for example, that "LINA alleges that Caringi's report 'speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same,' and that LINA 'admits the remaining allegations in paragraph 304 of the Complaint' " but that "[t]here are only quotations from Caringi's report in paragraph 304 of the Complaint" and therefore " are no 'remaining allegations' in said paragraph." *Id.* at 7 n.7 (quoting Dkt. No. 12 at ¶ 304).

The Court will not pass on the accuracy of Ball's quotations from Dr. Caringi's report.

But Ball's allegations in paragraphs 297-298 and 302-304 of the Complaint alternately quote or paraphrase or, in some instances, characterize what Dr. Caringi did and did not state, conclude, explain, or suggest in his report. Rule 8(b) mandates that a defendant's "denial must fairly respond to the substance of the allegation"; that, if the defendant "does not intend to deny all the allegations," it "must either specifically deny designated allegations or generally deny all except those specifically admitted"; and that, if the defendant "intends in good faith to deny only part of an allegation," it "must admit the part that is true and deny the rest." FED. R. CIV. P. 8(b)(2)-(4). Alleging that the report "speaks for itself" only creates confusion as to LINA's general denial of the entirety of paragraphs 297-298 and 302-303 of the Complaint and does not fairly respond to the substance of the allegations. And, as to paragraph 304, as Ball explains, the "speaks for itself" allegation and denial of "any attempts by Plaintiff to expand, modify, qualify, limit or characterize" the report—coupled with LINA's "admit[ting] the remaining allegations in paragraph 304 of the Complaint"—are misplaced and do not fairly respond to the substance of paragraph 304's allegations that state only that Dr. Caringi answered a numbered question in the manner quoted. Dkt. No. 12 at 30.

Accordingly, the Court ORDERS LINA to file an amended answer by **January 18, 2018** to replead its responses to the allegations in paragraphs 297-298 and

302-304 of Plaintiff's Original Complaint [Dkt. No. 1] consistent with this order and without basing its responses on any assertion that a document "speaks for itself."

## II. LINA's Affirmative Defenses in Paragraphs B.1 and B.2 of its Amended Answer

LINA's Amended Answer also states that

> [s]ubject to and without waiving Defendant's denial of Plaintiff's allegations, Defendant further pleads the following affirmative defenses pursuant to Fed. R. Civ. P. 8(c):
>
> 1. As a first affirmative defense, Defendant alleges that Plaintiff has failed to satisfy all the conditions precedent, subsequent and/or concurrent to the receipt of benefits under the subject group policy issued by LINA and/or the subject Plan because, among other things, Plaintiff failed to provide proof of continued disability as required under the Policy and Plan.
>
> **\*7** 2. As a second affirmative defense, Defendant alleges that Plaintiff has failed to comply with the terms of the subject group policy issued by LINA and/or the subject Plan by, among other things, failing to timely submit an appeal and failing to cooperate in appearing for an [independent medical examination ("IME") ].

Dkt. No. 12 at 36.

Ball complains that LINA's Amended "Answer fails to provide fair notice of the basis of affirmative defenses 1 and 2, to the extent LINA has tried to expand them with an 'among other things' clause." Dkt. No. 14 at 4. Ball asserts that "LINA affirmative defenses 1 and 2 are prime examples of [insufficient and unacceptable] 'boilerplate' and 'formula-like' pleading," where "LINA provides no factual particularity to give Ball fair notice of what 'other things' the more specifically-pleaded defenses are 'among.'" *Id.* Ball contends that these "defenses should be stricken, with an opportunity to re-plead in compliance with Rule 8(c)." *Id.*

LINA responds that "Rule 8 requires a party to plead affirmative defenses with enough specificity or factual particularity to give the plaintiff fair notice of the defense" and that, although Ball "argues that LINA's affirmative defenses are insufficient because they contain the language 'among other things,'" Ball "does not cite to any authority to support her argument in that regard." Dkt. No. 18

at 3, 4. LINA argues that "Rule 8(c) does not require a defendant to articulate every possible factual basis for its affirmative defenses" but rather "only requires enough specificity *or* factual particularity to provide 'fair notice' of the defense." *Id.* at 4 (emphasis in original; quoting Woodfield, 193 F.3d at 361). LINA asserts that its "affirmative defenses B.1 and B.2 more than satisfy that standard." *Id.*

In reply, Ball contends that "LINA's apparent theory is that if it contends that Ball failed to satisfy six conditions precedent or comply with six policy terms, LINA is only required to plead the factual predicate for just one of each six, and leave Ball guessing about the other five." Dkt. No. 20 at 8. But, according to Ball, "[a]s to any other factual predicates, ... LINA must provide 'enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and avoid unfair surprise.'" *Id.* (quoting Bruce, 2015 WL 1860002, at \*3).

The Court is persuaded that Ball's position on this issue is correct. These affirmative defenses specifically allege one legal ground and one or two factual bases for each defense —(1) that Ball failed to satisfy a conditions precedent, subsequent and/or concurrent to the receipt of benefits under the subject group policy issued by LINA and/or the subject Plan by failing to provide proof of continued disability as required under the Policy and Plan and (2) that Ball failed to comply with the terms of the subject group policy issued by LINA and/or the subject Plan by (a) failing to timely submit an appeal and (b) failing to cooperate in appearing for an independent medical examination. Rule 8(c) does not require LINA to enumerate every fact that may support those particular defenses, which—so far as they go—comply with Rule 9(c)'s particularity requirement and which LINA has sufficiently articulated so that Ball is not a victim of unfair surprise as to the defense that is being advanced. There is no basis, then, to strike these defenses based on their use of the phrase "among other things."

**\*8** But the Court cannot agree with LINA that Ball is demanding unnecessary, additional pleading of factual support for these affirmative defenses. To comply with the requirements for fair notice under Rule 8(c) and pleading with particularity under Rule 9(c), if LINA intends at this time to plead that Ball failed to comply with other conditions precedent (other than a requirement to provide proof of continued disability) or other terms of the policy

and plan (other than timely submitting an appeal or cooperating by appearing for an independent medical examination), LINA must plead with more particularity to specifically identify the additional terms or condition precedents with which it alleges that Ball failed to comply. *Cf. Klein v. Federal Ins. Co.*, Nos. 7:03-cv-102-D & 7:09-cv-94-D, 2014 WL 4476556, at *6 (N.D. Tex. Sept. 11, 2014) ("Federal pleads as its sixth defense: 'Plaintiffs' claims are or may be barred to the extent Plaintiffs and/or CVS/Revco have not fulfilled all conditions precedent and subsequent for coverage under the Policy or the Transit Policy.' The class plaintiffs posit that such broad pleading encompasses the entire policy, which consists of terms, conditions, limits, exclusions, or endorsements, most of which can be considered conditions precedent or subsequent. The court agrees. As pleaded, this defense is a broadly-worded averment that covers a multitude of potential defenses based on the underlying insurance policies." (citation omitted)).

Accordingly, the Court ORDERS that LINA to must file an amended answer by **January 18, 2018** to replead its affirmative defenses 1 and 2 to the extent that it wishes to allege a basis for those defenses beyond those that it has specifically pleaded, as discussed above.

### Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff Shelly Ball's Motion to Compel Defendant to File an Amended Answer [Dkt. No. 14].

Finally, the Court declines to wade into counsel's competing allegations of prior reprimands of counsel or of personal attacks on and alleged possible "trolling" of counsel and will instead remind all counsel of their obligations under *Dondi Properties Corp. v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988).

SO ORDERED.

**All Citations**

Slip Copy, 2017 WL 6621539

---

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.

 NJAPP000066 7

2018 WL 3611880
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas, Austin Division.

MICHAEL D. WIECK
v.
SYNRG. ROYCE LLC, D/B/
A GOGREENTX, LLC, et al.

A-17-CV-599 LY
|
Filed 01/30/2018

**ORDER**

ANDREW W. AUSTIN UNITED STATES
MAGISTRATE JUDGE

**\*1** Before the Court is Plaintiff's Motion to Strike
Defendant McKinney's Answer or in the alternative,
Plaintiff's Response to Defendant McKinney's Motion for
Relief (Dkt. No. 24). Defendant Nathan McKinney did
not file a response to the Motion to Strike.

**I. General Background**

On June 28, 2017, Michael Wieck filed this lawsuit
under the Fair Labor Standards Act against his former
employer, Synrg.Royce LLC, d/b/a GoGreenTX, LLC
("GoGreen"), as well as part-owners of Go-Green,
Dennis Royce Jr., Nathan McKinney, and Eric Bauman.
On October 18, 2017, Defendant Nathan McKinney
("McKinney"), who is proceeding *pro se*, filed a three-
sentence "Answer" to the Complaint requesting that he
be removed from this lawsuit on the basis that he is not
an owner of the GoGreen. Wieck now moves to strike the
Answer contending that it fails to comply with Federal
Rule of Civil Procedure 8(b)(1).

**II. Analysis**

Federal Rule of Civil Procedure 8(b) governs a defendant's
admissions and denials of allegations in a complaint and
provides the following:

(1) In General. In responding to a pleading, a party
must:

(A) state in short and plain terms its defenses to each
claim asserted against it; and

(B) admit or deny the allegations asserted against it
by an opposing party.

(2) Denials--Responding to the Substance. A denial
must fairly respond to the substance of the allegation.

(3) General and Specific Denials. A party that intends
in good faith to deny all the allegations of a pleading--
including the jurisdictional grounds--may do so by a
general denial. A party that does not intend to deny all
the allegations must either specifically deny designated
allegations or generally deny all except those specifically
admitted.

(4) Denying Part of an Allegation. A party that intends
in good faith to deny only part of an allegation must
admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that
lacks knowledge or information sufficient to form a
belief about the truth of an allegation must so state, and
the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation--other than
one relating to the amount of damages--is admitted if
a responsive pleading is required and the allegation is
not denied. If a responsive pleading is not required, an
allegation is considered denied or avoided.

FED. R. CIV. P. 8(b). [1] "Each allegation must be simple,
concise, and direct. No technical form is required." FED.
R. CIV. P. 8(d)(1). In addition, "[p]leadings must be
construed so as to do justice." FED. R. CIV. P. 8(e). The
purpose of Rule 8 is to ensure that the plaintiff is aware of
the allegations in the complaint that the defendant admits
and those that he contests, so the plaintiff knows what
he will need to prove at trial. *Bruce v. Anthem Ins. Cos.,
Inc.*, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015)
McKinney's three-sentence "Answer" to Wieck's FLSA
Complaint states the following:

Defendant requests to be removed from this civil suit
in its full capacity. Please see attached documents
provided showing the principal owner of the company
in suit.

**\*2** Defendant requests that the Court remove NATHAN MCKINNEY from this civil suit based off attached documents provided showing that Defendant was only a 1099 contractor and not an officer within the company.

Dkt. No. 23.

McKinney's Answer to the Complaint fails to comply with *Rule 8(b)*. However, striking the Answer is not the appropriate solution in this case; rather, McKinney should be permitted to file an Amended Answer or a Motion to Dismiss under Rule 12(b)(6). *See Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 582 (D. Del. 2015) (denying motion to strike after concluding that "the better exercise of its discretion is to permit [defendant] to amend its answer to be in compliance with *Rule 8*). "When an answer does not comply with *Rule 8(b)*, a plaintiff may move to require

the defendant to replead. This request for relief enables defendants to cure their pleading defects without suffering the consequences of having the averments of [a] complaint deemed admitted, or their defenses stricken." *Ball v. Life Ins. Co. of North America*, 2017 WL 6621539, at \*4 (N.D. Tex. Dec. 28, 2017) (internal citations and quotations omitted).

Plaintiff's Motion to Strike Defendant McKinney's Answer (Dkt. No. 24) is **DENIED**, but McKinney is **ORDERED** to file by February 23, 2018, either: (1) an Amended Answer that complies with *Rule 8(b)*; or (2) a Motion to Dismiss that complies with Rule 12(b)(6).

SIGNED this 30th day of January, 2018.

**All Citations**

Slip Copy, 2018 WL 3611880

---

Footnotes

1    The Federal Rules of Civil Procedure are available online at https://www.law.cornell.edu/rules/frcp. The Court also directs McKinney to the information on its website for parties proceeding without an attorney, located at http://www.txwd.uscourts.gov/filing-without-an-attorney/.

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2018 Thomson Reuters. No claim to original U.S. Government Works.   NJAPP000068   2

2007 WL 667166
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas,
El Paso Division.

Abraham RODRIGUEZ, Plaintiff,

v.

PROFESSIONAL SERVICES ASSISTANCE,
INC., and John and/or Jane Does, Defendants.

No. EP-07-CV-006-FM.
|
Feb. 16, 2007.

**Attorneys and Law Firms**

Scott Alan Vogelmeier, Law Office of Scott A.
Vogelmeier, El Paso, TX, for Plaintiff.

Jose Angel Silva, Jr., Silva Law Firm, El Paso, TX, for
Defendants.

### *MEMORANDUM OPINION AND ORDER*

FRANK MONTALVO, United States District Judge.

 **\*1** Before the Court is Plaintiff Abram Rodriguez's
("Plaintiff") "Motion for Sanctions, or in the Alternative,
Motion to Require Defendant to Answer Plaintiff's
Complaint in Accordance with Federal Rules of Civil
Procedure 8 and 11" ("Motion") [Rec. No. 6] filed through
counsel in this cause on January 23, 2007. Therein,
Plaintiff asks the Court to sanction Defendant for failure
to plead in good faith because Defendants' answer is
merely a general denial and therefore does not comply
with Federal Rules of Civil Procedure ("Rules") 8 and
11. In the alternative, Plaintiff asks the Court to require
Defendants to replead their answer in accordance with
the Rules. To date, Defendants have not responded to the
motion.

As Plaintiff correctly argues, general denials are
technically permissible in federal actions. However, a
general denial is only appropriate if the party intends in
good faith to controvert all the complaint's averments.
FED.R.CIV.P. 8(b). After due consideration, the Court
finds that it should **GRANT** the Plaintiff's motion and
require Defendants to file an answer in conformity
with the Rules. Accordingly, Defendants shall have until
March 5, 2007 to file an amended answer. However,
Plaintiff's request for sanctions is **DENIED.**

**IT IS THEREFORE ORDERED** that the "Motion for
Sanctions, or in the Alternative, Motion to Require
Defendant to Answer Plaintiff's Complaint in Accordance
with Federal Rules of Civil Procedure 8 and 11" [Rec.
No. 6] is **GRANTED** as to Plaintiff's request to require
Defendants to replead their answer and **DENIED** as to
Plaintiff's request for sanctions.

**IT IS FURTHER ORDERED** that Defendants shall file
their amended answer which conforms to the Rules by
*March 5, 2007.*

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 667166

---

End of Document                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-68 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendant-Intervenor. | ) |

**[PROPOSED] ORDER**

Defendant-Intervenor State of New Jersey's Motion to Strike or, in the Alternative, Compel

Federal Defendants to Replead Their Answer to the Amended Complaint  (the "Motion") having

come before this Court, and the Court having considered the papers submitted in connection with

said motion, and for good cause shown, IT IS HEREBY ORDERED that:

The Motion is **GRANTED** and [the following paragraphs of Federal Defendants'

Answer (Dkt. 332) are hereby **STRICKEN**] [or] [the Federal Defendants are hereby ordered to

**REPLEAD** the following paragraphs of their Answer (Dkt. 332) within 30 days]:

> Paragraphs  9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 21, 22, 28, 29, 30, 31, 32, 33, 34,
> 35, 47, 48, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 81, 85, 87, 89,
> 90, 91, 97, 98, 100, 101, 102, 103, 104, 105, 107, 108, 111, 113, 115, 116, 123,
> 128, 133, 134, 135, 140, 141, 142, 146, 150, 156, 158, 174, 189, 193, 194, 195,
> 196, 197, 198, 199, 208, 209, 210, 211, 215, 217, 218, 219, 220, 221, 222, 223,
> 224, 225, 226, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241,
> 242, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 257, 258, 259,

260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 352, 354, and 356.

IT IS SO ORDERED on this _____ day of _____, 2018.


_____
Hon. Andrew S. Hanen
United States District Judge