# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL.; | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, ET AL.; | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| KARLA PEREZ, ET AL.; | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(F)
## FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1.    State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

The parties held their initial meeting telephonically on October 23, 2018. The following counsel were in attendance.

For Plaintiff States:
        Brantley Starr
        Todd Disher
        Adam Biggs
        Adam Bitter

For Federal Defendants:
        Jeffrey Robins

For Defendant-Intervenors Karla Perez *et al.* ("Perez Defendant-Intervenors"):
    Nina Perales
    Alejandra Ávila
    Jack Salmon
    Douglas Hallward-Driemeier
    Emerson Siegle
    Raishay Lin

For Defendant-Intervenor State of New Jersey ("New Jersey" or "State of New Jersey"):
    Glenn Moramarco
    Jeremy Hollander
    Kenneth Levine
    Katherine Gregory
    Paul Juzdan
    Nicholas Dolinsky
    Brian DeVito

Defendant-Intervenors note that no counsel representing any Plaintiff State other than Texas participated in the initial telephonic meeting and that no counsel representing any Plaintiff State other than Texas participated in the drafting of this submission.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

*Trs. of Princeton Univ. v. United States*, No. 1:17-cv-2325 (D.D.C.), *appeal docketed*, No. 18-5245 (D.C. Cir. August 13, 2018) (consolidated under lead docket number No. 18-5243).

*NAACP v. Trump,* No. 1:17-cv-1907 (D.D.C.), *appeal docketed,* No. 18-5243 (D.C. Cir. August 13, 2018).

*Batalla Vidal v. Nielsen*, No. 1:16-cv-4756 (E.D.N.Y.), *appeal docketed*, No. 18-485, 18-1521, 18-1985 and 18-1896 (2d Cir. Feb. 20, 2018) (consolidated under lead docket number No. 18-485).

*New York v. Trump*, No. 1:17-cv-5228 (E.D.N.Y.), *appeal docketed*, No. 18-488, 18-1525, 18-1987 and 18-1988 (2d Cir. Feb. 20, 2018) (consolidated under lead docket No. 18-485).

*Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-5211 (N.D. Cal.), *appeal docketed*, No. 18-15068, 18-80037, 18-15128, and 18-15133 (9th Cir. Jan. 16, 2018) (consolidated under lead docket No. 18-15068).

*Casa de Md. v. U.S. Dep't of Homeland Sec.*, No. 8:17-cv-2942 (D. Md.), *appeal docketed*, Nos. 18-1521 and 18-1522 (4th Cir. May 8, 2018) (consolidated under lead docket No. 18-1521).

*Diaz v. Department of Homeland Security*, No. 17-cv-24555-UU (S.D. Fl.).

*Park v. Sessions*, No. 17-cv-1332-AJT (E.D. Va.).

3.    Specify the allegation of federal jurisdiction.

Plaintiffs allege that the Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the U.S. Constitution, art. II, § 3, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Plaintiffs also allege that the Court also has jurisdiction under 28 U.S.C. § 1346(a)(2) because this is a civil action or claim against the United States. Finally, they allege that the Court has jurisdiction to compel an officer or employee of the defendant federal agencies to perform his or her duty under 28 U.S.C. § 1361.

4.    Name the parties who disagree and the reasons.

Perez Defendant-Intervenors and the State of New Jersey (collectively, "Defendant-Intervenors") disagree that Plaintiffs have standing to bring this suit. Defendant-Intervenors also argue, among other things, that the Court has no jurisdiction to hear the case because there is no justiciable case or controversy under Article III between Plaintiffs and the Federal Defendants. *See* ECF 118, 118-1, 188, 193. Defendant-Intervenors note that the Federal Defendants have not stated their position with respect to Plaintiffs' standing in this Rule 26(f) statement, despite the fact that Plaintiffs have disclaimed any intent to rely on driver's license costs to establish standing, which was the sole stated basis of Federal Defendants' acquiescence in standing at the Preliminary Injunction hearing. *See* ECF 71 at 19-20 (agreeing that if "Plaintiffs assert a financial injury from driver's licenses . . . then Plaintiffs would have standing . . . .").

5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None at this time.

6.    List anticipated interventions.

None at this time, but there are two pending "Emergency Motions" to intervene filed by Stephen Wallace. ECF No. 323, 325. Plaintiffs have filed a response in opposition. ECF No. 329.

7.     Describe class-action issues.

       None.

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

       Federal Defendants state that this proceeding is exempt from initial disclosures as an action for review on an administrative record under Fed. R. Civ. P. 26(a)(1)(B)(i). Federal Defendants anticipate serving an administrative record on the parties within 30-days of entry of a scheduling order. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

       Plaintiffs and Defendant-Intervenors state that initial disclosures should be due November 6, 2018.

9.     Describe the proposed agreed discovery plan, including:

       A.     Responses to all the matters raised in Rule 26(f).

              i.     Possibilities for promptly settling or resolving the case.

<u>Response on Behalf of Plaintiffs and Federal Defendants:</u>

       Plaintiffs and Federal Defendants agree that this case can be promptly resolved through cross-motions for summary judgment. The issues controlling this case are largely questions of law, and there are no genuine disputes as to any material fact. What's more, this Court has already analyzed and ruled on the controlling issues in response to Plaintiffs' motion for preliminary injunction. In its Memorandum Opinion and Order, this Court held that Plaintiffs "have clearly shown, *as a matter of law*, that they are likely to succeed on the merits." ECF No. 319 at 104 (emphasis added). No additional factual development is needed for the Court to issue a final judgment.

       The parties have already engaged in extensive litigation over the controlling issues leading up to the hearing on Plaintiffs' motion for preliminary injunction. The parties have already conducted 29 depositions of both fact and expert witnesses, exchanged over 12,000 pages of document production, and filed over 300 pages of briefing with more than 7,000 pages of attached exhibits.

After a three-hour hearing on August 8, 2018, the Court issued a 117-page Memorandum Opinion and Order with a detailed analysis of each of Plaintiffs' claims for relief. The Court found that Plaintiffs proved, as a matter of law, a substantial likelihood of success on the merits of their claim that DACA is unlawful.

In particular, this Court first found that "DACA violates the substantive provisions of the [Administrative Procedure Act ("APA")]." *Id.* at 90. The Court made that finding by analyzing DACA's grant of lawful presence and work authorization in light of Congress's duly enacted immigration statutes. *Id.* at 67. In doing so, the Court found, for example, that Federal Defendants lacked statutory authority to implement DACA, that DACA is "manifestly contrary" to Congress's statutory scheme, and that DACA is not supported by historical precedent. *Id.* at 68, 83, 88. None of those findings were premised on resolving any genuinely disputed issues of material fact. Thus, those controlling legal issues remain ripe for prompt resolution, and no additional discovery is needed on Plaintiffs' claim that DACA violates the substantive aspects of the APA.

Likewise, this Court found that DACA also violated the procedural aspect of the APA because it constitutes a substantive rule and was issued without notice-and-comment rulemaking. The Court's analysis looked at the plain language of the 2012 memorandum that implemented DACA and the legal consequences that come along with a grant of DACA status. The Court found that DACA is not a procedural rule exempt from notice-and-comment because, on its face, it changes the substantive standards by which Federal Defendants evaluate applications for benefits. *Id.* at 93. And the Court found that DACA is not a general policy statement because "it is clear that the DACA program confers rights and imposes obligations." *Id.* at 96. The Court did not find the evidence on whether decision-makers are free to exercise discretion compelling either way. *Id.* at 98. However, "given the overwhelming evidence concerning the rights conferred and the obligations imposed, this Court holds that the Plaintiff States have shown DACA to be a substantive rule that should have complied with the notice-and-comment procedures required by the APA." *Id.* at 103. Thus, the Court does not need to resolve the fact issue of whether individual decision-makers are free to exercise discretion because the legal consequences of DACA are clear. The rights that DACA confers and the obligations that it imposes remain just as apparent today—and are not disputed by Defendant-Intervenors—so no additional discovery is needed to promptly resolve the question of whether DACA violated the procedural aspects of the APA.

In other words, the Court held that Plaintiffs "have clearly shown, *as a matter of law*, that they are likely to succeed on the merits." *Id.* at 104 (emphasis added). Both Plaintiffs and Federal Defendants agree that Plaintiffs' claims (including the Take Care Clause claim, on which the Court did not rule) continue to present questions of law and that no additional factual development is needed for the Court to rule on whether DACA is unlawful as a matter of law.

To reach that prompt resolution, Plaintiffs and Federal Defendants request that the Court set a briefing schedule that would have motions for summary judgment due 30 days after the November 14, 2018 conference, responses due 21 days later, and replies due 14 days after that.

Plaintiffs' Additional Response on Defendant-Intervenors Individual DACA Recipients' Challenge to Plaintiffs' Standing:

Similarly, there are no genuine disputes as to any material facts needed to prove Plaintiffs' standing. The Court correctly held that Plaintiffs have clearly shown that they have standing to bring this suit—and that the Defendant-Intervenors' own experts and witnesses admit as much. *Id.* at 30-55. Thus, there is no need to conduct additional discovery on Plaintiffs' standing, and that is not an impediment to the prompt resolution of this case on cross-motions for summary judgment.

Plaintiffs' theory of standing involves four parts. First, as States, Plaintiffs are owed special solicitude in the standing analysis. That special solicitude "lessen[s] the certainty needed in the traditional causation and redressability analysis." *Id.* at 32. In ruling on the motion for preliminary injunction, the Court held that "[u]nder the law set forth in *Massachusetts v. EPA* and *Texas I*, . . . Texas is entitled to special solicitude." *Id.* The Court did not need to resolve any factual disputes to come to that conclusion as a matter of law. And even without that finding of special solicitude, the Court would have still found that Plaintiffs had standing to bring this suit. *Id.* at 55 fn. 51.

Second, Plaintiffs assert standing based on their *parens patriae* interest to protect the health and well-being of their citizens. As the Court found, DACA harms the economic well-being of Plaintiffs' citizens by granting work authorization to a population to whom Congress has not granted such authorization. *Id.* at 38, 40. Additionally, employers are incentivized to hire DACA recipients over other citizens or lawfully present workers because DACA recipients are not subject to the provisions of the Affordable Care Act. *Id.* at 39-40. DACA's resulting "market imbalance undoubtedly supports Texas's claim that an injury to the economic well-being of those legally in Texas exists and the economic well-being of its residents is a quasi-sovereign interest sufficient to support standing." *Id.* at 40.

Further, it is unclear what facts Defendant-Intervenors actually dispute related to Plaintiffs' claim of *parens patriae* standing. Defendant-Intervenors do not dispute that DACA grants work-authorization or that DACA recipients are not subject to the Affordable Care Act. Indeed, in response to questioning regarding whether DACA recipients would increase competition for citizens and other lawfully present workers, "Defendant-Intervenors' expert . . . replied that they would." *Id.* at 39. Thus, to the extent that Plaintiffs' claim of *parens patriae* standing presents

factual issues, Defendant-Intervenors cannot dispute that such issues should be resolved in favor of standing.

Third, Plaintiffs assert standing based on the increased health care, law enforcement, and educational expenses they incur because of DACA. This injury relies on a two-step analysis. First, Plaintiffs must prove that they spend money to provide these social services to DACA recipients. Second, they must prove that without DACA, those expenditures would go down—that is, some DACA recipients would leave the country and no longer require those services. As the Court found, "[t]he States have demonstrated both aspects of this causal chain." *Id.* at 48.

Indeed, Defendant-Intervenors cannot dispute that Plaintiffs incur some cost to provide these social services to DACA recipients. As the Court acknowledged, their own expert estimated that Texas alone spends $250,000,000 in direct costs to provide such services to DACA recipients every year. *Id.* at 49. Likewise, Defendant-Intervenors cannot claim that every DACA recipient would remain in the Plaintiff States should DACA end. Again, their own expert presented a study demonstrating that over 22% of surveyed DACA recipients would leave the country if they did not have work authorization. *Id.* at 49. "Finally, and perhaps most importantly for this topic, Defendant-Intervenors' own witness *directly connected the dots*," and Defendant-Intervenors' "own evidence *cures any flaws* of which they complain." *Id.* at 51 (emphasis added). Thus, there is not any dispute as to any material fact to support Plaintiffs' claim for standing on this basis.

Instead, Defendant-Intervenors attempt to challenge Plaintiffs' injury by claiming that Plaintiffs receive a net benefit from the presence of DACA recipients. However, this Court correctly noted that, as a matter of law, the "offsetting-benefit theory to defeat standing was rejected in *Texas I* by the Fifth Circuit." *Id.* at 54.

Lastly, Plaintiffs claim standing based on this Court's prior holding that the enjoined Deferred Action for Parents of Americans program constituted a complete abdication of the Executive's duty to enforce Congress's duly enacted laws. That is a pure question of law not dependent on resolving any factual disputes.

Because they involve either pure questions of law or factual issues that are not genuinely disputed, Plaintiffs' bases for standing are ripe for prompt resolution through cross-motions for summary judgment.

<u>Statement of Defendant-Intervenors</u>:

Perez Defendant-Intervenors and the State of New Jersey believe that Plaintiffs' summary of their substantive positions in the litigation is not responsive to question 9.A.1.  Because that summary differs considerably from Defendant-

Intervenors' understanding of the litigation and its current posture, however, Defendant-Intervenors submit this response.

The Court's decision on August 31, 2018, conclusively resolved only one issue: it denied the Plaintiffs' motion for preliminary injunction. ECF No. 319 at 117. Contrary to the joint statements of the Plaintiffs and Federal Defendants above, the Court's assessment of the "likelihood of success on the merits" for certain legal issues did not *resolve* conclusively any of the legal issues in this case.

In its August 31 decision, the Court repeatedly noted that it was deciding the issues raised in the Motion for Preliminary Injunction *solely on a limited record*, with contemplation that it would have the opportunity to reconsider some of the same matters upon a full record following completion of discovery, including possible trial. For instance, the Court noted that "[a]t this stage," the record did not indicate certain facts, ECF No. 319 at 39, n.44; that there was no evidence "[o]n the record before it" on certain issues, *id*. at 98; "[t]he evidence presented thus far" had not convinced the Court on other issues, *id*. at 101; and the Court emphasized that its decision was solely "[b]ased on the evidence in the preliminary injunction record," *id*. at 102. The Court also ruled in favor of Plaintiffs' standing arguments on the basis of the preliminary injunction record, but noted that Defendant- Intervenors' "position . . . may ultimately be proven correct *when this case is tried on the merits*," *id*. at 106 (emphasis added).

The Court has made clear its understanding that the record is not yet complete. At the August 8 hearing, the Court stated that it would not rule on Plaintiffs' request for summary judgment without a more complete record. *See* ECF No. 300, 8/8/2018 Tr. 6:1-9. Indeed, the record was incomplete at the time of the Motion for Preliminary Injunction hearing precisely because the Court set a schedule to allow preliminary injunction discovery that was focused both in regards to time and subject matter. Because the preliminary injunction concerned only the "likelihood of success on the merits," rather than a final adjudication of those merits, Defendant-Intervenors only served narrow sets of discovery requests in an effort to respond directly to Plaintiffs' motion for a preliminary injunction. Plaintiffs and Federal Defendants themselves have highlighted the preliminary nature of discovery by refusing to provide discovery in part on the ground that Defendant-Intervenors' request was "outside the scope of limited expedited discovery" and should be made during "the normal discovery period after the Court's ruling on the motion for preliminary injunction." *See* ECF 289-3 (Def-Int. Ex. 289-91).

As more fully set forth below in Section 9.A.iv(b), Defendants-Intervenors have not yet fully pursued all of the relevant evidence that they would wish to present before a final adjudication on the merits of Plaintiffs' legal claims regarding the procedural APA, substantive APA, and the Take Care Clause. Such facts include, but are not limited to, discovery from Plaintiffs other than the State of Texas,

discovery related to costs asserted by the State of Texas after expedited discovery closed, third-party discovery relevant to Texas' labor market distortion claims, supplemental expert discovery, depositions from federal and Texas employees and witnesses, including DACA adjudicators and employees from the State of Texas with knowledge about Texas' asserted costs, and written discovery in the custody and control of the Federal Defendants. *See also* ECF No. 287-1.

Moreover, discovery is required to address two threshold jurisdictional issues that the Court must fully address to resolve whether or not it can even preside over this case: (i) whether the Plaintiffs have sufficiently established their standing to bring the lawsuit, and (ii) whether this Court lacks "case or controversy" subject matter jurisdiction because the Plaintiffs and Federal Defendants are not sufficiently adverse to each other and this Court cannot redress any alleged injury that fairly can be traced to the challenged actions of the Federal Defendants. While there was discovery on Texas's standing claims, it was not complete, and no discovery has yet been completed on the standing of any of the other Plaintiffs.[a] With respect to lack of case or controversy, Defendant-Intervenors would seek further relevant discovery regarding the lack of adverseness and redressability, among other topics.

Finally, discovery is required for the Court to consider, should it rule in the Plaintiffs' favor, what remedy to order. Relevant areas of discovery include: the injuries that would occur in the various states if DACA were terminated, the benefits of DACA to the states, and the effect of potential remedy options the Court may consider. As discussed above, discovery on these topics was limited during the preliminary injunction stage, and no discovery at all has yet been conducted on the injuries of Plaintiffs other than the State of Texas.

Essentially, Plaintiffs turn ordinary discovery principles on their head, seeking to require Defendant-Intervenors to justify their right to conduct merits discovery rather than requiring Plaintiffs to justify depriving Defendant-Intervenors of that right. Perez Defendant-Intervenors and the State of New Jersey believe settlement is not appropriate, and this case can only be resolved through Court intervention. As further explained in Section 9.A.iv(b) below, Defendant-Intervenors do not believe the case is ripe for summary judgment briefing at this time, and believe considerable fact and expert discovery is necessary.

---

[a] To be clear, even putting aside the incomplete scope of this preliminary discovery, on the basis of the preliminary record alone there remain genuine disputes of material fact relevant to standing. The parties continue to dispute a number of factual questions, including: whether DACA itself has *caused* the alleged $250,000,000 in Texas' expenditures on DACA recipients (which is a different question from whether ending DACA would reduce those costs); whether current DACA recipients are likely to leave Texas if the policy were rescinded (Defendant-Intervenors have offered evidence that DACA recipients would not leave, contrary to Plaintiffs' inferences from the Wong Survey); and whether DACA has caused economic harm to Texas citizens in the aggregate (since States cannot invoke *parens patriae* standing on behalf of their citizens as a whole if the purported harm in fact benefits the majority of their citizenry).

  ii.  Arranging for the Rule 26(a) disclosures.

Federal Defendants state that this proceeding is exempt from initial disclosures as an action for review on an administrative record under Fed. R. Civ. P. 26(a)(1)(B)(i). Federal Defendants anticipate serving an administrative record on the parties within 30-days of entry of a scheduling order.

Plaintiffs and Intervenors state that initial disclosures are due November 6, 2018. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

  iii.  Preservation of discoverable information.

The parties are on notice to preserve discoverable information.

  iv.  Proposed discovery plan.

    a. Changes in the timing, form, or requirement of Rule 26(a) disclosures.

Federal Defendants state that this proceeding is exempt from initial disclosures as an action for review on an administrative record under Fed. R. Civ. P. 26(a)(1)(B)(i). Federal Defendants anticipate serving an administrative record on the parties within 30-days of entry of a scheduling order.

Neither Plaintiffs nor Intervenors contemplate any changes in the timing, form, or requirement of their Rule 26(a) disclosures. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

    b. Subjects on which discovery is needed, when discovery should be completed, and whether discovery should be limited to or focused on particular issues.

<u>Statement of Plaintiffs and Federal Defendants:</u>

Plaintiffs and Federal Defendants do not believe that any additional discovery

10

is needed before the Court can enter a final judgment. The issues controlling this case are largely questions of law, and there are no genuine disputes as to any material fact. The parties have already engaged in extensive litigation over the controlling issues leading up to the hearing on Plaintiffs' motion for preliminary injunction. The parties have already conducted 29 depositions of both fact and expert witnesses, exchanged over 12,000 pages of document production, and filed over 300 pages of briefing with more than 7,000 pages of attached exhibits. What's more, this Court has already analyzed and ruled on the controlling issues in response to Plaintiffs' motion for preliminary injunction. In its Memorandum Opinion and Order, this Court held that Plaintiffs "have clearly shown, *as a matter of law*, that they are likely to succeed on the merits." ECF No. 319 at 104 (emphasis added). No additional factual development is needed for the Court to issue a final judgment.

If Defendant-Intervenors believe that there are targeted, specific areas on which they need discovery, Plaintiffs and Federal Defendants are willing to consider those requests and discuss a reasonable timeframe to provide that information. To the extent that such additional information is needed, Plaintiffs believe that any additional information likely could be provided in a period of 60 days. Additionally, Federal Defendants state that should any facts be at issue, Plaintiffs' claims call for review of an administrative record, and that the parties must seek leave of this Court to supplement Federal Defendants' administrative record.

<u>Statement of Perez Defendant-Intervenors and the State of New Jersey:</u>

Defendant-Intervenors believe additional fact and expert discovery is necessary. Defendant-Intervenors had a limited opportunity to conduct expedited discovery at the preliminary injunction stage. Defendant-Intervenors made good-faith efforts to limit and narrow their discovery requests as much as possible to respond directly to Plaintiffs' motion for a preliminary injunction, and served only four narrow sets of discovery requests to the State of Texas and three narrow sets of requests to the Federal Defendants. Defendant-Intervenors did not serve any discovery to the other Plaintiffs or to any third parties. Defendant-Intervenors also only took the depositions of six witnesses, who were selected specifically to respond to Plaintiffs' motion for a preliminary injunction. The testimony presented by Defendant-Intervenors was limited to nine experts and eight fact witnesses, including only four of the twenty-two *Perez* Defendant-Intervenors, selected to rebut Plaintiffs' allegations in their motion for a preliminary injunction brief. Defendant-Intervenors also had to request leave of Court to propound discovery on Federal Defendants.

As to the limited discovery Defendant-Intervenors already propounded, the State of Texas objected to the majority of Defendant-Intervenors' discovery requests on the basis that it was outside the scope of limited expedited discovery, and it did not produce responsive paper discovery relevant to Defendant-Intervenors' challenge

to Texas' standing. *See, e.g.,* ECF 289-3 (Def-Int. Ex. 289-91). Similarly, Federal Defendants only responded to one of the three sets of discovery requests propounded by Perez Defendant-Intervenors. *Id.* As to the one set of discovery requests to which Federal Defendants did respond, Federal Defendants objected to the requests on the basis that the requests were inconsistent with the limited nature of expedited discovery addressed to the preliminary injunction, and they did not produce information related to Plaintiffs' substantive claims under the APA and the Take Care Clause, including fact discovery on discretion exercised by USCIS in the evaluation and adjudication of DACA requests and discovery relevant to advance parole and adjustment of status of DACA recipients. *Id.* Defendant-Intervenors believe all of these requests are necessary in order to allow Defendant-Intervenors a fair opportunity to present their challenges to Plaintiffs' standing and substantive claims.

Additional discovery is also necessary on factual disputes pertaining to standing, jurisdiction, and merits, including but not limited to, discovery from Plaintiffs other than the State of Texas, discovery related to costs asserted by the State of Texas after expedited discovery closed, third-party discovery relevant to Texas' labor market distortion claims, supplemental expert discovery, depositions from federal and Texas employees and witnesses, including DACA adjudicators and employees from the State of Texas with knowledge about Texas' asserted costs, and written discovery in the custody and control of the Federal Defendants. *See also* ECF No. 287-1. Discovery relevant to Defendant-Intervenors' challenge to the Court's Article III jurisdiction for lack of case or controversy is also necessary, including fact discovery to understand the Federal Defendants' legal positions in this case and determine whether Plaintiffs and Federal Defendants are true adversaries.

Discovery is also necessary for the Court to consider, if it should rule in the Plaintiffs favor, what remedy to order. Relevant areas of discovery include the injuries to the various states if DACA were terminated, the benefits of DACA to the states, and remedial options for the court to consider proportional to any established injury.

In addition, in its decision denying Plaintiffs' Motion for Preliminary Injunction, the Court repeatedly noted that it was analyzing the issues "in the context of a request for a preliminary injunction" and assessing the merits "[a]t the preliminary injunction phase" only. ECF No. 319 at 4, 31, 102. The Court noted that it could not make a conclusive determination "with only a preliminary injunction record" before it, and noted that—despite finding on the basis of the preliminary injunction record that Plaintiffs were likely to succeed on the merits—Defendant-Intervenors may "ultimately be proven correct" in showing that Texas "did not suffer any real loss" once "this case is tried on the merits." *Id.* at 106, 115. Additional discovery is therefore needed to adjudicate this matter at the merits stage, and to properly present and preserve all key issues for potential appeal.

Based on the foregoing and Defendant-Intervenors' response to Section 9.F below, Defendant-Intervenors propose the following discovery schedule:

- Deadline to designate experts and provide reports:
  - o  Plaintiffs:  December 14, 2018
  - o  Federal Defendants: December 28, 2018
  - o  Defendant-Intervenors: May 17, 2019
- Close of fact and expert discovery:  October 11, 2019

Defendant-Intervenors propose the above-mentioned deadlines for expert disclosures based on Plaintiffs' representation that they do not anticipate disclosing any additional expert witnesses or providing expert reports.  *See* Section 9.F below.

Defendant-Intervenors also dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

> c.  Issues about disclosure, discovery, or preservation of electronically stored information.

Plaintiffs and Defendant-Intervenors state that there are no special issues with disclosure, discovery, or preservation of electronically stored information. Federal Defendants identify concerns regarding the proportionality of the discovery of electronically stored information, including but not limited to information that may be archived on tape backups. *See* Fed. R. Civ. P. 26(b)(2)(B) (a party need not provide discovery of inaccessible ESI). Additionally, Federal Defendants identify concerns with the discovery of information that by its very nature is not subject to disclosure as attorney-client privileged, deliberative process privileged, or law enforcement privileged. The parties will produce electronically stored information, if any, in compliance with the Federal Rules of Civil Procedure.

> d.  Issues about claims of privilege or of protection as trial-preparation materials.

There are no special issues with claims of privilege or protection. The parties were in negotiations regarding a proposed protective order and will resume those negotiations should a protective order be necessary.

13

e.  Changes to the limitations on discovery.

Statement of Plaintiffs and Federal Defendants:

Rule 26(b)(1) requires discovery requests to be proportional to the needs of the case. This case presents controlling issues of law and fact issues that are not genuinely disputed. As such, Plaintiffs and Federal Defendants do not believe that any additional discovery is needed before the Court can rule on the controlling issues. If Defendant-Intervenors believe that there are targeted, specific areas on which they seek to supplement the administrative record, or otherwise need discovery, Plaintiffs and Federal Defendants are willing to consider those requests and discuss a reasonable timeframe to provide that information.

Statement of Perez Defendant-Intervenors and State of New Jersey:

Defendant-Intervenors had a limited opportunity to conduct expedited discovery during the preliminary injunction stage.  Pursuant to Judge Hanen's order at the preliminary injunction stage, Defendant-Intervenors previously had to request leave of Court to conduct discovery of the Federal Defendants for purposes of expedited discovery relevant to Plaintiffs' motion for a preliminary injunction.  *See* Tr. 5-30-18 at 41:22-42:4; *see also* ECF No. 97, 116.  Defendant-Intervenors believe that the case should now proceed through the normal discovery process under Rule 26 and this requirement is not necessary.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

f.  Any other orders the Court should issue under Rule 26(c) or Rule 16(b) and (c).

Statement from Plaintiffs and Federal Defendants:

Plaintiffs and Defendant request that the Court enter a scheduling order that sets a deadline for cross-motions for summary judgment 30 days from the November 14, 2018 hearing, a deadline for responses 21 days after that, with replies due 14 days thereafter.

Should the Court order discovery, Federal Defendants request a briefing schedule on a motion for a protective order to limit review to Federal Defendants'

administrative record, with Federal Defendants' motion due 14 days after issuance of the scheduling order, responses due 21 days after that, and any replies due 14 days thereafter.

Statement from Perez Defendant-Intervenors and the State of New Jersey:

Perez Defendant-Intervenors and the State of New Jersey believe discovery can be completed by October 11, 2019, and request that the Court enter a scheduling order setting a deadline for dispositive motions 30 days from the close of discovery.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

> B.   When and to whom the plaintiffs anticipate they may send interrogatories.

Because Plaintiffs do not believe that any additional discovery is needed, Plaintiffs do not believe that any additional interrogatories are needed at this time. However, should the Court grant a period for discovery, Plaintiff States may send interrogatories to Federal Defendants, Defendant-Intervenors, and certain third parties who filed amicus briefs in response to the motion for preliminary injunction.

> C.   When and to whom the defendants anticipate they may send interrogatories.

Statement from Federal Defendants:

Because Federal Defendants do not believe that any additional discovery is needed, and that any facts at issue should be reviewed based on Federal Defendants production of an administrative record, Federal Defendants do not believe that any interrogatories are needed at this time. However, should the Court grant a period for discovery, Federal Defendants may send interrogatories to Plaintiffs, Defendant-Intervenors, and certain third parties who filed amicus briefs in response to the motion for preliminary injunction.

Statement from Perez Defendant-Intervenors and the State of New Jersey:

Defendant-Intervenors anticipate they will send interrogatories to the Federal Defendants and all Plaintiffs, as well as to third parties with relevant knowledge,

following the initial pretrial conference.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

D.     Of whom and by when the plaintiffs anticipate taking oral depositions.

Because Plaintiffs do not believe that any additional discovery is needed, Plaintiffs do not believe that any additional depositions are needed at this time. However, should the Court grant a period for discovery, Plaintiff States may take additional depositions of Federal Defendants or their witnesses, Defendant-Intervenors or their witnesses, and certain third parties who filed amicus briefs in response to the motion for preliminary injunction.

E.     Of whom and by when the defendants anticipate taking oral depositions.

Statement from Federal Defendants:

Because Federal Defendants do not believe that any additional discovery is needed, and that any facts at issue should be reviewed based on Federal Defendants production of an administrative record, Federal Defendants do not believe that any interrogatories are needed at this time. However, should the Court grant a period for discovery, Federal Defendants may take depositions of Plaintiffs or their witnesses, Defendant-Intervenors or their witnesses, and certain third parties who filed amicus briefs in response to the motion for preliminary injunction.

Statement from Perez Defendant-Intervenors and the State of New Jersey:

Defendant-Intervenors anticipate they will take the depositions of witnesses from the Plaintiffs and the Federal Defendants, including former and current federal employees and 30(b)(6) witnesses, as well as third parties with relevant knowledge. Defendant-Intervenors also anticipate that they will take the depositions of any lay and expert witnesses designated by Plaintiffs and the Federal Defendants to testify in this matter, and any persons identified by Plaintiffs and the Federal Defendants in their Rule 26(a) disclosures or other discovery responses.  Defendant-Intervenors will take oral depositions prior to the close of discovery.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan. Defendant-Intervenors dispute Federal Defendants'

claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

     F.    When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing parties will be able to designate responsive experts and provide their reports.

<u>Statement from Plaintiffs:</u>

Plaintiffs have already disclosed their expert witnesses and provided their declarations. Plaintiffs do not believe that any additional expert witnesses are needed for the Court to resolve this case, but Plaintiffs may designate experts in response to any new experts disclosed by the other parties, if the other parties are allowed to make such additional disclosures.

<u>Statement from Perez Defendant-Intervenors and the State of New Jersey:</u>

Since Plaintiffs represent that they do not anticipate disclosing any additional expert witnesses or providing expert reports, Defendant-Intervenors propose a short deadline of December 14, 2018 for Plaintiffs to designate experts and provide reports, if any, and a deadline of December 28, 2018 for Federal Defendants to designate experts and provide reports, if any. Defendant-Intervenors propose a deadline of May 17, 2019 for the Perez Defendant-Intervenors and the State of New Jersey to designate their experts and provide reports. Defendant-Intervenors believe additional paper discovery and supplementation of expert discovery is necessary.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan.

     G.    List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Plaintiffs have already deposed all of the experts designated by Defendant-Intervenors. If Defendant-Intervenors are allowed to designate new experts, Plaintiffs would be prepared to depose those new experts within 10 days of the issuance of their reports.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

Statement of Federal Defendants:

Because Federal Defendants do not believe that any additional discovery is needed, and that any facts at issue should be reviewed based on Federal Defendants production of an administrative record, Federal Defendants do not anticipate taking export depositions, but reserve the right to depose new experts designated by Plaintiffs or Defendant-Intervenors within 10 days of the issuance of their reports.

Statement of Perez Defendant-Intervenors and the State of New Jersey:

Defendant-Intervenors anticipate that they will take the depositions of all experts designated by Plaintiffs and the Federal Defendants by the close of discovery after additional written discovery is conducted in the case.  As more fully explained in Section 9.A.iv(b) above, Defendant-Intervenors had a limited opportunity to depose Texas' experts at the preliminary injunction stage, particularly given Texas' and the Federal Defendants' objections to Defendant-Intervenors' interrogatories and requests for production, and additional written discovery is necessary.

Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

For the reasons explained in Section 9.A.i and 9.A.iv(b) above, the parties do not agree to the timing and scope of discovery. Plaintiffs and Federal Defendants agree that no additional discovery is necessary. Additionally, Federal Defendants state that should any facts be at issue, Plaintiffs' claims call for review of an administrative record, and that the parties must seek leave of this Court to supplement Federal Defendants' administrative record. To the extent that such additional information is needed, either through supplementation of the administrative record or discovery, Plaintiffs and Federal Defendants are willing to discuss with Defendant-Intervenors targeted, specific discovery and a reasonable time to provide Defendant-Intervenors the responsive information.

For the reasons explained in Section 9.A.iv(b) above, Defendant-Intervenors believe additional discovery is necessary. Defendant-Intervenors dispute Federal Defendants' claim that discovery should be limited to review of an administrative record, including because Plaintiffs' APA claims require fact-based discovery, because Plaintiffs' have also alleged a claim under the Take Care Clause of the Constitution, which turns on facts regarding the implementation of DACA, and because discovery is relevant to issues of standing and remedy.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

Prior to the hearing on the motion for preliminary injunction, the parties engaged in a discovery period that included 29 depositions of fact and expert witnesses and 12,000 pages of document production.

As explained in Section 9.A.iv(b) above, Defendant-Intervenors represent that the scope of expedited discovery was limited, that the State of Texas and the Federal Defendants objected and did not respond to a number of requests by Defendant-Intervenors, and that additional discovery is necessary.

12.    State the date the planned discovery can reasonably be completed.

<u>Statement of Plaintiffs and Federal Defendants:</u>

Plaintiffs and Federal Defendants do not believe that any additional discovery is needed. However, Plaintiffs and Federal Defendants believe that they likely could respond to targeted, specific requests within a period of 60 days.

<u>Statement of Perez Defendant-Intervenors and the State of New Jersey</u>:

Defendant-Intervenors anticipate all discovery can be completed by October 11, 2019.   Defendant-Intervenors also incorporate by reference their answer to Section 9.A(iv)(b) of this discovery plan.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties discussed the possibility of a prompt resolution of this case through cross-motions for summary judgment. Plaintiffs and Federal Defendants agree that such a prompt resolution is possible.

Defendant-Intervenors do not believe settlement is likely in this case and that the Court's intervention is necessary. As explained in Section 9.A.iv above,

Defendant-Intervenors also believe the case is not ripe for summary judgment briefing, and that fact and expert discovery is necessary.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

<u>Statement of Plaintiffs and Federal Defendants:</u>

Plaintiffs and Federal Defendants have agreed that the case should be promptly resolved through cross-motions for summary judgment.

<u>Statement of Perez Defendant-Intervenors and the State of New Jersey:</u>

As described in Section 9.A.iv(b) above, Defendant-Intervenors propounded targeted discovery at the preliminary injunction stage of discovery in a good faith effort to comply with the Court's orders. The State of Texas and Federal Defendants objected to the majority of Defendant-Intervenors' discovery requests, including on the basis that the requests were outside the limited scope of discovery at the preliminary injunction stage, and did not produce all responsive paper discovery. Defendant-Intervenors do not believe the case is ripe for summary judgment briefing.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Given the subject matter of this case, alternative dispute resolution is not appropriate.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not unanimously consent to a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

No. Plaintiffs assert that a jury trial is not appropriate in a challenge under the APA. Defendant-Intervenors note that Plaintiffs' claims are under both the APA *and* the Take Care Clause, but agree that a jury trial is unnecessary to resolve Plaintiffs' challenge to the enactment and implementation of federal government action.

18.     Specify the number of hours it will take to present the evidence in this case.

If a trial is necessary, Plaintiffs believe that all parties can present their evidence in a total of 30 hours.

Perez Defendant-Intervenors anticipate it will require one week to present their evidence in this case.

The State of New Jersey submits that an estimate is difficult without further discovery, but believes that all parties can present evidence in a total of 60-100 hours.

19.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

A pro se litigant, Stephen Wallace, filed two "Emergency Motions to Intervene." ECF Nos. 323, 325. Plaintiffs have filed a response in opposition. ECF No. 329.

On October 22, 2018, New Jersey filed a motion to strike or alternatively compel Federal Defendants to replead their answer. ECF No. 334. Under Judge Hanen's procedures, Federal Defendants' deadline to respond is November 12, 2018 and New Jersey's deadline to reply is November 23, 2018 (because November 22 is Thanksgiving Day).

20.     List other motions pending.

None other than the two listed above.

<u>Statement from Defendant-Intervenors:</u>

Defendant-Intervenors filed a motion to dismiss for lack of subject matter jurisdiction, ECF No. 118, that the Court appeared to deny in its opinion.  ECF No. 319.  Defendant-Intervenors plan to renew this motion on a full discovery record.

21.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Plaintiffs believe that the Court's analysis of the controlling issues in its Memorandum Opinion and Order on the motion for preliminary injunction is correct. Plaintiffs believe that all parties have had the opportunity to extensively brief and argue what are legal issues and fact issues that are not seriously in dispute. As such, in Plaintiffs' view, this case is ready for prompt resolution on cross-motions for summary judgment.

Defendant-Intervenors disagree, and believe that the Court's analysis in its Memorandum Opinion and Order on the motion for preliminary injunction was explicitly based on a preliminary record and did not resolve the legal issues in dispute in this case.  As more fully explained in Sections 9.A.i and 9.A.iv.b above, Defendant-Intervenors believe that additional discovery is needed in order to develop a full record for the Court to decide the issues under dispute.

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

For the Plaintiffs:

> Brantley Starr
> Deputy First Assistant Attorney General
> Tx. State Bar No. 24046904
> Southern District of Texas No. 2972033
> Tel.: (512) 463-2100; Fax: (512) 936-0545
> brantley.starr@oag.texas.gov
> P.O. Box 12548
> Austin, Texas 78711-2548

> Todd Lawrence Disher
> Attorney-in-Charge
> Trial Counsel for Civil Litigation
> Tx. State Bar No. 24081854
> Southern District of Texas No. 2985472
> Tel.: (512) 463-2100; Fax: (512) 936-0545
> todd.disher@oag.texas.gov
> P.O. Box 12548
> Austin, Texas 78711-2548

> Adam Arthur Biggs
> Special Counsel for Civil Litigation
> Tx. State Bar No. 24077727
> Southern District of Texas No. 2964087
> Tel.: (512) 463-2100; Fax: (512) 936-0545
> adam.biggs@oag.texas.gov
> P.O. Box 12548
> Austin, Texas 78711-2548

> Adam N. Bitter
> Assistant Attorney General
> Tx. State Bar No. 24085070
> Southern District of Texas No. 2167538
> Tel.: (512) 463-2100; Fax: (512) 936-0545

adam.bitter@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

For the Federal Defendants:

Jeffrey S. Robins
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
Tel.: (202) 616-1246; Fax: (202) 305-7000
jeffrey.robins@usdoj.gov
P.O. Box 868
Washington, DC 20044

Brett A. Shumate
Deputy Assistant Attorney General
U.S Department of Justice, Civil Division
Tel.: (202) 514-2331; Fax: (202) 305-7000
brett.a.shumate@usdoj.gov
950 Pennsylvania Avenue
Washington, DC 20530

Daniel David Hu
United States Attorney's Office
Tx. State Bar No. 10131415
Southern District of Texas No. 7959
Tel.: (713) 567-9518; Fax: (713) 718-3303
daniel.hu@usdoj.gov
1000 Louisiana Street
Houston, TX 77002

For Defendant-Intervenors Karla Perez *et al.*:

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Celina Moreno (Tex. Bar No. 24074754)
(SD of Tex. Bar No. 2867694)

Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718)
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,**
**ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)

24

P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

For Defendant-Intervenor the State of New Jersey:

Glenn Moramarco, Assistant Attorney General
Rachel Wainer Apter, Assistant Attorney General
New Jersey Attorney General's Office
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: 609-376-3235

Jeremy Hollander, Assistant Attorney General
Kenneth S. Levine, Deputy Attorney General
Katherine Gregory, Deputy Attorney General
Paul H. Juzdan, Deputy Attorney General
Nicholas Dolinsky, Deputy Attorney General
Brian DeVito, Deputy Attorney General
New Jersey Attorney General's Office
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

All listed New Jersey attorneys have been admitted *pro hac vice* into this case.

Signed October 31, 2018:

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher
Attorney-in-Charge
Plaintiff States

*/s/ Jeffrey Robins*
Jeffrey Robins
Attorney-in-Charge
Federal Defendants

*/s/ Nina Perales*
Nina Perales
Attorney-in-Charge
Defendant-Intervenors Karla Perez *et al.*

*/s/ Glenn Moramarco*
Glenn Moramarco
Attorney-in-Charge
Defendant-Intervenor the State of New Jersey