IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants, <br><br> KARLA PEREZ, *et al.*, <br><br> Defendant-Intervenors, <br><br> and <br><br> STATE OF NEW JERSEY, <br><br> Defendant-Intervenor. | Case No. 18-cv-00068 |

**FEDERAL DEFENDANTS' OPPOSITION IN RESPONSE TO
DEFENDANT-INTERVENOR STATE OF NEW JERSEY'S MOTION TO STRIKE OR,
IN THE ALTERNATIVE, COMPEL FEDERAL DEFENDANTS
TO REPLEAD THEIR ANSWER TO THE AMENDED COMPLAINT.**

**INTRODUCTION**

Defendant-Intervenor New Jersey has moved this Court to strike certain paragraphs of Federal Defendants' Answer pursuant to Federal Rules of Civil Procedure 8(b) and 12(f). New Jersey's motion is without merit and should be denied. As an initial matter, New Jersey has made no showing they are prejudiced by any response in Federal Defendants' Answer, or that amending the Answer would move this case forward in a meaningful way. New Jersey's motion also fails on the merits because Federal Defendants' Answer meets the standards of Rule 8(b).

1

Numerous courts (although not all of them) have ruled that a defendant can, consistent with Rule 8(b), state that an allegation is a legal conclusion to which no response is required.

## ARGUMENT

Although New Jersey initially styles its motion as a motion to strike, New Jersey fails to acknowledge the high bar to succeed on such motion. Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts view Rule 12(f) motions with disfavor because "[i]t is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instr. of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). In particular, a matter can only be stricken under Rule 12(f) if there is a showing of prejudice. *See Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, Nos. CIVA H-05-2618, CIVA H-06-1790, Dkt. 114 at 3 (S.D. Tex. Jan. 22, 2007) ("Rule 12(f) motions require a showing of prejudice."). Here, New Jersey makes no showing of prejudice. Rather, New Jersey only references vague allegations by the Perez Defendant-Intervenors that, inter alia, Federal Defendants' Answer is "relevant to the issues presently being briefed before the Court. . . ." Dkt. No. 334 at 3, citing Dkt. No. 273 at 1. It is also unclear to Federal Defendants how New Jersey has any interest in the Answer given that both sets of Defendant-Intervenors submitted their own Answers that establish the parameters of any disputes to be litigated, and that Federal Defendants' legal positions are clearly stated throughout the preliminary injunction briefing and other motions practice on file.

New Jersey's motion also fails on its merits because Federal Defendants' Answer meets the requirements of Rule 8(b). Numerous courts have held that legal conclusions in complaints require no response. *See, e.g.*, *Wattie-Bey v. Stephens & Michaels Assocs.*, No. 13-CV-396, 2013

WL 2302117, at *1-2 (M.D. Pa. May 24, 2013); *Walker-Cook v. Integrated Health Res.*, LLC, No. 12-CV-146, 2012 WL 4461159, at *4 (D. Haw. Aug. 10, 2012), adopted by 2012 WL 4461414 (Sept. 25, 2012); *Khepera-Bey v. Santander Consumer USA, Inc.,* No. CIV. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012); *Washington v. McCoy*, 12-CV-628, 2013 WL 6504685, at *1 (S.D. Ohio Dec. 11, 2013); *Bradford v. HSBC Mortg. Corp.*, No. 1:09CV1226, 2011 WL 9933767, at *1 (E.D. Va. Jan. 21, 2011). Thus, Defendants' responses are consistent with Rule 8(b).

Federal Defendants acknowledge the line of cases cited by New Jersey, but note that these are distinguishable. First, it does not appear that any of the cases cited by New Jersey support an intervenor's right to litigate the sufficiency of an answer. Second, these cases misconstrue the Federal Rules scheme. Most of the legal conclusions in the Amended Complaint cannot, by their nature, be answered by a "short and plain" admission, denial, or defense contemplated by Rule 8(b). Instead, these paragraphs allege in broad and indefinite fashion that unidentified statutes, regulations, technical standards, policies, procedures, rules, directives, and guidance documents establish the pertinent legal standards in this case for evaluating the lawfulness of the agency action at issue. Responding to these allegations requires legal argument.[1] A pleading, however, is "not the proper document in which to present extensive legal arguments that belong in a legal memorandum." *Walker v. Walker*, No. 11-CV-2967, 2011 WL 3757314, at*2 (N.D. Ill. Aug. 25, 2011); *see also Norton–Griffiths v. Wells Fargo Home Mortg.*, No.10-CV-169, 2011 WL 884456, at *6 (D. Vt. 2011). Indeed, while Federal Defendants could similarly move to strike these allegations as "redundant, immaterial, [or] impertinent," for failing

---

[1] Notably, New Jersey does not allege that Federal Defendants have failed to respond to any factual assertions in the Amended Complaint.

to comply with Fed. R. Civ. P. 8(a)(2) (pleadings should contain "a short and plain statement of the claim"), and 8(d)(1) ("Each allegation must be simple, concise, and direct."), that would be a very inefficient way of proceeding every time a complaint strays from Rule 8.

Therefore, the Court should deny New Jersey's motion in its entirety, and alternatively should afford Federal Defendants the opportunity to replead.

Dated: November 13, 2018

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Attorneys for Federal Defendants

Respectfully submitted,

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

4

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        */s/ Jeffrey S. Robins*
                                        JEFFREY S. ROBINS
                                        Attorney-in-Charge
                                        Assistant Director

                                        Attorneys for Federal Defendants