**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendant-Intervenor. | ) |

Case No. 1:18-CV-68

**DEFENDANT-INTERVENOR STATE OF NEW JERSEY'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO
STRIKE OR, IN THE ALTERNATIVE, TO COMPEL FEDERAL
DEFENDANTS TO REPLEAD THEIR ANSWER TO THE AMENDED COMPLAINT**

In opposing Defendant-Intervenor State of New Jersey's ("New Jersey") motion to strike or replead their Answer (Dkt. 334, "NJ Br." or the "Motion"), the Federal Defendants acknowledge that, for 214 of the 256 allegations in the Amended Complaint, they neither admitted or denied the allegations, nor stated that they lacked knowledge or information sufficient to form a belief about the truth of the allegations.  But that is required under Fed. R. Civ. P. 8(b).  Instead, in their response brief (Dkt. 336, "Resp. Br."), the Federal Defendants argue that this Court should deny New Jersey's Motion because (i) some district courts (none from within the Fifth Circuit) have approved of this "non-answer" approach, (ii) New Jersey has not met the alleged "high bar" for the "drastic" remedy of striking part of a pleading, and (iii)

New Jersey does not have a sufficient "interest" in a proper Answer.  The Federal Defendants are wrong on all counts.  This Court should strike the deficient portions of the Federal Defendants' Answer or compel the Federal Defendants to replead those portions of their Answer.

## ARGUMENT

### A.  The Federal Defendants' Answer is Improper

The Federal Defendants' Answer plainly fails to comply with Rule 8(b), which only "permits a defendant to answer the averments of a complaint in one of three ways."  *Clarendon Am. Ins. Co. v. All Bros. Painting, Inc*., No. 6:13-CV-934-ORL-22, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013) (NJAPP 00031).  An answer that an averment in a complaint is "a legal conclusion to which no response is required" is not one of these permitted ways. *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013) (NJAPP00020) ("SSDD's answer that it need not respond to 'legal conclusions' finds no support in the language of Rule 8(b), which requires a response to all allegations."); *see also Bruce v. Anthem Ins. Companies, Inc.*, No. 3:15-CV-0353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (NJAPP 00012) (holding that it is "insufficient" under Rule 8(b) to respond to allegations "on the basis that it is a 'legal conclusion'").  The long line of authority cited by New Jersey in its opening brief amply confirms this point.  *See* NJ Br. at 4-5, n.5.

The Federal Defendants "acknowledge" this authority, but cite other cases for the proposition that "legal conclusions in complaints require no response."  Resp. Br. at 2.  Yet the authority they cite, all outside of the Fifth Circuit, is not persuasive or not applicable (or both).  For example, several of the cases cite no authority for the (incorrect) conclusion that a party need not properly respond to every paragraph of a complaint.  *See Wattie-Bey v. Stephens & Michaels*

*Assocs.* (cited in Resp. Br. at 2), No. 13-CV-396, 2013 WL 2302117, at *1-2 (M.D. Pa. May 24, 2013) (cites no authority for conclusion that "legal claims in the complaint do not require a response"); *Khepera-Bey v. Santander Consumer USA, Inc.* (cited in Resp. Br. at 3), No. CIV. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) (cites no authority for statements that "'no response is required' to legal conclusion" and that "a defendant is only required to respond to factual allegations").

Other cases cited by the Federal Defendants are inapposite.  For example, in *Washington v. McCoy*, 12-CV-628, 2013 WL 6504685 (cited in Resp. Br. at 3), at *1 (S.D. Ohio Dec. 11, 2013), the court rejected plaintiff's argument that the defendant's statements in his answer that legal conclusions "do not require a response" was "scandalous" under Rule 12(f).  New Jersey makes no such assertion here.  Additionally, in *Walker-Cook v. Integrated Health Res., LLC* (cited in Resp. Br. at 3), No. 12-CV-146, 2012 WL 4461159 (D. Haw. Aug. 10), adopted by 2012 WL 4461414 (Sept. 25, 2012), the court denied a motion to strike one paragraph of the answer that the defendants claimed "call[ed] for a legal conclusion to which no response is required."  *Id.* at *4.  The court agreed because, in "[t]aking the answer *as a whole*, Defendants have made specific admissions and denials of the allegations *in each paragraph* in addition to their statements regarding . . . legal conclusions alleged by Plaintiffs.  In these circumstances, there is no basis to strike paragraph 2."  *Id.* (emphasis added).  Such a holding has no application here, where the Federal Defendants' responses to each of the over 200 paragraphs of the Amended Complaint identified in the Motion contain no "specific admissions and denials."[1]

---

[1] The sole case cited that appears to lend some support to Federal Defendants' argument is *Bradford v. HSBC Mortg. Corp.*, No. 1:09CV1226, 2011 WL 9933767, at *1 (E.D. Va. Jan 21, 2011) (cited in Resp. Br. at 3), where the court denied a *pro se* plaintiff's motion to strike and for Rule 11 sanctions for various alleged pleading defects in the answer including the assertion of

The Federal Defendants also argue that their Answer was proper because they cannot possibly respond to most of the paragraphs in the Amended Complaint because it would require impermissible "legal argument."  Resp. Br. at 3.  But this objection misses the mark.  The Federal Defendants are required to simply admit or deny the specific allegations in each paragraph (or state they are without knowledge or information sufficient to form a belief). Answering the Amended Complaint does not require the Federal Defendants to explain their position or otherwise try to persuade the Court on the point at issue.  Rather, their Answer will permit the parties to determine what legal contentions asserted in the Amended Complaint are truly disputed by the Federal Defendants, whose interests seem to align with the Plaintiffs.  The Federal Defendants' contention that extensive legal briefing is required is simply wrong. Moreover, if the Federal Defendants believe that they cannot respond to over half of the paragraphs of the Amended Complaint because it would require impermissible "legal argument" (*see* Resp. Br. at 3), then their remedy, as they acknowledge is available, is to move to strike those allegations or otherwise have them omitted from the Amended Complaint.[2]  But the Federal Defendants cannot fail to properly respond, and then claim, as they do, that proceeding otherwise would be "very inefficient" even if the Amended Complaint "strays from Rule 8." Resp. Br. at 4.

---

"legal conclusion."  This is hardly persuasive authority upon which to bypass the plain requirements of Rule 8(b).

[2] Indeed, moving to strike the "legal" allegations of the complaint is exactly what happened in *Walker v. Walker*, No. 11-CV-2967, 2011 WL 3757314 (N.D. Ill, Aug 25, 2011), a case cited by Federal Defendants. Resp. Br. at 3.  Likewise, in *Norton-Griffiths v. Walls Fargo Home Mortgage*, No. 10-CV-169, 2011 WL 884456 (D. Vt. 2011), also cited by Federal Defendants (Resp. Br. at 3), the defendants obtained an order from the court directing the plaintiff to "omit from their proposed Amended Complaint any legal arguments and questions." *Norton-Griffiths*, 2011 WL 884456 at *6.  These options are available here.

B. **New Jersey is Entitled to Relief**

The Federal Defendants next contend that even if they did violate Rule 8(b) pleading requirements, New Jersey is not entitled to a remedy.  They are once again wrong.

First, the Federal Defendants claim New Jersey's long line of cases is not relevant because no case "support[s] an intervenor's right to litigate the sufficiency of an answer."  Resp. Br. at 3.  But Rule 12(f) plainly permits "a party" to make a motion, and does not exclude defendants who intervene as parties from making such motions.  *Cf. Renken v. Builders Trans. Co.*, No. 10-CV-57-J, 2010 WL 11450503 at *4 (D. Wyo. Oct. 17, 2010) (rejecting the argument that a co-defendant lacked standing to move to strike another co-defendant's affirmative defenses).

The Federal Defendants also claim that striking the deficient portions of the Answer "can only be [granted] if there is a showing of prejudice."  Resp. Br. at 2 (quoting *Instr. of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir 1962)).  That, however, is also not the case.  *See Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011) ("[T]he Court will not require that a movant show prejudice to prevail on a motion to strike."); *Atlantic Richfield Co. v. Ramirez*, No. 98-56372, 176 F.3d 481, 1999 WL 273241 (9th Cir. 1999) (unpublished table decision) ("Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule.").[3]  In all events, as discussed below, New Jersey had made a showing of prejudice.

---

[3]  The Federal Defendants cite *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, Nos. CIVA H-05-2618, CIVA H-0601790, Dkt. 114 at 3 (S.D. Tex. Jan 22, 2007), for support for the proposition that "Rule 12(f) motions require a showing of prejudice." Resp. Br. at 3.  But the authority cited by *Landmark* for this proposition makes it clear that rule is not absolute.  *See Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 944 (W.D.

The Federal Defendants next claim that New Jersey is not entitled to the "drastic" remedy of striking the offending portions of the Answer.  Resp. Br. at 2.  But New Jersey's Motion also seeks an order compelling the Federal Defendants **to replead** their improper responses in their Answer.  Allowing a party the opportunity to replead when faced with a motion to strike is not an unusual result.  *See* NJ Br. at 6. In an apparent effort to make New Jersey appear unreasonable, though, the Federal Defendants' Response Brief barely makes any mention of this prong of New Jersey's request for relief.  Only in the last sentence of their brief do the Federal Defendants state that if the Motion is not denied in its entirety, the Court "should afford Federal Defendants the opportunity to replead" – the same reasonable remedy New Jersey now seeks, and which it sought prior to making the Motion.

To that point, in a series of pre-motion emails counsel for New Jersey sent to the Federal Defendants in a good-faith effort to avoid motion practice altogether, counsel for New Jersey advised Federal Defendants that "New Jersey would not object to the Federal Defendants filing an amended answer to correct the pleading errors."  *See* Levine Decl. Ex. A.[4]  Counsel for the Federal Defendants rejected New Jersey's offer, and instead said only that "the relief [New Jersey] seeks is not warranted, and Federal Defendants should be permitted leave to re-plead should the court agree with [New Jersey]."  *Id*. This response, especially the latter part, is puzzling, because New Jersey does not oppose the Federal Defendants being given leave to replead their Answer.  But it seems the Federal Defendants require a court order directing them to do so.  New Jersey would welcome such an order.

---

La. 2004) ("[S]uch motions are disfavored and *will usually be denied* unless the allegations have no possible relevance to the controversy and may cause prejudice to one of the parties." (emphasis added)).

[4] "Levine Decl." refers to the Declaration of Kenneth Levine dated November 21, 2018 and being filed in support of the Motion simultaneously with this brief.

**C.  New Jersey Has a Significant Interest in the Federal Defendants Filing a Proper Answer**

The Federal Defendants say that it is "unclear . . . how New Jersey has any interest in the Answer."  Resp. Br. at 2.  But New Jersey's interest in Federal Defendants' Answer is no mystery.  First, as the Court is no doubt aware, the Perez Defendant-Intervenors have filed a motion to dismiss the complaint for lack of subject-matter jurisdiction. (Dkt. 118.)  *New Jersey has fully joined in that motion* (Dkt. 193), which remains pending.[5]  New Jersey has argued that, among other things, this Court lacks the power to hear this matter under Article III, Section 8 of the U.S. Constitution because there is no "case or controversy" for the Court to adjudicate as there is no genuine controversy between Plaintiffs and the Federal Defendants.  *See* Dkt. 193, Dkt. 215 at 29 n.9, and Dkt. 286 at 30. A proper Answer from the Federal Defendants would aid this argument (and affirmative defense) because the Answer "will provide information that is crucial to resolving this question," as the Perez Intervenor-Defendants have noted.  NJ Br. at 3 (quoting Dkt. 171 at 1-2).  Second, and more broadly, a proper Answer should serve to "apprise" New Jersey and the other parties of what allegations "stand admitted" and which "are contested." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (3d ed., Sept. 2018 update).  This may have multiple benefits in the litigation, including the streamlining the case when it comes time for a trial.

Lastly, the Federal Defendants claim that New Jersey does not need the Federal Defendants to provide a proper Answer because their "legal positions are clearly stated throughout the preliminary injunction briefing and other motions practice on file."  Resp. Br. at

---

[5]  In its Second Affirmative Defense to its Answer, New Jersey also asserted: "This suit must be dismissed because the Plaintiffs' claims in this action are nonjusticiable."  Dkt. 39, Ex. 1 at 76; *see also* Dkt. 234 (incorporating same into New Jersey's Answer to Amended Complaint).

2.  But a review of the Federal Defendants' other filings in this litigation shows just the opposite. By way of example, the Federal Defendants have not stated their position on (1) whether Plaintiffs have standing to bring this lawsuit[6]; (2) whether DACA violates the procedural requirements of the Administrative Procedures Act[7]; or (3) whether DACA violates the Take Care clause of the U.S. Constitution.[8]  Each is a central issue in this litigation squarely alleged in the Amended Complaint.  A proper Answer would flush out the positions on these matters.

## CONCLUSION

For the reasons stated above and in New Jersey's original moving papers, this Court should grant the Motion and strike the 214 identified paragraphs of Federal Defendants to the Amended Complaint, and/or compel Federal Defendants to replead their Answer.

Dated: November 21, 2018                    GURBIR S. GREWAL
                                            ATTORNEY GENERAL OF NEW JERSEY

                                     By:    */s/ Glenn Moramarco*
                                            Glenn Moramarco, Assistant Attorney General
                                            (admitted pro hac vice)

---

[6] *See, e.g.*, Dkt. 71 at 12, 16, 19 (observing that "if [Plaintiffs] can establish standing" they may be entitled to relief, that "[m]any of the . . .  theories that Plaintiffs put forth to support standing  . . .  have already been rejected by this Court and/or the Fifth Circuit," and that if "Plaintiffs assert a financial injury from driver's licenses . . . then Plaintiffs would have standing . . . ."); Dkt. 335 at 6-9 (in Joint Case Management Report, Federal Defendants remaining silent rather than joining in or making a statement regarding Plaintiffs' standing).

[7]  *See* Dkt. 71 at 15 FN5 ("Because DACA is substantively unlawful under the INA and this Court can so hold as a pure question of law, this Court need not address whether DACA is also procedurally unlawful for failure to undergo notice and comment under the APA, which would require a factual determination, *Texas*, 809 F.3d at 172-75."); Dkt. 305 at 1 ("As the Federal Defendants have explained, this Court need not address whether DACA violated the APA's notice-and-comment requirements.").

[8] *See* Dkt. 71 at 15 FN5 (". . . this Court need not address the constitutional question whether DACA violated the President's duty to 'take Care that the Laws be faithfully executed,' U.S. Const. art. II, § 3, or whether any private cause of action exists to challenge actions under that Clause.").

Rachel Wainer Apter, Assistant Attorney General
(admitted pro hac vice)
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: Trenton, NJ 08625
Phone: 609-376-3235

Jeremy Hollander, Assistant Attorney General
(admitted pro hac vice)
Kenneth S. Levine, Deputy Attorney General
(admitted pro hac vice)
Katherine Gregory, Deputy Attorney General
(admitted pro hac vice)
Paul H. Juzdan, Deputy Attorney General
(admitted pro hac vice)
Nicholas Dolinsky, Deputy Attorney General
(admitted pro hac vice)
Brian DeVito, Deputy Attorney General
(admitted pro hac vice)
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

*Attorneys for Defendant-Intervenor State of New Jersey*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2018, I caused this document, including exhibits and attachments thereto, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Glenn Moramarco*
Glenn Moramarco

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-68 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | **DECLARATION OF** |
| KARLA PEREZ, *et al.*, | ) | **KENNETH S. LEVINE** |
| | ) | |
| Defendant-Intervenors, | ) | |
| and | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| Proposed Defendant-Intervenor. | ) | |
| | ) | |

I, Kenneth S. Levine, hereby make the following declaration with respect to the above-captioned matter.

1.     I am a Deputy Attorney General for the New Jersey Attorney General's Office and one of the counsel of record for Defendant-Intervenor State of New Jersey in this matter.

2.     Attached as **Exhibit A** hereto is a true and correct copy of an email exchange between me and counsel for the Federal Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge.

Executed this 21st day of November 2018.

*/s/ Kenneth S. Levine*
_____
Kenneth S. Levine

# Exhibit A

| From: | Robins, Jeffrey (CIV) |
| --- | --- |
| To: | Nina Perales; Kenneth Levine |
| Cc: | Starr, Brantley; Biggs, Adam; Bitter, Adam; Disher, Todd; Glenn Moramarco; Jeremy Hollander; Rachel Wainer Apter |
| Subject: | [EXTERNAL] RE: DACA: Federal Defendants" Answer (DKT 332) |
| Date: | Friday, October 19, 2018 3:18:52 PM |

Ken,

Federal Defendants will oppose your motion. Defendant Intervenors have no cognizable interest in the answer here. In fact, concerns about notice pleading referenced in the cases you cite are not an issue here, as all the Defendant Intervenors have filed answers in accordance with Rule 24. Additionally, Federal Defendants note that of the limited case law in this area, the cases you have cited are based on faulty analysis and conflict with other provisions of the Federal Rules. Finally, the relief you seek is not warranted, and Federal Defendants should be permitted leave to re-plead should the court agree with you.

Sincerely,

Jeff Robins

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Nina Perales [mailto:nperales@MALDEF.org]
**Sent:** Thursday, October 18, 2018 4:42 PM
**To:** Kenneth Levine <Kenneth.Levine@law.njoag.gov>
**Cc:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Starr, Brantley <Brantley.Starr@oag.texas.gov>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Bitter, Adam <Adam.Bitter@oag.texas.gov>; Disher, Todd <Todd.Disher@oag.texas.gov>; Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Rachel Wainer Apter <Rachel.Apter@njcivilrights.gov>
**Subject:** Re: DACA: Federal Defendants' Answer (DKT 332)

Ken, the Perez Defendant Intervenors do not oppose the motion.

Sent from my iPad

On Oct 18, 2018, at 2:39 PM, Kenneth Levine <Kenneth.Levine@law.njoag.gov> wrote:

Dear Counsel:

Regarding the issues I raised below with respect to the Federal Defendants'
answer, presently New Jersey's deadline to move to strike or, in the

alternative, to compel the Federal Defendants to replead their answer is
Monday, October 22.

Accordingly, in case such a motion is necessary, and in order to comply with
Judge Hanen's certificate of conference rules, can you please let me know by
Monday, October 22, at noon EST your position on such a motion.

Thank you.

Best,

Ken


Kenneth S. Levine | Deputy Attorney General
Office of the Attorney General | State of New Jersey
Division of Law | Government & Healthcare Fraud Section
124 Halsey St.  | Newark, NJ 07101
Telephone: 973-648-2881
Email: kenneth.levine@law.njoag.gov
PRIVILEGED <image001.png> CONFIDENTIAL

---

**From:** Kenneth Levine
**Sent:** Wednesday, October 17, 2018 10:17 AM
**To:** 'Robins, Jeffrey (CIV)'
**Cc:** 'Starr, Brantley'; 'Biggs, Adam'; 'Nina Perales'; 'Bitter, Adam'; Glenn Moramarco;
Jeremy Hollander; Rachel Wainer Apter; 'Celina Moreno'; 'Disher, Todd'
**Subject:** DACA: Federal Defendants' Answer (DKT 332)

Jeff  –

I write concerning the answer to the Amended Complaint that the Federal
Defendants filed on October 1 (Dkt. 332).

Federal Rule of Civil Procedure 8(b) only allows three responses in an
answer: (i) admit an allegation, (ii) deny an allegation, or (iii) aver a lack of
sufficient knowledge to admit or deny.  But instead of admitting, denying, or
averring a lack of knowledge, Federal Defendants respond to 211 of the 356
allegations in the Amended Complaint by stating only that the allegations
contain "legal conclusions," "questions of law to be determined solely by the
Court," or similar formulations "to which no response is necessary."

More specifically, for 168 of the allegations, the Federal Defendants respond
that the cited paragraph "consist[] of Plaintiffs' characterizations of the
lawsuit and related legal conclusions, to which no response is required" or

"contain[]Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary":

> Paragraphs 9, 10, 11, 12, 16, 28, 29, 30, 31, 32, 33, 34, 35, 47, 48, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 81, 85, 87, 89, 90, 91, 97, 98, 100, 101, 102, 103, 104, 105, 107, 108, 111, 113, 114, 115, 116, 123, 128, 133, 134, 135, 140, 141, 142, 150, 156, 174, 189, 193, 194, 195, 196, 197, 198, 199, 208, 209, 210, 211, 215, 217, 218, 221, 225, 226, 229, 230, 231, 232, 233, 234, 235, 236, 240, 241, 244, 246, 270, 271, 272, 274, 275, 276, 277, 279, 281, 282, 283, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 352, 354, and 356

And for an additional 43 allegations, the Federal Defendants respond that the allegations in the Amended Complaint contain "jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary":

> Paragraphs 17, 18, 19, 21, 22, 219, 220, 221, 222, 223, 224, 237, 238, 239, 242, 245, 247, 248, 249, 250, 251, 252, 253, 254, 255, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 278, 280, 284, 285, 286, and 305

These are not proper responses.  *See Bruce v. Anthem Ins. Companies, Inc.*, No. 3:15-CV-0353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) ("insufficient" under Rule 8(b) to respond to allegations "on the basis that it is a 'legal conclusion.'"), *citing Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011) ("Responses that . . . allegations are legal conclusions do not comply with rule 8(b)'s requirements"); *see also Kegerise v. Susquehanna Township School Dist.*, No. 1:CV-14-0747, 2016 WL 407348, at *3 (M.D. Pa. Feb. 3, 2016) ("Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law.") (ordering defendants to replead answer); *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-CV-193, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013) ("[Defendant's] answer that it need not respond to 'legal conclusions' finds no support in the language of Rule 8(b), which requires a response to all allegations.") (striking answers that violated Rule 8(b), with leave to replead).

New Jersey reserves all rights with respect to the deficient answers, including (but not limited to) moving to strike under Rule 12(f), and deeming the deficient answers admitted under Rule 8(b)(6).

New Jersey would not object to the Federal Defendants filing an amended answer to correct the pleading errors.

Please let us know by Friday, October 19, at 5:00 p.m. EST, how you would like to proceed.

Best,

Ken

Kenneth S. Levine | Deputy Attorney General
Office of the Attorney General | State of New Jersey
Division of Law | Government & Healthcare Fraud Section
124 Halsey St.  | Newark, NJ 07101
Telephone: 973-648-2881
Email: kenneth.levine@law.njoag.gov
PRIVILEGED <image001.png> CONFIDENTIAL

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-68 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |

**APPENDIX**

Pursuant to this Court's Civil Procedures, Rule 7, Defendant-Intervenor State of New Jersey hereby provides the Court with the following table of contents and copies of the authorities cited in its Reply Brief in Further Support of its Motion to Strike or, in the Alternative, to Compel Federal Defendants to Replead Their Answer to the Amended Complaint:

| Ex. | Description | Page |
|:---:|:---|:---|
| 1. | *Renken v. Builders Trans. Co.*, No. 10-CV-57-J, 2010 WL 11450503 (D. Wyo. Oct. 17, 2010) | NJAPP00070 |
| 2. | *Atlantic Richfield Co. v. Ramirez*, No. 98-56372, 176 F.3d 481, 1999 WL 273241 (9th Cir. 1999) (unpublished table decision) | NJAPP00078 |

Dated: November 21, 2018

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  */s/ Glenn Moramarco*
Glenn Moramarco, Assistant Attorney General

(admitted pro hac vice)
Rachel Wainer Apter, Assistant Attorney General
(admitted pro hac vice)
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: Trenton, NJ 08625
Phone: 609-376-3235

Jeremy Hollander, Assistant Attorney General
(admitted pro hac vice)
Kenneth S. Levine, Deputy Attorney General
(admitted pro hac vice)
Katherine Gregory, Deputy Attorney General
(admitted pro hac vice)
Paul H. Juzdan, Deputy Attorney General
(admitted pro hac vice)
Nicholas Dolinsky, Deputy Attorney General
(admitted pro hac vice)
Brian DeVito, Deputy Attorney General
(admitted pro hac vice)
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

*Attorneys for Defendant-Intervenor State of New Jersey*

2010 WL 11450503
Only the Westlaw citation is currently available.
United States District Court, D. Wyoming.

Norma RENKEN, Norris Renken, and Christiann Walston, Plaintiffs,
v.
BUILDERS TRANSPORTATION CO., LLC, a Tennessee limited liability company; Swift Transportation Co. Inc., an Arizona corporation; and Berkut Transport Inc., an Oregon corporation, Defendants.

Case No. 10-CV-57-J
|
Signed October 17, 2010
|
Filed 10/18/2010

## Attorneys and Law Firms

Diana Rhodes, Traci Sampson Rivinus, Rhodes Law Firm, Cheyenne, WY, for Plaintiffs.

Heather Anne Zadina, Woodhouse Roden, LLC, Loyd E. Smith, Murane & Bostwick, Cheyenne, WY, for Defendants.

## ORDER AFFIRMING MAGISTRATE

## JUDGE'S ORDER AND DENYING BERKUT'S MOTION FOR CLARIFICATION AND DENYING SWIFT'S JOINDER TO BERKUT'S MOTION

ALAN B. JOHNSON, UNITED STATES DISTRICT JUDGE

**\*1** This matter came before the Court by *Builders Transportation Co., LLC. 's Appeal/Motion for Reconsideration by District Judge of Magistrate Judge's Order* (Doc. 55). Plaintiffs and defendants Swift Transportation Co. Inc. and Berkut Tranport Inc. filed timely responses to the motion. Also before the Court is *Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 56) and *Swift Transportation Co., Inc.'s Joinder to Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 57). Plaintiffs and Builders filed responses. The Court, having considered the motions and response, the pleadings of record, and the applicable law, and being fully advised, finds as follows:

## Background

The facts of this case are explained fully in the magistrate's order, as well in a related action, *Guinn v. Builders Transportation Co., LLC.*, No. 07-CV-54-B (D. Wyo. 2007). However, a short recitation of some facts is necessary for the disposition of the

NJAPP000070

motions at hand.

On March 26, 2006, in snowy conditions, three tractor-trailers were traveling eastbound on Interstate 80, near Elk Mountain, Wyoming. The tractor-trailers were owned by Godfrey Trucking, Berkut, and Swift and were traveling along the interstate in that order. In front of the tractor-trailers was an unidentified driver in a pickup truck. The tractor-trailers collided and ended up blocking the two eastbound lanes of the interstate.

After this original collision, other vehicles arrived at the scene, including plaintiffs' Chevrolet Blazer. A Honda Civic then stopped next to plaintiffs' Blazer, and the driver, Patrick Guinn, got out. Then the Builders tractor-trailer came upon the scene and collided with the Blazer occupied by the plaintiffs, the Civic, Berkut's tractor-trailer, and struck and killed Patrick Guinn.

Plaintiffs allege the collision occurred due to defendants' negligence and seek damages for injuries suffered as a result. In its answer, Builders asserts comparative fault as one of its affirmative defenses, pursuant to Wyo. Stat. Ann. § 1-1-109. In response, Berkut and Swift both filed motions to strike Builders's comparative fault defense as being precluded by the doctrine of collateral estoppel. The magistrate judge granted those motions, and this appeal followed.

The claim of collateral estoppel is based on the judgment rendered in *Guinn.* In that case, Patrick Guinn's estate brought a wrongful death action against Builders, Berkut, and Swift. Builders argued to the jury that Swift and Berkut were negligent

"because their actions resulted in the complete blockage of both lanes of travel on the Interstate and created the conditions that caused all subsequent accidents to occur."

The jury, however, returned a verdict finding that an unidentified driver and Godfrey, Berkut, and Swift were not at fault for the collision that happened to their rear. Instead, the jury found the Builders driver one-hundred percent at fault, and that Builders was liable for the negligence of its driver that resulted in the death of Mr. Guinn. The trial court then approved the verdict and entered judgment in favor of Guinn's estate.

**\*2** The issue now before the Court is whether the judgment rendered in *Guinn* precludes Builders from asserting comparative fault against Swift and Berkut in this case. The magistrate judge found that collateral estoppel does apply in this action, and Builders challenges the magistrate's decision.

First, Builders argues that Berkut and Swift do not have standing to move to strike a co-defendant's affirmative defense. The magistrate judge held they do have standing, as Builders could not point to any case law indicating otherwise. Builders argues that Berkut and Swift have similarly not pointed to any case law indicating they do have standing, and as such, the magistrate judge held incorrectly.

Second, Builders argues that Berkut and Swift have failed to meet their burden in proving its comparative fault defense against them "is insufficient as a matter of law or fails to present questions of law or fact."

NJAPP000071

Builders goes on to argue its comparative fault defense against Berkut and Swift is not patently defective on the face of the pleadings.

Third, Builders argues that collateral estoppel does not apply to this issue because the Renken collision was not at issue in *Guinn.* Builders argues that the Renken collision, as compared to the Guinn collision, was never put at issue or considered in *Guinn.* Builders argues the Renken collision was only "tangentially discussed with regard to providing the jury with an overall picture of what occurred during the course of the twenty-two vehicle collision sequence." Builders argues that one jury verdict of 100% liability against it in *Guinn* should not make it "also 100% liable with regard to all other calamites [sic] which befell the participants in the accident sequence."

Finally, Builders argues that under judicial estoppel, Berkut and Swift should be prohibited from asserting a position contrary to their position espoused in *Guinn.* In that case, both parties argued to the jury they only had to decide the facts of the collision at issue, not all the other collisions in the entire sequence. Builders argues that because Berkut and Swift argued those points to the jury in *Guinn*, they should not be allowed to now take an opposite position.

Berkut and Swift argue three simple points: (1) their position in this case is the same as in *Guinn*, that is, the initial Godfrey-Berkut-Swift collision did not cause the collision behind them; (2) Builders's argument in this case—that Berkut and Swift are at fault for the collision

behind them by blocking the road—is identical to its failing argument in *Guinn*; and (3) the issue is not Berkut and Swift's negligence with respect to the Renken collision, but their negligence with respect to the collision behind them.

Plaintiffs argument is similar to Berkut and Swift's but also takes exception to a portion of the magistrate's order. Plaintiffs argue that because facts of the Builders-Guinn collision are identical to the facts of the Builders-Renkens collision, collateral estoppel should apply to all the parties—not just Berkut and Swift. Plaintiffs argue that Builders had ample opportunity to name them as third-party defendants or non-parties at fault in *Guinn*, but because it did not, it waived its opportunity to claim the comparative fault of Plaintiffs.

### Legal Standard

A magistrate judge's nondispositive order can only be set aside by a district judge if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a); U.S.D.C.L.R. 74.1(a). Acting "similar to an appellate court," the district court will review the magistrate's order pursuant to this "clearly erroneous or contrary to law" standard of review. *Clark v. Poulton*, 963 F.2d 1361, 1371 (10th Cir. 1992).

**\*3** Under the "clearly erroneous" standard, the district court must affirm the magistrate's order unless it has a definite

NJAPP000072

and firm conviction that an error has occurred. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard. *Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1235 (D. Wyo. 2002), *vacated on other grounds*, 414 F.3d 1207 (10th Cir. 2005). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.*

## Standing to Strike Affirmative Defense

Builders argues the magistrate judge incorrectly held that Berkut and Swift have standing to move to strike a co-defendant's affirmative defense. The magistrate judge cited the relevant rule on this issue: "Pursuant to Federal Rule of Civil Procedure 12(f), '[t]he court may strike from a pleading an insufficient defense ... on its own or on motion made by a party.' " The magistrate judge further noted that Builders did not cite, nor could the court find, any authority prohibiting a co-defendant from making a motion pursuant to Rule 12(f). In its appeal, Builders again does not cite to any such authority. Because Rule 12(f) allows the court to strike a defense on its own or by a party's motion, this Court finds the magistrate judge's determination is not clearly erroneous or contrary to law.

## Collateral Estoppel

Builders claims the magistrate judge incorrectly found that collateral estoppel applies in this case. This Court disagrees. Collateral estoppel, also known as issue preclusion, forecloses relitigation of an issue that was actually and necessarily decided in a previous proceeding. *See, e.g., Montana v. United States*, 440 U.S. 147, 153 (1979) ("[A] right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies.") (quotations and ellipses omitted).

The magistrate judge applied the following Wyoming four-factor test to determine that collateral estoppel applies to this case:

> (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against

whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Willowbrook Ranch, Inc. v. Nugget Exp., Inc.*, 896 P.2d 769, 772 (Wyo. 1995). Builders does not argue the magistrate judge applied the wrong standard, it only argues that the magistrate judge applied it to the facts of this case incorrectly.

Builders argument against collateral estoppel is that the issue decided in *Guinn* is not identical to the issue in the present litigation. Builders attempts to stretch its collision into two separate incidents.[1] However, as the magistrate judge found, "It is undisputed that Builders first hit plaintiffs' vehicle and then, immediately thereafter, ran over and killed Mr. Guinn. These events essentially occurred within milliseconds of one another."

**\*4** The issue before this Court is whether Berkut and Swift are liable for the collision that occurred behind them. Because the *Guinn* jury decided that identical issue, and Builders took advantage of its opportunity in *Guinn* to oppose that argument, the magistrate judge held that collateral estoppel applies. This Court finds the magistrate judge's applied the law correctly, and his determination was not clearly erroneous or contrary to law. Because the magistrate judge correctly held that collateral estoppel applies, he also correctly held that the affirmative defense of comparative fault by Berkut and Swift is insufficient as a matter of law. *See Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

## Offensive Collateral Estoppel

Plaintiffs claim the magistrate judge incorrectly held that collateral estoppel only applies to Berkut and Swift. They argue it should also apply to them, holding Builders entirely at fault in this case as well. The magistrate explained that Plaintiffs' argument is for an application of offensive collateral estoppel. "Offensive collateral estoppel describes claims ... in which a plaintiff is seeking to prevent a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *Seneca-Cayuga Tribe v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019 (10th Cir. 2003) (quotations and brackets omitted).

A difference exists between collateral estoppel claimed by defendants (like that claimed by Berkut and Swift) and collateral estoppel claimed by plaintiffs (like that claimed by the Renkens). In *Parklane Hosiery, Co. v. Shore*, 439 U.S. 322, 331 (1979), the United States Supreme Court explained that while offensive collateral estoppel could be applied to some cases, courts must consider certain policy considerations. "The general rule [is] that in cases where a plaintiff could have joined in the earlier action ..., a trial judge should not allow the use of offensive collateral estoppel." *Id.* Plaintiffs point to no reason why they could not have easily joined *Guinn*. Therefore, offensive collateral

NJAPP000074

estoppel should not be applied to this case.

Moreover, the *Parklane* Court also recognized other policy concerns. *Id.* at 329-31. The magistrate judge applied all the *Parklane* concerns to the facts of this case:

> In this case, the Court, in exercising its broad discretion, must deny plaintiffs from being given the issue preclusion effect. First, plaintiffs fail to make an argument as to why they would have been unable to join with the earlier action involving *Guinn.* It should have been foreseeable to plaintiffs at that time that they would bring a lawsuit after the accident. Renkens knew when *Guinn* action was occurring since they were deposed in preparation for the *Guinn* trial. Moreover, offensive issue preclusion will not save judicial resources since plaintiffs will still need to introduce the same evidence as was introduced in the *Guinn* action to at least prove causation and damages. Additionally, Renkens were not a party in the *Guinn* action, nor were Renkens a party on the verdict form. This means that the *Guinn* jury was not specifically asked about Renkens' potential

comparative fault in relation to that of Builders. Renkens are not at any risk for an inconsistent verdict regarding their own liability.

(Doc. 51, at 16-17.)

Therefore, the magistrate's application of the proper legal standard is not clearly erroneous or contrary to law. Accordingly, Plaintiffs' claim for offensive collateral estoppel will not apply in this case.

**Effect of Magistrate Judge's Order**

Because the magistrate judge's order striking Builders's comparative fault defense with respect to Berkut and Swift has not been upset on this appeal, the next question before the Court is the effect of his order. While the Court will rule on the effect of the magistrate's order on the verdict form as the case currently stands, its final ruling as to the verdict form will be reserved for trial at the jury instruction conference.

**\*5** Berkut and Swift argue that the magistrate's order should have the effect of preventing them from appearing on the verdict form in this case. They argue that holding otherwise would "nullify" the magistrate judge's order on collateral estoppel. Builders argues that Berkut and Swift should be on the verdict form, as collateral estoppel only applies to *Builders's*

comparative fault defense against Berkut and Swift. Builders argues that because Plaintiffs have asserted comparative fault against Berkut, Swift, and Builders, all three defendants should be listed on the verdict form.[2]

This Court has determined that Berkut and Swift have successfully asserted collateral estoppel against Builders for its defense of comparative fault. *See supra*, at 10. This Court has also determined that Plaintiffs cannot assert offensive collateral estoppel against Builders. *See supra*, at 12.

In this motion for clarification, Berkut and Swift seek to assert collateral estoppel against Plaintiffs. That claim fails, however, after this Court considers the four factors:

> (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Willowbrook Ranch*, 896 P.2d at 772.

The first two factors are fulfilled because the issue in the first case (whether Berkut and Swift are liable for the collision to their rear) is identical to the issue in this case, and the issue was decided on its merits in the first case. However, Plaintiffs were not a party to the first case, and therefore did not have the opportunity to litigate the issue in the first case. As such, two of the four factors fail, and Berkut and Swift cannot assert collateral estoppel against Plaintiffs.

Because Plaintiffs continue to claim Berkut and Swift are comparatively at fault, Berkut and Swift will remain on the verdict form. If, however, this Court dismisses Plaintiffs' claims against Berkut and Swift, the outcome changes. In that case, the only party who would be claiming Berkut and Swift's comparative fault is Builders, and Builders is precluded from taking that position by collateral estoppel. Therefore, the actors in the first collision would be excluded from the verdict form.

### Conclusion

Accordingly, the Court AFFIRMS Magistrate Judge Beaman's *Order Granting Defendant Berkut Transportation, Inc.'s Motion to Strike Affirmative Defense and Swift Transportation Co., Inc.'s Motion to Strike Defendant Builders Transportation Co., LLC's Affirmative Defense of Comparative Negligence Based on Jury Verdict in Related Case (Collateral*

NJAPP000076

*Estoppel)* (Doc. 51).

Further, the Court DENIES *Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 56) and DENIES *Swift Transportation Co., Inc's Joinder to Berkut Transport Inc 's Motion for Clarification of the Magistrate's Order*

(Doc. 57).

## All Citations

Not Reported in Fed. Supp., 2010 WL 11450503

## Footnotes

1    The Court notes that contrary to Builders's judicial estoppel argument, Berkut and Swift did not take an opposite position in *Guinn.* The statements made by Berkut and Swift's counsel referred to the jury having to decide fault only for the Builders collision, not the others in the sequence of collision that preceded or followed. Here, Berkut and Swift maintain the same position, but Builders agues the Builders collision is actually two separate incidents.

2    In response to this motion, Plaintiffs recite their arguments that if collateral estoppel applies to Berkut and Swift, it should similarly apply to Plaintiffs. This Court has dispensed with those arguments above. *See supra,* at 12.

---

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

NJAPP000077

176 F.3d 481
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED
OPINION.
(The Court's decision is referenced in a
"Table of Decisions Without Reported
Opinions" appearing in the Federal
Reporter. Use FI CTA9 Rule 36-3 for
rules regarding the citation of
unpublished opinions.)
United States Court of Appeals, Ninth
Circuit.

ATLANTIC RICHFIELD COMPANY, a
Delaware corporation,
Plaintiff-counter-defendant-Appellee,
v.
Alfred RAMIREZ, an individual;
Christopher Ramirez, an individual;
Alfred Ramirez and Christopher
Ramirez, a California Partnership,
Defendants-counter-claimants-Appell
ants.

No. 98-56372.
|
D.C. No. CV-97-08594-JMI.
|
Argued and Submitted April 14, 1999.
|
Decided May 4, 1999.

Appeal from the United States District Court
for the Central District of California James
M. Ideman, District Judge, Presiding.

Before D.W. NELSON, FERNANDEZ, and
W. FLETCHER, Circuit Judges.

MEMORANDUM[1]

**\*1** Alfred and Christopher Ramirez
("Ramirez") appeal the district court's
decision granting summary judgment to
Atlantic Richfield Company ("Arco") and
striking or dismissing Ramirez' five
counterclaims. We have jurisdiction,
pursuant to 28 U.S.C. § 1331, because this
case arises under the Petroleum
Management Practices Act ("PMPA"), 15
U.S.C. 2801 *et seq. See* Standard Ins. Co.
v. Saklad, 127 F.3d 1179, 1189 (9th
Cir.1997); Morongo Band of Indians v.
California State Bd. of Equalization, 858
F.2d 1376, 1383 (9th Cir.1988). We affirm
the district court's grant of summary
judgment and its decision dismissing the
first and second counterclaims and striking
the fourth and fifth counterclaims. However,
we reverse the district court's dismissal of
the third counterclaim.

Section 17(d) of the PMPA agreement
plainly permits Arco to limit Ramirez' use
of the premises without reducing the rent.
Nowhere does the agreement state that Arco
is obligated to reduce the rent if it limits
Ramirez' use of the premises. Because
Ramirez has produced no extrinsic evidence
to the contrary, we affirm the district court's
grant of summary judgment.

The district court also properly dismissed
Ramirez' first and second counterclaims, for
fraud and negligent misrepresentation
respectively, because they did not comply
with Federal Rule of Civil Procedure 9(b)'s
particularity requirement. These
counterclaims failed to specify the time and

NJAPP000078

place of the alleged fraudulent statements, identify the specific persons who made the statements, and explain why the statements were false. *See* In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1440 (9th Cir.1987). First, the counterclaims said nothing at all about where these representations were made. Second, although the complaint suggests that the misrepresentations occurred in "late 1990" or "early 1991," merely identifying a period spanning several months does not adequately identify the time of the misrepresentations. *See* U.S. Concord, Inc. v. Harris Graphics Corp., 757 F.Supp. 1053, 1057 (N.D.Cal.1991). Finally, although the counterclaims alleged that Arco pledged to "provide whatever financial and other assistance would be necessary for [Ramirez] to succeed at the station," the counterclaims did not explain what necessary assistance Arco failed to supply.

We reverse the district court's dismissal of the third counterclaim. This counterclaim alleged that Arco and Ramirez entered into a contemporaneous oral contract agreeing to waive permanently the franchise fee. The district court dismissed this counterclaim, concluding that "Defendants' allegation of a breach of oral contract is precluded by the integration clauses in the written agreements." California law, however, holds that "courts may not dismiss on the pleadings when one party claims that extrinsic evidence renders the contract ambiguous." A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc., 852 F.2d 493, 497 n. 2 (9th Cir.1988).

**\*2** [I]t matters not how clearly a contract is written, nor how completely it is integrated, nor how carefully it is negotiated, nor how squarely it addresses the issue before the court: the contract cannot be rendered impervious to attack by parol evidence. If one side is willing to claim that the parties intended one thing but the agreement provides for another, *the court must consider extrinsic evidence* of possible ambiguity.

*See* Trident Center v. Connecticut Gen. Life Ins., 847 F.2d 564, 569 (9th Cir.1988) (emphasis added). Moreover, the initial agreement was itself ambiguous regarding the waiver of the franchise fee, and the first subsequent agreement expressly waived the fee in its entirety. The district court therefore erred in dismissing Ramirez' third counterclaim without evaluating Ramirez' extrinsic evidence.

We affirm the district court's decision striking the fourth and fifth counterclaims seeking declaratory relief under the PMPA. These counterclaims were duplicative of Arco's declaratory action. *See* Fed.R.Civ.P. 12(f) (authorizing district courts to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter"). We reject Ramirez' contention that we should require the moving party to demonstrate prejudice in order to justify striking redundant material. Rule 12(f) says nothing about a showing

of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule. 🚩 *See In re Glenfed,* 42 F.3d at 1546 ("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so."). The parties shall bear their own costs on appeal.

REVERSED IN PART; AFFIRMED IN PART.

**All Citations**

176 F.3d 481, 1999 WL 273241 (Table)

## Footnotes

1    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

---

**End of Document**                                         © 2018 Thomson Reuters. No claim to original U.S. Government Works.

NJAPP000080