IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> KARLA PEREZ, *et al.*, ) <br> ) <br> Defendant-Intervenors, ) <br> and ) <br> ) <br> STATE OF NEW JERSEY, ) <br> ) <br> Defendant-Intervenor. ) | Case No. 1:18-CV-68 |

## APPENDIX

Pursuant to this Court's Civil Procedures, Rule 7, Defendant-Intervenor State of New Jersey hereby provides the Court with the following table of contents and copies of the authorities cited in its Reply Brief in Further Support of its Motion to Strike or, in the Alternative, to Compel Federal Defendants to Replead Their Answer to the Amended Complaint:

| Ex. | Description | Page |
|---|---|---|
| 1. | *Renken v. Builders Trans. Co.*, No. 10-CV-57-J, 2010 WL 11450503 (D. Wyo. Oct. 17, 2010) | NJAPP00070 |
| 2. | *Atlantic Richfield Co. v. Ramirez*, No. 98-56372, 176 F.3d 481, 1999 WL 273241 (9th Cir. 1999) (unpublished table decision) | NJAPP00078 |

Dated: November 21, 2018

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Glenn Moramarco*
Glenn Moramarco, Assistant Attorney General

(admitted pro hac vice)
Rachel Wainer Apter, Assistant Attorney General
(admitted pro hac vice)
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: Trenton, NJ 08625
Phone: 609-376-3235

Jeremy Hollander, Assistant Attorney General
(admitted pro hac vice)
Kenneth S. Levine, Deputy Attorney General
(admitted pro hac vice)
Katherine Gregory, Deputy Attorney General
(admitted pro hac vice)
Paul H. Juzdan, Deputy Attorney General
(admitted pro hac vice)
Nicholas Dolinsky, Deputy Attorney General
(admitted pro hac vice)
Brian DeVito, Deputy Attorney General
(admitted pro hac vice)
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

*Attorneys for Defendant-Intervenor State of New Jersey*

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

2010 WL 11450503
Only the Westlaw citation is currently available.
United States District Court, D. Wyoming.

Norma RENKEN, Norris Renken, and Christiann Walston, Plaintiffs,
v.
BUILDERS TRANSPORTATION CO., LLC, a Tennessee limited liability company; Swift Transportation Co. Inc., an Arizona corporation; and Berkut Transport Inc., an Oregon corporation, Defendants.

Case No. 10-CV-57-J
|
Signed October 17, 2010
|
Filed 10/18/2010

**Attorneys and Law Firms**

Diana Rhodes, Traci Sampson Rivinus, Rhodes Law Firm, Cheyenne, WY, for Plaintiffs.

Heather Anne Zadina, Woodhouse Roden, LLC, Loyd E. Smith, Murane & Bostwick, Cheyenne, WY, for Defendants.

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER AND DENYING BERKUT'S MOTION FOR CLARIFICATION AND DENYING SWIFT'S JOINDER TO BERKUT'S MOTION**

ALAN B. JOHNSON, UNITED STATES DISTRICT JUDGE

*\*1* This matter came before the Court by *Builders Transportation Co., LLC. 's Appeal/Motion for Reconsideration by District Judge of Magistrate Judge's Order* (Doc. 55). Plaintiffs and defendants Swift Transportation Co. Inc. and Berkut Tranport Inc. filed timely responses to the motion. Also before the Court is *Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 56) and *Swift Transportation Co., Inc.'s Joinder to Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 57). Plaintiffs and Builders filed responses. The Court, having considered the motions and response, the pleadings of record, and the applicable law, and being fully advised, finds as follows:

**Background**

The facts of this case are explained fully in the magistrate's order, as well in a related action, *Guinn v. Builders Transportation Co., LLC.*, No. 07-CV-54-B (D. Wyo. 2007). However, a short recitation of some facts is necessary for the disposition of the

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

motions at hand.

On March 26, 2006, in snowy conditions, three tractor-trailers were traveling eastbound on Interstate 80, near Elk Mountain, Wyoming. The tractor-trailers were owned by Godfrey Trucking, Berkut, and Swift and were traveling along the interstate in that order. In front of the tractor-trailers was an unidentified driver in a pickup truck. The tractor-trailers collided and ended up blocking the two eastbound lanes of the interstate.

After this original collision, other vehicles arrived at the scene, including plaintiffs' Chevrolet Blazer. A Honda Civic then stopped next to plaintiffs' Blazer, and the driver, Patrick Guinn, got out. Then the Builders tractor-trailer came upon the scene and collided with the Blazer occupied by the plaintiffs, the Civic, Berkut's tractor-trailer, and struck and killed Patrick Guinn.

Plaintiffs allege the collision occurred due to defendants' negligence and seek damages for injuries suffered as a result. In its answer, Builders asserts comparative fault as one of its affirmative defenses, pursuant to Wyo. Stat. Ann. § 1-1-109. In response, Berkut and Swift both filed motions to strike Builders's comparative fault defense as being precluded by the doctrine of collateral estoppel. The magistrate judge granted those motions, and this appeal followed.

The claim of collateral estoppel is based on the judgment rendered in *Guinn*. In that case, Patrick Guinn's estate brought a wrongful death action against Builders, Berkut, and Swift. Builders argued to the jury that Swift and Berkut were negligent "because their actions resulted in the complete blockage of both lanes of travel on the Interstate and created the conditions that caused all subsequent accidents to occur."

The jury, however, returned a verdict finding that an unidentified driver and Godfrey, Berkut, and Swift were not at fault for the collision that happened to their rear. Instead, the jury found the Builders driver one-hundred percent at fault, and that Builders was liable for the negligence of its driver that resulted in the death of Mr. Guinn. The trial court then approved the verdict and entered judgment in favor of Guinn's estate.

**\*2** The issue now before the Court is whether the judgment rendered in *Guinn* precludes Builders from asserting comparative fault against Swift and Berkut in this case. The magistrate judge found that collateral estoppel does apply in this action, and Builders challenges the magistrate's decision.

First, Builders argues that Berkut and Swift do not have standing to move to strike a co-defendant's affirmative defense. The magistrate judge held they do have standing, as Builders could not point to any case law indicating otherwise. Builders argues that Berkut and Swift have similarly not pointed to any case law indicating they do have standing, and as such, the magistrate judge held incorrectly.

Second, Builders argues that Berkut and Swift have failed to meet their burden in proving its comparative fault defense against them "is insufficient as a matter of law or fails to present questions of law or fact."

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

Builders goes on to argue its comparative fault defense against Berkut and Swift is not patently defective on the face of the pleadings.

Third, Builders argues that collateral estoppel does not apply to this issue because the Renken collision was not at issue in *Guinn*. Builders argues that the Renken collision, as compared to the Guinn collision, was never put at issue or considered in *Guinn*. Builders argues the Renken collision was only "tangentially discussed with regard to providing the jury with an overall picture of what occurred during the course of the twenty-two vehicle collision sequence." Builders argues that one jury verdict of 100% liability against it in *Guinn* should not make it "also 100% liable with regard to all other calamites [sic] which befell the participants in the accident sequence."

Finally, Builders argues that under judicial estoppel, Berkut and Swift should be prohibited from asserting a position contrary to their position espoused in *Guinn*. In that case, both parties argued to the jury they only had to decide the facts of the collision at issue, not all the other collisions in the entire sequence. Builders argues that because Berkut and Swift argued those points to the jury in *Guinn*, they should not be allowed to now take an opposite position.

Berkut and Swift argue three simple points: (1) their position in this case is the same as in *Guinn*, that is, the initial Godfrey-Berkut-Swift collision did not cause the collision behind them; (2) Builders's argument in this case—that Berkut and Swift are at fault for the collision behind them by blocking the road—is identical to its failing argument in *Guinn*; and (3) the issue is not Berkut and Swift's negligence with respect to the Renken collision, but their negligence with respect to the collision behind them.

Plaintiffs argument is similar to Berkut and Swift's but also takes exception to a portion of the magistrate's order. Plaintiffs argue that because facts of the Builders-Guinn collision are identical to the facts of the Builders-Renkens collision, collateral estoppel should apply to all the parties—not just Berkut and Swift. Plaintiffs argue that Builders had ample opportunity to name them as third-party defendants or non-parties at fault in *Guinn*, but because it did not, it waived its opportunity to claim the comparative fault of Plaintiffs.

### Legal Standard

A magistrate judge's nondispositive order can only be set aside by a district judge if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a); U.S.D.C.L.R. 74.1(a). Acting "similar to an appellate court," the district court will review the magistrate's order pursuant to this "clearly erroneous or contrary to law" standard of review. *Clark v. Poulton*, 963 F.2d 1361, 1371 (10th Cir. 1992).

**\*3** Under the "clearly erroneous" standard, the district court must affirm the magistrate's order unless it has a definite

Case 1:18-cv-00068   Document 339-2   Filed on 11/21/18 in TXSD   Page 6 of 13

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

and firm conviction that an error has occurred. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard. *Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1235 (D. Wyo. 2002), *vacated on other grounds*, 414 F.3d 1207 (10th Cir. 2005). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.*

**Standing to Strike Affirmative Defense**

Builders argues the magistrate judge incorrectly held that Berkut and Swift have standing to move to strike a co-defendant's affirmative defense. The magistrate judge cited the relevant rule on this issue: "Pursuant to Federal Rule of Civil Procedure 12(f), '[t]he court may strike from a pleading an insufficient defense ... on its own or on motion made by a party.' " The magistrate judge further noted that Builders did not cite, nor could the court find, any authority prohibiting a co-defendant from making a motion pursuant to Rule 12(f). In its appeal, Builders again does not cite to any such authority. Because Rule 12(f) allows the court to strike a defense on its own or by a party's motion, this Court finds the magistrate judge's determination is not clearly erroneous or contrary to law.

**Collateral Estoppel**

Builders claims the magistrate judge incorrectly found that collateral estoppel applies in this case. This Court disagrees. Collateral estoppel, also known as issue preclusion, forecloses relitigation of an issue that was actually and necessarily decided in a previous proceeding. *See, e.g., Montana v. United States*, 440 U.S. 147, 153 (1979) ("[A] right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies.") (quotations and ellipses omitted).

The magistrate judge applied the following Wyoming four-factor test to determine that collateral estoppel applies to this case:

> (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against

Case 1:18-cv-00068 Document 339-2 Filed on 11/21/18 in TXSD Page 7 of 13

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Willowbrook Ranch, Inc. v. Nugget Exp., Inc.*, 896 P.2d 769, 772 (Wyo. 1995). Builders does not argue the magistrate judge applied the wrong standard, it only argues that the magistrate judge applied it to the facts of this case incorrectly.

Builders argument against collateral estoppel is that the issue decided in *Guinn* is not identical to the issue in the present litigation. Builders attempts to stretch its collision into two separate incidents.[1] However, as the magistrate judge found, "It is undisputed that Builders first hit plaintiffs' vehicle and then, immediately thereafter, ran over and killed Mr. Guinn. These events essentially occurred within milliseconds of one another."

**\*4** The issue before this Court is whether Berkut and Swift are liable for the collision that occurred behind them. Because the *Guinn* jury decided that identical issue, and Builders took advantage of its opportunity in *Guinn* to oppose that argument, the magistrate judge held that collateral estoppel applies. This Court finds the magistrate judge's applied the law correctly, and his determination was not clearly erroneous or contrary to law. Because the magistrate judge correctly held that collateral estoppel applies, he also correctly held that the affirmative defense of comparative fault by Berkut and Swift is insufficient as a matter of law. See *Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

### Offensive Collateral Estoppel

Plaintiffs claim the magistrate judge incorrectly held that collateral estoppel only applies to Berkut and Swift. They argue it should also apply to them, holding Builders entirely at fault in this case as well. The magistrate explained that Plaintiffs' argument is for an application of offensive collateral estoppel. "Offensive collateral estoppel describes claims ... in which a plaintiff is seeking to prevent a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *Seneca-Cayuga Tribe v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019 (10th Cir. 2003) (quotations and brackets omitted).

A difference exists between collateral estoppel claimed by defendants (like that claimed by Berkut and Swift) and collateral estoppel claimed by plaintiffs (like that claimed by the Renkens). In *Parklane Hosiery, Co. v. Shore*, 439 U.S. 322, 331 (1979), the United States Supreme Court explained that while offensive collateral estoppel could be applied to some cases, courts must consider certain policy considerations. "The general rule [is] that in cases where a plaintiff could easily have joined in the earlier action ..., a trial judge should not allow the use of offensive collateral estoppel." *Id.* Plaintiffs point to no reason why they could not have easily joined *Guinn*. Therefore, offensive collateral

Case 1:18-cv-00068 Document 339-2 Filed on 11/21/18 in TXSD Page 8 of 13

Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)

estoppel should not be applied to this case.

Moreover, the *Parklane* Court also recognized other policy concerns. *Id.* at 329-31. The magistrate judge applied all the *Parklane* concerns to the facts of this case:

> In this case, the Court, in exercising its broad discretion, must deny plaintiffs from being given the issue preclusion effect. First, plaintiffs fail to make an argument as to why they would have been unable to join with the earlier action involving *Guinn.* It should have been foreseeable to plaintiffs at that time that they would bring a lawsuit after the accident. Renkens knew when *Guinn* action was occurring since they were deposed in preparation for the *Guinn* trial. Moreover, offensive issue preclusion will not save judicial resources since plaintiffs will still need to introduce the same evidence as was introduced in the *Guinn* action to at least prove causation and damages. Additionally, Renkens were not a party in the *Guinn* action, nor were Renkens a party on the verdict form. This means that the *Guinn* jury was not specifically asked about Renkens' potential comparative fault in relation to that of Builders. Renkens are not at any risk for an inconsistent verdict regarding their own liability.

(Doc. 51, at 16-17.)

Therefore, the magistrate's application of the proper legal standard is not clearly erroneous or contrary to law. Accordingly, Plaintiffs' claim for offensive collateral estoppel will not apply in this case.

### Effect of Magistrate Judge's Order

Because the magistrate judge's order striking Builders's comparative fault defense with respect to Berkut and Swift has not been upset on this appeal, the next question before the Court is the effect of his order. While the Court will rule on the effect of the magistrate's order on the verdict form as the case currently stands, its final ruling as to the verdict form will be reserved for trial at the jury instruction conference.

**\*5** Berkut and Swift argue that the magistrate's order should have the effect of preventing them from appearing on the verdict form in this case. They argue that holding otherwise would "nullify" the magistrate judge's order on collateral estoppel. Builders argues that Berkut and Swift should be on the verdict form, as collateral estoppel only applies to *Builders's*

Case 1:18-cv-00068 Document 339-2 Filed on 11/21/18 in TXSD Page 9 of 13

Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)

comparative fault defense against Berkut and Swift. Builders argues that because Plaintiffs have asserted comparative fault against Berkut, Swift, and Builders, all three defendants should be listed on the verdict form.[2]

This Court has determined that Berkut and Swift have successfully asserted collateral estoppel against Builders for its defense of comparative fault. *See supra*, at 10. This Court has also determined that Plaintiffs cannot assert offensive collateral estoppel against Builders. *See supra*, at 12.

In this motion for clarification, Berkut and Swift seek to assert collateral estoppel against Plaintiffs. That claim fails, however, after this Court considers the four factors:

> (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Willowbrook Ranch*, 896 P.2d at 772.

The first two factors are fulfilled because the issue in the first case (whether Berkut and Swift are liable for the collision to their rear) is identical to the issue in this case, and the issue was decided on its merits in the first case. However, Plaintiffs were not a party to the first case, and therefore did not have the opportunity to litigate the issue in the first case. As such, two of the four factors fail, and Berkut and Swift cannot assert collateral estoppel against Plaintiffs.

Because Plaintiffs continue to claim Berkut and Swift are comparatively at fault, Berkut and Swift will remain on the verdict form. If, however, this Court dismisses Plaintiffs' claims against Berkut and Swift, the outcome changes. In that case, the only party who would be claiming Berkut and Swift's comparative fault is Builders, and Builders is precluded from taking that position by collateral estoppel. Therefore, the actors in the first collision would be excluded from the verdict form.

### Conclusion

Accordingly, the Court AFFIRMS Magistrate Judge Beaman's *Order Granting Defendant Berkut Transportation, Inc.'s Motion to Strike Affirmative Defense and Swift Transportation Co., Inc.'s Motion to Strike Defendant Builders Transportation Co., LLC's Affirmative Defense of Comparative Negligence Based on Jury Verdict in Related Case (Collateral*

Case 1:18-cv-00068   Document 339-2   Filed on 11/21/18 in TXSD   Page 10 of 13

**Renken v. Builders Transportation Co., LLC, Not Reported in Fed. Supp. (2010)**

*Estoppel)* (Doc. 51).

Further, the Court DENIES *Berkut Transport Inc.'s Motion for Clarification of the Magistrate's Order* (Doc. 56) and DENIES *Swift Transportation Co., Inc's Joinder to Berkut Transport Inc 's Motion for Clarification of the Magistrate's Order* (Doc. 57).

**All Citations**

Not Reported in Fed. Supp., 2010 WL 11450503

## Footnotes

1. The Court notes that contrary to Builders's judicial estoppel argument, Berkut and Swift did not take an opposite position in *Guinn*. The statements made by Berkut and Swift's counsel referred to the jury having to decide fault only for the Builders collision, not the others in the sequence of collision that preceded or followed. Here, Berkut and Swift maintain the same position, but Builders agues the Builders collision is actually two separate incidents.

2. In response to this motion, Plaintiffs recite their arguments that if collateral estoppel applies to Berkut and Swift, it should similarly apply to Plaintiffs. This Court has dispensed with those arguments above. *See supra*, at 12.

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

176 F.3d 481
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Ninth Circuit.

ATLANTIC RICHFIELD COMPANY, a Delaware corporation, Plaintiff-counter-defendant-Appellee,
v.
Alfred RAMIREZ, an individual; Christopher Ramirez, an individual; Alfred Ramirez and Christopher Ramirez, a California Partnership, Defendants-counter-claimants-Appellants.

No. 98-56372.
|
D.C. No. CV-97-08594-JMI.
|
Argued and Submitted April 14, 1999.
|
Decided May 4, 1999.

Appeal from the United States District Court for the Central District of California James M. Ideman, District Judge, Presiding.

Before D.W. NELSON, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM[1]

**\*1** Alfred and Christopher Ramirez ("Ramirez") appeal the district court's decision granting summary judgment to Atlantic Richfield Company ("Arco") and striking or dismissing Ramirez' five counterclaims. We have jurisdiction, pursuant to 28 U.S.C. § 1331, because this case arises under the Petroleum Management Practices Act ("PMPA"), 15 U.S.C. 2801 et seq. See Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1189 (9th Cir.1997); Morongo Band of Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1383 (9th Cir.1988). We affirm the district court's grant of summary judgment and its decision dismissing the first and second counterclaims and striking the fourth and fifth counterclaims. However, we reverse the district court's dismissal of the third counterclaim.

Section 17(d) of the PMPA agreement plainly permits Arco to limit Ramirez' use of the premises without reducing the rent. Nowhere does the agreement state that Arco is obligated to reduce the rent if it limits Ramirez' use of the premises. Because Ramirez has produced no extrinsic evidence to the contrary, we affirm the district court's grant of summary judgment.

The district court also properly dismissed Ramirez' first and second counterclaims, for fraud and negligent misrepresentation respectively, because they did not comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement. These counterclaims failed to specify the time and

place of the alleged fraudulent statements, identify the specific persons who made the statements, and explain why the statements were false. See *In re Glenfed, Inc. Securities Litigation,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1440 (9th Cir.1987). First, the counterclaims said nothing at all about where these representations were made. Second, although the complaint suggests that the misrepresentations occurred in "late 1990" or "early 1991," merely identifying a period spanning several months does not adequately identify the time of the misrepresentations. See *U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F.Supp. 1053, 1057 (N.D.Cal.1991). Finally, although the counterclaims alleged that Arco pledged to "provide whatever financial and other assistance would be necessary for [Ramirez] to succeed at the station," the counterclaims did not explain what necessary assistance Arco failed to supply.

We reverse the district court's dismissal of the third counterclaim. This counterclaim alleged that Arco and Ramirez entered into a contemporaneous oral contract agreeing to waive permanently the franchise fee. The district court dismissed this counterclaim, concluding that "Defendants' allegation of a breach of oral contract is precluded by the integration clauses in the written agreements." California law, however, holds that "courts may not dismiss on the pleadings when one party claims that extrinsic evidence renders the contract ambiguous." *A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc.,* 852 F.2d 493, 497 n. 2 (9th Cir.1988).

**\*2** [I]t matters not how clearly a contract is written, nor how completely it is integrated, nor how carefully it is negotiated, nor how squarely it addresses the issue before the court: the contract cannot be rendered impervious to attack by parol evidence. If one side is willing to claim that the parties intended one thing but the agreement provides for another, *the court must consider extrinsic evidence* of possible ambiguity.

See *Trident Center v. Connecticut Gen. Life Ins.,* 847 F.2d 564, 569 (9th Cir.1988) (emphasis added). Moreover, the initial agreement was itself ambiguous regarding the waiver of the franchise fee, and the first subsequent agreement expressly waived the fee in its entirety. The district court therefore erred in dismissing Ramirez' third counterclaim without evaluating Ramirez' extrinsic evidence.

We affirm the district court's decision striking the fourth and fifth counterclaims seeking declaratory relief under the PMPA. These counterclaims were duplicative of Arco's declaratory action. See Fed.R.Civ.P. 12(f) (authorizing district courts to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter"). We reject Ramirez' contention that we should require the moving party to demonstrate prejudice in order to justify striking redundant material. Rule 12(f) says nothing about a showing

of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule. *See In re Glenfed,* 42 F.3d at 1546 ("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so."). The parties shall bear their own costs on appeal.

REVERSED IN PART; AFFIRMED IN PART.

**All Citations**

176 F.3d 481, 1999 WL 273241 (Table)

### Footnotes

[1] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**End of Document**                                         © 2018 Thomson Reuters. No claim to original U.S. Government Works.