Case 1:18-cv-00068 Document 348 Filed in TXSD on 01/09/19 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| State of Texas, *et al.*,<br>　　Plaintiffs, | § § § | |
| v. | § § | |
| The United States of America, *et al.*,<br>　　Defendants, | § § § § | Civil Action No. 1:18-CV-00068 |
| Karla Perez, *et al.*,<br>　　Defendant-Intervenors, | § § § § | |
| and | § § | |
| State of New Jersey,<br>　　Defendant-Intervenor. | § § § | |

## ORDER

Presently before the Court is Defendant-Intervenor State of New Jersey's Motion to Strike or, in the Alternative, Compel Federal Defendants to Replead Their Answer to the Amended Complaint [Doc. No. 334]. For the reasons stated below, the Court grants in part and denies in part Defendant-Intervenor's motion.

I.　　Defendant-Intervenor's Motion and Federal Defendants' Response

Defendant-Intervenor contends that Federal Defendants' answer [Doc. No. 332] is insufficient under Rule 8(b) of the Federal Rules of Civil Procedure because the answer does not adequately respond to numerous allegations in the Amended Complaint [Doc. No. 104]. Defendant-Intervenor objects to Federal Defendants' responses that fail to do one of the following: (1) admit an allegation, (2) deny an allegation, or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of an allegation. Defendant-Intervenor accordingly objects to Federal Defendants' responses stating that pleaded allegations are "legal

1

conclusions," "questions of law to be determined solely by the Court," "Plaintiffs' characterization of their claim," or some other category "to which no response is necessary." Overall, Defendant-Intervenor argues that Federal Defendants' responses to 214 of the 356 paragraphs in the Amended Complaint are inadequate. Defendant-Intervenor has moved to strike the insufficient responses under Rule 12(f) or, in the alternative, to compel Federal Defendants to replead their answer in a way that complies with Rule 8(b).

Federal Defendants respond that their Answer is sufficient under Rule 8(b) because, according to Federal Defendants, a complaint's "legal conclusions" do not require a response and "[m]ost of the legal conclusions in the Amended Complaint cannot, by their nature, be answered by a 'short and plain' admission, denial, or defense" owing to their indefiniteness and complexity. Federal Defendants also argue that Defendant-Intervenor has not shown how it is prejudiced by any response in the Answer and question whether an intervenor has the right to litigate the sufficiency of an answer.

II. Federal Defendants' Answer Is Insufficient Under Rule 8(b)

While the Court acknowledges that the Amended Complaint in this case is unusually voluminous and complex and in many places does plead legal conclusions, the Court finds that Federal Defendants' responses in their Answer are insufficient under the terms of Rule 8(b). Rule 8(b) states that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). The Rule further provides that a "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). The Rule allows a "party that lacks knowledge or information sufficient to form a belief about the truth of an allegation" to say so, "and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

2

The "theory of Rule 8(b) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261 (3d ed. 2018). "[A]s is true of an affirmative pleading, a defensive pleading should be simple, concise, and direct." *Id.* Moreover, "in framing an answer a party need not adhere to any technical forms of pleading." *Id.* "As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." *Id.*

Legal conclusions, like factual allegations, require a response. *See, e.g.*, *Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 124 (M.D. Pa. 2016) (stating that Rule 8(b) requires a party to admit or deny an allegation or state that the party lacks sufficient knowledge or information to admit or deny, that "Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law," and that "[t]his rule applies even when a party has made 'a sweeping conclusion of law,' as Defendants put it, meaning an allegation purely of law"); *Gulf Restoration Network v. EPA*, No: 18-1632, 2018 WL 5297743, at *2–3 (E.D. La. Oct. 25, 2018); *see also State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) (noting that "legal conclusions are an integral part of the federal notice pleading regime" and require a response).

A review of the Amended Complaint and Federal Defendants' Answer demonstrates that the Answer is insufficient under Rule 8(b). The following examples of the responses to which Defendant-Intervenor objects, preceded by the corresponding allegation from the Amended Complaint, illustrate the merit in Defendant-Intervenor's position.

>    219.   The Plaintiff States have standing because they have a "personal stake" in the outcome of this litigation. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014).

Amended Complaint, Doc. No. 104 at 52.

>    219.   Paragraph 219 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. Defendants aver that *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014) speaks for itself.

Federal Defendants' Answer, Doc. No. 332 at 28.

>    315.   DACA violates the Take Care Clause because it dispenses with certain immigration statutes by declaring as lawful conduct that Congress established as unlawful.

Amended Complaint, Doc. No. 104 at 66.

>    315.   Paragraph 315 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

Federal Defendants' Answer, Doc. No. 332 at 42. Federal Defendants' Answer, then, fails to "apprise the opponent of those allegations in the complaint that stand admitted . . . and those that are contested . . . ." Wright & Miller, *supra*, § 1261. The Answer fails to satisfy the minimal requirements of Rule 8(b).

   III.   Repleading May Cure the Answer's Insufficiency

The Court finds that, even if Rule 12(f) were found to be available in these circumstances, striking any portion of Federal Defendants' Answer is not warranted. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Gulf Restoration Network*, 2018 WL 5297743, at *4 ("[T]here appears to be no controlling authority mandating that [Rule 12(f)] is the proper vehicle to address those portions of an answer which do not comprise affirmative defenses, but are

nonetheless insufficient."). Instead, the Court hereby orders Federal Defendants to replead their answer so that it is sufficient under Rule 8(b).

"When an answer does not comply with Rule 8(b), a plaintiff may move to require the defendant to replead." *Bruce v. Anthem Ins. Cos., Inc.*, No. 3:15–CV–0353–D, 2015 WL 1860002, at *1 (N.D. Tex. Apr. 23, 2015) (citing *Rodriguez v. Prof'l Servs. Assistance, Inc.*, No. EP-07-CV-006-FM, 2007 WL 667166, at *1 (W.D. Tex. Feb. 16, 2007)). Rule 8(b) nowhere makes its requirements contingent upon a showing of prejudice. In addition, Federal Defendants have cited no authority for their brief suggestion that intervenors may lack standing to challenge the sufficiency of an answer. The Rule itself does not impose limits on the parties that may enforce its provisions. If anything, the Rule provides that an allegation is automatically "admitted if a responsive pleading is required and the allegation is not denied," Fed. R. Civ. P. 8(b)(6), a result Federal Defendants presumably do not seek. *See Gulf Restoration Network*, 2018 WL 5297743, at *4 (stating that motions to require defendants to replead or to compel defendants to file an amended answer "allow the defendants to cure their pleading defects without suffering the consequences of having the averments of plaintiffs' complaint deemed admitted, or having their responsive pleadings stricken").

Federal Defendants need not present legal argument in their answer, as their Response suggests could be required. The Court has acknowledged that the Amended Complaint in this case contains 356 numbered paragraphs, runs 74 pages, and makes complex allegations—allegations that indeed often contain legal conclusions—of national concern. Further, the Amended Complaint's extensive factual and legal allegations admittedly do not easily fit under the Rule 8 "short and plain statement" pleading formula. The Court is not ordering Federal Defendants to engage in legal argumentation to adopt or refute each of these allegations in their answer. Federal

Defendants are only required to "apprise the opponent of those allegations in the complaint that stand admitted . . . and those that are contested . . . ." Wright & Miller, *supra*, § 1261. In short, Defendant-Intervenor is entitled to know what Federal Defendants' position is, even if that position is tersely stated or preceded by a denial.

Federal Defendants, at the very least, can admit or deny the allegations in the Amended Complaint or state why they cannot do so.

Federal Defendants are ordered to replead their answer by February 15, 2019.

Signed at Houston, Texas, on this 9th day of January, 2019.

---

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE