IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| v. | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| and | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE TO
DEFENDANT-INTERVENORS' MOTION TO POSTPONE ALL DEADLINES**

There is no need to modify the entire scheduling order set by this Court because this case can promptly be resolved through cross-motions for summary judgment and critical case deadlines are still months away. The dispositive issues are questions of law, and there are no genuine disputes as to any material fact. There is controlling precedent on the contested questions of law, and, as the Court has found, there are no differences of legal significance between DACA and the DAPA and Expanded DACA programs that this Court properly enjoined. ECF No. 319 at 84–90. The Court has thoroughly analyzed the issues relevant to determine DACA's lawfulness and held that Plaintiffs "have clearly shown, *as a matter of law*, that they are likely to

succeed on the merits." *Id.* at 104 (emphasis added). In short, nothing that the Defendant-Intervenors have requested but not yet received from the Federal Defendants is necessary for the Court to issue a final judgment. Plaintiff States agree that certain deadlines that lapse during the current federal shutdown may need to be adjusted. But delay for the sake of delay is not good cause to modify the entire scheduling order.

## I. Background

On August 31, 2018, the Court ruled on Plaintiff States' request for a preliminary injunction and provided a detailed 117-page opinion analyzing the pertinent jurisdictional issues and substantive claims for relief. ECF No. 319. The Court noted that Plaintiff States had previously challenged DAPA and Expanded DACA, and that the Court enjoined those programs for failure to comply with the APA notice-and-comment procedural requirement. *Id.* at 10–11. The Fifth Circuit affirmed the Court's "impressive and thorough" opinion properly enjoining those programs and added that DAPA and DACA violated the substantive requirements of the APA because the programs exceeded prosecutorial discretion and were "flatly" impermissible under the controlling statutory framework. *Texas v. United States (Texas I)*, 809 F.3d 134, 146, 167, 184 (5th Cir. 2015). An equally-divided Supreme Court affirmed the Fifth Circuit's ruling. *United States v. Texas*, 136 S. Ct. 2271 (2016).

After summarizing the procedural background, the Court declined Defendant-Intervenors' invitation to defer its ruling on Plaintiff States' preliminary injunction

motion until the ongoing cases dealing with the DACA rescission memo were resolved. ECF No. 319 at 13–26. Among other things, the Court distinguished the issues in this case—the creation and implementation of DACA—from the issues in the other lawsuits—the rescission of DACA. *Id*. at 13–14. Addressing other jurisdictional matters, the Court found that this case satisfies Article III's "case or controversy" requirement, that Plaintiff States have standing to challenge DACA, and that the statutory prerequisites for judicial review of DACA were satisfied. *Id*. at 26–62.

Moving to the merits, the Court carefully analyzed Plaintiff States' substantive APA claim and determined that DACA lacked appropriate congressional authorization and was foreclosed by the intricacies of the statutory framework. *Id*. at 67–82. "As the Fifth Circuit explained in *Texas I*," the Court concluded, "Congress has clearly implemented a detailed statutory scheme for the adjudication of immigration laws, and the scheme has no room for [DACA]." *Id*. at 83. And rejecting Defendant-Intervenors' arguments to the contrary, the Court found that there are no differences of legal significance between DACA and the DAPA and the Extended DACA programs already addressed by the Fifth Circuit. *Id*. at 84–90. Likewise, the Court agreed with Plaintiff States' procedural APA challenge and concluded that, apart from the substantive concerns with DACA, the program "must at least undergo the formalities of notice and comment." *Id*. at 104. Although the Court ultimately found that preliminary injunctive relief was not appropriate in this case, it noted that

Plaintiffs "have clearly shown, *as a matter of law*, that they are likely to succeed on the merits." *Id*. (emphasis added).

After the Court's preliminary injunction order, the parties filed a Rule 26(f) Joint Discovery/Case Management Plan. ECF No. 335. Plaintiff States and Federal Defendants indicated that no further factual development was needed for the Court to issue a final judgment. *Id*. at 4. In support, they referenced the Court's findings that Federal Defendants lacked the statutory authority to implement DACA, that DACA is "manifestly contrary" to Congress's statutory scheme, and that the program is not supported by historical precedent. *Id*. at 5. Because none of these findings—or any of the Court's other findings related to the merits of Plaintiff States' DACA challenge—are premised on the resolution of any genuinely disputed issues of material fact, Plaintiff States and Federal Defendants maintained that the controlling legal issues in this case are ripe for prompt resolution without the need for additional discovery. *Id*. at 5–6.

On November 14, 2018, the Court issued a Rule 16 scheduling order. ECF No. 337. Under the schedule order, pleadings were to be amended by January 15, 2019, discovery is due by August 21, 2019, dispositive and non-dispositive motions must be filed by November 14, 2019, and trial is set for the two weeks starting on May 18, 2020. ECF No. 337.1. On January 11, 2019, Defendant-Intervenors requested to postpone all deadlines in the scheduling order for a period of time equal to the length of the ongoing government shutdown. ECF No. 349.

4

## II. Argument

The Federal Rules of Civil Procedure provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause requirement for modifying a scheduling order is more rigorous than the standard for amending a pleading under Rule 15(a). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (distinguishing Rule 16(b)(4) from the "more liberal standard of Rule 15(a)"). Significantly, the good-cause standard serves the purpose behind scheduling orders, which is to "expedite pretrial procedure" and ensure "court efficiency." *Id.* at 535.

Courts consider four factors when determining whether Rule 16's good-cause requirement is satisfied: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets in original). Modification for good cause "is by no means automatic." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (quoting *Spencer Trask Software & Info. Servs. v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Parties seeking to modify a scheduling order must show how the evidence sought would "change[] the outcome" of the case. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (determining that modification was unwarranted because of the "likely failure of the proposed counterclaims on the

5

merits"). Unsupported assertions as to the usefulness of the evidence sought do not satisfy the good cause standard. *Benge v. Ryan*, 154 F. Supp. 3d 857, 861-62 n.2 (D. Ariz. 2016) (denying motion where party provided no information about what documentary and deposition evidence he sought); *Cabana v. Forcier*, 200 F.R.D. 9, 15 (D. Mass. 2001) (declining to modify where testimony was duplicative).

Here, Defendant-Intervenors fail to show good cause. They offer no indication as to how any of the discovery they seek to obtain is necessary to reach a final judgment on DACA's lawfulness and no explanation why the Court should postpone deadlines that are months away and in no immediate risk of being affected by the current government shutdown. Defendants-Intervenors argue instead that a modification of the scheduling order in this case is warranted because other courts have suspended deadlines in cases where the United States is a party and there is a lapse in congressional appropriations. Good-cause analysis, however, "necessarily varies with the circumstances of each case." 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1522.2 (3d ed. 2002). The legal issues controlling this case have been extensively litigated dating back to *Texas I*. Moreover, the parties to this lawsuit have already conducted 29 depositions of fact and expert witnesses, exchanged over 12,000 pages of document production, and filed over 300 pages of briefing with more than 7,000 exhibits. And the Court has thoroughly analyzed and ruled on the controlling issues in response to Plaintiff States' motion for preliminary injunction. The partial government shutdown does not change the fact that this case remains ripe for disposition.

6

### III. Conclusion

Defendant-Intervenors' assertion that further discovery is needed is unsupported by the record and does not constitute good cause to modify the Court's scheduling order. Plaintiffs do not oppose modifying the scheduling order in the event that the shutdown continues long enough to impact the deadlines that the Court set in this case. Defendant-Intervenors have failed to show, however, that a modification to the entire scheduling order is necessary at this point. Accordingly, Plaintiff States respectfully request that the Court deny Defendant-Intervenors' request to postpone dates that are still months away.

January 22, 2019

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

MICHAEL TOTH
Special Counsel for Civil Litigation

ADAM ARTHUR BIGGS
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

8

## CERTIFICATE OF SERVICE

I certify that on January 22, 2019, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    */s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Trial Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

## ORDER DENYING DEFENDANT-INTERVENORS' MOTION TO POSTPONE ALL DEADLINES IN RULE 16 SCHEDULING ORDER

On this date, the Court considered Defendant-Intervenors' Motion to Postpone All Deadlines in Rule 16 Scheduling Order. After considering the motion, any responses thereto, and all other matters properly before the Court, the Court believes the motion is without merit and should be DENIED.

IT IS THEREFORE ORDERED that all deadlines contained in the Rule 16 scheduling order issued on November 14, 2018, remain in effect until further order of the Court.

SIGNED on this the _____ day of _____, 2019.

_____
Andrew S. Hanen,
U.S. District Court Judge