IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § § § § |
| v. | §  Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § |
| Defendant-Intervenors, | § § |
| and | § § |
| STATE OF NEW JERSEY, | § § |
| Defendant-Intervenor. | § § |

**DEFENDANT-INTERVENORS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION
TO POSTPONE ALL DEADLINES IN RULE 16 SCHEDULING ORDER**

Defendant-Intervenors Karla Perez, *et al*. ("Perez Defendant-Intervenors" or "Defendant-Intervenors") respectfully submit this Reply in Support of Defendant-Intervenors' Opposed Motion to Postpone all Deadlines in Rule 16 Scheduling Order (ECF 349).

Good cause exists to modify the Rule 16 scheduling order because Federal Defendants have confirmed that they were unable to work on this matter during the government shutdown, and this Court already found that the lapse in congressional appropriations constitutes sufficient good cause to extend a court-ordered deadline by the 19 days that the lapse in appropriations lasted. *See* ECF 360. Federal Defendants' lack of participation has affected Defendant-

Intervenor's ability to obtain discovery and affected the Rule 16 schedule. Good cause exists to place all parties on a level playing field; therefore, Defendant-Intervenors respectfully request that the Court grant their motion and that all deadlines in the Rule 16 scheduling order be extended by 19 days.

## I. BACKGROUND

On January 11, 2019, Defendant-Intervenors filed a motion to postpone all deadlines in the Court's Rule 16 scheduling order in light of the lapse of congressional funding of the federal government. *See* ECF 349 at 1. Specifically, Defendant-Intervenors requested that those deadlines be postponed for a period of time equal to the number of days covered by the lapse in appropriations, beginning with December 22, 2018. *Id*. At the time, Defendant-Intervenors attempted to confer with Mr. Jeffrey Robins, lead counsel for Federal Defendants, on the motion but received an automatic reply email, which stated: "The appropriation that funds my salary has lapsed, and as a result I have been furloughed and am currently out of the office. If your matter is urgent, please call 202-616-1246. Otherwise, I will respond after funding has been restored." *Id*. at 5.[1]

On January 28, 2019, counsel for Federal Defendants officially returned to work after funding for the U.S. Department of Justice was appropriated on January 25, 2019. *See* ECF 353 at 1. The next day, on January 29, 2019, Mr. Robins emailed counsel for all parties, indicating that "Federal Defendants are going to file a motion to extend the deadline to replead our answer from February 15 to March 6 in light of our inability to work on this matter during the lapse in appropriations." *See* Exh. A. Defendant-Intervenors offered their support for the motion if Federal Defendants would agree for the same reasons to support an extension of the scheduling

---

[1] On January 22, 2019, Plaintiffs filed a response in opposition to Defendant-Intervenors' motion, arguing further discovery is not necessary in this case and Defendant-Intervenors have not shown a modification of the schedule is necessary. *See* ECF 351 at 1-2.

order deadlines. *Id*. That same day, on January 29, 2019, Federal Defendants filed a motion seeking an extension of time to replead their answer "by 19 days—the amount of time Federal Defendants were unable to work on this matter," arguing that the lapse in appropriations prevented counsel from working on this case and noting Perez Defendant-Intervenors' opposition. *See* ECF 353 at 1-3. Plaintiffs did not oppose Federal Defendants' motion. *Id*. at 3.

On February 1, 2019, Federal Defendants filed a response in opposition to Defendant-Intervenors' motion on the basis that no good cause exists to modify the scheduling order. *See* ECF 354 at 1-2.

On February 6, 2019, the Court granted Federal Defendants' motion for extension of time to replead their answer. ECF 360. The Court granted Federal Defendants an extension totaling 19 days (the amount of time Federal Defendants claim they "were unable to work on this matter" because of the government shutdown), *see* ECF 353 at 2, and ordered a new deadline for Federal Defendants to replead their answer by March 6, 2019. ECF 360.

Beginning two weeks after the Court's entry of a scheduling order in this case, Defendant-Intervenors diligently pursued discovery. *See* ECF 349 at 2. Defendant-Intervenors started by attempting to narrow the scope of the additional discovery they need from Federal Defendants by asking Federal Defendants to produce their outstanding initial disclosures. *Id*. Three weeks after that, Defendant-Intervenors sent a lengthy discovery deficiency letter to Federal Defendants seeking additional discovery materials. *Id*.[2] The federal shutdown prevented Federal Defendants from responding to the deficiency letter and providing the administrative record in the case. As of the time of this filing, Federal Defendants still have not responded or supplemented.

---

[2] Defendant-Intervenors have also sent to Plaintiffs (1) correspondence asking them to clarify and amend their initial disclosures, (2) an extensive deficiency letter, and (3) additional discovery requests.

## II. ARGUMENT

There is good cause to extend the deadlines in the Court's Rule 16 scheduling order because, as confirmed by Federal Defendants, counsel for Federal Defendants did not work on this matter at all during the lapse of congressional appropriations. *See* ECF 353 at 1. To date, Federal Defendants have neither responded to the deficiency letter nor provided a supplemental production. Indeed, the lapse in appropriations was the sole basis for Federal Defendants' request that the Court extend the deadline to replead their answer, *see* ECF 353 at 1, and this Court held this was sufficient good cause to modify its court-ordered deadline, *see* ECF 360.

Federal Defendants cannot use the appropriations lapse as both sword and shield; either the lapse of appropriations justifies extension of court-ordered deadlines or it does not. Federal Defendants' absence prevented Defendant-Intervenors from conferring with counsel for Federal Defendants on any matter subject to the Rule 16 scheduling order, including discovery and discovery disputes. Without the Federal Defendants' participation, Defendant-Intervenors were unable to strategize about necessary additional or amended discovery requests related to Federal Defendants for nearly a month, therefore affecting and narrowing the discovery schedule. In a case of this magnitude, a shrunken discovery schedule has significant implications, particularly because Federal Defendants have sole custody and control of evidence necessary to resolve factual disputes in this case.

Federal Defendants attempt to make a distinction without a difference by claiming that neither the production of an administrative record, nor service of initial disclosures, nor the discovery dispute reflected in the deficiency letter, "reflects a deadline set in the Rule 16 scheduling order." ECF 354 at 2. This argument misses the mark because all of these discovery matters are contemplated by the discovery deadline.

4

Plaintiffs similarly argue that Defendant-Intervenors' motion should be denied because the deadlines in the Rule 16 scheduling order "are months away and in no immediate risk of being affected by the current government shutdown." ECF 351 at 6. This argument only serves to highlight Defendant-Intervenors' diligence in pursuing a needed extension, in contrast to Federal Defendant's intransigence in responding to discovery matters. Defendants-Intervenors' diligence should not be held against them, while Federal Defendants continue to delay. In fact, Defendant-Intervenors may be prejudiced later if they forebear seeking an extension now. *See In re Davis*, No. 01-53754-C, 2007 WL 1080143, at *2 (Bankr. W.D. Tex. Apr. 6, 2007) ("[I]t is not equitable to reward a party for waiting until the last minute to file a request for extension of time. The movant knew or should have known that there was no guaranty that his request for an extension of time would be granted, and therefore also knew or should have known that, if the request was denied, he would be left on the date of the deadline without a timely response"); *Mantell v. Health Professionals Ltd.*, No. 5:11CV1034, 2013 WL 5442357, at *5 (N.D. Ohio Sept. 27, 2013), *aff'd*, 612 F. App'x 302 (6th Cir. 2015) (noting that "last-minute requests to extend deadlines" are not "looked upon favorably").

Finally, Plaintiffs continue to reiterate that no further factual development is needed for the Court to issue a final judgment. *See* ECF 351 at 6. This Court instructed the parties that they must address this issue by formal motion. *See* Tr. 11-14-18 at 9:25-10:2; *see also* ECF 287 at 6 (noting non-exhaustive list of material facts which the parties dispute); ECF 335 at 7-9, 11-13 (noting additional discovery needed). Moreover, contrary to Plaintiffs' position, the Court has acknowledged that fundamental facts are yet unknown and the existing record contains open questions that must await final determination after the close of discovery. *See, e.g.,* Dkt. 319 at 106 ("The Defendant-Intervenors maintain that Texas, the only state that attempted to prove

damages, did not suffer any real loss on a net basis, and that these costs are more than offset by the economic advantages that Texas derives from the DACA recipients, *a position on which they may ultimately be proven correct when this case is tried on the merits*.") (emphasis added). The Court should reject Plaintiffs and the Federal Defendants' attempt to artificially truncate the Court-ordered discovery schedule.

### III. CONCLUSION

For the foregoing reasons, Defendant-Intervenors therefore respectfully request that their motion be granted.

Dated: February 11, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta

6

Mexican American Legal Defense and Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 11th day of February, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Alejandra Ávila*
Alejandra Ávila

# EXHIBIT A

**From:** Nina Perales
**Sent:** Tuesday, January 29, 2019 3:10 PM
**To:** Robins, Jeffrey (CIV); Jeremy Hollander; Alejandra Avila; Todd <Todd. Disher@oag. texas. gov> Disher
**Cc:** Glenn Moramarco; Kenneth Levine; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Biggs, Adam; Toth, Michael
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Jeffrey,

Welcome back.  If Federal Defendants notify the court that they do not oppose our pending motion to postpone deadlines (dkt. 349), the Perez Defendant Intervenors do not oppose your motion.  If Federal Defendants seek only to move the 2/15 deadline, we oppose your motion for the reasons stated in our motion.  Thank you,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Tuesday, January 29, 2019 11:44 AM
**To:** Jeremy Hollander; Nina Perales; Alejandra Avila; Todd <Todd. Disher@oag. texas. gov> Disher
**Cc:** Glenn Moramarco; Kenneth Levine; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Biggs, Adam; Toth, Michael
**Subject:** Texas et al. v. United States et al., No. 1:18-cv-00068

Counsel,

Federal Defendants are going to file a motion to extend the deadline to replead our answer from February 15 to March 6 in light of our inability to work on this matter during the lapse in appropriations.

Please let me know by 5pm CST today if you oppose.

Thanks,

Jeff

_____
Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-1246
jeffrey.robins@usdoj.gov

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This e-mail is intended only for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*