# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY | § | |
| | § | |
| Defendant-Intervenor. | § | |

## <u>DECLARATION OF NINA PERALES</u>

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund.  I submit this declaration in support of the Rule 56(d) Motion to Deny or Defer Consideration of Summary Judgment or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond, filed by Defendant-Intervenors Karla Perez *et al.* ("Defendant-Intervenors") in the above-referenced case.  I am thoroughly familiar with the facts and arguments in this proceeding.  I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

2.      Defendant-Intervenors have diligently engaged in discovery since the Court's

entry of a scheduling order in this case.   Defendant-Intervenors have sent deficiency letters to both Plaintiffs and Defendants, as well as correspondence seeking clarification and amendments to Plaintiffs' and Defendants' initial disclosures.  Defendant-Intervenors have also sent discovery requests to Plaintiffs that Defendant-Intervenors were unable to propound during the limited discovery period prior to this Court's denial of Plaintiffs' motion for preliminary injunction.

3.    On November 7, 2018, Defendant-Intervenors sent a letter to counsel for Plaintiffs asking to provide initial disclosures of Plaintiffs other than the State of Texas.  **Ex. 1**. On November 12, 2018, counsel for Plaintiffs explained that the initial disclosures served by Plaintiffs were provided on behalf of all Plaintiff States.  **Ex. 2**.  On February 1, 2019, Defendant-Intervenors sent a second letter to Plaintiffs seeking further clarification about Plaintiffs' initial disclosures.  **Ex. 3**.  That same day, Defendant-Intervenors also sent a third letter to Plaintiffs detailing a number of deficiencies in their production and asking Plaintiffs to provide amended responses.  **Ex. 4**.  As of the filing of this declaration, Plaintiffs have not responded to Defendant-Intervenors' second and third letters.   Also on February 1, 2019, Defendant-Intervenors served their fifth set of discovery requests to Plaintiffs.  **Ex. 5**.  These requests seek information related to Plaintiffs' alleged costs on border security and work-study programs incurred as a result of DACA, which Plaintiffs alleged for the first time after discovery closed at the preliminary injunction stage.  *Id*.  Plaintiffs have not yet responded to these requests.

4.    On November 30, 2018, Defendant-Intervenors requested that the Federal Defendants produce their outstanding initial disclosures.  **Ex. 6**.  On December 17, 2018, Federal Defendants served their initial disclosures and represented they would produce an administrative record in the case.  **Ex. 7**.  On December 19, 2018, Defendant-Intervenors e-mailed a lengthy

discovery deficiency letter to Federal Defendants seeking additional discovery materials. **Ex. 8**.

5.       Beginning at midnight EST on Saturday, December 22, 2018, Congress triggered a partial federal government shutdown as a result of its failure to enact either an appropriations bill or continuing resolution. On December 26, 2018, Federal Defendants informed Defendant-Intervenors that they were in receipt of the deficiency letter but "any response will unfortunately be delayed due to the current lapse in appropriations, as will Federal Defendants' production of an administrative record." **Ex. 9**. After the government reopened, on February 4, 2019, counsel for Federal Defendants emailed Defendant-Intervenors' counsel and stated: "Federal Defendants will be supplementing the prior responses with data for the newly added states and a chart reflecting the documents that correspond with each request for production." **Ex. 10**. On February 7, 2019, after Defendant-Intervenors did not receive any materials from Federal Defendants, counsel for Defendant-Intervenors emailed counsel for Federal Defendants asking Federal Defendants to confirm when Federal Defendants intend to provide a supplemental production and whether Federal Defendants will address the remaining deficiencies noted in Defendant-Intervenors' discovery letter. *Id.* That same day, counsel for Federal Defendants emailed the following to Defendant-Intervenors' counsel:  "We are working on providing the material as quickly as possible. The order dismissing the governor of Maine today of course changes the data production we intended to provide, so we have to go back and make adjustments for that.  We should be able to get back to you soon." *Id.* As of the filing of this declaration, Federal Defendants have not provided an administrative record, amended answers to Defendant-Intervenors' interrogatories, or a supplemental production pursuant to Defendant-Intervenors' deficiency letter.

6.       To respond to a motion for summary judgment by Plaintiffs, it would be

necessary for Defendant-Intervenors to receive responses to their discovery requests to Plaintiffs

and Federal Defendants, and to conduct additional discovery of the parties and third parties.

Examples of the additional discovery that would be necessary to respond to a motion for

summary judgment and that will likely result in the discovery of material fact issues that would

preclude summary judgment are:

a. **Discovery related to Plaintiffs' newly-asserted costs.**  Defendant-Intervenors need additional written discovery and deposition testimony related to injuries asserted by Plaintiffs for the first time in their supplemental brief, filed on July 21, 2018, including, but not limited to, costs to the State of Texas related to work-study programs and border security expenditures.  *See* Dkt. No. 218 at 39, 45. Plaintiffs did not allege these costs in their complaint or opening brief and, therefore, discovery is necessary because Defendant-Intervenors have not had an opportunity to challenge the accuracy of these newly asserted costs and the reliability of Plaintiffs' computations.

b. **Discovery on Plaintiffs' labor distortion claim, including third-party discovery.**    Defendant-Intervenors need written discovery and deposition testimony from Texas employers to rebut Plaintiffs' labor-market distortion claim, *i.e.*, Plaintiffs' claim that DACA and the Affordable Care Act ("ACA") incentivize employers to hire DACA recipients instead of citizens.  *See* Dkt. No. 218 at 48-49.   Defendant-Intervenors also need discovery from the Federal Defendants related to enforceability of the penalty in the employer mandate of the ACA.

c. **Discovery on Texas' health care programs.**    Defendant-Intervenors need written discovery and deposition testimony from Texas witnesses with knowledge of the Texas health care programs which form the basis of Texas' claimed injury as a result of DACA.  Texas' health care expert repeatedly testified during her deposition that she lacks this knowledge.  *See, e.g.,* Def-Int. Ex. 135 at Tr. 18:16-19:7, 42:14-43:5, 51:25-52:2, 61:22-62:15.   Therefore, additional deposition testimony is necessary.

d. **Depositions from federal employees.**  Defendant-Intervenors need deposition testimony of a U.S. Citizenship and Immigration Services ("USCIS") adjudicator and Rule 30(b)(6) witness who can testify about the procedures followed by USCIS when evaluating and adjudicating DACA requests.   Texas' witness Kenneth Palinkas testified that he does not adjudicate DACA requests.  *See* Def-Int. Ex. 136 at Tr. 106:23-107:20, 114:7-16.   The testimony of a USCIS adjudicator is necessary to rebut Plaintiffs' claims that USCIS has a practice of rubber-stamping DACA requests.   In addition, Defendant-Intervenors need deposition testimony from Mr. Donald Neufeld.  Defendant-Intervenors did not have an opportunity to depose Mr. Neufeld even though Plaintiffs submitted his

declaration in conjunction with their motion for a preliminary injunction and Mr. Neufeld testified about DACA adjudications. *See* Dkt. No. 6 at 579-96.

e. **Written discovery from Federal Defendants**. Defendant-Intervenors need additional discovery of documents in the custody and control of Federal Defendants to address factual allegations Plaintiffs make to argue DACA is illegal. For example, Defendant-Intervenors need written discovery relating to the number of DACA recipients who adjusted their status and who adjusted based on having travelled with an advance parole document. Defendant-Intervenors requested related information from Federal Defendants but Federal Defendants have not provided this information. *See* Def-Int. Ex. 289 at 17-19. Defendant-Intervenors also need additional written discovery relating to grants of deferred action under DACA by U.S. Immigration and Customs Enforcement ("ICE"), including but not limited to, guidelines, training manuals, and documents that outline the procedures used by ICE to evaluate and grant deferred action under DACA, documents related to the relationship between grants of deferred action by ICE and adjudications of DACA requests by USCIS, and the number of individuals detained by ICE who have been granted deferred action by ICE under DACA. Defendant-Intervenors also need additional written discovery relating to other favorable grants of discretion by USCIS, including Temporary Protected Status and T-visas. Defendant-Intervenors need data on Requests for Evidence and the number of DACA requests denied because the applicant was a suspected gang member or national security or public safety threat, which Defendant-Intervenors requested from Federal Defendants but Federal Defendants did not produce on the basis that the request was burdensome. *See* Def-Int. Ex. 289 at 9-17. This information bears on the discretionary nature of DACA and is necessary to rebut Plaintiffs' claims.

f. **Discovery from Plaintiffs other than Texas**. Defendant-Intervenors need additional discovery related to Plaintiffs' allegations of injury. Plaintiffs submitted a number of declarations related to Texas' purported injuries stemming from DACA; however, they have not disclosed any individuals with knowledge or documents related to other states' purported injuries. Defendant-Intervenors need this information to properly address their claims and defenses, including but not limited to, the validity of Plaintiffs' standing and the scope of the remedy in this case.

7.     This discovery is necessary in order to allow Defendant-Intervenors an opportunity to fully respond to the factual allegations raised in Plaintiffs' motion for a preliminary injunction and supplemental brief. Defendant-Intervenors intend to continue to diligently pursue discovery on these matters during the discovery period scheduled by this Court through additional discovery requests and motions to compel the production of Defendant-

Intervenors' already-served discovery requests.

8.      Defendant-Intervenors may also seek to supplement the current record with additional expert reports.  These expert reports may be necessary to further address the issues raised by the Court in its opinion denying Plaintiffs' motion for preliminary injunction and issues raised in Plaintiffs' motion for summary judgment.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 13th day of February, 2019.

Nina Perales

# EXHIBIT 1



**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta
Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago
Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles
Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento
Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio
Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.
Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

November 7, 2018

Todd L. Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX  78711-2548

   RE: *State of Texas, et al. v. USA, et al.,*
     Civil Action No. 1:18-cv-00068

Dear Mr. Disher:

   I write on behalf of Defendant-Intervenors Karla Perez *et al.* ("Defendant-Intervenors") in the above-captioned case regarding the initial disclosures you sent to us yesterday on behalf of all Plaintiffs.

   The initial disclosures you provided only identify documents and individuals likely to have information relevant to the State of Texas; they do not identify any information subject to disclosure under Rule 26(a) related to any claim of injury by other Plaintiffs.  Under the Federal Rules, all parties are required to provide initial disclosures.  *See* Fed. R. Civ. P. 26(a) ("[A] party must, without awaiting a discovery request, provide [initial disclosures] to the other parties . . . .").  In addition, under the parties' Joint Discovery Case Management Plan, your office represented that initial disclosures of all Plaintiffs "should be due November 6, 2018."  *See* ECF 335 at 4.

   Please confirm whether any Plaintiff other than the State of Texas will be providing initial disclosures as required under the Federal Rules.

Sincerely,

*Nina Perales*

Nina Perales
Vice President of Litigation

# EXHIBIT 2



### KEN PAXTON
ATTORNEY GENERAL OF TEXAS

November 12, 2018

Ms. Nina Perales
Vice President of Litigation
Mexican American Legal Defense
 and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

> RE:  *State of Texas, et al. v. United States of America, et al.*; Case
> No. 1:18-cv-00068; United States District Court for the Southern
> District of Texas, Brownsville Division

Dear Ms. Perales:

Your November 7, 2018 letter incorrectly states that Plaintiff States' initial disclosures identify only documents and individuals likely to have information relevant to the claims of the State of Texas. The initial disclosures served on November 6, 2018, were provided on behalf of all Plaintiff States. As such, all Plaintiff States have met the requirement of Federal Rule of Civil Procedure 26.

Sincerely,

Todd Lawrence Disher
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas

# EXHIBIT 3


The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

February 1, 2019

Todd L. Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX  78711-2548

　　　　　RE:　　*State of Texas, et al. v. USA, et al.,*
　　　　　　　　Civil Action No. 1:18-cv-00068

Dear Mr. Disher:

　　　　We are in receipt of your November 12, 2018 letter, which you sent in response to our November 7, 2018 letter concerning initial disclosures.  Thank you for clarifying that the November 6, 2018 disclosures served by your office represent all the disclosures made by each and every Plaintiff, and not only the State of Texas.

　　　　Defendant-Intervenors seek further clarification about your disclosure of persons and materials Plaintiffs may use to support their claims.

　　　　As to persons, Plaintiffs identified "those [individuals] who Plaintiffs disclosed on their June 6 and June 15, 2018 witness lists." Please confirm that those individuals are the following and no others: Leonardo Lopez, Monica Smoot, Kenneth Palinkas, Lloyd Potter, and Donald Deere.

　　　　Plaintiffs also identified "the witnesses who submitted declarations in the briefing over Plaintiffs' motion for preliminary injunction."  Defendant-Intervenors cannot discern whether Plaintiffs disclose any individuals other than Mr. Lopez, Ms. Smoot, Mr. Potter, Mr. Deere, and Mr. Palinkas, who all submitted declarations in support of Plaintiffs' motion.  For example, Defendant-Intervenors cannot discern whether Plaintiffs refer to declarants in the *Texas I* joint appendix that Plaintiffs attached to their motion for preliminary injunction.  Plaintiffs' initial disclosure is ambiguous as to whether it includes those individuals, but the Court excluded those declarations from the evidence in this case, *see* Dkt. 318 (citing Dkt. 6 at 332-36, 355-403, 414-21, 474-91), and

January 25, 2019
Page 2 of 2

most of the *Texas I* declarations pertain to states that are not parties to this litigation.  To clarify, please list any individuals who Plaintiffs disclose as "the witnesses who submitted declarations in the briefing over Plaintiffs' motion for preliminary injunction," aside from Mr. Lopez, Ms. Smoot, Mr. Potter, Mr. Deere, and Mr. Palinkas.  If Plaintiffs intended to disclose declarants from the *Texas I* litigation, please also provide the current contact information for those witnesses, and the subjects of discoverable information these individuals are likely to have to support Plaintiffs' claims.

Similarly, Plaintiffs disclosed "exhibits to their motion for preliminary injunction" as the documents and materials Plaintiffs may use to support their claims.  However, exhibits to Plaintiffs' motion include the declarations noted above.  Please clarify whether Plaintiffs' disclosure is intended to include the *Texas I* declarations.

Sincerely,

Nina Perales

Nina Perales

# EXHIBIT 4


The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

February 1, 2019

Todd L. Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548

   RE: *Texas, et al. v. USA, et al.*, No. 1:18-cv-00068

Dear Mr. Disher:

   I write on behalf of Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") regarding Plaintiffs' responses and objections to Defendant-Intervenors' Second Set of Discovery Requests.

   Based on our review of Plaintiffs' objections and responses, and in light of the Court's denial of Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, Plaintiffs' objections and responses to Interrogatories Nos. 4–15 are deficient, and Plaintiffs' responses require supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party . . . who has responded to an interrogatory[ or] request for production . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

   Attached please find Defendant-Intervenors' detailed description of the deficiencies of each response and objection offered by Plaintiffs as to these discovery requests. *See* Attachment A. Please provide amended answers to Interrogatories Nos. 4–15.

Sincerely,

Jack Salmon
Staff Attorney

February 1, 2019
Page 2 of 27

**ATTACHMENT A**
**DEFICIENCIES IN PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES**
**TO DEFENDANT-INTERVENORS' SECOND SET OF DISCOVERY REQUESTS**

<u>INTERROGATORY NO. 4</u>

- This Interrogatory is directed to each Plaintiff, and asks each Plaintiff to identify costs incurred with respect to providing goods, support and/or services to DACA recipients living in each Plaintiff state.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Plfs.' First Am. Objs. and Resps. to Def.-Ints.' Second Set of Disc. Reqs. [hereinafter "Resps."] at 6. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso v. Agrigenetics, Inc.*, No. B-04-005, 2004 WL 2668801, at *2 (S.D. Tex. Nov. 15, 2004) ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Texas v. United States*, 809 F.3d 134, 155–165 (5th Cir. 2015). The Interrogatory is also relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 616 (5th Cir. 2017). The scope of the injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

- Plaintiffs assert they "are not seeking monetary relief," that "[t]o establish standing, Plaintiff States must only show *some* injury," and that they "have clearly shown" injury to establish standing. Resps. at 6 (emphasis original). However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—

and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See*, *e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 6.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] . . . the discussion of their costs contained in their complaint, briefing on their motion for preliminary injunction, and the exhibits attached thereto."  Resps. at 6.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify costs *by each Plaintiff*.  However, Plaintiffs provide only an "example" of costs incurred by the State of Texas.  Resps. at 6.  Defendant-Intervenors did not request an example of costs by only one of the ten Plaintiffs in the case, and Plaintiffs' answer is therefore incomplete.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each Plaintiff.  *See* Fed. R. Civ. P. 33(b); *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 WL 223211, at *7 (S.D. Tex. Jan. 17, 2014) (ordering verification by all plaintiffs on penalty of dismissal); *Martinez v. Salazar*, No. 1:14-CV-00534 KG/WPL, 2015 WL 13638319, at *2 (D.N.M. Apr. 28, 2015) ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank v. Fulton*

*Bank*, No. 89-2871, 1989 WL 149941, at *1 (E.D. Pa. Dec. 11, 1989) ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 5

- This Interrogatory asks Plaintiffs to identify the number of DACA recipients living in each Plaintiff state, the manner in which this number was determined, and, for each state, the number of DACA recipients enrolled in public colleges and universities, the number who attend K-12 schools, the number who are unaccompanied children, and the number who have received health care not compensated by the patient or an insurer.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 7. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61; *Texas*, 809 F.3d at 155–165. The Interrogatory is also relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. The scope of the injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among otherthings, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." Resps. at 7 (quoting Dkt. 319, at 51). This statement does not prove burden or overbreadth. Plaintiffs' assertion is also not pertinent. The Interrogatory requests numbers by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 7. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580

February 1, 2019
Page 5 of 27

("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify the number of DACA recipients *in each Plaintiff state by year*, and to further identify *for each Plaintiff state* information related to the number of DACA recipients. However, Plaintiffs do not identify the requested breakdowns. Instead, Plaintiffs purport to summarize expert testimony on the numbers of DACA recipients nationwide, without identifying any specific number of DACA recipients, let alone provide the additional numbers for each Plaintiff state, as requested by the Interrogatory and its subparts.

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 6

- This Interrogatory asks Plaintiffs to identify the number of unaccompanied children living in Plaintiff states, the number of those children who attend K-12 schools and public colleges and universities, and the costs of education borne by the states. Plaintiffs correctly read the term "unaccompanied children" to refer to "unaccompanied alien children." *See* Resps. at 8 n.1.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 8. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- Plaintiffs also object that the information is not in the possession, custody, or control of Plaintiffs.  This is not a valid objection.  *See Brown v. Bridges*, No. 3:12-CV-4947-P, 2013 WL 11842015, at *7 (N.D. Tex. Aug. 26, 2013); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010).  Federal Rule of Civil Procedure 33(b)(1)(B) requires a government agency, in response to an interrogatory, to "furnish the information available to the party."  The term "available" is not synonymous with "custody, possession, or control."  *See Thomas*, 715 F. Supp. 2d at 1032.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 8.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "refer[ring] Defendant-Intervenors to Exhibit 9 attached to [Plaintiffs'] motion for preliminary injunction."  Resps. at 8.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records only in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*.  However, Plaintiffs' referenced exhibit does not address all of the specific Interrogatory subparts, and the response does not address inquiries with respect to any Plaintiff other than Texas.  Including because the Interrogatory sought information about *all* Plaintiffs, rather than just Texas, Plaintiffs' answer is incomplete, and amounts to a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

February 1, 2019
Page 7 of 27

INTERROGATORY NO. 7

- This Interrogatory asks Plaintiffs to identify state expenditures on Emergency Medicaid Services to DACA recipients by state and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 9. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61; *Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 9 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.")

(emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 9 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Plaintiffs' assertion is also not pertinent.  The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 9.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Emergency Medicaid services."  Resps. at 9.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify expenditures *by each Plaintiff* to provide Emergency Medicaid Services to DACA recipients, and to further identify information related to that breakdown.  However, Plaintiffs only provide information about Emergency Medicaid Services to all undocumented immigrants in Texas, and no other Plaintiff States, do not provide answers to all Interrogatory subparts, and purport to summarize exhibits which concern different calculations and other information.

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

February 1, 2019
Page 9 of 27

<u>INTERROGATORY NO. 8</u>

- This Interrogatory asks Plaintiffs to identify state expenditures to provide benefits under the Texas Children's Health Insurance Program (CHIP) Perinatal Coverage to DACA recipients and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 10. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged expenditures to provide healthcare to DACA recipients, including alleged expenditures by the State of Texas on CHIP Perinatal Coverage. *See, e.g.*, Dkt. 104 ¶¶ 228–231; Dkt. 5, at 23. Defendant-Intervenors contest standing based on expenditures for healthcare, including CHIP Perinatal Coverage, and facts going to injury for providing such healthcare to DACA recipients and traceability of these alleged expenditures to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 10 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("a party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made

a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 10 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Plaintiffs' assertion is also not pertinent.  The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 10.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Children's Health Insurance Program services to unlawfully [sic] aliens, including DACA recipients."  Resps. at 10.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has

the information provided.").

INTERROGATORY NO. 9

- This Interrogatory asks Plaintiffs to identify state expenditures to provide benefits under Texas's Family Violence Program to DACA recipients and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 11. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged expenditures caused by DACA, including alleged expenditures by the State of Texas on Family Violence Program services. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5, at 23. Defendant-Intervenors contest standing based on state expenditures, including Family Violence Program services, and facts going to injury for providing such services to DACA recipients and traceability of these alleged expenditures to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 11 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery

simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See*, *e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 11 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Plaintiffs' assertion is also not pertinent.  The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 11.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Family Violence Program services to unlawfully present aliens, including DACA recipients."  Resps. at 11.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering

verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

INTERROGATORY NO. 10

- This Interrogatory asks Plaintiffs to identify each and every incident in which Plaintiffs contend that a DACA recipient was involved in the commission of a crime.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 12.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 12 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Nevertheless, Defendant-Intervenors offer the compromise that Defendant-Intervenors limit their request to statewide numbers as follows:

  **INTERROGATORY NO. 10**

  Identify the number of DACA recipients living in Plaintiff states, by state and year, since June 2012, who you contend have been involved in the commission of a crime.  For each Plaintiff state, please identify:
    a. the number of times a particular crime was charged and the number of convictions for each crime;
    b. the number of times DACA recipients were charged in a particular court;
    c. the manner in which you determined the number of such DACA recipients;
    d. the manner in which you determined the individuals are or were DACA recipients; and

  e. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is or was a DACA recipient.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged law enforcement costs caused by DACA. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21. Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 12 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not relieve them of their requirement to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 12. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporating] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits

attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawful aliens, including DACA recipients." Resps. at 12.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also insufficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 11

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and crime.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 13.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information

regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged law-enforcement costs caused by DACA. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21. Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 13 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 13. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawfully [sic] aliens, including DACA recipients." Resps. at 14. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also*

Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown.  Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 12

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of education to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 14.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged

education costs caused by DACA.  *See*, *e.g.*, Dkt. 104 ¶¶ 228, 233–34; Dkt. 5 at 22–23.  Defendant-Intervenors contest standing based on state expenditures for education caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.   Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at 14 (emphasis original).  Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.*  However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See*, *e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 14.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing education to unlawfully present aliens, including DACA recipients."  Resps. at 14.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be

reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*. However, Plaintiffs only provide a broad statement about costs to Texas that does not address the Interrogatory and each of its subparts, and does not break down information by each Plaintiff. *See* Resps. at 14 ("DACA compels states like Texas to expend funds, including in education, that it would not otherwise be compelled to spend. For instance, many DACA recipients and several of the Defendant-Intervenors went to public school in Texas, each of which costs the State of Texas thousands of dollars per year."). Plaintiffs' response is incomplete and amounts to a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 12[1]

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of healthcare services to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 15. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have

---

[1] Defendant-Intervenors propounded two interrogatories labeled "Interrogatory No. 12."

February 1, 2019
Page 20 of 27

not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged healthcare costs caused by DACA.  *See, e.g.*, Dkt. 104 ¶¶ 228, 232, 235; Dkt. 5 at 23. Defendant-Intervenors contest standing based on state expenditures for healthcare caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155– 165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.   Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at 15 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to fully respond to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 15.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing healthcare services to unlawfully present aliens, including DACA recipients."  Resps. at 15.

Plaintiffs' likewise, "refer Defendan-Intervenors to their response to Interrogatory No. 4 identifying certain costs incurred by Texas in providing healthcare services to unlawfully present aliens." *Id.* These responses are evasive and amount to a failure to respond. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown. Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 13

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of law enforcement services to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 16. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

February 1, 2019
Page 22 of 27

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged law-enforcement costs caused by DACA. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21. Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 16 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to fully respond to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 15. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law enforcement services to unlawfully present aliens, including DACA recipients." Resps. at 16. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered

separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because the Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown.  Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

- Additionally, Defendant-Intervenors cannot discern whether Plaintiffs have provided a full and complete response to this Interrogatory.  Plaintiffs assert:  "Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control relating to this request, to the extent that any additional information exists."  Resps. at 16. If Plaintiffs make a claim of privilege, please expressly make the claim and provide a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).  Please also confirm that you have furnished all information "available" to Plaintiffs, as required by Federal Rule of Civil Procedure 33(b)(1)(B).  If you have not, please supplement Plaintiffs' response.  The requirement to furnish all information "available" to a party applies regardless of whether information is in a party's "possession, custody, or control."  *Thomas*, 715 F. Supp. 2d at 1032 (explaining that the Rule 33 term "available" is not synonymous with "custody, possession, or control").

## INTERROGATORY NO. 14

- This Interrogatory asks Plaintiffs to identify, for each interrogatory, the persons answering each interrogatory, supplying any information relied upon in answering the interrogatory, or assisting in any manner with the preparation of answering the interrogatory.

- Plaintiffs object to the request on the basis that it is outside the scope of discovery and

not relevant to Plaintiffs' claims.  Resps. at 17.  Plaintiffs, however, do not specify how the Interrogatory is not relevant or otherwise outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable.").  An interrogatory that requests the identity of individuals who responded, "is a legitimate, rather standard interrogatory."  *Heller v. City of Dallas*, 303 F.R.D. 466, 481 (N.D. Tex. 2014); *see also Weiner v. City Coll. of City Univ. of New York*, 95 CIV. 10892 (JFK), 1998 WL 474093, at *2–*3 (S.D.N.Y. Aug. 11, 1998) (finding such a request relevant); *Sec. & Exch. Comm'n v. Tome*, 81 CIV. 1836 (MP), 1987 WL 9415, at *2, *4 (S.D.N.Y. Apr. 3, 1987) (same).  Therefore, Plaintiffs' objections are without merit.

## INTERROGATORY NO. 15

- This Interrogatory asks Plaintiffs to identify each employer who hired a DACA recipient instead of a U.S. citizen because of the employer penalty pursuant to The Patient Protection and Affordable Care Act.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 18.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 18 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Nevertheless, Defendant-Intervenors offer the compromise that Defendant-Intervenors limit their request to statewide numbers as follows:

  ### Interrogatory No. 15

  Identify the number of employers in Plaintiff states, by state and years, since June 2012 who hired a DACA recipient instead of a U.S. citizen

because of the employer penalty pursuant to the Patient Protection and Affordable Care Act.  For each Plaintiff state, please identify:

    a.  the manner in which you determined the number of such employers;

    b.  the manner in which you determined the individuals hired were DACA recipients;

    c.  all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual hired was a DACA recipient; and

    d.  the manner in which you determined the individuals not hired were U.S. citizens.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged labor-market distortion caused by DACA.  *See, e.g.*, Dkt. 104 ¶ 240; Dkt. 5, at 25–26.  Defendant-Intervenors contest standing based on labor-market distortion, and facts going to injury to Plaintiff states from labor-market distortion and traceability of alleged distortion to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  The existence and extent of any labor-market distortion are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.   The existence and extent of any labor-market distortion are also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert:  "This labor market imbalance undoubtedly supports Plaintiffs States' claim that an injury to the economic well-being of citizens and other lawfully present workers exists, and the economic well-being of the Plaintiff States' residents is a quasi-sovereign interest sufficient to support standing."  Resps. at 18 (citing Dkt. 319, at 40).  However, Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("At the preliminary injunction stage, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing at this stage.").

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 18.  This language is evasive and is not allowed by

February 1, 2019
Page 26 of 27

the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580
("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is
manifestly confusing (at best) and misleading (at worse), and has no basis at all in the
Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs' response is also invalid because Plaintiffs "incorporate into [their] response
  their complaint, the briefing on their motion for preliminary injunction, and the exhibits
  attached to and cited in those documents."  Resps. at 18.  However, general references to
  filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P.
  33(b)(3) (interrogatories must "be answered separately and fully in writing under oath.");
  *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by
  specifying business records in limited situations and requiring the party to "specif[y] the
  records that must be reviewed, in sufficient detail to enable the interrogating party to
  locate and identify them as readily as the responding party could.");  Fed. R. Civ. P.
  37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory
  response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because the Interrogatory asks Plaintiffs to identify
  employers who hired DACA recipients instead of U.S. citizens.  Plaintiffs do not answer
  this inquiry, but instead respond regarding labor markets generally.  *See* Fed. R. Civ. P.
  37(a)(4).

- Plaintiffs' response is also invalid because Plaintiffs have not verified the response.  *See*
  Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . .");  Fed.
  R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All
  Plaintiffs must provide signatures from the individual or individuals who answered for
  each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering
  verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2
  ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom
  they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may
  not generally be answered jointly where joint affirmance leaves unclear which party has
  the information provided.").

February 1, 2019
Page 27 of 27

<u>GENERAL OBJECTIONS</u>

- Plaintiffs also make a number of general objections in connection with all of Defendant-Intervenors' discovery requests.  These boilerplate objections do not comply with the Federal Rules of Civil Procedure, and are therefore insufficient to justify Plaintiffs' deficient answers and production.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Lopez*, 327 F.R.D. at 578 ("General or boilerplate objections are invalid."); *Simon v. State Farm Lloyds*, No. 7:14-CV-251, 2015 WL 12777219, at *4 (S.D. Tex. Apr. 9, 2015) (determining that plaintiff was "flagrantly abusing the discovery process by indiscriminately levying general objections") (internal quotations omitted); *Hall v. Louisiana*, No. 12-657-BAJ-RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("This prohibition against general objections to discovery requests has been long established.").

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- Intervenors. | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY | § | |
| | § | |
| Defendant-Intervenor. | | |

## DEFENDANT-INTERVENORS' FIFTH SET OF DISCOVERY REQUESTS TO PLAINTIFFS

TO:  Plaintiffs State of Texas, *et al.* by and through Todd L. Disher, Attorney in Charge, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, TX 78711-2548, Todd.Disher@oag.texas.gov.

Pursuant to the Federal Rules of Civil Procedure, Defendant-Intervenors hereby serve these interrogatories and requests for production on Plaintiffs.  You are requested to serve your responses to these discovery requests upon the undersigned counsel for Defendant-Intervenors within 30 days of service of these requests.

Dated: February 1, 2019                  Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

1

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

### CERTIFICATE OF SERVICE

I hereby certify that, on February 1, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548

Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08626
Glenn.Moramarco@law.njoag.gov

*/s/ Jack Salmon*
Jack Salmon

## I.      DEFINITIONS

The following terms are defined and used in these discovery requests as follows:

A.  The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B.  "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C.  "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E.  The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F.  The term "DACA recipients" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G.  The term "USCIS" shall mean United States Citizenship and Immigration Services.

H.  The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I.   "Plaintiff State" or "Plaintiff" shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

J.   To "identify" a person means to give, to the extent known, the person's full name, present

4

or last known address, present or last known telephone number, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

K.  To "identify" an act, event, occurrence or communication means:
    a.  to state its date;
    b.  to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
    c.  to describe where and how it took place; and
    d.  to identify any document that constitutes or refers to such act, event, occurrence, or communication.

L.  To "identify" a file means:
    a.  to state the title contained therein; and
    b.  to identify the person for whom the file is maintained.

M.  To "identify" a statement means:
    a.  to identify who made it;
    b.  to identify who took or recorded it;
    c.  to identify all persons, if any, present during the making thereof;
    d.  to state when, where and how it was taken or recorded; and
    e.  to identify who has current or last know possession, custody or control thereof.

N.  To "identify" a document means:
    a.  to identify all files in which it and all copies of it are found;
    b.  to identify its author;
    c.  to identify its addresses, if any;
    d.  to identify those who received a copy thereof;
    e.  to identify its current custodian or the person that had last known   possession, custody or control thereof;
    f.  to state the date of its preparation; and
    g.  to state its general subject matter giving a reasonably detailed description thereof.

O.  To "identify" other tangible thing means:
    a.  to identify what it is, giving a reasonably detailed description thereof;
    b.  to state when, where and how it was made, if applicable;
    c.  to identify who made it, if applicable; and
    d.  to identify its current custodian or the person that had last known   possession, custody or control thereof.

P.  The plural of any word used herein includes the singular, and the singular includes the plural.

Q.  The masculine gender of any word used herein includes the feminine and the neutral

genders.

R.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

S.  The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

T.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

U.  "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

V.  "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

W.  "Texas" shall mean the State of Texas and any other persons acting or purporting to act on its behalf.

X.  "You" and "your" shall mean the party to whom these discovery requests are directed, as well as all other persons acting or purporting to act on behalf of such party, including any attorney or other representative.

## II.    INSTRUCTIONS

A.  Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:
1. the type of document (e.g., letter, memorandum, report, etc.,);
2. the date;
3. the title;
4. the number of pages;
5. the author or addressor;
6. the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
7.  the subject matter of the document;
8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
9. any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the

privilege asserted.

B.  If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C.  Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D.  For all documents in electronic, magnetic, or format other than paper, please produce in the following formats:  printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E.  If the documents are provided on an FTP site, a) all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

### III.    WARNINGS

A.  A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.  An evasive or incomplete production will be treated as a failure to produce the requested documents.

## INTERROGATORIES

## INTERROGATORY NO. 18:

Please identify all college and university work-study programs in each Plaintiff State funded in whole or in part by each Plaintiff State.  With respect to each program, please identify, by state and year, since June 2012:

a.  the costs, and the nature of the costs, incurred by the respective Plaintiff State relating to the work-study program;

b.  the revenue, and the nature of the revenue, accrued by the Plaintiff State relating to the work-study program;

c.  the number of DACA recipients who are or were employed by or through the program;

d.  the manner in which you determined the number of DACA recipients;

e.  the manner in which you determined the individuals are or were DACA recipients;

f.  the costs, and the nature of the costs, incurred by the respective Plaintiff State relating to the participation of DACA recipients in the work-study program;

g.  the revenue, and the nature of the revenue, accrued by the Plaintiff State relating to the participation of DACA recipients in the work-study program;

h.  any information, documents, or other evidentiary material upon which you rely to support the conclusion that each such individual is or was a DACA recipient; and

i.  any information, documents, or other evidentiary material upon which you rely to support your assertions and computations.

## RESPONSE:


## INTERROGATORY NO. 19:

Please identify all costs that you contend are traceable to DACA that each Plaintiff State, by state and year, has incurred since June 2012 relating to border security.  With respect to each cost, please identify:

a.  the nature of the cost;

b.  the amount of the cost;

b.  the manner in which you determined the cost to be traceable to DACA; and

c.  any information, documents, or other evidentiary material upon which you rely to support your assertions and computations.

**RESPONSE:**


**INTERROGATORY NO. 20:**

Please identify each study or report that you prepared, obtained, or requested on the correlation, if any, between DACA recipients and the cost of college and university work-study programs.  For each study or report, please identify:

a.  the date you requested it;

b.  the date you obtained it;

c.  the author(s);

d.  the person or entity who commissioned it; and

e.  the person or entity that paid for or is responsible for paying for it.


**RESPONSE:**


**INTERROGATORY NO. 21:**

Please identify each study or report that you prepared, obtained, or requested on the correlation, if any, between DACA recipients and the cost of border security to each Plaintiff State.  For each study or report, please identify:

f.  the date you requested it;

g.  the date you obtained it;

h.  the author(s);

i.  the person or entity who commissioned it; and

j.  the person or entity that paid for or is responsible for paying for it.


**RESPONSE:**

9

## **REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 18–21.

# EXHIBIT 6


The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

November 30, 2018

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC  20044

   RE: *State of Texas, et al. v. USA, et al.,*
     Civil Action No. 1:18-cv-00068

Dear Mr. Robins:

   I write on behalf of Defendant-Intervenors Karla Perez, *et al*. ("Perez Defendant-Intervenors") regarding outstanding initial disclosures by the Federal Defendants in the above-captioned matter.

   At the November 14, 2018 initial conference, the Court entered a Rule 16 schedule, noting that given the Court's denial of Plaintiff States' motion for a preliminary injunction, the case should proceed to trial with a regular discovery schedule.  *See* 11-14-18 Tr. at 6:4-7, 7:11-12 ("[T]he 31st of August 2018, Judge Hanen declined to issue preliminary injunctive relief. And so I have visited with him and he's asked that I enter a schedule for your trial . . . trial date about 18 months from now seemed reasonable to Judge Hanen").

   Despite the Court's scheduling order, Federal Defendants have not provided initial disclosures, which were due to all parties more than three weeks ago, on November 6, 2018.  *See* Fed. R. Civ. P. 26(a)(1)(C).  Federal Defendants therefore have failed to identify basic information about their claims and defenses, including persons likely to have discoverable information and documents in its possession, and have prevented Perez Defendant-Intervenors from having a fair and full opportunity to engage in discovery as ordered by the Court.

   Perez Defendant-Intervenors request that Federal Defendants immediately provide their outstanding initial disclosures in compliance with the Federal Rules.

Sincerely,

*Alejandra Avila*

Alejandra Avila
Staff Attorney

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al*., | |
| Plaintiffs, | |
| v. | Case No. 18-cv-00068 |
| UNITED STATES OF AMERICA, *et al*., | |
| Defendants, | |
| KARLA PEREZ, *et al*., | |
| Defendant-Intervenors, | |
| and | |
| STATE OF NEW JERSEY, | |
| Defendant-Intervenor. | |

## FEDERAL DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

TO: Plaintiffs, c/o Todd L. Disher, Special Counsel for Civil Litigation, Texas Attorney General's Office, P.O. Box 12548, Austin, TX 78711-2548, todd.disher@oag.texas.gov;

Defendant-Intervenors Karla Perez, et al., by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; and

Defendant-Intervenor the State of New Jersey, by and through its attorney of record, Glenn Moramarco, New Jersey Attorney General's Office, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, 8th Floor, Trenton, New Jersey 08625-0116, glenn.moramarco@law.njoag.gov.

Federal Defendants provide the following initial disclosures pursuant to Rule 26(a)(1) of

the Federal Rules of Civil Procedure. Federal Defendants provide these disclosures subject to

their general objection to any discovery taking place in this litigation, as it is a matter subject to

review of an administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i). These disclosures are

based on information reasonably available to Federal Defendants at the current time. Federal

1

Defendants reserve their rights to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e).

**1. Rule 26(a)(1)(A)(i):**

The following individuals are likely to have discoverable information that Federal Defendants may use to support their defenses, unless solely for impeachment. Defendants will supplement these disclosures as appropriate.

    a.  All individuals identified in Plaintiffs' and Defendant Intervenors' initial disclosures.

    b.  Any individuals revealed and/or yet to be revealed in discovery.

**2. Rule 26(a)(1)(A)(ii):**

The following documents, electronically stored information, and tangible things in Defendants' possession, custody, or control may be used to support their defenses, unless solely for impeachment.

    a. Documents included in the administrative record regarding the creation of DACA.

    b. Documents that are publicly available on DHS, USCIS, ICE and/or CBP websites.

    c. Correspondence with, testimony before, and responses to any questions for the record from Congress regarding DACA

    d. Documents identified, produced, or filed in court by Plaintiffs or Defendant Intervenors.

**3. Rule 26(a)(1)(A)(iii):**

Defendants have no claimed damages.

**4. Rule 26(a)(1)(A)(iv):**

Not applicable.

Dated: December 17, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Attorneys for Federal Defendants

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, the foregoing document is being served on all counsel of record by electronic mail.

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

Attorneys for Federal Defendants

# EXHIBIT 8



The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

December 19, 2018

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC  20044

   RE: *Texas, et al. v. USA, et al.*, No. 1:18-cv-00068

Dear Mr. Robins:

   I write on behalf of Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") regarding Defendants' Objections and Responses to Defendant-Intervenors' Third Set of Discovery Requests and accompanying declaration of Tracy L. Renaud, dated July 6, 2018.

   Based on our review of Defendants' objections and responses and Ms. Renaud's declaration, and in light of the Court's denial of Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, Defendants' objections and responses to Interrogatories Nos. 3, 4, and 9 through 14 and Requests for Production Nos. 5 through 9 are insufficient, and Defendants' production requires supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party . . . who has responded to an interrogatory[ or] request for production . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

   Attached please find Defendant-Intervenors' detailed description of the deficiencies of each response and objection offered by Defendants as to these discovery requests. *See* Attachments A and B. Please provide amended answers to Interrogatories Nos. 3, 4, and 9 through 14. As more fully explained in Attachment B, Defendant-Intervenors also request that Defendants provide a list of suggested search terms and potential custodians in connection with Requests for Production Nos. 5 through 9 so the parties may engage in a good faith attempt to narrow the scope of Defendants' review and Defendants can supplement their production.

Sincerely,

*Alejandra Ávila*

Alejandra Ávila
Staff Attorney

December 19, 2018
Page 2 of 23

**ATTACHMENT A**
**DEFICIENCIES IN DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**DEFENDANT-INTERVENORS' INTERROGATORIES**

<u>INTERROGATORIES NOS. 3 & 4:</u>

- These interrogatories asked Defendants to identify the number of initial and renewal DACA applications (also known as requests) received by Defendants from each Plaintiff for each month during the period of June 2012 to June 2018, and to identify, of those numbers, the number of DACA applications approved, denied, and rejected by Defendants.

- Defendants sufficiently responded to these interrogatories as to some Plaintiffs; however, Defendants answers are incomplete and require supplementation. Specifically, Defendants only provided information related to the states of Texas, Alabama, Arkansas, Louisiana, Nebraska, South Carolina, and West Virginia, but did not provide any information related to the states of Mississippi and Maine.

- Defendant-Intervenors served their Third Set of Discovery Requests to Defendants on June 10, 2018. At the time, the only plaintiffs in the case were the states of Texas, Alabama, Arkansas, Louisiana, Nebraska, South Carolina, and West Virginia. *See* ECF 1. However, Mississippi Governor Phil Bryant and Maine Governor Paul R. LePage joined the case on June 25, 2018, *see* ECF 104, well before Defendants served their answers to Defendant-Intervenors' interrogatories on July 6, 2018. Defendant-Intervenors' discovery requests refer to "Plaintiff States" broadly, and define the term as "each of the named Plaintiff states in this case, and any other persons acting or purporting to act on its behalf." *See* Def.-Int. Third Set of Discovery Requests to Defendants at 3. Nonetheless, Defendants responded to Defendant-Intervenors' Third Set of Discovery Requests by interpreting the requests as applicable only to Texas, Alabama, Arkansas, Louisiana, Nebraska, South Carolina, and West Virginia. *See* Defendants' Answers to Interrogatories Nos. 3 & 4 (not providing an answer as to Mississippi or Maine). Defendant-Intervenors request that Defendants supplement their answers to Interrogatories 3 & 4 to include responsive information about Mississippi and Maine. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party . . . who has responded to an interrogatory[ or] request for production  . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

<u>INTERROGATORIES NOS. 9 & 10:</u>

- These interrogatories asked Defendants to identify the number of initial and renewal DACA applications USCIS has denied from each Plaintiff during the period of June 2012 to June 2018 and to identify from that number (1) the amount of DACA applications denied at least in part because the applicant was a suspected gang member, (2) the amount of DACA applications denied at least in part because the applicant posed a threat

December 19, 2018
Page 3 of 23

to national security or public safety, and (3) the amount of DACA applications denied after the adjudicator nonetheless determined the applicant met the five criteria outlined in the 2012 DACA memorandum.

- Defendants provided an incomplete answer to Interrogatory No. 9 by stating that based on "an informal inquiry," Defendants "are aware of several initial DACA requests that were denied because the requestor either made false statements or committed fraud in other immigration or non-immigration government contexts, despite the requestor meeting the DACA guidelines . . . ." *See* Defendants' Objections and Responses, p. 11. Defendants did not answer Interrogatory No. 10; instead, Defendants provided charts with the number of initial and renewal DACA requests denied by month by each Plaintiff.  These evasive and incomplete answers amount to a failure to respond.  *See* Fed. R. Civ. P. 37(a)(4).

- Defendants objected to these interrogatories on the basis that they are inconsistent with the limited nature of expedited discovery at the preliminary injunction stage.  *See* Defendants' Objections and Responses, pp. 10, 12.  In light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection.  *See* ECF 319, 337.

- Defendants further objected on the basis that these interrogatories are "not relevant."  *See* Defendants' Objections and Responses, pp. 10, 12.  However, Defendants do not explain why the requests are irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity"); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  These requests squarely address Plaintiffs' claim that Defendants "rubberstamp" DACA requests and USCIS adjudicators do not exercise discretion when they review and adjudicate DACA requests, an issue that is relevant to Plaintiffs' statutory and constitutional causes of action.  *See, e.g.,* ECF 104 ¶¶ 295-300.  In addition, the Court noted in its opinion denying Plaintiffs' motion for preliminary injunction that this issue requires further factual development.  *See, e.g.,* ECF 319 at 98-102 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way . . . [and b]ased on the evidence in the preliminary injunction record, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.").

- Defendants also objected to these interrogatories on the basis that they are burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 10, 12.  Specifically, Defendants allege that although "USCIS maintains electronic and/or paper copies of its initial and renewal DACA decisions . . . USCIS's case management systems do not electronically capture the underlying basis (bases) for denial of an initial or renewal DACA request . . . in a manner that can be systemically and reliable obtained."  7-6-18 Renaud Declaration ¶ 7.  Therefore, Defendants would have to "conduct a manual, case-by-case review of the electronic and/or paper files" of

December 19, 2018
Page 4 of 23

every initial and renewal DACA request from each Plaintiff, a total of approximately 19,000 DACA requests (17,000 initial requests and 2,000 renewal requests).  Defendants' Objections and Responses pp. 10-13; 7-6-18 Renaud Declaration ¶ 8.  Defendants calculate that it would take approximately 20 minutes to conduct a "manual review of [each] paper A-file or electronic record" and, therefore, it would take approximately 6,300 hours to complete the review of 19,000 DACA requests.  7-6-18 Renaud Declaration ¶ 8.  Finally, Defendants claim the "[c]ase-by-case review may also require further consultation with the adjudicator who rendered the decision."  *Id*.

- Defendants' objection as to any purported burden does not justify their nonresponsiveness.  ***First***, that review of an identified group of documents may be time-consuming or expensive does not, standing alone, absolve Defendants from producing responsive documents to an otherwise appropriate request.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues"); *see also Magnolia Point Minerals, LLC v. Chesapeake Louisiana, LP*, No. 11-CV-0854, 2015 WL 545988, at *1 (W.D. La. Feb. 10, 2015) (not an undue burden to require producing party to identify leases containing certain provisions at issue, holding that "[i]t may be time consuming to search [the producing party's] databases, but [it] is not an undue burden under the circumstances of this case"); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992) (in complex civil matter, finding that argument that production would entail significant expenses was not a proper basis for refusing to comply with an otherwise appropriate request); *Fagan v. D.C.*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden . . . Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system.") (citations omitted).  This action is a complex case with potential nationwide repercussions where all parties face the burden of investing significant resources in support of their claims and defenses.  In addition, the information Defendant-Intervenors seek, which is necessary to resolve the factual disputes in this case, is in the sole custody and control of Defendants.  Therefore, to the extent Defendants can claim any undue burden, it is not outweighed by the likely benefit of a complete production, and the requests are proportional to the needs of the case.  ***Second***, Defendant-Intervenors' interrogatories are narrowly tailored in scope; they only seek information from named Plaintiffs, provide a limited timeframe, and address the core issue of discretion in the DACA adjudication process.  ***Third***, the interrogatories seek information Defendants presumably already gathered, organized, or reviewed, or will need to gather, organize, and review, in connection with their defense of this case.  Defendants cannot have it both ways by claiming a genuine case and controversy exists between Plaintiffs and Defendants while simultaneously alleging it is burdensome to collect the information needed to defend against Plaintiffs' arguments.  *See Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 328 (D.N.J. 2015) (holding that it is unacceptable

December 19, 2018
Page 5 of 23

for a defendant to avoid legitimate discovery by claiming unreasonable burden because it does not devote reasonable resources to defending a case) (collecting cases).

- Defendants also object to the interrogatories "to the extent" they are vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree with this interpretation. *See* Defendants' Objections and Responses, p. 10, 12. Defendants specifically object that the term "the five criteria outlined in the 2012 DACA memo" is vague, but this phrase is not ambiguous, and Defendants correctly interpret the term as "the DACA guidelines outlined in the bulleted points on the first page of the memorandum entitled *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* from former Secretary of Homeland Security, Janet Napolitano, dated June 15, 2012." *Id.*, p. 11.

## INTERROGATORIES NOS. 11 & 12:

- These interrogatories asked Defendants to identify the number of initial and renewal DACA applications USCIS has accepted and subsequently issued Requests for Evidence (RFEs) from each Plaintiff for each month during the period of June 2012 to June 2018, and to identify from that number the number of RFEs related to (1) whether the applicant was under the age of 31 as of June 15, 2012; (2) whether the applicant came to the United States before reaching his or her 16th birthday; (3) whether the applicant has continuously resided in the United States since June 15, 2007, up to the time of application; (4) whether the applicant was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action; (5) whether the applicant had no lawful status on June 15, 2012; (6) whether the applicant was currently in school, graduated or obtained a certificate of completion from high school, obtained a general education development (GED) certificate, or was an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and (6) whether the applicant had not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and did not otherwise pose a threat to national security or public safety.

- Defendants did not answer Interrogatories Nos. 11 and 12. Defendants only provided charts showing the number of RFEs issued by USCIS by month by Plaintiff for the period of August 15, 2012 through June 22, 2018. These evasive and incomplete answers amount to a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

- Defendants objected to these interrogatories on the basis that they are inconsistent with the limited nature of expedited discovery at the preliminary injunction stage. *See* Defendants' Objections and Responses, pp. 14, 16. In light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection. *See* ECF 319, 337.

- Defendants further objected on the basis that these interrogatories are "not relevant." *See*

Defendants' Objections and Responses, pp. 14, 16.  However, Defendants do not explain why the interrogatories are irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  These interrogatories squarely address Plaintiffs' claim that Defendants "rubberstamp" DACA requests and USCIS adjudicators do not exercise discretion when they review and adjudicate DACA requests, an issue that is relevant to Plaintiffs' statutory and constitutional causes of action.  *See, e.g.,* ECF 104 ¶¶ 295-300.  In addition, the Court noted in its opinion denying Plaintiffs' motion for preliminary injunction that this issue requires further factual development.  *See, e.g.,* ECF 319 at 98-102 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way . . . [and b]ased on the evidence in the preliminary injunction record, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.").

- Defendants also objected to these interrogatories on the basis that they are burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, pp. 14, 16.  Specifically, Defendants allege that although "USCIS maintains electronic and/or paper copies of its initial and renewal DACA decisions . . . USCIS's case management systems do not electronically capture . . . the basis (bases) on which a Request for Evidence (RFE) was sent, in a manner that can be systemically and reliable obtained."  7-6-18 Renaud Declaration ¶ 7.  Therefore, Defendants would have to "conduct a manual, case-by-case review of the electronic and/or paper files" of the RFEs sent for every initial and renewal DACA request from each Plaintiff, a total of approximately 60,100 DACA requests (50,600 initial requests and 9,500 renewal requests).  Defendants' Objections and Responses, pp. 14-17; 7-6-18 Renaud Declaration ¶ 9.  Defendants calculate that it would take approximately 5 minutes to retrieve and review an electronic copy of an RFE and, therefore, it would take approximately 5,008 hours to complete the review.  7-6-18 Renaud Declaration ¶ 9.  Defendants claim "the time required to complete this task would increase significantly depending on the number of physical A-files that would need to be retrieved and reviewed."  *Id.*

- Defendants' objection as to any purported burden does not justify their nonresponsiveness.  ***First***, that review of an identified group of documents may be time-consuming or expensive does not, standing alone, absolve Defendants from producing responsive documents to an otherwise appropriate request.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery); *see also Magnolia Point Minerals, LLC,* 2015 WL 545988, at *1 (not an undue burden to require producing party to identify leases containing certain provisions at issue, holding that "[i]t may be time consuming to search [the producing party's] databases, but [it] is not an undue burden under the circumstances of this case"); *Sinibaldi*, 821 F. Supp. at 262 (in complex civil matter, finding that argument that production would entail significant expenses was not a proper basis for refusing to comply with an otherwise appropriate document request); *Fagan*, 136 F.R.D. at 7 ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden . . .

December 19, 2018
Page 7 of 23

Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system.") (citations omitted).  This action is a complex case with potential nationwide repercussions where all parties face the burden of investing significant resources in support of their claims and defenses.  In addition, the information Defendant-Intervenors seek, which is necessary to resolve the factual disputes in this case, is in the sole custody and control of Defendants.  Therefore, to the extent Defendants can claim any undue burden, it is not outweighed by the likely benefit of a complete production, and the requests are proportional to the needs of the case.  ***Second***, Defendant-Intervenors' interrogatories are narrowly tailored in scope; they only seek information from named Plaintiffs, provide a limited timeframe, and address the core issue of discretion in the DACA adjudication process.  ***Third***, the interrogatories seek information Defendants presumably already gathered, organized, or reviewed, or will need to gather, organize, and review, in connection with their defense of this case. Defendants cannot have it both ways by claiming a genuine case and controversy exists between Plaintiffs and Defendants while simultaneously alleging it is burdensome to collect the information needed to defend against Plaintiffs' arguments.  *See Costantino*, 152 F. Supp. 3d at 328 (holding that it is unacceptable for a defendant to avoid legitimate discovery by claiming unreasonable burden because it does not devote reasonable resources to defending a case).

- Defendants also object to the interrogatories "to the extent" they are vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, the requests are not vague or ambiguous.  Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree this interpretation is proper.  *See* Defendants' Objections and Responses, p. 14, 16.

INTERROGATORY NO. 13:

- This interrogatory asked Defendants to identify "the number of approved, initial DACA applications submitted by individuals who indicated on their I-821D, in response to Part 3. Question 4., that their immigration status on June 15, 2012 was 'Status Expired' or 'Parole Expired,' and who answered in the affirmative in response to Part 3. Question 5.a. ('Were you EVER issued an Arrival-Departure Record'), for each Plaintiff State for each month during the period of June 2012 to June 2018."

- Defendants provided the following incomplete answer to Interrogatory No. 13:  "Federal Defendants will provide a partial response regarding the number of approved initial DACA requests where 'Yes' was marked in Part 3, Question 5a. on the Form I-821D, for cases processed in USCIS' Electronic Immigration System (ELIS) . . . ."  *See* Defendants' Objections and Responses, p. 18.  Otherwise, Defendants did not answer Interrogatory No. 13.  This evasive and incomplete answer amounts to a failure to respond.  *See* Fed. R. Civ. P. 37(a)(4).

- Defendants objected to this interrogatory on the basis that it is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage.  *See*

December 19, 2018
Page 8 of 23

Defendants' Objections and Responses, p. 18.  In light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection.  *See* ECF 319, 337.

- Defendants further objected on the basis that the interrogatory is "not relevant."  *See* Defendants' Objections and Responses, p. 18.  However, Defendants do not explain why the interrogatory is irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  This interrogatory is relevant to Plaintiffs' claim that DACA confers "a path to citizenship on some DACA recipients" by granting DACA recipients eligibility for advance parole, which in turn "has resulted in some of those [DACA recipients] obtaining adjustment to [lawful permanent resident (LPR)] status, for which they would otherwise be ineligible."  *See* ECF 104 ¶¶ 84-122.

- Defendants also objected to this interrogatory on the ground that it is burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 18.  Specifically, Defendants allege that "USCIS databases do not electronically capture, in a reliable, readily retrievable, systematic and complete manner . . . in the ordinary course of business" the responses to Part 3, Question 4 on the Form I-821D or the responses to Part 3, Question 5a on the Form I-821D for DACA requests "that were processed in USCIS' Computer Linked Application Information Management System (CLAIMS 3) . . . an electronic case management system."  *See* Defendants' Objections and Responses, p. 18; 7-6-18 Renaud Declaration ¶¶ 10-11.  Therefore, USCIS would have to "conduct a manual, case-by-case review" of ELIS records, an electronic copy of the Form I-821D, or the original paper version of the Form I-821D if an electronic copy is not available, for every approved initial DACA request for each Plaintiff (approximately 156,000 requests).  *Id*.  Defendants calculate that it would take approximately 10 minutes to review each request, for a total of approximately 26,000 hours.  7-6-18 Renaud Declaration ¶ 11.

- Defendants' objection as to any purported burden does not justify their nonresponsiveness.  ***First***, that review of an identified group of documents may be time-consuming or expensive does not, standing alone, absolve Defendants from producing responsive documents to an otherwise appropriate request.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery); *see also Magnolia Point Minerals, LLC*, 2015 WL 545988, at *1 (not an undue burden to require producing party to identify leases containing certain provisions at issue, holding that "[i]t may be time consuming to search [the producing party's] databases, but [it] is not an undue burden under the circumstances of this case"); *Sinibaldi*, 821 F. Supp. at 262 (in complex civil matter, finding that argument that production would entail significant expenses was not a proper basis for refusing to comply with an otherwise appropriate document request); *Fagan*, 136 F.R.D. at 7 ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden . . . Plaintiffs should not suffer if the information is not easily accessible because defendants

have an inefficient filing system.") (citations omitted).  This action is a complex case with potential nationwide repercussions where all parties face the burden of investing significant resources in support of their claims and defenses.  In addition, the information Defendant-Intervenors seek, which is necessary to resolve the factual disputes in this case, is in the sole custody and control of Defendants.  Therefore, to the extent Defendants can claim any undue burden, it is not outweighed by the likely benefit of a complete production, and the requests are proportional to the needs of the case.  *Second*, Defendant-Intervenors' interrogatory is narrowly tailored in scope; it only seeks information from named Plaintiffs, provides a limited timeframe, and addresses the core issue of advance parole and its purported conferral of a "path to citizenship" on DACA recipients.  *Third*, the interrogatory seeks information Defendants presumably already gathered, organized, or reviewed, or will need to gather, organize, and review, in connection with their defense of this case.  Defendants cannot have it both ways by claiming a genuine case and controversy exists between Plaintiffs and Defendants while simultaneously alleging it is burdensome to collect the information needed to defend against Plaintiffs' arguments.  *See Costantino*, 152 F. Supp. 3d at 328 (holding that it is unacceptable for a defendant to avoid legitimate discovery by claiming unreasonable burden because it does not devote reasonable resources to defending a case) (collecting cases).

- Defendants also object to this interrogatory "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree this interpretation is proper.  *See* Defendants' Objections and Responses, p. 17.

## INTERROGATORY NO. 14:

- This interrogatory asked Defendants to identify the number of DACA recipients who adjusted their status to lawful permanent resident, for each Plaintiff for each month during the period of June 2012 to June 2018, and identify among that number (a) the number of DACA recipients who adjusted under 8 U.S.C. 1255(i); and (b) the number of DACA recipients who adjusted under 8 U.S.C. 1255(a).

- Defendants provided an incomplete answer to Interrogatory No. 14 by producing a chart showing the number of DACA recipients who adjusted their status by date of adjustment and by Plaintiff, for the period of August 15, 2012 through June 22, 2018.  *See* Defendants' Objections and Responses, p. 20.  This evasive and incomplete answer amounts to a failure to respond.  *See* Fed. R. Civ. P. 37(a)(4).

- Defendants objected to this interrogatory on the basis that it is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage.  *See* Defendants' Objections and Responses, p. 19.  However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection.  *See* ECF 319, 337.

- Defendants further objected on the basis that this interrogatory is "not relevant." *See* Defendants' Objections and Responses, p. 19.  However, Defendants do not explain why the interrogatory is not irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  This interrogatory is relevant to Plaintiffs' claim that DACA confers "a path to citizenship on some DACA recipients" by granting DACA recipients eligibility for advance parole, which in turn "has resulted in some of those [DACA recipients] obtaining adjustment to LPR status, for which they would otherwise be ineligible."  *See* ECF 104 ¶¶ 84-122.

- Defendants also objected on the basis that this interrogatory is burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 19.  Specifically, Defendants claim that "USCIS databases do not electronically capture, in a readily retrievable, systematic manner," whether an individual adjusted his or her status to lawful permanent resident under 8 U.S.C. §§ 1255(a), (i) in the ordinary course of business; therefore, USCIS would have to conduct "a manual, case-by-case review of electronic and/or paper files of every DACA recipient who adjusted status to lawful permanent residence during the specified period for each Plaintiff State."  *See* Defendants Objections and Responses, p. 19; 7-6-18 Renaud Declaration ¶¶ 12-13.  Defendants estimate there are approximately 7,000 DACA recipients who have adjusted status to lawful permanent resident during the specified period for each Plaintiff, and it would take approximately 5 minutes to review each case, for a total of approximately 583 hours.  7-6-18 Renaud Declaration ¶ 13.  Defendants specify that "it is possible some of the records for these cases have been digitized and therefore the records could be requested and obtained electronically for review quickly."  *Id.*

- Defendants' objection as to any purported burden does not justify their nonresponsiveness.  ***First***, that review of an identified group of documents may be time-consuming or expensive does not, standing alone, absolve Defendants from producing responsive documents to an otherwise appropriate request.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery); *see also Magnolia Point Minerals, LLC,* 2015 WL 545988, at *1 (not an undue burden to require producing party to identify leases containing certain provisions at issue, holding that "[i]t may be time consuming to search [the producing party's] databases, but [it] is not an undue burden under the circumstances of this case"); *Sinibaldi*, 821 F. Supp. at 262 (in complex civil matter, finding that argument that production would entail significant expenses was not a proper basis for refusing to comply with an otherwise appropriate document request); *Fagan*, 136 F.R.D. at 7 ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden . . . Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system.") (citations omitted).  This action is a complex case with potential nationwide repercussions where all parties face the burden of investing significant resources in support of their claims and defenses.  In addition, the information Defendant-Intervenors seek, which is necessary to resolve the factual disputes in this case, is in the sole custody and control of Defendants.  Therefore, to the extent

December 19, 2018
Page 11 of 23

Defendants can claim any undue burden, it is not outweighed by the likely benefit of a complete production, and the requests are proportional to the needs of the case.  **Second**, Defendant-Intervenors' interrogatory is narrowly tailored in scope; it only seeks information from named Plaintiffs, provides a limited timeframe, and addresses the core issue of advance parole and its purported conferral of a "path to citizenship" on DACA recipients.  **Third**, the interrogatory seeks information Defendants presumably already gathered, organized, or reviewed, or will need to gather, organize, and review, in connection with their defense of this case.  Defendants cannot have it both ways by claiming a genuine case and controversy exists between Plaintiffs and Defendants while simultaneously alleging it is burdensome to collect the information needed to defend against Plaintiffs' arguments.  *See Costantino*, 152 F. Supp. 3d at 328 (holding that it is unacceptable for a defendant to avoid legitimate discovery by claiming unreasonable burden because it does not devote reasonable resources to defending a case) (collecting cases).

December 19, 2018
Page 12 of 23

**ATTACHMENT B**
**DEFICIENCIES IN DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**DEFENDANT-INTERVENORS' REQUESTS FOR PRODUCTION**

<u>REQUEST FOR PRODUCTION NO. 5:</u>

- This request asked Defendants to produce documents relating to guidelines followed by DHS to evaluate, process, and adjudicate DACA applications, including, but not limited to: (1) internal agency documents, memoranda, and communications that set forth any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications; (2) training materials provided to agents or employees related to DACA evaluations and adjudications; and (3) changes following January 20, 2017 in any guidance, rules, or procedures that agents and employees follow when they evaluate, process, and adjudicate DACA applications.

- Defendant-Intervenors cannot discern whether Defendants have provided a full and complete production responsive to this request. In their production cover letters dated July 6, 2018 and July 13, 2018, Defendants represented that they were enclosing a three-volume production with bates numbers DEF-00000001-00008159. Defendants also provided privilege logs for each volume. However, Defendants did not label the documents as responsive to each request for production. In their objections and responses, Defendants do broadly reference that "USCIS is prepared to provide [certain documents]." *See* Defendants' Objections and Responses, p. 23. However, they do not indicate whether any documents responsive to Request for Production No. 5 were indeed produced or withheld. Therefore, Defendant-Intervenors are unable to confirm whether Defendants produced a complete production responsive to Request for Production No. 5. Defendant-Intervenors request that Defendants amend their response to indicate whether any documents were produced in response to this request, whether responsive documents were withheld and the basis for withholding them, and whether additional records will be produced. *See Alcala v. Texas Webb Cty.*, No. CV L-08-0128, 2009 WL 10694159, at *4 (S.D. Tex. Dec. 7, 2009) (general reference to "all documents produced" is an insufficient response); *see also Doe ex rel. Doe v. White*, No. 08-CV-1287, 2009 WL 3098724, at *2 n. 4 (C.D. Ill. Sept. 22, 2009) ("Plaintiffs' blanket reference to everything previously produced would not satisfy Rule 34"); *F.D.I.C. v. Appleton*, No. CV 11-476-JAK PLAX, 2012 WL 10245383, at *4 (C.D. Cal. Nov. 29, 2012) (holding it is not requestor's obligation to identify documents they believe are missing; rather, it is the producing party's duty to represent that all documents have been produced). In the absence of an amendment to the response by Defendants, Defendant-Intervenors assume no responsive documents have been produced, particularly in light of Defendants' claim that conducting a search of responsive records is burdensome, as noted below.

- Defendants objected to this request on the basis that it is burdensome, overbroad, and not proportional to the needs of the case. *See* Defendants' Objections and Responses, p. 23. Specifically, Defendants claim they are "unable to identify search terms sufficiently tailored to capture all responsive documents . . . that would not be overly broad and result in hundreds of thousands of materials to be reviewed for responsiveness and privileges."

*Advancing Latino Civil Rights for over 40 Years*
www.maldef.org

December 19, 2018
Page 13 of 23

*Id.* However, Defendants do not identify or propose any search terms in connection with this request. *See* 7-6-18 Renaud Declaration ¶ 18 (only identifying generally the search terms "DACA" and "deferred action"). Defendants also claim it would be burdensome to search all electronic records of "all potential custodians" and to search and review responsive documents "from potential custodians who are no longer employed by USCIS." *See* Defendants' Objections and Responses, p. 23. Defendants also object to having to conduct a search for records "of DHS and other DHS component counsel . . . as such documents contain advice and other information that is privileged." *Id.* In Ms. Renaud's declaration, Defendants represent there are a total of 65 potential non-attorney custodians throughout USCIS, 59 potential custodians who are current agency counsel in the USCIS Office of the Chief Counsel, and 12 potential custodians who are no longer employees of USCIS. 7-6-18 Renaud Declaration ¶ 16. However, Defendants do not identify potential custodians specific to Request for Production No. 5. Defendants also represent that ICE "contacted several individuals currently employed by ICE and determined that they have no documents responsive to Request No. 5" and "[t]o the extent that responsive documents do exist, they would be among the emails of former ICE employees." *See* Defendants' Objections and Responses, pp. 23-24. A non-exhaustive inquiry of current ICE employees does not allow Defendant-Intervenors to confirm whether there are any potential custodians at ICE who are current government employees, and Defendants do not identify the scope of potential custodians from ICE who are former ICE employees. Defendants also object "to the extent" that the request seeks drafts or documents in their native form. *Id.*, p. 23.

- Defendants' objection as to any purported burden, standing alone, does not justify their nonresponsiveness. *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues"). This request is proportional to the needs of the case, particularly considering the nationwide implications of the issues at stake, Defendant-Intervenors' inability to access this information through other sources or parties, and the importance of discovery responsive to this request in resolving the issues before the Court. *Id.* However, in an effort to accommodate Defendants' concerns about burden and expenses, Defendant-Intervenors are amenable to narrowing the scope of the review through the use of targeted search terms and custodians. Defendant-Intervenors request that Defendants provide a list of suggested search terms in connection with this request so the parties may engage in a good faith attempt to narrow the scope of Defendants' review. Defendant-Intervenors also request that Defendants identify potential custodians specific to this request.

- Defendants also objected to this request on the basis that it is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage. *See* Defendants' Objections and Responses, p. 22. However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection. *See* ECF 319, 337.

- Defendants further objected on the basis that this request is "not relevant."  *See* Defendants' Objections and Responses, p. 23.  However, Defendants do not explain why this request is irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 34(b)(2)(B) (producing party must "state with specificity the grounds for objecting to each request"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  The request is relevant to Plaintiffs' claim that Defendants "rubberstamp" DACA requests and USCIS adjudicators do not exercise discretion when they review and adjudicate DACA requests, an issue that is relevant to Plaintiffs' statutory and constitutional causes of action.  *See, e.g.,* ECF 104 ¶¶ 295-300.  In addition, the Court noted in its opinion denying Plaintiffs' motion for preliminary injunction that this issue requires further factual development.  *See, e.g.,* ECF 319 at 98-102 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way . . . Based on the evidence in the preliminary injunction record, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.").

- Defendants also objected to this request "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree this is a proper interpretation.  *See* Defendants' Objections and Responses, p. 22.

REQUEST FOR PRODUCTION NO. 6:

- This request asked Defendants to produce documents relating to the process by which DHS evaluates, processes, and adjudicates DACA applications, including but not limited to: (1) under what circumstances a DACA application is rejected, denied, or approved; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of DACA applications; (3) the procedure(s) employed by agents and employees who work in the evaluation and adjudication of DACA applications; and (4) changes in the process for evaluating, processing, and adjudicating DACA applications following January 20, 2017.

- Defendant-Intervenors cannot discern whether Defendants have provided a full and complete production responsive to this request.  In their production cover letters dated July 6, 2018 and July 13, 2018, Defendants represented that they were enclosing a three-volume production with bates numbers DEF-00000001-00008159.  Defendants also provided privilege logs for each volume.  However, Defendants did not label the documents as responsive to each request for production.  In their objections and responses, Defendants also broadly reference that "USCIS is prepared to provide [certain documents]."  *See* Defendants' Objections and Responses, p. 25.  However, they do not indicate whether any documents responsive to Request for Production No. 6 were indeed produced or withheld.  Therefore, Defendant-Intervenors are unable to confirm whether Defendants produced a complete production responsive to Request for Production No. 6.  Defendant-Intervenors request that Defendants amend their response to indicate whether

*Advancing Latino Civil Rights for over 40 Years*
www.maldef.org

any documents were produced in response to this request, whether responsive documents were withheld and the basis for withholding them, and whether additional records will be produced.  *See Alcala*, 2009 WL 10694159, at *4 (general reference to "all documents produced" is an insufficient response); *see also White*, 2009 WL 3098724, at *2 n. 4 ("Plaintiffs' blanket reference to everything previously produced would not satisfy Rule 34"); *Appleton*, 2012 WL 10245383, at *4 (holding it is not requestor's obligation to identify documents they believe are missing; rather, it is the producing party's duty to represent that all documents have been produced).  In the absence of a response by Defendants, Defendant-Intervenors assume no responsive documents have been produced, particularly in light of Defendants' claim that conducting a search of responsive records is burdensome, as noted below.

- Defendants objected on the basis that this request is burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 25.  Specifically, Defendants claim they are "unable to identify search terms sufficiently tailored to capture all responsive documents . . . that would not be overly broad and result in hundreds of thousands of materials to be reviewed for responsiveness and privileges." *Id.*, p. 26.  However, Defendants do not identify or propose any search terms in connection with this request.  *See* 7-6-18 Renaud Declaration ¶ 18 (only identifying generally the search terms "DACA" and "deferred action").  Defendants also claim it would be burdensome to search all electronic records of "all potential custodians" and to search and review responsive documents "from potential custodians who are no longer employed by USCIS."  *See* Defendants' Objections and Responses, p. 26.  Defendants also object to having to conduct a search for records "of DHS and DHS component counsel . . . as such documents contain advice and other information that is privileged." *Id.*  In Ms. Renaud's declaration, Defendants represent there are a total of 65 potential non-attorney custodians throughout USCIS, 59 potential custodians who are current agency counsel in the USCIS Office of the Chief Counsel, and 12 potential custodians who are no longer employees of USCIS.  7-6-18 Renaud Declaration ¶ 16.  However, Defendants do not identify potential custodians specific to Request for Production No. 6.  Defendants also represent that "ICE contacted several individuals currently employed by ICE and determined that they have no documents responsive to Request No. 6" and "[t]o the extent that responsive documents do exist, they would be among the emails of former ICE employees."  *See* Defendants' Objections and Responses, p. 26.  A non-exhaustive inquiry of current ICE employees does not allow Defendant-Intervenors to confirm whether there are any potential custodians at ICE who are current government employees, and Defendants do not identify the scope of potential custodians from ICE who are former ICE employees.  Defendants also object "to the extent" that the request seeks drafts or documents in their native form.  *Id.*, p. 25.

- Defendants' objection as to any purported burden, standing alone, does not justify their nonresponsiveness.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the

December 19, 2018
Page 16 of 23

importance of the discovery in resolving the issues"). This request is proportional to the needs of the case, particularly considering the nationwide implications of the issues at stake, Defendant-Intervenors' inability to access this information through other sources or parties, and the importance of discovery responsive to this request in resolving the issues before the Court. *Id.* However, in an effort to accommodate Defendants' concerns about burden and expenses, Defendant-Intervenors are amenable to narrowing the scope of the review through the use of targeted search terms and custodians. Defendant-Intervenors request that Defendants provide a list of suggested search terms in connection with this request so the parties may engage in a good faith attempt to narrow the scope of Defendants' review. Defendant-Intervenors also request that Defendants identify potential custodians specific to this request.

- Defendants objected on the basis that the request is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage. *See* Defendants' Objections and Responses, p. 25. However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection. *See* ECF 319, 337.

- Defendants further objected on the basis that this request is "not relevant." *See* Defendants' Objections and Responses, p. 25. However, Defendants do not explain why the request is irrelevant, and this conclusory objection is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(B) (producing party must "state with specificity the grounds for objecting to each request"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted). The request is relevant to Plaintiffs' claim that Defendants "rubberstamp" DACA requests and USCIS adjudicators do not exercise discretion when they review and adjudicate DACA requests, an issue that is relevant to Plaintiffs' statutory and constitutional causes of action. *See, e.g.,* ECF 104 ¶¶ 295-300. In addition, the Court noted in its opinion denying Plaintiffs' motion for preliminary injunction that this issue requires further factual development. *See, e.g.,* ECF 319 at 98-102 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way . . . Based on the evidence in the preliminary injunction record, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.").

- Defendants also object to this request "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree with this interpretation. *See* Defendants' Objections and Responses, p. 24. Defendants specifically object that the use of the word "and" in the phrase "who work in the evaluation and adjudication of DACA applications" is ambiguous and confusing because Defendants do not know whether the phrase means an employee or agent must do both actions (evaluation *and* adjudication) or be involved in only one action. *Id.*, pp. 24-25. However, Defendant-Intervenors' request provides a specific definition and instructs that the word "and" must be "construed either conjunctively or disjunctively as required by the context to bring

December 19, 2018
Page 17 of 23

within the scope of the request any document that might be deemed outside its scope by another construction." *See* Def-Int. Third Set of Discovery Requests to Defendants at 3. Thus, there is no ambiguity and the phrase must be interpreted to mean an agent or employee must be involved in at least one of the two actions, evaluation or adjudication.

- Finally, Defendants object "to the extent that it is unclear what documents Defendant-Intervenor seeks that are different from documents sought in RFP 5, and to the extent that RFPs overlap, or that RFP 6 seeks documents that are duplicative of those sought in RFP 5." *See* Defendants' Objections and Responses, p. 24. Defendants do not specify to what extent they believe each request is duplicative of each other request, and Defendant-Intervenors cannot discern whether responsive records to either request have been produced; therefore, this objection is improper. *See Ruiz v. U.S. Protect*, No. 6:07-CV-56, 2008 WL 11395490, at *4 (S.D. Tex. Aug. 29, 2008) (holding that defendant may not argue two requests are duplicative when defendant has failed to respond to either request).

REQUEST FOR PRODUCTION NO. 7(3):

- This request asked Defendants to produce documents showing the number of DACA applications accepted but denied, during the period of June 2012 to June 2018, after the adjudicator determined the applicant met the five criteria in the June 15, 2012 DACA memorandum but was otherwise not a qualifying applicant, including because the applicant posed a threat to national security or public safety, by each Plaintiff, for each month.[1]

- Defendants did not respond to this request. Instead, Defendants generally referred Defendant-Intervenors to three links to USCIS's website "[i]n lieu of providing responsive documents." *See* Defendants' Objections and Responses, p. 28.

- Defendants objected to this request on the basis that it is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage. *Id.*, p. 27. However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection. *See* ECF 319, 337.

- Defendants further objected on the basis that this request is "not relevant." *See* Defendants' Objections and Responses, p. 27. However, Defendants do not explain why the request is irrelevant, and this conclusory objection is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(B) (producing party must "state with specificity the grounds for objecting to each request"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted). The request is relevant to Plaintiffs' claim that Defendants "rubberstamp" DACA requests and USCIS adjudicators do not exercise discretion when they review and adjudicate DACA requests,

---

[1] Defendant-Intervenors represent that Defendants will have sufficiently responded to Request for Production No. 7(1)-(2) with their responses to Interrogatories Nos. 3 & 4 when and if Defendants supplement their answers to Interrogatories 3 & 4 with information related to Mississippi and Maine, as requested in this letter.

December 19, 2018
Page 18 of 23

an issue that is relevant to Plaintiffs' statutory and constitutional causes of action.  *See, e.g.,* ECF 104 ¶¶ 295-300.  In addition, the Court noted in its opinion denying Plaintiffs' motion for preliminary injunction that this issue requires further factual development.  *See, e.g.,* ECF 319 at 98-102 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way . . . Based on the evidence in the preliminary injunction record, the Court holds the Plaintiff States have not made a 'clear showing' that those processing DACA applications are not free to exercise discretion.").

- Defendants objected on the basis that this request is burdensome, overbroad, and not proportional to the needs of the case.  Specifically, Defendants claim they are "unable to identify search terms sufficiently tailored to capture all responsive documents . . . that would not be overly broad and result in hundreds of thousands of materials to be reviewed for responsiveness and privileges."  *See* Defendants' Objections and Responses, p. 28.  However, Defendants do not identify or propose any search terms in connection with this request.  *See* 7-6-18 Renaud Declaration ¶ 18 (only identifying generally the search terms "DACA" and "deferred action").  Defendants also claim it would be burdensome to search all electronic records of "all potential custodians" and to search and review responsive documents "from potential custodians who are no longer employed by USCIS."  *See* Defendants' Objections and Responses, p. 28.  Defendants also object to having to conduct a search for records "of DHS and DHS component counsel . . . as such documents contain advice and other information that is privileged."  *Id.*  In Ms. Renaud's declaration, Defendants represent there are a total of 65 potential non-attorney custodians throughout USCIS, 59 potential custodians who are current agency counsel in the USCIS Office of the Chief Counsel, and 12 potential custodians who are no longer employees of USCIS.  7-6-18 Renaud Declaration ¶ 16.  However, Defendants do not identify potential custodians specific to Request for Production No. 7(3).  Defendants also object "to the extent" that the request seeks drafts or documents in their native form.  *See* Defendants' Objections and Responses, p. 27.

- Defendants' objection as to any purported burden, standing alone, does not justify their nonresponsiveness.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues").  This request is proportional to the needs of the case, particularly considering the nationwide implications of the issues at stake, Defendant-Intervenors' inability to access this information through other sources or parties, and the importance of discovery responsive to this request in resolving the issues before the Court.  *Id.*  However, in an effort to accommodate Defendants' concerns about burden and expenses, Defendant-Intervenors are amenable to narrowing the scope of the review through the use of targeted search terms and custodians.  Defendant-Intervenors request that Defendants provide a list of suggested search terms in connection with this request so the parties may engage in a good faith attempt to narrow the scope of Defendants' review.  Defendant-Intervenors also request that Defendants identify

December 19, 2018
Page 19 of 23

potential custodians specific to this request.

- Defendants also object to this request "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on [USCIS] common usage of terms in its DACA agency practices" and Defendant-Intervenors agree with this interpretation. *See* Defendants' Objections and Responses, p. 27. Defendants specifically object that the phrase "the five criteria in the June 15, 2012 DACA memorandum" and the reference to the "June 15, 2012 DACA memorandum" lack specificity. *Id.* Defendants cannot credibly argue references to the memorandum at issue in this case and the guidelines contained therein are ambiguous or vague. Indeed, Defendants interpret the reference to the June 15, 2012 DACA memorandum to mean "the memorandum entitled *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* from former Secretary of Homeland Security, Janet Napolitano, dated June 15, 2012," which is the correct interpretation. *Id.* Defendants also claim the request is vague as to the time period for which it requests documents. *Id.* However, the request specifies a period from June 2012 to June 2018.

- Finally, Defendants object "to the extent" this request seeks information duplicative of any information responsive to Defendant-Intervenors' interrogatories. *Id.* Defendants do not specify which interrogatory they believe is duplicative of this request, and this is not a proper objection. *See Ruiz*, 2008 WL 11395490, at *4 (holding that defendant may not argue a request for production and interrogatory are duplicative when defendant has failed to respond to either request).

REQUEST FOR PRODUCTION NO. 8:

- This request asked Defendants to produce documents relating to process by which DHS evaluates and adjudicates applications or requests for deferred action other than DACA, including but not limited to: (1) under what circumstances an application or request is rejected, denied, or accepted; (2) the number and location of agents and employees whose work relates to the evaluation and adjudication of deferred action applications or requests; (3) the procedure(s) employed by agents and employees who work in the evaluation and adjudication of deferred action applications or requests; and (4) any changes in the process by which DHS evaluates and adjudicates applications or requests for deferred action other than DACA since January 20, 2017.

- Defendant-Intervenors cannot discern whether Defendants have provided a full and complete production responsive to this request. In their production cover letters dated July 6, 2018 and July 13, 2018, Defendants represented that they were enclosing a three-volume production with bates numbers DEF-00000001-00008159. Defendants also provided privilege logs for each volume. However, Defendants did not label the documents as responsive to each request for production. In their objections and responses, Defendants also broadly reference "USCIS is prepared to provide [certain documents]" and "[i]n addition to the responsive documents being produced, USCIS respectfully refers Defendant-Intervenors to the following publicly available information

December 19, 2018
Page 20 of 23

. . . ." *See* Defendants' Objections and Responses, p. 30.  However, Defendants do not indicate whether any documents responsive to Request for Production No. 8 were indeed produced or withheld in their bates-stamped production.  Therefore, Defendant-Intervenors are unable to confirm whether Defendants produced a complete production responsive to Request for Production No. 6.  Defendant-Intervenors request that Defendants amend their response to indicate whether any bates-stamped documents were produced in response to this request, whether responsive documents were withheld and the basis for withholding them, and whether additional records will be produced.  *See Alcala*, 2009 WL 10694159, at *4 (general reference to "all documents produced" is an insufficient response); *see also White*, 2009 WL 3098724, at *2 n. 4 ("Plaintiffs' blanket reference to everything previously produced would not satisfy Rule 34"); *Appleton*, 2012 WL 10245383, at *4 (holding it is not requestor's obligation to identify documents they believe are missing; rather, it is the producing party's duty to represent that all documents have been produced).  In the absence of a response by Defendants, Defendant-Intervenors assume no responsive documents have been produced, particularly in light of Defendants' claim that conducting a search of responsive records is burdensome, as noted below.

- Defendants objected on the basis that this request is burdensome, overbroad, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 29.  Specifically, Defendants claim they are "unable to identify search terms sufficiently tailored to capture all responsive documents . . . that would not be overly broad and result in hundreds of thousands of materials to be reviewed for responsiveness and privileges, or risk being over-inclusive in scope." *Id.*, p. 30.  However, Defendants do not identify or propose any search terms in connection with this request.  *See* 7-6-18 Renaud Declaration ¶ 18 (only identifying generally the search terms "DACA" and "deferred action").  Defendants also claim it would be burdensome to search all electronic records of "all potential custodians" and to search and review responsive documents "from potential custodians who are no longer employed by USCIS." *See* Defendants' Objections and Responses, p. 30.  Defendants also object to having to conduct a search for records "of DHS or DHS component counsel . . . as such documents contain advice and other information that is privileged." *Id*.  In Ms. Renaud's declaration, Defendants represent there are a total of 65 potential non-attorney custodians throughout USCIS, 59 potential custodians who are current agency counsel in the USCIS Office of the Chief Counsel, and 12 potential custodians who are no longer employees of USCIS.  7-6-18 Renaud Declaration ¶ 16.  However, Defendants do not identify potential custodians specific to Request for Production No. 8.  Defendants also object "to the extent" that the request seeks drafts or documents in their native form.  *See* Defendants' Objections and Responses, p. 29.

- Defendants' objection as to any purported burden, standing alone, does not justify their nonresponsiveness.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues").  This request is proportional to the

December 19, 2018
Page 21 of 23

needs of the case, particularly considering the nationwide implications of the issues at stake, Defendant-Intervenors' inability to access this information through other sources or parties, and the importance of discovery responsive to this request in resolving the issues before the Court. *Id.* However, in an effort to accommodate Defendants' concerns about burden and expenses, Defendant-Intervenors are amenable to narrowing the scope of the review through the use of targeted search terms and custodians. Defendant-Intervenors request that Defendants provide a list of suggested search terms in connection with this request so the parties may engage in a good faith attempt to narrow the scope of Defendants' review. Defendant-Intervenors also request that Defendants identify potential custodians specific to this request.

- Defendants objected on the basis that the request is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage. *See* Defendants' Objections and Responses, p. 29. However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection. *See* ECF 319, 337.

- Defendants further objected on the basis that this request is "not relevant." *See* Defendants' Objections and Responses, p. 29. However, Defendants do not explain why the request is irrelevant, and this conclusory objection is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(B) (producing party must "state with specificity the grounds for objecting to each request"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted). The request is relevant to establishing similarities between DACA and other grants of deferred action pursuant to the Secretary's authority under the INA, which is relevant to Plaintiffs' statutory claims under the APA.

- Defendants also object to this request "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded based on "Defendants' common usage of terms in its DACA agency practices" and Defendant-Intervenors agree with this interpretation. *See* Defendants' Objections and Responses, p. 29. Defendants also claim the request is vague as to the time period for which it requests documents. *Id.* Defendant-Intervenors are amenable to engaging in good faith negotiations as to the timeframe for this request.

REQUEST FOR PRODUCTION NO. 9:

- This request asked Defendants to produce documents relating to the number of DACA applications received, rejected, denied, and approved at each of the five USCIS Service Centers, including but not limited to: (1) the number of initial DACA applications received, rejected, denied, and approved from each Plaintiff, every month, during the period of June 2012 to June 2018; and (2) the number of renewal DACA applications received, rejected, denied, and approved from each Plaintiff, every month, during the period of June 2012 to June 2018.

December 19, 2018
Page 22 of 23

- Defendants did not respond to this request.  Instead, Defendants generally referred Defendant-Intervenors to three links to USCIS's website "[i]n lieu of providing responsive documents."  *See* Defendants' Objections and Responses, p. 32.

- Defendants objected on the basis that the request is inconsistent with the limited nature of expedited discovery at the preliminary injunction stage.  *Id*., p.31.  However, in light of the Court's order denying Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, this objection is no longer a proper objection.  *See* ECF 319, 337.

- Defendants further objected on the basis that this request is "not relevant."  *See* Defendants' Objections and Responses, p. 31.  However, Defendants do not explain why the request is irrelevant, and this conclusory objection is insufficient.  *See* Fed. R. Civ. P. 34(b)(2)(B) (producing party must "state with specificity the grounds for objecting to each request"); *Quarles*, 894 F.2d at 1485 (party resisting discovery bears the burden of showing how each interrogatory is not relevant) (citation omitted).  The request is relevant to Plaintiffs' claims that DACA is a large-scale policy change that incurs "considerable administrative cost," ECF 104 ¶¶ 277, 283, and that few DACA applications have been denied, *see id*. ¶¶ 293-95.

- Defendants objected on the basis that this request is burdensome, overboard, and not proportional to the needs of the case.  *See* Defendants' Objections and Responses, p. 31.  Specifically, Defendants claim they are "unable to identify search terms sufficiently tailored to capture all responsive documents . . . that would not be overly broad and result in hundreds of thousands of materials to be reviewed for responsiveness and privileges."  *Id.*  However, Defendants do not identify or propose any search terms in connection with this request.  *See* 7-6-18 Renaud Declaration ¶ 18 (only identifying generally the search terms "DACA" and "deferred action").  Defendants also claim it would be burdensome to search all electronic records of "all potential custodians" and to search and review responsive documents "from potential custodians who are no longer employed by USCIS."  *See* Defendants' Objections and Responses, p. 32.  Defendants also object to having to conduct a search for records "of DHS and DHS component counsel . . . as such documents contain advice and other information that is privileged."  *Id.*  In Ms. Renaud's declaration, Defendants represent there are a total of 65 potential non-attorney custodians throughout USCIS, 59 potential custodians who are current agency counsel in the USCIS Office of the Chief Counsel, and 12 potential custodians who are no longer employees of USCIS.  7-6-18 Renaud Declaration ¶ 16.  However, Defendants do not identify potential custodians specific to Request for Production No. 9.  Defendants also object "to the extent" that the request seeks drafts or documents in their native form.  *See* Defendants' Objections and Responses, p. 31.

- Defendants' objection as to any purported burden, standing alone, does not justify their nonresponsiveness.  *See* Fed. R. Civ. P. 26(b)(1) (burden or expense must outweigh likely benefit of proposed discovery, and burden to producing party is one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy,

December 19, 2018
Page 23 of 23

the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues"). This request is proportional to the needs of the case, particularly considering the nationwide implications of the issues at stake, Defendant-Intervenors' inability to access this information through other sources or parties, and the importance of discovery responsive to this request in resolving the issues before the Court. *Id.* However, in an effort to accommodate Defendants' concerns about burden and expenses, Defendant-Intervenors are amenable to narrowing the scope of the review through the use of targeted search terms and custodians. Defendant-Intervenors request that Defendants provide a list of suggested search terms in connection with this request so the parties may engage in a good faith attempt to narrow the scope of Defendants' review. Defendant-Intervenors also request that Defendants identify potential custodians specific to this request.

- Defendants also object to this request "to the extent" it is vague, undefined by Defendant-Intervenors, ambiguous, or contrary to USCIS's common use of the terms in its agency practices; however, Defendants responded "based on Defendant USCIS' common usage of terms in its DACA agency practices" and Defendant-Intervenors agree with this interpretation. *See* Defendants' Objections and Responses, p. 31. Defendants also claim the request is vague as to the time period for which it requests documents. *Id.* However, the request pertains to adjudication of requests under DACA, which has been in place since June 2012, and the request specifies a period from June 2012 to June 2018. Therefore, the request is not ambiguous as to timeframe.

- Finally, Defendants object "to the extent" this request seeks information duplicative of any information responsive to Defendant-Intervenors' interrogatories. *Id.* Defendants do not specify which interrogatory they believe is duplicative of this request, and this is not a proper objection. *See Ruiz*, 2008 WL 11395490, at *4 (holding that defendant may not argue a request for production and interrogatory are duplicative when defendant has failed to respond to either request).

# EXHIBIT 9

**Alejandra Avila**

| | |
|---|---|
| **From:** | Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> |
| **Sent:** | Wednesday, December 26, 2018 11:24 AM |
| **To:** | Alejandra Avila |
| **Cc:** | Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Todd <Todd. Disher@oag. texas. gov> Disher; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Adam Biggs |
| **Subject:** | RE: Texas et al. v. United States et al., No. 1:18-cv-00068 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Federal Defendants are in receipt of this letter. Please note that any response will unfortunately be delayed due to the current lapse in appropriations, as will Federal Defendants production of an administrative record.

Sincerely,

Jeff Robins

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Wednesday, December 19, 2018 4:48 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Jack Salmon <jsalmon@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Todd <Todd. Disher@oag. texas. gov> Disher <Todd.Disher@oag.texas.gov>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Adam Biggs <Adam.Biggs@oag.texas.gov>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Jeffrey,

Attached please find Perez Defendant-Intervenors' deficiency letter related to our third set of discovery requests.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382

# EXHIBIT 10

## Alejandra Avila

| | |
|---|---|
| **From:** | Walker, James (CIV) <James.Walker3@usdoj.gov> |
| **Sent:** | Thursday, February 7, 2019 9:49 PM |
| **To:** | Alejandra Avila; Robins, Jeffrey (CIV) |
| **Cc:** | Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Todd <Todd. Disher@oag. texas. gov> Disher; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Adam Biggs |
| **Subject:** | RE: Texas et al. v. United States et al., No. 1:18-cv-00068 |

Hi Alejandra,

We are working on providing the material as quickly as possible. The order dismissing the governor of Maine today of course changes the data production we intended to provide, so we have to go back and make adjustments for that. We should be able to get back to you soon.

Best,
James

**James Walker**
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868 | Ben Franklin Station | Washington, DC 20044
Direct: (202) 532-4468 | Fax: (202) 305-7000 | Email: james.walker3@usdoj.gov

---

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Thursday, February 07, 2019 6:35 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Jack Salmon <jsalmon@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Todd <Todd. Disher@oag. texas. gov> Disher <Todd.Disher@oag.texas.gov>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Adam Biggs <Adam.Biggs@oag.texas.gov>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Alejandra Avila <Aavila@MALDEF.org>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Mr. Robins,

Please confirm when Federal Defendants intend to provide the supplemental production mentioned in your email below.  As you know, it has been more than 7 weeks since Perez Defendant-Intervenors emailed their deficiency letter to you.

In addition, please advise whether Federal Defendants will address the remaining deficiencies noted in our letter.  If Federal Defendants do not provide amended answers and a supplemental production pursuant to the deficiency letter, Perez Defendant-Intervenors will seek court intervention on this matter.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense

and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382



**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Monday, February 4, 2019 3:19 PM
**To:** Alejandra Avila
**Cc:** Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Todd <Todd. Disher@oag. texas. gov> Disher; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Adam Biggs; Walker, James (CIV)
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Counsel,

I write to advise that Federal Defendants will be supplementing the prior responses with data for the newly added states and a chart reflecting the documents that correspond with each request for production.

Jeff

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Wednesday, December 19, 2018 4:48 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Jack Salmon <jsalmon@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Todd <Todd. Disher@oag. texas. gov> Disher <Todd.Disher@oag.texas.gov>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Adam Biggs <Adam.Biggs@oag.texas.gov>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Jeffrey,

Attached please find Perez Defendant-Intervenors' deficiency letter related to our third set of discovery requests.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204