**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

|  |  |
|---|---|
| STATE OF TEXAS, *et. al*., | |
| Plaintiffs, | |
| v. | Case No. 18-cv-00068 |
| KIRSTJEN M. NIELSEN, *et al.*, | |
| Defendants. | |

**FEDERAL DEFENDANT'S CORRECTED ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, by and through undersigned counsel, hereby answer the First Amended

Complaint of Plaintiff State of Texas, *et. al*. ("Plaintiffs"). Dkt. No. 104.

1.      Defendants deny that DACA is a program and deny that the 2014 DAPA memo

was implemented.[1] Defendants deny the legal characterization that DACA confers lawful

presence and aver that the DACA and DAPA implementation memos speak for themselves.[2]

Defendants deny the remainder of paragraph 1.

2.      Defendants admit paragraph 2 and aver that the Fifth Circuit opinion in *Texas v.

United States*, 809 F.3d 134 (5th Cir. 2015) speaks for itself.

3.      Defendants admit paragraph 3.

---

[1] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint
that characterizes DACA as a program rather than as a policy.

[2] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint
that characterizes DACA as conferring lawful presence.

1

4.      Defendants admit paragraph 4.

5.      This paragraph consists of Plaintiff's characterization of the September 5, 2017 memorandum, "Rescission of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals who came to the United States as Children,'" which speaks for itself.

6.      Defendants admit to the first sentence of paragraph 6, but aver that the DACA policy remains in force in a limited capacity, pursuant to court order in *Regents of Univ. of California v. United States Dep't of Homeland Sec.* ("*Regents*"), 2018 WL 339144 (N.D. Cal. Jan. 9, 2018). Defendants admit to the second sentence and aver that the *Regents* order speaks for itself.

7.      Defendants admit to paragraph 7, and aver that the court order in *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018) speaks for itself. Defendants aver that subsequent events in that case have resulted in an indefinite stay of the court's order. As a result, at the time of filing, the government does not need to consider DACA requests from first-time requestors. *See NAACP v. Trump*, No. CV 17-1907, 2018 WL 3962926 (D.D.C. Aug. 17, 2018).

8.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9.      Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 9, which consists of Plaintiffs' characterizations of their lawsuit, of which the operative complaint speaks for itself. To the extent a response is required, Defendants admit.

10.     Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 10, which consists of Plaintiffs' characterizations of their lawsuit, of which the

operative complaint speaks for itself. To the extent a response is required, Defendants admit the first two sentences. Further, Defendants aver that the Fifth Circuit opinion referenced speaks for itself, but deny that DACA grants lawful-presence status.

11.    Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 11, which consists of Plaintiffs' characterizations of their lawsuit, of which the operative complaint speaks for itself. Defendants admit the remaining sentences.

12.    Defendants admit to the extent that DACA is substantively unlawful, but aver that the holding in *Texas*, 809 F.3d 134, speaks for itself.

13.    Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 13, which consists of Plaintiffs' characterizations of their lawsuit. As to the second sentence, Defendants aver that the June 15, 2012 DACA memo and November 20, 2014 DAPA memo speak for themselves. As to the third sentence, Defendants aver that the press release speaks for itself.

14.    Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 14, which consists of Plaintiffs' characterizations of their lawsuit. Defendants deny the allegations in remainder of this paragraph, and aver that Justice Scalia's opinion in *Arizona v. United States*, 567 U.S. 387 (2012) (Scalia, J., concurring in part and dissenting in part) speaks for itself.

15.    Defendants admit paragraph 15.

16.    Defendants lack knowledge sufficient to form a belief as to the allegations in the paragraph 16, which consist of Plaintiffs' characterizations of their lawsuit.

**Jurisdiction and Venue**

17.    Defendants deny paragraph 17.

18.   Defendants admit paragraph 18.

19.   Defendants deny paragraph 19.

**The Parties**

20.   Defendants admit paragraph 20.

21.   Defendants deny paragraph 21. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself.

22.   Defendants admit the allegations of paragraph 22, but Defendants aver that Plaintiffs' complaint and 5 U.S.C. § 703 speak for themselves.

23.   Defendants admit the first two sentences of paragraph 23, and admit that Defendants Nielsen and USCIS are responsible for the continued administration of DACA. Defendants deny that Secretary Nielsen and USCIS are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015) (No. 1:14-cv-254) ("*Texas I*"), ECF No. 144.

24.   Defendants admit the first sentence of paragraph 24, and admit that Defendants McAleenan and U.S. Customs and Border Protection ("CBP") are responsible for the continued administration of DACA, though Defendants object to the term "administration of DACA" as vague. Defendants deny that Defendants McAleenan and CBP are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas I*, No. 1:14-cv-254, ECF No. 144.

25. Defendants aver that Ronald D. Vitiello is the Deputy Director and Senior Official Performing the Duties of Director for U.S. Immigration and Customs Enforcement ("ICE"). Defendants deny the second sentence.

26. Defendants admit the first two sentences of paragraph 26, but object to the term "administer" as vague. Defendants admit that USCIS accepts and adjudicates DACA requests and terminates DACA when appropriate. Defendants deny that Director Cissna and USCIS are responsible for the continued administration of expanded DACA, as expanded DACA has not been implemented since the preliminary injunction order was issued on February 16, 2015 in *Texas I*, No. 1:14-cv-254, ECF No. 144.

27. Defendants admit paragraph 27, but aver that as of August 9, 2018, Defendant Provost is the Chief of the U.S. Border Patrol.

## FACTUAL BACKGROUND

I. This separately numbered paragraph heading on page 8 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

28. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself. To extent a response is required, Defendants admit paragraph 28.

29. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself. To the extent a response is required, Defendants admit paragraph 29.

30. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself. To the extent a response is required, Defendants admit paragraph 30.

31. Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself. To the extent a response is required, Defendants admit paragraph 31.

32.     Defendants aver that *Texas,* 809 F.3d 134, speaks for itself. To the extent the cited authority is inaccurately paraphrased, Defendants deny paragraph 32.

33.     Defendants aver that *Arizona,* 567 U.S. 387, speaks for itself. To the extent a response is required, Defendants admit paragraph 33.

34.     Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 34, as it is not clear what Plaintiffs' mean by "reinforced immigration laws" and "responding to the States' concerns about the effects of extending benefits to unlawfully present aliens." To the extent a response is required, Defendants deny the first sentence of paragraph 34. Defendants aver that the citation to the Congressional Record speaks for itself. To the extent a response is required, Defendants admit the second sentence of paragraph 34.

35.     Defendants deny paragraph 35.

36.     Defendants deny the allegations in this paragraph as characterized by Plaintiffs, and aver that the immigration laws specify when an individual is considered to be unlawfully present for purposes of future inadmissibility pursuant to 8 U.S.C. §1182(a)(9)(B) and (a)(9)(C).

37.     Defendants deny the allegations in this paragraph as characterized by Plaintiffs, and aver that the immigration laws specify when an individual is considered to be unlawfully present for purposes of future inadmissibility pursuant to 8 U.S.C. §1182(a)(9)(B) and (a)(9)(C).

38.     Paragraph 38 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that lawful presence is a classification. Defendants admit for purposes of 8 U.S.C. §1611(b)(2) only that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States." Defendants aver that 8 U.S.C. § 1611(b)(2) speaks for itself.

39.     Paragraph 39 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that lawful presence is a classification. Defendants aver only that 8 U.S.C. § 1611(b)(3) speaks for itself.

40.     Paragraph 40 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendants deny lawful presence is a classification. Defendants aver only that 8 § U.S.C. 1611(b)(4) speaks for itself.

41.     Defendants deny that unlawful presence is a classification or status. Defendants admit that time during which a person is considered unlawfully present pursuant to 8 U.S.C. §1182 (a)(9)(B)(ii) and that does not fall within one of the exceptions set forth in 8 U.S.C. §1182 (a)(9)(B)(iii) counts toward future inadmissibility under 8 U.S.C. §1182 (a)(9)(B)(i).

42.     Paragraph 42 contains Plaintiffs' legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that lawful presence is a classification and aver that 26 U.S.C. § 32 speaks for itself.

II. Defendants admit this separately numbered paragraph heading on page 10.

43.     Defendants admit paragraph 43.

44.     Defendants admit that the referenced bills either were titled the DREAM Act, or included provisions commonly referred to as the DREAM Act.

45.     Paragraph 45 contains Plaintiffs' characterization of provisions of the DREAM Act to which no response is required. Defendants admit that S. 1291 in the 107th Congress included provisions providing for conditional permanent resident status for certain aliens who, among other things, had not attained the age of 21 and who had been continuously physically present in the United States for at least five years immediately preceding the date of enactment, and that various other bills introduced in Congress have contained similar provisions

46.     Defendants admit that the DREAM Act has not been enacted into law.

47.     Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 47, as it is not clear what Plaintiffs' mean by "closely resemble."

48.     Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 48, as it is not clear what Plaintiffs' mean by "coverage criteria," or which version of the DREAM Act they reference.

49.     Defendants admit that the Obama Administration supported passage of the DREAM Act.

50.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 50, but aver that the cited documents speak for themselves when read in their full context and without Plaintiffs' selective editing.

51.     Defendants admit paragraph 51.

III.    This separately numbered paragraph heading on page 14 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

52.     Defendants admit paragraph 52, but object to the characterization of DACA as a program. Defendants aver that the June 15, 2012 DACA memo speaks for itself.

53.     Defendants admit paragraph 53.

54.     Defendants admit only that the June 15, 2012 DACA memo speaks for itself. Defendants deny that aliens who meet the DACA guidelines become "eligible" for DACA, or are otherwise entitled to DACA.[3]

55.     Defendants admit paragraph 55, and aver that Plaintiffs' Exhibit 1 speaks for itself.

---

[3] Defendants renew their objection to every occurrence in Plaintiffs' First Amended Complaint that refers to DACA "eligibility."

56.     Defendants admit paragraph 56 to the extent that a DACA requestor seeking renewal of DACA merits such renewal, and aver that Plaintiffs' Exhibit 1 speaks for itself.

57.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 57.

58.     Defendants deny paragraph 58 to the extent DACA is referred to as "relief," and aver that Plaintiffs' Exhibit 2 (USCIS, Form I-821D, Consideration of Deferred Action for Childhood Arrivals, Fiscal Year 2012-2017) report speaks for itself.

59.     Defendants deny paragraph 59 to the extent DACA is referred to as "relief." However, Defendants confirm the numbers in paragraph 59 via DACA Quarterly Report for Q4FY17 produced by USCIS.

60.     Defendants admit paragraph 60, and aver that the referenced filing in *Texas I*, No. 1:14-cv-254, speaks for itself. Defendants aver further that the issuance of a preliminary injunction in *Inland Empire – Immigrant Youth Collective, et al., v. Kirstjen Nielsen, et al.*, No. 5:17- v-02048, 2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) (modified Mar. 28, 2018), presently curtails the government's discretion to terminate DACA at any time for *Inland Empire* class members, without a Notice of Intent to Terminate.

61.     Defendants deny paragraph 61, and aver that benefits tied to a DACA grant are the result of pre-existing regulations or other guidance, not the conferral of deferred action itself.

62.     Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself. To the extent the cited language is misconstrued, Defendants deny paragraph 62.

63.     Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself. To the extent the cited language is misconstrued, Defendants deny paragraph 63. Defendants also deny

that the cited portion of the FAQ existed in 2012, but aver that the earlier versions of the FAQ contain the same concept.

64.     Defendants deny the assertion in paragraph 64 that DACA confers lawful presence. Defendants aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland Security within the scope of 8 U.S.C. §1182 (a)(9)(B)(ii). No response is required with regard to the remainder of this paragraph because it consists of Plaintiff's characterization of DACA and because the language of the referenced DAPA memo speaks for itself.

65.     Paragraph 65 consists of Plaintiffs' characterization of the United States' Brief as Amicus Curiae in Opposition to rehearing En Banc filed in *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053 (9th Cir. 2014), to which no response is required. To the extent a response is required, Defendants assert that the referenced filing speaks for itself when read in context and without Plaintiffs' selective editing.

66.     Defendant deny paragraph 66, and aver that deferred action creates eligibility for certain benefits.

67.     Defendants deny paragraph 67.

68.     Defendants aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself. To the extent a response is required, Defendants admit paragraph 68.

69.     Defendants aver that 8 U.S.C. § 1229a(c)(2)(B) speaks for itself. To the extent a response is required, Defendants admit paragraph 69.

70.     Defendants deny paragraph 70, and further aver that 8 U.S.C. § 1227(a)(1)(B) speaks for itself.

71.     Defendants deny paragraph 71, and aver that 8 U.S.C. § 1182(a)(6)(A)(i), and Petitioner's Brief, *Texas*, 136 S. Ct. 2271 (No. 15-674), 2016 WL 836758, speak for themselves.

72.     Defendants deny paragraph 72, and aver that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States" for purposes of 8 U.S.C. § 1182(b)(2) only, and that 8 U.S.C. § 1611(b)(2) speaks for itself.

73.     Defendants deny paragraph 73, and aver that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States" for purposes of 8 U.S.C. § 1611(b)(2) only.  Defendants further aver that 8 U.S.C. § 1611(b)(3) speaks for itself.

74.     Defendants deny paragraph 74, and aver that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States" for purposes of 8 U.S.C. § 1611(b)(2) only.  Defendants further aver that 8 U.S.C. § 1611(b)(4) speaks for itself.

75.     Defendants deny paragraph 75, and aver that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States" for purposes of 8 U.S.C. § 1611(b)(2) only.  Defendants further aver that 8 U.S.C. § 1182(a)(9)(B) speaks for itself.

76.     Defendant deny paragraph 76, and aver that deferred action is included in the statutory definition of "lawful status" for purposes of drivers' license eligibility under the REAL ID Act of 2005, 49 U.S.C. 30301 note.

77.     Defendants admit paragraph 77, and aver Plaintiffs' Exhibit 1 speaks for itself.

78.     Defendants aver that USCIS's *Frequently Asked Questions* speaks for itself, and to the extent a response is required, Defendants admit paragraph 78.

79.     Defendants admit paragraph 79.

80.    Defendants only admit that the decision cited is quoted accurately, and aver that *Texas*, 809 F.3d 134, speaks for itself.

81.    Defendants deny paragraph 81, and aver that more than a Social Security number is needed to be eligible for earned income tax credits.

82.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 82.

83.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph regarding the nonpartisan congressional Joint Committee, because the cited document is no longer available.

84.    Defendants admit paragraph 84, and aver that Plaintiffs' Exhibit 1 speaks for itself.

85.    Defendants deny paragraph 85.

86.    Defendants admit that until September 5, 2017, DACA recipients were eligible to apply for and be granted an advance parole document.

87.    Defendants deny paragraph 87.

88.    Defendants admit paragraph 88 and aver that the U.S. Dep't of State Foreign Affairs Manual speaks for itself.

89.    Defendants deny paragraph 89, but aver that lawful permanent residence (LPR) is generally a pre-requisite to obtaining citizenship by naturalization, and that 8 U.S.C. § 1427(a) speaks for itself.

90.    Defendants deny paragraph 90.

91.    Defendants deny paragraph 91.

92.    Defendants deny the first sentence of paragraph 92 and aver that advanced parole permits a DACA recipient to leave the United States without interrupting her period of

continuous residence within the United States for purposes of the DACA renewal guidelines, and to avoid automatic termination of DACA for leaving the United States except with a grant of advance parole. Defendants further aver that a grant of advance parole also permits an individual to appear at a port of entry and seek parole to reenter the United States, but that a separate decision on a request for parole is made at the port of entry. Defendants aver that the cited documents speak for themselves.

93.    Paragraph 93 consists of Plaintiffs' characterizations and legal conclusions to which no response required, and Defendants aver that 8 U.S.C. § 1255(a) speaks for itself.

94.    Paragraph 94 consists of Plaintiffs' characterizations and legal conclusions to which no response required, and Defendants aver that 8 U.S.C. § 1182 speaks for itself.

95.    Paragraph 95 contains Plaintiffs' characterization of DACA guidelines to which no response is necessary.

96.    Defendants deny paragraph 96.

97.    Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 97, as Plaintiffs' use of the term "significantly limited" is vague. Defendants aver that 8 U.S.C. § 1182(a)(9)(B)(v) speaks for itself.

98.    Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 98, as Plaintiffs' use of the term "significantly limited" is vague. Defendants aver that 8 U.S.C. § 1182(d)(5)(A) speaks for itself.

99.    Defendants deny the allegations contained in paragraph 99 and aver that "advance parole" is an exercise of DHS' parole authority under 8 U.S.C. § 1182(d)(5). Defendants aver that the DHS DACA National Standard Operating Procedures speak for themselves.

100.   Defendants deny paragraph 100, and aver that 8 U.S.C. § 1182(d)(5)(A) and the USCIS Instructions for Application for Travel Documents speak for themselves.

101.   Defendants admit paragraph 101, but object to Plaintiffs' characterization of the listed criteria as "broader criteria." Further, Defendants aver that the USCIS *Frequently Asked Questions* speaks for itself.

102.   Defendants deny paragraph 102.

103.   Defendants deny paragraph 103, but aver that leaving and returning to the U.S. within the time frame of an advance parole document does not trigger a departure for purposes of 8 U.S.C. § 1182(a)(9)(B), and that the USCIS Policy Manual speaks for itself.

104.   Defendants deny paragraph 104.

105.   Defendants deny paragraph 105.

106.   Defendants admit that an alien must generally be inspected and admitted or paroled into the United States to be eligible for adjustment of status pursuant to 8 U.S.C. § 1255(a), and aver that 8 U.S.C. § 1255(a) speaks for itself.

107.   Defendants deny paragraph 107, and aver that the Immigrant Legal Res. Ctr.'s Practice Advisory speaks for itself.

108.   Defendants admit paragraph 108, but aver that the Immigrant Legal Res. Ctr.'s Practice Advisory speaks for itself and the cited portion does not support this allegation.

109.   Defendants admit paragraph 109 and aver that the referenced letter from León Rodríguez, Dir., USCIS, speaks for itself.

110.   Defendants admit paragraph 110 and aver that the referenced Press Release from the Office of Sen. Chuck Grassley speaks for itself.

111.   Defendants deny paragraph 111.

112.   Defendants admit paragraph 112 and aver that the referenced Press Release from the Office of Sen. Chuck Grassley speaks for itself.

113.   Defendants lack knowledge sufficient to form a belief as to the allegations in paragraph 113, and Defendants aver that *Texas,* 86 F. Supp. 3d 591, speaks for itself.

114.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 114.

115.   Defendants deny paragraph 115.

116.   Defendants deny paragraph 116.

117.   Defendants aver that the referenced OLC Memo speaks for itself.

118.   Defendants deny paragraph 118 to the extent that the referenced OLC Memo discusses suspension of unlawful presence. Defendants aver that the OLC Memo speaks for itself.

119.   Defendants admit paragraph 119 and aver that the referenced OLC Memo speaks for itself.

120.   Defendants admit paragraph 120 and aver that the referenced OLC Memo speaks for itself.

121.   Defendants admit paragraph 121 and aver that the referenced OLC Memo speaks for itself.

122.   Defendants admit paragraph 122 and aver that the referenced OLC Memo speaks for itself.

IV.   This separately numbered paragraph heading on page 26 consists of Plaintiffs' characterization of the lawsuit and related legal conclusions, to which no response is required.

123.   Defendants deny the allegations of paragraph 123, and aver that the holding of *United States v. Nava-Martinez*, No. 1:13-cr-00441 (S.D. Tex. Dec. 13, 2013) (hereafter, "*Nava-Martinez*"), speaks for itself.

124.   Defendants admit that paragraph 124 accurately reflects the facts of *Nava-Martinez*, and aver that *Nava-Martinez* speaks for itself.

125.   Paragraph 125 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

126.   Paragraph 126 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

127.   Paragraph 127 contains Plaintiffs' characterization of the facts and legal conclusions of *Nava-Martinez*, to which no response is necessary. Defendants aver that *Nava-Martinez* speaks for itself.

128.   Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 128. Defendants admit the second sentence, but aver that the Washington Post article referenced in this paragraph speaks for itself.

129.   Paragraph 129 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the Washington Post article referenced in this paragraph speaks for itself.

130.   Paragraph 130 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the L.A. Times article referenced in this paragraph speaks for itself.

131.  Paragraph 131 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

132.  Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 132.

133.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 133. Defendants aver that the documents referenced in this paragraph speak for themselves.

134.  Defendants aver that President Barack Obama's 2010 Remarks on Comprehensive Immigration Reform speak for themselves. To the extent a response is required, Defendants admit paragraph 134.

135.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 135, and aver that the L.A. Times article referenced in this paragraph speaks for itself.

136.  Defendants admit paragraph 136 and aver that the report cited therein speaks for itself.

137.  Paragraph 137 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

138.  Paragraph 138 contains Plaintiffs' characterization of the contents of a newspaper article, to which no response is necessary. Defendants aver that the newspaper article referenced in this paragraph speaks for itself.

139.   Paragraph 139 contains Plaintiffs' characterization of the contents of newspaper articles, to which no response is necessary. Defendants aver that the newspaper articles referenced in this paragraph speaks for themselves.

140.   Defendants deny Plaintiffs' characterization of the Vitiello memo, and aver that the Vitiello Memorandum speaks for itself.

141.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 141.

V.      This separately numbered paragraph on page 32 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

142.   Defendants aver that President Barack Obama's statements referenced therein speak for themselves when read in their full context. To the extent a response is required, Defendants admit paragraph 142.

143.   Defendants admit paragraph 143.

144.   Defendants deny paragraph 144.

145.   Defendants admit paragraph 145, and aver that the Johnson Memo referenced therein speaks for itself.

146.   Defendants admit paragraph 146, insofar it reflects the Fifth Circuit's controlling precedent with regard to DAPA.

147.   Defendants admit to paragraph 147 and aver that Plaintiffs' Exhibit 3 speaks for itself.

148.   Defendants admit to paragraph 148 and aver that Plaintiffs' Exhibit 3 speaks for itself.

149.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 149.

150.   Defendants deny paragraph 150, and aver that neither DACA, expanded DACA, nor DAPA themselves grant lawful presence or work authorization.

151.   Defendants admit to paragraph 151 and aver that Plaintiffs' Exhibit 3 speaks for itself.

152.   Defendants admit to paragraph 152 and aver that Plaintiffs' Exhibit 3 speaks for itself.

153.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 153, and aver that the Roll Call article referenced therein speaks for itself.

154.   Defendants admit paragraph 154 and aver that the speech by President Barack Obama referenced therein speaks for itself.

155.   Defendants admit paragraph 155 and aver that the speech by President Barack Obama referenced therein speaks for itself.

156.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 156, as Plaintiffs' use of the phrase "certain of the Nation's immigration law" is vague. To the extent a response is required, Defendants deny paragraph 156.

VI.     This separately numbered paragraph on page 39 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

157.   Defendants admit paragraph 157.

158.   Defendants admit paragraph 158, but aver that *Texas v. United States*, No. 1:14-cv-254, 2016 WL 3211803 (S.D. Tex. May 19, 2016), speaks for itself.

159.   Defendants admit paragraph 159 and aver that Defendants issued Expanded DACA under the terms of the memo prior to the filing of the prior lawsuit and remedied the erroneously issued permits issued after the injunction in full compliance with the orders of *Texas v. United States*, No. 1:14-cv-254, 2016 WL 3211803 (S.D. Tex. May 19, 2016), which speaks for itself.

160.   Defendants admit paragraph 160 and aver that the decision cited therein speak for themselves.

161.   Defendants admit paragraph 161 and aver that *Texas*, 809 F.3d 134 speaks for itself.

162.   Defendants admit paragraph 162 and aver that *Texas*, 136 S. Ct. 2271 speaks for itself.

VII.   Defendants admit this separately numbered paragraph on page 40.

163.   Defendants admit paragraph 163 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254, speaks for itself.

164.   Defendants admit paragraph 164 and aver that *Texas*, 137 S. Ct. 285, speaks for itself.

165.   Defendants admit paragraph 165 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254 (S.D. Tex. Nov. 18, 2016), speaks for itself.

166.   Defendants admit paragraph 166 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254 (S.D. Tex. Jan. 19, 2017), speaks for itself.

167.   Defendants admit paragraph 167 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254 (S.D. Tex. Mar. 17, 2017), speaks for itself.

168.   Defendants admit paragraph 168 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254 (S.D. Tex. Mar. 22, 2017), speaks for itself.

169.   Defendants admit paragraph 169 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254 (S.D. Tex. June 16, 2017), speaks for itself.

170.   Defendants admit paragraph 170 and aver that Plaintiffs' Exhibit 5 speaks for itself.

171.   Defendants admit paragraph 171 and aver that Plaintiffs' Exhibit 5 speaks for itself.

172.   Defendants admit paragraph 172 and aver that Plaintiffs' Exhibit 5 speaks for itself.

173.   Defendants admit paragraph 173 and aver that Plaintiffs' Exhibit 5 speaks for itself.

174.   Defendants admit paragraph 174, and aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

VIII.   This separately numbered paragraph on page 42 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

175.   Defendants admit paragraph 175 and aver that Plaintiffs' Exhibit 6 speaks for itself.

176.   Defendants admit paragraph 176 and aver that Plaintiffs' Exhibit 6 speaks for itself.

177.   Defendants admit paragraph 177 and aver that Plaintiffs' Exhibit 6 speaks for itself.

178.   Defendants admit paragraph 178 and aver that Plaintiffs' Exhibit 6 speaks for itself.

179.   Defendants admit paragraph 179 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

180.   Defendants admit paragraph 180 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

181.   Defendants admit paragraph 181 and aver that the letter from Attorney General Sessions to Acting Secretary Duke speaks for itself.

182.   Defendants admit paragraph 182 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

183.   Defendants admit paragraph 183 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

184.   Defendants admit paragraph 184 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

185.   Defendants admit paragraph 185 and aver that the remarks from Attorney General Sessions on DACA speak for themselves.

186.   Defendants admit paragraph 186 and aver that Plaintiffs' Exhibit 7 speaks for itself.

187.   Defendants admit paragraph 187 and aver that Plaintiffs' Exhibit 7 speaks for itself

188.   Defendants admit paragraph 188 and aver that Plaintiffs' Exhibit 7 speaks for itself.

189.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 189.

190.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 190.

191.   Defendants admit paragraph 191 and aver that the referenced filing from *Texas I,* No. 1:14-cv-254, speaks for itself.

IX.     This separately numbered paragraph on page 45 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

192.   Defendants admit paragraph 192 and aver that the cited cases speak for themselves.

193.   Defendants admit paragraph 193 insofar as Plaintiffs characterize the pleadings in those cases.

194.   Defendants admit paragraph 194, and aver that the referenced filing from *Regents of Univ. of Cal. v. Dep't of Homeland Sec. ("Regents")*, No. 3:17-cv-5211 (N.D. Cal. Sept. 8, 2017), speaks for itself.

195.   Defendants admit paragraph 195 insofar as Plaintiffs characterize the filing in that case, and aver that the referenced filing from *Regents,* No. 3:17-cv-5211, speaks for itself.

196.   Defendants admit paragraph 196 insofar as Plaintiffs characterize the filing in that case, and aver that the referenced filing from *Regents,* No. 3:17-cv-5211, speaks for itself.

197.   Defendants admit paragraph 197 insofar as Plaintiffs characterize the filing in that case, and aver that the referenced filing from *New York v. Trump*, No. 1:17-cv-5228 (E.D.N.Y. Sept. 6, 2017) speaks for itself.

198.   Defendants admit paragraph 198 insofar as Plaintiffs characterize the filing in that case, and aver that the referenced filing from *New York*, No. 1:17-cv-5228, speaks for itself.

199.   Defendants admit the conditional statement in paragraph 199.

X. Defendants admit this separately numbered paragraph on page 48.

200.   Defendants admit paragraph 200 and aver that *Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018), speaks for itself.

201.   Defendants admit paragraph 201 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

202.   Defendants admit paragraph 202 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

203.   Defendants admit paragraph 203 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

204.   Defendants admit paragraph 204 and aver that *Regents*, 279 F. Supp. 3d 1011, speaks for itself.

205.   Defendants admit paragraph 205 and aver that *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

206.   Defendants admit paragraph 206 and aver that *NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), speaks for itself.

207.   Defendants admit paragraph 207 but aver that subsequent events in that case have resulted in an indefinite stay of the court's order. As a result, at the time of filing, the government does not need to consider DACA requests from first-time requestors. *See NAACP v. Trump*, No. 1:17-cv-1907, 2018 WL 1920079 (D.D.C. Apr. 24, 2018), which speaks for itself.

208.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 208. Defendants admit the second sentence of paragraph 208.

## THEORIES OF RELIEF

209.   Defendants admit paragraph 209, insofar as plaintiffs have filed a lawsuit challenging DACA.

210.   Defendants admit paragraph 210 insofar as DACA is substantively unlawful, and aver that *Texas*, 809 F.3d 134 speaks for itself.

211.   Defendants deny paragraph 211.

212.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 212.

213.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 213.

214.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 214.

215.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 215, but aver that the listed provisions are what Plaintiffs appear to be challenging.

216.   Defendants admit paragraph 216, but aver that USCIS recently issued some EADs for more than 2 year validity periods in order to comply with certain provisions of the preliminary injunction in Inland Empire. Defendants further aver that due to electronic updating errors at the time of adjudication, USCIS issued four DACA EADs for a validity period that exceeded the underlying period of DACA granted to the recipient that remain facially valid. Since the underlying period of DACA associated with these EADs has expired, there is no longer an eligibility basis supporting their continued validity.  Accordingly, USCIS has taken steps to recover these EADs and, unless the recipients are able to demonstrate that they remain eligible for DACA-related work authorization for the period listed on the erroneously issued EADs, USCIS records will be updated shortly to reflect the correct work authorization expiration date. These four EADs were issued prior to the February 16, 2015 preliminary injunction issued in *Texas et al. v. United States of America, et al.*

217.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 217, but aver that the listed provisions are what Plaintiffs appear to be challenging.

218.   Defendants admit paragraph 218 insofar as DACA substantively violates the APA.

I.   This separately numbered paragraph on page 52 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

219.   Defendants deny the allegations in paragraph 219, but aver that the district court's preliminary injunction order holds that Plaintiffs have standing. Defendants further aver that *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014) speaks for itself.

220.   Defendants deny the allegations in paragraph 220, but aver that the district court's preliminary injunction order holds that Plaintiffs have standing.

221.   Defendants deny the allegations in paragraph 221, but aver that the district court's preliminary injunction order holds that Plaintiffs have standing. Defendants further aver that *Arizona*, 567 U.S. 387, speaks for itself.

222.   Defendants admit paragraph 222, and aver that *Texas*, 809 F.3d 134 speaks for itself.

223.   Defendants admit paragraph 223, and aver that *Massachusetts v. EPA*, 549 U.S. 497 (2007), speaks for itself.

224.   Defendants admit paragraph 224 insofar as it applies to DAPA and expanded DACA.

225.   Defendant deny paragraph 225, and state that Defendants lack knowledge or information sufficient to form a belief as to the allegations in the parenthetical, which appears to be inaccurate.

226.   Defendants lack knowledge or information sufficient to form a belief as to the first and sixth sentences of paragraph 226. Defendants aver that. *Dream Act Coal. v. Brewer*, 855 F.3d 957 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1279 (2018), referenced in the second, third, fourth, and fifth sentences, speaks for itself.

227.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 227. Defendants aver that the Texas Administrative Code and Rules Governing Admission to the Bar of Texas speak for themselves.

228.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 228.

229.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 229, but aver that *Texas*, 86 F. Supp. 3d 591, speaks for itself.

230.   Defendants admit paragraph 230 insofar as DACA incentivizes aliens to remain in the United States, but deny to the extent that DACA grants lawful presence and work authorization, and aver that *Texas*, 86 F. Supp. 3d 591, speaks for itself.

231.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 231.

232.   Defendants admit paragraph 232, and aver that *Plyler v. Doe,* 457 U.S. 202 (1982), 42 U.S.C. § 1395dd, and 42 C.F.R. § 440.255 speak for themselves.

233.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 233, and aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

234.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 234, and aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself, and

235.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 235, but aver that the Texas Health & Safety Code and *Texas*, 86 F. Supp. 3d 591 speak for themselves.

236.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 236.

237.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

238.   Defendants deny paragraph 238.

239.   Defendants deny paragraph 239 insofar as they have *parens patriae* standing to sue the federal government, and aver that *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez* (*"Snapp & Son"*), 458 U.S. 592, 607 (1982) speaks for itself. Defendants further aver that the district court found in its preliminary injunction order that Plaintiff States have *parens patriae* standing.

240.   Defendants admit Plaintiffs' characterization of the interests they seek to protect, and aver that *Snapp & Son,* 458 U.S. 592 speaks for itself.

241.   Defendants admit Plaintiffs' characterization of what they seek, and aver that *Snapp & Son,* 458 U.S. 592 speaks for itself.

242.   Defendants deny paragraph 242, and aver that *Massachusetts*, 549 U.S. 497, and *Texas*, 809 F.3d 134 speak for themselves. Defendants further aver that the district court found in its preliminary injunction order that Plaintiff States possess "special solicitude."

243.   Defendants deny the allegations in paragraph 243, and aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

244.   Defendants deny paragraph 244, but aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

245.   Defendants deny paragraph 245, and aver that *Massachusetts*, 549 U.S. 497, and *Texas*, 809 F.3d 134 speak for themselves.

246.   Defendants admit Plaintiffs' characterization of their claims in paragraph 246.

247.   Defendants deny paragraph 247.

248. Defendants admit that a state can be an institutional plaintiff, as alleged in paragraph 248, and aver that *Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2664 (2015) speaks for itself.

249. Defendants aver that *Ariz. State Leg.,* 135 S. Ct. 2652 speaks for itself, and admit the citation as alleged at paragraph 249.

250. Defendants aver that *Ariz. State Leg.,* 135 S. Ct. 2652 speaks for itself, and admit the citations as alleged at paragraph 250.

251. Defendants deny paragraph 251.

252. Defendants admit paragraph 252, and aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

253. Defendants aver that *Massachusetts*, 549 U.S. 497 speaks for itself, and deny that the authority at paragraph 253 discusses citizenship or lawful presence.

254. Defendants deny paragraph 254, and aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

255. Defendants deny paragraph 255, and aver that *Massachusetts*, 549 U.S. 497 speaks for itself.

256. Defendants deny paragraph 256, but aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

257. Defendants deny paragraph 257, but aver that the district court held in its preliminary injunction order that Plaintiffs had standing.

II. This separately numbered paragraph on page 58 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

258.   Defendants admit paragraph 258.

259.   Defendants admit paragraph 259, and aver that *Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2014) speaks for itself.

260.   Defendants admit paragraph 260, and that 28 U.S.C. § 2401(a) speaks for itself.

261.   Defendants admit paragraph 261.

262.   Defendants admit paragraph 262.

263.   Defendants admit paragraph 263.

264.   Defendants admit paragraph 264.

III.   This separately numbered paragraph on page 59 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

265.   Defendants deny paragraph 265, and aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself.

266.   Defendants deny paragraph 266.

IV.   This separately numbered paragraph on page 59 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

267.   Defendants deny paragraph 267, and aver that *Texas*, 809 F.3d 134 speaks for itself.

268.   Defendant admit paragraph 268, Plaintiffs' characterization of their own lawsuit.

269.   Defendants admit paragraph 269, Plaintiffs' characterization of their own lawsuit, but aver that that *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471 (1999) speaks for itself.

270.   Defendants deny paragraph 270, aver that *Texas*, 809 F.3d 134 speaks for itself.

271.   Defendants aver that the quote from *Texas*, 809 F.3d 134 speaks for itself.

272.   Defendants deny paragraph 272 insofar as "change in immigration classification" is vague.

273.   Defendants deny paragraph 273 and aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland Security within in the scope of 8 U.S.C. §1182(a)(9)(B)(ii).

274.   Defendants deny paragraph 274 and that lawful presence is a classification. Defendants aver that only that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States" for purposes of 8 U.S.C. § 1611(b)(2) only.

275.   Defendants deny paragraph 275, and aver that 8 C.F.R. § 274a.12(c)(14) authorizes work authorization for deferred action recipients who establish an economic necessity for employment.

276.   Defendants deny paragraph 276.

277.   Defendants deny paragraph 277, and aver that *Arizona*, 567 U.S. 387 speaks for itself.

278.   Defendants deny paragraph 278, and aver that *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221 (1986), speaks for itself. Defendants further aver that the Fifth Circuit has found a programmatic challenge to DAPA and expanded DACA reviewable, and that controls here.

31

279.   Defendants admit Paragraph 279, and aver that Petitioner's Brief, *Texas*, 136 S. Ct. 2271 (No. 15-674), 2016 WL 836758, speaks for itself.

280.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

V.   This separately numbered paragraph on page 61 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

A.   This separately numbered paragraph on page 61 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

281.   Defendants deny paragraph 281 insofar as Plaintiffs allege that DACA imposed rights and obligations, and aver that 5 U.S.C. § 553 and *Texas*, 809 F.3d 134 speak for themselves.

282.   Defendants deny paragraph 282.

283.   Defendants lack sufficient information to form a belief as to the allegations in paragraph 283, as Plaintiffs' use of the phrase "largest immigration policy changes in our Nation's history" is vague.

284.   Defendants deny paragraph 284, and aver that 5 U.S.C. § 706 speaks for itself.

285.   Defendants admit paragraph 285, and aver that 5 U.S.C. § 551 speaks for itself.

286.   Defendants admit paragraph 286, and aver that 5 U.S.C. § 551 speaks for itself.

287.   Defendants deny paragraph 287.

288.   Defendants deny paragraph 288. Defendants also aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by the Secretary of Homeland

Security within in the scope of 8 U.S.C. §1182(a)(9)(B)(ii). Defendants aver that *Texas*, 809 F.3d 134 speaks for itself.

289.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 289 as Plaintiffs' use of the phrase "does not genuinely leave the agency and its decisionmaker free to exercise discretion" is vague.

290.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 290 to the extent the decision cited is quoted accurately.

291.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 291 to the extent the decision cited is quoted accurately.

292.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 292 to the extent the decision cited is quoted accurately.

293.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 293 to the extent the decision cited is quoted accurately.

294.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 294 to the extent the decision cited is quoted accurately.

295.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 295 to the extent the decision cited is quoted accurately.

296.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 296 to the extent the decision cited is quoted accurately.

297.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 297 to the extent the decision cited is quoted accurately.

298.   Defendants aver that *Texas*, 809 F.3d 134 and *Texas*, 86 F. Supp. 3d 591 speak for themselves. To the extent a response is required, Defendants admit paragraph 298 to the extent the decision cited is quoted accurately.

299.   Defendants aver that *Texas*, 809 F.3d 134, *Texas*, 86 F. Supp. 3d 591, and the Declaration of Kenneth Palinkas speak for themselves. To the extent a response is required, Defendants admit paragraph 299 to the extent the decision cited is quoted accurately.

300.   Defendants deny paragraph 300, and aver that *Texas*, 809 F.3d 134 speaks for itself.

301.   Defendants deny paragraph 301, and aver that 5 U.S.C. § 553 and *Texas*, 809 F.3d 134 speak for themselves.

302.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 302 as Plaintiffs' use of the phrase "granting deferred action mechanically" is vague, and aver that Exhibit 4 speaks for itself.

303.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 303 as Plaintiffs' use of the phrase "DHS officials who implement the DACA program exercise, in practice, effectively no discretion" is vague.

B.      This separately numbered paragraph on page 65 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

304.   Defendants admit that DACA is substantively unlawful, and aver that *Texas*, 809 F.3d 134 speaks for itself.

305.   Defendants aver that 5 U.S.C. § 706 speaks for itself. To the extent a response is required, Defendants admit paragraph 305.

306.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 306, insofar as Plaintiffs' quotation is accurate.

307.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 307, insofar as Plaintiffs' quotation is accurate.

308.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 308, insofar as Plaintiffs' quotation is accurate.

309.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 309, insofar as Plaintiffs' quotation is accurate.

310.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 310, insofar as Plaintiffs' quotation is accurate.

311.   Defendants aver that *Texas*, 809 F.3d 134 and *Medellin v. Texas*, 552 U.S. 491 (2008) speak for themselves. To the extent a response is required, Defendants admit paragraph 311, insofar as Plaintiffs' quotation is accurate.

312.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 312, insofar as Plaintiffs' quotation is accurate.

313.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 313, insofar as Plaintiffs' quotation is accurate.

314.   Defendants deny paragraph 314.

C.   This separately numbered paragraph on page 65 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

315.   Defendants deny paragraph 315 insofar as constitutional avoidance principles require resolving this lawsuit solely on statutory grounds.

316.   Defendants deny paragraph 31 insofar as constitutional avoidance principles require resolving this lawsuit solely on statutory grounds.

317.   Defendants aver that the documents cited therein speak for themselves. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 317.

318.   Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 318.

319.   Defendants aver that *Kendall v. United States ex rel. Stokes*, 37 U.S. 524 (1838) speaks for itself. To the extent a response is required, Defendants admit paragraph 319 insofar as Plaintiffs' quotation is accurate.

320.   Defendants deny paragraph 320 insofar as constitutional avoidance principles require resolving this lawsuit solely on statutory grounds.

321.   Defendants aver that the document cited therein speaks for itself. To the extent a response is required, Defendants deny paragraph 321.

322.   Defendants deny paragraph 322.

323.   Defendants aver that *Arizona*, 567 U.S. 387 speaks for itself. To the extent a response is required, Defendants admit paragraph 323.

324.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants admit paragraph 324.

325.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants deny paragraph 325.

326.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants admit paragraph 326.

327.   Defendants deny paragraph 327.

328.   Defendants deny paragraph 328.

329.   Defendants deny paragraph 329, and aver that DACA is a policy permitting prosecutorial discretion, not a program conferring benefits.

330.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants admit paragraph 330.

331.   Defendants aver that *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952) speaks for itself. To the extent a response is required, Defendants admit paragraph 331.

332.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 332 as Plaintiffs' use of the phrase "explicit and implicit congressional objectives" is vague.

333.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants admit paragraph 333.

334.   Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself. To the extent a response is required, Defendants deny paragraph 334 insofar as constitutional avoidance principles require resolving this lawsuit solely on statutory grounds.

335.   Defendants aver that *Texas*, 86 F. Supp. 3d 591 speaks for itself. To the extent a response is required, Defendants deny paragraph 335 insofar as constitutional avoidance principles require resolving this lawsuit solely on statutory grounds.

336.   Defendants aver that Plaintiffs' Exhibit 4 speaks for itself. To the extent a response is required, Defendants admit paragraph 336.

337.   Defendants lack sufficient knowledge or information to form a belief as to paragraph 337.

VI.   This separately numbered paragraph on page 70 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

338.   Defendants admit paragraph 338, but aver that judgment should just be entered only on the ground that DACA is substantively unlawful and that if the Court determines that permanent relief is warranted notwithstanding the conflicting injunctions, the Court should stay its order for a minimum of 14 days so the United States can seek stays of all the DACA orders in the respective courts of appeals and the Supreme Court.

339.   Defendants admit Plaintiffs' characterization of their request for relief in paragraph 339.

340.   Defendants aver that Plaintiffs' Exhibit 1 speaks for itself. To the extent a response is required, Defendants admit paragraph 340 insofar as, to the extent DACA recipients have any legitimate reliance interests, they could not extend beyond the existing two-year terms of the DACA grants already received.

341.   Defendants deny paragraph 341.

342.   Defendants aver that *Texas*, 809 F.3d 134 speaks for itself. To the extent a response is required, Defendants admit paragraph 342.

343.   Defendants lack sufficient information to form a belief as to paragraph 343. To the extent a response is required, Defendants deny.

VII.   This separately numbered paragraph on page 71 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

344.   Defendants aver that 8 C.F.R. § 274a.12(c)(14) speaks for itself. To the extent a response is required, Defendants admit paragraph 344.

345.   Defendants aver that the filing from *Texas*, 86 F. Supp. 3d 591, referenced therein speaks for itself. To the extent a response is required, Defendants admit paragraph 345.

346.   Defendants admit paragraph 346 insofar as DACA is substantively unlawful.

VIII.   This separately numbered paragraph on page 71 contains Plaintiffs' characterization of their claim and legal conclusions to which no response is necessary.

347.   Defendants incorporate by reference their responses to paragraphs 38-40, *supra*, and aver that 8 U.S.C. § 1611 speaks for itself. Defendants deny that lawful presence is a classification, but admit for purposes of 8 U.S.C. §1611(b)(2) only that the regulations at 8 C.F.R. §1.3(a) define "an alien who is lawfully present in the United States."

348.   Defendants incorporate by reference their response to paragraph 41, *supra*, and aver that 8 U.S.C. §1182(a)(9)(B)(i) speaks for itself. To the extent a response is required, Defendants deny that lawful presence is a classification and admit the remainder of paragraph 348.

349.   Defendants deny paragraph 349, and aver that for purposes of future inadmissibility based upon unlawful presence, individuals who are granted DACA are not considered to be unlawfully present during the period in which deferred action is in effect because they are considered to be in a period of stay authorized by Secretary of Homeland Security within in the

scope of 8 U.S.C. §1182 (a)(9)(B)(ii).

350.   Defendants deny paragraph 350.

## FIRST CAUSE OF ACTION

351.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

352.   Defendants deny paragraph 352.

## SECOND CAUSE OF ACTION

353.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

354.   Defendants deny paragraph 354 insofar as Plaintiffs allege that DACA imposed rights and obligations.

## THIRD CAUSE OF ACTION

355.   Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

356.   Defendants admit paragraph 356

## PRAYER FOR RELIEF

Defendants admit that DACA is substantively unlawful, and on that basis aver that the Court need not reach the remainder of Plaintiffs' arguments. Defendants also admit that Plaintiffs are entitled the relief they seek in this case, but aver that if the Court determines that permanent relief is warranted notwithstanding the conflicting injunctions, the Court should stay its order for a minimum of 14 days so the United States can seek stays of all the DACA orders in the respective courts of appeals and the Supreme Court.

Defendants deny each and every allegation contained in the complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants reserve the right to amend this Answer to state affirmative or other defenses as they may become known.

Dated: March 6, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Attorneys for Federal Defendants

Respectfully submitted,

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

Attorneys for Federal Defendants