# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| *v.* | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| *and* | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

DACA is clearly unlawful, as this Court has already held and as the Federal Defendants now concede. Fed. Defs.' Resp. to Pls.' Mot. for Summ. J. 8, ECF No. 366. At a minimum, Plaintiff States are indisputably entitled to judgment as a matter of law because DACA confers a legal status and benefits that are contrary to substantive immigration law. As the Federal Defendants correctly note, this Court has already ruled that "DACA and DAPA are basically identical, and there is no legal ground for 'striking DAPA that wouldn't apply to DACA' (and certainly no legal ground for striking Expanded DACA that does not apply to DACA itself)." *Id.* at 8 (quoting *Texas v. United States* (*Texas II*), 328 F. Supp. 3d 662, 743 (S.D. Tex. 2018)). Accordingly, Plaintiff States are due—at a minimum—a judgment that DACA is substantively unlawful under the Administrative Procedure Act ("APA"). *See* Amicus Br. of Rep. King et al. 2-9, ECF No. 369 (explaining that there are no jurisdictional or prudential barriers to granting summary judgment enjoining DACA).

## SUMMARY OF THE ARGUMENT

The Federal Defendants raise two primary arguments against granting summary judgment. First, they argue (at 10-12) that Plaintiff States are not entitled to judgment as a matter of law on the claim that DACA violates the procedural requirements of the APA because it did not undergo notice and comment. The Federal Defendants concede that the procedural APA claim is not outcome-determinative because DACA is substantively unlawful. Fed. Defs.' Resp. 10, ECF No. 366; *see also* Amicus Br. of Rep. King et al. 12-17, ECF No. 369. Any purported fact issues left to

resolve about the procedural APA claim are thus immaterial.[1] In any event, the Federal Defendants are wrong that Plaintiff States are not entitled to summary judgment on their procedural APA claim.

Second, the Federal Defendants respond (at 12-16) that Plaintiff States are not entitled to the remedy they seek. Because DACA is unlawful, the Court should (1) enter a declaratory judgment that DACA is unlawful, (2) vacate the DACA Memo, and (3) prevent "the Federal Defendants from issuing any new grant of deferred action status pursuant to the DACA program and any renewal of deferred action status pursuant to DACA." Pl. States' Mot. for Summ. J. 2, ECF No. 356. The Federal Defendants do not argue that the Court cannot grant any of the requested relief. Indeed, the Federal Defendants concede that "the equities would ordinarily counsel in favor of such relief here under the Fifth Circuit's precedent in *Texas I*." Fed. Defs.' Resp. 13, ECF No. 366. The Federal Defendants argue, however, that because other courts in jurisdictions outside the Fifth Circuit have enjoined DACA's rescission, the Court should not follow that precedent. *Id.* at 15-16. The Court has already rejected that premise and conclusion.

---

[1] The same is true of Plaintiff States' Take Care Clause claim, which the Court did not resolve at the preliminary-injunction stage as a matter of constitutional avoidance. *Texas II*, 328 F. Supp. 3d at 710. The Federal Defendants concede that the Court need not decide the Take Care Clause claim to declare DACA unlawful as a matter of law because DACA is substantively unlawful under the APA. Fed. Defs.' Resp. 12, ECF No. 366. In any event, the Plaintiff States are entitled to judgment as a matter of law on their Take Care Clause Claim for the reasons stated in their Brief in Support of Their Motion for Summary Judgment. ECF No. 357 at 44-45. The Federal Defendants' response relies (at 12) solely on constitutional-avoidance principles—they do not dispute the Plaintiff States' substantive Take Care Clause arguments or even attempt to demonstrate a genuine dispute of material fact.

# ARGUMENT

I. **Plaintiff States are entitled to summary judgment on their procedural APA claim.**

DACA is unlawful because it was created without the notice-and-comment procedure required for a program like this. *Texas II*, 328 F. Supp. 3d at 735.[2] The Court has already decided this issue as a matter of law. *Id.*; *see also* Amicus Br. of Rep. King et al. 9-11, ECF No. 369. The Federal Defendants' response is no basis to deny summary judgment on that claim.

The Federal Defendants cannot avoid summary judgment on the grounds that the present record is insufficient to grant judgment as a matter of law. *See* Fed. Defs.' Resp. 12, ECF No. 366. They argue that DACA cannot be found "procedurally unlawful under the Fifth Circuit's precedent in *Texas I* on the ground that it did not permit the exercise of discretion by agency decisionmakers" because the record on discretion is inconclusive. *Id.* The undisputed evidence, however, demonstrates that Immigration Service Officers have no genuine discretion in adjudicating DACA applications. "Nothing about [DACA] 'genuinely leaves the agency and its [employees] free to exercise discretion.'" *Texas v. United States*, 86 F. Supp. 3d 591, 670 (S.D. Tex. 2015) (internal quotations omitted). Thus, any purported fact question about discretion is illusory and no basis to avoid summary judgment.

---

[2] The Federal Defendants do not appear to challenge Plaintiff States' argument that, in light of the Fifth Circuit's holding on DAPA, DACA is a substantive rule and not exempt from the APA's notice-and-comment requirements as either an interpretive rule, a general statement of policy, or a rule of agency organization, procedure, or practice. *See* 5 U.S.C. § 553(b)(A); *see also Texas v. United States* (*Texas I*), 809 F.3d 134, 171–78 (5th Cir. 2015), *aff'd by an equally divided court*, 136 S. Ct. 2271 (2016).

Plaintiff States are nevertheless entitled to summary judgment even if the Court does not find discretion absent as a matter of law. Regardless of discretion, DACA still needed to go through notice-and-comment because it "affect[s] individual rights." *Chrysler Corp. v. Brown*, 441 U.S. 281, 302 (1979) (quoting *Morton v. Ruiz*, 415 U.S. 199, 232 (1974)). Indeed, as recognized by the Court, "the evidence that DACA confers rights and imposes obligations is overwhelming." *Texas II*, 328 F. Supp. 3d at 735.

The Federal Defendants cannot avoid that conclusion by arguing (at 10) that a DACA grant merely "trigger[s]" benefits that "flow[] to DACA recipients" supposedly from "*pre-existing* regulations" alone. ECF No. 366. DACA changed the law and is a substantive rule because "in the absence of the rule there would not be an adequate legislative basis for . . . agency action to confer benefits . . . ." *Am. Mining Cong. v. Mine Safety & Health Admin.*, 995 F.2d 1106, 1112 (D.C. Cir. 1993). Thus, the Court correctly found "DACA to be a substantive rule that should have complied with the notice-and-comment procedures required by the APA." *Texas II*, 328 F. Supp. 3d at 735.

Likewise, in *Texas I*, the Fifth Circuit held that DAPA affected rights and obligations not only for the program's would-be recipients, but also for the states and federal government. *Texas I*, 809 F.3d at 166. This Court correctly found that "DACA has exactly the same effect." *Texas II*, 328 F. Supp. 3d at 731. The Federal Defendants contend that granting lawful presence and attendant benefits is merely "shorthand" for allowing access to a preexisting set of benefits. Fed. Defs.' Resp. 11, ECF No. 366.

5

Even if (counterfactually) DACA merely "allowed" recipients access to certain benefits, *id.*, DACA was required to undergo notice and comment because it removed a significant barrier to accessing those benefits.

Moreover, the Federal Defendants' argument paints an incomplete picture of lawful presence and DACA's benefits. Lawful presence is a meaningful immigration classification established by Congress. Congress uses a person's "lawful presence" (or "unlawful presence") in this country as the predicate for numerous legal consequences, including removability, a reentry bar, eligibility for "advance parole" (which allows a pathway to citizenship), and eligibility for numerous federal benefits. *See Texas I*, 809 F.3d at 179, 180, 183, 184. DACA has granted lawful presence to over 800,000 recipients, with a larger group eligible to apply for the same benefit. Pl. States' Br. in Supp. of Mot. for Summ. J. Ex. 2 (App. 6-7), ECF No. 358-2. As explained in the brief in support of the motion for summary judgment, DACA recipients have thus been granted not only work authorization and access to Social Security, Medicare, advance parole, and an array of other federal and state benefits, but a pathway to citizenship as well. *E.g.*, ECF No. 357 at 9-12. Indeed, DACA recipients have affirmatively acknowledged the actual and substantive benefits that the program has provided them. Pl. States' Mot. for Prelim. Inj. 35-37, ECF No. 5; *Texas II*, 328 F. Supp. 3d at 731 n.102. DACA has affected the rights of its recipients and imposed obligations on the federal and state governments. *Id.* APA notice and comment was thus required.

Contrary to the Federal Defendants' suggestion (at 11 n.3), whether every decision to grant or rescind "deferred action" must undergo notice and comment is immaterial. DACA's granting of lawful presence pushes the concept of deferred action far beyond what the Supreme Court has recognized. "[D]eferred action" is merely the "discretion to abandon" the "initiation or prosecution of various stages in the deportation process." *Reno v. Am.-Arab Anti-Discrimination Comm.* (*AADC*), 525 U.S. 471, 483-84 (1999). But a decision not to initiate enforcement action cannot transform unlawful conduct into lawful conduct. *See, e.g.*, *United States v. Orellana*, 405 F.3d 360, 370 (5th Cir. 2005) ("[A] temporary stay of removal does not render an otherwise illegal alien's presence lawful."). An alien's unlawful presence is "*an ongoing violation* of United States law," even though the Executive has discretion to forbear from removal in certain circumstances. *AADC*, 525 U.S. at 491. Just as with DACA, the Executive previously admitted that Expanded DACA and DAPA are different from prosecutorial discretion precisely because they grant valuable inducements. *See* Pl. States' Mot. for Prelim. Inj. Ex. 7 (App. 759) (J.A. 716, *United States v. Texas*, 136 S. Ct. 2271 (Executive's admission that each program "works in way a that's different than . . . prosecutorial discretion" because it grants inducements "for people to come out and identify themselves")).

II. **The existence of other injunctions involving DACA's rescission are no obstacle to summary judgment and do not suggest that this Court should refrain from ruling.**

The existence of other injunctions concerning DACA's rescission do not affect Plaintiff States' entitlement to summary judgment. The Federal Defendants do not argue that the Court must wait for further development in cases challenging DACA's rescission to reach the merits here. Indeed, the issues in this case are distinguishable

7

from those presented in the rescission cases. Those cases "involve the legality of the DACA rescission memo—an issue this Court does not address." *Texas II*, 328 F. Supp. 3d at 679. Each of those cases involve "records different from the record in *Texas I* and the record now before this Court." *Id.* at 682. And none of these cases have been litigated before a court bound to follow Fifth Circuit precedent. *Id.* These cases pose no barrier to vacating DACA. *See* Amicus Br. of Rep. King et al. 21-24, ECF No. 369.

Nor do those other cases affect Plaintiff States' requested relief. As the Court correctly found, the courts in the other DACA cases "were primarily faced with the issue of the Government's rescission of DACA—not its creation and implementation," which is the issue in this case. *Texas II*, 328 F. Supp. 3d at 685. Indeed, the Court explained that it "would not hesitate to enter an injunction, even in the face of opposing rulings from sister courts, if compelled by law . . . ." *Id.* at 740 n.110.

The Federal Defendants argue that "courts in California and New York have issued legally incorrect and overbroad nationwide preliminary injunctions requiring Federal Defendants to continue (most of) DACA nationwide." Fed. Defs.' Resp. 15, ECF No. 366 (citing *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011, 1048 (N.D. Cal. 2018), *aff'd,* 908 F.3d 476 (9th Cir. 2018); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 437 (E.D.N.Y. 2018)). That is no reason to deny Plaintiff States' requested relief.

The Federal Defendants cannot dispute that legal questions about DACA's rescission remain unresolved, and courts have reached different rulings about DACA's rescission. *Compare Regents of the Univ. of Cal.*, 279 F. Supp. 3d 1011

(enjoining DACA rescission memo), *with Casa de Maryland v. U.S. Dep't of Homeland Sec.*, 284 F. Supp. 3d 758, 772, 777 (D. Md. 2018) (concluding that the rescission of DACA was "carefully crafted" and that the appropriate method for addressing any perceived unfairness implicated in that decision is through "the election process, and not federal litigation"). The Supreme Court has not granted certiorari on any decision regarding DACA's rescission. Even the Federal Defendants suggest that granting the Plaintiff States' requested relief is likely to facilitate Supreme Court resolution of issues surrounding DACA once and for all. *See* Fed. Defs.' Resp. 16, ECF No. 366 (arguing that a 14-day stay pending Supreme Court review "would facilitate the orderly resolution of the litigation over the DACA policy."). Enjoining DACA is entirely appropriate.

The Federal Defendants are wrong that the risk of a "conflicting directive" counsels against Plaintiff States' requested relief. *Id.* at 15 (citing *Feller v. Brock*, 802 F.2d 722, 727-28 (4th Cir. 1986); *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987)). The supposed "conflict" invoked by the Federal Defendants is questionable, given that no court has enjoined the Executive to maintain DACA on the grounds that DACA itself is lawful. Regardless, the Federal Defendants' argument does not counsel against granting the requested relief. Because the supposedly conflicting injunctions do not address DACA's underlying lawfulness, the Federal Defendants should raise the purported conflict in the court that issued the injunction to determine whether a conflict exists. *See Feller*, 802 F.2d at 726 (quoting *NAACP, Jefferson Cty. Branch v. Brock*, 619 F. Supp. 846, 851 (D.D.C. 1985) (in

deciding threshold question whether conflict existed, explaining that the court that issued the first injunction had already decided that the second injunction was "'irreconcilable' with its own."); *Colby*, 811 F.2d at 1124 (finding the necessary "condition for greater deference" counseling a second court against "going into conflict with the first" missing because there were no "different outcomes [that] would place the defendant under inconsistent obligations"). That is no reason to avoid entering a remedy this Court has already recognized it must enter if compelled by law. *See Texas II*, 328 F. Supp. 3d at 740 n.110.

Insofar as the Federal Defendants perceive an irreconcilable conflict, their remedy lies in the first instance with the courts that have issued the supposedly conflicting injunctions. Plaintiff States do not oppose the Federal Defendants' request for a brief, 14-day stay of this Court's judgment to permit them to seek such relief.

## CONCLUSION

Plaintiff States respectfully request that the Court declare DACA unlawful and prevent Federal Defendants from issuing any new DACA permits or renewing any existing DACA permits to allow for an orderly winddown of the unlawful program.

| | |
|---|---|
| March 7, 2019 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | RYAN L. BANGERT<br>Deputy Attorney General for Legal Counsel |
| JEFF LANDRY<br>Attorney General of Louisiana | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | Trial Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| ALAN WILSON<br>Attorney General of South Carolina | Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | MICHAEL TOTH<br>Special Counsel for Civil Litigation |
| | ADAM ARTHUR BIGGS<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

      I certify that on March 7, 2019, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      */s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Trial Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**