IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　Defendants,<br><br>KARLA PEREZ, *et al.*,<br><br>　　　Defendant-Intervenors,<br><br>and<br><br>STATE OF NEW JERSEY,<br><br>　　　Defendant-Intervenor. | Case No. 18-cv-00068 |

**FEDERAL DEFENDANTS' RESPONSE TO
PEREZ DEFENDANT-INTERVENORS' RULE 56(d) MOTION TO DENY OR DEFER
CONSIDERATION OF SUMMARY JUDGMENT, OR IN THE ALTERNATIVE TO
GRANT DEFENDANT-INTERVENORS AN EXTENSION OF TIME TO RESPOND**

**STATEMENT OF THE ISSUES**

The question presented is whether this Court should grant Perez Defendant-Intervenors' motion to deny or defer consideration of Plaintiffs' motion for summary judgment under Fed. R. Civ. P. 56(d), or alternatively grant Perez Defendant-Intervenors' motion to extend their time to respond to Plaintiffs' motion for summary judgment until after the close of discovery.

Rule 56(d) provides that a district court may defer consideration on, or deny, summary judgment if the nonmovant shows that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). Although motions under Rule 56(d) are "broadly favored and should be liberally granted," *Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 816

1

(5th Cir. 2017) (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016)), the nonmovant "must demonstrate 'how additional discovery will create a genuine issue of material fact.'" *Fed. Ins. Co.*, 850 F.3d at 200 n.8 (*quoting Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001)); *see also Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016) (*quoting Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam)) (Rule 56(d) motion "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'").

A Court may grant a motion for extension of time for "good cause," if a request is made, before the original time . . . ." Fed. R. Civ. P. 6(b); 6(b)(1)(A).

## SUMMARY OF THE ARGUMENT

The Court should deny Perez Defendant-Intervenors' Rule 56(d) motion and alternative motion for extension of time to respond to Plaintiffs' motion for summary judgment. Perez Defendant-Intervenors misconstrue the Court's statements in its preliminary injunction order, and they fail to demonstrate how the topics of discovery that they list "will create a genuine issue of material fact," *Canady*, 240 F.3d at 445, and "influence the outcome of the pending summary judgment motion," *Biles*, 714 F.3d at 894. The lack of a need for further factual development on Plaintiffs' claim that DACA substantively violates the Administrative Procedure Act (APA), warrants the Court's consideration of Plaintiffs' motion for summary judgment at this time because the Court can provide Plaintiffs the relief they seek without regard to any factual disputes with Plaintiffs' procedural APA or Take Care Clause claims.

**ARGUMENT**

Because the Court can resolve the question of Plaintiffs' standing and Plaintiffs' substantive APA claim without further discovery, the Court need not deny or defer adjudication of Plaintiffs' motion for summary judgment at this time.[1] Contrary to the narrative told by Perez Defendant-Intervenors' selective citations to the Court's preliminary injunction order, that order actually supports judgment on Plaintiffs' substantive APA claim. Additionally, Perez Defendants-Intervenors' multiple and changing lists of additional facts and/or lines of discovery that they attest are necessary to the litigation of their claims fall short in two ways. First, they fail to meet the Fifth Circuit's requirement that Rule 56(d) motions demonstrate "how additional discovery will create a genuine issue of material fact," *Canady*, 240 F.3d at 445, and how the "emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894.[2] Second, even if a connection could be inferred between the lists of lines of discovery and Plaintiffs' procedural APA and Take Care Clause claims, Perez Defendant-Intervenors have not, and cannot, demonstrate that these lines of discovery will create a genuine issue of material fact that will influence the outcome of the pending motion for summary judgment with regard to Plaintiffs' substantive APA claim. Perhaps the most telling evidence of why Perez Defendant-Intervenors' motion fails is that it includes no analysis of how

---

[1] Federal Defendants acknowledge that the Court has found that a factual issue exists with regard to Plaintiffs' procedural APA claim. *See* Dkt. No. 319 at 100-01. However, additional discovery is not likely to influence the outcome of Plaintiffs' motion for summary judgment where they may obtain relief under their substantive APA claim. Relatedly, additional discovery is not likely to impact Plaintiffs' motion for summary judgment because the Court should refrain from ruling on Plaintiffs' Take Care Clause claim under the doctrine of constitutional avoidance.

[2] On this point, Perez Defendant-Intervenors' supporting declaration reads like a laundry list of grievances, but it fails to establish how resolution of any pending discovery disputes, production of an administrative record, or general statements of intended lines of discovery meet Perez Defendant-Intervenors' burden under Rule 56(d).

the additional discovery that Perez Defendant-Intervenors seek relates to Plaintiffs' motion for summary judgment.[3]

### I. The Court should not give weight to Perez Defendant-Intervenor's selective citations to its preliminary injunction order.

Federal Defendants dispute Perez Defendant-Intervenors' characterization of the Court's preliminary injunction order stating that "discovery conducted prior to the current phase of discovery created 'only a preliminary injunction record,' and it would be inappropriate to rule on the merits on the basis of the limited record." Dkt. No. 336 at 3, citing PI Order, Dkt. No. 319 at 115. The Court actually stated, in full, that "to try to put [the scrambled egg] back in its shell with only a preliminary injunction record, and perhaps at great risk to many, does not make sense nor serve the best interests of the country." *See Texas v. United States* (*Texas II*), 328 F. Supp. 3d 662, 742 (S.D. Tex. 2018). This statement, and the Court's holding related to it, was part of the Court's analysis of the final two preliminary injunction factors, hardship to parties and the public interest. *Id*. at 740-42. Here, the Court's analysis of equitable factors fails to support the immediate question before the Court – whether Perez Defendant-Intervenors' have shown that additional discovery will raise a genuine issue of material fact. *See Canady*, 240 F.3d at 445. Additionally, any interest the Defendant-Intervenors or the public has in preserving the status quo should not prevent this Court from declaring unlawful, vacating, and enjoining a policy that

---

[3] In fact, Perez Defendant-Intervenors specifically argue that "[t]his discovery is necessary in order to allow Defendant-Intervenors an opportunity to fully respond to the factual allegations raised in Plaintiffs' motion for a preliminary injunction and supplemental brief." *See* Decl. of Nina Perales, Dkt. No. 363-1 at ¶ 7. To the extent there is discussion of Plaintiffs' motion for summary judgment, the analysis is conclusory. *See, e.g., id*. ¶ ("[t]hese expert reports may be necessary to further address the issues raised by the Court in its opinion denying Plaintiffs' motion for preliminary injunction and issues raised in Plaintiffs' motion for summary judgment.").

Plaintiffs, the United States, and this Court agree "contradicts statutory law." *See Texas II*, 328 F. Supp. 3d at 735.

## II. Perez Defendant-Intervenors' motion does not disturb the material facts that the district court relied upon to find standing in its preliminary injunction order.

Perez Defendant-Intervenors argue that their motion should be granted because "[f]undamental facts are yet unknown," Dkt. No. 363 at 3. Although Federal Defendants disagree with the Court's analysis finding that Plaintiffs' had standing for purposes of the Court's preliminary injunction order, Perez Defendant-Intervenors' arguments are insufficient to demonstrate how the topics of discovery that they list "will create a genuine issue of material fact," *Canady*, 240 F.3d at 445, and "influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894.

Perez Defendant-Intervenors primarily emphasize the Court's statement that "[t]he Defendant-Intervenors maintain that Texas, the only state that attempted to prove damages, did not suffer any real loss on a net basis, and that these costs are more than offset by the economic advantages that Texas derives from the DACA recipients, **a position on which they may ultimately be proven correct when this case is tried on the merits**." Dkt. No. 363 at 3, citing Dkt. No. 319 at 106 (emphasis in original).[4] However, in finding that the evidence on the preliminary injunction record was "sufficient to support a finding of injury that is irreparable, as there is no source of recompense," the Court noted the Fifth Circuit's holding that "standing analysis is not an accounting exercise." *Texas II*, 328 F. Supp. 3d at 704, citing *Texas I*, 809 F.3d

---

[4] It is unclear whether the Court's statement about Perez Defendant-Intervenors' ability to prove their factual claim regarding offsets was simply an observation or if it related to the Court's acknowledgment that the Court allowed "a lesser level of precision and proof in a case where the proof of damages is clear and where the movant has clearly shown a likelihood of success on the merits." 319 at 107, citing *Fla. Med. Ass'n. Inc., v. U.S. Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979).

at 156. The Court also held that: at the preliminary injunction stage it "need not go through an extensive accounting exercise that analyzes each of the Plaintiff States' economic arguments and each of the Defendant-Intervenors' rebuttals," *Texas II*, 328 F. Supp. 3d at 737, that "a plaintiff is not precluded from claiming damages in one area just because there is a possibility that the damages might ultimately be offset in another," *id*., and that Plaintiffs need only demonstrate some injury, as opposed to substantial injury, to establish standing, *id*. at 50.

The additional discovery that Perez Defendant-Intervenors reference would not alter the foundation for the Court's finding that Plaintiffs have standing and establish injury sufficient to confer standing with regard to Plaintiffs' motion for summary judgment. First, although Perez Defendant-Intervenors want to challenge Plaintiffs' "alleged costs on border security and work study programs incurred as a result of DACA," Dkt. No. 336-1 ¶ 3, the Court did not rely on those costs in its determination that Plaintiffs' have standing. Rather, the Court's standing analysis assessed, in part, direct injuries to Texas stemming from social service costs without reference to work study or border security. *See Texas II*, 328 F. Supp. 3d at Dkt. No. 319 at 700-704. Additionally, although Perez Defendant-Intervenors assert that they need discovery from "Texas witnesses with knowledge of the Texas health care programs which form the basis of Texas' claimed injury as a result of DACA," Dkt. No. 336-1 ¶ 6(c), they fail to demonstrate how such discovery would place into dispute the testimony from Defendant-Intervenors' own witnesses on which the Court relied to find that DACA recipients constitute some of Texas' emergency Medicaid services, and that DACA recipients increase the total number using Texas social services, because some would leave the country if DACA ends. *See Texas II*, 328 F. Supp. 3d at 700-701.

Perez Defendant-Intervenors' arguments with regard to Plaintiffs' labor distortion claims fail for the same reason. Perez Defendant-Intervenors argue that they need "written discovery and deposition testimony from Texas employers to rebut Plaintiffs' labor-market distortion claims (re DACA and ACA)," and discovery from Federal Defendants "related to the enforceability of the penalty in the employer mandate of the ACA." Dkt. No. 363-1 ¶ 6(b). However, Perez Defendant-Intervenors fail to demonstrate how the factual basis of the Court's *parens patriae* analysis would be disturbed with this additional discovery. In its preliminary injunction order the Court found that Perez Defendant-Intervenors' own expert stated that DACA recipients would help "increase competition with other people who are citizens who are also competing for these low skilled jobs." *Texas II*, 328 F. Supp. 3d at 695, citing Dkt. No. 289, Ex. 3 at 141. The Court also explained its view that if the courts in *Regents* and *Vidal* could find that states have standing in order to protect the work force, then it could do the same. *See* Texas II, 328 F. Supp. 3d at 696.

Accordingly, the Court should deny Perez Defendant-Intervenors' motion.

### III. Perez Defendant-Intervenors' Motion Does Not Disturb the Material Facts the District Court Relied Upon to Find that DACA Substantively Violates the APA.

Perez Defendant-Intervenors' arguments regarding Plaintiffs' substantive APA claim are also insufficient to demonstrate how the topics of discovery that they list "will create a genuine issue of material fact," *Canady*, 240 F.3d at 445, and "influence the outcome of the pending summary judgment motion," *Biles*, 714 F.3d at 894.

Perez Defendant-Intervenors' motion fails in this regard because they do not and cannot identify a dispute regarding a material fact, or additional discovery necessary to explore such dispute. Rather, as Federal Defendants have argued, Plaintiffs are entitled to summary judgment on their substantive APA claim because the Court, guided by Fifth Circuit precedent, has already

held that "DACA is 'manifestly contrary' to the statutory scheme promulgated by Congress" in the INA. *Texas II*, 328 F. Supp. 3d at 722 (quoting *Texas v. United States*, 809 F.3d 134 at 186 (5th Cir. 2015)). As this Court correctly recognized, with respect to their substantive invalidity under the APA, "DACA and DAPA are basically identical, and there is no legal ground for 'striking DAPA that wouldn't apply to DACA' (and certainly no legal ground for striking Expanded DACA that does not apply to DACA itself)." *Id.* at 743; *see* Dkt. No. 71, at 13-14 (discussing the critical features shared by all three policies). The Court's preliminary injunction order follows these precedents. *See Texas II*, 328 F. Supp. 3d at 712-27.

The only discovery that Perez Defendant-Intervenors argue is necessary that might go to this claim are statistics from Federal Defendants regarding data on grants of advance parole and resulting adjustment of status to lawful permanent resident status for DACA recipients. *See* Dkt. No. 363-1 ¶ 6(e). However, Perez Defendant-Intervenors do not dispute the facts already before the Court in the form of a letter from Federal Defendants to Senator Grassley, *see Texas II*, 328 F. Supp. 3d at 719, n.84 ("the agency had granted advance parole for 22,340 DACA recipients through December 31, 2015. Of those, 2,994 had been approved for adjustment of status."), nor do they demonstrate why the further development of facts is necessary to respond to Plaintiffs' motion. Accordingly, the Court should deny Perez Defendant-Intervenors' motion.

**IV.   The Court Should deny Perez Defendant-Intervenors' alternative motion for an extension of time.**

Although Perez Defendant-Intervenors style their motion as a request for an extension of time to respond to Plaintiffs' summary judgment motion until the close of discovery, in the alternative, Perez Defendant-Intervenors offer no separate argument in support of this alternative motion, nor do they specifically address why there is good cause to grant the motion.

Accordingly, the Court should deny Perez Defendant-Intervenors' alternative extension motion for the same reasons it denies their Rule 56(d) motion.

At most, the Court should only permit Perez Defendant-Intervenors[5] a short extension of time to respond to Plaintiffs' motion for summary judgment – at least with regard to their substantive APA claim. This result is particularly warranted because Perez Defendant-Intervenors do not identify any facts that require development to address Plaintiffs' substantive APA claim. Where there is a discrete claim that the Court may rule on that would afford Plaintiffs the relief they seek, the Court's consideration of summary judgment at this time could eliminate costly further discovery that would appear to be neither proportionate nor necessary to the needs of the case.

## CONCLUSION

The Court should deny Perez Defendant-Intervenors' Rule 56(d) motion and alternative motion for extension of time to respond to Plaintiffs' motion for summary judgment because they fail to demonstrate how the topics of discovery that they list "will create a genuine issue of material fact," *Canady*, 240 F.3d at 445, and "influence the outcome of the pending summary judgment motion," *Biles*, 714 F.3d at 894.

---

[5] Because New Jersey Defendant Intervenors did not respond to Plaintiffs' summary judgment motion and sought no extension of time to do so, the Court should not now permit New Jersey Defendant Intervenors additional time to respond and should deem that they agree with Plaintiffs' motion. *See* L.R. 7.4; J. Hanen Rules 7(D), 7(J)(4).

Dated: March 7, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Attorneys for Federal Defendants

Respectfully submitted,

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 7, 2019, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS
