# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors, | § |
| | § |
| and | § |
| | § |
| STATE OF NEW JERSEY, | § |
| | § |
| Defendant-Intervenor. | § |

**DEFENDANT-INTERVENORS' REPLY IN SUPPORT OF OPPOSED RULE 56(d) MOTION TO DENY OR DEFER CONSIDERATION OF SUMMARY JUDGMENT, OR IN THE ALTERNATIVE TO GRANT DEFENDANT-INTERVENORS AN EXTENSION <u>OF TIME TO RESPOND</u>**

I.       **STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

Defendant-Intervenors Karla Perez, *et al.*, and Defendant-Intervenor State of New Jersey (together, "Defendant-Intervenors") respectfully request that the Court deny Plaintiffs' Motion for Summary Judgment, *see* Dkt. 356, under Federal Rule of Civil Procedure 56(d). In the alternative, Defendant-Intervenors request that the Court extend the deadline for Defendant-Intervenors to respond to the Motion for Summary Judgment until twenty-one days after the close of discovery established in the Scheduling Order issued by this Court. *See* Docket Text dated Nov. 14, 2018; Dkt. 367.

II.      **SUMMARY OF THE ARGUMENT**

Summary judgment is not appropriate on the current record in this case, as this Court has twice recognized—first, in denying Plaintiffs' motion for summary judgment during the preliminary injunction hearing, *see* 8-8-18 Tr. 06:03-07 ("I know there is a pleading by the states that said, why don't you just go ahead and grant a summary judgment? I am not doing that."); and second, by ordering a traditional case management schedule and rejecting Plaintiffs' proposal of a highly abbreviated schedule that would have short-circuited the discovery process, *compare* Dkt. 335 at 19, *with* Docket Text dated Nov. 14, 2018. Likewise, the Court granted Defendant-Intervenors' motion for nineteen additional days of discovery in light of the delay caused by the federal government shutdown, *see* Dkt. 367, underscoring the need for fulsome discovery here. Plaintiffs' motion for summary judgment essentially recycles the arguments from Plaintiffs' preliminary injunction briefing and requests summary judgment based on the same factual record upon which this Court earlier denied summary judgment. Plaintiffs should not be permitted to force Defendant-Intervenors to brief the same arguments yet again,

particularly after this Court has made clear that summary judgment is not appropriate based on the current record.

In fact, the full discovery period ordered by this Court is entirely necessary to illuminate genuine questions of material fact that preclude a ruling on summary judgment at this time. *See* Fed. R. Civ. P. 56(a); *see also Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998). The record has not been meaningfully augmented since this Court's preliminary injunction ruling, because, although Defendant-Intervenors have been vigorously pursuing discovery, neither Plaintiffs nor Federal Defendants have responded sufficiently to even Defendant-Intervenors' *initial* discovery requests. *See* Ex. 1 ¶¶ 2–3; Dkt. 363, Ex. A ¶¶ 3–4. For instance, despite promising to produce the administrative record in mid-December, Federal Defendants have not done so, and have, to date, not responded to Defendant-Intervenors' letter on February 25, 2019, seeking that promised production. See Ex. 1 ¶¶ 2–3. Thus, fundamental facts remain unknown, particularly regarding standing, Plaintiffs' substantive and procedural APA claims, and Plaintiffs' and Federal Defendants' proposed remedies. Indeed, the key development since the preliminary injunction ruling—Federal Defendants' filing of a Corrected Answer, Dkt. 370—indicates that Federal Defendants are in possession of, and have yet to produce, significant facts which force them to take positions contrary to those of Plaintiffs.

### III.   ARGUMENT

With their premature push for summary judgment, Plaintiffs and Federal Defendants are attempting to convert this Court's initial findings and conclusions on the basis of a preliminary injunction record into a final ruling. Their effort to deprive Defendant-Intervenors of discovery and rush to final resolution is inappropriate, as adherence to the discovery schedule already

established by this Court is necessary to provide full illumination of the genuine issues of material fact that exist at present.

"The 'findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.'" *Jonibach Mgmt. Tr. v. Wartburg Enters.*, 750 F.3d 486, 491 (5th Cir. 2014) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted). While this Court's preliminary injunction opinion—which ultimately denied Plaintiffs' request—was thorough, a motion for preliminary injunction serves a "'limited purpose'" and thus resolution of such motion is "'customarily [] on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Id.*; *see also H&W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 177 (5th Cir. 1988) ("[I]t is a 'risky approach' to assume that the often incomplete evidence adduced at a preliminary injunction hearing is sufficient to determine whether a claimant is entitled to judgment as a matter of law.") (citations omitted). By denying Plaintiffs' request for summary judgment at the preliminary injunction hearing, 8-8-18 Tr. 06:03-07, this Court recognized as much.

Motions under Rule 56(d) are "broadly favored and should be liberally granted." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 971 (5th Cir. 2006)). That presumption is designed to "'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,'" *id.*, and because there is a presumption that the parties in litigation are entitled to full and fair discovery. Here, Plaintiffs and Federal Defendants attempt to turn the presumption of full and fair discovery on its head, arguing that Defendant-Intervenors bear the burden of justifying the opportunity to conduct *any* discovery beyond the preliminary injunction record. Recognizing that positions taken by Defendant-Intervenors "may ultimately be proven correct

when this case is tried on the merits" following discovery, Dkt. 319 at 106, this Court set a scheduling order allowing Defendant-Intervenors to seek discovery until August 21, 2019, Docket Text dated Nov. 14, 2018.

Continued adherence to the discovery schedule ordered by this Court is necessary and appropriate. Defendant-Intervenors have been using the allotted discovery period to vigorously seek "specific information" that is "likely [to] create a genuine material fact issue," *Bell v. Dunn, Johnston & Brown, Inc.*, No. 3:10-CV-0001-M, 2010 WL 11561584, at *2 (N.D. Tex. Sept. 23, 2010), including, but not limited to, issues of standing, Plaintiffs' substantive and procedural APA claims, and Plaintiffs' and Federal Defendants' proposed remedies. Further discovery on all of these matters is necessary, as set forth below, before a ruling on any summary judgment motion is appropriate. *Cf. Rodriguez v. State Farm Lloyds*, No. 7:15-CV-00328, 2018 WL 503530, at *3 (S.D. Tex. Jan. 3, 2018) ("The Court will not countenance any potential scenario in which Defendant wins at the summary judgment stage by virtue of depriving Plaintiffs of potentially relevant evidence which could conceivably create a fact issue.").

### 1. *Standing*

Plaintiffs must support their standing at every stage of litigation "with the manner and degree of evidence required at [that] stage[] of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted). Thus, Plaintiffs cannot rest on the Court's preliminary conclusions in order to rebuff Defendant-Intervenors' legitimate pursuit of evidence that undermines Plaintiffs' standing. *See Meineke Disc. Muffler v. Jaynes*, 999 F.2d 120, 122 n.3 (5th Cir. 1993) (rejecting argument that the trial court's ruling in defendants' favor at the preliminary injunction stage must carry over into later stages of case and describing the assumption "that the

court's findings and conclusions after an abbreviated hearing on a preliminary injunction are binding as the law of the case" as "incorrect") (citations omitted).

As such, Defendant-Intervenors are entitled to seek additional discovery regarding genuine issues of material fact about the standing and purported irreparable harm of not only Texas, but all the Plaintiff States. *Contra* Dkt. 372 at 4-6; Dkt. 373 at 5-7. First, as the Court acknowledged, further discovery could yield facts showing that "Texas, the only state that attempted to prove damages, did not suffer any real loss on a net basis, and that these costs are more than offset by the economic advantages that Texas derives from the DACA recipients." Dkt. 319 at 106. For example, further discovery rebutting Plaintiffs' labor market distortion claims and the enforceability of the ACA employer mandate would undercut Plaintiffs' claimed *parens patriae* standing and irreparable harm by indicating that, to the average Texan in whose shoes Texas claims to stand, any harm caused by the presence of DACA recipients in the labor market is more than offset by the overall gains to the local economy.[1] *Contra* Dkt. 373 at 7. Other discovery into emigration patterns of DACA recipients, for instance, will likely undermine Plaintiffs' claimed standing and irreparable harm based on alleged increases in social services costs. Indeed, Federal Defendants agree with Defendant-Intervenors that neither the *parens patriae* doctrine nor any indirect increases in social services costs provide standing to Plaintiffs, which suggests that Federal Defendants are in possession of facts to that effect. *See* Dkt. 366 at 8 n.2; *see also* Dkt. 373 at 5. Defendant-Intervenors are entitled to discovery to reveal those facts.

---

[1] Though Federal Defendants echo Plaintiffs' claim that the Fifth Circuit has rejected any "accounting exercise" with regard to standing, they fail to note that the Fifth Circuit's decision addressed traditional injury-in-fact standing, not a *parens patriae* analysis. *Texas v. United States*, 809 F.3d 134, 156 (5th Cir. 2015). Moreover, the argument ignores the injunction standard that requires Plaintiffs to prove irreparable harm, that the equities tip in their favor, and that an injunction would not be adverse to public interest. *See Monsanto*, 561 U.S. at 156–57.

Moreover, with respect to the other Plaintiff States, Plaintiffs argue that "discovery into the injuries of the other Plaintiff States will only prove unavailing and unnecessary in light of Texas's clearly established standing." Dkt. 372 at 6. As an initial matter, this argument incorrectly assumes that Texas's standing has been definitively established, but because the Court's preliminary injunction ruling was based on only a preliminary record, that is not so. *See Meineke*, 999 F.2d at 122 n.3. In other words, if Texas is ultimately found not to have standing, all parties agree that the presence or absence of standing for the other Plaintiff States will be at issue. Moreover, Plaintiffs—who are requesting a nationwide remedy—ignore Supreme Court precedent emphasizing that "standing is not dispensed in gross," particularly when the requested remedy seems broader than necessary to provide relief to those plaintiffs who have demonstrated actual injuries. *See Lewis v. Casey*, 518 U.S. 343, 359 n.6 (1996). Relatedly, Plaintiffs refuse to acknowledge that the four-factor permanent injunction test requires a greater showing than injury alone to establish standing. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

At bottom, Plaintiffs' position flies in the face of the incontrovertible principle that non-movants must receive a "full and fair opportunity to discover information essential to [their] opposition to summary judgment." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999). If they are to participate as plaintiffs, Alabama, Arkansas, Kansas, Louisiana, Nebraska, South Carolina, and West Virginia cannot categorically object to discovery on the (incorrect) basis that Texas already has proved standing. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery . . . that is relevant **to any party's** claim or defense . . . .") (emphasis added). Each state presents a different set of facts regarding potential injury, or lack thereof, and Defendant-Intervenors are entitled to discovery—including emigration patterns of

7

DACA recipients and the varying costs and gains to particular states based on their individual labor markets and social services—from each state.

### 2. Substantive and Procedural APA

In their recently filed Corrected Answer—which was produced only following an order by this Court finding the original Answer insufficient, *see* Dkt. 348 at 2—Federal Defendants deny Plaintiffs' allegations regarding both Plaintiffs' procedural APA and Take Care clause claims. That Federal Defendants filed responses contrary to Plaintiffs' allegations indicates that Federal Defendants possess evidence requiring them to take positions in line with Defendant-Intervenors. Federal Defendants, however, have not provided this evidence to Defendant-Intervenors.

For example, Federal Defendants now deny Plaintiffs' allegation that "advance parole is unlawful as it has been applied to all DACA recipients because the Executive has not required DACA recipients to qualify for the 'urgent humanitarian reasons' or 'significant public benefit' statutory requirements for parole." *See* Dkt. 104 at ¶ 105; Dkt. 370 ¶ 105. Federal Defendants presumably deny this allegation based on evidence regarding the policies and decision-making process used for applications for advance parole that Federal Defendants have not shared with Defendant-Intervenors. Similarly, Federal Defendants have not shared with Defendant-Intervenors evidence regarding the number of DACA recipients who have adjusted their status and how the federal government has historically handled status adjustments of DACA recipients. Without this evidence, Defendant-Intervenors are severely hampered in their ability to gather and marshal evidence before the Court to defend DACA against Plaintiffs' claim that DACA is substantively unlawful because it has conferred a pathway to citizenship.

Similarly, on Plaintiffs' procedural APA claim, this Court found, and Federal Defendants acknowledge, that the preliminary record was equivocal with regard to agency decisionmakers' exercise of discretion in granting DACA status. Dkt. 366 at 12 (quoting *Texas v. United States*, 328 F. Supp. 3d 662, 732 (S.D. Tex. 2018)); Dkt. 373 at 3 n.1. The Court then rested its preliminary conclusion on Plaintiffs' procedural APA claim in part on the lack of "compelling" evidence "either way" on the discretion question. *See Texas*, 328 F. Supp. 3d at 732, 735. Furthermore, Federal Defendants averred in their Corrected Answer that "DACA is a policy permitting prosecutorial discretion, not a program conferring benefits," thus indicating that Federal Defendants possess evidence that shows that agency decision-makers exercise discretion when processing DACA applications. *See* Dkt. 332 ¶ 329. Because Federal Defendants have now confirmed the existence of, but have not yet produced, facts in support of Defendant-Intervenors' position, Plaintiffs' procedural APA claim is not yet ripe for resolution as a matter of law.

### 3. Remedy

Plaintiffs assert, without citing to any authority, that "summary judgment . . . need not be delayed for discovery related to potential remedies." Dkt. 372 at 10. To the contrary, facts establishing what remedies (if any) are appropriate here are entirely "material" to the "outcome" of this case. *See In re Browning-Ferris Indus. Inc. Sec. Litig*, 876 F. Supp. 870, 877 (S.D. Tex. 1995) ("A fact is 'material' if its resolution in favor of one party might affect the outcome of the suit under governing law") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Indeed, even if the Court rules in Plaintiffs' favor on the APA claims, Federal Defendants, Plaintiffs, and Defendant-Intervenors will all argue for different forms of relief. *See, e.g.*, Dkt. 366 at 12-16 (filing by Federal Defendants requesting a third remedy, different from the two

remedial options requested by Plaintiffs). Remedies-related facts also are material to the issue of Plaintiffs' lack of standing, because Defendant-Intervenors contend that this Court will not be able to redress the injuries upon which Plaintiffs base their cause of action. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); Dkt. 118 at 10-12.

## IV.  CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court deny Plaintiffs' request for summary judgment, or in the alternative defer adjudication of Plaintiffs' request and extend Defendant-Intervenors' deadline to respond to Plaintiffs' motion until twenty-one days after the close of discovery established in the Scheduling Order issued by this Court or within the appropriate time applicable to any renewed motion filed by Plaintiffs after the close of discovery.[2]

Dated: March 18, 2019                                              Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Jack Salmon (Tex. Bar No. 24068914)
(SD of Texas Bar No. 1130532)
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)

---

[2] The genuine disputes of material fact that preclude a response to a summary judgment motion at this stage in the litigation, as set forth herein and in Defendant-Intervenors' opening brief, constitute a showing of good cause for the alternative request for an extension of time to respond to Plaintiffs' motion for summary judgment pursuant to Fed. R. Civ. P. 6(b)(1)(A). *Contra* Dkt. 373 at 8-9; *see Arreola v. Zapata Cty., Tex.*, No. 5:16-CV-00285, 2017 WL 4174932, at *1 (S.D. Tex. Sept. 12, 2017) ("This Court enjoys 'broad discretion to grant or deny a[n] extension'" based on equitable factors such as the possibility of prejudice, the reason for the delay, and whether the movant has acted in good faith (quoting *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)).

Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

Priscila Orta
Mexican American Legal Defense and
Educational Fund
11 East Adams, Suite 700
Chicago, IL 60603
Tel: (312) 427-0701
Email: porta@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

**STATE OF NEW JERSEY**

By: */s/ Glenn Moramarco*
Glenn Moramarco, Assistant Attorney General (admitted pro hac vice)
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
Trenton, New Jersey 08625-0116
Phone: Trenton, NJ 08625
Phone: 609-376-3235

Jeremy Hollander, Assistant Attorney General (admitted pro hac vice)
Kenneth S. Levine, Deputy Attorney General (admitted pro hac vice)
Katherine Gregory, Deputy Attorney General (admitted pro hac vice)
Paul H. Juzdan, Deputy Attorney General (admitted pro hac vice)
Nicholas Dolinsky, Deputy Attorney General (admitted pro hac vice)
Brian DeVito, Deputy Attorney General (admitted pro hac vice)
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

Attorneys for Defendant-Intervenor State of New Jersey

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on the 18th day of March, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                       */s/ Jack Salmon*
                                       Jack Salmon

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) ) |
| Defendants, | ) ) |
| KARLA PEREZ, *et al.*, | ) ) |
| Defendant-Intervenors, and | ) ) ) |
| STATE OF NEW JERSEY, | ) ) |
| Defendant-Intervenor. | ) ) |

## DECLARATION OF JEREMY HOLLANDER

I, Jeremy Hollander, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am an Assistant Attorney General in the New Jersey Attorney General's Office, Division of Law, Affirmative Civil Enforcement practice group and one of the attorneys representing Defendant-Intervenor State of New Jersey in this matter. I submit this declaration in support of the Rule 56(d) Motion to Deny or Defer Consideration of Summary Judgment or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond (Dkt. 363), filed by Defendant-Intervenors Karla Perez et al. and State of New Jersey (collectively, "Defendant-Intervenors") in the above-referenced case. I am thoroughly familiar with the facts and arguments in this proceeding and have personal knowledge of the statements contained in this declaration.

2.  On February 25, 2019, I sent a letter by email and first class mail to counsel for the Federal Defendants regarding Federal Defendants' failure to produce an administrative record,

with a copy to other counsel of record. A true and correct copy of that letter is attached hereto as **Exhibit A**.

      3.      As of the date of this Declaration, the Federal Defendants have not produced the purported administrative record, nor has counsel for Federal Defendants otherwise responded to my February 25, 2019 letter.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of March, 2019.

_____
Jeremy Hollander

# EXHIBIT A



Philip D. Murphy
*Governor*

Sheila Y. Oliver
*Lt. Governor*

**State of New Jersey**
Office of the Attorney General
Department of Law and Public Safety
Division of Law
PO Box 45029
Newark, NJ 07101

Gurbir S. Grewal
*Attorney General*

Michelle L. Miller
*Acting Director*

February 25, 2019

**Via Email and First Class Mail**
Jeffrey S. Robins
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

      Re:    *Texas, et al. v. USA, et al.*, Index No. 1:18-cv-00068
              United States District Court, Southern District of Texas:
              <u>Federal Defendants' Production of the Administrative Record</u>

Dear Mr. Robins:

      We write to inquire about the Federal Defendants' promised production of the "administrative record."

      In the Joint Discovery filing dated October 31, 2018 (Dkt. 335), the Federal Defendants repeatedly stated: "Federal Defendants anticipate serving an administrative record on the parties within 30-days of entry of a scheduling order." (<u>Id</u>. at 4, 10.) The Court entered the scheduling order on November 14, 2018 (Dkt. 337 and minute order[1]). Thus, the Federal Defendants should have provided the administrative record to the parties by December 14, 2018.

      On December 14, 2018, you wrote an email to counsel: "Unfortunately Federal Defendants will not be serving initial disclosures today. I intend to send them out on Monday [December 17, 2018] followed by production of an administrative record soon thereafter." On December 17, 2018, the Federal Defendants served their initial disclosures, which referenced a future production

---

[1] The minute order for Dkt. 337 states: "Minute Entry for proceedings held before Magistrate Judge Frances H Stacy. SCHEDULING CONFERENCE held on 11/14/2018. Scheduling/ Docket Control Order issued." The following minute order on November 14, 2018 on the docket states the deadlines.



124 Halsey Street, 5th Floor, Newark, New Jersey 07101 • Telephone: (973) 648-7453 • jeremy.hollander@law.njoag.gov
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

February 25, 2019<br>
Page 2

of "the administrative record regarding the creation of DACA." (Federal Defendants' Initial Disclosures at 2). But the Federal Defendants have yet to produce that promised administrative record.

The partial shutdown of the federal government began on December 22, 2018. On December 26, 2018, in response to a deficiency letter from counsel for the Perez Defendant-Intervenors regarding the third set of discovery requests, you wrote to counsel in an email: "Federal Defendants are in receipt of this letter. Please note that any response will unfortunately be delayed due to the current lapse in appropriations, as will Federal Defendants production of an administrative record."

The government shut down ended on January 25, 2019. But the promised administrative record still has yet to be provided. Please promptly advise us of the status of that production.

Notwithstanding the above, the State of New Jersey and the Perez Defendant-Intervenors continue to dispute Federal Defendants' claim that discovery should be limited to review of a purported administrative record. Nothing herein should be construed to limit any of their rights to seek additional discovery, to challenge the sufficiency of any purported administrative record produced by the Federal Defendants, or to challenge whether the information produced amounts to an administrative record.

Sincerely,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Jeremy E. Hollander
Jeremy E. Hollander
Assistant Attorney General

cc (via email): All lead counsel of record