# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIRST SET OF DISCOVERY REQUESTS**

TO: Defendant-Intervenors, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205.

Plaintiff States serve these objections and responses to Defendant-Intervenors' first set of interrogatories and requests for production of documents pursuant to the Federal Rules of Civil Procedure.

1

Respectfully submitted.

| | |
|---|---|
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | /s/ *Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge<br>Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | |

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

2

## CERTIFICATE OF SERVICE

I certify that on June 11, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Rachel Wainer Apter
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Rachel.Apter@njoag.gov

/s/ *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## **GENERAL OBJECTIONS**

At this juncture, the Court has allowed limited expedited discovery for purposes of the preliminary injunction hearing. Although the Federal Rules do not provide a standard for the court to use in evaluating requests for expedited discovery, district courts within the Fifth Circuit typically adopt a "good cause" standard. *See, e.g.*, *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (citing *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)). In a "good cause" analysis, courts examine the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc.* 275 F.R.D. at 239 (citations omitted). Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *Id.* Accordingly, the scope of discovery at this phase in the case is narrower than that typically provided under Rule 26.

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are outside the narrow scope of expedited discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs objects to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information

that is publicly available or otherwise equally available or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Plaintiffs' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

5

# SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENOR'S FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1

Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs will support their motion for preliminary injunction with factual declarations from the following individual fact witnesses. The subjects of their testimony can be found in the declarations attached to Plaintiffs' motion for preliminary injunction.

Leonardo R. Lopez
Associate Commissioner for School Finance/Chief School Finance Officer
Texas Education Agency
c/o Todd Lawrence Disher
Tel.: (512) 463-2100
P.O. Box 12548
Austin, Texas 78711-2548

Monica Smoot
Chief Data and Analytics Officer
Center for Analytics and Decision Support
Texas Health and Human Services Commission
c/o Todd Lawrence Disher
Tel.: (512) 463-2100
P.O. Box 12548
Austin, Texas 78711-2548

Kenneth Palinkas
President of Local 0235
American Federation of Government Employees, AFL-CIO
c/o Todd Lawrence Disher
Tel.: (512) 463-2100
P.O. Box 12548
Austin, Texas 78711-2548

Plaintiffs will provide the names of their expert witnesses by the June 15, 2018 deadline set by the Court. Plaintiffs will support their motion for preliminary injunction with the exhibits cited in and attached to their complaint and motion for preliminary injunction. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement. Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 2**

Please provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiffs and that Plaintiffs may use to support their claims or defenses, unless solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to the exhibits attached to and cited in the complaint and motion for preliminary injunction. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 3**

Please provide a computation of any financial harm that Plaintiffs claim to result from the implementation of DACA, and identify the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of financial harm suffered. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the computations supporting Plaintiffs' motion for preliminary injunction are included either in Plaintiffs' complaint, motion for preliminary injunction, or the documents cited or attached to those filings. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those documents and compilations are based, to the extent that any additional information exists. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

# SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENOR'S FIRST SET OF REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' interrogatories.

## RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to the documents attached to and cited in the complaint and motion for preliminary injunction. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those documents are based, to the extent that any additional information exists. Plaintiffs will produce any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response, if necessary, with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.