# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSE TO DEFENDANT-
INTERVENORS' SECOND SET OF DISCOVERY REQUESTS**

TO:   Defendant-Intervenors, by and through their attorneys of record, Nina Perales, Celina Moreno, Jack Salmon, Alejandra Avila, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; Carlos Moctezuma García, García & García, Attorneys at Law P.L.L.C., P.O. Box 4545 McAllen, Texas 78502.

Plaintiff States serve these objections and responses to Defendant-Intervenors'

second set of interrogatories and requests for production of documents pursuant to

the Federal Rules of Civil Procedure.

1

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ALAN WILSON
Attorney General of South Carolina

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge

PATRICK MORRISEY
Attorney General of West Virginia

Special Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that on June 14, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Rachel Wainer Apter
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Rachel.Apter@njoag.gov

/s/ *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## GENERAL OBJECTIONS

At this juncture, the Court has allowed limited expedited discovery for purposes of the preliminary injunction hearing. Although the Federal Rules do not provide a standard for the court to use in evaluating requests for expedited discovery, district courts within the Fifth Circuit typically adopt a "good cause" standard. *See, e.g.*, *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (citing *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)). In a "good cause" analysis, courts examine the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc.* 275 F.R.D. at 239 (citations omitted). Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *Id.* Accordingly, the scope of discovery at this phase in the case is narrower than that typically provided under Rule 26.

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are outside the narrow scope of expedited discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs objects to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information

that is publicly available or otherwise equally available and/or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Plaintiffs' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENOR'S SECOND SET OF INTERROGATORIES

### INTERROGATORY NO. 4:

Identify all costs that Plaintiffs, by state and year, have incurred since June 2012 or expect to incur in the future, with respect to providing goods, support and/or services to DACA recipients living in Plaintiff states. With respect to each cost identify:

a.  the category of the cost;
b.  the amount of the cost;
c.  whether Plaintiff states have paid the cost;
d.  the anticipated amount of future costs;
e.  the complete factual basis for asserting and computing the above costs; and
f.  all information, documents or other evidentiary material on which such assertions and computations are based.

### RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those costs are based, to the extent that any additional information exists. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 5:**

Identify the number of DACA recipients living in Plaintiff states, by state and year, since June 2012. For each Plaintiff state, please identify:

    a.    the manner in which you determined the number of DACA recipients;

    b.    the manner in which you determined the individuals are DACA recipients;

    c.    the documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;

    d.    the number of DACA recipients who attend public colleges or universities;

    e.    the number of DACA recipients who attend public K-12 schools;

    f.    the number of DACA recipients who are unaccompanied children (UAC);

    g.    the number of DACA recipients who have received health care not compensated by the patient or an insurer.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to Exhibit 2 to the complaint and Exhibit 15 to the motion for preliminary injunction and the other exhibits attached to and cited in the complaint and motion for preliminary injunction. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 6:**

Identify the number of unaccompanied children (UAC)[1] living in Plaintiff states, by state and year, since June 2012. For each Plaintiff state, please identify:
 a. the total number of UAC;
 b. the total number of UAC who attend public K-12 schools;
 c. the total number of UAC who attend public colleges or universities;
 d. the amount of K-12 education costs each state incurs on UAC;
 e. the amount of higher education costs each state incurs on UAC;
 f. whether Plaintiff states have paid the cost;
 g. the anticipated amount of future costs;
 h. complete factual basis for asserting and computing the above costs; and
 i. all information, documents or other evidentiary material on which such assertions and computations are based.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery and not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to Exhibit 9 attached to their motion for preliminary injunction. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

---

[1] The term "unaccompanied children" can refer to the broader category of any children not in the physical custody of a parent or guardian. For purposes of their response, Plaintiffs assume that this interrogatory seeks information regarding "unaccompanied alien children."

8

**INTERROGATORY NO. 7:**

Identify Plaintiff states' expenditures, by state and year, to provide Emergency Medicaid Services to DACA recipients since June 2012. For each Plaintiff state, please identify:

      a.     the manner in which you determined the number of DACA recipients who receive Emergency Medicaid services;

      b.     the manner in which you determined the individuals are or were DACA recipients; and

      c.     all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the Emergency Medical Services costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those costs are based, to the extent that any additional information exists. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 8:**

Identify Plaintiff states' expenditures, by year, to provide benefits under the Texas Children's Health Insurance Program (CHIP) Perinatal Coverage program to DACA recipients since 2012 and identify:

      a.     the manner in which you determined the number of DACA recipients who receive benefits under the CHIP Perinatal Coverage program;

      b.     the manner in which you determined the individuals are or were DACA recipients; and

      c.     all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the Texas Children's Health Insurance Program costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those costs are based, to the extent that any additional information exists. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 9:**

Identify Plaintiff states' expenditures, by year, to provide benefits under Texas's Family Violence Program to DACA recipients since 2012 and identify:

    a.    the manner in which you determined the number of DACA recipients who receive benefits under Texas's Family Violence Program;

    b.    the manner in which you determined the individuals are or were DACA recipients; and

    c.    all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the Texas Family Violence Program costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those costs are based, to the extent that any additional information exists. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 10:**

Identify each and every incident in Plaintiff states, by state and year, in which you contend that a DACA recipient was involved in the commission of a crime since 2012. For each such incident, please identify:

    a.    the name of the DACA recipient;

    b.    all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;

    c.    the crime which the DACA recipient was charged;

    d.    the court in which the DACA recipient was prosecuted;

    e.    whether the DACA recipient was convicted, and if so, of what crime or crimes; and

    f.    any information, documents or other evidentiary material related to the alleged crime, the identity of the victim or victims, and the conviction, if any.

**RESPONSE:**

        Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

        Subject to and without waiving their objections, the law enforcement costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

        Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 11:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and crime in any of the Plaintiff states, by state, or in any other part of the United States since June 2012. For any such study or report, please identify:
      a.     the date you requested it;
      b.     the date you obtained it;
      c.     the author(s);
      d.     the person or entity who commissioned it;
      e.     the person or entity who paid for or is responsible for paying for it; and

**RESPONSE:**

    Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

    Subject to and without waiving their objections, the law enforcement costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

    Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

13

**INTERROGATORY NO. 12:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of education to residents in Plaintiff states, by state, since June 2012. For any such study or report, please identify:
        a.     the date you requested it;
        b.     the date you obtained it;
        c.     the author(s);
        d.     the person or entity who commissioned it; and
        e.     the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the education costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

14

**<u>INTERROGATORY NO. 12:</u>**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of healthcare services to residents in Plaintiff states, by state since June 2012. For any such study or report, please identify:

        a.     the date you requested it;
        b.     the date you obtained it;
        c.     the author(s);
        d.     the person or entity who commissioned it; and
        e.     the person or entity that paid for or is responsible for paying for it.

**<u>RESPONSE:</u>**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, the health care costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 13:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of law enforcement services to residents in Plaintiff states, by state, since June 2012. If so, for each study or report, please identify:
    a. the date you requested it;
    b. the date you obtained it;
    c. the author(s);
    d. the person or entity who commissioned it; and
    e. the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

    Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

    Subject to and without waiving their objections, the law enforcement costs incurred by Plaintiffs upon which their motion for preliminary injunction relies are detailed in the complaint, the motion for preliminary injunction, and the exhibits attached to and cited in those documents. Plaintiffs will disclose any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

    Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 14:**

    For each interrogatory, identify each person answering the interrogatory, supplying any information relied upon in answering the interrogatory, or assisting in any manner with the preparation of answering the interrogatory.

**RESPONSE:**

    Plaintiffs object to this request. It seeks information that is outside the scope of limited expedited discovery and not relevant to the preliminary injunction hearing.

## INTERROGATORY NO. 15:

Identify each employer who hired a DACA recipient instead of a U.S. citizen because of the employer penalty pursuant to The Patient Protection and Affordable Care Act.

## RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery and not in the possession, custody, or control of Plaintiffs

Plaintiffs may supplement this response as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENOR'S SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 2:**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 4-15.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery and not relevant to the preliminary injunction hearing.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to the documents attached to and cited in the complaint and motion for preliminary injunction. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those documents are based, to the extent that any additional information exists. Plaintiffs will produce any new exhibits they intend to attach to their initial post-discovery brief on June 15, 2018, pursuant to the parties' letter agreement.

Plaintiffs may supplement this response, if necessary, with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.