# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS**

TO:  Defendant-Intervenors, by and through their attorneys of record, Nina Perales, Celina Moreno, Jack Salmon, Ernest I. Herrera, Alejandra Avila, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; Carlos Moctezuma García, García & García, Attorneys at Law P.L.L.C., P.O. Box 4545, McAllen, Texas 78502.

Plaintiff States serve these objections and responses to Defendant-Intervenors' fourth set of interrogatories and requests for production of documents pursuant to the Federal Rules of Civil Procedure.

1

| | |
|---|---|
| June 29, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | /s/ *Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

2

## CERTIFICATE OF SERVICE

I certify that on June 29, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Rachel Wainer Apter
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Rachel.Apter@njoag.gov

/s/ *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## GENERAL OBJECTIONS

At this juncture, the Court has allowed limited expedited discovery for purposes of the preliminary injunction hearing. Although the Federal Rules do not provide a standard for the court to use in evaluating requests for expedited discovery, district courts within the Fifth Circuit typically adopt a "good cause" standard. *See, e.g.*, *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (citing *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)). In a "good cause" analysis, courts examine the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc.* 275 F.R.D. at 239 (citations omitted). Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *Id.* Accordingly, the scope of discovery at this phase in the case is narrower than that typically provided under Rule 26.

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are outside the narrow scope of expedited discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs object to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information that

is publicly available or otherwise equally available and/or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Plaintiffs' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

5

# SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' INTERROGATORIES

## INTERROGATORY NO. 16:

Identify each document, study or report that you or any of your expert witnesses prepared, obtained, requested, or relied on relating to the projection of student growth in Texas public schools for the upcoming school year. For any such study or report, please identify:
- a. the date you requested it;
- b. the date you obtained it;
- c. the author(s);
- d. the person or entity who commissioned it; and
- e. the person or entity that paid for or is responsible for paying for it.

## RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to Exhibit 9 to the motion for preliminary injunction, other applicable exhibits attached to and cited in the complaint and motion for preliminary injunction, and documents produced by the Plaintiffs in this litigation (including documents being contemporaneously produced with these responses).

Plaintiffs may supplement this response, if necessary, as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

**INTERROGATORY NO. 17:**

Identify the number of Texas public school students, elementary through high school, by grade or program, who are currently enrolled in bilingual education or english as a second language (ESL) programs and identify:
a.  the manner in which you determined the number of bilingual education or ESL students; and
b.  all information, documents or other evidentiary material upon which you rely to support your conclusion that each such individual is a receiving bilingual education or ESL programming.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to publicly available English Language Learner student reports provided by the Texas Education Agency ("TEA"), including reports available at https://rptsvr1.tea.texas.gov/adhocrpt/adlepcg.html. These reports reflect the following student counts as of October 27, 2017, by grade and program, for the 2017–2018 school year:

| Grade | ESL Students | Bilingual Education Students |
|---|---|---|
| 1 | 29,285 | 79,777 |
| 2 | 28,378 | 78,303 |
| 3 | 29,025 | 76,997 |
| 4 | 26,723 | 69,489 |
| 5 | 26,770 | 60,872 |
| 6 | 58,821 | 9,660 |
| 7 | 58,531 | 2,292 |
| 8 | 49,985 | 1,609 |
| 9 | 48,983 | 720 |
| 10 | 36,667 | 407 |
| 11 | 28,032 | 294 |
| 12 | 21,348 | 227 |
| Early education | 29 | 82 |
| Kindergarten | 26,556 | 75,250 |
| Pre-kindergarten | 21,508 | 69,352 |

The above-referenced figures are based on data reported to TEA by Texas public school districts through the Public Education Information Management System.

7

Plaintiffs may supplement this response, if necessary, as expedited discovery proceeds and with additional information once this case proceeds to the normal discovery period after the Court's ruling on the motion for preliminary injunction.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 6:

Please produce the Texas Education Agency Foundation School Program Monthly Activity/Projection Strategies A.1.1 and A.1.2 chart for March to May 2018. The February 2018 chart was produced by Plaintiffs at bates number STATES000052.

### RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery and not relevant to the preliminary injunction hearing.

Subject to and without waiving their objections, Plaintiffs will produce non-privileged documents within the scope of Rule 26 of the Federal Rules of Civil Procedure on a rolling basis.

### REQUEST FOR PRODUCTION NO. 7:

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 16-17.

### RESPONSE:

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of limited expedited discovery and not relevant to the preliminary injunction hearing.

Subject to and without waiving their objections, Plaintiffs will produce non-privileged documents within the scope of Rule 26 of the Federal Rules of Civil Procedure on a rolling basis.