# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS; | ) |
| *Plaintiffs,* | ) |
| vs. | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| and | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendant-Intervenors.* | ) |

## PLAINTIFFS' INITIAL DISCLOSURES

**TO:** Federal Defendants, by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P. O. Box 868, Washington, DC 20044;

Defendant-Intervenors Karla Perez, et al., by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; and

Defendant-Intervenor the State of New Jersey, by and through its attorney of record, Glenn Moramarco, New Jersey Attorney General's Office, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, 8th Floor, Trenton, New Jersey 08625-0116

Plaintiffs, States of Texas, et al., ("Plaintiffs") agree with Federal Defendants' position that much of this case can be resolved by a review of the administrative record and is therefore exempt from Rule 26's initial disclosure requirements.

However, to the extent that this case involves issues beyond the administrative record, Plaintiffs hereby submit their Initial Disclosures.

Plaintiffs reserve the right to supplement these Disclosures as additional discovery, investigation, and analysis may warrant. Plaintiffs also do not waive any protections provided by the attorney work product protection, attorney-client privilege, or any other applicable privilege, protection, doctrine, or immunity. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these Disclosures; and (2) discovery requests relating to these Disclosures.

| | |
|---|---|
| November 6, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| ALAN WILSON<br>Attorney General of South Carolina | Special Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |

## CERTIFICATE OF SERVICE

I certify that on November 6, 2018, this document was served via electronic mail on all counsel of record.

>*/s/ Todd Lawrence Disher*
>Todd Lawrence Disher

*Plaintiffs' Initial Disclosures*

Page 3 of 4

## PLAINTIFFS' INITIAL DISCLOSURES

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs contend that the controlling issues are legal questions or questions of fact that are not in genuine dispute. To the extent that any factual information is discoverable, the individuals who are likely to have such information are those who Plaintiffs disclosed on their June 6 and June 15, 2018 witness lists as well as the witnesses who submitted declarations in the briefing over Plaintiffs' motion for preliminary injunction. The subject of that information is contained in their declarations, and those individuals can be contacted through the counsel who submitted their testimony.

**B.     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs have provided the documents that they may use to support their claims as exhibits to their motion for preliminary injunction.

**C.     A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs are not seeking to recover monetary damages at this point. For a description of the harm suffered by Plaintiffs because of the subject matter of this lawsuit, Plaintiffs incorporate their First Amended Complaint, briefing on their motion for preliminary injunction, and findings of this Court in its Memorandum Opinion and Order. *See* ECF No. 319.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.