# EXHIBIT 8



The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

February 1, 2019

Todd L. Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX  78711-2548

RE:     *State of Texas, et al. v. USA, et al.,*
        Civil Action No. 1:18-cv-00068

Dear Mr. Disher:

We are in receipt of your November 12, 2018 letter, which you sent in response to our November 7, 2018 letter concerning initial disclosures.  Thank you for clarifying that the November 6, 2018 disclosures served by your office represent all the disclosures made by each and every Plaintiff, and not only the State of Texas.

Defendant-Intervenors seek further clarification about your disclosure of persons and materials Plaintiffs may use to support their claims.

As to persons, Plaintiffs identified "those [individuals] who Plaintiffs disclosed on their June 6 and June 15, 2018 witness lists." Please confirm that those individuals are the following and no others: Leonardo Lopez, Monica Smoot, Kenneth Palinkas, Lloyd Potter, and Donald Deere.

Plaintiffs also identified "the witnesses who submitted declarations in the briefing over Plaintiffs' motion for preliminary injunction."  Defendant-Intervenors cannot discern whether Plaintiffs disclose any individuals other than Mr. Lopez, Ms. Smoot, Mr. Potter, Mr. Deere, and Mr. Palinkas, who all submitted declarations in support of Plaintiffs' motion.  For example, Defendant-Intervenors cannot discern whether Plaintiffs refer to declarants in the *Texas I* joint appendix that Plaintiffs attached to their motion for preliminary injunction.  Plaintiffs' initial disclosure is ambiguous as to whether it includes those individuals, but the Court excluded those declarations from the evidence in this case, *see* Dkt. 318 (citing Dkt. 6 at 332-36, 355-403, 414-21, 474-91), and

January 25, 2019
Page 2 of 2

most of the *Texas I* declarations pertain to states that are not parties to this litigation.  To clarify, please list any individuals who Plaintiffs disclose as "the witnesses who submitted declarations in the briefing over Plaintiffs' motion for preliminary injunction," aside from Mr. Lopez, Ms. Smoot, Mr. Potter, Mr. Deere, and Mr. Palinkas.  If Plaintiffs intended to disclose declarants from the *Texas I* litigation, please also provide the current contact information for those witnesses, and the subjects of discoverable information these individuals are likely to have to support Plaintiffs' claims.

Similarly, Plaintiffs disclosed "exhibits to their motion for preliminary injunction" as the documents and materials Plaintiffs may use to support their claims.  However, exhibits to Plaintiffs' motion include the declarations noted above.  Please clarify whether Plaintiffs' disclosure is intended to include the *Texas I* declarations.

Sincerely,

*Nina Perales*

Nina Perales