# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) <br> ) <br> ) |
| *Plaintiffs,* | ) <br> ) |
| *vs.* | ) Case No. 1:18-cv-00068 <br> ) |
| UNITED STATES OF AMERICA, ET AL.; | ) <br> ) |
| *Defendants,* | ) <br> ) |
| and | ) <br> ) |
| KARLA PEREZ, ET AL.; | ) <br> ) |
| STATE OF NEW JERSEY, | ) <br> ) |
| *Defendants-Intervenors.* | ) <br> ) |

**PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIRST SET OF DISCOVERY REQUESTS**

TO:  Defendant-Intervenors, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205.

Plaintiff States serve these first amended objections and responses to Defendant-Intervenors' first set of interrogatories and requests for production of documents pursuant to the Federal Rules of Civil Procedure.

1

| | |
|---|---|
| November 12, 2018 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY STARR<br>Deputy First Assistant Attorney General |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation |
| ALAN WILSON<br>Attorney General of South Carolina | /s/ *Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| PATRICK MORRISEY<br>Attorney General of West Virginia | Trial Counsel for Civil Litigation<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| | ADAM ARTHUR BIGGS<br>Special Counsel for Civil Litigation |
| | ADAM N. BITTER<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

2

## CERTIFICATE OF SERVICE

I certify that on November 12, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Glenn.Moramarco@law.njoag.gov

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas

**COUNSEL FOR PLAINTIFF STATES**

## **GENERAL OBJECTIONS**

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are outside the scope of discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs object to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information that is publicly available or otherwise equally available or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Plaintiffs' right to introduce or

object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

### RESPONSE:

Plaintiff States will support their claims with factual declarations from the following individuals, who can be contacted through Plaintiff States' undersigned counsel. The subjects of their testimony can be found in the declarations attached to Plaintiff States' complaint and motion for preliminary injunction briefing.

Leonardo R. Lopez
Associate Commissioner for School Finance/Chief School Finance Officer
Texas Education Agency

Monica Smoot
Chief Data and Analytics Officer
Center for Analytics and Decision Support
Texas Health and Human Services Commission

Dr. Donald Deere
Senior Economist
Welch Consulting

Dr. Lloyd Potter
Texas State Demographer

Kenneth Palinkas
President of Local 0235
American Federation of Government Employees, AFL-CIO

Plaintiff States will also support their claims with information from the fact and expert witnesses who provided evidence on behalf of Defendants, Defendant-Intervenors, and the third parties who submitted amicus briefs regarding Plaintiff States' motion for preliminary injunction. Plaintiff States refer Defendant-Intervenors to Plaintiffs' Initial Disclosures, served on the parties on November 6, 2018.

**INTERROGATORY NO. 2**

Please provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiffs and that Plaintiffs may use to support their claims or defenses, unless solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

**RESPONSE:**

Plaintiffs refer Defendant-Intervenors to the exhibits attached to and cited in Plaintiffs' complaint and briefing on their motion for preliminary injunction. Plaintiffs also refer Defendant-Intervenors to Plaintiffs' Initial Disclosures, served on the parties on November 6, 2018.

**INTERROGATORY NO. 3**

Please provide a computation of any financial harm that Plaintiffs claim to result from the implementation of DACA, and identify the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of financial harm suffered. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55.

Subject to and without waiving their objections, the Plaintiff States have suffered financial harm from the implementation of DACA, as this program has incentivized unlawfully present aliens, who would otherwise be unlawfully present and unauthorized to work without DACA, to remain in the Plaintiff States. Plaintiff States incorporate into this response the discussion of the financial harms contained in their complaint, briefing on their motion for preliminary injunction, and the exhibits attached thereto. As the Court has already held, the financial harm has been quantified in a variety of ways. ECF No. 319 at 48-55. For example, Texas has spent more than $375,000,000 over the past eleven years providing emergency Medicaid services to unlawfully present aliens, which encompasses DACA recipients. ECF No. 319 at 48; ECF No. 7 at 28. One of the Defendant-Intervenors' experts, Ray Perryman, acknowledged that Texas incurs more than $250,000,000 in total direct costs from DACA recipients per year. ECF No. 219, Ex. 1 at 4. It is also virtually certain that at least some DACA recipients in Texas—totaling over 125,000 as of September 2017— utilize the emergency Medicaid services throughout the State. ECF No. 319 at 51; ECF No. 1, Ex. 2 at 2. In addition, a survey conducted by one of the Defendant-Intervenors' other experts shows that 43% of DACA recipients are not covered by employer-based, private health insurance, meaning this percentage of DACA recipients are likely reliant on emergency Medicaid and community-based uncompensated care. ECF No. 319 at 51; ECF No. 225, Ex. 3 at 121.

# **SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIRST SET OF REQUESTS FOR PRODUCTION**

## **REQUEST FOR PRODUCTION NO. 1**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' interrogatories.

## **RESPONSE:**

Plaintiffs refer Defendant-Intervenors to the documents attached to and cited in Plaintiffs' complaint and motion for preliminary injunction. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control upon which those documents are based, to the extent that any additional information exists.