# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, ET AL.;<br>*Plaintiffs,*<br>*vs.*<br>UNITED STATES OF AMERICA, ET AL.;<br>*Defendants,*<br>*and*<br>KARLA PEREZ, ET AL.;<br>STATE OF NEW JERSEY,<br>*Defendants-Intervenors.* | Case No. 1:18-cv-00068 |

**PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SECOND SET OF DISCOVERY REQUESTS**

TO: Defendant-Intervenors, by and through their attorneys of record, Nina Perales, Celina Moreno, Jack Salmon, Alejandra Avila, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; Carlos Moctezuma García, García & García, Attorneys at Law P.L.L.C., P.O. Box 4545 McAllen, Texas 78502.

Plaintiff States serve these first amended objections and responses to Defendant-Intervenors' second set of interrogatories and requests for production of documents pursuant to the Federal Rules of Civil Procedure.

November 12, 2018

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFF LANDRY
Attorney General of Louisiana

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Special Counsel for Civil Litigation

ADAM N. BITTER
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2018, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Glenn.Moramarco@law.njoag.gov

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas

**COUNSEL FOR PLAINTIFF STATES**

**GENERAL OBJECTIONS**

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are outside the scope of discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs object to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information that is publicly available or otherwise equally available or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Plaintiffs' right to introduce or

object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

**SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 4:**

Identify all costs that Plaintiffs, by state and year, have incurred since June 2012 or expect to incur in the future, with respect to providing goods, support and/or services to DACA recipients living in Plaintiff states. With respect to each cost identify:

a. the category of the cost;
b. the amount of the cost;
c. whether Plaintiff states have paid the cost;
d. the anticipated amount of future costs;
e. the complete factual basis for asserting and computing the above costs; and
f. all information, documents or other evidentiary material on which such assertions and computations are based.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55.

Subject to and without waiving their objections, Plaintiff States have incurred costs to provide goods, support, and/or services to DACA recipients living in Plaintiff States. Plaintiff States incorporate into this response the discussion of their costs contained in their complaint, briefing on their motion for preliminary injunction, and the exhibits attached thereto. For example, Texas has spent more than $375,000,000 over the past eleven years providing emergency Medicaid services to unlawfully present aliens, which encompasses DACA recipients. ECF No. 7 at 28; ECF No. 319 at 48. One of the Defendant-Intervenors' experts, Ray Perryman, opined that Texas incurs more than $250,000,000 in total direct costs from DACA recipients per year. ECF No. 219, Ex. 1 at 4. It is also virtually certain that at least some DACA recipients in Texas—totaling over 125,000 as of September 2017—utilize the emergency Medicaid services throughout the State. ECF No. 319 at 51; ECF No. 1, Ex. 2 at 2. A

survey conducted by one of the Defendant-Intervenors' other experts shows that 43% of DACA recipients are not covered by employer-based, private health insurance, meaning this percentage of DACA recipients is likely reliant on emergency Medicaid and community-based uncompensated care. ECF No. 319 at 51; ECF No. 225, Ex. 3 at 121.

**INTERROGATORY NO. 5:**

Identify the number of DACA recipients living in Plaintiff states, by state and year, since June 2012. For each Plaintiff state, please identify:

a. the manner in which you determined the number of DACA recipients;
b. the manner in which you determined the individuals are DACA recipients;
c. the documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;
d. the number of DACA recipients who attend public colleges or universities;
e. the number of DACA recipients who attend public K-12 schools;
f. the number of DACA recipients who are unaccompanied children (UAC);
g. the number of DACA recipients who have received health care not compensated by the patient or an insurer.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, the estimated number of people actually enrolled in DACA across the country varies according to each expert. According to Douglas S. Massey, there are 814,000 people registered for DACA. ECF No. 225, Ex. 73 at 7. According to Ray Perryman, there were 693,850 persons across the country enrolled in DACA as of March 31, 2018. ECF No. 225, Ex. 74 at 6. A chart showing the number of DACA applications that originated in each State can be found at Exhibit 2 of Plaintiff States' Original Complaint. ECF No. 1, Ex. 2 at 2.

**INTERROGATORY NO. 6:**

Identify the number of unaccompanied children (UAC)[1] living in Plaintiff states, by state and year, since June 2012. For each Plaintiff state, please identify:

a. the total number of UAC;
b. the total number of UAC who attend public K-12 schools;
c. the total number of UAC who attend public colleges or universities;
d. the amount of K-12 education costs each state incurs on UAC;
e. the amount of higher education costs each state incurs on UAC;
f. whether Plaintiff states have paid the cost;
g. the anticipated amount of future costs;
h. complete factual basis for asserting and computing the above costs; and
i. all information, documents or other evidentiary material on which such assertions and computations are based.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery and not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving their objections, Plaintiffs refer Defendant-Intervenors to Exhibit 9 attached to their motion for preliminary injunction.

[1] The term "unaccompanied children" can refer to the broader category of any children not in the physical custody of a parent or guardian. For purposes of their response, Plaintiffs assume that this interrogatory seeks information regarding "unaccompanied alien children."

**INTERROGATORY NO. 7:**

Identify Plaintiff states' expenditures, by state and year, to provide Emergency Medicaid Services to DACA recipients since June 2012. For each Plaintiff state, please identify:

a. the manner in which you determined the number of DACA recipients who receive Emergency Medicaid services;

b. the manner in which you determined the individuals are or were DACA recipients; and

c. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Emergency Medicaid services. Texas alone has spent more than $375,000,000 over the past eleven years providing Emergency Medicaid services to unlawfully present aliens, including DACA recipients. ECF No. 7 at 28; ECF No. 319 at 48. It is also virtually certain that at least some DACA recipients in Texas—totaling over 125,000 as of September 2017—utilize the emergency Medicaid services throughout the State. ECF No. 319 at 51; ECF No. 1, Ex. 2 at 2. In addition, a survey conducted by one of the Defendant-Intervenors' experts shows that 43% of DACA recipients are not covered by employer-based, private health insurance, meaning this percentage of DACA recipients are likely reliant on emergency Medicaid and community-based uncompensated care. ECF No. 319 at 51; ECF No. 225, Ex. 3 at 121. 2016 NHIS data indicates that DACA-type

adults who are not working have a 19 percent probability of using emergency room care. ECF No. 319 at 51 (citing Declaration of Leighton Ku ¶ 50).

**INTERROGATORY NO. 8:**

Identify Plaintiff states' expenditures, by year, to provide benefits under the Texas Children's Health Insurance Program (CHIP) Perinatal Coverage program to DACA recipients since 2012 and identify:

a. the manner in which you determined the number of DACA recipients who receive benefits under the CHIP Perinatal Coverage program;
b. the manner in which you determined the individuals are or were DACA recipients; and
c. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Children's Health Insurance Program services to unlawfully aliens, including DACA recipients.

**INTERROGATORY NO. 9:**

Identify Plaintiff states' expenditures, by year, to provide benefits under Texas's Family Violence Program to DACA recipients since 2012 and identify:

a. the manner in which you determined the number of DACA recipients who receive benefits under Texas's Family Violence Program;

b. the manner in which you determined the individuals are or were DACA recipients; and

c. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Family Violence Program services to unlawfully present aliens, including DACA recipients.

**INTERROGATORY NO. 10:**

Identify each and every incident in Plaintiff states, by state and year, in which you contend that a DACA recipient was involved in the commission of a crime since 2012. For each such incident, please identify:

a. the name of the DACA recipient;
b. all information, documents or other evidentiary material upon which you rely to support the conclusion that each such individual is a DACA recipient;
c. the crime which the DACA recipient was charged;
d. the court in which the DACA recipient was prosecuted;
e. whether the DACA recipient was convicted, and if so, of what crime or crimes; and
f. any information, documents or other evidentiary material related to the alleged crime, the identity of the victim or victims, and the conviction, if any.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawfully aliens, including DACA recipients.

**INTERROGATORY NO. 11:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and crime in any of the Plaintiff states, by state, or in any other part of the United States since June 2012. For any such study or report, please identify:

a. the date you requested it;
b. the date you obtained it;
c. the author(s);
d. the person or entity who commissioned it;
e. the person or entity who paid for or is responsible for paying for it; and

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawfully aliens, including DACA recipients.

**INTERROGATORY NO. 12:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of education to residents in Plaintiff states, by state, since June 2012. For any such study or report, please identify:

a. the date you requested it;
b. the date you obtained it;
c. the author(s);
d. the person or entity who commissioned it; and
e. the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. Further, as the Court has already acknowledged, the Fifth Circuit has rejected any offsetting-benefit theory to defeat standing. ECF. No. 319 at 54.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing education to unlawfully present aliens, including DACA recipients.

The Plaintiff States also note that the continued existence of DACA compels states like Texas to expend funds, including in education, that it would not otherwise be compelled to spend. For instance, many DACA recipients and several of the Defendant-Intervenors went to public school in Texas, each of which costs the State of Texas thousands of dollars per year. ECF No. 319 at 106-107.

**INTERROGATORY NO. 12:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of healthcare services to residents in Plaintiff states, by state since June 2012. For any such study or report, please identify:

a. the date you requested it;
b. the date you obtained it;
c. the author(s);
d. the person or entity who commissioned it; and
e. the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. Further, as the Court has already acknowledged, the Fifth Circuit has rejected any offsetting-benefit theory to defeat standing. ECF. No. 319 at 54.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing healthcare services to unlawfully present aliens, including DACA recipients. Plaintiffs also refer Defendant-Intervenors to their response to Interrogatory No. 4 identifying certain costs incurred by Texas in providing healthcare services to unlawfully present aliens.

**INTERROGATORY NO. 13:**

Identify each study or report that you prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of law enforcement services to residents in Plaintiff states, by state, since June 2012. If so, for each study or report, please identify:

a. the date you requested it;
b. the date you obtained it;
c. the author(s);
d. the person or entity who commissioned it; and
e. the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. To establish standing, Plaintiff States must only show *some* injury. ECF No. 319 at 50; *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("To be sure, OCA's injury was not large. But the injury alleged as an Article III injury-in-fact need not be substantial; 'it need not measure more than "identifiable trifle."' This is because 'the injury in fact requirement under Article III is qualitative, not quantitative, in nature.'"). As the Court has already acknowledged, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See* ECF No. 319 at 30-55. Further, as the Court has already acknowledged, the Fifth Circuit has rejected any offsetting-benefit theory to defeat standing. ECF. No. 319 at 54.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law enforcement services to unlawfully present aliens, including DACA recipients. Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control relating to this request, to the extent that any additional information exists.

**INTERROGATORY NO. 14:**

For each interrogatory, identify each person answering the interrogatory, supplying any information relied upon in answering the interrogatory, or assisting in any manner with the preparation of answering the interrogatory.

**RESPONSE:**

Plaintiffs object to this request. It seeks information that is outside the scope of discovery and not relevant to Plaintiffs' claims.

**INTERROGATORY NO. 15:**

Identify each employer who hired a DACA recipient instead of a U.S. citizen because of the employer penalty pursuant to The Patient Protection and Affordable Care Act.

**RESPONSE:**

Plaintiffs object to this request. It is overly broad and unduly burdensome. It seeks information that is outside the scope of discovery. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." ECF No. 319 at 51.

Subject to and without waiving their objections, Plaintiffs incorporate into this response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents. The implementation of DACA has injured the economic well-being of citizens of Texas as these citizens are forced to compete in distorted labor markets making it more difficult for citizens to obtain a job. This is supported by the fact that DACA recipients receive work authorization under the program, adding 683,000 individuals nationwide and 112,000 individuals in Texas to the labor market. ECF No. 319 at 38; ECF No. 7, Ex. 11 at 92. DACA recipients also have a competitive advantage over non-DACA individuals being hired by employers with fifty or more employees, as the employers do not have to pay the cost of providing coverage to the DACA recipient, yet the employer has to do so for non-DACA employees. ECF No. 319 at 39. One of Defendant-Intervenor New Jersey's experts, Ike Brannon, bolstered this theory in saying that low-skilled DACA recipients "would increase competition with other people who are citizens who are also competing for low skilled jobs. ECF No. 319 at 39; ECF No. 289, Ex. 3 at 141.

The record in this case has also shown that some DACA recipients have been selected over other candidates for highly competitive positions. ECF No. 319 at 39. For instance, Defendant-Intervenor Esther Jeon was selected over other applicants for positions in Harvard University's Financial Aid Initiative and its Office of Equity, Diversity, and Inclusion. ECF No. 219, Ex. 19 at 5-6. Many businesses have indicated to the Court they would hire non-DACA employees if the program ended as they would have to fill positions now occupied by dreamers. ECF No. 319 at 39; ECF No. 205, Ex. 1 at 18. In addition, New Jersey businesses informed the Court they would face an estimated $6.3 billion in costs to replace DACA recipients if they were to lose their DACA status. ECF No. 204, Ex.1 at 18. This market imbalance undoubtedly supports Plaintiff States' claim that an injury to the economic well-being of citizens and other lawfully present workers exists, and the economic well-being of the Plaintiff States' residents is a quasi-sovereign interest sufficient to support standing. ECF No. 319 at 40.

**SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SECOND SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 4-15.

**RESPONSE:**

Plaintiffs refer Defendant-Intervenors to the documents attached to and cited in the complaint and motion for preliminary injunction and the documents already produced to Defendant-Intervenors.