# EXHIBIT 14



The Latino Legal Voice for Civil Rights in America.

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

February 1, 2019

Todd L. Disher
Special Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548

   RE: *Texas, et al. v. USA, et al.*, No. 1:18-cv-00068

Dear Mr. Disher:

   I write on behalf of Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") regarding Plaintiffs' responses and objections to Defendant-Intervenors' Second Set of Discovery Requests.

   Based on our review of Plaintiffs' objections and responses, and in light of the Court's denial of Plaintiffs' motion for preliminary injunction and entry of a Rule 16 scheduling order, Plaintiffs' objections and responses to Interrogatories Nos. 4–15 are deficient, and Plaintiffs' responses require supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party . . . who has responded to an interrogatory[ or] request for production . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

   Attached please find Defendant-Intervenors' detailed description of the deficiencies of each response and objection offered by Plaintiffs as to these discovery requests. *See* Attachment A. Please provide amended answers to Interrogatories Nos. 4–15.

Sincerely,

*Jack Salmon*

Jack Salmon
Staff Attorney

February 1, 2019
Page 2 of 27

**ATTACHMENT A**
**DEFICIENCIES IN PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES**
**TO DEFENDANT-INTERVENORS' SECOND SET OF DISCOVERY REQUESTS**

<u>INTERROGATORY NO. 4</u>

- This Interrogatory is directed to each Plaintiff, and asks each Plaintiff to identify costs incurred with respect to providing goods, support and/or services to DACA recipients living in each Plaintiff state.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Plfs.' First Am. Objs. and Resps. to Def.-Ints.' Second Set of Disc. Reqs. [hereinafter "Resps."] at 6. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso v. Agrigenetics, Inc.*, No. B-04-005, 2004 WL 2668801, at *2 (S.D. Tex. Nov. 15, 2004) ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Texas v. United States*, 809 F.3d 134, 155–165 (5th Cir. 2015). The Interrogatory is also relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 616 (5th Cir. 2017). The scope of the injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

- Plaintiffs assert they "are not seeking monetary relief," that "[t]o establish standing, Plaintiff States must only show *some* injury," and that they "have clearly shown" injury to establish standing. Resps. at 6 (emphasis original). However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—

February 1, 2019
Page 3 of 27

and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 6. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] . . . the discussion of their costs contained in their complaint, briefing on their motion for preliminary injunction, and the exhibits attached thereto." Resps. at 6. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify costs *by each Plaintiff*. However, Plaintiffs provide only an "example" of costs incurred by the State of Texas. Resps. at 6. Defendant-Intervenors did not request an example of costs by only one of the ten Plaintiffs in the case, and Plaintiffs' answer is therefore incomplete. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each Plaintiff. *See* Fed. R. Civ. P. 33(b); *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 WL 223211, at *7 (S.D. Tex. Jan. 17, 2014) (ordering verification by all plaintiffs on penalty of dismissal); *Martinez v. Salazar*, No. 1:14-CV-00534 KG/WPL, 2015 WL 13638319, at *2 (D.N.M. Apr. 28, 2015) ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank v. Fulton*

*Bank*, No. 89-2871, 1989 WL 149941, at *1 (E.D. Pa. Dec. 11, 1989) ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 5

- This Interrogatory asks Plaintiffs to identify the number of DACA recipients living in each Plaintiff state, the manner in which this number was determined, and, for each state, the number of DACA recipients enrolled in public colleges and universities, the number who attend K-12 schools, the number who are unaccompanied children, and the number who have received health care not compensated by the patient or an insurer.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 7. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61; *Texas*, 809 F.3d at 155–165. The Interrogatory is also relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. The scope of the injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among othethings, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." Resps. at 7 (quoting Dkt. 319, at 51). This statement does not prove burden or overbreadth. Plaintiffs' assertion is also not pertinent. The Interrogatory requests numbers by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 7. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580

("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify the number of DACA recipients *in each Plaintiff state by year*, and to further identify *for each Plaintiff state* information related to the number of DACA recipients. However, Plaintiffs do not identify the requested breakdowns. Instead, Plaintiffs purport to summarize expert testimony on the numbers of DACA recipients nationwide, without identifying any specific number of DACA recipients, let alone provide the additional numbers for each Plaintiff state, as requested by the Interrogatory and its subparts.

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 6

- This Interrogatory asks Plaintiffs to identify the number of unaccompanied children living in Plaintiff states, the number of those children who attend K-12 schools and public colleges and universities, and the costs of education borne by the states. Plaintiffs correctly read the term "unaccompanied children" to refer to "unaccompanied alien children." *See* Resps. at 8 n.1.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 8. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

February 1, 2019
Page 6 of 27

- Plaintiffs also object that the information is not in the possession, custody, or control of Plaintiffs. This is not a valid objection. *See Brown v. Bridges*, No. 3:12-CV-4947-P, 2013 WL 11842015, at *7 (N.D. Tex. Aug. 26, 2013); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010). Federal Rule of Civil Procedure 33(b)(1)(B) requires a government agency, in response to an interrogatory, to "furnish the information available to the party." The term "available" is not synonymous with "custody, possession, or control." *See Thomas*, 715 F. Supp. 2d at 1032.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 8. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "refer[ring] Defendant-Intervenors to Exhibit 9 attached to [Plaintiffs'] motion for preliminary injunction." Resps. at 8. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records only in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*. However, Plaintiffs' referenced exhibit does not address all of the specific Interrogatory subparts, and the response does not address inquiries with respect to any Plaintiff other than Texas. Including because the Interrogatory sought information about *all* Plaintiffs, rather than just Texas, Plaintiffs' answer is incomplete, and amounts to a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

February 1, 2019
Page 7 of 27

<u>INTERROGATORY NO. 7</u>

- This Interrogatory asks Plaintiffs to identify state expenditures on Emergency Medicaid Services to DACA recipients by state and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 9.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61; *Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.  Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at  9 (emphasis original).  Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.*  However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.")

February 1, 2019
Page 8 of 27

(emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 9 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Plaintiffs' assertion is also not pertinent.  The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 9.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Emergency Medicaid services."  Resps. at 9.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath"); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also evasive and incomplete because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify expenditures *by each Plaintiff* to provide Emergency Medicaid Services to DACA recipients, and to further identify information related to that breakdown.  However, Plaintiffs only provide information about Emergency Medicaid Services to all undocumented immigrants in Texas, and no other Plaintiff States, do not provide answers to all Interrogatory subparts, and purport to summarize exhibits which concern different calculations and other information.

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

February 1, 2019
Page 9 of 27

<u>INTERROGATORY NO. 8</u>

- This Interrogatory asks Plaintiffs to identify state expenditures to provide benefits under the Texas Children's Health Insurance Program (CHIP) Perinatal Coverage to DACA recipients and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 10.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged expenditures to provide healthcare to DACA recipients, including alleged expenditures by the State of Texas on CHIP Perinatal Coverage.  *See, e.g.*, Dkt. 104 ¶¶ 228–231; Dkt. 5, at 23.  Defendant-Intervenors contest standing based on expenditures for healthcare, including CHIP Perinatal Coverage, and facts going to injury for providing such healthcare to DACA recipients and traceability of these alleged expenditures to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at 10 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("a party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made

a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." Resps. at 10 (quoting Dkt. 319, at 51). This statement does not prove burden or overbreadth. Plaintiffs' assertion is also not pertinent. The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 10. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Children's Health Insurance Program services to unlawfully [sic] aliens, including DACA recipients." Resps. at 10. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has

the information provided.").

<u>INTERROGATORY NO. 9</u>

- This Interrogatory asks Plaintiffs to identify state expenditures to provide benefits under Texas's Family Violence Program to DACA recipients and the manner in which the identifications were made.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 11. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged expenditures caused by DACA, including alleged expenditures by the State of Texas on Family Violence Program services. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5, at 23. Defendant-Intervenors contest standing based on state expenditures, including Family Violence Program services, and facts going to injury for providing such services to DACA recipients and traceability of these alleged expenditures to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 11 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery

February 1, 2019
Page 12 of 27

simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 11 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Plaintiffs' assertion is also not pertinent.  The Interrogatory requests information by state; it does not concern particular individuals.

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 11.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing Texas Family Violence Program services to unlawfully present aliens, including DACA recipients."  Resps. at 11.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering

February 1, 2019
Page 13 of 27

verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

INTERROGATORY NO. 10

- This Interrogatory asks Plaintiffs to identify each and every incident in which Plaintiffs contend that a DACA recipient was involved in the commission of a crime.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 12. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." Resps. at 12 (quoting Dkt. 319, at 51). This statement does not prove burden or overbreadth. Nevertheless, Defendant-Intervenors offer the compromise that Defendant-Intervenors limit their request to statewide numbers as follows:

  **INTERROGATORY NO. 10**

  Identify the number of DACA recipients living in Plaintiff states, by state and year, since June 2012, who you contend have been involved in the commission of a crime. For each Plaintiff state, please identify:
      a.  the number of times a particular crime was charged and the number of convictions for each crime;
      b.  the number of times DACA recipients were charged in a particular court;
      c.  the manner in which you determined the number of such DACA recipients;
      d.  the manner in which you determined the individuals are or were DACA recipients; and

February 1, 2019
Page 14 of 27

      e.  all information, documents or other evidentiary material upon
which you rely to support the conclusion that each such individual
is or was a DACA recipient.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged law enforcement costs caused by DACA. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21. Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 12 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not relieve them of their requirement to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 12. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporating] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits

February 1, 2019
Page 15 of 27

attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawful aliens, including DACA recipients."  Resps. at 12.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also incomplete and therefore insufficient because it does not address all the Interrogatory subparts.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also insufficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 11

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and crime.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 13.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information

regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA. *See Lujan*, 504 U.S. at 560–61. Plaintiffs assert standing based on alleged law-enforcement costs caused by DACA. *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21. Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis. *See Texas*, 809 F.3d at 155–165. Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief. Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs. *See OCA-Greater Houston*, 867 F.3d at 616. Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction. *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury." Resps. at 13 (emphasis original). Plaintiffs further assert that they "have clearly shown" injury to establish standing. *Id.* However, Plaintiffs' choice of relief does not eliminate their obligation to respond fully to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial. *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."). Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing. The Court made only a preliminary determination for the purpose of deciding the preliminary injunction. *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections." Resps. at 13. This language is evasive and is not allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law-enforcement services related to unlawfully [sic] aliens, including DACA recipients." Resps. at 14. However, general references to filings in this case amount to an evasive and incomplete response. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also*

February 1, 2019
Page 17 of 27

Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown.  Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 12

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of education to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 14.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged

education costs caused by DACA.  *See*, *e.g.*, Dkt. 104 ¶¶ 228, 233–34; Dkt. 5 at 22–23.
Defendant-Intervenors contest standing based on state expenditures for education caused
by DACA, and facts going to whether any such costs have been incurred and traceability
of such costs to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–
165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope
of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because
injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater
Houston*, 867 F.3d at 616.   Injury to each Plaintiff is also relevant because Plaintiffs seek
permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full
discovery record, among other things, irreparable harm, that the balance of harms favors
Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto
Co.*, 561 U.S. at 156–57.

- Plaintiffs assert they "are not seeking monetary relief" and that "[t]o establish standing,
  Plaintiff States must only show *some* injury."  Resps. at 14 (emphasis original).  Plaintiffs
  further assert that they "have clearly shown" injury to establish standing.  *Id.*  However,
  Plaintiffs' choice of relief does not eliminate their obligation to respond fully to
  discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they
  will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party
  cannot refuse to engage in—and is not excused from being subjected to—discovery
  simply because the discovery is relevant to a claim on which the resisting party believes
  that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made
  a final determination on standing.  The Court made only a preliminary determination for
  the purpose of deciding the preliminary injunction.  *See*, *e.g.*, Dkt. 319 at 31 ("*At the
  preliminary injunction stage*, satisfying this burden [of proving standing] requires the
  State to make a clear showing that they have standing to maintain the preliminary
  injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a
  sufficient showing of injury for purposes of demonstrating standing *at this stage*.")
  (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without
  waiving their objections."  Resps. at 14.  This language is evasive and is not allowed by
  the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580
  ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is
  manifestly confusing (at best) and misleading (at worse), and has no basis at all in the
  Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond to this Interrogatory by "incorporat[ing] into [their] response their
  complaint, the briefing on their motion for preliminary injunction, and the exhibits
  attached to and cited in those documents, which identify costs that Plaintiffs have
  incurred in providing education to unlawfully present aliens, including DACA
  recipients."  Resps. at 14.  However, general references to filings in this case amount to
  an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must
  "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P.
  33(d)(1) (allowing a party to respond to an interrogatory by specifying business records
  in limited situations and requiring the party to "specif[y] the records that must be

reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*.  However, Plaintiffs only provide a broad statement about costs to Texas that does not address the Interrogatory and each of its subparts, and does not break down information by each Plaintiff.  *See* Resps. at 14 ("DACA compels states like Texas to expend funds, including in education, that it would not otherwise be compelled to spend. For instance, many DACA recipients and several of the Defendant-Intervenors went to public school in Texas, each of which costs the State of Texas thousands of dollars per year.").  Plaintiffs' response is  incomplete and amounts to a failure to respond.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 12[1]

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of healthcare services to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 15.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have

---

[1] Defendant-Intervenors propounded two interrogatories labeled "Interrogatory No. 12."

not provided the requisite support for these objections, they are without merit.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged healthcare costs caused by DACA.  *See*, *e.g.*, Dkt. 104 ¶¶ 228, 232, 235; Dkt. 5 at 23.  Defendant-Intervenors contest standing based on state expenditures for healthcare caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.   Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at 15 (emphasis original).  Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.*  However, Plaintiffs' choice of relief does not eliminate their obligation to fully respond to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See*, *e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 15.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing healthcare services to unlawfully present aliens, including DACA recipients."  Resps. at 15.

February 1, 2019
Page 21 of 27

Plaintiffs' likewise, "refer Defendan-Intervenors to their response to Interrogatory No. 4 identifying certain costs incurred by Texas in providing healthcare services to unlawfully present aliens." *Id.* These responses are evasive and amount to a failure to respond. *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because Defendant-Intervenors' Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown. Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete. *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath). All Plaintiffs must provide signatures from the individual or individuals who answered for each state. *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

## INTERROGATORY NO. 13

- This Interrogatory asks Plaintiffs to identify each study or report Plaintiffs prepared, obtained or requested on the correlation, if any, between DACA recipients and the cost, benefit, and/or the quality of law enforcement services to residents in Plaintiff states.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery. *See* Resps. at 16. However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overboard, or outside the scope of discovery. *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). As Plaintiffs have not provided the requisite support for these objections, they are without merit.

February 1, 2019
Page 22 of 27

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged law-enforcement costs caused by DACA.  *See, e.g.*, Dkt. 104 ¶ 228; Dkt. 5 at 21.  Defendant-Intervenors contest standing based on state expenditures for law-enforcement costs caused by DACA, and facts going to whether any such costs have been incurred and traceability of such costs to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  Costs to each Plaintiff related to DACA are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.   Injury to each Plaintiff is also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert that they "are not seeking monetary relief" and that "[t]o establish standing, Plaintiff States must only show *some* injury."  Resps. at 16 (emphasis original).  Plaintiffs further assert that they "have clearly shown" injury to establish standing.  *Id.*  However, Plaintiffs' choice of relief does not eliminate their obligation to fully respond to discovery requests, and Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("*At the preliminary injunction stage*, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted) (emphasis added); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing *at this stage*.") (emphasis added).

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 15.  This language is evasive and is not allowed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs respond by "incorporat[ing] into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents, which identify costs that Plaintiffs have incurred in providing law enforcement services to unlawfully present aliens, including DACA recipients."  Resps. at 16.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered

separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *7 (W.D. Tex. June 10, 2013) (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because the Interrogatory asked Plaintiffs to identify information *by each Plaintiff*, and Plaintiffs do not provide this breakdown.  Plaintiffs' response also does not address all the Interrogatory subparts and is therefore incomplete.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also deficient because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

- Additionally, Defendant-Intervenors cannot discern whether Plaintiffs have provided a full and complete response to this Interrogatory.  Plaintiffs assert:  "Plaintiffs will produce the non-privileged relevant information in their possession, custody, or control relating to this request, to the extent that any additional information exists."  Resps. at 16.  If Plaintiffs make a claim of privilege, please expressly make the claim and provide a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).  Please also confirm that you have furnished all information "available" to Plaintiffs, as required by Federal Rule of Civil Procedure 33(b)(1)(B).  If you have not, please supplement Plaintiffs' response.  The requirement to furnish all information "available" to a party applies regardless of whether information is in a party's "possession, custody, or control."  *Thomas*, 715 F. Supp. 2d at 1032 (explaining that the Rule 33 term "available" is not synonymous with "custody, possession, or control").

## INTERROGATORY NO. 14

- This Interrogatory asks Plaintiffs to identify, for each interrogatory, the persons answering each interrogatory, supplying any information relied upon in answering the interrogatory, or assisting in any manner with the preparation of answering the interrogatory.

- Plaintiffs object to the request on the basis that it is outside the scope of discovery and

February 1, 2019
Page 24 of 27

not relevant to Plaintiffs' claims.  Resps. at 17.  Plaintiffs, however, do not specify how the Interrogatory is not relevant or otherwise outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable.").  An interrogatory that requests the identity of individuals who responded, "is a legitimate, rather standard interrogatory."  *Heller v. City of Dallas*, 303 F.R.D. 466, 481 (N.D. Tex. 2014); *see also Weiner v. City Coll. of City Univ. of New York*, 95 CIV. 10892 (JFK), 1998 WL 474093, at *2–*3 (S.D.N.Y. Aug. 11, 1998) (finding such a request relevant); *Sec. & Exch. Comm'n v. Tome*, 81 CIV. 1836 (MP), 1987 WL 9415, at *2, *4 (S.D.N.Y. Apr. 3, 1987) (same).  Therefore, Plaintiffs' objections are without merit.

## INTERROGATORY NO. 15

- This Interrogatory asks Plaintiffs to identify each employer who hired a DACA recipient instead of a U.S. citizen because of the employer penalty pursuant to The Patient Protection and Affordable Care Act.

- Plaintiffs object to the request on the basis that it is overly broad and unduly burdensome and seeks information that is outside the scope of discovery.  *See* Resps. at 18.  However, Plaintiffs do not support their objections with the necessary affidavits or other evidence describing the nature of the overbreadth or burden, and do not show specifically how the Interrogatory is burdensome, overbroad, or outside the scope of discovery.  *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso*, 2004 WL 2668801, at *2 ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580 ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  As Plaintiffs have not provided the requisite support for these objections, they are without merit.

- Plaintiffs also object on the basis that, "[f]or standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program."  Resps. at 18 (quoting Dkt. 319, at 51).  This statement does not prove burden or overbreadth.  Nevertheless, Defendant-Intervenors offer the compromise that Defendant-Intervenors limit their request to statewide numbers as follows:

  **Interrogatory No. 15**

  Identify the number of employers in Plaintiff states, by state and years, since June 2012 who hired a DACA recipient instead of a U.S. citizen

because of the employer penalty pursuant to the Patient Protection and
Affordable Care Act.  For each Plaintiff state, please identify:

    a.  the manner in which you determined the number of such
        employers;
    b.  the manner in which you determined the individuals hired were
        DACA recipients;
    c.  all information, documents or other evidentiary material upon
        which you rely to support the conclusion that each such individual
        hired was a DACA recipient; and
    d.  the manner in which you determined the individuals not hired were
        U.S. citizens.

- The Interrogatory is relevant to the issue of standing because it seeks information regarding whether each Plaintiff has suffered an injury-in-fact that is fairly traceable to DACA.  *See Lujan*, 504 U.S. at 560–61.  Plaintiffs assert standing based on alleged labor-market distortion caused by DACA.  *See, e.g.*, Dkt. 104 ¶ 240; Dkt. 5, at 25–26.  Defendant-Intervenors contest standing based on labor-market distortion, and facts going to injury of Plaintiff states from labor-market distortion and traceability of alleged distortion to DACA are integral to the standing analysis.  *See Texas*, 809 F.3d at 155–165.  Moreover, the Interrogatory requests discovery relevant to the propriety and scope of injunctive relief.  The existence and extent of any labor-market distortion are relevant because injunctive relief should not exceed the scope of harm to Plaintiffs.  *See OCA-Greater Houston*, 867 F.3d at 616.  The existence and extent of any labor-market distortion are also relevant because Plaintiffs seek permanent injunctive relief, which requires Plaintiffs to prove, on the basis of a full discovery record, among other things, irreparable harm, that the balance of harms favors Plaintiffs, and that the public interest is not disserved by the injunction.  *See Monsanto Co.*, 561 U.S. at 156–57.

- Plaintiffs assert:  "This labor market imbalance undoubtedly supports Plaintiffs States' claim that an injury to the economic well-being of citizens and other lawfully present workers exists, and the economic well-being of the Plaintiff States' residents is a quasi-sovereign interest sufficient to support standing."  Resps. at 18 (citing Dkt. 319, at 40).  However, Plaintiffs cannot refuse discovery based on the belief that they will prevail on the issue of standing at trial.  *See Lopez*, 327 F.R.D. at 581 ("[A] party cannot refuse to engage in—and is not excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail.").  Contrary to Plaintiffs' assertion, the Court has not made a final determination on standing.  The Court made only a preliminary determination for the purpose of deciding the preliminary injunction.  *See, e.g.*, Dkt. 319 at 31 ("At the preliminary injunction stage, satisfying this burden [of proving standing] requires the State to make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted); *id.* at 52 ("This is a sufficient showing of injury for purposes of demonstrating standing at this stage.").

- Following these objections, Plaintiffs provide a response "[s]ubject to and without waiving their objections."  Resps. at 18.  This language is evasive and is not allowed by

the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33; *Lopez*, 327 F.R.D. at 580 ("[R]esponding to interrogatories . . . 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotations omitted).

- Plaintiffs' response is also invalid because Plaintiffs "incorporate into [their] response their complaint, the briefing on their motion for preliminary injunction, and the exhibits attached to and cited in those documents."  Resps. at 18.  However, general references to filings in this case amount to an evasive and incomplete response.  *See* Fed. R. Civ. P. 33(b)(3) (interrogatories must "be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(d)(1) (allowing a party to respond to an interrogatory by specifying business records in limited situations and requiring the party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."); Fed. R. Civ. P. 37(a)(4); *Meltzer/Austin*, 2013 WL 2607589, at *7 (determining that interrogatory response that incorporated references to complaint was insufficient).

- Plaintiffs' response is also deficient because the Interrogatory asks Plaintiffs to identify employers who hired DACA recipients instead of U.S. citizens.  Plaintiffs do not answer this inquiry, but instead respond regarding labor markets generally.  *See* Fed. R. Civ. P. 37(a)(4).

- Plaintiffs' response is also invalid because Plaintiffs have not verified the response.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answer must sign them . . ."); Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to be answered under oath).  All Plaintiffs must provide signatures from the individual or individuals who answered for each state.  *See* Fed. R. Civ. P. 33(b); *Wilson*, 2014 WL 223211, at *7 (ordering verification by all plaintiffs on penalty of dismissal); *Martinez*, 2015 WL 13638319, at *2 ("Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed."); *Krank*, 1989 WL 149941, at *1 ("[I]t is clear that interrogatories may not generally be answered jointly where joint affirmance leaves unclear which party has the information provided.").

February 1, 2019
Page 27 of 27

<u>GENERAL OBJECTIONS</u>

- Plaintiffs also make a number of general objections in connection with all of Defendant-Intervenors' discovery requests.  These boilerplate objections do not comply with the Federal Rules of Civil Procedure, and are therefore insufficient to justify Plaintiffs' deficient answers and production.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Lopez*, 327 F.R.D. at 578 ("General or boilerplate objections are invalid."); *Simon v. State Farm Lloyds*, No. 7:14-CV-251, 2015 WL 12777219, at *4 (S.D. Tex. Apr. 9, 2015) (determining that plaintiff was "flagrantly abusing the discovery process by indiscriminately levying general objections") (internal quotations omitted); *Hall v. Louisiana*, No. 12-657-BAJ-RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("This prohibition against general objections to discovery requests has been long established.").