# EXHIBIT 16

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL.; | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *vs.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, ET AL.; | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| KARLA PEREZ, ET AL.; | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| *Defendants-Intervenors.* | ) | |
| | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT-
INTERVENORS' FIFTH SET OF DISCOVERY REQUESTS**

TO:   Defendant-Intervenors, by and through their attorney of record, Nina Perales,
       Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite
       300, San Antonio, Texas 78205.

       Plaintiff States serve these objections and responses to Defendant-Intervenors'

fifth set of interrogatories and requests for production of documents pursuant to the

Federal Rules of Civil Procedure.

March 4, 2019

Respectfully submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

JEFF LANDRY
Attorney General of Louisiana

BRANTLEY STARR
Deputy First Assistant Attorney General

DOUGLAS J. PETERSON
Attorney General of Nebraska

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

ALAN WILSON
Attorney General of South Carolina

_/s/ Todd Lawrence Disher_
TODD LAWRENCE DISHER
Attorney-in-Charge

PATRICK MORRISEY
Attorney General of West Virginia

Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

MICHAEL TOTH
Special Counsel for Civil Litigation

ADAM ARTHUR BIGGS
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

2

**CERTIFICATE OF SERVICE**

I certify that on March 4, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, New Jersey 08625
Glenn.Moramarco@law.njoag.gov

/s/ *Todd Lawrence Disher*
TODD LAWRENCE DISHER
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas

**COUNSEL FOR PLAINTIFF STATES**

3

## **GENERAL OBJECTIONS**

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are not proportional to the needs of the case, outside the scope of discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs object to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information that is publicly available or otherwise equally available or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information

4

requested. All answers are given without prejudice to Plaintiffs' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIFTH SET OF INTERROGATORIES

**INTERROGATORY NO. 18:**

Please identify all college and university work-study programs in each Plaintiff State funded in whole or in part by each Plaintiff State. With respect to each program, please identify, by state and year, since June 2012:

a. the costs, and the nature of the costs, incurred by the respective Plaintiff State relating to the work-study program;

b. the revenue, and the nature of the revenue, accrued by the Plaintiff State relating to the work-study program;

c. the number of DACA recipients who are or were employed by or through the program;

d. the manner in which you determined the number of DACA recipients;

e. the manner in which you determined the individuals are or were DACA recipients;

f. the costs, and the nature of the costs, incurred by the respective Plaintiff State relating to the participation of DACA recipients in the work-study program;

g. the revenue, and the nature of the revenue, accrued by the Plaintiff State relating to the participation of DACA recipients in the work-study program;

h. any information, documents, or other evidentiary material upon which you rely to support the conclusion that each such individual is or was a DACA recipient; and

i. any information, documents, or other evidentiary material upon which you rely to support your assertions and computations.

**RESPONSE:**

Plaintiffs object to this request. It is not proportional to the needs of the case, overly broad and unduly burdensome, and seeks information that is outside the scope of discovery or that is publicly available. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. Requiring Plaintiffs to expend significant time reviewing

the exact DACA related costs to each work-study program is disproportionate to the needs of the case, as these costs are only relevant to standing, an issue already decided by this court.

To establish standing, Plaintiff States must only show *some* injury. *Texas* v. *United States*, 328 F. Supp. 3d 662, 701 (S.D. Tex. Aug. 31, 2018) (citing *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)). As the Court has already held, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See Id*. at 700-705. What is more, for standing purposes, Plaintiffs need not prove damages from a single individual as this Interrogatory appears to assume. *Id*. at 702 ("Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program. In the scope of a program the size of DACA, with over 115,000 recipients in Texas alone, it is virtually certain that at least some DACA recipients utilize the emergency Medicaid services Texas is required to provide them.").

The injuries that Plaintiffs States rely on to support their claim at this time are detailed in their brief in support of their motion for summary judgment. *See* ECF No. 357.

**INTERROGATORY NO. 19:**

Please identify all costs that you contend are traceable to DACA that each Plaintiff State, by state and year, has incurred since June 2012 relating to border security. With respect to each cost, please identify:

a.  the nature of the cost;

b.  the amount of the cost;

c.  the manner in which you determined the cost to be traceable to DACA; and

d.  any information, documents, or other evidentiary material upon which you rely to support your assertions and computations.

**RESPONSE:**

Plaintiffs object to this request. It is not proportional to the needs of the case, overly broad and unduly burdensome, and seeks information that is outside the scope of discovery or that is publicly available. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. Requiring Plaintiffs to expend significant time reviewing the exact DACA related costs to border security is disproportionate to the needs of the case, as these costs are only relevant to standing, an issue already decided by this court.

To establish standing, Plaintiff States must only show *some* injury. *Texas* v. *United States*, 328 F. Supp. 3d 662, 701 (S.D. Tex. Aug. 31, 2018) (citing *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)). As the Court has already held, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See Id.* at 700-705. What is more, for standing purposes, Plaintiffs need not prove damages from a single individual as this Interrogatory appears to assume. *Id.* at 702 ("Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program. In the scope of a program the size of DACA, with over 115,000 recipients in Texas alone, it is virtually certain that at least some DACA recipients utilize the emergency Medicaid services Texas is required to provide them.").

The injuries that Plaintiffs States rely on to support their claim at this time are detailed in their brief in support of their motion for summary judgment. *See* ECF No. 357.

**INTERROGATORY NO. 20:**

Please identify each study or report that you prepared, obtained, or requested on the correlation, if any, between DACA recipients and the cost of college and university work-study programs. For each study or report, please identify:

a.  the date you requested it;

b.  the date you obtained it;

c.  the author(s);

d.  the person or entity who commissioned it; and

e.  the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is not proportional to the needs of the case, overly broad and unduly burdensome, and seeks information that is outside the scope of discovery or that is publicly available. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. Requiring Plaintiffs to expend significant time reviewing the exact DACA related costs to each work-study program is disproportionate to the needs of the case, as these costs are only relevant to standing, an issue already decided by this court.

To establish standing, Plaintiff States must only show *some* injury. *Texas* v. *United States*, 328 F. Supp. 3d 662, 701 (S.D. Tex. Aug. 31, 2018) (citing *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)). As the Court has already held, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See Id*. at 700-705. What is more, for standing purposes, Plaintiffs need not prove damages from a single individual as this Interrogatory appears to assume. *Id*. at 702 ("Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program. In the scope of a program the size of DACA, with over 115,000 recipients in Texas alone, it is virtually certain that at least some DACA recipients utilize the emergency Medicaid services Texas is required to provide them.").

The injuries that Plaintiffs States rely on to support their claim at this time are detailed in their brief in support of their motion for summary judgment. *See* ECF No. 357.

**INTERROGATORY NO. 21:**

Please identify each study or report that you prepared, obtained, or requested on the correlation, if any, between DACA recipients and the cost of border security to each Plaintiff State. For each study or report, please identify:

f.   the date you requested it;

g.   the date you obtained it;

h.   the author(s);

i.   the person or entity who commissioned it; and

j.   the person or entity that paid for or is responsible for paying for it.

**RESPONSE:**

Plaintiffs object to this request. It is not proportional to the needs of the case, overly broad and unduly burdensome, and seeks information that is outside the scope of discovery or that is publicly available. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. Requiring Plaintiffs to expend significant time reviewing the exact DACA related costs to border security is disproportionate to the needs of the case, as these costs are only relevant to standing, an issue already decided by this court.

To establish standing, Plaintiff States must only show *some* injury. *Texas* v. *United States*, 328 F. Supp. 3d 662, 701 (S.D. Tex. Aug. 31, 2018) (citing *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)). As the Court has already held, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See Id*. at 700-705. What is more, for standing purposes, Plaintiffs need not prove damages from a single individual as this Interrogatory appears to assume. *Id*. at 702 ("Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program. In the scope of a program the size of DACA, with over 115,000 recipients in Texas alone, it is virtually certain that at least some DACA recipients utilize the emergency Medicaid services Texas is required to provide them.").

The injuries that Plaintiffs States rely on to support their claim at this time are detailed in their brief in support of their motion for summary judgment. *See* ECF No. 357.

10

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIFTH SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 8

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Interrogatories Nos. 18–21.

### RESPONSE:

Plaintiffs object to this request. It is not proportional to the needs of the case, overly broad and unduly burdensome, and seeks information that is outside the scope of discovery or that is publicly available. At this point, Plaintiff States are not seeking monetary relief for the financial harm that they have suffered from the implementation of DACA. Requiring Plaintiffs to expend significant time reviewing the exact DACA related costs to each work-study program and border security is disproportionate to the needs of the case, as these costs are only relevant to standing, an issue already decided by this court.

To establish standing, Plaintiff States must only show *some* injury. *Texas* v. *United States*, 328 F. Supp. 3d 662, 701 (S.D. Tex. Aug. 31, 2018) (citing *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)). As the Court has already held, Plaintiff States, with the support of fact and expert witnesses on both sides of the litigation, have clearly shown that their injury is more than the identifiable trifle needed to establish standing. *See Id*. at 700-705. What is more, for standing purposes, Plaintiffs need not prove damages from a single individual as this Interrogatory appears to assume. *Id*. at 702 ("Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program. In the scope of a program the size of DACA, with over 115,000 recipients in Texas alone, it is virtually certain that at least some DACA recipients utilize the emergency Medicaid services Texas is required to provide them.").

The injuries that Plaintiffs States rely on to support their claim at this time are detailed in their brief in support of their motion for summary judgment. *See* ECF No. 357.