# EXHIBIT 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants, | § |
| and | § |
| KARLA PEREZ, *et al.*, | § |
| Defendant-Intervenors, | § |
| and | § |
| STATE OF NEW JERSEY | § |
| Defendant-Intervenor. | § |

## DECLARATION OF NINA PERALES

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund (MALDEF) and lead counsel for Defendant-Intervenors, Karla Perez, *et al.* ("Perez Defendant-Intervenors") in this action. I submit this declaration in support of Perez Defendant-Intervenors' Motion to Compel Discovery from Federal Defendants in the above-referenced case.

2. I am thoroughly familiar with the facts and arguments in this proceeding. I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

1

3. Counsel for Perez Defendant-Intervenors, Defendant-Intervenor State of New Jersey, and Federal Defendants have held two conferences on Defendant-Intervenors' Interrogatories Nos. 9-13 and Request for Production No. 7(3). The first conference was a telephone call that took place on April 24, 2019. The second conference was a telephone call that took place on May 8, 2019. I participated on both calls on behalf of Perez Defendant-Intervenors.

4. During the April 24, 2019 conference call, Jeffrey Robins, counsel for Federal Defendants, explained that Federal Defendants object to Interrogatories Nos. 9-13 and Request for Production No. 7(3) because responding to these requests would require a burdensome and time-consuming manual review of government files. Federal Defendants also objected to the requests as irrelevant. Defendant-Intervenors explained that Interrogatories Nos. 9-12 and Request for Production No. 7(3) are relevant to the issue of whether USCIS exercises discretion in the adjudication and evaluation of DACA requests. Defendant-Intervenors further explained that Interrogatory No. 13 is relevant to Texas' argument that DACA confers a pathway to citizenship to DACA recipients. In a good faith effort to alleviate Federal Defendants' concerns as to the burden of responding the requests, Defendant-Intervenors offered to narrow the scope of the request by suggesting that Federal Defendants review a random sample comprised of 3% of the files Federal Defendants identified required a manual review. In the alternative, Defendant-Intervenors offered to conduct the necessary manual review of those samples. Mr. Robins explained Federal Defendants did not believe production of the files was proportional to the needs of the case, and expressed that Federal Defendants had privacy concerns about disclosing the files, since the files have personal information about individuals who requested DACA. Defendant-Intervenors expressed they are amenable to entering into a confidentiality

agreement to address any data privacy concerns Federal Defendants may have. Mr. Robins agreed to confer with his clients and to inform Defendant-Intervenors about the possibility of supplementing Federal Defendants' production. Mr. Robins also promised to produce the administrative record in the next few days.

5. On May 8, 2019, counsel for Perez Defendant-Intervenors, the State of New Jersey, and Federal Defendants again conferred by telephone about Defendant-Intervenors' Interrogatories Nos. 9-13 and Request for Production No. 7(3). As to Interrogatory No. 13, Mr. Robins represented that he had inquired with his client about producing data responsive to this request without the need for a manual file review but had not been able to get an answer. As to Interrogatories Nos. 9-13 and Request for Production No. 7(3), Defendant-Intervenors again offered to review samples of the files, but Federal Defendants refused to produce such samples. Mr. Robins explained Federal Defendants continue to believe producing the samples would prove more burdensome than is proportional to the needs of the case because Federal Defendants estimate that it would take one hour to review each file and perform the necessary redactions for statutory and regulatory reasons, as well as redactions for privilege. Mr. Robins also explained it may take time to get the files into a format suitable for review. Federal Defendants also continued to object to the requests on relevancy grounds. Mr. Robins explained the information Defendant-Intervenors seek, including information about Requests for Evidence, evaluation of gang membership, and evaluation of whether an applicant is a threat to public safety, is not relevant to the issue of whether USCIS uses discretion in DACA adjudication. Counsel for Defendant-Intervenors explained again that the requests are relevant to whether USCIS adjudicators exercise discretion when evaluating DACA requests.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 17th day of May, 2019.

_____
Nina Perales