# Exhibit 14

**Alejandra Avila**

| | |
|---|---|
| **From:** | Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> |
| **Sent:** | Monday, May 13, 2019 8:43 PM |
| **To:** | Nina Perales; Alejandra Avila |
| **Cc:** | Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Douglas H. Hallward-Driemeier; Raishay Lin; Emerson Siegle; Walker, James (CIV) |
| **Subject:** | RE: Texas et al. v. United States et al., No. 1:18-cv-00068 |
| **Attachments:** | TexasII Second Supplemental Responses to Third Set of Discovery.pdf; Texas II Second Supplemental Discovery Response RPD 9.xlsx; Texas II Second Supplemental Discovery Response ROG14.xlsx |

Nina and all,

Pursuant to our two recent conversations, please find attached Federal Defendants' Second Supplemental Responses to Request for Production 9 and Interrogatory 14. Defendants note that we have also twice met and conferred regarding the sufficiency of Federal Defendants responses to Requests for Production 5, 6, and 8, and that you have raised no further concerns to date – but may be continuing to discuss those responses.

Your May 8, 2019, email specifically addresses Federal Defendants' ongoing objections to Interrogatories 9 through 12 and request for production 7(3). Federal Defendants generally agree with your summary below, although the burden I discussed is broader than what you discuss here. Because the many of the A-files that could be responsive to your requests are paper files and have been archived, the process of getting the files out of storage and imaging the files for review is an exceptional burden unto itself that would take weeks, if not months to complete. Then, the individual file review necessary to review and redact A-files for privilege, even without a substantive review to answer your inquiries, would take approximately and hour or more each – which even for the 3% sample you have proposed would require thousands of hours to complete. These burdens would not only impact USCIS, but because adjudicatory resources would need to be reallocated in order to complete such a massive document review project, USCIS's current adjudications would be effected – including the adjudication of DACA requests. Additionally, DHS is not authorized to share information about individual DACA requestors with third parties without a waiver or a signed G-28, there is no protective order in this matter, and even a protective order would not permit DHS to disclose certain information.

Finally, Federal Defendants noted that they would contemplate a cross motion for a protective order in response to a motion to compel to the extent the substantive legality of DACA is a legal issue, the resolution of which does not require further burdensome discovery.

Sincerely,

Jeff Robins


Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Robins, Jeffrey (CIV)
**Sent:** Friday, May 10, 2019 9:39 PM

**To:** Nina Perales <nperales@MALDEF.org>; Alejandra Avila <Aavila@MALDEF.org>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Emerson Siegle <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Nina,

Defendants will respond to your email on Monday, as we want to be certain to reflect the entirety of the discussions to date. Defendants will also produce our supplemental responses on Monday, as one of the data scrapes is proving more challenging than expected.

Jeff

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Wednesday, May 08, 2019 12:33 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Alejandra Avila <Aavila@MALDEF.org>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Emerson Siegle <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Jeffrey,

Thank you for speaking with us today on the phone and explaining your position with respect to our interrogatories 9 through 12, and request for production 7(3).

We have offered to conduct our own review of a sample of files of DACA applications that were denied in order to obtain the information we seek with these discovery requests. Our understanding from today's conversation is that Defendants will not produce a sample and believe that producing a sample would prove more burdensome than is proportional to the needs of the case. This is because you estimate that it would take one hour to review each denied application and perform the necessary redactions for statutory and regulatory reasons, as well as redactions for privilege. In addition, you maintain that it will take time to get the files into a format for review.

I expressed our position that Defendant Intervenors require this information in order to address Plaintiffs' arguments that DACA adjudicators do not exercise discretion when they review DACA applications and make the decision whether to grant deferred action. You responded that Defendants fundamentally disagree that the information we seek, including information about RFEs, evaluation of gang membership and evaluation of whether an applicant is an threat to public safety, is relevant to the question of discretion.

Please confirm whether this is an accurate summary of our conversation, and of your position. Thank you,

Nina Perales

Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Friday, May 03, 2019 10:11 PM
**To:** Alejandra Avila
**Cc:** Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Douglas H. Hallward-Driemeier; Raishay Lin; Emerson Siegle; Walker, James (CIV)
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Alejandra and all,

After several discussions with agency counsel, operations, statistics, and information technology folks, I am pleased to say that Defendants will be able to further supplement their discovery responses following our call from last week. I am available for a further meet and confer on Monday before 2pm eastern or on Wednesday through Friday depending on availability.  I will be travelling for a hearing on Tuesday.

As for the record, we are in the final stages of review for production, but are coordinating review of certain White House communications and confirming privilege assertions by several DHS components. We are on track for production on Wednesday 5/8, and will advise if there's a need to deviate from that.

The two additional data runs that Defendants should be able to complete would be responsive to request for production 9 (a breakdown similar to the response to interrogatories 3 and 4, but organized by service center) and interrogatory 14 (with the exclusion of 245i adjustments by those who were exempt from the $1,000 fee – i.e., under the age of 17) , and we should be prepared to send these to you by Thursday 5/9. I am also awaiting final word whether there is a way to find some data responsive to interrogatory 13 without manual file review, and if there is, that can be included in a supplement by Thursday 5/9.

With regard to any possible manual file review of a sample of files to provide responses to the information sought in interrogatories 9 through 12, and request for production 7(3), in short, Defendants maintain that this will prove more burdensome than is proportional to the needs of the case.

Finally, with regard to the manner in which the search was conducted to respond to requests for production --- USCIS applied custodian questionnaires that were sent to a comprehensive list of anyone who was then employed by USCIS who might have had potentially responsive documents pertaining specific RFPs. These individuals were then sent emails, asking them to comply with the discovery order. These individuals were also asked to forward the discovery order to

anyone in their department/service center who may have potentially responsive documents. They were also asked to identify other offices and former employees who may have had responsive documents. USCIS collected questionnaires from over 150 USCIS employees. The questionnaires themselves required the custodians to search their own hard drives, email archives, personal folders and paper materials, etc. for DACA documents related to the discovery order. Individuals were asked to describe the process they used for finding potentially responsive documents and to estimate the time spent performing their search for said documents, with responsive documents moved into individual network drives for pulls by the USCIS office of information technology to preserve meta data.

Please let me know if you have any questions and I look forward to conferring further.

Regards,

Jeff


Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Robins, Jeffrey (CIV)
**Sent:** Thursday, May 02, 2019 4:08 PM
**To:** Alejandra Avila <Aavila@MALDEF.org>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Emerson Siegle <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Thank you for the explanation and apologies for the delay in our response. I will respond tomorrow addressing your additional questions, which have required some back in forth internally to make sure I give you a complete response.

Jeff

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Tuesday, April 30, 2019 5:43 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Emerson Siegle <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Alejandra Avila <Aavila@MALDEF.org>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Hi Jeffrey,

I'm writing to follow up on our meet and confer from last Wednesday.

You asked for further explanation on the relevance of Interrogatory 14, which asks Federal Defendants to identify the number of DACA recipients who adjusted their status to lawful permanent resident under 8 U.S.C. § 1255(i) and 8 U.S.C. § 1255(a).

This information is relevant to Plaintiffs' claim that DACA confers a path to citizenship to DACA recipients by allowing them to obtain advance parole, because it shows the number of DACA recipients who qualified to adjust their status to lawful permanent residence irrespective of whether they obtained advance parole through DACA. The requirements for adjustment of status under 8 U.S.C. §§ 1255(a) include, among other things, lawful admission or parole, maintenance of lawful status, and an approved visa petition under the family or employment based categories and a current visa number. By contrast, under § 1255(i), a person may adjust his or her status without lawful admission or parole and without maintenance of lawful status. Although § 1255(i) has been repealed, some DACA holders are "grandfathered" under this provision and may use this mechanism to adjust their status without advance parole or lawful admission.

You had also mentioned you would be able to provide a response to our questions about your production by Friday of last week, but we have not heard from your office yet. Please advise when you will provide that information to us.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382



---

**From:** Alejandra Avila
**Sent:** Thursday, April 18, 2019 10:32 AM
**To:** Robins, Jeffrey (CIV)
**Cc:** Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Douglas H. Hallward-Driemeier; Raishay Lin; Emerson Siegle; James Walker (CIV)
**Subject:** Re: Texas et al. v. United States et al., No. 1:18-cv-00068

That works for us.

We can use the MALDEF conference call number.

Dial-in:
Participant's Code:


On Apr 18, 2019, at 9:52 AM, Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> wrote:

Thank you. How is 11am eastern?

Jeffrey S. Robins

Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Thursday, April 18, 2019 12:16 AM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Subject:** Re: Texas et al. v. United States et al., No. 1:18-cv-00068

Hi Jeff,

We are generally available on Wednesday morning of next week.

Let us know what time works for you.

On Apr 17, 2019, at 4:28 PM, Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> wrote:

> Alejandra,
>
> I was unfortunately returning from travel last week when I received this email. I also have not been able to fully confer with agency counsel, many of whom are out of the office this week. Can we find a time for further discussion on Tuesday or Wednesday of next week?
>
> Thank you,
>
> Jeff
>
> Jeffrey S. Robins
> Deputy Director
> Office of Immigration Litigation
> District Court Section
> (202) 616-1246
>
> ---
>
> **From:** Alejandra Avila <Aavila@MALDEF.org>
> **Sent:** Wednesday, April 10, 2019 11:39 AM
> **To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
> **Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
> **Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068
>
> Jeff,

Thank you for this supplemental production.  We now have had an opportunity to review your responses, and Defendant-Intervenors continue to believe the production is incomplete and non-responsive.

Defendants continue to fail to answer our interrogatories 9-12 and have only provided partial responses to interrogatories 13 and 14.  Defendants have also not fully responded to our requests for production numbers 5, 6, 7(3), 8, and 9, and have failed to identify any search terms and custodians as suggested by Defendant-Intervenors in our December 19, 2018 deficiency letter to you or propose any means to narrow the scope of the review.  Defendant-Intervenors still cannot discern the scope of Defendants' previous production, whether Defendants have provided all responsive documents to our requests, and whether Defendants need to conduct additional searches.  In your supplemental responses, you also do not address requests for production 7(3) and 9 at all and the deficiencies outlined in our letter in connection with these requests.

In an effort to avoid court intervention, we would like to confer with you over the phone to see if there is a way to resolve this discovery dispute.

We are available tomorrow any time from 11 am-2 pm Central or Monday any time from 10 am-4 pm Central.  Please let us know what time works for you.

Thank you.

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382
<image001.jpg>

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Wednesday, February 20, 2019 9:16 AM
**To:** Alejandra Avila
**Cc:** Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Todd <Todd. Disher@oag. texas. gov> Disher; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Adam Biggs; Walker, James (CIV)
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Counsel,

Attached are Federal Defendants' supplemental responses to Perez Defendant-Intervenors' third set of discovery requests.

Please let me know if you have any questions.

Thank you,

Jeff

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Thursday, February 07, 2019 6:35 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Jack Salmon <jsalmon@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Todd <Todd. Disher@oag. texas. gov> Disher <Todd.Disher@oag.texas.gov>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Adam Biggs <Adam.Biggs@oag.texas.gov>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Alejandra Avila <Aavila@MALDEF.org>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Mr. Robins,

Please confirm when Federal Defendants intend to provide the supplemental production mentioned in your email below. As you know, it has been more than 7 weeks since Perez Defendant-Intervenors emailed their deficiency letter to you.

In addition, please advise whether Federal Defendants will address the remaining deficiencies noted in our letter. If Federal Defendants do not provide amended answers and a supplemental production pursuant to the deficiency letter, Perez Defendant-Intervenors will seek court intervention on this matter.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382
<image001.jpg>

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Monday, February 4, 2019 3:19 PM
**To:** Alejandra Avila
**Cc:** Glenn Moramarco; Kenneth Levine; Jeremy Hollander; Nina Perales; Jack Salmon; Douglas H. Hallward-Driemeier; Raishay Lin; Todd <Todd. Disher@oag. texas. gov> Disher; Siegle, Emerson (Emerson.Siegle@ropesgray.com); Adam Biggs; Walker, James (CIV)
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Counsel,

I write to advise that Federal Defendants will be supplementing the prior responses with data for the newly added states and a chart reflecting the documents that correspond with each request for production.

Jeff

Jeffrey S. Robins
Deputy Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Alejandra Avila <Aavila@MALDEF.org>
**Sent:** Wednesday, December 19, 2018 4:48 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Glenn Moramarco <Glenn.Moramarco@law.njoag.gov>; Kenneth Levine <Kenneth.Levine@law.njoag.gov>; Jeremy Hollander <Jeremy.Hollander@law.njoag.gov>; Nina Perales <nperales@MALDEF.org>; Jack Salmon <jsalmon@MALDEF.org>; Douglas H. Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Raishay Lin <Raishay.Lin@ropesgray.com>; Todd <Todd. Disher@oag. texas. gov> Disher <Todd.Disher@oag.texas.gov>; Siegle, Emerson (Emerson.Siegle@ropesgray.com) <Emerson.Siegle@ropesgray.com>; Adam Biggs <Adam.Biggs@oag.texas.gov>
**Subject:** RE: Texas et al. v. United States et al., No. 1:18-cv-00068

Jeffrey,

Attached please find Perez Defendant-Intervenors' deficiency letter related to our third set of discovery requests.

Thank you,

**Alejandra Ávila**
*Staff Attorney*
The Mexican American Legal Defense
and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, TX 78205
P: (210) 224-5476 ext. 204
F: (210) 224-5382