FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

## REPLY IN SUPPORT OF DEFENDANT-INTERVENORS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF STATE OF TEXAS AND TO DISMISS ALL OTHER PLAINTIFF STATES

## <u>TABLE OF CONTENTS</u>

I.      ISSUES TO BE RULED UPON BY THE COURT...........................................................1

II.     SUMMARY OF THE ARGUMENT ...............................................................................1

III.    ARGUMENT ...................................................................................................................2

      A.      Plaintiffs Do Not Dispute That Their Initial Disclosures and Responses
          to Defendant-Intervenors' Discovery Requests are Deficient ................................2

      B.      The Discovery Defendant-Intervenors Seek is Relevant to Plaintiffs'
          Standing ..................................................................................................................4

      C.      Defendant-Intervenors' Discovery is Relevant to the Merits of Plaintiffs' Request
          for Injunctive Relief and the Scope of the Appropriate Remedy ...........................5

      D.      The Discovery Defendant-Intervenors Seek is Proportional to the Needs
          of the Case............................................................................................................11

      E.      Dismissal of Non-Texas Plaintiffs is Warranted ..................................................13

IV.     CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

### Cases

*Alonso v. Agrigenetics, Inc.*, No. B-0,
   4-005, 2004 WL 2668801 (S.D. Tex. Nov. 15, 2004) ........................................................... 11

*Amoco Prod. Co. v. Vill. of Gambell, AK*,
   480 U.S. 531 (1987) .............................................................................................................. 5

*Areizaga v. ADW Corp.*,
   No. 3:14-CV-2899-B, 2016 WL 3536859 (N.D. Tex. June 28, 2016) ..................................... 6

*Becerra v. U.S. Dep't of Interior*,
   276 F. Supp. 3d 953 (N.D. Cal. 2017) .................................................................................. 9

*Bluefield Water Ass'n Inc. v. City of Starkville*,
   577 F.3d 250 (5th Cir. 2009) ............................................................................................... 10

*Cent. & S. W. Servs., Inc. v. U.S. E.P.A.*,
   220 F.3d 683 (5th Cir. 2000) ................................................................................................. 7

*Dine Citizens Against Ruining Our Env't v. Bernhardt*,
   923 F.3d 831 (10th Cir. 2019) .............................................................................................. 9

*Endangered Species Comm. of Bldg. Indus. Ass'n of S. California v. Babbitt*,
   852 F. Supp. 32 (D.D.C. 1994) ............................................................................................ 9

*Envtl. Def. v. Leavitt*,
   329 F. Supp. 2d 55 (D.D.C. 2004) ....................................................................................... 9

*Flowserve Corp. v. Hallmark Pump Co.*,
   No. 4:09-CV-0675, 2011 WL 1527951 (S.D. Tex. Apr. 20, 2011) ........................................ 5

*Harmon v. Thornburgh*,
   878 F.2d 484 (D.C. Cir. 1989) ............................................................................................. 8

*Idaho Farm Bureau Federation v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995) ............................................................................................... 9

*Lopez v. Don Herring Ltd.*,
   327 F.R.D. 567 (N.D. Tex. 2018) .................................................................................. 12, 13

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
   894 F.2d 1482 (5th Cir. 1990) ............................................................................................ 11

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 475 (N.D. Tex. 2005) ....................................................................................... 11

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010) ......................................................................................................... 6, 8

*Pac. Rivers Council v. U.S. Forest Serv.*,
   No. 2:05-cv-00953-MCE-AC, 2013 WL 1813734 (E.D. Cal. Apr. 29, 2013) ........................ 9

*Sierra Club v. Van Antwerp*,
   719 F. Supp. 2d 77 (D.D.C. 2010) ....................................................................................... 7

*Stambler v. Amazon.com, Inc.*,
   No. 2:09-CV-310 DF, 2011 WL 10538668 (E.D. Tex. May 23, 2011) ................................... 6

*Texas v. E.P.A.*,
   No. 3:15-CV-00162, 2019 WL 2272464 (S.D. Tex. May 28, 2019) ....................................... 7

**Statutes**

5 U.S.C.A. § 702 ........................................................................................................... 7

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................... 6
L.R. 7 ............................................................................................................................. 2

## I.      ISSUES TO BE RULED UPON BY THE COURT

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully submit this Reply in support of their Motion to Compel Discovery from Plaintiff State of Texas and to Dismiss all other Plaintiff States.  Defendant-Intervenors request that their Motion be granted because Plaintiffs do not dispute that their answers and production are deficient and do not provide any valid basis for withholding discovery.

## II.     SUMMARY OF THE ARGUMENT

In their response, Plaintiffs do not dispute they have not provided any discovery to Defendant-Intervenors for a year, since June 2018, and that their responses are deficient in many respects.   Plaintiffs also do not dispute that the requests are relevant to the threshold jurisdictional issue of standing and to the issue whether Plaintiffs should succeed on the merits of their request for a nationwide injunction.  *See* Dkt. 104 at 73.

Instead, Plaintiffs take the unprecedented position that their unilateral view that discovery is unnecessary relieves them of their burden to participate in the discovery process ordered by this Court.  Plaintiffs also wrongly assert that discovery as to costs is not necessary because Plaintiffs are not required to show injury to establish standing.  This is a legally baseless and dangerous proposition.

In addition, Plaintiffs attempt to re-characterize their claim for injunctive relief as declaratory relief to avoid discovery on the equitable factors of an injunction.   However, Plaintiffs neither dispute that the discovery Defendant-Intervenors seek is relevant to Plaintiffs' request for a nationwide injunction, nor dispute (and they could not do so) that Plaintiffs seek this form of relief in their complaint.

1

Plaintiffs also incorrectly claim Defendant-Intervenors have not established that the discovery requests are proportional to the needs of the case, improperly attempting to shift the burden to Defendant-Intervenors, and conveniently failing to establish why information as to the degree of Plaintiffs' injuries is not proportional to the needs of this case.

Finally, Plaintiffs do not dispute the non-Texas Plaintiffs have not produced any evidence or information as to costs.  Instead, they simply assert that the non-Texas Plaintiffs do not need to show that they have standing.  Plaintiffs also claim the non-Texas Plaintiffs cannot be dismissed because, even though they have not produced discovery, they have not *yet* violated a discovery order.  In other words, Plaintiffs effectively concede a discovery sanction is warranted, but simply claim dismissal of the non-Texas Plaintiffs would only be appropriate after this Court grants Defendant-Intervenors' motion as to other respects.  Therefore, at the very least, the Court should order that the non-Texas Plaintiffs lack standing because they have not proved any injuries as a result of DACA.

Because Plaintiffs do not provide any valid basis for withholding the requested discovery or allowing the non-Texas Plaintiffs to participate in the case, Defendant-Intervenors respectfully request that their Motion be granted.

## III.    ARGUMENT

### A.  Plaintiffs Do Not Dispute That Their Initial Disclosures and Responses to Defendant-Intervenors' Discovery Requests are Deficient

In their response, Plaintiffs do not dispute (and therefore effectively concede) that their initial disclosures, answers, and production are deficient in a number of ways.  *See* L.R. 7.4 (failure to respond "will be taken as a representation of no opposition.").  For example, Plaintiffs do not dispute Defendant-Intervenors' assertions that:

- Plaintiffs have not provided answers or a single document to Defendant-Intervenors since June 2018;

- None of the Plaintiffs have verified any of their answers;

- Plaintiffs do not support their objections as to burden and proportionality with a declaration, affidavit, or other evidence;

- Plaintiffs' answers (including those provided during expedited discovery) are incomplete because they do not provide information as to every subsection in Defendant-Intervenors' requests;

- Plaintiffs have not provided answers or produced any documents in response to Defendant-Intervenors' discovery requests issued after expedited discovery;

- The non-Texas Plaintiffs have not provided any discovery as to any information showing the claimed costs imposed on them by DACA at any point in this case; and

- The non-Texas Plaintiffs have not identified any witnesses or persons with information relevant to these Plaintiffs' purported costs.

Instead, Plaintiffs argue their answers and production are not deficient because they previously (during the expedited, preliminary injunction phase of discovery) provided 21 documents and the declarations of Monica Smoot (Texas' witness on health care costs) and Leonardo Lopez (Texas' witness on education costs), and because Defendant-Intervenors deposed these witnesses during expedited discovery. *See* Dkt. 387 at 21-22.[1] However, the fact that Plaintiffs may have produced a handful of documents and Defendant-Intervenors deposed

---

[1] Plaintiffs also state they have provided expert reports and expert disclosures. *Id.* at 21. However, as noted in Defendant-Intervenors' motion to compel, Plaintiffs' experts do not offer testimony as to education, health care, border security, or law enforcement costs. *See* Dkt. 383 at 12. In addition, Plaintiffs misleadingly claim that they have "offered multiple times to provide additional information" to Defendant-Intervenors as to costs. *See* Dkt. 387 at 22 (citing Exhibit A). The record is clear: Plaintiffs have not produced a single document for a year despite Defendant-Intervenors' pending discovery requests and Defendant-Intervenors' additional efforts to obtain this discovery, including conferencing on the motion to compel. Plaintiffs have consistently denied discovery on the basis that the case is ripe for summary judgment. *See, e.g.,* Dkt. 335 at 4; Dkt. 383 at 25 (citations omitted). It was only after Defendant-Intervenors gave Plaintiffs a final warning that they would file a motion to compel discovery that Plaintiffs indicated that, although they stood on all of their objections, they would "discuss" any "specific information that [Defendant-Intervenors] believe [they] are lacking in order to file a complete response to the cited evidence" in Plaintiffs' motion for summary judgment. *See* Exhibit A (cited in Dkt. 387 at 22). This single email exchange ignores the pending discovery requests and is not a good faith effort to cooperate in the discovery process.

Texas' witnesses during expedited discovery—a period during which Plaintiffs objected to more fulsome discovery on the grounds that the normal discovery process (that they now seek to circumvent) would be the appropriate time to provide the information Defendant-Intervenors sought—does not establish that Plaintiffs' responses are not deficient.  Because Plaintiffs do not in fact contest that their responses are deficient, Defendant-Intervenors' motion should be granted.

### B.  The Discovery Defendant-Intervenors Seek is Relevant to Plaintiffs' Standing

Plaintiffs also do not dispute that discovery on costs incurred by Plaintiffs as a result of DACA is relevant to their standing.  Instead, they argue that Defendant-Intervenors are not entitled to this discovery because there is no dispute of fact that Plaintiffs have standing.  *See* Dkt. 387 at 20-21.

Plaintiffs' argument is two-fold.  First, Plaintiffs claim no discovery is needed because they need not show injury-in-fact to establish standing.  Plaintiffs claim they are "due special solicitude" in the standing analysis and they have standing because of "the Executive's complete abdication of duly-enacted immigration laws," and that neither of these two theories "depend[s] on resolving any factual disputes."  *Id.* at 20.  In other words, Plaintiffs seek to turn standing on its head by arguing that (1) states have standing to sue because they are states, and (2) a favorable ruling on the merits that DACA is unlawful proves their injury.  Plaintiffs offer no legal support for this unprecedented argument, precisely because there is no legal basis for it.

Second, Plaintiffs continue to reiterate that the evidence in the preliminary injunction record is conclusive that Plaintiffs have standing under *parens patriae* and because they incur social services costs due to DACA.  *Id.* at 20-21.  However, the discovery Plaintiffs deny to Defendant-Intervenors is central to evaluating the merits of these two theories of standing, which

the Court has to date addressed on the basis of a preliminary record.  For that reason and the reasons set forth in Defendant-Intervenors' motion to compel and Rule 56(d) motion, Plaintiffs' unsupported standing arguments are not a basis to withhold discovery.  *See* Dkt. 383 at 9-13; Dkt. 363 at 4-7.

### C.  Defendant-Intervenors' Discovery is Relevant to the Merits of Plaintiffs' Request for Injunctive Relief and the Scope of the Appropriate Remedy

Plaintiffs spend the bulk of their brief seeking to deprive Defendant-Intervenors of discovery by arguing that a permanent injunction is "unnecessary" and therefore "discovery related to the four injunctive factors is not needed."  *See* Dkt. 387 at 11-19.

However, Plaintiffs do not dispute—and nor could they—that they seek a nationwide, permanent injunction in their complaint.  Dkt. 104 at 73 ("Plaintiff States respectfully request . . . An order enjoining Defendants from issuing or renewing any DACA permits in the future.").  Federal Defendants also seek an injunction, but only for "DACA recipients as to whom Plaintiffs have demonstrated standing."  Dkt. 217 at 3.

Plaintiffs also do not dispute that discovery on costs is relevant to the four-part test for an injunction, including the balance of the equities and whether DACA causes Plaintiffs irreparable harm, as well as the scope of the remedy.  *See also Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n. 12 (1987) (noting the standard for a permanent injunction is essentially the same for a preliminary injunction, except the plaintiff must show actual success on the merits rather than a likelihood of success"); *Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-CV-0675, 2011 WL 1527951, at *9 (S.D. Tex. Apr. 20, 2011) (same).

Plaintiffs instead simply take the untenable and presumptuous position that discovery on these factors is unnecessary because "a vacatur of the DACA memorandum through a declaratory judgment is sufficient."  *See* Dkt. 387 at 10.  Plaintiffs also claim that a total vacatur

of DACA, "as opposed to some type of geographically limited relief," is necessary to preserve a uniform immigration policy. *See id.* at 16-18. Plaintiffs' arguments do not justify their deficient production for a number of reasons.

First, Defendant-Intervenors are entitled, as a fundamental feature of the adversarial process, to discovery that is relevant and proportional to *any* of Plaintiffs' claims, even if Plaintiffs do not seek summary judgment on those claims. *See* Fed. R. Civ. P. 26(b). Plaintiffs cannot unilaterally determine the appropriate boundaries of discovery, nor may they obstruct Defendant-Intervenors from accessing discovery relevant to Plaintiffs' request for a nationwide injunction by filing a premature motion for summary judgment that purportedly only seeks declaratory relief. *See Areizaga v. ADW Corp.*, No. 3:14-CV-2899-B, 2016 WL 3536859, at *2 (N.D. Tex. June 28, 2016) ("[F]iling a Federal Rule of Civil Procedure 56 motion for summary judgment does not automatically stay discovery until the motion is resolved"); *Stambler v. Amazon.com, Inc.*, No. 2:09-CV-310 DF, 2011 WL 10538668, at **4, 8, 10 (E.D. Tex. May 23, 2011) (granting motion to compel in favor of plaintiffs, noting that defendants "cite[d] no authority for the proposition that the responding party can craft its own remedy by deciding which interrogatories (or subparts) to answer and which to ignore" and by "unilaterally undert[aking] the balancing analysis of Rule 26" and "impos[ing] non-production as 'self-help' sanction").

Second, Plaintiffs incorrectly suggest that injunctive relief is not in play because the APA requires a full vacatur of the 2012 DACA memorandum, which "would 'not have any meaningful practical effect independent'" of a nationwide injunction. *See* Dkt. 387 at 14 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). Contrary to Plaintiffs' argument, where a district court finds an agency action violated the APA, remand to the

agency—which leaves the agency free to address any issues—is generally the appropriate course of action.  *See, e.g.*, *Cent. & S. W. Servs., Inc. v. U.S. E.P.A.*, 220 F.3d 683, 692 (5th Cir. 2000) ("Courts have explained that 'remand is generally appropriate when 'there is at least a serious possibility that the [agency] will be able to substantiate its decision' given an opportunity to do so, and when vacating would be 'disruptive.'") (internal quotation marks and citations omitted); *Texas v. E.P.A.*, No. 3:15-CV-00162, 2019 WL 2272464, at *6 (S.D. Tex. May 28, 2019) (finding remand is the appropriate remedy and noting the Fifth Circuit has made clear that "[o]nly in rare circumstances is remand for agency reconsideration not the appropriate solution.") (internal citations omitted); *see also* 5 U.S.C.A. § 702 ("Nothing herein (1) affects . . . the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground.").  The district court further has discretion in how to craft a remedy for an APA violation, and need not vacate an entire policy.  *See Sierra Club v. Van Antwerp*, 719 F. Supp. 2d 77, 79 (D.D.C. 2010) (holding that only partial vacatur was appropriate).  Accordingly, under basic tenets of administrative law, Plaintiffs' sweeping assertion that full vacatur is the inevitable remedy is incorrect.

In any event, Plaintiffs' confidence that they will secure a declaration that DACA is unlawful under the APA and further secure a full vacatur of DACA is not a basis for denying Defendant-Intervenors the discovery at issue here.  Defendant-Intervenors are entitled to participate in the discovery process, regardless of Plaintiffs' evaluation of the merits of their claims.  And, ultimately, this discovery will not only aid Defendant-Intervenors in their defense of the case, but it will also assist the Court in exercising its discretion in crafting a fair and proportional remedy should Plaintiffs prevail on the merits.

Plaintiffs primarily rely on the Supreme Court's opinion in *Monsanto* for their argument that DACA must be vacated and therefore discovery as to "injunctive relief is not needed." *See* Dkt. 387 at 14 (citing *Monsanto Co.*, 561 U.S. at 165). However, *Monsanto* does not support Plaintiffs' position. In *Monsanto*, the Supreme Court found that the district court abused its discretion in issuing a nationwide injunction, in part because the respondents conceded that the injunction "[did] not have any meaningful practical effect independent of [the district court's] vacatur" of the agency action. 561 U.S. at 165. However, the Supreme Court did not rule that declaratory judgment precludes injunctive relief, and the case in no way supports Plaintiffs' claim that, where both an injunction and vacatur are requested, discovery as to the elements of an injunction may be denied. In fact, the Court specifically noted that an injunction is not warranted where "a less drastic remedy," including but not limited to a partial vacatur, may redress the plaintiff's injury. *Id*. at 165-166. Here, Defendant-Intervenors and this Court are entitled to information about Plaintiffs' injuries, which will be relevant to the appropriate form and scope of necessary relief, and will assist the Court in determining whether a remedy "less drastic" than a nationwide injunction or full vacatur is appropriate.[2]

Third, Defendant-Intervenors' discovery requests are relevant to the very nationwide

---

[2] The non-binding case law on which Plaintiffs rely is similarly inapposite. For example, Plaintiffs' reliance on a footnote from the D.C. Court of Appeals' decision in *Harmon* is misplaced. *See* Dkt. 387 at 13-14 (citing *Harmon v. Thornburgh*, 878 F.2d 484, 495 n. 21 (D.C. Cir. 1989)). *Harmon* involved a DOJ plan which ordered random drug testing of DOJ employees. *Id*. at 486. The district court entered a permanent injunction preventing implementation of the plan across the agency. *Id*. at 487. On appeal, the Court of Appeals modified the injunction, permitting random testing of workers in the categories of DOJ employees that were not represented by the plaintiffs. *Id*. The Court also found the injunction was unwarranted as to employees with top secret national security clearances, but found the injunction as to federal prosecutors and employees with access to grand jury proceedings was proper. *Id*. at 493-94. Plaintiffs cite a footnote in *Harmon* out of context for the proposition that this Court must vacate DACA in its entirety, and that injunctive relief is unnecessary and discovery on the equitable factors may be denied. *See* Dkt. 387 at 13-14. However, *Harmon* does not in any way support this argument. In fact, *Harmon* supports Defendant-Intervenors' argument that the Court may only fashion a remedy commensurate with the scope and degree of Plaintiffs' injuries. As in *Harmon*, the Court may conclude that, to the extent an injunction is warranted, it should be limited to the Plaintiff States, and is categorically inappropriate as to Plaintiff States with no harm resulting from DACA.

vacatur of DACA that Plaintiffs claim is the appropriate remedy.  As recognized by the case law cited by Plaintiffs, "[v]acatur of agency action is a . . . **form of injunctive relief**" that restores the status quo.  *See Dine Citizens Against Ruining Our Env't. Bernhardt*, 923 F.3d 831 (10th Cir. 2019) (cited in Dkt. 387 at 14) (emphasis added); *see also Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) ("When a court vacates an agency's rules, the vacatur restores the status quo."); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405–06 (9th Cir. 1995) (holding that the court may remand without vacatur "when equity demands"); *Endangered Species Comm. of Bldg. Indus. Ass'n of S. Cal. v. Babbitt*, 852 F. Supp. 32, 41 (D.D.C. 1994) (noting courts consider a number of factors when granting or denying vacatur, such as "(1) the purposes of the substantive statute under which the agency was acting, (2) the consequences of invalidating or enjoining the agency action, and (3) and potential prejudice to those who will be affected by maintaining the status quo.") (citations omitted); *Pac. Rivers Council v. U.S. Forest Serv.,* 942 F. Supp. 1014, 1017 (E.D. Cal. Apr. 29, 2013) ("Vacatur is a species of equitable relief and courts are not mechanically obligated to vacate agency decisions that they find invalid"); *Becerra v. U.S. Dep't of Interior*, 276 F. Supp. 3d 953, 966–67 (N.D. Cal. 2017) (denying vacatur even though agency's errors were serious because "vacatur would be unduly disruptive").  Plaintiffs cannot recast their claim for injunctive relief as declaratory relief to avoid discovery on the equitable factors of an injunction, and the Court may not, even if Plaintiffs ultimately prevail, determine that full vacatur of DACA is the appropriate remedy without any factual development on Plaintiffs' purported injuries.

Finally, Plaintiffs claim—in a footnote—that "[e]ven if injunctive relief were necessary to remedy Plaintiffs' injuries, Defendant-Intervenors' discovery requests are still unwarranted because of the Court's prior ruling and comprehensive record relevant to each of the four

injunctive relief factors." *See* Dkt. 387 at 16, n. 3.  Plaintiffs' claim turns the discovery process on its head.  Plaintiffs argue that, because the record in their view shows that DACA is unlawful, "further discovery on public interest is unnecessary" since "[p]rotecting the rule of law. . . clearly evidences the public benefit manifest in bringing an orderly end to [DACA]." *Id.*  In other words, Plaintiffs collapse the public interest analysis into their merits argument.  However, these are two separate elements of an injunction and, without citing to any legal authority for their position, Plaintiffs seek to deny Defendant-Intervenors discovery as to one of the elements on the basis that Plaintiffs are, in their view, likely to prevail as to the other.  Plaintiffs cannot repackage their likelihood-of-success arguments to deny Defendant-Intervenors discovery as to a different element of the test for injunctive relief.  *See Bluefield Water Ass'n Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (the party seeking the injunction must "clearly carr[y] the burden of persuasion on all four requirements") (internal quotation marks and citations omitted).

Similarly, as to balance of the equities and irreparable harm, Plaintiffs summarily claim that Defendant-Intervenors are not entitled to discovery because Plaintiffs "are not seeking immediate termination of existing grants of deferred action status" and the Court has already ruled that Plaintiffs suffer irreparable injuries.  *See* Dkt. 387 at 16, n. 3.  This argument suffers from two fatal flaws.  First, as the Court's preliminary injunction opinion found time and again, *see* Dkt. 363 at 7-9, the Court's rulings at the preliminary injunction stage do not foreclose discovery (and a different ruling based on that discovery) at the merits stage of the case.  Second, the fact that Plaintiffs seek a phase out of DACA rather than a different remedy (which would ultimately be for the Court to decide in any event) does not render evidence on the scope of their purported injuries irrelevant.

For these reasons, and the reasons set forth in Defendant-Intervenors' motion to compel and Rule 56(d) motion, Plaintiffs' argument that there are no issues of material fact as to the equitable factors is no basis to withhold discovery from Defendant-Intervenors.[3]

## D.  The Discovery Defendant-Intervenors Seek is Proportional to the Needs of the Case

Finally, Plaintiffs summarily argue that Defendant-Intervenors are not entitled to their discovery because "Defendant-Intervenors do not attempt to explain how their requests are proportional to their need for information about Plaintiff States' standing." *Id*. at 19.  However, it is not Defendant-Intervenors' burden to prove proportionality.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that it is the party resisting discovery which "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (internal quotation marks and citations omitted); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (explaining that the Fifth Circuit does not employ a burden shifting approach; the burden of resisting discovery remains on the party opposing discovery at all times).

Plaintiffs have failed to explain how Defendant-Intervenors' requests are not proportional, and they do not provide the requisite evidence to show Defendant-Intervenors' discovery requests are in any way burdensome or overbroad—a burden the Federal Rules of Civil Procedure impose on them.  *See Alonso v. Agrigenetics, Inc.*, No. B-04-005, 2004 WL

---

[3] Plaintiffs briefly claim that the Court "effectively granted" Defendant-Intervenors' Rule 56(d) Motion by setting Plaintiffs' motion for summary judgment for a hearing in July, and that Defendant-Intervenors did nothing to pursue discovery "[d]uring those ten weeks."  *See* Dkt. 387 at 9.  This is simply incorrect. First, Defendant-Intervenors diligently pursued discovery following entry of the Court's scheduling order in 2018 and attempted to confer with both Federal Defendants and Plaintiffs regarding their lack of cooperation.  Defendant-Intervenors were then forced to spend significant resources filing motions to compel as to both parties.  Second, as to depositions, Plaintiffs cannot seriously fault Defendant-Intervenors for not pursuing additional depositions after Plaintiffs have failed to identify persons with relevant knowledge and denied Defendant-Intervenors paper discovery since June 2018.  Finally, Defendant-Intervenors requested in their Rule 56(d) Motion that the Court deny consideration of Plaintiffs' motion for summary judgment until September 11, 2019, 21 days after the close of discovery. *See* Dkt. 363 at 2. There is no order from the Court granting this relief.

2668801, at *2 (S.D. Tex. Nov. 15, 2004) ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

Plaintiffs' lone attempt to prove that the requests are overbroad is their one-paragraph explanation that (1) Plaintiffs "do not need to prove every cost they have incurred as a result of DACA" to establish they have standing, (2) Plaintiffs have attached evidence to their motion for summary judgment that they believe proves their standing, and (3) Defendant-Intervenors are not entitled to discovery on "damages upon which Plaintiff States do not rely to support their claim." Dkt. 387 at 22-23.  First, Plaintiffs *do* rely on all the costs on which Defendant-Intervenors seek discovery.  *See, e.g.,* Dkt. 104 ¶ 221 ("DACA imposes significant costs on Plaintiff States"); *id.* ¶ 228 ("Plaintiff States have incurred considerable financial injuries on education, healthcare, and law-enforcement costs caused by DACA"); *id.* ¶ 231 ("Plaintiff States" incur financial costs "particularly education, healthcare, and law-enforcement costs"); *see also* Dkt. 218 at 39, 45. Second, as noted above, evidence of costs to Plaintiffs as a result of DACA is not only relevant to the question of standing, but also relevant to the merits of Plaintiffs' claims.  Plaintiffs' overbreadth objection does not address how the discovery at issue is disproportional to their request for a nationwide injunction halting DACA.  Finally, with respect to Plaintiffs' suggestion that they have already attached to their motion for summary judgment all responsive material, if the documents Plaintiffs have produced to date comprise all the information responsive to Defendant-Intervenors' requests that exists, Plaintiffs should answer the discovery requests accordingly and verify their answers in compliance with the Federal Rules of Civil Procedure.

### E.  Dismissal of Non-Texas Plaintiffs is Warranted

Finally, dismissal of the non-Texas Plaintiffs is warranted because Plaintiffs do not dispute that the non-Texas Plaintiffs:  (1) have failed to produce *any* evidence or information as to costs in response to Defendant-Intervenors' discovery requests; (2) have not pleaded with the requisite specificity that their injuries result from DACA; and (3) have made no effort to show their DACA injuries either through experts or by identifying any persons likely to have discoverable information as to costs for these states.  Instead, Plaintiffs simply double down on their argument that the non-Texas Plaintiffs need not show standing.  *See* Dkt. 387 at 24.

Plaintiffs also argue that the non-Texas Plaintiffs have standing "independent of Texas's standing" under *parens patriae*, special solicitude, and abdication standing.  *See id*. at 24-25. However, this argument fails because, as noted above, there is no basis for Plaintiffs' claim that the Court may find standing under special solicitude and abdication theories without any evidence of injury to Plaintiffs.  *See* Section III.B.  In addition, Defendant-Intervenors' discovery requests include requests for information on *parens patriae* standing, but Plaintiffs have refused to provide any responsive information.  *See* Dkt. 383-3 at 18 (Interrogatory No. 15).  Plaintiffs cannot reasonably claim that *parens patriae* provides non-Texas Plaintiffs standing while refusing to provide discovery that would justify that bald assertion.  Indeed, Plaintiffs have not provided a single answer or produced a single record relevant to Plaintiffs' labor market distortion claim, even though Defendant-Intervenors requested this information.  *See id*.  Third, whether the non-Texas Plaintiffs may ultimately prevail on one or more of these "independent" theories of standing does not justify Plaintiffs' failure to respond properly to Defendant-Intervenors' discovery requests.  *See Lopez*, 327 F.R.D. at 581.

13

In the end, Plaintiffs' response brief does nothing to avoid the inevitable conclusion that the non-Texas Plaintiffs should be dismissed from the case or, at the very least, declared to lack standing. Although Plaintiffs argue the non-Texas Plaintiffs cannot be dismissed because, even though they have not produced discovery, they have not *yet* violated a discovery order (Dkt. 387 at 24-25), the Court may grant Defendant-Intervenors' motion and declare that non-Texas Plaintiffs lack standing.

## IV.    CONCLUSION

For these reasons and the reasons set forth in Defendant-Intervenors' Motion, Defendant-Intervenors request that their motion be granted.

Dated: June 7, 2019                                              Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

14

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 7th day of June, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Alejandra Ávila
Alejandra Ávila

15