# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, *et al.*, <br><br> Defendants, <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> Defendant-Intervenors. | Case No. 18-cv-00068 |

## DECLARATION OF MICHAEL HOEFER

I, Michael Hoefer, hereby make the following declaration with respect to the above captioned matter.

1. I am employed by U.S. Citizenship and Immigration Services ("USCIS") as Chief of the Office of Performance and Quality ("OPQ"). As Chief of OPQ, I am responsible for oversight and management in producing data and operational analyses to senior USCIS decision-makers in order to promote effective and efficient decision-making, and in responding to immigration data requests from key stakeholders including Congress, DHS, other government agencies, researchers, and the general public. I have held this position since September 2015.

1

2. I make this declaration on the basis of my personal knowledge and information made available to me at this time during the course of my official duties.

3. I understand that on June 13, 2018, Defendant-Intervenors propounded their Third set of Discovery Requests for Defendants. Defendant-Intervenors' Third Set of Disc. Req. to Def., Dkt. 80-3.

4. I understand that on July 7, 2018 Defendants served a response on Defendant-Intervenors, which responded in part to Interrogatories Nos. 9-12 and objected to responding to the subparts of those interrogatories, as well as part of Interrogatory No. 13, as burdensome, among other objections. I further understand that Defendants' discovery response objected to Request for Production No. 7 as overbroad and burdensome, among other objections.

5. I understand that on February 20, 2019, Defendants served a supplemental response on Defendant-Intervenors providing data in response to Interrogatories Nos. 3, 4, and 9 – 14 with respect to Plaintiff-State Mississippi.

6. I also understand that on May 17, 2019, Defendant-Intervenors filed a Motion to Compel Defendants to respond to Interrogatories Nos. 9 -13 and produce documents responsive to Request for Production No. 7(3).

### Identifying a Sample of DACA Denials, Requests for Evidence, and Approvals to Respond to Interrogatories Nos. 9-13

7. In order to obtain a sample of DACA denials, Requests for Evidence (RFEs), and approvals for purposes of responding to Interrogatories Nos. 9-13, OPQ would first have to identify a sample of receipt numbers, using a statistically sound methodology designed to randomly select receipt numbers, for each of the following categories of cases for the period of June 2012 to June 2018 for Plaintiff States: initial DACA denials (Interrogatory 9), DACA renewal denials (Interrogatory 10), initial DACA RFEs (Interrogatory 11), DACA renewal

RFEs (Interrogatory 12), and initial DACA approvals (Interrogatory 13). The preliminary estimates of the five sample sizes for each Interrogatory are: initial DACA denials (Interrogatory 9) 400 or 2.3% of the total initial denials during the specified period for Plaintiff States; DACA renewal denials (Interrogatory 10) 350 or 16.3%; initial DACA RFEs (Interrogatory 11) 410 or 0.8%; DACA renewal RFEs (Interrogatory 12) 390 or 4.1%; and initial DACA approvals (Interrogatory 13) 410 or 0.3%. The total number of sample records for the five populations is estimated to be 1,960.

8. The sample size estimates were calculated for proportions assuming the 95% confidence level and a precision of +/- 5% using the normal approximation and finite population correction factors. However, some of the characteristics of the DACA population that Defendant-Intervenors are attempting to measure could be rare (less than 30 receipts for any measured characteristic) and would not follow the normal approximation for variance estimation. As a result, the value of any conclusions about the broader population derived from a review of these samples may be limited due to the imprecision of the estimate.

9. Once the initial sample of randomly selected receipt numbers are identified, USCIS would need to identify whether any of the individuals selected are covered by 8 U.S.C. 1367. If any randomly selected individuals are covered by this confidentiality provision, USCIS would not be able to provide the A-file or any other information about those individuals to Defendant-Intervenors, and would instead replace the receipt number in the sample with another randomly selected receipt number. Replacing the receipt number in the sample because the individual is covered by 8 U.S.C. 1367 or because the A-file selected for the sample cannot be immediately released for review has the potential to impact the overall randomness of the sample.

10. Based on past experience, USCIS estimates that it would take approximately 16 hours to identify the sample of cases for each category, identify whether any of the individuals are covered by 8 U.S.C. 1367, and replace the receipt numbers for affected individuals with another randomly selected receipt number. This estimate is based on a best-case scenario, assuming no unusual situations or circumstances arise.

11. It would not be possible to reduce the number of individual records to be reviewed by selecting a sample that would allow a single file to be reviewed for multiple interrogatories, as this type of selection would violate the random selection process and all the estimates would be invalid.

I certify, to the best of my knowledge and belief that content in this declaration is true and correct.

Executed this 7th day of June of 2019.

_____
Michael Hoefer