# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-68 |
| | ) |
| UNITED STATES OF AMERICA, *et at.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendant-Intervenor. | ) |

## FEDERAL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

Federal Defendants, through undersigned counsel, hereby file this motion for a protective order under Federal Rule of Civil Procedure 26(c)(1)(A) seeking to quash, or in the alternative stay until the Courts' decision of Plaintiffs' motion for summary judgment, Defendant-Intervenors' interrogatories nos. 9, 10, 11, 12, and 13; request for production no. 7(3); request for supplementation of Federal Defendants' initial disclosures; and related motion to compel. Federal Defendants file this motion for a protective order alongside their response to Defendant-Intervenors' motion to compel.

This dispute arises from various discovery requests contained in Defendant-Intervenors' third set of discovery requests and their motion to compel. ECF No. 386.

The parties have met and conferred on these discovery requests in two telephonic conferences on April 24, 2019 and May 8, 2019, but have been unable to resolve the discovery dispute.

**SUMMARY OF THE ARGUMENT**

Federal Defendants request that this Court enter a protective order under Federal Rule of Civil Procedure 26(c)(1), that stays further discovery in this matter until the resolution of Plaintiffs' motion for summary judgment because requiring Federal Defendants to respond to additional discovery or further supplement its discovery responses to date requires significant time and expense, is not necessary for the complete resolution of the matter, and is disproportional to the needs of the case. Plaintiffs have filed a motion for summary judgment in this matter on their procedural and substantive Administrative Procedure Act claims and their Take Care Clause claim. While Defendant-Intervenors' discovery request appears to pertain only

to Plaintiffs' procedural APA claim, Plaintiffs may obtain complete relief under their substantive APA claim.

Accordingly, Federal Defendants request the Court enter a protective order that stays discovery in this case until the Court has ruled on Plaintiffs' pending motion for summary judgment.

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

On May 30, 2018, this Court ordered the parties to conduct limited and expedited discovery in this matter. *See* ECF No. 53. In that the same order, the court required anyone seeking discovery from Federal Defendants to seek the Court's permission before doing so. *Id.* On June 20, 2018, the Court ordered Federal Defendants to respond to Defendant-Intervenors' third set of discovery requests, but explicitly allowed Federal Defendants to refer Defendant-Intervenors to publicly available documents. *See* ECF No. 97 at ¶ 2. The order also allowed Federal Defendants to object to individual requests that sought information that would be "difficult to calculate or not easily derivable from information kept by [] Federal Defendants . . . ." *Id.*

On July 7, 2018, Federal Defendants served their responses and objections to Defendant-Intervenors' discovery requests. *See* Defendant-Intervenors' Mot. Compel Ex. No. 1. In accordance with the Court's order, in addition to a voluminous production, Federal Defendants directed Defendant-Intervenors to publicly available materials that contained some of the information sought in Interrogatories 9 through 13 and objected to further inquiry on the subjects of those interrogatories as, among other objections, overly burdensome and beyond the scope of discovery because U.S. Citizen and Immigration Services' databases do not electronically capture, in a readily retrievable, systematic manner, information sought in interrogatories nos. 9

through 13. *See id.* at 9–18. Federal Defendants also responded to Defendant-Intervenors' Request for Production no. 7 by referring to responses to interrogatories and publicly available information on USCIS' website. *See id.* at 26–28. Federal Defendants objected to further responses to the request on similar grounds as above, and because the request is so broad that it is not conducive to keyword searches of emails and other electronic records. *See id.*

In a November 14, 2018 Minute Entry, the Court entered a Rule 16 scheduling order providing a discovery deadline of August 21, 2019, which was extended by 19 days on February 27, 2019. *See* ECF No. 367. Subject to its longstanding objections that "this proceeding is exempt from initial disclosures as an action for review of an administrative record under Fed. R. Civ. P. 26(a)(1)(B)(i)," Federal Defendants served initial disclosures on Plaintiffs and Defendant-Intervenors on December 17, 2018. *See* Defendant-Intervenors' Mot. Compel Ex. No. 6. Federal Defendants' initial disclosures contained all information it may use to support its claims or defenses as required by Federal Rule 26(a)(1), in light of the procedural posture of the action before the court. *See id.*

On December 19, 2018, more than four months after Federal Defendants' production, Defendant-Intervenors began corresponding regarding their third set of discovery requests. *See* Defendant-Intervenors' Mot. Compel Ex. No. 7. In their letter, Defendant-Intervenors contested several of Federal Defendants' objections and responses and asked for supplementation of several of their answers and responses. *See id.* Federal Defendants acknowledged receipt of this letter on December 26, 2018, but noted that any further response would be delayed due to the lapse in appropriations. *See* Defendant-Intervenors' Mot. Compel Ex. No. 8.[1] After the

---

[1] Due to this lapse of congressional appropriations on December 22, 2018, Federal Defendants were unable to fully participate in the discovery process and the court set a new discovery deadline of September 9, 2019. *See* ECF No. 367. This lapse of appropriations also delayed the assembly of the administrative record in this matter which Federal Defendants produced on May 13, 2019. *See* Defendant-Intervenors' Mot. Compel Ex. 15.

3

conclusion of the government shutdown, Federal Defendants supplemented their responses to some of Defendant-Intervenors' discovery requests, but maintained their objections to Interrogatories 9 through 13 and Request for Production 7(3). *See* Defendant-Intervenors' Mot. Compel Ex. No. 10. On April 10, 2019, Defendant-Intervenors emailed Federal Defendants, again noting perceived deficiencies with Federal Defendants' responses to discovery and requesting a meet and confer to resolve the discovery dispute. *See* Defendant-Intervenors' Mot. Compel Ex. No. 11.

The parties conferred again on April 24, 2019, and May 8, 2019. *See* Defendant-Intervenors' Mot. Compel Ex. Nos. 12, 14. During these conferences, Federal Defendants maintained their objections to Interrogatories 9 through 13 and Request for Production 7(3). *See id.* While Defendant-Intervenors did offer to accept a sampling of responsive documents, conduct a review of responsive documents themselves, and enter into a protective order to alleviate privacy concerns, Federal Defendants noted that these offers do not fundamentally alleviate any of the underlying factors that make it prohibitively burdensome to respond to these discovery requests. *See id.* Federal Defendants also informed Defendant-Intervenors that they would "contemplate a cross motion for a protective order in response to a motion to compel to the extent that substantive legality of DACA is a legal issue, the resolution of which does not require further burdensome discovery." *See* Defendant-Intervenors' Mot. Compel Ex. No. 14.

On May 17, 2019, Defendant-Intervenors filed a motion to compel, asking the Court to order Federal Defendants to further respond to Interrogatories 9 through 13 and Request for Production 7(3) and to supplement their initial disclosures. Federal Defendants subsequently filed a response in opposition to the motion to compel and this cross motion for a protective order.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts "must limit otherwise permissible discovery if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *Areuzaga v. ADW Corporation*, 314 F.R.D. 428, 435 (N.D. Tex. 2016) (stating factors that would require court to limit proposed discovery remain unchanged after 2015 amendments). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998) (citation omitted).

A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.1990). The decision to enter a protective order is within the court's broad discretion. *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir.1985). This discretion, however, must be exercised in light of Federal Rule of Civil Procedure 1 which requires the rules to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 (5th Cir. 2015) (citing Fed. R. Civ. P. 1).

**ARGUMENT**

Defendant-Intervenors' interrogatories ask for information that would require an overly burdensome and costly search on the part of Federal Defendants and would detract from mission-critical work. This burden is disproportional to the needs of the case, the discovery requests are outside the scope of discovery and the Court should issue a protective order limiting them. *See Crosby,* 647 F.3d at 264.

I. **Defendant-Intervenors' discovery requests pose an extreme and undue burden on Federal Defendants.**

Federal Defendants have demonstrated how further supplementation of their responses to Defendant-Intervenors' discovery requests would be unduly burdensome. See Fed. Defs.' Resp. Mot. Compel, ECF No. 392. They have done so using multiple declarations from key personnel at U.S. Citizenship and Immigration Services ("USCIS"). *See Enron Corp Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 159 (S.D. Tex. 2009) (holding burden must be shown with the submission of "an affidavit or other evidentiary proof of the time or expense involved in responding to [a] discovery request"). Federal Defendants provided a Declaration of Tracy L. Renaud, the Acting Deputy Director of USCIS, Ex. A, with their response and objections to Defendant-Intervenors' third set of discovery requests. *See* ECF No. 392. Federal Defendants are now providing additional declarations from Donald J. Monica, Adjudications Branch Division Chief for the Service Center Operations Directorate (SCOPS) within USCIS, Ex. B; Michael Hoefer, Chief of Office of Performance and Quality (OPQ) within USCIS, Ex. C; and Tracy A. Bellisime, Associate Center Director for the Records Management Operations Branch (BMOB), National Records Center (NRC) for USCIS, Ex. D, as additional proof of the substantial undue burden posed by Defendant-Intervenors' discovery requests. *See* ECF No. 392. These new

6

declarations take into account the addition of Plaintiff State Mississippi and provide updated burden estimates and explanations. *See* Ex. B (Monica Decl. ¶ 8).

These declarations explain the significant logistical and technological hurdles that make it prohibitively burdensome for Federal Defendants to supplement the discovery requests they have made to date and how they would detract limited resources from essential agency missions. *See* Ex.s A–D. Federal Defendants also incorporate their response to Defendant-Intervenors' motion to compel, ECF No. 392, which further explains the undue burden posed by Defendant-Intervenors' discovery requests. *See* Fed. Defs.' Resp. Defendant-Intervenors' Mot. Compel 5–10, ECF No. 392. Federal Defendants' response to the motion to compel also explains how Defendant-Intervenors' proposed alternative for responding to their discovery requests does nothing to alleviate the burden they impose on Federal Defendants. *See* Fed. Defs.' Resp. Defendant-Intervenors' Mot. Compel 10–13, ECF No. 392.

The substantial burden required to locate, review, and analyze even a sample of relevant documents, as demonstrated in these declarations and filings, far exceeds the needs of the case, fall outside the scope of discovery, and necessitates the entry of a protective order.

II. **Defendant-Intervenors' discovery requests are disproportional to the needs of the case as they are not necessary for the resolution of the legal issue of the substantive legality of DACA.**

Additional discovery is not needed to resolve this case. As an initial matter, Defendants maintain that this is a claim under the Administrative Procedure Act that should only look to Federal Defendants' May 13, 2019, administrative record. Even without reference to the record, the Court may resolve this case in its entirety through Plaintiffs' motion for summary judgment, currently pending before the Court. *See* ECF No. 356. In order to avoid unnecessary burden on Federal Defendants, the Court should issue a protective order staying discovery until after it

decides the pending motion for summary judgment. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (upholding district court's protective order staying depositions until after determinations of summary judgment motions that did not require discovery because of undue burden and expense); *Baker v. Holder,* No. 06-CV-91-HRW, 2010 WL 1334924, at *7 (E.D. Ky. Mar. 30, 2010) ("A court should deny a motion to compel where the information sought will not undermine a summary judgment granted on other grounds."); *cf. Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery before Court ruled on motion to dismiss as it would be otherwise unduly burdensome and expensive). When deciding whether to grant a stay of discovery pending another motion, a court considers "1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. National Broadcasting Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citations omitted).

Plaintiffs have argued three claims in their motion for summary judgment: a substantive APA claim, a procedural APA claim, and a Take Care Clause Claim. *See* ECF No. 356. Plaintiffs may obtain complete relief under their substantive APA claim, given the fact that the Court has already held that "DACA is 'manifestly contrary' to the statutory scheme promulgated by Congress" in the INA. *Texas v. United States (Texas II)*, 328 F. Supp. 3d 662, 722 (S.D. Tex. 2018) (quoting *Texas v. United States (Texas I),* 809 F.3d 134, 186 (5th Cir. 2015)). The discovery responses that are the subject of Defendant-Intervenors' motion to compel appear to only relate to Plaintiffs' procedural APA claim and are thus not necessary for the resolution of the legal issue concerning the lawfulness of DACA. *See* ECF No. 386 at 9 ("Defendant-

8

Intervenors' discovery requests go directly to the question of agency discretion in DACA adjudication."). "'[A] [party's] entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by [the party] to withstand a Rule 56(e) motion for summary judgment.'" *Landry*, 901 F.2d at 436 (citing *Williamson v. United States Dept. of Agriculture,* 815 F.2d 368, 382 (5th Cir.1987)).

While these discovery requests might relate to issues in the case at large that require "further factual development," these issues are not necessary for the Court to rule on Plaintiffs' motion for summary judgment. Additionally, as outlined in the attached declarations and Federal Defendants' response to Defendant-Intervenors' motion to compel, the effort to provide even a sample response to Defendant-Intervenors' discovery requests would require hundreds of man-hours in locating, collecting, processing, reviewing, and redacting the necessary documents. *See* Ex. A–D; Fed. Defs.' Resp. Defendant-Intervenors' Mot. Compel, ECF No. 392. This effort would detract from critical agency missions and could cause adjudicatory delays leading to other burdensome litigation. *See* Ex. A–D. This is a substantial and unnecessary burden for Federal Defendants to bear for discovery that is not necessary to resolve the legal issue in the case. *Cf. Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979) (holding discovery was properly denied where it "could not have added any significant facts and would only have been expensive and burdensome . . . .").

Because Defendant-Intervenors' discovery requests are not necessary for the resolution of this case and would create an undue burden for Federal Defendants, the Court should issue a protective order staying discovery or resolution of Defendant-Intervenors' motion to compel until a decision on Plaintiffs' motion for summary judgment.

## CONCLUSION

Because Defendant-Intervenors' requests for discovery and supplementation of initial disclosures are unnecessary for the resolution of the case and will pose an undue burden to Federal Defendants, the Court should grant Federal Defendants' motion for a protective order.

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that on May 13, 2019, Federal Defendants sent an email to Nina Perales and Alejandra Avila, counsel for Defendant-Intervenors, reiterating Federal Defendants' objections to Interrogatories 9 through 13 and Request for Production 7(3) and informing them of Federal Defendants' intent to file a cross motion for a protective order in response to any motion to compel.

Dated: June 7, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I certify that on June 7, 2019, this document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notifications of such filings to all counsel of record.

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-68 |
| | ) | |
| UNITED STATES OF AMERICA, *et at.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| Defendant-Intervenors, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**(PROPOSED) PROTECTIVE ORDER**

On this date, the Court considered Federal Defendants' Motion for Protective Order. After reviewing the Motion and arguments, the motion is **GRANTED**.

It is hereby **ORDERED** that Defendant-Intervenors' third set of discovery requests are stayed until after the resolution of Plaintiffs' motion for summary judgment.

SO ORDERED this _____ day of _____, 2019.

_____
HON. ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE