# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:18-CV-68 |
| | ) |
| UNITED STATES OF AMERICA, *et at.*, | ) |
| | ) |
|     Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
|     Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
|     Defendant-Intervenor. | ) |

## APPENDIX OF UNPUBLISHED AUTHORITIES

Pursuant to this Court's Civil Procedure, Rule 7, Federal Defendants hereby provide the Court with the following appendix of unpublished authorities cited in its motion for a protective order:

| TAB | AUTHORITY | PAGE # |
|---|---|---|
| 1. | *Baker v. Holder,* No. 06-CV-91-HRW, 2010 WL 1334924 (E.D. Ky. Mar. 30, 2010) | Fed. Defs. 001 |
| 2. | *Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683 (S.D. Tex. Dec. 22, 2015) | Fed. Defs. 009 |
| 3. | *Von Drake v. National Broadcasting Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) | Fed. Defs. 012 |
| 4. | *Adame v. Refugio County,* No. 2:16-CV-139, 2018 WL 1918656 (S.D. Tex. Apr. 24, 2018) | Fed. Defs. 015 |

# Tab 1

Fed. Defs. 001

2010 WL 1334924
Only the Westlaw citation is currently available.
United States District Court, E.D. Kentucky,
Northern Division, at Ashland.

David Wayne BAKER, Plaintiff,
v.
Attorney General Eric H.
HOLDER., Jr., et al., Defendants.

Civil Action No. 06–CV–91–HRW.
|
March 30, 2010.

**Attorneys and Law Firms**

David Wayne Baker, Ashland, KY, pro se.

Anna R. Gwinn, U.S. Attorney's Office, Lexington, KY, for Defendants.

## MEMORANDUM OPINION AND ORDER

HENRY R. WILHOIT, JR., District Judge.

***1** Defendants United States of America, the Bureau of Prisons ("BOP"), Warden E.K. Cauley, and Inmate Systems Manager Cathy Wyatt have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [R. 51] Plaintiff David Wayne Baker has filed his response in opposition to the motion. [R. 55] The motion is therefore ripe for decision.

**I. Background**

Baker is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. On June 6, 2006, Baker filed his Complaint in this action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). [R. 1] In his Complaint, Baker challenged (1) the BOP's imposition of a co-payment for health care services; (2) its regulation preventing inmates from possessing a copy of their presentence report ("PSR"); (3) its regulations permitting mail received from courts which lack the required labeling to be opened outside the presence of the inmate; and (4) its regulation preventing inmates from receiving sexually-explicit materials.

On January 17, 2007, the Court entered a Memorandum Opinion and Order rejecting each of Baker's claims upon initial screening and dismissing the Complaint with prejudice. [R. 22, 23] The Court rejected each claim as lacking in legal merit, as barred by the statute of limitations, for failure to exhaust administrative remedies, or for several of these reasons. Baker timely appealed that decision to the Court of Appeals for the Sixth Circuit. [R. 25]

On July 3, 2008, the Sixth Circuit entered its opinion on appeal. [R. 36] The opinion does not address Baker's claims regarding health care co-payments or possession of his PSR, claims that Baker apparently abandoned on appeal. With respect to the prison's policy of opening mail received from courts outside of his presence, the Sixth Circuit affirmed the dismissal of claims accruing on or before November 29, 2004, as barred by the statute of limitations. The Sixth Circuit reversed this Court's dismissal of claims accruing after that date for failure to demonstrate exhaustion of administrative remedies as contrary to the Supreme Court's intervening decision in *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Similarly, the Sixth Circuit affirmed this Court's dismissal of Baker's March 15, 2004, claim regarding receipt of sexually-explicit magazines as time-barred, but reversed dismissal of his March 14, 2006, claim for failure to demonstrate exhaustion as contrary to *Jones.* Finally, the Sixth Circuit concluded that Baker's allegations regarding these two types of claims were sufficiently well pled to satisfy the particularity requirements of Federal Rule of Civil Procedure 8. The Sixth Circuit entered its mandate on September 11, 2008. [R. 37]

Following remand, on June 16, 2009, the Court ordered service of process upon defendants on the surviving claims. [R. 41] In response, the Defendants filed their motion to dismiss or for summary judgment on August 11, 2009. [R. 51] As grounds for their motion, Defendants indicate that Baker did not file any inmate grievances with respect to his legal mail claims on or after June 6, 2005, the one-year anniversary date before the filing of this Complaint, and that he did not file any inmate grievances with respect to his sexually-explicit magazine claim on or after March 15, 2006, the date on which he informally requested staff permit him to order and receive such materials. Defendants therefore argue Baker has not administratively exhausted these claims. Defendants also

generically contend that the BOP's regulations regarding the handling of mail from courts and sexually-explicit materials are constitutionally sound.

**\*2** In his response [R. 55], Baker implicitly acknowledges that he did not file inmate grievance forms with respect to his surviving claims, but contends (1) the Defendants may not raise exhaustion in a motion to dismiss under Rule 12; (2) his exhaustion of claims which are barred by the statute of limitations nonetheless gave "fair notice" to the Defendants of those claims which are not, and the latter should therefore be deemed exhausted; and (3) he was not required to file a grievance with respect to each act taken pursuant to an established policy which he is challenging. With respect to the merits of his claims, Baker asserts that he has stated viable claims and that genuine issues of material fact preclude the entry of summary judgment. Finally, Baker contends that he is entitled to discovery prior to determination of Defendants' motion under Federal Rule of Civil Procedure 56(f). Baker has also filed separate motions to file an amended complaint and to compel discovery. [R. 56, 57] The Court will discuss each of these matters below.

## II. Discussion

A. *Defendants' Motion for Summary Judgment.*
Defendants have moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. [R. 51] Baker opposes the Defendants' motion under Rule 12 because, he asserts, the affirmative defense of failure to exhaust administrative remedies is not one of the enumerated defenses expressly identified in Rule 12(b). [R. 55 at pg. 10–13] Rule 12(b) requires that every defense to a claim be asserted in a responsive pleading such as an answer, but also permits a party to assert certain defenses, such as improper venue or lack of personal jurisdiction, by motion. Through its use of the term "may," Rule 12(b) permits, but does not require, the identified bases for dismissal to be asserted by motion. Nothing in the terms of the rule precludes the assertion of other substantive bases for dismissal by motion. Indeed, other unenumerated grounds for dismissal—such as failure to exhaust administrative remedies and the statute of limitations—are commonly decided on motions to dismiss, a practice approved by the Sixth Circuit and the Supreme Court. *Scott v. Ambani,* 577 F.3d 642, 647 (6th Cir.2009); *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.")

Even if this were not so, the defenses raised by the Defendant are properly before the Court. Because the Defendants have included additional material in support of their motion and rely upon materials extrinsic to the Complaint, the Court must treat their motion as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d); *Mays v. Buckeye Rural Elec. Co-op., Inc.,* 277 F.3d 873, 877 (6th Cir.2002) (district court may properly consider motion to dismiss as one for summary judgment when invited to consider matters outside the pleadings); *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir.2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested). The question of exhaustion and the viability of Baker's claims are therefore properly before the Court on Defendants' motion for summary judgment.

**\*3** Rule 56 requires the entry of summary judgment for the moving party if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Kand Medical, Inc. v. Freund Medical Products, Inc.,* 963 F.2d 125, 127 (6th Cir.1992). The rule permits a defendant to challenge the viability of the plaintiff's claim by asserting that at least one essential element of plaintiff's claim is not supported by legally-sufficient evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The defendant does not need his own evidence to support this assertion, but need only point to the absence of evidence favoring the plaintiff. *Turner v. City of Taylor,* 412 F.3d 629, 638 (6th Cir.2005). In response, the plaintiff cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrate that factual questions remain for trial. *Hunley v. DuPont Auto,* 341 F.3d 491, 496 (6th Cir.2003). If the totality of the evidence submitted—viewed in a light most favorable to the plaintiff with the benefit of any reasonable factual inferences which can be drawn in his favor, *Harbin–Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir.2005)—"would require a directed verdict for the moving party," summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the applicable substantive law requires the

nonmovant to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback,* 113 F.3d 639, 642 (6th Cir.1997); *Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1444 (6th Cir.1993).

Baker asserts that the motion for summary judgment is premature because he has not yet been afforded the opportunity to conduct discovery. While Baker invokes Rule 56(f), his affidavit does not establish that he "cannot present facts essential to justify its opposition" to the motion. Baker asserts that he seeks (1) the identity of the "Unknown John Does" named as Defendants in his Complaint; (2) information regarding Defendant Wyatt's authorization of or participation in opening his incoming legal mail; and (3) a listing of all incoming legal mail that was opened. But Baker offers no explanation how this information would assist him in resisting Defendants' motion for summary judgment, which is based upon exhaustion of administrative remedies and the pure questions of law regarding the constitutionality of the BOP's regulations regarding incoming legal mail and sexually-explicit materials. Because the information Baker seeks is not relevant to these questions, a request for time to conduct discovery is not a basis to delay consideration of Defendants' summary judgment motion. *Stewart v. Evans,* 351 F.3d 1239, 1244 (D.C.Cir.2003) (in *Bivens* suit under Fourth Amendment, Rule 56(f) request for discovery was properly denied where no amount of discovery could have altered undisputed facts); *Building and Const. Dept. v. Rockwell Intern. Corp.,* 7 F.3d 1487 (10th Cir.1993) (where requesting parties failed to show that discovery would produce any evidence relevant to motion, Rule 56(f) motion is properly denied).

### B. *Exhaustion of Administrative Remedies.*

**\*4** Federal law requires a prisoner to exhaust all administrative remedies available through the prison's inmate grievance system prior to filing suit. 28 U.S.C. § 1997e(a). In the Court's January 17, 2007, Memorandum Opinion and Order, the Court noted that Baker had administratively exhausted his claims regarding opening of his "legal mail" on April 29, 2004, and his claims regarding receipt of sexually-explicit materials on July 20, 2004. Because he waited until June 6, 2006, to file suit, however, the Court found that his claims were barred by the statute of limitations, [R. 22] a conclusion affirmed by the Sixth Circuit on appeal. [R. 36]

In his Complaint, however, Baker also complained of the same conduct occurring long after he had completed the grievance process. While certain of this conduct appeared to fall within the statute of limitations period, and hence would not be time barred, notably absent from the extensive documentation provided by Baker regarding his efforts at exhaustion was any indication that he had exhausted his administrative remedies regarding this later conduct. On this ground, the Court found that Baker had not exhausted his administrative remedies, a determination reversed by the Sixth Circuit in light of the Supreme Court's subsequent decision in *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). [R. 36]

The question to be determined on remand is therefore whether Baker did, in fact, administratively exhaust these claims. The Defendants state unequivocally that he did not:

> An examination of Plaintiff's official administrative remedy history shows on or after the relevant dates ... Plaintiff did not file any administrative remedies at any level regarding the opening of his legal mail or the sexually-explicit publication ban.

Declaration of Joseph Tang at ¶ 6. [R. 51–2] In his response, Baker does not contradict this critical assertion. At several places in his response, Baker asserts that there is a factual dispute about whether he exhausted his administrative remedies, but there is none. What Baker does contend is that although he did not exhaust his administrative remedies with respect to his surviving claims by invoking and completing the BOP's inmate grievance process, he nonetheless was either not required to do so or should be deemed to have done so as a matter of law. The Court will discuss his arguments in turn.

First, Baker argues that through his prior invocation of the grievance process in 2004, the BOP was put on "fair notice" of his claims, and therefore he was not required to exhaust his claims again for conduct occurring thereafter. Baker cites *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir.2003) for this proposition, which set forth the Sixth

Circuit's rule that a grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made." Contrary to Baker's suggestion, *Burton's* holding relates to the sufficiency of the allegations made in a particular prison grievance to put prison officials on notice of the nature of prisoner's claim—it does not remotely support the notion that once prison officials are aware of that claim, the prisoner is thereafter excused from fully and properly exhausting a claim arising out of similar but distinct conduct as required by 42 U.S.C. § 1997e and *Woodford v. Ngo,* 548 U.S. 81, 86, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

**\*5** Second, Baker argues that because the conduct about which he complained was the same in each instance and taken pursuant to an established BOP regulation, he was not required to initiate a separate grievance for each occurrence. There is authority which holds that where the issue complained of is not an isolated or particular instance of conduct, but a policy or repeated pattern of conduct, the inmate may exhaust administrative remedies by filing a single grievance, and is not required to separately grieve each event. *Howard v. Waide,* 534 F.3d 1227, 1244 (10th Cir.2008) (*citing Johnson v. Johnson,* 385 F.3d 503, 521 (5th Cir.2004)); *Aiello v. Litscher,* 104 F.Supp.2d 1068, 1074 (W.D.Wis.2000). The Sixth Circuit has not addressed the issue.

However, the Court need not determine whether a prisoner's challenge to a pattern of conduct taken pursuant to a policy may be administratively exhausted by filing a single grievance, because such a determination would not assist Baker even if decided in his favor. Entirely apart from the merits of his underlying claims, Baker must have satisfied two procedural requirements for each claim: he must have timely and properly exhausted his administrative remedies, and then filed suit within the statute of limitations. Baker has not satisfied both of these procedural requirements with respect to any claim. As previously noted, while Baker did administratively exhaust both of his surviving claims in 2004, his failure to file suit until 2006 resulted in those claims being time-barred. And while his Complaint filed in 2006 may complain of conduct occurring within the one year immediately preceding its filing, the record establishes that he did not exhaust his administrative remedies with respect to that conduct which transpired within the limitations period. The record therefore establishes that Baker has not exhausted his administrative remedies with respect to any timely-filed surviving claim, and those claims must therefore be dismissed with prejudice. *Woodford v. Ngo,* 548 U.S. 81, 86, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

C. *Merits of the Underlying Claims.*

Even if Baker had timely and properly exhausted his administrative remedies, both of his surviving claims would fail on the merits.

Baker's first claim is that the BOP is violating his constitutional rights by opening mail, outside of his presence, which is sent to him by a state or federal court but which lacks the "Special Mail—Open only in the presence of the inmate" label required by BOP regulations for "Special Mail" treatment. 28 C.F.R. § 540.2(c). As support for his argument, Baker relies on the Sixth Circuit's statement in *Sallier v. Brooks,* 343 F.3d 868, 877 (6th Cir.2003) that "mail from a court constitutes 'legal mail' and cannot be opened outside the presence of [the inmate]."

This Court has previously noted, however, that this isolated sentence indicates only the recognition of the basic right of prisoner's to receive mail. Both the Supreme Court and the Sixth Circuit have long recognized that this right is subject to reasonable regulation to meet a prison's security needs. *Wolff v. McDonnell,* 418 U.S. 539, 576–77, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (inmates' right to have legal mail opened only in their presence is subject to reasonable prison regulations); *Knop v. Johnson,* 977 F.2d 996, 1012 (6th Cir.1992) (prison officials may impose restrictions that are reasonably related to security or other legitimate penalogical objectives); *Lavado v. Keohane,* 992 F.2d 601, 607 (6th Cir.1993) ("prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security.")

**\*6** In a decision issued after *Sallier* was handed down, at least one district court found no constitutional violation where the BOP adhered to the same mail regulations at issue in this case. *Merriweather v. Zamora,* 2006 WL 2711809, at \*4 (E.D.Mich.2006) ("BOP P.S. 5265.11 is a reasonable regulation within the meaning of *Wolff.* The envelopes [which] did not indicate "legal mail," "open only in presence of inmate," or substantially similar language and were therefore not accorded

constitutionally protected status."). The Court cited the *Merriweather* opinion in its original Memorandum Opinion and Order dismissing the case. During the pendency of Baker's appeal and subsequent proceedings, the *Merriweather* decision has been affirmed in pertinent part. In *Merriweather v. Zamora,* 569 F.3d 307 (6th Cir.2009), the Sixth Circuit affirmed the dismissal on qualified immunity grounds of claims against mailroom employees in a federal prison to the extent those individuals acted consistently with the same BOP policy at issue here. *Id.* at 312 ("Before turning to the qualified immunity analysis, we must first consider whether any of the contested pieces of mail qualify as properly labeled legal mail.") Noting that the Supreme Court upheld the validity of prison mailroom regulations similar to those here over thirty years ago, *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Sixth Circuit held that in the aftermath of *Sallier* it is the " 'blatant disregard' for mail handling regulations concerning legal mail [that] violates constitutional protections." *Merriweather,* 569 F.3d at 317. Here, Baker does not contend that BOP employees disregarded the applicable mail regulations; rather, he asserts that they are liable for adhering to a policy which is itself unconstitutional. In light of the Sixth Circuit's affirmance in *Merriweather,* this claim unquestionably fails as a matter of law.

Baker's second claim is that the BOP regulations which prohibit federal prisoners from purchasing or obtaining sexually-explicit materials violates his constitutional rights. Program Statement 5266.10 ¶ 7 implements 28 C.F.R. § 540.72 and 28 U.S.C. § 530C(b)(6) (the "Ensign Amendment"). As the Court noted in its original opinion, numerous court have upheld the BOP's regulations in general and the Ensign Amendment in particular against constitutional challenges by prisoners. *Thompson v. Patterson,* 985 F.2d 202, 207 (5th Cir.1993) (prison officials may restrict access to sexually explicit materials consistent with the First Amendment); *Amatel v. Reno,* 156 F.3d 192, 196–202 (D.C.Cir.1998) (restrictions imposed by Ensign Amendment on prisoner's First Amendment rights satisfy *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) standards); *see also Boyd v. Stalder,* 2006 WL 3813711, at *4–5 (W.D.La. December 27, 2006) (upholding state prison rule prohibiting receipt of sexually-explicit materials).

Numerous courts have been faced with challenges to prison policies that are functionally identical to the one at issue here, and have correctly found that a prison's need to maintain institutional security and to deter aggressive or violent behavior amply justifies the limited restriction imposed. *See Robertson v. South Carolina Dep't of Corrections,* 2010 WL 679070, at *9 (D.S.C. February 24, 2010) ("the SCDC policy is an incentive to promote good behavior and a desire to avoid placement in the ASU. Furthermore, restricting prisoner access to pornography is rational because the restriction reduces the risk that inmates will engage in disruptive sexual acts and/or sexual violence, thereby promoting institutional security."); *Baasi v. Fabian,* 2010 WL 924384, at * 12 (D.Minn. March 11, 2010) ("restricting a prisoner's access to sexually explicit materials is reasonably related to the legitimate penalogical interests of safety, of preventing sexual harassment, and of rehabilitating sex offenders.") (finding other *Turner* factors satisfied where prison officials had no other viable means to protect prison safety from disruptive effects of pornographic material and inmate retained alternative means of exercising First Amendment rights); *Beard v. Banks,* 548 U.S. 521, 532–33, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006) (upholding policy prohibiting inmates from accessing newspapers, magazines, and photographs against First Amendment challenge under *Turner* standard). The Court therefore reiterates its agreement with the District of Columbia Court of Appeals that the Ensign Amendment's prohibition against a prisoner receiving sexually explicit materials satisfies *Safley's* requirement that the regulation be "reasonably related to legitimate penalogical interests." *Safley,* 482 U.S. at 89; *Amatel,* 156 F.3d at 196–202. Baker's constitutional challenge to the BOP's regulations regarding sexually-explicit materials therefore fails as a matter of law.

D. *Baker's Motion to Compel Discovery and to Amend Complaint.*

**\*7** Approximately one month after Baker filed his response to the Defendants' motion for summary judgment, on November 19, 2009, Baker filed a motion to compel the Defendants to respond to interrogatories he propounded upon them shortly after they filed their motion. [R. 57] In his motion, Baker indicates that on August 20, 2009, he sent interrogatories to the Defendants seeking information on how incoming mail addressed to prisoners is handled by mailroom staff, as well as the identities of mailroom staff who handled that mail. Baker asserts that when he had not received a response to his discovery requests, on October 1, 2009, he sent a

letter to Defendants' counsel inquiring as to the status of a response. Defendants' counsel apparently failed to respond to Baker's second letter on October 21, 2009. Defendants also did not file any response to Baker's motion to compel.

As a threshold matter, one cannot condone the Defendants' failure to respond to Baker's discovery requests, to his correspondence regarding those discovery requests, or to his motion to compel. While Baker delayed in making any discovery requests until a motion for summary judgment had been filed, the appropriate step for a party wishing to avoid discovery pending the outcome of a dispositive motion is to request a stay of discovery or seek a protective order, it is not to simply ignore the request. See *Apotex Corp. v. Merck & Co., Inc.,* 229 F.R.D. 142, 145 (N.D.Ill.2005) (contention that patentee would ultimately lose case was not a proper basis to refuse to respond to its discovery requests, where defendant had answered complaint, rather than moving to dismiss or seeking summary judgment, and had not sought a stay of discovery or a protective order barring or limiting discovery).

Nonetheless, the Court will deny the motion to compel in light of its disposition of Baker's claims. The information sought by Baker in his interrogatories is similar in kind to that which he identified in his Rule 56(f) request to delay consideration of the Defendants' motion for summary judgment. While it may be generally relevant to his claims, it has no bearing upon the dispositive questions raised by the Defendants with respect to his exhaustion of administrative remedies or the constitutionality of the BOP regulations. A court should deny a motion to compel where the information sought will not undermine a summary judgment granted on other grounds. Cf. *Brown v. Inter Ocean Ins. Co.,* 438 F.Supp. 951, 955 (N.D.Ga.1977) (where insurer was entitled to summary judgment in diversity breach of contract action brought by widow of life insurance applicant, any further inquiry into insurer's normal practices or procedures for processing insurance applications and issuing policies was unwarranted and, therefore, the widow's motion to compel the insurer to answer certain questions propounded to its employee regarding other pending lawsuits was denied).

Baker has also filed a motion to file an amended complaint to add further allegations regarding the handling of mail received from courts after his complaint was filed in this action. While leave to file an amended complaint may be freely granted under Federal Rule of Civil Procedure 15, the Court will deny leave to amend the Complaint at this late stage in the proceedings. This case was filed nearly four years ago, and has already been appealed the Sixth Circuit and remanded for further proceedings. First, the sheer passage of time is sufficient ground to deny amendment in light of the evident prejudice to the Defendants. *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir.2005) (untimeliness alone is an adequate reason to refuse leave to amend a complaint); *Conner v. Illinois Dept. of Natural Resources,* 413 F.3d 675, 679 (7th Cir.2005) (affirming denial of motion to amend complaint when filed late in litigation and in response to motion for summary judgment). Further, the amended complaint seeks to add merely new instances of BOP mailroom staff opening letters received from courts, and absent from Baker's new allegations is any suggestion that he exhausted his administrative remedies with respect to this conduct. While Baker was not required to make such an allegation under *Jones,* given the prominence of exhaustion as an issue in this litigation, Baker's silence on this point is notable. In light of the Court's determination that the BOP's mail policies are constitutional, adding allegations of new instances of adherence to that policy creates no new viable claims, and amendment may be denied as futile. See *Martinez v. Junta de Planificacion de Puerto Rico,* 736 F.Supp. 413, 422 (D.Puerto Rico 1990) (motion to amend complaint filed after defendant has moved for summary judgment will not be granted unless plaintiff can show substantial merit of proposed amendment and comes forward with substantial and convincing evidence for newly asserted claim).

### III. Conclusion

*\*8* Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 51] is **GRANTED.**

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

3. Plaintiff's Motion for Leave to File and Serve Supplemental Complaint [R. 56] and Motion to Compel Answers to Interrogatories [R. 57] are **DENIED.**

4. The Court will enter an appropriate Judgment.

5. This matter is **CLOSED** and shall be stricken from the active docket.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1334924

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Tab 2

Fed. Defs. 009

2015 WL 12831683
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas, Corpus Christi Division.

Gary GUAJARDO, et al, Plaintiffs,
v.
Alfredo Ricardo MARTINEZ; aka Freddie Martinez, Jr., et al, Defendants.

CIVIL NO. 2:14–CV–450
|
Signed 12/22/2015

**Attorneys and Law Firms**

David Wesley Showalter, Heather Scilley von Sternberg, Showalter Law Firm, Richmond, TX, for Plaintiffs.

J A Tony Canales, Canales Simonson PC, Paul G. Kratzig, Paul G. Kratzig Assoc, Corpus Christi, TX, Lynn Hamilton Butler, Husch Blackwell LLP, April E. Lucas, Douglas D. Dodds, McGinnis Lochridge et al, Austin, TX, for Defendants.

## ORDER

Hilda Tagle, Senior United States District Judge

*1 BE IT REMEMBERED that on December 22, 2015 the Court **GRANTED** Martinez Defendants' Motion to Stay Discovery Pending the Disposition of Defendants' Motion to Dismiss, Dkt. No. 55, and Defendants Husch Blackwell LLP's and Lynn Hamilton Butler's Joinder to Motion to Stay Discovery Pending Disposition of Defendants' Motion to Dismiss, Dkt. No. 57.

On November 12, 2014, Plaintiffs filed the instant suit alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act against Defendants Alfredo Ricardo Martinez, Jr. a.k.a. Freddie Martinez, Jr., JoAnn Hobbs, John Martinez, Marc Martinez, Eloy Leija, Marfre, LLC, Martzcom Music, LLC, SCMP, LLC, A.R. Martinez Family Limited Partnership, Martinez Land and Buffalo Company, LLC, ELM Land and Buffalo Company, LLC, and Brothers Trei, Ltd. (collectively "Martinez Defendants"), as well as against Lynn Hamilton Butler and Husch Blackwell LLP (collectively "Attorney Defendants"). Dkt. No. 1. Plaintiffs filed their First Amended Complaint on February 26, 2015. Dkt. No. 4. On April 13, 2015, Martinez Defendants, along with all other defendants, jointly filed a motion to dismiss all of Plaintiffs' claims. Dkt. No. 30. Plaintiffs responded on June 4, 2015. Dkt. No. 40, and Defendants filed their reply, Dkt. No. 45. Attorney Defendants filed a separate brief, and the Court permitted Plaintiffs to file a sur-reply. Dkt. No. 51. The motion to dismiss remains pending before this Court.

According to the instant motion, Plaintiff Gary Guajardo ("Guajardo") served his First Request for Production to Martinez Defendants on October 30, 2015. Dkt. No. 55, ¶ 5. Defendants request that the Court stay discovery until the Court has ruled on Defendants' pending motion to dismiss. Dkt. No. 55, ¶ 6. Defendants argue that the court has broad discretion over discovery matters, and a stay is warranted here because discovery would be costly given the voluminous requests. Dkt. No. 55, ¶ 9. Defendants state that the stay will preclude "enormously expensive and unnecessary discovery, including the responses and production of ten sets of discovery propounded upon Martinez Defendants, and other litigation expenses until preliminary questions ... are determined." Dkt. No. 55, ¶ 2. Defendants request that discovery be stayed until the Court has determined which causes of action, if any, will move forward. Dkt. No. 55, ¶ 9. Defendants argue that Plaintiffs will not suffer prejudice as a result of the stay. Dkt. No. 55, ¶ 9. In their motion joining Martinez Defendants' motion to stay discovery, Attorney Defendants argue that the case should be stayed pending the Court's ruling on the motion to dismiss pursuant to the mandate of the Texas Anti–SLAPP statute. Dkt. No. 57, ¶ 1. Attorney Defendants state that Plaintiff Guajardo served his First Request for Production on October 21, 2015 and included twenty-four requests for production. Dkt. No. 57, ¶ 4. Attorney Defendants state that they seek dismissal of Plaintiffs claims under the Texas Anti–SLAPP statute, and that the statute stays all discovery pending the Court's ruling on the motion to dismiss. Dkt. No. 57, ¶ 7.

*2 In response, Plaintiffs argue that Defendants fail to allege that they will suffer prejudice or undue burden if discovery proceeds. Dkt. No. 58, ¶ 10. Plaintiffs argue that the Martinez Defendants' motion to stay discovery rests on the assumption that the Court will grant their motion to dismiss or at least dismiss some claims. Dkt.

No. 58, ¶ 12. Plaintiffs contest that, even if some claims are dismissed, the causes of action are so intertwined that the discovery requests propounded would still be necessary. Dkt. No. 58, ¶ 14. Plaintiffs also note that the parties have already undertaken significant investigation of the facts in the case, but Plaintiffs' RICO claims require further discovery, and Plaintiffs allege hiding and concealing property and information as part of the basis of Defendants' alleged racketeering activities. Dkt. No. 58, ¶ 16. Plaintiffs argue that a stay would disproportionately impact and harm them. Dkt. No. 58, ¶ 16. Plaintiffs further argue that Attorney Defendants failed to follow necessary procedure under the Texas Anti–SLAPP statute to warrant an automatic stay of discovery pending a motion to dismiss under that statute. Dkt. No. 58, ¶¶ 17–19.

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). However, the "the issuance of a stay is by no means automatic." *United States ex rel. Gonzalez v. Fresenius Med. Care North America*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted). A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Fed. R. Civ. P. 26(c). It also "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768 (internal quotation marks omitted); *see also Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990) (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing why the discovery sought would be unduly expensive and burdensome).

Here, Defendants have met their burden to show that discovery would be expensive and burdensome if Defendants must conduct discovery prior to the Court's ruling on the motion to dismiss. Because Plaintiffs allege complex claims under civil RICO, Defendants' concerns about the cost and inconvenience of discovery are reasonable. Additionally, Plaintiffs represent that they have begun an investigation into the facts of the case that formed the basis of their pleadings. The Court infers that Plaintiffs' allegations that form the basis of their RICO claims developed from discovery in a related case in the Houston Division, which involved the same parties as the instant case. *See Guajardo v. Freddie Records, Inc.*, Case No. 4:10–cv–2024. With Defendants' motion to dismiss pending, Defendants have shown good cause for staying discovery.

The Court therefore finds there is good cause for staying discovery until it rules on the motion to dismiss. The Court **GRANTS** Martinez Defendants' motion to stay discovery and Attorney Defendants' motion to join Martinez Defendants' motion to stay discovery. The Court **STAYS** all discovery deadlines pending its ruling on the motion to dismiss.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 12831683

---

# Tab 3

Fed. Defs. 012

KeyCite Yellow Flag - Negative Treatment
Distinguished by Griffin v. American Zurich Insurance Company, N.D.Tex., March 18, 2015

2004 WL 1144142
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Dallas Division.

Eric VON DRAKE Plaintiff,
v.
NATIONAL BROADCASTING COMPANY, INC., et al. Defendants.

No. 3-04-CV-0652R.
|
May 20, 2004.

**Attorneys and Law Firms**

Eric Von Drake, Richardson, TX, pro se.

Robert P Latham, Alisha LaRochelle Danchak, Jackson Walker, Dallas, TX, for Defendants.

*MEMORANDUM ORDER*

KAPLAN, Magistrate J.

**\*1** Defendants National Broadcasting Company, Inc. and Tom Touchet have filed a motion for a temporary stay of discovery pending a ruling on their motion to dismiss. For the reasons stated herein, the motion is granted.

I.

This is a *pro se* race and age discrimination case brought under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab.Code Ann. § 21.001, *et seq.,* with a related claim for intentional infliction of emotional distress. Plaintiff Eric Von Drake, a 49-year old African-American male, accuses the defendants of discrimination for failing to select him as a finalist for a singing competition produced by the *Today Show.* On February 27, 2004, plaintiff filed suit in Texas state district court. Defendants were served by certified mail on March 3, 2004. Along with the complaint, plaintiff served defendants with multiple interrogatories and document requests seeking, *inter alia,* detailed information about the 6,000 people who applied for the singing competition, federal tax returns for the past five years, and copies of felony arrest records regarding Tom Touchet, Robert Wright, and Anthony Lock. Defendants timely removed the case to federal court on March 29, 2004.[1] Shortly thereafter, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. That motion is currently pending before the district judge. Defendants now seek a temporary stay of discovery pending a ruling on their motion to dismiss. Plaintiff has filed a response in opposition to a stay of discovery and the motion is ripe for determination.

II.

A federal district court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c). While discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of stay is by no means automatic." *Spencer Trask Software and Information Services, LLC v. RPost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y.2002), *quoting In re WRT Energy Securities Litigation,* 1996 WL 580930 at \*1 (S.D.N.Y. Oct.9, 1996). Among the factors that inform the court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Id.,* citing *Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277 at \*3 (S.D.N.Y. Mar.7, 1996) *and Gandler v. Nazarov,* 1994 WL 702004 at \*4 (S.D.N.Y. Dec.14, 1994). A stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n International AFL-CIO,* 901 F.2d 404, 436 (5th Cir.), *cert. denied,* 111 S.Ct. 244 (1990). *See also Nankivil v. Lockheed Martin Corporation,* 216 F.R.D. 689 (M.D.Fla.2003), *aff'd,* 87 Fed.Appx. 713, 2003 WL 22669331 (11th Cir. Oct.23, 2003), *cert. denied,* 2004 WL 540542 (U.S. May 17, 2004) (citing cases) (good cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action").

**\*2** Although the magistrate judge cannot predict the outcome of defendants' motion to dismiss, a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of

plaintiff's claims. Moreover, many of the interrogatories and document requests served on defendants are overly broad and harassing. Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal. Under these unique circumstances, a stay is warranted.[2]

Defendants' motion for a temporary stay of discovery is granted. All discovery in this case is stayed pending a ruling on defendants' motion to dismiss.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 1144142

*CONCLUSION*

Footnotes

1   Although plaintiff alleges only state statutory and common law causes of action, he seeks "liquidated damages pursuant to the Fair Labor Standards Act." (*See* Plf. Compl. at 9, ¶ 29). Defendants therefore removed this action on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, defendants maintain that federal diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2   The court takes judicial notice that plaintiff is no stranger to the civil justice system, having filed more than 26 lawsuits in the past five years. (*See* Def. Mot., Exh. 1 at 29-33). At a recent hearing before another judge in this district, plaintiff was chastised for "attempting to make a mockery of the federal system." (*Id.,* Exh. 1 at 19).

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Tab 4

Fed. Defs. 015

Case 1:18-cv-00068 Document 395-1 Filed on 06/10/19 in TXSD Page 17 of 20

Adame v. Refugio County, Not Reported in Fed. Supp. (2018)
2018 WL 1918656, 2018 Fair Empl.Prac.Cas. (BNA) 144,262

2018 WL 1918656
United States District Court, S.D.
Texas, Corpus Christi Division.

Ricardo ADAME, Plaintiff,
v.
REFUGIO COUNTY, Defendant.

CIVIL ACTION NO. 2:16-CV-139
|
Signed 04/24/2018

**Attorneys and Law Firms**

David Eric Wood, Attorney at Law, McAllen, TX, for Plaintiff.

Casey Terrence Cullen, Cullen Carsner Seerden and Cullen LLP, Victoria, TX, for Defendant.

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

NELVA GONZALES RAMOS, UNITED STATES DISTRICT JUDGE

*1 Before the Court is Plaintiff Ricardo Adame's Motion for Relief from Final Judgment and Order (D.E. 49), seeking relief under Fed. R. Civ. P. 60(b). Plaintiff claims that his former supervisor, Refugio County Sheriff Robert Bolcik, made a statement to a former co-worker, Timothy Lee Dickey, which substantiates his racial discrimination claim.[1] Plaintiff did not discover this statement, which was allegedly made prior to his filing this action, until after this Court issued judgment in this case. On December 11, 2017, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R) recommending that the Court deny Plaintiff's motion. D.E. 51. Plaintiff timely objected. D.E. 52.

Plaintiff was informed in a Notice to Parties following the substance of the M&R that it was subject to adoption by this Court absent objections to the recommendations. D.E. 51, p. 11. Rule 72(b) requires that objections be specific. See SciCo Tec GmbH v. Boston Scientific Corp., 599 F. Supp. 2d 741, 743 (E.D. Tex. 2009) (nonspecific, conclusory objections "are no better than a complete failure to object"). It would defeat the judicial efficiency purposes of Magistrate Judge review to require a de novo reconsideration of the entirety of an M&R without specific complaints.

Plaintiff's objections largely take the form of general discussions of the law (regarding the standards of review both on summary judgment and under Rule 60) and the facts (regarding both the merits and the discovery of the statement made to Dickey). He further requests to incorporate by reference material set out in prior filings. However, such briefing does not advise the Court of any particular error in the Magistrate Judge's analysis.

Plaintiff's general briefing fails to satisfy the specific-objection requirement of Rule 72(b). Even though the briefing may contain hints of objections, it is not for the Court to sift through and formulate those objections for Plaintiff. Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003). Except as addressed below, the Court will therefore disregard any briefing not directed to a specific objection.

The Court's review of Plaintiff's filing reveals only two explicitly stated objections:

1. General Objection: The M&R's "Factual and Procedural Background" describes the case under the wrong standard, failing to draw inferences in favor of Plaintiff and giving insufficient weight to evidence of pretext; and

2. Rule 60(c) Objection: The M&R errs in treating August 18, 2017, as the date on which Plaintiff's counsel became aware of the newly discovered evidence because counsel could not act on the evidence until Dickey agreed to sign his affidavit making the matter admissible.

Plaintiff's intent to lodge a third objection clearly emerges from his filing, so the Court will also review the M&R's recommendation to deny relief on the grounds that Plaintiff did not meet the diligence requirement from Rule 60(b)(2). The Court deems waived any objections to the M&R's recommendation to deny relief under the remaining subsections of Rule 60(b).

**A. Objection to Factual and Procedural Background**
*2 Plaintiff objects to the M&R's "Factual and Procedural Background" discussion "because it fails to properly consider plaintiff's evidence" and "fails to draw

Case 1:18-cv-00068 Document 395-1 Filed on 06/10/19 in TXSD Page 18 of 20

Adame v. Refugio County, Not Reported in Fed. Supp. (2018)
2018 WL 1918656, 2018 Fair Empl.Prac.Cas. (BNA) 144,262

the inferences from the evidence in his favor." *See* D.E. 52, p. 1. He also devotes much of his filing to recounting facts that were already in the record. *Id.* at 1–2, 7–8. Plaintiff's objection is misplaced, as he is not entitled to inferences in his favor under Rule 60(b), the authority under which he now must proceed.

The burden of proof to satisfy the requirements of Rule 60(b) lies on Plaintiff as movant, and the matter is entrusted to the Court's discretion. *United States v. Harrison Cty., Miss.*, 463 F.2d 1328, 1330 (5th Cir. 1972) (burden of proof on Rule 60(b) movant); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir. 2000) (Rule 60(b) standard of review is abuse of discretion). Nothing in the standard of review suggests that, on a Rule 60 motion, Plaintiff is entitled to any inferences in his favor. [2]

Additionally, the factual recitation to which Plaintiff objects merely summarizes the procedural posture of the litigation and the Court's prior holdings. It does not relate to his claim of newly discovered evidence or the issue of due diligence and timeliness in having failed to discover the evidence and present his motion sooner. The Court finds no error with the M&R's discussion of the facts, nor is a Rule 60(b) motion "the proper vehicle for rehashing old arguments." *Frazier v. Map Oil Tools, Inc.*, 725 F. Supp. 2d 597, 609 (S.D. Tex. 2010) (quoting *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) ) (internal quotation marks omitted). This objection is **OVERRULED**.

### B. Objection Under Rule 60(c)(1)

The second of Plaintiff's explicit objections relates to the M&R's recommendation to deny his motion because it was not brought within a reasonable time. *See* D.E. 51, p. 6. Setting aside, for now, whether Plaintiff exercised sufficient diligence to learn of the evidence upon which he now relies, the question is whether his motion was filed within a reasonable time of his actually discovering the evidence. *See* Fed. R. Civ. P. 60(c)(1) (motions under Rules 60(b)(1), (2), and (3) "must be made within a reasonable time," not to exceed one year after the judgment or order the motion seeks to vacate).

Specifically, Plaintiff "objects to the memorandum's notation about Plaintiff's counsel becoming aware of the conversation between Dickey and Bolcik on August 18, 2017." D.E. 52, p. 9. He does not claim this is inaccurate, or that the Magistrate Judge erred in concluding that nearly four months elapsed from when Plaintiff discovered the new evidence to when he filed his motion. Instead, he contends that Dickey did not agree to sign his affidavit until October 1 and thus Plaintiff's motion, filed the next day, was made within a reasonable time. *Id.* The Court finds no error with the M&R's finding that Plaintiff's counsel learned of the evidence on August 18, 2017.

Plaintiff makes an additional argument regarding timeliness. Citing Rule 60(b)(1), which allows the Court to vacate a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect," Plaintiff asks the Court to excuse the two-month period during which Plaintiff knew of Dickey's evidence, but his counsel was not yet aware of it. D.E. 52, p. 6. Plaintiff contends that his error in not promptly informing his attorney of the new evidence is excusable because Plaintiff, as a non-lawyer, mistakenly thought it was too late to submit any new evidence. *Id.* at 8–9. The Court therefore construes Plaintiff's reference to Rule 60(b)(1) as an argument that the Court should find that his motion was made within a reasonable time.

**\*3** Even if the date Plaintiff learned of the evidence is disregarded, the M&R appropriately observed that the evidence was available and could have been discovered years earlier through due diligence. The Court further agrees with the M&R that Plaintiff has failed to show the required "good reason for the failure to take appropriate action sooner." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 2866 (3d ed.). Plaintiff has not explained what measures, if any, were taken to try to secure the testimony sooner, whether the testimony could have been compelled, or whether counsel could have filed the motion and sought additional time or the Court's assistance in securing the necessary evidence. His objections under Rule 60(c)(1) are **OVERRULED**.

### C. Objection Under Rule 60(b)(2)

Finally, Plaintiff's filing invokes Rule 60(b)(2), which relates to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff also addresses some of the requirements for relief under that Rule. The Court will therefore review the M&R's recommendation to deny relief under this provision.

Case 1:18-cv-00068 Document 395-1 Filed on 06/10/19 in TXSD Page 19 of 20

**Adame v. Refugio County, Not Reported in Fed. Supp. (2018)**
2018 WL 1918656, 2018 Fair Empl.Prac.Cas. (BNA) 144,262

To succeed under Rule 60(b)(2), Plaintiff must show "(1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

**Due Diligence.** Plaintiff claims that he "had no way to obtain Mr. Dickey's information before he volunteered it." D.E. 52, p. 6. This assertion assumes that Plaintiff had no obligation to investigate his case by such measures as asking co-workers if they had any information relevant to his employment discrimination claim. *See generally* Fed. R. Civ. P. 11(b). Plaintiff has failed to meet his burden of proof to show that, despite the exercise of reasonable diligence, he would not have discovered Dickey's evidence in time to include it in a response to the summary judgment motion or to move for a new trial under Rule 59(b). Plaintiff thus fails to meet the diligence test. [3]

**Defendant's Silence.** Plaintiff claims that Defendant Refugio County (the County) is responsible for his tardiness in discovering Dickey's evidence, as it should have named Dickey either (1) when answering the complaint's allegation that Sheriff Bolcik is prejudiced against Hispanics; or (2) as a possible witness with discoverable information. *See* D.E. 52, pp. 6–7. This argument also fails.

Even if the Court assumes that Sheriff Bolcik made the alleged comment and that the County knew about it, [4] Plaintiff's complaint never mentioned Dickey or referenced the comment, so there was no pertinent allegation for the County to admit or deny. Nor would Rule 26(a)(1) have required the County to disclose Dickey, unless the County expected to use him to support its case. *See* Fed. R. Civ. P. 26(a)(1) (party required to provide names of individuals having discoverable information that supports the party's claims or defenses); *see also* 8A WRIGHT & MILLER, § 2053 (Under Rule 26(a)(1), "a party is not required to disclose material that will solely aid its opponent...."). [5] This objection is **OVERRULED**.

**\*4** For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** as its own the findings of fact and conclusions of law from the M&R, and **DENIES** Plaintiff's motion.

ORDERED this 24th day of April, 2018.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 1918656, 2018 Fair Empl.Prac.Cas. (BNA) 144,262

Footnotes

1   Specifically, Dickey avers that Sheriff Bolcik told him that Plaintiff "was a 'worthless fuckin Mexican' and he had fired him." D.E. 49-1, p. 1. Defendant denies that Sheriff Bolcik made the statement. D.E. 53, p. 2.
2   Plaintiff complains that the Magistrate Judge improperly credited the County's denial of Dickey's allegation, instead of recognizing the disputed truth of the affidavit as a fact issue precluding summary judgment. *See* D.E. 52, pp. 9–10. Because this motion is under Rule 60, not Rule 56, this argument fails. The Court need not, and does not, reach any conclusion regarding the veracity of the statement or whether it is appropriately disputed.
3   Because Plaintiff cannot clear the diligence threshold, the Court need not consider whether Dickey's affidavit constitutes direct evidence of discrimination or whether the Court would have ruled differently on summary judgment had Dickey's affidavit then been part of the record. *See* D.E. 52, p. 6.
4   Plaintiff complains that the M&R assumes, in Defendant's favor, that Sheriff Bolcik did not, in fact, make the statement. No such assumption was made. The M&R merely observed that there are a number of reasons that the statement might not have been disclosed. It is Plaintiff's burden to show any wrongdoing on Defendant's part and he has failed to submit evidence in satisfaction of that burden.
5   Although initial disclosures are not to be filed with the Court under Rule 5(d), the County filed such disclosures. (D.E. 23). The Court notes that the County's disclosures appear to rely on an outdated version of Rule 26(a)(1). Specifically, the County's filing refers to "disputed facts alleged with particularity," a phrase that has not appeared in Rule 26(a)(1) since the 2000 amendments to the Federal Rules of Civil Procedure. *See* 8A WRIGHT & MILLER, § 2053. The Court will not consider the adequacy of the County's disclosures under any standard but the controlling one.

Case 1:18-cv-00068 Document 395-1 Filed on 06/10/19 in TXSD Page 20 of 20

**Adame v. Refugio County, Not Reported in Fed. Supp. (2018)**
2018 WL 1918656, 2018 Fair Empl.Prac.Cas. (BNA) 144,262

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.