FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Defendants, | § § | |
| and | § § | |
| KARLA PEREZ, *et al.*, | § § | |
| Defendant-Intervenors, | § § | |
| and | § § | |
| STATE OF NEW JERSEY, | § § | |
| Defendant-Intervenor. | § | |

**REPLY IN SUPPORT OF DEFENDANT-INTERVENORS' MOTION TO COMPEL DISCOVERY FROM FEDERAL DEFENDANTS**

## I.     STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully submit this Reply in support of their Motion to Compel Discovery from Federal Defendants and request that their Motion be granted because Federal Defendants have failed to justify their incomplete and deficient answers and production.

## II.    SUMMARY OF THE ARGUMENT

As an initial matter, Federal Defendants do not dispute that (1) the information they withhold from Defendant-Intervenors exists or is relevant, and (2) any purported burden imposed on Federal Defendants can be significantly alleviated by narrowing the production to a sample of documents.

Instead, Federal Defendants claim that the discovery Defendant-Intervenors seek is not proportional to the needs of the case "[b]ecause the entirety of the case may be decided upon summary judgment . . . without the need for additional discovery." Dkt. 392 at 20.  Putting aside that Federal Defendants are subject to the Federal Rules of Civil Procedure and the discovery schedule ordered by this Court, and may not unilaterally determine whether discovery will or will not be helpful, their contention is wholly without merit.  Defendant-Intervenors' requests are necessary to resolve material questions of fact relevant to Plaintiffs' claims under the Administrative Procedure Act ("APA"), including whether DACA is committed to agency discretion and therefore unreviewable, whether DACA is procedurally lawful because it involves discretionary adjudication of DACA requests, and whether advance parole converts DACA into a grant of immigration status.

In addition, Federal Defendants have failed to justify their deficient initial disclosures because this is not a case limited to review of the administrative record, as evidenced by this Court's and the Fifth Circuit's consideration of evidence beyond the administrative record in the

2

DAPA litigation, as well as this Court's opinion denying Plaintiffs' motion for a preliminary injunction in this case.

Federal Defendants also take the untenable position that their initial disclosures are not defective because they are only required to disclose witnesses and evidence they intend to rely on to defend their case, and if Defendant-Intervenors disagree with Federal Defendants' non-defense of the case, Defendant-Intervenors can seek information from Federal Defendants through the discovery process. However, at the same time Federal Defendants deny Defendant-Intervenors discovery on the basis that none is necessary. This circular argument demonstrates lack of Article III case and controversy between Plaintiffs and Federal Defendants, and evidences Federal Defendants' lack of cooperation in the discovery process.

For these reasons, Defendant-Intervenors respectfully request that their motion be granted.[1]

## III. ARGUMENT

### A. The Discovery Defendant-Intervenors Seek is Proportional to the Needs of the Case Because Federal Defendants' Burden Does Not Outweigh the Likely Benefits of Discovery

Federal Defendants do not dispute that the information Defendant-Intervenors seek exists or is relevant. *See generally* Dkt. 392. Federal Defendants also do not dispute that any purported burden in producing the requested information can be significantly alleviated by narrowing the production to a sample of documents. *Compare, e.g., id*. at 10-15 (estimating burden of full review at 6,577 to 9,866 hours for one set of requests, 5,071 hours for another set of requests, and 26,294 hours for another request), *with id*. 16-18 (estimating burden of review of

---

[1] Defendant-Intervenors intend to address Federal Defendants' motion for a protective order in their response to that motion.

samples at 250 to 1,125 hours for one set of requests, 66 hours for another set of requests, and 68 hours for another request).[2]

Instead, Federal Defendants—echoing Plaintiffs' position in this case—claim that discovery is not proportional to the needs of the case and they do not need to produce any discovery "[b]ecause the entirety of the case may be decided upon summary judgment . . . without the need for additional discovery." Dkt. 392 at 20. Federal Defendants state that they "agree" with Plaintiffs that "DACA is substantively unlawful under the APA" and "can be resolved on the merits without additional discovery." *Id*. at 20-21. Federal Defendants also claim, without citing any legal authority, that the procedural APA claim "should be decided on [the] administrative record." *Id*. at 20. These arguments fail for a number of reasons.

First, Federal Defendants may not, on the basis of their substantive positions on in this litigation, exempt themselves from the discovery process or their obligation to comply with this Court's discovery schedule. Even if they could, Federal Defendants conveniently ignore that whether DACA adjudicators exercise discretion in granting or denying DACA requests is a question of fact relevant to the threshold issue of whether DACA is reviewable agency action under the APA. *See* 5 U.S.C. § 701(a)(2) ("agency action . . . committed to agency discretion by law" is unreviewable). This Court expressly recognized in its preliminary injunction opinion that the question of discretion requires further factual development. *Texas v. U.S.*, 328 F. Supp. 3d 662, 732 (S.D. Tex. 2018) ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way.").

---

[2] Federal Defendants also outright refuse Defendant-Intervenors' offer to review the files and absorb the cost of conducting the review, claiming privileges. *See* Dkt. 392 at 18-19. However, Federal Defendants do not propose any alternative method of review.

Therefore, Federal Defendants' claim that the entirety of Plaintiffs' APA case can be resolved without any discovery is simply incorrect.

Second, whether or not DACA adjudicators exercise discretion lies at the heart of Plaintiffs' procedural APA claim, which requires the Court to evaluate whether DACA "genuinely leaves the agency and its decision-makers free to exercise discretion." *Id.* at 730. This Court already recognized as much by granting Defendant-Intervenors' request to pursue discovery on these issues. *See* Dkt. 97. In their response to Plaintiffs' motion for summary judgment that, Federal Defendants concede that, pursuant to Fifth Circuit precedent, "resolving this claim would require *a factual determination* that the DACA Memo did not give DHS and its employees genuine freedom to exercise discretion in granting deferred action." Dkt. 366 at 12 (emphasis added). Federal Defendants also concede that this "Court found that Plaintiffs had not established that material fact at the preliminary-injunction stage, and *the record has not materially changed since then*." *Id*. The administrative record in this case, which is limited to information about agency action during and prior to the roll out of DACA in 2012, does not inform the Court whether the federal government exercises discretion in its review and adjudication of DACA requests, let alone whether such exercise of discretion has changed over time since *Texas I* and under different presidential administrations. Therefore, Federal Defendants' argument that Plaintiffs' procedural APA claim can be decided on the administrative record is not only legally and factually incorrect, it also represents an effort to deny Defendant-Intervenors access to information necessary to resolve genuine issues of material fact in the case.

Third, Federal Defendants' claim that the requested discovery is unnecessary because Federal Defendants and Plaintiffs are aligned in the litigation and agree that DACA is

substantively unlawful under the APA, *see* Dkt. 392 at 20-21, is unavailing.  Federal Defendants fail to recognize the fact that Defendant-Intervenors are entitled to take discovery, regardless of Federal Defendants' legal position.  Indeed, this Court specifically ordered that Defendant-Intervenors could take discovery of Federal Defendants during the preliminary injunction phase of the case.  *See* Dkt. 97.

Moreover, Defendant-Intervenors' discovery requests are not only relevant to the question of discretion, but also to whether the availability of advance parole confers immigration status on DACA recipients, as Plaintiffs claim.  *See* Dkt. 386 at 14-15; Dkt. 104 ¶¶ 85-87.  Advance parole and its relationship to immigration status for DACA recipients involve a factual dispute relevant to whether DACA is contrary to the INA.  This discovery is also relevant to the equitable factors supporting Plaintiffs' request for a permanent injunction and a full vacatur of DACA, including the magnitude of Plaintiffs' injuries and the extent to which DACA causes irreparable harm to Plaintiffs.  Federal Defendants are the only parties who have access to information relevant to this dispute.

Therefore, Defendant-Intervenors' discovery requests are proportional to the needs of the case, and compelling Federal Defendants to produce this discovery is warranted.  *See* Fed. R. Civ. P. 26(b) (discovery is proportional when the burden of production is outweighed by the likely benefit of discovery, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues.").

### B. Federal Defendants Are not Exempt from Producing Initial Disclosures, and They Have Not Produced Initial Disclosures

Federal Defendants claim that they need not participate in discovery—or even provide initial disclosures to Defendant-Intervenors—because this action is "an action for review of an

administrative record." *See* Dkt. 392 at 21 (citing Fed. R. Civ. P. 26(a)(1)(B)(i)). This Court rejected that argument when it entered a scheduling order and established a robust discovery schedule. *See* 11-14-18 Minute Entry; *see also* Dkt. 335 at 6.

Moreover, contrary to Federal Defendants' suggestion, claims under the APA are not categorically limited to review of an administrative record. Courts routinely consider evidence beyond the administrative record in APA cases, including "(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under NEPA; and (8) in cases where relief is at issue, especially at the preliminary injunction stage." *See Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*, No. 3:13-CV-126, 2015 WL 1883522, at *2 (S.D. Tex. Apr. 20, 2015) (collecting cases) (citations omitted); *Nat'l Fed'n of Indep. Bus. v. Perez*, No. 5:16-CV-00066-C, 2016 WL 3766121, at *23 (N.D. Tex. June 27, 2016) (same).

Indeed, this Court's and the Fifth Circuit's evaluation of whether DAPA was procedurally and substantively unlawful under the APA, as well as this Court's preliminary review of DACA's legality, was based on evidence outside the administrative record. *See Texas v. U.S.*, 86 F. Supp. 3d 591, 666-670 (S.D. Tex. 2015) (considering evidence of the exercise of discretion to evaluate whether DAPA violated the APA); *Texas v. U.S.*, 809 F.3d 134, 171-76 (5th Cir. 2015), *as revised* (Nov. 25, 2015) (same); *Texas v. U.S.*, 328 F. Supp. 3d 662, 732-34 (S.D. Tex. 2018) (considering evidence of the exercise of discretion to evaluate whether DACA

violated the APA). As in *Texas I*, there is no basis to limit this case to review of the administrative record.[3]

Finally, Federal Defendants claim that they have nonetheless provided sufficient disclosures and, "[i]f Defendant-Intervenors are unsatisfied with the individuals and documents Federal Defendants intend to rely upon in this matter, they may seek additional information through the discovery process." Dkt. 392 at 21-22. Federal Defendants' argument is completely circular. Defendant-Intervenors have sought potential evidence from Federal Defendants through discovery, and Federal Defendants have refused to respond on the basis that none is necessary.

## IV. CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court grant their Motion to Compel because Federal Defendants have failed to justify their deficient answers and production.

Dated: June 17, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205

---

[3] In support of their position, Federal Defendants cite to a number of cases that are inapposite. Dkt. 392 at 21 (citing *Bark v. Northrop*, 2 F. Supp. 3d 1147, 1150 (D. Or. 2014), *Camp v. Pitts*, 411 U.S. 138, 142 (1973), *USA Group Loan Services, Inc. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996)). Those cases involved either notice-and-comment rulemaking or judicial review of agency adjudicatory proceedings and the fact findings by the agency in connection with those proceedings. *See id*.

Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

### CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that, on the 17th day of June, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                              */s/ Alejandra Ávila*
                              Alejandra Ávila