FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § <br> § |
| Plaintiffs, | § <br> § |
| v. | §   Case No. 1:18-CV-68 <br> § |
| UNITED STATES OF AMERICA, *et al.*, | § <br> § |
| Defendants, | § <br> § |
| and | § <br> § |
| KARLA PEREZ, *et al.*, | § <br> § |
| Defendant-Intervenors, | § <br> § |
| and | § <br> § |
| STATE OF NEW JERSEY, | § <br> § |
| Defendant-Intervenor. | § |

**DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO FEDERAL
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

**I.     STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully submit this response in opposition to Federal Defendants' Motion for a Protective Order and request that the Court deny the motion because the discovery Defendant-Intervenors seek is relevant and proportional to the needs of the case.

1

## II.     SUMMARY OF THE ARGUMENT

The basis of Federal Defendants' motion is that the discovery Defendant-Intervenors seek is not proportional to the needs of the case. *See* Dkt. 393 at 7-10. However, Federal Defendants fail to meet the standard for a protective order.

Federal Defendants' proportionality argument is two-fold: (1) Defendant-Intervenors' discovery requests are burdensome, and (2) Defendant-Intervenors' discovery requests are not necessary for the resolution of the legal issue of the substantive legality of DACA. *Id.* Both of these arguments lack merit.

First, that Defendant-Intervenors' discovery requests impose a burden on Federal Defendants is not, standing alone, a basis for a protective order. Any supposed burden on Federal Defendants is significantly outweighed by the benefit of the discovery, and the requests are proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (burden is just one of several other considerations in determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues . . . ."). In a case such as this one with paramount nationwide implications, Federal Defendants' alleged burden is substantially outweighed by the benefit of disclosing the information Defendant-Intervenors seek, particularly when Federal Defendants have sole custody and control of the information and Defendant-Intervenors have identified several means by which to alleviate the burden on Federal Defendants.

Second, Federal Defendants' belief that DACA is substantively unlawful is not a basis to grant their motion for a protective order. Plaintiffs' substantive APA claim is just one of several claims at issue in the case, and the discovery Defendant-Intervenors seek is necessary for the

resolution of all of the Plaintiffs' claims. Defendant-Intervenors' discovery requests are relevant to the threshold and disputed fact questions related to whether DACA is reviewable agency action. *See* 5 U.S.C. § 701(a)(2). In addition, as recognized by this Court and Federal Defendants themselves, Plaintiffs' procedural claim under the Administrative Procedure Act (APA) also requires further factual development. *See Texas v. U.S.*, 328 F. Supp. 3d 662, 732 (S.D. Tex. 2018) ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way."); Dkt. 366 at 12 (Federal Defendants recognizing that resolving procedural APA claim requires a factual determination and that this "Court found that Plaintiffs had not established that material fact at the preliminary-injunction stage, and *the record has not materially changed since then*."). Finally, Defendant-Intervenors' discovery requests are not only relevant to the question of discretion, but also to whether the availability of advance parole confers immigration status on DACA recipients. *See* Dkt. 386 at 14-15. This issue is relevant to Plaintiffs' substantive APA claim and the equitable factors of Plaintiffs' request for a preliminary injunction and full vacatur of DACA, including whether Plaintiffs suffer irreparable harm and the equities tip in their favor. *See* Dkt. 104 ¶¶ 85-87; Dkt. 401 at 6; Dkt. 391 at 13.

For all these reasons, the requests are proportional to the needs of the case and a protective order is not warranted.

### III.  ARGUMENT

#### A. Any Purported Burden on Federal Defendants is Significantly Outweighed by the Likely Benefit of Discovery

Federal Defendants claim that a protective order is warranted because the discovery Defendant-Intervenors seek is unduly burdensome. *See* Dkt. 393 at 7-8. However, the fact that review of an identified group of documents may be time-consuming does not, standing alone,

3

relieve Defendants from the obligation to produce documents responsive to an otherwise appropriate request. Instead, when the discovery is relevant the Court must weigh a number of considerations against the alleged burden imposed on the producing party to determine whether the discovery is proportional to the needs of the case, including the likely benefit of the proposed discovery, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(1); *see also Magnolia Point Minerals, LLC v. Chesapeake Louisiana*, LP, No. 11-CV-0854, 2015 WL 545988, at *1 (W.D. La. Feb. 10, 2015) (not an undue burden to require producing party to identify leases containing certain provisions at issue, holding that "[i]t may be time consuming to search [the producing party's] databases, but [it] is not an undue burden under the circumstances of this case"); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992) (in complex civil matter, finding the argument that production would entail significant expenses was not a proper basis for refusing to comply with an otherwise appropriate document request); *Fagan v. D.C.*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden . . . Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system.") (citations omitted).

      Here, the balance tips in favor of Defendant-Intervenors. First, this action is a high-profile and complex case with potential nationwide repercussions. Second, the information Defendant-Intervenors seek—which is necessary to resolve the factual disputes in this case, as discussed below—is in the sole custody and control of Federal Defendants. Third, Defendant-Intervenors' requests seek information Federal Defendants presumably already gathered,

4

organized, or reviewed, or will need to gather, organize, and review, in connection with their defense of this case. Federal Defendants' claim that the search and review necessary to respond to Defendant-Intervenors' requests are too burdensome must be considered in this context. Federal Defendants cannot have it both ways by claiming the existence of a genuine case and controversy between Plaintiffs and Federal Defendants while simultaneously failing to defend the case and alleging it is burdensome to collect the information needed to defend the case. *See Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 328 (D.N.J. 2015) (it is unacceptable for a defendant to avoid legitimate discovery by claiming unreasonable burden because it does not devote reasonable resources to defending a case).

Finally, Federal Defendants' motion should be denied because they do not attempt to provide an alternative method of review or to collect the information, and instead categorically claim the requests are too burdensome and argue that because they are aligned with Plaintiffs on the merits, no discovery is necessary. At the same time, Federal Defendants recognize that the requested information can be significantly alleviated by narrowing the production to a sample of documents, a recognition that further undermines their position. *Compare, e.g.,* Dkt. 392 at 10-15 (estimating burden of full review at 6,577 to 9,866 hours for one set of requests, 5,071 hours for another set of requests, and 26,294 hours for another request), *with id*. 16-18 (estimating burden of review of samples at 250 to 1,125 hours for one set of requests, 66 hours for another set of requests, and 68 hours for another request).[1]

---

[1] It is also worth noting that in its June 20, 2018 order, this Court ordered Federal Defendants to respond to the discovery at issue and further ordered that "[i]f some requests seek information that is difficult to calculate or not easily derivable from the information kept by the Federal Defendants, they may object to those requests individually *and* inform the Court of why that information is difficult to obtain." Dkt. 97 ¶ 2 (emphasis added). However, Federal Defendants waited to file their motion for a protective order until Defendant-Intervenors moved to compel this discovery, further delaying discovery in the case.

5

To the extent Federal Defendants can claim any undue burden, it is not outweighed by the likely benefit of a complete production, and the requests are proportional to the needs of the case.

### B. Federal Defendants' Agreement with Plaintiffs That DACA is Substantively Unlawful Does Not Preclude Discovery or Warrant a Protective Order

Federal Defendants also argue that no additional discovery is needed because this case can be decided on the administrative record and, even without reference to the administrative record, "Plaintiffs may obtain complete relief under their substantive APA claim" without further factual development. *See* Dkt. 393 at 8-9. This argument fails for a number of reasons.

First, as more fully set forth in Defendant-Intervenors' reply in support of their motion to compel (*see* Dkt. 401 at 7-8), this case is not limited to review of the administrative record, as evidenced by this Court's and the Fifth Circuit's consideration of evidence beyond the administrative record in the DAPA litigation, as well as this Court's opinion denying Plaintiffs' motion for a preliminary injunction in this case. *See Texas v. U.S.*, 86 F. Supp. 3d 591, 666-670 (S.D. Tex. 2015) (considering evidence of the exercise of discretion to evaluate whether DAPA violated the APA); *Texas v. U.S.*, 809 F.3d 134, 171-76 (5th Cir. 2015), *as revised* (Nov. 25, 2015) (same); *Texas v. U.S.*, 328 F. Supp. 3d 662, 732-34 (S.D. Tex. 2018) (considering evidence of the exercise of discretion to evaluate whether DACA violated the APA).

Second, Federal Defendants may not, on the basis of their substantive positions in this litigation, exempt themselves from the discovery process or their obligation to comply with this Court's discovery schedule. As an initial matter, Federal Defendants conveniently ignore that Defendant-Intervenors' requests are relevant to the threshold issue whether DACA is reviewable agency action under the APA. *See* 5 U.S.C. § 701(a)(2) ("agency action . . . committed to agency discretion by law" is unreviewable). This issue of discretion is similarly relevant to Plaintiffs' procedural APA claim. *Texas*, 328 F. Supp. 3d at 730. Indeed, this Court expressly

6

recognized in its preliminary injunction opinion that the question of discretion requires further factual development. *Texas*, 328 F. Supp. at 732 ("On the record before it, this Court does not find the evidence of discretion by the individuals processing DACA applications to be compelling either way."). Federal Defendants agreed in their response to Plaintiffs' motion for summary judgment. Dkt. 366 at 12. Therefore, the discovery at issue is necessary to resolve the legal claims at issue in the case.

Moreover, Defendant-Intervenors' discovery requests are not only relevant to the question of discretion, but also to whether the availability of advance parole confers immigration status on DACA recipients, as Plaintiffs claim in connection with their substantive APA claim. *See* Dkt. 386 at 14-15; Dkt. 104 ¶¶ 85-87. Discovery on advance parole is also relevant to the equitable factors supporting Plaintiffs' request for a permanent injunction and a full vacatur of DACA, including the magnitude of Plaintiffs' injuries and the extent to which DACA causes irreparable harm to Plaintiffs. *See* Dkt. 401 at 6; Dkt. 391 at 13.

Therefore, Federal Defendants are simply incorrect in suggesting that the discovery Defendant-Intervenors seek is unnecessary to resolve the case. The discovery Defendant-Intervenors seek is germane to Plaintiffs' motion for summary judgment and a protective order is not warranted. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) (reversing district court's grant of protective order when motion for summary judgment was pending, noting that "when a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery"); *see also Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-57 (1948) (noting that cases of great public importance should not be decided on an incomplete record).[2]

---

[2] Federal Defendants rely on *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990) in support of their claim that a protective order is warranted. *See* Dkt. 393 at 9-10. However,

## IV. CONCLUSION

Defendant-Intervenors respectfully request that the Court deny Federal Defendants' request for a protective order and grant Defendant-Intervenors' motion to compel because the discovery Defendant-Intervenors seek is relevant and proportional to the needs of the case.

Dated: June 21, 2019                                          Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Alejandra Ávila (Tex. Bar No. 24089252)
(SD of Tex. Bar No. 2677912)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**

---

*Landry* is inapposite here because in that case, the plaintiffs did not seek discovery, the court had not ordered discovery, and no discovery had taken place prior to entry of the protective order. *Id.* at 434-45. After defendants filed motions for summary judgment, plaintiffs sought to conduct depositions, and defendants subsequently moved for a protective order. *Id.* The court, which was also still deciding motions to dismiss, concluded that "the plaintiffs have failed to identify with the requisite specificity . . . the issues which must be amplified by discovery" and "the summary judgment motions could be decided as a matter of law on the basis of the undisputed facts already before the court." *Id.* at 435. Here, by contrast, the Court has entered a discovery schedule, Defendant-Intervenors have filed a Rule 56(d) motion and identified how the discovery is relevant to Plaintiffs' claims, and Federal Defendants agree that further factual development is necessary in connection with the issue of discretion.

        Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that, on the 21st day of June, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

        */s/ Alejandra Ávila*
        Alejandra Ávila