**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**PEREZ DEFENDANT-INTERVENORS' SECOND MOTION
TO COMPEL DISCOVERY FROM FEDERAL DEFENDANTS**

i

# TABLE OF CONTENTS

I.     STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT ................................................................1

II.    SUMMARY OF THE ARGUMENT ...............................................1

III.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................................................................2

      A.     This Court overruled Federal Defendants' objections to discovery requests in both the preliminary injunction and regular discovery periods............................................2

      B.     Federal Defendants attempt the same objections to the fourth set of discovery requests, except this time without specifying their burden or attaching evidence ...........................3

IV.   LEGAL STANDARD .............................................................4

V.    ARGUMENT ...........................................................................5

      A.     Interrogatories Nos. 15 and 16 are relevant....................................................5

      B.     Interrogatories Nos. 15 and 16 are proportional to the needs of the case .................................7

VI.   CONCLUSION .......................................................................8

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alonso v. Agrigenetics, Inc.*,
No. B-0,4-005, 2004 WL 2668801 (S.D. Tex. Nov. 15, 2004) ...................................................7

*Hall v. Louisiana*,
No. 12-657-BAJ-RLB, 2014 WL 2560579 (M.D. La. June 6, 2014) ..........................................7

*Kurio v. United States*,
429 F. Supp. 42 (S.D. Tex. 1970) ...............................................................................................4

*Lopez v. Don Herring Ltd.*,
327 F.R.D 567 (N.D. Tex. 2018). ...........................................................................................2, 7

*M.A. Mortenson Co. v. United States*,
996 F.2d 1177 (Fed. Cir. 1993) ..................................................................................................4

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
894 F.2d 1482 (5th Cir. 1990) .............................................................................................2, 4, 7

*Merrill v. Waffle House, Inc.*,
227 F.R.D. 475 (N.D. Tex. 2005) ...............................................................................................5

*National Lawyers Guild v. Attorney General*,
94 F.R.D. 600 (S.D.N.Y. 1982) ..................................................................................................4

*Schlagenhauf v. Holder*,
379 U.S. 104 (1964) ....................................................................................................................4

*Scott v. Monsanto Co.*,
868 F.2d 786 (5th Cir. 1989) .......................................................................................................4

*Simon v. State Farm Lloyds*,
No. 7:14-CV-251, 2015 WL 12777219 (S.D. Tex. Apr. 9, 2015) ...............................................7

*U.S. v. Proctor & Gamble Co.*,
356 U.S. 677 (1958) ....................................................................................................................4

**RULES**

FED. R. CIV. PRO. 26 .............................................................................................................*passim*

FED. R. CIV. P. 33 ...............................................................................................................2, 7

FED. R. CIV. P. 37 .............................................................................................................*passim*

## I.      STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully request that the Court compel Federal Defendants to answer Defendant-Intervenors' Interrogatories 15 and 16, which relate to Federal Defendants' adjudication of work authorization requests by DACA applicants.  *See* Ex. 1.  Pursuant to Federal Rule of Civil Procedure 37, Defendant-Intervenors also request an extension of discovery deadlines for a period of time equal to the number of days between the filing of the motion and the day Federal Defendants produce the discovery, as well as reasonable expenses incurred in preparation of this motion.  *See* Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(c)(1)(A).

## II.     SUMMARY OF THE ARGUMENT

Despite this Court's June 26, 2019 order requiring Federal Defendants to respond to Defendant-Intervenors' discovery requests, Federal Defendants continue to make blanket objections to discovery and argue that that no further discovery is necessary because Plaintiff States' motion for summary judgment is ripe for consideration.  *See* Dkt. 412 and Ex. 2 at 4-5.  The interrogatories that Federal Defendants refuse to answer are relevant to Plaintiff States' claim that the federal government "rubber-stamp[s]" DACA requests and their companion work authorization requests (Dkt. 104 ¶¶ 295, 299) and the Court's discussion of work authorization in its opinion denying Plaintiffs' motion for preliminary injunction. *See* Dkt. 319 at 8, 36, 75.  Whether Federal Defendants adjudicate work authorization requests on a discretionary, case-by-case basis is essential to Plaintiff States' standing, reviewability, substantive APA, and constitutional claims, as well as questions about irreparable harm.  *See* Dkt. 104 ¶¶ 224-25, 227, 267, 275, 308-10.  Plaintiff States' theory of injury is premised in part on the assumption that work authorization automatically follows from favorable DACA adjudications in the "substantial majority" of cases.  *Id.* ¶¶ 77-79.  Plaintiffs' APA claims turn on whether or not work authorization automatically accompanies DACA.  *Id.* ¶¶ 267, 275, 309.  *See also* Dkt. 104 ¶ 334 (Take Care Clause claim).

1

In addition to arguing that discovery is unnecessary, Federal Defendants make boilerplate objections that the discovery requests are overly broad, burdensome, or outside the scope of permissible discovery.  These generalized statements are insufficient under the Federal Rules.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted).  Federal Defendants also claim that the burden to respond is too high, yet they did not attach an affidavit, declaration, or other evidence showing the burden.  *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (citation omitted).

In any event, the discovery sought by Defendant-Intervenors is proportional to the needs of the case.  This case is one of major national importance both because of the number of individuals it could potentially affect, and because of the breadth of the remedy Plaintiff States seek.  As of the filing of this motion, the latest USCIS statistics report that there are roughly 700,000 DACA recipients nationwide.[1]  Plaintiff States seek a nationwide injunction that would affect all of these individuals.  *See* Dkt. 104 ¶ 339.  Finally, Federal Defendants' sole access to the requested information weighs strongly in favor of compelling discovery.  *See* Fed. R. Civ. Pro. 26(b)(1). Without Federal Defendants' cooperation in producing the discovery Defendant-Intervenors seek, Defendant-Intervenors have no recourse, as no other party in this litigation has access to this information.

## III.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

---

[1] Found at USCIS, *Approximate Active DACA Recipients* (April 30, 2019) https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/All%20Form%20Types/DACA/Approximate_Active_DACA_Recipients_-_Apr_30_2019.pdf.

**A.     This Court overruled Federal Defendants' objections to discovery requests in both the preliminary injunction and regular discovery periods**

Federal Defendants objected to discovery twice at earlier stages in the case, and both times, this Court overruled their objections and ordered them to produce discovery.  During the preliminary injunction stage of this case, Federal Defendants objected to Defendant-Intervenors' discovery requests as overly burdensome.  *See* Dkt. 386 at 8.  They refused to answer four interrogatories, and to produce documents responsive to a request for production.  *See id.*  During regular discovery, Federal Defendants mounted similar objections.  *See* Dkt. 386 at 10-11.[2]

This Court ordered discovery in both instances.  On June 20, 2018, the Court ordered Federal Defendants to respond to Defendant-Intervenors' third set of discovery requests.  *See* Dkt. 97 ¶ 2.  On June 26, 2019, the Court ordered Federal Defendants to answer Defendant-Intervenors' interrogatory related to advance parole following Defendant-Intervenors' Motion to Compel (Dkt. 386).  *See* Dkt. 412 ¶ 2.

**B.     Federal Defendants rely on the same objections to the fourth set of discovery requests, but this time without specifying their burden or attaching evidence**

On June 20, 2019, Defendant-Intervenors served their fourth set of discovery requests on Federal Defendants, including Interrogatories Nos. 15 and 16.[3]  *See* Ex. 1.  Interrogatories 15 and 16 asked Federal Defendants to identify the number of initial and renewal DACA requests accompanied by requests for work authorization, and from that number, the number that were denied or withdrawn by the requestor.  *Id.* at 8.

---

[2] In their objections during regular discovery, Federal Defendants specified the burden of production for individual interrogatories, and attached a declaration verifying these specific objections.  *See* Dkt. 386-2 at 23-35; *see also* Dkt. 386-3.

[3] Interrogatories 17 and 18 requested information related to advance parole and were subsequently withdrawn, pursuant to an agreement between the parties. *See* Dkt. 416 at 2.  In a show of good faith, at the conclusion of the June 24, 2019 hearing, Defendant-Intervenors agreed to a revised interrogatory related to advance parole.  *See* Dkt. 416 at 2.  As part of that agreement, Defendant-Intervenors also agreed to withdraw two interrogatories and to seek leave from the Court for any further requests related to advance parole.  *Id.*

On July 22, 2019, Federal Defendants served their answers to Interrogatories Nos. 15 and 16, objecting to every request and producing no discovery. *See* Ex. 2. Despite this Court's June 26, 2019 order requiring them to provide discovery, *see* Dkt. 412, Federal Defendants rehashed their boilerplate objection that additional discovery is unnecessary. *See* Ex. 2 at 4. Federal Defendants also repeated their objection that discovery is "overly burdensome." *See id.* These are the same objections that the Court rejected in its June 26, 2019 order. *See* Dkt. 386 at 11; *see also* Dkt. 412. Unlike in their previous motion, Federal Defendants did not attach any declaration or affidavit supporting the alleged undue burden, nor did they specify any information about the database or review process that gives rise to these purported difficulties. *See* Ex. 2.

## IV.    LEGAL STANDARD

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant-Intervenors are entitled to discovery that is relevant to their claims so long as the materials are not privileged and are proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). This Court "has broad discretion in discovery matters." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989). Discovery rules "are to be accorded a broad and liberal treatment." *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964). "'The Government as a litigant is, of course, subject to the rules of discovery.'" *Kurio v. United States*, 429 F. Supp. 42, 50 (S.D. Tex. 1970) (quoting *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958)).[4]

A party seeking to resist discovery bears the burden of showing specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod*, 894 F.2d at 1485 (finding conclusory recitation of burdensomeness, relevancy, and overbreadth inadequate); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (stating that the Fifth Circuit does not

---

[4] *See also M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1182 (Fed. Cir. 1993) ("The legislative history of [the Equal Access to Justice Act] is strewn with references to the United States and its agencies' abuse of the litigation process, and Congress expressed, through this law, the judgment that the Government may not be treated differently from other litigants.") (quoting *National Lawyers Guild v. Attorney General,* 94 F.R.D. 600, 615 n.32 (S.D.N.Y. 1982)).

employ a burden shifting approach; the burden of resisting discovery remains on the party opposing discovery at all times).

If a party fails to answer an interrogatory or fails to produce documents, the aggrieved party may move for an order to compel discovery under Rule 37.  *See* Fed. R. Civ. P. 37(a)(3)(B).  For purposes of Rule 37, an evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.  *See* Fed. R. Civ. P. 37(a)(4).  Failure to produce discovery is "not excused on the ground that discovery was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).

## V.     ARGUMENT

Federal Defendants object to discovery on the basis that there is a pending motion for summary judgment.  *See* Ex. 2 at 4.  Yet the Court has already rejected this argument.  On June 26, 2019 the Court ordered Federal Defendants to participate in additional discovery by answering Defendant-Intervenors' interrogatories.   *See* Dkt. 412.  Federal Defendants' recycled objection is at odds with the Court's grant of Defendant-Intervenors' previous motion to compel discovery from Federal Defendants and extension of the discovery deadline in this case.  The Court has already overruled this objection by ordering further development of the record, and the same resolution is appropriate here.

Federal Defendants also refuse to respond to Defendant-Intervenors' discovery requests with the erroneous argument that the requests are not relevant, too burdensome, and not proportional to the needs of the case.  Federal Defendants wrongfully withhold information on this basis, and Defendant-Intervenors are entitled to an order compelling Federal Defendants to respond.

### A.     Interrogatories Nos. 15 and 16 are relevant

Interrogatories 15 and 16 ask Federal Defendants to identify the total number of initial and renewal DACA requests accompanied by requests for work authorization, and from that number, the number that were denied or withdrawn by the requestor. Ex. 1 at 9.  Defendant-Intervenors need the

information from Interrogatories 15 and 16 in order to address Plaintiff States' standing, APA reviewability, substantive APA, and constitutional claims, as well as questions about irreparable harm.  Defendant-Intervenors also need the information from Interrogatories 15 and 16 in order to determine what additional discovery, if any, they want to take with respect to why Federal Defendants denied certain applications for work authorization.

The interrogatories at issue relate directly to Plaintiff States' allegations that USCIS automatically grants work authorization to DACA recipients without conducting a discretionary, case-by-case review of work authorization requests.  *See* Dkt. 104 ¶¶ 77-79.  These allegations are central to Plaintiff States' claims of standing, reviewability, and substantive APA and constitutional violations.  Plaintiff States base their claims for standing on the alleged automatic grant of work authorization resulting from DACA.  *See id.* ¶¶ 224-25, 227 (claiming standing based on alleged injuries to states flowing from work authorization); *see also* Dkt. 357 at 34-35 (same).  Plaintiff States also ground their APA claims on the alleged connection between DACA and work authorization.  *See* Dkt. 104 ¶¶ 267, 275 (claiming that DACA is reviewable under the APA because work authorization flows from it); *see also* Dkt. 357 at 42 (alleging work authorization forms a basis for a substantive APA violation).[5]

## B.   Interrogatories Nos. 15 and 16 are proportional to the needs of the case

Federal Defendants make boilerplate objections about overbreadth and burden, and do not support their objections with the necessary affidavits or other evidence describing specifically the

---

[5] Federal Defendants claim that the actual number of work authorization requests that are denied or withdrawn is irrelevant because USCIS asks applicants to submit both forms together.  Even if USCIS asks applicants to submit both forms together, the number of denied/withdrawn work authorization requests is relevant to show whether joint submission is required for purposes of efficiency, or for some other purpose that is also unrelated to the exercise of discretion.  Defendant-Intervenors dispute Plaintiffs' assertion that "the Executive Branch treats DACA's conferral of 'deferred action' as conferring eligibility for 'work authorization.'"  *See* Dkt. 104 ¶ 77.  Instead, Defendant-Intervenors contend that the agency considers work authorization requests on a case-by-case basis, through a separate adjudicatory process that considers economic necessity. *See* 8 C.F.R. § 274a.14 (2018) (Work authorization may be granted to a non-U.S. citizen "who has been granted deferred action, an act of administrative convenience to the government which gives some cases lower priority, if the [non-U.S. citizen] establishes an economic necessity for employment.").

nature of the overbreadth or burden.  These unsupported, generalized assertions are insufficient to resist discovery.   *See McLeod*, 894 F.2d at 1485 (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *Alonso v. Agrigenetics, Inc.*, No. B-04-005, 2004 WL 2668801, at *2 (S.D. Tex. Nov. 15, 2004) ("[O]bjections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable."); *Lopez*, 327 F.R.D. at 580  ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").[6]

Interrogatories Nos. 15 and 16 are proportional to the needs of the case given the national scope of the litigation, the exclusive control of the information by Federal Defendants, and the centrality of work authorization to Plaintiff States' claims.  These important benefits outweigh Federal Defendants' unsupported assertions of burden and expense.

## VI.    CONCLUSION

Defendant-Intervenors respectfully request that the Court compel Federal Defendants to answer Interrogatories 15 and 16.  Pursuant to Rule 37, Defendant-Intervenors also request that the Court extend all deadlines in the Rule 16 scheduling order for a period of time equal to the number of days between the filing of the motion and the day Federal Defendants produce the ordered discovery.  Finally, Defendant-Intervenors request that the Court order Federal Defendants to pay reasonable

---

[6] Federal Defendants also make a number of general objections that are not connected to any request in particular. These boilerplate, general objections do not comply with the Federal Rules of Civil Procedure, and are therefore insufficient to justify Federal Defendants' deficient answers and production.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Lopez*, 327 F.R.D. at 578 ("General or boilerplate objections are invalid."); *Simon v. State Farm Lloyds*, No. 7:14-CV-251, 2015 WL 12777219, at *4 (S.D. Tex. Apr. 9, 2015) (determining that plaintiff was "flagrantly abusing the discovery process by indiscriminately levying general objections") (internal quotations omitted); *Hall v. Louisiana*, No. 12-657-BAJ-RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("This prohibition against general objections to discovery requests has been long established.").  Also, as part of these general objections, Federal Defendants continue to object on the basis that discovery should be limited to the administrative record.  *See* Ex. 2 at 3. This argument has been repeatedly rejected by this Court.

expenses incurred by Defendant-Intervenors in connection with this motion.  *See* Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(c)(1)(A).

Dated:  August 2, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)

(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I certify that on August 2, 2019, I emailed Todd Disher, counsel for Plaintiffs, Jeffrey Robins, counsel for Defendants and Glenn Moramarco, counsel for New Jersey Defendant Intervenors to confer on the motion.

Counsel for Plaintiffs indicated that they take no position on this motion. Counsel for Defendant-Intervenors New Jersey do not oppose to this motion. Counsel for Federal Defendants responded that "Federal Defendants oppose your motion, and do not agree that your email complies with the requirements of Local Rule 7.1(D)." I responded that "Perez Defendant Intervenors understand your position. However, given the course of discovery to date and the brief period remaining for discovery, Perez Defendant Intervenors must file their motion and note your opposition."

*/s/ Nina Perales*
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on August 2, 2019 I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

9

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS TO
DEFENDANTS**

TO:    Defendants United States of America, *et al.*, by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order,

Defendant-Intervenors hereby serve these discovery requests on Defendants. You are requested

to serve your responses to these discovery requests upon the undersigned counsel for Defendant-

Intervenors within 30 days of service of these requests.

Dated: June 20, 2019                          Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Alejandra Ávila (Tex. Bar No. 24089252)

(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
 (SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 20, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868

Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Hughes Justice Complex
1st Fl., P.O. Box 112
Trenton, NJ 08625
Glenn.Moramarco@law.njoag.gov

_/s/ Alejandra Ávila_____
Alejandra Ávila

## **DEFINITIONS**

The following terms are defined and used in these discovery requests as follows:

A.  The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B.  "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C.  "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E.  The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F.  The term "DACA recipients" or "DACA grantees" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G.  The term "USCIS" shall mean United States Citizenship and Immigration Services.

H.  The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I.  To "identify" a person or individual means to give, to the extent known, the person's full name, present or last known address, present or last known telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the

identification of that person.

J. To "identify" an act, event, occurrence or communication means:
   a. to state its date;
   b. to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
   c. to describe where and how it took place; and
   d. to identify any document that constitutes or refers to such act, event, occurrence, or communication.

K. To "identify" a file means:
   a. to state the title contained therein; and
   b. to identify the person for whom the file is maintained.

L. To "identify" a statement means:
   a. to identify who made it;
   b. to identify who took or recorded it;
   c. to identify all persons, if any, present during the making thereof;
   d. to state when, where and how it was taken or recorded; and
   e. to identify who has current or last know possession, custody or control thereof.

M. To "identify" a document means:
   a. to identify all files in which it and all copies of it are found;
   b. to identify its author;
   c. to identify its addresses, if any;
   d. to identify those who received a copy thereof;
   e. to identify its current custodian or the person that had last known    possession, custody or control thereof;
   f. to state the date of its preparation; and
   g. to state its general subject matter giving a reasonably detailed description thereof.

N. To "identify" other tangible thing means:
   a. to identify what it is, giving a reasonably detailed description thereof;
   b. to state when, where and how it was made, if applicable;
   c. to identify who made it, if applicable; and
   d. to identify its current custodian or the person that had last known    possession, custody or control thereof.

O. The plural of any word used herein includes the singular, and the singular includes the plural.

P. The masculine gender of any word used herein includes the feminine and the neutral genders.

Q. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

R.  The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

S.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

T.  "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

U.  "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

V.  "You" and "your" shall mean the party to whom these discovery requests are directed, as well as all other persons acting or purporting to act on behalf of such party, including any attorney or other representative.


## INSTRUCTIONS

A.  Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:
1.  the type of document (e.g., letter, memorandum, report, etc.,);
2.  the date;
3.  the title;
4.  the number of pages;
5.  the author or addressor;
6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
7.   the subject matter of the document;
8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted.

B.  If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons

for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C.  Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D.  For all documents in electronic, magnetic, or format other than paper, please produce in the following formats:  printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E.  If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

## **WARNINGS**

A.  A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.  An evasive or incomplete production will be treated as a failure to produce the requested documents.

## INTERROGATORIES

### INTERROGATORY NO. 15:

Please identify the total number of initial DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

### RESPONSE:

### INTERROGATORY NO. 16:

Please identify the total number of renewal DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

### RESPONSE:

### INTERROGATORY NO. 17:

Please identify the total number of requests for advance parole made by DACA grantees and, from among that number, identify the number of advance parole requests that were denied and identify the number of advance parole requests that were withdrawn by the requestor.

### RESPONSE:

### INTERROGATORY NO. 18:

Please identify the total number of approved initial DACA requestors who:
(a) indicated on the form I-821D that they had no lawful status at entry (including but not limited to "no," "none," "entered without inspection," or "EWI"); and
(b) indicated on the form I-821D that they did not have an Arrival/Departure Record (I-94); and
(c) after receiving DACA, left the U.S. pursuant to a grant of advance parole and were paroled back into the U.S.; and
(d) subsequently adjusted status under 8 U.S.C. § 1255(a).

### RESPONSE:

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-68 |
| | ) | |
| UNITED STATES OF AMERICA, *et at.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| Defendant-Intervenors, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

---

## FEDERAL DEFENDANTS' OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS

TO: Defendant-Intervenors, by and through their attorneys of record, Nina Perales, Celina Moreno, Jack Salmon, Alejandra Avila, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; Carlos Moctezuma García, García & García, Attorneys at Law P.L.L.C., P.O. Box 4545 McAllen, Texas 78502.

Federal Defendants serve these objections and responses to Defendant-Intervenors' fourth set of interrogatories pursuant to the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Federal Defendants state the following General Objections to Defendant-Intervenors' fourth set of interrogatories, which are hereby incorporated in and made part of each of the following specific responses.

1. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they are unduly burdensome, are overly broad, or seek information that is not relevant to this phase of this case and will not lead to the discovery of such relevant information.

2. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they are beyond the scope of the claims in this case or they are not relevant to any party's claim or defense. Federal Defendants further object to these interrogatories to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Federal Defendants object to Defendant-Intervenors' "Definitions and Instructions" to the extent that they are vague and ambiguous, and therefore may lead to differing interpretations among the parties to this litigation as well as the Court, resulting in confusion.

4. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they require discovery outside of a properly designated administrative record by the Department of Homeland Security (DHS), insofar as this action may be construed as a suit for judicial review of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.

5. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent they purport to require the disclosure of information in the possession, custody or control of entities other than properly named Defendants on the grounds that such discovery is beyond the scope of Fed. R. Civ. P. 33 and other applicable law.

6. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they exceed the limit of 25 interrogatories, including all subparts, allowed under Fed. R. Civ. P. 33, without stipulation or leave from the court. Defendant-Intervenors have clearly promulgated more than twenty-five interrogatories throughout the course of this litigation.

7. Federal Defendants' responses to Defendant-Intervenors' fourth set of interrogatories are made without waiving:

(a) The right to object to the competence, relevance, materiality, or admissibility as evidence of any information, or the subject matter thereof, in any aspect of this civil action or any other matter;

(b) The right to object at any time and upon any grounds to any other discovery requests;

(c) The right at any time and for any reason to revise, supplement, correct, add or to clarify these responses;

(d) The right to amend or supplement these responses if the Federal Defendants discover additional information; and

(e) Any applicable privilege, including but not limited to the attorney/client privilege, the law enforcement privilege, the investigation files privilege, executive privilege, and the official information privilege.

8. Federal Defendants' responses to Defendant-Intervenors' fourth set of interrogatories are based upon the information available at this stage of the litigation. Federal Defendants reserve the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

Likewise, Federal Defendants' objections to Defendant-Intervenors' fourth set of interrogatories are based upon the information presently known by the Federal Defendants, and are made without prejudice to the Federal Defendants' right to assert additional objections in the event that additional grounds for objections should be discovered by the Federal Defendants subsequent to this response.

10. Without waiving the above objections, Federal Defendants will provide responses to only relevant non-privileged matters based on information currently available to it and obtainable without undue burden.

11. Federal Defendants are also not responding to Interrogatories 17 and 18 because Perez Defendant-Intervenors have agreed to withdraw those interrogatories. *See* ECF No. 416.

<u>**SPECIFIC OBJECTIONS AND RESPONSES TO**</u>
<u>**DEFENDANT-INTERVENORS' FOURTH SET OF INTERROGATORIES**</u>

**INTERROGATORY NO. 15:**

Please identify the total number of initial DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

**OBJECTIONS TO INTERROGATORY NO. 15:**

Federal Defendants specifically object to Interrogatory No. 15 on the grounds that it is overly burdensome, not relevant, and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."); *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 554 n.42 (5th Cir. 2016) (stating "the scope of discovery depends in part on 'whether the burden or expense of the proposed discovery outweighs its likely benefit'" (quoting Fed. R. Civ. P. 26(b)(1))).

The Court is currently considering a fully briefed motion for summary judgment addressing Plaintiffs' substantive and procedural Administrative Procedure Act (APA) claims and their Take Care Clause claim. *See* ECF No. 356. Information on work authorization requests by initial

DACA requestors is irrelevant to any of these claims. Every DACA requestor must file an I-765 (a "work authorization request"), with all applicable fees, and Form I-765WS along with their DACA –based request for a two-year period of deferred action, otherwise their entire submission will be rejected.. While it is possible that after one's submission has been accepted a DACA request (I-821D) could subsequently be approved and an I-765 denied if, for example, the requestor failed to show economic need, any instances of this would be rare.  Similarly, it would unusual for a requestor to request withdrawal of his or her own I-765. The numbers of such denials for I-765s for approved DACA recipients, or of DACA requestors who may have asked to withdraw their I-765 at some point during the adjudication process, are not relevant to any of Defendant-Intervenors' claims or Plaintiffs' substantive and procedural APA claims or Take Care Clause claim.  Additionally, Defendant-Intervenors' have not limited this interrogatory to DACA requestors from Plaintiff states, making it geographically overbroad and further irrelevant to the current litigation.

Because the Court can resolve this case based on the motion for summary judgment currently before it and the record as it exists now, and the information sought is overbroad and irrelevant to any claim within the motion, the request is disproportionate to the needs of the case as it stands now. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (upholding district court's stay of depositions until after determinations of summary judgment motions that did not require discovery); *cf. Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery before Court ruled on motion to dismiss as it would be otherwise unduly burdensome and expensive). Indeed, the Court's July 26, 2019 order envisions no additional discovery beyond that ordered at the hearing on July 24, 2019 until after it rules on Plaintiff-States' motion for summary judgment. *See* ECF No. 412 ("If the Court ultimately denies Plaintiff-States' Motion for Summary Judgment [Doc. No. 356], the Court will at that time entertain a request to re-open discovery, should any party so request and show good cause.").

## INTERROGATORY NO. 16:

Please identify the total number of renewal DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

## OBJECTIONS TO INTERROGATORY NO. 16:

Federal Defendants specifically object to Interrogatory No. 16 on the grounds that it is not proportional to the needs of the case given it requests information which is not relevant to any claims and the pending motions for summary judgment before the court.

Federal Defendants further object to Interrogatory No. 16 on the grounds that it is overly burdensome, not relevant, and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."); *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 554 n.42 (5th Cir. 2016) (stating "the scope of

discovery depends in part on 'whether the burden or expense of the proposed discovery outweighs its likely benefit'" (quoting Fed. R. Civ. P. 26(b)(1))).

The Court is currently considering a fully briefed motion for summary judgment addressing Plaintiffs' substantive and procedural APA claims and their Take Care Clause claim. *See* ECF No. 356. Information on work authorization requests by DACA renewal requestors is not relevant to any of these claims. Every DACA renewal requestor must file an I-765 (a "work authorization request"), with all applicable fees, and Form I-765WS along with their DACA-based request for an additional two-year period of deferred action , otherwise their entire submission  will be rejected. While it is possible that after one's submission has been accepted a DACA renewal request (I-821D) could subsequently be approved and an I-765 denied if, for example, the requestor failed to show economic need, any instances of this would be rare. Similarly, it would be unusual for a renewal requestor to request withdrawal of his or her own I-765.  The numbers of such  denials for I-765s for approved DACA renewal recipients, or of DACA renewal requestors who may have asked to withdraw their I-765 at some point during the adjudication process, are not relevant to any of Defendant-Intervenors' claims or Plaintiffs' substantive and procedural APA claims or Take Care Clause claim. Additionally, Defendant-Intervenors' have not limited this interrogatory to DACA renewal requestors from Plaintiff states, making it geographically overbroad and further irrelevant to the current litigation.

Because the Court can resolve this case based on the motion for summary judgment currently before it and the record as it exists now, and the information sought is overbroad and irrelevant to any claim within the motion, the request is disproportionate to the needs of the case as it stands now. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (upholding district court's stay of depositions until after determinations of summary judgment motions that did not require discovery); *cf. Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery before Court ruled on motion to dismiss as it would be otherwise unduly burdensome and expensive). Indeed, the Court's July 26, 2019 order envisions no additional discovery beyond that ordered at the hearing on July 24, 2019 until after it rules on Plaintiff-States' motion for summary judgment. *See* ECF No. 412 ("If the Court ultimately denies Plaintiff-States' Motion for Summary Judgment [Doc. No. 356], the Court will at that time entertain a request to re-open discovery, should any part so request and show good cause.").

//

//

//

Dated: July 22, 2019                              Respectfully submitted,

                                                  JOSEPH H. HUNT
                                                  Assistant Attorney General
                                                  Civil Division
                                                  WILLIAM C. PEACHEY
                                                  Director, Office of Immigration Litigation
                                                  District Court Section

                                                  /s/ *Jeffrey S. Robins*
                                                  JEFFREY S. ROBINS
                                                  Attorney-in-Charge
                                                  Deputy Director
                                                  U.S. Department of Justice, Civil Division
                                                  Office of Immigration Litigation
                                                  District Court Section
                                                  P.O. Box 868, Washington, DC 20044
                                                  Telephone: (202) 616-1246
                                                  Facsimile: (202) 305-7000
Attorneys for Federal Defendants                  jeffrey.robins@usdoj.gov