# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant- | § |
| Intervenors. | § |

**DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS TO DEFENDANTS**

TO: Defendants United States of America, *et al*., by and through their attorney of record, Jeffrey S. Robins, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, D.C. 20044 (Jeffrey.Robins@usdoj.gov).

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order, Defendant-Intervenors hereby serve these discovery requests on Defendants. You are requested to serve your responses to these discovery requests upon the undersigned counsel for Defendant-Intervenors within 30 days of service of these requests.

Dated: June 20, 2019                          Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Alejandra Ávila (Tex. Bar No. 24089252)

1

(SD of Tex. Bar No. 2677912)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

### CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868

2

Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Hughes Justice Complex
1st Fl., P.O. Box 112
Trenton, NJ 08625
Glenn.Moramarco@law.njoag.gov

*/s/ Alejandra Ávila*
Alejandra Ávila

# **DEFINITIONS**

The following terms are defined and used in these discovery requests as follows:

A. The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

B. "Communication" or "communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

C. "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

D. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E. The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

F. The term "DACA recipients" or "DACA grantees" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

G. The term "USCIS" shall mean United States Citizenship and Immigration Services.

H. The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

I. To "identify" a person or individual means to give, to the extent known, the person's full name, present or last known address, present or last known telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the

      identification of that person.

J. To "identify" an act, event, occurrence or communication means:
   a. to state its date;
   b. to identify the persons that were parties to and witnesses of the act, event, or occurrence, or communication;
   c. to describe where and how it took place; and
   d. to identify any document that constitutes or refers to such act, event, occurrence, or communication.

K. To "identify" a file means:
   a. to state the title contained therein; and
   b. to identify the person for whom the file is maintained.

L. To "identify" a statement means:
   a. to identify who made it;
   b. to identify who took or recorded it;
   c. to identify all persons, if any, present during the making thereof;
   d. to state when, where and how it was taken or recorded; and
   e. to identify who has current or last know possession, custody or control thereof.

M. To "identify" a document means:
   a. to identify all files in which it and all copies of it are found;
   b. to identify its author;
   c. to identify its addresses, if any;
   d. to identify those who received a copy thereof;
   e. to identify its current custodian or the person that had last known possession, custody or control thereof;
   f. to state the date of its preparation; and
   g. to state its general subject matter giving a reasonably detailed description thereof.

N. To "identify" other tangible thing means:
   a. to identify what it is, giving a reasonably detailed description thereof;
   b. to state when, where and how it was made, if applicable;
   c. to identify who made it, if applicable; and
   d. to identify its current custodian or the person that had last known possession, custody or control thereof.

O. The plural of any word used herein includes the singular, and the singular includes the plural.

P. The masculine gender of any word used herein includes the feminine and the neutral genders.

Q. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

R. The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

S. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

T. "Person" shall mean any individual, association, agency, commission, or other legal or governmental entity or association.

U. "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

V. "You" and "your" shall mean the party to whom these discovery requests are directed, as well as all other persons acting or purporting to act on behalf of such party, including any attorney or other representative.

## INSTRUCTIONS

A. Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide at the time for production a listing that describes each document and states with respect to each such document:
   1. the type of document (e.g., letter, memorandum, report, etc.,);
   2. the date;
   3. the title;
   4. the number of pages;
   5. the author or addressor;
   6. the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;
   7. the subject matter of the document;
   8. the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and
   9. any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted.

B. If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons

     for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge you may have related to the location of such documents.

C. Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control, those within the custody or control of each of your attorneys, agents, associates, and/or employees, and those to which any of these persons has access.

D. For all documents in electronic, magnetic, or format other than paper, please produce in the following formats: printed hardcopy or electronic (700 Mb compact disk, Microsoft Word 2003 or later).

E. If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

## **WARNINGS**

A. A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B. An evasive or incomplete production will be treated as a failure to produce the requested documents.

## INTERROGATORIES

### INTERROGATORY NO. 15:

Please identify the total number of initial DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

### RESPONSE:


### INTERROGATORY NO. 16:

Please identify the total number of renewal DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

### RESPONSE:


### INTERROGATORY NO. 17:

Please identify the total number of requests for advance parole made by DACA grantees and, from among that number, identify the number of advance parole requests that were denied and identify the number of advance parole requests that were withdrawn by the requestor.

### RESPONSE:


### INTERROGATORY NO. 18:

Please identify the total number of approved initial DACA requestors who:
(a) indicated on the form I-821D that they had no lawful status at entry (including but not limited to "no," "none," "entered without inspection," or "EWI"); and
(b) indicated on the form I-821D that they did not have an Arrival/Departure Record (I-94); and
(c) after receiving DACA, left the U.S. pursuant to a grant of advance parole and were paroled back into the U.S.; and
(d) subsequently adjusted status under 8 U.S.C. § 1255(a).

### RESPONSE: