# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-68 |
| | ) |
| UNITED STATES OF AMERICA, *et at.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendant-Intervenor. | ) |

**FEDERAL DEFENDANTS' OBJECTIONS AND RESPONSES TO
DEFENDANT-INTERVENORS' FOURTH SET OF DISCOVERY REQUESTS**

TO: Defendant-Intervenors, by and through their attorneys of record, Nina Perales, Celina Moreno, Jack Salmon, Alejandra Avila, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205; Carlos Moctezuma García, García & García, Attorneys at Law P.L.L.C., P.O. Box 4545 McAllen, Texas 78502.

Federal Defendants serve these objections and responses to Defendant-Intervenors' fourth set of interrogatories pursuant to the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

Federal Defendants state the following General Objections to Defendant-Intervenors' fourth set of interrogatories, which are hereby incorporated in and made part of each of the following specific responses.

1. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they are unduly burdensome, are overly broad, or seek information that is not relevant to this phase of this case and will not lead to the discovery of such relevant information.

2. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they are beyond the scope of the claims in this case or they are not relevant to any party's claim or defense. Federal Defendants further object to these interrogatories to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Federal Defendants object to Defendant-Intervenors' "Definitions and Instructions" to the extent that they are vague and ambiguous, and therefore may lead to differing interpretations among the parties to this litigation as well as the Court, resulting in confusion.

4. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they require discovery outside of a properly designated administrative record by the Department of Homeland Security (DHS), insofar as this action may be construed as a suit for judicial review of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.

5. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent they purport to require the disclosure of information in the possession, custody or control of entities other than properly named Defendants on the grounds that such discovery is beyond the scope of Fed. R. Civ. P. 33 and other applicable law.

6. Federal Defendants object to Defendant-Intervenors' fourth set of interrogatories to the extent that they exceed the limit of 25 interrogatories, including all subparts, allowed under Fed. R. Civ. P. 33, without stipulation or leave from the court. Defendant-Intervenors have clearly promulgated more than twenty-five interrogatories throughout the course of this litigation.

7. Federal Defendants' responses to Defendant-Intervenors' fourth set of interrogatories are made without waiving:

    (a) The right to object to the competence, relevance, materiality, or admissibility as evidence of any information, or the subject matter thereof, in any aspect of this civil action or any other matter;

    (b) The right to object at any time and upon any grounds to any other discovery requests;

    (c) The right at any time and for any reason to revise, supplement, correct, add or to clarify these responses;

    (d) The right to amend or supplement these responses if the Federal Defendants discover additional information; and

     (e) Any applicable privilege, including but not limited to the attorney/client privilege, the law enforcement privilege, the investigation files privilege, executive privilege, and the official information privilege.

8. Federal Defendants' responses to Defendant-Intervenors' fourth set of interrogatories are based upon the information available at this stage of the litigation. Federal Defendants reserve the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

     Likewise, Federal Defendants' objections to Defendant-Intervenors' fourth set of interrogatories are based upon the information presently known by the Federal Defendants, and are made without prejudice to the Federal Defendants' right to assert additional objections in the event that additional grounds for objections should be discovered by the Federal Defendants subsequent to this response.

10. Without waiving the above objections, Federal Defendants will provide responses to only relevant non-privileged matters based on information currently available to it and obtainable without undue burden.

11. Federal Defendants are also not responding to Interrogatories 17 and 18 because Perez Defendant-Intervenors have agreed to withdraw those interrogatories. *See* ECF No. 416.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FOURTH SET OF INTERROGATORIES

**INTERROGATORY NO. 15:**

     Please identify the total number of initial DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

**OBJECTIONS TO INTERROGATORY NO. 15:**

Federal Defendants specifically object to Interrogatory No. 15 on the grounds that it is overly burdensome, not relevant, and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."); *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 554 n.42 (5th Cir. 2016) (stating "the scope of discovery depends in part on 'whether the burden or expense of the proposed discovery outweighs its likely benefit'" (quoting Fed. R. Civ. P. 26(b)(1))).

The Court is currently considering a fully briefed motion for summary judgment addressing Plaintiffs' substantive and procedural Administrative Procedure Act (APA) claims and their Take Care Clause claim. *See* ECF No. 356. Information on work authorization requests by initial

DACA requestors is irrelevant to any of these claims. Every DACA requestor must file an I-765 (a "work authorization request"), with all applicable fees, and Form I-765WS along with their DACA –based request for a two-year period of deferred action, otherwise their entire submission will be rejected.. While it is possible that after one's submission has been accepted a DACA request (I-821D) could subsequently be approved and an I-765 denied if, for example, the requestor failed to show economic need, any instances of this would be rare.  Similarly, it would unusual for a requestor to request withdrawal of his or her own I-765. The numbers of such denials for I-765s for approved DACA recipients, or of DACA requestors who may have asked to withdraw their I-765 at some point during the adjudication process, are not relevant to any of Defendant-Intervenors' claims or Plaintiffs' substantive and procedural APA claims or Take Care Clause claim.  Additionally, Defendant-Intervenors' have not limited this interrogatory to DACA requestors from Plaintiff states, making it geographically overbroad and further irrelevant to the current litigation.

Because the Court can resolve this case based on the motion for summary judgment currently before it and the record as it exists now, and the information sought is overbroad and irrelevant to any claim within the motion, the request is disproportionate to the needs of the case as it stands now. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (upholding district court's stay of depositions until after determinations of summary judgment motions that did not require discovery); *cf. Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery before Court ruled on motion to dismiss as it would be otherwise unduly burdensome and expensive). Indeed, the Court's July 26, 2019 order envisions no additional discovery beyond that ordered at the hearing on July 24, 2019 until after it rules on Plaintiff-States' motion for summary judgment. *See* ECF No. 412 ("If the Court ultimately denies Plaintiff-States' Motion for Summary Judgment [Doc. No. 356], the Court will at that time entertain a request to re-open discovery, should any party so request and show good cause.").

**INTERROGATORY NO. 16:**

Please identify the total number of renewal DACA requests accompanied by requests for work authorization, and, from among that number, identify the number of work authorization requests that were denied and identify the number of work authorization requests that were withdrawn by the requestor.

**OBJECTIONS TO INTERROGATORY NO. 16:**

Federal Defendants specifically object to Interrogatory No. 16 on the grounds that it is not proportional to the needs of the case given it requests information which is not relevant to any claims and the pending motions for summary judgment before the court.

Federal Defendants further object to Interrogatory No. 16 on the grounds that it is overly burdensome, not relevant, and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."); *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 554 n.42 (5th Cir. 2016) (stating "the scope of

discovery depends in part on 'whether the burden or expense of the proposed discovery outweighs its likely benefit'" (quoting Fed. R. Civ. P. 26(b)(1))).

The Court is currently considering a fully briefed motion for summary judgment addressing Plaintiffs' substantive and procedural APA claims and their Take Care Clause claim. *See* ECF No. 356. Information on work authorization requests by DACA renewal requestors is not relevant to any of these claims. Every DACA renewal requestor must file an I-765 (a "work authorization request"), with all applicable fees, and Form I-765WS along with their DACA-based request for an additional two-year period of deferred action , otherwise their entire submission  will be rejected. While it is possible that after one's submission has been accepted a DACA renewal request (I-821D) could subsequently be approved and an I-765 denied if, for example, the requestor failed to show economic need, any instances of this would be rare. Similarly, it would be unusual for a renewal requestor to request withdrawal of his or her own I-765.  The numbers of such  denials for I-765s for approved DACA renewal recipients, or of DACA renewal requestors who may have asked to withdraw their I-765 at some point during the adjudication process, are not relevant to any of Defendant-Intervenors' claims or Plaintiffs' substantive and procedural APA claims or Take Care Clause claim. Additionally, Defendant-Intervenors' have not limited this interrogatory to DACA renewal requestors from Plaintiff states, making it geographically overbroad and further irrelevant to the current litigation.

Because the Court can resolve this case based on the motion for summary judgment currently before it and the record as it exists now, and the information sought is overbroad and irrelevant to any claim within the motion, the request is disproportionate to the needs of the case as it stands now. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (upholding district court's stay of depositions until after determinations of summary judgment motions that did not require discovery); *cf. Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery before Court ruled on motion to dismiss as it would be otherwise unduly burdensome and expensive). Indeed, the Court's July 26, 2019 order envisions no additional discovery beyond that ordered at the hearing on July 24, 2019 until after it rules on Plaintiff-States' motion for summary judgment. *See* ECF No. 412 ("If the Court ultimately denies Plaintiff-States' Motion for Summary Judgment [Doc. No. 356], the Court will at that time entertain a request to re-open discovery, should any part so request and show good cause.").

//

//

//

Dated: July 22, 2019                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

/s/ *Jeffrey S. Robins*
JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000

Attorneys for Federal Defendants          jeffrey.robins@usdoj.gov