## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants,* <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> *Defendant-Intervenors.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:18-cv-00068 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' RESPONSE TO NEW JERSEY'S MOTION TO STAY

The ability of this Court to adjudicate the unlawfulness of DACA—and redress the harms that Plaintiff States are incurring because of DACA's continued existence—is clear. It has never been limited because of lawsuits brought by different parties in different jurisdictions over a different executive action. Plaintiff States have maintained that position from the beginning of this lawsuit, and this Court has largely agreed. There is no reason for the Court to change its approach now. The majority of the work litigating this case before this Court is done, and this case is ripe for resolution on the merits. The Supreme Court's future decision over a different executive action challenged in different courts (collectively, the "Rescission Cases")[1] does not mean that this Court should stay this case.

---

[1] *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018), cert. granted, 139 S. Ct. 2779 (U.S. June 28, 2019) (No. 18-587) ("Regents"); *NAACP v. Trump*, 298 F. Supp. 3d 209

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

1.     Whether—now that discovery is largely complete, and with a hearing on Plaintiff States' dispositive motion forthcoming—this Court should delay its ruling on the legality of the 2012 memorandum that enacted the DACA program to wait for the U.S. Supreme Court to review the decisions of different courts in different jurisdictions over a different executive action.

**SUMMARY OF THE ARGUMENT**

2.     The issues currently before the Supreme Court involve challenges to the 2017 executive action to rescind DACA, while the issues before this Court involve challenges to the 2012 executive action to create DACA. Those are two separate issues with different constitutional implications. New Jersey's motion to stay is another attempt to delay and obscure the merits of this case while simultaneously trying to question this Court's authority to oversee a case that is squarely within its purview.

3.     New Jersey claims that this case should be stayed to conserve scarce judicial resources, yet the lion's share of the work by the parties and the Court in this case has already taken place. The discovery period is almost closed. The Court will hear arguments on Plaintiff States' motion for summary judgment on October 28, 2019. There are very few resources that will be conserved at this point in the litigation. Despite New Jersey's contention, the Plaintiff States have proven to this Court that they suffer harm every day that the DACA program is in existence. Any

---

(D.D.C. 2018), cert. granted, 139 S. Ct. 2779 (U.S. June 28, 2019) (No. 18-588) ("NAACP"); and *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018), cert. granted sub nom. *McAleenan v. Vidal*, 139 S. Ct. 2773 (U.S. June 28, 2019) (No. 18-589) ("Batalla Vidal"). *Cf. Casa de Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684 (4th Cir. 2019), petition for cert. filed (U.S. May 24, 2019) (No. 18-1469).

further delay of the resolution of this case will only cause more harm to the Plaintiff States.

## ARGUMENT

### I.     New Jersey has sought nothing but delay to avoid a ruling on the merits.

4.     In support of their motion to intervene, New Jersey assured this Court that "New Jersey has not and will not delay any deadlines or proceedings in this matter." N.J.'s Reply in Supp. of Mot. to Intervene 9, ECF No. 73. False. Not even two weeks after being allowed to intervene, New Jersey requested a two-week extension of the briefing schedule. ECF No. 107. New Jersey then joined in full with the other Defendant-Intervenors' motion to dismiss, arguing that this case was better suited in California or the District of Columbia. *See* N.J.'s Response to Perez Def.-Intervenors' Mot. to Dismiss, ECF No. 193. New Jersey joined another motion for extending the deadlines for the post-discovery response brief. *See* ECF No. 259. And New Jersey again joined Defendant-Intervenors in a motion to deny or defer consideration of Plaintiff States' motion for summary judgment, or in the alternative to grant an extension of time to respond. *See* ECF No. 363.

5.     When finally forced to respond to Plaintiff States' motion for summary judgment, New Jersey rehashed the same arguments that this Court should defer to other courts that have ruled on the 2017 rescission. *See* N.J.'s Resp. to Pl. States' Mot. for Summ. J. 36 [ECF No. 397 at 41]. They briefed this argument despite this Court having already held that "there is little to be gleaned from these prior DACA decisions that is applicable to the questions posed in this case" and "other recent DACA

decisions do not suggest that this Court should refrain from ruling." Mem. Op. & Order 13, 23, ECF No. 319.

## II.   The focal issues in the Rescission Cases are different from this case.

6.   New Jersey's Motion to Stay is just another attempt to delay the outcome of this case despite the Court already ruling that the Rescission Cases have little bearing on the outcome of this case. The Court has stated that the Rescission Cases involve the "legality of the DACA rescission memorandum—an issue this court does not address." *Id.* at 13. It has also noted that the district judge in *Batalla Vidal* was faced with the predicament of entering a conflicting injunction with the *Texas I* case that included overlapping issues, yet that court moved forward with entering a nationwide injunction because it could not conceive a narrower path to follow. *See id.* at 13-17.

7.   Even more importantly, none of the decisions made in the Rescission Cases are dispositive to the questions posed in this case. As the Court has mentioned, "it is important to note that these courts were primarily faced with the issue of the Government's rescission of DACA—not its creation and implementation," and that "none of these courts are bound by Fifth Circuit precedent." *Id.* at 23. Nor is this Court bound by the precedent set by the Second, Fourth, Ninth, or D.C. Circuits in the Rescission Cases. Even more so, the challenges in those courts to the 2017 rescission do not "squarely implicate" this challenge to the 2012 creation of DACA. The Supreme Court's ruling in the Rescission Cases will not address the issue of whether the 2012 executive action needs to be set aside, which is the focal issue in this case.

**III.    As this case is ripe for resolution on the merits, a stay will not preserve significant resources.**

8.    Few if any judicial and public resources will be preserved by a stay at this point in the case. The discovery period is almost over. The parties have already conducted more than 30 depositions of both fact and expert witnesses, exchanged over 12,000 pages of document production, and filed over 400 pages of briefing with more than 7,000 pages of attached exhibits. In addition, this Court has spent considerable time studying the issues in order to provide an in-depth 117-page Memorandum Opinion with no indication that this case should not move forward. If anything, staying this case would be a disservice to the immense judicial and public resources that have already been expended, as the parties and the Court will need to re-familiarize themselves with the same material after the multi-month lag that New Jersey requests.

**IV.    Plaintiff States will be harmed by a stay of this case.**

9.    It has been clearly proven that the Plaintiff States will be harmed by a stay of these proceedings. For example, as the Court has acknowledged, it is "estimated that DACA recipients cost the State of Texas $250,007,800 annually." Mem. Op. & Order 106, ECF No. 319. In addition, this Court further noted that, "Texas has proven that it suffers some amount of costs associated with increased social service expenses that are directly associated with the continued presence of its over 100,000 DACA-recipient residents." *Id.* at 105-06. The longer it takes for this case to be adjudicated only increases the cost borne by the Plaintiff States. A stay of proceedings would cause continuous and harmful costs to Plaintiff States.

## CONCLUSION

Plaintiff States respectfully request that the Court deny New Jersey's Motion to Stay all further activity pending the Supreme Court's decision in the Rescission Cases.

Respectfully Submitted.

STEVE MARSHALL
Attorney General of Alabama

KEN PAXTON
Attorney General of Texas

LESLIE RUTLEDGE
Attorney General of Arkansas

JEFFREY C. MATEER
First Assistant Attorney General

DEREK SCHMIDT
Attorney General of Kansas

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

JEFF LANDRY
Attorney General of Louisiana

 */s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge

DOUGLAS J. PETERSON
Attorney General of Nebraska

Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854

ALAN WILSON
Attorney General of South Carolina

Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov

PATRICK MORRISEY
Attorney General of West Virginia

P.O. Box 12548
Austin, Texas 78711-2548

**COUNSEL FOR PLAINTIFF STATES**

6

## CERTIFICATE OF SERVICE

I certify that on September 18, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn J. Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 1st Floor
Trenton, New Jersey 08625
Glenn.Moramarco@law.njoag.gov

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher
Trial Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | )  Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |
| | ) |

## ORDER DENYING DEFENDANT-INTERVENOR
## NEW JERSEY'S MOTION TO STAY

On this date, the Court considered Defendant-Intervenor New Jersey's Motion to Stay. After considering the motion, any responses thereto, and all other matters properly before the Court, the Court believes the motion is without merit and should be DENIED.

IT IS THEREFORE ORDERED that Defendant-Intervenor New Jersey's Motion to Stay is DENIED.

SIGNED on this the _____ day of _____, 2019.

_____
Andrew S. Hanen
U.S. District Court Judge