**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**PEREZ DEFENDANT-INTERVENORS' OPPOSED**
**MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS**

**I.      STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT**

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully request that the Court compel Plaintiffs to produce documents responsive to Defendant-Intervenors' subpoenas duces tecum served in connection with depositions of Plaintiffs' witnesses.  *See* Fed. R. Civ. P. 37(a)(3).

Pursuant to Federal Rule of Civil Procedure 37, Defendant-Intervenors also request an extension of discovery deadlines for a period of time equal to the number of days between the filing of this motion and the day Plaintiffs produce the discovery.

## I.        SUMMARY OF THE ARGUMENT

On August 30, 2019 and September 6, 2019 respectively, Defendant-Intervenors noticed the depositions of two of Plaintiffs' witnesses:  Gretel Felton of the Alabama Medicaid Agency and Mary Franklin of the Arkansas Department of Human Services.  On those same dates, Defendant-Intervenors also served Plaintiffs with subpoenas duces tecum requesting documents that support the claims in the witnesses' previously executed declarations.  *See* Exhibit A and Exhibit B.

Defendant-Intervenors took the deposition of Ms. Felton in Montgomery, Alabama on September 12, 2019 and took the deposition of Ms. Franklin in Little Rock, Arkansas on September 18, 2019.  At the depositions, Plaintiffs produced some documents that were responsive to the subpoenas duces tecum.  With respect to documents that Plaintiffs did not produce, Defendant-Intervenors again requested the documents during the depositions and Plaintiffs committed to supplementing the documents if possible.

Discovery in this case closes September 23, 2019.  Because Plaintiffs have not yet produced the subpoenaed documents, and the documents are necessary for Defendant-Intervenors to determine the veracity of the witnesses' claims that their states expend Medicaid funds on DACA recipients, Defendant-Intervenors file this motion to compel.

Plaintiffs have not resisted the subpoena or moved to quash.  *See* Fed. R. Civ. P. 45 (d)(2)(B) ("A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection[.]"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted).

The discovery sought by Defendant-Intervenors relates to whether the Plaintiff states have standing.  Plaintiffs contend that Alabama and Arkansas can trace specific Medicaid expenditures to DACA recipients.  The subpoenas impose little burden on Plaintiffs because they merely request

documents already maintained by Alabama and Arkansas in their normal course of business.  On the other hand, the subpoenas are necessary for Defendant-Intervenors, who have no other means by which to secure the information that supports Plaintiffs' claimed DACA-related costs.  Without Plaintiffs' cooperation in producing the documents Defendant-Intervenors seek, Defendant-Intervenors have no recourse, as no other party in this litigation has access to this information.

## II.    LEGAL STANDARD

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant-Intervenors are entitled to discovery that is relevant to their claims so long as the materials are not privileged and are proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  This Court "has broad discretion in discovery matters."  *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989).  Discovery rules "are to be accorded a broad and liberal treatment."  *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964).  A party seeking to resist discovery bears the burden of showing specifically how each discovery request is not relevant or otherwise objectionable.  *See McLeod,* 894 F.2d at 1485 (finding conclusory recitation of burdensomeness, relevancy, and overbreadth inadequate); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (stating that the Fifth Circuit does not employ a burden shifting approach; the burden of resisting discovery remains on the party opposing discovery at all times).

Fed. R. Civ. P. 45 permits a party to subpoena the production of "documents, electronically stored information, or tangible things[.]"  Fed. R. Civ. P. 45 (a)(1)(D).  A person commanded to produce documents by a subpoena may serve written objections and may also move to quash the subpoena.  Fed. R. Civ. P. 45 (d)(2)(B), (3).

## III.    ARGUMENT

Defendant-Intervenors subpoenaed, among other things, "[d]ocuments showing the types of data maintained by the [Alabama Medicaid Agency and Arkansas Department of Human Services]

evidencing immigration and citizenship status of Medicaid applicants or beneficiaries." *See* Exhibit A and B.  Defendant-Intervenors also subpoenaed documents showing "the types of data maintained by the [two state agencies] evidencing receipt of DACA by Medicaid applicants or beneficiaries." *Id.* Defendant-Intervenors similarly subpoenaed documents showing when and how Alabama and Arkansas capture and store information showing that Medicaid applicants are recipients of DACA. *Id*.

Defendant-Intervenors seek these documents in order to verify the claims by Ms. Felton and Ms. Franklin in their declarations that Alabama and Arkansas expend money on Medicaid recipients who are also DACA recipients.  Although the witnesses testified in their depositions and provided documents purporting to show expenditures related to Medicaid recipients who are also DACA recipients, they did not provide documents showing that any of the Medicaid recipients in question were DACA recipients.  They further did not provide documents showing when and how Alabama and Arkansas receive and maintain DACA-related information about their Medicaid recipients. Because this evidence bears on the Plaintiff states' standing, Defendant-Intervenors seek to enforce their subpoenas.

Plaintiffs have neither served written objections nor moved to quash the subpoenas at issue. In fact, Plaintiffs have stated that they will try to provide responsive documents.  For this reason, Defendant-Intervenors should receive the responsive documents even if Plaintiffs are unable to provide them until after the formal close of discovery.

## IV.    CONCLUSION

Defendant-Intervenors respectfully request that the Court compel Plaintiffs to provide the subpoenaed documents.  Pursuant to Rule 37, Defendant-Intervenors also request that the Court extend all deadlines in the Rule 16 scheduling order for a period of time equal to the number of days between the filing of the motion and the day Plaintiffs produce the ordered discovery.

4

Dated:  September 23, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and
Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899

Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I certify that on September 23, 2019, I emailed Todd Disher, counsel for Plaintiffs, to confer on the motion.  Counsel for Plaintiffs did not indicate a position on the motion but stated that he was conferring with counsel for Plaintiff states Alabama and Arkansas in an effort to produce the requested documents.

*/s/ Nina Perales*
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on September 23, 2019 I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF
GRETEL FELTON**

TO:   Gretel Felton, c/o Todd L. Disher, Attorney-in-Charge, Trial Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and by agreement of the parties, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter of Gretel Felton.

The deposition shall take place on Thursday, September 12, 2019 at 9:00 a.m. at the Office of the Attorney General, 501 Washington Avenue, Montgomery, AL 36130, until complete.

Said deposition, answers and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: August 30, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
*Ramón A. Soto (NM Bar No. 149600)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org
*(Admitted pro hac vice)

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García

(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was sent on August 30, 2019, via electronic mail to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ  08625
Glenn.Moramarco@njoag.gov

*/s/ Nina Perales*
Nina Perales

3

**EXHIBIT A**

## SUBPOENA DUCES TECUM

## DEFINITIONS AND INSTRUCTIONS

A.      "You" and "your" as used herein, refers to Gretel Felton, Plaintiffs State of Texas, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of West Virginia, the Alabama Medicaid Agency, and consultants, experts, investigators, agents, or other persons acting on your or their behalf and, unless privileged, your attorneys.

B.      "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

C.      "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants. A draft of a non-identical copy is a separate document within the meaning of this term. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D.      The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

E.      The term "DACA recipient" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

F.      The term "USCIS" shall mean United States Citizenship and Immigration Services.

G.      The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

H.      "Plaintiff State" or "Plaintiff' shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

I.      "Person" shall mean and include a natural person, individual, partnership, firm, corporation, school, district or any kind of business or legal entity, its agents, or employees.

J.      The following requests for documents are addressed to Deena Pregno and Plaintiffs, her agents or attorneys, or any of them.  If the requested documents are known by Deena Pregno or Plaintiffs to exist but are not in the possession, custody, or control of Deena Pregno or Plaintiffs, her agents, or attorneys, or any of them, it is requested that Deena Pregno or Plaintiffs so indicate, or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents reside.

K.      The term "document" is used herein with its broadest possible meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand, or by any type of electronic means, specifically including e-mail (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversation; diaries; routing slips or memoranda; reports publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records; and dictation belts.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L.      As used herein, "relating to" or "evidence" means refers to, reflects upon, concerning, relied upon, or is in any way logically or factually connected with the matters discussed.

M.      If any documents responsive to any request have been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

N.      If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Deena Pregno or Plaintiffs shall serve upon the undersigned attorneys a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to who the item or any copy of reproduction thereof

was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

O.     For all documents kept in electronic format, produce in hard copy format.

P.     Defendant-Intervenors also request the opportunity to inspect and copy the materials brought.

Q.     "Exhibit B" refers to the attached exhibit titled Second Declaration of Gretel Felton.

**[Continued below]**

## DOCUMENTS TO BE PRODUCED

1. Gretel Felton's most current curriculum vitae and resume.

2. All documents reviewed or relied upon by you as the basis for the opinions expressed in Exhibit B.

3. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel in order to draft Exhibit B.

4. All documents, tangible things, reports, models, or data compilations that you considered for the purpose of forming your opinion(s), mental impressions, and statements in Exhibit B.

5. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel related to Exhibit B.

6. Documents showing the policies and procedures of the Alabama Medicaid Agency with respect to determining citizenship and immigration status, including DACA, of Medicaid applicants or recipients.

7. Documents showing the types of services paid for or reimbursed by the Alabama Medicaid Agency for which DACA recipients are eligible, by year, for each fiscal year between September 1, 2012 and the present.

8. Documents showing the types of services that were rendered to DACA recipients and that were paid for or reimbursed by the Alabama Medicaid Agency, by year, for each fiscal year between September 1, 2012 and the present.

9. Documents showing the costs to Alabama for Medicaid services rendered to DACA recipients, by year, for each fiscal year between September 1, 2012 and the present.

10. Documents showing the costs to Alabama for Medicaid services rendered to undocumented individuals, by year, for each fiscal year between September 1, 2012 and the present.

11. Documents showing all training provided to the Alabama Medicaid Agency employees on the use of CARES to determine citizenship and immigration status, including DACA from September 1, 2012 to September 1, 2019.

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub."  Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]"  Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]"  Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA"  information from the Federal Data Services Hub (the Hub).  Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

18. Documents showing the purposes for which CARES "captures and stores citizenship and immigration status, including DACA"  information from the Federal Data Services Hub (the Hub).  Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

19. Documents showing the circumstances under which CARES requests information related to citizenship and immigration status, including DACA from the Federal Data Services Hub (the Hub).

20. Documents showing the circumstances under which CARES receives, and does not receive, a response containing information related to citizenship and immigration status, including DACA from the Federal Data Services Hub (the Hub).

21. Documents showing the allocation of financial responsibility between federal and state funding sources for each type of Medicaid service rendered to DACA recipients in Alabama.

22. Documents supporting the statement "approximately 70% of these expenditures represent federal funding. The remaining approximate [sic] 30% represents money from a state funding source."  Declaration of Gretel Felton, attached as Exhibit B, at parag. 7.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

## SECOND DECLARATION OF GRETEL FELTON

1.      I am the Deputy Commissioner of Beneficiary Services for the Alabama Medicaid
Agency (Medicaid).  I have worked for Medicaid in this capacity since 2014, having previously
served in various roles within Beneficiary Services since 1991.

2.      In my current position I oversee all Medicaid eligibility offices, practices, policies, and
procedures, which requires both direct and indirect supervision of over 300 Medicaid employees
in the Beneficiary Services department.

3.      On July 19, 2019, I executed a Declaration related to my review of information from
Alabama Medicaid Agency's Data Analytics unit regarding the amount of money expended by
the state for the individuals with a DACA designation embedded in the response received from
the Federal Data Services Hub. See Declaration of Gretel Felton, Exhibit A.

4.      To clarify, the figures contained in paragraph 6 of my previous Declaration are amounts
expended on services for recipients with a DACA designation embedded in the response
received from the Hub; as those figures were reported to me by the Data Analytics unit.
Done and Dated this 7th day of August 2019.

GRETEL FELTON

STATES000261

# EXHIBIT A

STATES000262

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

<u>DECLARATION OF GRETEL FELTON</u>

My name is Gretel Felton, and I am over the age of 19 and fully competent to make this declaration. I have personal knowledge of the matters herein stated.

1. I am the Deputy Commissioner of Beneficiary Services for the Alabama Medicaid Agency (Medicaid). I have worked for Medicaid in this capacity since 2014, having previously served in various roles within Beneficiary Services since 1991.

2. In my current position I oversee all Medicaid eligibility offices, practices, policies, and procedures, which requires both direct and indirect supervision of over 300 Medicaid employees in the Beneficiary Services department.

3. The Centralized Alabama Recipient Eligibility System (CARES) captures and stores citizenship and immigration status, including DACA, when a response regarding such status is received from the Federal Data Services Hub (the Hub). Medicaid does not track or otherwise utilize information regarding the DACA designation during the course of everyday operations. It is my understanding that DACA information is embedded in the response received from the Hub.

STATES000263

4. Medicaid's Data Analytics team determined the amount expended by the state for the individuals with DACA data embedded in the response received from the Hub.

5. I have reviewed the information from Alabama Medicaid Agency Data Analytics unit regarding the recipients with a DACA designation.

6. For services rendered in Fiscal Year 2015 Medicaid expended $13,460, for services rendered in Fiscal Year 2016 Medicaid expended $42,366, for services rendered in Fiscal Year 2017 Medicaid expended $56,190, and for services in Fiscal Year 2018 Medicaid expended $36,816. These represent services rendered in the respective fiscal year, not necessarily expenditures in that particular fiscal year.

7. According to Medicaid financial personnel, I have been informed that approximately 70% of these expenditures represent federal funding. The remaining approximate 30% represents money from a state funding source. It is also my understanding that the CHIP program, which would have been total federal dollars during this time period, is not included in the "services rendered" numbers in paragraph 6 above.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above information is true and correct to the best of my knowledge and belief.

Done and Dated this 19th day of July, 2019.


GRETEL FELTON

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF**
**MARY FRANKLIN**

TO:    Mary Franklin, c/o Todd L. Disher, Attorney-in-Charge, Trial Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and by agreement of the parties, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter of Mary Franklin.

The deposition shall take place on Wednesday, September 18, 2019 at 1:30 p.m. at 323 Center Street, Suite 200, Little Rock, AR  72201, until complete.

Said deposition, answers and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 6, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
*Ramón A. Soto (NM Bar No. 149600)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org
*(Admitted pro hac vice)

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García

(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was sent on September 6, 2019, via electronic mail to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ  08625
Glenn.Moramarco@njoag.gov

*/s/ Nina Perales*
Nina Perales

**EXHIBIT A**

## <u>SUBPOENA DUCES TECUM</u>

## DEFINITIONS AND INSTRUCTIONS

A.    "You" and "your" as used herein, refers to Mary Franklin, Plaintiffs State of Texas, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of West Virginia, the Arkansas Department of Human Services, and consultants, experts, investigators, agents, or other persons acting on your or their behalf and, unless privileged, your attorneys.

B.    "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

C.    "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants. A draft of a non-identical copy is a separate document within the meaning of this term. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D.    The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

E.    The term "DACA recipient" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

F.    The term "USCIS" shall mean United States Citizenship and Immigration Services.

G.    The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

H.    "Plaintiff State" or "Plaintiff" shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

I.      "Person" shall mean and include a natural person, individual, partnership, firm, corporation, school, district or any kind of business or legal entity, its agents, or employees.

J.      The following requests for documents are addressed to Mary Franklin and Plaintiffs, her agents or attorneys, or any of them. If the requested documents are known by Mary Franklin or Plaintiffs to exist but are not in the possession, custody, or control of Mary Franklin or Plaintiffs, her agents, or attorneys, or any of them, it is requested that Mary Franklin or Plaintiffs so indicate, or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents reside.

K.      The term "document" is used herein with its broadest possible meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand, or by any type of electronic means, specifically including e-mail (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversation; diaries; routing slips or memoranda; reports publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records; and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L.      As used herein, "relating to" or "evidence" means refers to, reflects upon, concerning, relied upon, or is in any way logically or factually connected with the matters discussed.

M.      If any documents responsive to any request have been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

N.      If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Mary Franklin or Plaintiffs shall serve upon the undersigned attorneys a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to who the item or any copy of reproduction thereof

was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

O.    For all documents kept in electronic format, produce in hard copy format.

P.    Defendant-Intervenors also request the opportunity to inspect and copy the materials brought.

Q.    "Exhibit B" refers to the attached exhibit titled Declaration of Mary Franklin.

**[Continued below]**

### DOCUMENTS TO BE PRODUCED

1. Mary Franklin's most current curriculum vitae and resume.

2. All documents reviewed or relied upon by you as the basis for the opinions expressed in Exhibit B.

3. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel in order to draft Exhibit B.

4. All documents, tangible things, reports, models, or data compilations that you considered for the purpose of forming your opinion(s), mental impressions, and statements in Exhibit B.

5. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel related to Exhibit B.

6. Documents showing the policies and procedures of the Arkansas Department of Human Services with respect to determining citizenship and immigration status, including DACA, of Medicaid and Child Health Insurance Program ("CHIP") applicants or recipients.

7. Documents showing the types of services paid for or reimbursed by the Arkansas Department of Human Services for which DACA recipients are eligible, by year, for each fiscal year between September 1, 2012 and the present.

8. Documents showing the types of services that were rendered to DACA recipients and that were paid for or reimbursed by the Arkansas Department of Human Services, by year, for each fiscal year between September 1, 2012 and the present.

9. Documents showing the costs to Arkansas Department of Human Services for services rendered to DACA recipients, by year, for each fiscal year between September 1, 2012 and the present.

10. Documents showing the costs to Arkansas Department of Human Services for services rendered to undocumented individuals, by year, for each fiscal year between September 1, 2012 and the present.

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

17. Documents showing the purpose for which the Arkansas Department of Human Services identifies DACA recipients through the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

18. Documents showing the circumstances under which the Arkansas Department of Human Services requests information related to citizenship and immigration status, including DACA, from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

19. Documents showing the circumstances under which the Arkansas Department of Human Services receives, and does not receive, a response containing information related to citizenship and immigration status, including DACA from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

20. Documents showing the allocation of financial responsibility between federal and state funding sources for each type of Medicaid service rendered to DACA recipients in Arkansas.

21. Documents supporting the statement "[the Arkansas Department of Human Services] has reimbursed $911,418.88 in Medicaid and CHIP clams for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018" Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

22. Documents supporting the statement "Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/6 percent state funds during 2018 and 93 percent federal/7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal/30 percent state funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

23. Documents supporting the statement "CHIP claims during this time period[,] [January 1, 2018 to present,] were paid with 100% federal funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendants-Intervenors. | ) |
| | ) |

## DECLARATION OF MARY FRANKLIN

My name is Mary Franklin.  I have personal knowledge of the matters contained in this declaration.

1.  I am over 18 years of age, of sound mind, and capable of making this Declaration.

2.  I am employed as the Director of County Operations for the Arkansas Department of Human Services ("DHS") since 2016.  In the course of employment, I have overseen the operations of various State-Federal social services programs, including Medicaid and the Child Health Insurance Program (CHIP).  Oversight includes the eligibility determination process, placement in the appropriate Medicaid or CHIP category, conducting annual renewals, and

STATES000267

processing changes of circumstance to determine continued eligibility. Claims are paid at the appropriate federal/state match rate based on the type of coverage approved.

3. Individuals who are not lawfully present in the United States are ineligible for almost all State health and human services programs under State and Federal law. This would include DACA recipients.

4. Illegal immigrants are eligible for benefits under emergency Medicaid services and for pregnancy benefits under CHIP. This includes DACA recipients. Using data kept in the ordinary course of operations, DHS has identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the federal data services hub from January 1, 2018 to the present.

5. Based on DHS records, DHS has reimbursed $911,418.88 in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018. This amount includes both federal and state funds depending on the category of coverage. CHIP claims during this time period were paid with 100% federal funds. Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/ 6 percent state funds during 2018 and 93 percent federal / 7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal / 30 percent state funds.

6. All of the facts and information contained within this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

STATES000268

Executed on this 6th day of August, 2019.

_Mary Franklin_

Mary Franklin

Subscribed and Sworn before me a Notary Public this 6th day August, 2019.

Name _Myra Spring_

My Commission Expires: _1/23/2029_

MYRA SPRING
MY COMMISSION # 12369538
EXPIRES: January 23, 2029
Pulaski County

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**<u>AMENDED NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF
MARY FRANKLIN</u>**

TO:   Mary Franklin, c/o Todd L. Disher, Attorney-in-Charge, Trial Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and by agreement of the parties, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter of Mary Franklin.

The deposition shall take place on Wednesday, September 18, 2019 at 9:00 a.m. at 323 Center Street, Suite 200, Little Rock, AR  72201, until complete.

Said deposition, answers and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 9, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
*Ramón A. Soto (NM Bar No. 149600)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org
*(Admitted pro hac vice)

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García

2

(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was sent on September 9, 2019, via electronic mail to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ  08625
Glenn.Moramarco@njoag.gov

/s/ Nina Perales
Nina Perales

**EXHIBIT A**

## SUBPOENA DUCES TECUM

## DEFINITIONS AND INSTRUCTIONS

A.    "You" and "your" as used herein, refers to Mary Franklin, Plaintiffs State of Texas, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of West Virginia, the Arkansas Department of Human Services, and consultants, experts, investigators, agents, or other persons acting on your or their behalf and, unless privileged, your attorneys.

B.    "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

C.    "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants.  A draft of a non-identical copy is a separate document within the meaning of this term. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D.    The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

E.    The term "DACA recipient" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

F.    The term "USCIS" shall mean United States Citizenship and Immigration Services.

G.    The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

H.    "Plaintiff State" or "Plaintiff" shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

I.     "Person" shall mean and include a natural person, individual, partnership, firm, corporation, school, district or any kind of business or legal entity, its agents, or employees.

J.     The following requests for documents are addressed to Mary Franklin and Plaintiffs, her agents or attorneys, or any of them.  If the requested documents are known by Mary Franklin or Plaintiffs to exist but are not in the possession, custody, or control of Mary Franklin or Plaintiffs, her agents, or attorneys, or any of them, it is requested that Mary Franklin or Plaintiffs so indicate, or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents reside.

K.     The term "document" is used herein with its broadest possible meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand, or by any type of electronic means, specifically including e-mail (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversation; diaries; routing slips or memoranda; reports publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records; and dictation belts.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L.     As used herein, "relating to" or "evidence" means refers to, reflects upon, concerning, relied upon, or is in any way logically or factually connected with the matters discussed.

M.     If any documents responsive to any request have been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

N.     If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Mary Franklin or Plaintiffs shall serve upon the undersigned attorneys a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to who the item or any copy of reproduction thereof

2

was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

O.      For all documents kept in electronic format, produce in hard copy format.

P.      Defendant-Intervenors also request the opportunity to inspect and copy the materials brought.

Q.      "Exhibit B" refers to the attached exhibit titled Declaration of Mary Franklin.

**[Continued below]**

3

**DOCUMENTS TO BE PRODUCED**

1. Mary Franklin's most current curriculum vitae and resume.

2. All documents reviewed or relied upon by you as the basis for the opinions expressed in Exhibit B.

3. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel in order to draft Exhibit B.

4. All documents, tangible things, reports, models, or data compilations that you considered for the purpose of forming your opinion(s), mental impressions, and statements in Exhibit B.

5. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel related to Exhibit B.

6. Documents showing the policies and procedures of the Arkansas Department of Human Services with respect to determining citizenship and immigration status, including DACA, of Medicaid and Child Health Insurance Program ("CHIP") applicants or recipients.

7. Documents showing the types of services paid for or reimbursed by the Arkansas Department of Human Services for which DACA recipients are eligible, by year, for each fiscal year between September 1, 2012 and the present.

8. Documents showing the types of services that were rendered to DACA recipients and that were paid for or reimbursed by the Arkansas Department of Human Services, by year, for each fiscal year between September 1, 2012 and the present.

9. Documents showing the costs to Arkansas Department of Human Services for services rendered to DACA recipients, by year, for each fiscal year between September 1, 2012 and the present.

10. Documents showing the costs to Arkansas Department of Human Services for services rendered to undocumented individuals, by year, for each fiscal year between September 1, 2012 and the present.

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

4

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

17. Documents showing the purpose for which the Arkansas Department of Human Services identifies DACA recipients through the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

18. Documents showing the circumstances under which the Arkansas Department of Human Services requests information related to citizenship and immigration status, including DACA, from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

19. Documents showing the circumstances under which the Arkansas Department of Human Services receives, and does not receive, a response containing information related to citizenship and immigration status, including DACA from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

20. Documents showing the allocation of financial responsibility between federal and state funding sources for each type of Medicaid service rendered to DACA recipients in Arkansas.

21. Documents supporting the statement "[the Arkansas Department of Human Services] has reimbursed $911,418.88 in Medicaid and CHIP clams for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018"  Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

22. Documents supporting the statement "Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/6 percent state funds during 2018 and 93 percent federal/7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal/30 percent state funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

23. Documents supporting the statement "CHIP claims during this time period[,] [January 1, 2018 to present,] were paid with 100% federal funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendants-Intervenors. | ) |
| | ) |

## DECLARATION OF MARY FRANKLIN

My name is Mary Franklin.  I have personal knowledge of the matters contained in this declaration.

1.  I am over 18 years of age, of sound mind, and capable of making this Declaration.

2.  I am employed as the Director of County Operations for the Arkansas Department of Human Services ("DHS") since 2016.  In the course of employment, I have overseen the operations of various State-Federal social services programs, including Medicaid and the Child Health Insurance Program (CHIP).  Oversight includes the eligibility determination process, placement in the appropriate Medicaid or CHIP category, conducting annual renewals, and

STATES000267

processing changes of circumstance to determine continued eligibility. Claims are paid at the appropriate federal/state match rate based on the type of coverage approved.

3. Individuals who are not lawfully present in the United States are ineligible for almost all State health and human services programs under State and Federal law. This would include DACA recipients.

4. Illegal immigrants are eligible for benefits under emergency Medicaid services and for pregnancy benefits under CHIP. This includes DACA recipients. Using data kept in the ordinary course of operations, DHS has identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the federal data services hub from January 1, 2018 to the present.

5. Based on DHS records, DHS has reimbursed $911,418.88 in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018. This amount includes both federal and state funds depending on the category of coverage. CHIP claims during this time period were paid with 100% federal funds. Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/ 6 percent state funds during 2018 and 93 percent federal / 7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal / 30 percent state funds.

6. All of the facts and information contained within this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

STATES000268

Executed on this 6th day of August, 2019.

_Mary Franklin_
Mary Franklin

Subscribed and Sworn before me a Notary Public this 6th day August, 2019.

MYRA SPRING
MY COMMISSION # 12369538
EXPIRES: January 23, 2029
Pulaski County

Name _Myra Spring_
My Commission Expires: _1/23/2029_

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

**[PROPOSED] ORDER RE: PEREZ DEFENDANT-INTERVENORS'
MOTION TO COMPEL**

WHEREFORE, upon the motion of Perez Defendant-Intervenors to compel Plaintiffs'
production of documents pursuant to subpoenas duces tecum,

IT IS HEREBY ORDERED that Plaintiffs will produce the documents requested by
Defendant-Intervenors in their subpoenas duces tecum served on August 30, 2019 and September
6, 2019.

SO ORDERED.

Signed on September ___, 2019, at Houston, TX.

_____
Honorable Andrew S. Hanen
United States District Judge