# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

## NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF
## MARY FRANKLIN

TO:   Mary Franklin, c/o Todd L. Disher, Attorney-in-Charge, Trial Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and by agreement of the parties, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter of Mary Franklin.

The deposition shall take place on Wednesday, September 18, 2019 at 1:30 p.m. at 323 Center Street, Suite 200, Little Rock, AR  72201, until complete.

Said deposition, answers and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 6, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
*Ramón A. Soto (NM Bar No. 149600)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org
*(Admitted pro hac vice)

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García

(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was sent on September 6, 2019, via electronic mail to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ  08625
Glenn.Moramarco@njoag.gov

*/s/ Nina Perales*
Nina Perales

**EXHIBIT A**

## SUBPOENA DUCES TECUM

### DEFINITIONS AND INSTRUCTIONS

A.  "You" and "your" as used herein, refers to Mary Franklin, Plaintiffs State of Texas, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of West Virginia, the Arkansas Department of Human Services, and consultants, experts, investigators, agents, or other persons acting on your or their behalf and, unless privileged, your attorneys.

B.  "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

C.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants. A draft of a non-identical copy is a separate document within the meaning of this term. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D.  The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

E.  The term "DACA recipient" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

F.  The term "USCIS" shall mean United States Citizenship and Immigration Services.

G.  The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

H.  "Plaintiff State" or "Plaintiff" shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

I.     "Person" shall mean and include a natural person, individual, partnership, firm, corporation, school, district or any kind of business or legal entity, its agents, or employees.

J.     The following requests for documents are addressed to Mary Franklin and Plaintiffs, her agents or attorneys, or any of them.  If the requested documents are known by Mary Franklin or Plaintiffs to exist but are not in the possession, custody, or control of Mary Franklin or Plaintiffs, her agents, or attorneys, or any of them, it is requested that Mary Franklin or Plaintiffs so indicate, or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents reside.

K.     The term "document" is used herein with its broadest possible meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand, or by any type of electronic means, specifically including e-mail (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversation; diaries; routing slips or memoranda; reports publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records; and dictation belts.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L.     As used herein, "relating to" or "evidence" means refers to, reflects upon, concerning, relied upon, or is in any way logically or factually connected with the matters discussed.

M.     If any documents responsive to any request have been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

N.     If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Mary Franklin or Plaintiffs shall serve upon the undersigned attorneys a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to who the item or any copy of reproduction thereof

2

was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

O.      For all documents kept in electronic format, produce in hard copy format.

P.      Defendant-Intervenors also request the opportunity to inspect and copy the materials brought.

Q.      "Exhibit B" refers to the attached exhibit titled Declaration of Mary Franklin.

**[Continued below]**

**DOCUMENTS TO BE PRODUCED**

1. Mary Franklin's most current curriculum vitae and resume.

2. All documents reviewed or relied upon by you as the basis for the opinions expressed in Exhibit B.

3. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel in order to draft Exhibit B.

4. All documents, tangible things, reports, models, or data compilations that you considered for the purpose of forming your opinion(s), mental impressions, and statements in Exhibit B.

5. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel related to Exhibit B.

6. Documents showing the policies and procedures of the Arkansas Department of Human Services with respect to determining citizenship and immigration status, including DACA, of Medicaid and Child Health Insurance Program ("CHIP") applicants or recipients.

7. Documents showing the types of services paid for or reimbursed by the Arkansas Department of Human Services for which DACA recipients are eligible, by year, for each fiscal year between September 1, 2012 and the present.

8. Documents showing the types of services that were rendered to DACA recipients and that were paid for or reimbursed by the Arkansas Department of Human Services, by year, for each fiscal year between September 1, 2012 and the present.

9. Documents showing the costs to Arkansas Department of Human Services for services rendered to DACA recipients, by year, for each fiscal year between September 1, 2012 and the present.

10. Documents showing the costs to Arkansas Department of Human Services for services rendered to undocumented individuals, by year, for each fiscal year between September 1, 2012 and the present.

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

4

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

17. Documents showing the purpose for which the Arkansas Department of Human Services identifies DACA recipients through the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

18. Documents showing the circumstances under which the Arkansas Department of Human Services requests information related to citizenship and immigration status, including DACA, from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

19. Documents showing the circumstances under which the Arkansas Department of Human Services receives, and does not receive, a response containing information related to citizenship and immigration status, including DACA from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

20. Documents showing the allocation of financial responsibility between federal and state funding sources for each type of Medicaid service rendered to DACA recipients in Arkansas.

21. Documents supporting the statement "[the Arkansas Department of Human Services] has reimbursed $911,418.88 in Medicaid and CHIP clams for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018"  Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

22. Documents supporting the statement "Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/6 percent state funds during 2018 and 93 percent federal/7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal/30 percent state funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

23. Documents supporting the statement "CHIP claims during this time period[,] [January 1, 2018 to present,] were paid with 100% federal funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendants-Intervenors. | ) |
| | ) |

## DECLARATION OF MARY FRANKLIN

My name is Mary Franklin.  I have personal knowledge of the matters contained in this declaration.

1.  I am over 18 years of age, of sound mind, and capable of making this Declaration.

2.  I am employed as the Director of County Operations for the Arkansas Department of Human Services ("DHS") since 2016.  In the course of employment, I have overseen the operations of various State-Federal social services programs, including Medicaid and the Child Health Insurance Program (CHIP).  Oversight includes the eligibility determination process, placement in the appropriate Medicaid or CHIP category, conducting annual renewals, and

STATES000267

processing changes of circumstance to determine continued eligibility.  Claims are paid at the appropriate federal/state match rate based on the type of coverage approved.

3.  Individuals who are not lawfully present in the United States are ineligible for almost all State health and human services programs under State and Federal law.  This would include DACA recipients.

4.  Illegal immigrants are eligible for benefits under emergency Medicaid services and for pregnancy benefits under CHIP.  This includes DACA recipients.  Using data kept in the ordinary course of operations, DHS has identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the federal data services hub from January 1, 2018 to the present.

5. Based on DHS records, DHS has reimbursed $911,418.88 in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018.  This amount includes both federal and state funds depending on the category of coverage.  CHIP claims during this time period were paid with 100% federal funds.  Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/ 6 percent state funds during 2018 and 93 percent federal / 7 percent state funds during 2019.  Other Medicaid category claims were paid at a rate that is approximately 70 percent federal / 30 percent state funds.

6. All of the facts and information contained within this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of August, 2019.

_Mary Franklin_

Mary Franklin

Subscribed and Sworn before me a Notary Public this 6th day August, 2019.

MYRA SPRING
MY COMMISSION # 12369538
EXPIRES: January 23, 2029
Pulaski County

Name _Myra Spring_

My Commission Expires: _1/23/2029_

STATES000269

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors, | § |
| | § |
| and | § |
| | § |
| STATE OF NEW JERSEY, | § |
| | § |
| Defendant-Intervenor. | § |

**AMENDED NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF**
**MARY FRANKLIN**

TO:   Mary Franklin, c/o Todd L. Disher, Attorney-in-Charge, Trial Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, todd.disher@oag.texas.gov

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and by agreement of the parties, Defendant-Intervenors Karla Perez, *et al.*, by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter of Mary Franklin.

The deposition shall take place on Wednesday, September 18, 2019 at 9:00 a.m. at 323 Center Street, Suite 200, Little Rock, AR  72201, until complete.

Said deposition, answers and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 9, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
*Ramón A. Soto (NM Bar No. 149600)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org
*(Admitted pro hac vice)

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031
Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García

2

(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of this notice was sent on September 9, 2019, via electronic mail to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ  08625
Glenn.Moramarco@njoag.gov

*/s/ Nina Perales*
Nina Perales

**EXHIBIT A**

## SUBPOENA DUCES TECUM

## DEFINITIONS AND INSTRUCTIONS

A. "You" and "your" as used herein, refers to Mary Franklin, Plaintiffs State of Texas, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of West Virginia, the Arkansas Department of Human Services, and consultants, experts, investigators, agents, or other persons acting on your or their behalf and, unless privileged, your attorneys.

B. "Defendants" shall refer to the named Defendants in this case, and any other persons acting or purporting to act on their behalf.

C. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of Defendants or in the possession, custody or control of counsel for Defendants. A draft of a non-identical copy is a separate document within the meaning of this term. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

D. The term "DACA initiative," "DACA program," or "DACA" shall refer to the guidance on exercising prosecutorial discretion with respect to individuals who came to the United States as children, as described in the June 15, 2012 memorandum by former Secretary of Homeland Security, Janet Napolitano.

E. The term "DACA recipient" shall mean a person who has been granted deferred action pursuant to the DACA initiative.

F. The term "USCIS" shall mean United States Citizenship and Immigration Services.

G. The term "DHS" or "Department of Homeland Security" shall mean the United States Department of Homeland Security, or any of its components, including USCIS, or any employees, agents, or other persons acting or purporting to act on the agency's behalf.

H. "Plaintiff State" or "Plaintiff" shall refer to each of the named Plaintiff states and state officials in this case, and any other persons acting or purporting to act on their behalf and any subdivisions, agencies, and components.

I.      "Person" shall mean and include a natural person, individual, partnership, firm, corporation, school, district or any kind of business or legal entity, its agents, or employees.

J.      The following requests for documents are addressed to Mary Franklin and Plaintiffs, her agents or attorneys, or any of them. If the requested documents are known by Mary Franklin or Plaintiffs to exist but are not in the possession, custody, or control of Mary Franklin or Plaintiffs, her agents, or attorneys, or any of them, it is requested that Mary Franklin or Plaintiffs so indicate, or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents reside.

K.      The term "document" is used herein with its broadest possible meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand, or by any type of electronic means, specifically including e-mail (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversation; diaries; routing slips or memoranda; reports publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records; and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L.      As used herein, "relating to" or "evidence" means refers to, reflects upon, concerning, relied upon, or is in any way logically or factually connected with the matters discussed.

M.      If any documents responsive to any request have been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

N.      If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Mary Franklin or Plaintiffs shall serve upon the undersigned attorneys a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to who the item or any copy of reproduction thereof

was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

O.    For all documents kept in electronic format, produce in hard copy format.

P.    Defendant-Intervenors also request the opportunity to inspect and copy the materials brought.

Q.    "Exhibit B" refers to the attached exhibit titled Declaration of Mary Franklin.

**[Continued below]**

## DOCUMENTS TO BE PRODUCED

1. Mary Franklin's most current curriculum vitae and resume.

2. All documents reviewed or relied upon by you as the basis for the opinions expressed in Exhibit B.

3. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel in order to draft Exhibit B.

4. All documents, tangible things, reports, models, or data compilations that you considered for the purpose of forming your opinion(s), mental impressions, and statements in Exhibit B.

5. All documents reflecting communications between you and Plaintiffs, or any plaintiffs' representatives, including plaintiffs' counsel related to Exhibit B.

6. Documents showing the policies and procedures of the Arkansas Department of Human Services with respect to determining citizenship and immigration status, including DACA, of Medicaid and Child Health Insurance Program ("CHIP") applicants or recipients.

7. Documents showing the types of services paid for or reimbursed by the Arkansas Department of Human Services for which DACA recipients are eligible, by year, for each fiscal year between September 1, 2012 and the present.

8. Documents showing the types of services that were rendered to DACA recipients and that were paid for or reimbursed by the Arkansas Department of Human Services, by year, for each fiscal year between September 1, 2012 and the present.

9. Documents showing the costs to Arkansas Department of Human Services for services rendered to DACA recipients, by year, for each fiscal year between September 1, 2012 and the present.

10. Documents showing the costs to Arkansas Department of Human Services for services rendered to undocumented individuals, by year, for each fiscal year between September 1, 2012 and the present.

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present."  Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

17. Documents showing the purpose for which the Arkansas Department of Human Services identifies DACA recipients through the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

18. Documents showing the circumstances under which the Arkansas Department of Human Services requests information related to citizenship and immigration status, including DACA, from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

19. Documents showing the circumstances under which the Arkansas Department of Human Services receives, and does not receive, a response containing information related to citizenship and immigration status, including DACA from the verification of lawful presence (VLP) functionality of the Federal Data Services Hub (the Hub).

20. Documents showing the allocation of financial responsibility between federal and state funding sources for each type of Medicaid service rendered to DACA recipients in Arkansas.

21. Documents supporting the statement "[the Arkansas Department of Human Services] has reimbursed $911,418.88 in Medicaid and CHIP clams for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018"  Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

22. Documents supporting the statement "Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/6 percent state funds during 2018 and 93 percent federal/7 percent state funds during 2019. Other Medicaid category claims were paid at a rate that is approximately 70 percent federal/30 percent state funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

23. Documents supporting the statement "CHIP claims during this time period[,] [January 1, 2018 to present,] were paid with 100% federal funds." Declaration of Mary Franklin, attached as Exhibit B, at parag. 5.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| Defendants-Intervenors. | ) |
| | ) |

## DECLARATION OF MARY FRANKLIN

My name is Mary Franklin.  I have personal knowledge of the matters contained in this declaration.

1.  I am over 18 years of age, of sound mind, and capable of making this Declaration.

2.  I am employed as the Director of County Operations for the Arkansas Department of Human Services ("DHS") since 2016.  In the course of employment, I have overseen the operations of various State-Federal social services programs, including Medicaid and the Child Health Insurance Program (CHIP).  Oversight includes the eligibility determination process, placement in the appropriate Medicaid or CHIP category, conducting annual renewals, and

STATES000267

processing changes of circumstance to determine continued eligibility.  Claims are paid at the appropriate federal/state match rate based on the type of coverage approved.

3.  Individuals who are not lawfully present in the United States are ineligible for almost all State health and human services programs under State and Federal law.  This would include DACA recipients.

4.  Illegal immigrants are eligible for benefits under emergency Medicaid services and for pregnancy benefits under CHIP.  This includes DACA recipients.  Using data kept in the ordinary course of operations, DHS has identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the federal data services hub from January 1, 2018 to the present.

5. Based on DHS records, DHS has reimbursed $911,418.88 in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018.  This amount includes both federal and state funds depending on the category of coverage.  CHIP claims during this time period were paid with 100% federal funds.  Medicaid claims in the Medicaid adult expansion category were paid at 94 percent federal/ 6 percent state funds during 2018 and 93 percent federal / 7 percent state funds during 2019.  Other Medicaid category claims were paid at a rate that is approximately 70 percent federal / 30 percent state funds.

6. All of the facts and information contained within this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of August, 2019.

_Mary Franklin_

Mary Franklin

Subscribed and Sworn before me a Notary Public this 6th day August, 2019.

Name _Myra Spring_

My Commission Expires: _1/23/2029_

MYRA SPRING
MY COMMISSION # 12369538
EXPIRES: January 23, 2029
Pulaski County

STATES000269