# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § § § |
| v. | §  Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § |
| Defendant-Intervenors, | § § |
| and | § § |
| STATE OF NEW JERSEY, | § § |
| Defendant-Intervenor. | § § |

### PEREZ DEFENDANT-INTERVENORS' MOTION
### FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND TO
### CONTINUE HEARING SET FOR OCTOBER 28, 2019

## I.   STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") submit this motion and respectfully request that the Court permit the parties to file supplemental briefing on Plaintiffs' Motion for Summary Judgment in order to provide the Court with additional evidence developed in discovery. *See* Dkt. 356. Defendant-Intervenors also request that the Court continue the hearing on summary judgment (currently set for October 28, 2019) until after the supplemental briefing. *See* Dkt. 412.

## II.     SUMMARY OF THE ARGUMENT

The Court's scheduling orders provided that discovery in the case would end on September 23, 2019. *See* Dkt. Entry dated 11/14/2018 and Dkt. 367. On February 4, 2019, Plaintiffs State of Texas, *et al.*, filed a premature motion for summary judgment. *See* Dkt. 356. The Court denied Defendant-Intervenors' motion to Deny or Defer Consideration of Summary Judgment and set the hearing on Plaintiffs' motion for summary judgment for October 28, 2019. *See* Dkt. 412. The parties continued to engage in discovery following the close of briefing on the summary judgment motion and through September 23, 2019. *See* Dkt. 413. This discovery included disclosure of six expert reports by Defendant Intervenors on July 19, 2019, as well as depositions, requests for production, requests for admissions and interrogatories.

As of October 1, 2019, several responses to Defendant-Intervenors' discovery requests remain outstanding. The Court granted leave for Federal Defendants to provide some discovery responses on October 14, 2019. *See* Dkt. 421. In addition, Defendant-Intervenors await responses to subpoenas duces tecum served in connection with their depositions of Plaintiffs' witnesses in Alabama and Arkansas. *See* Dkt. 429. The Court also has two motions pending before it that are set for argument on October 8, 2019: (1) Defendant-Intervenor New Jersey's Motion to Stay; and (2) Defendant-Intervenors' Motion to Compel Discovery from Plaintiffs. Dkt. 427 & Dkt. 429.

Given the current posture of the case, Defendant-Intervenors request that the Court permit additional briefing and continue the October 28, 2019 hearing on summary judgment (1) to allow for responses to the discovery requests; (2) to allow the Court to rule on pending motions; and (3) to allow supplemental briefing to provide the Court with evidence developed by the parties following Plaintiffs' filing of their summary judgment motion.

### III. ARGUMENT

**A. Fed. R. Civ. P. 56(d) Allows this Court to Extend Briefing and Continue the Hearing set for October 28, 2019 Because Discovery Responses Remain Pending, New Discovery was Produced, and There are Pending Motions Before the Court.**

Following Plaintiffs' filing of their motion for summary judgment in early February, 2019, the parties continued to take discovery for seven more months. The evidence developed in that discovery has not yet been incorporated into the record or the parties' briefing. "Although [Fed. R. Civ. P. 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56(b) Advisory Committee's Note to 2010 Amendment; *see also Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999) ("[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error."). At this point in time, discovery responses are pending, new evidence was produced in discovery, and there are pending discovery-related motions before the Court. Consequently, Defendant-Intervenors respectfully request this Court to permit supplemental briefing and continue the hearing set for October 28, 2019.

Rule 56(d) states:

(d) If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course [unless] the non-moving party has not diligently

pursued discovery of the evidence." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir.1991).

Although here Defendant-Intervenors request an opportunity to submit additional briefing and postponement of the argument, as opposed to a new discovery period, Defendant-Intervenors meet the four requirements to receive a continuance under Rule 56(d). First, Defendant-Intervenors make their request "before the court rules on summary judgment." *Tonnas v. Stonebridge Life Ins. Co.*, 78 Fed.Appx. 966, 968 (5th Cir. 2003) (*per curiam*) (internal citations omitted).[1] Second, Defendant-Intervenors "put the court on notice" that discovery is not yet complete by filing their motion to compel (Dkt. 429) and informing the court that Defendant-Intervenors have neither received the discovery from Federal Defendants expected on October 14, 2019 nor been able to incorporate any of the evidence developed after February 2019 into their summary judgment briefing. *Id*. Third, Defendant-Intervenors have taken discovery through the full discovery period and thus "acted in a diligent fashion so as not to have put [themselves] in the current position through inaction." *Id.* Defendant-Intervenors propounded four sets of discovery requests on Federal Defendants and six sets of discovery requests on Plaintiffs, and Defendant-Intervenors conducted eight depositions of Plaintiffs' witnesses. Defendant Intervenors disclosed six expert reports. This discovery also includes interrogatories propounded on Federal Defendants for which the Court provided a deadline of October 14, 2019. *See* Dkt. 412.

Fourth, Defendant-Intervenors here "show how the [] discovery relates to the summary judgment motion." *Id.* Defendant-Intervenors' discovery requests propounded on Plaintiffs relate to the issue of standing and the impact of DACA on states. Plaintiffs argue in their motion for

---

[1] This opinion cites Federal Rules of Civil Procedure Rule 56(f), the predecessor of Rule 56(d). The Advisory Committee Notes on Rules – 2010 Amendment states, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."

4

summary judgment that they are injured by DACA through increased healthcare, education, and law enforcement costs. Dkt. 357 at 27. Defendant Intervenors' subpoenas duces tecum, served on Plaintiffs' witnesses in Alabama and Arkansas prior to their depositions, similarly request information related to Plaintiffs' claims that DACA forces them to incur costs. Finally, several of Defendant Intervenors' expert reports, disclosed in July 2019 after the close of summary judgment briefing, address Plaintiffs' standing and the impact of DACA on states.

Defendant-Intervenors' discovery requests propounded on Federal Defendants relate to how DACA is implemented, including the use of discretion in DACA adjudication, and also relate to whether and what types of benefits flow from a grant of DACA. For example, Plaintiffs argue that DACA allows its recipients to adjust their immigration status to that of lawful permanent residents. Dkt. 357 at 39. The pending discovery response from Federal Defendants, expected on October 14, 2019, relates to this question. See Dkt. 412.

**B. Supplemental Briefing is Necessary to Provide the Court With a Record**

In addition to pending discovery responses and expert reports that are not yet included in the parties' briefing, the parties took depositions in September in Austin, New York, Alabama and Arkansas for which the transcripts are not yet complete because the witnesses have not yet finished the read-and-sign process. The testimony in these depositions is relevant to the claims of injury by Plaintiffs as well as the impact of DACA on its recipients and the states in which they live. Allowing the parties to supplement their summary judgment briefing to include the evidence developed in discovery would provide the Court with a more developed record than the one discussed in the summary judgement briefing that closed in May 2019. *See e.g. Pennell v. City of San Jose*, 485 U.S. 1, 8 (1988) ("We strongly suggest that parties litigating in the Court take pains

to supplement the record in any manner necessary to enable us to address with as much precision as possible any question of standing that may be raised.").

Moreover, the Court also has pending before it motions related to discovery. Defendant-Intervenors moved to strike the testimony of Plaintiffs' two expert witnesses—this motion is pending in this Court's docket. *See* Dkt. 390. In addition, the Court has before it a motion to compel filed by Defendant-Intervenors to obtain discovery not yet provided by Plaintiffs. Dkt. 429.

The Court also has before it a motion by Defendant-Intervenor New Jersey to stay the case pending the decision of the U.S. Supreme Court in *Dep't of Homeland Sec. v. Regents of the University of California* and its two related cases which are scheduled for oral argument on November 12, 2019. Dkt. 427.

### IV. CONCLUSION

For the reasons set out above, Defendant-Intervenors respectfully request that the Court order the parties to confer and propose a supplemental briefing schedule after the close of discovery and resolution of any related discovery disputes. Defendant Intervenors further request that the Court continue the hearing set for October 28, 2019.

Dated: October 1, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
Ramón A. Soto (N.M. Bar 149600)*
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476

        Facsimile: (210) 224-5382
        Email: nperales@maldef.org
        *(Admitted pro hac vice)

        Denise Hulett
        Mexican American Legal Defense and
        Educational Fund
        1512 14th Street
        Sacramento, CA 95814
        Phone: (916) 444-3031
        Email: dhulett@maldef.org
        (Admitted pro hac vice)

        **ROPES & GRAY LLP**
        Douglas H. Hallward-Driemeier
        2099 Pennsylvania Ave NW
        Washington, DC 20006-6807
        (202) 508-4600
        (202) 508-4776 (direct dial)
        Douglas.Hallward-Driemeier@ropesgray.com
        (Admitted pro hac vice)

        **GARCÍA & GARCÍA,**
        **ATTORNEYS AT LAW P.L.L.C.**
        Carlos Moctezuma García
        (Tex. Bar No. 24065265)
        (SD of Tex. Bar No. 1081768)
        P.O. Box 4545
        McAllen, TX 78502
        Phone: (956) 630-3889
        Facsimile: (956) 630-3899
        Email: cgarcia@garciagarcialaw.com

        Attorneys for Defendant-Intervenors

**CERTIFICATE OF CONFERENCE**

I certify that on September 26, 2019, I emailed Todd Disher, counsel for Plaintiffs, Jeffrey Robins, counsel for Federal Defendants, and Glenn Moramarco, counsel for Defendant-Intervenor New Jersey to confer on the motion. On September 27, 2019, counsel for Plaintiffs indicated that they oppose the motion. Counsel for Federal Defendants acknowledged receipt of

...

the email but did not provide a position on the motion. On September 27, 2019, counsel for Defendant-Intervenor New Jersey indicated they do not oppose the motion.

                                                  */s/ Nina Perales*  
                                                  Nina Perales

### **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 1st day of October, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                  */s/ Nina Perales*  
                                                  Nina Perales

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Defendants, | § § | |
| and | § § | |
| KARLA PEREZ, *et al.*, | § § § | |
| Defendant-Intervenors, | § § | |
| and | § § | |
| STATE OF NEW JERSEY, | § § § | |
| Defendant-Intervenor. | § | |

**DECLARATION OF NINA PERALES IN SUPPORT OF PEREZ DEFENDANT-INTERVENORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND TO CONTINUE HEARING SET FOR OCTOBER 28, 2019**

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund. I submit this declaration in support of the Motion for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019 by Defendant-Intervenors Karla Perez *et al*. (the "Defendant-Intervenors") in the above-referenced case. I am thoroughly familiar with the facts and arguments in this proceeding. I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

2. On February 14, 2019, Defendant-Intervenors responded to Plaintiffs' motion for summary judgment. Dkt. 363 (Rule 56(d) Motion to Deny Plaintiffs' Motion for Summary Judgment). After filing their Rule 56(d) Motion, Defendant-Intervenors conducted the following discovery with the other parties in the case:

- On February 20, 2019, Defendant-intervenors received Federal Defendants' supplemental responses to Defendant-Intervenors' third set of discovery requests;

- On March 4, 2019, Defendant-Intervenors received Plaintiffs' objections and responses to Defendant-Intervenors' fifth set of discovery requests;

- On March 19, 2019, Defendant-Intervenors received Plaintiffs' expert witness designations;

- On June 20, 2019, Defendant-Intervenors served their Fourth Set of Discovery Requests on Federal Defendants;

- On July 19, 2019, Defendant-Intervenors disclosed the supplemental expert reports of Dr. Douglas Massey and Dr. M. Ray Perryman;

- On July 19, 2019, Defendant-Intervenors also disclosed the expert reports of Ike Brannon; Dr. Robert Smith; Shoba Sivaprasad Wadhia; Ursula Parks; Meg Wiehe and Misha Hill;

- On July 22, 2019, Defendant-Intervenors received Federal Defendants' objections and responses to Defendant-Intervenors' fourth set of discovery requests;

- On August 7, 2019, Defendant-Intervenors received Plaintiffs' responses to Defendant-Intervenors' fifth set of discovery requests and Plaintiffs' second amended responses to Defendant-Intervenors' second set of discovery requests which included the declarations of Plaintiffs' newly-named witnesses: Deena Pregno, Gretel Felton,

Robert Brantley, Mary Franklin, Robert Gregory Rogers, Dale M. Dennis, Nicole Hamm, Michael Boutte, Alexander Billioux, Kevin W. Reeves, Jacob Black, Marshall Fisher, Drew Snyder, John Bolduc, Brian Halstead, Matthew Van Patton, Molly M. Spearman, Lawrence B. Livingston, Rusty Monhollon, Adam L. Whitsett, Leonardo R. Lopez, Monica Smoot, Skylor Hearn, Steven L. Paine, Cynthia Beane, Jeffrey S. Sandy, and William J. Bryant;

- On September 3, 2019, Federal Defendants supplemented their responses to Defendant-Intervenors' fourth set of discovery requests;
- On September 4, 2019, Defendant-Intervenors defended the deposition of their expert witness, Dr. Robert Smith;
- On September 11, 2019, Defendant-Intervenors defended the deposition of their expert witness, Ursula Parks;
- On September 12, 2019, Defendant-Intervenors took the deposition of Plaintiffs' witness, Gretel Felton;
- On September 13, 2019, Defendant-Intervenors received Federal Defendants' responses to Defendant-Intervenors' Requests for Admission.
- On September 18, 2019, Defendant-Intervenors took the deposition of Plaintiffs' witness, Mary Franklin;
- On September 19, 2019, Defendant-Intervenors objected and responded to Plaintiffs' first set of interrogatories; and
- On September 23, 2019, Defendant-Intervenors received Plaintiffs' responses to Defendant Intervenors' Sixth Set of Discovery Requests on Plaintiffs.

3. As of October 1, 2019, several responses to Defendant-Intervenors' discovery

requests remain outstanding.  The Court granted leave for Federal Defendants to provide certain discovery responses on October 14, 2019.  See Dkt. 421.  In addition, Defendant-Intervenors await responses to subpoenas duces tecum served in connection with their depositions of Plaintiffs' witnesses in Alabama and Arkansas.  See Dkt. 429.  The Court also has a discovery motion pending before it that is set for argument on October 8, 2019 -- Defendant-Intervenors' Motion to Compel Discovery from Plaintiffs.  Dkt. 429.

4. Following Plaintiffs' filing of their motion for summary judgment in early February, 2019, the parties continued to take discovery for seven more months.  The evidence developed in that discovery has not yet been incorporated into the record or the parties' briefing.  At this time, discovery responses are pending, new evidence was produced in discovery, and there is a pending motion to compel discovery before the Court.

5. Defendant-Intervenors' discovery requests propounded on Plaintiffs relate to the issue of standing as well as the impact of DACA on Plaintiff states.  Plaintiffs argue in their motion for summary judgment that they are injured by DACA through increased healthcare, education, and law enforcement costs. Dkt. 357 at 27.  Defendant Intervenors' subpoenas duces tecum, served on Plaintiffs' witnesses in Alabama and Arkansas prior to their depositions, similarly request information related to Plaintiffs' claims that DACA forces them to incur costs.   Finally, several of Defendant Intervenors' expert reports, disclosed in July 2019 after the close of summary judgment briefing, address Plaintiffs' standing and the impact of DACA on Plaintiff states.

6. Defendant-Intervenors' discovery requests propounded on Federal Defendants relate to how DACA is implemented, including the use of discretion in DACA adjudication, and also relate to whether and what types of benefits flow from a grant of DACA.  For example, Plaintiffs argue that DACA allows its recipients to adjust their immigration status to that of lawful

permanent residents. Dkt. 357 at 39. The pending discovery response from Federal Defendants, expected on October 14, 2019, relates to this question. See Dkt. 412.

7. In addition to pending discovery responses and expert reports that are not yet included in the parties' briefing, the parties took depositions in September in Austin, New York, Alabama and Arkansas for which the transcripts are not yet complete because the witnesses have not yet finished the read-and-sign process. The testimony in these depositions is relevant to the claims of injury by Plaintiffs as well as the impact of DACA on its recipients and the states in which they live.

8. Allowing the parties to supplement their summary judgment briefing to include the evidence developed in discovery would provide the Court with a more developed record than the one discussed in the summary judgement briefing that closed in March 2019.

9. Moreover, the Court also has pending before it Defendant-Intervenors' motion to strike the testimony of Plaintiffs' two expert witnesses, Dkt. 390, and a motion by Defendant-Intervenor New Jersey to stay the case pending the decision of the U.S. Supreme Court in *Dep't of Homeland Sec. v. Regents of the University of California* and its two related cases which are scheduled for oral argument on November 12, 2019. Dkt. 427.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 1st day of October, 2019.

*Nina Perales*
Nina Perales

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § § <br> Plaintiffs, § § <br> v. § § UNITED STATES OF AMERICA, *et al.*, § § <br> Defendants, § § <br> and § § <br> KARLA PEREZ, *et al.*, § § <br> Defendant-Intervenors, § § <br> and § § <br> STATE OF NEW JERSEY § § <br> Defendant-Intervenor. | Case No. 1:18-CV-68 |

**[PROPOSED] ORDER**

Before the Court is Perez Defendant-Intervenors' Motion for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019. Having considered the Motion, the papers submitted in support and opposition thereto and the arguments of counsel, if any, the Court finds good cause to vacate the October 28, 2019 hearing date and accept additional briefing on Plaintiffs' Motion for Summary Judgment. Accordingly, Defendant-Intervenors' Motion is GRANTED.

IT IS THEREFORE ORDERED that the hearing set for October 28, 2019 is VACATED.

IT IS FURTHER ORDERED that the parties confer after all discovery is concluded and propose a supplemental briefing schedule to the Court.

SIGNED on this the \_\_\_\_ day of October, 2019.

                                                                                       _____
                                                                                       Hon. Andrew S. Hanen,
                                                                                       U.S. District Court Judge