IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § § § |
| Plaintiffs, | § § |
| v. | §  Case No. 1:18-CV-68 § |
| UNITED STATES OF AMERICA, *et al.*, | § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § |
| Defendant-Intervenors, | § § |
| and | § § |
| STATE OF NEW JERSEY, | § § |
| Defendant-Intervenor. | § § |

**DECLARATION OF NINA PERALES IN SUPPORT OF PEREZ DEFENDANT-INTERVENORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND TO CONTINUE HEARING SET FOR OCTOBER 28, 2019**

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund. I submit this declaration in support of the Motion for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019 by Defendant-Intervenors Karla Perez *et al.* (the "Defendant-Intervenors") in the above-referenced case. I am thoroughly familiar with the facts and arguments in this proceeding. I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

2.  On February 14, 2019, Defendant-Intervenors responded to Plaintiffs' motion for summary judgment. Dkt. 363 (Rule 56(d) Motion to Deny Plaintiffs' Motion for Summary Judgment). After filing their Rule 56(d) Motion, Defendant-Intervenors conducted the following discovery with the other parties in the case:

- On February 20, 2019, Defendant-intervenors received Federal Defendants' supplemental responses to Defendant-Intervenors' third set of discovery requests;

- On March 4, 2019, Defendant-Intervenors received Plaintiffs' objections and responses to Defendant-Intervenors' fifth set of discovery requests;

- On March 19, 2019, Defendant-Intervenors received Plaintiffs' expert witness designations;

- On June 20, 2019, Defendant-Intervenors served their Fourth Set of Discovery Requests on Federal Defendants;

- On July 19, 2019, Defendant-Intervenors disclosed the supplemental expert reports of Dr. Douglas Massey and Dr. M. Ray Perryman;

- On July 19, 2019, Defendant-Intervenors also disclosed the expert reports of Ike Brannon; Dr. Robert Smith; Shoba Sivaprasad Wadhia; Ursula Parks; Meg Wiehe and Misha Hill;

- On July 22, 2019, Defendant-Intervenors received Federal Defendants' objections and responses to Defendant-Intervenors' fourth set of discovery requests;

- On August 7, 2019, Defendant-Intervenors received Plaintiffs' responses to Defendant-Intervenors' fifth set of discovery requests and Plaintiffs' second amended responses to Defendant-Intervenors' second set of discovery requests which included the declarations of Plaintiffs' newly-named witnesses: Deena Pregno, Gretel Felton,

Robert Brantley, Mary Franklin, Robert Gregory Rogers, Dale M. Dennis, Nicole Hamm, Michael Boutte, Alexander Billioux, Kevin W. Reeves, Jacob Black, Marshall Fisher, Drew Snyder, John Bolduc, Brian Halstead, Matthew Van Patton, Molly M. Spearman, Lawrence B. Livingston, Rusty Monhollon, Adam L. Whitsett, Leonardo R. Lopez, Monica Smoot, Skylor Hearn, Steven L. Paine, Cynthia Beane, Jeffrey S. Sandy, and William J. Bryant;

- On September 3, 2019, Federal Defendants supplemented their responses to Defendant-Intervenors' fourth set of discovery requests;
- On September 4, 2019, Defendant-Intervenors defended the deposition of their expert witness, Dr. Robert Smith;
- On September 11, 2019, Defendant-Intervenors defended the deposition of their expert witness, Ursula Parks;
- On September 12, 2019, Defendant-Intervenors took the deposition of Plaintiffs' witness, Gretel Felton;
- On September 13, 2019, Defendant-Intervenors received Federal Defendants' responses to Defendant-Intervenors' Requests for Admission.
- On September 18, 2019, Defendant-Intervenors took the deposition of Plaintiffs' witness, Mary Franklin;
- On September 19, 2019, Defendant-Intervenors objected and responded to Plaintiffs' first set of interrogatories; and
- On September 23, 2019, Defendant-Intervenors received Plaintiffs' responses to Defendant Intervenors' Sixth Set of Discovery Requests on Plaintiffs.

3. As of October 1, 2019, several responses to Defendant-Intervenors' discovery

requests remain outstanding. The Court granted leave for Federal Defendants to provide certain discovery responses on October 14, 2019. See Dkt. 421. In addition, Defendant-Intervenors await responses to subpoenas duces tecum served in connection with their depositions of Plaintiffs' witnesses in Alabama and Arkansas. See Dkt. 429. The Court also has a discovery motion pending before it that is set for argument on October 8, 2019 -- Defendant-Intervenors' Motion to Compel Discovery from Plaintiffs. Dkt. 429.

4. Following Plaintiffs' filing of their motion for summary judgment in early February, 2019, the parties continued to take discovery for seven more months. The evidence developed in that discovery has not yet been incorporated into the record or the parties' briefing. At this time, discovery responses are pending, new evidence was produced in discovery, and there is a pending motion to compel discovery before the Court.

5. Defendant-Intervenors' discovery requests propounded on Plaintiffs relate to the issue of standing as well as the impact of DACA on Plaintiff states. Plaintiffs argue in their motion for summary judgment that they are injured by DACA through increased healthcare, education, and law enforcement costs. Dkt. 357 at 27. Defendant Intervenors' subpoenas duces tecum, served on Plaintiffs' witnesses in Alabama and Arkansas prior to their depositions, similarly request information related to Plaintiffs' claims that DACA forces them to incur costs. Finally, several of Defendant Intervenors' expert reports, disclosed in July 2019 after the close of summary judgment briefing, address Plaintiffs' standing and the impact of DACA on Plaintiff states.

6. Defendant-Intervenors' discovery requests propounded on Federal Defendants relate to how DACA is implemented, including the use of discretion in DACA adjudication, and also relate to whether and what types of benefits flow from a grant of DACA. For example, Plaintiffs argue that DACA allows its recipients to adjust their immigration status to that of lawful

permanent residents. Dkt. 357 at 39. The pending discovery response from Federal Defendants, expected on October 14, 2019, relates to this question. See Dkt. 412.

7.	In addition to pending discovery responses and expert reports that are not yet included in the parties' briefing, the parties took depositions in September in Austin, New York, Alabama and Arkansas for which the transcripts are not yet complete because the witnesses have not yet finished the read-and-sign process. The testimony in these depositions is relevant to the claims of injury by Plaintiffs as well as the impact of DACA on its recipients and the states in which they live.

8.	Allowing the parties to supplement their summary judgment briefing to include the evidence developed in discovery would provide the Court with a more developed record than the one discussed in the summary judgement briefing that closed in March 2019.

9.	Moreover, the Court also has pending before it Defendant-Intervenors' motion to strike the testimony of Plaintiffs' two expert witnesses, Dkt. 390, and a motion by Defendant-Intervenor New Jersey to stay the case pending the decision of the U.S. Supreme Court in *Dep't of Homeland Sec. v. Regents of the University of California* and its two related cases which are scheduled for oral argument on November 12, 2019. Dkt. 427.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 1st day of October, 2019.

_____
Nina Perales