## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. 1:18-cv-00068 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| KARLA PEREZ, *et al.*, | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT-INTERVENORS'
## MOTION TO COMPEL

Defendant-Intervenors' motion to compel [ECF No. 429] is premature, improper, and unnecessary. Defendant-Intervenors failed to confer with Plaintiff States in good faith before filing their motion. Defendant-Intervenors did not properly serve Alabama and Arkansas with the requests they refer to as subpoenas. And yet, in an effort to avoid a discovery dispute, Plaintiff States agreed to and have now produced the information responsive to Defendant-Intervenors' requests. There is no need—and has never been a need—for the Court to get involved in this matter.

*First*, Defendant-Intervenors' motion violates this Court's Civil Procedures 7(C), 7(L), and 7(M). Defendant-Intervenors first conferred with Plaintiff States about the requested information at 1:09 p.m. on Monday, September 23, 2019. Ex. A. Plaintiff States responded that they would review the requests with counsel for

Alabama and Arkansas. Ex. B. Defendant-Intervenors then filed their motion to compel at 11:09 p.m. that same day, Ex. C, a mere ten hours after first conferring with Plaintiff States. Defendant-Intervenors styled their motion as "opposed" even though their own certificate of conference indicates that Plaintiff States were discussing the requests "in an effort to produce the requested documents." *See* ECF No. 429.

The next day, Plaintiff States responded that they had already produced information responsive to the requests in the possession, custody, or control of the witnesses to whom the deposition notices were directed. Ex. D. And Plaintiff States additionally agreed to voluntarily produce any other information that the relevant State agencies may have—even though they were under no compulsion to do so. *Id.* Despite that agreement, made the very day after Defendant-Intervenors first conferred with Plaintiff States on this matter, Defendant-Intervenors refused to pull down their motion to compel. Ex. E.

In light of the above, the motion to compel does not include a "specific and meaningful Certificate of Conference" as required by this Court's Civil Procedure 7(C). Defendant-Intervenors failed to "diligently work to reach an agreement prior to bringing these issues to the Court" as admonished in this Court's Civil Procedure 7(L). And Defendant-Intervenors have not "advised the Court, in the motion, that counsel have conferred in a good faith effort to resolve the matters in dispute but are unable to reach an agreement" in violation of this Court's Civil Procedure 7(M). The motion to compel fails for those reasons alone.

*Second*, the motion to compel seeks documents that Alabama and Arkansas are under no legal obligation to provide. The requests that Defendant-Intervenors refer to as subpoenas are not subpoenas. *See* ECF No. 429 Exs. A & B. They do not set out the text of Federal Rule of Civil Procedure 45(d) and (e) as required by Rule 45(a)(1)(iv). The requests do not specify a time and place for production as required by Rule 45(a)(1)(iii). If the requests are treated as requests for production, they were untimely served less than 30 days before the end of the discovery period. Defendant-Intervenors addressed their deposition notices to the two individual witnesses who provided declarations regarding state Medicaid expenditures to DACA recipients. Plaintiff States produced the responsive documents in the possession, custody, or control of those two witnesses before their depositions. Exs. F & G. Critically, that included all of the information upon which those witnesses relied to form the testimony expressed in their declarations. *Id.* Alabama and Arkansas were under no obligation to produce additional documents.

*Third*, even without a legal compulsion to do so, Alabama and Arkansas agreed to produce the information responsive to the requests that Defendant-Intervenors conferred about just hours before filing their motion to compel. Alabama and Arkansas produced over 600 pages of responsive documents, with the final production finished last Tuesday, October 1. Ex. H. Plaintiff States withheld certain information to comply with HIPPA privacy obligations and concerns over the information technology security of their Medicaid databases. *Id.* But, other than the information

provided or specifically withheld, there is no additional information for Alabama and Arkansas to produce. *Id.*

## CONCLUSION

Plaintiff States respectfully request that the Court deny Defendant-Intervenors' motion to compel.

Respectfully Submitted.

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

 /s/ Todd Lawrence Disher
TODD LAWRENCE DISHER
Attorney-in-Charge
Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

**COUNSEL FOR PLAINTIFF STATES**

5

## CERTIFICATE OF SERVICE

I certify that on October 7, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn J. Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 1st Floor
Trenton, New Jersey 08625
Glenn.Moramarco@law.njoag.gov

/s/ *Todd Lawrence Disher*
Todd Lawrence Disher
Trial Counsel for Civil Litigation

**COUNSEL FOR PLAINTIFF STATES**

**Laurent, David**

| | |
|---|---|
| **From:** | Nina Perales <nperales@MALDEF.org> |
| **Sent:** | Monday, September 23, 2019 1:09 PM |
| **To:** | Disher, Todd |
| **Cc:** | Ernest Herrera |
| **Subject:** | Confer on discovery |

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.


Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human

Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so.  Please also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**Laurent, David**

| | |
|---|---|
| **From:** | Disher, Todd |
| **Sent:** | Monday, September 23, 2019 2:05 PM |
| **To:** | Nina Perales |
| **Cc:** | Ernest Herrera |
| **Subject:** | RE: Confer on discovery |

Thank you, Nina. I will review your requests with counsel for Arkansas and Alabama.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Monday, September 23, 2019 1:09 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** Confer on discovery

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as

1

Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so.  Please also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any  use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**Laurent, David**

| | |
|---|---|
| **From:** | DCECF_LiveDB@txs.uscourts.gov |
| **Sent:** | Monday, September 23, 2019 11:10 PM |
| **To:** | DC_Notices@txsd.uscourts.gov |
| **Subject:** | Activity in Case 1:18-cv-00068 State of Texas et al v. United States of America et al Motion for Discovery |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**SOUTHERN DISTRICT OF TEXAS**

## Notice of Electronic Filing

The following transaction was entered by Perales, Nina on 9/23/2019 at 11:09 PM CDT and filed on 9/23/2019

| | |
|---|---|
| **Case Name:** | State of Texas et al v. United States of America et al |
| **Case Number:** | 1:18-cv-00068 |
| **Filer:** | Nancy Adossi |
| | Carlos Aguilar Gonzalez |
| | Moses Kamau Chege |
| | Elizabeth Diaz |
| | Maria Diaz |
| | Elly Marisol Estrada |
| | Blanca Gonzalez |
| | Hyo-Won Jeon |
| | Pratishtha Khanna |
| | Jung Woo Kim |
| | Karla Lopez |
| | Jose Magana-Salgado |
| | Nanci J Palacios Godinez |
| | Jin Park |
| | Karla Perez |
| | Luis A Rafael |
| | Maria Rocha |
| | Denise Romero |
| | Karina Ruiz De Diaz |
| | Angel Silva |
| | Darwin Velasquez |
| **Document Number:** | 429 |

**Docket Text:**

**Opposed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 10/15/2019. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Proposed Order)(Perales, Nina)**

**1:18-cv-00068 Notice has been electronically mailed to:**

Aaron Steven Goldsmith    aaron.goldsmith@usdoj.gov

Adam Arthur Biggs    adam.biggs@oag.texas.gov, laura.obrien@oag.texas.gov

Adeel A Mangi    aamangi@pbwt.com, mcolitigation@pbwt.com

Alper T Ertas    atertas@venable.com

Andrew J Pincus    apincus@mayerbrown.com

Andrew L Schlafly    aschlafly@aol.com

Andrew William Amend    andrew.amend@ag.ny.gov, nyoag.nycpdf@ag.ny.gov

Anton Metlitsky    ametlitsky@omm.com

Brian De Vito    brian.devito@law.njoag.gov

Carlos Moctezuma Garcia    cgarcia@garciagarcialaw.com, ajuarez@garciagarcialaw.com

Chirag G. Badlani    cbadlani@hsplegal.com

Craig Dashiell    cdashiell@lowenstein.com

Cristina Maria Moreno    cristina.moreno@oag.texas.gov, rosalinda.luna@oag.texas.gov

Daniel David Hu    daniel.hu@usdoj.gov, CaseView.ECF@usdoj.gov, meiching.chentang@usdoj.gov, sKempen@usa.doj.gov

David Leit    dleit@lowenstein.com

Denise Hulett    dhulett@maldef.org

Douglas H Hallward-Driemeier    douglas.hallward-driemeier@ropesgray.com, Andrew.Hosea@ropesgray.com, andrew.todres@ropesgray.com, christina.phillips@ropesgray.com, courtalert@ropesgray.com, emerson.siegle@ropesgray.com, James.Thompson@ropesgray.com, jodie.hamilton@ropesgray.com, Mark.Cianci@ropesgray.com, paul.bennetch@ropesgray.com, Philip.Ehrlich@ropesgray.com, raishay.lin@ropesgray.com, trevor.kirby@ropesgray.com

Ernest I. Herrera    eherrera@maldef.org, ipina@maldef.org

Gavin J Rooney   grooney@lowenstein.com

Geoffrey Stuart Brounell   geoffreybrounell@dwt.com, nycdocket@dwt.com, shirleywong@dwt.com

Glenn J Moramarco   Glenn.Moramarco@law.njoag.gov

Hasan Shafiqullah   hhshafiqullah@legal-aid.org

Ishan K Bhabha   IBhabha@jenner.com, BEidelson@jenner.com, docketing@jenner.com

James Joseph Walker   james.walker3@usdoj.gov

Jeffrey M Davidson   jdavidson@cov.com

Jeffrey S Robins   jeffrey.robins@usdoj.gov

Jennifer Sokoler   jsokoler@omm.com

Jennifer J Yun   JYun@jenner.com

Jeremy Hollander   jeremy.hollander@law.njoag.gov

Jessa Irene DeGroote   jdegroote@cgsh.com

Joan R. Li   jli@cooley.com

Johnathan James Smith   johnathan@muslimadvocates.org

Jonathan Kolodner   jkolodner@cgsh.com, maofiling@cgsh.com

Jose Garza   garzpalm@aol.com, jgarza@trla.org

Juvaria Khan   juvaria@muslimadvocates.org

Kenneth S Levine   kenneth.levine@law.njoag.gov

Kevin Scott Ranlett   kranlett@mayerbrown.com, wdc.docket@mayerbrown.com

Lauren Goldman   irgoldman@mayerbrown.com

Lawrence John Joseph   ljoseph@larryjoseph.com

Lawrence S Lustberg   LLustberg@gibbonslaw.com

Lindsay C Harrison   LHarrison@jenner.com

Mark H Lynch   mlynch@cov.com

Martin L. Saad   mlsaad@venable.com, achagnon@venable.com

Maureen Alger   malger@cooley.com

Michael McMahon    mmcmahon@cooley.com

Michael Christopher Toth    michael.toth@oag.texas.gov, david.laurent@oag.texas.gov, elizabeth.saunders@oag.texas.gov

Michael N Fresco    mfresco@pbwt.com

Monique Sherman    msherman@cooley.com

Nicholas J Dolinsky    nicholas.dolinsky@law.njoag.gov

Nina Perales    nperales@maldef.org, cleija@maldef.org

Peter Karanjia    peter.karanjia@dlapiper.com

Philip Trent Peroyea    trent.peroyea@oag.texas.gov, Darren.Nguyen@oag.texas.gov, Nicholas.Larkin@oag.texas.gov

Rachel Wainer Apter    Rachel.Apter@njoag.gov

Ramon A Soto    rsoto@maldef.org

Ryan Ken Yagura    ryagura@omm.com, ryan-yagura-5816@ecf.pacerpro.com

Ryan L Bangert    ryan.bangert@oag.texas.gov, david.laurent@oag.texas.gov, elizabeth.saunders@oag.texas.gov, jennifer.speller@oag.texas.gov, ryan-bangert-8206@ecf.pacerpro.com

Sameer P Sheikh    SPSheikh@venable.com

Sirine Shebaya    sirine@muslimadvocates.org

Sofia A Ramon    sramon@ramonworthington.com, ecantu@ramonworthington.com, efile@ramonworthington.com, jramon@ramonworthington.com, lfuentez@ramonworthington.com, lwhite@ramonworthington.com, mgutierrez@ramonworthington.com, sbosky@ramonworthington.com

Thomas J Perrelli    TPerrelli@jenner.com

Thomas Shawn Leatherbury    tleatherbury@velaw.com, NYManagingClerk@velaw.com, vgreen@velaw.com

Todd Lawrence Disher    todd.disher@oag.texas.gov, david.laurent@oag.texas.gov, elizabeth.saunders@oag.texas.gov

William D Coston    wdcoston@venable.com, shross@venable.com

**1:18-cv-00068 Notice has not been electronically mailed to:**

Karen W Lin
MAYER BROWN LLP
1221 Avenue of the Americas, 14th floor
New York, NY 10020

Stephen P Wallace
1116 Sheffer Road
Apt F

Aurora, IL 60505

William F. Reade, Jr.
55 Captain Nickerson Road
South Yarmouth, MA 022664

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=9/23/2019] [FileNumber=31636525-
0] [7abc203af99b9dccc808f8e8d420266bee796b5fb1ada0c3ec97cce04ff5b42aae
25afaafcfac19316e516c22bde3763a594cfe2724e1d67599aba39cc50cd58]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=9/23/2019] [FileNumber=31636525-
1] [8c40c974cace6d2e6125492cc3c9cd6015f0f582d6fac38ada93424011dc289a7e
b2e8fcba3490a1cd369a6858c8ccd18742de349967405cc2b8f2ddc80be8cf]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=9/23/2019] [FileNumber=31636525-
2] [44eee1481565b7eee73980a9a8e434805c4d755f7d985516591b63a50617e2fc93
f9cde33665fc92d8e24b7a3d97a5a5285dc3e3de7c24745793ee9652b2dda7]]
**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=9/23/2019] [FileNumber=31636525-
3] [8f5d121269fbb8561472c390e6604d2ba71e9b9429aacb5bd226649fb7f1d595cc
06e26c1669dd895e5876b4f4428f334fa5e7e7ddab9c68846e0244c96d6d7d]]

**Laurent, David**

| | |
|---|---|
| **From:** | Disher, Todd |
| **Sent:** | Tuesday, September 24, 2019 5:42 PM |
| **To:** | Nina Perales |
| **Cc:** | Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam |
| **Subject:** | RE: Confer on discovery |
| **Attachments:** | DACA - Ms. Franklin's deposition; DACA - Alabama Documents |

Nina,

The motion to compel you filed last night is improper and premature. What you refer to as the subpoenas attached to your deposition notices were not properly served. Even if considered as requests for production, you did not allow for the required 30-day response period. You addressed the subpoenas to individual witnesses rather than state agencies. And you conferred with me just hours before filing the motion to compel. You filed your motion to compel as "opposed" even though I indicated that I had sent your request below to counsel for Alabama and Arkansas, who were unable to respond in the limited time before you filed your motion. The certificate of conference in your own motion indicates that I was still conferring with counsel for the other states and does not state that the plaintiffs oppose your motion.

In spite of all of that (and, again, as your own motion and email below acknowledge), we have provided you with documents responsive to your requests in an effort to avoid an unnecessary discovery dispute. As the attached emails show, we provided all of the responsive documents to you in the possession, custody, or control of the witnesses to whom the deposition notices were addressed before their depositions—including all of the documents upon which the witnesses based their testimony. We provided additional communications to you at their depositions, including (at your insistence) redacted attorney-client communications. You deposed each witness for four hours on the details of those documents. And we have provided follow-up documents after the depositions, including the 232-page technical manual for the Federal Hub that details many of the processes and procedures for data sharing between the Hub and Arkansas.

Again, in our continued effort to avoid an unnecessary discovery dispute, Alabama and Arkansas have agreed to ask their state Medicaid agencies to identify additional documents responsive to the requests below should such documents exist. Subject to documents that may need to be withheld or redacted due to HIPPA or IT security reasons, Alabama and Arkansas should be able to produce those documents early next week.

In light of the above, please withdraw your motion to compel.

Todd

**Todd Lawrence Disher**
**Trial Counsel for Civil Litigation**
**Office of the Attorney General of Texas**
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Disher, Todd
**Sent:** Monday, September 23, 2019 2:05 PM
**To:** Nina Perales <nperales@MALDEF.org>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** RE: Confer on discovery

1

Thank you, Nina. I will review your requests with counsel for Arkansas and Alabama.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Monday, September 23, 2019 1:09 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** Confer on discovery

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so. Please also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message. This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information. If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal. If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by

telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**Laurent, David**

| | |
|---|---|
| **From:** | Nina Perales <nperales@MALDEF.org> |
| **Sent:** | Tuesday, September 24, 2019 6:04 PM |
| **To:** | Disher, Todd |
| **Cc:** | Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam |
| **Subject:** | RE: Confer on discovery |

Todd,

Thank you for your email.

As I mentioned yesterday, we understand that you are still working on responding to the requests in the subpoenas; we filed the motion to ensure that we are able to pursue our requests and specifically did not include a request for attorney's fees related to the motion. I made sure to explain in the motion and the certificate of conference that the plaintiffs have represented that they intend to provide any further responsive documents they can identify.

We are more than happy to withdraw the motion early next week if you are able to provide the requested documents, or we can approach Judge Hanen and ask for an extension. I'm open to any other ideas that you have.

When you have a chance, please let me know your thoughts on the proposed stipulation that I sent.

Thank you again and have a good evening,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
   and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message. This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information. If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal. If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**From:** Disher, Todd [mailto:Todd.Disher@oag.texas.gov]
**Sent:** Tuesday, September 24, 2019 5:42 PM
**To:** Nina Perales
**Cc:** Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam
**Subject:** RE: Confer on discovery

Nina,

The motion to compel you filed last night is improper and premature. What you refer to as the subpoenas attached to your deposition notices were not properly served. Even if considered as requests for production, you did not allow for the required 30-day response period. You addressed the subpoenas to individual witnesses rather than state agencies. And you conferred with me just hours before filing the motion to compel. You filed your motion to compel as "opposed" even though I had indicated that I had sent your request below to counsel for Alabama and Arkansas, who were unable to respond in the limited time before you filed your motion. The certificate of conference in your own motion indicates that I was still conferring with counsel for the other states and does not state that the plaintiffs oppose your motion.

In spite of all of that (and, again, as your own motion and email below acknowledge), we have provided you with documents responsive to your requests in an effort to avoid an unnecessary discovery dispute. As the attached emails show, we provided all of the responsive documents to you in the possession, custody, or control of the witnesses to whom the deposition notices were addressed before their depositions—including all of the documents upon which the witnesses based their testimony. We provided additional communications to you at their depositions, including (at your insistence) redacted attorney-client communications. You deposed each witness for four hours on the details of those documents. And we have provided follow-up documents after the depositions, including the 232-page technical manual for the Federal Hub that details many of the processes and procedures for data sharing between the Hub and Arkansas.

Again, in our continued effort to avoid an unnecessary discovery dispute, Alabama and Arkansas have agreed to ask their state Medicaid agencies to identify additional documents responsive to the requests below should such documents exist. Subject to documents that may need to be withheld or redacted due to HIPPA or IT security reasons, Alabama and Arkansas should be able to produce those documents early next week.

In light of the above, please withdraw your motion to compel.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Disher, Todd
**Sent:** Monday, September 23, 2019 2:05 PM
**To:** Nina Perales <nperales@MALDEF.org>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** RE: Confer on discovery

Thank you, Nina. I will review your requests with counsel for Arkansas and Alabama.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548

2

(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Monday, September 23, 2019 1:09 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** Confer on discovery

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.


Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so.  Please also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

## Laurent, David

| | |
|---|---|
| **From:** | Disher, Todd |
| **Sent:** | Monday, September 16, 2019 10:24 AM |
| **To:** | Nina Perales |
| **Cc:** | Glenn Moramarco; Jeremy Hollander; Biggs, Adam |
| **Subject:** | DACA - Ms. Franklin's deposition |
| **Attachments:** | AR Docs.pdf |

Nina,

Please see the attached document production from Arkansas. These documents represent the non-privileged documents in the witness's possession, custody, or control that are responsive to your document requests attached to the deposition notice other than the communications between state agency personnel and counsel or persons acting at the direction of counsel. Arkansas may supplement these documents if it identifies additional responsive documents.

Please note that the Medicaid spreadsheet contains information going back to January 1, 2018, the time period included in Ms. Franklin's declaration. The personally identifying information has been redacted. Arkansas objects to having to provide any additional information for other years. Such information is not proportional to the needs of the case and outside the scope of discovery.

Additionally, here is a link to the Arkansas Medicaid manual:

https://urldefense.proofpoint.com/v2/url?u=https-3A__humanservices.arkansas.gov_about-2Ddhs_dco_dco-2Dpolicies&d=DwIGaQ&c=Z_mC1sqOcfBCM1ZptXokOj7_ss37GsaAMzCZyvOxKN4&r=sJXj47LoI4xQ4zRlYXYPjtSABNiF6feJS5WOFi3VXKU&m=HMYQyWPaoHrRYyHsUnSIWYT3yVibi91Hdmq88USnsNI&s=8x56Sj5prwKMlsMDjLiWH4sA2cpZE6EDxlCMBWWDiEw&e=

Arkansas will provide redacted communications and a privilege log at the time of the depositions.

Todd

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**Laurent, David**

| | |
|---|---|
| **From:** | Disher, Todd |
| **Sent:** | Tuesday, September 10, 2019 4:25 PM |
| **To:** | Nina Perales |
| **Cc:** | Glenn Moramarco; Robins, Jeffrey (CIV); Biggs, Adam |
| **Subject:** | DACA - Alabama Documents |
| **Attachments:** | AL Docs.pdf |

Nina,

Please see the attached document production from Alabama. These documents represent the non-privileged documents in the witnesses' possession, custody, or control that are responsive to your document requests attached to the deposition notices other than the communications between state agency personnel and counsel or persons acting at the direction of counsel. Alabama may supplement these documents if it identifies additional responsive documents.

Please note that the SAVE invoices include only one years' worth of costs incurred by Alabama. Alabama objects to having to provide any additional information for other years. Likewise, the Medicaid spreadsheet contains information going back to fiscal year 2015, the first year included in Ms. Felton's declaration. The personally identifying information has been redacted. Alabama objects to having to provide any additional information for other years. Asking for additional years as to the SAVE information or Medicaid information is not proportional to the needs of the case and outside the scope of discovery.

Additionally, Alabama will provide redacted communications and a privilege log at the time of the depositions.

Todd

*/s/ Todd Lawrence Disher*
**Todd Lawrence Disher**
**Trial Counsel for Civil Litigation**
**Office of the Attorney General of Texas**
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

## Laurent, David

| | |
|---|---|
| **From:** | Disher, Todd |
| **Sent:** | Tuesday, October 01, 2019 5:19 PM |
| **To:** | Nina Perales |
| **Cc:** | Glenn Moramarco; Robins, Jeffrey (CIV); Biggs, Adam |
| **Subject:** | RE: Confer on discovery (encrypt) |
| **Attachments:** | AR Docs 2.pdf; AL Docs 2.pdf; TX v. US DACA Joint Stip.docx |

Nina,

Please find additional documents from Alabama and Arkansas attached to this email. Alabama and Arkansas specifically note that they do not consider to be under any compulsion to produce these documents, as the subpoenas were not properly served upon the proper parties. However, the states are producing these documents in an attempt to avoid a discovery dispute on this matter.

These are the additional documents responsive to your requests below. They supplement the responsive documents that have already been produced both before the depositions and after the depositions. Alabama notes that it has a copy of the Verify Lawful Presence (VLP) v37 Business Service Definition (BSD) that the Federal Defendants have already produced by in this case. Between that document, the documents that Alabama and Arkansas have already produced, and the documents attached, you now have the documents that show what information is received from the Federal Hub related to immigration status and how the states use that information.

Alabama has two additional documents that it is not producing detailing the technical specifications of its system architecture and how it has been upgraded, as both documents are highly sensitive based on IT security concerns. Producing such documents could allow for the unauthorized use of information in Alabama's Medicaid system, and neither document changes the analysis of what information is provided by the Hub and how it is used by Alabama. Additionally, both states have not produced information that raises HIPPA privacy concerns.

There are no other documents responsive to the requests below. Please withdraw your motion to compel.

Also, I've attached the approved stipulation that we've agreed to regarding Alabama's public education system.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, September 24, 2019 6:04 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>; Dylan Jacobs <dylan.jacobs@arkansasag.gov>; Sinclair, Win <wsinclair@ago.state.al.us>; Biggs, Adam <Adam.Biggs@oag.texas.gov>
**Subject:** RE: Confer on discovery

Todd,

Thank you for your email.

As I mentioned yesterday, we understand that you are still working on responding to the requests in the subpoenas; we filed the motion to ensure that we are able to pursue our requests and specifically did not include a request for attorney's fees related to the motion. I made sure to explain in the motion and the certificate of conference that the plaintiffs have represented that they intend to provide any further responsive documents they can identify.

We are more than happy to withdraw the motion early next week if you are able to provide the requested documents, or we can approach Judge Hanen and ask for an extension. I'm open to any other ideas that you have.

When you have a chance, please let me know your thoughts on the proposed stipulation that I sent.

Thank you again and have a good evening,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message. This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information. If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal. If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**From:** Disher, Todd [mailto:Todd.Disher@oag.texas.gov]
**Sent:** Tuesday, September 24, 2019 5:42 PM
**To:** Nina Perales
**Cc:** Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam
**Subject:** RE: Confer on discovery

Nina,

The motion to compel you filed last night is improper and premature. What you refer to as the subpoenas attached to your deposition notices were not properly served. Even if considered as requests for production, you did not allow for the required 30-day response period. You addressed the subpoenas to individual witnesses rather than state agencies. And you conferred with me just hours before filing the motion to compel. You filed your motion to compel as "opposed" even though I indicated that I had sent your request below to counsel for Alabama and Arkansas, who were unable to respond in the limited time before you filed your motion. The certificate of conference in your own motion indicates that I was still conferring with counsel for the other states and does not state that the plaintiffs oppose your motion.

In spite of all of that (and, again, as your own motion and email below acknowledge), we have provided you with documents responsive to your requests in an effort to avoid an unnecessary discovery dispute. As the attached emails show, we provided all of the responsive documents to you in the possession, custody, or control of the witnesses to whom the deposition notices were addressed before their depositions—including all of the documents upon which the witnesses based their testimony. We provided additional communications to you at their depositions, including (at your insistence) redacted attorney-client communications. You deposed each witness for four hours on the details of those documents. And we have provided follow-up documents after the depositions, including the 232-page technical manual for the Federal Hub that details many of the processes and procedures for data sharing between the Hub and Arkansas.

Again, in our continued effort to avoid an unnecessary discovery dispute, Alabama and Arkansas have agreed to ask their state Medicaid agencies to identify additional documents responsive to the requests below should such documents exist. Subject to documents that may need to be withheld or redacted due to HIPPA or IT security reasons, Alabama and Arkansas should be able to produce those documents early next week.

In light of the above, please withdraw your motion to compel.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Disher, Todd
**Sent:** Monday, September 23, 2019 2:05 PM
**To:** Nina Perales <nperales@MALDEF.org>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** RE: Confer on discovery

Thank you, Nina. I will review your requests with counsel for Arkansas and Alabama.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Monday, September 23, 2019 1:09 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** Confer on discovery

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being

DACA recipients through the verification of lawful presence (VLP) functionality of the
[F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of
Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and
Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether
the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so.  Please
also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these
documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment
thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney
client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure,
dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly
prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by
telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended
recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | )   Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |
| | ) |

## ORDER DENYING PEREZ DEFENDANT-INTERVENORS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS

On this date, the Court considered Perez Defendant-Intervenors' Motion to Compel Discovery from Plaintiffs. After considering the motion, the responses thereto, and all other matters properly before the Court, the Court believes the motion is without merit and should be DENIED.

IT IS THEREFORE ORDERED that Perez Defendant-Intervenors' Motion to Compel Discovery from Plaintiffs is DENIED.

SIGNED on this the _____ day of _____, 2019.

_____
Andrew S. Hanen,
U.S. District Court Judge