# Laurent, David

| | |
|---|---|
| **From:** | Nina Perales <nperales@MALDEF.org> |
| **Sent:** | Tuesday, September 24, 2019 6:04 PM |
| **To:** | Disher, Todd |
| **Cc:** | Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam |
| **Subject:** | RE: Confer on discovery |

Todd,

Thank you for your email.

As I mentioned yesterday, we understand that you are still working on responding to the requests in the subpoenas; we filed the motion to ensure that we are able to pursue our requests and specifically did not include a request for attorney's fees related to the motion. I made sure to explain in the motion and the certificate of conference that the plaintiffs have represented that they intend to provide any further responsive documents they can identify.

We are more than happy to withdraw the motion early next week if you are able to provide the requested documents, or we can approach Judge Hanen and ask for an extension. I'm open to any other ideas that you have.

When you have a chance, please let me know your thoughts on the proposed stipulation that I sent.

Thank you again and have a good evening,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
   and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message. This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information. If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal. If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**From:** Disher, Todd [mailto:Todd.Disher@oag.texas.gov]
**Sent:** Tuesday, September 24, 2019 5:42 PM
**To:** Nina Perales
**Cc:** Ernest Herrera; Dylan Jacobs; Sinclair, Win; Biggs, Adam
**Subject:** RE: Confer on discovery

1

Nina,

The motion to compel you filed last night is improper and premature. What you refer to as the subpoenas attached to your deposition notices were not properly served. Even if considered as requests for production, you did not allow for the required 30-day response period. You addressed the subpoenas to individual witnesses rather than state agencies. And you conferred with me just hours before filing the motion to compel. You filed your motion to compel as "opposed" even though I indicated that I had sent your request below to counsel for Alabama and Arkansas, who were unable to respond in the limited time before you filed your motion. The certificate of conference in your own motion indicates that I was still conferring with counsel for the other states and does not state that the plaintiffs oppose your motion.

In spite of all of that (and, again, as your own motion and email below acknowledge), we have provided you with documents responsive to your requests in an effort to avoid an unnecessary discovery dispute. As the attached emails show, we provided all of the responsive documents to you in the possession, custody, or control of the witnesses to whom the deposition notices were addressed before their depositions—including all of the documents upon which the witnesses based their testimony. We provided additional communications to you at their depositions, including (at your insistence) redacted attorney-client communications. You deposed each witness for four hours on the details of those documents. And we have provided follow-up documents after the depositions, including the 232-page technical manual for the Federal Hub that details many of the processes and procedures for data sharing between the Hub and Arkansas.

Again, in our continued effort to avoid an unnecessary discovery dispute, Alabama and Arkansas have agreed to ask their state Medicaid agencies to identify additional documents responsive to the requests below should such documents exist. Subject to documents that may need to be withheld or redacted due to HIPPA or IT security reasons, Alabama and Arkansas should be able to produce those documents early next week.

In light of the above, please withdraw your motion to compel.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Disher, Todd
**Sent:** Monday, September 23, 2019 2:05 PM
**To:** Nina Perales <nperales@MALDEF.org>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** RE: Confer on discovery

Thank you, Nina. I will review your requests with counsel for Arkansas and Alabama.

Todd

**Todd Lawrence Disher**
Trial Counsel for Civil Litigation
Office of the Attorney General of Texas
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548

(512) 936-2266
Todd.Disher@oag.texas.gov

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Monday, September 23, 2019 1:09 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Ernest Herrera <eherrera@MALDEF.org>
**Subject:** Confer on discovery

Good afternoon Todd,

I write to confer on documents that we requested but did not receive in connection with the Alabama and Arkansas depositions.

In our subpoenas duces tecum for Ms. Felton, we requested

12. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

13. Documents showing the types of data maintained by the Alabama Medicaid Agency evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. All documents containing "figures [] reported to me by the Data Analytics unit" related to "services for recipients with a DACA designation embedded in the response received from the Hub." Second Declaration of Gretel Felton, attached as Exhibit B, at parag. 4.

15. Documents showing all the circumstances under which the Centralized Alabama Recipient Eligibility System (CARES) "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

16. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA[.]" Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.

17. Documents showing the manner in which CARES "captures and stores citizenship and immigration status, including DACA" information from the Federal Data Services Hub (the Hub). Declaration of Gretel Felton, attached as Exhibit B, at parag. 3.


Similarly, in our subpoenas duces tecum for Ms. Franklin, we requested:

11. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of Medicaid applicants or beneficiaries.

12. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing immigration and citizenship status of CHIP applicants or beneficiaries.

13. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by Medicaid applicants or beneficiaries.

14. Documents showing the types of data maintained by the Arkansas Department of Human Services evidencing receipt of DACA by CHIP applicants or recipients.

15. Documents showing the manner in which the Arkansas Department of Human Services spends or reimburses "[c]laims [. . .] at the appropriate federal/state match rate based on the type of coverage approved." Declaration of Mary Franklin, attached as Exhibit B, at parag. 2.

16. Documents showing the manner in which the Arkansas Department of Human Services "identified claims made by individuals identified by the federal government as being DACA recipients through the verification of lawful presence (VLP) functionality of the [F]ederal [D]ata [S]ervices [H]ub from January 1, 2018 to the present." Declaration of Mary Franklin, attached as Exhibit B, at parag. 4.

Although we were happy to receive some documents in response to the subpoenas at the depositions of Ms. Felton and Ms. Franklin, we did not receive any of the above requested documents which leaves us unable to determine whether the specific costs claimed by Alabama and Arkansas are in fact attributable to DACA recipients.

Please advise whether Plaintiffs are able to provide this information and if so, when you might be able to do so. Please also provide your position on a motion to compel if we find it necessary to file one to preserve our ability to secure these documents.

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
   and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message. This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information. If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal. If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.