# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, *et al.*, § <br> § <br> Defendants, § <br> § <br> and § <br> § <br> Karla Perez, *et al.*, § <br> § <br> Defendant- Intervenors. § <br> § | Case No. 1:18-CV-68 |

**DEFENDANT-INTERVENORS' OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT-INTERVENORS**

TO:   Plaintiff State of Texas, *et al.*, through their attorney of record: Todd Disher, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, Tel.: (512) 463-2100; Fax: (512) 936-0545, todd.disher@oag.texas.gov.

Defendant-Intervenors Karla Perez, *et al.,* by and through counsel of record, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court serve their objections and responses to Plaintiffs' First Set of Interrogatories to Defendant-Intervenors.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 18th day of September, 2019, I served a copy of this document by electronic mail to all counsel listed below:

Todd L. Disher
Special Counsel for Civil Litigation
P.O. Box 12548
Austin, TX 78711-2548
Todd.Disher@oag.texas.gov

1

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Glenn Moramarco
Office of the Attorney General of New Jersey
25 Market Street, 8th Floor
Trenton, NJ 08625
Glenn.Moramarco@njoag.gov

                                                                                                                                     */s/ Ramón A. Soto*_____
                                                                                                                                     Ramón A. Soto

## GENERAL OBJECTIONS

1. Defendant-Intervenors object to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendant-Intervenors object to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant-Intervenors object to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant-Intervenors occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Defendant-Intervenors incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant-Intervenors do not waive their right to amend their responses.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1**

Please provide a list of all Defendant-Intervenors:

- With an approved Form I-485 (Application to Register Permanent Residence or Adjust Status), based on 8 U.S.C. § 1255(a);

- Who received a Class of Admission (COA) following approval of the Form I-485 indicating they adjusted to Lawful Permanent Resident (LPR) status as an immediate relative;

- With an approved Form I-131 application for an advance parole document based on the standards associated with the DACA policy where the Form I-131 was approved before the Form I-485 filing dates;

- Who was paroled in the United States by U.S. Customs and Border Protection on the basis of the DACA-based advance parole document (Form I-512L) that was issued to the DACA recipient and where such parole occurred before the Form I-845 was filed; and

- Where the DACA recipient/adjustment applicant could not have met the requirement in 8 U.S.C. § 1255(a) to have been "inspected and admitted, or paroled" but for his or her entry to the United States on the DACA-based advance parole document.

3

**RESPONSE:**

None of the individual Defendant-Intervenors satisfy the criteria set out in Interrogatory 1.

**INTERROGATORY NO. 2**

Please provide a list of all Defendant-Intervenors who have not been "inspected and admitted, or paroled" into the United States as that phrase is defined for the purposes of 8 U.S.C. § 1255(a).

**RESPONSE:**

Defendant-Intervenors object to Interrogatory No. 2 because it seeks information that is not relevant to the parties' claims or defenses. The manner of entry of any Defendant-Intervenor into the United States prior to receiving a grant of deferred action pursuant to DACA, without further information regarding adjustment of status and advance parole, is not relevant to any claims or defenses in this case. To the extent that Plaintiffs seek to know if any Defendant-Intervenor entered the United States without being inspected and admitted and later entered the United States with an advance parole document and subsequently adjusted his or her immigration status to lawful permanent resident, that information is already provided in Defendant-Intervenors' response to Interrogatory No. 1.

Defendant-Intervenors further object to Interrogatory No. 2 because the request is cumulative and duplicative of Interrogatory No. 1. Under Interrogatory No. 1, Plaintiffs request a list of Defendant-Intervenors "[w]here the DACA recipient/adjustment applicant could not have met the requirement in 8 U.S.C. § 1255(a) to have been 'inspected and admitted, or paroled' but for his or her entry to the United States on the DACA-based advance parole document." Similarly, Interrogatory No. 2 requests "a list of all Defendant-Intervenors who have not been 'inspected and admitted, or paroled' into the United States as that phrase is defined for the purposes of 8 U.S.C. § 1255(a)." Such requests are duplicative and cumulative as they ask for the same information, *i.e.*, whether a Defendant-Intervenor was or was not "inspected and admitted, or paroled" into the United States.

Defendant-Intervenors further object to Interrogatory No. 2 because the purpose of this request is to harass and cause hardship to Defendant-Intervenors. Plaintiffs ask Defendant-Intervenors to state that they entered the United States without inspection and admission, potentially a criminal offense under 8 U.S. Code § 1325. Given that Defendant-Intervenors have already answered Interrogatory No. 1, a further interrogatory seeking to know the manner of entry into the United States is unnecessary and harassing.

**INTERROGATORY NO. 3**

Please provide a list of all Defendant-Intervenors who were not "inspected and admitted, or paroled" into the United States as that phrase is defined for the purposes of 8 U.S.C. § 1255(a) prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals

initiative but have subsequently been paroled in the United States by U.S. Customs and Border Protection on the basis of the DACA-based advance parole document (Form I-512L).

**RESPONSE:**

Defendant-Intervenors object to Interrogatory No. 3 because it seeks information that is not relevant to the parties' claims or defenses. The manner of entry of any Defendant-Intervenor into the United States prior to receiving a grant of deferred action pursuant to DACA, without further information regarding adjustment of status and advance parole, is not relevant to any claims or defenses in this case. To the extent that Plaintiffs seek to know if any Defendant-Intervenor entered the United States without being inspected and admitted and later entered the United States with an advance parole document and subsequently adjusted his or her immigration status to lawful permanent resident, that information is already provided in Defendant-Intervenors' response to Interrogatory No. 1.

Defendant-Intervenors further object to Interrogatory No. 3 because the request is cumulative and duplicative of Interrogatory No. 1. Under Interrogatory No. 1, Plaintiffs request a list of Defendant-Intervenors "[w]here the DACA recipient/adjustment applicant could not have met the requirement in 8 U.S.C. § 1255(a) to have been 'inspected and admitted, or paroled' but for his or her entry to the United States on the DACA-based advance parole document." Similarly, Interrogatory No. 3 requests "a list of all Defendant-Intervenors who were not 'inspected and admitted, or paroled' into the United States as that phrase is defined for the purposes of 8 U.S.C. § 1255(a) prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative but have subsequently been paroled in the United States by U.S. Customs and Border Protection on the basis of the DACA-based advance parole document (Form I-512L)." Such requests are duplicative and cumulative as they ask for the same information, i.e., whether a Defendant-Intervenor was or was not "inspected and admitted, or paroled" into the United States.

Defendant-Intervenors further object to Interrogatory No. 3 because the purpose of this request is to harass and cause hardship to Defendant-Intervenors. Plaintiffs ask Defendant-Intervenors to state that they entered the United States without inspection and admission, potentially a criminal offense under 8 U.S. Code § 1325. Given that Defendant-Intervenors have already answered Interrogatory No. 1, a further interrogatory seeking to know the manner of entry into the United States is unnecessary and harassing.

**INTERROGATORY NO. 4**

Please provide a list of all Defendant-Intervenors who have attended public school in the United States, including what grades each recipient attended and in which state or states they attended.

**RESPONSE:**

Defendant-Intervenors object to Interrogatory 4 because it is overbroad. Interrogatory No. 4 requests information about Defendant Intervenors before they applied for and received DACA.

5

Defendant-Intervenors further object to Interrogatory No. 4 because it seeks information that is not relevant to the parties' claims or defenses.  To the extent that any Defendant Intervenor attended a public school before receiving DACA, that school attendance is irrelevant to the claims in the case, including the claims related to Plaintiffs' standing.

Defendant-Intervenors further object to Interrogatory No. 4 as vague to the extent that it does not define the term "public school." Defendant-Intervenors also object to Interrogatory No. 4 as vague because Plaintiffs do not make clear whether "what grades each recipient attended" means attendance of the grade for the full school year.

Relying on the definition of "public school" as "a school that is maintained at public expense for the education of the children of a community or district and that constitutes a part of a system of free public education commonly including primary and secondary schools," and relying on the meaning of "what grades each recipient attended" to mean a grade for the full school year, Defendant-Intervenors provide a list of Defendant-Intervenors who attended one or more grades in a public school after receiving DACA, including the grade attended and the state in which the public school was located:

- Jin Park, 11th and 12th grade in New York

**INTERROGATORY NO. [5]**[1]

Please provide a list of all Defendant-Intervenors who are currently employed in the United States and what information each individual presented to their respective employer to prove their authorization to work.

**RESPONSE:**

The following Defendant-Intervenors are currently employed in the United States and presented their employment authorization document and social security number to prove their work authorization:

- Karla Perez
- Darwin Velazquez
- Elizabeth Diaz
- Elly "Marisol" Estrada
- Kamau Chege
- Karla Lopez
- Maria Diaz
- Oscar Alvarez
- Pratishtha Khanna
- Maria Rocha

---

[1] [1] Plaintiffs misnumbered the interrogatories by repeating the numbers 3 and 4. Defendant-Intervenors assigned continuous numbering to the interrogatories with the use of brackets.

- Karina Ruiz de Diaz
- Luis Aldmir Rafael
- Denise G. Romero
- Nanci J. Palacios Godinez
- Angel Silva
- Blanca Diaz
- Esther Jeon
- Jung Woo Kim
- Carlos Aguilar Gonzalez

**INTERROGATORY NO. [6]**

Please provide a list of all Defendant-Intervenors who were subject to an order of removal issued by an immigration judge prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative, Dr. Nancy Adossi was granted federal work authorization and permitted to reside in the United States through an order of supervision issued by ICE following an order of removal issued by an immigration judge.

**INTERROGATORY NO. [7]**

Please provide a list of all Defendant-Intervenors who were interviewed in person by a USCIS representative before receiving either an initial or renewed grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

None of the Defendant-Intervenors were interviewed in person by a USCIS representative before receiving either an initial or renewed grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**INTERROGATORY NO. [8]**

Please provide a list of all Defendant-Intervenors who received written requests for information before receiving either an initial or renewed grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Defendant-Intervenors object to Interrogatory No. 8 as vague because Plaintiffs do not provide a definition of the term "written requests for information" and do not specify from whom the "written requests for information" were received.

Understanding the phrase "written requests for information" to mean Requests for Evidence from USCIS as set out in 8 CFR 103.2(b)(8), the following Defendant-Intervenors received written requests for information before receiving either an initial or renewed grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

- Darwin Velazquez
- Elizabeth Diaz
- Jose Magana-Salgado
- Maria Diaz
- Dr. Nancy Adossi

**INTERROGATORY NO. [9]**

Please provide a list of all Defendant-Intervenors who had a Social Security Number prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative and a list of all Defendant-Intervenors who had a Social Security Number after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Dr. Nancy Adossi had a Social Security Number prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

The following Defendant-Intervenors had a Social Security Number after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative:

- Karla Perez
- Darwin Velazquez
- Elizabeth Diaz
- Elly "Marisol" Estrada
- Jose Magana-Salgado
- Kamau Chege
- Karla Lopez
- Maria Diaz
- Oscar Alvarez
- Pratishtha Khanna
- Maria Rocha
- Karina Ruiz de Diaz
- Luis Aldmir Rafael
- Denise G. Romero
- Nanci J. Palacios Godinez
- Angel Silva
- Jin Park
- Blanca Diaz

- Esther Jeon
- Jung Woo Kim
- Carlos Aguilar Gonzalez
- Dr. Nancy Adossi

**INTERROGATORY NO. [10]**

Please provide a list of all Defendant-Intervenors who had Employment Authorization Documents from the federal government prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative and a list of all Defendant-Intervenors who had Employment Authorization Documents from the federal government after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Dr. Nancy Adossi had an employment authorization document from the federal government prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

The following Defendant-Intervenors had an Employment Authorization Document from the federal government after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative:

- Karla Perez
- Darwin Velazquez
- Elizabeth Diaz
- Elly "Marisol" Estrada
- Jose Magana-Salgado
- Kamau Chege
- Karla Lopez
- Maria Diaz
- Oscar Alvarez
- Pratishtha Khanna
- Maria Rocha
- Karina Ruiz de Diaz
- Luis Aldmir Rafael
- Denise G. Romero
- Nanci J. Palacios Godinez
- Angel Silva
- Jin Park
- Blanca Diaz
- Esther Jeon
- Jung Woo Kim
- Carlos Aguilar Gonzalez
- Dr. Nancy Adossi

9

**INTERROGATORY NO. [11]**

Please provide a list of all Defendant-Intervenors who received Medicare prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative and a list of all Defendant-Intervenors who received Medicare after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

None of the Defendant-Intervenors received Medicare prior to or after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**INTERROGATORY NO. [12]**

Please provide a list of all Defendant-Intervenors who received Earned Income Tax Credits prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative and a list of all Defendant-Intervenors who received Earned Income Tax Credits after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Defendant-Intervenors object to Interrogatory No. [12] as burdensome and overbroad because Defendant-Intervenors do not have their tax filings readily available and acquiring any tax filings when Plaintiffs have not specified a period of time requires extensive research and investigation. Defendant-Intervenors provide their responses to Interrogatory No. [12] based on information and belief and based on their best recollection of their tax filings.

Defendant-Intervenors further object to Interrogatory No. [12] as vague because Plaintiffs do not provide a definition of the term "received" or the term "Earned Income Tax Credits." Understanding "received" to mean "claimed" and "Earned Income Tax Credits" to mean the Earned Income Tax Credit as described in the U.S. Department of the Treasury Internal Revenue Service Publication 596, Defendant-Intervenors respond as follows:

Based on information and belief, and based on their best recollection of their tax filings, none of the Defendant-Intervenors claimed the Earned Income Tax Credit prior to receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

Karina Ruiz de Diaz claimed the Earned Income Tax Credit after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**INTERROGATORY NO. [13]**

Please provide a list of all Defendant-Intervenors who received Unemployment Benefits prior to receiving a grant of deferred pursuant to the Deferred Action for Childhood Arrivals initiative

and a list of all Defendant-Intervenors who received Unemployment Benefits after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.

**RESPONSE:**

Defendant-Intervenors object to Interrogatory No. [13] as vague because Plaintiffs do not provide a definition of the term "Unemployment Benefits." Understanding the term "Unemployment Benefits" to mean unemployment benefits provided to eligible workers by unemployment insurance programs operated in the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands under the supervision of the U.S. Department of Labor, Defendant-Intervenors respond as follows:

None of the Defendant-Intervenors received Unemployment Benefits prior to or after receiving a grant of deferred action pursuant to the Deferred Action for Childhood Arrivals initiative.