

## State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

October 28, 2019

Hon. Andrew S. Hanen
United States District Court
515 Rusk Street, Room 8613
Houston, TX  77002

    Re:  *State of Texas, et al. v. United States, et al.*, No. 1:18-cv-00068
        **Letter Memorandum Addressing Evidence for Summary Judgment**

Dear Judge Hanen:

    Your Honor has requested that the parties address what evidence this Court may consider when deciding the Plaintiff States' motion for summary judgment. The evidence this Court may consider varies depending on the particular issue addressed by the Court.

    In regard to the Plaintiff States' claims arising under the APA, the general rule is that this Court is limited to the administrative record. If a party seeks consideration of evidence outside the administrative record to address the merits of such an APA claim, that party bears the burden of demonstrating exceptional circumstances to justify consideration of that evidence—something that the Plaintiff States have not done here. By contrast, this Court may consider evidence beyond that record in regard to the Plaintiff States' claim under the Take Care Clause—a constitutional claim not brought pursuant to the APA. This Court may also consider evidence beyond the administrative record to determine non-merits questions such as a party's standing and the extent and type of remedy that may be appropriate. This letter addresses each issue in turn, and at the end offers a section on the appropriate next procedural steps.

**I.  APA Challenges Typically Are Limited To The Administrative Record, And The Plaintiff States Have Not Met Their High Burden To Overcome That Rule.**

    In general, review of agency action is limited to the administrative record. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."); *Harris v. United States*, 19 F.3d 1090, 1096 n.7 (5th Cir. 1994) ("we may not consider evidence outside the administrative record when determining whether to uphold agency action"); *State of*



*La., ex rel. Guste, v. Verity*, 853 F.2d 322 (5th Cir. 1988) ("Agency action is to be upheld, if at all, on the basis of the record before the agency at the time it made its decision.").

Despite this general rule, federal courts do, on rare occasions, consider evidence outside the administrative record when examining the merits of an APA claim. In the D.C. Circuit, the recent trend has been to severely limit the situations in which such evidence may be considered. *See United Student Aid Funds, Inc. v. Devos*, 237 F.Supp. 3d 1, 3-4 (D.D.C. 2017) (explaining the narrowing trend in the Circuit). In *City of Dania Beach v. Federal Aviation Administration*, the D.C. Circuit laid out its current view, which recognizes only three exceptions to the general rule in APA cases: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administration action so as to frustrate judicial review." 628 F.3d 581, 590 (D.C. Cir. 2011) (internal quotation marks omitted). And just three years later, in 2014, in *CTS Corp. v. E.P.A.*, the Court noted that "[e]xceptions to [the black-letter] rule are quite narrow and rarely invoked. They are primarily limited to cases where the procedural validity of the agency's action remains in serious question." 759 F.3d 52, 64 (D.C. Cir. 2014) (internal quotation marks omitted).

The Plaintiff States have not met their burden of demonstrating circumstances sufficient to justify the need for judicial consideration of extra-record evidence on their APA claims. *See Grace v. Whitaker,* 344 F.Supp.3d 96, 112 (D.D.C. 2018) (party seeking to put additional materials before the court must demonstrate unusual circumstances justifying departure from the general APA rule); *Pacific Shores Subdivision v. United States*, 448 F.Supp.2d 1, 6 (D.D.C. 2006) (plaintiffs failed to meet their burden to include additional evidence in the record). To date, the Plaintiff States have not offered evidence or argument that an exception applies sufficient to support considering extra-record evidence on these APA claims.

To be sure, when this Court (and Fifth Circuit on review) considered the validity of DAPA at the preliminary injunction stage, it appears to have considered certain evidence going beyond the administrative record. Because the issue does not appear to have been raised, the Fifth Circuit decision in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), does not address or establish any clear principle concerning the circumstances under which it is appropriate to consider evidence outside the administrative record. Of course, to the extent that this Court intends to rely on the Fifth Circuit's preliminary injunction findings from *Texas v. United States*, this Court would also need to consider the counter-evidence developed in this litigation.

For these reasons, this Court should not consider examine extra-record evidence when it evaluates the merits of the Plaintiff States' APA claims.

## II. By Contrast, The Court May Consider Extra-Record Evidence When It Considers the Plaintiff States' Constitutional Claims, the Parties' Standing, and Any Issues Surrounding An Appropriate Remedy.

Although strict rules govern the consideration of evidence outside the administrative record in APA lawsuits, no such rules apply to the other questions in this case. *First*, this Court is not limited to the administrative record when evaluating the Plaintiff States' non-APA claim arising

under the Take Care Clause. *See, generally, Patterson v. Def. POW/MIA Accounting Agency*, 343 F.Supp.3d 637, 658 (W.D. Tex. 2018) ("even if Plaintiffs' APA claims are determined to be limited to the administrative record, it is clear that not all of Plaintiffs' claims will be limited in this way"). *Second*, this Court may consider evidence beyond the administrative record to address issues involving standing. *Permian Basin Petroleum Ass'n v. Dep't of the Interior*, 14-CV-50, 2015 WL 12910680, at *1 (W.D. Tex. Sept. 1, 2015) (although Court's review is otherwise limited to the administrative record, "the Court may consider . . . extra-record evidence to determine standing"). Likewise, this Court may consider evidence outside the administrative record to determine whether the Plaintiff States are entitled to the specific remedies they seek. *See, e.g., Grace v. Whitaker*, 344 F.Supp.3d 96, 114 (D.D.C. 2018); *Eco Tour Adventures, Inc. v. Zinke*, 249 F.Supp.3d 360, 370 n.7 (D.D.C 217). Issues such as these, which do not go to the merits of an APA substantive or procedural challenge, are not issues that typically can be addressed based on the administrative record, which is limited to the information before the agency at the time of its decision-making.

### III. This Court Should Consider the Following Next Steps

In addition to addressing this Court's question, New Jersey also respectfully proposes two steps that may be appropriate for efficient case management. First, at this stage of the briefing, New Jersey does not know if the Plaintiff States intend to urge this Court to consider evidence beyond the administrative record in determining the merits of their APA claims, and on what basis they would claim that doing so is legally proper. Should the Plaintiff States disagree with New Jersey's legal position, New Jersey requests an opportunity to respond to any submission to the extent that the Plaintiff States argue particular "extraordinary reasons" which would permit this Court to examine evidence beyond the administrative record when addressing the merits of those claims.

Second, it is important to note that the United States has not yet filed a certified copy of the administrative record with this Court. The United States produced for the parties in discovery a proposed administrative record. Depending on this Court's ruling on the threshold legal questions presented here, the parties may need to raise challenges to the completeness of the administrative record produced or may file requests to supplement the administrative record.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:  /s Glenn J. Moramarco
     Glenn J. Moramarco
     Assistant Attorney General

        Jeremy Hollander
        Assistant Attorney General
        Kenneth S. Levine
        Deputy Attorney General

cc: counsel of record via ECF