IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>    Defendants,<br><br>KARLA PEREZ, *et al.*,<br>    Defendant-Intervenors,<br><br>and<br><br>STATE OF NEW JERSEY,<br>    Defendant-Intervenor. | Case No. 18-cv-00068 |

## FEDERAL DEFENDANTS' RESPONSE TO OCTOBER 8, 2019, ORDER

On October 8, 2019, the Court ordered briefing on the issue of "whether, consistent with the Administrative Procedure Act, 5 U.S.C. § 551 et seq., the Court may consider evidence outside the administrative record or whether it is restricted to the administrative record in its ruling on Plaintiffs' Motion for Summary Judgment (Doc. No. 356)." ECF Dkt. No. 435 at 1. The Court also ordered that the parties "detail what administrative record exists (and its location) in the summary judgment record currently before the Court." *Id.*

Federal Defendants confirm that compact discs containing the certified administrative record (CAR) of those non-privileged documents that the Department of Homeland Security considered in issuing the DACA memo, were served on the parties on May 10, 2019 by Federal Express. On May 24, 2019, Federal Defendants emailed the parties with three additional

1

documents to supplement the CAR and provided an index to the administrative record. The CAR has not been filed on the docket, and neither Federal Defendants, Plaintiffs, Perez Defendant Intervenors, nor New Jersey Intervenors have referenced the CAR in their summary judgment filings following production of the CAR.

Judicial review of APA claims is generally limited to the administrative record in existence at the time of the challenged agency action. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Sierra Club v. U.S. Fish & Wildlife Serv.*, 245 F.3d 434, 444 (5th Cir. 2001). "Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). "Although supplementation may be warranted to aid[] in the Court's comprehension in some cases, the plaintiff must establish why supplementation is specifically needed in the case at issue," including a showing that the record "lacks necessary information to evaluate the claims or documents that are adverse to the agency decision." *Knight v. U.S. Army Corps of Engineers*, No. 4:18-CV-352, 2019 WL 3413423, at *3 (E.D. Tex. July 29, 2019), citing *Medina Cnty.*, 602 F.3d at 706. Courts may also consider extra-record evidence to determine standing. *See, e.g.*, *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).[1]

Here, where no party has moved to supplement Federal Defendants' CAR, it is ultimately improper to support any arguments—other than as to standing (or harm for purposes of a preliminary injunction)—by relying on evidence outside the CAR. This includes any request that

---

[1] *But see Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("*Esch* has been given a limited interpretation since it was decided, and at most it may be invoked to challenge gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review."), citing *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010).

the Court take judicial notice of facts or statistics from official agency records. *See Am. Health Care Ass'n v. Burwell,* 217 F. Supp. 3d 921, 928 (N.D. Miss. 2016) (quoting *Silver State Land v. Beaudreau*, 59 F.Supp.3d 158, 172 (D.D.C. 2014) ("[A] court may only consider an adjudicative fact subject to judicial notice that is not part of the administrative record if it qualifies for supplementation as extra-record evidence under [*Esch*].") (internal citations omitted)).

Although the parties have engaged in significant discovery here, the parties' reliance on: 1) extra-record evidence previously considered by this court in *Texas I* and, in adjudicating the preliminary injunction, and 2) as otherwise discovered by the parties during the pendency of this action, is of no consequence. As Federal Defendants have argued, Plaintiffs' substantive APA claim may be decided as a matter of law independent of both Plaintiffs' and Defendant-Intervenors' factual arguments—and would be case-dispositive. *See* Dkt. No. 139-5; Dkt. No. 366 at 8-10.[2] Moreover, as discussed *supra*, the only evidence relevant to Plaintiffs' APA claims is the CAR—which has not been challenged. Finally, even if Plaintiffs' constitutional claim is treated as independent of their APA claims, review of extra-record evidence is improper because the Court need not reach Plaintiffs' constitutional claim. *See* Dkt. No. 366 at 10-12.

---

[2] The Fifth Circuit held that DAPA and expanded DACA were substantively unlawful because (1) "[i]n specific and detailed provisions," the INA already "confers eligibility for 'discretionary relief,'" including "narrow classes of aliens eligible for deferred action," *Texas v. United States*, 809 F.3d 134, 179 (5th Cir. 2015); (2) the INA's otherwise "broad grants of authority" could not reasonably be construed to assign to the Secretary the authority to create additional categories of aliens of "vast 'economic and political significance,'" *id*. at 182-83; (3) DAPA and expanded DACA were inconsistent with historical deferred-action policies because they neither were undertaken on a "country-specific basis . . . in response to war, civil unrest, or natural disasters," nor served as a "bridge[] from one legal status to another," *id*. at 184; and (4) "Congress ha[d] repeatedly declined to enact the Development, Relief, and Education for Alien Minors Act ('DREAM Act'), features of which closely resemble DACA and DAPA." *Id*. at 185 (footnote omitted).

Dated: October 28, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Respectfully submitted,

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Deputy Director
*Lead Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
jeffrey.robins@usdoj.gov

*Attorneys for Federal Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey S. Robins*
JEFFREY S. ROBINS
Deputy Director
*Lead Attorney*
U.S. Department of Justice, Civil Division

*Attorney for Federal Defendants*