IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § § § § |
| v. | §  Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § |
| Defendant-Intervenors, | § § |
| and | § § |
| STATE OF NEW JERSEY | § § |
| Defendant-Intervenor. | § § |

## PEREZ DEFENDANT-INTERVENORS' REPLY IN SUPPORT OF
## MOTION TO FILE SUPPLEMENTAL BRIEFING

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully submit this reply in support of their motion to file supplemental briefing.

In their response, Plaintiffs agree that additional briefing is necessary. *See* Dkt. 439. Discovery formally ended on September 23, 2019, over seven months after Plaintiffs filed their motion for summary judgment (Dkt. 356).[1] During those seven months, the parties developed additional evidence showing that (1) Plaintiffs lack standing because Plaintiffs cannot show injury,

---

[1] Pursuant to the Court's order, Federal Defendants responded to Perez Defendant-Intervenors' Interrogatory No. 13 on October 14, 2019. Dkt. 421. Defendant-Intervenors have requested that Federal Defendants explain the methodology used to arrive at the estimates provided in Federal Defendants' response, and Federal Defendants have not yet responded to this request.

1

causation or redressability; (2) DACA is not reviewable under the Administrative Procedure Act ("APA"); (3) Plaintiffs' procedural claim under the APA is not viable because DACA adjudicators use discretion to decide whether to grant or deny DACA applications on a case-by-case basis; and (4) Plaintiffs' substantive APA claim is not viable because DACA does not constitute arbitrary and capricious agency action and does not conflict with federal immigration law.  In light of the fact that discovery continued long after the filing of Plaintiffs' motion for summary judgment, even Plaintiffs "do not oppose the request to submit supplemental briefing based on the discovery that has already occurred[.]" *Id*. at 1.

With respect to Plaintiffs' request that the "Court set[] an expeditious schedule for such briefing," *id.*, Defendant-Intervenors note that the trial date set by the Court is June 8, 2020.  This schedule affords sufficient time for supplemental briefing on Plaintiffs' pending motion for summary judgment.

Plaintiffs' response brief provides additional support for an order permitting supplemental briefing because it attempts to introduce information outside the record.  Plaintiffs argue that information recently provided by Federal Defendants in response to Defendant-Intervenors' Interrogatory 13 makes "stronger than ever" Plaintiffs' contention that DACA is unlawful, *id*, but clarification of the information produced by Federal Defendants is still underway as part of the discovery process.  *See* n. 1 *supra*.  More importantly, the parties should have the opportunity to brief the significance of Federal Defendants' estimate that only 1.7% of DACA recipients have ever become eligible for adjustment through advance parole.

Defendant-Intervenors have sought clarification of Federal Defendants' estimate, because it is inconsistent with previous reports by U.S. Citizenship and Immigration Services ("USCIS"), which demonstrate that (1) a significant majority of the individuals who enter the U.S. with

2

advance parole and subsequently adjust status are not DACA recipients and (2) a very small number of DACA recipients have entered the U.S. with advance parole.[2]

Where, as here, Plaintiffs' attempt to shoe-horn into their briefing facts that are still in the process of development through discovery, and that should be addressed by all parties, supplemental briefing is particularly appropriate. Supplemental briefing, after Federal Defendants have clarified the methodology they used to respond to Interrogatory 13, will provide the Court with additional information and assist in the resolution of Plaintiffs' motion for summary judgment.

Dated: November 1, 2019

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Ramón A. Soto
(Admitted pro hac vice)
Ernest I. Herrera (Tex. Bar No. 24094718);
(SD of Tex. Bar No. 2462211)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

Denise Hulett
Mexican American Legal Defense and Educational Fund
1512 14th Street
Sacramento, CA 95814
Phone: (916) 444-3031

---

[2] *See* USCIS, "USCIS Advance Parole Documents," **(**Jan. 6, 2017), https://www.dhs.gov/sites/default/files/publications/USCIS%20-%20USCIS%20Advance%20Parole%20Documents.pdf (finding that only 4,833 DACA recipients [less than one percent of the total] filed for adjustment of status after obtaining advance parole, and "the number of DACA recipients who have applied for advance parole documents has been fairly consistent"); *see also* USCIS, "Deferred Action for Childhood Arrivals (DACA) Quarterly Report (Fiscal Year 2016, 4th Quarter, July 1-Sept. 30, 2016)," (Dec. 23, 2016), https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/All%20Form%20Types/DACA/daca_performancedata_fy2016_qtr4.pdf,

Email: dhulett@maldef.org
(Admitted pro hac vice)

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 1st day of November, 2019, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales