IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO THE TRUSTEES OF THE AD HOC NEW YORKER REPUBLICAN COMMITTEE'S MOTION TO INTERVENE**

The Trustees of the Ad Hoc New Yorker Republican Committee ("Committee Trustees") seek to intervene in this lawsuit to "protect New Yorkers from insidious unconstitutional DACA." ECF No. 465-8. In support, Committee Trustees state that their participation in unrelated litigation involving government officials qualifies them as "material witnesses" regarding the facts of this case. ECF No. 465 at 3. With their motion, Committee Trustees submit a variety of news articles, case law, and court filings in unrelated litigation that they believe support intervention in this case. ECF No. 465. Yet Committee Trustees neither qualify for intervention as a matter of right under Rule 24(a), nor should they be granted permissive intervention under Rule 24(b), as their intervention would only delay adjudication and confuse the issues in front of the Court.

## I. Committee Trustees Are Not Entitled to Intervene as a Matter of Right.

Rule 24(a)(2) of the Federal Rules of Civil Procedure governs mandatory intervention. A party seeking to intervene as of right must show, among other things, that he has "an interest relating to the property or transaction that is the subject of the action" and that it is "so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *Brumfield v. Dodd,* 749 F.3d 339, 341 (5th Cir. 2014) (citation omitted); *see* Fed. R. Civ. P. 24(a)(2). Committee Trustees cannot satisfy either requirement.

Committee Trustees' interest in this case is not covered by the subject of this action. In short, the subject matter of this litigation deals with the constitutionality of the unilateral executive action by the Obama Administration in 2012, known as Deferred Action for Childhood Arrivals. Committee Trustees' interest in other high-profile litigation has nothing to do with the subject matter of this litigation, and they have not shown anything to the contrary.

Nor will the disposition of this litigation in any way impair or impede Committee Trustees' ability to protect their interests. The Court determining the constitutionality of DACA will not impede or impact Committee Trustees' ability to petition a court regarding any interest they allegedly have in this case. Rule 24(a) does not authorize the requested intervention.

## II. Committee Trustees Should Not Be Granted Permissive Intervention.

So too for Committee Trustees' request for permissive intervention. This request is governed by Rule 24(b), which permits the intervention of anyone who "has

2

a claim or defense that shares with the main action on common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary" and can be denied even if there is a common question of law or fact. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc) ("*NOPSI*"). Rule 24(b) provides that courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And, in exercising their discretion, district courts can take into account whether the proposed intervenor will "significantly contribute to full development of the underlying factual issues in the suit." *NOPSI,* 732 F.2d at 472 (citations and quotations omitted).

District court decisions on Rule 24(b) motions receive an "exceedingly deferential" standard of review. *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (per curiam). Absent a "clear abuse of discretion," the district court's ruling will stand. *Cajun Elec. Power Coop., Inc. v. Gulf States Utils.*, 940 F.2d 117, 121 (5th Cir. 1991). Reflecting this deferential standard, the Fifth Circuit has "never reversed a denial of permissive intervention." *Ingebretsen*, 88 F.3d at 281 (citation and quotations omitted). At the same time, it has repeatedly affirmed the denial of a permissive-intervention request. *See, e.g., Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam); *Pruett v. Harris Bail Bond Bd.*, 104 F. App'x 995, 997 (5th Cir. 2004) (per curiam).

Here, Committee Trustees are not entitled to permissive intervention. Their own pleadings show that their insertion into this case would only confuse the issues,

burden the parties and the Court, and create undue delay in the adjudication of this case.

## CONCLUSION

As a result, Plaintiff States respectfully request that the Court deny the Trustees of the Ad Hoc New Yorker Republican Committee's Motions to Intervene.

| | |
|---|---|
| August 17, 2020 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | RYAN L. BANGERT<br>Deputy First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| LYNN FITCH<br>Attorney General of Mississippi | Deputy Chief, Special Litigation Unit<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100; Fax: (512) 936-0545 |
| ALAN WILSON<br>Attorney General of South Carolina | todd.disher@oag.texas.gov |
| PATRICK MORRISEY<br>Attorney General of West Virginia | ADAM ARTHUR BIGGS<br>Assistant Attorney General |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

     I certify that on August 17, 2020, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and via first class mail to the following:

    Christopher Earl Strunk
    141 Harris Avenue
    Lake Luzerne, New York 12846-1721

                               */s/ Todd Lawrence Disher*
                               TODD LAWRENCE DISHER
                               Deputy Chief, Special Litigation Unit

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| *and* | ) |
| | ) |
| KARLA PEREZ, *et al.*, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

## ORDER DENYING MOTION TO INTERVENE

Before the Court is the Trustees of the Ad Hoc New Yorker Republican Committee's Motion to Intervene (ECF No. 465). Having reviewed the Motion, the responses, and the replies, if any, as well as the applicable law, the Court finds that the Motion should be, and is hereby, **DENIED.**

**SIGNED** on this____ day of_____, 2020.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE