**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Case No. 1:18-CV-68 |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| KARLA PEREZ, *et al.*, | § |
| | § |
| Defendant-Intervenors, | § |
| | § |
| and | § |
| | § |
| STATE OF NEW JERSEY, | § |
| | § |
| Defendant-Intervenor. | § |

**PEREZ DEFENDANT-INTERVENORS' OPPOSED MOTION TO EXTEND
SCHEDULE BY ONE WEEK**

Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") request that the Court extend the schedule in this case by one week in light of the unavailability of Plaintiffs' witness for deposition. Defendant-Intervenors respectfully request that the Court extend the discovery deadline from September 30, 2020 to October 7, 2020 and reset the subsequent deadlines by one week in order to allow Defendant-Intervenors to incorporate the witness's testimony into their summary judgment briefing.

**I. BACKGROUND**

1

The Court's scheduling order provides that the parties may take additional discovery until September 30, 2020. Dkt. 473 at 8 ("the parties may conduct additional discovery until September 30, 2020."). Plaintiffs' motion for summary judgment, if any, is due October 2, 2020 and Defendant-Intervenors' response is due October 30, 2020. *Id.*

On September 15, 2020, Defendant-Intervenors served on Plaintiffs a notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6). *See* Exhibit A. The notice set a deposition date of September 28, 2020. On September 23, 2020, counsel for Plaintiffs emailed counsel for Defendant-Intervenors and stated that Plaintiffs would not be able to produce a witness on the scheduled deposition date of September 28, 2020. Counsel for Plaintiffs offered two dates after the close of discovery – October 5 and October 7. Counsel for Defendant-Intervenors indicated their willingness to take the 30(b)(6) deposition on October 5, 2020 if counsel for Plaintiffs agreed to jointly move the Court to extend the discovery deadline by one week. Counsel for Plaintiffs did not agree to this proposal.

On the morning of September 28, 2020, counsel for Plaintiffs emailed to confirm the availability of their witness on October 5, 2020 and to oppose any extension of the discovery deadline. Counsel for Defendant-Intervenors then took a certificate of non-appearance at the time of the originally-scheduled deposition and re-noticed the deposition for October 5, 2020. *See* Exhibit B.

## II.     ARGUMENT

The Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990). "A [scheduling order] may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); *see also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). To show good cause, the

2

party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir.2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir.2010) (internal quotation marks and citation omitted).

Defendant-Intervenors cannot reasonably meet the September 30, 2020 discovery deadline set by this Court despite the diligence of Defendant-Intervenors because Plaintiffs cannot provide their witness until October 5, 2020. The parties have agreed to take the deposition after the discovery deadline. However, Defendant-Intervenors must receive and review the deposition transcript and incorporate the testimony into their summary judgment briefing. For that reason, Defendant-Intervenors require a week extension of the summary judgment response deadline.

Here, an extension of the schedule by one week will not prejudice any of the parties because the extension will not shorten any party's briefing deadline.

### III.   CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that this Court grant their motion to extend the schedule by one week.

Dated: September 30, 2020                                         Respectfully submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

3

By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Email: nperales@maldef.org
Ramon A. Soto (Tex. Bar No. 24118927)
(SD of Tex. Bar No. 3440787)
Email: rsoto@maldef.org
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I certify that on September 26 and 28, 2020, I emailed Todd Disher, counsel for Plaintiffs, regarding the relief requested in this motion.  Mr. Disher responded on September 28 that Plaintiffs will oppose any effort to extend any deadline.  On September 29, 2020, I emailed Jeffrey Robins, counsel for Federal Defendants, and Mayur Saxena, counsel for Defendant-

Intervenor New Jersey to confer on this motion. On September 30, 2020, counsel for Federal Defendants responded that Federal Defendants oppose the intended motion to extend the discovery deadline and take no position on the request that the court extend the summary judgment deadlines by one week. Counsel for Defendant-Intervenor New Jersey did not respond before the filing of this motion.

/s/ Nina Perales
Nina Perales

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 30th day of September 2020, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Nina Perales
Nina Perales