# **<u>EXHIBIT B</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

**NOTICE OF DEPOSITION OF ARKANSAS PURSUANT TO F.R.C.P. 30(b)(6) BY
PEREZ DEFENDANT-INTERVENORS, ET AL.**

TO:   Plaintiffs State of Texas, *et al.*, through their attorney of record: Todd Disher, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, Tel.: (512) 463-2100; Fax: (512) 936-0545, todd.disher@oag.texas.gov.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant-Intervenors Karla Perez, et al. (Perez Defendant-Intervenors), by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter, of the State of Arkansas.

On September 18, 2019, Perez Defendant-Intervenors took the deposition of Mary Elizabeth Franklin, Division Director of County Operations for the Arkansas Department of Human Services (Arkansas DHS). During the deposition, Ms. Franklin lacked personal knowledge regarding: the process of verifying the lawful presence of individuals applying for social services in Arkansas; the process followed by Arkansas DHS to determine whether an individual is a DACA recipient or

1

has another immigration status in the United States, and; the amount of state funds that Arkansas alleges to have expended on DACA recipients.

Arkansas has a duty under Rule 30(b)(6) to designate one or more employees of Arkansas DHS, or other persons who consent to testify on its behalf, and such person(s) shall testify as to the matters known or reasonably available to Arkansas, on the topics specified in the attached Schedule A.

As a result of the current COVID-19 pandemic, and if there are no objections from the parties involved, the deposition shall take place on October 5, 2020 at 9:00 A.M. CDT, via internet video conference through the Zoom web application pursuant to Fed.R.Civ.P. 30(b)(4). Perez Defendant-Intervenors will provide a link for the video conference prior to the deposition. Requests for reasonable accommodations for persons with disabilities must be made at least three judicial days in advance of the deposition.

Said deposition, answers, and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 29, 2020

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Email: nperales@maldef.org
Ramon A. Soto (Tex. Bar No. 24118927)
(SD of Tex. Bar No. 3440787)
Email: rsoto@maldef.org
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476

2

Facsimile:  (210) 224-5382

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 29th day of September 2020, I served by first

class mail and by electronic mail the foregoing document to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

3

Mayur P. Saxena
New Jersey Office of Attorney General
124 Halsey St.
Newark, NJ 07101
Mayur.Saxena@law.njoag.gov

*/s/ Nina Perales*
Nina Perales

<u>SCHEDULE A</u>

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant-Intervenors Karla Perez, *et al.* set forth below the following subject matter areas for the deposition of the Arkansas Department of Human Services ("Arkansas DHS"):

1. Arkansas DHS use of information from the United States Department of Health and Human Services' Centers for Medicare & Medicaid Services Office of Information Services' Federal Data Services Hub ("Hub") to make eligibility determinations for social services, including but not limited to:

   a. the procedures employed by Arkansas DHS authorized users to access and obtain immigration-related information about social services applicants or recipients from the Hub;

   b. the information provided to Arkansas DHS by the Hub related to immigration status, including but not limited to whether or not an individual lacks formal immigration status or received a grant of DACA;

   c. the immigration-related information provided by the Hub to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient or applicant's immigration status renders them eligible for various categories of social services;

   d. Arkansas DHS understanding and use of the codes provided in the document "Centers for Medicare & Medicaid  Services, Center for Consumer Information & Insurance Oversight, Hub Verify Lawful Presence (VLP) v37 Business Service Definition, August 2019" in determining the categories of social services for which non-U.S. citizens are eligible, including but not limited to DACA recipients.

   e. the social services program categories for which Arkansas DHS deems eligible individuals with a category code 188 returned by the Hub.

   f. how the Arkansas DHS project team programs eligibility for program categories of applicants or recipients who have a code 188 returned by the Hub.

   g. the process by which Arkansas DHS interprets immigration-related information, including but not limited to codes, from the Hub to determine whether a recipient or applicant is eligible for social services program categories, including any computerized or automated processes and the specific keys or codes used by those processes;

   h. the immigration-related information provided by the Hub to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient of or applicant for social services is a DACA recipient;

   i. the process by which Arkansas DHS interprets immigration-related information, including but not limited to codes, from the Hub to determine whether a recipient

5

of or applicant for social services is a DACA recipient, including any computerized or automated processes and the specific keys or codes used by those processes;

j. the point in time at which immigration-related information is captured by the Hub for reporting to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient or applicant is eligible for social services program categories;

k. the length of time Arkansas DHS relies on immigration-related information provided by the Hub to Arkansas DHS and which Arkansas DHS uses to determine whether a recipient or applicant is eligible for social services program categories;

l. the immigration- or citizenship-related information provided by Arkansas DHS to the Hub as part of the process by which Arkansas DHS determines eligibility for non-U.S. citizens who apply for or receive social services in Arkansas;

m. the nature of the immigration-related information maintained or provided by the Hub, including but not limited to immigration status, receipt of DACA and pending applications for immigration benefits;

n. the source or sources of information provided by the Hub related to immigration status, including whether or not an individual lacks formal immigration status or has DACA; and

2. the relationship between the Medicaid Services Policy Manual, the Medicaid eligibility rules, and the rules of the Arkansas DHS eligibility system that determine social services program category eligibility of non-U.S. citizens, including but not limited to DACA recipients.

3. the period time for which Arkansas DHS maintains information showing non-U.S. citizenship, including but not limited to receipt of DACA, and uses that information to make program category eligibility determinations for applicants for and recipients of social services.

4. The specific immigration- and citizenship-related information collected by Arkansas DHS on its application form for social services and upon which Arkansas DHS relies to make eligibility determinations.

5. The Arkansas social services program categories in which DACA recipients participate and the corresponding level of match from the federal government, if any, for each program category.

6. For each DACA recipient who received services reimbursed by Arkansas DHS:  whether the service recipient was identified as a DACA recipient on the date of the reimbursed service; the program category under which the service was reimbursed and the

expenditures by Arkansas alone in reimbursing services rendered to that participant by year from 2012 to the present.

7. Training provided to Arkansas DHS caseworkers related to providing immigration-related information to the eligibility system for the purpose of determining eligibility for social services program categories.

8. The specific information an Arkansas DHS caseworker inputs into the automated eligibility system to determine the category eligibility of a Medicaid applicant.

9. The Medicaid Management Information System ("MMIS"), including but not limited to the federal reimbursement rate for each MMIS category code, including but not limited to the CHIP category.

10. The program categorization, whether under CHIP or Medicaid or another program, of a 16-year-old recipient of ARKids A who meets the other eligibility factors and is a DACA recipient.

11. Whether Arkansas includes DACA recipients in the list of exempted individuals on page 2 of Policy D-224 (in the Medical Services Policy Manual, Section D, Exh. 7 to the Deposition of Mary Franklin).

12. If Arkansas includes DACA recipients in the list of exempted individuals on page 2 of Policy D-224 (in the Medical Services Policy Manual, Section D, Exh. 7 to the Deposition of Mary Franklin), whether Arkansas receives 100 percent match from the federal government as part of the CHIP program.

13. With respect to an individual whose services were initially reimbursed under Full Medicaid Pregnant Woman, whom Arkansas DHS learns is a DACA recipient, whether and how Arkansas DHS seek federal matching funds or federal reimbursement under CHIP and the amount of the match under CHIP.

14. The procedures and information used by Arkansas DHS to update the immigration classification of social services recipients, including but not limited to updating the classification of a DACA recipient who is receiving social services.

15. The percent of Medicaid applications submitted to Arkansas DHS online versus in person.

16. Of the dollar amount reimbursed by Arkansas DHS in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018, the dollar amount that represents expenditures by the federal government and the dollar amount that represents expenditures by Arkansas alone.

17. The existence of written material, including but not limited to memoranda, and regulations that advise or guide Arkansas DHS on the topics listed above.