LAMAR COUNTY, GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014     AT   1:20 P M
BPA BOOK ___32___  PAGES ___135___
DEPUTY CLERK

## AFFIDAVIT OF TRUTH
### For a true and correct copy of the Original

I, **Christopher Earl Strunk**, in esse Sui juris, solemnly affirm, depose and declare under the penalties of perjury that the attached **NOTICE TO THE AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT RE: OFFER OF CONTRACT Received 20 January 2009 and received 21 January 2009 FOR THE RECORD RETURN and REDRAFT TIMELY WITHOUT DISHONOR WITH THE RESTRICTED SPECIAL-APPEARANCE NOT A CORPORATION The Living-Soul, with Attachments: *Oath of 20 January 2009 offer for contract /Returned & Redrafted, * Oath of 21 January 2009 offer for contract / Returned & Redrafted, * Notice to the Clerk of Records Judicial Notice (page 1 of 2),*Judicial Notice (page 2 of 2)**; along with the proof of service by registered mail, and that on January 23, 2009, Affirmant privately did duly fire BARACK HUSSEIN OBAMA II, for being ineligible to POTUS and Commander-in-chief, and did duly serve notice upon he and his agents accordingly to no avail of law to date see the eight (8) page document marked by me as **"Exhibit B"** at the lower left hand corner of each of the pages is an exact, true and correct copy of the original.

Further Affiant Sayeth Not.

**Christopher Earl Strunk** in esse Sui juris secured
beneficiary agent of the Debtor Trust transmitting utility
™CHRISTOPHER EARL STRUNK©
Private Citizen of the United States of America
Private Citizen of the State of New York
Private Resident of the County of Kings
All Rights Reserved Without Prejudice

Acknowledgment:

**THE STATE OF NEW YORK** )
                          )ss
**THE COUNTY OF KINGS**   )

**BEFORE ME**, on this day personally appeared **Christopher Earl Strunk** known to me to be the person described herein and who solemnly affirmed under the penalties of perjury that every statement given above was the whole truth to the best of his knowledge.

Subscribed and Sworn before me on this ___21st___ day of April, 2014.

KAMAL P SONI
Notary Public - State of New York
No. ...
... in Kings County
Commission Expires March 31, 2015

_____
Notary Public

  

Non-Domestic
In Care of:
593 Vanderbilt Avenue – 281
Brooklyn, New York
Zip Code exempt DMM 122-32
Christopher-Earl : Strunk ©
Not a corporation
Living Soul
Declarant
No Third Parties

Barack Hussein Obama *in esse*,
a/k/a Barry Soetoro *in esse*,
a/k/a Barry Dunham *in esse*,
a/k/a Barry Durham *in esse*
DBA BARACK HUSSEIN OBAMA INC.
SUPERVISOR(S). HEIR(S). AGENT(S).
ASSIGN(S)
In care of
the AGENT IN CHARGE OF THE
UNITED STATES SECRET SERVICE
*Office of Government and Public Affairs*
245 Murray Drive.
Building 410,
Washington. DC 20223

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014 AT 1:20 M
IN A BOOK ___32___ PAGES ___136___
DEPUTY CLERK

NOTICE TO THE AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL
IS NOTICE TO AGENT
RE: OFFER OF CONTRACT
Received 20 January 2009 and received 21 January 2009

## FOR THE RECORD
### RETURN AND REDRAFT
### TIMELY, WITHOUT DISHONOR
### WITH THE RESTRICTED SPECIAL-APPEARANCE
### NOT A CORPORATION
#### The Living-Soul

Attachments

- Oath of 20 January 2009 offer for contract /Returned & Redrafted
- Oath of 21 January 2009 offer for contract /Returned & Redrafted
- Notice to the Clerk of Records
- Judicial Notice (page 1 of 2)
- Judicial Notice (page 2 of 2)

Order to reserve with the copy in turn
without prejudice without recourse

By: _____
not a corporation            Living-Soul



LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 P M
BPA BOOK _____ 32 _____ PAGES 737
DEPUTY CLERK

"Obama Second Inauguration: Congratulations again!"

Roberts "I, Barack Hussein Obama do solemnly swear"

President Obama "I, Barack Hussein Obama, do solemnly swear"

Roberts "That I will faithfully execute the office of President of the United States"

President Obama: "That I will faithfully execute the office of the President of the United States"

Roberts "And will to the best of my ability"

President Obama: "And will to the best of my ability"

Roberts: "Preserve, protect and defend the constitution of the United States"

President Obama: "Preserve, protect and defend the constitution of the United States"

Roberts: "So help me God"

President Obama: "So help me God"

LAMAR COUNTY, GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 PM
BPA BOOK _____ 32 _____ PAGES 752
DEPUTY CLERK

# Roberts, Obama standing reciting 35-word oath

TRANSCRIPT OF OATH CEREMONY

J Roberts
B HO
J Roberts
B O
CJ Roberts     that I will execute the Office of President to the United States faithfully
B O
J Roberts     faithfully the Office of President of the United States
B O             the Office of President of the United States
J Roberts      and I will to the best of my ability

The Office of President of the United States and will to the best of my ability preserve, protect and defend the Constitution of the United States

Under reserve under the copy-claim
without prejudice without recourse

By _____
not a corporation     Living-Soul

5 of 6

Case 1:18-cv-00068   Document 483-7   Filed on 10/06/20 in TXSD   Page 42 of 156

LAMAR COUNTY, GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 P M
BPA BOOK ___ 82 ___ PAGES 759
DEPUTY CLERK

## NOTICE TO THE CLERK OF RECORDS

The minute you receive any record, document, paper, proceeding, map, book or other thing deposited with you, you are committing crimes against justice under Revised Statutes of the United States First Section 43 Congress. Sections 5403, 5407 and 5408 totaling up to $9,000 in fines and up to 12 years in prison per affidavit you fail to record. Title 18 USC Section 2071 also carries fines, imprisonment and disqualification of office. If your county attorney told you not to file any documents like mine, you are still responsible, as I do no accept any third-party intervenors. Any attorney, district attorney, or anyone from the lawyering craft are all third-parties and do not have a license to make a legal determination in this matter as they do not represent Me and You, the county clerk, do not have the authority to represent Me. Should You fail to uphold Your sworn oath and perform your duties I will have no choice but to record an Affidavit of Criminal Complaint against Your and send a copy to Your bonding company.

Title LXX — CRIMES — CH.4  CRIMES AGAINST JUSTICE

SEC.5403.  Every person who willfully destroys or attempts to destroy, or, with intent to steal or destroy, takes and carries away any record, paper, or proceeding of a court of justice, filed or deposited with any clerk or officer of such court, or any paper, or document, or record filed or deposited in any public office, or with any judicial or public officer, shall, without reference to the value of the record, paper, document, or proceeding so taken, pay a fine of not more than two thousand dollars, or suffer imprisonment, at hard labor, not more than tree years, or both. [See § § 5408,5411,5414.1] Title LXX — CRIMES — CH.4 CRIMES AGAINST JUSTICE (Destroying, &c., public records.)

SEC.5407.  If two or more persons in any State or Territory conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of person, to the equal protection of the laws, each of such person shall be punished by a fine of not less than five hundred nor more than five thousand dollars, or by imprisonment, with or without hard labor, not less than six months nor more than six years, or by both such fine and imprisonment.  See § § 1977-1991, 20042010, 5506-5510.1 Title LXX, — CRIMES — CH.4 CRIMES AGAINST JUSTICE (Conspiracy to defeat enforcement of the laws.)

SEC.5408.  Every officer, having the custody of any record, document, paper, or proceeding specified in section fifty-four hundred and three, who fraudulently takes away, or withdraws, or destroys any such record, document, paper, or proceeding filed in his office or deposited with him or in his custody, shall pay a fine of not more than two thousand dollars, or suffer imprisonment at hard labor not more than three years, or both, and shall moreover, forfeit his office and be forever afterward disqualified from holding any office under the Government of the United States.  (Destroying record by officer in charge.)

18 USCS SECTION 2071 (2002)

Section 2071. Concealment, removal, or mutilation generally

(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States  As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

Under reserve with the copyright
without prejudice, without recourse

By: _____
not a corporation          Living-Soul

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 P M
BPA BOOK _____ 32 _____ PAGES 740

DEPUTY CLERK

# [JUDICIAL NOTICE]

[While the misrepresentation of a material fact, past or present may constitute basis for an inference of legal "fraud," any act, omission or concealment which involves a breach of legal duty, trust or confidence, justly reposed and is injurious to another, or by which an undue advantage is taken of another, may become the foundation for inference of fraud, and when there is a duty to speak, the concealment of a material fact may be equally as wrongful as a positive misrepresentation. Tex. Civ. App. 1943. *Ruebeck v. Hunt*, 171 SW2d 895, affirmed 176 SW2d 7382 142 Tex.167i 150 A.L.R. ???]

(Party having superior knowledge who takes advantage of another's ignorance of the law to deceive him by studied concealment or misrepresentation can be held responsible for that conduct. Tex. 1987. *Fina Supply, Inc. v. Abilene National Bank*, 726 SW2d 537)

[We (judges) have no more right to decline the exercise of jurisdiction which is given, (this will include the county court of record judge Victor Carillo) than to usurp that which is not given. The one or the other would be treason to the Constitution." *Cohen v. Virginia*, 6 Wheat. 264, (1821); U.S. v. Will, 499 U.S. 200.]

["(W)hen a government becomes a partner in any trading company, it divests itself, so far as concerns the transactions of that company, of its sovereign character, and takes that of a private citizen…It descends to a level with those with whom it associate itself, and takes the character which belongs to its associates and to the business which is to be transacted." *Bank of United States v. Planters' Bank of Georgia* 22 U.S. 904(1824).]

[" The United States as drawee of commercial paper stands in no different light than any other drawee." "The United States does business on business terms. It is not exempted from the general rules governing the rights and duties of drawees by the largeness of its dealings and its having to employ agents to do what if done by a principal in person would leave no room for doubt." *Clearfield Trust Co. v. United States*, 318 U.S. 363(1943).]

["Courts enforcing mere statutes do not act judicially, but ministerially, having no judicial immunity, and unlike Courts of Law, do not obtain jurisdiction by service of process nor even by Arrest and Compelled Appearance." *Boswell v. Otis*, 9 Howard 336, 348.]

[" Want of jurisdiction may not be cured by consent of the parties." *Industrial Addition Association v. C.I.R.*, 323 U.S. 310, 313.]

Under reserve with the copy-claim
without prejudice without recourse

By _____
not a corporation        Living-Soul

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 PM
SPA BOOK   32   PAGES 741

DEPUTY CLERK

[ Judicial Notice ]

1. ["A judgment rendered in violation of due process is void." *World Wide Volkswagon Woodsen.* 444 U.S. 286, 291; *National Bank v Wiley,* 195 US 257; *Pennoyer v. Nef,* 95 US 714]

[ "... the requirements of due process must be met before the court can properly assert *in personam* jurisdiction." *Wells Fargo v Wells Fargo,* 556 F2d 406, 416.]

[. Notification of legal responsibility is "the first essential of due process of law." *Connally v. General Construction Co.,* 269 US 385,391]

[. "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally v. General Construction Co.,* 269 U.S. 385,391]

[. "Whenever it appears that the court lacks subject matter jurisdiction, the court is obliged to dismiss the action." *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37; *U. S. v. Texas,* 252 F. Supp 234, 254]

[. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather should dismiss the action." *Melo v. U.S.,* 505 F.2d. 1026]

["There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.,* 474 F 2d 215]

Under reserve with the copy-claim
without prejudice, without recourse

By:
not a corporation                    Living-Soul

LAMAR COUNTY. GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:25 P M
BPA BOOK ___32___   PAGES _792_
DEPUTY CLERK _____

 **UNITED STATES POSTAL SERVICE**®

Home | Help | Sign in

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: RE40 0301 908U S
Status: Delivered

Your item was delivered at 8:07 AM on January 27, 2009 in
WASHINGTON, DC 20223.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

**Exhibit B**          7 of 8

LAMAR COUNTY, GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 PM
BPA BOOK     32     PAGES 748



JPMORGAN CHASE BANK T-1
NEW YORK, New York
101999004
3558250157-0097
01/23/2009 (212)330-2183 02:50:38 AM

======== Sales Receipt ========

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| WASHINGTON DC 20223 Zone-3 First-Class Letter 1.60 oz. | | | $0.59 |
| Return Rcpt (Green Card) | | | $2.20 |
| Registered | | | $10.00 |
| Insured Value : | | $0.00 | |
| Article Value : | | $0.00 | |
| Label #: | RE400301908US | | |

Issue PVI:                              $12.79

Total:                                  $12.79

Paid by:
Cash                                    $20.00
Change Due:                             -$7.21

-- Save this receipt as evidence of
insurance. For information regarding
domestic insurance. visit our
website at
usps.com/insurance/postoffice.htm

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clicknship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS.

Bill#:1000300868752
Clerk:34

All sales final on stamps and
postage
Refunds for guaranteed services only
Thank you for your business
**************************************
**************************************
HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS

---

Registered No.     RE400301908US                    Date Stamp

Reg Fee    $10.00                                   0157

Handling Charge  $5.00   Return Receipt  $2.20       34

Postage    $0.59   Restricted Delivery  $0.00   01/23/09

Received by    BE

Customer Must Declare   Full Value $50.00

## OFFICIAL US

FROM
593 VANDERBILT AVE - 237
BROOKLYN NEW YORK
ZIP CODE EXEMPT PNM 122-32

TO
CHRISTOPHER - E : STRUNK
BARACK HUSSEIN OBAMA IN OFFICE
C/O THE AGENT IN CHARGE OF THE
US SECRET SERVICE - OFF OF GOV. PLAZA
3UT MURRAY DRIVE BLG 410
WASHINGTON DC 20223

PS Form 3806,     Receipt for Registered Mail     Copy 1 - Customer
May 2007 (7530-02-000-9051)                  (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com

*with the*
*Authintation fer*
*cersefecato*
*by ...*

**Non-Domestic**
**In Care of:**
**593 Vanderbilt Avenue – 281**
**Brooklyn, New York**
**Zip Code exempt DMM 122-32**
**Christopher-Earl: Strunk © in esse**
**Not a corporation**
**Living-Soul / Relator**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
-----------------------------------------x

Christopher-Earl: Strunk © in esse,    )
   )
                Plaintiff, )

v.    )
   )
**U.S. DEPARTMENT OF STATE,** and    )
**U.S. DEPARTMENT OF HOMELAND**    )
**SECURITY,**    )
           Defendant. )
-----------------------------------------x

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014 AT 1:20 P M
BPA BOOK ___32___ PAGES 794
DEPUTY CLERK

**Civil Action No.: 08-2234 (RJL)**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
-----------------------------------------x

In the Quo Warranto matter of the
United States of America and ex relator
**Christopher-Earl: Strunk © in esse**

         **Plaintiff / Relator**

v.

**Barack Hussein Obama**
**(a/k/a Barry Soetoro) in esse**

         **Defendant / Respondent.**
-----------------------------------------x

**JUDICIAL NOTICE**

**PLEASE TAKE JUDICIAL NOTICE** that upon the annexed: (i) a copy of Relator's Replevin Demand
of the Usurper Barack Hussein Obama with DCC Chapter 37 §16-3701[1]; (ii) a copy of Relator's
Replevin Demand of Gary Faye Locke the Usurper's Secretary of the United States Department of

---

[1] DC Code Chapter 37 §16-3701- In an action of Replevin brought to recover personal property to which
the plaintiff is entitled, that is alleged to have been wrongfully taken by or to be in the possession of and
wrongfully detained by the defendant, it is not necessary to demand possession of the property before
bringing the action; but the costs of the action may be awarded as the court orders.

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 9 9 2014   AT   1:05 P   M
PA BOOK   32   PAGES 715
DEPUTY CLERK

Commerce with DCC Chapter 37 §16-3701 (iii) a copy of Relator's Replevin Demand of Timothy Franz Geithner the Usurper's Secretary of the United States Treasury with DCC Chapter 37 §16-3701.

That Relator Christopher-Earl : Strunk in esse, by Special-Appearance herein, declares and states under penalty of perjury with 28 USC §1746:

(1) that Plaintiff / Relator duly served the respective demand upon each Respondent / Debtor by Certified Return Receipt:
- Debtor - Barack Hussein Obama in esse ......Receipt No: 70092250000365685338
- Debtor - Gary Faye Locke in esse............. Receipt No: 70092250000365685277
- Debtor - Timothy Franz Geithner in esse......Receipt No: 70092250000365685345

(2) that Plaintiff / Relator duly serves hereby notice of the respective demand of each debtor named above upon the State of New York Secretary of State under the Uniform Commercial Code Section 9-501 that governs place of filing. Subsection (a) (2) the financing statement is filed as a fixture filing and the collateral is goods that are or are to become fixtures. Subsection (a) (2) provides that the office in which to file a financing statement to perfect a security interest is the office of the Secretary of State in all other cases. Pursuant to subsection (b) a fixture filing for a transmitting utility would also be filed with the Secretary of State.

(3) That the respective State of New York Secretary of State oversees the U.S. Treasury District that has authority over the property where Plaintiff is in esse dômicile resides.

(4) That a copy of this Notice is filed with the State of New York Secretary of State along with a Ten Dollar filing fee as there required.

Dated: November 10, 2009
Brooklyn New York

Christopher-Earl: Strunk Cin esse
593 Vanderbilt Avenue #281
Brooklyn, New York;
Email: nucasvotes2@yahoo.com,
Cell-845-901-6767

**Attachments**

cc:   Brigham John Bowen, AUSA
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530

Barack Hussein Obama in esse
c/o The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Wynne P. Kelly, AUSA
Office of the U.S. Attorney for the
Washington District of Columbia
555 4th St., N.W.
Washington, D.C. 20530

Daniel E. Shapiro
*First Deputy Secretary of State*
State of New York Department of State
One Commerce Plaza
99 Washington Ave,
Albany, NY 12231-0001
Cert R/R No: 70083230000005905998

EXHIBIT C - 2 OF 10
BIRTHER CONFESSION - DCD 20-cr-165          PAGE  048 of 156





*WITH THE* ~~ATION~~
*AU* ~~OCIATION~~
*FO* ~~e sale~~ *in esse*
*BY =*

**Non-Domestic**
**In Care of:**
**593 Vanderbilt Avenue – 281**
**Brooklyn, New York**
**Zip Code exempt DMM 122-32**
**Christopher-Earl: Strunk © in esse**
Not a corporation
**Living-Soul / Affiant**
**No Third Parties**

LAMAR COUNTY, GA  SUPERIOR COUR
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014    AT  1:20 P
BPA BOOK _____ 32 _____ PAGES T4
DEPUTY CLERK

**Timothy Franz Geithner in esse**
**D/B/A: TIMOTHY FRANZ GEITHNER, INC.**
**D/B/A: THE UNITED STATES SECRETARY OF THE TREASURY,**
**SUPERVISOR(S), HEIRS(S), AGENT(S), ASSIGN(S)**

**In care of:      The United States Department of the Treasury**
**1500 Pennsylvania Avenue N.W.**
**Washington, DC 20220**

## NOTICE TO THE AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRINCIPAL IS NOTICE TO AGENT

## RE: <u>NOTICE OF REPLEVIN DEMAND</u>

## FOR THE RECORD WITH WASHINGTON DISTRICT OF COLUMBIA
## CODE CHAPTER 37 SECTION 16-3701: DEMAND PRIOR TO ACTION;
**COSTS** - In an action of replevin brought to recover personal property to which the plaintiff is entitled, that is alleged to have been wrongfully taken by or to be in the possession of and wrongfully detained by the defendant, it is not necessary to demand possession of the property before bringing the action; but the costs of the action may be awarded as the court orders.

## TIMELY WITHOUT DISHONOR WITH THE RESTRICTED SPECIAL-
## APPEARANCE NOT A CORPORATION -The Living Soul

**Attachment:  NOTICE OF REPLEVIN DEMAND FOR RETURN OF**
**PROPERTY PENDING THE REPLEVIN COMPLAINT**
**FILING affirmed November 9, 2009 ............Page 2 of 2**

Under reserve with the copy-claim
without prejudice, without recourse

By:                              © in esse
not a corporation          Living-Soul

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF KINGS   )

LAMAR COUNTY, GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 P M
BPA BOOK    32    PAGES  749
DEPUTY CLERK

__Accordingly__, I, Christopher —Earl: Strunk, being duly sworn, depose and say:

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
----------------------------------------
In the Replevin matter of
**Christopher-Earl : Strunk © in esse**

**Plaintiff / Claimant**

v.

**Barack Hussein Obama (a/k/a Barry Soetoro) in esse,
Gary F. Locke Secretary of the U.S. Department of Commerce, and
Timothy F. Geithner Secretary of the U.S. Treasury**

**Defendants / Respondents**
----------------------------------------

### NOTICE OF REPLEVIN DEMAND FOR RETURN OF PROPERTY
### PENDING THE REPLEVIN COMPLAINT FILING

The Plaintiff sues the Defendants for unjustly detaining the Plaintiff's goods and chattels, as the Usurper, Barack Hussein Obama, is ineligible to be the President of the United States Trustee / Administrator over any United States Departments and Secretaries with fiduciary responsibilities and the Usurper having been denied use of Plaintiff's power of Attorney on January 23, 2009 has by Usurper's continued actions that are void ab initio, including the waivers issued as to Defendant Secretaries and others, pillage Plaintiff's personal property to wit:

A) the Plaintiff's Bond issued upon his birth certificate of CHRISTOPHER EARL STRUNK after the birth in New York City on January 23, 1947 in the amount of 19687.5 troy ounces of gold;

B) the Plaintiff's private account at the US Treasury is secured by the Plaintiff's numbered Bond kept at the U.S. Department of Commerce with the Bond number issued by the Social Security Administration; and

C) The interest accrued upon the Plaintiff's investment into commerce since the year of 1963 thru now calculated upon the record by the Social Security Earnings Statement compounded annually at the respective annual U.S. Treasury Bond Rate from 1963.

And the Plaintiff claims that the same be taken from the Defendants and delivered to Plaintiff; or, if they are eloigned, that Plaintiff may have judgment of their value and all mesne profits and damages, which he estimates at the present value of $21,656,250.00 dollars based upon the equivalent current market value of gold with a net present value of 5,817 troy ounces of gold, and 909 troy ounces of gold accumulated interest on Plaintiff's investment into commerce since 1963 besides costs.

**Christopher-Earl: Strunk © in esse
593 Vanderbilt Avenue #281
Brooklyn, New York
Zip Code exempt DMM 122-32
Email: chris@strunk.ws ; Ph- 631-745-6402**

Sworn to before me this
the 9th day of November 2009

GEORGE ANDERSON
Notary Public, State of New York
No. 01AN6070990
Qualified in Kings County
Commission Expires Jan. 6, 2011

Under reserve with the copy-claim
without prejudice, without recourse

By: _____   © in esse
not a corporation   Living Soul

_____
NOTARY PUBLIC

**Page 2 of 2**
BIRTHER CONFESSION - DCD 20-cr-165

EXHIBIT 2 of 16

  

Non-Domestic
In Care of:
593 Vanderbilt Avenue – 281
Brooklyn, New York
Zip Code exempt DMM 122-32
Christopher-Earl: Strunk © in esse
Not a corporation
Living-Soul / Affiant
No Third Parties

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014 AT 1:20 P M
BPA BOOK ___32___ PAGES 748
_____
DEPUTY CLERK

**Gary Faye Locke in esse**
**a/k/a 駱家輝 (pronounced *Lok Gaa-Fai*)**
**D/B/A: GARY FAYE LOCKE, INC.**
**D/B/A: UNITED STATES SECRETARY OF THE DEPARTMENT OF**
**COMMERCE, SUPERVISOR(S), HEIRS(S), AGENT(S), ASSIGN(S)**

**In care of:  The United States Department of Commerce**
**1401 Constitution Avenue N.W.**
**Washington, DC 20230**

## NOTICE TO THE AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRINCIPAL IS NOTICE TO AGENT

### RE: <u>NOTICE OF REPLEVIN DEMAND</u>

## FOR THE RECORD WITH WASHINGTON DISTRICT OF COLUMBIA
## CODE CHAPTER 37 SECTION 16-3701: DEMAND PRIOR TO ACTION;
**COSTS -** In an action of replevin brought to recover personal property to which the plaintiff is
entitled, that is alleged to have been wrongfully taken by or to be in the possession of and
wrongfully detained by the defendant, it is not necessary to demand possession of the property
before bringing the action; but the costs of the action may be awarded as the court orders.

## TIMELY WITHOUT DISHONOR WITH THE RESTRICTED SPECIAL-
## APPEARANCE NOT A CORPORATION -The Living Soul

Attachment: **NOTICE OF REPLEVIN DEMAND FOR RETURN OF**
**PROPERTY PENDING THE REPLEVIN COMPLAINT**
**FILING affirmed November 9, 2009 ............Page 2 of 2**

Under reserve with the copy-claim
without prejudice, without recourse

By: _____     © in esse
not a corporation          Living-Soul

**Page 1 of 2**

EXHIBIT C - 5 of 10    BIRTHER CONFESSION - DCD 20-cr-165    PAGE 051 of 156

LAMAR COUNTY, GA  SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014    AT    1:20 PM
BPA BOOK _____ 32 _____ PAGES 749
DEPUTY CLERK

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF KINGS   )

Accordingly, I, Christopher –Earl: Strunk, being duly sworn, depose and say:

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------

### In the Replevin matter of
### Christopher-Earl : Strunk © in esse

#### Plaintiff / Claimant

v.

Barack Hussein Obama (a/k/a Barry Soetoro) in esse,
Gary F. Locke Secretary of the U.S. Department of Commerce, and
Timothy F. Geithner Secretary of the U.S. Treasury

#### Defendants / Respondents

-------------------------------------------------

### NOTICE OF REPLEVIN DEMAND FOR RETURN OF PROPERTY
### PENDING THE REPLEVIN COMPLAINT FILING

The Plaintiff sues the Defendants for unjustly detaining the Plaintiff's goods and chattels, as the Usurper, Barack Hussein Obama, is ineligible to be the President of the United States Trustee / Administrator over any United States Departments and Secretaries with fiduciary responsibilities and the Usurper having been denied use of Plaintiff's power of Attorney on January 23, 2009 has by Usurper's continued actions that are void ab initio, including the waivers issued as to Defendant Secretaries and others, pillage Plaintiff's personal property to wit:

A) the Plaintiff's Bond issued upon his birth certificate of CHRISTOPHER EARL STRUNK after the birth in New York City on January 23, 1947 in the amount of 19687.5 troy ounces of gold;

B) the Plaintiff's private account at the US Treasury is secured by the Plaintiff's numbered Bond kept at the U.S. Department of Commerce with the Bond number issued by the Social Security Administration; and

C) The interest accrued upon the Plaintiff's investment into commerce since the year of 1963 thru now calculated upon the record by the Social Security Earnings Statement compounded annually at the respective annual U.S. Treasury Bond Rate from 1963.

And the Plaintiff claims that the same be taken from the Defendants and delivered to Plaintiff; or, if they are eloigned, that Plaintiff may have judgment of their value and all mesne profits and damages, which he estimates at the present value of $21,656,250.00 dollars based upon the equivalent current market value of gold with a net present value of 5,817 troy ounces of gold, and 909 troy ounces of gold accumulated interest on Plaintiff's investment into commerce since 1963 besides costs.

Christopher-Earl: Strunk © in esse
593 Vanderbilt Avenue #281
Brooklyn, New York
Zip Code exempt DMM 122-32
Email: chris@strunk.ws ; Ph- 631-745-6402

Sworn to before me this
the 9th day of November 2009

GEORGE ANDERSON
Notary Public, State of New York
No. 01AN5070990
Qualified in Kings County
Commission Expires Jan. 6, 2011

Under reserve with the copy-claim
without prejudice, without recourse

By:
not a corporation                    © in esse
                                     Living-Soul

  

Non-Domestic
In Care of:
593 Vanderbilt Avenue – 281
Brooklyn, New York
Zip Code exempt DMM 122-32
Christopher-Earl: Strunk © in esse
Not a corporation
Living-Soul / Affiant
No Third Parties

**Barack Hussein Obama in esse**
**a/k/a Barry Soetoro in esse,**
**a/k/a Barry Dunham in esse,**
**D/B/A: BARACK HUSSEIN OBAMA, INC.**
**SUPERVISOR(S), HEIRS(S), AGENT(S), ASSIGN(S)**

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014 AT 1:20 P M
BPA BOOK ___32___ PAGES 732
DEPUTY CLERK

In care of:       **The White House**
**1600 Pennsylvania Avenue NW**
**Washington, DC 20500**

**NOTICE TO THE AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

RE: **NOTICE OF REPLEVIN DEMAND**

**FOR THE RECORD WITH WASHINGTON DISTRICT OF COLUMBIA**
**CODE CHAPTER 37 SECTION 16-3701: DEMAND PRIOR TO ACTION;**
**COSTS** - In an action of replevin brought to recover personal property to which the plaintiff is entitled, that is alleged to have been wrongfully taken by or to be in the possession of and wrongfully detained by the defendant, it is not necessary to demand possession of the property before bringing the action; but the costs of the action may be awarded as the court orders.

**TIMELY WITHOUT DISHONOR WITH THE RESTRICTED SPECIAL-**
**APPEARANCE NOT A CORPORATION -The Living Soul**

Attachment: **NOTICE OF REPLEVIN DEMAND FOR RETURN OF**
**PROPERTY PENDING THE REPLEVIN COMPLAINT**
**FILING affirmed November 9, 2009 ............Page 2 of 2**

Under reserve with the copy-claim
without prejudice, without recourse
By:                      © in esse
not a corporation      Living-Soul

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF KINGS   )

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014  AT  1:20  M
BPA BOOK  32  PAGES 751
DEPUTY CLERK

<u>Accordingly</u>, I, Christopher –Earl: Strunk, being duly sworn, depose and say:

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------

In the Replevin matter of
**Christopher-Earl : Strunk © in esse**

**Plaintiff / Claimant**

v.

**Barack Hussein Obama (a/k/a Barry Soetoro) in esse,
Gary F. Locke Secretary of the U.S. Department of Commerce, and
Timothy F. Geithner Secretary of the U.S. Treasury**

**Defendants / Respondents**

-------------------------------------------------

### NOTICE OF REPLEVIN DEMAND FOR RETURN OF PROPERTY
### PENDING THE REPLEVIN COMPLAINT FILING

The Plaintiff sues the Defendants for unjustly detaining the Plaintiff's goods and chattels, as the Usurper, Barack Hussein Obama, is ineligible to be the President of the United States Trustee / Administrator over any United States Departments and Secretaries with fiduciary responsibilities and the Usurper having been denied use of Plaintiff's power of Attorney on January 23, 2009 has by Usurper's continued actions that are void ab initio, including the waivers issued as to Defendant Secretaries and others, pillage Plaintiff's personal property to wit:

A) the Plaintiff's Bond issued upon his birth certificate of CHRISTOPHER EARL STRUNK after the birth in New York City on January 23, 1947 in the amount of 19687.5 troy ounces of gold;

B) the Plaintiff's private account at the US Treasury is secured by the Plaintiff's numbered Bond kept at the U.S. Department of Commerce with the Bond number issued by the Social Security Administration; and

C) The interest accrued upon the Plaintiff's investment into commerce since the year of 1963 thru now calculated upon the record by the Social Security Earnings Statement compounded annually at the respective annual U.S. Treasury Bond Rate from 1963.

And the Plaintiff claims that the same be taken from the Defendants and delivered to Plaintiff; or, if they are eloigned, that Plaintiff may have judgment of their value and all mesne profits and damages, which he estimates at the present value of $21,656,250.00 dollars based upon the equivalent current market value of gold with a net present value of 5,817 troy ounces of gold, and 909 troy ounces of gold accumulated interest on Plaintiff's investment into commerce since 1963 besides costs.

Christopher-Earl: Strunk © in esse
593 Vanderbilt Avenue #281
Brooklyn, New York
Zip Code exempt DMM 122-32
Email: chris@strunk.ws ; Ph- 631-745-6402

Sworn to before me this
the 9th day of November 2009

GEORGE ANDERSON
Notary Public, State of New York
No. 01AN5070060
Qualified in Kings County

Under reserve with the copy-claim
without prejudice, without recourse

By:
not a corporation      © in esse Living-Soul

**Page 2 of 2**   DCD 20-cr-165
BIRTHER CONFESSION   PAGE 054 of 156
EXHIBIT C – 8 0F10

OVENSTON STATION
BROOKLYN, New York
112205313
3566880337-0097
11/10/2009 (718)748-0665 12:02:20 PM

================================
Sales Receipt
Product          Sale Unit    Final
Description      Qty  Price   Price

WASHINGTON DC 20230              $0.44
Zone-3 First-Class
Letter
0.70 oz.
Return Rcpt (Green              $2.30
Card)
Certified                      $2.80
Label #:    70092250000365685277
                               ========
Issue PVI:                      $5.54

WASHINGTON DC 20500             $0.44
Zone-3 First-Class
Letter
0.70 oz.
Return Rcpt (Green             $2.30
Card)
Certified                      $2.80
Label #:    70092250000365685338
                               ========
Issue PVI:                      $5.54

WASHINGTON DC 20220            $0.44
Zone-3 First-Class
Letter
0.70 oz.

Return Rcpt (Green             $2.30
Card)
Certified                      $2.80
Label #:   70092250000365685345
                               ========
Issue PVI:                      $5.54

$1 Wisdom     4   $1.00        $4.00
PSA
                               ========
Total:                         $20.62

Paid by:
Cash                           $20.62

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clickship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS.

Bill#:1000300898682
Clerk:04

**BIRTHER CONFESSION - DCD 2**

EXHIBIT C-9 BRION

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

WASHINGTON DC 20230

| | | |
|---|---|---|
| Postage | $ 0.44 | 0337 |
| Certified Fee | $2.80 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 5.54 | 11/10/2009 |

Sent To Timothy Franz Geithner in case
D/B/A: THE UNITED STATES SECRETARY
OF THE TREASURY, SUPERVISOR(S),
HEIRS(S), AGENT(S), ASSIGN(S) in care of:
The United States Department of the Treasury
1500 Pennsylvania Avenue N.W.
Washington, DC 20230

7009 2250 0003 6568 5345

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

WASHINGTON DC 20230

| | | |
|---|---|---|
| Postage | $ 0.44 | 0337 |
| Certified Fee | $2.80 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 5.54 | 11/10/2009 |

Sent To Gary Faye Locke in case
D/B/A: UNITED STATES SECRETARY
OF THE DEPARTMENT OF COMMERCE,
SUPERVISOR(S), HEIRS(S), AGENT(S),
ASSIGN(S) in care of:
U.S. Department of Commerce
1401 Constitution Avenue N.W.
Washington, DC 20230

7009 2250 0003 6568 5277

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

WASHINGTON DC 20500

| | | |
|---|---|---|
| Postage | $ 0.44 | 0337 |
| Certified Fee | $2.80 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 5.54 | 11/10/2009 |

Sent To Barack Hussein Obama in case
D/B/A: BARACK HUSSEIN OBAMA, INC.
SUPERVISOR(S), HEIRS(S), AGENT(S),
ASSIGN(S) in care of:
1600 Pennsylvania Avenue NW

7009 2250 0003 6568 5338

LAMAR COUNTY GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 2 9 2014   AT   1:20   M
BPA BOOK _____ 32 _____ PAGES 758
DEPUTY CLERK

## U.S. District Court for the District of Columbia
## in re Strunk v. U.S. Department of State et al., 08-cv-2234 (RJL)

### CERTIFICATE OF SERVICE

On November 10, 2009, I, Christopher Earl Strunk, under penalty of perjury pursuant to 28 USC 1746,

Am the petitioner herein being pro se without being an attorney caused the service of three (3) complete sets of the Attachments annexed to **JUDICIAL NOTICE** declared November 10, 2009 , and did place a complete set in a sealed folder properly addressed with proper postage to be served by USPS mail upon:

Wynne P. Kelly, AUSA
Office of the U.S. Attorney for the
Washington District of Columbia
555 4th St., N.W.
Washington, D.C. 20530

Brigham John Bowen, AUSA
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530

Barack Hussein Obama in esse
c/o The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Daniel E. Shapiro
*First Deputy Secretary of State*
State of New York Department of State
One Commerce Plaza
99 Washington Ave,
Albany, NY 12231-0001
Cert R/R No: 70083230000005905998

I do declare and certify under penalty of perjury:

Dated: November **10** , 2009
Brooklyn, New York

Christopher-Earl: Strunk
593 Vanderbilt Avenue - #281
Brooklyn, New York 11238

LAMAR COUNTY GA SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
APR 29 2014   AT   1:20 P M
BPA BOOK _____ 32 _____ PAGES 734
DEPUTY CLERK

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M170416
E/sl

PETER B. SKELOS, J.P.
THOMAS A. DICKERSON
JOHN M. LEVENTHAL
L. PRISCILLA HALL, JJ.

2012-05515, 2013-06335, 2014-00297

DECISION & ORDER ON MOTION

Christopher-Earl Strunk, appellant,
v New York State Board of Elections,
et al., respondents.

(Index No. 6500/11)

Motion by the appellant pro se, inter alia, "for civilian due process of law" on appeals from three orders of the Supreme Court, Kings County, dated April 11, 2012, March 29, 2013, and December 9, 2013, respectively.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the motion is denied; and it is further,

ORDERED that on the Court's own motion, the appellant's time to perfect the appeal from the order dated March 29, 2013 (Appellate Division Docket No. 2013-06335), is enlarged until May 5, 2014, and the record or appendix and the appellant's brief must be served and filed on or before that date.

SKELOS, J.P., DICKERSON, LEVENTHAL and HALL, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

March 4, 2014

STRUNK v NEW YORK STATE BOARD OF ELECTIONS

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.                                              Criminal Action No. 20-165-JEB

KEVIN CLINESMITH,

Defendant.

_____

**CHRISTOPHER EARL STRUNK, EXECUTOR AND SETTLOR FOR THE EXPRESS DEED IN TRUST TO THE UNITED STATES OF AMERICA, MAKES THIS BIRTHER CONFESSION AS TO OUTRAGEOUS ACTS OF FACTITIOUS DISORDER IMPOSED ON ANOTHER, IN LIEU OF EQUAL TREATMENT OF A 18 USC §1001 CURE TO CONVICT SENIOR EXECUTIVE SERVICE SCAPEGOAT DEFENDANT ALSO KNOWN AS KEVIN CLINESMITH, PROFFERS THE CRIMINAL ACCESSORY INFORMATION EXPERTISE AND INSIGHT FOR JAMES EMANUEL BOASBERG'S SECRET SOCIETY LIES AND CONCEALMENT IN U.S. SENATE CONFIRMATION**

# EXHIBIT 2

**BIRTHER CONFESSION - DCD 20-cr-165          PAGE 058 of 156**



**United States Department of State**

*Washington, D.C.   20520*

**JUL 2 9 2010**

In reply refer to:
CA/PPT/L/LE – Case Control Number:  200807238

Christopher E. Strunk
593 Vanderbilt Avenue, #281
Brooklyn, NY 11238

Dear Mr. Strunk:

The following is in response to your request to the Department of State, dated November 22, 2008, requesting the release of material under the provisions of the Freedom of Information Act (5 U.S.C. § 552).

We have completed a search for records responsive to your request. The search resulted in the retrieval of six documents that are responsive to your request. After careful review of these documents, we have determined that all six documents may be released in full.

We did not locate a 1965 passport application referenced in an application for amendment of passport that is included in the released documents. Many passport applications and other non-vital records from that period were destroyed during the 1980s in accordance with guidance from the General Services Administration.

Passport records typically consist of applications for United States passports and supporting evidence of United States citizenship. Passport records do not include evidence of travel such as entrance/exit stamps, visas, residence permits, etc., since this information is entered into the passport book after issuance.

This completes the processing of your request.

Sincerely,

Jonathan M. Rolbin, Director
Office of Legal Affairs and Law Enforcement Liaison
Bureau of Consular Affairs
Passport Services

Enclosures:
As stated

P1

FORM APPROVED
BUDGET BUREAU NO. 47-R117.5

**DEPARTMENT OF STATE**
FOREIGN SERVICE OF THE UNITED STATES OF AMERICA

**APPLICATION FOR**

[✓] RENEWAL  [ ] AMENDMENT  [ ] EXTENSION
**OF**

[✓] PASSPORT  [ ] CARD OF IDENTITY
[ ] REGISTRATION  [ ] CERTIFICATE OF IDENTITY

Document No. F 777788  Date Issued July 19 1965

POST  Djakarta, Indonesia

[ ] REFERRED TO DEPARTMENT FOR ACTION
[✗] RENEWED (EXTENDED) TO  Jul.18,1970
[ ] AMENDED AS REQUESTED

$ 5.00 FEE COLLECTED
[ ] NO FEE COLLECTED

(PLEASE PRINT NAME IN FULL)
(FIRST NAME)  (MIDDLE NAME)  (LAST NAME)
I, Stanley  Ann  Dunham  Soetoro , a citizen of the United States, do hereby
apply for the service indicated above. (If amendment, set forth details on REVERSE.)

DATE OF BIRTH (Month, day, year)  PLACE OF BIRTH
Nov. 29, 1942  Wichita, Kansas

NOW RESIDING AT
Djakarta, Indonesia

UNITED STATES RESIDENCE (Street address, city, county, state)
—

IN THE EVENT OF DEATH OR ACCIDENT NOTIFY (Name in full, relationship, street address, city, state)
Stanley Armour Dunham, Bank of Hawaii, Honolulu

HAVE YOU EVER BEEN REFUSED A PASSPORT OR REGISTRATION AS A CITIZEN OF THE UNITED STATES?
IF THE ANSWER IS YES, EXPLAIN WHEN AND WHY

NO

| PROPOSED TRAVEL PLANS | IF RETURNING TO U. S. COMPLETE THE FOLLOWING |
|---|---|
| I INTEND TO RETURN TO THE UNITED STATES PERMANENTLY TO RESIDE WITHIN ____ indefinite ____ MONTHS | PORT OF DEPARTURE |
| I INTEND TO CONTINUE TO RESIDE ABROAD FOR THE FOLLOWING PERIOD AND PURPOSE INDEFINATE - MARRIED TO AN INDONESIAN CITIZEN | NAME OF SHIP OR AIRLINE |
| | DATE OF DEPARTURE |

I have not (and no other person included or to be included in the passport or documentation has), since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; voted in a political election in a foreign state or participated in an election or plebiscite to determine the sovereignty over foreign territory; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States in a foreign state; ever sought or claimed the benefits of the nationality of any foreign state; or been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down or to destroy by force, the Government of the United States.

(If any of the above-mentioned acts or conditions have been performed by or apply to the applicant, or to any other person included in the passport or documentation, the portion which applies should be struck out, and a supplementary explanatory statement under oath (or affirmation) by the person to whom the portion is applicable should be attached and made a part of this application.)

Stanley Ann Dunham Soetoro
(To be signed by Applicant)

Subscribed and Sworn to(affirmed) before me this ___13th___ day of ___August___ , 19 68

(SEAL)
Vice Consul _____ of the United States at Djakarta, Indonesia

(The Department will assume that the consular officer, forwarding the application for the Department's decision, is fully satisfied as to the applicant's identity unless a notation to the contrary is made.)

FORM FS-299
7 - 64

**BIRTHER CONFESSION - DCD 20-cr-165**        **PAGE 061 of 156**

SUETORO (LAST NAME)
STANLEY (FIRST NAME)  ANN (MIDDLE NAME)  DUNHAM
TO BE PRINTED IN FULL

PAGE 2

## AMEND TO INCLUDE (EXCLUDE) (WIFE)(HUSBAND)

| NAME | BIRTHPLACE | BIRTHDATE |
|---|---|---|
| | | |

| SPOUSE WAS PREVIOUSLY MARRIED TO | PREVIOUS MARRIAGE TERMINATED BY |
|---|---|
| — | [ ] DIVORCE   [ ] DEATH |

| NUMBER OF MY SPOUSE'S PREVIOUS PASSPORT *INDO* | DISPOSITION OF MY SPOUSE'S PREVIOUS PASSPORT |
|---|---|
| | [ ] ATTACHED   [ ] CANCELED _____ (DATE) |

## AMEND TO INCLUDE (EXCLUDE) CHILDREN

| NAMES | RESIDENCE | BIRTHPLACE | BIRTHDATE |
|---|---|---|---|
| ~~Barack Hussein Obama (Soetarkah)~~ | | | |
| | | | |
| | | | |

## AMEND TO READ IN MARRIED NAME

| NAME |
|---|
| |

| DATE MARRIED | PLACE MARRIED | MARRIED TO |
|---|---|---|
| | | |

CITIZENSHIP OF HUSBAND   [ ] U. S. CITIZEN   [ ] ALIEN-CITIZEN OF _____

## OTHER AMENDMENT(S) (DESCRIBE IN DETAIL ACTION REQUESTED)

DOCUMENTARY EVIDENCE SUBMITTED TO DEPARTMENT BY CONSULAR OFFICER

DOCUMENTARY EVIDENCE SEEN AND RETURNED TO APPLICANT BY CONSULAR OFFICER

STATEMENT OF ACTION BY POST UPON DEPARTMENT'S AUTHORIZATION (To be executed only in connection with cases referred to Dept.)

THE [ ] PASSPORT        [ ] RENEWED TO _____        DATE _____

[ ] CARD OF IDENTITY   WAS   [ ] AMENDED AS REQUESTED

[ ] CERTIFICATE        [ ] EXTENDED TO _____

AUTHORITY _____                    (Consul of the United States of America)

| X   (Photo required for inclusions)   X | OPINION OF CONSULAR OFFICER |
|---|---|
| **STAPLE ONE PHOTO HERE DO NOT MAR FACE** The passport photos required must be approximately 2½ by 2½ inches in size; be on thin unglazed paper, show full front view of applicant with a plain, light background; and have been taken within 2 years of date submitted. When dependents are included they should be shown in a group photograph. The consul will not accept photos that are not a good likeness. Color photographs are acceptable. Do not staple second photo. Attach loosely by paper clip. | |
| X (STAPLE HERE)   X (STAPLE HERE) | (Consul of the United States of America) |

FORM FS-299
7 - 64

In certain cases specific authorization by the Department will be required. In these cases an extra copy of the form should be prepared. Upon receipt of the Department's reply the extra copy should be transmitted with a notation of the action taken,

# DEPARTMENT OF STATE
## APPLICATION FOR PASSPORT BY MAIL

Your previous passport issued within the past eight years, two signed photographs and the fee of $10 MUST accompany this application.

(Passport Office Use Only)

03.0097
P2

SERIES
C
Jan 4 '72

DEPARTMENT OF STATE
HONOLULU, HAWAII

(First name)   (Middle name)   (Last name)

**Stanley Ann Dunham Soetoro**

MAIL PASSPORT TO:

IN CARE OF (if applicable): **Stanley Dunham**

STREET: **1617 South Beretania**

CITY: **Honolulu**   STATE: **Hawaii**   ZIP CODE: **96814**

PHONE NOS. Area Code   Home: **949-9317**   Business: **—**

DATE OF BIRTH   Month **Nov**  Day **29**  Year **42**   PLACE OF BIRTH (City, State, Province, Country) **Wichita, Kansas**

HEIGHT **5** ft. **5½** in.   COLOR OF HAIR (Spell out) **Brown**   COLOR OF EYES (Spell out) **Brown**   APPROXIMATE DATE OF DEPARTURE **Jan 14, 1972**

VISIBLE DISTINGUISHING MARKS   OCCUPATION **Teacher**

MOST RECENT PASSPORT ISSUED WITHIN PAST 8 YEARS MUST BE ATTACHED No. **F277760** Issue Date **Jan 19, 1965**   SOCIAL SECURITY NUMBER

MY PERMANENT RESIDENCE (if same as mailing address, enter none) **DJL. TAMAN MATRAMAN BARAT 22 DJAKARTA, INDONESIA**   IF YOU WERE BORN ABROAD, WERE BOTH OF YOUR PARENTS U.S. CITIZENS AT THE TIME OF YOUR BIRTH? ☐ Yes ☐ No

IN THE EVENT OF ACCIDENT OR DEATH NOTIFY (Do not show name of a person who will accompany you when traveling)

(Name in full) **STANLEY A. DUNHAM**   (Relationship) **FATHER**   (Street address, City, State, ZIP Code) **1617 S. BERETANIA HONOLULU**

PROPOSED TRAVEL PLANS

PURPOSE OF TRIP **return home**   MEANS OF TRANSPORTATION   Sea ☐ Air ☑ Other ☐   Departure   Return   COUNTRIES TO BE VISITED **INDONESIA**

PROPOSED LENGTH OF STAY **INDEFINATE**

NO. OF PREVIOUS TRIPS ABROAD WITHIN LAST 12 MONTHS   DO YOU EXPECT TO TAKE ANOTHER TRIP ABROAD? ☐ Yes ☐ No   IF SO, WITHIN ☐ 1 year ☐ 2 Years ☐ 5 Years

**WARNING:** False statements made knowingly and willfully in passport applications or affidavits or other supporting documents are punishable by fine and/or imprisonment under the provisions of 18 USC 1001 and/or 18 USC 1542. The alteration or mutilation of a passport issued pursuant to this application is punishable by fine and/or imprisonment under 18 USC 1543. The use of a passport in violation of the restrictions therein is punishable by fine and/or imprisonment under 18 USC 1544.

I hereby swear (acquired United States citizenship, been naturalized as a citizen of a foreign state; taken an oath, or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the Government of a foreign state or political subdivision thereof; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States; been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against the United States; or conspiring to overthrow, put down or to destroy by force, the Government of the United States.

(If any of the above-mentioned acts or conditions have been performed by or apply to the applicant, the portion which applies should be struck out, and a supplementary explanatory statement should be attached, signed and made a part of this application.)

### DECLARATION

I declare under the penalties of 18 USC 1001 and 1542 (see WARNING, above) that the statements made in this application are true and complete to the best of my knowledge and belief. I further declare that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I take this obligation freely without mental reservation or purpose of evasion.

**Jan 4, 1972**   (Date)   (Signature of applicant) **S. Ann Dunham Soetoro**

(Passport Office Use Only)

JAN-6-72   120029

FORM DSP-82

FORM APPROVED
BUDGET BUREAU NO. 47-R017

DEPARTMENT OF STATE

## REQUEST BY UNITED STATES NATIONAL FOR AND REPORT OF EXCEPTION TO SECTION 53.1, TITLE 22 OF THE CODE OF FEDERAL REGULATIONS

### REQUEST

I have been informed that my passport is not valid and that a valid passport is required by law to enter the United States. I request that an exception be granted to me, as provided in Section 53.2(h), Title 22 of the Code of Federal Regulations. I understand that a fee of $25 is required under Section 53.2(h) and I will remit such fee to the Passport Office, Department of State, Washington, D. C., 20524, within 30 days.

*Stanley Ann Dunham Soetoro*
(Signature)

### REPORT - Pursuant to Section 215 of the Immigration and Nationality Act of 1952

TO     Director, Passport Office
       Department of State
       Washington, D. C. 20524
       Attn: PT/AC

### SUBJECT

| NAME | DESCRIPTION |
|---|---|
| STANLEY ANN SOETORO | 5'6" Brown Brown 135 lb. |

HOME ADDRESS Djalan Taman Matraman 22 Pav., Djakarta, Indonesia
(Honolulu, 1617 South Beretania, c/o Stanley Dunham)   96814

| BIRTHDATE Nov. 29, 1942 | NATURALIZATION DATE N. A. | PASSPORT NO., DATE AND PLACE OF ISSUANCE F 777788 07-19-65 Honolulu, Hawaii |
|---|---|---|
| BIRTHPLACE Wichita, Kansas | | |

### DEPARTURE FROM UNITED STATES

| DATE AND PLACE OF DEPARTURE October 1967, Honolulu, Hawaii | DESTINATION Djakarta, Indonesia |
|---|---|
| FLIGHT NUMBER OR VESSEL - | NAME OF CARRIER Japan Airlines |

### TRAVEL TO UNITED STATES

| DATE AND PLACE OF DEPARTURE FROM ABROAD October 20, 1971, Djakarta, Indonesia | IDENTITY DOCUMENTS PRESENTED Passport as shown above |
|---|---|
| FLIGHT NUMBER OR VESSEL PAA 812 | NAME OF CARRIER Pan American Airways |
| DATE AND PLACE OF ENTRY October 21, 1971, Honolulu, Hawaii | DESTINATION Honolulu, Hawaii |

### ACTION TAKEN

Identity and citizenship established.

Exception granted under 22 CFR 53.2(h).

OCT 21 1971
(Inspector's Stamp)

| PLACE (Immigration and Naturalization Service) HONOLULU, HAWAII | SIGNATURE (Immigration Officer) |
|---|---|

FORM APPROVED BUDGET BUREAU NO. 47-R059.8

## DEPARTMENT OF STATE
## APPLICATION FOR AMENDMENT OF PASSPORT

(Passport Office Use Only)

Amend as shown in section:

☐ B  ☐ C  ☐ D  ☒ E  ☐ F

☐ Add visa pages.

☐

P3

**INSTRUCTIONS:** All requests for inclusion of persons must be sworn to (or affirmed) before an Agent of the Department of State or Clerk of Court. Photographs, which meet the requirements below, and evidence of citizenship must be submitted for all persons to be included by this amendment. If such persons have had, or been included in, a previous passport, it should be submitted instead of other documents, and Section G completed.

**A**

PASSPORT NO. OF APPLICANT
~~7 7 7 7 7~~

DATE ISSUED
*July 17, 1965*

MAIL PASSPORT TO

STREET  *2234 University Ave.*

CITY  *Honolulu,*  STATE  *Hawaii*
*96822*

IN CARE OF

(PLEASE PRINT NAME IN FULL)
(First name)  (Middle name)  (Last name)

I, *Stanley Ann Soetoro*, a citizen of the United States, do hereby request that my passport, which is enclosed, be amended as indicated below.

**BIRTH CERTIFICATE(S) SEEN**

| CHILD(REN)'S | (WIFE'S) | (HUSBAND'S) |
|---|---|---|
| FILED SR CR CITY | FILED SR CR CITY | |

MARRIAGE CERT.  NAT'N. CERT.  ☐ OTHER
☒ S & R  ☐ S & R

(TO BE PRINTED IN FULL) (Last name) (First name) (Middle name)

**B**

INCLUDE MY CHILD(REN), AS FOLLOWS: (Also complete Section H if child(ren) acquired citizenship by naturalization, and have not had a previous passport.)

| NAME IN FULL | PLACE OF BIRTH (City, State) | DATE OF BIRTH |
|---|---|---|
| | | |

(Photo requirements for inclusion)

**STAPLE ONE PHOTO HERE**
**DO NOT MAR FACE**

Photos must be ONLY of persons to be included by this amendment. The two photos must be duplicates, approximately 2½ by 2½ inches in size; be on thin, unglazed paper with a plain, light background and have been taken within 2 years of date submitted. Photos should be front view, but not full-length, and may not be snapshot, Polaroid, acetate or film base prints. When more than 1 person is to be included, a group photo is required. Color photos are acceptable.

**C**

INCLUDE MY (WIFE) (HUSBAND), AS FOLLOWS: (Also complete Section H if (wife) (husband) acquired citizenship by naturalization, and/or Section I if wife was previously married before March 3, 1931.)

| (WIFE'S) (HUSBAND'S) FULL LEGAL NAME | PLACE OF BIRTH (City, State) |
|---|---|
| DATE OF BIRTH | DATE OF MARRIAGE |

**DO NOT STAPLE SECOND PHOTO**
**ATTACH BY PAPER CLIP**

**D**

EXCLUDE PERSONS, AS FOLLOWS:

☐ MY WIFE
☐ MY HUSBAND
☐ MY CHILDREN (Give name(s))
☐

WHO IS/ARE

☐ TO APPLY FOR SEPARATE PASSPORT
☐ NOT TO ACCOMPANY
☐

**E**

CHANGE TO READ IN MARRIED NAME, AS FOLLOWS:

MARRIED NAME  *Stink Ann Soetoro*  SOETORO

PLACE OF MARRIAGE (City, State)  *Molokai, Hawaii*

DATE OF MARRIAGE  *3/15/65*

HUSBAND'S NAME IN FULL  *Lolo Soetoro*

WHO IS  ☐ A UNITED STATES CITIZEN
☒ A CITIZEN OF  *Indonesia*

**F**

CHANGE TO READ AS FOLLOWS:

**G**

(CHILD(REN)'S) (WIFE'S) (HUSBAND'S) LAST U. S. PASSPORT

| NUMBER | DATE ISSUED |
|---|---|
| IN NAME OF | ☐ IS SUBMITTED HEREWITH |
| | ☐ OTHER DISPOSITION (State) |

FORM DSP-19
7-64

(OVER)

PAGE 2

**H** TO BE COMPLETED BY AN APPLICANT REQUESTING INCLUSION IN THE PASSPORT OF A RELATIVE WHO ACQUIRED CITIZENSHIP THROUGH NATURALIZATION

| MY                INMIGRATED TO THE U. S. ON *(Month, day, year)* | ACQUIRED U. S. CITIZENSHIP ON *(Month, day, year)* | THROUGH THE NATURALIZATION OF |
|---|---|---|
| | | ☐ SELF   ☐ PARENT   ☐ FORMER HUSBAND |

| WHO WAS NATURALIZED BEFORE THE *(Name of court)* | LOCATED IN *(City, State)* |
|---|---|

AS SHOWN BY THE ACCOMPANYING CERTIFICATE OF NATURALIZATION NO.

**I** TO BE COMPLETED BY AN APPLICANT WHOSE WIFE WAS PREVIOUSLY MARRIED BEFORE MARCH 3, 1931, AND WHO IS TO BE INCLUDED IN PASSPORT (If married more than twice, set forth facts in a supplemental statement)

| HER MAIDEN NAME WAS | DATE OF PREVIOUS MARRIAGE |
|---|---|
| NAME OF FORMER HUSBAND | PLACE OF PREVIOUS MARRIAGE |
| FORMER HUSBAND'S PLACE OF BIRTH | MARRIAGE WAS TERMINATED BY   ☐ DEATH   ☐ DIVORCE          DATE |

**J** IN THE EVENT OF DEATH OR ACCIDENT NOTIFY

| NAME IN FULL | RELATIONSHIP | STREET ADDRESS, CITY, STATE |
|---|---|---|

**K**   I have not (and no other person included or to be included in the passport has), since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; voted in a political election in a foreign state or participated in an election or plebiscite to determine the sovereignty over foreign territory; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States in a foreign state; ever sought or claimed the benefits of the nationality of any foreign state; or been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down or to destroy by force, the Government of the United States.

*(If any of the above-mentioned acts or conditions have been performed by or apply to the applicant, or to any other person included or to be included in the passport, the portion which applies should be struck out, and a supplementary explanatory statement under oath (or affirmation) by the person to whom the portion is applicable should be attached and made a part of this application.)*

I solemnly swear (affirm) that the statements herein made are true and that I have not previously asked to have these additional persons included in my passport; that they are not now in possession of valid passports, and that they have not made application for passports and been refused.

✗ *Stanley Ann Dotn*
*(Signature of Applicant)*

Subscribed and sworn to (affirmed) before me this _____ day of _____, 19 _____

_____
*(Agent, Department of State or Clerk of Court)*

FORM DSP 19
7 - 56

● U. S.    RNMENT PRINTING OFFICE   1964 O - 702-226 (212)

(PLEASE PRINT OR TYPE - PENCIL NOT ACCEPTABLE)　　For Department Decision

| DEPARTMENT OF STATE | POST LOCATION Jakarta, Indonesia |
|---|---|

**APPLICATION FOR** ☒ **PASSPORT** ☐ **REGISTRATION**

POST ACTION
PASSPORT ISSUED　　　　　　REGISTRATION APPROVED **P 4**
No. **Z2433100**　　　　　Date ____
Date **June 2, 1976**　　　Expires ____
Expires **June 1, 1981**　CARD OF IDENTITY AND REG.

Complete ALL entries in all sections that apply to you. If information is unknown, write "Unknown". Do not leave blank spaces. Use additional sheets where space provided is not adequate.

**A**

**TO BE COMPLETED BY ALL APPLICANTS**

☒ $3 Application fee collected　No. ____
☒ $10 Fee collected　　　　Date ____
☐ No Fee passport　　　　☐ $3 fee collected (for card)
☐ Official passport　　　　☐ 48-page passport

(First name)　(Middle name)　(Last name)
　　　　　　　　　　DUNHAM
I, **STANLEY ANN SOETORO**, a citizen
of the United States, do hereby apply for (a passport) (registration)

| DATE OF BIRTH | | | PLACE OF BIRTH (City, state/province, country) |
|---|---|---|---|
| Month **11** | Day **29** | Year **42** | **WICHITA, KANSAS, USA** |

MY LAST PASSPORT WAS OBTAINED FROM
(Note: If included in another's passport, state name of bearer)
Location of Issuing Office **HONOLULU**　Date of Issuance **JAN. 4, 1972**

HEIGHT **5** Ft. **5½** In.　COLOR OF HAIR (Spell out) **BROWN**　COLOR OF EYES (Spell out) **BROWN**　SOCIAL SECURITY NO. **535-40-852**

Number: **C 030047**　Bearer: ____
☐ Submitted herewith
☒ Cancelled and returned　☐ Other disposition (state)
☐ Seen and returned

VISIBLE DISTINGUISHING MARKS **NONE**　OCCUPATION **GRAD. STUDENT**

NOW RESIDING AT **DJL. HADJI ROMLI 23 MENTENG DALAM, JAKARTA**

PERMANENT RESIDENCE (Street address, city, zip, country) (If same as above, **1617 S. BERETANIA, HONOLULU, HAWAII**

MY LAST REGISTRATION AS A CITIZEN OF THE UNITED STATES WAS APPROVED
Location of Registering Office　Date of Registration

IN THE EVENT OF DEATH OR ACCIDENT NOTIFY (Name in full, relationship, full address, city, state)
**STANLEY DUNHAM (FATHER) 1617 S. BERETANIA # 1008 HONOLULU H**
　　　　　　　　　　　　　　　　　　　　　ZIP **96813**

HAVE YOU EVER BEEN REFUSED A PASSPORT OR REGISTRATION AS A CITIZEN OF THE UNITED STATES? ☐ Yes ☒ No
IF ANSWER IS "YES", EXPLAIN WHEN AND WHY

**B**

**TO BE COMPLETED BY AN APPLICANT WHO BECAME A CITIZEN THROUGH NATURALIZATION**

| I IMMIGRATED TO THE U.S. (Month, year) | I RESIDED CONTINUOUSLY IN THE U.S. From (Year)　To (Year) | NATURALIZATION CERTIFICATE NO. ☐ Submitted herewith ☐ Seen and returned ☐ Previously submitted |
|---|---|---|

| PLACE NATURALIZED (City, state) | NATURALIZATION COURT | DATE NATURALIZED |
|---|---|---|

**C**

**COMPLETE ONLY IF OTHERS ARE TO BE INCLUDED IN PASSPORT OR REGISTRATION AND SUBMIT GROUP PHOTOGRAPH**

| (WIFE'S) (HUSBAND'S) FULL LEGAL NAME | ☐ NATIVE BORN ☐ NATURALIZED | NATURALIZATION CERTIFICATE NO. ☐ Seen and returned |
|---|---|---|

| PLACE NATURALIZED (City, state) | NATURALIZATION COURT | DATE NATURALIZED |
|---|---|---|

(WIFE'S) (HUSBAND'S) PLACE OF BIRTH (City, State or Province, Country)　DATE OF BIRTH (Mo., Day, Year)

| NAME IN FULL OF CHILDREN INCLUDED | PLACE OF BIRTH (City, state/province, country) | DATE OF BIRTH (Month, day, year) | RESIDED IN U.S. (From-To) |
|---|---|---|---|
| | | | |

**D**

**EVIDENCE OF PRIOR DOCUMENTATION OF ABOVE-NAMED PERSONS TO BE INCLUDED (For completion by Consular Office)**

| NAMES | PASSPORT NO. | DATE OF ISSUE | CANCELED OR OTHER DISPOSITION | DATE OF REGISTRA- TION OR BIRTH REPORT | LOCATION OF OFFICE |
|---|---|---|---|---|---|
| | | | | | |

**E**

OTHER EVIDENCE OF U.S. CITIZENSHIP PRESENTED (State disposition)

FORM FS-176
8-74　　　　　　(OVER - YOU MUST COMPLETE PAGE 2)　　FORM APPROVED　BUDGET BUREAU NO. 47-R0012

**BIRTHER CONFESSION - DCD 20-cr-165　　PAGE 067 of 156**

FORM FS-176    9-74                                                                    PAGE 2

**F**

| FATHER'S NAME | FATHER'S PLACE OF BIRTH (City, State, Province or Country) | ☑ U.S. CITIZEN |
| STANLEY DUNHAM | WICHITA, KANSAS | ☐ NOT U.S. CITIZEN |

| DATE NATURALIZED | PLACE NATURALIZED (City, state) | |

| FATHER'S DATE OF BIRTH | ☐ FATHER DECEASED | FATHER RESIDED IN U.S. |
| MARCH 23, 1918 | ☑ FATHER RESIDING AT HONOLULU, HI | From BIRTH To PRESENT |

| MOTHER'S MAIDEN NAME | MOTHER'S PLACE OF BIRTH (City, State, Province or Country) | ☑ U.S. CITIZEN |
| MADELYN PAYNE | PERU, KANSAS | ☐ NOT U.S. CITIZEN |

| DATE NATURALIZED | PLACE NATURALIZED (City, state) | |

| MOTHER'S DATE OF BIRTH | ☐ MOTHER DECEASED | MOTHER RESIDED IN U.S. |
| OCT. 26, 1922 | ☑ MOTHER RESIDING AT HONOLULU, HI | From BIRTH To PRESENT |

**G**

☐ I WAS NEVER MARRIED
☑ I WAS LAST MARRIED ON (Date) MARCH 15, 1965   PRESENT FULL LEGAL NAME OF HUSBAND OR WIFE   LOLO SOETORO

| HUSBAND'S OR WIFE'S PLACE OF BIRTH (City, state) | HUSBAND'S OR WIFE'S DATE OF BIRTH | ☐ HUSBAND OR WIFE IS U.S. CITIZEN |
| BANDUNG, INDONESIA | JAN. 2, 1935 | ☑ HUSBAND OR WIFE IS NOT U.S. CITIZEN |

HUSBAND OR WIFE NOW RESIDING AT
DJAKARTA, INDONESIA

☑ MARRIAGE NOT TERMINATED
☐ MARRIAGE TERMINATED BY ☐ DEATH ☐ DIVORCE ON

**H**

PROPOSED TRAVEL PLANS

☑ I INTEND TO RETURN TO THE UNITED STATES WITHIN ___ MONTHS
___ YEARS to ☐ RESIDE ☑ VISIT. ☐ INDEFINITE
☐ I NEVER INTEND TO RETURN TO THE UNITED STATES

I INTEND TO CONTINUE TO RESIDE ABROAD FOR THE FOLLOWING REASON  PLAN TO
RETURN TO INDONESIA SEPT., FEB. 77
TO COMPLETE DISSERTATION RESEARCH

**I**

COMPLETE IF RETURNING TO U.S.

| PORT OF DEPARTURE | DATE OF DEPARTURE |
| DJAKARTA | JUNE 16, 1976 |

NAME OF SHIP OR AIRLINE
PAN AM

**J**

WARNING: False statements made knowingly and willfully in passport applications or in affidavits or other supporting documents submitted therewith are punishable by fine and/or imprisonment under the provisions of 18 USC 1001 and/or 18 USC 1542. Alteration or mutilation of a passport issued pursuant to this application is punishable by fine and/or imprisonment under the provisions of 18 USC 1543. The use of a passport in violation of the restrictions contained therein or of the passport regulations is punishable by fine and/or imprisonment under 18 USC 1544.

I have not (and no other person included in the application has), since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States in a foreign state; ever sought or claimed the benefits of the nationality of any foreign state; or been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down or to destroy by force, the Government of the United States.

(If any of the above-mentioned acts or conditions have been performed by or apply to the applicant, or to any other person to be included in the passport or registration, the portion which applies should be struck out, and a supplementary explanatory statement under oath (or affirmation) by the person to whom the portion is applicable should be attached and made a part of this application.)

I solemnly swear (or affirm) that the statements made on all the pages of this application are true and that the photograph attached is a likeness of me and of those persons to be included in the passport.

(To be signed at some time by husband/wife to be included in passport)       S. Ann Dunham Soetoro
                                                                              (To be signed by Applicant in presence of person administering oath)

Subscribed and sworn to (affirmed) before me this _2nd_ day of _Jun_ , 19 _76_

(Seal)       Alfred Harding IV

Consul _____ of the United States at   Jakarta, Indonesia

IDENTIFYING DOCUMENTS SUBMITTED (See 8 FAM 243. Procedures)

**APPLICATION FOR ☒ PASSPORT ☐ REGISTRATION**

Type ALL entries in all sections that apply to you. If information is unknown, write "Unknown." Do not leave blank spaces. Use additional sheets where space provided is not adequate. PRINT OR TYPE ENTRIES.

POST LOCATION: Jakarta, Indonesia

POST ACTION:
PASSPORT ISSUED
No. Z3037221
Date 4/28/81
Expires 4/27/'86

REGISTRATION APPROVED
Date _____
Expires _____

CARD OF IDENTITY AND REG.
☒ $3 Application fee collected
☒ $10 Fee collected
☐ No Fee passport
☐ Official passport
No. _____
Date _____
☐ $5 fee collected (for card)
☐ 48-page ☐ 96-page passport

**A**

**TO BE COMPLETED BY ALL APPLICANTS**

| (First name) | (Middle name) | (Last name) |
|---|---|---|
| STANLEY | ANN | DUNHAM |

I, _____ a citizen of the United States, do hereby apply for (a passport) (registration).

SEX (M/F): F

BIRTHPLACE (City, State or Province, Country): WICHITA, KANSAS, U.S.A.

BIRTH DATE: Month Nov. | Day 29 | Year 1942

HEIGHT: 5 Ft. 5½ In.

COLOR OF HAIR: BROWN

COLOR OF EYES: BROWN

SOCIAL SECURITY NO.: 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

APPLICANT'S EVIDENCE OF CITIZENSHIP
☐ Birth Certificate   ☒ Passport
☐ Certificate of Naturalization or Citizenship
Date: 6/2/76
Bearer's Name: self
No.: Z2433100
Place: Jakarta
☐ Submitted Herewith
☒ Cancelled & Returned
☐ Seen & Returned

NOW RESIDING AT: Jalan Daksa I/14, Kebayoran Baru Jakarta Selatan, Indonesia

PERMANENT RESIDENCE: 1617 South Beretania, Apt.1008, Hon., Hawaii

MY LAST REGISTRATION AS A CITIZEN OF THE UNITED STATES WAS APPROVED
Location of Registering Office | Date of Registration

IN THE EVENT OF ACCIDENT OR DEATH NOTIFY:
Name in full: Stanley Dunham
Address: 1617 South Beretania, Apt. 1008, Honolulu, Hawaii
Relationship: Father
Phone No.: (808) 949-2317

HAVE YOU EVER BEEN REFUSED A PASSPORT OR REGISTRATION AS A CITIZEN OF THE UNITED STATES? ☐ Yes ☒ No

FATHER'S NAME: STANLEY DUNHAM
BIRTHPLACE: WICHITA, KANSAS, U.S.A.
BIRTH DATE: March 23 1918
U.S. CITIZEN: ☒ Yes ☐ No

MOTHER'S MAIDEN NAME: MADELYN PAYNE
BIRTHPLACE: PERU, KANSAS, U.S.A.
BIRTH DATE: Oct.26, '22
U.S. CITIZEN: ☒ Yes ☐ No

☒ I WAS LAST MARRIED ON March 5, '64
☐ I WAS NEVER MARRIED
Wife's/Husband's full legal/maiden name: Lolo Soetoro, Maui, Hawaii

WIFE'S/HUSBAND'S BIRTHPLACE: Bandung, Indonesia
WIFE'S/HUSBAND'S BIRTH DATE: Jan. 2,1936
U.S. CITIZEN: ☐ Yes ☒ No
☐ MARRIAGE NOT TERMINATED
☐ MARRIAGE TERMINATED BY
☐ DEATH
☒ DIVORCE ON Aug. 28, 1980

YOU OR ANYONE INCLUDED IN SECTION B OF THIS APPLICATION BEEN ISSUED OR INCLUDED IN A U.S. PASSPORT? ☒ Yes ☐ No
IF YES, SUBMIT PASSPORT. IF UNABLE TO SUBMIT MOST RECENT PASSPORT, STATE ITS DISPOSITION: Am submitting   No.: Z2433100   Issue Date: June 2, 1976

**B**

(PHOTO REQUIREMENTS FOR PERSONS TO BE INCLUDED)

Photos must be ONLY of persons to be included (other than passport bearer). When more than one person is to be included, a group photograph of the inclusions is required.

CONSULATE WILL STAPLE PHOTO OF INCLUSIONS HERE.

DO NOT IMPRESS SEAL ON PHOTOGRAPHS.

COMPLETE IF CHILDREN OR BROTHERS AND SISTERS UNDER AGE 13, AND/OR WIFE/HUSBAND, ARE TO BE INCLUDED AND SUBMIT PHOTO

WIFE'S/HUSBAND'S FULL LEGAL NAME

BIRTHPLACE (City, State or Province, Country) | BIRTH DATE (Mo., Day, Yr.)

CHILD(REN)'S NAME(S) IN FULL | BIRTHPLACE(S) (City, State or Country) | BIRTH DATE(S) (Mo., Day, Yr.)

(CONSULAR OFFICE USE ONLY)
WIFE'S/HUSBAND'S EVIDENCE
☐ Submitted Herewith
☐ Cancelled & Returned
☐ Seen & Returned

CHILD(REN)'S EVIDENCE
☐ Submitted Herewith
☐ Cancelled & Returned
☐ Seen & Returned

I have not (and no other person included in this application has), since acquiring United States citizenship, performed any of the acts listed in section I on the reverse of this application form (unless explanatory statement is attached). I solemnly swear (or affirm) that the statements made on all of the pages of this application are true and the photographs attached (are) a likeness of me and of those persons to be included in the passport.

(To be signed at same time by husband/wife to be included in passport) _____
(SEAL) _____ (To be signed by Applicant in presence of person administering oath) S. Ann Dunham

Subscribed and sworn to (affirmed) before me this 27 day of April 19 81.
Consul _____ of the United States at Jakarta, Indonesia
(Signature of person taking application)

OPTIONAL FORM 178 (FORMERLY FS-178)

(OVER - YOU MUST COMPLETE PAGE 2)

January 1978 Dept. of State

**BIRTHER CONFESSION - DCD 20-cr-165          PAGE 069 of 156**

**C** | TO BE COMPLETED BY AN APPLICANT WHO BECAME A CITIZEN THROUGH NATURALIZATION

| I IMMIGRATED TO THE U.S. (Month, year) | I RESIDED CONTINUOUSLY IN THE U.S. From (Year) To (Year) | NATURALIZATION CERTIFICATE NO.<br>☐ Submitted herewith<br>☐ Seen and returned<br>☐ Previously submitted |
|---|---|---|
| PLACE NATURALIZED (City, state) | | NATURALIZATION COURT | DATE NATURALIZED |

**D** | TO BE COMPLETED BY ALL APPLICANTS

| OCCUPATION<br>PROGRAM OFFICER, FORD FOUNDATION | VISIBLE DISTINGUISHING MARKS<br>none |
|---|---|

**E** | WOMEN MUST COMPLETE FOLLOWING IF CHILDREN OF A PREVIOUS MARRIAGE ARE INCLUDED OR IF PREVIOUSLY MARRIED BEFORE MARCH 3, 1931

| I WAS PREVIOUSLY MARRIED ON | TO (Full legal name) | WHO WAS BORN AT (City, State, Country) |
|---|---|---|
| ON (Date of birth) | ☐ FORMER HUSBAND WAS U.S. CITIZEN<br>☐ FORMER HUSBAND WAS NOT U.S. CITIZEN | PREVIOUS MARRIAGE TERMINATED BY ☐ DEATH ☐ DIVORCE<br>ON (Date) |

**F** | COMPLETE IF APPLICANT OR ANY PERSON INCLUDED IN SECTION B WAS NOT BORN IN THE UNITED STATES AND CLAIMS CITIZENSHIP THROUGH PARENTE

| ENTERED THE U.S. (Month) (Year)<br>☐ Applicant<br>☐ Wife<br>☐ Husband<br>☐ Child | IF FATHER NATURALIZED: | | IF KNOWN, FATHER'S RESIDENCE PHYSICAL PRESENCE IN U.S.<br>From (Year) To (Year) |
|---|---|---|---|
| | Date | Certificate No. | |
| | Before (Name of Court) | Place (City, State) | |
| RESIDENCE/CONTINUOUS PHYSICAL PRESENCE IN U.S. From (Year) To (Year)<br>☐ Applicant<br>☐ Wife<br>☐ Husband<br>☐ Child | IF MOTHER NATURALIZED: | | IF KNOWN, MOTHER'S RESIDENCE PHYSICAL PRESENCE IN U.S.<br>From (Year) To (Year) |
| | Date | Certificate No. | |
| | Before (Name of Court) | Place (City, State) | |

**G** | PROPOSED TRAVEL PLANS (Not Mandatory)

I INTEND TO CONTINUE TO RESIDE ABROAD FOR THE FOLLOWING PERIOD AND PURPOSE

Two years contract with Ford Foundation from January 1981 - December 1982.

| I INTEND TO RETURN TO THE UNITED STATES PERMANENTLY TO RESIDE WITHIN _____ YEARS _____ MONTHS | DATE OF DEPARTURE |
|---|---|

**H** | PRIVACY ACT STATEMENT

The information solicited on this form is authorized by, but not limited to, those statutes codified in Titles 8, 18, and 22, United States Code, and all predecessor statutes whether or not codified, and all regulations issued pursuant to Executive Order 11295 of August 5, 1966. The primary purpose for soliciting the information is to establish citizenship, identity and entitlement to issuance of a United States Passport or related facility, and to properly administer and enforce the laws pertaining thereto.

The information is made available as a routine use on a need-to-know basis to personnel of the Department of State and other government agencies having statutory or other lawful authority to maintain such information in the performance of their official duties; pursuant to a subpoena or court order; and, as set forth in Part 5a, Title 22, Code of Federal Regulations (See Federal Register Volume 40, pages 45755, 45756, 47419 and 47420).

Failure to provide the information requested on this form may result in the denial of a United States Passport, related document or service to the individual seeking such passport, document or service.

NOTE: The disclosure of your Social Security Number or the identity and location of a person to be notified in the event of death or accident is entirely voluntary. However, failure to provide this information may prevent the Department of State from providing you with timely assistance or protection in the event you should encounter an emergency situation while outside the United States.

**I** | ACTS OR CONDITIONS

(If any of the below-mentioned acts or conditions have been performed by or apply to the applicant, or to any other person to be included in the passport, the portion which applies should be struck out, and a supplementary explanatory statement under oath (or affirmation) by the person to whom the portion is applicable should be attached and made a part of this application.)

I have not (and no other person included in this application has), since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States in a foreign state; ever sought or claimed the benefits of the nationality of any foreign state; or been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down or to destroy by force, the Government of the United States.

WARNING: False statements made knowingly and willfully in passport applications or in affidavits or other supporting documents submitted therewith are punishable by fine and/or imprisonment under the provisions of 18 USC 1001 and/or 18 USC 1542. Alteration or mutilation of a passport issued pursuant to this application is punishable by fine and/or imprisonment under the provisions of 18 USC 1543. The use of a passport in violation of the restrictions contained therein or of the passport regulations is punishable by fine and/or imprisonment under 18 USC 1544. All statements and documents submitted are subject to verification.

**J** | (FOR USE OF OFFICE TAKING APPLICATION)

| APPLICANT'S IDENTIFYING DOCUMENT(S) | | IDENTIFYING DOCUMENT(S) OF WIFE/HUSBAND TO BE INCLUDED IN PASSPORT | |
|---|---|---|---|
| ☐ Certificate of Naturalization or Citizenship | No.: | ☐ Certificate of Naturalization or Citizenship | No.: |
| ☐ Passport | Issue Date: | ☐ Passport | Issue Date: |
| ☐ Driver's License | Place of Issue: | ☐ Driver's License | Place of Issue: |
| ☐ Other (Specify): | Issued in Name of: | ☐ Other (Specify): | Issued in Name of: |

APPLICATION FOR PASSPORT BY MAIL

IMPORTANT
- READ INSTRUCTIONS ON BACK OF FORM
- TYPE OR PRINT IN INK IN WHITE AREAS ONLY

## IDENTIFYING INFORMATION

NAME

FIRST/MIDDLE **STANLEY / ANN**

LAST **DUNHAM**

MR31G 155268

MAILING ADDRESS (In Care Of, Applicable, Street, City, State, ZIP Code)

**1512 SPRECKELS
APT. 402
HONOLULU, HAWAII 96822**

WILL CALL

Issue
Date

| SEX | PLACE OF BIRTH | DATE OF BIRTH | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| ✓ Male / Female | **WICHITA, KANSAS USA** City, State or Province, Country | 11 29 42 Month Day Year | 5 3 5 40 85 2 (Not Mandatory) |

| HEIGHT | COLOR OF HAIR | COLOR OF EYES | HOME PHONE | BUSINESS PHONE |
|---|---|---|---|---|
| 5'6" Feet Inches | **BROWN** | **BROWN** | 808 742 8454 (Area Code) | (Area Code) |

| MOST RECENT PASSPORT ISSUED WITHIN PAST 8 YEARS MUST BE ATTACHED | PASSPORT NUMBER **Z3031722 11** | ISSUE DATE 4 27 81 Month Day Year | OCCUPATION **CONSULTANT** | DEPARTURE DATE ~~APRIL 6, 8~~ |

✱ 4/9/86 - ppl mailed to perm.

address per her written request - attach?

**1512 SPRECKELS ST APT 402 HONOLULU, HI**

SUBMIT TWO RECENT IDENTICAL PHOTOS SIGNED ON THE REVERSE

PROPOSED TRAVEL PLANS AND EMERGENCY ADDRESS (Not Mandatory)

LENGTH OF STAY **1 WEEK**   COUNTRIES TO BE VISITED **PHILIPPINES**

PERSON TO NOTIFY IN CASE OF EMERGENCY (Not Traveling With You)

NAME IN FULL **STANLEY ANN MADELYN DUNHAM**

ADDRESS **1617 S. BERETANIA #1008**

PHONE NUMBER **808 949 2317**   RELATIONSHIP **PARENTS**

OATH AND SIGNATURE

WARNING: False statements made knowingly and willfully in passport applications or affidavits or other supporting documents are punishable by fine and/or imprisonment under the provisions of 18 USC 1001 and/or 18 USC 1542. The alteration or mutilation of a passport issued pursuant to this application is punishable by fine and/or imprisonment under 18 USC 1543. The use of a passport in violation of the restrictions therein is punishable by fine and/or imprisonment under 18 USC 1544.

DECLARATION: I declare that the statements made in this application are true and complete to the best of my knowledge and belief, that the attached photographs are a true likeness of me, and that I have not been issued or included in a passport issued subsequent to the one described herein.

X **March 27, 1986**   X **Stanley Ann Dunham**

FOLLOW INSTRUCTIONS CAREFULLY - INCOMPLETE OR UNACCEPTABLE APPLICATIONS WILL DELAY THE ISSUANCE OF YOUR PASSPORT

FOR PASSPORT SERVICES USE ONLY

✓ Passport

Bearer's Name

Z 5031831 4/27/81 Jakarta

My trip was delayed by 1 month.
Please mail my passport to

S. ANN DUNHAM
1512 SPRECKELS ST.
APT 402
HONOLULU, HI 96822

Stanley Ann Dunham        PH 942-8454

RECEIVED
APR - 9 1986
Honolulu Passport Agency

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.                                        Criminal Action No. 20-165-JEB

KEVIN CLINESMITH,

Defendant.
_____

**CHRISTOPHER EARL STRUNK, EXECUTOR AND SETTLOR FOR THE EXPRESS DEED IN TRUST TO THE UNITED STATES OF AMERICA, MAKES THIS BIRTHER CONFESSION AS TO OUTRAGEOUS ACTS OF FACTITIOUS DISORDER IMPOSED ON ANOTHER, IN LIEU OF EQUAL TREATMENT OF A 18 USC §1001 CURE TO CONVICT SENIOR EXECUTIVE SERVICE SCAPEGOAT DEFENDANT ALSO KNOWN AS KEVIN CLINESMITH, PROFFERS THE CRIMINAL ACCESSORY INFORMATION EXPERTISE AND INSIGHT FOR JAMES EMANUEL BOASBERG'S SECRET SOCIETY LIES AND CONCEALMENT IN U.S. SENATE CONFIRMATION**

# EXHIBIT 3

At an IAS Term, Part 27 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 11th day
of April 2012

P R E S E N T :

HON. ARTHUR M. SCHACK J.S.C

HON. ARTHUR SCHACK,

Justice.

_____

CHRISTOPHER-EARL STRUNK, *in esse*

Plaintiff,

-against-

NEW YORK STATE BOARD OF ELECTIONS;
JAMES A. WALSH/Co-Chair, DOUGLAS A.
KELLNER/Co-Chair, EVELYN J. AQUILA/
Commissioner, GREGORY P. PETERSON/
Commissioner, Deputy Director TODD D.
VALENTINE, Deputy Director STANLY ZALEN;
ANDREW CUOMO, ERIC SCHNEIDERMAN,
THOMAS P. DINAPOLI, RUTH NOEMI COLON,
in their Official and individual capacity, Fr. JOSEPH A.
O'HARE, S.J.; Fr. JOSEPH P. PARKES, S.J.;
FREDERICK A. O. SCHWARZ, JR.; PETER G.
PETERSEN; ZBIGNIEW KAIMIERZ BRZEZINSKI;
MARK BRZEZINSKI; JOSEPH R. BIDEN, JR.;
SOEBARKAH (a.k.a Barry Soetoro, a.k.a. Barack
Hussein Obama, a.k.a Steve Dunham); NANCY
PELOSI; DEMOCRATIC STATE COMMITTEE OF
THE STATE OF NEW YORK; STATE COMMITTEE
OF THE WORKING FAMILIES PARTY OF NEW

**DECISION & ORDER**

Index No. 6500/11

-1-

YORK STATE; ROGER CALERO; THE SOCIALIST
WORKERS PARTY; IAN J. BRZEZINSKI; JOHN
SIDNEY MCCAIN III; JOHN A. BOEHNER; THE
NEW YORK STATE REPUBLICAN STATE
COMMITTEE; THE NEW YORK STATE
COMMITTEE OF THE INDEPENDENCE PARTY;
STATE COMMITTEE OF THE CONSERVATIVE
PARTY OF NEW YORK STATE; PENNY S.
PRITZKER; GEORGE SOROS; *OBAMA FOR
AMERICA*; *OBAMA VICTORY FUND*; *MCCAIN
VICTORY 2008*; *MCCAIN-PALIN VICTORY 2008*;
JOHN AND JANE DOES; and XYZ ENTITIES.

        Defendants.

The following papers numbered 1 to 25 read on this motion:    Papers Numbered:

| | |
|---|---|
| Notice of Motion and Notice of Cross-Motion and and Affidavits (Affirmations)_____ | 1 - 13 |
| Opposing Affidavits (Affirmations)_____ | 14 - 21 |
| Reply Affidavits (Affirmations)_____ | 22 - 25 |

If the complaint in this action was a movie script, it would be entitled *The
Manchurian Candidate Meets The Da Vinci Code.* *Pro se* plaintiff CHRISTOPHER-
EARL STRUNK brings this action against numerous defendants, including President
BARACK OBAMA, Vice President JOSEPH BIDEN, Senator JOHN MCCAIN, Speaker
of the House of Representatives JOHN BOEHNER, former House of Representatives
Speaker NANCY PELOSI, Governor ANDREW CUOMO, Attorney General ERIC

-2-

SCHNEIDERMAN, Comptroller THOMAS DI NAPOLI, the NEW YORK STATE

BOARD OF ELECTIONS, billionaires PETER PETERSEN, PENNY PRITZKER,

GEORGE SOROS and six New York State political parties.  Thirteen motions are

pending before the Court.

Plaintiff STRUNK's complaint is a rambling, forty-five page variation on "birther"

cases, containing 150 prolix paragraphs, in at times a stream of consciousness.  Plaintiff's

central allegation is that defendants President OBAMA and Senator McCAIN, despite not

being "natural born" citizens of the United States according to plaintiff's interpretation of

Article II, Section 1, Clause 5 of the U.S. Constitution, engaged with the assistance of

other defendants in an extensive conspiracy, on behalf of the Roman Catholic Church to

defraud the American people and usurp control of the Presidency in 2008.  Most of

plaintiff STRUNK's complaint is a lengthy, vitriolic, baseless diatribe against defendants,

but most especially against the Vatican, the Roman Catholic Church, and particularly the

Society of Jesus (the Jesuit Order).

Plaintiff STRUNK alleges seven causes of action: breach of state constitutional

fiduciary duty by the NEW YORK STATE BOARD OF ELECTIONS and public officer

defendants; denial of equal protection for voter expectation of a correct ballot; denial of

substantive due process for voter expectation of a correct ballot; interference with the

right to a republican form of government by the two Jesuit defendants and defendant

F.A.O. SCHWARZ, JR., who were all members of the New York City Campaign Finance

-3-

Board; interference with plaintiff's election franchise; a scheme to defraud plaintiff of a reasonable expectation of successful participation in the suffrage process; and, a scheme by all defendants for unjust enrichment.

Plaintiff requests a declaratory judgment and a preliminary injunction against defendants, including: enjoining the NEW YORK STATE BOARD OF ELECTIONS from putting Presidential candidates on the ballot for 2012 unless they provide proof of eligibility, pursuant to Article II, Section 1, Clause 5 of the U. S. Constitution; ordering that this eligibility certification be submitted to the Court for proof of compliance; enjoining the Jesuits from interfering with the 2012 elections; ordering expedited discovery to determine the scope of damages, alleged to be more than $12 billion; and, ordering a jury trial for punitive treble damages.

Various defendants or groups of defendants, all represented by counsel, present eleven motions to dismiss and one motion to admit an attorney *pro hace vice* for this action. The eleven individual defendants or groups of defendants are, in chronological order of filing their motions to dismiss: defendants President BARACK OBAMA, Vice President JOSEPH BIDEN, OBAMA FOR AMERICA and the OBAMA VICTORY FUND; defendants MCCAIN VICTORY 2008, MCCAIN-PALIN VICTORY 2008 and Senator JOHN MCCAIN; defendants MARK BRZEZINSKI and IAN BRZEZINSKI; defendant Representative NANCY PELOSI; defendant GEORGE SOROS; defendants THE SOCIALIST WORKERS PARTY and ROGER CALERO; defendant Speaker

-4-

JOHN BOEHNER; defendant ZBIGNIEW BRZEZINSKI; defendants Father JOSEPH A.

O'HARE, S.J., Father JOSEPH P. PARKES, S.J. and FREDERICK A. O. SCHWARZ,

JR.; defendant PENNY PRITZKER; and defendant PETER G. PETERSEN.  The eleven

motions to dismiss assert: plaintiff STRUNK lacks standing; plaintiff STRUNK fails to

state a claim upon which relief can be granted; plaintiff STRUNK fails to plead fraud

with particularity; the action is frivolous; plaintiff STRUNK is barred by collateral

estoppel from pursuing this action; and, the Court lacks both personal and subject matter

jurisdiction in this action.

The motion to admit counsel *pro hace vice* for the instant action, by counsel for

defendants MCCAIN VICTORY 2008, MCCAIN-PALIN VICTORY 2008 and Senator

JOHN MCCAIN, for Todd E. Phillips, Esq., a member in good standing of both the

California and District of Columbia bars, is granted.

Further, plaintiff STRUNK cross-moves to consolidate the instant action with a

similar "birther" action filed by him, *Strunk v Paterson, et al*, Index No. 29642/08, in the

Kings County Special Election Part, before Justice David Schmidt.  Many of the

defendants oppose consolidation because *Strunk v Paterson, et al*, Index No. 29642/08, is

a disposed case.

The cross-motion to consolidate this action with *Strunk v Paterson, et al*, Index

No. 29642/08, is denied.  Defendants who oppose plaintiff's cross-motion are correct.

Justice Schmidt disposed of *Strunk v Paterson, et al*, Index No. 29642/08, on the grounds

-5-

of collateral estoppel, failure to join necessary parties and laches.

The eleven motions to dismiss are all granted and plaintiff STRUNK's instant complaint is dismissed with prejudice. It is clear that plaintiff STRUNK: lacks standing; fails to state a claim upon which relief can be granted; fails to plead fraud with particularity; and, is barred by collateral estoppel. Also, this Court lacks subject matter jurisdiction and personal jurisdiction over most, if not all, defendants.

Furthermore, plaintiff STRUNK's instant action is frivolous. As will be explained, plaintiff STRUNK alleges baseless claims about defendants which are fanciful, fantastic, delusional and irrational. It is a waste of judicial resources for the Court to spend time on the instant action. Moreover, the Court will conduct a hearing to give plaintiff STRUNK a reasonable opportunity to be heard, pursuant to 22 NYCRR § 130-1.1, as to whether or not the Court should award costs and/or impose sanctions upon plaintiff STRUNK for his frivolous conduct. At the hearing, an opportunity will be given to counsel for defendants to present detailed records of costs incurred by their clients in the instant action.

Therefore, plaintiff STRUNK, who is not a stranger in the courthouses of New York, is enjoined from commencing future litigation in the New York State Unified Court System against: the NEW YORK STATE BOARD OF ELECTIONS, JAMES A. WALSH/ Co-Chair, DOUGLAS A. KELLNER/Co-Chair, EVELYN J. AQUILA/

-6-

Commissioner, GREGORY P. PETERSON/Commissioner, Deputy Director TODD D.

VALENTINE, and Deputy Director STANLY ZALEN; ANDREW CUOMO, ERIC

SCHNEIDERMAN, THOMAS P. DINAPOLI and RUTH NOEMI COLON, in their

Official and individual capacity; Father JOSEPH A. O'HARE, S.J.; Father JOSEPH P.

PARKES, S.J.; FREDERICK A. O. SCHWARZ, JR.; PETER G. PETERSEN;

ZBIGNIEW KAIMIERZ BRZEZINSKI; MARK BRZEZINSKI; JOSEPH R. BIDEN,

JR.; BARACK H. OBAMA, NANCY PELOSI; the DEOMCRATIC STATE

COMMITTEE OF THE STATE OF NEW YORK; the STATE COMMITTEE OF THE

WORKING FAMILIES PARTY OF NEW YORK STATE; ROGER CALERO; the

SOCIALIST WORKERS PARTY; IAN J. BRZEZINSKI; JOHN SIDNEY MCCAIN III;

JOHN A. BOEHNER; the NEW YORK STATE REPUBLICAN STATE COMMITTEE;

the NEW YORK STATE COMMITTEE OF THE INDEPENDENCE PARTY; the

STATE COMMITTEE OF THE CONSERVATIVE PARTY OF NEW YORK STATE;

PENNY S. PRITZKER; GEORGE SOROS; *OBAMA FOR AMERICA*; *OBAMA*

*VICTORY FUND*; *MCCAIN VICTORY 2008*; and *MCCAIN-PALIN VICTORY 2008*;

without prior approval of the appropriate Administrative Justice or Judge.

## Background

Plaintiff STRUNK previously commenced similar actions in the United States

District Court for the Eastern District of New York and this Court, the Supreme Court of

BIRTHER CONFESSION - DCD 20-cr-165          PAGE 080 of 156

the State of New York, Kings County. In *Strunk v New York State Board of Elections, et al.*, Index No. 08-CV4289 (US Dist Ct, EDNY, Oct. 28, 2008, Ross, J.), the Court dismissed the action because of plaintiff's lack of standing, failure to state a claim and frivolousness. In that action, plaintiff STRUNK accused the NEW YORK STATE BOARD OF ELECTIONS of "misapplication and misadministration of state law in preparation for the November 4, 2008 Presidential General Election" by, among other things, in ¶ 51 of the complaint, of "failure to obtain and ascertain that Barrack Hussein Obama is a natural citizen, otherwise contrary to United States Constitution Article 2 Second 1 Clause 5 [sic]" and demanded "Defendants are to provide proof that Barrack Hussein Obama is a natural born citizen and if not his electors are to be stricken from the ballot [sic]." Judge Ross, at page 6 of her decision, held "the court finds that portions of plaintiff's affidavit rise to the level of the irrational" and, in footnote 6, Judge Ross cited two prior 2008 Eastern District cases filed by plaintiff STRUNK in which "the court has determined that portions of plaintiff's complaints have contained allegations that have risen to the irrational."

My Kings County Supreme Court colleague, Justice Schmidt, in *Strunk v Paterson, et al*, Index No. 29642/08, as cited above, disposed of that matter, on March 14, 2011, by denying all of plaintiff's motions and noting that the statute of limitations expired to join necessary parties President OBAMA and Senator MCCAIN. Further, Justice Schmidt

-8-

denied plaintiff an opportunity to file affidavits of service *nunc pro tunc* and to amend the complaint.

Then, plaintiff STRUNK, eight days later, on March 22, 2011, commenced the instant action by filing the instant verified complaint. Plaintiff STRUNK's complaint recites numerous baseless allegations about President OBAMA. These allegations are familiar to anyone who follows the "birther" movement: President OBAMA is not a "natural-born" citizen of the United States; the President is a radical Muslim; the President's Hawaiian Certificate of Live Birth does not prove that he was born in Hawaii; and, President OBAMA is actually a citizen of Indonesia, the United Kingdom, Kenya, or all of the above. For example, Plaintiff STRUNK alleges, in ¶ 24 of the complaint, that President OBAMA:

is a Madrasah trained radical Sunni Muslim by birth right . . . practices

Shariah law . . . with the full knowledge and blessing of Defendants:

Peter G. Peterson; Zbigniew Brzezinski; his sons Mark and Ian; Penny

S. Pritzker; George Soros; Jesuits Fathers: Joseph P. O'Hare, Joseph

P. Parkes; Brennan Center Executive Frederick A. O. Schwarz, Jr.;

Nancy Pelosi, John Sidney McCain III; John A. Boehner; Hillary Clinton;

Richard Durbin and others. [sic]

-9-

Then, in ¶ 28 of the complaint, plaintiff STRUNK alleges that President OBAMA "or his agent(s) as part of the scheme to defraud placed an image of Hawaiian Certification of Live Birth (COLB) on the Interest . . . and as a prima facie fact means the Hawaii issued COLB does not prove 'natural born' citizenship or birth in Hawaii, only a *long form* document would [sic.]"

Plaintiff's alleged vast conspiracy implicates dozens of political and religious figures, as well as the 2008 presidential candidates from both major parties, with numerous absurd allegations.  They range from claiming that an associate at the large law firm of Kirkland and Ellis, LLP masterminded the conspiracy because she wrote a law review article about the U. S. Constitution's natural born citizen requirement for the office of President to the assertion that Islam is a seventh century A.D. invention of the Vatican.  Further, plaintiff STRUNK alleges, in ¶ 129 of the complaint, that he:

is the only person in the USA to have duly *fired fired fired* BHO [President

OBAMA] on January 23, 2009 by registered mail (rendering BHO the

*USURPER* as Plaintiff is entitled to characterize BHO as) on the grounds

that he had not proven himself eligible . . . and all acts by the usurper are

void ab initio – a serious problem! [sic]

Plaintiff's allegations are strongly anti-Catholic, anti-Muslim and xenophobic.  The

complaint weaves the occasional true but irrelevant fact into plaintiff's rambling stream of consciousness.

Moreover, plaintiff STRUNK alleges, in ¶ 22 of the complaint, that defendant Vice President BIDEN knew that President OBAMA was "not eligible to run for president because he is not a Natural-Born Citizen with a British Subject Father with a student visa, however in furtherance of CFR [Council on Foreign Relations] foreign policy initiatives in the mid-east supported Soebarkah [President OBAMA] as a Muslim [sic]."

Also, Plaintiff STRUNK discusses, in the complaint, then-Senator OBAMA's April 2008 co-sponsorship of Senate Resolution 511. This resolved unanimously that Senator MCCAIN, born in 1936 in Panama, while his father was on active duty in the United States Navy at Coco Sola Naval Air Station, is a natural born citizen of the United States. This resolution put to rest questions about Senator MCCAIN'S eligibility to run for President. However, plaintiff STRUNK alleges, in ¶ 43 of the complaint, that Senate Resolution 511 "is part of the scheme to defraud" and "a fraud upon Congress and the People of the several states and territories contrary to the facts." Then, plaintiff STRUNK, in ¶ 44 of the complaint, cites Senate Resolution 511's text as evidence that President OBAMA concedes that the definition of natural born citizenship for President requires both parents of a candidate be U.S. citizens at birth. Further, the complaint

-11-

alleges that JOHN MCCAIN and ROGER CALERO, presidential candidate of the SOCIALIST WORKERS PARTY, were also ineligible, like then-Senator OBAMA, for President because of their failure to qualify under the natural born citizen requirement.

Plaintiff's alleged injury, in ¶ 47 of the complaint, is "[t]hat on November 4, 2008, Plaintiff, as a victim of the scheme to defraud, voted for the electors representing . . . McCain . . . not a natural-born U.S. citizen." Further, in ¶ 49 of the complaint, "as part of the scheme to defraud, Plaintiff voted for Candidate McCain despite the fact that his wife is a most devoted Roman Catholic whose two sons were educated by Jesuit priests."

Plaintiff alleges, in ¶ 51 of the complaint, that Senator MCCAIN, was born in Colon Hospital, Colon, Panama, which was not in the Panama Canal Zone. Further, plaintiff alleges, in ¶ 52 of the complaint, that according to the November 18, 1903 Hay-Bunau Varilla Treaty, by which the United States obtained the Canal Zone, Senator MCCAIN is not a natural-born citizen.

Plaintiff STRUNK, in his final twenty pages of the complaint, alleges that the massive conspiracy to defraud American voters was perpetrated by hundreds of individuals, at the behest of the Roman Catholic Church and especially the Jesuits, with the aim of bringing about the Apocalypse through the destruction of the Al Aqsa Mosque in Jerusalem and the re-building a new Jewish Temple on that site. Among the entities that Plaintiff STRUNK implicates in his alleged conspiracy are: the Muslim Brotherhood;

-12-

the Carlyle Group; the CFR; Halliburton; Kirkland and Ellis, LLP; and, the Brennan

Center for Justice at NYU. For example, in ¶ 91 of the complaint, plaintiff STRUNK

states:

> That members of *the Council on Foreign Relations* including
>
> Peter G. Petersen as then Chairman that act with the Jesuit Order by
>
> the oath of allegiance superior to the United States Constitution, Treaties,
>
> and various States' Constitutions that starting no later than January 2006
>
> sought to usurp the executive branch of government using Barack Hussein
>
> Obama II and John S. McCain III, as a matched set of contenders then
>
> under joint command and control, to preclude any other contender in
>
> preparation for a banking and sub-prime mortgage collapse that requires
>
> subsuming the sovereignty of the people of the united States of America
>
> and New York to International Monetary Fund conditionality with loss of
>
> the dollar reserve currency status, and collapse of the living standards of
>
> the vast majority of the Americans to that of a third world status. [sic]
>
> Plaintiff STRUNK, in ¶ 139 of the complaint, alleges that defendant GEORGE
>
> SOROS "proves his allegiance to Rome by promoting Muslim Brotherhood overt control

-13-

of Egypt . . . We cannot forget that the Jesuits in Cairo created the Muslim Brotherhood in

1928, the same year the Order created Opus Dei in Spain [sic]." Further, plaintiff

STRUNK, in ¶ 145 of the complaint alleges that "Defendants Pritzker and Soros have

managed a crucial role for the Vatican State as a member of the CFR and high level

Freemasonry and in conjunction with King Juan Carlos (the King of Jerusalem) to create

global regionalism that subsumes national sovereignty of the USA and the People of New

York state to the detriment of plaintiff and those similarly situated [sic]."

Eleven defendants or groups of defendants filed motions to dismiss, arguing that

plaintiff STRUNK: lacks standing; failed to state a claim upon which relief can be

granted; failed to plead fraud with particularity; and, is barred by collateral estoppel.

Further, defendants argue that the Court lacks both personal and subject matter

jurisdiction and the instant complaint is frivolous. Plaintiff, in response, filed an affidavit

in opposition to the motions to dismiss and moved to consolidate the instant action with

*Strunk v Paterson, et al*, Index No. 29642/08.

On August 22, 2011, I held oral arguments on the record with respect to the

thirteen instant motions. At the hearing, plaintiff STRUNK agreed with the Court that

President OBAMA, with the release of his long-form Hawaiian birth certificate, was born

in Honolulu, Hawaii [tr., p. 23]. However, plaintiff STRUNK, at tr., pp. 30 - 31, argued

that a "natural born citizen," eligible to run for President of the United States, pursuant to

-14-

Article II, Section 1, Clause 5 of the U.S. Constitution, means that not only the candidate is natural born, but both of the candidate's parents are natural born.

The following exchange at the oral arguments took place, at tr., p. 34, line 25 - p. 35, line 16:

> MR. STRUNK:      My injury, I voted for McCain.
>
> THE COURT:      Is that an injury?
>
> MR. STRUNK:      My injury is he did not challenge Mr. Obama after he went through the whole exercise.
>
> THE COURT:      You're saying he should have challenged Mr. Obama's presidency?
>
> MR. STRUNK:      Absolutely, and the ballot.  The onus is on me because he violated his agreement with me.  You can't challenge the eligibility until he's up to be sworn.  McCain, since everybody in Congress, since they didn't want to know about anything, so it was my responsibility.  I fired him by registered mail within 72 hours.
>
> THE COURT:      I saw your letter that you fired the President. I guess he didn't agree with you because he's still there.

-15-

A discussion ensued as to how plaintiff STRUNK alleges that President OBAMA

is a Muslim [tr., pp. 36 - 38].  The following colloquy took place at tr., p. 37, lines 4 - 8:

> THE COURT:        How could you come to the conclusion that he's

a radical Sunni Muslim?

> MR. STRUNK:        Because that's what his records show and that's

what the testimony of individuals who were in class with him show.

The following portions of the exchange, at tr., p. 39, line 9  - p. 43, line 8

demonstrates the irrational anti-Catholic bias of plaintiff STRUNK:

> THE COURT:        What I find fascinating, first of all you said

there was a connection there where you say Cindy McCain says she's a

Catholic.  I don't know if she is.  I think you said she's Catholic faith,

Cindy McCain.

> MR. STRUNK:        She is the largest distributor of Budweiser.

> THE COURT:        I know that.  That doesn't make her a Catholic

necessarily.

> MR. STRUNK:        It's the connection that counts.  Your don't get

those connections.

-16-

THE COURT: . . . I don't know if the Busch family is Catholic. I don't care.

MR. STRUNK: That's big business.

THE COURT: That's big business selling beer . . . Let's put Anheuser-Busch to the side.

You said she's a Catholic and you get into this whole riff or rant, whatever you want to call it, about the Catholic Church and Father O'Hare, the Vatican. You go on and on about the Vatican . . . but it seems to me you have this theory that everything is a conspiracy and it always falls back to Rome.

MR. STRUNK: That's a matter of public record.

THE COURT: Oh, okay.

MR. STRUNK: What the key is here, Ms. McCain is on the Board of Directors for a Jesuit run school where her children are going to school.

THE COURT: Could very well be. I don't know.

MR. STRUNK: . . . In fact, it turns out in the discovery of the

-17-

connection to the Jesuits it was so compelling that when I started really

digging into the background of this scheme of defraud, putting up two

Manchurian candidates at once, which would take advantage of New

York State's weakness in our law which required honesty.  We require to

have honesty and didn't get it.

THE COURT:      Your case is more *The Da Vinci Code*.

MR. STRUNK:     *The Da Vinci Code* is a phoney book.

THE COURT:      With all due respect to John Frankenheimer,

*The Manchurian Candidate* according to you and the school of the Vatican,

by that way it describes the gist of your argument.

MR. STRUNK:     Frankenheimer?

THE COURT:      He directed the original *Manchurian Candidate*

movie.

MR. STRUNK:     The old?

THE COURT:      With Frank, not Denzel.

MR. STRUNK:     Frankenheimer?

THE COURT:      1962 movie.

-18-

MR. STRUNK:      I was aware of the movie at that point, but - -

THE COURT:      Okay, forget it.

MR. STRUNK:      This is the one with Frank Sinatra?

THE COURT:      And Laurence Harvey.

MR. STRUNK:      The Queen of Diamonds/ Now you've brought - -

THE COURT:      You mentioned *The Manchurian Candidate*. They

have it in the movie.

MR. STRUNK:      I've used it as a pejorative.

THE COURT:      I understand that, and I think that *The Da Vinci

Code*, to make some interesting argument, that's a work of fiction.  At least

I think it's a work of fiction.

MR. STRUNK:      *The Manchurian Candidate* was not a work of

fiction.  The work - - I didn't want to get into this area.

THE COURT:      Let's not get into analogies.  I understand you

have various arguments but it seems to all come back to Rome.

MR. STRUNK:      No, it comes back to New York State and

whether I have standing in the Supreme Court of the State of New York

-19-

on the question of who's going to take responsibility to enforce the law which has not been done.

      THE COURT:     Okay, that's your argument.

### Standard for a motion to dismiss

"When determining a motion to dismiss, *the court must* 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and *determine only whether the facts as alleged fit within any cognizable legal theory*' (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Milstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]) [*Emphasis added*]." (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 570-571 [2005]). Further, the Court, in *Morris v Morris* (306 AD2d 449, 451 [2d Dept 2003]), instructed that:

> In determining whether a complaint is sufficient to withstand a motion
>
> pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the
>
> pleading states a cause of action, and if from its four corners factual
>
> allegations are discerned which taken together manifest any cause of
>
> action cognizable at law a motion for dismissal will fail" (*Guggenheimer*
>
> *v Ginsburg*, 43 NY2d 268, 275 [1977]. *The court* must accept the facts

-20-

alleged in the complaint to be true and *determine only whether the facts alleged fit within any cognizable legal theory* (*see Dye v Catholic Med. Ctr. of Brooklyn & Queens*, 273 AD2d 193 [2000]). *However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference* (*see Doria v Masucci*, 230 AD2d 764 [2000]). [*Emphasis added*]

For a plaintiff to survive a motion to dismiss for failure to state a cause of action, the factual allegations in the claim cannot be "merely conclusory and speculative in nature and not supported by any specific facts." (*Residents for a More Beautiful Port Washington, Inc. v Town of North Hempstead*, 153 AD3d 727, 729 [2d Dept 1989]). "The allegations in the complaint cannot be vague and conclusory." (*Stoianoff v Gahona*, 248 AD2d 525 [2d Dept 1998], *app dismissed* 92 NY2d 844 [1998], *cert denied* by *Stoianoff v New York Times*, 525 US 953 [1998]). (*See LoPresti v Massachusetts Mut. Life Ins. Co.*, 30 AD3d 474 [2d Dept 2006]; *Levin v Isayeu*, 27 AD3d 425 [2d Dept 2006]; *Hart v Scott*, 8 AD3d 532 [2d Dept 2004]).

Plaintiff STRUNK's complaint must be dismissed because the "Court need not, and should not, accept legal conclusions, unwarranted inferences, unwarranted deductions, baseless conclusions of law, or sweeping legal conclusions cast in the form of

-21-

factual allegations. (*Ulmann v Norma Kamali, Inc.*, 207 AD2d 691 [1d Dept 1994]; *Mark*

*Hampton, Inc. v Bergreen*, 173 AD2d 220 [1d Dept 1991])." (*Goode v Charter Oak Fire*

*Ins. Co.*, 8 Misc 3d 1023[A], at 2 [Sup Ct, Nassau County 2005]).  It is clear that the facts

alleged by plaintiff STRUNK do not fit into any cognizable legal theory.

     Plaintiff STRUNK'S complaint is more of a political manifesto than a verified

pleading.  Similar lawsuits challenging the eligibility of President OBAMA and Senator

MCCAIN for the presidency based upon plaintiff's incorrect interpretation of the term

"natural born Citizen" in Article II, Section 1, Clause 5 of the U.S. Constitution have

been dismissed as a matter of law. (*See Drake v Obama*, 664 F 3d 774 [9th Cir 2011];

*Barnett v Obama*, 2009 WL 3861788 [US Dist Ct, CD CA 2009]; *Berg v Obama*, 574 F

Supp 2d 509 [ED Pa 2008], *affd* 586 F3d 234 [3d Cir 2009]; *Robinson v Bowen*, 567 F

Supp 2d 1144 [ND Ca 2008]; *Hollander v McCain*, 566 F Supp 2d 63 [D NH 2008]).

### **Plaintiff STRUNK lacks standing**

     Plaintiff STRUNK lacks standing to sue in state court, having suffered no injury.

"Standing to sue is critical to the proper functioning of the judicial system.  It is a

threshold issue.  If standing is denied, the pathway to the courthouse is blocked.  The

plaintiff who has standing, however, may cross the threshold and seek judicial redress."

(*Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 NY2d 801 812 [2003], *cert*

*denied* 540 US 1017 [2003]).  Professor David Siegel, in NY Prac, § 136, at 232 [4d ed]

-22-

instructs that:

> [i]t is the law's policy to allow only an aggrieved person to bring
>
> a lawsuit . . . A want of "standing to sue," in other words, is just
>
> another way of saying that this particular plaintiff is not involved
>
> in a genuine controversy, and a simple syllogism takes us from there
>
> to a "jurisdictional" dismissal: (1) the courts have jurisdiction only
>
> over controversies; (2) a plaintiff found to lack "standing" is not
>
> involved in a controversy; and (3) the courts therefore have no
>
> jurisdiction of the case when such a plaintiff purports to bring it.

"Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request." (*Caprer v Nussbaum,* 36 AD3d 176, 181 [2d Dept 2006]).  "An analysis of standing begins with a determination of whether the party seeking relief has sustained an injury (*see Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761, 762-773 [1991])." (*Mahoney v Pataki*, 98 NY2d 45, 52 [2002]).  "The Court of Appeals has defined the standard by which standing is measured, explaining that a plaintiff, in order to have standing in a particular dispute, must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law." (*Caprer v Nussbaum* at 183).

-23-

A plaintiff, to have standing, "must allege personal injury fairly traceable to the

defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

(*Allen v Wright*, 468 US 737, 751 [1984]).  If a plaintiff lacks standing to sue, the plaintiff

may not proceed in the action.  (*Stark v Goldberg*, 297 AD2d 203 [1st Dept 2002]).

      Plaintiff STRUNK clearly lacks standing to sue because he cannot establish an

injury in fact.  Plaintiff's claim that his November 2008 vote for Senator MCCAIN for

President was his injury is the type of generalized grievance that is foreclosed by the U.S.

Constitution's particularized injury requirement.  "We have consistently held that a

plaintiff raising only a generally available grievance about government-claiming only

harm to his and every citizen's interest in proper application of the Constitution and laws,

and seeking relief that no more directly and tangibly benefits him than it does the public

at large-does not state an Article III case or controversy." (*Lujan v Defenders of Wildlife*,

504 US 555, 572 [1992]).  "Thus, a private citizen who does not show any special rights

or interests in the matter in controversy, other than those common to all taxpayers and

citizens, has no standing to sue." (*Matter of Meehan v County of Westchester*, 3 AD3d

533, 534 [2d Dept 2004]).  (*See Diederich v Rockland County Police Chiefs' Ass'n*, 33

AD3d 653, 654 [2d Dept 2006]; *Concerned Taxpayers of Stony Point v Town of Stony

Point*, 28 AD3d 657, 658 [2d Dept 2006]).  Plaintiff STRUNK's complaint alleges

nothing more than non-justiciable abstract and theoretical claims.  Therefore, the instant

complaint, failing to state any allegation of a particularized injury, is dismissed with

-24-

prejudice. (*Silver v Pataki* at 539; *Mahoney v Pataki* at 52).

## Plaintiff Strunk's failure to state a cause of action

Alternatively, plaintiff STRUNK's complaint must be dismissed for his failure to state a cause of action. The Court is under no obligation to accept as true plaintiff's complaint, full of legal conclusions and bald assertions cloaked as facts. (*Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818 [2d Dept 2008]). As noted above, in *Morris v Morris* at 451, "bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference." Moreover, plaintiff has failed to plead any facts that fit within any cognizable legal theory. (*Goldman v Metropolitan Life Ins. Co.*, at 570-571).

Further, plaintiff STRUNK's often rambling and almost incomprehensible complaint fails to satisfy the pleading requirements of CPLR §3013 and CPLR Rule 3014. CPLR § 3013 requires statements in a pleading to be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." CPLR Rule 3014 imposes additional pleading requirements that "[e]very pleading shall consist of plain and concise statements in consecutively numbered paragraphs. Each paragraph shall contain, as far as practicable, a single allegation . . . Separate causes of action or defenses shall be separately stated and numbered and may be

-25-

stated regardless of consistency."

In *Sibersky v New York City* (270 AD2d 209 [1d Dept 2000], the Court dismissed an amended petition for its "complete failure to follow the dictates of CPLR 3013 or 3014." The *Sibersky* complaint consisted of "seven pages of single-spaced, unnumbered paragraphs, the import of which is unascertainable," and the Court held that "[p]leadings that are not particular enough to provide the court and the parties with notice of the transaction or occurrences to be proved must be dismissed." Complaints that do not meet the pleading requirements of CPLR § 3013 and CPLR Rule 3014 will be dismissed if "devoid of specific factual allegations" and do not "indicate the material elements of a claim and how they would apply to the case." (*Megna v Becton Dickinson & Co.*, 215 AD2d 542 [2d Dept 1995]). In *Peri v State* (66 AD2d 949 [3d Dept 1979]), *affd* 48 NY2d 734 [1979]), a *pro se* plaintiff's complaint was dismissed for failure to comply with CPLR § 3013. The Court instructed that "[a]t a minimum, a valid complaint must include all material elements of the cause of action."

Plaintiff STRUNK's rambling, forty-five page prolix complaint, with its irrelevant, scatter-shot morass of alleged historical references, virulent anti-Catholic rhetoric and extensive political rant fails to plead his alleged causes of action in a manner that is "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the

-26-

material elements of each cause of action [CPLR § 3013]" and organized in "plain and

concise statements in consecutively numbered paragraphs [CPLR Rule 3014]." "While a

refined and attenuated analysis might arguably spell out a shadow of a cause of action,

neither the defendants nor the trial court should be subject to the difficulties." (*Kent v*

*Truman*, 9 AD2d 649 [1d Dept 1959]). (*See Geist v Rolls Royce Limited*, 18 AD2d 631

[1d Dept 1962]; *Safer Beef Co., Inc. v Northern Boneless Beef, Inc.*, 15 AD2d 479 [1d

Dept 1961]). In a case, such as this one, in which "the amended complaint is prolix,

confusing, and difficult to answer" and the complaint contains "a confusing succession of

discrete facts, conclusions, comments . . . and considerable other subsidiary evidentiary

matter whose relevance to a particular cause of action is frequently obscure . . .

Defendants should not be required to answer such a jumble." (*Rapaport v Diamond*

*Dealers, Club, Inc.*, 95 AD2d 743, 744 [1d Dept 1983]). (*See Etu v Cumberland Farms,*

*Inc.*, 148 AD2d 821, 824 [3d Dept 1989]).

### Plaintiff STRUNK fails to plead fraud with particularity

"The elements of fraud are narrowly defined, requiring proof by clear and

convincing evidence (*cf., Vermeer Owners v Guterman*, 78 NY2d 1114, 1116 [1991])."

(*Gaidon v Guardian Life Ins. Co. of America*, 94 NY2d 330, 349-350 [1999]). Mere

conclusory statements alleging the wrong in the pleadings are insufficient. (*McGovern v*

*Nassau County Dept. of Social Services*, 60 AD3d 1016 [2d Dept 2009]; *Sargiss v*

-27-

*Magarelli*, 50 AD3d 1117 [2d Dept 2008]; *Dumas v Firoito*, 13 AD3d 332 [2d Dept 2004]; *Sforza v Health Ins. Plan of Greater New York*, 210 AD2d 214, 215 [2d Dept 1994]).

    The Appellate Division, Second Department, in *Giurdanella v Giurdanella* (226 AD2d 342, 343 [1996], held that:

> to establish a prima facie case of fraud, the plaintiff must establish
>
> (1) that the defendant made material representations that were false,
>
> (2) that the defendant knew the representations were false and made them
>
> with the intent to deceive the plaintiff, (3) that the plaintiff justifiably
>
> relied on the defendant's representations, and (4) that the plaintiff was
>
> injured as a result of the defendant's representation.

(*See Kerusa Co., LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236 [2009]; *Small v Lorillard Tobacco Co., Inc.* 94 NY2d 43 [1999]; *Channel Master Corp. v Aluminum Limited Sales, Inc.*, 4 NY2d 403 [1958]; *Smith v Ameriquest Mortg. Corp.*, 60 AD3d 1037 [2d Dept 2009]; *Cash v Titan Financial Services, Inc.* 58 AD3d 785 [2d Dept 2009]).

    Plaintiff STRUNK presents in his complaint fraud accusations that can be, at best, described as bare assertions.  He does not allege that he relied upon any statements of defendants and fails to allege that he suffered any pecuniary loss as a result of the

-28-

statements of any defendant. Actual pecuniary loss must be alleged in a fraud action.

(*Dress Shirt Sales, Inc. v Hotel Martinique Assoc.*, 12 NY2d 339, 343 [1963]; *Rivera v Wyckoff Heights Hosp.*, 184 AD2d 558, 561 [2d Dept 1992]). The mere use of the word "fraud" in a complaint is not sufficient to comply with the specific requirements of CPLR § 3016 (b) that fraud be plead with particularity. Therefore, plaintiff STRUNK fails to allege the necessary elements for a fraud cause of action.

### This Court lacks jurisdiction

Plaintiff's complaint essentially challenges the qualifications of both President OBAMA and Senator MCCAIN to hold the office of President. This is a non-justiciable political question. Thus, it requires the dismissal of the instant complaint. "The "nonjusticiability of a political question is primarily a function of the separation of powers." (*Baker v Carr*, 369 US 186, 210 [1962]). Under separation of powers, "[t]he constitutional power of Congress to regulate federal elections is well established." (*Buckley v Valeo*, 424 US 1, 13 [1976]). (*See Oregon v Mitchell*, 400 US 112 [1970]; *Burroughs v United States*, 290 US 534 [1934]). Under New York law, "[t]his judicial deference to a coordinate, coequal branch of government includes one issue of justiciability generally denominated as the 'political question' doctrine." (*Matter of New York State Inspection, Security & Law Enforcement Employees, District Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 239 [1984]).

The framework for the Electoral College and its voting procedures for President

-29-

and Vice President is found in Article II, Section 1 of the U.S. Constitution. This is

fleshed out in 3 USC § 1 *et seq.*, which details the procedures for Presidential elections.

More specifically, the counting of electoral votes and the process for objecting for the

2009 Presidential election is found in 3 USC § 15, as modified by Pub L 110-430, § 2,

122 US Stat 4846. This required the meeting of the joint session of Congress to count the

2008 electoral votes to be held on January 8, 2009. On that day, after the counting of the

Electoral College votes, then-Vice President Dick Cheney made the requisite declaration

of the election of President OBAMA and Vice President BIDEN. (155 Cong Rec H76

[Jan. 8 2009]). No objections were made by members of the Senate and House of

Representatives, which would have resolved these objections if made. This is the

exclusive means to resolve objections to the electors' selection of a President or a Vice

President, including objections raised by plaintiff STRUNK. Federal courts have no role

in this process. Plainly, state courts have no role.

Thus, this Court lacks subject matter jurisdiction to determine the eligibility and

qualifications of President OBAMA to be President, as well as the same for Senator

MCCAIN or ROGER CALERO. If a state court were to involve itself in the eligibility of

a candidate to hold the office of President, a determination reserved for the Electoral

College and Congress, it may involve itself in national political matters for which it is

institutionally ill-suited and interfere with the constitutional authority of the Electoral

College and Congress. Accordingly, the political question doctrine instructs this Court

-30-

and other courts to refrain from superseding the judgments of the nation's voters and those federal government entities the Constitution designates as the proper forums to determine the eligibility of presidential candidates.

Justice Robert Jackson, concurring in *Youngstown Sheet & Tube Co. v Sawyer* (343 US 579, 635 1952], in discussing separation of powers stated that "the Constitution diffuses power the better to secure liberty." Justice Thurgood Marshall, in his majority opinion in *U.S. v Munoz-Flores* (495 US 385, 394 [1990]), on the subject of separation of powers, quoted from Justice Antonin Scalia's dissent in *Morrison v Olson*, 487 US 654, 697 [1988], in which Justice Scalia observed that "[t]he Framers of the Federal Constitution . . . viewed the principle of separation of powers as the absolutely central guarantee of a just Government." This Court will not disrupt the separation of powers as enunciated in the U.S. Constitution and articulated by Justices Jackson, Marshall and Scalia.

Further, plaintiff STRUNK has failed to properly serve defendants, including President OBAMA and Senator MCCAIN, pursuant to the CPLR. With numerous other grounds present for dismissing the instant action, the Court will not elaborate upon how plaintiff STRUNK failed to obtain personal jurisdiction over defendants.

### **Plaintiff STRUNK is precluded by collateral estoppel**

Collateral estoppel or "issue preclusion," as observed by Prof. Siegel, in NY Prac

-31-

§443, at 748-749, [4th ed], "scans the first action and takes note of each issue decided in it. Then if the second action, although based on a different cause of action, attempts to reintroduce the same issue, collateral estoppel intervenes to preclude its relitigation and to bind the party, against whom the doctrine is being invoked, to the way the issue was decided in the first action." In *Ryan v New York Telephone Company* (62 NY2d 494, 500 [1984]), the Court of Appeals, held that "[t]he doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or ***those in privity***, whether or not the tribunals or causes of action are the same [***Emphasis added***]." Two prerequisites must be met before collateral estoppel can be raised. The Court of Appeals, in *Buechel v Bain* (97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]), instructed at 303-304, that:

> There must be an identity of issue which has necessarily been decided
>
> in the prior action and is decisive of the present action, and there
>
> must have been a full and fair opportunity to contest the decision now
>
> said to be controlling (*see, Gilberg v Barnieri*, 53 NY2d 285, 291
>
> [1981]). The litigant seeking the benefit of collateral estoppel must
>
> demonstrate that the decisive issue was necessarily ***decided in the prior***

*action against a party, or one in privity with a party (see, id.).* The

party to be precluded from relitigating the issue bears the burden of

demonstrating the absence of a full and fair opportunity to contest

the prior determination. [*Emphasis added*]

(See *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485 *supra*; *Westchester County Correction Officers Benevolent Ass'n, Inc. v County of Westchester*, 65 AD3d 1226, 1227 [2d Dept 2009]; *Franklin Dev. Co. Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2d Dept 2009]; *Luscher ex. rel Luscher v Arrua*, 21 AD3d 1005 [2d Dept 2005]).

Plaintiff STRUNK litigated many of the issues in the instant action in US District Court, but also in the previously cited *Strunk v Paterson, et al*, Index No. 29642/08, before Justice Schmidt. He acknowledged this, in ¶ 2 of the instant complaint, by stating:

That this complaint is fairly traceable to the events and actions

leading up to the Party primaries during the 2008 election cycle for the

ballot access of the Presidential slates at the November 4, 2008 General

Election as complained of in the related election law case, Strunk v

Paterson, et al. NYS Supreme Court in the County of Kings with

Index No. 29642-08 before the Honorable David I Schmidt of Part 1

-33-

as an election law matter. [sic]

As mentioned above, Justice Schmidt disposed of *Strunk v Paterson, et al*, Index No.

29642/08, on March 14, 2011, by denying all of plaintiff's motions and noting that the

statute of limitations expired to join necessary parties President OBAMA and Senator

MCCAIN. Therefore, collateral estoppel precludes plaintiff STRUNK from pursuing the

instant action.

### Denial of plaintiff's cross-motion to consolidate

Plantiff's cross-motion to consolidate this action with *Strunk v Paterson, et al*,

Index No. 29642/08, and transfer the instant action to Justice Schmidt is denied. Justice

Schmidt, on November 19, 2008, in *Strunk v Paterson, et al*, declined to sign plaintiff

STRUNK's order to show cause to enjoin Governor Paterson from convening New

York's December 2008 meeting of the Electoral College, because "plaintiff is collaterally

estopped." This refers to the Eastern District action dismissed by Judge Ross, in which

she found the complaint frivolous.

After a hiatus of several years, plaintiff STRUNK, by order to show cause,

attempted to amend his complaint. Justice Schmidt, in his January 11, 2011 short-form

order, denied this motion in its entirety.

Then, plaintiff STRUNK moved to reargue. On March 14, 2011, Justice Schmidt,

in a short-form order, denied reargument because plaintiff "failed to join a necessary

-34-

**BIRTHER CONFESSION - DCD 20-cr-165       PAGE 107 of 156**

party President OBAMA and Senator MCCAIN and the statute of limitations to do so expired." Finally, on November 9, 2011, H. William Van Allen, an ally of plaintiff STRUNK, moved to intervene as a plaintiff to challenge President OBAMA's placement on the upcoming 2012 ballot. In his November 22, 2011 short-form order, Justice Schmidt denied Mr. Van Allen's intervention "in all respects." Further, Justice Schmidt held "[t]his is an action that was commenced in 2008 and has remained inactive for several years and it would be improper to allow plaintiff to raise new matters before the Court after the extended period of inactivity."

### Plaintiff's frivolous conduct

"A complaint containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis" and "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." (*Neitzke v Williams*, 490 US 319, 325 [1989]). Plaintiff STRUNK, as cited above, alleges numerous fanciful, fantastic, delusional, irrational and baseless claims about defendants. The U.S. Supreme Court, citing *Neitzke*, held in *Denton v Hernandez* (504 US 25, 32-33 [1992]), that:

A court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 US at 127, 109 S Ct at 1833, a category encompassing allegations that are "fanciful," *id.*, at 325, 109 S Ct at 1831, "fantastic," *id.*, at 328, 109 S Ct at 1833, and

-35-

"delusional," *ibid.* As those words suggest, a finding of factual

frivolousness is appropriate when the facts alleged rise to the level

of the irrational or the wholly incredible.

In *Denton*, the plaintiff alleged that he had been repeatedly raped by a number of

inmates at several different prisons, all using the same *modus operandi.* The Court

concluded that these allegations were "wholly fanciful" and dismissed the claim as

frivolous as a result.  In *Shoemaker v U.S. Department of Justice* (164 F 3d 619, 619 [2d

Cir 1998]), plaintiff alleged that the government and television stations conspired to: "(1)

broadcast information about his feces on national television; and (2) file and publicized

false charges of child abuse against him."  The Court, citing *Neitzke* and *Denton*,

dismissed the action as frivolous because plaintiff's "factual claims are irrational and

incredible."  Another case applying the frivolous standards of *Neitzke* and *Denton* is *Perri*

*v Bloomberg* (2008 WL 2944642 [US Dist Ct, ED NY 2008]), in which plaintiff alleged

that a secret unit of the NYPD was attempting to kill him and his cats.  The Court

dismissed the case, finding that plaintiff's complaint has "a litany of sensational

allegations pertaining not only to the NYPD, but also to various arms of government, both

state and federal.  Accordingly, Perri has not established that he is entitled to a

preliminary injunction, because his allegations of irreparable harm are unsupported and

bizarre."

-36-

Plaintiff STRUNK'S complaint, as well as his opposition to defendants' motions to dismiss, alleges that the correct interpretation of the natural born citizen clause of the U.S. Constitution requires a natural born citizen to have been born on United States soil and have two United States born parents. Despite plaintiff's assertions, Article II, Section 1, Clause 5 does not state this. No legal authority has ever stated that the natural born citizen clause means what plaintiff STRUNK claims it states. "The phrase 'natural born Citizen' is not defined in the Constitution, *see Minor v Happersett*, 88 US 162, 167 [1875]), nor does it appear anywhere else in the document, *see* Charles Gordon, *Who Can Be President of the United States: An Unresolved Enigma*, 28 Md. L. Rev. 1, 5 (1968)." (*Hollander v McCain* at 65). Plaintiff STRUNK cannot wish into existence an interpretation that he chooses for the natural born citizen clause. There is no arguable legal basis for the proposition that both parents of the President must have been born on U.S. soil. This assertion is as frivolous as the multitude of alleged allegations outlined above.

Moreover, President OBAMA is the sixth U. S. President to have had one or both of his parents not born on U.S. soil. Plaintiff STRUNK and his fellow "birthers" might not realize that: both parents of President Andrew Jackson were born in what is now Northern Ireland; President James Buchanan's father was born in County Donegal, Ireland; President Chester A. Arthur's father was born in what is now Northern Ireland;

-37-

President Woodrow Wilson's mother was born in Carlisle, England; and, President

Herbert Hoover's mother was born in Norwich, Ontario, Canada.

Therefore, the prosecution of the instant action by plaintiff STRUNK, with its

fanciful, fantastic, delusional, irrational and baseless claims about defendants appears is

frivolous. 22 NYCRR § 130-1.1 (a) states that "the Court, in its discretion may impose

financial sanctions upon any party or attorney in a civil action or proceeding who engages

in frivolous conduct as defined in this Part, which shall be payable as provided in section

130-1.3 of this Subpart." 22 NYCRR § 130-1.1 (c) states:

conduct is frivolous if:

(1) it is completely without merit in law and cannot be supported by a

reasonable argument for an extension, modification or reversal of existing

law;

(2) it is undertaken primarily to delay or prolong the resolution of the

litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false.

Conduct is frivolous and can be sanctioned, pursuant to 22 NYCRR § 130-1.1 (c), if "it

is completely without merit . . . and cannot be supported by a reasonable argument for an

extension, modification or reversal of existing law." (*Gordon v Marrone,* 202 AD2d 104,

110 [2d Dept 1994] *lv denied* 84 NY 2d 813 [1995]). (*See RKO Properties, Inc. v

Boymelgreen,* 77 AD3d 721 [2d Dept 2010]; *Finkelman v SBRE, LLC,* 71 AD3d 1081 [2d

-38-

Dept 2010]; *Glenn v Annunziata*, 53 AD3d 565, [2d Dept 2008]; *Miller v Dugan*, 27

AD3d 429 [2d Dept 2006]; *Greene v Doral Conference Center Associates*, 18 AD3d 429

[2d Dept 2005]; *Ofman v Campos*, 12 AD3d 581 [2d Dept 2004]).  It is clear that plaintiff

STRUNK's complaint: "is completely without merit in law;" "is undertaken primarily

. . . to harass" defendants; and, "asserts material factual statements that are false."

Several years before the drafting and implementation of the Part 130 Rules for

costs and sanctions, the Court of Appeals (*A.G. Ship Maintenance Corp. v Lezak*, 69

NY2d 1, 6 [1986]) observed that "frivolous litigation is so serious a problem affecting the

proper administration of justice, the courts may proscribe such conduct and impose

sanctions in this exercise of their rule-making powers, in the absence of legislation to the

contrary (*see* NY Const, art VI, § 30, Judiciary Law § 211 [1] [b] )."

Part 130 Rules were subsequently created, effective January 1, 1989, to give the

courts an additional remedy to deal with frivolous conduct.  In *Levy v Carol Management*

*Corporation* (260 AD2d 27, 33 [1st Dept 1999]) the Court stated that in determining if

sanctions are appropriate the Court must look at the broad pattern of conduct by the

offending attorneys or parties.  Further, "22 NYCRR 130-1.1 allows us to exercise our

discretion to impose costs and sanctions on an errant party." (*Levy* at 33).  Moreover,

"[s]anctions are retributive, in that they punish past conduct.  They also are goal oriented,

in that they are useful in deterring future frivolous conduct not only by the particular

parties, but also by the Bar at large." (*Levy* at 34).

-39-

The Court, in *Kernisan, M.D. v Taylor* (171 AD2d 869 [2d Dept 1991]), noted that the intent of the Part 130 Rules "is to ***prevent the waste of judicial resources*** and to deter vexatious litigation and dilatory or malicious litigation tactics (*cf. Minister, Elders & Deacons of Refm. Prot. Church of City of New York v 198 Broadway*, 76 NY2d 411; *see Steiner v Bonhamer*, 146 Misc 2d 10) [*Emphasis added*]." To adjudicate the instant action, with the complaint replete with fanciful, fantastic, delusional, irrational and baseless allegations about defendants, combined with plaintiff STRUNK's lack of standing, the barring of this action by collateral estoppel and the Court lacking personal jurisdiction and subject matter jurisdiction over many of the defendants, is "a waste of judicial resources." This conduct, as noted in *Levy*, must be deterred. In *Weinstock v Weinstock* (253 AD2d 873 [2d Dept 1998]) the Court ordered the maximum sanction of $10,000.00 for an attorney who pursued an appeal "completely without merit," and holding, at 874, that "[w]e therefore award the maximum authorized amount as a sanction for this conduct (*see,* 22 NYCRR 130-1.1) calling to mind that ***frivolous litigation causes a substantial waste of judicial resources*** to the detriment of those litigants who come to the Court with real grievances [*Emphasis added*]." Citing *Weinstock*, the Appellate Division, Second Department, in *Bernadette Panzella, P.C. v De Santis* (36 AD3d 734 [2d Dept 2007]) affirmed a Supreme Court, Richmond County $2,500.00 sanction, at 736, as "appropriate in view of the plaintiff's ***waste of judicial resources*** [*Emphasis added*]."

In *Navin v Mosquera* (30 AD3d 883, 883 [3d Dept 2006]) the Court instructed that

-40-

when considering if specific conduct is sanctionable as frivolous, "courts are required to examine 'whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent' (22 NYCRR 130-1.1 [c])."

Therefore, the Court will examine the conduct of plaintiff STRUNK in a hearing, pursuant to 22 NYCRR § 130-1.1, to determine if plaintiff STRUNK engaged in frivolous conduct, and to allow plaintiff STRUNK a reasonable opportunity to be heard. Further, at the hearing, an opportunity will be given to counsel for defendants to present detailed records of costs incurred by their clients in the instant action.

### Plaintiff precluded from relitigation of the same claims

The Court is concerned that plaintiff STRUNK continues to use the scarce resources of the New York State Unified Court System to fruitlessly pursue the same claims. He is no stranger to litigation in Supreme Court, Kings County, Civil Term. Further, plaintiff STRUNK has had several bites of the same apple in U.S. District Court, which resulted in findings of his engagement in frivolous conduct with, as stated by Judge Ross, complaints that "have contained allegations that have risen to the irrational." The Court should not have to expend resources on the next action by Mr. STRUNK that will be a new variation on the same theme of defendants' alleged misdeeds and misconduct. The continued use of the New York State Unified Court System for the personal pursuit by plaintiff STRUNK of irrational complaints against defendants must cease.

Our courts have an interest in preventing the waste of judicial resources by a party

-41-

who knows that his or lawsuit has no legitimate basis in law or fact and continues to attempt to relitigate resolved claims and issues. (*Martin-Trigona v Capital Cities/ABC, Inc.*, 145 Misc 2d 405 [Sup Ct, New York County 1989]). The Court, in *Sassower v Signorelli* (99 AD2d 358, 359 [2d Dept 1984]), noted that "public policy mandates free access to the courts . . . and, ordinarily, the doctrine of former adjudication will serve as an adequate remedy against repetitious suits." Then, the *Sassower* Court observed, in the next paragraph, that: "[n]onetheless, a litigious plaintiff pressing a frivolous claim can be extremely costly to the defendant and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose (see *Harrelson v United States*, 613 F2d 114)."

*Pro se* litigants whom abuse judicial process have had their access to the courts limited. In *Spremo v Babchik* (155 Misc2d 796 (Sup Ct, Queens County 1996]), the Court, in enjoining a *pro se* litigant from instituting any further actions and proceedings in any court in the New York State Unified Court System, citing *Sassower* and *Kane v City of New York*, 468 F Supp 586 [SD NY 1979], *affd* 614 F2d 1288 [2d Cir 1979]). The *Kane* Court, at 592, held:

> The fact that one appears pro se is not a license to abuse the
>
> process of the Court and to use it without restraint as a weapon of
>
> harassment and libelous bombardment. The injunction herein ordered

-42-

is fully warranted to put an end to such activity . . . Commencement of

action upon action based on the same facts dressed in different garb,

after thrice being rejected on the merits and having been repeatedly

warned that the claims were barred by res judicata, can only be explained

as malicious conduct.

In *Muka v New York State Bar Association* (120 Misc 2d 897 [Sup Ct, Tompkins

County 1983]), a *pro se* plaintiff commenced a fourth unsuccessful lawsuit against the

State Bar Association upon various conspiracy theories. The Court in dismissing the

action, based upon *res judicata,* observed, at 903, that "all litigants have a right to

impartial and considered justice. Insofar as any litigant unnecessarily consumes

inordinate amounts of judicial time and energy, he or she deprives other litigants of their

proper share of these resources. A balance must be kept."

Therefore, plaintiff STRUNK, with his history of abusing the civil justice system,

by bringing *pro se* actions devoid of merit against the same defendants, is precluded from

relitigating the same claims and issues which waste court resources and is enjoined from

bringing any future actions in the New York State Unified Court System against: the

NEW YORK STATE BOARD OF ELECTIONS, JAMES A. WALSH/ Co-Chair,

DOUGLAS A. KELLNER/Co-Chair, EVELYN J. AQUILA/Commissioner, GREGORY

P. PETERSON/Commissioner, Deputy Director TODD D. VALENTINE, and Deputy

-43-

Director STANLY ZALEN; ANDREW CUOMO, ERIC SCHNEIDERMAN, THOMAS

P. DINAPOLI and RUTH NOEMI COLON, in their Official and individual capacity;

Father JOSEPH A. O'HARE, S.J.; Father JOSEPH P. PARKES, S.J.; FREDERICK A. O.

SCHWARZ, JR.; PETER G. PETERSEN; ZBIGNIEW KAIMIERZ BRZEZINSKI;

MARK BRZEZINSKI; JOSEPH R. BIDEN, JR.; BARACK H. OBAMA, NANCY

PELOSI; the DEOMCRATIC STATE COMMITTEE OF THE STATE OF NEW YORK;

the STATE COMMITTEE OF THE WORKING FAMILIES PARTY OF NEW YORK

STATE; ROGER CALERO; the SOCIALIST WORKERS PARTY; IAN J.

BRZEZINSKI; JOHN SIDNEY MCCAIN III; JOHN A. BOEHNER; the NEW YORK

STATE REPUBLICAN STATE COMMITTEE; the NEW YORK STATE COMMITTEE

OF THE INDEPENDENCE PARTY; the STATE COMMITTEE OF THE

CONSERVATIVE PARTY OF NEW YORK STATE; PENNY S. PRITZKER;

GEORGE SOROS; *OBAMA FOR AMERICA*; *OBAMA VICTORY FUND*; *MCCAIN*

*VICTORY 2008*; and *MCCAIN-PALIN VICTORY 2008*; without the prior approval of the

appropriate Administrative Justice or Judge.  The Court instructed, in *Vogelgesang v*

*Vogelgesang* (71 AD3d 1132, 1134 [2d Dept 2010]), that:

> The Supreme Court providently exercised its discretion in enjoining
>
> the appellant from filing any further actions or motions in the . . . action
>
> without prior written approval.  Public policy generally mandates free

-44-

access to the courts (*see Sassower v Signorelli*, 99 AD2d 358, 359

[1984]).  However, a party may forfeit that right if he or she abuses the

judicial process by engaging in meritless litigation motivated by spite or

ill will (*see Duffy v Holt-Harris*, 260 AD2d 595 [2d Dept 1999]; *Shreve v*

*Shreve*, 229 AD2d 1005 [2d Dept 1996]).  There is ample basis in

this record to support the Supreme Court's determination to prevent

the appellant from engaging in further vexatious litigation.

(*See Scholar v Timinsky*, 87 AD3d 577 [2d Dept 2011]; *Dimeryv Ulster Sav. Bank*, 82

AD3d 1034 [2d Dept 2011]; *Capogrosso v Kansas*, 60 AD3d 522 [1d Dept 2009];

*Simpson v Ptaszynska*, 41 AD3d 607 [2d Dept 2007]; *Pignataro v Davis*, 8 AD3d 487 [2d

Dept 2004]; *Cangro v Cangro*, 288 AD2d 417 [2d Dept 2001]; *Mancini v Mancini*, 269

AD2d 366 [2d Dept 2000]; *Braten v Finkelstein*, 235 AD2d 513 [2d Dept 1997]).

## Conclusion

Accordingly, it is

ORDERED, that the motion by counsel for defendants MCCAIN VICTORY 2008,

MCCAIN-PALIN VICTORY 2008 and Senator JOHN MCCAIN, to admit Todd E.

Phillips, Esq., a member in good standing of both the California and District of Columbia

bars, for the instant action *pro hace vice* is granted; and it is further

ORDERED, that the motions to dismiss plaintiff CHRISTOPHER-EARL

-45-

STRUNK's instant complaint by: defendants President BARACK OBAMA, Vice

President JOSEPH BIDEN, OBAMA FOR AMERICA and the OBAMA VICTORY

FUND; defendants MCCAIN VICTORY 2008, MCCAIN-PALIN VICTORY 2008 and

Senator JOHN MCCAIN; defendants MARK BRZEZINSKI and IAN BRZEZINSKI;

defendant Representative NANCY PELOSI; defendant GEORGE SOROS; defendants

THE SOCIALIST WORKERS PARTY and ROGER CALERO; defendant Speaker

JOHN BOEHNER; defendant ZBIGNIEW BRZEZINSKI; defendants Father JOSEPH A.

O'HARE, S.J., Father JOSEPH P. PARKES, S.J. and FREDERICK A. O. SCHWARZ,

JR.; defendant PENNY PRITZKER; and defendant PETER G. PETERSEN; are all

granted, with the instant complaint dismissed with prejudice; and it is further

ORDERED, that the cross-motion of plaintiff CHRISTOPHER EARL-STRUNK

to consolidate the instant action with *Strunk v Paterson, et al*, Index No. 29642/08, before

Justice David Schmidt, is denied; and it is further

ORDERED, that plaintiff CHRISTOPHER EARL-STRUNK is hereby enjoined

from commencing any future actions in the New York State Unified Court System

against: the NEW YORK STATE BOARD OF ELECTIONS, JAMES A. WALSH/ Co-

Chair, DOUGLAS A. KELLNER/Co-Chair, EVELYN J. AQUILA/Commissioner,

GREGORY P. PETERSON/Commissioner, Deputy Director TODD D. VALENTINE,

and Deputy Director STANLY ZALEN; ANDREW CUOMO, ERIC SCHNEIDERMAN,

THOMAS P. DINAPOLI and RUTH NOEMI COLON, in their Official and individual

-46-

capacity; Father JOSEPH A. O'HARE, S.J.; Father JOSEPH P. PARKES, S.J.;

FREDERICK A. O. SCHWARZ, JR.; PETER G. PETERSEN; ZBIGNIEW KAIMIERZ

BRZEZINSKI; MARK BRZEZINSKI; JOSEPH R. BIDEN, JR.; BARACK H. OBAMA,

NANCY PELOSI; the DEOMCRATIC STATE COMMITTEE OF THE STATE OF

NEW YORK; the STATE COMMITTEE OF THE WORKING FAMILIES PARTY OF

NEW YORK STATE; ROGER CALERO; the SOCIALIST WORKERS PARTY; IAN J.

BRZEZINSKI; JOHN SIDNEY MCCAIN III; JOHN A. BOEHNER; the NEW YORK

STATE REPUBLICAN STATE COMMITTEE; the NEW YORK STATE COMMITTEE

OF THE INDEPENDENCE PARTY; the STATE COMMITTEE OF THE

CONSERVATIVE PARTY OF NEW YORK STATE; PENNY S. PRITZKER;

GEORGE SOROS; *OBAMA FOR AMERICA*; *OBAMA VICTORY FUND*; *MCCAIN*

*VICTORY 2008*; and *MCCAIN-PALIN VICTORY 2008*; without prior approval of the

appropriate Administrative Justice or Judge; and it is further

ORDERED, that any violation of the above injunction by CHRISTOPHER-EARL

STRUNK may subject CHRISTOPHER-EARL STRUNK to costs, sanctions and

contempt proceedings; and it is further

ORDERED, that it appearing that plaintiff CHRISTOPHER EARL-STRUNK,

engaged in "frivolous conduct," as defined in the Rules of the Chief Administrator, 22

NYCRR § 130-1.1 (c), and that pursuant to the Rules of the Chief Administrator, 22

NYCRR § 130.1.1 (d), "[a]n award of costs or the imposition of sanctions may be made

-47-

. . . upon the court's own initiative, after a reasonable opportunity to be heard," this Court

will conduct a hearing affording plaintiff CHRISTOPHER EARL-STRUNK "a

reasonable opportunity to be heard" and counsel for all defendants may present to the

Court detailed records of costs incurred by their clients in the instant action, before me in

Part 27, on Monday, May 7, 2012, at 2:30 P.M., in Room 479, 360 Adams Street,

Brooklyn, NY 11201; and it is further

ORDERED, that Ronald D. Bratt, Esq., my Principal Law Clerk, is directed to serve

this order by first-class mail, upon CHRISTOPHER EARL-STRUNK, 593 Vanderbilt

Avenue, # 281, Brooklyn, New York, 11238 and upon counsel for all defendants in this

action.

This constitutes the Decision and Order of the Court.

E N T E R

HON. ARTHUR M. SCHACK
J. S. C.

HON. ARTHUR M. SCHACK J.S.C

-48-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.                                              Criminal Action No. 20-165-JEB

KEVIN CLINESMITH,

Defendant.
_____

CHRISTOPHER EARL STRUNK, EXECUTOR AND SETTLOR FOR THE EXPRESS
DEED IN TRUST TO THE UNITED STATES OF AMERICA, MAKES THIS BIRTHER
CONFESSION AS TO OUTRAGEOUS ACTS OF FACTITIOUS DISORDER IMPOSED
ON ANOTHER, IN LIEU OF EQUAL TREATMENT OF A 18 USC §1001 CURE TO
CONVICT SENIOR EXECUTIVE SERVICE SCAPEGOAT DEFENDANT ALSO
KNOWN AS KEVIN CLINESMITH, PROFFERS THE CRIMINAL ACCESSORY
INFORMATION EXPERTISE AND INSIGHT FOR JAMES EMANUEL BOASBERG'S
SECRET SOCIETY LIES AND CONCEALMENT IN U.S. SENATE CONFIRMATION

# EXHIBIT 4



[Reproduced for educational purposes only. Fair Use relied upon.]

Tri-Valley Office
http://www.acgov.org/auditor/clerk/bdm/Birth.htm online order

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF ALAMEDA

This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Alameda County Clerk-Recorder.

DATE ISSUED    MAR 10 2019

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Clerk-Recorder.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

000017032

Melissa Wilk
**COUNTY CLERK-RECORDER**

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

OFFICE OF CLERK-RECORDER

# COUNTY OF ALAMEDA
### OAKLAND, CALIFORNIA

## INFORMATIONAL - NOT A VALID
## DOCUMENT TO ESTABLISH IDENTITY

### AFFIDAVIT TO CORRECT A RECORD

| STATE FILE NO. | 64-295984 | [X] BIRTH [ ] DEATH [ ] MARRIAGE | REGISTRATION DISTRICT NO. | 6015 | REGISTRAR'S NUMBER | 15328 |

**REGISTRANT INFORMATION**
BILL AS RECORDED ON RECORD

| 1a. FIRST NAME | 1b. MIDDLE NAME | 1c. LAST NAME |
| KAMALA | IYER | HARRIS |

| 2. PLACE OF OCCURRENCE—CITY OR COUNTY | 3. DATE OF EVENT | 4. DATE ORIGINAL FILED |
| Oakland | October 20, 1964 | November 5, 1964 |

| 5. NAME OF FATHER | 6. MAIDEN NAME OF MOTHER |
| Donald Jasper Harris | Gopalan Shyamala |

**STATEMENT OF CORRECTIONS**

| 7. | 8a. FACTS EXACTLY AS STATED ON THE ORIGINAL RECORD | 8b. FACTS AS THEY SHOULD HAVE BEEN STATED ON THE ORIGINAL AT THE TIME OF OCCURRENCE. |
| 1B. | Iyer | DEVI |

**WHY IS CHANGE NECESSARY?** 9. To correct middle name of child.

| AGE OF AFFIANT | 26 |
| ADDRESS OF AFFIANT—STREET ADDRESS | 2631 Regent St., apt 5 |
| ADDRESS OF AFFIANT—CITY AND STATE | Berkeley-4, California |

| AGE OF AFFIANT | 26 |
| ADDRESS OF AFFIANT | 2631 Regent St. Berkeley, Cal. |

| STATE REGISTRAR | DATE ACCEPTED AND FILED | FEB 18 1965 |

[Reproduced for educational purposes only. Fair Use relied upon.]

Tri-Valley Office
http://www.acgov.org/auditor/clerk/bcm/Birth.htm online order

CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF ALAMEDA

This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Alameda County Clerk-Recorder.

DATE ISSUED   MAR 10 2019

000017031

Melissa Wilk
Melissa Wilk
COUNTY CLERK-RECORDER

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Clerk-Recorder.