**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| Defendant-Intervenors, | § | |
| | § | |
| and | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenor. | § | |

## PEREZ DEFENDANT-INTERVENORS' OPPOSED MOTION TO COMPEL AND EXTEND DISCOVERY PERIOD, OR IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE

Pursuant to F.R.C.P. 37(a)(3)(B), Defendant-Intervenors Karla Perez, *et al.* ("Defendant-Intervenors") respectfully request that the Court compel Plaintiffs to respond to certain discovery requests made by Defendant-Intervenors and to extend the discovery deadline until a date following Plaintiffs' compliance.  In the alternative, Defendant-Intervenors respectfully request

1

that the Court exclude Plaintiffs' evidence purporting to show expenditures by Arkansas to provide social services to DACA recipients. [1]

## I.        STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Thus far in the case, Plaintiff States have been unable to produce evidence supporting their contention that they expend funds on DACA recipients.  Dkt. No. 104 and Dkt. No. 356. However, such evidence is critical to show standing to sue and define the scope of a remedy, if any is warranted.

In response to a declaration offered by Arkansas and asserting that it has expended state funds on Medicaid services to DACA recipients, Defendant-Intervenors took the deposition of the declarant Ms. Mary Franklin, Arkansas Director of the Division of County Operations for the Arkansas Department of Human Services on September 18, 2019.   Ms. Franklin was unable to answer a number of Defendant-Intervenors' specific questions about state expenditures on DACA recipients, including questions about the amount of state expenditures, if any.

In August and September 2020, Defendant-Intervenors propounded additional discovery requests on Plaintiffs related to Arkansas' assertions and noticed a deposition of Arkansas pursuant to F.R.C.P.  30(b)(6).  Defendant-Intervenors attached a detailed schedule to the deposition notice setting out Defendant-Intervenors' specific questions on the topic of state expenditures on DACA recipients.  *See* Exhibit A.

---

[1] Defendant-Intervenors are aware of this Court's local rule requiring that "[a]ny party wishing to raise disputed discovery or other pretrial matters must arrange for a conference with the Court before filing any motion, brief, or accompanying material." LR 8(A). However, Defendant-Intervenors did not have sufficient time following the deposition on October 5, 2020 and today's late document production to email the case manager in order to arrange a pre-motion conference. In order to preserve the issue and file a timely motion to compel, Defendant-Intervenors file this motion without a pre-motion conference. *See Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 661 (S.D. Tex. 2009) ("In determining whether a motion to compel has been timely filed, most courts look to the discovery deadline and not the motion-filing deadline." (Citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397–98 (N.D.Tex.2006)). Defendant-Intervenors will email the case manager after filing this motion to arrange a pre-motion conference with the Court and opposing counsel.

Plaintiffs' 30(b)(6) witnesses, who testified on October 5, 2020[2], could not provide testimony in response to Defendant-Intervenors' noticed topics 1, 3, 4, 5, 6, 8 and 16. *Id.* In addition, Plaintiffs did not respond to Defendant-Intervenors' requests for production No. 13 and 16 until the evening of the filing of this motion when they disclosed an assortment of emails and charts that do not correspond to the statements in Ms. Franklin's declaration and contain redactions that prevent Defendant-Intervenors from ascertaining if the documents are responsive. *See* Exhibit B; Exhibit E; and Exhibit G.

In an excess of caution, and to preserve their ability to obtain the information they need to address Plaintiffs' allegations of harm, Defendant-Intervenors file this motion requesting two alternative forms of relief. The issue presented is whether, in light of Plaintiffs' failure to respond to certain discovery requests, the Court should compel Plaintiffs to respond and extend the discovery deadline. *See* Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(c)(1)(A); and Fed. R. Civ. P. 16(b)(4. This motion also requests, in the alternative, that the Court exclude Plaintiffs' evidence purporting to show that Arkansas has expended state funds on DACA recipients.

## II.   SUMMARY OF THE ARGUMENT

Despite Defendant-Intervenors' diligence, Plaintiffs have failed to respond to a number of Defendant-Intervenors' discovery requests – specifically discovery requests related to the contention by Arkansas that it has expended state funds on DACA recipients. As a result, an order compelling Plaintiffs to produce the requested discovery is appropriate, along with an extension of the discovery deadline to allow Defendant-Intervenors to obtain and incorporate the discovery into their response to Plaintiffs' motion for summary judgment. In addition to failing

---

[2] When Plaintiffs could not provide their Arkansas Rule 30(b)(6) witnesses before the original September 30, 2020 close of discovery, the parties negotiated a later deposition date and the Court extended the discovery deadline to today, October 7, 2020.  Dkt. No. 482.

to produce requested documents on a timely basis and before the Rule 30(b)(6) deposition, Plaintiffs also failed to produce a witness that can testify to key topics at issue in this matter. The discovery sought by Defendant-Intervenors is proportional to the needs of the case. Plaintiffs' sole access to the requested information weighs strongly in favor of compelling discovery.  *See* Fed. R. Civ. P. 26(b)(1).  Without Plaintiffs' cooperation in producing the discovery Defendant-Intervenors seek, Defendant-Intervenors have no recourse, as no other party in this litigation has access to this information.

In the alternative, the Court should exclude Plaintiffs' evidence purporting to show that Arkansas expends state funds on DACA recipients.  After failing to respond to discovery requests seeking to ascertain how much money, if any, Arkansas spends on DACA recipients, as well as requests seeking to ascertain whether the beneficiaries in question were actually DACA recipients, Plaintiffs should not now be allowed to take advantage of the evidentiary vacuum they themselves created.  As a sanction for failing to produce documents or a witness that could respond to Defendant-Intervenors' requests, Plaintiffs States' evidence should be excluded.

## III.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

*Requests for Production*

On August 31, 2020, Defendant-Intervenors propounded their Seventh Set of Discovery Requests on Plaintiffs.  *See* Exhibit C.  In those discovery requests, Defendant-Intervenors requested, among other things, documents showing the amount of money, if any, that Arkansas expended on delivering social services to DACA recipients.  *Id.*

On September 30, 2020, the day the discovery responses were due, counsel for Plaintiffs emailed Plaintiffs' Objections and Responses.  *See* Exhibit E and Exhibit B.  In the email, counsel for Plaintiff also stated, "Due to the COVID-19 crisis, the Arkansas Department of

4

Human Services is still in the process of compiling the documents responsive to Requests for Production No. 13 and 16.  We hope to have those documents to you this week." *See* Exhibit E. Plaintiffs disclosed no documents that week.

Only after Defendant-Intervenors sought to confer with Plaintiffs on a motion to compel did Plaintiffs disclose any additional documents.  This evening, as Defendant-Intervenors prepared this motion, Plaintiffs emailed emails and charts purporting to respond to the requests for production but which, on their face, do not correspond to the declaration of Ms. Mary Franklin and also contain redactions that prevent Defendant-Intervenors from ascertaining whether the documents are responsive to the requests for production.

### *Fed. R. Civ. P. 30(b)(6) Deposition*

On September 15, 2020, Defendant-Intervenors served Plaintiffs with a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6).  *See* Exhibit D.  The notice set a deposition date of September 28, 2020.  A week later, on September 23, 2020, counsel for Plaintiffs emailed counsel for Defendant-Intervenors and stated that Plaintiffs would not be able to produce a witness on the scheduled deposition date of September 28, 2020.  Counsel for Plaintiffs offered two dates after the close of discovery – October 5 and October 7.  Counsel for Defendant-Intervenors responded and said they could take the 30(b)(6) deposition on October 5, 2020 if counsel for Plaintiffs agreed to move the Court to extend the discovery deadline by one week. Counsel for Plaintiffs did not agree to this proposal.

On the morning of September 28, 2020, counsel for Plaintiffs emailed to confirm the availability of their witness on October 5, 2020 and to oppose any extension of the discovery deadline.  Counsel for Defendant-Intervenors then took a certificate of non-appearance at the time of the originally-scheduled deposition and re-noticed the deposition for October 5, 2020.

*See* Exhibit B.  On September 30, 2020, Defendant-Intervenors moved to extend the deadlines in this case by one week.  *See* Dkt. 480.  The Court granted that motion.  *See* Dkt. 482.

On October 5, 2020, Defendant-Intervenors took the deposition of the two witnesses presented by Plaintiffs -- Janet Mann and Mary Franklin.[3]  Before the deposition, counsel for Plaintiffs stated that Ms. Franklin would testify on topics 1-8 and 10-17 in Defendant-Intervenors' Schedule A and Ms. Mann would testify on topic 9.  *See* Exhibit F.  At the deposition, Ms. Franklin testified that she lacked the knowledge and information necessary to testify on topics 1, 3, 4, 5, 6, 8 and 16 in Defendant-Intervenors' Schedule A.  *See* Exhibit A.  Ms. Mann testified only on topic 9.

As of this date, there are four important and fast-approaching deadlines in the case.  The discovery deadline is today.  Plaintiffs have leave to refile their motion for summary judgment incorporating any additional arguments on October 9, 2020.  Defendant-Intervenors, Defendant-Intervenor New Jersey, and Federal Defendants must respond to the motion for summary judgment on November 6, 2020, and parties may file any replies by November 13, 2020.

## IV.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26, Defendant-Intervenors are entitled to discovery that is relevant to their claims so long as the materials are not privileged and are proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Discovery rules "are to be accorded a broad and liberal treatment." *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964).  This

---

[3]  Defendant-Intervenors previously deposed Mary Franklin on September 18, 2019.  Both in 2019 and 2020, Ms. Franklin was unable to provide specific information on how DACA recipients are coded in the state's Medicaid eligibility system, was unable to say whether individuals who received Medicaid services were DACA recipients at the time of service, and was unable to say how much, if any, state money Arkansas spent on providing services to DACA recipients.

Court "has broad discretion in discovery matters." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989).

Pursuant to Rule 30, Defendant-Intervenors may depose Plaintiffs without leave of court. *See* Fed. R. Civ. P. 30(a)(1). "Courts construe discovery rules liberally to serve the purposes of discovery:  providing parties with information essential to the proper[] litigation of all relevant facts, eliminating surprise, and promoting settlement." *Kinney v. Select Portfolio Services*, No. 2:15-CV-68, 2015 WL 7871044, at *2 (S.D. Tex. Dec. 3, 2015) (internal quotations omitted).

A party seeking to resist discovery bears the burden of showing specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding conclusory recitation of burdensomeness, relevancy, and overbreadth inadequate); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (stating that the Fifth Circuit does not employ a burden shifting approach; the burden of resisting discovery remains on the party opposing discovery at all times).

If a party fails to answer an interrogatory or fails to produce documents, the aggrieved party may move for an order to compel discovery from the Court under Rule 37.  *See* Fed. R. Civ. P. 37(a)(3)(B).  For purposes of Rule 37, an evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.  *See* Fed. R. Civ. P. 37(a)(4). Failure to produce discovery is "not excused on the ground that discovery was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).  Rule 37 allows for sanctions for a party's failure to provide discovery, which include excluding evidence.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

The Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990). "A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir.2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir.2010) (internal quotation marks and citation omitted).

## V.     ARGUMENT

### 1.     An Order Compelling Plaintiffs to Produce Evidence Requested by Defendant-Intervors and Extending Discovery Deadline is Necessary.

Plaintiffs were required to produce documents in response to Defendant-Intervenors' requests for production number 13 and 16 on September 30, 2020. Plaintiffs failed to produce the documents when they were due and then failed to produce the documents last week after promising to try to meet that later deadline. This evening, after Defendant-Intervenors notified Plaintiffs of their intent to file this motion, Plaintiffs emailed emails and charts purporting to respond to the requests for production but which, on their face, do not correspond to the declaration of Ms. Mary Franklin and also contain redactions that prevent Defendant-Intervenors from ascertaining whether the documents are responsive to the requests for production. As a

result, a motion to compel is necessary for Defendant-Intervenors to obtain the requested discovery.

In addition, in the Rule 30(b)(6) deposition, Plaintiffs failed to produce a witness who could testify on topics 1, 3, 4, 5, 6, 8 and 16 in Defendant-Intervenors' Schedule A. Plaintiffs neither sought protection from nor objected to the topics.  Furthermore, Plaintiffs stated prior to the deposition that Ms. Franklin would testify to those topics although once in the deposition Ms. Franklin said she could not. Plaintiffs' failure to timely disclose their latest documents also foreclosed Defendant-Intervenors from asking questions about the documents in the Rule 30(b)(6) deposition.

Because today is the discovery deadline, Defendant-Intervenors cannot reasonably obtain the discovery they seek by the close of discovery.  For that reason, an extension of the discovery deadline, in addition to an order compelling discovery, is appropriate.

Here, an extension of the discovery deadline to a date following Plaintiffs' compliance with the order to compel will not prejudice any of the parties because the extension will not shorten any party's briefing deadline, in fact, it will extend it, and will allow Plaintiffs to gather the documents and witnesses responsive to Defendant-Intervenors' requests.

2. **In the Alternative, Purported Evidence Regarding Plaintiff Arkansas' Expenditures on DACA Recipients Should be Excluded due to Plaintiffs' Failure to Cooperate in Discovery.**

In the alternative, Plaintiffs' purported evidence of Arkansas' expenditures on DACA recipients should be excluded as a sanction for Plaintiffs' failure to produce responsive documents and witnesses.  Because Plaintiffs failed to provide information responsive to Defendant-Intervenors' requests related to how much money Arkansas spent on DACA recipients, how Arkansas identifies DACA recipients among its social services recipients, and

whether the claimed Medicaid services were in fact delivered to DACA recipients, Arkansas should not be allowed to rely on its conclusory assertions that it expends state funds on DACA recipients or offer testimony by Ms. Franklin to that effect.

The Fifth Circuit has employed a four-factor test, based on Rule 37, to determine whether exclusion of damages evidence is the appropriate sanction in a case. *See Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 401–02 (5th Cir.2003).  These factors are (1) the party's explanation for its failure to disclose the information timely; (2) prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *Id.*

Plaintiffs did not provide an explanation for Ms. Franklin's failure to testify on topics 1, 3, 4, 5, 6, 8 and 16 in Defendant-Intervenors' Schedule A.  Defendant-Intervenors attempted to obtain the information they sought by deposing Ms. Franklin twice, in 2019 and 2020.  Both times, Ms. Franklin was unable to provide specific information on how DACA recipients are coded into the state's Medicaid eligibility system, was unable to say whether individuals who received Medicaid services were DACA recipients at the time of service, and was unable to say how much, if any, state money Arkansas spent on providing services to DACA recipients. Defendant-Intervenors further sought to answer their questions through requests for production 13 and 16 but Plaintiffs' last-minute and redacted disclosures do not respond to these requests.

## VI.   CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that this Court grant their motion, compel Plaintiffs to respond to their discovery requests and extend the discovery deadline, or, in the alternative, exclude Plaintiffs' purported evidence of Arkansas Medicaid expenditures on DACA recipients.

Dated: October 7, 2020                    Respectfully submitted,

                                          **MEXICAN AMERICAN LEGAL**
                                          **DEFENSE AND EDUCATIONAL FUND**

                                          By:  */s/ Nina Perales*
                                          Nina Perales (Tex. Bar No. 24005046);
                                          (SD of Tex. Bar No. 21127)
                                          Attorney-in-Charge
                                          Email: nperales@maldef.org
                                          Ramon A. Soto (Tex. Bar No.
                                          24118927)
                                          (SD of Tex. Bar No. 3440787)
                                          Email: rsoto@maldef.org
                                          110 Broadway, Suite 300
                                          San Antonio, Texas 78205
                                          Phone:  (210) 224-5476
                                          Facsimile:  (210) 224-5382

                                          **ROPES & GRAY LLP**
                                          Douglas H. Hallward-Driemeier
                                          2099 Pennsylvania Ave NW
                                          Washington, DC 20006-6807
                                          (202) 508-4600
                                          (202) 508-4776 (direct dial)
                                          Douglas.Hallward-
                                          Driemeier@ropesgray.com
                                          (Admitted pro hac vice)

                                          **GARCÍA & GARCÍA,**
                                          **ATTORNEYS AT LAW P.L.L.C.**
                                          Carlos Moctezuma García
                                          (Tex. Bar No. 24065265)
                                          (SD of Tex. Bar No. 1081768)
                                          P.O. Box 4545
                                          McAllen, TX 78502
                                          Phone: (956) 630-3889
                                          Facsimile: (956) 630-3899
                                          Email: cgarcia@garciagarcialaw.com

                                          Attorneys for Defendant-Intervenors

## CERTIFICATE OF CONFERENCE

I certify that on October 7, 2020, I emailed Todd Disher, counsel for Plaintiffs, Jeffrey Robins, counsel for Federal Defendants, and Mayur Saxena, counsel for Defendant-Intervenor New Jersey regarding the relief requested in this motion. On October 7, 2020, counsel for Plaintiffs responded by saying they would produce additional documents later that day and suggested further discussions regarding whether there is any additional information they can provide. Counsel for Federal Defendants and Defendant-Intervenor New Jersey did not respond prior to the filing of this motion.  In an excess of caution, Defendant-Intervenor styled this motion as opposed.

*/s/ Nina Perales*
Nina Perales


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 7th day of October 2020, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales