EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, )<br><br>*Plaintiffs,* )<br><br>*v.* )<br><br>UNITED STATES OF AMERICA, *et al.*, )<br><br>*Defendants,* )<br><br>*and* )<br><br>KARLA PEREZ, *et al.*, )<br><br>*Defendant-Intervenors.* ) | Case No. 1:18-cv-00068 |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SEVENTH SET OF DISCOVERY REQUESTS

TO:   Defendant-Intervenors, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, Texas 78205.

Plaintiff States serve these objections and responses to Defendant-Intervenors' first set of requests for admissions and seventh set of interrogatories and requests for production of documents pursuant to the Federal Rules of Civil Procedure.

September 30, 2020

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

LYNN FITCH
Attorney General of Mississippi

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Deputy Chief, Special Litigation Unit
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
P.O. Box 12548
Austin, Texas 78711-2548
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov

ADAM ARTHUR BIGGS
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on September 30, 2020, I served a copy of this document by electronic mail to all counsel listed below:

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway
Suite 300
San Antonio, Texas 78205
nperales@maldef.org

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

Jeremy E. Hollander
Office of the Attorney General of New Jersey
124 Halsey Street, 5th Floor
Newark, NJ 07101
Jeremy.Hollander@law.njoag.gov

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Deputy Chief, Special Litigation Unit
Office of the Attorney General of Texas

**COUNSEL FOR PLAINTIFF STATES**

## **GENERAL OBJECTIONS**

Plaintiffs object to the extent that any of Defendant-Intervenors' requests are not proportional to the needs of the case, outside the scope of discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendant-Intervenors through third-party discovery requests or other sources.

Additionally, Plaintiffs object to each discovery request to the extent that: (1) it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity; (2) it seeks information that is publicly available or otherwise equally available or uniquely or equally available from third parties; (3) it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (4) it seeks information not relevant to the subject matter of this litigation.

Plaintiffs object to each discovery request to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Many of the requests seek information from individuals or entities who are not parties to this lawsuit and are not under the direction and control of the parties. Those requests are subject to the rules governing third-party discovery.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information

requested. All answers are given without prejudice to Plaintiffs' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Plaintiffs will provide their responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiffs object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiffs will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

### <u>SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' FIRST SET OF REQUESTS FOR ADMISSIONS</u>

### <u>REQUEST FOR ADMISSION NO. 1:</u>

Please admit that the terms "Deferred Action" or "Deferred Action status" as used in Exhibit A are not limited to Deferred Action for Childhood Arrivals.

### <u>RESPONSE:</u>

Deny.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SEVENTH SET OF INTERROGATORIES

**INTERROGATORY NO. 25:**

Please identify the amount of state funds expended by Plaintiff Arkansas on each individual listed in Exhibit B and each individual identified in the response to RFP 13, and provide the beginning and end dates for the time period in which the funds were expended on each individual.

**RESPONSE:**

Subject to and without waiving Plaintiffs' objections, this information has, in part, been previously produced and, in part, is being provided in a document produced in response to Request for Production No. 13.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT-INTERVENORS' SEVENTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 11**

For each individual listed in Exhibit B, please produce the documentation, including but not limited to screen images, provided by the federal Hub on which Arkansas relies to conclude that individual is a recipient of DACA.

**RESPONSE:**

Plaintiff States object that this request is not proportional to the needs of the case, unduly burdensome, and available from a less burdensome source. The requested information is not kept in the ordinary course of business in such a way that it can be readily produced. It would require going to through each individual file to take a screen shot of the relevant field. Further, that relevant field says nothing more than "DACA – Employment Authorized," *see* Ex. A (sample), and that field is auto-populated by information received from the federal Hub. Defendant-Intervenors have noticed the deposition of an organization representative to provide an explanation of how this process works, and that deposition is set for October 5, 2020.

**REQUEST FOR PRODUCTION NO. 12**

For each individual listed in Exhibit B, please produce a copy of the Employment Authorization Document of that individual.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiff States respond that no such information is in their possession, custody, or control, and that the requested information is not kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 13**

Please produce documents showing, for each DACA recipient that Arkansas claims received state-funded services from September 19, 2019 to the present, the type of services rendered and the costs to the State of Arkansas for each individual.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiff States will produce non-privileged information that is responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**

For each individual identified in the response to RFP 13, please produce the documentation, including but not limited to screen images, provided by the federal Hub on which Arkansas relies to conclude that individual is a recipient of DACA.

**RESPONSE:**

Plaintiff States object that this request is not proportional to the needs of the case, unduly burdensome, and available from a less burdensome source. The requested information is not kept in the ordinary course of business in such a way that it can be readily produced. It would require going to through each individual file to take a screen shot of the relevant field. Further, that relevant field says nothing more than "DACA – Employment Authorized," *see* Ex. A, and that field is auto-populated by information received from the federal Hub. Defendant-Intervenors have noticed the deposition of an organization representative to provide an explanation of how this process works, and that deposition is set for October 5, 2020.

**REQUEST FOR PRODUCTION NO. 15**

For each individual identified in the response to RFP 13, please produce a copy of the Employment Authorization Document of that individual.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiff States respond that no such information is in their possession, custody, or control, and that the requested information is not kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 16**

Please produce each document or other evidentiary material you identified in any of your responses to Defendant-Intervenors' Request for Admission No. 1 and Interrogatory No. 25.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiff States will produce non-privileged information that is responsive to this request.

## REQUEST FOR PRODUCTION NO. 17

Please produce each document or other evidentiary material containing information relied upon by Plaintiffs in Exhibit B.

## RESPONSE:

Subject to and without waiving their objections, Plaintiff States already produced the non-privileged information that is responsive to this request.

# Exhibit A

