# Exhibit 7



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of the Director (MS 2000)*
Washington, DC 20529-2000

JUN 29 2016

The Honorable Charles E. Grassley
Chairman
Committee on the Judiciary
United States Senate
Washington, DC 20510

Dear Chairman Grassley:

    Thank you for your March 2, 2016 letter. Secretary Johnson asked that I respond on his behalf.

    U.S. Citizenship and Immigration Services (USCIS) appreciates the opportunity to respond to your questions about immigration parole authority and advance parole as it may relate to individuals who have been granted Deferred Action for Childhood Arrivals (DACA).

    As this Administration previously emphasized, neither deferred action nor advance parole creates "a path to citizenship." Only individuals who qualify to be classified as an immigrant under the Immigration and Nationality Act (INA) are eligible for lawful permanent residence. The most common basis for such an immigrant classification is a specified family relationship or employment qualification. Obtaining deferred action or advance parole does not alter the requirement that an alien must meet all existing requirements to be classifiable as an immigrant and all other requirements for admissibility.

    In your letter, you requested information regarding the population of DACA recipients who have received advance parole. According to USCIS electronic records, of the 713,300 individuals granted DACA through December 31, 2015, a total of 22,340 were subsequently approved for advance parole based on their submission of a separate advance parole request. This calculation is based on our identification of a common A-number associated with both the DACA and advance parole records. From among the 713,300 individuals who have been granted DACA, USCIS electronic records indicate that fewer than one percent were subsequently granted advance parole and also applied for adjustment of status—a total of 5,068. As of December 31, 2015, of those 5,068, a total of 2,994 have been approved for adjustment of status. The 2,994 constitutes less than one-half of one percent of the 713,300 DACA recipients.

    It is important to note that some among the group of 2,994 DACA recipients who were approved for advance parole and who were subsequently granted adjustment of status may have been otherwise eligible for adjustment of status regardless of the grant of advance parole. For example, if a DACA recipient had been previously admitted (or paroled) into the United States and subsequently fell out of status, he or she would already meet the inspection and admission

www.uscis.gov

**App. 275**

The Honorable Charles E. Grassley
Page 2

(or parole) requirements of INA § 245(a) for adjustment of status. A subsequent parole into the United States would not affect that eligibility. It would be cost prohibitive and significantly burdensome to conduct a manual analysis of each of these files to identify such cases.

Without a manual review of each case, USCIS could not electronically determine which DACA recipients among the 2,994 who were approved for adjustment of status and who had applied for and received advance parole, actually traveled abroad, returned, and were paroled into the United States upon return. When an individual applies for adjustment of status, USCIS verifies on a manual, case-by-case basis whether the adjustment applicant has been inspected and admitted or paroled into the United States based on the evidence presented, such as a stamped parole document, and/or the review of the Department's records of that applicant.

Thank you again for your letter and interest in this important issue. Senator Lee, who co-signed your letter, will receive a separate, identical response. Should you wish to discuss this matter further, please do not hesitate to contact me.

Respectfully,

León Rodríguez
Director

**App. 276**