# Exhibit 25

# Transcript of the Testimony of
# Ray Perryman

**Date:**

June 27, 2018

**Case:**

STATE OF TEXAS vs UNITED STATES of AMERICA

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE SOUTHERN DISTRICT OF TEXAS
 3                     BROWNSVILLE DIVISION
 4
 5   STATE OF TEXAS,                        )
 6         Plaintiffs,                      ) Case No.
 7         vs.                              ) 1:18-cv-00068
 8   UNITED STATES OF AMERICA, et al.,      )
 9         Defendants,                      )
10         and                              )
11   KARLA PEREZ, et al.,                   )
12         Defendant-Intervenors.           )
13   ------------------------------------------------
14                     ORAL DEPOSITION OF
15                        RAY PERRYMAN
16                  Wednesday, June 27, 2018
17   ------------------------------------------------
18         Oral deposition of RAY PERRYMAN, produced as
19   a witness at the instance of the Plaintiff States, and
20   duly sworn, was taken in the above-styled and numbered
21   cause on the 27th day of June, 2018, from 2:00 p.m. to
22   4:44 p.m., before Deborah L. Endler, Notary Public in
23   and for the State of Texas, reported by stenographic
24   means, at the offices of the Attorney General, 300
25   West 15th Street, 11th Floor, Austin, Texas 78701,
```

Ray Perryman                                                    June 27, 2018
Page 2

1  pursuant to the Federal Rules of Civil Procedure and
2  the provisions stated on the record or attached
3  hereto.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1              A P P E A R A N C E S
 2   FOR THE PLAINTIFF STATES:
 3   Todd Lawrence Disher, Attorney-in-Charge
 4   OAG - Assistant Attorney General
 5   Special Counsel for Civil Litigation
 6   General Litigation Division
 7   300 West 15th Street, 11th Floor
 8   Austin, Texas 78701
 9   512.463.2008
10   todd.disher@oag.texas.gov
11
12   FOR THE DEFENDANTS:
13   Keith Edward Wyatt, Assistant U.S. Attorney
14   U.S. Department of Justice, Civil Division
15   Southern District of Texas
16   1000 Louisiana Street, Suite 2300
17   Houston, Texas 77002
18   713.567.9713
19   keith.wyatt@usdoj.gov
20                      (continued)
21
22
23
24
25
```

```
 1  APPEARANCES: (continued)
 2  FOR THE DEFENDANT-INTERVENORS:
 3  Katherine A. Gregory
 4  Office of the Attorney General of New Jersey
 5  25 Market Street, 8th Floor
 6  Trenton, New Jersey 08625
 7  katherine.gregory@dol.lps.state.nj.us
 8
 9  FOR MALDEF:
10  Ernest I. Herrera, Esquire
11  Mexican American Legal Defense and Educational Fund
12  1100 Broadway, Suite 300
13  San Antonio, Texas 78205
14  eherrera@maldef.org
15
16  ALSO PRESENT:   Joseph Shaneyfelt, Baylor Law Student
17
18
19
20
21
22
23
24
25
```

```
 1  different way.  If there are fewer workers in the
 2  workforce, that can potentially increase wages?
 3       A.    It can.  That's an unproductive thing to
 4  have happen in society, but that can be one
 5  consequence.
 6       Q.    Okay.  Now, if we go down, it says retirees
 7  have also been rehired?  Do you see that?
 8       A.    Yes, sir.
 9       Q.    So that's saying in response to the labor
10  shortage, retirees have also been rehired; right?
11       A.    I talk about several things.  That's one of
12  them, yes, sir.
13       Q.    Those retirees would have been outside of
14  the labor force participation prior to being rehired;
15  correct?
16       A.    That's correct.
17       Q.    So a labor shortage could potentially
18  increase labor force participation?
19       A.    Well, depending on how people respond to
20  it, it can.  What tends to happen is you have a trend
21  going on.  It's going to be socially going up or going
22  down.  And then depending on the economic conditions
23  you get fluctuations in that month to month.  The
24  trend has been going down for a long time.
25       Q.    Okay.
```

```
 1  they all stayed, I don't think the number would
 2  change.  But clearly to the extent people are
 3  classified as DACA, persons who are in the high school
 4  at this point in time, their education is being
 5  funded.  But it's not because they are in DACA, it's
 6  because they are here.
 7       Q.    And is being funded in part by the State of
 8  Texas?
 9       A.    Correct, yes.
10       Q.    And I jumped ahead of myself there.  I
11  meant to ask you about health care.
12       A.    Okay.
13       Q.    But same question as a lead-in, you don't
14  dispute that the State of Texas does indeed incur a
15  cost to provide health care to DACA recipients?
16             MR. HERRERA:  Objection, asked and
17  answered.
18       A.    Again, the only clarification I would give
19  is, again, for the undocumented population, since they
20  use it, a little bit less for the DACA based
21  population, but nonetheless I assume there would be
22  some people in the DACA population who are likely to
23  have some type of care that is reimbursed in some way
24  by the state.
25       Q.    And those types of care would be things
```

1              MR. HERRERA:  Objection, calls for
2    speculation.
3       A.   Again, there is no way to know with
4    certainty.  That would not be a shocking thing to have
5    happen, that you occasionally had something like that
6    occur.
7       Q.   Do you think it's likely to happen?
8              MR. HERRERA:  Objection, calls for
9    speculation.
10      A.   Again, I'm not sure how else I can answer
11   it.  It's certainly a theoretical possibility that it
12   could occur.
13      Q.   Do you know from 2012 to present whether an
14   employer has hired a DACA recipient for a job that a
15   U.S. citizen also applied for?
16      A.   I don't know one way or the other.  It very
17   well could have happened, but I don't know.
18      Q.   And going forward into the future, do you
19   know whether it is likely to happen again that an
20   employer will hire a DACA recipient to fill a job that
21   a U.S. citizen has also applied for?
22             MR. HERRERA:  Objection, calls for
23   speculation and mischaracterizes the witness's
24   testimony.
25      A.   Again, I have no way of knowing that.  It's

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3
   STATE OF TEXAS,                       )
 4      Plaintiffs,                      ) Case No.
        vs.                              ) 1:18-cv-00068
 5 UNITED STATES OF AMERICA, et al.,     )
        Defendants,                      )
 6          and                          )
   KARLA PEREZ, et al.,                  )
 7          Defendant-Intervenors.       )

 8              REPORTER'S CERTIFICATION
                DEPOSITION OF RAY PERRYMAN
 9                   June 27, 2018

10          I, Deborah Endler, Shorthand Reporter in and

11 for the State of Texas, do hereby certify that the

12 foregoing deposition is a full, true and correct

13 transcript:

14          That the foregoing deposition of RAY

15 PERRYMAN, the Witness, hereinbefore named was at the

16 time named, taken by me in stenograph on June 27,

17 2018, the said Witness having been by me first duly

18 cautioned and sworn to tell the truth, the whole truth

19 and nothing but the truth and the same were thereafter

20 reduced to typewriting by me or under my direction.

21          ( ) That by agreement of counsel, a reading

22 condensed copy of the deposition transcript along with

23 the full-sized original Changes and Signature Sheet

24 has been sent to _____ on

25 _____ for review and signature within 30 days
```

```
 1  and if any corrections returned are attached hereto.
 2           ( ) That the Witness shall have thirty (30)
 3  days for review and signature of the original
 4  transcript and if any corrections returned are
 5  attached hereto.
 6           ( ) That the signed transcript ( ) was ( )
 7  was not received from the Witness within 30 days.
 8           That the amount of time used by each party at
 9  the deposition is as follows:
10           Mr. Disher - 2 hours, 44 minutes
11           That before the completion of the deposition,
12  the Deponent, andor the Plaintiff/Defendant ____ did
13  ____ did not request to review the transcript.
14           I further certify that I am neither counsel
15  for, related to, nor employed by any of the parties or
16  attorneys in this action in which this proceeding was
17  taken, and further that I am not financially or
18  otherwise interested in the outcome of the action.
19           WITNESS MY HAND, this the 28th day of June,
20  2018.
21                    _____
22                    DEBORAH L. ENDLER, Reporter
                      EXPIRATION DATE:
23                    Firm Registration No. 631
                      Kim Tindall & Associates, LLC
24                    16414 San Pedro, Suite 900
                      San Antonio, Texas 78232
25                    Phone 210-697-3400
```