**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, ET AL.; *Plaintiffs,* | |
| *v.* | Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; *Defendants,* | |
| *and* | |
| KARLA PEREZ, ET AL.; | |
| STATE OF NEW JERSEY, *Defendants-Intervenors.* | |

**PLAINTIFF STATES' RESPONSE TO PEREZ DEFENDANT-INTERVENORS' MOTION TO COMPEL AND EXTEND DISCOVERY PERIOD, OR IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE**

Without any meaningful attempt to confer with Plaintiff States, and without first arranging a pre-motion conference with the Court, Defendant-Intervenors filed this discovery dispute on the last day of the discovery period. Two days after it was filed, Plaintiff States told Defendant-Intervenors that they were not relying on the evidence that Defendant-Intervenors seek to exclude. Ex. A. In other words, had Defendant-Intervenors followed this Court's Local Procedures, they would have obviated the need to raise this discovery dispute with the Court.

Moreover, even after seeing that Plaintiff States' motion for summary judgment does not include the evidence at the center of this dispute, Defendant-Intervenors still refuse to withdraw their motion. Ex. B. Bottom line, there is nothing left for the Court to rule on, as Defendant-Intervenors have the relief they are seeking.

Attached to their pending motion for summary judgment, Plaintiff States did not include any Arkansas-specific data regarding its Medicaid expenditures on DACA recipients. *See* ECFs 486, 487. Defendant-Intervenors elicited that evidence through their own discovery requests sent to Arkansas. Arkansas produced hundreds of pages of responsive documents, and Defendant-Intervenors took three depositions of Arkansas employees.

Arkansas went even further and produced an additional declaration while this discovery dispute has been pending at the request of Defendant-Intervenors. Ex. C. This new declaration explains how Arkansas would have to conduct a "comprehensive case-by-case, file-by-file, claim-by-claim granular review of each individual" through three systems to determine the specific dollar amount spent on DACA recipients.

Still, Defendant-Intervenors refuse to pull down their discovery motion. Instead, they condition doing so by demanding editorial control over the sworn declaration of Arkansas's witness. They claim that they would pull down their motion only if the witness revises her statement to remove one phrase regarding what Arkansas has already provided. Defendant-Intervenors are free to argue about what Arkansas has or has not provided. However, doing so is meaningless, as Plaintiff

States have not presented any of that information elicited in discovery to the Court for its consideration on their motion for summary judgment.

**CONCLUSION**

This case is controlled by questions of law and issues of undisputed fact. No one, not even Defendant-Intervenors' own expert, contests that Plaintiff States spend money to provide social services to DACA recipients, and standing is not an accounting exercise. Defendant-Intervenors should not waste this Court's resources on discovery disputes related to harms that are not in doubt and evidence upon which Plaintiff States do not rely. Thus, Plaintiff States respectfully request that the Court deny the motion to compel or, in the alternative, to exclude certain evidence.

October 28, 2020

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

LYNN FITCH
Attorney General of Mississippi

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Deputy Chief, Special Counsel Unit
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

ADAM ARTHUR BIGGS
Assistant Attorney General

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

I certify that on October 28, 2020, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
**COUNSEL FOR PLAINTIFF STATES**

**Laurent, David**

---

**From:** Disher, Todd
**Sent:** Friday, October 9, 2020 10:23 AM
**To:** Nina Perales
**Cc:** Robins, Jeffrey (CIV); Mayur Saxena; Douglas Hallward-Driemeier; Ehrlich, Philip; Samantha Serna; Biggs, Adam; Laurent, David
**Subject:** RE: DACA - Plaintiffs' Motion for Summary Judgment

Nina,

It is undisputed that the States spend money to provide Medicaid services. We have asserted that from our very first filing in this case on May 1, 2018. You've had years to do discovery on that fact, and your own witnesses confirm it. Beyond the hundreds of pages of documents produced and testimony you've taken in three depositions, Arkansas has no additional information to provide.

We're happy to take this up with the Court if you don't want to pull down the motion that seeks relief we have now agreed to.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Friday, October 9, 2020 10:09 AM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov>; Mayur Saxena <Mayur.Saxena@law.njoag.gov>; Douglas Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Ehrlich, Philip <Philip.Ehrlich@ropesgray.com>; Samantha Serna <sserna@MALDEF.org>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** Re: DACA - Plaintiffs' Motion for Summary Judgment

Todd,

Thank you for your email. Defendant-Intervenors do not agree that "Plaintiff States incur some cost to provide Medicaid services." To the extent that Plaintiffs plan to assert this in the case, Defendant-Intervenors are entitled to take discovery on this topic.

If Plaintiffs do not plan to make this assertion, we can discuss a stipulation on our call at 1pm.

I will circulate the dial-information shortly.

Nina Perales

Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio TX 78201
ph (210) 845-5147

On Oct 9, 2020, at 9:40 AM, Disher, Todd <Todd.Disher@oag.texas.gov> wrote:

Nina,

Plaintiff States are not going to rely on specific "evidence of Arkansas Medicaid expenditures on DACA recipients" as stated in your motion to compel or, in the alternative, motion to strike. DACA recipients are eligible to receive some Medicaid services, and Plaintiff States incur some cost to provide those services. But Plaintiff States are not going to introduce as evidence any of the Arkansas-specific information produced in response to Intervenors' discovery requests.

Please withdraw the motion you filed on Wednesday. This should obviate the need for our phone call this afternoon.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Thursday, October 8, 2020 5:14 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Cc:** Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov>; Mayur Saxena <Mayur.Saxena@law.njoag.gov>; Douglas Hallward-Driemeier <Douglas.Hallward-Driemeier@ropesgray.com>; Ehrlich, Philip <Philip.Ehrlich@ropesgray.com>; Samantha Serna <sserna@MALDEF.org>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** Re: DACA - Plaintiffs' Motion for Summary Judgment

Todd,

Perez Defendant-Intervenors do not oppose as long as Plaintiffs agree not to oppose a similar request for page limit enlargement by Defendant-Intervenors.

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300

San Antonio TX 78201
ph (210) 845-5147

On Oct 8, 2020, at 4:58 PM, Disher, Todd <Todd.Disher@oag.texas.gov> wrote:

Counsel,

We are going to seek leave from the Court to file a Motion for Summary Judgment that is approximately 47 pages, similar to our original filing. Please let me know by noon tomorrow whether you oppose.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

**Laurent, David**

**From:** Disher, Todd
**Sent:** Wednesday, October 28, 2020 10:45 AM
**To:** Nina Perales; Samantha Serna
**Cc:** Biggs, Adam
**Subject:** RE: DACA - Motion to compel

Nina,

We cannot agree to that change. You are free to argue about what Arkansas did or didn't provide. Any such argument would be irrelevant to the Court's analysis, as we did not include any of the Arkansas information generated in response to your discovery requests in our motion for summary judgment. We are not going to take line edits on a witness's sworn declaration. We will file a response in opposition to your motion today.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, October 27, 2020 11:16 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>; Samantha Serna <sserna@MALDEF.org>
**Cc:** Biggs, Adam <Adam.Biggs@oag.texas.gov>
**Subject:** Re: DACA - Motion to compel

Dear Todd,

Thank you very much for your email. We will agree to withdraw the motion to compel if the declaration you attached does not include this language: "beyond what Arkansas has already provided in this case."

It is our position that Arkansas has not provided evidence of specific state expenditures on DACA recipients and the discovery dispute is related to this claim by Arkansas.

Nevertheless, we believe the discovery dispute would be resolved if you provide a declaration from Ms. Franklin with the current wording you propose minus "beyond what Arkansas has already provided in this case."

Thank you,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio, TX 78205
ph. (210) 224-5476
fax (210) 224-5382
www.maldef.org

---

**From:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Sent:** Tuesday, October 27, 2020 12:54 PM
**To:** Nina Perales; Samantha Serna
**Cc:** Biggs, Adam
**Subject:** RE: DACA - Motion to compel

Nina,

In response to your request below, we have attached an additional declaration from Arkansas explaining the difficulty of providing a specific dollar amount of state Medicaid money spent on DACA recipients in Arkansas.

As I have previously explained, Plaintiff States are not going to rely on specific "evidence of Arkansas Medicaid expenditures on DACA recipients" as stated in your motion to compel or, in the alternative, to strike. DACA recipients are eligible to receive some Medicaid services, and Plaintiff States incur some cost to provide those services. But Plaintiff States are not going to introduce as evidence any of the Arkansas-specific information produced in response to Intervenors' discovery requests. You have now reviewed Plaintiff States' motion for summary judgment and know that to be true.

Again, I will ask once more that you pull down your motion to compel, or in the alternative, to strike, as there is no such evidence to strike. Please do so by 11:00 a.m. tomorrow, as tomorrow is our deadline to respond.

Regards,

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548

(512) 936-0677
todd.disher@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, October 20, 2020 10:23 AM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Subject:** RE: DACA - Motion to compel

Thanks for the update, I appreciate it.

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
    and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

---

**From:** Disher, Todd <Todd.Disher@oag.texas.gov>
**Sent:** Tuesday, October 20, 2020 10:21 AM
**To:** Nina Perales <nperales@MALDEF.org>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Samantha Serna <sserna@MALDEF.org>
**Subject:** RE: DACA - Motion to compel

Nina,

We should be able to work something out. Arkansas is discussing potential language now.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

**From:** Disher, Todd
**Sent:** Tuesday, October 13, 2020 3:34 PM
**To:** Nina Perales <nperales@MALDEF.org>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Samantha Serna <sserna@MALDEF.org>
**Subject:** RE: DACA - Motion to compel

Thank you for your email, Nina. I will discuss your request with counsel for Arkansas.

Todd

**Todd Lawrence Disher**
Deputy Chief
Special Litigation Unit
Office of the Attorney General of Texas
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
(512) 936-0677
todd.disher@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, October 13, 2020 3:17 PM
**To:** Disher, Todd <Todd.Disher@oag.texas.gov>; Biggs, Adam <Adam.Biggs@oag.texas.gov>; Samantha Serna <sserna@MALDEF.org>
**Subject:** DACA - Motion to compel

Dear Todd,

This is a follow-up to our conversation last week regarding Perez Defendant-Intervenors' motion to compel.

As you know, Perez Defendant-Intervenors seek information related to the claim by Arkansas that it expends state Medicaid funds on DACA recipients.

We understand that Plaintiffs did not specifically mention Arkansas expenditures in the motion for summary judgment. However, this is still an issue in the case. We believe that if we withdraw the motion to compel and no longer seek this information, and if the parties end up litigating it later in the case, we will have lost the opportunity to take this discovery.

However, we were able to reach an agreement on a related discovery dispute last year and propose something similar here. Perez Defendant-Intervenors are willing to withdraw their motion to compel if Plaintiffs can provide a declaration, similar to the ones attached, explaining that Arkansas is unable to identify the specific dollar amount of state Medicaid expenditures on individuals who were DACA recipients at the time they received the health services.

Please let me know your thoughts, thanks.

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
Ph (210) 224-5476 ext. 206
FAX (210 224-5382



CONFIDENTIALITY NOTICE: The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, covers this electronic message.  This message and any attachment thereto contains CONFIDENTIAL INFORMATION intended for the exclusive use of the named recipient(s) and may further be PRIVILEGED and CONFIDENTIAL attorney client communication, attorney work product or proprietary information.  If you are not an intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution, other than to return this message to the addressee(s), notification of its unintended disclosure, and the deletion of all copies is strictly prohibited and may be illegal.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately by telephone at 210-224-5476 and/or by reply to this communication and delete this message. Persons responsible for delivering this communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the intended recipient.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*,<br><br>*and*<br><br>KARLA PEREZ, *et al.*,<br><br>*Defendant-Intervenors.* | ) | Case No. 1:18-cv-00068 |

**DECLARATION OF MARY FRANKLIN**

Pursuant to 28 U.S.C. § 1746, I declare the following:

1. My name is Mary Franklin. I am over 18 years of age, of sound mind, capable of making this declaration, have personal knowledge of the facts stated in it, and can affirm that they are true and correct.

2. I am employed as the Director of County Operations for the Arkansas Departments of Human Services. I oversee the eligibility operations of various State-Federal social service programs, including Medicaid and the Child Health Insurance Program.

3. In order to administer and operate its Medicaid program, Arkansas runs three (3) parallel software systems. Two systems are used for eligibility determination, and a third separate system is used for claims processing. Without

doing a comprehensive case-by-case, file-by-file, claim-by-claim granular review of each individual in the two eligibility determination systems and the separate claims processing system, Arkansas is unable to identify the specific dollar amount of state Medicaid expenditures on individuals who were DACA recipients at the time they received their specific health services beyond what Arkansas has already provided in this case. The above described level of review is required because the apportionment of state and federal dollars for each claim depends on the specific program, category, date, and type of service received.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of October 2020.

Mary Franklin

Mary Franklin