IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.;<br>　　　　Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, ET AL.;<br>　　　　Defendants,<br>and<br>KARLA PEREZ ET AL.;<br>STATE OF NEW JERSEY,<br>　　　　Defendants-Intervenors. | Case No. 1:18-cv-00068 |

## *PRO HAC VICE'S* COMBINED MOTION
## FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
## IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
## LEAVE FOR LATER FILING UNDER FRAP RULE 29(a)(6)

Charles Breiterman, admitted *Pro Hac Vice*, respectfully moves the court for leave to file an a*micus* brief in support of the plaintiffs' Motion for Summary Judgment (Document #486). For reasons of economy of pages and the close relationship between the two motions, this counsellor simultaneously moves for leave to file the a*micus* brief after 10/16/2020. Federal Rule of Appellate Procedure 29(a)(6) requires that an amicus brief be filed "no later than 7 days after the principal brief of the party being supported is filed." However, "A court may grant leave for later filing, specifying the time within which an opposing party may answer."

Dated: October 29th, 2020　　　　　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　　　____/s/ Charles Breiterman_____
　　　　　　　　　　　　　　　　　　　　　　　　Charles Breiterman
　　　　　　　　　　　　　　　　　　　　　　　　N.Y. Bar #4513685
　　　　　　　　　　　　　　　　　　　　　　　　45 East 89 Street #24B
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10128
　　　　　　　　　　　　　　　　　　　　　　　　Tel. 917-528-0474
　　　　　　　　　　　　　　　　　　　　　　　　email: BreitermanLaw@gmail.com

## AFFIRMATION IN SUPPORT OF *PRO HAC VICE'S* COMBINED MOTION FOR LEAVE TO FILE AND FOR LEAVE FOR LATER FILING

## IDENTITY AND INTERESTS OF MOVANT

FRAP 29(a)(4)(D)-(E) requires the following. Proposed a*micus curiae* is a solo-practitioner residing in New York City with relevant contact information supplied under the signature. Affirmant is a graduate of Wesleyan University (Connecticut) (B.A.), Boston University School of Law (J.D.) and the University of Maryland (M.A. and passed doctoral comprehensive exams). My interest in the case stems from a long-time interest in and prior research conducted on the immigration topic. In the particular matter of DACA, affirmant's parents would have been killed in the Holocaust had our family not previously been allowed to emigrate lawfully to the United States. Affirmant is no longer going to watch while egregious damage is done to constitutional government. Affirmant authored the proffered brief in its entirety and received no compensation from any outside source. Affirmant's authority to file the documents onto the district court's server would come from being admitted *Pro Hac Vice*, and the authority to file the brief will come from this Court's granting the Motion for Leave to File, should the Court do so.

## REASONS TO GRANT LEAVE TO FILE THE PROFERRED *AMICUS CURIAE* BRIEF

1) Affirmant believes his proffered brief will bring relevant matter to the attention of the Court that has not already been brought to its attention by the parties or by any *amicus*.

2) The Motion for Summary Judgment of the Plaintiff-States that was re-filed on October 9, 2020 (Document #486) relies on the dispensation concept both procedurally, for standing, and substantively.

3) The plaintiff states do mention the dispensation concept several times, but the development of the concept is disturbingly insufficient. Earlier filings in this litigation are even more lacking in the area the

proffered brief primarily covers (the dispensation concept). The same situation prevails in the briefs filed at the Supreme Court stage in the related DACA recission litigation. Furthermore, affirmant has never found the argument sufficiently covered in the submissions to the three federal district courts and three circuit courts in the DACA recission litigation.

4) In this affirmant's motion for admission *Pro Hac Vice*, affirmant provided evidence that the affirmant has done excellent work in the past.  Affirmant has a previous publication available for review at: https://www.independent.org/publications/article.asp?id=5306

5) In order for that to be published as a Working Paper by the Independent Institute, it was read and approved by the Institute's then-Director of Research, William F. Shughart II, J. Fish Smith Professor in Public Choice, Department of Economics and Finance, Jon M. Huntsman School of Business at Utah State University.

6) Affirmant has a peer-reviewed publication at:
https://web.archive.org/web/20041222154307/http://jesse.usra.edu/archive/jesse03-400-05/breitermanfinal.html

7) The description for the peer-reviewed journal in which the article was published is to be found here:
https://web.archive.org/web/20050207051154/jesse.usra.edu/

8) That publication was cited, *inter alia*, twice in Peter Ward, *Life As We Do Not Know It*, Penguin Books, New York, (2007). Peter Ward is Professor at the University of Washington-Seattle in the Department of Biology, Adjunct Professor in the Department of Astronomy and Participating Faculty in the Astrobiology Program. Professor Ward also served as Director of the Sprigg Geobiology Centre at the University of Adelaide, Australia:
https://blogs.adelaide.edu.au/environment/2014/12/19/professor-peter-ward-appointed-director-of-sprigg-geobiology-centre/

9) Because Professor Ward was put in charge of a research center in a foreign country, it is no exaggeration to state that he is a scientist of international standing. Therefore, my work has stood up to scrutiny from, and been well-received by, a scientist of that level.

10) And I believe the proferred *amicus* brief is sufficiently well-argued and well-supported so that if it is made the basis of decision of this court, that decision will withstand the scrutiny of the Supreme Court.

11) The article linked to in paragraph 6 was also cited by Alan Carlin (Ph.D. Economics, MIT) in his article, *Global Climate Change Control: Is There A Better Strategy Than Reducing Greenhouse Gas Emissions?* 155 University of Pennsylvania Law Review, 1401, 1418 (2007).

## REASONS TO GRANT LEAVE FOR LATER FILING, UNDER FEDERAL RULE OF APPELLATE PROCEDURE 29(A)(6)

12) The affirmant resides in a decidely "blue state." This court is, no doubt, aware of the "cancel culture." In order to remain employable, the proffered brief had to be written with extraordinary care in the hope of avoiding any misunderstanding whatsoever. The wording and content had to be read through again and again. That took a very significant amount of time.

13) This case was brought by 9 states. They can put 20 or 50 attorneys on it if they want. As state attorneys general, they can call upon the expertise of the faculty of their state universities, and if they need to pay for outside help of any sort, they have a budget for that.

14) Affirmant had to remedy a serious deficiency in the work of these 9 states working alone, without receiving any compensation, and without outside assistance until an experienced attorney read the first 5 pages of the brief in mid-October as a sort of "reality check." I am asserting that was doing the work of multiple attorneys and that takes signficant additional time.

15) Affirmant did reach out to several individuals and organizations that have an interest in this case, and was either met with silence, redirected, or rebuffed. In fact, on 7/6/18, affirmant sent an e-mail to Brantley Starr, formerly lead attorney on this case and now a federal district judge. Affirmant asked for the opportunity to converse with Mr. Starr. Affirmant included his qualifications, and attached a 5 page

document with some thoughts on this case. Crickets. When I review that 5 page document now, I see that I gave Mr. Starr too much information- in fact I gave him everything he needed to do this case right. That this attorney had to labor alone and with no compensation appears to be due to the negligence of some of the people and organizations, and the arrogance of others.

16) This case is so complex that to keep the proferred brief within the 40 pages, (Motion for Leave to File Excess Pages was filed on 10/16 as Document # 489), affirmant had to cut a large number of pages that he had already written and that he still considers essential for the complete argument. So the proferred brief doesn't even reflect all the work affirmant has done. The proferred brief is the minimum that works effectively as a legal argument, gives the Court policy arguments in support of the legal argument, and protects the filer from the cancel culture. It took significant time to put that together.

17) As for the the large numbers of pages affirmant had to cut, which pages affirmant still considers essential to make the complete argument, affirmant intends and hopes to put that material in a book. Since the material is already written, (though much of it needs to be revised and edited), affirmant should be able to have a pre-print of that book out the door by December 15.

For the foregoing reasons, movant respecfully requests that the Court grant this Combined Motion for Leave to File an *Amicus Curiae* Brief and for Leave to File Later than 7 days after the principal brief of the party being supported was filed

Dated: October 29th, 2020                                        Respectfully Submitted,


     /s/ Charles Breiterman
Charles Breiterman
N.Y. Bar #4513685
45 East 89 Street #24B
New York, NY 10128
Tel. 917-528-0474
email: BreitermanLaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of October, 2019, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          /s/ Charles Breiterman

                                                            Charles Breiterman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| Defendants, | ) |
| and | ) |
| KARLA PEREZ ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| Defendants-Intervenors. | ) |

**ORDER GRANTING *PRO HAC VICE* COUNSEL CHARLES BREITERMAN'S COMBINED MOTION TO FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* AND LEAVE FOR LATER FILING UNDER FRAP RULE 29(a)(6)**

On considering *Pro Hac Vice* counsel Charles Breiterman's Motion For Leave to File a brief as *amicus curiae* in support of plaintiff's Motion for Summary Judgment, his Motion for Leave for Later Filing, and the brief submitted herewith, the Court believes the Combined Motion is meritorious and should be granted.

IT IS THEREFORE ORDERED that the Combined Motion for Leave to File and Leave for Later Filing is GRANTED.

FURTHER ORDERED that the Clerk is directed to file the *Amicus* Brief submitted with the Motion for Leave to File.

SIGNED on this the _____ day of _____, 2020.

_____
Hon. Andrew S. Hanen,
U.S. District Court Judge