# EXHIBIT 1

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3   STATE OF TEXAS, et al.,      *
         Plaintiffs                *
 4   VS.                           *
                                   *
 5   UNITED STATES OF AMERICA,    *
     et al.,                       *   Case No. 1:18-CV-68
 6       Defendants,               *
                                   *
 7   and                           *
                                   *
 8   KARLA PEREZ, et al.,         *
         Defendant-Intervenors   *
 9

10   *****************************************************

11           ORAL AND VIDEOTAPED DEPOSITION OF
                         JANET MANN
12                    OCTOBER 5, 2020
                    (Reported Remotely)
13
     *****************************************************
14

15           ORAL AND VIDEOTAPED DEPOSITION of JANET MANN,
     produced as a witness at the instance of the Defendant-
16   Intervenors, and duly sworn, was taken remotely in the
     above-styled and numbered cause on the 5th day of
17   October, 2020, between the hours of 9:11 a.m. and
     11:25 a.m., before TRICIA FOX WILLIAMS, CSR, in and for
18   the State of Texas, reported by machine shorthand, at
     700 Main Street, Little Rock, Arkansas, in accordance
19   with the Federal Rules of Civil Procedure, the State of
     Texas 26th Emergency Order Regarding the COVID-19 State
20   of Disaster, and the provisions stated on the record or
     attached hereto.
21

22

23

24

25
```

```
 1  to hit enter or something?
 2              MR. DISHER:  No, no.  Yeah, we got them.
 3  So it is the -- yes, the 30(b)(6) notice and deposition
 4  subpoena.
 5              MS. PERALES:  Yes, okay, all right.
 6      Q.  (By Ms. Perales)  And I'm also going to share
 7  my screen so we can look at specific pages.  As I drop
 8  and drag them, you're going to see, like, some possibly
 9  funky document titles, because I was just naming them
10  whatever it was that I could remember to distinguish
11  between the documents.  So these are not too funky, but
12  they might get funky later.  Okay.  I'm now going to
13  share my screen so that we can look at this together.
14  Can y'all see this document now?
15              (Exhibit 1 marked for identification.)
16      A.  Yes, I can see it.
17      Q.  (By Ms. Perales)  Thank you.  So I'm going to
18  mark this as Exhibit 1.  Ms. Mann, do you recognize this
19  as the notice of deposition of the State of Arkansas
20  pursuant to Federal Rule Civil Procedure 30(b)(6)?
21      A.  Yes.
22      Q.  Is this a document that you've seen before?
23      A.  Yeah.  I'd like to scroll down and see the rest
24  of the document before I say yes.
25      Q.  Of course, of course.  So this might be
```

```
 1  familiar as well.
 2      A.   Yes, I've seen the document.
 3      Q.   Okay.  You understand that you're giving your
 4  deposition today pursuant to this notice?
 5      A.   Yes.
 6      Q.   And I'm scrolling right now in Schedule A,
 7  which was attached to the notice of deposition.  And
 8  have you seen the -- this document that was attached
 9  called Schedule A?
10      A.   Yes.
11      Q.   Okay.  Let me get down to topic nine.  Let's
12  see if we can make this yellow.  Well, maybe we can, or
13  maybe my Acrobat will stop working.  Okay.  I'm going to
14  put you back in the regular room so that I can restart
15  my Acrobat.  Okay?
16              MR. DISHER:  Take your time, no problem.
17      Q.   (By Ms. Perales)  It doesn't like the highlight
18  function.  So I've got it open again, and before I share
19  my screen, I'm going to see if I can highlight topic
20  nine for you.  Yeah, there we go, it was just a
21  momentary glitch.  Okay.  Okey-dokey.  I think we're
22  just going to keep this over here.  All right.  Can you
23  see where I've highlighted topic nine, Ms. Mann?
24      A.   Yes, I can see it.
25      Q.   Okay.  Now, is it correct to say that you're
```

1  going to testify on topic nine in Schedule A?
2      A.   Yes.
3      Q.   Okay.  And so you're going to give Arkansas's
4  testimony on the Medicaid Management Information System,
5  MMIS, including but not limited to the federal
6  reimbursement rate for each MMIS category code,
7  including but not limited to the CHIP category; is that
8  correct?
9      A.   Correct, yes.
10     Q.   Okay.  All right.  Now I'm going to go back
11 to -- I'm going to go back to you now, if I can figure
12 out how to do that.  Okay.  So I'd like to spend a
13 little bit of time talking with you about what you do in
14 your job so I can ask you the right questions, and not
15 ask you a bunch of questions that don't relate to your
16 topic or your area of expertise.  So I'd like to cover a
17 little bit about who you are, and then move into what
18 your job responsibilities are.  So can you tell me where
19 you grew up.
20     A.   I grew up in Brandon, Mississippi.
21     Q.   Okay.  And tell me about your educational
22 background.
23     A.   I am currently a certified public accountant
24 licensed in the state of Mississippi.  I graduated from
25 the University of Alabama with an accounting degree in

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § § § |
| Plaintiffs, | § § |
| v. | § Case No. 1:18-CV-68 § |
| UNITED STATES OF AMERICA, *et al.*, | § § |
| Defendants, | § § |
| and | § § |
| KARLA PEREZ, *et al.*, | § § |
| Defendant-Intervenors. | § § § |

### NOTICE OF DEPOSITION OF ARKANSAS PURSUANT TO F.R.C.P. 30(b)(6) BY PEREZ DEFENDANT-INTERVENORS, ET AL.

TO: Plaintiffs State of Texas, *et al.*, through their attorney of record: Todd Disher, Special Counsel for Civil Litigation, P.O. Box 12548, Austin, Texas 78711-2548, Tel.: (512) 463-2100; Fax: (512) 936-0545, todd.disher@oag.texas.gov.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant-Intervenors Karla Perez, et al. (Perez Defendant-Intervenors), by and through their undersigned counsel, give notice that they will take the deposition, by oral examination and before a certified court reporter, of the State of Arkansas.

On September 18, 2019, Perez Defendant-Intervenors took the deposition of Mary Elizabeth Franklin, Division Director of County Operations for the Arkansas Department of Human Services (Arkansas DHS). During the deposition, Ms. Franklin lacked personal knowledge regarding: the process of verifying the lawful presence of individuals applying for social services in Arkansas; the process followed by Arkansas DHS to determine whether an individual is a DACA recipient or

1

EXHIBIT

1

has another immigration status in the United States, and; the amount of state funds that Arkansas alleges to have expended on DACA recipients.

Arkansas has a duty under Rule 30(b)(6) to designate one or more employees of Arkansas DHS, or other persons who consent to testify on its behalf, and such person(s) shall testify as to the matters known or reasonably available to Arkansas, on the topics specified in the attached Schedule A.

As a result of the current COVID-19 pandemic, and if there are no objections from the parties involved, the deposition shall take place on October 5, 2020 at 9:00 A.M. CDT, via internet video conference through the Zoom web application pursuant to Fed.R.Civ.P. 30(b)(4). Perez Defendant-Intervenors will provide a link for the video conference prior to the deposition. Requests for reasonable accommodations for persons with disabilities must be made at least three judicial days in advance of the deposition.

Said deposition, answers, and documentation obtained during the same may be read and used as evidence in the above-captioned case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: September 29, 2020                                Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
Email: nperales@maldef.org
Ramon A. Soto (Tex. Bar No. 24118927)
(SD of Tex. Bar No. 3440787)
Email: rsoto@maldef.org
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476

Facsimile: (210) 224-5382

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 29th day of September 2020, I served by first class mail and by electronic mail the foregoing document to:

Todd L. Disher
Attorney-in-Charge
Trial Counsel for Civil Litigation
P.O. Box 12548
Austin, Texas 78711-2548
todd.disher@oag.texas.gov

Jeffrey S. Robins
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, D.C. 20044
Jeffrey.Robins@usdoj.gov

3

Mayur P. Saxena  
New Jersey Office of Attorney General  
124 Halsey St.  
Newark, NJ 07101  
Mayur.Saxena@law.njoag.gov

/s/ Nina Perales  
Nina Perales

SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant-Intervenors Karla Perez, *et al.* set forth below the following subject matter areas for the deposition of the Arkansas Department of Human Services ("Arkansas DHS"):

1. Arkansas DHS use of information from the United States Department of Health and Human Services' Centers for Medicare & Medicaid Services Office of Information Services' Federal Data Services Hub ("Hub") to make eligibility determinations for social services, including but not limited to:

    a. the procedures employed by Arkansas DHS authorized users to access and obtain immigration-related information about social services applicants or recipients from the Hub;
    b. the information provided to Arkansas DHS by the Hub related to immigration status, including but not limited to whether or not an individual lacks formal immigration status or received a grant of DACA;
    c. the immigration-related information provided by the Hub to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient or applicant's immigration status renders them eligible for various categories of social services;
    d. Arkansas DHS understanding and use of the codes provided in the document "Centers for Medicare & Medicaid Services, Center for Consumer Information & Insurance Oversight, Hub Verify Lawful Presence (VLP) v37 Business Service Definition, August 2019" in determining the categories of social services for which non-U.S. citizens are eligible, including but not limited to DACA recipients.
    e. the social services program categories for which Arkansas DHS deems eligible individuals with a category code 188 returned by the Hub.
    f. how the Arkansas DHS project team programs eligibility for program categories of applicants or recipients who have a code 188 returned by the Hub.
    g. the process by which Arkansas DHS interprets immigration-related information, including but not limited to codes, from the Hub to determine whether a recipient or applicant is eligible for social services program categories, including any computerized or automated processes and the specific keys or codes used by those processes;
    h. the immigration-related information provided by the Hub to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient of or applicant for social services is a DACA recipient;
    i. the process by which Arkansas DHS interprets immigration-related information, including but not limited to codes, from the Hub to determine whether a recipient

      of or applicant for social services is a DACA recipient, including any computerized or automated processes and the specific keys or codes used by those processes;

    j. the point in time at which immigration-related information is captured by the Hub for reporting to Arkansas DHS and upon which Arkansas DHS relies to determine whether a recipient or applicant is eligible for social services program categories;

    k. the length of time Arkansas DHS relies on immigration-related information provided by the Hub to Arkansas DHS and which Arkansas DHS uses to determine whether a recipient or applicant is eligible for social services program categories;

    l. the immigration- or citizenship-related information provided by Arkansas DHS to the Hub as part of the process by which Arkansas DHS determines eligibility for non-U.S. citizens who apply for or receive social services in Arkansas;

    m. the nature of the immigration-related information maintained or provided by the Hub, including but not limited to immigration status, receipt of DACA and pending applications for immigration benefits;

    n. the source or sources of information provided by the Hub related to immigration status, including whether or not an individual lacks formal immigration status or has DACA; and

2. the relationship between the Medicaid Services Policy Manual, the Medicaid eligibility rules, and the rules of the Arkansas DHS eligibility system that determine social services program category eligibility of non-U.S. citizens, including but not limited to DACA recipients.

3. the period time for which Arkansas DHS maintains information showing non-U.S. citizenship, including but not limited to receipt of DACA, and uses that information to make program category eligibility determinations for applicants for and recipients of social services.

4. The specific immigration- and citizenship-related information collected by Arkansas DHS on its application form for social services and upon which Arkansas DHS relies to make eligibility determinations.

5. The Arkansas social services program categories in which DACA recipients participate and the corresponding level of match from the federal government, if any, for each program category.

6. For each DACA recipient who received services reimbursed by Arkansas DHS: whether the service recipient was identified as a DACA recipient on the date of the reimbursed service; the program category under which the service was reimbursed and the

expenditures by Arkansas alone in reimbursing services rendered to that participant by year from 2012 to the present.

7. Training provided to Arkansas DHS caseworkers related to providing immigration-related information to the eligibility system for the purpose of determining eligibility for social services program categories.

8. The specific information an Arkansas DHS caseworker inputs into the automated eligibility system to determine the category eligibility of a Medicaid applicant.

9. The Medicaid Management Information System ("MMIS"), including but not limited to the federal reimbursement rate for each MMIS category code, including but not limited to the CHIP category.

10. The program categorization, whether under CHIP or Medicaid or another program, of a 16-year-old recipient of ARKids A who meets the other eligibility factors and is a DACA recipient.

11. Whether Arkansas includes DACA recipients in the list of exempted individuals on page 2 of Policy D-224 (in the Medical Services Policy Manual, Section D, Exh. 7 to the Deposition of Mary Franklin).

12. If Arkansas includes DACA recipients in the list of exempted individuals on page 2 of Policy D-224 (in the Medical Services Policy Manual, Section D, Exh. 7 to the Deposition of Mary Franklin), whether Arkansas receives 100 percent match from the federal government as part of the CHIP program.

13. With respect to an individual whose services were initially reimbursed under Full Medicaid Pregnant Woman, whom Arkansas DHS learns is a DACA recipient, whether and how Arkansas DHS seek federal matching funds or federal reimbursement under CHIP and the amount of the match under CHIP.

14. The procedures and information used by Arkansas DHS to update the immigration classification of social services recipients, including but not limited to updating the classification of a DACA recipient who is receiving social services.

15. The percent of Medicaid applications submitted to Arkansas DHS online versus in person.

16. Of the dollar amount reimbursed by Arkansas DHS in Medicaid and CHIP claims for emergency Medicaid benefits and pregnancy benefits on behalf of DACA recipients since January 1, 2018, the dollar amount that represents expenditures by the federal government and the dollar amount that represents expenditures by Arkansas alone.

17. The existence of written material, including but not limited to memoranda, and regulations that advise or guide Arkansas DHS on the topics listed above.

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3   STATE OF TEXAS, et al.,      *
          Plaintiffs              *
 4   VS.                          *
                                  *
 5   UNITED STATES OF AMERICA,    *
     et al.,                      *   Case No. 1:18-CV-68
 6        Defendants,             *
                                  *
 7   and                          *
                                  *
 8   KARLA PEREZ, et al.,         *
          Defendant-Intervenors   *
 9
     *************************************************************
10
                       REPORTER'S CERTIFICATION
11                     DEPOSITION OF JANET MANN
                           OCTOBER 5, 2020
12                       (Reported Remotely)

13   *************************************************************

14        I, TRICIA FOX WILLIAMS, Certified Shorthand
     Reporter in and for the State of Texas, hereby certify
15   to the following:

16        That the witness, JANET MANN, was duly sworn by
     the officer and that the transcript of the oral
17   deposition is a true record of the testimony given by
     the witness;
18
          That the deposition transcript was submitted on
19   _____ to the witness or to the attorney for the
     witness for examination, signature and return to me by
20   _____;

21        That the amount of time used by each party at
     the deposition is as follows:
22
        MS. NINA PERALES - 01 HOURS:42 MINUTE(S)
23      MR. TODD DISHER - 00 HOURS:03 MINUTE(S)

24

25
```

```
 1         That pursuant to information given to the
    deposition officer at the time said testimony was taken,
 2  the following includes counsel for all parties of
    record:
 3
         MR. TODD DISHER, Attorney for Plaintiffs
 4       MS. NINA PERALES, Attorney for
                         Defendant-Intervenors
 5       MR. JEFFREY ROBINS, Attorney for Defendants
         MR. DYLAN JACOBS, Attorney for State of Arkansas
 6       MR. DAVID STERLING, Attorney for State of Arkansas

 7
            I further certify that I am neither counsel
 8  for, related to, nor employed by any of the parties or
    attorneys in the action in which this proceeding was
 9  taken, and further that I am not financially or
    otherwise interested in the outcome of the action.
10
            Further certification requirements pursuant to
11  Rule 203 of TRCP will be certified to after they have
    occurred.
12
            Certified to by me this _____ of
13
    _____, 2020.
14

15

16                                    [signature: Tricia Williams]

17                                    _____
                                         TRICIA FOX WILLIAMS
18                                       Certified Court Reporter

19

20

21
    Certification Number: 8273
22  Date of Expiration: 10/31/2022
    Firm Registration Number: 631
23  Business Address:
         Kim Tindall & Associates
24       16416 San Pedro Ave., Suite 900
         San Antonio, Texas 78232
25       (210)697-3400
```