IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| KARLA PEREZ, *et al.*, | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| STATE OF NEW JERSEY | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT-INTERVENORS' RESPONSE TO**
**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR**
**SUMMARY JUDGMENT**

Although Federal Defendants and Defendant-Intervenors have frequently disagreed throughout this litigation, including most essentially about DACA's legality, Federal Defendants' Response to Plaintiffs' Motion for Summary Judgment highlights that Defendant-Intervenors and Federal Defendants are now in agreement, at least about the appropriate next step in this proceeding: the Court should permit DHS to continue its exercise of discretion to evaluate DACA—including the DREAMers' and their communities' reliance interests—"unencumbered by an order from this Court granting Plaintiffs' requested relief." Dkt. 501 at 2.

1

In *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020), the Supreme Court explained that, even assuming 2012 DACA were unlawful, the appropriate officials within DHS maintain discretion to address the "important policy choices" related to DACA's future. *See id.* at 1910. In exercising that discretion, DHS must consider "the options of retaining forbearance or accommodating particular reliance interests." *Id.* at 1915. Federal Defendants recognize that the Supreme Court instructed DHS to use its discretion to "determine the correct course forward" for DACA, Dkt. 501 at 10, and Federal Defendants' Response represents that DHS is actively considering the "important policy questions that must be addressed regarding how to address the existing DACA program and the interests of the people who have relied upon it." *Id.* at 12. More specifically, Federal Defendants' Response makes clear that the exercise of discretion by DHS that the Supreme Court required in *Regents* is still ongoing. As noted by Federal Defendants, DHS is currently "evaluating the appropriate next steps in light of the Supreme Court decision," *id.* at 2, and is "right now" weighing important issues, like the DREAMers' reliance interests, just as the Supreme Court instructed DHS to do. *Id.* at 12.

Because "Federal Defendants have not completed their consideration of next steps regarding DACA," *id.* at 10, Defendant-Intervenors agree with Federal Defendants that "it is appropriate to give DHS time to complete its consideration . . . as invited by the Supreme Court's holding in *Regents*." *Id.* at 12. Furthermore, and as Federal Defendants explain, Plaintiffs would not be prejudiced if the Court allowed DHS to continue to exercise its discretion in "an orderly and considered fashion." *See id.* at 2, 12, 14. "An abrupt end to DACA is not being sought by the Plaintiffs," *id.* at 14, and Defendant-Intervenors and Federal Defendants—along with Plaintiffs— *all* agree that the "important policy choices" related to DACA's future "are for DHS." *Id.* at 12 (quoting Dkt. 486 at 46 (quoting *Regents*, 140 S. Ct. at 1910)). As a result, even if the Court

2

decides that Plaintiffs have standing (which it should not), the Court should remand to DHS to continue its review of DACA without reaching the merits of Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court allow DHS to continue its exercise of discretion regarding DACA, deny Plaintiffs' motion for summary judgment, and grant Defendant-Intervenors' motion for summary judgment as to Plaintiffs' lack of standing.

Dated: November 20, 2020         Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545

McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on November 20, 2020, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales
Attorney for Defendant-Intervenors