# EXHIBIT 2

| | |
|---|---|
| **From:** | Robinson, Brandon M <‎@uscis.dhs.gov> |
| **Sent:** | |
| **To:** | Jenkins, Jennifer L <‎@uscis.dhs.gov>; Shafii-Stier, Sara A <‎@uscis.dhs.gov>; Rouse, Tracey J <‎@uscis.dhs.gov> |
| **Cc:** | King, Alexander R <‎@uscis.dhs.gov>; Umoru, Victoria E <‎@uscis.dhs.gov>; Padilla, April Y <‎@uscis.dhs.gov>; Freeman, Mark C <‎@uscis.dhs.gov>; Woerz, Bret A <‎@uscis.dhs.gov> |
| **Subject:** | RE: DACA Filings After 9/5/17 - No Prior Grant of DACA |
| **Attach:** | Example Cases.pdf; Example Post-Injunction No Prior DACA NOID (Suspected Fraud).docx |

Good afternoon NSC,

Recently we reached out to OPQ to run a report for DACA filings submitted with a receipt date after 9/5/17 where it did not appear the requestor ever had a prior grant of DACA. In review of those cases, while we did not find any approvals, we did come across a certain number of filings where the G-28, preparer and/or requestor appeared to be willfully misrepresenting their immigration filing history (examples attached).

After further discussion with SCOPSs Security Fraud Division, when officers are evaluating cases flagged as having no prior grant of DACA, it is recommended officers review the cases to determine whether the attorney/preparer/requestor are willfully misrepresenting the requestor's immigration history and whether any fraudulent evidence may have been submitted in support of the fraudulent request. If it is determined by the reviewing officer that the requestor does not have a prior grant of deferred action and appears to be willfully misrepresenting their immigration history, we recommend that the "Post-Injunction No Prior DACA" NOID be updated to include language that states how the requestor appears to be willfully misrepresenting their immigration history, note any evidence that does not appear to be credible in support of their DACA request and include the following language from DACA NOID 415:

> In addition, USCIS reminds you that it is a violation of federal law (18 U.S.C. sec. 1001) if you knowingly and willingly submit materially false information in support of your request for DACA, and you may be fined, imprisoned up to five years, or both. In addition, you may be placed in removal proceedings, face severe penalties provided by law, and be subject to criminal prosecution.

While individuals requesting DACA are not subject to INA 212 inadmissibility grounds, the underlying derogatory conduct should still be considered as a significant negative factor under the totality of the circumstances. Once a NOID response has been received (or if the requestor fails to timely respond to the NOID), should the officer determine the requestor has not overcome the basis of the NOID relative to the component of suspected fraud, please hold the case for further guidance as WATS and SFD work to compose guidance on next steps.

As always, we appreciate any feedback you may have with the above guidance. Please let us know if you have any questions or concerns.

Thanks,
Brandon