IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| v. | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| and | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE TO DEFENDANT-INTERVENORS'
MOTION TO CONTINUE HEARING SET FOR DECEMBER 22, 2020
OR TO HEAR ARGUMENT REMOTELY**

Once again, the DACA Intervenors seek to "postpone consideration of a motion that has been delayed too long already." *See* ECF 473 at 3. DACA Intervenors raise two main arguments to invite further delay:

- This Court should wait to gauge the federal government's response to a ruling in *Batalla Vidal v. Wolf*, No. 1:16-cv-4756 (NGG) (VMS) (E.D.N.Y. Dec. 4, 2020), ECF 354; and

- The ongoing pandemic may interfere with holiday travel plans.

Neither argument justifies their request.

*First*, it is clear how the Federal Defendants will respond to the ruling in *Batalla Vidal*. As of December 7, 2020, the Federal Defendants have started accepting applications from individuals who have never received deferred action through the DACA program as well as new applications for advance parole. *See* Ex. A; Ex. B. Thus, the DACA program is in full effect as it was from its inception in 2012 through its attempted rescission in 2017.

The contours of this lawsuit are not new. Plaintiff States' legal arguments have remained consistent since they originally filed this lawsuit and have since been strengthened by the U.S. Supreme Court's ruling in *Department of Homeland Security v. Regents of the University of California,* 140 S. Ct. 1891 (2020). In 2018, this Court addressed the unlawfulness of the program created by the 2012 DACA Memorandum even after the Federal Defendants attempted to rescind the program altogether and various courts granted injunctions against such attempt. ECF 319 at 13–30. The same approach is appropriate here. There is no reason why the Court should now delay ruling on fully briefed motions because the U.S. District Court for the Eastern District of New York ruled that the acting Secretary of Homeland Security lacked the authority to make certain modifications to DACA.

In fact, that ruling makes Plaintiff States' need for relief even more acute. Contrary to the DACA Intervenors' claim, the Federal Defendants have made clear that they will comply with the order from the Eastern District of New York. Ex. A; Ex. B. For the first time since this case began, the Federal Defendants are accepting applications from individuals who have never applied for deferred action through the

2

DACA program. Likewise, advance parole is once again available to DACA recipients, removing a barrier to some of its recipients to adjusting their immigration status. For such applicants, the toothpaste is not out of the tube, and the egg has not been scrambled. Plaintiff States respectfully request an expeditious consideration and ruling on their motion for summary judgment so that they will not suffer the continued and expanded effects of the now fully operational unlawful program.

Likewise, based on the *Batalla Vidal* order, an order vacating the 2012 DACA Memorandum is the only way for Plaintiff States to get such final relief. The DACA Intervenors claim that the *Batalla Vidal* order does not "prevent Federal Defendants from adopting a new policy consistent with law." ECF 538 at 4. However, if Acting Secretary Wolf did not have the authority to issue his 2020 memorandum, then it is unclear who could adopt changes to the DACA program. As the Federal Defendants argued in that case, that ruling "risks judicially freezing the DACA policy as it existed prior to September 5, 2017." ECF 538-2 at 8. And it only adds to the uncertainty of whether the Federal Defendants would even attempt to further modify the program, what such modifications might look like, when such modifications might occur, or the results of the inevitable legal challenges to such modifications. *See* ECF 529 at 19–20. That is why this Court must set aside the 2012 DACA Memorandum pursuant to 5 U.S.C. § 706(2)(c), in the same way that the Eastern District of New York set aside the 2020 Wolf Memorandum.[1] At a minimum, intervenors' speculation that some

---

[1] The DACA Intervenors make no claim about how the "additional information" the Federal Defendants are required to report on January 4 would affect "Federal Defendants' merits argument." ECF 538 at 4–5. This Court reached the merits of the Plaintiff States' claims regardless of the rate of discretionary denials. *See* ECF 319 at 103. Likewise, the vacatur of

hypothetical, alternative path forward might materialize is no reason to continue the hearing.

*Second*, courts around the country, including courts in the Southern District of Texas, have continuously operated during the pandemic. It is entirely unclear what the pandemic will look like after January 4, but experience over recent months has shown that parties and courts throughout the United States have successfully navigated concerns over the pandemic using readily available technology. For example, counsel for the Plaintiff States recently appeared in-person for a preliminary injunction hearing in the U.S. District Court for the Western District of Texas, San Antonio Division. *See* Ex. C. However, to accommodate a request from the other parties' counsel, Judge Pulliam allowed their counsel to appear remotely. *Id.* Thus, Plaintiff States' counsel will appear in person on December 22, but Plaintiff States do not oppose any request for the remote appearance of any other counsel concerned with quarantining over the holidays.

## CONCLUSION

When asking this Court for permission to join this case, the DACA Intervenors claimed their "intervention will not create delay or prejudice the existing parties." ECF 14 at 18. Yet from their first filing after being granted party status, *see* ECF 38, the DACA Intervenors have attempted to delay or deny the Court's consideration of the merits at every turn. *See, e.g.*, ECF 52; ECF 118; ECF 224; ECF 259; ECF 335;

---

the 2020 Wolf Memorandum means that this case is far from moot and very much presents a justiciable controversy between the parties. The DACA Intervenors do not attempt to explain their argument otherwise.

4

ECF 349; ECF 363; ECF 432; ECF 463; ECF 480; ECF 484. Those merit questions have been and remain ripe for the Court's consideration. There is no need to further delay consideration of Plaintiff States' pending motion for summary judgment. Plaintiff States respectfully request that the Court deny the DACA Intervenors' motion to continue the hearing on December 22, 2020.

| | |
|---|---|
| December 8, 2020 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | BRENT WEBSTER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation |
| JEFF LANDRY<br>Attorney General of Louisiana | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER |
| LYNN FITCH<br>Attorney General of Mississippi | Attorney-in-Charge<br>Deputy Chief, Special Litigation Unit<br>Tx. State Bar No. 24081854 |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | Southern District of Texas No. 2985472<br>Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov |
| ALAN WILSON<br>Attorney General of South Carolina | P.O. Box 12548<br>Austin, Texas 78711-2548 |
| PATRICK MORRISEY<br>Attorney General of West Virginia | ERIC A. HUDSON<br>Special Counsel |
| | **COUNSEL FOR PLAINTIFF STATES** |

## CERTIFICATE OF SERVICE

I certify that on December 8, 2020, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

> */s/ Todd Lawrence Disher*
> TODD LAWRENCE DISHER
> Deputy Chief, Special Litigation Unit
>
> **COUNSEL FOR PLAINTIFF STATES**

6

# EXHIBIT A



**U.S. Department of Justice**
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

December 7, 2020

**VIA ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *State of New York, et al. v. Trump, et al.*, No. 17-cv-5228 (NGG) (VMS)
             *Batalla Vidal, et al. v. Wolf, et al.*, No. 16-cv-4756 (NGG) (VMS)

Dear Judge Garaufis:

      Defendants write to notify the Court that, pursuant to the Court's December 4, 2020 Order in the above-captioned matters, *Batalla Vidal* ECF No. 354, the Department of Homeland Security and United States Citizenship and Immigration Services have each "post[ed] a public notice . . . prominently on [their] websites" in the manner described by the Court's Order. That notice appears at the following locations:

- https://www.dhs.gov/news/2020/12/07/update-deferred-action-childhood-arrivals
- https://www.dhs.gov/publication/batalla-vidal-et-al-v-wolf-et-al-and-state-new-york-et-al-v-trump-et-al
- https://www.dhs.gov (rotating banner)
- https://www.uscis.gov/
- https://www.uscis.gov/i-821d
- https://www.uscis.gov/i-131

      Defendants thank the Court for its consideration of this matter.

Dated: December 7, 2020                    Respectfully submitted,

                                                                                JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

/s/  *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Phone:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Attorneys for Defendants*

# EXHIBIT B

 Official website of the Department of Homeland Security

 U.S. Department of Homeland Security

# Update: Deferred Action for Childhood Arrivals

**Release Date:** December 7, 2020

On November 14, 2020, Judge Nicholas George Garaufis of the U.S. District Court for the Eastern District of New York issued an opinion (/publication/batalla-vidal-et-al-v-wolf-et-al-and-state-new-york-et-al-v-trump-et-al) regarding the July 28, 2020 memorandum (/publication/reconsideration-june-15-2012-memo-entitled-exercising-prosecutorial-discretion-respect) signed by Acting Secretary Chad F. Wolf. On December 4, 2020, Judge Garaufis required the Department of Homeland Security (DHS) to take certain actions to implement his November 14 opinion. As a result, effective December 7, 2020, U.S. Citizenship and Immigration Services (USCIS) is:

- Accepting first-time requests for consideration of deferred action under Deferred Action for Childhood Arrivals (DACA) based on the terms of the DACA policy in effect prior to September 5, 2017, and in accordance with the Court's December 4, 2020, order;
- Accepting DACA renewal requests based on the terms of the DACA policy in effect prior to September 5, 2017, and in accordance with the Court's December 4, 2020, order;
- Accepting applications for advance parole documents based on the terms of the DACA policy prior to September 5, 2017, and in accordance with the Court's December 4, 2020, order;
- Extending one-year grants of deferred action under DACA to two years; and
- Extending one-year employment authorization documents under DACA to two years.

USCIS will take appropriate steps to provide evidence of the one-year extensions of deferred action and employment authorization documents under DACA to individuals who were issued documentation on or after July 28, 2020, with a one-year validity period under the Wolf Memorandum.

DHS will comply with Judge Garaufis' order while it remains in effect, but DHS may seek relief from the order.

For more information, please visit USCIS.gov (https://www.uscis.gov/news/alerts/deferred-action-for-childhood-arrivals-response-to-december-4-2020-order-in-batalla-vidal-et-al-v) .

Topics: Border Security (/topics/border-security) , Citizenship and Immigration Services (/topics/immigration-and-citizenship-services) , Citizenship and Immigration Services Ombudsman (/topics/citizenship-and-immigration-services-ombudsman) , Immigration and Customs Enforcement (/topics/immigration-enforcement)

Keywords: Deferred Action for Childhood Arrivals (DACA) (/keywords/daca)

Last Published Date: December 8, 2020

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MI FAMILIA VOTA, TEXAS STATE
CONFERENCE OF THE NATIONAL
ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
MICAELA RODRIGUEZ and
GUADALUPE TORRES**

*Plaintiffs*                                                                 No. SA-20-CV-00830-JKP

**v.**

**GREG ABBOTT, Governor of Texas; RUTH
HUGHS, Texas Secretary of State,**

*Defendants*

**ORDER**

This matter came before the Court in a status conference on this day. The Court heard the parties' representations regarding the status of this matter and a potential briefing schedule with regard to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Also before the Court at the status hearing is Plaintiffs' Motion to Appear Remotely for the hearing on Plaintiffs' motion scheduled on October 26, 2020. *ECF No. 58*. Plaintiffs' Motion to Appear Remotely is GRANTED in part and DENIED in part.

At the status conference, the parties agreed the motion before the Court is a Motion for Preliminary Injunction, and it will hereafter be treated as such. The parties agreed to an expedited briefing schedule on the Motion for Preliminary Injunction as follows: Defendants' brief in Response to the motion shall be filed on or before 12 noon on Saturday, October 24, 2020. Plaintiffs' Reply brief shall be filed on or before 3 p.m. on Sunday, October 25, 2020. The parties agreed to confer on Sunday afternoon to reach agreement on exhibits to be admitted at the hearing. The parties shall email

the agreed exhibits to Magda Muzza, the Courtroom Deputy and shall bring a jump drive with the exhibits to the hearing.

In addition, Plaintiffs shall file an Amended Complaint on or before 12 noon on Saturday, October 24, 2020. The Amended Complaint shall state the single, narrow cause of action remaining, the basis of this cause of action and specific statute challenged and shall specifically state the relief requested.

An **in-person hearing** is scheduled for **Monday, October 26, 2020 at 9:00 AM** on the Motion for Preliminary Injunction in Courtroom 4, on the Third Floor of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, TX. Each party will be allotted **one hour** to present evidence, witnesses and argument. Each party will be allowed **two** attorneys to present their case.

In their Motion to Appear Remotely, Plaintiffs request that all counsel appear remotely for this hearing. This motion is GRANTED in part and DENIED in part. Upon their choice to do so, Plaintiffs and all Plaintiffs' counsel and Plaintiffs' witnesses may appear remotely. Defendants' counsel chooses to appear in person and to present evidence and argument in person. Defendants' counsel shall be allowed to appear in person. Defendants shall be allowed **three** attorneys to appear in the courtroom. All counsel for either party who so chooses may attend through the Zoom video conference; however, only the two designated attorneys for each party will be allowed to speak.

In compliance with the *Ninth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the Covid-19 Pandemic*, dated October 14, 2020, no one will be permitted to enter the courthouse without wearing a mask deemed to be adequate by Court Security. All persons must wear a mask at all times when in the public areas of the courthouse and in the courtroom when not speaking. Anyone entering the Courthouse must

present a photo ID and must pass any screening procedures and comply with social-distancing instructions as directed by Court Security. A nurse will be present to conduct an appropriate health screening and will have authority to deny admittance to any person who does not pass the screening protocol. Counsel are advised to arrive early enough to allow for these additional screening procedures.

All Counsel should contact Magda Muzza, the Courtroom Deputy, to receive video sign-in information. Ms. Muzza can be reached at (210) 244-5021 or Magda_Muzza@txwd.uscourts.gov. The hearing will be recorded by a Court Reporter. Any other recording of the proceeding is prohibited.

It is so ORDERED.
SIGNED this 23rd day of October, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00068 |
| | ) |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| | ) |
| *Defendants,* | ) |
| | ) |
| and | ) |
| | ) |
| KARLA PEREZ, ET AL.; | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

## ORDER DENYING DEFENDANT-INTERVENORS' MOTION TO CONTINUE HEARING SET FOR DECEMBER 22, 2020

On this date, the Court considered Defendant-Intervenors' Motion to Continue Hearing Set for December 22, 2020. After considering the motion, any responses thereto, and all other matters properly before the Court, the Court believes the motion is without merit and should be DENIED.

IT IS THEREFORE ORDERED that Defendant-Intervenors' Motion to Continue Hearing Set for December 22, 2020 is DENIED.

SIGNED on this the _____ day of _____, 2020.

_____
Andrew S. Hanen,
U.S. District Court Judge