IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| KARLA PEREZ, *et al.*, | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| STATE OF NEW JERSEY | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT-INTERVENORS' REPLY IN SUPPORT OF THEIR MOTION
TO CONTINUE HEARING SET FOR DECEMBER 22, 2020
OR TO HEAR ARGUMENT REMOTELY**

**I. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

Defendant-Intervenors Karla Perez, *et al.* ("Perez Defendant-Intervenors") and Defendant-Intervenor New Jersey (together with the Perez Defendant-Intervenors, the "Defendant-Intervenors"), respectfully request that the Court grant their Motion to Continue, *see* Dkt. 538, and continue the hearing until after January 4, 2021, or in the alternative allow counsel to appear remotely.

## II. SUMMARY OF THE ARGUMENT

In their Opposition, *see* Dkt. 539, Plaintiffs mischaracterize Judge Garaufis's recent order in *Batalla Vidal v. Wolf*, No. 1:16-cv-4756 (NGG) (VMS) (E.D.N.Y. Dec. 4, 2020). Judge Garaufis's order does *not* impose the drastic relief that Plaintiffs suggest, and instead merely reverts DACA to its post-*Regents* position, allowing DHS to continue to exercise its discretion regarding DACA's future, as the Supreme Court in *Regents* explicitly instructed. A brief continuance of the December 22 hearing would allow the Court to assess accurately and completely how Federal Defendants intend to exercise that discretion, in light of Judge Garaufis's order.

Plaintiffs similarly mischaracterize Defendant-Intervenors' concern with holding an in-person hearing on December 22. Defendant-Intervenors do not argue that "[t]he ongoing pandemic may interfere with holiday travel plans," Dkt. 539 at 1, but instead that the hearing's timing increases the COVID-related risk and disruption to counsel and their families. Holding the hearing after January 4 would allow counsel to quarantine upon their return home without isolating themselves at a time when many families gather for religious observances. In the alternative, if the Court is not inclined to continue the hearing because of the late-breaking order in *Batalla Vidal*, Defendant-Intervenors ask that the Court allow counsel to appear remotely.

## III.   ARGUMENT

Plaintiffs mischaracterize Judge Garaufis's order to make it seem as though he has imposed drastic relief, which is not the case. Judge Garaufis merely set aside a specific memorandum on the ground that the official purporting to issue it was not properly appointed. *See* Dkt. 538-1, Ex. 1 at 1–2. The solution to that is obvious—to cure the appointment. Judge Garaufis's order simply puts things back where they were after the Supreme Court's decision in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020), when DHS was given

the authority (through proper procedures and by authorized personnel) to modify DACA (and to do so in a manner that took into account DACA recipients' reliance interests). Judge Garaufis's order neither interferes with this proceeding nor touches on the question of DACA's legality, which remains pending in this Court. For that reason, the only question is whether a short continuance of the summary judgment argument will assist this Court in its deliberations (and it will).

While Plaintiffs give their self-serving gloss on the order and speculate as to how Federal Defendants might comply with it, neither the parties nor the Court has, in reality, had the benefit of knowing how the Federal Defendants have interpreted or applied Judge Garaufis's order. Everyone will have greater clarity on this point following the government's submission of its status report, which is due to be submitted on January 4, 2021 in *Batalla Vidal*. In light of the Supreme Court's remand in *Regents*, affirming the agency's ongoing discretion to consider the appropriate next steps, the Court should make every effort to understand accurately the agency's plans concerning the exercise of that discretion. Given Plaintiffs' six-year delay before instituting suit, they should not be heard to complain about a few weeks' continuance in order to ensure the Court has a full understanding of the relevant facts.

Plaintiffs' attempt to mischaracterize Defendant-Intervenors' concerns about the COVID-related risks caused by the hearing's timing as merely focused on "holiday travel plans" is similarly misplaced. Notably, Plaintiffs do *not* dispute that requiring travel to Houston, where case counts remain high, would run contrary to CDC guidance, and would put counsel and counsel's families at risk. *See* Dkt. 538 at 5–6. Continuing the hearing until after the holidays would reduce that health and safety risk, which alone outweighs any timing-related concerns Plaintiffs now—despite their own prior delays, *see, e.g.*, Dkt. 505—might raise. Furthermore, if the hearing is held after

3

the holidays, counsel could travel to Houston and safely quarantine at home upon their return, without isolating themselves from their families during a time of religious observance with family. If, by contrast, the hearing is held on December 22, counsel's quarantine would as a consequence require missing traditional family religious and cultural observances. Accordingly, a brief continuance is warranted. In the alternative, if the Court is not inclined to continue the hearing, including to allow this Court to gather complete information about the Federal Defendants' exercise of discretion related to DACA and to take into account CDC guidance, Defendant-Intervenors request that the Court allow counsel to appear at the hearing remotely.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court grant their Motion and continue the hearing until after January 4, 2021, or, in the alternative, allow counsel to appear remotely.

Dated: December 10, 2020                    Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)

Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Perez Defendant-Intervenors

By: */s/ Mayur P. Saxena*

MAYUR P. SAXENA
Attorney-in-Charge
Assistant Attorney General
(Admitted pro hac vice)
124 Halsey St., 5th Floor
Newark, New Jersey 07101
PO Box 45029-5029
Phone: (973) 648-3283
Fax: (973) 648-4887
Mayur.Saxena@law.njoag.gov

Jeremy M. Feigenbaum, State Solicitor
(Admitted pro hac vice)
Melissa Medoway, Deputy Attorney General
(Admitted pro hac vice)
Eric L. Apar, Deputy Attorney General
(Admitted pro hac vice)
Elspeth Faiman Hans,
Deputy Attorney General
(Admitted pro hac vice)
Tim Sheehan, Deputy Attorney General
(Admitted pro hac vice)

*Attorneys for Defendant-Intervenor State of New Jersey*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on December 10, 2020, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales
Attorney for Perez Defendant-Intervenors