IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; | ) |
| *Plaintiffs,* | ) |
| v. | ) Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, ET AL.; | ) |
| *Defendants,* | ) |
| and | ) |
| KARLA PEREZ, ET AL.; | ) |
| STATE OF NEW JERSEY, | ) |
| *Defendants-Intervenors.* | ) |

**PLAINTIFF STATES' RESPONSE
TO DEFENDANT-INTERVENORS' LETTER**

At every conceivable turn, Defendant-Intervenors have sought to avoid or delay the Court's consideration of the merits of this case. *See* ECF 38; ECF 52; ECF 118; ECF 224; ECF 259; ECF 335; ECF 349; ECF 363; ECF 432; ECF 463; ECF 480; ECF 484. Months ago, the Court recognized that a ruling on Plaintiff States' motion for summary judgment "has been delayed too long already." *See* ECF 473 at 3. Now, after the parties have fully briefed and argued that motion to the Court, Defendant-Intervenors once again tell the Court to stop. But the reasoning behind their request has it backward.

The memorandum from President Biden attached to their letter proves why an order from this Court is the only way for Plaintiff States to get relief. DACA has been unlawful from its inception. *See generally* ECF 319. The U.S. Supreme Court has now affirmed the core of this Court's analysis—that DACA did more than announce a passive, non-enforcement policy. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1906 (2020). Rather, "it created a program for conferring affirmative immigration relief." *Id.*

The agency action creating that program must be set aside. 5 U.S.C. § 706(2); *see also Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1022 (5th Cir. 2019). Yet the Biden memorandum proves that he has no such plans. *See* ECF 550.1. Rather, he has instructed his administration to "preserve and fortify" the unlawful program. Plaintiff States shouldn't have to wait for the program to become even more unlawful before the Court sets it aside (let alone wait for "new officials . . . to become familiar with the issues in this case" as requested by the Federal Defendants, *see* ECF 552).

As explained at last month's hearing, Plaintiff States are not asking for an injunction that would forever bar the Biden administration from acting in this space. Even in light of a vacatur from this Court, the Biden administration would be free to push for legislation that has previously failed. Or it could even issue a new memorandum, the legality of which could then be analyzed on its own terms. But there is no reason for the Court to allow the unlawful 2012 DACA memorandum to stand, particularly when the new administration admits that it is not going to rescind the program. More than ever, this case is ripe for a final resolution on the merits.

| | |
|---|---|
| January 26, 2021 | Respectfully submitted. |
| STEVE MARSHALL<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | BRENT WEBSTER<br>First Assistant Attorney General |
| DEREK SCHMIDT<br>Attorney General of Kansas | PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| JEFF LANDRY<br>Attorney General of Louisiana | */s/ Todd Lawrence Disher*<br>TODD LAWRENCE DISHER<br>Attorney-in-Charge |
| LYNN FITCH<br>Attorney General of Mississippi | Deputy Chief, Special Litigation Unit<br>Tx. State Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| DOUGLAS J. PETERSON<br>Attorney General of Nebraska | Tel.: (512) 463-2100; Fax: (512) 936-0545<br>todd.disher@oag.texas.gov<br>P.O. Box 12548 |
| ALAN WILSON<br>Attorney General of South Carolina | Austin, Texas 78711-2548<br>**COUNSEL FOR PLAINTIFF STATES** |
| PATRICK MORRISEY<br>Attorney General of West Virginia | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER