# EXHIBIT 1

IIB

117TH CONGRESS
1ST SESSION

# H. R. 6

————————————

IN THE SENATE OF THE UNITED STATES

MARCH 22, 2021

Received; read twice and referred to the Committee on the Judiciary

————————————

# AN ACT

To authorize the cancellation of removal and adjustment
of status of certain aliens, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

2

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "American Dream and Promise Act of 2021".

(b) TABLE OF CONTENTS.—The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.

TITLE I—DREAM ACT OF 2021

Sec. 101. Short title.
Sec. 102. Permanent resident status on a conditional basis for certain long-term residents who entered the united states as children.
Sec. 103. Terms of permanent resident status on a conditional basis.
Sec. 104. Removal of conditional basis of permanent resident status.
Sec. 105. Restoration of State option to determine residency for purposes of higher education benefits.

TITLE II—AMERICAN PROMISE ACT OF 2021

Sec. 201. Short title.
Sec. 202. Adjustment of status for certain nationals of certain countries designated for temporary protected status or deferred enforced departure.
Sec. 203. Clarification.

TITLE III—GENERAL PROVISIONS

Sec. 301. Definitions.
Sec. 302. Submission of biometric and biographic data; background checks.
Sec. 303. Limitation on removal; application and fee exemption; and other conditions on eligible individuals.
Sec. 304. Determination of continuous presence and residence.
Sec. 305. Exemption from numerical limitations.
Sec. 306. Availability of administrative and judicial review.
Sec. 307. Documentation requirements.
Sec. 308. Rule making.
Sec. 309. Confidentiality of information.
Sec. 310. Grant program to assist eligible applicants.
Sec. 311. Provisions affecting eligibility for adjustment of status.
Sec. 312. Supplementary surcharge for appointed counsel.
Sec. 313. Annual report on provisional denial authority.

# TITLE I—DREAM ACT OF 2021

**SEC. 101. SHORT TITLE.**

This title may be cited as the "Dream Act of 2021".

3

SEC. 102. PERMANENT RESIDENT STATUS ON A CONDI-
            TIONAL BASIS FOR CERTAIN LONG-TERM
            RESIDENTS WHO ENTERED THE UNITED
            STATES AS CHILDREN.

(a) CONDITIONAL BASIS FOR STATUS.—Notwith-
standing any other provision of law, and except as pro-
vided in section 104(c)(2), an alien shall be considered,
at the time of obtaining the status of an alien lawfully
admitted for permanent residence under this section, to
have obtained such status on a conditional basis subject
to the provisions of this title.

(b) REQUIREMENTS.—

    (1) IN GENERAL.—Notwithstanding any other
    provision of law, the Secretary or the Attorney Gen-
    eral shall adjust to the status of an alien lawfully
    admitted for permanent residence on a conditional
    basis, or without the conditional basis as provided in
    section 104(c)(2), an alien who is inadmissible or de-
    portable from the United States, is subject to a
    grant of Deferred Enforced Departure, has tem-
    porary protected status under section 244 of the Im-
    migration and Nationality Act (8 U.S.C. 1254a), or
    is the son or daughter of an alien admitted as a non-
    immigrant under subparagraphs (E)(i), (E)(ii),
    (H)(i)(b), or (L) of section 101(a)(15) of such Act
    (8 U.S.C. 1101(a)(15)) if—

4

1         (A) the alien has been continuously phys-

2     ically present in the United States since Janu-

3     ary 1, 2021;

4         (B) the alien was 18 years of age or

5     younger on the date on which the alien entered

6     the United States and has continuously resided

7     in the United States since such entry;

8     (C) the alien—

9         (i) subject to paragraph (2), is not in-

10    admissible under paragraph (1), (6)(E),

11    (6)(G), (8), or (10) of section 212(a) of

12    the Immigration and Nationality Act (8

13    U.S.C. 1182(a));

14        (ii) has not ordered, incited, assisted,

15    or otherwise participated in the persecution

16    of any person on account of race, religion,

17    nationality, membership in a particular so-

18    cial group, or political opinion; and

19        (iii) is not barred from adjustment of

20    status under this title based on the crimi-

21    nal and national security grounds de-

22    scribed under subsection (c), subject to the

23    provisions of such subsection; and

24    (D) the alien—

5

1          (i) has been admitted to an institution

2     of higher education;

3          (ii) has been admitted to an area ca-

4     reer and technical education school at the

5     postsecondary level;

6          (iii) in the United States, has ob-

7     tained—

8               (I) a high school diploma or a

9          commensurate alternative award from

10         a public or private high school;

11              (II) a General Education Devel-

12         opment credential, a high school

13         equivalency diploma recognized under

14         State law, or another similar State-

15         authorized credential;

16              (III) a credential or certificate

17         from an area career and technical

18         education school at the secondary

19         level; or

20              (IV) a recognized postsecondary

21         credential; or

22         (iv) is enrolled in secondary school or

23    in an education program assisting students

24    in—

6

1        (I) obtaining a high school di-
2            ploma or its recognized equivalent
3            under State law;

4        (II) passing the General Edu-
5            cation Development test, a high school
6            equivalence diploma examination, or
7            other similar State-authorized exam;

8        (III) obtaining a certificate or
9            credential from an area career and
10           technical education school providing
11           education at the secondary level; or

12       (IV) obtaining a recognized post-
13           secondary credential.

14   (2) WAIVER OF GROUNDS OF INADMIS-
15   SIBILITY.—With respect to any benefit under this
16   title, and in addition to the waivers under subsection
17   (c)(2), the Secretary may waive the grounds of inad-
18   missibility under paragraph (1), (6)(E), (6)(G), or
19   (10)(D) of section 212(a) of the Immigration and
20   Nationality Act (8 U.S.C. 1182(a)) for humanitarian
21   purposes, for family unity, or because the waiver is
22   otherwise in the public interest.

23   (3) APPLICATION FEE.—

24       (A) IN GENERAL.—The Secretary may,
25           subject to an exemption under section 303(c),

7

1    require an alien applying under this section to
2    pay a reasonable fee that is commensurate with
3    the cost of processing the application but does
4    not exceed $495.00.

5    (B) SPECIAL PROCEDURES FOR APPLI-
6    CANTS WITH DACA.—The Secretary shall estab-
7    lish a streamlined procedure for aliens who have
8    been granted DACA and who meet the require-
9    ments for renewal (under the terms of the pro-
10   gram in effect on January 1, 2017) to apply for
11   adjustment of status to that of an alien lawfully
12   admitted for permanent residence on a condi-
13   tional basis under this section, or without the
14   conditional basis as provided in section
15   104(c)(2). Such procedure shall not include a
16   requirement that the applicant pay a fee, except
17   that the Secretary may require an applicant
18   who meets the requirements for lawful perma-
19   nent residence without the conditional basis
20   under section 104(c)(2) to pay a fee that is
21   commensurate with the cost of processing the
22   application, subject to the exemption under sec-
23   tion 303(c).

24   (4) BACKGROUND CHECKS.—The Secretary
25   may not grant an alien permanent resident status on

8

1    a conditional basis under this section until the re-

2    quirements of section 302 are satisfied.

3        (5) MILITARY SELECTIVE SERVICE.—An alien

4    applying for permanent resident status on a condi-

5    tional basis under this section, or without the condi-

6    tional basis as provided in section 104(c)(2), shall

7    establish that the alien has registered under the

8    Military Selective Service Act (50 U.S.C. 3801 et

9    seq.), if the alien is subject to registration under

10    such Act.

11    (c) CRIMINAL AND NATIONAL SECURITY BARS.—

12        (1) GROUNDS OF INELIGIBILITY.—Except as

13    provided in paragraph (2), an alien is ineligible for

14    adjustment of status under this title (whether on a

15    conditional basis or without the conditional basis as

16    provided in section 104(c)(2)) if any of the following

17    apply:

18        (A) The alien is inadmissible under para-

19        graph (2) or (3) of section 212(a) of the Immi-

20        gration and Nationality Act (8 U.S.C. 1182(a)).

21        (B) Excluding any offense under State law

22        for which an essential element is the alien's im-

23        migration status, and any minor traffic offense,

24        the alien has been convicted of—

25        (i) any felony offense;

9

1     (ii) three or more misdemeanor of-
2     fenses (excluding simple possession of can-
3     nabis or cannabis-related paraphernalia,
4     any offense involving cannabis or cannabis-
5     related paraphernalia which is no longer
6     prosecutable in the State in which the con-
7     viction was entered, and any offense involv-
8     ing civil disobedience without violence) not
9     occurring on the same date, and not aris-
10     ing out of the same act, omission, or
11     scheme of misconduct; or
12     (iii) a misdemeanor offense of domes-
13     tic violence, unless the alien demonstrates
14     that such crime is related to the alien hav-
15     ing been—
16       (I) a victim of domestic violence,
17       sexual assault, stalking, child abuse or
18       neglect, abuse or neglect in later life,
19       or human trafficking;
20       (II) battered or subjected to ex-
21       treme cruelty; or
22       (III) a victim of criminal activity
23       described in section 101(a)(15)(U)(iii)
24       of the Immigration and Nationality
25       Act (8 U.S.C. 1101(a)(15)(U)(iii)).

10

1    (2) WAIVERS FOR CERTAIN MISDEMEANORS.—

2    For humanitarian purposes, family unity, or if oth-

3    erwise in the public interest, the Secretary may—

4        (A) waive the grounds of inadmissibility

5        under subparagraphs (A), (C), and (D) of sec-

6        tion 212(a)(2) of the Immigration and Nation-

7        ality Act (8 U.S.C. 1182(a)(2)), unless the con-

8        viction forming the basis for inadmissibility

9        would otherwise render the alien ineligible

10       under paragraph (1)(B) (subject to subpara-

11       graph (B)); and

12       (B) for purposes of clauses (ii) and (iii) of

13       paragraph (1)(B), waive consideration of—

14           (i) one misdemeanor offense if the

15           alien has not been convicted of any offense

16           in the 5-year period preceding the date on

17           which the alien applies for adjustment of

18           status under this title; or

19           (ii) up to two misdemeanor offenses if

20           the alien has not been convicted of any of-

21           fense in the 10-year period preceding the

22           date on which the alien applies for adjust-

23           ment of status under this title.

24   (3) AUTHORITY TO CONDUCT SECONDARY RE-

25   VIEW.—

11

1       (A) IN GENERAL.—Notwithstanding an

2    alien's eligibility for adjustment of status under

3    this title, and subject to the procedures de-

4    scribed in this paragraph, the Secretary may,

5    as a matter of non-delegable discretion, provi-

6    sionally deny an application for adjustment of

7    status (whether on a conditional basis or with-

8    out the conditional basis as provided in section

9    104(c)(2)) if the Secretary, based on clear and

10    convincing evidence, which shall include credible

11    law enforcement information, determines that

12    the alien is described in subparagraph (B) or

13    (D).

14       (B) PUBLIC SAFETY.—An alien is de-

15    scribed in this subparagraph if—

16          (i) excluding simple possession of can-

17          nabis or cannabis-related paraphernalia,

18          any offense involving cannabis or cannabis-

19          related paraphernalia which is no longer

20          prosecutable in the State in which the con-

21          viction was entered, any offense under

22          State law for which an essential element is

23          the alien's immigration status, any offense

24          involving civil disobedience without vio-

12

lence, and any minor traffic offense, the
alien—

  (I) has been convicted of a mis-
demeanor offense punishable by a
term of imprisonment of more than
30 days; or

  (II) has been adjudicated delin-
quent in a State or local juvenile court
proceeding that resulted in a disposi-
tion ordering placement in a secure
facility; and

  (ii) the alien poses a significant and
continuing threat to public safety related
to such conviction or adjudication.

(C) PUBLIC SAFETY DETERMINATION.—
For purposes of subparagraph (B)(ii), the Sec-
retary shall consider the recency of the convic-
tion or adjudication; the length of any imposed
sentence or placement; the nature and serious-
ness of the conviction or adjudication, including
whether the elements of the offense include the
unlawful possession or use of a deadly weapon
to commit an offense or other conduct intended
to cause serious bodily injury; and any miti-

13

1 gating factors pertaining to the alien's role in

2 the commission of the offense.

3  (D) GANG PARTICIPATION.—An alien is

4 described in this subparagraph if the alien has,

5 within the 5 years immediately preceding the

6 date of the application, knowingly, willfully, and

7 voluntarily participated in offenses committed

8 by a criminal street gang (as described in sub-

9 sections (a) and (c) of section 521 of title 18,

10 United States Code) with the intent to promote

11 or further the commission of such offenses.

12  (E) EVIDENTIARY LIMITATION.—For pur-

13 poses of subparagraph (D), allegations of gang

14 membership obtained from a State or Federal

15 in-house or local database, or a network of

16 databases used for the purpose of recording and

17 sharing activities of alleged gang members

18 across law enforcement agencies, shall not es-

19 tablish the participation described in such para-

20 graph.

21  (F) NOTICE.—

22   (i) IN GENERAL.—Prior to rendering

23  a discretionary decision under this para-

24  graph, the Secretary shall provide written

25  notice of the intent to provisionally deny

14

1     the application to the alien (or the alien's

2     counsel of record, if any) by certified mail

3     and, if an electronic mail address is pro-

4     vided, by electronic mail (or other form of

5     electronic communication). Such notice

6     shall—

7         (I) articulate with specificity all

8         grounds for the preliminary deter-

9         mination, including the evidence relied

10        upon to support the determination;

11        and

12         (II) provide the alien with not

13        less than 90 days to respond.

14        (ii) SECOND NOTICE.—Not more than

15     30 days after the issuance of the notice

16     under clause (i), the Secretary shall pro-

17     vide a second written notice that meets the

18     requirements of such clause.

19        (iii) NOTICE NOT RECEIVED.—Not-

20     withstanding any other provision of law, if

21     an applicant provides good cause for not

22     contesting a provisional denial under this

23     paragraph, including a failure to receive

24     notice as required under this subpara-

25     graph, the Secretary shall, upon a motion

15

1 filed by the alien, reopen an application for

2 adjustment of status under this title and

3 allow the applicant an opportunity to re-

4 spond, consistent with clause (i)(II).

5 (G) JUDICIAL REVIEW OF A PROVISIONAL

6 DENIAL.—

7 (i) IN GENERAL.—Notwithstanding

8 any other provision of law, if, after notice

9 and the opportunity to respond under sub-

10 paragraph (F), the Secretary provisionally

11 denies an application for adjustment of

12 status under this Act, the alien shall have

13 60 days from the date of the Secretary's

14 determination to seek review of such deter-

15 mination in an appropriate United States

16 district court.

17 (ii) SCOPE OF REVIEW AND DECI-

18 SION.—Notwithstanding any other provi-

19 sion of law, review under paragraph (1)

20 shall be de novo and based solely on the

21 administrative record, except that the ap-

22 plicant shall be given the opportunity to

23 supplement the administrative record and

24 the Secretary shall be given the oppor-

25 tunity to rebut the evidence and arguments

16

1      raised in such submission. Upon issuing its

2      decision, the court shall remand the mat-

3      ter, with appropriate instructions, to the

4      Department of Homeland Security to

5      render a final decision on the application.

6           (iii) APPOINTED COUNSEL.—Notwith-

7      standing any other provision of law, an ap-

8      plicant seeking judicial review under clause

9      (i) shall be represented by counsel. Upon

10     the request of the applicant, counsel shall

11     be appointed for the applicant, in accord-

12     ance with procedures to be established by

13     the Attorney General within 90 days of the

14     date of the enactment of this Act, and

15     shall be funded in accordance with fees col-

16     lected and deposited in the Immigration

17     Counsel Account under section 312.

18   (4) DEFINITIONS.—For purposes of this sub-

19   section—

20        (A) the term "felony offense" means an of-

21     fense under Federal or State law that is pun-

22     ishable by a maximum term of imprisonment of

23     more than 1 year;

24        (B) the term "misdemeanor offense"

25     means an offense under Federal or State law

17

1             that is punishable by a term of imprisonment of

2             more than 5 days but not more than 1 year;

3             and

4                 (C) the term ''crime of domestic violence''

5             means any offense that has as an element the

6             use, attempted use, or threatened use of phys-

7             ical force against a person committed by a cur-

8             rent or former spouse of the person, by an indi-

9             vidual with whom the person shares a child in

10            common, by an individual who is cohabiting

11            with or has cohabited with the person as a

12            spouse, by an individual similarly situated to a

13            spouse of the person under the domestic or

14            family violence laws of the jurisdiction where

15            the offense occurs, or by any other individual

16            against a person who is protected from that in-

17            dividual's acts under the domestic or family vio-

18            lence laws of the United States or any State,

19            Indian Tribal government, or unit of local gov-

20            ernment.

21     (d) LIMITATION ON REMOVAL OF CERTAIN ALIEN

22 MINORS.—An alien who is 18 years of age or younger and

23 meets the requirements under subparagraphs (A), (B),

24 and (C) of subsection (b)(1) shall be provided a reasonable

25 opportunity to meet the educational requirements under

18

1 subparagraph (D) of such subsection. The Attorney Gen-

2 eral or the Secretary may not commence or continue with

3 removal proceedings against such an alien.

4    (e) WITHDRAWAL OF APPLICATION.—The Secretary

5 shall, upon receipt of a request to withdraw an application

6 for adjustment of status under this section, cease proc-

7 essing of the application, and close the case. Withdrawal

8 of the application under this subsection shall not prejudice

9 any future application filed by the applicant for any immi-

10 gration benefit under this title or under the Immigration

11 and Nationality Act (8 U.S.C. 1101 et seq.).

12 **SEC. 103. TERMS OF PERMANENT RESIDENT STATUS ON A**

13                  **CONDITIONAL BASIS.**

14    (a) PERIOD OF STATUS.—Permanent resident status

15 on a conditional basis is—

16        (1) valid for a period of 10 years, unless such

17     period is extended by the Secretary; and

18        (2) subject to revocation under subsection (c).

19    (b) NOTICE OF REQUIREMENTS.—At the time an

20 alien obtains permanent resident status on a conditional

21 basis, the Secretary shall provide notice to the alien re-

22 garding the provisions of this title and the requirements

23 to have the conditional basis of such status removed.

19

1    (c) REVOCATION OF STATUS.—The Secretary may

2 revoke the permanent resident status on a conditional

3 basis of an alien only if the Secretary—

4         (1) determines that the alien ceases to meet the

5    requirements under section 102(b)(1)(C); and

6         (2) prior to the revocation, provides the alien—

7              (A) notice of the proposed revocation; and

8              (B) the opportunity for a hearing to pro-

9         vide evidence that the alien meets such require-

10        ments or otherwise to contest the proposed rev-

11        ocation.

12   (d) RETURN TO PREVIOUS IMMIGRATION STATUS.—

13 An alien whose permanent resident status on a conditional

14 basis expires under subsection (a)(1) or is revoked under

15 subsection (c), shall return to the immigration status that

16 the alien had immediately before receiving permanent resi-

17 dent status on a conditional basis.

18 **SEC. 104. REMOVAL OF CONDITIONAL BASIS OF PERMA-**

19 **NENT RESIDENT STATUS.**

20   (a) ELIGIBILITY FOR REMOVAL OF CONDITIONAL

21 BASIS.—

22        (1) IN GENERAL.—Subject to paragraph (2),

23   the Secretary shall remove the conditional basis of

24   an alien's permanent resident status granted under

1    this title and grant the alien status as an alien law-

2    fully admitted for permanent residence if the alien—

3         (A) is described in section 102(b)(1)(C);

4         (B) has not abandoned the alien's resi-

5         dence in the United States during the period in

6         which the alien has permanent resident status

7         on a conditional basis; and

8         (C)(i) has obtained a degree from an insti-

9         tution of higher education, or has completed at

10        least 2 years, in good standing, of a program in

11        the United States leading to a bachelor's degree

12        or higher degree or a recognized postsecondary

13        credential from an area career and technical

14        education school providing education at the

15        postsecondary level;

16        (ii) has served in the Uniformed Services

17        for at least 2 years and, if discharged, received

18        an honorable discharge; or

19        (iii) demonstrates earned income for peri-

20        ods totaling at least 3 years and at least 75

21        percent of the time that the alien has had a

22        valid employment authorization, except that, in

23        the case of an alien who was enrolled in an in-

24        stitution of higher education, an area career

25        and technical education school to obtain a rec-

21

1    ognized postsecondary credential, or an edu-
2    cation    program    described    in    section
3    102(b)(1)(D)(iii), the Secretary shall reduce
4    such total 3-year requirement by the total of
5    such periods of enrollment.

6    (2) HARDSHIP EXCEPTION.—The Secretary
7    shall remove the conditional basis of an alien's per-
8    manent resident status and grant the alien status as
9    an alien lawfully admitted for permanent residence
10   if the alien—

11        (A) satisfies the requirements under sub-
12        paragraphs (A) and (B) of paragraph (1);

13        (B) demonstrates compelling circumstances
14        for the inability to satisfy the requirements
15        under subparagraph (C) of such paragraph; and

16        (C) demonstrates that—

17             (i) the alien has a disability;

18             (ii) the alien is a full-time caregiver;
19        or

20             (iii) the removal of the alien from the
21        United States would result in hardship to
22        the alien or the alien's spouse, parent, or
23        child who is a national of the United
24        States or is lawfully admitted for perma-
25        nent residence.

1    (3) CITIZENSHIP REQUIREMENT.—

2        (A) IN GENERAL.—Except as provided in

3    subparagraph (B), the conditional basis of an

4    alien's permanent resident status granted under

5    this title may not be removed unless the alien

6    demonstrates that the alien satisfies the re-

7    quirements under section 312(a) of the Immi-

8    gration and Nationality Act (8 U.S.C. 1423(a)).

9        (B) EXCEPTION.—Subparagraph (A) shall

10    not apply to an alien who is unable to meet the

11    requirements under such section 312(a) due to

12    disability.

13    (4) APPLICATION FEE.—The Secretary may,

14    subject to an exemption under section 303(c), re-

15    quire aliens applying for removal of the conditional

16    basis of an alien's permanent resident status under

17    this section to pay a reasonable fee that is commen-

18    surate with the cost of processing the application.

19    (5) BACKGROUND CHECKS.—The Secretary

20    may not remove the conditional basis of an alien's

21    permanent resident status until the requirements of

22    section 302 are satisfied.

23    (b) TREATMENT FOR PURPOSES OF NATURALIZA-

24    TION.—

23

1    (1) IN GENERAL.—For purposes of title III of

2    the Immigration and Nationality Act (8 U.S.C. 1401

3    et seq.), an alien granted permanent resident status

4    on a conditional basis shall be considered to have

5    been admitted to the United States, and be present

6    in the United States, as an alien lawfully admitted

7    for permanent residence.

8    (2) LIMITATION ON APPLICATION FOR NATU-

9    RALIZATION.—An alien may not apply for natu-

10   ralization while the alien is in permanent resident

11   status on a conditional basis.

12   (c) TIMING OF APPROVAL OF LAWFUL PERMANENT

13   RESIDENT STATUS.—

14   (1) IN GENERAL.—An alien granted permanent

15   resident status on a conditional basis under this title

16   may apply to have such conditional basis removed at

17   any time after such alien has met the eligibility re-

18   quirements set forth in subsection (a).

19   (2) APPROVAL WITH REGARD TO INITIAL APPLI-

20   CATIONS.—

21   (A) IN GENERAL.—Notwithstanding any

22   other provision of law, the Secretary or the At-

23   torney General shall adjust to the status of an

24   alien lawfully admitted for permanent resident

24

1    status without conditional basis, any alien
2    who—

3        (i) demonstrates eligibility for lawful
4        permanent residence status on a condi-
5        tional basis under section 102(b); and

6        (ii) subject to the exceptions described
7        in subsections (a)(2) and (a)(3)(B) of this
8        section, already has fulfilled the require-
9        ments of paragraphs (1) and (3) of sub-
10       section (a) of this section at the time such
11       alien first submits an application for bene-
12       fits under this title.

13    (B) BACKGROUND CHECKS.—Subsection
14    (a)(5) shall apply to an alien seeking lawful
15    permanent resident status without conditional
16    basis in an initial application in the same man-
17    ner as it applies to an alien seeking removal of
18    the conditional basis of an alien's permanent
19    resident status. Section 102(b)(4) shall not be
20    construed to require the Secretary to conduct
21    more than one identical security or law enforce-
22    ment background check on such an alien.

23    (C) APPLICATION FEES.—In the case of an
24    alien seeking lawful permanent resident status
25    without conditional basis in an initial applica-

25

1        tion, the alien shall pay the fee required under

2        subsection (a)(4), subject to the exemption al-

3        lowed under section 303(c), but shall not be re-

4        quired to pay the application fee under section

5        102(b)(3).

6 **SEC. 105. RESTORATION OF STATE OPTION TO DETERMINE**

7        **RESIDENCY FOR PURPOSES OF HIGHER EDU-**

8        **CATION BENEFITS.**

9     (a) IN GENERAL.—Section 505 of the Illegal Immi-

10 gration Reform and Immigrant Responsibility Act of 1996

11 (8 U.S.C. 1623) is repealed.

12     (b) EFFECTIVE DATE.—The repeal under subsection

13 (a) shall take effect as if included in the original enact-

14 ment of the Illegal Immigration Reform and Immigrant

15 Responsibility Act of 1996 (division C of Public Law 104–

16 208; 110 Stat. 3009–546).

# 17    TITLE II—AMERICAN PROMISE
# 18       ACT OF 2021

19 **SEC. 201. SHORT TITLE.**

20     This title may be cited as the ''American Promise Act

21 of 2021''.

26

1 **SEC. 202. ADJUSTMENT OF STATUS FOR CERTAIN NATION-**

2         **ALS OF CERTAIN COUNTRIES DESIGNATED**

3         **FOR TEMPORARY PROTECTED STATUS OR**

4         **DEFERRED ENFORCED DEPARTURE.**

5     (a) IN GENERAL.—Notwithstanding any other provi-

6 sion of law, the Secretary or the Attorney General shall

7 adjust to the status of an alien lawfully admitted for per-

8 manent residence, an alien described in subsection (b) if

9 the alien—

10         (1) applies for such adjustment, including sub-

11     mitting any required documents under section 307,

12     not later than 3 years after the date of the enact-

13     ment of this Act;

14         (2) has been continuously physically present in

15     the United States for a period of not less than 3

16     years; and

17         (3) subject to subsection (c), is not inadmissible

18     under paragraph (1), (2), (3), (6)(D), (6)(E),

19     (6)(F), (6)(G), (8), or (10) of section 212(a) of the

20     Immigration and Nationality Act (8 U.S.C.

21     1182(a)).

22     (b) ALIENS ELIGIBLE FOR ADJUSTMENT OF STA-

23 TUS.—An alien shall be eligible for adjustment of status

24 under this section if the alien is an individual—

25         (1) who—

27

1          (A) is a national of a foreign state (or part

2          thereof) (or in the case of an alien having no

3          nationality, is a person who last habitually re-

4          sided in such state) with a designation under

5          subsection (b) of section 244 of the Immigra-

6          tion and Nationality Act (8 U.S.C. 1254a(b))

7          on January 1, 2017, who had or was otherwise

8          eligible for temporary protected status on such

9          date notwithstanding subsections (c)(1)(A)(iv)

10          and (c)(3)(C) of such section; and

11          (B) has not engaged in conduct since such

12          date that would render the alien ineligible for

13          temporary protected status under section

14          244(c)(2) of the Immigration and Nationality

15          Act (8 U.S.C. 1245a(c)(2)); or

16     (2) who was eligible for Deferred Enforced De-

17     parture as of January 20, 2021 and has not en-

18     gaged in conduct since that date that would render

19     the alien ineligible for Deferred Enforced Departure.

20 (c) WAIVER OF GROUNDS OF INADMISSIBILITY.—

21     (1) IN GENERAL.—Except as provided in para-

22     graph (2), with respect to any benefit under this

23     title, and in addition to any waivers that are other-

24     wise available, the Secretary may waive the grounds

25     of inadmissibility under paragraph (1), subpara-

28

1 graphs (A), (C), and (D) of paragraph (2), subpara-

2 graphs (D) through (G) of paragraph (6), or para-

3 graph (10)(D) of section 212(a) of the Immigration

4 and Nationality Act (8 U.S.C. 1182(a)) for humani-

5 tarian purposes, for family unity, or because the

6 waiver is otherwise in the public interest.

7 (2) EXCEPTION.—The Secretary may not waive

8 a ground described in paragraph (1) if such inad-

9 missibility is based on a conviction or convictions,

10 and such conviction or convictions would otherwise

11 render the alien ineligible under section

12 244(c)(2)(B) of the Immigration and Nationality

13 Act (8 U.S.C. 1254a(c)(2)(B)).

14 (d) APPLICATION.—

15 (1) FEE.—The Secretary shall, subject to an

16 exemption under section 303(c), require an alien ap-

17 plying for adjustment of status under this section to

18 pay a reasonable fee that is commensurate with the

19 cost of processing the application, but does not ex-

20 ceed $1,140.

21 (2) BACKGROUND CHECKS.—The Secretary

22 may not grant an alien permanent resident status on

23 a conditional basis under this section until the re-

24 quirements of section 302 are satisfied.

29

1        (3) WITHDRAWAL OF APPLICATION.—The Sec-
2     retary of Homeland Security shall, upon receipt of
3     a request to withdraw an application for adjustment
4     of status under this section, cease processing of the
5     application and close the case. Withdrawal of the ap-
6     plication under this subsection shall not prejudice
7     any future application filed by the applicant for any
8     immigration benefit under this title or under the Im-
9     migration and Nationality Act (8 U.S.C. 1101 et
10     seq.).

11  **SEC. 203. CLARIFICATION.**

12        Section 244(f)(4) of the Immigration and Nationality
13  Act (8 U.S.C. 1254a(f)(4)) is amended by inserting after
14  "considered" the following: "as having been inspected and
15  admitted into the United States, and".

# TITLE III—GENERAL
# PROVISIONS

18  **SEC. 301. DEFINITIONS.**

19        (a) IN GENERAL.—In this Act:

20        (1) IN GENERAL.—Except as otherwise specifi-
21     cally provided, any term used in this Act that is
22     used in the immigration laws shall have the meaning
23     given such term in the immigration laws.

24        (2) APPROPRIATE UNITED STATES DISTRICT
25     COURT.—The term "appropriate United States dis-

30

1    trict court'' means the United States District Court
2    for the District of Columbia or the United States
3    district court with jurisdiction over the alien's prin-
4    cipal place of residence.

5    (3) AREA CAREER AND TECHNICAL EDUCATION
6    SCHOOL.—The term "area career and technical edu-
7    cation school'' has the meaning given such term in
8    section 3 of the Carl D. Perkins Career and Tech-
9    nical Education Act of 2006 (20 U.S.C. 2302).

10    (4) DACA.—The term "DACA'' means de-
11    ferred action granted to an alien pursuant to the
12    Deferred Action for Childhood Arrivals policy an-
13    nounced by the Secretary of Homeland Security on
14    June 15, 2012.

15    (5) DISABILITY.—The term "disability'' has the
16    meaning given such term in section 3(1) of the
17    Americans with Disabilities Act of 1990 (42 U.S.C.
18    12102(1)).

19    (6) FEDERAL POVERTY LINE.—The term "Fed-
20    eral poverty line'' has the meaning given such term
21    in section 213A(h) of the Immigration and Nation-
22    ality Act (8 U.S.C. 1183a).

23    (7) HIGH SCHOOL; SECONDARY SCHOOL.—The
24    terms "high school'' and "secondary school'' have
25    the meanings given such terms in section 8101 of

31

1 the Elementary and Secondary Education Act of

2 1965 (20 U.S.C. 7801).

3  (8) IMMIGRATION LAWS.—The term ''immigra-

4 tion laws'' has the meaning given such term in sec-

5 tion 101(a)(17) of the Immigration and Nationality

6 Act (8 U.S.C. 1101(a)(17)).

7  (9) INSTITUTION OF HIGHER EDUCATION.—The

8 term ''institution of higher education''—

9   (A) except as provided in subparagraph

10  (B), has the meaning given such term in section

11  102 of the Higher Education Act of 1965 (20

12  U.S.C. 1002); and

13   (B) does not include an institution of high-

14  er education outside of the United States.

15  (10) RECOGNIZED POSTSECONDARY CREDEN-

16 TIAL.—The term ''recognized postsecondary creden-

17 tial'' has the meaning given such term in section 3

18 of the Workforce Innovation and Opportunity Act

19 (29 U.S.C. 3102).

20  (11) SECRETARY.—Except as otherwise specifi-

21 cally provided, the term ''Secretary'' means the Sec-

22 retary of Homeland Security.

23  (12) UNIFORMED SERVICES.—The term ''Uni-

24 formed Services'' has the meaning given the term

1     "uniformed services" in section 101(a) of title 10,

2     United States Code.

3     (b) TREATMENT OF EXPUNGED CONVICTIONS.—For

4 purposes of adjustment of status under this Act, the terms

5 "convicted" and "conviction", as used in this Act and in

6 sections 212 and 244 of the Immigration and Nationality

7 Act (8 U.S.C. 1182, 1254a), do not include a judgment

8 that has been expunged or set aside, that resulted in a

9 rehabilitative disposition, or the equivalent.

10 **SEC. 302. SUBMISSION OF BIOMETRIC AND BIOGRAPHIC**

11         **DATA; BACKGROUND CHECKS.**

12     (a) SUBMISSION OF BIOMETRIC AND BIOGRAPHIC

13 DATA.—The Secretary may not grant an alien adjustment

14 of status under this Act, on either a conditional or perma-

15 nent basis, unless the alien submits biometric and bio-

16 graphic data, in accordance with procedures established

17 by the Secretary. The Secretary shall provide an alter-

18 native procedure for aliens who are unable to provide such

19 biometric or biographic data because of a physical impair-

20 ment.

21     (b) BACKGROUND CHECKS.—The Secretary shall use

22 biometric, biographic, and other data that the Secretary

23 determines appropriate to conduct security and law en-

24 forcement background checks and to determine whether

25 there is any criminal, national security, or other factor

33

1 that would render the alien ineligible for adjustment of

2 status under this Act, on either a conditional or perma-

3 nent basis. The status of an alien may not be adjusted,

4 on either a conditional or permanent basis, unless security

5 and law enforcement background checks are completed to

6 the satisfaction of the Secretary.

7 SEC. 303. LIMITATION ON REMOVAL; APPLICATION AND

8          FEE EXEMPTION; AND OTHER CONDITIONS

9          ON ELIGIBLE INDIVIDUALS.

10     (a) LIMITATION ON REMOVAL.—An alien who ap-

11 pears to be prima facie eligible for relief under this Act

12 shall be given a reasonable opportunity to apply for such

13 relief and may not be removed until, subject to section

14 306(c)(2), a final decision establishing ineligibility for re-

15 lief is rendered.

16     (b) APPLICATION.—An alien present in the United

17 States who has been ordered removed or has been per-

18 mitted to depart voluntarily from the United States may,

19 notwithstanding such order or permission to depart, apply

20 for adjustment of status under this Act. Such alien shall

21 not be required to file a separate motion to reopen, recon-

22 sider, or vacate the order of removal. If the Secretary ap-

23 proves the application, the Secretary shall cancel the order

24 of removal. If the Secretary renders a final administrative

25 decision to deny the application, the order of removal or

34

1 permission to depart shall be effective and enforceable to
2 the same extent as if the application had not been made,
3 only after all available administrative and judicial rem-
4 edies have been exhausted.

5    (c) FEE EXEMPTION.—An applicant may be exempt-
6 ed from paying an application fee required under this Act
7 if the applicant—

8       (1) is 18 years of age or younger;

9       (2) received total income, during the 12-month
10      period immediately preceding the date on which the
11      applicant files an application under this Act, that is
12      less than 150 percent of the Federal poverty line;

13       (3) is in foster care or otherwise lacks any pa-
14      rental or other familial support; or

15       (4) cannot care for himself or herself because of
16      a serious, chronic disability.

17    (d) ADVANCE PAROLE.—During the period beginning
18 on the date on which an alien applies for adjustment of
19 status under this Act and ending on the date on which
20 the Secretary makes a final decision regarding such appli-
21 cation, the alien shall be eligible to apply for advance pa-
22 role. Section 101(g) of the Immigration and Nationality
23 Act (8 U.S.C. 1101(g)) shall not apply to an alien granted
24 advance parole under this Act.

35

1  (e) EMPLOYMENT.—An alien whose removal is stayed

2  pursuant to this Act, who may not be placed in removal

3  proceedings pursuant to this Act, or who has pending an

4  application under this Act, shall, upon application to the

5  Secretary, be granted an employment authorization docu-

6  ment.

7  **SEC. 304. DETERMINATION OF CONTINUOUS PRESENCE**

8  **AND RESIDENCE.**

9  (a) EFFECT OF NOTICE TO APPEAR.—Any period of

10  continuous physical presence or continuous residence in

11  the United States of an alien who applies for permanent

12  resident status under this Act (whether on a conditional

13  basis or without the conditional basis as provided in sec-

14  tion 104(c)(2) shall not terminate when the alien is

15  served a notice to appear under section 239(a) of the Im-

16  migration and Nationality Act (8 U.S.C. 1229(a)).

17  (b) TREATMENT OF CERTAIN BREAKS IN PRESENCE

18  OR RESIDENCE.—

19  (1) IN GENERAL.—Except as provided in para-

20  graphs (2) and (3), an alien shall be considered to

21  have failed to maintain—

22  (A) continuous physical presence in the

23  United States under this Act if the alien has

24  departed from the United States for any period

1    exceeding 90 days or for any periods, in the ag-

2    gregate, exceeding 180 days; and

3           (B) continuous residence in the United

4    States under this Act if the alien has departed

5    from the United States for any period exceeding

6    180 days, unless the alien establishes to the

7    satisfaction of the Secretary of Homeland Secu-

8    rity that the alien did not in fact abandon resi-

9    dence in the United States during such period.

10    (2) EXTENSIONS FOR EXTENUATING CIR-

11    CUMSTANCES.—The Secretary may extend the time

12    periods described in paragraph (1) for an alien who

13    demonstrates that the failure to timely return to the

14    United States was due to extenuating circumstances

15    beyond the alien's control, including—

16           (A) the serious illness of the alien;

17           (B) death or serious illness of a parent,

18    grandparent, sibling, or child of the alien;

19           (C) processing delays associated with the

20    application process for a visa or other travel

21    document; or

22           (D) restrictions on international travel due

23    to the public health emergency declared by the

24    Secretary of Health and Human Services under

37

1    section 319 of the Public Health Service Act

2    (42 U.S.C. 247d) with respect to COVID–19.

3    (3) TRAVEL AUTHORIZED BY THE SEC-

4    RETARY.—Any period of travel outside of the United

5    States by an alien that was authorized by the Sec-

6    retary may not be counted toward any period of de-

7    parture from the United States under paragraph

8    (1).

9  (c) WAIVER OF PHYSICAL PRESENCE.—With respect

10 to aliens who were removed or departed the United States

11 on or after January 20, 2017, and who were continuously

12 physically present in the United States for at least 4 years

13 prior to such removal or departure, the Secretary may,

14 as a matter of discretion, waive the physical presence re-

15 quirement under section 102(b)(1)(A) or section

16 202(a)(2) for humanitarian purposes, for family unity, or

17 because a waiver is otherwise in the public interest. The

18 Secretary, in consultation with the Secretary of State,

19 shall establish a procedure for such aliens to apply for re-

20 lief under section 102 or 202 from outside the United

21 States if they would have been eligible for relief under

22 such section, but for their removal or departure.

23 **SEC. 305. EXEMPTION FROM NUMERICAL LIMITATIONS.**

24    Nothing in this Act or in any other law may be con-

25 strued to apply a numerical limitation on the number of

38

1 aliens who may be granted permanent resident status
2 under this Act (whether on a conditional basis, or without
3 the conditional basis as provided in section 104(c)(2)).

**SEC. 306. AVAILABILITY OF ADMINISTRATIVE AND JUDI-
CIAL REVIEW.**

6 (a) ADMINISTRATIVE REVIEW.—Not later than 30
7 days after the date of the enactment of this Act, the Sec-
8 retary shall provide to aliens who have applied for adjust-
9 ment of status under this Act a process by which an appli-
10 cant may seek administrative appellate review of a denial
11 of an application for adjustment of status, or a revocation
12 of such status.

13 (b) JUDICIAL REVIEW.—Except as provided in sub-
14 section (c), and notwithstanding any other provision of
15 law, an alien may seek judicial review of a denial of an
16 application for adjustment of status, or a revocation of
17 such status, under this Act in an appropriate United
18 States district court.

19 (c) STAY OF REMOVAL.—

20 (1) IN GENERAL.—Except as provided in para-
21 graph (2), an alien seeking administrative or judicial
22 review under this Act may not be removed from the
23 United States until a final decision is rendered es-
24 tablishing that the alien is ineligible for adjustment
25 of status under this Act.

39

1    (2) EXCEPTION.—The Secretary may remove
2    an alien described in paragraph (1) pending judicial
3    review if such removal is based on criminal or na-
4    tional security grounds described in this Act. Such
5    removal shall not affect the alien's right to judicial
6    review under this Act. The Secretary shall promptly
7    return a removed alien if a decision to deny an ap-
8    plication for adjustment of status under this Act, or
9    to revoke such status, is reversed.

10   **SEC. 307. DOCUMENTATION REQUIREMENTS.**

11   (a) DOCUMENTS ESTABLISHING IDENTITY.—An
12   alien's application for permanent resident status under
13   this Act (whether on a conditional basis, or without the
14   conditional basis as provided in section 104(c)(2)) may in-
15   clude, as evidence of identity, the following:

16       (1) A passport or national identity document
17       from the alien's country of origin that includes the
18       alien's name and the alien's photograph or finger-
19       print.

20       (2) The alien's birth certificate and an identity
21       card that includes the alien's name and photograph.

22       (3) A school identification card that includes
23       the alien's name and photograph, and school records
24       showing the alien's name and that the alien is or
25       was enrolled at the school.

40

1     (4) A Uniformed Services identification card
2     issued by the Department of Defense.

3     (5) Any immigration or other document issued
4     by the United States Government bearing the alien's
5     name and photograph.

6     (6) A State-issued identification card bearing
7     the alien's name and photograph.

8     (7) Any other evidence determined to be cred-
9     ible by the Secretary.

10 (b) DOCUMENTS ESTABLISHING ENTRY, CONTIN-
11 UOUS PHYSICAL PRESENCE, LACK OF ABANDONMENT OF
12 RESIDENCE.—To establish that an alien was 18 years of
13 age or younger on the date on which the alien entered
14 the United States, and has continuously resided in the
15 United States since such entry, as required under section
16 102(b)(1)(B), that an alien has been continuously phys-
17 ically present in the United States, as required under sec-
18 tion 102(b)(1)(A) or 202(a)(2), or that an alien has not
19 abandoned residence in the United States, as required
20 under section 104(a)(1)(B), the alien may submit the fol-
21 lowing forms of evidence:

22     (1) Passport entries, including admission
23     stamps on the alien's passport.

41

1    (2) Any document from the Department of Jus-
2    tice or the Department of Homeland Security noting
3    the alien's date of entry into the United States.

4    (3) Records from any educational institution
5    the alien has attended in the United States.

6    (4) Employment records of the alien that in-
7    clude the employer's name and contact information,
8    or other records demonstrating earned income.

9    (5) Records of service from the Uniformed
10   Services.

11   (6) Official records from a religious entity con-
12   firming the alien's participation in a religious cere-
13   mony.

14   (7) A birth certificate for a child who was born
15   in the United States.

16   (8) Hospital or medical records showing med-
17   ical treatment or hospitalization, the name of the
18   medical facility or physician, and the date of the
19   treatment or hospitalization.

20   (9) Automobile license receipts or registration.

21   (10) Deeds, mortgages, or rental agreement
22   contracts.

23   (11) Rent receipts or utility bills bearing the
24   alien's name or the name of an immediate family
25   member of the alien, and the alien's address.

42

1       (12) Tax receipts.

2       (13) Insurance policies.

3       (14) Remittance records, including copies of

4 money order receipts sent in or out of the country.

5       (15) Travel records.

6       (16) Dated bank transactions.

7       (17) Two or more sworn affidavits from individ-

8 uals who are not related to the alien who have direct

9 knowledge of the alien's continuous physical pres-

10 ence in the United States, that contain—

11          (A) the name, address, and telephone num-

12       ber of the affiant; and

13          (B) the nature and duration of the rela-

14       tionship between the affiant and the alien.

15       (18) Any other evidence determined to be cred-

16 ible by the Secretary.

17 (c) DOCUMENTS ESTABLISHING ADMISSION TO AN

18 INSTITUTION OF HIGHER EDUCATION.—To establish that

19 an alien has been admitted to an institution of higher edu-

20 cation, the alien may submit to the Secretary a document

21 from the institution of higher education certifying that the

22 alien—

23       (1) has been admitted to the institution; or

24       (2) is currently enrolled in the institution as a

25 student.

43

1    (d) DOCUMENTS ESTABLISHING RECEIPT OF A DE-

2 GREE FROM AN INSTITUTION OF HIGHER EDUCATION.—

3 To establish that an alien has acquired a degree from an

4 institution of higher education in the United States, the

5 alien may submit to the Secretary a diploma or other doc-

6 ument from the institution stating that the alien has re-

7 ceived such a degree.

8    (e) DOCUMENTS ESTABLISHING RECEIPT OF A HIGH

9 SCHOOL DIPLOMA, GENERAL EDUCATIONAL DEVELOP-

10 MENT CREDENTIAL, OR A RECOGNIZED EQUIVALENT.—

11 To establish that in the United States an alien has earned

12 a high school diploma or a commensurate alternative

13 award from a public or private high school, has obtained

14 the General Education Development credential, or other-

15 wise has satisfied section 102(b)(1)(D)(iii), the alien may

16 submit to the Secretary the following:

17        (1) A high school diploma, certificate of comple-

18    tion, or other alternate award.

19        (2) A high school equivalency diploma or certifi-

20    cate recognized under State law.

21        (3) Evidence that the alien passed a State-au-

22    thorized exam, including the General Education De-

23    velopment test, in the United States.

24        (4) Evidence that the alien successfully com-

25    pleted an area career and technical education pro-

44

1    gram, such as a certification, certificate, or similar

2    alternate award.

3        (5) Evidence that the alien obtained a recog-

4    nized postsecondary credential.

5        (6) Any other evidence determined to be cred-

6    ible by the Secretary.

7    (f) DOCUMENTS ESTABLISHING ENROLLMENT IN AN

8    EDUCATIONAL PROGRAM.—To establish that an alien is

9    enrolled in any school or education program described in

10   section 102(b)(1)(D)(iv) or 104(a)(1)(C), the alien may

11   submit school records from the United States school that

12   the alien is currently attending that include—

13       (1) the name of the school; and

14       (2) the alien's name, periods of attendance, and

15   current grade or educational level.

16   (g) DOCUMENTS ESTABLISHING EXEMPTION FROM

17   APPLICATION FEES.—To establish that an alien is exempt

18   from an application fee under this Act, the alien may sub-

19   mit to the Secretary the following relevant documents:

20       (1) DOCUMENTS TO ESTABLISH AGE.—To es-

21   tablish that an alien meets an age requirement, the

22   alien may provide proof of identity, as described in

23   subsection (a), that establishes that the alien is 18

24   years of age or younger.

45

1     (2) DOCUMENTS TO ESTABLISH INCOME.—To

2 establish the alien's income, the alien may provide—

3     (A) employment records or other records of

4 earned income, including records that have been

5 maintained by the Social Security Administra-

6 tion, the Internal Revenue Service, or any other

7 Federal, State, or local government agency;

8     (B) bank records; or

9     (C) at least two sworn affidavits from indi-

10 viduals who are not related to the alien and

11 who have direct knowledge of the alien's work

12 and income that contain—

13     (i) the name, address, and telephone

14 number of the affiant; and

15     (ii) the nature and duration of the re-

16 lationship between the affiant and the

17 alien.

18     (3) DOCUMENTS TO ESTABLISH FOSTER CARE,

19 LACK OF FAMILIAL SUPPORT, OR SERIOUS, CHRONIC

20 DISABILITY.—To establish that the alien is in foster

21 care, lacks parental or familial support, or has a se-

22 rious, chronic disability, the alien may provide at

23 least two sworn affidavits from individuals who are

24 not related to the alien and who have direct knowl-

25 edge of the circumstances that contain—

46

1          (A) a statement that the alien is in foster

2          care, otherwise lacks any parental or other fa-

3          miliar support, or has a serious, chronic dis-

4          ability, as appropriate;

5          (B) the name, address, and telephone num-

6          ber of the affiant; and

7          (C) the nature and duration of the rela-

8          tionship between the affiant and the alien.

9     (h) DOCUMENTS ESTABLISHING QUALIFICATION FOR

10   HARDSHIP EXEMPTION.—To establish that an alien satis-

11   fies one of the criteria for the hardship exemption set forth

12   in section 104(a)(2)(C), the alien may submit to the Sec-

13   retary at least two sworn affidavits from individuals who

14   are not related to the alien and who have direct knowledge

15   of the circumstances that warrant the exemption, that

16   contain—

17        (1) the name, address, and telephone number of

18        the affiant; and

19        (2) the nature and duration of the relationship

20        between the affiant and the alien.

21   (i) DOCUMENTS ESTABLISHING SERVICE IN THE

22   UNIFORMED SERVICES.—To establish that an alien has

23   served in the Uniformed Services for at least 2 years and,

24   if discharged, received an honorable discharge, the alien

25   may submit to the Secretary—

47

1        (1) a Department of Defense form DD–214;

2        (2) a National Guard Report of Separation and

3    Record of Service form 22;

4        (3) personnel records for such service from the

5    appropriate Uniformed Service; or

6        (4) health records from the appropriate Uni-

7    formed Service.

8    (j) DOCUMENTS ESTABLISHING EARNED INCOME.—

9        (1) IN GENERAL.—An alien may satisfy the

10   earned     income     requirement     under     section

11   104(a)(1)(C)(iii) by submitting records that—

12           (A) establish compliance with such require-

13       ment; and

14           (B) have been maintained by the Social Se-

15       curity  Administration,  the  Internal  Revenue

16       Service,  or  any  other  Federal,  State,  or  local

17       government agency.

18       (2) OTHER DOCUMENTS.—An alien who is un-

19   able  to  submit  the  records  described  in  paragraph

20   (1)  may  satisfy  the  earned  income  requirement  by

21   submitting  at  least  two  types  of  reliable  documents

22   that  provide  evidence  of  employment  or  other  forms

23   of earned income, including—

24           (A) bank records;

25           (B) business records;

48

1          (C) employer or contractor records;

2          (D) records of a labor union, day labor

3      center, or organization that assists workers in

4      employment;

5          (E) sworn affidavits from individuals who

6      are not related to the alien and who have direct

7      knowledge of the alien's work, that contain—

8              (i) the name, address, and telephone

9          number of the affiant; and

10             (ii) the nature and duration of the re-

11         lationship between the affiant and the

12         alien;

13         (F) remittance records; or

14         (G) any other evidence determined to be

15     credible by the Secretary.

16     (k) AUTHORITY TO PROHIBIT USE OF CERTAIN DOC-

17 UMENTS.—If the Secretary determines, after publication

18 in the Federal Register and an opportunity for public com-

19 ment, that any document or class of documents does not

20 reliably establish identity or that permanent resident sta-

21 tus under this Act (whether on a conditional basis, or

22 without the conditional basis as provided in section

23 104(c)(2)) is being obtained fraudulently to an unaccept-

24 able degree, the Secretary may prohibit or restrict the use

25 of such document or class of documents.

49

1  **SEC. 308. RULE MAKING.**

2      (a) IN GENERAL.—Not later than 90 days after the

3  date of the enactment of this Act, the Secretary shall pub-

4  lish in the Federal Register interim final rules imple-

5  menting this Act, which shall allow eligible individuals to

6  immediately apply for relief under this Act. Notwith-

7  standing section 553 of title 5, United States Code, the

8  regulation shall be effective, on an interim basis, imme-

9  diately upon publication, but may be subject to change and

10  revision after public notice and opportunity for a period

11  of public comment. The Secretary shall finalize such rules

12  not later than 180 days after the date of publication.

13      (b) PAPERWORK REDUCTION ACT.—The require-

14  ments under chapter 35 of title 44, United States Code,

15  (commonly known as the ''Paperwork Reduction Act'')

16  shall not apply to any action to implement this Act.

17  **SEC. 309. CONFIDENTIALITY OF INFORMATION.**

18      (a) IN GENERAL.—The Secretary may not disclose

19  or use information (including information provided during

20  administrative or judicial review) provided in applications

21  filed under this Act or in requests for DACA for the pur-

22  pose of immigration enforcement.

23      (b) REFERRALS PROHIBITED.—The Secretary, based

24  solely on information provided in an application for adjust-

25  ment of status under this Act (including information pro-

26  vided during administrative or judicial review) or an appli-

50

1 cation for DACA, may not refer an applicant to U.S. Im-

2 migration and Customs Enforcement, U.S. Customs and

3 Border Protection, or any designee of either such entity.

4     (c) LIMITED EXCEPTION.—Notwithstanding sub-

5 sections (a) and (b), information provided in an applica-

6 tion for adjustment of status under this Act may be

7 shared with Federal security and law enforcement agen-

8 cies—

9        (1) for assistance in the consideration of an ap-

10     plication for adjustment of status under this Act;

11        (2) to identify or prevent fraudulent claims;

12        (3) for national security purposes; or

13        (4) for the investigation or prosecution of any

14     felony offense not related to immigration status.

15     (d) PENALTY.—Any person who knowingly uses, pub-

16 lishes, or permits information to be examined in violation

17 of this section shall be fined not more than $10,000.

18 **SEC. 310. GRANT PROGRAM TO ASSIST ELIGIBLE APPLI-**

19        **CANTS.**

20     (a) ESTABLISHMENT.—The Secretary shall establish,

21 within U.S. Citizenship and Immigration Services, a pro-

22 gram to award grants, on a competitive basis, to eligible

23 nonprofit organizations that will use the funding to assist

24 eligible applicants under this Act by providing them with

25 the services described in subsection (b).

51

1    (b) USE OF FUNDS.—Grant funds awarded under

2 this section shall be used for the design and implementa-

3 tion of programs that provide—

4        (1) information to the public regarding the eli-

5        gibility and benefits of permanent resident status

6        under this Act (whether on a conditional basis, or

7        without the conditional basis as provided in section

8        104(c)(2)), particularly to individuals potentially eli-

9        gible for such status;

10        (2) assistance, within the scope of authorized

11        practice of immigration law, to individuals submit-

12        ting applications for adjustment of status under this

13        Act (whether on a conditional basis, or without the

14        conditional basis as provided in section 104(c)(2)),

15        including—

16        (A) screening prospective applicants to as-

17        sess their eligibility for such status;

18        (B) completing applications and petitions,

19        including providing assistance in obtaining the

20        requisite documents and supporting evidence;

21        and

22        (C) providing any other assistance that the

23        Secretary or grantee considers useful or nec-

24        essary to apply for adjustment of status under

25        this Act (whether on a conditional basis, or

52

1 without the conditional basis as provided in sec-

2 tion 104(c)(2)); and

3 (3) assistance, within the scope of authorized

4 practice of immigration law, and instruction, to indi-

5 viduals—

6 (A) on the rights and responsibilities of

7 United States citizenship;

8 (B) in civics and English as a second lan-

9 guage;

10 (C) in preparation for the General Edu-

11 cation Development test; and

12 (D) in applying for adjustment of status

13 and United States citizenship.

14 (c) AUTHORIZATION OF APPROPRIATIONS.—

15 (1) AMOUNTS AUTHORIZED.—There are author-

16 ized to be appropriated such sums as may be nec-

17 essary for each of the fiscal years 2022 through

18 2032 to carry out this section.

19 (2) AVAILABILITY.—Any amounts appropriated

20 pursuant to paragraph (1) shall remain available

21 until expended.

22 **SEC. 311. PROVISIONS AFFECTING ELIGIBILITY FOR AD-**

23 **JUSTMENT OF STATUS.**

24 An alien's eligibility to be lawfully admitted for per-

25 manent residence under this Act (whether on a conditional

53

1 basis, or without the conditional basis as provided in sec-
2 tion 104(c)(2)) shall not preclude the alien from seeking
3 any status under any other provision of law for which the
4 alien may otherwise be eligible.

5 **SEC. 312. SUPPLEMENTARY SURCHARGE FOR APPOINTED**
6 **COUNSEL.**

7 (a) IN GENERAL.—Except as provided in section 302
8 and in cases where the applicant is exempt from paying
9 a fee under section 303(c), in any case in which a fee is
10 charged pursuant to this Act, an additional surcharge of
11 $25 shall be imposed and collected for the purpose of pro-
12 viding appointed counsel to applicants seeking judicial re-
13 view of the Secretary's decision to provisionally deny an
14 application under this Act.

15 (b) IMMIGRATION COUNSEL ACCOUNT.—There is es-
16 tablished in the general fund of the Treasury a separate
17 account which shall be known as the ''Immigration Coun-
18 sel Account''. Fees collected under subsection (a) shall be
19 deposited into the Immigration Counsel Account and shall
20 remain available until expended for purposes of providing
21 appointed counsel as required under this Act.

22 (c) REPORT.—At the end of each 2-year period, be-
23 ginning with the establishment of this account, the Sec-
24 retary of Homeland Security shall submit a report to the
25 Congress concerning the status of the account, including

54

1 any balances therein, and recommend any adjustment in
2 the prescribed fee that may be required to ensure that the
3 receipts collected from the fee charged for the succeeding
4 two years equal, as closely as possible, the cost of pro-
5 viding appointed counsel as required under this Act.

6 **SEC. 313. ANNUAL REPORT ON PROVISIONAL DENIAL AU-**
7 **THORITY.**

8    Not later than 1 year after the date of the enactment
9 of this Act, and annually thereafter, the Secretary of
10 Homeland Security shall submit to the Congress a report
11 detailing the number of applicants that receive—

12    (1) a provisional denial under this Act;

13    (2) a final denial under this Act without seek-
14 ing judicial review;

15    (3) a final denial under this Act after seeking
16 judicial review; and

17    (4) an approval under this Act after seeking ju-
18 dicial review.

   Passed the House of Representatives March 18,
2021.

   Attest:                    CHERYL L. JOHNSON,
                                                    *Clerk.*