# EXHIBIT 2

II

117TH CONGRESS
1ST SESSION

# S. 264

To authorize the cancellation of removal and adjustment of status of certain individuals who are long-term United States residents and who entered the United States as children, and for other purposes.

——————————

## IN THE SENATE OF THE UNITED STATES

FEBRUARY 4, 2021

Mr. DURBIN (for himself and Mr. GRAHAM) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

——————————

# A BILL

To authorize the cancellation of removal and adjustment of status of certain individuals who are long-term United States residents and who entered the United States as children, and for other purposes.

1   *Be it enacted by the Senate and House of Representa-*
2   *tives of the United States of America in Congress assembled,*

3   **SECTION 1. SHORT TITLE.**

4   This Act may be cited as the ''Dream Act of 2021''.

5   **SEC. 2. DEFINITIONS.**

6   In this Act:

7   (1) IN GENERAL.—Except as otherwise specifi-
8   cally provided, any term used in this Act that is

2

1   used in the immigration laws shall have the meaning

2   given such term in the immigration laws.

3       (2) DACA.—The term "DACA" means de-

4   ferred action granted to an alien pursuant to the

5   Deferred Action for Childhood Arrivals program an-

6   nounced by President Obama on June 15, 2012.

7       (3) DISABILITY.—The term "disability" has the

8   meaning given such term in section 3(1) of the

9   Americans with Disabilities Act of 1990 (42 U.S.C.

10   12102(1)).

11      (4) EARLY CHILDHOOD EDUCATION PRO-

12   GRAM.—The term "early childhood education pro-

13   gram" has the meaning given such term in section

14   103 of the Higher Education Act of 1965 (20

15   U.S.C. 1003).

16      (5) ELEMENTARY SCHOOL; HIGH SCHOOL; SEC-

17   ONDARY SCHOOL.—The terms "elementary school",

18   "high school", and "secondary school" have the

19   meanings given such terms in section 8101 of the

20   Elementary and Secondary Education Act of 1965

21   (20 U.S.C. 7801).

22      (6) IMMIGRATION LAWS.—The term "immigra-

23   tion laws" has the meaning given such term in sec-

24   tion 101(a)(17) of the Immigration and Nationality

25   Act (8 U.S.C. 1101(a)(17)).

3

1    (7) INSTITUTION OF HIGHER EDUCATION.—The
2    term "institution of higher education"—

3         (A) except as provided in subparagraph
4         (B), has the meaning given such term in section
5         102 of the Higher Education Act of 1965 (20
6         U.S.C. 1002); and

7         (B) does not include an institution of high-
8         er education outside of the United States.

9    (8) PERMANENT RESIDENT STATUS ON A CON-
10   DITIONAL BASIS.—The term "permanent resident
11   status on a conditional basis" means status as an
12   alien lawfully admitted for permanent residence on
13   a conditional basis under this Act.

14   (9) POVERTY LINE.—The term "poverty line"
15   has the meaning given such term in section 673 of
16   the Community Services Block Grant Act (42 U.S.C.
17   9902).

18   (10) SECRETARY.—Except as otherwise specifi-
19   cally provided, the term "Secretary" means the Sec-
20   retary of Homeland Security.

21   (11) UNIFORMED SERVICES.—The term "Uni-
22   formed Services" has the meaning given the term
23   "uniformed services" in section 101(a) of title 10,
24   United States Code.

4

1  SEC. 3. PERMANENT RESIDENT STATUS ON A CONDITIONAL

2            BASIS FOR CERTAIN LONG-TERM RESIDENTS

3            WHO ENTERED THE UNITED STATES AS CHIL-

4            DREN.

5     (a) CONDITIONAL BASIS FOR STATUS.—Notwith-

6  standing any other provision of law, an alien shall be con-

7  sidered, at the time of obtaining the status of an alien

8  lawfully admitted for permanent residence under this sec-

9  tion, to have obtained such status on a conditional basis

10  subject to the provisions under this Act.

11     (b) REQUIREMENTS.—

12        (1) IN GENERAL.—Notwithstanding any other

13        provision of law, the Secretary shall cancel the re-

14        moval of, and adjust to the status of an alien law-

15        fully admitted for permanent residence on a condi-

16        tional basis, an alien who is inadmissible or deport-

17        able from the United States or is in temporary pro-

18        tected status under section 244 of the Immigration

19        and Nationality Act (8 U.S.C. 1254a), if—

20            (A) the alien has been continuously phys-

21            ically present in the United States since the

22            date that is 4 years before the date of the en-

23            actment of this Act;

24            (B) the alien was younger than 18 years of

25            age on the date on which the alien initially en-

26            tered the United States;

5

1     (C) subject to paragraphs (2) and (3), the

2  alien—

3          (i) is not inadmissible under para-

4          graph (2), (3), (6)(E), (6)(G), (8),

5          (10)(A), (10)(C), or (10)(D) of section

6          212(a) of the Immigration and Nationality

7          Act (8 U.S.C. 1182(a));

8          (ii) has not ordered, incited, assisted,

9          or otherwise participated in the persecution

10         of any person on account of race, religion,

11         nationality, membership in a particular so-

12         cial group, or political opinion; and

13         (iii) has not been convicted of—

14             (I) any offense under Federal or

15             State law, other than a State offense

16             for which an essential element is the

17             alien's immigration status, that is

18             punishable by a maximum term of im-

19             prisonment of more than 1 year; or

20             (II) 3 or more offenses under

21             Federal or State law, other than State

22             offenses for which an essential ele-

23             ment is the alien's immigration sta-

24             tus, for which the alien was convicted

25             on different dates for each of the 3 of-

6

1                fenses and imprisoned for an aggre-

2                gate of 90 days or more; and

3      (D) the alien—

4                (i) has been admitted to an institution

5            of higher education;

6                (ii) has earned a high school diploma

7            or a commensurate alternative award from

8            a public or private high school, or has ob-

9            tained a general education development

10          certificate recognized under State law or a

11          high school equivalency diploma in the

12          United States; or

13               (iii) is enrolled in secondary school or

14          in an education program assisting students

15          in—

16                  (I) obtaining a regular high

17              school diploma or its recognized equiv-

18              alent under State law; or

19                  (II) in passing a general edu-

20              cational development exam, a high

21              school equivalence diploma examina-

22              tion, or other similar State-authorized

23              exam.

24      (2) WAIVER.—With respect to any benefit

25   under this Act, the Secretary may waive the grounds

1    of inadmissibility under paragraph (2), (6)(E),

2    (6)(G), or (10)(D) of section 212(a) of the Immigra-

3    tion and Nationality Act (8 U.S.C. 1182(a)) for hu-

4    manitarian purposes or family unity or if the waiver

5    is otherwise in the public interest.

6        (3) TREATMENT OF EXPUNGED CONVIC-

7    TIONS.—An expunged conviction shall not automati-

8    cally be treated as an offense under paragraph (1).

9    The Secretary shall evaluate expunged convictions

10   on a case-by-case basis according to the nature and

11   severity of the offense to determine whether, under

12   the particular circumstances, the Secretary deter-

13   mines that the alien should be eligible for cancella-

14   tion of removal, adjustment to permanent resident

15   status on a conditional basis, or other adjustment of

16   status.

17       (4) DACA RECIPIENTS.—The Secretary shall

18   cancel the removal of, and adjust to the status of an

19   alien lawfully admitted for permanent residence on

20   a conditional basis, an alien who was granted DACA

21   unless the alien has engaged in conduct since the

22   alien was granted DACA that would make the alien

23   ineligible for DACA.

24       (5) APPLICATION FEE.—

8

1           (A) IN GENERAL.—The Secretary may re-

2     quire an alien applying for permanent resident

3     status on a conditional basis under this section

4     to pay a reasonable fee that is commensurate

5     with the cost of processing the application.

6           (B) EXEMPTION.—An applicant may be

7     exempted from paying the fee required under

8     subparagraph (A) if the alien—

9                 (i)(I) is younger than 18 years of age;

10                (II) received total income, during the

11           12-month period immediately preceding the

12           date on which the alien files an application

13           under this section, that is less than 150

14           percent of the poverty line; and

15                (III) is in foster care or otherwise

16           lacking any parental or other familial sup-

17           port;

18                (ii) is younger than 18 years of age

19           and is homeless;

20                (iii)(I) cannot care for himself or her-

21           self because of a serious, chronic disability;

22           and

23                (II) received total income, during the

24           12-month period immediately preceding the

25           date on which the alien files an application

9

1          under this section, that is less than 150

2          percent of the poverty line; or

3                    (iv)(I) during the 12-month period im-

4          mediately preceding the date on which the

5          alien files an application under this sec-

6          tion, accumulated $10,000 or more in debt

7          as a result of unreimbursed medical ex-

8          penses incurred by the alien or an imme-

9          diate family member of the alien; and

10                   (II) received total income, during the

11         12-month period immediately preceding the

12         date on which the alien files an application

13         under this section, that is less than 150

14         percent of the poverty line.

15    (6) SUBMISSION OF BIOMETRIC AND BIO-

16    GRAPHIC DATA.—The Secretary may not grant an

17    alien permanent resident status on a conditional

18    basis under this section unless the alien submits bio-

19    metric and biographic data, in accordance with pro-

20    cedures established by the Secretary. The Secretary

21    shall provide an alternative procedure for aliens who

22    are unable to provide such biometric or biographic

23    data because of a physical impairment.

24    (7) BACKGROUND CHECKS.—

10

1       (A) REQUIREMENT FOR BACKGROUND

2     CHECKS.—The Secretary shall utilize biometric,

3     biographic, and other data that the Secretary

4     determines appropriate—

5         (i) to conduct security and law en-

6         forcement background checks of an alien

7         seeking permanent resident status on a

8         conditional basis under this section; and

9         (ii) to determine whether there is any

10        criminal, national security, or other factor

11        that would render the alien ineligible for

12        such status.

13       (B) COMPLETION OF BACKGROUND

14     CHECKS.—The security and law enforcement

15     background checks of an alien required under

16     subparagraph (A) shall be completed, to the

17     satisfaction of the Secretary, before the date on

18     which the Secretary grants such alien perma-

19     nent resident status on a conditional basis

20     under this section.

21     (8) MEDICAL EXAMINATION.—

22       (A) REQUIREMENT.—An alien applying for

23     permanent resident status on a conditional

24     basis under this section shall undergo a medical

25     examination.

11

1        (B) POLICIES AND PROCEDURES.—The

2     Secretary, with the concurrence of the Sec-

3     retary of Health and Human Services, shall

4     prescribe policies and procedures for the nature

5     and timing of the examination required under

6     subparagraph (A).

7     (9) MILITARY SELECTIVE SERVICE.—An alien

8 applying for permanent resident status on a condi-

9 tional basis under this section shall establish that

10 the alien has registered under the Military Selective

11 Service Act (50 U.S.C. 3801 et seq.), if the alien is

12 subject to registration under such Act.

13 (c) DETERMINATION OF CONTINUOUS PRESENCE.—

14     (1) TERMINATION OF CONTINUOUS PERIOD.—

15 Any period of continuous physical presence in the

16 United States of an alien who applies for permanent

17 resident status on a conditional basis under this sec-

18 tion shall not terminate when the alien is served a

19 notice to appear under section 239(a) of the Immi-

20 gration and Nationality Act (8 U.S.C. 1229(a)).

21     (2) TREATMENT OF CERTAIN BREAKS IN PRES-

22 ENCE.—

23        (A) IN GENERAL.—Except as provided in

24     subparagraphs (B) and (C), an alien shall be

25     considered to have failed to maintain contin-

12

1 uous physical presence in the United States

2 under subsection (b)(1)(A) if the alien has de-

3 parted from the United States for any period

4 exceeding 90 days or for any periods, in the ag-

5 gregate, exceeding 180 days.

6 (B) EXTENSIONS FOR EXTENUATING CIR-

7 CUMSTANCES.—The Secretary may extend the

8 time periods described in subparagraph (A) for

9 an alien who demonstrates that the failure to

10 timely return to the United States was due to

11 extenuating circumstances beyond the alien's

12 control, including the serious illness of the

13 alien, or death or serious illness of a parent,

14 grandparent, sibling, or child of the alien.

15 (C) TRAVEL AUTHORIZED BY THE SEC-

16 RETARY.—Any period of travel outside of the

17 United States by an alien that was authorized

18 by the Secretary may not be counted toward

19 any period of departure from the United States

20 under subparagraph (A).

21 (d) LIMITATION ON REMOVAL OF CERTAIN

22 ALIENS.—

23 (1) IN GENERAL.—The Secretary or the Attor-

24 ney General may not remove an alien who appears

25 prima facie eligible for relief under this section.

13

1     (2) ALIENS SUBJECT TO REMOVAL.—The Sec-
2 retary shall provide a reasonable opportunity to
3 apply for relief under this section to any alien who
4 requests such an opportunity or who appears prima
5 facie eligible for relief under this section if the alien
6 is in removal proceedings, is the subject of a final
7 removal order, or is the subject of a voluntary depar-
8 ture order.

9     (3) CERTAIN ALIENS ENROLLED IN ELEMEN-
10 TARY OR SECONDARY SCHOOL.—

11     (A) STAY OF REMOVAL.—The Attorney
12 General shall stay the removal proceedings of
13 an alien who—

14     (i) meets all the requirements under
15 subparagraphs (A), (B), and (C) of sub-
16 section (b)(1), subject to paragraphs (2)
17 and (3) of such subsection;

18     (ii) is at least 5 years of age; and

19     (iii) is enrolled in an elementary
20 school, a secondary school, or an early
21 childhood education program.

22     (B) COMMENCEMENT OF REMOVAL PRO-
23 CEEDINGS.—The Secretary may not commence
24 removal proceedings for an alien described in
25 subparagraph (A).

14

1          (C) EMPLOYMENT.—An alien whose re-
2      moval is stayed pursuant to subparagraph (A)
3      or who may not be placed in removal pro-
4      ceedings pursuant to subparagraph (B) shall,
5      upon application to the Secretary, be granted
6      an employment authorization document.

7          (D) LIFT OF STAY.—The Secretary or At-
8      torney General may not lift the stay granted to
9      an alien under subparagraph (A) unless the
10     alien ceases to meet the requirements under
11     such subparagraph.

12  (e) EXEMPTION FROM NUMERICAL LIMITATIONS.—
13 Nothing in this section or in any other law may be con-
14 strued to apply a numerical limitation on the number of
15 aliens who may be granted permanent resident status on
16 a conditional basis under this Act.

17 **SEC. 4. TERMS OF PERMANENT RESIDENT STATUS ON A**
18          **CONDITIONAL BASIS.**

19  (a) PERIOD OF STATUS.—Permanent resident status
20 on a conditional basis is—

21          (1) valid for a period of 8 years, unless such pe-
22      riod is extended by the Secretary; and

23          (2) subject to termination under subsection (c).

24  (b) NOTICE OF REQUIREMENTS.—At the time an
25 alien obtains permanent resident status on a conditional

15

1 basis, the Secretary shall provide notice to the alien re-
2 garding the provisions of this Act and the requirements
3 to have the conditional basis of such status removed.

4    (c) TERMINATION OF STATUS.—The Secretary may
5 terminate the permanent resident status on a conditional
6 basis of an alien only if the Secretary—

7       (1) determines that the alien ceases to meet the
8       requirements under paragraph (1)(C) of section
9       3(b), subject to paragraphs (2) and (3) of that sec-
10       tion; and

11       (2) prior to the termination, provides the
12       alien—

13          (A) notice of the proposed termination;
14          and

15          (B) the opportunity for a hearing to pro-
16          vide evidence that the alien meets such require-
17          ments or otherwise contest the termination.

18    (d) RETURN TO PREVIOUS IMMIGRATION STATUS.—

19       (1) IN GENERAL.—Except as provided in para-
20       graph (2), an alien whose permanent resident status
21       on a conditional basis expires under subsection
22       (a)(1) or is terminated under subsection (c) or
23       whose application for such status is denied shall re-
24       turn to the immigration status that the alien had
25       immediately before receiving permanent resident sta-

16

1    tus on a conditional basis or applying for such sta-

2    tus, as appropriate.

3        (2) SPECIAL RULE FOR TEMPORARY PRO-

4    TECTED STATUS.—An alien whose permanent resi-

5    dent status on a conditional basis expires under sub-

6    section (a)(1) or is terminated under subsection (c)

7    or whose application for such status is denied and

8    who had temporary protected status under section

9    244 of the Immigration and Nationality Act (8

10    U.S.C. 1254a) immediately before receiving or ap-

11    plying for such permanent resident status on a con-

12    ditional basis, as appropriate, may not return to

13    such temporary protected status if—

14        (A) the relevant designation under section

15        244(b) of the Immigration and Nationality Act

16        (8 U.S.C. 1254a(b)) has been terminated; or

17        (B) the Secretary determines that the rea-

18        son for terminating the permanent resident sta-

19        tus on a conditional basis renders the alien in-

20        eligible for such temporary protected status.

21    **SEC. 5. REMOVAL OF CONDITIONAL BASIS OF PERMANENT**

22            **RESIDENT STATUS.**

23    (a) ELIGIBILITY FOR REMOVAL OF CONDITIONAL

24  BASIS.—

17

1    (1) IN GENERAL.—Subject to paragraph (2),
2    the Secretary shall remove the conditional basis of
3    an alien's permanent resident status granted under
4    this Act and grant the alien status as an alien law-
5    fully admitted for permanent residence if the alien—

6        (A) is described in paragraph (1)(C) of
7        section 3(b), subject to paragraphs (2) and (3)
8        of that section;

9        (B) has not abandoned the alien's resi-
10       dence in the United States; and

11       (C)(i) has acquired a degree from an insti-
12       tution of higher education or has completed at
13       least 2 years, in good standing, in a program
14       for a bachelor's degree or higher degree in the
15       United States;

16       (ii) has served in the Uniformed Services
17       for at least 2 years and, if discharged, received
18       an honorable discharge; or

19       (iii) has been employed for periods totaling
20       at least 3 years and at least 75 percent of the
21       time that the alien has had a valid employment
22       authorization, except that any period during
23       which the alien is not employed while having a
24       valid employment authorization and is enrolled
25       in an institution of higher education, a sec-

1       ondary school, or an education program de-

2       scribed in section 3(b)(1)(D)(iii), shall not

3       count toward the time requirements under this

4       clause.

5       (2) HARDSHIP EXCEPTION.—The Secretary

6  shall remove the conditional basis of an alien's per-

7  manent resident status and grant the alien status as

8  an alien lawfully admitted for permanent residence

9  if the alien—

10       (A) satisfies the requirements under sub-

11       paragraphs (A) and (B) of paragraph (1);

12       (B) demonstrates compelling circumstances

13       for the inability to satisfy the requirements

14       under subparagraph (C) of such paragraph; and

15       (C) demonstrates that—

16          (i) the alien has a disability;

17          (ii) the alien is a full-time caregiver of

18          a minor child; or

19          (iii) the removal of the alien from the

20          United States would result in extreme

21          hardship to the alien or the alien's spouse,

22          parent, or child who is a national of the

23          United States or is lawfully admitted for

24          permanent residence.

25       (3) CITIZENSHIP REQUIREMENT.—

19

1       (A) IN GENERAL.—Except as provided in

2      subparagraph (B), the conditional basis of an

3      alien's permanent resident status granted under

4      this Act may not be removed unless the alien

5      demonstrates that the alien satisfies the re-

6      quirements under section 312(a) of the Immi-

7      gration and Nationality Act (8 U.S.C. 1423(a)).

8       (B) EXCEPTION.—Subparagraph (A) shall

9      not apply to an alien who is unable to meet the

10     requirements under such section 312(a) due to

11     disability.

12     (4) APPLICATION FEE.—

13      (A) IN GENERAL.—The Secretary may re-

14     quire aliens applying for lawful permanent resi-

15     dent status under this section to pay a reason-

16     able fee that is commensurate with the cost of

17     processing the application.

18      (B) EXEMPTION.—An applicant may be

19     exempted from paying the fee required under

20     subparagraph (A) if the alien—

21          (i)(I) is younger than 18 years of age;

22         (II) received total income, during the

23       12-month period immediately preceding the

24       date on which the alien files an application

20

1     under this section, that is less than 150

2     percent of the poverty line; and

3         (III) is in foster care or otherwise

4     lacking any parental or other familial sup-

5     port;

6         (ii) is younger than 18 years of age

7     and is homeless;

8         (iii)(I) cannot care for himself or her-

9     self because of a serious, chronic disability;

10     and

11         (II) received total income, during the

12     12-month period immediately preceding the

13     date on which the alien files an application

14     under this section, that is less than 150

15     percent of the poverty line; or

16         (iv)(I) during the 12-month period im-

17     mediately preceding the date on which the

18     alien files an application under this sec-

19     tion, the alien accumulated $10,000 or

20     more in debt as a result of unreimbursed

21     medical expenses incurred by the alien or

22     an immediate family member of the alien;

23     and

24         (II) received total income, during the

25     12-month period immediately preceding the

21

1          date on which the alien files an application
2          under this section, that is less than 150
3          percent of the poverty line.

4     (5) SUBMISSION OF BIOMETRIC AND BIO-
5 GRAPHIC DATA.—The Secretary may not remove the
6 conditional basis of an alien's permanent resident
7 status unless the alien submits biometric and bio-
8 graphic data, in accordance with procedures estab-
9 lished by the Secretary. The Secretary shall provide
10 an alternative procedure for applicants who are un-
11 able to provide such biometric data because of a
12 physical impairment.

13     (6) BACKGROUND CHECKS.—

14          (A) REQUIREMENT FOR BACKGROUND
15     CHECKS.—The Secretary shall utilize biometric,
16     biographic, and other data that the Secretary
17     determines appropriate—

18               (i) to conduct security and law en-
19          forcement background checks of an alien
20          applying for removal of the conditional
21          basis of the alien's permanent resident sta-
22          tus; and

23               (ii) to determine whether there is any
24          criminal, national security, or other factor

22

1      that would render the alien ineligible for

2      removal of such conditional basis.

3          (B) COMPLETION OF BACKGROUND

4      CHECKS.—The security and law enforcement

5      background checks of an alien required under

6      subparagraph (A) shall be completed, to the

7      satisfaction of the Secretary, before the date on

8      which the Secretary removes the conditional

9      basis of the alien's permanent resident status.

10   (b) TREATMENT FOR PURPOSES OF NATURALIZA-

11   TION.—

12      (1) IN GENERAL.—For purposes of title III of

13   the Immigration and Nationality Act (8 U.S.C. 1401

14   et seq.), an alien granted permanent resident status

15   on a conditional basis shall be considered to have

16   been admitted to the United States, and be present

17   in the United States, as an alien lawfully admitted

18   for permanent residence.

19      (2) LIMITATION ON APPLICATION FOR NATU-

20   RALIZATION.—An alien may not apply for natu-

21   ralization while the alien is in permanent resident

22   status on a conditional basis.

23

1  **SEC. 6. DOCUMENTATION REQUIREMENTS.**

2      (a)  DOCUMENTS  ESTABLISHING  IDENTITY.—An

3  alien's application for permanent resident status on a con-

4  ditional basis may include, as proof of identity—

5          (1) a passport or national identity document

6      from the alien's country of origin that includes the

7      alien's name and the alien's photograph or finger-

8      print;

9          (2) the alien's birth certificate and an identity

10      card that includes the alien's name and photograph;

11          (3) a school identification card that includes the

12      alien's name and photograph, and school records

13      showing the alien's name and that the alien is or

14      was enrolled at the school;

15          (4) a Uniformed Services identification card

16      issued by the Department of Defense;

17          (5) any immigration or other document issued

18      by the United States Government bearing the alien's

19      name and photograph; or

20          (6) a State-issued identification card bearing

21      the alien's name and photograph.

22      (b) DOCUMENTS ESTABLISHING CONTINUOUS PHYS-

23  ICAL PRESENCE IN THE UNITED STATES.—To establish

24  that an alien has been continuously physically present in

25  the United States, as required under section 3(b)(1)(A),

26  or to establish that an alien has not abandoned residence

24

1  in the United States, as required under section 5(a)(1)(B),

2  the alien may submit documents to the Secretary, includ-

3  ing—

4       (1) employment records that include the em-

5       ployer's name and contact information;

6       (2) records from any educational institution the

7       alien has attended in the United States;

8       (3) records of service from the Uniformed Serv-

9       ices;

10       (4) official records from a religious entity con-

11       firming the alien's participation in a religious cere-

12       mony;

13       (5) passport entries;

14       (6) a birth certificate for a child who was born

15       in the United States;

16       (7) automobile license receipts or registration;

17       (8) deeds, mortgages, or rental agreement con-

18       tracts;

19       (9) tax receipts;

20       (10) insurance policies;

21       (11) remittance records;

22       (12) rent receipts or utility bills bearing the

23       alien's name or the name of an immediate family

24       member of the alien, and the alien's address;

25

1   (13) copies of money order receipts for money

2  sent in or out of the United States;

3   (14) dated bank transactions; or

4   (15) 2 or more sworn affidavits from individ-

5  uals who are not related to the alien who have direct

6  knowledge of the alien's continuous physical pres-

7  ence in the United States, that contain—

8    (A) the name, address, and telephone num-

9   ber of the affiant; and

10    (B) the nature and duration of the rela-

11   tionship between the affiant and the alien.

12 (c) DOCUMENTS ESTABLISHING INITIAL ENTRY

13 INTO THE UNITED STATES.—To establish under section

14 3(b)(1)(B) that an alien was younger than 18 years of

15 age on the date on which the alien initially entered the

16 United States, an alien may submit documents to the Sec-

17 retary, including—

18   (1) an admission stamp on the alien's passport;

19   (2) records from any educational institution the

20  alien has attended in the United States;

21   (3) any document from the Department of Jus-

22  tice or the Department of Homeland Security stat-

23  ing the alien's date of entry into the United States;

24   (4) hospital or medical records showing medical

25  treatment or hospitalization, the name of the med-

26

1    ical facility or physician, and the date of the treat-

2    ment or hospitalization;

3    (5) rent receipts or utility bills bearing the

4    alien's name or the name of an immediate family

5    member of the alien, and the alien's address;

6    (6) employment records that include the em-

7    ployer's name and contact information;

8    (7) official records from a religious entity con-

9    firming the alien's participation in a religious cere-

10    mony;

11    (8) a birth certificate for a child who was born

12    in the United States;

13    (9) automobile license receipts or registration;

14    (10) deeds, mortgages, or rental agreement con-

15    tracts;

16    (11) tax receipts;

17    (12) travel records;

18    (13) copies of money order receipts sent in or

19    out of the country;

20    (14) dated bank transactions;

21    (15) remittance records; or

22    (16) insurance policies.

23    (d) DOCUMENTS ESTABLISHING ADMISSION TO AN

24    INSTITUTION OF HIGHER EDUCATION.—To establish that

25    an alien has been admitted to an institution of higher edu-

27

1  cation, the alien shall submit to the Secretary a document

2  from the institution of higher education certifying that the

3  alien—

4      (1) has been admitted to the institution; or

5      (2) is currently enrolled in the institution as a

6      student.

7  (e) DOCUMENTS ESTABLISHING RECEIPT OF A DE-

8  GREE FROM AN INSTITUTION OF HIGHER EDUCATION.—

9  To establish that an alien has acquired a degree from an

10  institution of higher education in the United States, the

11  alien shall submit to the Secretary a diploma or other doc-

12  ument from the institution stating that the alien has re-

13  ceived such a degree.

14  (f) DOCUMENTS ESTABLISHING RECEIPT OF HIGH

15  SCHOOL DIPLOMA, GENERAL EDUCATIONAL DEVELOP-

16  MENT CERTIFICATE, OR A RECOGNIZED EQUIVALENT.—

17  To establish that an alien has earned a high school di-

18  ploma or a commensurate alternative award from a public

19  or private high school, or has obtained a general edu-

20  cational development certificate recognized under State

21  law or a high school equivalency diploma in the United

22  States, the alien shall submit to the Secretary—

23      (1) a high school diploma, certificate of comple-

24      tion, or other alternate award;

28

1     (2) a high school equivalency diploma or certifi-

2     cate recognized under State law; or

3     (3) evidence that the alien passed a State-au-

4     thorized exam, including the general educational de-

5     velopment exam, in the United States.

6     (g) DOCUMENTS ESTABLISHING ENROLLMENT IN AN

7 EDUCATIONAL PROGRAM.—To establish that an alien is

8 enrolled in any school or education program described in

9 section 3(b)(1)(D)(iii), 3(d)(3)(A)(iii), or 5(a)(1)(C), the

10 alien shall submit school records from the United States

11 school that the alien is currently attending that include—

12     (1) the name of the school; and

13     (2) the alien's name, periods of attendance, and

14     current grade or educational level.

15     (h) DOCUMENTS ESTABLISHING EXEMPTION FROM

16 APPLICATION FEES.—To establish that an alien is exempt

17 from an application fee under section 3(b)(5)(B) or

18 5(a)(4)(B), the alien shall submit to the Secretary the fol-

19 lowing relevant documents:

20     (1) DOCUMENTS TO ESTABLISH AGE.—To es-

21     tablish that an alien meets an age requirement, the

22     alien shall provide proof of identity, as described in

23     subsection (a), that establishes that the alien is

24     younger than 18 years of age.

1     (2) DOCUMENTS TO ESTABLISH INCOME.—To

2     establish the alien's income, the alien shall provide—

3     (A) employment records that have been

4     maintained by the Social Security Administra-

5     tion, the Internal Revenue Service, or any other

6     Federal, State, or local government agency;

7     (B) bank records; or

8     (C) at least 2 sworn affidavits from indi-

9     viduals who are not related to the alien and

10     who have direct knowledge of the alien's work

11     and income that contain—

12     (i) the name, address, and telephone

13     number of the affiant; and

14     (ii) the nature and duration of the re-

15     lationship between the affiant and the

16     alien.

17     (3) DOCUMENTS TO ESTABLISH FOSTER CARE,

18     LACK OF FAMILIAL SUPPORT, HOMELESSNESS, OR

19     SERIOUS, CHRONIC DISABILITY.—To establish that

20     the alien was in foster care, lacks parental or famil-

21     ial support, is homeless, or has a serious, chronic

22     disability, the alien shall provide at least 2 sworn af-

23     fidavits from individuals who are not related to the

24     alien and who have direct knowledge of the cir-

25     cumstances that contain—

30

1        (A) a statement that the alien is in foster

2        care, otherwise lacks any parental or other fa-

3        miliar support, is homeless, or has a serious,

4        chronic disability, as appropriate;

5        (B) the name, address, and telephone num-

6        ber of the affiant; and

7        (C) the nature and duration of the rela-

8        tionship between the affiant and the alien.

9     (4) DOCUMENTS TO ESTABLISH UNPAID MED-

10 ICAL EXPENSE.—To establish that the alien has debt

11 as a result of unreimbursed medical expenses, the

12 alien shall provide receipts or other documentation

13 from a medical provider that—

14        (A) bear the provider's name and address;

15        (B) bear the name of the individual receiv-

16        ing treatment; and

17        (C) document that the alien has accumu-

18        lated $10,000 or more in debt in the past 12

19        months as a result of unreimbursed medical ex-

20        penses incurred by the alien or an immediate

21        family member of the alien.

22 (i) DOCUMENTS ESTABLISHING QUALIFICATION FOR

23 HARDSHIP EXEMPTION.—To establish that an alien satis-

24 fies one of the criteria for the hardship exemption set forth

25 in section 5(a)(2)(C), the alien shall submit to the Sec-

1 retary at least 2 sworn affidavits from individuals who are
2 not related to the alien and who have direct knowledge
3 of the circumstances that warrant the exemption, that
4 contain—

5     (1) the name, address, and telephone number of
6     the affiant; and

7     (2) the nature and duration of the relationship
8     between the affiant and the alien.

9 (j) DOCUMENTS ESTABLISHING SERVICE IN THE
10 UNIFORMED SERVICES.—To establish that an alien has
11 served in the Uniformed Services for at least 2 years and,
12 if discharged, received an honorable discharge, the alien
13 shall submit to the Secretary—

14     (1) a Department of Defense form DD–214;

15     (2) a National Guard Report of Separation and
16     Record of Service form 22;

17     (3) personnel records for such service from the
18     appropriate Uniformed Service; or

19     (4) health records from the appropriate Uni-
20     formed Service.

21 (k) DOCUMENTS ESTABLISHING EMPLOYMENT.—

22     (1) IN GENERAL.—An alien may satisfy the em-
23     ployment requirement under section 5(a)(1)(C)(iii)
24     by submitting records that—

32

1                (A) establish compliance with such employ-
2      ment requirement; and

3                (B) have been maintained by the Social Se-
4      curity Administration, the Internal Revenue
5      Service, or any other Federal, State, or local
6      government agency.

7      (2) OTHER DOCUMENTS.—An alien who is un-
8      able to submit the records described in paragraph
9      (1) may satisfy the employment requirement by sub-
10     mitting at least 2 types of reliable documents that
11     provide evidence of employment, including—

12              (A) bank records;

13              (B) business records;

14              (C) employer records;

15              (D) records of a labor union, day labor
16     center, or organization that assists workers in
17     employment;

18              (E) sworn affidavits from individuals who
19     are not related to the alien and who have direct
20     knowledge of the alien's work, that contain—

21                   (i) the name, address, and telephone
22     number of the affiant; and

23                   (ii) the nature and duration of the re-
24     lationship between the affiant and the
25     alien; and

33

1        (F) remittance records.

2    (l) AUTHORITY TO PROHIBIT USE OF CERTAIN DOC-

3  UMENTS.—If the Secretary determines, after publication

4  in the Federal Register and an opportunity for public com-

5  ment, that any document or class of documents does not

6  reliably establish identity or that permanent resident sta-

7  tus on a conditional basis is being obtained fraudulently

8  to an unacceptable degree, the Secretary may prohibit or

9  restrict the use of such document or class of documents.

10  **SEC. 7. RULEMAKING.**

11    (a) INITIAL PUBLICATION.—Not later than 90 days

12  after the date of the enactment of this Act, the Secretary

13  shall  publish  regulations  implementing  this  Act  in  the

14  Federal Register. Such regulations shall allow eligible indi-

15  viduals to immediately apply affirmatively for the relief

16  available under section 3 without being placed in removal

17  proceedings.

18    (b) INTERIM REGULATIONS.—Notwithstanding sec-

19  tion 553 of title 5, United States Code, the regulations

20  published pursuant to subsection (a) shall be effective, on

21  an interim basis, immediately upon publication in the Fed-

22  eral Register, but may be subject to change and revision

23  after public notice and opportunity for a period of public

24  comment.

34

1    (c) FINAL REGULATIONS.—Not later than 180 days

2 after the date on which interim regulations are published

3 under this section, the Secretary shall publish final regula-

4 tions implementing this Act.

5    (d) PAPERWORK REDUCTION ACT.—The require-

6 ments under chapter 35 of title 44, United States Code

7 (commonly known as the ''Paperwork Reduction Act''),

8 shall not apply to any action to implement this Act.

9 **SEC. 8. CONFIDENTIALITY OF INFORMATION.**

10   (a) IN GENERAL.—The Secretary may not disclose

11 or use information provided in applications filed under this

12 Act or in requests for DACA for the purpose of immigra-

13 tion enforcement.

14   (b) REFERRALS PROHIBITED.—The Secretary may

15 not refer any individual who has been granted permanent

16 resident status on a conditional basis or who was granted

17 DACA to U.S. Immigration and Customs Enforcement,

18 U.S. Customs and Border Protection, or any designee of

19 either such entity.

20   (c) LIMITED EXCEPTION.—Notwithstanding sub-

21 sections (a) and (b), information provided in an applica-

22 tion for permanent resident status on a conditional basis

23 or a request for DACA may be shared with Federal secu-

24 rity and law enforcement agencies—

35

1   (1) for assistance in the consideration of an ap-

2  plication for permanent resident status on a condi-

3  tional basis;

4   (2) to identify or prevent fraudulent claims;

5   (3) for national security purposes; or

6   (4) for the investigation or prosecution of any

7  felony not related to immigration status.

8  (d) PENALTY.—Any person who knowingly uses, pub-

9 lishes, or permits information to be examined in violation

10 of this section shall be fined not more than $10,000.

11 **SEC. 9. RESTORATION OF STATE OPTION TO DETERMINE**

12    **RESIDENCY FOR PURPOSES OF HIGHER EDU-**

13    **CATION BENEFITS.**

14  (a) IN GENERAL.—Section 505 of the Illegal Immi-

15 gration Reform and Immigrant Responsibility Act of 1996

16 (8 U.S.C. 1623) is repealed.

17  (b) EFFECTIVE DATE.—The repeal under subsection

18 (a) shall take effect as if included in the original enact-

19 ment of the Illegal Immigration Reform and Immigrant

20 Responsibility Act of 1996 (division C of Public Law 104–

21 208; 110 Stat. 3009–546).

○