# EXHIBIT B

USCIS Response to Coronavirus (COVID-19)



**U.S. Citizenship and Immigration Services**

Home > Humanitarian > Consideration of Deferred Action for Childhood Arrivals (DACA) > Frequently Asked Questions

# Frequently Asked Questions

ⓘ **DACA Decision in State of Texas, et al., v. United States of America, et al., 1:18-CV-00068, (S.D. Texas July 16, 2021) ("Texas II"):**

On July 16, 2021, the U.S. District Court for the Southern District of Texas held that the DACA policy "is illegal." The Court granted summary judgment on plaintiffs' Administrative Procedure Act (APA) claims; vacated the June 15, 2012 DACA memorandum issued by former Secretary of Homeland Security Napolitano; remanded the memorandum to DHS for further consideration; and issued a permanent injunction prohibiting the government's continued administration of DACA and the reimplementation of DACA without compliance with the APA. The Court, however, temporarily stayed its order vacating the DACA memorandum and its injunction with regard to individuals who obtained DACA on or before July 16, 2021, including those with renewal requests.

Consistent with this order (PDF, 401.59 KB), DHS will continue to accept the filing of both initial and renewal DACA requests, as well as accompanying requests for employment authorization. However, pursuant to the July 16, 2021 order from the Southern District of Texas, DHS is prohibited from granting initial DACA requests and accompanying requests for employment authorization. Also consistent with that order, DHS will continue to grant or deny renewal DACA requests, according to existing policy.

ⓘ **Alert:** In compliance with an order of a United States District Court, and effective Dec. 7, 2020, U.S. Citizenship and Immigration Services (USCIS) is:

- Accepting first-time requests for consideration of deferred action under Deferred Action for Childhood Arrivals (DACA) based on the terms of the DACA policy in effect prior to September 5, 2017, and in accordance with the Court's Dec. 4, 2020, order;

- Accepting DACA renewal requests based on the terms of the DACA policy in effect prior to Sept.5, 2017, and in accordance with the Court's Dec. 4, 2020, order;

- Accepting applications for advance parole documents based on the terms of the DACA policy prior to Sept. 5, 2017, and in accordance with the Court's Dec. 4, 2020, order;

- Extending one-year grants of deferred action under DACA to two years; and

- Extending one-year employment authorization documents under DACA to two years.

USCIS will take appropriate steps to provide evidence of the one-year extensions of deferred action and employment authorization documents under DACA to individuals who were issued documentation on or after July 28, 2020, with a one-year validity period under the defunct policy.

DHS will comply with the order while it remains in effect, but DHS may seek relief from the order.

**Additional Information: DACA Decision in State of Texas, et al., v. United States of America, et al., 1:18-CV-00068, (S.D. Texas July 16, 2021) ("Texas II"):**

⤢ Close All   ⤢ Open All

## General   

**1. What is the latest information regarding Deferred Action for Childhood Arrivals (DACA)?**

- On July 16, 2021, the U.S. District Court for the Southern District of Texas declared the DACA policy "illegal" and vacated the June 15, 2012, memorandum issued by the Department of Homeland Security (DHS) that created DACA. It remanded the memorandum to DHS for further consideration.

- The court further issued a permanent injunction (PDF, 401.59 KB) prohibiting DHS's continued administration and reimplementation of DACA without compliance with the Administrative Procedure Act, but temporarily stayed the permanent injunction as to individuals who obtained DACA on or before July 16, 2021, including individuals with renewal requests.

**2. What did the court's order say? What does that mean?**

- The July 16, 2021, order from the Southern District of Texas specifically allows DHS to continue to accept initial as well as renewal requests.

- Therefore, consistent with this order, U.S. Citizenship and Immigration Services (USCIS), a component of DHS, will continue to accept the filing of both initial and renewal DACA requests, as well as accompanying requests for employment authorization, but will not grant initial DACA requests after July 16, 2021, and their accompanying requests for employment authorization. USCIS will continue to grant or deny renewal DACA requests, according to existing policy.

- DHS will comply with this court order while it remains in effect. DHS is working with the Department of Justice (DOJ) to seek appeal of the district court's decision.

- DHS will also continue to engage the public in a rulemaking process to preserve and fortify DACA, consistent with the January 2021 presidential memorandum.

**3. Is the DACA policy over?**

- No. While the court order does not allow USCIS to approve initial DACA requests, we are presently able to continue processing DACA renewals and associated applications because the court temporarily stayed its injunction as to these requests.

- Moreover, USCIS will continue accepting initial DACA requests. However, pursuant to the July 16, 2021, order from the Southern District of Texas, DHS is prohibited from granting initial DACA requests after July 16, 2021, and their accompanying requests for employment authorization.

- USCIS will continue to:

  - Adjudicate requests for DACA renewals and associated applications for employment authorization documents (EADs) and advance parole.

  - Accept and process applications for advance parole and replacement EADs from DACA recipients.

### 4.  What does this recent court decision mean if I am:

- A current DACA recipient: If you currently have DACA and your work authorization has not expired, your DACA is still in effect, and you are eligible to request renewal at the appropriate time.

- A renewal DACA requestor: Individuals requesting DACA on a renewal basis may continue to submit DACA requests. USCIS will continue to process and issue a decision on your renewal DACA request.

- An initial DACA requestor: While USCIS will accept your initial DACA request, we are prohibited from granting initial requests or an accompanying application for employment authorization while the court order from the Southern District of Texas remains in effect. If you have an initial DACA request pending, your request is on hold while the court order remains in effect.

- For more information about submitting initial DACA requests or renewal DACA requests, see additional questions and answers below.

### 5.  What is considered an "initial" DACA request?

- An initial request for DACA includes:

  - A first-time request for DACA;

  - A request filed by an individual who was previously granted DACA but did not request renewal within one year of the expiration; or

  - A request filed by an individual whose most recent DACA grant was terminated.

### 6.  What is considered a "renewal" DACA request?

- A renewal DACA request includes:

  - A request filed by an individual with a current DACA grant; or

  - A request filed by an individual who has a DACA grant that expired less than a year ago.

### 7.  What does this mean if I have an initial DACA request currently pending with USCIS?

- USCIS is not permitted to approve initial DACA requests or accompanying applications for employment authorization while the court order from the Southern District of Texas remains in effect. Therefore, if you have an initial DACA request pending with USCIS, your request will remain on hold in compliance with the court order. At this time, USCIS is holding cases, rather than rejecting or closing them.  While USCIS holds these cases, they will remain pending, though

under the July 16 court order USCIS is not able to grant the requests that are on hold. Because these cases will remain on hold while the court order is in effect, USCIS will not issue refunds for initial DACA requests that remain on hold while the court order is in effect.

- USCIS may issue further guidance on this subject as the Southern District of Texas litigation continues.

**8. How will the Southern District of Texas decision affect the processing times for DACA requests?**

- At this time, USCIS cannot predict the effect this decision may have on processing times for initial DACA requests, as DHS is prohibited from approving initial requests or an accompanying applications for employment authorization under the court's July 16 order. However, we maintain our goal of processing DACA renewal requests generally within 120 days and are committed to minimizing any processing delays for renewal requests. You may submit an inquiry about the status of your renewal request after it has been pending more than 105 days. To submit an inquiry online, please visit egov.uscis.gov/e-request.

- Please Note: Factors that may affect the timely processing of your DACA renewal request include, but are not limited to:

  - Failure to appear at an Application Support Center (ASC) for a scheduled biometrics appointment to obtain fingerprints and photographs. No-shows or rescheduling appointments will require additional processing time;

  - Issues of national security, criminality or public safety discovered during the background check process that require further vetting;

  - Issues of travel abroad that need additional evidence/clarification;

  - Name/date of birth discrepancies that may require additional evidence/clarification; or

  - The renewal submission was incomplete or contained evidence that suggests a requestor may not satisfy the DACA renewal guidelines, and USCIS must send a request for additional evidence or explanation.

**9. I have another type of immigration benefit application or petition pending in addition to my DACA request. Does this court order impact my other benefit application or petition?**

- No. While this court order prohibits USCIS from granting initial DACA requests after the date of the order, July 16, 2021, and their accompanying requests for employment authorization, it does not affect other applications, petitions, or requests for immigration benefits.

---

## Initials 

**10. If I submit an initial DACA request on or after July 16, 2021, what will happen to my DACA request?**

- USCIS is continuing to accept initial DACA requests. If you file an initial DACA request with USCIS on or after July 16, 2021, you will receive a receipt notice, and USCIS will process your payment. However, USCIS will not adjudicate your request while the court order remains in effect.

**11. I received notice that my initial DACA request was approved, but I am still waiting for my employment authorization card in the mail. How does the Southern District of Texas ruling affect me?**

- If USCIS approved your initial DACA request on or before July 16, 2021, your case has not been affected by the Southern District of Texas ruling. Please note, however, that if USCIS approved your request on or before July 16, 2021, your approval notice and EAD may arrive after that date.

**12. If I received a receipt notice for my initial DACA request, does that mean I was granted DACA?**

- No. A receipt notice demonstrates that USCIS has received your initial DACA request. It does not indicate that your request has been **approved.**

**13. I completed biometrics for my initial DACA request on July 16, 2021. What will happen to my DACA request?**

- USCIS will hold your pending DACA request and will not issue a decision while the court order remains in effect.

**14. I filed an initial DACA request and am scheduled for a biometrics appointment after July 16, 2021.  What should I do?**

- As a result of the court order, all biometrics appointments for initial DACA requestors have been cancelled. If you have a biometrics appointment scheduled for after July 16, 2021 for an initial DACA request, you should not go to the appointment. Please see our DACA webpage for additional details. A cancelled biometrics appointment does not mean that your DACA request has been denied or that it will be denied in the future.

**15. Will USCIS issue me a refund if I have filed an initial DACA request?**

- At this time, USCIS is not issuing refunds for pending initial DACA requests that remain on hold while the court order is in effect.
- USCIS may issue further guidance on this subject as the Southern District of Texas litigation continues.

**16. I received a Request for Evidence (RFE) or a Notice of Intent to Deny (NOID) for my initial DACA request and that RFE or NOID is still pending. What should I do?**

- Although USCIS is prohibited from granting your initial request due to the court order, you may respond to the RFE or NOID within the requested time frame. Ensuring your filing is complete will help USCIS to make a timely decision in your case if USCIS is permitted to resume adjudication of initial DACA requests in the future.

## Renewals     

**17. I currently have DACA and it is about to expire. Can I file for a renewal?**

- Yes. The court order has not impacted or changed the filing process for DACA renewals. If there is a change to the effectiveness or scope of the court's order, USCIS will publish revised information.

**18. Should I renew early?**

- USCIS strongly encourages DACA recipients to file their renewal requests 120 to 150 days (four to five months) before the expiration of their current DACA validity period.

**19. Is there a chance USCIS will stop accepting DACA renewals in the future?**

- At this time, the court order has not impacted the filing process for DACA renewals. If that changes, USCIS will publish revised information.

**20. I had DACA and it expired within the last 12 months. Am I eligible to renew?**

- If you file after your most recent DACA period expired, but within one year of its expiration, a new request is considered a renewal request, not an initial request, and you may submit a request to renew your DACA pursuant to preexisting USCIS policy. The court order has not disturbed the filing process for DACA renewals.

**21. If it has been more than a year since my last grant of DACA expired, can I still apply for renewal?**

- If you submit a DACA request more than one year since your last grant of DACA expired or after your most recent DACA grant was terminated (at any time), your request is considered an initial request, not a renewal, pursuant to preexisting USCIS policy.

- USCIS can accept initial DACA requests, but it is prohibited from approving them while this court order remains in effect.

- You will be issued a receipt notice, and your payment will be accepted. However, the request will not be further processed, in compliance with the court order.

**22. I filed a timely DACA renewal request. It is still pending, and my prior DACA grant has expired. Is my pending DACA request still valid, and will it, along with my application for employment authorization, be processed?**

- Yes, USCIS will continue to process timely filed DACA renewal requests and associated employment authorization applications. If that changes, USCIS will publish revised information.

- However, please note that consistent with long-standing DACA policy, if your DACA expires before USCIS approves your renewal request, you do not have DACA for the period between the expiration of your prior DACA and the start of your new period of DACA.

**23. I filed a DACA renewal request and am scheduled for biometrics after July 16, 2021. What should I do?**

- You should attend your scheduled biometrics appointment and proceed with the DACA renewal process.

Advance Parole

**24.  Is advance parole open for DACA recipients right now? Can I apply for advance parole?**

- Yes. USCIS will continue to accept and adjudicate applications for advance parole for current DACA recipients.

**25.  My advance parole application is still pending. Will USCIS process it?**

- Yes, at the present time the court's order allows USCIS to continue to process applications for advance parole for current DACA recipients. If that should change, USCIS will provide updated information.

**26.  I was approved for advance parole. How does the Southern District of Texas decision affect me?**

- If your application for advance parole has been approved, the order from the Southern District of Texas does not affect that approval. Please note, all individuals returning to the U.S. are still subject to immigration inspection at a port of entry.

**27. I have DACA and am currently abroad using advance parole. Can I still return to the U.S. using my advance parole under DACA?**

- Yes, if you currently have DACA and are abroad using advance parole, you may return to the U.S. using your advance parole under the same conditions that were in effect before the order from the Southern District of Texas. Please note, all individuals returning to the U.S. are still subject to immigration inspection at a port of entry.

**28. I filed an advance parole application and am scheduled for biometrics after July 16, 2021. What should I do?**

- You should attend your biometrics appointment and proceed with the advance parole application process.

**29. I have DACA and I need to travel abroad for emergency reasons now. What should I do?**

- If you currently have DACA, you may apply for advance parole. If you are experiencing an extremely urgent situation, you may request an emergency advance parole appointment at your local field office through the USCIS Contact Center. You should bring the following items to your appointment:
  - A completed and signed Form I-131, Application for Travel Document;

- The correct Form I-131 filing fee;
  - Evidence to support the emergency request (for example, medical documentation, death certificate, etc.); and
  - Two passport-style photos.
- For more information, please see the [DACA Frequently Asked Questions](#).

---

## Employers 

**30. What should I do if my current or new employee is a DACA recipient?**

- While portions of the court's order are stayed, the court order does not disturb the grant of deferred action or the validity of work authorization for current DACA recipients. USCIS will also continue to adjudicate requests for DACA renewal and associated applications for employment authorization. USCIS will also continue to accept and adjudicate applications for replacement EADs. Your current and new employees with DACA may continue to receive valid EADs after the date of the court order.

- No action is required for current employees who are DACA recipients who have presented valid EADs.

- New employees who are DACA recipients and who present valid EADs are also authorized to work. See [I-9 Central](#) for more information on completing Form I-9 for new employees as well as [additional employment authorization documents DACA recipients may present](#).

- The court's decision is not a basis to ask any employee to show more or different documentation to verify or reverify their employment authorization on Form I-9.

- If you participate in E-Verify, the system can confirm identity and employment eligibility for new employees who are DACA recipients with a valid and unexpired EAD.

- For information about the [rights of employee](#)s, please see the U.S. Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section's information on employee rights.

---

↗ Close All     ↗ Open All

### *DHS DACA FAQs*

- **DACA Process**
- **What is Deferred Action for Childhood Arrivals?**
- **General Information for All Requestors**
- **Background Checks**
- **After USCIS Makes a Decision**
- **Initial Requests for DACA**
- **Renewal of DACA**
- **Travel**

- [**Criminal Convictions**](#)
- [**Miscellaneous**](#)

# I. General Information for All Requestors

## A. What is Deferred Action for Childhood Arrivals?

As the Department of Homeland Security (DHS) continues to focus its enforcement resources on the removal of individuals who pose a danger to national security or a risk to public safety, DHS will exercise prosecutorial discretion as appropriate to ensure that enforcement resources are not expended on low priority cases, such as individuals who came to the United States as children and meet other key guidelines. Individuals who demonstrate that they meet the guidelines below may request consideration of deferred action for childhood arrivals (DACA) for a period of two years, subject to renewal for a period of two years, and may be eligible for employment authorization.

You may request consideration of DACA if you:

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

5. Had no lawful status on June 15, 2012, meaning that:

   - You never had a lawful immigration status on or before June 15, 2012*, or

   - Any lawful immigration status or parole that you obtained prior to June 15, 2012, had expired as of June 15, 2012;

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a General Educational Development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

7. Have not been convicted of a felony, a significant misdemeanor, three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

* Please review DACA FAQ 18 if you are currently in a lawful immigration status.

**Individuals can call U.S. Citizenship and Immigration Services (USCIS) at 800-375-5283 with questions or to request more information on DACA.** Those with pending requests can also use a number of [online self-help tools](#) which include the ability to check case status and processing times, change your address, and send an inquiry about a case pending longer than posted processing times or non-delivery of a card or document.

**Q1: What is deferred action?**
A1: Deferred action is a discretionary determination to defer a removal action of an individual as an act of prosecutorial discretion. For purposes of future inadmissibility based upon **unlawful presence**, an individual whose case has been deferred is not considered to be unlawfully present during the period in

which deferred action is in effect. An individual who has received deferred action is authorized by DHS to be present in the United States, and is therefore considered by DHS to be lawfully present during the period deferred action is in effect. However, deferred action does not confer **lawful status** upon an individual, nor does it excuse any previous or subsequent periods of unlawful presence.

Under existing regulations, an individual whose case has been deferred is eligible to receive employment authorization for the period of deferred action, provided he or she can demonstrate "an economic necessity for employment." DHS can terminate or renew deferred action at any time, at the agency's discretion.

### Q2: What is DACA?

A2: On June 15, 2012, the secretary of Homeland Security announced that certain people who came to the United States as children and meet several key guidelines may request consideration of deferred action for a period of two years, subject to renewal, and would then be eligible for work authorization.

Individuals who can demonstrate through verifiable documentation that they meet these guidelines will be considered for deferred action. Determinations will be made on a case-by-case basis under the DACA guidelines.

### Q3: Is there any difference between "deferred action" and DACA under this process?

A3: DACA is one form of deferred action. The relief an individual receives under DACA is identical for immigration purposes to the relief obtained by any person who receives deferred action as an act of prosecutorial discretion.

### Q4: If my removal is deferred under the consideration of DACA, am I eligible for employment authorization?

A4: Yes. Under existing regulations, if your case is deferred, you may obtain employment authorization from USCIS provided you can demonstrate an economic necessity for employment.

### Q5: If my case is deferred, am I in lawful status for the period of deferral?

A5: No. Although action on your case has been deferred and you do not accrue unlawful presence (for admissibility purposes) during the period of deferred action, deferred action does not confer any lawful status.

The fact that you are not accruing unlawful presence does not change whether you are in lawful status while you remain in the United States. However, although deferred action does not confer a lawful immigration status, your period of stay is authorized by the Department of Homeland Security while your deferred action is in effect and, for admissibility purposes, you are considered to be lawfully present in the United States during that time. **Individuals granted deferred action are not precluded by federal law from establishing domicile in the U.S.**

Apart from the immigration laws, "lawful presence," "lawful status" and similar terms are used in various other federal and state laws. For information on how those laws affect individuals who receive a favorable exercise of prosecutorial discretion under DACA, please contact the appropriate federal, state or local authorities.

### Q6: Can I renew my period of deferred action and employment authorization under DACA?

A6: Yes. You may request consideration for a renewal of your DACA. Your request for a renewal will be considered on a case-by-case basis. If USCIS renews its exercise of discretion under DACA for your case,

you will receive deferred action for another two years, and if you demonstrate an economic necessity for
employment, you may receive employment authorization throughout that period.

Return to top.

## B. DACA Process

**Q7: How do I request consideration of DACA?**
A7: To request consideration of DACA (either as an initial request or to request a renewal), you must submit
Form I-821, Consideration of Deferred Action for Childhood Arrivals to USCIS. Please visit uscis.gov/i-
821d before you begin the process to make sure you are using the most current version of the form
available. This form must be completed, properly signed and accompanied by a Form I-765, Application
for Employment Authorization, and a Form I-765WS, Worksheet (PDF, 238.54 KB), establishing your
economic need for employment. If you fail to submit a completed Form I-765 (along with the
accompanying filing fees for that form, please see the Form I-821D page for more information), USCIS will
not consider your request for deferred action. Please read the form instructions to ensure that you answer
the appropriate questions (determined by whether you are submitting an initial or renewal request) and
that you submit all the required documentation to support your initial request.

You must file your request for consideration of DACA at the USCIS Lockbox. You can find the mailing
address and instructions at www.uscis.gov/i-821d. After your Form I-821D, Form I-765, and Form I-765
Worksheet have been received, USCIS will review them for completeness, including submission of the
required fee, initial evidence and supporting documents (for initial filings).

If it is determined that the request is complete, USCIS will send you a receipt notice. USCIS will then send
you an appointment notice to visit an Application Support Center (ASC) for biometric services, if an
appointment is required. Please make sure you read and follow the directions in the notice. Failure to
attend your biometrics appointment may delay processing of your request for consideration of deferred
action, or may result in a denial of your request. You may also choose to receive an email and/or text
message notifying you that your form has been accepted by completing a Form G-1145, E-Notification of
Application/Petition Acceptance.

Each request for consideration of DACA will be reviewed on an individual, case-by-case basis. USCIS may
request more information or evidence from you, or request that you appear at a USCIS office. USCIS will
notify you of its determination in writing.

**Note:** All individuals who believe they meet the guidelines, including those in removal proceedings, with a
final removal order, or with a voluntary departure order (and not in immigration detention), may
affirmatively request consideration of DACA from USCIS through this process. Individuals who are
currently in immigration detention and believe they meet the guidelines may not request consideration of
deferred action from USCIS but may identify themselves to their ICE case officer or follow directions at
ICE's website at www.ice.gov/daca. This website also contains further information.

**Q8: Can I obtain a fee waiver or fee exemption for this process?**
A8: There are no fee waivers available for employment authorization applications connected to DACA.
There are very limited fee exemptions available. Requests for fee exemptions must be filed and favorably
adjudicated before an individual files his/her request for consideration of DACA without a fee. In order to
be considered for a fee exemption, you must submit a letter and supporting documentation to USCIS
demonstrating that you meet one of the following conditions:

Frequently Asked Questions | USCIS

- You are under 18 years of age, homeless, in foster care or under 18 years of age and otherwise lacking any parental or other familial support and your income is less than 150% of the U.S. poverty level; or

- You cannot care for yourself because you suffer from a serious, chronic disability and your income is less than 150 percent of the U.S. poverty level; or

- You have, at the time of the request, accumulated **$10,000** or more in debt in the past 12 months as a result of unreimbursed medical expenses for yourself or an immediate family member, and your income is less than 150 percent of the U.S. poverty level.

You can find additional information on our [Fee Exemption Guidance](#) Web page. Your request must be submitted and decided before you submit a request for consideration of DACA without a fee. In order to be considered for a fee exemption, you must provide documentary evidence to demonstrate that you meet any of the above conditions at the time that you make the request. For evidence, USCIS will:

- Accept affidavits from community-based or religious organizations to establish a requestor's homelessness or lack of parental or other familial financial support.

- Accept copies of tax returns, bank statement, pay stubs, or other reliable evidence of income level. Evidence can also include an affidavit from the applicant or a responsible third party attesting that the applicant does not file tax returns, has no bank accounts, and/or has no income to prove income level.

- Accept copies of medical records, insurance records, bank statements, or other reliable evidence of unreimbursed medical expenses of at least $**10,000**.

- Address factual questions through Requests for Evidence (RFEs).

**Q9: If individuals meet the guidelines for consideration of DACA and are encountered by U.S. Customs and Border Protection (CBP) or U.S. Immigration and Customs Enforcement (ICE), will they be placed into removal proceedings?**
A9: DACA is intended, in part, to allow CBP and ICE to focus on priority cases. Under the direction of the Secretary of Homeland Security, if an individual meets the guidelines for DACA, CBP or ICE should exercise their discretion on a case-by-case basis to prevent qualifying individuals from being apprehended, placed into removal proceedings, or removed. If individuals believe that, in light of this policy, they should not have been apprehended or placed into removal proceedings, contact your case officer or the ICE Detention Reporting and Information Line at 1-888-351-4024 (staffed 8 a.m. – 8 p.m., Monday – Friday); or email [ERO.INFO@ice.dhs.gov](#).

**Q10: Does this process apply to me if I am currently in removal proceedings, have a final removal order, or have a voluntary departure order?**
A10: This process is open to any individual who can demonstrate he or she meets the guidelines for consideration, including those who have never been in removal proceedings as well as those in removal proceedings, with a final order, or with a voluntary departure order (as long as they are not in immigration detention).

**Q11: If I am not in removal proceedings but believe I meet the guidelines for consideration of DACA, should I seek to place myself into removal proceedings through encounters with CBP or ICE?**
A11: No. If you are not in removal proceedings but believe that you meet the guidelines, you should submit your DACA request to USCIS under the process outlined below.

**Q12: Can I request consideration of DACA from USCIS if I am in immigration detention under the custody of ICE?**

A12: No. If you are currently in immigration detention, you may not request consideration of DACA from USCIS. If you think you may meet the guidelines of this process, you should identify yourself to your ICE case officer or follow procedures on ICE's website at www.ice.gov/daca, which also contains further information.

**Q13: If I am about to be removed by ICE and believe that I meet the guidelines for consideration of DACA, what steps should I take to seek review of my case before removal?**
A13: If you believe you can demonstrate that you meet the guidelines and are about to be removed, you should immediately contact your case officer or the ICE Detention Reporting and Information Line at 1-888-351-4024 (staffed 8 a.m. – 8 p.m., Monday – Friday); or email ERO.INFO@ice.dhs.gov.

**Q14: What should I do if I meet the guidelines of this process and have been issued an ICE detainer following an arrest by a state or local law enforcement officer?**
A14: If you meet the guidelines and have been served a detainer, you should immediately contact the ICE Detention Reporting and Information Line at 1-888-351-4024 (staffed 8 a.m. – 8 p.m., Monday – Friday); or email ERO.INFO@ice.dhs.gov.

**Q15: If I accepted an offer of administrative closure under the case-by-case review process or my case was terminated as part of the case-by-case review process, can I be considered for deferred action under this process?**
A15: Yes. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA even if you have accepted an offer of administrative closure or termination under the case-by-case review process.

**Q16: If I declined an offer of administrative closure under the case-by-case review process, can I be considered for deferred action under this process?**
A16: Yes. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA even if you declined an offer of administrative closure under the case-by-case review process.

**Q17: If my case was reviewed as part of the case-by-case review process but I was not offered administrative closure, can I be considered for deferred action under this process?**
A17: Yes. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA even if you were not offered administrative closure following review of your case as part of the case-by-case review process.

**Q18: Can I request consideration of DACA under this process if I am currently in a nonimmigrant status (e.g. F-1, E-2, H-4) or have Temporary Protected Status (TPS)?**
A18: No. You can only request consideration of DACA under this process if you currently have no immigration status and were not in any lawful status on June 15, 2012.

**Q19: Will the information I share in my request for consideration of DACA be used for immigration enforcement purposes?**
A19: Information provided in this request is protected from disclosure to ICE and CBP for the purpose of immigration enforcement proceedings unless the requestor meets the criteria for the issuance of a Notice To Appear or a referral to ICE under the criteria set forth in the 2011 USCIS Notice to Appear guidance (www.uscis.gov/NTA). Individuals whose cases are deferred pursuant to DACA will not be referred to ICE. The information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of DACA, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense. The above information sharing policy covers family members and guardians, in addition

to the requestor. This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable by law by any party in any administrative, civil or criminal matter.

**Q20: If my case is referred to ICE for immigration enforcement purposes or if I receive an NTA, will information related to my family members and guardians also be referred to ICE for immigration enforcement purposes?**

A20: If your case is referred to ICE for purposes of immigration enforcement or you receive an NTA, information related to your family members or guardians that is contained in your request will not be referred to ICE for purposes of immigration enforcement against family members or guardians. However, that information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of DACA, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense.

This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

**Q21: Will USCIS verify documents or statements that I provide in support of a request for DACA?**

A21: USCIS has the authority to verify documents, facts, and statements that are provided in support of requests for DACA. USCIS may contact education institutions, other government agencies, employers, or other entities in order to verify information.

[Return to top.](#)

## C. Background Checks

**Q22: Will USCIS conduct a background check when reviewing my request for consideration of DACA?**

A22: Yes. You must undergo biographic and biometric background checks before USCIS will consider your DACA request.

**Q23: What do background checks involve?**

A23: Background checks involve checking biographic and biometric information provided by the individuals against a variety of databases maintained by DHS and other federal government agencies.

**Q24: What steps will USCIS and ICE take if I engage in fraud through the new process?**

A24: If you knowingly make a misrepresentation, or knowingly fail to disclose facts, in an effort to obtain DACA or work authorization through this process, you will be treated as an immigration enforcement priority to the fullest extent permitted by law, and be subject to criminal prosecution and/or removal from the United States.

[Return to top.](#)

## D. After USCIS Makes a Decision

**Q25: Can I appeal USCIS' determination?**

A25: No. You cannot file a motion to reopen or reconsider and cannot appeal the decision if USCIS denies your request for consideration of DACA.

You may request a review of your I-821D denial by contacting the USCIS Contact Center at 800-375-5283 Monday to Friday, 8 a.m. to 8 p.m. Eastern. For people who are deaf, hard of hearing or have a speech disability: TTY 800-767-1833. You can have a Service Request created if you believe that you actually did meet all of the DACA guidelines and you believe that your request was denied because USCIS:

- Denied the request based on abandonment, when you actually responded to a Request for Evidence (RFE) or Notice of Intent to Deny (NOID) within the prescribed time;

- Mailed the RFE or NOID to the wrong address although you had changed your address online at www.uscis.gov **or** with a customer service representative on the phone and submitted a Form AR-11, Change of Address, before USCIS issued the RFE or NOID.

  - To ensure the address is updated on a pending case as quickly as possible, we recommend that customers submit a change of address request at www.uscis.gov/addresschange.   Please note that only an online change of address or a Form AR-11 submission will satisfy the legal requirements for notifying the agency of an address change. Therefore, if you called a customer service representative to change your address, please be sure you have also submitted your address change online or with a Form AR-11.

- Denied the request on the grounds that you did not come to the United States prior to your 16th birthday, but the evidence submitted at the time of filing shows that you did arrive before reaching that age.

- Denied the request on the grounds that you were under age 15 at the time of filing but not in removal proceedings, while the evidence submitted at the time of filing show that you indeed were in removal proceedings when the request was filed;

- Denied the request on the grounds that you were 31 or older as of June 15, 2012, but the evidence submitted at the time of filing shows that you were under the age of 31 as of June 15, 2012;

- Denied the request on the grounds that you had lawful status on June 15, 2012, but the evidence submitted at the time of filing shows that you indeed were in an unlawful immigration status on that date;

- Denied the request on the grounds that you were not physically present in the United States on June 15, 2012, and up through the date of filing, but the evidence submitted at the time of filing shows that you were, in fact, present;

- Denied the request due to your failure to appear at a USCIS Application Support Center (ASC) to have your biometrics collected, when you in fact either did appear at a USCIS ASC to have this done or requested prior to the scheduled date of your biometrics appointment to have the appointment rescheduled; or

- Denied the request because you did not pay the filing fees for Form I-765, Application for Employment Authorization, when you actually did pay these fees

**Q26: If USCIS does not exercise deferred action in my case, will I be placed in removal proceedings?**
A26: If you have submitted a request for consideration of DACA and USCIS decides not to defer action in your case, USCIS will apply its 2011 policy guidance governing the referral of cases to ICE and the issuance of Notices to Appear (NTA). If your case does not involve a criminal offense, fraud, or a threat to national security or public safety, your case will not be referred to ICE for purposes of removal proceedings except where DHS determines there are exceptional circumstances. For more detailed information on the applicable NTA policy, visit www.uscis.gov/NTA. If after a review of the totality of circumstances USCIS

determines to defer action in your case, USCIS will likewise exercise its discretion and will not issue you an NTA.

**Q27: Can my deferred action under the DACA process be terminated before it expires?**
A27: Yes. DACA is an exercise of prosecutorial discretion and deferred action may be terminated at any time, with or without a Notice of Intent to Terminate, at DHS's discretion.

Return to top.

# II. Initial Requests for DACA

**Q28: What guidelines must I meet to be considered for deferred action for childhood arrivals (DACA)?**
A28: Under the secretary of Homeland Security's June 15, 2012 memorandum, in order to be considered for DACA, you must submit evidence, including supporting documents, showing that you:

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

5. Had no lawful status on June 15, 2012*;

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a General Educational Development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

7. Have not been convicted of a felony, significant misdemeanor, three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

These guidelines must be met for consideration of DACA. USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met.

* Please review DACA FAQ 18 if you currently in a lawful immigration status.

**Q29: How old must I be in order to be considered for deferred action under this process?**
A29:

- If you have never been in removal proceedings, or your proceedings have been terminated before your request for consideration of DACA, you must be at least 15 years of age or older at the time of filing and meet the other guidelines.

- If you are in removal proceedings, have a final removal order, or have a voluntary departure order, and are not in immigration detention, you can request consideration of DACA even if you are under the age of 15 at the time of filing and meet the other guidelines.

- In all instances, you must have been under the age of 31 as of June 15, 2012, to be considered for DACA.

**Q30: I first came to the United States before I turned 16 years old and have been continuously residing in the United States since at least June 15, 2007. Before I turned 16 years old, however, I left**

**the United States for some period of time before returning and beginning my current period of continuous residence. May I be considered for deferred action under this process?**

A30: Yes, but only if you established residence in the United States during the period before you turned 16 years old, as evidenced, for example, by records showing you attended school or worked in the United States during that time, or that you lived in the United States for multiple years during that time. In addition to establishing that you initially resided in the United States before you turned 16 years old, you must also have maintained continuous residence in the United States from June 15, 2007, until the present time to be considered for deferred action under this process.

**Q31: To prove my continuous residence in the United States since June 15, 2007, must I provide evidence documenting my presence for every day, or every month, of that period?**

A31: To meet the continuous residence guideline, you must submit documentation that shows you have been living in the United States from June 15, 2007, up until the time of your request. You should provide documentation to account for as much of the period as reasonably possible, but there is no requirement that every day or month of that period be specifically accounted for through direct evidence.

It is helpful to USCIS if you can submit evidence of your residence during at least each year of the period. USCIS will review the documentation in its totality to determine whether it is more likely than not that you were continuously residing in the United States for the period since June 15, 2007. Gaps in the documentation as to certain periods may raise doubts as to your continued residence if, for example, the gaps are lengthy or the record otherwise indicates that you may have been outside the United States for a period of time that was not brief, casual or innocent.

If gaps in your documentation raise questions, USCIS may issue a Request for Evidence to allow you to submit additional documentation that supports your claimed continuous residence.

Affidavits may be submitted to explain a gap in the documentation demonstrating that you meet the five-year continuous residence requirement. If you submit affidavits related to the continuous residence requirement, you must submit two or more affidavits, sworn to or affirmed by people other than yourself who have direct personal knowledge of the events and circumstances during the period as to which there is a gap in the documentation. Affidavits may only be used to explain gaps in your continuous residence; they cannot be used as evidence that you meet the entire five-year continuous residence requirement.

**Q32: Does "currently in school" refer to the date on which the request for consideration of deferred action is filed?**

A32: To be considered "currently in school" under the guidelines, you must be enrolled in school on the date you submit a request for consideration of deferred action under this process.

**Q33: Who is considered to be "currently in school" under the guidelines?**

A33: To be considered "currently in school" under the guidelines, you must be enrolled in:

- a public, private, or charter elementary school, junior high or middle school, high school, secondary school, alternative program, or homeschool program that meets state requirements;

- an education, literacy, or career training program (including vocational training) that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; or

- an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under state law (including a certificate of completion, certificate of

attendance, or alternate award), or in passing a GED exam or other state-authorized exam (e.g., HiSet or TASC) in the United States.

Such education, literacy, career training programs (including vocational training), or education programs assisting students in obtaining a regular high school diploma or its recognized equivalent under state law, or in passing a GED exam or other state-authorized exam in the United States, include, but are not limited to, programs funded, in whole or in part, by federal, state, county or municipal grants or administered by non-profit organizations. Programs funded by other sources may qualify if they are programs of demonstrated effectiveness.

In assessing whether such programs not funded in whole or in part by federal, state, county or municipal grants or administered by non-profit organizations are of demonstrated effectiveness, USCIS will consider the duration of the program's existence; the program's track record in assisting students in obtaining a regular high school diploma or its recognized equivalent, in passing a GED or other state-authorized exam (e.g., HiSet or TASC), or in placing students in postsecondary education, job training, or employment; and other indicators of the program's overall quality. For individuals seeking to demonstrate that they are "currently in school" through enrollment in such a program, the burden is on the requestor to show the program's demonstrated effectiveness.

### Q34: How do I establish that I am currently in school?

A34: Documentation sufficient for you to demonstrate that you are currently in school may include, but is not limited to:

- evidence that you are enrolled in a public, private, or charter elementary school, junior high or middle school, high school or secondary school; alternative program, or homeschool program that meets state requirements; or

- evidence that you are enrolled in an education, literacy, or career training program (including vocational training) that:
  - has a purpose of improving literacy, mathematics, or English, or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; and
  - is funded, in whole or in part, by federal, state, county or municipal grants or is administered by non-profit organizations, or if funded by other sources, is a program of demonstrated effectiveness; or

- evidence that you are enrolled in an education program assisting students in obtaining a high school equivalency diploma or certificate recognized under state law (such as by passing a GED exam or other such state-authorized exam [for example, HiSet or TASC]), and that the program is funded in whole or in part by federal, state, county or municipal grants or is administered by non-profit organizations or if funded by other sources, is of demonstrated effectiveness.

Such evidence of enrollment may include: acceptance letters, school registration cards, letters from a school or program, transcripts, report cards, or progress reports which may show the name of the school or program, date of enrollment, and current educational or grade level, if relevant.

### Q35: What documentation may be sufficient to demonstrate that I have graduated from high school?

A35: Documentation sufficient for you to demonstrate that you have graduated from high school may

include, but is not limited to, a high school diploma from a public or private high school or secondary school, a certificate of completion, a certificate of attendance, or an alternate award from a public or private high school or secondary school, or a recognized equivalent of a high school diploma under state law, or a GED certificate or certificate from passing another such state authorized exam (e.g., HiSet or TASC) in the United States.

**Q36: What documentation may be sufficient to demonstrate that I have obtained a GED certificate or certificate from passing another such state authorized exam (e.g., HiSet or TASC)?**
A36: Documentation may include, but is not limited to, evidence that you have passed a GED exam, or other state-authorized exam (e.g., HiSet or TASC), and, as a result, have received the recognized equivalent of a regular high school diploma under state law.

**Q37: If I am enrolled in a literacy or career training program, can I meet the guidelines?**
A37: Yes, in certain circumstances. You may meet the guidelines if you are enrolled in an education, literacy, or career training program that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement. Such programs include, but are not limited to, programs funded, in whole or in part, by federal, state, county or municipal grants or administered by non-profit organizations, or if funded by other sources, are programs of demonstrated effectiveness.

**Q38: If I am enrolled in an English as a Second Language (ESL) program, can I meet the guidelines?**
A38: Yes, in certain circumstances. Enrollment in an ESL program may be used to meet the guidelines if the ESL program is funded in whole or in part by federal, state, county or municipal grants, or administered by non-profit organizations, or if funded by other sources is a  program of demonstrated effectiveness. You must submit direct documentary evidence that the program is funded in whole or part by federal, state, county or municipal grants, administered by a non-profit organization, or of demonstrated effectiveness.

**Q39: Will USCIS consider evidence other than that listed in Chart #1 to show that I have met the education guidelines?**
A39: No. Evidence not listed in Chart #1 will not be accepted to establish that you are currently in school, have graduated or obtained a certificate of completion from high school, or have obtained a GED or passed another state-authorized exam (e.g., HiSet or TASC). You must submit any of the documentary evidence listed in Chart #1 to show that you meet the education guidelines.

**Q40: Will USCIS consider evidence other than that listed in Chart #1 to show that I have met certain initial guidelines?**
A40: Evidence other than those documents listed in Chart #1 may be used to establish the following guidelines and factual showings if available documentary evidence is insufficient or lacking and shows that:

- You were physically present in the United States on June 15, 2012;

- You came to the United States before reaching your 16th birthday;

- You satisfy the continuous residence requirement, as long as you present direct evidence of your continued residence in the United States for a portion of the required period and the circumstantial evidence is used only to fill in gaps in the length of continuous residence demonstrated by the direct evidence; and

- Any travel outside the United States during the period of required continuous presence was brief, casual, and innocent.

However, USCIS will not accept evidence other than the documents listed in Chart #1 as proof of any of the following guidelines to demonstrate that you:

- Were under the age of 31 on June 15, 2012; and

- Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a GED certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States.

For example, even if you do not have documentary proof of your presence in the United States on June 15, 2012, you may still be able to satisfy the guideline. You may do so by submitting credible documentary evidence that you were present in the United States shortly before and shortly after June 15, 2012, which, under the facts presented, may give rise to an inference of your presence on June 15, 2012 as well. However, evidence other than that listed in Chart #1 will not be accepted to establish that you have graduated high school. You must submit the designated documentary evidence to satisfy that you meet this guideline.

Chart #1 provides examples of documentation you may submit to demonstrate you meet the initial guidelines for consideration of deferred action under this process. Please see the instructions of Form I-821D, Consideration of Deferred Action for Childhood Arrivals, for additional details of acceptable documentation.

| Chart #1 Examples of Documents to Submit to Demonstrate You Meet the Guidelines | |
| --- | --- |
| Proof of identity | <ul><li>Passport or national identity document from your country of origin</li><li>Birth certificate with photo identification</li><li>School or military ID with photo</li><li>Any U.S. government immigration or other document bearing your name and photo</li></ul> |

| Chart #1 Examples of Documents to Submit to Demonstrate You Meet the Guidelines | |
|---|---|
| Proof you came to U.S. before your 16th birthday | <ul><li>Passport with admission stamp</li><li>Form I-94/I-95/I-94W</li><li>School records from the U.S. schools you have attended</li><li>Any Immigration and Naturalization Service or DHS document stating your date of entry (Form I-862, Notice to Appear)</li><li>Travel records</li><li>Hospital or medical records</li><li>Rent receipts or utility bills</li><li>Employment records (pay stubs, W-2 Forms, etc.)</li><li>Official records from a religious entity confirming participation in a religious ceremony</li><li>Copies of money order receipts for money sent in or out of the country</li><li>Birth certificates of children born in the U.S.</li><li>Dated bank transactions</li><li>Automobile license receipts or registration</li><li>Deeds, mortgages, rental agreement contracts</li><li>Tax receipts, insurance policies</li></ul> |
| Proof of immigration status | <ul><li>Form I-94/I-95/I-94W with authorized stay expiration date</li><li>Final order of exclusion, deportation, or removal issued as of June 15, 2012</li><li>A charging document placing you into removal proceedings</li></ul> |
| Proof of presence in U.S. on June 15, 2012 | <ul><li>Rent receipts or utility bills</li><li>Employment records (pay stubs, W-2 Forms, etc.)</li><li>School records (letters, report cards, etc.)</li><li>Military records (Form DD-214 or NGB Form 22)</li><li>Official records from a religious entity confirming participation in a religious ceremony</li><li>Copies of money order receipts for money sent in or out of the country</li><li>Passport entries</li><li>Birth certificates of children born in the U.S.</li></ul> |

| Chart #1 Examples of Documents to Submit to Demonstrate You Meet the Guidelines | |
|---|---|
| Proof you continuously resided in U.S. since June 15, 2007 | <ul><li>Dated bank transactions</li><li>Automobile license receipts or registration</li><li>Deeds, mortgages, rental agreement contracts</li><li>Tax receipts, insurance policies</li></ul> |
| Proof of your education status at the time of requesting consideration of DACA | <ul><li>School records (transcripts, report cards, etc.) from the school that you are currently attending in the United States showing the name(s) of the school(s) and periods of school attendance and the current educational or grade level</li><li>U.S. high school diploma, certificate of completion, or other alternate award</li><li>High school equivalency diploma or certificate recognized under state law</li><li>Evidence that you passed a state-authorized exam, including the GED or other state-authorized exam (for example, HiSet or TASC) in the United States</li></ul> |
| Proof you are an honorably discharged veteran of the U.S. Armed Forces or the U.S. Coast Guard | <ul><li>Form DD-214, Certificate of Release or Discharge from Active Duty</li><li>NGB Form 22, National Guard Report of Separation and Record of Service</li><li>Military personnel records</li><li>Military health records</li></ul> |

**Q41: May I file affidavits as proof that I meet the initial guidelines for consideration of DACA?**

A41: Affidavits generally will not be sufficient on their own to demonstrate that you meet the guidelines for USCIS to consider you for DACA. However, affidavits may be used to support meeting the following guidelines only if the documentary evidence available to you is insufficient or lacking:

- Demonstrating that you meet the five-year continuous residence requirement; and
- Establishing that departures during the required period of continuous residence were brief, casual and innocent.

If you submit affidavits related to the above criteria, you must submit two or more affidavits, sworn to or affirmed by people other than yourself, who have direct personal knowledge of the events and circumstances. Should USCIS determine that the affidavits are insufficient to overcome the unavailability or the lack of documentary evidence with respect to either of these guidelines, it will issue a Request for Evidence, indicating that further evidence must be submitted to demonstrate that you meet these guidelines.

USCIS will not accept affidavits as proof of satisfying the following guidelines:

- You are currently in school, have graduated or obtained a certificate of completion or other alternate award from high school, have obtained a high school equivalency diploma or certificate (such as by passing the GED exam or other state-authorized exam [for example, HiSet or TASC]), or are an honorably discharged veteran from the Coast Guard or Armed Forces of the United States;

- You were physically present in the United States on June 15, 2012;

- You came to the United States before reaching your 16th birthday;

- You were under the age of 31 on June 15, 2012; and

- Your criminal history, if applicable.

If the only evidence you submit to demonstrate you meet any of the above guidelines is an affidavit, USCIS will issue a Request for Evidence, indicating that you have not demonstrated that you meet these guidelines and that you must do so in order to demonstrate that you meet that guideline.

**Q42: Will I be considered to be in unlawful status if I had an application for asylum or cancellation of removal pending before either USCIS or the Executive Office for Immigration Review (EOIR) on June 15, 2012?**
A42: Yes. If you had an application for asylum or cancellation of removal, or similar relief, pending before either USCIS or EOIR as of June 15, 2012, but had no lawful status, you may request consideration of DACA.

**Q43: I was admitted for "duration of status" or for a period of time that extended past June 14, 2012, but violated my immigration status (e.g., by engaging in unauthorized employment, failing to report to my employer, or failing to pursue a full course of study) before June 15, 2012. May I be considered for deferred action under this process?**
A43: No, unless the Executive Office for Immigration Review terminated your status by issuing a final order of removal against you before June 15, 2012.

**Q44: I was admitted for "duration of status" or for a period of time that extended past June 14, 2012 but "aged out" of my dependent nonimmigrant status as of June 15, 2012.  May I be considered for deferred action under this process?**
A44: Yes.  For purposes of satisfying the "had no lawful status on June 15, 2012," guideline alone, if you were admitted for "duration of status" or for a period of time that extended past June 14, 2012 but "aged out" of your dependent nonimmigrant status, on or before June 15, 2012, (meaning you turned 21 years old on or before June 15, 2012), you may be considered for deferred action under this process.

**Q45: I was admitted for "duration of status" but my status in SEVIS is listed as terminated on or before June 15, 2012. May I be considered for deferred action under this process?**
A45: Yes. For the purposes of satisfying the ""had no lawful status on June 15, 2012," guideline alone, if your status as of June 15, 2012, is listed as "terminated" in SEVIS, you may be considered for deferred action under this process.

**Q46: I am a Canadian citizen who was inspected by CBP but was not issued an I-94 at the time of admission. May I be considered for deferred action under this process?**
A46: In general, a Canadian citizen who was admitted as a visitor for business or pleasure and not issued an I-94, Arrival/Departure Record, (also known as a "non-controlled" Canadian nonimmigrant) is lawfully admitted for a period of six months. For that reason, unless there is evidence, including verifiable evidence

provided by the individual, that he or she was specifically advised that his or her admission would be for a different length of time, the Department of Homeland Security (DHS) will consider for DACA purposes only, that the noncitizen was lawfully admitted for a period of six months. Therefore, if DHS is able to verify from its records that your last non-controlled entry occurred on or before Dec. 14, 2011, DHS will consider your nonimmigrant visitor status to have expired as of June 15, 2012 and you may be considered for deferred action under this process.

**Q47: I used my Border Crossing Card (BCC) to obtain admission to the United States and was not issued an I-94 at the time of admission. May I be considered for deferred action under this process?**
A47: Because the limitations on entry for a BCC holder vary based on location of admission and travel, DHS will assume that the BCC holder who was not provided an I-94 was admitted for the longest period legally possible—30 days—unless the individual can demonstrate, through verifiable evidence, that he or she was specifically advised that his or her admission would be for a different length of time. Accordingly, if DHS is able to verify from its records that your last admission was using a BCC, you were not issued an I-94 at the time of admission, and it occurred on or before May 14, 2012, DHS will consider your nonimmigrant visitor status to have expired as of June 15, 2012, and you may be considered for deferred action under this process.

**Q48: Do I accrue unlawful presence if I have a pending initial request for consideration of DACA?**
A48: You will continue to accrue unlawful presence while the request for consideration of DACA is pending unless you are under 18 years of age at the time of the request. If you are under 18 years of age at the time you submit your request, you will not accrue unlawful presence while the request is pending, even if you turn 18 while your request is pending with USCIS. If action on your case is deferred, you will not accrue unlawful presence during the period of deferred action. However, having action deferred on your case will not excuse previously accrued unlawful presence.

Return to top.


# III. Renewal of DACA

**Q49: When should I file my renewal request with U.S. Citizenship and Immigration Services (USCIS)?**
A49: USCIS strongly encourages you to submit your Deferred Action for Childhood Arrivals (DACA) renewal request between 150 days and 120 days before the expiration date located on your current Form I-797 DACA approval notice and Employment Authorization Document (EAD). Filing during this window will minimize the possibility that your current period of DACA will expire before you receive a decision on your renewal request.

USCIS' current goal is to process DACA renewal requests within 120 days. You may submit an inquiry about the status of your renewal request after it has been pending more than 105 days. To submit an inquiry online, please visit egov.uscis.gov/e-request.

- **Please Note:** Factors that may affect the timely processing of your DACA renewal request include, but are not limited to:

  - Failure to appear at an Application Support Center (ASC) for a scheduled biometrics appointment to obtain fingerprints and photographs. No-shows or rescheduling appointments will require additional processing time.

  - Issues of national security, criminality or public safety discovered during the background check process that require further vetting.

- Issues of travel abroad that need additional evidence/clarification.

- Name/date of birth discrepancies that may require additional evidence/clarification.

- The renewal submission was incomplete or contained evidence that suggests a requestor may not satisfy the DACA renewal guidelines and USCIS must send a request for additional evidence or explanation

**Q50: Can I file a renewal request outside the recommended filing period of 150 days to 120 days before my current DACA expires?**
A50: USCIS strongly encourages you to file your renewal request within the recommended 150-120 day filing period to minimize the possibility that your current period of DACA will expire before you receive a decision on your renewal request. Requests received earlier than 150 days in advance will be accepted; however, this could result in an overlap between your current DACA and your renewal. This means your renewal period may extend for less than a full two years from the date that your current DACA period expires.

If you file after the recommended filing period (meaning less than 120 days before your current period of DACA expires), there is an increased possibility that your current period of DACA and employment authorization will expire before you receive a decision on your renewal request. If you file after your most recent DACA period expired, but within one year of its expiration, you may submit a request to renew your DACA. If you are filing beyond one year after your most recent period of DACA expired, you may still request DACA by submitting a new initial request.

**Q51: How will USCIS evaluate my request for renewal of DACA:**
A51: You may be considered for renewal of DACA if you met the guidelines for consideration of Initial DACA (see above) AND you:

- Did not depart the United States on or after Aug. 15, 2012, without advance parole;

- Have continuously resided in the United States since you submitted your most recent request for DACA that was approved up to the present time; and

- Have not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and do not otherwise pose a threat to national security or public safety.

These guidelines must be met for consideration of DACA renewal. USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met.

**Q52 Do I accrue unlawful presence if I am seeking renewal and my previous period of DACA expires before I receive a renewal of deferred action under DACA? Similarly, what would happen to my work authorization?**
A52: Yes, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, you will accrue unlawful presence for any time between the periods of deferred action unless you are under 18 years of age at the time you submit your renewal request.

Similarly, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, you will not be authorized to work in the United States regardless of your age at time of filing until and unless you receive a new employment authorization document from USCIS.

**Q53. Do I need to provide additional documents when I request renewal of deferred action under DACA?**
A53.  No, unless you have *new* documents pertaining to removal proceedings or criminal history that you

have not already submitted to USCIS in a previously approved DACA request. USCIS, however, reserves the authority to request at its discretion additional documents, information or statements relating to a DACA renewal request determination.

CAUTION: If you knowingly and willfully provide materially false information on Form I-821D, you will be committing a federal felony punishable by a fine, or imprisonment up to five years, or both, under 18 U.S.C. Section 1001. In addition, individuals may be placed into removal proceedings, face severe penalties provided by law, and be subject to criminal prosecution.

**Q54.  If I am no longer in school, can I still request to renew my DACA?**
A54.  Yes. Neither Form I-821D nor the instructions ask renewal requestors for information about continued school enrollment or graduation. The instructions for renewal requests specify that you may be considered for DACA renewal if you met the guidelines for consideration of initial DACA, including the educational guidelines and:

1. Did not depart the United States on or after Aug. 15, 2012, without advance parole;

2. Have continuously resided in the United States, up to the present time, since you submitted your most recent request for DACA that was approved; and

3. Have not been convicted of a felony, a significant misdemeanor or three or more misdemeanors, and are not a threat to national security or public safety.

**Q55.  If I initially received DACA and was under the age of 31 on June 15, 2012, but have since become 31 or older, can I still request a DACA renewal?**
A55. Yes. You may request consideration for a renewal of DACA as long as you were under the age of 31 as of June 15, 2012.


# IV. Travel

**Q56: May I travel outside of the United States before I submit an initial Deferred Action for Childhood Arrivals (DACA) request or while my initial DACA request remains pending with the Department of Homeland Security (DHS)?**
A56: Any unauthorized travel outside of the United States on or after Aug. 15, 2012, will interrupt your continuous residence and you will not be considered for deferred action under this process. Any travel outside of the United States that occurred on or after June 15, 2007, but before Aug. 15, 2012, will be assessed by USCIS to determine whether the travel qualifies as brief, casual and innocent. (See Chart #2.)

CAUTION: You should be aware that if you have been ordered deported or removed, and you then leave the United States, your departure will likely result in your being considered deported or removed, with potentially serious future immigration consequences.

**Q57: If my case is deferred under DACA, will I be able to travel outside of the United States?**
A57: Not automatically. If USCIS has decided to defer action in your case and you want to travel outside the United States, you must apply for advance parole by filing a Form I-131, Application for Travel Document and paying the applicable fee. USCIS will determine whether your purpose for international travel is justifiable based on the circumstances you describe in your request. Generally, USCIS will only grant advance parole if your travel abroad will be in furtherance of:

- humanitarian purposes, including travel to obtain medical treatment, attending funeral services for a family member, or visiting an ailing relative;

- educational purposes, such as semester-abroad programs and academic research, or;

- employment purposes such as overseas assignments, interviews, conferences or, training, or meetings with clients overseas.

Travel for vacation is not a valid basis for advance parole.

You may not apply for advance parole unless and until USCIS defers action in your case under the consideration of DACA. You cannot apply for advance parole at the same time as you submit your request for consideration of DACA. All advance parole requests will be considered on a case-by-case basis.

If USCIS has deferred action in your case under the DACA process after you have been ordered deported or removed, you may still request advance parole if you meet the guidelines for advance parole described above.

**CAUTION:** However, for those individuals who have been ordered deported or removed, before you actually leave the United States, you should seek to reopen your case before the Executive Office for Immigration Review (EOIR) and obtain administrative closure or termination of your removal proceeding. Even after you have asked EOIR to reopen your case, you should not leave the United States until after EOIR has granted your request. If you depart after being ordered deported or removed, and your removal proceeding has not been reopened and administratively closed or terminated, your departure may result in your being considered deported or removed, with potentially serious future immigration consequences. If you have any questions about this process, you may contact U.S. Immigration and Customs Enforcement (ICE) through the local ICE Office of the Chief Counsel with jurisdiction over your case.

**CAUTION:** If you travel outside the United States on or after Aug. 15, 2012, without first receiving advance parole, your departure automatically terminates your deferred action under DACA.

**Q58: Do brief departures from the United States interrupt the continuous residence requirement?**
A58: A brief, casual and innocent absence from the United States will not interrupt your continuous residence. If you were absent from the United States, your absence will be considered brief, casual and innocent if it was on or after June 15, 2007, and before Aug. 15, 2012, and:

1. The absence was short and reasonably calculated to accomplish the purpose for the absence;

2. The absence was not because of an order of exclusion, deportation or removal;

3. The absence was not because of an order of voluntary departure, or an administrative grant of voluntary departure before you were placed in exclusion, deportation or removal proceedings; and

4. The purpose of the absence and/or your actions while outside the United States were not contrary to law.

Once USCIS has approved your request for DACA, you may file Form I-131, Application for Travel Document, to request advance parole to travel outside of the United States.

CAUTION: If you travel outside the United States on or after Aug. 15, 2012, without first receiving advance parole, your departure automatically terminates your deferred action under DACA.

**Travel Guidelines (Chart #2)**

| Travel Dates | Type of Travel | Does It Affect Continuous Residence |
|---|---|---|
| On or after June 15, 2007, but before Aug. 15, 2012 | Brief, casual and innocent | No |
| | For an extended time<br><br>Because of an order of exclusion, deportation, voluntary departure, or removal<br><br>To participate in criminal activity | Yes |
| On or after Aug. 15, 2012, and before you have requested deferred action | Any | Yes. You cannot apply for advance parole unless and until DHS has determined whether to defer action in your case and you cannot travel until you receive advance parole.<br><br>In addition, if you have previously been ordered deported and removed and you depart the United States without taking additional steps to address your removal proceedings, your departure will likely result in your being considered deported or removed, with potentially serious future immigration consequences. |
| On or after Aug. 15, 2012, and after you have requested deferred action | Any | |

Frequently Asked Questions | USCIS

| Travel Dates | Type of Travel | Does It Affect Continuous Residence |
|---|---|---|
| On or after Aug. 15, 2012 and after receiving DACA | Any | It depends. If you travel after receiving advance parole, the travel will not interrupt your continuous residence. However, if you travel *without* receiving advance parole, the travel *will* interrupt your continuous residence. |

**Q59: May I file a request for advance parole concurrently with my DACA package?**
A59: Concurrent filing of advance parole is not an option at this time.

**Q60: Will USCIS expedite the processing of a DACA I-131 advance parole application?**
A60: No. As a general matter of course, expedite requests will not be granted, because USCIS will make every effort to process the advance parole request quickly; however, if you are experiencing an extremely urgent situation, you may request an emergency advance parole appointment at your local field office by contacting the USCIS Contact Center. You should bring the following items to your appointment:

- A completed and signed Form I-131, Application for Travel Document;

- The correct Form I-131 filing fee;

- Evidence to support the emergency request (e.g. medical documentation, death certificate, etc.); and

- Two passport-style photos.

Return to top.

# V. Criminal Convictions

**Q61: If I have a conviction for a felony offense, a significant misdemeanor offense, or multiple misdemeanors, can I receive an exercise of prosecutorial discretion under this new process?**
A61: No. If you have been convicted of a felony offense, a significant misdemeanor offense, or three or more other misdemeanor offenses not occurring on the same date and not arising out of the same act, omission, or scheme of misconduct, you will not be considered for Deferred Action for Childhood Arrivals (DACA) except where the Department of Homeland Security (DHS) determines there are exceptional circumstances.

**Q62: What offenses qualify as a felony?**
A62: A felony is a federal, state, or local criminal offense punishable by imprisonment for a term exceeding one year.

**Q63: What offenses constitute a significant misdemeanor?**
A63: For the purposes of this process, a significant misdemeanor is a misdemeanor as defined by federal law (specifically, one for which the maximum term of imprisonment authorized is one year or less but greater than five days) and that meets the following criteria:

1. Regardless of the sentence imposed, is an offense of domestic violence; sexual abuse or exploitation; burglary; unlawful possession or use of a firearm; drug distribution or trafficking; or, driving under the

influence; or,

2. If not an offense listed above, is one for which the individual was sentenced to time in custody of more than 90 days. The sentence must involve time to be served in custody, and therefore does not include a suspended sentence.

The time in custody does not include any time served beyond the sentence for the criminal offense based on a state or local law enforcement agency honoring a detainer issued by U.S. Immigration and Customs Enforcement (ICE). Notwithstanding the above, the decision whether to defer action in a particular case is an individualized, discretionary one that is made taking into account the totality of the circumstances. Therefore, the absence of the criminal history outlined above, or its presence, is not necessarily determinative, but is a factor to be considered in the unreviewable exercise of discretion. DHS retains the discretion to determine that an individual does not warrant deferred action on the basis of a single criminal offense for which the individual was sentenced to time in custody of 90 days or less.

**Q64: What offenses constitute a non-significant misdemeanor?**
A64: For purposes of this process, a non-significant misdemeanor is any misdemeanor as defined by federal law (specifically, one for which the maximum term of imprisonment authorized is one year or less but greater than five days) and that meets the following criteria:

1. Is not an offense of domestic violence; sexual abuse or exploitation; burglary; unlawful possession or use of a firearm; drug distribution or trafficking; or, driving under the influence; and

2. Is one for which the individual was sentenced to time in custody of 90 days or less. The time in custody does not include any time served beyond the sentence for the criminal offense based on a state or local law enforcement agency honoring a detainer issued by ICE.

Notwithstanding the above, the decision whether to defer action in a particular case is an individualized, discretionary one that is made taking into account the totality of the circumstances. Therefore, the absence of the criminal history outlined above, or its presence, is not necessarily determinative, but is a factor to be considered in the unreviewable exercise of discretion.

**Q65: If I have a minor traffic offense, such as driving without a license, will it be considered a non-significant misdemeanor that counts towards the "three or more non-significant misdemeanors" making me unable to receive consideration for an exercise of prosecutorial discretion under this new process?**
A65: A minor traffic offense will not be considered a misdemeanor for purposes of this process. However, your entire offense history can be considered along with other facts to determine whether, under the totality of the circumstances, you warrant an exercise of prosecutorial discretion.

It is important to emphasize that driving under the influence is a significant misdemeanor regardless of the sentence imposed.

**Q66: What qualifies as a national security or public safety threat?**
A66: If the background check or other information uncovered during the review of your request for deferred action indicates that your presence in the United States threatens public safety or national security, you will not be able to receive consideration for an exercise of prosecutorial discretion except where DHS determines there are exceptional circumstances. Indicators that you pose such a threat include, but are not limited to, gang membership, participation in criminal activities, or participation in activities that threaten the United States.

**Q67: Will offenses criminalized as felonies or misdemeanors by state immigration laws be considered felonies or misdemeanors for purpose of this process?**

A67: No. Immigration-related offenses characterized as felonies or misdemeanors by state immigration laws will not be treated as disqualifying felonies or misdemeanors for the purpose of considering a request for consideration of deferred action under this process.

**Q68: Will DHS consider my expunged or juvenile conviction as an offense making me unable to receive an exercise of prosecutorial discretion?**

A68: Expunged convictions and juvenile convictions will not automatically disqualify you. Your request will be assessed on a case-by-case basis to determine whether, under the particular circumstances, a favorable exercise of prosecutorial discretion is warranted. If you were a juvenile, but tried and convicted as an adult, you will be treated as an adult for purposes of the DACA process.

<u>Return to top.</u>

# VI. Miscellaneous

**Q69: Does deferred action provide me with a path to permanent resident status or citizenship?**

A69: No. Deferred action is a form of prosecutorial discretion that does not confer lawful permanent resident status or a path to citizenship. Only the Congress, acting through its legislative authority, can confer these rights.

**Q70: Can I be considered for deferred action even if I do not meet the guidelines to be considered for DACA?**

A70: This process is only for individuals who meet the specific guidelines for DACA. Other individuals may, on a case-by-case basis, request deferred action from U.S. Citizenship and Immigration Services (USCIS) or U.S. Immigration and Customs Enforcement (ICE) in certain circumstances, consistent with longstanding practice.

**Q71: How will ICE and USCIS handle cases involving individuals who do not satisfy the guidelines of this process but believe they may warrant an exercise of prosecutorial discretion under the June 2011 Prosecutorial Discretion Memoranda?**

A71: If USCIS determines that you do not satisfy the guidelines or otherwise determines you do not warrant an exercise of prosecutorial discretion, then it will decline to defer action in your case. If you are currently in removal proceedings, have a final order, or have a voluntary departure order, you may then request ICE consider whether to exercise prosecutorial discretion.

**Q72: How should I fill out question 9 on Form I-765, Application for Employment Authorization?**

A72. When you are filing a Form I-765 as part of a DACA request, question 9 is asking you to list those Social Security numbers that were officially issued to you by the Social Security Administration.

**Q73: Will there be supervisory review of decisions by USCIS under this process?**

A73: Yes. USCIS has implemented a successful supervisory review process to ensure a consistent process for considering requests for DACA.

**Q74: Will USCIS personnel responsible for reviewing requests for DACA receive special training?**

A74: Yes. USCIS personnel responsible for considering requests for consideration of DACA have received special training.

**Q75: Must attorneys and accredited representatives who provide pro bono services to deferred action requestors at group assistance events file a Form G-28 with USCIS?**

A75: Under 8 C.F.R. §§ 292.3 and 1003.102, practitioners are required to file a Notice of Entry of Appearance as Attorney or Accredited Representative when they engage in practice in immigration matters before DHS, either in person or through the preparation or filing of any brief, application, petition, or other document. Under these rules, a practitioner who consistently violates the requirement to file a Form G-28 may be subject to disciplinary sanctions; however on Feb. 28, 2011, USCIS issued a statement indicating that it does not intend to initiate disciplinary proceedings against practitioners (attorneys and accredited representatives) based solely on the failure to submit a Notice of Entry of Appearance as Attorney or Accredited Representative (Form G-28) in relation to pro bono services provided at group assistance events. DHS is in the process of issuing a final rule at which time this matter will be reevaluated.

**Q76: When must an individual sign a Form I-821D as a preparer?**

A76: Anytime someone other than the requestor prepares or helps fill out the Form I-821D, that individual must complete Part 5 of the form.

**Q77: If I provide my employee with information regarding his or her employment to support a request for consideration of DACA, will that information be used for immigration enforcement purposes against me and/or my company?**

A77: You may, as you determine appropriate, provide individuals requesting DACA with documentation which verifies their employment. This information will not be shared with ICE for civil immigration enforcement purposes under section 274A of the Immigration and Nationality Act (relating to unlawful employment) unless there is evidence of egregious violations of criminal statutes or widespread abuses.

**Q78: Can I request consideration for deferred action under this process if I live in the Commonwealth of the Northern Mariana Islands (CNMI)?**

A78: Yes, in certain circumstances. The CNMI is part of the United States for immigration purposes and is not excluded from this process. However, because of the specific guidelines for consideration of DACA, individuals who have been residents of the CNMI are in most cases unlikely to qualify for the program. You must, among other things, have come to the United States before your 16th birthday and have resided continuously in the United States since June 15, 2007.

Under the Consolidated Natural Resources Act of 2008, the CNMI became part of the United States for purposes of immigration law only on Nov. 28, 2009. Therefore entry into, or residence in, the CNMI before that date is not entry into, or residence in, the United States for purposes of the DACA process.

USCIS has used parole authority in a variety of situations in the CNMI to address particular humanitarian needs on a case-by-case basis since Nov. 28, 2009. If you live in the CNMI and believe that you meet the guidelines for consideration of deferred action under this process, except that your entry and/or residence to the CNMI took place entirely or in part before Nov. 28, 2009, USCIS is willing to consider your situation on a case-by-case basis for a grant of parole. If this situation applies to you, you should make an appointment through INFOPASS with the USCIS ASC in Saipan to discuss your case with an immigration officer.

**Q79: Someone told me if I pay them a fee, they can expedite my DACA request. Is this true?**

A79: No. There is no expedited processing for deferred action. Dishonest practitioners may promise to provide you with faster services if you pay them a fee. These people are trying to scam you and take your money. Visit our Avoid Scams page to learn how you can protect yourself from immigration scams.

Make sure you seek information about requests for consideration of DACA from official government sources such as USCIS or the DHS. If you are seeking legal advice, visit our Find Legal Services page to learn how to choose a licensed attorney or accredited representative.

**Q80: Am I required to register with the Selective Service?**
A80:  Most male persons residing in the U.S., who are ages 18 through 25, are required to register with Selective Service. Please see link for more information. [Selective Service].

**Q81: How can I tell if an employer is discriminating against me because I am a DACA recipient?**
A81: An employer may be engaging in discrimination if the employer:

- Demands that an employee show specific documents or asks for more or different documents than are required to complete Form I-9, Employment Eligibility Verification, or create an E-Verify case; or

- Rejects documents from the Lists of Acceptable Documents that reasonably appear to be genuine and relate to the employee, including a work authorization document because it has a future expiration date or because of an employee's prior unauthorized status.

The Civil Rights Division of the U.S. Department of Justice has an office dedicated to ensuring that employers do not discriminate against individuals who are permitted to work in the U.S. These include DACA recipients who have been granted work authorization. If you think your employer may be discriminating against you, contact the Immigrant and Employee Rights Section (IER) at 1-800-255-7688 (TDD for the deaf and hard of hearing: 1-800-237-2515).

For more information about unfair employment practices against DACA recipients, please read IER's factsheet in English (PDF) or Spanish (PDF).

For additional resources and information about workers' rights, visit www.justice.gov/crt/worker-information.

Return to top.

Last Reviewed/Updated:  07/27/2021