```
 1              IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3

 4   STATE OF TEXAS ET AL            )
                                     )
 5                                   )
     VS.                             ) CIVIL ACTION NO.
 6                                   ) 1:18-CV-68
                                     )
 7   UNITED STATES OF AMERICA        )
     ET AL                           )
 8

 9

10

11              TELEPHONE CONFERENCE HEARING
          BEFORE THE HONORABLE ANDREW S. HANEN
12                     JUNE 18, 2018

13

14
                     A P P E A R A N C E S
15

16   FOR THE PLAINTIFF STATES:

17       MR. TODD DISHER
         OFFICE OF THE ATTORNEY GENERAL
18       OF TEXAS
         209 W. 14th Street
19       8th Floor
         Austin, Texas 78701
20       Phone:  512.936.2266

21   FOR THE PLAINTIFF STATES:

22       MR. ADAM ARTHUR BIGGS
         OFFICE OF THE ATTORNEY GENERAL
23       300 W. 15th Street
         Austin, Texas 78701
24       Phone:  512.463.2100

25
```

```
 1   FOR THE PLAINTIFF STATES:

 2       MR. PHILIP TRENT PEROYEA
         OFFICE OF THE ATTORNEY GENERAL
 3       PO Box 12548
         Austin, Texas 78701
 4       Phone:  512.463.2080

 5
     FOR THE UNITED STATES:
 6
         MR. JEFFREY S. ROBINS
 7       U.S. Department of Justice
         PO Box 868
 8       Washington, DC 20044
         Phone:  202.616.1246
 9
     FOR THE DEFENDANT INTERVENORS:
10
         MS. NINA PERALES
11       MR. ERNEST I. HERRERA
         MALDEF
12       110 Broadway
         Suite 300
13       San Antonio, Texas 78205
         Phone:  210.224.5476
14
     FOR THE STATE OF NEW JERSEY:
15
         MS. RACHEL WAINER APTER
16       NEW JERSEY OFFICE OF THE
         ATTORNEY GENERAL
17       25 Market Street
         8th Floor
18       Trenton, New Jersey 08625
         Phone:  609.376.2702
19
     FOR THE STATE OF NEW JERSEY:
20
         MR. KENNETH S. LEVINE
21       NEW JERSEY OFFICE OF THE
         ATTORNEY GENERAL
22       124 Halsey Street
         5th Floor
23       Newark, New Jersey 07101
         Phone:  973.648.2881
24

25
```

```
 1   FOR THE STATE OF NEW JERSEY:

 2        MR. JEREMY HOLLANDER
          OFFICE OF THE ATTORNEY GENERAL
 3        124 Halsey Street
          5th Floor
 4        Newark, New Jersey 07101
          Phone:  973.648.7453
 5
```

```
 1                THE COURT:  This is Judge Hanen.  We're on
 2   the record in B-18-68, State of Texas et Al versus USA.
 3                Who do I have on the phone for the State of
 4   Texas?
 5                MR. DISHER:  Good afternoon, Your Honor,
 6   this is Todd Disher, Adam Biggs and Trent Peroyea for
 7   the Plaintiff states.
 8                THE COURT:  All right.  And for the
 9   United States?
10                MR. ROBINS:  Good afternoon, Your Honor,
11   this is Jeffrey Robins for federal Defendants.
12                THE COURT:  All right.  And for the
13   Intervenor Defendants?
14                MS. PERALES:  Good afternoon, Your Honor,
15   this is Nina Perales for the Defendant Intervenors and
16   with me is Mr. Ernest Herrera.
17                THE COURT:  All right.  And do we have
18   someone with the State of New Jersey on?
19                MS. WAINER APTER:  Yes, we do.
20   Rachel Wainer Apter for the State of New Jersey along
21   with Kenneth Levine and Jeremy Hollander.
22                THE COURT:  Okay.  All right.  Let me first
23   start by -- I gave the Intervenors a chance to respond
24   to the State's request to amend the complaint to add new
25   Defendants and I think I gave them until Wednesday or
```

1  Thursday to file whatever response they wanted to file
2  and, after they file that, I'm going to rule both on the
3  intervention and on the addition of two states as
4  Plaintiffs.
5           So just to give you a heads up, I haven't
6  forgotten --
7           MR. DISHER:  Under -- understood,
8  Your Honor.
9           THE COURT:  -- either motion.
10          Let's talk about -- the reason for this is
11 because we have dueling discovery requests or requests
12 in oppositions.  Let -- let me start first with what I
13 think are the -- perhaps the easier ones.
14          The Intervenors want to depose Mr. Palinkas,
15 if I'm pronouncing that right, and he is providing
16 testimony for the State, or at least declarations or
17 affidavits for the states, and it seems like they ought
18 to be able to depose him.
19          Mr. Robins, do you want to weigh in because
20 it's your toes I'm stepping on?
21          MR. ROBINS:  Thank you, Your Honor.  And our
22 objection is primarily stemming from the Court's order
23 requiring leave of court into discovery of federal
24 Defendants.  And while we acknowledge that the State of
25 Texas has relied on the declaration from Mr. Palinkas in

1    terms of whether there's a showing of good cause to
2    allow early discovery in support of or against, in
3    opposition to the preliminary injunction, federal
4    Defendants have -- have pointed to what we believe is
5    a -- an ample amount of record information from this
6    matter and from other matters.  That -- that should be
7    all that is necessary for the Court to ultimately, or at
8    least on a preliminary injunction, to rule on what is a
9    legal issue.
10                   I would add also that the -- the
11   complicating factors of a deposition of a current
12   federal Government employee simply in terms of the
13   burden to all the parties relates to the possibility of
14   Mr. Palinkas being asked questions that call for him to
15   disclose privileged information.  And -- and based on
16   the scope of his declaration, it appears that that may
17   be the case.
18                   And so both in terms of those issues and --
19   and a good cause showing, we -- we believe that -- that
20   there really is sufficient evidence not to require, add
21   anything more, with regard to Mr. Palinkas at this time.
22                   THE COURT:  All right.  I -- I'm going to
23   allow him to be deposed.  If there becomes an issue
24   of -- of privileged information, you can make that
25   objection and you can either get me on the phone or we

```
 1   can go over it afterwards.  I -- I think much of what he
 2   opines to in the declarations are not privileged but --
 3   but because he played such an integral part, I -- I'm
 4   allowing his deposition.
 5               MR. ROBINS:  Yes, Your Honor.
 6               THE COURT:  All right.  Now, the next --
 7   and -- and I -- is -- is the United States, Mr. Robins,
 8   is the United States objecting to the -- the written
 9   discovery?
10               MR. ROBINS:  Yes, Your Honor.  The
11   United States has objected to the written discovery and
12   filed in opposition and response to Defendant
13   Intervenors motion and we are also objecting to
14   Defendant Intervenors proposed -- or -- or noticed
15   deposition of former ICE director Ms. Saldana and
16   their -- their efforts through a motion filed this
17   morning to pursue depositions of a number of purported
18   expert witnesses who are former high ranking Government
19   officials as well and their efforts to seek a 30(b)(6)
20   deposition.
21               THE COURT:  All right.  Well, let's --
22               MS. PERALES:  If I may clarify, Your Honor,
23   it is the State of Texas that has noticed the deposition
24   of Ms. Saldana.  She is the witness of the Defendant
25   Intervenors.
```

1         As to the rest of the United States, he's
2    correct.  We seek to present the -- the testimony of
3    some former federal officials and we seek some testimony
4    of current employees.
5         THE COURT:  All right.  Well, let's start --
6    let's -- let's start with Ms. Saldana.  Mr. Disher, is
7    it your desire to depose her?
8         MR. DISHER:  Your Honor, this is
9    Todd Disher.  We -- we have designated her or sent her a
10   subpoena for her deposition based on the understanding
11   that the Defendant Intervenors were going to offer a
12   declaration for her in their briefing on our motion for
13   preliminary injunction; however, if the Defendants or
14   Defendant Intervenors, rather, do not offer such a
15   declaration, we had not seen such a declaration, we will
16   not depose Ms. Saldana and of course we will pull down
17   the subpoena.
18        THE COURT:  Okay.
19        MS. PERALES:  We need a -- we need a court
20   order for Ms. Saldana to provide her declaration because
21   she is a former federal employee as is Mr. Kerlikowske
22   and as is Mr. Legomsky.
23        THE COURT:  Okay.  Why -- let me -- you
24   know, help me here.  If she doesn't work for Government
25   anymore, why do you need a court order?

```
 1                MS. PERALES:  Because, Your Honor, there is
 2   a statutory prohibition that is a lifetime prohibition
 3   for former federal employees who -- (phone line breaking
 4   up - unintelligible) -- in order for her testimony --
 5   (unintelligible) -- we need to do that court order.  We
 6   believe that Ms. Saldana who's testifying as a lay
 7   witness -- (unintelligible) --
 8                THE COURT:  Ms. Perales, you're breaking up.
 9   We can't hear you.
10                MS. PERALES:  I'm sorry, Your Honor.  I'm at
11   the airport getting ready to leave to depose
12   Mr. Palinkas.
13                There is a -- a lifetime prohibition, a
14   statutory ban on former federal employees providing
15   expert testimony.  We do need a court order to allow
16   them to provide their testimony.  We do think that
17   Ms. Saldana should be okay but the United States has
18   objected to her testimony as a lay witness.
19                THE COURT:  All right.  Well, I'm going --
20   I'm going to let the United States have until Friday to
21   respond to the motion that got filed yesterday or early
22   this morning, whenever it got filed, the -- the notice
23   of the four or five people.
24                But let me -- let me caution both sides
25   here, you know, I read the -- what got filed yesterday
```

1   and while that is -- I mean, it's interesting
2   background, at least the -- some of the areas mentioned,
3   none of that, I think, is contested, or at least a lot
4   of it's not contested.  You know, the reasons for DACA
5   being enacted and -- and whether it actually saved money
6   or not or, you know, cost money, things like that, I
7   mean, I mean, I remember in the DAPA lawsuit, those were
8   issues that got, you know, people got on cross swords
9   about but, I mean, it -- none of it ever really applied
10  to the ruling.  So I just don't want to us to get far
11  afield from here from what we're actually discussing.
12              MS. PERALES:  I do understand, Your Honor.
13              MR. DISHER:  Your Honor, this is Todd Disher
14  for Texas.  We completely understand as well and -- and
15  that's part of the -- the reason that we filed the --
16  that short response this morning just to clarify our
17  position.  We feel like the -- the issues in front of
18  the Court are -- are fairly discreet.
19              And just to -- just to make the Court aware,
20  we are considering whether we need to seek additional
21  relief based on the exhibit list and the witness list
22  that we now have from the Defendant Intervenors.  They
23  have designated nine expert witnesses, two of them are
24  former federal employees.  We still don't have dates for
25  one of those witnesses for a deposition and one of those

1  depositions has been offered to us in Martha's Vineyard
2  that I cannot drive to.
3              That is in addition to a declaration --
4              THE COURT: You can drive to it, you just
5  have to take a ferry for about 50 miles.
6              MR. DISHER: (Laughing.) Fair enough,
7  Your Honor, fair enough. And that's in addition to
8  eight other declarations from federal witnesses offered
9  in other cases that the Defendant Intervenors now want
10 to use in this case, as well as, you know, a -- a
11 request for a 30(b)(6) witness from the United States
12 Federal Government.
13             So I said that we will file an additional
14 briefing by Friday along with the federal Defendants,
15 but I just wanted to make the Court aware that as we go
16 forward with 12 days left in this discovery period, we
17 may be -- may be filing some additional motions to seek
18 some additional relief.
19             MS. PERALES: Your Honor, if I could just
20 add, this is Nina Perales for Defendant Intervenors, the
21 Court will see in today's most recent filing, we have
22 set an internal schedule for ourselves. Things have
23 been working very well and I do want to let the Court
24 know that the parties have been nothing but incredibly
25 professional, both the Plaintiffs and the United States.

1  We are meeting our deadlines on the internal schedule
2  and I'm confident we'll be able to work out any problems
3  that we have.
4              THE COURT:  All right.  Well, let's good to
5  hear.  Well, let me -- let me start -- the first set of
6  discovery, the written discovery to the United States,
7  I'm going to order right now that the Government does
8  not have to answer that.  It's a -- it -- it correctly
9  quotes both the interrogatories and the requests for
10 production.  You know, they follow Rule 26, so, I mean,
11 there's -- there's nothing wrong with the request but
12 those are really trial requests and -- and the
13 Government's not trying it.  I mean, as I understand
14 their pleadings, they're not taking a position.
15             Plus, I'm --
16             MS. PERALES:  Your Honor, the United States
17 is taking the position that DACA is illegal and we do
18 seek discovery that we now have to provide this
19 information now that we're standing in the role of
20 Defendants about how DACA is currently implemented.
21             THE COURT:  Well, but this is the -- this is
22 the -- a copy by category of all documents that maybe
23 support their defenses.  I mean, the way -- this is
24 written so broadly, it could mean all 700,000 DACA
25 applications.

1     MS. PERALES: We do have a more limited
2 third request, Your Honor, that is not paralleled on
3 Rule 26 disclosures.
4     THE COURT: Well, I haven't got --
5     MS. PERALES: That's a more targeted request
6 with respect to how DACA is implemented.
7     THE COURT: All right. Let me find that.
8     MR. ROBINS: Your Honor, this is
9 Jeffrey Robins. I believe that's at 80 on the docket.
10     THE COURT: All right. Okay. I think I
11 have it now. Let -- let me --
12     MS. PERALES: Mr. Herrera, if you can find
13 the Exhibit Number for that third discovery.
14     THE COURT: I -- I have it. It's -- it's
15 document -- it -- the way it's filed, it's document
16 80-3.
17     Mr. Robins, let me ask you this: If you
18 have this in front of you or can pull this up in front
19 of you, a lot of this seems to me like, I -- I mean,
20 they're interrogatories, basically, that it would seem
21 like the United States ought to have a lot of this
22 information in a computer somewhere.
23     MR. ROBINS: Yes, Your Honor. The
24 United States has some of that information in the
25 computer. Some of it is not accessible in the regular

1 course of business, and special data runs would have to
2 be done for the -- the manner and scope of the request
3 that Defendants Intervenors make.
4         In our opposition that includes our
5 opposition to this supplemental discovery request,
6 Defendant Intervenors have identified the USCIS website
7 for which DACA information similar to that which
8 Defendant Intervenors seek is publicly available.
9         And opposing the -- really what we believe
10 are -- are very broad discovery requests for failure to
11 show good cause, we make the point, Your Honor, that
12 Defendant Intervenors have not shown that the
13 information they seek is not available through that
14 publicly available website or explain why the specific
15 information they seek is necessary to the arguments they
16 intend to advance here.
17         THE COURT: Ms. Perales, how about that --
18 is all this stuff available on the web?
19         MS. PERALES: That -- that's for -- goes
20 directly to how many folks currently have DACA in Texas
21 and a lot of the request is aimed at DACA implementation
22 right now. We don't have access to that information and
23 the United States doesn't appear to be planning to put
24 it forward in response to the motion for preliminary
25 injunction, so that's why we asked for it.

```
 1                 THE COURT:  When you say right now, what do
 2    you -- what do you mean?
 3                 MS. PERALES:  Well, the information is not
 4    on the website, the -- the information that we're
 5    seeking; for example, how DACA is currently implemented,
 6    what is the current guideline for implementing or
 7    evaluating the evaluation.  We don't know if the
 8    United States, and that was -- that's why I asked for
 9    it, has been keeping track of the number of folks that
10    they denied based on suspected threat to public safety
11    or national security, and so those are the things that
12    we asked for in the request if they keep it.
13                 THE COURT:  All right.  Here's what I'm
14    going to ask the Government, or maybe order would be a
15    better verb, Mr. Robins, I'm going to order you guys to
16    try to answer these.  If there is a public available,
17    you know, document that answers these, you can just say
18    "see the document", but I want you to specifically
19    identify it.  And I -- and if there's not, I want you to
20    try to answer these and I'm going to give you three
21    weeks to do this.
22                 If there are some that are -- you know,
23    the -- the requests are such that would require
24    information that would have to be calculated or that is
25    not easily derivable, you can object to those
```

```
 1  individually and tell me why that information's hard to
 2  get.  And I'd like you to try to answer these by the 6th
 3  of July.
 4              MS. PERALES:  Your Honor, if -- if we do get
 5  some material then, will we have the opportunity to
 6  supplement our July 7th brief?
 7              THE COURT:  Yes.
 8              MS. PERALES:  Thank you.
 9              MR. ROBINS:  Your Honor, this is
10  Jeffrey Robins, understood.  I -- I would also point out
11  that one of the Government's was -- objections was that
12  Defendant Intervenors had not stated or shown why any
13  data or information that the present implementation of
14  DACA is relevant to the legal issues presently before
15  the Court.
16              THE COURT:  Well, that's such a broad --
17              MS. PERALES:  Your Honor, if I may, the
18  implementation of DACA and the level to which
19  case-by-case is expressly being exercised is at the very
20  heart of Texas's legal claim here.  And with respect
21  to Tom Wong, whether Texas is likely to prevail on the
22  merits of this claim, we do need that information.
23              THE COURT:  I think it's relevant, certainly
24  it's discoverable, so I'm -- I'm going to stick with my
25  order, Mr. Robins.
```

1       MR. ROBINS:  Understood, Your Honor.
2       THE COURT:  All right.  So I'm going to let
3  the United States respond to the latest discovery
4  requests, that they do it by Friday, which is the 22nd.
5  I'll take up those depositions by phone probably just
6  like we're doing this.  I am -- I'm allowing
7  Mr. Palinkas to be deposed and I'm -- I'll cross
8  Ms. Saldana when we get the response from the
9  Government.
10      But I -- I -- I really do want to emphasize
11 that -- that it looked to me like some of these
12 Government, and by Government I mean United States
13 Government, witnesses are really for background purposes
14 that I don't know that anybody's disagreeing with.
15      You know, I mean, maybe there's an argument
16 about how accurate they are or not, but I don't think
17 anyone's saying that -- that it's the basis of -- of
18 anyone getting any kind of relief one way or the other.
19 So, you know, you might want to rethink some of these
20 things.
21      Now I understand, Ms. Perales, your argument
22 about discretion and that's why I'm letting you depose
23 Mr. Palinkas and ordering the Government to answer
24 your -- your interrogatories, but -- but a lot of this
25 background, and -- and, you know, you can convince me

```
 1   I'm not right; in fact, you may be thinking about that
 2   for the next week while we're waiting for the Government
 3   to respond why I'm not right and show me why a lot of
 4   that's relevant, but, you know -- you know, what caused
 5   the administration to, you know, start it up, whether it
 6   saved money or not, whether it made it easier, I mean,
 7   I'm not sure any of that's relevant to the three things
 8   the United -- that the Texas and the other states are
 9   claiming.
10               MS. PERALES:  Understood, Your Honor.  And
11   we will keep the focus very closely on how DACA operates
12   in the context of prosecutorial discretion.
13               THE COURT:  Okay.  All right, counsel.
14   I'll -- I'll wait for the Government's response, so
15   I'll -- I'm -- I'm probably going to bring you back and
16   talk about those other depositions, but with regard to
17   New Jersey joining and the other two states, I'll
18   probably rule on that this week without anything
19   further.
20               MR. DISHER:  Understood.  Thank you,
21   Your Honor.
22               THE COURT:  Okay.  Thank y'all.
23               MR. DISHER:  Thank you.
24               (COURT IN RECESS.)
25
```

```
 1                    REPORTER'S CERTIFICATE
 2
 3      I certify that the foregoing is a correct transcript
 4   from the record of proceedings in the above-entitled
 5   matter.
 6
 7
 8                          /s/ Sheila E. Perales.
                            SHEILA E. PERALES, CSR RPR CRR
 9                          Exp. Date:  Dec. 31, 2018
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```