# TITLE 8—ALIENS AND NATIONALITY

## Chapter I—Immigration and Naturalization Service, Department of Justice

### IMMIGRATION AND NATIONALITY REGULATIONS

Reference is made to the notice of proposed rule making which was published in the FEDERAL REGISTER of November 6, 1952 (17 F. R. 9989), and in which there were stated in full the details of the proposed issuance of rules implementing the Immigration and Nationality Act (66 Stat. 163). As a result of the representations which were received concerning the proposed rules, numerous amendments to those rules have been made. The amendatory rules, as set out below, are hereby adopted. The general basis and purpose of the adopted rules is the implementation of the Immigration and Nationality Act. The rules stated below shall become effective on December 24, 1952. Compliance with the delayed effective date provisions of section 4 of the Administrative Procedure Act (60 Stat. 238; 5 U. S. C. 1003) is impracticable and contrary to the public interest in this instance, since such compliance would unduly delay and impede the administration and enforcement of the Immigration and Nationality Act which becomes effective on December 24, 1952.

NOTE: The record-keeping and reporting requirements of these regulations have been approved by the Bureau of the Budget in accordance with the Federal Reports Act of 1942.

JAMES P. McGRANERY,
*Attorney General.*

DECEMBER 17, 1952.

Recommended:

ARGYLE R. MACKEY,
*Commissioner of Immigration and Naturalization.*

Chapter I, Title 8 of the Code of Federal Regulations, is hereby amended to read as follows:

### Subchapter A—General Provisions

Part
1. General.
2. Service records: fees.
3. Immigration bonds.
4. Lawful admission for permanent residence: special classes: when presumed.
5. Revocation of certificates, documents, or records issued or made by administrative officers.
6. Board of Immigration Appeals: appeals; reopening and reconsideration.
7. Assistant Commissioner, Inspections and Examinations Division; appeals.
8. Reopening and reconsideration.
9. Authority of Commissioner and Assistant Commissioners.
10. Applications and petitions.

### Subchapter B—Immigration Regulations

204. Petition for immigrant status as a minister or as a person whose services are needed urgently.
205. Petition for immigrant status as relative of United States citizen or lawful resident alien.
206. Revocation of approval of petitions.
211. Documentary requirements: immigrants; waivers.

Part
212. Documentary requirements for nonimmigrant: admission of certain inadmissible aliens; parole.
212a. Admission of certain aliens to perform skilled or unskilled labor.
213. Admission of aliens on giving bond or cash deposit.
214. Admission of nonimmigrants: general.
214a. Admission of nonimmigrants: foreign government official.
214b. Admission of nonimmigrants: temporary visitor for business or pleasure.
214c. Admission of nonimmigrants: transit aliens.
214d. Admission of nonimmigrants: crewmen.
214e. Admission of nonimmigrants: treaty trader.
214f. Admission of nonimmigrants: students.
214g. Admission of nonimmigrants: foreign government representatives to international organizations.
214h. Admission of nonimmigrants: temporary services, labor or training.
214i. Admission of nonimmigrants: representatives of information media.
214j. Admission of nonimmigrants: exchange aliens.
221. Disposition of entry documents of aliens entering or departing other than as nonimmigrant crewmen.
223. Reentry permits.
231. Lists of aliens and citizen passengers arriving or departing.
232. Detention of aliens for observation and examination.
233. Temporary removal for examination upon arrival.
235. Inspection of aliens applying for admission.
236. Exclusion of aliens.
237. Deportation of excluded aliens.
238. Entry through or from foreign contiguous territory and adjacent islands.
239. Special provisions relating to aircrafts; designation of ports of entry for aliens arriving by civil aircraft.
242. Aliens: apprehension, custody and determination of deportability.
243. Deportation of aliens in the United States.
244. Suspension of deportation and voluntary departure.
245. Adjustment of status of nonimmigrant to that of a person admitted for permanent residence.
246. Rescission of adjustment of status.
247. Adjustment of status of certain resident aliens.
248. Change of nonimmigrant classification.
249. Creation of record of lawful admission for permanent residence.
250. Removal of aliens who have fallen into distress.
251. Crewmen: lists of; reports of illegal landings.
252. Landing of alien crewmen.
252a. Seamen or airmen: special classes.
253. Hospital treatment of afflicted crewmen.
254. Control of alien crewmen.
256. Payoff or discharge of alien crewmen.
262. Registration of aliens in the United States.
263. Registration of aliens in the United States: provisions governing special groups.
264. Registration of aliens in the United States: forms and procedure.
265. Registration of aliens in the United States: notices of address.
280. Imposition and collection of fines.
282. Printing of reentry permits: forms for sale to public.
287. Field officers; powers and duties.
292. Enrollment and disbarment of attorneys and representatives.
306. Special classes of persons who may be naturalized: Virgin Islanders.
310. Requisition of forms by clerks of court.

### Subchapter C—Nationality Regulations

Part
312. Educational requirements for naturalization.
316. Good moral character.
316a. Residence, physical presence and absence.
317. Temporary absence of persons performing religious duties.
319. Special classes of persons who may be naturalized: spouses of United States citizens.
322. Special classes of persons who may be naturalized: children of citizen parent.
323. Special classes of persons who may be naturalized: children adopted by United States citizens.
324. Special classes of persons who may be naturalized: women who have lost United States citizenship by marriage.
325. Special classes of persons who may be naturalized: nationals but not citizens of the United States.
327. Special classes of persons who may be naturalized: persons who lost United States citizenship through service in armed forces of foreign country during World War II.
328. Special classes of persons who may be naturalized: persons with three years service in armed forces of the United States.
329. Special classes of persons who may be naturalized: veterans of the United States armed forces who served during World War I or World War II.
330. Special classes of persons who may be naturalized: seamen.
331. Special classes of persons who may be naturalized: alien enemies.
332. Preliminary interrogation of applicants for naturalization and witnesses.
332a. Official forms.
332b. Instruction and training in citizenship responsibilities: textbooks, schools, organizations.
332c. Photographic studios.
332d. Designation of employees to administer oaths and take depositions.
333. Photographs.
334. Petition for naturalization.
334a. Declaration of intention.
335. Preliminary examination on petitions for naturalization.
335a. Transfer, withdrawal or failure to prosecute petition for naturalization.
335b. Proof of qualifications for naturalization: witnesses: depositions.
335c. Investigations of petitioners for naturalization.
336. Proceedings before naturalization court.
337. Oath of allegiance.
338. Certificate of naturalization.
339. Functions and duties of clerks of naturalization courts.
340. Revocation of naturalization.
341. Certificate of citizenship under section 341 of the Immigration and Nationality Act.
341a. Certificate of citizenship—Hawaiian Islands.
343. Certificate of naturalization or repatriation; persons who resumed citizenship under section 323 of the Nationality Act of 1940, as amended, or section 4 of the Act of June 29, 1906.
343a. Naturalization and citizenship papers lost, mutilated, or destroyed; new certificate in changed name; certified copy of repatriation proceedings.
343b. Special certificate of naturalization for recognition by a foreign state.
343c. Certifications from records.
344. Fees collected by clerks of court.
344a. Copies of and information from records.

402. Special classes of persons who may be naturalized: persons who lost United States citizenship by voting in Italy.

Part

402a. Special classes of persons who may be naturalized: aliens enlisted in the United States armed forces under Art of June 30, 1950, as amended by section 402 (e) of the Immigration and Nationality Act.

Subchapter D—Immigration and Naturalization Forms

450. Forms.

Subchapter E—Miscellaneous Provisions

475. Admission of agricultural workers under special legislation.

Subchapter A—General Provisions

PART 1—GENERAL

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
1.1 Definitions.
1.2 Prior regulations.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 1.1 and 1.2 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 332, 66 Stat. 166, 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 1.1 Definitions—(a) Terms used in this chapter. (1) The terms defined in section 101 of the Immigration and Nationality Act have the same meanings ascribed to them in that section and as supplemented, explained, and further defined in this chapter.

(2) The term "Act" means the "Immigration and Nationality Act" (66 Stat. 163).

(3) The term "attorney" means a person licensed to practice law in the Federal, State, territorial, or insular courts.

(4) Unless the context otherwise requires, the term "case" means any proceeding arising under the immigration laws, Executive orders and Presidential proclamations, except that for the purposes of Part 292 of this chapter, a proceeding under Part 332 of this chapter shall not be regarded as a case.

(5) The term "Central Office" means the headquarters office of the Service at Washington, D. C.

(6) The term "day," when computing the period of time provided in this chapter for the taking of any action, means any day other than a Sunday or a legal holiday.

(7) The term "district" or "immigration district" when used in a geographical sense means that portion of the territory of the United States comprising each of the various major subdivisions of the Service defined and delineated in the section of Notices pertaining to the organizational structure of the Service.

(8) The term "district director" means the officer duly appointed to the titular position as the Service officer in charge of a district, whose appointment has not terminated, and includes the officer or employee of the Service who has been designated to act as district director in the absence of the district director.

(9) The term "immigration officer" means—

(i) Any officer or employee of the Service who, on December 24, 1952, was serving under appointment theretofore made to the position of immigrant inspector, patrol inspector, investigator, naturalization examiner, or any other officer of the Service of a higher grade, whose appointment has not terminated, or who hereafter is appointed to such position; and

(ii) Any person designated by the Commissioner to perform the duties and exercise the powers of an immigration officer as set forth in the Immigration and Nationality Act.

(10) The term "officer in charge" means the Service officer in charge of the Service office having administrative jurisdiction over a case. It does not include a district director.

(11) The term "practice" means the act of an attorney or representative in appearing in any case, either in person or through the filing of a brief or other document, paper, application or petition on behalf of a client before an officer of the Service or the Board.

(12) The term "representative" means a person representing a religious, charitable, social service or similar organization established in the United States and recognized as such by the Board, or a person described in § 292.1 (b) (2) and (3) of this chapter.

(b) Terms used in Subchapter B of this chapter. (1) The terms—

"arriving at ports of the United States" as used in sections 232, 234, and 235 of the Immigration and Nationality Act; and

"arrival at a port of the United States" as used in section 233 of the Immigration and Nationality Act; and

"arrival in a port of the United States" as used in section 253 of the Immigration and Nationality Act,

mean any coming to any port of the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, except:

(i) That any person (including a crewman) coming to a port in the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as coming from a foreign port or place, an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone.

(2) The terms—

"arriving in the United States" as used in section 256 of the Immigration and Nationality Act; and

"bringing an alien to, or providing a means for an alien to come to, the United States" as used in section 271 of the Immigration and Nationality Act; and

"bring to the United States" as used in section 272 of the Immigration and Nationality Act,

mean any coming from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States to or into the United States or the territorial waters or overlying airspace thereof, except:

(i) That any person (including a crewman) coming to the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as coming from a foreign port or place, an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone.

(3) The terms—

"arrival of any person by water or by air at any port within the United States from any place outside the United States" as used in section 231 of the Immigration and Nationality Act; and

"bring to the United States from any place outside thereof" as used in section 273 (a) of the Immigration and Nationality Act,

mean any coming from a foreign port or place or from an outlying possession of the United States to any port of the United States, except:

(i) That any person (including a crewman) coming from a foreign port or place or from an outlying possession of the United States to a port in the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as

coming from a foreign port or place or from an outlying possession of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone;

(iii) Solely for the purposes of section 231 of the Immigration and Nationality Act, if it is established to the satisfaction of the district director or officer in charge having administrative jurisdiction over the place of arrival that the coming of any vessel or aircraft to a port of the United States was wholly involuntary, not intended, or not reasonably to be expected, no person on board such vessel or aircraft shall be regarded as arriving from any place outside the United States.

(4) The terms—

"arrival of any vessel or aircraft in the United States from any place outside the United States" as used in section 251 of the Immigration and Nationality Act; and

"arriving in the United States from any place outside thereof" as used in section 254 of the Immigration and Nationality Act; and

"arriving at the United States from any place outside thereof" as used in section 273 (d) of the Immigration and Nationality Act,

mean any coming from a foreign port or place or from an outlying possession of the United States to or into the United States or the territorial waters or overlying airspace thereof, except:

(i) That if the examination under sections 234 and 235 of the Immigration and Nationality Act of any person (including a crewman) on board such vessel or aircraft is not completed at the first port of call in the United States of such vessel or aircraft, the vessel or aircraft shall be regarded as coming from a foreign port or place, or an outlying possession of the United States, at each subsequent port of call in the United States until such examination is completed;

(ii) That a vessel not otherwise within this definition shall not be regarded as falling within the terms thereof solely by reason of passage through the Canal Zone: *Provided,* That if in connection with such passage any vessel enters and clears at any port in the Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, it shall be regarded as arriving in the United States from a place outside thereof;

(iii) Solely for the purposes of section 251 (a) of the Immigration and Nationality Act, with respect to any coming which is established to the satisfaction of the district director or the officer in charge having administrative jurisdic-

tion over the place of arrival to have been wholly involuntary, not reasonably to be expected, or not intended;

(iv) Solely for the purposes of section 251 (a) of the Immigration and Nationality Act, with respect to aircraft coming directly to the continental United States or Alaska on a trip which originated in Canada or the French Islands of St. Pierre or Miquelon.

(5) The term "beneficiary" means an alien in whose behalf a petition is filed under section 204, 205 or 214 (c) of the Immigration and Nationality Act.

(6) The term "Board" means the Board of Immigration Appeals.

(7) The term "continental United States" means the 48 States and the District of Columbia.

(8) Except as otherwise provided in §§ 214a.1 and 214g.1 of this chapter, the term "immediate family" means a close alien relative by blood or by marriage who is regularly residing in the household of the person in whose family membership is alleged.

(9) The term "passport"—

(i) When used with reference to the documentation of immigrant aliens, means a document defined in section 101 (a) (30) of the Immigration and Nationality Act which is unconditionally valid for the bearer's entry into a foreign country at least 60 days beyond the expiration date of his immigrant visa.

(ii) When used with reference to the documentation of a nonimmigrant alien, means a document defined in section 101 (a) (30) of the Immigration and Nationality Act, which document is valid for a minimum period of 6 months from the date of the expiration of the initial period of the bearer's admission or contemplated initial period of stay authorizing the bearer to return to the country from which he came or to proceed to and enter some other country during such period, except that in the case of a nonimmigrant who is applying for admission as a member of any of the classes described in section 102 of the Immigration and Nationality Act, the period of such validity shall not be required to extend beyond the date of the application of such nonimmigrant for admission to the United States if he is admitted in that status.

(10) The term "permit to enter" includes an Immigrant Visa, Nonimmigrant Visa, Border Crossing Identification Card and a Reentry Permit, but does not include a Passport.

(11) The term "special inquiry officer" means any immigration officer who has been designated and appointed a special inquiry officer in accordance with the provisions of § 9.1 (b) of this chapter and who has a certificate of designation and appointment issued under that section.

(12) The term "western hemisphere" means North, Central, and South America and the islands immediately adjacent thereto including the places named in section 101 (b) (5) of the Immigration and Nationality Act.

(c) *Terms used in section 101 (a) (30) of the Immigration and Nationality Act.* (1) The term "competent authority" means an official duly authorized by the

national governments of his own or some other country to issue passports or to authenticate other documents which are cognizable as passports.

(d) *Terms used in Chapter 7 of Title II of the Immigration and Nationality Act and Parts 262 to 266 inclusive of this chapter.* (1) The term "alien" includes, but is not limited to, any person who, because of doubt as to the applicability of the registration requirement, applies for registration or is registered as a matter of precaution, and any person who is registered upon the application of another person acting in his behalf under the provisions of Chapter 7 of Title II of the Immigration and Nationality Act.

(2) The term "registration" or "register" or "registered" includes fingerprinting in the case of aliens 14 years of age or over.

(3) The term "alien registration receipt card" means any card, certificate or document issued to an alien pursuant to the registration requirements of chapter 7 of Title II of the Immigration and Nationality Act or Title III of the Alien Registration Act, 1940.

§ 1.2 *Prior regulations.* Regulations under Chapter I of this title, which were in effect on the effective date of the promulgation of these regulations, shall continue to be effective insofar as may be applicable and necessary under the provisions of section 405 of the Immigration and Nationality Act and, as to the control of the departure of persons, under the act of May 22, 1918, as amended and extended by section 1 (a) (30) of Public Law 450, 82d Congress.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

## PART 2—SERVICE RECORDS: FEES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
2.1 Authority of officers to release information and to certify records.
2.2 Certification of nonexistence of record.
2.3 Remittance of fees.
2.4 Copies of service records and information; fees.
2.5 Fees for service, documents, papers, and records, not specified in the Immigration and Nationality Act.
2.6 Designation of Application Receiving Offices.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 2.1 to 2.6 issued under sec. 501, 66 Stat. 290, sec. 103, 66 Stat. 173; 5 U. S. C., Sup., 140. Interpret or apply secs. 281, 332, 343, 344, 405, 66 Stat. 230, 252, 263, 264, 280.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 2.1 *Authority of officers to release information and to certify records.* The Commissioner, the General Counsel of the Service, District Directors, or such other officers of the Service as may be designated by the Commissioner, upon application, may furnish to any person entitled thereto, copies of immigration and naturalization records, or information therefrom, and may certify that any official file, document, or record in the custody or control of the Service is a true file, document, or record, or that

AR2022_200003

Case 1:18-cv-00068   Document 607-2   Filed on 11/03/22 in TXSD   Page 4 of 141

a copy of such file, document or record is a true copy.

**§ 2.2** *Certification of nonexistence of record.* The chief of the Records Administration Branch of the Central Office may certify the nonexistence in the records of the Service of an official file, document, or record pertaining to a specified person or subject.

**§ 2.3** *Remittance of fees—* (a) *When submitted.* Fees required to be submitted with, or on account of, any of the various applications or petitions prescribed in this chapter shall be attached to and submitted with such application or petition and shall be in the amount prescribed by the Immigration and Nationality Act or other applicable statute or regulation. All remittances shall be accepted subject to collection, and no receipt issued by an officer of the Service for any such remittance shall be binding if the instrument of remittance is found uncollectible. Such fees shall not be accepted in the form of postage stamps.

(b) *Payee.* Remittances shall be made payable to the "Treasurer of the United States", except that in the case of applicants residing in the Virgin Islands of the United States, the remittances shall be made payable to the "Commissioner of Finance of the Virgin Islands," and except that in the case of applicants residing in Guam, the remittances shall be made payable to the "Treasurer, Guam". The address of the payee shall not be included in that part of the form of remittance intended solely for the designation of the payee. Whenever it shall be necessary to indicate on a form of remittance the place at which the remittance is collectible or payable, there shall be used the name of the city or town and the State in which is located the Service office to which the application is to be sent.

**§ 2.4** *Copies of Service records and information; fees.* (a) Except as otherwise provided by law or regulations, there shall be paid in advance for furnishing any person or agency (other than an officer or agency of the United States or of any State or any subdivision thereof for official use in connection with the official duties of such officers or agencies) copies, certified or uncertified, of any part of, or information from, the records of the Service, a fee of 25 cents per folio of one hundred words or fraction thereof, with a minimum fee of 50 cents for any such service. Application for the desired service shall be made on Form N-585 and submitted to the Service in accordance with the instructions contained therein. The applicant shall be advised if any fee in addition to the minimum is required for the requested service.

(b) Whenever the information requested in an application is contained in several files relating to one person, group, or thing, the furnishing of information to one party shall be regarded as one service, and the information may be furnished in one letter or statement at the said rate per folio; but whenever the information requested in cases of this character is to be furnished to two or more persons, the furnishing of each letter or statement shall be regarded as a separate and distinct service, and an additional fee, or fees, shall be charged for each such additional service.

(c) Whenever the information requested in an application is contained in one or more files relating, respectively, to two or more persons, groups, or things the furnishing of such information from the file or files relating, respectively, to each such person, group, or thing, shall, in each instance, be regarded as a separate and distinct service, and separate letters or statements, each embodying collectively the information requested as to each person, group, or thing, shall be prepared, and an additional fee or fees shall be charged for each such additional service.

(d) Whenever additional uncertified copies of documents or written information from the record are applied for in order to meet the needs of applicants, the fees for such additional copies or advices or statements shall be at the rate of 25 cents per folio of one hundred words or fraction thereof, with a minimum of 50 cents for each such additional copy.

(e) Whenever it is desired that a copy of a document or written information from the records be officially certified under seal, a fee of $1.00 shall be charged for each such certification, in addition to the fees hereinabove provided.

**§ 2.5** *Fees for service, documents, papers, and records, not specified in the Immigration and Nationality Act.* In addition to the fees enumerated in sections 281 and 344 of the Immigration and Nationality Act, the following fees and charges are fixed and established:

(1) For filing application for United States citizen border crossing identification card _____ $5.00

(2) For filing application for verification of entry of an alien for use in connection with issuance of Immigration Visa to relatives _____ 3.00

(3) For filing application for the benefits of secs. 316 (b) or 317 of the Immigration and Nationality Act _____ 10.00

(4) For filing an appeal from a decision in an exclusion or deportation proceeding _____ 25.00

(5) For filing an appeal from any decision under the Immigration and Nationality Act, except from a decision in an exclusion or deportation proceeding _____ 10.00

(6) For filing a motion to reopen or a motion to reconsider in any case arising under the Immigration and Nationality Act _____ 5.00

(7) For filing application for Alien Registration Receipt Card in lieu of one lost, mutilated, or destroyed, or in changed name _____ 5.00

(8) For filing application for approval of school _____ 25.00

(9) For filing application for permission to reapply in the case of excluded or deported aliens, aliens who have fallen into distress and have been removed, aliens who have been removed as alien enemies, or aliens who have been removed at Government expense in lieu of deportation _____ 5.00

(10) For filing application for discretionary relief under sec. 212 (c) of the Immigration and Nationality Act _____ 25.00

(11) For filing application for discretionary relief under sec. 212 (d) (3) of the Immigration and Nationality Act, except in emergency cases ___ $25.00

(12) For filing application for Alien Laborer's Identification Card in lieu of one lost, mutilated or destroyed __ 1.00

(13) For filing application for waiver of passport or visa of an individual alien at time he applies for temporary admission to the United States. (This fee shall not be applicable to an admissible alien who is officially engaged in activities in connection with any multipartite treaty organization of which the United States is signatory or who is a member of the armed forces of any foreign government.) _____ [1]10.00

(14) For a special search of an arrival record where information is for personal benefit _____ 3.00

(15) For filing application for Certificate of Citizenship—Hawaiian Islands _____ 5.00

(16) For annual subscription for "Passenger Travel Reports via Sea and Air" _____ 10.00

(17) For annual tables on "Passenger Travel Reports via Sea and Air" __ [2].20

(18) Annual reports—Immigration and Naturalization Service _____ 2.00

(19) For special statistical tabulations _____ 5.00

(20) For filing application for waiver of grounds for exclusion contained in sec. 212 (a) (14) of the Immigration and Nationality Act ___ 10.00

[1] Plus communication costs.
[2] Per table or $1 per set of 6.

**§ 2.6** *Designation of Application Receiving Offices.* Offices of the Service located in the following places are designated as Application Receiving Offices:

| | |
|---|---|
| Fresno, Calif. | Omaha, Nebr. |
| Los Angeles, Calif. | Reno, Nev. |
| Sacramento, Calif. | Newark, N. J. |
| San Diego, Calif. | Albany, N. Y. |
| San Francisco, Calif. | Buffalo, N. Y. |
| Denver, Colo. | New York, N. Y. |
| Hartford, Conn. | Cincinnati, Ohio. |
| Washington, D. C. | Columbus, Ohio. |
| Miami, Fla. | Toledo, Ohio. |
| Boise, Idaho. | Portland, Oreg. |
| Chicago, Ill. | Philadelphia, Pa. |
| Hammond, Ind. | Pittsburgh, Pa. |
| Portland, Maine. | Providence, R. I. |
| Baltimore, Md. | El Paso, Tex. |
| Boston, Mass. | San Antonio, Tex. |
| Springfield, Mass. | Salt Lake City, Utah. |
| Detroit, Mich. | St. Albans, Vt. |
| Flint, Mich. | Seattle, Wash. |
| Duluth, Minn. | Spokane, Wash. |
| St. Paul, Minn. | Tacoma, Wash. |
| Kansas City, Mo. | Milwaukee, Wis. |
| St. Louis, Mo. | Honolulu, Hawaii. |

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 3—IMMIGRATION BONDS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.

3.1 Immigration bonds.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

**§ 3.1** *Immigration bonds—*(a) *Acceptable sureties.* In cases other than those in which cash or postal money orders are deposited pursuant to this chapter, the following shall be the only acceptable sureties on a bond furnished in connection with the administration of the Immigration and Nationality Act:

**AR2022_200004**

(1) A company holding a certificate from the Secretary of the Treasury under Title 6, Sections 6-13, United States Code, as an acceptable surety on Federal bonds;

(2) A surety who deposits United States bonds or notes of the class described in section 15 of Title 6, United States Code, and Treasury Department regulations issued pursuant thereto, which bonds or notes are not redeemable within one year from the date on which they are offered for deposit; or

(3) Sureties shall be two in number, each of whom shall justify separately in real property not exempted from levy and sale upon execution, which real property is actually valued, over and above all encumbrances, at double the amount of the bond, and each of whom shall, in addition to making such justification, satisfactorily establish to the immigration officer authorized to approve the bond that his net worth, over and above all obligations and liabilities of any kind, secured or unsecured, is equal to double the amount of the bond.

(b) *Approval; extension agreements; consent of surety; collateral security.* Regardless of the section of law or regulations under which a bond is required, district directors and officers in charge are authorized, either directly or through officers or employees designated by them to approve bonds which are prepared on a form approved by the Commissioner, provided no substantial change is made in the conditions printed on such form. Such officers are also authorized to approve formal agreements by which a surety consents to an extension of his liability on any such bond and to approve any power of attorney executed on Form I-312 or Form I-313 which purports to authorize the delivery after its release of collateral deposited to secure the performance of any such bond to some person or concern other than the depositor thereof. Unless otherwise specifically provided in this chapter or by the Commissioner in any case or class of cases, bonds prepared on forms approved by the Commissioner, all agreements of extension of liability relating thereto, and all powers of attorney for delivery of collateral security deposited in connection therewith shall be retained at the office of the Service where approved. Bonds prepared on any form other than one approved by the Commissioner, or bonds prepared on any such forms in which the conditions have been materially altered, agreements of extension of liability relating thereto, and any powers of attorney to receive back collateral deposited in connection therewith, shall be submitted to the Commissioner for approval. Regardless of the form on which the bond is prepared, any power of attorney not executed on Form I-312 or Form I-313, purporting to authorize the delivery after its release of any deposit of collateral security to some person or concern other than the depositor thereof, shall be forwarded, together with the bond and all appurtenant documents, to the Commissioner for approval. In the same manner, all requests for delivery of collateral security to a person other than the depositor or his approved attorney in fact shall be

No. 247——2

forwarded to the Commissioner for approval. Instruments and other papers forwarded to the Commissioner under the provisions of this paragraph shall be handled by the General Counsel.

(c) *Violation of conditions; cancellation.* (1) Whenever it shall appear that a condition of a bond executed in connection with the administration of the immigration laws may have been violated, the bond, all appurtenant documents, and a full report of the circumstances, shall be forwarded to the district director having administrative jurisdiction over the office where the bond is retained for decision as to whether the conditions of the bond have been met so that it may be cancelled, or whether any condition of the bond has been violated so that liability thereunder should be enforced, or whether the circumstances are such that the bond should be continued in effect. If the obligors are adversely affected by the decision of the district director, they shall be notified by the district director in writing on Form I-323 of his decision and of their right to appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with Part 7 of this chapter, by filing a Notice of Appeal, Form I-290B, at the office of the district director within 10 days from the receipt of notification of such decision. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

(2) If all the conditions of a bond executed in connection with the administration of the immigration laws have been complied with and the obligation has thereby been discharged by its own terms, the district director shall so notify the obligors on Form I-391. Similar notice shall be given if all the conditions of the bond have been complied with and—

(i) The alien has departed from the United States;

(ii) The alien has died;

(iii) The alien has been naturalized as a citizen of the United States;

(iv) A new bond has been furnished to replace the existing bond; or

(v) In the case of a delivery bond, the warrant of arrest or deportation has been cancelled, or the alien's application for suspension of deportation has been approved, or the alien has been imprisoned, or inducted into the armed forces of the United States.

(Sec. 103, 66 Stat. 173)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 4—LAWFUL ADMISSION FOR PERMANENT RESIDENCE: SPECIAL CLASSES: WHEN PRESUMED

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
4.1   Chinese person; definition.
4.2   Presumption of lawful admission.
4.3   Applicability of travel restrictions imposed by section 212 (d) (7) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 4.1 to 4.3 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 66 Stat. 166, 182.

SUBPART A—SUBSTANTIVE PROVISIONS

**§ 4.1** *Chinese person; definition.* For the purposes of this part an alien who is of as much as one-half Chinese blood and is not of as much as one-half blood of a race or races which were ineligible for naturalization under section 303 of the Nationality Act of 1940, as amended, shall be regarded as a Chinese person.

**§ 4.2** *Presumption of lawful admission.* An alien of any of the following-described classes shall be presumed to have been lawfully admitted for permanent residence within the meaning of the Immigration and Nationality Act (even though no record of his admission can be found, except as otherwise provided in this part) unless the alien abandoned his status as a lawful permanent resident, or lost such status by operation of law, at any time subsequent to such admission:

(a) *Aliens who entered prior to June 30, 1906.* An alien who establishes that he entered the United States prior to June 30, 1906.

(b) *Aliens who entered across land borders of the United States.* An alien who establishes that, while a citizen of Canada or Newfoundland, he entered the United States across the Canadian border prior to October 1, 1906, and an alien who establishes that while a citizen of Mexico he entered the United States across the Mexican border prior to July 1, 1908.

(c) *Aliens preexamined in Canada prior to July 1, 1924.* An alien in whose case no record exists of his actual admission to the United States but who establishes that he gained admission to the United States prior to July 1, 1924 pursuant to preexamination at a United States immigration station in Canada and that a record of such preexamination exists.

(d) *Aliens who entered the Virgin Islands.* An alien who establishes that he entered the Virgin Islands of the United States prior to July 1, 1938, even though a record of his admission as a non-immigrant under the Immigration Act of 1924, prior to July 1, 1938, exists.

(e) *Aliens within the Asiatic barred zone.* An alien who establishes that he is of a race indigenous to, and a native of a country within, the Asiatic zone defined in section 3 of the act of February 5, 1917, as amended, that he was a member of a class of aliens exempted from exclusion by the provisions of the said section, and that he entered the United States prior to July 1, 1924, provided that a record of such entry exists.

(f) *Chinese persons.* (1) A Chinese person in whose case there exists a record of his admission to the United States prior to July 1, 1924, under the provisions of the laws, orders, rules or regulations applicable to Chinese and who establishes that at the time of his admission he was a member of one or more of the following-described classes:

Merchants.
Teachers.
Students.
Sons or daughters under 21 years of age and wives, accompanying or following to join such merchants, teachers, and students.
Travelers for curiosity or pleasure.

Accompanying sons or daughters under 21 years of age and accompanying wives of such travelers.

Wives of United States citizens.

Returning laborers.

Persons admitted as United States citizens under section 1993 of the Revised Statutes of the United States, as amended, but who were admitted in error for the reason that their fathers had not resided in the United States prior to their birth.

(2) A Chinese person in whose case there exists a record of his admission to the United States as a member of one of the following classes, and who establishes that he was, at the time of his admission, a member thereof:

Aliens readmitted between July 1, 1924, and December 16, 1943, inclusive, as returning Chinese laborers who acquired lawful permanent residence prior to July 1, 1924.

Persons admitted between July 1, 1924 and June 6, 1927, inclusive, as United States citizens under section 1993 of the Revised Statutes of the United States, but who were admitted in error for the reason that their fathers had not resided in the United States prior to their birth.

Aliens admitted at any time after June 30, 1924, under subsections (b) or (d) of section 4 of the Immigration Act of 1924.

Alien wives admitted between June 13, 1930, and December 16, 1943, inclusive, and after August 9, 1946, under subsection (a) of section 4 of the Immigration Act of 1924.

Aliens admitted on or after December 17, 1943, under subsection (f) of section 4 of the Immigration Act of 1924.

Aliens admitted on or after December 17, 1943, under section 317 (c) of the Nationality Act of 1940, as amended.

Aliens admitted on or after December 17, 1949, as preference or non-perference quota immigrants pursuant to section 2 of the act of that date.

Aliens admitted between July 1, 1924, and December 23, 1952, both dates inclusive, as the wives or minor sons or daughters of treaty merchants, admitted before July 1, 1924.

(g) *Citizens of the Philippine Islands*—(1) *Who entered United States before May 1, 1934.* An alien who establishes that he entered the United States prior to May 1, 1934, and that he was on the date of such entry a citizen of the Philippine Islands: *Provided,* That, for the purpose of petitioning for naturalization under Title III of the Immigration and Nationality Act, such alien shall not be regarded as having been lawfully admitted to the United States for permanent residence unless he was a citizen of the Commonwealth of the Philippines on July 2, 1946.

(2) *Who entered Hawaii between May 1, 1934 and July 3, 1946.* An alien who establishes that he entered Hawaii between May 1, 1934 and July 3, 1946, inclusive, under the provisions of the last sentence of section 8 (a) (1) of the act of March 24, 1934, as amended, that he was on the date of such entry a citizen of the Philippine Islands, and that a record of such entry exists.

(3) *Travel restrictions.* Notwithstanding the provision of this paragraph, an alien of the class described in subparagraph (2), and an alien of the class described in subparagraph (1) who entered the United States at Hawaii prior to May 1, 1934, shall be subject to the travel restriction imposed by the proviso to section 212 (d) (7) of the Immigration and Nationality Act.

(h) *Aliens temporarily admitted to the United States.* Aliens in any of the following-described classes, who on their admission expressed an intention to remain in the United States temporarily or to pass in transit through the United States, of whose admission a record exists, but who remained in the United States:

(1) Aliens admitted prior to June 3, 1921, except aliens admitted temporarily under the 9th proviso to section 3 of the Immigration Act of 1917, aliens admitted as accredited officials of foreign governments, their suites, families, or guests, and seamen admitted in pursuit of their calling.

(2) Aliens admitted under the act of May 19, 1921, as amended, who were admissible for permanent residence under that act notwithstanding the quota limitations thereof.

(3) An accompanying wife or unmarried son or daughter under 21 years of age of an alien admitted under the act of May 19, 1921, as amended, who was admissible for permanent residence under that act notwithstanding the quota limitations thereof.

(4) Aliens admitted under the act of May 19, 1921, as amended, who were charged under that act to the proper quota at time of their admission or subsequently and who remained so charged.

§ 4.3 *Applicability of travel restrictions imposed by section 212 (d) (7) of the Immigration and Nationality Act.* Nothing in this part shall be construed as exempting any person or class of persons enumerated herein from the application of section 212 (d) (7) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

PART 5—REVOCATION OF CERTIFICATES, DOCUMENTS, OR RECORDS ISSUED OR MADE BY ADMINISTRATIVE OFFICERS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.

5.1    Certificates, documents, and records subject to cancellation.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

5.11   Report and notice.

5.12   Failure to answer; admission of allegations.

5.13   Answer filed; personal appearance; notice.

5.14   Action by Assistant Commissioner, Inspections and Examinations Division, and district director.

AUTHORITY: §§ 5.1 to 5.14 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 341, 342, 54 Stat. 1161, 1162, as amended, secs. 332, 342, 343, 344, 66 Stat. 252, 263, 264; 8 U. S. C. 741, 742.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 5.1 *Certificates, documents, and records subject to cancellation.* The cancellation of certificates, documents, or records referred to in section 342 of the Immigration and Nationality Act shall apply to a certificate of naturalization, certificate of repatriation, certificate of citizenship, certificate of derivative citizenship, certificate of lawful entry or certificate of registry issued

prior to December 24, 1952, special certificate of naturalization for recognition by a foreign state, copies of such certificates, documents, or records, exception from the classification of alien enemy, and certifications of the records of the Service made or issued under section 341 (e) or 342 (b) (3) of the Nationality Act of 1940, or section 343 (e) or 344 (b) (3) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 5.11 *Report and notice.* Except as otherwise provided in this chapter, whenever it shall appear that any certificate, document, or record referred to in § 5.1 was illegally or fraudulently obtained from, or was created through illegality or by fraud practiced upon, the issuing officer, a complete report shall be submitted to the district director having administrative jurisdiction over the subject's last known place of residence in the United States. If the district director is satisfied that a prima facie showing has been made that such certificate, document, or record was obtained or granted through illegality or fraud, he shall cause to be served a written notice on the person to whom the certificate or document was issued or in whose behalf the record was furnished at such person's last known address. The notice shall inform such person of intention to cancel the certificate, document, or record, and the grounds upon which it is intended to base such cancellation. The notice shall also inform the person to whom it is addressed that he may submit, within 60 days from the date of service of the notice, an answer in writing under oath, setting forth reasons why such certificate, document, or record should not be cancelled. The notice shall also advise the person to whom it is addressed that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before such immigration officer as may be designated for that purpose. The person to whom the notice is addressed shall further be advised therein that he may have the assistance of counsel, without expense to the government of the United States, in the preparation of his answer or in connection with such personal appearance, and shall have opportunity to examine, at the appropriate office of the Service, the evidence upon which it is proposed to base such cancellation.

§ 5.12 *Failure to answer; admission of allegations.* If the person served with notice under § 5.11 fails to file a written answer within the time allowed therefor, or if the answer admits the allegations in the notice irrespective of whether a personal appearance is requested, the district director shall cancel the certificate, document, or record. No appeal shall lie from such cancellation.

§ 5.13 *Answer filed; personal appearance; notice.* Upon receipt of an answer asserting a defense to the allegations in a notice served pursuant to § 5.11, the district director shall designate an officer of the Service to consider and, if a request for a personal appearance was made, to interview the party affected. If

a personal appearance was requested, such officer shall notify the subject of the time, date and place, to appear for interview and of the subject's right to be represented by counsel or representative at no expense to the Government. At the conclusion of the interview, the subject or his attorney or representative shall be given a reasonable time not to exceed 10 days for the submission of briefs. The officer shall, after consideration of the case if no personal appearance was requested, or after completion of the interview and the consideration of any brief submitted, prepare a report summarizing the evidence and containing his findings and recommendation. The report shall be forwarded to the district director, with the record in the case. If the district director finds that the certificate, document, or record was not obtained through illegality or fraud, he shall order the matter terminated, and the subject shall be so notified. If the district director finds that the certificate, document, or record was obtained or created through illegality or fraud, he shall order that it be cancelled *ab initio*. Notice of such action and the reasons therefor shall be given to the subject or his attorney or representative, at the last-known address thereof, and the subject shall be informed in such notice that he may within 10 days from the date of receipt of notification appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter.

§ 5.14 *Action by Assistant Commissioner, Inspections and Examinations Division, and by district director.* The decision of the Assistant Commissioner in any case appealed to him under § 5.11 shall be transmitted to the district director, who shall advise the subject of the decision and take such action as is required by the decision. Upon the cancellation of any document under this part, the subject shall be requested by the district director, in writing, to surrender the document to the district director. No appeal shall lie from the decision of the Assistant Commissioner.

PART 6—BOARD OF IMMIGRATION APPEALS: APPEALS; REOPENING AND RECONSIDERATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
6.1   Board of Immigration Appeals.
6.2   Reopening or reconsideration.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

6.11   Notice of appeal.
6.12   Withdrawal of appeal.
6.13   Forwarding of record on appeal.
6.14   Stay of execution of decision.
6.15   Notice of certification.
6.16   Fees.
6.21   Motion to reopen or motion to reconsider.

AUTHORITY: §§ 6.1 to 6.21 issued under sec. 103, 66 Stat. 173.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 6.1 *Board of Immigration Appeals—* (a) *Organization.* There shall be in the office of the Attorney General a Board of Immigration Appeals. It shall be under the supervision and direction of the Attorney General and shall be responsible solely to him. The Board shall consist of a chairman and four other members and shall have attached to it an executive assistant-chief examiner who shall have authority to act as an alternate member. It shall also have attached to it such number of attorneys and other employees as the Attorney General upon recommendation of the Board, shall from time to time direct. In the absence of the chairman, a member designated by him shall act as chairman.

(b) *Appellate jurisdiction.* Appeals shall lie to the Board of Immigration Appeals from the following:

(1) Decisions of special inquiry officers in exclusion cases, as provided in §§ 236.15 and 236.16 of this chapter;

(2) Decisions of special inquiry officers in deportation cases, as provided in § 242.61 of this chapter;

(3) Decisions of district directors on applications for the advance exercise of the discretionary authority contained in section 212 (c) of the Immigration and Nationality Act, as provided in § 212.72 of this chapter;

(4) Decisions of district directors involving administrative fines and penalties, including mitigation thereof, as provided in § 280.13 of this chapter;

(5) Decisions of district directors on petitions filed in accordance with section 205 of the Immigration and Nationality Act or decisions revoking the approval of such petitions in accordance with section 206 of the Immigration and Nationality Act, as provided in §§ 205.12 and 206.21 respectively, of this chapter;

(6) Decisions of the Assistant Commissioner, Inspections and Examinations Division, on applications for the advance exercise of the discretionary authority contained in section 212 (d) (3) of the Immigration and Nationality Act, as provided in § 212.81 of this chapter.

(c) *Jurisdiction by certification.* The Assistant Commissioner, Inspections and Examinations Division, or the Board may in any case arising under subparagraphs (1) through (6) of paragraph (b) of this section require certification of such case to the Board.

(d) *Powers of the Board—*(1) *Generally.* Subject to any specific limitation prescribed by this chapter, in considering and determining cases before it as provided in this part the Board shall exercise such discretion and authority conferred upon the Attorney General bylaw as is appropriate and necessary for the disposition of the case, except that the Board shall have no authority to consider or determine the manner, at whose expense, or to which country an alien shall be deported.

(2) *Finality of decision.* The decision of the Board shall be final except in those cases reviewed by the Attorney General in accordance with paragraph (h) of this section. The Board may return a case to the Service for such further action as may be appropriate to the case, without entering a final decision on its merits.

(3) *Admission to practice.* The Board shall have authority, with the approval of the Attorney General, to promulgate rules of practice governing the proceedings before it, and to determine the admission, conduct, and disbarment, of attorneys, representatives, and other persons authorized to practice before the Board or the Service.

(e) *Oral argument.* Oral argument shall be heard by the Board upon request, in any case over which the Board acquires jurisdiction by appeal or certification as provided in this part. If an appeal has been taken, request for oral argument if desired shall be included in the Notice of Appeal. The Board shall have authority to fix any date or change any date upon which oral argument is to be heard. The Service may be represented in argument before the Board by any officer designated by the Assistant Commissioner, Inspections and Examinations Division. The Board shall convene for the purpose of hearing oral argument at its offices in Washington, D. C., at 2:00 p. m. or such other time as it may designate on every day except Saturdays, Sundays, and legal holidays.

(f) *Service of Board decisions.* The decision of the Board shall be in writing and copies shall be transmitted by the Board to the Service and a copy served upon the alien or party affected as provided in §§ 292.11 and 292.12 of this chapter.

(g) *Board's decisions as precedents.* Except as they may be modified or overruled by the Board or the Attorney General, decisions of the Board shall be binding on all officers and employees of the Service in the administration of the Immigration and Nationality Act, and selected decisions designated by the Board shall serve as precedents in all proceedings involving the same issue or issues.

(h) *Referral of cases to the Attorney General.* (1) The Board shall refer to the Attorney General for review of its decision all cases which:

(i) The Attorney General directs the Board to refer to him.

(ii) The chairman or a majority of the Board believes should be referred to the Attorney General for review.

(iii) The Assistant Commissioner, Inspections and Examinations Division requests be referred to the Attorney General for review.

(2) In any case in which the Attorney General shall review the decision of the Board, his decision shall be stated in writing and shall be transmitted to the Board for transmittal and service as provided in paragraph (f) of this section.

§ 6.2 *Reopening or reconsideration.* Reconsideration or reopening of any case in which a decision has been made by the Board, whether requested by the Assistant Commissioner, Inspections and Examinations Division, or by the party affected by the decision, shall be only upon written motion to the Board. A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States. Any departure of such person from the United States occurring after the making of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. For the purpose of this

section, any final decision made by the Commissioner prior to the effective date of the Immigration and Nationality Act and of this chapter with respect to any case within the classes of cases enumerated in paragraphs (1), (2), (3), (4), and (5) of § 6.1 (b) shall be regarded as a decision by the Board.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 6.11 *Notice of appeal—*(a) *Written decision.* Whenever an alien or other party affected by a written decision is entitled under this chapter to appeal to the Board, he shall be given written notice that he may appeal from such decision; that such appeal may be taken by filing with the district director or officer in charge having administrative jurisdiction over the case two copies of Notice of Appeal, Form I-290A; and that such appeal must be taken within the number of days provided for in the particular section of this chapter relating to such appeal. The Forms I-290A shall be enclosed with the notice. The party taking the appeal may file with the Notice of Appeal a brief in support of his appeal. The party affected may waive the submission of such brief. The district director, the officer in charge, or the Board, in their discretion, for good cause shown, may extend the time within which the brief may be submitted. One copy of the Notice of Appeal shall be retained in the office where the proceedings are pending and one copy placed in the file relating to the case. The certification of a case as provided in this part shall not relieve the party affected from compliance with the provisions of this section in the event such party is entitled, and desires, to appeal from an initial decision, nor shall it serve to extend the time specified in the applicable parts of this chapter for the taking of an appeal. The departure from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his case, shall constitute a waiver by such person of the right to appeal.

(b) *Oral decision.* Whenever an alien or other party affected by an oral decision is entitled under this chapter to appeal to the Board, such appeal shall be taken as provided in the particular section of this chapter relating to such appeal.

§ 6.12 *Withdrawal of appeal.* In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal of such appeal with the officer with whom the notice of appeal was filed. If the record in the case has not been forwarded to the Board on appeal in accordance with § 6.13 the decision made in the case shall be final to the same extent as though no appeal had been taken. If the record has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the Board and, if no decision in the case has been made on the appeal, the record shall be returned to the officer in charge and the initial decision shall be final to the same extent as though no appeal had been taken. If a decision on the appeal was made by the Board in the case, further action shall be taken in accordance

therewith. Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal but prior to a decision thereon shall constitute a withdrawal of the appeal and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

§ 6.13 *Forwarding of record on appeal.* If an appeal is taken from a decision, either written or oral, as provided in this chapter, the entire record of the proceeding shall be forwarded to the Board by the district director or the officer in charge having administrative jurisdiction over the case:

(a) Upon receipt of the Notice of Appeal and brief in support thereof if the decision appealed from was in writing; or

(b) Upon receipt of the brief in support of an appeal taken orally if the decision appealed from was oral; or

(c) Upon expiration of the time allowed for the submission of the brief; or

(d) Upon receipt of a written waiver of the right to submit a brief.

§ 6.14 *Stay of execution of decision.* The decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.

§ 6.15 *Notice of certification.* Whenever in accordance with the provisions of § 6.1 (c) a case is required to be certified to the Board, the alien or other party affected shall be given notice of certification. A case shall not be certified until an initial decision has been made and no appeal has been taken. If it is known at the time of making the initial decision that the case will be certified, the notice of certification shall be included in such decision and no further notice of certification shall be required. If it is not known until after the initial decision was made that the case will be certified, the district director or the officer in charge having administrative jurisdiction over the case shall cause a Notice of Certification (Form I-290C) to be served upon the party affected. In either case the notice shall inform the party affected that the case is required to be certified to the Board and of the right to make representation before the Board, including oral argument and submission of brief, if desired. The brief shall be submitted to such district director or officer in charge for transmittal to the Board within 10 days from receipt of the notice of certification, unless for good cause shown the district director, officer in charge or the Board extends the time within which the brief may be submitted. The party affected may waive the submission of such brief. The case shall be certified and forwarded to the Board by the district director or officer in charge upon receipt of the brief, or the expiration of the time within which the brief may be submitted, or upon receipt of a written waiver of the right to submit a brief.

§ 6.16 *Fees.* A notice of appeal or a motion filed under this part by any person other than an officer of the Service shall be accompanied by the fee specified in Part 2 of this chapter which fee shall be remitted in accordance with the provisions of Part 2. The Board may, in its discretion, authorize the prosecution of any such appeal or motion, without prepayment of fees by an alien or other party affected who makes affidavit that he is unable to pay such fees. Such affidavit shall state the nature of the motion or appeal, and the affiant's belief that he is entitled to redress. An appeal may not be taken in forma pauperis, nor may a motion be filed in forma pauperis if the officer of the Service from whose decision the appeal is taken or with respect to whose decision the motion is addressed certifies in writing that the appeal or motion is not taken or made in good faith.

§ 6.21 *Motion to reopen or motion to reconsider—*(a) *Form.* Motions to reopen and motions to reconsider shall be submitted in triplicate. A request for oral argument if desired shall be incorporated in the motion. The Board in its discretion may grant or deny oral argument. Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons for reconsideration and shall be supported by such precedent decisions as are pertinent. The filing of a motion to reopen or a motion to reconsider shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the district director or the officer in charge having administrative jurisdiction over the case.

(b) *Distribution of motion papers when alien is moving party.* In any case in which a motion to reopen or a motion to reconsider is made by the alien or other party affected, the three copies of the motion papers shall be submitted to the district director or the officer in charge having administrative jurisdiction over the place where the proceedings were conducted, who shall retain one copy, forward one copy to the officer of the Service who made the initial decision in the case, and submit the third copy with the case to the Board.

(c) *Distribution of motion papers when Assistant Commissioner, Inspections and Examinations Division, is the moving party.* (1) Whenever a motion to reopen or a motion to reconsider is made by the Assistant Commissioner, Inspections and Examinations Division, two copies of the motion shall be forwarded to the district director or officer in charge having administrative jurisdiction over the place where the proceedings were conducted. The district director shall cause one copy to be served on the alien or other party affected. Such alien or party shall have a period of 10 days from the date of the service upon him of the motion within which to submit in triplicate to the district director or officer in charge a brief in opposition to the motion. The sub-

mission of such brief may be waived. The district director, officer in charge, or the Board, in their discretion, for good cause shown may extend the time within which such brief may be submitted. Such district director or officer in charge shall transmit to the Assistant Commissioner, Inspections and Examinations Division, proof of service of the motion and two copies of any brief submitted in opposition to such motion and the record of the proceeding:

(i) Upon receipt of the brief in opposition to the motion; or

(ii) Upon expiration of the time allowed for the submission of such brief; or

(iii) Upon receipt of a written waiver of the right to submit such brief.

(2) Upon receipt of the foregoing, the Assistant Commissioner, Inspections and Examinations Division, shall transmit to, and file with, the Board the motion, proof of service of the motion, brief, and the record in the case.

(d) *Ruling on motion.* Rulings upon motions to reopen or motions to reconsider shall be by written order. If the order directs a reopening, the record shall be returned to the district director having administrative jurisdiction over the place where the reopened proceedings are to be conducted. If the motion to reconsider is granted, the decision upon such reconsideration shall affirm, modify, or reverse the original decision made in the case.

PART 7—ASSISTANT COMMISSIONER, INSPECTIONS AND EXAMINATIONS DIVISION: APPEALS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
7.1   Assistant Commissioner, Inspections and Examinations Division.
7.2   Reopening or reconsideration.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

7.11   Notice of appeal.
7.12   Withdrawal of appeal.
7.13   Forwarding of record on appeal.
7.14   Stay of execution of decision.
7.15   Notice of certification.
7.16   Fees.

AUTHORITY: §§ 7.1 to 7.16 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 332, 66 Stat. 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 7.1 *Assistant Commissioner, Inspections and Examinations Division*—(a) *Appellate jurisdiction.* Appeal shall lie to the Assistant Commissioner, Inspections and Examinations Division, from the following:

(1) Decisions of district directors determining that a condition of a bond has been violated, as provided in § 3.1 (c) of this chapter;

(2) Decisions of district directors on petitions filed in accordance with section 204 or 214 (c) of the Immigration and Nationality Act or from decisions revoking the approval of such petitions in accordance with section 206 of that Act, as provided in §§ 204.11, 214h.41 and 206.21 of this chapter;

(3) Decisions of district directors on applications for consent to reapply for admission to the United States under

section 212 (a) of the Immigration and Nationality Act, as provided in § 212.61 of this chapter;

(4) Decisions of district directors on applications for permission for aliens to enter the United States notwithstanding section 212 (a) (14) of the Immigration and Nationality Act, as provided in § 212a.12 of this chapter;

(5) Decisions of district directors on applications for the approval of schools or from decisions of district directors revoking the approval of schools, in accordance with section 101 (a) (15) (F) of the Immigration and Nationality Act, as provided in §§ 214f.51 and 214f.71 of this chapter;

(6) Decisions of district directors on applications for reentry permits under section 223 of the Immigration and Nationality Act, as provided in § 223.11 of this chapter;

(7) Decisions of district directors on applications for adjustment of status under section 245 of the Immigration and Nationality Act, as provided in § 245.17 of this chapter;

(8) Decisions of district directors rescinding adjustment of status under section 246 of the Immigration and Nationality Act, as provided in § 246.13 of this chapter;

(9) Decisions of district directors adjusting status under section 247 of the Immigration and Nationality Act, as provided in § 247.13 of this chapter;

(10) Decisions of district directors on applications to change status under section 248 of the Immigration and Nationality Act, as provided in § 248.16 of this chapter;

(11) Decisions of district directors on applications for the creation of a record of admission under section 249 of the Immigration and Nationality Act, as provided in § 249.16 of this chapter;

(12) Decisions of district directors on applications filed under §§ 316a.21 and 317.21 of this chapter for residence or physical presence benefits for naturalization purposes;

(13) Decisions of district directors on applications for exception from the classification of alien enemy as provided in § 331.13 of this chapter;

(14) Decisions of district directors on applications for certificates of citizenship under section 341 of the Immigration and Nationality Act, as provided in § 341.16 of this chapter;

(15) Decisions of district directors revoking certificates, documents or records under section 342 of the Immigration and Nationality Act, as provided in § 5.13 of this chapter;

(16) Decisions of district directors on applications for certificates of naturalization or repatriation under § 343.13 of this chapter;

(17) Decisions of district directors on applications for replacement of certificates of naturalization or citizenship under § 343a.14 of this chapter;

(18) Decisions of district directors on applications for special certificates of naturalization under section 343 of the Immigration and Nationality Act, as provided in § 343b.13 of this chapter;

(19) Decisions of the district director, Honolulu, on applications for Certificate

of Citizenship, Hawaiian Islands, under § 341a.14 of this chapter.

(b) *Jurisdiction by certification.* The Assistant Commissioner, Inspections and Examinations Division, may direct that any case or class of cases be certified to him. If the case is one of a class enumerated in § 6.1 (b) of this chapter, the Assistant Commissioner, Inspections and Examinations Division may certify the case to the Board in accordance with § 6.1 (c) of this chapter. In any other case, he may enter such decision as he deems appropriate, and further action shall be taken in accordance with such decision.

(c) *Powers of the Assistant Commissioner, Inspections and Examinations Division.* In considering and determining cases appealed or certified to him and in which he has jurisdiction to enter a decision, the Assistant Commissioner, Inspections and Examinations Division, shall exercise such discretion and authority conferred upon the Attorney General by the Immigration and Nationality Act as is appropriate and necessary for the disposition of the case.

(d) *Decision of Assistant Commissioner, Inspections and Examinations Division.* The decision of the Assistant Commissioner, Inspections and Examinations Division, shall be in writing. The alien or other party affected by the decision shall be informed of the decision made in the case.

§ 7.2 *Reopening or reconsideration.* Motions to reopen and motions to reconsider made in any proceeding over which the Assistant Commissioner, Inspections and Examinations Division, obtains jurisdiction shall be governed by the provisions of Part 8 of this chapter.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 7.11 *Notice of appeal.* Whenever an alien or other party affected by a written decision is entitled under this chapter to appeal to the Assistant Commissioner, Inspections and Examinations Division, he shall be given written notice that he may appeal from such decision; that such appeal may be taken by filing with the district director or with the officer in charge having administrative jurisdiction over the case, three copies of Notice of Appeal, Form I-290B; and that such appeal must be taken within the number of days provided for in the particular section of this chapter relating to such appeal. The forms I-290B shall be enclosed with the written notice to the alien. The party taking the appeal may file with the Notice of Appeal a brief in support of his appeal. The party affected may waive the submission of such brief. The district director, officer in charge or the Assistant Commissioner, Inspections and Examinations Division, in his discretion, if good cause shown, may extend the time within which the brief may be submitted. One copy of the Notice of Appeal shall be retained in the office where the proceedings are pending and two copies shall be placed in the file relating to the case. The certification of a case as provided in this part shall not relieve the party affected from

compliance with the provisions of this section in the event such party is entitled, and desires, to appeal from an initial decision, nor shall it serve to extend the time specified in the applicable parts of this chapter for the taking of an appeal.

**§ 7.12** *Withdrawal of appeal.* In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal of such appeal with the officer with whom the Notice of Appeal was filed. If the record in the case has not been forwarded to the Assistant Commissioner, Inspections and Examinations Division, on appeal in accordance with § 7.13, the decision made in the case shall be final to the same extent as though no appeal had been taken. If the record in the case has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the Assistant Commissioner, Inspections and Examinations Division, and if no decision in the case has been made on the appeal, the record shall be returned to the office in which the proceedings are pending and the decision in the case shall be final to the same extent as though no appeal had been taken. If a decision on the appeal was made in the case, further action shall be taken in accordance therewith.

**§ 7.13** *Forwarding of record on appeal.* If an appeal is taken from a decision, either written or oral, as provided in this chapter, the entire record of the proceedings shall be forwarded by the district director or the officer in charge having administrative jurisdiction over the case to the Assistant Commissioner, Inspections and Examinations Division:

(a) Upon receipt of the Notice of Appeal and brief in support thereof if the decision appealed from was in writing; or

(b) Upon receipt of the brief in support of an appeal taken orally if the decision appealed from was oral; or

(c) Upon expiration of the time allowed for the submission of the brief; or

(d) Upon receipt of a written waiver of the right to submit a brief.

**§ 7.14** *Stay of execution of decision.* The decision of any proceeding under this chapter from which an appeal to the Assistant Commissioner, Inspections and Examinations Division, may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Assistant Commissioner, Inspections and Examinations Division, by way of certification.

**§ 7.15** *Notice of certification.* When the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of § 7.1 (b) directs that a case (other than one falling within the classes enumerated in § 6.1 (b) of this chapter) be certified to him for review, the alien or other party affected shall be given notice of such certification. Except as otherwise provided in this chapter, a case shall not be certified until an initial decision has been

made and no appeal has been taken. If it is known at the time of making the initial decision that the case will be certified, the notice of certification shall be included in such decision and no further notice of certification shall be required. If it is not known until after the initial decision was made that the case will be certified, the district director or the officer in charge having administrative jurisdiction over the case shall cause a notice of certification (Form I-290D) to be served upon the party affected. In either case the notice shall inform the party affected that the case is required to be certified to the Assistant Commissioner, Inspections and Examinations Division, and of the right to submit a brief, if desired, for consideration by the Assistant Commissioner. The brief shall be submitted to such district director or officer in charge for transmittal to the Assistant Commissioner, Inspections and Examinations Division, within ten days from receipt of the notice of certification, unless, for good cause shown, the district director, officer in charge, or the Assistant Commissioner, Inspections and Examinations Division, extends the time within which the brief may be submitted. The party affected may waive the submission of such brief. The record of the case shall be certified and forwarded to the Assistant Commissioner, Inspections and Examinations Division, by the district director or the officer in charge upon receipt of the brief, or the expiration of the time within which the brief may be submitted, or upon receipt of a written waiver of the right to submit a brief.

**§ 7.16** *Fees.* A notice of appeal filed under this part shall be accompanied by a fee of $10 as prescribed by, and remitted in accordance with, the provisions of Part 2 of this chapter. The Assistant Commissioner, Inspections and Examinations Division, in his discretion, may authorize the prosecution of any such appeal without prepayment of fees by an alien or other party affected who makes affidavit that he is unable to pay such fees. Such affidavit shall state the nature of the appeal and the affiant's belief that he is entitled to redress. An appeal may not be taken in forma pauperis if the officer from whose decision the appeal is taken certifies in writing that the appeal is not taken in good faith.

**PART 8—REOPENING AND RECONSIDERATION**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.

8.1 Reopening and reconsideration.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

8.11 Motion to reopen or reconsider.

AUTHORITY: §§ 8.1 and 8.11 issued under sec. 103, 66 Stat. 173.

SUBPART A—SUBSTANTIVE PROVISIONS

**§ 8.1** *Reopening and reconsideration.* Except as provided in, § 6.2 of this chapter, a hearing or examination in any proceeding provided for in this chapter may be reopened or the decision made therein reconsidered for proper cause at the instance of, or upon motion made by the party affected and granted by:

(a) The Assistant Commissioner, Inspections and Examinations Division, if the decision in the case was made by him, or if the case is before him for review; or

(b) The district director, if the decision in the case was made by such officer, unless the record in the case previously was forwarded to the Board or to the Assistant Commissioner, Inspections and Examinations Division; or

(c) The special inquiry officer, if the decision in the case was made by him, unless the record in the case previously was forwarded to the Board or to the Assistant Commissioner, Inspections and Examinations Division.

A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States. Any departure of such person from the United States occurring after the making by him of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 8.11** *Motion to reopen or reconsider*—(a) *Filing.* A motion to reopen or a motion to reconsider shall be filed in triplicate with the district director or officer in charge having administrative jurisdiction over the place where the proceedings were conducted, for transmittal to the officer having jurisdiction to act on the motion as provided in § 8.1. Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons for reconsideration and shall be supported by such precedent decisions as are pertinent. Motions not complying fully with this section shall not be accepted and shall be returned to the moving party with a brief statement of the reason for its return. The filing of a motion to reopen or a motion to reconsider under this part shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay is specifically granted by the district director or the officer in charge having administrative jurisdiction over the case.

(b) *Ruling on motion.* Rulings upon motions to reopen or motions to reconsider shall be by written decision. If the decision directs a reopening, the record shall be returned to the district director having administrative jurisdiction over the place where the reopened proceedings are to be conducted. If the motion to reconsider is granted, the original decision shall be reconsidered at the time of, and by the officer, granting such motion. The decision upon such reconsideration shall affirm, modify, or reverse the original decision made in the case.

(c) *Notice of reopened hearing or examination.* In any case in which a hearing or examination is reopened as provided in Part 6 or this part, a notice of hearing or examination shall be served on the party affected in the same

manner and form as the notice required for the original hearing or examination.

(d) *Reopened hearing or examination.* The reopened hearing or examination shall be conducted and further action taken in the proceedings as provided in this chapter for the conduct of the original hearing or examination.

(e) *Appeal.* The decision upon a motion to reopen or a motion to reconsider shall be final subject to the limitations imposed by paragraph (c) of § 242.61 of this chapter.

(f) *Fees.* A motion filed under this part shall be accompanied by a fee of $5 as prescribed by, and remitted in accordance with, the provisions of Part 2 of this chapter. The district director having administrative jurisdiction over the office in which the motion is filed may, in his discretion, authorize the prosecution of any such motion, without prepayment of fees by an alien or other party affected who makes affidavit that he is unable to pay such fees. Such affidavit shall state the nature of the motion and the affiant's belief that he is entitled to redress. A motion may not be filed in forma pauperis if the officer of the Service with respect to whose decision the motion is addressed certifies that the motion is not made in good faith.

PART 9—AUTHORITY OF COMMISSIONER AND ASSISTANT COMMISSIONERS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
9.1 Authority of Commissioner.
9.2 Authority of Assistant Commissioner, Inspections and Examinations Division.
9.3 Authority of Assistant Commissioner, Investigations Division.
9.4 Authority of Assistant Commissioner, Border Patrol, Detention and Deportation Division.
9.5 Reservation of authority.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 9.1 to 9.5 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 103, 232, 66 Stat. 173, 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 9.1 *Authority of Commissioner—* (a) *General.* Under the general direction of the Attorney General, the Commissioner shall supervise and direct the administration of the Service, and, subject to the limitations contained in section 103 of the Immigration and Nationality Act and Part 6 of this chapter, the Commissioner shall be charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to immigration and naturalization, and shall have the authority to exercise and perform concurrently with the Attorney General any of the powers, privileges, or duties conferred upon the Attorney General. The powers, privileges, and duties conferred upon the Commissioner by this section shall be in addition to and not in substitution for any of the powers, privileges, and duties conferred upon any other officer or employee of the Service by any other provision of this chapter.

(b) *Designation and appointment of special inquiry officer.* The Commissioner may designate, select, and appoint as a special inquiry officer any immigration officer whom he deems specially qualified to exercise the powers and perform the duties of a special inquiry officer as set forth in the Immigration and Nationality Act and this chapter. The Commissioner shall issue to each officer so appointed a certificate under his signature bearing the seal of the Service. Such certificate shall state, and shall be accepted in any proceeding as evidence, that the officer to whom the certificate is issued has the authority to exercise the powers and perform the duties of a special inquiry officer as provided in the Immigration and Nationality Act and in this chapter.

§ 9.2 *Authority of Assistant Commissioner, Inspections and Examinations Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the following-described matters are hereby conferred or imposed upon the Assistant Commissioner, Inspections and Examinations Division:

(a) Petitions for immigrant status pursuant to the provisions of sections 204 and 205 of the Immigration and Nationality Act and Parts 204, 205, and 206 of this chapter.

(b) Applications to import nonimmigrants pursuant to the provisions of section 214 of the Immigration and Nationality Act and Parts 214h and 206 of this chapter.

(c) Nonresident aliens' border crossing identification cards as defined or provided by section 101 (a) (6) of the Immigration and Nationality Act and Part 212 of this chapter.

(d) Applications for permission to reapply for admission after arrest and deportation, exclusion and deportation, removal of aliens who have fallen into distress, removal of alien enemies or removal of aliens at government expense in lieu of deportation, as provided by section 212 (a) (16) and (17) of the Immigration and Nationality Act and Part 212 of this chapter.

(e) Applications for waiver of ground of inadmissibility of certain resident or nonresident aliens as provided in section 212 (c) or (d) (3) of the Immigration and Nationality Act and Part 212 of this chapter.

(f) Parole of aliens into the United States, and the conditions thereof as provided in section 212 (d) (5) of the Immigration and Nationality Act and Part 212 of this chapter.

(g) Admission on bond of aliens excludable because they are likely to become public charges or because of certain physical defects, diseases, or disabilities as provided in section 213 of the Immigration and Nationality Act and Part 213 of this chapter.

(h) Determinations as to the time for, and conditions under, which nonimmigrants may be admitted to the United States, and as to applications for extension of their temporary stay, as provided in section 214 (a) of the Immigration and Nationality Act, Title V of the Agricultural Act of 1949, as amended, and section 201 of the United States Information and Educational Exchange Act of 1948, as amended, and Parts 214 to 214J, inclusive, and 475 of this chapter.

(i) Petitions for approval of schools and the withdrawal of such approval as provided in section 101 (a) (15) (F) of the Immigration and Nationality Act and Part 214f of this chapter.

(k) Applications for waiver of ground of inadmissibility for certain immigrant laborers as provided in section 212 (a) (14) of the Immigration and Nationality Act and Part 212a of this chapter.

(l) Applications for reentry permits, and the extension of such permits, as provided in section 223 of the Immigration and Nationality Act and Part 223 of this chapter.

(m) Exclusion of aliens on grounds relating to the safety and security of the United States and determinations in connection with such cases, as provided in section 235 (c) of the Immigration and Nationality Act and Part 235 of this chapter.

(n) Adjustment of status from nonimmigrant to immigrant, as provided in section 245 of the Immigration and Nationality Act and Part 245 of this chapter.

(o) Rescission of adjustment of status as provided in section 246 of the Immigration and Nationality Act and Part 246 of this chapter.

(p) Adjustment of the status of aliens lawfully admitted for permanent residence to that of certain nonimmigrant classes as provided in section 247 of the Immigration and Nationality Act and Part 247 of this chapter.

(q) Change of status of aliens from one nonimmigrant class to another nonimmigrant class as provided by section 248 of the Immigration and Nationality Act and Part 248 of this chapter.

(r) Creation of record of lawful admission for permanent residence, as provided by section 249 of the Immigration and Nationality Act and Part 249 of this chapter.

(s) Determinations of applications for removal of aliens who have fallen into distress, as provided in section 250 of the Immigration and Nationality Act and Part 250 of this chapter.

(t) Designation of certain Great Lakes vessels as international ferries, as provided in section 251 (a) of the Immigration and Nationality Act and Part 251 of this chapter.

(u) Consent to discharge of, or paying off, alien crewmen in the United States, as provided in section 256 of the Immigration and Nationality Act and Part 256 of this chapter.

(v) Applications for residence and physical presence benefits for naturalization under section 316 of the Immigration and Nationality Act and Parts 316a and 317 of this chapter.

(w) Applications for exception from the classification of alien enemy under section 331 of the Immigration and Nationality Act and Part 331 of this chapter.

(x) Applications for waiver of the 90 days' notice in alien enemy cases under Part 331 of this chapter.

(y) Applications for transfer of petitions for naturalization under section

AR2022_200011

235 (d) of the Immigration and Nationality Act and Part 334 of this chapter.

(z) Consent to the withdrawal of petitions for naturalization or dismissal for want of prosecution under section 295 (e) of the Immigration and Nationality Act and Part 334 of this chapter.

(aa) Designation of employees of the Service to conduct preliminary examinations upon petitions for naturalization under section 335 (b) of the Immigration and Nationality Act and Part 335 of this chapter.

(bb) Assignment of examining officers at preliminary examinations upon petitions for naturalization under Part 335 of this chapter.

(cc) Waivers of personal investigation of petitioners for naturalization under section 335 (a) of the Immigration and Nationality Act and Part 335c of this chapter.

(dd) Applications for corrections of certificates of naturalization under Part 338 of this chapter.

(ee) Applications for certificates of citizenship under section 341 of the Immigration and Nationality Act and Parts 341 and 341a of this chapter.

(ff) Applications for certificates of naturalization and repatriation under section 343 (a) of the Immigration and Nationality Act and Part 343 of this chapter.

(gg) Applications for naturalization and citizenship papers replaced under section 343 (b) of the Immigration and Nationality Act and Part 343a of this chapter.

(hh) Applications for special certificates of naturalization under section 343 (c) of the Immigration and Nationality Act and Part 343b of this chapter.

(ii) Admission of immigrants pursuant to the provisions of sections 211 (c) and (d) of the Immigration and Nationality Act.

§ 9.3 *Authority of Assistant Commissioner, Investigations Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the following-described matters are hereby conferred upon the Assistant Commissioner, Investigations Division:

(a) Issuance of warrants of arrest, and cancellation of warrants of arrest prior to commencement of hearings thereunder as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(b) Voluntary departure of aliens prior to issuance of warrant of arrest, or after issuance of warrant of arrest and prior to hearing, as provided in sections 242 (b) and 244 (e) of the Immigration and Nationality Act and Parts 242 and 244 of this chapter.

§ 9.4 *Authority of Assistant Commissioner, Border Patrol, Detention and Deportation Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the following-described matters are hereby conferred or imposed upon the Assistant Commissioner, Border Patrol, Detention and Deportation Division:

(a) Detention and designation of the place of detention of aliens as provided by sections 232 and 233 of the Immigration and Nationality Act and Parts 232 and 233 of this chapter.

(b) Determinations as to whether an attendant is required for the care and attention of aliens as provided in section 235 of the Immigration and Nationality Act and Part 235 of this chapter.

(c) Determinations as to whether an admitted alien may remain at an immigration station as provided in section 235 of the Immigration and Nationality Act and Part 235 of this chapter.

(d) Stay of deportation of excluded aliens as provided in section 237 of the Immigration and Nationality Act and Part 237 of this chapter.

(e) Continuation of detention of aliens or release of aliens from custody as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(f) Detention, conditions of release, and revocation of bond or parole, of aliens as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(g) Voluntary departure of aliens prior to issuance of warrant of arrest, or after issuance of warrant of arrest and prior to hearing, as provided in sections 242 (b) and 244 (e) of the Immigration and Nationality Act and Parts 242 and 244 of this chapter.

(h) Designation of the countries to which and at whose expense aliens shall be deported and determination as to whether an attendant is required as provided in section 242 of the Immigration and Nationality Act and Part 243 of this chapter.

(i) Stay of execution of warrants and orders of deportation as provided in section 243 of the Immigration and Nationality Act and Part 243 of this chapter.

(j) Removal from the United States of aliens who have fallen into distress as provided in section 250 of the Immigration and Nationality Act and Part 250 of this chapter.

(k) The fixing of boundary distances as provided in section 287 of the Immigration and Nationality Act and Part 287 of this chapter.

(l) Determinations as to whether escorts shall accompany aliens in transit through the United States as provided in section 214 of the Immigration and Nationality Act and Part 214c of this chapter.

§ 9.5 *Reservation of authority.* The powers, privileges, and duties conferred upon the Assistant Commissioner, Border Patrol, Detention and Deportation Division, the Assistant Commissioner, Inspections and Examinations Division, and the Assistant Commissioner, Investigations Division, by this part shall be in addition to, and not in substitution for, the powers, privileges, and duties conferred or imposed upon any other officer or employee by any other provision of this chapter.

SUBPART D—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 10—APPLICATIONS AND PETITIONS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
10.1 Applications and petitions under Subchapter B of this chapter.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 10.1 *Applications and petitions under Subchapter B of this chapter*—(a) *General requirements.* An application or petition provided for in Subchapter B shall be completed, and submitted to the Service with any required fee, photographs, and supporting evidence, in accordance with the instructions contained in the form prescribed for such application or petition.

(b) *Improper or incomplete execution.* Applications or petitions provided for by any section of Subchapter B shall not be accepted and shall be returned to the applicant together with any attached documents if improperly or incompletely executed or if required documents are not attached.

(c) *Separate application or petition.* Except as otherwise provided in this chapter, a separate application or petition shall be filed for each applicant or beneficiary, and shall be accompanied by a separate fee.

(d) *Applicant under 14 years of age.* A person or guardian may file an application or a petition on behalf of a son, daughter, or ward under 14 years of age.

(e) *Oaths.* Any oath required in the execution of an application or a petition may be administered in the United States by an immigration officer or by any other person authorized generally to administer oaths.

(f) *Modification of application or petition.* Any allegations made in addition to, or in substitution for, any of those contained in the original application or petition shall be made under oath and filed in the same manner as the original application or petition or noted on the original application or petition and acknowledged under oath thereon.

(g) *Photographs.* Every person required to furnish photographs of himself shall submit two identical photographs which shall be $2 \times 2$ inches in size, unmounted, printed on thin paper, have a light background, clearly show a full front view of the features (with head bare, unless the person is wearing a headdress as required by a religious order of which he is a member), with the distance from the top of the head to point of chin approximately 1¼ inches, and which shall have been taken within 30 days of the date they are furnished. Except in the case of a person incapable of signing his name, the person shall sign each copy of the photograph with his full true name in such manner as not to obscure the features. The photographs shall be signed when submitted with an application or petition if the instructions accompanying the application or petition so require. If the instructions do not so require, the photographs shall be submitted without being signed and shall be signed during the consideration of the application or petition.

AR2022_200012

snapshot, group or full-length portraits shall not be accepted.

(b) *Date of receipt.* Applications or petitions which are delivered in person or by mail to offices of the Service authorized to receive them, shall be stamped to show the time and date of their actual receipt. Unless returned as provided in paragraph (b) of this section, they shall be regarded as accepted as of the date of receipt.

(i) *Translations of supporting documentary evidence.* All documents in a foreign language which are submitted as supporting evidence shall be accompanied by certified English translations thereof.

(Sec. 103, 66 Stat. 173)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

**Subchapter B—Immigration Regulations**

NOTE: *Explanation of numbering system* utilized in this subchapter. Each part of this subchapter has been given the same number as the section of the Immigration and Nationality Act to which it relates. For example, Part 242 concerns only section 242 of the Immigration and Nationality Act. Each part of this subchapter is divided into two subparts: Subpart A—Substantive Provisions and Subpart B—Procedural and Other Nonsubstantive Provisions. Each section of Subpart A bears a number consisting of the part number followed by a decimal point and by a single digit beginning with "1" and continuing to "9", using as many as required. For example, § 242.1 is the first substantive section of Part 242 and § 242.9 is the ninth substantive section of Part 242, assuming there existed nine substantive sections in Part 242. When a substantive section is required to be implemented by one or more procedural sections, the relating procedural section or sections bear the same number as the substantive section to which it relates plus one additional digit to the right of the decimal point beginning with "1" for the first procedural section and continuing to "9", if that many are required. For example, § 242.11 is the first procedural section implementing the first substantive section of Part 242 and § 242.97 is the seventh procedural section implementing the eighth substantive section of Part 242. If a substantive section does not require procedural sections, no procedural section numbers will appear for that particular substantive section.

PART 204—PETITION FOR IMMIGRANT STATUS AS A MINISTER OR AS A PERSON WHOSE SERVICES ARE NEEDED URGENTLY

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
204.1 Definition.
204.2 Petition.
204.3 Petitions; date of filing.
204.4 Petitions; additional requirements.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

204.11 Disposition of petition.
204.12 Period of validity of approval of petitions for visas under section 203 (a) (1); (A) of the Immigration and Nationality Act; extension.

AUTHORITY: §§ 204.1 to 204.12 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 203, 204, 66 Stat. 166, 178, 179.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 204.1 *Definition.* As used in section 101 (a) (27) (F) of the Immigration and Nationality Act and this part, the term

No. 247——8

"minister of a religious denomination" means a person duly authorized by a recognized religious sect or denomination to conduct religious worship, and to perform other duties usually performed by a regularly ordained pastor or clergymen. Lay preachers not authorized to perform the duties usually performed by a regularly ordained pastor or clergymen, and cantors, or nuns, do not come within this definition.

§ 204.2 *Petition.* The petition required by section 204 (b) of the Immigration and Nationality Act shall be filed in duplicate by the person, institution, firm, organization, or governmental agency for whom the work, labor or services are to be performed (a) on Form I-129A for nonquota classification under section 101 (a) (27) (F) (i) of the Immigration and Nationality Act as a minister of a religious denomination and (b) on Form I-129 for quota classification under section 203 (a) (1) (A) of the Immigration and Nationality Act as an alien whose services are needed urgently in the United States.

§ 204.3 *Petitions; date of filing.* A petition which has been accepted as provided in § 10.1 (h) of this chapter shall be deemed to have been filed within the meaning of sections 203 and 204 of the Immigration and Nationality Act on the date and time of its receipt as shown thereon in accordance with § 10.1 (h) of this chapter.

§ 204.4 *Petitions; additional requirements*—(a) *For petitioners filing Form I-129.* A petitioner filing a petition on Form I-129 shall comply with the following additional requirements:

(1) The petitioner shall attach to the petition a clearance order bearing a statement from the United States Employment Service that qualified persons are not available within the United States to perform the work, labor, or services which are to be performed by the beneficiary. In connection with a petition for a beneficiary who is to perform work, labor, or services in Guam, a clearance order issued by the Employment Service of the Territory of Guam shall be accepted in lieu of that issued by the United States Employment Service.

(2) The petitioner shall attach to the petition, as a part thereof, a statement setting forth a full, complete, and detailed analysis establishing in what manner the services of the beneficiary will be substantially beneficial prospectively to the national economy, cultural interests or welfare of the United States.

(3) The petitioner shall attach to the petition, as a part thereof, a full, complete, and detailed description of the high education, technical training, specialized experience, or exceptional ability of the beneficiary on the basis of which the beneficiary's services are alleged to be urgently required in the United States. Allegations of high education or technical training shall be supported by original, certified, or photographic copies of diplomas, school certificates, or equivalent documents or affidavits attesting to such education or technical training executed by the person in charge of the records of the edu-

cational or other institution, firm, or establishment wherein such education or training was acquired, improved, or perfected. Allegations of specialized experience or exceptional ability shall be supported by affidavits attesting to and describing the degree and extent of special experience or ability, executed by the appropriate officer of the firms, organizations, establishments, or other institutions wherein the beneficiary acquired, improved, or perfected such experience or ability.

(b) *Additional statements in support of petitions filed on Form I-129.* A petitioner filing a petition on Form I-129 may submit in support thereof a written statement or statements from an organization, society, or institution active in the field of the work, labor, or services in which the beneficiary is to be employed or engaged, showing the need for the work, labor, or services, and the qualifications of the beneficiary. The petitioner also may submit a statement of the efforts made by him or on his behalf to secure persons in the United States to perform the work, labor, or services to be performed by the beneficiary.

(c) *For petitioners filing Form I-129A.* A petitioner filing a petition on Form I-129A shall attach to the petition, as a part thereof, a statement, preferably on official stationery, regarding ordination of the beneficiary or other authorization to act as minister, showing the name of each religious denomination or sect with which the beneficiary has been affiliated, the periods of service, and the addresses, for whom, when and where the service as a minister was performed by the beneficiary during the two years immediately preceding the date of the petition. The statement shall be signed by the appropriate official having knowledge of the prospective immigrant's religious service during such two year period, and shall state the source of the official's knowledge of such service.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 204.11 *Disposition of petition*—(a) *Action by district director or officer in charge.* The district director or the officer in charge having administrative jurisdiction over the office receiving a petition properly executed and adequately supported by documentary evidence shall cause such investigation to be conducted as he deems necessary to the proper disposition of the petition. If it appears to the district director or the officer in charge receiving the petition that the beneficiary would be inadmissible to the United States even if the petition were approved, the petitioner shall be advised of this possibility and given an opportunity to withdraw his petition should he so desire. If the petition is withdrawn, no further action thereon shall be taken and the fee shall be retained as though final action had been taken on the petition. If the petitioner does not withdraw the petition, further action thereon shall be taken in accordance with the provisions of this part. If the investigation is made by an office of the Service other than a district office, the petition and all accompanying papers shall, upon completion of such

**AR2022_200013**

investigation, be forwarded to the district director having administrative jurisdiction over the office that made the investigation with a report and transcript of the investigation and the recommendation of the officer in charge.

(b) *Action by district director.* The determination as to whether a petition filed under this part shall be approved shall be limited to a consideration as to whether the eligibility of the beneficiary to the classification requested has been established. If the district director, receiving a petition either directly from the petitioner or from the officer in charge, is satisfied after consultation with appropriate agencies of the government, if any, that the beneficiary is eligible for the classification requested, he shall approve the petition and note his decision thereon accordingly. If the district director is not satisfied that the petition should be approved, he shall disapprove the petition and note his decision thereon accordingly. The petitioner shall be notified of the decision and, if the petition is disapproved, of the reasons therefor, and of his right to appeal to the Assistant Commissioner, Inspections and Examinations Division, within ten days from the receipt of such notification.

§ 204.12 *Period of validity of approval of petitions for visas under section 203 (a) (1) (A) of the Immigration and Nationality Act; extension.* The approval of a petition for the issuance of a visa to an alien under section 203 (a) (1) (A) of the Immigration and Nationality Act shall be valid for the period designated in such approval, not to exceed one year from the date on which the petition was approved, and for such additional period for which it may be extended by a district director.

PART 205—PETITION FOR IMMIGRANT STATUS AS RELATIVE OF UNITED STATES CITIZEN OR LAWFUL RESIDENT ALIEN

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
205.1  Petition; form.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

205.11  Petition.
205.12  Disposition of petition.

AUTHORITY: §§ 205.1 to 205.12 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 205, 66 Stat. 180.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 205.1 *Petition; form.* A petition by a United States citizen under section 205 (b) of the Immigration and Nationality Act shall be filed on Form I-133. A petition by an alien under section 205 (b) of the Immigration and Nationality Act shall be filed on Form I-133A.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 205.11 *Petition—*(a) *Where filed.* If the petitioner is in the United States at the time of the filing of a petition under this part, the petition shall be filed with the district director or the officer in charge having administrative jurisdiction over the petitioner's place of residence in the United States. If the petitioner is not in the United

States, the petition shall be executed before a consular officer in accordance with the provisions of this part and the applicable consular regulations, and the petitioner shall transmit the completed petition directly to the Commissioner. If such petitioner has a place of residence in the United States, the Commissioner shall transmit the completed petition and all accompanying documents to the district director having administrative jurisdiction over such place of residence. If such petitioner does not have a place of residence in the United States, the Commissioner shall transmit the completed petition with all accompanying documents to the district director having administrative jurisdiction over the place in the United States wherein the beneficiary intends to reside, as shown in the petition.

(b) *Documents in support of petition.* The petition shall be supported by documentary evidence establishing the qualifications and eligibility of the beneficiary for the classification requested and shall include the information required by the Form I-133, if the petitioner is a citizen of the United States, or the information required by the Form I-133A, if the petitioner is a lawful resident alien.

§ 205.12 *Disposition of petition—*(a) *Action by district director or officer in charge.* The district director or the officer in charge having administrative jurisdiction over the office receiving a petition properly executed and adequately supported by documentary evidence shall cause such investigation to be conducted as he deems necessary to the proper disposition of the petition. If it appears to the district director or the officer in charge receiving the petition that the beneficiary would be inadmissible to the United States even if the petition were approved, the petitioner shall be advised of this possibility and given an opportunity to withdraw his petition should he so desire. If the petition is withdrawn, no further action thereon shall be taken and the fee shall be retained and processed as though final action had been taken on the petition. If the petitioner does not withdraw the petition, further action thereon shall be taken in accordance with the provisions of this part. If the investigation is made by an office of the Service other than a district office, the petition and all accompanying papers shall upon completion of such investigation be forwarded to the district director having administrative jurisdiction over the office that made the investigation with a report and transcript of the investigation and the recommendation of the officer in charge.

(b) *Action by district director.* The determination as to whether a petition filed under this part shall be approved shall be limited to a consideration as to whether the eligibility of the beneficiary to the classification requested has been established. If the district director receiving a petition either directly from the petitioner or from the Commissioner or an officer in charge, is satisfied that the beneficiary is eligible for the classification requested, he shall approve the

petition and note his decision thereon accordingly. If the district director is not satisfied that the petition should be approved, he shall disapprove the petition and note his decision thereon accordingly. The petitioner shall be notified of the decision and if the petition is disapproved, of the reasons therefor, and of his right to appeal to the Board of Immigration Appeals, within 10 days from the receipt of notification.

PART 206—REVOCATION OF APPROVAL OF PETITIONS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
206.1  Automatic revocation.
206.2  Revocation on notice.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

206.11  Notice of revocation.
206.21  Revocation on notice; procedure.
206.22  Notice of revocation.

AUTHORITY: §§ 206.1 to 206.22 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 204, 205, 214, 66 Stat. 179, 180, 189.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 206.1 *Automatic revocation.* The approval of a petition made under section 204, 205 or 214 (c) of the Immigration and Nationality Act and in accordance with Part 204, 205, or 214h of this chapter is revoked as of the date of approval in any of the following circumstances:

(a) As to a petition approved un ' section 204 or 214 (c) of the Immigration and Nationality Act:

(1) The beneficiary is an alien seeking classification as a nonquota immigrant under section 101 (a) (27) (F) (i) of the Immigration and Nationality Act or as a nonimmigrant under section 101 (a) (15) (H) of that act and is not issued a visa under the classification approved within one year of the date on which the petition was approved.

(2) The petitioner dies, goes out of business, or files a written withdrawal of the petition before the beneficiary arrives in the United States to apply for admission under the classification approved.

(b) As to a petition approved under section 205 of the Immigration and Nationality Act:

(1) The beneficiary does not within one year after the date of the approval of the petition file a formal application for an immigrant visa or arrange with the consular officer to have his name placed on a registration or waiting list for such visa.

(2) The petitioner loses his United States citizenship or his status as an alien lawfully admitted for permanent residence, whichever was applicable to the approval of the petition, or dies, before the beneficiary arrives in the United States to apply for admission under the classification aproved.

(3) As to a spouse beneficiary, the marriage of the petitioner to the beneficiary terminates by death, divorce or annulment before the beneficiary arrives in the United States to apply for admission under the classification approved.

(4) As to a child beneficiary:

AR2022_200014

(i) The beneficiary is married before he arrives in the United States to apply for admission under the classification approved.

(ii) The beneficiary reaches the 21st anniversary of his birth before he arrives in the United States to apply for admission under the classification approved.

§ 206.2  *Revocation on notice.* The approval of a petition made under section 204, 205, or 214 (c) of the Immigration and Nationality Act and in accordance with Part 204, 205, or 214h of this chapter may be revoked on any ground other than those specified in § 206.1 by any officer authorized to approve such petition when the propriety of such revocation is brought to the attention of the Service, including request for revocation or reconsideration made by consular officers.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 206.11  *Notice of revocation.* In any case in which it shall appear to a district director that the approval of a petition has been automatically revoked under and by virtue of § 206.1, such district director shall cause a notice of such revocation to be sent promptly to the Visa Office of the Bureau of Security and Consular Affairs, Department of State, and a copy of such notice to be mailed to the petitioner's last known address.

§ 206.21  *Revocation on notice; procedure.* Revocation of approval of a petition under § 206.2 shall be made only upon notice to the petitioner who shall be given an opportunity to offer evidence in support of the petition and in opposition to the grounds alleged for revocation of the approval. If upon reconsideration, the approval previously granted is revoked, the petitioner shall be informed of the decision with the reasons therefor and shall have ten days from the receipt of notification of the decision within which to appeal to the Board as provided in Part 6 of this chapter if the petition initially was approved for classification under section 205 of the Immigration and Nationality Act, or to the Assistant Commissioner, Inspections and Examinations Division, as provided in Part 7 of this chapter if the petition initially was approved for classification under section 204 or 214 (c) of the Immigration and Nationality Act.

§ 206.22  *Notice of revocation.* In any case in which approval of a petition is revoked under §§ 206.2 and 206.21, the district director having administrative jurisdiction over the office in which the proceeding is pending shall cause notice of such revocation to be sent promptly to the Visa Office of the Bureau of Security and Consular Affairs, Department of State.

## PART 211—DOCUMENTARY REQUIREMENTS: IMMIGRANTS; WAIVERS

### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
211.1  Documentary requirements for immigrants.

Sec.
211.2  Immigrants not required to present visas or passports.
211.3  Immigrants not required to present visas.
211.4  Immigrants not required to present passports.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

211.11  Resident Alien's Border Crossing Identification Card.

AUTHORITY: §§ 211.1 to 211.11 issued under sec. 103, 66 Stat. 173.  Interpret or apply secs. 211, 212, 222, 235, 66 Stat. 181, 183, 198, 198.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 211.1  *Documentary requirements for immigrants.* Except as otherwise provided in the Immigration and Nationality Act and this chapter, an immigrant (including an alien crewman) applying for admission to the United States must present a valid unexpired immigrant visa and a valid unexpired passport.

§ 211.2  *Immigrants not required to present visas or passports.* Immigrants of the following-described classes applying for admission to the United States need not present visas or passports:

(a) An alien immigrant child who is born subsequent to the issuance of an immigrant visa to an accompanying parent and who arrives in the United States to apply for admission during the period of validity of such visa.

(b) An alien immigrant child born during the temporary visit abroad of a mother who is a lawful permanent resident alien, or a national, of the United States: *Provided,* (1) That the child is accompanying a parent who is admissible into the United States and who is entering the United States for permanent residence upon the first return of the parent to the United States after the child's birth, and (2) that application for admission to the United States is made within a period of two years from the child's birth.

(c) Aliens (including alien crewmen) of the following-described classes who have been lawfully admitted for permanent residence, who are otherwise admissible, and who are returning after a temporary absence:

(1) An alien who is returning to the United States after a temporary absence of not more than six months in Canada or Mexico only, and who presents a valid unexpired resident alien's border crossing identification card.

(2) An alien who is returning from a temporary visit abroad and who presents a valid unexpired reentry permit.

(3) An alien who goes in transit through foreign contiguous territory from one part of the continental United States or Alaska to another part of the continental United States or Alaska by means of a transportation line which runs through the territory or waters of both the United States and Canada or Mexico.

(4) An alien who is proceeding from one port of the United States to another, without stopover, although touching a foreign port.

(5) An alien who reenters from a journey beginning in a port of the United States in the Western Hemisphere without transshipment from the original vessel or aircraft, provided that such vessel or aircraft has not proceeded outside of the Western Hemisphere.

(6) An alien who is returning to the United States from a visit not exceeding 30 days to Canada, Mexico, Cuba, Haiti, or the Dominican Republic, made under actual emergency conditions which prevented him from obtaining a reentry permit, or, with respect to such visit to Canada or Mexico only, a resident alien's border crossing identification card, prior to his departure from the United States.

(7) An alien resident of the Virgin Islands returning after a temporary visit to the British Virgin Islands or the French island of St. Bartholomew.

(8) An alien who resides in a remote section of Alaska returning after a temporary visit to Canada.

(9) An alien who has been shipwrecked or castaway and who has been rescued by, or transferred at sea to, a vessel or aircraft bound to a port in the United States.

(10) An alien who is returning within 48 hours from a visit to Mexico and who presents satisfactory evidence showing his previous lawful entry into the United States for permanent residence.

(11) Any alien in whose particular case a waiver of the passport and visa requirements is granted by (i) the Assistant Commissioner, Inspections and Examinations Division, either during or after the alien's application for admission to the United States, or (ii) the district director or officer in charge having administrative jurisdiction over the port at which the alien applied for admission at the time of the alien's application for admission and prior to the submission of the case to a special inquiry officer, or (iii) the special inquiry officer in determining a case referred to him for further inquiry as provided in section 235 of the Immigration and Nationality Act, upon a determination by the respective officers enumerated above that presentation of a passport and visa is impracticable because of emergent circumstances over which the alien has no control, and that undue hardship will result to the alien if such presentation is required: *Provided,* That during the time any case is pending before the Board a waiver under this subparagraph may be granted only by the Board.

§ 211.3  *Immigrants not required to present visas.* Aliens of the following-described classes (including alien crewmen) who are otherwise admissible, who have been lawfully admitted to the United States for permanent residence, and who are applying for admission to the United States after a temporary absence, are not required to present visas:

(a) An alien crewman whose name appears on the visaed crew list of the vessel or aircraft on which he arrived in the United States or who presents an Alien Registration Receipt and Border Crossing Card (Form I-151) duly issued to him, if the alien is returning on the same vessel or aircraft on which he departed and without transshipment, or, if the alien is returning on an aircraft of

the same transportation line within 30 days of his discharge in a foreign port.

(b) An alien who departed from the United States as a member of the crew of a vessel or aircraft which has been sold and delivered abroad, if the laws of the United States or the contract of employment provide for the return of the crew to the United States, whether returning as a passenger or as a crewman.

(c) An alien who departed from the United States as a member of the crew of a vessel or aircraft and who is returning to the United States as a passenger in accordance with the terms of the articles of the vessel or the aircraft on which he formerly served and who presents a Form I–151 duly issued to him.

(d) An alien crewman who departed from the United States as a member of the crew of a vessel or aircraft and who is a consular passenger, or is repatriated after, and in accordance with the terms of, his discharge in a foreign port before a consular officer, but who, for any reason, cannot be considered as serving as a crewman on the vessel or aircraft on which he arrives at a port in the United States.

(e) Any alien in whose particular case a waiver of the visa requirement is granted by (1) the Assistant Commissioner, Inspections and Examinations Division, either during or after the alien's application for admission to the United States, or (2) the district director or the officer in charge having administrative jurisdiction over the port at which the alien applied for admission, at the time of the alien's application for admission and prior to the submission of the case to a special inquiry officer, or (3) the special inquiry officer in determining the case referred to him for further inquiry as provided in section 235 of the Immigration and Nationality Act, upon a determination by the respective officers enumerated above that presentation of a visa is impracticable because of emergent circumstances over which the alien has no control and that undue hardship would result to such alien if such presentation is required; *Provided,* That during the time any case is pending before the Board a waiver under this subparagraph may be granted only by the Board.

§ 211.4 *Immigrants not required to present passports.* Aliens of the following-described classes (including alien crewmen) who apply for admission to the United States as immigrants, and who are otherwise admissible, are not required to present passports:

(a) An alien who has been lawfully admitted for permanent residence and who is returning after a temporary absence and who presents a valid unexpired nonquota immigrant visa issued pursuant to the provisions of section 101 (a) (27) (B) of the Immigration and Nationality Act.

(b) Any alien in whose particular case a waiver of the passport requirement is granted by (1) the Assistant Commissioner, Inspections and Examinations Division, either during or after the alien's application for admission to the United States, or (2) the district director

or the officer in charge having administrative jurisdiction over the port at which the alien applied for admission, at the time of the alien's application for admission and prior to the submission of the case to a special inquiry officer, or (3) the special inquiry officer in determining the case referred to him for further inquiry as provided in section 235 of the Immigration and Nationality Act, upon a determination by the respective officers enumerated above that presentation of a passport is impracticable because of emergent circumstances over which the alien has no control and that undue hardship would result to such alien if such presentation is required; *Provided,* That during the time any case is pending before the Board a waiver under this subparagraph may be granted only by the Board.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 211.11 *Resident Alien's Border Crossing Identification Card*—(a) *Form.* For the purposes of sections 211 (b) and 212 (a) (20) of the Immigration and Nationality Act and this part, Form I–151 (Alien Registration Receipt Card) or any outstanding valid Form I–187 (Resident Alien's Border Crossing Identification Card) shall be accepted as a Resident Alien Border Crossing Identification Card when in possession of and presented by the rightful holder thereof during the period of its validity.

(b) *Use.* The presentation of such card shall not relieve the holder from establishing his admissibility to the United States under the applicable provisions of the immigration laws and regulations. A Resident Alien's Border Crossing Identification Card may be used by an alien who has been lawfully admitted to the United States for permanent residence for the purpose of (1) facilitating determination of his status as a returning legal resident when applying for admission at any land or water port of entry or international airport in the continental United States or Alaska after an absence from the United States of not more than 6 months, during which absence he visited no foreign country other than Canada, Mexico or both, and (2) satisfying the documentary requirements of sections 211 (b) and 212 (a) (20) of the Immigration and Nationality Act and this part.

(c) *Form I–151; who may apply.* Any alien lawfully admitted to the United States for permanent residence who is not in possession of a Form I–151 may apply for such form in accordance with the provisions of § 264.5 of this chapter.

(d) *Form I–187.* Outstanding Forms I–187 in the possession of aliens who do not have a Form I–151 may upon application in person by the proper holder be revalidated at any Service office in the continental United States or Alaska, either before or after their expiration for an additional period or periods not exceeding 6 months each. No such revalidation shall extend beyond June 30, 1954, at which date all outstanding Forms I–187 shall be retired. An expired or unexpired Form I–187 may also

be revalidated if the rightful holder applies for admission to the United States at a port of entry or for preexamination at a United States immigration station in Canada, is found admissible, and satisfactorily establishes that he has not abandoned his residence in the United States and that he has not been absent from the United States for more than 60 days. Each additional period of validity shall commence on the date of revalidation. No Form I–187 issued before November 14, 1941, shall be revalidated notwithstanding any revalidation thereof which may have been granted previously, and any such form which comes to the attention of an officer of the Service shall be obtained from the holder and returned to the original issuing office for destruction. Any Form I–187, whether valid or expired, which was issued on or after November 14, 1941, and which is found in the possession of an alien who is making improper use thereof shall be obtained from the holder and returned to the original issuing office for destruction. Every alien having both a Form I–187 and a Form I–151 shall surrender the Form I–187 to an immigration officer, who shall forward it to the office of issuance for destruction.

---

PART 212—DOCUMENTARY REQUIREMENTS FOR NONIMMIGRANT; ADMISSION OF CERTAIN INADMISSIBLE ALIENS; PAROLE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
212.1 Documentary requirements for nonimmigrants.
212.2 Period of validity of passports for certain nonimmigrants.
212.3 Nonimmigrants not required to present passports, visas, or border crossing identification cards.
212.4 Additional classes of nonimmigrants not required to present passports, visas or border crossing identification cards.
212.5 Nonimmigrants required to present passports but not visas or border crossing identification cards.
212.6 Aliens previously deported or removed, or who departed at Government expense; consent to reapply for admission.
212.7 Advance request by certain resident aliens for permission to reenter the United States.
212.8 Advance request by certain nonimmigrant aliens for permission to enter the United States temporarily.
212.9 Parole of aliens into the United States.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

212.11 Nonresident alien's border crossing identification card.
212.61 Application for consent to reapply.
212.71 Application for permission to reenter the United States.
212.72 Disposition of application.
212.81 Application for temporary admission of nonimmigrants.
212.91 Return of paroled alien.

AUTHORITY: §§ 212.1 to 212.91 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 214, 236, 238, 66 Stat. 167, 182, 189, 200, 203.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 212.1 *Documentary requirements for nonimmigrants.* Except as other-

AR2022_200016

wise provided in the Immigration and Nationality Act and this chapter, an alien (including an alien crewman) who applies for admission to the United States as a nonimmigrant shall present a valid unexpired nonimmigrant visa issued to him under the nonimmigrant classification in which he seeks admission, and an unexpired passport valid for at least the period set forth in section 212 (a) (26) of the Immigration and Nationality Act: *Provided,* That a valid nonresident alien's border crossing identification card shall be acceptable in lieu of a nonimmigrant visa when presented in accordance with provisions of § 212.11.

§ 212.2 *Period of validity of passports for certain nonimmigrants.* An alien not within the purview of § 212.3 who applies for admission to the United States as a nonimmigrant under clause (i) or (ii) of section 101 (a) (15) (A) of the Immigration and Nationality Act or under clause (i), (ii), (iii), or (iv) of section 101 (a) (15) (G) of that act and who presents a valid unexpired nonimmigrant visa issued to him under the nonimmigrant classification in which he seeks admission shall present a passport which is valid and unexpired on the date of the bearer's application for admission to the United States.

§ 212.3 *Nonimmigrants not required to present passports, visas, or border crossing identification cards.* The provisions of section 212 (a) (26) of the Immigration and Nationality Act and of this chapter relating to the requirement of passports, visas, and border crossing identification cards for nonimmigrants, have been waived by the Secretary of State and the Attorney General acting jointly in pursuance of the authority contained in section 212 (d) (4) of the Immigration and Nationality Act, in the cases of aliens (including alien crewmen) who are otherwise qualified for admission as nonimmigrants under the applicable provisions of the immigration laws and who fall within any of the following categories:

(a) A Canadian citizen who has his residence in Canada and is making application for admission to the United States from Canada, or from, and after a visit solely to, some place in foreign contiguous territory or adjacent islands.

(b) A British subject who has his residence in Canada and is making application for admission to the United States from Canada, or from, and after a visit solely to, some place in foreign contiguous territory or adjacent islands.

(c) A Mexican national who:

(1) Is a military or civilian official or employee of the Mexican national government, or of a Mexican state or municipal government, and the members of his family, making an application for admission to the continental United States from Mexico on personal or official business or for pleasure;

(2) Is passing in immediate and continuous transit through the continental United States from one place in Mexico to another by means of a transportation line which crosses the border between the United States and Mexico; or

(3) Is a member of a fire-fighting group entering the United States in connection with fire-fighting activities.

(d) International Boundary and Water Commission officers, employees, and other personnel, entering the United States in the performance of their official duties, and Mexican nationals employed directly or indirectly on the construction, operation, or maintenance of works in the United States undertaken in accordance with the treaty concluded on February 3, 1944, between the United States and Mexico, and entering the United States temporarily in connection with such employment.

(e) A French national who has his residence in French territory in the West Indies, who is in possession of a roundtrip transportation ticket, and who is making application for admission into Puerto Rico or the Virgin Islands of the United States for business or pleasure.

(f) A Netherlands subject who has his residence in Netherlands territory in the West Indies and who is making an application for admission to Puerto Rico or the Virgin Islands of the United States for not more than twenty-four (24) hours.

(g) An alien who is being transported by railroad in immediate and continuous transit through the United States directly from one part of Canada to another, or directly from one part of Mexico to another, without stopover, in accordance with the terms of a contract, including a bonding agreement, entered into by the transportation line and the Attorney General under the provisions of section 238 (d) of the Immigration and Nationality Act: *Provided,* That, at all times such alien is in transit through the United States he shall be in the custody of an officer of the United States or such other custody as may be approved by the Attorney General.

(h) An alien whose case is not within the provisions of paragraph (g) of this section, who is being transported in immediate and continuous transit through the United States without stopover from one foreign place to another in accordance with the terms of a contract including a bonding agreement entered into by a transportation line and the Attorney General under the provisions of section 238 (d) of the Immigration and Nationality Act, to insure such immediate and continuous transit through, and departure from, the United States en route to a specifically designated foreign country: *Provided,* That such alien is in possession of a travel document which is valid for his entry into a foreign country for a period of not less than 60 days after the date of immediate and continuous transit through the United States, and *Provided further,* That at all times such alien is not aboard an aircraft which is in flight through the United States he shall be in the custody of an officer of the United States.

§ 212.4 *Additional classes of nonimmigrants not required to present passports, visas or border crossing identification cards.* As provided in the Immigration and Nationality Act, the provisions of section 212 (a) (26) of the

Immigration and Nationality Act and of this chapter relating to the requirement of passports, visas and border crossing identification cards for nonimmigrants do not apply in the cases of aliens who fall within any of the following categories:

(a) An alien member of the armed forces of the United States who:

(1) Is in the uniform of, or who bears documents identifying him as a member of, such armed forces;

(2) Has not been lawfully admitted for permanent residence; and

(3) Is making application for admission to the United States under official orders or permit of such armed forces.

(b) An American Indian born in Canada, having at least fifty percentum of blood of the American Indian race, and passing the border of the United States.

§ 212.5 *Nonimmigrants required to present passports but not visas or border crossing identification cards.* The provisions of section 212 (a) (26) of the Immigration and Nationality Act and of this chapter relating to the requirement of visas and border crossing identification cards for nonimmigrants have been waived by the Secretary of State and the Attorney General, acting jointly, for aliens who are otherwise qualified for admission as nonimmigrants under the applicable immigration laws and who fall within any of the following categories:

(a) A Canadian citizen having his residence in Canada who is returning thereto from any country or place, other than foreign contiguous territory or adjacent islands, and is making an application for admission to the United States.

(b) A British subject having his residence in British Territory in the West Indies, who is making an application for admission to Puerto Rico, or the Virgin Islands of the United States.

(c) A Netherlands subject who has his residence in Netherlands territory in the West Indies and who is making an application for admission to Puerto Rico or the Virgin Islands of the United States for more than twenty-four (24) hours.

(d) Nationals of foreign contiguous territory or adjacent islands who are entering the United States as seasonal or temporary workers under specific legislation enacted by Congress and in accordance with international arrangements concluded upon the basis of such legislation.

§ 212.6 *Aliens previously deported or removed, or who departed at Government expense; consent to reapply for admission.* Except as provided in § 236.13 (b) of this chapter, an alien who is inadmissible to the United States under paragraph (16) or (17) of section 212 (a) of the Immigration and Nationality Act and who desires to apply for admission to the United States shall file an application for consent to reapply for admission to the United States with the district director having administrative jurisdiction over the office in which were held the proceedings which resulted in the alien's deportation, removal, or departure at Government expense.

AR2022_200017

§ 212.7 *Advance request by certain resident aliens for permission to reenter the United States.* An alien who has been lawfully admitted for permanent residence and who is or believes himself to be inadmissible to the United States under any paragraph of section 212 (a) of the Immigration and Nationality Act other than paragraph (27), (28) or (29), may, prior to or after his temporary departure from the United States and prior to his application for readmission to the United States, apply for permission to reenter under the authority contained in section 212 (c) of the Immigration and Nationality Act notwithstanding any such ground of inadmissibility.

§ 212.8 *Advance request by certain nonimmigrant aliens for permission to enter the United States temporarily.* An alien who desires to enter the United States temporarily as a nonimmigrant and who is or believes himself to be inadmissible under any paragraph of section 212 (a) of the Immigration and Nationality Act other than paragraph (27) and (29), may, prior to his application for admission at a port of the United States, apply for permission to enter the United States temporarily under the authority contained in section 212 (d) (3) of the Immigration and Nationality Act notwithstanding any such ground of inadmissibility.

§ 212.9 *Parole of aliens into the United States.* Subject to the provisions of section 212 (d) (5) of the Immigration and Nationality Act, the district director or the officer in charge having administrative jurisdiction over the port of entry may, in his discretion, parole into the United States temporarily any alien who applies for admission to the United States at such port, under such terms and conditions, including the exaction of a bond on Form I-324, as such officer shall deem appropriate. The district director or officer in charge shall determine when, in his opinion, the purpose of the parole shall have been served so that such paroled alien shall return or be returned to the custody from which he was paroled in accordance with section 212 (d) (5) of the Immigration and Nationality Act.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS**

§ 212.11 *Nonresident alien's border crossing identification card*—(a) *Form.* For the purposes of section 212 (a) (26) of the Immigration and Nationality Act and this part, Form I-186 (Nonresident Alien's Border Crossing Identification Card) shall be accepted as a nonresident alien's border crossing card when it is in the possession of and presented by the rightful holder thereof during the period of its validity.

(b) *Use.* The rightful holder of a valid nonresident alien's border crossing identification card may present such card in lieu of a nonimmigrant visa, if such visa is required, when arriving direct from Canada or Mexico and applying for admission to the United States at any land or water port of entry or an international airport in the continental United States or Alaska. The presentation of

such card shall not otherwise relieve the holder from establishing his admissibility to the United States under the applicable provisions of the Immigration and Nationality Act.

(c) *Form I-186; who may apply.* A nonresident alien's border crossing identification card may be issued to any alien who, upon application therefor, (1) submits satisfactory evidence that he is a Canadian citizen or a British subject residing in Canada, or a native-born citizen of Mexico residing therein, (2) presents a valid unexpired passport required of nonimmigrants, unless a passport is not required to be presented under the provisions of this part, (3) desires temporary admission into the continental United States for a period or periods of not more than 72 hours each, and (4) is admissible to the United States: *Provided, however,* That no such card shall be issued unless the applicant is known or shown to be a person who has complied fully with all provisions applicable to him of laws, regulations, Executive orders, or other governmental requirements regulating the entry of aliens to the United States: *And provided further,* That such card may be issued to an applicant who desires temporary admission into the United States for more than 72 hours if such applicant desires such card to facilitate admission and is (1) a citizen of and has his residence in, Canada, and is entitled under § 212.3 (a) to enter the United States for less than six months without presenting a visa, border crossing identification card, or passport, or (2) a British subject having his residence in Canada, and entitled under § 212.3 (b) to enter the United States for less than 30 days without presenting a visa, border crossing identification card, or passport.

(d) *Application.* Application for a nonresident alien's border crossing identification card shall be made on Form I-190 at any office of the Service located at any land or water port of entry or international airport in the continental United States or Alaska or at any office of the Service located in Canada. The applicant shall appear in person, shall execute his application under oath before an immigration officer, and shall be fingerprinted. The applicant shall furnish a photograph prepared in accordance with the provisions of Part 10 of this chapter. If, because of unusual circumstances, it would be a hardship for the applicant to obtain a photograph, the officer considering the application may, in his discretion, waive the furnishing of such photograph.

(e) *Disposition of application.* If the applicant is found to have the qualifications specified in paragraph (c) of this section, the identification card shall be issued to him by the examining immigration officer. Entries on the card shall be made by typewriter, if practicable, or in ink. The applicant shall sign his full name on the card in ink, unless unable to sign his name. The applicant's photograph shall be fastened on the card unless the furnishing of the photograph is waived, in which case the print of his right index finger shall be placed on the card in lieu of his photograph. The card

shall be valid for an initial period of two years, unless in the discretion of the issuing officer a shorter period of validity is desired because of special circumstances. The period of validity shall be noted on the card and on the application. The issuing officer may, in his discretion or upon direction of his superior officer, issue the card subject to such conditions as appear to be proper under the circumstances and such conditions shall be noted on the card and on the application. The identification card shall be delivered to the applicant on his personal appearance at the office where the application is filed, except that when justified by unusual circumstances, the card may be delivered to him by mail prior to his application for admission to the United States. If the examining immigration officer, in his discretion, determines that a nonresident alien border crossing card should not be issued, he shall deny the application. No appeal shall lie from a denial of the application but such denial shall be without prejudice to the alien's applying for admission to the United States under applicable provisions of the Immigration and Nationality Act.

(f) *Extension.* The rightful holder of a nonresident alien's border crossing identification card issued for a fixed period who meets the eligibility requirements of paragraph (c) of this section may, during the period of the validity of such card, apply for an extension of such period, or, if the period of validity has expired, may apply for a revalidation of such card. In no event shall such card be extended or revalidated beyond a date six years from the date of its original issuance.

(g) *Surrender.* Any nonresident alien's border crossing identification card issued prior to November 14, 1941, which comes to the attention of an officer of the Service shall be surrendered by the holder and returned to the original issuing office. Any nonresident alien's border crossing identification card issued by the Service which is presented by a person who does not have the qualifications set forth in paragraph (c) of this section, or any nonresident alien's border crossing identification card which is presented by a person who is making improper use of the card, or who is not the rightful holder thereof, shall be surrendered by the holder and returned to the original issuing office, with a report of the reasons therefor: *Provided, however,* That no card shall be required to be surrendered if found in the possession of an alien applying for admission to the United States unless and until the holder has been excluded by a special inquiry officer. If a nonresident's border crossing identification card issued by the Service has been lost, mutilated, or destroyed, the person to whom such card was issued may make an application for a new card in accordance with the provisions of this section, and in such case shall attach the mutilated card to his application for return to the office of issuance.

§ 212.61 *Application for consent to reapply*—(a) *Form.* An application for consent to reapply for admission to the United States shall be submitted on

Form I-213. In stating the reasons for his desire to enter the United States, the applicant shall include a statement of facts establishing whether:

(1) Unusual hardship would result to persons lawfully in the United States if the application should be denied.

(2) There is need for the services of the applicant in the United States.

(3) The applicant is a bona fide crewman who has no means of earning his livelihood other than by pursuing such calling which necessitates his coming to the United States.

(4) It is necessary for the applicant to enter the United States frequently across the international land border to purchase the necessities of life, or in connection with the business in which he is engaged, or for some other urgent reason.

(b) *Disposition.* The district director receiving an application for consent to reapply for admission may, in his discretion, grant or deny such application. He shall note his decision on the application and, if the application is denied, the reason for its denial. The applicant shall be given written notice of the decision. The decision shall be final except that an appeal therefrom may be taken by the applicant to the Assistant Commissioner, Inspections and Examinations Division, within 10 days from receipt of notification of decision, in accordance with the provisions of Part 7 of this chapter.

§ 212.71 *Application for permission to reenter the United States*—(a) *Form and execution.* An application for the advance exercise of discretion under the provisions of section 212 (c) of the Immigration and Nationality Act shall be submitted on Form I-191, and shall be executed under oath by the applicant. If the applicant is mentally incompetent, the application shall be executed by his parent or guardian. If the applicant is not in the United States, the application shall be executed before a consular officer in accordance with applicable consular regulations.

(b) *Where filed.* The application shall be filed with the district director or the officer in charge having administrative jurisdiction over the applicant's place of residence in the United States.

§ 212.72 *Disposition of application*—(a) *Action by officer with whom application is filed.* The officer with whom the application referred to in § 212.17 is filed shall cause such investigation to be conducted as he deems necessary for the proper disposition of the application. If such investigation is made by an office of the Service other than a district office, the application and all pertinent papers shall upon completion of the investigation be forwarded to the district director having administrative jurisdiction over the office in which the application was filed, with the recommendation of the officer in charge.

(b) *Action by the district director.* The district director may, in his discretion, grant or deny the application. The applicant shall be given written notice of the decision, and if the application is denied of the reasons therefor and of his right to appeal to the Board in

accordance with the provisions of Part 6 of this chapter within 10 days from the receipt of notification of such decision.

(c) *Conditions on which application is granted.* If the application is granted, it shall be under such terms and conditions, including exaction of bond, as may be deemed appropriate by the district director or the Board, whichever grants the application.

§ 212.81 *Application for temporary admission of nonimmigrants*—(a) *Form and execution.* An application for the advance exercise of discretion under the provisions of section 212 (d) (3) shall, except as hereinafter provided, be submitted on Form I-192, and shall be executed under oath before a consular officer in accordance with applicable consular regulations. When Form I-192 is not readily available and the case is one of unforeseen emergency, the application shall be in writing and shall contain all the information required by such form. Whenever it is impracticable for an applicant to execute the application, it may be executed by his parent, guardian, attorney or representative, and in such cases, the application need not be under oath and need not be executed before a consular officer.

(b) *Filing of application.* If an applicant for the benefits of section 212 (d) (3) of the Immigration and Nationality Act is not in possession of a nonimmigrant visa and is not exempt from the presentation of such visa, the application shall be filed with the consular officer before whom the alien is required to apply for his nonimmigrant visa. In all other cases, the application shall be filed with the Assistant Commissioner, Inspections and Examinations Division.

(c) *Disposition of application.* If the Secretary of State or the consular officer recommends that an alien be admitted temporarily to the United States despite his inadmissibility, the application shall be forwarded with such recommendation to the Assistant Commissioner, Inspections and Examinations Division, who, in his discretion, may grant or deny the application. The Assistant Commissioner, Inspections and Examinations Division, may also, in his discretion, grant or deny any application which is authorized by this part to be filed directly with him. The applicant and the Secretary of State shall be given written notice of the decision. If the application is denied, the applicant shall also be informed of the reasons therefor and of the right of the alien to appeal to the Board in accordance with the provisions of Part 6 of this chapter, within ten days from the receipt of notification of such decision. If the application is granted initially or on appeal, it shall be under such terms and conditions, including exaction of bond on Form I-331, I-332 or I-337 as the Assistant Commissioner, Inspections and Examinations Division, or the Board, when granting the application, deems appropriate.

§ 212.91 *Return of paroled alien.* If the district director or officer in charge who has paroled an alien into the United States in accordance with § 212.9 determines that the purpose of the parole has been served, the paroled alien shall be

taken into custody by an immigration officer under the order of such district director or officer in charge and returned forthwith to the custody from which such alien was paroled.

---

**PART 212a—ADMISSION OF CERTAIN ALIENS TO PERFORM SKILLED OR UNSKILLED LABOR**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
212a.1 Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor; application for permission to enter United States.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

212a.11 Application.
212a.12 Disposition of application.

AUTHORITY: §§ 212a.1 to 212a.12 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 203, 212, 66 Stat. 166, 178, 183.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 212a.1 *Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor; application for permission to enter United States.* An alien of any of the classes described in section 101 (a) (27) (C), (D), or (E), of the Immigration and Nationality Act, and any alien described in the non-preference category of section 203 (a) (4) of that Act, who is ineligible to receive an immigrant visa and is subject to exclusion from the United States under section 212 (a) (14) of that Act may apply, or the person, institution, firm, organization or governmental agency for whom the alien will perform skilled or unskilled labor may apply in his behalf, for permission for such alien to enter the United States under the authority contained in section 212 (a) (14) of the Immigration and Nationality Act notwithstanding such ground of inadmissibility.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 212a.11 *Application*—(a) *Form.* An application for permission to enter the United States pursuant to this part and section 212 (a) (14) of the Immigration and Nationality Act shall be submitted in duplicate on Form I-129C. The application, properly executed, shall be filed at the office of the Service nearest the applicant's residence or principal operating office in the United States if he is a person other than the prospective immigrant. If the person filing this application is the prospective immigrant, he shall transmit the completed application directly to the Commissioner who shall transmit the application to the district director having administrative jurisdiction over the place in the United States wherein the applicant intends to reside as shown in the application.

(b) *Documents in support of application.* Applicants shall comply with the following requirements:

(1) If a trade organization, guild, professional society, educational or research institution, is active in the field of the work, labor or services in which the prospective immigrant is to be employed or engaged, the applicant shall request

AR2022_200019

## RULES AND REGULATIONS

from such organization, by registered mail return receipt requested, a written statement indicating whether such organization can supply persons capable of performing the work, labor or services which are to be performed by the prospective immigrant. The request to such organization for such statement shall set forth a description of the position sought to be filled and the terms, conditions, and place of employment. A copy of the request and reply shall be attached to the application. In the event no reply is received to such request, a copy of the letter sent to such organization and the receipt returned by the Post Office Department showing that the letter was delivered, shall be attached to the application.

(2) The applicant shall attach to the application affidavits of persons having special knowledge or information in the field of work, labor or services which the prospective immigrant is to perform, indicating the approximate length of time required for a person to become skilled or proficient in the performance of such work, labor, or services.

(3) If the applicant is not the prospective immigrant, he shall attach to the application as a part thereof, a statement of efforts made by him or in his behalf to secure persons in the United States to perform the work, labor or services to be performed by the prospective immigrant, including clippings of any advertisements placed in newspapers, trade journals, professional and similar publications in the field of such work, labor or services and copies of all correspondence, reports, replies, and responses received or obtained as a result of such advertisement. If no such reply, response, or report was received, the applicant shall so indicate.

(4) The applicant shall attach to the application as a part thereof, a statement setting forth a full, complete, and detailed analysis establishing in what manner the services of the prospective immigrant will be substantially beneficial prospectively to the national economy, cultural interest or welfare of the United States.

(5) The applicant shall attach to the application as a part thereof, a full, complete, and detailed description of the services to be performed by the prospective immigrant in the United States.

(6) The applicant shall attach to the application as a part thereof, a full, complete, and detailed description of the high education, technical training, specialized experience, or exceptional ability of the prospective immigrant on the basis of which the prospective immigrant's services are alleged to be urgently required in the United States. Statements with respect to high education or technical training of the prospective immigrant shall be supported by original, certified, or photographic copies of diplomas, school certificates, or equivalent documents or affidavits attesting to such education or technical training executed by the person in charge of the records of the educational or other institution, firm, or establishment wherein such education or training was acquired, improved, or perfected. Statements

with respect to specialized experience or exceptional ability of the prospective immigrant shall be supported by affidavits attesting to and describing the degree and extent of the immigrant's special experience or ability, executed by the appropriate officer of the firms, organizations, establishments, or other institutions wherein such special experience or ability was acquired, improved, or perfected.

§ 212a.12 *Disposition of application*—(a) *Investigation.* The district director or officer in charge having administrative jurisdiction over the office receiving an application shall, if the application is properly executed and adequately supported by documentary evidence, cause such investigation to be conducted as he deems necessary to the proper disposition of the application. If the investigation is made in an office of the Service other than a district office, the application and all accompanying papers shall, upon completion of such investigation, be forwarded to the district director having administrative jurisdiction over the office that made the investigation with a report and transcript of the investigation and the recommendation of the officer in charge.

(b) *Action by district director.* If the district director receiving an application either directly from the person filing the application or from the officer in charge is satisfied that the application should be approved he shall approve the application and note his decision thereon. If the district director is not satisfied that the application should be approved he shall disapprove the application and note his decision thereon. The applicant shall be informed of the decision and, if the application is disapproved, of the reasons therefor, and of his right to appeal to the Assistant Commissioner, Inspections and Examinations Division within 10 days from receipt of notification of decision.

PART 213—ADMISSION OF ALIENS ON GIVING BOND OR CASH DEPOSIT

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
213.1  Authority to admit under bond or cash deposit.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

213.11  Form of public charge bond.

AUTHORITY: §§ 213.1 and 213.11 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 213, 235, 66 Stat. 188, 198.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 213.1 *Authority to admit under bond or cash deposit.* An alien who applies for admission to the United States for permanent residence whose case is referred to the district director or officer in charge having administrative jurisdiction over the place where the examination for admission is being conducted, as provided in § 235.12 of this chapter, may be admitted to the United States in the discretion of such officer upon the furnishing of a bond on Form I-354 in the sum of not less than $1,000, or, in lieu of such bond, upon depositing cash in the sum of not less than $1,000 for

the same purposes and subject to the same conditions as those set forth in Form I-354. If such officer does not so admit the alien, the special inquiry officer to whom the case is referred, as provided in § 235.12 of this chapter may, in his discretion, admit the alien upon the furnishing of bond or the depositing of cash as aforesaid.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 213.11 *Form of public charge bond.* All bonds, and all agreements covering cash deposits, given as a condition of admission of an alien under section 213 of the Immigration and Nationality Act shall be executed on Form I-354. If cash is deposited, the depositor shall give his power of attorney and agreement on Form I-304, authorizing the officers designated thereon to collect, assign, or transfer such deposit, in whole or in part, in case any of the conditions of the bond are violated; and the officer accepting such deposit shall give his receipt therefor on Form I-305.

PART 214—ADMISSION OF NONIMMIGRANTS: GENERAL

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214.1  Time for which nonimmigrants may be admitted.
214.2  Conditions of nonimmigrant status.
214.3  Bonds.
214.4  Extension of period of temporary admission.
214.5  Change of status as affecting period of admission.
214.6  Limitation.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

214.31  Bonds; referral of case by examining officer.
214.41  Extension of period of admission.

AUTHORITY: §§ 214.1 to 214.41 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 3, 4, 43 Stat. 154, as amended, 155 as amended, secs. 501-508, 65 Stat. 119-121, secs. 101, 102, 212, 214, 235, 66 Stat. 166, 173, 182, 189, 198; 8 U. S. C. 203, 204, 7 U. S. C., Sup., 1461-1468.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214.1 *Time for which nonimmigrants may be admitted.* The maximum period for which a nonimmigrant may be admitted initially to the United States shall be whatever period the admitting officer deems appropriate to accomplish the intended purpose of the alien's temporary stay in the United States, except that

(a) In no event shall such period exceed any limit fixed by any of the other provisions of this chapter relating to particular nonimmigrant classes; and

(b) Except as provided in section 102 of the Immigration and Nationality Act, such period shall be subject to the provisions of section 212 (a) (26) of the Immigration and Nationality Act in the case of a nonimmigrant required to present a passport; and

(c) A nonimmigrant admitted to the United States upon a waiver of the passport requirement, shall not be admitted beyond a date six months prior to the end of the period during which he will be eligible for readmission to the coun-

AR2022_200020

try whence he came or for admission to some other country.

§ 214.2 *Conditions of nonimmigrant status.* An alien found admissible as a nonimmigrant under the Immigration and Nationality Act shall be admitted to the United States, and an alien after admission to the United States as a nonimmigrant or after acquisition of a nonimmigrant status under the Immigration and Nationality Act or any prior act shall be permitted to remain in the United States only upon the following conditions:

(a) That while in the United States he will maintain the particular nonimmigrant status under which he was admitted or such other status as he may acquire in accordance with the provisions of the Immigration and Nationality Act or which he may have acquired in accordance with the provisions of any prior law.

(b) That he will depart from the United States within the period of his admission or any authorized extension thereof.

(c) That while in the United States he will not engage in any employment or activity inconsistent with and not essential to the status under which he is in the United States unless such employment or activity has first been authorized by the district director or the officer in charge having administrative jurisdiction over the alien's place of temporary residence in the United States.

(d) That he will not remain in the United States beyond a date six months, or in the case of a nonimmigrant admitted prior to the effective date of the Immigration and Nationality Act, two months, prior to the end of the period during which he will be eligible for readmission to the country whence he came or for admission to some other country, as evidenced by a valid passport or other travel document.

(e) That he will fulfill such other conditions as the admitting immigration officer, in his discretion, may impose or may have imposed to insure that he will depart from the United States at the expiration of the time for which he was admitted, and that he will maintain the status under which he was admitted or which he may have lawfully acquired subsequent to his admission.

§ 214.3 *Bonds.* Except as may be otherwise specifically provided by the Immigration and Nationality Act and by any provisions of this chapter relating to particular classes of nonimmigrants, in the discretion of the district director or the officer in charge having administrative jurisdiction over the port of entry or the special inquiry officer, or, pursuant to an order entered on appeal from the decision of a special inquiry officer, an alien applying for admission to the United States as a nonimmigrant may be required to post a bond in the sum of not less than $500 as a condition precedent to his admission to the United States to insure that he will depart from the United States at the expiration of the time for which he is admitted and that he will maintain the status under which he is admitted or which he may subsequently acquire under the Immigration

No. 247——4

and Nationality Act: *Provided,* That no such bond shall be required as a condition to the admission of any alien within the classes described in section 102 of the Immigration and Nationality Act. Bond shall be furnished on such form as is prescribed for the particular nonimmigrant classification under which the alien seeks to enter the United States.

§ 214.4 *Extension of period of temporary admission.* An alien other than one admitted in transit under section 101 (a) (15) (C) of the Immigration and Nationality Act or section 3 (3) of the Immigration Act of 1924, who is maintaining the nonimmigrant status under which he is permitted to remain in the United States and whose period of admission has not expired, may apply for and may be granted an extension or extensions of the period of his temporary admission, subject to the following limitations and conditions:

(a) All extensions shall be subject to the time limitations specified in § 214.1.

(b) The alien shall establish that he has fulfilled, and agrees that he will continue to fulfill, all the conditions set forth in § 214.2 and such other conditions as may be imposed as conditions precedent to the granting of the extension, including, in the case of an alien admitted as a nonimmigrant or as a nonquota immigrant student prior to December 24, 1952, the condition that he shall present with his application for the extension a passport or other travel document valid for his readmission to the country whence he came or to some other country for six months after expiration of the period for which the extension is requested.

(c) If the initial admission was for 29 days or less, an extension may be granted only in emergent or other extraordinary cases.

(d) In any case in which the grant of the extension would authorize the alien to remain in the United States for a period not exceeding one year after arrival, the officer deciding the application may in his discretion, require as a condition precedent to the granting of the extension that the alien furnish bond or to continue to furnish bond or to furnish bond in different sum, on the form and for the purposes stated in § 214.3.

(e) No extension which will authorize the alien to remain in the United States for a period exceeding one year after arrival shall be granted unless there has been furnished, or is furnished, a bond on the form, for the purposes, and in the sum provided in § 214.3: *Provided,* That a district director may authorize the granting of such extension without bond or with bond in less sum.

(f) Such other conditions and limitations as are prescribed by provisions of this chapter relating to particular classes of nonimmigrants.

(g) A nonimmigrant alien crewman shall not be granted any extension which would permit him to remain in the United States for more than 29 days from the date of his initial temporary landing.

§ 214.5 *Change of status as affecting period of admission.* An alien admitted to the United States under the Immigra-

tion and Nationality Act or any prior act as a nonimmigrant, whose status is subsequently changed in accordance with the provisions of the Immigration and Nationality Act, shall be permitted to remain in the United States for such period of time as shall have been fixed in the decision changing his status or any authorized extension thereof, in no event to exceed the time he continues to maintain the status so acquired.

§ 214.6 *Limitation.* The provisions of this part shall not be applicable to a nonimmigrant agricultural worker applying for admission, or admitted, to the United States in accordance with the provisions of Title V of the Agricultural Act of 1949, as amended. The case of such alien shall be governed by the provisions of Part 475 of this chapter.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 214.31 *Bonds; referral of case by examining officer.* If the examining immigration officer is satisfied that an alien would be admissible to the United States as a nonimmigrant provided a bond was furnished in accordance with the provisions of § 214.3, he shall refer the case to the district director or the officer in charge having administrative jurisdiction over the port of entry. If the district director or officer in charge is satisfied that the alien would be admissible provided such bond were furnished, he may admit the alien upon the furnishing of such bond. If the district director or the officer in charge is not so satisfied or if the bond is not furnished when required, the case of the alien shall be disposed of as provided in section 235 of the Immigration and Nationality Act.

§ 214.41 *Extension of period of admission*—(a) *Form of application; place and time of filing; accompanying documents; fee.* Application by an alien for an extension of the period of temporary admission shall be made on Form I-539. The application shall be submitted as soon as the alien is aware that he will not be able to complete the purpose of his temporary stay within the period for which he has been authorized to remain in the United States, but not less than 15 nor more than 30 days prior to the end of such period, unless the district director or officer in charge authorizes the filing of an application at an earlier date. The application shall be accompanied by the applicant's passport, any Form 257a or Form I-94C issued to him at the time of his admission to the United States or at the time of any prior extension, any fee required by Part 2 of this chapter, and such other documents as may be required by provisions of this chapter relating to particular nonimmigrant classifications.

(b) *Disposition of application.* The district director or the officer in charge receiving an application for an extension of temporary admission shall cause such investigation to be made as he deems necessary to the proper disposition of the application. He may, in his discretion and subject to the provisions of § 214.4, grant or deny such application or may grant such application upon such terms

and conditions, including the furnishing of bond, as he may deem appropriate. No appeal shall lie from his decision. If the application is granted, the officer granting the application shall note on the application form and the Form 257a or Form I-94C submitted by the applicant or prepared for him as provided in § 221.3 (c) of this chapter the date to which the alien is permitted to remain in the United States and any additional conditions which may have been imposed as conditions precedent to the granting of the application. If the application is denied, the officer denying it shall note on the application form and such Form 257a or Form I-94C the fact of such denial. Notwithstanding any of the provisions of this paragraph, the Assistant Commissioner, Inspections and Examinations Division, may require any classes of cases or individual cases to be submitted to him for initial decision. No appeal shall lie from the decision of the Assistant Commissioner.

(c) *Notice of decision.* The Form 257a or Form I-94C shall after decision be sent to the applicant together with any passport submitted by him and shall constitute notice to the applicant of the decision in the case. If the application is denied, the applicant shall also be informed that his departure from the United States is required within the period determined by the officer making the decision.

PART 214a—ADMISSION OF NONIMMI-GRANTS: FOREIGN GOVERNMENT OFFI-CIAL

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214a.1   Acceptance of classification.
214a.2   Limitation as to time for which alien may be admitted.
214a.3   Bond.
214a.4   Failure to maintain status.
214a.5   Additional documents required in support of application for an extension of temporary stay.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214a.1 to 214a.5 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 3, 43 Stat. 154, as amended, secs. 101, 214, 235, 66 Stat. 166, 189, 198; 8 U. S. C. 203.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214a.1   *Acceptance of classification.* Whenever an alien who applies for admission to the United States as a nonimmigrant of one of the classes described in section 101 (a) (15) (A) of the Immigration and Nationality Act presents to the examining immigration officer at a port of entry in the United States a valid unexpired nonimmigrant visa duly issued to him by a consular officer under such classification, the immigration officer shall accept the consular officer's classification of the alien and admit the alien, if he is otherwise admissible to the United States, unless specifically directed to the contrary by the Assistant Commissioner, Inspections and Examinations Division, after consultation with the Department of State, in which event, the examining immigration officer shall take

further action as provided in section 235 of the Immigration and Nationality Act. For the purposes of this part, the term "immediate family" as used in section 101 (a) (15) (A) of the Immigration and Nationality Act means aliens who are closely related to the principal alien by blood, marriage, or adoption, and who reside regularly in the household of the principal alien.

§ 214a.2   *Limitation as to time for which alien may be admitted.* The period of an alien's admission to the United States as a nonimmigrant of the class described in section 101 (a) (15) (A) (i) or (ii) of the Immigration and Nationality Act shall not exceed such time as the Secretary of State continues to recognize him as a member of such class. An alien of the class described in clause (iii) of section 101 (a) (15) (A) of the Immigration and Nationality Act shall not be admitted initially to the United States for more than one year.

§ 214a.3   *Bond.* Nonimmigrants of the class described in section 101 (a) (15) (A) (iii) of the Immigration and Nationality Act who are required to furnish bond under § 214.3 or § 214.4 of this chapter shall do so on Form I-325.

§ 214a.4   *Failure to maintain status.* At such time as any official or employee described in clause (i) or clause (ii) of section 101 (a) (15) (A) of the Immigration and Nationality Act, or any official of a foreign government as described in section 3 (1) of the Immigration Act of 1924, as amended, is ineligible under the Immigration and Nationality Act and this chapter to remain in the United States in the status of such official or employee, any alien member of the immediate family of such official or employee, any attendant, servant, or personal employee of any such official or employee, and any member of the immediate family of such attendant, servant, or personal employee who has nonimmigrant status pursuant to section 101 (a) (15) (A) of the Immigration and Nationality Act or section 3 (1) of the Immigration Act of 1924, as amended, shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain such status.

§ 214a.5   *Additional documents required in support of application for an extension of temporary stay.* An alien having the status of a nonimmigrant of the class described in section 101 (a) (15) (A) (iii) of the Immigration and Nationality Act or having the status of an attendant, servant, or personal employee of any official of a foreign government pursuant to the provisions of section 3 (1) of the Immigration Act of 1924, as amended, who applies for an extension of his temporary stay in such status shall attach to his application a written statement from the employing foreign government official describing the current and intended employment of the alien.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 214b—ADMISSION OF NONIMMI-GRANTS: TEMPORARY VISITOR FOR BUSI-NESS OR PLEASURE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214b.1   Limitation as to time for which temporary visitors may be admitted.
214b.2   Bonds.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214b.1 and 214b.2 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 214, 66 Stat. 166, 189.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214b.1   *Limitation as to time for which temporary visitors may be admitted.* An alien admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (B) of the Immigration and Nationality Act shall be admitted initially for a period not to exceed six months unless such alien intends to sojourn in the United States in more than one immigration district, in which event the period of initial admission shall not exceed three months.

§ 214b.2   *Bonds.* Nonimmigrants of the class described in section 101 (a) (15) (B) of the Immigration and Nationality Act who are required to furnish bond shall do so on Form I-337 or Form I-317, as the admitting officer shall determine.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 214c—ADMISSION OF NONIMMI-GRANTS: TRANSIT ALIENS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214c.1   Special prerequisites for admission.
214c.2   Limitation as to time for which transit aliens may be admitted.
214c.3   Bonds.
214c.4   Special conditions of admission.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214c.1 to 214c.4 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 214, 66 Stat. 166, 189.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214c.1   *Special prerequisites for admission.* An alien applying for admission to the United States as a nonimmigrant in immediate and continuous transit through the United States under section 101 (a) (15) (C) of the Immigration and Nationality Act shall not be eligible for admission to the United States in such nonimmigrant classification unless:

(a) He has arranged for transportation to the country of his destination and is also in possession of sufficient funds to enable him to carry out the purpose of his transit journey through the United States or has such funds available to him in the United States, and

(b) He is in possession of a valid visa or other form of valid authority assuring his entry into the country of his destination if he is destined to a country other than the one from which he came.

AR2022_200022

§ 214c.2 *Limitation as to time for which transit aliens may be admitted.* An alien admitted to the United States as a nonimmigrant of the classes described in section 101 (a) (15) (C) of the Immigration and Nationality Act shall be admitted for a period of time fixed by the admitting officer, not to exceed 29 days.

§ 214c.3 *Bonds.* Nonimmigrants of the classes described in section 101 (a) (15) (C) of the Immigration and Nationality Act who are required to furnish bond under § 214.3 or § 214.4 of this chapter shall do so on Form I-336 unless they are within the terms of a bond furnished in accordance with the provisions of § 223.3 of this chapter: *Provided,* That the district director or the officer in charge having administrative jurisdiction over the port of entry, may in his discretion, in lieu of bond on Form I-336, require that the alien be accompanied while in transit by such number of immigration officers, guards, or attendants as will insure the alien's passage through and out of the United States without unnecessary delay, and that the expenses of such accompanying persons, including the cost of their transportation from the port of arrival to the port of departure and return, be borne by or on behalf of the alien or by the transportation line which brought the alien to the United States, which expenses shall include the cost of transportation of the accompanying persons from the port of arrival to the port of departure and return.

§ 214c.4 *Special conditions of admission.* An alien of the class described in section 101 (a) (15) (C) of the Immigration and Nationality Act whose nonimmigrant visa by its own terms is limited to transit to and from the United Nations Headquarters District, if otherwise admissible under the immigration laws, shall be admitted on the following additional conditions:

(a) That such alien shall proceed directly to New York City and shall remain continuously in that city during his sojourn in the United States, departing therefrom only if required in connection with his departure from the United States.

(b) That such alien shall be in possession of a valid visa or other form of valid authority assuring his entry into the country whence he came or to some other foreign country following his sojourn in the United Nations Headquarters District.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

### PART 214d—ADMISSION OF NONIMMIGRANTS; CREWMEN

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214d.1 Applicable provisions.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214d.1 *Applicable provisions.* The provisions of Parts 252 and 253 of this chapter shall control and govern the

landing of crewmen as nonimmigrants of the class described in section 101 (a) (15) (D) of the Immigration and Nationality Act.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 101, 214, 66 Stat. 166, 189)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

### PART 214e—ADMISSION OF NONIMMIGRANTS; TREATY TRADER

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214e.1 Definitions.
214e.2 Limitations on time for which admitted.
214e.3 Bond.
214e.4 Failure to maintain status.
214e.5 Additional documents required in support of application for an extension of temporary admission.
214e.6 Trader and dependents admitted under Immigration Act of 1924.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

214e.61 Maintenance of status report.

AUTHORITY: §§ 214e.1 to 214e.61 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 3, 10, 43 Stat. 154, as amended, 153, as amended, secs. 101, 214, 223, 66 Stat. 166, 189, 194; 8 U. S. C. 203, 210.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214e.1 *Definitions.* As used in this part, the term:

(a) "Trader" means (1) an alien admitted to the United States under the provisions of section 101 (a) (15) (E) of the Immigration and Nationality Act; or (2) an alien admitted to the United States under the provisions of section 3 (6) of the Immigration Act of 1924; or (3) an alien who after admission lawfully acquires a status under clause (1) or (2) of this paragraph; or (4) an alien who is readmitted to the United States on the basis of a re-entry permit lawfully issued under the provisions of paragraphs (a) (2) and (b) of section 223 of the Immigration and Nationality Act; or (5) an alien who was readmitted to the United States on the basis of a re-entry permit lawfully issued under the provisions of section 10 (g) of the Immigration Act of 1924, as amended.

(b) "Dependent" means a trader's alien spouse or alien child admitted under clause (1), (2), (3), (4), or (5) of paragraph (a) of this section.

§ 214e.2 *Limitations on time for which admitted.* An alien admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (E) of the Immigration and Nationality Act shall be admitted for a period of time fixed by the admitting officer.

§ 214e.3 *Bond.* Traders and dependents who are required to furnish bond under § 214.3 or § 214.4 of this chapter shall do so on Form I-333.

§ 214e.4 *Failure to maintain status.* A trader or dependent shall be deemed to have failed to maintain status upon the occurrence of any one of the following events, which are not exclusive as to what shall constitute failure to maintain status:

(a) In the case of a trader:

(1) The termination of the treaty on which the status of trader has been based; or

(2) A change by a trader from the activities specified in clause (i) of section 101 (a) (15) (E) of the Immigration and Nationality Act to the activities specified in clause (ii) of said section or vice versa unless, prior to making such change, he obtains consent to do so from the district director having administrative jurisdiction over the district in which the trader resides.

(b) In the case of a dependent:

(1) When the trader is no longer eligible to remain in the United States as a trader; or

(2) When the trader dies; or

(3) In the case of the dependent spouse, when the marriage to the trader terminates; or

(4) In the case of the dependent child, when such child marries or reaches the 21st anniversary of his birth;

unless at the time of the happening of any such event after the effective date of the Immigration and Nationality Act, the dependent in his own right would be entitled to the status of a nonimmigrant of the class described in section 101 (a) (15) (E) of the Immigration and Nationality Act were he applying for admission to the United States in such status in possession of appropriate documents; or unless at the time of the happening of any such event prior to December 24, 1952, the dependent in his own right at that time would have been entitled to the status of a nonimmigrant of the class described in section 3 (6) of the Immigration Act of 1924 were he applying for admission to United States in such status in possession of appropriate documents. Any such dependent who is entitled to a nonimmigrant status in his own right may be permitted to remain in the United States subject to the provisions of the Immigration and Nationality Act and this part. If a dependent spouse establishes such eligibility, the child of such spouse may also be permitted to remain in the United States subject to the applicable provisions of the Immigration and Nationality Act and this part. The fact that a dependent child establishes such eligibility shall not authorize the parent of such child to remain in the United States.

(c) Failure to submit a maintenance of status report in accordance with § 214e.6.

§ 214e.5 *Additional documents required in support of application for an extension of temporary admission.* A trader or dependent who applies for an extension of temporary admission shall attach to his application a maintenance of status report on Form I-126, properly executed and the supporting documents required by such form.

§ 214e.6 *Trader and dependents admitted under Immigration Act of 1924.* A trader or dependent admitted to the United States under the Immigration Act of 1924 without limitation of time shall make a report annually on the anniversary date of his original admission to the United States to the district direc-

AR2022_200023

Case 1:18-cv-00068   Document 607-2   Filed on 11/03/22 in TXSD   Page 23 of 141

tor or officer in charge having administrative jurisdiction over the place where the alien resides in the United States indicating whether he:

(a) Continues to be eligible for readmission to the country whence he came or for admission to some other country; and

(b) Has fulfilled and will continue to fulfill all the conditions prescribed by § 214.2 of this chapter.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 214e.61  *Maintenance of status report—(a) Form.* The maintenance of status report required by § 214e.6 shall be submitted on Form I-126, fully executed, and shall be accompanied by the alien's passport and by any Form 257a or I-94C issued to him at the time of his admission to the United States. All available data specified in Form I-126 shall be furnished by the alien.

(b) *Disposition of report.* After examination of the report and accompanying documents and after making such investigation as may be necessary, the district director or the officer in charge receiving the report shall determine whether the alien is complying with the conditions set forth in § 214.2 of this chapter. The decision of such officer shall be final and no appeal shall lie therefrom. If the alien is found to be complying with such conditions, the district director or the officer in charge shall note on the Form I-126 and on Form 257a or Form I-94C submitted by the alien or prepared for him as provided in § 221.3 (c) of this chapter the words "Status maintained" and the date of such determination. If the alien is found not to be complying with such conditions, such officer shall note on such forms the words "Status not maintained" and the date of such determination.

(c) *Notice of decision.* The Form 257a or Form I-94C shall be sent to the alien together with any passport submitted by him and shall constitute notice of the decision in the case. If the alien is found not to have maintained status, he shall also be informed that his departure from the United States within the time set forth in such notice is required.

### PART 214f—ADMISSION OF NONIMMIGRANTS; STUDENTS

#### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214f.1    Special prerequisites for admission.
214f.2    Limitation on time for which admitted.
214f.3    Bond.
214f.4    Employment.
214f.5    Petition for approval.
214f.6    Approval of certain elementary and high schools.
214f.7    Withdrawal of approval.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

214f.51   Disposition of petition.
214f.71   Withdrawal of approval; procedure.

AUTHORITY: §§ 214f.1 to 214f.71 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 4, 43 Stat. 155, as amended, secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 204.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 214f.1  *Special prerequisites for admission.* An alien, otherwise admissible to the United States as a nonimmigrant of the class described in section 101 (a) (15) (F) of the Immigration and Nationality Act, shall not be eligible for admission to the United States in such nonimmigrant classification unless he agrees that while in the United States he will not enroll in any institution or place of study other than the one he is authorized to attend without prior consent of the district director having administrative jurisdiction over the place in which is located the institution or place of study the alien is authorized to attend, and unless he establishes that:

(a) He has been accepted by and has definitely arranged to enter an established institution of learning or other recognized place of study in the United States as described in section 101 (a) (15) (F) of the Immigration and Nationality Act;

(b) He seeks to enter the United States temporarily and solely for the purpose of pursuing a full course of study in the institution or recognized place of study designated by him and approved pursuant to law;

(c) He will carry a course of studies consisting of a minimum of 12 semester hours or the equivalent thereof if he is an undergraduate student, or consisting of a full program of study of the scope and nature required by such institution or place of study if he is a graduate student or a student at an American institute of research recognized by the Attorney General;

(d) He has sufficient scholastic preparation and knowledge of the English language to enable him to undertake his intended course, as indicated by a written statement from the institution or place of study to which he is to be admitted; and

(e) He is or will be financially able, subject to the provisions of this part, to pursue such course of study.

§ 214f.2  *Limitation on time for which admitted.* An alien may be admitted initially to the United States as a nonimmigrant of the class described in section 101 (a) (15) (F) of the Immigration and Nationality Act for a period not to exceed one year.

§ 214f.3  *Bond.* A nonimmigrant of the class described in section 101 (a) (15) (F) of the Immigration and Nationality Act who is required to furnish a bond under § 214.3 or § 214.4 of this chapter shall do so on Form I-374.

§ 214f.4  *Employment.* (a) An alien admitted as a nonimmigrant of the class described in section 101 (a) (15) (F) of the Immigration and Nationality Act or as a nonquota immigrant of the class described in section 4 (e) of the Immigration Act of 1924 shall not be permitted to work during a school term either for wages or for board or lodging unless he does not have sufficient means to cover his necessary expenses. If such alien wishes to accept employment, he shall, before accepting such employment, apply on Form I-24 to the district director having administrative jurisdiction over

the place in which is located the approved institution or place of study attended by the applicant for permission to accept such employment. If such district director is satisfied that the alien is meeting all the conditions and requirements of his status, that he does not have sufficient means to cover his expenses, and that the desired employment will not interfere with his carrying successfully a course of study of the required scope, he may grant permission to the alien to accept such employment.

(b) Whenever employment for practical training is required or recommended by the institution or place of study attended by the applicant, the district director having administrative jurisdiction over the place in which the institution is located may permit employment of the alien for a six-month period subject to extension for not over two additional six-month periods, but any such extension shall be granted only upon certification by the school and the training agency that the practical training cannot be completed in a shorter period of time.

§ 214f.5  *Petition for approval.* Any institution of learning or other recognized place of study desiring the approval required by section 101 (a) (15) (F) of the Immigration and Nationality Act may file with the district director having administrative jurisdiction over the place in which the institution or place of study is located a petition for such approval on Form I-17 executed by the principal officer of such institution or place of study authorized to execute contracts. The district director, after consultation with the Office of Education of the United States, may approve the petition if he is satisfied that the petitioning institution or place of study:

(a) Is a bona fide institution of learning or recognized place of study; and

(b) Possesses the necessary facilities and is otherwise qualified for the instruction of students in recognized courses; and

(c) If it is engaged in the field of secondary education, that it qualifies graduates for acceptance to accredited schools of higher education; or

(d) If it is engaged in the field of higher education, that it

(1) Confers upon its graduates recognized bachelor, master, doctor, professional, or divinity degrees; or

(2) Does not confer such degrees but its credits are recognized by and transferable to an institution or place of study which does confer such degrees; or

(3) Is an American institute of research recognized by the Attorney General.

§ 214f.6  *Approval of certain elementary and high schools.* Any school, institution of learning or place of study located within a district adjacent to the land borders of the United States, which is recognized or accredited for academic study by the United States Office of Education or by the appropriate urban, county or State educational agency, and which agrees to report in writing to the district director having administrative jurisdiction over the place where such

AR2022_200024

Case 1:18-cv-00068   Document 607-2   Filed on 11/03/22 in TXSD   Page 25 of 141

school, institution or place of study is located the enrollment and termination of attendance of each nonimmigrant student, shall be regarded as having been approved in accordance with section 101 (a) (15) (F) of the Immigration and Nationality Act up to and including the senior year of high school or its equivalent, for the attendance of nonimmigrant students who have their residence in foreign contiguous territory and who return daily or weekly to such residence.

§ 214f.7 *Withdrawal of approval.* Approval granted under section 101 (a) (15) (F) of the Immigration and Nationality Act or section 4 (e) of the Immigration Act of 1924 to an institution of learning or place of study which fails, neglects, or refuses to comply with all the terms of its agreement or with the provisions of § 214f.5 or § 214f.6, whichever is applicable, and section 101 (a) (15) (F) of the Immigration and Nationality Act may be revoked by the district director having administrative jurisdiction over the place in which such institution or place of study is located.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 214f.51 *Disposition of petition.* A district director receiving a petition may, after consultation with the Office of Education of the United States, approve the petition if he is satisfied that the petition should be approved. If the district director is not so satisfied, he shall deny the petition. The petitioner shall be notified in writing of the decision and, if the petition has been denied, of the reasons therefor and that the petitioner has 10 days from receipt of notification of decision in which it may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter.

§ 214f.71 *Withdrawal of approval; procedure.* Whenever a district director having administrative jurisdiction over the place in which an approved institution of learning or place of study is located has reason to believe that such institution or place of study has failed, neglected, or refused to comply with all the terms of its agreement and with the provisions of § 214f.5 or § 214f.6, whichever is applicable, and section 101 (a) (15) (F) of the Immigration and Nationality Act, he shall cause a notice to be sent to such institution or place of study that it is proposed within 30 days of the delivery of the notice to enter a decision withdrawing the approval previously granted for reasons set forth in the notice. Within such 30-day period the institution or place of study may submit to the district director written representations, under oath and supported by documentary evidence, setting forth reasons why the approval should not be withdrawn. The period within which such representations may be submitted may be extended in the discretion of the district director upon timely request for such extension. After consideration of the facts presented, the district director shall notify the institu-

tion or place of study in writing of his decision and, if said decision is to withdraw the approval previously granted, the reasons therefor and that the institution or place of study has 10 days from receipt of notification of decision in which it may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter. If a decision withdrawing approval is made, the officer making such decision shall simultaneously make such provision as he deems appropriate with regard to the case of any alien attending such institution or place of study under section 101 (a) (15) (F) of the Immigration and Nationality Act or section 4 (e) of the Immigration Act of 1924.

---

PART 214g—ADMISSION OF NONIMMIGRANTS; FOREIGN GOVERNMENT REPRESENTATIVES TO INTERNATIONAL ORGANIZATIONS

### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214g.1  Acceptance of classification.
214g.2  Limitation as to time for which alien may be admitted.
214g.3  Bond.
214g.4  Failure to maintain status.
214g.5  Additional documents required in support of application for an extension of temporary stay.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214g.1 to 214g.5 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 3, 43 Stat. 154, as amended, secs. 101, 214, 235, 66 Stat. 166, 189, 198; 8 U. S. C. 203.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 214g.1 *Acceptance of classification.* Whenever an alien who applies for admission to the United States as a nonimmigrant of one of the classes described in section 101 (a) (15) (G) of the Immigration and Nationality Act presents to the examining immigration officer at a port of entry to the United States a valid unexpired nonimmigrant visa duly issued to him by a consular officer under such classification, the immigration officer shall accept the consular officer's classification of the alien and admit the alien, if he is otherwise admissible to the United States, unless specifically directed to the contrary by the Assistant Commissioner, Inspections and Examinations Division, after consultation with the Department of State, in which event the examining officer shall take further action as provided in section 235 of the Immigration and Nationality Act. For the purposes of this part, the term "immediate family" as used in section 101 (a) (15) (G) of the Immigration and Nationality Act means aliens who are closely related to the principal alien by blood, marriage, or adoption and who reside regularly in the household of the principal alien.

§ 214g.2 *Limitation as to time for which alien may be admitted.* The period of alien's admission to the United States as a nonimmigrant of the class described in section 101 (a) (15) (G) (i), (ii), (iii), or (iv) of the Immigration and Nationality Act shall not exceed such time as the Secretary of State continues

to recognize him as a member of such class. An alien of the class described in clause (v) of section 101 (a) (15) (G) of the Immigration and Nationality Act shall not be admitted initially to the United States for more than one year.

§ 214g.3 *Bond.* Nonimmigrants of the class described in section 101 (a) (15) (G) (v) of the Immigration and Nationality Act who are required to furnish bonds under § 214.3 or § 214.4 shall do so on Form I–325.

§ 214g.4 *Failure to maintain status.* At such time as any representative, officer, or employee described in clauses (i) to (iv) inclusive of section 101 (a) (15) (G) of the Immigration and Nationality Act, or any representative, officer, or employee of an international organization as described in section 3 (7) of the Immigration Act of 1924, as amended, is ineligible under the Immigration and Nationality Act and this chapter to remain in the United States in the status of such representative, officer or employee, any alien member of the immediate family of such representative, officer, or employee, any attendant, servant or personal employee of any such representative, officer or employee, and any member of the immediate family of such attendant, servant, or personal employee who has nonimmigrant status pursuant to section 101 (a) (15) (G) of the Immigration and Nationality Act or section 3 (7) of the Immigration Act of 1924, as amended, shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain such status.

§ 214g.5 *Additional documents required in support of application for an extension of temporary stay.* An alien having the status of a nonimmigrant of the class described in section 101 (a) (15) (G) (v) of the Immigration and Nationality Act or having the status of an attendant, servant, or personal employee of any representative, officer, or employee of an international organization pursuant to the provisions of section 3 (7) of the Immigration Act of 1924, as amended, who applies for an extension of his temporary stay in such status that attach to his application a written statement from the representative, officer, or employee of the international organization describing the current and intended employment of the alien.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

---

PART 214h—ADMISSION OF NONIMMIGRANTS; TEMPORARY SERVICES, LABOR OR TRAINING

### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214h.1  Limitation as to time for which alien may be admitted.
214h.2  Bond.
214h.3  Special prerequisites for admission.
214h.4  Petition.
214h.5  Additional documents required in support of an application for an extension of temporary admission

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
214h.41 Petition to Import.
214h.51 Application for extension of temporary admission; form and procedure.

AUTHORITY: §§ 214h.1 to 214h.51 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 214, 65 Stat. 168, 189.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214h.1 *Limitation as to time for which alien may be admitted.* An alien of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall be admitted to the United States for such period, not to exceed one year, as may be authorized by the district director or the Assistant Commissioner, Inspections and Examinations Division, in granting a petition to import such alien.

§ 214h.2 *Bond.* Nonimmigrants of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act who are required to furnish bonds under § 214.3 or § 214.4 shall do so on Form I-337, or I-320, whichever in the opinion of the district director or the Assistant Commissioner, Inspections and Examinations Division, is appropriate, and shall be in an amount specified by such officer.

§ 214h.3 *Special prerequisites for admission.* An alien of any of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall not be admitted to the United States unless he establishes to the satisfaction of the admitting officer that he is destined in good faith to a petitioner whose petition for such alien's importation has been filed and approved in accordance with the provisions of section 214 (c) of the Immigration and Nationality Act and this part, and that he is entering the United States in good faith to perform the services, labor, or training specified in the petition.

§ 214h.4 *Petition.* The petition required by section 214 (c) of the Immigration and Nationality Act shall be filed under oath in duplicate on Form I-129B.

§ 214h.5 *Additional documents required in support of an application for an extension of temporary admission.* The temporary stay of an alien in the United States as a nonimmigrant of any of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act may be extended on application filed by the employer or trainer of such alien.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 214h.41 *Petition to import*—(a) *Form and procedure.* A petition to import an alien as a nonimmigrant of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall be submitted by the employer or trainer with such documentary or other evidentiary matter establishing the alien's eligibility for the classification as a nonimmigrant of the classes described in section 101 (a) (15) (H) and, if the alien is to enter under clause (ii) of said section, there shall be attached to, and

made a part of, the petition a clearance order bearing a statement from the United States Employment Service, that (i) qualified workers of the kind proposed to be imported are not available within the United States, and (ii) the Employment Service policies have been observed: *Provided,* That a clearance card issued by the Employment Service of the Territory of Guam shall, in the case of a petition to import laborers for employment in Guam, be accepted in lieu of that issued by the United States Employment Service.

(b) *Petition to import more than one alien.* An employer who desires to import more than one alien may file a single petition on Form I-129B and include thereon all of the prospective nonimmigrants provided the prospective nonimmigrants included in any petition are proceeding from the same place of origin and are destined to the United States for the purpose of performing the same type of services.

(c) *Disposition.* The provisions of § 204.11 of this chapter shall govern the disposition of petitions filed under the provisions of this part.

§ 214h.51 *Application for extension of temporary admission; form and procedure.* Application for extension of temporary stay of an alien having a nonimmigrant classification described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall be made in writing by the alien's employer or trainer under oath and shall include a statement describing the current and intended employment or training of the alien and, when originally required by § 214h.41, clearance from the United States Employment Service establishing that the facts which justified the importation of the alien under the Immigration and Nationality Act continue to exist. An employer or trainer who desires an extension of temporary stay for more than one alien may file a single application and include therein all of the nonimmigrants. If more than one nonimmigrant is included on a single application, it shall be regarded as a separate application for each such nonimmigrant for the purposes of Part 2 of this chapter, and a fee in an amount equal to $10 for each such nonimmigrant shall be submitted with the application.

PART 214i—ADMISSION OF NONIMMIGRANTS: REPRESENTATIVES OF INFORMATION MEDIA

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214i.1 Limitation as to time for which alien may be admitted.
214i.2 Bonds.
214i.3 Special conditions of admission.
214i.4 Failure to maintain status.
214i.5 Additional documents required in support of application for an extension of temporary admission.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214i.1 to 214i.5 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 214, 66 Stat. 168, 189.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214i.1 *Limitation as to time for which alien may be admitted.* An alien

admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act shall be admitted initially for a period fixed by the admitting officer not to exceed one year.

§ 214i.2 *Bonds.* Nonimmigrants of the class described in section 101 (a) (15) (I) who are required to furnish bond under § 214.3 or § 214.4 of this chapter shall do so on Form I-337.

§ 214i.3 *Special conditions of admission.* A nonimmigrant of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act shall be admitted to the United States on condition that (a) he will not change the information medium or his employer by which he is accredited unless and until he obtains consent to do so from the district director having administrative jurisdiction over the district in which the alien resides in the United States, and (b) he will depart from the United States at such time as the Secretary of State determines that the reciprocity required by section 101 (a) (15) (I) of the Immigration and Nationality Act has ceased to exist. For the purposes of section 101 (a) (15) (I) and this part, reciprocity shall be deemed to exist when the alien is accredited by a foreign information medium having its home office in a foreign country, the government of which grants similar privileges to representatives of such information medium with home offices in the United States, except that when the information medium is owned, operated, subsidized, or controlled by a foreign government, directly or indirectly, the reciprocity required shall be accorded by such foreign government.

§ 214i.4 *Failure to maintain status.* At such time as an alien of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act is ineligible under the Act and this chapter to remain in the United States in such status, the members of such alien's family having nonimmigrant status as such under section 101 (a) (15) (I) of the Immigration and Nationality Act shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain status.

§ 214i.5 *Additional documents required in support of application for an extension of temporary admission.* An alien admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act who applies for an extension of his temporary admission shall attach to his application a statement in writing from his employer establishing that the alien is a representative of a foreign information medium in the United States and setting forth the alien's current and intended activities and the reasons for the extension.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AR2022_200026

PART 214J—ADMISSION OF NONIMMI-
GRANTS: EXCHANGE ALIENS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
214J.1  Definition.
214J.2  Limitation as to time for which alien
        may be admitted.
214J.3  Bonds.
214J.4  Special condition of admission.
214J.5  Employment.
214J.6  Extension of temporary admission;
        additional documents required in
        support of application.

SUBPART B—PROCEDURAL AND OTHER NONSUB-
STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 214J.1 to 214J.6 issued un-
der sec. 103, 66 Stat. 173. Interpret or apply
sec. 3, 63 Stat. 154, sec. 201, 62 Stat. 7, secs.
101, 214, 248, 402, 66 Stat. 167, 189, 218, 275;
6 U. S. C. 203, 22 U. S. C. 1446, 18 U. S. C.
1946.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 214J.1  *Definition.* As used in this
part the term "exchange alien" means
(a) an alien admitted to the United
States prior to December 24, 1952, pur-
suant to section 201 of the United States
Information and Educational Exchange
Act of 1948 as a nonimmigrant under
section 3 (2) of the Immigration Act of
1924 or, (b) an alien admitted or seeking
admission to the United States pursuant
to section 201 of the United States Infor-
mation and Educational Exchange Act
of 1948, as amended, as a nonimmigrant
under section 101 (a) (15) of the Immi-
gration and Nationality Act.

§ 214J.2  *Limitation as to time for
which alien may be admitted.* An alien
applying for admission to the United
States as a nonimmigrant under section
201 of the United States Information and
Educational Exchange Act of 1948, as
amended, whose visa by its own terms
indicates that it was issued under that
Act, and who is otherwise admissible to
the United States, may be admitted for
the period specified in a written agree-
ment, commitment, guarantee, or similar
paper made or executed by such alien's
approved sponsor or intended employer
and presented by such alien at the port
where he applies for admission to the
United States, not to exceed one year.

§ 214J.3  *B o n d s.* Exchange aliens
shall not be required to furnish bond
under § 214.3 or § 214.4 of this chapter.

§ 214J.4  *Special condition of admis-
sion.* A nonimmigrant of the class de-
scribed in this part shall be admitted on
the condition that he agrees not to apply
for (a) a change of the nonimmigrant
status under which he is admitted to any
other class or classes of nonimmigrant
pursuant to section 248 of the Immigra-
tion and Nationality Act, or (b) adjust-
ment of status to that of a permanent
resident pursuant to section 245 of said
Act.

§ 214J.5  *Employment.* An exchange
alien may accept remunerative employ-
ment in the United States only if it is
consistent with the purpose of the United
States Information and Educational Ex-
change Act of 1948, as amended.

§ 214J.6  *Extension of temporary ad-
mission; additional documents required
in support of application.* An exchange

alien who applies for an extension of his
temporary admission shall, in addition to
the documents required by § 214.41, sub-
mit with his application a statement in
writing from his approved sponsor or
employer specifying the period of exten-
sion desired, the terms of the alien's
present and intended work or employ-
ment in behalf of his sponsor or em-
ployer, and the reasons for the extension.

SUBPART B—PROCEDURAL AND OTHER NON-
SUBSTANTIVE PROVISIONS [RESERVED]

PART 221—DISPOSITION OF ENTRY DOCU-
MENTS OF ALIENS ENTERING OR DEPART-
ING OTHER THAN AS NONIMMIGRANT
CREWMEN

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
221.1  Forms 256a and I-132; presentation of.
221.2  Nonimmigrant visa Forms 257a.
221.3  Form I-94.
221.4  Form I-419; disposition.
221.5  Immigrants; surrender of documents
       upon departure.
221.6  Form I-95A; surrender by alien de-
       parting other than as a crewman.

SUBPART B—PROCEDURAL AND OTHER NON-
SUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 221.1 to 221.6 issued under
sec. 103, 66 Stat. 173. Interpret or apply secs.
214, 221, 231, 238, 252, 289, 66 Stat. 189, 191,
195, 203, 220, 234.

CROSS REFERENCE: For disposition of en-
try documents of alien crewmen see Parts
251 and 252 of this chapter.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 221.1  *Forms 256a and I-132; pres-
entation of.* An alien applying for ad-
mission to the United States for perma-
nent residence who is in possession of a
Form 256a or Form I-132 shall present
such form to the examining immigration
officer.

§ 221.2  *Nonimmigrant visa Forms
257a—*(a) *Action at time of entry.* An
alien applying for admission to the
United States who is in possession of a
set of Forms 257 shall surrender such
forms to the examining immigration
officer. If the alien is admitted, the
Form 257a shall be noted to show the
data as to the admission and returned
to the alien by the admitting officer.

(b) *Action at time of departure.* Ex-
cept as specifically provided in this para-
graph, an alien admitted upon presenta-
tion of a set of Forms 257, shall, at the
time of his departure from the United
States, surrender the Form 257a in his
possession to the representative of the
transportation company as provided in
§§ 231.31 (a) and 231.42 (a) of this
chapter; or, if those sections do not apply
and the alien is departing to Canada, to
the Canadian Immigration Officer for
delivery to the appropriate United States
Immigration Officer; or in any other case
to the United States Immigration Officer
at the port of departure. The Form 257a
need not be surrendered:

(1) Until the departure from the
United States of the last of the persons
named thereon, if more than one person
is included on the same Form 257a and
all persons named thereon do not de-
part from the United States at the same
time or at the same port;

(2) By any alien (including a citizen
or resident of Mexico) who, during his
temporary visit in the United States pro-
ceeds to Mexico for a visit of not more
than 30 days, after which visit he intends
to reenter the United States for the re-
mainder of the period of his original
temporary admission;

(3) By an alien departing as a cruise
passenger as defined in § 231.1 (c) of
this chapter;

(4) In any other case in which the
Commissioner has instructed immigra-
tion officers to waive or defer the sur-
render of such form.

(c) *Return of Form 257a to alien.* If
the Form 257a surrendered by an alien
at the time of his departure from the
United States bears a passport visa valid
for more than one entry to the United
States and with enough of the period
of validity remaining to enable the alien
to use the visa for an additional entry
or reentries to the United States, he may
request the Commissioner in writing to
return the Form 257a to him. If the
Commissioner deems it appropriate and
proper, he may grant the request and
return the Form 257a to such alien.

§ 221.3  *Form I-94—*(a) *Action at
time of entry; preparation and presenta-
tion.* An alien applying for admission to
the United States who is in possession of
a set of Forms I-94 shall surrender such
forms to the examining immigration offi-
cer. A person applying for admission to
the United States who is in possession of
a Form I-94F shall surrender such form
to the examining immigration officer.
Except as provided in paragraph (b) of
this section, immigration officers at all
ports of entry shall, without regard to
whether the applying alien is admitted
or held for further inquiry before a
special inquiry officer, prepare a set of
Forms I-94 for each alien applying for
admission to the United States as a non-
immigrant who does not present a full
set of Forms 257 or a full set of Forms
I-94. If the alien is admitted, the Form
I-94C shall be noted to show the data as
to the admission and shall be returned to
the alien by the admitting officer.

(b) *When not prepared by immigra-
tion officer.* Immigration officers shall
not prepare a set of Forms I-94 for the
following-described classes of aliens:

(1) A Canadian citizen or a British
subject who has his residence in Canada,
is admitted to the United States from
contiguous territory or adjacent islands
under a waiver of the nonimmigrant visa
requirement unless:

(i) He is admitted for more than six
months;

(ii) Bond is required; or

(iii) Verification of departure is de-
sired; or

(iv) The facts of the particular case
are such that a record on Form I-94 is
deemed advisable.

(2) An alien applying for admission
who presents a nonimmigrant alien's
border crossing identification card,
whether he is admitted or held for
further inquiry before a special inquiry
officer.

(3) An alien applies for admission at
a seaport of entry, is held for further
inquiry before a special inquiry officer,
and is not admitted.

AR2022_200027

(4) An alien for whom a Form I-94F was prepared in connection with pre-examination and he is admitted upon presentation of that form.

(5) Members of the armed forces of the United States or of any country allied with the United States, traveling under orders, who are admitted to the United States under the auspices of, and under advance arrangements made with, the Department of Defense, provided a nominal roll or list of such aliens is furnished to, or obtained by, the examining immigration officer.

(6) An alien (including a citizen or resident of Mexico) who during his temporary visit in the United States, proceeds to Mexico for a visit of not more than 30 days, returns to the United States from Mexico within such period, and presents the Form 257a or the Form I-94C which he was permitted to retain at the time of his visit to Mexico.

(7) Aliens who are residents, but are not citizens of, Canada or Mexico are permitted to retain Form I-94C on departing from the United States, and continue to use that form for re-entry to the United States for the period of the validity of the nonimmigrant visa or such shorter period fixed in their case.

(8) An alien American Indian born in Canada who is within the scope of section 289 of the Immigration and Nationality Act, and who is admitted temporarily unless it appears that a record of his admission will be required at a later date.

(9) An alien who returns to the United States as a cruise passenger as defined in § 231.1 (c) of this chapter.

(c) *Issuance of Form I-94 upon application for extension of temporary admission or with report of maintenance of status.* A set of Forms I-94 shall be prepared for each alien who applies for an extension of the period of temporary admission or who submits a report of maintenance of status under § 214e.6 of this chapter, and who does not submit a Form 257a or I-94C with his application or report because he claims to have lost such form issued to him previously or because such form had not been issued to him. Such forms shall be prepared in the office of the Service receiving the application or report without regard to the action taken on the application or report. The Form I-94C appropriately noted shall be delivered to the alien as his notice of the decision on such application or report.

(d) *Action at time of departure.* Except as otherwise specifically provided in this paragraph, at the time of departure from the United States of an alien who is in possession of a Form I-94C, the alien shall surrender such form (i) to the representative of the transportation company as provided in §§ 231.31 (a) and 231.42 (a) of this chapter, or (ii) if those sections do not apply and the alien is departing to Canada to the Canadian Immigration Officer for delivery to the appropriate United States immigration officer; or (iii) in any other case to the United States immigration officer at the port of departure. If a departing alien is in possession of a Form 257a and a Form I-94C both forms shall be sur-

rendered. The Form I-94C need not be surrendered:

(1) Until the departure from the United States of the last of the persons named thereon, if more than one person is included on the same Form I-94C and all persons named thereon do not depart from the United States at the same time or at the same port;

(2) By any alien (including a citizen or resident of Mexico) who, during his temporary visit to the United States proceeds to Mexico for a visit of not more than 30 days, after which visit he intends to reenter the United States for the remainder of the period of his original temporary admission;

(3) By an alien departing as a cruise passenger as defined in § 231.1 (c) of this chapter;

(4) In any other case in which the Commissioner has instructed immigration officers to waive or defer the surrender of such form.

(e) *Visa application number.* If an alien for whom a set of Forms I-94 is prepared as provided in this section presents a nonimmigrant visa, the visa application number (including any letters which are a part thereof) shall be noted on all copies of the Form I-94 in the box entitled "Travel Documents Presented".

§ 221.4 *Form I-419; disposition.* For each alien applying for the privilege of direct transit through the United States under section 238 (d) of the Immigration and Nationality Act, the master, commanding officer, or authorized agent of the vessel or aircraft on which the alien arrives shall surrender to the examining immigration officer at the port of arrival in the United States the set of Forms I-419 prepared for the alien by the transportation line. If the alien is found qualified to pass through the United States in transit, the examining immigration officer shall note on the Forms I-419 the date and place of the alien's arrival in the United States, and deliver the Forms I-419a and I-419b to the representative of the transportation line which brought the alien to the United States. Such forms shall be retained by the person in charge of the conveyance on which the alien is to be conveyed to the port of departure and shall be surrendered to the immigration officer at such port. The immigration officer shall note thereon the facts concerning the departure of the alien and shall return the Form I-419b to the person presenting it or to the transportation line he represents.

§ 221.5 *Inmigrants; surrender of documents upon departure.* Whenever an alien who is in possession of Form I-151 or any other form of alien registration receipt card, or who is in possession of an immigrant identification card, resident alien's border crossing identification card (Form I-187), certificate of registry, or certificate of lawful entry, departs permanently from the United States, he shall surrender such cards and certificates to an immigration officer at the time of his departure.

§ 221.6 *Form I-95; surrender by alien departing other than as a crewman.* At

the time of the departure from the United States of an alien who is in possession of a Form I-95A, the alien, if departing from the United States other than as a member of the crew, shall surrender such form to the representative of the transportation company as provided in §§ 231.31 (a) and 231.42 (a) of this chapter, or, if those sections do not apply and the alien is departing to Canada, to the Canadian immigration officer for delivery to the appropriate United States immigration officer at the port of departure. If such a departing alien is in possession of a Form 257a and the Form I-95A both forms shall be surrendered unless the Form 257a bears a valid nonimmigrant visa issued to him as a crewman pursuant to section 101 (a) (15) (D) of the Immigration and Nationality Act with enough of the period of validity remaining to enable the alien to use the visa for an additional voyage or voyages to the United States as a crewman.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

## PART 223—REENTRY PERMITS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
223.1  Issuance and extension of reentry permits.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

223.11  Application.
223.12  Reentry permit.
223.13  Disposition of reentry permit.

AUTHORITY: §§ 223.1 to 223.13 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 223, 66 Stat. 194.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 223.1 *Issuance and extension of reentry permits.* Subject to the provisions of this part, district directors shall issue reentry permits under section 223 of the Immigration and Nationality Act, and shall grant extensions of the period of validity of such permits.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 223.11 *Application—*(a) *Contents; form; submission.* An application for a reentry permit under the provisions of section 223 of the Immigration and Nationality Act shall be executed under oath and be submitted on Form I-131, in duplicate, with two photographs of the applicant. An application for a reentry permit shall not be accepted from an applicant who is not within the United States. An application for a reentry permit shall be submitted to the district director having administrative jurisdiction over the applicant's place of residence in the United States. In emergent cases, the application may be submitted to the office of the district director having administrative jurisdiction over the place where the applicant may be at the time of his application, and may be acted upon by such district director even though he may not have administrative jurisdiction over the applicant's place of residence. The application shall include, but shall not be limited to,

AR2022_200028

the following information with respect to the applicant: (1) Name currently used; (2) address in the United States; (3) place and date of birth; (4) alien registration number; (5) occupation and description of business activities in the United States; (6) date, place and manner of lawful admission to the United States for permanent residence, or admission to the United States as a treaty merchant; (7) name used at time of arrival; (8) father's name and mother's maiden name; (9) name and address of person to whom he was destined at time of admission to the United States; (10) by whom accompanied at time of such admission; (11) country of which applicant is a citizen, subject, or national; (12) date, place, and manner of last arrival in the United States; (13) name used at the time of last arrival; (14) marital status on the date of filing application, and if married the name and address of spouse; (15) present personal description; (16) name of employer; (17) port and date of proposed departure, name of vessel or other means of transportation on which he is departing, length of proposed absence, and reasons for going abroad; and (18) temporary address abroad.

(b) *When filed.* An application for a reentry permit shall be filed at least 30 days before the proposed date of the applicant's departure.

(c) *Action on application.* If the district director is satisfied (1) that the applicant meets the eligibility requirements contained in section 223 of the Immigration and Nationality Act, (2) that the application is made in good faith, and (3) that the alien's proposed departure from the United States would not be contrary to the interests of the United States, he shall grant the application and issue the permit, which shall be valid for the time therein specified, but to exceed one year. If the district director is not satisfied that the application should be granted he shall deny it. The applicant shall be notified in writing of the decision with the reasons therefor, unless the disclosure of the reasons would, in the opinion of the district director, be prejudicial to the public interest, safety or security, in which event the reasons shall not be stated. At that time, the applicant shall be advised that he has 10 days from the date of receipt of notification of the decision in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division. If on such appeal the application is granted, the Assistant Commissioner shall notify the district director and the permit shall be issued by that officer. Notice to an applicant to call for the delivery of the permit shall constitute notice to him of the favorable decision made in the case, either initially or on appeal. If the application is denied and no appeal is taken, or is denied on appeal, the fee shall be returned to the applicant.

§ 223.12 *Reentry permit—*(a) *Form.* Reentry permits shall be issued on Form I–132, shall indicate whether they are issued under paragraph (a) (1) or (a) (2) of section 223 of the Immigration and Nationality Act, and the period of

No. 247—5

validity. In any case in which a reentry permit is valid for readmission only to Hawaii, such limitation shall be noted conspicuously on the face of the Form I–132.

(b) *Period of validity; extensions.* A reentry permit shall be valid for such period as the district director granting the application shall authorize, not to exceed one year from the date of issuance. An application for extension of a reentry permit shall be addressed to and filed with the district director having administrative jurisdiction over the applicant's place of residence in the United States. Such application shall be in writing and shall state (1) the applicant's name and address in the United States; (2) when, where, and the manner in which he departed from the United States; (3) port of landing and date of his arrival abroad; (4) countries visited by him in the order visited; (5) his reasons for requesting an extension and the period for which the extension is desired; and (6) his address to which the permit is to be returned. The application shall be executed under oath and shall be accompanied by the reentry permit sought to be extended. If executed in the United States the application may be sworn to or before any officer generally authorized to administer oaths, or before an immigration officer, without fee. If executed abroad it shall be executed before a consular officer. If the district director is satisfied that the period of validity should be extended, he may grant an extension for such period as to him shall appear appropriate, in no event, however, to exceed one year from the original expiration date. The extended period shall be noted on the permit, which shall be delivered to the applicant in person or by mail, or, if the applicant is outside the United States, the permit shall be forwarded to a consular officer-abroad for delivery to the applicant. If the district director concludes that the requested extension should not be granted, he shall forward the application for the extension and all related papers to the Assistant Commissioner, Inspections and Examinations Division for decision. If the extension is granted by the Assistant Commissioner, the application and related papers shall be returned to the office of origin. The district director shall thereupon appropriately note the permit and forward it to the applicant in the manner provided herein. If the extension is denied, the fee shall be refunded, and the permit shall be returned to the applicant in the manner provided herein if the remaining period of its validity permits its use for return to the United States. Any number of extensions may be granted provided the period of validity does not extend beyond one year from the original expiration date of the permit.

(c) *Delivery.* The reentry permit shall be forwarded to the office of the Service designated by the applicant in the application, and the applicant shall obtain it from that office in person prior to his departure from the United States, except as provided in paragraph (d) of this section. The officer effecting de-

livery of the permit shall require the person calling for it to identify himself as the applicant, and, in the event minor discrepancies have been noted by the issuing officer, the officer effecting delivery shall obtain satisfactory explanation from the applicant as to such discrepancies. The applicant shall sign his name on the permit in the presence of the delivering officer. The officer making delivery shall place his signature in such manner that it shall cover part of the photograph and part of the permit. If for any reason it is concluded that the permit should not be delivered, it shall be returned to the district office of origin with a report of the reasons for nondelivery. In the event it is then determined on the basis of such report or upon reconsideration of the application that the permit should not be issued, the application shall be denied in the same manner as though it had not been granted previously and the applicant shall have the same right to appeal.

(d) *Emergent cases.* If the applicant satisfactorily establishes that a bona fide emergency exists requiring his departure from the United States before a permit can be issued and delivered, the permit, if issued, may be forwarded to a consular officer abroad for delivery to the applicant in the manner prescribed in paragraph (c). The applicant shall be informed that the acceptance of his application does not assure the issuance of the permit.

(e) *Registrants under Selective Service Act.* No reentry permit or extension thereof shall be issued or granted to any alien who is legally subject to registration for service in the armed forces in the United States unless the applicant shall present a permit from his local Selective Service Board to depart from the United States. A reentry permit issued to such an alien may be made valid for a period which will coincide with the period of absence authorized by the local board, except that in no instance shall the period exceed one year. For reasons which may appear appropriate to the issuing district director, the period of validity of the reentry permit may be for a shorter period than the period of absence authorized by the local board.

§ 223.13 *Disposition of reentry permit—*(a) *Upon application for admission.* The holder of a reentry permit applying for readmission into the United States shall present the permit to the examining immigration officer at the port of arrival, who, if he finds that the alien is the rightful holder of the permit, that the permit has not expired, and that the alien is otherwise admissible, shall note thereon the disposition of the alien's application for readmission. If the alien is admitted and the period of validity of the permit has not expired, the permit shall be returned to the alien. If the alien is not admitted, the reentry permit shall be retained in the custody of the Service pending final disposition of the alien's application for admission. If the alien is ultimately excluded the permit shall be returned to the issuing office for appropriate disposition.

(b) *Upon expiration.* Upon the expiration of the period of validity of a re-

AR2022_200029

entry permit, the permit shall be surrendered by the holder to the issuing office. If any such expired permit has not been surrendered to the Service, no subsequent reentry permit shall be issued to the same alien unless he shall first surrender the expired permit, or satisfactorily account for his failure so to do.

PART 231—LISTS OF ALIENS AND CITIZEN PASSENGERS ARRIVING OR DEPARTING

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
231.1    Definitions.
231.2    Arrival manifests and lists for vessels.
231.3    Departure manifests and lists for vessels.
231.4    Arrival manifests for aircraft.
231.5    Departure manifests for aircraft.
231.6    Ports of entry for aliens arriving by vessel or by land transportation.
231.7    Ports of entry for aliens arriving by aircraft.
231.8    Immigration stations in Canada.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

231.21   Arrival manifests and lists for vessels; general directions for preparation.
231.22   Arrival manifests and lists for vessels; delivery.
231.23   Landing card.
231.31   Departure manifest and lists for vessels.
231.41   Arrival manifests for aircraft.
231.42   Departure manifests for aircraft.

AUTHORITY: §§ 231.1 to 231.42 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 231, 238, 239, 66 Stat. 167, 195, 203.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 231.1   Definitions. As used in this part:

(a) The term "through passenger" means a passenger, whether an alien or a national of the United States, (1) who has engaged through passage from one foreign country to another or to the same foreign country on a vessel which calls en route at one or more ports of entry of the United States, (2) who may desire to visit ashore at one or more of such ports of call while the vessel is in port, (3) who will leave such port on the same vessel, (4) who presents whatever document or documents are required for such admission, and (5) who is admissible to the United States.

(b) The term "shore leave" means the permission that is granted by the examining immigration officer to an alien through passenger to go ashore only for the time the vessel on which such passenger arrives remains in port, conditioned upon such passenger departing from such port on the same vessel at the time of its departure.

(c) The term "cruise passenger" means a passenger, whether an alien or a national of the United States, who has engaged passage on a vessel which does not proceed outside the Western Hemisphere and whose journey originates and terminates at the same United States port on the same vessel and without stopover at any foreign port beyond the time the vessel is in such port.

§ 231.2   Arrival manifests and lists for vessels—(a) Forms. Forms I-415 and

I-416 shall be used to manifest passengers arriving by vessel at a port of the United States. Except as hereinafter provided for members of a family, the Form I-415 shall be used to manifest alien passengers and Form I-416 shall be used to manifest passengers who are citizens or nationals of the United States. The headings of Forms I-415 and I-416 shall show the manifest or list number, number or other designation of class, port and date of embarkation, name of vessel, and port and date of arrival. Each form shall show the title or position of the person preparing it and the name and address of the local agent of the vessel.

(1) Form I-415—Manifest of Inbound Passengers (Aliens). The heading for column 1 shall be "Family Name—Given name"; column 2, "Travel Document No.; Nationality"; column 3, "Number and Description of Pieces of Baggage"; column 4, "This column for use of Master, Surgeon, and U. S. Officers".

(2) Form I-416—List of Inbound Passengers (U. S. Citizens and Nationals). The heading for column 1 shall be "Family Name—Given name"; column 2, "U. S. Passport No.—Place of Birth"; column 3, "Number and Description of Pieces of Baggage"; column 4, "This column for use of Master, Surgeon and U. S. Officers".

(b) Waiver. An arrival passenger manifest or list shall not be required for a vessel on a trip solely between Canada and the continental United States or Alaska.

(c) Report of passengers on board vessels traveling between ports of the United States. The master or agent of a vessel which arrives at a port in the continental United States or at a port in any other place under the jurisdiction of the United States without touching at a foreign port, on a voyage originating in Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, shall submit in writing to the United States immigration officer at the port of arrival, the name, nationality, and residence of each passenger on board such vessel.

§ 231.3   Departure manifests and lists for vessels—(a) Forms. Except as provided in this part for through passengers, Forms I-434 and I-435 shall be used to manifest passengers departing on vessels from ports of the United States. Form I-434 shall be used to manifest alien passengers and I-435 shall be used to manifest passengers who are citizens or nationals of the United States. The headings of Forms I-434 and I-435 shall show the manifest or list number, port and date of sailing from the United States, name of steamship, and foreign port of destination.

(1) Form I-434—Manifest of Outward-Bound Passengers (Aliens). The heading for column 1 shall be "Family Name—Given Name"; column 2, "Travel Document No."; no heading for column 3 is prescribed.

On the back of the form there shall be the following affidavit:

I, ----------------------- ------------------
        (Name)                (Title)
of the S. S. ------------------------ bound

for -----------------------------------------
do solemnly swear that, according to the best of my knowledge and belief, all passengers who departed on the said vessel, numbering ----------, are listed in the foregoing lists Nos. ------ to ------ and manifesta Nos. ------ to ------, that concerning each the information recorded is correct, full, and complete in every respect; and that for each alien passenger listed there is, when required by regulations, attached to the said manifests and made a part thereof either a Foreign Service Form 257a or a Form I-94, I-424, or I-100a.

------------------------
        (Name)
------------------------
        (Title)
Sworn to before me this ------ day of
-------------, 19-----, at -------------.

(2) Form I-435—List of Outward-Bound Passengers (U. S. Citizens and Nationals). The heading for column 1 shall be "Family Name—Given Name"; column 2, "U. S. Passport No."; column 3, "Place of Birth; Date and Place of Naturalization"; column 4, "Length of Time Passenger Intends to Remain Abroad and Country of Destination".

On the back of Form I-435 there shall be the following affidavit:

I, ----------------------- ------------------
        (Name)                (Title)
of the S.S. ------------------------- bound
for -----------------------------------------
do solemnly swear that, according to the best of my knowledge and belief, all passengers who departed on the said vessel, numbering ----------, are listed in the foregoing lists Nos. ------ to ------ and that concerning each the information recorded is correct, full, and complete in every respect.

(3) Form I-424; report of departure of alien. The Form I-424 shall contain the following information regarding the passenger: name, occupation, last address in the United States, date and place of birth, nationality, whether male or female, whether married, single, widowed or divorced, destination abroad, purpose and length of intended stay abroad, date and place of last entry into United States, whether such entry was as a permanent resident or for temporary stay, date and port of departure from United States and name of departing vessel or aircraft, the sheet and line number of the outgoing manifest on which his name appears, and any "V" or "T" number that may be shown in his passport or, if in possession of a reentry permit, the file number appearing in the upper right-hand corner thereof.

(b) Waiver. A departure passenger manifest or list shall not be required for a vessel on a trip solely between Canada and the continental United States or Alaska.

§ 231.4   Arrival manifests for aircraft—(a) Forms. Form I-466 shall be used to manifest passengers arriving by aircraft except that whenever the number of such passengers does not exceed the number that can be listed in the space provided for the manifesting of passengers on Customs Form 7507, such passengers may be manifested on such form in lieu of Form I-466 but in accordance with all other provisions of § 231.41.

(1) Form I-466—Air passengers manifest. The heading shall show the name

AR2022_200030

of the owner or operator, aircraft registration marks and nationality, flight number, date, port of embarkation, and port of disembarkation. Each such form shall show the title or position of the person preparing it. The heading for column 1 shall be, "Surname—Given name—Middle initial"; column 2, "For use of owner; operator only"; and column 3, "For official use only".

(b) *Waiver.* Arrival passenger manifests shall not be required for an aircraft arriving directly in the continental United States or Alaska on a trip which originated in Canada or the French islands of St. Pierre or Miquelon.

(c) *Report of passengers on board aircraft traveling between airports of the United States.* The commanding officer or agent of an aircraft which arrives at an airport in the continental United States or at an airport in any other place under the jurisdiction of the United States without touching at a foreign port, on a flight originating in Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, shall submit in writing to the United States immigration officer at the airport of arrival, the surname, given name, and middle initial of each passenger on board such aircraft.

§ 231.5 *Departure manifests for aircraft*—(a) *Forms.* Form I-466 shall be used to manifest passengers departing by aircraft.

(1) *Form I-466—Air passenger manifests.* The air passenger manifest shall be on the same form and shall contain the same information as prescribed in § 231.41.

(b) *Waiver.* Departure air passenger manifest shall not be required for an aircraft departing directly from the continental United States or Alaska for Canada or the French Islands of St. Pierre or Miquelon.

§ 231.6 *Ports of entry for aliens arriving by vessel or by land transportation.* Subject to the limitations prescribed in this section, the following places are hereby designated as ports of entry for aliens arriving by any means of travel other than aircraft. Such ports are listed according to location by districts. The designations of such ports are divided into three classes—Class A, Class B, and Class C. Class A means that the port is a designated port of entry for all aliens. Class B means that the port is a designated port of entry only for aliens who at the time of applying for admission are lawfully in possession of valid and unexpired resident aliens' border crossing identification cards or valid nonresident aliens' border crossing cards, or are admissible without documents under the waiver of documents contained in this chapter. Class C means that the port is a designated port of entry only for aliens who are arriving in the United States as crewmen as that term is defined in section 101 (a) (10) of the Immigration and Nationality Act with respect to vessels.

DISTRICT No. 1—ST. ALBANS, VT.

CLASS A

Bridgewater, Maine.
Calais, Maine (includes Ferry Point, Union and Milltown Bridges).
Coburn Gore, Maine.
Eastport, Maine.
Fort Fairfield, Maine.
Fort Kent, Maine.
Houlton, Maine.
Jackman, Maine.
Limestone, Maine.
Lubec, Maine.
Madawaska, Maine.
Van Buren, Maine.
Vanceboro, Maine.
Connecticut Lakes, N. H.
Alexandria Bay, N. Y.
Cape Vincent, N. Y.
Champlain, N. Y.
Chateaugay, N. Y.
Clayton, N. Y.
Fort Covington, N. Y.
Malone, N. Y.
Mooers, N. Y.
Morristown, N. Y.
Ogdensburg, N. Y.
Rooseveltown, N. Y.
Rouses Point, N. Y.
Thousand Island Bridge, N. Y.
Trout River, N. Y.
Waddington, N. Y.
Alburg, Vt.
Alburg Springs, Vt.
Beebe Plain, Vt.
Beecher Falls, Vt.
Canaan, Vt.
Derby Line, Vt.
East Richford, Vt.
Highgate Springs, Vt.
Newport, Vt.
North Troy, Vt.
Norton, Vt.
Richford, Vt.
St. Albans, Vt.
West Berkshire, Vt.

CLASS B

Boundary Cottage, Maine.
Daaquam, Maine.
Easton, Maine.
Estcourt, Maine.
Forest City, Maine.
Four Falls Road, Maine.
Hamlin, Maine.
Hodgdon, Maine.
Knoxford Line Road (Mars Hill), Maine.
Lake Frontier, Maine.
Littleton, Maine.
Monticello, Maine.
Munson Mills Road, Maine.
Orient, Maine.
Robbinston, Maine.
St. Francis, Maine.
St. Pamphile, Maine.
Cannons Corners, N. Y.
Churubusco, N. Y.
Hogansburg, N. Y.
Jamison's Line, N. Y.
Thousand Island Park, N. Y. (June, July, and August only).
Morses Line, Vt.

CLASS C

Bangor, Maine (the port of Bangor includes, among others, the port facilities at Bar Harbor, Belfast, Brewer, Bucksport, Jonesport, Northeast Harbor, Prospect Harbor, Sandypoint, Seal Harbor, Searsport, and South West Harbor, Maine.

DISTRICT No. 2—BOSTON, MASS.

CLASS A

Portland, Maine.
Boston, Mass. (the port of Boston includes, among others, the port facilities at Braintree, Cambridge, Chelsea, Everett, Medford, Quincy, Somerville, and Weymouth, Mass.).

Gloucester, Mass.
New Bedford, Mass.
Providence, R. I.

CLASS C

Bridgeport, Conn.
New Haven, Conn.
New London, Conn. (includes the port facilities at Groton, Conn.).
Stamford, Conn.
Bath, Maine.
Boothbay Harbor, Maine.
Rockland, Maine.
Beverly, Mass.
Buzzards Bay, Mass.
Danvers, Mass.
Fairhaven, Mass.
Fall River, Mass.
Lynn, Mass.
Marblehead, Mass.
Nantucket, Mass.
Newburyport, Mass.
Oak Bluffs, Mass.
Plymouth, Mass.
Provincetown, Mass.
Salem, Mass.
Scituate, Mass.
Somerset, Mass.
Woods Hole, Mass.
Portsmouth, N. H.
Davisville, R. I.
Melville, R. I.
Newport, R. I.
Quonset Point, R. I.

DISTRICT No. 3—NEW YORK, N. Y.

CLASS A

New York, N. Y. (the port of New York includes, among others, the port facilities at Bayonne, Carteret, Elizabeth, Elizabethport, Guttenberg, Hoboken, Jersey City, Linden, Newark, Perth Amboy, Port Newark, Sayreville, Sewaren, and Weehawken, N. J.; and at Poughkeepsie and Yonkers, N. Y.).

DISTRICT No. 4—PHILADELPHIA, PA.

CLASS A

Philadelphia, Pa. (the port of Philadelphia includes, among others, the port facilities at Delaware City, Lewes, New Castle, and Wilmington, Del.; at Artificial Island, Billingsport, Camden, Deepwater Point, Gibbstown, Gloucester City, Paulsboro, and Trenton, N. J.; and at Chester, Essington, Fort Mifflin, and Marcus Hook, Pa.).

DISTRICT No. 5—BALTIMORE, MD.

CLASS A

Baltimore, Md.
Morehead City, N. C.
Wilmington, N. C.
Newport News, Va.
Norfolk, Va.

CLASS C

Piney Point, Md.
Alexandria, Va.
Old Point Comfort, Va.
Richmond, Va.
U. S. Navy Mine Depot, Cheatham Annex, Va.

DISTRICT No. 6—MIAMI, FLA.

CLASS A

Mobile, Ala.
Apalachicola, Fla.
Bocagrande, Fla.
Fernandina, Fla.
Fort Pierce, Fla.
Jacksonville, Fla.
Key West, Fla.
Miami, Fla.
Panama City, Fla.
Pensacola, Fla.
Port Everglades, Fla.
St. Augustine, Fla.
Tampa, Fla.
West Palm Beach, Fla.
Brunswick, Ga.

AR2022_200031

Savannah, Ga.
Lake Charles, La.
New Orleans, La. (the port of New Orleans includes, among others, the port facilities at Avondale, Bell Chasse, Braithwaite, Chalmette, Destrahan, Gretna, Harvey, Marrero, Norco, Port Sulphur, St. Rose, and Westwego, La.).
Gulfport, Miss.
Aguadilla, P. R.
Ensenada, P. R.
Fajardo, P. R.
Humacao, P. R.
Jobos, P. R.
Mayaguez, P. R.
Ponce, P. R.
San Juan, P. R.
Charleston, S. C.
Georgetown, S. C.
Christiansted, St. Croix, V. I.
Frederiksted, St. Croix, V. I.
Cruz Bay, St. John, V. I.
Charlotte Amalie, St. Thomas, V. I.

CLASS C

Carrabelle, Fla.
Port St. Joe, Fla.
St. Petersburg, Fla.
Baton Rouge, La.
Morgan City, La.

DISTRICT No. 7—BUFFALO, N. Y.

CLASS A

Buffalo, N. Y.
Lewiston, N. Y.
Niagara Falls, N. Y.
Oswego, N. Y.
Rochester, N. Y.
Youngstown, N. Y.
Cleveland, Ohio.
Erie, Pa.

CLASS C

Dunkirk, N. Y.
Sodus Point, N. Y.
Ashtabula, Ohio.
Conneaut, Ohio.
Fairport, Ohio.
Lorain, Ohio.

DISTRICT No. 8—DETROIT, MICH.

CLASS A

Algonac, Mich.
Detroit, Mich.
Marine City, Mich.
Marysville, Mich.
Port Huron, Mich.
Roberts Landing, Mich.
St. Clair, Mich.
Sault Ste. Marie, Mich.
Sandusky, Ohio.
Toledo, Ohio.

CLASS B

Detour, Mich.
Mackinac Island, Mich.

CLASS C

East Chicago, Ind.
Gary, Ind.
Michigan City, Ind.
Alpena, Mich.
Baraga, Mich.
Bay City, Mich.
Benton Harbor, Mich.
Charlevoix, Mich.
Copper Harbor, Mich.
Detour, Mich.
Eagle River, Mich.
Escanaba, Mich.
Frankfort, Mich.
Grand Haven, Mich.
Holland, Mich.
Houghton, Mich.
Kipling, Mich.
L'Anse, Mich.
Ludington, Mich.
Mackinac Island, Mich.
Mackinaw City, Mich.
Manistee, Mich.
Manistique, Mich.
Marquette, Mich.

Munising, Mich.
Muskegon, Mich.
Northport, Mich.
Ontonagon, Mich.
Port Island, Mich.
Petoskey, Mich.
Rogers City (Calcite), Mich.
Saginaw, Mich.
South Haven, Mich.
Traverse City, Mich.
Huron, Ohio.
Marblehead, Ohio.

DISTRICT No. 9—CHICAGO, ILL.

CLASS A

Chicago, Ill.
Isle Royale, Mich.
Baudette, Minn.
Duluth, Minn. (the port of Duluth includes, among others, the port facilities at Superior, Wis.).
International Falls, Minn.
Lancaster, Minn.
Noyes, Minn.
Pigeon River, Minn.
Pine Creek, Minn.
Ranier, Minn.
Roseau, Minn.
Warroad, Minn.
Winton, Minn.
Ambrose, N. Dak.
Antler, N. Dak.
Carbury, N. Dak.
Dunseith, N. Dak.
Fortuna, N. Dak.
Hannah, N. Dak.
Hansboro, N. Dak.
Maida, N. Dak.
Neche, N. Dak.
Noonan, N. Dak.
Northgate, N. Dak.
Pembina, N. Dak.
Portal, N. Dak.
St. John, N. Dak.
Sarles, N. Dak.
Sherwood, N. Dak.
Walhalla, N. Dak.
Westhope, N. Dak.
Green Bay, Wis.
Milwaukee, Wis.

CLASS B

Crane Lake, Minn.
Gunflint Lake, Minn.
Indus, Minn.
Oak Island, Minn.
Lake Metegoshe, N. Dak.

CLASS C

Menominee, Mich.
Grand Marais, Minn.
Two Harbors, Minn.
Algoma, Wis.
Ashland, Wis.
Bayfield, Wis.
Kenosha, Wis.
Kewaunee, Wis.
Manitowoc, Wis.
Marinette, Wis.
Oconto, Wis.
Peshtigo, Wis.
Port Washington, Wis.
Racine, Wis.
Sheboygan, Wis.
Sturgeon Bay, Wis.
Washburn, Wis.

DISTRICT No. 12—SEATTLE, WASH.

CLASS A

Boundary, Alaska.
Eagle, Alaska.
Haines, Alaska.
Juneau, Alaska.
Ketchikan, Alaska (the port of Ketchikan includes, among others, the port facilities at Sitka and Wrangell, Alaska; Ketchikan proper).
Skagway, Alaska.
Tok Junction, Alaska.
Eastport, Idaho.
Porthill, Idaho.

Babb, Mont.
Chief Mountain, Mont. (May–October).
Del Bonita, Mont.
Coathaunt Camp, Mont. (May–October).
Havre, Mont.
Loring, Mont.
Opheim, Mont.
Raymond, Mont.
Roosville, Mont.
Scobey, Mont.
Sweetgrass, Mont.
Turner, Mont.
Whitetail, Mont.
Astoria, Oreg.
Coos Bay, Oreg.
Portland, Oreg.
Aberdeen, Wash.
Anacortes, Wash.
Bellingham, Wash.
Blaine, Wash.
Danville, Wash.
Edmonds, Wash.
Everett, Wash.
Ferry, Wash.
Friday Harbor, Wash. (the port of Friday Harbor includes, among others, the port facilities at Roche Harbor, Wash.).
Laurier, Wash.
Longview, Wash.
Lynden, Wash.
Metaline Falls, Wash.
Neah Bay, Wash.
Northport, Wash.
Olympia, Wash.
Oroville, Wash.
Port Angeles, Wash.
Port Townsend, Wash.
Seattle, Wash.
South Bend, Wash.
Sumas, Wash.
Tacoma, Wash.

CLASS B

Trail Creek, Mont.
Whitlash, Mont.
Nighthawk, Wash.
Point Roberts, Wash.

CLASS C

Pelican, Alaska.
Bangor, Wash.
Blake Island, Wash.
Bremerton, Wash.
DuPont, Wash.
Houghton, Wash.
Kingston, Wash.
Mukilteo, Wash.
Orchard Point, Wash.
Point Wells, Wash.
Port Gamble, Wash.
Port Orchard, Wash.
Shuffleton, Wash.
Winslow, Wash.

DISTRICT No. 13—SAN FRANCISCO, CALIF.

CLASS A

San Francisco, Calif.

CLASS C

Eureka, Calif.

DISTRICT No. 14—SAN ANTONIO, TEX.

CLASS A

Beaumont, Tex.
Brownsville, Tex. (the port of Brownsville includes, among others, the port facilities at Port Isabel, Tex.).
Corpus Christi, Tex. (the port of Corpus Christi includes, among others, the port facilities at Harbor Island and Ingleside, Tex.).
Del Rio, Tex.
Eagle Pass, Tex.
Freeport, Tex.
Galveston, Tex. (the port of Galveston includes, among others, the port facilities at Port Bolivar and Texas City, Tex.).
Hidalgo, Tex.
Houston, Tex. (the port of Houston includes, among others, the port facilities at Baytown, Tex.).
Laredo, Tex.

AR2022_200032

Los Ebanos, Tex.
Port Arthur, Tex. (the port of Port Arthur
includes, among others, the port facilities
at Orange and Sabine, Tex.).
Rio Grande City, Tex.
Roma, Tex.
Thayer, Tex.
Zapata, Tex.

CLASS B

Dolores, Tex.
San Ygnacio, Tex.

DISTRICT No. 15—EL PASO, TEX.

CLASS A

Douglas, Ariz.
Lukeville, Ariz.
Naco, Ariz.
Nogales, Ariz.
Sasabe, Ariz.
Columbus, N. Mex.
El Paso, Tex.
Fabens, Tex.
Presidio, Tex.
Ysleta, Tex.

CLASS B

Lochiel, Ariz.
Antelope Wells, N. Mex.
Monument No. 67, near Cloverdale, N. Mex.
Boquillas, Tex.
Candelaria, Tex.
Castolon, Tex.
Chinati, Tex.
Fort Hancock, Tex.
Hot Springs, Tex.
Lajitas, Tex.
Polovo, Tex.
Porvenir, Tex.
Ruidosa, Tex.

DISTRICT No. 16—LOS ANGELES, CALIF.

CLASS A

San Luis, Ariz.
Andrade, Calif.
Calexico, Calif.
San Diego, Calif.
San Luis Obispo, Calif. (the port of San Luis
Obispo includes, among others, the port
facilities at Avila, Calif.).
San Pedro, Calif. (this is the port of Los
Angeles and includes, among others, the
port facilities at El Segundo, Long Beach
Harbor Area, and Redondo Beach, Calif.).
San Ysidro, Calif.
Tecate, Calif.
Ventura, Calif. (the port of Ventura includes,
among others, the port facilities at Port
Hueneme and Elwood, Calif.).

CLASS B

Campo, Calif.

DISTRICT No. 17—HONOLULU, T. H.

CLASS A

Agana, Guam, M. I. (including the port fa-
cilities at Apra Harbor, Guam).
Honolulu, T. H.

CLASS B

Hilo, T. H.

CLASS C

Kahului, T. H.
Port Allen, T. H.

§ 231.7   *Ports of entry for aliens ar-
riving by aircraft.* (a) The following
international airports are hereby desig-
nated as ports of entry for aliens ar-
riving by aircraft:

Agana, Guam, Marianas Islands, Agana Field.
Akron, Ohio, Municipal Airport.
Albany, N. Y., Municipal Field.
Baudette, Minn., Baudette Municipal Airport.
Bellingham, Wash., Bellingham Airport.
Brownsville, Tex., Rio Grande Valley Inter-
national Airport at Brownsville, Tex.
Buffalo, N. Y., Municipal Airport.
Burlington, Vt., Burlington Municipal Air-
port.
Calexico, Calif., Calexico Municipal Airport.
Caribou, Maine, Caribou Municipal Airport.

Cleveland, Ohio, Cleveland Hopkins Airport.
Cut Bank, Mont., Cut Bank Airport.
Detroit, Mich., Detroit Municipal Airport.
Detroit, Mich., Wayne County Airport.
Douglas, Arizona, Bisbee-Douglas Airport.
Duluth, Minn., Duluth Municipal Airport.
Eagle Pass, Tex., Eagle Pass Airport.
El Paso, Tex., International Airport.
Fort Yukon, Alaska, Fort Yukon Airfield.
Fort Lauderdale, Fla., Broward County Air-
port.
Grand Forks, N. Dak., Grand Forks Municipal
Airport.
Great Falls, Mont., Gore Field.
Havre, Mont., Havre-Hill County Airport.
International Falls, Minn., International
Falls Municipal Airport.
Juneau, Alaska, C. A. A. Field.
Juneau, Alaska, Juneau Airport.
Ketchikan, Alaska, Ketchikan Airport.
Key West, Fla., Meacham Field.
Laredo, Tex., Laredo Municipal Airport.
Malone, N. Y., Malone Dufort Airport.
Massena, N. Y., Massena Airport.
Miami, Fla., Chalks Flying Service Seaplane
Base.
Miami, Fla., Miami International Airport.
Nogales, Arizona, Nogales International Air-
port.
Ogdensburg, N. Y., Ogdensburg Harbor.
Ogdensburg, N. Y., Ogdensburg Municipal
Airport.
Oroville, Wash., Dorothy Scott Municipal
Airport.
Oroville, Wash., Dorothy Scott Seaplane Base.
Pembina, N. Dak., Fort Pembina Airport.
Portal, N. Dak., Portal Airport.
Port Townsend, Wash., Port Townsend Air-
port.
Put in Bay, Ohio, Put in Bay Airport.
Rochester, N. Y., Rochester Municipal Air-
port.
Rouses Point, N. Y., Rouses Point Seaplane
Base.
San Diego, Calif., San Diego Municipal Air-
port (Lindbergh Field).
Sandusky, Ohio, John G. Hinde Airport.
San Juan, P. R., Isla Grande Airport.
Sault Ste. Marie, Mich., Sault Ste. Marie
Airport.
Seattle, Wash., Boeing Municipal Air Field.
Seattle, Wash., Lake Union.
Skagway, Alaska, Skagway Municipal Air-
port.
Spokane, Wash., Felts Field.
Swanton, Vt., Warren R. Austin Airport.
Tampa, Fla., Tampa International Airport.
Watertown, N. Y., Watertown Municipal Air-
port.
West Palm Beach, Fla., Palm Beach Inter-
national Airport.
Wrangell, Alaska, Wrangell Seaplane Base.

(b) In addition to the places named
in paragraph (a) of this section, other
places where permission for certain air-
craft to land officially has been given,
and places where emergency or forced
landings are made under the provisions
of Part 239 of this chapter, shall be re-
garded as designated for the entry of
aliens arriving by such aircraft.

§ 231.8   *Immigration stations in Can-
ada.* The following-designated United
States immigration stations are located
in Canada and are within the organiza-
tion of the districts indicated.

DISTRICT No. 1—ST. ALBANS, VT.

Halifax, Nova Scotia.
St. John, New Brunswick.
Montreal, Quebec.
Quebec, Province of Quebec.

DISTRICT No. 2—BOSTON, MASS.

Yarmouth, Nova Scotia (May–September).

DISTRICT No. 7—BUFFALO, N. Y.

Toronto, Ontario.

DISTRICT No. 9—CHICAGO, ILL.

Winnipeg, Manitoba.

DISTRICT No. 12—SEATTLE, WASH.

Sidney, British Columbia.
Victoria, British Columbia.
Vancouver, British Columbia.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 231.21   *Arrival manifests and lists
for vessels; general directions for prep-
aration*—(a) *Alien manifests.* Separate
Form or Forms I–415 shall be prepared
prior to the vessel's arrival at a port in
the United States.   The surname of the
passengers shall be entered on such
forms so far as practicable in alpha-
betical order:

(1) For alien immigrant passengers
who embarked at the same port abroad
and who are destined to disembark at
the same port in the United States;

(2) For alien nonimmigrant passen-
gers who embarked at the same port
abroad and who are destined to disem-
bark at the same port in the United
States;

(3) For alien through passengers
without regard to their port of embarka-
tion abroad or the foreign country to
which they are destined.  Manifests for
through passengers shall be submitted in
duplicate.  The headings of Forms I–415
covering through passengers shall be
properly filled in so as to indicate the
facts of arrival of the vessel, with the
added notation "and proceed foreign via
_____" (inserting the names of
the other ports of call to be made in the
United States on the voyage with the
final port of call shown last).   Such no-
tation shall be entered under the words
"Arriving at port of _____," ap-
pearing directly above columns 3 and 4
of the Form I–415.

In manifesting passengers under (1),
(2), and (3), if the number of passengers
does not exceed the number that can be
manifested on one Form I–415, such pas-
sengers shall be grouped according to
class of travel and manifested on one
Form I–415 according to class, with the
designation of the class noted in the body
of the form at the head of each class
group.   If the number of such passen-
gers exceeds the maximum number that
can be listed on one Form I–415, the pas-
sengers shall be grouped according to
class of travel and a separate Form I–415
shall be used to manifest the passengers
in each class, and the designation of the
class shall be shown in the heading of
each form used.

(b) *Citizen or national manifests.* The
foregoing procedure for the manifest
grouping of alien passengers shall apply,
so far as it is applicable, to the manifest
grouping of passengers who are citizens
or nationals of the United States, and in
respect of through passengers who are
citizens or nationals of the United States,
the same notation prescribed in para-
graph (a) (3) of this section shall be
added directly above columns 3 and 4 of
the Form I–416.

(c) *Numbering of manifests.* Mani-
fest Forms I–415 and I–416 shall be num-
bered consecutively in the space provided
therefor in the upper right-hand corner
of the form commencing with number

"1" for each voyage, all the Forms I-416, if any, shall be numbered before assigning number to any Forms I-415.

(d) *Family members.* Notwithstanding any other provisions of this section as to class groupings and use of separate manifests, all passengers who are members of one family, who embark at the same port abroad, and who are destined to disembark at the same port in the United States, shall be manifested on the same manifest sheet. If they are traveling in different classes, they shall be listed under the class of the head of the family; if some are aliens and others United States citizens or nationals, they shall all be listed on the alien manifest Form I-415 and the notation "USC" or "USN" shall be entered after the names of the citizen or national members.

(e) *Stowaways.* Any stowaway shall be manifested on the last numbered form, and the notation "stowaway" shall be entered in the last column of the form opposite the name of each stowaway.

(f) *Listing documents.* There shall be entered in column (2) of Form I-415 the serial number and letter of any Foreign Service Form 256 or 257, or Immigration Form I-100a which the passenger is required to present for admission to the United States. The notation "WOV-419" shall be made in column (2) if the alien is to pass through the United States under the provisions of section 238 (d) of the Immigration and Nationality Act. In the case of each alien passenger who does not have a Form 256, 257, I-100a, I-132, or I-419, the persons responsible for the delivery of the manifest shall prepare as a part thereof a set of immigration Forms I-94 and deliver them to such passenger for surrender by him to the United States immigration officer at the port which the passenger is to be examined for admission to the United States. The serial number of such Form I-94 shall be entered in column (2) of Form I-415 opposite the name of each passenger for whom such set of forms is prepared. Whenever a set of Forms I-94 is prepared for a passenger who has a nonimmigrant visa, the visa application number and letter shall be entered on all copies of the Form I-94 in the box entitled "Travel documents presented". In the case of each alien passenger who is in possession of a permit to reenter the United States (Form I-132) the persons responsible for the delivery of the manifest shall prepare as a part thereof a Form I-132C and deliver it to such passenger. The notation "I-132C" shall be entered in column (2) of Form I-415 opposite the name of each passenger for whom such form is prepared.

§ 231.22 *Arrival manifests and lists for vessels; delivery.* (a) Immediately upon the arrival at the first port in the United States of a vessel with respect to which a passenger manifest is required, one legible copy of manifest Forms I-415 and I-416 prepared in accordance with § 231.21 (a) (1) and (2) and two legible copies of manifest Forms I-415 and I-416 prepared in accordance with § 231.21 (a) (3), fully executed as provided in this part and assembled in numerical order, covering all of the passengers on board without regard to the

port to which ultimately destined, shall be delivered to the immigration officer boarding the vessel at such port of first arrival. To facilitate inspection, an advance copy of manifest Forms I-415 and I-416 may be delivered to the officer in charge of the first port of arrival prior to the arrival of the vessel, but the furnishing of such advance copy shall not relieve the responsible parties from furnishing a complete manifest to the immigration officer at the first port of call which shall indicate any changes or corrections which differ from the advance copy. If an arriving vessel is to touch at more than one United States port, the inspection of all passengers shall, if practicable, be completed at the first port of arrival. If the inspection of all passengers at the first port of arrival is impracticable, the inspection of passengers destined to subsequent ports of arrival shall be deferred in the discretion of the examining immigration officer. In such event, the manifest of those passengers not inspected at the first port of arrival shall be returned to the master for presentation at the subsequent ports of arrival. The procedure followed at the first port of arrival, as prescribed by this paragraph, shall also be followed at any subsequent ports of arrival. Whenever any passenger desires to land at any port in the United States other than the one to which he is manifested, his name shall be stricken by the ship's officer from the manifest upon which it was originally recorded and transferred to the manifest intended for the port where the passenger wishes to land. Such change on the manifest shall be made only with the prior knowledge of the immigration officer and shall be attested by his signature and title placed opposite each entry. On the manifest to which the name is transferred, the immigration officer shall note: "Transferred from manifest of passengers for ——————————, ———————— dated ————————, ———————— Immigration Officer."

(b) With respect to through passengers, both copies of the manifests shall be delivered to the immigration officer boarding the vessel at the first port of call in the United States. The passengers listed thereon shall be inspected as to their eligibility for shore leave as provided in this part.

(c) Both copies of such manifests shall indicate which through passengers are eligible for shore leave and which are not eligible. The original copy of such manifests shall be returned by the immigration officer to the master of the vessel who shall present them at each subsequent port of call to the immigration officer boarding the vessel who shall return them to the master after examination of such manifests. Prior to the departure of the vessel from its last port of call in the United States, the original copies of such manifests shall be delivered to an immigration officer with Forms 257a, I-94C, relating to such departing passengers. Such delivery shall be in lieu of the delivery of departure manifests relating to such passengers required by § 231.2, provided all of the procedural requirements for departure manifests prescribed by § 231.21

have been observed. Departure manifests at the intermediate ports of call shall not be required for through passengers.

§ 231.23 *Landing card.* To facilitate examination of passengers and for convenience in identifying them on arrival, there may be given to each passenger listed on Form I-415 or I-416 a ticket or "landing card" disclosing his name and the number of the manifest and line number thereof on which his name appears.

§ 231.31 *Departure manifest and lists for vessels—*(a) *General directions for preparation.* (1) Separate Form or Forms I-434 or I-435 shall be used:

(i) For each port in the United States covering persons embarking at such port.

(ii) For passengers destined to each port of foreign debarkation, unless (a) all of the alien passengers boarding at the same port of embarkation in the United States can be recorded on one Form I-434, in which event they shall be grouped according to the port of debarkation, the name of which shall be noted in the body of the Form I-434 at the head of each group, or (b) all citizen and national passengers boarding at the same port of embarkation in the United States can be recorded on one Form I-435, in which event they shall be grouped according to the port of embarkation, the name of which shall be noted in the body of the Form I-435 at the head of each group.

(2) Forms I-434 and I-435 shall be numbered consecutively in the indicated space in the upper right-hand corner of the heading, commencing with No. 1 for each voyage, all the Forms I-435, if any, to be numbered before assigning numbers to any Forms I-434. In column 2 of Form I-434 opposite the name of each passenger there shall be entered the serial number and letter of any Foreign Service Form 257a, Immigration Form I-94C, immigration Form I-95A, or immigration Form I-100a in his possession which was last used by such passenger to enter the United States, as evidenced by the Service notation thereon. Unless it is not required to be surrendered by the departing alien, such form shall be surrendered by the passenger to the representative of the transportation company who shall note thereon by printing in ink, rubber stamp, or typewriter, the name of the port of embarkation, the date of departure therefrom, and the name of the vessel. The representative shall attach such form to, and make it a part of, the Form I-434 relating to the passenger whose form it is. If an alien has been permitted to pass through the United States under the provisions of section 238 (d) of the Immigration and Nationality Act, the notation "WOV-419" shall be entered in column 2 of Form I-434 opposite the name of the alien. Whenever a departing alien passenger does not surrender Form 257a, I-94C, I-95A, I-100a, or I-419a, the persons responsible for the delivery of the departure manifest shall cause to be executed as a part thereof an immigration Form I-424 for each such alien passenger; shall place the notation "I-424" in column 2 opposite the name of each

AR2022_200034

such passenger; and shall attach the Form I-424 to, and make it a part of, the department manifest.

(3) The term "Deportee" shall be noted in column 2 of Form I-434 opposite the name of each passenger who has been arrested within the United States and is being deported or who has been excluded from the United States and is being deported pursuant to, such exclusion. Any Form 257a, I-94C, I-95A, or I-100a surrendered by or in behalf of such deportee, or in the absence of any such form, the Form I-424 prepared for such deportee, shall be conspicuously marked "Deportee".

(b) *Delivery*. Except as otherwise provided in this paragraph, Forms I-434 and I-435 and attached documents fully executed in accordance with this part and assembled in numerical order, shall be delivered to the immigration official at each port of embarkation in the United States prior to the departure of the vessel therefrom with respect to all passengers boarding the vessel at that port who are destined to a place outside the United States. If more than one Form I-434 or Form I-435 is used at a port of embarkation, the affidavit on the last numbered form only need be executed. Vessels making voyages to and from the United States at regular or periodic intervals according to a published schedule of which there is sufficient notice to all concerned may deliver the Form or Forms I-434 and I-435, together with the documents required to be attached, to the district director or officer in charge of the office having administrative jurisdiction over the respective ports of embarkation subsequent to the departure of the vessel therefrom but within such time as to be received by each such officer within 30 days following the departure of the vessel from its last port of embarkation in the United States on that voyage. Notwithstanding the foregoing exception, clearance shall not be granted to any vessel unless the Forms I-434 and I-435, and attached documents, are delivered prior to departure if the district director or officer in charge having administrative jurisdiction over the post of departure knows or has reason to believe that the vessel will not return to a port in the United States within 30 days of its departure from its last port of embarkation in the United States or that the Form or Forms I-434 and I-435 and attached documents will not be delivered so as to be received within the 30 day period herein provided.

(c) *Debarkation of passenger prior to departure for a foreign port*. In any case in which a passenger originally destined to a place outside the United States leaves the vessel either at the initial port of embarkation or at any other port of call in the United States and prior to the departure of the vessel from the United States, the persons responsible for the delivery of the departure manifest shall upon acquiring knowledge thereof notify the Service of such debarkation. If such knowledge is acquired prior to the departure of the vessel from the United States but subsequent to the delivery of the manifest covering such passenger, the notification shall be given by delivering to the immi-

gration officials at the port where the vessel is then located prior to its departure, a supplemental Form I-434 if the debarking passenger is an alien, or a supplemental Form I-435, if the passenger is a citizen or national of the United States. The supplemental form shall contain the complete heading as on the original but only the information as to the passenger who debarked with a notation in the last column as to the date and port of such disembarkation. If knowledge of such disembarkation is acquired subsequent to the departure of the vessel from the United States and subsequent to the delivery of the manifest covering such passenger, the notification shall be given by wireless or radio to the district director or officer in charge having administrative jurisdiction over the port where such passenger initially embarked and, in addition, the supplemental form previously referred to herein shall be prepared and mailed promptly to such officer. If the departure manifest covering such passenger is not delivered prior to the departure of the vessel from the United States as provided in paragraph (c) of this section, the notification shall be made by striking out the name and information relating to such debarking passenger on the manifest on which it appears and by noting in the last column thereof the date and port of disembarkation in the United States. Any document surrendered by such passenger which is still in the possession of the transportation company shall be forwarded with the manifest.

(d) *Waiver in certain cases*—(1) *Through passengers*. As provided in § 231.22, the original copy of the arrival manifests covering through passengers shall be accepted in lieu of departure manifests required to be prepared by this section.

(2) *Cruise passengers*. The district director or officer in charge having administrative jurisdiction over the office in which is located the United States port of origin and termination of the voyage of cruise passengers may, on written request of the transportation company made in advance of the departure of the vessel waive the filing of Forms I-534 and I-435 and the other documents for cruise passengers on condition (i) that Forms I-415 and I-416 are delivered to the examining immigrant officer immediately upon the return of the vessel to the port in the United States from which the cruise started and prior to the debarkation of any passenger; and (ii) that a Form I-424 be executed and attached to the Form I-415 for each alien passenger who failed to return with the vessel to such port, indicating on such form the place where such alien left the vessel; and (iii) that a Form I-435 be executed and delivered, listing such citizen or national passengers who failed to return with the vessel to such port, indicating on such form the place where such passenger left the vessel.

§ 231.41 *Arrival manifests for aircraft*—(a) *General directions for preparation*. (1) Except as otherwise provided in this part, Form I-466 shall be

used for manifesting passengers arriving in the United States by aircraft. If all of the passengers manifested on a single Form I-466 are destined to disembark at the same port in the United States, the name of such port of debarkation shall be shown in the heading of the form in the space provided, otherwise, the passengers shall be grouped according to their respective ports of debarkation in the United States, the name of the port of debarkation noted in the body of the form at the head of each group, and the heading for port of debarkation marked "Various". Members of a family embarking at the same port abroad and destined to disembark at the same port in the United States shall be listed consecutively within the group to which they belong. Any stowaway aboard shall be manifested on the last form prepared, and the notation "stowaway" shall be entered in the second column opposite the name of each stowaway.

(2) In the case of each alien passenger who does not have a Foreign Service Form 256 or 257 or an immigration Form I-100a, I-132, or I-419 the persons responsible for the delivery of the manifest shall prepare as a part thereof a set of immigration Forms I-94 and deliver them to such passenger for surrender by him to the United States immigration officer at the port where the passenger is to be examined for admission to the United States. Whenever a set of Forms I-94 is prepared for a passenger who has a nonimmigrant visa, the visa application number and letter shall be entered on all copies of the Form I-94 in the box entitled "Travel documents presented".

(3) In the case of each alien passenger who is in possession of a permit to reenter the United States (Form I-132) the persons responsible for the delivery of the manifest shall prepare as a part thereof a Form I-132C and deliver it to such passenger for surrender by him to the United States immigration officer at the port where the passenger is to be examined for admission to the United States.

(b) *Delivery*. (1) Immediately upon the arrival at the first port in the United States of an aircraft for which a passenger manifest is required to be delivered, three legible copies of such manifest fully executed as provided in this part covering all of the passengers on board, without regard to the port to which such passengers are ultimately destined, shall be delivered to the immigration officer who is to inspect the passengers at that port.

(2) If an arriving aircraft is to touch at more than one United States port, the inspection of all passengers shall, if practicable, be completed at the first port of arrival. If the inspection of all passengers at the first port of arrival is impracticable, the inspection of passengers destined to subsequent ports of arrival shall be deferred in the discretion of the examining immigration officer. In such event the manifest of those passengers not inspected at the first port of arrival shall be returned to the commander of the aircraft for presentation at the subsequent ports of arrival. The

AR2022_200035

procedure followed at the first port of arrival, as prescribed by this paragraph, shall also be followed at any subsequent ports of arrival.

§ 231.42 *Departure manifests for aircraft*—(a) *General directions for preparation.* (1) The name of the foreign port of debarkation shall be entered in the heading of the Form I-466 in the space provided therefor if all of the passengers who are manifested on a single Form I-466 are destined to disembark at the same foreign port, otherwise, the passengers shall be grouped according to their respective foreign ports of debarkation, the name of the port of debarkation noted in the body of the form at the head of each group, and the heading on the form for port of debarkation marked, "Various." Members of a family destined to the same port of debarkation shall be listed consecutively within the group to which they belong.

(2) Each alien passenger shall surrender to the representative of the transportation company any Foreign Service Form 257a, Immigration Form I-94C, Immigration Form I-95A, or Immigration Form I-100a in his possession which was last used by such passenger to enter the United States as evidenced by the Service notation thereon, unless such form is not required to be surrendered. The representative of the transportation company shall note on each such surrendered form by printing in ink, rubber stamp, or typewriter, the name of the port of embarkation in the United States, the date of departure therefrom, and the registration marks of the aircraft. The representative shall attach such form to, and make it a part of, the Form I-466 relating to such passenger. Whenever a departing alien passenger does not surrender Form 257a, I-94C, I-95A, I-100a, or I-419a, the persons responsible for the delivery of the departure manifest shall cause to be executed as a part thereof an immigration Form I-424 for each such alien passenger and shall attach the Form I-424 to the departure manifest.

(3) In the case of each alien passenger who has been arrested in the United States and is being deported from the United States or has been excluded from the United States and is being deported pursuant to such exclusion, any Form 257a, I-94C, I-95A, or I-100a surrendered by or in behalf of such deportee, or in the absence of any such form, the Form I-424 prepared for such deportee, shall be marked conspicuously "Deportee".

(b) *Delivery.* Except as otherwise specifically provided in this paragraph, Forms I-466 together with the documents required to be attached thereto, fully executed in accordance with the provisions of this part, shall be delivered prior to departure to the immigration officials at the port in the United States from which the aircraft will proceed to a place outside the United States. Manifest Form I-466 for aircraft making flights to and from the United States at regular or periodic intervals according to a published schedule of which there is sufficient notice to all concerned may be delivered together with the documents required to be attached thereto subse-

quent to the departure of the aircraft, but within such time as to be received by the immigration officer in charge of the port from which the aircraft proceeded to a foreign port within 4 days following the departure of such aircraft. Notwithstanding the foregoing exception, clearance shall not be granted any aircraft unless the Forms I-466 and attached documents are delivered prior to departure, if the district director or officer in charge having administrative jurisdiction over the port of departure knows or has reason to believe that the aircraft will not return to a port in the United States within 30 days of its departure or that the forms and documents attached will not be delivered so as to be received by him within the 4-day period herein provided.

(c) *Debarkation of passenger prior to departure for a foreign port.* In any case in which a passenger originally destined to a place outside the United States leaves the aircraft prior to its departure for a foreign port, the persons responsible for the delivery of the manifest shall upon acquiring knowledge thereof notify the Service of such debarkation. If such knowledge is acquired prior to the departure of the aircraft from the United States but subsequent to the delivery of the manifest, the notification shall be given by delivering, prior to the departure of the aircraft, a supplemental Form I-466 to the immigration official at the port from which the aircraft is to proceed to a foreign port. The supplemental form shall contain the complete heading as on the original but only the information as to the passenger who left the aircraft with a notation in column 2 as to the debarkation of the passenger prior to departure. If knowledge of such debarkation is acquired subsequent to the departure of the aircraft and subsequent to the delivery of the manifest, the notification shall be given by wireless or radio to the district director or officer in charge having administrative jurisdiction over the port from which the aircraft departed to a foreign port and the supplemental form previously referred to shall be prepared and mailed promptly to such officer via air mail. If the departure manifest is not delivered prior to the departure of the aircraft from the United States as provided in paragraph (b) of this section, the notification shall be made by striking out the name and information relating to such debarking passenger on the Form I-466 and by noting in the second column of that form the facts of such debarkation. Any document surrendered by such passenger which is in the possession of the transportation company shall be forwarded with the manifest.

PART 232—DETENTION OF ALIENS FOR OBSERVATION AND EXAMINATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
232.1   Definitions.
232.2   Authority to detain and designate place of detention of aliens for observation and examination.
232.3   Responsibility for safekeeping of aliens ordered removed from vessel or airport of arrival for observation and examination.

Sec.
232.4   Place of detention.
232.5   Liability for detention expenses.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

232.11   Removal and detention of aliens.
232.51   Collection of detention expenses.
232.52   Reimbursement of transportation line for detention expenses in certain cases.

AUTHORITY: §§ 232.1 to 232.52 issued under sec. 103, 66 Stat. 173, Interpret or apply sec. 2, 63 Stat. 166, sec. 232, 66 Stat. 196, as amended; 8 U. S. C., Sup., 836.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 232.1 *Definitions.* For the purposes of this part the term "transportation line" means a vessel, aircraft, transportation line, transportation company, steamship company, or the master, commanding officer, authorized agent, owner, charterer, or consignee of a vessel or aircraft, and the term "alien" means any alien as defined by the Immigration and Nationality Act and any person applying for admission to the United States as a citizen or national of the United States.

§ 232.2 *Authority to detain and designate place of detention of aliens for observation and examination.* The authority to detain aliens and to designate the place of detention, if detention is required other than on board a vessel or at the airport of arrival, under the provisions of section 232 of the Immigration and Nationality Act may be exercised by the examining immigration officer, or by the district director or officer in charge having administrative jurisdiction over the port at which such aliens arrived.

§ 232.3 *Responsibility for safekeeping of aliens ordered removed from vessel or airport of arrival for observation and examination.* The responsibility for the safekeeping during the removal and subsequent detention of an alien (including an alien crewman), who has been ordered removed from a vessel or airport of arrival and detained pursuant to section 232 of the Immigration and Nationality Act and this part shall be upon the transportation line bringing the alien to the United States, except that such transportation line shall be relieved of that responsibility during such time as the alien is detained on premises owned or controlled by the United States.

§ 232.4 *Place of detention.* Any alien who is ordered removed or detained pursuant to section 232 of the Immigration and Nationality Act and this part shall, unless treatment in a hospital is necessary, be kept in custody in a facility operated by the Service if such a facility exists at the port of arrival or if at a nearby port there is such a facility which can be utilized. If no such facility is available such alien may, with the approval of the district director or officer in charge having administrative jurisdiction over the port of arrival, be detained at a place to be arranged for by the transportation line bringing him to the United States.

AR2022_200036

§ 232.5 *Liability for detention expenses.* In any case in which an alien (including alien crewman) is removed from a vessel or airport of arrival and detained for observation and examination under section 232 of the Immigration and Nationality Act and this part, the transportation line bringing such alien to the United States shall be responsible initially for the payment of detention expenses if the district director or officer in charge having administrative jurisdiction over the port of arrival has reason to believe from the facts presented that such detention expenses may properly be assessed against the transportation line. In any such case the transportation line, at the option of the district director or officer in charge, shall be required to obligate itself in a manner satisfactory to such officer for the payment of the expenses referred to herein, and may be required to make payment in advance, or deposit security, with respect to each alien so detained.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 232.11 *Removal and detention of aliens.* Whenever the district director, officer in charge or examining immigration officer, in his discretion, determines that an alien should be removed for detention elsewhere for the purpose of observation and examination, such officer shall serve or cause to be served on the transportation line bringing such alien to the United States a notice, on Form I-259, directing such removal. The notice shall specify the date and time the alien is to be removed, the place at which he is to be detained, and the reasons for the removal.

§ 232.51 *Collection of detention expenses.* In all cases in which the Government has initially paid the detention expenses and expenses incident thereto of an alien detained pursuant to section 232 of the Immigration and Nationality Act, bills pertaining to the detention expenses shall be presented monthly or oftener, at the option of the district director or officer in charge, to the responsible transportation line as soon as liability therefor is established to the satisfaction of the district director or officer in charge. Such expenses shall include, but shall not be limited to, expenses of maintenance, medical treatment in hospital or elsewhere, and burial in the event of death. At ports where the Service maintains hospitals, the hospital expenses shall be such as are fixed by the Service and at other hospitals they shall be such as are fixed by the authorities thereof.

§ 232.52 *Reimbursement of transportation line for detention expenses in certain cases.* A transportation line which has paid the detention expenses referred to in § 232.5 shall, upon presentation of itemized receipts, be reimbursed from the applicable appropriation of the Service if it is finally determined that the transportation line should not be assessed for the payment of such expenses. The reimbursement shall cover only reasonable amounts actually expended for

No. 247——6

such expenses, but the reimbursement for the cost of maintenance shall not, except in unusual circumstances and unless the expense was incurred with the prior approval of the district director or officer in charge having administrative jurisdiction over the port, exceed the maximum per diem allowance prescribed in section 836 of Title 5 of the United States Code in lieu of subsistence. No reimbursement shall be made for detention expenses incurred after the alien has been offered for deportation to the transportation line which brought him to the United States.

### PART 233—TEMPORARY REMOVAL FOR EXAMINATION UPON ARRIVAL

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
233.1    Definitions.
233.2    Assumption of responsibility.
233.3    Expenses of removal; payment.
233.4    Burial expenses.
233.5    Liability for detention expenses.
233.6    Termination of Government liability for detention expenses.
233.7    Place of detention.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

233.31   Collection of removal expenses.
233.51   Collection of detention expenses.
233.52   Reimbursement of transportation line for detention expenses in certain cases.

AUTHORITY: §§ 233.1 to 233.52 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 1, 2, 46 Stat. 1467, as amended, 54 Stat. 858, sec. 3, 63 Stat. 166, as amended, secs. 233, 237, 66 Stat. 197, 201; 8 U. S. C. 109a-109c, 5 U. S. C., Sup., 836.

#### SUBPART A—SUBSTANTIVE PROVISIONS

§ 233.1 *Definitions.* For the purposes of this part the term "transportation line" means a vessel, aircraft, transportation line, transportation company, steamship company, or the master, commanding officer, authorized agent, owner, charterer, or consignee of a vessel or aircraft, and the term "alien" means any alien as defined by the Immigration and Nationality Act and any person applying for admission to the United States as a citizen or national of the United States.

§ 233.2 *Assumption of responsibility.* Whenever a transportation line, in accordance with the provisions of section 233 (a) of the Immigration and Nationality Act and this part, desires to assume responsibility for the safekeeping of an alien during his removal to a designated place for examination and inspection, it shall submit a request therefor to the district director or officer in charge having administrative jurisdiction over the port of arrival. If the request is approved by the district director or officer in charge, the transportation line shall execute an agreement on Form I-259A, and the district director or officer in charge shall cause a notice to detain and remove, on Form I-259, to be served upon the transportation line. Such notice shall specify the date and time the alien is to be removed, the place to which such removal shall be made, and the reason therefor. If such agreement is executed, the removal of the alien shall not be made by an immigration officer.

§ 233.3 *Expenses of removal; payment.* Whenever an alien (including an alien crewman) is removed for examination and inspection by an immigration officer under section 233 (a) of the Immigration and Nationality Act and this part, the expenses of removal to be borne by the transportation line shall include payment for the salary of such officer for the time consumed in the removal, including travel time of the officer from and to the office at which he is stationed. The hourly rate of pay for such officer shall be based upon his gross annual salary. For the purposes of this section any fraction of an hour consumed in the removal of the alien shall be considered as a full hour. Any portion of such services which is performed after 5 p. m. or before 8 a. m., or on Sundays or holidays, shall be compensated for at the rate specified in the act of March 2, 1931, as amended by the act of August 22, 1940 (3 U. S. C. 109a–109c). The expenses to be borne by the transportation line shall also include, but shall not be limited to the costs of transportation of the officer and alien, meals, cost of matrons, nurses, attendants, guards, ambulances, and similar costs for any accompanying alien whose protection or guardianship is required if the alien being removed for inspection and examination is helpless by reason of sickness or mental or physical disability or infancy.

§ 233.4 *Burial expenses.* For the purposes of section 233 of the Immigration and Nationality Act the burial expenses referred to therein shall include the payment of an amount not exceeding $10.00 in any case for the services of a minister of any religious denomination.

§ 233.5 *Liability for detention expenses.* In any case in which an alien (including alien crewmen) is removed from a vessel or aircraft and detained for examination and inspection under section 233 or 237 of the Immigration and Nationality Act and this part, the transportation line bringing such alien to the United States shall be responsible initially for the payment of detention expenses if the district director or officer in charge having administrative jurisdiction over the port of arrival has reason to believe from the facts presented that such detention expenses may properly be assessed against the transportation line. In any such case the transportation line, at the option of the district director or officer in charge, shall be required to obligate itself in a manner satisfactory to such officer for the payment of the expenses referred to herein, and may be required to make payment in advance or deposit security, with respect to each alien so detained.

§ 233.6 *Termination of Government liability for detention expenses.* Any detention expenses and expenses incident thereto which are required to be borne by the Government under section 233 or 237 of the Immigration and Nationality Act shall continue to be borne by the Government until the alien is offered for deportation to the transportation line which brought him to the United States. Thereafter all detention expenses and expenses incident thereto shall be borne by such transportation line.

AR2022_200037

§ 233.7 *Place of detention.* Any alien who arrives in the United States by vessel or aircraft and who is ordered removed temporarily therefrom pending final decision as to his admissibility shall be detained at such appropriate place as shall be designated for that purpose by the district director or officer in charge having administrative jurisdiction over the port of arrival.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 233.31 *Collection of removal expenses.* Bills pertaining to removal expenses of an alien removed pursuant to section 233 of the Immigration and Nationality Act and this part shall be presented monthly or oftener, at the option of the district director or officer in charge, to the responsible transportation line.

§ 233.51 *Collection of detention expenses.* In all cases in which the Government has initially paid the detention expenses and expenses incident thereto and the deportation expenses of a detained alien, pursuant to section 233 or 237 of the Immigration and Nationality Act, bills pertaining to the detention and deportation expenses shall be presented monthly or oftener, at the option of the district director or officer in charge, to the responsible transportation line as soon as liability therefor is established to the satisfaction of the district director or officer in charge. Such expenses shall include, but shall not be limited to, expenses of maintenance, medical treatment in hospital or elsewhere, burial in the event of death and transfer to the vessel or aircraft in the event of deportation. At ports where the Service maintains hospitals, the hospital expenses shall be such as are fixed by the Service, and at other hospitals they shall be such as are fixed by the authorities thereof.

§ 233.52 *Reimbursement of transportation line for detention expenses in certain cases.* A transportation line which has paid the detention expenses referred to in § 233.5 shall, upon presentation of itemized receipts be reimbursed from the applicable appropriation of the Service if it is finally determined that the transportation line should not be assessed for the payment of such expenses. The reimbursement shall cover only reasonable amounts actually expended for such expenses, but the reimbursement for the cost of maintenance shall not, except in unusual circumstances and unless the expense was incurred with the prior approval of the district director or officer in charge having administrative jurisdiction over the port, exceed the maximum per diem allowance prescribed in section 836 of Title 5 of the United States Code in lieu of subsistence. No reimbursement shall be made for detention expenses incurred after the alien has been offered for deportation to the transportation line which brought him to the United States.

PART 235—INSPECTION OF ALIENS APPLYING FOR ADMISSION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
235.1  General qualifications and requirements for the admission of aliens.
235.2  Examination postponed.
235.3  Detention of aliens.
235.4  Admitted alien assisted.
235.5  Preexamination in certain parts of the United States; who may apply.
235.6  Pre-inspection in certain parts of the United States.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

235.11  Notice of referral to Special Inquiry Officer.
235.12  Referral of certain cases to district director or officer in charge.
235.13  Reading test.
235.14  Notation in passports.
235.15  Temporary exclusion.
235.51  Preexamination procedure.

AUTHORITY: §§ 235.1 to 235.51 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 213, 221, 235, 236, 237, 242, 252, 66 Stat. 167, 184, 185, 186, 188. 191, 198, 200, 201, 208, 230.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 235.1 *General qualifications and requirements for the admission of aliens.* The following general qualifications and requirements shall be met by an alien seeking to enter the United States regardless of whether he seeks to enter for permanent, indefinite, or temporary stay, and regardless of the purpose for which he seeks to enter:

(a) The alien shall apply in person at a place designated as a port of entry for aliens.

(b) The alien shall apply for admission at a time when the immigration office at the port is open for the inspection of applicants for admission.

(c) The alien shall make his application in person to an immigration officer.

(d) The alien shall present whatever documents are required.

(e) The alien shall establish to the satisfaction of the immigration officer that he is not subject to exclusion under the immigration laws, Executive orders, or Presidential proclamations and that he is entitled under all of the applicable provisions of the immigration laws and this chapter to enter the United States.

§ 235.2 *Examination postponed*—(a) *Alien and members of family.* Whenever an alien upon arrival, or pending the determination of his right to admission to the United States, is found or believed to be suffering from a disability which in the opinion of the examining immigration officer or special inquiry officer renders it impracticable to proceed with the examination under the Immigration and Nationality Act, the facts shall be reported to the district director or officer in charge having administrative jurisdiction over the port of arrival who shall determine whether the examination should proceed or be postponed. If the examination is postponed and the testimony of such alien is required to determine the admissibility of members of his family, the determination of such cases may be postponed in the discretion of such district director or officer in charge until the examination of such alien becomes practicable. If such alien's testimony is not so required, and if the alien's admission is in no manner necessary to the financial support of the remaining family members and he appears to be eligible for admission provided he recovers from the disability or no disability is found to exist, the family members may be examined forthwith and, if found eligible for admission to the United States, admitted:

(1) upon the deposit of a sum of money (or transportation ticket and money) sufficient to defray the expenses of conveying the alien whose case is postponed to his final destination; and

(2) upon the deposit of a further sum of money (or transportation ticket and money) sufficient to cover the cost of the service and transportation of a proper attendant from the port of arrival to the point of destination or deportation and return, if it appears to the officer in charge that such attendant is or may be necessary for the proper care and attention of the alien.

(b) *Accompanying alien.* If it appears to the examining immigration officer that an alien not found to be admissible is likely to be certified by the examining medical officer as helpless from sickness or mental or physical disability or infancy, pursuant to section 237 (e) of the Immigration and Nationality Act, the examination of any accompanying alien, whose protection or guardianship will be required by the alien not found admissible, shall be postponed pending decision of the case of the alien likely to be excluded.

§ 235.3 *Detention of aliens.* All aliens (including alien crewmen) arriving at a port in the United States by vessel or aircraft shall be detained aboard the vessel or at the airport of arrival by the master, commanding officer, purser, person in charge, agent, owner, or consignee of such vessel or aircraft until admitted or otherwise permitted to land by an officer of the Service. Notice or order to so detain shall not be required.

§ 235.4 *Admitted alien assisted.* Notwithstanding admission, and for reasons satisfactory to the district director or officer in charge, when facilities are available, any alien may remain a few days at an immigration station upon payment of the actual cost of such maintenance. If in such a case the delay in leaving the immigration station is due to accident or other unavoidable circumstances and the alien is without sufficient means to defray the expenses incident thereto, the district director or the officer in charge, may in his discretion, authorize such expense, but in such event he shall report the case promptly to the Central Office with full reasons for his action and request that the authorization be ratified.

§ 235.5 *Preexamination in certain parts of the United States; who may apply.* When an office of the Service is located in Hawaii, Alaska, Guam, Puerto Rico, the Virgin Islands of the United States, or any outlying posses-

AR2022_200038

sion of the United States, a person (whether an alien or one claiming United States nationality) who is residing, and is entitled under the immigration laws to reside permanently, in any of the places enumerated herein, and who intends to apply for temporary or permanent admission to any other part of the United States or outlying possession of the United States, may appear before the district director or the officer in charge having administrative jurisdiction over such office for examination as to his admissibility to the United States.

§ 235.6 *Pre-inspection in certain parts of the United States.* In the case of any aircraft proceeding from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States destined directly and without touching at a foreign port or place to any other of such places or to the continental United States, the examination required by the Immigration and Nationality Act of the passengers and crew may be made prior to the departure of the aircraft, and in such event, final determination of admissibility shall be made immediately prior to such departure. The examination shall be conducted in accordance with sections 235, 236, and 237 of the Immigration and Nationality Act and this part and Parts 236 and 237 of this chapter, except that if it appears to the examining immigration officer that any person in the United States being examined under this section is *prima facie* deportable from the United States, further action with respect to his examination shall be deferred and an application for a warrant of arrest shall be made and further proceedings conducted as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter. When the inspection procedure described above is applied to any aircraft, persons examined and found admissible shall be placed aboard the aircraft, or kept at the airport separate and apart from the general public until they are permitted to board the aircraft. No other person shall be permitted to depart on such aircraft until and unless he is found to be admissible as provided in this section.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 235.11 *Notice of referral to Special Inquiry Officer.* If, in accordance with the provisions of section 235 (b) of the Immigration and Nationality Act, the examining immigration officer detains an alien for further inquiry before a special inquiry officer, he shall immediately sign and deliver to the alien a notice To Alien Detained For Hearing By Special Inquiry Officer (Form I–122). If the alien is unable to read or understand the notice, it shall be read and explained to him by an employee of the Service, through an interpreter, if necessary, prior to such further inquiry.

§ 235.12 *Referral of certain cases to district director or officer in charge.* The immigration officer conducting the preliminary examination of an alien who is applying for admission to the United States for permanent residence and who

is liable to be excluded because he is likely to become a public charge or because of a physical disability other than tuberculosis, leprosy, or a dangerous contagious disease, shall refer the question of the alien's admission to the district director or officer in charge having administrative jurisdiction over the place where the examination is being conducted. The district director or officer in charge may, in his discretion, admit the alien on primary inspection, if the alien is otherwise admissible, in accordance with Part 213 of this chapter. If the district director or officer in charge does not so admit the alien, the question of his admission shall be referred to a special inquiry officer, and the special inquiry officer may, in his discretion, admit the alien, if he is otherwise admissible, in accordance with the provisions of Part 213 of this chapter.

§ 235.13 *Reading test.* Aliens who are subject to the provisions of section 212 (a) (25) of the Immigration and Nationality Act shall demonstrate their ability to read and understand matter printed in plainly legible type and in a language or dialect designated by the alien at the time of examination. In applying the reading test immigration officers shall use the printed and numbered test slips supplied by the Service for that purpose, and a record shall be made upon the manifest or hearing record of the special inquiry officer showing both the class and serial number of the slip used in each case and the language or dialect designated by the applicant and actually used in the examination. No two aliens listed upon the same manifest sheet shall be examined at seaports by the use of the same slip. If the examining immigration officer is unable to speak and understand the language or dialect in which the alien is examined, the services of an interpreter shall be used for interpreting into spoken English the printed matter read by the alien. Whenever because of lack of the qualified interpreters necessary for the observance of the general method prescribed herein, or for any other reason, it is impracticable to adopt said general method, immigration officers may employ such other means as will clearly demonstrate the alien's ability, or lack of ability, to read and understand what he has read.

§ 235.14 *Notation in passports.* Whenever an alien admitted temporarily to the United States is issued a Form 257a or Form I–94C, the admitting officer shall, by means of a stamp, record on the passport presented by the alien the word "Admitted" and the date and place of admission. There shall be inscribed in the passport as a part of such notation the visa application number (including any letters that are part thereof) appearing on the form 257a, if such number does not appear in the passport visa, or the serial number (including any letters that are part thereof) of the Form I–94C. Whenever an alien is admitted permanently to the United States, the admitting immigration officer shall, by means of a stamp, record on any passport presented by the alien the word

"Admitted," the date and place of admission, and the section of law under which the alien is admitted.

§ 235.15 *Temporary exclusion*—(a) *Report.* Any immigration officer who temporarily excludes an alien under the provisions of section 235 (c) of the Immigration and Nationality Act shall report such action promptly to the district director having administrative jurisdiction over the port at which such alien arrived. If the subject of the report is an alien who seeks to enter the United States other than under section 101 (a) (15) (D) of the Immigration and Nationality Act, the report shall be forwarded by the district director to the Commissioner and further action shall be taken thereon as provided in paragraph (c) of this section.

(b) *Action in cases of alien crewmen.* If the subject of the report is an alien crewman who seeks to land as a nonimmigrant pursuant to section 101 (a) (15) (D) of the Immigration and Nationality Act, the district director shall determine whether the crewman is inadmissible to the United States under paragraph (27), (28), or (29) of section 212 (a) of that Act. If the district director is satisfied that the crewman is excludable under any of such paragraphs on the basis of information of a confidential nature, the disclosure of which the district director, in the exercise of his discretion, concludes would be prejudicial to the public interest, safety, or security, he shall direct the examining immigration officer not to grant such crewman a conditional permit to land, and the reasons for taking such action shall not be disclosed to the crewman. Otherwise, the case shall be returned by the district director to an examining immigration officer to determine whether a conditional permit to land should be granted such crewman pursuant to section 252 of the Immigration and Nationality Act.

(c) *Action by Commissioner.* If the Commissioner is satisfied that the alien is inadmissible to the United States under paragraph (27), (28), or (29) of section 212 (a) of the Immigration and Nationality Act and if the Commissioner, in the exercise of his discretion, concludes that such inadmissibility is based on information of a confidential nature the disclosure of which would be prejudicial to the public interest, safety, or security, he may (1) deny any hearing or further hearing by a special inquiry officer and order such alien excluded and deported; or (2) enter such other order in the case as he deems appropriate. In any other case the Commissioner shall direct that the alien be given a hearing or further hearing before a special inquiry officer.

(d) *Finality of decision.* The decision of the district director or the Commissioner provided for in paragraphs (b) and (c) of this section respectively shall be final and no appeal may be taken therefrom. The decision of the Commissioner shall be in writing, signed by him and, unless it contains confidential matter, a copy shall be served on the alien. If the decision contains confidential matter, a separate order showing only the ultimate disposition of the case

AR2022_200039

## RULES AND REGULATIONS

shall be signed by the Commissioner and served on the alien.

(e) *Hearing by special inquiry officer.* In any case in which the Commissioner directs that an alien temporarily excluded be given a hearing or further hearing before a special inquiry officer, such hearing and all further proceedings in the case shall be conducted in accordance with the provisions of section 236 and other applicable sections of the Immigration and Nationality Act to the same extent as though the alien had been referred to a special inquiry officer by the examining immigration officer; except, that if confidential information, not previously considered in the case, is adduced supporting the exclusion of the alien under paragraph (27), (28), or (29) of section 212 (a) of the Immigration and Nationality Act, the disclosure of which, in the discretion of the special inquiry officer, may be prejudicial to the public interest, safety, or security, the special inquiry officer may again temporarily exclude the alien under the authority of section 235 (c) of the Immigration and Nationality Act and further action shall be taken as provided in this section.

§ 235.51 *Preexamination procedure—* (a) *Action by district director or officer in charge*—(1) *Applicant eligible for permanent residence.* The district director or officer in charge shall cause such investigation of the applicant to be conducted as he deems necessary. If such officer is satisfied (i) that the person is eligible to apply under § 235.5; (ii) that any claim to United States nationality has been established; and (iii) that the person is clearly and beyond a doubt admissible for permanent residence without a visa and passport to the place to which destined, he shall cause to be prepared and issued to such person a Form I-94F and shall note on the reverse side thereof the place and date of the preexamination and the words "Issued under 8 CFR 235.5" followed by the signature of the issuing officer in the space provided. The names and ages of children under 14 may be included in the Form I-94F prepared for an accompanying parent or guardian.

(2) *Applicant eligible for temporary admission only.* The district director or officer in charge shall cause such investigation of the applicant to be conducted as he deems necessary. If the applicant is within the purview of the proviso to section 212 (d) (7) of the Immigration and Nationality Act and is eligible under said Act for temporary admission only, without a visa and passport, the district director or officer in charge shall cause to be prepared and issued to the applicant a complete set of Forms I-94 if he is satisfied that the applicant is clearly and beyond a doubt admissible to the place to which destined. The Forms I-94 shall be noted as provided above for the Form I-94F. The names and ages of children under 14 may be included in the Forms I-94 prepared for an accompanying parent or guardian.

(b) *Action at port of arrival.* If the person to whom a Form I-94 has been issued in accordance with paragraph (a) of this section applies for admission within 30 days of the notation of the preexamining officer and there has been no subsequent change in the person's immigration status, he may be admitted upon identification. Upon admission, the form or forms presented shall be surrendered as provided in § 221.3 of this chapter. If, notwithstanding the determination made on preexamination, the examining immigration officer at the port of entry is not satisfied of the person's admissibility, further action shall be taken as provided in sections 235, 236, and 237 of the Immigration and Nationality Act, this part, and Parts 236 and 237 of this chapter, unless it appears to such examining immigration officer that such person would be *prima-facie* deportable under the Immigration and Nationality Act from that part of the United States or possession of the United States from which he came, in which event an application for a warrant of arrest shall be made, and further proceedings conducted, as procided in Part 242 of this chapter. In such case further action on the application for admission shall be deferred pending disposition of the proceedings under Part 242 of this chapter.

(c) *Aliens not eligible.* If the district director or officer in charge is not satisfied that the alien is eligible for temporary or permanent admission under this section he shall not issue a Form I-94. No appeal shall lie from the decision of the district director or officer in charge refusing issuance of a Form I-94 under this part but such refusal shall be without prejudice to a subsequent application for admission at the place of intended destination.

## PART 236—EXCLUSION OF ALIENS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
236.1    Authority of special inquiry officers.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

236.11   Conduct of hearing.
236.12   Decision of special inquiry officer.
236.13   Advice to alien found excludable.
236.14   Finality of decision.
236.15   Appeal by alien.
236.16   Appeal by district director or officer in charge.
236.17   Fingerprinting of excluded aliens; photographs.

AUTHORITY: §§ 236.1 to 236.17 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 212, 221, 235, 236, 263, 66 Stat. 183, 191, 198, 200, 224.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 236.1    *Authority of special inquiry officers.* Subject to any specific limitation prescribed by this chapter and by the Immigration and Nationality Act, special inquiry officers shall, in determining cases referred to them for further inquiry as provided in section 235 of the Immigration and Nationality Act, exercise such discretion and authority conferred upon the Attorney General by said Act as is appropriate and necessary for the disposition of such cases.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 236.11    *Conduct of hearing*—(a) *General provisions; duties of special in-*

*quiry officers.* At the commencement of the hearing the special inquiry officer shall enter of record as an exhibit in the case a copy of the Form I-122 previously delivered to the alien by the examining immigration officer as provided in Part 235 of this chapter. The special inquiry officer shall rule upon objections, introduce material and relevant evidence in behalf of the Government and the alien, and otherwise regulate the course of the hearing, and exercise such other powers and authority as are conferred upon him by the Immigration and Nationality Act and this chapter. If the alien has a relative or a friend present at the hearing who is a witness in the case, the testimony of the relative or friend shall be completed before he is permitted to remain at the hearing, unless, in the discretion of the special inquiry officer, his presence before testifying will not be prejudicial to a proper determination of the case. During the course of the hearing the alien's attorney or representative shall be permitted to examine the alien and he, or the alien, shall be permitted to examine any witnesses offered in the alien's behalf, to cross-examine any witnesses called by the Government, to offer evidence material and relevant to any matter in issue, and to make objections which shall be stated succinctly and entered on the record. Argument in support of objections and any irrelevant material or unduly repetitious matter shall be excluded from the record. If the alien is not represented by an attorney or representative, the special inquiry officer shall advise the alien of his rights, as described in this section, and shall assist the alien in the presentation of his case to the end that all of the material and relevant facts may be adduced.

(b) *Development of facts relating to penalties incurred by transportation company.* In all cases in which there is reason to believe that any administrative fine prescribed may have been incurred, the special inquiry officer shall develop in the course of the hearing all facts and circumstances material to a determination of liability to such fine.

(c) *Medical examiner as witness.* Whenever the certificate of an examining surgeon does not adequately describe the nature, character, and extent of the physical defect, disease, or disability which may affect the ability of the alien to earn a living and the alien has not affirmatively established that he will not have to earn a living, the special inquiry officer shall call the examining surgeon as a witness and interrogate him fully as to the particular nature, character, and extent of the defect, disease, or disability. Such testimony shall be made a part of the record.

(d) *Record in illiteracy cases.* In all cases in which the reading test is applied and aliens are rejected as unable to read and understand, the record shall, in addition to the number of the reading card used, clearly set forth (1) that the alien designated the particular language used in the test, (2) the complete English text appearing on the card, (3) a definite finding by the special inquiry officer as to the degree to which the alien failed to read and understand, and (4) if the alien

AR2022_200040

claims to be within any class exempted from the test, a definite finding by the special inquiry officer as to the validity of such claim.

§ 236.12 *Decision of special inquiry officer.* Whenever an alien is excluded by a special inquiry officer he shall be advised of the decision of such officer and the reasons therefor and, if the alien is entitled to appeal to the Board, he shall be so advised. If at the conclusion of the hearing the special inquiry officer admits the alien, he shall so state for the record and, if no appeal is taken from such decision, the special inquiry officer shall take further action as provided in Part 221 of this chapter with respect to notation and disposition of documents.

§ 236.13 *Advice to alien found excludable*—(a) *Return voyage.* An excluded alien shall be informed of the provisions of section 237 (a) of the Immigration and Nationality Act relating to the transportation expenses of his deportation from the United States, and to the class of travel in connection therewith. If the alien is entitled to refund of passage money he shall be so informed.

(b) *Permission to reapply.* The special inquiry officer excluding an alien shall advise him of the provisions of the Immigration and Nationality Act and of this chapter relating to the necessity of obtaining permission to reapply for admission to the United States should he desire to reapply within one year from his deportation under the excluding decision. The fact that such advice has been given to the alien of that notification shall be noted in the record together with the alien's foreign address. In cases in which the alien is excluded for causes which can readily be removed or overcome, he may be advised by the special inquiry officer that the application for permission to reapply for admission may then and there be made. If the alien does not appeal from the excluding decision and desires to make such application, the special inquiry officer may, in his discretion grant him permission to reapply for admission. Written notification of such permission shall be furnished to the alien for his use in subsequent proceedings. If the application for permission to reapply is denied by the special inquiry officer no appeal shall lie from such denial, but it shall be without prejudice to any further application made by the applicant pursuant to § 212.6 of this chapter. If an appeal is taken from a decision of the special inquiry officer as provided in section 236 (b) of the Immigration and Nationality Act, the decision on appeal, if adverse to the alien, may grant him permission to reapply for admission within one year.

(c) *Alien certified for mental condition; right of medical appeal.* An alien certified under paragraphs (1), (2), (3), (4), or (5) of section 212 (a) of the Immigration and Nationality Act shall be advised of his right to appeal to a board of medical officers of the United States Public Health Service, and of his right to produce before such board one expert medical witness at the alien's own cost and expense. In the event the alien desires to appeal to such medical board, the district director or officer in

charge having administrative jurisdiction over the office in which the proceedings are pending shall, in conformity with regulations prescribed by the United States Public Health Service, make such arrangements with the office of the Surgeon General as may be necessary for the convening of such medical board.

(d) *Notice of possible appeal by officer in charge.* In any case falling within the purview of § 236.16 in which the decision of the special inquiry officer is to admit the alien, the special inquiry officer shall advise the alien at the conclusion of the hearing that the decision is not final and is subject to possible appeal by the district director or officer in charge having administrative jurisdiction over the office in which the hearing was conducted, and that such appeal may be taken within a period of 5 days after a transcript of the record is made available to such district director or officer in charge.

(e) *Contents of record.* The exact language employed in conveying information to an alien in accordance with this section, and the alien's replies or acknowledging statements, shall be made a part of the record in the case.

§ 236.14 *Finality of decision.* The decision of the special inquiry officer shall be final except when:

(a) The case has been certified to the Assistant Commissioner, Inspections and Examinations Division, as provided in § 7.1 (b) of this chapter, or certified to the Board as provided in § 6.1 (c) of this chapter; or

(b) The alien takes an appeal as provided in § 236.15; or

(c) The district director or officer in charge takes an appeal as provided in § 236.16.

§ 236.15 *Appeal by alien.* If an alien desires to take an appeal from a decision of a special inquiry officer he shall be required to state for the record immediately following the decision of the special inquiry officer (a) whether or not he takes an appeal from the decision and, (b) whether or not he desires to file a brief in support of his appeal. If the alien desires to appeal, he shall thereupon be required to submit a completed Form I–290A. If the alien desires to file a brief, he shall be allowed 5 days from the date of the decision within which to submit his brief to the district director or officer in charge having administrative jurisdiction over the office in which the proceeding was conducted. Upon good cause shown, such district director or officer in charge, or the special inquiry officer who presided at the hearing, or the Board may, in their discretion, extend the time within which the brief may be submitted. In any case in which the alien has stated that he desires to submit a brief, he may, within the period allowed for the submission of such brief, file with the district director or officer in charge a written waiver thereof.

§ 236.16 *Appeal by district director or officer in charge.* The district director or officer in charge having administrative jurisdiction over the office in which the hearing was conducted may require

any case or classes of cases to be referred to him for review in which the decision of the special inquiry officer is to admit the alien. The district director or officer in charge shall, within 5 days after receipt of the transcript of the record in any such case, determine whether or not he desires to appeal to the Board. If an appeal is taken by the district director or officer in charge, written notice thereof shall be delivered to the alien and the alien shall be advised that he may make such representations to the Board as he may desire, including the filing of a brief. If the alien desires to file a brief, he shall be allowed 5 days from receipt of notification of appeal within which to file a brief with the district director or officer in charge for transmittal to the Board with the record in the case. The filing of such brief may be waived by the alien. For good cause shown, such district director, officer in charge, or the special inquiry officer who presided at the hearing, or the Board, may in their discretion, extend the time within which the brief may be submitted.

§ 236.17 *Fingerprinting of excluded aliens; photographs.* Every alien 14 years of age or older who is excluded from admission to the United States by a special inquiry officer shall be fingerprinted, unless during the preceding year he has been fingerprinted at an American consular office. Any alien so excluded, regardless of his age, shall be photographed if a photograph is required by the district director or officer in charge having administrative jurisdiction over the office in which the proceeding was conducted.

---

## PART 237—DEPORTATION OF EXCLUDED ALIENS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
237.1  Stay of deportation of excluded alien.
237.2  Cost of maintenance not assessed.
237.3  Imposition of penalty.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

237.11  Request for stay of deportation; detention expenses.
237.12  Notice to transportation line of alien's exclusion.
237.13  Notice to district director of proposed departure.
237.14  Aliens rejected at ports outside the United States.
237.15  Excluded aliens requiring special care and attention.
237.21  Submission of proof by transportation line.

AUTHORITY: §§ 237.1 to 237.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 233, 237, 238, 243, 280, 66 Stat. 197, 201, 202, 214, 230.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 237.1 *Stay of deportation of excluded alien.* The immediate deportation of an excluded alien as provided in section 237 (a) of the Immigration and Nationality Act may be stayed in the discretion of district directors, upon a determination that immediate deportation is not practicable or proper, or that the alien's testimony is necessary in behalf of the United States as provided in section 237 (d) of that Act.

§ 237.2 *Cost of maintenance not assessed.* Whenever the owner or owners of a vessel or aircraft, in order to exempt the transportation line from liability for the cost of the alien's maintenance, seek to establish that the ground of exclusion could not have been ascertained by the exercise of due diligence prior to the alien's embarkation as provided in section 237 (a) (2) (B) of the Immigration and Nationality Act, such claim shall be established to the satisfaction of the district director having administrative jurisdiction over the port of arrival. No appeal shall lie from a decision adverse to such claim.

§ 237.3 *Imposition of penalty.* Penalties for violation of sections 233 and 237 of the Immigration and Nationality Act shall be imposed in accordance with the provisions of Part 280 of this chapter. A bond or undertaking submitted to obtain clearance as provided in section 237 (b) of that Act shall be on Form I–310.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 237.11 *Request for stay of deportation; detention expenses.* A stay of deportation may be authorized by the district director having administrative jurisdiction over the place where the alien is located on his own instance, or upon a written request of the alien filed with the district director setting forth under oath the reasons for requesting such stay. The district director may, in his discretion, grant or deny the alien's request. No appeal shall lie from a denial of a request for a stay. In case the alien is detained, whether at the expense of the Government or the transportation line, the request of the alien for a stay shall not be granted unless sufficient cash is deposited to defray the cost of his continued detention and expenses incident thereto for the period of time deportation is requested to be stayed, or, in lieu of cash, a bond acceptable to the district director is given guaranteeing the payment of all such expenses. In any case in which a stay is granted under section 237 (d) of the Immigration and Nationality Act and the alien is detained by the Service, the district director may, in his discretion, authorize the alien's release under bond on Form I–324 as provided in section 237 (d) of that Act and under such terms and conditions as the district director may, in his discretion, prescribe.

§ 237.12 *Notice to transportation line of alien's exclusion.* Whenever it is determined that an alien shall be excluded and deported the alien shall, immediately or as promptly as the circumstances permit, be offered for deportation to the master, commanding officer, purser, person in charge, agent, owner or consignee of the vessel or aircraft by which the alien is to be deported, as determined by the district director, with a notice specifying the cause of exclusion and the class of travel in which such alien arrived and in which the alien is to be deported.

§ 237.13 *Notice to district director of proposed departure.* At least 24 hours'

notice of the time of sailing of every vessel which has brought aliens to the United States shall be given to the district director or officer in charge having administrative jurisdiction over the port at which such vessel arrived: *Provided,* That such district director or officer in charge may, in his discretion, accept notice that is given less than 24 hours in advance of sailing whenever it appears to such officer that it was impossible or impracticable for the transportation line to furnish such information earlier.

§ 237.14 *Aliens rejected at ports outside the United States.* Any alien destined to the United States, who has been brought to a port in foreign contiguous territory or adjacent islands by a transportation line signatory to a contract made pursuant to section 233 (a) of the Immigration and Nationality Act, and who is there excluded from admission to the United States, shall be returned to the country whence he came by the transportation line bringing him unless, upon examination by officials of such territory or island, such alien is admitted to such territory or island.

§ 237.15 *Excluded aliens requiring special care and attention.* The provisions of § 243.11 of this chapter shall apply to the deportation of aliens under this part.

§ 237.21 *Submission of proof by transportation line.* A transportation line claiming exemption from liability for the cost of the alien's maintenance in accordance with the provisions of § 237.2 shall be afforded a reasonable period of time, as determined by the district director, within which to submit to the district director affidavits and briefs in support of its claim.

---

PART 238—ENTRY THROUGH OR FROM FOREIGN CONTIGUOUS TERRITORY AND ADJACENT ISLANDS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
238.1  Inspection outside the United States.
238.2  Contracts with transportation lines.
238.3  Contracts and bonding agreement for certain transit aliens.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

238.11  Preexamination outside the United States.

AUTHORITY: §§ 238.1 to 238.11 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 221, 235, 236, 237, 238, 66 Stat. 192, 198, 200, 201, 202.

#### SUBPART A—SUBSTANTIVE PROVISIONS

§ 238.1 *Inspection outside the United States.* All inspections and medical examinations which may be conducted in foreign contiguous territory or adjacent islands under the provisions of section 238 of the Immigration and Nationality Act, shall be in all respects similar to those conducted at ports of entry in the United States, and officials of the United States making the inspections and examinations required under the immigration laws of the United States shall be provided with all necessary facilities.

§ 238.2 *Contracts with transportation lines.* The contracts with transportation

lines including bonding agreements, referred to in section 238 of the Immigration and Nationality Act, shall be made by the Commissioner in behalf of the government, and shall be in such form as the Commissioner shall prescribe.

§ 238.3 *Contracts and bonding agreement for certain transit aliens.* Transportation lines desiring to bring to the United States aliens in direct and continuous transit through the United States en route to foreign destinations in accordance with the provisions of section 238 (d) of the Immigration and Nationality Act shall apply to the Commissioner for the privilege of entering into a contract, including a bonding agreement. Such contract, if agreed to by the Commissioner shall be on Form I–426 or I–426A in duplicate, whichever the Commissioner deems appropriate, and shall require the transportation line to furnish a bond on Form I–318 or I–318A, as designated by the Commissioner, containing such terms and conditions as the Commissioner shall require and guaranteeing that any aliens permitted to pass through the United States pursuant to the agreement will proceed and depart in accordance with the terms and conditions of the agreement.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 238.11 *Preexamination outside the United States—*(a) *Who may apply.* Subject to the limitations hereinafter provided, whenever officers of the Service are stationed in foreign contiguous territory or adjacent islands, persons (whether citizens or nationals of the United States or aliens) who intend to apply for admission to the United States may appear before such officer to be preexamined as to their admissibility to the United States. Persons required by the Immigration and Nationality Act and this chapter to be in possession of a permit to enter or a passport shall not be preexamined unless such permit to enter or passport is presented,

(b) *Preparation of Form I–94.* A full set of Forms I–94 shall be prepared by an immigration officer for an alien presenting himself for preexamination if such set of forms would be required to be prepared under the provisions of § 221.2 of this chapter were the alien applying at a port of entry for admission to the United States. If a full set of Forms I–94 would not be so required and if the applicant is an alien not in possession of a permit to enter, or if the applicant is a citizen or a national of the United States, the immigration officer shall prepare a Form I–94F for the applicant. The names and ages of children under 14 years of age may be included in the Form I–94 prepared for an accompanying parent or guardian.

(c) *Procedure when applicant is found to be admissible.* If the examining officer determines that the applicant being preexamined is admissible to the United States he shall note that determination on the Form I–94E, I–94F, I–132, 256a or 257d prepared for or presented by the applicant, and return the form (attached to any other pertinent immigration documents) to the applicant for presentation and surrender at the actual

AR2022_200042

port of entry in the United States. If the applicant applies for admission to the United States at a port of entry to the United States within 30 days from the finding of admissibility by the notation of the preexamining officer and there has been no subsequent change in the applicant's immigration status, the applicant may be admitted upon identification, provided he presents valid, unexpired documents as required by the Immigration and Nationality Act and this chapter in the case of a person applying for admission without having been preexamined. The port of entry into the United States shall be the "record" port of entry for all purposes. If notwithstanding the determination on preexamination, the examining immigration officer at the port of entry is not satisfied that the applicant is admissible, further action shall be taken as provided in sections 235, 236, and 237 of the Immigration and Nationality Act and Parts 235, 236, and 237 of this chapter to the same extent as though the alien had not been preexamined.

(d) *Procedure when applicant is not found to be admissible.* If the examining immigration officer is not satisfied that the applicant being preexamined is admissible to the United States, further action shall be taken as provided in sections 235, 236, and 237 of the Immigration and Nationality Act and Parts 235, 236, and 237 of this chapter to the same extent as though the applicant were applying for admission at a port of entry, except that if the applicant is found to be admissible by a special inquiry officer or on appeal, the provisions of paragraph (c) of this section shall govern the further disposition of the case.

PART 239—SPECIAL PROVISIONS RELATING TO AIRCRAFT; DESIGNATION OF PORTS OF ENTRY FOR ALIENS ARRIVING BY CIVIL AIRCRAFT

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
239.1 Definitions.
239.2 Landing requirements.
239.3 Aircraft; how considered.
239.4 International airports for entry of aliens.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 239.1 to 239.4 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 231, 239, 66 Stat. 195, 203.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 239.1 *Definitions.* As used in this part, the term "scheduled airline" means any individual, partnership, corporation, or association engaged in air transportation upon regular schedules to, over, or away from the United States, or from one place to another in the United States, and holding a Foreign Air Carrier Permit or a Certificate of Public Convenience and Necessity issued pursuant to the Civil Aeronautics Act of 1938.

§ 239.2 *Landing requirements*—(a) *Place of landing.* Aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act shall land at the international airports enumerated in § 231.7 of this chapter unless permission to land elsewhere

shall first be obtained from the Commissioner of Customs in the case of aircraft operated by scheduled airlines, and in all other cases from the Collector of Customs or other Customs officer having jurisdiction over the airport of entry nearest the intended place of landing. Whenever such permission is granted, the owner, operator, or person in charge of the aircraft shall pay any additional expenses incurred in inspecting passengers or crew on board such aircraft, except that when permission is granted to a scheduled airline to land an aircraft operating on a schedule no inspection charge shall be made for overtime service performed by immigration officers if the aircraft arrives substantially in accordance with schedules on file with the Service.

(b) *Advance notice of arrival.* Aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act, except aircraft of a scheduled airline arriving in accordance with the regular schedule filed with the Service at the place of landing, shall not land unless notice of the intended flight has been furnished to the immigration officers at or nearest the intended place of landing. Such notice shall specify the type of aircraft, the registration marks thereon, the name of the aircraft commander, the place of last departure, the airport of entry, or other place at which landing has been authorized, number of alien passengers, number of citizen passengers, and the estimated time of arrival. The notice shall be sent in sufficient time to enable the officers designated to inspect the aircraft to reach the airport of entry or such other place of landing prior to the arrival of the aircraft.

(c) *Permission to discharge or depart.* Aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act shall not discharge or permit to depart any passenger or crewman without permission from an immigration officer.

(d) *Emergency or forced landing.* Should any aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act make a forced landing in the United States, the commanding officer or person in command shall not allow any passenger or crewman thereon to depart from the landing place without permission of an immigration officer, unless such departure is necessary for purposes of safety or the preservation of life or property. As soon as practicable, the commanding officer or person in command, or the owner of the aircraft, shall communicate with the nearest immigration officer and make a full report of the circumstances of the flight and of the emergency or forced landing.

§ 239.3 *Aircraft; how considered.* Except as otherwise specifically provided in the Immigration and Nationality Act and this chapter, aircraft arriving in or departing from the continental United States or Alaska directly from or to foreign contiguous territory or the French islands of St. Pierre or Miquelon shall be regarded for the purposes of the Immigration and Nationality Act and

this chapter as other transportation lines or companies arriving or departing over the land borders of the United States.

§ 239.4 *International airports for entry of aliens.* International airports for the entry of aliens shall be those airports designated as such by the Commissioner. An application for designation of an airport as an international airport for the entry of aliens shall be made to the Commissioner and shall state whether the airport (a) has been approved by the Secretary of Commerce as a properly equipped airport, (b) has been designated by the Secretary of the Treasury as a port of entry for aircraft arriving in the United States from any place outside thereof and for the merchandise carried thereon, and (c) has been designated by the Federal Security Administrator as a place for quarantine inspection. An airport shall not be so designated by the Commissioner without such prior approval and designation, and unless it appears to the satisfaction of the Commissioner that conditions render such designation necessary or advisable, and unless adequate facilities have been or will be provided at such airport without cost to the Federal Government for the proper inspection and disposition of aliens, including office space and such temporary detention quarters as may be found necessary. The designation of an airport as an international airport for the entry of aliens may be withdrawn whenever, in the judgment of the Commissioner, there appears just cause for such action.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 242—ALIENS: APPREHENSION, CUSTODY AND DETERMINATION OF DEPORTABILITY

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
242.1 Warrant of arrest.
242.2 Detention or release of aliens from custody.
242.3 Release.
242.4 Voluntary departure prior to commencement of hearing; authority.
242.5 Hearing.
242.6 Authority of special inquiry officers.
242.7 Reinstatement of prior order of deportation; authority.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

242.11 Investigations.
242.12 Applications for warrants of arrest.
242.13 Issuance of warrants of arrest.
242.14 Execution of warrants of arrest.
242.21 Report to district director of continued detention.
242.31 Release prior to entry of order of deportation; conditions.
242.32 Release after order of deportation; conditions.
242.33 Warning of penal provision.
242.34 Institution cases.
242.35 Cost of maintenance pending deportation.
242.41 Voluntary departure prior to commencement of hearing; procedure.
242.42 Revocation of grant of voluntary departure.
242.51 Hearing; time for.
242.52 Notice of hearing.
242.53 Conduct of hearing.
242.54 Contents of record; evidence.

Sec.
242.61 Decision of special inquiry officer.
242.71 Apprehension of alien.
242.72 Release from custody.
242.73 Conduct of hearing; decision; finality of order.
242.74 Relief from deportation.
242.75 Scope of hearing.
242.76 Scope of decision.
242.77 Appeal.

AUTHORITY: §§ 242.1 to 242.77 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 242, 244, 287, 292, 66 Stat. 208, 214, 233, 235.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 242.1 *Warrant of arrest*—(a) *Issuance.* Subject to the limitations provided in this part, district directors, district enforcement officers, district officers and the assistant district officers who are in charge of investigations, and officers in charge of suboffices may issue warrants of arrest.

(b) *Cancellation; termination of proceedings.* In any case in which a warrant of arrest has been issued by any of the officers described in paragraph (a) of this section, the district director having administrative jurisdiction over the case may (1) cancel the warrant of arrest if it has not been served, or (2) prior to the actual commencement of the hearing under a served warrant of arrest, terminate proceedings thereunder, if in either case, he is satisfied clearly and beyond a doubt on the evidence then before him that the alleged alien is actually a national of the United States, or is not deportable under the immigration laws, or is deceased, or has departed from the United States subsequent to the issuance of the warrant of arrest.

§ 242.2 *Detention or release of aliens from custody.* District directors, district enforcement officers, or officers in charge may exercise the authority contained in section 242 of the Immigration and Nationality Act to continue in, detain in, or release aliens from, custody.

§ 242.3 *Release*—(a) *Prior to final order.* Except as provided in § 242.72, pending final determination of deportability, an alien taken into or continued in custody under a warrant of arrest in a deportation proceeding may be detained, released under bond on Form I-353, or released on conditional parole, in the discretion of the district director, the district enforcement officer, or the officer in charge having administrative jurisdiction over the place where the alien is detained. Such bond or parole may be revoked at any time in the discretion of any of such officers.

(b) *After final order of deportation; within six months' period*—(1) *Alien detained.* Except as provided in § 242.72, at any time during the period of six months immediately following the date of the making of the final order of deportation as determined under section 242 (c) of the Immigration and Nationality Act, the alien, if then in custody of the Service, may be released under bond on Form I-353, or on conditional parole, in the discretion of the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the place where the alien is detained. Such bond or parole may be revoked at any time in the discretion of any of such officers.

(2) *Alien previously released under bond.* During the period of 6 months following the date of the making of a final order of deportation as determined under section 242 (c) of the Immigration and Nationality Act, in the discretion of the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office which authorized the alien's release, an alien previously released under bond pending final determination of deportability pursuant to paragraph (a) of this section may be (i) continued at liberty under such bond, (ii) continued at liberty under such bond but with such other or additional conditions as then are deemed appropriate, (iii) continued at liberty under conditional parole in lieu of bond, in which event the outstanding bond shall be revoked and canceled, or (iv) taken into physical custody and detained, in which event, unless a breach has occurred, the outstanding bond shall be revoked and canceled.

(3) *Alien previously released on conditional parole.* During the period of six months following the date of the making of a final order of deportation as determined under section 242 (c) of the Immigration and Nationality Act, in the discretion of the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office which authorized the alien's release, an alien previously released on conditional parole pending final determination of deportability pursuant to paragraph (a) of this section may be (i) continued at liberty under such parole, (ii) continued at liberty under such parole but with such other or additional terms as then are deemed appropriate, (iii) continued at liberty under bond in lieu of conditional parole, in which event the outstanding conditional parole order shall be revoked and canceled, or (iv) taken into physical custody and detained, in which event the outstanding conditional parole order shall be revoked and canceled.

(c) *Release; supervision after six month's period has expired; warning of penal provisions.* An alien against whom an order of deportation has been outstanding for more than six months shall, pending deportation, be placed under supervision by the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office in which the detention or release of such alien was authorized. An alien placed under supervision pursuant to this paragraph shall be advised of the penal provisions of section 242 (d) of the Immigration and Nationality Act. Aliens placed under such supervision shall, among other things, be required to:

(1) Appear from time to time at specified times or intervals before an officer of the Service for identification;

(2) Submit, if necessary, to medical and psychiatric examination at government expense;

(3) Give information under oath as to his nationality, circumstances, habits, associations and activities, and other

alien is detained. Such bond or parole may be revoked at any time in the discretion of any of such officers.

(2) *Alien previously released under bond.* During the period of 6 months following the date of the making of a final order of deportation as determined under section 242 (c) of the Immigration and Nationality Act, in the discretion of the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office previously released under bond pending final determination of deportability pursuant to paragraph (a) of this section may be (i) continued at liberty under such bond, (ii) continued at liberty under such bond but with such other or additional conditions as then are deemed appropriate, (iii) continued at liberty under conditional parole in lieu of bond, in which event the outstanding bond shall be revoked and canceled, or (iv) taken into physical custody and detained, in which event, unless a breach has occurred, the outstanding bond shall be revoked and canceled.

(3) *Alien previously released on conditional parole.* During the period of six months following the date of the making of a final order of deportation as determined under section 242 (c) of the Immigration and Nationality Act, in the discretion of the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office which authorized the alien's release, an alien previously released on conditional parole pending final determination of deportability pursuant to paragraph (a) of this section may be (i) continued at liberty under such parole, (ii) continued at liberty under such parole but with such other or additional terms as then are deemed appropriate, (iii) continued at liberty under bond in lieu of conditional parole, in which event the outstanding conditional parole order shall be revoked and canceled, or (iv) taken into physical custody and detained, in which event the outstanding conditional parole order shall be revoked and canceled.

(c) *Release; supervision after six month's period has expired; warning of penal provisions.* An alien against whom an order of deportation has been outstanding for more than six months shall, pending deportation, be placed under supervision by the district director, district enforcement officer, or officer in charge having administrative jurisdiction over the office in which the detention or release of such alien was authorized. An alien placed under supervision pursuant to this paragraph shall be advised of the penal provisions of section 242 (d) of the Immigration and Nationality Act. Aliens placed under such supervision shall, among other things, be required to:

(1) Appear from time to time at specified times or intervals before an officer of the Service for identification;

(2) Submit, if necessary, to medical and psychiatric examination at government expense;

(3) Give information under oath as to his nationality, circumstances, habits, associations and activities, and other

information whether or not related to the foregoing as may be deemed fit and proper; and

(4) Conform to such reasonable written restrictions on his conduct or activities as may be prescribed.

§ 242.4 *Voluntary departure prior to commencement of hearing; authority.* Subject to the limitations contained in § 242.41, the authority contained in section 242 (b) of the Immigration and Nationality Act to permit aliens to depart voluntarily from the United States may be exercised by district directors and officers in charge.

§ 242.5 *Hearing.* The person against whom a warrant of arrest has been issued and upon whom it has been served shall be referred to as the respondent. The proceedings before a special inquiry officer under section 242 (b) of the Immigration and Nationality Act shall be termed a hearing.

§ 242.6 *Authority of special inquiry officers.* In determining cases submitted for hearing, special inquiry officers shall exercise the authority contained in section 242 (b) of the Immigration and Nationality Act to order deportation, and the authority contained in section 244 of the Immigration and Nationality Act to suspend deportation and to authorize voluntary departure, subject to the limitations contained in this part and in Parts 6 and 7 of this chapter.

§ 242.7 *Reinstatement of prior order of deportation; authority.* Subject to the limitations hereinafter provided, the authority contained in section 242 (f) of the Immigration and Nationality Act to find that an alien has unlawfully reentered the United States after having previously departed or been deported pursuant to an order of deportation shall be exercised by special inquiry officers.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 242.11 *Investigations*—(a) *Persons believed to be subject to deportation.* The case of every person believed to be subject to arrest and deportation shall be investigated by such officer as may be designated for that purpose.

(b) *Purpose of investigation.* The purpose of the investigation shall be to discover whether or not a prima facie case for deportation exists; that is, whether there is credible evidence reasonably establishing that the person investigated is an alien and that he is subject to deportation.

(c) *Recorded statements.* Whenever, in the course of an investigation, information is obtained which indicates that the person investigated is subject to arrest and deportation, and it is desired to use such information as evidence in support of an application for a warrant of arrest, such information shall be reduced to writing either in narrative or question-and-answer form and signed by the person furnishing the information. Whenever such recorded statement is to be obtained from any person, the investigating officer shall (1) identify himself to such person, (2) warn the person that any statement made by him may be used

AR2022_200044

as evidence against him in any subsequent proceeding, and (3) place the person under oath or affirmation.

(d) *Refusal to make, or refusal or inability to sign a statement.* Whenever, in the course of an investigation, admissions or statements are obtained from the person under investigation or statements are made by any other person which indicate that the person investigated may be subject to arrest and deportation, but there is a refusal to make a statement under oath or affirmation, or a refusal or inability to sign the statement by name or by mark, the investigating officer shall make a report setting forth the facts admitted or stated. Such report, with any unsigned or unsworn statement which has been reduced to writing, may be used in support of an application for a warrant of arrest if the investigating officer certifies that no other evidence to establish the facts stated in the report can readily be obtained.

§ 242.12 *Applications for warrants of arrest.* If, after preliminary investigation, the investigating officer determines that a prima facie case for deportation of an alien exists, he shall apply for a warrant of arrest to an officer having authority to issue warrants of arrest.

§ 242.13 *Issuance of warrants of arrest.* Any officer mentioned in § 242.1 (a) who receives an application for a warrant of arrest may issue such warrant in any case in which he determines that a prima facie case for deportation has been established.

§ 242.14 *Execution of warrants of arrest*—(a) *Service.* Except as provided in § 242.34, an alien against whom a warrant of arrest has been issued shall be taken into custody under the authority of the warrant of arrest, or if previously taken into custody without a warrant of arrest under the authority contained in section 287 of the Immigration and Nationality Act, shall be continued in custody under the warrant of arrest subsequently issued unless his release is authorized. In either case a copy of the warrant of arrest shall be served upon the alien, and he shall then be fully advised of the cause of his arrest. If the alien is confined in a penal or mental institution but is competent to understand the nature of the proceedings, a copy of the warrant of arrest shall be served upon him and upon the person in charge of the institution. The alien shall then be fully advised of the charges against him but he shall not be taken into physical custody of the Service until released from confinement. If such alien is not competent to understand the nature of the proceedings, a copy of the warrant of arrest shall be served only upon the person in charge of the institution in which the alien is confined, and such service shall be deemed service upon the alien. In cases of mental incompetency, whether or not confined in an institution, and in cases of children under 16 years of age, an additional copy of the warrant of arrest shall be served upon such alien's guardian, near relative, o. friend, whenever possible.

No. 247——7

(b) *Notice of right to counsel and release from custody.* Upon service of the warrant of arrest, the alien shall be advised of his right to representation by counsel, at no expense to the Government, at the hearing to be held under the warrant of arrest. When taken into physical custody of the Service he shall be informed whether he is to be continued in custody or, if release from custody has been authorized, of the amount and conditions of bond or terms of conditional parole under which he may be released. Similar advice shall be given to the guardian, near relative, or friend in cases involving mentally incompetent aliens, whether or not confined in institutions, and in cases of aliens under 16 years of age.

(c) *Fingerprints; photographs.* Every alien 14 years of age or older who is arrested under a warrant of arrest in accordance with the provisions of paragraph (a) of this section, or without a warrant of arrest under the authority of section 287 of the Immigration and Nationality Act, shall be fingerprinted. Any alien so arrested, regardless of his age, shall be photographed if a photograph is required by the district director or the officer in charge having administrative jurisdiction over the case.

§ 242.21 *Report to district director of continued detention.* In any case in which a district enforcement officer or officer in charge has exercised the authority to continue or detain an alien in custody, the facts and a report of the action taken shall be promptly transmitted to the district director having administrative jurisdiction over the office in which the proceedings were instituted. Further action shall be taken in the case, with respect to the alien's detention or release, as the district director shall direct.

§ 242.31 *Release prior to entry of order of deportation; conditions.* The conditions of any bond or terms of parole authorized by § 242.3 (a) shall include but shall not be limited to:

(a) A condition that the alien be produced, or will produce himself

(1) When required to do so for the purpose of defending himself against the charge or charges under which he was taken into custody and any other charges which subsequently may be lodged against him,

(2) For deportation, if an order of deportation is made,

(3) When the alien's detention is ordered as provided in § 242.3,

(4) For the purpose of furnishing additional information necessary to the final disposition of the case; and

(b) Such other conditions or terms as are otherwise directed, or which the officer granting the release deems appropriate in the case. If a bond is required and accepted, it shall be executed on Form I-353 and shall be in an amount not less than $500.

§ 242.32 *Release after order of deportation; conditions.* The conditions of any bond or terms of parole authorized by § 242.3 (b) shall include but shall not be limited to:

(a) A condition that the alien be produced, or will produce himself

(1) When required to do so for deportation,

(2) For the purpose of furnishing additional information necessary to the final disposition of his case,

(3) When the alien's detention is ordered as provided in § 242.3; and

(b) Such other conditions or terms as are otherwise directed, or which the officer granting the release deems appropriate in the case. If a bond is required and accepted, it shall be executed on Form I-353 and shall be in an amount not less than $500.

§ 242.33 *Warning of penal provision.* An alien against whom a final order of deportation is outstanding by reason of his being a member of any of the classes described in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the Immigration and Nationality Act shall be advised of the penal provisions of section 242 (e) of the said Act.

§ 242.34 *Institution cases.* In the absence of special instructions, an alien confined in an institution shall not be accepted into physical custody by the Service until an order of deportation has been made and the Service is ready to deport the alien.

§ 242.35 *Cost of maintenance pending deportation.* The cost of maintaining aliens in custody after arrest and pending deportation shall be borne by the Government, except that when an alien is an inmate of a public or private institution at the time of the commencement of deportation proceedings, no expense shall be incurred by the Government until he is taken into physical custody by the Service.

§ 242.41 *Voluntary departure prior to commencement of hearing; procedure.* Any alien, other than an alien prima facie deportable under section 242 (f) of the Immigration and Nationality Act, who believes himself to be eligible for voluntary departure under section 242 (b) of the said act may apply therefor at an office of the Service at any time prior to the commencement of the hearing under a warrant of arrest in his case. The district director or officer in charge having administrative jurisdiction over the office receiving an application for voluntary departure may cause such investigation to be conducted as he deems necessary to determine whether the relief requested should be granted. If such officer is satisfied that:

(a) The alien is subject to deportation upon any ground other than those set forth in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the Immigration and Nationality Act,

(b) The alien is willing and able to depart promptly from the United States,

(c) The alien apparently will be admitted to the country of his destination, and

(d) The application should be granted, he shall grant the application and shall inform the alien of the time within which and under what conditions the

departure shall be effected. If such officer is not so satisfied that the application should be granted, he shall deny the application and shall take further action as is provided by the Immigration and Nationality Act and this chapter for the ultimate disposition of the case. No appeal shall lie from such denial, but the denial shall be without prejudice to the alien's right to apply for relief from deportation under any provision of the said Act.

§ 242.42 *Revocation of grant of voluntary departure.* If, subsequent to the granting of an application for voluntary departure under § 242.41 it is ascertained prior to the alien's actual departure from the United States that the alien should not be permitted to depart voluntarily under that section, the grant of voluntary departure may be revoked by any district director or officer in charge without notice. Thereupon, further proceedings shall be taken under this chapter and the Immigration and Nationality Act as are warranted by the facts in the case.

§ 242.51 *Hearing; time for.* The respondent shall have a reasonable period of time after the service of the warrant of arrest within which to arrange for the presentation of his case, including, if desired, representation by counsel. The district director or the officer in charge having administrative jurisdiction over the office in which the proceedings are pending shall assign the case to a special inquiry officer for hearing.

§ 242.52 *Notice of hearing.* The respondent shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held. Notice of hearings shall be prepared on Form I-226. A copy of such notice shall be served upon the respondent, and, in any case in which the respondent has been released on bond, upon the surety on the bond. The notice of hearing shall inform the respondent of the nature of the charges, the time and place at which the hearing will be held, and the respondent's privilege of being represented, at no expense to the Government by such counsel, authorized to practice in such proceedings, as he shall choose. Notice of hearing may be waived by the respondent and such waiver shall be made a part of the record of the case.

§ 242.53 *Conduct of hearing—*(a) *Special inquiry officer; general powers.* The special inquiry officer assigned to conduct the hearing under this part shall have authority to:

(1) Administer oaths and affirmations;

(2) Issue, during the course of a hearing, any subpenas authorized by law;

(3) Conduct the hearing, present and receive evidence, and rule upon all objections to the introduction of evidence or motions made during the course of the hearing;

(4) Take or cause depositions to be taken;

(5) Make decisions in accordance with § 242.61 or § 242.76; and

(6) Take any further action consistent with applicable provisions of law and regulation.

(b) *Special inquiry officers; general duties.* The special inquiry officer shall conduct a fair and impartial hearing. No decision of deportability shall be valid unless based upon reasonable, substantial and probative evidence. He shall exclude from the record any evidence that is irrelevant, immaterial, or unduly repetitious. In his discretion, he may exclude from the record any argument in support of objections, but in such event, the respondent may submit a brief in support of such objections. If the testimony is transcribed, the special inquiry officer shall certify that to the best of his knowledge and belief the transcript is a true and correct report of everything that was stated during the course of the hearing, including oaths administered and rulings on objections, but excluding statements made off the record.

(c) *Special inquiry officers; specific duties.* At the commencement of the hearing under this part, the special inquiry officer shall (1) place the respondent under oath or affirmation, (2) advise the respondent of his right to representation, at no expense to the Government, by counsel authorized to practice in such proceedings, as he shall choose, and require him to state then and there for the record whether he desires such representation, (3) enter of record a copy of the warrant of arrest and explain to the respondent in simple, understandable language the nature of the charges contained therein, (4) advise the respondent that he will have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government, and (5) present the evidence, including the interrogation, examination, and cross-examination of the respondent and witnesses to the extent necessary, as to (i) alienage, (ii) date, place and manner of entry of the respondent into the United States, (iii) grounds for deportation, (iv) factors bearing upon the respondent's eligibility for discretionary relief if application therefor has been made, and (v) such other matter as may be pertinent to the issues in the case. Except in the case of an alien prima facie deportable under section 242 (f) of the Immigration and Nationality Act, the special inquiry officer, in such cases and at such time during the hearing as he deems appropriate, may advise the respondent concerning application for the privilege of suspension of deportation or voluntary departure under the provisions of section 244 of the said Act, and shall further advise the respondent of his right to specify the country to which his deportation is to be directed in the event such deportation is required by law and request the respondent to specify such country for the record.

(d) *Special inquiry officers; additional charges.* If it appears during the hearing that the respondent may be deportable on grounds other than or in addition to those stated in the warrant of arrest, the special inquiry officer, except as

provided in § 242.75, may lodge additional charges against the respondent and shall develop evidence upon such charges in like manner as on the charges specified in the warrant of arrest. When additional charges are lodged, the special inquiry officer shall explain these charges to the respondent in simple, understandable language and shall advise him, if he is not represented by an attorney or other qualified representative, that he may be so represented if he desires, and require him to state then and there for the record whether he desires such representation. The special inquiry officer shall also inform the respondent that he may have a reasonable period of time within which to meet the additional charges, if he desires, and require him to state then and there whether he desires such additional time.

(e) *Withdrawal and substitution of special inquiry officer.* The special inquiry officer assigned to conduct the hearing may at any time withdraw if he deems himself disqualified. If a special inquiry officer becomes unavailable to complete his duties within a reasonable time, another special inquiry officer shall be assigned to complete the case. In such event, the new special inquiry officer shall familiarize himself with the record in the case and shall state for the record that he has done so.

(f) *Assignment of examining officer in addition to special inquiry officer; duties of examining officer.* Prior to the commencement of a hearing, or during the course of a hearing upon the request of the special inquiry officer presiding at such hearing, the district director or the officer in charge having administrative jurisdiction over the place where the proceedings are pending, in his discretion, may assign an immigration officer to act at the hearing as the examining officer. The examining officer shall in such case conduct any required interrogation of the respondent and of the witnesses in behalf of the Government, examine or cross-examine the respondent's witnesses and present evidence bearing upon the question whether the respondent is subject to deportation. Except as provided in §§ 242.74 and 242.75, he shall lodge such additional charges as he may find to be applicable and, if the respondent has applied for relief from deportation, inquire thoroughly into the respondent's eligibility for the relief requested, and develop such other information as may be pertinent to the proper disposition of the case. The assignment of an examining officer shall not impair the authority conferred by the Immigration and Nationality Act or this chapter upon the special inquiry officer presiding at such hearing.

(g) *Representation by counsel.* If the respondent is represented at the hearing by an attorney or other qualified representative, the attorney or representative shall be permitted to be present during the entire hearing, to introduce evidence in behalf of the respondent and to cross-examine witnesses. The attorney or representative shall be permitted to state his objections succinctly, and they shall be entered on the record. If representation is waived, the respondent shall be

permitted to introduce evidence in his own behalf, to cross-examine witnesses, and to make objections which shall be entered on the record.

(h) *Interpreters.* If the services of an interpreter are found necessary in the conduct of a hearing, the special inquiry officer, if qualified, may act as interpreter with the consent of the respondent, or he may request the district director or the officer in charge having administrative jurisdiction of the office in which the proceedings are pending to furnish an interpreter, who shall be sworn to interpret and translate accurately, unless the interpreter is an employee of the Service, in which event, no such oath shall be required.

(i) *Postponement and adjournment of hearings.* Prior to the commencement of a hearing, the district director or the officer in charge having administrative jurisdiction of the office where in the case is pending, may grant a reasonable postponement for good cause shown, at his own instance upon notice to the respondent, or upon request of the respondent. After the commencement of the hearing, the special inquiry officer presiding at the hearing may grant a reasonable adjournment for good cause shown, at his own instance upon notice to the respondent or upon request of the respondent. A continuance of the hearing for the purpose of allowing the alien to obtain representation, shall not be granted more than once, unless sufficient cause for the granting of more time is shown. The file or the record of hearing shall reflect the action taken with respect to any postponement or adjournment of hearing. Exceptions to a ruling on a request for a postponement or an adjournment of hearing may be taken by the respondent and, if taken, shall be noted on the record.

(j) *Consolidation.* Whenever two or more cases pending in the same district involve common questions of law or fact, the district director or the officer in charge having administrative jurisdiction of the office wherein the cases are pending, may order a joint hearing of any or all matters and issues common to the cases, he may order all such hearings consolidated, and may make such further orders as may tend to avoid unnecessary cost and delay.

§ 242.54 *Contents of record; evidence*—(a) *Record.* The testimony, the exhibits, the decision of the special inquiry officer, and all written motions and other papers and requests filed in the proceeding, shall constitute the record in the case.

(b) *Use of prior statements.* The special inquiry officer may enter of record any statement, oral or written, which is material and relevant to any issue in the case, previously made by the respondent or any other person during any investigation, examination, or hearing. If objection thereto is made by the alien or his counsel or representative, the reasons for the objection, as well as the ruling thereon by the special inquiry officer, shall be made a part of the record.

(c) *Stipulation.* Whenever any facts or other matters at issue in the case have

been stipulated in writing prior to the hearing, upon agreement between an officer of the Service and the respondent and his attorney or representative, and the stipulation has been signed by such persons, the special inquiry officer may enter the stipulation as an exhibit of record. Nothing in this paragraph shall preclude an oral or written confession or admission of any fact during a hearing under this part.

(d) *Application for discretionary relief.* Except in the case of an alien who is prima facie deportable under section 242 (f) of the Immigration and Nationality Act, at any time during the hearing the respondent may apply for suspension of deportation on Form I-256A or for voluntary departure, under section 244 of the said Act. The burden of establishing that he meets the statutory requirements for discretionary relief shall be upon the respondent. He may submit any evidence in support of his application which he believes should be considered by the special inquiry officer.

§ 242.61 *Decision of special inquiry officer*—(a) *Preparation of written decision.* Except as provided in paragraph (b) of this section and § 242.76, the special inquiry officer shall, as soon as practicable after the conclusion of the hearing, prepare a written decision signed by him which shall set forth a summary of the evidence adduced and his findings of fact and conclusions of law as to deportability, unless such findings and conclusions are waived by the respondent orally during the hearing or by written waiver filed with the special inquiry officer after the conclusion of the hearing. If the respondent has applied for discretionary relief in accordance with the provisions of § 242.54 (d), the decision shall also contain a discussion of the evidence relating to the alien's eligibility for such relief and the reasons for granting or denying such application. The decision shall be concluded with the order of the special inquiry officer as provided in paragraph (c) of this section.

(b) *Oral decision.* In any case in which he deems such action appropriate, the special inquiry officer may, after conclusion of the hearing, state for the record in the presence of the respondent or his counsel or representative his decision, which shall include the summary, findings, conclusions, discussion, and order referred to in paragraph (a) of this section. The respondent shall thereupon state for the record whether he desires to be served with a written decision as provided in paragraph (d) of this section. If he then and there waives service of a written decision, the respondent shall thereupon state for the record whether he appeals from the decision of the special inquiry officer to the Board. If such appeal is taken, the respondent shall, at the same time, submit a Notice of Appeal (Form I-290A) completed in accordance with paragraph (f) of this section and shall be required to state whether he desires to submit to the district director or officer in charge, having administrative jurisdiction over the office in which the hearing was held, a brief in support of such appeal for

consideration by the Board. If he desires to submit a brief, the respondent shall be allowed ten days from the date of the oral decision within which to submit his brief to such district director or officer in charge. For good cause shown, such district director or officer in charge or the special inquiry officer presiding at the hearing, or the Board, in their discretion, may extend the time within which the brief may be submitted. In any case in which the respondent states for the record that he desires to submit a brief, he may, within the period allowed for the submission of such brief, file with the district director or the officer in charge a written waiver thereof.

(c) *Order of special inquiry officer.* The order of the special inquiry officer shall be (1) that the alien be deported, or (2) that the proceedings be terminated, or (3) that the alien's deportation be suspended, or (4) that the alien be granted voluntary departure at his own expense in lieu of deportation within such period of time or authorized extension thereof and under such conditions as the district director or officer in charge having administrative jurisdiction of the office in which the case is pending shall direct, with the further order that, if he fails to depart, he be deported, or (5) that such other action be taken in the proceedings as may be required for the appropriate disposition of the case. The special inquiry officer shall not have authority to designate at whose expense or to which country the alien shall be deported.

(d) *Notice of decision.* In any case in which the respondent has not waived service of a written decision, the district director or the officer in charge having administrative jurisdiction of the office in which the proceeding is pending shall cause a signed copy of the decision of the special inquiry officer to be served on the respondent, with the notice referred to in § 6.11 of this chapter.

(e) *Finality of order.* The order of the special inquiry officer shall be final except when:

(1) The case has been certified as provided in § 7.1 (b) or § 6.1 (c); or

(2) An appeal is taken to the Board of Immigration Appeals.

(f) *Appeals.* (1) The filing of a Notice of Appeal (Form I-290A) in accordance with paragraph (b) of this section shall constitute the taking of an appeal referred to in Part 6 of this chapter and this part.

(2) No appeal shall lie from an order of a special inquiry officer denying an application for voluntary departure as a matter of discretion, where:

(i) The special inquiry officer has found the alien statutorily eligible for voluntary departure, and

(ii) The alien has been in the United States for a period of less than five years at the time of the service of the warrant of arrest in deportation proceedings.

In all other cases (except those covered by paragraph (e) (1) of this section) an appeal shall lie from an order of the special inquiry officer under this part to the Board of Immigration Appeals. The reasons for the appeal shall be stated briefly in the Notice of Appeal

(Form I-290A). Where deportability is contested, the alien or his representative shall be required to indicate in the Notice of Appeal (Form I-290A), the particular findings of fact or conclusions of law with which he disagrees; and failure to do so may constitute a ground for dismissal of the appeal by the Board.

(3) An appeal shall be taken within ten days after receipt of the written decision of the special inquiry officer, or, if a written decision is waived, at the time of such waiver. All appeals shall be filed on Form I-290A.

§ 242.71 *Apprehension of alien.* An alien within the purview of section 242 (f) of the Immigration and Nationality Act shall be taken into custody in accordance with §§ 242.1, and 242.11 to 242.14, inclusive. The warrant of arrest shall charge the alien with deportability only under section 242 (f) of the said Act. The prior order of deportation, properly identified, shall constitute prima facie cause for deportation under section 242 (f) of the said Act.

§ 242.72 *Release from custody.* The provisions of § 242.3 (a) and (b) shall not be applicable to the case of any alien apprehended under § 242.71 unless specific authority to release thereunder has been granted by the Commissioner or the Assistant Commissioner, Detention, Deportation, and Border Patrol Division.

§ 242.73 *Conduct of hearing; decision; finality of order.* Except as hereafter provided in §§ 242.74 to 242.76 inclusive, all of the provisions of §§ 242.5, 242.51 to 242.54, 242.6 and 242.61 shall apply to the case of an alien apprehended in accordance with § 242.71.

§ 242.74 *Relief from deportation.* An alien who is prima facie deportable under the provisions of section 242 (f) of the Immigration and Nationality Act shall not be permitted to apply for voluntary departure in lieu of deportation or for suspension of deportation and shall not be granted such relief.

§ 242.75 *Scope of hearing.* The hearing referred to in § 242.73 shall be limited solely to a consideration and determination of the following issues:

(a) Identity of respondent, i. e., whether respondent is in fact a person who was previously deported or departed pursuant to an order of deportation.

(b) Whether the respondent was previously deported as a member of any of the classes described in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the Immigration and Nationality Act.

(c) Whether the respondent unlawfully reentered the United States. If during the course of such hearing it is ascertained that the respondent is not deportable under section 242 (f) of the said Act, the special inquiry officer shall if appropriate, lodge additional charges against the respondent, and further proceedings shall continue as provided in this part.

§ 242.76 *Scope of decision.* If, on the basis of the evidence presented, the special inquiry officer has determined that the respondent is deportable under section 242 (f) of the Immigration and Nationality Act, he shall state for the record at the conclusion of the hearing and in the presence of the respondent his decision in the case, which shall consist of (a) a summary of the evidence adduced; (b), unless waived by the respondent, his findings of fact and conclusions of law as to the issues described in § 242.75; and (c) an order that the respondent be deported under the previous order of deportation in accordance with section 242 (f) of the Immigration and Nationality Act.

§ 242.77 *Appeal.* The order of the special inquiry officer that the respondent be deported under the previous order of deportation in accordance with section 242 (f) of the Immigration and Nationality Act may be appealed by the respondent to the Board in accordance with the provisions of § 242.61 (f).

PART 243—DEPORTATION OF ALIENS IN THE UNITED STATES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
243.1    Issuance of warrants of deportation; country to which alien shall be deported; cost of detention; care and attention of alien.
243.2    Finality of decision.
243.3    Execution of warrants of deportation.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

243.11   Special care and attention for aliens.
243.12   Deportation of lepers.
243.13   Alien addict discharged from United States Public Health Service Hospital.
243.14   Notice to transportation line.
243.15   Deportation to foreign contiguous territory.

AUTHORITY: §§ 243.1 to 243.15 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 242, 243, 66 Stat, 208, 212.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 243.1 *Issuance of warrants of deportation; country to which alien shall be deported; cost of detention; care and attention of alien*—(a) *Issuance.* In any case in which an order of deportation becomes final a warrant of deportation shall be issued. District directors shall issue warrants of deportation.

(b) *Determination of place and cost of deportation, and necessity for attendants.* District directors shall exercise the authority contained in section 243 of the Immigration and Nationality Act to designate the country to which, and at whose expense an alien in the United States shall be deported, and to determine when an alien's mental or physical condition requires the employment of a person to accompany the alien.

§ 243.2 *Finality of decision.* No appeal shall lie from the decision of the district director in the exercise of the authority described in § 243.1.

§ 243.3 *Execution of warrants of deportation*—(a) *Taking alien into custody.* Upon the issuance of a warrant of deportation or as soon thereafter as the circumstances of the case require, the alien, if not in the physical custody of the Service, shall be taken into such

custody under the authority of such warrant of deportation and deported.

(b) *Stay of deportation.* Except as otherwise provided herein, the district director having administrative jurisdiction over the place where the alien is located may, in the exercise of his discretion, and for good cause shown, stay the execution of a warrant and order of deportation for such time and under such conditions as he may deem appropriate. He may grant such stay upon his own instance or upon request of the alien. A request for a stay by the alien shall be in writing, shall be filed with the district director, and shall be supported by an affidavit setting forth the reasons for the request and by such other evidentiary matter as may support the request. In any case in which the request for a stay of deportation is predicated upon a claim by the alien that he would be subject to physical persecution if deported to the country designated by the district director, the office receiving the request shall transmit it to the Commissioner for decision. Notice of disposition of the alien's request shall be served upon him but neither the making of the request nor the failure to receive a notice of decision thereon shall relieve or excuse the alien from presenting himself for deportation at the time and place designated for his deportation. No appeal shall lie from a denial of a request for a stay of deportation, but such denial shall not preclude the Board from granting a stay in connection with a motion to reopen or a motion to reconsider as provided in § 6.21 (a) of this chapter.

(c) *Voluntary departure under order of deportation.* Subject to the limitations and provisions of sections 242 (2) and 243 of the Immigration and Nationality Act, the district director having administrative jurisdiction over the place where the alien is located may, in his discretion, permit an alien who has been ordered deported to depart voluntarily from the United States under the order of deportation.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 243.11 *Special care and attention for aliens*—(a) *Duty of transportation line.* Whenever it is determined by the district director than an alien about to be deported requires special care and attention, the transportation line responsible for the expense of the alien's deportation shall provide for such care and attention as may be required by the alien's condition not only during the voyage from the United States to the foreign country to which the alien is to be deported but also during the foreign inland journey as hereinafter provided. Such alien shall be delivered to the master, commanding officer, or the officer in charge of the vessel or aircraft on which the alien is to be deported, who shall be given Form I-287 and duplicate carbon sheets A, B, and C thereof. Sheet A and the receipt attached thereto shall be filled out except as to signature by an immigration officer. The receipt attached to sheet A shall be signed by the officer of the vessel or aircraft to whom the alien has been delivered and returned forthwith to the

AR2022_200048

Case 1:18-cv-00068 Document 607-2 Filed on 11/03/22 in TXSD Page 49 of 141

immigration officer making delivery. Sheets B and C shall be retained by the receiving officer and in due course filled out by the agents or persons therein designated and by them returned by mail as herein provided.

(b) *Procedure at foreign port of disembarkation.* The transportation line shall at its own expense forward the alien from the foreign port of disembarkation to his destination in charge of a proper attendant except only in cases where the foreign public officials decline to allow such attendant to proceed and themselves take charge of the alien, which fact shall be recorded by the transportation line by executing the form provided in the lower half of sheet C of Form I-287. If the foreign public officials do not take charge of the alien at the port of disembarkation, but at an interior frontier, both forms on sheet C shall be filled out, the former in relation to the inland journey as far as such frontier.

(c) *Failure of transportation line to provide special care.* Whenever a transportation line responsible for the expenses of the alien's deportation fails, refuses, or neglects to provide personal care and attention for such alien requiring such care and attention, or whenever such line fails, refuses, neglects to return sheets B and C of Form I-287, properly executed within 90 days after the departure of such alien, or otherwise fails, refuses, or neglects to comply with the provisions of this section, the district director shall thereafter and without notice employ suitable persons, at the expense of the transportation line, to accompany aliens requiring personal care and attention who are deported on any vessel or aircraft of such line.

§ 243.12 *Deportation of lepers.* Cases of aliens afflicted with leprosy shall be handled in accordance with the governing regulations and instructions issued by the Surgeon General, United States Public Health Service, Federal Security Agency.

§ 243.13 *Alien addict discharged from United States Public Health Service Hospital.* Any alien who has been sentenced to imprisonment and has been ordered deported and who has been transferred as an alien addict to a hospital of the United States Public Health Service provided for in the Public Health Service Act, as amended (58 Stat. 696; 42 U. S. C. 201 et seq.), shall be taken into custody upon his discharge from such narcotic farm and deported without requiring his return to the penal institution from which he came to such narcotic farm.

§ 243.14 *Notice to transportation line.* If an alien's deportation is to be effected by vessel or aircraft, notice of the proposed deportation shall be given to the transportation line concerned, together with a brief description of the alien and any other appropriate data, including the cause of deportation, the alien's physical and mental condition, and the place to which the alien is to be taken by such line. Any request from such line to defer the delivery of the alien for deportation shall be accompanied by a written agreement from the line

that it will be responsible for all detention expenses resulting from such deferment.

§ 243.15 *Deportation to foreign contiguous territory.* Aliens ordered deported to foreign contiguous territory shall be returned across the border at the nearest port unless humanitarian or other reasons make it advisable to effect deportation through some other port. Deportation to a seaport in such foreign territory shall be authorized whenever that appears advisable or more economical than deportation across a land boundary.

---

**PART 244—SUSPENSION OF DEPORTATION AND VOLUNTARY DEPARTURE**

**SUBPART A—SUBSTANTIVE PROVISIONS**

Sec.
244.1 Voluntary departure after issuance of warrant of arrest.
244.2 Suspension of deportation.
244.3 Use of confidential information.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS**

244.11 Voluntary departure after issuance of warrant of arrest and prior to commencement of hearing.
244.12 Application for voluntary departure subsequent to commencement of hearing; disposition.
244.13 Revocation of grant of voluntary departure.
244.14 Verification of departure; cancellation of delivery bond.

AUTHORITY: §§ 244.1 to 244.14 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 241, 242, 244, 66 Stat. 204, 208, 214.

**SUBPART A—SUBSTANTIVE PROVISIONS**

§ 244.1 *Voluntary departure after issuance of warrant of arrest*—(a) *Prior to commencement of hearing.* Prior to the commencement of the hearing provided for in Part 242 of this chapter and subject to the provisions of this part, district directors and officers in charge may authorize voluntary departure in lieu of deportation in the case of an alien under deportation proceedings.

(b) *Subsequent to commencement of hearing.* Subject to the provisions of Part 242 of this chapter, a special inquiry officer may, subsequent to the commencement of the hearing provided for in that part, grant voluntary departure in lieu of deportation in the case of any alien who is the subject of deportation proceedings before such officer.

§ 244.2 *Suspension of deportation.* An application for suspension of deportation shall be submitted in accordance with, and subject to, the provisions of § 242.54 (d) of this chapter and shall be determined and disposed of in accordance with the provisions of this part and § 242.61 of this chapter.

§ 244.3 *Use of confidential information.* In the case of an alien qualified for voluntary departure or suspension of deportation under section 242 or 244 of the Immigration and Nationality Act the determination as to whether the application for voluntary departure or suspension of deportation shall be granted or denied (whether such determination is made initially or on appeal) may be predicated upon confidential information

without the disclosure thereof to the applicant, if in the opinion of the officer or the Board making the determination the disclosure of such information would be prejudicial to the public interest, safety, or security.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS**

§ 244.11 *Voluntary departure after issuance of warrant of arrest and prior to commencement of hearing*—(a) *Application.* The alien, if he believes that he is eligible for voluntary departure under section 244 (e) of the Immigration and Nationality Act, may, at any time subsequent to the issuance of a warrant of arrest and prior to the commencement of the hearing, apply therefor by filing an application with the district director or officer in charge having administrative jurisdiction over the office in which the deportation proceedings against such alien are pending.

(b) *Disposition of application.* The district director or officer in charge may cause such investigation to be conducted as he deems necessary to determine whether the relief requested should be granted. If such officer is satisfied that:

(1) The alien is subject to deportation upon any ground other than those set forth in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the Immigration and Nationality Act,

(2) The alien is willing and able to depart promptly from the United States,

(3) The alien will apparently be admitted to the country of his destination,

(4) The alien is and has been a person of good moral character for at least 5 years immediately preceding his application for voluntary departure, and

(5) That the application should be granted,

he shall grant the application and shall inform the alien of the time within which and under what conditions the departure shall be effected. If such officer is not so satisfied, or if it appears that applicant is or may be subject to deportation upon any ground set forth in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the Immigration and Nationality Act, the district director or officer in charge shall refer the application for voluntary departure with the case of the alien to a special inquiry officer for hearing and determination in accordance with § 242.61 and § 244.12 of this chapter.

§ 244.12 *Application for voluntary departure subsequent to commencement of hearing; disposition.* If the special inquiry officer is satisfied that:

(a) The alien is willing and able to depart promptly from the United States,

(b) The alien apparently will be admitted to the country of his destination,

(c) The alien, if deportable upon any ground set forth in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17) or (18) of section 241 (a) of the Immigration and Nationality Act, is within the classes of persons who are eligible for suspension of deportation under paragraphs (4) or (5) of section

**AR2022_200049**

244 (a) of the Immigration and Nationality Act,

(d) The alien is and has been a person of good moral character for at least 5 years immediately preceding his application for voluntary departure, and

(e) That the relief requested should be granted,

he shall enter an order as provided in § 242.81 (e).

§ 244.13 *Revocation of grant of voluntary departure.* If, subsequent to the granting of voluntary departure under this part by a district director or officer in charge and prior to the alien's actual departure from the United States it is ascertained that the alien should not be permitted to depart voluntarily, the grant of voluntary departure may be revoked by any district director or officer in charge without notice, and such further proceedings shall be taken under this chapter and the Immigration and Nationality Act as are warranted by the facts.

§ 244.14 *Verification of departure; cancellation of delivery bond.* An alien's voluntary departure from the United States in accordance with the provisions of this part, shall, if verified to the satisfaction of the district director or officer in charge having administrative jurisdiction over the office in which the application for voluntary departure was made, serve to terminate further proceedings in the case and to cancel any outstanding delivery bond.

PART 245—ADJUSTMENT OF STATUS OF NONIMMIGRANT TO THAT OF A PERSON ADMITTED FOR PERMANENT RESIDENCE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.

245.1 Authority to adjust status.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

245.11 Who may apply.
245.12 Application.
245.13 Attorneys.
245.14 Procedure upon acceptance of application.
245.15 Evidence; burden of proof.
245.16 Examination and investigation.
245.17 Disposition of case.

AUTHORITY: §§ 245.1 to 245.17 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 4, 43 Stat. 155, as amended. secs. 101, 234, 245, 247, 66 Stat. 167. 168. 198, 217, 218; 8 U. S. C. 204.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 245.1 *Authority to adjust status.* Subject to the provisions of this part, district directors may, pursuant to section 245 of the Immigration and Nationality Act, adjust the status of a nonimmigrant to that of a person admitted for permanent residence.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 245.11 *Who may apply.* Any alien (including one admitted as a student under section 4 (e) of the Immigration Act of 1924) who entered the United States in good faith as a nonimmigrant, and who believes that he meets the eligibility requirements set forth in section 245 of the Immigration and Nationality Act, may apply for an adjustment of

status: *Provided,* That no alien who (a) has a nonimmigrant status under paragraph (15) (A), (15 (E), or (15) (G) of section 101 (a) of the Immigration and Nationality Act, or (b) has an occupational status which would, if he were seeking admission to the United States, entitle him to a nonimmigrant status under any of such paragraphs of section 101 (a) of the Immigration and Nationality Act, shall be eligible to apply for adjustment of status without first executing and submitting with his application the written waiver required by section 247 (b) of the Immigration and Nationality Act and Part 247 of this chapter.

§ 245.12 *Application.* Application for adjustment of status under this part shall be made on Form I-507, in duplicate. The application shall be completed in accordance with the instructions appearing thereon and shall be accompanied by (a) two photographs as described in Part 10 of this chapter, (b) the Form 257a, Form I-94C or other document issued to the applicant at the time of his entry as, or adjustment of status to, a nonimmigrant or as a student under section 4 (e) of the Immigration Act of 1924, and (c) documentary evidence establishing that the applicant meets the eligibility requirements set forth in section 245 of the Immigration and Nationality Act and § 245.11. Such documents shall include but shall not be limited to (1) any available official document showing the alien's police record, (2) any available official document showing the alien's prison record and military record in the United States or abroad, (3) record of the alien's birth, (4) a statement from the United States Department of State showing that a visa would be available to the alien on the date of his application for adjustment under this part, (5) if the alien is claiming nonquota status or preference quota status by reason of relationship to a United States citizen or alien lawfully admitted for permanent residence, official certifications establishing such relationship, including records of marriage, birth, and citizenship of the person with whom such relationship is claimed, (6) if claiming preference quota status under section 203 (a) (1) (A) of the Immigration and Nationality Act, a signed statement from the person, institution, firm, organization, or governmental agency for whom the alien is to perform the work, labor, or services, containing the information and accompanied by the documents required by Form I-129 and paragraph (a) of § 204.4 of this chapter, (7) a statement of the alien's net worth together with any employment records, bank records, copies of income tax returns or other evidence satisfactorily establishing that the alien is not likely to become a public charge, (8) statements from any institutions in which the alien may have been treated for a mental disease or disorder at any time, showing the nature and duration of such disorder and the result of the treatment, (9) documentary evidence, such as school records, employment records, business records, and the like, showing that the alien has continued to maintain his nonimmigrant

status. The applicant may submit photographic or typewritten copies of such documents, if such copies are by law permitted to be made, but in such case the original documents, if available, must be presented at the examination provided for in § 245.16.

§ 245.13 *Attorneys.* Attorneys or other persons authorized to practice before the Service who represent applicants shall be permitted to be present during the examination of the alien and the witnesses, to submit briefs and to review the record, either before it is forwarded to the district director, or thereafter, and prior to final decision.

§ 245.14 *Procedure upon acceptance of application.* Upon acceptance of an application, the applicant shall be requested to submit to an examination by a medical officer of the United States Public Health Service, whose report setting forth the findings of the mental and physical condition of the applicant shall be incorporated into the record. If an examination before such officer is impracticable and compliance therewith would cause the applicant undue hardship, a certificate from a civil surgeon having not less than four years' professional experience, and preferably one designated by the United States Public Health Service or Veterans' Administration, may, in the discretion of the district director, be accepted. Any applicant certified as insane or mentally defective may appeal to the Board of Medical Officers of the United States Public Health Service as provided in section 234 of the Immigration and Nationality Act. The applicant shall be given timely notice of the date and place of the examination provided for in § 245.16, and the case shall be assigned to an immigration officer for the purpose of conducting such examination.

§ 245.15 *Evidence; burden of proof.* All evidence adduced during an examination under this part may be used at any other proceeding, and the alien shall be duly informed of this fact. The burden of proof shall be upon the applicant. In presenting his proof he shall be entitled to the benefit of any disclosable records concerning him which are in the custody of the Service.

§ 245.16 *Examination and investigation*—(a) *Examination of applicant and witnesses.* The immigration officer shall orally review the application with the applicant, or, in the case of a child under 14 years of age, with his parent or guardian. Any necessary changes in the application shall be consecutively numbered on the application form by such officer and acknowledged in writing by the applicant, or, in the case of a child, by his parent or guardian. The applicant shall at that time produce the available original documents, copies of which were submitted, or which he desires to be considered, in support of his application. Such copies or excerpts therefrom as are found to be pertinent shall be verified by the immigration officer from the originals, shall be appropriately marked and numbered for identification and made a part of the application. When no longer required

AR2022_200050

the original documents shall be returned to the applicant. The immigration officer shall then administer the oath or affirmation contained in Form I-507 and obtain the applicant's signature in the appropriate place on that Form. In cases in which the examining officer deems it necessary he shall conduct a further examination of the applicant or his parent or guardian by interrogation, under oath or affirmation. If the application, supporting documentary evidence, records of the Service, and the testimony adduced, established the applicant's eligibility for adjustment of status, no other witnesses shall be required, otherwise, such number of credible witnesses preferably citizens of the United States, as may be deemed necessary, shall be questioned under oath or affirmation by the officer concerning the applicant's eligibility for adjustment of status. If such witnesses cannot appear because of remoteness, physical disability, or any other cause which the officer deems satisfactory, their affidavits may be accepted in lieu of their personal appearance. The oral testimony given by the applicant, the parent or guardian, or the witnesses, shall not be reduced to writing in verbatim form or stenographically or mechanically recorded, but a résumé thereof shall be prepared and certified as true and correct by the immigration officer and made a part of the record. A verbatim record may be made of such testimony in any case in which the examining officer deems it advisable. If such verbatim record is made stenographically or mechanically recorded, it shall not be transcribed unless the district director denies the application.

(b) *Investigations.* Necessary investigations in other districts may, when feasible, be conducted by correspondence. If deemed necessary by the immigration officer, further investigations may be conducted by interview or by correspondence. The replies to such correspondence, and the reports of the investigation may be made a part of the record by the immigration officer.

§ 245.17 *Disposition of case*—(a) *Record, recommendation, and review.* The immigration officer shall, upon completion of the examination, prepare a report of his findings as to each of the essential facts prescribed by section 245 of the Immigration and Nationality Act and § 245.11 together with his recommendation. If the officer is satisfied that the application should be granted, he shall so recommend. If the immigration officer is not satisfied that the application should be granted he shall recommend denial of the application. In any case he shall make a brief summary of the evidence and shall include in his report a statement as to the grounds and reasons for the recommendation. The application, record, supporting documents, photographs, and the report of the immigration officer shall then be transmitted to the district director having administrative jurisdiction over the office in which the examination was conducted. The district director shall approve or disapprove the recommendation of the immigration officer. If the dis-

trict director disapproves the recommendation, he shall state in writing his reasons for such disapproval.

(b) *Application denied.* If the district director denies the application, the applicant shall be notified in writing of such decision and of the reasons therefor and, at the same time, shall be advised of his right to appeal to the Assistant Commissioner, Inspections and Examinations Division, by filing a notice of appeal on Form I-290B. The notice of appeal shall be filed at the office of such district director within 10 days from the receipt of notification of such decision as provided in Part 7 of this chapter. The applicant may waive his right to appeal within the 10-day period. If an appeal is taken, the record shall be forwarded to the Assistant Commissioner, Inspections and Examinations Division for review and decision in accordance with Part 7 of this chapter. If appeal is waived or no appeal is taken within the time permitted, the decision of the district director shall thereupon become final.

(c) *Decision by Assistant Commissioner, Inspections and Examinations Division.* On appeal, the Assistant Commissioner, Inspections and Examinations Division may grant or deny the application for adjustment. The case shall then be returned to the office of origin. If the application has been denied, the district director shall so inform the applicant in writing. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

(d) *Application granted; delivery of alien registration receipt card.* In any case in which the application for adjustment of status is granted, an alien registration receipt card, Form I-151, showing that the applicant has acquired the status of an alien lawfully admitted for permanent residence, shall be issued to the applicant. If the alien is in possession of any other documents evidencing compliance with the Alien Registration Act, 1940, or Chapter 7 of Title II of the Immigration and Nationality Act, he shall be required to surrender it.

(e) *Application denied; further action.* If no appeal is taken from the decision of the district director denying the application, or if the Assistant Commissioner on appeal denies the application, the district director shall take such action as is necessary under existing law and regulations to effect the alien's departure from the United States.

PART 246—RESCISSION OF ADJUSTMENT OF STATUS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
246.1    Rescission of adjustment of status.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

246.11    Investigation and report.
246.12    Notice.
246.13    Disposition of case.
246.14    Decision by Assistant Commissioner, Inspections and Examinations Division.
246.15    Surrender of Form I-151.

AUTHORITY: §§ 246.1 to 246.15 issued under section 103, 66 Stat. 173. Interpret or apply

sec. 19, 29 Stat. 889, as amended, secs. 244, 246, 66 Stat. 214, 217; 8 U. S. C. 155.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 246.1 *Rescission of adjustment of status.* Subject to the limitations provided in this part, the authority contained in section 246 (a) of the Immigration and Nationality Act may be exercised by district directors.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 246.11 *Investigation and report.* If, at any time within five years after the status of a person has been adjusted under any provision of law to that of an alien lawfully admitted for permanent residence, evidence becomes available that such person was not eligible for such adjustment, a complete report shall be submitted to the district director having administrative jurisdiction over such person's last known place of residence in the United States.

§ 246.12 *Notice.* If on the basis of the evidence presented the district director receiving the report is satisfied that a prima-facie showing has been made that the person was not in fact eligible for the adjustment of status made in his case, he shall cause a notice to be served on such person informing him that it is intended to rescind the adjustment of status, and of the grounds upon which it is intended to base such rescission. The notice shall also inform the person to whom it is addressed that he may submit, within 30 days from the date of service of the notice, an answer in writing under oath, setting forth reasons why such rescission should not be made. The notice shall also advise the person to whom it is addressed that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before such immigration officer as may be designated for that purpose. The person to whom the notice is addressed shall further be advised therein that he may have the assistance of counsel, without expense to the government of the United States, in the preparation of his answer or in connection with such personal appearance, and shall have opportunity to examine, at the appropriate office of the Service, the evidence upon which it is proposed to base such rescission.

§ 246.13 *Disposition of case*—(a) *Allegations admitted or no answer filed.* If the answer admits the allegations in the notice, or if no answer is filed within the 30-day period, and the status of permanent resident was acquired through suspension of deportation under section 19 (c) of the Immigration Act of February 5, 1917 or under section 244 of the Immigration and Nationality Act, the district director shall forward the file and all of the papers to the Assistant Commissioner, Inspections and Examinations Division, for further action in accordance with section 246 of the Immigration and Nationality Act. If the answer admits the allegations in the notice, or if no answer is filed within the 30-day period, and the status of permanent resident was acquired through

## RULES AND REGULATIONS

adjustment of status other than through suspension of deportation, the district director shall rescind the adjustment of status previously granted and no appeal shall lie from such decision.

(b) *Answer filed; personal appearance not requested.* Upon receipt of an answer asserting defense to the allegations in the notice, without request for an interview the case shall be assigned to an immigration officer for consideration. The immigration officer shall prepare a report of his findings and make a recommendation as to whether the adjustment of status should be rescinded. The record in the case, including the report and recommendation of the immigration officer, shall be forwarded to the district director who caused the notice to be served. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the party affected shall be informed of such decision. If the decision is that the adjustment of status should be rescinded, the following action shall be taken:

(1) If the status of permanent resident was acquired through suspension of deportation under section 19 (c) of the Immigration Act of 1917 or under section 244 of the Immigration and Nationality Act, the district director shall forward the party's file and all of the papers in the matter to the Assistant Commissioner, Inspections and Examinations Division, for further action in accordance with section 246 of the Immigration and Nationality Act.

(2) If the status of permanent resident was acquired through adjustment of status other than through suspension of deportation, the district director shall enter a decision rescinding the adjustment of status previously granted. The party affected shall be informed in writing of the decision of the district director and of the reasons for such decision. From the decision of the district director an appeal may be taken to the Assistant Commissioner, Inspections and Examinations Division, within 10 days from the receipt of notification of the decision, as provided in Part 7 of this chapter. The party affected may waive an appeal. If no appeal is taken, or if the appeal is waived, the decision of the district director shall be final.

(c) *Answer filed; personal appearance requested or directed.* If the party requests a personal appearance, or if at any time the district director or the Assistant Commissioner, Inspections and Examinations Division, so directs, the party shall be given an opportunity to be interviewed by an immigration officer. The party may be represented at the interview by counsel of his own choice at no expense to the government. All evidence pertinent to the case, including the testimony of any witnesses, shall be incorporated into the record of the interview. At the conclusion of the interview the immigration officer shall prepare a report setting forth a summary of the evidence and findings of fact and conclusions of law based on such evidence. The report shall conclude with

a recommendation which shall be either (i) that the adjustment of status be rescinded, or (ii) that the matter be terminated. The complete record, including the report and recommendation of the immigration officer shall be forwarded to the district director. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the party affected shall be informed of such decision. If the decision of the district director is that the adjustment of status should be rescinded, the following action shall be taken:

(1) If the status of permanent resident was acquired through suspension of deportation under section 19 (c) of the Immigration Act of 1917 or under section 244 of the Immigration and Nationality Act, the district director shall forward the party's file and all of the papers in the matter to the Assistant Commissioner, Inspections and Examinations Division, for further action in accordance with section 246 of the Immigration and Nationality Act.

(2) If the status of permanent resident was acquired through adjustment of status other than through suspension of deportation, the district director shall enter a decision rescinding the adjustment of status previously granted. The party affected shall be informed in writing of the decision of the district director or of the reasons for such decision. From the decision of the district director an appeal may be taken to the Assistant Commissioner, Inspections and Examinations Division, within 10 days from the receipt of notification of the decision, as provided in Part 7 of this chapter. The party affected may waive an appeal. If no appeal is taken, or if the appeal is waived, the decision of the district director shall be final.

§ 246.14 *Decision by Assistant Commissioner, Inspections and Examinations Division.* If the decision of the Assistant Commissioner, Inspections and Examinations Division, is that the adjustment of status be rescinded and such status was acquired through suspension of deportation, he shall cause further action to be taken as provided in section 246 of the Immigration and Nationality Act to present the case to the Congress. In any other case, the file and all of the papers in the matter shall be returned to the district director who shall inform the party affected of the decision. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

§ 246.15 *Surrender of Form I–151.* An alien whose status as a permanent resident has been rescinded or withdrawn in accordance with section 246 of the Immigration and Nationality Act and this part, shall, upon demand, promptly surrender to the district director having administrative jurisdiction over the office in which the action under this part was taken the Form I–151 issued to him at the time of the grant of permanent resident status.

## PART 247—ADJUSTMENT OF STATUS OF CERTAIN RESIDENT ALIENS

### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
247.1 Adjustment of status of resident aliens to nonimmigrant status; authority.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

247.11 Investigation and report.
247.12 Notice.
247.13 Disposition of case.
247.14 Decision by Assistant Commissioner, Inspections and Examinations Division.

AUTHORITY: §§ 247.1 to 247.14 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 247, 66 Stat. 167, 218.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 247.1 *Adjustment of status of resident aliens to nonimmigrant status; authority.* Subject to the limitations provided in this part, the authority contained in section 247 of the Immigration and Nationality Act to adjust the status of certain resident aliens to nonimmigrant status may be exercised by district directors.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 247.11 *Investigation and report.* If at any time evidence becomes available that an alien who was lawfully admitted for permanent residence has an occupational status which, if he were seeking admission to the United States, would entitle him to a nonimmigrant status under paragraph 15 (A), 15 (E), or 15 (G), of section 101 (a) of the Immigration and Nationality Act, a complete report shall be submitted to the district director having administrative jurisdiction over such alien's place of residence.

§ 247.12 *Notice.* If on the basis of the evidence presented, the district director receiving the report is satisfied that a prima-facie showing has been made that the alien has an occupational status described in § 247.11 he shall cause a notice to be served on such alien informing him that it is proposed to adjust his status, unless (a) the alien requests that he be permitted to retain his status as a resident alien and executes and files with such district director a Form I–508 in duplicate (Waiver of all Rights, Privileges, Exemptions and Immunities) within 10 days from receipt of the notice; or (b) the alien, within such 10 day period, files with the district director a written answer under oath setting forth reasons why his status should not be adjusted. The notice shall also advise the person to whom it is addressed that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before such immigration officer as may be designated for that purpose. The person to whom the notice is addressed shall further be advised therein that he may have the assistance of counsel, without expense to the government of the United States, in the preparation of his answer or in connection with such personal appearance, and shall have opportunity to examine, at the appropriate

AR2022_200052

office of the Service, the evidence upon which it is proposed to base such adjustment.

§ 247.13 *Disposition of case*—(a) *Allegations admitted or no answer filed.* If Form I–508 is not filed by the alien within the time prescribed, and (1) the answer admits the allegations in the notice, or (2) no answer is filed, the district director shall place a notation on the notice describing the alien's adjusted nonimmigrant status and shall cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted. The Form I–94C shall be delivered to the alien and shall constitute notice to him of such adjustment. The alien's nonimmigrant status shall be for such time, under such conditions, and subject to such regulations as are applicable to the particular nonimmigrant status granted and shall be subject to such other terms and conditions, including the exaction of bond, as the district director may deem appropriate.

(b) *Answer filed; personal appearance not requested.* Upon receipt of an answer asserting a defense to the allegations made in the notice, without request for a personal appearance, the matter shall be assigned to an immigration officer for consideration. The immigration officer shall prepare a report of his findings and make a recommendation as to whether the status should be adjusted. The record and the report and recommendation of the immigration officer shall be forwarded to the district director who caused the notice to be served. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the party affected shall be informed of such decision. If the district director determines that the status of the alien should be adjusted to that of a nonimmigrant, his decision shall provide that unless the alien, within 10 days of receipt of notification of such decision, requests permission to retain his status as an immigrant and files with the district director Form I–508 in duplicate, the alien's immigrant status be adjusted to that of a nonimmigrant. The alien shall be informed of such decision, the reasons therefor, and that he has 10 days from the receipt of notification of such decision within which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with Part 7 of this chapter. The party affected may waive an appeal. If the appeal is waived or if no appeal is taken within the time allowed, the decision of the district director shall be final. If the alien does not request that he be permitted to retain status and file the Form I–508 within the period provided therefor, the district director, without further notice to the alien, shall cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted. The Form I–94C shall be delivered to the alien. The alien's nonimmigrant status shall be for such time, under such condi-

tions, and subject to such regulations as are applicable to the particular nonimmigrant status created and shall be subject to such other terms and conditions, including the exaction of bond, as the district director may deem appropriate.

(c) *Answer filed; personal appearance requested or directed.* If the party affected has filed an answer asserting a defense to the allegations in the notice and containing a request for a personal appearance, or if at any time the district director or the Assistant Commissioner, Inspections and Examinations Division, so directs, the party shall be given an opportunity to be interviewed by an immigration officer for the purpose of presenting evidence as to whether his status shall be adjusted to that of an immigrant. The party may be represented at the interview by counsel of his own choice at no expense to the Government. All evidence pertinent to the matter, including the testimony of any witnesses, shall be incorporated into the record. At the conclusion of the interview the immigration officer shall prepare a report setting forth a summary of the evidence and findings of fact and conclusion of law based on such evidence. The report shall conclude with a recommendation which shall be either (1) that the status be adjusted, or (2) that the matter be terminated. The complete record, including the report and recommendation of the immigration officer, shall be forwarded to the district director. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the party affected shall be informed of such decision. If the district director determines that the status of the alien should be adjusted to that of a nonimmigrant, his decision shall provide that unless the alien, within 10 days of receipt of notification of such decision, requests permission to retain his status as an immigrant and files with the district director Form I–508 in duplicate, the alien's immigrant status be adjusted to that of a nonimmigrant. The alien shall be informed of such decision, the reasons therefor, and that he has 10 days from the receipt of notification of such decision within which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with Part 7 of this chapter. The party affected may waive an appeal. If the appeal is waived or if no appeal is taken within the time allowed, the decision of the district director shall be final. If the alien does not request that he be permitted to retain status and file the Form I–508 within the period provided therefor, the district director shall, without further notice to the alien, cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted. The Form I–94C shall be delivered to the alien. The alien's nonimmigrant status shall be for such time, under such conditions, and subject to such regulations as

are applicable to the particular nonimmigrant status created and shall be subject to such other terms and conditions, including the exaction of bond, as the district director may deem appropriate.

§ 247.14 *Decision by Assistant Commissioner, Inspections and Examinations Division.* The Assistant Commissioner's decision shall be transmitted to the district director who shall advise the party affected of the decision. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division. If the Assistant Commissioner determines that the status of the alien should be adjusted to that of a nonimmigrant, his decision shall provide that unless the alien, within 10 days of receipt of notification of such decision, requests permission to retain his status as an immigrant and files with the district director Form I–508 in duplicate, the alien's immigrant status be adjusted to that of a nonimmigrant. If the alien does not request that he be permitted to retain status and file the Form I–508 within the period provided therefor, the district director, without further notice to the alien, shall cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted. The Form I–94C shall be delivered to the alien. The alien's nonimmigrant status shall be for such time, under such conditions, and subject to such regulations as are applicable to the particular nonimmigrant status created and shall be subject to such other terms and conditions, including the exaction of bond, as the district director may deem appropriate.

## PART 248—CHANGE OF NONIMMIGRANT CLASSIFICATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
248.1  Change of nonimmigrant classification.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

248.11  Application.
248.12  Attorneys.
248.13  Procedure upon acceptance of application.
248.14  Evidence; burden of proof.
248.15  Examination and investigation.
248.16  Disposition of case.

AUTHORITY: §§ 248.1 to 248.16 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 235, 247, 248, 66 Stat. 167, 168, 203, 218.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 248.1 *Change of nonimmigrant classification*—(a) *Authority.* Subject to the limitations provided in this part, the authority contained in section 248 of the Immigration and Nationality Act to authorize a change in nonimmigrant classification may be exercised by district directors.

(b) *Eligibility for change of nonimmigrant classification.* Except as otherwise provided in this section, any alien lawfully admitted to the United States as a nonimmigrant (including an alien who acquired such status pursuant to section 247 of the Immigration and Nationality Act) who is continuing to maintain his nonimmigrant status, may apply to have

Case 1:18-cv-00068   Document 607-2   Filed on 11/03/22 in TXSD   Page 53 of 141

AR2022_200053

his nonimmigrant classification changed to any other nonimmigrant classification for which he may be qualified. This section shall not apply to an alien classified as a nonimmigrant under section 101 (a) (15) (D) of the Immigration and Nationality Act, or to an alien classified as a nonimmigrant under section 101 (a) (15) (C) who is within the purview of section 238 (d) of that act. Any eligible alien classified as a nonimmigrant under section 101 (a) (15) (C) may apply only for a change to a classification under paragraph (15) (A) or (15) (G) of section 101 (a) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 248.11 *Application*—(a) *General requirements.* Application for change of nonimmigrant classification shall be made on Form I-506 (Application for Change of Nonimmigrant Status). There shall be submitted with the application the Form 257, I-94 or other document issued to the applicant at the time of his admission as, or adjustment of status to, a nonimmigrant, and documentary evidence establishing that the applicant is maintaining his nonimmigrant classification and is eligible for the reclassification requested. If the applicant desires, he may submit photographic or typewritten copies of documents, if such copies are permitted to be made by law, but in such event the original documents must be presented at the examination provided for in § 248.15.

(b) *Change of nonimmigrant classification to that under section 101 (a) (15) (H) of the Immigration and Nationality Act; additional requirements.* Notwithstanding any other provisions of this part, an application for a change of an alien's nonimmigrant classification to that described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall be accompanied by an application executed under oath in duplicate on Form I-129B made by the alien's prospective employer or trainer. There shall be attached thereto the supporting evidence required by the Form I-129B.

§ 248.12 *Attorneys.* Attorneys or other persons authorized to practice before the Service, who represent applicants, shall be permitted to be present during the examination of the alien and witnesses, to submit briefs and to review the record, either before it is forwarded to the district director, or thereafter, and prior to final decision.

§ 248.13 *Procedure upon acceptance of application.* Upon acceptance of an application, the applicant shall be given timely notice of the date and place of the examination provided for in § 248.15, and the case shall be assigned to an immigration officer for the purpose of conducting such examination.

§ 248.14 *Evidence; burden of proof.* All evidence adduced at an examination under this part may be used in any other proceeding, and the alien shall be duly informed of this fact. The burden of proof shall be upon the applicant. In presenting his proof he shall be entitled to the benefit of any disclosable records

concerning him which are in the custody of the Service.

§ 248.15 *Examination and investigation*—(a) *Examination of applicant and witnesses.* The immigration officer shall orally review the application with the applicant, or, in the case of a child under 14 years of age, with the parent or guardian. Any necessary changes shall be consecutively numbered by such officer and acknowledged in writing by the applicant, or, in the case of a child, by the parent or guardian, on the application form. The applicant shall at that time produce the available original documents, copies of which were submitted, or which he desires to be considered, in support of his application. Such copies or excerpts therefrom as are found to be pertinent shall be verified by the immigration officer from the originals, shall be appropriately marked and numbered for identification, and made a part of the application. When no longer required, the original documents shall be returned to the applicant. The immigration officer shall then administer the oath or affirmation contained in Form I-506 and obtain the applicant's signature in the appropriate place on that form. In cases in which the examining officer deems it necessary he shall conduct a further examination of the applicant, or the parent or guardian, by interrogation under oath or affirmation. If the application, supporting documentary evidence, records of the Service, and the testimony adduced, establish the applicant's eligibility for a change of his nonimmigrant classification, no other witnesses shall be required. Otherwise, such number of credible witnesses preferably citizens of the United States, as may be deemed necessary, shall be questioned under oath or affirmation by the officer concerning the facts of the applicant's eligibility for reclassification. If such witnesses cannot appear because of remoteness, physical disability, or any other cause which the officer deems satisfactory, their affidavits may be accepted in lieu of their personal appearance. The oral testimony given by the applicant, the parent or guardian, or the witnesses, shall not be reduced to writing in verbatim form or stenographically or mechanically recorded, but a résumé thereof shall be prepared and certified as true and correct by the immigration officer and made a part of the record. A verbatim record may be made of such testimony in any case in which the examining officer deems it advisable. If such verbatim record is made stenographically or mechanically recorded, it shall not be transcribed unless the district director denies the application.

(b) *Investigations.* Necessary investigations in other districts may, when feasible, be conducted by correspondence. If deemed necessary by the immigration officer, further investigations may be conducted by interview or by correspondence. The replies to such correspondence, and the reports of the investigation, may be made a part of the record by the immigration officer.

§ 248.16 *Disposition of case*—(a) *Record, recommendation and review.* Upon

completion of the examination the immigration officer shall prepare a report of his findings as to each of the essential facts prescribed by section 248 of the Immigration and Nationality Act and § 245.1 of this chapter, together with his recommendation. If the officer is satisfied that the application should be granted he shall so recommend. If the immigration officer is not satisfied that the application should be granted he shall recommend denial of the application. In any case he shall make a brief summary of the evidence and shall include a statement as to the grounds and reasons for the recommendation. The application, record, supporting documents, and the report of the immigration officer shall then be transmitted to the district director having administrative jurisdiction over the office in which the examination was conducted. The district director shall approve or disapprove the recommendation of the immigration officer. If he disapproves the recommendation, the district director shall state his reasons in writing. Notwithstanding any other provisions of this section, the Assistant Commissioner, Inspections and Examinations Division, may direct the district director to transmit to the Assistant Commissioner any case or class of cases arising under this part for initial decision. If the Assistant Commissioner's decision is that the application shall be denied, the district director shall inform the applicant in writing of such decision and of the reasons therefor. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

(b) *Application denied by district director.* If the district director denies the application, the applicant shall be notified in writing of such decision and of the reasons therefor, and, at the same time shall be advised of his right to appeal to the Assistant Commissioner, Inspections and Examinations Division, by filing a notice of appeal Form I-290B. The notice of appeal shall be filed at the office of such district director within 10 days from the receipt of notification of such decision, in accordance with Part 7 of this chapter. The applicant may waive an appeal. If an appeal is taken, the record shall be forwarded to the Assistant Commissioner, Inspections and Examinations Division, for review and decision in accordance with Part 7 of this chapter. If appeal is waived or no appeal is taken within the time permitted, the decision of the district director shall become final.

(c) *Decision on appeal by Assistant Commissioner, Inspections and Examinations Division.* On appeal, the Assistant Commissioner, Inspections and Examinations Division may grant or deny the application for reclassification. The case shall then be returned to the office of origin. If the application has been denied, the district director shall so inform the applicant in writing. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

(d) *Application granted.* In any case in which the application for change of nonimmigrant classification is granted,

the alien's nonimmigrant status under such reclassification shall be subject to the terms and conditions applicable generally to such classification and to such other additional terms and conditions, including the exaction of bond, which the district director deems appropriate to the case. The district director shall cause a new set of Forms I-94 to be prepared and the Form I-94C shall be delivered to the applicant.

PART 249—CREATION OF RECORD OF LAWFUL ADMISSION FOR PERMANENT RESIDENCE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
249.1   Creation of record of lawful admission for permanent residence.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

249.11   Application.
249.12   Attorneys.
249.13   Procedure upon acceptance of application.
249.14   Evidence; burden of proof.
249.15   Examination and investigation.
249.16   Disposition of case.

AUTHORITY: §§ 249.1 to 249.16 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 249, 66 Stat. 219.

SUBPART A—SUBSTANTIVE PROVISIONS

**§ 249.1 Creation of record of lawful admission for permanent residence—** (a) *Authority.* Subject to the provisions of this part, the authority contained in section 249 of the Immigration and Nationality Act to create a record of lawful admission for permanent residence may be exercised by district directors.

(b) *Eligibility to make application; scope of part.* Any alien who believes that he meets the eligibility requirements enumerated in section 249 (a) of the Immigration and Nationality Act may apply for the creation of a record of lawful admission for permanent residence. No such record shall be created in behalf of any alien who entered the United States prior to July 1, 1924 and as to whom a record of admission for permanent residence as an alien prior to that date does not exist, except in accordance with the provisions of section 249 of the Immigration and Nationality Act, this part, or other statutory authority.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 249.11 Application.** An application under this part shall be made on Form N-105 (Application to Create Record of Admission for Permanent Residence). The application shall be accompanied by 2 photographs as described in Part 10 of this chapter. There shall also be submitted with the application such documentary evidence, or pertinent excerpts therefrom (if the documents are lengthy or bulky), as the applicant may have showing his continuous residence in the United States since prior to July 1, 1924, and his good moral character. If the applicant desires, he may submit photographic or typewritten copies of such documents, if such copies are permitted to be made by law, but in such case the original documents must be presented at

the examination as provided for in § 249.15.

**§ 249.12 Attorneys.** Attorneys or other persons authorized to practice before the Service, who represent applicants, shall be permitted to be present during the examination of the alien and the witnesses, to submit briefs and to review the record, either before it is forwarded to the district director or thereafter, and prior to final decision.

**§ 249.13 Procedure upon acceptance of application.** Upon acceptance of an application the applicant shall be given timely notice of the date and place of the examination provided for in § 249.15, and the case shall be assigned to an immigration officer for the purpose of conducting such examination.

**§ 249.14 Evidence; burden of proof.** All evidence adduced during an examination under this part may be used at any other proceeding and the alien shall be duly informed of this fact. The burden of proof shall be upon the applicant. In presenting his proof he shall be entitled to the benefit of any disclosable records concerning him which are in the custody of the Service. The applicant shall submit the affidavits of such number of credible witnesses, preferably citizens of the United States, concerning the moral character, continuity of residence of the applicant, and any other matter bearing on the applicant's eligibility for the benefits of section 249 of the Immigration and Nationality Act. Where practicable such affidavits shall be made on Form N-120 (Affidavit of Witness in Proceeding to Create Record of Admission for Permanent Residence). Documentary evidence such as bank books, leases, deeds, licenses, receipts, letters, and birth, marriage, church, school, employment and police records, or similar evidence shall, so far as possible, be used in establishing the essential facts to which documentary evidence is relevant. Where by reason of conditions known or shown to exist it is reasonable to believe that such evidence is not obtainable, other relevant evidence may be considered.

**§ 249.15 Examination and investigation—** (a) *Examination of applicant and witnesses.* The immigration officer shall orally review the application with the applicant. Any necessary changes shall be consecutively numbered by such officer and acknowledged in writing by the applicant. The applicant shall at that time produce the original available documents, copies of which were submitted, or which he desires to be considered in support of his application. Such copies or excerpts therefrom as are found to be pertinent shall be certified by the immigration officer from the originals, shall be appropriately marked and numbered for identification, and made a part of the application. When no longer required the original documents shall be returned to the applicant. The immigration officer shall then administer the oath or affirmation contained in Form N-105 and obtain the applicant's signature in the appropriate place on that form. In cases in which the examining officer

deems it necessary he shall conduct a further examination of the applicant under oath or affirmation. Witnesses shall be examined orally under oath or affirmation in accordance with the interrogatories of Form N-120. Should additional statements be deemed necessary, the witnesses shall be interrogated under oath or affirmation. Witnesses located within a reasonable distance of the place of examination shall be required to appear in person to execute Form N-120, and for oral examination. If witnesses cannot appear because of remoteness, physical disability, or any other cause the officer deems satisfactory, the affidavits may be accepted in lieu of their personal appearance. The oral testimony given by the applicant and the witnesses shall not be reduced to writing in verbatim form or stenographically or mechanically recorded, but a résumé thereof shall be prepared and certified as true and correct by the immigration officer and made a part of the record. A verbatim record may be made of such testimony in any case in which the examining officer deems it advisable. If such verbatim record is made stenographically or mechanically recorded, it shall not be transcribed unless the district director denies the application.

(b) *Investigations.* Necessary investigations in other districts may, when feasible, be conducted by correspondence. If deemed necessary by the immigration officer, further investigations may be conducted by interview or by correspondence. The replies to such correspondence, and the reports of the investigation may be made a part of the record by the immigration officer.

**§ 249.16 Disposition of case—** (a) *Record, recommendation and review.* Upon completion of the examination the immigration officer shall prepare a report of his findings as to each of the essential facts prescribed by section 249 of the Immigration and Nationality Act and § 249.11, together with his recommendation. If the officer is satisfied that the application should be granted he shall so recommend. If the immigration officer is not satisfied that the application should be granted he shall recommend denial of the application. In any case he shall make a brief summary of the evidence and shall include a statement as to the grounds and reasons for the recommendation. The application, record, supporting documents, photographs and the report of the immigration officer shall then be transmitted to the district director having administrative jurisdiction over the office in which the examination was conducted. The district director shall approve or disapprove the recommendation of the immigration officer and shall note Form N-130 in accordance with his decision. If he disapproves the recommendation, the district director shall state his reasons in writing.

(b) *Application denied.* If the district director denies the application, the applicant shall be notified in writing of such decision and of the reasons therefor and, at the same time, shall be advised of his right to appeal to the Assistant Commissioner, Inspections and

## RULES AND REGULATIONS

Examinations Division, by filing a notice of appeal Form I-290B (Appeal to Central Office). The notice of appeal shall be filed at the office of such district director within 10 days from the receipt of notification of such decision in accordance with Part 7 of this chapter. The applicant may waive an appeal. If an appeal is taken the record shall be forwarded to the Assistant Commissioner, Inspections and Examinations Division, for review and decision in accordance with Part 7 of this chapter. If appeal is waived or no appeal is taken within the time permitted, the decision of the district director shall become final.

(c) *Decision by Assistant Commissioner, Inspections and Examinations Division.* On appeal, the Assistant Commissioner, Inspections and Examinations Division, may grant or deny the application. The case shall then be returned to the office of origin. If the application has been denied, the district director shall so inform the applicant in writing. No appeal shall lie from the decision of the Assistant Commissioner, Inspections and Examinations Division.

(d) *Application granted; delivery of alien registration receipt card.* In any case in which the application is granted, an alien registration receipt card Form I-151, showing that the applicant has acquired the status of an alien lawfully admitted for permanent residence, shall be issued to the applicant. If the alien is in possession of any other documents evidencing compliance with the Alien Registration Act, 1940, or Chapter 7 of Title II of the Immigration and Nationality Act, he shall be required to surrender it.

PART 250—REMOVAL OF ALIENS WHO HAVE FALLEN INTO DISTRESS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
250.1    Removal of aliens who have fallen into distress; authority.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

250.11   Who may apply.
250.12   Application.
250.13   Procedure upon acceptance of application.
250.14   Evidence; burden of proof.
250.15   Examination and investigation.
250.16   Disposition of case.
250.17   Action subsequent to granting of application.

AUTHORITY: §§ 250.1 to 250.17 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 250, 66 Stat. 219.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 250.1   *Removal of aliens who have fallen into distress; authority.* Subject to the limitations provided in this part, the authority contained in section 250 of the Immigration and Nationality Act to remove from the United States any alien who falls into distress or who needs public aid from causes arising subsequent to entry may be exercised by district directors.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 250.11   *Who may apply.* Any alien who meets the eligibility requirements contained in section 250 of the Immigration and Nationality Act and who desires to be removed from the United States may apply for the benefits of that section of the Act.

§ 250.12   *Application.* Application for removal shall be made in duplicate on Form I-243 (Application for Removal). The application of a child under 14 years of age may be included in the application of a parent. The application in the case of a child under the age of 14 years shall be signed by his parent or guardian. If the applicant has received aid from a public or charitable institution or association, the application shall be accompanied by a certificate by an accredited representative of such association or institution indicating the nature and extent of the aid furnished to the alien. In the case of an alien who has not received public aid, the application shall show the causes and conditions by reason of which the alien claims to need public aid. The application shall be accompanied also by any document which was issued to the alien at the time of his admission to the United States.

§ 250.13   *Procedure upon acceptance of application.* Upon acceptance of an application, the applicant shall be given timely notice of the date and place of the examination provided for in § 250.15, and the case shall be assigned to an immigration officer for the purpose of conducting such an examination.

§ 250.14   *Evidence; burden of proof.* All evidence adduced at an examination under this part may be used in any other proceeding, and the alien shall be duly informed of this fact. The burden of proof shall be upon the applicant. In presenting his proof he shall be entitled to the benefit of any disclosable records concerning him which are in the custody of the Service.

§ 250.15   *Examination and investigation—*(a) *Examination of applicant and witnesses.* The immigration officer shall orally review the application with the applicant, or, in the case of a child under 14 years of age, with the parent or guardian. Any necessary changes shall be consecutively numbered by such officer and acknowledged in writing by the applicant or, in the case of a child, by the parent or guardian, on the application form. The applicant shall at that time produce the original documents, copies of which were submitted or which he desires to be considered, in support of his application. Such copies or excerpts therefrom as are found to be pertinent shall be verified by the immigration officer from the originals, shall be appropriately marked and numbered for identification, and made a part of the application. When no longer required, the original documents shall be returned to the applicant. The immigration officer shall then administer the oath or affirmation contained in Form I-243 and obtain the applicant's signature in the appropriate place on that form. During the examination the applicant shall be informed that if he is removed from the United States he will be ineligible to apply for or receive a visa or other documentation for readmission, or

to apply for admission to the United States except with the prior approval of the Attorney General. The application form shall be noted to show that such advice was given to the applicant by the examining officer and the applicant's response thereto. If the applicant has a mental or serious physical disability, a medical certificate shall be obtained showing whether the applicant is in condition to be removed from the United States without danger to life or health and whether alien will require special care and attention in case of removal. If accessible, near relatives of the applicant shall be interviewed to determine whether they are financially able and willing or legally obligated to support or assist the applicant. In cases in which the examining officer deems it necessary he shall conduct a further examination of the applicant, or the parent or guardian, by interrogation under oath or affirmation. If the application, supporting documentary evidence, records of the Service, and the testimony adduced, establish the applicant's eligibility for removal, no other witnesses shall be required. Otherwise, such number of credible witnesses preferably citizens of the United States, as may be deemed necessary, shall be questioned under oath or affirmation by the officer concerning the facts of the applicant's eligibility for removal. If such witnesses cannot appear because of remoteness, physical disability, or any other cause which the officer deems satisfactory, their affidavits may be accepted in lieu of their personal appearance. The oral testimony given by the applicant, the parent or guardian, or the witnesses, shall not be reduced to writing in verbatim form or stenographically or mechanically recorded, but a résumé thereof shall be prepared and certified as true and correct by the immigration officer and made a part of the record. A verbatim record may be made of such testimony in any case in which the examining officer deems it advisable. If such verbatim record is made stenographically or mechanically recorded, it shall not be transcribed unless the district director denies the application.

(b) *Investigations.* Necessary investigations in other districts may, when feasible, be conducted by correspondence. If deemed necessary by the immigration officer, further investigations may be conducted by interview or by correspondence. The replies to such correspondence, and the reports of the investigation may be made a part of the record by the immigration officer.

§ 250.16   *Disposition of case.* Upon completion of the examination the immigration officer shall prepare a report of his findings as to the essential facts prescribed by section 250 of the Immigration and Nationality Act and § 250.15, together with his recommendation. If the officer is satisfied that the application should be granted he shall so recommend. If the immigration officer is not satisfied that the application should be granted he shall recommend denial of the application. In any case he shall make a brief summary of the evidence and shall include a statement as to the grounds and reasons for the recommen-

AR2022_200056

dation. The application, record, supporting documents, and the report of the immigration officer shall then be transmitted to the district director having administrative jurisdiction over the office in which the examination was conducted. The district director shall approve or disapprove the recommendation of the immigration officer. The applicant shall be notified in writing of the decision of the district director and, if the decision is that the application be denied, of the reasons therefor. No appeal shall lie from the decision of the district director.

§ 250.17 *Action subsequent to granting of application.* If the district director grants the application he shall issue authorization on Form I-202 for the alien's removal. Upon issuance of the authorization for removal, or as soon thereafter as practicable, the alien may be removed from the United States at government expense.

## PART 251—CREWMEN: LISTS OF; REPORTS OF ILLEGAL LANDINGS

### SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
251.1 Definitions.
251.2 Imposition of penalty.
251.3 Listing of crewmen who are nationals of the United States.
251.4 Report of crewmen on board certain vessels or aircraft.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

251.31 Arrival crew lists for vessels other than Great Lakes vessels.
251.32 Arrival crew lists for Great Lakes vessels.
251.33 Arrival crew lists for aircraft.
251.34 Arrival crew list for certain aircraft not required.
251.35 Illegal landing of alien crewman; notice.
251.36 Listing of change in crew of vessel or aircraft.

AUTHORITY: §§ 251.1 to 251.36 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 212, 221, 251, 252, 280, 66 Stat. 195, 219, 220, 230.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 251.1 *Definitions.* As used in chapter 5 of the Immigration and Nationality Act and this part, the term—

(a) "Great Lakes vessel" means a vessel, including a designated international ferry, of United States, Canadian, or British registry, enrollment, or license engaged solely in traffic between the United States and Canada and travelling solely over one or more of the following waterways: Great Lakes, waterways connecting the Great Lakes, St. Lawrence River, St. Croix River, Passamaquoddy Bay, Lake Memphremagog, Lake Champlain, Rainy Lake, Rainy River, Lake of the Woods, Bay of Fundy (from, but not including, Yarmouth, N. S.).

(b) "International ferry" means a Great Lakes vessel which has been designated as such by the district director of the St. Albans, Buffalo, Detroit or Chicago districts of the Service.

(c) "Master" means the captain or other person in charge of a vessel.

(d) "Full time immigration officer" means a regular employee of the Service

duly appointed or designated as an immigration officer.

(e) "Immigration officer (excepted)" means a person other than a full time immigration officer who has been designated to perform the duties of an immigration officer in accordance with the provisions of this chapter.

§ 251.2 *Imposition of penalty.* The provisions of Part 280 of this chapter shall govern the imposition of penalties provided for in section 251 (d) of the Immigration and Nationality Act.

§ 251.3 *Listing of crewmen who are nationals of the United States.* In every case in which a crew list is required to be delivered upon arrival, crewmen of vessels or aircraft who are nationals of the United States shall be listed on the same form and the same information noted thereon as in the cases of alien crewmen.

§ 251.4 *Report of crewman on board certain vessels or aircraft.* The master, commanding officer or agent of a vessel or aircraft which arrives at a port in the continental United States or at a port in any other place under the jurisdiction of the United States without touching at a foreign port, on a voyage originating in Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, shall submit in writing to the United States immigration officer at the port of arrival the surname, given name, middle initial and nationality of each crewman on board such vessel or aircraft, and in addition, in the case of vessels, the residence of each such crewman.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 251.31 *Arrival crew lists for vessels other than Great Lakes vessels.* The lists required by section 251 (a) of the Immigration and Nationality Act and § 251.3 for vessels other than Great Lakes vessels shall be submitted on Form I-480 and shall be delivered to the United States immigration officer boarding the vessel at the first port of arrival in the United States, who, in the event the vessel has to call at any other port in the United States, shall give the master of the vessel a receipt therefor. Except as otherwise provided in this section for a vessel making voyages to and from the same port in the United States at regular or periodic intervals and returning resident alien crewman, the persons responsible for the delivery of the alien crew list and as a part thereof shall prepare a set of Forms I-95 for each arrival in the United States of an alien crewman on board a vessel and shall deliver them to such crewman for presentation by him, with any Foreign Service Forms 256, 257 or Immigration Forms I-132 or I-151 in his possession, to the United States immigration officer at the first port of arrival in the United States. If the crewman for whom a set of Forms I-95 is prepared has an immigrant or nonimmigrant visa the visa number shall be noted on all copies of the Form I-95 in the box entitled "Visa or Alien Registration number". If he is a returning resident alien crewman his alien registration receipt number shall be noted

on all copies of Form I-95 in the box entitled "Visa or Alien Registration number". In the case of a vessel making voyages to and from the same port in the United States at regular or periodic intervals, Forms I-95 shall be prepared for each alien crewman upon his first arrival in the United States on board such vessel after December 23, 1952. Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same crewman provided he is serving aboard the same vessel, is arriving at the same port in the United States, and is in possession of the Form I-95A issued to him at the time of his first landing. In the case of a returning resident alien crewman, a set of Forms I-95 shall be prepared upon his first arrival in the United States after December 23, 1952. Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same crewman provided he is in possession of the Form I-95A issued to him at the time of such first arrival.

§ 251.32 *Arrival crew lists for Great Lakes vessels—*(a) *International ferries.* On the first arrival of an international ferry in the United States after the opening of the navigation season, or, if operating year-round, on the first arrival after January 1, each year, the list required by section 251 (a) of the Immigration and Nationality Act § 251.3 shall be submitted on Form I-481 and shall be delivered to the immigration officer boarding the vessel at the first port of arrival in the United States. Thereafter during the same calendar year a crew list shall not be required unless there is a change in the crew of the vessel, either by increase, decrease or substitution. If any such change occurs, there shall be submitted on its first arrival after the change occurs a supplemental crew list on Form I-481 containing only information relative to crewmen who have left the crew or who were engaged since the crew list was furnished. The provisions of this section are in addition to and not in substitution for the requirements of § 251.36. Except as otherwise specifically provided in this part all other provisions of the Immigration and Nationality Act and of this chapter applicable to vessels and crewmen generally shall apply to Great Lakes vessels and crewmen serving thereon.

(b) *Great Lakes vessels other than international ferries.* On every arrival in the United States of a Great Lakes vessel other than an international ferry, a crew list on Form I-481 shall be delivered to the immigration officer boarding the vessel at its first port of arrival in the United States.

(c) *Preparation of Forms I-95.* On the first arrival of a Great Lakes vessel in the United States after December 23, 1952, the persons responsible for the delivery of the alien crew list, and as a part thereof, shall prepare a set of immigration Forms I-95 for each alien crewman on board the vessel and shall deliver them to such crewman for presentation by him, with any Foreign Service Forms 256 or 257 or immigration Forms I-132 or I-151 in his possession, to the United States immigration officer at

the first port of arrival in the United States. If the crewman for whom a set of Forms I-95 is prepared has an immigrant or nonimmigrant visa, the visa number shall be noted on all copies of the Forms I-95 in the box entitled "Visa or Alien Registration number". If he is a returning resident alien crewman, his alien registration receipt number shall be noted on all copies of the Forms I-95 in the box entitled "Visa or Alien Registration number". Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same crewman so long as he continues to be a crewman of a Great Lakes vessel and is in possession of the Form I-95A issued to him at the time of his first landing.

(d) *Notification of arrivals.* The master of Great Lakes vessels shall immediately notify the officer in charge of the office having administrative jurisdiction over the port of arrival in the United States of every arrival of his vessel at such port except where such arrival is pursuant to a published schedule.

(e) *Designation of international ferries.* The district director of each of the districts of the Service having jurisdiction over ports of entry located on the bodies of water listed in § 251.1 (a) may in his discretion designate a Great Lakes vessel as an international ferry in his district. The district director may revoke the designation of international ferry with respect to vessels so designated by him. The district director shall notify the company or master by letter of such designation and of any revocation thereof. Request for designation as an international ferry shall be made by letter addressed to the district director having administrative jurisdiction over the port or ports at which the vessel is to arrive in the United States. Designation as an international ferry may be granted for such time and under such conditions as the district director deems appropriate.

§ 251.33 *Arrival crew lists for aircraft.* The lists required by section 251 (a) of the Immigration and Nationality Act and § 251.3 shall be submitted on Customs Form 7507 in the space provided for the listing of the crew, shall contain the information indicated on the form and shall be delivered to the immigration officer inspecting the aircraft at the international airport or other place of first landing in the United States. Except as otherwise provided in this section for aircraft making voyages to and from the United States at regular or periodic intervals and returning resident alien crewman, the persons responsible for the delivery of the alien crew list and as a part thereof shall prepare a set of Forms I-95 for each arrival in the United States of an alien crewman on board the aircraft and shall deliver them to such crewman for presentation by him, with any Foreign Service Forms 256, 257 or immigration Forms I-132 or I-151 in his possession, to the United States immigration officer at the first airport of arrival in the United States. If the crewman for whom a set of Forms I-95 is prepared has an immigrant or nonimmigrant visa the visa number shall be noted on all copies of the Form I-95 in

the box entitled "Visa or Alien Registration number". If he is a returning resident alien crewman his alien registration receipt number shall be noted on all copies of Form I-95 in the box entitled "Visa or Alien Registration number". In the case of an aircraft making flights to and from the United States at regular or periodic intervals, Forms I-95 shall be prepared for each alien crewman upon his first arrival in the United States on board such aircraft after December 23, 1952. Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same crewman provided he is serving as a crewman aboard the same aricraft or an aircraft of the same transportation line and is in possession of the Form I-95A issued to him at the time of his first landing. In the case of a returning resident alien crewman, a set of Forms I-95 shall be prepared upon his first arrival in the United States after December 23, 1952. Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same crewman provided he is in possession of the Form I-95A issued to him at the time of such first arrival.

§ 251.34 *Arrival crew list for certain aircraft not required.* Aircraft coming directly to the continental United States or Alaska on a trip which originated in Canada or the French islands of St. Pierre or Miquelon shall not be regarded as arriving in the United States from any place outside the United States for the purposes of section 251 (a) of the Immigration and Nationality Act and § 251.3, and the provisions of those sections and of § 251.33 shall not apply to such aircraft. Nothing in this section shall be regarded as exempting any crewman from any of the applicable documentary requirements of the Immigration and Nationality Act or of this chapter. Upon the first arrival in the United States after December 23, 1952, of an aircraft within the scope of this section, the commanding officer or agent of such aircraft shall prepare a set of Forms I-95 for each alien crewman serving on board such aircraft. Within one year of such arrival, another set of Forms I-95 shall not be prepared for the same alien crewman provided he is in possession of the Form I-95A issued to him at the time of such first landing and he continues to be employed as an alien crewman by the same transportation line.

§ 251.35 *Illegal landing of alien crewman; notice.* The notice required by section 251 (b) of the Immigration and Nationality Act to be furnished regarding any alien crewman who may have landed illegally in the United States from a vessel or aircraft shall be in writing, shall contain the information required by that section of the Immigration and Nationality Act, and shall be delivered promptly by mail or in person to the officer in charge of the port where the illegal landing occurred. The notice shall also contain the alien's name, number of any document issued to him, nationality, description, and any photograph or other available documents which might aid in locating and apprehending such crewman.

§ 251.36 *Listing of change in crew of vessel or aircraft.* The list required by section 251 (c) of the Immigration and Nationality Act shall be submitted on Form I-489. Except with respect to international ferries, if no change in crew occurs that fact shall be noted on Form I-489. For the purposes of section 251 (c) of the Immigration and Nationality Act and this section, aircraft shall not be regarded as departing from a port in the United States if such aircraft departs from the continental United States or Alaska and is destined directly to Canada or the French islands of St. Pierre or Miquelon. The persons responsible for the delivery of Form I-489 shall attach to and make a part of the Form I-489 all Forms 257a and I-95A surrendered to the master or commanding officer by departing members of the crew, as provided in § 252.11 of this chapter, after recording thereon the name or identification marks of the vessel or aircraft, respectively, and the date and port of its departure from the United States.

PART 252—LANDING OF ALIEN CREWMEN

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
252.1 Conditional permit to land.
252.2 Arrest and deportation of certain crewmen landed under section 252 (a) (1) of the Immigration and Nationality Act.
252.3 Arrest and deportation of crewmen not within the purview of § 252.2.
252.4 Request for change of period of landing.
252.5 Crewmen seeking admission other than in pursuit of calling.
252.6 Special provisions applicable to Great Lakes crewmen.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

252.11 Disposition of entry documents of aliens departing as crewmen.
252.21 Procedure for arrest and deportation of certain crewmen landed under section 252 (a) (1) of the Immigration and Nationality Act.
252.41 Change in period of landing; procedure by immigration officer.

AUTHORITY: §§ 252.1 to 252.41 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 221, 241, 242, 251, 252, 66 Stat. 166, 191, 204, 208, 219, 220.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 252.1 *Conditional permit to land.*—(a) *Conditions.* An immigration officer in his discretion may grant an alien crewman a conditional permit to land temporarily in the United States whenever such officer determines in accordance with section 252 of the Immigration and Nationality Act and this part that the crewman is eligible for such a permit. Such a permit shall be granted subject to the following conditions:

(1) The crewman agrees that while in the United States he will not pursue any employment or engage in any activity inconsistent with his temporary landing as a crewman or not related to the purpose for which he is permitted to land; and

(2) The crewman agrees to leave the United States within the period for which he was permitted to land; and

AR2022_200058

(3) If admitted under section 252 (a) (1) of the Immigration and Nationality Act, the crewman agrees to leave the United States and each port of the United States at which permitted to land on board the vessel or aircraft which brought him to the United States.

(b) *Period of time allowed.* The period of time for which an immigration officer may permit the temporary landing of a crewman who is qualified therefor under the provisions of paragraph (a) of this section is the applicable period provided in section 252 (a) (1) or in section 252 (a) (2) of the Immigration and Nationality Act.

(c) *Landing under section 252 of the Immigration and Nationality Act.* The immigration officer authorizing an alien crewman's landing under section 252 of the Immigration and Nationality Act shall note the crewman's set of immigration Forms I–95 to show the date and port of landing, the name or identification marks of the vessel or aircraft on which the crewman arrived and whether landing was authorized under clause (a) (1) or clause (a) (2) of section 252 of that Act. The Form I–95A shall be placed in the crewman's passport and shall constitute his conditional permit to land. Any Foreign Service Form 257a presented by the alien crewman and which bears a valid nonimmigrant visa issued to the alien as a crewman pursuant to section 101 (a) (15) (D) of the Immigration and Nationality Act shall be appropriately noted and returned to the crewman for presentation on subsequent arrivals in the United States.

§ 252.2 *Arrest and deportation of certain crewmen landed under section 252 (a) (1) of the Immigration and Nationality Act.*—(a) *Violation of landing privilege.* An alien permitted to land conditionally as a crewman under section 252 (a) (1) of the Immigration and Nationality Act shall, within the period for which he was permitted to land, be taken into custody by an immigration officer without a warrant of arrest and made the subject of further proceedings under the provisions of section 252 (b) of the Immigration and Nationality Act and § 252.21 if:

(1) It is determined that such alien crewman is not a bona fide crewman; or

(2) Such alien crewman does not intend to depart on the vessel or aircraft which brought him to the United States.

(b) *When not considered a bona fide crewman.* For the purposes of this section, an alien crewman shall be considered not to be a bona fide crewman if:

(1) He violates or fails to fulfill any of the conditions of his admission imposed at the time of his landing; or

(2) He evidences in any way an intention to violate or fail to fulfill any of the conditions of his admission imposed at the time of his landing; or

(3) He engages in any activity inconsistent with the status of a crewman; or

(4) He was not entitled under the Immigration and Nationality Act to land as a crewman at the time of such landing.

(c) *When deemed not to intend to depart.* For the purposes of this section

an alien crewman shall be deemed not to intend to depart on the vessel or aircraft which brought him to the United States if:

(1) He evidences orally, by writing, or by conduct an intention not to depart on the vessel or aircraft on which he arrived; or

(2) He is found at such a distance from the port of landing that it is not possible for him to return to the vessel or aircraft prior to its departure from such port; or

(3) By reason of his own conduct it is or will be impossible for him to depart on the vessel or aircraft on which he arrived.

(d) *Other grounds for deportation.* Nothing in this section shall be construed as setting forth the sole grounds on which it may be determined that an alien crewman is not a bona fide alien crewman or that an alien crewman does not intend to depart on the vessel or aircraft which brought him to the United States or to depart on a vessel or aircraft within the period for which he was permitted to land temporarily, or as setting forth the sole grounds of deportation.

§ 252.3 *Arrest and deportation of crewmen not within the purview of § 252.2*—(a) *Violation of status; determination of deportability.* The question of the deportability of an alien crewman not within the purview of § 252.2 who is believed to be subject to deportation shall be determined in accordance with the procedure set forth in section 242 of the Immigration and Nationality Act and Part 242 of this chapter. Such an alien crewman shall, within the meaning of section 241 (a) (9) of the Immigration and Nationality Act, be deemed to have failed to maintain his nonimmigrant status under sections 101 (a) (15) (D) and 252 of the Immigration and Nationality Act and under this part if:

(1) It is determined that he is not a bona fide crewman; or

(2) He does not intend to depart on a vessel or aircraft within the period for which he was permitted to land.

(b) *When not considered bona fide.* For the purposes of this section, an alien crewman shall be considered not to be a bona fide crewman under any of the circumstances listed and described in § 252.2 (b).

(c) *When deemed not to intend to depart.* For the purposes of this section, an alien crewman shall be deemed not to intend to depart on a vessel or aircraft within the period for which he is permitted to land temporarily if:

(1) He evidences orally, by writing, or by conduct an intention not to depart on a vessel or aircraft within the period of time for which he was permitted to land temporarily; or

(2) By reason of his own conduct it is or will be impossible for him to depart on a vessel or aircraft within the period for which he was permitted to land; or

(3) He remains in the United States after the expiration of the time for which he was permitted to land.

(d) *Other grounds for deportation.* Nothing in this section shall be construed as setting forth the sole grounds on

which it may be determined that an alien crewman is not a bona fide alien crewman, or that an alien crewman does not intend to depart on the vessel or aircraft which brought him to the United States or to depart on a vessel or aircraft within the period for which he was permitted to land temporarily, or as setting forth the sole grounds of deportation.

§ 252.4 *Request for change of period of landing.* An alien crewman permitted to land for the period set forth in section 252 (a) (1) of the Immigration and Nationality Act who is maintaining his status but who desires to depart as a member of the crew of a vessel or aircraft other than the one on which he arrived, may, within the period for which permitted to land, apply in person to an immigration officer to have his landing changed to that authorized under section 252 (a) (2) of the Immigration and Nationality Act.

§ 252.5 *Crewmen seeking admission other than in pursuit of calling.* An alien crewman applying for admission to the United States in a status other than that described in section 101 (a) (15) (D) of the Immigration and Nationality Act shall be required to comply with all of the provisions of the immigration laws to the same extent as though he were a passenger. Nothing in this section shall be deemed to exempt the transportation line on whose vessel or aircraft such alien crewman arrived in the United States from any of the responsibilities or liabilities imposed upon it by the immigration laws with respect to alien crewmen.

§ 252.6 *Special provisions applicable to crewmen of Great Lakes vessels*—(a) *Definitions.* The definitions of the terms contained in § 251.1 of this chapter shall apply to this section.

(b) *Crew inspection: first trip of vessel of year or season*—(1) *By whom conducted.* A full time immigration officer shall conduct the immigration examination of the crew of every Great Lakes vessel on the occasion of its first arrival each year or season in the United States. In addition to the notation required by § 252.1 (c), the immigration officer authorizing the landing of a crewman of a Great Lakes vessel shall note the words "Great Lakes" on all copies of the Form I–95.

(2) *Extent of immigration examination.* A crewman aboard a Great Lakes vessel shall be examined in accordance with the provisions of the immigration laws applicable to crewmen generally upon the vessel's first arrival of year or season.

(3) *Medical examination.* At the time of the immigration examination of the crew of a Great Lakes vessel arriving for the first time during a year or season, the medical examination required by the Immigration and Nationality Act shall be given each member of the crew. The examining immigration officer shall not permit the crewman to land until and unless he has been medically examined and passed. The medical officer shall place on all copies of the Form I–95 an appropriate dated notation stating that

**RULES AND REGULATIONS**

the alien has been medically examined and passed, if that is the case.

(c) *Crew inspection; subsequent arrival of vessel during year or season—*(1) *By whom conducted.* Whenever an international ferry operating year-round makes its second or later arrival after January 1 each year, or whenever any other Great Lakes vessel operating seasonally makes its second or later arrival after the season's opening, the examination of the crew shall be conducted by a full-time immigration officer if one can conveniently be assigned; otherwise the examination of the crew shall be conducted by an immigration officer (excepted). An immigration officer (excepted) shall have authority to permit a crewman of a Great Lakes vessel to land for the period set forth in section 252 of the Immigration and Nationality Act only if such crewman presents the Form I-95A previously issued to him at the time of his first arrival during the year or season provided he has no reason to believe that such crewman is inadmissible to the United States. A crewman making his first arrival of the year or season in the United States aboard a Great Lakes vessel which is making its second or later arrival shall not be permitted to land until he is examined by a full time immigration officer. The provisions of paragraph (b) shall be applicable to such a crewman.

(2) *Extent of subsequent immigration examination.* A crewman of a Great Lakes vessel shall be examined as provided in the Immigration and Nationality Act and this section each time he arrives from Canada, except that in the case of international ferries the crew examination after the initial trip of the year or season shall consist only of whatever inquiry is necessary to determine that there has been no unreported change in the crew and that all members of the crew have been properly documented for landing. A crewman of a Great Lakes vessel shall meet whatever documentary requirements apply to his case each time he applies for permission to land in the United States.

(3) *Medical examination.* A crewman of a Great Lakes vessel who has been given a medical examination during the navigation season, or during the calendar year if employed on an international ferry operating year-round, and whose Form I-95A bears the medical notation stating that the alien has been medically examined and passed, shall not be subject to medical reexamination during the same year or season unless the examining immigration officer believes that such reexamination might disclose grounds for exclusion or the denial of landing privilege. If any medical reexamination results in certification which renders the alien inadmissible, the medical officer shall invalidate any favorable medical endorsement previously noted on the Form I-95A.

(4) *Revocation of Form I-95A.* If a crewman of a Great Lakes vessel in possession of a Form I-95A previously issued to him is subsequently found to be inadmissible to the United States, an immigration officer shall take up such Form I-95A.

§ 252.11 *Disposition of entry documents of aliens departing as crewmen.* Except in those cases in which Forms 257a, I-94C, I-95A, or I-100a are not required to be surrendered by aliens departing from the United States as provided in §§ 221.2 (b), and 231.3 (d) of this chapter and this section, an alien departing from the United States as a crewman aboard a vessel or aircraft shall surrender to the master or commanding officer any Form 257a, I-94C, I-95A, or I-100a issued to him at the time of his arrival in the United States. For each alien crewman who departs with the vessel or aircraft, who is required, but fails, to surrender any of the forms enumerated in this paragraph, the master or commanding officer shall prepare a Form I-424. The master or commanding officer shall attach the Forms 257a, I-94C, I-95A, I-100a or I-424 to the Form I-489 or, if a Form I-489 is not required to be submitted, shall surrender such forms to the United States immigration officer at the port of departure from the United States. Form 257a need not be surrendered if it bears a valid nonimmigrant visa issued pursuant to section 101 (a) (15) (D) of the Immigration and Nationality Act with enough of the period of validity remaining to enable the alien to use the visa for an additional voyage or voyages to the United States as a crewman. Form I-95A need not be surrendered until one year from the date in which it was issued in any of the following cases and shall, provided the crewman is found otherwise admissible under the immigration laws and such form is noted by the examining immigration officer on each subsequent arrival, constitute the crewman's conditional permit to land upon subsequent arrivals during such year:

(1) A crewman of a vessel making voyages to and from the same port in the United States at regular or periodic intervals provided he departs as a crewman within the period for which he was permitted to land aboard the same vessel and on the same voyage on which he arrived.

(2) A resident alien crewman.

(3) A crewman of an aircraft making flights to and from the United States at regular or periodic intervals, for such time as he continues to be employed as a crewman by the same transportation line, provided he departs as a crewman, within the period for which he was permitted to land, on the aircraft on which he arrived or on another aircraft of the same transportation line.

(4) A crewman who departs as a member of the crew of a Great Lakes vessel.

(5) A crewman of an aircraft described in § 251.34 of this chapter, for such time as he continues to be employed as a crewman by the same transportation line, provided he departs as a crewman within the period for which he was permitted to land, on the aircraft on which he arrived or another aircraft of the same transportation line.

§ 252.21 *Procedure for arrest and deportation of certain crewmen landed*

under *section 252 (a) (1) of the Immigration and Nationality Act.* If, after investigation, an immigration officer determines that under § 252.3 (a) an alien crewman should be arrested and deported, he shall, if the alien is not confined in a penal or mental institution and without obtaining a warrant of arrest, take such alien into custody and shall then and there fully advise him of the cause of his apprehension. If the alien is confined in a penal or mental institution he shall not be taken into physical custody until released from confinement, whether on parole or otherwise, but in such case the institution shall be advised of the interest of the Service in the case so that the Service may be informed prior to any release of the alien. Immediately upon taking the alien into custody the immigration officer shall satisfy himself as to (a) the identity, (b) alienage, and (c) deportability of the alien as a member of any of the classes enumerated in § 252.2 (a). If the immigration officer determines that the person apprehended is an alien crewman within one of the classes enumerated in § 252.2 (a), he shall revoke the crewman's conditional permit to land by writing thereon the word "Revoked" and the date of revocation, and, if the conditional permit to land is a Form 257a or Form I-95A, such form shall be taken up by such officer. If prosecution under section 252 (c) of the Immigration and Nationality Act is not contemplated, the alien crewman shall be returned immediately to the vessel or aircraft on which he came to the United States and deported thereon. If prosecution is contemplated, or, if the crewman is confined in a penal or mental institution, the crewman shall not be so returned for deportation until after trial, imprisonment (if sentenced thereto), or until release from the penal or mental institution, respectively. If it is not practicable to deport a crewman on the vessel or aircraft on which he came to the United States, he shall be deported on another vessel or aircraft of the same transportation line. If that is not practicable, the crewman shall be deported in any other manner at the expense of the transportation line which brought him to the United States. A notice to detain and deport on Form I-259 shall be served on the master of commanding officer of the vessel or aircraft on which the alien crewman is to be deported. The procedure prescribed by section 242 of the Immigration and Nationality Act and Part 242 of this chapter shall not apply to an alien crewman who is within the purview of § 252.2. No appeal by an alien crewman shall lie from the revocation of his conditional permit to land and his deportation under this part.

§ 252.41 *Change in period of landing; procedure by immigration officer.* If the immigration officer to whom an alien crewman applies for change of his landing is satisfied that the alien will depart as a member of the crew of a vessel or aircraft other than the one on which he arrived, he may, in his discretion, grant the alien crewman's request and permit him to remain in the United States for

such period as the immigration officer shall determine, not to exceed twenty-nine days from the date of the crewman's arrival in the United States. The immigration officer shall endorse the Form I-95A issued to the crewman as his conditional permit to land at the time of arrival to show the date to which the crewman has been granted permission to land, sign his name thereto, and return the form to the crewman as his conditional permit to land.

PART 252a—SEAMEN OR AIRMEN:
SPECIAL CLASSES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
252a.1   Seamen or airmen returned by American consuls.
252a.2   Shipwrecked or castaway seamen or airmen.
252a.3   Aliens returned pursuant to terms of contract of voyage.
252a.4   Disabled crewmen; condition for passing in transit.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

252a.11   Seamen or airmen returned by American consuls.
252a.31   Shipwrecked or castaway seamen or airmen.
252a.51   Aliens returned pursuant to terms of contract of voyage.

AUTHORITY: §§ 252a.1 to 252a.31 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 251, 252, 255, 66 Stat. 166, 182, 219, 220, 222.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 252a.1 *Seamen or airmen returned by American consuls.* Whenever a vessel or aircraft arrives in the United States from any place outside the United States having on board an alien seaman or airman returned by a United States consular official in accordance with the navigation laws and American consular regulations, the master, commanding officer, purser, or other responsible officer of the vessel or aircraft, or such alien, shall present to the examining immigration officer documentary or other satisfactory evidence indicating that such alien is being returned under such laws and regulations. Such alien shall be subject to the provisions of § 252a.11.

§ 252a.2 *Shipwrecked or castaway seamen or airmen.* A shipwrecked or castaway alien seaman or airman who is rescued by or transferred at sea to a vessel or aircraft destined directly for the United States, and who is brought to the United States on such vessel or aircraft shall be subject to the provisions of § 252a.21.

§ 252a.3 *Aliens returned pursuant to terms of contract of voyage.* An alien seaman or airman who was a member of the crew of an American vessel or aircraft which has been sold or delivered abroad, who returns to the United States in accordance with the terms of the contract of employment of the outbound voyage or under the laws of the United States, shall be subject to the provisions of § 252a.31.

§ 252a.4 *Disabled crewmen; condition for passing in transit.* A disabled alien

No. 247——9

crewman, who does not intend to relinquish his calling, but whom the master or commanding officer of the vessel or aircraft is obliged, under the laws of the country under which the vessel or aircraft is registered, licensed, documented, or enrolled, to return to the country where he embarked, may, under such terms and conditions as the district director or the officer in charge having administrative jurisdiction over the port of arrival deems necessary (including the depositing by the master or commanding officer of a satisfactory bond or other undertaking guaranteeing the departure of such crewman, if deemed appropriate by such district director or officer in charge) be paroled into the United States solely to pass through the United States in transit to the country where such alien crewman embarked by the most expeditious and direct route. Whenever such an alien is afflicted with any of the disabilities or diseases specified in section 255 of the Immigration and Nationality Act or in such physical or mental condition as to make him a person likely to become a public charge, such alien may not be paroled into the United States until the master or commanding officer has made arrangements for the alien's proper care while in transit and has furnished a sum of money sufficient to defray the expenses of such care.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 252a.11 *Seamen or airmen returned by American consuls*—(a) *Admission.* The case of an alien returned to the United States by a United States consular official who arrives as a member of a crew, shall be disposed of in the same manner as that of any other arriving alien crewman, except as provided in paragraphs (b) and (c) of this section. An alien so returned whose occupational status as a seaman or airman is found by the examining immigration officer to be bona fide, and who seeks to enter the United States solely in pursuit of his calling as a seaman or airman but who arrives other than a member of a crew, may be admitted, if found to be otherwise admissible, as a nonimmigrant visitor for business for a period not to exceed 29 days and under the conditions enumerated in § 252.1 (a) (1) and (2) of this chapter. An alien so returned who applies for admission other than in pursuit of his calling as a seaman or airman shall comply with all of the provisions of the Immigration and Nationality Act applicable to passengers generally.

(b) *Procedure when seaman or airman is afflicted.* Whenever any such returned alien, regardless of the manner of his arrival, is found to be afflicted with any of the disabilities or diseases specified in section 255 of the Immigration and Nationality Act, the master, commanding officer, or other responsible officer, shall deliver the alien to authorities of the United States Public Health Service for medical treatment in a United States Public Health Service hospital at the expense of the appropriation for the maintenance of such hospitals. The immigration examination of any such hospitalized alien shall be deferred until his discharge from the hospital at which

time his admissibility to the United States shall be determined in accordance with the provisions of paragraph (a) of this section.

(c) *Carriers' exemption from liability; immigration appropriation not available for hospital treatment.* Vessels and aircraft transporting an alien returned to the United States by a United States consular official shall be exempt from the payment of hospital and maintenance expenses and liability for the penalties prescribed by the immigration laws with respect to such returned alien, if the transportation line furnishes satisfactory proof that the alien was accepted on board and transported at the request of a United States consular official. Under no circumstances shall hospital bills incurred on account of such a returned alien be paid from the appropriation for the enforcement of the immigration laws. Maintenance expenses incurred pending final determination of the status of such alien may be paid from said appropriation.

§ 252a.21 *Shipwrecked or castaway seamen or airmen*—(a) *Admission.* An alien whose occupational status as a seaman or airman is found by the examining immigration officer to be bona fide, who is brought to the United States under the circumstances described in § 252a.2, and who arrives as a member of the crew, shall be examined in the same manner as any other arriving crewman. An alien so brought to the United States whose occupational status as a seaman or airman is found by the examining immigration officer to be bona fide, who seeks to enter the United States solely in pursuit of his calling as a seaman or airman, but who arrives other than as a member of the crew, may be admitted, if found to be otherwise admissible, as a nonimmigrant visitor for business for a period not to exceed 29 days and under the conditions enumerated in § 252.1 (a) (1) and (2) of this chapter. An alien so brought who applies for admission other than in pursuit of his calling as a seaman or airman, shall be required to comply with all of the provisions of the Immigration and Nationality Act applicable to passengers generally.

(b) *Payment of expenses.* If expenses are incurred in connection with the detention and deportation of a seaman or airman described in § 252a.2, such expenses shall be collected from the appropriate foreign consul or from the wrecked vessel or aircraft, if practicable, otherwise such expenses shall be paid from the appropriation for the enforcement of the immigration laws.

(c) *Procedure when seaman or airman is afflicted.* Whenever an alien seaman or airman brought to the United States under the circumstances described in § 252a.2, regardless of the manner of his arrival, is found to be afflicted with any of the disabilities or diseases specified in section 255 of the Immigration and Nationality Act, and is found to be entitled to treatment in a United States Public Health Service hospital at the expense of the appropriation for the maintenance of such hospitals, the mas-

AR2022_200061

ter, commanding officer, or other responsible officer shall deliver the alien to authorities of the United States Public Health Service for medical treatment in a United States Public Health Service hospital at the expense of the appropriation for the maintenance of such hospitals. Any such afflicted alien who is found not to be entitled to treatment at such expense may be given treatment at the expense of the wrecked vessel or aircraft if the appropriate foreign consul or other responsible person satisfactorily guarantees payment of the expense thereof to the satisfaction of the district director or the officer in charge having administrative jurisdiction over the port of arrival, otherwise, the alien may be hospitalized at the expense of the appropriation for the enforcement of the immigration laws only if his condition is such as to require emergency treatment. The immigration examination of any such hospitalized alien shall be deferred until his discharge from the hospital at which time his admissibility to the United States shall be determined in accordance with the provisions of paragraph (a) of this section.

§ 252a.31 *Aliens returned pursuant to terms of contract of voyage*—(a) *Admission.* An alien seaman or airman, who returns to the United States as a member of the crew of a vessel or aircraft under the circumstances described in § 252a.3, shall be treated in the same manner as any other arriving alien crewman. Such an alien seaman or airman who returns other than as a member of the crew of a vessel or aircraft whose occupational status as a seaman or airman is found to be bona fide by the examining immigration officer, and who seeks to enter the United States solely in pursuit of his calling as a seaman or airman, may be admitted, if found to be otherwise admissible, as a nonimmigrant visitor for business for a period not to exceed 29 days and under the conditions enumerated in § 252.1 (a) (1) and (2) of this chapter. Any such alien who applies for admission other than in pursuit of his calling as a seaman or airman shall comply with all of the provisions of the Immigration and Nationality Act applicable to passengers generally.

(b) *Procedure when seaman or airman is afflicted.* Whenever an alien seaman or airman returns to the United States under the circumstances described in § 252a.3, regardless of the manner of his arrival, and is found to be afflicted with any of the disabilities or diseases specified in section 255 of the Immigration and Nationality Act and such alien seaman or airman is found to be entitled to treatment in a United States Public Health Service hospital at the expense of the appropriation for the maintenance of such hospitals, the master, commanding officer, or other responsible officer shall deliver such alien to authorities of the United States Public Health Service for medical treatment in a United States Public Health Service hospital at the expense of the appropriation for the maintenance of such hospitals. Any such afflicted alien who is found not to be entitled to treatment at such expense

may be given hospital treatment if the payment of the expenses thereof are guaranteed to the satisfaction of the district director or the officer in charge having administrative jurisdiction over the port of arrival. The immigration examination of any such hospitalized alien shall be deferred until his discharge from the hospital at which time his admissibility to the United States shall be determined in accordance with the provisions of paragraph (a) of this section.

PART 253—HOSPITAL TREATMENT OF AFFLICTED CREWMEN

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
253.1  Afflicted crewmen.
253.2  Crewmen suspected of being afflicted.
253.3  Clearance withheld; procedure.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

253.11  Notice to remove.
253.12  Afflicted crewmen; procedure.
253.21  Crewmen suspected of being afflicted; procedure.

AUTHORITY: §§ 253.1 to 253.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 252, 253, 254, 255, 66 Stat. 220, 221, 222.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 253.1 *Afflicted crewmen.* An alien crewman afflicted with any of the disabilities or diseases enumerated in section 255 of the Immigration and Nationality Act and in whose case a cure reasonably can be expected within 30 days, shall be ordered by the examining immigration officer immediately removed for hospital treatment to a designated hospital at the expense of the persons enumerated in section 253 of the Immigration and Nationality Act: *Provided,* That in the event appropriate facilities for treatment are not available, removal from the vessel or, in the case of an aircraft, from the specified place of detention, shall not be ordered (except in emergent cases so certified by a Public Health Surgeon) and the district director or the officer in charge having administrative jurisdiction of the port of arrival shall notify the district director or the officer in charge having administrative jurisdiction of the first port of call possessing such facilities (if the vessel or aircraft is proceeding to other ports of call in the United States) of the presence of said alien on such vessel or aircraft. The latter officer shall proceed in the manner hereinbefore provided upon the arrival of the vessel or aircraft at such port of call to have the alien removed for hospital treatment. If the vessel or aircraft having such afflicted alien on board arrives at a port at which there are no proper facilities for hospitalization, if no arrangements elsewhere therefor are practicable and the vessel or aircraft is not proceeding to another port of call in the United States possessing such facilities or is proceeding directly to a foreign port, or if the disability or disease is one in which a cure cannot reasonably be expected within 30 days, an order to deport shall be served as provided in Part 254 of this chapter.

§ 253.2 *Crewmen suspected of being afflicted.* An alien crewman suspected

of being afflicted with any of the disabilities or diseases mentioned in section 255 of the Immigration and Nationality Act shall be ordered by the examining immigration officer immediately removed for observation to an immigration station or other appropriate place at the expense of the persons enumerated in section 253 of the Immigration and Nationality Act: *Provided,* That in the event appropriate facilities for observation are not available, removal from the vessel or, in the case of an aircraft, from the specified place of detention, shall not be ordered (except in emergent cases so certified by a Public Health Surgeon) and the district director or the officer in charge having administrative jurisdiction of the port of arrival shall notify the district director or the officer in charge having administrative jurisdiction of first port of call possessing such facilities (if the vessel or aircraft is proceeding to other ports of call in the United States) of the presence on said vessel or aircraft of said alien. The latter officer shall proceed in the manner hereinbefore provided upon the arrival of the vessel or aircraft at such port of call to have the alien removed for observation. If the vessel or aircraft having such alien suspected of being afflicted on board arrives at a port at which there are no proper facilities for observation, if no arrangements elsewhere therefor are practicable and the vessel or aircraft is not proceeding to another port in the United States possessing such facilities or is proceeding directly to a foreign port, an order to deport shall be served as provided in Part 254 of this chapter.

§ 253.3 *Clearance withheld; procedure.* The guaranty of payment of expenses provided for in section 253 of the Immigration and Nationality Act may be accepted by the district director or officer in charge having administrative jurisdiction of the port, if submitted by guarantors satisfactory to him, and shall be submitted on Form I-510. In the event the persons named in section 253 of the Immigration and Nationality Act fail to pay such expenses or fail to furnish such guaranty, such officer shall immediately request the collector of customs to withhold clearance of the vessel or aircraft. Such request, if made informally, shall be confirmed promptly in writing.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 253.11 *Notice to remove.* In any case in which an immigration officer in his discretion determines that an alien crewman shall be removed from the vessel or aircraft on which he arrived for hospital treatment or observation as provided in section 253 of the Immigration and Nationality Act and this part, such officer shall serve or cause to be served on any of the persons enumerated in section 253 of the Immigration and Nationality Act a notice to remove on Form I-259. Such notice shall specify the date when, and the place to which, the alien crewman shall be removed, and the reason for such removal.

§ 253.12 *Afflicted crewmen; procedure.* Prior to the expiration of 30 days

from date of hospitalization (or at any time thereafter if the crewman's hospitalization is continued at the request of any of the persons enumerated in section 253 of the Immigration and Nationality Act), the appropriate surgeon of the Public Health Service shall submit to the district director or the officer in charge having administrative jurisdiction over the place where the hospital is located a certification indicating whether or not the alien is cured, or if not cured, whether or not his mental and physical condition is such that he may resume his calling without danger to himself and others. If the alien is cured or if he may resume his calling as aforesaid, the district director or the officer in charge shall cause the alien to be discharged from the hospital, following which his admissibility shall be determined and his case disposed of in the same manner as that of arriving alien crewmen generally, as provided in section 252 of the Immigration and Nationality Act and Part 252 of this chapter. If the certification indicates that the alien is not cured and that his mental and physical condition is such that he cannot resume his calling without danger to himself or others, the district director or officer in charge shall cause the alien to be discharged from the hospital, if the alien's condition permits, and shall return the alien crewman to the vessel or aircraft on which he arrived: *Provided*, That said vessel or aircraft is promptly going to a foreign port and a certificate is issued by the Public Health surgeon that the alien can be placed on board and removed from the United States thereon without danger to his life. If for any reason it is impossible or impracticable to return the crewman to a foreign port on board such vessel or aircraft, then he shall be returned on board another vessel or aircraft of the same transportation line destined for a foreign port and which carries a ship's surgeon, or if that is impracticable, then such alien shall be returned as a passenger on any passenger vessel or aircraft carrying a ship's surgeon: *Provided*, That in every case in which such a crewman is returned, the transportation line on which he came shall furnish a guaranty satisfactory to such district director or officer in charge that the crewman will receive proper medical treatment and be segregated from members of the crew and passengers, and that every precaution will be employed to prevent the spread of contagion during the voyage and, if removal is effected by the vessel or aircraft which brought the alien, or by one of the same line, that the alien will not be returned to the United States by the vessel or aircraft on which he departs or on another one of the same line, unless and until he is cured: *Provided further*, That, if the vessel or aircraft on which an afflicted crewman arrived is not going to a foreign port at the time of the crewman's discharge from the hospital, said afflicted crewman may be permitted, upon written request of any of the persons named in section 253 of the Immigration and Nationality Act or other acceptable guarantor, and the promise of such persons to assume all expenses involved, to remain in the hospital until

such vessel or aircraft departs for a foreign port.

§ 253.21 *Crewman suspected of being afflicted; procedure.* The case of an alien crewman removed for observation as provided in §§ 253.2 and 253.11 who, after such observation, is found to be afflicted with any of the disabilities or diseases enumerated in section 255 of the Immigration and Nationality Act, shall be disposed of in accordance with the provisions of §§ 253.1 and 253.12. The admissibility of an alien crewman removed for observation as provided in §§ 253.2 and 253.11 who, after such observation, is found not to be afflicted with any of the disabilities or diseases enumerated in section 255 of the Immigration and Nationality Act, shall be determined and his case disposed of in the same manner as that of arriving alien crewman generally, as provided in section 252 of the Immigration and Nationality Act and Part 252 of this chapter.

---

Part 254—Control of Alien Crewmen

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
254.1   Deportation of alien crewman.
254.2   Order to detain and deport alien crewman.
254.3   Detained crewman; when removal permitted.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

254.21   Order to detain and deport alien crewman; form.

AUTHORITY: §§ 254.1 to 254.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 101, 212, 253, 66 Stat. 166, 182, 221.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 254.1 *Deportation of alien crewman.* Subject to the limitations hereinafter provided in this part, the district director having administrative jurisdiction over the place where the case is pending shall exercise the authority contained in section 254 (a) of the Immigration and Nationality Act to select the port from which and the vessel or aircraft on which an alien crewman's deportation is to be effected.

§ 254.2 *Order to detain and deport alien crewman.* In any case in which an alien crewman permitted to land under section 212 (d) (5), 252, or 253 of the Immigration and Nationality Act is subsequently placed aboard a vessel or aircraft for detention and deportation in accordance with the provisions of that Act and this chapter, the immigration officer delivering the alien crewman to the vessel or aircraft shall order the owner, agent, consignee, charterer, master, or commanding officer of the vessel or aircraft to detain and deport such crewman in the manner provided by law.

§ 254.3 *Detained crewman; when removal permitted*—(a) *Vessels.* An alien crewman, employed on a vessel, who is required to be detained or who is ordered deported, shall not be removed to an immigration station or other place for safekeeping at the request of the transportation line except in case of emergency as determined by the district

director or officer in charge having administrative jurisdiction over the place in the United States where the vessel is then located, and in such case, only when the owner, agent, consignee, charterer, master, or commanding officer, of the vessel involved shall give guarantee satisfactory to such district director or officer in charge that all costs of such removal, including maintenance charges, and damage done by such crewman to the place to which he is removed, including damage to equipment, shall be paid by such owner, agent, consignee, charterer, master, or commanding officer.

(b) *Aircraft.* An alien crewman, employed on an aircraft, who is required to be detained or who is ordered deported shall be detained at the expense of the airline at a place specified by the district director or the officer in charge having administrative jurisdiction over the place in the United States where the aircraft is then located.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 254.21 *Order to detain and deport alien crewman; form.* The order to detain and deport provided for by § 254.2 shall be on Form I-259. The order shall be addressed to any or all of the following persons named in section 254 (a) of the Immigration and Nationality Act: owner, agent, consignee, charterer, master, or commanding officer of the vessel or aircraft on which the crewman arrived. The order shall be served by mail or by personal service upon each of the persons to whom it is addressed or upon such other person as may be authorized to receive it. Every person upon whom the order is served shall be charged with the duty of detaining and deporting the alien or aliens named thereon. The names of more than one alien crewman may be included on the same order. An order shall not be issued in the case of an alien crewman who has been permitted by the Service to leave the vessel or aircraft until such alien crewman is returned to such vessel or aircraft or is offered for deportation by the Service to the person or persons to whom the order is addressed.

---

Part 256—Pay Off or Discharge of Alien Crewmen

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
256.1   Consent to pay off or discharge alien crewmen.
256.2   Consent to pay off or discharge alien crewmen admitted under section 252 (a) (1) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 256.1 and 256.2 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 252, 256; 66 Stat. 220, 223.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 256.1 *Consent to pay off or discharge alien crewmen.* Except in the case of an alien crewman granted a conditional permit to land under section 252 (a) (1) of the Immigration and Nationality Act, the notation by an immigration officer on an alien crewman's Form 257a

AR2022_200063

or Form I-95A evidencing his admission as a nonimmigrant, shall constitute the consent to pay off or discharge such alien crewman required under section 256 of the Immigration and Nationality Act.

§ 256.2 *Consent to pay off or discharge alien crewman admitted under section 252* (a) (1) *of the Immigration and Nationality Act.* An alien crewman landed temporarily under section 252 (a) (1) of the Immigration and Nationality Act shall not be paid off until consent to do so has first been obtained from the district director or officer in charge having administrative jurisdiction over the place where the vessel or aircraft is then located. Request for such consent shall be made by letter and the consent, if granted, shall be in writing addressed to the person making the request. An alien crewman landed under section 252 (a) (1) of the Immigration and Nationality Act shall not be discharged from the vessel or aircraft unless such alien's landing is subsequently changed under § 252.4 of this chapter to that authorized under section 252 (a) (2) of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 262—REGISTRATION OF ALIENS IN THE UNITED STATES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
262.1 Scope.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 262.1 *Scope.* Persons otherwise subject to the provisions of Chapter 7 of Title II of the Immigration and Nationality Act and Parts 262 to 265, inclusive, of this chapter shall not be exempt from any of those provisions solely for the reason that they were admitted to the United States as:

(a) Alien members of the armed forces of the United States as provided in section 284 of the Immigration and Nationality Act; or

(b) American Indians born in Canada as provided in section 289 of the Immigration and Nationality Act; or

(c) Aliens lawfully admitted for permanent residence who reside in foreign contiguous territory and who, while continuing such residence, enter the United States to engage in any existing employment or to seek employment in this country.

(Sec. 103, 66 Stat. 173. Interpret or apply secs. 261-265, 284, 289, 66 Stat. 223-225, 232, 234)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 263—REGISTRATION OF ALIENS IN THE UNITED STATES: PROVISIONS GOVERNING SPECIAL GROUPS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
263.1 Foreign government officials, representatives to international organizations and similar classes.

Sec.
263.2 Canadian citizen visitors.
263.3 Aliens confined in institutions within the United States.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 263.1 to 263.3 issued under sec. 103, 66 Stat. 173. Interpret or apply 54 Stat. 673 secs. 211, 221, 262, 263, 66 Stat. 181, 191, 224; 8 U. S. C. 451.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 263.1 *Foreign government officials, representatives to international organizations and similar classes*—(a) *Registration not required.* Any alien in the United States on the effective date of the Immigration and Nationality Act shall not be required to register under section 262 of the Immigration and Nationality Act if (1) on that date he was exempt from the requirements of the Alien Registration Act, 1940 under the regulations promulgated under that act (12 F. R. 5130), and (2) he were now outside the United States applying for a visa in the status and classification he presently is maintaining in the United States, he would be exempt from the registration requirements of section 262 of the Immigration and Nationality Act under the regulations promulgated by the Department of State in accordance with the authority contained in section 221 (b) of the Immigration and Nationality Act.

(b) *Registration required.* Any person exempt from the registration requirements of section 262 of the Immigration and Nationality Act who remains in the United States for 30 days or longer after having ceased to be within the classification which entitled him to the exemption, shall apply for registration in accordance with the provisions of the Immigration and Nationality Act before the expiration of 30 days following the date when he ceased to be entitled to such classification.

§ 263.2 *Canadian citizen visitors.* The duty imposed on aliens in the United States by section 262 of the Immigration and Nationality Act to apply for registration shall not be applicable to Canadian citizens admitted to the United States under the provisions of § 212.3 (b) of this chapter who depart from the United States within 6 months of admission. If his stay in the United States is to exceed 6 months, an application for registration in accordance with the provisions of section 262 of the Immigration and Nationality Act shall be made prior to the expiration of the 6 months period.

§ 263.3 *Aliens under deportation proceedings or confined in institutions within the United States*—(a) *Under deportation proceedings.* No alien pending the conclusion of deportation proceedings need be registered under section 262 of the Immigration and Nationality Act otherwise than by means of the fingerprints taken and the record made in such deportation proceeding and need not be issued an alien registration receipt card, so long as he continues in custody or is deported or departs from the United States immediately upon release from such custody.

(b) *Aliens confined in penal or other institutions or who are incapacitated.*

The district director in his discretion shall make such special arrangements as he deems necessary for the registration of aliens confined in institutions within his district.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 264—REGISTRATION OF ALIENS IN THE UNITED STATES: FORMS AND PROCEDURE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
264.1 Alien registration receipt card.
264.2 Registration officers.
264.3 Place of registration.
264.4 Registration records confidential.
264.5 Replacement of alien registration receipt cards; aliens lawfully admitted for permanent residence.
264.6 Reregistration; aliens other than those lawfully admitted for permanent residence whose alien registration receipt cards have been lost, mutilated or destroyed.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

264.11 Form of registration.
264.12 Manner of registration.
264.51 Replacement of alien registration receipt cards; procedure.

AUTHORITY: §§ 264.1 to 264.51 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 30, 54 Stat. 673, secs. 221, 261-263, 66 Stat. 191, 223-225.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 264.1 *Alien registration receipt card*—(a) *Receipt cards or other evidence of alien registration issued prior to the effective date of the Immigration and Nationality Act.* Every receipt card, certificate, or other document or paper which was issued to any registered alien prior to the effective date of the Immigration and Nationality Act and which, under any regulation in effect immediately prior to the effective date of the Immigration and Nationality Act was or constituted evidence of alien registration under any of the provisions of Title III of the Alien Registration Act, 1940, is hereby declared to be issued and is hereby issued as an alien registration receipt card pursuant to section 264 (d) of the Immigration and Nationality Act with the same force and effect as though issued on or after the effective date of the Immigration and Nationality Act. Such evidence of alien registration includes;

Form AR 103: "Alien Registration Receipt Card."

Form AR-3: "Alien Registration Receipt Card."

Form I-151: "Alien Registration Receipt Card."

Form AR-103 8: "Alien Registration Receipt Card" (Seamen Form).

Form I-151 (Rev. 1-3-50); (Certifying to Alien Registration.)

Foreign Service Form 257a: Showing Alien Registration.

Form I-200: (Noted to show alien registration.)

Form I-94C: (Noted to show alien registration.)

Form I-100a: Alien Laborer's Permit and Identification Card.

(b) *Aliens registered prior to effective date of the Immigration and Nationality Act who have not received evidence of registration.* Except as otherwise pro-

AR2022_200064

vided in this part, any alien in the United States who was registered under Title III of the Alien Registration Act, 1940, who for any reason has not been issued an alien registration receipt card or in whose case such card remains undelivered, shall be furnished with an alien registration receipt card on the appropriate form prescribed in this part as soon as practicable. If the identity of any such alien or the mailing address is unknown, such action shall be initiated upon the receipt of that information from any source.

(c) *Forms constituting alien registration receipt cards under the Immigration and Nationality Act.* In addition to any form specifically stated elsewhere in this chapter to be an alien registration receipt card issued pursuant to section 264 (d) of the Immigration and Nationality Act, the forms listed in this paragraph shall, under the conditions specified, also constitute alien registration receipt cards.

(1) *Form I-151.* When an alien with an unexpired immigrant visa is lawfully admitted to the United States as an immigrant for permanent residence he shall be issued Form I-151 as an alien registration receipt card and as evidence of such immigration status. Any alien who in any manner becomes a lawful permanent resident of the United States and who is registered in the United States also shall be furnished such Form I-151. An alien lawfully admitted for permanent residence who re-registers in the United States within 30 days after attaining his 14th birthday shall be entitled to and shall be issued a new Form I-151 bearing his photograph if the Form I-151 originally issued to him was without such photograph.

(2) *Form 257a.* In the case of an alien who, in connection with his visa application, has been registered under section 261 of the Immigration and Nationality Act or section 30 of the Alien Registration Act, 1940, any Form 257a returned to him and endorsed by the admitting officer, pursuant to § 221.2 of this chapter, to show the data as to admission shall constitute an alien registration receipt card.

(3) *Form I-94C.* Except as otherwise provided in this part, an alien registered on Forms I-94, I-94-AR and (when applicable) AR-4 as provided in § 264.11 shall be given Form I-94C endorsed to show such registration and that form shall then be the alien's registration receipt card.

(d) *Prohibition against issuance of more than one alien registration receipt card; requirement of surrender of receipt card.* An alien registration receipt card shall not be issued to any person who previously has obtained one unless he surrenders such previously issued card which is in his possession. No person shall use an alien registration receipt card relating to any other person except in behalf of his minor child or ward. If an alien is naturalized, dies, permanently departs, or is deported from the United States, or an alien registration receipt card is found by a person other than the one to whom it was issued, the person in possession of the card shall surrender it

to an immigration officer or it shall be lifted by an immigration officer, and such officer shall forward the card to the office of the Service maintaining the file of the alien to whom the card was issued. If doubt arises as to the location of the alien's file, the alien registration receipt card shall be forwarded to the Central Office for appropriate disposition.

(e) *Carrying and possession of proof of alien registration.* The provisions of section 264 (e) of the Immigration and Nationality Act shall be applicable to every receipt card, certificate, or other document or paper referred to in § 264.1 as constituting evidence of alien registration.

(f) *Limited effect of issuance of alien registration receipt card.* The issuance of an alien registration receipt card or its equivalent shall not relieve the alien, or his parent or guardian, from full compliance with any and all laws and regulations of the United States now existing or hereafter made concerning aliens; nor shall it be construed to confer upon the alien or his parent or guardian immunity from any liability, penalty or punishment incurred by the alien or his parent or guardian for violation of any law of the United States occurring either before or after the issuance of such card.

§ 264.2 *Registration officers.* Immigration officers and any officer or employee of the United States selected by the Commissioner are designated registration officers and authorized to register aliens under Chapter 7 of Title II of the Immigration and Nationality Act. Any registration officer may prepare any registration form required to be executed by an alien upon the basis of information furnished by such alien.

§ 264.3 *Place of registration.* Any alien in the United States who is required to apply for registration under the provisions of section 262 of the Immigration and Nationality Act shall do so at any office in which any person designated in § 264.2 as a registration officer is serving as such, except as otherwise indicated in § 263.3 of this chapter, and except that the district director may make such special arrangements for the registration of aliens in his district who are aged, infirm, or incapacitated.

§ 264.4 *Registration records confidential.* All registration and fingerprint records made under the provisions of Title III of the Alien Registration Act, 1940, or under Chapter 7 of Title II of the Immigration and Nationality Act shall be confidential. Information from such records shall be made available only to such persons or agencies as may be designated by the Commissioner. Persons or agencies designated to receive such information prior to the effective date of the Act whose designation was outstanding and unrevoked upon that date are hereby designated to continue to receive such information under the authority contained in section 264 (b) of the Immigration and Nationality Act.

§ 264.5 *Replacement of alien registration receipt cards; aliens lawfully admitted for permanent residence.* Any alien

lawfully admitted to the United States for permanent residence whose alien registration receipt card has been lost, mutilated, or destroyed, shall immediately apply for a new alien registration receipt card, and upon approval of his application shall be issued a new alien registration receipt card. Any alien lawfully admitted to the United States for permanent residence whose name has been changed after registration by order of court or marriage, or who is in possession of an alien registration receipt card that does not constitute prima facie evidence of his lawful admission for permanent residence (such as Forms AR-3 and AR-103) may apply for a new alien registration receipt card. In either case, the application shall be made and disposed of as provided in § 264.51.

§ 264.6 *Reregistration; aliens other than those lawfully admitted for permanent residence whose alien registration receipt cards have been lost, mutilated or destroyed.* Any alien other than one within the provisions of § 264.5 whose alien registration receipt card has been lost, mutilated, or destroyed immediately shall apply to the nearest office of the Service for a new alien registration receipt card. If it is determined that the alien will remain in the United States more than 29 days after the loss, destruction, or mutilation of the card came to his attention, the alien shall be re-registered as if he were being initially registered under the provisions of this part and a new alien registration receipt card shall be issued to him as provided in § 264.1 (c) (3).

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 264.11 *Form of registration.* Any alien required to be registered in the United States shall except as otherwise provided in this chapter be registered on Forms I-94 and I-94-AR except that an alien who is a lawful permanent resident shall be registered on Form AR-2 and in an appropriate case on Form AR-2a (supplemental information to be made a part of Form AR-2). Except as provided in § 263.3 (a) of this chapter, in either instance, the alien shall be fingerprinted on Form AR-4 and when the alien is registered on Form AR-2, the registration officer shall take an imprint of the alien's right index finger in the space provided therefor on Form AR-2.

§ 264.12 *Manner of registration—*(a) *Duties of registration officers.* The registration officer shall complete the registration forms prescribed by this part in the English language from information furnished by the alien and all fingerprints shall be taken by such officer. When an alien is registered on Forms I-94 and I-94-AR, the registration officer shall endorse the Form I-94C to show that the alien has registered under the Immigration and Nationality Act.

(b) *Information required for registration.* The information which the alien or his parent or legal guardian must furnish under oath shall be such as is required by the forms prescribed in this part or as may be required hereafter under the authority of the Immigration and Nationality Act. Name or names

shall be given in the English alphabet and the date of birth shall be stated by giving the month, day and year in that sequence.

(c) *Persons who believe themselves not subject to registration.* If any person indicates to the registration officer that he does not believe himself subject to registration under the Immigration and Nationality Act but is registering for his own protection, the registration officer shall make the following notation on the margin of the registration form at the conclusion of the registration: "Applicant doubts need for registration."

(d) *Registration in behalf of insane or incompetent aliens.* Any alien who is insane or otherwise incompetent or of unsound mind may be registered by his legal guardian, trustee, or committee or by such other person as may be charged by law with his care and custody. Any person registering in behalf of an alien herein described, shall answer to the best of his knowledge and ability the questions required to be put to the registering alien and shall swear or affirm to the best of his knowledge and belief that such alien is incompetent. Such alien, if 14 years of age or older, shall be fingerprinted if possible.

(e) *Signing of registration forms.* Except as otherwise provided in this part the registration forms provided for herein must be signed and sworn to before a registration officer by the alien in person or by his parent or legal guardian. The alien being registered or his parent or guardian or the person furnishing the information in behalf of an incompetent alien, if unable to write, shall make his mark in the signature space on the registration forms and his mark shall be witnessed by a witness other than the registration officer. The witness shall sign his name and address on the registration forms near the mark made and the words "witnessed by" shall precede the witness' signature.

§ 264.51 *Replacement of alien registration receipt cards; procedure*—(a) *Form of application.* Application for a new alien registration receipt card shall be made on Form I-90 under oath or affirmation. If the alien is under 14 years of age, the application shall be made by his parent or legal guardian. If a parent or legal guardian is not available the matter should be reported to the district director of the district in which the alien resides who shall take such steps as he deems necessary with regard to the issuance of a new card.

(b) *Disposition of application.* An application for a new alien registration receipt card shall be submitted to the officer in charge of the office of the Service having administrative jurisdiction over the applicant's place of residence. The application shall be accompanied by two photographs of the alien as described in Part 10 of this chapter and by a fee of $5.00 and, if the application is for the issuance of a new receipt card in a changed name by appropriate documentary evidence of such change including any court order effecting such change. If the applicant is in possession of an immigration identification card, a mutilated receipt card, a Form AR-3 or AR-103 receipt card, or any other alien registration receipt card, such card must be surrendered before a new receipt card may be issued to him. The officer in charge receiving an application shall cause such investigation and inquiry to be conducted as he deems necessary to determine whether the application should be granted. Such officer in charge shall submit the application and the accompanying documents to the district director together with a report in writing and his recommendation as to whether the application should be granted or denied. If after consideration of the application and the record the district director is satisfied that the applicant was lawfully admitted for permanent residence and that the original receipt card has been lost, mutilated, or destroyed he shall issue a new receipt card on Form I-151. If after such consideration he is satisfied that the applicant was so admitted and that (1) the applicant's name has been changed after registration by order of court or by marriage, or that (2) the applicant's original receipt card is not prima facie evidence of his lawful admission for permanent residence (such as Form AR-3 or AR-103), the district director may issue a new receipt card on Form I-151. The new card shall bear the alien's registration number, the alien's photograph and notation that it is a replacement of a prior receipt card. The new receipt card Form I-151 shall be mailed directly to the alien or if the alien is less than 14 years of age, to his parent or legal guardian. If the district director is not satisfied that the application should be granted, he shall deny the application and take whatever action he deems appropriate to the case. Upon the denial of any application, the fee accompanying the application shall be refunded to the applicant. No appeal may be taken from the decision of the district director.

## PART 265—REGISTRATION OF ALIENS IN THE UNITED STATES; NOTICES OF ADDRESS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
265.1    Notices of address.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
265.11    Form of notification.
265.12    Notification in behalf of insane or incompetent aliens.

AUTHORITY: §§ 265.1 to 265.12 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 265, 66 Stat. 225.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 265.1 *Notices of address.* The notices of address, change of address, and new address required by the Immigration and Nationality Act shall be furnished to the Commissioner on, and in accordance with, the forms prescribed in this part, which shall be made available without cost at post offices and at offices of the Service in the United States.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 265.11 *Form of notification.* The notification of current address required by section 265 of the Immigration and Nationality Act shall be furnished on Form I-53 and shall include the alien's name, residence in the United States, alien registration number, name under which registered, immigration status in the United States, country and date of birth, sex, place and date of entry to the United States, and country of which a subject or citizen. The entry on the form shall be typewritten or printed in ink or with an indelible penell except that the signature shall be in writing in ink or with an indelible pencil. The card shall not be bent, folded, creased, torn, or mutilated in any manner. The card shall be signed by the alien or his parent or guardian and upon completion, handed to a postal clerk at any United States post office who will forward it to the Commissioner. The notification of change of address and new address which is required to be made by section 265 of the Immigration and Nationality Act shall be made by filling out and mailing post card Form AR-11. Form AR-11 shall also be used by an alien residing in the United States pursuant to a lawful temporary admission when reporting his address at the expiration of each three-month period as required by section 265 of the Immigration and Nationality Act.

§ 265.12 *Notification in behalf of insane or incompetent aliens.* The notification of address of an alien who is insane or otherwise incompetent or of unsound mind may be furnished by his legal guardian, trustee, or committee, or by any person who is charged by law with his care and custody.

## PART 280—IMPOSITION AND COLLECTION OF FINES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
280.1    Notice of intention to fine; administrative proceedings not exclusive.
280.2    Special provisions relating to aircraft.
280.3    Departure of vessel or aircraft prior to denial of clearance.
280.4    Data concerning cost of transportation.
280.5    Mitigation or remission of fines.
280.6    Bond to obtain clearance; form.
280.7    Approval of bonds or acceptance of cash deposit to obtain clearance.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

280.11    Notice of intention to fine; procedure.
280.12    Answer and request or order for interview.
280.13    Disposition of case.
280.14    Record.
280.15    Notice of final decision to collector of customs.
280.21    Seizure of aircraft.
280.51    Application for mitigation or remission.

AUTHORITY: §§ 280.1 to 280.51 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 231, 233, 237, 239, 243, 251, 253, 254, 255, 256, 272, 273, 280, 66 Stat. 195, 197, 201, 203, 212, 219, 221, 222, 223, 226, 227, 230.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 280.1 *Notice of intention to fine; administrative proceedings not exclusive.* Whenever a district director or officer in charge has reason to believe that any person has violated any of the provisions of the Immigration and Na-

tionality Act and has thereby become liable to the imposition of an administrative fine under the Immigration and Nationality Act, he shall cause a Notice of Intention to Fine, Form I-79, to be served as provided in this part. Nothing in this subchapter shall affect, restrict, or prevent the institution of a civil suit, in the discretion of the Attorney General, under the authority contained in section 280 of the Immigration and Nationality Act.

§ 280.2  *Special provisions relating to aircraft.* In any case in which the imposition of a fine is predicated upon an alleged violation of a regulation promulgated under authority of section 239 of the Immigration and Nationality Act, the procedure prescribed in this part shall be followed, and the aircraft involved shall not be granted clearance pending determination of the question of liability to the payment of any fine, or while the fine remains unpaid; but clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine or of a bond with sufficient surety to secure the payment thereof, approved by the collector of customs. If the alleged violation was by the owner or person in command of the aircraft, the penalty provided for shall be a lien against the aircraft, which, except as provided in § 280.21, shall be seized by the district director or officer in charge, or by an immigration officer designated by the district director or officer in charge, and placed in the custody of the customs officer who is in charge of the port of entry or customs station nearest the place of seizure. If the owner or owners of the airport at which such aircraft is located are the owners of the seized aircraft, the aircraft shall be removed to another suitable place for storage if practicable. Bonds deposited to obtain the release of seized aircraft, as provided in section 239 of the Immigration and Nationality Act, shall be filed on Form I-315 and shall be subject to the approval of and acceptance by the collector of customs.

§ 280.3  *Departure of vessel or aircraft prior to denial of clearance.* If any vessel or aircraft which is subject to the imposition of a fine shall have departed from the United States prior to the denial of clearance by the collector of customs and such vessel or aircraft is subsequently found in the United States, a Notice of Intention to Fine, Form I-79, shall be served as provided in this part, if such form has not been previously served for the same violation. Clearance of such vessel or aircraft shall be withheld by the collector of customs, and the procedure prescribed in this part shall be followed to the same extent and in the same manner as though the vessel or aircraft had not departed from the United States. Aircraft subject to the provisions of § 280.2, which shall have departed from the United States prior to the time seizure could be effected, shall be subject to all of the provisions of this part, if subsequently found in the United States, to the same extent as though it had not departed from the United States.

§ 280.4  *Data concerning cost of transportation.* Within 5 days after request therefor, transportation companies shall furnish to the district director or officer in charge the original transportation contract of all rejected aliens whose cases are within the purview of any of the provisions of the Immigration and Nationality Act relating to refund of passage monies, and shall indicate the exact amounts paid for transportation from the initial point of departure (which point shall be stated) to the foreign port of embarkation, from the latter to the port of arrival in the United States and from the port of arrival to the inland point of destination, respectively, and also the amount paid for headtax, if any.

§ 280.5  *Mitigation or remission of fines.* In any case in which mitigation or remission of a fine is authorized by the Immigration and Nationality Act, the party served with Notice of Intention to Fine may apply in writing to the district director for such mitigation or remission.

§ 280.6  *Bond to obtain clearance; form.* A bond to obtain clearance of a vessel or aircraft under sections 231, 233, 237, 243, 251, 253, 254, 255, 256, 272 or 273 of the Immigration and Nationality Act shall be filed on Form I-310.

§ 280.7  *Approval of bonds or acceptance of cash deposit to obtain clearance.* The collector of customs is authorized to approve the bond, or accept the sum of money which is being offered for deposit under any provision of the Immigration and Nationality Act or by this chapter for the purpose of obtaining clearance of a vessel or aircraft.

SUBPART E—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 280.11  *Notice of intention to fine; procedure.*—Notice of Intention to Fine, Form I-79, shall be prepared in triplicate, with one additional copy for each additional person on whom the service of such Notice is contemplated. The Notice shall be addressed to any or all of the available persons subject to fine. A copy of the Notice shall be served on each such person by (a) delivering it to him in person, or (b) leaving it at his office, or (c) mailing it to him at his office whenever the district director or officer in charge ascertains that the other two methods of service are inconvenient or impossible. If the Notice is served personally, the person upon whom it is served shall be requested to acknowledge such service by signing his name to the duplicate and triplicate copies. The officer effecting such service shall attest to the service by signing his name thereon and shall indicate thereon the date and place of service. If the person so served refuses to acknowledge service, or if service is made by leaving it at an office or mailing it, the person making such service shall indicate the method and date on the duplicate and triplicate copies of Form I-79, and shall sign his name upon such copies. The duplicate copy shall be retained by the district director or officer in charge and the triplicate copy shall be delivered directly to the collector of customs for the dis-

trict in which the vessel or aircraft is located, and the collector shall withhold clearance until deposit is made or bond furnished as provided in the Immigration and Nationality Act. If the vessel or aircraft is located in a customs district which is outside the jurisdiction of the office of the Service having jurisdiction over the matter, the triplicate copy shall be forwarded to the office of the Service nearest such customs district for delivery to the collector of customs.

§ 280.12  *Answer and request or order for interview.* Within 30 days following the service of the Notice of Intention to Fine (which period the district director or officer in charge may extend for an additional period of 30 days upon good cause being shown), any person upon whom a notice under this part has been served may file with the district director or officer in charge a written defense, in duplicate, under oath setting forth the reasons why a fine should not be imposed, or if imposed, why it should be mitigated or remitted if permitted by the Immigration and Nationality Act, and stating whether a personal appearance is desired. Documentary evidence shall be submitted in support of such defense and a brief may be submitted in support of any argument made. If a personal interview is requested, the evidence in opposition to the imposition of the fine and in support of the request for mitigation or remission may be presented at such interview. An interview shall be conducted if requested by the party as provided hereinabove or, if directed at any time by the Board, the Commissioner, or the district director.

§ 280.13  *Disposition of case*—(a) *Allegations admitted or no answer filed.* If a request for personal appearance is not filed and (a) the answer admits the allegations in the Notice, or (b) no answer is filed, the district director shall enter such order in the case as he deems appropriate and no appeal from his decision may be taken.

(b) *Answer filed; personal appearance not requested.* Upon receipt of an answer asserting a defense to the allegations in the Notice without request for a personal appearance, the case shall be assigned to an immigration officer for consideration. The immigration officer shall prepare a report of his findings and make a recommendation as to whether a fine has been incurred and if so, what mitigation or remission, if any, should be granted if an application therefor has been made. The record in the case and the report and recommendation of the immigration officer shall be forwarded to the district director. The district director shall endorse the report indicating whether he approves or disapproves the recommendation of the immigration officer. The party affected shall be informed in writing of the decision of the district director and, if his decision is that a fine shall be imposed or that the requested mitigation or remission shall not be granted, of the reasons for such decision. From the decision of the district director an appeal may be taken to the Board within 10 days of the receipt of notification

AR2022_200067

of the decision, as provided in Part 6 of this chapter. If no appeal is taken the decision shall be final and the fine imposed shall be collected.

(c) *Interview requested or directed.* If the party affected requests a personal appearance, or if at any time the district director, the Commissioner, or the Board so directs, the party shall be given an opportunity to be interviewed by an immigration officer for the purpose of presenting evidence concerning the alleged violation and, where the particular section of law provides for mitigation or remission of the penalty, evidence of any mitigating circumstances. The party may be represented by counsel at the interview. All evidence pertinent to the case, including the testimony of any witnesses, shall be incorporated into the record. At the conclusion of the interview the immigration officer shall prepare a report setting forth a summary of the evidence adduced as to imposition of fine, mitigation or remission, and findings of fact and conclusions of law based on such evidence. The decision shall conclude with a recommendation which shall be either (1) that a fine in a specified amount be imposed, or (2) that the proceedings be terminated. If the recommendation is that a fine be imposed there shall be a further recommendation with respect to any application for remission or mitigation which shall be either (1) that the application be denied, or (2) that it be granted. If the recommendation is that the application be granted, the immigration officer shall also recommend the amount of the fine to be remitted or mitigated, and the amount of the remaining fine to be collected. The complete record, including the recommendation of the immigration officer shall be forwarded to the district director. The district director shall note his decision on the report of the immigration officer which shall be (1) that a fine in a specified amount be imposed, or (2) that the proceedings be dismissed, and, if an application for remission or mitigation has been made (1) that the application be denied or (2) that it be granted. If the decision is that the application be granted, the district director shall also include in his decision a statement as to the amount of the fine to be remitted or mitigated, and the amount of the remaining fine to be collected. The party affected shall be informed in writing of the decision of the district director and, if his decision is adverse to the party affected, of the reasons for such decision. From the decision of the district director an appeal may be taken to the Board within 10 days of receipt of notification of the decision as provided in Part 6 of this chapter. If an appeal is not taken, the decision shall be final and the fine imposed shall be collected.

§ 280.14 *Record.* The record made under § 280.13 shall include the request for the interview or a reference to the order directing the interview; the medical certificate, if any; a copy of any record of hearing before a Board of Special Inquiry, Hearing Examiner, Hearing Officer, or Special Inquiry Officer which is relevant to the fine proceedings; the

duplicate copy of the Notice of Intention to Fine; the evidence upon which such Notice was based; the duplicate of any notices to detain, deport, deliver, or remove aliens; notice to pay expenses; evidence as to whether any deposit was made or bond furnished in accordance with the Immigration and Nationality Act; reports of investigations conducted; documentary evidence and testimony adduced at the interview; the original of any affidavit or brief filed in opposition to the imposition of fine; the application for mitigation or remission; and any other relevant matter.

§ 280.15 *Notice of final decision to collector of customs.* At such time as the decision under this part is final, the collector of customs who was furnished with a copy of the Notice of Intention to Fine shall be informed by the district director of the final decision made in the case. Such information need not be furnished in any case in which the district director has been previously furnished with a notice of collection of the amount of the penalty by the collector of customs.

§ 280.21 *Seizure of aircraft.* Seizure of an aircraft under the authority of section 239 of the Immigration and Nationality Act, and § 280.2 will not be made if such aircraft is damaged to an extent that its value is less than the amount of the fine which may be imposed. Immediately upon the seizure of an aircraft, or prior thereto, if circumstances permit, a full report of the facts in the case shall be submitted by the district director to the United States Attorney for the district in which the seizure was made. The report shall include the cost incurred in seizing and guarding the aircraft and an estimate of the further additional cost likely to be incurred.

§ 280.51 *Application for mitigation or remission*—(a) *When application may be made.* An application for mitigation or remission shall be filed (a) within 30 days after the service of the Notice of Intention to Fine and, if an answer is filed as provided in § 280.12, with such answer, for consideration in the event a fine is found to have been incurred, or (b) within 30 days after receipt of the final decision with respect to the fine.

(b) *Form and contents of application.* An application for mitigation or remission shall be filed in duplicate under oath and shall include information, supported by documentary evidence, as to the basis of the claim to mitigation or remission, and as to the action, if any, which may have been taken by the applicant, or as to the circumstances present in the case which, in the opinion of the applicant, justified the granting of his application.

(c) *Disposition of application.* The application, if filed with the answer, shall be disposed of as provided in § 280.13. In any other case, the application shall be considered and decided by the district director from whose decision an appeal may be taken to the Board within 10 days from receipt of notification of such decision, as provided in Part 6 of this chapter.

**PART 282—PRINTING OF REENTRY PERMITS; FORMS FOR SALE TO PUBLIC**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
282.1 Reentry permits; quality of paper.
282.2 Forms printed by the Public Printer.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 282.1 to 282.2 issued under sec. 103 (a), 66 Stat. 173. Interpret or apply secs. 223, 282, 66 Stat. 194, 231.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 282.1 *Reentry permits; quality of paper.* Form I-132, Permit to Reenter the United States, shall be printed on distinctive safety paper. Such permits to enter the United States shall be prepared and issued in accordance with section 223 of the Immigration and Nationality Act and Part 223 of this chapter.

§ 282.2 *Forms printed by the Public Printer.* The Public Printer is authorized to print for sale to the public by the Superintendent of Documents the following forms prescribed by subchapter D of this chapter: I-94, I-95, I-129, I-129A, I-129B, I-131, I-131A, I-133, I-133A, I-134, I-415, I-416, I-419, I-434, I-434, I-435, I-466, I-480, I-489 and I-539.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

**PART 287—FIELD OFFICERS; POWERS AND DUTIES**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
287.1 Definitions.
287.2 Criminal violations; investigation and action.
287.3 Disposition of cases of aliens arrested without warrant.
287.4 Subpena.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 287.1 to 287.4 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 235, 236, 242, 287, 66 Stat. 198, 200, 208, 233.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 287.1 *Definitions*—(a) *Reasonable distance from the United States.* The phrase "within a reasonable distance from any external boundary of the United States" as used in section 287 of the Immigration and Nationality Act means within a distance of not exceeding 100 air miles from any external boundary of the United States or any shorter distance which may be fixed by the district director, or, so far as the power to board and search aircraft is concerned, any distance fixed pursuant to paragraph (b) of this section.

(b) *Reasonable distance; fixing by district directors.* In fixing reasonable distances of less than 100 air miles pursuant to paragraph (a) of this section, district directors shall take into consideration topography, confluence of arteries of transportation leading from external boundaries, density of population, possible inconvenience to the traveling public, types of conveyances used, and reliable information as to movements of persons effecting illegal

AR2022_200068

entry into the United States: *Provided,* That whenever in the opinion of a district director a distance in his district of more than 100 air miles from any external boundary of the United States would because of unusual circumstances be reasonable, such district director shall forward a complete report with respect to the matter to the Commissioner of Immigration and Naturalization, who may, if he determines that such action is justified, declare such distance to be reasonable.

(c) *Powers of immigration officers.* The term "officer or employee of the Service" as used in section 287 of the Immigration and Nationality Act means an immigration officer.

(d) *Patrolling the border.* The phrase "patrolling the border to prevent the illegal entry of aliens into the United States" as used in section 287 of the Immigration and Nationality Act means conducting the customary activities reasonable and necessary to prevent the illegal entry of aliens into the United States.

§ 287.2 *Criminal violations; investigation and action.* Whenever a district director or an officer in charge has reason to believe that there has been a violation punishable under any criminal provision of the laws administered or enforced by the Service, he shall cause an investigation to be made immediately of all the pertinent facts and circumstances and shall take or cause to be taken such further action as the results of such investigation warrant.

§ 287.3 *Disposition of cases of aliens arrested without warrant.* An alien arrested without a warrant of arrest under the authority contained in section 287 (a) (2) of the Immigration and Nationality Act shall be examined as therein provided by an officer other than the arresting officer, unless no other qualified officer is readily available and the taking of the alien before another officer would entail unnecessary delay, in which event the arresting officer, if the conduct of such examination is a part of the duties assigned to him, may examine the alien. If such examining officer is satisfied that there is prima facie evidence establishing that the arrested alien was entering or attempting to enter the United States in violation of the immigration laws, he shall refer the case to a special inquiry officer for further inquiry in accordance with Parts 235 and 236 of this chapter or take whatever other action may be appropriate or required under the laws or other regulations applicable to the particular case. If the examining officer is satisfied that there is prima facie evidence establishing that the arrested alien is in the United States in violation of the immigration laws, further action in the case shall be taken as provided in Part 242 of this chapter.

§ 287.4 *Subpena*—(a) *Who may issue.* Except as provided in § 335.11 of this chapter, subpenas requiring the attendance of witnesses or the production of documentary evidence, or both, may be issued upon his own volition by a district director, officer in charge, or special inquiry officer in any proceeding pend-

No. 247——10

ing before him, or upon application of an officer of the Service, or upon written application of the alien or other party affected. If an alien or other party affected by a proceeding before the Service requests that a witness be subpenaed to testify or to produce books, papers or documents in such proceeding before the Service, he shall be required as a condition precedent to the issuance of the subpena to state in writing what he expects to prove by such witness or the books, papers, or documents and to show affirmatively that the proposed evidence is relevant and material and that he has made diligent efforts without success to produce the same. Upon determining that a witness whose evidence is desired either by the Service officer or the alien or other party affected will not appear and testify or produce documentary evidence unless commanded to do so and that the testimony and evidence of such witness is essential, the district director, officer in charge, or a special inquiry officer in any proceeding pending before him, shall issue a subpena. If the witness is at a distance of more than 100 miles from the place of hearing, the subpena shall provide for the witness' appearance at the field office nearest to him to respond to oral or written interrogatories, unless the Service indicates that there is no objection to bringing the witness the distance required to enable him to testify in person at the hearing.

(b) *Form.* Every subpena issued under the provisions of this section shall state the title of the proceeding and shall command the person to whom it is directed to attend and give testimony at a time and place therein specified. A subpena may also command the person to whom it is directed to produce the books, papers or documents designated therein. A subpena may also direct the making of a deposition before an officer of the Service. Subpenas shall be issued on Form I-138.

(c) *Service.* A subpena issued under this section may be served by any person over 18 years of age not a party to the case designated to make such service by the district director or officer in charge having administrative jurisdiction over the office in which the subpena is issued. Service of the subpena shall be made by delivering a copy thereof to the person named therein and by tendering to him the fee for one day's attendance and the mileage allowed by law by the United States District Court for the district in which the testimony is to be taken. When the subpena is issued on behalf of the Service, fee and mileage need not be tendered at the time of service. A record of such service shall be made and attached to the original copy of the subpena.

(d) *Invoking aid of court.* If a witness neglects or refuses to appear and testify as directed by the subpena served upon him in accordance with the provisions of this section, the district director issuing the subpena shall request the United States Attorney for the proper district to report such neglect or refusal to the appropriate United States District Court and to request such court to issue an order requiring the witness to appear

and testify and to produce the books, papers or documents designated in the subpena. If the subpena was issued by an officer in charge of a special inquiry officer, the officer issuing the subpena shall request the district director having administrative jurisdiction over such officer to take the action referred to in the previous sentence in the event the witness neglects or refuses to appear and testify as directed by the subpena served upon him.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 292—ENROLLMENT AND DISBARMENT OF ATTORNEYS AND REPRESENTATIVES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
292.1   Admission to practice required.
292.2   Qualifications for admission to practice.
292.3   Applications for admission to practice; decision.
292.4   Roster of attorneys.
292.5   Appearances; availability of records.
292.6   Suspension and disbarment.
292.7   Admission to practice prior to December 24, 1952.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

292.11   Service upon and action by attorney, representative, or alien.
292.12   Service of decision and other papers; effect.
292.61   Procedure for suspension or disbarment; effect.

AUTHORITY: §§ 292.1 to 292.61 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 292, 66 Stat. 235.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 292.1 *Admission to practice required.* (a) No person shall be permitted to practice before the Service or the Board until he has been admitted to practice by the Board in accordance with § 292.3.

(b) Notwithstanding paragraph (a) of this section:

(1) A district director, an officer in charge, the Commissioner, any other officer of the Central Office authorized by the Commissioner to do so, or the Board may permit an attorney or representative to file an appearance in behalf of a party in any case prior to the approval of his application for admission if such attorney or representative files the application concurrently with filing his appearance in the case. If the application is subsequently denied, such attorney or representative shall not thereafter be permitted to practice, in that or any other case, unless and until his admission to practice has been authorized by the Board and subject to such conditions as the Board shall direct.

(2) In any case in which, under the Immigration and Nationality Act, a party is entitled to be represented by counsel, he may be represented by any reputable individual of good moral character, whether or not admitted to practice in accordance with § 292.3, if such individual is appearing without monetary or other material remuneration and files a written declaration to that effect, and if such representation is permitted by the Special Inquiry Officer having the case under consideration, the district director or the officer in charge

AR2022_200069

having administrative jurisdiction over the office in which the case is pending, the Commissioner, or the Board.

(3) Any alien may be represented by an accredited official, in the United States, of the government to which the alien owes allegiance, if such official appears solely in his official capacity, and with the consent of the alien.

(4) An attorney, other than one described in § 1.1 (a) (3) of this chapter, residing outside the United States and licensed to practice law and in good standing in a court or courts of the country in which he resides and who is engaged in such practice may be permitted by any district director or officer in charge, the Commissioner, or any officer of the Central Office designated by him, or the Board, to file his appearance and be heard in any individual case. The district director shall have authority to withhold granting permission to such attorney to appear before an officer under his jurisdiction, and may refer the application for permission to appear to the Board for its decision.

(5) No person who is a party to a case shall be denied the privilege of presenting oral argument in his own behalf before the Board if it has his case under consideration.

(6) Any person desiring to be heard as amicus curiae shall apply therefor to the Board; and the Board may grant such application if it deems it to be in the public interest.

(c) No person previously in the employ of the Department of Justice may be permitted to practice in a case in which he participated during the period of such employment.

§ 292.2 *Qualifications for admission to practice.* (a) Admission to practice shall be limited to persons who are citizens of the United States, who are of good moral character, and who are attorneys in good standing in the court or courts in which they are licensed to practice, or who are representatives of organizations of the character described in § 1.1 (a) (12) of this chapter.

(b) No person within any category set forth in § 292.6 may be admitted to practice.

§ 292.3 *Applications for admission to practice; decision.* (a) Applications for admission to practice may be filed with a district director, the Commissioner, or the Chairman of the Board, at the option of the applicant. Such application shall be made in triplicate upon Form G–27. An application by an attorney shall be supported by a current certificate from a judge or clerk of the court in which the applicant is licensed to practice, or by a written statement of the district director or officer in charge of the local office of the Service certifying that upon inquiry he has ascertained and has personal knowledge that the applicant is so licensed. An application by the representative of an organization shall be supported by a statement of the appropriate officer or officers thereof, certifying that the applicant is its accredited representative and authorized to appear in its behalf in any case.

(b) The original application shall be transmitted to the Board by the district director or the Commissioner, if filed with them, and shall be permanently retained in the files of the Board. The duplicate shall be retained in the files of the Commissioner, and the triplicate in the files of the district director having jurisdiction over the applicant's place of residence.

(c) As soon as practicable after receipt of the application the Board shall give consideration thereto. If the application is approved, written notation to that effect shall be made on the application and a certificate of admission to practice shall be issued to the licensee. If the conclusion is that the application shall be denied, the Board shall prepare a proposed order of denial, in which shall be stated the reasons for denying the application. The Board shall serve the proposed order on the applicant, either personally or by registered mail and obtain a return receipt therefor. The applicant shall be allowed a reasonable time, not less than ten days, in which to file exceptions to the proposed order and to submit a brief if desired. After receipt of the exceptions, or if none are received within three days after expiration of the period specified for filing of exceptions, the Board shall make such order as it may then determine appropriate, including authorizing a hearing for presentation of evidence or oral argument. If no exceptions are filed, the order of the Board shall be final, subject to review by the Attorney General under any of the circumstances described in § 6.1 (h) of this chapter. If exceptions have been filed and the order of the Board is that the application shall be denied, the Board shall refer the record to the Attorney General for review of its order. The order of the Attorney General shall be the final determination of the application.

(d) Admission of a representative shall terminate upon discontinuance of his authority to represent the organization named in his application.

§ 292.4 *Roster of attorneys.* The Board shall maintain an alphabetical roster of attorneys and of representatives of organizations. A copy of the roster shall be supplied to the Commissioner, and be shall be advised from time to time of changes therein.

§ 292.5 *Appearances; availability of records.* (a) An appearance shall be filed in writing on Form G–28 by attorneys or representatives appearing in each individual case. When an appropriate appearance has been filed in a case, substitution of attorneys or representatives may be permitted upon the written withdrawal of the attorneys or representatives of record or upon notice by the party to the case of his designation of new attorneys or representatives. If any attorney or representative of record authorizes another attorney or representative to act for him as an associate in a case, the latter will be heard if satisfactory evidence of his authorization is presented and if he has been admitted to practice under this part.

(b) During the time a case is pending, the attorney or representative of record, or his associate, shall be permitted to review the record and, upon request, be lent a copy of the testimony adduced. The attorney or representative shall give his receipt for such copy and pledge that no copy thereof will be made, that he will retain it in his possession and under his control, and that it will be surrendered upon final disposition of the case, or upon demand by the Service or the Board.

§ 292.6 *Suspension and disbarment.* With the approval of the Attorney General, the Board may suspend or bar from further practice an attorney or representative, if it shall find that suspension or disbarment is in the public interest. The suspension or disbarment of an attorney or representative who is within one or more of the following categories shall be deemed to be in the public interest, for the purpose of this part, but the enumeration of such categories herein shall not be construed as establishing the exclusive grounds for suspension or disbarment in the public interest:

(a) Who charges or receives, either directly or indirectly, any fee or compensation for services which may be deemed to be grossly excessive in relation to the services performed by him in the case;

(b) Who, with intent to defraud or deceive, bribes, attempts to bribe, coerces, or attempts to coerce, by any means whatsoever, any person, including a party to a case, or an officer or employee of the Service or Board, to commit an act or to refrain from performing an act in connection with any case;

(c) Who wilfully misleads, misinforms, or deceives an officer or employee of the Department of Justice concerning any material and relevant fact in connection with a case;

(d) Who wilfully deceives, misleads, or threatens any party to a case concerning any matter relating to the case;

(e) Who solicits practice in any unethical or unprofessional manner, including, but not limited to, the use of runners, or advertising his availability to handle immigration, naturalization, or nationality matters;

(f) Who represents, as an associate, an attorney who, known to him, solicits practice in any unethical or unprofessional manner, including, but not limited to, the use of runners, or advertising his availability to handle immigration, naturalization, or nationality matters;

(g) Who has been temporarily suspended, and such suspension is still in effect, or permanently disbarred from practice in any court, Federal, State (including the District of Columbia), territorial, or insular;

(h) Who is temporarily suspended, and such suspension is still in effect, or permanently disbarred from practice in a representative capacity before any executive department, board, commission, or other governmental unit, Federal, State (including the District of Columbia), territorial, or insular;

(i) Who, by use of his name, personal appearance, or any device, aids and abets an attorney to practice during the period of his suspension or disbarment, such suspension or disbarment being known to him;

AR2022_200070

(j) Who wilfully made false and material statements in his application for admission to practice or in his appearance in any case;

(k) Who engages in contumelious or otherwise unprofessional conduct with respect to a case in which such attorney acts in a representative capacity, which in the opinion of the Board, would constitute cause for suspension or disbarment were the case pending before a court, or which, in such a judicial proceeding, would constitute a contempt of court;

(l) Who, having been furnished with a copy or copies of any portion of the record in any case, wilfully fails to surrender such copy or copies upon final disposition of the case or upon demand, or wilfully and without authorization makes and retains a copy or copies of the material furnished;

(m) Who has been convicted of a felony, or, having been convicted of any crime is sentenced to imprisonment for a term of more than one year;

(n) Who no longer possesses the qualifications required by § 292.2 for admission to practice;

(o) Who is the representative of an organization which is no longer recognized by the Board as being of the character described in § 1.1 (a) (12) of this chapter.

§ 292.7 *Admission to practice prior to December 24, 1952.* Any person who immediately prior to the effective date of the regulations in this chapter and of the Immigration and Nationality Act was authorized to practice before the Service and the Board may continue to practice before the Service and the Board without making a new application for admission in accordance with the provisions of this part. Any such person shall be subject to the provisions of this part regulating the practice of attorneys and representatives.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 292.11 *Service upon and action by attorney, representative, or alien.* Except where specific provision is otherwise made in this chapter, whenever a person is required by any of the provisions of this chapter (a) to give or be given notice; (b) to serve or be served with any paper other than a warrant of arrest or a subpoena; (c) to make a motion; (d) to file or submit an application or other document; or (e) to perform or waive the performance of any act, such notice, service, motion, filing, submission, performance, or waiver shall be given by or to, served by or upon, made by, requested of (1) the attorney or representative who has filed an appearance in the case as provided in § 292.5, or (2) the person himself, if there is no attorney or representative in the case.

§ 292.12 *Service of decision and other papers.* Except where specific provision is otherwise made in this chapter, whenever a decision, notice or other paper is required to be given or served, it shall be done by personal service or registered mail upon the person designated in § 292.11.

§ 292.61 *Procedure for suspension or disbarment; effect.* (a) The Commissioner may cause to be investigated any complaint or circumstance which establishes a prima facie case for the suspension or disbarment of any enrolled attorney or representative. If such investigation establishes to the satisfaction of the Commissioner that suspension or disbarment proceedings should be instituted, he shall cause written charges to be preferred. A copy of such charges shall be served upon the respondent, either personally or by registered mail, with notice to show cause within a specified time, not less than 30 days, why he should not be suspended or disbarred from further practice. Such notice shall also advise the respondent that after answer has been made and the matter is at issue, if he so requests he will be given opportunity for a hearing before a representative of the Commissioner. If hearing is requested, the Commissioner will specify the time and place therefor and specially designate the officer who shall preside and the officer who shall present the evidence in support of the charges. The nonreceipt of answer within three days after expiration of the period prescribed to show cause shall be held a waiver of defense to the charges. If no hearing is requested in the answer, the Commissioner may conduct any further required investigation to complete the record, and without the necessity of any additional notice to the respondent, forward the completed record to the Board with his recommendation.

(b) The respondent, either with or without counsel, and the Commissioner, or any officer designated by him for the purpose, shall have the privilege of appearing before the Board for oral argument at a time specified by the Board.

(c) The Board shall consider the record as presented by the Commissioner as soon as practicable after its receipt and render its decision thereon. The order of the Board shall constitute the final disposition of the proceeding: *Provided, however,* That if the order would suspend or disbar the respondent, or if any one of the circumstances described in § 6.1 (h) of this chapter be present, the Board shall refer the record to the Attorney General for review of its decision and in such case the order of the Attorney General shall be the final determination of the proceeding.

(d) In case the final order against the respondent is for suspension or disbarment, the attorney or representative shall not thereafter be permitted to practice unless and until authorized so to do by the Board; and if disbarred, he shall surrender the certificate of his admission to the Board for cancellation.

---

**Subchapter C—Nationality Regulations**

NOTE: *Explanation of numbering system utilized in this subchapter.* Each part of this subchapter has been given the same number as the section of the Immigration and Nationality Act to which it relates. For example, Part 330 concerns only section 330 of the Immigration and Nationality Act. Each part of this subchapter is divided into two subparts: Subpart A—Substantive Provisions, and Subpart B—Procedural and Other Nonsubstantive Provisions. Each section of

Subpart A bears a number consisting of the part number followed by a decimal point and by a single digit beginning with "1" and continuing to "9", using as many as required. For example, § 330.1 is the first substantive section of Part 330 and § 330.9 is the ninth substantive section of Part 330, assuming there existed nine substantive sections in Part 330. When a substantive section is required to be implemented by one or more procedural sections, the relating procedural section or sections bear the same number as the substantive section to which it relates plus one additional digit to the right of the decimal point beginning with "1" for the first procedural section and continuing to "9", if that many are required. For example, § 330.11 is the first procedural section implementing the first substantive section of Part 330 and § 330.87 is the seventh procedural section implementing the eighth substantive section of Part 330. If a substantive section does not require procedural sections, no procedural section numbers will appear for that particular substantive section.

PART 306—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED; VIRGIN ISLANDERS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
306.1    Persons eligible.
306.2    United States citizenship; when acquired.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

306.11    Preliminary application form; filing; examination.
306.12    Renunciation forms; disposition.

AUTHORITY: §§ 306.1 to 306.12 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 1, 44 Stat. 1234, as amended, secs. 306, 332, 66 Stat. 237, 252; 8 U. S. C. 601 note.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 306.1 *Persons eligible.* Any Danish citizen who resided in the Virgin Islands of the United States on January 17, 1917, and in those Islands, Puerto Rico, or the United States on February 25, 1927, and who had preserved his Danish citizenship by making the declaration prescribed by Article VI of the treaty entered into between the United States and Denmark on August 4, 1916, and proclaimed January 25, 1917, may renounce his Danish citizenship before any court of record in the United States irrespective of his place of residence, in accordance with the provisions of this part.

§ 306.2 *United States citizenship; when acquired.* Immediately upon making the declaration of renunciation as described in § 306.12 the declarant shall be deemed to be a citizen of the United States. No certificate of naturalization or of citizenship shall be issued by the clerk of court to any person obtaining, or who has obtained citizenship solely under section 306 (a) (1) of the Immigration and Nationality Act or under section 1 of the act of February 25, 1927.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 306.11 *Preliminary application form; filing; examination.* A person of the class described in § 306.1 shall submit to the Service on Form N–350 preliminary application to renounce Danish

citizenship, in accordance with the instructions contained therein. The applicant shall be notified in writing when and where to appear before a representative of the Service for examination as to his eligibility to renounce Danish citizenship and for assistance in filing the renunciation.

§ 306.12 *Renunciation forms; disposition.* The renunciation shall be made and executed by the applicant under oath, in duplicate, on Form N-351 and filed in the office of the clerk of court. The usual procedural requirements of the Immigration and Nationality Act shall not aply to proceedings under this part. The fee shall be fixed by the court or the clerk thereof in accordance with the law and rules of the court, and no accounting therefor shall be required to be made to the Service. The clerk shall retain the original of Form N-351 as the court record and forward the duplicate to the district director exercising administrative naturalization jurisdiction over the area in which the court is located.

PART 310—REQUISITION OF FORMS BY CLERKS OF COURT

§ 310.11 *Application for official forms.* See §§ 332a.11 and 332a.12 of this chapter.

PART 312—EDUCATIONAL REQUIREMENTS FOR NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
312.1 Educational examination of petitioners for naturalization.
312.2 Ability to read, write, and speak English; exemption.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 312.1 and 312.2 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 312, 333, 66 Stat. 239, 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 312.1 *Educational examination of petitioners for naturalization.* A person applying for naturalization upon his own petition shall, before being naturalized, demonstrate a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States. To this end the petitioner shall be questioned as to (a) the principal historical facts concerning the development of the United States as a republic, (b) the organization and principal functions of the Government of the United States, and of the States and local units of government, (c) his understanding of and attachment to the fundamental principles of the Constitution of the United States, and (d) the relation of the individual to the government—national, state, and local—the rights and privileges arising from that relationship, and the duties and responsibilities which result from it. The examination shall be conducted in simple language and shall avoid technical and extremely difficult questions.

§ 312.2 *Ability to read, write, and speak English; exemption.* A person who on December 24, 1952 was over fifty years of age and had been living in the United States for periods totaling at least twenty years, is exempt from demonstrating an understanding of the English language, as provided in section 312 (1) of the Immigration and Nationality Act, even though the periods totaling twenty years did not follow lawful admissions for permanent residence.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 316—GOOD MORAL CHARACTER

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
316.1 Good moral character; exceptions.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 316.1 *Good moral character; exceptions.* The requirement of section 316 of the Immigration and Nationality Act that no person shall be naturalized unless he is and has been during the periods referred to in that section a person of good moral character shall not apply to:

(a) Persons who acquire United States citizenship through the naturalization of a parent or parents under section 320 or 321 of the Immigration and Nationality Act.

(b) Danish citizens who make application to renounce their citizenship under section 306 (a) (1) of the Immigration and Nationality Act.

(c) Former United States citizens who make application to regain citizenship under section 324 (c) of the Immigration and Nationality Act or under Public Law 114, Eighty-second Congress, first session, as amended by section 402 (j) of the Immigration and Nationality Act.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 316, 320, 321, 324, 332, 335, 402, 66 Stat. 242, 245, 247, 252, 255, 278)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 316a—RESIDENCE, PHYSICAL PRESENCE AND ABSENCE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
316a.1 Absence for which benefits of section 307 (b) or 308 of the Nationality Act of 1940 have been granted; effect on continuous residence requirement.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

316a.21 Application for benefits with respect to absences; appeal.

AUTHORITY: §§ 316a.1 and 316a.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 307, 308, 54 Stat. 1142, 1143, secs. 316, 317, 332, 405, 66 Stat. 242, 243, 252, 280.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 316a.1 *Absence for which benefits of section 307 (b) or 308 of the Nationality Act of 1940 have been granted; effect on continuous residence requirement.* No absence from the United States which commenced prior to the effective date of the Immigration and Nationality

Act, whether or not it continued beyond that date, in connection with which an application for exemption from the usual residence requirements under the naturalization laws was made under section 307 (b) or 308 of the Nationality Act of 1940 and acted upon favorably by the Attorney General, shall be regarded as having broken the continuity of residence required by section 316 (a) of the Immigration and Nationality Act, provided that satisfactory proof that the absence was for a purpose described in section 307 (b) or 308 of the Nationality Act of 1940, is presented to the court, and provided that the provisions of section 316 (a) of the Immigration and Nationality Act are otherwise complied with.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 316a.21 *Application for benefits with respect to absences; appeal.* (a) An application for the residence benefits of section 316 (b) of the Immigration and Nationality Act to cover an absence from the United States for a continuous period of one year or more shall be submitted to the Service on Form N-470 in accordance with the instructions contained therein. The application shall be filed before the applicant has been absent from the United States for a continuous period of one year or more, and prior to the period of employment abroad for which the benefits are requested. There shall be submitted with the application a fee of $10.

(b) An application for the residence and physical presence benefits of section 317 of the Immigration and Nationality Act to cover any absences from the United States, whether before or after December 24, 1952, shall be submitted to the Service on Form N-470 in accordance with the instructions contained therein, either before or after the absence from the United States, or the performance of the functions or the services described in that section. There shall be submitted with the application a fee of $10.00. The application shall be filed at any time after the applicant has been physically present and residing in the United States for an uninterrupted period of at least one year.

(c) If the district director is satisfied that favorable action should be taken, he shall grant the application. If he is not satisfied that the application should be granted, he shall deny it. The applicant shall be notified in writing of the denial, with the reasons therefor, and at the same time shall be advised that he has ten days from the date of receipt of notification in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter. The Assistant Commissioner's decision shall be transmitted to the district director, who shall advise the applicant in writing of the decision.

PART 317—TEMPORARY ABSENCE OF PERSONS PERFORMING RELIGIOUS DUTIES

§ 317.1 *Absence for which benefits of section 308 of the Nationality Act of 1940 have been granted.* See § 316a.1 of this chapter.

AR2022_200072

§ 317.21 *Application for benefits of section 317 of the Immigration and Nationality Act.* See § 316a.21 of this chapter.

---

PART 319—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: SPOUSES OF UNITED STATES CITIZENS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
319.1 Person living in marital union with United States citizen spouse.
319.2 Person whose United States citizen spouse is employed abroad.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

319.11 Procedural requirements.

AUTHORITY: §§ 319.1 to 319.11 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 319, 332, 66 Stat. 244, 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 319.1 *Person living in marital union with United States citizen spouse.* A person of the class described in section 319 (a) of the Immigration and Nationality Act shall establish his good moral character, attachment to the principles of the Constitution of the United States, and favorable disposition to the good order and happiness of the United States for the period of three years immediately preceding the date of filing the petition and from that date to the time of admission to citizenship.

§ 319.2 *Person whose United States citizen spouse is employed abroad.* A person of the class described in section 319 (b) of the Immigration and Nationality Act shall establish an intention in good faith, upon naturalization, to reside abroad with the United States citizen spouse and to take up residence in the United States immediately upon the termination of the employment abroad of such spouse. It shall be established that at the time of filing of the petition for naturalization such person was in the United States pursuant to a lawful admission for permanent residence, and that he is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. In any case in which the United States citizen spouse is employed by an American institution of research, the Assistant Commissioner, Inspections and Examinations Division, shall determine whether the employer shall be recognized as an American institution of research.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 319.11 *Procedural requirements.* A person described in §§ 319.1 and 319.2 shall submit to the Service an application to file a petition for naturalization on Form N-400 in accordance with the instructions contained therein. The petition for naturalization of such person shall be filed on Form N-406, in duplicate.

---

PART 322—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: CHILDREN OF CITIZEN PARENT

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
322.11 Procedural requirements.

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 322.11 *Procedural requirements.* An application to file a petition for naturalization in behalf of a child under section 322 or 323 of the Immigration and Nationality Act shall be submitted to the Service on Form N-402, in accordance with the instructions contained therein, by the United States citizen parent or parents or adoptive parent or parents. Such application shall be submitted in time to permit the naturalization of the child prior to its eighteenth birthday anniversary. The petition for naturalization shall be filed on Form N-407 in duplicate, in a naturalization court within whose jurisdiction the petitioning parent or parents and the child reside. There shall be included in the petition the affidavits of two credible witnesses, citizens of the United States, stating (a) the length of time the witnesses have known the petitioning parent or parents and the child, (b) that to the best of the witnesses' knowledge and belief the child is, and during the applicable period has been, a person of good moral character, attached to the principles of the Constitution, and well disposed to the good order and happiness of the United States, (c) that the child is qualified in all respects to become a citizen of the United States, (d) that the child is permanently residing with the petitioning parent or parents in the United States and the period of such residence and (e) in the case of an adopted child, the period of time they have known the child to be in the legal custody of the petitioning parent or parents and to be physically present in the United States. At the hearing on the petition the qualifications described in sections 322 and 323 of the Immigration and Nationality Act shall be proven by the oral testimony of witnesses in the manner provided in Part 335b of this chapter. A child under this part is not required to establish any particular period of residence in a State.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 322, 323, 332, 335, 66 Stat. 246, 252, 255)

---

PART 323—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: CHILDREN ADOPTED BY UNITED STATES CITIZENS

§ 323.11 *Procedural requirements.* See Part 322 of this chapter.

---

PART 324—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: WOMEN WHO HAVE LOST UNITED STATES CITIZENSHIP BY MARRIAGE

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
324.11 Former citizen at birth or by naturalization; procedural requirements.
324.12 A woman, citizen of the United States at birth, who lost or is believed to have lost citizenship by marriage and whose marriage has terminated; procedural requirements.
324.13 Women restored to United States citizenship by the act of June 25, 1936, as amended by the act of July 2, 1940.

AUTHORITY: §§ 324.11 to 324.13 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 324, 332, 337, 405, 66 Stat. 246, 252, 258, 280.

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 324.11 *Former citizen at birth or by naturalization; procedural requirements.* A former citizen of the United States of the class described in section 324 (a) of the Immigration and Nationality Act shall submit to the Service an application to file a petition for naturalization, on Form N-400 and Supplemental Form N-400A, in accordance with instructions contained therein. The petition for naturalization of such person shall be filed on Form N-405, in duplicate, in any naturalization court, regardless of the petitioner's residence, and need not aver that it is the intention of the petitioner to reside permanently in the United States. The petition shall be verified by at least two United States citizen witnesses as provided in § 334.21 of this chapter. At the hearing on the petition the qualifications described in sections 324 (a) and (b) of the Immigration and Nationality Act shall be proven in the manner provided in Part 335b of this chapter. The petition may be heard immediately, provided a certificate of examination on Form N-440, in duplicate, is attached thereto, as provided in § 332.12 of this chapter. If the final hearing on the petition is held within sixty days preceding the holding of a general election within the territorial jurisdiction of the naturalization court, the petitioner shall not be permitted to take the oath prescribed in Part 337 of this chapter prior to the tenth day next following such general election. There shall be inserted after averment 10 of Form N-405 at the time of the filing thereof an averment of the petitioner's loss of citizenship, as follows:

I was formerly a citizen of the United States by _____

_____
(Indicate whether by birth or naturalization)
on _____ and lost my citizenship by marriage on _____
(Month day year)
ship by marriage on _____
(Month day year)

**AR2022_200073**

to _____ a citizen or
(Name of husband)
subject of _____ I have
(Name of foreign country)
not acquired any other nationality by an
affirmative act other than by marriage.

§ 324.12 *A woman, citizen of the
United States at birth, who lost or is
believed to have lost citizenship by mar-
riage and whose marriage has termi-
nated; procedural requirements.* A
woman, formerly a citizen of the United
States at birth, who applies in the United
States to regain her citizenship under
section 324 (c) of the Immigration and
Nationality Act, shall submit to the
Service a preliminary application to take
the oath of allegiance, on Form N-401,
in accordance with the instructions con-
tained therein. The oath may be taken
before the judge or clerk of any natural-
ization court, regardless of the appli-
cant's place of residence. The applicant
shall establish that it is her intention,
in good faith, to assume and discharge
the obligations of the oath of allegiance
and that her attitude toward the Con-
stitution and laws of the United States
renders her capable of fulfilling the obli-
gations of such oath. The applicant
shall not be naturalized if, within the
period of ten years immediately preced-
ing the filing of the application to take
the oath of allegiance or after such fil-
ing and before taking such oath she is,
or has been found to be within any of
the classes of persons described in sec-
tion 313 of the Immigration and Nation-
ality Act. The eligibility of the appli-
cant to take the oath shall be inves-
tigated by a member of the Service who
shall make an appropriate recommen-
dation to the naturalization court. The
application to the court shall be made
on Form N-408, in triplicate. The origi-
nal shall be retained as a part of the
court record and numbered consecu-
tively in a separate series, and the
duplicate forwarded to the appropriate
district director with duplicates of other
naturalization papers. After the ap-
plicant has taken the oath of allegiance,
the clerk of court shall furnish the ap-
plicant, upon demand, the triplicate copy
of Form N-408, properly certified, for
which a fee not exceeding $5.00 may be
charged. No charge shall be made by
the clerk of court for the filing of Form
N-408. In case the applicant does not
demand the triplicate Form N-408, it
shall be transmitted to the appropriate
district director with the duplicate of
said form. The oath of allegiance may
be taken before any diplomatic or con-
sular officer of the United States abroad,
in accordance with such regulations as
may be prescribed by the Secretary of
State.

§ 324.13 *Women restored to United
States citizenship by the act of June 25,
1936, as amended by the act of July 2,
1940.* A woman who was restored to
citizenship by the act of June 25, 1936,
as amended by the act of July 2, 1940,
but who failed to take the oath of al-
legiance prescribed by the naturalization
laws prior to December 24, 1952, may
take the oath of allegiance prescribed by
Part 337 before any naturalization court
on or after December 24, 1952. Such

woman shall comply with the procedural
requirements of § 324.12 except that a
fee not exceeding $1.00 may be charged
if the woman demands the triplicate
copy of Form N-408, properly certified.

---

PART 325—SPECIAL CLASSES OF PERSONS
WHO MAY BE NATURALIZED: NATIONALS
BUT NOT CITIZENS OF THE UNITED
STATES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
325.1 Residence and physical presence in
the United States.

SUBPART B—PROCEDURAL AND OTHER NONSUB-
STANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 325.1 *Residence and physical pres-
ence in the United States.* A national of
the United States who is not a citizen
thereof and who is otherwise qualified
for naturalization may, if he becomes a
resident of any State, be naturalized
upon compliance with the applicable pro-
visions of the Immigration and National-
ity Act. In the case of such a person,
residence and physical presence within
the United States or residence and physi-
cal presence within any of the outlying
possessions of the United States for the
period during which continuous resi-
dence and physical presence are re-
quired to be established under Chapter
2 of Title III of the Immigration and
Nationality Act shall be regarded as res-
idence and physical presence within the
United States pursuant to lawful admis-
sion for permanent residence, within the
meaning of section 316 (a) of the Immi-
gration and Nationality Act. Such per-
son shall, unless otherwise exempted
therefrom, established six months' resi-
dence within the State in which the
petition for naturalization is filed, as
required by section 316 (a) of the
Immigration and Nationality Act.

(Sec. 103, 66 Stat. 173. Interprets or applies
secs. 316, 325, 332, 66 Stat. 242, 246, 252)

SUBPART B—PROCEDURAL AND OTHER NON-
SUBSTANTIVE PROVISIONS [RESERVED]

---

PART 327—SPECIAL CLASSES OF PERSONS
WHO MAY BE NATURALIZED: PERSONS
WHO LOST UNITED STATES CITIZENSHIP
THROUGH SERVICE IN ARMED FORCES OF
FOREIGN COUNTRY DURING WORLD WAR
II

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
327.1 Period of service in armed forces.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

327.11 Procedural requirements.

AUTHORITY: §§ 327.1 and 327.11 issued un-
der sec. 103, 66 Stat. 173. Interpret or apply
secs. 327, 332, 338, 344 (h), 66 Stat. 248, 252,
259, 265.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 327.1 *Period of service in armed
forces.* A former citizen of the United
States of the class described in section
327 of the Immigration and Nationality
Act, who during World War II served in
the armed forces of any country at war
with a country with which the United
States was at war after December 7, 1941,

and before September 2, 1945, may be
naturalized under this part if such serv-
ice was on or after September 1, 1939,
and before September 2, 1945, even
though the United States was not at war
during the period of his service, provided
that such country was not at war with
the United States during any period of
his service. Such person is not subject
to the provisions of section 318 of the Im-
migration and Nationality Act barring
from naturalization a person against
whom there is outstanding a final find-
ing of deportability pursuant to a war-
rant of arrest.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 327.11 *Procedural requirements.* A
former citizen of the United States of
the class described in section 327 of the
Immigration and Nationality Act shall
submit to the Service an application to
file a petition for naturalization on Form
N-400 and Supplemental Form N-400A,
in accordance with the instructions con-
tained therein. The petition for natural-
ization of such person shall be filed on
Form N-405, in duplicate, with supple-
mental Form N-405A in triplicate, in any
naturalization court. The original of
Form N-405A shall be retained as part of
the court record. After the oath of
allegiance has been taken by the peti-
tioner, the duplicate and triplicate copies
of Form N-405A, bearing a copy of the
oath duly attested and certified by the
clerk, shall be forwarded by the clerk of
court to the appropriate district director.
The district director shall file the dupli-
cate copy with the Service record and
transmit the triplicate copy to the De-
partment of State. The petitioner shall
pay to the clerk of the court of the natu-
ralization court at the time of filing the
petition a fee of $10, unless exempted
therefrom under section 344 (h) of the
Immigration and Nationality Act.

---

PART 328—SPECIAL CLASSES OF PERSONS
WHO MAY BE NATURALIZED: PERSONS
WITH THREE YEARS SERVICE IN ARMED
FORCES OF THE UNITED STATES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
328.1 Where service is continuous.
328.2 Whenever service is not continuous;
petition filed while still in service
or within six months after termi-
nation of service.
328.3 Whenever service terminates more
than six months before petition is
filed.
328.4 Proof of qualifications.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

328.11 Procedural requirements.

AUTHORITY: §§ 328.1 to 328.11 issued under
sec. 103, 66 Stat. 172. Interpret or apply
secs. 318, 328, 332, 334 and 335, 66 Stat. 244,
246, 252, 254, 255.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 328.1 *Whenever service is continu-
ous—(a) Petition filed while still in
service.* A person of the class described
in section 328 (a) of the Immigration
and Nationality Act, whose service in the
armed forces of the United States ag-
gregating three years has been continu-

AR2022_200074

ous may, if his petition for naturalization is filed while still in the service, be naturalized, subject to the provisions of this part, upon compliance with the provisions of Chapter 2 of Title III of the Immigration and Nationality Act, except that no particular period of residence or physical presence in the United States or any State or within the jurisdiction of the naturalization court shall be required, and except that such person shall not be subject to the provisions of section 318 of the Immigration and Nationality Act barring from naturalization a person against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest. Such person shall establish that he is in the United States pursuant to a lawful admission for permanent residence occurring prior to the filing of the petition for naturalization, whether or not it occurred before or after the service in the armed forces.

(b) *Petition filed within six months after termination of service.* A person of the class described in paragraph (a) of this section, who has been separated from the service described therein prior to filing his petition for naturalization but who files his petition within six months after the termination of such service may be naturalized under the conditions and with the exemptions set forth in paragraph (a) of this section, except that he shall establish his residence in the United States, good moral character, attachment to the principles of the Constitution, and favorable disposition to the good order and happiness of the United States, for the period from the date of his separation from such service to the date of the filing of his petition for naturalization and from the latter date to the date of his admission to citizenship, by affidavits and testimony of at least two United States citizen witnesses, in the manner provided in § 334.21 and Part 335b of this chapter.

§ 328.2 *Whenever service is not continuous; petition filed while still in service or within six months after termination of service.* A person of the class described in § 328.1 whose service aggregating three years was not continuous and who files a petition for naturalization while still in such service or within six months after the termination of such service may be naturalized under the conditions and with the exemptions set forth in paragraph (a) of § 328.1, except that he shall establish his residence in the United States and State, good moral character, attachment to the principles of the Constitution of the United States, and favorable disposition to the good order and happiness of the United States, during the period or periods within five years immediately preceding the date of filing the petition and to the date of admission to citizenship, when not serving in the armed forces, by the affidavits and testimony of at least two United States citizen witnesses, for each such period, in the manner provided in § 334.21 and Part 335b of this chapter.

§ 328.3 *Whenever service terminates more than six months before petition is filed.* A person of the class described in §§ 328.1 or 328.2, whose service aggregating three years terminated more than

six months preceding the date of filing his petition for naturalization shall comply with the applicable provisions of Chapter 2 of Title III of the Immigration and Nationality Act except that service during the five years immediately preceding the date of filing the petition shall be considered as residence and physical presence within the United States.

§ 328.4 *Proof of qualifications.* A petitioner under this part shall establish his residence and physical presence in the United States and in the State in which his petition is filed, his good moral character, attachment to the principles of the Constitution, and favorable disposition to the good order and happiness of the United States during the periods of service referred to in §§ 328.1, 328.2, and 328.3 by the production of duly authenticated copies of the records of the executive departments having custody of the records of such service, which copies shall show the period or periods of such service, and that it was performed honorably or under honorable conditions. The petitioner shall also produce a certified statement from the appropriate executive department showing that he has never been discharged from the armed forces of the United States under other than honorable conditions. Such copies shall be accepted in lieu of the affidavits and testimony or depositions of witnesses for the period or periods of such service.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 328.11 *Procedural requirements.* A person of the class described in §§ 328.1, 328.2, or 328.3 shall submit to the Service an application to file a petition for naturalization on Form N–400, in accordance with the instructions contained therein. The duly authenticated copies of the records and the certified statements of the executive departments described in § 328.4 shall be requested by the applicant on Form N–426, in triplicate, and submitted to the Service with Form N–400. A person of the class described in §§ 328.1 or 328.2 may file his petition for naturalization in any naturalization court, regardless of his place of residence; a person described in § 328.3 shall file his petition in a court having jurisdiction over his place of residence. The petition for naturalization shall be filed on Form N–405 in duplicate. There shall be inserted after averment 10 of Form N–405, at the time of the filing thereof, a description of the petitioner's service, as follows:

I entered the _____
  (Branch of service)
on _____ under Serial No. _____
  (Month, day, year)
and am now serving honorably (was honorably discharged on _____).
  (Month, day, year)

The petitioner may be naturalized immediately, if he is still in the armed services, and a certificate of such examination on Form N–440, in duplicate, is attached to his petition, in accordance with § 332.12 of this chapter. The petition shall be verified by at least two United States citizen witnesses, as provided in § 334.21 of this chapter.

**PART 329—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: VETERANS OF THE UNITED STATES ARMED FORCES WHO SERVED DURING WORLD WAR I OR WORLD WAR II**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
329.1   World War I: definition.
329.2   Proof of character, attachment, and disposition.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

329.21  Procedural requirements.

AUTHORITY: §§ 329.1 to 329.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 329, 332, 334, 335, 402 (e), 66 Stat. 250, 252, 254, 255, 276.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 329.1 *World War I; definition.* For the purposes of section 329 of the Immigration and Nationality Act, World War I shall be deemed to have commenced on April 6, 1917, and to have ended on November 11, 1918.

§ 329.2 *Proof of character, attachment, and disposition.* A person of the class described in section 329 (a) or 402 (e) of the Immigration and Nationality Act, shall establish that he is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States, in the manner provided by § 334.21 and Part 335b of this chapter.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 329.21 *Procedural requirements.* A person of the class described in section 329 or 402 (e) of the Immigration and Nationality Act shall submit to the Service an application to file a petition for naturalization on Form N–400 in accordance with the instructions contained therein. The certification required by section 329 (b) (4) of the Immigration and Nationality Act to prove service shall be requested by the applicant on Form N–426, in triplicate, and submitted to the Service with Form N–400. The petition for naturalization shall be filed on Form N–418, in duplicate, in any naturalization court, regardless of the residence of the petitioner. The petition shall be verified by at least two vided in § 334.21 of this chapter. The petitioner may be naturalized immediately. United States citizen witnesses as provided if a certificate of examination is filed with the petition in accordance with § 332.12 of this chapter.

**PART 330—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: SEAMEN**

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
330.1   Service on vessels after lawful admission for permanent residence; when deemed residence and physical presence in the United States.
330.2   Service on vessels prior to September 23, 1950; when deemed residence and physical presence in the United States and State.
330.3   Proof of qualifications.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

330.11  Procedural requirements.

AUTHORITY: §§ 330.1 to 330.11 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 316, 330, 332, 334, 335, 66 Stat. 242, 251, 252, 254, 255.

#### SUBPART A—SUBSTANTIVE PROVISIONS

**§ 330.1** *Service on vessels after lawful admission for permanent residence; when deemed residence and physical presence in the United States.* Service at any time after lawful admission for permanent residence, whether before or after the effective date of the Immigration and Nationality Act, on board vessels of the classes described in section 330 (a) (1) of the Immigration and Nationality Act, shall under the conditions specified in that section be deemed residence and physical presence within the United States within the meaning of section 316 (a) of the Immigration and Nationality Act.

**§ 330.2** *Service on vessels prior to September 23, 1950; when deemed residence and physical presence in the United States and State*—(a) *Service aggregating five years.* Service at any time prior to September 23, 1950, for periods aggregating five years, whether or not there has been a lawful admission for permanent residence, shall be deemed residence and physical presence within the United States and residence within the State during the five-year period next preceding the filing of the petition for naturalization, within the meaning of section 316 (a) of the Immigration and Nationality Act, if (1) such service was performed honorably or with good conduct, on board any vessel of the United States Government, other than in the United States Navy, Marine Corps or Coast Guard, or on board vessels of more than twenty-tons' burden, whether or not documented under the laws of the United States, and whether public or private, which are not foreign vessels and the home port of which is in the United States, and (2) a petition for naturalization is filed on or before December 24, 1953.

(b) *Service aggregating less than five years.* Service at any time prior to September 23, 1950, aggregating less than five years, shall be deemed residence and physical presence within the United States, equivalent to that of the period of service, during the earliest portion of the five-year period next preceding the filing of the petition for naturalization within the meaning of section 316 (a) of the Immigration and Nationality Act, if (1) such service was performed honorably or with good conduct, on board vessels of the classes described in paragraph (a) of this section, (2) the person was so serving on September 23, 1950, and is residing in the United States pursuant to a lawful admission for permanent residence occurring at any time prior to filing the petition for naturalization, and (3) the petition for naturalization is filed on or before September 23, 1955.

**§ 330.3** *Proof of qualifications*—(a) *Residence and physical presence in the United States.* Except as otherwise provided in this part, a person having the service described in this part shall prove that he has complied with all the applicable provisions of Chapter 2, Title III

of the Immigration and Nationality Act, except that proof of residence and physical presence within the United States for the periods of such service shall be made by duly authenticated copies of the records of the executive departments or agencies having custody of the records covering the person's service on vessels of the United States Government, or by certificates from the masters of the vessels if service was on other than vessels of the United States Government, which records or certificates shall describe the vessels and the periods of service, and shall attest that during those periods the person served honorably or with good conduct.

(b) *Character, attachment, and disposition; State residence.* (1) The records or certificates described in paragraph (a) of this section shall be accepted also as proof of good moral character, attachment to the principles of the Constitution, and favorable disposition to the good order and happiness of the United States for that portion of the service performed within the period of five years immediately preceding the date of the petition, and, in the cases of persons of the classes described in § 330.2 (a), as proof of residence within the State in which the petition is filed.

(2) A person claiming the benefits of § 330.2 (b) shall establish his good moral character, attachment to the principles of the Constitution and favorable disposition toward the good order and happiness of the United States during the five-year period next preceding the date of filing the petition, and from that date to the date of admission to citizenship, when not serving on such vessels, by the testimony or depositions of witnesses, in the manner described in Part 335b of this chapter. Such person shall establish also six months' State residence, as required by section 316 (a) of the Immigration and Nationality Act.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 330.11** *Procedural requirements.* A person claiming the benefits of § 330.1 or § 330.2 shall submit to the Service an application to file a petition for naturalization, together with Supplemental Form N-400-B, in accordance with the instructions contained therein. The petition for naturalization shall be filed on Form N-405 in duplicate in a naturalization court having jurisdiction over the petitioner's place of residence. There shall be attached to, and made a part of the original and duplicate of, the petition for naturalization at the time of filing an affidavit of the petitioner sworn to before the clerk of court or an officer of the Service, on Form N-421, in duplicate, fully describing the vessel or vessels on which the petitioner has served and the periods of service. The petition shall be verified by at least two United States citizen witnesses, as provided in § 334.21 of this chapter.

---

PART 331—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: ALIEN ENEMIES

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
331.1   Alien enemy defined.

Sec.
331.2   Termination of status of alien enemy.
331.3   Revocation of exception from classification of alien enemy.
331.4   Naturalization under special provisions of the Immigration and Nationality Act.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

331.11   Petition for naturalization pending; notice of and objection to final hearing on petition.
331.12   Waiver of 90-day notice.
331.13   Exception from classification of alien enemy.

AUTHORITY: §§ 331.1 to 331.13 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 306, 324, 329, 331, 332, 342, 402, 66 Stat. 237, 247, 250, 252, 263, 278.

#### SUBPART A—SUBSTANTIVE PROVISIONS

**§ 331.1** *Alien enemy defined.* An alien who is a native, citizen, subject, or denizen of any country, state, or sovereignty with which the United States is at war shall be considered an alien enemy for the purposes of the naturalization laws. A native of such an enemy country, state, or sovereignty, who subsequent to birth has become stateless or who has become a citizen, subject or denizen of a nation with which the United States is not at war shall nevertheless be considered an alien enemy.

**§ 331.2** *Termination of status of alien enemy.* An alien enemy as defined in § 331.1 shall cease to be an alien enemy within the meaning of this part upon the official determination in the manner prescribed by section 331 (d) of the Immigration and Nationality Act that hostilities between the United States and the enemy country, state, or sovereignty have ended.

**§ 331.3** *Revocation of exception from classification of alien enemy.* If subsequent to the filing of a petition for naturalization, and prior to admission to citizenship, evidence becomes available to the Service that exception from the classification of alien enemy was illegally or fraudulently obtained from or was granted through illegality or by fraud practiced upon the district director or the Commissioner, or a Deputy Commissioner, or Assistant Commissioner, action to cancel the exception granted may be taken in accordance with the provisions of Part 5 of this chapter, in which case a motion shall be made to the court to defer final hearing until such proceedings have been concluded. If the exception is cancelled by the district director or the Commissioner, or a Deputy Commissioner, it shall be considered a nullity from the date of the granting thereof, and the petitioner shall be subject to all the provisions of this part to the same extent as though the exception had never been granted. Written notice of the cancellation shall be furnished by the district director to the clerk of the naturalization court for inclusion in the naturalization record.

**§ 331.4** *Naturalization under special provisions of the Immigration and Nationality Act.* An alien enemy, as defined in § 331.1, who is applying for naturalization under the provisions of

AR2022_200076

section 306 (a) (1), 324 (c), 329, or 402 (j) of the Immigration and Nationality Act may be naturalized, if otherwise qualified, notwithstanding the provisions of this part.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 331.11 *Petition for naturalization pending; notice of and objection to final hearing on petition.* Subject to the conditions stated in this section, an alien enemy, as defined in § 331.1, whose petition for naturalization was pending at the beginning of the state of war, may, if otherwise eligible, be naturalized after his loyalty has been fully established upon investigation by the appropriate district director. The petition for naturalization shall not be called for a hearing or heard, except after ninety-days' notice by the clerk of court to the appropriate district director or officer in charge. Such notice shall be given on Form N-435, in duplicate, and the ninety-day period shall commence on the date of its receipt. The district director or officer in charge shall mail a receipted copy of Form N-435 to the clerk of court within two business days after receipt. The district director or officer in charge may, at any time prior to final hearing, object to such hearing. Such objection shall be made on Form N-434, in duplicate, and filed with the clerk of court. The filing of such objection shall cause the petition to be continued until such time as the objection is withdrawn. The clerk of court shall mail a receipted copy of Form N-434 to the district director or officer in charge within two business days after receipt.

§ 331.12 *Waiver of 90-day notice.* A petitioner for naturalization embraced within this part may request the district director or officer in charge, in writing, to waive the ninety-day notice referred to in § 331.11. Such waiver may be granted at any time after the petition has been filed and either before or after the clerk's notice has been given and the ninety-day period has commenced. The district director or officer in charge shall cause a full and complete investigation to be conducted and if such investigation satisfactorily establishes the petitioner's loyalty to the United States the district director or officer in charge may, in his discretion, grant the waiver. If the waiver is granted, notice thereof shall be given to the clerk of court by the district director or officer in charge on Form N-424, in duplicate, a copy of which shall be retained in the Service file.

§ 331.13 *Exception from classification of alien enemy.* An alien enemy, as defined in § 331.1, who did not have a petition for naturalization pending at the beginning of the state of war, shall not be eligible to file a petition for naturalization, unless and until the district director has excepted such alien from the classification of alien enemy. Application for such exception shall be made on Form N-436 and submitted to the Service with the application to file a petition for naturalization. The district director shall thereupon cause a full and complete investigation to be made of the

No. 247——11

loyalty of such applicant. If, after such investigation, the district director is satisfied as to the applicant's loyalty to the United States, he may, in his discretion, except the applicant from the classification of alien enemy by the execution of Form N-438, in duplicate, the original of which shall be filed with the clerk of the naturalization court at the time of or prior to the filing of the petition for naturalization, and the copy retained in the Service file. The exception so granted on Form N-438 shall not be effective for the purpose of filing a petition for naturalization unless and until such form is filed with the clerk of court. Form N-438 need not be filed with and made a part of the petition but shall be filed with the naturalization record by the clerk of court. If the district director is not satisfied as to the applicant's loyalty, he shall deny the application. The applicant shall be notified in writing of the denial of his application with the reasons therefor and, at the same time, shall be advised that he has ten days from the date of the notification in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7. If the Assistant Commissioner approves the application, the district director shall except the applicant from the classification of alien enemy, in the manner provided in this section. An applicant who has been excepted from the classification of alien enemy under this section shall be entitled to a hearing upon his petition for naturalization without regard to the provisions of § 331.11.

---

### PART 332—PRELIMINARY INTERROGATION OF APPLICANTS FOR NATURALIZATION AND WITNESSES

#### SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
332.11　Interrogation preliminary to filing petition for naturalization.
332.12　Certificate by examiner whenever petitioner is entitled to immediate hearing.
332.13　Use of record of preliminary interrogation.
332.14　Notice of proposed recommendation of denial; findings, conclusion, and recommendation.

AUTHORITY: §§ 332.11 to 332.14 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 335, 66 Stat. 252, 255.

#### SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 332.11 *Interrogation preliminary to filing petition for naturalization.*—(a) *Scope of interrogation.* Whenever practicable, each applicant for naturalization and his witnesses shall appear in person before an officer of the Service authorized to administer oaths, prior to the filing of a petition for naturalization, and give testimony under oath concerning the applicant's mental and moral qualifications for citizenship, attachment to the principles of the Constitu-

tion, and disposition to the good order and happiness of the United States, the qualifications of the witnesses, and the other qualifications to become a naturalized citizen as required by law. The interrogation shall be uniform throughout the United States.

(b) *Conduct of interrogation.* The Service officer, prior to the beginning of the interrogation, shall make known to the applicant and the witnesses the official capacity in which he is conducting the interrogation. The applicant and each witness shall be questioned under oath separately and apart from one another and apart from the public. The applicant shall be interrogated as to each assertion made by him in his application to file a petition and in any supplemental form. Whenever necessary, the written answers in the forms shall be corrected by the officer to conform to the oral statements made under oath. The examining officer, in his discretion, may have a stenographic transcript made, or prepare affidavits covering testimony of the applicant or witnesses. The questions to the applicant and the witnesses shall be repeated in different form and elaborated if necessary, until the officer conducting the interrogation is satisfied that the person being interrogated fully understands them. At the conclusion of the interrogation all corrections made on the application form and supplements thereto shall be consecutively numbered and recorded in the space provided therefor in the applicant's affidavit contained in the form. The affidavit shall then be subscribed and sworn to by the applicant and signed by the examining officer. The witnesses shall be questioned to develop their own credibility and competency as well as the extent of their personal knowledge of the applicant's qualifications to become a naturalized citizen. If the applicant is exempted from the requirement of reading and writing, and speaking English, the interrogation, including the examination of the applicant's knowledge and understanding of the Constitution, history, and form of Government of the United States, may be conducted through an interpreter.

§ 332.12 *Certificate by examiner whenever petitioner is entitled to immediate hearing.* The officer or employee conducting the preliminary interrogation shall execute a certificate of examination on Form N-440 in duplicate, for attachment to the original and duplicate petitions for naturalization, in any case in which the petitioner, under the provisions of the Immigration and Nationality Act applicable to his case, is entitled to an immediate hearing following examination by a representative of the Service.

§ 332.13 *Use of record of preliminary interrogation.* The record of the preliminary interrogation, including the executed and corrected application form and supplements thereto, affidavits, transcripts of testimony, documents and other evidence, and the reports of any investigations conducted, shall, in those cases in which a preliminary examination is to be held under Part 335 of this chapter, be submitted to the examiner

AR2022_200077

designated to conduct such examination, for his use in examining the petitioner and witnesses. In those cases in which no preliminary examination is held the recommendation to the naturalization court shall be based upon the record of the preliminary interrogation and such other evidence as may be available.

§ 332.14 *Notice of proposed recommendation of denial; findings, conclusion, and recommendation.* In those cases in which the recommendation to the court is for denial of the petition, and no preliminary examination under Part 335 of this chapter is held, an officer of the Service shall, as soon as practicable after the preliminary interrogation and investigations have been concluded, prepare a memorandum in behalf of the Service in the manner described in § 335.12, and subject to review by the Commissioner, for presentation to the court at the final hearing. The petitioner shall be given written notice on Form N–429 advising him of the recommendation which will be made to the court and the specific reasons therefor. The notice and a copy of the memorandum shall be sent the petitioner by registered mail, return receipt requested, after review of the recommendation by the Commissioner, if made, and at least thirty days prior to final hearing. The hearing before the court may be held less than thirty days after such notification, if the petitioner agrees thereto.

PART 332a—OFFICIAL FORMS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
332a.1   Official forms essential to exercise of jurisdiction.
332a.2   Official forms prescribed for use of clerks of naturalization courts.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

332a.11   Initial application for official forms.
332a.12   Subsequent application for official forms.
332a.13   Alteration of forms of petitions or applications for naturalization.

AUTHORITY: §§ 332a.1 to 332a.13 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 310, 332, 66 Stat. 239, 252.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 332a.1 *Official forms essential to exercise of jurisdiction.* Before exercising jurisdiction in naturalization proceedings, the naturalization court shall direct the clerk of such court upon written application to obtain from the Service, in accordance with section 310 (e) of the Immigration and Nationality Act, proper forms, records, books, and supplies required in naturalization proceedings. Such jurisdiction may not be exercised until such official forms, records, and books have been supplied to such court. Only such forms as are supplied shall be used in naturalization proceedings. Where sessions of the court are held at different places, the judge of such court may require the clerk to obtain a separate supply of official forms, records and books for each such place.

§ 332a.2 *Official forms prescribed for use of clerks of naturalization courts.* The following described forms only shall be used by clerks of courts having national jurisdiction, in the exercise of such jurisdiction:

| Form No. | Title and description |
|---|---|
| N–2 | Requisition for Forms and Binders. |
| N–4 | Monthly Report—Naturalization Papers forwarded. |
| N–5 | Continuation Sheet of Monthly Report—Naturalization Papers forwarded. |
| N–6 | Jacket for Naturalization Papers. |
| N–7 | Quarterly Abstract of Collections of Naturalization Fees. |
| N–11 | Penalty Envelope (addressed to the Central Office of Service). |
| N–12 | Penalty Envelope (to be addressed to any office of Service). |
| N–13 | Penalty Envelope (large—to be addressed to any office of Service). |
| N–50 | Receipt for Duplicate Petitions. |
| N–300 | Application to File Declaration of Intention. |
| N–315 | Declaration of Intention. |
| N–350 | Application to Renounce Danish Citizenship. |
| N–351 | Renunciation of Danish Citizenship. |
| N–400 | Application to File Petition for Naturalization. |
| N–400A | Supplement to Application to File Petition for Naturalization (under section 324 (a) or 327, Immigration and Nationality Act). |
| N–400B | Supplement to Application to File Petition for Naturalization (by a seaman, under section 330 of the Immigration and Nationality Act). |
| N–400C | Supplement to Application to File Petition for Naturalization (for use with editions prior to December 24, 1952). |
| N–401 | Preliminary Form to take Oath of Allegiance (by a woman formerly a citizen, under section 324 (c) of the Immigration and Nationality Act, or the act of June 25, 1936, as amended). |
| N–402 | Application to File Petition for Naturalization in Behalf of a Child (under sections 322 or 323, Immigration and Nationality Act). |
| N–403 | Request to have Petition for Naturalization marked "Void". |
| N–404 | Request for Withdrawal of Petition for Naturalization. |
| N–405 | Petition for Naturalization (under general provisions of the Immigration and Nationality Act). |
| N–405A | Affidavit in Support of Petition for Naturalization (by a former citizen, under section 327 of the Immigration and Nationality Act). |
| N–406 | Petition for Naturalization (of a married person, under section 319 (a) or (b), Immigration and Nationality Act). |
| N–407 | Petition for Naturalization (in behalf of a child, under section 322 or 323, Immigration and Nationality Act). |
| N–408 | Application to take Oath of Allegiance and Form of such Oath (by a woman formerly a citizen, under section 324 (c), Immigration and Nationality Act, of the Act of June 25, 1936, as amended). |
| N–410 | Motion for Amendment of Petition (application). |
| N–414 | Acknowledgment of Filing Petition for Naturalization. |
| N–418 | Petition for Naturalization (active duty in the armed forces, under section 329 of the Immigration and Nationality Act). |
| N–421 | Affidavit in Support of Petition for Naturalization (by a seaman, under section 330, Immigration and Nationality Act). |
| N–435 | Notice of Final Hearing by Clerk of Court (alien enemies). |
| N–435–I. | Continuation Sheet—Form N–435. |
| N–442 | Preliminary Form to take Oath of Allegiance (by former citizen, under Public Law 114, 82nd Congress, as amended). |
| N–443 | Application to take the Oath of Allegiance and Form of Such Oath (by former citizen, under Public Law 114, 82nd Congress, as amended). |
| N–450 | Notice of Intention to Substitute Witnesses. |
| N–451 | Affidavits of Witnesses (to Petition for Naturalization). |
| N–455 | Application for Transfer of Petition for Naturalization. |
| N–458 | Application to Correct Certificate of Naturalization. |
| N–460 | Naturalization Petitions Recommended to be Granted. |
| N–460A | Order of Court (granting petitions). |
| N–481 | Naturalization Petitions Recommended to be Granted (continuation sheet). |
| N–483 | Naturalization Petitions Recommended to be Continued (and Order of Court). |
| N–484 | Naturalization Petitions Recommended to be Denied. |
| N–484A | Order of Court (denying petition). |
| N–485 | Naturalization Petitions Recommended to be Granted (on behalf of children). |
| N–486 | Naturalization Petitions Recommended to be Denied (on behalf of children). |
| N–489 | Certification by Clerk of Court of the taking of Oath of Allegiance. |
| N–490 | Order of Court Granting Petitions for Naturalization. |
| N–491 | Order of Court Denying Petitions for Naturalization. |
| N–492 | Commissioner's Recommendation that Petition be Granted (and Order of Court). |
| N–493 | Commissioner's Recommendation that Petitions be Denied (and Order of Court). |
| N–550 | Certificate of Naturalization. |
| N–580 | Application for a Certificate of Naturalization or Repatriation (under section 343 (a) of the Immigration and Nationality Act or 12th subdivision, section 4 of Act of June 29, 1906). |

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 332a.11 *Initial application for official forms.* Whenever the initial application for forms, records, books, and supplies is made by a State court of record, it shall be accompanied by a certificate of the Attorney General of the State, certifying that the said court is a court of record, having a seal, a clerk, and jurisdiction in actions at law or in equity, or at law and in equity, in

AR2022_200078

which the amount in controversy is unlimited.

§ 332n.12 *Subsequent application for official forms.* Included with the initial supply of official forms, records, and books furnished to the various courts by the Service shall be Form N–3 entitled "Requisition for Forms and Binders," and thereafter such forms shall be used by clerks of courts in making requisition for forms, records, books, and supplies for use in naturalization proceedings in their respective courts.

§ 332n.13 *Alteration of forms of petitions or applications for naturalization.* The official forms for petitions or applications for naturalization to the court shall be altered by the clerk of court as follows:

(a) *Deletion of inapplicable acts or sections of acts.* Whenever the petition form is designed for use under more than one act or more than one section of an act, by striking from the title of the form the reference to the inapplicable act or section.

(b) *Exemption from residence in United States and State.* Whenever residence in the United States and State residence for any specified period is not required, by striking out allegations 10 and 16 on Form N–406, allegations 12 and 13 on Form N–407, allegation 16 on Form N–405, and the statements in the affidavits of witnesses as to the period of United States and State residence on Forms N–405 and N–406.

(c) *Exemption from physical presence in the United States.* Whenever physical presence in the United States for any specified period is not required, by striking out allegation 14 on Form N–407, and allegation 16 on Form N–405.

(d) *Exemption from lawful admission for permanent residence.* Whenever lawful admission for permanent residence is not required, by striking out allegation 9 on Forms N–405 and N–418.

(e) *Exemption from intention to reside permanently in the United States.* Whenever intention to reside permanently in the United States is not required by striking out allegation 12 on Form N–405.

(f) *Supplemental affidavits filed with petition for naturalization.* Whenever a supplemental affidavit is filed with the petition by adding to allegation 18, on Form N–405 "and supplemental affidavit on Form No. _____"

(g) *Oath of allegiance.* Whenever a petitioner or applicant for naturalization is exempt from taking the oath of allegiance prescribed in Part 337 in its entirety, by striking from the oath of allegiance the inapplicable clauses.

PART 332b—INSTRUCTION AND TRAINING IN CITIZENSHIP RESPONSIBILITIES: TEXT-BOOKS, SCHOOLS, ORGANIZATIONS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
332b.1  Public school instruction and training in citizenship responsibilities of applicants for naturalization.
332b.2  Sending names of candidates for naturalization to the public schools.
332b.3  Federal citizenship textbooks.

Sec.
332b.4  Public school certificates as evidence of petitioner's educational progress.
332b.5  Cooperation with official National and State organizations.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 332b.1 to 332b.5 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332; 346, 66 Stat. 253, 266.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 332b.1  *Public school instruction and training in citizenship responsibilities of applicants for naturalization.* The Central Office and the field offices of the Service shall cooperate with appropriate authorities or organizations in the establishment and maintenance of classes within or under the supervision of the public schools for the preparation of naturalization applicants for their citizenship duties and responsibilities. Field officers shall visit such classes when practicable. Should applicants for naturalization who desire such preparation live in remote localities where the establishment of a class is impracticable, field officers shall communicate with the appropriate representative of the public schools for the purpose of making other suitable arrangements, if possible, for their instruction.

§ 332b.2  *Sending names of candidates for naturalization to the public schools.* Arrangements shall be made with the public schools by which the names and addresses of applicants for naturalization will be made available to such schools for the purpose of interesting applicants in attending public school classes in preparation for citizenship duties and responsibilities.

§ 332b.3  *Federal citizenship textbooks.* Citizenship textbooks, for the free use of applicants for naturalization receiving instruction in or under the supervision of the public schools in preparation for citizenship, shall be prepared and distributed by the Service to the appropriate representatives of the public schools upon their signed requisitions therefor.

§ 332b.4  *Public school certificates as evidence of petitioner's educational progress.* Public school certificates attesting the attendance and progress records of petitioners for naturalization in citizenship classes shall be given weight by naturalization officers in determining the petitioner's knowledge and understanding of the fundamentals of the history, and of the principles and form of government of the United States, and his ability to read, write, and speak English, provided that approval of the courses of instruction, teaching, and examinations of the public schools issuing such certificates is given by the district director and the naturalization courts.

§ 332b.5  *Cooperation with official National and State organizations.* The Central Office and the field offices shall take steps to obtain the aid of and to cooperate with official National and State organizations in the Service's program of promoting instruction and training of applicants for naturaliza-

tion for their citizenship duties and responsibilities. Similar action shall be taken in relation to duly accredited unofficial educational, social service, welfare, and other organizations having as one of their objects the preparation of applicants for naturalization for their citizenship duties and responsibilities.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 332c—PHOTOGRAPHIC STUDIOS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
332c.1  Establishment of welfare photographic studios.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 332c.1  *Establishment of welfare photographic studios.* District directors shall, after investigation, make reports and recommendations to the Commissioner concerning the desirability of the establishment and operation by welfare organizations, without profit, of photographic studios, solely for the benefit of persons seeking to comply with the requirements of the immigration and naturalization laws. Quarters for such purpose must be in a building occupied by the Service, and be conducted under the supervision of the Commissioner. Such welfare organizations shall submit an annual accounting to the Commissioner of the conduct of such studio.

(Sec. 103, 66 Stat. 173. Interprets or applies sec. 332, 66 Stat. 253)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 332d—DESIGNATION OF EMPLOYEES TO ADMINISTER OATHS AND TAKE DEPOSITIONS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
332d.1  Designation of employees to administer oaths and take depositions.

SUBPART B—PROCEDURAL AND OTHER NONSUB-STANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

§ 332d.1  *Designation of employees to administer oaths and take depositions.* All immigration officers and other officers or employees of the Service of an equal or higher grade are hereby designated to administer oaths and take depositions in matters relating to the administration of the naturalization and citizenship laws.

(Sec. 103, 66 Stat. 173. Interprets or applies sec. 332, 66 Stat. 252)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 333—PHOTOGRAPHS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
333.1  Description of required photographs.
333.2  Attachment of photographs to documents.

**AR2022_200079**

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 333.1 and 333.2 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 333, 334, 66 Stat. 252, 253, 254.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 333.1  *Description of required photographs.* Every applicant required to furnish photographs of himself under this subchapter shall submit three identical photographs which shall be 2 by 2 inches in size, unmounted, printed on a thin paper, have a light background, clearly show a full front view of the features of the applicant with head bare (unless the applicant is wearing a headdress as required by a religious order of which he is a member), with the distance from the top of the head to point of chin approximately 1¼ inches, and which shall have been taken within 30 days of the date they are furnished. The applicant, except in the case of a child or other person physically incapable of signing his name, shall sign each copy of the photograph with his full true name, in such manner as not to obscure the features. The signature shall be by mark if the applicant is unable to sign his name. If the applicant is a prospective petitioner for naturalization, the photographs shall be signed by him in the English language, unless the applicant is of the class exempted from signing a petition for naturalization in the English language, as provided by § 334.13 of this chapter, in which case the photographs may be signed in any language. In the case of a child unable to sign its name, the photographs shall be signed by the parent, parents, or guardian as may be appropriate, and the signature shall read "(insert name of parent, parents, or guardian) in behalf of (insert name of child)." The photographs shall be signed when submitted with an application if the instructions accompanying the application so require. If the instructions do not so require the photographs shall be submitted without being signed and shall be signed at such later time during the processing of the application as may be appropriate.

§ 333.2  *Attachment of photographs to documents.* There shall be securely and permanently attached to each original and duplicate certificate of naturalization and to each duplicate and triplicate declaration of intention issued by any clerk of court, and to each copy of a declaration of intention, certificate of naturalization or certificate of citizenship issued by the Service, a signed photograph of the applicant. In each case in which a seal is affixed, the imprint of a part of the seal shall be affixed so as to extend over the lower portion of the photograph in such manner as not to obscure the features of the applicant.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

PART 334—PETITION FOR NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
334.1  Right to file petition or application for naturalization.
334.2  Oath or affirmation of petitioner and witnesses.

Sec.
334.3  Petitions for naturalization; numbering, indexing, binding.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

334.11  Petition for naturalization and preliminary application.
334.12  Notification to appear for preliminary interrogation and to file petition for naturalization.
334.13  Filing of petition for naturalization.
334.14  Investigation and report if applicant is sick or disabled.
334.15  Void petitions for naturalization.
334.16  Amendment of petition or application for naturalization.
334.17  Transfer of petition for naturalization.
334.18  Withdrawal of petition and failure to prosecute.
334.21  Verification of petition for naturalization: administration of oath.

AUTHORITY: §§ 334.1 to 334.21 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 334, 335, 66 Stat. 252, 254, 256, 257, 259, 265.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 334.1  *Right to file petition or application for naturalization.* No person shall be denied the right to apply for naturalization in accordance with the procedure prescribed in this subchapter to any court authorized to exercise naturalization jurisdiction.

§ 334.2  *Oath or affirmation of petitioner and witnesses.* The petition for naturalization shall be executed under the following oath (or affirmation) : "You do swear (affirm) that you know the contents of this petition for naturalization subscribed by you, and that the same are true to the best of your knowledge and belief."

The following oath (or affirmation) shall be administered to each of the witnesses who verify the petition: "You do swear (affirm) that the statements of fact you have made in the affidavits to this petition for naturalization subscribed by you are true to the best of your knowledge and belief."

§ 334.3  *Petitions for naturalization; numbering, indexing, binding.* Petitions for naturalization shall be numbered consecutively in the order in which they are filed, shall be filed chronologically in separate volumes, indexed, and made a part of the records of the naturalization court. Each such volume shall, upon completion, be permanently bound by an employee of the Service. Whenever a petitioner's name has been changed by order of court the original and the changed name shall be entered by the clerk of court in the index of petitions for naturalization.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 334.11  *Petition for naturalization and preliminary application.* Except as otherwise provided in this subchapter, a person who has attained the age of eighteen years and who desires to apply for naturalization, shall make and file, in accordance with the provisions of this part, a sworn petition for naturalization, in duplicate. Such person shall, before filing the petition for naturalization, execute and submit to the Service preliminary application to file a petition for

naturalization, Form N-400, in accordance with the instructions contained therein.

§ 334.12  *Notification to appear for preliminary interrogation and to file petition for naturalization.* Following the submission of the preliminary application, the applicant shall be notified when and where to appear with his witnesses for preliminary interrogation, as described in Part 332 of this chapter, and to file the petition for naturalization.

§ 334.13  *Filing of petition for naturalization.* The petition for naturalization and the duplicate copy thereof shall be filed by the petitioner, in person, with the clerk of the court or his authorized deputy and only in the office of the clerk, except that an applicant for naturalization who satisfactorily establishes that he is prevented by sickness or other disability from appearing in the office of the clerk, may file the petition for naturalization at such other place as may be designated by the clerk of court or his authorized deputy. Except as otherwise provided in this subchapter, the petition shall be on Form N-405 and shall contain an averment that it is the intention of the petitioner to reside permanently in the United States. The petition shall be signed by the petitioner in the English language, if physically able to write, unless the petitioner on December 24, 1952 was over fifty years of age and had been living in the United States for at least twenty years, in which case the petitioner may sign his name in any language. When the petition has been so filed, the clerk shall furnish to the petitioner an acknowledgment of the filing of the petition on Form N-414. The petitioner shall pay the clerk of the naturalization court, at the time the petition is filed, a fee of $10, unless the petitioner is exempt therefrom by section 344 (h) of the Immigration and Nationality Act.

§ 334.14  *Investigation and report if applicant is sick or disabled.* Whenever it appears that an applicant for naturalization may be unable, because of sickness or other disability, to present himself in the office of the clerk of a naturalization court to file a petition for naturalization, the district director or officer in charge shall cause an investigation to be conducted to determine the circumstances, and shall report the condition of the applicant to the clerk of court for the purpose of aiding the court to determine whether the clerk of court shall designate another place to file a petition for naturalization. The report shall show whether the sickness or disability is of a nature which so incapacitates the applicant as to prevent him from appearing personally in the office of the clerk of court.

§ 334.15  *Void petitions for naturalization.* If a petition for naturalization filed with the clerk of court is materially defective on its face, it shall nevertheless remain a part of the records of the court and the duplicate thereof disposed of, and the fee accounted for, in accordance with the provisions of Part 339 of this chapter. The Service shall inform the petitioner of the defect and the desirability of having the petition marked

"Void" in order that the fee may be refunded or credited to the filing of another petition. If the petitioner desires to have the defective petition submitted to the court for a judicial ruling in lieu of having it marked "Void", no refund of the fee shall be made. A request by the petitioner that his petition be marked "Void" shall be made on Form N–403, in duplicate, and submitted to the district director. If the request is approved by the district director the original shall be furnished the clerk of court for attachment to the petition and the clerk of court shall mark the petition "Void". The duplicate shall be retained in the field office file.

§ 334.16  *Amendment of petition or application for naturalization*—(a) *During pendency of petition or application.* An application to amend a petition or application for naturalization, while such application or petition is pending, shall be made by the petitioner or applicant on Form N–410, with copies thereof equal to the number of copies of the petition or application for naturalization, and presented to the court at the hearing on the petition or application for naturalization. When the court orders the petition or application amended, the original order shall be filed with the original petition or application and the copies attached to the respective copies of the petition or application.

(b) *After final action on petition or application.* Whenever an application is made to the court to amend a petition or application for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director or officer in charge having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director or officer in charge for inclusion in the Service file.

§ 334.17  *Transfer of petition for naturalization*—(a) *Application for transfer.* A petitioner for naturalization who removes from the jurisdiction of the court in which his petition for naturalization is pending, may make application to the court on Form N–455, in quadruplicate, for transfer of the petition to a naturalization court having jurisdiction over his place of residence, or, if the petition was not required to be filed in a naturalization court having jurisdiction over his place of residence, to any other naturalization court exercising naturalization jurisdiction. The application shall be submitted, in accordance with the instructions contained therein, to the district director or officer in charge exercising administrative jurisdiction over the place where the court in which the petition is filed is located.

(b) *Action by district director or officer in charge.* If the district director or officer in charge consents to the trans-

fer, he shall so indicate on each copy of Form N–455, which shall be filed with the clerk of court in which the petition is pending. If the district director or officer in charge does not consent to the transfer he shall so indicate on each copy of Form N–455 which shall be filed with the clerk of court, with a memorandum of the district director or officer in charge setting forth the reasons for the denial. The applicant shall be notified by the district director or officer in charge of the filing of Form N–455 with the clerk of court, and whether consent has been given by the district director or officer in charge.

(c) *Action by court in which petition is filed.* The court in which the petition is filed shall enter an order on Form N–455, in quadruplicate, approving or disapproving the application. If the application is approved, the original Form N–455 shall be filed with the naturalization record in the office of the clerk of court, the duplicate and triplicate copies, duly attested and certified, transmitted to the court to which the petition is to be transferred, and the quadruplicate copy transmitted to the district director or officer in charge. If the application is disapproved, the original Form N–455 shall be filed with the naturalization record in the office of the clerk of court and the remaining copies transmitted to the district director or officer in charge, who shall notify the applicant of the disapproval.

(d) *Action by court to which petition is transferred.* The court to which the petition is to be transferred shall enter an order on the duplicate and triplicate copies of Form N–455, approving or disapproving the transfer. The duplicate copy shall be filed with the clerk of the court to which the petition is to be transferred, and the triplicate copy, duly attested and certified, transmitted to the clerk of the court in which the petition is filed. If the application is disapproved, the clerk of court receiving the triplicate copy shall notify the district director or officer in charge, who shall notify the applicant of the disapproval.

(e) *Transfer of petition and record.* If the court to which the petition is to be transferred approves the transfer, the clerk of court in which the petition is filed shall file the triplicate copy of Form N–455 with the naturalization record and forward a certified copy of the petition, and the originals of all documents filed relating thereto, to the court to which the petition is being transferred, and notify the district director having administrative jurisdiction over the place in which the petition is filed, of the action taken. Upon receipt of the certified copy and record, the clerk of court to which the petition is transferred shall index it, number it consecutively in the order in which it is received, prefixed by the letters TR, and in a series separate from petitions originally filed in the court. The petition shall be made a part of the record of the naturalization court. No fee shall be charged by the clerk of the court to which the petition is transferred for the filing of the transferred petition or the issuance of a certificate of naturalization.

§ 334.18  *Withdrawal of petition and failure to prosecute.* (a) A petitioner who desires to withdraw his petition for naturalization after the filing thereof shall make request for withdrawal on Form N–404, in duplicate. The original shall be filed with the clerk of court and the duplicate with the office of the Service exercising administrative jurisdiction over the district in which the court is located. At the final hearing upon the petition, the officer in attendance shall inform the court whether the district director or officer in charge consents to the withdrawal of the petition. In cases in which such officer does not consent to the withdrawal, the court shall determine the petition on its merits.

(b) At the final hearing upon a petition for naturalization which the petitioner has failed to prosecute, the officer in attendance shall inform the court whether the district director or officer in charge consents to dismissal of the petition for lack of prosecution. In cases in which such officer does not move that the petition be dismissed for lack of prosecution, the court shall determine the petition on its merits.

§ 334.21  *Verification of petition for naturalization; administration of oath.* Every petition for naturalization shall, before it is filed, be verified by the petitioner, and by the affidavits of two credible witnesses, citizens of the United States, who shall appear in person either before a designated examiner or before the clerk of the court or his authorized deputy. Any such officer shall administer the required oaths to the petitioner and the witnesses. The witnesses shall sign the affidavits. The witnesses shall have and aver knowledge of the petitioner as to each place of his residence in the State where he is residing during the period of at least six months immediately prior to the filing of the petition unless the petitioner is exempted from the usual State residence requirement. If the petitioner has resided at two or more places in the State during the required six-month period and for this reason two witnesses cannot be procured to verify the petition as to all such residence, additional witnesses may be used and their affidavits shall be executed, in duplicate, on Form N–451, one copy of which shall be attached to the original petition and the other to the duplicate petition at the time of filing the petition. The witnesses shall state in their affidavits that they personally know that the petitioner is and has been a resident at such place for such period, the length of the petitioner's physical presence in the United States during such period, and that the petitioner is and has been during all such period of residence a person of good moral character, attached to the principles of the Constitution of the United States, well disposed to the good order and happiness of the United States, and in all respects qualified to become a citizen of the United States. If the petitioner is exempted from the usual State residence requirement, the witnesses shall state in their affidavits the period of time that they have personally known the petitioner to have been resident and physi-

cally present in the United States, and that such petitioner is, and, for the period required by the naturalization provisions applicable to the case, has been, a person of good moral character, attached to the principles of the Constitution of the United States, well disposed to the good order and happiness of the United States, and in all respects qualified to become a citizen of the United States.

PART 334a—DECLARATION OF INTENTION

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

Sec.
334a.11  Preliminary form for declaration of intention.
334a.12  Notification to applicant.
334a.13  Filing of declaration of intention.
334a.14  Execution and fee.
334a.15  Disposition.
334a.16  Declaration of intention; numbering, indexing, binding.

AUTHORITY: §§ 334a.11 to 334a.16 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 334, 339, 344, 66 Stat. 252, 254, 259, 264.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 334a.11  *Preliminary form for declaration of intention.* Each prospective declarant shall, before making and filing a declaration of intention, submit to the Service an application therefor on Form N-300 in accordance with the instructions contained therein. The application may be submitted at any time after the applicant has been lawfully admitted for permanent residence and has attained the age of eighteen years.

§ 334a.12  *Notification to applicant.* Following approval of the application by the Service, the applicant shall be notified when and where to appear to make and file the declaration of intention.

§ 334a.13  *Filing of declaration of intention.* A clerk of court or his authorized deputy shall not accept a declaration of intention for filing, unless and until there shall have been received from the Service the applicant's approved Form N-300 authorizing the issuance of the declaration and showing that the applicant is residing in the United States pursuant to a lawful admission for permanent residence.

§ 334a.14  *Execution and fee.* The declaration of intention shall be executed by the alien under oath on Form N-315, in triplicate, before the clerk of any court exercising naturalization jurisdiction or his authorized deputy, regardless of the place of residence of the applicant, and only in the office of said clerk. The applicant may sign the declaration and the photographs affixed thereto in any language, or by mark if unable to write. The declarant shall pay the clerk of court, at the time the declaration of intention is filed, the statutory fee of $5.

§ 334a.15  *Disposition.* The original declaration of intention shall be retained

and filed of record by the clerk of court, and the triplicate delivered forthwith to the alien. The duplicate, with Form N-300, shall be forwarded to the appropriate district director or officer in charge on the first day of the month following the month in which the declaration is filed, in accordance with § 339.2 of this chapter for inclusion in the declarant's file.

§ 334a.16  *Declaration of intention; numbering, indexing, binding.* Declarations of intention shall be numbered consecutively in the order in which they are filed in a series separate from petitions. They shall be filed chronologically in separate volumes, indexed, and made a part of the records of the naturalization court. Each declaration volume shall upon completion be permanently bound by an employee of the Service in accordance with § 339.4 of this chapter.

PART 335—PRELIMINARY EXAMINATION ON PETITIONS FOR NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

Sec.
335.11  Preliminary examination pursuant to section 335 (b) of the Immigration and Nationality Act.
335.12  Recommendations of the designated examiner and the Commissioner; notice.
335.13  Notice of recommendation of designated examiner.

AUTHORITY: §§ 335.11 to 335.13 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 335, 66 Stat. 252, 255.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 335.11  *Preliminary examination pursuant to section 335 (b) of the Immigration and Nationality Act*—(a) *When held.* Preliminary examinations shall be open to the public, and shall, where practicable, be held immediately after the petition for naturalization is filed with the clerk of the court unless, in the opinion of the district director or officer in charge, the interests of good administration would be better served by holding such examinations prior to the filing of the petition in the office of the clerk of court, but in no event shall such examinations be held before the petition has been properly executed by the petitioner and his verifying witnesses.

(b) *Conduct of examination.* Preliminary examinations shall be held before an employee of the Service, designated by the district director to conduct such proceedings and to make findings and recommendations thereon to the naturalization court, who shall be known as the "designated examiner." The petitioner and his witnesses and the witnesses produced on behalf of the Government shall be present. The designated examiner shall, prior to the commencement of the examination, make known to the petitioner his official capacity and that of any other officer of the Service who may participate in the proceeding. The designated

examiner shall have before him the entire record of the preliminary interrogation, including the petitioner's application to file a petition for naturalization (Form N-400) and any other evidence or data that may be relevant or material to the inquiry. All testimony taken at the examination shall be under oath or affirmation administered by the designated examiner. The designated examiner may interrogate the petitioner and witnesses produced in behalf of the petitioner or the Government, and present evidence touching upon the petitioner's admissibility to citizenship. He shall regulate the course of the examination, rule upon applications for the issuance of subpenas and issue such subpenas in proper cases, grant or deny continuances, and rule on all objections to the introduction of evidence, which rulings shall be entered on the record. Evidence held by the designated examiner to be inadmissible shall nevertheless be received into the record subject to the ruling of the court. The petitioner and the Government shall have the right to present such oral or documentary evidence and to conduct such cross-examination as may be required for a full and true disclosure of the facts. If the petitioner is not represented by an attorney or representative, the designated examiner shall assist the petitioner in the introduction of all evidence available in his behalf. All documentary or written evidence shall be properly identified and introduced into the record as exhibits by number, unless read into the record.

(c) *Assignment of examining officer at preliminary examination.* The district director or officer in charge may in his discretion assign an employee of the Service to act as examining officer at the preliminary examination. Such employee shall examine and cross-examine witnesses produced in behalf of the Government or the petitioner and present evidence pertinent to the petitioner's admissibility to citizenship. The designated examiner may take such part in the interrogation of the petitioner and witnesses and the introduction of evidence as he may deem necessary.

(d) *Stenographic reporting of proceedings; mechanical recording equipment.* A stenographer shall be in attendance whenever, in the opinion of the designated examiner, such attendance is desirable, and in every case to which an examining officer is assigned. The stenographer shall record verbatim the entire proceedings, including the oaths administered and rulings on objections, but shall not record arguments in support of objections, or statements made off the record with the consent of the petitioner. The stenographer shall certify that the transcribed minutes constitute a complete and accurate record of the examination. Whenever, in the opinion of the designated examiner the use of mechanical recording equipment in lieu of a stenographer is deemed desirable, the proceedings may be recorded by such equipment.

(e) *Issuance of subpenas; attendance and mileage fees.* Subpenas requiring the attendance of witnesses or the production of documentary evidence, or

both, may be issued by the designated examiner, upon his own volition or upon written application of the petitioner or his attorney or representative, the examining officer, or the Service. Such written application shall specify, as nearly as may be, the relevance, materiality, and scope of the testimony or documentary evidence sought and show affirmatively that the testimony or documentary evidence cannot otherwise be produced. Subpenas shall be issued on Form I-138 and due record shall be made of their service. The subpena may be served by any person over 18 years of age, not a party to the case, designated to make such service by the district director or officer in charge. Mileage and fees for witnesses subpenaed under this section shall be paid by the party at whose instance the subpena is issued at rates allowed and under conditions prescribed by the naturalization court in which the petition is pending. Before issuing a subpena the designated examiner may require a deposit of an amount adequate to cover the fees and mileage involved, if the witness subpenaed neglects or refuses to testify or produce documentary evidence as directed by the subpena, the district director or the officer in charge shall request the United States Attorney for the proper district to report such neglect or refusal to any court exercising naturalization jurisdiction and to file a motion in such court for an order directing the witness to appear and testify and to produce the documentary evidence described in the subpena.

(f) *Briefs.* At the conclusion of the preliminary examination the petitioner or his attorney or representative, and the examining officer if one was assigned, may submit briefs in support of arguments made or issues raised at the examination.

(g) *Representation by attorney or representative; absence of representative; advice to petitioner.* The petitioner may be represented by an attorney or a representative who has, where required, been admitted to practice before the Service in accordance with Part 292 of this chapter. If at any stage of the preliminary examination it appears to the designated examiner that he may recommend denial of the petition, or granting thereof with the facts to be presented to the court, he shall advise the petitioner of his right to be represented by an attorney or representative. A continuance of the examination shall be granted upon the petitioner's motion for the purpose of obtaining an attorney of representative. The petitioner's attorney or a representative shall be permitted to be present at all times during the preliminary examination or at any subsequent examinations and the petitioner shall not in any such examination or subsequent examinations be interrogated in the absence of his attorney or representative, unless the petitioner waives such appearance. The attorney or a representative shall be permitted to offer evidence to meet any evidence presented or adduced by the Government or the designated examiner. A petitioner who is not represented by an attorney or a representative shall be

entitled to all the benefits and the privileges provided for in this section.

(h) *Designation of Service employees to conduct preliminary examinations.* All employees of the Service who have been designated to conduct preliminary examinations upon petitions for naturalization to any naturalization court and to make findings and recommendations thereon to such courts under the provisions of section 333 of the Nationality Act of 1940, as amended, and whose designations are still in force on December 24, 1952, are hereby designated under the provisions of section 335 of the Immigration and Nationality Act to conduct preliminary examinations upon petitions for naturalization to any naturalization court and to make findings and recommendations thereon to such courts. Designations under this paragraph and under paragraph (b) of this section shall remain in force until revoked.

§ 335.12 *Recommendations of the designated examiner and the Commissioner; notice.* The designated examiner shall, as soon as practicable after conclusion of the preliminary examination, prepare an appropriate recommendation thereon for the court. If the designated examiner is of the opinion (a) that the petition should be denied, or (b) that the petition should be granted but the facts should be presented to the court, he shall prepare a memorandum containing a summary of the evidence adduced at the examination, findings of fact and conclusions of law, and his recommendation as to the final disposition of the petition by the court, and shall before final hearing, in those cases designated by the Commissioner, submit the memorandum to him for his views and recommendation. No evidence dehors the record or evidence that would not be admissible in judicial proceedings under recognized rules of evidence shall be considered in the preparation of the memorandum. The Commissioner s h a l l return the designated examiner's memorandum, the record, and any memorandum prepared by the Commissioner containing his own views and recommendation for presentation to the court.

§ 335.13 *Notice of recommendation of designated examiner*—(a) *Recommendation that petition be denied.* When the designated examiner proposes to recommend denial of the petition, the petitioner or his attorney or representative shall be notified thereof, on Form N-425, and furnished a copy of the designated examiner's memorandum. The notice shall be sent by registered mail, with return receipt requested, after any review made by the Commissioner and at least thirty days prior to final hearing. The petitioner shall inform the Service in writing within thirty days from the date of the notice whether he desires a hearing before the court.

(b) *Recommendation that petition be granted.* When the designated examiner proposes to recommend granting of the petition and to present the facts and issues to the court, the petitioner or his attorney or representative shall be notified of the recommendation and fur-

nished a copy of the designated examiners' memorandum prior to the date of the hearing, and after any review made by the Commissioner.

(c) *Disagreement between recommendations of designated examiner and Commissioner.* In those cases reviewed by the Commissioner in which his views and recommendation do not agree with those of the designated examiner, the notice required by paragraphs (a) and (b) of this section shall also advise the petitioner of the recommendation of the Commissioner and that both recommendations will be presented to the court. There shall also be enclosed with such notice a copy of the Commissioner's memorandum.

---

PART 335a—TRANSFER, WITHDRAWAL OR FAILURE TO PROSECUTE PETITION FOR NATURALIZATION

§ 335a.11 *Transfer of petition; procedure.* See § 334.17 of this chapter.

§ 335a.12 *Withdrawal of or failure to prosecute petition; procedure.* See § 334.18 of this chapter.

---

PART 335b—PROOF OF QUALIFICATIONS FOR NATURALIZATION: WITNESSES: DEPOSITIONS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
335b.1   Proof of residence and other qualifications.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
335b.11   Substitution of witnesses; procedure.
335b.12   Depositions; procedure.

AUTHORITY: §§ 335b.1 to 335b.11 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 307, 54 Stat. 1142; secs. 287, 316, 332, 335, 336, 405, 66 Stat. 233, 242, 252, 255, 257, 258.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 335b.1 *Proof of residence and other qualifications.*—(a) *Whenever State residence is required.* At the preliminary examination upon the petition for naturalization before a designated examiner, or if no preliminary examination is held, at the final hearing before the court, residence in the State in which the petitioner resides at the time of filing the petition, for at least six months immediately preceding the date of filing the petition and the other qualifications required by section 316 (a) of the Immigration and Nationality Act during such residence, shall be proved only by the oral testimony of two credible witnesses, citizens of the United States. Residence and other qualifications required by section 316 (a) of the Immigration and Nationality Act, for the period prior to such six-month period shall be proved either by depositions taken in accordance with § 335b.12 or by the oral testimony of at least two credible witnesses, citizens of the United States. If oral testimony is taken from witnesses who did not verify the petition, affidavits on Form N-451 shall be executed by such other witnesses, in duplicate, before the clerk of the court

**AR2022_200083**

or the designated examiner, one copy of which shall be attached to the original petition and the other to the duplicate petition.

(b) *Whenever State residence is not required.* In any case in which State residence is not required to be established, the petitioner shall, at the preliminary examination before the designated examiner, or if no preliminary examination is held, at the final hearing before the court, prove his residence within the United States and the other qualifications required by section 316 (a) of the Immigration and Nationality Act, for such period as they have known the petitioner, by the oral testimony of two credible witnesses, citizens of the United States. That portion of the time during which the petitioner is required to establish residence within the United States and the other qualifications required by section 316 (a) of the Immigration and Nationality Act, which is not covered by the oral testimony of such witnesses, shall be proved either by depositions taken in accordance with § 335b.12, or by the oral testimony of at least two credible witnesses, citizens of the United States. If oral testimony is taken from witnesses who did not verify the petition, affidavits on Form N-451 shall be executed by them and filed in the manner described in paragraph (a) of this section.

(c) *Whenever petitioner is absent from the United States.* A petitioner who has been granted the benefits of section 316 (b) of the Immigration and Nationality Act or section 307 (b) of the Nationality Act of 1940 to cover his absence from the United States for the purposes specified in that section shall not be required to establish his qualifications under section 316 (a) of the Immigration and Nationality Act for the period of his absences by the testimony of witnesses, as required by this part. The qualifications during such period may be established by any evidence satisfactory to the naturalization court.

(d) *Witnesses excused from final hearing.* If the testimony of the witnesses is heard at a preliminary examination under Part 335 of this chapter the witnesses may be excused by the designated examiner from appearance before the court at the final hearing, unless the petitioner otherwise demands or the court otherwise requires.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 335b.11** *Substitution of witnesses; procedure.* If the witnesses who verified the petition have not been excused from appearance at the final hearing and the petitioner is unable to produce such witnesses, other witnesses may be presented in their stead, upon notice given by the petitioner on Form N-450 to the district director or officer in charge, within a reasonable time in advance of the date set for final hearing. If any of the verifying witnesses appear to be incompetent and the petitioner has acted in good faith in producing such witnesses, other witnesses may be substituted upon notice on Form N-450 given in the manner described in this section. In no case shall a final hearing be held until after the substitute witnesses have been examined

by the representative of the Service and an affidavit on Form N-451 has been executed in duplicate by the witnesses before such representative or the clerk of the court in the manner described in § 335b.1 (a).

**§ 335b.12** *Depositions; procedure—* (a) *In the United States.* Depositions may be used to prove compliance with the requirements for naturalization during any period except the minimum period of State residence. A request to take depositions shall be made by the petitioner on Form N-460. Such depositions shall be taken only upon written interrogatories on Form N-462. Except as otherwise provided in this section they shall be made in the United States before an employee of the Service authorized to administer oaths and take depositions under Part 332d of this chapter, unless there is a likelihood of unusual delay or hardship, in which case the district director or officer in charge may authorize such depositions to be taken before a postmaster, without charge, or before a notary public or other person authorized to administer oaths for general purposes, and the authorization to take such depositions shall be filed in the naturalization court with the depositions. In cases in which the depositions are taken other than before an employee of the Service or a postmaster, the alien shall be informed of the name and title of the officer designated to take the depositions and the petitioner shall arrange with him independently of the Service to defray all costs and expenses incident thereto. When depositions are taken by the Service, the time and place shall be fixed so as to be as convenient as possible to all concerned, consistent with good administration. The petitioner or his attorney or representative may be present when the depositions are taken. Depositions taken under this section shall be sent to the officer in charge having administrative supervision over the territory in which the petition is pending and by him forwarded to the clerk of the naturalization court prior to the final hearing, for filing with the petition.

(b) *Outside the United States.* Petitioners for naturalization who, under sections of the Immigration and Nationality Act applicable to their cases, are exempt from the usual requirement of residence and physical presence in the United States, but who are required to establish good moral character, attachment to the principles of the Constitution, and favorable disposition to the good order and happiness of the United States for the period applicable to their cases, and who were absent from or were not residents of the United States during such period, may establish their qualifications during the periods of absence by depositions taken outside the United States in the manner described in paragraph (a) of this section. Such depositions shall be taken before any employee of the United States designated for that purpose by the Commissioner. The petitioner shall be informed that he will be required to defray all costs and expenses of the person taking the depositions, as may be authorized by law and that the petitioner shall arrange with the

deponents for the payment of such costs and expenses independently of the Service.

#### PART 335c—INVESTIGATIONS OF PETITIONERS FOR NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
335c.1 Investigations; authority to waive.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

SUBPART A—SUBSTANTIVE PROVISIONS

**§ 335c.1** *Investigations; authority to waive.* The authority to waive personal investigations of petitioners for naturalization under the provisions of section 335 (a) of the Immigration and Nationality Act may be exercised by district directors.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 316, 319, 323, 323, 328, 332, 335, 66 Stat. 242, 244, 246, 249, 252, 255)

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

#### PART 336—PROCEEDINGS BEFORE NATURALIZATION COURT

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
336.11 Notice to Service; personal representation of Government at naturalization proceedings.
336.12 Written report in lieu of personal representation.
336.13 Preparation of lists and orders of court for presentation at final hearing.
336.14 Presentation of designated examiner's and Commissioner's recommendation at final hearing.
336.15 Final hearing; sickness or disability of petitioner; investigation.
336.16 Final hearing; waiver of 30 day period.
336.17 Substitution of witnesses; procedure.

AUTHORITY: §§ 336.11 to 336.17 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 335, 336, 337, 66 Stat. 252, 255, 257, 258.

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 336.11** *Notice to Service; personal representation of Government at naturalization proceedings.* At least thirty days prior to the holding of any naturalization proceedings referred to in section 336 (d) of the Immigration and Nationality Act, the clerk of the naturalization court shall give written notice to the appropriate district director or officer in charge of the time, date, and place of such proceedings. Such notice may be waived by the district director or officer in charge. Final naturalization hearings or other naturalization proceedings shall, whenever practicable, be attended personally by naturalization examiners or other members of the Service, who shall present to the court the views and recommendations of the designated examiner and the Commissioner, as appropriate. In those cases in which the recommendation of the Commissioner

does not agree with that of the designated examiner, a member of the Service other than the person who conducted the preliminary examination shall, whenever practicable, represent the Service before the court. Such representative may cross-examine the petitioner and his witnesses and may call other witnesses and produce evidence concerning any matter affecting the petitioner's eligibility for naturalization. In cases in which it appears to be necessary, the representative in attendance at the proceedings, shall have a stenographic report made of the testimony given in the proceedings.

§ 336.12 *Written report in lieu of personal representation.* In any case in which a preliminary interrogation or preliminary examination has been conducted pursuant to Part 332 or Part 335 of this chapter, and it is impracticable thereafter for a representative of the Service to be present at the final naturalization hearing, written notice of that fact shall be given by the Service to the court. The petitions set down for hearing shall be listed on the appropriate form prescribed by § 336.13. The grounds for objection, if any, shall be supported by the memoranda required by §§ 335.12 and 332.14 of this chapter. If continuance of the petition is desired, the basis therefor shall be set forth. The forms and memoranda shall be transmitted to the clerk of court, who shall submit the appropriate lists and orders to the court, in accordance with the procedure described in § 336.13.

§ 336.13 *Preparation of lists and orders of court for presentation at final hearing.* (a) At or prior to the final naturalization hearing the representative attending the hearing shall submit to the court lists and orders of court, in duplicate, on Forms N-480, N-480A, N-481, N-485, N-490, or N-492, as appropriate, for petitions recommended to be granted; on Form N-483 for petitions recommended to be continued; and on Forms N-484, N-484A, N-486, N-491, or N-493, as appropriate, for petitions recommended to be denied. The Commissioner's list on Form N-492 or Form N-493, as appropriate, shall be signed by the district director. After the final hearing, and after any required amendments therein have been made, the presiding judge shall sign the orders of court.

(b) In any case in which a petitioner is not permitted to take the oath of allegiance until a fixed date following a general election, the order of court granting the petition shall be amended by striking therefrom the words "and each having taken the oath of allegiance required by the naturalization laws and regulations" and inserting immediately following the word "America" the words "as of the date of and upon the taking of the oath of allegiance required by the naturalization laws and regulations at a date subsequent to .... 19.....". Following the taking of the oath of allegiance after a general election, pursuant to such amended order, the clerk of court shall prepare a list, in duplicate, on Form N-489, certifying that such oath was taken,

(c) When the court waives the taking of the oath of allegiance in the case of a child, the order of court granting the petition shall be amended by striking therefrom the words "each having taken" and inserting immediately following the word "regulations", a comma and the words "having been waived."

(d) The originals of all court orders and lists specified herein shall be filed permanently in the court, and the duplicates forwarded by the clerk of court to the appropriate field office of the Service for retention by such office. The same disposition shall be made of any list presented to, but not approved by, the court.

§ 336.14 *Presentation of designated examiner's and Commissioner's recommendation at final hearing.* At the final hearing or prior thereto, in addition to the lists prepared under § 336.13, there shall be presented to the court and made a part of the record in the case, the memoranda of the designated examiner and the Commissioner, prepared pursuant to provisions of Part 332 or Part 335 of this chapter.

§ 336.15 *Final hearing; sickness or disability of petitioner; investigation.* Whenever it appears that a petitioner for naturalization may be unable, because of sickness or other disability, to appear in open court for final hearing upon his petition for naturalization, the district director or officer in charge shall cause an investigation to be conducted to determine the circumstances and shall report the condition of the petitioner to the clerk of court for the purpose of aiding the court to determine whether another place for the final hearing shall be designated. The report shall show whether the sickness or other disability is of a nature which so incapacitates the person as to prevent him from appearing in open court.

§ 336.16 *Final hearing; waiver of 30-day period.* A petitioner for naturalization may request the district director or officer in charge, in writing, to waive the thirty-day period following the filing of the petition referred to in section 336 (c) of the Immigration and Nationality Act. Such request may be made at any time after an application to file a petition for naturalization has been filed with the service. The district director or officer in charge shall cause a full and complete investigation to be conducted and if such investigation satisfactorily establishes that such waiver will be in the public interest and will promote the security of the United States, he may, in his discretion, grant the waiver. Notice of granting of the waiver shall be given to the clerk of court in writing.

§ 336.17 *Substitution of witnesses; procedure.* See § 335b.11 of this chapter.

PART 337—OATH OF ALLEGIANCE

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
337.1   Oath of allegiance.
337.2   Persons naturalized by judicial action; effective date.

Sec.
337.3   Renunciation of title or order of nobility.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
337.11  Oath of renunciation and allegiance; sickness or disability of petitioner.

AUTHORITY: §§ 337.1 to 337.11 issued under sec. 103, 66 Stat. 173. Interpret or applies secs. 322, 323, 332, 337, 66 Stat. 246, 252, 258.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 337.1 *Oath of allegiance*—(a) *Form of oath.* Except as otherwise provided in the Immigration and Nationality Act, a petitioner or applicant for naturalization shall, before being admitted to citizenship, take in open court the following oath of allegiance:

I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I will bear arms on behalf of the United States when required by the law; or that I will perform noncombatant service in the armed forces of the United States when required by the law; or that I will perform work of national importance under civilian direction when required by the law; and that I take this obligation freely without any mental reservation or purpose of evasion; so help me God. In acknowledgement whereof I have hereunto affixed my signature.

(b) *Alteration of form of oath.* In those cases in which a petitioner or applicant for naturalization is exempt from taking the oath prescribed in paragraph (a) of this section in its entirety, the inapplicable clauses shall be deleted and the oath shall be taken in such altered form.

(c) *Obligations of oath.* A petitioner or applicant for naturalization shall, before being naturalized, establish that it is his intention, in good faith, to assume and discharge the obligations of the oath of allegiance, and that his attitude toward the Constitution and laws of the United States renders him capable of fulfilling the obligations of such oath.

§ 337.2 *Persons naturalized by judicial action; effective date.* Any person who was or shall hereafter be admitted to citizenship by the written order of a naturalization court, shall be deemed to be a citizen of the United States as of the date of taking the prescribed oath of allegiance. Whenever a waiver of such oath is granted by the court in the case of a child naturalized under section 322 or 323 of the Immigration and Nationality Act, the child shall become a citizen of the United States as of the date of such waiver.

§ 337.3 *Renunciation of title or order of nobility.* A petitioner for naturalization who has borne any hereditary title or has been of any of the orders of nobility in any foreign state, shall, in addition to taking the oath of allegiance prescribed by § 337.1, make under oath in open court an express renunciation of

**AR2022_200085**

such title or order of nobility, in the following form:

I further renounce the title of........... (give title or titles)
.......... which I have heretofore held; or
I further renounce the order of nobility ........................ to which I
(Give the order of nobility) have heretofore belonged.

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 337.11 *Oath of renunciation and allegiance; sickness or disability of petitioner.* Whenever it appears that a petitioner for naturalization may be unable because of sickness or other disability to take the oath of allegiance in open court, the district director or officer in charge shall cause an investigation to be conducted to determine the circumstances, and shall report the condition of the petitioner to the naturalization court for the purpose of aiding the court to determine whether the oath may be taken at another place. The report shall show whether the sickness or other disability is of a nature which so incapacitates the person as to prevent him from appearing in open court.

### PART 338—CERTIFICATE OF NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
338.11 Execution and issuance.
338.12 Endorsement in case name is changed.
338.13 Spoiled certificates.
338.14 Delivery of certificates; surrender of alien registration receipt card.
338.15 Signing of certificate.
338.16 Correction of certificates.

AUTHORITY: §§ 338.11 to 338.16 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 322, 323, 332, 333, 336, 338, 339, 66 Stat. 246, 252, 253, 258, 259.

### SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 338.11 *Execution and issuance.* When a petitioner for naturalization has duly taken and subscribed to the oath of allegiance and a final order admitting petitioner to citizenship has been duly signed by the court, a certificate of naturalization shall be issued by the clerk of the court on Form N-550, in duplicate. The certificates and the stub of the original thereof shall be signed by the petitioner. The certificate shall show under "former nationality" the name of the country of which the petitioner was last a citizen, as shown in the petition, even though petitioner may have been stateless at the time of admission to citizenship . The clerk or a deputy clerk shall sign the certificate in his own handwriting and enter on the stub thereof all the essential facts set forth in the certificate. Both copies of the certificate, including the stubs, shall be prepared in one operation on a typewriter with the use of carbon paper. Photographs shall be affixed to the original and duplicate certificates in the manner provided by Part 333 of this chapter. The stub of the original shall be removed and retained by the clerk of court and filed in an upright card file, or in a three by five inch card drawer by trimming the stub to that size. The original certificate shall be delivered to the petitioner. The duplicate copies of the certificates shall not be separated from their stubs and shall be forwarded to the appropriate office of the Immigration and Naturalization Service with all other duplicate papers in accordance with Part 339 of this chapter.

§ 338.12 *Endorsement in case name is changed.* Whenever the name of a petitioner has been changed by order of court as a part of a naturalization, the clerk of court shall make, date, and sign the following endorsement on the reverse side of the original and duplicate of the certificate of naturalization: "Name changed by decree of court from ....................., as a part of the naturalization," inserting in full the original name of the petitioner. A similar notation shall be made on the stubs of the original and duplicate certificate. The certificate of naturalization shall be issued and the stub of the original thereof signed by the petitioner in the name as changed.

§ 338.13 *Spoiled certification.* Whenever a certificate of naturalization is damaged, mutilated, defaced or otherwise spoiled before delivery by the clerk, the original and duplicate, with stubs intact, shall be marked "Spoiled" and transmitted to the appropriate immigration and naturalization office, in the manner described in § 339.2 of this chapter, with the monthly report of the clerk on Form N-4.

§ 338.14 *Delivery of certificates; surrender of alien registration receipt card.* No certificate of naturalization shall be delivered by the clerk of court unless and until the naturalized person has surrendered his Alien Registration Receipt Card, unless the district director or officer in charge authorizes delivery without the card. The number of the card shall be endorsed by the clerk on the stubs of the original and duplicate certificate. The clerk shall forward the receipt card to the appropriate immigration and naturalization office with the duplicate certificate in accordance with § 339.2 of this chapter.

§ 338.15 *Signing of certificate.* If a child, who has been admitted to citizenship under section 322 or section 323 of the Immigration and Nationality Act is unable to sign his name, the certificate of naturalization shall be signed by the petitioning parent or parents, whether natural or adoptive, as may be appropriate, and the signature shall read "(insert name of petitioning parent or parents) in behalf of (insert name of naturalized child)." A naturalized person whose petition was signed by him in a foreign language may sign his certificate of naturalization in the same manner.

§ 338.16 *Correction of certificates.* Whenever a certificate of naturalization has been delivered which does not conform to the facts shown on the petition for naturalization, or a clerical error was made in preparing the certificate, an application on Form N-458 may be made by the naturalized person to the district director exercising jurisdiction over the place in which the court is located to authorize the correction of the certificate. If the district director finds that a correction is justified and can be made without mutilating the certificate, he shall authorize the clerk of the issuing court on Form N-459, in duplicate, to make the necessary correction and to place a dated endorsement on the reverse of the certificate, over his signature and the seal of the court, explaining the correction. The authorization shall be filed with naturalization record, the corrected certificate returned to the naturalized person and the duplicate Form N-459 shall be endorsed to show the date and nature of the correction and endorsement made, and returned to the district director. No fee shall be charged the naturalized person for the correction. The district director shall forward such duplicate to the Central Office. When a correction would or does result in mutilation of the certificate, the district director may authorize the clerk of court on Form N-459, in duplicate, with the consent of the naturalized person, to issue without fee a new certificate from his supply, upon surrender of the incorrect certificate and submission of photographs. The surrendered certificate shall be marked "Spoiled" and transmitted to the district director with the duplicate copy of the new certificate and the duplicate Form N-459 appropriately endorsed, with the monthly report of the clerk on Form N-4. The original of the new certificate shall be delivered to the naturalized person. Objection shall be made by the Service to any application to the court for the alteration of a certificate of naturalization which would cause it to vary from the record on which the naturalization was granted.

### PART 339—FUNCTIONS AND DUTIES OF CLERKS OF NATURALIZATION COURTS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
339.1 Administration of oath to declarations of intention and petitions for naturalization.
339.2 Monthly reports.
339.3 Relinquishment of naturalization jurisdiction.
339.4 Binding of naturalization records.
339.5 Numbering and indexing and filing of petitions for naturalization and declarations of intention.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 339.1 to 339.5 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 339, 344, 66 Stat. 252, 259, 265.

### SUBPART A—SUBSTANTIVE PROVISIONS

§ 339.1 *Administration of oath to declarations of intention and petitions for naturalization.* It shall be the duty of every clerk of a naturalization court to administer the required oath to each applicant for a declaration of intention. The clerk shall receive and file petitions and administer the required oaths to

**AR2022_200086**

each petitioner and the witnesses to each petition, unless such petitioner and witnesses have executed the petition before a designated examiner.

§ 339.2 *Monthly reports.* Clerks of court shall on the first day of each month submit to the district director, or officer in charge, having administrative jurisdiction over the place in which the court is located, a report on Form N-4, in duplicate, listing all declarations of intention and petitions for naturalization filed and all certificates of naturalization issued or spoiled during the preceding month, in accordance with the instructions contained in Form N-4. When at any time during the month the aggregate number of petitions and declarations filed reaches 100 the clerk shall on request of the district director or officer in charge forthwith forward such reports in accordance with the provisions of this section. The report shall be accompanied by all duplicate copies of declarations of intention and applications therefor on Forms N-300; by all duplicates of petitions for naturalization not theretofore delivered to a representative of the Service, and all duplicates of certificates of naturalization with stubs intact and surrendered alien registration receipt cards attached thereto. The clerk of court shall show opposite the number of each petition in which the petitioner is exempt from payment of a naturalization fee under section 344 (b) of the Immigration and Nationality Act the letter "M". Opposite the name of each such case and at the bottom of the petition, the notation "No fee" shall be inserted. Void petitions shall be listed separately on Form N-4 and on Form N-7 and so indicated on such forms.

§ 339.3 *Relinquishment of naturalization jurisdiction.* Whenever a court relinquishes naturalization jurisdiction, the clerk of court shall, within ten days following the date of relinquishment, furnish the district director or officer in charge having administrative jurisdiction over the place in which the court is located, a certified copy of the order of court relinquishing jurisdiction. A representative of the Service shall thereafter examine the naturalization records in the office of the clerk of court and shall bind and lock them. The clerk of court shall return all unused forms and blank certificates of naturalization to the district director or officer in charge with his monthly report on Form N-4.

§ 339.4 *Binding of naturalization records.* Whenever a volume of petitions for naturalization, applications to take the oath of allegiance, declarations of intention, orders of court, or other documents affecting or relating to the naturalization of persons is completed, it shall be bound and locked in the office of the clerk of court by a representative of the Service. It shall be the duty of the clerk of court to notify the district director or officer in charge as soon as a volume is ready for binding and locking and to request such officer to arrange to have the volume bound and locked.

§ 339.5 *Numbering and indexing and filing of petitions for naturalization and declarations of intention.* See §§ 334.3 and 334a.16 of this chapter.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

PART 340—REVOCATION OF NATURALIZATION

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
340.11 Investigation and report.

SUBPART A—SUBSTANTIVE PROVISIONS [RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 340.11 *Investigation and report.* Whenever it appears that any grant of naturalization may have been procured by concealment of a material fact or by wilful misrepresentation, the facts shall be reported to the district director having jurisdiction over the naturalized person's last known place of residence. If the district director is satisfied that a prima facie showing has been made that grounds for revocation exist, he shall cause an investigation to be made and report the facts in writing to the Commissioner with a recommendation as to whether revocation proceedings should be instituted. If it appears that naturalization was procured in violation of section 1425 of Title 18 of the United States Code, the facts in regard thereto may be presented by the district director to the appropriate United States Attorney for possible criminal prosecution.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 332, 340, 66 Stat. 252, 260)

PART 341—CERTIFICATE OF CITIZENSHIP UNDER SECTION 341 OF THE IMMIGRATION AND NATIONALITY ACT

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
341.1 Persons eligible.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

341.11 Application and fee.
341.12 Supporting documents and copies.
341.13 Notice and examination of applicant and witnesses.
341.14 Burden of proof; benefit of Service records.
341.15 Report and recommendation.
341.16 Final disposition.
341.17 Attorneys.

AUTHORITY: §§ 341.1 to 341.17 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 333, 337, 341, 344, 66 Stat. 252, 254, 256, 263, 264.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 341.1 *Persons eligible.* A person who claims to have derived United States citizenship through the naturalization of a parent or parents or through the naturalization or citizenship of a husband, or who claims to be a citizen at birth outside the United States under the provisions of any of the statutes or acts specified in section 341 of the Immigration and Nationality Act, may apply for a certificate of citizenship.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 341.11 *Application and fee.* Application for a certificate of citizenship under this part shall be submitted to the Service on Form N-600, in accordance with the instructions contained therein. The application shall be signed by the applicant, or in the case of a child under the age of eighteen years by his parent or guardian, but shall not be subscribed or sworn to or affirmed until the applicant appears before an officer of the Service for examination. The application shall be accompanied by the statutory fee of $5.

§ 341.12 *Supporting documents and copies.* The originals of such documentary evidence, or pertinent excerpts therefrom if the documents are lengthy or bulky, as the applicant may have or be able to obtain relating to the date and place of his birth, the date and place of the marriage of his parents, the date and place of marriage of the applicant if the applicant be a woman, the identity of any person involved, or any other documents tending to establish the claimed citizenship, shall be submitted with the application. The applicant shall not be required to furnish a translation of any such documents written in a foreign language. If the applicant desires any such documents returned to him after final action has been taken in his case, the application shall be accompanied also by photostatic, photographic, or typewritten copies of such documents, except that no copy may be made of any original or copy of a declaration of intention or certificate of naturalization or citizenship or any part thereof. If the applicant has made reasonable effort to obtain official copies of public or church records of such documentary evidence without success on cannot obtain such copies without undue hardship, other evidence may be submitted.

§ 341.13 *Notice and examination of applicant and witnesses.* The applicant shall be notified when and where to appear in person before an officer of the Service for examination upon the application and shall be requested to produce witnesses in support of his application. The examining officer shall orally review the application with the applicant, or in the case of a child under the age of eighteen years, with its parent or parents, or guardian, before administering the oath to the applicant. Any necessary changes in the application shall be consecutively numbered and acknowledged in writing by the applicant or the parent or guardian. The applicant and the person or persons through whom applicant claims to have derived or acquired citizenship shall then be carefully questioned under oath concerning the identity and relationship of the applicant to the person or persons through whom citizenship is claimed to ascertain whether the applicant or such person or persons ever lost such citizenship, the applicant's immigration status, if pertinent, and any other matter touching upon the applicant's eligibility for a certificate of citizenship. If the person or persons through whom the applicant

AR2022_200087

claims citizenship are deceased or otherwise not available, the testimony customarily required of such person or persons shall be furnished by qualified witnesses. If the sworn application form, supporting documentary evidence, records of the Service, the testimony of the person or persons through whom citizenship is claimed, and the testimony of the applicant, or the parent or guardian if the applicant is a child under the age of eighteen years, establish applicant's claim to citizenship, no other witnesses shall be required. Otherwise, such number of credible witnesses, preferably citizens of the United States, as may be deemed necessary, shall be questioned under oath by the examiner concerning the facts of the applicant's citizenship. The testimony heard shall not be reduced to writing in verbatim form except in cases in which neither primary nor secondary documentary evidence is available to establish an essential fact concerning applicant's citizenship, and except in cases in which it appears that criminal proceedings might be instituted as a result of false testimony.

§ 341.14 *Burden of proof; benefit of Service records.* The burden of proof to establish his citizenship and eligibility for the certificate shall at all times be upon the applicant. In presenting his proof, the applicant shall be entitled to the benefit of any pertinent records pertinent to the issue, concerning him which are in the custody of the Service and which are not regarded by the Commissioner as confidential. Copies thereof, or information from such records, may be made available to the officer of the Service passing upon the application, without payment of fee by the applicant.

§ 341.15 *Report and recommendation.* Upon completion of the examination, the examining officer shall prepare a report of his findings on Form N-635 as to each of the essential facts to be established in the proceedings, together with his recommendation and any comment he deems necessary. If any issue of law or fact is raised by the evidence, or if denial of the application is recommended, the examining officer shall summarize the evidence, the issues involved, and the reasons for denial, in a separate report to accompany Form N-635. If a recommendation to grant the application is based principally on documentary evidence, that fact shall be stated; if not, a brief statement of the facts and circumstances in evidence considered sufficient to justify the action recommended shall be made. The recommendation of the examining officer and the record shall then be forwarded to the district director for decision.

§ 341.16 *Final disposition—*(a) *Issuance of certificate.* If the district director grants the application he shall issue the certificate on Form N-560, in duplicate. If the applicant has assumed, or is known by, a name other than his true name, but has not changed his name in accordance with the law of the jurisdiction where he assumed it the certificate of citizenship, shall be issued in the applicant's true name followed by the words "also known as" followed by the assumed name, but in such case the

applicant shall be required to sign only his true name on the certificate and on the photographs submitted with his application. The certificate shall be signed by the applicant unless he is a child unable to sign his name, in which case the certificate shall be signed by the parent or guardian, and the signature shall read "(Insert name of parent or guardian) in behalf of (insert name of child)." The applicant shall, unless he is too young to understand the meaning thereof, take and subscribe to, before a member of the Service, the oath of renunciation and allegiance prescribed by Part 337 of this chapter. Thereafter personal delivery of the original of the certificate shall be made to the applicant, or to his ; arent or guardian, who shall sign a receipt therefor.

(b) *Applications denied.* If the district director denies the application, the applicant shall be notified in writing as promptly as possible of such denial with the reasons therefor and, at the same time, shall be advised that he has ten days from the date of receipt of notification in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter.

(c) *Review by Assistant Commissioner, Inspections and Examinations Division.* Upon review of a record received under this section, the Assistant Commissioner, Inspections and Examinations Division, shall enter an order granting or denying the application, which order shall be final. The Assistant Commissioner's decision shall be sent to the district office of origin with the return of the file relating to the applicant. If the application is granted by the Assistant Commissioner, the district director shall issue the certificate in the manner described in paragraph (a) of this section. The district director shall advise the applicant in writing of the Assistant Commissioner's decision.

§ 341.17 *Attorneys.* Attorneys and other persons qualified to practice before the Service who represent applicants for certificates of citizenship under section 341 of the Immigration and Nationality Act, shall be permitted, upon completion of the application and examination of the applicant and his witnesses, to submit briefs and to review the record, either before it is forwarded to the district director or thereafter and prior to final decision. When final decision is made in a case, the attorney or other person representing the applicant shall be notified.

---

PART 341a—CERTIFICATE OF CITIZENSHIP—
HAWAIIAN ISLANDS

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
341a.1 Persons eligible.
341a.2 Certificate of Citizenship—Hawaiian Islands; effect of.
341a.3 Certificate of Citizenship—Hawaiian Islands; improper use.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

341a.11 Application; fee.
341a.12 Notice; examination.
341a.13 Report and recommendation.

Sec.
341a.14 Disposition of application.
341a.21 Certificate lost, mutilated or destroyed.

AUTHORITY: §§ 341a.1 to 341a.21 issued under sec. 103, 66 Stat. 173. Interpret or apply Title V, 66 Stat. 290, secs. 332, 333, 341, 6 Stat. 252, 253, 264; 8 U. S. C. 140.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 341a.1 *Persons eligible.* A citizen of the United States who is a bona fide resident of Hawaii, who intends to depart temporarily from that territory, and who desires to establish his United States citizenship for the purpose of facilitating his readmission to the United States, may apply for a "Certificate of Citizenship—Hawaiian Islands." The burden of proof to establish his eligibility for the certificate shall be upon the applicant.

§ 341a.2 *Certificate of Citizenship—Hawaiian Islands; effect of.* Certificates of Citizenship—Hawaiian Islands, issued pursuant to this part may be presented to an immigration officer at any port of entry, as evidence to prove United States citizenship. The certificate shall not be required to be surrendered to the immigration officer, but may be retained by the proper holder thereof.

§ 341a.3 *Certificate of Citizenship—Hawaiian Islands; improper use.* Whenever it is ascertained that a Certificate of Citizenship—Hawaiian Islands is in the possession of a person to whom it was not issued, the certificate shall be taken up and forwarded with a report of the circumstances to the district director at Honolulu by the district director having administrative jurisdiction over the place where the certificate was presented. No appeal shall lie from any action taken under this section.

SUBPART B—PROCEDURAL AND OTHER
NONSUBSTANTIVE PROVISIONS

§ 341a.11 *Application; fee.* Application for the issuance of a "Certificate of Citizenship—Hawaiian Islands" shall be submitted to the office of the Service at Honolulu, T. H., on Form N-108, in accordance with the instructions contained therein. The application shall not be signed or sworn to until the applicant appears before an officer of the Service for examination in accordance with the requirements of § 341a.12. The application shall be accompanied by a fee of $5.00, by three photographs of the applicant as prescribed in Part 333 of this chapter, and by documentary evidence or pertinent excerpts therefrom, as described in ; 341.12 of this chapter, tending to establish the applicant's citizenship. Pertinent documents in the custody of the Service shall be made available to the applicant under the conditions described in § 341.14 of this chapter.

§ 341a.12 *Notice; examination.* The applicant shall be required to appear in person before an officer of the Service for examination upon the application. The examining officer shall orally review the application with the applicant, before administering the oath to the applicant. Any necessary changes shall be consecutively numbered and acknowledged in writing by the applicant. The

AR2022_200088

applicant shall then be questioned under oath concerning his citizenship and eligibility for the certificate. If the application, supporting documentary evidence, records of the Service and the testimony of the applicant establish the applicant's eligibility for the certificate, no witnesses shall be required. Otherwise, such number of credible witnesses, preferably citizens of the United States, as may be deemed necessary, shall be questioned under oath concerning the applicant's eligibility for the certificate. If such witnesses are, for good cause shown, unable to appear in person, their affidavits may be accepted in the discretion of the examining officer in lieu of their oral testimony. The testimony of the applicant and witnesses shall not be reduced to writing in verbatim form except when documentary evidence is not available to establish an essential fact concerning the applicant's citizenship, and except in cases in which it appears that criminal proceedings might be instituted as a result of false testimony.

§ 341a.13 *Report and recommendation.* Upon completion of the examination, the examining officer shall prepare a report of his findings on Form N-110 as to each of the essential facts to be established, together with his recommendation and any comment he deems necessary. If any issue of law or fact is raised by the evidence, or if denial of the application is recommended, the examining officer shall summarize the evidence and prepare a report thereon to accompany Form N-110. If a recommendation to grant the application is based principally on evidence other than documentary evidence, a brief statement of the facts and circumstances in evidence considered sufficient to justify such recommendation shall be made. If such recommendation is based principally on documentary evidence that fact shall be stated. The record, supporting documents, and the Form N-110 shall then be forwarded to the district director, Honolulu, T. H., for decision.

§ 341a.14 *Disposition of application—* (a) *Issuance of certificates; delivery.* If the district director is satisfied that the applicant is entitled to receive a certificate of citizenship, he shall so indicate on the Form N-110 and issue the certificate on Form N-109, in duplicate. The original certificate shall be delivered personally to the applicant, and the duplicate filed in the office of the district director at Honolulu, T. H.

(b) *Application denied.* If the district director is not satisfied that the application shall be granted, he shall so indicate on the Form N-110 and deny the application. The applicant shall be notified in writing as promptly as possible of such denial with the reasons therefor and, at the same time shall be advised that he has ten days from the date of receipt of notification in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter.

(c) *Review by Assistant Commissioner, Inspections and Examinations Division.* Upon review of a record received under this section, the Assistant Commissioner, Inspections and Examinations Division, shall enter an order granting or denying the application, which order shall be final. The Assistant Commissioner's decision and the record shall be sent to the district director at Honolulu, T. H., who shall advise the applicant of the decision. If the application is granted by the Assistant Commissioner, the certificate shall be issued by the district director in the manner described in paragraph (a) of this section.

§ 341a.21 *Certificate lost, mutilated or destroyed.* A United States citizen whose Certificate of Citizenship—Hawaiian Islands, has been lost mutilated or destroyed may apply for a new certificate in lieu thereof. The application shall be made on Form N-565 and submitted to the district director, Honolulu, T. H., in accordance with the instructions contained therein, accompanied by a fee of $5.00. The applicant shall be interrogated, and action upon his application taken in accordance with the provisions of §§ 343a.13 and 343a.14 of this chapter.

PART 343—CERTIFICATE OF NATURALIZATION OR REPATRIATION; PERSONS WHO RESUMED CITIZENSHIP UNDER SECTION 323 OF THE NATIONALITY ACT OF 1940, AS AMENDED, OR SECTION 4 OF THE ACT OF JUNE 29, 1906

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
343.11  Application.
343.12  Issuance of certificate.
343.13  Denial of application.

AUTHORITY: §§ 343.11 to 343.13 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 323, 54 Stat. 1149, secs. 332, 343, 344, 405, 66 Stat. 252, 263, 264, 280; 8 U. S. C. 723.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 343.11 *Application.* A person who lost citizenship of the United States incidental to service in one of the Allied armies during World War I or II, or by voting in a political election in a country not at war with the United States during World War II, and who was naturalized under the provisions of section 323 of the Nationality Act of 1940, as amended, or a person who, before January 13, 1941, resumed United States citizenship under the twelfth subdivision of section 4 of the act of June 29, 1906, may obtain a certificate evidencing such citizenship by making application therefor on Form N-580, and submitting it to the Service in accordance with the instructions contained therein. The application shall be accompanied by two photographs of the applicant, and the statutory fee of $5.

§ 343.12 *Issuance of certificate.* The field office shall forward the properly executed application with any supporting documents to the district director having jurisdiction over the applicant's place of residence, for decision. The applicant shall be interrogated by an officer of the Service with respect to his eligibility for the certificate, at any time prior to delivery of the certificate. The examining officer shall prepare a report as to the applicant's eligibility to receive the certificate. Every applicant for a certificate of naturalization or repatriation under this part shall be required to satisfy the district director that he has not, since the naturalization or repatriation, become expatriated. If it shall appear to the satisfaction of the district director that the applicant is a citizen, and that he has been naturalized or repatriated as claimed, a certificate of naturalization on Form N-582, in duplicate, or a certificate of repatriation on Form N-581, in duplicate, as appropriate, shall be issued by the district director and forwarded to the field office for delivery of the original to the applicant in person, in the United States only, upon his signed receipt therefor.

§ 343.13 *Denial of application.* If the district director is not satisfied that an application under this part should be granted, he shall deny the application. The applicant shall be notified in writing of such denial with the reasons therefor and, at the same time, shall be advised that he has ten days from the date of receipt of notification in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter. The Assistant Commissioner's decision shall be transmitted to the district director, who shall advise the applicant in writing of the decision and take such action as is required by the decision. If the application is granted by the Assistant Commissioner, the district director shall issue the appropriate document.

PART 343a—NATURALIZATION AND CITIZENSHIP PAPERS LOST, MUTILATED, OR DESTROYED; NEW CERTIFICATE IN CHANGED NAME; CERTIFIED COPY OF REPATRIATION PROCEEDINGS

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
343a.11  Applications for replacement of or for new naturalization or citizenship paper.
343a.12  Submission of application; fees and documents.
343a.13  Interrogation of applicant.
343a.14  Action upon application.

AUTHORITY: §§ 343a.11 to 343a.14 issued under sec. 103, 66 Stat. 173. Interpret or apply sec. 317, 54 Stat. 1146, secs. 324, 332, 343, 344, 405, 66 Stat. 247, 252, 264, 265, 280.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 343a.11 *Applications for replacement of or for new naturalization or citizenship paper—*(a) *Lost, mutilated, or destroyed naturalization papers.* A person whose declaration of intention, certificate of naturalization, citizenship, or repatriation, or whose certified copy of proceedings under the act of June 25, 1936, as amended, or under section

317 (b) of the Nationality Act of 1940, or under section 324 (c) of the Immigration and Nationality Act, has been lost, mutilated, or destroyed, may apply on Form N–565 for a new paper in lieu thereof.

(b) *New certificate in changed name.* A naturalized citizen whose name has been changed after naturalization by order of court or by marriage, may apply on Form N–565 for a new certificate of naturalization, or of citizenship, in the changed name.

**§ 343a.12** *Submission of application; fees and documents.* An application under § 343a.11 shall be submitted to the Service in accordance with the instructions contained therein. Applications under § 343a.11 (a) and (b) shall be accompanied by the statutory fee of $5 (unless the applicant is exempted from the payment of a fee by section 344 (b) (7) of the Immigration and Nationality Act), except that an application for a certified copy of proceedings under the act of June 25, 1936, as amended, shall be accompanied by the statutory fee of $1.50. The applications shall be accompanied by all mutilated naturalization, citizenship or repatriation papers. An application for a new certificate in a changed name shall be accompanied by documentary evidence of such change and the original certificate.

**§ 343a.13** *Interrogation of applicant.* The field office shall forward the applications and all supporting documents to the district director having jurisdiction over the applicant's place of residence, for decision. The applicant shall be interrogated by an officer of the Service with respect to his eligibility to receive a new paper at any time prior to delivery of such paper. Every applicant under this part shall satisfy the district director that he has not become expatriated subsequent to the date he claims to have acquired United States citizenship.

**§ 343a.14** *Action upon application—* (a) *New certificates issued.* If an application for a new certificate of naturalization, citizenship, or repatriation is approved, the new certificate shall be issued by the district director, in duplicate, and transmitted to the appropriate field office for personal delivery to the applicant, who shall sign a receipt therefor. The new certificate shall be numbered to correspond to the number of the paper which it replaces. Certificates issued to evidence naturalization which occurred prior to September 27, 1906, shall be consecutively numbered, the number in each instance being preceded by the letters "OL". New certificates issued under this part shall be on the following forms: Form N–570 to replace a certificate of naturalization or repatriation, and Form N–561 to replace a certificate of citizenship issued by the Service. When a new certificate of naturalization is issued in a changed name, the district director shall notify the clerk of the naturalization court, on Form N–240, of the action taken.

(b) *New declarations issued.* If an application for a new declaration of intention is approved, the new declaration of intention shall be issued by the dis-

trict director on Form N–321 or Form N–325, in duplicate, as appropriate, the original delivered to the applicant upon his signed receipt therefor, and the duplicate retained in the declarant's Service file.

(c) *New certified copy of repatriation proceedings issued.* If an application for a new certified copy of the proceedings under the act of June 25, 1936, as amended, or under section 317 (b) of the Nationality Act of 1940, or under section 324 (c) of the Immigration and Nationality Act is approved, there shall be issued by the district director a certified, positive photocopy of the record of the proceedings filed in the Central Office, whether such record be a duplicate of the court proceedings or a copy of the proceedings conducted at an embassy, legation, or consulate. If subsequent to the naturalization or repatriation the applicant's name has been changed by marriage, and if appropriate documentary evidence of such change is submitted with the application, the certification of the positive photocopy shall show both the name in which the proceedings were had and the changed name. The new certified copy shall be transmitted to the appropriate field office for personal delivery to the applicant, who shall sign a receipt therefor.

(d) *Denial of application.* If the district director is not satisfied that an application under this part should be granted, he shall deny the application. The applicant shall be notified in writing of such denial with the reasons therefor and, at the same time, shall be advised that he has ten days from the date of receipt of notification of the decision in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter. The Assistant Commissioner's decision shall be transmitted to the district director, who shall advise the applicant in writing of the decision and take such action as is required by the decision. If the application is granted by the Assistant Commissioner, the district director shall issue the appropriate document.

PART 343b—SPECIAL CERTIFICATE OF NATURALIZATION FOR RECOGNITION BY A FOREIGN STATE

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
343b.11   Application and fee.
343b.12   Investigation; certificate; disposition.
343b.13   Denial of application.

AUTHORITY: §§ 343b.11 to 343b.13 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 343, 344, 66 Stat. 252, 264.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 343b.11** *Application and fee.* A naturalized citizen who desires to obtain recognition as a citizen of the United States by a foreign state shall submit to the Service an application on Form

N–577, in accordance with the instructions contained therein and with the statutory fee of $5.

**§ 343b.12** *Investigation; certificate; disposition.* The field office shall forward a properly executed application to the district director for decision. If it shall appear to the satisfaction of the district director that the application should be granted, a special certificate of naturalization on Form N–578 shall be issued by the district director in duplicate, the original of which shall be forwarded to the Secretary of State for transmission to the proper authority of the foreign state. The duplicate shall be retained in the Service file of the naturalized person. The district director shall advise the applicant, on Form N–568, of the action taken. If the applicant is within the United States, an officer of the Service shall interrogate the applicant at any time before the certificate is forwarded to the Secretary of State and shall prepare a report as to the applicant's eligibility for the certificate. If the applicant is outside the United States, the certificate shall be transmitted to the Secretary of State, who shall designate an employee of the Department of State in the foreign country in which the applicant is residing to interrogate the applicant before delivery of the certificate to the proper authority in the foreign state. Every applicant under this part shall satisfy the district director that he has not, since naturalization, lost his United States citizenship.

**§ 343b.13** *Denial of application.* If the district director is not satisfied that the application should be granted, he shall deny the application. The applicant shall be notified in writing of such denial with the reasons therefor, and, at the same time, shall be advised that he has ten days from the date of receipt of notification of the decision in which he may appeal to the Assistant Commissioner, Inspections and Examinations Division, in accordance with the provisions of Part 7 of this chapter. The Assistant Commissioner's decision shall be transmitted to the district director, who shall advise the applicant in writing of the decision and take such action as is required by the decision. If the application is granted by the Assistant Commissioner, the district director shall issue the special certificate, as provided in § 343b.12.

PART 343c—CERTIFICATIONS FROM RECORDS

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

Sec.
343c.11   Application for certification of naturalization record of court or certificate of naturalization or citizenship.

SUBPART A—SUBSTANTIVE PROVISIONS
[RESERVED]

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

**§ 343c.11** *Application for certification of naturalization record of court or cer-*

AR2022_200090

*tificate of naturalization or citizenship.* Applications for certification of a naturalization record of any court, or of any part thereof, or of any certificate of naturalization, repatriation, or citizenship, under section 343 (e) of the Immigration and Nationality Act for use in complying with any statute, Federal or State, or in any judicial proceeding, shall be made on Form N-585 in accordance with the instructions contained therein and submitted to the Service with a fee as provided in Part 2 of this chapter. If the certification is desired for use in complying with a statute, the date and citation of the statute concerned shall be stated in the application. If it is desired for use in a judicial proceeding, the application shall set forth the title and character of the proceedings and the court in which it is pending. The application shall state the name, title and address of the public official to whom, or the court to which, the certification should be sent.

(Sec. 103, 66 Stat. 173. Interprets or applies secs. 332, 333, 343, 344, 66 Stat. 252, 254, 264.)

## PART 344—FEES COLLECTED BY CLERKS OF COURT

**SUBPART A—SUBSTANTIVE PROVISIONS**

Sec.
344.1  Division of the year for accounting for naturalization fees.
344.2  Fees in United States courts; remittance.
344.3  Fees in other than United States courts; United States District Courts in Alaska; remittance.
344.4  Fees in the District Courts at the Virgin Islands and Guam; remittance.
344.5  Time for report of and accounting for fees collected.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]**

AUTHORITY: §§ 344.1 to 344.5 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 344, 66 Stat. 252, 264, 265.

**SUBPART A—SUBSTANTIVE PROVISIONS**

**§ 344.1  *Division of the year for accounting for naturalization fees.*** For the purpose of accounting for and reporting naturalization fees quarterly by clerks of courts, the fiscal year shall end on June 30 of any given calendar year and shall be divided as follows: the first quarter shall end September 30; the second quarter ends December 31; the third quarter ends March 31; and the fourth quarter ends June 30.

**§ 344.2  *Fees in United States courts; remittance.*** All fees collected for declarations of intention and petitions for naturalization by clerks of United States district courts (except in Alaska, and the District Courts of Guam and the Virgin Islands of the United States) shall be forwarded quarterly to the district director having administrative jurisdiction over the place in which the court is located, by a remittance payable to the order of the "Treasurer of the United States."

**§ 344.3  *Fees in other than United States courts; United States District Courts in Alaska; remittance.*** One-half of all fees collected for declarations of intention and petitions for naturaliza-

tion by clerks of courts other than United States courts, and one-half of all such fees collected by the clerks of the United States district courts in Alaska, up to $6,000 in any one fiscal year shall be similarly remitted to the district director in the manner provided in § 344.2. Where the collections during the first quarter of any fiscal year equal or exceed $1,500, the clerk shall remit all in excess of $750; and whenever such collections for the first and second quarters equal or exceed $3,000, the clerk shall remit all in excess of $1,500; and whenever the collections for the first three quarters of the fiscal year equal or exceed $4,500, the clerk shall remit all in excess of $2,250; and whenever the total collections for any fiscal year equal or exceed $6,000, the clerk shall remit all fees or moneys so collected in excess of $3,000.

**§ 344.4  *Fees in the District Courts at the Virgin Islands and Guam; remittance.*** All fees collected for declarations of intention and petitions for naturalization by the clerk of the District Court of the Virgin Islands of the United States shall be paid into the Treasury of Virgin Islands. All such fees collected by the clerk of the District Court of Guam shall be paid into the Treasury of Guam. However, such clerks shall report the fees collected to the district director having administrative jurisdiction over the place in which the court is located, in accordance with § 344.5.

**§ 344.5  *Time for report of and accounting for fees collected.*** The accounting for naturalization fees collected and the payment of fees turned over to the district director as provided in §§ 344.2, 344.3 and 344.4 shall be made on Form N-7 within thirty days from the close of each quarter of each and every fiscal year.

**SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]**

## PART 344a—COPIES OF AND INFORMATION FROM RECORDS

**§ 344a.1  *Copies of and information from records.*** See Part 2 of this chapter.

## PART 402—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: PERSONS WHO LOST UNITED STATES CITIZENSHIP BY VOTING IN ITALY

**SUBPART A—SUBSTANTIVE PROVISIONS**

Sec.
402.1  Persons eligible.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS**

402.11  Procedural requirements.

AUTHORITY: §§ 402.1 and 402.11 issued under sec. 103, 66 Stat. 173. Interpret or apply secs. 332, 402, 66 Stat. 252, 278.

**SUBPART A—SUBSTANTIVE PROVISIONS**

**§ 402.1  *Persons eligible.*** A former citizen of the United States of the class described in Public Law 114, 82d Congress, approved August 16, 1951, as amended by section 402 (j) of the Immigration and Nationality Act, shall, before being naturalized, establish that (a) he can truthfully take the oath required by

said Public Law that he has done nothing to promote the cause of communism, (b) it is his intention, in good faith, to assume and discharge the obligations of the oath of allegiance, (c) his attitude toward the Constitution and laws of the United States renders him capable of fulfilling the obligations of the oath of allegiance, and (d) he is not, and within the period of ten years immediately preceding the filing of the application to take the oath of allegiance or after such filing and before taking such oath, has not been, within any of the classes of persons described in section 313 of the Immigration and Nationality Act.

**SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS**

**§ 402.11  *Procedural requirements.*** A person of the class described in § 402.1 who applies in the United States to take the oath of allegiance shall submit to the Service a preliminary application to take such oath on Form N-442, in accordance with the instructions contained therein. The oath shall be taken before any naturalization court regardless of the applicant's place of residence. The eligibility of the applicant to take the oath shall be investigated by a member of the Service, who shall make an appropriate recommendation to the naturalization court. The application to the court to take the oath of allegiance shall be on Form N-443, in triplicate, the original of which shall be retained as a part of the court record, and the duplicate and triplicate forwarded by the clerk of court to the district director or officer in charge. The district director or the officer in charge shall retain the duplicate and forward the triplicate to the Department of State. No certificate of naturalization or other evidence of citizenship shall be issued by the clerk of court to any person naturalized under this part. No fee shall be charged by the clerk of court for the filing of Form N-443. The oath of allegiance may be taken before any diplomatic or consular officer of the United States abroad, in accordance with such regulations as may be prescribed by the Secretary of State.

## PART 402a—SPECIAL CLASSES OF PERSONS WHO MAY BE NATURALIZED: ALIENS ENLISTED IN THE UNITED STATES ARMED FORCES UNDER ACT OF JUNE 30, 1950, AS AMENDED BY SECTION 402 (E) OF THE IMMIGRATION AND NATIONALITY ACT

**§ 402a.1  *Proof of character, attachment and disposition.*** See § 329.2 of this chapter.

**§ 402a.11  *Procedural requirements.*** See § 329.21 of this chapter.

**Subchapter D—Immigration and Naturalization Forms**

## PART 450—FORMS

**SUBPART A—SUBSTANTIVE PROVISIONS**

Sec.
450.1  Prescribed forms.
450.2  Forms available from the Superintendent of Documents.
450.3  Reproduction of forms by private parties.

**AR2022_200091**

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS [RESERVED]

AUTHORITY: §§ 450.1 to 450.3 issued under sec. 103, 66 Stat. 173.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 450.1 *Prescribed forms.* The following forms are hereby prescribed by the Attorney General for use in compliance with the provisions of this chapter:

| Form No. | Title and description |
|---|---|
| AR-2 | Alien Registration Form. |
| AR-2a | Supplemental Sheet, Alien Registration Form. |
| AR-4 | Fingerprint Card. |
| AR-11 | Alien's Change of Address Card. |
| Customs 7507 | General Declaration. |
| FS 256a | Immigration Visa and Alien Registration. |
| FS 257a | Temporary Entry Permit. |
| FS 257b | Application for Nonimmigrant Visa and Alien Registration. |
| FS 257c | Application for Nonimmigrant Visa and Alien Registration. |
| FS 257d | Manifest Record of Alien Admitted for Temporary Stay. |
| G-24 | Certification. |
| G-27 | Application for Admission to Practice Before the Board of Immigration Appeals and the Immigration and Naturalization Service. |
| G-28 | Notice of Entry of Appearance as Attorney or Representative. |
| G-234 | Receipt for Fee. |
| G-241 | Receipt for Fee (general). |
| G-449 | Credential Card. |
| I-17 | Petition for Approval of School. |
| I-24 | Application by Alien Student for Permission to Accept Employment. |
| I-26 | Application to Return an Excluded Alien to Country Whence He Came Pending Decision on Appeal. |
| I-29 | Application of Excluded Alien To Be Returned by Transportation Line to Country Whence Alien Came Pending Decision on Appeal. |
| I-53 | Address Report Card. |
| I-73 | Fingerprint Record Card. |
| I-79 | Notice of Intention To Fine Under Immigration and Nationality Act. |
| I-90 | Application for New Alien Registration Receipt Card in a Changed Name or in Lieu of One Lost, Mutilated, Destroyed or on Form AR-3 or AR-103. |
| I-94-AR | Alien Registration Supplement. |
| I-94C | Examination Record. |
| I-94D | Examination Record (C. O. Record). |
| I-94D-D | Examination Record (C. O. Statistics). |
| I-94E | Examination Record (Port Record). |
| I-94F | Examination Record. |
| I-95A | Crewman's Landing Permit. |
| I-95B | Crewman's Landing Permit (C. O. Record). |
| I-95C | Crewman's Landing Permit (Port Record). |
| I-100 | Alien Laborer's Permit and Identification Card. |
| I-114 | Hospital Designation or Request for Medical Service. |
| I-122 | Notice to Alien Detained for Hearing by Special Inquiry Officer. |
| I-123 | To All Alien Visitors to the United States. |
| I-124 | To All Students Entering the United States. |
| I-126 | Annual Report of Status by Treaty Trader. |
| I-129 | Petition for Classification of Quota Immigrant for Alien Whose Services Are Needed Urgently in the United States. |
| I-129A | Petition for Classification as Nonquota Immigrant for Minister of a Religious Denomination. |
| I-129B | Application for Permission to Import Nonimmigrant Aliens. |
| I-129C | Application for Waiver of Excludability and Ineligibility To Secure Visa Under Section 212 (a) (14) of the Immigration and Nationality Act. |
| I-131 | Application for Permit To Reenter the United States. |
| I-131A | Instructions for Executing Application for Permit to Reenter the United States. |
| I-132 | Permit to Reenter the United States. |
| I-132B | Information Concerning Permits to Reenter. |
| I-132C | Report of Admission with Reentry Permit. |
| I-133 | Petition by United States Citizen for Issuance of Immigrant Visa. |
| I-133A | Petition by Permanent Resident Alien for Issuance of Immigrant Visa. |
| I-134 | Affidavit of Support (for use in connection with immigration visa). |
| I-137 | To All Alien Treaty Traders or Dependents of Treaty Traders Entering the United States. |
| I-138 | Subpoena. |
| I-141 | Medical Certificate. |
| I-142 | Medical Certificate (concerning ability of alien to travel). |
| I-151 | Alien Registration Receipt and Border Crossing Card. |
| I-186 | Nonresident Alien's Border Crossing Identification Card. |
| I-187 | Resident Alien's Border Crossing Identification Card. |
| I-190 | Application for Nonresident Alien's Border Crossing Identification Card. |
| I-191 | Application for Advance Permission to Return to Unrelinquished Domicile. |
| I-192 | Application for Advance Permission to Enter as Nonimmigrant. |
| I-200 | Warrant for Arrest of Alien. |
| I-200A | Warrant for Arrest of Alien. |
| I-202 | Authorization for Removal. |
| I-205 | Warrant—Deportation of Alien. |
| I-212 | Application for Permission to Reapply for Admission Into the United States After Deportation or Removal. |
| I-220 | Order of Parole. |
| I-220A | Order of Conditional Parole. |
| I-220B | Order of Supervision. |
| I-226 | Notice to Alien to Appear for Warrant Hearing. |
| I-234 | Certification as to Alien Becoming a Public Charge. |
| I-243 | Application for Removal. |
| I-247 | Notice of Detainer. |
| I-248 | Letter Transmitting Order of Deportation. |
| I-256 | Application for Voluntary Departure. |
| I-256A | Application for Suspension of Deportation. |
| I-259 | Notice to Detain, Deport or Remove Aliens. |
| I-259A | Request by Transportation Line to Assume Responsibility for Removal of Aliens. |
| I-265 | Application for Warrant of Arrest. |
| I-287A | Particulars Concerning Alien Requiring Special Care and Attention. |
| I-287B | Record of Land Trip and Delivery at Final Destination. |
| I-287C | Record of Ocean Voyage. |
| I-290A | Notice of Appeal (to Board of Immigration Appeals). |
| I-290B | Notice of Appeal (to Assistant Commissioner). |
| I-290C | Notice of Certification (to Board of gration Appeals). |
| I-290D | Notice of Certification (to Assistant Commissioner). |
| I-290E | Notice to Alien of Decision and Order (Appealable to Board of Immigration Appeals). |
| I-290F | Notice to Alien of Decision and Order (Appealable to Assistant Commissioner). |
| I-291 | Designation of Special Inquiry Officer. |
| I-300 | Receipt of Officer of the Immigration and Naturalization Service for U. S. Bonds or Notes Accepted as Security. |
| I-302 | Power of Attorney. |
| I-303 | Receipt of Obligor on Return of Bonds or Notes. |
| I-304 | Power of Attorney for Immigration Bond Where Cash Deposited as Security. |
| I-305 | Receipt of Officer of Immigration and Naturalization Service for Cash Accepted as Security on Immigration Bond. |
| I-306 | Receipt of Obligor on Return of Cash Accepted as Security on Immigration Bond. |
| I-310 | Bond for Payment of Sums and Fines Imposed Under Immigration and Nationality Act. |
| I-312 | Designation of Attorney in Fact. |
| I-313 | Designation, Coupled With Interest, of Attorney in Fact. |
| I-315 | Bond for Payment of Fines and Sums Imposed on Aircraft Under the Immigration Laws and Regulations (for term or single entry). |
| I-317 | Blanket Bond for Departure of Aliens in Transit or Temporarily Admitted as Visitors for Business or Pleasure. |
| I-318 | Blanket Bond for Departure of Aliens in Continuous Transit Through the United States. |
| I-318A | Blanket Bond for Departure of Aliens in Continuous Transit Through the United States. |
| I-320 | Bond for Maintenance of Status and Departure of Aliens Admitted for Temporary Services, Labor, or Training. |
| I-323 | Notice of Violation of Conditions of Bond. |
| I-324 | Bond for the Release of an Alien Under Exclusion Proceedings. |
| I-325 | Bond for Maintenance of Status and Departure of Attendants, Servants and Personal Employees of Officials. |
| I-331 | Bond for Alien Admitted for Medical Treatment. |
| I-332 | Bond for Hospital Treatment or Institutional Care of Aliens. |
| I-333 | Notice That Alien Is To Be Charged to Blanket Bond. |
| I-334 | Form letter stating alien is no longer charged against a bond. |
| I-336 | Bond for Alien or Aliens in Transit. |
| I-337 | Bond Conditioned for Departure of an Alien Temporarily Admitted as a Visitor for Business or Pleasure. |
| I-338 | Bond That an Alien Admitted in Pursuance of a Treaty to Carry on Trade Shall Depart Upon Failure to Maintain Status. |
| I-353 | Bond Conditioned for the Delivery of an Alien. |
| I-354 | Bond That an Alien Shall Not Become a Public Charge. |
| I-374 | Bond Conditioned for Departure of an Alien Temporarily Admitted Under the Immigration and Nationality Act as a Student. |
| I-391 | Notice of Cancellation of Bond. |
| I-407 | Land Border Departure Record. |
| I-415 | Manifest of In-bound Passengers (arriving aliens). |
| I-416 | List of In-bound Passengers (United States Citizens and Nationals). |
| I-419 | Record of Alien's Arrival and Departure Under Special Direct Transit Procedure. |
| I-419a | Record of Alien's Arrival and Departure Under Special Direct Transit Procedure. |
| I-419b | Transit Procedure. |

AR2022_200092

| Form No. | Title and description |
|---|---|
| I-430 | Agreement Between a Transportation Line and the United States of America (Land-Border). |
| I-420A | Supplemental Agreement. |
| I-421 | Agreement (Overseas) Between a Transportation Line and the United States of America. |
| I-424 | Report of Departure of Nonimmigrant Alien. |
| I-426 | Agreement Between a Transportation Line and the Commissioner of Immigration and Naturalization (special direct transit procedure). |
| I-426A | Agreement Between a Transportation Line and the Commissioner of Immigration and Naturalization (aliens in transit through United States from and to Canada or Mexico). |
| I-434 | Manifest of Outward Bound Passenger (Aliens). |
| I-435 | List of Outward Bound Passengers (United States Citizens and Nationals). |
| I-436 | Air Passenger Manifest. |
| I-480 | List or Manifest of Persons Employed on the Vessel as Members of Crew. |
| I-481 | Crew List for Great Lakes Vessels. |
| I-489 | Report of Changes in Crew. |
| I-502 | Notification by Sponsor to the Immigration and Naturalization Service Relating to Exchange Visitors. |
| I-505 | Notice of Interview on application for adjustment of status from nonimmigrant to person lawfully admitted for permanent residence. |
| I-506 | Application for Change of Nonimmigrant Status. |
| I-507 | Application for Status as Permanent Resident (by nonimmigrant). |
| I-508 | Waiver of Rights, Privileges, Exemptions, and Immunities. |
| I-509 | Notice of Proposal to Change Status (from alien admitted for permanent residence, to nonimmigrant). |
| I-510 | Guarantee of Payment (of Medical Expenses). |
| I-539 | Application to Extend Time of Temporary Stay. |
| N-3 | Requisition for Forms and Binders. |
| N-4 | Monthly Report Naturalization Papers Forwarded. |
| N-5 | Continuation Sheet of Monthly Report Naturalization Papers Forwarded. |
| N-7 | Quarterly Abstract of Collections of Naturalization Fees. |
| N-14 | Letter returning application form for correction. |
| N-17 | U. S. A. Citizenship—Naturalization Requirements and Procedure—a brief summary. |
| N-18 | Special Naturalization Benefits for Veterans and Women Married to U. S. Citizens. |
| N-30 | Examination of Court Records. |
| N-50 | Receipt for Duplicate Petitions. |
| N-105 | Application to Create Record of Admission for Permanent Residence. |
| N-108 | Application for Certificate of Citizenship—Hawaiian Islands. |
| N-109 | Certificate of Citizenship (Hawaiian Islands). |
| N-120 | Affidavit of Witness in Proceeding to Create Record of Admission for Permanent Residence. |
| N-240 | Form letter concerning issuance of new certificate of naturalization. |
| N-300 | Application to File Declaration of Intention. |
| N-305 | Form letter notifying alien that Form N-300 has been forwarded to the clerk of the court. |
| N-315 | Declaration of Intention. |
| N-321 | Declaration of Intention (in lieu of old edition lost, mutilated or destroyed). |

| Form No. | Title and description |
|---|---|
| N-325 | Declaration of Intention (in lieu of one lost, mutilated or destroyed). |
| N-350 | Application to Renounce Danish Citizenship. |
| N-351 | Renunciation of Danish Citizenship. |
| N-400 | Application to File Petition for Naturalization. |
| N-400A | Supplement to Application to File Petition for Naturalization (under sec. 324 (a) or 327, Immigration and Nationality Act). |
| N-400B | Supplement to Application to File Petition for Naturalization (by a seaman, under sec. 330 of the Immigration and Nationality Act). |
| N-400C | Supplement to Application to File Petition for Naturalization (for use with editions prior to Dec. 24, 1952). |
| N-401 | Preliminary Form to take Oath of Allegiance (by a woman formerly a citizen, under sec. 324 (c) of the Immigration and Nationality Act, or the Act of June 25, 1936, as amended). |
| N-402 | Application to File Petition for Naturalization in Behalf of a Child (under sec. 322 or 323, Immigration and Nationality Act). |
| N-403 | Request to have Petition for Naturalization marked "Void". |
| N-404 | Request for Withdrawal of Petition for Naturalization. |
| N-405 | Petition for Naturalization (under general provisions of the Immigration and Nationality Act). |
| N-405A | Affidavit in Support of Petition for Naturalization (by a former citizen, under sec. 327 of the Immigration and Nationality Act). |
| N-406 | Petition for Naturalization (of a married person, under sec. 319 (a) or (b), Immigration and Nationality Act). |
| N-407 | Petition for Naturalization (in behalf of a child, under sec. 322 or 323, Immigration and Nationality Act). |
| N-408 | Application to take Oath of Allegiance and Form of Such Oath (by a woman formerly a citizen, under sec. 324 (c), Immigration and Nationality Act, or the Act of June 25, 1936, as amended). |
| N-410 | Motion for Amendment of Petition (application). |
| N-414 | Acknowledgment of Filing Petition for Naturalization. |
| N-418 | Petition for Naturalization (active duty in the armed forces, under sec. 329 of the Immigration and Nationality Act). |
| N-421 | Affidavit in Support of Petition for Naturalization (by a seaman, under sec. 330, Immigration and Nationality Act). |
| N-422 | Form letter requesting information from Selective Service file. |
| N-424 | Notice to Clerk of Court of Waiver of 90 Days' Notice. |
| N-425 | Notice to Petitioner of Proposed Recommendation of Denial of Petition for Naturalization. |
| N-426 | Certification of Military or Naval Service. |
| N-429 | Notice to Petitioner of Proposed Recommendation of Denial of Petition. |
| N-433 | Withdrawal of Objection to Final Hearing. |
| N-434 | Notice of Objection to Final Hearing. |
| N-435 | Notice of Final Hearing by Clerk of Court (alien enemies). |
| N-435-1 | Continuation Sheet—Form N-435. |
| N-436 | Application for Exception From Classification of Alien Enemy. |
| N-438 | Exception From Classification of Alien Enemy. |
| N-440 | Certificate of Examination. |

| Form No. | Title and description |
|---|---|
| N-442 | Preliminary Form to Take Oath of Allegiance (by former citizen, under Public Law 114, 82d Congress, as amended). |
| N-443 | Application to Take the Oath of Allegiance and Form of Such Oath (by former citizen, under Public Law 114, 82d Congress, as amended). |
| N-450 | Notice of Intention to Substitute Witnesses. |
| N-451 | Affidavits of Witnesses (to Petition for Naturalization). |
| N-452 | Statement of Witness. |
| N-455 | Application for Transfer of Petition for Naturalization. |
| N-458 | Application to Correct Certificate of Naturalization. |
| N-459 | Authorization to Clerk of Court to Correct Certificate of Naturalization. |
| N-460 | Notice to Take Depositions. |
| N-462 | Interrogatories in Depositions of Witnesses. |
| N-463 | Letter Requesting Postmaster to Take Deposition in a Naturalization Proceeding. |
| N-470 | Application to Preserve Residence for Naturalization Purposes (under section 316 (b) or 317, Immigration and Nationality Act). |
| N-475 | Designation of Member of the Immigration and Naturalization Service under section 335 (b) of the Immigration and Nationality Act. |
| N-476 | Examiner's Docket List. |
| N-480 | Naturalization Petitions Recommended To Be Granted. |
| N-480A | Order of Court (granting petitions). |
| N-481 | Naturalization Petitions Recommended To Be Granted (continuation sheet). |
| N-483 | Naturalization Petitions Recommended To Be Continued (and Order of Court). |
| N-484 | Naturalization Petitions Recommended To Be Denied. |
| N-484A | Order of Court (denying petitions). |
| N-485 | Naturalization Petitions Recommended To Be Granted (on behalf of children). |
| N-486 | Naturalization Petitions Recommended To Be Denied (on behalf of children). |
| N-489 | Certification by Clerk of Court of the Taking of Oath of Allegiance. |
| N-490 | Order of Court Granting Petitions for Naturalization. |
| N-491 | Order of Court Denying Petitions for Naturalization. |
| N-492 | Commissioner's Recommendation That Petitions Be Granted (and Order of Court). |
| N-493 | Commissioner's Recommendation That Petitions Be Denied (and Order of Court). |
| N-510 | Notice to State Department Notifying Surrender of Canadian Certificate. |
| N-550 | Certificate of Naturalization. |
| N-560 | Certificate of Citizenship. |
| N-561 | Certificate of Citizenship. |
| N-565 | Application for a New Naturalization or Citizenship Paper. |
| N-567 | Request for Search of Military or Naval Files for Naturalization Certificate. |
| N-568 | Notice of Approval to Alien for Special Certificate of Naturalization. |
| N-570 | Certificate of Naturalization. |
| N-570 OL. | Certificate of Naturalization. |
| N-576 | Supplemental Affidavit To Be Submitted With Applications of Japanese Renunciants. |
| N-577 | Application for a Special Certificate of Naturalization To Obtain Recognition as a Citizen of the United States by a Foreign State. |

Form.
No.        Title and description.
N–578    Special Certificate of Naturalization.
N–580    Application for a Certificate of Naturalization or Repatriation (under sec. 343 (a) of the Immigration and Nationality Act or 12th subdivision, sec. 4, of Act of June 29, 1906).
N–581    Certificate of Repatriation.
N–582    Certificate of Naturalization.
N–585    Application for Information From or Copies of Immigration and Naturalization Records.
N–600    Application for Certificate of Citizenship.
N–640    Oath of Allegiance.

§ 450.2 *Forms available from the Superintendent of Documents.* (a) The following forms required for compliance with the provisions of this chapter may be obtained, upon prepayment, from the Superintendent of Documents, Government Printing Office, Washington, D. C.: I–94, I–95, I–129, I–129A, I–129B, I–131, I–131A, I–132C, I–133, I–133A, I–134, I–415, I–416, I–419, I–424, I–434, I–435, I–466, I–480, I–489 and I–539.

(b) A small supply of the forms described in paragraph (a) of this section shall be set aside by immigration officers for free distribution and official use.

§ 450.3 *Reproduction of forms by private parties.* (a) The following forms required for compliance with the provisions of this chapter may be printed or otherwise reproduced by an appropriate duplicating process by private parties at their own expense: I–94, I–95, I–132C, I–415, I–416, I–419, I–424, I–434, I–435, I–466, I–480 and I–489.

(b) Forms printed or reproduced by private parties shall conform to the officially printed forms currently in use with respect to size, wording, arrangement, style and size of type, and paper specifications. Such forms and all entries required to be made thereon shall be printed, duplicated, dittoed, or otherwise duplicated in the English language with ink or dye that will not fade or "feather" within 20 years.

SUBPART B—PROCEDURAL AND OTHER NON-SUBSTANTIVE PROVISIONS [RESERVED]

Subchapter E—Miscellaneous Provisions

PART 475—ADMISSION OF AGRICULTURAL WORKERS UNDER SPECIAL LEGISLATION

SUBPART A—SUBSTANTIVE PROVISIONS

Sec.
475.1   Definitions.
475.2   Period for which admitted.
475.3   Conditions of admission.
475.4   Compliance by employer.
475.5   Extension of stay; conditions.
475.6   Readmission after temporary visits to Mexico.
475.7   Previous removal, deportation; permission to reapply.
475.8   Arrest and deportation of agricultural workers.

SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

475.21  Recruitment centers; preliminary inspection.
475.22  Immigration inspection at reception centers; authority to admit; hearings before special inquiry officer.
475.23  Recontracting in the United States.
475.24  Duplicate identification cards.
475.51  Extension of period of admission.

AUTHORITY: §§ 475.1 to 475.51 issued under sec. 103, 66 Stat. 173. Interpret or apply Title V, 65 Stat. 119, secs. 101, 212, 235, 241, 242, 264, 405, 66 Stat. 168, 184, 186, 199, 205, 209, 224, 281; 7 U. S. C. 1461–1468.

SUBPART A—SUBSTANTIVE PROVISIONS

§ 475.1 *Definitions.* As used in this part:

(a) The term "agricultural worker" means a native-born citizen of Mexico who is and has been a bona-fide resident of Mexico for at least one year immediately preceding the date of application for admission and who seeks to enter the United States temporarily under the provisions of Title V of the Agricultural Act of 1949, as amended (63 Stat. 1051, Pub. Law 78, 82nd Cong.), for the sole purpose of engaging in agricultural employment as defined herein, and who is legally admitted to the United States for temporary employment in agriculture in accordance with the terms of the Migrant Labor Agreement of 1951, as amended, entered into between the Governments of the United States and Mexico.

(b) The term "agricultural employment" means:

(1) Cultivation and tillage of the soil, planting, production, cultivation, growing, and harvesting of any agricultural or horticultural commodities and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparations for market, delivery to storage, or to market, or to a carrier for transportation to market; or

(2) The maintenance of a farm and its tools and equipment, or salvaging of timber or clearing land of brush and other debris left by a hurricane, if the major part of such service is performed on a farm; or

(3) The maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit and used exclusively for supplying or storing water for farming purposes, and cotton ginning; or

(4) Handling, drying, packing, packaging, processing, freezing, grading or storing, in its unmanufactured state any agricultural or horticultural commodity for the operator of a farm; but only if such operator produced more than one-half of the commodity with respect to which the service is performed; or

(5) All of the activities described in subparagraph (4) of this paragraph for a group of operators of farms but only if such operators produced the commodities with respect to which such activities are performed: *Provided,* That the provisions of this subparagraph and subparagraph (4) of this paragraph shall not be applicable with respect to services performed in connection with commercial canning or commercial freezing, or in connection with any agricultural or horticultural commodities, after their delivery to a terminal market for distribution or consumption.

(c) The term "employer" means:

(1) The operator of agricultural property who is engaged in agricultural employment, as defined in this section;

(2) An association or other group of employees but only if those of its members for whom Mexican workers are being obtained are bound, in the event of its default, to carry out the obligations undertaken by it pursuant to the provisions of the Migrant Labor Agreement of 1951, as amended, unless the Secretary of Labor of the United States determines that such individual liability is not necessary to assure performance of such obligations; or

(3) A processor, shipper or marketer of agricultural products when the Mexican workers whom he obtains are employed by him in agriculture or crops purchased by him.

§ 475.2 *Period for which admitted.* An agricultural worker may be admitted to the United States as a nonimmigrant pursuant to section 101 (a) (15) (H) of the Immigration and Nationality Act; *Provided:*

(a) That the initial period of admission shall not extend beyond December 31, 1953, nor shall any extension be granted which would permit such worker to remain in the United States beyond December 31, 1953;

(b) That no maintenance-of-status or departure bond shall be required; and

(c) That the period of temporary admission shall be subject to immediate revocation, without notice, by the district director of the district having jurisdiction over the place of the alien's employment upon—

(1) Failure of the agricultural worker to maintain his status as such by accepting any employment or engaging in any activities not specifically authorized at the time of his recruitment and temporary admission;

(2) Withdrawal of the employer's certification because of violation of Title V of the Agricultural Act of 1949, as amended, or the Migrant Labor Agreement of 1951, as amended, or individual work contract made thereunder, as specified in § 475.4 (b); or

(3) Determination and notification by the Secretary of Labor that sufficient domestic workers who are able, willing, and qualified are available at the time and place needed to perform the work for which such workers are employed, or that the employment of such workers is adversely affecting the wages and working conditions of domestic agricultural workers similarly employed, or that reasonable efforts have not been made to attract domestic workers for such employment at wages and standard hours of work comparable to those offered to foreign workers; or

(4) Termination of the Migrant Labor Agreement of 1951, as amended, prior to December 31, 1953.

§ 475.3 *Conditions of admission.* Any alien who applies for admission into the United States under the provisions of Title V of the Agricultural Act of 1949, as amended, and the provisions of this part, must:

(a) Establish that he is an agricultural worker as defined in § 475.1 (a);

(b) Establish that he is in all respects admissible under the provisions of the immigration laws;

(c) Have been regularly recruited by the Secretary of Labor as an agricultural worker; and

AR2022_200094

(d) Establish: to the satisfaction of the examining immigration officer that, if admitted, he will comply with all of the conditions of such admission.

§ 475.4 *Compliance by employer.* (a) No agricultural workers shall be made available to, nor shall any such workers made available be permitted to remain in the employ of, any employer who has in his employ any Mexican alien when such employer knows or has reasonable grounds to believe or suspect or by reasonable inquiry could have ascertained that such Mexican alien is not lawfully within the United States. Whenever it shall appear that a Mexican alien not lawfully in the United States is so employed, an investigation shall be made and a report submitted to the district director having jurisdiction over the place of the alien's employment.

(b) Upon notification from the Secretary of Labor that an employer fails or refuses to comply with the provision of Title V of the Agricultural Act of 1949, as amended, or the Migrant Labor Agreement of 1951, as amended, or individual work contract made thereunder, the temporary admission of all agricultural workers employed by such employer may be revoked in the same manner as provided in § 475.2 (c).

(c) If a Mexican agricultural worker leaves his employment without proper authorization, the employer shall report such departure immediately or within five days thereof to the district director having jurisdiction over the reception center at which the worker was recruited. Such notification shall contain (1) the individual worker's name, as shown in the employer's copy of the contract; (2) the worker's Form I-100a number; (3) the location of the reception center at which the worker was originally contracted, and (4) the date the worker left the employer.

§ 475.5 *Extension of stay; conditions.* After an alien has been admitted to the United States as an agricultural worker under the provisions of this part or of prior regulations pertaining to Title V of the Agricultural Act of 1949, as amended, he may be granted an extension or extensions of the period of his temporary admission by the district director or the officer in charge having jurisdiction over the place of the alien's employment, subject to the same limitations as are placed on original admission by § 475.2.

§ 475.6 *Readmission after temporary visits to Mexico.* (a) An agricultural worker who has been admitted to the United States under the provisions of this part or of prior regulations pertaining to Title V of the Agricultural Act of 1949, as amended, may be readmitted after temporary visits to Mexico on presentation of Form I-100a, Alien Laborer's Permit and Identification Card, if he is still maintaining the status of an agricultural worker in the United States.

(b) An agricultural worker who is granted a furlough shall be furnished by the employer with a letter stating the time for which the furlough is granted and that all contractual obligations will be reassumed upon the alien's return to his employment after the furlough. The

letter shall be appropriately endorsed to show approval of the furlough by a representative of the United States Employment Service and the appropriate Mexican Consul if the furlough:

(1) Is for more than 15 days, or

(2) Is to take place during the last 15 days of a six-week contract, or

(3) Is to take place during the last 30 days of a contract of more than six weeks.

§ 475.7 *Previous removal, deportation; permission to reapply.* An alien who established that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously removed at Government expense pursuant to section 242 (b) of the Immigration and Nationality Act, or excluded or arrested and deported, on not more than one occasion solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States as an agricultural worker.

§ 475.8 *Arrest and deportation of agricultural workers.* (a) An alien admitted to the United States as an agricultural worker shall be deemed to have failed to maintain his nonimmigrant status within the meaning of section 241 (a) (9) of the Immigration and Nationality Act if:

(1) He remains in the United States after the expiration of the time for which he was temporarily admitted or after the expiration of any authorized extension of such period; or

(2) He violates or fails to fulfill any of the other conditions of his admission to or extended stay in the United States; or

(3) He evidences orally or in writing or by conduct an intention to violate or to fail to fulfill any of the conditions of his temporary admission to or extended stay in the United States; or

(4) He remains in the United States after the period of his temporary admission or extended stay is revoked pursuant to § 475.2 (c).

(b) Any alien to whom paragraph (a) of this section is applicable shall be subject to being taken into custody and made the subject of further proceedings under the applicable provisions of the Immigration and Nationality Act and the regulations in this chapter.

#### SUBPART B—PROCEDURAL AND OTHER NONSUBSTANTIVE PROVISIONS

§ 475.21 *Recruitment centers; preliminary inspection.* To the extent possible under the circumstances, all immigration inspections and medical examinations of the agricultural workers at recruitment centers in Mexico shall be similar to those regularly conducted at ports of entry on the border. If the immigration officer at the recruitment center in Mexico determines·that the alien is admissible as an agricultural worker he shall so note and initial the conditional permit which is issued to the alien by the Secretary of Labor when the alien is recruited. Such endorsement shall not be construed as a guarantee that the alien will be admitted to the United States nor shall the alien be entitled to accept employment in the United States unless and until he has

been issued Form I-100a as prescribed in § 475.22. Aliens who have been issued conditional permits, which have been noted by immigration officers, will be conveyed directly from the recruitment center to a reception center at or near a port of entry under the supervision of representatives of the Secretary of Labor for completion of immigration inspection and registration pursuant to Chapter 7 of Title II of the Immigration and Nationality Act. The conveyance of an agricultural worker to a reception center shall not constitute an admission to the United States. Such alien shall be considered to have been admitted to the United States only after he has been inspected and issued Form I-100 as prescribed in § 475.22. If the immigration officer at the recruitment center in Mexico determines that the alien is inadmissible as an agricultural worker, he shall refuse to note the alien's conditional permit and such decision by the immigration officer shall not be subject to appeal to a special inquiry officer.

§ 475.22 *Immigration inspection at reception centers; authority to admit; hearings before special inquiry officer.* (a) Any alien who presents the conditional permit described in § 475.21, duly noted by an immigration officer at a recruitment center, who is found to be admissible under this part as an agricultural worker may be so admitted by the examining immigration officer, at which time he shall—

(1) Be fingerprinted as follows:

(i) By placing the rolled impression of the right index finger on the reverse side of the original Form I-100a, Alien Laborer's Permit and Identification Card, which shall be prepared in duplicate in each such case;

(ii) By placing complete fingerprints of both hands on one copy of Form AR-4; and

(iii) By executing the obverse of Form AR-4 and placing thereon the serial number of the Form I-100a and a stamped notation reading "Admitted as agricultural worker"; the executed form shall be mailed direct to the Federal Bureau of Investigation, Washington 25, D. C.

(2) Be given the Form I-100a bearing his photograph and stating his name, place of birth and citizenship, duly noted by an immigration officer to show the date, place, and period of his admission into the United States and signed by said immigration officer across the bottom of the photograph, partly on the photograph and partly on the card. Such noted card shall constitute an alien registration receipt card pursuant to section 264 (d) of the Immigration and Nationality Act and shall be the sole documentation required for admission to the United States under the provisions of this part. The Form I-100 shall be forwarded to and retained by the district director of the district having jurisdiction over the port of the alien's entry.

(3) The foregoing shall be deemed to be in compliance with the provisions of Chapter 7 of Title II of the Immigration and Nationality Act relating to the registration of aliens.

(b) Any alien seeking admission under this part in whose case the examining

AR2022_200095

immigration officer at the reception center is not satisfied that such alien is admissible, shall be held for hearing before a special inquiry officer, and the procedure applicable to aliens seeking admission to the United States under the general provision of the immigration laws shall be followed: *Provided, however,* That the case of an alien believed to be inadmissible to the United States under the provisions of paragraphs (27), (28) or (29) of section 212 (a) of the Immigration and Nationality Act shall be handled in accordance with the provisions of section 235 (c) of the said act and § 235.15 of this chapter.

§ 475.23  *Reconstracting in the United States.* During the period for which he is admitted, or any authorized extension thereof, an agricultural worker may, with the approval of the district director having jurisdiction over the place of the alien's employment, be recontracted by the same or another employer. When an agricultural worker is so recontracted, his Form I–100a shall be appropriately noted and the officer in charge having administrative jurisdiction over the port of the alien's entry notified.

§ 475.24  *Duplicate identification cards.* Duplicate Form I–100a may be issued in the discretion of the district director or the officer in charge having jurisdiction over the place of alien's employment where the original has been lost, mutilated, or destroyed. The officer in charge having administrative jurisdiction over the port of the alien's entry shall be notified of the issuance of such a duplicate Form I–100a.

§ 475.51  *Extension of period of admission.* Extension of the temporary admission of an alien admitted to the United States as an agricultural worker under Title V of the Agricultural Act of 1949, as amended, and regulations pursuant thereto or under this part may be granted by the district director or the officer in charge having jurisdiction over the place of the alien's employment only upon determination and certification by the Secretary of Labor that:

(a) Sufficient domestic workers who are able, willing, and qualified are not available at the time and place needed to perform the work for which such workers are to be employed;

(b) The employment of such workers will not adversely affect the wages and working conditions of domestic agricultural workers similarly employed; and

(c) Reasonable efforts have been made to attract domestic workers for such employment at wages and standard hours of work comparable to those offered to foreign workers.

[F. R. Doc. 52–13437; Filed, Dec. 18, 1952; 8:45 a. m.]

## TITLE 5—ADMINISTRATIVE PERSONNEL

### Chapter I—Civil Service Commission

PART 6—EXCEPTIONS FROM THE COMPETITIVE SERVICE

MISCELLANEOUS AMENDMENTS

Sections 6.112 (e) (4), 6.123 (h) (13), and 6.156 (b) which are due to expire

December 31, 1952 are revoked, effective as of that date. The expiration dates of §§ 6.104 (a) (3), 6.107 (b) (1), 6.142 (c) (7), 6.144 (d), and 6.159 (b) are extended as set out below:

§ 6.104  *Department of Defense*—(a) *Office of the Secretary of Defense.* * * *

(3) Five Special Advisers to the Secretary of Defense and until December 31, 1953, twelve additional positions of Special Advisers to the Secretary of Defense.

* * * * *

§ 6.107  *Department of the Air Force.* * * *

(b) *Office of the Inspector General.* (1) Until December 31, 1953, in order to provide civilian personnel complementary to military personnel, 5 Special Agent positions in the Office of Special Investigations, Office of the Inspector General, Headquarters, and 90 Special Agent positions in District offices of the Office of Special Investigations, United States Air Force, in grades GS–11 or higher.

* * * * *

§ 6.142  *Housing and Home Finance Agency.* * * *

(c) *Federal Housing Administration.* * * *

(7) NC/PD Until June 30, 1953, eighty Field Directors (State, District and Territorial).

* * * * *

§ 6.144  *Selective Service System.* * * *

(d) NC/PD Until January 1, 1954, the following positions in the National Advisory Committee on the Selection of Physicians, Dentists and Allied Specialists: One Executive Secretary; professional advisors in the fields of medicine, dentistry, veterinary medicine, and related fields.

* * * * *

§ 6.159  *Defense Production Administration.* * * *

(b) Until June 30, 1953, not to exceed 5 positions of Labor Advisors, GS–12 through GS–15.

* * * * *

(R. S. 1753, sec. 2, 22 Stat. 403; 5 U. S. C. 631, 633. E. O. 9830, Feb. 24, 1947, 12 F. R. 1259; 3 CFR, 1947 Supp. E. O. 9973, June 28, 1948, 13 F. R. 3600; 3 CFR, 1948 Supp.)

UNITED STATES CIVIL SERVICE COMMISSION,
[SEAL]  ROBERT RAMSPECK,
*Chairman.*

[F. R. Doc. 52–13375; Filed, Dec. 18, 1952; 8:50 a. m.]

PART 22—APPEALS OF PREFERENCE ELIGIBLES UNDER THE VETERANS' PREFERENCE ACT OF 1944

MISCELLANEOUS AMENDMENTS

Effective upon publication in the FEDERAL REGISTER, paragraph (a) of § 22.9, paragraphs (c) and (e) (1) of § 22.11 are amended to read as set out below:

§ 22.9  *Hearings*—(a) *Right to appear personally or by representative.* Appellants shall have the right to a hearing and to appear personally or through or accompanied by a designated representative in connection with their appeals to the Office of the Chief Law Officer or the regional office as the case may be. Employing agencies shall also have the right to participate in such hearings. Both parties shall have the right to produce witnesses and to cross-examine witnesses in hearings. If an appellant has expressed a desire for a hearing, arrangements will be made at any stage of the proceedings agreed upon between the appellant and the Office of the Chief Law Officer or regional office concerned. This will be the only opportunity for a hearing and presentation of evidence and witnesses in connection with the appeal, except as provided in § 22.11 (c).

* * * * *

§ 22.11  *Further appeals to the Commissioners.* * * *

(e) *Board of Appeals and Review Procedures.* The Board of Appeals and Review will review the entire record of such further appeals. In its discretion, the Board may afford the parties an opportunity to appear personally and present oral arguments and representations on the procedural aspects of the case and merits of the appeal, but no evidence will be considered by the Board which could have been submitted at the time of the original appeal to the Office of the Chief Law Officer or regional office. If alleged new evidence is offered which was not available at the time of original appeal, the Board will consider whether the evidence is actually new and of such material consequence that the case should be remanded to the office of original jurisdiction. If the case is remanded the appeal will begin anew in the office of original jurisdiction. In exceptional cases the Board may in its discretion receive and consider new evidence without remanding the case and may afford the parties an opportunity to produce witnesses and cross-examine witnesses.

* * * * *

(e) *Reopened appeals.* (1) The Commissioners may in their discretion, when in their judgment such action appears warranted by the circumstances, reopen an appeal at the request of the appellant, or his designated representative, or the employing agency concerned and may grant both parties an opportunity for a personal appearance. In connection with such reopened appeals, both parties will be afforded an opportunity to submit briefs or written representations.

* * * * *

(Sec. 11, 58 Stat. 390; 5 U. S. C. 860)

UNITED STATES CIVIL SERVICE COMMISSION,
[SEAL]  ROBERT RAMSPECK,
*Chairman.*

[F. R. Doc. 52–13376; Filed, Dec. 18, 1952;

PART II

THE NATIONAL ARCHIVES
LITTERA SCRIPTA MANET
1934
OF THE UNITED STATES

FEDERAL REGISTER

VOLUME 22

NUMBER 236

Washington, Friday, December 6, 1957

# TITLE 8—ALIENS AND NATIONALITY

## Chapter I—Immigration and Naturalization Service, Department of Justice

Because of the numerous amendments which have been made in Title 8, Chapter I, of the Code of Federal Regulations, the chapter is republished in its entirety as set forth below as of November 27, 1957.[1]

NOTE: This table shows sections of Title 8 of the United States Code and corresponding sections of the Immigration and Nationality Act and of parts in Subchapters A, B, and C of Chapter I of Title 8 of the Code of Federal Regulations. Those sections of Title 8 of the United States Code bearing an asterisk do not have a corresponding part in Chapter I of Title 8 of the Code of Federal Regulations.

| Sections 8 USC | Sections I. & N. Act and 8 CFR | Sections 8 USC | Sections I. & N. Act and 8 CFR |
|---|---|---|---|
| 1101* | 101 | 1254 | 244 |
| 1102* | 102 | 1255 | 245 |
| 1103* | 103 | 1256 | 246 |
| 1104* | 104 | 1257 | 247 |
| 1105* | 105 | 1258 | 248 |
| 1106* | 401 | 1259 | 249 |
| 1151* | 201 | 1260 | 250 |
| 1152* | 202 | 1281 | 251 |
| 1153* | 203 | 1282 | 252 |
| 1154 | 204 | 1283 | 253 |
| 1155 | 205 | 1284* | 254 |
| 1156 | 206 | 1285* | 255 |
| 1157* | 207 | 1286* | 256 |
| 1181 | 211 | 1287* | 257 |
| 1182 | 212 | 1301* | 261 |
| 1183 | 213 | 1302 | 262 |
| 1184 | 214 | 1303 | 263 |
| 1185 | 215 | 1304 | 264 |
| 1201* | 221 | 1305 | 265 |
| 1202* | 222 | 1306* | 266 |
| 1203 | 223 | 1321* | 271 |
| 1204* | 224 | 1322* | 272 |
| 1221 | 231 | 1323* | 273 |
| 1222 | 232 | 1324 | 274 |
| 1223 | 233 | 1325* | 275 |
| 1224* | 234 | 1326* | 276 |
| 1225 | 235 | 1327* | 277 |
| 1226 | 236 | 1328* | 278 |
| 1227 | 237 | 1329* | 279 |
| 1228 | 238 | 1330 | 280 |
| 1229 | 239 | 1351* | 281 |
| 1230* | 240 | 1352 | 282 |
| 1251 | 241 | 1353* | 283 |
| 1252 | 242 | 1354* | 284 |
| 1253 | 243 | 1355* | 285 |

[1] See amendments in F. R. Doc. 57-9886, 22 F. R. 9518, November 28, 1957.

| Sections 8 USC | Sections I. & N. Act and 8 CFR | Sections 8 USC | Sections I. & N. Act and 8 CFR |
|---|---|---|---|
| 1356* | 286 | 1439 | 328 |
| 1357 | 287 | 1440 | 329 |
| 1358* | 288 | 1441 | 330 |
| 1359* | 289 | 1442 | 331 |
| 1360* | 290 | 1443 | 332 |
| 1361* | 291 | 1444 | 333 |
| 1362 | 292 | 1445 | 334 |
| 1401* | 301 | 1446 | 335 |
| 1402* | 302 | 1447 | 336 |
| 1403* | 303 | 1448 | 337 |
| 1404* | 304 | 1449 | 338 |
| 1405* | 305 | 1450 | 339 |
| 1406 | 306 | 1451 | 340 |
| 1407* | 307 | 1452 | 341 |
| 1408* | 308 | 1453* | 342 |
| 1409* | 309 | 1454 | 343 |
| 1421 | 310 | 1455 | 344 |
| 1422* | 311 | 1456* | 345 |
| 1423 | 312 | 1457* | 346 |
| 1424* | 313 | 1458* | 347 |
| 1425* | 314 | 1459* | 348 |
| 1426* | 315 | 1481* | 349 |
| 1427 | 316 | 1482* | 350 |
| 1428 | 317 | 1483* | 351 |
| 1429 | 318 | 1484* | 352 |
| 1430 | 319 | 1485* | 353 |
| 1431* | 320 | 1486* | 354 |
| 1432* | 321 | 1487* | 355 |
| 1433 | 322 | 1488* | 356 |
| 1434 | 323 | 1489* | 357 |
| 1435 | 324 | 1501* | 358 |
| 1436 | 325 | 1502* | 359 |
| 1437* | 326 | 1503* | 360 |
| 1438 | 327 | | |

## Subchapter A—General Provisions

Part
1 General.
2 Service records; fees.
3 Immigration bonds.
4 Lawful admission for permanent residence: special classes; when presumed.
5 Revocation of certificates, documents, or records issued or made by administrative officers.
6 Board of Immigration Appeals: appeals; reopening and reconsideration.
7 Regional commissioners; appeals.
8 Reopening and reconsideration.
9 Authority of Commissioner, Regional Commissioners, and Assistant Commissioners.
10 Formal applications and petitions.

### Subchapter B—Immigration Regulations

204 Petition for immigrant status as a minister or as a person whose services are needed urgently.
205 Petition for immigrant status as relative of United States citizen or lawful resident alien.
206 Revocation of approval of petitions.
211 Documentary requirements: immigrants; waivers.

Part
212 Documentary requirements for nonimmigrants: admission of certain inadmissible aliens; parole.
212a Admission of certain aliens to perform skilled or unskilled labor.
213 Admission of aliens on giving bond or cash deposit.
214 Admission of nonimmigrants: general.
214a Admission of nonimmigrants: foreign government official.
214b Admission of nonimmigrants: temporary visitor for business or pleasure.
214c Admission of nonimmigrants: transit aliens.
214d Admission of nonimmigrants: crewmen.
214e Admission of nonimmigrants: treaty trader.
214f Admission of nonimmigrants: students.
214g Admission of nonimmigrants: foreign government representatives to international organizations.
214h Admission of nonimmigrants: temporary services, labor, or training.
214i Admission of nonimmigrants: representatives of information media.
214j Admission of nonimmigrants: exchange aliens.
214k Admission of agricultural workers under special legislation.
223 Reentry permits.
231 Arrival-departure manifests and lists; supporting documents.
232 Detention of aliens for observation and examination.
233 Temporary removal for examination upon arrival.
235 Inspection of aliens applying for admission.
235a Preexamination of aliens within the United States.
236 Exclusion of aliens.
237 Deportation of excluded aliens.
238 Entry through or from foreign contiguous territory and adjacent islands.
239 Special provisions relating to aircraft: designation of ports of entry for aliens arriving by civil aircraft.
241 Judicial recommendations against deportation.
242 Proceedings to determine deportability of aliens in the United States: apprehension, custody, hearing, and appeal.
243 Deportation of aliens in the United States.
244 Suspension of deportation and voluntary departure.
245 Adjustment of status of nonimmigrant to that of a person admitted for permanent residence.
245a Adjustment of status of nonimmigrant to that of a person admitted for permanent residence in accordance with the Refugee Relief Act of 1953, as amended.
246 Rescission of adjustment of status.

AR2022_200097

*Part*
247  Adjustment of status of certain resi-
       dent aliens.
248  Change of nonimmigrant classification.
249  Creation of record of lawful admission
       for permanent residence.
250  Removal of aliens who have fallen into
       distress.
251  Arrival manifests and lists: supporting
       documents.
252  Landing of alien crewmen.
253  Parole of alien crewmen.
262  Registration of aliens in the United
       States.
253  Registration of aliens in the United
       States: provisions governing special
       groups.
264  Registration of aliens in the United
       States: forms and procedure.
285  Registration of aliens in the United
       States: notices of address.
274  Aliens: bringing in and harboring.
280  Imposition and collection of fines.
282  Printing of reentry permits; forms for
       sale to public.
287  Field officers; powers and duties.
292  Enrollment and disbarment of attor-
       neys and representatives.
299  Immigration forms.

**Subchapter C—Nationality Regulations**

306  Special classes of persons who may be
       naturalized: Virgin Islanders.
310  Requisition of forms by clerks of court.
312  Educational requirements for naturali-
       zation.
316  Good moral character.
316a  Residence, physical presence and ab-
       sence.
317  Temporary absence of persons perform-
       ing religious duties.
318  Pending deportation proceedings.
319  Special classes of persons who may be
       naturalized: spouses of United States
       citizens.
322  Special classes of persons who may be
       naturalized: children of citizen
       parent.
323  Special classes of persons who may be
       naturalized: children adopted by
       United States citizens.
324  Special classes of persons who may be
       naturalized: women who have lost
       United States citizenship by marriage.
325  Special classes of persons who may be
       naturalized: nationals but not citi-
       zens of the United States.
327  Special classes of persons who may be
       naturalized: persons who lost United
       States citizenship through service in
       armed forces of foreign country dur-
       ing World War II.
328  Special classes of persons who may be
       naturalized: persons with three years
       service in armed forces of the United
       States.
329  Special classes of persons who may be
       naturalized: veterans of the United
       States armed forces who served dur-
       ing World War I or World War II.
330  Special classes of persons who may be
       naturalized: seamen.
332  Preliminary investigation of applicants
       for naturalization and witnesses.
332a  Official forms.
332b  Instruction and training in citizenship
       responsibilities: textbooks, schools,
       organizations.
332c  Photographic studios.
332d  Designation of employees to admin-
       ister oaths and take depositions.
333  Photographs.
334  Petition for naturalization.
334a  Declaration of intention.
335  Preliminary examination on petitions
       for naturalization.
335a  Transfer, withdrawal or failure to
       prosecute petition for naturalization.
335b  Proof of qualifications for naturaliza-
       tion: witnesses; depositions.

*Part*
335c  Investigations of petitioners for nat-
       uralization.
336  Proceedings before naturalization court.
337  Oath of allegiance.
338  Certificate of naturalization.
339  Functions and duties of clerks of nat-
       uralization courts.
340  Revocation of naturalization.
341  Certificates of citizenship.
343  Certificate of naturalization or repa-
       triation: persons who resumed citi-
       zenship under section 323 of the
       Nationality Act of 1940, as amended,
       or section 4 of the Act of June 29,
       1906.
343a  Naturalization and citizenship papers
       lost, mutilated, or destroyed; new
       certificate in changed name; certified
       copy of repatriation proceedings.
343b  Special certificate of naturalization
       for recognition by a foreign state.
343c  Certifications from records.
344  Fees collected by clerks of court.
344a  Copies of and information from
       records.
402a  Special classes of persons who may be
       naturalized: aliens enlisted in the
       United States Armed Forces under
       the Act of June 30, 1950, as amended
       by Section 402 (e) of the Immigra-
       tion and Nationality Act.
499  Nationality forms.

**Subchapter A—General Provisions**

**PART 1—GENERAL**

Sec.
1.1  Definitions.
1.2  Prior regulations.

AUTHORITY: §§ 1.1 and 1.2 issued under sec.
103, 66 Stat. 173; 8 U. S. C. 1103.  Interpret or
apply secs. 101, 332, 66 Stat. 166, 252; 8 U. S. C,
1101, 1443.

§ 1.1  *Definitions*—(a) *Terms used in
this chapter.* (1) The terms defined in
section 101 of the Immigration and Na-
tionality Act have the same meanings
ascribed to them in that section and as
supplemented, explained, and further
defined in this chapter.

(2) The term "act" means the "Im-
migration and Nationality Act" (66 Stat.
163).

(3) The term "attorney" means a per-
son licensed to practice law in the Fed-
eral, State, territorial, or insular courts.

(4) Unless the context otherwise re-
quires, the term "case" means any pro-
ceeding arising under the immigration
laws, Executive orders and Presidential
proclamations, except that for the pur-
poses of Part 292 of this chapter, a pro-
ceeding under Part 332 of this chapter
shall not be regarded as a case.

(5) The term "Central Office" means
the headquarters office of the Service
at Washington, D. C.

(6) The term "day" when computing
the period of time for taking any action
provided in this chapter, including the
taking of an appeal, shall include Sun-
days and legal holidays, except that when
the last day of the period so computed
falls on a Sunday or legal holiday, the
period shall run until the end of the next
day which is neither a Sunday nor a
legal holiday.

(7) The term "region" or "immigra-
tion region" when used in a geographical
sense means that portion of the territory
of the United States comprising each of
the various major subdivisions of the
Service defined and delineated in the
statement of organization of the Service.

(8) The term "regional commis-
sioner" means:

(i) The officer duly appointed to the
titular position as the Service officer in
charge of a region whose appointment
has not terminated, or

(ii) The officer or employee of the
Service who has been designated to act
as regional commissioner in the absence
of the regional commissioner.

(9) The term "district" or "immigra-
tion district" when used in a geographi-
cal sense means that portion of the
territory of the United States comprising
each of the various major subdivisions
of the Service defined and delineated in
the statement of organization of the
Service.

(10) The term "district director"
means:

(i) The officer duly appointed to the
titular position as the Service officer in
charge of a district whose appointment
has not terminated, or

(ii) The officer or employee of the
Service who has been designated to act
as district director in the absence of the
district director.

(11) The term "immigration officer"
means:

(i) Any officer or employee of the
Service who on December 24, 1952, was
serving under an appointment hereto-
fore made to the position of immigrant
inspector, patrol inspector, detention
officer, investigator, or naturalization
examiner, or any other officer of the
Service of a higher grade whose appoint-
ment has not terminated, or who here-
after is appointed to such position; and

(ii) Any persons designated by the
Commissioner to perform the duties and
exercise the powers of an immigration
officer as set forth in the Immigration
and Nationality Act.

(12) The term "officer in charge"
means the Service Officer in charge of a
suboffice.

(13) The term "practice" means the
act of an attorney or representative in
appearing in any case, either in person
or through the filing of a brief or other
document, paper, application or petition
on behalf of a client before an officer
of the Service or the Board.

(14) The term "representative" means
a person representing a religious, char-
itable, social service or similar organiza-
tion established in the United States and
recognized as such by the Board, or a
person described in § 292.1 (b) (2) and
(3) of this chapter.

(15) The term "suboffice" means any
office or facility specifically designated as
such in the statement of organization of
the Service.

(b) *Terms used in Subchapter B of
this chapter.* (1) The terms—

"arriving at ports of the United States"
as used in sections 232, 234, and 235 of
the Immigration and Nationality Act;
and

"arrival at a port of the United States"
as used in section 233 of the Immigra-
tion and Nationality Act; and

"arrival in a port of the United States"
as used in section 253 of the Immigration
and Nationality Act,

mean any coming to any port of the
United States from a foreign port or

AR2022_200098

place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, except:

(i) That any person (including a crewman) coming to a port in the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as coming from a foreign port or place, an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone.

(2) The terms—

"arriving in the United States" as used in section 256 of the Immigration and Nationality Act; and

"bringing an alien to, or providing a means for an alien to come to, the United States" as used in section 271 of the Immigration and Nationality Act; and

"bring to the United States" as used in section 272 of the Immigration and Nationality Act,

mean any coming from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States to or into the United States or the territorial waters or overlying airspace thereof, except:

(i) That any person (including a crewman) coming to the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as coming from a foreign port or place, an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, and the Virgin Islands of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone.

(3) The terms—

"arrival of any person by water or by air at any port within the United States from any place outside the United States" as used in section 231 of the Immigration and Nationality Act; and

"bring to the United States from any place outside thereof" as used in section 273 (a) of the Immigration and Nationality Act,

mean any coming from a foreign port or place or from an outlying possession of the United States to any port of the United States, except:

(i) That any person (including a crewman) coming from a foreign port or place or from an outlying possession of the United States to a port in the United States, by vessel or aircraft, whose examination under sections 234 and 235 of the Immigration and Nationality Act is not completed at the first port of call in the United States of such vessel or aircraft shall be considered as coming from a foreign port or place or from an outlying possession of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That any person (including a crewman) passing through the Canal Zone on board a vessel which does not enter and clear at any port in the Canal Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, shall not be regarded as coming from a foreign port or place solely by reason of such passage through the Canal Zone;

(iii) Solely for the purposes of section 231 of the Immigration and Nationality Act, if it is established to the satisfaction of the district director having administrative jurisdiction over the place of arrival that the coming of any vessel or aircraft to a port of the United States was wholly involuntary, not intended, or not reasonably to be expected, no person on board such vessel or aircraft shall be regarded as arriving from any place outside the United States.

(4) The terms—

"arrival of any vessel or aircraft in the United States from any place outside the United States" as used in section 251 of the Immigration and Nationality Act; and

"arriving in the United States from any place outside thereof" as used in section 254 of the Immigration and Nationality Act; and

"arriving at the United States from any place outside thereof" as used in section 273 (d) of the Immigration and Nationality Act,

mean any coming from a foreign port or place or from an outlying possession of the United States to or into the United States or the territorial waters or overlying airspace thereof, except:

(i) That if the examination under sections 234 and 235 of the Immigration and Nationality Act of any person (including a crewman) on board such vessel or aircraft is not completed at the first port of call in the United States of such vessel or aircraft, the vessel or aircraft shall be regarded as coming from a foreign port or place, or an outlying possession of the United States at each subsequent port of call in the United States of such vessel or aircraft until such examination is completed;

(ii) That a vessel not otherwise within this definition shall not be regarded as falling within the terms thereof solely by reason of passage through the Canal Zone: *Provided,* That if in connection with such passage any vessel enters and clears at any port in the Zone for a purpose other than to transit the Zone, to refuel, or to land passengers for medical treatment, it shall be regarded as arriving in the United States from a place outside thereof;

(iii) Solely for the purposes of section 251 (a) of the Immigration and Nationality Act, with respect to any coming which is established to the satisfaction of the district director having administrative jurisdiction over the place of arrival to have been wholly involuntary, not reasonably to be expected, or not intended;

(5) The term "beneficiary" means an alien in whose behalf a petition is filed under section 204, 205 or 214 (c) of the Immigration and Nationality Act.

(6) The term "Board" means the Board of Immigration Appeals.

(7) The term "continental United States" means the 48 States and the District of Columbia.

(8) Except as otherwise provided in §§ 214a.1 and 214g.1 of this chapter, the term "immediate family" means a close alien relative by blood or by marriage who is regularly residing in the household of the person in whose family membership is alleged.

(9) The term "passport":

(i) When used with reference to the documentation of immigrant aliens, means a document defined in section 101 (a) (30) of the Immigration and Nationality Act which is unconditionally valid for the bearer's entry into a foreign country at least 60 days beyond the expiration date of his immigrant visa.

(ii) When used with reference to the documentation of a nonimmigrant alien, means a document defined in section 101 (a) (30) of the Immigration and Nationality Act, which document is valid for a minimum period of 6 months from the date of the expiration of the initial period of the bearer's admission or contemplated initial period of stay authorizing the bearer to return to the country from which he came or to proceed to and enter some other country during such period, except that in the case of a nonimmigrant who is applying for admission as a member of any of the classes described in section 102 of the Immigration and Nationality Act, the period of such validity shall not be required to extend beyond the date of the application of such nonimmigrant for admission to the United States if he is admitted in that status.

AR2022_200099

(10) The term "permit to enter" includes an Immigrant Visa, Nonimmigrant Visa, Border Crossing Identification Card and a Reentry Permit, but does not include a Passport.

(11) The term "special inquiry officer" means any immigration officer who has been designated and appointed a special inquiry officer in accordance with the provisions of § 9.1 (b) of this chapter and who has a certificate of designation and appointment issued under that section.

(12) The term "western hemisphere" means North, Central, and South America and the islands immediately adjacent thereto including the places named in section 101 (b) (5) of the Immigration and Nationality Act.

(13) The term "American Indians born in Canada", as used in section 289 of the Immigration and Nationality Act, means persons who possess at least fifty per centum of blood of the American Indian race. It does not include persons of less than fifty per centum of blood of the American Indian race who are the spouses or children of such Indians or whose membership in Indian tribes or families is created by adoption.

(14) The term "pay off or discharge", as used in section 256 of the Immigration and Nationality Act, means the signing off the articles of a crewman or the termination in any manner of his service and presence on board the vessel or aircraft on which he arrived in the United States.

(c) *Terms used in section 101 (a) (30) of the Immigration and Nationality Act.* (1) The term "competent authority" means an official duly authorized by the national governments of his own or some other country to issue passports or to authenticate other documents which are cognizable as passports.

(d) *Terms used in Chapter 7 of Title II of the Immigration and Nationality Act and Parts 262 to 266 inclusive of this chapter.* (1) The term "alien" includes, but is not limited to, any person who, because of doubt as to the applicability of the registration requirement, applies for registration or is registered as a matter of precaution, and any person who is registered upon the application of another person acting in his behalf under the provisions of Chapter 7 of Title II of the Immigration and Nationality Act.

(2) The term "registration" or "register" or "registered" includes fingerprinting in the case of aliens 14 years of age or over.

(3) The term "alien registration receipt card" means any card, certificate or document issued to an alien pursuant to the registration requirements of chapter 7 of Title II of the Immigration and Nationality Act or Title III of the Alien Registration Act, 1940.

§ 1.2 *Prior regulations.* Regulations under Chapter I of this title, which were in effect on the effective date of the promulgation of these regulations, shall continue to be effective insofar as may be applicable and necessary under the provisions of section 405 of the Immigration and Nationality Act and, as to the control of the departure of persons, under the act of May 22, 1918, as amended and

extended by section 1 (a) (30) of Public Law 450, 82d Congress.

PART 2—SERVICE RECORDS: FEES

Sec.
2.1 Authority of officers to release information and to certify records.
2.2 Certification of nonexistence of record.
2.3 Remittance of fees.
2.4 Copies of Service records and information; fees.
2.5 Fees for service, documents, papers, and records, not specified in the Immigration and Nationality Act.

AUTHORITY: §§ 2.1 to 2.5 issued under sec. 501, 65 Stat. 290, sec. 103, 66 Stat. 173; 5 U. S. C. 140, 8 U. S. C. 1103 Interpret or apply secs. 281, 332, 343, 344, 405, 66 Stat. 230, 252, 263, 266, 280; 8 U. S. C. 1351, 1443, 1454, 1455, 1101 note.

§ 2.1 *Authority of officers to release information and to certify records.* The Commissioner, the General Counsel of the Service, Regional Commissioners, District Directors, or such other officers of the Service as may be designated by the Commissioner, upon application, may furnish to any person entitled thereto, copies of immigration and naturalization records, or information therefrom, and may certify that any official file, document, or record in the custody or control of the Service is a true file, document, or record, or that a copy of such file, document or record is a true copy.

§ 2.2 *Certification of nonexistence of record.* The chief of the Records Administration and Information Branch of the Central Office may certify the nonexistence in the records of the Service of an official file, document, or record pertaining to a specified person or subject.

§ 2.3 *Remittance of fees*—(a) *When submitted.* Except as otherwise provided in § 2.5, fees shall be submitted with any formal application or petition prescribed in this chapter and shall be in the amount prescribed by the act or other applicable statute or regulation. When any discretionary relief in exclusion or deportation proceedings is granted absent an application and fee therefor, the district director having administrative jurisdiction over the place where the original proceeding was conducted shall require the filing of the application and the payment of the fee. All remittances shall be accepted subject to collection. A receipt issued by a Service officer for any such remittance shall not be binding if the remittance is found uncollectible. Such fees shall not be accepted in the form of postage stamps.

(b) *Payee.* Remittances shall be made payable to the "Immigration and Naturalization Service, Department of Justice," except that in the case of applicants residing in the Virgin Islands of the United States, the remittances shall be made payable to the "Commissioner of Finance of the Virgin Islands," and except that in the case of applicants residing in Guam, the remittances shall be made payable to the "Treasurer, Guam." The address of the payee shall not be included in that part of the form of remittance intended solely for the designation of the payee. Whenever it shall be necessary to indicate on a form

of remittance the place at which the remittance is collectible or payable, there shall be used the name of the city or town and the State in which is located the Service office to which the application is to be sent.

§ 2.4 *Copies of Service records and information: fees.* Except as otherwise provided by law or regulations, there shall be paid in advance for furnishing any person or agency (other than an officer or agency of the United States or of any State or any subdivision thereof for official use in connection with the official duties of such officers or agencies) copies, certified or uncertified, of any part of, or information from, the records of the Service, a fee of 25 cents per folio of one hundred words or fraction thereof, with a minimum fee of 50 cents for any such service. Whenever it is desired that a copy of a document or written information from the records be officially certified under seal, an additional fee of $1.00 is required.

§ 2.5 *Fees for service, documents, papers, and records not specified in the Immigration and Nationality Act.* In addition to the fees enumerated in sections 281 and 344 of the Immigration and Nationality Act, the following fees and charges are prescribed:

For filing application for United States citizen border crossing identification card_____ $5.00

For filing application for the benefits of section 316 (b) or 317 of the Immigration and Nationality Act____ 10.00

For filing an appeal from, or a motion to reopen or reconsider, a decision in an exclusion or deportation proceeding. (The minimum fee of $25 shall be charged whenever such an appeal or motion is filed by or on behalf of two or more aliens and all such aliens are covered by one decision.)_____ 25.00

For filing an appeal from, or a motion to reopen or reconsider, any decision under the immigration laws, except from a decision in an exclusion or deportation proceeding. (The minimum fee of $10 shall be charged whenever such an appeal or motion is filed by or on behalf of two or more aliens and all of such aliens are covered by one decision.)_____ 10.00

For filing application for Alien Registration Receipt Card in lieu of one lost, mutilated, or destroyed, or in changed name, or in lieu of form other than I-151_____ 5.00

For filing application for approval of a school_____ 25.00

For filing application for permission to reapply in the case of excluded or deported aliens, aliens who have fallen into distress and have been removed, aliens who have been removed as alien enemies, or aliens who have been removed at Government expense in lieu of deportation_____ 5.00

For filing application for discretionary relief under section 212 (c) of the Immigration and Nationality Act____ 25.00

For filing application for discretionary relief under section 212 (d) (3) of the Immigration and Nationality Act, except in emergency cases or where the granting of the application is in the interest of the United States Government_____ 25.00

For filing application for Alien Laborer's Permit in lieu of one lost, mutilated, or destroyed_____ 1.00

For filing application for waiver of passport or visa of an individual alien prior to or at the time he applies for temporary admission to the United States. (This fee shall not be applicable to an admissible alien who is officially engaged in activities in connection with any multipartite treaty organization of which the United States is signatory, or who is a member of the armed forces of any foreign government, or who is seeking admission under section 101 (a) (15) (A) or (G) of the act) _____ [1] $10.00

For filing application for waiver of visa of an individual alien at the time he applies for admission to the United States as a returning resident _____ [1] 10.00

For a search of an arrival record in case information is for personal benefit   3.00

For annual subscription for "Passenger Travel Reports via Sea and Air" __   10.00

For an annual table on "Passenger Travel Reports via Sea and Air" _____   .20

For set of six annual tables on "Passenger Travel Reports via Sea and Air" _____   1.00

For filing application for waiver of grounds for exclusion contained in section 212 (a) (14) of the Immigration and Nationality Act _____   10.00

For special statistical tabulations a charge will be made to cover the cost of the work involved.

For filing application for stay of deportation under § 243.3 (b) of this chapter, except when made concurrently with a motion to reopen or reconsider a decision in a deportation proceeding _____   25.00

For filing application for waiver of passport or of an individual alien prior to or at the time he applies for admission to the United States for permanent residence _____ [1] 10.00

For filing application for preexamination. (The fee and application shall not be required of an alien who has filed an application for adjustment of status under section 4 of the Displaced Persons Act of 1948, as amended, or section 6 of the Refugee Relief Act of 1953, as amended, for suspension of deportation; a previous application for preexamination, or an application for adjustment of status under section 245 or 248 or for creation of a record of admission for permanent residence under section 249 of the Immigration and Nationality Act.) _____   25.00

For filing an application for certificate of citizenship by claimant under section 309 (c) of the act _____   5.00

[1] Plus communication costs.

## PART 3—IMMIGRATION BONDS

§ 3.1  *Immigration bonds—*(a) *Acceptable sureties.* In cases other than those in which cash is deposited pursuant to Part 213 of this chapter, the following shall be the only acceptable sureties on a bond furnished in connection with the administration of the Immigration and Nationality Act:

(1) A company holding a certificate from the Secretary of the Treasury under sections 6 to 13 of title 6 of the United States Code as an acceptable surety on Federal bonds;

(2) A surety who deposits United States bonds or notes which are of the class described in section 15 of title 6 of the United States Code and Treasury Department regulations issued pursuant thereto and which are not redeemable

within one year from the date on which they are offered for deposit; or

(3) Sureties, who shall be two in number, each of whom shall justify separately in real property which is not exempted from levy and sale upon execution and which is actually valued, over and above all encumbrances, at double the amount of the bond, and each of whom shall, in addition to making such justification, satisfactorily establish to the immigration officer authorized to approve the bond that his net worth, over and above all obligations and liabilities of any kind, secured or unsecured, is equal to double the amount of the bond.

(b) *Approval; extension agreements; consent of surety; collateral security.* Regardless of the section of law or regulations under which a bond is required, district directors are authorized, either directly or through officers or employees designated by them, to approve bonds which are prepared on a form approved by the Commissioner. Such officers are also authorized to approve formal agreements by which a surety consents to an extension of his liability on any such bond and to approve any power of attorney executed on Form I-312 or Form I-313 which purports to authorize the delivery after its release of collateral deposited to secure the performance of any such bond to some person or concern other than the depositor thereof. Unless otherwise specifically provided in this chapter or by the Commissioner in any case or class of cases, bonds prepared on forms approved by the Commissioner, all agreements of extension of liability relating thereto, and all powers of attorney for delivery of collateral security deposited in connection therewith shall be retained at the office of the Service where approved. Bonds prepared on any form other than one approved by the Commissioner, agreements of extension of liability relating thereto, and any powers of attorney to receive back collateral deposited in connection therewith, shall be submitted to the regional commissioner for approval. Regardless of the form on which the bond is prepared, any power of attorney not executed on Form I-312 or Form I-313, purporting to authorize the delivery after its release of any deposit of collateral security to some person or concern other than the depositor thereof, shall be forwarded, together with the bond and all appurtenant documents, to the regional commissioner for approval. In the same manner, all requests for delivery of collateral security to a person other than the depositor or his approved attorney in fact shall be forwarded to the regional commissioner for approval, except that a request for delivery of collateral security to a duly appointed and undischarged administrator or executor of the estate of a deceased depositor shall be forwarded to the district director for approval.

(c) *Violation of conditions; cancellation.* (1) Whenever it shall appear that a condition of a bond executed in connection with the administration of the immigration laws may have been violated, or when a request for release from

liability is received from an obligor, the bond, all appurtenant documents, and a full report of the circumstances shall be forwarded to the district director having administrative jurisdiction over the office where the bond is retained for decision as to whether the conditions of the bond have been met so that it may be cancelled, or whether any condition of the bond has been violated so that liability thereunder should be enforced, or whether the circumstances are such that the bond should be continued in effect. If the obligors are adversely affected by the decision of the district director, they shall be notified by him in writing on Form I-323 of his decision. No appeal shall lie from the decision of the district director.

(2) If all the conditions of a bond executed in connection with the administration of the immigration laws have been complied with and the obligation has thereby been discharged by its own terms, the district director shall so notify the obligors on Form I-391. Similar notice may be given if all the conditions of the bond have been complied with and (i) the alien has departed from the United States or, being the sole obligor on the bond or holding an approved power of attorney from the obligor, is about to depart from the United States, (ii) the alien has died, (iii) the alien has been naturalized as a citizen of the United States, (iv) a new bond has been furnished to replace the existing bond, or (v) in the case of a delivery bond, the warrant of arrest or deportation has been cancelled, or the alien's application for suspension of deportation has been approved, or the alien has been imprisoned, or inducted into the armed forces of the United States.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103)

## PART 4—LAWFUL ADMISSION FOR PERMANENT RESIDENCE; SPECIAL CLASSES; WHEN PRESUMED

Sec.
4.1  Chinese person; definition.
4.2  Presumption of lawful admission.
4.3  Applicability of travel restrictions imposed by section 212 (d) (7) of the Immigration and Nationality Act.

AUTHORITY: §§ 4.1 to 4.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 212, 66 Stat. 166, 182; 8 U. S. C. 1101, 1182.

§ 4.1  *Chinese person; definition.* For the purposes of this part an alien who is of as much as one-half Chinese blood and is not of as much as one-half blood of a race or races which were ineligible for naturalization under section 303 of the Nationality Act of 1940, as amended, shall be regarded as a Chinese person.

§ 4.2  *Presumption of lawful admission.* An alien of any of the following-described classes shall be presumed to have been lawfully admitted for permanent residence within the meaning of the Immigration and Nationality Act (even though no record of his admission can be found, except as otherwise provided in this part) unless the alien abandoned his status as a lawful permanent resident, or

AR2022_200101

9770                              **RULES AND REGULATIONS**

lost such status by operation of law, at any time subsequent to such admission:

(a) *Aliens who entered prior to June 30, 1906.* An alien who establishes that he entered the United States prior to June 30, 1906.

(b) *Aliens who entered across land borders of the United States.* An alien who establishes that, while a citizen of Canada or Newfoundland, he entered the United States across the Canadian border prior to October 1, 1906, and an alien who establishes that while a citizen of Mexico he entered the United States across the Mexican border prior to July 1, 1908.

(b-1) *Aliens who entered at the port of Presidio, Texas, prior to October 21, 1918.* An alien who establishes that, while a citizen of Mexico, he entered the United States at the port of Presidio, Texas, prior to October 21, 1918.

(c) *Aliens preexamined in Canada prior to July 1, 1924.* An alien in whose case no record exists of his actual admission to the United States but who establishes that he gained admission to the United States prior to July 1, 1924 pursuant to preexamination at a United States immigration station in Canada and that a record of such preexamination exists.

(d) *Aliens who entered the Virgin Islands.* An alien who establishes that he entered the Virgin Islands of the United States prior to July 1, 1938, even though a record of his admission as a non-immigrant under the Immigration Act of 1924, prior to July 1, 1938, exists.

(e) *Aliens within the Asiatic barred zone.* An alien who establishes that he is of a race indigenous to, and a native of a country within, the Asiatic zone defined in section 3 of the act of February 5, 1917, as amended, that he was a member of a class of aliens exempted from exclusion by the provisions of the said section, and that he entered the United States prior to July 1, 1924, provided that a record of such entry exists.

(f) *Chinese persons.* (1) A Chinese person in whose case there exists a record of his admission to the United States prior to July 1, 1924, under the provisions of the laws, orders, rules or regulations applicable to Chinese and who establishes that at the time of his admission he was a member of one or more of the following-described classes:

Merchants.
Teachers.
Students.
Sons or daughters under 21 years of age and wives, accompanying or following to join such merchants, teachers, and students.
Travelers for curiosity or pleasure.
Accompanying sons or daughters under 21 years of age and accompanying wives of such travelers.
Wives of United States citizens.
Returning laborers.
Persons admitted as United States citizens under section 1993 of the Revised Statutes of the United States, as amended, but who were admitted in error for the reason that their fathers had not resided in the United States prior to their birth.

(2) A Chinese person in whose case there exists a record of his admission to the United States as a member of one of the following classes, and who establishes that he was, at the time of his admission, a member thereof:

Aliens readmitted between July 1, 1924, and December 16, 1943, inclusive, as returning Chinese laborers who acquired lawful permanent residence prior to July 1, 1924.

Persons admitted between July 1, 1924 and June 6, 1927, inclusive, as United States citizens under section 1993 of the Revised Statutes of the United States, but who were admitted in error for the reason that their fathers had not resided in the United States prior to their birth.

Aliens admitted at any time after June 30, 1924, under subsections (b) or (d) of section 4 of the Immigration Act of 1924.

Aliens wives admitted between June 13, 1930, and December 16, 1943, inclusive, and after August 9, 1946, under subsection (a) of section 4 of the Immigration Act of 1924.

Aliens admitted on or after December 17, 1943, under subsection (f) of section 4 of the Immigration Act of 1924.

Aliens admitted on or after December 17, 1943, under section 317 (c) of the Nationality Act of 1940, as amended.

Aliens admitted on or after December 17, 1943, as preference or non-perference quota immigrants pursuant to section 2 of the act of that date.

Aliens admitted between July 1, 1924, and December 23, 1952, both dates inclusive, as the wives or minor sons or daughters of treaty merchants, admitted before July 1, 1924.

(g) *Citizens of the Philippine Islands*—(1) *Who entered United States before May 1, 1934.* An alien who establishes that he entered the United States prior to May 1, 1934, and that he was on the date of such entry a citizen of the Philippine Islands: *Provided,* That, for the purpose of petitioning for naturalization under Title III of the Immigration and Nationality Act, such alien shall not be regarded as having been lawfully admitted to the United States for permanent residence unless he was a citizen of the Commonwealth of the Philippines on July 2, 1946.

(2) *Who entered Hawaii between May 1, 1934 and July 3, 1946.* An alien who establishes that he entered Hawaii between May 1, 1934 and July 3, 1946, inclusive, under the provisions of the last sentence of section 8 (a) (1) of the act of March 24, 1934, as amended, that he was on the date of such entry a citizen of the Philippine Islands, and that a record of such entry exists.

(3) *Travel restrictions.* Notwithstanding the provision of this paragraph, an alien of the class described in subparagraph (2) of this paragraph, and an alien of the class described in subparagraph (1) of this paragraph who entered the United States at Hawaii prior to May 1, 1934, shall be subject to the travel restriction imposed by the proviso to section 212 (d) (7) of the Immigration and Nationality Act.

(h) *Aliens temporarily admitted to the United States.* Aliens in any of the following-described classes, who on their admission expressed an intention to remain in the United States temporarily or to pass in transit through the United States, of whose admission a record exists, but who remained in the United States:

(1) Aliens admitted prior to June 3, 1921, except aliens admitted temporarily under the 9th proviso to section 3 of the Immigration Act of 1917, aliens admitted as accredited officials of foreign governments, their suites, families, or guests, and seamen admitted in pursuit of their calling.

(2) Aliens admitted under the act of May 19, 1921, as amended, who were admissible for permanent residence under that act notwithstanding the quota limitations thereof.

(3) An accompanying wife or unmarried son or daughter under 21 years of age of an alien admitted under the act of May 19, 1921, as amended, who was admissible for permanent residence under that act notwithstanding the quota limitations thereof.

(4) Aliens admitted under the act of May 19, 1921, as amended, who were charged under that act to the proper quota at time of their admission or subsequently and who remained so charged.

(i) *Citizens of the Trust Territory of the Pacific Islands who entered Guam prior to December 24, 1952.* An alien who establishes that while a citizen of the Trust Territory of the Pacific Islands he entered Guam prior to December 24, 1952, by records, such as Service records subsequent to June 15, 1952, records of the Guamanian Immigration Service, records of the Navy or Air Force, or records of contractors of those agencies, and was residing in Guam on that date.

(j) *Aliens admitted to Guam.* (1) An alien who establishes that he was admitted to Guam prior to December 24, 1952, by records, such as Service records subsequent to June 15, 1952, records of the Guamanian Immigration Service, records of the Navy or Air Force, or records of contractors of those agencies; that he was not excludable under the act of February 5, 1917, as amended; and that he continued to reside in Guam until December 24, 1952, and thereafter has not been admitted or readmitted into Guam as a nonimmigrant: *Provided,* That the provisions of this subparagraph shall not apply to an alien who was exempted from the contract laborer provisions of section 3 of the Immigration Act of February 5, 1917, as amended, through the exercise, expressly or impliedly, of the 4th or 9th provisos to section 3 of the said act.

(2) An alien residing in Guam who establishes that he was previously lawfully admitted for permanent residence at a continental port of the United States, that a record of such admission exists, and that he has not abandoned the status of resident of the United States.

§ 4.3 *Applicability of travel restrictions imposed by section 212 (d) (7) of the Immigration and Nationality Act.* Nothing in this part shall be construed as exempting any person or class of persons enumerated herein from the application of section 212 (d) (7) of the Immigration and Nationality Act.

---

PART 5—REVOCATION OF CERTIFICATES, DOCUMENTS, OR RECORDS ISSUED OR MADE BY ADMINISTRATIVE OFFICERS

Sec.
5.1    Certificates, documents, and records subject to cancellation.

Sec.
5.11   Report and notice.
5.12   Failure to answer; admission of allegations.
5.13   Answer filed; personal appearance; notice.
5.14   Surrender of documents.

AUTHORITY: §§ 5.1 to 5.14 issued under sec. 103; 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 332, 342—344, 66 Stat. 252, 263—264; 8 U. S. C. 1443, 1453—1455.

§ 5.1   *Certificates, documents, and records subject to cancellation.* The cancellation of certificates, documents, or records referred to in section 342 of the Immigration and Nationality Act shall apply to a certificate of naturalization, certificate of repatriation, certificate of citizenship, certificate of derivative citizenship, certificate of lawful entry or certificate of registry issued prior to December 24, 1952, special certificate of naturalization for recognition by a foreign state, copies of such certificates, documents, or records, exception from the classification of alien enemy, and certifications of the records of the Service made or issued under section 341 (e) or 342 (b) (8) of the Nationality Act of 1940, or section 343 (e) or 344 (b) (6) of the Immigration and Nationality Act.

§ 5.11   *Report and notice.* Except as otherwise provided in this chapter, whenever it shall appear that any certificate, document, or record referred to in § 5.1 was illegally or fraudulently obtained from, or was created through illegality or by fraud practiced upon, the issuing officer, a complete report shall be submitted to the district director having administrative jurisdiction over the subject's last known place of residence in the United States. If the district director is satisfied that a prima facie showing has been made that such certificate, document, or record was obtained or granted through illegality or fraud, he shall cause to be served a written notice on the person to whom the certificate or document was issued or in whose behalf the record was furnished at such person's last known address. The notice shall inform such person of intention to cancel the certificate, document, or record, and the grounds upon which it is intended to base such cancellation. The notice shall also inform the person to whom it is addressed that he may submit, within 60 days from the date of service of the notice, an answer in writing under oath, setting forth reasons why such certificate, document, or record should not be cancelled. The notice shall also advise the person to whom it is addressed that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before such immigration officer as may be designated for that purpose. The person to whom the notice is addressed shall further be advised therein that he may have the assistance of counsel, without expense to the government of the United States, in the preparation of his answer or in connection with such personal appearance, and shall have opportunity to examine, at the appropriate office of the Service, the evidence upon which it is proposed to base such cancellation.

§ 5.12   *Failure to answer; admission of allegations.* If the person served with notice under § 5.11 fails to file a written answer within the time allowed therefor, or if the answer admits the allegations in the notice irrespective of whether a personal appearance is requested, the district director shall cancel the certificate, document, or record. No appeal shall lie from such cancellation.

§ 5.13   *Answer filed; personal appearance; notice.* Upon receipt of an answer asserting a defense to the allegations in a notice served pursuant to § 5.11, the district director shall designate an officer of the Service to consider and, if a request for a personal appearance was made, to interview the party affected. If a personal appearance was requested, such officer shall notify the subject of the time, date and place, to appear for interview and of the subject's right to be represented by counsel or representative at no expense to the Government. At the conclusion of the interview, the subject or his attorney or representative shall be given a reasonable time not to exceed 10 days for the submission of briefs. The officer shall, after consideration of the case if no personal appearance was requested, or after completion of the interview and the consideration of any brief submitted, prepare a report summarizing the evidence and containing his findings and recommendation. The report shall be forwarded to the district director, with the record in the case. If the district director finds that the certificate, document, or record was not obtained through illegality or fraud, he shall order the matter terminated, and the subject shall be so notified. If the district director finds that the certificate, document, or record was obtained or created through illegality or fraud, he shall order that it be cancelled ab initio. Notice of such action and the reasons therefor shall be given to the subject or his attorney or representative, and the subject shall be informed of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 5.14   *Surrender of documents.* Upon the cancellation of any document under this part, the subject shall be requested by the district director, in writing, to surrender the document to the district director.

PART 6—BOARD OF IMMIGRATION APPEALS: APPEALS; REOPENING AND RECONSIDERATION.

Sec.
6.1   Board of Immigration Appeals.
6.2   Reopening or reconsideration.
6.11   Notice of appeal.
6.12   Withdrawal of appeal.
6.13   Forwarding of record on appeal.
6.14   Stay of execution of decision.
6.15   Notice of certification.
6.16   Fees.
6.21   Motion to reopen or motion to reconsider.

AUTHORITY: §§ 6.1 to 6.21 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103.

§ 6.1   *Board of Immigration Appeals—* (a) *Organization.* There shall be in the office of the Attorney General a Board of Immigration Appeals. It shall be under the supervision and direction of the Attorney General and shall be responsible solely to him. The Board shall consist of a chairman and four other members and shall have attached to it an executive assistant-chief examiner who shall have authority to act as an alternate member. It shall also have attached to it such number of attorneys and other employees as the Attorney General upon recommendation of the Board, shall from time to time direct. In the absence of the chairman, a member designated by him shall act as chairman.

(b) *Appellate jurisdiction.* Appeals shall lie to the Board of Immigration Appeals from the following:

(1) Decisions of special inquiry officers in exclusion cases, as provided in Part 236 of this chapter;

(2) Decisions of special inquiry officers in deportation cases, as provided in Part 242 of this chapter;

(3) Decisions of district directors on applications for the advance exercise of the discretionary authority contained in section 212 (c) of the Immigration and Nationality Act, as provided in Part 212 of this chapter;

(4) Decisions of district directors involving administrative fines and penalties, including mitigation thereof, as provided in Part 280 of this chapter;

(5) Decisions of district directors on petitions filed in accordance with section 205 of the Immigration and Nationality Act or decisions revoking the approval of such petitions in accordance with section 206 of the Immigration and Nationality Act, as provided in Parts 205 and 206, respectively, of this chapter;

(6) Decisions of district directors or the Assistant Commissioner, Examinations Division, on applications for the advance exercise of the discretionary authority contained in section 212 (d) (3) of the Immigration and Nationality Act, as provided in Part 212 of this chapter;

(7) Determinations of regional commissioners or district directors relating to bond, parole, or detention of an alien as provided in Part 242 of this chapter.

(c) *Jurisdiction by certification.* The Commissioner, an assistant commissioner, a regional commissioner, or the Board may in any case arising under paragraph (b) (1) through (6) of this section require certification of such case to the Board.

(d) *Powers of the Board—* (1) *Generally.* Subject to any specific limitation prescribed by this chapter, in considering and determining cases before it as provided in this part the Board shall exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case, except that the Board shall have no authority to consider or determine the manner, at whose expense, or to which country an alien shall be deported.

(2) *Finality of decision.* The decision of the Board shall be final except in those cases reviewed by the Attorney General in accordance with paragraph (h) of this section. The Board may re-

AR2022_200103

**RULES AND REGULATIONS**

turn a case to the Service for such further action as may be appropriate to the case, without entering a final decision on its merits.

(3) *Admission to practice.* The Board shall have authority, with the approval of the Attorney General, to promulgate rules of practice governing the proceedings before it, and to determine the admission, conduct, and disbarment, of attorneys, representatives, and other persons authorized to practice before the Board or the Service.

(e) *Oral argument.* Oral argument shall be heard by the Board upon request, in any case over which the Board acquires jurisdiction by appeal or certification as provided in this part. If an appeal has been taken, request for oral argument if desired shall be included in the Notice of Appeal. The Board shall have authority to fix any date or change any date upon which oral argument is to be heard. The Service may be represented in argument before the Board by any officer designated by the Commissioner. The Board shall convene for the purpose of hearing oral argument at its offices in Washington, D. C., at 2:00 p. m. or such other time as it may designate on every day except Saturdays, Sundays, and legal holidays.

(f) *Service of Board decisions.* The decision of the Board shall be in writing and copies shall be transmitted by the Board to the Service and a copy served upon the alien or party affected as provided in §§ 292.11 and 292.12 of this chapter.

(g) *Board's decisions as precedents.* Except as they may be modified or overruled by the Board or the Attorney General, decisions of the Board shall be binding on all officers and employees of the Service in the administration of the Immigration and Nationality Act, and selected decisions designated by the Board shall serve as precedents in all proceedings involving the same issue or issues.

(h) *Referral of cases to the Attorney General.* (1) The Board shall refer to the Attorney General for review of its decision all cases which:

(i) The Attorney General directs the Board to refer to him.

(ii) The chairman or a majority of the Board believes should be referred to the Attorney General for review.

(iii) The Commissioner or an assistant commissioner requests be referred to the Attorney General for review.

(2) In any case in which the Attorney General shall review the decision of the Board, his decision shall be stated in writing and shall be transmitted to the Board for transmittal and service as provided in paragraph (f) of this section.

§ 6.2  *Reopening or reconsideration.* Reconsideration or reopening of any case in which a decision has been made by the Board, whether requested by the Commissioner, an assistant commissioner, a regional commissioner, or by the party affected by the decision, shall be only upon written motion to the Board. A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deporta-

tion proceedings subsequent to his departure from the United States. Any departure of such person from the United States occurring after the making of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. For the purpose of this section, any final decision made by the Commissioner prior to the effective date of the Immigration and Nationality Act and of this chapter with respect to any case within the classes of cases enumerated in § 6.1 (b) (1), (2), (3), (4), and (5) shall be regarded as a decision by the Board.

§ 6.11  *Notice of appeal.* A party affected by a decision who is entitled under this chapter to appeal to the Board shall be given notice of his right to appeal. An appeal is taken by filing Notice of Appeal, Form I-290A, in triplicate, with the district director having administrative jurisdiction over the case, within the time specified in the governing sections of this chapter. The regional commissioner, district director, or the Board, in their discretion, for good cause shown, may extend the time within which to submit a brief in support of such appeal. The certification of a case as provided in this part shall not relieve the party affected from compliance with the provisions of this section in the event he is entitled, and desires, to appeal from an initial decision, nor shall it serve to extend the time specified in the applicable parts of this chapter for the taking of an appeal. Departure from the United States of a person under deportation proceedings, prior to the taking of an appeal from a decision in his case, shall constitute a waiver of his right to appeal.

§ 6.12  *Withdrawal of appeal.* In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal of such appeal with the officer with whom the notice of appeal was filed. If the record in the case has not been forwarded to the Board on appeal in accordance with § 6.13 the decision made in the case shall be final to the same extent as though no appeal had been taken. If the record has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the Board and, if no decision in the case has been made on the appeal, the record shall be returned and the initial decision shall be final to the same extent as though no appeal had been taken. If a decision on the appeal was made by the Board in the case, further action shall be taken in accordance therewith. Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal but prior to a decision thereon shall constitute a withdrawal of the appeal and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

§ 6.13  *Forwarding of record on appeal.* If an appeal is taken from a decision, as provided in this chapter, the entire record of the proceeding shall be forwarded to the Board by the district director having administrative jurisdiction over the case upon timely receipt of the brief in support of the appeal, or

upon expiration of the time allowed for the submission of the brief.

§ 6.14  *Stay of execution of decision.* The decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.

§ 6.15  *Notice of certification.* Whenever in accordance with the provisions of § 6.1 (c) a case is required to be certified to the Board, the alien or other party affected shall be given notice of certification. A case shall not be certified until an initial decision has been made and no appeal has been taken. If it is known at the time of making the initial decision that the case will be certified, the notice of certification shall be included in such decision and no further notice of certification shall be required. If it is not known until after the initial decision was made that the case will be certified, the district director having administrative jurisdiction over the case shall cause a Notice of Certification (Form I-290C) to be served upon the party affected. In either case the notice shall inform the party affected that the case is required to be certified to the Board and of the right to make representation before the Board, including oral argument and submission of brief, if desired. The brief shall be submitted to such district director for transmittal to the Board within 10 days from receipt of the notice of certification, unless for good cause shown the district director or the Board extends the time within which the brief may be submitted. The party affected may waive the submission of such brief. The case shall be certified and forwarded to the Board by the district director upon receipt of the brief, or the expiration of the time within which the brief may be submitted, or upon receipt of a written waiver of the right to submit a brief.

§ 6.16  *Fees.* Except as otherwise provided in this section, a notice of appeal or a motion filed under this part by any person other than an officer of the Service shall be accompanied by a fee specified by, and remitted in accordance with, the provisions of Part 2 of this chapter. In any case in which an alien or other party affected is unable to pay the fee for an appeal or a motion, he shall file with the notice of appeal or the motion his affidavit stating the nature of the motion or appeal, the affiant's belief that he is entitled to redress, his inability to pay the required fee, and request permission to prosecute the appeal or motion without prepayment of such fee. If such an affidavit is filed with the officer of the Service from whose decision the appeal is taken or with respect to whose decision the motion is addressed, he shall, if he believes that the appeal or motion is not taken or made in good faith, certify in writing his reasons for such belief for consideration by the Board. The Board may, in its discretion, authorize the prosecution

of any appeal or motion without prepayment of fee.

§ 6.21 *Motion to reopen or motion to reconsider*—(a) *Form.* Motions to reopen and motions to reconsider shall be submitted in triplicate. A request for oral argument if desired shall be incorporated in the motion. The Board in its discretion may grant or deny oral argument. Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons for reconsideration and shall be supported by such precedent decisions as are pertinent. In any case in which a deportation order is in effect, there shall be included in the motion to reopen or reconsider that order a statement by or on behalf of the moving party declaring whether or not the subject of the deportation order is also the subject of any pending criminal proceeding under section 242 (e) of the Immigration and Nationality Act and, if so, the current status of that proceeding. If the motion to reopen or reconsider is for the purpose of seeking discretionary relief, there shall be included in the motion a statement by or on behalf of the moving party declaring whether or not the alien for whose relief the motion is filed is subject to any pending criminal prosecution and, if so, the nature and current status of that prosecution. The filing of a motion to reopen or a motion to reconsider shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board or the district director having administrative jurisdiction over the case.

(b) *Distribution of motion papers when alien is moving party.* In any case in which a motion to reopen or a motion to reconsider is made by the alien or other party affected, the three copies of the motion papers shall be submitted to the district director having administrative jurisdiction over the place where the proceedings were conducted, who shall retain one copy, forward one copy to the officer of the Service who made the initial decision in the case, and submit the third copy with the case to the Board.

(c) *Distribution of motion papers when the Commissioner, an assistant commissioner, or a regional commissioner is the moving party.* Whenever a motion to reopen or a motion to reconsider is made by the Commissioner, an assistant commissioner, or a regional commissioner, he shall cause one copy of the motion to be served upon the alien or party affected, as provided in §§ 292.11 and 292.12 of this chapter, and shall cause the record in the case and one copy of the motion to be filed directly with the Board, together with proof of service upon the alien or other party affected. Such alien or party shall have a period of ten days from the date of service upon him of the motion within which to submit a brief in opposition to the motion. Two copies of such brief shall be filed directly with the Board and one copy directly with the Commissioner. The submission of such brief may be

No. 236—Part II—57——2

waived. The Board, in its discretion, for good cause shown may extend the time within which such brief may be submitted.

(d) *Ruling on motion.* Rulings upon motions to reopen or motions to reconsider shall be by written order. If the order directs a reopening, the record shall be returned to the district director having administrative jurisdiction over the place where the reopened proceedings are to be conducted. If the motion to reconsider is granted, the decision upon such reconsideration shall affirm, modify, or reverse the original decision made in the case.

---

### PART 7—REGIONAL COMMISSIONERS: APPEALS

Sec.
7.1    Regional commissioners.
7.11   Notice of appeal.
7.12   Withdrawal of appeal.
7.13   Forwarding of record on appeal.
7.14   Stay of execution of decision.
7.15   Notice of certification.
7.16   Fees.

AUTHORITY: §§ 7.1 to 7.16 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 332, 66 Stat. 252; 8 U. S. C. 1443.

§ 7.1 *Regional commissioners*—(a) *Appellate jurisdiction.* Appeals shall lie to the regional commissioners from the following:

(1) Decisions of district directors on petitions filed in accordance with section 204 or 214 (c) of the Immigration and Nationality Act or from decisions revoking the approval of such petitions in accordance with section 206 of that act, as provided in Parts 204, 214h, and 206 of this chapter;

(2) Decisions of district directors on applications for consent to reapply for admission to the United States under section 212 (a) of the Immigration and Nationality Act, as provided in Part 212 of this chapter;

(3) Decisions of district directors on applications for permission for aliens to enter the United States notwithstanding section 212 (a) (14) of the Immigration and Nationality Act, as provided in Part 212a of this chapter;

(4) Decisions of district directors on applications for the approval of schools or from decisions of district directors revoking the approval of schools, in accordance with section 101 (a) (15) (F) of the Immigration and Nationality Act, as provided in Part 214f of this chapter;

(5) Decisions of district directors on applications for reentry permits under section 223 of the Immigration and Nationality Act, as provided in Part 223 of this chapter;

(6) Decisions of district directors on applications for adjustment of status under section 245 of the Immigration and Nationality Act, as provided in Part 245 of this chapter;

(7) Decisions of district directors rescinding adjustment of status under section 246 of the Immigration and Nationality Act, as provided in Part 246 of this chapter;

(8) Decisions of district directors adjusting status under section 247 of the Immigration and Nationality Act, as provided in Part 247 of this chapter;

(9) Decisions of district directors on applications to change status under section 248 of the Immigration and Nationality Act, as provided in Part 248 of this chapter;

(10) Decisions of district directors on applications for the creation of a record of admission under section 249 of the Immigration and Nationality Act, as provided in Part 249 of this chapter;

(11) Decisions of district directors on applications filed under Parts 316 and 317 of this chapter for residence or physical presence benefits for naturalization purposes;

(12) [Reserved.]

(13) Decisions of district directors on applications for certificates of citizenship under Part 341 of this chapter;

(14) Decisions of district directors revoking certificates, documents or records under section 342 of the Immigration and Nationality Act, as provided in Part 5 of this chapter;

(15) Decisions of district directors on applications for certificates of naturalization or repatriation under Part 343 of this chapter;

(16) Decisions of district directors on applications for replacement of certificates of naturalization or citizenship under Part 343a of this chapter;

(17) Decisions of district directors on applications for special certificates of naturalization under section 343 of the Immigration and Nationality Act, as provided in Part 343b of this chapter;

(18) [Reserved.]

(19) Decisions of district directors on applications for preexamination under Part 235a of this chapter.

(b) *Jurisdiction by certification.* The regional commissioner may direct that any case or class of cases be certified to him. If the case is one of a class enumerated in § 6.1 (b) of this chapter, the regional commissioner may certify the case to the Board in accordance with § 6.1 (c) of this chapter. In any other case, he may enter such decision as he deems appropriate, and further action shall be taken in accordance with such decision.

(c) *Powers of the regional commissioner.* In considering and determining cases appealed or certified to him and in which he has jurisdiction to enter a decision, the regional commissioner shall exercise such discretion and authority conferred upon the Attorney General by the Immigration and Nationality Act as is appropriate and necessary for the disposition of the case.

(d) *Decision of regional commissioner.* The decision of the regional commissioner shall be in writing. The alien or other party affected by the decision shall be informed of the decision made in the case.

§ 7.11 *Notice of appeal.* Whenever an alien or other party affected by a written decision is entitled under this chapter to appeal to the regional commissioner, he shall be given written notice that he may appeal from such decision; that such appeal may be taken by filing with the district director having administrative jurisdiction over the case three copies of Notice of Appeal, Form I–290B; and, except as otherwise pro-

AR2022_200105

vided in this chapter, that such appeal must be taken within ten days from the receipt of notification of decision. The forms I–290B shall be enclosed with the written notice to the alien. The party taking the appeal may file with the Notice of Appeal a brief in support of his appeal. The party affected may waive the submission of such brief. The district director or the regional commissioner, in his discretion, for good cause shown, may extend the time within which the brief may be submitted. One copy of the Notice of Appeal shall be retained in the office where the proceedings are pending and two copies shall be placed in the file relating to the case. The certification of a case as provided in this part shall not relieve the party affected from compliance with the provisions of this section in the event such party is entitled, and desires, to appeal from an initial decision, nor shall it serve to extend the time specified in the applicable parts of this chapter for the taking of an appeal.

§ 7.12  *Withdrawal of appeal.* In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal of such appeal with the officer with whom the Notice of Appeal was filed. If the record in the case has not been forwarded to the regional commissioner on appeal in accordance with § 7.13, the decision made in the case shall be final to the same extent as though no appeal had been taken. If the record in the case has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the regional commissioner and if no decision in the case has been made on the appeal, the record shall be returned to the office in which the proceedings are pending and the decision in the case shall be final to the same extent as though no appeal had been taken. If a decision on the appeal was made in the case, further action shall be taken in accordance therewith.

§ 7.13  *Forwarding of record on appeal.* If an appeal is taken from a decision, either written or oral, as provided in this chapter, the entire record of the proceedings shall be forwarded by the district director having administrative jurisdiction over the case to the regional commissioner:

(a) Upon receipt of the Notice of Appeal and brief in support thereof if the decision appealed from was in writing; or

(b) Upon receipt of the brief in support of an appeal taken orally if the decision appealed from was oral; or

(c) Upon expiration of the time allowed for the submission of the brief; or

(d) Upon receipt of a written waiver of the right to submit a brief.

§ 7.14  *Stay of execution of decision.* The decision of any proceeding under this chapter from which an appeal to the regional commissioner may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the regional commissioner by way of certification.

§ 7.15  *Notice of certification.* When the regional commissioner in accordance with the provisions of § 7.1 (b) directs that a case (other than one falling within the classes enumerated in § 6.1 (b) of this chapter) be certified to him for review, the alien or other party affected shall be given notice of such certification. Except as otherwise provided in this chapter, a case shall not be certified until an initial decision has been made and no appeal has been taken. If it is known at the time of making the initial decision that the case will be certified, the notice of certification shall be included in such decision and no further notice of certification shall be required. If it is not known until after the initial decision was made that the case will be certified, the district director having administrative jurisdiction over the case shall cause a notice of certification (Form I–290C) to be served upon the party affected. In either case the notice shall inform the party affected that the case is required to be certified to the regional commissioner and of the right to submit a brief, if desired, for consideration by the regional commissioner. The brief shall be submitted to such district director for transmittal to the regional commissioner within ten days from receipt of the notice of certification, unless, for good cause shown, the district director or the regional commissioner extends the time within which the brief may be submitted. The party affected may waive the submission of such brief. The record of the case shall be certified and forwarded to the regional commissioner by the district director upon receipt of the brief, or the expiration of the time within which the brief may be submitted, or upon receipt of a written waiver of the right to submit a brief.

§ 7.16  *Fees.* Except as otherwise provided in this section, a notice of appeal filed under this part shall be accompanied by, and remitted in accordance with, the provisions of Part 2 of this chapter. In any case in which an alien or other party affected is unable to pay the fee for an appeal, he shall file with the notice of appeal his affidavit stating the nature of the appeal, the affiant's belief that he is entitled to redress, his inability to pay the required fee, and requesting permission to prosecute the appeal without prepayment of such fee. If such an affidavit is filed, the officer of the Service from whose decision the appeal is taken shall, if he believes that the appeal is not taken in good faith, certify in writing his reasons for such belief for consideration by the regional commissioner. The regional commissioner may, in his discretion, authorize the prosecution of any such appeal without prepayment of fee.

---

PART 8—REOPENING AND RECONSIDERATION

Sec.
8.1    Reopening and reconsideration.
8.2    Reopening of suspension cases pending in Congress.
8.11   Motion to reopen or reconsider.

AUTHORITY: §§ 8.1 to 8.11 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103.

§ 8.1  *Reopening and reconsideration.* Except as provided in § 6.2 of this chapter, a hearing or examination in any proceeding provided for in this chapter may be reopened or the decision made therein reconsidered for proper cause at the instance of, or upon motion made by the party affected and granted by the regional commissioner, if the decision in the case was made by him, or if the case is before him for review; or the district director, if the decision in the case was made by such officer, unless the record in the case previously was forwarded to the Board or to the regional commissioner; or the special inquiry officer, if he has ordered suspension of deportation and the regional commissioner has approved the granting of suspension but final action in the case has not been taken by Congress; or the special inquiry officer, in any other case in which the decision was made by him, unless the record in the case previously was forwarded to the Board or to the regional commissioner. A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States. Any departure of such person from the United States occurring after the making by him of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion.

§ 8.2  *Reopening of suspension cases pending in Congress.* Any deportation proceeding in which a special inquiry officer has ordered suspension of deportation, the regional commissioner (or the Assistant Commissioner, Inspections and Examinations Division, prior to January 3, 1955) has approved the granting of suspension, and final action in the case has not been taken by Congress, may be reopened by the special inquiry officer for proper cause upon motion made by the district director having administrative jurisdiction over the place where the proceeding was conducted. A motion to reopen which is granted by the special inquiry officer in a suspension case pending before Congress shall be conditioned upon withdrawal of the case from the list of suspension cases referred to Congress.

§ 8.11  *Motion to reopen or reconsider*—(a) *Filing.* When the alien is the moving party, a motion to reopen or to reconsider shall be filed in duplicate with the district director of the place where the proceeding was conducted for transmittal to the officer having jurisdiction to act on the motion, as provided in § 8.1. In any case in which an examining officer has appeared before a special inquiry officer, the district director shall immediately forward a copy of the alien's motion to such examining officer. When an officer of the Service is the moving party, a copy of the motion shall be served on the alien or other party in interest, as provided in §§ 292.11 and 292.12 of this chapter, and the motion, together with proof of service, shall be filed directly with the officer having jurisdiction to act on the motion. The party opposing the motion shall have ten days from the date of service thereof within which he may submit a brief. In his discretion, for good cause

shown, the officer having jurisdiction to act on the motion may extend the time within which such brief may be submitted. If the officer who originally decided the case is unavailable, the motion may be referred to another officer in the district or region having jurisdiction over the subject matter and authorized to act in such cases. Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons for reconsideration and shall be supported by such precedent decisions as are pertinent. A motion not complying fully with this section shall not be accepted and shall be returned to the moving party with a brief statement of the reason for its return. The filing of a motion to reopen or a motion to reconsider under this part shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay is specifically granted by the district director of the place where the proceeding was conducted.

(b) *Ruling on motion.* Rulings upon motions to reopen or motions to reconsider shall be by written decision. If the decision directs a reopening, the record shall be returned to the district director having administrative jurisdiction over the place where the reopened proceedings are to be conducted. If the motion to reconsider is granted, the original decision shall be reconsidered at the time of, and by the officer, granting such motion. The decision upon such reconsideration shall affirm, modify, or reverse the original decision made in the case.

(c) *Notice of reopened hearing or examination.* In any case in which a hearing or examination is reopened as provided in Part 6 of this chapter or this part, a notice of hearing or examination shall be served on the party affected in the same manner and form as the notice required for the original hearing or examination.

(d) *Reopened hearing or examination.* The reopened hearing or examination shall be conducted and further action taken in the proceedings as provided in this chapter for the conduct of the original hearing or examination.

(e) *Appeal.* The decision upon a motion to reopen or a motion to reconsider shall be final, subject to the limitations imposed by § 6.1 (b) (2) of this chapter.

(f) *Fees.* Except as otherwise provided in this paragraph, a motion filed under this part by any person other than an officer of the Service shall be accompanied by a fee specified by, and remitted in accordance with, the provisions of Part 2 of this chapter. In any case in which an alien or other party affected is unable to pay the fee for a motion, he shall file with the motion his affidavit stating the nature of the motion, the affiant's belief that he is entitled to redress, his inability to pay the required fee, and request permission to prosecute the motion without prepayment of such fee. If such an affidavit is filed, the district director having administrative jurisdiction over the place where the

proceedings were conducted shall, if he believes that the motion is not made in good faith, certify in writing his reasons for such belief for consideration by the officer having jurisdiction to act on the motion as provided in § 8.1. The officer having jurisdiction to act on the motion may, in his discretion, authorize the prosecution of any such motion without prepayment of fee.

---

PART 9—AUTHORITY OF COMMISSIONER, REGIONAL COMMISSIONERS, AND ASSISTANT COMMISSIONERS

Sec.
9.1  Authority of Commissioner.
9.2  Authority of Assistant Commissioner, Examinations Division.
9.3  Authority of Assistant Commissioner, Investigations Division.
9.4  Authority of Assistant Commissioner, Enforcement Division.
9.5  Authority of Assistant Commissioner, Administrative Division.
9.5a  Authority of Regional Commissioners.
9.5b  Authority of District Directors.
9.6  Reservation of authority.

AUTHORITY: §§ 9.1 to 9.6 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 332, 66 Stat. 252; 8 U. S. C. 1443.

§ 9.1  *Authority of Commissioner*—(a) *General.* Under the general direction of the Attorney General, the Commissioner is authorized and directed to supervise and direct the administration of the Service, and, subject to the limitations contained in section 103 of the Immigration and Nationality Act and Part 6 of this chapter, to administer and enforce the Immigration and Nationality Act and all other laws relating to immigration, naturalization, and nationality; and for such purposes he is authorized to exercise or perform any of the powers, privileges, and duties conferred or imposed upon the Attorney General thereby, including the authority to promulgate regulations under Subchapters B, and C of this chapter.

(b) *Designation and appointment of special inquiry officer.* The Commissioner may designate, select, and appoint as a special inquiry officer any immigration officer whom he deems specially qualified to exercise the powers and perform the duties of a special inquiry officer as set forth in the Immigration and Nationality Act and this chapter. The Commissioner shall issue to each officer so appointed a certificate under his signature bearing the seal of the Service. Such certificate shall state, and shall be accepted in any proceeding as evidence, that the officer to whom the certificate is issued has the authority to exercise the powers and perform the duties of a special inquiry officer as provided in the Immigration and Nationality Act and in this chapter.

§ 9.2  *Authority of Assistant Commissioner, Examinations Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the inspections, examinations, and hearing programs of the Service, are hereby conferred or imposed upon the Assistant Commissioner, Examinations Division, including:

(a) Applications for waiver of ground of inadmissibility as provided in section 212 (d) (3) of the Immigration and Nationality Act and Part 212 of this chapter, but only in those cases where such applications have been recommended by the Secretary of State or by a consular officer.

(b) Final determinations regarding qualifications of aliens for the benefits of section 212 (a) (28) (I) (ii) of the Immigration and Nationality Act.

§ 9.3  *Authority of Assistant Commissioner, Investigations Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the investigation programs of the Service are hereby conferred or imposed upon the Assistant Commissioner, Investigations Division.

§ 9.4  *Authority of Assistant Commissioner, Enforcement Division.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the border patrol, detention, deportation, and parole programs of the Service are hereby conferred or imposed upon the Assistant Commissioner, Enforcement Division.

§ 9.5  *Authority of Assistant Commissioner, Administrative Division.* The function of requesting information from other Government agencies regarding the identity and location of aliens as provided for in sections 290 (b) and (c) of the Immigration and Nationality Act is conferred upon the Assistant Commissioner, Administrative Division, with related functions.

§ 9.5a  *Authority of Regional Commissioners.* The powers, privileges, and duties conferred or imposed upon officers or employees of the Service under this chapter with respect to the following-described matters are hereby conferred or imposed upon the regional commissioners:

(a) Petitions for immigrant status pursuant to the provisions of sections 204 and 205 of the Immigration and Nationality Act and Parts 204, 205, and 206 of this chapter.

(b) Applications to import nonimmigrants pursuant to the provisions of section 214 of the Immigration and Nationality Act and Parts 214h and 206 of this chapter.

(c) Waiver of passport and visa requirements in particular cases of immigrants in accordance with Part 211 of this chapter.

(d) Nonresident aliens' border crossing identification cards as defined or provided by section 101 (a) (6) of the Immigration and Nationality Act and Part 212 of this chapter.

(e) Applications for permission to reapply for admission after arrest and deportation, exclusion and deportation, removal of aliens who have fallen into distress, removal of alien enemies or removal of aliens at government expense in lieu of deportation, as provided by section 212 (a) (16) and (17) of the Immigration and Nationality Act and Part 212 of this chapter.

AR2022_200107

## RULES AND REGULATIONS

(f) Applications for waiver of ground of inadmissibility of certain resident or nonresident aliens as provided in section 212 (c) or (d) (3) of the Immigration and Nationality Act and Part 212 of this chapter, except as otherwise provided in § 9.2.

(g) Parole of aliens into the United States, and the conditions thereof as provided in section 212 (d) (5) of the Immigration and Nationality Act and Part 212 of this chapter.

(h) Waiver of nonimmigrant passport and visa requirements, acting jointly with the Secretary of State, or his authorized representative, if any, in individual cases of unforeseen emergency, as provided by section 212 (d) (4) of the Immigration and Nationality Act.

(i) Admission on bond of aliens excludable because they are likely to become public charges or because of certain physical defects, diseases, or disabilities as provided in section 213 of the Immigration and Nationality Act and Part 213 of this chapter.

(j) Determinations as to the time for, and conditions under, which nonimmigrants may be admitted to the United States, and as to applications for extension of their temporary stay, as provided in section 214 (a) of the Immigration and Nationality Act, Title V of the Agricultural Act of 1949, as amended, and section 201 of the United States Information and Educational Exchange Act of 1948, as amended, and Parts 214 to 214k, inclusive, of this chapter.

(k) Determinations as to whether escorts shall accompany aliens in transit through the United States as provided in section 214 of the Immigration and Nationality Act and Part 214c of this chapter.

(l) Petitions for approval of schools and the withdrawal of such approval as provided in section 101 (a) (15) (F) of the Immigration and Nationality Act and Part 214f of this chapter.

(m) Applications for waiver of ground of inadmissibility for certain immigrant laborers as provided in secton 212 (a) (14) of the Immigration and Nationality Act and Part 212a of this chapter.

(n) Applications for reentry permits as provided in section 223 of the Immigration and Nationality Act and Part 223 of this chapter.

(o) Designation, and withdrawal of designation, of ports of entry for aliens arriving by vessel or by land transportation as provided in the statement of organization of the Service, and designation, and withdrawal of designation, of airports as international airports for entry of aliens as provided in Part 239 of this chapter.

(p) Detention and designation of the place of detention of aliens as provided by sections 232 and 233 of the Immigration and Nationality Act and Parts 232 and 233 of this chapter.

(q) Exclusion of aliens on grounds relating to the safety and security of the United States and determinations in connection with such cases, as provided in section 235 (c) of the Immigration and Nationality Act and Part 235 of this chapter.

(r) [Reserved.]

(s) [Reserved.]

(t) Stay of deportation of excluded aliens as provided in section 237 of the Immigration and Nationality Act and Part 237 of this chapter.

(u) Issuance and cancellation of warrants of arrests and orders to show cause prior to hearing as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(v) Voluntary departure of aliens prior to hearing as provided in section 242 (b) of the Immigration and Nationality Act and Part 242 of this chapter.

(w) Continuation of detention of aliens or release of aliens from custody as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(x) Detention, conditions of release, and revocation of bond or parole, of aliens as provided in section 242 of the Immigration and Nationality Act and Part 242 of this chapter.

(y) Designation of the countries to which and at whose expense aliens shall be deported and determination as to whether an attendant is required as provided in section 243 of the Immigration and Nationality Act and Part 243 of this chapter.

(z) Stay of execution of warrants and orders of deportation as provided in section 243 of the Immigration and Nationality Act and Part 243 of this chapter.

(aa) Adjustment of status from nonimmigrant to immigrant, as provided in section 245 of the Immigration and Nationality Act and Part 245 of this chapter.

(bb) Rescission of adjustment of status as provided in section 246 of the Immigration and Nationality Act and Part 246 of this chapter.

(cc) Adjustment of the status of aliens lawfully admitted for permanent residence to that of certain nonimmigrant classes as provided in section 247 of the Immigration and Nationality Act and Part 247 of this chapter.

(dd) Change of status of aliens from one nonimmigrant class to another nonimmigrant class as provided in section 248 of the Immigration and Nationality Act and Part 248 of this chapter.

(ee) Creation of record of lawful admission for permanent residence, as provided by section 249 of the Immigration and Nationality Act and Part 249 of this chapter.

(ff) Determinations of applications for removal of aliens who have fallen into distress, as provided in section 250 of the Immigration and Nationality Act and Part 250 of this chapter.

(gg) Removal from the United States of aliens who have fallen into distress as provided in section 250 of the Immigration and Nationality Act and Part 250 of this chapter.

(hh) [Reserved.]

(ii) [Reserved.]

(jj) Replacement of alien-registration receipt cards under Part 264 of this chapter.

(kk) Issuance of subpenas as provided in section 235 (a) of the Immigration and Nationality Act and Part 287 of this chapter.

(ll) Control and guarding of boundaries and borders of the United States

against the illegal entry of aliens and the fixing of boundary distances as provided in section 287 of the Immigration and Nationality Act and Part 287 of this chapter.

(mm) Applications for residence and physical presence benefits under section 316 of the Immigration and Nationality Act and Parts 316a and 317 of this chapter and determinations that employers are American institutions of research or public international organizations within the meaning of section 316 (b) or 316 (b) of the Immigration and Nationality Act.

(nn) [Reserved.]

(oo) [Reserved.]

(pp) Applications for transfer of petitions for naturalization under section 335 (i) of the Immigration and Nationality Act and Part 334 of this chapter.

(qq) Consent to the withdrawal of petitions for naturalization or dismissal for want of prosecution under section 335 (e) of the Immigration and Nationality Act and Part 334 of this chapter.

(rr) Designation of employees of the Service to conduct preliminary examinations upon petitions for naturalization under section 335 (b) of the Immigration and Nationality Act and Part 335 of this chapter.

(ss) Assignment of examining officers at preliminary examinations upon petitions for naturalization under Part 335 of this chapter.

(tt) Waivers of personal investigation of petitioners for naturalization under section 335 (a) of the Immigration and Nationality Act and Part 335c of this chapter.

(uu) Applications for corrections of certificates of naturalization under Part 338 of this chapter.

(vv) Applications for certificates of citizenship under Part 341 of this chapter.

(ww) Applications for certificates of naturalization and repatriation under section 343 (a) of the Immigration and Nationality Act and Part 343 of this chapter.

(xx) Applications for naturalization and citizenship papers replaced under section 343 (b) of the Immigration and Nationality Act and Part 343a of this chapter.

(yy) Applications for special certificates of naturalization under section 343 (c) of the Immigration and Nationality Act and Part 343b of this chapter.

(zz) Admission of immigrants pursuant to the provisions of section 211 (c) and (d) of the Immigration and Nationality Act.

(aaa) Adjustment of immigration status as provided in section 4 of the Displaced Persons Act, as amended, and section 6 of the Refugee Relief Act of 1953 and Part 245a of this chapter.

(bbb) Review of certain designated examiner recommendations as to final disposition of petitions for naturalization by courts under Part 335 of this chapter.

(ccc) Applications for preexamination under Part 235a of this chapter.

(ddd) Determinations regarding qualifications of aliens for the benefits of section 212 (a) (28) (I) (i) of the Immigration and Nationality Act,

AR2022_200108

(eee) Waiver of the requirement that certain exchange aliens be resident and physically present in a cooperating country for an aggregate period of two years following departure from the United States, as provided in section 201 of the United States Information and Educational Exchange Act of 1948, as amended. (Sec. 2, Reorganization Plan 2, 1950, 64 Stat. 1261, note fol. 5 U. S. C. 133z–15)

§ 9.5b  *Authority of District Directors.* Except as otherwise provided, district directors are authorized to grant or deny any formal application or petition in any case provided for in this chapter.

§ 9.6  *Reservation of authority.* The powers, privileges, and duties conferred or imposed by this chapter upon officers or employees of the Service other than those referred to in this section shall be in addition to, and not in substitution for, those conferred or imposed by this part upon the assistant commissioners and the regional commissioners. The powers, privileges, and duties conferred or imposed by this chapter upon officers or employees of the Service other than the Commissioner shall be in addition to, and not in substitution for, those conferred upon the Commissioner by this part. Concurrent and coexistent powers and authority with respect to all delegations made by this chapter are retained by the Attorney General.

### Part 10—Formal Applications and Petitions

§ 10.1  *General.* Every formal application or petition shall be submitted in accordance with the instructions accompanying it or contained therein, such instructions being hereby incorporated into the particular section of the regulations in this chapter requiring its submission. Such applications shall not be accepted and shall be returned if improperly executed. A person or guardian may file a formal application or a petition on behalf of a son, daughter, or ward under 14 years of age. Except as otherwise provided in this chapter, a separate application or petition shall be filed by each applicant or petitioner. Any oath required in the execution of a formal application or a petition may be administered in the United States by an immigration officer or by any other person authorized generally to administer oaths. The Service officer authorized to make decisions may, in his discretion, require the submission of additional evidence, including blood tests where that is deemed helpful and appropriate; may require the testimony of the applicant, petitioner, or other person, and may direct the making of any investigation which he deems necessary to establish the truth or falsity of the allegations in the application or petition and the eligibility of the applicant or petitioner for the requested right or privilege. Any allegations made in addition to or in substitution for, any of those contained in the original application or petition shall be made under oath and filed in the same manner as the original application or petition or noted on the original application or petition and acknowledged

under oath thereon. Formal applications or petitions delivered in person or by mail to any Service office shall be stamped to show the time and date of their actual receipt and shall be regarded as filed when so stamped unless they are returned because they are improperly executed. All documents in a foreign language which are submitted as supporting evidence shall be accompanied by certified English translations thereof.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103)

#### Subchapter B—Immigration Regulations

### Part 204—Petition for Immigrant Status as a Minister or as a Person Whose Services Are Needed Urgently

Sec.
204.1  Definition.
204.2  Petition.

Authority: §§ 204.1 and 204.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 203, 204, 66 Stat. 166, 173, 179; 8 U. S. C. 1101, 1153, 1154.

§ 204.1  *Definition.* As used in section 101 (a) (27) (F) of the act and this part, the term "minister of a religious denomination" means a person duly authorized by a recognized religious sect or denomination to conduct religious worship, and to perform other duties usually performed by a regularly ordained pastor or clergyman. Lay preachers not authorized to perform the duties usually performed by a regularly ordained pastor or clergyman, and cantors, or nuns, do not come within this definition.

§ 204.2  *Petition.* The petition required by section 204 (b) of the act shall be filed by the person, institution, firm, organization, or governmental agency for whom the work, labor, or services are to be performed on Form I–129A for nonquota classification under section 101 (a) (27) (F) (i) of the act as a minister of a religious denomination and on Form I–129 for quota classification under section 203 (a) (1) (A) of the act as an alien whose services are needed urgently in the United States. The petitioner shall be notified of the decision and, if the petition is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

### Part 205—Petition for Immigrant Status as Relative of United States Citizen or Lawful Resident Alien

§ 205.1  *Petition.* A petition by a United States citizen under section 205 (b) of the act shall be filed on Form I–133. A petition by an alien under section 205 (b) of the act shall be filed on Form I–133A. The petitioner shall be notified of the decision and, if the petition is denied, of the reasons therefor and of his right to appeal to the Board within 10 days from the receipt of such notification in accordance with Part 6 of this chapter.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interprets or applies sec. 205, 66 Stat. 180; 8 U. S. C. 1155)

### Part 206—Revocation of Approval of Petitions

Sec.
206.1  Automatic revocation.
206.2  Revocation on notice.
206.11  Notice of revocation.
206.21  Revocation on notice; procedure.
206.22  Notice of revocation.

Authority: §§ 206.1 to 206.22 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 204, 205, 214, 66 Stat. 179, 180, 189; 8 U. S. C. 1154, 1155, 1184.

§ 206.1  *Automatic revocation.* The approval of a petition made under section 204, 205, or 214 (c) of the act and in accordance with Part 204, 205, or 214h of this chapter is revoked as of the date of approval in any of the following circumstances:

(a) As to a petition approved under section 204 or 214 (c) of the Immigration and Nationality Act:

(1) The beneficiary is an alien seeking classification as a nonquota immigrant under section 101 (a) (27) (F) (i) of the Immigration and Nationality Act and is not issued a visa under the classification approved within one year of the date on which the petition was approved.

(2) The beneficiary is an alien seeking classification as a nonimmigrant under section 101 (a) (15) (H) of the Immigration and Nationality Act and is not issued a visa on or prior to the expiration date of approval shown on the approved petition.

(3) The beneficiary is an alien seeking classification under section 203 (a) (1) (A) of the Immigration and Nationality Act and is not issued a visa on or prior to the expiration date of approval shown on the approved petition. In the case of any such petition terminated by the expiration of the period for which approval was given, the Attorney General may, in his discretion, reaffirm such approval for an additional period.

(4) The petitioner dies, goes out of business, or files a written withdrawal of the petition before the beneficiary arrives in the United States to apply for admission under the classification approved.

(b) As to a petition approved under section 205 of the act:

(1) The beneficiary is an alien seeking classification as a nonquota immigrant under section 101 (a) (27) (A) and is not issued a visa under the classification approved within two years of the date on which the petition was approved.

(2) The beneficiary is an alien seeking classification under section 203 (a) (2), (3), or (4) and is not issued a visa under the classification approved within three years of the date on which the petition was approved or during the quota year in which such three-year period expired.

(3) The petitioner loses his United States citizenship or his status as an alien lawfully admitted for permanent residence, whichever was applicable to the approval of the petition, or dies, before the beneficiary arrives in the United States to apply for admission under the classification approved.

(4) As to a spouse beneficiary, the marriage of the petitioner to the beneficiary terminates by death, divorce, or

## RULES AND REGULATIONS

annulment before the beneficiary arrives in the United States to apply for admission under the classification approved.

(5) As to a child beneficiary, the beneficiary is married before he arrives in the United States to apply for admission under the classification approved, or the beneficiary reaches the 21st anniversary of his birth before he arrives in the United States to apply for admission under the classification approved. In any such case involving a son or daughter of a United States citizen petitioner, the approved petition will continue to be valid for the purposes of section 203 (a) (4) until the expiration of three years from the date of its approval or during the quota year in which such three-year period expired.

§ 206.2 *Revocation on notice.* The approval of a petition made under section 204, 205, or 214 (c) of the Immigration and Nationality Act and in accordance with Part 204, 205, or 214h of this chapter may be revoked on any ground other than those specified in § 206.1 by any officer authorized to approve such petition when the propriety of such revocation is brought to the attention of the Service, including request for revocation or reconsideration made by consular officers.

§ 206.11 *Notice of revocation.* In any case in which it shall appear to a district director that the approval of a petition has been automatically revoked under and by virtue of § 206.1, such district director shall cause a notice of such revocation to be sent promptly to the Visa Office of the Bureau of Security and Consular Affairs, Department of State, and a copy of such notice to be mailed to the petitioner's last known address.

§ 206.21 *Revocation on notice; procedure.* Revocation of approval of a petition under § 206.2 shall be made upon notice to the petitioner who shall be given an opportunity to offer evidence in support of the petition and in opposition to the grounds alleged for revocation of the approval. If upon reconsideration, the approval previously granted is revoked, the petitioner shall be informed of the decision with the reasons therefor and shall have ten days from the receipt of notification of the decision within which to appeal to the Board as provided in Part 6 of this chapter if the petition initially was approved for classification under section 205 of the act, or to the regional commissioner as provided in Part 7 of this chapter if the petition initially was approved for classification under section 204 or 214 (c) of the act.

§ 206.22 *Notice of revocation.* In any case in which approval of a petition is revoked under §§ 206.2 and 206.21, the district director having administrative jurisdiction over the office in which the proceeding is pending shall cause notice of such revocation to be sent promptly to the Visa Office of the Bureau of Security and Consular Affairs, Department of State.

PART 211—DOCUMENTARY REQUIREMENTS: IMMIGRANTS; WAIVERS

Sec.
211.1  Visas.
211.2  Passports.

AUTHORITY: §§ 211.1 and 211.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 211, 212, 222, 235, 66 Stat. 181, 182, 193, 198; 8 U. S. C. 1181, 1182, 1202, 1225.

§ 211.1 *Visas.* A valid unexpired immigrant visa shall be presented by each arriving immigrant alien except an immigrant who (a) was born subsequent to the issuance of an immigrant visa to his accompanying parent and applies for admission during the validity of such a visa, or (b) is returning to an unrelinquished lawful permanent residence after a temporary absence abroad (1) not exceeding one year and presents a Form I-151 alien registration receipt card duly issued to him or (2) presents a valid unexpired reentry permit duly issued to him, or (3) satisfies the district director in charge of the port of entry that there is good cause for the failure to present the required document, in which case an application for waiver shall be made on Form I-193.

§ 211.2 *Passports.* A valid unexpired passport shall be presented by each arriving immigrant alien except an immigrant who (a) is the spouse, parent or unmarried son or daughter of a United States citizen, or (b) is the spouse or unmarried son or daughter of an alien lawful permanent resident of the United States, or (c) is returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad, or (d) is a stateless person or a person who because of his opposition to communism is unwilling or unable to obtain a passport from the country of his nationality, or (e) is a first-preference quota immigrant, or (f) satisfies the district director in charge of the port of entry that there is good cause for failure to present the required document, in which case an application for waiver shall be made on Form I-193.

PART 212—DOCUMENTARY REQUIREMENTS FOR NONIMMIGRANTS: ADMISSION OF CERTAIN INADMISSIBLE ALIENS; PAROLE

Sec.
212.1  Documentary requirements for nonimmigrants.
212.2  Period of validity of passports for certain nonimmigrants.
212.3  Nonimmigrants not required to present passports, visas, or border crossing identification cards.
212.4  Nonimmigrants required to present visas or border-crossing identification cards but not passports.
212.5  Nonimmigrants required to present passports but not visas or border crossing identification cards.
212.6  Aliens previously deported or removed, or who departed at Government expense; consent to reapply for admission.
212.7  Request by certain resident aliens for permission to reenter the United States.

Sec.
212.8  Request by certain nonimmigrant aliens for permission to enter the United States temporarily.
212.9  Parole of aliens into the United States.
212.11  Nonresident alien Mexican border crossing card.
212.71  Application for permission to reenter the United States; prior to application for readmission at a port of entry.
212.73  Application for permission to reenter the United States; at time of application for readmission at a port of entry.
212.81  Application for permission to enter the United States temporarily; prior to application for admission at a port of entry.
212.82  Application for permission to enter the United States temporarily; at time of application for admission at a port of entry.

AUTHORITY: §§ 212.1 to 212.82 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply, secs. 101, 212, 214, 236, 238, 66 Stat. 166, 182, 189, 200, 202; 8 U. S. C. 1101, 1182, 1184, 1226, 1228.

§ 212.1 *Documentary requirements for nonimmigrants.* Except as otherwise provided in the Immigration and Nationality Act and this chapter, an alien (including an alien crewman) who applies for admission to the United States as a nonimmigrant shall present a valid unexpired nonimmigrant visa issued to him under the nonimmigrant classification in which he seeks admission, and an unexpired passport valid for at least the period set forth in section 212 (a) (26) of the Immigration and Nationality Act: *Provided,* That a valid nonresident alien Mexican border crossing card shall be acceptable in lieu of a nonimmigrant visa when presented in accordance with the provisions of § 212.11.

§ 212.2 *Period of validity of passports for certain nonimmigrants.* An alien not within the purview of § 212.3 who applies for admission to the United States as a nonimmigrant under clause (i) or (ii) of section 101 (a) (15) (A) of the Immigration and Nationality Act or under clause (i), (ii), (iii), or (iv) of section 101 (a) (15) (G) of that act and who presents a valid unexpired nonimmigrant visa issued to him under the nonimmigrant classification in which he seeks admission shall present a passport which is valid and unexpired on the date of the bearer's application for admission to the United States.

§ 212.3 *Nonimmigrants not required to present passports, visas, or border-crossing identification cards.* (a) The provisions of section 212 (a) (26) of the act and of this chapter relating to the requirement of passports, visas, and border-crossing identification cards for nonimmigrants, have been waived on a reciprocal basis by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (B) of the act, in the cases of aliens (including alien crewmen) who fall within any of the following-described categories:

AR2022_200110

(1) A Canadian citizen who has his residence in Canada and who makes application for admission into the United States (i) from Canada; or (ii) from, and after a visit solely to, some place in foreign contiguous territory or adjacent islands; or (iii) from, and after a visit solely to, some place in the Western Hemisphere if such citizen departed on a round-trip cruise from a port of the United States or Canada and has not transshipped from the original vessel or aircraft.

(2) A British subject who has his residence in Canada and who makes application for admission into the United States (i) from Canada; or (ii) from, and after a visit solely to, some place in foreign contiguous territory or adjacent islands; or (iii) from, and after a visit solely to, some place in the Western Hemisphere if such subject departed on a round-trip cruise from a port of the United States or Canada and has not transshipped from the original vessel or aircraft.

(3) A Mexican national who:

(i) Is a military or civilian official or employee of the Mexican national government, or of a Mexican state or municipal government, or a member of the family of any such official or employee, and who makes application for admission into the continental United States from Mexico on personal or official business or for pleasure; or

(ii) Makes application to pass in immediate and continuous transit through the continental United States from one place in Mexico to another by means of a transportation line which crosses the border between the United States and Mexico; or

(iii) Is a member of a fire-fighting group entering the United States in connection with fire-fighting activities.

(4) International B o u n d a r y and Water Commission officers, employees, and other personnel entering the United States in the performance of their official duties, and Mexican nationals employed directly or indirectly on the construction, operation, or maintenance of works in the United States undertaken in accordance with the treaty concluded on February 3, 1944, between the United States and Mexico, and entering the United States temporarily in connection with such employment.

(5) A national of Cuba who is an official of the Cuban Immigration Service, who makes continuous round trips on regularly scheduled steamships between Havana, Cuba, and Miami, Florida, for the purpose of inspecting passengers, and who makes application for admission into the United States in connection with such employment.

(6) A national of Cuba who is a crewman serving on board a Cuban military or naval aircraft and who makes application for admission into the United States in connection with his official duties.

(7) A British subject who has his residence in Bermuda and who makes application for admission into the United States as a visitor for business or pleasure under the provisions of section 101 (a) (15) (B) of the act (i) from Bermuda; or (ii) from, and after a visit solely to, some place in foreign con-

tiguous territory or adjacent islands; or (iii) from, and after a visit solely to, some place in the Western Hemisphere if such subject departed on a round-trip cruise from a port of the United States or Bermuda and has not transshipped from the original vessel or aircraft.

(b) The provisions of section 212 (a) (26) of the act relating to the requirement of passports, visas, and border-crossing identification cards for non-immigrants have been waived by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (C) of the act, for aliens embraced within the provisions of § 214c.1 of this chapter.

(c) The provisions of section 212 (a) (26) of the act relating to the requirement of passports, visas, and border-crossing i d e n t i f i c a t i o n cards for nonimmigrants have been waived by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (A) of the act, in the individual cases of aliens who fall within the following-described category, which is hereby declared to be an unforeseen emergency within the purview of that section:

(1) An alien who is a pilot of vessels and who is compelled to travel to the United States because weather conditions made it impossible for him to disembark from a vessel after he had guided it out of a foreign port.

§ 212.4 *Nonimmigrants required to present visas or border-crossing identification cards but not passports.* (a) The provisions of section 212 (a) (26) (A) of the act relating to the requirement of valid passports for nonimmigrants have been waived by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (A) of the act in the individual cases of aliens who fall within the following-described category, which is hereby declared to be an unforeseen emergency within the purview of that section:

(1) An alien who is described in section 212 (d) (8) of the act, and who is in possession of a travel document which is valid for at least 30 days from the date of his admission into the United States for his entry into a foreign country.

§ 212.5 *Nonimmigrants required to present passports but not visas or border-crossing identification cards.* (a) The provisions of section 212 (a) (26) (B) of the Immigration and Nationality Act relating to the requirement of visas and border-crossing identification cards for nonimmigrants have been waived on a reciprocal basis by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (B) of the Immigration and Nationality Act in the cases of aliens (including alien crewmen) who fall within any of the following-described categories:

(1) A Canadian citizen who has his residence in Canada, who is not within the purview of § 212.3 (a) (1), and who makes application for admission into the United States.

(2) A British subject who has his residence in British territory in the West Indies and who makes application for admission to Puerto Rico or the Virgin Islands of the United States.

(3) A French national who has his residence in French territory in the West Indies and who makes application for admission to Puerto Rico or the Virgin Islands of the United States.

(4) A Netherlands subject who has his residence in Netherlands territory in the West Indies and who makes application for admission to Puerto Rico or the Virgin Islands of the United States.

(5) Nationals of foreign contiguous territory or adjacent islands who make application for admission into the United States as seasonal or temporary workers under specific legislation enacted by the Congress and in accordance with any required international arrangements concluded upon the basis of such legislation.

(6) Nationals of adjacent islands in the British West Indies who are being imported as agricultural workers from the British West Indies, and who make application for admission into the United States.

(7) A Mexican national who makes application for admission into the United States as a crewman of an aircraft belonging to a Mexican company authorized to engage in commercial transportation into the United States, who is employed in any capacity required for normal operation and service on board, including a crewman employed as a steward or hostess, and who is in possession of a valid Mexican passport or a valid air crewman's certificate issued under the provisions of Annex 9 of the International Civil Aviation Convention.

(8) A Cuban national who makes application for admission into the United States as a crewman of an aircraft belonging to a Cuban company authorized to engage in commercial transportation into the United States, who is employed in any capacity required for normal operation and service on board, including a crewman employed as a steward or hostess, and who is in possession of a valid Cuban passport or a valid air crewman's certificate issued under the provisions of Annex 9 of the International Civil Aviation Convention.

(9) A British subject who has his residence in, and arrives in the United States directly from, the Cayman Islands, and who, in making application for admission into the United States, presents a certificate from the Clerk of Court of the Cayman Islands stating what, if anything, the Court's criminal records show concerning such subject, and a certificate from the Office of Commissioner of the Cayman Islands stating what, if anything, its records show with respect to such subject's political associations or affiliations.

(b) The provisions of section 212 (a) (26) (B) of the act relating to the requirement of visas and border-crossing identification cards for nonimmigrants have been waived by the Secretary of State and the Attorney General, acting jointly, in pursuance of the authority contained in section 212 (d) (4) (A) of the act in the individual cases of aliens

AR2022_200111

9780

**RULES AND REGULATIONS**

who fall within any of the following-described categories, which are hereby declared to be unforeseen emergencies within the purview of that section:

(1) A crewman serving on a vessel or aircraft proceeding directly to the United States from a port or place at which no American consular officer is stationed and no consular officer is stationed at a nearby port or place to whom the crew list may be submitted for visaing by mail or otherwise without delaying the departure of the vessel or aircraft.

(2) A crewman serving on a vessel or aircraft which is proceeding from a foreign port or place, not destined to the United States, and is diverted to a port of the United States.

(3) A crewman serving on a vessel or aircraft who was necessarily signed on as a replacement after the crew-list visa was obtained, and there was no opportunity thereafter to have such crewman included in a supplemental crew-list visa, without delaying the departure of the vessel or aircraft.

(4) An alien in the United States in a lawful nonimmigrant status who proceeds from a port in the United States to another port of the United States via the Canal Zone and who upon arrival in the United States from the Canal Zone is in possession of an expired nonimmigrant visa.

(5) An alien who arrives at a United States port of entry from a remote Pacific island and who could not reasonably be expected to obtain a nonimmigrant visa because of the distance from his place of residence to the nearest United States consular office.

(6) An alien who is a resident of Greenland and who makes application for admission into the United States.

§ 212.6 *Aliens previously deported or removed, or who departed at Government expense; consent to reapply for admission.* (a) Except as provided in § 236.13 (b) of this chapter and paragraph (b) of this section, an alien who is inadmissible to the United States under paragraph (16) or (17) of section 212 (a) of the act and who desires to apply for admission to the United States shall file an application for consent to reapply for admission to the United States on Form I-212 with the district director having administrative jurisdiction over the office in which were held the proceedings which resulted in the alien's deportation, removal or departure at Government expense.

(b) Except as otherwise provided in paragraph (a) of this section, an alien who is inadmissible to the United States under paragraph (16) or (17) of section 212 (a) of the act and who desires to enter the United States frequently across an international land border to purchase the necessities of life, or in connection with the business in which he is engaged, or for some other legitimate reason, may file his application for consent to reapply for admission to the United States with the district director having administrative jurisdiction over the nearest port of entry adjacent to the alien's foreign residence.

(c) The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 212.7 *Request by certain resident aliens for permission to reenter the United States.* An alien who has been lawfully admitted for permanent residence and who is or believes himself to be inadmissible to the United States under any paragraph of section 212 (a) of the Immigration and Nationality Act other than paragraph (27), (28) or (29), may, prior to or after his temporary departure from the United States, apply for permission to reenter the United States under the authority contained in section 212 (c) of the Immigration and Nationality Act notwithstanding any such ground of inadmissibility.

§ 212.8 *Request by certain nonimmigrant aliens for permission to enter the United States temporarily.* (a) An alien who desires to enter the United States temporarily as a nonimmigrant and who is or believes himself to be inadmissible under any paragraph of section 212 (a) of the Immigration and Nationality Act other than paragraph (27) or (29), may apply for permission to enter the United States temporarily under the authority contained in section 212 (d) (3) of the Immigration and Nationality Act notwithstanding any such ground of inadmissibility.

(b) Pursuant to the authority contained in section 212 (d) (3) of the Immigration and Nationality Act, the ground of inadmissibility contained in section 212 (a) (24) of the act is waived in the case of an alien, otherwise admissible under the immigration laws, who is in possession of appropriate documents or has been granted a waiver thereof and is seeking admission to the United States as a nonimmigrant.

§ 212.9 *Parole of aliens into the United States.* Subject to the provisions of section 212 (d) (5) of the Immigration and Nationality Act, the district director having administrative jurisdiction over the port of entry may, in his discretion, parole into the United States temporarily any alien who applies for admission to the United States at such port, under such terms and conditions, including the exaction of a bond on Form I-324, as such officer shall deem appropriate.

§ 212.11 *Nonresident alien Mexican border crossing card*—(a) *Form.* Form I-186 is a nonresident alien's border crossing identification card when it is in the possession of and presented by the rightful holder thereof as provided in this part.

(b) *Use.* The rightful holder of a nonresident alien Mexican border crossing card may present such card in lieu of a nonimmigrant visa when arriving direct from Mexico and applying for admission to the United States at a port of entry situated along the border between the United States and Mexico. The presentation of such card shall not otherwise relieve the holder from establishing his admissibility to the United States under the applicable provisions of the act.

(c) *Form I-186; who may apply.* A nonresident alien Mexican border crossing card may be issued to any alien who, upon application therefor, (1) submits satisfactory evidence that he is a citizen and resident of Mexico, (2) presents a valid unexpired passport required of nonimmigrants, unless a passport is not required to be presented under the provisions of this part, (3) desires temporary admission into the continental United States for a period or periods of not more than 72 hours each, (4) is admissible to the United States as a bona fide nonimmigrant, and (5) has been fingerprinted.

(d) *Application.* Application for a nonresident alien Mexican border crossing card shall be made on Form I-190 at any Service office located at a port of entry situated along the border between the United States and Mexico, or at any United States consulate in Mexico. Photographs of the applicant shall be submitted with each application form. No appeal shall lie from a denial of the application, but such denial shall be without prejudice to the alien's application to an American consul for a nonimmigrant or immigrant visa, or to the Service for admission into the United States.

(e) *Validity of Form I-186.* A nonresident alien Mexican border crossing card shall be valid until declared void. Any immigration or consular officer may, without notice, void a nonresident alien Mexican border crossing card. Such action shall be without prejudice to the alien making application to an American consul for a nonimmigrant or immigrant visa, or to the Service for admission into the United States. No appeal shall lie from the decision of an immigration or consular officer declaring void a nonresident alien Mexican border crossing card.

(f) *Surrender and replacement.* A void nonresident alien Mexican border crossing card shall be immediately surrendered to any immigration or consular officer. A nonresident alien's border crossing identification card issued prior to November 1, 1956, shall be invalid after July 1, 1957. If a nonresident alien Mexican border crossing card has been lost, mutilated, or destroyed, the person to whom such card was issued may apply for a new card in accordance with the provisions of this section, and in such case shall attach the mutilated card to his application.

(g) *Previous removal, deportation; permission to reapply.* An alien who establishes that he is in all respects entitled to admission as a visitor for business or pleasure or as a student when in possession of a nonresident alien Mexican border crossing card, except that he has been previously removed at Government expense pursuant to section 242 (b) of the act, or excluded or deported solely because of entry without inspection or absence of required documents, is hereby granted permission to reapply for admission to the United States.

§ 212.71 *Application for permission to reenter the United States; prior to application for readmission at a port of entry.* An application for the exercise of discretion under the provisions of section 212 (c) of the act shall be submitted on Form

AR2022_200112

I-191 to the district director having administrative jurisdiction over the applicant's place of residence in the United States if the application is made prior to the alien's application for readmission to the United States at a port of entry. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal to the Board within 10 days from the receipt of such notification in accordance with Part 6 of this chapter.

§ 212.73 *Application for permission to reenter the United States; at time of application for readmission at a port of entry.* An application for the exercise of discretion under the provisions of section 212 (c) of the act made at the time of applying for readmission to the United States at a port of entry shall be made orally or in writing to the immigration officer conducting the examination of the alien, if the case has not been referred to a special inquiry officer for further inquiry, who shall refer it for decision to the district director having administrative jurisdiction over the place where the examination is being conducted. If the case has been referred to a special inquiry officer, the application shall be made during the proceedings before the special inquiry officer in accordance with the provisions of section 235 (b) of the act. If the application is denied by the district director, he shall return the case to the examining immigration officer for further proceedings in accordance with sections 235 and 236 of the act. No appeal shall lie from the decision of the district director but if adverse to the alien it shall be without prejudice to the renewal of the application before the special inquiry officer to whom the case is referred for further proceedings in accordance with sections 235 and 236 of the act. The special inquiry officer, in his discretion, may, in his decision provided for in Part 236 of this chapter, grant or deny any such application which is submitted to him. In any case in which an appeal may not be taken from a decision of a special inquiry officer excluding an alien but in which the alien has applied for the exercise of discretion under the provisions of section 212 (c) of the act, the alien may appeal to the Board from a denial of such application in accordance with the provisions of § 236.15 of this chapter.

§ 212.81 *Application for permission to enter the United States temporarily; prior to application for admission at a port of entry.* When a visa is not required, an application for the exercise of discretion under section 212 (d) (3) (B) of the act made prior to the alien's application for admission shall be on Form I-192 and submitted to the district director having jurisdiction over the intended port of entry. When Form I-192 is not readily available and the case is one of unforeseen emergency, a written application containing all the information required by such form may be made. The applicant shall be notified of the decision and if the application is denied, of the reasons therefor and of his right to appeal to the Board within 10 days

No. 236—Part II—57——3

from the receipt of such notification in accordance with Part 6 of this chapter.

Cross Reference: For State Department procedure when a visa is required see 22 CFR 41.150.

§ 212.82 *Application for permission to enter the United States temporarily; at time of application for admission at a port of entry.* An alien applying at a port of entry for temporary admission to the United States as a nonimmigrant may apply orally or in writing for the exercise of discretion under the provisions of section 212 (d) (3) of the act provided he was not aware of the ground of inadmissibility prior to his departure for the United States and such ground of inadmissibility could not have been ascertained by the exercise of reasonable diligence, and the alien is in possession of appropriate documents or has been granted a waiver thereof. If the case has not been referred to a special inquiry officer for further inquiry, the application shall be made to the immigration officer conducting the examination of the alien who shall refer it for decision to the district director having administrative jurisdiction over the place where the examination is being conducted. If the case has been referred to a special inquiry officer, the application shall be made during the proceedings before the special inquiry officer in accordance with the provisions of section 235 (b) of the act. If the application is denied by the district director, he shall return the case to the examining immigration officer for further proceedings in accordance with sections 235 and 236 of the act. No appeal shall lie from the decision of the district director but if adverse to the alien it shall be without prejudice to the renewal of the application before the special inquiry officer to whom the case is referred for further proceedings in accordance with sections 235 and 236 of the act. The special inquiry officer, in his discretion, may, in his decision provided for in part 236 of this chapter, grant or deny any such application which is submitted to him. In any case in which an appeal may not be taken from a decision of a special inquiry officer excluding an alien but in which the alien has applied for the exercise of discretion under the provisions of section 212 (d) (3) of the act, the alien may appeal to the Board from a denial of such application in accordance with the provisions of § 236.15 of this chapter.

Part 212a—Admission of Certain Aliens to Perform Skilled or Unskilled Labor

§ 212a.1 *Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor; application.* An alien of any of the classes described in section 101 (a) (27) (C), (D), or (E) of the act, and any alien described in the nonpreference category of section 203 (a) (4) of that act, who is ineligible to receive an immigrant visa and is subject to exclusion from the

United States under section 212 (a) (14) of that act may apply, or the person, institution, firm, organization or governmental agency for whom the alien will perform skilled or unskilled labor may apply on Form I-129C for permission for such alien to enter the United States under the authority contained in section 212 (a) (14) of the act notwithstanding such ground of inadmissibility. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interprets and applies secs. 101, 203, 212, 66 Stat. 166, 178, 182; 8 U. S. C. 1101, 1153, 1182)

Part 213—Admission of Aliens on Giving Bond or Cash Deposit

Sec.
213.1    Authority to admit under bond or cash deposit.
213.11   Form of public charge bond.

Authority: §§ 213.1 and 213.11 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 213, 235, 66 Stat. 188, 193; 8 U. S. C. 1183, 1225.

§ 213.1 *Authority to admit under bond or cash deposit.* An alien who applies for admission to the United States for permanent residence whose case is referred to the district director having administrative jurisdiction over the place where the examination for admission is being conducted, as provided in § 235.7 of this chapter, may be admitted to the United States in the discretion of such officer upon the furnishing of a bond on Form I-354, in the sum of not less than $1,000, or, in lieu of such bond, upon depositing cash, which may be in the form of United States money orders or bank cashier checks, in the sum of not less than $1,000 for the same purposes and subject to the same conditions as those set forth in Form I-354. If such officer does not so admit the alien, the special inquiry officer to whom the case is referred, as provided in § 235.7 of this chapter may, in his discretion, admit the alien upon the furnishing of bond or the depositing of cash as aforesaid.

§ 213.11 *Form of public charge bond.* All bonds, and all agreements covering cash deposits, given as a condition of admission of an alien under section 213 of the Immigration and Nationality Act shall be executed on Form I-354. If cash is deposited, the depositor shall give his power of attorney and agreement on Form I-304, authorizing the officers designated thereon to collect, assign, or transfer such deposit, in whole or in part, in case any of the conditions of the bond are violated; and the officer accepting such deposit shall give his receipt therefor on Form I-305.

Part 214—Admission of Nonimmigrants: General

Sec.
214.1    Time for which nonimmigrants may be admitted.
214.2    Conditions of nonimmigrant status.

AR2022_200113

Sec.
214.3    Bonds.
214.4    Extension of period of temporary admission.
214.5    Change of status as affecting period of admission.
214.6    Limitation.

AUTHORITY: §§ 214.1 to 214.6 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 501–508, 65 Stat. 119–121, as amended, secs. 101, 102, 212, 214, 235, 66 Stat. 166, 173, 182, 189, 198; 7 U. S. C. 1461–1468, 8 U. S. C. 1101, 1102, 1182, 1184, 1225.

§ 214.1   *Time for which nonimmigrants may be admitted.* The maximum period for which a nonimmigrant may be admitted initially to the United States shall be whatever period the admitting officer deems appropriate to accomplish the intended purpose of the alien's temporary stay in the United States, except that

(a) In no event shall such period exceed any limit fixed by any of the other provisions of this chapter relating to particular nonimmigrant classes; and

(b) Except as provided in section 102 of the Immigration and Nationality Act, such period shall be subject to the provisions of section 212 (a) (26) of the Immigration and Nationality Act in the case of a nonimmigrant required to present a passport; and

(c) A nonimmigrant admitted to the United States upon a waiver of the passport requirement, shall not be admitted beyond a date six months prior to the end of the period during which he will be eligible for readmission to the country whence he came or for admission to some other country.

§ 214.2   *Conditions of nonimmigrant status.* An alien found admissible as a nonimmigrant under the Immigration and Nationality Act shall be admitted to the United States, and an alien after admission to the United States as a nonimmigrant or after acquisition of a nonimmigrant status under the Immigration and Nationality Act or any prior act shall be permitted to remain in the United States only upon the following conditions:

(a) That while in the United States he will maintain the particular nonimmigrant status under which he was admitted or such other status as he may acquire in accordance with the provisions of the Immigration and Nationality Act or which he may have acquired in accordance with the provisions of any prior law.

(b) That he will depart from the United States within the period of his admission or any authorized extension thereof.

(c) That while in the United States he will not engage in any employment or activity inconsistent with and not essential to the status under which he is in the United States unless such employment or activity has first been authorized by the district director having administrative jurisdiction over the alien's place of temporary residence in the United States.

(d) That he will not remain in the United States beyond a date six months, or in the case of a nonimmigrant admitted prior to the effective date of the Immigration and Nationality Act, two months, prior to the end of the period

during which he will be eligible for readmission to the country whence he came or for admission to some other country, as evidenced by a valid passport or other travel document.

(e) That he will fulfill such other conditions as the admitting immigration officer, in his discretion, may impose or may have imposed to insure that he will depart from the United States at the expiration of the time for which he was admitted, and that he will maintain the status under which he was admitted or which he may have lawfully acquired subsequent to his admission.

§ 214.3   *Bonds.* Except as may be otherwise specifically provided by the Immigration and Nationality Act and by any provisions of this chapter relating to particular classes of nonimmigrants, in the discretion of the district director having administrative jurisdiction over the port of entry or the special inquiry officer, or, pursuant to an order entered on appeal from the decision of a special inquiry officer, an alien applying for admission to the United States as a nonimmigrant may be required to post a bond in the sum of not less than $500 as a condition precedent to his admission to the United States to insure that he will depart from the United States at the expiration of the time for which he is admitted and that he will maintain the status under which he is admitted or which he may subsequently acquire under the Immigration and Nationality Act: *Provided,* That no such bond shall be required as a condition to the admission of any alien within the classes described in section 102 of the Immigration and Nationality Act. Bond shall be furnished on Form I–317 or I–377 as the admitting officer shall determine.

§ 214.4   *Extension of period of temporary admission.* An alien other than one admitted in transit under section 101 (a) (15) (C) of the Immigration and Nationality Act or section 3 (3) of the Immigration Act of 1924, who is maintaining the nonimmigrant status under which he is permitted to remain in the United States and whose period of admission has not expired, may apply on Form I–539 for and may be granted or denied an extension or extensions of the period of his temporary admission by an officer in charge of a suboffice or a district director subject to the following limitations and conditions:

(a) All extensions shall be subject to the time limitations specified in § 214.1.

(b) The alien shall establish that he has fulfilled, and agrees that he will continue to fulfill, all the conditions set forth in § 214.2 and such other conditions as may be imposed as conditions precedent to the granting of the extension, including, in the case of an alien admitted as a nonimmigrant or as a nonquota immigrant student prior to December 24, 1952, the condition that he shall present with his application for the extension a passport or other travel document valid for his readmission to the country whence he came or to some other country for six months after expiration of the period for which the extension is requested.

(c) In any case in which the grant of the extension would authorize the alien to remain in the United States for a period not exceeding one year after arrival, the officer deciding the application may, in his discretion, require as a condition precedent to the granting of the extension that the alien furnish bond or to continue to furnish bond or to furnish bond in different sum on the form and for the purposes stated in § 214.3.

(d) No extension which will authorize the alien to remain in the United States for a period exceeding one year after arrival shall be granted unless there has been furnished, or is furnished, a bond on the form, for the purposes, and in the sum provided in § 214.3: *Provided,* That a district director may authorize the granting of such extension without bond or with bond in less sum.

(e) Such other conditions and limitations as are prescribed by provisions of this chapter relating to particular classes of nonimmigrants.

(f) A nonimmigrant alien crewman shall not be granted any extension which would permit him to remain in the United States for more than 29 days from the date of his initial temporary landing.

(g) No appeal shall lie from the decision of the officer denying the application.

§ 214.5   *Change of status as affecting period of admission.* An alien admitted to the United States under the Immigration and Nationality Act or any prior act as a nonimmigrant, whose status is subsequently changed in accordance with the provisions of the Immigration and Nationality Act, shall be permitted to remain in the United States for such period of time as shall have been fixed in the decision changing his status or any authorized extension thereof, in no event to exceed the time he continues to maintain the status so acquired.

§ 214.6   *Limitation.* The provisions of this part shall not be applicable to a nonimmigrant agricultural worker applying for admission, or admitted, to the United States in accordance with the provisions of Title V of the Agricultural Act of 1949, as amended. The case of such alien shall be governed by the provisions of Part 214k of this chapter.

PART 214a—ADMISSION OF NONIMMIGRANTS: FOREIGN GOVERNMENT OFFICIAL

Sec.
214a.1   Acceptance of classification.
214a.2   Limitation as to time for which alien may be admitted.
214a.4   Failure to maintain status.

AUTHORITY: §§ 214a.1 to 214a.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 235, 66 Stat. 166, 189, 198; 8 U. S. C. 1101, 1184, 1225.

§ 214a.1   *Acceptance of classification.* Whenever an alien who applies for admission to the United States as a nonimmigrant of one of the classes described in section 101 (a) (15) (A) of the Immigration and Nationality Act presents to the examining immigration officer at a port of entry in the United States a valid unexpired nonimmigrant visa duly issued to him by a consular officer under such

AR2022_200114

classification, the immigration officer shall accept the consular officer's classification of the alien and admit the alien, if he is otherwise admissible to the United States, unless specifically directed to the contrary by the regional commissioner after consultation with the Department of State, in which event, the examining immigration officer shall take further action as provided in section 235 of the Immigration and Nationality Act. For the purposes of this part, the term "immediate family" as used in section 101 (a) (15) (A) of the Immigration and Nationality Act means aliens who are closely related to the principal alien by blood, marriage, or adoption, and who reside regularly in the household of the principal alien.

§ 214a.2 *Limitation as to time for which alien may be admitted.* The period of an alien's admission to the United States as a nonimmigrant of the class described in section 101 (a) (15) (A) (i) or (ii) of the Immigration and Nationality Act shall not exceed such time as the Secretary of State continues to recognize him as a member of such class. An alien of the class described in clause (iii) of section 101 (a) (15) (A) of the Immigration and Nationality Act shall not be admitted initially to the United States for more than one year.

§ 214a.4 *Failure to maintain status.* At such time as any official or employee described in clause (i) or clause (ii) of section 101 (a) (15) (A) of the Immigration and Nationality Act, or any official of a foreign government as described in section 3 (1) of the Immigration Act of 1924, as amended, is ineligible under the Immigration and Nationality Act and this chapter to remain in the United States in the status of such official or employee, any alien member of the immediate family of such official or employee, any attendant, servant, or personal employee of any such official or employee, and any member of the immediate family of such attendant, servant, or personal employee who has nonimmigrant status pursuant to section 101 (a) (15) (A) of the Immigration and Nationality Act or section 3 (1) of the Immigration Act of 1924, as amended, shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain such status.

PART 214b—ADMISSION OF NONIMMIGRANTS: TEMPORARY VISITOR FOR BUSINESS OR PLEASURE

§ 214b.1 *Limitation as to time for which temporary visitors may be admitted.* An alien admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (B) of the Immigration and Nationality Act shall be admitted initially for a period not to exceed six months unless such alien intends to sojourn in the United States in more than one immigration district, in which event the period of initial admission shall not exceed three months.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interprets or applies secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184)

PART 214c—ADMISSION OF NONIMMIGRANTS: TRANSIT ALIENS

Sec.
214c.1 Special prerequisites for admission as a transit without a visa.
214c.2 Limitation as to time for which transit aliens may be admitted.
214c.3 United Nations Headquarters District.

AUTHORITY: §§ 214c.1 to 214c.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184.

§ 214c.1 *Special prerequisites for admission as a transit without a visa.* Any alien, except a citizen and resident of the Union of Soviet Socialist Republics, Estonia, Latvia, Lithuania, Poland, Czechoslovakia, Hungary, Rumania, Bulgaria, Albania, Peoples Republic of China, Peoples Democratic Republic of Korea (North Korea Regime), German Democratic Republic, and North Vietnam (Viet Minh), may apply for immediate and continuous transit through the United States. Such an alien must establish that he is admissible under the immigration laws; that he has confirmed and onward reservations to at least the next country beyond the United States (except that, if seeking to join a vessel or aircraft in the United States as a crewman, the vessel or aircraft will depart directly foreign, and his departure from the United States will be completed within a maximum of five calendar days after his arrival in the United States), and that he has a document establishing his ability to enter some country other than the United States. Except for transit from one part of foreign contiguous territory to another part of the same territory, application for direct transit without visa must be made at one of the following ports of entry: Boston, Mass.; New York, N. Y.; Norfolk, Va.; Baltimore, Md.; Philadelphia, Pa.; Miami, Fla.; Tampa, Fla.; New Orleans, La.; San Antonio, Tex.; Dallas, Tex.; Houston, Tex.; Brownsville, Tex.; Los Angeles, Calif.; San Francisco, Calif.; Honolulu, T. H.; Seattle, Wash.; Portland, Oreg.; St. Paul, Minn.; Chicago, Ill.; Detroit, Mich.; Anchorage, Alaska; San Juan, P. R.; Charlotte Amalie, V. I.; Christiansted, V. I.; Agana, Guam. The acceptance of the privilege of such transit shall constitute an agreement by the alien and the carrier that at all times he is not aboard an aircraft which is in flight through the United States he shall be in the custody directed by the district director having administrative jurisdiction over the port of entry, and should he violate any of the terms of such admission, an agreement by the alien immediately to depart voluntarily from the United States without recourse to any type of hearing or proceeding provided for in this chapter.

§ 214c.2 *Limitation as to time for which transit aliens may be admitted.* An alien admitted to the United States as a nonimmigrant of the classes described in section 101 (a) (15) (C) of the act shall be admitted for a period of time

fixed by the admitting officer, not to exceed 29 days.

§ 214c.3 *United Nations Headquarters District.* An alien of the class described in section 101 (a) (15) (C) of the act whose nonimmigrant visa by its own terms is limited to transit to and from the United Nations Headquarters District, if otherwise admissible under the immigration laws, shall be admitted on the additional conditions that he shall proceed directly to New York City and shall remain continuously in that city during his sojourn in the United States, departing therefrom only if required in connection with his departure from the United States and that he shall be in possession of a valid visa or other form of valid authority assuring his entry into the country whence he came or to some other foreign country following his sojourn in the United Nations Headquarters District.

PART 214d—ADMISSION OF NONIMMIGRANTS: CREWMEN

§ 214d.1 *Applicable provisions.* The provisions of Parts 252 and 253 of this chapter shall control and govern the landing of crewmen as nonimmigrants of the class described in section 101 (a) (15) (D) of the Immigration and Nationality Act.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interprets or applies secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184)

PART 214e—ADMISSION OF NON-IMMIGRANTS: TREATY TRADER

Sec.
214e.1 Definitions.
214e.2 Limitations on time for which admitted.
214e.4 Failure to maintain status.
214e.6 Trader and dependents admitted under Immigration Act of 1924.

AUTHORITY: §§ 214e.1 to 214e.6 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 223, 66 Stat. 166, 189, 194; 8 U. S. C. 1101, 1184, 1203.

§ 214e.1 *Definitions.* As used in this part, the term:

(a) "Trader" means (1) an alien admitted to the United States under the provisions of section 101 (a) (15) (E) of the Immigration and Nationality Act; or (2) an alien admitted to the United States under the provisions of section 3 (6) of the Immigration Act of 1924; or (3) an alien who after admission lawfully acquires a status under clause (1) or (2) of this paragraph; or (4) an alien who is readmitted to the United States on the basis of a re-entry permit lawfully issued under the provisions of paragraphs (a) (2) and (b) of section 223 of the Immigration and Nationality Act; or (5) an alien who was readmitted to the United States on the basis of a re-entry permit lawfully issued under the provisions of section 10 (g) of the Immigration Act of 1924, as amended.

(b) "Dependent" means a trader's alien spouse or alien child admitted under paragraph (a) (1), (2), (3), (4), or (5) of this section.

§ 214e.2 *Limitations on time for which admitted.* An alien admitted to the United States as a nonimmigrant of the

AR2022_200115

class described in section 101 (a) (15) (E) of the Immigration and Nationality Act shall be admitted for a period of time fixed by the admitting officer.

§ 214e.4 *Failure to maintain status.* A trader or dependent shall be deemed to have failed to maintain status upon the occurrence of any one of the following events, which are not exclusive as to what shall constitute failure to maintain status:

(a) In the case of a trader:

(1) The termination of the treaty on which the status of trader has been based; or

(2) A change by a trader from the activities specified in clause (i) of section 101 (a) (15) (E) of the Immigration and Nationality Act to the activities specified in clause (ii) of said section or vice versa unless, prior to making such change, he obtains consent to do so from the district director having administrative jurisdiction over the district in which the trader resides.

(b) In the case of a dependent:

(1) When the trader is no longer eligible to remain in the United States as a trader; or

(2) When the trader dies; or

(3) In the case of the dependent spouse, when the marriage to the trader terminates; or

(4) In the case of the dependent child, when such child marries or reaches the 21st anniversary of his birth;

unless at the time of the happening of any such event after the effective date of the Immigration and Nationality Act, the dependent in his own right would be entitled to the status of a nonimmigrant of the class described in section 101 (a) (15) (E) of the Immigration and Nationality Act were he applying for admission to the United States in such status in possession of appropriate documents; or unless at the time of the happening of any such event prior to December 24, 1952, the dependent in his own right at that time would have been entitled to the status of a nonimmigrant of the class described in section 3 (6) of the Immigration Act of 1924 were he applying for admission to the United States in such status in possession of appropriate documents. Any such dependent who is entitled to a nonimmigrant status in his own right may be permitted to remain in the United States subject to the provisions of the Immigration and Nationality Act and this part. If a dependent spouse establishes such eligibility, the child of such spouse may also be permitted to remain in the United States subject to the applicable provisions of the Immigration and Nationality Act and this part. The fact that a dependent child establishes such eligibility shall not authorize the parent of such child to remain in the United States.

(c) Failure to submit a maintenance of status report in accordance with § 214e.6.

§ 214e.6 *Trader and dependents admitted under Immigration Act of 1924.* A trader or dependent admitted to the United States under the Immigration Act of 1924 without limitation of time

shall make a report annually on the anniversary date of his original admission to the United States on Form I-126 to the district director having administrative jurisdiction over the place where the alien resides in the United States indicating whether he continues to be eligible for readmission to the country whence he came or for admission to some other country, and has fulfilled and will continue to fulfill all the conditions prescribed by § 214.2 of this chapter. No appeal shall lie from such officer's decision that the alien is not maintaining his status.

## PART 214f—ADMISSION OF NON-IMMIGRANTS: STUDENTS

Sec.
214f.1  Petition for approval.
214f.2  Approval of certain institutions of learning and recognized places of study.
214f.3  Withdrawal of approval.
214f.4  Certificate of eligibility.
214f.5  Prerequisites for admission.
214f.6  Limitation on time for which admitted.
214f.7  Employment.
214f.31 Withdrawal of approval; procedure.

AUTHORITY: §§ 214f.1 to 214f.31 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103, interpret or apply secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184.

§ 214f.1 *Petition for approval.* Any institution of learning or other recognized place of study desiring the approval required by section 101 (a) (15) (F) of the act shall file with the district director having administrative jurisdiction over the place in which the institution or place of study is located a petition for such approval on Form I-17. The petitioner shall be notified of the decision and, if the petition is denied, of the reasons therefor and of the right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 214f.2 *Approval of certain institutions of learning and recognized places of study.* Any institution of learning or other place of study in the United States which falls within any of the following-described categories, and which agrees to report in writing to the district director having administrative jurisdiction over the place where such institution of learning or place of study is located the enrollment and termination of attendance of each nonimmigrant student, is hereby approved for the attendance of nonimmigrant students in accordance with section 101 (a) (15) (F) of the act:

(a) Any public educational institution listed in the current issue of one of the following-described publications or lists:

(1) "Directory of Secondary Day Schools in the United States," U. S. Office of Education, Washington, D. C.

(2) Directories and official lists of public educational institutions issued by State departments of education. In a State that does not publish all-inclusive public school directories or official lists, a statement over the signature of the local public school superintendent that any school is an approved or recognized part of that public school system, will

suffice within the meaning of this subparagraph.

(3) Education Directory, Part 3, "Higher Education," U. S. Office of Education (including privately controlled colleges and universities listed therein).

(4) "Accredited Higher Institutions," U. S. Office of Education (including privately controlled colleges and universities listed therein).

(b) Any secondary school which is operated by or as a part of an institution of higher learning listed in paragraph (a) (2), (3), or (4) of this section.

(c) Private and parochial elementary and secondary schools, if they meet any one of the following conditions:

(1) The school is currently listed as accredited in the U. S. Office of Education publication "Directory of Secondary Day Schools in the United States."

(2) The school is currently listed in the educational directory of the respective State department of education.

(3) The school is an elementary school related to an accredited secondary school.

(4) The school is certified by a responsible official of a State or local public education department or system as meeting the requirements of the State or local public educational system.

The agreement to report the initial registration and termination of attendance of each nonimmigrant student shall be executed on Form I-17, and the report made pursuant to such agreement may be prepared on Form I-21. The provisions of § 2.5 of this chapter relating to payment of a fee shall not be applicable to an institution of learning or other place of study which meets the requirements of this section.

§ 214f.3 *Withdrawal of approval.* Approval granted under section 101 (a) (15) (F) of the Immigration and Nationality Act or section 4 (e) of the Immigration Act of 1924 to an institution of learning or place of study which materially reduces its educational program or facilities, or which fails, neglects, or refuses to comply with all the terms of its agreement and section 101 (a) (15) (F) of the act may be revoked by the district director having administrative jurisdiction over the place in which such institution or place of study is located.

§ 214f.4 *Certificate of eligibility.* When a prospective nonimmigrant student has been found eligible for attendance, the appropriate officer of the approved institution of learning or place of study shall execute Form I-20 and furnish it to the student for presentation to the American consul (if a visa is required) and the Service. If requested by the student, the school shall execute a new Form I-20 in a single copy for the student's use in temporarily departing from and reentering the United States, in connection with any application for extension of the period of his temporary admission, or in connection with any request to transfer to another school. Form I-20 presented by a student returning from a temporary absence may be retained by the student and used in connection with reentries any number of times within six months from date of issuance.

AR2022_200116

§ 214f.5 *Prerequisites for admission.* An alien, otherwise admissible to the United States as a nonimmigrant of the class described in section 101 (a) (15) (F) of the act, shall not be eligible for admission to the United States in such nonimmigrant classification unless he presents Form I-20 properly filled out by the institution to which he is destined, and personally executes the reverse of Form I-20.

§ 214f.6 *Limitation on time for which admitted.* An alien may be admitted initially to the United States as a nonimmigrant of the class described in section 101 (a) (15) (F) of the act for a period not to exceed one year.

§ 214f.7 *Employment.* If it becomes necessary for a student to accept employment after admission, he shall, before accepting such employment, apply on Form I-24 to the district director having administrative jurisdiction over the place in which is located the approved institution or place of study attended by him. If the district director is satisfied that the applicant is meeting all the conditions and requirements of his status, that he does not have sufficient means to cover his expenses, and that the desired employment will not interfere with his carrying successfully a course of study of the proper scope, he may grant permission to accept employment. An application for practical training, which may be authorized within the limitations specified on Form I-20, shall be made on Form I-24 and shall be endorsed by the institution of learning or place of study which requires or recommends such practical training.

§ 214f.31 *Withdrawal of approval; procedure.* Whenever a district director having administrative jurisdiction over the place in which an approved institution of learning or place of study is located has reason to believe that such institution or place of study has materially reduced its educational program or facilities, or has failed, neglected, or refused to comply with all the terms of its agreement and section 101 (a) (15) (F) of the act, he shall cause a notice to be sent to such institution or place of study that it is proposed within 30 days of the delivery of the notice to enter a decision withdrawing the approval previously granted for reasons set forth in the notice. Within such 30-day period the institution or place of study may submit to the district director written representations, under oath and supported by documentary evidence, setting forth reasons why the approval should not be withdrawn. The period within which such representations may be submitted may be extended in the discretion of the district director upon timely request for such extension. After consideration of the facts presented, the district director shall notify the institution or place of study in writing of his decision and, if said decision is to withdraw the approval previously granted, the reasons therefor and that the institution or place of study has 10 days from receipt of notification of decision in which to appeal in accordance with Part 7 of this chapter.

PART 214g—ADMISSION OF NONIMMIGRANTS: FOREIGN GOVERNMENT REPRESENTATIVES TO INTERNATIONAL ORGANIZATIONS

Sec.
214g.1  Acceptance of classification.
214g.2  Limitation as to time for which alien may be admitted.
214g.4  Failure to maintain status.

AUTHORITY: §§ 214g.1 to 214g.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 235, 66 Stat. 166, 189, 198; 8 U. S. C. 1101, 1184, 1225.

§ 214g.1 *Acceptance of classification.* Whenever an alien who applies for admission to the United States as a nonimmigrant of one of the classes described in section 101 (a) (15) (G) of the Immigration and Nationality Act presents to the examining immigration officer at a port of entry to the United States a valid unexpired nonimmigrant visa duly issued to him by a consular officer under such classification, the immigration officer shall accept the consular officer's classification of the alien and admit the alien, if he is otherwise admissible to the United States, unless specifically directed to the contrary by the regional commissioner after consultation with the Department of State, in which event the examining officer shall take further action as provided in section 235 of the Immigration and Nationality Act. For the purposes of this part, the term "immediate family" as used in section 101 (a) (15) (G) of the Immigration and Nationality Act means aliens who are closely related to the principal alien by blood, marriage, or adoption and who reside regularly in the household of the principal alien.

§ 214g.2 *Limitation as to time for which alien may be admitted.* The period of alien's admission to the United States as a nonimmigrant of the class described in section 101 (a) (15) (G) (i), (ii), (iii), or (iv) of the Immigration and Nationality Act shall not exceed such time as the Secretary of State continues to recognize him as a member of such class. An alien of the class described in clause (v) of section 101 (a) (15) (G) of the Immigration and Nationality Act shall not be admitted initially to the United States for more than one year.

§ 214g.4 *Failure to maintain status.* At such time as any representative, officer, or employee described in clauses (i) to (iv) inclusive of section 101 (a) (15) (G) of the Immigration and Nationality Act, or any representative, officer, or employee of an international organization as described in section 3 (7) of the Immigration Act of 1924, as amended, is ineligible under the Immigration and Nationality Act and this chapter to remain in the United States in the status of such representative, officer or employee, any alien member of the immediate family of such representative, officer, or employee, any attendant, servant or personal employee of any such representative, officer or employee, and any member of the immediate family of such attendant, servant, or personal employee who has nonimmigrant status pursuant to section 101 (a) (15) (G) of the Immigra-

tion and Nationality Act or section 3 (7) of the Immigration Act of 1924, as amended, shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain such status.

PART 214h—ADMISSION OF NONIMMIGRANTS: TEMPORARY SERVICES, LABOR, OR TRAINING

Sec.
214h.1  Limitation as to time for which alien may be admitted.
214h.2  Bond.
214h.3  Special prerequisites for admission.
214h.4  Petition.
214h.6  Limitation.

AUTHORITY: §§ 214h.1 to 214h.6 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184.

§ 214h.1 *Limitation as to time for which alien may be admitted.* An alien of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall be admitted to the United States for such period, not to exceed one year, as may be authorized by the district director or the regional commissioner in granting a petition to import such alien.

§ 214h.2 *Bond.* Nonimmigrants of the classes described in section 101 (a) (15) (H) of the act who are required to furnish bonds under § 214.3 or § 214.4 of this chapter shall do so on Form I-377, and shall be in an amount specified by the district director or the regional commissioner.

§ 214h.3 *Special prerequisites for admission.* An alien of any of the classes described in section 101 (a) (15) (H) of the Immigration and Nationality Act shall not be admitted to the United States unless he establishes to the satisfaction of the admitting officer that he is destined in good faith to a petitioner whose petition for such alien's importation has been filed and approved in accordance with the provisions of section 214 (c) of the Immigration and Nationality Act and this part, and that he is entering the United States in good faith to perform the services, labor, or training specified in the petition.

§ 214h.4 *Petition.* The petition required by section 214 (c) of the act shall be filed on Form I-129B. Form I-129B may include several prospective nonimmigrants provided they are proceeding from the same place of origin and destined to the United States to perform the same type of services. The petitioner shall be notified of the decision and, if the petition is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 214h.6 *Limitation.* The provisions of this part shall not be applicable to a nonimmigrant agricultural worker applying for admission, or admitted, to the United States in accordance with the provisions of Title V of the Agricultural

AR2022_200117

## 9786

## RULES AND REGULATIONS

Act of 1949, as amended. The case of such alien shall be governed by the provisions of Part 214k of this chapter.

PART 214i—ADMISSION OF NONIMMIGRANTS: REPRESENTATIVES OF INFORMATION MEDIA

Sec.
214i.1  Limitation as to time for which alien may be admitted.
214i.3  Special conditions of admission.
214i.4  Failure to maintain status.

AUTHORITY: §§ 214i.1 to 214i.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 214, 66 Stat. 166, 189; 8 U. S. C. 1101, 1184.

§ 214i.1  *Limitation as to time for which alien may be admitted.*  An alien admitted to the United States as a nonimmigrant of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act shall be admitted initially for a period fixed by the admitting officer not to exceed one year.

§ 214i.3  *Special conditions of admission.*  A nonimmigrant of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act shall be admitted to the United States on condition that (a) he will not change the information medium or his employer by which he is accredited unless and until he obtains consent to do so from the district director having administrative jurisdiction over the district in which the alien resides in the United States, and (b) he will depart from the United States at such time as the Secretary of State determines that the reciprocity required by section 101 (a) (15) (I) of the Immigration and Nationality Act has ceased to exist. For the purposes of section 101 (a) (15) (I) and this part, reciprocity shall be deemed to exist when the alien is accredited by a foreign information medium having its home office in a foreign country, the government of which grants similar privileges to representatives of such information medium with home offices in the United States, except that when the information medium is owned, operated, subsidized, or controlled by a foreign government, directly or indirectly, the reciprocity required shall be accorded by such foreign government.

§ 214i.4  *Failure to maintain status.*  At such time as an alien of the class described in section 101 (a) (15) (I) of the Immigration and Nationality Act is ineligible under the Act and this chapter to remain in the United States in such status, the members of such alien's family having nonimmigrant status as such under section 101 (a) (15) (I) of the Immigration and Nationality Act shall be regarded as having failed to maintain such status. This section shall not be construed as setting forth the sole ground on which the persons herein described may be regarded as having failed to maintain status.

PART 214j—ADMISSION OF NONIMMIGRANTS: EXCHANGE ALIENS

Sec.
214j.1  Definition.
214j.2  Limitation as to time for which alien may be admitted.

Sec.
214j.3  Bonds.
214j.4  Special condition of admission.
214j.5  Employment.

AUTHORITY: §§ 214j.1 to 214j.5 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 201, 62 Stat. 7, as amended, sec. 1, 62 Stat. 771, as amended, secs. 101, 214, 248, 66 Stat. 166, 189, 218; 22 U. S. C. 1446, 18 U. S. C. 1546, 8 U. S. C. 1101, 1184, 1258.

§ 214j.1  *Definition.*  As used in this part the term "exchange alien" means (a) an alien admitted to the United States prior to December 24, 1952, pursuant to section 201 of the United States Information and Educational Exchange Act of 1948 as a nonimmigrant under section 3 (2) of the Immigration Act of 1924 or, (b) an alien admitted or seeking admission to the United States pursuant to section 201 of the United States Information and Educational Exchange Act of 1948, as amended, as a nonimmigrant under section 101 (a) (15) of the Immigration and Nationality Act.

§ 214j.2  *Limitation as to time for which alien may be admitted.*  An alien applying for admission to the United States as a nonimmigrant under section 201 of the United States Information and Educational Exchange Act of 1948, as amended, whose visa by its own terms indicates that it was issued under that Act, and who is otherwise admissible to the United States, may be admitted for the period specified in a written agreement, commitment, guarantee, or similar paper made or executed by such alien's approved sponsor or intended employer and presented by such alien at the port where he applies for admission to the United States, not to exceed one year.

§ 214j.3  *B o n d s.*  Exchange aliens shall not be required to furnish bond under § 214.3 or § 214.4 of this chapter.

§ 214j.4  *Special condition of admission.*  A nonimmigrant of the class described in this part shall be admitted on the condition that he agrees not to apply for a change of the nonimmigrant status under which he is admitted to any other class or classes of nonimmigrant pursuant to section 248 of the act, or adjustment of status to that of a permanent resident pursuant to section 245 of the act: *Provided,* That said agreement shall cease to be binding upon any such nonimmigrant who, subsequent to admission, is granted a waiver in accordance with the provisions of section 201 (b) of the United States Information and Educational Exchange Act, as amended.

§ 214j.5  *Employment.*  An exchange alien may accept remunerative employment in the United States only if it is consistent with the purpose of the United States Information and Educational Exchange Act of 1948, as amended.

PART 214k—ADMISSION OF AGRICULTURAL WORKERS UNDER SPECIAL LEGISLATION

Sec.
214k.1  Definitions.
214k.2  Period for which admitted.
214k.3  Conditions of admission.
214k.4  Compliance by employer.
214k.5  Extension of stay; conditions.

Sec.
214k.6  Readmission after temporary visits to Mexico.
214k.7  Previous removal, deportation; permission to reapply.
214k.8  Arrest and deportation of agricultural workers.
214k.21  Recruitment centers; preliminary inspection.
214k.22  Immigration inspection at reception centers.
214k.23  Recontracting in the United States.
214k.24  Duplicate identification cards.
214k.51  Extension of period of admission.

AUTHORITY: §§ 214k.1 to 214k.51 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 501–508, 65 Stat. 119, secs. 101, 212, 235, 241, 242, 264, 405, 66 Stat. 166, 182, 198, 204, 208, 224, 280; 7 U. S. C. 1461–1468, 8 U. S. C. 1101 and note, 1182, 1225, 1251, 1252, 1304.

§ 214k.1  *Definitions.*  As used in this part:

(a) The term "agricultural worker" means a native-born citizen of Mexico who is and has been a bona fide resident of Mexico for at least one year immediately preceding the date of application for admission and who seeks to enter the United States temporarily under the provisions of Title V of the Agricultural Act of 1949, as amended (63 Stat. 1051, Pub. Law 78, 82d Cong.), for the sole purpose of engaging in agricultural employment as defined in this section, and who is legally admitted to the United States for temporary employment in agriculture in accordance with the terms of the Migrant Labor Agreement of 1951, as amended, entered into between the Governments of the United States and Mexico.

(b) The term "agricultural employment" means:

(1) Cultivation and tillage of the soil, planting, production, cultivation, growing, and harvesting of any agricultural or horticultural commodities and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparations for market, delivery to storage, or to market, or to a carrier for transportation to market; or

(2) The maintenance of a farm and its tools and equipment, or salvaging of timber or clearing land of brush and other debris left by a hurricane, if the major part of such service is performed on a farm; or

(3) The maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit and used exclusively for supplying or storing water for farming purposes, and cotton ginning; or

(4) Handling, drying, packing, packaging, processing, freezing, grading or storing, in its unmanufactured state any agricultural or horticultural commodity for the operator of a farm; but only if such operator produced more than one-half of the commodity with respect to which the service is performed; or

(5) All of the activities described in subparagraph (4) of this paragraph for a group of operators of farms but only if such operators produced the commodities with respect to which such activities are performed: *Provided,* That the provisions of this subparagraph and sub-

AR2022_200118

paragraph (4) of this paragraph shall not be applicable with respect to services performed in connection with commercial canning or commercial freezing, or in connection with any agricultural or horticultural commodities, after their delivery to a terminal market for distribution or consumption.

(c) The term "employer" means:

(1) The operator of agricultural property who is engaged in agricultural employment, as defined in this section;

(2) An association or other group of employees but only if those of its members for whom Mexican workers are being obtained are bound, in the event of its default, to carry out the obligations undertaken by it pursuant to the provisions of the Migrant Labor Agreement of 1951, as amended, unless the Secretary of Labor of the United States determines that such individual liability is not necessary to assure performance of such obligations; or

(3) A processor, shipper or marketer of agricultural products when the Mexican workers whom he obtains are employed by him in agriculture or crops purchased by him.

§ 214k.2   *Period for which admitted.* An agricultural worker may be admitted to the United States temporarily as a nonimmigrant pursuant to the provisions of Title V of the Agricultural Act of 1949, as amended, *Provided:*

(a) That the initial period of admission shall be for not less than four weeks and not more than six months. The initial period of admission or any extension thereof shall not extend beyond June 30, 1959;

(b) That no maintenance-of-status or departure bond shall be required; and

(c) That the period of temporary admission shall be subject to immediate revocation, without notice, by the district director of the district having jurisdiction over the place of the alien's employment upon:

(1) Failure of the agricultural worker to maintain his status as such by accepting any employment or engaging in any activities not specifically authorized at the time of his recruitment and temporary admission;

(2) Withdrawal of the employer's certification because of violation of Title V of the Agricultural Act of 1949, as amended, or the Migrant Labor Agreement of 1951, as amended, or individual work contract made thereunder, as specified in § 214k.4 (b) ; or

(3) Determination and notification by the Secretary of Labor that sufficient domestic workers who are able, willing, and qualified are available at the time and place needed to perform the work for which such workers are employed, or that the employment of such workers is adversely affecting the wages and working conditions of domestic agricultural workers similarly employed, or that reasonable efforts have not been made to attract domestic workers for such employment at wages and standard hours of work comparable to those offered to foreign workers; or

(4) Termination of the Migrant Labor Agreement of 1951, as amended.

§ 214k.3   *Conditions of admission.* Any alien who applies for admission into the United States under the provisions of Title V of the Agricultural Act of 1949, as amended, and the provisions of this part, must:

(a) Establish that he is an agricultural worker as defined in § 214k.1 (a) ;

(b) Establish that he is in all respects admissible under the provisions of the immigration laws;

(c) Have been regularly recruited by the Secretary of Labor as an agricultural worker;

(d) Comply with and continue to fulfill all of the terms, conditions, and requirements of his individual work contract;

(e) At all times carry with him and have in his personal possession the Form I-100 issued to him at the time of his admission, pursuant to § 214k.22 (a) ; and

(f) Establish to the satisfaction of the examining immigration officer that, if admitted, he will comply with all of the conditions of such admission.

§ 214k.4   *Compliance by employer.* (a) No agricultural workers shall be made available to, nor shall any such workers made available be permitted to remain in the employ of, any employer who has in his employ any Mexican alien when such employer knows or has reasonable grounds to believe or suspect or by reasonable inquiry could have ascertained that such Mexican alien is not lawfully within the United States. Whenever it shall appear that a Mexican alien not lawfully in the United States is so employed, an investigation shall be made and a report submitted to the district director having jurisdiction over the place of the alien's employment. If the district director determines that the employer has employed such Mexican aliens in violation of this section, he may require that other agricultural workers be removed from said place of employment, either by transfer to an eligible employer or by return to Mexico.

(b) Upon notification from the Secretary of Labor that an employer fails or refuses to comply with the provision of Title V of the Agricultural Act of 1949, as amended, or the Migrant Labor Agreement of 1951, as amended, or individual work contract made thereunder, the temporary admission of all agricultural workers employed by such employer may be revoked in the same manner as provided in § 214k.2 (c).

(c) If a Mexican agricultural worker leaves his employment without proper authorization, the employer shall report such departure immediately or within five days thereof to the immigration officer in charge of the reception center where the worker was admitted. Such notification shall contain the individual worker's name, as shown in the employer's copy of the contract; the worker's Form I-100C number; the date the worker left the employer, and the present whereabouts of the worker, if known.

§ 214k.5   *Extension of stay; conditions.* After an alien has been admitted to the United States as an agricultural worker under the provisions of this part or of prior regulations pertaining to

Title V of the Agricultural Act of 1949, as amended, he may be granted an extension or extensions of the period of his temporary admission by the district director or the officer in charge of the suboffice having jurisdiction over the place of the alien's employment, subject to the same limitations as are placed on original admission by § 214k.2.

§ 214k.6   *Readmission after temporary visits to Mexico.* (a) An agricultural worker who has been admitted to the United States under the provisions of this part or of prior regulations pertaining to Title V of the Agricultural Act of 1949, as amended, may be readmitted after temporary visits to Mexico on presentation of Form I-100C, Alien Laborer's Permit, if he is still maintaining the status of an agricultural worker in the United States.

(b) An agricultural worker who is granted a furlough which is for more than 15 days, or will take place during the last 15 days of a six-week contract, or will take place during the last 30 days of a contract of more than six weeks, shall be furnished with a letter by the employer stating the time for which the furlough is granted and that contractual obligations will be reassumed upon his return to his employment after furlough. The letter shall be appropriately endorsed to show approval of the furlough by a representative of the United States Employment Service and the appropriate Mexican Consul.

§ 214k.7   *Previous removal, deportation; permission to reapply.* An alien who establishes that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously removed at Government expense pursuant to section 242 (b) of the act or excluded or arrested and deported solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States as an agricultural worker.

§ 214k.8   *Arrest and deportation of agricultural workers.* (a) An alien admitted to the United States as an agricultural worker shall be deemed to have failed to maintain his nonimmigrant status within the meaning of section 241 (a) (9) of the Immigration and Nationality Act if:

(1) He remains in the United States after the expiration of the time for which he was temporarily admitted or after the expiration of any authorized extension of such period; or

(2) He violates or fails to fulfill any of the other conditions of his admission to or extended stay in the United States; or

(3) He evidences orally or in writing or by conduct an intention to violate or to fail to fulfill any of the conditions of his temporary admission to or extended stay in the United States; or

(4) He remains in the United States after the period of his temporary admission or extended stay is revoked pursuant to § 214k.2 (c).

(b) Any alien to whom paragraph (a) of this section is applicable shall be subject to being taken into custody and

**AR2022_200119**

made the subject of further proceedings under the applicable provisions of the Immigration and Nationality Act and the regulations in this chapter.

§ 214k.21 *Recruitment centers; preliminary inspection.* To the extent possible under the circumstances, all immigration inspections and medical examinations of the agricultural workers at recruitment centers in Mexico shall be similar to those regularly conducted at ports of entry on the border. If the immigration officer at the recruitment center in Mexico determines that the alien is admissible as an agricultural worker he shall so note and initial the conditional permit which is issued to the alien by the Secretary of Labor when the alien is recruited. Such endorsement shall not be construed as a guarantee that the alien will be admitted to the United States nor shall the alien be entitled to accept employment in the United States unless and until he has been issued Form I-100C as prescribed in § 214k.22. Aliens whose conditional permits have been noted by immigration officers shall be conveyed directly from the recruitment center to a reception center at or near a port of entry under the supervision of representatives of the Secretary of Labor for completion of immigration inspection. The conveyance of an agricultural worker to a reception center shall not constitute an admission to the United States. Such alien shall be considered to have been admitted to the United States only after he has been inspected and issued Form I-100C as prescribed in § 214k.22. If the immigration officer at the recruitment center in Mexico determines that the alien is inadmissible as an agricultural worker, he shall refuse to note the alien's conditional permit and such decision by the immigration officer shall not be subject to appeal to a special inquiry officer.

§ 214k.22 *Immigration inspection at reception centers*—(a) *Authority to admit.* An alien who presents a conditional permit, as described in § 214k.21, duly noted by an immigration officer at a recruitment center, may be admitted at the reception center if he is found admissible by the examining immigration officer. The examining officer shall fingerprint each alien admitted. The alien shall be given the Form I-100C bearing his photograph and stating his name and place of birth. Such form shall be duly noted by an immigration officer to show the date, place, and period of the alien's admission to the United States and shall be signed by such officer across the photograph. Such noted card shall be the sole document required for admission to the United States as an agricultural worker under this part.

(b) *Hearing before special inquiry officer.* If the examining immigration officer is not satisfied that an alien seeking admission under this part is admissible, the alien shall be held for hearing before a special inquiry officer, and the hearing procedure applicable generally to aliens seeking admission to the United States under the immigration laws shall be followed: *Provided, however,* That the case of an alien believed to be inadmissible to the United States un-

der the provisions of paragraph (27), (28), or (29) of section 212 (a) of the Immigration and Nationality Act shall be handled in accordance with the provisions of section 235 (c) of that act and § 235.8 of this chapter.

§ 214k.23 *Recontracting in the United States.* During the period for which he is admitted, or any authorized extension thereof, an agricultural worker may be recontracted by another employer. When an agricultural worker is recontracted, his Form I-100C shall be appropriately noted and the admitting reception center notified.

§ 214k.24 *Duplicate identification cards.* A duplicate Form I-100C may be issued by the admitting reception center when the original has been lost, mutilated, or destroyed. An application for such a card shall be made on Form I-102.

§ 214k.51 *Extension of period of admission.* Extension of the temporary admission of an alien admitted to the United States as an agricultural worker under Title V of the Agricultural Act of 1949, as amended, and regulations pursuant thereto or under this part may be granted by the district director or the officer in charge of the suboffice having jurisdiction over the place of the alien's employment only upon determination and certification by the Secretary of Labor that:

(a) Sufficient domestic workers who are able, willing, and qualified are not available at the time and place needed to perform the work for which such workers are to be employed;

(b) The employment of such workers will not adversely affect the wages and working conditions of domestic agricultural workers similarly employed; and

(c) Reasonable efforts have been made to attract domestic workers for such employment at wages and standard hours of work comparable to those offered to foreign workers.

PART 223—REENTRY PERMITS

Sec.
223.1 Application.
223.2 Reentry permit.
223.3 Extensions.
223.5 Expired permits.

AUTHORITY: §§ 223.1 to 223.5 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 223, 66 Stat. 194; 8 U. S. C. 1203.

§ 223.1 *Application.* An application for a reentry permit under the provisions of section 223 of the act shall be submitted on Form I-131. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 223.2 *Reentry permit*—(a) *Form.* Reentry permits shall be issued on Form I-132 and shall indicate whether they are issued under paragraph (a) (1) or (a) (2) of section 223 of the act and the period of their validity.

(b) *Limited reentry permit.* Limited reentry permits, valid for reentry to Hawaii only, may be issued to those

citizens of the Philippine Islands specified in § 4.2 (g) of this chapter, if otherwise eligible.

§ 223.3 *Extensions.* An application for extension of a reentry permit shall be submitted to the office having jurisdiction over the applicant's place of residence in the United States prior to the expiration of the period of validity of the reentry permit. The application shall be in writing and shall state the applicant's name and address in the United States; when, where, and the manner in which he departed from the United States; the port of landing and the date of his arrival abroad; the countries visited by him in the order visited; his reasons for requesting an extension and the period for which the extension is desired, and the address to which the permit is to be returned. If the extension application is granted, the permit will be noted to show the extension and returned to the applicant; if denied, the applicant shall be notified of the decision, and the permit returned to him if the remaining period of its validity permits its use for return to the United States. No appeal shall lie from a decision denying an application for extension of a reentry permit.

§ 223.5 *Expired permits.* Upon the expiration of the period of validity of a reentry permit, the permit shall be surrendered by the holder to the issuing office. If any such expired permit has not been surrendered to the service, no subsequent reentry permit shall be issued to the same alien unless he shall first surrender the expired permit, or satisfactorily account for his failure so to do.

PART 231—ARRIVAL-DEPARTURE MANIFESTS AND LISTS; SUPPORTING DOCUMENTS

Sec.
231.1 Arrival manifests, lists, and arrival-departure cards.
231.2 Departure lists and arrival-departure cards.

AUTHORITY: §§ 231.1 and 231.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 212, 231, 238, 239, 66 Stat. 167, 182, 195, 202, 203; 8 U. S. C. 1101, 1182, 1221, 1228, 1229.

§ 231.1 *Arrival manifests, lists, and arrival-departure cards*—(a) *Presentation.* The master or agent of every vessel arriving in the United States shall present to the immigration officer at the port of first arrival, typed or legibly printed in accordance with instructions on the reverse thereof, a manifest on Form I-418 of all passengers on board. To facilitate inspection the manifest on Form I-418 may be presented in separate alphabetical listings for United States citizens and for aliens and may be further subdivided according to the separate foreign ports of embarkation and United States ports of debarkation. The master or agent of every aircraft arriving in the United States shall present to the immigration officer at the port of first arrival a manifest consisting of an arrival-departure card (Form I-94) for each passenger on board. Neither a Form I-418 nor a Form I-94 shall be required of a vessel or aircraft arriving in the continental United States or Alaska

AR2022_200120

directly from Canada on a voyage or flight originating in that country. In lieu of Form I-418 or Form I-94, the master or agent of a vessel or aircraft arriving in the United States without touching at a foreign port on a voyage or flight originating in Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, shall submit a list containing the surname, given name, and middle initial of each passenger on board. To facilitate inspection, an advance list of the names of all passengers on board may be delivered to the immigration officer at the first port of arrival prior to the vessel's or aircraft's arrival. When such advance list has been submitted, there shall be delivered to the immigration officer at the time of arrival at the first port a list containing any changes or corrections which differ from the advance list. If the inspection of all passengers at the first port of arrival is impracticable, the inspection of passengers destined to subsequent ports of arrival may be deferred in the discretion of the examining immigration officer. The manifests or lists of those passengers not inspected shall be returned to the master for presentation at subsequent ports of arrival. The procedure followed at the first port of arrival shall be followed at any subsequent port of arrival.

(b) *Additional documents.* When a manifest on Form I-418 is required to be presented, the master or agent of the vessel shall prepare as a part thereof a completely executed set of Forms I-94 for each alien passenger, except (1) an immigrant or (2) a Canadian citizen or a British subject who has his residence in Canada or Bermuda. The set of Forms I-94 shall be delivered to each alien for presentation to the examining immigration officer at the port of entry. When a manifest is not required or a nonimmigrant alien is applying other than as a passenger or crewman on board a vessel or aircraft, a set of Forms I-94 shall be prepared by the examining immigration officer for each nonimmigrant.

§ 231.2  *Departure lists and arrival-departure cards*—(a) *Presentation.* The master or agent of every vessel departing from the United States shall present to the immigration officer at the port from which the vessel will proceed directly to a foreign port or place a list of all passengers on board on Form I-418 in accordance with instructions contained thereon. The master or agent of every aircraft departing from the United States shall present to the immigration officer at the port from which the aircraft will proceed directly to a foreign port or place a fully executed Form I-94 (including departure information on the reverse) for each passenger departing. When available the Form I-94 given an alien at the time of his last arrival in the United States shall be utilized. Such departure lists and cards shall be presented prior to the departure of the vessel or aircraft except that vessels or aircraft making regular trips to and from the United States in accordance with a published schedule may defer the presentation of such forms and attachments for a period

No. 238—Part II—57——4

not in excess of 30 days. Forms I-418 or arrival-departure cards shall not be required for vessels or aircraft departing the continental United States or Alaska directly to Canada on a voyage or flight terminating in that country.

(b) *Additional documents.* When a manifest on Form I-418 is presented, the master or agent shall attach to such manifest a fully executed Form I-94 (including departure information on the reverse) for each manifested alien passenger aboard except (1) an alien permanent resident of the United States or (2) a Canadian citizen or a British subject who has his residence in Canada or Bermuda. When available, the Form I-94 given the alien at the time of his last arrival in the United States shall be utilized. Any alien registration receipt card on Form I-151 surrendered pursuant to § 264.1 (d) of this chapter by an alien lawfully admitted for permanent residence who is permanently departing shall also be attached to Form I-418 or the relating arrival-departure card (Form I-94). The alien shall surrender his Form I-94 to a Canadian immigration officer or United States immigration officer when it is not required to be presented by the master or agent of the vessel or aircraft.

---

PART 232—DETENTION OF ALIENS FOR OBSERVATION AND EXAMINATION

Sec.
232.1   Definitions.
232.2   Authority to detain and designate place of detention of aliens for observation and examination.
232.3   Responsibility for safekeeping of aliens ordered removed from vessel or airport of arrival for observation and examination.
232.4   Place of detention.
232.5   Liability for detention expenses.
232.11  Removal and detention of aliens.
232.51  Collection of detention expenses.
232.52  Reimbursement of transportation line for detention expenses in certain cases.

AUTHORITY: §§ 232.1 to 232.52 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 3, 63 Stat. 166, as amended, sec. 232, 66 Stat. 196; 5 U. S. C. 836, 8 U. S. C. 1222.

§ 232.1  *Definitions.* For the purposes of this part the term "transportation line" means a vessel, aircraft, transportation line, transportation company, steamship company, or the master, commanding officer, authorized agent, owner, charterer, or consignee of a vessel or aircraft, and the term "alien" means any alien as defined by the Immigration and Nationality Act and any person applying for admission to the United States as a citizen or national of the United States.

§ 232.2  *Authority to detain and designate place of detention of aliens for observation and examination.* The authority to detain aliens and to designate the place of detention, if detention is required other than on board a vessel or at the airport of arrival, under the provisions of section 232 of the Immigration and Nationality Act may be exercised by the examining immigration officer, or by the district director or officer in charge having administrative

jurisdiction over the port at which such aliens arrived.

§ 232.3  *Responsibility for safekeeping of aliens ordered removed from vessel or airport of arrival for observation and examination.* The responsibility for the safekeeping during the removal and subsequent detention of an alien (including an alien crewman), who has been ordered removed from a vessel or airport of arrival and detained pursuant to section 232 of the Immigration and Nationality Act and this part shall be upon the transportation line bringing the alien to the United States, except that such transportation line shall be relieved of that responsibility during such time as the alien is detained on premises owned or controlled by the United States.

§ 232.4  *Place of detention.* Any alien who is ordered removed or detained pursuant to section 232 of the Immigration and Nationality Act and this part shall, unless treatment in a hospital is necessary, be kept in custody in a facility operated by the Service if such a facility exists at the port of arrival or if at a nearby port there is such a facility which can be utilized. If no such facility is available such alien may, with the approval of the district director or officer in charge having administrative jurisdiction over the port of arrival, be detained at a place to be arranged for by the transportation line bringing him to the United States.

§ 232.5  *Liability for detention expenses.* In any case in which an alien (including alien crewman) is removed from a vessel or airport of arrival and detained for observation and examination under section 232 of the Immigration and Nationality Act and this part, the transportation line bringing such alien to the United States shall be responsible initially for the payment of detention expenses if the district director having administrative jurisdiction over the port of arrival has reason to believe from the facts presented that such detention expenses may properly be assessed against the transportation line. In any such case the transportation line, at the option of the district director shall be required to obligate itself in a manner satisfactory to such officer for the payment of the expenses referred to in this section, and may be required to make payment in advance, or deposit security with respect to each alien so detained.

§ 232.11  *Removal and detention of aliens.* Whenever the district director, officer in charge or examining immigration officer, in his discretion, determines that an alien should be removed from a vessel or airport of arrival for detention elsewhere for the purpose of observation and examination, such officer shall serve or cause to be served on the transportation line bringing such alien to the United States a notice, on Form I-259, directing such removal. The notice shall specify the date and time the alien is to be removed, the place at which he is to be detained, and the reasons for the removal.

Case 1:18-cv-00068 Document 607-2 Filed on 11/03/22 in TXSD Page 122 of 141

§ 232.51 *Collection of detention expenses.* In all cases in which the Government has initially paid the detention expenses and expenses incident thereto of an alien detained pursuant to section 232 of the Immigration and Nationality Act, bills pertaining to the detention expenses shall be presented monthly or oftener, at the option of the district director, to the responsible transportation line as soon as liability therefor is established to the satisfaction of the district director. Such expenses shall include, but shall not be limited to, expenses of maintenance, medical treatment in hospital or elsewhere, and burial in the event of death. At ports where the Service maintains hospitals, the hospital expenses shall be such as are fixed by the Service and at other hospitals they shall be such as are fixed by the authorities thereof.

§ 232.52 *Reimbursement of transportation line for detention expenses in certain cases.* A transportation line which has paid the detention expenses referred to in § 232.5 shall, upon presentation of itemized receipts, be reimbursed from the applicable appropriation of the Service if it is finally determined that the transportation line should not be assessed for the payment of such expenses. The reimbursement shall cover only reasonable amounts actually expended for such expenses, but the reimbursement for the cost of maintenance shall not, except in unusual circumstances and unless the expense was incurred with the prior approval of the district director having administrative jurisdiction over the port, exceed the maximum per diem allowance prescribed in section 836 of Title 5 of the United States Code in lieu of subsistence. No reimbursement shall be made for detention expenses incurred after the alien has been offered for deportation to the transportation line which brought him to the United States.

PART 233—TEMPORARY REMOVAL FOR EXAMINATION UPON ARRIVAL

Sec.
233.1 Definitions.
233.2 Assumption of responsibility.
233.3 Expenses of removal; payment.
233.4 Burial expenses.
233.5 Liability for detention expenses.
233.6 Termination of Government liability for detention expenses.
233.7 Place of detention.
233.31 Collection of removal expenses.
233.51 Collection of detention expenses.
233.52 Reimbursement of transportation line for detention expenses in certain cases.

AUTHORITY: §§ 233.1 to 233.52 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 1, 2, 46 Stat. 1467, as amended, 54 Stat. 858, as amended, sec. 3, 63 Stat. 166, as amended, secs. 233, 237, 66 Stat. 197, 201; 5 U. S. C. 342c, 342d, 342e, 836, 8 U. S. C. 1223, 1227.

§ 233.1 *Definitions.* For the purposes of this part the term "transportation line" means a vessel, aircraft, transportation line, transportation company, steamship company, or the master, commanding officer, authorized agent, owner, charterer, or consignee of a vessel or aircraft, and the term "alien" means any alien as defined by the Immigration and Nationality Act and any person applying for admission to the United States as a citizen or national of the United States.

§ 233.2 *Assumption of responsibility.* (a) Whenever a transportation line, in accordance with the provisions of section 233 (a) of the Immigration and Nationality Act and this part, desires to assume responsibility for the safekeeping of an alien during his removal to a designated place for examination and inspection, it shall submit a request therefor to the district director having administrative jurisdiction over the port of arrival. If the request is approved by the district director the transportation line shall execute an agreement on Form I–259A, and the district director shall cause a notice to detain and remove, on Form I–259, to be served upon the transportation line. Such notice shall specify the date and time the alien is to be removed, the place to which such removal shall be made, and the reason therefor. If such agreement is executed, the removal of the alien shall not be made by an immigration officer.

(b) A transportation line may enter into a blanket agreement assuming the responsibility for the safekeeping of all aliens brought to a port of the United States by such line who are required to be removed for examination and inspection. In the absence of a written notice to the contrary, the acceptance of service of Form I–259 naming the specific alien or aliens to be removed and the reasons therefor shall be good and sufficient evidence of the assumption by the said transportation line of its responsibility in accordance with the provisions of section 233 (a) of the Immigration and Nationality Act and this part.

§ 233.3 *Expenses of removal; payment.* Whenever an alien (including an alien crewman) is removed for examination and inspection by an immigration officer under section 233 (a) of the Immigration and Nationality Act and this part, the expenses of removal to be borne by the transportation line shall include payment for the salary of such officer for the time consumed in the removal, including travel time of the officer from and to the office at which he is stationed. The hourly rate of pay for such officer shall be based upon his gross annual salary. For the purposes of this section any fraction of an hour consumed in the removal of the alien shall be considered as a full hour. Any portion of such services which is performed after 5 p. m. or before 8 a. m., or on Sundays or holidays, shall be compensated for at the rate specified in the act of March 2, 1931, as amended by the act of August 22, 1940 (8 U. S. C. 109a–109c). The expenses to be borne by the transportation line shall also include, but shall not be limited to the costs of transportation of the officer and alien, meals, cost of matrons, nurses, attendants, guards, ambulances, and similar costs for any accompanying alien whose protection or guardianship is required if the alien being removed for inspection and examination is helpless by reason of sickness or mental or physical disability or infancy.

§ 233.4 *Burial expenses.* For the purposes of section 233 of the Immigra-

tion and Nationality Act the burial expenses referred to therein shall include the payment of an amount not exceeding $10.00 in any case for the services of a minister of any religious denomination.

§ 233.5 *Liability for detention expenses.* In any case in which an alien (including alien crewmen) is removed from a vessel or aircraft and detained for examination and inspection under section 233 or 237 of the Immigration and Nationality Act and this part, the transportation line bringing such alien to the United States shall be responsible initially for the payment of detention expenses if the district director having administrative jurisdiction over the port of arrival has reason to believe from the facts presented that such detention expenses may properly be assessed against the transportation line. In any such case the transportation line, at the option of the district director, shall be required to obligate itself in a manner satisfactory to such officer for the payment of the expenses referred to in this section, and may be required to make payment in advance or deposit security, with respect to each alien so detained.

§ 233.6 *Termination of Government liability for detention expenses.* Any detention expenses and expenses incident thereto which are required to be borne by the Government under section 233 or 237 of the Immigration and Nationality Act shall continue to be borne by the Government until the alien is offered for deportation to the transportation line which brought him to the United States. Thereafter all detention expenses and expenses incident thereto shall be borne by such transportation line.

§ 233.7 *Place of detention.* Any alien who arrives in the United States by vessel or aircraft and who is ordered removed temporarily therefrom pending final decision as to his admissibility shall be detained at such appropriate place as shall be designated for that purpose by the district director or officer in charge having administrative jurisdiction over the port of arrival.

§ 233.31 *Collection of removal expenses.* Bills pertaining to removal expenses of an alien removed pursuant to section 233 of the Immigration and Nationality Act and this part shall be presented monthly or oftener, at the option of the district director, to the responsible transportation line.

§ 233.51 *Collection of detention expenses.* In all cases in which the Government has initially paid the detention expenses and expenses incident thereto and the deportation expenses of a detained alien, pursuant to section 233 or 237 of the Immigration and Nationality Act, bills pertaining to the detention and deportation expenses shall be presented monthly or oftener, at the option of the district director, to the responsible transportation line as soon as liability therefor is established to the satisfaction of the district director. Such expenses shall include, but shall not be limited to, expenses of maintenance, medical treatment in hospital or elsewhere, burial in the event of death and transfer to the vessel or aircraft in

AR2022_200122

the event of deportation. At ports where the Service maintains hospitals, the hospital expenses shall be such as are fixed by the Service, and at other hospitals they shall be such as are fixed by the authorities thereof.

§ 233.52 *Reimbursement of transportation line for detention expenses in certain cases.* A transportation line which has paid the detention expenses referred to in § 233.5 shall, upon presentation of itemized receipts be reimbursed from the applicable appropriation of the Service if it is finally determined that the transportation line should not be assessed for the payment of such expenses. The reimbursement shall cover only reasonable amounts actually expended for such expenses, but the reimbursement for the cost of maintenance shall not, except in unusual circumstances and unless the expense was incurred with the prior approval of the district director having administrative jurisdiction over the port, exceed the maximum per diem allowance prescribed in section 836 of Title 5 of the United States Code in lieu of subsistence. No reimbursement shall be made for detention expenses incurred after the alien has been offered for deportation to the transportation line which brought him to the United States.

---

Part 235—Inspection of Aliens
Applying for Admission

Sec.
235.1   General qualifications.
235.2   Examination postponed.
235.3   Detention.
235.4   Notations on documents.
235.5   Pre-inspection in certain parts of the United States.
235.6   Notice of referral to special inquiry officer.
235.7   Referral of certain cases to district director.
235.8   Temporary exclusion.

Authority: §§ 235.1 to 235.8 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 212, 213, 221, 234, 235, 236, 237, 238, 242, 66 Stat. 166, 182, 188, 191, 198, 200, 201, 202, 208, as amended; 8 U. S. C. 1101, 1182, 1183, 1201, 1224, 1225, 1226, 1227, 1228, 1252.

§ 235.1 *General qualifications.* The following general qualifications and requirements shall be met by an alien seeking to enter the United States regardless of whether he seeks to enter for permanent, indefinite, or temporary stay, and regardless of the purpose for which he seeks to enter: he shall apply in person at a place designated as a port of entry for aliens at a time when the immigration office at the port is open for inspection; he shall make his application in person to an immigration officer and shall present whatever documents are required; and he shall establish to the satisfaction of the immigration officer that he is not subject to exclusion under the immigration laws, Executive orders, or Presidential proclamations and is entitled under all of the applicable provisions of the immigration laws and this chapter to enter the United States.

§ 235.2 *Examination postponed.* Whenever an alien on arrival is found or believed to be suffering from a disability

which renders it impractical to proceed with the examination under the act, the examination of such alien, members of his family concerning whose admissibility it is necessary to have such alien testify, and any accompanying aliens whose protection or guardianship will be required should such alien be found inadmissible shall be deferred for such time and under such conditions as the district director in whose district the port is located imposes.

§ 235.3 *Detention.* All persons arriving at a port in the United States by vessel or aircraft shall be detained aboard the vessel or at the airport of arrival by the master, commanding officer, purser, person in charge, agent, owner, or consignee of such vessel or aircraft until admitted or otherwise permitted to land by an officer of the Service. Notice or order to so detain shall not be required.

§ 235.4 *Notations on documents.* The admitting examining officer shall by means of a stamp record in each passport required to be presented the word "Admitted" and the date and place of admission and shall record the same information on any immigrant visa, reentry permit, or Form I–94 presented by or prepared for an arriving admitted alien. One copy of the Form I–94, so endorsed, shall be returned to the admitted alien by whom it was presented or for whom it was prepared for his retention while in the United States and for surrender at the time of his departure from the United States, except that the copy of the I–94 shall be delivered to a representative of the carrier which brought him in the case of each alien who is authorized direct transit through the United States under section 238 (d) of the act.

§ 235.5 *Pre-inspection in certain parts of the United States.* In the case of any aircraft proceeding from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States destined directly and without touching at a foreign port or place to any other of such places or to the continental United States, the examination required by the act of the passengers and crew may be made prior to the departure of the aircraft, and in such event, final determination of admissibility shall be made immediately prior to such departure. The examination shall be conducted in accordance with sections 234, 235, 236, and 237 of the act and this part and Parts 236 and 237 of this chapter, except that if it appears to the examining immigration officer that any person in the United States being examined under this section is prima facie deportable from the United States, further action with respect to his examination shall be deferred and further proceedings conducted as provided in section 242 of the act and Part 242 of this chapter. When the foregoing inspection procedure is applied to any aircraft, persons examined and found admissible shall be placed aboard the aircraft, or kept at the airport separate and apart from the general public until they are permitted to board the aircraft. No other person shall be permitted to depart on such aircraft until and unless he

is found to be admissible as provided in this section.

§ 235.6 *Notice of referral to special inquiry officer.* If, in accordance with the provisions of section 235 (b) of the act, the examining immigration officer detains an alien for further inquiry before a special inquiry officer, he shall immediately sign and deliver to the alien a Notice To Alien Detained For Hearing By Special Inquiry Officer (Form I–122). If the alien is unable to read or understand the notice, it shall be read and explained to him by an employee of the Service, through an interpreter, if necessary, prior to such further inquiry.

§ 235.7 *Referral of certain cases to district director.* If the examining officer has reason to believe that the cause of an alien's excludability can readily be removed by posting of a bond in accordance with the provisions of section 213 of the act; by the exercise of section 212 (d) (3) or (4) of the act; or by the exercise of section 212 (c) of the act, he may in lieu of detaining the alien for hearing in accordance with section 235 (b) and section 236 of the act refer the alien's case to the district director within whose district the port is located for consideration of such action and defer further examination pending the decision of the district director. Refusal of a district director to authorize admission under section 213 or to grant application for the benefits of section 212 (d) (3) or (4) or section 212 (c) of the act shall be without prejudice to the renewal of such application or the authorizing of such admission by the special inquiry officer without additional fee.

§ 235.8 *Temporary exclusion* — (a) *Report.* Any immigration officer who temporarily excludes an alien under the provisions of section 235 (c) of the act shall report such action promptly to the district director having administrative jurisdiction over the port at which such alien arrived. If the subject of the report is an alien who seeks to enter the United States other than under section 101 (a) (15) (D) of the act, the report shall be forwarded by the district director to the regional commissioner and further action shall be taken thereon as provided in paragraph (b) of this section.

(b) *Action by regional commissioner.* If the regional commissioner is satisfied that the alien is inadmissible to the United States under paragraph (27), (28), or (29) of section 212 (a) of the act and if the regional commissioner, in the exercise of his discretion, concludes that such inadmissibility is based on information of a confidential nature the disclosure of which would be prejudicial to the public interest, safety, or security, he may deny any hearing or further hearing by a special inquiry officer and order such alien excluded and deported, or enter such other order in the case as he deems appropriate. In any other case the regional commissioner shall direct that the alien be given a hearing or further hearing before a special inquiry officer.

(c) *Finality of decision.* The decision of the regional commissioner provided

AR2022_200123

for in paragraph (b) of this section shall be final and no appeal may be taken therefrom. The decision of the regional commissioner shall be in writing, signed by him and, unless it contains confidential matter, a copy shall be served on the alien. If the decision contains confidential matter, a separate order showing only the ultimate disposition of the case shall be signed by the regional commissioner and served on the alien.

(d) *Hearing by special inquiry officer.* If the regional commissioner directs that an alien temporarily excluded be given a hearing or further hearing before a special inquiry officer, such hearing and all further proceedings in the case shall be conducted in accordance with the provisions of section 236 and other applicable sections of the act to the same extent as though the alien had been referred to a special inquiry officer; except, that if confidential information, not previously considered in the case, is adduced supporting the exclusion of the alien under paragraph (27), (28), or (29) of section 212 (a) of the act, the disclosure of which, in the discretion of the special inquiry officer, may be prejudicial to the public interest, safety, or security, the special inquiry officer may again temporarily exclude the alien under the authority of section 235 (c) of the act and further action shall be taken as provided in this section.

PART 235a—PREEXAMINATION OF ALIENS WITHIN THE UNITED STATES

Sec.
235a.1   Application.
235a.11  Disposition of case.

AUTHORITY: §§ 235a.1 and 235a.11 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103.

§ 235a.1  *Application.* Any alien, except a citizen of Canada, Mexico, or islands adjacent to the United States, who entered the United States prior to January 1, 1957, and has been continuously physically present in the United States since that date, shall apply for preexamination on Form I–63 if he intends to apply to a consular officer of the United States in Canada for an immigrant visa and he believes that he will be admissable to the United States under all the provisions of the immigration laws if in possession of an immigrant visa; that he will be able to obtain the prompt issuance of an immigrant visa, and that he is a person of good moral character. Any alien who files Form I–63 shall be deemed to have thereby abandoned his nonimmigrant status in the United States. Form I–63 shall be submitted to the office of the Immigration and Naturalization Service having jurisdiction over the applicant's place of residence, and may be filed separately or in conjunction with a petition for nonquota or preference quota status under Part 204 or 205 of this chapter. If the applicant is under deportation proceedings, the application shall be made to the special inquiry officer during the hearing pursuant to Part 242 of this chapter. The applicant shall be notified of the decision, and, if the application is denied, of the reasons therefor and of his right to appeal under Part 6 or 7 of this chapter.

§ 235a.11  *Disposition of case.* If preexamination has been authorized, the applicant shall not be preexamined until he has presented written assurance from the consular officer of the United States in Canada that a visa will be promptly available if upon personal examination he is found eligible for a visa, and a report from a medical officer of the United States Public Health Service setting forth findings of the applicant's mental and physical condition. Any applicant certified under paragraph (1), (2), (3), (4), or (5) of section 212 (a) of the act may appeal to a board of medical officers of the United States Public Health Service as provided in section 234 of the act and § 236.13 (c) of this chapter. Preexamination to determine the applicant's admissibility to the United States shall be conducted by an immigration officer. If it shall appear to the immigration officer that the applicant is not clearly and beyond a doubt admissible, the matter shall be referred to a special inquiry officer for disposition pursuant to section 236 of the act and Part 236 of this chapter. If the applicant is found admissible, he shall be given a sealed letter addressed to the Canadian immigration officer at the port through which he will enter Canada, showing the purpose of the applicant's visit to Canada and guaranteeing that if admitted to Canada he will be readmitted to the United States. An applicant previously found admissible in preexamination proceedings, who, having proceeded to Canada, is found inadmissible at the time of seeking reentry into the United States, shall be paroled into the United States.

PART 236—EXCLUSION OF ALIENS

Sec.
236.1   Authority of special inquiry officers.
236.11  Conduct of hearing.
236.12  Decision of special inquiry officer.
236.13  Advice to alien found excludable.
236.14  Finality of decision.
236.15  Appeal by alien.
236.16  Appeal by district director.
236.17  Fingerprinting of excluded aliens; photographs.

AUTHORITY: §§ 236.1 to 236.17 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 212, 221, 235, 236, 263, 66 Stat. 182, 191, 198, 200, 224; 8 U. S. C. 1182, 1201, 1225, 1226, 1303.

§ 236.1  *Authority of special inquiry officers.* Subject to any specific limitation prescribed by this chapter and by the Immigration and Nationality Act, special inquiry officers shall, in determining cases referred to them for further inquiry as provided in section 235 of the Immigration and Nationality Act, exercise such discretion and authority conferred upon the Attorney General by said Act as is appropriate and necessary for the disposition of such cases.

§ 236.11  *Conduct of hearing*—(a) *General provisions; duties of special inquiry officers.* At the commencement of the hearing the special inquiry officer shall enter of record as an exhibit in the case a copy of the Form I–122 previously delivered to the alien by the examining immigration officer as provided in Part 235 of this chapter. The special inquiry officer shall rule upon objections, introduce material and relevant evidence in behalf of the Government and the alien, and otherwise regulate the course of the hearing, and exercise such other powers and authority as are conferred upon him by the Immigration and Nationality Act and this chapter. If the alien has a relative or a friend present at the hearing who is a witness in the case, the testimony of the relative or friend shall be completed before he is permitted to remain at the hearing, unless, in the discretion of the special inquiry officer, his presence before testifying will not be prejudicial to a proper determination of the case. During the course of the hearing the alien's attorney or representative shall be permitted to examine the alien and he, or the alien, shall be permitted to examine any witnesses offered in the alien's behalf, to cross-examine any witnesses called by the Government, to offer evidence material and relevant to any matter in issue, and to make objections which shall be stated succinctly and entered on the record. Argument in support of objections and any irrelevant material or unduly repetitious matter shall be excluded from the record. If the alien is not represented by an attorney or representative, the special inquiry officer shall advise the alien of his rights, as described in this section, and shall assist the alien in the presentation of his case to the end that all of the material and relevant facts may be adduced.

(b) *Development of facts relating to penalties incurred by transportation company.* In all cases in which there is reason to believe that any administrative fine prescribed may have been incurred, the special inquiry officer shall develop in the course of the hearing all facts and circumstances material to a determination of liability to such fine.

(c) *Medical examiner as witness.* Whenever the certificate of an examining surgeon does not adequately describe the nature, character, and extent of the physical defect, disease, or disability which may affect the ability of the alien to earn a living and the alien has not affirmatively established that he will not have to earn a living, the special inquiry officer shall call the examining surgeon as a witness and interrogate him fully as to the particular nature, character, and extent of the defect, disease, or disability. Such testimony shall be made a part of the record.

(d) *Record in illiteracy cases.* In all cases in which the reading test is applied and aliens are rejected as unable to read and understand, the record shall, in addition to the number of the reading card used, clearly set forth (1) that the alien designated the particular language used in the test, (2) the complete English text appearing on the card, (3) a definite finding by the special inquiry officer as to the degree to which the alien failed to read and understand, and (4) if the alien claims to be within any class exempted from the test, a definite finding by the special inquiry officer as to the validity of such claim.

§ 236.12  *Decision of special inquiry officer*—(a) *Oral decision.* Except as

provided in paragraph (b) of this section, the special inquiry officer shall, immediately following the conclusion of the hearing, state for the record in the presence of the alien or his attorney or representative, his decision in the case, which shall include a summary of the evidence adduced, findings of fact, conclusions of law, and order. If the alien is entitled to appeal to the Board from an adverse decision of the special inquiry officer, he shall be so advised, and the exact language employed in conveying this advice to the alien, and the alien's representations or acknowledging statements, shall be made a part of the record in the case.

(b) *Written decision.* In any case in which he deems such action appropriate, the special inquiry officer may, as soon as practicable after the conclusion of the hearing, prepare a written decision signed by him which shall include a summary of the evidence adduced, findings of fact, conclusions of law, and order. The district director having administrative jurisdiction over the office in which the proceeding is pending shall cause a signed copy of such decision to be served on the alien with the notice referred to in § 6.11 of this chapter.

§ 236.13  *Advice to alien found excludable*—(a) *Return voyage.* An excluded alien shall be informed of the provisions of section 237 (a) of the Immigration and Nationality Act relating to the transportation expenses of his deportation from the United States, and to the class of travel in connection therewith. If the alien is entitled to refund of passage money he shall be so informed.

(b) *Permission to reapply.* The special inquiry officer excluding an alien shall advise him of the provisions of the Immigration and Nationality Act and of this chapter relating to the necessity of obtaining permission to reapply for admission to the United States should he desire to reapply within one year from his deportation under the excluding decision. The fact that such advice has been given to the alien of that notification shall be noted in the record together with the alien's foreign address. In cases in which the alien is excluded for causes which can readily be removed or overcome, he may be advised by the special inquiry officer that the application for permission to reapply for admission may then and there be made. If the alien does not appeal from the excluding decision and desires to make such application, the special inquiry officer may, in his discretion grant him permission to reapply for admission. Written notification of such permission shall be furnished to the alien for his use in subsequent proceedings. If the application for permission to reapply is denied by the special inquiry officer no appeal shall lie from such denial, but it shall be without prejudice to any further application made by the applicant pursuant to § 212.6 of this chapter. If an appeal is taken from a decision of the special inquiry officer as provided in section 236 (b) of the Immigration and Nationality Act, the decision on appeal, if adverse to

the alien, may grant him permission to reapply for admission within one year.

(c) *Alien certified for mental condition; right of medical appeal.* An alien certified under paragraphs (1), (2), (3), (4), or (5) of section 212 (a) of the Immigration and Nationality Act shall be advised of his right to appeal to a board of medical officers of the United States Public Health Service, and of his right to produce before such board one expert medical witness at the alien's own cost and expense. In the event the alien desires to appeal to such medical board, the district director having administrative jurisdiction over the office in which the proceedings are pending shall, in conformity with regulations prescribed by the United States Public Health Service, make such arrangements with the office of the Surgeon General as may be necessary for the convening of such medical board.

(d) *Notice of possible appeal by district director.* In any case falling within the purview of § 236.16 in which the decision of the special inquiry officer is to admit the alien, the special inquiry officer shall advise the alien at the conclusion of the hearing that, the decision is not final and is subject to possible appeal by the district director having administrative jurisdiction over the office in which the hearing was conducted, and that such appeal may be taken within a period of 5 days after a transcript of the record is made available to such district director.

(e) *Contents of record.* The exact language employed in conveying information to an alien in accordance with this section, and the alien's replies or acknowledging statements, shall be made a part of the record in the case.

§ 236.14  *Finality of decision.* The decision of the special inquiry officer shall be final except when:

(a) The case has been certified to the regional commissioner as provided in § 7.1 (b) of this chapter, or certified to the Board as provided in § 6.1 (c) of this chapter; or

(b) The alien takes an appeal as provided in § 236.15; or

(c) The district director takes an appeal as provided in § 236.16.

§ 236.15  *Appeal by alien*—(a) *From oral decision.* Immediately following an oral decision of the special inquiry officer, the alien, if entitled to appeal to the Board, shall be required to state for the record whether or not he desires to appeal and, if he does, whether or not he desires to file a brief in support of such appeal. If the alien desires to appeal, he shall then and there be required to submit a completed Form I-290A. If the alien desires to file a brief, he shall be allowed 5 days from the date of the oral decision within which to submit his brief to the district director having administrative jurisdiction over the office in which the proceeding is pending. Upon good cause shown, such district director or the special inquiry officer who presided at the hearing, or the Board may, in their discretion, extend the time within which the brief may be submitted. In any case in which the alien has stated that he de-

sires to submit a brief, he may, within the period allowed for the submission of such brief file with the district director a written waiver thereof. An alien appealing from an oral decision of a special inquiry officer shall be furnished with a transcript of the oral decision.

(b) *From written decision.* In any case in which an alien is entitled to appeal from a written decision of a special inquiry officer, such appeal shall be taken on Form I-290A in accordance with the provisions of § 6.11 of this chapter within 5 days after receipt of the written decision.

§ 236.16  *Appeal by district director.* The district director having administrative jurisdiction over the office in which the hearing was conducted may require any case or classes of cases to be referred to him for review in which the decision of the special inquiry officer is to admit the alien. The district director shall, within 5 days after receipt of the transcript of the record in any such case, determine whether or not he desires to appeal to the Board. If an appeal is taken by the district director, written notice thereof shall be delivered to the alien and the alien shall be advised that he may make such representations to the Board as he may desire, including the filing of a brief. If the alien desires to file a brief, he shall be allowed 5 days from receipt of notification of appeal within which to file a brief with the district director for transmittal to the Board with the record in the case. The filing of such brief may be waived by the alien. For good cause shown, such district director, or the special inquiry officer who presided at the hearing, or the Board, may in their discretion, extend the time within which the brief may be submitted.

§ 236.17  *Fingerprinting of excluded aliens; photographs.* Every alien 14 years of age or older who is excluded from admission to the United States by a special inquiry officer shall be fingerprinted, unless during the preceding year he has been fingerprinted at an American consular office. Any alien so excluded, regardless of his age, shall be photographed if a photograph is required by the district director having administrative jurisdiction over the office in which the proceeding was conducted.

PART 237—DEPORTATION OF EXCLUDED
ALIENS

Sec.
237.1   Stay of deportation of excluded alien.
237.2   Cost of maintenance not assessed.
237.3   Imposition of penalty.
237.11  Request for stay of deportation; detention expenses.
237.12  Notice to transportation line of alien's exclusion.
237.13  Notice to district director of proposed departure.
237.14  Aliens rejected at ports outside the United States.
237.15  Excluded aliens requiring special care and attention.
237.21  Submission of proof by transportation line.

AUTHORITY: §§ 237.1 to 237.21 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 233, 237, 238, 243, 280, 66 Stat. 197, 201, 202, 212, 230; 8 U. S. C. 1223, 1227, 1228, 1253, 1330.

§ 237.1 *Stay of deportation of excluded alien.* The immediate deportation of an excluded alien as provided in section 237 (a) of the Immigration and Nationality Act may be stayed in the discretion of district directors, upon a determination that immediate deportation is not practicable or proper, or that the alien's testimony is necessary in behalf of the United States as provided in section 237 (d) of that act.

§ 237.2 *Cost of maintenance not assessed.* Whenever the owner or owners of a vessel or aircraft, in order to exempt the transportation line from liability for the cost of the alien's maintenance, seek to establish that the ground of exclusion could not have been ascertained by the exercise of due diligence prior to the alien's embarkation as provided in section 237 (a) (2) (B) of the Immigration and Nationality Act, such claim shall be established to the satisfaction of the district director having administrative jurisdiction over the port of arrival. No appeal shall lie from a decision adverse to such claim.

§ 237.3 *Imposition of penalty.* Penalties for violation of sections 233 and 237 of the Immigration and Nationality Act shall be imposed in accordance with the provisions of Part 280 of this chapter. A bond or undertaking submitted to obtain clearance as provided in section 237 (b) of that act shall be on Form I-310.

§ 237.11 *Request for stay of deportation; detention expenses.* A stay of deportation may be authorized by the district director having administrative jurisdiction over the place where the alien is located on his own instance, or upon a written request of the alien filed with the district director setting forth under oath the reasons for requesting such stay. The district director may, in his discretion, grant or deny the alien's request. No appeal shall lie from a denial of a request for a stay. In case the alien is detained, whether at the expense of the Government or the transportation line, the request of the alien for a stay shall not be granted unless sufficient cash is deposited to defray the cost of his continued detention and expenses incident thereto for the period of time deportation is requested to be stayed, or, in lieu of cash, a bond acceptable to the district director is given guaranteeing the payment of all such expenses. In any case in which a stay is granted under section 237 (d) of the Immigration and Nationality Act and the alien is detained by the Service, the district director may, in his discretion, authorize the alien's release under bond on Form I-324 as provided in section 237 (d) of that act and under such terms and conditions as the district director may, in his discretion, prescribe.

§ 237.12 *Notice to transportation line of alien's exclusion.* Whenever it is determined that an alien shall be excluded and deported the alien shall, immediately or as promptly as the circumstances permit, be offered for deportation to the master, commanding officer, purser, person in charge, agent, owner or consignee of the vessel or aircraft by which the alien is to be deported, as determined by the district director, with a notice specifying the cause of exclusion and the class of travel in which such alien arrived and in which the alien is to be deported.

§ 237.13 *Notice to district director of proposed departure.* At least 24 hours' notice of the time of sailing of every vessel which has brought aliens to the United States shall be given to the district director having administrative jurisdiction over the port at which such vessel arrived: *Provided,* That such district director may, in his discretion, accept notice that is given less than 24 hours in advance of sailing whenever it appears to such officer that it was impossible or impracticable for the transportation line to furnish such information earlier.

§ 237.14 *Aliens rejected at ports outside the United States.* Any alien destined to the United States, who has been brought to a port in foreign contiguous territory or adjacent islands by a transportation line signatory to a contract made pursuant to section 238 (a) of the Immigration and Nationality Act, and who is there excluded from admission to the United States, shall be returned to the country whence he came by the transportation line bringing him unless, upon examination by officials of such territory or island, such alien is admitted to such territory or island.

§ 237.15 *Excluded aliens requiring special care and attention.* The provisions of § 243.11 of this chapter shall apply to the deportation of aliens under this part.

§ 237.21 *Submission of proof by transportation line.* A transportation line claiming exemption from liability for the cost of the alien's maintenance in accordance with the provisions of § 237.2 shall be afforded a reasonable period of time, as determined by the district director, within which to submit to the district director affidavits and briefs in support of its claim.

----

PART 238—ENTRY THROUGH OR FROM FOREIGN CONTIGUOUS TERRITORY AND ADJACENT ISLANDS

Sec.
238.1    Inspection outside the United States.
238.2    Contracts with transportation lines.
238.3    Contracts and bonding agreement for certain transit aliens.
238.11   Preexamination outside the United States.

AUTHORITY: §§ 238.1 to 238.11 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 221, 235, 236, 237, 238, 66 Stat. 191, 198, 200, 201, 202; 8 U. S. C. 1201, 1225, 1226, 1227, 1228.

§ 238.1 *Inspection outside the United States.* All inspections and medical examinations which may be conducted in foreign contiguous territory or adjacent islands under the provisions of section 238 of the Immigration and Nationality Act, shall be in all respects similar to those conducted at ports of entry in the United States, and officials of the United States making the inspections and examinations required under the immigration laws of the United States shall be provided with all necessary facilities.

§ 238.2 *Contracts with transportation lines.* The contracts with transportation lines including bonding agreements, referred to in section 238 of the act, shall be made by the regional commissioner in behalf of the government, and shall be in such form as prescribed.

§ 238.3 *Contracts and bonding agreement for certain transit aliens.* Transportation lines desiring to bring to the United States aliens in direct and continuous transit through the United States en route to foreign destinations in accordance with the provisions of section 238 (d) of the act shall apply to the Commissioner for the privilege of entering into a contract, including a bonding agreement. Such contract, if agreed to by the Commissioner, shall be on Form I-426.

§ 238.11 *Preexamination outside the United States*—(a) *Who may apply.* Subject to the limitations hereinafter provided, whenever officers of the Service are stationed in foreign contiguous territory or adjacent islands, persons (whether citizens or nationals of the United States or aliens) who intend to apply for admission to the United States may appear before such officer to be preexamined as to their admissibility to the United States. Persons required by the Immigration and Nationality Act and this chapter to be in possession of a permit to enter or a passport shall not be preexamined unless such permit to enter or passport is presented.

(b) *Preparation of Form I-94.* A set of Forms I-94 shall be prepared by an immigration officer for an alien presenting himself for preexamination if such set would be required if the alien were applying at a port of entry for admission to the United States. If a full set of Forms I-94 would not be so required and if the applicant is an alien not in possession of a permit to enter, or if the applicant is a citizen or a national of the United States, the immigration officer shall prepare a set of Forms I-94 for the applicant. The names and ages of children under 14 years of age may be included in the Forms I-94 prepared for an accompanying parent or guardian.

(c) *Procedure when applicant is found to be admissible.* If the examining officer determines that the applicant being preexamined is admissible to the United States, he shall note that determination on the immigrant or nonimmigrant form prepared for or presented by the applicant, and return the form to the applicant for presentation and surrender at the actual port of entry in the United States. If the applicant applies for admission to the United States at a port of entry in the United States within 30 days from the finding of admissibility by the notation of the preexamining officer and there has been no subsequent change in the applicant's immigration status, the applicant may be admitted upon identification, provided he presents valid, unexpired documents as required by the Immigration and Nationality Act and this chapter in the case of a person applying for admission without having

**AR2022_200126**

been preexamined. The port of entry into the United States shall be the "record" port of entry for all purposes. If notwithstanding the determination on preexamination, the examining immigration officer at the port of entry is not satisfied that the applicant is admissible, further action shall be taken as provided in sections 235, 236, and 237 of the Immigration and Nationality Act and Parts 235, 236, and 237 of this chapter to the same extent as though the alien had not been preexamined.

(d) *Procedure when applicant is not found to be admissible.* If the examining immigration officer is not satisfied that the applicant being preexamined is admissible to the United States, further action shall be taken as provided in sections 235, 236, and 237 of the Immigration and Nationality Act and Parts 235, 236, and 237 of this chapter to the same extent as though the applicant were applying for admission at a port of entry, except that if the applicant is found to be admissible by a special inquiry officer or on appeal, the provisions of paragraph (c) of this section shall govern the further disposition of the case.

PART 239—SPECIAL PROVISIONS RELATING TO AIRCRAFT: DESIGNATION OF PORTS OF ENTRY FOR ALIENS ARRIVING BY CIVIL AIRCRAFT

Sec.
239.1   Definitions.
239.2   Landing requirements.
239.3   Aircraft; how considered.
239.4   International airports for entry of aliens.

AUTHORITY: §§ 239.1 to 239.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 231, 239, 66 Stat. 195, 203; 8 U. S. C. 1221, 1229.

§ 239.1   *Definitions.* As used in this part, the term "scheduled airline" means any individual, partnership, corporation, or association engaged in air transportation upon regular schedules to, over, or away from the United States, or from one place to another in the United States, and holding a Foreign Air Carrier Permit or a Certificate of Public Convenience and Necessity issued pursuant to the Civil Aeronautics Act of 1938.

§ 239.2   *Landing   requirements*—(a) *Place of landing.* Aircraft carrying passengers or crew required to be inspected under the act shall land at the international airports enumerated in the Statement of Organization of the Service unless permission to land elsewhere shall first be obtained from the Commissioner of Customs in the case of aircraft operated by scheduled airlines, and in all other cases from the Collector of Customs or other Customs Officer having jurisdiction over the airport of entry nearest the intended place of landing. Whenever such permission is granted, the owner, operator, or person in charge of the aircraft shall pay any additional expenses incurred in inspecting passengers or crew on board such aircraft, except that when permission is granted to a scheduled airline to land an aircraft operating on a schedule no inspection charge shall be made for overtime service performed by immigration officers if the

aircraft arrives substantially in accordance with schedules on file with the Service.

(b) *Advance notice of arrival.* Aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act, except aircraft of a scheduled airline arriving in accordance with the regular schedule filed with the Service at the place of landing, shall furnish notice of the intended flight to the immigration officer at or nearest the intended place of landing, or shall furnish similar notice to the Collector of Customs or other Customs officer in charge at such place. Such notice shall specify the type of aircraft, the registration marks thereon, the name of the aircraft commander, the place of last departure, the airport of entry, or other place at which landing has been authorized, number of alien passengers, number of citizen passengers, and the estimated time of arrival. The notice shall be sent in sufficient time to enable the officers designated to inspect the aircraft to reach the airport of entry or such other place of landing prior to the arrival of the aircraft.

(c) *Permission to discharge or depart.* Aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act shall not discharge or permit to depart any passenger or crewman without permission from an immigration officer.

(d) *Emergency or forced landing.* Should any aircraft carrying passengers or crew required to be inspected under the Immigration and Nationality Act make a forced landing in the United States, the commanding officer or person in command shall not allow any passenger or crewman thereon to depart from the landing place without permission of an immigration officer, unless such departure is necessary for purposes of safety or the preservation of life or property. As soon as practicable, the commanding officer or person in command, or the owner of the aircraft, shall communicate with the nearest immigration officer and make a full report of the circumstances of the flight and of the emergency or forced landing.

§ 239.3   *Aircraft; how considered.* Except as otherwise specifically provided in the Immigration and Nationality Act and this chapter, aircraft arriving in or departing from the continental United States or Alaska directly from or to foreign contiguous territory or the French island of St. Pierre or Miquelon shall be regarded for the purposes of the Immigration and Nationality Act and this chapter as other transportation lines or companies arriving or departing over the land borders of the United States. Aliens on aircraft arriving overland in foreign contiguous territory on journeys which did not begin outside of North or South America or islands belonging to countries or to political subdivisions of these continents shall not be held to be subject to section 212 (a) (24) of the Immigration and Nationality Act.

§ 239.4   *International airports for entry of aliens.* International airports for the entry of aliens shall be those airports

designated as such by the Commissioner. An application for designation of an airport as an international airport for the entry of aliens shall be made to the Commissioner and shall state whether the airport (a) has been approved by the Secretary of Commerce as a properly equipped airport, (b) has been designated by the Secretary of the Treasury as a port of entry for aircraft arriving in the United States from any place outside thereof and for the merchandise carried thereon, and (c) has been designated by the Secretary of Health, Education, and Welfare as a place for quarantine inspection. An airport shall not be so designated by the Commissioner without such prior approval and designation, and unless it appears to the satisfaction of the Commissioner that conditions render such designation necessary or advisable, and unless adequate facilities have been or will be provided at such airport without cost to the Federal Government for the proper inspection and disposition of aliens, including office space and such temporary detention quarters as may be found necessary. The designation of an airport as an international airport for the entry of aliens may be withdrawn whenever, in the judgment of the Commissioner, there appears just cause for such action.

PART 241—JUDICIAL RECOMMENDATIONS AGAINST DEPORTATION

§ 241.1   *Notice; recommendation.* For the purposes of clause (2) of section 241 (b) of the Immigration and Nationality Act, notice to the district director having administrative jurisdiction over the place in which the court imposing sentence is located shall be regarded as notice to the Service. A recommendation against deportation by the sentencing court made to the district director receiving the notice shall be regarded as made to the Attorney General.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interprets or applies sec. 241, 66 Stat. 204; 8 U. S. C. 1251.)

PART 242—PROCEEDINGS TO DETERMINE DEPORTABILITY OF ALIENS IN THE UNITED STATES: APPREHENSION, CUSTODY, HEARING, AND APPEAL

Sec.
242.1   Order to show cause and notice of hearing.
242.2   Apprehension, custody, and detention.
242.3   Aliens confined to institutions; incompetents, minors.
242.4   Fingerprints and photographs.
242.5   Voluntary departure prior to commencement of hearing.
242.6   Aliens deportable under section 242 (f) of the act.
242.7   Cancellation of proceedings.
242.8   Special inquiry officers.
242.9   Examining officers.
242.10   Representation by counsel.
242.11   Incompetent respondents.
242.12   Interpreter.
242.13   Postponement and adjournment of hearing.
242.14   Evidence.
242.15   Contents of record.
242.16   Hearing.
242.17   Decision of special inquiry officer.
242.18   Order of special inquiry officer.
242.19   Notice of decision.

AR2022_200127

Sec.
242.20   Finality of order.
242.21   Appeals.
242.22   Proceedings under section 242 (f) of the act.
242.23   Savings clause.

AUTHORITY: §§ 242.1 to 242.23 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 242, 244, 292, 66 Stat. 208, as amended, 214, 235; 8 U. S. C. 1252, 1254, 1362.

§ 242.1   *Order to show cause and notice of hearing*—(a) *Commencement.* Every proceeding to determine the deportability of an alien in the United States is commenced by the issuance and service of an order to show cause by the Service. In the proceeding the alien shall be known as the respondent. Orders to show cause may be issued by district directors, deputy district directors, district officers who are in charge of investigations.

(b) *Statement of nature of proceeding.* The order to show cause will contain a statement of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the respondent of the acts or conduct alleged to be in violation of the law, and a designation of the charges against the respondent and of the statutory provisions alleged to have been violated. The order will require the respondent to show cause why he should not be deported. The order will call upon the respondent to appear before a special inquiry officer for hearing at a time and place stated in the order, not less than seven days, after the service of such order, except that where the issuing officer, in his discretion, believes that the public interest, safety, or security so requires, he may provide in the order for a shorter period. The issuing officer may, in his discretion, fix a shorter period in any other case at the request of and for the convenience of the respondent.

(c) *Service.* Service of the order to show cause shall be made by having a copy delivered to the respondent by an immigration officer or by mailing it to the respondent at his last known address by certified or registered mail, return receipt requested. Delivery of a copy within this rule means: handing it to the respondent or leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing. The post office return receipt or the certificate by the officer serving the order by personal delivery setting forth the manner of said service shall be proof of service.

§ 242.2   *Apprehension, custody, and detention*—(a) *Warrant of arrest.* At the commencement of any proceeding under this part, or at any time thereafter and up to the time the respondent becomes subject to supervision under the authority contained in section 242 (d) of the act, the respondent may be arrested and taken into custody under the authority of a warrant of arrest issued by a district director whenever, in his discretion, it appears that the arrest of the respondent is necessary or desirable. If,

after the issuance of a warrant of arrest, a determination is made not to serve it, the district director who issued the warrant of arrest may authorize its cancellation.

(b) *Authorized officer.* A district director may exercise the authority contained in section 242 of the act to continue or detain an alien in, or release him from, custody, and shall promptly notify the alien in writing of any determination made in his case. The alien may appeal to the Board of Immigration Appeals from any determination of such officer relating to bond, parole, or detention. Such appeal shall be taken by filing a notice of appeal with the district director within 5 days after the date when written notification of the determination is delivered in person or mailed to the alien. Upon the filing of such a notice of appeal, the district director shall immediately transmit to the Board of Immigration Appeals all records and information pertaining to his action in relation to such bond, parole, or detention and shall notify the regional commissioner. The filing of such an appeal shall not operate to disturb the custody of the alien or to stay the administrative proceedings or deportation. The foregoing provisions concerning notice, reporting, and appeal shall not apply when the Service notifies the alien that it is ready to execute the order of deportation and takes him into custody for that purpose.

(c) *Revocation of bond or parole.* When an alien who having been arrested and taken into custody has been released under bond or released on parole, such bond or parole may be revoked at any time in the discretion of the district director, in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and cancelled.

(d) *S u p e r v i s i o n.* Until an alien against whom a final order of deportation has been outstanding for more than six months is deported, he shall be subject to supervision by a district director or immigration officer acting for him and required to comply with the provisions of section 242 (d) of the act relating to his availability for deportation.

§ 242.3   *Aliens confined to institutions; incompetents, minors*—(a) *Service.* If the respondent is confined in a penal or mental institution or hospital and is competent to understand the nature of the proceedings, a copy of the order to show cause, and the warrant of arrest, if issued, shall be served upon him and upon the person in charge of the institution or hospital. If the respondent is not competent to understand the nature of the proceedings, a copy of the order to show cause, and the warrant of arrest, if issued, shall be served only upon the person in charge of the institution or hospital in which the respondent is confined, such service being deemed service upon the respondent. In case of mental incompetency, whether or not confined in an institution, and in the case of a child under 16 years of age, a copy of the order and of the warrant of arrest, if issued, shall be served upon such

respondent's guardian, near relative, or friend, whenever possible.

(b) *Service custody; cost of maintenance.* An alien confined in an institution or hospital shall not be accepted into physical custody by the Service until an order of deportation has been made and the Service is ready to deport the alien. When an alien is an inmate of a public or private institution at the time of the commencement of the deportation proceedings, expense for the maintenance of the alien shall not be incurred by the Government until he is taken into physical custody by the Service.

§ 242.4   *Fingerprints and photographs.* Every alien 14 years of age or older against whom proceedings are commenced under this part shall be fingerprinted. Any such alien, regardless of his age, shall be photographed if a photograph is required by the district director.

§ 242.5   *Voluntary departure prior to commencement of hearing*—(a) *Authorized officers.* The authority contained in section 242 (b) of the act to permit aliens to depart voluntarily from the United States may be exercised by district directors, district officers who are in charge of investigations, and officers in charge.

(b) *Application.* Any alien who believes himself to be eligible for voluntary departure under section 242 (b) of the act may apply therefor at an office of the Service any time prior to the commencement of his hearing under an order to show cause. The officers designated in paragraph (a) of this section may deny or grant the application and determine the conditions under which the alien's departure shall be effected. An appeal shall not lie from a denial of an application for voluntary departure under this section, but the denial shall be without prejudice to the alien's right to apply for relief from deportation under any provision of law.

(c) *Revocation.* If, subsequent to the granting of an application for voluntary departure under this section, it is ascertained that the application should not have been granted, that grant may be revoked without notice by any district director, district officer in charge of investigations, or officer in charge.

§ 242.6   *Aliens deportable under section 242 (f) of the act.* In the case of an alien within the purview of section 242 (f) of the act, the order to show cause shall charge him with deportability only under section 242 (f) of the act. The prior order of deportation and evidence of the execution thereof, properly identified, shall constitute prima facie cause for deportation under that section.

§ 242.7   *Cancellation of proceedings.* If an order to show cause has been issued, a district director, deputy district director, or district officer who is in charge of investigations may cancel the order to show cause or, prior to the actual commencement of the hearing under a served order to show cause, terminate proceedings thereunder, if in either case he is satisfied that the respondent is actually a national of the

**AR2022_200128**

United States, or is not deportable under the immigration laws, or is deceased, or is not in the United States. If an order to show cause has been cancelled or proceedings have been terminated pursuant to this section, any outstanding warrant of arrest shall also be cancelled.

§ 242.8 *Special inquiry officers*—(a) *Authority.* In a proceeding conducted under this part, the special inquiry officer shall have the authority to determine deportability and to make decisions including orders of deportation as provided by section 242 (b) of the act, to reinstate orders of deportation as provided by section 242 (f) of the act, to suspend deportation and authorize voluntary departure as provided by section 244 of the act, to authorize preexamination as provided by Part 235a of this chapter, to take or cause depositions to be taken, to certify the completeness and correctness of transcripts of hearings, and to take any other action consistent with applicable provisions of law and regulations. In his discretion, the special inquiry officer may exclude from the record any argument in connection with motions, applications, or objections, but in such event the person affected may submit a brief. Nothing contained in this part shall be construed to diminish the authority conferred on special inquiry officers by the act.

(b) *Withdrawal and substitution of special inquiry officers.* The special inquiry officer assigned to conduct the hearing shall at any time withdraw if he deems himself disqualified. If a hearing has begun but no evidence has been adduced other than by the respondent's pleading pursuant to § 242.16 (b), or if a special inquiry officer becomes unavailable to complete his duties within a reasonable time, or if at any time the respondent consents to a substitution, another special inquiry officer may be assigned to complete the case. The new special inquiry officer shall familiarize himself with the record in the case and shall state for the record that he has done so.

§ 242.9 *Examining officers*—(a) *Authority.* When an additional immigration officer is assigned to a proceeding under this part to perform the duties of an examining officer, he shall present the evidence on behalf of the Government as to deportability as provided in section 242 (b) of the act. The examining officer shall also inquire thoroughly into the respondent's eligibility for any requested discretionary relief from deportation and shall develop such other information as may be pertinent to the proper disposition of any case to which he is assigned. The examining officer is authorized to appeal from a decision of a special inquiry officer pursuant to § 242.21 and to move for reopening or reconsideration pursuant to Part 8 of this chapter.

(b) *Assignment.* The district director shall assign an examining officer to every case within the provisions of § 242.16 (c). In his discretion, or at the request of the special inquiry officer, the district director may assign an examining officer to any other case at any stage of the proceedings.

§ 242.10 *Representation by counsel.* The respondent may be represented at the hearing by an attorney or other representative qualified under Part 292 of this chapter.

§ 242.11 *Incompetent respondents.* When it is impracticable for the respondent to be present at the hearing because of mental incompetency, the guardian, near relative, or friend who was served with a copy of the order to show cause shall be permitted to appear on behalf of the respondent. If such a person cannot reasonably be found or fails or refuses to appear, the custodian of the respondent shall be requested to appear on behalf of the respondent.

§ 242.12 *Interpreter.* Any person acting as interpreter in a hearing under this part shall be sworn to interpret and translate accurately, unless the interpreter is an employee of the Service, in which event no such oath shall be required.

§ 242.13 *Postponement and adjournment of hearing.* Prior to the commencement of a hearing, the district director may grant a reasonable postponement for good cause shown, at his own instance upon notice to the respondent, or upon request of the respondent. After the commencement of the hearing, the special inquiry officer may grant a reasonable adjournment either at his own instance or, for good cause shown, upon application by the respondent or the examining officer. A continuance of the hearing for the purpose of allowing the respondent to obtain representation shall not be granted more than once unless sufficient cause for the granting of more time is shown.

§ 242.14 *Evidence*—(a) *Sufficiency.* A determination of deportability shall not be valid unless based on reasonable, substantial, and probative evidence.

(b) [Reserved.]

(c) *Use of prior statements.* The special inquiry officer may receive in evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial.

(d) *Testimony.* Testimony of witnesses appearing at the hearing shall be under oath or affirmation administered by the special inquiry officer.

§ 242.15 *Contents of record.* The hearing before the special inquiry officer, including the respondent's pleading, the testimony, the exhibits, the special inquiry officer's decision, and all written orders, motions, appeals, and other papers filed in the proceeding shall constitute the record in the case. The hearing shall be recorded verbatim except for statements made off the record with the permission of the special inquiry officer.

§ 242.16 *Hearing*—(a) *Opening.* The special inquiry officer shall advise the respondent of his right to representation, at no expense to the Government, by counsel of his own choice authorized to practice in the proceedings and require him to state then and there whether he desires representation; advise the re-

spondent that he will have a reasonable opportunity to examine and object to the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government; place the respondent under oath; read the factual allegations and the charges in the order to show cause to the respondent and explain them in nontechnical language, and enter the order to show cause and warrant of arrest, if any, as exhibits in the record.

(b) *Pleading by respondent.* The special inquiry officer shall require the respondent to plead to the order to show cause by stating whether he admits or denies the factual allegations and his deportability under the charges contained therein. If the respondent admits the factual allegations and admits his deportability under the charges and the special inquiry officer is satisfied that no issues of law or fact remain, the special inquiry officer may determine that deportability as charged has been established by the admissions of the respondent.

(c) *Issues of deportability.* When deportability is not determined under the provisions of paragraph (b) of this section, the special inquiry officer shall request the assignment of an examining officer, and shall receive evidence as to any unresolved issues, except that no further evidence need be received as to any facts admitted during the pleading.

(d) *Additional charges.* An examining officer who has been assigned to a case may at any time during a hearing lodge additional charges of deportability, including factual allegations against the respondent. When additional charges are lodged, the special inquiry officer shall explain these charges to the respondent in nontechnical language and shall advise him if he is not represented by counsel, that he may be so represented. The special inquiry officer shall also inform the respondent that he may have a reasonable time within which to meet the additional charges. The respondent shall be required to state then and there whether he desires a continuance for either of these reasons.

(e) *Application for discretionary relief.* The respondent may apply during the hearing for suspension of deportation on Form I-256A, voluntary departure under section 244 of the act, preexamination on Form I-63 under Part 235a of this chapter, or such other discretionary relief as may be appropriate to the case. The respondent has the burden of establishing his eligibility for discretionary relief and may submit evidence in support of his application.

§ 242.17 *Decision of special inquiry officer*—(a) *Contents.* The decision of the special inquiry officer may be oral or written. Except in cases where deportability is determined on the pleadings pursuant to § 242.16 (b), the decision shall include a summary of the evidence and shall set forth findings of fact and conclusions of law as to deportability. Adoption by the special inquiry officer of the factual allegations and charges in the order to show cause shall constitute the setting forth of findings of fact and conclusions of law within the meaning of

AR2022_200129

this paragraph. The decision shall also contain a discussion of the evidence relating to the respondent's eligibility for any discretionary relief requested and the reasons for granting or denying the application. The decision shall be concluded with the order of the special inquiry officer.

(b) *Summary d e c i s i o n.* Notwithstanding the provisions of paragraph (a) of this section, in any case where deportability is determined on the pleadings pursuant to § 242.16 (b) and the respondent does not apply for any discretionary relief, or the respondent applies for voluntary departure only and the special inquiry officer grants the application, the special inquiry officer may enter a summary decision on Form I-38, if deportation is ordered, or on Form I-39 if voluntary departure is granted with an alternate order of deportation.

(c) *Use of non-record information.* In determining an application for discretionary relief from deportation in proceedings under this part, the special inquiry officer may consider and rely upon information not contained in the record only when the Commissioner has determined that it is in the interest of national security and safety to do so.

§ 242.18 *Order of special inquiry officer.* The order of the special inquiry officer shall be that the alien be deported, or that the proceedings be terminated, or that the alien's deportation be suspended, or that the alien be granted voluntary departure at his own expense in lieu of deportation, with or without preexamination, or any combination of these orders in the alternative or that such other action be taken in the proceedings as may be required for the appropriate disposition of the case.

§ 242.19 *Notice of decision*—(a) *Written decision.* A written decision shall be served upon the respondent and the examining officer, if any, by the district director together with the notice referred to in § 6.11 of this chapter. Service by mail is complete upon mailing.

(b) *Oral decision.* An oral decision shall be stated by the special inquiry officer in the presence of the respondent and the examining officer, if any, at the conclusion of the hearing. Unless appeal from the decision is then and there waived, a typewritten copy of the oral decision shall be served in the same manner as a written decision.

(c) *Summary decision.* When the special inquiry officer renders a summary decision as provided in § 242.17 (b), he shall serve a copy thereof upon the respondent at the conclusion of the hearing. Unless appeal from the decision is waived, the respondent shall also be furnished with two copies of Notice of Appeal, Form I-290A, and advised of the provisions of § 242.21 (c).

§ 242.20 *Finality of order.* The order of the special inquiry officer shall be final except when the case has been certified as provided in § 6.1 (c) or § 7.1 (b) of this chapter, or an appeal is taken to the Board of Immigration Appeals by the respondent or by the examining officer.

§ 242.21 *Appeals*—(a) *Non-appealable cases.* An appeal shall not lie from

a decision of a special inquiry officer denying an application for voluntary departure or preexamination as a matter of discretion where the special inquiry officer has found the alien statutorily eligible for voluntary departure or eligible for preexamination pursuant to Part 235a of this chapter, and the alien has been in the United States for a period of less than five years at the time of the service of the order to show cause in deportation proceedings. A Notice of Appeal shall not be filed or accepted in any case within the provisions of this paragraph.

(b) *Cases appealable.* Pursuant to Part 6 of this chapter, an appeal shall lie from a decision of the special inquiry officer under this part to the Board of Immigration Appeals (except in cases covered by the provisions of § 242.20 relating to certifications). The reasons for the appeal shall be stated briefly in the Notice of Appeal, Form I-290A. When the conclusion as to deportability is contested, the appellant shall be required to indicate in the Notice of Appeal, Form I-290A, the particular findings of fact or conclusions of law with which he disagrees. Failure to do so may constitute a ground for dismissal of the appeal by the Board.

(c) *Time for taking appeal.* An appeal shall be taken within ten days after the mailing of a written decision or of a typewritten copy of an oral decision or the service of a summary decision on Form I-38 or I-39.

§ 242.22 *Proceedings under section 242 (f) of the act*—(a) *Applicable regulations.* Except as hereafter provided in this section, all the provisions of §§ 242.8 to 242.21, inclusive, and § 242.23 shall apply to the case of a respondent within the purview of § 242.6.

(b) *Deportability.* In determining the deportability of an alien alleged to be within the purview of § 242.6, the issues shall be limited solely to a determination of the identity of the respondent, i. e., whether the respondent is in fact an alien who was previously deported, or who departed while an order of deportation was outstanding; whether the respondent was previously deported as a member of any of the classes described in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241 (a) of the act; and whether respondent unlawfully reentered the United States.

(c) *Order.* If deportability as charged pursuant to § 242.6 is established, the special inquiry officer shall order that the respondent be deported under the previous order of deportation in accordance with section 242 (f) of the act, or shall enter such other order as may be required for the appropriate disposition of the case.

(d) *Examining officer; additional charges.* When an examining officer is assigned to a proceeding under this section and additional charges are lodged against the respondent, the provisions of paragraph (b) of this section shall cease to apply.

§ 242.23 *Savings clause.* Deportation proceedings in which warrants of arrest were served prior to the date that orders

to show cause were authorized to be issued pursuant to this part shall be completed in accordance with the regulations which were in effect immediately preceding that date, unless the respondents consent to proceed under the current regulations.

---

Part 243—Deportation of Aliens In the United States

Sec.
243.1    Issuance of warrants of deportation; country to which alien shall be deported; cost of detention; care and attention of alien.
243.2    Finality of decision.
243.3    Execution of warrants of deportation.
243.11   Special care and attention for aliens.
243.12   Deportation of lepers.
243.13   Alien addict discharged from United States Public Health Service Hospital.
243.14   Notice to transportation line.
243.15   Deportation to foreign contiguous territory.
243.31   Fees.

Authority: §§ 243.1 to 243.31 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 242, 243, 66 Stat. 208, as amended, 212; 8 U. S. C. 1252, 1253.

§ 243.1 *Issuance of warrants of deportation; country to which alien shall be deported; cost of detention; care and attention of alien*—(a) *Issuance.* A warrant of deportation shall be based upon the final order of deportation and shall be issued by a district director or an immigration officer acting for him.

(b) *Determination of place and cost of deportation, and necessity for attendants.* District directors shall exercise the authority contained in section 243 of the Immigration and Nationality Act to designate the country to which, and at whose expense an alien in the United States shall be deported, and to determine when an alien's mental or physical condition requires the employment of a person to accompany the alien.

§ 243.2 *Finality of decision.* No appeal shall lie from the decision of the district director in the exercise of the authority described in § 243.1.

§ 243.3 *Execution of warrants of deportation*—(a) *Taking alien into custody.* Upon the issuance of a warrant of deportation or as soon thereafter as the circumstances of the case require, the alien, if not in the physical custody of the Service, shall be taken into such custody under the authority of such warrant of deportation and deported.

(b) *Stay of deportation.* (1) Except as otherwise provided in this part, the district director having administrative jurisdiction over the place where the alien is located may, in the exercise of his discretion, and for good cause shown, stay the execution of a warrant and order of deportation for such time and under such conditions as he may deem appropriate. He may grant such stay upon his own instance, or upon request of the alien. A request for a stay by the alien shall be in writing, shall be filed with the district director, and shall be supported by an affidavit setting forth the reasons for the request and by such other evidentiary matter as may support the request.

(2) If the request for a stay of deportation is predicated upon a claim by the alien that he would be subject to physical persecution if deported to the country designated by the Service, he shall be requested, upon notice, to appear before a special inquiry officer for interrogation under oath. The alien may have present with him, at his own expense, during the interrogation any attorney or representative authorized to practice before the Service. The alien may submit any evidence in support of his claim which he believes should be considered by the special inquiry officer. Upon completion of the interrogation, the special inquiry officer shall prepare a written memorandum of his findings and a recommendation which shall be forwarded to the regional commissioner together with all the evidence and information submitted by the alien or which may be applicable to the case. The alien shall be served with a copy of the special inquiry officer's memorandum and recommendation and shall be allowed five days from date of service within which to submit written representations to the regional commissioner. If the alien refuses to appear for interrogation before a special inquiry officer when requested to do so or waives his appearance, all the pertinent evidence and available information in the case shall immediately be submitted to the regional commissioner. The decision whether to withhold deportation and, if so, for what period of time shall be finally made by the regional commissioner upon consideration of all the evidence submitted by the alien and any other pertinent evidence or available information.

(3) Notice of disposition of the alien's request under subparagraph (1) or (2) of this paragraph shall be served upon him, but neither the making of the request nor the failure to receive a notice of decision thereon shall relieve or excuse the alien from presenting himself for deportation at the time and place designated for his deportation. No appeal shall lie from a denial of a request for a stay of deportation, but such denial shall not preclude the Board from granting a stay in connection with a motion to reopen or a motion to reconsider as provided in § 6.21 (a) of this chapter.

(c) *Permission to depart when ordered deported.* A district director may, in his discretion, permit an alien who has been ordered deported to deport himself from the United States at his own expense and to a destination of his own choice. Any alien who has so left the United States is considered to have been deported in pursuance of law.

§ 243.11   *Special care and attention for aliens—(a) Duty of transportation line.* Whenever it is determined by the district director that an alien about to be deported requires special care and attention, the transportation line responsible for the expense of the alien's deportation shall provide for such care and attention as may be required by the alien's condition, not only during the voyage from the United States to the foreign country to which the alien is to be deported, but also during the foreign

inland journey. The alien shall be delivered to the master, commanding officer, or the officer in charge of the vessel or aircraft on which the alien is to be deported, who shall be given Forms I-287, I-287A, and I-287B. The reverse of Form I-287A shall be signed by the officer of the vessel or aircraft to whom the alien has been delivered and immediately returned to the immigration officer making delivery. Form I-287B shall be retained by the receiving officer and subsequently filled out by the agents or persons therein designated and returned by mail to the district director named on the form.

(b) *Procedure at foreign port of disembarkation.* The transportation line shall at its own expense forward the alien from the foreign port of disembarkation to his destination in charge of a proper attendant except only in cases where the foreign public officials decline to allow such attendant to proceed and themselves take charge of the alien, which fact shall be recorded by the transportation line executing the form provided in the lower half of the reverse of Form I-287B. If the foreign public officials do not take charge of the alien at the port of disembarkation, but at an interior frontier, both forms on the reverse of Form I-287B shall be filled out, the former in relation to the inland journey as far as such frontier.

(c) *Failure of transportation line to provide special care.* Whenever a transportation line responsible for the expenses of the alien's deportation fails, refuses, or neglects to provide personal care and attention for an alien requiring such care and attention, or whenever such line fails, refuses, or neglects to return Form I-287B properly executed within 90 days after the departure of such an alien, or otherwise fails, refuses, or neglects to comply with the provisions of this section, the district director shall thereafter and without notice employ suitable persons, at the expense of the transportation line, to accompany aliens requiring personal care and attention who are deported on any vessel or aircraft of such line.

§ 243.12   *Deportation of lepers.* Cases of aliens afflicted with leprosy shall be handled in accordance with the governing regulations and instructions issued by the Surgeon General, United States Public Health Service, Department of Health, Education, and Welfare.

§ 243.13   *Alien addict discharged from United States Public Health Service Hospital.* Any alien who has been sentenced to imprisonment and has been ordered deported and who has been transferred as an alien addict to a hospital of the United States Public Health Service provided for in the Public Health Service Act, as amended (58 Stat. 698; 42 U. S. C. 201 et seq.), shall be taken into custody upon his discharge from such narcotic farm and deported without requiring his return to the penal institution from which he came to such narcotic farm.

§ 243.14   *Notice to transportation line.* If an alien's deportation is to be effected by vessel or aircraft, notice of the proposed deportation shall be given to the

transportation line concerned, together with a brief description of the alien and any other appropriate data, including the cause of deportation, the alien's physical and mental condition, and the place to which the alien is to be taken by such line. Any request from such line to defer the delivery of the alien for deportation shall be accompanied by a written agreement from the line that it will be responsible for all detention expenses resulting from such deferment.

§ 243.15   *Deportation to foreign contiguous territory.* Aliens ordered deported to foreign contiguous territory shall be returned across the border at the nearest port unless humanitarian or other reasons make it advisable to effect deportation through some other port. Deportation to a seaport in such foreign territory shall be authorized whenever that appears advisable or more economical than deportation across a land boundary.

§ 243.31   *Fees.* Except as otherwise provided in this section and § 2.5 of this chapter, a stay of deportation requested by an alien under this part shall be accompanied by a fee of $25 as prescribed by, and remitted in accordance with, the provisions of Part 2 of this chapter. In any case in which an alien or other party affected is unable to pay the fee for requesting a stay of deportation, he shall file with the request for a stay his affidavit stating the nature of the request for a stay, the affiant's belief that he is entitled to redress, his inability to pay the required fee, and request permission to prosecute the stay without prepayment of such fee. If such an affidavit is filed, the district director, if the request for a stay of deportation is made pursuant to the provisions of § 243.3 (b) (1), may, in his discretion, stay deportation without prepayment of fee. If such an affidavit is filed and the request for a stay of deportation is made pursuant to the provisions of § 243.3 (b) (2), the special inquiry officer shall, if he believes that the request for a stay is not made in good faith, certify in writing his reasons for such belief for consideration by the regional commissioner. The regional commissioner may, in his discretion, withhold deportation without prepayment of fee.

PART 244—SUSPENSION OF DEPORTATION AND VOLUNTARY DEPARTURE

Sec.
244.1    Voluntary departure subsequent to commencement of hearing.
244.2    Suspension of deportation.
244.12   Application for voluntary departure subsequent to commencement of hearing; disposition.
244.14   Verification of departure; cancellation of delivery bond.
244.15   Extension of time to depart.

AUTHORITY: §§ 244.1 to 244.15 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 241, 242, 244, 66 Stat. 204, 208, as amended, 214; 8 U. S. C. 1251, 1252, 1254.

§ 244.1   *Voluntary departure subsequent to commencement of hearing.* Subject to the provisions of section 244 (e) of the act and this part, a special inquiry officer may, subsequent to the com-

mencement of the hearing provided for in Part 242 of this chapter, grant voluntary departure in lieu of deportation in the case of any alien who is the subject of deportation proceedings before such officer.

§ 244.2 *Suspension of deportation.* An application for suspension of deportation shall be submitted in accordance with, and subject to, the provisions of Part 242 of this chapter and shall be determined and disposed of in accordance with the provisions of Part 242 of this chapter and this part.

§ 244.12 *Application for voluntary departure subsequent to commencement of hearing; disposition.* If the special inquiry officer is satisfied that:

(a) The alien is willing and able to depart promptly from the United States,

(b) The alien apparently will be admitted to the country of his destination,

(c) The alien, if deportable upon any ground set forth in paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17) or (18) of section 241 (a) of the Immigration and Nationality Act, is within the classes of persons who are eligible for suspension of deportation under paragraphs (4) or (5) of section 244 (a) of the Immigration and Nationality Act.

(d) The alien is and has been a person of good moral character for at least 5 years immediately preceding his application for voluntary departure, and

(e) That the relief requested should be granted,

he shall enter an order as provided in Part 242 of this chapter.

§ 244.14 *Verification of departure; cancellation of delivery bond.* An alien's voluntary departure from the United States in accordance with the provisions of this part, shall, if verified to the satisfaction of the officer having administrative jurisdiction over the office in which the application for voluntary departure was made, serve to terminate further proceedings in the case and to cancel any outstanding delivery bond.

§ 244.15 *Extension of time to depart.* An application for extension of time within which to depart voluntarily from the United States in lieu of deportation shall be made to the officer having administrative jurisdiction of the office in which the case is pending. Such officer may, in his discretion, grant or deny the application. His decision shall be in writing and served upon the alien. No appeal shall lie from a decision denying an application for an extension of time within which to depart.

PART 245—ADJUSTMENT OF STATUS OF NONIMMIGRANT TO THAT OF A PERSON ADMITTED FOR PERMANENT RESIDENCE

Sec.
245.1 Application.
245.2 Documentary requirements.
245.3 Medical examination.

AUTHORITY: §§ 245.1 to 245.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 234, 245, 247, 66 Stat. 166, 198, 217, 218; 8 U. S. C. 1101, 1224, 1255, 1257.

§ 245.1 *Application.* Any alien (including one admitted as a student under section 4 (e) of the Immigration Act of 1924) who entered the United States in good faith as a nonimmigrant, and who believes that he meets the eligibility requirements set forth in section 245 of the act, shall apply on Form I-507 for adjustment of status: *Provided,* That an alien who has a nonimmigrant status under paragraph (15) (A), (15) (E), or (15) (G) of section 101 (a) of the act, or has an occupational status which would, if he were seeking admission to the United States, entitle him to a nonimmigrant status under any of such paragraphs of section 101 (a) of the act, shall not be eligible to apply for adjustment of status without first executing and submitting with his application the written waiver required by section 247 (b) of the act and Part 247 of this chapter. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter: *Provided,* That an appeal shall not lie from the decision denying an application on the ground that a quota immigrant visa is unavailable at the time the decision is rendered even though such a visa was available when the application was filed.

§ 245.2 *Documentary requirements.* The provisions of Part 211 of this chapter relating to the documentary requirements for immigrants shall not apply to an applicant for adjustment of status under this part.

§ 245.3 *Medical examination.* Upon acceptance of an application, the applicant shall be requested to submit to an examination by a medical officer of the United States Public Health Service, whose report setting forth the findings of the mental and physical condition of the applicant shall be incorporated into the record. Any applicant certified under paragraph (1), (2), (3), (4), or (5) of section 212 (a) of the act may appeal to a board of medical officers of the United States Public Health Service as provided in section 234 of the act and § 236.13 (c) of this chapter.

PART 245a—ADJUSTMENT OF STATUS OF NONIMMIGRANT TO THAT OF A PERSON ADMITTED FOR PERMANENT RESIDENCE IN ACCORDANCE WITH THE REFUGEE RELIEF ACT OF 1953, AS AMENDED

Sec.
245a.1 Submission of application; termination of status.
245a.2 Who may apply.
245a.3 Admissibility into United States.
245a.4 Medical examination.
245a.11 Disposition of case.

AUTHORITY: §§ 245a.1 to 245a.11 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 234, 247, 66 Stat. 166, 198, 218, sec. 6, 67 Stat. 403, as amended; 8 U. S. C. 1101, 1224, 1257, 50 U. S. C. App. 1971d.

§ 245a.1 *Submission of application; termination of status.* An application for adjustment of status under section 6 of the Refugee Relief Act of 1953, as amended (67 Stat. 403, 68 Stat. 1044; 50 U. S. C. App. 1971d), shall be submitted in accordance with the provisions of this chapter and that act on Form I-233. Any alien who files such an application shall be deemed to have thereby abandoned his nonimmigrant status in the United States.

§ 245a.2 *Who may apply.* Any alien (including one admitted as a student under section 4 (e) of the Immigration Act of 1924) who entered the United States in good faith as a nonimmigrant and who believes that he meets the eligibility requirements set forth in section 6 of the Refugee Relief Act of 1953, as amended, may apply for adjustment of status: *Provided,* That an alien who (a) has a nonimmigrant status under paragraph (15) (A), (15) (E), or (15) (G) of section 101 (a) of the Immigration and Nationality Act, or (b) has an occupational status which would, if he were seeking admission to the United States, entitle him to a nonimmigrant status under any of such paragraphs of section 101 (a) of the Immigration and Nationality Act, shall not be eligible to apply for adjustment of status without first executing and submitting with his application the written waiver required by section 247 (b) of the Immigration and Nationality Act and Part 247 of this chapter.

§ 245a.3 *Admissibility into United States.* The determination of whether an alien is qualified under the Immigration and Nationality Act (66 Stat. 163; 8 U. S. C. 1101) except with respect to quota shall be predicated upon his admissibility into the United States under the Immigration and Nationality Act and this chapter, but he shall not be required to submit a passport or visa.

§ 245a.4 *Medical examination.* The applicant shall be requested to submit to an examination by a medical officer of the United States Public Health Service, whose report setting forth the findings of the mental and physical condition of the applicant shall be incorporated into the record. Any applicant certified under paragraph (1), (2), (3), (4), or (5) of section 212 (a) of the Immigration and Nationality Act may appeal to a board of medical officers of the United States Public Health Service as provided in section 234 of the Immigration and Nationality Act and § 236.13 (c) of this chapter.

§ 245a.11 *Disposition of case*—(a) *Record and recommendation.* Upon completion of the examination, the immigration officer shall prepare a memorandum of his findings as to each of the essential facts prescribed by section 6 of the refugee Relief Act of 1953, as amended, and § 245a.2, together with his recommendation. The application, record, supporting documents, and memorandum of the immigration officer shall be transmitted to the regional commissioner who shall approve or disapprove the recommendation of the immigration officer. Upon notification to the applicant or his attorney or representative that adjustment has been approved by concurrent resolution of Congress, the applicant shall be required to pay a visa fee of $25.

AR2022_200132

(b) *Application denied; further action.* If the immigration officer recommends denial of the application, a copy of his memorandum shall be furnished to the applicant or his attorney or representative pursuant to §§ 292.11 and 292.12 of this chapter. The district director shall allow the applicant or his attorney or representative a reasonable time (not to exceed 10 days, except on a showing of good cause that more time is necessary) in which to file exceptions thereto and to submit a brief, if desired. If the regional commissioner approves the recommendation of the immigration officer, a decision to that effect will be prepared and a copy of the regional commissioner's decision shall be served upon the applicant or his attorney or representative pursuant to § 292.12 of this chapter, and such further action shall be authorized to be taken as is necessary under existing law and regulations to effect the applicant's departure from the United States.

PART 246—RESCISSION OF ADJUSTMENT OF STATUS

Sec.
246.11 Notice.
246.12 Disposition of case.
246.13 Decision by the regional commissioner.
246.14 Surrender of Form I-151.

AUTHORITY: §§ 246.11 to 246.14 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 244, 246, 66 Stat. 214, 217; 8 U. S. C. 1254, 1256.

§ 246.11 *Notice.* If it appears to a district director that a person residing in his district was not in fact eligible for the adjustment of status made in his case, he shall cause a notice to be served on such person informing him of the grounds upon which it is intended to rescind the adjustment of status. The notice shall also inform the person that he may submit, within 30 days from the date of service of the notice, an answer in writing under oath setting forth reasons why such rescission should not be made. The notice shall also advise the person that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before an immigration officer designated for that purpose. The person shall further be advised that he may have the assistance of counsel without expense to the government of the United States in connection with his answer or in connection with his personal appearance and may examine the evidence upon which it is proposed to base such rescission at a Service office.

§ 246.12 *Disposition of case—*(a) *Allegations admitted or no answer filed.* If the answer admits the allegations in the notice, or if no answer is filed within the 30-day period, and the status of permanent resident was acquired through suspension of deportation under section 19 (c) of the Immigration Act of February 5, 1917 or under section 244 of the Immigration and Nationality Act, the district director shall forward the file and all of the papers to the regional commissioner, for further action in ac-

cordance with section 246 of the Immigration and Nationality Act. If the answer admits the allegations in the notice, or if no answer is filed within the 30-day period, and the status of permanent resident was acquired through adjustment of status other than through suspension of deportation, the district director shall rescind the adjustment of status previously granted and no appeal shall lie from such decision.

(b) *Answer filed; personal appearance.* Upon receipt of an answer asserting a defense to the allegations made in the notice without requesting a personal appearance, or if a personal appearance is requested or directed, the case shall be assigned to an immigration officer. Pertinent evidence, including testimony of witnesses, shall be incorporated in the record. At the conclusion of the interview, the immigration officer shall prepare a report summarizing the evidence and containing his findings and recommendation. The record, including the report and recommendation of the immigration officer, shall be forwarded to the district director who caused the notice to be served. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the alien shall be notified thereof and no further action shall be taken unless the case is certified to the regional commissioner as provided in § 7.1 (b) of this chapter. If the decision of the district director is that the adjustment of status should be rescinded, and the status of permanent resident was acquired through suspension of deportation under section 19 (c) of the Immigration Act of 1917 or under section 244 of the Immigration and Nationality Act, the district director shall serve a copy of his decision, including the report and recommendation of the immigration officer, upon the alien who shall be allowed ten days to file exceptions; thereafter, the record, including any exceptions filed by the alien, shall be forwarded to the regional commissioner for further action in accordance with section 246 of the Immigration and Nationality Act. If the status of permanent resident was acquired through adjustment of status other than through suspension of deportation, the district director shall enter a decision rescinding the adjustment of status previously granted. The alien shall be informed of the decision and of the reasons therefor. From the decision of the district director an appeal may be taken within 10 days from the receipt of notification of the decision as provided in Part 7 of this chapter.

§ 246.13 *Decision by the regional commissioner.* When action has been completed by the regional commissioner, the record shall be returned to the district director who shall serve a copy of the decision upon the alien. If the decision of the regional commissioner is that adjustment of status, which was acquired through suspension of deportation, be rescinded, he shall report the case to

Congress as provided in section 246 of the Immigration and Nationality Act.

§ 246.14 *Surrender of Form I-151.* An alien whose status as a permanent resident has been rescinded or withdrawn in accordance with section 246 of the act and this part, shall, upon demand, promptly surrender to the district director having administrative jurisdiction over the office in which the action under this part was taken the Form I-151 issued to him at the time of the grant of permanent resident status.

PART 247—ADJUSTMENT OF STATUS OF CERTAIN RESIDENT ALIENS

Sec.
247.1 Scope of part.
247.11 Notice.
247.12 Disposition of case.
247.13 Disposition of Form I-508.
247.14 Surrender of documents.

AUTHORITY: §§ 247.1 to 247.14 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 247, 66 Stat. 167, 218; 8 U. S. C. 1101, 1257.

§ 247.1 *Scope of part.* The provisions of this part apply to an alien who is lawfully admitted for permanent residence and has an occupational status which, if he were seeking admission to the United States, would entitle him to a nonimmigrant status under paragraph (15) (A) or (15) (G) of section 101 (a) of the act, and to his immediate family; also, an alien who was lawfully admitted for permanent residence and has an occupational status which, if he were seeking admission to the United States, would entitle him to a nonimmigrant status under paragraph (15) (E) of section 101 (a) of the act, and to his spouse and children.

§ 247.11 *Notice.* If it appears to a district director that an alien residing in his district, who was lawfully admitted for permanent residence, has an occupational status described in section 247 of the act, he shall cause a notice on Form I-509 to be served on such alien informing him that it is proposed to adjust his status, unless the alien requests that he be permitted to retain his status as a resident alien and executes and files with such district director a Form I-508 (Waiver of Rights, Privileges, Exemptions and Immunities) within 10 days from receipt of the notice, or the alien, within such 10-day period, files with the district director a written answer under oath setting forth reasons why his status should not be adjusted. The notice shall also advise the person that he may, within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before an immigration officer designated for that purpose. The person shall further be advised that he may have the assistance of counsel without expense to the government of the United States in the preparation of his answer or in connection with such personal appearance, and may examine the evidence upon which it is proposed to base such adjustment.

§ 247.12 *Disposition of case—*(a) *Allegations admitted or no answer filed.* If the waiver Form I-508 is not filed by the alien within the time prescribed, and

AR2022_200133

the answer admits the allegations in the notice, or no answer is filed, the district director shall place a notation on the notice describing the alien's adjusted nonimmigrant status and shall cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted and no appeal shall lie from such decision. Form I–94A shall be delivered to the alien and shall constitute notice to him of such adjustment. The alien's nonimmigrant status shall be for such time, under such conditions, and subject to such regulations as are applicable to the particular nonimmigrant status granted and shall be subject to such other terms and conditions, including the exaction of bond as the district director may deem appropriate.

(b) *Answer filed; personal appearance.* Upon receipt of an answer asserting a defense to the allegations made in the notice without requesting a personal appearance, or if a personal appearance is requested or directed, the case shall be assigned to an immigration officer. Pertinent evidence, including testimony of witnesses, shall be incorporated in the record. The immigration officer shall prepare a report summarizing the evidence and containing his findings and recommendation. The record, including the report and recommendation of the immigration officer, shall be forwarded to the district director who caused the notice to be served. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. If the decision of the district director is that the matter be terminated, the alien shall be informed of such decision. If the decision of the district director is that the status of the alien should be adjusted to that of a nonimmigrant, his decision shall provide that unless the alien, within 10 days of receipt of notification of such decision, requests permission to retain his status as an immigrant and files with the district director Form I–508, the alien's immigrant status be adjusted to that of a nonimmigrant. The alien shall be informed of such decision and of his reasons therefor, and that he has 10 days from the receipt of notification of such decision within which he may appeal in accordance with Part 7 of this chapter. If the alien does not request that he be permitted to retain status and file the Form I–508 within the period provided therefor, the district director, without further notice to the alien, shall cause a set of Forms I–94 to be prepared evidencing the nonimmigrant classification to which the alien has been adjusted. Form I–94A shall be delivered to the alien. The alien's nonimmigrant status shall be for such time, under such conditions, and subject to such regulations as are applicable to the particular nonimmigrant status created and shall be subject to such other terms and conditions, including the exaction of bond, as the district director may deem appropriate.

§ 247.13 *Disposition of Form I–508.* If Form I–508 is executed and filed, the duplicate copy thereof shall be filed in the office of the Assistant Commissioner, Examinations Division, and may be made available for inspection by any interested officer or agency of the United States.

§ 247.14 *Surrender of documents.* An alien whose status as a permanent resident has been adjusted to that of a nonimmigrant in accordance with section 247 of the act and this part, shall, upon demand, promptly surrender to the district director having administrative jurisdiction over the office in which the action under this part was taken any documents (such as Form I–151 or any other form of alien-registration receipt card, immigrant identification card, resident alien's border-crossing identification card (Form I–187), certificate of registry, or certificate of lawful entry) in his possession evidencing his former permanent resident status.

PART 248—CHANGE OF NONIMMIGRANT CLASSIFICATION

Sec.
248.1 Scope of part.
248.2 Application.
248.3 Change of nonimmigrant classification to that under section 101 (a) (15) (H) of the Immigration and Nationality Act.

AUTHORITY: §§ 248.1 to 248.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 101, 247, 248, 66 Stat. 166, 218; 8 U. S. C. 1101, 1257, 1258.

§ 248.1 *Scope of part.* Any alien lawfully admitted to the United States as a nonimmigrant (including an alien who acquired such status pursuant to section 247 of the act) who is continuing to maintain his nonimmigrant status, may apply to have his nonimmigrant classification changed to any other nonimmigrant classification for which he may be qualified. This section shall not apply to an alien classified as a nonimmigrant under section 101 (a) (15) (D) of the act, or to an alien classified as a nonimmigrant under section 101 (a) (15) (C) who is within the purview of section 238 (d) of that act. Any eligible alien classified as a nonimmigrant under section 101 (a) (15) (C) may apply only for a change to a classification under paragraph (15) (A) or (15) (G) of section 101 (a) of the act.

§ 248.2 *Application.* Application for change of nonimmigrant classification shall be made on Form I–506. If the application is granted, the alien's nonimmigrant status under such reclassification shall be subject to the terms and conditions applicable generally to such classification and to such other additional terms and conditions, including exaction of bond, which the district director deems appropriate to the case, and the district director shall cause a new set of Forms I–94 to be prepared and Form I–94A delivered to the applicant. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 248.3 *Change of nonimmigrant classification to that under section 101*

(a) (15) (H) *of the Immigration and Nationality Act.* Notwithstanding any other provisions of this part, an application on Form I–506 for a change of an alien's nonimmigrant classification to that described in section 101 (a) (15) (H) of the act shall be accompanied by an application on Form I–129B made by the alien's prospective employer or trainer.

PART 249—CREATION OF RECORD OF LAWFUL ADMISSION FOR PERMANENT RESIDENCE

Sec.
249.1 Scope of part.
249.2 Application.
249.3 Delivery of Form I–151.

AUTHORITY: §§ 249.1 to 249.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 249, 66 Stat. 219; 8 U. S. C. 1259.

§ 249.1 *Scope of part.* Any alien who believes that he meets the eligibility requirements enumerated in section 249 (a) of the act may apply for the creation of a record of lawful admission for permanent residence. Such a record shall not be created in behalf of any alien who entered the United States prior to July 1, 1924, and as to whom a record of admission for permanent residence as an alien prior to that date does not exist, except in accordance with the provisions of section 249 of the act, this part, or other statutory authority.

§ 249.2 *Application.* An application under this part shall be made on Form N–105. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor and of his right to appeal within 10 days from the receipt of such notification in accordance with Part 7 of this chapter.

§ 249.3 *Delivery of Form I–151.* If the application is granted, a Form I–151, showing that the applicant has acquired the status of an alien lawfully admitted for permanent residence, shall be issued to the applicant. If the alien is in possession of any other document evidencing compliance with the Alien Registration Act, 1940, or Chapter 7 of Title II of the Immigration and Nationality Act, he shall be required to surrender it.

PART 250—REMOVAL OF ALIENS WHO HAVE FALLEN INTO DISTRESS

Sec.
250.1 Application.
250.2 Removal authorization.

AUTHORITY: §§ 250.1 and 250.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 250, 66 Stat. 219; 8 U. S. C. 1260.

§ 250.1 *Application.* Application for removal shall be made on Form I–243. No appeal shall lie from the decision of the district director.

§ 250.2 *Removal authorization.* If the district director grants the application he shall issue an authorization for the alien's removal on Form I–202. Upon issuance of the authorization, or as soon thereafter as practicable, the alien may be removed from the United States at government expense.

PART 251—ARRIVAL MANIFESTS AND LISTS:
SUPPORTING DOCUMENTS

Sec.
251.1  Arrival manifests and lists.
251.2  Notification of illegal landings.
251.3  Notification of changes in crew.
251.4  Notification of changes in employment (aircraft).

AUTHORITY: §§ 251.1 to 251.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 212, 231, 251, 252, 66 Stat. 182, 195, 219, 220; 8 U. S. C. 1182, 1221, 1281, 1282.

§ 251.1  *Arrival manifests and lists*—(a) *Presentation.* The master or agent of every vessel arriving in the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or from the Virgin Islands of the United States shall present to the immigration officer at the port of first arrival a manifest of all crewmen on board on Form I-418 in accordance with the instructions contained thereon. A manifest shall not be required for crewmen aboard a vessel of United States, Canadian, or British registry engaged solely in traffic on the Great Lakes, or the St. Lawrence River, and connecting waterways herewith designated as a Great Lakes vessel, except crewmen of other than United States, Canadian, or British citizenship and, after submission of a manifest on the first voyage of a calendar year, a manifest shall not be required on subsequent arrivals unless there is employed on the vessel at the time of such arrival an alien crewman of other than United States, British, or Canadian citizenship who was not aboard and listed on the occasion of the submission of the last prior manifest. The master or agent of every aircraft arriving in the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States shall present to the immigration officer at the port of first arrival a manifest on Customs Form 7507 of all crewmen on board, except that a manifest shall not be required of an aircraft arriving in the continental United States or Alaska directly from Canada on a flight originating in that country.

(b) *Additional documents.* The master or agent of every vessel or aircraft arriving in the United States from a foreign port or place, from an outlying possession of the United States, or from Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States shall prepare as a part of the manifest when one is required for presentation to the examining immigration officer, a completely executed set of Forms I-95 for each alien crewman on board, except (1) an alien immigrant crewman in possession of a valid immigrant visa, reentry permit, or alien registration receipt card on Form I-151; (2) a Canadian or British citizen crewman of a Great Lakes vessel; or (3) a crewman seeking conditional landing privileges under section 252 (a) (1) of the act who is in possession of an unmutilated conditional landing permit with space for additional endorsements previously issued to him as a member of the crew of

the same vessel or an aircraft of the same line on his last prior arrival in the United States, following which he departed from the United States as a member of the crew of the same vessel or an aircraft of the same line.

§ 251.2  *Notification of illegal landings.* As soon as discovered, the master or agent of any vessel from which an alien crewman has illegally landed or deserted in the United States shall inform the immigration officer in charge of the port where the illegal landing or desertion occurred, in writing, of the name, nationality, passport number and, if known, the personal description, circumstances and time of such illegal landing or desertion of such alien crewman, and any other information and documents which might aid in his apprehension, including when available a photograph of the crewman. Failure to file notice of illegal landing or desertion within twenty-four hours of the time such landing or desertion becomes known shall be regarded as lack of compliance with section 251 (d) of the act.

§ 251.3  *Notification of changes in crew*—(a) *Added crewmen.* The master or agent of every vessel departing from the United States shall submit to the immigration officer at the port from which such vessel is to depart directly to a foreign port or place a list on Form I-418 of the alien crewmen on board, other than lawfully admitted permanent residents of the United States, who were not members of the crew and manifested as such on the occasion of the vessel's arrival in the United States. Such list of names shall be headed by the legend "Added Crewmen—Arrival Crewlist filed at _____," and there shall be attached to such list the nonimmigrant form given to the alien on the occasion of his last arrival in the United States, if such form is available; otherwise, a newly executed Form I-95 shall be prepared by the master or agent for attachment to the list.

(b) *Separated crewmen.* The master or agent of every vessel departing from the United States shall submit to the immigration officer at the port from which such vessel is to depart directly to a foreign port or place a list on Form I-418 of the alien crewmen, other than alien permanent residents of the United States, who were members of the crew and manifested as such on the occasion of the vessel's arrival in the United States who are not departing with the vessel. Such list of names shall be headed by the legend "Separated Crewmen—Arrival Crewlist filed at _____," and shall contain, in addition, the nationality, passport number, and port of separation of each such crewman as well as the reason for separation. The lists required by paragraph (a) of this section and this paragraph may be incorporated in a single Form I-418, if space permits; the required lists need not be submitted for Canadian or British citizen crewmen of Great Lakes vessels.

§ 251.4  *Notification of changes in employment (aircraft).* The agent of the air transportation line shall immediately notify in writing the nearest immigra-

tion office of the termination of employment in the United States of each alien crewman employee of the line, furnishing the name, birthdate, birthplace, nationality, passport number and other available information concerning such alien crewman.

PART 252—LANDING OF ALIEN CREWMEN

Sec.
252.1  Examination of crewmen.
252.2  Revocation of conditional landing permits; deportation.
252.3  Great Lakes vessels; special procedures.

AUTHORITY: §§ 252.1 to 252.3 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 214, 248, 251, 252, 66 Stat. 189, 218, 219, 220; 8 U. S. C. 1184, 1258, 1281, 1282.

§ 252.1  *Examination of crewmen*—(a) *Detention prior to examination.* All persons employed in any capacity on board any vessel or aircraft arriving in the United States shall be detained on board the vessel or at the airport of arrival by the master or agent of such vessel or aircraft until admitted or otherwise permitted to land by an officer of the Service.

(b) *Classes of aliens subject to examination under this part.* The examination of every alien crewman arriving in the United States shall be in accordance with this part and not otherwise except that the following classes of persons employed on vessels or aircraft shall be examined in accordance with the provisions of Parts 235, 236, and 237 of this chapter: (1) Aliens in possession of an immigrant visa, reentry permit, or a Form I-151 alien registration receipt card, applying for admission as immigrants; (2) Canadian or British citizen crewmen of Great Lakes vessels; or (3) Canadian or British citizen crewmen of aircraft arriving directly in Alaska or the continental United States on flights originating in Canada.

(c) *Requirements for admission.* Every alien crewman applying for landing privileges in the United States must make his application in person before an immigration officer, present whatever documents are required, and establish to the satisfaction of the immigration officer that he is not subject to exclusion under any provision of law and is entitled clearly and beyond doubt to landing privileges in the United States.

(d) *Authorization to land.* The examining immigration officer in his discretion may grant an alien crewman authorization to land temporarily in the United States for (1) shore leave purposes during the period of time the vessel or aircraft is in the port of arrival or other ports in the United States to which it proceeds directly without touching at a foreign port or place, not exceeding twenty-nine days in the aggregate, if the immigration officer is satisfied that the crewman intends to depart on the vessel on which he arrived or on another aircraft of the same transportation line, or (2) the purpose of obtaining employment and departing from the United States on another vessel than the one on which he arrived, within a period of twenty-nine days, if the immigration of-

ficer is satisfied that the crewman intends to depart in that manner and that he is apparently able to obtain such other employment and the immigration officer has consented to the pay off or discharge of the crewman from the vessel on which he arrived.

(e) *Conditional permits to land.* The examining immigration officer shall give to each alien nonimmigrant crewman permitted to land temporarily a copy of the Form I-95 presented by the crewman, endorsed to show the date and place of admission and the type of conditional landing permitted.

(f) *Change of status.* An alien nonimmigrant crewman landed pursuant to the provisions of this part shall be ineligible for any extension of stay beyond twenty-nine days or for a change of nonimmigrant classification under Part 248 except that a crewman who has been given a conditional landing permit under paragraph (d) (1) of this section may, within the period of its validity and while he is still maintaining his status, apply for a conditional landing permit under paragraph (d) (2) of this section and, upon approval of such application, he shall surrender his original landing permit and shall be given a copy of a new Form I-95, endorsed to show the landing authorized under paragraph (d) (2) of this section for the balance of the twenty-nine days remaining to him.

§ 252.2   *Revocation of conditional landing permits; deportation.* An alien permitted to land conditionally under § 252.1 (d) (1) may, within the period of time for which he was permitted to land, be taken into custody by any immigration officer without a warrant of arrest and be transferred to the vessel upon which he arrived in the United States, if such vessel is in any port of the United States and has not been in a foreign port or place since the crewman was issued his conditional landing permit, upon a determination by the immigration officer that the alien crewman is not a bona fide crewman or that he does not intend to depart on the vessel on which he arrived in the United States. The conditional landing permit of such an alien crewman shall be taken up and revoked by the immigration officer and a notice to detain and deport such alien crewman shall be served on the master of the vessel on Form I-259. On the written request of the master of the vessel, the crewman may be detained and deported, both at the expense of the transportation line on whose vessel he arrived in the United States, other than on the vessel on which he arrived in the United States, if detention or deportation on such latter vessel is impractical.

§ 252.3   *Great Lakes vessels; special procedures.* An immigration examination shall not be required of any crewman aboard a Great Lakes vessel arriving at a port of the United States for a period of less than twenty-four hours, who (a) has previously been examined by an immigration officer as a member of the crew of the same vessel and (b) is either a British or Canadian citizen or is in possession of a Form I-95 previously issued to him as a member of the crew of the same vessel during the same

calendar year, and (c) does not request or require landing privileges in the United States during the time the vessel will be in ports of the United States before returning to Canada.

Part 253—Parole of Alien Crewmen

Sec.
253.1   Parole.
253.2   Termination of parole.

Authority:   §§ 253.1 and 253.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 212, 252, 253, 255, 66 Stat. 182, 220, 221, 222; 8 U. S. C. 1182, 1282, 1283, 1285.

§ 253.1   *Parole*—(a) *Afflicted crewmen.* Any alien crewman afflicted with feeblemindedness, insanity, epilepsy, tuberculosis in any form, leprosy, or any dangerous contagious disease, or an alien crewman suspected of being so afflicted shall, upon arrival at the first port of call in the United States, be paroled to the medical institution designated by the district director in whose district the port is located, in the custody (other than during the period of time he is in such medical institution) of the agent of the vessel or aircraft on which such alien arrived in the United States and at the expense of the transportation line for a period initially not to exceed thirty days, for treatment and observation, under the provisions of section 212 (d) (5) of the act. Unless the Public Health Surgeon at the first port certifies that such parole be effected immediately for emergent reasons, the district director may defer execution of parole to a subsequent port of the United States to which the vessel or aircraft will proceed, if facilities not readily available at the first port are readily available at such subsequent port of call.   Notice to remove an afflicted alien crewman shall be served by the examining immigration officer upon the master or agent of the vessel or aircraft on Form I-259 and shall specify the date when and the place to which such alien crewman shall be removed and the reasons therefor.

(b) *Disabled crewman.* Any alien crewman who becomes disabled in any port of the United States, whom the master or agent of the vessel or aircraft is obliged under foreign law to return to another country, may be paroled into the United States under the provisions of section 212 (d) (5) of the act for the period of time and under the conditions set by the district director in whose district the port is located, in the custody of the agent of the vessel or aircraft for the purpose of passing through the United States and transferring to another vessel or aircraft for departure to such foreign country, by the most direct and expeditious route.

(c) *Shipwrecked or castaway seamen or airmen.* A shipwrecked or castaway alien seaman or airman who is rescued by or transferred at sea to a vessel or aircraft destined directly for the United States and who is brought to the United States on such vessel or aircraft other than as a member of its crew shall be paroled into the United States under the provisions of section 212 (d) (5) of the act for the period of time and under the conditions set by the district director in

whose district the port is located, in the custody of the appropriate foreign consul or the agent of the aircraft or vessel which was wrecked or from which such seaman or airman was removed, for the purpose of treatment or observation in a hospital, if such is required, and for departure to the appropriate foreign country by the most direct and expeditious route.

(d) *Crewman denied conditional landing permit.* Any alien crewman denied a conditional landing permit or whose conditional landing permit issued under § 252.1 (d) (1) is revoked may, upon the request of the master or agent, be paroled into the United States under section 212 (d) (5) of the act in the custody of the agent of the vessel or aircraft and at the expense of the transportation line for medical treatment or observation or for other reasons deemed strictly in the public interest.

§ 253.2   *Termination of parole.* At the termination of the period of the parole specified in § 253.1, or when the purpose of the parole specified therein has been served, the alien crewman, if in the United States, shall be returned to the custody from which he was paroled and his case dealt with in the same manner as any other applicant for a conditional landing permit.

Part 262—Registration of Aliens in the United States

§ 262.1   *Scope.* Persons otherwise subject to the provisions of Chapter 7 of Title II of the Immigration and Nationality Act and Parts 262 to 265, inclusive, of this chapter shall not be exempt from any of those provisions solely for the reason that they were admitted to the United States as:

(a) Alien members of the armed forces of the United States as provided in section 284 of the Immigration and Nationality Act; or

(b) American Indians born in Canada as provided in section 289 of the Immigration and Nationality Act; or

(c) Aliens lawfully admitted for permanent residence who reside in foreign contiguous territory and who, while continuing such residence, enter the United States to engage in any existing employment or to seek employment in this country.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103.  Interprets or applies secs. 261-265, 284, 289, 66 Stat. 223-225, 232, 234; 8 U. S. C. 1301-1305, 1354, 1359)

Part 263—Registration of Aliens in the United States: Provisions Governing Special Groups

Sec.
263.1   Foreign government officials, representatives to international organizations and similar classes.
263.2   Certain Canadian citizens and British subjects; agricultural workers.
263.3   Aliens under deportation proceedings or confined in institutions within the United States.
263.4   Certain alien crewmen.

Authority:   §§ 263.1 to 263.4 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103.  Interpret or apply secs. 211, 221, 262, 263, 66 Stat. 181, 191, 224; 8 U. S. C. 1181, 1201, 1302, 1303.

AR2022_200136

§ 263.1 *Foreign government officials, representatives to international organizations and similar classes*—(a) *Registration not required.* Any alien in the United States on the effective date of the Immigration and Nationality Act shall not be required to register under section 262 of the Immigration and Nationality Act if (1) on that date he was exempt from the requirements of the Alien Registration Act, 1940 under the regulations promulgated under that act (12 F. R. 5130), and (2) he were now outside the United States applying for a visa in the status and classification he presently is maintaining in the United States, he would be exempt from the registration requirements of section 262 of the Immigration and Nationality Act under the regulations promulgated by the Department of State in accordance with the authority contained in section 221 (b) of the Immigration and Nationality Act.

(b) *Registration required.* Any person exempt from the registration requirements of section 262 of the Immigration and Nationality Act who remains in the United States for 50 days or longer after having ceased to be within the classification which entitled him to the exemption, shall apply for registration in accordance with the provisions of the Immigration and Nationality Act before the expiration of 30 days following the date when he ceased to be entitled to such classification.

§ 263.2 *Certain Canadian citizens and British subjects; agricultural workers.* (a) The duty imposed on aliens in the United States by section 262 of the Immigration and Nationality Act to apply for registration shall not be applicable to Canadian citizens or British subjects admitted to the United States under the provisions of § 212.3 (a) (1), (2), or (7) of this chapter who depart from the United States within six months of admission. If such an alien's stay in the United States is to exceed six months, an application for registration in accordance with the provisions of section 262 of the Immigration and Nationality Act shall be made prior to the expiration of the six-month period.

(b) The duty imposed on aliens in the United States by section 262 of the act to apply for registration shall not be applicable to nonimmigrant agricultural workers admitted to the United States during the time such workers maintain their status. If such a worker fails to maintain the nonimmigrant status under which he has been or may be admitted, an application for registration in accordance with the provisions of section 262 of the Immigration and Nationality Act shall be made immediately.

§ 263.3 *Aliens under deportation proceedings or confined in institutions within the United States*—(a) *Under deportation proceedings.* The fingerprinting of an alien under deportation proceedings commenced pursuant to Part 242 of this chapter shall be regarded as registration under section 262 of the Immigration and Nationality Act during the pendency of such proceedings. Pending completion of the deportation proceedings, the copy of the order to

No. 236—Part II—57——6

show cause served on the alien, endorsed to show that he has been fingerprinted, shall constitute the evidence of registration required to be carried with him and in his personal possession by section 264 of the Immigration and Nationality Act.

(b) *Aliens confined in penal or other institutions or who are incapacitated.* The district director in his discretion shall make such special arrangements as he deems necessary for the registration of aliens confined in institutions within his district.

§ 263.4 *Certain alien crewmen.* An alien crewman who has not previously been registered under the Immigration and Nationality Act who has remained in the United States for more than 29 days and who has not been made the subject of deportation proceedings shall be fingerprinted on Form AR-4. The alien crewman's Form I-95A shall be endorsed to show that he has been fingerprinted, and such form shall constitute the evidence of registration required to be carried with him and in his personal possession by section 264 of the Immigration and Nationality Act.

PART 264—REGISTRATION OF ALIENS IN THE UNITED STATES: FORMS AND PROCEDURE

Sec.
264.1  Alien registration receipt card.
264.2  Registration officers.
264.3  Place of registration.
264.4  Registration records confidential.
264.5  Replacement of alien-registration receipt cards; aliens lawfully admitted for permanent residence.
264.11  Form of registration.
264.12  Manner of registration.

AUTHORITY: §§ 264.1 to 264.12 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 221, 261–265, 66 Stat. 191, 223–225; 8 U. S. C. 1201, 1301, 1302, 1303, 1304, 1305.

§ 264.1 *Alien registration receipt card*—(a) *Receipt cards or other evidence of alien registration issued prior to the effective date of the Immigration and Nationality Act.* Every receipt card, certificate, or other document or paper which was issued to any registered alien prior to the effective date of the Immigration and Nationality Act and which, under any regulation in effect immediately prior to the effective date of the Immigration and Nationality Act was or constituted evidence of alien registration under any of the provisions of Title III of the Alien Registration Act, 1940, is hereby declared to be issued and is hereby issued as an alien registration receipt card pursuant to section 264 (d) of the Immigration and Nationality Act with the same force and effect as though issued on or after the effective date of the Immigration and Nationality Act. Such evidence of alien registration includes:

Form AR 103: "Alien Registration Receipt Card."

Form AR-3: "Alien Registration Receipt Card."

Form I-151: "Alien Registration Receipt Card."

Form AR-103 S: "Alien Registration Receipt Card" (Seamen Form).

Form I-151 (Rev. 1-3-50): (Certifying to Alien Registration.)

Foreign Service Form 257a: Showing Alien Registration.

Form I-200: (Noted to show alien registration, but only during the pendency of the deportation proceedings.)

Form I-94C: (Noted to show alien registration.)

Form I-100a: Alien Laborer's Permit and Identification Card.

(b) *Aliens registered prior to effective date of the Immigration and Nationality Act who have not received evidence of registration.* Except as otherwise provided in this part, any alien in the United States who was registered under Title III of the Alien Registration Act, 1940, who for any reason has not been issued an alien registration receipt card or in whose case such card remains undelivered, shall be furnished with an alien registration receipt card on the appropriate form prescribed in this part as soon as practicable. If the identity of any such alien or the mailing address is unknown, such action shall be initiated upon the receipt of that information from any source.

(c) *Forms constituting alien registration receipt cards under the Immigration and Nationality Act.* In addition to any form specifically stated elsewhere in this chapter to be an alien registration receipt card issued pursuant to section 264 (d) of the Immigration and Nationality Act, the forms listed in this paragraph shall, under the conditions specified, also constitute alien registration receipt cards.

(1) *Form I-151.* Form I-151 shall be issued as an alien-registration receipt card and as evidence of lawful admission for permanent residence to an alien who is lawfully admitted to the United States as an immigrant with an unexpired immigrant visa; who in any manner becomes a lawful permanent resident of the United States and is registered in the United States; or who was lawfully admitted for permanent residence and reregisters in the United States within 30 days after attaining his fourteenth birthday anniversary, if the Form I-151 originally issued to him does not contain his photograph.

(2) [Reserved.]

(3) *Form I-94A.* Except as otherwise provided in this part, an alien registered on Form AR-2 and, when applicable, AR-4 as provided in § 264.11 shall be given Form I-94A endorsed to show such registration and that form shall be the alien's registration receipt card.

(4) *Order to show cause.* Pending completion of the deportation proceedings, the alien's copy of the order to show cause served on him shall be regarded as an alien-registration receipt card.

(5) *Form I-95A.* An alien crewman registered on Form AR-4 as provided in § 263.4 of this chapter shall be given Form I-95A endorsed to show such registration and that form shall then be the alien crewman's registration receipt card.

(d) *Prohibition against issuance of more than one alien registration receipt card; requirement of surrender of receipt card.* An alien registration receipt card shall not be issued to any person who previously has obtained one unless he surrenders such previously issued card

AR2022_200137

which is in his possession. No person shall use an alien registration receipt card relating to any other person except in behalf of his minor child or ward. If an alien is naturalized, dies, permanently departs, or is deported from the United States, or an alien registration receipt card is found by a person other than the one to whom it was issued, the person in possession of the card shall surrender it to an immigration officer or it shall be lifted by an immigration officer, and such officer shall forward the card to the office of the Service maintaining the file of the alien to whom the card was issued. If doubt arises as to the location of the alien's file, the alien registration receipt card shall be forwarded to the Central Office for appropriate disposition.

(e) *Carrying and possession of proof of alien registration.* The provisions of section 264 (e) of the Immigration and Nationality Act shall be applicable to every receipt card, certificate, or other document or paper referred to in this section as constituting evidence of alien registration.

(f) *Limited effect of issuance of alien registration receipt card.* The issuance of an alien registration receipt card or its equivalent shall not relieve the alien, or his parent or guardian, from full compliance with any and all laws and regulations of the United States now existing or hereafter made concerning aliens; nor shall it be construed to confer upon the alien or his parent or guardian immunity from any liability, penalty or punishment incurred by the alien or his parent or guardian for violation of any law of the United States occurring either before or after the issuance of such card.

§ 264.2  *Registration officers.*  Immigration officers and any officer or employee of the United States selected by the Commissioner are designated registration officers and authorized to register aliens under Chapter 7 of Title II of the Immigration and Nationality Act. Any immigration officer may prepare any registration form required to be executed by an alien upon the basis of information furnished by such alien.

§ 264.3  *Place of registration.*  Any alien in the United States who is required to apply for registration under the provisions of section 262 of the Immigration and Nationality Act shall do so at any office in which any person designated in § 264.2 as a registration officer is serving as such, except as otherwise indicated in § 263.3 of this chapter, and except that the district director may make such special arrangements as he deems necessary for the registration of aliens in his district who are aged, infirm, or incapacitated.

§ 264.4  *Registration records confidential.*  All registration and fingerprint records made under the provisions of Title III of the Alien Registration Act, 1940, or under Chapter 7 of Title II of the Immigration and Nationality Act shall be confidential. Information from such records shall be made available only to such persons or agencies as may be designated by the Commissioner. Persons or agencies designated to receive such in-

formation prior to the effective date of the Act whose designation was outstanding and unrevoked upon that date are hereby designated to continue to receive such information under the authority contained in section 264 (b) of the Immigration and Nationality Act.

§ 264.5  *Replacement of alien registration receipt cards.*  Any alien in the United States whose alien registration receipt card has been lost, mutilated, or destroyed, shall immediately apply for a new alien registration receipt card on Form I-90. Any alien lawfully in the United States for permanent residence whose name has been legally changed after registration or who is not in possession of Form I-151 may also apply on Form I-90 for a new alien registration receipt card. No appeal shall lie from the decision of the officer denying the application.

§ 264.11  *Form of registration.*  Any alien required to be registered in the United States shall, except as otherwise provided in this chapter, be registered on Form AR-2a and, where necessary, Form AR-2. Except as provided in § 263.3 (a) of this chapter, the alien shall be fingerprinted on Form AR-4 and when the alien is registered on Form AR-2, the registration officer shall take an imprint of the alien's right index finger in the space provided therefor on Form AR-2.

§ 264.12  *Manner of registration—* (a)  *Duties of registration officers.*  The registration officer shall complete the registration forms prescribed by this part in the English language from the information furnished by the alien and all fingerprints shall be taken by such officer. When an alien other than a lawful permanent resident is registered on Form AR-2, the registration officer shall issue Form I-94A or I-95A to the alien and shall endorse such form to show that he has registered under the act.

(b)  *Information required for registration.*  The information which the alien or his parent or legal guardian must furnish under oath shall be such as is required by the forms prescribed in this part or as may be required hereafter under the authority of the Immigration and Nationality Act. Name or names shall be given in the English alphabet and the date of birth shall be stated by giving the month, day and year in that sequence.

(c)  *Persons who believe themselves not subject to registration.*  If any person indicates to the registration officer that he does not believe himself subject to registration under the Immigration and Nationality Act but is registering for his own protection, the registration officer shall make the following notation on the margin of the registration form at the conclusion of the registration: "Applicant doubts need for registration."

(d)  *Registration in behalf of insane or incompetent aliens.*  Any alien who is insane or otherwise incompetent or of unsound mind may be registered by his legal guardian, trustee, or committee or by such other person as may be charged by law with his care and custody. Any

person registering in behalf of an alien herein described, shall answer to the best of his knowledge and ability the questions required to be put to the registering alien and shall swear or affirm to the best of his knowledge and belief that such alien is incompetent. Such alien, if 14 years of age or older, shall be fingerprinted if possible.

(e)  *Signing of registration forms.*  Except as otherwise provided in this part the registration forms provided for herein must be signed and sworn to before a registration officer by the alien in person or by his parent or legal guardian. The alien being registered or his parent or guardian or the person furnishing the information in behalf of an incompetent alien, if unable to write, shall make his mark in the signature space on the registration forms and his mark shall be witnessed by a witness other than the registration officer. The witness shall sign his name and address on the registration forms near the mark made and the words "witnessed by" shall precede the witness' signature.

PART 265—REGISTRATION OF ALIENS IN THE UNITED STATES: NOTICES OF ADDRESS

Sec.
265.1   Notices of address.
265.11  Form of notification.
265.12  Notification in behalf of insane or incompetent aliens.

AUTHORITY: §§ 265.1 to 265.12 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 265, 66 Stat. 225; 8 U.S.C. 1305.

§ 265.1  *Notices of address.*  The notices of address, change of address, and new address required by the act shall be furnished on, and in accordance with, the forms prescribed in this part, which shall be made available without cost at post offices and at offices of the Service in the United States.

§ 265.11  *Form of notification.*  The notification of current address required by section 265 of the Immigration and Nationality Act shall be furnished on Form I-53 and shall include the alien's name, residence in the United States, alien registration number, name under which registered, immigration status in the United States, country and date of birth, sex, place and date of entry to the United States, and country of which a subject or citizen. The entry on the form shall be typewritten or printed in ink or with an indelible pencil except that the signature shall be in writing in ink or with an indelible pencil. The card shall not be bent, folded, creased, torn, or mutilated in any manner. The card shall be signed by the alien or his parent or guardian and, upon completion, handed to a postal clerk at any United States post office who will forward it to a designated immigration and Naturalization Service office. The notification of change of address and new address which is required to be made by section 265 of the Immigration and Nationality Act shall be made by filling out and mailing post card Form AR-11. Form AR-11 shall also be used by an alien residing in the United States pursuant to a lawful temporary admission

when reporting his address at the expiration of each three-month period as required by section 265 of the Immigration and Nationality Act.

§ 265.12 *Notification in behalf of insane or incompetent aliens.* The notification of address of an alien who is insane or otherwise incompetent or of unsound mind may be furnished by his legal guardian, trustee, or committee, or by any person who is charged by law with his care and custody.

PART 274—ALIENS; BRINGING IN AND HARBORING

§ 274.1 *Power to arrest persons who bring in, transport, or harbor certain aliens, or induce them to enter.* See § 287.1 (e) of this chapter.

(Sec. 103, 66 Stat. 173; 8 U. S. C. 1103)

PART 280—IMPOSITION AND COLLECTION OF FINES

Sec.
280.1  Notice of intention to fine; administrative proceedings not exclusive.
280.2  Special provisions relating to aircraft.
280.3  Departure of vessel or aircraft prior to denial of clearance.
280.4  Data concerning cost of transportation.
280.5  Mitigation or remission of fines.
280.6  Bond to obtain clearance; form.
280.7  Approval of bonds or acceptance of cash deposit to obtain clearance.
280.11  Notice of intention to fine; procedure.
280.12  Answer and request or order for interview.
280.13  Disposition of case.
280.14  Record.
280.15  Notice of final decision to collector of customs.
280.21  Seizure of aircraft.
280.51  Application for mitigation or remission.

AUTHORITY: §§ 280.1 to 280.51 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 231, 233, 237, 239, 243, 251, 253-256, 272, 273, 280, 66 Stat. 195, 197, 201, 203, 212, 219, 221–223, 226, 227, 230; 8 U. S. C. 1221, 1223, 1227, 1229, 1253, 1281, 1283, 1284, 1285, 1286, 1322, 1323, 1330.

§ 280.1 *Notice of intention to fine; administrative proceedings not exclusive.* Whenever a district director has reason to believe that any person has violated any of the provisions of the Immigration and Nationality Act and has thereby become liable to the imposition of an administrative fine under the Immigration and Nationality Act, he shall cause a Notice of Intention to Fine, Form I–79, to be served as provided in this part. Nothing in this subchapter shall affect, restrict, or prevent the institution of a civil suit, in the discretion of the Attorney General, under the authority contained in section 280 of the Immigration and Nationality Act.

§ 280.2 *Special provisions relating to aircraft.* In any case in which the imposition of a fine is predicated upon an alleged violation of a regulation promulgated under authority of section 239 of the Immigration and Nationality Act, the procedure prescribed in this part shall be followed, and the aircraft involved shall not be granted clearance pending determination of the question of liability

to the payment of any fine, or while the fine remains unpaid; but clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine or of a bond with sufficient surety to secure the payment thereof, approved by the collector of customs. If the alleged violation was by the owner or person in command of the aircraft, the penalty provided for shall be a lien against the aircraft, which, except as provided in § 280.21, shall be seized by the district director or by an immigration officer designated by the district director, and placed in the custody of the customs officer who is in charge of the port of entry or customs station nearest the place of seizure. If the owner or owners of the airport at which such aircraft is located are the owners of the seized aircraft, the aircraft shall be removed to another suitable place for storage if practicable.

§ 280.3 *Departure of vessel or aircraft prior to denial of clearance.* If any vessel or aircraft which is subject to the imposition of a fine shall have departed from the United States prior to the denial of clearance by the collector of customs and such vessel or aircraft is subsequently found in the United States, a Notice of Intention to Fine, Form I–79, shall be served as provided in this part, if such form has not been previously served for the same violation. Clearance of such vessel or aircraft shall be withheld by the collector of customs, and the procedure prescribed in this part shall be followed to the same extent and in the same manner as though the vessel or aircraft had not departed from the United States. Aircraft subject to the provisions of § 280.2, which shall have departed from the United States prior to the time seizure could be effected, shall be subject to all of the provisions of this part, if subsequently found in the United States, to the same extent as though it had not departed from the United States.

§ 280.4 *Data concerning cost of transportation.* Within five days after request therefor, transportation companies shall furnish to the district director pertinent information contained in the original transportation contract of all rejected aliens whose cases are within the purview of any of the provisions of the Immigration and Nationality Act relating to refund of passage monies, and shall specify the exact amounts paid for transportation from the initial point of departure (which point shall be indicated) to the foreign port of embarkation, from the latter to the port of arrival in the United States and from the port of arrival to the inland point of destination, respectively, and also the amount paid for headtax, if any.

§ 280.5 *Mitigation or remission of fines.* In any case in which mitigation or remission of a fine is authorized by the Immigration and Nationality Act, the party served with Notice of Intention to Fine may apply in writing to the district director for such mitigation or remission.

§ 280.6 *Bond to obtain clearance; form.* A bond to obtain clearance of a

vessel or aircraft under section 231, 233, 237, 239, 243, 251, 253, 254, 255, 256, 272, or 273 of the Immigration and Nationality Act shall be filed on Form I–310.

§ 280.7 *Approval of bonds or acceptance of cash deposit to obtain clearance.* The collector of customs is authorized to approve the bond, or accept the sum of money which is being offered for deposit under any provision of the Immigration and Nationality Act or by this chapter for the purpose of obtaining clearance of a vessel or aircraft.

§ 280.11 *Notice of intention to fine; procedure.* Notice of Intention to Fine, Form I–79, shall be prepared in triplicate, with one additional copy for each additional person on whom the service of such Notice is contemplated. The Notice shall be addressed to any or all of the available persons subject to fine. A copy of the Notice shall be served on each such person by (a) delivering it to him in person, or (b) leaving it at his office, or (c) mailing it to him at his office whenever the district director ascertains that the other two methods of service are inconvenient or impossible. If the Notice is served personally, the person upon whom it is served shall be requested to acknowledge such service by signing his name to the duplicate and triplicate copies. The officer effecting such service shall attest to the service by signing his name thereon and shall indicate thereon the date and place of service. If the person so served refuses to acknowledge service, or if service is made by leaving it at an office or mailing it, the person making such service shall indicate the method and date on the duplicate and triplicate copies of Form I–79, and shall sign his name upon such copies. The duplicate copy shall be retained by the district director and the triplicate copy shall be delivered directly to the collector of customs for the district in which the vessel or aircraft is located, and the collector shall withhold clearance until deposit is made or bond furnished as provided in the Immigration and Nationality Act. If the vessel or aircraft is located in a customs district which is outside the jurisdiction of the office of the Service having jurisdiction over the matter, the triplicate copy shall be forwarded to the office of the Service nearest such customs district for delivery to the collector of customs.

§ 280.12 *Answer and request or order for interview.* Within 30 days following the service of the Notice of Intention to Fine (which period the district director may extend for an additional period of 30 days upon good cause being shown), any person upon whom a notice under this part has been served may file with the district director a written defense, in duplicate, under oath setting forth the reasons why a fine should not be imposed, or if imposed, why it should be mitigated or remitted if permitted by the Immigration and Nationality Act, and stating whether a personal appearance is desired. Documentary evidence shall be submitted in support of such defense and a brief may be submitted in support of any argument made. If a personal interview is requested, the evidence in

opposition to the imposition of the fine and in support of the request for mitigation or remission may be presented at such interview. An interview shall be conducted if requested by the party as provided hereinabove or, if directed at any time by the Board, the Commissioner, or the district director.

§ 280.13 *Disposition of case*—(a) *Allegations admitted or no answer filed.* If a request for personal appearance is not filed and (1) the answer admits the allegations in the notice, or (2) no answer is filed, the district director shall enter such order in the case as he deems appropriate and no appeal from his decision may be taken.

(b) *Answer filed; personal appearance.* Upon receipt of an answer asserting a defense to the allegations in the notice without requesting a personal appearance, or if a personal appearance is requested or directed, the case shall be assigned to an immigration officer. The immigration officer shall prepare a report summarizing the evidence and containing his findings and recommendation. The record, including the report and recommendation of the immigration officer, shall be forwarded to the district director. The district director shall note on the report of the immigration officer whether he approves or disapproves the recommendation of the immigration officer. The person shall be informed in writing of the decision of the district director and, if his decision is that a fine shall be imposed or that the requested mitigation or remission shall not be granted, of the reasons for such decision. From the decision of the district director an appeal may be taken to the Board within 10 days of the receipt of notification of the decision, as provided in Part 6 of this chapter.

§ 280.14 *Record.* The record made under § 280.13 shall include the request for the interview or a reference to the order directing the interview; the medical certificate, if any; a copy of any record of hearing before a Board of Special Inquiry, Hearing Examiner, Hearing Officer, or Special Inquiry Officer which is relevant to the fine proceedings; the duplicate copy of the Notice of Intention to Fine; the evidence upon which such Notice was based; the duplicate of any notices to detain, deport, deliver, or remove aliens; notice to pay expenses; evidence as to whether any deposit was made or bond furnished in accordance with the Immigration and Nationality Act; reports of investigations conducted; documentary evidence and testimony adduced at the interview; the original of any affidavit or brief filed in opposition to the imposition of fine; the application for mitigation or remission; and any other relevant matter.

§ 280.15 *Notice of final decision to collector of customs.* At such time as the decision under this part is final, the regional administrative officer shall be furnished a copy of the decision by the district director. The regional administrative officer shall notify the collector of customs who was furnished a copy of the Notice of Intention to Fine of the final decision made in the case. Such

notification need not be made if the regional administrative officer has been previously furnished with a notice of collection of the amount of the penalty by the collector of customs.

§ 280.21 *Seizure of aircraft.* Seizure of an aircraft under the authority of section 239 of the Immigration and Nationality Act, and § 280.2 will not be made if such aircraft is damaged to an extent that its value is less than the amount of the fine which may be imposed. Immediately upon the seizure of an aircraft, or prior thereto, if circumstances permit, a full report of the facts in the case shall be submitted by the district director to the United States Attorney for the district in which the seizure was made. The report shall include the cost incurred in seizing and guarding the aircraft and an estimate of the further additional cost likely to be incurred.

§ 280.51 *Application for mitigation or remission*—(a) *When application may be made.* An application for mitigation or remission shall be filed (1) within 30 days after the service of the Notice of Intention to Fine and, if an answer is filed as provided in § 280.12, with such answer, for consideration in the event a fine is found to have been incurred, or (2) within 30 days after receipt of the final decision with respect to the fine.

(b) *Form and contents of application.* An application for mitigation or remission shall be filed in duplicate under oath and shall include information, supported by documentary evidence, as to the basis of the claim to mitigation or remission, and as to the action, if any, which may have been taken by the applicant, or as to the circumstances present in the case which, in the opinion of the applicant, justified the granting of his application.

(c) *Disposition of application.* The application, if filed with the answer, shall be disposed of as provided in § 280.13. In any other case, the application shall be considered and decided by the district director from whose decision an appeal may be taken to the Board within 10 days from receipt of notification of such decision, as provided in Part 6 of this chapter.

PART 282—PRINTING OF REENTRY PERMITS; FORMS FOR SALE TO PUBLIC

Sec.
282.1   Reentry permits; quality of paper.
282.2   Forms printed by the Public Printer.

AUTHORITY: §§ 282.1 and 282.2 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 223, 282, 66 Stat. 194, 231; 8 U. S. C. 1203, 1352.

§ 282.1 *Reentry permits; quality of paper.* Form I-132, Permit to Reenter the United States, shall be printed on distinctive safety paper. Such permits to enter the United States shall be prepared and issued in accordance with section 223 of the Immigration and Nationality Act and Part 223 of this chapter.

§ 282.2 *Forms printed by the Public Printer.* The Public Printer is authorized to print for sale to the public by

the Superintendent of Documents the following forms prescribed by Subchapter B of this chapter: I-20, I-21, I-94, I-95, I-129, I-129A, I-129B, I-131, I-131A, I-133, I-133A, I-418, and I-539.

PART 287—FIELD OFFICERS; POWERS AND DUTIES

Sec.
287.1   Definitions.
287.2   Criminal violations; investigation and action.
287.3   Disposition of cases of aliens arrested without warrant.
287.4   Subpena.
287.5   Power and authority to administer oaths.

AUTHORITY: §§ 287.1 to 287.5 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply secs. 235, 236, 242, 287, 66 Stat. 198, 200, 208, as amended, 233; 8 U. S. C. 1225, 1226, 1252, 1357.

§ 287.1 *Definitions*—(a) *Reasonable distance from external boundary.* The phrase "within a reasonable distance from any external boundary of the United States", as used in section 287 of the Immigration and Nationality Act, means within a distance of not exceeding 100 air miles from any external boundary of the United States or any shorter distance which may be fixed by the district director, or, so far as the power to board and search aircraft is concerned, any distance fixed pursuant to paragraph (b) of this section.

(b) *Reasonable distance; fixing by district directors.* In fixing distances not exceeding 100 air miles pursuant to paragraph (a) of this section, district directors shall take into consideration topography, confluence of arteries of transportation leading from external boundaries, density of population, possible inconvenience to the traveling public, types of conveyances used, and reliable information as to movements of persons effecting illegal entry into the United States: *Provided,* That whenever in the opinion of a district director a distance in his district of more than 100 air miles from any external boundary of the United States would because of unusual circumstances be reasonable, such district director shall forward a complete report with respect to the matter to the Commissioner, who may, if he determines that such action is justified, declare such distance to be reasonable.

(c) *Certain powers of immigration officers.* Any immigration officer is hereby authorized to exercise anywhere in the United States all the powers conferred by section 287 of the Immigration and Nationality Act, including:

(1) The power to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;

(2) The power to execute warrants and other processes, to arrest without warrant, to board and search vessels and other conveyances without warrant, and to enter private lands within a distance of twenty-five miles of any external boundary of the United States without warrant to prevent the illegal entry of aliens into the United States;

(3) The power to administer oaths and to take and consider evidence con-

AR2022_200140

cerning the privilege of any person to enter, reenter, pass through, or reside in the United States, or concerning any matter which is material or relevant to the enforcement of the Immigration and Nationality Act and the administration of the Service; and

(4) The power to conduct a search, without warrant, of the person, and of the personal effects in the possession of any person seeking admission to the United States.

(d) *Disposition of felony cases.* The cases of persons arrested for felonies under paragraph (4) of section 287 (a) of the Immigration and Nationality Act shall be handled administratively in accordance with the applicable provisions of § 287.2, but in no case shall there be prejudiced the right of the person arrested to be taken without unnecessary delay before another near-by officer empowered to commit persons charged with offenses against the laws of the United States.

(e) *Power to arrest persons who bring in, transport, or harbor certain aliens, or induce them to enter.* Any immigration officer shall have authority to make arrests for violations of any provision of section 274 of the Immigration and Nationality Act.

(f) *Patrolling the border.* The phrase "patrolling the border to prevent the illegal entry of aliens into the United States" as used in section 287 of the Immigration and Nationality Act means conducting such activities as are customary, or reasonable and necessary, to prevent the illegal entry of aliens into the United States.

§ 287.2  *Criminal violations; investigation and action.* Whenever a district director has reason to believe that there has been a violation punishable under any criminal provision of the laws administered or enforced by the Service, he shall cause an investigation to be made immediately of all the pertinent facts and circumstances and shall take or cause to be taken such further action as the results of such investigation warrant.

§ 287.3  *Disposition of cases of aliens arrested without a warrant.* An alien arrested without a warrant of arrest under the authority contained in section 287 (a) (2) of the Immigration and Nationality Act shall be examined as therein provided by an officer other than the arresting officer, unless no other qualified officer is readily available and the taking of the alien before another officer would entail unnecessary delay, in which event the arresting officer, if the conduct of such examination is a part of the duties assigned to him, may examine the alien. If such examining officer is satisfied that there is prima facie evidence establishing that the arrested alien was entering or attempting to enter the United States in violation of the immigration laws, he shall refer the case to a special inquiry officer for further inquiry in accordance with Parts 235 and 236 of this chapter or take whatever other action may be appropriate or required under the laws or other regulations applicable to the particular case. If the examining officer is satisfied that there is prima facie evidence establishing that the arrested alien

is in the United States in violation of the immigration laws, further action in the case shall be taken as provided in Part 242 of this chapter.

§ 287.4  *Subpena*—(a) *Who may issue.* Except as provided in § 335.11 of this chapter, subpenas requiring the attendance of witnesses or the production of documentary evidence, or both, may be issued upon his own volition by a district director or special inquiry officer in any proceeding pending before him, or upon application of an officer of the Service, or upon written application of the alien or other party affected. If an alien or other party affected by a proceeding before the Service requests that a witness be subpenaed to testify or to produce books, papers or documents in such proceeding before the Service, he shall be required as a condition precedent to the issuance of the subpena to state in writing what he expects to prove by such witness or the books, papers, or documents and to show affirmatively that the proposed evidence is relevant and material and that he has made diligent efforts without success to produce the same. Upon determining that a witness whose evidence is desired either by the Service officer or the alien or other party affected will not appear and testify or produce documentary evidence unless commanded to do so and that the testimony and evidence of such witness is essential, the district director or a special inquiry officer in any proceeding pending before him, shall issue a subpena. If the witness is at a distance of more than 100 miles from the place of hearing, the subpena shall provide for the witness' appearance at the field office nearest to him to respond to oral or written interrogatories, unless the Service indicates that there is no objection to bringing the witness the distance required to enable him to testify in person at the hearing.

(b) *Form.* Every subpena issued under the provisions of this section shall state the title of the proceeding and shall command the person to whom it is directed to attend and give testimony at a time and place therein specified. A subpena may also command the person to whom it is directed to produce the books, papers or documents designated therein. A subpena may also direct the making of a deposition before an officer of the Service. Subpenas shall be issued on Form I-138.

(c) *Service.* A subpena issued under this section may be served by any person over 18 years of age not a party to the case designated to make such service by the district director having administrative jurisdiction over the office in which the subpena is issued. Service of the subpena shall be made by delivering a copy thereof to the person named therein and by tendering to him the fee for one day's attendance and the mileage allowed by law by the United States District Court for the district in which the testimony is to be taken. When the subpena is issued on behalf of the Service, fee and mileage need not be tendered at the time of service. A record of such service shall be made and attached to the original copy of the subpena.

(d) *Invoking aid of court.* If a witness neglects or refuses to appear and testify as directed by the subpena served upon him in accordance with the provisions of this section, the district director issuing the subpena shall request the United States Attorney for the proper district to report such neglect or refusal to the appropriate United States District Court and to request such court to issue an order requiring the witness to appear and testify and to produce the books, papers or documents designated in the subpena. If the subpena was issued by a special inquiry officer, he shall request the district director having administrative jurisdiction over him to take the action referred to in the previous sentence in the event the witness neglects or refuses to appear and testify as directed by the subpena served upon him.

§ 287.5  *Power and authority to administer oaths.* Any immigration officer, or any other employee individually designated by a district director, shall have the power and authority to administer oaths.

---

**PART 292—ENROLLMENT AND DISBARMENT OF ATTORNEYS AND REPRESENTATIVES**

Sec.
292.1   Admission to practice required.
292.2   Qualifications for admission to practice.
292.3   Applications for admission to practice; decision.
292.4   Roster of attorneys.
292.5   Appearances; availability of records.
292.6   Suspension and disbarment.
292.7   Admission to practice prior to December 24, 1952.
292.11  Service upon and action by attorney, representative, or other person.
292.12  Service of decision and other papers.
292.61  Procedure for suspension or disbarment; effect.

AUTHORITY: §§ 292.1 to 292.61 issued under sec. 103, 66 Stat. 173; 8 U. S. C. 1103. Interpret or apply sec. 292, 66 Stat. 235; 8 U. S. C. 1362.

§ 292.1  *Admission to practice required.* (a) No person shall be permitted to practice before the Service or the Board until he has been admitted to practice by the Board in accordance with § 292.3.

(b) Notwithstanding paragraph (a) of this section:

(1) A regional commissioner, district director, officer in charge of a suboffice, the Commissioner, any other officer of the Central Office authorized by the Commissioner to do so, or the Board may permit an attorney or representative to file an appearance in behalf of a party in any case prior to the approval of his application for admission if such attorney or representative files the application concurrently with filing his appearance in the case. If the application is subsequently denied, such attorney or representative shall not thereafter be permitted to practice, in that or any other case, unless and until his admission to practice has been authorized by the Board and subject to such conditions as the Board shall direct.

(2) In any case in which, under the Immigration and Nationality Act, a party is entitled to be represented by counsel, he may be represented by any reputable individual of good moral char-

AR2022_200141