IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, ET AL.;<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.;<br><br>*Defendants,*<br><br>and<br><br>KARLA PEREZ, ET AL.;<br><br>STATE OF NEW JERSEY,<br><br>*Defendant-Intervenors.* | Case No. 1:18-cv-00068 |

**UNOPPOSED MOTION FOR LEAVE FOR PLAINTIFFS TO FILE A SUPPLEMENTAL COMPLAINT**

Plaintiffs move for leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d). Counsel for all Defendants and all Defendant-Intervenors do not oppose this motion.

Plaintiffs seek leave to file a Supplemental Complaint to challenge the validity of the rule adopted pursuant to notice-and-comment rulemaking that the Department of Homeland Security ("DHS") promulgated on August 30, 2022 (the "Final Rule"). *See* Deferred Action for Childhood Arrivals, 87 Fed. Reg. 53,152 (Aug. 30, 2022) (to be codified at 8 C.F.R. pts 106, 236, and 274a). A copy of the proposed Supplemental Complaint is attached to this Motion as an exhibit.

On October 5, 2022, the Fifth Circuit determined that the 2012 DACA Memorandum violated the procedural and substantive requirements of the Administrative Procedure Act ("APA"). *Texas v.*

*United States (DACA)*, 50 F.4th 498, 508 (5th Cir. 2022). Good cause exists for this Court to grant leave because the Fifth Circuit "remand[ed] to the district court for further proceedings that the parties may pursue regarding the Final Rule." *DACA*, 50 F.4th at 512. The recently promulgated Final Rule is a subsequent agency action that effectively continues the policy held unlawful by this Court and the Fifth Circuit.

Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The only exception is when "the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Id.* But unlike an amended pleading, a court may allow a party to serve a supplemental pleading when it relates to "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Even if a party files a motion to amend, courts will construe that motion as a motion to supplement when it concerns events that occurred after the lawsuit was filed. *See Jones v. Lumpkin*, No. CV 4:21-3638, 2022 WL 2954335, at *4 (S.D. Tex. July 22, 2022) (citing *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012)).

A supplemental pleading is permitted "[o]n motion and reasonable notice" and "on just terms." Fed. R. Civ. P. 15(d). Rule 15(a), which governs amended pleadings, provides that leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2). While the text of Rule 15(d) contains no such language, s*ee* Fed. R. Civ. P. 15(d); *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998), the standard under this rule is similar. *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1504 (1971)). There are five factors that aid in the exercise of this discretion: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

In this case, Plaintiffs seek leave to file the Supplemental Complaint because the Final Rule constitutes a subsequent "transaction, occurrence, or event that happened after the date" of Plaintiffs' First Amended Complaint. *See* Fed. R. Civ. P. 15(d). A supplemental complaint, unlike an amended one, does not supersede the earlier operative pleading. As Plaintiffs have already obtained a summary judgment in their favor, affirmed by the Fifth Circuit, the proposed Supplemental Complaints will avoid any undermining of this Court's judgment and the Fifth Circuit's affirmance.

Then, after the Fifth Circuit heard oral argument but before it issued its opinions, DHS engaged in a subsequent agency action, promulgated the Final Rule, and asked the Fifth Circuit to review the substance of the Final Rule on appeal because none of the changes in the Final Rule were material. *See DACA*, 50 F.4th at 511–12. The Fifth Circuit refused, however, on the grounds that it did not have an adequate administrative record and could not determine whether "material differences" existed between the Final Rule and DACA. *See id.* at 512. As a result, the Fifth Circuit remanded to this Court for further proceedings regarding the Final Rule. *Id.*

Allowing Plaintiffs to file the Supplemental Complaint will not implicate any of the discretionary concerns that counsel against granting such leave. The Supplemental Complaint will not cause undue delay and is not futile because it addresses nearly identical legal and factual issues as the DACA Memorandum. It also does not implicate a bad faith or dilatory motive, a repeated failure to cure deficiencies by previous amendments, or undue prejudice on the part of Plaintiffs because it is in direct response to the remand issued by the Fifth Circuit and all parties to this action consent to it. Accordingly, none of the five discretionary factors counsel against granting leave in this case.

## CONCLUSION

Plaintiffs respectfully request this court to grant leave to file a Supplemental Complaint, attached to this Motion as an exhibit.

Date: December 16, 2022

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

LYNN FITCH
Attorney General of Mississippi

DOUGLAS J. PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

WILLIAM T. THOMPSON
Acting Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531
Southern District of Texas Bar No. 3053077

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185

Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-2714
Fax: (512) 457-4410
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiffs*

### CERTIFICATE OF CONFERENCE

I certify that on December 15, 2022, I conferred with counsel for all Defendants and all Defendant-Intervenors, who represented that they do not oppose this motion.

*/s/ Ryan D. Walters*
RYAN D. WALTERS

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF) on December 16, 2022.

*/s/ Ryan D. Walters*
RYAN D. WALTERS