**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, et al., | |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, et al., | Civil Action No. 1:18-cv-00068 |
| Defendants, | |
| and | |
| KARLA PEREZ, et al.; | |
| STATE OF NEW JERSEY, | |
| Defendants-Intervenors. | |

**UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying memorandum of law as *amicus curiae* in support of Plaintiffs' motion for summary judgment. IRLI's counsel has conferred with counsel for the parties; Plaintiffs, Defendants and Defendant-Intervenors do not oppose the filing of the attached *amicus* memorandum of law. Therefore, this motion is unopposed.

IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts

in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

"'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to file amicus briefs to support their motion here. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION

AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

With that background, movant IRLI explains the relevance and value of its brief to this Court's consideration of the important issues presented here.

IRLI respectfully submits that its proffered memorandum of law will bring the following relevant matters to the Court's attention:

- Demonstrating that by its own terms, the Final Rule merely codified and did not materially alter the DACA program such that the law-of-the-case doctrine should apply. *See attached Memorandum of Law* at 2-7.

- Suggesting that the Court should rule on the Take Care claim in light of the Supreme Court's interest in that claim in a similar case and relatively recent guidance for adjudicating this claim provided by the Fifth Circuit. *Amicus* further suggests a standard for evaluating such a claim: an agency administering a statute is required to effectuate the statutory scheme as much as possible, within the limits of resource constraints.  *See id.* 7-12.

These issues are all relevant to this Court's decision on the Plaintiffs' motion for summary judgment, and movant IRLI respectfully submits that its memorandum may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying memorandum of law as *amicus curiae*.

Respectfully submitted on February 20, 2023,

/s/ Matt Crapo
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(571) 435-3582
mcrapo@irli.org
litigation@irli.org

*Counsel for Movant*
*Immigration Reform Law Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2023, a true and accurate copy of the

foregoing document was filed electronically (via CM/ECF) and served on all counsel of

record.

*/s/ Matt Crapo*

MATT A. CRAPO
