UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br>    Defendants, <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> and <br><br> NEW JERSEY, <br><br>    Defendant-Intervenors. | Case No. 1:18-cv-00068 |

**DECLARATION OF JAMES J. WALKER IN
SUPPORT OF FEDERAL DEFENDANTS'
RULE 56(d) REQUEST FOR DISCOVERY**

I, James J. Walker, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am employed as a Senior Litigation Counsel for the Department of Justice, Civil Division, Office of Immigration Litigation, and have been assigned as counsel for Federal Defendants in *Texas v. United States*, 1:18-cv-00068 (S.D. Tex.) (Hanen, J.) (*Texas II*).

2. I am submitting this Declaration pursuant to Fed. R. Civ. P. 56(d) of the Federal Rules of Civil Procedure.

3. Five years into this litigation, and following briefing on a preliminary injunction motion (ECF No. 5) and three different summary judgment motions (ECF Nos. 357, 486, 625),

1

Plaintiffs now raise a new ground for standing, arguing that the State of Texas is injured by DACA because the State "subsidizes" the cost of issuing driver's licenses to undocumented noncitizens, and that implementation of the Final Rule will require the State to expend "millions of dollars" on "[a]dditional [e]mployees, [l]eases, [f]acilities and [t]echnology," to accommodate tens or hundreds of thousands of new driver's license applicants. *Id*. at 42; ECF No. 674-1.

4. Federal Defendants maintain that Plaintiffs' newly asserted grounds for standing are forfeited. *See* ECF No. 673, Pls' Reply, at 40-42 (citing ECF No. 674-1, Gipson Declaration). If the Court finds them not forfeited, however, it should deny the motion for summary judgment because Plaintiffs' new argument creates a genuine dispute of material facts related to whether Plaintiffs have standing to bring this case, and Federal Defendants "cannot present facts essential to justify [their] opposition," absent a period of discovery. Fed. R. Civ. P. 56(d). Furthermore, because of the last-minute inclusion of these claims and the filing of a new declaration from the Chief of the Texas Department of Public Safety ("DPS") Driver License Division, purporting to support these arguments, Federal Defendants would need an opportunity to conduct discovery to properly rebut them.

5. As Federal Defendants note in their reply in support, Plaintiffs' argument that Texas "subsidizes" the cost of issuing driver's licenses to noncitizens appears to be incorrect on its face, given that the State of Texas charges each driver's license applicant $33 and Plaintiffs only identify a cost of $0.30 to the State of Texas to verify the immigration status of a noncitizen applicant. *See* Fed. Defs' Reply at 8-10. Plaintiffs' contention that the Final Rule will cause the State of Texas to incur "millions of dollars in harm" due to tens or hundreds of thousands of DACA recipients applying for driver's licenses (Pls' Reply 42) also appears

to be inaccurate, given that DHS projects a much lower estimate of new DACA recipients in the Final Rule. Fed. Defs' Reply at 8-9 (citing 87 Fed. Reg. at 53,274).

6. However, if the Court credits these arguments, further discovery would be vital to Federal Defendant's ability to make a meaningful response in opposition. Federal Defendants would need discovery into at least the following: the cost (both average and marginal) of issuing driver's licenses; the various sources of those costs; whether there is excess capacity in terms of facilities, employees, and technologies such that a minimal increase in applications would not lead to the costs that Plaintiffs' declaration asserts; the frequency of renewals by DACA recipients; and the administrative burden of initial applications and renewals.

7. Federal Defendants believe that discovery would show that the $0.30 expended on an immigration status check is not a subsidy from the State, because the driver's license applicant pays for that status check with his or her $33 driver's license application fee; and that the minimal increase in the number of driver's license applications (roughly one per driver's license office every three weeks) would not impose any additional costs on Texas that would not be fully covered by the driver's license fee. *See* Fed. Defs' Reply at 8-10.

8. Plaintiffs are in possession of the data Federal Defendants would need to properly rebut Plaintiffs' new claims of injury, and if the Court finds Plaintiffs' new argument not forfeited, the Court should permit Federal Defendants to conduct discovery on the issue.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed under the laws of the United States on this 27th day of April, 2023, in Washington, D.C.

                                              */s/ James J. Walker*
                                              JAMES J. WALKER
                                              Senior Litigation Counsel
                                              U.S. Department of Justice
                                              Civil Division
                                              Office of Immigration Litigation
                                              District Court Section
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Phone: (202) 532-4468
                                              Fax: (202) 305-7000
                                              Email: james.walker3@usdoj.gov

                                              *Attorney for Federal Defendants*