IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | §  Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants, | § |
| and | § |
| KARLA PEREZ, *et al.*, | § |
| Defendant-Intervenors. | § |

### RULE 56(D) DECLARATION OF NINA PERALES

I, Nina Perales, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Vice President of Litigation of the Mexican American Legal Defense and Educational Fund. I submit this declaration pursuant to Federal Rule of Civil Procedure 56(d) and in support of Defendant-Intervenors' Motion for Summary Judgment, filed by Defendant-Intervenors Elizabeth Diaz et al. ("Defendant-Intervenors") in the above-referenced case. I am thoroughly familiar with the facts and arguments in this proceeding. I have personal knowledge of the statements contained in this declaration and am fully competent to testify to the matters set forth herein.

2. Over the last five years, Defendant-Intervenors have diligently and in good faith engaged in extensive discovery, multiple rounds of summary judgment briefing, and an appeal to the Fifth Circuit. Throughout that process, Plaintiffs have been afforded ample opportunity to develop the evidentiary record in support of their theories as to jurisdictional issues and the merits

of their claims. Defendant-Intervenors have responded in turn, engaging in discovery necessary to fully respond to Plaintiffs' factual allegations during the discovery period scheduled by this Court, which has long-since concluded.

3. As early as August 2018, however, Plaintiffs disclaimed any reliance on driver's license costs in developing their standing theory. Dkt. 302 at 71:21–72:19 ("[W]e don't need driver's license costs in this case to support our standing.").

4. Because Plaintiffs neither claimed injury from driver's licenses, nor identified any documents or testimony related to driver's licenses, Defendant-Intervenors were precluded from taking discovery on Plaintiffs' driver's license costs.

5. Now, based on an affidavit attached to their Response Brief, Plaintiffs purport to rely on the cost of issuing driver's licenses in support of their claim to standing. *See* Resp. Ex. 41. As Defendant-Intervenors argue in their Reply Brief in Support of their Motion for Summary Judgment, the affidavit is untimely and improper, and it cannot be part of the summary judgment record.

6. However, should the Court disagree with Defendant-Intervenors as to this new evidence in support of a previously disclaimed and undeveloped theory, in order to adequately address Plaintiffs' Motion for Summary Judgment, it would be necessary for Defendant-Intervenors to conduct additional discovery related to Plaintiffs' newly asserted theory of standing premised on driver's license costs. Such discovery is likely to result in the development of material fact issues that would preclude the grant of summary judgment.

7. Specifically, in the event the Court considers this affidavit as part of the summary judgment factual record (which it should not), Defendant-Intervenors will need additional written discovery and deposition testimony, as well as possible expert witness testimony, related to injuries

asserted by Plaintiffs for the first time in their Response Brief filed April 6, 2023, including, but not limited to, costs to the State of Texas related to issuing driver's licenses. Plaintiffs have never previously alleged this theory of standing and, therefore, discovery is necessary because Defendant-Intervenors have not had an opportunity to challenge the accuracy of these newly asserted costs and the reliability of Plaintiffs' computations.

8. Discovery is especially necessary here because Plaintiffs previously suggested to the Court that Texas's driver's licenses costs for DACA recipients may not support standing. *See* Dkt. 302 at 71:21–72:19. The reason, Plaintiffs explained, is that compared to DAPA, "with DACA, the DACA recipients largely already have driver's licenses, and they pay a $24 fee to renew their licenses." *Id.* The Declaration of Sheri Gipson, Dkt. 674-1, does not mention that $24 fee and appears to be based on assumptions related to individuals applying for an original driver's license or personal identification certificate, *see id.* ¶¶ 3,4, not DACA recipients who, according to Plaintiffs, "largely already have driver's licenses." Dkt. 302 at 71:21–72:19. Defendant-Intervenors need discovery to explore the apparent inconsistencies in Plaintiffs' statements and Texas's evidence, to understand how the costs in Texas's declaration change for renewals, and to analyze whether there are net costs to Texas when DACA recipients, most of whom have driver's licenses, pay a $24 renewal fee.

9. This discovery is necessary in order to allow Defendant-Intervenors an opportunity to fully respond to the factual claims raised in Plaintiffs' affidavit affixed to their Response Brief. I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 27 day of April, 2023.

/s/ Nina Perales
Nina Perales

3

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on the 27th day of April, 2023, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                */s/ Nina Perales*
                                                Nina Perales