IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.; <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES OF AMERICA, ET AL.; <br><br> *Defendants,* <br><br> and <br><br> KARLA PEREZ, ET AL.; <br><br> STATE OF NEW JERSEY, <br><br> *Defendants-Intervenors.* | Case No. 1:18-cv-00068 |

**PLAINTIFF STATES' PARTIALLY OPPOSED MOTION
TO FILE A SUR-REPLY TO DEFENDANTS' REPLY BRIEFS**

Plaintiff States respectfully request that the Court grant them permission to file a limited sur-reply[1] to two reply briefs of the Defendants United States of America, et al. ("Federal Defendants") and Defendant-Intervenors Elizabeth Diaz, et al. ("Private Intervenors"). *See* ECF No. 681, Federal Defendants' Reply in Support of Cross-Motion for Summary Judgment ("Fed. Reply"); ECF No. 680, Reply Brief of Defendant-Intervenors Elizabeth Diaz, *et al.* in Support of their Motion for Summary Judgment ("Pvt. Intvn'rs' Reply").

The proposed sur-reply (attached as Exhibit 1) is limited to responding to what Defendants should have filed as separate motions under Fed. R. Civ. P. 56(d) but instead lodged in their reply

---

[1] Federal Defendants and Private Intervenors oppose this motion, while Defendant-Intervenor State of New Jersey takes no position.

briefs in support of their separate cross-motions for summary judgment[2]—contrary to this Court's procedures. *See* Civil Procedures of Hanen, J. at 3.E. ("Counsel shall not combine two different and unrelated pleadings (motions, responses, replies, or exhibits) into the same electronically filed document."). Plaintiff States had expected the filing of Rule 56(d) motions in the weeks following, which would have allowed Plaintiff States to respond as a matter of course.[3] Approaching the recently scheduled oral argument in this case with no such 56(d) motions forthcoming, Plaintiff States are compelled to ask this Court for leave to file a response by way of a sur-reply.

The proposed sur-reply is limited to responding to the Rule 56(d) arguments that both sets of Defendants make in their reply briefs in support of their cross-motions for summary judgment, *see* Fed. Reply at 5–10; Pvt. Intvn'rs' Reply at 9–10, and the attached declarations. ECF Nos. 681-1, 682. These arguments and evidentiary submissions seek to preclude the consideration of the declaration relating to driver's license costs attached to Plaintiff States' response in opposition to the cross-motions for summary judgment.[4] ECF No. 673 at 40–44; ECF No. 674-1 (Exhibit 41). As this Court

---

[2] The Fifth Circuit has sometimes assumed, without deciding, that Rule 56(d) arguments embedded within other briefing can constitute a motion for a continuance, but only to reject the arguments on the merits. *See MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 367 (5th Cir. 2022). This Court has done the same. *See United States v. Ledesma*, 33 F. Supp. 3d 734, 740–41 (S.D. Tex. 2012) (Hanen, J.) ("to the extent that this third request for more time contained in Ledesma's response is a motion [under Rule 56(d)], the Court denies it.")

[3] This was a reasonable expectation, as Private Intervenors had previously filed such a separate motion during earlier proceedings in this case, showing Defendants know how it is properly done. *See* ECF No. 287, Defendant-Intervenors' Opposed Rule 56(d) Motion to Deny or Defer Consideration of Summary Judgment.

[4] Both sets of Defendants assert that Plaintiff States included that argument and evidence in the form of a declaration in their "reply brief," but that is false—Plaintiff States filed a response in opposition to Defendants' cross-motions for summary judgment combined with a reply in support of their own motion for summary judgment. *See* ECF No. 673 at 43 ("Texas's evidence for its driver's license costs is submitted to counter the arguments against standing in the cross-motions for summary judgment…"); *id.* (noting that the Court may also consider the declaration for purposes of Plaintiff States' own motion because "an affidavit submitted [regarding] another motion may be taken into account on a motion for summary judgment.") (quoting Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2722 (4th ed.), among other authorities).

has explained, where a "reply raise[s] evidentiary objections to [a party's] response … to which [the party] is entitled to respond," a sur-reply is proper. *Bushidopro, C.A. v. Nippon Pillar Corp. of Am., Inc.*, No. 4:19-cv-4249, 2021 WL 3660766, *2 (S.D. Tex. Mar. 23, 2021) (Hanen, J.). That is the situation here.

## CONCLUSION

Plaintiff States ask the Court to place the proposed sur-reply, Exhibit 1, on the docket of this case for the Court's consideration.

<table>
<tr><td>

Date: May 27, 2023

STEVE MARSHALL
Attorney General of Alabama

TIM GRIFFIN
Attorney General of Arkansas

KRIS KOBACH
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

LYNN FITCH
Attorney General of Mississippi

MICHAEL T. HILGERS
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

PATRICK MORRISEY
Attorney General of West Virginia

</td><td>

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas Bar No. 33695

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Deputy Chief, Special Litigation Division
*Attorney-in-Charge*
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185

ETHAN SZUMANSKI
Assistant Attorney General
Texas Bar No. 24123966
Southern District of Texas Bar No. 3836010

Special Litigation Division
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-2714
Fax: (512) 457-4410
leif.olson@oag.texas.gov
ryan.walters@oag.texas.gov
ethan.szumanski@oag.texas.gov

*Counsel for Plaintiff States*

</td></tr>
</table>

## CERTIFICATE OF CONFERENCE

I certify that on May 25, 2023, counsel for Plaintiff States conferred with counsel for the other parties in this case via email.

James Walker, counsel for Defendants United States of America, et al., and Nina Perales, counsel for Defendant-Intervenors Karla Perez, et al., indicated that they oppose this motion. Mayur Saxena, counsel for Defendant-Intervenor State of New Jersey, takes no position on this motion.

*/s/ Ryan D. Walters*
RYAN D. WALTERS

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF) on May 27, 2023.

*/s/ Ryan D. Walters*
RYAN D. WALTERS