# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants, | |
| *and* | |
| KARLA PEREZ, *et al.*, | |
| and | |
| NEW JERSEY, | |
| Defendant-Intervenors. | |

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SUR-REPLY [ECF No. 690]**

The Court should deny Plaintiffs' motion to file a sur-reply. ECF No. 690. Sur-replies are "heavily disfavored" in the Fifth Circuit. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235–36 (5th Cir. 2020). Although a court may abuse its discretion if it "denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision," *id.* (citation omitted), no grounds exist here to grant one.

Here, Plaintiffs raised a new argument asserting injuries from the costs of issuing driver's licenses in their response brief, *see* Pls' Mot. at 2 n.4. Plaintiffs are not entitled to a sur-reply to offer additional support for their last-minute, impermissible theory—particularly where Plaintiffs have relied on this alleged injury in numerous other litigations for years, including *Texas I*. *See Texas v. United States*, 86 F. Supp. 3d 591, 616 (S.D. Tex. 2015). Plaintiffs agreed to a negotiated briefing schedule here that did not include a surreply, and Plaintiffs' implication that they were somehow caught by surprise by Defendants' challenges to their existing grounds for standing and had to file a new declaration alleging a new theory of harm at this late stage of the litigation is incredible. It certainly does not justify altering the briefing schedule after briefing has been completed.

In fact, Plaintiffs make no effort to justify filing three motions for summary judgment across five years of active litigation without ever asserting standing based on harm from driver's license costs until a response brief filed in connection with their third motion. Further, in introducing a brand new theory of standing in their response brief, Plaintiffs anticipated that Defendants may object and seek discovery on the claim. Pls' Reply 44 n.15. Plaintiffs in effect already made an argument in opposition to Defendants' response. *Id*.

1

Finally, to be clear, Federal Defendants did not make a Rule 56(d) motion in their reply brief and do not make one now. Rather, Federal Defendants argue that discovery under Rule 56(d) is necessary *only if* the Court relies on Plaintiffs' new argument to find standing, and Federal Defendants support that argument with a declaration that would support discovery on Plaintiffs' last-minute assertion, pursuant to Rule 56(d), should it become necessary. ECF No. 681-1. Thus, Plaintiffs were on notice that there were no additional filings forthcoming and there is nothing for Plaintiffs to respond to with a sur-reply.[1]

In the unlikely event that the Court intends to rely on Plaintiffs' new theory to find that Plaintiffs have standing to challenge the Final Rule, no surreply is needed. Rather, it is plain from the arguments already before the Court that it would be necessary to permit Federal Defendants to test the veracity of Plaintiffs' dubious claim that each driver's license application costs the State of Texas money. *See* ECF No. 673 at 42. As Federal Defendants made clear, in light of Plaintiffs' new affidavit showing only one cost to one Plaintiff-State of $0.30 per non-citizen's driver's license application, ECF No. 674-1 ¶ 6, while also charging each applicant a fee of $33, Fed. Defs' Reply 8-9, Defendants would be entitled to discovery of all of the costs associated with Plaintiff-States' driver's license operations.

The Court should deny Plaintiffs' motion to file a sur-reply.

---

[1] Nor do the Court's rules or Federal Rules appear to require a separate Rule 56(d) motion, to which Plaintiffs now assert they anticipated a separate opportunity to respond – all in the week leading up to the hearing. Rather, the Court's rule prohibits only "combin[ing] two different and *unrelated* pleadings (motions, responses, replies, or exhibits) into the same electronically filed document." Civil Procedures of Hanen, J. at 3.E (emphasis added). Seeking discovery on a new theory of standing within a reply-in-support of a motion for summary judgment asserting that a plaintiff lacks standing would certainly constitute related pleadings. Were the Court to interpret Federal Defendants' response as a Rule 56(d) motion, it should find that it was properly filed. In that case, Plaintiffs would be entitled to respond.

2

Dated: May 31, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

Respectfully submitted,

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2023, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James J. Walker*
JAMES J. WALKER