IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Defendants, | § § | |
| and | § § | |
| KARLA PEREZ, *et al.*, | § § § | |
| Defendant-Intervenors. | § | |

**OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SUR-REPLY
OF DEFENDANT-INTERVENORS ELIZABETH DIAZ, ET AL.**

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

For five years, Texas—the only Plaintiff even to attempt to satisfy its burden to show Article III standing—repeatedly, consistently, and explicitly disavowed any reliance on purported injuries from driver's license costs. In August 2018, Texas represented to this Court that it "[did not] need driver's license costs in this case." Dkt. 302 at 71:21–72:19. In March 2019, Texas reiterated that it did "not intend to rely on [driver's license] declarations at this time." Dkt. 680-2, Ex. A at 2. In December 2020, Texas stood by silently when Defendant-Intervenors highlighted for the Court that Texas had "specifically disavowed" any reliance on driver's license costs. Ex. 1, Dec. 22, 2020 Hr'g Tr. at 21:5–20. In July 2022, Texas confirmed at the Fifth Circuit that it had been Plaintiffs' "litigation strategy" from the start not to rely on driver's license costs in this Court. Dkt. 680-2, Ex. B at 29:11–16. And, in January 2023, when Texas filed its third motion for summary judgment, Texas said nothing at all about its driver's license costs, despite purporting to pad the record with other new declarations about other alleged social services expenditures. *See* Dkt. 625-1 at 32–34; Dkt. 626-3 at Exs. 35 & 36.

Then, in its April 6, 2023 summary judgment *response*, after five years of consistently and explicitly disavowing any driver's license injuries, and with absolutely no notice or opportunity for Defendant-Intervenors to conduct additional discovery, Texas introduced a new declaration abruptly reversing course. *See* Dkt. 673 at 40–44; Dkt. 674-1. Based on that declaration, and with minimal explanation, Texas claimed for the very first time in this case that DACA imposes costs because Texas subsidizes DACA recipients' driver's licenses. *See* Dkt. 673 at 40–44.

Texas anticipated that its eleventh-hour reliance on previously waived evidence would draw Defendant-Intervenors' objections. For that reason, Texas spent nearly as much space in its summary judgment response attempting to preempt Defendants' likely arguments as it did explaining its new declaration. *See* Dkt. 673 at 41–44. Indeed, Texas used its response brief to

urge the Court to disregard Defendants-Intervenors' anticipated arguments that "driver's license costs were not specifically named in the supplemental complaint." Dkt. 673 at 43. And, despite the apparent inconsistencies between Texas's statements to this Court in 2018 and its arguments in 2023, *compare* Dkt. 302 at 72:1–6 ("with DACA, the DACA recipients largely already have their driver's licenses, and they pay a $24 fee to renew their licenses"), *with* Dkt. 674-1 (declaration containing no mention of renewal fee), Texas preemptively requested that the Court deny Defendant-Intervenors' likely Rule 56(d) request as unnecessary, *id.* at 44 n.15—ignoring that Rule 56 requests for further discovery "are broadly favored and should be liberally granted" to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871–72 (5th Cir. 2006).

As Texas predicted, Defendant-Intervenors objected to Texas's inappropriate attempt to introduce waived evidence. Based on Texas's consistent, half-decade-long strategy to disavow any reliance on purported driver's license costs, Defendant-Intervenors argued that Texas's purported driver's license evidence was not properly in the record and so this Court should disregard it. *See* Dkt. 680 at 9–10; Dkt. 682 ¶ 5. Defendant-Intervenors alternatively asked that, if the Court overlooks Texas's waiver, the Court reopen discovery under Federal Rule of Civil Procedure 56(d) to allow Defendant-Intervenors to test Texas's previously disclaimed evidence and to depose Texas's witness, Dkt. 680 at 9–10—an opportunity Texas assured Defendant-Intervenors they would have all along if Texas ever reversed course and decided to rely on supposed driver's license evidence. Ex. 2 at 11 (Texas "not planning on relying on any declarations . . . other than those from the witnesses on our witness list and the experts we have disclosed. If that changes, we will let you know and make any additional witnesses available to be deposed."); Dkt. 105 at 3 (Texas has "explained to Defendant-Intervenors that [Texas is] not relying on those specific [driver's

2

license] calculations . . . . Should that change, Plaintiff States will make any additional witnesses available to be deposed."). Defendant-Intervenors supported their conditional Rule 56(d) request with a separately filed declaration, *see* Dkt. 682, and they explained that discovery would likely "result in the development of material fact issues that would preclude the grant of summary judgment," including because of "apparent inconsistencies in Plaintiffs' statements and Texas's evidence" and certain potentially unsupported assumptions in the declaration. *Id.* ¶¶ 6–8. For example, Texas's declaration included no reference to the $24 fee Texas previously admitted that its drivers pay to renew their licenses, *see* Dkt. 302 at 72:1–6, and it made no attempt to explain how its purported $0.35 cost per renewal plausibly outweighs that renewal fee, *see* Dkt. 674 ¶¶ 6–7, all of which are facts that would at the very least warrant further discovery if this belated theory is to be entertained at all.

Despite having already preemptively addressed Defendant-Intervenors' arguments, Texas now demands the last word. It does so in a motion for leave to file a sur-reply, Dkt. 690, which it submitted on the Saturday of a holiday weekend, fully 30 days after Defendant-Intervenors filed their reply and mere days before oral argument on the cross-motions for summary judgment. To justify its month-long delay in seeking leave, Texas points to an invented separate motion requirement that appears nowhere in the Federal or local rules. And to justify its half-decade-long delay in introducing its supposed driver's license evidence, Texas points to *nothing,* instead merely repeating the arguments it already made in its summary judgment response. For those reasons, Texas cannot demonstrate the exceptional and extraordinary circumstances necessary to file a sur-reply, let alone explain why the Court should consider its belated driver's license declaration without reopening discovery. Defendant-Intervenors thus respectfully request that the Court deny Texas's motion for leave to file a sur-reply (as well as its attempt to invoke previously disavowed

theories as to which Defendant-Intervenors have been deprived of any discovery).

## SUMMARY OF ARGUMENT

"Surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n. 2 (5th Cir. 2014) (per curiam) (cleaned up). They "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter" by merely "repeat[ing] arguments from the memorandum in opposition." *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011); *see Civelli v. J.P. Morgan Chase Sec., LLC*, 2023 WL 2825702, at *1 (S.D. Tex. Feb. 2, 2023) (denying leave to file sur-reply because "even if the reply raised some consideration that was not in the response, it cannot be said to fall outside the scope of the legal arguments at issue in the response"). "Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Weems*, 2011 WL 2731263, at *1. Those "exceptional or extraordinary circumstances" justifying a sur-reply are necessarily extremely rare; they arise "perhaps only a few times in a lawyer's career." *Id.*

Texas fails to satisfy that demanding standard here. This Court and Defendant-Intervenors repeatedly pressed Texas about its strategic decision to forego any reliance on driver's license costs. Each time, Texas explicitly and unequivocally reiterated its choice not to invoke any supposed driver's license injuries and promised that, if it reversed course in the future, it would give Defendant-Intervenors the opportunity for discovery. Texas cannot claim to be surprised or caught off guard by Defendant-Intervenors' conditional Rule 56(d) request for additional discovery now, should this Court entertain this belated theory of costs at all. In fact, Texas itself anticipated and preemptively attempted to address Defendant-Intervenors' objection. Texas's inappropriate and unnecessary attempt to have the last word does not justify its extraordinary and exceptional request for a sur-reply. Texas's motion should be denied.

4

# ARGUMENT

**I. TEXAS REPEATEDLY AND EXPLICITLY WAIVED ANY RELIANCE ON DRIVER'S LICENSE EVIDENCE.**

Since the beginning of this case, Texas has consistently and unequivocally maintained, to the Court and to Defendants, that it would not rely on alleged driver's license costs to attempt to demonstrate standing. On May 2, 2018, the day after it filed its complaint, Texas included with its preliminary injunction motion in this Court the joint appendix filed with the Supreme Court of the United States in *United States v. Texas*, No. 15-674. *See* Dkt. 6 at Ex. 7. That joint appendix included a 2015 declaration purporting to calculate Texas's driver's license expenses. *See id.* at App. 0413–18. Based on that declaration, Defendant-Intervenors sought either to depose Texas's driver's license witness or to exclude his declaration from the evidence before this Court. *See* Dkt. 109 at 4–5. In response, Texas reassured Defendant-Intervenors and the Court that Texas would not rely on the driver's license declaration, and promised that, "[s]hould that change, Plaintiff States will make any additional witnesses available to be deposed." Dkt. 105 at 3. Texas even threatened to "move to quash" Defendant-Intervenors' subpoena if they attempted to depose Texas's 2015 driver's license witness, because Texas did not intend to rely on driver's license evidence. Ex. 2 at 1. Despite Texas's reassurances, the Court nonetheless granted Defendant-Intervenors' motion to exclude Texas's driver's license evidence. *See* Dkt. 318.

Texas again explicitly disavowed driver's license evidence during the preliminary injunction hearing. The Court asked Texas directly "why [it] didn't allege [ ] driver's license costs." Dkt. 302 at 71:21–72:22. Texas responded that, "based on the facts as they exist today . . . we don't need driver's license costs in this case to support our standing." *Id.* at 72:14–19. Texas also implied its decision may have been based on its view that driver's license costs would not demonstrate standing with respect DACA: "In *DAPA*, we were looking at an influx, in Texas alone,

5

of a million potential new driver's license recipients. We understand that with DACA, the DACA recipients largely already have driver's licenses, and they pay a $24 fee to renew their license." *Id.* at 72:1–6.

After the Court denied Plaintiffs' motion for a preliminary injunction because of Plaintiffs' "delay in confronting DACA," Dkt. 319 at 115, Texas again disavowed any reliance on driver's license evidence in its responses to Defendant-Intervenors' merits-phase discovery. For example, Defendant-Intervenors' had asked Plaintiffs to identify, among other things, "all costs that Plaintiffs, by state and year, have incurred since June 2012 or expect to incur in the future with respect to providing goods, support, and/or services to DACA recipients living in Plaintiff states." Dkt. 383-3, Ex. 2 at 6. The Court eventually compelled Plaintiffs to respond to that interrogatory and to other discovery on standing. *See* Dkt. 412 at 1. Yet, in their responses, Plaintiffs said nothing about Texas's driver's license evidence, and they produced no documents or declarations supporting any driver's license–related harm to Texas. *See* Ex. 6. Texas had also twice reaffirmed during discovery that it did not intend to rely on the previously stricken driver's license declarations or to introduce additional driver's license–related evidence. *See* Dkt. 680-2, Ex. A at 2 ("Plaintiff States do not intend to rely on those [2015 driver's license] declarations at this time."); Dkt. 383-17, Ex. 16 at 7, 8, 10 ("The injuries that Plaintiff States rely on to support their claims at this time are detailed in their brief in support of their motion for summary judgment" filed at Dkt. 357, which did not include any evidence about driver's license costs). And when, following merits-phase discovery, Texas filed its second motion for summary judgment in October 2020, Texas again included no evidence or argument about driver's license costs. *See* Dkt. 486.

If there were any doubt that Texas had waived its reliance on driver's license injuries, Texas still had multiple opportunities in front of this Court and the Fifth Circuit to correct the

6

record. In December 2020, during argument on the parties' summary judgment motions, Defendant-Intervenors highlighted for the Court that Texas had "specifically disavowed that they are making [any] argument relying on [driver's license] evidence in this case." Ex. 1, Dec. 22, 2020 Hr'g at 21:5–20. Texas did not dispute Defendant-Intervenors' characterization. In July 2022, in oral argument before the Fifth Circuit, Judge Engelhardt asked why Texas did not "make the same argument [about driver's licenses] that was embraced in the *DAPA* precedent." Dkt. 680-2, Ex. B at 29:11–13. Texas responded that its choice not to rely on driver's license evidence was a "litigation strategy," and Texas clarified that it was not raising driver's license evidence to the Fifth Circuit, either. *Id.* at 29:14–19. And when Texas filed its supplemental complaint and moved for summary judgment for a third time in this Court on remand, Texas again included no references to or evidence about driver's license costs. Dkts. 623, 625, 626. Texas's choice not to introduce driver's license evidence to support its third summary judgment motion was particularly conspicuous because Texas *did* introduce other new declarations and standing-related evidence. *See* Dkt. 625-1 at 32–34; Dkt. 626-3 at Exs. 35 & 36. Yet, as it had done consistently throughout this litigation, Texas again chose not to rely on any supposed driver's license costs to attempt to meet its Article III burden.

## II. DEFENDANT-INTERVENORS APPROPRIATELY AND CONDITIONALLY MOVED FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D).

In light of the unambiguous history of Texas's repeated disavowals of this theory of standing, Defendant-Intervenors strongly object to Texas's attempt to introduce long-waived driver's license evidence for the first time in its summary judgment response. Defendant-Intervenors primarily argued, and maintain, that Texas's belated driver's license arguments and the affidavit submitted in support were untimely and inappropriate, and that the Court should not consider them part of the summary judgment record. *See* Dkt. 680 at 9 (collecting authority). This

Court should not countenance Texas's eleventh hour reversal, and should disregard any purported evidence of driver's license costs that Texas now seeks to invoke.

As a conditional, fallback request, Defendant-Intervenors asked that, if the Court does opt to consider Texas's waived driver's license evidence, it also provide Defendant-Intervenors the necessary opportunity to take additional discovery under Federal Rule of Civil Procedure 56(d). *See id.* at 10. Defendant-Intervenors supported their request in prior briefing with a separately filed affidavit, *see* Dkt. 682, which explained that Defendant-Intervenors had diligently pursued discovery, but that further discovery, including additional written requests, depositions, and possible expert testimony, would address apparent inconsistencies and unsupported assumptions in Texas's purported driver's license evidence, likely resulting in the development of material fact issues precluding the Court from granting summary judgment for Texas. *Id.* ¶¶ 2, 6–8.

Defendant-Intervenors were not required to do more. As Texas's own cited case makes clear, a Rule 56(d) request need only "put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought." *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *see also Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 982–83 (5th Cir. 2012) (granting Rule 56(d) continuance based only on affidavit with no separate motion); Fed. R. Civ. P. 56(d) (nonmovant must show "by affidavit or declaration that . . . it cannot present facts essential to justify its opposition"; no requirement that "nonmovant" file separate motion). Nor do this Court's procedures require a separate Rule 56(d) motion. *Contra* Dkt. 690 at 2 (citing Civil Procedures of Hanen, J. at 3.E, which merely prohibits the filing of unrelated pleadings in the same electronic document). And although the nonmoving party invoking Rule 56(d) may not rely on "vague assertions that additional discovery will produce needed, but unspecified facts," Rule 56(d) motions are "broadly favored and should be liberally granted" to

8

"safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Winfrey*, 481 F. App'x at 982–83 (cleaned up).

**III. TEXAS HAS FAILED TO DEMONSTRATE ANY EXCEPTIONAL OR EXTRAORDINARY CIRCUMSTANCES THAT JUSTIFY A SUR-REPLY.**

Rather than oppose Defendant-Intervenors' conditional Rule 56(d) request in the ordinary course, Texas waited a month, until the Saturday of the holiday weekend immediately before the summary judgment hearing, to seek leave to file a sur-reply. *See* Dkt. 690. Texas blames its 30-day delay on Defendants and Defendant-Intervenors: "Plaintiff States had expected the filing of Rule 56(d) motions in the weeks following [the summary judgment replies]" and "with no such 56(d) motions forthcoming," Texas was "compelled to ask this Court for leave to file a response by way of a sur-reply." *Id.* at 2. But Texas never bothered to ask Defendant-Intervenors whether they intended to file a separate Rule 56(d) motion, nor was such a motion required in any event. *See Wichita Falls*, 978 F.2d at 918; *Winfrey.*, 481 F. App'x at 982–83. And, Defendant-Intervenors *did* file a separate Rule 56(d) declaration. Dkt. 682. Thus, Texas cannot explain away its month-long delay in seeking leave to respond to Defendant-Intervenors' conditional Rule 56(d) request. That delay alone justifies denying Texas's motion. *See Wojcik v. Mem. Hermann Health Sys.*, 2019 WL 4887265, at *1 (S.D. Tex. Oct. 3, 2019) (delay in bringing forward new evidence attached to proposed sur-reply justified denial of leave to file).

Nor does Texas's proposed sur-reply itself even remotely demonstrate the kind of "exceptional and extraordinary," a "few times in a lawyer's career" circumstances that would justify Texas's "strategic effort to have the last word." *Weems*, 2011 WL 2731263, at *1. Instead, Texas merely seeks to repeat arguments that it already made: that driver's license costs somehow remained a live issue, *compare* Dkt. 690-1, at 6–8, *with* Dkt. 673 at 43; that Defendant-Intervenors should have somehow negotiated additional disclosures and discovery (on a topic that Texas had

9

disavowed and on which Defendant-Intervenors bear no burden), and that Defendant-Intervenors have already had a chance to respond (despite Texas's earlier claims that any reversal on their decision not to rely on driver's license costs would be paired with further discovery), *compare* Dkt. 690-1 at 2–4, *with* Dkt. 673-1 at 44 n. 15; and that Defendant-Intervenors cannot demonstrate how additional discovery would reveal any genuinely disputed facts. *Compare* Dkt. 690-1 at 8–11, *with* Dkt. 673-1 at 44 n.15. But, as described above, Texas explicitly and repeatedly disavowed its reliance on driver's license evidence and threatened to move to quash a subpoena of the 2015 driver's license witness (offering to make any future witnesses available should Texas change course), *see* Part I, and questions about the assumptions and methodology underlying Texas's declaration remain likely to uncover disputed material facts. *See* Part II.

Particularly because Rule 56(d) motions are "broadly favored and should be liberally granted," *Winfrey*, 481 F. App'x at 982–83 (cleaned up), Texas's arguments fare no better recycled in their proposed sur-reply than they did in Texas's summary judgment response. Texas's bald strategic effort to have the last word is no reason to allow Texas to repeat them. *Weems*, 2011 WL 2731263, at *1.

## CONCLUSION

Defendant-Intervenors respectfully request that the Court deny Texas's motion for leave to file a sur-reply.

Dated:  June 20, 2023

Respectfully Submitted,

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**

By:  /s/ *Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382
Email:  nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC  20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX  78502
Phone:  (956) 630-3889
Facsimile:  (956) 630-3899
Email:  cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors

11

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on the 20th day of June, 2023, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales