IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| KARLA PEREZ, *et al.*, | ) |
| Defendant-Intervenors, | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY
OF DEFENDANT-INTERVENORS ELIZABETH DIAZ, ET AL.**

Defendant-Intervenors Elizabeth Diaz, *et al.* ("Defendant-Intervenors"), respectfully provide Notice to the Court of the U.S. Supreme Court's decision in *Haaland v. Brackeen, et al.*, No. 21-376 (June 15, 2023) (attached as Exhibit 1).

On March 2, 2023, Defendant-Intervenors requested that this Court grant their motion for summary judgment, and deny Plaintiffs' motion for summary judgment; as of the date of this notice, both motions remain pending. *See* Dkt. 641. In their brief, Defendant-Intervenors mentioned *Haaland v. Brackeen* as one of several pending United States Supreme Court cases that might bear on issues in this litigation. *See* Dkt. 642 at 24. On June 15, 2023, the Supreme Court issued its decision in *Brackeen*, in which it held that Texas and other Petitioners lacked standing to challenge the Indian Child Welfare Act ("ICWA," or the "Act"). The Supreme Court's opinion in *Brackeen* further supports Defendant-Intervenors'

arguments before this Court that their motion for summary judgment as to standing should be granted, and that Plaintiffs' motion for summary judgment should be denied.

With respect to *parens patriae* standing, the Supreme Court held that Texas could not "assert equal protection claims on behalf of its citizens because '[a] State does not have standing as *parens patriae* to bring an action agent the Federal Government.'" *Brackeen*, slip op. at 32 (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 610, n. 16 (1982)). Moreover, the Supreme Court held that Texas's attempt to "assert third-party standing on behalf of [specific residents]" was "a thinly veiled attempt to circumvent the limits on *parens patriae* standing," and noted that Texas's claims did not involve any "concrete injury to the State" or "hindrance to the third party's ability to protect its own interests." *Id.* at 32 n. 11 (internal quotations and citations omitted).

The Supreme Court further held that Texas's asserted "direct pocketbook injury associated with the costs of keeping records, providing notice in involuntary proceedings, and producing expert testimony before moving a child" were inadequate to demonstrate standing because "these alleged costs are not 'fairly traceable' to the placement preferences [in the complained-of federal provisions], which 'operate independently' of the [state law] provisions Texas identifies." *Id.* at 33-34 (quoting *California v. Texas*, 593 U.S. __, __ (2021) (slip op., at 15)). Indeed, the Supreme Court emphasized that "Texas would continue to incur the complained-of costs even if it were relieved of the duty to apply the [Act's] placement preferences," and concluded that "[t]he former, then, cannot justify a challenge to the latter." *Id.* at 34.

The Supreme Court also rejected Texas's assertion of standing on the basis that the Act implicitly forces Texas to violate its own legal obligations to its citizens, holding that

"[t]his is not the kind of 'concrete' and 'particularized' 'invasion of a legally protected interest' necessary to demonstrate an 'injury in fact.'" *Id.* at 33 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  "Were it otherwise," the Supreme Court reasoned, "a State would always have standing to bring a constitutional challenge when it is complicit in enforcing federal law." *Id*.

Finally, the Court determined that individual Petitioners' claims were not redressable, in part because the theory espoused by the individual Petitioners required an assumption that a favorable decision would impact the independent decisions of third parties.  *Id.* at 7, 30-32.

In each of these respects, the *Brackeen* decision supports Defendant-Intervenors' arguments.  Defendant-Intervenors also respectfully note, as they did in the June 1, 2023 hearing on motions for summary judgment, that additional United States Supreme Court decisions are pending that may similarly bear on the issues before this Court, and Defendant-Intervenors may seek leave to provide similar notices as those decisions are issued and as warranted.  *See* Dkt. 699 at 71 (referencing *U.S. v. Texas*, No. 22-58 and *Biden v. Nebraska*, No. 22-506).

Dated: June 20, 2023							Respectfully Submitted,

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By:  */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA, ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

Attorneys for Defendant-Intervenors