## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>     Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>     Defendants,<br><br>*and*<br><br>KARLA PEREZ, *et al.*,<br><br>and<br><br>NEW JERSEY,<br><br>     Defendant-Intervenors. | Case No. 1:18-cv-00068 |

### FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
### TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to the Court's Rule 7.F, Federal Defendants respectfully request the Court grant leave to file the attached Notice of Supplemental Authority, bringing to the Court's attention a recent Supreme Court decision, *Haaland v. Brackeen*, 599 U.S. ____, No. 21-376, 2023 WL 4002951 (U.S. June 15, 2023), that has direct bearing on issues of standing before this Court. Plaintiffs and Defendant-Intervenors do not oppose this motion. Federal Defendants could not have raised this new authority in their summary judgment briefing or in the summary judgment hearing because the briefing and hearing concluded before the decision issued.

1

Additionally, Defendant-Intervenors previously cited the Fifth Circuit's decision in *Brackeen* (which the Supreme Court has now affirmed in part and reversed in part) for the proposition that "[t]he Fifth Circuit is itself undecided whether States can establish standing under" *parens patriae*. *See* ECF No. 642, Pvt. Intvn'rs' Br. at 24 (citing *Brackeen v. Haaland*, 994 F.3d 249, 292 n. 13 (5th Cir. 2021) (en banc)). And Plaintiffs responded that the Fifth Circuit subsequently "approved State standing against the federal government . . . on a *parens patriae* theory," *see* ECF No. 673, Pls' Mot. for Summary Judgment at 34 n.9 (citing *Texas v. United States*, 40 F.4th 205, 216 (5th Cir. 2022)), a proposition on which the Supreme Court's own subsequent decision in *Brackeen* has direct bearing.

The Court should grant leave to file the attached Notice of Supplemental Authority to allow the Parties to update the Court on the status of the *Brackeen* case, because the Supreme Court's holdings in *Brackeen* are closely related to issues before this Court. A new decision by the Supreme Court on relevant questions of standing also affects whether this Court's prior findings of jurisdiction remain subject to law-of-the-case doctrine. *See United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020) (Fifth Circuit published panel decisions "remain binding absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or the en banc court.") (internal modifications and citation omitted).

Dated: June 20, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

Respectfully submitted,

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division

| | |
|---|---|
| WILLIAM C. PEACHEY<br>Director, Office of Immigration Litigation<br>District Court Section<br><br>JEFFREY S. ROBINS<br>Attorney-in-Charge<br>Deputy Director | Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 532-4468<br>Fax: (202) 305-7000<br>Email: james.walker3@usdoj.gov<br><br>*Attorneys for Federal Defendants* |

## CERTIFICATE OF SERVICE

I certify that on June 20, 2023, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James J. Walker*
JAMES J. WALKER