UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants, <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> and <br><br> NEW JERSEY, <br><br> Defendant-Intervenors. | Case No. 1:18-cv-00068 |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's Rule 7.F, Federal Defendants respectfully request the Court grant leave to file the attached Notice of Supplemental Authority, bringing to the Court's attention a recent Supreme Court decision, *United States v. Texas*, 599 U.S. \_\_\_\_, No. 22-58, 2023 WL 4139000 (U.S. June 23, 2023) (*Texas EP*), that has direct bearing on issues of standing before this Court. The State of Texas, *et al.* ("Plaintiffs"), do not oppose this motion. Federal Defendants could not have raised this new authority in their summary judgment briefing or in the summary judgment hearing because the briefing and hearing concluded before the decision issued.

1

The plaintiff-states in *Texas EP* challenged an immigration enforcement policy and asserted many of the same standing arguments that Plaintiffs assert here, including entitlement to special solicitude under *Massachusetts v. EPA*, and the same indirect injuries arising from the challenged policy in the form of increased social service expenditures. *See Texas EP*, 2023 WL 4139000 at *2, *6 n.3. In finding that "none of the various theories of standing asserted by the States in this case overcomes the fundamental Article III problem with this lawsuit," *id.* at *6 n.3, this new Supreme Court decision speaks directly to many of Plaintiffs' arguments and this Court's and the Fifth Circuit's prior findings on standing in this case.

The Court should grant leave to file the attached Notice of Supplemental Authority to allow the Parties to present the Supreme Court's holdings in *Texas EP* that are closely related to issues before this Court. A new decision by the Supreme Court on relevant questions of standing also affects whether this Court's prior findings of jurisdiction remain subject to law-of-the-case doctrine. *See United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020) (Fifth Circuit published panel decisions "remain binding absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or the en banc court.") (internal modifications and citation omitted).

Dated: July 5, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

Respectfully submitted,

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000

Email: james.walker3@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 5, 2023, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James J. Walker*
JAMES J. WALKER