# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:18-cv-00068 |
| UNITED STATES OF AMERICA, *et al.*, | |
| *Defendants*, | |
| *and* | |
| KARLA PEREZ, *et al.*, | |
| STATE OF NEW JERSEY, | |
| *Defendant-Intervenors*. | |

## DEFENDANTS' NOTICE OF HHS FINAL RULE
## REGARDING THE AFFORDABLE CARE ACT

In light of this Court's previous discussion regarding possible changes to federal health-insurance programs, *see* ECF No. 728 at 17-18, the Federal Defendants hereby submit this notice to inform the Court that the U.S. Department of Health and Human Services (HHS) has issued a final rule governing the eligibility of certain noncitizens, including Deferred Action for Childhood Arrivals (DACA) recipients, to enroll in certain health insurance plans under the Patient Protection and Affordable Care Act (ACA), *see* https://www.federalregister.gov/d/2024-09661 (HHS Rule).

To be eligible to enroll in certain health insurance plans through an ACA Health Benefit Exchange, an individual who is not a citizen or national of the United States must generally be "lawfully present" in the United States. *See* 42 U.S.C. § 18032(f)(3). To be eligible for enrollment in a Basic Health Program (BHP), an individual must also be lawfully present, and among other

things, be eligible to enroll through an ACA Exchange. 42 U.S.C. § 18051(e)(1). The ACA does not define "lawfully present," specifying only that an individual is considered lawfully present if they are reasonably expected to be lawfully present for the entire period of their enrollment. *Id.* § 18032(f)(3). The ACA otherwise provides HHS broad rulemaking authority to "set[] standards for meeting the requirements" of the ACA. *Id.* § 18041(a)(1); HHS Rule at 3. Consistent with that authority, HHS has promulgated a final rule that will remove certain exceptions in HHS regulations that exclude DACA recipients from the definitions of "lawfully present" used to determine eligibility to enroll in certain healthcare plans under the ACA.[1] *Id.* Once the rule takes effect, HHS will consider DACA recipients lawfully present to the same extent as other deferred action recipients for purposes of the ACA Marketplaces and BHP. *Id.* at 18. The new rule will take effect November 1, 2024. *Id.* at 1.

HHS had originally proposed a broader rule change, which would have altered the eligibility of DACA recipients in certain states to enroll in two health programs that are administered and funded by states subject to federal rules and HHS oversight: Medicaid and the Children's Health Insurance Program (CHIP), under section 214 of the Children's Health Insurance Program Reauthorization Act of 2009 (CHIPRA). *Id.* at 3. However, in light of comments received on this proposal, HHS is continuing to consider that aspect of the proposed rule and has made no decision regarding whether to make any changes to the "lawfully present"

---

[1] Specifically, the rule affects eligibility for enrollment in a Qualified Health Plan (QHP) through an ACA Exchange, and in a Basic Health Program (BHP), a health benefits coverage program for certain low-income residents "who do not qualify for Medicaid, CHIP, or other minimum essential coverage." *See* HHS Rule at 15; Centers for Medicare & Medicaid Services, Basic Health Program, https://www.medicaid.gov/basic-health-program/index.html (last visited Mar. 4, 2024). HHS is amending regulations to update the definition of "lawfully present" used to determine whether a consumer is eligible to enroll in a QHP or a BHP. HHS Rule at 15. Other regulations render an applicant who is eligible to enroll in a QHP eligible to apply for Advance Payments of the Premium Tax Credit and Cost-Sharing Reductions. *See* 45 C.F.R. 155.305(f)(1)(ii)(A) and (g)(1)(i)(A).

definition for Medicaid and CHIP. *See id* at 4-5 (noting comments regarding "the many urgent and competing demands on State resources" and explaining that HHS is "taking more time to evaluate and carefully consider the comments regarding our proposal with respect to Medicaid and CHIP").

Thus, the final rule concerns only eligibility to enroll in a Qualified Health Plan through an Exchange—including for financial assistance in the form of premium tax credits and cost sharing reductions—or a BHP, and "applies to the 18 State Exchanges not on the Federal platform, as well as the Federal Government." *Id.* at 105. Therefore, "States that do not have a BHP and do not operate their own Exchange, including [States with State-based Exchanges on the Federal platform (SBE-FPs)], are not expected to incur any costs as a result of this rule." *Id.* at 136.[2]

For these reasons, the HHS rule will not impose any costs on Plaintiffs.

* * *

---

[2] HHS funds Federal Exchanges and SBE-FPs through fees on participating health insurers and not through any costs to States. *See* Congressional Research Service, Overview of Health Insurance Exchanges, 29, https://crsreports.congress.gov/product/pdf/R/R44065/23 (updated Mar. 17, 2023).

Dated: May 3, 2024

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

Respectfully submitted,

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

*Attorneys for Federal Defendants*