UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants, <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> STATE OF NEW JERSEY, <br><br> Defendant-Intervenors. | Case No. 18-cv-00068 |

**NOTICE OF MANDATE MODIFYING INJUNCTION**

On September 13, 2023, the Court granted Plaintiffs' summary judgment motion and denied Federal Defendants' and Intervenors' cross motions for summary judgment. *See* Memorandum and Order, ECF No. 728 at 40. The court reaffirmed its prior decision that Plaintiffs have standing to challenge the DACA policy, *id*. at 18, and concluded there are no material differences between the DACA Final Rule and the 2012 memorandum. *Id*. at 28. The Court therefore deemed the Final Rule unlawful on the same substantive basis as the DACA Memorandum. *Id*. Rejecting the Final Rule's severability language, the Court enjoined and vacated the rule in its entirety and on a nationwide basis. *Id*. at 38.

The Court explained that its prior injunction and vacatur order, ECF Nos. 575, 576, "are supplemented to include the Final Rule. The remaining provisions of that injunction order remain intact." ECF No. 728 at 40. In a separate injunction order, the Court held "Final Rule DACA-the program found at 8 C.F.R. pts. 106, 236, and 274a, . . . is vacated, and the Department of Homeland Security (DHS) is enjoined from implementing Final Rule DACA until a further order of this Court, the Fifth Circuit Court of Appeals, or the Supreme Court of the United States." Supplemental Order of Injunction, ECF No. 729, 1. The Court also reinstated its stay of the effective date of the vacatur order "as to all DACA recipients who received their initial DACA status prior to July 16, 2021." *Id*.

On January 17, 2025, the United States Court of Appeals for the Fifth Circuit issued an order affirming the Court's judgment that the Final Rule is unlawful but modifying the Court's remedial order in two ways. *Texas v. United States*, 126 F.4th 392 (5th Cir. 2025). First, in considering the Final Rule's severability clause, the Court of Appeals found that "though DACA is primarily a benefits rule, the Department intended for the Rule also to function as a forbearance policy," and that "the district court erred by not severing the forbearance provisions from the work-authorization provisions." *Id*. at 419-20. Second, the Court of Appeals found that "[j]ust one state,

1

Texas, demonstrated an actual injury caused by the Final Rule," and that "[a]n injunction limited to Texas alone is better tailored to Texas's asserted injury." *Id*. at 421. The Court of Appeals "accordingly narrow[ed] the scope of the injunction to Texas." *Id*.

Thus, in remanding to this Court, the Court of Appeals "limit[ed] injunctive relief, including the effectiveness of the vacatur of the Final Rule, to Texas, and require[d] such relief to heed DACA's severability provision." *Id*. at 422. The Court of Appeals also maintained the stay as to existing DACA recipients, "pending a further order of [the Court of Appeals] or the Supreme Court." *Id*. Lastly, the Court of Appeals noted that it would "impose no restriction on the matters that the district court, in its wisdom, may address on remand, and . . . express[ed] no view on what decisions it should make." *Id*.

Pursuant to the Court of Appeals' order, the Federal Defendants submit the following:

1. Issuance of the mandate on March 11, 2025, requires this Court to comply with the dictates of the Court of Appeals' order that "modified in part" this Court's injunction, that "limited injunctive relief, including the effectiveness of the vacatur of the Final Rule, to Texas," and that "require[d] such relief to heed DACA's severability provision." *Texas*, 126 F.4th at 422; *see U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

2. The Fifth Circuit's limitation of the injunction and vacatur to Texas is clear, confining such relief to individuals residing in Texas, and Federal Defendants do not believe any further litigation in this Court is necessary with respect to that aspect of the Court of Appeals' order.

3. The Court of Appeals did not specify how the injunction and vacatur should be modified to comply with its order that the remaining relief within Texas "heed DACA's severability provision." *Texas*, 126 F.4th at 422. Rather, that matter should be addressed on remand in this

Court through "further proceedings as [this Court] may find appropriate." *Id*. Federal Defendants believe briefing from the parties regarding this issue would assist the Court in implementing this aspect of the Fifth Circuit's remand and are prepared to provide such briefing in compliance with any order this Court may issue.

4. Consistent with the Court's initial stay of its injunction, ECF No. 576, USCIS instructed DACA adjudicators to continue accepting DACA renewal requests from those individuals who had obtained DACA on or before July 16, 2021, and granting or denying those requests under existing policy. *See* Declaration of Tracy L. Renaud ("Renaud Decl."), July 27, 2021, ECF No. 578-2, ¶ 6. For "DACA recipients who obtained that status on or before the date of [the Court's] injunction," the Court permitted the Federal Defendants to grant "DACA renewal applications for these existing recipients (regardless of when the renewal applications are submitted)." ECF No. 576-4.

5. The Federal Defendants understand the Court of Appeals' order to allow USCIS to continue granting renewals to these individuals, all of whom originally received DACA on or before the date of the Court's injunction, regardless of whether they reside in Texas or not. *See Texas*, 126 F.4th at 422 ("Though Texas has succeeded on the merits, our previous decision to maintain the stay–not to mention the immense reliance interests that DACA has created–guide us to preserve the stay as to the existing applicants."). Federal Defendants will continue to act on that category of renewal requests consistent with the Court of Appeals' stay allowing grants of renewal requests for individuals previously granted DACA, "pending a further order of [the Court of Appeals] or the Supreme Court." *Id*.

Dated: March 14, 2025

DREW ENSIGN
Deputy Assistant Attorney General
Civil Division

AUGUST FLENTJE
Acting Director
Office of Immigration Litigation

SAMUEL GO
Assistant Director

Respectfully submitted,

*/s/ Lindsay M. Vick*
LINDSAY M. VICK
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4023
Fax: (202) 305-7000
Lindsay.Vick@usdoj.gov

*Attorneys for Federal Defendants*

4

**CERTIFICATE OF SERVICE**

      I certify that on March 14, 2025, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      */s/ Lindsay M. Vick*
      LINDSAY M. VICK