Case 1:18-cv-00068   Document 760   Filed on 07/22/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § | |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| *Defendants*, | § § | CIVIL ACTION NO. 1:18-cv-00068 |
| and | § § § | |
| KARLA PEREZ, *et al.*; | § § § | |
| STATE OF NEW JERSEY, | § § § | |
| *Defendant–Intervenors*. | § § | |

## ORDER

On appeal from this Court, the United States Court of Appeals for the Fifth Circuit held that DACA was substantively unlawful, ordered that the injunction be modified in two ways, and remanded the case to this Court for further proceedings. *Texas v. United States*, 126 F.4th 392, 422 (5th Cir. 2025). Specifically, it "limit[ed] injunctive relief, including the effectiveness of the vacatur of the Final Rule, to Texas, and require[d] such relief to heed DACA's severability provision." *Id.* at 422. Interestingly, in remanding the case back to this Court, the Fifth Circuit "impos[ed] no restriction on the matters that the district court, in its wisdom, may address on remand, and [it] express[d] no view on what decisions it should make." *Id.* The time for filing further appeals has expired.

Given the Fifth Circuit's holding and the wide discretion it has given this Court and the parties on remand, the Court **GRANTS LEAVE** to any party that wishes to file additional briefing on the following issues.

1. It is well-established that "[i]f at least one plaintiff has standing, the suit may proceed." *Biden v. Nebraska*, 600 U.S. 477, 490 (2023) (citing *Rumsfeld v. Forum for Acad. & Inst'l Rights, Inc.*, 547 U.S. 47, 52, n.2 (2006)); *see also General Land Office v. Biden*, 71 F.4th 264, 271 (5th Cir. 2023) ("Each State asserts it has standing. But only one needs standing for the action to proceed."). Perhaps relying on that doctrine, here, Texas—but only Texas—has attempted to demonstrate standing under a pocketbook-injury theory. *Texas*, 126 F.4th at 403, 405. Notwithstanding that compliance with existing standing doctrine, the Fifth Circuit has instructed this Court to limit the injunctive relief to only Texas "[b]ecause Texas is the only plaintiff that has demonstrated or even attempted to demonstrate an actual injury." *Id.* at 421. Given this apparent *de facto* change in the standing doctrine, should non-Texas Plaintiff–States be given a chance to demonstrate their injury? Do non-Texas Plaintiff–States even wish to demonstrate their injury?

2. In the intervening period between the Fifth Circuit's opinion and this Order, the United States Supreme Court decided *Trump v. CASA, Inc.*, 606 U.S. ___ (2025). What effect, if any, does that decision have the Circuit's instructions to this Court?

3. The Court's injunction originally enjoined the United States and its departments, agencies, officers, agents, and employees "from administrating the DACA program." (Doc. No. 576 at 3–4). Now, the Fifth Circuit has limited that injunctive relief to Texas. *Texas*, 126 F.4th at 422. How would the narrowed scope of the injunction be implemented? Participating parties are to specifically address, among others, how those individuals included or excluded from the scope of the injunction will initially be identified (*e.g.*, application address, permanent address, etc.) and how they will continue to be identified (*e.g.*, when they leave the state or when an existing DACA recipient enters the state). The Court welcomes any proposed language participating parties may submit.

4. The Fifth Circuit instructed this Court to "heed DACA's severability provision." *Texas*, 126 F.4th at 422. Given this instruction and that this Court has always held that the DHS "always ha[s] the right to forebear from prosecution any person illegally present in this country" even without DACA, (Doc. No. 728 at 30), how would this aspect of the Fifth Circuit's ruling be implemented? The Court welcomes any proposed language participating parties may submit.

5. The new scope of the contemplated injunction, as instructed by the Fifth Circuit, would impose a differential treatment between would-be DACA recipients in Texas and DACA recipients outside of Texas. Would that pose any Equal Protection or Due Process concerns?

6. The Fifth Circuit "impos[ed] no restriction on the matters that the district court, in its wisdom, may address on remand." *Texas*, 126 F.4th at 422. What other matters, if any, should the Court address? The parties are free to raise any additional points they find pertinent.

All parties that wish to file such briefing are **ORDERED** to do so **no later than August 29, 2025**. If any party wishes to respond to any filing, they shall file their respective response **no later than September 19, 2025**. Replies may be filed, if so wished, **no later than September 26, 2025**. If, on the other hand, a party does not wish to take a position on these topics or raise other issues, they need not file any briefing.

It is so ordered.

Signed on this the 22nd day of July, 2025.

_____
Andrew S. Hanen
United States District Judge