# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:18-CV-68 |
| UNITED STATES OF AMERICA, *et al.*, | ) ) Hon. Andrew S. Hanen |
| Defendants, | ) ) |
| KARLA PEREZ, *et al.*, | ) ) |
| Defendant-Intervenors, and | ) ) ) |
| STATE OF NEW JERSEY, | ) ) |
| Defendant-Intervenor. | ) ) |

### DEFENDANT-INTERVENOR STATE OF NEW JERSEY'S BRIEF IN RESPONSE TO THE COURT'S JULY 22, 2025 ORDER

**INTRODUCTION**

For years, the parties in this case have debated the appropriate scope of injunctive relief if the Deferred Action for Childhood Arrivals (DACA) policy were to be held unlawful. In January 2025, the Fifth Circuit settled the question, affirming this Court's holding that DACA is unlawful, but adjusting the remedy in a number of ways—including, as relevant to New Jersey, limiting the scope of the remedy to Texas alone. The mandate rule thus compels the conclusion that DACA now again exists in full outside of Texas, and this Court should not order otherwise. Although this Court must take additional steps to consider the impact of that mandate *within* Texas, there are no more steps left on remand for this Court to take as to any State besides Texas.

**BACKGROUND**

This litigation began over seven years ago. In May 2018, a group of States led by Texas challenged and sought a preliminary injunction as to the DACA policy that had been set forth in a Department of Homeland Security (DHS) memorandum six years prior (DACA Memorandum). *See Texas v. United States*, 328 F. Supp. 3d 662, 671 (S.D. Tex. 2018). This Court denied a preliminary injunction, determining that, although Texas, as "the only state that attempted to prove damages," had standing and Plaintiffs were likely to succeed on the merits, their six-year delay in filing suit signaled that the evidence of harm Texas had marshalled "d[id] not rise to a level that merits an injunction." *Id.* at 736–38, 742–43. Plaintiffs did not appeal that decision.

The case proceeded through discovery to summary judgment. Considering cross motions for summary judgment years later, this Court held the DACA Memorandum unlawful. *Texas v. United States*, 549 F. Supp. 3d 572, 624 (S.D. Tex. 2021). It vacated the memorandum, stayed its order of vacatur pending appeal, and enjoined DHS from "approving any new DACA applications" while allowing DHS to keep processing renewal applications. *Id.* Although Defendant-Intervenors urged this Court to limit injunctive relief "to those plaintiffs the Court finds to have proven harm,

1

and only to remedying the harms that they actually demonstrated," Dkt. 502 at 48 n.19 (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)); *see* Dkt. 504 at 49 (arguing that "a nationwide injunction based on the purported injuries suffered by one state" would violate principles of equity), this Court enjoined DHS from approving DACA applications for any applicant nationwide, staying the injunction as to renewal applications. *See* Dkt. 576 at 3–4.

The Fifth Circuit affirmed this Court's standing and merits analyses on appeal. *See Texas v. United States*, 50 F.4th 498, 514–20, 522–28 (5th Cir. 2022). While that appeal was pending, DHS published a final rule codifying DACA. *See* 87 Fed. Reg. 53,152 (Aug. 30, 2022), *codified at* 8 C.F.R. pts. 106, 236, and 274a (DACA Final Rule). Rather than opine on the lawfulness of the new DACA Final Rule, the Fifth Circuit remanded to this Court to do so in the first instance. *See Texas*, 50 F.4th at 512. It therefore did not have to address what remedies would be proper as to the DACA Final Rule.

On remand, this Court reaffirmed its prior standing and merits analyses and found the DACA Final Rule substantively identical to the DACA Memorandum. *See Texas v. United States*, 691 F. Supp. 3d 763, 779–81, 782–84 (S.D. Tex. 2023). It granted the Plaintiff States' motion for summary judgment and extended its "existing injunction and vacatur order … to include the [DACA] Final Rule." *Id.* at 796. In doing so, it once again rejected Defendants' and Defendant-Intervenors' arguments to limit any injunctive relief to Texas, the only Plaintiff State to demonstrate any harm. *See, e.g.*, Dkt. 639 at 5, 28 (arguing that "[a]n injunction may not afford more relief than 'necessary to give the prevailing party the relief to which he or she is entitled'—even in cases about immigration policy," and that injunctive relief must be limited to Texas (quoting *Hernandez v. Reno*, 91 F.3d 776, 781 & n.16 (5th Cir. 1996))); Dkt. 642 at 41 (arguing

2

"Plaintiffs' 'remedy must be tailored to redress [their] particular injury'" (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018))); *see also* Dkt. 642 at 44–45.

On appeal, the Fifth Circuit affirmed this Court's rulings on standing and the lawfulness of the DACA Final Rule, but "modif[ied] the remedial order" in a number of respects. *Texas v. United States*, 126 F.4th 392, 402, 420, 422 (5th Cir. 2025) (limiting the scope of relief to Texas and, within Texas, severing DACA's forbearance provisions). On scope of relief, the Fifth Circuit agreed with Defendants and Defendant-Intervenors "that the nationwide scope of the injunction [wa]s overly broad." *Id.* at 420. Reasoning that (1) "'injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs,'" *id.* at 421 (quoting *Califano*, 442 U.S. at 702); *see also id.* at 420 (citing *Gill*, 585 U.S. at 73, and *Reno*, 91 F.3d at 781 & n.16), and (2) only Texas had "demonstrated or even attempted to demonstrate an actual injury, and … that injury [wa]s fully redressable by a geographically limited injunction," the Court "narrow[ed]" both the vacatur order and "the scope of the injunction to Texas." *Id.* at 421. The Fifth Circuit granted a stay as to existing DACA recipients, pending its own further order or an order of the Supreme Court, and otherwise remanded to the district court for further proceedings. *Id.* at 422. The judgment affirming in part and reversing in part thus issued as the mandate on March 11, 2025. *See Texas*, No. 23-40653, Dkt. 222-2 & 222-3 (5th Cir. Mar. 11, 2025). No party sought certiorari from the U.S. Supreme Court, whether as to the merits or as to the scope of relief.

This Court subsequently invited briefing on matters left to be addressed on remand. *See* Dkt. 760. Defendant-Intervenor State of New Jersey submits this brief in response.

## ARGUMENT

The Fifth Circuit's opinion and mandate make clear that the DACA Final Rule is enjoined only within Texas. New Jersey thus agrees with Federal Defendants that no "further litigation in

3

this Court is necessary with respect to that aspect of the Court of Appeals' order." Dkt. 755. The parties have litigated the appropriate scope of injunctive relief for years, and the question is now settled. Reopening fact-finding or relitigating the lawfulness of a nationwide injunction would violate the mandate rule, *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019), along with bedrock "principles of finality and repose," *Arizona v. California*, 460 U.S. 605, 619 (1983).

The mandate rule, as the Fifth Circuit has repeatedly explained, makes the proper result on this question plain. "[T]he mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else." *Franklin v. Regions Bank*, 125 F.4th 613, 630 (5th Cir. 2025) (citation omitted). That is, the rule requires district courts "to abstain from reexamining an issue of fact or law that has already been decided on appeal." *Id.* at 629 (citation omitted). This accords with the "fundamental precept of common-law adjudication … that an issue once determined by a competent court is conclusive." *Arizona*, 460 U.S. at 619. Allowing parties additional bites at the apple after "they have had a full and fair opportunity" to litigate an issue exposes both litigants and courts alike to undue "expense and vexation." *Id.* Even where a remand order broadly invites "further proceedings not inconsistent with this opinion," such an order is not an invitation "for a renewed foray into the same issue[s]" that were decided on appeal—whether legal or factual. *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 703-04 (5th Cir. 2010) (citation omitted).

There are few exceptions to this rule. Although the Fifth Circuit permits "reexamination of issues decided on appeal" where "the evidence on a subsequent trial was substantially different," *Id.* at 702 (citation omitted), this exception has no application on a summary judgment posture if the proponent "had every opportunity and incentive to produce [the evidence] at the earlier proceeding" but failed to do so, and the appeals court decided the issue against that litigant based

4

on this lack of evidence, *Lyons v. Fisher*, 888 F.2d 1071, 1075 (5th Cir. 1989) (where Fifth Circuit had held that purported contract lacked adequate consideration, "district court properly denied [party] the right on remand to offer evidence" of consideration because that issue, having been addressed on appeal, "was … foreclosed on remand"). *See, e.g.*, *Gene & Gene*, 624 F.3d at 703–04 (where Fifth Circuit "expressly decided" class certification was improper "given the particular facts of [the] case," district court violated mandate rule by reopening discovery on remand regarding propriety of class certification); *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) (where Fifth Circuit held that imposition of sanctions lacked evidentiary basis, district court violated mandate rule by re-imposing same sanctions based on "renewed findings" developed on remand); *United States v. Becerra*, 155 F.3d 740, 753–54 (5th Cir. 1998) (likewise "reject[ing] the government's attempt" on remand "to correct its own oversight in failing to present … critical evidence" in earlier proceedings).

The question of whether DACA continues to operate *outside* of Texas's borders is thus an open-and-shut issue. Here, the Fifth Circuit has decided, based on the summary judgment record developed by the parties, that relief must be limited to Texas because Texas was the only Plaintiff State that showed injury. *See Texas*, 126 F.4th at 420–21. The Fifth Circuit gave this considerable attention, dedicating multiple paragraphs to the specific question of the geographic remedy, noting the dispute between the parties, assessing the factual record the parties had developed, and adding that a geographically broader remedy would improperly harm New Jersey, which "intervened to defend DACA," as well as the "22 states and the District of Columbia [that] also urge this court to preserve the program." *Id.* at 420-21; *see also id.* at 421 nn.48–49 (noting the benefits DACA has for these States, and noting its "narrowed injunction can only help further redress Texas's injury by providing an incentive for DACA recipients to move to other states not subject to the

5

injunction"). And in its final summary of its own remedy, the Fifth Circuit could hardly have been clearer: "We limit injunctive relief, including the effectiveness of the vacatur of the DACA Final Rule, to Texas." *Id.* at 422. Because the Fifth Circuit "narrow[ed]" the vacatur order and "the scope of the injunction to Texas," *id.* at 421, and because this Court "may not disregard" that "explicit directive[]," *Crowe*, 261 F.3d at 562 (citation omitted); *see Lyons*, 888 F.2d at 1075, this Court now may not take any steps on remand that limit DACA's operation beyond Texas's borders.

Nor does any exception apply that would allow this question to be relitigated. Even though the Fifth Circuit "REMANDED for further proceedings as the district court may find appropriate," *Texas*, 126 F.4th at 422, such language does not allow for legal or factual re-litigation of the issue the panel specifically decided. *Gene & Gene*, 624 F.3d at 703-04. Each of the Plaintiff States had a "full opportunity" to develop facts and to present legal argument on the need for any broader relief during this litigation. *Id.* at 703. Indeed, the parties engaged in discovery and briefed summary judgment motions (as to both the DACA Memorandum and DACA Final Rule) that specifically addressed and disputed whether the remedy for a finding that DACA is unlawful should be limited to Texas or be nationwide. *See supra* at 1–3. So, now that the Fifth Circuit has "expressly decided" that the parties' summary judgement record cannot support the imposition of injunctive relief outside of Texas, that is "the end of the matter." *Gene & Gene*, 624 F.3d at 703. Plaintiff States do not get "a second bite at the [nationwide] apple." *Id.* at 701 (citation omitted).

Nor has controlling law on the remedial question changed since the Fifth Circuit's decision. *See id.* at 702 (recognizing "issues decided on appeal" may be reexamined if "controlling authority has since made a *contrary decision* of the law applicable to such issues" (emphasis added) (citation omitted)). While *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), addresses the proper scope of injunctive relief, that decision is entirely consistent with the Fifth Circuit's decision in this case.

6

In *CASA*, the Supreme Court rested on the equitable principle that injunctions must be no broader than a court finds necessary to "offer complete relief to the plaintiffs." *Id*. at 852 (citing *Califano*, 442 U.S. at 702). Presaging *CASA*, the Fifth Circuit invoked precisely the same principle—and the same underlying authority—in limiting the remedy in this extraordinary case to Texas. *See Texas*, 126 F.4th at 420–21 (also citing *Califano*). *CASA* is thus not contrary to the Fifth Circuit's decision and provides no reason for this Court to depart from the Fifth Circuit's judgment "narrow[ing] the scope of the injunction to Texas." *Texas*, 126 F.4th at 421.[1]

Finally, there is no basis to reject the Fifth Circuit's "explicit directive[]," *Crowe*, 261 F.3d at 562 (citation omitted), in its mandate based on a concern that a more geographically limited remedy would produce differential treatment of DACA recipients or applicants based on their State of residence. For one, there is no exception to the mandate rule for situations in which a party or the district court believes the appellate court's chosen remedy to be legally inappropriate; instead, that is for panel rehearing, en banc review, or certiorari, none of which happened here. For another, although the parties for years disputed the proper scope of relief, Plaintiff States never suggested that a narrower remedy would violate equal protection and thus waived the issue. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("[A]n issue that could have been but was

---

[1] Although Plaintiff States may argue that the Fifth Circuit should not have narrowed the order of vacatur as to the DACA Final Rule, the *CASA* majority *reserved* the question of whether vacatur is a nationwide or geographically-limited remedy. 606 U.S. at 847 n.10. An intervening decision to reserve an issue necessarily could not qualify as a "controlling authority [that] has since made a *contrary* decision of the law." *Gene & Gene*, 624 F.3d at 702 (emphasis added) (citation omitted); *cf. also Texas*, 126 F.4th at 407 (in discussing the rule of orderliness—which, like the mandate rule, springs from the law-of-the-case doctrine—emphasizing that "the intervening decision … must unequivocally overrule prior precedent" and "unequivocally direct[]" a different result (citation omitted)). And if Plaintiff States believed that the narrowing of the vacatur order was improper, they could have sought rehearing, rehearing en banc, or certiorari. They did not, so there is no basis to relitigate that issue on remand.

7

not raised on appeal is forfeited and may not be revisited by the district court on remand."). Still more, the view that limiting a court remedy to only the plaintiffs (including plaintiff groups or plaintiff States) would cause an equal protection problem would mean that *CASA* was wrongly decided. 606 U.S. at 843. And finally, there is no basis to conclude that a rule distinguishing between DACA recipients based on whether they live in a State that challenged DACA and established a state injury from DACA (Texas), or a State that did not (all other States), would be an equal protection problem, because drawing lines based on *Califano* and *CASA* is not irrational, let alone invidious or based on a suspect classification. *See Harris v. Hahn*, 827 F.3d 359, 364-65 (5th Cir. 2016) (discussing equal protection principles).

## CONCLUSION

Pursuant to the Fifth Circuit's opinion and mandate, the DACA Final Rule applies in full outside of Texas, and this Court should not issue any orders to the contrary.

Dated: September 29, 2025

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Mayur P. Saxena*
MAYUR P. SAXENA
Attorney-in-Charge
Assistant Attorney General
(admitted pro hac vice)
124 Halsey St., 5th Floor
Newark, New Jersey 07101
PO Box 45029-5029
Phone: (609) 696-5365
Fax: (973) 648-4887
Mayur.Saxena@law.njoag.gov

Jeremy Feigenbaum, Solicitor General
Amanda I. Morejón, Deputy Attorney General
Viviana Hanley, Deputy Attorney General

*Attorneys for Defendant-Intervenor State of New Jersey*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2025, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mayur P. Saxena*
Mayur P. Saxena
