# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL.; | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-cv-68 |
| | § | |
| UNITED STATES OF AMERICA, ET AL.; | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, ET AL.; | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| | § | |
| Defendant-Intervenors. | § | |

**[Proposed] ORDER MODIFYING INJUNCTION AND GRANTING
FURTHER RELIEF ON OTHER PENDING MATTERS**

On September 13, 2023, this Court issued a Supplemental Order of Injunction vacating the DACA Final Rule (the program found at 8 C.F.R. pts. 106, 236, and 274a) and enjoining the Department of Homeland Security from implementing the DACA Final Rule. ECF 729 at 1 (supplementing ECF 576). In issuing that order, the Court expressly noted that it "retains jurisdiction of this matter for purposes of construction, modification, and/or enforcement of the terms of the original and this Supplemental Injunction" and that "[a] Final Judgment has not been entered in this case, so all matters not being addressed by an appellate court are still pending in this Court and subject to its jurisdiction." *Id.* at 2. On appeal, the injunction was affirmed in part and modified in part by the Fifth Circuit, and the matter was "remanded for further proceedings as the district court may find appropriate" with "no restriction on the matters that the district court,

in its wisdom, may address on remand" and no view expressed "on what decisions it should make." *Texas v. United States*, 126 F.4th 392, 422 (5th Cir. 2025).

On July 22, 2025, the Court granted leave for the parties to file additional briefing on five enumerated issues and any pertinent points or other matters they wished the Court should consider or address. ECF No. 760. Having considered the parties' supplemental briefing and applicable law, the Court deems Plaintiffs' position meritorious. Accordingly, the Court hereby **MODIFIES** its Order of Permanent Injunction (ECF No. 576) and Supplemental Order of Injunction (ECF No. 729) and **ORDERS** additional relief pursuant to the remaining matters pending before this Court as follows:

(1) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from enforcing and implementing the DACA Final Rule's Work Authorization Provisions (8 C.F.R. §§ 236.21(c)(2), 274a.12(c)(14), 274a.12(c)(33)) and Lawful Presence Provisions (8 C.F.R. § 236.21(c)(3)–(4)) anywhere in the State of Texas.

(2) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from assigning "lawful presence" and/or from issuing new Employment Authorization Documents ("EADs") pursuant to the DACA Final Rule to any applicant who records a Texas address as their place of residence on their application for deferred action.

(3) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from issuing replacement receipts, including form I-797c, for any EAD issued pursuant to the DACA Final Rule if the holder of that EAD records a Texas address as their place of residence on their application for a replacement EAD or if the holder of that EAD has otherwise notified Federal Defendants that he resides in Texas.

(4) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from accepting the I-766 (c)(33) as valid proof of work authorization for any employee or candidate who is either a Texas resident or employed for work that occurs in Texas.

(5) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to publish a prominent notice stating that EADs issued to DACA recipients do not provide valid work authorization in Texas and/or for DACA recipients who are Texas residents. This notice must include the following:

(a) Due to the judgment of this Court, DACA recipients are no longer authorized to be employed in Texas;

(b) Due to the judgment of this Court, DACA recipients who reside in Texas are no longer authorized to work in any State for as long as they continue to reside in Texas;

(c) Form I-766 issued with category 33 ("form I-766 (c)(33)") is not a valid EAD for Texas residents and does not provide valid work authorization for persons who reside in Texas;

(d) Form I-766 (c)(330 does not provide valid work authorization for persons who are employed for work that takes place in Texas or who seek to be employed for work that takes place in Texas;

(e) Employers may not rely on form I-766 (c)(33) to verify work authorization for any employee or potential employee (i) who resides in Texas or (ii) whom the employer either employs for work that takes place in Texas or is considering to employ for work that takes place in Texas.

(6) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED,** within ten (10) calendar days from the issuance of this Order, to display the notice described in ¶ 5 on an official Department of Homeland Security webpage and prominently display a link to the notice on every webpage that it hosts that provides information related to any of the following:

(a) the DACA program;

(b) the DACA Final Rule; or

(c) the types of documents that employers may use to verify work authorization.

(7) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to update form I-765 to include language stating that DACA recipients may not receive work authorization if they reside in Texas or seek to be employed for work that takes place in Texas. This language must clearly state that an I-766 (c)(33) EAD will not be issued to applicants who either reside in Texas or seek to be employed for work that takes place in Texas.

(8) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to print a statement on newly issued and/or reissued I-766 (c)(33) EADs that conforms to the following:

   (a) the statement is in red lettering;

   (b) the statement has a font and size that allows it to be legible;

   (c) the statement consists of the following verbiage: "Not Valid for Texas."

(9) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to notify employers that provide an employee's or candidate's I-766 (c)(33) through E-Verify that the employee or candidate is not authorized to be employed for work that takes place in Texas.

(10) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to notify employers that provide an employee's or candidate's I-766 (c)(33) through E-Verify that the employee or candidate does not have valid work authorization when the employee or candidate records a Texas address as his place of residence on his I-9 application or when Federal Defendants otherwise know that the employee or candidate resides in Texas.

(11) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to continue monitoring and recording the current physical address of each individual who is granted deferred action pursuant to the DACA Final Rule.

(12) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ORDERED** to continue to require each individual who applies for deferred action pursuant to the DACA Final Rule to provide Federal Defendants his current physical address at the time he submits his application and for as long as his application remains pending.

(13) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from granting advance parole to DACA recipients on the basis of any DACA status possessed during any period residing in Texas.

(14) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from enrolling or facilitating the enrollment of DACA recipients in Social Security or Medicare on

(15)    the basis of any DACA status possessed during any period residing in Texas, and from advising DACA recipients that DACA status makes them eligible for Social Security, Medicare, or any other federal benefits program while residing in Texas.

(15) Federal Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby permanently **ENJOINED** and **RESTRAINED** from treating DACA recipients as meeting the definition of "an alien who is lawfully present in the United States," as set out in 8 U.S.C. § 1611(b)(2)-(4) and implementing regulations, on the basis of any DACA status possessed during any period residing in Texas.

(16) As to the rights and legal relations between Federal Defendants and the States of Alabama, Arkansas, Kansas, Louisiana, Mississippi, Nebraska, South Carolina, and West Virginia, the Court hereby **DECLARES** that the DACA Final Rule's Work Authorization Provisions (8 C.F.R. §§ 236.21(c)(2), 274a.12(c)(14), 274a.12(c)(33)) and Lawful Presence Provisions (8 C.F.R. § 236.21(c)(3)–(4)) are in excess of agency authority and contrary to federal immigration law, including the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq.

(17) As to the rights and legal relations between Federal Defendants and Plaintiff States, the Court hereby **DECLARES** that the DACA Final Rule's Forbearance Provisions—8 C.F.R. § 106.2(a)(38); § 236.21(a),(b),(c)(1),(d); § 236.22; § 236.23; § 236.24; and § 236.25—are in excess of agency authority and contrary to federal immigration law, including the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq.

(18) As to the rights and legal relations between Federal Defendants and Plaintiff States, the Court hereby **DECLARES** that the DACA Final Rule's Forbearance Provisions—8 C.F.R. § 106.2(a)(38); § 236.21(a),(b),(c)(1),(d); § 236.22; § 236.23; § 236.24; and § 236.25—violate the Take Care Clause of the United States Constitution and thus are substantively unlawful.

(19) The DACA Final Rule's Forbearance Provisions—8 C.F.R. § 106.2(a)(38); § 236.21(a), (b), (c)(1), (d); § 236.22; § 236.23; § 236.24; and § 236.25—are not in accordance with law and thus are hereby **HELD UNLAWFUL**, **SET ASIDE**, and **UNIVERSALLY VACATED**.

(20) The DACA Final Rule's Work Authorization Provisions (8 C.F.R. §§ 236.21(c)(2), 274a.12(c)(14), 274a.12(c)(33)) are arbitrary and capricious and thus are hereby **HELD UNLAWFUL**, **SET ASIDE**, and **UNIVERSALLY VACATED**.

(21) The DACA Final Rule's Work Authorization Provisions (8 C.F.R. §§ 236.21(c)(2), 274a.12(c)(14), 274a.12(c)(33)) and Lawful Presence Provisions (8 C.F.R. § 236.21(c)(3)–(4)) are inseverable from the Rule's unlawful Forbearance Provisions—8 C.F.R. § 106.2(a)(38); § 236.21(a),(b),(c)(1),(d); § 236.22; § 236.23;

§ 236.24; and § 236.25—and thus are hereby **HELD UNLAWFUL**, **SET ASIDE**, and **UNIVERSALLY VACATED**.

As before, this Court retains jurisdiction of this matter for purposes of further construction, modification, or enforcement of the terms of the original Order of Permanent Injunction, Supplemental Order of Injunction, or this Order Modifying Injunction and Granting Further Relief. Moreover, the Court notes that its Memorandum and Opinion issued today concerning the DACA Final Rule as well as this modified injunction and grant of further relief are part of the ongoing case in 1:18-cv-68. A Final Judgment has not been entered in this case, so all matters not addressed by this Court in this order or the contemporaneous Memorandum and Opinion or left unaddressed by an appellate court are still pending in this Court and subject to its jurisdiction. To be clear, neither this Order Modifying Injunction and Granting Further Relief nor the Memorandum and Order that accompanies it requires DHS or the Department of Justice to take any immigration, deportation, or criminal action against any DACA recipient, applicant, or any other individual that would not otherwise be taken.

Signed this _____ day of _____, 2025.

_____
Andrew S. Hanen
United States District Judge