**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, et al., <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al. <br>     Defendants, <br><br> and <br><br> KARLA PEREZ, STATE OF NEW JERSEY, et al. <br>     Defendant-Intervenors. | Case No. 1:18-cv-00068 |

**MOTION OF PROPOSED *AMICUS CURIAE*
THE TEXAS CATHOLIC CONFERENCE OF BISHOPS AND
THE CATHOLIC LEGAL IMMIGRATION NETWORK, INC. TO FILE A
MEMORANDUM OF LAW AS AMICUS CURIAE IN SUPPORT OF DEFENDANT-
INTERVENORS' SUPPLEMENTAL BRIEFING**

Pursuant to Fed. R. Civ. P. 7 and Local Rule 7, the Texas Catholic Conference of Bishops (the "Conference") and the Catholic Legal Immigration Network, Inc. ("CLINIC") (collectively, "Movants") respectfully request this Court's leave to file the accompanying memorandum of law as *amici curiae* in support of Defendant-Intervenors' supplemental briefings (ECF Nos. 783 and 798). Pursuant to Local Rule 7, Movant's counsel has conferred with counsel for the parties. Plaintiff States and Defendant-Intervenors did not oppose the filing of the accompanying *amicus* brief by the November 24, 2025, deadline this Court set for the parties' responses. *See* Order, ECF. No. 760 (July 22, 2025), *as modified by* Order, ECF No. 793 (Oct. 20, 2025). Defendant United States indicated on November 18, 2025, they opposed the filing unless Movants filed their motion and supporting *amicus* brief by the following day on November 19, 2025. Movants diligently worked to file this motion and the supporting *amicus* brief by November 20, 2025, to alleviate Defendant United States' concerns, but as of this filing, Defendant United States has maintained its opposition. A proposed order is attached. Movants do not request oral argument.

## IDENTITY AND INTERESTS OF MOVANTS

The Conference is an ecclesiastical unincorporated consultative association. It furthers the religious ministry of its member bishops that shepherd the fifteen dioceses and one ordinariate in Texas, particularly through advocacy for social, moral, and institutional concerns of the Catholic Church.

The statewide association of bishops was created to effectively minister in this large and populous state. Over nine million Catholics live in Texas, nearly thirty percent of the total population. They are served by more than 1000 parishes, over 240 missions, several Catholic hospitals, and about 2000 priests. The State also has eight Catholic colleges and universities and hundreds of religious seminaries and schools serving over 350,000 students.

There are currently 25 bishops in the State who are board members of the Conference. The Conference also has staff members accountable to the bishops who perform important religious functions for the Catholic Church, like assisting in the performance of ministry, facilitating communication between bishops, and assisting in fulfilling the mission of the Catholic Church as it relates to matters of public policy, Catholic education, and maintaining the records of the Catholic Church.

The Conference makes possible cooperation and communication among the various dioceses and ministries throughout the State. The bishops discuss and collaborate on how the Catholic Church in Texas should engage in its moral, theological, and social teachings, with each bishop retaining proper ecclesiastical authority of his respective diocese. This often includes topics of public concern and controversy, such as how to serve the poor and address immigration. As best stated by the United States Conference of Catholic Bishops:

> The Catholic Church in the United States is an immigrant Church with a long history of embracing diverse newcomers and providing assistance and pastoral care to immigrants, migrants, refugees, and people on the move. Our Church has responded to Christ's call for us to "welcome the stranger among us," for in this encounter with the immigrant, the migrant, and the refugee in our midst, we encounter Christ.[1]

CLINIC is a national religious organization established in 1988 by the United States Conference of Catholic Bishops. Guided by the Gospel imperative to welcome the stranger, CLINIC protects the rights and promotes the dignity of immigrants through a network of over 400 Catholic and community-based legal immigration programs across forty-eight states, including

---

[1] U.S. Conf. of Catholic Bishops, *Catholic Social Teaching on Immigration* (last visited Nov. 18, 2025), *available at* https:// www.usccb.org/committees/migration/immigration. The U.S. Conference of Catholic Bishops is an assembly of the hierarchy of bishops who jointly exercise pastoral functions on behalf of the Christian faithful of the United States and U.S. Virgin Islands. *See* https://www.usccb.org/about. It is separate from the Texas Conference although its members may include Conference members.

thirty-three programs in Texas. CLINIC's network employs approximately 3,000 legal professionals, including attorneys, Department of Justice-accredited representatives, and paralegals, who collectively provide immigration services to nearly 500,000 immigrants and U.S. citizens each year.

CLINIC has a direct and substantial interest in the Court's resolution of this case. The outcome will significantly affect the work of CLINIC's Texas programs and the immigrants they serve. Nearly eighty percent of CLINIC's network provides Deferred Action for Childhood Arrivals ("DACA") and related immigration services and has witnessed firsthand the transformative impact of these programs on their clients' lives, including enabling recipients to pursue education, work legally, and remain safely with their families. CLINIC brings this expertise to the Court to highlight the practical consequences of decisions affecting DACA recipients in Texas and to advocate for policies that protect their ability to live, study, and work in their communities without fear of removal.

Movants and their affiliates are integrated into Texas communities, have direct insight into the lives of individuals enrolled in DACA residing in Texas, expend resources to assist DACA-recipients and their families in Texas, and rely on the tithes, donations, and volunteerism of DACA-recipients in Texas. For these reasons, Movants have direct and vital interests in the issues raised here, and respectfully request leave to file the accompanying memorandum in support of Defendant-Intervenors.

Federal courts allow *amicus* briefs in appropriate cases. This Court specifically did so in the predecessor litigation, *Texas v. United States*, 86 F. Supp. 3d 591, 608 (S.D. Tex. 2015), and earlier in the above-captioned case. *See, e.g.,* ECF Nos. 69, 184, and 244. While the federal courts do not have set standards when to permit *amicus* briefs, the Federal Rules of Appellate Procedure

instruct the appellate courts to permit such briefs when they present "the most compelling reasons for granting leave to file." Fed. R. App. P. 29, Advisory Committee Notes, 1998 Amendment. This Rule has been "broadly interpreted" such that courts "grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002).

The attached memorandum of law will alert the Court to important considerations that it must wrestle with when crafting the remedy in this case, including:

1. The immediate and irreversible impact that the injunction will have on DACA recipients in Texas if implemented without restraint.

2. The immediate and irreparable impact the injunction will have on Texas's economy if effective immediately.

3. The strain the immediate implementation of the injunction will have on churches, non-profit organizations, and other community and faith-based organizations if the Court does not allow a transition to a post-DACA Texas.

4. The impact the injunction will have on judicial and administrative resources if implemented with immediate effect.

These issues are all relevant to this Court's decision in how to implement Plaintiff's requested relief, and Movants' memorandum will therefore aid the Court. For these reasons, Movants respectfully request that this Court grant the motion for leave to file the accompanying memorandum of law as *amici curiae*.

Date: November 20, 2025          Respectfully submitted,

                                 By:   /s/ Michael J. Newton
                                       Michael J. Newton (TX Bar No. 24003844)
                                       (Attorney-in-Charge)

**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com

*Of counsel:*

Devon C. Beane*
**ALSTON & BIRD LLP**
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Telephone: (312) 702-8700
devon.beane@alston.com
* *Motion to appear pro hac vice forthcoming*

Christopher J. Frisina*
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3300
christopher.frisina@alston.com
* *Motion to appear pro hac vice forthcoming*

*Counsel for Proposed Amicus Curiae the Texas Catholic Conference of Bishops and the Catholic Legal Immigration Network, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2025, I electronically filed the foregoing motion – together with the accompanying memorandum of law and proposed order – with the Clerk using the CM/ECF System, which I understand to have served the parties' counsel who are registered in as CM/ECF users.

                                                   By:    /s/ Michael J. Newton
                                                                      Michael J. Newton