UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants,<br><br>*and*<br><br>KARLA PEREZ, *et al.*,<br><br>STATE OF NEW JERSEY,<br><br>Defendant-Intervenors. | Case No. 18-cv-00068 |

**FEDERAL DEFENDANTS' REPLY TO
PLAINTIFF STATES' SUPPLEMENTAL BRIEF
[ECF No. 800]**

Federal Defendants respectfully submit this memorandum in response to Plaintiff States' Supplemental Brief (ECF No. 800).

Motion for Summary Judgment

Plaintiff States ask the Court to treat their first Supplemental Brief, ECF No. 786, as a motion for summary judgment on their claims for vacatur and declaratory relief. ECF No. 800 at 5.[1] They argue that these claims were "properly raised and fully briefed when the Court's September 2023 ruling was appealed." *Id.* The Court should deny this request.

First, Plaintiffs' Supplemental Brief, ECF No. 786, does not meet the baseline requirements for a motion for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supplemental Brief does not demonstrate that there is a lack of a genuine dispute or otherwise argue that Plaintiff States are entitled to judgment under this standard. Additionally, the Supplemental Brief does not satisfy the requirements for a motion under LR 7.

Second, the supplemental briefing that the parties have provided respond to this Court's order inviting the parties to provide additional briefing on six enumerated questions. *See* ECF No. 760. Federal Defendants have filed briefs addressing both those questions and the Plaintiff States' responses, but they have not treated the briefing as if the parties were engaged at the summary judgment stage. If the Court is inclined to allow or order the parties to proceed to summary judgment, the briefing should be updated to reflect the recent proceedings before the Fifth Circuit, which at minimum substantially narrowed the remaining issues, rather than

---

[1] For ease of reference, page numbers in this brief refer to the ECF pagination stamped on the header of cited document.

2

cobbling together arguments from the 2023 summary judgment briefing and the supplemental briefs.

Third, Plaintiff States are not entitled to further relief. Plaintiff Texas has already received all the relief it is entitled to following this Court's ruling on summary judgment and the recent appeal to the Fifth Circuit. After the Court conforms the permanent injunction and vacatur order to comply with the Mandate, Plaintiff Texas no longer has a live case or controversy based on the claims in this case. As such, Plaintiff Texas's injury can no longer provide standing to the other Plaintiff States. Additionally, the Fifth Circuit held that the non-Texas Plaintiff States failed to demonstrate any injury and thus lacked standing, and, as defendants have already explained, Plaintiffs have forfeited the opportunity to establish standing of any States other than Texas. If the Court is inclined to allow the remaining Plaintiff States to submit evidence of injury now—after 7 years of litigation—it should do so through the normal course of motion practice, not through a citation in the Supplemental Brief.

Part I

In Part I of their second Supplemental Brief, ECF No. 800, Plaintiff States list the substantive challenges and unresolved requests for relief that they allege are not limited by the mandate rule. ECF No. 800 at 5-16. Federal Defendants have addressed these arguments in their supplemental briefs and refer the Court to those papers rather than restating the arguments here. Plaintiff States argue that they are entitled to relief "against the forbearance provisions based only on their independent unlawfulness rather than their inseverability from other unlawful provisions." ECF No. 800 at 7-11. Federal Defendants address this argument at ECF No. 801 at 7-10. Plaintiff States also urge the Court to "universally vacat[e] the forbearance provisions as unlawful under the INA and Take Care Clause and the work authorization provisions as arbitrary

3

and capricious." ECF No. 800 at 12.  Federal Defendants address this argument at ECF No. 801 at 12-13.

Non-Texas Plaintiff States also seek declaratory relief on the Final Rule's benefit provisions.  ECF No. 800 at 11-22.  Federal Defendants address this argument in both Supplemental Briefs (ECF No. 781 at 2-4, ECF No. 801 at 6-11).  The non-Texas Plaintiff States also argue that there is already evidence in the record to establish their injuries. ECF No. 786 at 29-30, ECF No. 800 at 14.  This Fifth Circuit, however, held that the non-Texas Plaintiff States failed to establish injury, which precludes any argument Plaintiffs now make about there being sufficient evidence of injury in the record.  Finally, the non-Texas Plaintiff States rely on *Steffel v. Thompson*, 415 U.S. 452 (1974), to argue that they do not need to demonstrate injury to secure declaratory relief.  Not so.  The Supreme Court in *Steffel* held that the lower court erred "when it ruled that a failure to demonstrate irreparable injury—a traditional prerequisite to injunctive relief, having no equivalent in the law of declaratory judgments, precluded the granting of declaratory relief."  415 U.S. 452 at 472 (internal citations omitted).  The Court did not, however, excuse the petitioner from demonstrating the threshold showing for Article III standing.  415 U.S. at 458.  Rather, the Court held that evidence of "a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied," would not preclude a claim for declaratory relief, regardless of the unavailability of injunctive relief.  415 U.S. at 475.  Here, the Fifth Circuit held that the non-Texas States had not even attempted to demonstrate an actual injury, *Texas v. United States*, 126 F.4th 392, 421 (5th Cir. 2025), thus declaratory relief is also unavailable.

4

Part II

In Part II of the Supplemental Brief, Plaintiff Texas argues that effective relief requires an injunction that precludes DACA status for recipients who either live or work in Texas. ECF No. 800 at 16-18. Federal Defendants address this argument at ECF No. 801 at 3-6.

Part III

In Part III of their Supplemental Brief, Plaintiff States argue that lifting the Court's stay and ordering a prompt wind down of the DACA program is appropriate. ECF No. 800 at 18-20. Federal Defendants address this argument at ECF No. 801 at 13.

Part IV

In Part IV of their Supplemental Brief, Plaintiff States ask the Court to defer modification of the permanent injunction until issuance of a final judgment. ECF No. 800 at 20. Plaintiff States contend that "[r]estricting injunctive relief to Texas while Plaintiff States' other claims remain pending would temporarily resume processing of new applicants, thereby unnecessarily creating additional reliance interests should this Court later enter further relief." *Id*. Federal Defendants' position is that the non-Texas Plaintiff States are not entitled to relief because they have not demonstrated standing, and the Court may proceed with conforming the injunction to the modifications the Fifth Circuit made and as explained in Federal Defendants' Supplemental Briefs.

Conclusion

For the reasons stated in Federal Defendants' Supplemental Briefs, ECF Nos 781 and 801, and the reasons above, the Court should conform the injunction as requested by the Federal Defendants and decline to broaden the vacatur order.

Dated: November 24, 2025

DANIEL HU
Assistant U.S. Attorney
Office of the U.S. Attorney
for the Southern District of Texas
1000 Louisiana, Ste 2300
Houston, TX 77002
Phone: (713) 567-9518
Fax: (713) 718-3303
Email: daniel.hu@usdoj.gov

*Local Counsel for Federal Defendants*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

AUGUST E. FLENTJE
Senior Counsel

ANTHONY P. NICASTRO
Acting Director

GLENN GIRDHARRY
Acting Deputy Director

JAMES J. WALKER
Senior Litigation Counsel

SARAH MALONEY
Trial Attorney

*/s/ William C. Silvis*
WILLIAM C. SILVIS (DC 485572)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-4693
Fax: (202) 305-7000
E-mail: william.silvis@usdoj.gov

*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 24, 2025, this document was filed electronically with the Clerk of the Court using the CM/ECF system, which should automatically send notification of this filing to all counsel of record.

Dated:   November 24, 2025                    */s/ William C. Silvis*
                                              WILLIAM C. SILVIS